**WILLKIE FARR & GALLAGHER LLP**
Benedict Y. Hur (SBN: 224018)
bhur@willkie.com
Simona Agnolucci (SBN: 246943)
sagnolucci@willkie.com
Jayvan E. Mitchell (SBN: 322007)
jmitchell@willkie.com
Amanda Maya (SBN: 324092)
amaya@willkie.com
One Front Street, 34th Floor
San Francisco, CA 94111
Telephone: (415) 858-7400
Facsimile: (415) 858-7599

*Attorneys for Defendant Google LLC*

**BOIES SCHILLER FLEXNER LLP**
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile: (415) 999 9695

**SUSMAN GODFREY L.L.P.**
William Christopher Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

**MORGAN & MORGAN**
John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505

*Attorneys for Plaintiffs; additional counsel listed in signature blocks below*

**UNITED STATE DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIBAL RODRIGUEZ and JULIEANNA MUNIZ, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC and ALPHABET INC.,<br><br>Defendants. | Case No. 3:20-cv-4688-RS<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Hon. Richard Seeborg<br><br>Date: Thursday, October 15, 2020<br><br>Time: 10:00 a.m.<br><br>Place: Courtroom 3 – 17th Floor |

CASE NO. 3:20-cv-4688-RS
JOINT CASE MANAGEMENT STATEMENT

Pursuant to Federal Rule of Civil Procedure 16, Civil Local Rules 16-9 and 16-10, the Standing Order for All Judges of the Northern District of California, the Court's Order of July 28, 2020 (Dkt. No. 30), and in advance of the Case Management Conference set by the Court for Thursday, October 15, 2020, at 10:00 a.m., Plaintiffs and Defendant, Google LLC ("Google"), have met and conferred and hereby submit this Joint Case Management Statement and Federal Rule 26(f) Report.  This Joint Case Management Statement follows the parties' Rule 26(f) conference initially held on September 23, 2020, as well as subsequent meetings on September 29 and 30, 2020.

## I.     JURISDICTION AND SERVICE

The parties agree that this Court has subject matter jurisdiction pursuant to the Federal Wiretap Act, 18 U.S.C. § 2511, and under 28 U.S.C. §§ 1331 and 1367.  There are no issues pending regarding personal jurisdiction.  Google does not plan to contest venue in this district.  Google has been served.

However, Google may file a Rule 12(b)(1) motion, on the basis that Plaintiffs have not alleged Article III standing.  Plaintiffs disagree.

## II.    FACTS

<u>Plaintiffs' Statement</u>:  Plaintiffs allege that Google unlawfully intercepts and tracks user communications, collecting user information, app browsing history, and app activity data regardless of any safeguards consumers undertake to protect their data privacy (including by turning off their "Web & App Activity" tracking).

Google does this collection without disclosure or consent through its Firebase Software Development Kit ("Firebase SDK"), in contravention of its own representations.  Google's Privacy Policy states that consumers "can adjust [their] privacy settings to control what [Google] collect[s] and how [their] information is used." Dkt. No. 1 ¶ 45.  Google further represents that users can stop Google from saving information such as their activity on sites and apps that use Google services by turning off Web & App Activity.  *Id.* ¶ 49.  Those Google representations are false, and Google illegally collects and uses this information for its own financial benefit despite

1  Plaintiffs' attempts to protect their privacy by following Google's own representations regarding
2  what it will not collect.

3  Google's actions constitute violations of the Federal Wiretap Act, 18 U.S.C. § 2510 *et
4  seq.*; the California Invasion of Privacy Act ("CIPA"), California Penal Code §§ 631 & 632;
5  California Penal Code § 502 (the "Comprehensive Computer Data Access and Fraud Act")
6  ("CDAFA"); and California's constitutional right to privacy.

7  <u>Google's Statement:</u> Firebase SDK is a Google software development kit that some app
8  developers choose to integrate into their apps in order to better understand their users' actions
9  within a specific app. Firebase uses Google Analytics, which is a free analytics solution that
10 provides app developers with reporting and analysis regarding how users use their respective
11 apps.

12  Plaintiffs allege that when they turned off the Web & App Activity ("WAA") setting in
13 their Google Accounts, this somehow prevented Google from receiving data through Firebase
14 about the apps they visited. Setting aside that Plaintiffs mischaracterize WAA's disclosures, the
15 apps separately provided Google with consent to collect data about user activities on the apps,
16 and the users themselves separately provided consent to the apps to allow Google to collect the
17 information. Therefore, every claim fails because Plaintiffs consented to the allegedly wrongful
18 data collection.

19  Plaintiffs' claims also lack merit for specific reasons. The federal Wiretap Act claim
20 (Count I) fails even if Plaintiffs had not consented to Google's collection of their data, because
21 that statute only requires consent from one party, which the apps provided. The California
22 statutory and Constitutional invasion of privacy claims (Counts II and III respectively) fail
23 because Plaintiffs have not plausibly pled what information Google collected, how they have a
24 privacy interest in that information, nor how they could continue to have an interest where they
25 consented to let Google collect it. Finally, the CDAFA claim (Count IV) fails because it is
26 implausible that Google could have violated CDAFA (which requires that a defendant circumvent
27 a technical or code-based barrier to access the data at issue) by collecting data from apps using
28 the Firebase software, which app developers integrated into their apps for that very purpose.

## III. LEGAL ISSUES

<u>Plaintiffs' Statement</u>: Below is a summary of the principal legal issues raised by Plaintiffs' case:

- Whether Google represented that the Class could control what communications of user information, app browsing history, and app activity data were intercepted, received, or collected by Google, including through Firebase SDK;
- Whether Google has violated privacy laws, regulations, and requirements – including agreements with regulators – through its use of Firebase SDK;
- Whether Google gave the Class a reasonable expectation of privacy that their communications of user information, app browsing history, and app activity data were not being intercepted, received, or collected by Google while "Web & App Activity" was turned off;
- Whether Google in fact intercepted, received, or collected communications of user information, app browsing history, and app activity from the Class while "Web & App Activity" was turned off;
- Whether Google's practice of intercepting, receiving, or collecting communications of user information, app browsing history, and app activity violated state and federal privacy laws including, *inter alia*, the Federal Wiretap Act, 18 U.S.C. § 2520(a); sections 631 and 632 of the CIPA; the CDAFA, California Penal Code § 502; and the right to privacy under the California Constitution, Art 1, § 1;
- Whether Google's practice of intercepting, receiving, or collecting communications of user information, app browsing history, and app activity violated state and federal anti-wiretapping laws including, *inter alia*, the Federal Wiretap Act, CIPA, and CDAFA;
- Whether Google's practice of intercepting, receiving, or collecting communications of user information, app browsing history, and app activity violated any other state and federal laws, including prior consent decrees;

- Whether Plaintiffs and the Class are entitled to declaratory and/or injunctive relief to enjoin the unlawful conduct alleged in their Complaint;
- Whether Plaintiffs and the Class have sustained damages as a result of Google's conduct, and if so, what is the appropriate measure of damages or restitution; and
- Whether a class should be certified under Federal Rule of Civil Procedure 23.

Google's Statement:

- Whether the consent of users (including Plaintiffs) and developers of the apps identified by Plaintiffs in the Complaint is fatal to each claim;
- Whether Google's alleged conduct violated the Federal Wiretap Act despite consent from the apps;
- Whether Google's alleged conduct violated California statutory and Constitutional invasion of privacy laws, including whether Plaintiffs have pled what information was collected, what privacy interest they have in the information at issue and whether collecting that information constituted an egregious breach of social norms;
- Whether Google violated CDAFA, including whether Google's collection of Plaintiffs' app use data using Firebase, which developers integrated into their apps for that very purpose, amounted to circumvention of technical or code-based barriers put in place to prevent unauthorized access to such data;
- Whether Google's conduct amounted to unjust enrichment; and
- Whether Google suffered any harm or damages as a result of the complained-of conduct;
- Whether a class action may be maintained under Fed. R. Civ. P. 23.

The parties reserve the right to supplement this list.

## IV.    MOTIONS

Pending Motions:

The parties have twice stipulated for an extension of time for Google to file a response to Plaintiffs' Complaint. Dkt. Nos. 33, 35. Google's current date to file a response to Plaintiffs' Complaint is October 13, 2020. Dkt. No. 35. The parties anticipate stipulating to a similar

extension of time for Plaintiffs to respond to any Google filing, either by way of an opposition to any motion to dismiss or an amended complaint.

Anticipated Motions:

Plaintiffs intend to file a motion for class certification and possibly a motion for summary judgment.

Google intends to file a motion to dismiss. If the case survives, Google will file a motion for summary judgment. Google will oppose Plaintiffs' motion for class certification.

## V. AMENDMENT OF PLEADINGS

Plaintiffs' Statement: Plaintiffs believe that their Complaint is well-plead, and not subject to a motion to dismiss. Nonetheless, depending on Google's response to the Complaint, Plaintiffs reserve their right to file an amended complaint to expedite the adjudication of this case.

Google states that it requests a "Rule 15 amendment deadline of February 15, 2021." Plaintiffs' object to this deadline as unnecessary and premature, particularly in light of (1) Google's repeated extensions of time to respond to the Complaint and (2) the fact that the case is in the very earliest stages of discovery.

Google's Statement: Google requests a Rule 15 amendment deadline of February 15, 2021.

## VI. EVIDENCE PRESERVATION

The parties have agreed to preserve all evidence that may be relevant to this action. The parties have also reviewed and familiarized themselves with the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), as well as the Northern District of California's Checklist for ESI Meet and Confer. Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the parties have discussed generally the preservation of evidence relevant to reasonably evident issues. The parties anticipate that electronically-stored information ("ESI") will be subject to discovery, and they are actively meeting and conferring for the purposes of developing a joint protocol for the production of ESI. The parties reasonably anticipate stipulating to a protocol governing ESI discovery in this matter based upon the form of

this Court's Model Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation.

## VII.   DISCLOSURES

The parties conferred pursuant to Rule 26(f) on September 23, 2020, and September 29 and 30, 2020, and they have agreed to serve the information required by Fed. R. Civ. P. 26(a)(1) by no later than October 27, 2020.

## VIII.  DISCOVERY

### A.   Discovery Propounded to Date

No discovery has been propounded as part of this litigation to date.

### B.   Timing of Discovery Commencement

Plaintiffs' Statement:  Consistent with other litigation before this Court, Plaintiffs do not believe any discovery stay is warranted in this case.  Within this district, "a pending motion to dismiss does not typically stay discovery." *Mandel v. Bd. of Trustees of California State Univ.*, No. 17-CV-03511, 2018 WL 1242067, at *24, n. 19 (N.D. Cal. Mar. 9, 2018) (Orrick, J.). Plaintiffs intend to work with Google to ensure that discovery proceeds in an efficient and targeted manner, beginning with certain document discovery, and Plaintiffs hope to limit the number of discovery issues that need to be raised with the Court.  Indeed, Judge Koh, who is currently presiding over *Brown v. Google LLC*, 5:20-cv-03664-LHK, which is a class action against Google involving privacy claims relating to private mode browsing, recently denied Google's motion to stay discovery.

Plaintiffs wish to begin discovery in this action with production of documents and information Google has already collected and produced in other litigations and investigations relevant to this case.  Such information has already been collected, reviewed, and processed for production, and thus may be produced easily in this litigation with no meaningful burden to Google.

Plaintiffs believe Google should produce to Plaintiffs any documents that Google previously produced to investigating government agencies and regulators concerning the persistent tracking and collection of user data, which would include documents concerning any

Google's disclosures and consent tied to such collection. Plaintiffs have requested that Google immediately produce the documents (and associated privilege logs) they provided to and correspondence with government agencies—including domestic[1] and international[2] governmental agencies—in connection with their investigations of Google's data-persistent collection practices involving the technology at issue in this case, and Google's presentation of user controls to allegedly limit such collection.

Such production will be neither burdensome nor costly, as it requires little more than making a copy of the discs or storage devices on which such productions are already contained. Producing these documents now will avoid unnecessary delay in conducting and may assist Plaintiffs in tailoring their follow-on discovery efforts. Plaintiffs request that the documents described above—with the exception of any third-party documents the production of which requires notice to such third parties—be provided to Plaintiffs by Google no later than two days after the entry of the Protective Order. Any third-party documents covered by Google's confidentiality obligations to such third parties should be produced promptly following the completion of the notice and objection process that will be outlined in the Protective Order. To the extent any third-party information in these pleadings is covered by Google's confidentiality obligations to such third-parties, this information should be provided promptly following the completion of a notice and objection process that will be outlined in the Protective Order.

///
///
///
///
///

---

[1] *See, e.g.*, https://www.cdrinfo.com/d7/content/google-pauses-chrome-updates-firebase-app-tools-under-investigation (reporting that "Google's Firebase, a set of software that Google makes available to apps developers, are reportedly under investigation by state attorneys general and the United States Department of Justice . . . .").

[2] *See, e.g.*, https://techcrunch.com/2020/06/19/french-court-slaps-down-googles-appeal-against-57m-gdpr-fine/ (discussing France's recent investigation and findings regarding deceptive Android controls on Google's collection of consumer data on mobile).

Google's Statement:  Given the fatal flaws in Plaintiffs' Complaint, discovery should be stayed pending the outcome of Google's motion to dismiss. At a minimum, given that Plaintiffs have suggested that they may amend the complaint and will seek more time to make that election, the Court should stay discovery at least until the parties know whether the currently-filed complaint is operative.

Moreover, the discovery Plaintiffs seek is overbroad.  Plaintiffs request that Google produce "any documents that Google previously produced to investigating government agencies and regulators concerning the persistent tracking and collection of user data." Such a request is not proportional to the needs of the case and relevant to a party's claim or defense. *See* Fed. R. Civ. P. 26(b)(1). Plaintiffs do not purport to know what information was produced to investigating government agencies or regulators, nor do Plaintiffs identify such government agencies or regulators. But Plaintiffs asks the Court to order Google to turn over the entirety of any such production. Plaintiffs are in effect asking the Court to sanction an improper fishing expedition.

The complaint here is limited to Firebase SDK—which is a product not even provided to consumers—and the Web & App Activity setting, which has a limited set of disclosures.  The documents Plaintiffs have requested in all of the existing U.S. and international investigations would far exceed the scope of permissible discovery here.

### C.     Scope of Anticipated Discovery

Plaintiffs' Statement:  Plaintiffs will seek documentary and testimonial discovery from Google regarding, among other things, how Google intercepts, tracks, collects, stores, and uses communications of user information, app browsing history, and app activity, including Google source code; Google's monetization of user data, including through aggregation and analysis of communications of user information, app browsing history, and app activity; the applications that implement and use the Firebase functionality; and Google's revenues, profits, and other benefits from the alleged conduct.

Plaintiffs believe that they are entitled to the full history of Firebase SDK, including all public and non-privileged internal statements about Firebase's data collection practices and

consumers' ability to limit Google's data collection, and regulatory responses relating to the same. Plaintiffs believe that Google has been subject to multiple inquiries about Firebase SDK already, and Google's filings, responses, and documents produced are relevant to material issues in this case.

Plaintiffs also intend to seek documentary and testimonial discovery from non-parties, including Google's current and former customers and users of Google products including Firebase SDK, Google Analytics, Google Ads and Ad Manager, Android OS, and various other application and website plug-ins.

Google's Statement: To the extent it becomes necessary, Google intends to seek written discovery and depositions from Plaintiffs regarding, *inter alia*, when the Plaintiffs turned off WAA, why they did so when purportedly using certain apps that utilize Firebase, which (if any) disclosures they read, which apps they used, which devices they used, their Google account settings and any harm they purportedly suffered from the alleged acts in the complaint. Google may seek third-party discovery from apps regarding communications with users.

### D. Protective Order

The parties intend to negotiate a stipulated protective order.

### E. Proposed Limitations or Modifications to the Discovery Rules

*Depositions.*

Plaintiffs' Statement: Given the complexity of the case, Plaintiffs believe that more than 10 depositions may be necessary. Plaintiffs will review discovery, focus their deposition practice, and should they anticipate a need to depart from the 10 deposition presumption limit, they will confer with Google in good faith.

Google's Statement: Google proposes that the Court maintain the discovery limits imposed by the FRCP.

*Document Subpoenas to Non-Parties.* The parties agree as follows with respect to non-parties producing materials in response to Fed. R. Civ. P. 45 document subpoenas in this action: The issuing party shall request that non-parties simultaneously produce materials to both Plaintiffs and Google. If, notwithstanding such request, the non-party does not produce the

materials to both sides, the issuing party shall provide a copy of all materials to the other side within three business days after receipt of the materials from the non-party, subject to any limitations in the Protective Order. If a party modifies or extends the time to respond to a Fed. R. Civ. P. 45 document subpoena (whether orally or in writing), it shall simultaneously notify the other party of that that extension, modification, or explanation, including providing copies of any written agreements regarding modification or extension.

*Expert Discovery*. The parties agree that expert disclosures, including each side's expert reports, shall comply with the requirements of Federal Rule of Civil Procedure 26(a)(2), except as modified herein. Neither side must preserve or disclose, including in expert deposition testimony, the following documents or materials: (i) any form of communication or work product shared between any of the parties' outside litigation counsel and such party's expert(s) or consultant(s), or between any of such party's experts or consultants themselves; (ii) any form of communication or work product shared between an expert and persons assisting the expert; (iii) expert's notes, unless they are expressly relied upon and/or cited in support of an opinion or fact; or (iv) drafts of expert reports, analyses, or other work product. The parties shall disclose the following materials in connection with all expert reports: (a) a list by Bates number of all documents relied upon by the testifying expert(s); (b) copies of any materials relied upon by the expert not previously produced or otherwise generally available; (c) for any calculations appearing in the report, all data and programs underlying the calculation, including all programs and codes necessary to recreate the calculation from the initial ("raw") data files; and (d) information regarding all compensation to be paid for the study and testimony in the case.

*Service*. Service of any documents not filed via ECF, including pleadings, discovery requests, subpoenas for testimony or documents, expert disclosure, and delivery of all correspondence, whether under seal or otherwise, shall be by email to all attorneys for the receiving party; the parties will provide each with "service lists" that can be used to serve documents. Service by email will be treated as service by U.S. mail. Where voluminous documents are not practicably transmitted by email, the parties further agree to accept service by other reasonable and mutually agreed electronic means so long as the sender provides sufficient

1  instructions on how to access the documents, and confidential information is secure.  The parties
2  further agree that a document is deemed served on a particular day if it (or an email providing
3  access to it) is received by 11:59 p.m. Pacific Time on that calendar day.

      **F.**     **Report on Planned Stipulated E-Discovery Order**

The parties intend to negotiate a stipulated ESI Order.

      **G.**     **Proposed Discovery Plan**

The parties' respective proposals regarding the timing of discovery are set forth in Section XVII (Proposed Case Schedule) below.

      **H.**     **Current Discovery Disputes**

<u>Plaintiffs' Statement</u>:  Plaintiffs believe that Google's responses to regulators worldwide regarding its controls for consumers to limit Google's data collection, including data collected by Google's Firebase SDK, is relevant and pertinent in the litigation, especially given Google has been repeatedly required to give consumers clear controls over whether their data and communications may be collected and used by Google.  Google has repeatedly stated that it will respect consumer choice, including in statements to regulators, and such interactions are probative for issues such as whether Google acted unlawfully, willfully, and with reckless disregard in order to maximize its own commercial profits.

<u>Google's Statement</u>:  There are no current discovery disputes.

**IX.  CLASS ACTIONS**

The parties have reviewed the Procedural Guidance for Class Action Settlements.

<u>Plaintiffs' Statement</u>:  Plaintiffs propose that two classes be certified pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), 23(b)(3), and/or 23(c)(4), and intend to file a motion for class certification on a schedule to be set by the Court for the following classes:

- Class 1 – All individuals who during the Class Period (defined as the period after Google first offered users the ability to turn off "Web & App Activity" tracking and through the present) (a) turned off "Web & App Activity," and (b) whose mobile app activity was still tracked by Google via Firebase SDK through a non-Google branded mobile app, (c) on an Android OS mobile device.

- Class 2 – All individuals who during the Class Period (a) turned off "Web & App Activity," and (b) whose mobile app activity was still tracked by Google via Firebase SDK through a non-Google branded mobile app, (c) on any non-Android OS mobile device.

Excluded from the classes are: (1) the Court (including any Judge or Magistrate presiding over this action and any members of their families); (2) Google, its subsidiaries, parents, predecessors, successors and assigns, including any entity in which any of them have a controlling interest and its officers, directors, employees, affiliates, legal representatives; (3) persons who properly execute and file a timely request for exclusion from the classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel, Class counsel and Google's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

Plaintiffs contend the classes meet all of the requirements set forth in Rule 23. Plaintiffs' claims are typical of the claims of all other members of the proposed classes because they were uniformly affected by Google's wrongful conduct in violation of federal and state law. Plaintiffs will fairly and adequately protect the interests of the members of the proposed classes, as they have retained counsel who are competent and experienced in class litigation, including nationwide class actions and privacy violations. Plaintiffs and their counsel have no interests that conflict with, or are otherwise antagonistic to the interests of the members of the proposed classes, they are committed and have the resources to vigorously prosecute this action on behalf of the members of the proposed classes. Plaintiffs also contend a class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members of the proposed classes is impracticable. The proposed class action presents fewer management difficulties than individual litigation, and provides the benefits of a single adjudication, economies of scales, and comprehensive supervision by this qualified Court. Furthermore, as the damages individual members of the proposed classes have suffered may be relatively small, the expense and burden of individual litigation make it impossible for members

of the proposed classes to individually redress the wrongs done to them through Google's conduct.

Google's Terms of Service also compel application of California law, which states "California law will govern all disputes arising out of or relating to the[] terms, service specific additional terms, or any related services, regardless of conflict of laws rules. These disputes will be resolved exclusively in the federal or state courts of Santa Clara County, California, USA, and you and Google consent to personal jurisdiction in those courts." By choosing California law for the resolution of disputes covered by its Terms of Service, Google concedes that it is appropriate for this Court to apply California law to the instant dispute.

Further, California's substantive laws may be constitutionally applied to the claims of Plaintiffs and the proposed classes under the Due Process Clause, *see* U.S. CONST. amend. XIV, § 1, and the Full Faith and Credit Clause, *see* U.S. CONST. art. IV, § 1, of the U.S. Constitution. California has significant contact, or significant aggregation of contacts, to the claims asserted by Plaintiffs and all members of the proposed classes, thereby creating state interests that ensure that the choice of California state law is not arbitrary or unfair. Google's decision to reside in California and avail itself of California's laws, and to engage in the challenged conduct from and emanating out of California, renders the application of California law to the claims herein constitutionally permissible. The application of California laws to the proposed classes is also appropriate under California's choice of law rules because California has significant contacts to the claims of Plaintiffs and the proposed classes, and California has a greatest interest in applying its laws here.

Google's Statement: Google does not believe that any class should be certified. Google proposes a schedule for discovery and briefing class certification below.

**X.     RELATED CASES**

None.

**XI.    RELIEF**

Plaintiffs' Statement: Plaintiffs, on behalf of themselves and all others similarly situated, seek damages to the maximum extent authorized by applicable federal and state law, including

punitive damages, disgorgement of profits, unjust enrichment damages, and restitution. Plaintiffs also seek injunctive and declaratory relief, as well as attorneys' fees and costs.

<u>Google's Statement:</u> Google denies that Plaintiffs are entitled to any relief.

## XII. SETTLEMENT AND ADR

No settlement discussions have taken place. Pursuant to ADR Local Rule 3-5 and Civil Local Rule 16-8, on September 23, 2020, the parties met and conferred regarding the available dispute resolution options and have filed or will file shortly their respective ADR Certifications.

## XIII. CONSENT TO MAGISTRATE FOR ALL PURPOSES

Plaintiffs respectfully declined to proceed before a Magistrate Judge.

## XIV. OTHER REFERENCES

None.

## XV. NARROWING OF ISSUES

The parties will consider issues that can be narrowed by agreement or by motion, as well as potential means to expedite the presentation of evidence at trial.

## XVI. EXPEDITED TRIAL PROCEDURE

The parties agree that this case is not suitable for handling under the Expedited Trial Procedure of General Order No. 64.

## XVII. PROPOSED CASE SCHEDULE

The parties' respective proposals regarding the case schedule are set forth in <u>Exhibit A</u>, attached hereto.

## XVIII. TRIAL

This case will be decided by a jury trial.

<u>Plaintiffs' Statement:</u> Plaintiffs currently estimate the trial in this case to last approximately 15 days.

<u>Google's Statement:</u> Google estimates that trial will require approximately 10 court days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

<u>Plaintiffs' Statement</u>: Plaintiffs state that there are no non-party interested entities.

<u>Google's Statement:</u> Google has filed its Certificate of Interested Entities. Dkt. No. 32.

**XX.   PROFESSIONAL CONDUCT**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**XXI.   OTHER ISSUES**

The parties believe that the following procedures will facilitate the expeditious, economical, and just resolution of this action:

    **A.   Quarterly Status Conferences**

Plaintiffs' Statement: A complex privacy class action presents special case management issues, in particular the efficient and timely completion of discovery. Given the issues likely to arise in the course of litigating this matter, Plaintiffs believe that this action would benefit from quarterly status conferences in person or by telephone on dates and at times convenient for the Court. *See* Manual for Complex Litigation, Fourth § 11.22 (2004). To the extent such status conferences are held, the parties would propose jointly filing a Status Conference Report seven days in advance of a scheduled Status Conference setting forth what issues, if any, there are for discussion with or resolution by the Court.

Google's Statement: Google does not object to quarterly status conferences but does not think it necessary to burden the Court unless the parties later determine that they would benefit from such conferences.

DATED: October 8, 2020        SUSMAN GODFREY L.L.P.

                                    By:  /s/ *Amanda Bonn*
                                          Amanda Bonn (CA Bar No. 270891)
                                          abonn@susmangodfrey.com
                                          1900 Avenue of the Stars, Suite 1400
                                          Los Angeles, CA 90067
                                          Telephone: (310) 789-3100

                                          William Christopher Carmody (pro hac vice)
                                          bcarmody@susmangodfrey.com
                                          Shawn J. Rabin (pro hac vice)
                                          srabin@susmangodfrey.com
                                          Steven Shepard (pro hac vice)
                                          sshepard@susmangodfrey.com
                                          1301 Avenue of the Americas, 32nd Floor

New York, NY 10019
Telephone: (212) 336-8330

BOIES SCHILLER FLEXNER LLP
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
Alexander Justin Konik (CA Bar No. 299291)
akonik@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

James W. Lee (pro hac vice)
jlee@bsfllp.com
Rossana Baeza (pro hac vice)
rbaeza@bsfllp.com
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

Jesse Panuccio (pro hac vice)
jpanuccio@bsfllp.com
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

MORGAN & MORGAN
John A. Yanchunis (pro hac vice)
jyanchunis@forthepeople.com
Ryan J. McGee (pro hac vice)
rmcgee@forthepeople.com
Ra Olusegun Amen (pro hac vice)
ramen@forthepeople.com
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505

*Attorneys for Plaintiffs*

| | | |
|---|---|---|
| 1 | DATED: October 8, 2020 | WILLKIE FARR & GALLAGHER, LLP |
| 2 | | |
| 3 | | By: /s/ *Benedict Y. Hur*<br>    Benedict Y. Hur (SBN: 224018) |
| 4 | | bhur@willkie.com<br>    Simona Agnolucci (SBN: 246943) |
| 5 | | sagnolucci@willkie.com<br>    Jayvan E. Mitchell (SBN: 322007) |
| 6 | | jmitchell@willkie.com<br>    Amanda Maya (SBN: 324092) |
| 7 | | amaya@willkie.com<br>    One Front Street, 34th Floor |
| 8 | | San Francisco, CA 94111<br>    Telephone: (415) 858-7400 |
| 9 | | Facsimile: (415) 858-7599 |
| 10 | | |
| 11 | | *Attorneys for Defendant Google LLC* |

# **EXHIBIT A**

| Scheduled Event | Plaintiffs' Proposal | Google's Proposal |
|---|---|---|
| Google Produces materials provided to State of Arizona and other state/federal investigators | Within two days of the entry of a Case Management Order | This is not an appropriate category for the case schedule |
| Google's Response to Plaintiffs' Complaint | October 13, 2020 | October 13, 2020 |
| Plaintiffs' Response to Google Motion to Dismiss[3] | November 13, 2020 | |
| Google's Reply in Support of Motion to Dismiss | December 4, 2020 | |
| Hearing on Motion to Dismiss | TBD | |
| Close of Fact Discovery | | |
| Plaintiffs' Opening Expert Reports | December 13, 2021 | December 13, 2021 |
| Plaintiffs' Motion for Class Certification | January 14, 2022 | January 14, 2022 |
| Google's Expert Reports | February 14, 2022 | February 14, 2022 |
| Google's Opposition to Motion for Class Certification | March 14, 2022 | March 14, 2022 |
| Plaintiff's Rebuttal Expert Reports | April 14, 2022 | April 14, 2022 |
| Plaintiffs' Reply in support of Motion for Class Certification | April 28, 2022 | April 28, 2022 |

---

[3] In the event Plaintiffs' responds to Google's motion to dismiss by filing an amended complaint, the parties will endeavor to propose an amended briefing schedule to this Court.

18                                CASE NO. 3:20-cv-4688-RS
JOINT CASE MANAGEMENT STATEMENT

| Scheduled Event | Plaintiffs' Proposal | Google's Proposal |
|---|---|---|
| Hearing on Motion for Class Certification | TBD | |
| Close of Expert Discovery | May 13, 2022 | May 13, 2022 |
| Last Day to File Dispositive Motions and *Daubert* Motions | July 15, 2022 | July 15, 2022 |
| Summary Judgment and *Daubert* Oppositions | August 12, 2022 | |
| Summary Judgment and *Daubert* Replies | September 9, 2022 | |
| Hearing on Dispositive Motions | TBD | |
| Final Pretrial Conference | TBD | |
| Trial | TBD | |