**WILLKIE FARR & GALLAGHER LLP**
Benedict Y. Hur (SBN: 224018)
Simona Agnolucci (SBN: 246943)
Jayvan E. Mitchell (SBN: 322007)
Amanda Maya (SBN: 324092)
One Front Street, 34th Floor
San Francisco, CA 94111
Telephone: (415) 858-7400
Facsimile: (415) 858-7599
bhur@willkie.com
sagnolucci@willkie.com
jmitchell@willkie.com
amaya@willkie.com

Attorneys for
GOOGLE LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO

| | |
|---|---|
| ANIBAL RODRIQUEZ AND JULIE ANNA MUNIZ, individually and on behalf of all other similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE LLC, *et al.*,<br><br>Defendant. | Case No. 3:20-CV-04688<br><br>**DEFENDANT GOOGLE LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>The Honorable Richard Seeborg<br><br>Court:   Courtroom 3 – 17th Floor<br>Date:    December 17, 2020<br>Time:    1:30 p.m. |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to Federal Rule of Evidence ("Rule") 201, Defendant Google LLC hereby respectfully request that the Court take judicial notice of the following materials in support of its Motion to Dismiss, filed concurrently herewith.

1. Google Analytics for Firebase Terms of Service web page, with an effective date of April 17, 2019, along with the publicly-accessible archive of each of the previous versions, attached as Exhibit 1 to the Declaration of Andrew Rope ("Rope Declaration") in support of Google's Motion to Dismiss;

2. Google Analytics for Firebase Use Policy web page, along with the publicly-accessible archive of each of the previous versions, with an effective date of December 20, 2019, attached as Exhibit 2 to the Rope Declaration;

3. Alibaba's Privacy Policy web page, with an effective date of September 14, 2020, along with the publicly-accessible archive of each of the previous versions attached as Exhibit A(1)-(7) to the Declaration of Jayvan E. Mitchell ("Mitchell Declaration"). The current Alibaba Privacy Policy is substantively the same as to the previous versions attached as Exhibit A(2)-(7) in the Declaration of Jayvan E. Mitchell;

4. Lyft's Privacy Policy web page, with an effective date of September 14, 2020, along with the publicly-accessible archive of each of the previous versions attached as Exhibit B(1)-(4) to the Mitchell Declaration. The current Lyft Privacy Policy is substantively the same as to the previous versions attached as Exhibit B(2)-(4) in the Declaration of Jayvan E. Mitchell;

5. Alibaba's Terms of Use web page, with an effective date of September 8, 2020, along with the publicly-accessible archive of each of the previous versions attached as Exhibit C(1)-(3) to the Mitchell Declaration. The active Alibaba Terms of Use policy is substantively the same as to the previous versions attached as Exhibit C(2)-(3) in the

Declaration of Jayvan E. Mitchell ;

6. Lyft's Term of Service web page, with an effective date of November 27, 2019, along with the publicly-accessible archive of each of the previous versions attached as Exhibit D(1)-(3) to the Mitchell Declaration. The active Lyft Terms of Service is substantively the same as to the previous versions attached as Exhibit D(2)-(3) in the Declaration of Jayvan E. Mitchell; and

7. An internet article entitled "Apple removes almost all third-party SDK's from Shazam after making it ad-free," dated February 20, 2019, attached as Exhibit E to the Mitchell Declaration.

## MEMORANDUM OF POINTS AND AUTHORITIES

The documents listed above are properly subject to judicial notice, and the Court should consider them when ruling on Google's motion to dismiss.

### I. LEGAL STANDARD

When ruling on a motion to dismiss, a court may consider material that is appropriate for judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007); *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 999 (9th Cir. 2018). Courts may take judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Facts are not subject to reasonable dispute that (1) are "generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id*.; *see Khoja*, 899 F.3d at 999, 1001; *accord United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Courts in this district recognize that "as a general matter, websites and their contents may be proper subjects for judicial notice" if the party requesting notice provides the court with a copy of the specific web page. *Caldwell v. Caldwell*, No. 05-cv-4166, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006); *see also Perkins v. LinkedIn Corp*., 53 F. Supp. 3d 1190, 1205 (N.D. Cal.

2014) (taking judicial notice of web pages); *Kinderstart.com, LLC v. Google, Inc.*, No. 06-cv-2057 JF (RS), 2007 WL 831806, at *21 n.20 (N.D. Cal. Mar. 16, 2007) (taking judicial notice of a web page printout).

## II. THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE EXHIBITS

### A. The Exhibits are publicly available documents not subject to reasonable dispute, and are relied upon by Plaintiffs' Complaint.

Exhibits 1 and 2 to the Rope Declaration and Exhibits A through E to the Mitchell declaration comprise various privacy and terms of use policies, including Alibaba's, Lyft's, and Google's Analytics for Firebase Terms of Use and Service along with Alibaba's and Lyft's Privacy Policies.  Exhibit E to the Mitchell declaration is a publicly-available news article. The Court can take judicial notice of these documents because they are publicly-available, and are not subject to reasonable dispute. *See, e.g.*, *Caldwell*, 2006 WL 618511, at *4.

Indeed, numerous courts in this district have recognized terms of service, publicly-available news articles, and privacy policies as judicially noticeable. *See Gonzales v. Uber Techs., Inc.*, 305 F. Supp. 3d 1078, 1094 (N.D. Cal. 2018), *on reconsideration*, No. 17-CV-02264-JSC, 2018 WL 3068248 (N.D. Cal. June 21, 2018) (taking judicial notice of Lyft's terms of service); *Opperman v. Path, Inc.*, 84 F. Supp. 3d 962, 976 (N.D. Cal. 2015) (taking judicial notice of the Software License Agreements, Privacy Policy, iOS Human Interface Guidelines, and Apple's App Store Approval Process instructions "as they are publicly available, standard documents that are capable of ready and accurate determination."); *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1070 (N.D. Cal. 2016) (taking judicial notice of several news articles from various sources); *Trudeau v. Google LLC*, No. 18-CV-00947-BLF, 2018 WL 4846796, at *4 (N.D. Cal. Oct. 3, 2018) (taking judicial notice of Google's TOS); *Matera v. Google Inc.*, No. 15-CV-04062-LHK, 2016 WL 5339806, at *7 (N.D. Cal. Sept. 23, 2016) (taking judicial notice of Google's TOS and privacy policy); *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5423918, at *7

(N.D. Cal. Sept. 26, 2013) (taking judicial notice of Google's "terms of service" and "privacy policies"); *In re Google, Inc. Privacy Policy Litig.*, No. C 12-01382 PSG, 2012 WL 6738343, at *3–4 (N.D. Cal. Dec. 28, 2012) (taking judicial notice of Google's "past and present Terms of Service and Privacy Policies" as matters of public record).

### B.     The Incorporation by Reference Doctrine also applies.

In addition, these documents are properly before the Court under the related doctrine of incorporation by reference. Plaintiffs' claims necessarily depend on the terms of the agreement between Google and the apps that use Firebase. *See, e.g.*, Compl. at ¶¶ 45, 108. Similarly, Plaintiffs' claims, which arose while they were using the Lyft, Alibaba and Shazam apps (Compl. at ¶ 94, 97), depend on the argument that they never authorized Firebase to access their data. *See* Compl. at ¶ 99 (alleging Plaintiffs did not authorize collection of data).

The Ninth Circuit has recognized that the incorporation-by-reference doctrine applies in analogous circumstances. In *Knievel*, the court extended the incorporation-by-reference doctrine where "the plaintiff's claim depend[ed] on the contents of a document, the defendant attache[d] the document to its motion to dismiss, and the parties [did] not dispute the authenticity of the document, even though the plaintiff [did] not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see also Khoja*, 899 F.3d at 1002–03 (holding that the district court properly incorporated web articles, market reports, and blog posts that formed the basis of the plaintiff's claims). This doctrine applies with "equal force to internet pages," *Knievel*, 393 F.3d at 1076, and exists in part to prevent "artful pleading by plaintiffs' who "select[] only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims," *Khoja*, 899 F.3d at 1002–03; *see also Knievel*, 393 F.3d at 1076 (reasoning that the doctrine applies to online materials, because "[j]ust as a reader must absorb a printed statement in the context of the media in which it appears, a computer user necessarily views web pages in the context of the links

through which the user accessed those pages").

Given the undisputed nature of the above referenced documents, and Plaintiffs' reliance on them for the claims alleged, the Court can properly consider the various Terms of Use and Service along with Privacy Policies under either Rule 201(b) or the incorporation by reference doctrine.

## III.   CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court take judicial notice of Exhibits 1 and 2 to the Rope Declaration and Exhibits A through E to the Mitchell Declaration.

WILLKIE, FARR & GALLAGHER LLP

Date:  October 13, 2020          By:   */s/ Benedict Y. Hur*
                                       Benedict Y. Hur

                                       Attorneys for Defendant
                                       Google LLC