# EXHIBIT A

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

Jesse Panuccio (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave, NW
Washington, DC 20005
Tel.: (202) 237-2727
Fax: (202) 237-6131
jpanuccio@bsfllp.com

William S. Carmody (admitted *pro hac vice*)
Shawn Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel.: (212) 336-8330
Fax: (212) 336-8340
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA. 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
abonn@susmangodfrey.com

John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| ANIBAL RODRIGUEZ and JULIEANNA MUNIZ individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-cv-04688-RS<br><br>**PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GOOGLE LLC SET ONE** |

7.      The term "PERSON(S)" includes without limitation any natural person, firm, association, organization, partnership, business, trust, corporation, or public entity.  Any reference to a PERSON that is a business entity and is not otherwise defined INCLUDES that PERSON's predecessors, if any (INCLUDING any pre-existing PERSON that at any time became part of that entity after merger or acquisition), successors, parents divisions, subsidiaries, affiliates, franchisors and franchisees, and any other PERSON acting for or on behalf of them.

8.      The term "PLAINTIFFS" means Anibal Rodriguez and JulieAnna Muniz and any other named plaintiffs who might be added to this action.

9.      The term "REGULATORS" includes all government agencies, officials, and employees that have requested documents or information from Google and/or initiated any investigation or action concerning Google's data collection practices and disclosures, including without limitation the Department of Justice, the Federal Trade Commission, the Arizona Attorney General (*State of Arizona ex rel. Mark Brnovich, Attorney General v. Google LLC*, No. CV 2020-006219 (Ariz. Superior Ct. 2020)), the Attorneys General of Texas and California, the Australian Competition & Consumer Commission, and the Commission Nationale de l'Informatique et des Libertés ("CNIL").  For purposes of this request, Documents should be read broadly to include any written responses and privilege logs submitted by Google to the Regulators.

10.     The terms "CONCERNING," "RELATE," or "RELATING TO" INCLUDE addressing, analyzing, concerning, constituting, containing, commenting on, discussing, describing, identifying, in connection with, referring to, reflecting, relating, relating to, reporting on, stating, or dealing with, in whole or in part, in addition to their customary and usual meanings, and shall be construed in the broadest sense possible.

11.     The term "YOU" or "YOUR" means or refers to DEFENDANT GOOGLE LLC, and any of his or their attorneys, agents, representatives, predecessors, successors, assigns, and any PERSONs acting or purporting to act on his or their behalf.

4

(h)    DOCUMENTS should be produced in full, without abbreviation or expurgation, regardless of whether YOU consider the entire DOCUMENT to be relevant or responsive.

(i)    In instances where two or more exact duplicates of any DOCUMENT exist, the most legible copy shall be produced.

6.    **Privilege Log:**  To the extent YOU object to or claim a privilege with respect to any Request in whole or in part, provide the following information for each DOCUMENT and each portion of any DOCUMENT withheld: (a) its Bates Number; (b) its type (e.g., email, memorandum, spreadsheet, text message); (c) any author(s) or sender(s); (d) any recipients; (e) any persons cc'd or bcc'd; (f) its date; (g) whether it was redacted or withheld; (h) the applicable privilege(s) or protection(s); and (i) a brief description of why the privilege(s) or protection(s) justify the redaction or withholding.  For all persons identified as author(s), sender(s), recipient(s), or copyees or blind copyees, identify for each person, her affiliation(s), title(s), and whether she is an attorney.

7.    **Lost Materials**:  If any responsive DOCUMENT was, but no longer is, in YOUR possession, custody, or control, then provide a log that lists for each such DOCUMENT (a) its type (e.g., email, memorandum, spreadsheet, text message); (b) any author(s) or sender(s); (c) any recipients; (d) any persons cc'd; (e) its date; and (f) its subject matter.

8.    **Continuing Obligation**:  These Requests are to be considered continuing in nature, and YOU must promptly furnish supplemental responses if any additional DOCUMENTS or information is discovered or created after YOUR responses are tendered, or if any of YOUR responses are subsequently determined to be incorrect, incomplete, or misleading in any respect.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

All Documents Google has provided to any Regulator since January 1, 2014 concerning Firebase and its collection, interception, tracking, or use of user data, including through or with Google Analytics.

1    **REQUEST FOR PRODUCTION NO. 2:**

2        All written requests Google has received from any Regulator since January 1, 2014

3 concerning Google's privacy practices or Firebase.

4

5                          Respectfully submitted,

6   Dated: October 15, 2020         **BOIES SCHILLER FLEXNER LLP**

7

8                      By:_____

                           Mark C.  Mao

9

10        Mark C. Mao, CA Bar No. 236165
       Beko Reblitz-Richardson, CA Bar No. 238027

11        Alexander Justin Konik, CA Bar No. 299291
       **BOIES SCHILLER FLEXNER LLP**

12        44 Montgomery St., 41st Floor
       San Francisco, CA 94104

13        Tel.: (415) 293-6800
       Fax: (415) 293-6899

14        mmao@bsfllp.com
       brichardson@bsfllp.com

15        akonik@bsfllp.com

16

17        James Lee (admitted *pro hac vice*)
       Rossana Baeza (admitted *pro hac vice*)

18        **BOIES SCHILLER FLEXNER LLP**
       100 SE 2nd St., 28th Floor

19        Miami, FL 33131
       Tel.: (305) 539-8400

20        Fax: (303) 539-1307
       jlee@bsfllp.com

21        rbaeza@bsfllp.com

22        Jesse Panuccio (admitted pro hac vice)

23        **BOIES SCHILLER FLEXNER LLP**
       1401 New York Ave, NW

24        Washington, DC 20005
       Tel.: (202) 237-2727

25        Fax: (202) 237-6131
       jpanuccio@bsfllp.com

26

27        William S. Carmody (admitted *pro hac vice*)
       Shawn Rabin (admitted *pro hac vice*)

28        Steven M. Shepard (admitted *pro hac vice*)

PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
GOOGLE LLC SET ONE, CASE NO.: 3:20-CV-04688-RS

# EXHIBIT B

**WILLKIE FARR & GALLAGHER LLP**
Benedict Y. Hur (SBN: 224018)
Simona Agnolucci (SBN: 246943)
Jayvan E. Mitchell (SBN: 322007)
Amanda Maya (SBN: 324092)
One Front Street, 34th Floor
San Francisco, CA 94111
Telephone:  (415) 858-7400
Facsimile:  (415) 858-7599
bhur@willkie.com
sagnolucci@willkie.com
jmitchell@willkie.com
amaya@willkie.com

Attorneys for
GOOGLE LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO

| | |
|---|---|
| ANIBAL RODRIGUEZ AND JULIEANNA MUNIZ, individually and on behalf of all other similarly situated,<br><br>                              Plaintiffs,<br><br>         vs<br><br>GOOGLE LLC, *et al*.,<br><br>                              Defendants. | Case No.  3:20-CV-04688<br><br>**DEFENDANT GOOGLE LLC'S RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**<br><br>Judge:           Hon. Richard Seeborg<br>Courtroom:    3, 17th Floor<br>Action Filed:  July 14, 2020<br>Trial Date:     Not Set |

PROPOUNDING PARTY:    PLAINTIFFS ANIBAL RODRIGUEZ AND JULIEANNA MUNIZ

RESPONDING PARTY:    DEFENDANT GOOGLE LLC

SET NO.:                ONE

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Federal Rules") and the Civil Local Rules of the United States District Court for the Northern District of California ("Local Rules"), Defendant Google LLC ("Defendant" or "Google") hereby submits these objections and responses to Plaintiffs Anibal Rodriguez and Julieanna Muniz's ("Plaintiffs") First Set of Request for

unduly burdensome or disproportionate to the needs of this Action. Google also objects to the definition as overly broad and unduly burdensome because it purports to include "without limitation" "all government agencies, officials, and employees that have requested documents or information from Google and/or initiated any investigation or action concerning Google's data collection practices and disclosures," "any written responses" and "privilege logs submitted by Google to the Regulators."

23.     Google objects to the definition of "YOU" and "YOUR" as incomprehensible. Google construes "YOU" and "YOUR" to mean Google LLC. Google further objects to this definition to the extent that it purports to include forms of information not discoverable under the Federal Rules, the Local Rules, or any other applicable authority. Google also objects to the definition to the extent that it defines a category of documents in an overbroad manner and/or requests a production of documents, which would be unduly burdensome or disproportionate to the needs of this Action. Google further objects to the extent it seeks information or refers to documents controlled by individuals who are not parties to this litigation and/or which are not within Google's control.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

## REQUEST FOR PRODUCTION NO. 1:

All Documents Google has provided to any Regulator since January 1, 2014 concerning Firebase and its collection, interception, tracking, or use of user data, including through or with Google Analytics.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Google incorporates its general responses and objections as set forth above. Google further objects to this Request on the grounds that: (i) a Protective Order and order concerning the production of ESI have not yet been agreed to or entered in this Action; (ii) it could be read to seek documents protected by the attorney-client privilege and/or the attorney work-product doctrine; (iii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action to the extent it seeks "all" documents Google has provided to "any" regulator over a seven-year period, which is five years longer than the Class Period and almost one year prior to when Google acquired Firebase, rather than

documents targeted to the claims in the Action, and because Plaintiffs' definition of "Regulators" purports to include "without limitation" "all government agencies, officials, and employees that have requested documents or information from Google and/or initiated any investigation or action concerning Google's data collection practices and disclosures," "any written responses" and "privilege logs submitted by Google to the Regulators"; (iv) its scope is overbroad and disproportionate to the needs of the Action and thus any corresponding search and production would be unduly burdensome; (v) it is vague and ambiguous as to the undefined terms "Firebase," "collection," "interception," "tracking," "use" and "user data"; (vi) it seeks trade secrets or highly confidential and proprietary business information, the disclosure of which threatens to harm Google; and (vii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action to the extent that it is unbounded in time and/or seeks documents from a time period unrelated to the operative factual allegations; and (viii) it is premature because Plaintiffs served these Requests almost one month before filing their amended complaint and Google has only two business days to review the amended complaint to evaluate the possible relevance of this Request to the claims and/or defenses at issue in the Action. Google further objects to this Request as overly broad and unduly burdensome because it is not reasonably limited in scope and seeks documents that do not relate to the operative allegations in this Action. Requesting documents solely on the basis that Google produced them in other matters is inconsistent with the permissible scope of discovery under the Federal Rules, which limit discovery to information that is "relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1). The mere fact that Google provided documents in another matter does not *ipso facto* render those documents relevant to or discoverable in this Action. Indeed, the documents provided in another matter are highly likely to include a vast number of documents that are neither relevant nor material to the claims and defenses in this Action. This Request also contravenes the Federal Rules' requirement that the requesting party "describe with particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). The Request is thus not proportional to the needs of this Action, and the burden of the requested discovery outweighs any likely benefit.

DEFENDANT Google LLC'S RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE
Case No.  3:20-CV-04688

1    Subject to and without waiving the foregoing responses and objections, Google will not

2    produce documents responsive to this Request.

3    **REQUEST FOR PRODUCTION NO. 2:**

4    All written requests Google has received from any Regulator since January 1, 2014 concerning

5    Google's privacy practices or Firebase.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

7    Google incorporates its general responses and objections as set forth above. Google further

8    objects to this Request on the grounds that: (i) a Protective Order and order concerning the production

9    of ESI have not yet been agreed to by the parties or entered by the Court in this Action; (ii) it could be

10   read to seek documents protected by the attorney-client privilege and/or the attorney work-product

11   doctrine; (iii) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action to

12   the extent it seeks "all" written requests Google has received from "any" Regulator "concerning

13   Google's privacy practices or Firebase" over a seven-year period rather than documents targeted to

14   the claims in the Action, and because Plaintiffs' definition of "Regulators" purports to include

15   "without limitation" "all government agencies, officials, and employees that have requested

16   documents or information from Google and/or initiated any investigation or action concerning

17   Google's data collection practices and disclosures," "any written responses," and "privilege logs

18   submitted by Google to the Regulators"; (iv) its scope is overbroad and disproportionate to the needs

19   of the Action and thus any corresponding search and production would be unduly burdensome; (v) it

20   is vague and ambiguous as to the undefined terms "Firebase," "privacy practices," and "written

21   requests"; (vi) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action to

22   the extent that it is unbounded in time and/or seeks documents from a time period unrelated to the

23   operative factual allegations; and (vii) it is premature because Plaintiffs served these Requests almost

24   one month before filing their amended complaint and Google has only two business days to review

25   the amended complaint to evaluate the possible relevance of this Request to the claims and/or defenses

26   at issue in the Action. Google further objects to this Request as overly broad and unduly burdensome

27   because it is not reasonably limited in scope and seeks documents that do not relate to the operative

28

allegations in this Action. Requesting documents solely on the basis that they were exchanged in other matters is inconsistent with the permissible scope of discovery under the Federal Rules, which limit discovery to information that is "relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1). The mere fact that Google received certain documents in another matter does not *ipso facto* render those documents relevant to, or discoverable in, this Action. This Request also contravenes the Federal Rules' requirement that the requesting party "describe with particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). The request is thus not proportional to the needs of this Action, and the burden of the requested discovery outweighs any likely benefit.

Subject to and without waiving the foregoing responses and objections, Google will not produce documents responsive to this Request.

Dated: November 16, 2020

WILLKIE FARR & GALLAGHER LLP

By: */s/ Benedict Y. Hur*
    Benedict Y. Hur
    Simona Agnolucci
    Jayvan E. Mitchell
    Amanda Maya

*Attorneys for Defendant Google LLC*