# EXHIBIT A

(h) DOCUMENTS should be produced in full, without abbreviation or expurgation, regardless of whether YOU consider the entire DOCUMENT to be relevant or responsive.

(i) In instances where two or more exact duplicates of any DOCUMENT exist, the most legible copy shall be produced.

6. **Privilege Log:** To the extent YOU object to or claim a privilege with respect to any Request in whole or in part, provide the following information for each DOCUMENT and each portion of any DOCUMENT withheld: (a) its Bates Number; (b) its type (e.g., email, memorandum, spreadsheet, text message); (c) any author(s) or sender(s); (d) any recipients; (e) any persons cc'd or bcc'd; (f) its date; (g) whether it was redacted or withheld; (h) the applicable privilege(s) or protection(s); and (i) a brief description of why the privilege(s) or protection(s) justify the redaction or withholding. For all persons identified as author(s), sender(s), recipient(s), or copyees or blind copyees, identify for each person, her affiliation(s), title(s), and whether she is an attorney.

7. **Lost Materials**: If any responsive DOCUMENT was, but no longer is, in YOUR possession, custody, or control, then provide a log that lists for each such DOCUMENT (a) its type (e.g., email, memorandum, spreadsheet, text message); (b) any author(s) or sender(s); (c) any recipients; (d) any persons cc'd; (e) its date; and (f) its subject matter.

8. **Continuing Obligation**: These Requests are to be considered continuing in nature, and YOU must promptly furnish supplemental responses if any additional DOCUMENTS or information is discovered or created after YOUR responses are tendered, or if any of YOUR responses are subsequently determined to be incorrect, incomplete, or misleading in any respect.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 3:**

Unredacted copies of the filings (including exhibits and attachments) and all discovery from *State of Arizona ex rel. Mark Brnovich, Attorney General v. Google LLC*, No. CV 2020-006219 (Ariz. Superior Ct. 2020).

# EXHIBIT B

1  unduly burdensome or disproportionate to the needs of this Action. Google also objects to the
2  definition as overly broad and unduly burdensome because it purports to include "without limitation"
3  "all government agencies, officials, and employees that have requested documents or information
4  from Google and/or initiated any investigation or action concerning Google's data collection
5  practices and disclosures," "any written responses" and "privilege logs submitted by Google to the
6  Regulators."

7  23.  Google objects to the definition of "YOU" and "YOUR" as incomprehensible. Google
8  construes "YOU" and "YOUR" to mean Google LLC. Google further objects to this definition to
9  the extent that it purports to include forms of information not discoverable under the Federal Rules,
10 the Local Rules, or any other applicable authority. Google also objects to the definition to the extent
11 that it defines a category of documents in an overbroad manner and/or requests a production of
12 documents, which would be unduly burdensome or disproportionate to the needs of this Action.
13 Google further objects to the extent it seeks information or refers to documents controlled by
14 individuals who are not parties to this litigation and/or which are not within Google's control.

## **RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 3:**

Unredacted copies of the filings (including exhibits and attachments) and all discovery from State of Arizona ex rel. Mark Brnovich, Attorney General v. Google LLC, No. CV 2020-006219 (Ariz. Superior Ct. 2020).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Google incorporates its general responses and objections as set forth above. Google further objects to this Request on the grounds that: (i) it is unduly burdensome, overbroad, and disproportionate to the needs of the Action to the extent it seeks "all" discovery from another litigation; (ii) its scope is overbroad and disproportionate to the needs of the Action and thus any corresponding search and production would be unduly burdensome; (iii) it is vague and ambiguous as to the undefined term "discovery"; (iv) it seeks documents that are not relevant to any claim or defense in the Action and thus seeks documents outside the scope of permissible discovery; (v) it is unduly burdensome, overbroad, and disproportionate to the

needs of the Action to the extent that it is unbounded in time and/or seeks documents from a time period unrelated to the operative factual allegations; (vi) it is premature because Plaintiffs served these Requests almost one month before filing their amended complaint and Google has only two business days to review the amended complaint to evaluate the possible relevance of this Request to the claims and/or defenses at issue in the Action; (vii) a Protective Order and order concerning the production of ESI have not yet been agreed to or entered in this Action; and (viii) on its face, that action does not concern Firebase SDK. Google further objects to this Request as overly broad and unduly burdensome because it is not reasonably limited in scope and seeks documents that do not relate to the operative allegations in this Action. Requesting documents solely on the basis that they were produced in discovery in another case is inconsistent with the permissible scope of discovery under the Federal Rules, which limit discovery to information that is "relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1). The mere fact that documents were produced in another matter does not *ipso facto* render them relevant to or discoverable in this Action. Indeed, the documents produced in another matter are highly likely to include a vast number of documents that are neither relevant nor material to the claims and defenses in this Action. This Request also contravenes the Federal Rules' requirement that the requesting party "describe with particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). The Request is thus not proportional to the needs of this Action and the burden of the requested discovery outweighs any likely benefit.

Subject to and without waiving the foregoing responses and objections, Google will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

Documents concerning the purpose and function of Web & App Activity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Google incorporates its general responses and objections as set forth above. Google further objects to this Request because a Protective Order and order concerning the production of ESI have not yet been agreed to or entered in this Action. Google also objects to this Request because it is vague and ambiguous as to "purpose and function of Web & App activity." For purposes of this response, Google construed Web & App Activity to mean the account-level setting called Web & App Activity and that the "function" of

# EXHIBIT C

**From:**
**To:**
**Sent:** Mon, 06 Feb 2017 21:02:51 +0000
**Subject:** Re: user location product excellence
**Cc:**

On Mon, Feb 6, 2017 at 08:53 wrote:

--

On 2 February 2017 at 20:00, wrote:

On Thu, Feb 2, 2017 at 1:56 PM wrote:

> hey         . I'll go ahead and schedule a 1:1 to get some guidance as to how to package all
> of this discussion in one item that's presentable to
> To be clear - Platform Excellence, as I initially conceived of it, is not a Critical User
> Journey. It's a client-facing excellence for               org is in the same
> boat, so to speak. I think I'll follow that track separately from what the CUJs that    is
> our task force is looking at. (unless you guys think we should have a Platform Excellence
> as an entry in that list and focus on internal "users" a la Geo as a Platform). I didn't get the
> sense that the task force is particularly passionate about platforms.

I have the same sense. I'm not sure if I have very good ideas about platform excellence either.

That said, we have Location as a product umbrella that includes Location History, and a bunch of other stuff that's super messy. And it's a Critical User Journey to make sense

out of this mess. This is what I'd like to pursue as part of the task force (and I need help from ▮▮▮ por favor :) ).

▮

▮

On Thu, Feb 2, 2017 at 8:55 AM, ▮▮▮ wrote:

> ▮, regarding your last point, what do you feel we should put together as a vehicle for persuasion to the PE task force?

Should it be questions, answers/proposal, or a sad story about our current state?

On Thu, Feb 2, 2017 at 08:52 ▮▮▮ wrote:

> Very good points. Thanks for carring about it!

I'm adding ▮ and ▮ who have been helping build a robust PE story around user location.

Also, take a look at ▮ - work in progress, trying to rein in the overall mess that we have with regards to data collection, consent, and storage.

I hope we could land on ▮ top 5 as "make user location work and make it simple".

On Thu, Feb 2, 2017 at 08:32 ▮▮▮ wrote:

> I wrote this note on the main thread with ▮

"User location issues. I have trouble framing exactly the CUJ here. I believe users mostly expect that Google knows their precise location when they are using GMM or searching from a mobile device. Yet we often don't know where they are. How can we provide a good location for every user who wants it? How can we be clear and transparent when we don't know precisely where they are? How can we do a great job of respecting people's privacy when they don't want to share their location. Tests: This one feels pretty broad. In fact there's a team in local that has been working across 3 PAs to make progress on the issue."

I think these issues are kind of related to your platform excellence ideas. As I think about it:
- Users expect we know where they are right now almost all of the time.
- Do users with significant privacy concerns understand what data we are saving? Do they know how to control when we store location information?

CONFIDENTIAL                                                                                                  GOOG-GLAZ-00057478

```
From:
To:
Sent:     Tue, 14 Aug 2018 10:36:52 -0700
Subject:  Re: [Industryinfo] AP Exclusive: Google tracks your movements, like it or not
Cc:
```

On Tue, Aug 14, 2018 at 1:50 AM, ▮ wrote:

> There are three location-related settings on Android:
> Location History: this controls whether your location is recorded in your timeline in Google Maps.
>
> Location toggle on the device: simplifying a little, this controls whether GPS is enabled and can be found in the notification pulldown. If this is off, the phone will not attempt to determine its precise location. Most people never turn this off, since it will prevent Maps from telling you where you are.
>
> Web and App Activity: a catch-all for recording search and Assistant query history. If you turn this off, you can't use Assistant.
>
> The complaint in this article is that if you have Web and App Activity enabled and the location toggle enabled, then your search history entries contain your approximate location at the time you made the query. It's also not possible to remove them by clearing your location history, which is counter-intuitive - you have to clear your search history instead.
>
> I believe the complaint of the article is that Google records location information when "Location" is off. The rest of the article is giving an example of the additional information gathered. It is not the primary complaint.
>
> [I hope that commenting on the article proper is still acceptable.]
>
>
> On Tue, Aug 14, 2018, 09:03 ▮ wrote:
>
>> It is a bit complicated, and we might need better messaging.
>> There is a general location tracking for figuring out your home, work locations, and routines (you go to a cafe at the same time every week, then you might get a notification for that etc). This seems to run in the background all time.
>>
>> But there is also a location information passed on with individual requests, like when you search for "Walmart", or ask for weather forecast. each app, search, news, home, etc seem to have a separate setting.
>>
>> There is a valid use case. I might want to keep getting local results, while disabling always on location tracking. Or disable location in weather but keep it in news, etc.
>>
>> ==On Monday, August 13, 2018 at 6:52:57 PM UTC-7, ▮ wrote:==

CONFIDENTIAL

I agree with the article. Location off should mean location off; not except for this case or that case.

==The current UI feels like it is designed to make things possible, yet difficult enough that people won't figure it out. New exceptions, defaulted to on, silently appearing in settings menus you may never see is <redacted>.==

The general concept of what I'd like to see on the location settings :

Location: On/Off (Off disables everything; On enables the ones selected items)
Enable GPS location (on/off)
Enable Bluetooth location (on/off)
Enable Bluetooth to report, even when Bluetooth is off (on/off)
Enable Web/App Activity (on/off)
Enable ... (on/off)

We already have this menu/style for non-Google apps.

- This way the user can see and set, in ONE place all of the items related to location. If users find it useful for all of the bluetooth settings to be together, then have the "enable bluetooth to report location when bluetooth is off" in both menus.

- Btw. Thank you whomever added the option for bluetooth to not respond to queries when bluetooth is off. (It used to respond, thereby giving location information away, even when location and bluetooth were off.)

On Mon, Aug 13, 2018 at 7:06 AM, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ wrote:

> IIRC we've had reports like this in the past on this list but I don't remember major outlets like AP reporting this.

https://apnews.com/828aefab64d4411bac257a07c1af0ecb

---

SAN FRANCISCO (AP) — Google wants to know where you go so badly that it records your movements even when you explicitly tell it not to.

An Associated Press investigation found that many Google services on Android devices and iPhones store your location data even if you've used privacy settings that say they will prevent it from doing so.

Computer-science researchers at Princeton confirmed these findings at the AP's request.

From:
To:
Sent: Tue, 14 Aug 2018 12:45:17 +0200
Subject: Re: [Industryinfo] AP Exclusive: Google tracks your movements, like it or not
Cc:

Although I know how it works and what the difference between "Location" and "Location History" is, I did not know Web and App activity had anything to do with location. Also seems like we are not very good at explaining this to users.

Here is the screenshot from "My activity" setting:

And When You click on Learn More:

cheers

--



This email may be confidential and privileged. If you received this communication by mistake, please don't forward it to anyone else, please erase all copies and attachments, and please let me know that it has gone to the wrong person.
The above terms reflect a potential business arrangement, are provided solely as a basis for further discussion, and are not intended to be and do not constitute a legally binding obligation. No legally binding obligations will be created, implied, or inferred until an agreement in final form is executed in writing by all parties involved.
This sample code is an experimental, unsupported Beta Feature (as such term is defined in the Google DoubleClick Platform Services Terms and Conditions, Advertising Platform Agreement, or Google Services Agreement related to AdX, that is in place between your company and the applicable Google entity that entered into such agreement, whichever is currently in effect (the "Agreement")). This sample code is hereby provided to you by the applicable Google entity that entered into the Agreement. It is provided for your convenience and is intended to model a possible solution.

On Tue, Aug 14, 2018 at 11:28 AM                                                wrote:

Definitely confusing from a user point of view if we need googlers explain it to us :)



  

### Research questions

- Do users comprehend what will happen if they turn on the Web & App activity setting (in the context of an app)?
- Does adding "My Activity" in Activity controls help comprehension?
- Do they understand what happens to their already stored data when they turn it off?

CONFIDENTIAL   GOOG-GLAZ-00126374