UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 20-cv-04688-RS (AGT)<br><br>**ORDER RE: DISCOVERY DISPUTES**<br><br>Dkt. Nos. 74, 75 |

Plaintiffs have moved to compel Google to produce documents responsive to three requests for production. The requests are considered below.

\* \* \*

RFP No. 1: All Documents Google has provided to any Regulator since January 1, 2014, concerning Firebase and its collection, interception, tracking, or use of user data, including through or with Google Analytics.

The Court agrees with Google that the scope of RFP No. 1 is not proportional to the needs of the case. Google estimates that during the targeted seven-year period, it has been subject to approximately one hundred regulatory investigations, taking place around the world. That's a significant number of investigations Google would need to review to respond to RFP No. 1. Plus, it seems probable that Google would be looking for a needle in a haystack, for the company notes that no regulatory investigation during the targeted period has focused specifically on Firebase and user data. Given the large number of documents Google would need to review, and the comparatively small number of relevant documents likely to be found, the Court finds that the burdens of RFP No. 1 outweigh the benefits. Google need not produce documents responsive to this request.

\\

\\

> RFP No. 2: All written requests Google has received from any Regulator since January 1, 2014, concerning Google's privacy practices or Firebase.

Having read the complaint, the Court agrees with Google that "[t]his is a case about a *particular* Google practice, not *any* Google privacy practice." Letter Brief, ECF No. 74 at 5. RFP No. 2 is not tailored to the particular privacy practice at issue; the request uses the disjunctive word "or," seeking documents "concerning Google's privacy practices *or* Firebase." (emphasis added). The request is overbroad, and Google doesn't need to produce documents responsive to it.

> RFP No. 3: Unredacted copies of the filings (including exhibits and attachments) and all discovery from *Arizona v. Google LLC*, No. CV 2020-006219 (Ariz. Superior Ct. 2020).

The Court agrees with Google that RFP No. 3 is also overbroad. The Arizona action and plaintiffs' case have some overlap. They both concern Google's privacy practices. But Google represents (and plaintiffs do not dispute) that many of the Google settings and features at issue in the Arizona case are not at issue here. That means that if Google was required to provide plaintiffs with copies of all discovery from the Arizona action, as requested, Google's production would include documents irrelevant to plaintiffs' case. Plaintiffs don't have a right to those irrelevant documents. *See* Fed. R. Civ. P. 26(b)(1) (limiting the scope of discovery to matters "relevant to any party's claim or defense").

Google does admit that its Web & App Activity feature is at issue in both cases and that it has produced WAA-related documents in the Arizona case. Google contends that those documents are not relevant here, however, because "[t]he allegations about WAA in the Arizona case relate to what is stored in WAA when the setting is *on*, while the allegations in this case are about the data third-party apps collect and send to Google for analysis when WAA is *off*." Letter Brief, ECF No. 75 at 4–5. The Court doesn't find this distinction particularly persuasive and agrees with plaintiffs that "documents describing what happens when WAA is turned on may bear on what happens (or does not happen) when WAA is turned off." *Id.* at 3. Because WAA is at issue in both cases, the Court orders Google to produce unredacted copies of discovery from the Arizona action relating to

WAA.[1]

**IT IS SO ORDERED.**

Dated: February 8, 2021

ALEX G. TSE
United States Magistrate Judge

---

[1] Narrowed in this way, the production will not be "a *carte blanche* production of all documents" that were produced in the Arizona case. *Chen v. Ampco Sys. Parking*, No. 08-CV-0422-BEN (JMA), 2009 WL 2496729, at *2 (S.D. Cal. Aug. 14, 2009).