**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
  sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
  esantacana@willkie.com
LORI C. ARAKAKI (SBN: 315119)
  larakaki@willkie.com

Attorneys for
GOOGLE LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO

| | |
|---|---|
| ANIBAL RODRIGUEZ, *et al.* individually and on behalf of all other similarly situated,<br><br>               Plaintiffs,<br><br>     vs<br><br>GOOGLE LLC, *et al*.<br><br>               Defendant. | Case No.  3:20-CV-04688 RS<br><br>**DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL CUSTODIAN JOINT LETTER BRIEF**<br><br>Judge:        Hon. Richard Seeborg<br>Courtroom:  3, 17th Floor<br>Action Filed: July 14, 2020<br>Trial Date:   Not Set |

I, EDUARDO E. SANTACANA, declare:

1. I am an attorney licensed to practice law in the State of California and am a partner with the law firm of Willkie Farr & Gallagher LLP, located at One Front Street, San Francisco, California 94111, counsel for Defendant Google LLC ("Google") in the above-captioned action. Unless otherwise stated, the facts I set forth in this declaration are based on my personal knowledge or knowledge I obtained through my review of corporate records or other investigation. If called to testify as a witness, I could and would testify competently to such facts under oath.

2. I submit this declaration in support of the Administrative Motion to Seal Portions of Custodian Joint Letter Brief ("Motion to Seal") filed by Plaintiffs (ECF No. 104). I have reviewed Plaintiffs' Motion to Seal and the Civil Local Rules of this Court governing such motions, and submit this supporting declaration under Civil L.R. 79-5(e).

3. Plaintiffs' Motion to Seal seeks to file under seal information submitted in the parties' joint letter brief regarding Plaintiffs' request for Google to search additional custodians' ESI ("Joint Letter Brief"), which is non-dispositive. Because Plaintiffs' Motion to Seal relates to a non-dispositive motion, the documents and information that the parties request to file under seal are not subject to a strong presumption of public access. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Rather, the "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure applies to the material that Plaintiffs' Motion to Seal seeks to withhold from public view. *Id.* at 1179. Civil Local Rule 79-5 further requires that a party seeking to seal information and documents "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(b) . The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.* I submit this declaration to provide additional facts in support of Plaintiffs' Motion to Seal, and to provide facts establishing that the "good cause" standard has been met.

4. Plaintiffs submitted the Declaration of Alexander P. Frawley in support of their Motion to Seal ("Frawley Declaration") (ECF No. 104-1) and a highlighted copy of the Joint Letter Brief (per Civil L.R. 79-5(d)(1)(D)) indicating the specific text within the brief that should

be sealed (ECF No. 104-5). I address the portions of the Joint Letter Brief Plaintiffs seek to seal below. Per the instructions provided on the Northern District of California's website, this declaration is drafted so that it does not contain confidential information and does not need to be filed under seal. See http://www.cand.uscourts.gov/ecf/underseal.

5. There is good cause to seal the highlighted portions of the annotated copy of the Joint Letter Brief (ECF No. 104-5). For purposes of a motion to seal, good cause can be established where confidential business or other proprietary information is contained within the documents. *See, e.g., DSS Tech. Mgmt., Inc. v. Apple, Inc.*, No. 14-CV-05330-HSG, 2020 WL 789549, at *2 (N.D. Cal. Feb. 18, 2020) (finding "that the parties provided good cause for sealing portions of their briefs and attachments because they contain confidential business and proprietary information relating to the operations of Defendant").

6. The highlighted portions of the Joint Letter Brief are narrowly tailored to prevent disclosure of specific, confidential, non-public, and proprietary information regarding Google's technology and business operations. The highlighted portions quote from or otherwise discuss internal communications between Google employees that reveal confidential aspects of Google's business, products, and services. Google considers the details of its non-public technological and business discussions to be highly confidential, and believes that public disclosure of such information would cause competitive harm to Google. There is good cause to seal the highlighted portions of the Joint Letter Brief under the "good cause" standard applicable to non-dispositive motions.

Executed May 10, 2021, at San Francisco, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

        */s/ Eduardo E. Santacana*
        EDUARDO E. SANTACANA