June 1, 2021

**Submitted via ECF**

Magistrate Judge Alex G. Tse
San Francisco Courthouse
Courtroom A - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

       Re:     Joint Letter Brief re: Plaintiffs' 30(b)(6) Deposition
                 *Rodriguez v. Google LLC*, Case No. 3:20-cv-04688-RS (N.D. Cal.)

Dear Magistrate Judge Tse:

      Plaintiffs and Google LLC ("Google") submit this joint letter brief regarding Plaintiffs' request for an order compelling Google to produce one or more witnesses for Plaintiffs' 30(b)(6) deposition, the notice for which was served on March 23. Counsel for the parties met and conferred about this deposition notice by videoconference on May 12. Ex. A is Plaintiffs' 30(b)(6) deposition notice. Ex. B is Google's response to the deposition notice. Ex. C is Plaintiffs' proposed order, and Ex. D is Google's proposed order.

## PLAINTIFFS' STATEMENT

After first ignoring Plaintiffs' 30(b)(6) notice for over a month, Google now refuses to produce any witness to testify about any of the topics. Plaintiffs respectfully request an Order compelling Google to produce one or more witnesses no later than June 18, 2021 to provide testimony on behalf of Google regarding all six topics in Plaintiffs' deposition notice (Ex. A). The deposition notice covers important topics that are relevant to Plaintiffs' claims, focusing on Google's collection, storage, and preservation of users' app activity via Google's Firebase SDK. The notice also seeks foundational information regarding the Google employees with the most knowledge of these topics, which will be useful for guiding discovery.

Unfortunately, it took a joint letter brief for Google to even acknowledge the deposition notice. Plaintiffs served the notice on March 23. Google ignored it for over a month, so Plaintiffs followed up on April 26 to ask for dates and whether Google had any objections. Plaintiffs asked Google to provide any objections by April 30. When Google again failed to respond, Plaintiffs on May 3 sent Google a first draft of this joint letter brief, seeking an Order compelling Google to provide a witness to testify by June 18. That letter brief finally prompted Google to acknowledge the notice, and Google committed to making a "proposal on this issue."[1] Google's subsequent "proposal" was a refusal to provide a witness for any of the noticed topics. Google claimed that "Plaintiffs' topics are not appropriate for a deposition and work best as written discovery requests," and suggested that Plaintiffs instead propound interrogatories. Ex. B at 1.

Google's objection is improper. "The Federal Rules of Civil Procedure do not permit a party served with a Rule 30(b)(6) deposition notice or subpoena request to elect to supply the answers in a written response to an interrogatory." *La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 486 (N.D. Cal. 2012) (citing *Marker v. Union Fidelity Life Ins.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989)). "That is because the two forms of discovery are not equivalent. As many courts have concluded, live testimony from a witness subject to cross-examination is favored over written discovery responses as a means to obtain more complete information." *Al Otro Lado, Inc. v. Wolf*, No. 317CV02366BASKSC, 2020 WL 4336064, at *4 (S.D. Cal. July 27, 2020) (citations and internal quotation marks omitted); *see also id.* (rejecting defendant's offer to submit interrogatory responses in lieu of providing a 30(b)(6) witness, and compelling the defendant to produce a witness).

During the meet and confer, Google retreated from insisting that Plaintiffs propound interrogatories in lieu of taking this deposition. However, Google still refused to produce a witness, this time on the ground that Plaintiffs should wait until after Google finishes producing documents that might be relevant to the topics. But Google at the same time refused to provide a date by which it would do so, even after Plaintiffs pointed out the Federal Rules required Google to have already specified an end date for its productions, and that it had failed to do so. *See* 2015 Adv. Comm. Note to Fed. R. Civ. P. 34(b)(2)(B) ("The production must be completed either by

---

[1] Google's excuse for its tardiness was that the deposition notice did not specify any date. Plaintiffs chose not to specify a date as a courtesy to Google. The notice instead referenced "a date to be agreed upon by the Parties." Ex. A at 2. It is not reasonable for Google to interpret this courtesy as an indication that Plaintiffs did not intend to pursue the deposition.

the time for inspection specified in the request or by another reasonable time specifically identified in the response. When it is necessary to make the production in stages the response should specify the beginning and end dates of the production."); *Ms. J.P. v. Barr*, No. 218CV6081JAKSKX, 2020 WL 4643928, at *1 (C.D. Cal. Jan. 17, 2020) (requiring defendants to "amend their responses to set out a reasonable production schedule with beginning and end dates.").

The upshot is that after ignoring Plaintiffs' notice for over a month, Google now claims that the deposition should be postponed for some unspecified time so that Google can produce some unspecified set of documents by some unspecified date. Google's continuing delay will only further prejudice Plaintiffs. The 30(b)(6) notice contains six important but narrow topics, each of which seek foundational discovery that should assist the parties in terms of focusing their future discovery efforts. Google even agreed during the meet and confer that Topics 1, 3, 5, and 6 seek relevant information and are proper for 30(b)(6) deposition testimony.[2] Google also characterized Topic 1 (Firebase SDK's collection and transmission to Google from a user's device of user data when users interact with apps that have enabled GA for Firebase) and Topic 3 (Google's storage of that data) as the "core" of the case.

Google objects to Topic 4 for a different reason, but that objection fails. Topic 4 is "Google's preservation of the user data referred to in Topics 1 and 2 for purposes of this litigation." Google objects on the ground that "Google has complied with its preservation obligations." Ex. B at 1. Google's say-so, in the form of an objection, is not a basis to withhold testimony regarding those preservation obligations. Plaintiffs believe Google is not preserving this data, and Plaintiffs should be given an "opportunity to get answers about [Google's] preservation efforts at [a] Rule 30(b)(6) deposition." *Thomas v. Cricket Wireless, LLC*, No. 19-CV-07270-WHA(AGT), 2021 WL 1017114, at *4 (N.D. Cal. Mar. 16, 2021) (Tse, M.J.); *see also id.* at *1 (discussing a 30(b)(6) deposition in a case in which the defendant "discarded certain documents and data . . . that plaintiffs believe would help substantiate their class allegations" because the defendant believed it "was entitled to stop preserving [the data] . . . and . . . ha[d] been transparent about what documents were not retained"). In any event, preservation is an appropriate topic for a 30(b)(6) deposition setting aside this dispute. *See, e.g.*, *Brown v. Google*, No. 5:20-cv-03664-LHK, Dkt No. 116 at 1-2 (N.D. Cal Mar. 18, 2021) (ordering Google to produce a witness to testify in response to plaintiffs' notice, which included as a topic "Google's preservation of" certain data (referring to the deposition notice filed at Dkt No. 111-1)); *La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 486 (N.D. Cal. 2012) (requiring defendant to produce a witness to testify about its "record retention policies").

---

[2] Google complains that some of the sub-topics address information that cannot be committed to memory. To be clear, Plaintiffs understand that "Rule 30(b)(6) is not designed to be a memory contest." *Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, 2016 WL 4485564, at *4 (S.D. Cal. July 21, 2016). Plaintiffs instead expect Google to comply with its "duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions, and to prepare them fully." *Id.* Google's remark in footnote 6 about an agreement to defer source code production is inaccurate. Plaintiffs have simply prioritized other discovery efforts. In any event, the production of source code has no bearing on Topic 1, which seeks *testimony* about how Firebase collects and transmits to Google app-interaction data between users and apps.

Topic 2 is "Firebase SDK's collection and transmission to Google from a user's device of user data when users interact with apps that have not enabled Google Analytics for Firebase." Following Chief Judge Seeborg's ruling on the motion to dismiss (Dkt. No. 109), Plaintiffs clarify that Topic 2 is relevant insofar as an app has installed the code required to use the Google Analytics for Firebase service, but has not taken the additional step of enabling the GA for Firebase service.

Finally, this Court should deny Google's request that Plaintiffs not be permitted to subsequently depose a 30(b)(6) designee in his or her individual capacity. "The designation of [a witness] as [a company's] 30(b)(6) witness does not somehow divest [a party's] right to take the individual deposition of [the witness]." *Dynetix Design Sols. Inc. v. Synopsys Inc.*, No. CV 11-05973 PSG, 2012 WL 5943105, at *2 (N.D. Cal. Nov. 27, 2012); *see also Perfect 10, Inc. v. Google Inc.*, No. CV 04-9484-AHM (SHX), 2010 WL 11523912, at *1 (C.D. Cal. Aug. 10, 2010) (denying Google's motion for a protective order to preclude employee from being deposed in her individual capacity after previously testifying as a corporate witness, explaining: "The previous Rule 30(b)(6) deposition of Ms. Poovala does not preclude a deposition of her in an individual capacity."). And this Court need not entertain Google's request for a premature ruling about the scope of a hypothetical, future 30(b)(6) deposition.

## **GOOGLE'S STATEMENT**

Plaintiffs' motion to compel Google's deposition should be denied as premature gamesmanship. And if and when it does go forward, Plaintiffs should be prevented from taking the same topics twice, and compelled to depose a witness in their individual and corporate capacity contemporaneously to avoid abuse of the deposition process.[3]

First, the bulk of Plaintiffs' 30(b)(6) topics are overly burdensome, improper, or moot, and should never be allowed to proceed. Topics 1(e)-(f), 3(b)-(c), 5, and 6 are unnecessary and inappropriate because they call for oral testimony that is little more than a memory test. Rule 30(b)(6) "places substantial responsibilities and burdens on the responding corporate party" to prepare witness(es) to testify. *DarbeeVision, Inc. v. C&A Mktg.*, 2019 WL 2902697, at *7 (C.D. Cal. Jan. 28, 2019) (citation omitted). For that reason, an oral deposition is often not "the most practical way to obtain [all types of] information." *See, e.g., id.* (citation omitted) (collecting cases identifying improper 30(b)(6) topics). Topics that would turn testimony into a "memory contest" are inappropriate, as Plaintiffs acknowledge. *See U.S. v. HVI Cat Canyon*, 2016 WL 11683593, at *7 (C.D. Cal. Oct. 26, 2016). Similarly, it is inappropriate to use a deposition to force a witness to parrot information from a written document. *See, e.g., Cancino Castellar v. McAleenan*, 2020 WL 1332485, at *18 (S.D. Cal. Mar. 23, 2020) (issuing protective order where the topic sought testimony on "costs or expense[s]" that could "clearly be provided more efficiently and fairly through answers to

---

[3] Plaintiffs' deposition notice is also procedurally deficient because it omits the time for the deposition. *See* Fed. R. Civ. P. 30 ("[t]he notice must state the time and place of the deposition"). For that reason, Plaintiffs' disingenuous complaints about Google's supposed delay in responding are misleading. Plaintiffs attempt to excuse their oversight as a "courtesy," but for over four weeks, Plaintiffs never contacted Google to attempt to schedule a deposition date with Google, or even mentioned the issue despite countless videoconferences and phone calls between the parties. When Plaintiffs finally raised the issue, Google responded promptly. *See* Ex. B.

interrogatories").

Here, Topics 1(e)–(f), 3(b)–(c), 5, and 6 ask that Google identify: (i) "employees with the most knowledge" on various topics (Topics 1(e), 3(b), 5(a) and 6(a)) or (ii) the "locations of documents" (Topics 1(f), 3(c), 5(b), and 6(b)). Plaintiffs already obtained the same information from lists and charts in interrogatory responses, and Google has repeatedly supplemented them at Plaintiffs' request. And, because the topics cut across departments, no single witness would be the human repository for such information, meaning any designee would themselves have to read from a prepared list or chart.  This is a textbook case for ordering written responses instead of a deposition. Plaintiffs' invocation of the general rule that a party is entitled to multiple forms of discovery doesn't change that. Plaintiffs aren't seeking Google's "interpretation of events and documents" such that they would need a live witness.  *La. Pac. Corp. v.*, 285 F.R.D. at 486.[4]

Topic 4 is an improper request to obtain discovery on discovery.  It seeks testimony on "Google's preservation of the user data . . . for purposes of this litigation."  Ex. A at 10. In other words, Plaintiffs seek "meta-discovery" "'into another party's discovery process,'" which courts regularly reject as "disfavored" "in light of the danger of extending the already costly and time-consuming discovery process ad infinitum."  *Jensen v. BMW of N. Am., LLC*, 328 F.R.D. 557, 566 (S.D. Cal. 2019) (citations omitted) (declining to compel deposition on preservation). Courts that have rejected such discovery observe that the "responding part[y is] best suited to evaluate the procedures, methodologies, and technologies appropriate for [p]reserving . . . [ESI]."  *Brewer v. BNSF Ry. Co.*, 2018 WL 882812, at *2 (D. Mont. Feb. 14, 2018).  That is true here.

Plaintiffs' justification for burdening Google with meta-discovery is unavailing.  Although a requesting party can "overcome the presumption" against discovery on discovery by establishing a "specific deficiency" with the existing production, *Brewer*, 2018 WL 882812, at *2, Plaintiffs have made no showing here.  Instead, Plaintiffs assert they "*believe* Google is not preserving this data," but such a conclusory suspicion is insufficient.  *Cf. Thomas v. Cricket Wireless*, 2021 WL 1017114, at *2 (N.D. Cal. Mar. 16, 2021) (Tse, M.J.) (allowing discovery into preservation where defendant "*admittedly* destroyed information and documents from the putative class period" that Plaintiffs believed to be relevant).[5]  In any case, Google has already provided Plaintiffs with the preservation-related information they seek through counsel and the Rule 26 conference process.

And, though Judge Van Keulen did order a similar deposition in *Brown*, the result there was the same as it should be here: the Court held that Google has no obligation to preserve the raw data flow of all its users, which is unduly burdensome and beyond the scope of preservation obligations. If Plaintiffs wish to address a complaint regarding Google's preservation with this

---

[4] *Al Otro Lado*, is also inapposite. *See* 2020 WL 4336064, at *3 (defendant's objection was that privilege issues would be difficult to navigate, which is not Google's argument here).

[5] Plaintiffs' citation to *La. Pac. Corp*, 285 F.R.D. at 486, is unavailing because the issue of meta-discovery was not before the court; instead the court considered defendant's objection that the topics were cumulative of prior depositions and otherwise overbroad. *Brown v. Google*, No. 5:20-cv-03664-LHK, Dkt No. 116 at 1-2 (N.D. Cal Mar. 18, 2021) is similarly inapplicable because it concerned a distinct factual situation on an issue raised by Google related to this Court's website.

Court, they should do so directly rather than through an overbroad Rule 30(b)(6) topic.

Topic 2 was mooted by the Court's recent order on Google's Motion to Dismiss. Judge Seeborg rejected Plaintiffs' allegation that Google used Firebase SDK to "surreptitiously collect[] . . . data using secret software scripts," which is the subject of Topic 2. Dkt. 109 at 7, 11–12 (citing FAC ¶ 3, Dkt. 60 at 5). Topics 3–6 should also be stricken insofar as they incorporate Topic 2.

As for any remaining appropriate scope of the notice, the Court should require that Plaintiffs avoid burdening corporate deponents who are also document custodians who will likely be deposed as percipient witnesses. Though Plaintiffs have the right to take a deposition both of Google and witnesses with personal knowledge, this early deposition notice, served before custodial document production is complete, is clearly designed to depose witnesses once now and then again later after more documents are produced. There is no justification for imposing that additional burden—it is pure gamesmanship.

The Court should also preclude Plaintiffs from serving a second Rule 30(b)(6) Notice on substantially similar topics. Topics 1(d) and 3(a) are instructive. They cover broad issues core to Plaintiffs' case that are indisputably the subject of numerous RFPs and interrogatories for which Google is in the process of producing documents and investigating responses. Deposing Google at this early juncture is inefficient and a waste of resources, particularly if Plaintiffs intend to take another "bite at the apple" by deposing the same witness in his individual capacity later, or serving a second, related Rule 30(b)(6) notice after document production is complete. [6] If Plaintiffs elect to take this deposition now (rather than after receiving custodial documents) they should be precluded from re-deposing those individuals again later; and the Court should make clear that Plaintiffs are not permitted to serve a second Rule 30(b)(6) notice on substantially similar topics because they already had an opportunity to discover the information.[7]

As for Plaintiffs' complaint that they will have to wait for an "unspecified set of documents" for an "unspecified time," that is specious. Google offered to stipulate to a case schedule that would specify a date for completion of production and include ample time for depositions thereafter. Plaintiffs have never proposed such a schedule. In any case, Google has been producing documents regularly since well before the pleadings were settled earlier this week, and it is continuing to review and produce documents apace.

---

[6] Plaintiffs' request on Topics 1(a)–(c) is similarly premature because the parties' agreement thus far has been to defer production of source code until after Google produces engineering documents and Plaintiffs have proposed fact stipulations. Regardless, no human witness can be the repository of all relevant source code files and how they work; that is the classic subject of document and expert discovery.

[7] *See, e.g.*, *Booker v. ConocoPhillips Co.*, 2008 WL 11408436, at *2 (N.D. Cal. Apr. 25, 2008) (refusing to compel second Rule 30(b)(6) deposition where party had an opportunity to obtain the information); *Blackwell v. City & Cty. of San Francisco*, No. C-07-4629 SBA (EMC), 2010 WL 2608330, at *2 (N.D. Cal. June 25, 2010) (denying request for second 30(b)(6) deposition where "Plaintiff had an opportunity to obtain the information now sought through the first deposition").

DATED: June 1, 2021

WILLKIE FARR & GALLAGHER, LLP

By: */s/ Eduardo E. Santacana*
    Eduardo E. Santacana (SBN: 281668)
    esantacana@willkie.com
    Benedict Y. Hur (SBN:  224018)
    bhur@willkie.com
    Simona Agnolucci (SBN:  246943)
    sagnolucci@willkie.com
    Lori Arakaki (SBN:  315119)
    larakaki@willkie.com
    One Front Street, 34th Floor
    San Francisco, CA  94111
    Telephone:  (415) 858-7400
    Facsimile:  (415) 858-7599

    *Attorneys for Defendant Google LLC*

SUSMAN GODFREY LLP

*/s/ Amanda Bonn*
Amanda Bonn (CA Bar No. 270891)
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

James W. Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (*pro hac vice*)
rbaeza@bsfllp.com
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

William Christopher Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Telephone: (212) 336-8330

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067

Telephone: (310) 789-3100

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

*Attorneys for Plaintiffs*

**ATTESTATION**

I, Amanda Bonn, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.


DATED:  June 1, 2021                    By:    */s/ Amanda Bonn*

                                        Amanda Bonn (CA Bar No. 270891)
                                        Attorney for Plaintiffs