# EXHIBIT A

| | |
|---|---|
| Mark C. Mao, CA Bar No. 236165<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>**BOIES SCHILLER FLEXNER LLP**<br>44 Montgomery Street, 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>Fax: (415) 293-6899<br>mmao@bsfllp.com<br>brichardson@bsfllp.com<br><br>Jesse Panuccio (admitted *pro hac vice*)<br>**BOIES SCHILLER FLEXNER LLP**<br>1401 New York Avenue, NW<br>Washington, DC 20005<br>Tel.: (202) 237-2727<br>Fax: (202) 237-6131<br>jpanuccio@bsfllp.com<br><br>Amanda K. Bonn, CA Bar No. 270891<br>**SUSMAN GODFREY L.L.P**<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel: (310) 789-3100<br>Fax: (310) 789-3150<br>abonn@susmangodfrey.com | William S. Carmody (admitted *pro hac vice*)<br>Shawn Rabin (admitted *pro hac vice*)<br>Steven M. Shepard (admitted *pro hac vice*)<br>**SUSMAN GODFREY L.L.P.**<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019-6023<br>Tel.: (212) 336-8330<br>Fax: (212) 336-8340<br>bcarmody@susmangodfrey.com<br>srabin@susmangodfrey.com<br>sshepard@susmangodfrey.com<br><br>John A. Yanchunis (admitted *pro hac vice*)<br>Ryan J. McGee (admitted *pro hac vice*)<br>**MORGAN & MORGAN**<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel.: (813) 223-5505<br>jyanchunis@forthepeople.com<br>rmcgee@forthepeople.com<br><br>Michael F. Ram, CA Bar No. 104805<br>**MORGAN & MORGAN**<br>711 Van Ness Ave., Suite 500<br>San Francisco, CA 94102<br>Telephone: (415) 358-6913<br>Fax: (415) 358-6923<br>mram@forthepeople.com |

*Attorneys for Plaintiffs;*
*Additional counsel listed in signature block*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANIBAL RODRIGUEZ, JULIEANNA MUNIZ, ELIZA CAMBAY, SAL CATALDO, EMIR GOENAGA, JULIAN SANTIAGO, HAROLD NYANJOM, KELLIE NYANJOM, and SUSAN LYNN HARVEY, individually and on behalf of all other similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 3:20-cv-04688-RS<br><br>**PLAINTIFFS' NOTICE OF DEPOSITION PURSUANT TO RULE 30(B)(6)** |

1  PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil
2  Procedure, on a date to be agreed upon by the Parties, counsel for Plaintiffs will take the videotaped
3  deposition(s) of the designated representative(s) of Google LLC ("Google") best able to testify as
4  to the Topics set forth in Appendix A.  Google has a duty to designate one or more officers, directors,
5  managing agents, or other persons with sufficient knowledge to testify fully regarding the Topics
6  listed in Appendix A.  No later than ten business days prior to the deposition, Google shall identify
7  the person(s) who will testify on its behalf pursuant to this notice and the matter(s) about which
8  each person will testify.  Google shall also produce to Plaintiffs any documents that Google used or
9  plans to use to prepare the person(s) testifying.
10  The deposition(s) shall be taken through a mutually agreed upon videoconference program
11  (e.g., Zoom), and before a Notary Public or some other officer authorized by law to administer oaths
12  for use at trial.  The deposition(s) will be videotaped and will continue from day to day until
13  completed.

15  Dated: March 23, 2021           **SUSMAN GODFREY LLP**

17  By: */s/ Steven M. Shepard*
     Steven M. Shepard

19  1301 Avenue of the Americas, 32nd Floor
    New York, NY 10019-6023
    Tel.: (212) 336-8330
20  Fax: (212) 336-8340

22  Mark C. Mao, CA Bar No. 236165
    Sean P. Rodriguez, CA Bar No. 262437
    Beko Richardson, CA Bar No. 238027
23  **BOIES SCHILLER FLEXNER LLP**
    44 Montgomery St., 41st Floor
24  San Francisco, CA 94104
    Tel.: (415) 293-6800
25  Fax: (415) 293-6899
26  mmao@bsfllp.com
    srodriguez@bsfllp.com
27  brichardson@bsfllp.com

28  James Lee (admitted *pro hac vice*)

Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

Jesse Panuccio (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
1401 New York Avenue, NW
Washington, DC 20005
Tel.: (202) 237-2727
Fax: (202) 237-6131
jpanuccio@bsfllp.com

William S. Carmody (admitted *pro hac vice*)
Shawn Rabin (admitted *pro hac vice*)
Alexander P. Frawley (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel.: (212) 336-8330
Fax: (212) 336-8340
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA. 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
abonn@susmangodfrey.com

John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
**MORGAN & MORGAN**

711 Van Ness Ave., Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Fax: (415) 358-6923
mram@forthepeople.com

*Attorneys for Plaintiffs*

# APPENDIX A

## DEFINITIONS

1. "ALL" includes the word "ANY," and vice versa.

2. "APP" refers to any software application intended to be run on a mobile device, including a phone, tablet, or personal digital assistant ("PDA"). The term also includes the developers of each APP (the "APP DEVELOPERS").

3. "APP-INTERACTION DATA" means data relating to a USER'S activity and interaction with an APP on the USER's device, including but not limited to a USER's browsing and viewing of content, sharing of content, creation or deletion of content, and/or any other "events" or "actions" or "parameters" as those terms are used and defined by FIREBASE SDK.

4. "ASSOCIATED" means that a set of data is linked, or is linkable, to an identifier in YOUR custody, possession, or control. Thus, by way of non-limiting example: If a set of APP-INTERACTION data contains information sufficient to identify the Internet Protocol (IP) address being used by the device, then that set of data is ASSOCIATED with the IP address. The term "ASSOCIATED" includes links that are generated by heuristic or nondeterministic models.

5. "CLASS PERIOD" refers to the class period as defined in the First Amended Complaint.

6. "CONCERNING" or "RELATING TO" include addressing, analyzing, concerning, constituting, containing, commenting on, discussing, describing, identifying, in connection with, referring to, reflecting, relating, relating to, reporting on, stating, or dealing with, in whole or in part, in addition to their customary and usual meanings, and shall be construed in the broadest sense possible.

7. "GOOGLE SETTINGS" means controls or settings provided by YOU to a USER that purport to affect how and where a USER's data is collected, used, saved, or stored. This term is not limited to controls or settings provided on the device itself; it also includes controls or settings provided through a website (e.g., GOOGLE's My Account and My Activity pages). The term includes the Web & App Activity setting described in the Plaintiffs' Complaint.

8. "DOCUMENT" and "DOCUMENTS" shall be synonymous in meaning and equal to the broadest meaning provided by Rule 34 of the Federal Rules of Civil Procedure

1  INCLUDING, without limitation, original and any non-identical copy of every kind of written,
2  printed, typed, recorded, or graphic matter, however produced or reproduced, including all
3  correspondence, letters, telegrams, telexes, messages, memoranda, instructions, emails,
4  handwritten or recorded notes, and all records, schedules, reports, surveys, calculations, transcripts,
5  notes, time cards, personal expense reports, appointment books, calendars, plans, purchase orders,
6  contracts, subcontracts, charts, communications, database, data compilation, diary, draft
7  drawing, electronically stored information, emails, fax, floppy disk, graph, hard drive, image, index,
8  instant message, letter, log, magnetic tape, memorandum, note, optical disk, photograph, report,
9  sound recording, spreadsheet, storage device, text message, version, voicemail or writing. This term
10 shall apply to any DOCUMENT, whether in hard copy or electronic form, on any computers or
11 other system.  The term DOCUMENT includes computer code; computer scripts; and data of every
12 kind.

13      9.      "FIREBASE SDK" means GOOGLE'S Firebase SDK development platform and
14 all code, scripts, and other development and reporting tools made available to APP DEVELOPERS
15 on that platform.  The term includes all code and scripts, contained within any APP, that were
16 provided by or originated from GOOGLE'S Firebase SDK development platform.

17      10.     "GOOGLE" means GOOGLE LLC and any of its directors, officers, consultants,
18 agents, representatives, predecessors in interest, subsidiaries, assignees, licensees, employees,
19 attorneys and any other persons acting on GOOGLE LLC'S behalf, including contractors.  The term
20 also includes all computers, servers, and other information systems under the control of GOOGLE.

21      11.     "GOOGLE ANALYTICS FOR FIREBASE" refers to the "app measurement
22 solution" service that YOU provide to APPS, which service is further described at:
23 https://firebase.google.com/docs/analytics.  An APP has "enabled" GOOGLE ANALYTICS FOR
24 FIREBASE, for purposes of these requests, if the APP has followed the steps to "add" and "enable"
25 this service, which steps are described at YOUR webpage entitled "Get started with Google
26 Analytics," https://firebase.google.com/docs/analytics/get-started.

27      12.     "INCLUDE" or "INCLUDING" means "include, but not limited to" or "including,
28 but not limited to."

1    13.    "OTHER DATA" means information relating to a USER or a USER's device(s), including geolocation data, version information, processor information, and memory usage.

14.    "PROFILE" refers to any set of data that is ASSOCIATED, or YOU may ASSOCIATE for the purposes of any product or service YOU provide, with any of the following: with any USER or set of USERs; with demographic information relating to any USER or set of USERs; with a device or set of device(s); with an Internet Protocol (IP) address or set of addresses; with a Google Analytics User-ID or set of Google Analytics User-IDs; with any identifier or set of identifiers relating to third parties (e.g., Yahoo USER ID); with a Chrome X-Client Referrer Header or set of headers; or with any other identifier linked or linkable to any of the foregoing categories.

15.    "USER" means persons residing in the United States who use any of YOUR services, including any APP that uses FIREBASE SDK. The term "USER" includes (but is not limited to) anyone that can be identified by his or her electronic device(s), or installed APPS.

16.    "USER DATA" means APP-INTERACTION DATA and OTHER DATA.

## GENERAL INSTRUCTIONS

For purposes of reading, interpreting, or construing the scope of the DEFINITIONS, GENERAL INSTRUCTIONS, and TOPICS, all of the terms shall be given their most expansive and inclusive interpretation. This INCLUDES the following:

(a)    The singular form of a word shall be interpreted as plural, and vice versa.

(b)    "And," "or," as well as "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Topic anything that might otherwise be construed to be outside the scope of the Topic.

(c)    "All," "each" and "any" shall be construed as "all, each, and any."

(d)    The use of a verb in any particular tense shall be construed as the use of the verb in all other tenses as necessary to bring within the scope of the Topic any document that might otherwise be construed to be outside the scope of the Topic.

## TOPICS

1. FIREBASE SDK's collection and transmission to GOOGLE from a USER's device of USER DATA when USERS interact with APPS that have enabled GOOGLE ANALYTICS FOR FIREBASE. This topic includes: (a) identifying the scripts or code that transmit the USER DATA or cause it to be transmitted; (b) explaining how those scripts or code function; (c) any changes to those scripts or code during the CLASS PERIOD; (d) the form, format, or content of the USER DATA; (e) the GOOGLE employees with the most knowledge about this topic; and (f) the locations of DOCUMENTS relating to this topic.

2. FIREBASE SDK's collection and transmission to GOOGLE from a USER's device of USER DATA when USERS interact with APPS that have not enabled GOOGLE ANALYTICS FOR FIREBASE. This topic includes the same sub-topics (a) through (f) as Topic 1.

3. GOOGLE'S storage of the USER DATA referred to in Topics 1 and 2, including storage on the USER's device(s), GOOGLE's servers, and any non-GOOGLE servers. This topic includes: (a) the mechanisms of storage, and the names of those mechanisms, (b) the GOOGLE employees with the most knowledge about those mechanisms, and (c) the locations of DOCUMENTS relating to this topic.

4. Google's preservation of the USER DATA referred to in Topics 1 and 2 for purposes of this litigation. This topic includes (a) the mechanisms being used to preserve this data, and the names of those mechanisms; (b) the GOOGLE employees with the most knowledge about those mechanisms, and (c) the locations of DOCUMENTS relating to this topic.

5. (a) The GOOGLE employees with the most knowledge of, and (b) the locations of DOCUMENTS relating to, the following: GOOGLE'S use of the USER DATA referred to in Topics 1 and 2, including (but not limited to) GOOGLE'S use of the data to (i) build and maintain PROFILES for GOOGLE or its customers, products and services; (ii) generate and/or direct advertising; and (iii) refine and improve GOOGLE products and services. *See* FAC ¶¶ 115-35.

6. (a) The GOOGLE employees with the most knowledge of, and (b) the locations of DOCUMENTS relating to, the following: The effect (if any) of GOOGLE SETTINGS (including GOOGLE's Web & App Activity setting) on (i) the transmission to GOOGLE of the data referred

to in Topics 1 and 2; and (ii) GOOGLE's subsequent storage and use of the data referred to in Topics 1 and 2.

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | I, Alexander P. Frawley, declare: |
| 3 | I am a citizen of the United States and employed in the County of New York, New York. I |
| 4 | am over the age of 18 and not a party to the within action; my business address is 1301 Avenue of the |
| 5 | Americas, 32nd Floor New York, NY 10019-6023. |
| 6 | On March 23, 2021, I served the following documents described as: |
| 7 | **Plaintiffs' Notice of Deposition Pursuant to Rule 30(b)(6) and Appendix A** |
| 8 | By electronic mail transmission from afrawley@susmangodfrey.com on March 23, 2021, by |
| 9 | transmitting a PDF format copy of such document to each such person at the e-mail addresses listed |
| 10 | below. The document was transmitted by electronic transmission and such transmission was reported |
| 11 | as complete and without error: |

Benedict Y. Hur
Simona Agnolucci
Eduardo E. Santacana
Amanda Maya
Willkie Farr & Gallagher LLP
One Front Street, 34th Floor
San Francisco, CA. 94111
Tel: 415-858-7400
Fax: 415-858-7577
bhur@willkie.com
sagnolucci@willkie.com
esantacana@willkie.com
amaya@willkie.com

*Attorneys for Defendant*

Executed on March 23, 2021, at New York, New York.

*/s/ Alexander Frawley*

---

1

PROOF OF SERVICE    CASE NO.: 3:20-cv-04688-RS