# EXHIBIT B

| | |
|---|---|
| **From:** | Santacana, Eduardo E. |
| **To:** | Alex Frawley |
| **Cc:** | googleteam@lists.susmangodfrey.com; FIREBASE-WFGE; Arakaki, Lori; Agnolucci, Simona; Hur, Benedict Y. |
| **Subject:** | RE: Rodriguez v. Google |
| **Date:** | Wednesday, May 5, 2021 8:16:44 PM |

EXTERNAL Email

Counsel,

We have evaluated Plaintiffs' Rule 30(b)(6) deposition notice carefully, and we believe there is room for compromise here. Our main concern is that Plaintiffs' topics are not appropriate for a deposition and work best as written discovery requests. Preparing a witness (or even multiple witnesses) to testify about Plaintiffs' topics would be burdensome and result in that witness effectively sticking to prepared notes, since no person could memorize the information Plaintiffs are requesting. We think the exercise would be needlessly complicated and expensive, and may leave Plaintiffs dissatisfied in the end.

The first topic is "FIREBASE SDK's collection and transmission to GOOGLE from a USER's device of USER DATA when USERS interact with APPS that have enabled GOOGLE ANALYTICS FOR FIREBASE." Plaintiffs clarify, however, that "This topic includes: (a) identifying the scripts or code that transmit the USER DATA or cause it to be transmitted; (b) explaining how those scripts or code function; (c) any changes to those scripts or code during the CLASS PERIOD; (d) the form, format, or content of the USER DATA; (e) the GOOGLE employees with the most knowledge about this topic; and (f) the locations of DOCUMENTS relating to this topic." Items (a), (c), (d), and (e) are most appropriately the subject of written discovery. Preparing a witness to testify about those items would simply entail preparing a written response, anyway, since no person can memorize that information.

Further, the parties had tabled the question of source code pending other discovery. Google hasn't agreed to produce source code in this case, but if Plaintiffs are now asking for it, we should discuss it in more detail to see whether there is a reasonable approach that will work in this case.

Once that is resolved, Google believes the best way to proceed with this topic is to provide a written response.

Topic 2 is identical, except that it extends beyond Google Analytics for Firebase. As you know, we have a pending dispute about the scope of discovery in relation to products other than Google Analytics for Firebase. To the extent Topic 2 survives that dispute's resolution, Google would propose a similar approach to Topic 1.

Topic 3 is: "GOOGLE'S storage of the USER DATA referred to in Topics 1 and 2, including storage on the USER's device(s), GOOGLE's servers, and any non-GOOGLE servers. This topic includes: (a) the mechanisms of storage, and the names of those mechanisms, (b) the GOOGLE employees with the most knowledge about those mechanisms, and (c) the locations of DOCUMENTS relating to this topic."

Google proposes a similar approach to Topic 3 as well. This information is best conveyed in writing.

Topic 4 is objectionable. Google has complied with its preservation obligations, and it has

disclosed to Plaintiffs what that entails. In light of Judge Van Keulen's Order, do Plaintiffs still believe this topic is necessary?

Topics 5 and 6 seek lists of google employees with "the most knowledge of" certain topics. This again seems best suited to written discovery. Indeed, Plaintiffs have propounded and Google has responded extensively to an interrogatory concerning identifying employees with knowledge about certain topics. We suggest we supplement that response to identify the individuals with "the most knowledge of" the listed topics, each of which seems reasonable to us (keeping in mind that Google would first serve written objections and that it maintains its object as to scope concerning Firebase SDK).

For Topics 1-3, Google suggests that Plaintiffs propound an interrogatory embodying the same questions to which Google will agree to provide a substantive response on an expedited basis (say, two weeks).

Please let us know your thoughts on this proposal.

Thanks,
Eduardo

**Eduardo E. Santacana**
**Willkie Farr & Gallagher LLP**
One Front Street | San Francisco, CA 94111
Direct: +1 415 858 7421 | Fax: +1 415 858 7599
esantacana@willkie.com | vCard | www.willkie.com bio