**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
  sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
  esantacana@willkie.com
LORI C. ARAKAKI (SBN: 315119)
  larakaki@willkie.com
ARGEMIRA FLOREZ (SBN: 331153)
  aflorez@willkie.com

Attorneys for
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| ANIBAL RODRIGUEZ, *et al.* individually and on behalf of all other similarly situated,<br><br>                                    Plaintiffs,<br><br>vs<br><br>GOOGLE LLC, *et al*.<br><br>                                    Defendant. | Case No.  3:20-CV-04688<br><br>**DEFENDANT GOOGLE LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COUNTS I AND II OF THIRD AMENDED COMPLAINT**<br><br>Date:    October 28, 2021<br>Time:    1:30 p.m.<br>Place:   Courtroom 3, 17th Floor<br>Judge:   Hon. Richard Seeborg<br><br>Action Filed:   7/14/2020<br>Trial Date:     Not Yet Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to Federal Rule of Evidence ("Rule") 201, Defendant Google LLC hereby respectfully request that the Court take judicial notice of the following materials in support of its Motion to Dismiss Plaintiffs' Third Amended Complaint, filed concurrently herewith.

1. Google Terms of Service web page, with an effective date of March 31, 2020, attached as **Exhibit A** to the Declaration of Eduardo E. Santacana ("Santacana Declaration") in support of Google's Motion to Dismiss the Third Amended Complaint;

2. Google Terms of Service web page, with an effective date of October 25, 2017, attached as **Exhibit B** to the Santacana Declaration;

3. Google Terms of Service web page, with an effective date of April 14 2014, attached as **Exhibit C** to the Santacana Declaration.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The documents listed above are properly subject to judicial notice, and the Court should consider them when ruling on Google's Motion to Dismiss Plaintiffs' Third Amended Complaint.

**I.   LEGAL STANDARD**

When ruling on a motion to dismiss, a court may consider material that is appropriate for judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Courts may take judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Facts are not subject to reasonable dispute when they (1) are "generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.*; *see Khoja*, 899 F.3d at 999, 1001; *accord United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Courts in this district recognize that "as a general matter, websites and their contents may be proper subjects for judicial notice" if the party requesting notice provides the court with a copy of the specific web page. *Caldwell v. Caldwell*, No. 05-cv-4166, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006); *see also Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1205 (N.D. Cal. 2014) (taking judicial notice of web pages); *Kinderstart.com, LLC v. Google, Inc.*, No. 06-cv-2057 JF (RS), 2007 WL 831806, at *21 n.20 (N.D. Cal. Mar. 16, 2007) (taking judicial notice of a web page printout).

**II.   THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE EXHIBITS**

**A.   The exhibits are publicly available documents not subject to reasonable dispute, and are relied upon by Plaintiffs' Third Amended Complaint.**

Exhibits A, B, and C to the Santacana Declaration comprise Google's Terms of Service at various times. The Court can take judicial notice of these documents because they are publicly available and are not subject to reasonable dispute. *See, e.g.*, *Caldwell*, 2006 WL 618511, at *4.

Indeed, numerous courts in this district have recognized terms of service as judicially noticeable. *See Gonzales v. Uber Techs., Inc.*, 305 F. Supp. 3d 1078, 1094 (N.D. Cal. 2018), *on reconsideration*, No. 17-CV-02264-JSC, 2018 WL 3068248 (N.D. Cal. June 21, 2018) (taking

judicial notice of Lyft's terms of service); *Opperman v. Path, Inc.*, 84 F. Supp. 3d 962, 976 (N.D. Cal. 2015) (taking judicial notice of the Software License Agreements, Privacy Policy, iOS Human Interface Guidelines, and Apple's App Store Approval Process instructions "as they are publicly available, standard documents that are capable of ready and accurate determination."); *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1070 (N.D. Cal. 2016) (taking judicial notice of several news articles from various sources); *Trudeau v. Google LLC*, No. 18- CV-00947-BLF, 2018 WL 4846796, at *4 (N.D. Cal. Oct. 3, 2018) (taking judicial notice of Google's Terms of Service); *Matera v. Google Inc.*, No. 15-CV-04062-LHK, 2016 WL 5339806, at *7 (N.D. Cal. Sept. 23, 2016) (taking judicial notice of Google's Terms of Service and privacy policy); *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5423918, at *7 (N.D. Cal. Sept. 26, 2013) (taking judicial notice of Google's Terms of Service and privacy policies); *In re Google, Inc. Privacy Policy Litig.*, No. C 12-01382 PSG, 2012 WL 6738343, at *3–4 (N.D. Cal. Dec. 28, 2012) (taking judicial notice of Google's "past and present Terms of Service and Privacy Policies" as matters of public record).

### B. The incorporation by reference doctrine also applies because Plaintiffs' claims depend on and incorporate the terms of the relevant agreements.

In addition, these documents are properly before the Court under the related doctrine of incorporation by reference.

The Ninth Circuit has repeatedly recognized that the incorporation-by-reference doctrine applies in these circumstances. In *Knievel*, the court extended the doctrine where "the plaintiff's claim depend[ed] on the contents of a document, the defendant attache[d] the document to its motion to dismiss, and the parties [did] not dispute the authenticity of the document, even though the plaintiff [did] not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see also Khoja*, 899 F.3d at 1002–03 (holding that the district court properly incorporated web articles, market reports, and blog posts that formed the basis of the plaintiff's claims). This doctrine applies with "equal force to internet pages," *Knievel*, 393 F.3d at 1076, and exists in part to prevent "artful pleading by plaintiffs' who "select[] only portions of documents that support their claims, while omitting portions of those very documents that weaken— or doom—their claims," *Khoja*, 899 F.3d at 1002–03; *see also Knievel*, 393 F.3d at 1076 (reasoning

that the doctrine applies to online materials, because "[j]ust as a reader must absorb a printed statement in the context of the media in which it appears, a computer user necessarily views web pages in the context of the links through which the user accessed those pages").

Given the undisputed nature of the above referenced documents, and Plaintiffs' reliance on them for the claims alleged, the Court can properly consider the various Terms of Service under the incorporation by reference doctrine.

### III.   CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court take judicial notice of Exhibits A-C to the Santacana Declaration.

Dated:  September 22, 2021                              Respectfully submitted,

WILLKIE FARR & GALLAGHER LLP

By:   */s/ Eduardo E. Santacana*
        Eduardo E. Santacana