# EXHIBIT 1

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

Jesse Panuccio (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave, NW
Washington, DC 20005
Tel.: (202) 237-2727
Fax: (202) 237-6131
jpanuccio@bsfllp.com

Amanda K. Bonn, CA Bar No. 270891
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
abonn@susmangodfrey.com

*Attorneys for Plaintiffs*

William Christopher Carmody
(admitted *pro hac vice*)
Shawn J. Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander P. Frawley
(admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas,
32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
Michael F. Ram, CA Bar No. 238027
Ra O. Amen (admitted *pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
mram@forthepeople.com
ramen@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIBAL RODRIGUEZ, JULIEANNA MUNIZ, ELIZA CAMBAY, SAL CATALDO, EMIR GOENAGA, JULIAN SANTIAGO, HAROLD NYANJOM, KELLIE NYANJOM, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No.: 3:20-cv-04688 <br><br> **PLAINTIFFS' [PROPOSED] SURREPLY IN OPPOSITION TO GOOGLE'S MOTION TO DISMISS THIRD AMENDED COMPLAINT, AND REQUEST FOR ORAL ARGUMENT** <br><br> The Honorable Richard Seeborg <br> Courtroom 3 – 17th Floor <br> Date: October 28, 2021 <br> Time: 1:30 p.m. <br> **Oral Argument Requested** |

i

PLAINTIFFS' [PROPOSED] SURREPLY      CASE NO. 3:20-CV-04688

### I. Summary.

Plaintiffs respectfully submit this Surreply in response to Google LLC's ("Google") baseless accusation that Plaintiffs' CIPA § 631 claim is based on allegations not made "in good faith." Dkt. 145 ("Reply") at 2. Google's accusation is entirely baseless, and there is no reason to dismiss this claim. Google seeks to generate a factual dispute when, in fact, there is only a legal dispute at this stage, which courts have squarely resolved in Plaintiffs' favor. Plaintiffs respectfully request that the Court hold oral argument on Google's motion to dismiss so the parties can answer any questions that the Court may have with Google's bad-faith accusations.

### II. Plaintiffs Allege Facts Establishing a CIPA § 631 Claim.

Consistent with the Court's prior order, Plaintiffs amended their complaint to describe how Google intercepts users' communications with app servers while the same are in transit. *See* TAC ¶¶ 3 n.2, 6, 48, 51-52, 60, 262, 278; Plaintiffs' Opposition Br, Dkt. 144 at 3-7. Plaintiffs also did so consistent with Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."

Plaintiffs met their burden, but Google wants the Court to depart from Rule 8(a) and rely instead on its counsel's say-so about how Google's technology works, arguing in its Reply that – contrary to Plaintiffs' allegations – Google does not intercept any in-transit communications and that instead "Google Analytics for Firebase *logs* information that is later sent to Google." Reply at 2 (no citation). This is just Google's say-so, contrary to Plaintiffs' factual allegations, and contrary to the rule that courts must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Google's request for dismissal based on its own factual assertions also ignore this Court's prior admonition that "this is a motion to dismiss. And my focus has got to be on the complaint and the averments in the complaint." Mar. 4 Hr'g Tr. at 4:21-5:13. As the Court noted, "I appreciate you want to explain to me the way all of these different aspects of the technology work. But that may be for another day. This is a motion to dismiss." Mar. 4 Hearing Tr. at 4:21-5:13.

At bottom, the parties appear to have a legal dispute regarding Google's conduct under CIPA § 631, not a factual one (which is in any case not a basis for dismissal). Google is asking the Court to relitigate the party exception, and the Court's rejection of Google's consent defense (as to users). Those requests should be denied. "[U]nder section 631(a), if a person secretly listens to another's conversation, the person is liable." *Graham v. Noom, Inc.*, 2021 WL 1312765, at *4 (N.D. Cal. Apr. 8, 2021). Here, when WAA was switched off, Google was a secret listener. Google's argument "would imply that any third party who surreptitiously *recorded* a conversation between two parties would not violate § 631(a) so long as it was recording the conversation at the direction and for the benefit of a party. The text of section 631(a), however, does not contain any such exception, and indeed, [Google] invite[s] an interpretation that would vitiate the statute's protections." *Saleh v. Nike, Inc.*, 2021 WL 4437734, at *1 (C.D. Cal. Sept. 27, 2021) (emphasis added). The Reply Brief tellingly fails to even mention *Saleh* because Google has no answer to it.

Plaintiffs have met their burden for the notice-pleading standard required of them.

### III. Google's Bad-Faith Accusations Are Baseless and Google Is Improperly Abusing Claims of Privilege to Shield Such Accusations from Scrutiny by This Court.

Not satisfied with disregarding Rule 8(a), Google takes it a step further, repeatedly accusing Plaintiffs of acting in bad faith. *E.g.*, Reply at 7 ("Plaintiffs are switching theories and adding statutory buzzwords like 'simultaneous' to chase what they think the Court will approve, not what the facts they can in good faith allege will bear out."). These attacks are baseless, and also provide no basis for dismissal.

Tellingly, Google has never sent a Rule 11 motion to Plaintiffs to review under its Safe Harbor provision. Nor could it do so, as Google itself has effectively conceded in its own brief that it receives copies of the communications at the same time as the app servers. *See* Mot. at 9 (analogizing to a phone call and explaining that Google "is there," "listening," and "logging the details of the conversation"). While Google now tries to disavow this analogy (Reply at 7, "Google denies that it is actually or metaphorically on the phone with users and app developers"), Google's flip-flop shows that it is Google who is now "switching theories." Reply at 2.

To the extent that the Court has any questions about whether the parties have filed

2

pleadings in good faith, Plaintiffs respectfully submit that the Court should order *in camera* review of a technical document that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

After Google's opening brief accused Plaintiffs of bad faith (*see* Dkt. 139 at 6), ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Google's Reply doubled-down with meritless "bad faith" accusations.[1]

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



---

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████████████████████████████████████████████████.  As of this filing, Google has still refused to provide Plaintiffs with any insight into why Google clawed back this document or even to discuss the issue.  Unless Google promptly withdraws its meritless privilege assertion over this technical document, Plaintiffs will seek *in camera* review before Magistrate Judge Tse.[3]

**IV.      Plaintiffs Request Oral Argument.**

████████████████████████████████████████████████████

█████████████████████████████ it is clear that the Third Amended Complaint satisfies the notice pleading standard under Rule 8.  To the extent that the Court has any questions concerning the facts alleged in Plaintiffs' Third Amended Complaint, Plaintiffs respectfully request that the Court allow for oral argument on Google's Motion to Dismiss, so that the parties may defend their respective positions.  Plaintiffs welcome the opportunity to have a candid discussion with the Court on any questions that the Court may have, including concerning the below topics:

1)     Whether outgoing page requests to third-party app servers (communications between users and third-party app servers, where Google is not a party) are duplicated while in transit by Google for Google Analytics and AdMob (TAC ¶¶ 3 n.2, 6, 48, 51-52, 60, 262, 278).

2)     Whether Google duplicates communications between users and third-party apps servers while those communications are in transit via Google Mobile Services on Android, for Google Analytics and AdMob and in real time, concurrent with the outgoing app server request

---

█████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

[3] At Google's insistence, the Protective Order prohibits Plaintiffs from presenting the snapped-back "information to the Court."  Dkt. 70 § 13.  Plaintiffs have complied with the Protective Order by (i) destroying copies of the snapped-back document at Google's request and (ii) not disclosing or using the purportedly "privileged" information until Google's claim of privilege is resolved.  Of course, nothing in the Order prohibits Plaintiffs from bringing Google's improper assertion of privilege to the Court's attention or asking the Court to resolve Google's claim of privilege through *in camera* review.

4

1   (TAC ¶¶ 56, 60, 262).

2        3)     Whether Google Analytics and AdMob for Firebase on non-Android systems also duplicate the outgoing app server page requests in real time, concurrent with the outgoing app server requests (TAC ¶¶ 3 n.2, 6, 48, 50-52, 60, 233 262, 278).

     4)     Whether *in camera* review of the document Google has improperly clawed back is warranted to evaluate (i) Google's privilege assertion and (ii) the basis for Google's contentions that Plaintiffs' factual allegations concerning simultaneous interception were made in "bad faith."

Dated: October 18, 2021          Respectfully submitted,

By: */s/ Mark C. Mao*

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

Jesse Panuccio (admitted *pro hac vice*)
jpanuccio@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005
Tel.: (202) 237-2727
Fax: (202) 237-6131

James Lee (admitted *pro hac vice*)
jlee@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

William Christopher Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)

5

| | |
|---|---|
| 1 | srabin@susmangodfrey.com |
| | Steven Shepard (*pro hac vice*) |
| 2 | sshepard@susmangodfrey.com |
| | Alexander P. Frawley |
| 3 | afrawley@susmangodfrey.com |
| | SUSMAN GODFREY L.L.P. |
| 4 | 1301 Avenue of the Americas, 32nd Floor |
| | New York, NY  10019 |
| 5 | Telephone: (212) 336-8330 |
| 6 | |
| | Amanda Bonn (CA Bar No. 270891) |
| 7 | abonn@susmangodfrey.com |
| | SUSMAN GODFREY L.L.P. |
| 8 | 1900 Avenue of the Stars, Suite 1400 |
| | Los Angeles, CA 90067 |
| 9 | Telephone: (310) 789-3100 |
| 10 | |
| | John A. Yanchunis (*pro hac vice*) |
| 11 | jyanchunis@forthepeople.com |
| | Ryan J. McGee (*pro hac vice*) |
| 12 | rmcgee@forthepeople.com |
| | Michael F. Ram (CA Bar No. 238027) |
| 13 | mram@forthepeople.com |
| | Ra O. Amen (*pro hac vice*) |
| 14 | ramen@forthepeople.com |
| | MORGAN & MORGAN, P.A. |
| 15 | 201 N Franklin Street, 7th Floor |
| | Tampa, FL 33602 |
| 16 | Telephone: (813) 223-5505 |
| | Facsimile: (813) 222-4736 |
| 17 | |
| 18 | *Attorneys for Plaintiffs* |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

6