**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
  sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
  esantacana@willkie.com
LORI C. ARAKAKI (SBN: 315119)
  larakaki@willkie.com
ARGEMIRA FLOREZ (SBN: 331153)
  aflorez@willkie.com

Attorneys for
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al., individually and on behalf of all others similarly situated,<br><br>                              Plaintiffs,<br><br>    vs.<br><br>GOOGLE LLC,<br><br>                              Defendant. | Case No. 3:20-cv-04688-RS<br><br>**DEFENDANT GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' L.R. 7-11 ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO MOTION TO DISMISS THIRD AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**<br><br>Date:     October 28, 2021<br>Time:    1:30 p.m.<br>Place:   Courtroom 3 - 17th Floor<br><br>Action Filed:   July 14, 2020<br>Trial Date:     Not Yet Set |

This is a motion to dismiss. Plaintiffs were given leave to amend their CIPA section 631 claim. If they had facts or argument to include in support of their amended claim, they could have and should have included it as factual allegations in the Third Amended Complaint or at least in the form of argument in their opposition to Google's motion. Or in their last complaint or the two others before it. They have had for months all of the information they now rely upon, including the privileged, inadvertently produced document. They have also had for months a detailed interrogatory response that describes how GA for Firebase works. This proposed sur-reply is a desperate attempt to get the last word and distract from Plaintiffs' pleading failures. But it still fails to allege a new fact. It is improper and the Court should ignore it.

A Local Rule 7-11 request for leave to file a sur-reply "to reargue points that have been fully briefed and need no response" is not permitted in this District. *Opticurrent, LLC v. Power Integrations, Inc.*, No. 17-CV-03597-WHO, 2018 WL 6727826, at *17 (N.D. Cal. Dec. 21, 2018). Because Plaintiffs' proposed sur-reply reargues points that have been fully briefed, and because Google's discussion of the CIPA claim in its Reply in support of its Motion to Dismiss Third Amended Complaint did not raise any new arguments, facts, or evidence (or even include a single new case citation), Google opposes Plaintiffs' request.

The request for leave contains one sentence of argument, claiming that Google argued for the first time in its reply brief that Plaintiffs' CIPA amendment was made in "bad faith," thus justifying a sur-reply. It was the Court that explained in its last Order what a good faith amendment should look like. Plaintiffs ignored that, choosing instead to recite the legal elements of the claim in their new complaint without accompanying factual allegations that make such a claim plausible. Google pointed that out in its motion, and Plaintiffs responded in their opposition brief. *See* Opp'n to Mot. to Dismiss TAC, ECF No. 144 at 7:19 (characterizing Google's motion as "telling the court that Plaintiffs' revised allegations show bad faith"). Google revisited the issue in its reply brief, again arguing that the bare recitation of statutory elements did not comply with the Court's leave to amend. The issue is fully briefed, and no sur-reply is justified.

Turning to the proposed sur-reply, Plaintiffs rehash the arguments made in their opposition and accuse Google of introducing a factual dispute into its motion to dismiss. But it is Plaintiffs who argue that the Court should stay its hand on the motion to dismiss because of (1) an e-mail exchange in which Plaintiffs' counsel claimed that an inadvertently produced privileged document demonstrated the good faith of his factual allegations, coupled with (2) a conversation that Plaintiffs' counsel had with the undersigned in which he laid out his theory of the case and the undersigned decided to listen and "did not disagree" (or agree). *See* Mao Decl. iso Motion for Leave to File Proposed Sur-Reply, ECF No. 146-8 ¶ 3; Proposed Sur-Reply, ECF No. 146-6 at 2–3. None of that matters on a motion to dismiss. But for the avoidance of doubt, the undersigned did not and does not agree with Plaintiffs' counsel's theory of the case, and obviously did not concede the basis of Google's motion to dismiss during a meet-and-confer call. A decision by a party's counsel to listen to another counsel's recitation of his view of the facts in a meet-and-confer call is not evidence, nor is it relevant on a motion to dismiss, nor is it in any sense meaningful.

Ironically, Plaintiffs' sur-reply concedes that Google has accurately construed the basis of Plaintiffs' CIPA § 631 claim: "At bottom, the parties appear to have a legal dispute regarding Google's conduct under CIPA § 631, not a factual one." Proposed Sur-Reply, ECF No. 146-6 at 2:1–2. Plaintiffs add, in parentheses, "which is in any case not a basis for dismissal." *Id.* But they don't deny the issue is ripe for the Court—leaving aside conclusory allegations and the bare recitation of statutory elements, do the facts Plaintiffs alleged in the Third Amended Complaint when taken as true establish that Google intercepted the contents of communications while they were in transit? The Third Amended Complaint, like the complaint before it and the sur-reply, supplies the answer: No, Google Analytics for Firebase logs events to a user's device, but that information is not sent by the device to Google simultaneously.[1] *See* TAC ¶¶ 3, 4, 15, 46, 53, 56,

---

[1] Plaintiffs' counsel's e-mail purporting to recount the conversation in question concedes this as well, noting that there is a chronological disconnect between the time that events are logged and the time that a user's device "later transmits" those logged events to Google. Ex. BB to Mao Decl. iso Proposed Sur-Reply, ECF No. 146-12 at 2 (Mao to Santacana, et al., Oct. 14, 2021 5:14 p.m.).

57, 59, 120, 124, 126; Mot. to Dismiss TAC at 4–6. The failure to allege simultaneous transmission is fatal to the section 631 claim.[2] At most, Plaintiffs have alleged a recording, not an interception, and section 632, which applies to recordings, has a higher bar for a finding of liability than section 631—a bar that the Court already found Plaintiffs failed to clear.

In their proposed sur-reply, Plaintiffs rely on *Saleh v. Nike, Inc.*, No. 2:20-CV-09581-FLA (RAOx), 2021 WL 4437734, at *1 (C.D. Cal. Sept. 27, 2021), for the proposition that recordings made by a vendor can be interceptions. But in that case, FullStory was alleged to "watch and record, in real time," users' keystrokes on a website, *id.*, unlike here, where activity is alleged to have been first logged to the user's device, and then sent to Google. Regardless, the better reasoned decision on this question is Judge Beeler's decision on the same issue dealing with the same FullStory software in *Graham v. Noom, Inc.*, No. 20-cv-06903-LB, 2021 WL 1312765, at *6 (N.D. Cal. April 8, 2021). There, Judge Beeler reasoned that "[t]here is no equivalent of a wiretap here" because FullStory was providing the website operator a service as a vendor, and because there was no allegation that FullStory "intercepted and used" the otherwise lawfully recorded "data itself." *Id.* at *5–6. While Plaintiffs in this case do allege that Google used lawfully collected analytics data for itself without consent, they allege that this was accomplished by *duplicating* the logged data and *saving* it to a user's advertising profile, not by intercepting the data flow while the communications were in transit.

Finally, Plaintiffs protest the timing of Google's privilege log. That is irrelevant to the motion to dismiss, but Plaintiffs leave out that the parties *agreed* that Google would provide its privilege log for all documents produced thus far at the end of October. For the document that triggered Plaintiffs' instant filing, though, Google offered to meet and confer with Plaintiffs about its privilege claim this week. *See* Ex. CC to Mao Decl. iso Mot. for Leave to File Sur-Reply, ECF No. 146-14 at 1.

---

[2] *See Rogers v. Ulrich*, 52 Cal. App. 3d 894, 898–99 (1975); *Quiqley v. Yelp, Inc.*, No. 17-CV-03771-RS, 2018 WL 7204066, at *4 (N.D. Cal. Jan. 22, 2018); *see also Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878–79 (9th Cir. 2002); *In re Yahoo Mail Litig.*, 308 F.R.D. 577, 591 (N.D. Cal. 2015).

| | | |
|---|---|---|
| Dated: October 20, 2021 | | Respectfully submitted, |
| | | WILLKIE FARR & GALLAGHER LLP |
| | | |
| | | By:  /s/ Eduardo E. Santacana |
| | | Eduardo E. Santacana |