| | |
|---|---|
| Mark C. Mao, CA Bar No. 236165<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>**BOIES SCHILLER FLEXNER LLP**<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>mmao@bsfllp.com<br>brichardson@bsfllp.com<br><br>Jesse Panuccio (admitted *pro hac vice*)<br>**BOIES SCHILLER FLEXNER LLP**<br>1401 New York Ave, NW<br>Washington, DC 20005<br>Tel.: (202) 237-2727<br>Fax: (202) 237-6131<br>jpanuccio@bsfllp.com<br><br>Amanda K. Bonn, CA Bar No. 270891<br>**SUSMAN GODFREY L.L.P**<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel: (310) 789-3100<br>Fax: (310) 789-3150<br>abonn@susmangodfrey.com<br><br>*Attorneys for Plaintiffs* | William Christopher Carmody<br>(admitted *pro hac vice*)<br>Shawn J. Rabin (admitted *pro hac vice*)<br>Steven M. Shepard (admitted *pro hac vice*)<br>Alexander P. Frawley<br>(admitted *pro hac vice*)<br>**SUSMAN GODFREY L.L.P.**<br>1301 Avenue of the Americas,<br>32nd Floor<br>New York, NY  10019<br>Tel.: (212) 336-8330<br>bcarmody@susmangodfrey.com<br>srabin@susmangodfrey.com<br>sshepard@susmangodfrey.com<br>afrawley@susmangodfrey.com<br><br>John A. Yanchunis (admitted *pro hac vice*)<br>Ryan J. McGee (admitted *pro hac vice*)<br>Michael F. Ram (admitted *pro hac vice*)<br>Ra O. Amen (admitted *pro hac vice*)<br>**MORGAN & MORGAN**<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel.: (813) 223-5505<br>jyanchunis@forthepeople.com<br>rmcgee@forthepeople.com<br>mram@forthepeople.com<br>ramen@forthepeople.com |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIBAL RODRIGUEZ, JULIEANNA MUNIZ, ELIZA CAMBAY, SAL CATALDO, EMIR GOENAGA, JULIAN SANTIAGO, HAROLD NYANJOM, KELLIE NYANJOM, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.:  3:20-cv-04688<br><br>**DECLARATION OF MARK C. MAO IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE**<br><br>**(CIVIL LOCAL RULE 16-2)**<br><br>The Honorable Richard Seeborg<br>Courtroom 3 – 17th Floor<br>Date:  December 9, 2021<br>Time: 1:30 p.m. |

**DECLARATION OF MARK C. MAO**

I, Mark C. Mao, declare as follows.

1.     I am a partner with the law firm of Boies Schiller Flexner LLP, counsel for Plaintiffs in this matter. I am an attorney at law duly licensed to practice before all courts of the State of California. I have personal knowledge of the matters set forth herein and am competent to testify.

2.     This case was first filed on July 14, 2020 and the Case Management Scheduling Order was entered on October 23, 2020. Dkts. 1 & 59. Plaintiffs served discovery in this case less than three months after the action was filed and days after Google filed its first motion to dismiss. Specifically, Plaintiffs served their first set of document requests on Google on October 15, 2020. To date, Plaintiffs have served six total sets of document requests on Google containing 184 RFPs. Similarly, Plaintiffs served their first set of interrogatories on Google on November 4, 2020 and in total have served five sets of interrogatories. Plaintiffs have also served two sets of requests for admission.

3.     Despite Plaintiffs' efforts, Google has repeatedly thwarted and delayed Plaintiffs' efforts to obtain necessary discovery. To date, Google has only produced 13,707 documents, most of which were limited to Google Analytics. Of those documents, only 6,304 were produced from Google's ESI search of its three Google-selected custodians for Google Analytics for Firebase. That production pales in comparison to the 714,197 documents totaling more than 5.3 million pages produced by Google in the similarly complex *Brown v. Google* matter pending before Judge Koh and Magistrate Judge van Keulen, where there are 42 Google custodians. While the production in *Brown v. Google* is considerably further along than the instant case, the fact discovery deadline in the two cases are nearly identical. Worse yet, much of Google's overall production appears to be publicly-available documents and as well as duplicates. Google has also so far refused to produce documents responsive to many of Plaintiffs' document requests, which the parties are still negotiating.

4.     The need to extend the discovery schedule in this case first emerged in late-summer 2021 during the pendency of Google's motion to dismiss Plaintiffs' Second Amended Complaint. At the time, Google refused to produce broad categories of documents that went beyond Google

1

Analytics, claiming that it required the pleadings to be closed before committing to such production. To accommodate the delay caused by this refusal, Plaintiffs asked for a six-month extension of the existing discovery and expert disclosure deadlines. Google agreed that the deadlines were not realistic and represented to Plaintiffs that it would agree to a short modification of the schedule until after a ruling on its second motion to dismiss. Google said it was amenable to extending the discovery deadline further, but wanted the ruling to appropriately tailor the length of an additional extension. The parties submitted a joint requested modification of the existing scheduling order that sought to push the fact discovery deadline sixty days to January 11, 2022 and also reset the expert disclosure deadline to the same date—moving it from its prior December 13, 2021 date. Dkt. 125. The joint requested modification also acknowledged that the "parties agree to negotiate in good faith whether and to what extent a second extension may be needed after the Court has issued an order on the pending motion to dismiss." *Id.* The parties further agreed to "meet and confer regarding the other deadlines as needed" "[a]fter the Court has issued an order on the pending motion to dismiss." *Id.* Judge Seeborg entered the order modifying the schedule on August 13, 2021. Dkt. 126.

5.   The Court granted in part and denied in part Google's motion to dismiss the Second Amended Complaint on August 18, 2021. Dkt. 129. In that Order, the Court rejected Google's attempt to limit the case to Google Analytics and allowed Plaintiffs to proceed with discovery on AdMob and Cloud Messaging. *Id.* In response to that Order, Plaintiffs filed their Third Amended Complaint and Google sought to dismiss that complaint in a motion currently pending before the Court. Dkts. 138 & 139.

6.   Given that the pleadings remain unsettled, Google has still not provided any answer to any complaint in this action and has not otherwise identified any of its alleged affirmative defenses. Google recently asked for a stipulation on the motion to dismiss certain claims in the Third Amended Complaint and took the position that Google may not even be ready to answer Plaintiffs' allegations.

7.   While the pleading issues continue to be addressed by the Court, Plaintiffs have continued to press forward with discovery but have been met with delay from Google.

8. As mentioned above, a primary issue on which the parties are currently at odds is custodians. Google has only agreed to produce documents from five custodians of its own choosing, including documents from a single custodian for AdMob and a single custodian for Cloud Messaging—both of which are complex technologies at issue in the Third Amended Complaint that are critical to Plaintiffs' case. Plaintiffs have asked for five (5) AdMob custodians to start, given that AdMob produces the most revenue. Plaintiffs have asked for three (3) Cloud Messaging custodians—the same number as requested and granted by the Court for Google Analytics. But despite several meet and confers, Google maintains that it will offer only a total of five custodians for the entire case.

9. Plaintiffs previously raised the custodian issue before Magistrate Judge Tse, who ordered the parties to proceed with the production of the initial three Google-selected custodians, allow Plaintiffs to review those documents, and instructed the parties to "then meet and confer . . . regarding any further custodians Plaintiffs believe are justified in this case." Dkt. 106. Google has not complied with that order, informing Plaintiffs that it has not yet completed a full custodial production for those three custodians. Plaintiffs, on the other hand, have diligently complied with that order, reviewing the few documents produced so far and timely requesting information for 19 potential custodians and requesting additional relevant search terms.

10. Plaintiffs' request for specific additional custodians is based on Google's existing production. A subset of those documents are attached to this declaration.

11. A true and accurate copy of a document produced by Google starting with Bates Number GOOG-RDGZ-00020740 and used in support of Plaintiffs' request to have Google employee ███████ added as a custodian is attached as **Exhibit A**.

12. A true and accurate copy of a document produced by Google starting with Bates Number GOOG-RDGZ-00033244 and used in support of Plaintiffs' request for additional custodians is attached as **Exhibit B**.

13. A true and accurate copy of a document produced by Google starting with Bates Number GOOG-RDGZ-00024690 and used in support of Plaintiffs' request for additional custodians is attached as **Exhibit C**.

3

14. A true and accurate copy of a document produced by Google starting with Bates Number GOOG-RDGZ-00024698 and used in support of Plaintiffs' request for additional custodians ████████████████████ is attached as **Exhibit D**.

15. A true and accurate copy of a document produced by Google starting with Bates Number GOOG-RDGZ-00054795 and used in support of Plaintiffs' request for additional custodians is attached as **Exhibit E**.

16. Despite Plaintiffs' identification of those documents and use of them to support requests for more custodians, Google has declined to provide discovery from any of the requested individuals citing "burden" as a reason.

17. Google has also stonewalled Plaintiffs' efforts to raise this issue with Magistrate Judge Tse. Plaintiffs provided their custodian letter brief to Google on October 14, 2021. Despite repeated promises to get Google's portion of that brief to Plaintiffs, Plaintiffs only received Google's portion of the letter brief more than two weeks after requesting it and only hours before filing this motion. Plaintiffs are currently waiting on Google's portions of three additional joint discovery submissions, submissions that in some cases Plaintiffs have waited on for weeks.

18. There are various outstanding discovery issues that are outlined in the paragraphs that follow. Plaintiffs have engaged in hundreds of hours of letter-exchanges and meet and confers with Google on these and other discovery deficiencies, often waiting many weeks before receiving any substantive response from Google (if any response is received at all).

19. *Search Term Issue:* Google has delayed Plaintiffs' request for additional search terms to be run against agreed-upon custodians. Despite repeatedly raising the issue with Google in detailed letters, Google appears to have unilaterally run only a portion of Plaintiffs' proposed terms without providing any hit counts or evidence supporting Google's decision to reject others on the grounds of "overbreadth." Plaintiffs provided Google with a joint submission for the Court to consider more than a week ago. The parties, however, are continuing to meet and confer to address these issues.

20. *Preservation Issue*: Google is also stonewalling Plaintiffs' efforts to present certain ESI preservation issues to the Court. Plaintiffs sent Google a draft joint dispute letter on this topic

4

1  more than two weeks ago on October 14, 2021, and Google still has not provided its insert. This
2  is critical, as it appears that Google is not only withholding but also destroying relevant evidence.
3  Google has declined to preserve data ████████████████████████████████████
4  ████████████████████████████████████████████████████████████████████████
5  ████████████████████████████████████████████████████████████████████████
6  ██████████████████████████████████████████████████ After months of
7  negotiations regarding ESI preservation, Google has steadfastly refused to identify which data
8  sources may be relevant to WAA-off collection and sources related to the use of data collected.
9  Google is not only refusing to allow inspection of the technology at issue, such as source code,
10 algorithms, schemas, and logs. It is refusing to preserve them. Google has also taken the position
11 in this case that it would only produce relevant logs after a class has been certified. This has
12 resulted in Plaintiffs lacking basic documents concerning Google's creation of the WAA controls
13 at issue in this lawsuit, and more documents are needed to put together a timeline of the changes
14 Google has made to its Firebase-collected data over time. ████████████████
15 ████████████████████████████████████████████████████████████████████████
16 ████████████████████████████████████████████████████████████████████████
17 ███████████████████████████████████ Plaintiffs know that from a document produced by
18 Google. A true and accurate copy of that document produced by Google starting with Bates
19 Number GOOG-RDGZ-00019095 is attached as **Exhibit F**.

20    21.   *Claw-Back Issue:* Google has recently "clawed-back" documents harmful to it—
21 including a document that on its face contained no indicia of privilege and that was already
22 redacted for privilege prior to production. The document is purely technical in nature given its
23 status as a "Privacy Design Document" created by and for Google engineers. Google clawed back
24 this document after Plaintiffs identified that it undercut Google's baseless argument that Plaintiffs
25 acted in bad faith in making allegations in its Third Amended Complaint. Plaintiffs intend to bring
26 this issue before the Court and have already sent Google their portion of a joint discovery brief on
27 the topic. Google has not yet responded with its portion of the joint submission but has offered a
28 compromise.

22. **Privilege Log Issue:** Google has not produced any privilege log, even with respect to documents already produced. Plaintiffs have requested this log but have yet to receive it.

23. **Deposition Issue:** Google is now attempting to force Plaintiffs to take overlapping fact and 30(b)(6) depositions only days after its promised end-of-October production containing limited custodial documents relating to the individuals to be deposed—well before it has even come close to making the bulk of its document production. Plaintiffs served their first 30(b)(6) deposition in March 2021 and sought once to compel that deposition. Simultaneously, Google has previously taken the position that Plaintiffs, who it is intent into forcing into immediate depositions, will be unable to amend the 30(b)(6) notice once those depositions have begun. Plaintiffs have drafted a motion on this topic, but are still attempting to work with Google to reach a compromise on this issue.

24. **Source Code Issue:** Despite repeated requests, Google has not produced any source code or algorithms, even source code related to Google Analytics that Google claimed it was "examining" in summer 2021, and it has made no commitment to producing similar source code relating to AdMob and Cloud Messaging. All technical source code, algorithms, schemas for data, or logs for the data at issue have been withheld.

25. **RFP and Other Identification Issues:** In addition to the above issues, there are also several RFP-specific discovery disputes, many of which relate to Google's failure to identify any data sources or logs for AdMob even though it does not dispute that AdMob is used for real-time-bidding ("RTB"), which includes the mobile app URLs even when WAA/sWAA ("Supplemental Web & App Activity") is off. Google has also not produced any documents, code, algorithms, or data schema relating to RTB, AdMob, or Cloud Messaging. This issue will almost certainly require Court intervention.

26. Give these issues, despite Plaintiffs' diligence, the current January 11, 2021 fact-discovery deadline is unworkable and would result in prejudice to Plaintiffs. More time is required. Despite repeated requests, most recently in an October 21, 2021 email sent to Google's counsel, Google has declined to offer any extension of the deadline (despite its prior commitment to

negotiate in good faith a more realistic extension of the deadlines). Obtaining that relief and an extension of the current Case Scheduling Order is the purpose of this motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 29th day of October, 2021, at San Francisco, California.

/s/ Mark C. Mao