**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
  sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
  esantacana@willkie.com
LORI C. ARAKAKI (SBN: 315119)
  larakaki@willkie.com
ARGEMIRA FLOREZ (SBN: 331153)
  aflorez@willkie.com

Attorneys for
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| ANIBAL RODRIGUEZ, *et al.* individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>vs<br><br>GOOGLE LLC, *et al.*<br><br>Defendant. | Case No.  3:20-CV-04688 RS<br><br>**DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE**<br><br>[*Declaration of Steve Ganem in Support of Plaintiffs' Administrative Motion to Seal filed concurrently herewith*]<br><br>Judge:         Hon. Richard Seeborg<br>Courtroom:  3, 17th Floor<br>Date:           December 9, 2021<br>Time:          1:30 p.m. |

I, EDUARDO E. SANTACANA, declare:

1. I am an attorney licensed to practice law in the State of California and am a partner with the law firm of Willkie Farr & Gallagher LLP, located at One Front Street, San Francisco, California 94111, counsel for Defendant Google LLC ("Google") in the above-captioned action. Unless otherwise stated, the facts I set forth in this declaration are based on my personal knowledge or knowledge I obtained through my review of corporate records or other investigation. If called to testify as a witness, I could and would testify competently to such facts under oath.

2. I submit this declaration in support of the Administrative Motion to Seal Portions of Plaintiffs' Motion for Relief from Case Management Schedule ("Motion to Seal") filed by Plaintiffs. ECF No. 152. I am making this declaration pursuant to Civil L.R. 79-5(f) as an attorney for the "Designating Party," as that term is used in that rule. Per the instructions provided on the Northern District of California's website, this declaration is drafted so that it does not contain confidential information and does not need to be filed under seal. *See* http://www.cand.uscourts.gov/ecf/underseal.

3. Steve Ganem, a Google Group Product Manager with supervisory authority concerning Google Analytics for Firebase, has also reviewed the information Google seeks to keep under seal and his declaration is submitted in support of the Motion to Seal, on behalf of the Designating Party within the meaning of Civil L.R. 79-5. ***See* Declaration of Steve Ganem in Support of Plaintiffs' Motion to Seal filed concurrently herewith.**

4. On November 29, 2021, Plaintiffs filed their Motion to Seal, with certain information conditionally under seal, including (1) portions of Plaintiffs' Motion for Relief from Case Management Schedule ("Motion for Relief"); (2) portions of the Declaration of Mark C. Mao in Support of Plaintiffs' Motion for Relief ("Mao Declaration"); and (3) Exhibits A–F to the Mao Declaration. On that same day, I received unredacted service copies of each of these documents. I have reviewed the documents Plaintiffs seek to file under seal pursuant to Civil Local Rule 79-5, unredacted copies of which have been filed at ECF Nos. 152-4, 152-6, 152-8,

152-10, 152-12, 152-14, 152-16, 152-18, as well as the Civil Local Rules of this Court governing such motions.

5.  Plaintiffs' Motion to Seal seeks to redact and file under seal information that was designated "Confidential" and "Highly Confidential – Attorneys' Eyes Only" by Google under the parties' stipulated Protective Order.

6.  Google seeks to seal the following information:

   a. Motion for Relief – portions of lines 6:24-27, 15:16-17, 15:19-23 identified in paragraphs 11, 13, 15–16 below

   b. Mao Declaration – portions of 5:15 identified in paragraph 15 below

   c. Exhibits A–F – entirety

7.  Google has thus pared down Plaintiffs' proposed redactions and seeks to seal less than seven lines of Plaintiffs' Motion for Relief, less than one line in the Mao Declaration, as well as Exhibits A–F in their entirety. None of the redacted portions of Plaintiffs' Motion for Relief or Mao Declaration that Google seeks to seal or the underlying exhibits would clarify the public's understanding of the scheduling matter at issue before the Court. Indeed, the portions of the Motion for Relief Google seeks to keep under seal concern discovery disputes: whether Google's "productions support the need for more custodians" (Mot. for Relief at 6:19)—a dispute currently pending before Magistrate Judge Tse (ECF No. 155); and whether Plaintiffs are entitled to additional documents—a dispute Plaintiffs tacitly acknowledge should be decided by Judge Tse whose "guidance" they may seek (Mot. for Relief at 15:2-3). All the exhibits Plaintiffs have filed in support of those discovery arguments are likewise unnecessary to aid the public's understanding of the scheduling issues.

8.  In any case, because the Motion to Seal was filed in connection with a non-dispositive motion concerning case deadlines, "the usual presumption of the public's right of access is rebutted." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Accordingly, the lower "good cause" standard applies to the material Google seeks to seal. *Id.* at 1179–80.

9. Based on my review of the unredacted filings, there is good cause to protect all the information Google seeks to seal.

10. **Exhibit A** discloses Google's confidential and proprietary information concerning the technical underpinnings of several of Google's products and settings, as well as the interaction between them, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such highly confidential information reveals Google's internal strategy, product design, and products' abilities, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 70. Public disclosure of such highly confidential information could detrimentally affect Google's competitive standing as competitors may alter their product or system designs and practices relating to competing products. Exhibit A also relates exclusively to an issue unrelated to the allegations in this case: namely, an article discussing whether users were confused about the saving of their location information to WAA when WAA was turned *on*. Apart from relating to a different complaint about the same product, Exhibit A has no relevance in this case.

11. **Exhibit B** discloses Google's confidential and proprietary information concerning Google's internal technological systems and processes used to store data Google receives via its products. Specifically, Exhibit B discloses Google's process for maintaining and sorting data from app events collected by GA for Firebase. Google considers this information proprietary, maintains it as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors. Such highly confidential information reveals Google's internal strategy, system design, and system abilities, and falls within the protected scope of the Protective Order entered in this action. *See* ECF No. 70. Public disclosure of such highly confidential information could detrimentally affect Google's competitive standing as competitors may alter their product or system designs and practices relating to products that compete with GA for Firebase. **Page 6, lines 24-25 of Plaintiffs' Motion for Relief**, at "REDACTED" (". . . raise concerns about the" [REDACTED] Id. ¶ 12, Ex. B . . .), comprises quotes from and characterization of Exhibit B, and disclosure thus prejudices Google for the same reasons.

12.     **Exhibits C & D**, which are part of the same email thread, disclose Google's internal technological systems and processes governing the data Google receives via its products and Google's storage of such data.  Exhibits C & D also disclose the relationship between several products and processes and other proprietary Google functions.  Google maintains this information as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors.  Such highly confidential information reveals Google's internal strategy, product and system design, and products' and systems' abilities, and falls within the protected scope of the Protective Order entered in this action.  *See* ECF No. 70.  Public disclosure of such highly confidential information could detrimentally affect Google's competitive standing as competitors may alter their product designs.

13.     **Exhibit E** discloses Google's confidential and proprietary information concerning the technical design of Google's analytics, advertising, and other products, as well as Google's strategy and consideration of risks for specific products.  Google considers this information proprietary, maintains it as confidential in the ordinary course of its business and it is not generally known to the public or Google's competitors.  Such highly confidential information reveals Google's internal strategy, product and system design and abilities, and falls within the protected scope of the Protective Order entered in this action.  *See* ECF No. 70.  Public disclosure of such highly confidential information could detrimentally affect Google's competitive standing as competitors may alter their product or system designs and practices.  **Page 6, lines 26-27 of Plaintiffs' Motion for Relief**, quotes from Exhibit E, and disclosure thus prejudices Google for the same reasons.

14.     **Exhibit F** is an internal performance review of a Google product manager (PM) that compiles confidential and proprietary technical, business, and personal information concerning Google projects and work spanning several years.  This exhibit discloses highly confidential, proprietary information about the technology underlying the product managed by the PM, as well as about the technology of many related products, functions, and services, including Google's technological systems and processes used to store data Google receives via its products.  The information contained therein thus falls within the protected scope of the Protective Order entered

in this action.  *See* ECF No. 70.  Exhibit F also reveals proprietary information concerning Google's product design strategy, business strategy, and its consideration of various risks.  Public disclosure of such highly confidential information could detrimentally affect Google's competitive standing as competitors may alter their product or system designs and practices.  In addition, Exhibit F reveals internal project names Google does not use publicly, as well as the technical and strategic details of such projects which Google likewise does not reveal publicly.  Revealing internal project names and details would cause significant risk to Google, including cyber security risk.  For example, an individual interested in improperly accessing Google's systems could target particular proprietary documents and information for improper uses if he or she knew Google's confidential internal names, like this one.  Exhibit F also discloses Google's confidential business strategy and approach to internal employee review and promotion.  And Exhibit F reveals confidential personal information about the Google PM's job performance, including private discussion of areas for improvement and advancement potential.  Google considers all of this information proprietary and/or highly confidential, and it maintains the information as confidential in the ordinary course of its business.

15. **Page 15, lines 16-17 of Plaintiffs' Motion for Relief** and **Paragraph 20 of the Mao Declaration, at page 5, line 15,** at "REDACTED" (". . . project known as [REDACTED] was designed to allow Google to [REDACTED]—the very thing . . ."), and **Page 15, line 19 of Plaintiffs' Motion for Relief**, at "REDACTED" (". . . was rolling out [REDACTED]"), discloses the confidential internal name and details of an internal Google project discussed in Exhibit F.  Google does not discuss the project or use the project name publicly, and revealing the internal project name or technical function would present a serious risk of irreparable harm to Google for the reasons stated in paragraph 14 above.

16. **Page 15, lines 20-23 of Plaintiffs' Motion for Relief**, at "REDACTED" ("Google released [REDACTED] *Id*. After that point, Google apparently [REDACTED] *Id*."), discloses the confidential internal name and proprietary details of a different internal Google project discussed in Exhibit F.  Google does not discuss this project or use the project name publicly, and revealing

1  the internal project name or its technical details would present a serious risk of irreparable harm to
2  Google for the reasons stated in paragraph 14 above.

3        17.    Courts have repeatedly found it appropriate to seal documents that contain "business
4  information that might harm a litigant's competitive standing, *Nixon v. Warner Commc'ns, Inc.*,
5  435 U.S. 589, 589-99 (1978), or any other "commercially sensitive information," *Palantir Techs.*
6  *Inc. v. Abramowitz*, No. 19-CV-06879-BLF, 2021 WL 1925459, at *2 (N.D. Cal. Mar. 5, 2021).
7  Good cause to seal is shown when a party seeks to seal materials that "contain[] confidential
8  information about the operation of [the party's] products and that public disclosure could harm
9  [the party] by disclosing confidential technical information." *Digital Reg. of Texas, LLC v. Adobe*
10 *Sys., Inc.*, No. C 12-1971 CW, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014). Courts in this
11 district have also determined that motions to seal may be granted as to confidential business
12 information that provides an "opportunity to obtain an advantage over competitors who do not
13 know or use it" because such information can be a trade secret. *See, e.g., In re Elec. Arts, Inc.*,
14 298 F. App'x 568, 569 (9th Cir. 2008) (sealing exhibit containing trade secrets and adopting
15 definition of trade secret as "any formula, pattern, device or compilation of information which is
16 used in one's business, and which gives him an opportunity to obtain an advantage over
17 competitors who do not know or use it"); *see, e.g., United Tactical Sys., LLC v. Real Action*
18 *Paintball, Inc.*, 2015 WL 295584, at *3 (N.D. Cal. Jan. 21, 2015) (rejecting argument against
19 sealing "that [the party] ha[s] not shown that the substance of the information . . . amounts to a
20 trade secret").

21       18.    Public disclosure of the information Google seeks to keep under seal would harm
22 Google's competitive standing it has earned through years of innovation and careful deliberation,
23 by revealing sensitive aspects of Google's proprietary systems, strategies, and designs to Google's
24 competitors. That alone is a proper basis to seal such information. *See, e.g., Free Range Content,*
25 *Inc. v. Google Inc.*, No. 14-cv-02329-BLF, ECF No. 192, at 6–8 (N.D. Cal. May 3, 2017)
26 (granting Google's motion to seal certain sensitive business information).

27       19.    Moreover, if publicly disclosed, malicious actors may use such information to seek
28 to compromise Google's internal systems and operations. Google would be placed at an increased

risk of cyber security threats. *See, e.g., In re Google Inc. Gmail Litig.*, No. 13-md-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing material that "if made public Google contends could lead to a breach in the security" of Google's systems). The security threat is an additional reason for this Court to seal the identified information.

20. Additionally, courts do not hesitate to protect both confidential employee information as well as a company's business strategy disclosed by performance reviews. *See, e.g., Dynetix Design Sols. Inc. v. Synopsys Inc.*, No. C 11-CV-05973 PSG, 2013 WL 2285210, at *1 (N.D. Cal. May 23, 2013) (request to seal "personal performance review" is granted because it "contains sensitive personal information"); *Moussouris v. Microsoft Corp.*, No. 15-CV-1483 JLR, 2018 WL 2124162, at *2 (W.D. Wash. Apr. 25, 2018), *report and recomm. adopted*, 2018 WL 2124084 (May 8, 2018) ("allocation of ratings during performance reviews" reflects "confidential business strategy" warranting sealing). The confidential personal information and business strategy disclosed in Exhibit F is another reason to warrant sealing.

21. Google has narrowly tailored its request to seal only extraneous, confidential, proprietary material that is not necessary to aid the public's understanding of the content at issue in Plaintiffs' request for relief from the case schedule. Google has pared down Plaintiffs' proposed redactions in the Motion for Relief and Mao Declaration such that they are limited in scope and volume. And there is no public need to review the exhibits to the Motion for Relief to understand the scheduling issues before the Court. Because Google's request to seal is narrowly tailored and limited to documents or portions thereof that reveal Google's highly-confidential or confidential information that is not generally known to the public or Google's competitors, Google respectfully requests that the Court order portions of the Motion for Relief and Mao Declaration discussed above and Exhibits A–F be filed under seal.

Executed November 5, 2021, at San Francisco, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ Eduardo E. Santacana*
EDUARDO E. SANTACANA
