**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
  sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
  esantacana@willkie.com
LORI C. ARAKAKI (SBN: 315119)
  larakaki@willkie.com
ARGEMIRA FLOREZ (SBN: 331153)
  aflorez@willkie.com

Attorneys for
GOOGLE LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO

| | |
|---|---|
| ANIBAL RODRIGUEZ, *et al.* individually and on behalf of all other similarly situated,<br><br>                     Plaintiffs,<br><br>    vs<br><br>GOOGLE LLC, *et al*.<br><br>                     Defendant. | Case No.  3:20-CV-04688 RS<br><br>**DECLARATION OF STEVE GANEM IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE**<br><br>[*Declaration of Eduardo E. Santacana in Support of Plaintiffs' Administrative Motion to Seal filed concurrently herewith*]<br><br>Judge:         Hon. Richard Seeborg<br>Courtroom: 3, 17th Floor<br>Date:          December 9, 2021<br>Time:         1:30 p.m. |

I, STEVE GANEM, declare:

1. I am a Group Product Manager at Google LLC ("Google") with supervisory authority concerning Google Analytics for Firebase ("GA for Firebase"). In my role as Group Product Manager, I am familiar with Google's practices regarding the treatment of sensitive business and technical information.

2. Unless otherwise stated, the facts I set forth in this declaration are based on my personal knowledge or knowledge I obtained through my review of corporate records or other investigation. If called to testify as a witness, I could and would testify competently to such facts under oath.

3. I submit this declaration in support of the Administrative Motion to Seal Portions of Plaintiffs' Motion for Relief from Case Management Schedule filed by Plaintiffs. ECF No. 152.

4. I have reviewed portions of (1) Plaintiffs' Motion for Relief from Case Management Schedule ("Motion for Relief") (ECF No. 152-4); (2) Declaration of Mark C. Mao in Support of Plaintiffs' Motion for Relief ("Mao Declaration") (ECF No. 152-6); and (3) Exhibits A–F to the Mao Declaration (ECF Nos. 152-8, -10, -12, -14, -16, -18) that have been designated for sealing.

5. **Exhibit A** contains a discussion between several Google product managers and other employees, which discloses confidential and proprietary information concerning the technical underpinnings of several of Google's products and settings, as well as the interaction between them. The thread also discloses Google's product design and strategy, including consideration of specific risks. Google considers this information proprietary, and it is kept confidential both internally at Google and in litigation, and it should be shielded from unnecessary public disclosure.

6. **Exhibit B** contains a discussion between a Google software engineer and myself that discloses confidential information about Google's internal technological systems and

processes used to store data Google receives via its products, including consideration of specific risks. Google considers this information proprietary, and it is kept confidential both internally at Google and in litigation, and it should be shielded from unnecessary public disclosure.

7. **Page 6, lines 24-25 of Plaintiffs' Motion for Relief**, at "REDACTED" (". . . raise concerns about the" [REDACTED] *Id.* ¶ 12, Ex. B . . .), comprises quotes from and characterization of Exhibit B that are confidential and proprietary for the same reasons applicable to Exhibit B, as stated in paragraph 6 above.

8. **Exhibits C & D** are parts of the same email thread between a Google engineering manager, product manager, and content strategist. The thread discloses Google's internal technological systems and processes used to store data Google receives via its products, including the relationship between those products and processes and other proprietary Google functions. The thread also discloses Google's product design and strategy, including consideration of specific risks. Google considers this information proprietary, and it is kept confidential both internally at Google and in litigation, and it should be shielded from unnecessary public disclosure.

9. **Exhibit E** is an email thread between a Google software engineer and myself and other Google employees. The thread discloses Google's product design and strategy for a specific Google product, including the consideration of specific risks. This is information that is kept confidential both internally at Google and in litigation. That part also reveals confidential and proprietary information concerning Google's methods for maintaining and categorizing user data and identification markers, which Google considers proprietary information that should be shielded from unnecessary public disclosure.

10. **Page 6, lines 26-27 of Plaintiffs' Motion for Relief**, quotes from Exhibit E and is thus confidential and proprietary for the same reasons stated in paragraph 9 above.

11.     **Exhibit F** is a performance review of a Google product manager (PM) compiling information from projects and work spanning several years.  Exhibit F not only discloses highly confidential, proprietary information about the technology underlying the product managed by the PM but also about the technology of related products, functions, and services, including Google's technological systems and processes used to store data Google receives via its products.  Exhibit F also contains proprietary information concerning Google's product design strategy, business strategy, and consideration of various risks.  Google considers this information proprietary, and it is kept confidential both internally at Google and in litigation, including because it is the type of information that could cause harm to Google if obtained by a competitor.

12.     Exhibit F also contains numerous references to and uses of internal project names Google does not discuss publicly, as well as the technical and strategic details of such projects which Google likewise does not reveal publicly.  Revealing internal project names or their functions would present a serious risk of irreparable harm to Google.  Specifically, an individual interested in improperly accessing Google's systems could target particular proprietary documents and information for improper uses if he or she knew Google's confidential internal names, like ones in Exhibit F.  Thus, it is very important that internal names and project details not be revealed outside of Google.  The fact that all of this confidential technical information and strategy discussion is compiled in one location makes it particularly important that this document not be disclosed publicly because it would facilitate a bad actor in improperly using the information to harm Google, and it means no more limited sealing would appropriately protect Google's confidential and proprietary information.

13.     Exhibit F also reflects Google's confidential business strategy and approach to internal employee review and promotion.  And Exhibit F contains highly confidential personal

information about a third party—the Google PM who is the subject of the performance review. Exhibit F discloses the PM's performance at Google, private discussion of areas for improvement and advancement potential, along with other private work performance information. The PM could easily be identified and related to the private information contained within Exhibit F if it becomes publicly available. This is the type of information that is considered highly confidential internally at Google, is not widely disclosed, discussed, or distributed, and is regularly protected from unnecessary public disclosure.

14. **Page 15, lines 20-23 of Plaintiffs' Motion for Relief,** at "REDACTED" ("Google released [REDACTED] *Id.* After that point, Google apparently [REDACTED] *Id.*"), characterizes Exhibit F and references and discusses a specific confidential and proprietary Google project. Google does not discuss this project or use the project name publicly, and revealing the internal project name or technical function would present a serious risk of irreparable harm to Google for the reasons stated in paragraph 12 above. The confidential and proprietary project also discloses Google's product design and strategy, which is kept confidential both internally at Google and in litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed November 5, 2021, at San Francisco, California.

STEVE GANEM