**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
  sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
  esantacana@willkie.com
LORI C. ARAKAKI (SBN: 315119)
  larakaki@willkie.com
ARGEMIRA FLOREZ (SBN: 331153)
  aflorez@willkie.com

Attorneys for
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| ANIBAL RODRIGUEZ, *et al.* individually and on behalf of all other similarly situated,<br><br>                              Plaintiffs,<br><br>    vs<br><br>GOOGLE LLC, *et al*.<br><br>                              Defendant. | Case No.  3:20-CV-04688 RS<br><br>**DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL PORTIONS OF CUSTODIAN JOINT LETTER BRIEF**<br><br>[*Declaration of Steve Ganem in Support of Plaintiffs' Administrative Motion to Seal filed concurrently herewith*]<br><br>Judge:         Hon. Alex G. Tse<br>Action Filed:  July 14, 2020<br>Trial Date:    Not Set |

1    I, EDUARDO E. SANTACANA, declare:

2    1.   I am an attorney licensed to practice law in the State of California and am a partner
3    with the law firm of Willkie Farr & Gallagher LLP, located at One Front Street, San Francisco,
4    California 94111, counsel for Defendant Google LLC ("Google") in the above-captioned action.
5    Unless otherwise stated, the facts I set forth in this declaration are based on my personal
6    knowledge or knowledge I obtained through my review of corporate records or other
7    investigation. If called to testify as a witness, I could and would testify competently to such facts
8    under oath.

9    2.   I submit this declaration in support of the Administrative Motion to Seal Portions of
10   Custodian Joint Letter Brief ("Motion to Seal") filed by Plaintiffs. ECF No. 154. I have reviewed
11   an unredacted version of the Custodian Joint Letter Brief (ECF No. 154-3) as well as all
12   documents cited therein. I have reviewed Plaintiffs' Motion to Seal and the Civil Local Rules of
13   this Court governing such motions, and submit this supporting declaration under Civil
14   L.R. 79-5(f). Per the instructions provided on the Northern District of California's website, this
15   declaration is drafted so that it does not contain confidential information and does not need to be
16   filed under seal. *See* http://www.cand.uscourts.gov/ecf/underseal.

17   3.   Steve Ganem, a Google Group Product Manager with supervisory authority
18   concerning Google Analytics for Firebase, has also reviewed the information Google seeks to
19   keep under seal and his declaration is submitted in support of the Motion to Seal, on behalf of the
20   Designating Party within the meaning of Civil L.R. 79-5. ***See* Declaration of Steve Ganem in**
21   **Support of Plaintiffs' Motion to Seal filed concurrently herewith.**

22   4.   Plaintiffs' Motion to Seal seeks to redact and file under seal information that was
23   designated "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
24   ONLY" by Google under the parties' stipulated Protective Order. None of the redacted portions
25   of Plaintiffs' filing would clarify the public's understanding of the discovery matters at issue in
26   this pending brief. In any case, because the Motion to Seal was filed in connection with non-
27   dispositive, discovery briefing, the lower, "good cause" standard applies. The material Google
28   seeks to seal meets this standard.

5. The lower sealing standard means that though the material Plaintiffs submitted is subject to a presumption of public access, this presumption does not apply with equal force to non-dispositive materials. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). A "'good cause' showing will suffice to seal documents produced in discovery." *Id.* at 1180.

6. In particular, Google seeks to seal select portions of 3 paragraphs on pages 1 and 2 of the Custodian Joint Letter Brief. ECF No. 154-3 at 1 and 2.

7. Page 1, paragraph 6, line 11, contains information that Google has designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." It includes a confidential and proprietary Google project name that Google does not use publicly. Revealing this internal project name would present a serious risk of irreparable harm to Google. For example, an individual interested in improperly accessing Google's systems could target particular proprietary documents and information for improper uses if he or she knew Google's confidential internal names, like this one. It is important that these internal names not be revealed outside of Google.

8. Google seeks to seal select portions in the second paragraph of page 2 comprising quotes and characterizations of two emails that were designated "Confidential" by Google under the stipulated Protective Order. Both of these documents and the information quoted therein are the subject of a currently pending motion to seal (ECF No. 152). The first portion, at lines 3-4, quotes from an email reflecting a discussion between a software engineer and senior product manager that includes confidential information about Google's internal technological systems and processes used to store data Google receives via its products.

9. The second portion, at lines 5-7, quotes from and characterizes another email from the same engineer to a senior product manager, and other Google employees. That thread, and that quote specifically, comprises information that discloses Google's product design and strategy, including the consideration of specific risks. This is information that is kept confidential both internally at Google and in litigation. The thread concerns Google's process for maintaining and sorting data from app events collected by GA for Firebase, which Google considers proprietary information that should be shielded from unnecessary public disclosure. In addition to the risk of

1  harm, as stated in paragraph 6, above, revealing this information would prejudice Google in that
2  competitors could mimic Google's processes to create products that compete with GA for
3  Firebase.
4     10.   Google also seeks to seal select portions in the fourth paragraph of page 2, lines 3-8,
5  that quote from email discussions designated "Confidential" by Google under the stipulated
6  Protective Order between a Google software engineer and product manager, where they consider
7  product changes and disclose the technical aspects of what Google seeks to change.  In doing so,
8  these Google employees disclose non-public, proprietary information regarding how and where
9  Google stores specific data, including the specific names of internal archival logs.  Revealing
10 these internal names would present a serious risk of irreparable harm to Google for the reasons
11 stated in paragraph 6, above.
12    11.   Google has narrowly tailored its request to seal only extraneous, confidential,
13 proprietary material that is not necessary to aid the public's understanding of the content at issue
14 in this discovery briefing, and that is therefore unnecessary to subject to the presumption of public
15 access.
16    Executed November 8, 2021, at San Francisco, California.
17    I declare under penalty of perjury under the laws of the United States of America that the
18 foregoing is true and correct.

          /s/ Eduardo E. Santacana
          EDUARDO E. SANTACANA