**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
  sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
  esantacana@willkie.com
LORI C. ARAKAKI (SBN: 315119)
  larakaki@willkie.com
ARGEMIRA FLOREZ (SBN: 331153)
  aflorez@willkie.com

Attorneys for
GOOGLE LLC

# UNITED STATES DISTRICT COURTS
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO

| | |
|---|---|
| ANIBAL RODRIGUEZ, *et al.* individually and on behalf of all other similarly situated,<br><br>  Plaintiffs,<br><br>vs<br><br>GOOGLE LLC, *et al.*<br><br>  Defendant. | Case No.  3:20-CV-04688 RS<br><br>**DECLARATION OF STEVE GANEM IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL PORTIONS OF CUSTODIAN JOINT LETTER BRIEF**<br><br>[*Declaration of Eduardo E. Santacana in Support of Plaintiffs' Administrative Motion to Seal filed concurrently herewith*]<br><br>Judge:        Hon. Alex G. Tse<br>Action Filed: July 14, 2020<br>Trial Date:   Not Set |

I, STEVE GANEM, declare:

1. I am a Senior Product Manager at Google LLC with supervisory authority concerning Google Analytics for Firebase ("GA for Firebase"). Unless otherwise stated, the facts I set forth in this declaration are based on my personal knowledge or knowledge I obtained through my review of corporate records or other investigation. If called to testify as a witness, I could and would testify competently to such facts under oath.

2. I submit this declaration in support of the Administrative Motion to Seal Portions of Custodian Joint Letter Brief ("Motion to Seal") filed by Plaintiffs. ECF No. 154. I have reviewed an unredacted version of the Custodian Joint Letter Brief (ECF No. 154-3) as well as all documents cited therein.

3. Plaintiffs' Motion to Seal seeks to redact and file under seal information that was designated "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Google under the parties' stipulated Protective Order. Google seeks to seal narrowly tailored portions of pages 1 and 2 of the Custodian Joint Letter Brief. ECF No. 154-3 at 1 and 2.

4. Page 1, paragraph 6, line 11, contains information that Google has designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." It includes a confidential and proprietary Google project name that Google does not use publicly. Revealing this internal project name would present a serious risk of irreparable harm to Google. Specifically, an individual interested in improperly accessing Google's systems could target particular proprietary documents and information for improper uses if he or she knew Google's confidential internal names, like this one. Thus, it is very important that these internal names not be revealed outside of Google.

5. Google seeks to seal select portions in the second paragraph of page 2 comprising quotes and characterizations of two emails. The first portion, at lines 3-4, reflects a discussion

between a software engineer and myself that includes confidential information about Google's internal technological systems and processes used to store data Google receives via its products. This information is both confidential and proprietary. The second portion, at lines 5-7, quotes from and characterizes another email from the same engineer to myself, and other Google employees. That thread, and that quote specifically, comprises information that discloses Google's product design and strategy, including the consideration of specific risks. This is information that is kept confidential both internally at Google and in litigation. The thread concerns Google's process for maintaining and sorting data from app events collected by GA for Firebase, which Google considers proprietary information that should be shielded from unnecessary public disclosure.

6.  Google also seeks to seal select portions in the fourth paragraph of page 2, lines 3-8, that quote from email discussions between a Google software engineer and product manager where they consider product changes and disclose the technical aspects of what Google seeks to change. In doing so, these Google employees disclose non-public, proprietary information regarding how and where Google stores specific data, including the specific names of internal archival logs. Revealing these internal names would present a serious risk of irreparable harm to Google for the reasons stated in paragraph 4, above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed November [5], 2021, at San Francisco, California.

STEVE GANEM