1    **WILLKIE FARR & GALLAGHER LLP**
     BENEDICT Y. HUR (SBN: 224018)
2      bhur@willkie.com
     SIMONA AGNOLUCCI (SBN: 246943)
3      sagnolucci@willkie.com
     EDUARDO E. SANTACANA (SBN: 281668)
4      esantacana@willkie.com
     LORI C. ARAKAKI (SBN: 315119)
5      larakaki@willkie.com
     ARGEMIRA FLOREZ (SBN: 331153)
6      aflorez@willkie.com
7
     Attorneys for
8    GOOGLE LLC

                    **UNITED STATES DISTRICT COURT**
9
                  **NORTHERN DISTRICT OF CALIFORNIA**
10
                          **SAN FRANCISCO**
11

12   ANIBAL RODRIGUEZ, *et al.* individually and      Case No.  3:20-CV-04688 RS
     on behalf of all other similarly situated,

13                                                     **DECLARATION OF EDUARDO E.**
                                  Plaintiffs,          **SANTACANA IN SUPPORT OF**
14                                                     **GOOGLE LLC'S OPPOSITION TO**
            vs                                         **PLAINTIFFS' MOTION FOR RELIEF**
15                                                     **FROM CASE MANAGEMENT SCHEDULE**
     GOOGLE LLC, *et al*.
16                                                     The Honorable Richard Seeborg
                                  Defendant.           Date:         December 9, 2021
17                                                     Time:         1:30 p.m.
                                                       Place:        Courtroom 3 - 17th Floor
18
19                                                     Action Filed:    July 14, 2020
                                                       Trial Date:      Not Yet Set
20
21
22
23
24
25
26
27
28

1    I, EDUARDO E. SANTACANA, declare:

2    1.    I am an attorney licensed to practice law in the State of California and am a partner

3    with the law firm of Willkie Farr & Gallagher LLP, located at One Front Street, San Francisco,

4    California 94111, counsel for Defendant Google LLC ("Google") in the above-captioned action.

5    Unless otherwise stated, the facts I set forth in this declaration are based on my personal

6    knowledge.  If called to testify as a witness, I could and would testify competently to such facts

7    under oath.

8    2.    I submit this declaration in support of Google's Opposition to Plaintiffs' Motion for

9    Relief from Case Management Schedule filed herewith.

10    3.    Attached hereto as **Exhibit A** is a true and correct copy of a draft Joint Stipulation

11    and Proposed Order to Continue Discovery Deadlines ("Case Schedule Stipulation") Plaintiffs'

12    attorney, James Lee, sent to me on August 5, 2021.

13    4.    Attached hereto as **Exhibit B** is a true and correct copy of the Case Schedule

14    Stipulation with my proposed redlines, which I sent to James Lee on August 9, 2021.

15    5.    In early February, Judge Tse granted in part and denied in part motions to compel,

16    resulting in an Order that Google produce certain documents from a pending litigation in Arizona.

17    Google completed that production on March 24 and April 2, 2021.

18    6.    Between December 16, 2020, and February 19, 2021, Google produced several

19    thousand "non-custodial" documents comprising documentation about GA for Firebase and the

20    Web & App Activity Control.

21    7.    In a letter to Plaintiffs' counsel dated February 12, 2021, I designated on behalf of

22    Google three ESI custodians whose files Google agreed to search for potentially relevant and

23    responsive documents. Those three custodians are Dave Monsees (for WAA), Steve Ganem (for

24    GA for Firebase), and Frances Ma (for the Firebase SDK more generally).

25    8.    During the period of time before the Court ruled on Google's motion to dismiss the

26    First Amended Complaint, Google refused to produce documents related solely to Plaintiffs'

27    "secret scripts in the Firebase SDK" theory, *i.e.*, Firebase-related documents that were unrelated to

28    GA for Firebase, the named product in the Original and First Amended Complaints. Given the

DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF GOOGLE LLC'S OPPOSITION TO
PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE
Case No.  3:20-CV-04688 RS

1    Court's ruling on that motion to dismiss and Plaintiff's' subsequent decision not to re-accuse

2    Firebase SDK of containing "secret scripts" that were invading their privacy, Google continues to

3    object to producing documents that are not related to one of the enumerated products or features in

4    Plaintiffs' operative complaint—generally speaking, WAA, GA for Firebase,  the AdMob and

5    Firebase integration, and the Cloud Messaging and GA for Firebase integration.

6            9.      Plaintiffs first identified the integration of GA for Firebase with AdMob and with

7    Cloud Messaging as supportive of their claims in the Second Amended Complaint, filed June 11,

8    2021. Between June 11, 2021, and the Court's August 18, 2021 Order on Google's motion to

9    dismiss the Second Amended  Complaint, Google objected to and did not produce documents

10   relating solely to AdMob or Cloud Messaging.

11           10.     Google began producing documents from the files of previously identified

12   custodians on July 8, 2021.

13           11.     On July 9, 2021, counsel for Plaintiffs James Lee and I had a one-on-one call to

14   discuss Mr. Lee's request for a negotiated extension of case deadlines. The Declaration of Mark

15   Mao filed with Plaintiffs' instant motion characterizes this phone call and a subsequent phone call,

16   but, to my knowledge, Mr. Mao was not present for those calls. During the July 9 call, Mr. Lee

17   explained that Google's refusal to produce documents about AdMob and Cloud Messaging during

18   the pendency of the motion to dismiss the Second Amended Complaint would likely create a delay

19   that would imperil the fact discovery deadline. Mr. Lee proposed a 180-day extension of the

20   discovery deadlines. I told Mr. Lee that I would relay his request to my client and that we would

21   be back in touch. I also asked him why a shorter extension, such as an extension that would match

22   the time period of pendency of the motion to dismiss, would not be fairer. Mr. Lee said that

23   Plaintiffs' preference was a longer extension.

24           12.     On July 22, 2021, Mr. Lee and I had another one-on-one phone call. During that

25   call, I relayed to Mr. Lee that Google would not agree to a 180-day extension because AdMob and

26   Cloud Messaging had only been introduced into the case a month earlier, and there was no reason

27   yet to believe an extension would even be necessary—the Court could dismiss Plaintiffs' theories

28   on AdMob and Cloud Messaging, or the discovery necessary to address those issues could be

3

DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF GOOGLE LLC'S OPPOSITION TO
PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE
Case No.  3:20-CV-04688 RS

1  completed by the existing discovery deadline. Nevertheless, in recognition of the likely time

2  period between the filing of the Second Amended Complaint and the ruling on Google's motion to

3  dismiss, and given the holidays would fall within the extension contemplated, I told Mr. Lee that

4  Google would agree to a ~60-day extension (to January 11) pending more information about how

5  the case would proceed. In the end, the Court issued its ruling just two months and seven days

6  after the filing of the Second Amended Complaint.

7    13. On the same July 22 phone call, I told Mr. Lee that Google would remain open to

8  considering further extensions of the case schedule if they were merited, but that it would not

9  agree in advance to any such further extension. In particular, Mr. Lee indicated that the Court's

10  ruling on the pending motion to dismiss the Second Amended Complaint would determine

11  whether Plaintiffs wanted more time. I took no position on whether Google would agree to a

12  future request for a case schedule extension.

13    14. Following our phone call, on August 5, Mr. Lee sent me a draft stipulation

14  memorializing our agreement for a 60-day extension. That draft is attached as **Exhibit A** to this

15  declaration. In it, Mr. Lee proposed language that appeared to go farther than the agreement I

16  made on the phone by seeking to commit Google to some further process on a case extension. In

17  particular, Mr. Lee's draft stated: "the parties agree to negotiate a second extension as needed after

18  the Court has issued an order on the pending motion to dismiss." Though that language was non-

19  committal, I returned a redline to Mr. Lee on August 9 that amended it to read: "the parties agree

20  to negotiate in good faith ***whether and to what extent*** a second extension may be needed after the

21  Court has issued an order on the pending motion to dismiss." That redline is attached as **Exhibit B**

22  to this declaration. The redline is the version of the stipulation that Plaintiffs filed with the Court.

23  Mr. Lee responded to my redline with an e-mail stating "Eduardo, your edits are good with us."

24    15. This Court issued its ruling on the motion to dismiss the Second Amended

25  Complaint on August 18, 2021. But Plaintiffs did not raise the issue of a case extension again. The

26  first time any member of Plaintiffs' counsel's team contacted any member of Google's team

27  concerning a second case extension was on October 21, 2021, this time prompted not by the

28  Court's ruling, but by my October 12, 2021 e-mail to Plaintiffs' counsel offering deposition dates

DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF GOOGLE LLC'S OPPOSITION TO
PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE
Case No.  3:20-CV-04688 RS

1    for three percipient witnesses and two Rule 30(b)(6) topics about which Plaintiffs had

2    (unsuccessfully) moved to compel a deposition of Google in May 2021. That exchange is

3    discussed in more detail below.

4          16.    Since Google did not believe an extension was merited, and that it could complete

5    discovery within the January 11 deadline, Google likewise did not raise the issue of a second case

6    extension with Plaintiffs in the wake of the Court's ruling on the Second Amended Complaint.

7          17.    Currently pending is Google's motion to dismiss the Third Amended Complaint.

8    Google has not withheld responsive documents in light of the pendency of that motion.

9          18.    Google completed its custodial document production for Messrs. Ma, Ganem, and

10   Monsees using nearly all the search terms that Plaintiffs proposed to Google on September 8,

11   2021, well in advance of the then-scheduled discovery cut-off of January 11, 2022. On April 23,

12   2021, Google sent Plaintiffs' counsel the list of search terms it was using for these productions. I

13   sent Plaintiffs' counsel an e-mail on September 9, 2021, informing them that Google had

14   completed its custodial ESI production for these three custodians.

15         19.    In response to that production, Plaintiffs requested another slate of search terms be

16   used to search the same custodial files. Google objected to using any more search terms on the

17   grounds that it had already used dozens of fair and targeted terms that were proposed by Plaintiffs.

18   Nevertheless, Google agreed to use the vast majority of the new terms Plaintiffs proposed, and it

19   completed its production of documents from those three custodians' ESI using the new search

20   terms in late October and the first week of November 2021.

21         20.    Meanwhile, Google prepared in advance to use Plaintiffs' search terms on the

22   custodial files of two new custodians: Ed Weng for AdMob and Todd Hansen for Cloud

23   Messaging, bringing Google's custodian count to five. Google completed producing documents

24   from those two custodians' files using all agreed-upon search terms on November 12, 2021. The

25   November 12 production comprised almost 10,000 pages. Google also produced non-custodial

26   documents relating to AdMob and Cloud Messaging responsive to Plaintiffs' document requests.

27         21.    As of today, Google has completed its production of all custodial documents from

28   all five custodians' files using search terms on which the parties have agreed. But Plaintiffs have

DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF GOOGLE LLC'S OPPOSITION TO
PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE
Case No.  3:20-CV-04688 RS

1  now requested another slate of new search terms be used. The parties have been negotiating

2  whether and to what extent to use Plaintiffs' newest slate of search terms. Google has made a

3  compromise offer that would enable it to use the bulk of Plaintiffs' new terms, with some

4  modifications, and finish producing documents from all five custodians well in advance of the fact

5  discovery cut-off. It appears that one dispute will remain for Judge Tse to decide—whether

6  Google should be required to use product name search terms without limiters, *e.g.*, "WAA," by

7  itself.

8          22.     On October 12, 2021, I sent Plaintiffs' counsel an e-mail informing them that

9  Google would make its final custodial production (with all of the outstanding and then-agreed-

10  upon search terms) by the end of October. My e-mail offered deposition dates for Messrs. Ma,

11  Ganem, and Monsees in the first and second weeks of November, and it indicated that Mr. Ganem

12  would also testify as to the March 23, 2021 Rule 30(b)(6) topics about which Plaintiffs moved to

13  compel in May 2021. In my e-mail, I wrote: "Plaintiffs should be prepared to depose these

14  individuals both in their individual capacities as well as in their representative capacity. According

15  to the normal rule, these individuals will not sit twice for deposition."

16          23.     That night, Plaintiffs' counsel responded to my e-mail asking how many documents

17  would be produced in the supplemental production, but otherwise ignoring the deposition dates.

18  (In the end, that production at the end of October was roughly 500 documents per custodian, one

19  to two weeks in advance of the deposition dates I had offered).

20          24.     On October 14, 2021, Plaintiffs served their portion of two discovery letter briefs

21  seeking 19 more custodians and certain rulings relating to Google's data retention policies.

22          25.     On October 18, 2021, Plaintiffs' counsel sent Google's counsel an e-mail requesting

23  a videoconference to discuss deposition scheduling and expressing concern that Google's

24  document production would not be completed sufficiently in advance of the depositions Google

25  offered.

26          26.     On October 19, I responded by e-mail, explaining that "Google anticipates

27  producing fewer than 700 additional documents from Mr. Ganem's custodial files by October 25,"

28  and that the volume of documents from the files of Messrs. Ma and Monsees would be similar and

DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF GOOGLE LLC'S OPPOSITION TO
PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE
Case No.  3:20-CV-04688 RS

1   would be produced by the end of October. I also objected to the notion that Plaintiffs could depose

2   Mr. Ganem repeatedly by noticing serial Rule 30(b)(6) topics.

3          27.    On October 21, 2021, Plaintiffs' counsel James Lee e-mailed on the same thread for

4   the first time and raised the question of a case schedule extension for the first time since the

5   August 13, 2021 stipulation extending the discovery deadline 60 days. In his e-mail, Mr. Lee

6   complained that Google had not yet answered, that "when Plaintiffs first asked for a continuance

7   of all the deadlines by 6 months, you were only ready to stipulate to an initial continuance of the

8   discovery deadline for 60 days," and listing discovery deficiencies he perceived in Google's

9   discovery responses and productions that he believed would justify a case schedule extension. Mr.

10  Lee then asked that Google "honor your agreement to work on future extensions in good faith,"

11  and proposed a six-month extension of all deadlines (in addition to the two-months extension the

12  parties had previously negotiated). During the parties video meet-and-confer on this issue, I

13  offered Plaintiffs a discovery deadline extension "on the order of weeks" as a professional

14  courtesy, but indicated Google did not believe a six-month extension was merited. Plaintiffs'

15  counsel said that a weeks-long extension was not enough. I also offered a potential compromise

16  whereby Google would provide a list of its affirmative defenses to Plaintiffs before its Answer is

17  due, but Plaintiffs rejected that compromise as well.

18         28.    Also on October 21, 2021, Plaintiffs served a third discovery letter brief seeking that

19  Google use more search terms with its five existing custodians, even though the parties had never

20  met and conferred over this new list of search terms. The first time Google saw the list of new

21  search terms was in the draft letter brief.

22         29.    On October 25, 2021, Plaintiffs served a fourth discovery letter brief relating to a

23  privileged document Google clawed back after it was inadvertently produced to Plaintiffs.

24         30.    By October 29, 2021, the parties had reached an impasse on all the issues listed

25  above, except the dispute over how to handle Rule 30(b)(6) depositions in this case, which appears

26  to be resolved, or will be soon. Plaintiffs then filed the instant motion for relief from the case

27  schedule.

28

DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF GOOGLE LLC'S OPPOSITION TO
PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE
Case No.  3:20-CV-04688 RS

31.     After the instant motion was filed, Plaintiffs indicated—in their portion of a joint CMC statement—for the first time that they intended to file several other motions to compel relating to source code, Google's privilege log, unspecified "RFP-specific" disputes, and others. As of today, Plaintiffs have not invited Google to meet and confer by video on any of those issues, nor served any such motions on Google, as would be required by Judge Tse's Standing Order in order to file a discovery motion.

32.     In all, Google has made twenty-three separate document productions comprising custodial documents from five custodians, documents from the Arizona litigation, and non-custodial documents.

33.     Judge Tse has granted a single motion to compel, ordering Google to produce a subset of documents from another litigation.  Google complied with that Order and there is no other Order with which it has not yet complied.

34.     Google served its privilege log on November 2. On August 25, I had informed Plaintiffs that Google would serve its privilege log for all outstanding document productions at the end of October. Plaintiffs never responded to that e-mail. Shortly before the end of October, I informed Plaintiffs that Google would need two extra days, to November 2, to serve its privilege log.

35.     Google has never agreed to produce source code in this case. Whenever Plaintiffs have raised the issue, Google has said that it does not agree to produce source code but that it is open to meeting and conferring on the issue if Plaintiffs wanted to pursue it.

36.     Google has produced non-public documentation about the functionality of GA for Firebase and served a detailed interrogatory response comprehensively outlining the data flow for GA for Firebase, the consent checks Google uses for GA for Firebase data, how the data is stored, and other technical details. Those details include disclosing to Plaintiffs in that verified interrogatory response that when WAA is turned off, Google does not associated GA for Firebase data with a Google user's account, nor associate it with their identity. Instead, using sophisticated encryption techniques, Google ensures that the data *cannot* be associated with a particular user's

DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE
Case No.  3:20-CV-04688 RS

1    identity. Google also offered a Rule 30(b)(6) deposition for early November to discuss the data

2    flow and other functionality questions, per Plaintiffs' deposition notice on this issue.

3       37. So as not to unnecessarily burden the Court with more paper that includes issues

4    irrelevant to the Court's determination and to avoid the filing of an additional sealing motion, I

5    have not included here the correspondence and related documents that I have described above, but

6    I would promptly file them if the Court believes they would be helpful to adjudicating the motion.

7    The only exhibits I have included are the drafts of the case extension stipulation because the

8    Declaration of Mark Mao claims that I made agreements as to the case extension that those

9    exhibits demonstrate never happened.

10

11       Executed November 12, 2021, at San Francisco, California.

12       I declare under penalty of perjury under the laws of the United States of America that the

13    foregoing is true and correct.

14

15                      */s/ Eduardo E. Santacana*
                  EDUARDO E. SANTACANA

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF GOOGLE LLC'S OPPOSITION TO
PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE
Case No.  3:20-CV-04688 RS