**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
  sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
  esantacana@willkie.com
LORI C. ARAKAKI (SBN: 315119)
  larakaki@willkie.com
ARGEMIRA FLOREZ (SBN: 331153)
  aflorez@willkie.com

Attorneys for
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| ANIBAL RODRIGUEZ, *et al.* individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>vs<br><br>GOOGLE LLC, *et al.*<br><br>Defendant. | Case No. 3:20-CV-04688 RS<br><br>**DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL PORTIONS OF SUPPLEMENTAL LETTER BRIEF RE ADDITIONAL CUSTODIANS**<br><br>[*Declaration of Steve Ganem in Support of Plaintiffs' Administrative Motion to Seal filed concurrently herewith*]<br><br>Judge:       Hon. Alex G. Tse<br>Action Filed: July 14, 2020<br>Trial Date:   Not Set |

I, EDUARDO E. SANTACANA, declare:

1. I am an attorney licensed to practice law in the State of California and am a partner with the law firm of Willkie Farr & Gallagher LLP, located at One Front Street, San Francisco, California 94111, counsel for Defendant Google LLC ("Google") in the above-captioned action. Unless otherwise stated, the facts I set forth in this declaration are based on my personal knowledge. If called to testify as a witness, I could and would testify competently to such facts under oath.

2. I submit this declaration in support of the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Motion to Seal") filed by Plaintiffs. ECF No. 162. I have reviewed an unredacted version of the Supplemental Letter Brief Re: Additional Custodians ("Supplemental Brief") (ECF No. 162-2) as well as all documents cited therein. I have reviewed Plaintiffs' Motion to Seal and the Civil Local Rules of this Court governing such motions, and submit this supporting declaration under Civil L.R. 79-5(f). Per the instructions provided on the Northern District of California's website, this declaration is drafted so that it does not contain confidential information and does not need to be filed under seal. *See* http://www.cand.uscourts.gov/ecf/underseal.

3. Steve Ganem, a Google Group Product Manager with supervisory authority concerning Google Analytics for Firebase ("GA for Firebase"), has also reviewed the information Google seeks to keep under seal and his declaration is submitted in support of the Motion to Seal, on behalf of the Designating Party within the meaning of Civil L.R. 79-5. ***See* Declaration of Steve Ganem in Support of Plaintiffs' Motion to Seal filed concurrently herewith.**

4. Plaintiffs' Motion to Seal seeks to redact and file under seal information that was designated "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Google under the parties' stipulated Protective Order. Google seeks to seal narrowly tailored portions of pages 4 through 9 of the Supplemental Brief (ECF No. 162 at 4-9) some of which include information that is the subject of currently pending motions to seal (*see* ECF Nos. 152 and 154). None of the redacted portions of Plaintiffs' filing would clarify the public's understanding of the discovery matters at issue in this pending brief. In any case, because the

1  Motion to Seal was filed in connection with non-dispositive, discovery briefing, the lower, "good
2  cause" standard applies.  The material Google seeks to seal meets this standard.

3         5.     Under this lower standard, the presumption of public access does not apply with
4  equal force to non-dispositive materials.  *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d
5  1172, 1179 (9th Cir. 2006).  "[A] 'particularized showing,' under the 'good cause' standard of
6  Rule 26(c) will 'suffice[ ] to warrant preserving the secrecy of sealed discovery material attached
7  to nondispositive motions.'"  *Id.* at 1180 (citation omitted).

8         6.     Google specifically seeks to seal select portions of paragraphs on pages 4 through 9
9  of the Supplemental Brief, a nondispositive motion, that would not improve the public's
10 understanding of the matters at issue in this litigation.  ECF No. 162 at 4-9.

11        7.     On page 4, Google seeks to seal portions in the second, fifth, and sixth paragraphs.
12 The first portion, paragraph 2,  lines 6-8, quotes from an email that Google designated as
13 Confidential under the parties' stipulated Protective Order.  The information quoted reflects a
14 longer thread of confidential internal deliberations between Google employees strategizing on
15 how to further develop a Google product.  The second portion, at paragraph 5, lines 3-6, quotes
16 and characterizes a discussion between a software engineer and Steve Ganem that includes
17 confidential information about Google's internal technological systems and processes used to
18 store data Google receives via its products.  This information is both confidential and proprietary,
19 and is currently the subject of pending motions to seal as noted in paragraph 4, above.  The third
20 portion, at paragraph 6, line 3, quotes from an email thread between Google employees
21 brainstorming around proposals for Google products, including suggestions like the one quoted.
22 This is information that is kept confidential both internally at Google and in litigation.

23        8.     On page 5, Google seeks to seal portions in the first and second paragraphs that
24 include information that is subject to Google's pending motions to seal, as discussed in paragraph
25 4, above, and quotes and characterizes emails that Google has designated Confidential under the
26 parties' Protective Order.  Paragraph 1, lines 3-4, quotes from email discussions between a Google
27 software engineer and product manager where they consider product changes and disclose the
28 technical aspects of what Google seeks to change.  In doing so, these Google employees disclose

non-public, proprietary information regarding how and where Google stores specific data, including the specific names of internal archival logs. Revealing these internal names would present a serious risk of irreparable harm to Google. If made public, an individual interested in improperly accessing Google's systems could target Google's proprietary documents and information for improper uses if he or she knew Google's internal names, like this one.

9. Later on this page, in paragraph 2, lines 4-7 quote and characterize an email thread from a product manager to another product manager and select employees, providing context for product design, related strategy, and characterizations of the user experience. Google's internal discussions around products and strategy are confidential and competitively sensitive, in that they would reveal sensitive aspects of Google's designs to Google's competitors, which they could in turn target and use to bolster their products.

10. On page 6, Google seeks to seal portions of each of the three paragraphs. Paragraph 1, lines 1-5, describes and quotes from a confidential internal document that is not made public in Google's ordinary course of business, and discloses non-public information about its co-author. Google designated this document, and the one referenced in line 6 as Highly Confidential – Attorneys' Eyes Only under the parties' Protective Order. Lines 7-10 characterize an email discussion between Steve Ganem, a software engineer, and a senior product manager (Mr. Stone) that concerns Google's process for maintaining and sorting data from app events collected by GA for Firebase, which Google considers proprietary information that should be shielded from unnecessary public disclosure. Lines 11-12 characterize a document that discloses information about Google's confidential internal strategies with regards to product development. Lines 13-14 describe content from internal notes documents and an email from Steve Ganem to a select group of Google employees, which are all confidential and which disclose proprietary information. In attempts to paint a picture of Mr. Stone's role within Google, Plaintiffs describe documents and information that are competitively sensitive and proprietary. For example, competitors could employ Google's unique processes for organizing users' data and its strategies for product development to Google's financial detriment.

11. Later on this page, in paragraph 2, lines 5-7, Google seeks to seal a description of a document disclosing information regarding Google's internal research, including the specific features Google teams prioritized when developing the products at issue in this litigation.

12. Paragraph 3, lines 4-5 quote from and characterize a document Google designated Highly Confidential—Attorneys' Eyes Only under the parties' protective order. It discloses actions taken within Google to assist with meeting the needs of a specific audience. This document and the information referenced therein is confidential, proprietary, and not disclosed in the ordinary course of business.

13. On page 7, paragraph 2, lines 12-13 reference information disclosed in a document that includes highly confidential, proprietary information about the strategy behind Google's products, functions, and services. The document referenced and the information therein are the subject of a pending motion (ECF No. 152).

14. Later on this page, in paragraph 3, lines 2-5, Google seeks to seal information disclosed in two confidential emails—a thread between Google product managers, and another providing the specific details of a product launch—primarily disclosing details about Google's internal team and product approval structure. This information is kept confidential by Google in the ordinary course of its business.

15. Google seeks to seal select portions of all three paragraphs on page 8. First, Google seeks to seal paragraph 1, lines 3-7, which describe the technical details of Google's projects and their respective launch information, all of which is confidential and proprietary to Google. It includes confidential information about decisions Google has made with regards to the retention of data. Google has invested substantial time and resources in its projects as part of its product development. This information is competitively sensitive in that competitors could use Google's processes for organizing, and using data in connection with their products, to Google's financial detriment.

16. Later on this page, in paragraph 2, lines 3-7, Google seeks to seal characterizations of email threads describing a Google employee's involvement with Google's infrastructure for

1  organizing and processing users' data.  This information is confidential and proprietary, and
2  competitively sensitive for the same reasons stated in paragraph 15, above.

3       17.   Paragraph 3, lines 2-10 quote and characterize information from documents Google
4  has designated Confidential and Highly Confidential – Attorneys' Eyes Only.  Lines 2-6 reflect a
5  senior director of product management's forward-looking proposals and the related reasoning
6  behind them.  Lines 7-8 quote from information disclosed in a highly confidential launch
7  document.  Lines 9-10 disclose similar content specific to confidential information about decisions
8  Google has made with regards to the retention of data and the Google employees involved in
9  approving them.  All of this information is confidential, proprietary, and competitively sensitive
10 for the same reasons stated in paragraph 15, above.

11      18.   On page 9, Google seeks to seal paragraph 2, lines 5-16, which quote from and
12 characterize two email threads between Google employees describing Google's decisions about
13 retention of data, and Google's internal strategies with regards to how it chooses to organize and
14 process users' data.  This information is confidential and proprietary.  It is also competitively
15 sensitive in that competitors could mimic Google's approach to data organization to Google's
16 financial detriment.

17      19.   Google has narrowly tailored its request to seal only extraneous, confidential,
18 proprietary material that is not necessary to aid the public's understanding of the content at issue
19 in this discovery briefing, and that is therefore unnecessary to subject to the presumption of public
20 access.

21      Executed November 15, 2021, at San Francisco, California.
22      I declare under penalty of perjury under the laws of the United States of America that the
23 foregoing is true and correct.

                                          /s/ Eduardo E. Santacana
                                          EDUARDO E. SANTACANA