**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
  sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
  esantacana@willkie.com
LORI C. ARAKAKI (SBN: 315119)
  larakaki@willkie.com
ARGEMIRA FLOREZ (SBN: 331153)
  aflorez@willkie.com

Attorneys for
GOOGLE LLC

## UNITED STATES DISTRICT COURTS

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO

| | |
|---|---|
| ANIBAL RODRIGUEZ, *et al.* individually and on behalf of all other similarly situated,<br><br>                             Plaintiffs,<br><br>    vs<br><br>GOOGLE LLC, *et al*.<br><br>                             Defendant. | Case No.  3:20-CV-04688 RS<br><br>**DECLARATION OF STEVE GANEM IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL PORTIONS OF SUPPLEMENTAL LETTER BRIEF RE ADDITIONAL CUSTODIANS**<br><br>[*Declaration of Eduardo E. Santacana in Support of Plaintiffs' Administrative Motion to Seal filed concurrently herewith*]<br><br>Judge:         Hon. Alex G. Tse<br>Action Filed: July 14, 2020<br>Trial Date:    Not Set |

I, STEVE GANEM, declare:

1. I am a Group Product Manager at Google LLC with supervisory authority concerning Google Analytics for Firebase ("GA for Firebase"). Unless otherwise stated, the facts I set forth in this declaration are based on my personal knowledge or knowledge I obtained through my review of corporate records or other investigation. If called to testify as a witness, I could and would testify competently to such facts under oath.

2. I submit this declaration in support of the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Motion to Seal") filed by Plaintiffs. ECF No. 162. I have reviewed an unredacted version of the Supplemental Letter Brief Re: Additional Custodians ("Supplemental Brief") (ECF No. 162-2) as well as the documents quoted and characterized in connection with the portions Google seeks to redact.

3. Plaintiffs' Motion to Seal seeks to redact and file under seal information that was designated "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Google under the parties' stipulated Protective Order. Google seeks to seal narrowly tailored portions of pages 4 through 9 of the Supplemental Brief (ECF No. 162 at 4-9) some of which include information that is the subject of currently pending motions to seal (*see* ECF Nos. 152 and 154).

4. Google seeks to seal portions in the second, fifth, and sixth paragraphs of Page 4. The first portion, paragraph 2, lines 6-8, quotes from an email that Google designated as Confidential under the parties' stipulated Protective Order. The second portion, at paragraph 5, lines 3-6, quotes and characterizes a discussion between a software engineer and myself that includes confidential information about Google's internal technological systems and processes used to store data Google receives via its products. This information is both confidential and proprietary, and is currently the subject of pending motions to seal as noted in paragraph 3, above. The third portion, at paragraph 6, line 3, quotes from an email thread between Google employees brainstorming around proposals for Google products, including suggestions like the one quoted. This is information that is kept confidential both internally at Google and in litigation.

5. On page 5, Google seeks to seal portions in the first and second paragraphs that include information that is subject to Google's pending motions to seal, as discussed in paragraph 3, above, and quotes and characterizes emails that Google has designated Confidential under the parties' Protective Order. Paragraph 1, lines 3-4, quotes from email discussions between a Google software engineer and product manager where they consider product changes and disclose the technical aspects of what Google seeks to change. In doing so, these Google employees disclose non-public, proprietary information regarding how and where Google stores specific data, including the specific names of internal archival logs. Revealing these internal names would present a serious risk of irreparable harm to Google. For example, an individual interested in improperly accessing Google's systems could target Google's proprietary documents and information for improper uses if he or she knew Google's internal names, like this one.

6. Later on this page, in paragraph 2, lines 4-7 quote and characterize an email thread from a product manager to another product manager and select employees, providing context for product design, related strategy, and characterizations of the user experience. Google's internal discussions around products and strategy are confidential and competitively sensitive.

7. On page 6, Google seeks to seal portions of each of the three paragraphs. Paragraph 1, lines 1-5, describes and quotes from a confidential internal document that is not made public in Google's ordinary course of business, and discloses non-public information about its co-author. Google designated this document, and the one referenced in line 6 as Highly Confidential – Attorneys' Eyes Only under the parties' Protective Order. Lines 7-10 characterize an email discussion between myself, a software engineer, and a senior product manager (Mr. Stone) that concerns Google's process for maintaining and sorting data from app events collected by GA for Firebase, which Google considers proprietary information that should be shielded from unnecessary public disclosure. Lines 11-12 characterize a document that discloses information about Google's confidential internal strategies with regards to product development. Lines 13-14 describe content from internal notes documents and an email from myself to a select group of Google employees, which are all confidential and which disclose proprietary information. In attempts to paint a picture of Mr. Stone's role within Google, Plaintiffs describe documents and

1  information that is competitively sensitive and proprietary.  For example, competitors could
2  employ Google's unique processes for organizing users' data and its strategies for product
3  development to Google's financial detriment.
4      8.    Later on this page, in paragraph 2, lines 5-7, Google seeks to seal a description of a
5  document disclosing information regarding Google's internal research, including the specific
6  features Google teams prioritized when developing the products at issue in this matter.
7      9.    Paragraph 3, lines 4-5 quote from and characterize a document Google designated
8  Highly Confidential – Attorneys' Eyes Only under the parties' protective order.  It discloses
9  actions taken within Google to assist with meeting the needs of a specific audience.  This
10 document and the information referenced therein is confidential, proprietary, and not disclosed in
11 the ordinary course of business.
12     10.    On page 7, paragraph 2, lines 12-13 reference information disclosed in a document
13 that includes highly confidential, proprietary information about the strategy behind Google's
14 products, functions, and services.  The document referenced and the information therein are the
15 subject of a pending motion (ECF No. 152).
16     11.    Later on this page, in paragraph 3, lines 2-5, Google seeks to seal information
17 disclosed in two confidential emails—a thread between Google product managers, and another
18 providing the specific details of a product launch—primarily disclosing details about Google's
19 internal team and product approval structure.  This information is kept confidential both internally
20 at Google and in litigation.
21     12.    Google seeks to seal select portions of all three paragraphs on page 8.  First, Google
22 seeks to seal paragraph 1, lines 3-7, which describe the technical details of Google's projects and
23 their respective launch information, all of which is confidential and proprietary to Google.  It
24 includes confidential information about decisions Google has made with regards to the retention
25 of data.
26     13.    Later on this page, in paragraph 2, lines 3-7, Google seeks to seal characterizations
27 of email threads describing a Google employee's involvement with Google's infrastructure for
28 organizing and processing users' data.  This information is confidential and proprietary.

14. Paragraph 3, lines 2-10 quote and characterize information from documents Google has designated Confidential and Highly Confidential – Attorneys' Eyes Only. Lines 2-6 reflect a senior director of product management's forward-looking proposals and the related reasoning behind them. Lines 7-8 quote from information disclosed in a highly confidential launch document. Lines 9-10 disclose similar content specific to confidential information about decisions Google has made with regards to the retention of data and the Google employees involved in approving them. All of this information is confidential, proprietary, and competitively sensitive.

15. On page 9, Google seeks to seal paragraph 2, lines 5-16, which quote from and characterize two email threads between Google employees describing Google's decisions about retention of data, and Google's internal strategies with regards to how it chooses to organize and process users' data. This information is confidential and proprietary. It is also competitively sensitive in that competitors could mimic Google's approach to data organization to Google's detriment.

16. The information described in paragraphs 4-15 includes information that is confidential, proprietary, and competitively sensitive, which is why Google does not disclose it publicly. If it is disclosed, competitors could infer how Google's products function, and how they are developed. Google carefully maintains the confidentiality of the proprietary information described herein by limiting access to particular individuals and teams and storing it on secure servers.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed November 11, 2021, at San Francisco, California.

/s/ Steve Ganem
STEVE GANEM