**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
  sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
  esantacana@willkie.com
LORI C. ARAKAKI (SBN: 315119)
  larakaki@willkie.com
ARGEMIRA FLOREZ (SBN: 331153)
  aflorez@willkie.com

Attorneys for
GOOGLE LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO

| | |
|---|---|
| ANIBAL RODRIGUEZ, *et al.* individually and on behalf of all other similarly situated,<br><br>                        Plaintiffs,<br><br>    vs<br><br>GOOGLE LLC, *et al.*<br><br>                        Defendant. | Case No.  3:20-CV-04688 RS<br><br>**DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL JOINT LETTER BRIEF RE: GOOGLE PRESERVATION**<br><br>[*Declaration of Steve Ganem in Support of Administrative Motion to Seal filed concurrently herewith*]<br><br>Judge:       Hon. Alex G. Tse<br>Courtroom:  A – 15th Floor<br>Trial Date:  Not Yet Set |

I, EDUARDO E. SANTACANA, declare:

1.    I am an attorney licensed to practice law in the State of California and am a partner with the law firm of Willkie Farr & Gallagher LLP, located at One Front Street, San Francisco, California 94111, counsel for Defendant Google LLC ("Google") in the above-captioned action. Unless otherwise stated, the facts I set forth in this declaration are based on my personal knowledge or knowledge I obtained through my review of corporate records or other investigation.  If called to testify as a witness, I could and would testify competently to such facts under oath.

2.    I submit this declaration in support of the Administrative Motion to Consider Whether Another Party's Material Should be Sealed ("Motion to Seal") filed by Plaintiffs.  ECF No. 166.  I am making this declaration pursuant to Civil L.R. 79-5(f) as an attorney for the "Designating Party," as that term is used in that rule.  Per the instructions provided on the Northern District of California's website, this declaration is drafted so that it does not contain confidential information and does not need to be filed under seal.  *See* http://www.cand.uscourts.gov/ecf/underseal.

3.    Steve Ganem, a Google Group Product Manager with supervisory authority concerning Google Analytics for Firebase, has also reviewed the information Google seeks to keep under seal and his declaration is submitted in support of the Motion to Seal, on behalf of the Designating Party within the meaning of Civil L.R. 79-5.  ***See* Declaration of Steve Ganem in Support of Plaintiffs' Motion to Seal filed concurrently herewith.**

4.    On November 12, 2021, Plaintiffs filed their Motion to Seal, with certain information conditionally under seal, including (1) portions of the Joint Letter Brief regarding Google's preservation ("Preservation Joint Letter Brief") (ECF No. 166-2); and (2) the Declaration of Steve Ganem in Support of the Preservation Joint Letter Brief ("Ganem Declaration") (ECF No. 166-3).  I have reviewed the documents Plaintiffs seek to file under seal pursuant to Civil Local Rule 79-5, unredacted copies of which have been filed at ECF Nos. 166-2 and 166-3, as well as the Civil Local Rules of this Court governing such motions.

5.    Google seeks to seal the following information:

    a.    Preservation Joint Letter Brief – portions of page 3, paragraph 3, lines 4-8 and 12-13 that have been filed conditionally under seal (*see* ECF No. 166-2)

    b.    Ganem Declaration – portions of paragraphs 3–6 identified in paragraph 9 below

6.    Google has thus significantly pared down Plaintiffs' proposed material to be filed under seal in the Ganem Declaration, seeking to seal less than six lines, and Google seeks to seal less than seven lines in the Preservation Joint Letter Brief.  None of the redacted portions of the Preservation Joint Letter Brief or Ganem Declaration that Google seeks to seal would clarify the public's understanding of the discovery dispute at issue before the Court.  In any case, because the Motion to Seal was filed in connection with a non-dispositive motion concerning a discovery dispute, "the usual presumption of the public's right of access is rebutted."  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  Accordingly, the lower "good cause" standard applies to the material Google seeks to seal.  *Id.* at 1179–80.

7.    Based on my review of the unredacted filings, there is good cause to protect all the information Google seeks to seal.

8.    Portions of **page 3, paragraph 3, lines 4-8 and 12-13 of the Preservation Joint Letter Brief** that have been filed under seal disclose confidential and proprietary information relating to the raw data Google receives through GA for Firebase.  The amount of raw data Google receives is highly confidential and proprietary information that reveals Google's internal strategy, product design, and its product's abilities, and falls within the protected scope of the Protective Order entered in this action.  *See* ECF No. 70.  Public disclosure of such highly confidential information could detrimentally affect Google's competitive standing as competitors may alter their products or system designs and practices relating to competing products.

9.    **Paragraphs 3–6 of the Ganem Declaration**, at "REDACTED" (". . . the app measurement logs, which record [REDACTED] entries per day . . ."; "For context, 56 days' worth of data totals over [REDACTED])."; ". . . data would cost [REDACTED], and three years would cost [REDACTED]; preserving it indefinitely . . ."; ". . . Google would need [REDACTED].  To

1   store one year's worth of data, Google would need [REDACTED]; for three years:

2   [REDACTED]."), disclose the same confidential information as discussed at paragraph 8 above

3   and there is good cause to seal this information for the same reason.

4      10.   Courts have repeatedly found it appropriate to seal documents that contain "business

5   information that might harm a litigant's competitive standing, *Nixon v. Warner Commc'ns, Inc.*,

6   435 U.S. 589, 589-99 (1978), or any other "commercially sensitive information," *Palantir Techs.*

7   *Inc. v. Abramowitz*, No. 19-CV-06879-BLF, 2021 WL 1925459, at *2 (N.D. Cal. Mar. 5, 2021).

8   Public disclosure of the information Google seeks to keep under seal would harm Google's

9   competitive standing it has earned through years of innovation and careful deliberation, by

10  revealing sensitive aspects of Google's proprietary products, systems, strategies, and designs to

11  Google's competitors.  That alone is a proper basis to seal such information.  *See, e.g., Free Range*

12  *Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, ECF No. 192, at 6–8 (N.D. Cal. May 3, 2017)

13  (granting Google's motion to seal certain sensitive business information).

14     11.   Google has narrowly tailored its request to seal only extraneous, confidential,

15  proprietary material that is not necessary to aid the public's understanding of the discovery dispute

16  at issue.  Google has pared down the material to be sealed in the Ganem Declaration, and the

17  material to be sealed in the Preservation Joint Letter Brief is likewise limited in scope and volume.

18  Because Google's request to seal is narrowly tailored and is limited to portions that reveal

19  confidential information that is not generally known to the public or Google's competitors, Google

20  respectfully requests that the Court order portions of the Preservation Joint Letter Brief and

21  Ganem Declaration discussed above to be filed under seal.

22     Executed November 19, 2021, at San Francisco, California.

23     I declare under penalty of perjury under the laws of the United States of America that the

24  foregoing is true and correct.

25                                        */s/ Eduardo E. Santacana*
                                         EDUARDO E. SANTACANA
26

27

28

DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION
TO SEAL PORTIONS OF JOINT LETTER BRIEF RE: GOOGLE PRESERVATION
Case No.  3:20-CV-04688 RS