1   **WILLKIE FARR & GALLAGHER LLP**
    BENEDICT Y. HUR (SBN: 224018)
2     bhur@willkie.com
    SIMONA AGNOLUCCI (SBN: 246943)
3     sagnolucci@willkie.com
    EDUARDO E. SANTACANA (SBN: 281668)
4     esantacana@willkie.com
    LORI C. ARAKAKI (SBN: 315119)
5     larakaki@willkie.com
    ARGEMIRA FLOREZ (SBN: 331153)
6     aflorez@willkie.com
7
    Attorneys for
8   GOOGLE LLC

9                **UNITED STATES DISTRICT COURT**

10             **NORTHERN DISTRICT OF CALIFORNIA**

11                      **SAN FRANCISCO**

12  | ANIBAL RODRIGUEZ, *et al.* individually and | Case No.  3:20-CV-04688 RS |
    on behalf of all other similarly situated,

13                              Plaintiffs,        **DECLARATION OF EDUARDO E.**
                                                   **SANTACANA IN SUPPORT OF**
14          vs                                     **PLAINTIFFS' ADMINISTRATIVE**
                                                   **MOTION TO SEAL RE: PLAINTIFFS'**
15  GOOGLE LLC, *et al.*                           **REPLY IN SUPPORT OF MOTION FOR**
                                                   **RELIEF FROM CASE MANAGEMENT**
16                              Defendant.         **SCHEDULE**

17                                                 [*Declaration of Steve Ganem in Support of*
                                                   *Administrative Motion to Seal filed concurrently*
18                                                 *herewith*]

19
                                                   Judge:        Hon. Alex G. Tse
20                                                 Courtroom:    A – 15th Floor
                                                   Trial Date:   Not Yet Set
21

22

23

24

25

26

27

28

I, EDUARDO E. SANTACANA, declare:

1.    I am an attorney licensed to practice law in the State of California and am a partner with the law firm of Willkie Farr & Gallagher LLP, located at One Front Street, San Francisco, California 94111, counsel for Defendant Google LLC ("Google") in the above-captioned action. Unless otherwise stated, the facts I set forth in this declaration are based on my personal knowledge or knowledge I obtained through my review of corporate records or other investigation.  If called to testify as a witness, I could and would testify competently to such facts under oath.

2.    I submit this declaration in support of the Administrative Motion to Consider Whether Another Party's Material Should be Sealed ("Motion to Seal") filed by Plaintiffs.  ECF No. 179.  I am making this declaration pursuant to Civil L.R. 79-5(f) as an attorney for the "Designating Party," as that term is used in that rule.  Per the instructions provided on the Northern District of California's website, this declaration is drafted so that it does not contain confidential information and does not need to be filed under seal.  *See* http://www.cand.uscourts.gov/ecf/underseal.

3.    Steve Ganem, a Google Group Product Manager with supervisory authority concerning Google Analytics for Firebase, has also reviewed the information Google seeks to keep under seal and his declaration is submitted in support of the Motion to Seal, on behalf of the Designating Party within the meaning of Civil L.R. 79-5.  ***See* Declaration of Steve Ganem in Support of Plaintiffs' Motion to Seal filed concurrently herewith.**

4.    On November 19, 2021, Plaintiffs filed their Motion to Seal, with certain information conditionally under seal, including (1) portions of Plaintiffs' Reply in Support of Motion for Relief from Case Management Schedule ("Plaintiffs' Reply"); and (2) Exhibit D.  I have reviewed the documents Plaintiffs seek to file under seal pursuant to Civil Local Rule 79-5, unredacted copies of which have been filed at ECF Nos. 179-2 and 179-4, as well as the Civil Local Rules of this Court governing such motions.

DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL RE: PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RELIEF
Case No.  3:20-CV-04688 RS

5.      Google only seeks to seal Exhibit D.  Google does not seek to seal anything contained within Plaintiffs' Reply.  Google has thus pared down Plaintiffs' proposed material to be filed under seal.  The contents of Exhibit D will not clarify the public's understanding of the discovery dispute at issue before the Court.  And ]because the Motion to Seal was filed in connection with a non-dispositive motion concerning a discovery dispute, "the usual presumption of the public's right of access is rebutted."  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  Accordingly, the lower "good cause" standard applies to the material Google seeks to seal.  *Id.* at 1179–80.

6.      Based on my review of the unredacted filings, there is good cause to protect the information Google seeks to seal.

7.      **Exhibit D** discloses confidential and proprietary information relating to Google's technical design for its products and settings.  The information also reveals Google's internal strategy, product design, and its settings' abilities, and falls within the protected scope of the Protective Order entered in this action.  *See* ECF No. 70.  Public disclosure of such confidential information could detrimentally affect Google's competitive standing as competitors may alter their products or system designs and practices relating to competing products.

8.      Courts have repeatedly found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 589-99 (1978), or any other "commercially sensitive information," *Palantir Techs. Inc. v. Abramowitz*, No. 19-CV-06879-BLF, 2021 WL 1925459, at *2 (N.D. Cal. Mar. 5, 2021).  Public disclosure of the information Google seeks to keep under seal would harm Google's competitive standing it has earned through years of innovation and careful deliberation, by revealing sensitive aspects of Google's proprietary products, systems, strategies, and designs to Google's competitors.  That alone is a proper basis to seal such information.  *See, e.g., Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, ECF No. 192, at 6–8 (N.D. Cal. May 3, 2017) (granting Google's motion to seal certain sensitive business information).

9.      Google has narrowly tailored its request to seal only extraneous, confidential, proprietary material that is not necessary to aid the public's understanding of the discovery dispute at issue.  Because Google's request to seal is narrowly tailored and is limited to portions that reveal confidential information that is not generally known to the public or Google's competitors, Google respectfully requests that the Court order Exhibit D to be filed under seal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed November 29, 2021, at San Francisco, California.

*/s/ Eduardo E. Santacana*
EDUARDO E. SANTACANA

DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION
TO SEAL RE: PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RELIEF
Case No.  3:20-CV-04688 RS