UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 20-cv-04688-RS (AGT) <br><br> **DISCOVERY ORDER RE: ESI CUSTODIANS** <br><br> Re: Dkt. Nos. 154, 155, 162 |

The plaintiffs have adequately explained why the nineteen Google employees they seek to add as custodians have ESI relevant to this case. *See* Dkt. 163. Google, meanwhile, hasn't convinced the Court that the burden or expense of adding these custodians outweighs the likely benefit. Having reached these conclusions, the Court orders Google to designate the nineteen employees in question as ESI custodians. At this juncture, the Court wasn't asked to evaluate the scope of any particular ESI search, and so doesn't do so.

The motion to seal portions of the plaintiffs' supplemental letter brief (Dkt. 162) is denied. Google, the designating party, hasn't convinced the Court that "specific prejudice or harm will result" if the confidential information appearing in the letter brief is publicly disclosed. *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).

The motion to seal portions of the parties' joint letter brief (Dkt. 154) is granted in part. The redacted text on page one, paragraph six, line eleven may remain under seal. With this exception, a showing of "specific prejudice or harm" hasn't been made. *Phillips*, 307 F.3d at 1210–11.

By December 8, 2021, the parties must (i) meet and confer about the details of collecting, reviewing, and producing ESI from the new custodians, and (ii) file versions of their letter briefs that comply with the Court's rulings on the motions to seal.

**IT IS SO ORDERED.**

Dated: December 1, 2021

ALEX G. TSE
United States Magistrate Judge