# EXHIBIT C

| | |
|---|---|
| **From:** | Santacana, Eduardo E. |
| **To:** | Jenna Farleigh; Amanda Bonn; Alex Frawley; Amy Gregory; Bill Carmody; brichardson; Erika Nyborg-Burch; "jlee@bsfllp.com"; Mark C. Mao; "rbaeza@bsfllp.com"; Michael Ram x20021; rmcgee |
| **Cc:** | Agnolucci, Simona; Hur, Benedict Y.; Arakaki, Lori; Flórez, Argemira; Peifer, Celeste |
| **Subject:** | RE: Rodriguez v. Google | 30(b)(6) Proposal |
| **Date:** | Wednesday, November 17, 2021 7:57:39 PM |

EXTERNAL Email

Jenna,

Thank you. We have an agreement. At least for our purposes, we don't think a stipulation filed with the Court is necessary; we are comfortable with the e-mail agreement.

Thanks,
Eduardo

**Eduardo E. Santacana**
**Willkie Farr & Gallagher LLP**
One Front Street | San Francisco, CA 94111
Direct: +1 415 858 7421 | Fax: +1 415 858 7599
esantacana@willkie.com | vCard | www.willkie.com bio

**From:** Jenna Farleigh <JFarleigh@susmangodfrey.com>
**Sent:** Monday, November 15, 2021 2:09 PM
**To:** Santacana, Eduardo E. <ESantacana@willkie.com>; Amanda Bonn <abonn@SusmanGodfrey.com>; Alex Frawley <AFrawley@susmangodfrey.com>; Amy Gregory <AGregory@susmangodfrey.com>; Bill Carmody <bcarmody@SusmanGodfrey.com>; brichardson <brichardson@bsfllp.com>; Erika Nyborg-Burch <enyborg-burch@bsfllp.com>; 'jlee@bsfllp.com' <jlee@bsfllp.com>; Mark C. Mao <mmao@bsfllp.com>; 'rbaeza@bsfllp.com' <rbaeza@bsfllp.com>; Michael Ram x20021 <MRam@forthepeople.com>; rmcgee <rmcgee@forthepeople.com>
**Cc:** Agnolucci, Simona <SAgnolucci@willkie.com>; Hur, Benedict Y. <BHur@willkie.com>; Arakaki, Lori <LArakaki@willkie.com>; Flórez, Argemira <AFlorez@willkie.com>; Peifer, Celeste <CPeifer@willkie.com>
**Subject:** RE: Rodriguez v. Google | 30(b)(6) Proposal

*** EXTERNAL EMAIL ***

Eduardo,

Thanks for the meet and confer on Friday. I have made some of the language more general as discussed. Changes are in green to avoid confusion. If this works, let's put a formal stipulation together. That will ensure we have our 30(b)(6) notice to you prior to the Thanksgiving Holiday.

1. The parties agree that Rule 30(b)(6) depositions may take place concurrently with fact depositions and the parties will endeavor to take them concurrently where possible.

2. To promote efficiency and to reduce burden on the witnesses, the parties will endeavor

to take the deposition of a witness in both their capacity as a 30(b)(6) designee and in their personal capacity within one sitting, to the degree the witness is subject to both a personal deposition notice and is a designee on one or more outstanding 30(b)(6) topics.

3. Fact depositions for which the deponent is *also* a 30(b)(6) deponent will not be limited to 7 hours on the record. The parties will make a good faith effort to complete the deposition within 7 hours on the record. However, the parties recognize that additional time on the record may be necessary and will be permitted if the deposition is taken in both a personal and representative capacity. The parties will use all reasonable efforts to avoid using a second day of deposition, where possible. But if an additional deposition day is required, both parties will use their best efforts to accommodate that.

4. For depositions wherein the deponent is testifying in both a personal and representative capacity, deposition time extending beyond 7 hours will be recorded as 30(b)(6) deposition time, and anything within 7 hours will only count toward the individual's own deposition time. Following service of the First Supplemental 30(b)(6) notice by Plaintiffs, the parties will meet and confer in an effort to establish a time limit for total 30(b)(6) depositions and will use best efforts to reach agreement.

5. Plaintiffs will serve a first supplemental 30(b)(6) notice within five business days from the time the parties have finalized this agreement in a stipulation.

    a. The parties agree that supplemental 30(b)(6) notices may be served that add additional topics that arise from or are discovered within the course of litigation after the First Supplemental notice is served (e.g., topics regarding Defendant's affirmative defenses). Plaintiffs will act in good faith to notice known topics when it issues its First Supplemental notice. Defendant reserves the right to challenge deposition topics added after the First Supplemental notice that duplicate or substantially overlap with existing topics. In the event of a dispute regarding added topics, the parties will work in good faith to narrow new topics and/or discuss potential alternative avenues to receiving information on those topics (e.g. by interrogatory, stipulation, or deposition of an alternative witness) rather than recalling a witness who has already testified. Further, the parties agree that noticed topics will not be set for deposition until production of the documents regarding that topic have been substantially completed.

    b. Defendants ultimately reserve the right to challenge later-identified topics believed to be redundant with topics served in the First Supplemental notice if the parties do not reach resolution through the process outlined in 4(a).

6. Upon receiving Plaintiffs' revised 30(b)(6) notice, Google shall endeavor to designate witnesses for each topic within one week of receiving the First Supplemental notice and at a minimum will designate witnesses on some topics by that time. The parties agree that 30(b)(6) depositions will commence when designations have been made on all topics or, alternatively, when designations have been made on the majority of topics such that the parties agree that the need to re-depose already-designated witnesses will be unlikely (e.g., if Google represents that designated witnesses will not be designated on any other existing/outstanding topic).

7. Both parties reserve the right to seek relief from the Court under the Federal Rules concerning limitations on discovery.

Best,

Jenna

_____

**Jenna G. Farleigh | Susman Godfrey L.L.P.**
1201 Third Avenue | Suite 3800 | Seattle, WA 98101
Phone: (206) 505-3826
HOUSTON   •   LOS ANGELES   •   SEATTLE   •   NEW YORK

jfarleigh@susmangodfrey.com | www.susmangodfrey.com

*This message may be protected by the attorney client privilege or the work product doctrine.*

---

**From:** Jenna Farleigh
**Sent:** Thursday, November 11, 2021 4:30 PM
**To:** Santacana, Eduardo E. <ESantacana@willkie.com>; Amanda Bonn <abonn@SusmanGodfrey.com>; Alex Frawley <afrawley@susmangodfrey.com>; Amy Gregory <agregory@susmangodfrey.com>; Bill Carmody <bcarmody@SusmanGodfrey.com>; brichardson <brichardson@bsfllp.com>; Erika Nyborg-Burch <enyborg-burch@bsfllp.com>; 'jlee@bsfllp.com' <jlee@bsfllp.com>; Mark C. Mao <mmao@bsfllp.com>; 'rbaeza@bsfllp.com' <rbaeza@bsfllp.com>; Michael Ram x20021 <MRam@forthepeople.com>; rmcgee <rmcgee@forthepeople.com>
**Cc:** Agnolucci, Simona <SAgnolucci@willkie.com>; Hur, Benedict Y. <BHur@willkie.com>; Arakaki, Lori <LArakaki@willkie.com>; Flórez, Argemira <AFlorez@willkie.com>; Peifer, Celeste <CPeifer@willkie.com>
**Subject:** RE: Rodriguez v. Google | 30(b)(6) Proposal

Eduardo,

I agree we are pretty close and am happy to hop on a call tomorrow to iron this out. Google's changes from the last round are in red and my further additions are in blue with comments in yellow. It is not a lot, so we might be able to address it by email too. Let me know what you think. I also changed the date to get you the 30(b)(6). We don't think we should send it to you until we have a deal worked out given the language on overlap. Therefore, I have changed it below to read that we will serve the notice within five business days of working out a deal. We are also still waiting for an expert to weigh in in our efforts to make this as comprehensive as possible.

(1) The parties agree that Rule 30(b)(6) depositions may take place concurrently with fact depositions and the parties will endeavor to take them concurrently where possible.

(2) To promote efficiency and to reduce burden on the witnesses, the parties will endeavor to take the deposition of a witness in both their capacity as a 30(b)(6) designee and in

their personal capacity within one sitting, to the degree the witness is subject to both a personal deposition notice and is a designee on one or more outstanding 30(b)(6) topics.

(3) Fact depositions for which the deponent is *also* a 30(b)(6) deponent will not be limited to 7 hours on the record. The parties will make a good faith effort to complete the deposition within 7 hours on the record. However, additional time on the record (up to ten hours unless the parties agree otherwise or unless Plaintiffs show good cause for needing more time (e.g., if the witness is a material fact witnesses as well as a designee on numbers topics)) [JF: We added the language in blue because of the concern noted. We assume this is acceptable.] will be permitted if the deposition is taken in both a personal and representative capacity. The parties will use all reasonable efforts to avoid using a second day of deposition, where possible. But if an additional deposition day is required, both parties will use their best efforts to accommodate that. Google reserves the right to seek relief from the Court under the Federal Rules concerning limitations on discovery according to the default legal standards associated with such a request. [JF: Eduardo, please explain what you are going for in this last sentence.]

(4) ~~For depositions wherein the deponent is testifying in both a personal and representative capacity, deposition time extending beyond 7 hours will be recorded as 30(b)(6) deposition time, and anything within 7 hours will only count toward the individual's own deposition time. Each party will be permitted 20 total hours of total 30(b)(6) deposition time.~~ [JF: Eduardo, we aren't really sure why you deleted this. We think it would be helpful to include this and have an upper time limit regardless of whether we agree to the 10 hour note that you put in above. Our concern is obviously that one deponent will have a bunch of topics as well as significant personal involvement and it will be impossible to get it in all in one day. We don't want timing issues to crop up later. That is what we were trying to avoid by this addition.]

(5) Plaintiffs will serve a first supplemental 30(b)(6) notice within five business days from the time the parties have finalized this agreement. ~~November 11, 2021.~~

   a. The parties agree that supplemental 30(b)(6) notices may be served that add additional topics that arise from or are discovered within the course of litigation after the First Supplemental ~~November 11~~ notice is served (e.g., topics regarding Defendant's affirmative defenses). Re-noticing substantially the same topic will not be permitted. ~~New topics that overlap with prior topics will not be permitted.~~ [JF: Eduardo, we tried to edit this with the aim of trying to avoid future disputes.] Plaintiffs will act in good faith to notice known topics when it issues its First Supplemental notice. To the degree Defendant contends that deposition topics added after the First Supplemental notice "overlap" with existing topics, the parties will work in good faith to narrow new topics and/or discuss potential alternative avenues to receiving information on those topics (e.g. by interrogatory, stipulation, or deposition of an alternative witness) rather than recalling a witness who has already testified. Further, the parties agree that noticed topics will not be set for deposition until production of the documents regarding that topic have been substantially completed.

   b. Defendants ultimately reserve the right to challenge later-identified topics believed to be redundant with topics served in the First Supplemental

~~November 11, 2021~~ notice if the parties do not reach resolution through the process outlined in 4(a).

(6) Upon receiving Plaintiffs' revised 30(b)(6) notice, Google shall endeavor to designate witnesses for each topic within one week of receiving the First Supplemental notice ~~by November 18, 2021~~ and at a minimum will designate witnesses on some topics by that time. The parties agree that 30(b)(6) depositions will commence when designations have been made on all topics or, alternatively, when designations have been made on the majority of topics such that the parties agree that the need to re-depose already-designated witnesses will be unlikely (e.g., if Google represents that designated witnesses will not be designated on any other existing/outstanding topic).

Best,

Jenna

**Jenna G. Farleigh | Susman Godfrey L.L.P.**
1201 Third Avenue | Suite 3800 | Seattle, WA 98101
Phone: (206) 505-3826
**HOUSTON • LOS ANGELES • SEATTLE • NEW YORK**

jfarleigh@susmangodfrey.com | www.susmangodfrey.com

*This message may be protected by the attorney client privilege or the work product doctrine.*

**From:** Santacana, Eduardo E. <ESantacana@willkie.com>
**Sent:** Wednesday, November 10, 2021 4:00 PM
**To:** Jenna Farleigh <JFarleigh@susmangodfrey.com>; Amanda Bonn <abonn@SusmanGodfrey.com>; Alex Frawley <AFrawley@susmangodfrey.com>; Amy Gregory <AGregory@susmangodfrey.com>; Bill Carmody <bcarmody@SusmanGodfrey.com>; brichardson <brichardson@bsfllp.com>; Erika Nyborg-Burch <enyborg-burch@bsfllp.com>; 'jlee@bsfllp.com' <jlee@bsfllp.com>; Mark C. Mao <mmao@bsfllp.com>; 'rbaeza@bsfllp.com' <rbaeza@bsfllp.com>; Michael Ram x20021 <MRam@forthepeople.com>; rmcgee <rmcgee@forthepeople.com>
**Cc:** Agnolucci, Simona <SAgnolucci@willkie.com>; Hur, Benedict Y. <BHur@willkie.com>; Arakaki, Lori <LArakaki@willkie.com>; Flórez, Argemira <AFlorez@willkie.com>; Peifer, Celeste <CPeifer@willkie.com>
**Subject:** RE: Rodriguez v. Google | 30(b)(6) Proposal

<mark>EXTERNAL Email</mark>
Jenna,

Please see below a further revised proposal that I think fits within yours. We have clarified a few points here, and have eliminated the complicated time counting issue in favor of your simpler approach.

At this point, if you have further edits, I suggest we jump on a call and hammer them out. From my perspective, this seems like something we can reach agreement on.

Thanks,
Eduardo

--

(1) The parties agree that Rule 30(b)(6) depositions may take place concurrently with fact depositions and the parties will endeavor to take them concurrently where possible.

(2) To promote efficiency and to reduce burden on the witnesses, the parties will endeavor to take the deposition of a witness in both their capacity as a 30(b)(6) designee and in their personal capacity within one sitting, to the degree the witness is subject to both a personal deposition notice and is a designee on one or more outstanding 30(b)(6) topics.

(3) Fact depositions for which the deponent is _**also**_ a 30(b)(6) deponent will not be limited to 7 hours on the record. The parties will make a good faith effort to complete the deposition within 7 hours on the record. However, additional time on the record (up to ten hours unless the parties agree otherwise) will be permitted if the deposition is taken in both a personal and representative capacity. The parties will use all reasonable efforts to avoid using a second day of deposition, where possible. But if an additional deposition day is required, both parties will use their best efforts to accommodate that. Google reserves the right to seek relief from the Court under the Federal Rules concerning limitations on discovery according to the default legal standards associated with such a request.

(4) Plaintiffs will serve a first supplemental 30(b)(6) notice on November 11, 2021.

   a. The parties agree that supplemental 30(b)(6) notices may be served that add additional topics that arise from or are discovered within the course of litigation after the November 11 notice is served (e.g., topics regarding Defendant's affirmative defenses). New topics that overlap with prior topics will not be permitted. Plaintiffs will act in good faith to notice known topics as of November 11. To the degree Defendant contends that deposition topics added after November 11, 2021, "overlap" with existing topics, the parties will work in good faith to narrow new topics and/or discuss potential alternative avenues to receiving information on those topics (e.g. by interrogatory, stipulation, or deposition of an alternative witness) rather than recalling a witness who has already testified. Further, the parties agree that noticed topics will not be set for deposition until production of the documents regarding that topic have been substantially completed.

   b. Defendants ultimately reserve the right to challenge later-identified topics believed to be redundant with topics served in the November 11, 2021 notice if the parties do not reach resolution through the process outlined in 4(a).

(5) Upon receiving Plaintiffs' revised 30(b)(6) notice, Google shall endeavor to designate witnesses for each topic within one week by November 18, 2021 and at a minimum will designate witnesses on some topics by that time. The parties agree that 30(b)(6) depositions will commence when designations have been made on all topics or, alternatively, when designations have been made on the majority of topics such that the parties agree that the need to re-depose already-designated witnesses will be unlikely (e.g., if Google represents that designated witnesses will not be designated on any other existing/outstanding topic).

**Eduardo E. Santacana**
**Willkie Farr & Gallagher LLP**
One Front Street | San Francisco, CA 94111
Direct: +1 415 858 7421 | Fax: +1 415 858 7599
esantacana@willkie.com | vCard | www.willkie.com bio

---

**From:** Santacana, Eduardo E. <ESantacana@willkie.com>
**Sent:** Wednesday, November 10, 2021 11:08 AM
**To:** 'Jenna Farleigh' <JFarleigh@susmangodfrey.com>; Amanda Bonn <abonn@SusmanGodfrey.com>; Alex Frawley <AFrawley@susmangodfrey.com>; Amy Gregory <AGregory@susmangodfrey.com>; Bill Carmody <bcarmody@SusmanGodfrey.com>; brichardson <brichardson@bsfllp.com>; Erika Nyborg-Burch <enyborg-burch@bsfllp.com>; 'jlee@bsfllp.com' <jlee@bsfllp.com>; Mark C. Mao <mmao@bsfllp.com>; 'rbaeza@bsfllp.com' <rbaeza@bsfllp.com>; Michael Ram x20021 <MRam@forthepeople.com>; rmcgee <rmcgee@forthepeople.com>
**Cc:** Agnolucci, Simona <SAgnolucci@willkie.com>; Hur, Benedict Y. <BHur@willkie.com>; Arakaki, Lori <LArakaki@willkie.com>; Flórez, Argemira <AFlorez@willkie.com>; Peifer, Celeste <CPeifer@willkie.com>
**Subject:** RE: Rodriguez v. Google | 30(b)(6) Proposal

Jenna,

We will respond today on this. I don't think a joint dispute letter is going to be necessary here.

Thanks,
Eduardo

**Eduardo E. Santacana**
**Willkie Farr & Gallagher LLP**
One Front Street | San Francisco, CA 94111
Direct: +1 415 858 7421 | Fax: +1 415 858 7599
esantacana@willkie.com | vCard | www.willkie.com bio

---

**From:** Jenna Farleigh <JFarleigh@susmangodfrey.com>
**Sent:** Wednesday, November 10, 2021 9:51 AM
**To:** Santacana, Eduardo E. <ESantacana@willkie.com>; Amanda Bonn <abonn@SusmanGodfrey.com>; Alex Frawley <AFrawley@susmangodfrey.com>; Amy Gregory <AGregory@susmangodfrey.com>; Bill Carmody <bcarmody@SusmanGodfrey.com>; brichardson <brichardson@bsfllp.com>; Erika Nyborg-Burch <enyborg-burch@bsfllp.com>; 'jlee@bsfllp.com' <jlee@bsfllp.com>; Mark C. Mao <mmao@bsfllp.com>; 'rbaeza@bsfllp.com' <rbaeza@bsfllp.com>; Michael Ram x20021 <MRam@forthepeople.com>; rmcgee <rmcgee@forthepeople.com>
**Cc:** Agnolucci, Simona <SAgnolucci@willkie.com>; Hur, Benedict Y. <BHur@willkie.com>; Arakaki, Lori <LArakaki@willkie.com>; Flórez, Argemira <AFlorez@willkie.com>; Peifer, Celeste <CPeifer@willkie.com>
**Subject:** RE: Rodriguez v. Google | 30(b)(6) Proposal

**\*\*\* EXTERNAL EMAIL \*\*\***

Eduardo,

Please let us know if we have a deal on the 30(b)(6) issue. It is starting to seem like we may be at an impasse and need to brief the issue. If that is the case, we would like to go ahead and get a joint dispute letter on the docket.

Best,

Jenna

_____

**Jenna G. Farleigh | Susman Godfrey L.L.P.**
1201 Third Avenue | Suite 3800 | Seattle, WA 98101
Phone: (206) 505-3826
**HOUSTON • LOS ANGELES • SEATTLE • NEW YORK**

jfarleigh@susmangodfrey.com | www.susmangodfrey.com

*This message may be protected by the attorney client privilege or the work product doctrine.*

---

**From:** Santacana, Eduardo E. <ESantacana@willkie.com>
**Sent:** Monday, November 8, 2021 12:12 PM
**To:** Jenna Farleigh <JFarleigh@susmangodfrey.com>; Amanda Bonn <abonn@SusmanGodfrey.com>; Alex Frawley <AFrawley@susmangodfrey.com>; Amy Gregory <AGregory@susmangodfrey.com>; Bill Carmody <bcarmody@SusmanGodfrey.com>; brichardson <brichardson@bsfllp.com>; Erika Nyborg-Burch <enyborg-burch@bsfllp.com>; 'jlee@bsfllp.com' <jlee@bsfllp.com>; Mark C. Mao <mmao@bsfllp.com>; 'rbaeza@bsfllp.com' <rbaeza@bsfllp.com>; Michael Ram x20021 <MRam@forthepeople.com>; rmcgee <rmcgee@forthepeople.com>
**Cc:** Agnolucci, Simona <SAgnolucci@willkie.com>; Hur, Benedict Y. <BHur@willkie.com>; Arakaki, Lori <LArakaki@willkie.com>; Flórez, Argemira <AFlorez@willkie.com>; Peifer, Celeste <CPeifer@willkie.com>
**Subject:** RE: Rodriguez v. Google | Plaintiffs' Full Proposed Schedule

EXTERNAL Email
Jenna,

We will respond in more detail soon, but for now, please note that the supplemental interrogatory response we served on Friday is the response we discussed as a proposed compromise on the privilege clawback letter brief. Can your team please review it and let us know if we have a compromise?

Thanks,
Eduardo

**Eduardo E. Santacana**
**Willkie Farr & Gallagher LLP**
One Front Street | San Francisco, CA 94111
Direct: +1 415 858 7421 | Fax: +1 415 858 7599
esantacana@willkie.com | vCard | www.willkie.com bio

---

**From:** Jenna Farleigh <JFarleigh@susmangodfrey.com>
**Sent:** Sunday, November 7, 2021 8:35 PM
**To:** Santacana, Eduardo E. <ESantacana@willkie.com>; Amanda Bonn <abonn@SusmanGodfrey.com>; Alex Frawley <AFrawley@susmangodfrey.com>; Amy Gregory <AGregory@susmangodfrey.com>; Bill Carmody <bcarmody@SusmanGodfrey.com>; brichardson <brichardson@bsfllp.com>; Erika Nyborg-Burch <enyborg-burch@bsfllp.com>; 'jlee@bsfllp.com' <jlee@bsfllp.com>; Mark C. Mao <mmao@bsfllp.com>; 'rbaeza@bsfllp.com' <rbaeza@bsfllp.com>; Michael Ram x20021 <MRam@forthepeople.com>; rmcgee <rmcgee@forthepeople.com>
**Cc:** Agnolucci, Simona <SAgnolucci@willkie.com>; Hur, Benedict Y. <BHur@willkie.com>; Arakaki, Lori <LArakaki@willkie.com>; Flórez, Argemira <AFlorez@willkie.com>; Peifer, Celeste <CPeifer@willkie.com>
**Subject:** RE: Rodriguez v. Google | Plaintiffs' Full Proposed Schedule

**\*\*\* EXTERNAL EMAIL \*\*\***

Eduardo,

We are still trying to get sign-off and necessary input on the 30(b)(6) notice draft. In the interest in serving a more complete notice, we need a little additional time until November 11, 2021. We also note that the parties have several disputes about relevance and, accordingly, we reserve the right to add additional topics to our notice that are related to topics that Google has contended are irrelevant given that the irrelevance claim has prevented Plaintiffs from obtaining further information on those topics making it difficult for Plaintiffs to craft sufficiently narrow topics on those issues.

I have tried to do some further wordsmithing in blue. Some key points below:

- **Timing:** I think in principle we are fine with Google keeping track of "time" over a 7-hour deposition period and counting it towards 30(b)(6) time. I think the concern is that, since we are at a disadvantage by taking this piecemeal approach given that we do not know how much time each topic is going to take and / or how many additional topics would be added, we would want to make sure our overall time is well over 7 hours. Do you have a proposal? It is certainly not our intention to "exceed a reasonable limit" but it has dawned on us that we should just define "reasonable limit" at the outset. Perhaps 20 hours?

- **Endeavoring to Make Designations**: We understand and can agree that Google will "endeavor to make designations within a week but cannot commit to that in the abstract." That said, we also understandably wouldn't want to start depositions until most of the topics have been designated so as to prevent having to re-depose witnesses or having Google try to block that effort for reasons that are no fault of our own.

- **Letter Briefs:** Perhaps I mixed something up but we understand that you intended to serve your half of the *log preservation* brief today (and actually served it yesterday). We also understand that you received the *privilege* letter brief a little over a week ago and will have your half of that to us sometime this week. We also understand that you are preparing the supplemental interrogatory response on that brief in tandem.

The revised 30(b)(6) proposal is below with our further suggestions in blue.

(1) The parties agree that Rule 30(b)(6) depositions may take place concurrently with fact depositions and the parties will endeavor to take them concurrently where possible.

(2) To promote efficiency and to reduce burden on the witnesses, the parties will endeavor to take the deposition of a witness in both their capacity as a 30(b)(6) designee and in their personal capacity within one sitting, to the degree the witness is subject to both a personal deposition notice and is a designee on one or more outstanding 30(b)(6) topics.

(3) Fact depositions for which the deponent is *also* a 30(b)(6) deponent will not be limited to 7 hours on the record. The parties will make a good faith effort to complete the deposition within 7 hours on the record. However, additional time on the record will be permitted if the deposition is taken in both a personal and representative capacity. If this means an additional deposition day is required, both parties will use their best efforts to accommodate that.

(4) For depositions wherein the deponent is testifying in both a personal and representative capacity, deposition time extending beyond 7 hours will be recorded as 30(b)(6) deposition time, and anything within 7 hours will only count toward the individual's own deposition time. Each party will be permitted 20 total hours of total 30(b)(6) deposition time.

(5) Plaintiffs will serve a first supplemental 30(b)(6) notice on November 11, 2021.

   a. The parties agree that supplemental 30(b)(6) notices may be served that add additional topics that arise from or are discovered within the course of litigation after the November 11 notice is served (e.g., topics regarding Defendant's affirmative defenses). New topics that ~~substantially or completely~~ [JF: Eduardo, let's dispense with the descriptor and just use "overlap"] overlap with prior topics will not be permitted. Plaintiffs will act in good faith to notice ~~the full breadth of the case as they understand it~~ known topics as of November 11. ~~Google's assertion of defenses that completely overlap with noticed topics or issues the parties are already aware of, e.g., failure to state a claim or other non-affirmative defenses, will not serve as the basis for re-taking any Rule 30(b)(6) topic or for serving new topics that were in good faith known to Plaintiffs as of November 5.~~ [JF: Eduardo, this struck-through language is problematic and I think redundant with our existing obligation to issue known topics in good faith. We are concerned that we may notice a topic but have insufficient documents from you to move forward with a deposition on that topic and that you will use this language to try and force us to move forward or to block a necessary repeat deposition. Alternatively, if we don't notice the topic now because we don't have a sufficient understanding based on the limited

<mark>production, we are concerned about an argument from you that we acted in bad faith because the topic was on some level already "known" to us. I have proposed alternative language that I hope addresses all concerns but ultimately some of this rides on mutual good faith.</mark>] To the degree Defendant contends that deposition topics added after November 11, 2021, "overlap" with existing topics, the parties will work in good faith to narrow new topics and/or discuss potential alternative avenues to receiving information on those topics (e.g. by interrogatory, stipulation, or deposition of an alternative witness) rather than recalling a witness who has already testified. Further, the parties agree that noticed topics will not be set for deposition until production of the documents regarding that topic have been substantially completed.

  b.  Defendants ultimately reserve the right to challenge later-identified topics believed to be redundant with topics served in the November 11, 2021 notice if the parties do not reach resolution through the process outlined in 5(a).

(6) Upon receiving Plaintiffs' revised 30(b)(6) notice, Google shall endeavor to designate witnesses for each topic within one week by November 18, 2021 and at a minimum will designate witnesses on some topics by that time. The parties agree that 30(b)(6) depositions will commence when designations have been made on all topics or, alternatively, when designations have been made on the majority of topics such that the parties agree that the need to re-depose already-designated witnesses will be unlikely (e.g., if Google represents that designated witnesses will not be designated on any other existing/outstanding topic).

(7) ~~The parties will endeavor to start depositions shortly after Google begins making designations~~.

Thanks,

Jenna

_____

**Jenna G. Farleigh | Susman Godfrey L.L.P.**
1201 Third Avenue | Suite 3800 | Seattle, WA 98101
Phone: (206) 505-3826
**HOUSTON   •   LOS ANGELES   •   SEATTLE   •   NEW YORK**

jfarleigh@susmangodfrey.com | www.susmangodfrey.com

*This message may be protected by the attorney client privilege or the work product doctrine.*

---

**From:** Santacana, Eduardo E. <ESantacana@willkie.com>
**Sent:** Tuesday, November 2, 2021 11:07 AM
**To:** 'Jenna Farleigh' <JFarleigh@susmangodfrey.com>; Amanda Bonn <abonn@SusmanGodfrey.com>; Alex Frawley <AFrawley@susmangodfrey.com>; Amy Gregory <AGregory@susmangodfrey.com>; Bill Carmody <bcarmody@SusmanGodfrey.com>; brichardson <brichardson@bsfllp.com>; Erika Nyborg-Burch <enyborg-burch@bsfllp.com>; 'jlee@bsfllp.com' <jlee@bsfllp.com>; Mark C. Mao <mmao@bsfllp.com>; 'rbaeza@bsfllp.com' <rbaeza@bsfllp.com>;

Michael Ram x20021 <[MRam@forthepeople.com](MRam@forthepeople.com)>; rmcgee <[rmcgee@forthepeople.com](rmcgee@forthepeople.com)>
**Cc:** Agnolucci, Simona <[SAgnolucci@willkie.com](SAgnolucci@willkie.com)>; Hur, Benedict Y. <[BHur@willkie.com](BHur@willkie.com)>; Arakaki, Lori <[LArakaki@willkie.com](LArakaki@willkie.com)>; Flórez, Argemira <[AFlorez@willkie.com](AFlorez@willkie.com)>; Peifer, Celeste <[CPeifer@willkie.com](CPeifer@willkie.com)>
**Subject:** RE: Rodriguez v. Google | Plaintiffs' Full Proposed Schedule

Jenna,

Here is an effort to harmonize your Rule 30(b)(6) proposal with our understanding of our phone call. We are open to wordsmithing this further, and it may be that you and I should just hammer this out on the phone, because that may be easier. On time limits, the idea here is to say that the first 7 hours of a deposition will never be counted against the Rule 30(b)(6) deposition, but Google still reserves the right to object to an overall number of hours used for Rule 30(b)(6) depositions if it comes to believe that Plaintiffs are seeking to exceed a reasonable limit. The regular rules relating to time limits will apply to such an objection, with the exception of the 7-hour per dual-purpose witness safe harbor discussed here.

Also, as to making designations, we haven't seen your notice yet. We can endeavor to make designations within a week but cannot commit to that in the abstract.

We will serve our half of the *log preservation* brief tomorrow, per my other email; we are waiting on a signed declaration. (We received the *privilege* letter brief a week ago today and will have our half of that to you this week.) We are also preparing the supplemental interrogatory response on that brief in tandem.

(1) Rule 30(b)(6) depositions may take place concurrently with fact depositions.

(2) To promote efficiency and to reduce burden on the witnesses, the parties will take the deposition of a witness in both their capacity as a 30(b)(6) designee and in their personal capacity within one sitting.

(3) Fact depositions for which the deponent is ***also*** a 30(b)(6) deponent will not be limited to 7 hours on the record. The parties will make a good faith effort to complete the deposition within 7 hours on the record. However, up to 10 hours on the record will be permitted if the deposition is taken in both a personal and representative capacity. If this means an additional deposition day is required, both parties will use their best efforts to accommodate that.

(4) Plaintiffs will serve a first supplemental 30(b)(6) notice on November 5, 2021.

   a. The parties agree that supplemental 30(b)(6) notices may be served that add additional topics that arise from or are discovered within the course of litigation after the November 5 notice is served (e.g., topics regarding Defendant's affirmative defenses). New topics that substantially or completely overlap with prior topics will not be permitted. Plaintiffs will act in good faith to notice the full breadth of the case as they understand it as of November 5. Google's assertion of defenses that completely overlap with noticed topics or issues the parties are already aware of, *e.g.*, failure to state a claim or other non-affirmative defenses, will not serve as the basis for re-taking any Rule 30(b)(6) topic or for serving new topics that were in good faith known to Plaintiffs as of

> November 5.
>
> b.  The parties reserve the right to challenge topics believed to be redundant with topics served in the November 5, 2021 notice.

(5) Upon receiving Plaintiffs' revised 30(b)(6) notice, Google shall endeavor to designate witnesses for each topic within one week by November 12, 2021 and at a minimum will designate witnesses on some topics by that time.

(6) The parties will endeavor to start depositions shortly after Google begins making designations.

Thanks,
Eduardo


**Eduardo E. Santacana**
**Willkie Farr & Gallagher LLP**
One Front Street | San Francisco, CA 94111
Direct: +1 415 858 7421 | Fax: +1 415 858 7599
esantacana@willkie.com | vCard | www.willkie.com bio

---

**From:** Jenna Farleigh <JFarleigh@susmangodfrey.com>
**Sent:** Monday, November 1, 2021 11:39 AM
**To:** Santacana, Eduardo E. <ESantacana@willkie.com>; Amanda Bonn <abonn@SusmanGodfrey.com>; Alex Frawley <AFrawley@susmangodfrey.com>; Amy Gregory <AGregory@susmangodfrey.com>; Bill Carmody <bcarmody@SusmanGodfrey.com>; brichardson <brichardson@bsfllp.com>; Erika Nyborg-Burch <enyborg-burch@bsfllp.com>; 'jlee@bsfllp.com' <jlee@bsfllp.com>; Mark C. Mao <mmao@bsfllp.com>; 'rbaeza@bsfllp.com' <rbaeza@bsfllp.com>; Michael Ram x20021 <MRam@forthepeople.com>; rmcgee <rmcgee@forthepeople.com>
**Cc:** Agnolucci, Simona <SAgnolucci@willkie.com>; Hur, Benedict Y. <BHur@willkie.com>; Arakaki, Lori <LArakaki@willkie.com>; Flórez, Argemira <AFlorez@willkie.com>; Peifer, Celeste <CPeifer@willkie.com>
**Subject:** RE: Rodriguez v. Google | Plaintiffs' Full Proposed Schedule

**\*\*\* EXTERNAL EMAIL \*\*\***

Eduardo,

Is Google agreeing to the remainder of the 30(b)(6) proposal that we sent last week? It is pasted below for convenience:

(1) No party will hold the other to any time limitation for 30(b)(6) depositions, enabling those depositions to take place concurrently with fact depositions.
(2) To promote efficiency and to reduce burden on the witnesses, the parties will take the deposition of a witness in both their capacity as a 30(b)(6) designee and in their personal capacity within one sitting.
(3) Fact depositions for which the deponent is *__also__* a 30(b)(6) deponent will not be limited

to 7 hours on the record. The parties will make a good faith effort to complete the deposition within 7 hours on the record. However, up to 10 hours on the record will be permitted if the deposition is taken in both a personal and representative capacity. If this means an additional deposition day is required, both parties will use their best efforts to accommodate that.
(4) Plaintiffs will serve a first supplemental 30(b)(6) notice on November 5, 2021.
    a. The parties agree that supplemental 30(b)(6) notices may be served that add additional topics that arise from or are discovered within the course of litigation (e.g., topics regarding Defendant's affirmative defenses).
    b. The parties reserve the right to challenge topics believed to be redundant with topics served in the November 5, 2021 notice.
(5) Upon receiving Plaintiffs' revised 30(b)(6) notice, Google shall designate witnesses for each topic within one week by November 12, 2021.
(6) The parties will endeavor to start depositions shortly thereafter.

Regarding moving up the dates, we need until Friday to serve the supplemental 30(b)(6) notice. If we do finish earlier though for some reason, we will get it to you as soon as we can.

Unfortunately, we are not available to take Ganem's deposition on November 12. And, in thinking about it, it sounded from our last meet and confer that Ganem will be the designee on the integration of AdMob and GA for Firebase. As you know, discovery into AdMob has barely begun and we are dubious that documents could be produced and reviewed in time for a mid-November deposition anyway. Please provide some late-November or early-December dates for Ganem.

Also, are you planning on sending Google's portion on the privilege letter brief today? It has been in Google's possession for over two weeks and we would like to get that before Judge Tse.

Best,

Jenna

_____

**Jenna G. Farleigh | Susman Godfrey L.L.P.**
1201 Third Avenue | Suite 3800 | Seattle, WA 98101
Phone: (206) 505-3826
**HOUSTON  •  LOS ANGELES  •  SEATTLE  •  NEW YORK**

jfarleigh@susmangodfrey.com | www.susmangodfrey.com

*This message may be protected by the attorney client privilege or the work product doctrine.*

**From:** Jenna Farleigh
**Sent:** Friday, October 29, 2021 1:00 PM
**To:** Santacana, Eduardo E. <ESantacana@willkie.com>; Alex Frawley <afrawley@susmangodfrey.com>

**Cc:** Arakaki, Lori <LArakaki@willkie.com>; Flórez, Argemira <AFlorez@willkie.com>
**Subject:** RE: Rodriguez v. Google | Plaintiffs' Full Proposed Schedule

I will check with our team and will try and get back to you soon, but I think that is possible.

**Jenna G. Farleigh | Susman Godfrey L.L.P.**
1201 Third Avenue | Suite 3800 | Seattle, WA 98101
Phone: (206) 505-3826
**HOUSTON • LOS ANGELES • SEATTLE • NEW YORK**

jfarleigh@susmangodfrey.com | www.susmangodfrey.com

*This message may be protected by the attorney client privilege or the work product doctrine.*

---

**From:** Santacana, Eduardo E. <ESantacana@willkie.com>
**Sent:** Friday, October 29, 2021 12:59 PM
**To:** Jenna Farleigh <JFarleigh@susmangodfrey.com>; Alex Frawley <AFrawley@susmangodfrey.com>
**Cc:** Arakaki, Lori <LArakaki@willkie.com>; Flórez, Argemira <AFlorez@willkie.com>
**Subject:** RE: Rodriguez v. Google | Plaintiffs' Full Proposed Schedule

EXTERNAL Email

Thanks, Jenna. Very helpful.

I was just going to say that Steve Ganem is holding November 12 for his deposition, so on your 30b6 proposal, can we move some dates up to facilitate that?

**Eduardo E. Santacana**
**Willkie Farr & Gallagher LLP**
One Front Street | San Francisco, CA 94111
Direct: +1 415 858 7421 | Fax: +1 415 858 7599
esantacana@willkie.com | vCard | www.willkie.com bio

---

**From:** Jenna Farleigh <JFarleigh@susmangodfrey.com>
**Sent:** Friday, October 29, 2021 12:49 PM
**To:** Santacana, Eduardo E. <ESantacana@willkie.com>; Alex Frawley <AFrawley@susmangodfrey.com>
**Cc:** Arakaki, Lori <LArakaki@willkie.com>; Flórez, Argemira <AFlorez@willkie.com>
**Subject:** RE: Rodriguez v. Google | Plaintiffs' Full Proposed Schedule

**\*\*\* EXTERNAL EMAIL \*\*\***

Eduardo,

Sorry. I didn't mean to hop off the meet and confer when you were still talking! Also, I realize now that I sent through the wrong schedule in the below. It is updated here. I suppose I was

moving too fast on a Friday.

| Action | Scheduling Order Deadline (Dkt. 59) | Court Ordered Modification (Dkt. 125) | Plaintiffs' Proposed Deadline |
|---|---|---|---|
| Fact Discovery | November 12, 2021 | January 11, 2022 | July 13, 2022 |
| Expert Disclosure / Opening Report Date | December 13, 2021 | January 11, 2022 | July 13, 2022 |
| Supplemental and Rebuttal Expert Report Deadlines | April 14, 2022 | N/A | October 28, 2022 |
| Close of Expert Discovery | May 13, 2022 | N/A | December 16, 2022 |
| Hearing on Motion for Class Certification | June 2, 2022 | N/A | TBD |

Best,

Jenna

**Jenna G. Farleigh** | **Susman Godfrey L.L.P.**
1201 Third Avenue | Suite 3800 | Seattle, WA 98101
Phone: (206) 505-3826
**HOUSTON** ● **LOS ANGELES** ● **SEATTLE** ● **NEW YORK**

jfarleigh@susmangodfrey.com | www.susmangodfrey.com

*This message may be protected by the attorney client privilege or the work product doctrine.*

---

**From:** Jenna Farleigh
**Sent:** Friday, October 29, 2021 11:31 AM
**To:** Santacana, Eduardo E. <ESantacana@willkie.com>; Amanda Bonn <abonn@SusmanGodfrey.com>; Alex Frawley <afrawley@susmangodfrey.com>; Amy Gregory <agregory@susmangodfrey.com>; Bill Carmody <bcarmody@SusmanGodfrey.com>; brichardson <brichardson@bsfllp.com>; Erika Nyborg-Burch <enyborg-burch@bsfllp.com>; 'jlee@bsfllp.com' <jlee@bsfllp.com>; Mark C. Mao <mmao@bsfllp.com>; 'rbaeza@bsfllp.com' <rbaeza@bsfllp.com>; Michael Ram x20021 <MRam@forthepeople.com>; rmcgee <rmcgee@forthepeople.com>
**Cc:** Agnolucci, Simona <SAgnolucci@willkie.com>; Hur, Benedict Y. <BHur@willkie.com>; Arakaki, Lori <LArakaki@willkie.com>; Flórez, Argemira <AFlorez@willkie.com>; Peifer, Celeste <CPeifer@willkie.com>
**Subject:** Rodriguez v. Google | Plaintiffs' Full Proposed Schedule

Eduardo,

As you now, we are making a motion today to extend the Case Management Schedule. As part of that, we are also seeking clarity on the remainder of the schedule. Since Google won't agree to the

initial extensions, we assume it also won't agree to the fuller scheduling picture. Our full proposed schedule is below for your records.

| Action | Scheduling Order Deadline (Dkt. 47) | Court Ordered Modification (Dkt. 125) | Proposed Deadline |
|---|---|---|---|
| Fact Discovery | N/A | January 11, 2022 | July 13, 2022 |
| Expert Disclosure / Opening Report Date | December 13, 2021 | January 11, 2022 | July 13, 2022 |
| Plaintiffs' Motion for Class Certification | January 14, 2022 | N/A | August 24, 2022 |
| Responsive Expert Report Deadlines | February 14, 2022 | N/A | August 26, 2022 |
| Google's Opposition to Motion for Class Certification | March 14, 2022 | N/A | September 28, 2022 |
| Rebuttal Expert Report Deadline | April 14, 2022 | N/A | October 28, 2022 |
| Plaintiffs' Reply In Support of Motion for Class Certification | April 28, 2022 | N/A | November 11, 2022 |
| Close of Expert Discovery | May 13, 2022 | N/A | December 16, 2022 |
| Last Day to File Dispositive Motions and *Daubert* Motions | July 15, 2022 | N/A | February 10, 2023 |
| Summary Judgment and *Daubert* Oppositions | August 12, 2022 | N/A | March 10, 2023 |
| Summary Judgment and *Daubert* Replies | September 9, 2022 | N/A | March 31, 2023 |

Regards,

Jenna

_____

**Jenna G. Farleigh | Susman Godfrey L.L.P.**
1201 Third Avenue | Suite 3800 | Seattle, WA 98101
Phone: (206) 505-3826
**HOUSTON** ● **LOS ANGELES** ● **SEATTLE** ● **NEW YORK**

[jfarleigh@susmangodfrey.com](mailto:jfarleigh@susmangodfrey.com) | [www.susmangodfrey.com](http://www.susmangodfrey.com)

*This message may be protected by the attorney client privilege or the work product doctrine.*

---

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

---

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

---

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

---

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

---

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.