January 7, 2021

**Submitted via ECF**

Magistrate Judge Alex G. Tse
San Francisco Courthouse
Courtroom A - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    Joint Letter Brief re: Google's Motion to Compel Plaintiffs to Sit for Deposition By February 15, 2022
             *Rodriguez v. Google LLC*, Case No. 3:20-cv-04688-RS (N.D. Cal.)

Dear Magistrate Judge Tse:

      Google LLC ("Google") and Plaintiffs submit this joint letter brief regarding the parties' dispute over the timing of Plaintiffs' depositions. Google seeks an order compelling each named Plaintiff to sit for deposition before February 15, 2022, in response to the deposition notices Google served on November 1, 2021. Plaintiffs have proposed dates for the named Plaintiffs between February 17 and March 30, 2022.

      Counsel for the parties have exchanged meet-and-confer letters. Counsel also met and conferred by videoconference on December 13, 2021. Ex. A includes Google's proposed order, and Ex. B includes Plaintiffs' proposed order.

## GOOGLE'S STATEMENT

Google seeks an Order compelling each of the named Plaintiffs to sit for their deposition by February 15, 2022. Google served deposition notices on each of the nine named Plaintiffs on November 1, 2021, setting proposed dates for the depositions to take place in the first two weeks of December 2021. Plaintiffs offered deposition dates ranging from March 2 through 30, 2022, and one date on February 17. The law on this question is clear: Google has the right to depose Plaintiffs about the basis for their claims, and Plaintiffs cannot avoid their depositions until the end of the discovery period based on vague claims of time conflicts or a desire to obtain more discovery from Google before they sit for deposition. Neither are cognizable bases for a "good cause" protective order delaying their depositions. Google has the right to probe the basis for Plaintiffs' lawsuit now.

The parties have been negotiating the dates for Plaintiffs' depositions since the day after Google issued the deposition notices, November 2, 2021, when Plaintiffs' counsel responded to Google's deposition notices by engaging in extended stalling, ultimately including moving for an extension of the case schedule and attempting to impose wild conditions on the right of Google to take Plaintiffs' depositions relating to documents *Google* hadn't yet produced. After much delay, Plaintiffs finally proposed deposition dates on December 9. The dates they proposed run from March 2 through 30, 2022, and one deposition on February 17. Plaintiffs have never explained why they cannot sit for deposition sooner, other than to state that a single Plaintiffs' counsel is busy with depositions in other cases in January. Google promptly replied that this delay was unacceptable and that it would seek relief from this Court. Google served its portion of this letter brief on December 15, 2021, seeking deposition dates in January. Because Plaintiffs delayed in responding until January 3, 2022, Out of professional courtesy, Google then proposed a compromise: that each named Plaintiff sit for deposition by February 15, 2022, 107 days after the depositions were first noticed and well after the originally noticed dates in early December. But Google was unwilling to wait forever. Plaintiffs refused that compromise as well. Google now asks this Court to enter that compromise as its Order.

To date, Plaintiffs have never provided a specific justification for why they could not sit for deposition sooner. Plaintiffs' main objection has been that Google hasn't completed its own document production, including of Google Analytics data Google has pertaining to Plaintiffs' devices. But Rule 26(d)(3) expressly addresses this objection and rejects it: "Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) "discovery by one party does not require any other party to delay its discovery." That is the end of the inquiry; no party can refuse to sit for deposition solely because they'd like to have more discovery from another party first, even if that discovery pertains to the deponent.

Plaintiffs complain that without waiting for this production, Google will have an unfair advantage, but there is no information asymmetry here. Google already agreed, **on November 18**, 2021, not to prepare for these depositions with unproduced Google data pertaining to the plaintiffs, nor to use such unproduced data at their depositions (Google rejected other objectionable aspects of the conditions Plaintiffs sought to impose on these depositions). Google is working on querying and producing the data—a task that requires significant manual labor on Google's part and

cooperation from Plaintiffs in providing their own device IDs to locate anonymized data that once pertained to Plaintiffs before it was scrubbed of personally identifying information. Google simply hasn't located the data yet (Plaintiffs took over a year to provide their device information required to find the data in the first place). That is no excuse to delay Google's right to take discovery of Plaintiffs' percipient knowledge. Once Google has the data, it will produce it.

As for time conflicts that may justify a "good cause" delay, Plaintiffs' argument below provides no specific conflict for any named Plaintiff, nor for any individual counsel. Instead, it asserts vaguely that Plaintiffs' counsel cannot staff a named Plaintiffs' deposition, via Zoom (which obviates the objection concerning COVID), any time before February 17 for depositions noticed on November 1. That objection is neither specific nor credible. No fewer than 22 Plaintiffs' counsel have entered appearances in this case. And this is their case, after all. That they may have other cases, too, is not unique or a cognizable reason for failing timely to proceed in discovery.

By contrast, Google has five outside counsel on this case, each of whom could take some of these depositions. Surely, Plaintiffs can arrange for some of their two dozen counsel to defend them. These depositions are not complicated. They aren't expert depositions, and they aren't corporate witness depositions. They are meant to explore Plaintiffs' personal knowledge about their own claims. If Plaintiffs insist on claiming that their 22 lawyers cannot defend them, they should provide specific conflicts that demonstrate they cannot defend a single deposition in this or any case before February 17. Likewise, Plaintiffs should describe with specificity why each of the nine named Plaintiffs cannot sit for deposition in January or the first half of February.

Finally, Plaintiffs' complaint that no Google witness has yet sat for deposition is not only irrelevant, it's misleading. As this Court knows from the briefing on the motion to extend the case schedule, many months ago, Google proactively offered to testify in response to Plaintiffs' Rule 30(b)(6) notice, and it offered deposition dates in December. In response, Plaintiffs refused to take that deposition, requested an extension to the case schedule, dramatically expanded their Rule 30(b)(6) notice, and insisted that they would need more discovery from Google before taking *any* Google deposition. That led to an extended negotiation over how depositions would proceed for Google witnesses. All parties agreed that, to avoid the risk of deposing a Google witness twice, Plaintiffs should wait to depose Google's witnesses until Google completed the additional document productions that Plaintiffs were demanding. Plaintiffs continue to demand more documents from Google, so none of those witnesses have testified (though last week Plaintiffs asked to reopen that agreement so they can take an interim Rule 30(b)(6) deposition on data Plaintiffs have asked Google to produce). None of this matters for this motion. But to the extent the Court considers it, the bottom line here is that Google offered these depositions and Plaintiffs refused to take them.

### **PLAINTIFFS' STATEMENT**

Google's insistence on compelling all nine Plaintiffs to sit for deposition before February 15 is perplexing, given that: (1) Google is well aware of scheduling issues that exist for both counsel and Plaintiffs in that timeframe; (2) Google has yet to produce the Plaintiffs' data in its possession that belongs to the Plaintiffs; (3) Google failed to identify any prejudice in completing Plaintiffs' depositions in March rather than February as Plaintiffs' proposed and has indicated it is

available on Plaintiffs' proposed dates; (4) Google itself has yet to schedule any depositions of its own company witnesses despite requests from Plaintiffs to do so; and (5) there remains ample time to take these depositions in accordance with the discovery schedule.

As an initial matter, Google's rendition of the parties' negotiations of Plaintiffs' deposition schedule is highly misleading. Google failed to comply with N.D. Cal. Local Rule 30-1, which requires that "before noticing a deposition of a party or witness affiliated with a party, the noticing party must confer about the scheduling of the deposition with opposing counsel." Google instead unilaterally noticed nine depositions of the Plaintiffs before conferring with counsel about dates. Around that time, Google also reneged on its prior agreement to negotiate in good faith a joint proposal to extend discovery deadlines, resulting in the need for Plaintiffs to move to extend the fact discovery deadline. At the time it noticed the depositions, Google also had not yet produced (and still has not produced) any of the named Plaintiffs' data in Google's possession. Based on the assumption that discovery would close in January, Plaintiffs had no choice but to attempt to set depositions on short notice, without their data, and without sufficient time to prepare. During these negotiations, Plaintiffs asked that Google not use unproduced Plaintiffs' data at their depositions— a request that Google simultaneously characterizes as "wild" but also concedes was acceptable at that time given the then-existing time constraints.  Before the parties agreed to deposition dates, however, this Court granted Plaintiffs' motion to extend the fact discovery deadline to July 2022 (Dkt. 180), giving the parties relief to conduct discovery on a more realistic schedule. Around the same time, Google finally agreed to make at least an initial production of some of the named Plaintiffs' data in its possession. Given the change in circumstances, the need to complete depositions on an expedited schedule disappeared; indeed, it was now much more practical to give Google an opportunity to produce Plaintiffs' data before Plaintiffs were deposed so that Plaintiffs would have the benefit of having their data (improperly collected by Google) before their depositions. Despite the above, during the week of the Thanksgiving holiday, Google demanded Plaintiffs immediately provide deposition dates. Contacting Plaintiffs around Thanksgiving proved difficult, and counsel for Plaintiffs provided dates as soon as practicable on December 9.

Plaintiffs proposed deposition from February 17 to March 30. While Google's counsel acknowledged he was available for each of the dates proposed by the Plaintiffs, Google's counsel nevertheless demanded that all depositions be completed in January (only at the eleventh hour of this filing did Google change course and request depositions be completed by February 15 instead of January). Counsel for Plaintiffs explained to Google in writing and in conferences that dates before February 15 would not be possible because of scheduling conflicts encountered by both counsel and Plaintiffs.  Ironically, the reason Plaintiffs' counsel is not available most of  January is to accommodate Google's counsel in the *Brown v. Google* matter who requested that multiple previously set depositions be rescheduled to mid to late January due to contracting COVID-19 (unlike Google's position here, Plaintiffs did not insist that Google's trove of other lawyers replace its chosen counsel and instead accommodated its reasonable request).  Google now weaponizes the professional courtesy extended to it in *Brown* by having its counsel in this case compel depositions in the same time period.  In doing so, Google ignores a basic tenet shared by nearly all law practitioners; accommodating the parties' schedules when setting depositions is a common courtesy routinely extended in cases unless some prejudice would arise.  It is telling that Plaintiffs asked Google multiple times to articulate any prejudice Google might suffer from concluding depositions in March rather than February, and Google refused to offer any reason, stating only that it is not obligated to articulate any prejudice.

Google's complaints about the deposition schedule become even flimsier considering Google has yet to schedule *any* of its own corporate witnesses for deposition. On December 23, 2021, Plaintiffs requested immediate depositions of Google's 30(b)(6) designees on three discrete topics to assist with the sampling process suggested by the Court to be the efficient path forward. Google has not proposed any deposition dates for potential company witnesses and has not informed Plaintiffs of whether it is even willing to start scheduling these depositions. Accordingly, Google's suggestion above that all corporate witness depositions have been stayed by agreement is simply untrue. Unlike Google, however, Plaintiffs have not sought to compel deposition dates and have instead chosen to work to resolve issues in good faith that could impact the scheduling of those depositions before trying to compel arbitrary deposition deadlines. What's more, Google's complaints about Plaintiffs' turn-around time for the response to this brief is an exercise in calling the kettle black. Google sent the brief to Plaintiffs just before the holidays and Plaintiffs worked through the holidays to respond. Moreover, it is Google who has notoriously taken up to a month to provide its own joint letter brief sections for filings desired by Plaintiffs. As we speak, Google is sitting on a joint letter brief that Plaintiffs provided to Google over the holiday period.

Finally, Google's claims that Plaintiffs refuse to sit for the depositions "until the end of the discovery" is also untrue. Under the new fact discovery deadline ordered by the Court, Plaintiffs' proposed deposition schedule would have all of the named Plaintiffs' depositions completed *over three months* before the close of discovery. Setting nine depositions by February 15—when both counsel and the named Plaintiffs have scheduling conflicts during that time would be unduly burdensome. There is no need to schedule these depositions before February 15 simply for the sake of doing so, particularly when Google's counsel is available on the dates Plaintiffs proposed and no prejudice would arise from simply following that mutually agreeable schedule. Google's request is based in gamesmanship, not a legitimate purpose.

Respectfully,

| WILLKIE FARR & GALLAGHER, LLP | SUSMAN GODFREY LLP |
|---|---|
| By: */s/ Eduardo E. Santacana* <br> Eduardo E. Santacana (SBN: 281668) <br> esantacana@willkie.com <br> Benedict Y. Hur (SBN: 224018) <br> bhur@willkie.com <br> Simona Agnolucci (SBN: 246943) <br> sagnolucci@willkie.com <br> Lori Arakaki (SBN: 315119) <br> larakaki@willkie.com <br> One Front Street, 34th Floor <br> San Francisco, CA 94111 <br> Telephone: (415) 858-7400 | /s/ *Amanda Bonn* <br> Amanda Bonn (CA Bar No. 270891) <br> Mark C. Mao (CA Bar No. 236165) <br> mmao@bsfllp.com <br> Beko Reblitz-Richardson (CA Bar No. 238027) <br> brichardson@bsfllp.com <br> BOIES SCHILLER FLEXNER LLP <br> 44 Montgomery Street, 41st Floor <br> San Francisco, CA 94104 <br> Telephone: (415) 293 6858 <br> Facsimile (415) 999 9695 |

Facsimile: (415) 858-7599

*Attorneys for Defendant Google LLC*

James W. Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (*pro hac vice*)
rbaeza@bsfllp.com
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

William Christopher Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Telephone: (212) 336-8330

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

*Attorneys for Plaintiffs*

## ATTESTATION

I, Eduardo Santacana, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED:  January 7, 2022                             By:     /s/ *Eduardo E. Santacana*