**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
  sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
  esantacana@willkie.com
LORI C. ARAKAKI (SBN: 315119)
  larakaki@willkie.com
ARGEMIRA FLOREZ (SBN: 331153)
  aflorez@willkie.com

Attorneys for
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| ANIBAL RODRIGUEZ, *et al.* individually and on behalf of all other similarly situated,<br><br>                              Plaintiffs,<br><br>    vs<br><br>GOOGLE LLC, *et al*.<br><br>                              Defendant. | Case No.  3:20-CV-04688 RS<br><br>**DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL (RE: JOINT SEARCH TERM LETTER BRIEF)**<br><br>[*Declaration of Steve Ganem in Support of Plaintiffs' Administrative Motion to Seal filed concurrently herewith*]<br><br>Judge:         Hon. Alex G. Tse<br>Action Filed: July 14, 2020<br>Trial Date:    Not Set |

I, EDUARDO E. SANTACANA, declare:

1. I am an attorney licensed to practice law in the State of California and am a partner with the law firm of Willkie Farr & Gallagher LLP, located at One Front Street, San Francisco, California 94111, counsel for Defendant Google LLC ("Google") in the above-captioned action. Unless otherwise stated, the facts I set forth in this declaration are based on my personal knowledge or knowledge I obtained through my review of corporate records or other investigation. If called to testify as a witness, I could and would testify competently to such facts under oath.

2. I submit this declaration in support of the Administrative Motion to Consider Whether Another Party's Material Should be Sealed filed by Plaintiffs. ECF No. 200. I am making this declaration pursuant to Civil L.R. 79-5(f) as an attorney for the "Designating Party," as that term is used in that rule. Per the instructions provided on the Northern District of California's website, this declaration is drafted so that it does not contain confidential information and does not need to be filed under seal. *See* http://www.cand.uscourts.gov/ecf/underseal.

3. Steve Ganem, a Google Group Product Manager, has also reviewed the information Google seeks to keep under seal and his declaration is submitted in support of the Motion to Seal, on behalf of the Designating Party within the meaning of Civil L.R. 79-5. ***See* Declaration of Steve Ganem in Support of Plaintiffs' Motion to Seal filed concurrently herewith.**

4. On January 7, 2022, Plaintiffs filed their Administrative Motion to Seal, with certain information conditionally under seal, including portions of (1) the parties' Joint Discovery Letter Brief re: Search Terms ("Search Term Letter Brief"); and (2) Exhibit C. I have reviewed the documents Plaintiffs seek to file under seal pursuant to Civil Local Rule 79-5, unredacted copies of which have been filed at ECF Nos. 200-2 and 200-4, as well as the Civil Local Rules of this Court governing such motions.

5. Google seeks to seal all information conditionally under seal. Specifically, Google seeks to seal the following:

    a. Search Term Letter Brief – "Na\*\*\*" at page 2, section IV of Plaintiffs' Statement, lines 3 and 6, and page 5, paragraph 3, line 7; "K\*\*\*" at page 3, section V of Plaintiffs' Statement, lines 6 and 12, and page 3, paragraph 1 of Google's Statement, line 7

    b. Exhibit C – "Na\*\*\*" at page 7, row 17; "K\*\*\*" at page 8, row 26; "T\*\*\*" at page 8, row 28; and all unique per-term hit counts and subtotals

6. Google only seeks to seal certain words or portions thereof as well as hit counts. None of that information would clarify the public's understanding of the dispute at issue before the Court. Further, because the Motion to Seal was filed in connection with a non-dispositive motion concerning a discovery dispute over Google's ESI searches, "the usual presumption of the public's right of access is rebutted." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Accordingly, the lower "good cause" standard applies to the material Google seeks to seal. *Id.* at 1179–80.

7. Based on my review of the unredacted filings, there is good cause to protect all the information Google seeks to seal.

8. <u>Internal Project Names.</u> The **Search Term Letter Brief** and **Exhibit C** reveal internal project names Google does not use publicly, as well as technical and strategic details of two of the projects which Google likewise does not reveal publicly. Revealing internal project names and details would cause significant risk to Google, including cyber security risk. For example, an individual interested in improperly accessing Google's systems could target particular proprietary documents and information for improper uses if he or she knew Google's confidential internal names.

9. Courts do not hesitate to seal references to projects by internal names. *See, e.g.*, *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846 LHK (PSG), 2012 WL 4120541, at \*2 (N.D. Cal. Sept. 18, 2012) (sealing "Apple's internal code names" for its projects). Courts routinely seal this type of information including because it would place the company at an increased risk of

1  cyber security threats if the information becomes public. *See, e.g., In re Google Inc. Gmail Litig.*,
2  No. 13-md-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing material that
3  "if made public Google contends could lead to a breach in the security" of Google's systems).

4      10.  This Court has previously sealed one of the internal names Google now seeks to
5  seal. *See* Discovery Order re: ESI Custodians, Dkt. 184, at ¶ 3 (sealing "Na****" in the parties'
6  joint letter brief re custodians (Dkt. 154). That internal name should be sealed once again, and the
7  other two internal names Google seeks to seal are similarly confidential and should be sealed for
8  the same reasons.

9      11.  Google has narrowly tailored the information it seeks to seal to just portions of the
10  internal project names. No other more narrow tailoring would protect Google's interests. Nor
11  does the public need to know the full internal project names to understand the search term dispute
12  at issue.

13      12.  <u>Document Hit Counts</u>. Google seeks to seal the unique document hit count numbers
14  and subtotals that correspond to each search term identified in **Exhibit C**. As described in
15  Mr. Ganem's declaration, the correlation of hit counts, search terms, and custodians discloses
16  confidential and proprietary aspects of Google's business structure, resource allocation, and
17  strategy that Google does not discuss publicly. Understanding Google's internal resource
18  allocation and prioritization would allow a competitor to unfairly target Google's business by
19  optimizing their product strategy and offerings or undermining Google's.

20      13.  Courts have repeatedly found it appropriate to seal documents that contain "business
21  information that might harm a litigant's competitive standing, *Nixon v. Warner Commc'ns, Inc.*,
22  435 U.S. 589, 589-99 (1978), or any other "commercially sensitive information," *Palantir Techs.*
23  *Inc. v. Abramowitz*, No. 19-CV-06879-BLF, 2021 WL 1925459, at *2 (N.D. Cal. Mar. 5, 2021).
24  Good cause to seal is shown when a party seeks to seal materials that "contain[] confidential
25  information about the operation of [the party's] products and that public disclosure could harm
26  [the party] by disclosing confidential technical information." *Digital Reg. of Texas, LLC v. Adobe*
27  *Sys., Inc.*, No. C 12-1971 CW, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014). Courts in this
28  district have also determined that motions to seal may be granted as to confidential business

1  information that provides an "opportunity to obtain an advantage over competitors who do not

2  know or use it" because such information can be a trade secret.  *See, e.g., In re Elec. Arts, Inc.*,

3  298 F. App'x 568, 569 (9th Cir. 2008) (sealing exhibit containing trade secrets and adopting

4  definition of trade secret as "any formula, pattern, device or compilation of information which is

5  used in one's business, and which gives him an opportunity to obtain an advantage over

6  competitors who do not know or use it"); *see, e.g., United Tactical Sys., LLC v. Real Action

7  Paintball, Inc.*, 2015 WL 295584, at *3 (N.D. Cal. Jan. 21, 2015) (rejecting argument against

8  sealing "that [the party] ha[s] not shown that the substance of the information . . . amounts to a

9  trade secret").  Public disclosure of the information Google seeks to keep under seal would harm

10 Google's competitive standing it has earned through years of innovation and careful deliberation,

11 by revealing sensitive aspects of Google's proprietary systems, strategies, and designs to Google's

12 competitors.  That alone is a proper basis to seal such information.  *See, e.g., Free Range Content,

13 Inc. v. Google Inc.*, No. 14-cv-02329-BLF, ECF No. 192, at 6–8 (N.D. Cal. May 3, 2017)

14 (granting Google's motion to seal certain sensitive business information).

15         14.     Additionally, if the unique hit count numbers become public, Google is likely to be

16 prejudiced because other litigants adverse to Google will use the information to gain an unfair

17 advantage over Google in search term negotiations in those unrelated matters.  This is not a

18 speculative threat.  Indeed, at least one other plaintiff in an unrelated matter has sought cloned

19 discovery from this litigation and these Plaintiffs have sought discovery from another matter.

20 That cross-sharing of information to gain litigation advantage is not the type of "public interest"

21 courts had in mind when articulating the requirement that there be "good cause" to seal material

22 concerning non-dispositive matters.  On the contrary, courts are concerned with the public's

23 interest in "understanding the judicial process."  *Kamakana*, 447 F.3d at 1178.  Sealing the unique

24 hit counts will not hinder the public's understanding of the dispute at issue particularly because

25 Google is not seeking to seal the overall total hit counts for both parties' respective proposals.  If

26 information such as unique per term hit counts were routinely made public, that would chill future

27 litigants' willingness to freely negotiate search terms for fear that specific hit counts will

28 eventually be used against the party in unrelated litigation.

15. Once again, Google has narrowly tailored its request to seal only extraneous, confidential, proprietary material that is not necessary to aid the public's understanding of the discovery dispute at issue.

16. Because Google's request to seal is narrowly tailored and limited to confidential information that is not generally known to the public or Google's competitors that would harm Google if it became public, Google respectfully requests that the Court order portions of the Search Term Letter Brief and Exhibit C to remain under seal.

Executed January 14, 2022, at San Francisco, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ Eduardo E. Santacana*
EDUARDO E. SANTACANA