1  **WILLKIE FARR & GALLAGHER LLP**
   BENEDICT Y. HUR (SBN: 224018)
2    bhur@willkie.com
   SIMONA AGNOLUCCI (SBN: 246943)
3    sagnolucci@willkie.com
   EDUARDO E. SANTACANA (SBN: 281668)
4    esantacana@willkie.com
   LORI C. ARAKAKI (SBN: 315119)
5    larakaki@willkie.com
   ARGEMIRA FLOREZ (SBN: 331153)
6    aflorez@willkie.com
7
   Attorneys for
8  GOOGLE LLC

9              **UNITED STATES DISTRICT COURT**

10          **NORTHERN DISTRICT OF CALIFORNIA**

11                  **SAN FRANCISCO**

12  | ANIBAL RODRIGUEZ, *et al.* individually and on behalf of all other similarly situated, | Case No.  3:20-CV-04688 RS |
    | --- | --- |
13  | | **DECLARATION OF STEVE GANEM IN** |
    | Plaintiffs, | **SUPPORT OF PLAINTIFFS'** |
14  | | **ADMINISTRATIVE MOTION TO SEAL** |
    | vs | **(RE: JOINT SEARCH TERM LETTER** |
15  | | **BRIEF)** |
    | GOOGLE LLC, *et al.* | |
16  | | [*Declaration of Eduardo E. Santacana in Support* |
    | Defendant. | *of Plaintiffs' Administrative Motion to Seal filed* |
17  | | *concurrently herewith*] |
18  | | |
19  | | Judge:        Hon. Alex G. Tse |
    | | Action Filed: July 14, 2020 |
20  | | Trial Date:    Not Set |

21

22

23

24

25

26

27

28

I, STEVE GANEM, declare:

1.     I am a Group Product Manager at Google LLC ("Google") with supervisory authority concerning Google Analytics for Firebase ("GA for Firebase").  In my role as Group Product Manager, I am familiar with Google's practices regarding the treatment of sensitive business and technical information.

2.     Unless otherwise stated, the facts I set forth in this declaration are based on my personal knowledge or knowledge I obtained through my review of corporate records or other investigation.  If called to testify as a witness, I could and would testify competently to such facts under oath.

3.     I submit this declaration in support of the Administrative Motion to Consider Whether Another Party's Material Should be Sealed filed by Plaintiffs.  ECF No. 200.

4.     I have reviewed portions of (1) the parties' Joint Letter Brief re Google Search Terms ("Joint Letter Brief") (ECF No. 200-2); and (2) Exhibit C (ECF No. 200-4) that have been designated for sealing.

5.     Both the **Joint Letter Brief** and **Exhibit C** contain references to three internal project names Google does not discuss publicly (Na\*\*\*, K\*\*\*, and T\*\*\*).  The joint letter brief also discloses certain technical details of two of those projects.  Revealing internal project names that correspond to descriptions of the projects would present a serious risk of irreparable harm to Google.  Specifically, an individual interested in improperly accessing Google's systems could target particular proprietary documents and information for improper uses if he or she knew Google's confidential internal names.  Thus, it is very important that internal names and project details not be revealed outside of Google.  Google has narrowly tailored the information to be sealed to allow the first one or two letters in each project name to be filed publicly, and no more limited sealing would appropriately protect Google's confidential and proprietary information.

DECLARATION OF STEVE GANEM IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL
(RE: JOINT SEARCH TERM LETTER BRIEF)
Case No.  3:20-CV-04688 RS

6.      Google also seeks to seal the unique document hit count numbers and subtotals that correspond to each search term identified in Exhibit C.  This information is confidential and proprietary because it discloses aspects of Google's business that it does not discuss publicly.  For example, the number of electronically stored documents that contain certain search terms reveals how Google internally allocates its resources and attention to the various work streams, projects, and topics identified by and related to the search terms.  Understanding this internal resource allocation and prioritization would allow a competitor to unfairly target Google's business by optimizing their product strategy and offerings or undermining Google's.  Google has devoted significant time and resources to develop its products and that effort should be protected.  As just one example, a competitor analyzing the numbers reflected in rows 25 to 31 of the chart might be able to discern Google's resource allocation for projects related to those terms vis-à-vis the custodians and internal teams at issue.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed January 13, 2022, at San Francisco, California.


_____
**STEVE GANEM**

DECLARATION OF STEVE GANEM IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL
(RE: JOINT SEARCH TERM LETTER BRIEF)
Case No.  3:20-CV-04688 RS