January 28, 2022

**Submitted via ECF**

Magistrate Judge Alex G. Tse
San Francisco Courthouse
Courtroom A - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

  Re: Plaintiffs' Response to the Court's Request for Additional Information Regarding Certain Search Terms
    *Rodriguez v. Google LLC*, Case No. 3:20-cv-04688-RS (N.D. Cal.)

Dear Magistrate Judge Tse:

  In accordance with the Court's Discovery Order dated January 20, 2022, *see* ECF No. 208 (the "Order") at 4 nn. 5, 6, Plaintiffs submit this letter to provide additional information regarding Search Terms 40b, 40c, 43b, and 43c, which Plaintiffs requested Google to use on the first five of 24 custodians' ESI. Since January 20, the parties have reached agreement regarding most of the individual terms within those search strings. Below, Plaintiffs explain their position on the remaining disputes.

  **I.** **Plaintiffs' Compromise Proposals for Remaining Disputes Regarding Search Terms 40b, 40c**

**40b** (for Francis Ma)

- (FCM or "cloud messaging") /15 (firebase OR perform* OR event OR audience)

**40c** (for Todd Hansen)

- (FCM or "cloud messaging") /5 firebase
- (FCM or "cloud messaging") /10 (perform* OR event OR audience)

  Search Terms 40b and 40c relate to Firebase Cloud Messaging (often referred to as "Cloud Messaging" or "FCM"), one of the products that surreptitiously provide users' app activity data to Google even when users have turned WAA off. Plaintiffs proposed tailoring these terms by custodian, including by using a broader connector for Francis Ma and a narrower one for Todd Hansen. Mr. Ma and Mr. Hansen both work on Firebase SDK; Mr. Ma is a product executive, and he is generally senior to Mr. Hansen, who is a software engineer. Google has represented to Plaintiffs that Mr. Hansen primarily works on Cloud Messaging, so Plaintiffs proposed a narrower connector for him (/10) to capture only documents that discuss how Cloud Messaging relates to other products and data in this case.

  Since January 20, Plaintiffs have narrowed their proposal in other respects, as well. In Search Term 40b, and for the four limiting terms that remain in dispute (firebase, perform*, event,

1

and audience), Plaintiffs propose removing the "AND" connector and inserting a "/15" connector in its place. Google represented that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[1] In Search Term 40c, Plaintiffs' proposal already included a "/10" connector. But because Google represented that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ here, too,[2] Plaintiffs propose narrowing the connector for that limiting term to "/5." Despite these modifications to the proximity connector, Google has declined to run the following four terms at all: firebase, event, perform*, and audience.

But each of these four terms was included as a limiter in the analogous Search Term 37b, which the Court ordered Google to run. *See* Order at 3. The primary difference is that Search Terms 40b and 40c relate to Cloud Messaging, whereas Search Term 37b relates to AdMob, a different Google product also at issue here. If anything, the disputed terms in Search Term 40c are *narrower* than those that the Court ordered Google to run in 37b.

Each of these four limiters was carefully selected. "Firebase" is the suite of products at issue here, and documents that hit on that limiter will shed light on how Cloud Messaging interacts, compares, and contrasts with other Firebase products. "Event" is a term that Google uses to describe user actions that Google records, such as when a user opens a notification. Documents that hit on that limiter will provide information about the circumstances in which Google collects data, the nature of the data collects, and the extent to which data can be linked or attributed to a user. The remaining limiters are designed to target documents relating to ways in which Google uses the data collected. Google can measure how well messages, ads, and other things "perform," using a variety of metrics. Google also uses the data it collects ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See, e.g.*, GOOG-RDGZ-00069733, at -737-38 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Documents that hit on these terms may reveal the reasons why Google collects the data at issue, the value of that data to Google, and how users are tangibly affected.

---

[1] The other terms return far less than ▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (FCM or "Cloud Messaging") /15 perform* returns ▮▮▮▮▮; (FCM or "Cloud Messaging") /15 event returns ▮▮▮▮▮; and (FCM or "Cloud Messaging") /15 audience returns ▮▮▮▮.

[2] Plaintiffs only received updated hit counts from Google just before 7:30 PM on the evening of filing. Those hit counts confirm that all of the other 40b terms with the /10 connector return ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, with one of them returning ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (FCM OR "Cloud Messaging") /10 perform* ▮▮▮▮▮▮▮▮▮; (FCM OR "Cloud Messaging") /10 event ▮▮▮▮▮▮▮▮▮; and (FCM or "Cloud Messaging")/ 10 audience ▮▮▮▮▮▮▮▮▮.

**II.  Plaintiffs' Compromise Proposals for Remaining Disputes Regarding Search Terms 43b, 43c**

**43b** (for Steve Ganem)

- (firebase OR gold) /15 [limiting string otherwise ordered or agreed upon]
- (Analytics OR GA4F OR Scion OR "Google Mobile Platform" OR GMP) /15 (conversion* OR perform* OR event OR audience OR "Google Mobile Service" OR GMS OR Clearcut)

**43c** (for the other custodian s)

- ("Google Mobile Service" OR GMS OR Clearcut) /10 (firebase OR perform* OR event OR audience)

The disputed portion of Search Term 43b also similar to Search Term 37b, except it focuses on Google Analytics. Plaintiffs propose to run this term only on Steve Ganem's documents because he is the Product Lead for Google Analytics for Firebase. *See* Google's R&Os to Plfs.' Second Set of Interrogatories (No. 5). After further discussions with Google, the parties have three disputes with respect to this term.

*First*, Google objects to including the term "Gold" in the limiting string of this search. This is a critically important term. "Gold" is a codename ███████████, which is at the heart of Plaintiffs' claims. Understanding, however, that the term "Gold" may often appear with other terms relating to Google Analytics, Plaintiffs propose moving the term "Gold" from the limiting string to the primary string.[3]

*Second*, Google objects to including the term "Firebase" in the primary string of any search, regardless of the limiting terms or connectors used. This term, too, is central to Plaintiffs' claims. It refers to the very suite of products at issue in this litigation, and it is cabined by the same limiting string as other terms. Although Google represented that a search for *firebase AND [Plaintiffs' requested limiting string]* yielded ███████████, Plaintiffs have offered to compromise by removing the "AND" and inserting a "/15" connector in its place.

*Second*, the parties dispute whether eight terms should be included in the limiting string. Four of those terms are also disputed with respect to Search Terms 40b and 40c, and they should be included in Search Term 43b for the same reasons. The other four terms are similarly important. "Google Mobile Service," GMS, and Clearcut refer to ███████████████████████████████████████████████████, *see* ECF Nos. 115 at 18, 139 at 4, and "Clearcut" ███

---

[3] Google originally agreed to run this term in the limiting string, but later discovered that its agreement was premised on ███████████████████████████████████████████. As a result of this discovery, at nearly 7:30 PM on the evening of filing, Google retracted its prior agreement and informed Plaintiffs that it would not include "Gold" in the limiting string. Plaintiffs hope that Google can agree to the compromise proposed here. Plaintiffs are also willing to listen to any further compromise proposal Google is willing to make. That said, given the late hour, Plaintiffs must request that the Court order Google to run this term.

███████████████████████████████████████████████████████████████. *See* GOOG-RDGZ-00038319; GOOG-RDGZ-00044834. The last limiter, conversion*, is designed to target documents relating to the ways in which Google uses the data collected. When a selected stimulus (e.g., showing a user an ad) produces a selected result (e.g., a purchase), that is a "conversion." Google uses the data it collects to track conversions, inform advertisers about the effectiveness of their ad campaigns, and ultimately to collect money. *See, e.g.*, GOOG-RDGZ-00060716, at -784, -787 (███████████████████████████████████).

The parties' remaining dispute with respect to Search Term 43c is a reprise of their dispute regarding Search Terms 40b and 40c, except this term focuses on "Google Mobile Service," GMS, and Clearcut—the locations in which Google collects and stores users' data, even when users have turned the WAA setting off. Plaintiffs propose to run these terms against documents collected from Francis Ma, David Monsees, Todd Hansen, and Edward Weng. Mr. Monsees is the product manager for WAA, and so his documents will especially reflect how GMS and Clearcut interact with, and are at odds with, the WAA setting. *See id.* Until recently, Mr. Weng was the product manager for AdMob, which interacts with GMS and Clearcut. Google does not object to the primary component of these strings relating to "Google Mobile Service," GMS, and Clearcut, but objects to the inclusion of the same four terms in the limiting string objected to in 40b and 40c—firebase, event, perform*, and audience. These terms are important for reasons already explained. And because Plaintiffs have narrowed their proposal by replacing the "AND" connector with a "/10" connector, the terms that remain in dispute perfectly mirror terms that the Court ordered Google to run with respect to Search Term 37b. In fact, the hit counts for these terms, which Google has provided are as follows: ███████ for the firebase term; ███████ for the perform* term; ███████ for the event term; and ███████ for the audience term. These are not overbroad.

Each of the terms that remain in dispute were carefully selected, relate to key issues in the case, and return reasonable hit counts. Consistent with the Court's conclusion with respect to Search Term 37b, the Court should order Google to use each of the terms addressed here.

Respectfully,

*/s/ Amanda Bonn*
Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor

San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

James W. Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (*pro hac vice*)
rbaeza@bsfllp.com
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

William Christopher Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Telephone: (212) 336-8330

Jenna G. Farleigh (CA Bar No. 288811)
jfarleigh@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle WA, 98101
Telephone: (206) 516-3880

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

*Attorneys for Plaintiffs*

5

## ATTESTATION

I, Amanda Bonn, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED: January 28, 2021        By:   /s/ *Amanda Bonn*