**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
  sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
  esantacana@willkie.com
LORI C. ARAKAKI (SBN: 315119)
  larakaki@willkie.com
ARGEMIRA FLOREZ (SBN: 331153)
  aflorez@willkie.com

Attorneys for
GOOGLE LLC

UNITED STATES DISTRICT COURTS

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| ANIBAL RODRIGUEZ, *et al.* individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>vs<br><br>GOOGLE LLC, *et al*.<br><br>Defendant. | Case No. 3:20-CV-04688 RS<br><br>**GOOGLE LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL EXHIBIT A TO ITS SUPPLEMENTAL LETTER BRIEF RE: SEARCH TERMS**<br><br>The Honorable Alex G. Tse<br><br>Action Filed:  July 14, 2020<br>Trial Date:     Not Yet Set |

## I.   INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5(c), Defendant Google LLC ("Google") files this administrative motion to seal Exhibit A to its Supplemental Brief Regarding Search Terms. The information in this exhibit consists of non-public, competitively sensitive information that discloses aspects of Google's business structure that Google does not disclose publicly.  For the reasons set forth below, the Court should grant Google's motion to seal select portions in Exhibit A.

## II.   LEGAL STANDARD

The Ninth Circuit has "'carved out an exception to the presumption of access' to judicial records . . . for a '*sealed discovery document* [attached] to a *non-dispositive* motion,' such that 'the usual presumption of the public's right of access is rebutted.'" *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citation omittted, emph. in original).  "[A] 'particularized showing,' under the 'good cause' standard of Rule 26(c) will 'suffice[ ] to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions.'" *Id.* at 1180 (citation omitted).  Such a showing may include evidence that the moving party "has considered and treated the information contained in the subject documents as confidential, commercially sensitive and proprietary, and that public disclosure of such information would create a risk of significant competitive injury and particularized harm and prejudice to [it]" *See Oracle USA, Inc. v. SAP AG*, 2009 U.S. Dist. LEXIS 71365, at *4-5 (N.D. Cal. 2009).

## III.   ARGUMENT

Google seeks to seal the unique document hit count numbers and subtotals that correspond to each search term in **Exhibit A**.  Google has demonstrated "good cause" to permit filing these select portions under seal for the reasons specifically stated in Steve Ganem's Declaration ("Ganem Decl.") filed in support of Plaintiffs' Adminsitrative Motion to Seal (Re: Joint Search Term Letter Brief) (ECF No. 207), and elaborated below.  As described in Mr. Ganem's declaration, the correlation of hit counts, search terms, and custodians discloses confidential and proprietary aspects of Google's business structure, resource allocation, and strategy that Google does not discuss publicly.  Ganem Decl. at ¶ 6.  Understanding Google's internal resource

2

GOOGLE LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL AN EXHIBIT TO ITS SUPPLEMENTAL
LETTER BRIEF RE: SEARCH TERMS
Case No.  3:20-CV-04688

1    allocation and prioritization would allow a competitor to unfairly target Google's business by

2    optimizing their product strategy and offerings or undermining Google's.  *Id.*

3            Courts have repeatedly found it appropriate to seal documents that contain "business

4    information that might harm a litigant's competitive standing, *Nixon v. Warner Commc'ns, Inc.*,

5    435 U.S. 589, 589-99 (1978), or any other "commercially sensitive information," *Palantir Techs.*

6    *Inc. v. Abramowitz*, No. 19-CV-06879-BLF, 2021 WL 1925459, at *2 (N.D. Cal. Mar. 5, 2021).

7    Good cause to seal is shown when a party seeks to seal materials that "contain[] confidential

8    information about the operation of [the party's] products and that public disclosure could harm

9    [the party] by disclosing confidential technical information." *Digital Reg. of Texas, LLC v. Adobe*

10   *Sys., Inc.*, No. C 12-1971 CW, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014).  Publicly

11   disclosing the information Google seeks to keep under seal would harm Google's competitive

12   standing, which it has earned through years of innovation and careful deliberation, by revealing

13   sensitive aspects of Google's proprietary systems, strategies, and designs to Google's competitors.

14   That alone is a proper basis to seal such information.  *See, e.g., Free Range Content, Inc. v.*

15   *Google Inc.*, No. 14-cv-02329-BLF, ECF No. 192, at 6–8 (N.D. Cal. May 3, 2017) (granting

16   Google's motion to seal certain sensitive business information).

17           Additionally, if the unique hit count numbers become public, Google is likely to be

18   prejudiced because other litigants adverse to Google will use the information to gain an unfair

19   advantage over Google in search term negotiations in those unrelated matters.  This is not a

20   speculative threat.  In fact, at least one other plaintiff in an unrelated matter has sought cloned

21   discovery from this litigation and these Plaintiffs have sought discovery from another matter.

22   That cross-sharing of information to gain litigation advantage is not the type of "public interest"

23   courts had in mind when articulating the requirement that there be "good cause" to seal material

24   concerning non-dispositive matters.  On the contrary, courts are concerned with the public's

25   interest in "understanding the judicial process." *Kamakana*, 447 F.3d at 1178.  Sealing the unique

26   hit counts will not hinder the public's understanding of the dispute at issue particularly because

27   Google is not seeking to seal the overall total hit counts for both parties' respective proposals.  If

28   information such as unique per term hit counts were routinely made public, that would chill future

3

GOOGLE LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL AN EXHIBIT TO ITS SUPPLEMENTAL
LETTER BRIEF RE: SEARCH TERMS
Case No.  3:20-CV-04688

litigants' willingness to freely negotiate search terms for fear that specific hit counts will eventually be used against the party in unrelated litigation.

Lastly, Google has narrowly tailored its request to seal only extraneous, confidential, proprietary material that is not necessary to aid the public's understanding of the content at issue in this discovery briefing, and that is therefore unnecessary to subject to the presumption of public access.

## IV.  CONCLUSION

For the reasons set forth above, Google respectfully requests that the Court Grant its Motion to Seal in its entirety.

Dated:  January 28, 2022

Respectfully submitted,

WILLKIE FARR & GALLAGHER LLP

By:  /s/ Eduardo E. Santacana
Eduardo E. Santacana

4

GOOGLE LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL AN EXHIBIT TO ITS SUPPLEMENTAL LETTER BRIEF RE: SEARCH TERMS
Case No.  3:20-CV-04688