**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
  sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
  esantacana@willkie.com
LORI C. ARAKAKI (SBN: 315119)
  larakaki@willkie.com
ARGEMIRA FLOREZ (SBN: 331153)
  aflorez@willkie.com

Attorneys for
GOOGLE LLC

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO

| | |
|---|---|
| ANIBAL RODRIGUEZ, *et al.* individually and on behalf of all other similarly situated,<br><br>                                     Plaintiffs,<br><br>     vs<br><br>GOOGLE LLC, *et al*.<br><br>                                     Defendant. | Case No. 3:20-CV-04688<br><br>**[PROPOSED] ORDER RE: PLAINTIFFS' REQUEST TO DISCLOSE CONFIDENTIAL MATERIALS TO CONCUR IP**<br><br>Judge:         Hon. Alex G. Tse<br>Courtroom:  A, 15th Floor<br>Action Filed: July 14, 2020<br>Trial Date:    Not Set |

# [PROPOSED] ORDER

Before the Court is the parties' joint letter brief regarding Plaintiffs' request to disclose materials designated Confidential or Highly Confidential ("Confidential Materials") to its expert consultants at Concur IP. Having considered the joint letter brief, the Court Orders as follows:

Google has shown that the risk of harm, without further safeguards, outweighs the need for Plaintiffs to disclose Confidential Materials to the specific team of eleven individuals at Concur IP proposed by Plaintiffs. The eleven individuals Plaintiffs seek to use as expert consultants at Concur IP have already been given access to Confidential Materials in a co-pending case in this District brought by Plaintiffs' counsel against Google: *Brown v. Google*, Case No. 5:20-CV-3664. Google has shown that the risk of commingling expert consultants who work on two different cases brought by Plaintiffs' counsel against Google creates an unnecessary and unacceptably high risk that the same expert team will use Confidential Materials produced in this case in the *Brown* case, or vice versa, in violation of Section 7.1 of the Stipulated Protective Order, Dkt. No. 70.

Google has indicated that an additional safeguard would absolve its objection: that the team of expert consultants at Concur IP that has access to Confidential Materials produced by Google in this case be segregated from the team of expert consultants at Concur IP that has been given access to Confidential Materials produced by Google in the *Brown v. Google* case. This safeguard is a reasonable and minimally invasive method of lessening the risk of harm that concerns Google. The Court finds that such a safeguard is reasonable in these circumstances.

Therefore, Plaintiffs may disclose Confidential Materials to Concur IP only if the team at Concur IP that works on this case is segregated from the team at Concur IP that works on the *Brown v. Google* case.

**IT IS SO ORDERED.**

DATED: _____          _____

Honorable Alex G. Tse
United States Magistrate Judge