**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
  sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
  esantacana@willkie.com
LORI C. ARAKAKI (SBN: 315119)
  larakaki@willkie.com
ARGEMIRA FLOREZ (SBN: 331153)
  aflorez@willkie.com

Attorneys for
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| ANIBAL RODRIGUEZ, *et al.* individually and on behalf of all other similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　vs<br><br>GOOGLE LLC, *et al.*<br><br>　　　　　　　Defendant. | Case No. 3:20-CV-04688 RS<br><br>**DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL (RE: PLAINTIFFS' SUPPLEMENTAL SEARCH TERM LETTER BRIEF)**<br><br>Judge:　　　　Hon. Alex G. Tse<br>Action Filed:　July 14, 2020<br>Trial Date:　　Not Set |

I, EDUARDO E. SANTACANA, declare:

1. I am an attorney licensed to practice law in the State of California and am a partner with the law firm of Willkie Farr & Gallagher LLP, located at One Front Street, San Francisco, California 94111, counsel for Defendant Google LLC ("Google") in the above-captioned action. Unless otherwise stated, the facts I set forth in this declaration are based on my personal knowledge or knowledge I obtained through my review of corporate records or other investigation. If called to testify as a witness, I could and would testify competently to such facts under oath.

2. I submit this declaration in support of the Administrative Motion to Consider Whether Another Party's Material Should be Sealed filed by Plaintiffs. ECF No. 210. I am making this declaration pursuant to Civil L.R. 79-5(f) as an attorney for the "Designating Party," as that term is used in that rule. Per the instructions provided on the Northern District of California's website, this declaration is drafted so that it does not contain confidential information and does not need to be filed under seal. *See* http://www.cand.uscourts.gov/ecf/underseal.

3. On January 28, 2022, Plaintiffs filed their Administrative Motion to Seal, with certain portions of Plaintiffs' Letter Brief Response to the Court's Request for Additional Information Regarding Certain Search Terms ("Plaintiffs' Supplemental Search Term Letter Brief") conditionally under seal. I have reviewed the document Plaintiffs seek to file under seal pursuant to Civil Local Rule 79-5, an unredacted copy of which has been filed at ECF No. 210-2, as well as the Civil Local Rules of this Court governing such motions.

4. Google only seeks to seal a portion of the information conditionally under seal. Specifically, Google seeks to seal the unique hit count figures at (a) page 2 n.1, lines 2 and 3 ("*** hits"); (b) page 2 n.2, lines 4 and 5 ("returns *** hits"); (c) page 4, paragraph 2, lines 15 and 16 ("*** documents"). Google does not seek to seal any of the other information conditionally under seal.

5. The unique hit counts that Google seeks to seal would not clarify the public's understanding of the dispute at issue before the Court. Further, because the Motion to Seal was filed in connection with a non-dispositive motion concerning a discovery dispute over Google's

2

DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL (RE: PLAINITFFS' SUPPLEMENTAL SEARCH TERM LETTER BRIEF)
Case No.  3:20-CV-04688 RS

1  ESI searches, "the usual presumption of the public's right of access is rebutted." *Kamakana v.*
2  *City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Accordingly, the lower "good
3  cause" standard applies to the material Google seeks to seal. *Id.* at 1179–80.

4      6.    Based on my review of the unredacted filings, there is good cause to protect all the
5  information Google seeks to seal.

6      7.    Google only seeks to seal the unique document hit count numbers that correspond to
7  search terms identified in Google's Exhibit C to the parties' Joint Letter Brief re: Search Terms.
8  ECF No. 201-3. The hit counts Google seeks to seal are the same ones in Exhibit C which is the
9  subject of a pending Administrative Motion to Seal. *See* ECF No. 200.

10     8.    Steve Ganem, a Google Group Product Manager, has reviewed the search terms and
11 corresponding hit counts Google seeks to keep under seal in connection with Plaintifffs'
12 Administrative Motion to Seal Exhibit C to the parties' Joint Letter Brief re: Search Terms. ECF
13 Nos. 200, 207. Mr. Ganem's declaration in support of that Motion to Seal explains why there is
14 "good cause" to seal the unique hit counts. *See* Declaration of Steve Ganem in Support of
15 Plaintiffs' Administrative Motion to Seal, filed at ECF No. 207.

16     9.    As described in Mr. Ganem's declaration, the correlation of hit counts, search terms,
17 and custodians discloses confidential and proprietary aspects of Google's business structure,
18 resource allocation, and strategy that Google does not discuss publicly. Understanding Google's
19 internal resource allocation and prioritization would allow a competitor to unfairly target Google's
20 business by optimizing their product strategy and offerings or undermining Google's.

21     10.    Courts have repeatedly found it appropriate to seal documents that contain "business
22 information that might harm a litigant's competitive standing, *Nixon v. Warner Commc'ns, Inc.*,
23 435 U.S. 589, 589-99 (1978), or any other "commercially sensitive information," *Palantir Techs.*
24 *Inc. v. Abramowitz*, No. 19-CV-06879-BLF, 2021 WL 1925459, at *2 (N.D. Cal. Mar. 5, 2021).
25 Good cause to seal is shown when a party seeks to seal materials that "contain[] confidential
26 information about the operation of [the party's] products and that public disclosure could harm
27 [the party] by disclosing confidential technical information." *Digital Reg. of Texas, LLC v. Adobe*
28 *Sys., Inc.*, No. C 12-1971 CW, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014). Courts in this

district have also determined that motions to seal may be granted as to confidential business information that provides an "opportunity to obtain an advantage over competitors who do not know or use it" because such information can be a trade secret. *See, e.g., In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (sealing exhibit containing trade secrets and adopting definition of trade secret as "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it"); *see, e.g., United Tactical Sys., LLC v. Real Action Paintball, Inc.*, 2015 WL 295584, at *3 (N.D. Cal. Jan. 21, 2015) (rejecting argument against sealing "that [the party] ha[s] not shown that the substance of the information . . . amounts to a trade secret"). Public disclosure of the information Google seeks to keep under seal would harm Google's competitive standing it has earned through years of innovation and careful deliberation, by revealing sensitive aspects of Google's proprietary systems, strategies, and designs to Google's competitors. That alone is a proper basis to seal such information. *See, e.g., Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, ECF No. 192, at 6–8 (N.D. Cal. May 3, 2017) (granting Google's motion to seal certain sensitive business information).

11. Additionally, if the unique hit count numbers become public, Google is likely to be prejudiced because other litigants adverse to Google will use the information to gain an unfair advantage over Google in search term negotiations in those unrelated matters. This is not a speculative threat. Indeed, at least one other plaintiff in an unrelated matter has sought cloned discovery from this litigation and these Plaintiffs have sought discovery from another matter. That cross-sharing of information to gain litigation advantage is not the type of "public interest" courts had in mind when articulating the requirement that there be "good cause" to seal material concerning non-dispositive matters. On the contrary, courts are concerned with the public's interest in "understanding the judicial process." *Kamakana*, 447 F.3d at 1178. Sealing the unique hit counts will not hinder the public's understanding of the dispute at issue particularly because Google is not seeking to seal the overall total hit counts for both parties' respective proposals. If information such as unique per term hit counts were routinely made public, that would chill future

litigants' willingness to freely negotiate search terms for fear that specific hit counts will eventually be used against the party in unrelated litigation.

12. Google has narrowly tailored its request to seal only extraneous, confidential, proprietary material that is not necessary to aid the public's understanding of the discovery dispute at issue.

13. Because Google's request to seal is narrowly tailored and limited to confidential information that is not generally known to the public or Google's competitors that would harm Google if it became public, Google respectfully requests that the Court order the portions of Plaintiffs' Supplemental Search Term Letter Brief identified at paragraph 4 above remain under seal.

Executed February 4, 2022, at San Francisco, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

            */s/ Eduardo E. Santacana*
            EDUARDO E. SANTACANA