**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
  sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
  esantacana@willkie.com
LORI C. ARAKAKI (SBN: 315119)
  larakaki@willkie.com
ARGEMIRA FLOREZ  (SBN: 331153 )
  aflorez@willkie.com

Attorneys for
GOOGLE LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al., individually and on behalf of all others similarly situated,<br><br>                         Plaintiffs,<br><br>        vs.<br><br>GOOGLE LLC,<br><br>                         Defendant. | Case No. 3:20-cv-04688-RS<br><br>**DEFENDANT GOOGLE LLC'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT** |

Defendant Google LLC ("Google") hereby answers the Third Amended Complaint ("TAC") filed on September 1, 2021 by Plaintiffs Anibal Rodriguez, Julieanna Muniz, Eliza Cambay, Sal Cataldo, Emir Goenaga, Julian Santiago, Harold Nyanjom, Kellie Nyanjom, and Susan Lynn Harvey, according to its numbered paragraphs as follows below.[1]  Except as expressly admitted herein, Google denies all allegations in the TAC.  Any admission herein is limited to the express language of the response, and shall not be deemed an implied admission of additional facts.[2]

## INTRODUCTION

The prefatory quote to the introduction section has no bearing on the matters at issue in this litigation and thus no answer is required.  To the extent an answer is required, Google denies any allegation in this quote.

The Third Amended Complaint purports to quote from and characterize several documents, including without context and in a misleading manner.  To the extent Google admits that a document is quoted, Google only admits that the cited document contains the quoted language and does not admit that a paragraph quotes a document fairly or with appropriate context, nor does it admit any accompanying characterization.

1.    Paragraph 1 merely provides Plaintiffs' description of Plaintiffs' lawsuit and thus no answer is required.  Further, Paragraph 1 concerns a claim that is no longer at issue in this case because the Court dismissed Plaintiffs' interception theory on January 25, 2022 (ECF No. 209); as such, no response is required.  To the extent an answer is required, Google denies the allegations in Paragraph 1.

---

[1]  Plaintiffs JulieAnna Muniz and Emir Goenaga voluntarily dismissed their claims on February 9, 2022, and Eliza Cambay and Kellie Nyanjom voluntarily dismissed their claims on February 18, 2022.

[2]  Google interprets any headings and the Table of Contents to provide a roadmap to the allegations and not as allegations themselves. Google therefore does not provide a specific response to the headers or the Table of Contents. To the extent a response is required, Google denies any allegations contained therein. The various headings and subheadings in the Amended Complaint are reproduced herein solely for convenience.

2.      Google admits that it works hard to protect users' information and that it has made statements about making privacy and security advances in its products and giving users control.  Google denies the remaining allegations in Paragraph 2.

3.      Google denies any allegations that it intercepts communications between users and third-party applications.  Further, Plaintiffs' claims regarding Google's alleged interception were dismissed on January 25, 2022 (ECF No. 209).  Google denies the remaining allegations in Paragraph 3.[3]

4.      Google admits that its disclosures explain the function of the Web & App Activity feature and how a user can control whether app activity is saved to the user's account, including that some browsers and devices may have more settings that affect how this activity is saved.  Google denies the remaining allegations in Paragraph 4.

5.      Google admits that the language block-quoted in Paragraph 5 and in the last sentence of Paragraph 5 appears in its Privacy Policy effective as of the filing of the TAC (without the stylistic alterations and replaced language adopted in Paragraph 5).  The first and last sentence of Paragraph 5 call for legal conclusions to which no response is required; to the extent a response is required, Google denies the allegations.  Google also denies the remaining allegations in Paragraph 5.

6.      Google admits that its disclosures explain how a user can control whether app activity from their mobile device is saved to their Google Account when Web & App Activity is on compared to when it is paused.  Google admits that these disclosures also explain that some devices may have more settings that affect how this activity is saved.  Google admits that the Google Analytics ("GA") for Firebase Terms of Service agreement defines Firebase as the Firebase Software Development Kit and that this kit can be used or incorporated in an app for the purpose of analyzing data about how users use a customer's mobile app with consent from both the application developer and the user using that application.  Google admits that while GA for

---

[3] Footnote 2 contains legal contentions to which no response is required.  To the extent that a response is required, Google denies the allegations in footnote 2.

Firebase is a tool for developers, Web & App Activity is a tool for Google users, and they are two completely different tools. Google denies the remaining allegations in Paragraph 6.

7. The first sentence of Paragraph 7 concerns a claim that is no longer at issue in this case because the Court dismissed Plaintiffs' interception theory on January 25, 2022 (ECF No. 209); as such, no response is required. To the extent a response is required, Google denies the allegations contained in the first sentence of Paragraph 7. The second sentence is a legal conclusion to which no response is required. To the extent a response is required, Google denies any factual allegations in the second sentence.

8. Google admits that the language quoted in Paragraph 8 appears in the corresponding documents cited (without the stylistic alterations adopted in Paragraph 8). Google denies the remaining allegations, including the characterization of what Google employees recognize.

9. Google admits that the language quoted in Paragraph 9 appears in the corresponding documents cited (without the stylistic alterations adopted in Paragraph 9). Google denies the remaining allegations in Paragraph 9, including the characterization of what Google employees purportedly admit.

10. The first sentence of Paragraph 10 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations. Google denies the remaining allegations in Paragraph 10.

11. Paragraph 11 concerns a claim that is no longer at issue in this case because the Court dismissed Plaintiffs' interception theory on January 25, 2022 (ECF No. 209); as such, no response is required. Paragraph 11 also calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

12. Google admits that each year, more than 200 million people visit Privacy Checkup. Google denies the remaining allegations in Paragraph 12.

13. Paragraph 13 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

14. Paragraph 14 calls for multiple legal conclusions to which no response is required; to the extent a response is required, Google denies the allegations.

15.    Google lacks sufficient information to admit or deny the allegations contained in the first sentence of Paragraph 15, and on that basis denies them.  Plaintiffs' attempt to define the purported class in the remaining sentences is a legal contention to which no response is required.  To the extent a response is required, Google denies those allegations.

16.    Google lacks sufficient information to admit or deny the allegations in Paragraph 16, and on that basis denies them.

17.    Google lacks sufficient information to admit or deny the allegations in Paragraph 17, and on that basis denies them.

18.    Google lacks sufficient information to admit or deny the allegations in Paragraph 18, and on that basis denies them.

19.    Google lacks sufficient information to admit or deny the allegations in Paragraph 19, and on that basis denies them.

20.    Google lacks sufficient information to admit or deny the allegations in Paragraph 20, and on that basis denies them.

21.    Google lacks sufficient information to admit or deny the allegations in Paragraph 21, and on that basis denies them.

22.    Google lacks sufficient information to admit or deny the allegations in Paragraph 22, and on that basis denies them.

23.    Google lacks sufficient information to admit or deny the allegations in Paragraph 23, and on that basis denies them.

24.    Google lacks sufficient information to admit or deny the allegations in Paragraph 24, and on that basis denies them.

25.    Google admits the allegations in Paragraph 25.

### JURISDICTION AND VENUE

26.    Paragraph 26 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

27.    Paragraph 27 calls for a legal conclusion to which no response is required.  To the extent a response is required, Google denies the allegations in Paragraph 27, except Google admits that this is a proposed class action.

28.    Google admits that it is headquartered in the Northern District of California.  The remaining allegations of Paragraph 28 call for a legal conclusion to which no response is required.

29.    Paragraph 29 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

## FACTUAL ALLEGATIONS REGARDING GOOGLE

### I.    Google Has a Long History of Invading Consumers' and Misrepresenting the Scope of Google's Data Collections

30.    Google denies the allegations in Paragraph 30.

31.    Google admits that the language quoted in the first and second sentences of Paragraph 31 appears in the article cited in footnote three.  Google admits that the language in the third sentence of Paragraph 31 and that block quoted thereafter appears in the Agreement Containing Consent Order in *In the Matter of Google Inc.*, No. 1023136 (F.T.C.), that is cited in footnote five. Google denies the remaining allegations in Paragraph 31, including any characterization of the quoted statements.[4]

32.    Google admits that the language in the third sentence of Paragraph 32 and that block quoted thereafter appears in the article cited in footnote six.  Google denies the remaining allegations in Paragraph 32, including any characterization of the quoted statements.

33.    Google admits that it has been the target of accusations of alleged data-collection and privacy violations by federal, state, and international regulators.  Google denies the remaining allegations in Paragraph 33.

34.    Google admits that the linked article cited in footnote seven states that CNIL fined Google $57 million for privacy violations.  Google otherwise denies the allegations in the first two

---

[4] Footnote 4 contains a legal contention to which no response is required; to the extent a response is required, Google denies the allegations.

sentences of Paragraph 34.  Google admits that the article cited in footnote eight states that "France's highest administrative court [] upheld a fine of . . . $56 million."  Google otherwise denies the allegations in the third sentence of Paragraph 34.  Google admits the article cited in footnote eight purports to quote a Google statement that Google has "invested in industry-leading tools" to help its users "understand and control how their data is used."  Google denies the remaining allegations in the fourth sentence.

35.     Google admits that the article cited in footnote nine states that Google agreed to pay $170 million to settle allegations by the FTC and the New York Attorney General.  Google denies the remaining allegations in Paragraph 35.

36.     Google admits that the Arizona Attorney General and the Australian Competition and Consumer Commission have pending proceedings against Google.  Google denies the remaining allegations in Paragraph 36.

37.     Google admits that it produced documents to the Arizona Attorney General in *State of Arizona v. Google LLC*, Case No. CV 2020-006219 (Ariz. Super. Ct).  Google denies the remaining allegations in Paragraph 37.

38.     Google admits that documents it produced to the Arizona Attorney General in *State of Arizona v. Google LLC*, Case No. CV 2020-006219 (Ariz. Super. Ct.) refer to Google's "Web & App Activity" feature by name.  Google denies the remaining allegations in Paragraph 38.

39.     Google admits that the language quoted in Paragraph 39 appears in the article cited in footnote ten.  Google otherwise denies the allegations in Paragraph 39, including any characterization of the quoted statements.

**II.    Google Uses Firebase SDK to Surreptitiously Collect User's Communications with Third-Party Apps**

40.     Google admits the allegations in Paragraph 40.

41.     Google denies that there is a defined Class Period and that Plaintiffs' claims would fall within any defined Class Period.  Google lacks sufficient information to admit or deny the allegations concerning the apps running on purported class members' mobile devices, and on that

basis denies them.  Google admits that, by definition, Google does not own or directly control "third-party" developers' apps.  Google denies the remaining allegations in Paragraph 41.

42.     Google admits that Firebase SDK is a suite of software development tools intended for use by app developers.  Google otherwise denies the allegations in the first two sentences of Paragraph 42, including that there is a defined Class Period.  Google admits that as used in the phrase "Firebase SDK," SDK stands for "software development kit."  Google admits that the language quoted in sentences four and five of Paragraph 42 appeared in the version of the web page cited in footnote eleven (https://firebase.google.com) that was live on November 11, 2020.

43.     Google admits the allegations in paragraph 43.

44.     Google admits that Firebase SDK provides support for Google Play and that Google Play is a platform through which app developers can distribute their app to users and process payments.  Google denies the remaining allegations in Paragraph 44.

45.     Google denies the first and second sentences of Paragraph 45.  Google admits that the third-party apps listed in Paragraph 45 use or have used Firebase SDK as indicated in the Firebase SDK webpage cited in footnote 13.  Google denies the remaining allegations in Paragraph 45.

46.     Google denies the allegations in Paragraph 46.

47.     The first sentence of Paragraph 47 contains legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations.   Google denies the remaining allegations in Paragraph 47.

48.     Paragraph 48 concerns a claim that is no longer at issue in this case because the Court dismissed Plaintiffs' theory that Google employs hidden scripts to collect user data through its Firebase SDK suite (*see* May 21, 2021 Order on MTD FAC, ECF No. 109), and dismissed with prejudice Plaintiffs' claim that Google intercepts communications between a user and a third-party app (*see* January 25, 2022 Order on MTD TAC, ECF No. 209).  As such, no response is required.  To the extent a response is required, Google denies the allegations.

49.     Paragraph 49 concerns a claim that is no longer at issue in this case because the Court dismissed Plaintiffs' interception theory with prejudice on January 25, 2022 (ECF No. 209);

as such, no response is required.  To the extent a response is required, Google denies the allegations in Paragraph 49.

50.    Google admits that the Firebase SDK scripts work on Android OS and Apple's iOS, as well as certain other major operating systems.  Google denies the remaining allegations in Paragraph 50.

51.    Paragraph 51 concerns a claim that is no longer at issue in this case because the Court dismissed Plaintiffs' interception theory with prejudice on January 25, 2022 (ECF No. 209); as such, no response is required.  To the extent a response is required, Google denies the allegations in Paragraph 51.

52.    Paragraph 52 concerns a claim that is no longer at issue in this case because the Court dismissed Plaintiffs' interception theory with prejudice on January 25, 2022 (ECF No. 209); as such, no response is required.  To the extent a response is required, Google denies the allegations in Paragraph 52.  To the extent a response is required, Google admits that under certain circumstances, it can deliver ads to third-party apps.  Google denies the remaining allegations in Paragraph 52.

53.    Google admits that the language quoted in Paragraph 53 appears in the version of the webpage cited in footnote 14 that was updated June 22, 2021.  Google denies the remaining allegations in Paragraph 53.

54.    Google admits that Firebase SDK uses the term "event" to describe a variety of activities within an app.  Google admits that when a screen transition occurs and certain criteria are met, that event is called "screen_view."  Google admits that when a user opens a notification sent from the Firebase Cloud Messaging platform, that event is called "notification_open." Google admits that when a user has selected some content of a certain type in an app, the event is called "select_content."  Google denies any remaining allegations in Paragraph 54.

55.    Google admits that there are at least 26 events that can be collected through GA for Firebase automatically without requiring app developers to write additional code, provided the app developer has written the necessary code to incorporate GA for Firebase into their app and enable its functionality.  Google denies the remaining allegations in Paragraph 55.

56.     Google admits that developers can create their own custom app events.  Google admits that Firebase SDK permits app developers to code their apps to collect information about events besides those that are collected by default, including as described in the webpage cited in footnote 16.  Google admits that, if authorized to do so by the app developer, GA for Firebase may receive and analyze data in connection with these events for analysis and reporting to the app developer.  Google denies the remaining allegations in Paragraph 56.

57.     Google admits the allegations in the first sentence of Paragraph 57.  Google admits that an event may have several event parameters and a string name to represent what is happening inside an app on a particular device.  Google admits that Paragraph 57 identifies certain event titles.  Google denies the remaining allegations in Paragraph 57.

58.     Google admits that there are at least five parameters that are collected by default with every event.  Google admits that these parameters are identified in Paragraph 58 and at the support page cited at footnote 17, and are collected with every event the app developer has consented to collecting information about.  Google denies the remaining allegations in Paragraph 58.

59.     Google admits that the page_title parameter is associated with a specific page the user is viewing on his or her device.  Google admits that the page_referrer parameter is associated with whether the user has arrived from a specific channel or source.  Google admits that the page_location parameter is associated with the URL of the page the user is viewing on his or her device.  Google denies the remaining allegations in Paragraph 59.

60.     Paragraph 60 concerns a claim that is no longer at issue in this case because the Court dismissed Plaintiffs' theory that Google employs hidden scripts to collect user data through its Firebase SDK suite (*see* May 21, 2021 Order on MTD FAC, ECF No. 109), and dismissed with prejudice Plaintiffs' claim that Google intercepts communications between a user and a third-party app (*see* January 25, 2022 Order on MTD TAC, ECF No. 209).  As such, no response is required.  To the extent a response is required, Google denies the allegations in Paragraph 60.

61.     Paragraph 61 concerns a claim that is no longer at issue in this case because the Court dismissed Plaintiffs' theory that Google employs hidden scripts to collect user data through

its Firebase SDK suite (*see* May 21, 2021 Order on MTD FAC, ECF No. 109), and dismissed with prejudice Plaintiffs' claim that Google intercepts communications between a user and a third-party app (*see* January 25, 2022 Order on MTD TAC, ECF No. 209).  As such, no response is required.  To the extent a response is required, Google denies the allegations in Paragraph 61.

**III.    Users Turned off the "Web & App Activity" Feature to Prevent Google from Collecting Users' Communications with Third-Party Apps, but Google Continued Without Disclosure or Consent to Intercept Those Communications**

      **A.    Google's "Web & App Activity" Feature**

    62.    Google admits the allegation in Paragraph 62.

    63.    Google admits that Web & App Activity can be accessed through a user's Google account, which in turn can be accessed through Google's website or through a user's mobile device.  Google denies the remaining allegations in Paragraph 63.

    64.    Paragraph 64 seeks to describe visual representations of screens a user is provided and that have changed over time.  Google admits that Paragraph 64 describes one way a user can access Web & App Activity.[5]

    65.    Paragraph 65 seeks to describe visual representations of screens a user is provided and that have changed over time and is therefore incomplete.  Google admits that a user can access  Web & App Activity through a mobile device as described in Paragraph 65.[6]

    66.    Paragraph 66 seeks to describe visual representations of screens a user is provided and that have changed over time and is therefore incomplete.  Google admits the allegations in Paragraph 66 describe one such visual representation.

    67.    Google admits that "Web & App Activity" is an account setting that can be turned on or paused across multiple devices.  Google denies the remaining allegations in Paragraph 67.

    68.    Google denies the allegations in Paragraph 68.

---

[5] Google admits that the toggle for the Web & App Activity function was previously labeled "pause."  Google denies the remaining allegations in footnote 18.
[6] Google lacks sufficient information to admit or deny the allegations concerning when Plaintiffs captured the images included in Paragraph 65.  Google denies the remaining allegations in footnote 19.  Google lacks sufficient information to admit or deny the allegation in footnote 20, and on that basis denies the allegation.

**B.      Google's Privacy and policy and "Learn More" Disclosures Stated That the "Web & App Activity" Feature Stops Google from "Saving" Users' Data**

69.    Google admits that it discloses to users how Web & App Activity works and which activity Google stores to a user's account when the setting is enabled.  Google admits that its disclosures also stated that some browsers and devices may have more settings that affect how this activity is saved.  Google denies the remaining allegations in Paragraph 69.

**1.      Google's "Privacy Policy" and "Privacy and Securiy Principles" Stated That Users Could "Control" What Google Collects**

70.    Google admits that the language quoted in Paragraph 70 appears in Exhibit A (without the stylistic alterations adopted in Paragraph 70).  Google denies the remaining allegations.

71.    Google admits that the language quoted in the first sentence of Paragraph 71 appeared in the versions of Google's Privacy Policy cited in footnote 21 (without the stylistic alterations adopted in Paragraph 71).  Google denies the remaining allegations in Paragraph 71.[7]

72.    Google admits that the language quoted in Paragraph 72 appears in Exhibit A (without the stylistic alterations adopted in Paragraph 72).  Google denies the remaining allegations.

73.    Google admits that the language quoted in Paragraph 73 appears in the document cited in footnote 23.  Google denies the remaining allegations.

**2.      Google's "Web & App Activity" Feature and Google's "Learn More" Disclosures with Respect to "Web & App Activity" Explained That Turning the Feature off Would Prevent google from Saving Information Related to Third Party Apps**

74.    Paragraph 74 seeks to describe visual representations of screens a user is provided and that have changed over time and are therefore incomplete.  Google admits that a user can pause Web & App Activity by logging into their account and navigating through the "My Activity" website.

---

[7] Google admits that the language quoted in footnote 22 appears in the versions of Google's Privacy Policy cited in footnote 22 (without the stylistic alterations adopted in footnote 22).  Google denies the remaining allegations in footnote 22.

75.     Paragraph 75 seeks to describe visual representations of screens a user is provided and that have changed over time and are therefore incomplete. Google admits that the language quoted in Paragraph 75 appeared in the August 2020 version of Google's Web & App Activity disclosures. Google denies any remaining allegations.

76.     Paragraph 76 seeks to describe visual representations of screens a user is provided and that have changed over time and is therefore incomplete. Google admits that users have more than one means of pausing Web & App Activity. Google admits that the text on the screens reflects what certain users may have seen, except without the surrounding red boxes. Google denies the remaining allegations in Paragraph 76.

77.     Google admits that Paragraph 76, Screen 1 shows text that reflects what certain users may have seen, except without the surrounding red boxes. Google denies the remaining allegations in Paragraph 77.

78.     Google admits that Paragraph 76, Screen 2 shows text that reflects what certain users may have seen, except without the surrounding red boxes. Google admits that Screen 2 shows the type of information that users can choose to save to their account and the related controls for enabling the saving of such information. Google denies the remaining allegations in Paragraph 78.

79.     Google admits that Paragraph 76, Screen 3 shows text that reflects what certain users may have seen, except without the surrounding red boxes. Google denies the remaining allegations in paragraph 79.

80.     Google denies the allegations in Paragraph 80.

81.     Google denies the allegations in Paragraph 81.

82.     Google denies the allegations in Paragraph 82.

### 3.     Google Knew That Its Disclosures Led Users to Believe That Turning "Web & App Activity" off Would Prevent Google from Collecting Communications with Apps

83.     Google admits that it produced documents to the Arizona Attorney General that were made publicly available. Google admits that Paragraph 83 quotes from portions of

documents Google produced in compliance with the Arizona Attorney General's ongoing investigation.  Google denies the remaining allegations in Paragraph 83.

84.    Google denies the allegations in Paragraph 84.

### 4.    Google's Passing Reference to "Your Google Account" Does Not Constitute Consent

85.    Google admits that Paragraph 85 quotes from the document cited in footnote 25.  Google admits that it is committed to protecting its users' privacy.

86.    Google denies the allegations of Paragraph 86.

87.    Paragraph 87 contains legal conclusions to which no response is required.  To the extent that a response is required, Google admits that it filed motions to dismiss and that based upon those motions, the Court rejected many of the claims Plaintiffs have made.  Google admits that Paragraph 87 block quotes a portion of a Google disclosure.  Google denies the remaining allegations in Paragraph 87.

88.    Google admits that the language quoted in Paragraph 88 appears in the webpage cited in footnote 26.  Google denies the remaining allegations in Paragraph 88.

89.    Google denies the allegations in Paragraph 89.

90.    Google denies the allegations in Paragraph 90.

### C.    Google Obscured Its Collection of These Communications Without Consent Through Its "Pro-Privacy" Campaigns and Other Public Statements

91.    Google denies the allegations in Paragraph 91.

92.    Google admits the first sentence of Paragraph 92.  Google admits that the language quoted in Paragraph 92 appears in the article cited in footnote 27 (without the stylistic alterations adopted in Paragraph 92).  Google denies the remaining allegations in Paragraph 92.

93.    Google admits the first sentence of Paragraph 93.  Google admits that the language quoted in Paragraph 93 appears in Guemmy Kim's blog post cited in footnote 28 (without the stylistic alterations adopted in Paragraph 93).  Google denies the remaining allegations in Paragraph 93.

DEFENDANT GOOGLE'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
Case No. 3:20-cv-04688-RS

94.    Google admits that the language quoted in Paragraph 94 appears in Google's then Product Manager, Greg Fair's blog post cited in footnote 29 (without the stylistic alterations adopted in Paragraph 94).  Google denies the remaining allegations in Paragraph 94.

95.    Google admits that the language quoted in Paragraph 95 appears in Google's then Product Manager, Jan Hanneman's blog post cited in footnote 30 (without the stylistic alterations adopted in Paragraph 95).  Google denies the remaining allegations in Paragraph 95.

96.    Google admits that the language quoted in Paragraph 96 appears in Google's CEO, Sundar Pichai's op-ed published in *The New York Times* on May 7, 2019 that is cited at footnotes 31 and 32 (without the stylistic alterations adopted in Paragraph 96).  Google denies the remaining allegations in Paragraph 96.

97.    Google admits that on May 7, 2019, Google CEO Sundar Pichai gave the keynote address at Google's 2019 I/O developer conference.  Google admits that Paragraph 97 quotes from this address.  Google admits those statements are also contained within *The Singju Post's* purported transcription cited at footnotes 33 and 34 (without the stylistic alterations adopted in Paragraph 97).  Google otherwise denies the allegations in Paragraph 97, including the characterization of Mr. Pichai's statements.

98.    Google admits that in August 2019 it announced a new initiative to enhance privacy on the web, titled Privacy Sandbox.  Google admits that the language quoted in Paragraph 98 appears in the blog post cited at footnote 35.  Google admits that Google is a champion of privacy and choice that scrupulously respects the privacy of its users and is transparent about the data it collects.

99.    Google admits that it protects consumer privacy, including by requiring its partners to obtain consent directly from consumers under certain circumstances.  Google denies the remaining allegations in Paragraph 99.

100.   Google admits that the language quoted in Paragraph 100 appears in Google's then Director of Product Management, Privacy, and Data Protection Office, Eric Miraglia's blog post cited in footnote 36 (without the stylistic alterations adopted in Paragraph 100).  Google denies the remaining allegations in Paragraph 100.

101.   Google admits that the language quoted in Paragraph 101 appears in Google's then Vice President of Product Privacy, Rahul Roy-Chowdhury's blog post cited in footnote 37 (without the stylistic alterations adopted in Paragraph 101).  Google denies the remaining allegations in Paragraph 101.

102.   Google admits the allegations in Paragraph 102.  Google admits that the language quoted in Paragraph 102 appears in the article cited at footnote 38.

103.   Google admits that the language quoted in Paragraph 103 appears in Google's then Vice President of Product Privacy, Rahul Roy-Chowdhury's blog post cited in footnote 39 (without the stylistic alterations adopted in Paragraph 103 and with the word "in" instead of "to" in the last sentence).  Google denies the remaining allegations in Paragraph 103.

104.   Google admits that the language quoted in Paragraph 104 appears in Google's then Director of Product Management, Privacy, and Data Protection Office, Eric Miraglia's blog post cited in footnote 40 (without the stylistic alterations adopted in Paragraph 104).  Google denies the remaining allegations in Paragraph 104.

105.   Google admits that the language quoted in Paragraph 105 appears in Google's CEO, Sundar Pichai's blog post cited in footnote 41 (without the stylistic alterations adopted in Paragraph 105).  Google denies the remaining allegations in Paragraph 105.

106.   Google admits that it submitted written testimony of Sundar Pichai to Congress, and that the language quoted in Paragraph 106 appears in the written testimony cited at footnote 42 (without the stylistic alterations adopted in Paragraph 106).

107.   Google admits that Google's then Global Partnership and Corporate Development President Donald Harrison gave testimony during a Senate hearing that is quoted in Paragraph 107.  Google denies the Plaintiffs' characterization of those quotations and any remaining allegations.

108.   Google admits that the statements quoted in paragraphs 92–107 were the subject of media reporting.  Google admits that Google safeguards the privacy of its users and is transparent about the data it collects.  Google otherwise denies Plaintiffs' characterization of Google's conduct and any remaining allegations in Paragraph 108.

109.    Google denies any allegations that it intercepts communication between the user and third-party apps.  Plaintiffs' claims regarding Google's alleged interception were dismissed on January 25, 2022 (ECF No. 209).  Google admits that it has always provided clear and transparent disclosures to third-party app developers.  *See* Firebase Data Processing and Security Terms (as of 9/27/2021) ("Access; Rectification; Restricted Processing; Portability. During the Term, Google will enable Customer, in a manner consistent with the functionality of the Services, to access, rectify and restrict processing of Customer Data…"); Privacy & Terms (as of 2/10/2022) ("When you use our services, you're trusting us with your information. We understand this is a big responsibility and work hard to protect your information and put you in control"; "We regularly review this Privacy Policy and make sure that we process your information in ways that comply with it.").  Google denies any remaining allegations in Paragraph 109.

**D.    Third-Party App Developers Did Not Consent to Google Collecting Users' Communications with Third-Party Apps When "Web & App Activity" Was Turned off**

110.    Google denies the allegations in Paragraph 110.

111.    Google admits that it represents in its Privacy Policy that "[Google] regularly review[s] this Privacy Policy and make[s] sure that [it] process[es] your information in ways that comply with it."  Google admits that the image in Paragraph 111 is excerpted from the current version of Google's Analytics Help page.

112.    Google admits that the "Google privacy policy & principles" page cited at Paragraph 111 contains a hyperlink  to Google's Privacy Policy.  Google admits that Paragraph 112 quotes from a version of its Privacy Policy.  Google denies the remaining allegations in Paragraph 112, including the characterization of Google's conduct.

113.    Google admits that Paragraph 113 contains an quotes from an archived version (Aug. 12, 2020) of the Firebase Data Processing and Security Terms.  Google denies the remaining allegations in Paragraph 113.

114.   Paragraph 114 contains legal contentions to which no response is required; to the extent a response is required, Google denies the allegations.[8]

115.   Google denies that app developers implementing Firebase SDK did not consent.  Google denies any allegations that it intercepts communications between the user and third-party apps.  Further, Paragraph 115 concerns a claim that is no longer at issue in this case because the Court dismissed Plaintiffs' interception theory on January 25, 2022 (ECF No. 209); as such, no response is required.  To the extent an answer is required, Google denies the remaining allegations in Paragraph 115.

116.   Google denies that its disclosures are misleading.  Google denies any remaining allegations in Paragraph 116.

**IV.    Google Profits from the Communications It Intercepts Using Firebase SDK**

117.   Google denies the Plaintiffs' characterization of Google's conduct.  Google admits that it is a technology company whose mission is to organize the world's information and make it universally accessible and useful.  Google admits that the number of unique accounts is over 1 billion and that its parent company, Alphabet Inc. has a net worth of at least $1 trillion.  Google denies the remaining allegations in Paragraph 117.

118.   Google denies the Plaintiffs' characterization of its conduct.  Google admits that it derives revenue from advertising.  Google denies the remaining allegations in Paragraph 118.

119.   Google denies the Plaintiffs' characterization of its conduct.  Google admits that it derives revenue from advertising.  Google denies the remaining allegations in Paragraph 119.

120.   Google denies the Plaintiffs' characterization of its conduct.  Google denies any allegations that it intercepts communications between users and third-party apps.  Further, Plaintiffs' claims regarding Google's alleged interception were dismissed on January 25, 2022

---

[8] Google admits that its Firebase Data Processing and Security Terms states that "Non-European Data Protection Law means data protection or privacy laws in force outside the EEA, Switzerland, and the UK."  *See* https://firebase.google.com/terms/data-processing-terms.  Google otherwise denies the allegations in footnote 48.

(ECF No. 209).  Google admits that it derives revenue from advertising.  Google denies the remaining allegations in Paragraph 120.

### A.    Google Creates and Maintains "Profiles" on Its Users Using the Data Collected from Firebase SDK

121.    Google admits that the language quoted in Paragraph 121 appears in the *Wired* article cited in footnote 49.  Google admits that it may collect information about users with their consent.  Google denies the remaining allegations in Paragraph 121.

122.    Google admits that if a user turns on ad personalization, Google can use that user's information to make ads more useful for that user.  Google denies the Plaintiffs' characterizations of Google's conduct and denies the remaining allegations in Paragraph 122.

123.    Google denies the existence of any "secret scripts."  Google denies that Firebase SDK scripts have ever secretly transmitted data from consumer devices.  Further, the Court dismissed Plaintiffs' theory that Google employs hidden scripts to collect user data through its Firebase SDK suite on May 21, 2021 (ECF No. 109).  Google denies the Plaintiffs' characterization of Google's conduct and the remaining allegations in Paragraph 123

124.    Google denies allegations that it combines data transmitted to Google by the Firebase SDK scripts with any user data specific to a user's profile unless the app permitted it and a user has consented to it.

125.    Google denies Plaintiffs' characterization of Google's conduct.

126.    Google denies the allegations in Paragraph 126.  Google admits that it may process information it receives from app developers by means of the Firebase SDK via GA for Firebase.  Google denies the remaining allegations in Paragraph 126.

### B.    Google Generates Targeted Advertising to Class Members Based on Data Transmitted to Google by the Firebase SDK Scripts

127.    Google admits that it derives revenue from displaying advertisements to the users of certain Google products and services.  Google denies the remaining allegations in Paragraph 127.

128.    Google admits that its "Ad Manager" service enables publishers to generate advertisements to third parties.  Google admits that if a user turns on ad personalization, Google

will use that user's information to make ads more useful for that user.  Google denies the

Plaintiffs' characterizations of Google's conduct and the remaining allegations.

129.   Google admits that its services include features that allow for in-app

advertising.  Google denies the Plaintiffs' characterization of its conduct and the remaining

allegations.

130.   Google denies the allegations in Paragraph 130.

131.   Google denies the allegations in Paragraph 131.

**C.    Google Refines and Develops Products Using the Data Transmitted to Google
       by the Firebase SDK Scripts**

132.   Google admits that it uses data to make products more helpful for everyone.  Google

denies the remaining allegations in Paragraph 132.

**1.    Google Search**

133.   Google admits generally that there have been reports that a large percentage of

online searches carried out in the U.S. and worldwide are done using Google's web-based search

engine, Google Search.

134.   Google denies the allegations in Paragraph 134.

**2.    On-Device Search Features**

135.   Google admits that the Google Search App for Android has used local content

indexed via Firebase App Indexing to provide results to users.  Google admits that the on-device

search function may appear as described in Paragraph 135.

136.   Google admits the allegations in Paragraph 136.

137.   Google admits that the language quoted in Paragraph 137 appears in the article cited

at footnote 51.  Google denies any remaining allegations.

138.   Google admits that Google may index the content of apps to facilitate users' ability

to open links from Google mobile search directly through a specific app.  Google admits that the

language block quoted in Paragraph 138 appears in the article cited at footnote 52.  Google

otherwise denies the Plaintiffs' characterization of Google's conduct and the remaining

allegations.

139.    Google admits that the language block quoted in Paragraph 139 appears in the article cited at footnote 53.  Google denies any remaining allegations.

140.    Google admits that it acquired Firebase in 2014.  Google denies that its Firebase SDK scripts have ever been designed to override users' consents, including in connection with device and account level controls.  Google denies the remaining allegations, including the characterization of Google's conduct.

141.    Google admits that the language quoted in Paragraph 141 appears in portions of Google's technical documentation.  Google denies the remaining allegations in Paragraph 141.

**V.    The Communications Intercepted by Google Using Firebase SDK Are Highly Valuable**

142.    Google admits that it uses data to make products more helpful for everyone.  Google denies any remaining allegations in Paragraph 142.

143.    Google admits that the language block quoted in Paragraph 143 appears in the *Harvard Law Review* article cited at footnote 56.  Google denies any remaining allegations in Paragraph 143.

144.    Google admits that the language block quoted in Paragraph 144 appears in the *Wall Street Journal* article cited at footnote 57.  Google denies any remaining allegations in Paragraph 144.

**A.    The Firebase SDK Transmissions Are Valuable to Class Members**

145.    Paragraph 145 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

146.    Google admits that Paragraph 146 cites to and purports to describe the study cited in footnote 58.  Google denies any remaining allegations in Paragraph 146.

**B.    The Firebase SDK Transmissions Are Valuable to Google**

147.    Google denies any allegations that it intercepts communications.  Further, Plaintiffs' claims regarding Google's alleged interception were dismissed on January 25, 2022 (ECF No. 209).  The remaining portions of Paragraph 147 call for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

148.    Google denies the allegations in Paragraph 148.

149.    Google denies the allegations in Paragraph 149.

150.    Google admits that it performs panel research to help better serve its users.

151.    Google admits that it performs panel research to help better serve its users.  Google admits that panelists consent to sharing information with Google as part of the Screenwise Trends research and that they may receive gifts as part of the research.  Google denies the remaining allegations in Paragraph 151.

152.    Google admits that panelists consent to sharing information with Google as part of the Screenwise Trends research and that they may receive gifts as part of the research.  Google denies the remaining allegations.

153.    Google denies the allegations in Paragraph 153.

**C.    The Firebase SDK Transmissions Would Be Valuable to Other Internet Firms**

154.    Google lacks sufficient information to admit or deny the allegations in Paragraph 154 because they concern the business practices of third parties, and therefore denies them.  Google denies any remaining allegations in Paragraph 154.

155.    Google lacks sufficient information to admit or deny the allegations in Paragraph 155, and on that basis denies them.

156.    Paragraph 156 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegation.

157.    Google denies the allegations in Paragraph 157.

158.    Google denies the allegations in Paragraph 158.

**D.    There Is Value to Class Members in Keeping Their Data Private**

159.    Google lacks sufficient information to admit or deny how Plaintiffs and purported class members assign value to their data.  Google denies the remaining allegations in Paragraph 159.

160.   Google admits that each year, more than 200 million people visit Privacy Checkup.  Google generally admits that Google users check their privacy settings because they care about keeping their data private.  Google denies any remaining allegations in Paragraph 160.

161.   Google lacks sufficient information to admit or deny why users switch off the Web & App Activity feature.  Google admits that users may choose to enable or pause WAA depending on their preferences. Google denies any remaining allegations in Paragraph 161.

162.   Google admits that Paragraph 162 purportedly quotes from and characterizes a study by the Pew Research Center.  Google denies any remaining allegations in Paragraph 162.

163.   Google admits that Paragraph 163 purportedly quotes from and characterizes a Harris Poll study.  Google denies any remaining allegations in Paragraph 163.

## VI.   Google Acted Without Consent To Intercept and Collect User App Data to Maintain and Extend Its Monopolies

164.   Google admits that it acquired Firebase in 2014.  Google denies the remaining allegations in Paragraph 164.

### A.    Google's Web Dominance

165.   Google admits that it was founded in 1998.  Google lacks sufficient information to admit or deny the allegations concerning the percent of the U.S. population that uses Google to conduct web searches, and on that basis denies that allegation.  Google denies the remaining allegations in Paragraph 165.

166.   Google lacks sufficient information to admit or deny the allegations concerning the percent of available websites and publishers that use Google Analytics, and on that basis denies that allegations.  Google denies the allegations in Paragraph 166.

167.   Google admits that website administrators must add code to their website in order to set up Google Analytics for that website.  Google admits that this code is designed to collect and send information to Google's Analytics servers for the website's benefit in certain circumstances, including information regarding the web browser accessing a particular site, the URLs visited by that browser, and the device that browser is running on.  Google denies the remaining allegations in Paragraph 167.

168.    Google lacks sufficient information to admit or deny the allegations concerning the number of websites that use Google Analytics, and on that basis denies that allegation. Google otherwise denies the remaining allegations in Paragraph 168.

169.    Google denies the allegations in Paragraph 169.

**B.    Google's Mobile Problem**

170.    Google denies the allegations in Paragraph 170.

171.    Google admits that some mobile applications allow users to access information directly from publishers without using search engines. Google denies the remaining allegations in Paragraph 171.

172.    Google admits that the language quoted in Paragraph 172 appears in Google's Form 10-K for the fiscal year that ended on December 31, 2013, which was filed in February 2014 (without the stylistic additions).[9] Google denies the remaining allegations, including Paragraph 172's characterization of Google's statements.

173.    Google admits that the language quoted in Paragraph 172 appears under the section titled "Risk Factors" in Google's Form 10-K for the fiscal year that ended on December 31, 2013, which was filed in February 2014 (without the stylistic additions).[10] Google denies the remaining allegations, including Paragraph 173's characterization of the quoted language.

174.    Google admits that the language quoted in Paragraph 174 appears under the section titled "Risk Factors" it stated in Google's its Form 10-K filings for the fiscal years ended December 31, 2014 and December 31, 2015 (without the stylistic additions).[11] Google denies the remaining allegations, including Paragraph 174's characterization of Google's statements.

---

[9] *See* https://www.sec.gov/Archives/edgar/data/1288776/000128877614000020/ goog2013123110-k.htm

[10] *See* https://www.sec.gov/Archives/edgar/data/1288776/000128877614000020/ goog2013123110-k.htm

[11] *See* https://www.sec.gov/Archives/edgar/data/1288776/000128877615000008/ goog2014123110-k.htm; https://www.sec.gov/Archives/edgar/data/1288776/ 000165204416000012/goog10-k2015.htm

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

C.      **Google's Mobile Focus with Android & Firebase**

175.    Google denies the allegations in Paragraph 175.

176.    Google admits that it acquired Android in 2005 and that it released the first version of the Android operating system, Android 1.0, in September 2008.  Google denies the remaining allegations in Paragraph 176.

177.    Google admits that the language quoted in Paragraph 177 appears in the report issued by the U.S. House of Representatives Subcommittee on Antitrust, Commercial and Administrative Law, entitled *Investigation of Competition In Digital Markets* cited in footnote 67.  Google otherwise denies the allegations in Paragraph 177.

178.    Google denies the allegations in Paragraph 178.

179.    Google admits that it acquired Firebase in 2014 and that before Google's acquisition, Firebase was a separate company that provided an application programing interface (API) enabling synchronization of application data across devices. Google denies the remaining allegations in Paragraph 179.

180.    Google admits that Google's CEO, Sundar Pichai, made the statement quoted in Paragraph 180 as part of his keynote speech at Google's May 2016 I/O conference.  Google admits that there were 30 programs related to the Firebase suite of products presented at the 2016 conference.  Google denies the remaining allegations in Paragraph 180, including Paragraph 180's characterization of Mr.Pichai's statement.

181.    Google admits that Jason Titus made the statements quoted in Paragraph 181 at Google's May 2016 I/O conference.  Google admits those statements are also contained within *The Singju Post's* purported transcription cited at footnote 68.  Google otherwise denies the allegations in Paragraph 181, including the characterization of Mr. Titus's statement.

182.    Google lacks sufficient information to admit or deny the allegations concerning how third-party app developers code their applications, and on that basis denies those allegations.  Google denies the remaining allegations in Paragraph 182.

183.    Google denies the allegations in Paragraph 183.

**D.    Google's Increasing Trove of Consumers' Mobile Data and Power**

184.    Google lacks sufficient information to admit or deny the allegations contained in the first sentence of Paragraph 184, and on that basis denies them.  The last sentence of Paragraph 184 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.  Google denies the remaining allegations in this paragraph.

185.    Google denies the allegations in Paragraph 185.

186.    Google lacks information concerning the actions of its competitors sufficient to admit or deny the allegations contained in the first sentence of Paragraph 186, and on that basis denies them.  Google denies the remaining allegations in this paragraph.

187.    Google denies the allegations in Paragraph 187.

**VII.   Tolling of the Statutes of Limitations**

188.    Paragraph 188 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

189.    Paragraph 189 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

190.    Google denies the allegations in Paragraph 190.

191.    Paragraph 191 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

192.    Google denies the allegations in the first sentence of Paragraph 192.  The second sentence calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

193.    Paragraph 193 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.  Google additionally lacks sufficient information to admit or deny the allegations concerning Plaintiffs' reliance, and on that basis denies those too.

194.    Paragraph 194 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.  Google additionally lacks sufficient

information to admit or deny the allegations concerning Plaintiffs' purported discovery of the acts alleged on the TAC, and on that basis denies those too.

195.    Paragraph 195 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.   Google additionally lacks sufficient information to admit or deny the allegations concerning Plaintiffs' purported reasons for turning the Web & App Activity feature off, and on that basis denies those too.

196.    Paragraph 196 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

**VIII.  Google Collected the Data for the Purpose of Committing Further Tortious and Unlawful Acts**

197.    The allegations in Paragraph 197 call for multiple legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

198.    Google admits that the language block quoted in Paragraph 198 is contained in Cal. Civ. Code § 1798.100(b) (without the stylistic alterations).  The remaining allegations in Paragraph 197 call for multiple legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

199.    The allegations in Paragraph 199 call for multiple legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

200.    The allegations in Paragraph 200 call for multiple legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

201.    Google admits that the Agreement Containing Consent Order in *In re Google Inc.*, File No. 102 3136 (F.T.C.), contains the language quoted in Paragraph 201.[12]  Google denies the remaining allegations, including Paragraph 201's characterization of the Agreement Containing Consent Order.

202.    Google denies the allegations in Paragraph 202.

203.    Google denies the allegations in Paragraph 203.

---

[12] *See* https://www.ftc.gov/sites/default/files/documents/cases/2011/03/110330google buzzagreeorder.pdf.

204.   Google denies the allegations in the first sentence of Paragraph 204.  Google admits that the language quoted in the second sentence of Paragraph 204 appears in Cal. Penal Code § 502.  Google otherwise denies the allegations.

205.   Google denies the allegations in the first two sentences of Paragraph 206.  The last sentence calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

206.   Google denies the allegations in the first sentence of Paragraph 206.  The second sentence calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

207.   Google lacks sufficient information to admit or deny the allegations concerning users' intentions contained in Paragraph 207, and on that basis denies them.  Google denies all remaining allegations in this paragraph.

208.   Paragraph 208 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

209.   Paragraph 209 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

210.   Google denies the allegations in Paragraph 210.

**FACTUAL ALLEGATIONS REGARDING THE NAMED PLAINTIFFS**

211.   Google admits that over 1.5 million apps use Firebase SDK in a given month.  Google admits that it has not publicly disclosed a list of all third-party applications that have used Google Firebase SDK.  Google admits that its Firebase SDK website cited in footnote 69 (https://firebase.google.com/) identifies that development teams for third-party applications such as The New York Times, NPR One, Halfbrick, Duolingo, Alibaba, Lyft, Venmo, The Economist, Trivago, Ctrip, Wattpad, and Gameloft, use Firebase to ship their apps.  The second and fifth sentences of Paragraph 211 call for legal conclusions to which no response is required; to the extent a response is required, Google denies the allegations.  Google denies the remaining allegations in Paragraph 211.

212.   Ms. Muniz has voluntarily dismissed her claims; as such, no response is required. To the extent a response is required, Google lacks sufficient information to admit or deny the allegations in Paragraph 212, and on that basis denies them.

213.   Ms. Muniz has voluntarily dismissed her claims; as such, no response is required. To the extent a response is required, Google lacks sufficient information to admit or deny the allegations in Paragraph 213, and on that basis denies them.

214.   Google lacks sufficient information to admit or deny the allegations in Paragraph 214, and on that basis denies them.

215.   Google lacks sufficient information to admit or deny the allegations in Paragraph 215, and on that basis denies them.

216.   Ms. Cambay has voluntarily dismissed her claims; as such, no response is required. To the extent a response is required, Google lacks sufficient information to admit or deny the allegations in Paragraph 216, and on that basis denies them.

217.   Ms. Cambay has voluntarily dismissed her claims; as such, no response is required. To the extent a response is required, Google lacks sufficient information to admit or deny the allegations in Paragraph 217, and on that basis denies them.

218.   Google lacks sufficient information to admit or deny the allegations in Paragraph 218, and on that basis denies them.

219.   Google lacks sufficient information to admit or deny the allegations in Paragraph 219, and on that basis denies them.

220.   Mr. Goenaga has voluntarily dismissed his claims; as such, no response is required. To the extent a response is required, Google lacks sufficient information to admit or deny the allegations in Paragraph 220, and on that basis denies them.

221.   Mr. Goenaga has voluntarily dismissed his claims; as such, no response is required. To the extent a response is required, Google lacks sufficient information to admit or deny the allegations in Paragraph 221, and on that basis denies them.

222.   Google lacks sufficient information to admit or deny the allegations in Paragraph 222, and on that basis denies them.

223.   Google lacks sufficient information to admit or deny the allegations in Paragraph 223, and on that basis denies them.

224.   Google lacks sufficient information to admit or deny the allegations in Paragraph 224, and on that basis denies them.

225.   Google lacks sufficient information to admit or deny the allegations in Paragraph 225, and on that basis denies them.

226.   Ms. Nyanjom has voluntarily dismissed her claims; as such, no response is required. To the extent a response is required, Google lacks sufficient information to admit or deny the allegations in Paragraph 226, and on that basis denies them.

227.   Ms. Nyanjom has voluntarily dismissed her claims; as such, no response is required. To the extent a response is required, Google lacks sufficient information to admit or deny the allegations in Paragraph 227, and on that basis denies them.

228.   Google lacks sufficient information to admit or deny the allegations in Paragraph 228, and on that basis denies them.

229.   Google lacks sufficient information to admit or deny the allegations in Paragraph 229, and on that basis denies them.

230.   Paragraph 230 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

## CLASS ACTION ALLEGATIONS

231.   Paragraph 231 sets forth Plaintiffs' proposed class definitions and does not require a response. To the extent a response is required, Google denies the allegations. Google reserves all rights to contend that other persons must be excluded from the class in the event that the Court grants certification in whole or in part.

232.   Paragraph 232 sets forth Plaintiffs' proposed class definitions and does not require a response. To the extent a response is required, Google denies the allegations. Google reserves all rights to contend that other persons must be excluded from the class in the event that the Court grants certification in whole or in part.

233.   Paragraph 233 calls for multiple legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

234.   Paragraph 234 calls for multiple legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

235.   Paragraph 235 calls for multiple legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

236.   Paragraph 236 calls for multiple legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

237.   The first sentence of Paragraph 237 calls for a legal conclusion, to which no response is required; to the extent a response is required, Google denies the allegations. Google lacks sufficient information to admit or deny the allegations contained in the second and third sentences of Paragraph 237, and therefore denies them.

238.   Paragraph 238 calls for multiple legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

239.   Google admits that its Terms of Service state in relevant part that, "California law will govern all disputes arising out of or relating to [Google's] [T]erms, service-specific additional terms, or any related services, regardless of conflict of laws rules. These disputes will be resolved exclusively in the federal or state courts of Santa Clara County, California, USA, and you and Google consent to personal jurisdiction in those courts."[13]  The remainder of Paragraph 239 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies those allegations.

240.   Paragraph 240 calls for a legal conclusion, to which no response is required; to the extent a response is required, Google denies the allegations and reserves all rights to oppose modification or amendment of the proposed class definitions.

---

[13] *See* https://policies.google.com/terms.

## COUNTS

### COUNT ONE: BREACH OF UNILATERAL CONTRACT OR, IN THE ALTERNATIVE, QUASI-CONTRACT (UNJUST ENRICHMENT)

241.  Google incorporates by reference the responses to Paragraphs 1 through 240 as set forth above.

### Breach of Unilateral Contract

242.  In its Order dated January 25, 2022, the Court dismissed Plaintiffs' breach of contract claim with prejudice.  Paragraph 242 thus concerns a claim that is no longer at issue in this case, and as such requires no response.  Paragraph 242 additionally calls for legal conclusions to which no response is required.  To the extent a response is required, Google admits that the language quoted in Paragraph 242 appears in the Google's Terms of Service effective from April 14, 2014 until March 31, 2020.  Google denies any remaining allegations in Paragraph 242.

243.  In its Order dated January 25, 2022, the Court dismissed Plaintiffs' breach of contract claim with prejudice.  Paragraph 243 thus concerns a claim that is no longer at issue in this case, and as such requires no response.  Paragraph 243 additionally calls for legal conclusions to which no response is required.

244.  In its Order dated January 25, 2022, the Court dismissed Plaintiffs' breach of contract claim with prejudice.  Paragraph 244 thus concerns a claim that is no longer at issue in this case, and as such requires no response.  Paragraph 244 additionally calls for legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations.

245.  In its Order dated January 25, 2022, the Court dismissed Plaintiffs' breach of contract claim with prejudice.  Paragraph 245 thus concerns a claim that is no longer at issue in this case, and as such requires no response.  Paragraph 245 additionally calls for legal conclusions to which no response is required.  To the extent a response is required, Google lacks sufficient information to admit or deny the allegations concerning what Plaintiffs and purported class members could access on their mobile devices, and on that basis denies those allegations and denies the remaining allegations in paragraph 245.

246.    In its Order dated January 25, 2022, the Court dismissed Plaintiffs' breach of contract claim with prejudice.  Paragraph 246 thus concerns a claim that is no longer at issue in this case, and as such requires no response.  Paragraph 246 additionally calls for legal conclusions to which no response is required.  To the extent a response is required, Google admits that the language quoted in Paragraph 246 appears in the screenshot in Paragraph 245.  Paragraph 246 seeks to describe visual representations of screens a user may have been provided and that have changed over time and is therefore incomplete.  Google admits that a user could access Web & App Activity through a mobile device as described in Paragraph 246.  Google otherwise denies the allegations in Paragraph 246, including the characterization of the quoted language.

247.    In its Order dated January 25, 2022, the Court dismissed Plaintiffs' breach of contract claim with prejudice.  Paragraph 247 thus concerns a claim that is no longer at issue in this case, and as such requires no response.  To the extent a response is required, Google admits that users can access the account-level "Web & App Activity" control through Google's "Activity controls" webpage and otherwise denies the allegations in Paragraph 247.[14]

248.    In its Order dated January 25, 2022, the Court dismissed Plaintiffs' breach of contract claim with prejudice.  Paragraph 248 thus concerns a claim that is no longer at issue in this case, and as such requires no response.  Paragraph 248 seeks to describe visual representations of a web page a user may have accessed that has changed over time and is therefore incomplete.  Google admits that the language quoted in Paragraph 248 appears in the screenshot available at Paragraph 247; Google denies the remaining allegations, including any characterization of the quoted statements.

249.    In its Order dated January 25, 2022, the Court dismissed Plaintiffs' breach of contract claim with prejudice.  Paragraph 249 thus concerns a claim that is no longer at issue in this case, and as such requires no response.  Paragraph 249 additionally calls for a legal conclusion to which no response is required.  To the extent a response is required, Google admits that its Privacy Policy effective July 1, 2020 (at Ex. A at 2) states that "Our services include . . .

---

[14] *See* https://myactivity.google.com/activitycontrols?pli=1&otzr=1

[p]roducts that are integrated into third-party apps and sites, like ads and embedded Google maps." Google otherwise denies the allegations in Paragraph 249.

250.    In its Order dated January 25, 2022, the Court dismissed Plaintiffs' breach of contract claim with prejudice.  Paragraph 250 thus concerns a claim that is no longer at issue in this case, and as such requires no response.  Paragraph 250 additionally calls for a legal conclusion to which no response is required.  To the extent a response is required, Google denies the allegations.

251.    In its Order dated January 25, 2022, the Court dismissed Plaintiffs' breach of contract claim with prejudice.  Paragraph 251 thus concerns a claim that is no longer at issue in this case, and as such requires no response.  Paragraph 251 additionally calls for a legal conclusion to which no response is required.  To the extent a response is required, Google denies the allegations.

252.    In its Order dated January 25, 2022, the Court dismissed Plaintiffs' breach of contract claim with prejudice.  Paragraph 252 thus concerns a claim that is no longer at issue in this case, and as such requires no response.  The first sentence of Paragraph 252 additionally calls for a legal conclusion to which no response is required.  To the extent a response is required, Google admits that switching off Web & App Activity prevents Google from saving a user's activity from sites, apps, and devices that use Google services to that user's Google Account, and otherwise denies the allegations in Paragraph 252.

253.    In its Order dated January 25, 2022, the Court dismissed Plaintiffs' breach of contract claim with prejudice.  Paragraph 253 thus concerns a claim that is no longer at issue in this case, and as such requires no response.  Paragraph 253 additionally calls for a legal conclusion to which no response is required.  To the extent a response is required, Google denies the allegations.

254.    In its Order dated January 25, 2022, the Court dismissed Plaintiffs' breach of contract claim with prejudice.  Paragraph 254 thus concerns a claim that is no longer at issue in this case, and as such requires no response.  Paragraph 254 additionally calls for a legal conclusion

DEFENDANT GOOGLE'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
Case No. 3:20-cv-04688-RS

to which no response is required.  To the extent a response is required, Google denies the allegations.

255.    In its Order dated January 25, 2022, the Court dismissed Plaintiffs' breach of contract claim with prejudice.  Paragraph 255 thus concerns a claim that is no longer at issue in this case, and as such requires no response.  Paragraph 255 additionally calls for a legal conclusion to which no response is required.  To the extent a response is required, Google denies the allegations.

256.    In its Order dated January 25, 2022, the Court dismissed Plaintiffs' breach of contract claim with prejudice.  Paragraph 256 thus concerns a claim that is no longer at issue in this case, and as such requires no response.  Paragraph 256 seeks to describe visual representations of screens a user is provided and that have changed over time and is therefore incomplete.  To the extent a response is required, Google admits that the language quoted in Paragraph 256 appears in the screenshot in Paragraph 256.  Google otherwise lacks sufficient information to admit or deny the allegations concerning what Plaintiffs and class members saw, and on that basis denies those allegations.  Google denies the remaining allegations in Paragraph 256, including the characterization of the quoted language.

257.    In its Order dated January 25, 2022, the Court dismissed Plaintiffs' breach of contract claim with prejudice.  Paragraph 257 thus concerns a claim that is no longer at issue in this case, and as such requires no response.  To the extent a response is required, Google admits that the language quoted in Paragraph 257 appeared in the August 2020 version of Google's Web & App Activity disclosures.  Google otherwise denies the allegations in Paragraph 257.

258.    In its Order dated January 25, 2022, the Court dismissed Plaintiffs' breach of contract claim with prejudice.  Paragraph 258 thus concerns a claim that is no longer at issue in this case, and as such requires no response.  To the extent a response is required, Google admits that the language block quoted in Paragraph 258 appears in its Safety Center web page "Privacy tools that put you in control" (without the stylistic alterations adopted in Paragraph 258).[15]

---

[15] https://safety.google/privacy/privacy-controls/

259.   In its Order dated January 25, 2022, the Court dismissed Plaintiffs' breach of contract claim with prejudice.  Paragraph 259 thus concerns a claim that is no longer at issue in this case, and as such requires no response.  To the extent a response is required, Google admits that the language quoted in Paragraph 259 appears in its Safety Center web page "Privacy tools that put you in control.[16]  Google denies the remaining allegations in Paragraph 259, including the characterization of the quote.

260.   In its Order dated January 25, 2022, the Court dismissed Plaintiffs' breach of contract claim with prejudice.  Paragraph 260 thus concerns a claim that is no longer at issue in this case, and as such requires no response.  To the extent a response is required, Google admits that the language quoted in Paragraph 260 appears in the cited documents and otherwise denies the allegations.

261.   In its Order dated January 25, 2022, the Court dismissed Plaintiffs' breach of contract claim with prejudice.  Paragraph 261  thus concerns a claim that is no longer at issue in this case, and as such requires no response.  Paragraph 261 additionally calls for a legal conclusion to which no response is required.  To the extent a response is required, Google admits that the language quoted in Paragraph 261 appears in the cited documents and otherwise denies the allegations.

262.   In its Order dated January 25, 2022, the Court dismissed Plaintiffs' breach of contract claim with prejudice.  Paragraph 262 thus concerns a claim that is no longer at issue in this case, and as such requires no response.  Paragraph 262 additionally calls for a legal conclusion to which no response is required.  To the extent a response is required, Google denies the allegations.

263.   In its Order dated January 25, 2022, the Court dismissed Plaintiffs' breach of contract claim with prejudice.  Paragraph 263 thus concerns a claim that is no longer at issue in this case, and as such requires no response.  Paragraph 263 additionally calls for a legal conclusion

---

[16] https://safety.google/privacy/privacy-controls/

to which no response is required.  To the extent a response is required, Google denies the allegations.

264.  In its Order dated January 25, 2022, the Court dismissed Plaintiffs' breach of contract claim with prejudice.  Paragraph 264 thus concerns a claim that is no longer at issue in this case, and as such requires no response.  Paragraph 264 additionally calls for a legal conclusion to which no response is required.  To the extent a response is required, Google denies the allegations.

265.  In its Order dated January 25, 2022, the Court dismissed Plaintiffs' breach of contract claim with prejudice.  Paragraph 265 thus concerns a claim that is no longer at issue in this case, and as such requires no response.  Paragraph 265 additionally purports to describe the relief Plaintiffs seek and requires no response. To the extent a response is required, Google denies that Plaintiffs are entitled to any relief.

Quasi-Contract / Unjust Enrichment

266.  In its Order dated January 25, 2022, the Court dismissed Plaintiffs' quasi-contract claim with prejudice.  Paragraph 266 thus concerns a claim that is no longer at issue in this case, and as such requires no response.  Paragraph 266 additionally contains a legal contention to which no response is required.

267.  In its Order dated January 25, 2022, the Court dismissed Plaintiffs' quasi-contract claim with prejudice.  Paragraph 267 thus concerns a claim that is no longer at issue in this case, and as such requires no response.  Paragraph 267 additionally calls for a legal conclusion to which no response is required.  To the extent a response is required, Google denies the allegations.

268.  In its Order dated January 25, 2022, the Court dismissed Plaintiffs' quasi-contract claim with prejudice.  Paragraph 268 thus concerns a claim that is no longer at issue in this case, and as such requires no response.  Paragraph 268 additionally calls for a legal conclusion to which no response is required.  To the extent a response is required, Google denies the allegations.

269.  In its Order dated January 25, 2022, the Court dismissed Plaintiffs' quasi-contract claim with prejudice.  Paragraph 269 thus concerns a claim that is no longer at issue in this case,

and as such requires no response.  Paragraph 269 additionally calls for a legal conclusion to which no response is required.  To the extent a response is required, Google denies the allegations.

270.   In its Order dated January 25, 2022, the Court dismissed Plaintiffs' quasi-contract claim with prejudice.  Paragraph 270 thus concerns a claim that is no longer at issue in this case, and as such requires no response.  Paragraph 270 additionally calls for a legal conclusion to which no response is required.  To the extent a response is required, Google denies the allegations.

271.   In its Order dated January 25, 2022, the Court dismissed Plaintiffs' quasi-contract claim with prejudice.  Paragraph 271 thus concerns a claim that is no longer at issue in this case, and as such requires no response.  Paragraph 271 additionally purports to describe the relief Plaintiffs seek and requires no response. To the extent a response is required, Google denies that Plaintiffs are entitled to any relief.

**COUNT TWO: VIOLATION OF THE CALIFORNIA INVASION OF PRIVACY ACT ("CIPA"), CALIFORNIA PENAL CODE § 631**

272.   Google incorporates by reference the responses to Paragraphs 1 through 240 as set forth above.

273.   In its Order dated January 25, 2022, the Court dismissed Plaintiffs' claim for violation of California Penal Code section 631.  Paragraph 273 thus concerns a claim that is no longer at issue in this case, and as such requires no response.  To the extent a response is required, Google admits that the language block quoted in Paragraph 273 appears in Cal. Penal Code § 630.

274.   In its Order dated January 25, 2022, the Court dismissed Plaintiffs' claim for violation of California Penal Code section 631.  Paragraph 274 thus concerns a claim that is no longer at issue in this case, and as such requires no response.  To the extent a response is required, Google admits that the language block quoted in Paragraph 274 appears in Cal. Penal Code § 631(a).

275.   In its Order dated January 25, 2022, the Court dismissed Plaintiffs' claim for violation of California Penal Code section 631.  Paragraph 275 thus concerns a claim that is no longer at issue in this case, and as such requires no response.  Paragraph 275 additionally calls for legal conclusions to which no response is required.

276.    In its Order dated January 25, 2022, the Court dismissed Plaintiffs' claim for violation of California Penal Code section 631.  Paragraph 276 thus concerns a claim that is no longer at issue in this case, and as such requires no response.  Paragraph 276 additionally calls for legal conclusions to which no response is required.

277.    In its Order dated January 25, 2022, the Court dismissed Plaintiffs' claim for violation of California Penal Code section 631.  Paragraph 277 thus concerns a claim that is no longer at issue in this case, and as such requires no response.  Paragraph 277 additionally calls for legal conclusions to which no response is required.

278.    In its Order dated January 25, 2022, the Court dismissed Plaintiffs' claim for violation of California Penal Code section 631.  Paragraph 278 thus concerns a claim that is no longer at issue in this case, and as such requires no response.  Paragraph 278 additionally calls for legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations.

279.    In its Order dated January 25, 2022, the Court dismissed Plaintiffs' claim for violation of California Penal Code section 631.  Paragraph 279 thus concerns a claim that is no longer at issue in this case, and as such requires no response.  Paragraph 279 additionally calls for legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations.

280.    In its Order dated January 25, 2022, the Court dismissed Plaintiffs' claim for violation of California Penal Code section 631.  Paragraph 280 thus concerns a claim that is no longer at issue in this case, and as such requires no response.  Paragraph 280 additionally calls for legal conclusions to which no response is required.

281.    In its Order dated January 25, 2022, the Court dismissed Plaintiffs' claim for violation of California Penal Code section 631.  Paragraph 281 thus concerns a claim that is no longer at issue in this case, and as such requires no response.  Paragraph 281 additionally calls for legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations.

DEFENDANT GOOGLE'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
Case No. 3:20-cv-04688-RS

282.   In its Order dated January 25, 2022, the Court dismissed Plaintiffs' claim for violation of California Penal Code section 631.  Paragraph 282 thus concerns a claim that is no longer at issue in this case, and as such requires no response.  Paragraph 282 additionally calls for legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations.

283.   In its Order dated January 25, 2022, the Court dismissed Plaintiffs' claim for violation of California Penal Code section 631.  Paragraph 283 thus concerns a claim that is no longer at issue in this case, and as such requires no response.  Paragraph 283 additionally purports to describe the relief Plaintiffs seek and requires no response. To the extent a response is required, Google denies that Plaintiffs are entitled to any relief.

**COUNT THREE: VIOLATIONS OF THE COMPREHENSIVE COMPUTER DATA ACCESS AND FRAUD ACT ("CDAFA"), CAL. PENAL CODE § 502 *ET SEQ.***

284.   Google incorporates by reference the responses to Paragraphs 1 through 240 as set forth above.

285.   Google admits that the language quoted in the first sentence of Paragraph 285 appears in Cal. Penal Code § 502.  The second sentence calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

286.   Paragraph 286 contains a partial sentence to which no response is required.  Whether standing alone or combined with the partial sentence in Paragraph 287, the statement in Paragraph 286 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

287.   Paragraph 287 contains a partial sentence to which no response is required.  Whether standing alone or combined with the partial sentence in Paragraph 286, the statement in Paragraph 287 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

288.   Paragraph 288 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

289.   Paragraph 289 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

290.   Paragraph 290 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

291.   Paragraph 291 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

292.   Paragraph 292 purports to describe the relief Plaintiffs seek and requires no response. To the extent a response is required, Google denies that Plaintiffs are entitled to any relief.

293.   Paragraph 293 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

294.   Paragraph 294 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

**COUNT FOUR: INVASION OF PRIVACY**

295.   Google incorporates by reference the responses to Paragraphs 1 through 240 as set forth above.

296.   Paragraph 296 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegation.

297.   Google admits that the language quoted in the second sentence of Paragraph 297 appears in Article I, section 1 of the California Constitution (without the stylistic alterations adopted in Paragraph 297).  Google admits that "privacy" was added to Article I, section 1 of the California Constitution following a 1972 vote.  The remaining allegations call for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegation and any remaining allegations in Paragraph 297.

298.   Google admits that "privacy" was added to Article I, section 1 of the California Constitution following a 1972 vote.  Google admits that Paragraph 298 purports to quote from a ballot argument cited in footnote 71.  Google lacks sufficient information to admit or deny the

allegations concerning legislative intent.  Google denies any remaining allegations in Paragraph 298.

299.   Google lacks sufficient information to admit or deny the allegations concerning the principal purpose of the purported constitutional right, and on that basis denies the allegations in Paragraph 299.

300.   Paragraph 300 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegation.

301.   Paragraph 301 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegation.

302.   Paragraph 302 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegation.

303.   Paragraph 303 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegation.

304.   Paragraph 304 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegation.

305.   Paragraph 305 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegation.

306.   Paragraph 306 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegation.

307.   Paragraph 307 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegation.

308.   Paragraph 308 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegation.

309.   Paragraph 309 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegation.

310.   Paragraph 310 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegation.

DEFENDANT GOOGLE'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
Case No. 3:20-cv-04688-RS

311.  Paragraph 311 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegation.

312.  Paragraph 312 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegation.

313.  Paragraph 313 purports to describe the relief Plaintiffs seek and requires no response. To the extent a response is required, Google denies the allegation.

## COUNT FIVE: INTRUSION UPON SECLUSION

314.  Google incorporates by reference the responses to Paragraphs 1 through 240 as set forth above.

315.  Paragraph 315 calls for a legal conclusion to which no response is required.

316.  Paragraph 316 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegation.

317.  Paragraph 317 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegation.

318.  Paragraph 318 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegation.

319.  Paragraph 319 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegation.

320.  Paragraph 320 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegation.

321.  Paragraph 321 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegation.

322.  Paragraph 322 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegation.

323.  Paragraph 323 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegation.

324.  Paragraph 324 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegation.

**ANSWER TO PRAYER FOR RELIEF**

Google denies that Plaintiffs are entitled to any of the requested judgment and relief.

**ANSWER TO JURY TRIAL DEMAND**

Google admits that Plaintiffs purport to demand a trial by jury of all issues so triable.

**DEFENSES**[17]

FIRST DEFENSE

(Failure to State a Claim)

The Amended Complaint, and each and every claim alleged therein, fails to state facts sufficient to state a cause of action against Google on which relief may be granted.

SECOND DEFENSE

(Statute of Limitations)

The named Plaintiffs' claims—and each and every member of the purported class's claims—are barred, in whole or in part, by one or more statutes of limitations under applicable law.

THIRD DEFENSE

(Mootness)

The named Plaintiffs' claims—and each and every member of the purported class's claims—are barred, in whole or in part, by the doctrine of mootness.

FOURTH DEFENSE

(Privilege/Justification/Excuse)

The named Plaintiffs, and each and every member of the purported class, are barred from recovery because Google's actions were, in whole or in part, privileged, justified and/or excused by operation of law.

---

[17] By asserting the following defenses, Google does not concede it bears the burden of proof.

1

## FIFTH DEFENSE

2

(Consent)

3      The named Plaintiffs' claims—and each and every member of the purported class's

4  claims—are barred, in whole or in part, because they consented to and/or ratified the conduct

5  alleged in the Complaint.

6

## SIXTH DEFENSE

7

(Necessary Incident To Rendition Of Services)

8      The named Plaintiffs' claims—and each and every member of the purported class's

9  claims—are barred, in whole or in part, because Google's actions were a necessary incident to the

10  rendition of services.

11

## SEVENTH DEFENSE

12

(Unjust Enrichment)

13      The named Plaintiffs' claims for damages—and each and every member of the purported

14  class's claims for damages—are barred, in whole or in part, because they would be unjustly

15  enriched if they recovered any monetary relief.

16

## EIGHTH DEFENSE

17

(No Standing)

18      The named Plaintiffs' claims—and each and every member of the purported class's

19  claims—are barred, in whole or in part, because they have not suffered injury in fact because of

20  the acts or practices complained of.

21

## NINTH DEFENSE

22

(Contractual Defenses)

23      The named Plaintiffs' claims—and each and every member of the purported class's

24  claims—are barred, in whole or in part, by contracts and/or agreements they entered into with

25  Google and/or third parties.

26

27

28

DEFENDANT GOOGLE'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT
Case No. 3:20-cv-04688-RS

1

## TENTH DEFENSE

2

(Failure to Mitigate)

3     The named Plaintiffs' claims for damages—and each and every member of the purported

4 class's claims for damages—are barred, in whole or in part, to the extent discovery reveals they

5 failed to mitigate the damages they suffered.

6

## ELEVENTH DEFENSE

7

(Adequate Remedy At Law)

8     The named Plaintiffs, and each and every member of the purported class, are not entitled to

9 equitable relief because they have an adequate remedy at law and the relief they request is not the

10 proper subject of a judicial remedy.

11

## TWELFTH DEFENSE

12

(Punitive Damages—Unconstitutional)

13     Punitive or exemplary damages should not be awarded or should otherwise be limited

14 because: (i) any recovery of punitive or exemplary damages would violate the substantive and

15 procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States

16 Constitution, by Article 1, Section 7 of the California Constitution, by section 3294 of the

17 California Civil Code, and by the common law; and (ii) imposition of any punitive or exemplary

18 damages would constitute an excessive fine or penalty under the Eighth Amendment to the United

19 States Constitution and Article 1, Section 17 of the California Constitution.

20

## THIRTEENTH DEFENSE

21

(Waiver)

22     The named Plaintiffs, and each and every member of the purported class, are barred from

23 recovery, in whole or in part, by the doctrine of waiver.

24

## FOURTEENTH DEFENSE

25

(Estoppel)

26     The named Plaintiffs, and each and every member of the purported class, are barred from

27 recovery, in whole or in part, by the doctrine of estoppel.

28

1

2

### FIFTEENTH DEFENSE

(Laches)

3

4

The named Plaintiffs, and each and every member of the purported class, are barred from recovery, in whole or in part, by the doctrine of laches.

5

6

### SIXTEENTH DEFENSE

(Unclean Hands)

7

8

The named Plaintiffs, and each and every member of the purported class, are barred from recovery, in whole or in part, by the doctrine of unclean hands.

9

### SEVENTEENTH DEFENSE

10

(Preemption)

11

12

13

14

The named Plaintiffs' claims—and each and every member of the purported class's claims—which are each asserted under California law, are barred, in whole or in part, because they are preempted in this context by applicable federal law, including but not limited to the Children's Online Privacy Protection Act, 15 U.S.C. §§ 6501-6506.

15

### EIGHTEENTH DEFENSE

16

(Contractual Defenses—No Damages)

17

18

19

20

21

22

23

24

25

26

27

28

The named Plaintiffs' claims—and each and every member of the purported class's claims— are barred, in whole or in part, because Plaintiffs' damages—including actual, punitive, compensatory, exemplary, or statutory damages—are limited by the terms of contracts between Google and Plaintiffs. *See, e.g.*, Oct. 25, 2017 Terms of Service at 4 ("WHEN PERMITTED BY LAW, GOOGLE, AND GOOGLE'S SUPPLIERS AND DISTRIBUTORS, WILL NOT BE RESPONSIBLE FOR LOST PROFITS, REVENUES, OR DATA, FINANCIAL LOSSES OR INDIRECT, SPECIAL, CONSEQUENTIAL, EXEMPLARY, OR PUNITIVE DAMAGES . . . TO THE EXTENT PERMITTED BY LAW, THE TOTAL LIABILITY OF GOOGLE, AND ITS SUPPLIERS AND DISTRIBUTORS, FOR ANY CLAIMS UNDER THESE TERMS, INCLUDING FOR ANY IMPLIED WARRANTIES, IS LIMITED TO THE AMOUNT YOU PAID US TO USE THE SERVICES (OR, IF WE CHOOSE, TO SUPPLYING YOU THE SERVICES AGAIN) . . . IN ALL CASES, GOOGLE, AND ITS SUPPLIERS AND

DISTRIBUTORS, WILL NOT BE LIABLE FOR ANY LOSS OR DAMAGE THAT IS NOT REASONABLY FORESEEABLE.").

NINETEENTH DEFENSE

(Contractual Defenses—No Liability)

The named Plaintiffs' claims—and each and every member of the purported class's claims— are barred, in whole or in part, because Google's liability for the alleged conduct at issue is precluded by the terms of contracts between Google and Plaintiffs.  *See, e.g.*, Oct. 25, 2017 Terms of Service at 4 ("WHEN PERMITTED BY LAW, GOOGLE, AND GOOGLE'S SUPPLIERS AND DISTRIBUTORS, WILL NOT BE RESPONSIBLE FOR LOST PROFITS, REVENUES, OR DATA, FINANCIAL LOSSES OR INDIRECT, SPECIAL, CONSEQUENTIAL, EXEMPLARY, OR PUNITIVE DAMAGES . . . TO THE EXTENT PERMITTED BY LAW, THE TOTAL LIABILITY OF GOOGLE, AND ITS SUPPLIERS AND DISTRIBUTORS, FOR ANY CLAIMS UNDER THESE TERMS, INCLUDING FOR ANY IMPLIED WARRANTIES, IS LIMITED TO THE AMOUNT YOU PAID US TO USE THE SERVICES (OR, IF WE CHOOSE, TO SUPPLYING YOU THE SERVICES AGAIN) . . . IN ALL CASES, GOOGLE, AND ITS SUPPLIERS AND DISTRIBUTORS, WILL NOT BE LIABLE FOR ANY LOSS OR DAMAGE THAT IS NOT REASONABLY FORESEEABLE.").

TWENTIETH DEFENSE

(Right to Assert Additional Defenses)

Google reserves the right to assert additional defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

Dated:  February 22, 2022

Respectfully submitted,

WILLKIE FARR & GALLAGHER LLP

By:    */s/ Benedict Y. Hur*
Benedict Y. Hur