# Exhibit C

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

Jesse Panuccio (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
1401 New York Avenue, NW
Washington, DC 20005
Tel.: (202) 237-2727
Fax: (202) 237-6131
jpanuccio@bsfllp.com

William S. Carmody (admitted *pro hac vice*)
Shawn Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel.: (212) 336-8330
Fax: (212) 336-8340
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
abonn@susmangodfrey.com

John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANIBAL RODRIGUEZ, JULIEANNA MUNIZ, ELIZA CAMBAY, SAL CATALDO, EMIR GOENAGA, JULIAN SANTIAGO, HAROLD NYANJOM, KELLIE NYANJOM and SUSAN LYNN HARVEY individually and on behalf of all other similarly situated, | Case No. 3:20-cv-04688-RS |
| | **PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GOOGLE LLC, SET SEVEN** |
| Plaintiffs, | |
| v. | |
| GOOGLE LLC, | |
| Defendant. | |

Propounding Party:    Plaintiffs Anibal Rodriguez, Sal Cataldo, Julian Santiago, Harold
Nyanjom, and Susan Lynn Harvey

Responding Party:    Defendant Google LLC

Set No.:    Seven

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs Anibal Rodriguez, Sal Cataldo, Julian Santiago, Harold Nyanjom, and Susan Lynn Harvey ("Plaintiffs") hereby submit the following requests for production to Defendant Google LLC ("Google"). Each request is to be read in accordance with the Definitions and Instructions that follow. Responses are due within thirty (30) days of service.

## **DEFINITIONS**

1.    The term "ALL" includes the word "ANY," and vice versa.

2.    "APP-INTERACTION DATA" means data relating to a USER's interaction with an APP on the USER's device, including but not limited to a USER's viewing of content, sharing of content, creation or deletion of content, and/or any other "events" or "actions" or "parameters" as those terms are used and defined by FIREBASE SDK.

3.    The term "CLASS PERIOD" means the class period as referenced in paragraph 15 of the Third Amended Complaint.

4.    The terms "CONCERNING," "RELATE," or "RELATING TO" INCLUDE addressing, analyzing, concerning, constituting, containing, commenting on, discussing, describing, identifying, in connection with, referring to, reflecting, relating, relating to, reporting on, stating, or dealing with, in whole or in part, in addition to their customary and usual meanings, and shall be construed in the broadest sense possible.

5.    The term "DOCUMENT" and "DOCUMENTS" shall be synonymous in meaning and equal to the broadest meaning provided by Rule 34 of the Federal Rules of Civil Procedure INCLUDING, without limitation, original and any non-identical copy of every kind of written, printed, typed, recorded, or graphic matter, however

produced or reproduced, including all correspondence, letters, telegrams, telexes, messages, memoranda, instructions, emails, handwritten or recorded notes, and all records, schedules, reports, surveys, calculations, transcripts, notes, time cards, personal expense reports, appointment books, calendars, plans, purchase orders, contracts, subcontracts, charts, COMMUNICATIONS, database, data compilation, diary, draft, drawing, electronically stored information, emails, fax, floppy disk, graph, hard drive, image, index, instant message, letter, log, magnetic tape, memorandum, note, optical disk, photograph, report, sound recording, spreadsheet, storage device, text message, version, voicemail or writing. This term shall apply to any DOCUMENT, whether in hard copy or electronic form, on any computers or other system. Any copy of a DOCUMENT that differs in any respect.

6. The term "FIREBASE SDK" means GOOGLE'S Firebase SDK development platform and all code, scripts, and other development and reporting tools made available to APP DEVELOPERS on that platform. The term includes all code and scripts, contained within any APP, that were provided by or originated from GOOGLE'S Firebase SDK development platform

7. The term "REGULATORS" includes all government agencies, officials, and employees that have requested documents or information from Google and/or initiated any investigation or action concerning Google's data collection practices and disclosures, including without limitation the Department of Justice, the Federal Trade Commission, the Arizona Attorney General (*State of Arizona ex rel. Mark Brnovich, Attorney General v. Google LLC*, No. CV 2020-006219 (Ariz. Superior Ct. 2020)), the Attorneys General of Texas and California, the Australian Competition & Consumer Commission, and the Commission Nationale de l'Informatique et des Libertés ("CNIL"). For purposes of this request, Documents should be read broadly to include any written responses and privilege logs submitted by Google to the Regulators.

8.    The term "INCLUDE" or "INCLUDING" means "include, but not limited to" or "including, but not limited to."

9.    The term "GOOGLE" means GOOGLE LLC and any of its directors, officers, consultants, agents, representatives, predecessors in interest, subsidiaries, assignees, licensees, employees, attorneys and any other persons acting on GOOGLE LLC'S behalf, including contractors.    The term also includes all computers, servers, and other information systems under the control of GOOGLE.

10.    The term "USER" means persons residing in the United States who use any of YOUR services, including any APP that uses FIREBASE SDK.  The term "USER" includes (but is not limited to) anyone that can be identified by his or her electronic device(s).

11.    The term "YOU" or "YOUR" means or refers to DEFENDANT GOOGLE LLC, and any of its attorneys, agents, representatives, predecessors, successors, assigns, and any persons acting or purporting to act on its behalf.

12.    "WEB & APP ACTIVITY" includes GOOGLE's Web & App Activity setting (sometimes referred to as WAA) and any sub-setting, including Supplemental Web & App Activity (sometimes referred to as sWAA).

13.    "*Brown v. Google*" refers to the action pending against Google in the Northern District of California with the case number 5:20-CV-03664-LHK.

**GENERAL INSTRUCTIONS**

1.    **Time Period**:  The time period for these requests is January 1, 2007 through the present.

2.    **Responses**:  Respond to each request for production by producing the requested DOCUMENTS in their entirety, notwithstanding the fact that portions thereof may contain information not requested, along with every family document (such as any appendices, attachments, cover letters, exhibits, and schedules), that is in YOUR possession, custody, or control.   If there are no DOCUMENTS in YOUR possession, custody, or control that are responsive to a particular request for production, provide a written response stating so.

3.    **Construction**: For purposes of reading, interpreting, or construing the scope of the DEFINITIONS, INSTRUCTIONS, and REQUESTS, all of the terms shall be given their most expansive and inclusive interpretation.  This INCLUDES the following:

       (a)  The singular form of a word shall be interpreted as plural and vice versa.

       (b)  "And," "or," as well as "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request any document that might otherwise be construed to be outside the scope of the Request.

       (c)  "All," "each" and "any" shall be construed as "all, each, and any."

       (d)  The masculine form of a word shall be interpreted as and shall include the feminine and vice versa.

       (e)  The use of a verb in any particular tense shall be construed as the use of the verb in all other tenses as necessary to bring within the scope of the Request any document that might otherwise be construed to be outside the scope of the Request.

4.    **Objections**:  Each Request shall be responded to fully, unless it is objected to in good faith.   In that case, the reason(s) for the objection shall be stated in writing and with particularity.  If an objection is to only a portion of the Request, state the objection as to that portion only and respond to any portion of the Request to which YOU do not object.

       (a)  If YOU claim any ambiguity in interpreting the Request or any of the applicable Instructions or Definitions, such claim shall not be used as a basis for refusing to

respond to the Request.  In any such circumstance, YOU should set forth as part of YOUR response the language claimed to be ambiguous and the interpretation chosen or used by YOU in responding to the Request and YOU shall respond as fully as possible notwithstanding any claimed ambiguity or objection.

(b) If YOU object to the Request on the ground that it is overly broad, YOU are instructed to produce DOCUMENTS in response as narrowed to conform to YOUR objection and to state in YOUR response: (1) how YOU narrowed the Request; and (2) all reason(s) why YOU claim the Request is overly broad.

(c) The fact that a document has been or could be produced by any other PERSON does not relieve YOU of the obligation to produce such DOCUMENT, even if the DOCUMENT in YOUR possession, custody, or control is identical in all respects to the document produced or held by any other PERSON.

5.    **Production**: Produce each responsive DOCUMENT and all family documents in accordance with the terms of any agreement between the parties regarding the production of DOCUMENTS.

(a) If any DOCUMENTS are withheld based on an objection to any Request, all DOCUMENTS covered by that Request but not subject to the objection should be produced.

(b) DOCUMENTS not otherwise responsive to any of the Requests herein should be produced if such DOCUMENTS are attached to a DOCUMENT or thing called for by these Requests.

(c) Unless otherwise specified, the DOCUMENTS requested include the responsive DOCUMENTS in YOUR actual or constructive possession, control or custody, as well as the responsive DOCUMENTS in the actual or constructive possession, control or custody of YOUR employees, agents, representatives, managers, or any other person acting or purporting to act on its behalf, and, unless privileged and such privilege has not been waived, its attorneys.

(d) Unless otherwise specified, the DOCUMENTS requested include all responsive DOCUMENTS in YOUR possession, custody or control that exist in electronic format (whether on internal or external hard drives; on desktop, laptop, notebook, tablet, or personal digital assistant computers; servers; CDs; DVDs; USB drives; or any other electronic medium).

(e) DOCUMENTS shall be produced either (a) as they are kept in the usual course of business (in which case they shall be produced in such fashion as to identify the department, branch, or office in whose possession it was located and, where applicable, the natural person in whose possession it was found or the server or central file in which it was found, and the address of each DOCUMENT's custodian(s)), or (b) organized and labeled to correspond to the specific Request enumerated in these Requests, with such specific Request identified.

(f) In producing DOCUMENTS, YOU are requested to produce a legible copy of each DOCUMENT requested together with all non-identical copies and drafts of that DOCUMENT.  YOU shall retain all of the original DOCUMENTS for inspection or copying throughout the pendency of this case, any appeal(s), and any related proceedings.

(g) Any alteration of a responsive DOCUMENT, INCLUDING any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a DOCUMENT is a responsive DOCUMENT in its own right and must be produced.

(h) DOCUMENTS should be produced in full, without abbreviation or expurgation, regardless of whether YOU consider the entire DOCUMENT to be relevant or responsive.

(i)  In instances where two or more exact duplicates of any DOCUMENT exist, the most legible copy shall be produced.

6.    **Privilege Log**:  To the extent YOU object to or claim a privilege with respect to any Request in whole or in part, provide the following information for each DOCUMENT and

PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
GOOGLE LLC, SET SEVEN CASE NO.: 3:20-CV-04688-RS

each portion of any DOCUMENT withheld: (a) its Bates Number; (b) its type (e.g., email, memorandum, spreadsheet, text message); (c) any author(s) or sender(s); (d) any recipients; (e) any persons cc'd or bcc'd; (f) its date; (g) whether it was redacted or withheld; (h) the applicable privilege(s) or protection(s); and (i) a brief description of why the privilege(s) or protection(s) justify the redaction or withholding. For all persons identified as author(s), sender(s), recipient(s), or copyees or blind copyees, identify for each person, her affiliation(s), title(s), and whether she is an attorney.

7.    **Lost Materials**: If any responsive DOCUMENT was, but no longer is, in YOUR possession, custody, or control, then provide a log that lists for each such DOCUMENT (a) its type (e.g., email, memorandum, spreadsheet, text message); (b) any author(s) or sender(s); (c) any recipients; (d) any persons cc'd; (e) its date; and (f) its subject matter.

8.    **Continuing Obligation**: These Requests are to be considered continuing in nature, and YOU must promptly furnish supplemental responses if any additional DOCUMENTS or information is discovered or created after YOUR responses are tendered, or if any of YOUR responses are subsequently determined to be incorrect, incomplete, or misleading in any respect.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 185:

Documents sufficient to show all information accessible to Google's Legal Investigations Support ("LIS") team throughout the class period when searching for information responsive to subpoenas, including without limitation any information Google classifies as "pseudonymous" and any information collected from users while WAA was turned off.

### REQUEST FOR PRODUCTION NO. 186:

All documents exchanged between Google and third parties in connection with, reviews of, assessments of, and/or recommendations for Google user privacy controls, including WAA.

### REQUEST FOR PRODUCTION NO. 187:

All documents in which the Google Privacy Program is documented, including the 13 internal Google policies, supplemental guidelines, and FAQs and all other supplemental documentation.

**REQUEST FOR PRODUCTION NO. 188:**

Documents sufficient to show the number of times Google collected communications involving users in the United States during the class period as described in the operative complaint.

**REQUEST FOR PRODUCTION NO. 189:**

Documents sufficient to show the amount by which Google has profited from the data at issue in this case, collection from users in the United States during the class period, as described in the operative complaint.

**REQUEST FOR PRODUCTION NO. 190:**

Documents sufficient to show the amount by which Google has profited from the data at issue in this case, collection from users in the United States during the class period, as described in the operative complaint.

**REQUEST FOR PRODUCTION NO. 191:**

All initial drafts of privacy design documents submitted to the PWG for initial review prior to any review by legal counsel.

**REQUEST FOR PRODUCTION NO. 192:**

All documents produced in *Brown v. Google* that relate to WAA.

**REQUEST FOR PRODUCTION NO. 193:**

All documents produced in *Brown v. Google* that relate to GA4F.

**REQUEST FOR PRODUCTION NO. 194:**

All documents produced in *Brown v. Google* that relate to AdMob.

**REQUEST FOR PRODUCTION NO. 195:**

All documents produced in *Brown v. Google* that relate to Real Time Bidding.

**REQUEST FOR PRODUCTION NO. 196:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 1): "Documents Google produced, provided, or otherwise disclosed to Regulators in connection with any request, investigation, or action concerning Google's data collection practices and disclosures."

**REQUEST FOR PRODUCTION NO. 197:**

9

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 24): "Documents sufficient to identify all persons involved with the creation of and any modification to Google's Privacy Policy."

**REQUEST FOR PRODUCTION NO. 198:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 31): "Google's written representations to and agreements with websites, publishers, and web applications that use Google services, including but not limited to what data Google collects and how Google complies with laws and regulations regarding the collection of data."

**REQUEST FOR PRODUCTION NO. 199:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 35): "Google's internal documents relating to consumers' control over and transparency about how consumers' data is intercepted, collected, stored, used, shared, and disposed."

**REQUEST FOR PRODUCTION NO. 200:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 36): "Documents concerning users' privacy expectations, including any internal Google studies or assessment regarding users' privacy expectations."

**REQUEST FOR PRODUCTION NO. 201:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 37): "Documents concerning users' understanding of Google's privacy disclosures and controls, including any internal Google studies or assessment regarding these issues."

**REQUEST FOR PRODUCTION NO. 202:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 49): "Google's technical documents relating to how Google tracks individual consumers, their devices, and their locations."

**REQUEST FOR PRODUCTION NO. 203:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 52): "Documents sufficient to show all types and the amount of data collected with Google Analytics, including in connection with users' activity while in a private browsing mode."

**REQUEST FOR PRODUCTION NO. 204:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 53): "Documents sufficient to show all ways in which Google uses data gathered through Google Analytics, including data collected in connection with users' activity while in a private browsing mode."

**REQUEST FOR PRODUCTION NO. 205:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 56): "Documents sufficient to identify all persons involved with defining the Google Analytics strategy and product roadmap, including in connection with data collected in connection with users' activity while in a private browsing mode."

**REQUEST FOR PRODUCTION NO. 206:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 59): "Documents sufficient to show all types and the amount of data collected with Google Analytics User-ID, including in connection with users' activity while in a private browsing mode."

**REQUEST FOR PRODUCTION NO. 207:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 60): "Documents sufficient to show all ways in which Google uses data gathered through Google Analytics User-ID, including data collected in connection with users' activity while in a private browsing mode."

**REQUEST FOR PRODUCTION NO. 208:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 61): "Documents sufficient to show how Google classifies its cookies, either as first-party or third-party cookies."

**REQUEST FOR PRODUCTION NO. 209:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 63): "Documents sufficient to show all types and the amount of data collected with the Google cookies, including in connection with users' activity while in a private browsing mode."

**REQUEST FOR PRODUCTION NO. 210:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 64): "Documents sufficient to show all ways in which Google uses data gathered through Google cookies, including data collected in connection with users' activity while in a private browsing mode."

**REQUEST FOR PRODUCTION NO. 211:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 74): "Google's assurances, at any time, to not merge first- and third-party data and services."

**REQUEST FOR PRODUCTION NO. 212:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 78): "Documents sufficient to identify all regulators who have inquired about Google's privacy disclosures and data collection practices since January 1, 2009."

**REQUEST FOR PRODUCTION NO. 213:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 79): "Documents sufficient to identify the Google persons involved with the negotiation of and knowledgeable about Google's 2011 settlement with the FTC, which included allegations of Google's illegal collection of personal information without consent, and the 2011 FTC Consent Decree."

**REQUEST FOR PRODUCTION NO. 214:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 80): "Google's compliance and audit documents relating to its efforts or failures to comply with the Google-2011 FTC Consent Decree."

**REQUEST FOR PRODUCTION NO. 215:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 81): "Documents sufficient to identify the persons involved with the negotiation of and knowledgeable about Google's 2012 settlement with the FTC, involving allegations that Google illegally collected personal information without consent."

**REQUEST FOR PRODUCTION NO. 216:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 82): "Documents sufficient to identify the persons involved with the negotiation of and knowledgeable about Google's 2019 settlement with the FTC, involving allegations that Google illegally collected personal information without consent."

**REQUEST FOR PRODUCTION NO. 217:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 83): "Documents sufficient to identify the persons involved with and knowledgeable about the actions against Google by the Arizona Attorney General, Australian Competition & Consumer Commissions, and Commission Nationale de l'Informatique et des Libertés."

**REQUEST FOR PRODUCTION NO. 218:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 84): "Documents relating to how Google attempted to comply or complied with the California Consumer Privacy Act (CCPA), Europe's General Data Privacy Regulation (GDPR), and similar legislation."

**REQUEST FOR PRODUCTION NO. 219:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 85): "Documents relating to how Google lobbied for or against bills and proposed laws in the United States similar to or based on the California Consumer Privacy Act (CCPA)."

**REQUEST FOR PRODUCTION NO. 220:**

All documents produced in *Brown v. Google* in response to the following Request for

PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GOOGLE LLC, SET SEVEN CASE NO.: 3:20-CV-04688-RS

Production (RFP No. 92): "Documents back to January 1, 2005 concerning any effort by Apple to limit Google's ability to track users and collect data, including the actual, potential, or anticipated impact on Google."

**REQUEST FOR PRODUCTION NO. 221:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 100): "Google's sales documents relating to its profits from Google Analytics (and legacy products that were eventually merged into Google Analytics) that relate to how Google profited as alleged in the [Brown] First Amended Complaint."

**REQUEST FOR PRODUCTION NO. 222:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 102): "Google's documents showing how Google improved its Google products and services (including but not limited to Search, Google Analytics, and Google Ad Manager) based on data Google obtained relating to the allegations at issue in the First Amended Complaint."

**REQUEST FOR PRODUCTION NO. 223:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 111): "For each Google service and/or product that incorporates or utilizes the class members' data (e.g., Google AdWords, Google AdSense, Google Analytics):

a. Documents sufficient to determine each such service and/or product.

b. Document sufficient to determine how Google prices all such products and/or services.

c. Documents sufficient to determine how Google generates revenues, cost savings, and/or profit from such products and/or services.

d. Documents sufficient understand how Google uses the class members' data to increase the prices, revenues, and/or profits associated with each such product and/or service (e.g., premium pricing for targeted versus non-targeted advertising).

e. Documents sufficient to determine the incremental prices, revenues, market share, and/or profits generated by such products and/or services as a result of the class members' data.

14

f. Documents sufficient to determine the drivers of customer demand for such products and/or services, their success in the marketplace, and their perceived advantages versus any competitive products and/or services.

g. All documents concerning the types of customers (by industry, region, etc.) for such products and/or services and the value they place on the class members' data.

h. All planning documents (e.g., business plans, marketing plans, sales plans, capital expenditure plans) related to such products and/or services."

**REQUEST FOR PRODUCTION NO. 224:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 112): "All documents pertaining to the value of user data during the Class Period, including:

a. Any Google estimates of the value of its user data either generally or to any products and/or services.

b. Any third-party estimates of the value of Google's or any other entities' user data either generally or to any products and/or service.

c. Any estimate of the relationship, if any, between the value of incremental data on a given user and the amount of data already collected on that user (i.e., the diminishing marginal return on data), either generally or to any products and/or services."

**REQUEST FOR PRODUCTION NO. 225:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 113): "All documents pertaining to Google's purchase or sale of user data from any third party, including documents sufficient to determine the types of data transacted, the price paid/received for the data, and/or any other relevant terms of the transaction."

**REQUEST FOR PRODUCTION NO. 226:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 114): "All documents pertaining to Google's purchases or sales of entities (e.g., companies, divisions, business groups) in which user data constituted a material portion of the assets transacted, including documents sufficient to determine the portion of the price

paid/received attributable to the user data and all relevant terms of the transaction."

**REQUEST FOR PRODUCTION NO. 227:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 115): "Periodic financial statements adequate to determine the following for each of the Google product and/or service that incorporates or utilizes the class members' data:

  a. Revenue;

  b. Cost of Goods Sold;

  c. Operating Expenses;

  d. Variable Expenses;

  e. Fixed Expenses; and

  f. Profit."

**REQUEST FOR PRODUCTION NO. 228:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 117): "Documents, studies, reports, and articles that describe or pertain to the market for user data, including class member data."

**REQUEST FOR PRODUCTION NO. 229:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 118): "Documents sufficient to understand how Google determines compensation for tracking user's data related to but not limited to how Google determines compensation for participants in the 'Google Screenwise Trends' program."

**REQUEST FOR PRODUCTION NO. 230:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 124): "Documents concerning any valuation of user data, including data Google collected while users were in private browsing mode."

**REQUEST FOR PRODUCTION NO. 231:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 125): "Documents concerning the prices charged by Google during the

16

1    [*Brown*] Class Period in connection with its advertising services, including higher prices Google

2    charged using the data at issue in this [*Brown*] lawsuit."

3    **REQUEST FOR PRODUCTION NO. 232:**

4        All documents produced in *Brown v. Google* in response to the following Request for

5    Production (RFP No. 131): "Documents concerning Google competitors or competing proposals

6    that permit consumers to monetize their data, including Brave, Loginhood, Killi, BIGtoken,

7    Andrew Yang's Data Dividend Project, and Nielsen Company."

8    **REQUEST FOR PRODUCTION NO. 233:**

9        All documents produced in *Brown v. Google* in response to the following Request for

10   Production (RFP No. 132): "Documents sufficient to show all data Google used to target

11   advertisements to [*Brown*] Plaintiffs."

12   **REQUEST FOR PRODUCTION NO. 234:**

13       All documents produced in *Brown v. Google* in response to the following Request for

14   Production (RFP No. 136): "Documents concerning any auto-delete functionality or controls

15   concerning user data, including how such functionality impacts data Google collected while users

16   were in private browsing mode."

17   **REQUEST FOR PRODUCTION NO. 235:**

18       All documents produced in *Brown v. Google* in response to the following Request for

19   Production (RFP No. 137): "Copies of all documents linked to or in any internal Google wikis

20   and sites produced by Google."

21   **REQUEST FOR PRODUCTION NO. 236:**

22       All documents produced in *Brown v. Google* in response to the following Request for

23   Production (RFP No. 163): "Documents concerning the extent to which Google's data privacy

24   policies abide by or conflict with the laws in various jurisdictions in which Google operates,

25   including the EU General Data Protection Regulation 2016/679, the California Consumer Privacy

26   Act (CCPA), and Lei Geral de Proteção de Dados (LGPD)."

27   **REQUEST FOR PRODUCTION NO. 237:**

28       All documents produced in *Brown v. Google* in response to the following Request for

Production (RFP No. 166): "All internal dashboard information for Incognito mode, Google Analytics, and Google Ad Manager."

**REQUEST FOR PRODUCTION NO. 238:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 167): "All internal Google wiki information for Incognito mode, Google Analytics, and Google Ad Manager."

**REQUEST FOR PRODUCTION NO. 239:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 168): "All documents and videos that Google used or uses to educate its employees about Incognito mode, Google Analytics, and Google Ad Manager."

**REQUEST FOR PRODUCTION NO. 240:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 177): "All documents relating to what and how Google's internal dashboards may be used to access any class member data."

**REQUEST FOR PRODUCTION NO. 241:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 218): "Documents sufficient to understand Google's online and mobile advertising business, including:

A. How Google generates revenues and profits from its online and mobile advertising business;

B. How Google promotes its advertising services to potential advertisers;

C. How Google promotes its services to publishers; and

D. How Google's advertisements are priced."

**REQUEST FOR PRODUCTION NO. 242:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 219): "Documents concerning the drivers of demand for Google's online and mobile advertising business, including surveys of advertisers and/or publishers; market studies; market research reports; etc."

**REQUEST FOR PRODUCTION NO. 243:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 220): "Planning documents (e.g., business plans, marketing plans, management presentations) for Google's online and mobile advertising business."

**REQUEST FOR PRODUCTION NO. 244:**

All documents produced in *Brown v. Google* in response to the following Request for Production (RFP No. 225): "Documents sufficient to determine Google's revenue/cost/profit from online and mobile advertising, and the number of such advertisements, on at least the following bases:"

A. By country;

B. By state;

C. By month and year;

D. In total and per advertisement;

E. By bidding type;

F. By desktop versus mobile advertisements;

G. By browser versus mobile app advertisements;

H. By advertisement type (e.g., banner, display, GIF, social, video);

I. By website or application type (e.g., news, adult, social media, retail);

J. By Incognito mode versus non-Incognito mode;

K. By targeted advertisement versus contextual advertisement; and

L. By compensation structure (e.g., impression, click, conversion).

**REQUEST FOR PRODUCTION NO. 245:**

All documents produced in the *Brown v. Google* matter that hit on the following terms: ("WAA" or "sWAA") AND conversion!

**REQUEST FOR PRODUCTION NO. 246:**

All documents produced in the *Brown v. Google* matter that hit on the following terms from *Brown*:

- (merg* OR join*) /10 (("first party" OR "third party") /10 data)

19

- correlate* /5 data
- associate* /5 account
- "consent mode" /5 "beta"
- "block third party cookies"
- ("WAA" or "sWAA") AND conversion!
- block* /10 ("third-party" or "third party") /10 cookie*
- "user data" AND (improv* /5 (product OR products OR service OR service)) AND ("Google Analytics" OR "Google Ad Manager")
- "user data" /20 (improv* /5 (product OR products OR service OR services))
- "user data" AND (benefit* OR (revenue* /5 (ad OR advertising) OR "market power" OR (improv* /5 product*) OR (improv* /5 service*))) AND ("Google Analytics" OR "Google Ad Manager")
- "user data" /20 (benefit* OR (revenue* /5 (ad OR advertising) OR "market power" OR (improv* /5 product*) OR (improv* /5 service*)))
- (merg* OR join*) /10 (("first party" OR "third party") /10 (data OR information OR service*))
- "user data" /s ((improv* OR enhance*) /s (product* OR service*))
- (((control /25 (data OR information)) /10 share*) /10 "with Google") OR ((control /25 (data OR information)) /10 (share* /10 "with Google")) OR (control /25 (((data OR information) /10 share*) /10 "with Google")) OR (control /25 ((data OR information) /10 (share* /10 "with Google"))) OR ((control /25 (data OR information)) /10 (share* /10 "with Google"))
- "user data" AND ((improv* OR enhance*) /s (product* OR service*)) AND (Analytics OR "Ad Manager")
- ((auto OR automatic OR automatically) /3 delete) /15 (user OR consumer) /5 data
- ((user* OR consumer*) /15 (study OR studies)) AND ((think* OR assume* OR assumption OR belief OR believe* OR understand* OR perception OR suspect* OR imagine) /25 (disclosure* OR "privacy policy"))

PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
GOOGLE LLC, SET SEVEN CASE NO.: 3:20-CV-04688-RS

- ((user* OR consumer*) /15 (study OR studies)) AND (privacy /5 expect*)
- (associate* OR association) /15 (user* OR account OR profile*)
- "user data" AND (benefit* OR (revenue* /5 (ad OR advertising) OR "market power" OR (improv* /5 product*) OR (improv* /5 service*))) AND (Analytics OR "Ad Manager")
- (user* OR consumer*) /10 (control OR consent*) /15 data
- "twice baked" OR "twice-baked" OR zwieback OR zwbk OR biscotti OR (GWS /3 (ID or identif*))
- Constellation* AND (convert* OR conversion* OR attribution* OR data OR log*)
- market /5 power /25 (search OR browser* OR ads OR advertising)
- (user /10 (study OR studies)) AND (privacy /5 expectation*)
- (user /10 (study OR studies)) AND ((think OR thinks OR assume OR assumption OR belief OR believe OR understanding OR understand OR perception) /10 (disclosure* OR "privacy policy"))
- "overall mess" AND "data collection, consent, and storage"

Respectfully submitted,

Dated:  February 18, 2022          **SUSMAN GODFREY LLP**

By: */s/ Steven M. Shepard*

Steven M. Shepard (admitted *pro hac vice*)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel.: (212) 336-8330
Fax: (212) 336-8340
sshepard@susmangodfrey.com

Mark C. Mao, CA Bar No. 236165
Beko Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800

21

Fax: (415) 293-6899
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

Jesse Panuccio (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave, NW
Washington, DC 20005
Tel.: (202) 237-2727
Fax: (202) 237-6131
jpanuccio@bsfllp.com

Amanda K. Bonn, CA Bar No. 270891
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA. 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
abonn@susmangodfrey.com

William S. Carmody (admitted *pro hac vice*)
Shawn Rabin (admitted *pro hac vice*)
Alexander P. Frawley (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel.: (212) 336-8330
Fax: (212) 336-8340
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
afrawley@susmangodfrey.com

John A. Yanchunis (admitted *pro hac vice*)
Michael F. Ram CA Bar No. 104805
Ryan J. McGee (admitted *pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602

22

Tel.: (813) 223-5505
jyanchunis@forthepeople.com
mram@forthepeople.com
rmcgee@forthepeople.com

*Attorneys for Plaintiffs*