# EXHIBIT C

| | |
|---|---|
| 1 | **WILLKIE FARR & GALLAGHER LLP** |
| 2 | Benedict Y. Hur (SBN: 224018) |
|  | Simona Agnolucci (SBN: 246943) |
| 3 | Eduardo Santacana (SBN: 281668) |
|  | Amanda Maya (SBN: 324092) |
| 4 | One Front Street, 34th Floor |
| 5 | San Francisco, CA 94111 |
|  | Telephone: (415) 858-7400 |
| 6 | Facsimile: (415) 858-7599 |
|  | bhur@willkie.com |
| 7 | sagnolucci@willkie.com |
|  | esantacana@willkie.com |
| 8 | amaya@willkie.com |
| 9 | Attorneys for |
|  | GOOGLE LLC |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO**

| | |
|---|---|
| ANIBAL RODRIGUEZ, *et al.* individually and on behalf of all other similarly situated, | Case No. 3:20-CV-04688 |
| Plaintiffs, | **DEFENDANT GOOGLE LLC'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS, SET ONE** |
| vs | |
| GOOGLE LLC, *et al*. | |
| Defendant. | Judge: Hon. Richard Seeborg<br>Courtroom: 3, 17th Floor<br>Action Filed: July 14, 2020<br>Trial Date: Not Set |

PROPOUNDING PARTY:   DEFENDANT GOOGLE LLC

RESPONDING PARTY:   PLAINTIFFS ANIBAL RODRIGUEZ, JULIEANNA MUNIZ, ELIZA CAMBAY, SAL CATALDO, EMIR GOENAGA, JULIAN SANTIAGO, HAROLD NYANJOM, KELLIE NYANJOM, AND SUSAN LYNN HARVEY.

SET NO.:   ONE

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Federal Rules") and the Civil Local Rules of the United States District Court for the Northern District of California ("Local Rules"), Defendant Google LLC ("Defendant" or "Google") hereby submits the following requests for production ("Request(s)") to Plaintiffs Anibal Rodriguez, JulieAnna Muniz, Eliza Cambay, Sal

Cataldo, Emir Goenaga, Julian Santiago, Harold Nyanjom, Kellie Nyanjom, and Susan Lynn Harvey ("Plaintiffs"). Each Request is to be read in accordance with the Definitions and Instructions that follow. Responses are due within thirty (30) days of service.

## DEFINITIONS

1. The term "ALL" includes the word "ANY," and vice versa.

2. The term "CLASS PERIOD" means the class period as referenced in paragraph 11 of the First Amended Complaint.

3. "DOCUMENT," "DOCUMENTS," "COMMUNICATION," and "COMMUNICATIONS" when used herein are meant to have the full meaning provided for by the Federal Rules of Civil Procedure, Local Rules, the parties' stipulated ESI Order, and any other applicable authority.

4. The term "INCLUDE" or "INCLUDING" means "include, but not limited to," or "including, but not limited to."

5. The term "PERSON(S)" includes without limitation any natural person, firm, association, organization, partnership, business, trust, corporation, or public entity. Any reference to a PERSON that is a business entity and is not otherwise defined INCLUDES that PERSON's predecessors, if any (INCLUDING any pre-existing PERSON that at any time became part of that entity after merger or acquisition), successors, parents, divisions, subsidiaries, affiliates, franchisors and franchisees, and any other PERSON acting for or on behalf of them.

6. The term "PLAINTIFFS" means the named Plaintiffs in the First Amended Complaint.

7. The terms "CONCERNING," "RELATE," or "RELATING TO" INCLUDE addressing, analyzing, concerning, constituting, containing, commenting on, discussing, describing, identifying, in connection with, referring to, reflecting, relating, relating to, reporting on, stating, or dealing with, in whole or in part, in addition to their customary and usual meanings, and shall be construed in the broadest sense possible.

8. The term "YOU" or "YOUR" means or refers to the named Plaintiffs in the First Amended Complaint, and any of his or their attorneys, agents, representatives, predecessors, successors, assigns, and any PERSON acting or purporting to act on his or their behalf.

## GENERAL INSTRUCTIONS

1. **Responses**: Respond to each Request by producing the requested DOCUMENTS in their entirety, notwithstanding the fact that portions thereof may contain information not requested, along with every family document (such as any appendices, attachments, cover letters, exhibits, and schedules), that is in YOUR possession, custody, or control. If there are no DOCUMENTS in YOUR possession, custody, or control that are responsive to a particular REQUEST, provide a written response stating so.

2. **Construction:** For purposes of reading, interpreting, or construing the scope of the DEFINITIONS, INSTRUCTIONS, and REQUESTS, all of the terms shall be given their most expansive and inclusive interpretation. This INCLUDES the following:

   a) The singular form of a word shall be interpreted as plural and vice versa.
   b) "And," "or," as well as "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request any document that might otherwise be construed to be outside the scope of the Request.
   c) "All," "each," and "any" shall be construed as "all, each, and any."
   d) The masculine form of a word shall be interpreted as and shall include the feminine and vice versa.
   e) The use of a verb in any particular tense shall be construed as the use of the verb in all other tenses as necessary to bring within the scope of the Request any document that might otherwise be construed to be outside the scope of the Request.

3. **Objections**: Each Request shall be responded to fully, unless it is objected to in good faith. In that case, the reason(s) for the objection shall be stated in writing and with particularity. If an objection is to only a portion of the Request, state the objection as to that portion only and respond to any portion of the Request to which YOU do not object.

     a) If YOU claim any ambiguity in interpreting the Request or any of the applicable Instructions or Definitions, each claim shall not be used as a basis for refusing to respond to the Request. In any such circumstance, YOU should set forth as part of YOUR response the language claimed to be ambiguous and the interpretation chosen or used by YOU in responding to the Request and YOU shall respond as fully as possible notwithstanding any claimed ambiguity or objection.

     b) If YOU object to the Request on the ground that it is overly broad, YOU are instructed to produce DOCUMENTS in response as narrowed to conform to YOUR objection and to state in YOUR response (1) how YOU narrowed the Request; and (2) all reason(s) why YOU claim the Request is overly broad.

     c) The fact that a DOCUMENT has been or could be produced by another PERSON does not relieve you of the obligation to produce such DOCUMENT, even if the DOCUMENT in YOUR possession, custody, or control is identical in all respects to the document produced or held by any other PERSON.

4. **Production:** Produce each responsive DOCUMENT and all family documents in accordance with the terms of any agreement between the parties regarding the production of DOCUMENTS.

     a) If any DOCUMENTS are withheld based on an objection to ANY Request, all DOCUMENTS covered by that Request but not subject to the objection should be produced.

     b) DOCUMENTS not otherwise responsive to any of the Requests herein should be produced if such DOCUMENTS are attached to a DOCUMENT or thing called for by these Requests.

     c) Unless otherwise specified, the DOCUMENTS requested include the responsive DOCUMENTS in YOUR actual or constructive possession, control or custody, as well as the responsive DOCUMENTS in the actual or constructive possession, control or custody of YOUR employees, agents, representatives, managers, or any

        other person acting or purporting to act on its behalf, and, unless privileged and such privilege has not been waived, its attorneys.

d) Unless otherwise specified, the DOCUMENTS requested include all responsive DOCUMENTS in your possession, custody, or control consistent with the Federal Rules of Civil Procedure, Local Rules, the parties' stipulated ESI Order, and other applicable authority.

e) DOCUMENTS shall be produced either (a) as they are kept in the usual course of business (in which case they shall be produced in such fashion as to identify the department, branch, or office in whose possession it was located and, where applicable, the natural person in whose possession it was found or the server or central file in which it was found, and the address of each DOCUMENT's custodian(s), or (b) organized and labeled to correspond to the specific Request enumerated in these Requests, with such specific Request identified.

f) In producing DOCUMENTS, YOU are requested to produce a legible copy of each DOCUMENT requested together with all non-identical copies and drafts of that DOCUMENT. YOU shall retain all of the original DOCUMENTS for inspection or copying throughout the pendency of this case, any appeal(s), and any related proceedings.

g) DOCUMENTS should be produced in full, without abbreviation or expurgation, regardless of whether YOU could consider the entire DOCUMENT to be relevant or responsive.

h) In instances where two or more exact duplicates of any DOCUMENT exist, the most legible copy shall be produced.

5. **Privilege Log:** To the extent YOU object to or claim a privilege with respect to any Request in whole or in part, provide the following information for each DOCUMENT and each portion of any DOCUMENT withheld: (a) its Bates Number; (b) its type (e.g., email, memorandum, spreadsheet, text message); (c) any author(s) or sender(s); (d) any recipients; (e) its date; (f) whether it was redacted or withheld; (g) the applicable privilege(s) or protection(s); and (h) a brief

description of why the privilege(s) or protection(s) justify the redaction or withholding. For all persons identified as author(s), sender(s), recipient(s), identify for each person, and whether she is an attorney.

6. **Lost Materials.** If any responsive DOCUMENT was, but no longer is, in YOUR possession, custody, or control, then provide a log that lists for each such DOCUMENT (a) its type (e.g., email, memorandum, spreadsheet, text message); (b) any author(s) or sender(s); (c) any recipients; (d) any persons cc'd; (e) its date; and (f) its subject matter.

7. **Continuing Obligations**. These Requests are to be considered continuing in nature, and YOU must promptly furnish supplemental responses if any additional DOCUMENTS or information is discovered or created after YOUR responses are tendered, or if any of YOUR responses are subsequently determined to be incorrect, incomplete, or misleading in any respect.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

ALL DOCUMENTS supporting YOUR contention in Paragraph 3 of the First Amended Complaint that "G[OOGLE] surreptitiously collected users' personal data using secret software scripts embedded in GOOGLE'S Firebase SDK development platform" other than those which you have already cited in the First Amended Complaint.

**REQUEST FOR PRODUCTION NO. 2:**

Every DOCUMENT YOU relied on in making YOUR allegations in the First Amended Complaint CONCERNING Firebase SDK, including that it contains "secret software scripts" that intercepts users' communications.

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS consisting of your pre-filing investigation.

**REQUEST FOR PRODUCTION NO. 4:**

ALL DOCUMENTS evidencing each Firebase SDK product (Cloud Firestore, Machine Learning, Cloud Functions, Authentication, Hosting, Cloud Storage, Realtime Database, Crashlytics, Performance Monitoring, Test Lab, App Distribution, In-App Messaging, Google Analytics, Predictions, A/B Testing, Cloud Messaging, Remote Config, or Dynamic Links) that

"surreptitiously collected users' personal data using secret software scripts" as alleged in Paragraph 3 of the First Amended Complaint.

Dated:  February 8, 2021                                WILLKIE FARR & GALLAGHER LLP


By: */s/ Benedict Y. Hur*
    Benedict Y. Hur
    Simona Agnolucci
    Eduardo Santacana
    Amanda Maya

*Attorneys for Defendant Google LLC*