UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>GOOGLE LLC,<br><br>　　　　　Defendant. | Case No. 20-cv-04688-RS (AGT)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 237 |

　　　　Google wants two named plaintiffs to produce a log of any communications they had with their trial counsel *after* the complaint was filed, but before they were added to the case through the first amended complaint. Under the governing ESI order, Google isn't entitled to what it seeks.

　　　　This district's model ESI order states that "[c]ommunications involving trial counsel that *post-date* the filing of the complaint need not be placed on a privilege log." Model Order ¶ 8(c) (emphasis added).[1] The parties adopted verbatim this provision in their own stipulated ESI order, which Judge Seeborg signed. *See* Dkt. 73 ¶ 8(b).

　　　　What Google now seeks, a log of any communications that two named plaintiffs had with their trial counsel after the complaint was filed, clearly isn't required by the ESI order. The ESI order states that post-complaint, trial counsel's communications need not be logged.

　　　　Google suggests that ¶ 8(c) in the model order is flawed, because it doesn't account for the fact that in some cases, especially in class actions, new plaintiffs may be added through an amended complaint. And when that happens, Google maintains that the newly added plaintiffs should be treated like the original plaintiffs, meaning that communications they had with trial counsel before they appeared in the case should be included on a privilege log.

---

[1] *See* Model Stipulated Order Re: Discovery of Electronically Stored Info (Standard Cases) (.doc), *available at* https://cand.uscourts.gov/forms/e-discovery-esi-guidelines/ (last visited May 13, 2022).

Google may be right, and perhaps the model ESI order should be amended. But Google is a sophisticated party, and it agreed to adopt ¶ 8(c). No one forced Google to do so. Parties may modify the model order to fit the needs of their case; and Google knows this, as is evident from the fact that it did modify the model order in several respects. *Compare* Dkt. 73 ¶¶ 4–5, 8(a), *with* Model Order ¶¶ 4–5, 8(a)–(b). The undersigned won't now, after the fact, amend the parties' ESI order. Doing so "would upset the parties' relied-upon expectations," as plaintiffs note, dkt. 237 at 6, and Google's second-guessing doesn't warrant such a drastic step.

Plaintiffs need not produce a log of communications they had with their trial counsel after the complaint was filed. To the extent, however, that plaintiffs and their attorneys had any *non-privileged* communications about plaintiffs' "account and device settings," plaintiffs have agreed to produce those communications. *Id.*

**IT IS SO ORDERED.**

Dated: May 13, 2022

ALEX G. TSE
United States Magistrate Judge

2