# EXHIBIT C

**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
  sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
  esantacana@willkie.com
LORI C. ARAKAKI (SBN: 315119)
  larakaki@willkie.com
ARGEMIRA FLOREZ (SBN: 331153)
  aflorez@willkie.com

Attorneys for
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| ANIBAL RODRIGUEZ, individually and on behalf of all other similarly situated,<br><br>　　　　　　　Plaintiffs<br><br>　vs<br><br>GOOGLE LLC,<br><br>　　　　　　　Defendant. | Case No. 3:20-CV-04688<br><br>**DEFENDANT GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS, SET EIGHT (NOS. 247-273)**<br><br>Judge:　　　Hon. Richard Seeborg<br>Courtroom:　3, 17th Floor<br>Action Filed: July 14, 2020<br>Trial Date:　Not Set |

PROPOUNDING PARTY: 　PLAINTIFFS Anibal Rodriguez, Sal Cataldo, Julian Santiago, Harold Nyanjom, and Susan Lynn Harvey

RESPONDING PARTY: 　DEFENDANT Google LLC

SET NO.: 　EIGHT (NOS. 247-273)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Civil Local Rules of the United States District Court for the Northern District of California, Defendant Google LLC hereby objects and responds to Plaintiffs Anibal Rodriguez, Sal Cataldo, Julian Santiago, Harold Nyanjom, and Susan Lynn Harvey ("Plaintiffs") Eighth Set of Requests for Production of Documents (each a "Request" and collectively the "Requests"), Nos. 247–273.

## GENERAL STATEMENT AND GENERAL OBJECTIONS

1. Each of Google's responses is subject to, and incorporates, the following general statement and objections. Google specifically incorporates each of these general objections into its responses to each of Plaintiffs' Requests, whether or not each such general objection is expressly referred to in Google's responses to a specific request.

2. Google's agreement to produce responsive documents or things means only that Google will produce relevant and responsive non-privileged documents or things within its possession, custody, or control that it identifies after a reasonable search and diligent inquiry, and is not a representation that any such documents or things exist.

3. Google objects to the instructions, definitions, and Requests to the extent that they are broader than, or attempt to impose conditions, obligations, or duties beyond those required by the Federal Rules and/or the Local Rules. Google's responses will be provided in accordance with the Federal Rules and the Local Rules. Google further objects that these Requests are overly burdensome given the procedural posture of this case.

4. Google objects to any Request to the extent that it seeks information, documents, or things protected from discovery by: (a) the attorney-client privilege; (b) the attorney work-product doctrine; (c) the common-interest and joint-defense doctrines; and/or (d) any other applicable privilege, doctrine, immunity or protection from disclosure afforded by state or federal law. The

inadvertent production by Google of information protected from disclosure by any privilege or doctrine shall not constitute a waiver by Google of such protections.

5. Google objects to any Request to the extent that it is overbroad, unduly burdensome, compound, and/or oppressive, or purports to impose upon Google any duty or obligation that is inconsistent with or in excess of those obligations that are imposed by the Federal Rules, the Local Rules, or any other applicable rule or Court order. In particular, Google objects to any Request to the extent that it calls for information not relevant to the claims or defenses of the parties, or not proportional to the needs of this case.

6. Google objects to each Request to the extent it is vague, ambiguous, overly broad, or unduly burdensome as to timeframe.

7. Google objects to the instructions, definitions, and Requests to the extent they seek or purport to require the identification of "any," "all," "each," or "every" document, communication, person, entity, or other thing regarding or relating to a particular subject matter, as unduly burdensome, overbroad, and not proportional to the needs of the action.

8. Google objects to any Request to the extent that it seeks the premature disclosure of expert opinions or analysis. Google will disclose its experts' opinions and analyses in accordance with the Federal Rules, Local Rules, and the scheduling order that the Court will set forth.

9. Google objects to any Request to the extent that it purports to attribute any special or unusual meaning to any term or phrase.

10. Google objects to any instruction or Request to the extent that it would impose a duty on Google to undertake a search for, or an evaluation of, information, documents, or things for which Plaintiffs are equally able to search for and evaluate, including documents that are publicly available, in the possession of third parties, and/or are already in the possession of Plaintiffs.

11. Subject to the objections stated in these responses, and to the extent that Google has agreed to produce responsive documents or things, Google will produce such documents or things, to the extent they exist and are identified after a reasonable and diligent search, at a date and location to be agreed upon by counsel and in accordance with the scheduling order in this action.

12. Google objects to any instruction or Request as unduly burdensome and oppressive to the extent that it seeks documents or things which Google does not track and prepare in the regular course of business. An agreement by Google to produce a document or things for purposes of this action does not waive this objection.

13. Google objects to the Requests to the extent they seek confidential, proprietary, or trade secret information of third parties.

14. Google's objections and responses to these Requests are not intended to waive or prejudice any objections Google may assert now or in the future, including, without limitation, objections as to the relevance of the subject matter of any Request, or as to the admissibility of any information or category of information at trial or in any other proceedings. Google expressly reserves any and all rights and privileges under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules, and any other applicable laws or rules, and the failure to assert such rights and privileges or the inadvertent disclosure by Google of information protected by such rights and privileges shall not constitute a waiver thereof, either with respect to these responses or with respect to any future discovery responses or objections.

15. Google objects to Plaintiffs' "Definitions" and to any Request to the extent they purport to give meaning or legal significance to a document, fact, or purported fact whose meaning or significance is subject to dispute between the parties. Google's responses to each of Plaintiffs' Requests shall not constitute an admission or concession to any of the definitions, terms, and

phrases used therein. By responding to any Request, Google does not concede the relevance or admissibility of any of the information provided.

16. By responding to any Request, Google does not assume the burden of persuasion or burden of production as to any issue therein.

17. Google has responded to the Requests as it interprets and understands them. If Plaintiffs subsequently assert an interpretation of any Request that differs from Google's understanding of that Request, Google reserves the right to supplement its objections and/or responses.

18. Discovery in this matter is ongoing. Accordingly, Google reserves the right to change, amend, or supplement any or all of the matters contained and/or documents produced pursuant to these responses as Google's investigation continues, additional facts are ascertained, analyses are made, research is completed, and additional documents are subsequently discovered, collected, and/or reviewed.

**OBJECTIONS TO DEFINITIONS**

19. Google objects to the definition of the terms "GOOGLE," "YOU," and "YOUR" as incomprehensible. Google construes GOOGLE, YOU, and YOUR to mean Google LLC. Google further objects to this definition to the extent that it purports to include forms of information not discoverable under the Federal Rules, the Local Rules, or any other applicable authority.

20. Google objects to the definition of "ALL" as overbroad and nonsensical.

21. Google objects to the definition of the terms "AUTHENTICATED DATA" and "UNAUTHENTICATED/PSEUDONYMOUS DATA" as vague, ambiguous, unintelligible, and/or unrelated to this case. Plaintiffs appear to have used terminology that relates to other litigation in which Plaintiffs' counsel are involved, but that has no bearing in this case.

22. Google objects to the definition of "CLASS PERIOD" as vague, ambiguous, and overbroad. Plaintiffs' definition of the class period in this case is circular and legally impermissible.

23. Google objects to the definition of "CONCERNING,", "ASSOCIATED," "RELATE," and "RELATING TO" as overbroad, oppressive, and circular.

24. Google objects to the definition of "DOCUMENT" and "DOCUMENTS" as overbroad and unduly burdensome.

25. Google objects to the definition of the terms "FINGERPRINTING" as vague, ambiguous, and/or unrelated to this case.

26. Google objects to the definition of the terms "INCLUDE" or "INCLUDING" as circular and vague.

27. Google objects to the definition of "USER" as ambiguous, overbroad, unduly burdensome, and partially irrelevant, including because it purports to incorporate the vague, ambiguous, and overbroad term "service" without limitation, and also purports to include applications that use Firebase SDK writ large.

28. Google objects to the definition of the terms "WAA OFF DATA" as ambiguous, overbroad, unduly burdensome, and partially irrelevant, including because it purports to seek "data generated by a user's use of non-GOOGLE apps that employ or embed any GOOGLE service" without limitation to the services at issue in this action.

29. Google objects to the definition of "WEB & APP ACTIVITY" as vague and ambiguous. Google construes "Web & App Activity" and "WAA" to mean the account-level setting called Web & App Activity.

**RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 247:**

**REQUEST FOR PRODUCTION NO. 258:**

Please produce all DOCUMENTS relating to any efforts by GOOGLE to study, analyze, or quantify the financial impact to GOOGLE of any GOOGLE feature that limited or stopped GOOGLE from collecting, saving, or using information from USERS' activity on non-GOOGLE websites or apps.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 258:**

Google incorporates its general responses and objections as set forth above. Google objects to Request No. 258 as vague and ambiguous as to several undefined terms and phrases susceptible to multiple meanings. For purposes of this response, Google construes "Google" to mean Google LLC.

Google also objects to this request as vague, ambiguous, and confusing as to the use of the undefined phrases "any efforts," "study, analyze, or quantify," "financial impact," "limited or stopped," and "collecting, saving, or using information."

Google further objects to Request No. 258 as overbroad, unduly burdensome, and abusive to the extent that it seeks " DOCUMENTS relating to any efforts by GOOGLE to study, analyze, or quantify the financial impact to GOOGLE of any GOOGLE feature that limited or stopped GOOGLE from collecting, saving, or using information from USERS' activity on non-GOOGLE websites or apps" without limitation to those relating to data sent to Google by third-party app developers after collection, if any, through GA for Firebase, Cloud Messaging, or AdMob—i.e. concerning, Plaintiff's theory of wrongdoing in the Third Amended Complaint

Google further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Google responds that it is willing to meet and confer on any appropriate scope of this request.

**REQUEST FOR PRODUCTION NO. 259:**

Please produce all DOCUMENTS relating to any efforts by GOOGLE to study, analyze, or quantify the financial benefit to GOOGLE from collecting, saving, or using information from USERS' activity on non-GOOGLE websites or apps. This Request includes all DOCUMENTS relating to the "monitoring system" "AdMob has built" to "reveal the ads-related reporting discrepancy, notably ad impressions, ad clicks and ad revenue, between AdMob and GA Gold." GOOG-RDGZ-00071443. This Request also includes all DOCUMENTS relating to the "measurement_metrics.apps_top_customers_sdk_segment" "data table"; the "go/apps-gold-adoption-revenue dashboard"; and the "plx.corp.google.com/table/measurement_metrics.gold_apps_revenue_funnel." GOOG-RDGZ-00106243 at -44.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 259:**

Google incorporates its general responses and objections as set forth above. Google further objects to Request No. 259 as vague and ambiguous as to several undefined terms and phrases susceptible to multiple meanings. For purposes of this response, Google construes "Google" to mean Google LLC. Google further objects to this request as vague, ambiguous, and confusing as to "study, analyze, or quantify" and "financial benefit," and "collecting, saving, or using information." Google further objects to this request to the extent it mischaracterizes statements made in GOOG-RDGZ-00071443 and GOOG-RDGZ- 00106243.

Google further objects to this request as overly broad, unduly burdensome, and abusive to the extent it seeks "*all* DOCUMENTS relating to *any* efforts by GOOGLE to study, analyze, or quantify the financial benefit to GOOGLE from collecting, saving, or using information from USERS' activity on non-GOOGLE websites or apps," without limitation to data sent to Google by third-party app developers after collection, if any, through GA for Firebase—i.e. concerning Plaintiff's theory of wrongdoing in the Third Amended Complaint (emphasis added).

Google further objects to this request to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or the common-interest and joint defense doctrines.

Subject to and without waiving the foregoing objections, Google responds that it is willing to meet and confer on any appropriate scope of this request

**REQUEST FOR PRODUCTION NO. 260:**

Please produce DOCUMENTS sufficient to determine the revenue and profits that GOOGLE receives from providing GOOGLE services on non-GOOGLE apps (e.g., Firebase, AdMob), including:

    a.    The amount of those revenue and profits by year and month;

    b.    The amount of those revenue and profits specific to both the United States and California.

    c.    The amount of those revenue and profits attributable to each of ads, in-app purchases, and cloud services

    d.    How those revenue and profits are and have been generated;

    e.    How those revenue and profits are and have been accounted for within the profit and costs centers of GOOGLE, including for specific GOOGLE products, services, teams, and accounting units; and

    f.    The amount of those revenue and profits attributed to the profit and costs centers of GOOGLE, including for specific GOOGLE products, services, teams, and accounting units, described by year and month.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 260:**

Google incorporates its general responses and objections as set forth above. Google objects to Request No. 260 as vague and ambiguous as to several undefined terms and phrases susceptible to