# EXHIBIT A

| | |
|---|---|
| Mark C. Mao, CA Bar No. 236165<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>**BOIES SCHILLER FLEXNER LLP**<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>mmao@bsfllp.com<br>brichardson@bsfllp.com | Bill Carmody (admitted *pro hac vice*)<br>Shawn J. Rabin (admitted *pro hac vice*)<br>Steven M. Shepard (admitted *pro hac vice*)<br>Alexander P. Frawley<br>(admitted *pro hac vice*)<br>**SUSMAN GODFREY L.L.P.**<br>1301 Avenue of the Americas,<br>32nd Floor<br>New York, NY  10019<br>Tel.: (212) 336-8330<br>bcarmody@susmangodfrey.com<br>srabin@susmangodfrey.com<br>sshepard@susmangodfrey.com<br>afrawley@susmangodfrey.com |
| Jesse Panuccio (admitted *pro hac vice*)<br>**BOIES SCHILLER FLEXNER LLP**<br>1401 New York Ave, NW<br>Washington, DC 20005<br>Tel.: (202) 237-2727<br>Fax: (202) 237-6131<br>jpanuccio@bsfllp.com | |
| Amanda K. Bonn, CA Bar No. 270891<br>**SUSMAN GODFREY L.L.P**<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel: (310) 789-3100<br>Fax: (310) 789-3150<br>abonn@susmangodfrey.com | John A. Yanchunis (admitted *pro hac vice*)<br>Ryan J. McGee (admitted *pro hac vice*)<br>Michael F. Ram (admitted *pro hac vice*)<br>Ra  O. Amen (admitted *pro hac vice*)<br>**MORGAN & MORGAN**<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel.: (813) 223-5505<br>jyanchunis@forthepeople.com<br>rmcgee@forthepeople.com<br>mram@forthepeople.com<br>ramen@forthepeople.com |
| *Attorneys for Plaintiffs* | |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIBAL RODRIGUEZ, JULIEANNA MUNIZ, ELIZA CAMBAY, SAL CATALDO, EMIR GOENAGA, JULIAN SANTIAGO, HAROLD NYANJOM, KELLIE NYANJOM, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,<br><br>             Plaintiffs,<br><br> vs.<br><br> GOOGLE LLC,<br><br>             Defendant. | Case No.:  3:20-cv-04688<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL**<br><br>The Honorable Alex G. Tse<br>Courtroom A – 15th Floor<br>Trial Date: Not Yet Set |

**[PROPOSED] ORDER**

Before the Court is the parties' joint letter brief regarding Plaintiffs' motion to compel Google to produce documents and data in response to Requests for Productions Nos. 255, 266, and Interrogatory Nos. 13-14 (the "Motion"). Plaintiffs' Motion is **GRANTED.**

As a threshold matter, the Court has not considered Exhibit E to the Motion, which is a declaration from Google employee Nevin Kapur. Plaintiffs point out that Mr. Kapur was not disclosed under Rule 26, and Google does not suggest otherwise. Google therefore may not rely on that "witness to supply evidence on a motion." Fed. R. Civ. P. 37(c)(1).

As for the substance, the dispute breaks down into two categories.

First, Plaintiffs seek information relating to logs and fields that Google uses to track WAA and sWAA status, including by way of bits or fields that indicate whether specific data was generated while (s)WAA status "off." Google admits that such bits and fields exist, and Google does not deny that they can be found within logs that contain or leverage Firebase data. Plaintiffs seek to use this information to craft a proposal for Google to search for and produce data from these logs, so that Plaintiffs' experts may evaluate that data.

Google principally contends that complying with Plaintiffs' requests would be unduly burdensome. But Google has not made any compromise proposal, such as to limit its responses to logs or fields that contain app-activity data. Google instead seeks to limit discovery to four logs, none of which has a bit or field that specifically indicates (s)WAA status. Google has also refused to entertain a factual stipulation, which Plaintiffs proposed to narrow and/or moot this dispute.

Given Plaintiffs' efforts to narrow this dispute, and Google's refusal to propose any compromise, the Court is not persuaded by Google's burden argument. Google is ordered to either (1) accept the factual stipulation that Plaintiffs proposed, or (2) identify and describe all logs that (A) contain a field which tracks (s)WAA status, and (B) contain or leverage app-activity data. For this second option, the Court below provides guidance to limit the burden to Google.

The second dispute relates to Google dashboards. Through their review of documents, Plaintiffs have identified four specific dashboards that, on their face, appear to contain and/or track

aggregate metrics specific to WAA-off data. For each of these four dashboards, Plaintiffs merely seek screenshots showing all the ways in which they can be queried. Google has made such a production for one of the four dashboards, but not the other three. Google does not claim that it is incapable of producing such screenshots for the other three, or that it would be burdensome to do so. Google is therefore ordered to make such a production for each of the three remaining dashboards.

In summary, the Court **ORDERS** as follows.

Within three business days of this Order, Google shall inform Plaintiffs whether it has chosen to (1) accept the factual stipulation that Plaintiffs proposed, or (2) identify and describe all logs that (A) contain at least one field which tracks (s)WAA status, and (B) contain or leverage app-activity data. If Google chooses the second option, Google need only provide:

- The names of all such logs
- A schema for all such logs showing all fields within the log, including any field or bit that tracks (s)WAA status. For each log, Google should specify which field(s) tracks (s)WAA status.
- Any proto buffer comments for any field that indicates (s)WAA status

In addition, within three business days of this Order, Google must produce screenshots showing all the ways in which the following three dashboards can be queried: Magic Eye, d***av, and R***a.

**IT IS SO ORDERED.**

DATED: _____    _____

Honorable Alex G. Tse
United States Magistrate Judge

3