# EXHIBIT D

**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
  sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
  esantacana@willkie.com
LORI C. ARAKAKI (SBN: 315119)
  larakaki@willkie.com
ARGEMIRA FLOREZ (SBN: 331153)
  aflorez@willkie.com

One Front Street, 34th Floor
San Francisco, CA 94111
Telephone:  (415) 858-7400
Facsimile:   (415) 858-7599

Attorneys for Defendant
GOOGLE LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO**

| | |
|---|---|
| ANIBAL RODRIGUEZ AND JULIE ANNA MUNIZ, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE LLC, *et al.*,<br><br>Defendant. | Case No. 3:20-CV-04688<br><br>**DEFENDANT GOOGLE LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET SIX**<br><br>Judge:       Hon. Richard Seeborg<br>Courtroom: 3, 17th Floor<br>Action Filed: July 14, 2020 |

PROPOUNDING PARTY:   PLAINTIFFS ANIBAL RODRIGUEZ AND JULIEANNA MUNIZ

RESPONDING PARTY:    DEFENDANT GOOGLE LLC

SET NO.:    SIX

**HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("Federal Rules"), Defendant Google LLC hereby submits its objections and responses to Plaintiffs' Sixth Set of Interrogatories.

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

1. Each of Google's responses is subject to, and incorporates, the following general objections. Google specifically incorporates each of these general objections into its responses to each of Plaintiffs' Interrogatories, whether or not each such general objection is expressly referred to in Google's responses to a specific Interrogatory.

2. Google objects to the instructions, definitions, and Interrogatories to the extent that they are broader than, or attempt to impose conditions, obligations, or duties beyond those required by the Federal Rules and/or the Local Rules. Google's responses will be provided in accordance with the Federal Rules and the Local Rules.

3. Google objects to any Interrogatory to the extent that it is overbroad, unduly burdensome, compound, and/or oppressive, or purports to impose upon Google any duty or obligation that is inconsistent with or in excess of those obligations that are imposed by the Federal Rules, the Local Rules, or any other applicable rule or Court order. In particular, Google objects to any Interrogatory to the extent that it calls for information not relevant to the claims or defenses of the parties, or not proportional to the needs of this case.

4. Google objects to each Interrogatory to the extent it is vague, ambiguous, overly broad, or unduly burdensome as to time frame.

5. Google objects to each Interrogatory to the extent that it purports to attribute any special or unusual meaning to any term or phrase.

6. Google objects to each Interrogatories to the extent they seek confidential, proprietary, or trade secret information of third parties.

**HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY**

7. Google's objections and responses to these Interrogatories are not intended to waive or prejudice any objections Google may assert now or in the future, including, without limitation, objections as to the relevance of the subject matter of any Interrogatory, or as to the admissibility of any information or category of information at trial or in any other proceedings. Google expressly reserves any and all rights and privileges under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules, and any other applicable laws or rules, and the failure to assert such rights and privileges or the inadvertent disclosure by Google of information protected by such rights and privileges shall not constitute a waiver thereof, either with respect to these responses or with respect to any future discovery responses or objections.

8. Google has responded to the Interrogatories as it interprets and understands them. If Plaintiffs subsequently assert an interpretation of any Interrogatory that differs from Google's understanding of that Interrogatory, Google reserves the right to supplement its objections and/or responses. Google objects to each and every one of the purported Instructions as unduly burdensome and inconsistent with the Federal Rules and Local Rules.

9. Discovery in this matter is ongoing. Accordingly, Google reserves the right to change, amend, or supplement any or all of the matters contained in these responses as Google's investigation continues, additional facts are ascertained, analyses are made, research is completed, and additional documents are subsequently discovered, collected, and/or reviewed.

**OBJECTIONS TO DEFINITIONS**

10. Google objects to the definition of the terms "GOOGLE," "YOU," and "YOUR" as incomprehensible. Google construes GOOGLE, YOU, and YOUR to mean Google LLC. Google further objects to this definition to the extent that it purports to include forms of information not discoverable under the Federal Rules, the Local Rules, or any other applicable authority.

11. Google objects to the definition of "ALL" as overbroad and nonsensical.

**HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY**

12. Google objects to the definition of the terms "AUTHENTICATED DATA" and "UNAUTHENTICATED/PSEUDONYMOUS DATA" as vague, ambiguous, unintelligible, and/or unrelated to this case. Plaintiffs appear to have used terminology that relates to other litigation in which Plaintiffs' counsel are involved, but that has no bearing in this case.

13. Google objects to the definition of "CLASS PERIOD" as vague, ambiguous, and overbroad. Plaintiffs' definition of the class period in this case is circular and legally impermissible.

14. Google objects to the definition of the terms "DESCRIBE," "DESCRIPTION," "CONCERNING," "ASSOCIATED," and "RELATING TO" as overbroad, oppressive, and circular.

15. Google objects to the definition of the terms "FINGERPRINTING" as vague, ambiguous, and/or unrelated to this case.

16. Google objects to the definition of the terms "INCLUDE" or "INCLUDING" as circular and vague.

17. Google objects to the definition of "USER" as ambiguous, overbroad, unduly burdensome, and partially irrelevant, including because it purports to incorporate the vague, ambiguous, and overbroad term "service" without limitation, and also purports to include applications that use Firebase SDK writ large.

18. Google objects to the definition of the terms "WAA OFF DATA" as ambiguous, overbroad, unduly burdensome, and partially irrelevant, including because it purports to seek "data generated by a user's use of non-GOOGLE apps that employ or embed any GOOGLE service" without limitation to the services at issue in this action.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 12:**

Subject to and without waiving the foregoing objections, Google responds as follows: From July 27, 2016 to July 27, 2020, 303,711,919 active Google Accounts in the United States turned off the Web & App Activity setting for any period of any time.

**INTERROGATORY NO. 13:**

Please IDENTIFY and DESCRIBE every GOOGLE dashboard, bit, field, or tracking tool that currently contains or previously during the CLASS PERIOD contained any information related to the WEB & APP ACTIVITY status (e.g., disabled vs. enabled, including for WAA and/or sWAA) of any GOOGLE Account, including aggregated statistics. This Request includes a DESCRIPTION of all information available (or previously available) from that dashboard, bit, field, or tracking tool. This Interrogatory includes any dashboard, bit, field, or tracking tool that includes or included information regarding revenues associated with traffic according to WEB & APP ACTIVITY status.

**RESPONSE TO INTERROGATORY NO. 13:**

Google objects to this Interrogatory as vague and ambiguous as to several undefined terms and phrases susceptible to multiple meanings.  For purposes of this response, Google construes "Google" to mean Google LLC and "WAA" to mean the account-level setting called Web & App Activity.  Google additionally objects to this Interrogatory as vague, ambiguous, and confusing as to the use of the undefined phrase "dashboard, bit, field, or tracking tool" and "status . . . of any Google Account, including aggregated statistics."  Google further objects to this Interrogatory as overbroad, unduly burdensome, and abusive to the extent it seeks information that is not relevant to any claim or defense in this Action, including because it seeks information concerning "*every* Google dashboard, bit, field, or tracking tool" containing "*any* information related to the Web & App Activity status of *any* Google account" without limitation to data sent to Google by third-party app developers after collection, if any, through GA for Firebase, Cloud Messaging, or AdMob—i.e. concerning, Plaintiff's theory of wrongdoing in the Third Amended Complaint. Google further objects to this

Interrogatory or overbroad and unduly burdensome to the extent that Google does not have a central source of dashboards or tracking tools. Google further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Google responds as follows: Google maintains the "My Activity Metrics" dashboard, which provides certain measurements of Google account interactions with the Web & App Activity setting; the "Web & App Activity Log," which tracks Web & App Activity on-and-off events for all Google Account IDs on an individual level; and the "User Attributes" table, which contains information about a user's Google Account settings, including their Web & App Activity setting.

**INTERROGATORY NO. 14:**

Please IDENTIFY every data source (including logs) that includes or during the CLASS PERIOD included WAA OFF DATA. For each such data source, please include a list of field names and descriptions, the retention period, and how such data sources are used.

**RESPONSE TO INTERROGATORY NO. 14:**

Google objects to this Interrogatory as vague and ambiguous as to several undefined terms and phrases susceptible to multiple meanings. For purposes of this response, Google construes "Google" to mean Google LLC and "WAA" to mean the account-level setting called Web & App Activity. Google additionally objects to this Interrogatory as vague, ambiguous, and confusing as to the use of THE undefined phrases "every data source (including logs)," and "how such data sources are used."

Google further objects to this Interrogatory as overbroad, unduly burdensome, and abusive to the extent it seeks data sources without limitation to data sent to Google by third-party app

**HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY**

developers after collection, if any, through GA for Firebase, Cloud Messaging, or AdMob—i.e. concerning, Plaintiff's theory of wrongdoing in the Third Amended Complaint.

Google further objects to this Interrogatory as overbroad, unduly burdensome, and compound because it seeks an identification of every "data source (including logs)" without a clear definition of what Plaintiffs consider to qualify as a "data source."

Google further objects to this Interrogatory as overbroad, unduly burdensome, and abusive to the extent it seeks information regarding all uses of "WAA OFF DATA" without limitation to data sent to Google by third-party app developers after collection, if any, through GA for Firebase—i.e. concerning Plaintiff's theory of wrongdoing in the Third Amended Complaint.

Google further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing, Google responds as follows:

Google has already provided to Plaintiffs exacting detail of its main logs associated with the transmission of app-interaction / measurement data to Google via Google Analytics for Firebase when a user has turned WAA to "off," *inter alia*, in response to Plaintiffs' Interrogatory No. 1. Google has also provided samples of those primary logs that store the transmitted data, and is investigating further potential data sources that may contain such data. Google states, however, that it is not practical or relevant to account for every single potential data source (including logs) that may contain such data because there are various downstream users of the pseudonymous data and aggregate pseudonymous data described in response to Plaintiffs' Interrogatory No. 1. Nevertheless, the policies in place as described in response to Interrogatory No. 1, including the policies that forbid the re-association of pseudonymous data with personal identifiers, apply to all such downstream users of the data.

**INTERROGATORY NO. 15:**