**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
Erika Nyborg-Burch, CA Bar No. 342125
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com
enyborg-burch@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 995-5720
alanderson@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | CASE NO.: 3:20-cv-04688-RS<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE**<br><br>**(CIVIL LOCAL RULE 16-2)**<br><br>Judge: Hon. Richard Seeborg<br>Courtroom 3 – 17th Floor<br>Date: December 1, 2022<br>Time: 1:30 p.m. |

**NOTICE OF MOTION AND**
**MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

      PLEASE TAKE NOTICE that on December 1, 2022 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 3, 17th Floor, 450 Golden Gate Avenue, San Francisco, California, before the Honorable Richard Seeborg, the undersigned Plaintiffs will and hereby do move the Court, pursuant to Federal Rule of Civil Procedure 16 and Northern District of California Civil Local Rules 16-2 and 7-2, for an Order modifying the current Case Management Order in the instant 1ctionn (Dkt. 246) by extending all deadlines three months. Plaintiffs seek to extend the operative fact discovery deadline from October 31, 2022, to January 31, 2023, and to similarly change the remaining deadlines in the Case Management Order so that Plaintiffs can obtain the relevant discovery they have long-sought and that Defendant Google has so far delayed and withheld. This Motion is based upon this Notice and Motion, the following Memorandum of Points and Authorities, the Declaration of Mark Mao and exhibits attached thereto, other materials in the record, argument of counsel, and such other matters as the Court may consider.

**ISSUE PRESENTED**

      Whether the Court should grant Plaintiffs' three-month extension request for relief from the Case Management Order (Dkt. 246) under the good cause standard where Plaintiffs have diligently and persistently sought discovery from Google, where Google does not dispute that additional document production and depositions will occur after the current fact discovery deadline, where there are other discovery disputes outstanding, and where Plaintiffs' inability to complete discovery by the current October 31, 2022 deadline is the result of Google's refusal to timely produce relevant discovery?

**RELIEF REQUESTED**

      Plaintiffs respectfully ask the Court to enter the proposed scheduling order accompanying this Motion, which extends all case deadlines by three months.

1

1

**TABLE OF CONTENTS**

2

**PAGE**

INTRODUCTION ............................................................................................................ 1

LEGAL STANDARD ...................................................................................................... 3

FACTUAL BACKGROUND .......................................................................................... 4

ARGUMENT .................................................................................................................. 8

I.    Plaintiffs Have Diligently Pursued Discovery and Google has Caused
       Delay........................................................................................................ 8

       A.    Plaintiffs Have Diligently Pursued Discovery in this Case......................... 8

       B.    Google Has Caused Delay......................................................................... 9

II.   Good Cause Exists For a Three-Month Extension of the Discovery and
       Expert Disclosure Deadlines. ................................................................. 11

       A.    More Time is Needed to Conduct Further Discovery. .............................. 11

       B.    A Three-Month Extension is Appropriate................................................. 12

       C.    All Other Factors Weigh In Favor of Granting the Requested
             Extension. .............................................................................................. 13

       D.    Plaintiffs' Forthcoming Motion to Amend Does Not Impact the
             Relief Requested In this Motion.............................................................. 15

CONCLUSION .............................................................................................................. 15

i

1

# TABLE OF AUTHORITIES

2

**Cases**                                                                                    **Page(s)**

3

*Calloway v. Scribner*
4
   2014 WL 1317608 (E.D. Cal. Mar. 27, 2014) ..........................................................................14

5

*Fishon v. Premier Nutrition Corp.*
   2022 WL 958378 n.1 (N.D. Cal. Mar. 30, 2022) .....................................................................4
6

*Green v. City & Cty. of San Francisco*
7
   2018 WL 6181572 (N.D. Cal. Nov. 27, 2018) .........................................................................15

8

*In re Cathode Ray Tube (CRT) Antitrust Litig.*
9
   2014 WL 5462496 (N.D. Cal. Oct. 23, 2014) ..................................................................4, 8, 11

10

*In re TFT-LCD (Flat Panel) Antitrust Litig.*
   2011 WL 2837405 (N.D. Cal. July 18, 2011) .........................................................................12
11

*Johnson v. Mammoth Recreations, Inc.*
12
   975 F.2d 604 (9th Cir. 1992) ...................................................................................................4

13

*Lujan v. Nat'l Wildlife Fed.*
   497 U.S. 871 (1990) .................................................................................................................3
14

*Noyes v. Kelly Servs.*
15
   488 F.3d 1163 (9th Cir. 2007) ...............................................................................................14

16

*Orozco v. Midland Credit Mgmt. Inc.*
17
   2013 WL 3941318 (E.D. Cal. July 30, 2013) ..........................................................................8

18

*Woodard v. City of Menlo Park*
   2012 WL 2119278 (N.D. Cal. June 11, 2012) ........................................................................14
19

20

**Rules**
21

22
Fed. R. Civ. P. 16(b)(4) ...........................................................................................................1, 4

23
Fed. R. Civ. P. 26 ......................................................................................................................14

24
Civil Local Rule 6-3 ..................................................................................................................13

25
Civil Local Rule 7-2 ...................................................................................................................1

26
Civil Local Rule 16-2 .............................................................................................................1, 13

27
Civil Local Rule 16-2(d) .............................................................................................................4

28

PLAINTIFFS' MOTION FOR RELIEF FROM                    CASE NO. 3:20-CV-04688
CASE MANAGEMENT SCHEDULE

1

**Other Authorities**

2

6A Fed. Prac. & Proc. Civ. § 1522.2 (3d ed.) ................................................................14

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

iii

# INTRODUCTION

Pursuant to Federal Rule 16(b)(4) and Local Rules 16-2 and 7-2, Plaintiffs respectfully seek a three-month extension of the deadlines in the Case Management Schedule (Dkts. 59, 126, 180, 215, 244, 246) to complete fact discovery and meet the other deadlines.

Google does not dispute that additional time is needed to complete certain fact discovery. Google has agreed to produce additional documents and data and schedule depositions after October 31, 2022 (the current fact discovery deadline). But Google has refused to extend that fact discovery deadline and meanwhile opposed and obstructed much of Plaintiffs' discovery efforts, especially since the parties' last stipulation to extend deadlines. Dkt. 246. For example:

1. Google has not yet produced data and documents responsive to discovery requests that Plaintiffs served in May 2022 that concern Google's storage and use of WAA-off data. Despite five meet and confers and receiving Plaintiffs' portion of the joint dispute letter in August 2022, Google took more than a month to provide its responsive portion (after repeated requests from Plaintiffs in the interim), delaying Plaintiffs' efforts to raise those disputes with the Court. Google's delay has in turn prevented Plaintiffs from finalizing a data production proposal to Google, which may then require further negotiations before Google produces that relevant data.

2. Google witnesses that Plaintiffs identified and timely requested depositions for are not available for testimony until at least November, including Dan Stone (confirmed for November 15), and Rahul Oak (Google has not yet provided or confirmed any date, but Google has stated this will not be at least until November).

3. Google recently substituted an undisclosed witness for an upcoming Rule 30(b)(6) deposition focused on relevant revenue topics. Because the new Google witness was previously undisclosed and not a custodian, Plaintiffs sought limited custodial documents from her files prior to the deposition. Google agreed to limited search terms, with production expected at the end of this month, and Google has offered the deposition for mid-to-late November.

4. Google has refused to provide its position on document requests Plaintiffs served in September, instead offering only to meet and confer. During the meet-and-confer, Google still did not state whether it would produce any documents in response to the requests. The requests at issue are targeted and focused on discrete issues, and Plaintiffs intend to raise this issue with the Magistrate Judge.

5. Plaintiffs identified four deponents beyond the presumptive 10-deponent limit (for a total so far of just 14 depositions in this complex case involving a defendant with over 100,000 employees), which Google wholesale opposes, even where Plaintiffs have offered to limit the extra depositions to 3.5 hours each.

6. Plaintiffs on October 7 sent Google a letter identifying numerous deficiencies with respect to Google's privilege log, which Google only completed on September 6. Google still has not yet responded to that letter. Plaintiffs expect that it will take additional time to work through these privilege issues.

7. Recent depositions have confirmed the need for certain follow-up productions and possibly additional depositions. In one recent deposition, a former Google employee confirmed that Google conducted certain revenue impact studies related to WAA, but Google did not identify as custodians (or under Rule 26) the employees who managed those relevant studies. This information came to light only after Google told the Court that it was unable to find any WAA-focused revenue analyses. Dkt. 247. That discovery is relevant to both liability and damages.

The need for a three-month extension is straightforward—Google has failed to timely provide the discovery that Plaintiffs have repeatedly sought. Google has agreed to extensions in the past and conceded that at least some of the above discovery will need to occur after the current fact discovery deadline, but Google for some reason seeks to oppose this request.

2

1    Plaintiffs do not currently anticipate serving new discovery regarding the claims in the

2    operative complaint.[1] The only issue at this point is obtaining the requested discovery from

3    Google. While Google's concession of its delay is a good first step, that delay has nevertheless

4    prejudiced Plaintiffs' ability to fully develop the factual and technical records Plaintiffs intend to

5    rely on for class certification and trial.

6    Plaintiffs have worked diligently to move discovery disputes forward with Magistrate

7    Judge Tse, and have appreciated the Court's assistance with these disputes. Google has also slowed

8    down that process, often taking weeks to provide its responses to letter briefs. Google's delay has

9    persisted throughout this case and the need for relief is only the latest example of Google's

10   designed delay. *See*, *e.g.*, Dkts. 125, 153, 214, 243, 245. Plaintiffs have diligently raised concerns

11   about the lack of progress with discovery, and Google has in turn delayed resolution of these

12   discovery disputes. Declaration of Mark C. Mao In Support of Plaintiffs' Motion for Relief from

13   Case Management Schedule (hereinafter "Mao Declaration") ¶ 5.

14   Google should not be rewarded for this gamesmanship, which would in turn prejudice

15   Plaintiffs and putative class members. Google's continued slow-rolling of discovery and dragging

16   its feet serves to squeeze Plaintiffs and push them across the finish line without relevant discovery

17   withheld by Google. Plaintiffs have been diligent and good cause exists for the requested

18   extension.

19                                    **LEGAL STANDARD**

20   The Court has "extensive flexibility to modify the fixed time periods found throughout the

21   rules, whether the enlargement is sought before or after the actual termination of the allotted time."

22   *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 906 n.7 (1990) (quotation marks and citation omitted).

23   Under the Local Rule 16-2 factors applicable here, the movant must: (1) describe the circumstances

24

25   [1] This is, of course, subject to a review of the documents Google has not produced and witnesses
     who have not testified. If the documents or testimony reveal new information relevant to this case,
26   Plaintiffs might pursue targeted discovery related to those discrete topics. Plaintiffs also intend to
     move for leave to amend their complaint in the coming days, which may require some additional
27   targeted discovery. But this extension is necessary irrespective of the outcome of Plaintiffs'
     anticipated motion for leave to amend.
28

3

1   which support the request; (2) affirm that counsel for the moving party has conferred with all other

2   counsel in an effort to reach agreement about the matter and, for each other party, report whether

3   that party supports or opposes the request for relief; (3) be accompanied by a proposed revised

4   case management schedule; and (4) indicate any changes required in the schedule in the case. N.D.

5   Cal. LR 16-2(d). "Rule 16 provides '[a] schedule may be modified only for good cause and with

6   the judge's consent.'" *Fishon v. Premier Nutrition Corp*., 2022 WL 958378, *1 n.1 (N.D. Cal.

7   Mar. 30, 2022) (Seeborg, J.) (quoting Fed. R. Civ. P. 16(b)(4)); *see also In re Cathode Ray Tube*

8   *(CRT) Antitrust Litig*., 2014 WL 5462496, at *3 (N.D. Cal. Oct. 23, 2014) (noting that scheduling

9   orders may be modified for good cause and extending an extension of discovery to "permit

10  document discovery and depositions to go forward"). "Rule 16(b)'s 'good cause' standard

11  primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth*

12  *Recreations, Inc.* 975 F.2d 604, 609 (9th Cir. 1992)).

13                                  **FACTUAL BACKGROUND**

14          Plaintiffs filed their initial complaint in this case on July 14, 2020. Dkt. 1. The pleadings

15  were evaluated by this Court with amendments and three motions to dismiss. Despite numerous

16  extensions to the Case Management Schedule (Dkts. 59, 126, 180, 215, 244, 246), Google has yet

17  to fulfill its discovery obligations in this case.

18          Plaintiffs previously moved to extend the Case Management Schedule due to Google's

19  delay with discovery, and the Court acknowledged that Plaintiffs had "diligently pursued

20  discovery, and that good cause exist[ed] for a six-month extension of the discovery deadlines."

21  Dkt. 180. Google has since then continued to engage in much of the same conduct, slow-rolling

22  document production and other discovery in ways that exacerbate the concerns that Plaintiffs

23  raised a year ago. Although fact discovery was extended six months from January to July 2022

24  (Dkt. 180), and Google was ordered to make custodial productions it had opposed for nineteen

25  employees (Dkt. 208), Google persisted with search term disputes and ***only began producing***

26  ***unique custodial documents for those employees in July 2022***—and after a stipulated extension.

27  Mao Decl. ¶ 6; *see* Dkts. 243, 244 (May 20, 2022 stipulation and order extending deadlines).

28

                                              4

Even still, Google then acknowledged that additional time was warranted to conduct fact discovery, and stipulated to ***another extension***. *Id*.; *see* Dkts. 245, 246 (August 11, 2022, stipulation and order extending deadlines). Without a single unique page of these custodial documents produced until at least July 2022, Plaintiffs then needed time to review them, identify deponents, schedule and take depositions, and follow up on any discovery deficiencies. *Id*. In short, it took Google eight months after the Court-ordered extension to even purport to produce a meaningful number of documents, and Google is still withholding discoverable material. *Id*. ¶¶ 4, 6. Google was fine with an extension when it accommodated Google's slow production; yet Google now seeks to rush Plaintiffs across the finish line while numerous obligations remaining outstanding.

Despite planning to oppose this motion, Google concedes that Plaintiffs are still owed discovery. *Id*. ¶ 13. On October 21, 2022, Plaintiffs met and conferred with Google to identify numerous shortcomings and to discuss the need for an extended case schedule. *Id*. Google thereafter confirmed that additional document production, depositions, and "follow-up" would be necessary after October 31, 2022. *Id*. Yet instead of agreeing to a formal extension of the discovery deadline, Google in the same breadth made clear that it "intends to enforce the fact discovery deadline." *Id.*

There are a number of other outstanding issues that will need Magistrate Judge Tse's attention and guidance, and they will take time to work out, particularly because Google consistently takes a long time to provide its portions of letter briefs. For example, for the letter brief filed on September 19, 2022 (Dkt. 247), Google took over two weeks to complete its portion. Mao Decl. ¶ 5. The outstanding disputes include:

- ***Google Saving & Use of WAA-off Data:*** Despite repeated requests, Google has not produced relevant information concerning how Google saves and uses "WAA-off" data, within specific logs. Mao Decl. ¶ 4. These discovery requests were served in May 2022, and despite Plaintiffs' efforts to meet and confer beginning in July 2022, Google stonewalled, first claiming that as of September it was ***still investigating*** how extensive Google's saving and use of WAA-off

1  data really is, then taking the position that it need not even complete that investigation. It is

2  undisputed that Google logs this ████████████████████████████████████

3  ███████████████████████████████████████████. Google has

4  only provided Plaintiffs with limited data from ████ logs, none of which contain any of the

5  ████████████ bits created and used by Google, and therefore do nothing to reveal how Google

6  saves, stores, and uses this data.

7      Plaintiffs provided their portion of a letter brief in August (addressing these May discovery

8  requests), but because of Google's repeated delays that brief was only filed on October 17, 2022.

9  Dkt. 250. Plaintiffs need a resolution of that dispute to move forward with a proposal for Google

10 to search for and produce data. Google has agreed that a data production process is necessary and

11 that it will go forward regardless of the outcome of the motion to compel. But because of Google's

12 delay, Plaintiffs will not be able to provide that proposal until after the current close of fact

13 discovery.

14  • ***Google Depositions:*** Plaintiffs are diligently noticing and conducting depositions, but

15 through no fault of Plaintiffs, many will need to take place after the current close of fact discovery.

16 Plaintiffs have as of today taken five depositions, with two more scheduled this week, including

17 the witness designated on the majority of Plaintiffs' 30(b)(6) topics. Mao Decl. ¶ 9. Based on

18 witness availability, two additional fact witness depositions will take place in November, where

19 Google has not even offered a date for one of them. The parties also have a dispute about Plaintiffs'

20 request for four additional depositions, and are close to filing a joint letter brief about that dispute.

21 Google also pivoted at the last minute to designate a previously undisclosed witness to address

22 Plaintiffs' revenue-focused 30(b)(6) topics. Plaintiffs accordingly requested that Google produce

23 limited custodial documents in advance of that deposition, and Google has agreed. *Id*. As a result,

24 Plaintiffs will be receiving additional documents in late October, followed by yet another

25 November deposition for that important 30(b)(6) witness.

26  • ***Google Documents:*** On September 9, 2022, Plaintiffs asked Google to produce relevant

27 documents relating to the number of Google accounts, revenues Google has generated, and the

28

6

1    devices and accounts from which Google receives WAA-off data. That information is relevant to

2    Plaintiffs' class certification motion, liability, and damages. Google did not meaningfully respond

3    to these requests, merely offering to meet and confer and then ignoring Plaintiffs' repeated requests

4    for that meet and confer until just this week. *Id*. ¶ 8; *see also* Ex. 1, Google's Response to RFPs,

5    Set Nine.

6        • ***Google Privilege Assertions:***   On October 7, 2022, Plaintiffs sent Google a letter

7    identifying numerous deficiencies with respect to Google's privilege log, which Google only

8    completed on September 6.  *Id*. ¶ 12. For example, Google is withholding in full over ████

9    communications where no attorney was included. *Id.* Google still has not yet responded to that

10   letter.

11       • ***Google Dashboards:*** By way of May 27, 2022 written discovery requests, Plaintiffs

12   requested that Google identify and explain all dashboards and tools that track WAA and sWAA

13   data. Plaintiffs specifically requested that Google produce screenshots showing all of the ways in

14   which these dashboards can be queried, so that Plaintiffs may follow-up with specific requests for

15   queries. Since then, Google has only produced such screenshots for one dashboard. The parties

16   have met and conferred six times between July and September of this year, and as a result of

17   Google's delayed investigation, only recently filed letter briefs on this dispute. Dkt. 250. It remains

18   unresolved, with the Court requesting additional briefing, which was filed last night. Dkts. 251,

19   253.

20       • ***Google Revenue Impact for WAA Controls:*** On September 26, 2022, Google was ordered

21   to produce a specific Incognito-related financial study. Dkt. 248. Google previously had not

22   identified any WAA-focused revenue analyses. Dkt. 247. But on October 3, 2022, Google's former

23   employee admitted during a deposition that Google ████████████████████████████

24   ███████████████████████████████████████████. Mao Decl. ¶ 8 & Ex. 2 Fair

25   Tr. 243:5-245:16. This week, another Google employee ████████████████████████

26   ███████████████████████████ Despite Plaintiffs' requests, Google has not agreed

27   to add at least those two individuals as limited custodians. Plaintiffs have asked Google to apply

28

7

just one search term to their files, focusing on documents related to WAA and revenues. Yet Google will not even provide Plaintiffs with the hit counts for that single search term. Plaintiffs will raise this dispute with the Court. *Id*.

- ***Plaintiffs' Final Written Discovery Requests***: Plaintiffs served written discovery requests on September 30, 2022. *Id.* ¶ 11. Those responses are due October 31, 2022, and Plaintiffs expect that follow-up meet-and-confers and motion practice will be necessary, particularly since Google has previously refused to commit to providing any substantive responses to discovery requests absent repeated follow-up, instead offering only to meet and confer.

## ARGUMENT

To obtain an extension, Plaintiffs need only show that they have diligently pursued discovery and that good cause exists to extend the discovery deadline. *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 WL 5462496, at *9 (noting that the purpose of this requirement is to "prevent[] parties from profiting from carelessness, unreasonability, or gamesmanship, while also not punishing parties for circumstances outside their control" (citing *Orozco v. Midland Credit Mgmt. Inc.*, 2013 WL 3941318, at *3 (E.D. Cal. July 30, 2013)). Both factors are present here.

**I.    Plaintiffs Have Diligently Pursued Discovery and Google has Caused Delay.**

**A.    Plaintiffs Have Diligently Pursued Discovery in this Case.**

Plaintiffs have gone to great lengths to obtain relevant discovery in this highly technical case, which has required Plaintiffs' counsel to spend significant time sleuthing out how Google's technology works. Plaintiffs' counsel began serving discovery requests in this matter less than three months after filing Plaintiffs' initial complaint and just days after Google filed its first motion to dismiss. Mao Decl. ¶ 3. Plaintiffs have continued to seek relevant documents, relevant information through interrogatories, and to narrow the scope of the factual disputes through requests for admission. *Id.* Plaintiffs have now served 25 interrogatories, 52 requests for admission, and 285 requests for production. *Id*.

To push things forward, Plaintiffs have engaged in hundreds of hours of letter-exchanges and meet and confers with Google on discovery deficiencies, often waiting many weeks before

8

1   receiving any substantive response from Google (if any response is received at all). *Id.* ¶¶ 5, 7; *see*

2   *also* Dkt. 153-1 ¶¶ 17–18. Plaintiffs have repeatedly brought discovery issues to this Court's

3   attention, obtaining important rulings providing for additional productions and discovery. *See, e.g.*,

4   Dkt. 75 (January 26, 2021, dispute over RFPs); Dkt. 105 (May 4, 2021, dispute over custodians);

5   Dkt. 110 (June 1, 2021, dispute over Rule 30(b)(6) deposition); Dkt. 155 (November 1, 2021,

6   dispute over Plaintiffs' request for 19 additional Google custodians); Dkt. 163 (Plaintiffs'

7   November 8, 2021, supplemental brief in support of request for 19 additional Google custodians);

8   Dkt. 167 (November 12, 2021, dispute over Google's preservation of data); Dkt. 201 (January 7,

9   2022, dispute over search terms for the initial five custodians); Dkt. 216 (February 2, 2022, dispute

10  over Plaintiffs' use of technical consultants); Dkt. 234 (April 29, 2022, dispute over search terms

11  for the additional 19 Google custodians); Dkt. 247 (September 19, 2022, dispute over damage-

12  related documents); Dkt. 250 (October 17, 2022, dispute over WAA-off data).

13       Any claim by Google that Plaintiffs have not been diligent is belied by the stipulation

14  Google signed just nine weeks ago, where Google represented it would "substantially complete[]

15  document production for the Court-ordered and agreed upon search terms on July 28, 2022" and

16  the parties agreed that "an extension of the fact discovery cutoff [would] allow additional time to

17  complete discovery" (Dkt. 245), yet Google is ***still producing documents*** and has ***added an***

18  ***additional custodian*** because of its late substitution of a Rule 30(b)(6) designee. Mao Decl. ¶ 9.

19  Google's refusal to negotiate an extension of the schedule is in line with its "hide the ball"

20  discovery strategy, where Plaintiffs have otherwise obtained certain documents demonstrating

21  Google's awareness of the core problems at the heart of this case. Moreover, Plaintiffs intend to

22  propose amendments to the Complaint that also show the fruits of Plaintiffs' labor. Through their

23  diligence, Plaintiffs have uncovered extensive information proving the true scope of Google's

24  improper saving and use of WAA-off data.

25       **B.    Google Has Caused Delay.**

26       Plaintiffs' inability to complete fact discovery prior to the currently established October

27  31, 2022, deadline rests squarely in the hands of Google.

28

9

1    The Court on November 22, 2021, granted Plaintiffs' prior motion for relief from the Case

2    Management Order, holding that "plaintiffs have diligently pursued discovery" and that "good

3    cause exists for a six-month extension of the discovery deadlines"—extending fact discovery until

4    July 13, 2022. Dkt. 180. One week later, the Court granted Plaintiffs' motion to compel custodial

5    documents from nineteen additional Google employees. Dkt. 184. It then took Google *eight*

6    *months* to produce a single unique document from the files of those nineteen custodians. Counsel

7    for Plaintiffs diligently requested this information from Google multiple times during this period

8    and were met with repeated delays. *See e.g.*, Mao Dec. ¶ 4. Google wasted the entire six-month

9    extension simply reviewing documents for the nineteen custodians. Google's delay necessitated

10   additional stipulated extensions, and prevented Plaintiffs from selecting deponents and beginning

11   depositions until early Fall. In addition, Google *still* has not produced data and log schemas related

12   to how it saves and uses WAA-off data. Mao Decl. ¶ 4. Google *admits* that it logs this information

13   in potential "thousands" of data sources (Dkt. 250), but it *still has not produced any of this data*.

14   Dkt. 250. Plaintiffs have alleged that Google's conduct is highly offensive, and the scope and

15   volume of what Google saves and does with WAA-off data is clearly relevant.

16       Second, Google's own employees admitted that Google was ██████████████

17   ███████████████████████████, but Google *is still refusing to conduct even a limited*

18   *custodial search for documents.* Mao Decl. ¶ 8.

19       Third, Plaintiffs' timely requests for depositions of current and former Google employees

20   has been stalled by Google's lackluster efforts, which will require depositions after the current fact

21   discovery deadline. There are currently two deponents scheduled for November, and Plaintiffs are

22   still waiting for Google to provide a date for yet another witness, which will also need to take place

23   in November.

24       Fourth, Google has refused to produce documents responsive to Plaintiffs' most recent

25   document requests. Google did not provide any substantive response to those requests, merely

26   offering to meet and confer, and Google has ignored two emails seeking to commence those meet-

27

28

PLAINTIFFS' MOTION FOR RELIEF FROM                    CASE NO. 3:20-CV-04688
CASE MANAGEMENT SCHEDULE

1  and-confer efforts until finally responding this week, where Google still did not commit to

2  producing the specific information requested.

3      Fifth, Google is disputing Plaintiffs' request for ***any additional deponents*** beyond the

4  presumptive 10-witness limit under the Federal Rules of Civil Procedure. *Id*. ¶ 10. Like with the

5  similarly complex *Brown v. Google* case, where the Court granted 20 depositions (and

6  subsequently granted four additional depositions), these Plaintiffs' requests for additional

7  depositions is reasonable, particularly because Plaintiffs are only seeking 3.5 hours with these

8  witnesses. *Id.*

9      Sixth, Google is currently reviewing documents for a deponent Google substituted for a

10 Rule 30(b)(6). *Id*. ¶ 9. Practically, while this Google-selected witness will need to be deposed in

11 mid-November, delay in production of responsive custodial documents would necessitate delay in

12 deposing that witness. *Id.*

13     This delay has been exacerbated by Google's repeated failure to timely respond to

14 discovery dispute letters and other requests sent by Plaintiffs. *Id*. ¶ 5, 8, 12. Joint letter briefs sent

15 to Google for the addition of their statement to submit to Magistrate Judge Tse for resolution

16 remain unanswered for weeks, stymying the process of promptly resolving discovery disputes.

17 October 29, 2021, Declaration of Mark Mao, Dkt. 153-1 ¶ 17.

18     Google's conduct is the sole reason for Plaintiffs' inability to complete discovery by the

19 current October 31, 2022 deadline.

20 **II.   Good Cause Exists For a Three-Month Extension of the Discovery and Expert
       Disclosure Deadlines.**

21

22     Good cause exists to support the extension of the discovery deadline in this case. *In re*

22 *Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 WL 5462496, at *10.

23

24     **A.   More Time is Needed to Conduct Further Discovery.**

24     As noted, there are several categories of discovery that Plaintiffs reasonably seek and for

25 which the parties may need guidance from Magistrate Judge Tse, including: (1) production related

26 to WAA-off logs and data sources; (2) additional documents concerning Google's WAA revenue

27

28
                                                11

impact analyses; (3) additional depositions beyond the 10-witness limit; (4) documents responding to Plaintiffs' ninth request for production; and (5) Google dashboards

**B.    A Three-Month Extension is Appropriate.**

To hopefully permit the parties to complete this discovery, Plaintiffs request a three-month extension of the current deadlines:

| Action | Current Deadline (Dkt. 246) | Plaintiffs' Proposed Deadline |
|---|---|---|
| Close of Fact Discovery: | October 31, 2022 | January 31, 2023 |
| Initial Expert Witness Disclosures: | January 20, 2023 | April 21, 2023 |
| Rebuttal Expert Witness Disclosures: | May 1, 2023 | July 31, 2023 |
| Close of Expert Discovery: | June 2, 2023 | September 1, 2023 |
| Motion for Class Certification: | June 9, 2023 | September 8, 2023 |
| Opposition to Class Certification: | July 14, 2023 | October 13, 2023 |
| Reply in Support of Class Certification: | August 10, 2023 | November 9, 2023 |
| Hearing on Class Certification: | August 24, 2023 at 1:30 PM | TBD |

The three-month extension request is reasonably short given the scope and complexity of the case and the work that remains to be done. In complicated litigation like this, which involves a nationwide class of millions of people, three months is not an extensive period of time. Entering the schedule proposed above would give the parties approximately six weeks to flesh out the document and data production issues and another six weeks to conduct the necessary depositions and discovery. This is a realistic extension under these circumstances, including upcoming holidays.

The requested extension is also commensurate with extensions granted in similarly complex cases, which were much further along in discovery. *See, e.g.*, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 2837405, at *2 (N.D. Cal. July 18, 2011) (noting that the court granted a motion to extend the "fact- and expert-discovery deadlines in this case by three to four months" despite that "discovery in this case has been voluminous" and that "more than 28 million pages of discovery have been produced" and "more than 100 depositions" had been taken).

Although Google has suggested that depositions and discovery "follow up" could still proceed informally after the fact discovery cutoff, Google's conduct in this litigation illustrates the risk of any "follow up" approach. Mao Decl. ¶ 13 & Ex. 6, Correspondence from Google Counsel

12

1   on Oct. 24, 2022. Despite initially acknowledging that WAA-off data was relevant, Google did an

2   about face and now will not produce any WAA-off data without order of the Court. Further, Google

3   represented to this Court that ████████████████████████████████████████████

4   ███████    Then, when a former employee confirmed at this deposition *this month* that █████

5   ████████████████████████████████████████████████████ Google refused to run

6   a targeted custodial search, contending that "we don't think that's appropriate at this late hour."

7   *Id*. ¶ 8 & Ex. 5, Correspondence from Google Counsel on Oct. 23, 2022. Google is already using

8   the fact discovery cutoff to refuse discovery even before the actual close of discovery. That is why

9   Plaintiffs cannot proceed with Google's "follow up" approach. If a targeted request for additional

10  documents based on plain-as-day deposition testimony is not adequate "follow up," even during

11  the discovery period, Google's offer is entirely illusory. In its own words, Google will "enforce

12  the fact discovery deadline." *Id*. ¶ 13 & Ex. 6, Correspondence from Google Counsel on Oct. 24,

13  2022.

14          Moreover, Google's privilege assertions where no attorney is included and the documents

15  are withheld in their entirety call into question the credibility of Google's privilege review (which

16  in the *Brown* has resulted in production of hundreds of additional documents, *see Brown v. Google*

17  *LLC*, No. 4:20-cv-03664-YGR-SVK, Dkt. 517, where Google reassessed 830 documents and

18  changed its position on approximately 25% of those documents). While Google acknowledges that

19  additional efforts concerning fact discovery will be required after October 31, 2022, there is no

20  credible basis for Google to oppose moving that and associated deadlines or to restrict that to what

21  Google deems "follow up." Mao Decl. ¶ 13 & Ex. 6, Correspondence from Google Counsel on

22  Oct. 24, 2022.

23          **C.    All Other Factors Weigh In Favor of Granting the Requested Extension.**

24          All other factors that could be at issue[2] have been satisfied, paving the way for the grant of

25  Plaintiffs' extension request.

26          First, the impetus for the request is clear: Plaintiffs have repeatedly tried to push discovery

27  ────────────────────────

28  [2] This includes the requirements of Civ. L.R. 16-2 and Civ. L.R. 6-3.

13

1   forward in the face of Google's stalling but more time is needed to complete discovery. Indeed,

2   Plaintiffs' efforts to obtain this discovery has resulted in numerous extensions: sometimes by

3   stipulation (Dkt. 126, 215, 244, 246) and sometimes by motions practice (Dkt. 180). Given the

4   current state of the case, and the still-outstanding discovery, more time is required. Mao Decl. ¶

5   14. Plaintiffs have repeatedly raised the need for the discovery sought, but Google has refused to

6   provide that discovery in a timely manner. *Id.*; *see also* Dkts. 125, 153, 214, 243, 245.

7       Second, failure to grant the requested extension would put Plaintiffs at a significant

8   disadvantage and would be tantamount to allowing Google to unilaterally determine the scope of

9   discovery and thereby the scope of its own liability in this case. Allowing that to occur, especially

10  in light of Google's stonewalling, does violence to the broader notions and purpose of litigation

11  and specifically to Federal Rule of Civil Procedure 26, which presents a liberal discovery standard.

12      Further, Google will not be inappropriately prejudiced by an extension of discovery since

13  Plaintiffs agree not to serve any additional discovery requests regarding claims in the operative

14  complaint, Mao Decl. ¶ 14, there is no trial date, and Google will be "afforded sufficient time to

15  respond to any permitted discovery." *Calloway v. Scribner*, 2014 WL 1317608, at *4 (E.D. Cal.

16  Mar. 27, 2014); *see also Woodard v. City of Menlo Park*, 2012 WL 2119278, at *1-2 (N.D. Cal.

17  June 11, 2012) (Reopening discovery and noting that "any prejudice suffered by Defendant in this

18  regard is substantially outweighed by Plaintiff's need to engage in discovery to adequately prepare

19  for trial").

20      Third, the discovery extensions entered in this case to date are the result of Google's

21  inability to repeatedly meet its discovery obligations. Dkts. 125, 153, 214, 243, 245. Although

22  meaningful extensions to the schedule have been sought, these were a result of Google's failure to

23  meet its obligations. Therefore, this factor weighs in favor of the continuance. *See* 6A Fed. Prac.

24  & Proc. Civ. § 1522.2 (3d ed.) ("When the modification [of a Scheduling Order] is necessitated by

25  the acts of the opposing party or by the opponent's failure to act, relief has also been deemed

26  appropriate" citing *Noyes v. Kelly Servs*., 488 F.3d 1163, 1174 (9th Cir. 2007) (District court

27  abused discretion in refusing to modify scheduling order extending discovery deadline to allow

28

14

1  movant to depose a central witness made unavailable by opposing party)).

2      Fourth, the requested time modification should allow the Court and the parties to resolve

3  the remaining discovery disputes. *See Green v. City & Cty. of San Francisco*, 2018 WL 6181572,

4  at *4 (N.D. Cal. Nov. 27, 2018) (granting a motion to reopen and allow plaintiff to take additional

5  discovery in part because "[t]here is no pretrial conference or trial date currently set in this matter,

6  so those dates will not be impacted by the reopening of discovery"). The adjustment of the fact-

7  discovery deadline will not prejudice Google in any way. The only hearing that would need to be

8  moved is the class-certification hearing currently set for August 24, 2023. Plaintiffs' proposed

9  revised Case Management Schedule is contained within this motion and within the proposed order

10  submitted therewith.

11      **D.    Plaintiffs' Forthcoming Motion to Amend Does Not Impact the Relief
            Requested In this Motion**

12

13      Plaintiff plan to file a motion to amend the current operative complaint to account for new

14  information revealed during the course of discovery. While the forthcoming proposed Fourth

15  Amended Complaint may necessitate additional discovery, it in no way impacts the relief

16  requested in this motion. Regardless of whether that motion to amend is granted, the discovery

17  Plaintiffs currently seek is responsive to discovery requests and deposition notices served months

18  ago, and Plaintiffs are entitled to an extension in any event.

19                              **CONCLUSION**

20      For these reasons, Plaintiffs respectfully request that the Court enter their proposed revised

21  Case Management Order, which extends all case deadlines by three months.

22  Dated: October 27, 2022                    Respectfully submitted,

23                                             By:  */s/ Mark C. Mao*
                                               Mark C. Mao (CA Bar No. 236165)
24                                             mmao@bsfllp.com
                                               Beko Reblitz-Richardson (CA Bar No. 238027)
25                                             brichardson@bsfllp.com
                                               BOIES SCHILLER FLEXNER LLP
26                                             44 Montgomery Street, 41st Floor
                                               San Francisco, CA 94104
27                                             Telephone: (415) 293-6858
28                                                  15

---

1    Facsimile (415) 999-9695

2    David Boies (admitted *pro hac vice*)
     dboies@bsfllp.com
3    BOIES SCHILLER FLEXNER LLP
     333 Main Street
4    Armonk, NY 10504
     Telephone: (914) 749-8200
5
6    James Lee (admitted *pro hac vice*)
     jlee@bsfllp.com
7    Rossana Baeza (admitted *pro hac vice*)
     rbaeza@bsfllp.com
8    BOIES SCHILLER FLEXNER LLP
     100 SE 2nd Street, Suite 2800
9    Miami, FL 33131
     Telephone: (305) 539-8400
10   Facsimile: (305) 539-1307

11
     Bill Carmody (*pro hac vice*)
12   bcarmody@susmangodfrey.com
     Shawn J. Rabin (*pro hac vice*)
13   srabin@susmangodfrey.com
     Steven Shepard (*pro hac vice*)
14   sshepard@susmangodfrey.com
     Alexander P. Frawley
15   afrawley@susmangodfrey.com
     SUSMAN GODFREY L.L.P.
16   1301 Avenue of the Americas, 32nd Floor
     New York, NY 10019
17   Telephone: (212) 336-8330

18
19   Amanda Bonn (CA Bar No. 270891)
     abonn@susmangodfrey.com
20   SUSMAN GODFREY L.L.P.
     1900 Avenue of the Stars, Suite 1400
21   Los Angeles, CA 90067
     Telephone: (310) 789-3100
22
23   John A. Yanchunis (*pro hac vice*)
     jyanchunis@forthepeople.com
24   Ryan J. McGee (*pro hac vice*)
     rmcgee@forthepeople.com
25   Michael F. Ram (CA Bar No. 238027)
     mram@forthepeople.com
26   MORGAN & MORGAN, P.A.
     201 N Franklin Street, 7th Floor
27   Tampa, FL 33602
28                          16

1

Telephone: (813) 223-5505
Facsimile: (813) 222-4736

2

*Attorneys for Plaintiffs*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' MOTION FOR RELIEF FROM                    CASE NO. 3:20-CV-04688
CASE MANAGEMENT SCHEDULE