Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com

Amanda K. Bonn, CA Bar No. 270891
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
abonn@susmangodfrey.com

*Attorneys for Plaintiffs*

Bill Carmody (admitted *pro hac vice*)
Shawn J. Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander P. Frawley
(admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas,
32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
Michael F. Ram, CA Bar No. 238027
Ra O. Amen (admitted *pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
mram@forthepeople.com
ramen@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>  GOOGLE LLC,<br><br>        Defendant. | Case No.: 3:20-cv-04688<br><br>**DECLARATION OF MARK MAO IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE**<br><br>Judge: Hon. Richard Seeborg<br>Courtroom 3 – 17th Floor<br>Date: December 1, 2022<br>Time: 1:30 p.m. |

1              **DECLARATION OF MARK MAO**

2        I, Mark Mao, declare as follows:

3        1.    I am a partner with the law firm of Boies Schiller Flexner LLP, counsel for Plaintiffs

4    in this matter. I am an attorney at law duly licensed to practice before all courts of the State of

5    California. I have personal knowledge of the matters set forth herein and am competent to testify.

6        2.    I submit this Declaration in support of Plaintiffs' Rule 16(b) Motion for Relief from

7    Case Management Schedule.

8        3.    Plaintiffs have, and continue to, diligently seek discovery from Google. Plaintiffs'

9    counsel began serving discovery requests in this matter less than three months after filing

10   Plaintiffs' initial complaint and just days after Google filed its first motion to dismiss. Plaintiffs

11   have served ten sets of document requests on Google, with their first set served on October 15,

12   2020. Plaintiffs have served seven sets of interrogatories on Google, with the first set served on

13   November 4, 2020. Plaintiffs have served four sets of requests for admission. In total, Plaintiffs

14   have now served 25 interrogatories, 52 requests for admission, and 285 requests for production.

15       4.    Notwithstanding these efforts, Google has repeatedly attempted to delay and

16   obstruct discovery. As of October 26, 2022, Google has only produced ███████ documents. Google

17   has withheld schemas and logs for the data at issue (having only produced data from four logs in

18   total), including those revealing how Google saves and uses "WAA-off" data. Google's delay

19   comes despite Plaintiffs' repeated request for information to which it is entitled. *See e.g.*, Ex. 4,

20   Correspondence from Google Counsel (Showing counsel for Google delayed responding to request

21   for WAA data for nearly three months).

22       5.    Plaintiffs have sent Google numerous joint letter briefs in August, September, and

23   October 2022 identifying impasses. Google has been slow to provide its portion of these briefs.

24   Google took more than two weeks to complete its portion of the brief where Plaintiffs sought

25   damages-focused documents (Dkt. 247). Google also took over one month to provide its portion

26   of the letter brief the parties filed regarding logs and dashboards (Dkt. 250). Plaintiffs have

27   repeatedly raised concerns about the lack of progress with discovery to Google.

28
                                              2

6.    For the nineteen Court-ordered custodians, Google's counsel did not begin producing unique custodial documents until July 2022, after the Court granted a stipulated discovery extension on May 20, 2022 (Dkt. 244). Google later acknowledged additional time was needed to review documents and conduct depositions, and stipulated to another extension on August 11, 2022 (Dkt. 246).

7.    With May 27, 2022 discovery requests, Plaintiffs requested Google produce all dashboards and tools that track web and app activity. Since then, Google has only produced screenshots of drop-down menus for just one dashboard. The parties have met and conferred six times between July and September of this year and recently filed letter briefs on this issue (Dkts. 250, 253).

8.    On September 9, 2022, Plaintiffs asked Google to produce relevant documents relating to the number of Google accounts, revenues Google has generated, and the devices and accounts from which Google receives WAA-off data. Google failed to produce documents responding to this request, instead merely offering to meet and confer. Ex. 1, Google's Response to RFPs, Set Nine. ▮▮▮▮▮▮▮▮▮▮. Ex. 2, Fair Tr. 243:5-245:16. Plaintiffs have requested that Google add these individuals as custodians and search for these financial impact studies. Google refused, prompting Plaintiff to request that Google apply just one search term to their files, focusing on documents related ▮▮▮▮. Yet Google will not even provide Plaintiffs with the hit counts for that single search term saying "we don't think that's appropriate at this late hour." Ex. 5, Correspondence from Google Counsel on Oct. 23, 2022. Plaintiffs will raise this dispute with the Court.

9.    In September, Plaintiffs requested deposition dates for eight current and former employees, and while two of those employees have been scheduled to take place after the discovery deadline, six have not been scheduled at all, including one former employee who returned to India until at least November. One of the two depositions scheduled is Google's 30(b)(6) deponent on

3

1  Plaintiff's revenue topics. Google has agreed to produce limited custodial documents in advance

2  of that deposition, and Google has proposed that it take place in mid-late November. However,

3  delay in production of responsive custodial documents will likely necessitate delay in deposing

4  that witness.

5        10.   Plaintiffs have requested additional depositions beyond the presumptive 10-witness

6  limit under the Federal Rules of Civil Procedure. Google disputes this request, notwithstanding

7  the fact that the Court in *Brown v. Google*—a similarly large and complex case—permitted 24

8  depositions.

9        11.   On September 30, 2022, Plaintiffs served their Tenth Set of Requests for

10  Production, Plaintiffs' Seventh Set of Interrogatories, and Plaintiffs' Fourth Set of Requests for

11  Admission. These sets included a small number of requests relating to Google Search and Google

12  services other than Firebase. Plaintiffs have now served a total of 25 interrogatories and 52 requests

13  for admission.

14        12.   On October 7, 2022, Plaintiffs sent Google a letter identifying numerous

15  deficiencies with respect to Google's privilege log, which Google completed on September 6,

16  2022. These deficiencies include ▮ purportedly privileged communications Google continues to

17  withhold where no attorney was included. Google has yet to respond to this letter.

18        13.   On October 13, 2022, Plaintiffs met and conferred with Google to discuss the need

19  for an extended case schedule beyond October 31, 2022. On October 24, 2022, Google's counsel,

20  despite acknowledging that multiple discovery issues remain open, maintains it "intends to enforce

21  the fact discovery deadline" and that these outstanding items can be worked through as "follow

22  up" after discovery without moving any deadlines. Ex. 6, Correspondence from Google Counsel

23  on Oct. 24, 2022.

24        14.   While an extension is necessary to effect Plaintiff's outstanding discovery requests,

25  Plaintiffs will require no additional requests to complete discovery with respect to the operative

26  complaint.

27

28

4

1    15.    Attached hereto as **Exhibit 1** is a true and correct copy of Google's Responses and

2    Objections to Plaintiffs' Ninth Set of Requests for Production.

3    16.    Attached hereto as **Exhibit 2** are true and correct excerpts from the transcript of the

4    October 3, 2022 deposition of former Google employee Greg Fair.

5    17.    Attached hereto as **Exhibit 3** are true and correct excerpts from the rough transcript

6    of the October 25, 2022 deposition of Google employee Eric Miraglia.

7    18.    Attached hereto as **Exhibit 4** is a true and correct copy of correspondence from

8    Google's counsel dated [█████████████████████████

9    ████████████████████].

10    19.    Attached hereto as **Exhibit 5** is a true and correct copy of correspondence from

11    Google's counsel dated October 23, 2022.

12    20.    Attached hereto as **Exhibit 6** is a true and correct copy of correspondence from

13    Google's counsel dated October 24, 2022.

14    I declare under penalty of perjury under the laws of the United States of America that the

15    foregoing is true and correct. Executed this 27th day of October, 2022, at San Francisco, California.

16    Dated: October 27, 2022.                    Respectfully submitted,

17                                               By: */s/ Mark C. Mao*

18                                               Mark C. Mao (CA Bar No. 236165)
19                                               mmao@bsfllp.com
                                                 BOIES SCHILLER FLEXNER LLP
20                                               44 Montgomery Street, 41st Floor
                                                 San Francisco, CA 94104
21                                               Telephone: (415) 293 6858
                                                 Facsimile (415) 999 9695

22

23

24

25

26

27

28