Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com

Amanda K. Bonn, CA Bar No. 270891
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
abonn@susmangodfrey.com

*Attorneys for Plaintiffs*

Bill Carmody (admitted *pro hac vice*)
Shawn J. Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander P. Frawley
(admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas,
32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
Michael F. Ram, CA Bar No. 238027
Ra O. Amen (admitted *pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
mram@forthepeople.com
ramen@forthepeople.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No.: 3:20-cv-04688 <br><br> **DECLARATION OF MARK MAO IN SUPPORT OF PLAINTIFFS' RULE 15(a) MOTION FOR LEAVE TO AMEND COMPLAINT** <br><br> The Honorable Richard Seeborg |

# **DECLARATION OF MARK MAO**

I, Mark Mao, declare as follows:

1. I am a partner with the law firm of Boies Schiller Flexner LLP, counsel for Plaintiffs in this matter. I am an attorney at law duly licensed to practice before all courts of the State of California. I have personal knowledge of the matters set forth herein and am competent to testify.

2. I submit this Declaration in support of Plaintiffs' Rule 15(a) Motion for Leave to Amend Complaint.

3. Attached hereto as **Exhibit 1** is a true and correct copy of Plaintiffs' proposed Fourth Amended Complaint.

4. Attached hereto as **Exhibit 2** is a true and correct copy of a redline comparing Plaintiffs' proposed Fourth Amended Complaint to Plaintiffs' Third Amended Complaint.

5. Attached hereto as **Exhibit 3** is a true and correct copy of excerpts of a document Google produced in discovery labeled GOOG-RDGZ-00021160. This document was produced on July 6, 2021.

6. Attached hereto as **Exhibit 4** is a true and correct copy of a document Google produced in discovery labeled GOOG-RDGZ-00130745. This document was produced on July 28, 2022.

7. Attached hereto as **Exhibit 5** is a true and correct copy of a document Google produced in discovery labeled GOOG-RDGZ-00015004. This document was produced on March 25, 2021.

8. Attached hereto as **Exhibit 6** is a true and correct copy of a document Google produced in discovery labeled GOOG-RDGZ-00020680. This document was produced on April 12, 2021.

9. Attached hereto as **Exhibit 7** is a true and correct copy of a document Google produced in discovery labeled GOOG-RDGZ-00130381. This document was produced on July 28, 2022.

1

10.     Attached hereto as **Exhibit 8** is a true and correct copy of excerpts of a document Google produced in discovery labeled GOOG-RDGZ-00130416. This document was produced on July 28, 2022.

11.     Attached hereto as **Exhibit 9** is a true and correct copy of excerpts of a document Google produced in discovery labeled GOOG-RDGZ-00014556. This document was produced on March 25, 2021.

12.     Attached hereto as **Exhibit 10** are true and correct excerpts from the transcript of the September 15, 2022 deposition of Google employee David Monsees.

13.     Attached hereto as **Exhibit 11** is a true and correct copy of a document Google produced in discovery labeled GOOG-RDGZ-00024709. This document was produced on July 6, 2021.

14.     Attached hereto as **Exhibit 12** are true and correct excerpts from the transcript of the September 9, 2022 deposition of Google employee Chris Ruemmler.

15.     Attached hereto as **Exhibit 13** is a true and correct copy of a document Google produced in discovery labeled GOOG-RDGZ-00130322. This document was produced on July 28, 2022.

16.     Attached hereto as **Exhibit 14** is a true and correct copy of a document Google produced in discovery labeled GOOG-RDGZ-00089546. This document was produced on April 27, 2022.

17.     Attached hereto as **Exhibit 15** is a true and correct copy of a document Google produced in discovery labeled GOOG-RDGZ-00116371. This document was produced on May 27, 2022.

18.     Attached hereto as **Exhibit 16** is a true and correct copy of a document Google produced in discovery labeled GOOG-RDGZ-00039094. This document was produced on September 27, 2022.

19.     Attached hereto as **Exhibit 17** is a true and correct copy of a document Google produced in discovery labeled GOOG-RDGZ-00171164. This document was produced on July 28, 2022.

20.     Attached hereto as **Exhibit 18** is a true and correct copy of a document Google produced in discovery labeled GOOG-RDGZ-00087964. This document was produced on July 28, 2022.

21.     Attached hereto as **Exhibit 19** is a true and correct copy of a document Google produced in discovery labeled GOOG-RDGZ-00044478. This document was produced on September 27, 2021.

22.     Attached hereto as **Exhibit 20** is a true and correct copy of a document Google produced in discovery labeled GOOG-RDGZ-00129096. This document was produced on July 28, 2022.

23.     Attached hereto as **Exhibit 21** is a true and correct copy of excerpts of a document Google produced in discovery labeled GOOG-RDGZ-00090236. This document was produced on April 27, 2022.

24.     Attached hereto as **Exhibit 22** is a true and correct copy of excerpts of a document Google produced in discovery labeled GOOG-RDGZ-00046896. This document was produced on September 27, 2021.

25.     Attached hereto as **Exhibit 23** is a true and correct copy of excerpts of a document Google produced in discovery labeled GOOG-RDGZ-00020692. This document was produced on April 12, 2021.

26.     Attached hereto as **Exhibit 24** is a true and correct copy of excerpts of a document Google produced in discovery labeled GOOG-RDGZ-00151992. This document was produced on July 28, 2022.

27.     Attached hereto as **Exhibit 25** is a true and correct copy of excerpts of a document Google produced in discovery labeled GOOG-RDGZ-00151484. This document was produced on July 28, 2022.

28.    Attached hereto as **Exhibit 26** is a true and correct copy of excerpts of a document Google produced in discovery labeled GOOG-RDGZ-00144760. This document was produced on July 28, 2022.

29.    Attached hereto as **Exhibit 27** is a true and correct copy of a document Google produced in discovery labeled GOOG-RDGZ-00059486. This document was produced on October 22, 2021.

30.    Attached hereto as **Exhibit 28** is a true and correct copy of excerpts of a document Google produced in discovery labeled GOOG-RDGZ-00046758.R. This document was produced on October 12, 2021.

31.    Attached hereto as **Exhibit 29** is a true and correct copy of excerpts of a document Google produced in discovery labeled GOOG-RDGZ-00185669. This document was produced on July 28, 2022.

32.    Attached hereto as **Exhibit 30** is a true and correct copy of a document Google produced in discovery labeled GOOG-RDGZ-00061316. This document was produced on November 1, 2021.

33.    Attached hereto as **Exhibit 31** is a true and correct copy of excerpts of a document Google produced in discovery labeled GOOG-RDGZ-00031656. This document was produced on July 6, 2021.

34.    Attached hereto as **Exhibit 32** are true and correct excerpts from the rough transcript of the October 25, 2022 deposition of Google employee Eric Miraglia.

35.    Attached hereto as **Exhibit 33** is a true and correct copy of a document Google produced in discovery labeled GOOG-RDGZ-00149701. This document was produced on July 28, 2022.

36.    On September 30, 2022, Plaintiffs served Plaintiffs' Tenth Set of Requests for Production, Plaintiffs' Seventh Set of Interrogatories, and Plaintiffs' Fourth Set of Requests for Admission. These sets included a small number of requests relating to ▮▮▮▮▮ and Google services other than Firebase. Plaintiffs have now served a total of 25 interrogatories and 52 requests

for admission. Plaintiffs' latest sets of written discovery requests are their last set relating to Google's collection of WAA-off data from third-party apps.

37.    On September 30, 2022, Plaintiffs also served notices of deposition for ten Google employees, bringing their total to fourteen.

38.    Plaintiffs' counsel emailed Google's counsel a prior version of Plaintiffs' proposed amended complaint on October 17, 2022, including a redline showing proposed changes made to the Third Amended Complaint. During a meet-and-confer about the proposed amended Complaint with Google's counsel on October 20, 2022, Plaintiffs' counsel informed Google's counsel that Plaintiffs will not oppose reasonable discovery requests relating to matters that are newly addressed in the Fourth Amended Complaint. On October 24, Google's counsel informed Plaintiffs that Google does not consent to the amendment, and that it will oppose this motion.

39.    On May 13, 2022, Plaintiffs' counsel sent an email to Google proposing a process in which Plaintiffs' experts would use test devices to generate app activity data using different privacy settings, and Google would produce the data as it is saved on Google's servers. To craft the specifics of this proposal, Plaintiffs need to know the locations in which app activity data is saved. Plaintiffs also served written discovery requests on May 27, 2022 seeking this information. Plaintiffs have moved to compel responses to some of those requests relating to Google's storage of WAA-off data. Dkts. 250, 253.

40.    Google's counsel did not respond to Plaintiffs' May 13, 2022 email until August 11, 2022. Google's response did not address Plaintiffs' testing proposal. Google's response identified just one new log, on top of the three it had previously identified. Google's response indicated that its search for logs containing app activity data remains ongoing.

41.    In the following months, Google admitted that thousands of logs contain WAA-off data and refused to disclose the names of those logs to Plaintiffs.

42.    As of September 1, 2021, Google had designated just three document custodians, and the parties had neither agreed upon nor finished motion practice regarding search terms for those custodians.

43.    Google did not produce a single unique document from the files of any of the 19 custodians included in Magistrate Judge Tse's December 1, 2021 Order (Dkt. 184) until July 28, 2022.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 28th day of October, 2022, at San Francisco, California.

*/s/ Mark Mao*