| | |
|---|---|
| Mark C. Mao, CA Bar No. 236165 | Bill Carmody (admitted *pro hac vice*) |
| Beko Reblitz-Richardson, CA Bar No. 238027 | Shawn J. Rabin (admitted *pro hac vice*) |
| **BOIES SCHILLER FLEXNER LLP** | Steven M. Shepard (admitted *pro hac vice*) |
| 44 Montgomery St., 41st Floor | Alexander P. Frawley |
| San Francisco, CA 94104 | (admitted *pro hac vice*) |
| Tel.: (415) 293-6800 | **SUSMAN GODFREY L.L.P.** |
| mmao@bsfllp.com | 1301 Avenue of the Americas, |
| brichardson@bsfllp.com | 32nd Floor |
| | New York, NY 10019 |
| Jesse Panuccio (admitted *pro hac vice*) | Tel.: (212) 336-8330 |
| **BOIES SCHILLER FLEXNER LLP** | bcarmody@susmangodfrey.com |
| 1401 New York Ave, NW | srabin@susmangodfrey.com |
| Washington, DC 20005 | sshepard@susmangodfrey.com |
| Tel.: (202) 237-2727 | afrawley@susmangodfrey.com |
| Fax: (202) 237-6131 | |
| jpanuccio@bsfllp.com | John A. Yanchunis (admitted *pro hac vice*) |
| | Ryan J. McGee (admitted *pro hac vice*) |
| Amanda K. Bonn, CA Bar No. 270891 | Michael F. Ram (admitted *pro hac vice*) |
| **SUSMAN GODFREY L.L.P** | Ra O. Amen (admitted *pro hac vice*) |
| 1900 Avenue of the Stars, Suite 1400 | **MORGAN & MORGAN** |
| Los Angeles, CA 90067 | 201 N. Franklin Street, 7th Floor |
| Tel: (310) 789-3100 | Tampa, FL 33602 |
| Fax: (310) 789-3150 | Tel.: (813) 223-5505 |
| abonn@susmangodfrey.com | jyanchunis@forthepeople.com |
| | rmcgee@forthepeople.com |
| *Attorneys for Plaintiffs* | mram@forthepeople.com |
| | ramen@forthepeople.com |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 3:20-cv-04688<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT**<br><br>The Honorable Richard Seeborg |

1

1 **[PROPOSED] ORDER**

2   Before the Court is Plaintiffs' Rule 15(a) motion for leave to file their proposed Fourth
3 Amended Complaint, which amends Plaintiffs' first two proposed classes, which encompass users
4 who turned off the Web & App Activity ("WAA") and/or supplemental Web & App Activity
5 ("sWAA") settings, but whose activity on non-Google apps was nonetheless collected and saved
6 by Google. The Fourth Amended Complaint also adds a third proposed class, which encompasses
7 users who turned off the WAA setting, but whose ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
8 ▓▓▓▓ was nonetheless saved by Google. Plaintiffs are not seeking to add any new claims, nor
9 revive any previously dismissed claims.

10   "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P.
11 15(a)(2). "The Supreme Court has stated that 'this mandate is to be heeded.'" *Lopez v. Smith*, 203
12 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Similarly,
13 the Ninth Circuit has "repeatedly stressed that the court must remain guided by the underlying
14 purpose of Rule 15 . . . to facilitate decision on the merits, rather than on the pleadings or
15 technicalities." *Id.* at 1127 (alteration in original). "In short, the policy permitting amendment is
16 to be applied with extreme liberality." *Gasperin v. Furniture & Mattress Superstore*, 2009 WL
17 10710497, at *1 (N.D. Cal. Oct. 5, 2009) (Seeborg, J.).

18   "The Supreme Court has identified four factors relevant to whether a motion for leave to
19 amend should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and
20 prejudice to the opposing party." *Meaux v. Nw. Airlines, Inc.*, 2006 WL 8459606, at *1 (N.D. Cal.
21 July 17, 2006) (citing *Foman*, 371 U.S. at 182). "As this circuit and others have held, it is the
22 consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap.,*
23 *LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *DCD Programs, Ltd. v. Leighton*,
24 833 F.2d 183, 185 (9th Cir. 1987)). "Absent prejudice, or a strong showing of any of the remaining
25 *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."
26 *Id.* (emphasis in original). As "[t]he non-moving party[, Google] bears the burden of demonstrating
27 why leave to amend should not be granted." *Clayborne v. Chevron Corp.*, 2020 WL 11563087, at
28

*1 (N.D. Cal. Dec. 2, 2020) (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

Google cannot meet its heavy burden to show why leave should be denied. Plaintiffs' proposed amendments to the first two classes merely conform the class definitions to the evidence produced in discovery, and Plaintiffs do not seek to serve new discovery nor extend the case deadlines on the basis of these amendments.

Based on what discovery has revealed, Plaintiffs also seek to add a third class relating to ▮▮▮▮▮ "in the interest of reaching a proper decision on the merits," and Google will not be substantially prejudiced by additional discovery relating to the manner in which Google saves and uses WAA-off ▮▮▮ data. *Pinterest, Inc. v. Pintrips*, Inc., 2014 WL 12611300, at *1 (N.D. Cal. Aug. 26, 2014) (Seeborg, J.). Nor has Google established that Plaintiffs are guilty of undue delay or bad faith, or that amendment would be futile.

Plaintiffs' motion for leave to amend is therefore **GRANTED**. Plaintiffs' Fourth Amended Complaint, filed with their motion for leave to amend, is now deemed filed.

**IT IS SO ORDERED.**

DATED: _____    _____

                                                   Honorable Richard Seeborg
                                                   Chief United States District Judge