November 7, 2022

**Submitted via ECF**

Magistrate Judge Alex G. Tse
San Francisco Courthouse
Courtroom A - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

       Re:     Joint Letter Brief re: Regulator Documents
               *Rodriguez v. Google LLC*, Case No. 3:20-cv-04688-RS (N.D. Cal.)

Dear Magistrate Judge Tse:

       Plaintiffs and Google LLC ("Google") submit this joint letter brief regarding a dispute about Google's production of documents provided to regulators. This dispute relates to this Court's February 8, 2021 Order on Plaintiffs' Request for Productions Nos. 1-3. Dkt. 85. Exhibit A is Plaintiffs' proposed order, and Exhibit B is Google's proposed order.

## PLAINTIFFS' STATEMENT

*Plaintiffs provided their portion of this letter-brief on November 1. Google did not provide its portion until 10:45 p.m. on November 7, the filing deadline. Given the hour and the number of disputes to be filed, Plaintiffs are unable to respond to Google's portion below. Plaintiffs are happy to supplement this filing if the Court has questions.*

Plaintiffs respectfully seek an order requiring Google to (1) confirm whether there are any current regulatory investigations relating to WAA, and (2) produce all documents provided to any such regulator (limited to documents relating to WAA). While this Court previously ruled on a related dispute (Dkt. 85), new information has come to light which warrants additional productions.

This Court previously ruled that Plaintiffs are entitled to WAA-related documents produced to regulators. Dkt. 85. Plaintiffs had requested "[a]ll Documents Google has provided to any Regulator since January 1, 2014, concerning Firebase and its collection, interception, tracking, or use of user data, including through or with Google Analytics." Google objected, relying heavily on a representation that no regulatory investigation focused on the conduct at issue in this case. Dkt. 74 at 4-5. The Court sustained Google's objection on that basis, ruling that Google did not need to produce documents from all privacy-focused investigations.

But this Court ordered Google to produce WAA-related documents produced in the then-pending *Arizona v. Google* LLC case, No. CV 2020-006219 (Ariz. Superior Ct. 2020). In this Court's words: "Google does admit that its Web & App Activity feature is at issue in both cases and that it has produced WAA-related documents in the Arizona case. . . . Because WAA is at issue in both cases, the Court orders Google to produce unredacted copies of discovery from the Arizona action relating to WAA." Dkt. 85 at 1-2.

Plaintiffs recently learned about another regulatory investigation relating to WAA. During the October 25, 2022 deposition of Google employee Eric Miraglia, the founder of Google's Privacy and Data Protection Office, Plaintiffs asked: "are you aware of any current regulator inquiries related to WAA?" Miraglia Rough Tr. 205:6-206:12. Mr. Miraglia asked to confer with his counsel before answering the question, and the parties went off the record. Thereafter, on the record, Google's counsel instructed Mr. Miraglia not to answer the question "on basis of attorney-client privilege." When asked to elaborate on the privilege assertion, counsel stated that "his knowledge is based solely [on] conduct and conversations with lawyers." Mr. Miraglia then indicated that he would follow his counsel's instruction and he did not answer the question.

Counsel's objection was improper. Although "[t]he attorney-client privilege applies . . . in the context of an investigation or fact-finding inquiry conducted by a company's attorneys, [] it will not allow attorneys or their corporate clients to conceal material facts about their conduct." . . . The privilege only protects disclosure of communications; ***it does not protect disclosure of the underlying facts by those who communicated with the attorney.***" *United States v. Reyes*, 239 F.R.D. 591, 598 (N.D. Cal. 2006) (citations omitted). "***[F]acts do "not become privileged just because they are communicated to or by a lawyer.***" *Baxter Int'l, Inc. v. Becton, Dickinson & Co.*, 2019 WL 3408813, at *4 (N.D. Ill. July 26, 2019). Plaintiffs had every right to ask Mr. Miraglia

whether he was aware of any current investigation relating to WAA, and it was improper for counsel to instruct him not to answer.[1]

After the Miraglia deposition, Plaintiffs followed up with Google's counsel to confirm there is a current regulator inquiry related to WAA, but Google refused to answer that question. Google should be ordered to respond. Plaintiffs represent a putative class of holders of more than 400 million Google accounts, all of whom turned off either the WAA or sWAA button. *See* Google's Resp. to Interrog. 12. They are entitled to know whether any regulator has investigated the control on which they relied—the control at issue in this litigation.

In addition, consistent with this Court's prior order requiring production of Arizona-case documents "relating to WAA" (Dkt. 85 at 2), Google should be ordered to produce any documents from the newly revealed investigation(s) "relating to WAA." The only difference between the investigation(s) at issue here and the Arizona investigation is that Plaintiffs do not know this one's name. In this Court's own words: "Narrowed in this way, the production will not be a carte blanche production of all documents that were produced in the [matter(s)]." Dkt. 85 at 2 n.1. *See also Jones v. Deutsche Bank AG*, 2005 WL 8177848, at *4 (N.D. Cal. Nov. 17, 2005) (Seeborg, J.) (ordering the defendant to produce documents previously produced "to any government agency" that "refer or relate to the CARDS Facility").

## <u>GOOGLE'S STATEMENT</u>[2]

This letter brief is a thinly disguised motion for reconsideration that violates Local Rule 7-9(b) because it was brought without obtaining leave of Court. The Court should deny it for that reason alone. And besides, Plaintiffs' motion is meritless.

The very first discovery dispute this Court decided in this case related to RFP Nos. 1–3. *See* Dkt. 85. Plaintiffs had moved to compel production of documents from each RFP. *See* Dkt. 74 (RFPs 1-2) and 75 (RFP 3). RFP 1 sought "All Documents Google has provided to any Regulator since January 1, 2014, concerning Firebase and its collection, interception, tracking, or use of user data, including through or with Google Analytics." Google argued:

> Google hasn't identified any production it has made in a regulatory investigation that was *focused* on Firebase and user data, and Plaintiffs have never identified one. But Google complies with requests from worldwide regulators, and to determine whether a document relating to Firebase and user data was provided to any given regulator would require an enormous burden; Google would have to collect each request, search them all, and review them.

---

[1] The Arizona action is no longer pending, meaning that Mr. Miraglia could not have had this action in mind when asked about "current" inquiries.

[2] The parties had previously agreed that the opposing party would have at least one week to respond to a letter brief. Plaintiffs, however, have sent 8 letter briefs since November 1, including two that were sent today.

Dkt. 74 at 4 (original emphasis). The Court ruled in response that the request was disproportional, that Google would probably be "looking for a needle in a haystack, for the company notes that no regulatory investigation during the targeted period has focused specifically on Firebase and user data," and that "Given the large number of documents Google would need to review, and the comparatively small number of relevant documents likely to be found, the Court finds that the burdens of RFP No. 1 outweigh the benefits. Google need not produce documents responsive to this request." Dkt. 85 at 1.

There is no reason the Court should change its analysis on this RFP. Google's block-quoted representation above, on which the Court based its ruling, remains true. To the extent Plaintiffs are asking Google to produce documents under RFP No. 1, that violates this Court's Order holding that "Google need not produce documents responsive to this request." Similarly, the Court found that Google was not required to produce documents responsive to RFP No. 2, either.

Further, Plaintiffs' delay in raising this issue for the very first time until November 6, after the close of fact discovery and twenty-four hours before the deadline to file a motion to compel, is inexcusable. In the 21 months since this Court denied their motion to compel on RFP No. 1, Plaintiffs never challenged that ruling. Instead, they dropped this letter brief on Google with no warning, arguing that Eric Miraglia's deposition testimony somehow revived their right to pursue documents under RFP No. 1.

They're wrong. As Plaintiffs concede, Mr. Miraglia was asked "are you aware of any current regulator inquiries <u>related to WAA</u>?" Miraglia Rough Tr. 205:6–206:12. The question is not phrased like the RFP, which asks for documents related to investigations "concerning Firebase and its <u>collection, interception, tracking, or use of user data, including through or with Google Analytics</u>." Rather than focusing on WAA, RFP No. 1 was focused on Firebase and Google Analytics (as it should be, since this case is about that product, not *any* product that interacts with WAA). In briefing RFP No. 1, Google represented that there are hundreds of privacy-related investigations in the world (many of which may tangentially or even directly involve WAA), but none focused on Firebase. That remains true. That Mr. Miraglia could think of a WAA-related  investigation doesn't change this Court's analysis. And the investigation Mr. Miraglia was thinking of was not focused on Firebase and user data, either.

The instruction not to answer was appropriate, too. Counsel asked Mr. Miraglia to divulge the contents of attorney-client communications and information he learned through counsel in the context of an investigation; he confirmed he had no responsive information to the question that was not an attorney-client communication. Plaintiffs' cited case holds the opposite of what they suggest; in it, Judge Breyer held that the subject documents "constitute confidential communications between attorneys and the officers, employees, and former employees of a corporate client; they were made specifically for the purpose of obtaining professional legal advice in contemplation of an imminent investigation by federal authorities." *United States v. Reyes*, 239 F.R.D. 591, 602 (N.D. Cal. 2006). The part Plaintiffs rely on simply sets forth the idea that underlying facts are not privileged, but in

the context of *Reyes*, Judge Breyer held that Plaintiffs' exact argument here "is without merit." *Id.* at 602 n.2.

Next, it is unclear what obligation to supplement RFP Nos. 1 and 2 Plaintiffs believe Google was under, but for both RFPs, this Court held that Google need not respond to those document requests at all.

Finally, Plaintiffs argue that "consistent with this Court's prior order requiring production of Arizona-case documents 'relating to WAA' (Dkt. 85 at 2), Google should be ordered to produce any documents from the newly revealed investigation(s) 'relating to WAA.'" This is sleight of hand. RFP No. 3 sought "Unredacted copies of the filings (including exhibits and attachments) and all discovery from *Arizona v. Google LLC*, No. CV 2020-006219 (Ariz. Superior Ct. 2020)." It did not seek documents related to any investigation. This Court agreed that "that RFP No. 3 is also overbroad" and ordered instead that Google "produce unredacted copies of discovery from the Arizona action relating to WAA." Dkt. 85 at 2. Google complied with that Order and supplemented its productions, too. But neither the RFP itself nor this Court's Order asked Google to produce WAA-related documents from other investigations. Plaintiffs have not issued an RFP asking for that, nor has this Court ordered it. Indeed, this Court was aware in February 2021 that there are over a hundred privacy-related investigations that have ended or are ongoing worldwide, and it expressly held in response to RFP No. 1 that trawling through them all for needles in haystacks would be counterproductive.

The parties have undergone extensive discovery since then – 24 custodians, a full slate of depositions, and over a dozen joint letter briefs. Not once in all that time did Plaintiffs indicate any reason to revisit this Court's February 2021 Order. This brief doesn't pose a reason to revisit the Order, either.  Google would be prejudiced if the Court permits Plaintiffs to rewrite their discovery requests after the close of fact discovery and relies on that rewritten request to compel production of documents from an investigation that has nothing to do with Firebase. The Court should deny Plaintiffs' request outright as an impermissible motion for reconsideration, and it should also reject it on the merits.

Respectfully,

WILLKIE FARR & GALLAGHER, LLP          SUSMAN GODFREY LLP

By: */s/ Eduardo Santacana*                          /s/ *Mark Mao*
    Eduardo E. Santacana (SBN: 281668)      Mark C. Mao (CA Bar No. 236165)
    esantacana@willkie.com                           mmao@bsfllp.com
    Benedict Y. Hur (SBN: 224018)               Beko Reblitz-Richardson (CA Bar No.
    bhur@willkie.com                                    238027)
    Simona Agnolucci (SBN: 246943)             brichardson@bsfllp.com
    sagnolucci@willkie.com                            BOIES SCHILLER FLEXNER LLP

Lori Arakaki (SBN: 315119)
larakaki@willkie.com
One Front Street, 34th Floor
San Francisco, CA 94111
Telephone: (415) 858-7400
Facsimile: (415) 858-7599
*Attorneys for Defendant Google LLC*

44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

James W. Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (*pro hac vice*)
rbaeza@bsfllp.com
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

William Christopher Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

*Attorneys for Plaintiffs*

**ATTESTATION**

I, Mark Mao, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.


DATED: November 7, 2022                    By:    /s/ *Mark Mao*
                                                                          _____