EXHIBIT C

1

**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
  sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
  esantacana@willkie.com
LORI C. ARAKAKI (SBN: 315119)
  larakaki@willkie.com
ARGEMIRA FLOREZ (SBN: 331153)
  aflorez@willkie.com
One Front Street, 34th Floor
San Francisco, CA  94111
Telephone:  (415) 858-7400

Attorneys for Defendant
GOOGLE LLC

2

3

4

5

6

7

8

9

10

11

12

13

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO**

14

15

16

17

18

19

20

21

22

ANIBAL RODRIGUEZ, JULIEANNA MUNIZ, ELIZA CAMBAY, SAL CALTADO, EMIR GOENAGA, JULIAN SANTIAGO, HAROLD NYANJOM, KELLIE NYANJOM, and SUSAN LYNN HARVEY individually and on behalf of all other similarly situated,

Plaintiffs

vs

GOOGLE LLC,

Defendant.

Case No.  3:20-CV-04688 RS

**DEFENDANT GOOGLE LLC'S RESPONSES TO PLAINTIFFS' REQUESTS FOR ADMISSION, SET FOUR**

Judge:        Hon. Richard Seeborg
Courtroom:  3, 17th Floor
Action Filed: July 14, 2020
Trial Date:   Not Set

23

PROPOUNDING PARTY:    Plaintiffs Anibal Rodriguez, Sal Cataldo, Julian Santiago, and Susan Lynn Harvey ("Plaintiffs")

24

RESPONDING PARTY:      Defendant Google LLC

25

SET NO.:                        Four

26

27

28

1    Subject to and without waiving the foregoing objections, Google responds as follows:

2  Denied.

3  **REQUEST FOR ADMISSION NO. 27:**

4    Since the start of the Class Period, Google could have redesigned its products that save

5  WAA-Off Data, including but not limited to the Firebase SDK and the Google Mobile Ads SDK,

6  so that no WAA-Off Data would be saved by Google.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

8    Google objects to this Request as vague and ambiguous.

9    Google also objects that the request is compound.

10    Google also objects that the request is irrelevant.

11    Google also objects that the term "redesigned" is vague and ambiguous.

12    Google also objects that the term "saved" is vague and ambiguous.

13    Google also objects that this Request is an incomplete hypothetical.

14    Google further objects to this Request to the extent that it seeks information protected by

15  the attorney-client privilege and/or the attorney work product doctrine.

16    Subject to the foregoing, Google responds that it can neither admit or deny this Request, as

17  it calls for information beyond Google's knowledge.

18  **REQUEST FOR ADMISSION NO. 28:**

19    Google can delete all WAA-Off Data stored by Google.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

21    Google objects to this Request as vague and ambiguous.

22    Google also objects that the request is compound.

23    Google also objects that the term "WAA-Off Data" is unintelligible and so overbroad as to

24  be meaningless.

25    Google also objects that this Request is an incomplete hypothetical.

26    Google further objects to this Request to the extent that it seeks information protected by

27  the attorney-client privilege and/or the attorney work product doctrine.

28

Subject to the foregoing, Google responds that it can neither admit or deny this Request, as it calls for information beyond Google's knowledge.

**REQUEST FOR ADMISSION NO. 29:**

Google has used WAA-Off Data to track, model, or measure cross-app or -site conversions. For purposes of this Request, "cross-app or -site conversions" includes a scenario in which a User interacts with an advertisement within one app, or while on one website, and then "converts" with respect to that prior advertisement within a different app or website (including but not limited to by making a purchase, installing an app, opening an app, or filling out a form).

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Google objects to this Request as vague and ambiguous.

Google also objects that the request is compound.

Google also objects that the term "WAA-Off Data" is unintelligible and so overbroad as to be meaningless.

Google also objects that the term "track, model, or measure" is vague and ambiguous.

Google also objects that the term "interacts" is vague and ambiguous.

Google also objects that the term "converts" is vague and ambiguous.

Google further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to the foregoing, Google responds that it can neither admit or deny this Request, as it calls for information beyond Google's knowledge.

**REQUEST FOR ADMISSION NO. 30:**

Since the start of the Class Period, Google has not provided Users with any way to view WAA-Off Data stored by Google.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Google objects to this Request as vague and ambiguous.

Google also objects that the request is compound.

Google also objects that the term "Class Period" is vague and ambiguous because it fails to provide a concrete range of time.

Google also objects that the term "WAA-Off Data" is unintelligible and so overbroad as to be meaningless.

Google also objects that the term "view" is vague and ambiguous.

Google further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to the foregoing, Google responds that it can neither admit or deny this Request, as it calls for information beyond Google's knowledge.

**REQUEST FOR ADMISSION NO. 31:**

Since the start of the Class Period, Google has not provided Users with any way to delete WAA-Off Data stored by Google.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Google objects to this Request as vague and ambiguous.

Google also objects that the request is compound.

Google also objects that the term "Class Period" is vague and ambiguous because it fails to provide a concrete range of time.

Google also objects that the term "WAA-Off Data" is unintelligible and so overbroad as to be meaningless.

Google also objects that the term "way to delete" is vague and ambiguous.

Google also objects that the term "stored" is vague and ambiguous.

Google further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to the foregoing, Google responds that it can neither admit or deny this Request, as it calls for information beyond Google's knowledge.

**REQUEST FOR ADMISSION NO. 32:**

Google cannot identify any privacy policy, terms of service, or other disclosure by a Non-Google App that explicitly informed or informs Users that Google will save WAA-Off Data. For purposes of this Request, "explicitly" requires at a minimum that the disclosure either refer by

1  name to Web & App Activity (WAA) or supplemental Web & App Activity (sWAA) or inform

2  Users that Google will save data relating to their app activity without regard to their Google

3  settings.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

5        Google objects to this Request as vague and ambiguous.

6        Google also objects that the request is compound.

7        Google also objects that the term "explicitly informed or informs" is vague and

8  ambiguous.

9        Google also objects that the term "save data" is vague and ambiguous.

10        Google also objects that the term "WAA-Off Data" is unintelligible and so overbroad as to

11  be meaningless.

12        Google further objects to this Request to the extent that it seeks information protected by

13  the attorney-client privilege and/or the attorney work product doctrine.

14        Subject to and without waiving the foregoing objections, Google responds as follows:

15  Denied.

16  **REQUEST FOR ADMISSION NO. 33:**

17        Non-Google Apps that use any of GA for Firebase, AdMob, and Cloud Messaging would

18  continue to function and be usable even if Google did not store WAA-off Data collected by way

19  of GA for Firebase, AdMob, and Cloud Messaging.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

21        Google objects to this Request as vague and ambiguous.

22        Google also objects that the request is compound.

23        Google also objects that the term "usable" is vague and ambiguous.

24        Google also objects that the term "did not store" is vague and ambiguous.

25        Google also objects that the term "WAA-Off Data" is unintelligible and so overbroad as to

26  be meaningless.

27        Google further objects to this Request to the extent that it seeks information protected by

28  the attorney-client privilege and/or the attorney work product doctrine.

1    Subject to the foregoing, Google responds that it can neither admit or deny this Request, as

2    it calls for information beyond Google's knowledge.

3    **REQUEST FOR ADMISSION NO. 34:**

4    Google saves WAA-Off Data generated during Users' interactions with Non-Google Apps

5    by way of webviews.

6    **RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

7    Google objects to this Request as vague and ambiguous.

8    Google also objects that the term "Users' interactions" is vague and ambiguous.

9    Google also objects that the term "saves" is vague and ambiguous.

10    Google also objects that the term "by way of webviews" is vague and ambiguous.

11    Google also objects that the term "WAA-Off Data" is unintelligible and so overbroad as to

12    be meaningless.

13    Google further objects to this Request to the extent that it seeks information protected by

14    the attorney-client privilege and/or the attorney work product doctrine.

15    Subject to and without waiving the foregoing objections, Google responds as follows:

16    Denied.

17    **REQUEST FOR ADMISSION NO. 35:**

18    Google cannot identify any non-Google source or disclosure that explicitly informs Users

19    that Google saves WAA-Off Data. For purposes of this Request, "explicitly" requires at a

20    minimum that the source refer by name to Web & App Activity (WAA) or supplemental Web &

21    App Activity (sWAA). For purposes of this Request, "non-Google sources" refers to news articles,

22    academic publications, or any other publications not authored by Google.

23    **RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

24    Google objects to this Request as vague and ambiguous.

25    Google also objects that the term "WAA-Off Data" is unintelligible and so overbroad as to

26    be meaningless.

27    Google also objects that the term "explicitly informs" is vague and ambiguous.

28

**REQUEST FOR ADMISSION NO. 39:**

Google saves WAA-Off Data generated during Users' interactions with the Google Search app.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Google objects to this Request as vague and ambiguous.

Google also objects that the term "Users' interaction" is vague and ambiguous.

Google also objects that the request is irrelevant.

Google also objects that the term "WAA-Off Data" is unintelligible and so overbroad as to be meaningless.

Google further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

**REQUEST FOR ADMISSION NO. 40:**

Using data that is stored within Google logs and data sources, and setting aside any and all Google policies and technical impediments, it is possible to join WAA-off Data with data tied to a user's Google account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Google objects to this Request as vague and ambiguous.

Google also objects that this Request as unintelligible because it requests that Google "set[] aside any and all . . . technical impediments," and thus provide a response based in fantasy.

Google also objects that the term "WAA-Off Data" is unintelligible and so overbroad as to be meaningless.

Google further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

**REQUEST FOR ADMISSION NO. 41:**

Google saves WAA-Off Data generated during Users' interactions with the YouTube app.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

Google objects to this Request as vague and ambiguous.

Google also objects that the term "Users' interaction" is vague and ambiguous.

**REQUEST FOR ADMISSION NO. 44:**

Since the start of the Class Period, every version of the Google Privacy Policy has included the following provision: "We will not reduce your rights under this Privacy Policy without your explicit consent."

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

Google objects to this Request as vague and ambiguous.

Google also objects that the term "Class Period" is vague and ambiguous because it fails to provide a concrete range of time.

Google further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing, Google Admits that the privacy policies it has produced to Plaintiff are accurate.

**REQUEST FOR ADMISSION NO. 45:**

Google can change its processes so that Google no longer saves WAA-Off Data.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Google objects to this Request as vague and ambiguous.

Google also objects that the term "saves" is vague and ambiguous.

Google also objects that the term "WAA-Off Data" is unintelligible and so overbroad as to be meaningless.

Google also objects that the request is irrelevant.

Google further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

**REQUEST FOR ADMISSION NO. 46:**

From March 31, 2020 through the present, Google's Terms of Service has contained the following provision: "California law will govern all disputes arising out of or relating to these terms, service-specific additional terms, or any related services, regardless of conflict of laws rules."

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

Google objects to this Request as vague and ambiguous.

Google further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing, Google admits that the Terms of Service it has produced to Plaintiff are accurate.

**REQUEST FOR ADMISSION NO. 47:**

From April 14, 2014 through March 30, 2020, Google's Terms of Service included the following provision: "The laws of California, U.S.A., excluding California's conflict of laws rules, will apply to any disputes arising out of or relating to these terms or the Services."

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Google objects to this Request as vague and ambiguous.

Google further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing, Google admits that the Terms of Service it has produced to Plaintiff are accurate.

**REQUEST FOR ADMISSION NO. 48:**

Google has used WAA-Off Data it saves to train at least one machine-learning algorithm used by at least one Google product or service, including but not limited to Google Search, YouTube, Gmail, AdMob, Ad Manager, or Ads.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

Google objects to this Request as vague and ambiguous.

Google also objects that the term "saves" is vague and ambiguous.

Google also objects that the term "train" is vague and ambiguous.

Google also objects that the term "WAA-Off Data" is unintelligible and so overbroad as to be meaningless.

Google also objects that the request is irrelevant.

1    Google further objects to this Request to the extent that it seeks information protected by

2    the attorney-client privilege and/or the attorney work product doctrine.

3    **REQUEST FOR ADMISSION NO. 49:**

4    Since the start of the Class Period, Google has used WAA-Off Data to create User profiles.

5    For purposes of this Request, the phrase "User profiles" shall include identification of

6    characteristics (e.g., age, gender, location, interests) associated with Users or devices.

7    **RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

8    Google objects to this Request as vague and ambiguous.

9    Google also objects that the term "Class Period" is vague and ambiguous because it fails to

10   provide a concrete range of time.

11   Google also objects that the term "User profile" is vague and ambiguous.

12   Google also objects that the term "WAA-Off Data" is unintelligible and so overbroad as to

13   be meaningless.

14   Google further objects to this Request to the extent that it seeks information protected by

15   the attorney-client privilege and/or the attorney work product doctrine.

16   Subject to and without waiving the foregoing, Denied.

17   **REQUEST FOR ADMISSION NO. 50:**

18   Since the start of the Class Period, Google has served ads to WAA-Off Users based on

19   User profiles. For purposes of this Request, the phrase "User profiles" shall include identification

20   of characteristics (e.g., age, gender, location, interests) associated with Users or devices.

21   **RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

22   Google objects to this Request as vague and ambiguous.

23   Google also objects that the term "WAA-Off Data" is unintelligible and so overbroad as to

24   be meaningless.

25   Google also objects that the term "Class Period" is vague and ambiguous because it fails to

26   provide a concrete range of time.

27   Google also objects that the request is irrelevant.

28   Subject to and without waiving the foregoing objections, Denied.

**REQUEST FOR ADMISSION NO. 51:**

Google saves WAA-Off Data generated during Users' interactions with the Google Chrome app, including through webviews on Non-Google Apps.

**RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

Google objects to this Request as vague and ambiguous.

Google also objects that the request is compound.

Google also objects that the term "saves" is vague and ambiguous.

Google also objects that, as defined, the term "Users'" is vague, ambiguous, and overbroad.

Google also objects that the term "WAA-Off Data" is unintelligible and so overbroad as to be meaningless.

**REQUEST FOR ADMISSION NO. 52:**

Google Firebase, Google Analytics for Firebase, AdMob, and Cloud Messaging are not essential to the functioning of Non-Google Apps.

**RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

Google objects to this Request as vague and ambiguous.

Google also objects that the term "essential" is vague and ambiguous.

Google also objects that the term "functioning" is vague and ambiguous.

Google also objects that the request is irrelevant.

Google further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

Dated: October 31, 2022                           WILLKIE FARR & GALLAGHER LLP


                                                  By: */s/ Benedict Y. Hur*
                                                  Benedict Y. Hur

1  **WILLKIE FARR & GALLAGHER LLP**
   Benedict Y. Hur (SBN: 224018)
2  Simona Agnolucci (SBN: 246943)
   Jayvan E. Mitchell (SBN: 322007)
3  Amanda Maya (SBN: 324092)
4  One Front Street, 34th Floor
   San Francisco, CA 94111
5  Telephone:  (415) 858-7400
   Facsimile:  (415) 858-7599
6  bhur@willkie.com
7  sagnolucci@willkie.com
   jmitchell@willkie.com
8  amaya@willkie.com

9  Attorneys for
   GOOGLE LLC
10

11                **UNITED STATES DISTRICT COURT**

12               **NORTHERN DISTRICT OF CALIFORNIA**

13                      **SAN FRANCISCO**

14
   ANIBAL RODRIGUEZ AND JULIEANNA        |  Case No.  3:20-CV-04688
15  MUNIZ, individually and on behalf of all other
   similarly situated
16
                              Plaintiffs,     **DEFENDANT GOOGLE LLC'S**
17                                            **RESPONSES TO PLAINTIFFS'**
        vs                                    **REQUEST FOR ADMISSION, SET ONE**
18
   GOOGLE LLC, *et al*.                   |  Judge:       Hon. Richard Seeborg
19
                              Defendant.      Courtroom:   3, 17th Floor
20
                                             Action Filed: July 14, 2020
21                                           Trial Date:   Not Set

22  PROPOUNDING PARTY:   PLAINTIFFS ANIBAL RODRIGUEZ AND JULIEANNA
23  MUNIZ

24  RESPONDING PARTY:    DEFENDANT GOOGLE LLC

25  SET NO.:             ONE

26          Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure ("Federal Rules"),

27  Defendant  Google  LLC  ("Defendant"  or  "Google")  hereby  submits  these  objections  and

28  responses to Plaintiffs Anibal Rodriguez and Julieanna Muniz ("Plaintiffs") First Set of Request

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Google objects to Request No. as 7 vague and ambiguous as to the undefined term "Web & App Activity." For purposes of this response, Google construed Web & App Activity to mean the account-level setting called Web & App Activity.  Google further objects to this request as vague and ambiguous with respect to the phrases "created profiles," "using data collected from users' browsing history," and "Firebase SDK."   Google further objects that the definition of "Class Period" is vague and ambiguous, as the Requests define the term to mean "the class period in this case, as defined in the operative complaint," when the "operative complaint" has changed between when the Requests were served and when these responses were provided, and the definition of "Class Period" differs between the original and amended complaints. Google further objects that the term "Class Period" is vague and ambiguous because it fails to provide a concrete range of time.  Google further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Google further objects to this request to the extent that it seeks information that is in the possession, custody or control of third parties. Google further objects to this Request to the extent it is unduly burdensome, overbroad, and disproportionate to the needs of the Action.

Subject to and without waiving the foregoing objections, Google responds as follows: Based on its understanding of this Request, Google denies it.

**REQUEST FOR ADMISSION NO. 8:**

Since the start of the Class Period, Google has been earning advertising revenue using browsing history data Google collects from users' interaction with apps that use Google's Firebase SDK while those users have Web & App Activity turned off.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Google objects to Request No. 8 as vague and ambiguous as to the undefined term "Web & App Activity." For purposes of this response, Google construed Web & App Activity to mean the account-level setting called Web & App Activity.  Google further objects to this request as vague and ambiguous with respect to the phrases "advertising revenue," "browsing history data Google collects," "from users' interaction with apps," and "Firebase SDK."   Google further

DEFENDANT GOOGLE LLC'S RESPONSES TO PLAINTIFFS' REQUEST FOR ADMISSION, SET ONE
Case No.  3:20-CV-04688

1    objects that the definition of "Class Period" is vague and ambiguous, as the Requests define the

2    term to mean "the class period in this case, as defined in the operative complaint," when the

3    "operative complaint" has changed between when the Requests were served and when these

4    responses were provided, and the definition of "Class Period" differs between the original and

5    amended complaints. Google further objects that the term "Class Period" is vague and

6    ambiguous because it fails to provide a concrete range of time.  Google further objects to this

7    Request to the extent that it seeks information protected by the attorney-client privilege and/or

8    the attorney work product doctrine. Google further objects to this request to the extent that it

9    seeks information that is in the possession, custody or control of third parties.  Google further

10   objects to this Request to the extent it is unduly burdensome, overbroad, and disproportionate to

11   the needs of the Action.

12         Subject to and without waiving the foregoing objections, Google responds as follows:

13   Google does not understand this request and therefore lacks information sufficient to admit or

14   deny it.

15   Dated: November 25, 2020

16                                          WILLKIE FARR & GALLAGHER LLP

17                                          By: */s/ Benedict Y. Hur*

18                                          Benedict Y. Hur
                                            Simona Agnolucci
19                                          Jayvan E. Mitchell
                                            Amanda Maya
20
                                            *Attorneys for Defendant Google LLC*
21

22

23

24

25

26

27

28

DEFENDANT GOOGLE LLC'S RESPONSES TO PLAINTIFFS' REQUEST FOR ADMISSION, SET ONE
Case No.  3:20-CV-04688

**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
   sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
  esantacana@willkie.com
LORI C. ARAKAKI (SBN: 315119)
  larakaki@willkie.com
ARGEMIRA FLOREZ (SBN: 331153)
  aflorez@willkie.com
One Front Street, 34th Floor
San Francisco, CA 94111
Telephone: (415) 858-7400

Attorneys for Defendant
GOOGLE LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| ANIBAL RODRIGUEZ, JULIEANNA MUNIZ, ELIZA CAMBAY, SAL CALTADO, EMIR GOENAGA, JULIAN SANTIAGO, HAROLD NYANJOM, KELLIE NYANJOM, and SUSAN LYNN HARVEY individually and on behalf of all other similarly situated,<br><br>                    Plaintiffs<br><br>        vs<br><br>GOOGLE LLC,<br><br>                    Defendant. | Case No. 3:20-CV-04688 RS<br><br>**DEFENDANT GOOGLE LLC'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' REQUESTS FOR ADMISSION, SET FOUR**<br><br><br><br>Judge:         Hon. Richard Seeborg<br>Courtroom:   3, 17th Floor<br>Action Filed: July 14, 2020<br>Trial Date:   Not Set |

PROPOUNDING PARTY:     Plaintiffs Anibal Rodriguez, Sal Cataldo, Julian Santiago, and
                                            Susan Lynn Harvey ("Plaintiffs")

RESPONDING PARTY:      Defendant Google LLC

SET NO.:                        Four

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure ("Federal Rules"), Defendant Google LLC ("Defendant" or "Google") hereby submits these supplemental objections and responses to Plaintiffs Anibal Rodriguez, Sal Cataldo, Julian Santiago, and Susan Lynn Harvey ("Plaintiffs") Fourth Set of Requests for Admission (each a "Request" and collectively the "Requests"), served on Defendant on September 30, 2022.

## PRELIMINARY STATEMENT OF GENERAL OBJECTIONS

1.    Each of Google's responses is subject to, and incorporates, the following general statement and objections.  Google specifically incorporates each of these general objections into its responses to each of Plaintiffs' Requests, whether or not each such general objection is expressly referred to in Google's responses to a specific request.

2.    Google objects to the instructions, definitions, and Requests to the extent that they are broader than, or attempt to impose conditions, obligations, or duties beyond those required by the Federal Rules and/or the Local Rules.  Google's responses will be provided in accordance with the Federal Rules and the Local Rules.

3.    Google objects to any Request to the extent that it is overbroad, unduly burdensome, compound, and/or oppressive, or purports to impose upon Google any duty or obligation that is inconsistent with or in excess of those obligations that are imposed by the Federal Rules, the Local Rules, or any other applicable rule or Court order.  In particular, Google objects to any Request to the extent that it calls for information not relevant to the claims or defenses of the parties, or proportional to the needs of this case.

4.    Google objects to each Request to the extent it is vague, ambiguous, overly broad, or unduly burdensome as to time frame.

5.    Google objects to any Request to the extent that it purports to attribute any special or unusual meaning to any term or phrase.

6.    Google objects to the Requests to the extent they seek confidential, proprietary, or trade secret information of third parties.

7.    Google's objections and responses to these Requests are not intended to waive or prejudice any objections Google may assert now or in the future, including, without limitation,

objections as to the relevance of the subject matter of any Request, or as to the admissibility of any information or category of information at trial or in any other proceedings.  Google expressly reserves any and all rights and privileges under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules, and any other applicable laws or rules, and the failure to assert such rights and privileges or the inadvertent disclosure by Google of information protected by such rights and privileges shall not constitute a waiver thereof, either with respect to these responses or with respect to any future discovery responses or objections.

8.     Google has responded to the Requests as it interprets and understands them.  If Plaintiffs subsequently assert an interpretation of any Request that differs from Google's understanding of that Request, Google reserves the right to supplement its objections and/or responses.

## **OBJECTIONS TO DEFINITIONS**

1.     Google objects to the definitions of "all" as overbroad and circular.

2.     Google objects to the definition of "Class Period" as vague, ambiguous, and overbroad.  Plaintiffs' definition of the class period in this case is circular and legally impermissible.

3.     Google objects to the definition of "Google" as incomprehensible.  Google construes "Google" to mean Google LLC.  Google further objects to this definition to the extent that it purports to include forms of information not discoverable under the Federal Rules, the Local Rules, or any other applicable authority.

4.     Google objects to the definition of "Google Service" as vague, ambiguous, and overbroad to the extent that it purports to seek information beyond the scope of this lawsuit, which concerns app measurement data Google receives from third-party mobile applications that have enabled Google Analytics for Firebase, AdMob, or Firebase Cloud Messenger.  Google further objects to the definition of "Google Service" as circular, particularly as to "any service."  Google further objects to "provides," "code," and "embedded within the app (e.g., Firebase, AdMob)" as vague, ambiguous, and overbroad.

5.     Google objects to the definition of "Google App" as vague, ambiguous, and

58698672.1

1    incomprehensible, including to the extent that it relies on the undefined phrases "operated and

2    owned" and "Google affiliate (e.g., Google Maps, YouTube)."  Google further objects to the

3    definition of "Google App" as overbroad and partially irrelevant to the extent that it purports to

4    seek information beyond the scope of this lawsuit, which concerns app measurement data Google

5    receives from third-party mobile applications that have enabled Google Analytics for Firebase,

6    AdMob, or Firebase Cloud Messenger.

7          6.    Google objects to the definition of "Non-Google App" as vague, ambiguous, and

8    incomprehensible, including to the extent that it relies on the undefined phrases "operated and

9    owned" and "Google affiliate (e.g., Google Maps, YouTube)."  Google further objects to the

10   definition of "Google App" as overbroad and partially irrelevant to the extent that it purports to

11   seek information beyond the scope of this lawsuit, which concerns app measurement data Google

12   receives from third-party mobile applications that have enabled Google Analytics for Firebase,

13   AdMob, or Firebase Cloud Messenger.

14         7.    Google objects to the definition of "User" as ambiguous, overbroad, and partially

15   irrelevant, including because it purports to include individuals who are not part of the applicable

16   class defined by Plaintiffs in Paragraph 231 of the Third Amended Complaint (ECF No. 131).

17         8.    Google objects to the definition of "WAA" as vague, ambiguous, and overbroad.

18   Google construes "WAA" to mean the account-level setting known as "Web & App Activity."

19         9.    Google objects to the definition of "WAA-Off Data" as vague, ambiguous, and

20   incomprehensible, including because of its use of the undefined terms and phrases "data generated

21   by a user's use," which fails to distinguish between individual users and their mobile devices, and

22   fails to define the term "generated"; "employ or embed any Google service . . . while Web & App

23   Activity (WAA) or Supplemental Web & App Activity (sWAA) was disabled," which employs

24   the term "Google service," and therefore fails to distinguish between Google products and services

25   intended for end-users and those intended for app developers; "information generated by or during

26   a user's visit to an app," which fails to define "information," "generated," and "visit."

27   Google additionally objects to the extent this definition incorporates the vague, ambiguous, and

28   overbroad term "services" without limitation, and also purports to include applications that do not

employ GA for Firebase, AdMob, and/or Firebase Cloud Messenger.

**RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 23:**

Since the start of the Class Period, there has never been a way for a User to prevent Google from receiving WAA-Off Data.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Google objects to this Request as vague and ambiguous.

Google also objects that the request is compound.

Google also objects that the term "Class Period" is vague and ambiguous because it fails to provide a concrete range of time.

Google also objects that the term "WAA-Off Data" is unintelligible and so overbroad as to be meaningless.

Google further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Google responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 24:**

Since the start of the Class Period, there has never been a way for a User to prevent Google from saving WAA-Off Data.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Google objects to this Request as vague and ambiguous.

Google also objects that the request is compound.

Google also objects that the term "Class Period" is vague and ambiguous because it fails to provide a concrete range of time.

Google also objects that the term "WAA-Off Data" is unintelligible and so overbroad as to be meaningless.

Google further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

1    Subject to and without waiving the foregoing objections, Google responds as follows:

2    Denied.

3    **REQUEST FOR ADMISSION NO. 25:**

4    At least one Google log contains one or more bits and/or fields that reliably shows whether

5    specific event-level traffic was generated while WAA was "off."

6    **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

7    Google objects to this Request as vague and ambiguous.

8    Google also objects that the request is compound.

9    Google also objects that the term "Class Period" is vague and ambiguous because it fails to

10    provide a concrete range of time.

11    Google also objects that the term "event-level traffic" is unintelligible or so overbroad as

12    to be meaningless.

13    Google also objects that the term "reliably" is vague and ambiguous.

14    Google further objects to this Request to the extent that it seeks information protected by

15    the attorney-client privilege and/or the attorney work product doctrine.

16    Subject to and without waiving the foregoing objections, Admitted.

17    **REQUEST FOR ADMISSION NO. 26:**

18    Google has derived revenues from its storage and use of WAA-Off Data.

19    **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

20    Google objects to this Request as vague and ambiguous.

21    Google also objects that the request is compound.

22    Google also objects that the term "derived revenues" is vague and ambiguous.

23    Google also objects that the term "storage" is vague and ambiguous.

24    Google also objects that the term "use" is vague and ambiguous.

25    Google also objects that the term "WAA-Off Data" is unintelligible and so overbroad as to

26    be meaningless.

27    Google further objects to this Request to the extent that it seeks information protected by

28    the attorney-client privilege and/or the attorney work product doctrine.

1    Subject to and without waiving the foregoing objections, Google responds as follows:

2    Denied.

3    **REQUEST FOR ADMISSION NO. 27:**

4    Since the start of the Class Period, Google could have redesigned its products that save

5    WAA-Off Data, including but not limited to the Firebase SDK and the Google Mobile Ads SDK,

6    so that no WAA-Off Data would be saved by Google.

7    **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

8    Google objects to this Request as vague and ambiguous.

9    Google also objects that the request is compound.

10    Google also objects that the request is irrelevant.

11    Google also objects that the term "redesigned" is vague and ambiguous.

12    Google also objects that the term "saved" is vague and ambiguous.

13    Google also objects that this Request is an incomplete hypothetical.

14    Google further objects to this Request to the extent that it seeks information protected by

15    the attorney-client privilege and/or the attorney work product doctrine.

16    Subject to the foregoing, Google responds that it can neither admit or deny this Request, as

17    it calls for information beyond Google's knowledge.

18    **REQUEST FOR ADMISSION NO. 28:**

19    Google can delete all WAA-Off Data stored by Google.

20    **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

21    Google objects to this Request as vague and ambiguous.

22    Google also objects that the request is compound.

23    Google also objects that the term "WAA-Off Data" is unintelligible and so overbroad as to

24    be meaningless.

25    Google also objects that this Request is an incomplete hypothetical.

26    Google further objects to this Request to the extent that it seeks information protected by

27    the attorney-client privilege and/or the attorney work product doctrine.

28

1    Subject to the foregoing, Google responds that it can neither admit or deny this Request, as

2  it calls for information beyond Google's knowledge.

3  **REQUEST FOR ADMISSION NO. 29:**

4    Google has used WAA-Off Data to track, model, or measure cross-app or -site

5  conversions. For purposes of this Request, "cross-app or -site conversions" includes a scenario in

6  which a User interacts with an advertisement within one app, or while on one website, and then

7  "converts" with respect to that prior advertisement within a different app or website (including but

8  not limited to by making a purchase, installing an app, opening an app, or filling out a form).

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

10    Google objects to this Request as vague and ambiguous.

11    Google also objects that the request is compound.

12    Google also objects that the term "WAA-Off Data" is unintelligible and so overbroad as to

13  be meaningless.

14    Google also objects that the term "track, model, or measure" is vague and ambiguous.

15    Google also objects that the term "interacts" is vague and ambiguous.

16    Google also objects that the term "converts" is vague and ambiguous.

17    Google further objects to this Request to the extent that it seeks information protected by

18  the attorney-client privilege and/or the attorney work product doctrine.

19    Subject to the foregoing, Google responds that it can neither admit or deny this Request, as

20  it calls for information beyond Google's knowledge.

21  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

22    Denied.

23  **REQUEST FOR ADMISSION NO. 30:**

24    Since the start of the Class Period, Google has not provided Users with any way to view

25  WAA-Off Data stored by Google.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

27    Google objects to this Request as vague and ambiguous.

28    Google also objects that the request is compound.

58698672.1

1   Google also objects that the term "Class Period" is vague and ambiguous because it fails to

2   provide a concrete range of time.

3   Google also objects that the term "WAA-Off Data" is unintelligible and so overbroad as to

4   be meaningless.

5   Google also objects that the term "view" is vague and ambiguous.

6   Google further objects to this Request to the extent that it seeks information protected by

7   the attorney-client privilege and/or the attorney work product doctrine.

8   Subject to the foregoing, Google responds that it can neither admit or deny this Request, as

9   it calls for information beyond Google's knowledge.

10  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

11  Denied.

12  **REQUEST FOR ADMISSION NO. 31:**

13  Since the start of the Class Period, Google has not provided Users with any way to delete

14  WAA-Off Data stored by Google.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

16  Google objects to this Request as vague and ambiguous.

17  Google also objects that the request is compound.

18  Google also objects that the term "Class Period" is vague and ambiguous because it fails to

19  provide a concrete range of time.

20  Google also objects that the term "WAA-Off Data" is unintelligible and so overbroad as to

21  be meaningless.

22  Google also objects that the term "way to delete" is vague and ambiguous.

23  Google also objects that the term "stored" is vague and ambiguous.

24  Google further objects to this Request to the extent that it seeks information protected by

25  the attorney-client privilege and/or the attorney work product doctrine.

26  Subject to the foregoing, Google responds that it can neither admit or deny this Request, as

27  it calls for information beyond Google's knowledge.

28

58698672.1

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Denied.

**REQUEST FOR ADMISSION NO. 32:**

Google cannot identify any privacy policy, terms of service, or other disclosure by a Non-Google App that explicitly informed or informs Users that Google will save WAA-Off Data. For purposes of this Request, "explicitly" requires at a minimum that the disclosure either refer by name to Web & App Activity (WAA) or supplemental Web & App Activity (sWAA) or inform Users that Google will save data relating to their app activity without regard to their Google settings.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Google objects to this Request as vague and ambiguous.

Google also objects that the request is compound.

Google also objects that the term "explicitly informed or informs" is vague and ambiguous.

Google also objects that the term "save data" is vague and ambiguous.

Google also objects that the term "WAA-Off Data" is unintelligible and so overbroad as to be meaningless.

Google further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Google responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 33:**

Non-Google Apps that use any of GA for Firebase, AdMob, and Cloud Messaging would continue to function and be usable even if Google did not store WAA-off Data collected by way of GA for Firebase, AdMob, and Cloud Messaging.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Google objects to this Request as vague and ambiguous.

Google also objects that the request is compound.

1    Google also objects that the term "usable" is vague and ambiguous.

2    Google also objects that the term "did not store" is vague and ambiguous.

3    Google also objects that the term "WAA-Off Data" is unintelligible and so overbroad as to

4    be meaningless.

5    Google further objects to this Request to the extent that it seeks information protected by

6    the attorney-client privilege and/or the attorney work product doctrine.

7    Subject to the foregoing, Google responds that it can neither admit or deny this Request, as

8    it calls for information beyond Google's knowledge.

9    **REQUEST FOR ADMISSION NO. 34:**

10    Google saves WAA-Off Data generated during Users' interactions with Non-Google Apps

11    by way of webviews.

12    **RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

13    Google objects to this Request as vague and ambiguous.

14    Google also objects that the term "Users' interactions" is vague and ambiguous.

15    Google also objects that the term "saves" is vague and ambiguous.

16    Google also objects that the term "by way of webviews" is vague and ambiguous.

17    Google also objects that the term "WAA-Off Data" is unintelligible and so overbroad as to

18    be meaningless.

19    Google further objects to this Request to the extent that it seeks information protected by

20    the attorney-client privilege and/or the attorney work product doctrine.

21    Subject to and without waiving the foregoing objections, Google responds as follows:

22    Denied.

23    **REQUEST FOR ADMISSION NO. 35:**

24    Google cannot identify any non-Google source or disclosure that explicitly informs Users

25    that Google saves WAA-Off Data. For purposes of this Request, "explicitly" requires at a

26    minimum that the source refer by name to Web & App Activity (WAA) or supplemental Web &

27    App Activity (sWAA). For purposes of this Request, "non-Google sources" refers to news articles,

28    academic publications, or any other publications not authored by Google.

58698672.1

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

Google objects to this Request as vague and ambiguous.

Google also objects that the term "WAA-Off Data" is unintelligible and so overbroad as to be meaningless.

Google also objects that the term "explicitly informs" is vague and ambiguous.

Google further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Google responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 36:**

Since the start of the Class Period, Google has maintained at least one dashboard, log, or table that reliably tracks WAA and sWAA "on-and-off events for all Google Account Ids on an individual level." (citing Google's Resp. to Interrogatory No. 13). For purposes of this Request, "reliably" means that the dashboard, log, or table is accurate.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

Google objects to this Request as vague and ambiguous.

Google also objects that the request is compound.

Google also objects that the term "dashboard, log, or table" is vague and ambiguous.

Google also objects that the term "reliably tracks" is vague and ambiguous.

Google further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Google responds as follows: Admitted.

**REQUEST FOR ADMISSION NO. 37:**

Google has used WAA-Off Data to track, model, or measure conversions that occur across Google and non-Google properties. This Request refers to a scenario in which a User interacts with an advertisement within a Google app, or while on a Google website, and then "converts" with respect to that prior advertisement within a non-Google app or non-Google website

58698672.1

1  (including but not limited to by making a purchase, installing an app, opening an app, or filling out

2  a form). This Request also includes the inverse scenario, where a User interacts with an

3  advertisement within a non-Google app, or while on a non-Google website, and then "converts"

4  with respect to that prior advertisement within a Google app or while on a Google website

5  (including but not limited to by making a purchase, installing an app, opening an app, or filling out

6  a form). Google has used WAA- Off Data to track, model, or measure conversions within those

7  scenarios.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

9      Google objects to this Request as vague and ambiguous.

10     Google also objects that the request is compound.

11     Google also objects that request refers to an unintelligible "scenario" and "inverse

12  scenario."

13     Google also objects that the term "WAA-Off Data" is unintelligible and so overbroad as to

14  be meaningless.

15     Google further objects to this Request to the extent that it seeks information protected by

16  the attorney-client privilege and/or the attorney work product doctrine.

17     Subject to and without waiving the foregoing objections, Google responds as follows:

18  Denied.

19  **REQUEST FOR ADMISSION NO. 38:**

20     Since the start of the Class Period, apart from discontinuing use of the Google Analytics

21  for Firebase service, there has been no way for an app developer whose Non-Google App uses

22  Google Analytics for Firebase to prevent Google from receiving and saving WAA-Off Data.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

24     Google objects to this Request as vague and ambiguous.

25     Google also objects that the term "Class Period" is vague and ambiguous because it fails to provide

26  a concrete range of time.

27     Google also objects that the term "receiving and saving" is vague and ambiguous.

28

1    Google also objects that the term "WAA-Off Data" is unintelligible and so overbroad as to

2  be meaningless.

3    Google further objects to this Request to the extent that it seeks information protected by

4  the attorney-client privilege and/or the attorney work product doctrine.

5    Subject to and without waiving the foregoing objections, Google responds as follows:

6  Denied.

7  **REQUEST FOR ADMISSION NO. 39:**

8    Google saves WAA-Off Data generated during Users' interactions with the Google Search

9  app.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

11    Google objects to this Request as vague and ambiguous.

12    Google also objects that the term "Users' interaction" is vague and ambiguous.

13    Google also objects that the request is irrelevant.

14    Google also objects that the term "WAA-Off Data" is unintelligible and so overbroad as to

15  be meaningless.

16    Google further objects to this Request to the extent that it seeks information protected by

17  the attorney-client privilege and/or the attorney work product doctrine.

18  **REQUEST FOR ADMISSION NO. 40:**

19    Using data that is stored within Google logs and data sources, and setting aside any and all

20  Google policies and technical impediments, it is possible to join WAA-off Data with data tied to a

21  user's Google account.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

23    Google objects to this Request as vague and ambiguous.

24    Google also objects that this Request as unintelligible because it requests that Google

25  "set[] aside any and all . . . technical impediments," and thus provide a response based in fantasy.

26    Google also objects that the term "WAA-Off Data" is unintelligible and so overbroad as to

27  be meaningless.

28

1    Google further objects to this Request to the extent that it seeks information protected by

2    the attorney-client privilege and/or the attorney work product doctrine.

3    **REQUEST FOR ADMISSION NO. 41:**

4    Google saves WAA-Off Data generated during Users' interactions with the YouTube app.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

6    Google objects to this Request as vague and ambiguous.

7    Google also objects that the term "Users' interaction" is vague and ambiguous.

8    Google also objects that the term "WAA-Off Data" is unintelligible and so overbroad as to

9    be meaningless.

10   Google also objects that the request is irrelevant.

11   Google further objects to this Request to the extent that it seeks information protected by

12   the attorney-client privilege and/or the attorney work product doctrine.

13   **REQUEST FOR ADMISSION NO. 42:**

14   Google saves WAA-Off Data generated during Users' interactions with the Gmail app.

15   **RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

16   Google objects to this Request as vague and ambiguous.

17   Google also objects that the term "Users' interaction" is vague and ambiguous.

18   Google also objects that the term "WAA-Off Data" is unintelligible and so overbroad as to

19   be meaningless.

20   Google also objects that the request is irrelevant.

21   Google further objects to this Request to the extent that it seeks information protected by

22   the attorney-client privilege and/or the attorney work product doctrine.

23   **REQUEST FOR ADMISSION NO. 43:**

24   Google saves WAA-Off Data generated during Users' interactions with the Google Maps

25   app.

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

27   Google objects to this Request as vague and ambiguous.

28   Google also objects that the term "Users' interaction" is vague and ambiguous.

58698672.1

1    Google also objects that the term "WAA-Off Data" is unintelligible and so overbroad as to

2    be meaningless.

3    Google also objects that the request is irrelevant.

4    Google further objects to this Request to the extent that it seeks information protected by

5    the attorney-client privilege and/or the attorney work product doctrine.

6    **REQUEST FOR ADMISSION NO. 44:**

7    Since the start of the Class Period, every version of the Google Privacy Policy has included

8    the following provision: "We will not reduce your rights under this Privacy Policy without your

9    explicit consent."

10   **RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

11   Google objects to this Request as vague and ambiguous.

12   Google also objects that the term "Class Period" is vague and ambiguous because it fails to

13   provide a concrete range of time.

14   Google further objects to this Request to the extent that it seeks information protected by

15   the attorney-client privilege and/or the attorney work product doctrine.

16   Subject to and without waiving the foregoing, Google Admits that the privacy policies it

17   has produced to Plaintiff are accurate.

18   **REQUEST FOR ADMISSION NO. 45:**

19   Google can change its processes so that Google no longer saves WAA-Off Data.

20   **RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

21   Google objects to this Request as vague and ambiguous.

22   Google also objects that the term "saves" is vague and ambiguous.

23   Google also objects that the term "WAA-Off Data" is unintelligible and so overbroad as to

24   be meaningless.

25   Google also objects that the request is irrelevant.

26   Google further objects to this Request to the extent that it seeks information protected by

27   the attorney-client privilege and/or the attorney work product doctrine.

28

58698672.1

**REQUEST FOR ADMISSION NO. 46:**

From March 31, 2020 through the present, Google's Terms of Service has contained the following provision: "California law will govern all disputes arising out of or relating to these terms, service-specific additional terms, or any related services, regardless of conflict of laws rules."

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

Google objects to this Request as vague and ambiguous.

Google further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing, Google admits that the Terms of Service it has produced to Plaintiff are accurate.

**REQUEST FOR ADMISSION NO. 47:**

From April 14, 2014 through March 30, 2020, Google's Terms of Service included the following provision: "The laws of California, U.S.A., excluding California's conflict of laws rules, will apply to any disputes arising out of or relating to these terms or the Services."

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Google objects to this Request as vague and ambiguous.

Google further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing, Google admits that the Terms of Service it has produced to Plaintiff are accurate.

**REQUEST FOR ADMISSION NO. 48:**

Google has used WAA-Off Data it saves to train at least one machine-learning algorithm used by at least one Google product or service, including but not limited to Google Search, YouTube, Gmail, AdMob, Ad Manager, or Ads.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

Google objects to this Request as vague and ambiguous.

Google also objects that the term "saves" is vague and ambiguous.

58698672.1

Google also objects that the term "train" is vague and ambiguous.

Google also objects that the term "WAA-Off Data" is unintelligible and so overbroad as to be meaningless.

Google also objects that the request is irrelevant.

Google further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

Denied.

**REQUEST FOR ADMISSION NO. 49:**

Since the start of the Class Period, Google has used WAA-Off Data to create User profiles. For purposes of this Request, the phrase "User profiles" shall include identification of characteristics (e.g., age, gender, location, interests) associated with Users or devices.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

Google objects to this Request as vague and ambiguous.

Google also objects that the term "Class Period" is vague and ambiguous because it fails to provide a concrete range of time.

Google also objects that the term "User profile" is vague and ambiguous.

Google also objects that the term "WAA-Off Data" is unintelligible and so overbroad as to be meaningless.

Google further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing, Denied.

**REQUEST FOR ADMISSION NO. 50:**

Since the start of the Class Period, Google has served ads to WAA-Off Users based on User profiles. For purposes of this Request, the phrase "User profiles" shall include identification of characteristics (e.g., age, gender, location, interests) associated with Users or devices.

**RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

Google objects to this Request as vague and ambiguous.

1   Google also objects that the term "WAA-Off Data" is unintelligible and so overbroad as to

2   be meaningless.

3   Google also objects that the term "Class Period" is vague and ambiguous because it fails to

4   provide a concrete range of time.

5   Google also objects that the request is irrelevant.

6   Subject to and without waiving the foregoing objections, Denied.

7   **REQUEST FOR ADMISSION NO. 51:**

8   Google saves WAA-Off Data generated during Users' interactions with the Google

9   Chrome app, including through webviews on Non-Google Apps.

10   **RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

11   Google objects to this Request as vague and ambiguous.

12   Google also objects that the request is compound.

13   Google also objects that the term "saves" is vague and ambiguous.

14   Google also objects that, as defined, the term "Users'" is vague, ambiguous, and

15   overbroad.

16   Google also objects that the term "WAA-Off Data" is unintelligible and so overbroad as to

17   be meaningless.

18   **REQUEST FOR ADMISSION NO. 52:**

19   Google Firebase, Google Analytics for Firebase, AdMob, and Cloud Messaging are not

20   essential to the functioning of Non-Google Apps.

21   **RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

22   Google objects to this Request as vague and ambiguous.

23   Google also objects that the term "essential" is vague and ambiguous.

24   Google also objects that the term "functioning" is vague and ambiguous.

25   Google also objects that the request is irrelevant.

26   Google further objects to this Request to the extent that it seeks information protected by

27   the attorney-client privilege and/or the attorney work product doctrine.

28

58698672.1

Dated: November 7, 2022                           WILLKIE FARR & GALLAGHER LLP


                                              By: */s/ Eduardo E. Santacana*
                                                  Eduardo E. Santacana

                                                  *Attorneys for Defendant Google LLC*

1

## PROOF OF SERVICE

2          I am employed in the City and County of San Francisco, State of California.  I am over the

3    age of eighteen years and not a party to the within action.  My business address is Willkie Farr &

4    Gallagher LLP, One Front Street, San Francisco, CA 94111.

5          On November 7, 2022, I served the following document(s) on the individuals identified

6    below:

7    -    **DEFENDANT GOOGLE LLC'S RESPONSES TO PLAINTIFFS' REQUESTS
          FOR ADMISSION, SET FOUR**

8

9    ☑    by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct
          copy scanned into an electronic file in Adobe "pdf" format.  The transmission was reported
10        as complete and without error.

11

12   Mark C. Mao                                    James Lee
     Beko Osiris Ra Reblitz-Richardson              Rossana Baeza
13   Erika Britt Nyborg-Burch                       **BOIES SCHILLER FLEXNER LLP**
     **BOIES SCHILLER FLEXNER LLP**                 100 SE Second Street, Suite 2800
14   44 Montgomery Street, 41st Floor               Miami, FL  33131
     San Francisco, CA 94104                        Telephone:  (305) 539-8400
15   Telephone: (415) 293 6858                      E-mail:  jlee@bsfllp.com
     Facsimile: (415) 999 9695                      E-mail:  rbaeza@bsfllp.com
16   E-mail:  mmao@bsfllp.com
     E-mail:  brichardson@bsfllp.com
17   E-mail:  enyborg-burch@bsfllp.com

18
     Jesse Michael Panuccio
19   **BOIES SCHILLER FLEXNER LLP**
     1401 New York Avenue, NW
20   Washington, DC  20005
     Telephone:  (202) 237-2727
21   E-mail:  jpanuccio@bsfllp.com

22
     William Christopher Carmody                    Amanda Bonn
23   Shawn J. Rabin                                 **SUSMAN GODFREY LLP**
     Steven M. Shepard                              1900 Avenue of the Stars, Suite 1400
24   Alexander Patrick Frawley                      Los Angeles, CA  90067
     Ryan Sila                                      E-mail:  abonn@SusmanGodfrey.com
25   **SUSMAN GODFREY LLP**
     1301 Avenue of the Americas, 32nd Floor
26   New York, NY  10019
     Telephone:  (212) 336-8330
27   E-mail:  bcarmody@susmangodfrey.com

28

PROOF OF SERVICE RE: DEFENDANT GOOGLE'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' REQUESTS FOR ADMISSION,
SET FOUR
CASE NO.  3:20-CV-04688 RS

E-mail:  srabin@susmangodfrey.com
E-mail:  sshepard@susmangodfrey.com
E-mail:  afrawley@susmangodfrey.com
E-mail:  rsila@susmangodfrey.com

Ian B. Crosby
Jenna Golda Farleigh
**SUSMAN GODFREY LLP**
401 Union Street
Ste. 3000
Seattle, WA 98101-3000
Telephone:  206-516-3880
E-mail:  icrosby@susmangodfrey.com
E-mail:  jfarleigh@susmangodfrey.com

John A. Yanchunis                     Michael Francis Ram
Ryan J. McGee                         **MORGAN & MORGAN**
Jean Sutton Martin                    **COMPLEX LITIGATION GROUP**
Ra Olusegun Amen                      711 Van Ness Avenue, Suite 500
**MORGAN & MORGAN**                   San Francisco, CA 94102
**COMPLEX LITIGATION GROUP**          Telephone:  (415) 358-6913
201 N. Franklin Street, 7th Floor     E-mail:  MRam@forthepeople.com
Tampa, FL  33602
Telephone:  (813) 223-5505
E-mail:  jyanchunis@forthepeople.com
E-mail:  rmcgee@forthepeople.com
E-mail:  jeanmartin@forthepeople.com
E-mail:  ramen@forthepeople.com

*Attorneys for Plaintiffs*

Executed on November 7, 2022 at San Francisco, California.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

                                      */s/ Harris Mateen*
                                      Harris Mateen