# EXHIBIT D

**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
  sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
  esantacana@willkie.com
LORI C. ARAKAKI (SBN: 315119)
  larakaki@willkie.com
ARGEMIRA FLOREZ (SBN: 331153)
  aflorez@willkie.com

One Front Street, 34th Floor
San Francisco, CA 94111
Telephone: (415) 858-7400
Facsimile: (415) 858-7599

Attorneys for Defendant
GOOGLE LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO

| | |
|---|---|
| ANIBAL RODRIGUEZ AND JULIE ANNA MUNIZ, individually and on behalf of all other similarly situated,<br><br>            Plaintiff,<br><br>    vs.<br><br>GOOGLE LLC, *et al.*,<br><br>            Defendant. | Case No. 3:20-CV-04688<br><br>**DEFENDANT GOOGLE LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET SEVEN**<br><br>Judge:      Hon. Richard Seeborg<br>Courtroom:  3, 17th Floor<br>Action Filed: July 14, 2020 |

PROPOUNDING PARTY:   PLAINTIFFS ANIBAL RODRIGUEZ AND JULIEANNA MUNIZ

RESPONDING PARTY:    DEFENDANT GOOGLE LLC

SET NO.:             SEVEN

certain period of time after the app developer opts to delete their analytics account). *See* Ganem Rough Tr. at 111–12.

**INTERROGATORY NO. 22:**

Including any changes during the Class Period, please specify and describe the types of WAA-Off Data that Google saved or currently saves related to Users' interactions with Google Apps. Please describe how that data differs, if at all, from the types of WAA-Off Data related to users' interactions with Non-Google Apps and how that data differs, if at all, based on whether it was collected during a User's interaction with any of the following apps: Google Search, YouTube, Google Maps, Gmail, and Chrome (including Webviews in Chrome from Non-Google Apps).

**RESPONSE TO INTERROGATORY NO. 22:**

Google objects to this Interrogatory as vague and ambiguous as to several undefined terms and phrases susceptible to multiple meanings. For purposes of this response, Google construes "Google" to mean Google LLC; "WAA" to mean the account-level setting called Web & App Activity; "Data" to mean and refer to the types of data sent to Google via GA for Firebase as alleged in the Third Amended Complaint, and Google excludes from this definition, among other things, diagnostic-type data sent to Google for the purpose of diagnosing hardware or software issues, none of which is implicated by Plaintiffs' allegations. Google additionally objects to this Interrogatory as vague, ambiguous, and confusing as to the incorporation of the undefined terms and phrases "changes," "saved"/"saves," "interactions," and "differs," all of which Google will construe as consistent with their ordinary usage and meaning.

Google further objects to this Interrogatory as overbroad, unduly burdensome, and abusive to the extent it seeks information that is not relevant to any claim or defense in this Action, including because it seeks information concerning any data that Google receives or collects, without limitation as to whether such data is sent to Google by third-party app developers after collection, if any, through GA for Firebase, Cloud Messaging, or AdMob—i.e., concerning Plaintiffs' theory of wrongdoing in the Third Amended Complaint. Judge Tse has already ruled that "'[t]his is a case about a *particular* Google practice, not *any* Google privacy practice.'" Order

1   on RFP Nos. 1–3, ECF No. 85 at 2:3-5 (emph. in original).  Accordingly, to the extent this
2   Request seeks information concerning unspecified processes and/or practices, it is overbroad and
3   unduly burdensome.
4         Google additionally objects to this Interrogatory as overbroad, unduly burdensome, and
5   abusive to the extent it seeks information that is not relevant to any claim or defense in this
6   Action, including because it seeks information concerning end user interactions with Google's
7   first-party apps, including Google Search, YouTube, Google Maps, Gmail, and Chrome, none of
8   which are related to Plaintiffs claims in this case that third-party app developers send data to
9   Google after collection—i.e., concerning Plaintiffs' theory of wrongdoing in the Third Amended
10  Complaint.  Accordingly, to the extent this Request seeks information concerning first-party apps,
11  it is overbroad and unduly burdensome.
12        Google further objects to this Interrogatory as duplicative, including because Google has
13  already responded in extensive detail to an interrogatory concerning Google's "data collection
14  with its Firebase SDK" (Interrogatory No. 1), including by describing in detail the data Google
15  receives, and the collects," "what impact if any turning off (or previously pausing) Web & App
16  Activity has" on Google's receipt of the app-interaction data," and the steps app developers can
17  take to impact Google's processing of the data sent to Google.  Google has also responded in
18  extensive detail to an interrogatory concerning the "functionality of WAA" (Interrogatory No. 4),
19  including responding that "WAA has never controlled whether Google Analytics for Firebase
20  collects and sends user activity data from third party apps to Google servers," and "[a]t no point
21  has Google represented that WAA would control whether Google Analytics for Firebase collects
22  user activity data."  Google thus further objects to this Interrogatory as unduly burdensome,
23  overbroad, and disproportionate to the needs of this action, including because Google has never
24  represented that WAA would control whether app developers send data to Google and Google
25  does not collect and store any personally-identifiable app interaction data when WAA is off.
26        Google further objects to this Interrogatory to the extent that it seeks information protected
27  by the attorney-client privilege and/or the attorney work product doctrine.
28

CONFIDENTIAL

1 **INTERROGATORY NO. 23:**

2   Including any changes during the Class Period, please describe the types of data that
3 Google received or currently receives by way of the Google Mobile Ads SDK. Please include
4 within your response how a User's decision to switch off WAA and/or sWAA impacted or
5 currently impacts Google's receipt and storage of that information.

6 **RESPONSE TO INTERROGATORY NO. 23:**

7   Google objects to this Interrogatory as vague and ambiguous as to several undefined terms
8 and phrases susceptible to multiple meanings. For purposes of this response, Google construes
9 "Google" to mean Google LLC and "WAA" to mean the account-level setting called Web & App
10 Activity. Google further objects to this Interrogatory as overbroad, unduly burdensome, and
11 abusive to the extent it seeks information related to the "Google Mobile Ads SDK," which is
12 beyond the scope of this lawsuit. Google further objects to this Interrogatory as vague and
13 ambiguous as to "types of data," "User's decisions," "impacted or currently impacts," and "receipt
14 and storage." Google further objects to this Interrogatory to the extent it seeks information that is
15 publicly available on Google's website, at Information regarding Google Mobile Ads SDK and its
16 data collection and sharing processes can be found at
17 https://developers.google.com/admob/android/play-data-disclosure.

18   Subject to and without waiving the foregoing objections, Google will not provide any
19 further response to this Interrogatory.

20 **INTERROGATORY NO. 24:**

21   If Google's Response to Request for Admission No. 33 is anything but an unqualified
22 admission, please explain how Non-Google Apps that use any of GA for Firebase, AdMob, or
23 Cloud Messaging would cease functioning and/or become unusable to their users if Google no
24 longer stored WAA-off Data collected by way of GA for Firebase, AdMob, and Cloud Messaging.

25 **RESPONSE TO INTERROGATORY NO. 24:**

26   Google objects to this Interrogatory as vague and ambiguous as to several undefined terms
27 and phrases susceptible to multiple meanings. For purposes of this response, Google construes
28 "Google" to mean Google LLC; "WAA" to mean the account-level setting called Web & App

1  Activity; "Data" to mean and refer to the types of data sent to Google via GA for Firebase as
2  alleged in the Third Amended Complaint, and Google excludes from this definition, among other
3  things, diagnostic-type data sent to Google for the purpose of diagnosing hardware or software
4  issues, none of which is implicated by Plaintiffs' allegations.  Google additionally objects to this
5  Interrogatory as vague, ambiguous, and confusing as to the incorporation of the undefined terms
6  and phrases "cease functioning" and "become unusable," both of which Google will construe as
7  consistent with their ordinary usage and meaning.  Google further objects to this interrogatory to
8  the extent it incorporates Request for Admission No. 33 and the vague and ambiguous terms
9  therein, and is therefore vague and ambiguous.

10       Google further objects to this Interrogatory as overbroad, unduly burdensome, and abusive
11  to the extent it seeks information that is not relevant to any claim or defense in this Action,
12  including because it seeks information concerning any data that Google receives or collects,
13  without limitation as to whether such data is sent to Google by third-party app developers after
14  collection, if any, through GA for Firebase, Cloud Messaging, or AdMob—i.e., concerning
15  Plaintiffs' theory of wrongdoing in the Third Amended Complaint.  Judge Tse has already ruled
16  that "'[t]his is a case about a *particular* Google practice, not *any* Google privacy practice.'"  Order
17  on RFP Nos. 1–3, ECF No. 85 at 2:3-5 (emph. in original).  Accordingly, to the extent this
18  Request seeks information concerning unspecified processes and/or practices, it is overbroad and
19  unduly burdensome.

20       Google further objects to this Interrogatory as overbroad and abusive to the extent it seeks
21  information about the function and proprietary coding of third-party apps outside Google's
22  possession, custody, and control.

23       Google further objects to this Interrogatory to the extent that it seeks information protected
24  by the attorney-client privilege and/or the attorney work product doctrine.

25  **INTERROGATORY NO. 25:**
26       If Google's Response to Request for Admission No. 38 is anything but an unqualified
27  admission, please explain how an app developer whose Non-Google App uses Google Analytics
28  for Firebase can (or at any time during the Class Period could) prevent Google from receiving and