# EXHIBIT C

1  **WILLKIE FARR & GALLAGHER LLP**
   BENEDICT Y. HUR (SBN: 224018)
2    bhur@willkie.com
   SIMONA AGNOLUCCI (SBN: 246943)
3    sagnolucci@willkie.com
   EDUARDO E. SANTACANA (SBN: 281668)
4    esantacana@willkie.com
   LORI C. ARAKAKI (SBN: 315119)
5    larakaki@willkie.com
   ARGEMIRA FLOREZ (SBN: 331153)
6    aflorez@willkie.com
7
   Attorneys for
8  GOOGLE LLC

9                    UNITED STATES DISTRICT COURT
10                  NORTHERN DISTRICT OF CALIFORNIA
11                           SAN FRANCISCO

12 | | |
|---|---|
| ANIBAL RODRIGUEZ, JULIEANNA MUNIZ, ELIZA CAMBAY, SAL CALTADO, EMIR GOENAGA, JULIAN SANTIAGO, HAROLD NYANJOM, KELLIE NYANJOM, and SUSAN LYNN HARVEY individually and on behalf of all other similarly situated,<br><br>Plaintiffs<br><br>vs<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688<br><br>**DEFENDANT GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TEN**<br><br>Judge:      Hon. Richard Seeborg<br>Courtroom:  3, 17th Floor<br>Action Filed: July 14, 2020<br>Trial Date:  Not Set |

PROPOUNDING PARTY:   PLAINTIFFS Anibal Rodriguez, Sal Cataldo, Julian Santiago, Harold Nyanjom, and Susan Lynn Harvey

RESPONDING PARTY:    DEFENDANT Google LLC

SET NO.:             TEN

or during a user's visit to an app," which fails to define "information," "generated," and "visit." Google additionally objects to the extent this definition incorporates the vague, ambiguous, and overbroad term "services" without limitation, and also purports to include applications that do not employ GA for Firebase, AdMob, and/or Firebase Cloud Messenger.

**RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 279:**

Limited to the Class Period, please produce all Documents relating to any Google job performance reviews (including without limitation any self evaluations) for each of the 24 Google document custodians in this case, listed in Exhibit A.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 279:**

Google incorporates its general responses and objections as set forth above. The parties have met and conferred over Plaintiffs' first 278 document requests dozens of times by phone, videoconference, e-mail, and written letter. This tenth set of document requests is largely duplicative of earlier document requests. Google's position in response to the earlier document requests hasn't changed, and propounding them again in this set in identical or slightly tweaked formulations will not change it, either. Google has produced non-custodial documents as well as thousands of custodial documents and Google is continuing to review and produce additional custodial documents in response to Plaintiffs' first nine sets of document requests. These additional requests are unduly burdensome and abusive in light of the existing requests.

Google objects to Request No. 279 as overbroad and unduly burdensome to the extent that it seeks "*any* Google job performance reviews" for all 24 of the Google document custodians in this case, without reference to the subject of this lawsuit. Each of these document custodians have broad roles beyond the subject of this lawsuit and seeking "any" performance review without limitation is abusive.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 281:**

Please produce all Documents related to the Pr*** Na*** project discussed in GOOG-RDGZ-00184430.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 281:**

Google incorporates its general responses and objections as set forth above. The parties have met and conferred over Plaintiffs' first 278 document requests dozens of times by phone, videoconference, e-mail, and written letter. This tenth set of document requests is largely duplicative of earlier document requests. Google's position in response to the earlier document requests hasn't changed, and propounding them again in this set in identical or slightly tweaked formulations will not change it, either. Google has produced non-custodial documents as well as thousands of custodial documents and Google is continuing to review and produce additional custodial documents in response to Plaintiffs' first nine sets of document requests. These additional requests are unduly burdensome and abusive in light of the existing requests.

Google further objects to Request No. 281 as overbroad, unduly burdensome, and abusive to the extent it seeks information that is not relevant to any claim or defense in this action. Plaintiff's theory of wrongdoing pertains to data sent to Google by third-party app developers after collection, if any, through GA for Firebase, Cloud Messaging, or AdMob. Plaintiff's theory of wrongdoing does not pertain to any allegation involving "the Pr*** Na*** project." Google further objects to the extent that Request No. 281 seeks "all" documents, without limitation to any that are relevant to this lawsuit.

This request is not relevant or proportional to the needs of this case, and the burden of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce responsive, non-privileged search term hits from agreed-upon or Court-ordered custodians to the extent they have not already been produced and are related to the function of the Web & App Activity setting that is relevant to this matter.

58060538.2

1  unintelligible.

2      Subject to and without waiving the foregoing objections, Google responds as follows:

3  Google has already produced documents responsive to this request and it does not intend to

4  produce any further documents..

5

6  Dated: October 31, 2022                    **WILLKIE FARR & GALLAGHER LLP**

7
                                              By: */s/ Eduardo E. Santacana*
8                                                      Eduardo Santacana

9                                             *Attorneys for Defendant Google LLC*