**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
  sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
  esantacana@willkie.com
LORI C. ARAKAKI (SBN: 315119)
  larakaki@willkie.com
ARGEMIRA FLOREZ (SBN: 331153 )
  aflorez@willkie.com
HARRIS MATEEN (SBN: 335593)
  hmatten@willkie.com
One Front Street, 34th Floor
San Francisco, CA 94111
Telephone: (415) 858-7400
Facsimile:  (415) 858-7599

Attorneys for Defendant
GOOGLE LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>GOOGLE LLC,<br><br>　　　　　　　　Defendant. | Case No. 3:20-CV-04688-RS<br><br>**DEFENDANT GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE**<br><br>The Honorable Richard Seeborg<br>Date:  December 1, 2022<br>Time: 1:30 p.m.<br>Place: Courtroom 3 - 17th Floor<br><br>Action Filed:　　　July 14, 2020<br>Trial Date:　　　　Not Yet Set |

# <u>TABLE OF CONTENTS</u>

Page(s)

I. INTRODUCTION ...................................................................................1

II. PROCEDURAL BACKGROUND...........................................................2

III. STATUS OF PLAINTIFFS' SEVEN DISCOVERY ITEMS .......................................3

IV. ARGUMENT .......................................................................................5

    A.    Plaintiffs' justifications for extending the discovery period are meritless and either moot or tardy......................................................................................6

    B.    Plaintiffs' complaints about Google's supposed delay are meritless.................9

        1.    Google diligently produced documents well before the October 31 cutoff. ...............................................................................10

        2.    Google diligently produced witnesses for deposition. .........................11

        3.    Google diligently produced logs data, and Plaintiffs dithered as to what more data they might want until after discovery closed. ............13

V. CONCLUSION.................................................................................14

GOOGLE'S OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE
CASE NO. 3:20-CV-04688-RS

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Design Data Corp. v. Unigate Enter., Inc.,*
    No. 12-CV-04131-WHO, 2014 WL 4477244 (N.D. Cal. Sept. 11, 2014) ...............................6

*Harper v. Lugbauer,*
    No. 11-CV-01306-JST, 2013 WL 3938699 (N.D. Cal. July 29, 2013)...................................7

*Hill v. Goodfellow Top Grade,*
    No. 18-CV-01474-HSG, 2019 WL 2716487 (N.D. Cal. June 28, 2019)..................................5

*Jacobson v. Persolve, LLC,*
    No. 14-CV-00735-LHK, 2015 WL 2061712 (N.D. Cal. May 1, 2015) ...................................5

*Johnson v. Mammoth Recreations, Inc.,*
    975 F.2d 604 (9th Cir. 1992) ...............................................................................................5

*Keck v. Alibaba.com Hong Kong Ltd.,*
    No. 17-CV-05672-BLF, 2019 WL 2029072 (N.D. Cal. May 8, 2019) ...................................6

*Krzyzanowski v. Orkin Exterminating Co.,*
    No. C 07-05362 SBA, 2009 WL 4573318 (N.D. Cal. Dec. 1, 2009) .......................................6

*Cotton, ex rel. Ngondji v. City of Eureka, Cal.,*
    No. C 08-4386 SBA, 2010 WL 2382255 (N.D. Cal. June 10, 2010) .....................................7

*Osakan v. Apple Am. Grp.,*
    No. C 08-4722 SBA, 2010 WL 1838701 (N.D. Cal. May 5, 2010) ........................................9

*Schaffner v. Crown Equip. Corp.,*
    No. C 09-00284 SBA, 2011 WL 6303408 (N.D. Cal. Dec. 16, 2011) .....................................9

*In re Sulfuric Acid Antitrust Litig.,*
    231 F.R.D. 331 (N.D. Ill. 2005)...........................................................................................6

**Other Authorities**

Fed. R. Civ. P. 16(b) ...............................................................................................................5

Fed. R. Civ. P. 30(b)(6)........................................................................................................4, 10

## I.    <u>INTRODUCTION</u>

Deadlines clarify the mind. Without them, litigants will cast about endlessly, especially when they are looking for something and can't find it—like, here, evidence of wrongdoing. With deadlines, litigants are forced to make hard decisions—to narrow the case to what's most important, compromise where necessary, and focus on the material facts and law that will help bring the case to resolution.

This case was filed on July 15, 2020. The fact discovery deadline finally passed on October 31, 2022 and it clarified for Plaintiffs that the case they filed has no merit or monetary value, and that the facts they hoped to uncover just don't exist. The discovery cutoff in this case has moved a total of eleven months already. Plaintiffs have had ample opportunity to obtain the discovery they think they need to prosecute their claims, and to seek relief from Judge Tse where necessary. Indeed, they've filed 15 motions to compel (with variable results). There is no doubt they have known throughout this case how to protect their discovery rights, and Google has complied with every one of the Court's rulings.

And yet: Plaintiffs filed discovery motions for additional depositions and a breathtaking breadth of irrelevant logs data in the last week of discovery; served eight more discovery letter briefs on Google in the seven days after discovery closed seeking documents and depositions; filed this motion to extend the discovery schedule; and filed a motion for leave to amend the operative Third Amended Complaint to add a new claim about Google's Search platform in a case that, for over two years, has only been about third party mobile device apps using Firebase. This Court should weigh the relief sought in this motion in light of the entirety of Plaintiffs' last-ditch effort to reopen long-closed factual inquiries and open new fronts in what Plaintiffs' counsel's firm calls "the Google Wars" when it is talking to potential new plaintiffs. Santacana Decl. ISO Opp'n to Mot. For Relief from CMS, filed concurrently ("2022 Santacana Decl."), Ex. 1.

While Plaintiffs' counsel may want to continue waging war (as long as they can find more plaintiffs to spearhead it), this particular battle is over, and this motion, coupled with their ten

letter briefs and their motion to amend the complaint, is meant solely to deprive Google of the opportunity to demonstrate the truth to the Court through a dispositive motion.

Plaintiffs move to extend the case schedule primarily by laying a litany of complaints at Google's feet about supposed delay. All of these complaints are meritless, and Google will address them below. More importantly, none of these complaints require extending the case schedule. Plaintiffs list seven items of outstanding discovery work that they claim justify expanding the case schedule. This Court should deny the motion because no item in the list justifies giving Plaintiffs more time to prepare expert reports by January 20 and file their motion for class certification on June 9, 2023, seven months from now.

Items 1, 4, 5, and 7 on Plaintiffs' list are the subject of discovery letter briefs Plaintiffs filed in the last week of discovery or on the last possible day, one week after discovery closed. *See* Dkt. Nos. 261–264. Whatever the Court rules on those briefs, Google will comply. Local Rule 37-3 anticipates close-of-discovery motions, so post-cutoff discovery work is by definition a normal part of closing discovery. Extending discovery would only serve to repeat that same process and invite more close-of-discovery motions.

Next, items 2 and 3 relate to three depositions Plaintiffs took in November. When this Court hears this motion on December 1, all three depositions will have been completed. Item 6 relates to a letter brief concerning Google's privilege log that the parties resolved by agreement on November 7. That item is now moot.

Since Plaintiffs stake their motion on those seven items, and each are in hand, there is no reason to extend the case schedule. The Court can easily deny the Motion.

## II.  PROCEDURAL BACKGROUND

We have been here before. The original discovery cutoff in this case was November 12, 2021. Case Management Order, Dkt. 59. The parties stipulated to extend the schedule 60 days to accommodate a pending motion to dismiss and the Court granted that request. On October 29, 2021, with the then-cutoff of January 11, 2022 looming, Plaintiffs moved to extend the case schedule by six months, arguing, similar to their motion here, that Google had engaged in

"gamesmanship" and prejudicial "delay," that Plaintiffs wanted to quintuple the number of custodians and seek more documents, that Google had "refused to produce any . . . logs for the data, which are necessary to understanding how class members' data is collected and how it is used ," that "Google has also refused to meaningfully engage in resolving discovery disputes" by delaying its return of letter brief drafts, and that Google was "intent into forcing into immediate depositions" of its employees that Plaintiffs were not ready to take. Dkt. 153 at 2, 9. At the same time, Plaintiffs served on Google a raft of letter briefs seeking more documents and more custodians, which resulted in four filed motions. *See* Dkt. Nos. 155, 167, 188, 201. As discussed in more detail *infra*, Part IV.B., the Court granted Plaintiffs an additional six months to conduct fact discovery. Dkt. 180.

Since then, the case has only narrowed. This Court ultimately dismissed with prejudice all of Plaintiffs' claims except common law intrusion upon seclusion and violation of the CDAFA, an anti-hacking statute. Dkt. 209.

Meanwhile, Plaintiffs expanded the scope of discovery, securing an Order in May 2022 that Google should use certain search terms to review the files of nineteen custodians beyond the five Google had initially designated. Dkt. 238. Google substantially completed that production on July 28, 2022, less than 90 days later. 2022 Santacana Decl. ¶ 4.

In the last week of discovery, Plaintiffs filed a letter brief before Judge Tse seeking three additional depositions and another one seeking logs data. Dkt. Nos. 250, 256. In the seven days after discovery closed, Plaintiffs served on Google another eight letter briefs. The parties resolved three of them, and Plaintiffs filed five of them on November 7, 2022. Dkt. Nos. 260–264.

### III.    STATUS OF PLAINTIFFS' SEVEN DISCOVERY ITEMS

Pages 1 and 2 of Plaintiffs' instant Motion list seven items that Plaintiffs say justify extending discovery. They repeat that list again in different form on pages 5–8.

Items 1, 4, 5, and 7 map directly to discovery letter briefs Plaintiffs filed in the last week of discovery or on the last possible day to file such a motion, one week after discovery closed.

Items 2 and 3 relate to three depositions that, when this Court hears this motion on December 1, will have been completed. Item 6 relates to a letter brief concerning Google's privilege log that the parties resolved by agreement on November 7. That item is now moot.

The list of seven discovery items on pages 1 and 2 of Plaintiffs' Motion and their statuses are summarized in the table below for the Court's convenience:

| Item Number | Status | Notes |
|---|---|---|
| 1. Data relating to "Google's storage and use of WAA-off data." | Letter Brief at Dkt. 250 (pending) (supplemental briefing at Dkt. 253) | As discussed *infra*, Part IV.B., Plaintiffs have long known Google's position on this specific data, and chose to wait to seek relief on this subject until seven days after discovery closed. |
| 2. Depositions of Dan Stone and Rahul Oak | Scheduled for Nov. 15 and Nov. 18. | Mr. Stone is a third party and requested a deposition in November. Mr. Oak is a third party who traveled to India for most of October and was not available until Nov. 18. Both depositions will be complete by the hearing on this Motion. |
| 3. Rule 30(b)(6) Deposition of Belinda Langner | Scheduled for mid-November | As discussed *infra*, Part IV.B., this deposition was scheduled for mid-November at *Plaintiffs'* request; Google made Ms. Langner available for deposition on Oct. 26, but Plaintiffs wanted more documents before taking the deposition. |
| 4. Plaintiffs' Ninth Set of RFPs (referred to as "Google Documents" on page 6 of the Motion) | Resolved by the parties in compromise on Nov. 7. | These document requests seek discrete calculations such as average rates paid to publishers who monetize their apps with AdMob so Plaintiffs' expert can use the calculations in a damages report due Jan. 31, 2023. |
| 5. Plaintiffs' request for four additional depositions | Letter Brief at Dkt. 256 (pending) | On the grounds that their chosen deponents did not have enough knowledge, Plaintiffs moved to compel short depositions of document custodians Sam Heft-Luthy, Arne de Booij, JK Kearns, and Xinyu Ye. Those custodians' documents were produced by the end of July 2022. Plaintiffs waited to ask for their depositions until the last possible day, on Nov. 7. |

| 6. Google's Privilege Log "deficiencies" (referred to as "Google Privilege Assertions" on page 7 of the Motion) | Resolved by the parties in compromise on Nov. 7. | Plaintiffs asked Google to re-review 2,000 documents on Google's privilege log served Nov. 2021 and supplemented September 2022. Google agreed to the re-review to avoid an unnecessary dispute. That review will be complete when the Court hears this motion. |
|---|---|---|
| 7. Documents and Depositions of Micha Segeritz, Suneeti Vakharia, and Emil Ochotta (referred to as "Google Revenue Impact for WAA Controls" on page 7 of the Mot.) | Letter Brief at Dkt. 261 (pending). | Plaintiffs seek discrete document productions and potential depositions from three other individuals who were not custodians. They have had hundreds of documents from those custodians for many months, but did not move to compel further productions until the last possible day. Google opposes the request. |

## IV.    ARGUMENT

As they did last time, Plaintiffs misstate the legal standard that applies to this motion. It is not, as Plaintiffs claim, that *any* good cause is enough to endlessly continue discovery cutoffs. The Rule 16(b) good cause standard "primarily considers the diligence of the party seeking the amendment." *Hill v. Goodfellow Top Grade*, No. 18-CV-01474-HSG, 2019 WL 2716487, at *2 (N.D. Cal. June 28, 2019). Plaintiffs bear the "burden to show that [they] acted diligently to comply with the Court's deadline but [were] unable to comply because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference." *Jacobson v. Persolve, LLC*, No. 14-CV-00735-LHK, 2015 WL 2061712, at *3 (N.D. Cal. May 1, 2015) (citation and quotation marks omitted). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Where the moving party has not been diligent, the inquiry ends, and the motion should be denied." *Hill*, 2019 WL 2716487, at *2 (quoting *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)).

Importantly, this standard does not take into account supposed delay on the part of the non-movant. There is a mechanism to address undue delay. If "Plaintiffs believed that Defendants were interfering with the discovery process, . . . it was incumbent upon Plaintiffs to seek relief

from the assigned discovery magistrate—as opposed to waiting until after the close of discovery to seek yet another continuance of the trial date." *Krzyzanowski v. Orkin Exterminating Co.*, No. C 07-05362 SBA, 2009 WL 4573318, at *1 (N.D. Cal. Dec. 1, 2009).

Indeed, courts look askance at close-of-discovery extension requests because of the risk that the motion represents little more than regret of a tactical decision made earlier in the litigation. Courts do not grant extensions when the "plaintiffs knew from the outset what [the defendant]'s position was, and they had the option to do something about it," but made a "conscious decision . . . not to bring the matter to the court's attention." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 337 (N.D. Ill. 2005).

Plaintiffs have never filed a motion before Judge Tse arguing that Google should move more quickly. The discovery history as recounted in this brief, *infra* Part Iv.B., is one of significant disagreement over the scope of the case, repeated resolution of discovery disputes by Judge Tse, and ultimately the completion of both document and deposition discovery. There's nothing left to do, apart from the last-minute items Plaintiffs scrounged up to file this Motion. But Plaintiffs "had knowledge of the majority of the facts [they] claim[] support[ their] motion" months or even over a year ago. *Design Data Corp. v. Unigate Enter., Inc.*, No. 12-CV-04131-WHO, 2014 WL 4477244, at *3 (N.D. Cal. Sept. 11, 2014), *aff'd*, 847 F.3d 1169 (9th Cir. 2017); *see also Keck v. Alibaba.com Hong Kong Ltd.*, No. 17-CV-05672-BLF, 2019 WL 2029072, at *1 (N.D. Cal. May 8, 2019) (denying motion to amend scheduling order to extend discovery four months because discovery orders left enough time to diligently complete discovery).

### A.    Plaintiffs' justifications for extending the discovery period are meritless and either moot or tardy.

The lone fact that letter briefs are pending in this case does not justify extending the case schedule. To hold otherwise would be to reward Plaintiffs' last-minute service on Google of eight discovery letter briefs relating to issues they'd known about for months or even years in the seven days after discovery closed. At some point, the merry-go-round has to stop; litigants cannot go round and round forever until both sides agree they've had enough, because someone will always want more time, more discovery, and more chances to make their case.

The Court should therefore consider *why* Plaintiffs filed so many discovery disputes at the close of discovery, not just that the disputes exist.

**Item 1** is the most egregious example. This is a case about Google's alleged unlawful collection of user data. There is no excuse for Plaintiffs' decision to hold back a motion to compel production of more logs data until one week after a 27-month discovery period closed. Plaintiffs claim it was Google that delayed. But Google produced 80,000 entries from the relevant logs over the summer and told Plaintiffs its final position on any additional logs data on August 11, 2022; and for months before, Google had made clear it would not produce data from logs that fell outside the scope of the operative complaint. *See* Part IV.B., *infra*. Nevertheless, Plaintiffs "waited to serve discovery requests and to attempt to resolve discovery disputes until the last minute," which routinely results in a finding of a lack of adequate diligence. *Harper v. Lugbauer*, No. 11-CV-01306-JST, 2013 WL 3938699, at *2 (N.D. Cal. July 29, 2013). This lack of diligence is particularly galling because a year ago, Plaintiffs *already* moved for and secured a six-month extension on the grounds that they needed logs data, yet they did not file any discovery brief about logs until now.

**Items 2 and 3** relate to the depositions of Dan Stone, Rahul Oak, and Belinda Langner as a corporate designee. Those depositions will be complete when this Court hears this Motion, so those items are moot.

**Item 4** was resolved by the parties in compromise on November 7 after Plaintiffs served a letter brief on it. This item related to late-served RFPs the response to which were due in October 2022. Google agreed to provide specific calculations for Plaintiffs to use with their damages expert, such as the rates paid to publishers who monetize their apps. That is a discrete set of discovery that will not require moving any deadlines, and in any case, Plaintiffs' delay in seeking this discovery does not merit an extension of the discovery period. *See Cotton, ex rel. Ngondji v. City of Eureka, Cal.*, No. C 08-4386 SBA, 2010 WL 2382255, at *2 (N.D. Cal. June 10, 2010) (refusing to extend discovery where, "[g]iven the alleged significance of the decedent medical records, it was incumbent upon Defendants to have sought this information at the outset of the

case, rather than waiting until the close of discovery"). Any claim by Plaintiffs that they could not have filed the Item 4 letter brief seeking basic damages calculations sooner is just not credible.

**Item 5**, Plaintiffs' request for four more fact depositions, is a textbook example of a litigant regretting tactical decisions in litigation and asking for a do-over. Plaintiffs seek these new depositions over the ten-deposition limit on the grounds that their chosen deponents did not have enough knowledge. But Google warned Plaintiffs of the limitations of their chosen deponents; indeed, a disproportionate number were former employees whose memories had grown stale. *See* Part IV.B. Plaintiffs' request for short depositions of document custodians Sam Heft-Luthy, Arne de Booij, JK Kearns, and Xinyu Ye, is also plainly tardy because these were document custodians they sought from the Court in a contested motion in the middle of 2021. These custodians' identities are not a surprise, and Google produced their documents throughout 2022, culminating in July. There is no reason why Plaintiffs should have waited until the last possible day to ask to exceed the deposition limit to take these four depositions.

**Item 6** was resolved by the parties on November 7 after Plaintiffs served a letter brief seeking an Order that Google re-review 2,000 entries on its privilege log. Google simply agreed to the requested relief in the interest of compromise, and that process will be complete when the Court hears this motion.

**Item 7** is a request for documents from three individuals and potential depositions. Google produced hundreds of documents from these three individuals throughout 2022, culminating in July. Here again, Plaintiffs' regrets are on full display. They received documents from five custodians, then requested and obtained an order for nineteen more; these three individuals were not among any of those. There is no justification for Plaintiffs waiting until the last possible day to request their documents and depositions.

Finally, on page 8 of the Motion, Plaintiffs included the item "**Plaintiffs' Final Written Discovery Requests**," which corresponds to Docket 264, a letter brief seeking to compel documents about a discrete project at Google that Google contends is irrelevant and a set of 24 employees' performance reviews. Even if Google is ordered to produce that information, it will not prevent Plaintiffs from preparing their expert reports by January 31, 2023. But it is also worth

8

noting that Google produced documents about the project in question throughout 2022, and the existence of performance reviews are not a surprise; Plaintiffs could have asked for and moved to compel them two years ago. Nothing in their letter brief indicates they did not know they might want them, or why they did not realize they wanted them until seven days after discovery closed.

Google acknowledges that Plaintiffs managed to tee up and file a large number of discovery motions at the last minute. But Courts are wise to this trick, and hold routinely that "[t]o the extent that Plaintiff[s] legitimately believed that [Google] was obstructing [their] efforts to obtain relevant discovery, it was incumbent upon Plaintiff[s] to *expeditiously* seek relief from the Court to ensure that [they] would be sufficiently prepared for trial within the time-frame set by the Court." *Schaffner v. Crown Equip. Corp.*, No. C 09-00284 SBA, 2011 WL 6303408, at *2 (N.D. Cal. Dec. 16, 2011); *Osakan v. Apple Am. Grp.*, No. C 08-4722 SBA, 2010 WL 1838701, at *3–4 (N.D. Cal. May 5, 2010). Plaintiffs did not do that. Put differently, this Court need not entertain cries of delay from Plaintiffs; if Google had unduly delayed, it was incumbent on Plaintiffs to secure a Court Order to that effect. Having failed to even ask for one, Plaintiffs' cries now should fall on deaf ears.

And, even if there are legitimate discovery disputes (and there are not), and even if the Court orders follow-up work in discovery (and it should not), that does not compel an extension of the fact discovery cut-off. Local Rule 37-3 exists for a reason—to get the parties moving forward out of discovery and into the rest of the case. It also anticipates some follow-up will be required without also suggesting that a discovery extension is necessary to get that job done.

**B.    Plaintiffs' complaints about Google's supposed delay are meritless.**

Plaintiffs' complaints about Google's supposed delay don't matter; they don't figure into the legal standard. If there were delays, they could have addressed them through Court process.

But, to the extent the Court is interested, the history of discovery reflected in Plaintiffs' motion is opportunistically twisted to fit their constant narrative that their failures and frustrations are Google's fault. The record is clear, and not at all what Plaintiffs have represented.

### 1.    Google diligently produced documents well before the October 31 cutoff.

At the start of the case, Google identified three document custodians and negotiated search terms for those custodians. Plaintiffs made a proposal, and Google used those search terms to complete custodial productions for those witnesses on September 8, 2021 (the fact cutoff at the time was January 11, 2022). Dkt. 168-1 ("2021 Santacana Decl.") ¶ 18. Google then completed custodial production for two more custodians on November 12, 2021 using agreed-upon custodians. *Id.* ¶ 20. Dissatisfied with the productions, Plaintiffs asked that more search terms be run and Google compromised in order to move the case forward. *Id.* ¶ 21. Google completed that second round of productions for five custodians by the end of October 2022.[1] *Id.* ¶ 22.

Google offered Plaintiffs to depose three of the custodians in November 2021, including on Rule 30(b)(6) topics relating to the functionality of Google's technology, but they refused. *Id.* ¶¶ 22-26; *see also* Mot. for Relief from Case Schedule ("2021 Extension Mot.") (arguing that Google was engaging in "gamesmanship" by "attempting to force Plaintiffs to take . . . depositions only days after its promised end-of-October production containing limited custodial documents relating to the individuals to be deposed").

Instead, with their 2021 motion to extend the case schedule, Plaintiffs served on Google four letter briefs seeking nineteen more custodians, more search terms for the first five custodians, a ruling on a clawed-back document, and a ruling on Google's data logs preservation obligations. The Court granted the additional custodians, Dkt. 184, granted in part additional search terms for the first five custodians, Dkt. 208, and denied the other two motions, Dkt. Nos. 185, 197. And on November 22, 2021, the Court granted Plaintiffs' motion to extend the case schedule by six months. Dkt. 180. The fact cut-off moved from January 11 to July 13, 2022.

In the instant motion, Plaintiffs claim that Google "was ordered to make custodial productions it had opposed for nineteen employees" in Dkt. 208, that "it took Google eight months after the Court-ordered extension to even purport to produce a meaningful number of documents,"

---

[1] Those five custodians were Francis Ma, Steve Ganem, Dave Monsees, Ed Weng, and Todd Hansen. The first four were ultimately deposed by Plaintiffs in September and October 2022. Plaintiffs never sought Hansen's deposition.

and that "Google was fine with an extension when it accommodated Google's slow production" but "seeks to rush Plaintiffs across the finish line" now.

None of that is true: Docket 208 is the Court's January 2022 ruling that Google run certain additional search terms for the first five custodians. A month earlier, the Court *had* ordered that Google add nineteen individuals to its slate of ESI custodians, but noted that "the Court wasn't asked to evaluate the scope of any particular ESI search, and so doesn't do so." Dkt. 184. Per Judge Tse's Order, the parties then negotiated and briefed search terms for the nineteen custodians. **On April 29, 2022**, after significant negotiation, the parties filed a joint letter brief seeking a final decision on search terms, which the Court issued on May 9, 2022. Dkt. 238. As Plaintiffs note, Google substantially completed its production of the documents called for by that Order on the nineteen custodians' search terms on July 28, 2022, short of **90 days later**. Dkt. 254-1 ("2022 Extension Mot.") at 4-5; 2022 Santacana Decl. ¶ 4.

Google's document production was balanced and diligent. It produced thousands of public documents Plaintiffs sought at the very start of the case. As for non-public documents (almost all of which are custodial), Google produced approximately 30,000: a third by March 2022, a third in May 2022, and another third in July 2022. The final chunk of documents reflects Google's compliance with the Court's Order on the nineteen custodians' search terms issued fewer than 90 days earlier. Since then, Google has also produced another 1,384 documents. 2022 Santacana Decl. ¶ 5. The instant Motion complains that Google "wasted the entire six-month extension simply reviewing documents for the nineteen custodians." 2022 Extension Mot. at 5, 10. But before the end of the six months Plaintiffs say Google was doing nothing (ending July 13, 2022), Google had produced 2/3 of all non-public documents produced in this case. 2022 Santacana Decl. ¶ 5. Two weeks later, it produced almost another third, and since then, just a little over a thousand.

### 2.    Google diligently produced witnesses for deposition.

As discussed above, a year ago, Google offered Plaintiffs three depositions, including the deposition of the witness who was designated to provide almost all of the technical information Plaintiffs sought. Plaintiffs balked, arguing they weren't ready and that they needed a lot more documents before they could proceed.

When the Court hears this motion, all ten of Plaintiffs' allotted depositions will have been taken. As of the close of discovery, Plaintiffs had taken six individuals' depositions: Greg Fair (third party), Ed Weng (third party), Francis Ma (percipient and corporate designee), Dave Monsees (same), Steve Ganem (same), Chris Ruemmler (percipient), and Eric Miraglia (percipient). Dan Stone (third party) is slated to testify on Nov. 15, and Rahul Oak (third party), who was traveling in India for most of October, is slated to testify on November 18.

Plaintiffs' motion accuses Google of a "pivot[] at the last minute to designate a previously undisclosed witness to address Plaintiffs' revenue-focused 30(b)(6) topics." 2022 Extension Mot. at 6. That's not what happened. Plaintiffs steadily complained that Mr. Ganem was overloaded with topics, which would necessitate multiple days of testimony. To address Plaintiffs' concern, Google switched some of Mr. Ganem's topics to a different Google employee, Belinda Langner, and even still, Mr. Ganem ultimately testified for over ten hours on the record. 2022 Santacana Decl. ¶ 6.

Google offered a deposition of Ms. Langner as a corporate designee on financial topics for October 26. Plaintiffs refused to take the deposition, arguing that they were entitled to Ms. Langner's custodial documents even though: she is not a percipient witness, Plaintiffs did not have any space in their deposition roster to take her percipient deposition, and her topics were purely financial in nature, such as explaining the Profit & Loss statements Google produced. Even still, in the interest of compromise, Google agreed, at *Plaintiffs'* request, to delay Ms. Langner's deposition three weeks and produce a very limited set of documents from her files using narrow search terms. Google made that production on November 1. When the Court hears this Motion, Ms. Langner's deposition will have concluded. *Id.* ¶ 7.

Plaintiffs have grossly mismanaged their deposition resources in this case, which has resulted in their last minute letter briefs asking for seven more depositions beyond the ten-deposition limit. The parties disputed heavily whether custodians like Chris Ruemmler, Greg Fair, or Eric Miraglia would have material knowledge. Plaintiffs chose to take their depositions anyway, and then complained that none of them knew enough about the case, necessitating six more depositions. *See* Dkt. Nos. 256, 261. They also complained that Francis Ma did not know

12

enough about Google Analytics for Firebase, but they knew his role was overseeing all Firebase products (not just analytics) at a high level. His inclusion in Google's initial disclosures was purely to rebut Plaintiffs' "secret scripts" theory of the case that this Court ultimately dismissed, and which Plaintiffs did not re-assert when given the chance. Plaintiffs knew this, too, but went ahead and deposed Mr. Ma about topics they knew he could not know, anyway.

### 3. Google diligently produced logs data, and Plaintiffs dithered as to what more data they might want until after discovery closed.

The third category of supposed delay is the claim that "Google has not produced relevant information concerning how Google saves and uses 'WAA-off' data, within specific logs" despite the parties' efforts to meet and confer about this subject since July 2022. 2022 Extension Mot. at 5. Before this Court, on the last day a motion to compel could be filed, Plaintiffs moved for appointment of a special master to facilitate production of more data logs information. Dkt. 260. But whatever Plaintiffs perceive they are missing, they are wrong, and besides, they have only themselves to blame.

Google identified two data logs and produced over 80,000 entries from them to Plaintiffs in January 2022. Google subsequently identified two more responsive and relevant logs and produced the limited data found in them, too.

Plaintiffs had also requested that Google investigate certain other logs. Google investigated them and informed Plaintiffs on August 11 its position that they were not relevant. In the same e-mail, Google rejected Plaintiffs' proposal to allow an expert to use a dummy phone to generate fake data for expert discovery purposes. Dkt. 254-6 at 2 (Santacana Aug. 11, 2022 e-mail to counsel: "we have completed our investigation concerning ads logs . . . . The relevant logs we've found are (1) raw conversion logs and (2) the U**D logs we referenced in our last e-mail, which repeat the raw conversion data. We have identified no others . . . . Fifth, your proposed process below is unacceptable for the following reasons: . . . ."). Plaintiffs acknowledged on August 24, 2022, Google's refusal to engage in the sampling process they proposed, and Google's refusal to produce information from logs it had determined were irrelevant ads logs unrelated to the allegations in this case. *Id.* at 1 (Frawley Aug. 24, 2022 email to counsel). In subsequent

meet-and-confer calls, Google's counsel repeatedly reminded Plaintiffs that the "scope issue," as the counsel on both sides came to call Google's refusal to produce logs data and documents outside the scope of allegations that survived Google's motions to dismiss, remained in dispute, and Plaintiffs' counsel acknowledged this repeatedly, too. As the close of discovery neared, Google's counsel also inquired whether Plaintiffs wanted to proceed with any sampling of the four logs Google agreed were relevant and Plaintiffs' counsel said they would rather wait for resolution of their end-of-discovery motion with the hope that Judge Tse resolve the "scope issue" in their favor. There is simply no basis to blame Google for Plaintiffs' delay in seeking resolution of this issue. A year ago, in their first motion for relief from the case schedule, Plaintiffs complained that Google had "refused to produce any . . . logs for the data, which are necessary to understanding how class members' data is collected and how it is used." Dkt. 153 at 2. They knew at least since then, and then again on August 11, 2022, that the parties were at an impasse over what logs data should be included in the case beyond the logs data Google already produced. And, as explained in Google's portion of the discovery letter brief, Google has already provided the relevant portion of what Plaintiffs seek; all that remains is irrelevant to the claims at issue in this case. *See* Dkt. 250.

## V.    **CONCLUSION**

Because Plaintiffs were not diligent during the discovery period in raising the issues they now say justify extending the case schedule, and because none of the items Plaintiffs have raised require an extension of the schedule, anyway, this motion should be denied.


Dated: November 10, 2022                            Respectfully submitted,

                                                   **WILLKIE FARR & GALLAGHER LLP**


                                                   By:    */s/ Eduardo E. Santacana*
                                                          Eduardo E. Santacana