**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
  sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
  esantacana@willkie.com
LORI C. ARAKAKI (SBN: 315119)
  larakaki@willkie.com
ARGEMIRA FLOREZ (SBN: 331153 )
  aflorez@willkie.com
HARRIS MATEEN (SBN: 335593)
  hmatten@willkie.com
One Front Street, 34th Floor
San Francisco, CA 94111
Telephone: (415) 858-7400
Facsimile:  (415) 858-7599

Attorneys for Defendant
GOOGLE LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  vs.<br><br>GOOGLE LLC,<br><br>  Defendant. | Case No. 3:20-CV-04688-RS<br><br>**GOOGLE'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTIONS TO SEAL PORTIONS OF PLAINTIFFS' MOTION FOR RELIEF AND MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT (DKT. NOS. 254 & 257)**<br><br>**(CIVIL LOCAL RULE 79-5)**<br><br>The Honorable Richard Seeborg<br>Date:  December 8, 2022<br>Time: 1:30 p.m.<br>Place: Courtroom 3 - 17th Floor<br><br>Action Filed:      July 14, 2020<br>Trial Date:         Not Yet Set |

## I. INTRODUCTION

Pursuant to Civil Local Rule 79-5(f)(3), Defendant Google LLC submits this statement of reasons in support of Plaintiffs' Administrative Motions to File Under Seal Plaintiffs' Motion for Relief from the Case Management Schedule ("Motion for Relief") (Dkt. 254) and Motion for Leave to File the Fourth Amended Complaint ("Motion for Leave") (Dkt. 257) and documents filed in connection with those motions.

Google has significantly narrowed the material it seeks to keep under seal. Google does not seek to seal any part of the Motion for Relief (Dkt. 255), Motion for Leave (Dkt. 258), Plaintiffs' proposed amended complaint, the two declarations to Plaintiffs' motions, or the vast majority of the 39 exhibits filed in support of the motions. Google seeks to seal one exhibit in its entirety and to make minimal redactions to other exhibits to keep under seal internal proprietary project code names, non-public email addresses of Google employees, and certain highly confidential and proprietary information related to Google's data storage, flow, and logging systems. Where possible, Google only seeks to redact information after the first or second letters in a code name or phrase, allowing portions to be filed publicly. These are the most restrictive redactions possible.

Because the two underlying motions—a motion for relief from the case management schedule and a motion for leave to leave to file a fourth amended complaint—are non-dispositive, the lower good cause standard applies. *Kamakana v. Cty & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). There is good cause to seal the information Google seeks to seal, which falls into three categories. *First*, Google seeks to seal commercially sensitive proprietary business information in Exhibit 4 to the Motion for Relief and Exhibit 19 to the Motion for Leave. *Second*, Google seeks to redact portions of five internal code names for confidential projects in Exhibit 2 to the Motion for Relief and Exhibits 19, 23, and 26 to the Motion for Leave. *Third*, Google seeks

1

to redact its third-party employees' personal company email addresses to protect their privacy. None of the information Google seeks to keep under seal is necessary to the public's understanding of the underlying disputes concerning the case schedule and Plaintiffs' proposed amendment to the operative complaint. Plaintiffs' Motions to Seal should be granted with respect to the limited material identified in Google's accompanying proposed order.

## II.  LEGAL STANDARD

The Ninth Circuit has "'carved out an exception to the presumption of access' to judicial records" for non-dispositive motions. *Kamakana v. Cty & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* "[A] particularized showing under the good cause standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." *Id.* at 1180 (cleaned up).

## III.  DISCUSSION

### A.  Commercially sensitive business information (Exhibit 4 & 19).

Google seeks to seal commercially sensitive business information in Exhibit 4 to the Motion for Relief (Dkt. 254-6) and Exhibit 19 to the Motion for Leave (Dkt. 257-27). There is good cause to seal "business information that might harm a litigant's competitive standing, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978), or any other "commercially sensitive information," *Palantir Techs. Inc. v. Abramowitz*, 2021 WL 1925459, at *2 (N.D. Cal. Mar. 5, 2021). Good cause to seal is shown when a party seeks to seal materials that "contain[] confidential information about the operation of [the party's] products and [] public disclosure

could harm [the party] by disclosing confidential technical information." *Digital Reg. of Texas, LLC v. Adobe Sys., Inc.*, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014).

Exhibit 4 (entire exhibit). Exhibit 4 is an email exchange between counsel for the parties that, in its entirety, focuses on highly confidential, technical, and proprietary information concerning Google's data log storage systems and back-end data processing flow. Ganem Decl. ¶ 4. Google seeks to keep the entire exhibit under seal. It consists entirely of outside counsel communications during discovery in this matter. *See* Ex. 4 (Dkt. 254-6).

There is good cause to seal Exhibit 4 which contains confidential and proprietary information concerning Google's data log storage systems and processing flow because public disclosure may present a competitive risk to Google's business. Exhibit 4 identifies by name and discloses details and contents of numerous internal data logs, all of which is proprietary information Google has developed over many years after devoting countless hours of corporate resources and employee and engineer time. Ganem Decl. ¶ 5. Exhibit 4 not only reveals Google's internal names and contents for certain logs, but also discloses their functionality and relative position within Google's back-end data flow system vis-à-vis the point of data origin. *Id.* ¶ 6. This information concerning the technical infrastructure of Google's back-end data processing systems is proprietary and highly confidential. *Id.* For example, at Exhibit 4, email page 8, there is a screenshot of a data-flow diagram that was provided to Plaintiffs in a detailed interrogatory response concerning the flow of GA for Firebase data. *Id.* Exhibit 4 additionally discloses confidential decisions Google has made concerning data logging and storage periods. *Id.* That too is information Google considers highly confidential and proprietary. *Id.* ¶¶ 6–7.

Revealing specifics such as internal names of data logs, the fields that are or are not in the logs, and the structure of data processing and flow systems presents a serious risk of irreparable harm to Google. Ganem Decl. ¶ 8. If information such as data flow and infrastructure

architecture is disclosed, competitors could infer how Google's products function, and how they are developed. *Id*. Competitors could mimic Google's approach to data organization and storage to unfairly compete with Google's product offerings to Google's detriment. *Id*. Individuals interested in improperly accessing Google's systems could also target Google's proprietary logging sources if they knew the internal names. *Id*. This is why Google carefully maintains the confidentiality of the information contained within Exhibit 4, both within Google by restricting access to certain teams with access rights, and externally including in litigation. *Id*. ¶ 9.

Because the entire exchange between counsel in Exhibit 4 concerns Google's data log storage systems and back-end data processing flow and infrastructure—there is no more limited sealing that could properly protect Google's confidential information. Ganem Decl. ¶ 10.

Exhibit 19 (redacted portions). Exhibit 19 is an email exchange between Google employees discussing experiments to disable device history for signed-in WAA-off users. Santacana Decl. ¶ 6 & Ex. A (Ex. 19) at -483. Apart from the internal code names and personal email addresses discussed below, Google only seeks to redact technical conditions of the experiments—"Q***" (three instances); "logged…" (two instances); and "NoS***" (one instance)—and two numerical results. *Id*. at -481. Google's proposed redactions to Exhibit 19 are identified in Exhibit A to the accompanying Declaration of Eduardo E. Santacana.

There is good cause to seal the portions of Exhibit 19 that disclose highly confidential and proprietary technical conditions and numerical results of Google's internal experiments to disable device history for signed-in WAA off users. Ganem Decl. ¶ 11. If the information becomes public, Google's competitors may unfairly use the information to conduct similar studies which take technical resources and time to design and analyze, and to compete with Google's products or business structures. *Id*.

Google has narrowly tailored the information concerning the internal study to be sealed to only redact six technical conditions and two numbers. Ganem Decl. ¶ 12; Santacana Decl., Ex. A (redacted Ex. 19). Google does not seek to seal its employees' discussion about conducting the studies or interpreting the results. *Id.* No more limited sealing would appropriately protect Google's confidential and proprietary information. *Id.*

* * *

Courts routinely grant motions to seal confidential business information like that in Exhibits 4 and 19 in order to protect the litigant's business interests, and this Court should do so here. *See Nixon*, 435 U.S. at 598–99; *Palantir Techs.*, 2021 WL 1925459, at *2. Public disclosure of the information Google seeks to keep under seal would harm Google's competitive standing it has earned through years of innovation and careful deliberation, by revealing sensitive aspects of Google's proprietary logging and testing systems, strategies, and designs to Google's competitors. That alone is a proper basis to seal such information. *See, e.g.*, *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, Dkt. No. 192, at 6–8 (N.D. Cal. May 3, 2017) (granting Google's motion to seal certain sensitive business information). Moreover, if publicly disclosed, malicious actors may use the information contained in Exhibits 4 and 19 to compromise Google's internal systems and operations placing Google at an increased risk of cyber security threats, which is an independent basis to seal Google's confidential information. *See, e.g., In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing material that "if made public Google contends could lead to a breach in the security" of Google's systems).

**B.    References to Internal Code Names (Exhibit 2, 19, 23 & 26).**

Google seeks to seal internal project names within Exhibit 2 to the Motion for Relief (Dkt. 254-4) and Exhibits 19, 23, and 26 to Plaintiffs' Motion for Leave to Amend (Dkt. Nos. 257-27, -31, -34). Specifically, Google seeks to redact five internal names allowing the first or

second letters in each to be publicly filed. In Exhibit 2, Google seeks to redact "Na***" (Santacana Decl. ¶ 5), which the Court has previously sealed. In Exhibit 19, Google seeks to redact "St***," "Ci***," and "R***"; and in Exhibits 23 and 26, Google seeks to redact "Pi***." *Id*. ¶¶ 5–6 & Ex. A (redacted Ex. 19). Google does not seek to redact the descriptions of the projects, employee commentary about the projects, or any other related comments or material.

Here, there is good cause to seal Google's confidential, internal names which have nothing to do with the underlying merits of Plaintiffs' Motions. Google's code names are not disclosed publicly, and if they are, there will be a risk of harm to Google, including, for example, because individuals interested in improperly accessing Google's systems could target particular proprietary documents and information using Google's confidential internal names. Ganem Decl. ¶ 13.

Courts routinely seal this type of information including because it would place companies at increased risk of cyber security threats if the internal names become public. *See, e.g.*, *Apple, Inc. v. Samsung Elecs. Co.*, 2012 WL 4120541, at *2 (N.D. Cal. Sept. 18, 2012) (sealing "Apple's internal code names" for its projects); *Campbell v. Facebook Inc.*, 2016 WL 7888026, at *2 (N.D. Cal. Oct. 4, 2016) (sealing "names of internal tables" in Facebook's database); *Bohannon v. Facebook, Inc.*, 2019 WL 188671, at *7 (N.D. Cal. Jan. 14, 2019) (sealing internal task names and URLs); *see also, e.g., In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing material that "if made public Google contends could lead to a breach in the security" of Google's systems).

This Court has previously sealed the internal name in Exhibit 2 ("Na***"), and others similar to the ones Google now seeks to keep under seal. *See, e.g.*, Dkt. 223 (2/10/2022 Order Granting in Part Mot. to Seal) ("Google's internal project names may be sealed and replaced with N***, K***, and T***."); Dkt. 208 (1/20/2022 Discovery Order) (same); Dkt. 184, at ¶ 3 (12/1/2021 Discovery Order) (sealing codename in the parties' joint letter brief re custodians

(Dkt. 154)). Sealing the five internal names Google seeks to seal is consistent with those rulings. *See also Apple, Inc. v. Samsung Elecs. Co.*, 2012 WL 4120541.

Google has narrowly tailored the information to be sealed to allow the first one or two letters in each internal name to be filed publicly. No other more narrow tailoring would adequately protect Google's interests. Ganem Decl. ¶ 13. Nor does the public need to know the full internal project names to understand the underlying disputes.

C.     **Non-Public Employee Email Addresses (multiple exhibits).**

Google seeks to redact the non-public employee email addresses contained within Exhibits 4–9, 11, 13–24, 27–31, 33 to Plaintiffs' Motion for Leave (Dkt. Nos. 257-12-17, 19, 21-32, 35-39, 41). Google has narrowly tailored its request and proposes to redact only the email addresses of employees, allowing their names, titles, and accompanying statements to be filed publicly. Santacana Decl. ¶ 7. For example, when an email is sent from "First Name Last Name <uniqueaddress@google.com>," Google only proposes to seal the "uniqueaddress" part of the email. *Id*. Plaintiffs do not oppose this request. *Id.*

A showing that "privacy concerns" would be implicated by the disclosure of personal information such as the email address of an individual employed by defendant is sufficient to establish good cause to seal. *E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, 2018 WL 4961606, at *2 (E.D. Cal. Oct. 12, 2018).

Here, there is good cause to seal Google's employee's email addresses because those employees' privacy would be placed at risk if their confidential email addresses were to be filed publicly. Google does not publish employee email addresses. Ganem Decl. ¶ 14. Disclosure could lead to potential harassment of Google employees by individuals choosing to contact them through their revealed email addresses, instead of through Google's formal channels. *Id.* Courts routinely seal employee email addresses, even under the higher "compelling reasons" standard.

*See, e.g.*, *E. & J. Gallo*, 2018 WL 4961606, at *2 (sealing employee email addresses under compelling reason standard for dispositive motion to dismiss); *Hill v. Builder Servs. Grp., Inc.*, 2021 WL 4026315, at *5 n.6 (W.D. Wash. Sept. 3, 2021) ("find[ing] that the interest in keeping [employees' personal e-mail addresses] private constitutes good cause to seal").

This Court has previously sealed "personally identifying information (e.g., phone numbers, work and residential addresses, [and] email addresses)" because "[t]he public doesn't need access to this information in order to understand the dispute, and public disclosure could cause harm, such as identity theft." Dkt. 242 (5/16/2022 Order Granting Mot. to Seal).  Where, as here, the email address at issue is a non-party's, courts find that the "non-party's privacy interests . . . can be appropriately balanced with the public's right to access by redacting personal identifying information." *Ehret v. Uber Techs., Inc.*, 2015 WL 12977024, at *3 (N.D. Cal. Dec. 2, 2015). "While the [Google] employees are employed by a party in this case and have a lower privacy interest" than a neutral third party, the employees' "specific e-mail addresses are not relevant to the merits of the motion." *Id.*  The email addresses should be redacted. *See id.*

Google has narrowly tailored the information to be sealed to allow its employees' names, job titles, and statements to be filed publicly, along with Google's domain name indicating that the email is from an employee.  Santacana Decl. ¶ 7.  No other more narrow tailoring would protect Google's employees' privacy interests.  Ganem Decl. ¶ 14.  Nor does the public need to know employees' private email addresses (or even their names) to understand the underlying disputes.

### IV. CONCLUSION

For the reasons set forth above, Google respectfully requests that the Court seal the limited information identified herein and in the accompanying [Proposed] Order.

| | |
|---|---|
| Dated: November 15, 2022 | Respectfully submitted, |
| | **WILLKIE FARR & GALLAGHER LLP** |
| | By:  /s/ *Eduardo E. Santacana* |
| | Eduardo E. Santacana |