**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
  sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
  esantacana@willkie.com
LORI C. ARAKAKI (SBN: 315119)
  larakaki@willkie.com
ARGEMIRA FLOREZ (SBN: 331153)
  aflorez@willkie.com

Attorneys for
GOOGLE LLC

## UNITED STATES DISTRICT COURTS

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO

| | |
|---|---|
| ANIBAL RODRIGUEZ, *et al.* individually and on behalf of all other similarly situated,<br><br>                    Plaintiffs,<br><br>vs<br><br>GOOGLE LLC, *et al.*<br><br>                    Defendant. | Case No.  3:20-CV-04688 RS<br><br>**DECLARATION OF STEVE GANEM IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL PORTIONS OF MOTION FOR RELIEF FROM CASE SCHEDULE AND SUPPORTING DOCUMENTS (DKT. 254) AND MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT (DKT. 257)**<br><br>[*Declaration of Eduardo E. Santacana in Support of Plaintiffs' Administrative Motions to Seal filed concurrently herewith*]<br><br>Judge:         Hon. Richard Seeborg<br>Action Filed: July 14, 2020<br>Trial Date:    Not Set |

I, STEVE GANEM, declare:

1. I am a Director of Product Management at Google LLC with supervisory authority concerning Google Analytics for Firebase ("GA for Firebase"). Unless otherwise stated, the facts I set forth in this declaration are based on my personal knowledge or knowledge I obtained through my review of corporate records or other investigation. If called to testify as a witness, I could and would testify competently to such facts under oath.

2. I submit this declaration in support of two Administrative Motions to Consider Whether Another Party's Material Should Be Sealed filed by Plaintiffs. Dkt. Nos. 254 & 257. I have reviewed unredacted versions of (1) Exhibit 4 to Plaintiffs' Motion for Relief from the Case Management Schedule ("Motion for Relief") (Dkt. 254-6); and (2) Exhibits 4–9, 11, 13–24, 26–31, 33 to Plaintiffs' Motion for Leave to File Fourth Amended Complaint ("Motion for Leave") (Dkt. Nos. 257-12-17, 19, 21-32, 34-39, 41).

3. Google seeks to seal narrowly tailored portions of only the following information, all of which I have reviewed:

| Document | Portions Sought to Be Sealed |
|---|---|
| Exhibit 4 to Motion for Relief from Case Schedule (Dkt. 254-6) | Document in its entirety. |
| Exhibit 19 to Plaintiffs' Motion for Leave to File Amended Complaint (Dkt. 257-27) | Portions identified below. |
| Exhibit 23 (Dkt. No. 257-31) | Project code name "Pi***"; non-public email addresses of Google employees. |
| Exhibits 26 (Dkt. No. 257-34) | Project code name "Pi***". |
| Exhibits 4–9, 11, 13–18, 20–22, 24, 27–31, 33 (Dkt. Nos. 257-12-17, 19, 21-26, 28-30, 32, 35-39, 41) | Non-public email addresses of Google employees. |

4. <u>Technical Details Concerning Data Logs and Storage Systems</u>. **Exhibit 4** to Plaintiffs' Motion for Relief is a confidential email exchange between counsel for the parties that, in its entirety, focuses on highly confidential, technical, and proprietary information concerning Google's data log storage systems and back-end data processing flow.

5.  The document identifies by name and discloses details and contents of numerous internal data logs.  The information and data fields Google uses to populate its logs is proprietary information Google has developed over many years after devoting countless hours of corporate resources and employee and engineer time.  As just one example, the discussion at Exhibit 4, email page 2, sub-heading A, identifies two logs by name and discloses that a specific data field for querying the logs is not present.  This information should be kept confidential.

6.  The document not only reveals Google's internal names and contents for certain logs, but also discloses their functionality and relative position within Google's back-end data flow system vis-à-vis the point of data origin.  This information concerning the technical infrastructure of Google's back-end data processing systems is proprietary and highly confidential.  For example, at Exhibit 4, email page 8, there is a screenshot of a data-flow diagram that was provided to Plaintiffs in an interrogatory response that I verified.  I understand that interrogatory response was labeled "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Google under the parties' stipulated Protective Order.  The document additionally discloses confidential decisions Google has made concerning data logging and storage periods.

7.  Google considers information regarding the names, data fields, functionality, and infrastructure of its data storage, flow, and logging systems to be highly confidential and proprietary information.

8.  Revealing specifics such as internal names of data logs, the fields that are or are not in them, and the structure of data processing and flow systems presents a serious risk of irreparable harm to Google.  For example, an individual interested in improperly accessing Google's systems could target Google's proprietary documents and information for improper uses if he or she knew Google's internal names.  This is also competitively sensitive.  If information such as data flow and infrastructure architecture is disclosed, competitors could infer how Google's products function, and how they are developed.  Competitors could mimic Google's approach to data organization and storage to unfairly compete with Google's product offerings to Google's detriment.

9. This information should be shielded from unnecessary public disclosure. Google does not disclose it publicly in business dealings or in litigation. Google carefully maintains the confidentiality of the proprietary information described herein by limiting access to particular individuals and teams and storing it on secure servers. Google also keeps this information confidential in litigation.

10. Because the document—in its entirety—discusses highly confidential, technical, and proprietary information concerning Google's data log storage systems and back-end data processing flow and infrastructure, the entire document should be sealed and there is no more limited sealing that would appropriately protect Google's confidential information.

11. <u>Technical Details Concerning Internal Study.</u>  **Exhibit 19** to Plaintiffs' Motion for Leave—at page -481, (a) July 23, 2020 at 3:03 p.m. email, at lines 2, 3, 6; (b) July 23, 2020 at 12:23 p.m. email, at lines 3-4; and (c) July 23, 2020 at 3:05 p.m. email, at line 5—discusses the conditions and results of confidential and proprietary experiments to "disable device history for signed-in WAA off users" (Ex. 14 at -483) for "iGA client," "web searchboxes except images mode on SRP," and "images mode on SRP" (Ex. 14 at -481). Certain portions of the discussion identified specific technical conditions and numerical results of the experiments. Those technical conditions and numerical results are highly confidential and proprietary. It takes technical resources to design and analyze studies such as the one discussed in Exhibit 19. A competitor could unfairly use the information to conduct similar studies and compete with Google's products or business structures. Google keeps this information confidential in litigation, and also internally at Google by limiting access to certain teams and employees within the company. This information should be shielded from unnecessary public disclosure.

12. Google has narrowly tailored the information concerning the internal study to be sealed to only redact technical conditions "Q***," "logged…," "NoS***," and two numbers. Google has not sought to seal its employees' discussion about conducting the studies, developing them, or employees' analysis of the results. Because Google has so narrowly limited its request, no more limited sealing would appropriately protect Google's confidential and proprietary

information.  Other portions of Exhibit 19 contain confidential references to internal project names and private employee email address and should be sealed as discussed below in Paragraphs 13 & 14.

13. <u>References to Internal Project Names.</u>  **Exhibit 19** to Plaintiffs' Motion for Leave contains references to internal project names ("St***") at -480 and ("Ci***") at -482 and an internal dashboard name ("R***") at -480-82.  **Exhibits 23 and 26** to the Motion for Leave contain references to an internal project name ("Pi***").  The exhibits also disclose certain details of those projects and dashboard. Revealing Google's internal code names that correspond to descriptions of projects and a dashboard would present a serious risk of irreparable harm to Google.  Specifically, an individual interested in improperly accessing Google's systems could target particular proprietary documents and information for improper uses if he or she knew Google's confidential internal names.  Thus, it is very important that internal code names not be revealed outside of Google.  Google has narrowly tailored the information to be sealed to allow the first one or two letters in each project name to be filed publicly, and no more limited sealing would appropriately protect Google's confidential and proprietary information.

14. <u>Non-public Email Addresses.</u>  **Exhibits 4–9, 11, 13–24, 26–31, and 33** to Plaintiffs' Motion for Leave (Dkt. Nos. 257-12-17, 19, 21-32, 34-39, 41) contain confidential email addresses of Google employees.  Google does not publish employee email addresses.  Allowing these internal email addresses to become public presents a threat of harassment to the employees who may be contacted by members of the public.  Specifically, an individual interested in contacting Google employees directly rather than following published channels for contacting Google may target those employees.  Google has narrowly tailored the information to be sealed to allow the employee names and the Google domain name to be filed publicly.  For example, when an email is sent from "First Name Last Name <uniqueaddress@google.com>," Google only proposes to seal the "uniqueaddress" part of the email.  No more limited sealing would appropriately protect Google's confidential and proprietary information.

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct.
3  Executed November 13, 2022, at San Francisco, California.

*Steve Ganem*