1    **BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
2    333 Main Street
Armonk, NY 10504
3    Tel: (914) 749-8200
dboies@bsfllp.com
4

Mark C. Mao, CA Bar No. 236165
5    Beko Reblitz-Richardson, CA Bar No.
238027
6    Erika Nyborg-Burch, CA Bar No. 342125
44 Montgomery St., 41st Floor
7    San Francisco, CA 94104
Tel.: (415) 293-6800
8    mmao@bsfllp.com
brichardson@bsfllp.com
9    enyborg-burch@bsfllp.com

10

11    James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
12    100 SE 2nd St., 28th Floor
Miami, FL 33131
13    Tel.: (305) 539-8400
jlee@bsfllp.com
14    rbaeza@bsfllp.com

15    Alison L. Anderson, CA Bar No. 275334
725 S Figueroa St., 31st Floor
16    Los Angeles, CA 90017
Tel.: (213) 629-9040
17    alanderson@bsfllp.com

18    *Attorneys for Plaintiffs*

19

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

20

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

21

22    ANIBAL RODRIGUEZ, SAL CATALDO,
JULIAN SANTIAGO, and SUSAN LYNN
23    HARVEY individually and on behalf of all
other similarly situated,
24

         Plaintiffs,
25

         v.
26

GOOGLE LLC,
27

         Defendant.
28

Case No.:  3:20-cv-04688-RS

**REPLY IN SUPPORT OF PLAINTIFFS'
MOTION FOR RELIEF FROM CASE
MANAGEMENT SCHEDULE**

Judge:  Honorable Richard Seeborg
Date:    December 1, 2022
Time:   1:30 p.m.
Place:  Courtroom 3 - 17th Floor

CASE NO. 3:20-CV-04688-RS

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE

1

**TABLE OF CONTENTS**

2    I.    INTRODUCTION ................................................................................................1

3    II.    FACTUAL BACKGROUND ...............................................................................2

4    III.    ARGUMENT .......................................................................................................3

5        A.    An Extension Is Warranted to Complete Discovery ...............................3

6        B.    Plaintiffs Have Diligently Pursued Discovery .......................................9

7        C.    Google Has Caused Delay.....................................................................11

8    IV.    CONCLUSION ..................................................................................................12

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE

1

2

3      **TABLE OF AUTHORITIES**

**Cases**                                                                          **Page(s)**

*Calloway v. Scribner*
   2014 WL 1317608 (E.D. Cal. Mar. 27, 2014)..................................................................8

*Hernandez v. Creative Concepts*
   2013 WL 1737211 (D. Nev. Apr. 22, 2013) ...................................................................8

*In re Cathode Ray Tube (CRT) Antitrust Litig.*
   2014 WL 5462496 (N.D. Cal. Oct. 23, 2014) .................................................................9

*Johnson v. Mammoth Recreations, Inc.*
   975 F.2d 604 (9th Cir. 1992)..........................................................................................3

*Kahaku v. Wallace*
   2022 WL 2333725 (E.D. Cal. June 28, 2022)..................................................................7

*Noyes v. Kelly Servs.*
   488 F.3d 1163 (9th Cir. 2007) ......................................................................................11

*Saca v. Molyneux*
   2007 WL 4524329 (E.D. Cal. Dec. 18, 2007)...............................................................11

*United States v. Dalton*
   2021 WL 9526878 (C.D. Cal. Oct. 19, 2021) ...............................................................11

*Woodard v. City of Menlo Park*
   2012 WL 2119278 (N.D. Cal. June 11, 2012).................................................................8

**Other Authorities**

6A Fed. Prac. & Proc. Civ. § 1522.2 (3d ed.) .................................................................11

8 Fed. Prac. & Proc. Civ. § 2001 (3d ed.) .........................................................................2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE

1  **I.      INTRODUCTION**

2          Google strains mightily to absolve itself from blame, but it remains uncontested that while

3  the discovery deadline has elapsed, the need for additional discovery remains.  Seven discovery

4  motions are pending, one of which requests a Special Master to facilitate the production of WAA-

5  off data Google refuses to provide (information important to understanding how Google collects,

6  stores, and uses data). Google is re-reviewing more than 2,000 withheld documents to correct

7  deficiencies in its privilege log, and Google may be ordered to produce thousands more. Two

8  additional depositions are currently scheduled, Plaintiffs have requested at least four more, Google

9  still has not answered critical questions stemming from depositions taken in October, and on the

10  day this Reply is being filed, Google made yet another document production.

11          Google's suggestion that Plaintiffs lacked diligence in discovery is absurd. Plaintiffs have

12  filed 25 letter briefs (including 15 motions to compel), participated in countless meet and confers

13  to push Google to provide critical and highly relevant discovery, and have persistently reviewed

14  tens of thousands of documents that Google belatedly produced. Google can point to nothing

15  suggesting Plaintiffs delayed in raising discovery disputes as they were identified, scheduling meet

16  and confers, exchanging letter briefs on disputed issues, filing motions to compel as necessary,

17  scheduling and taking depositions, or reviewing documents.

18          Meanwhile, for its part, Google consistently hid the ball on relevant discovery, artificially

19  limited the scope of discovery for months, and slow rolled the production of documents. Plaintiffs

20  brought these issues to the Court's attention, which ultimately resulted in a six-month discovery

21  extension and granting of multiple motions to compel.  Yet, despite this Court granting a six-month

22  extension and ordering Google to produce documents from 19 additional custodians, Google did

23  not produce a *single* unique document from these custodians until July 2022. Dkt. 180; Dkt. 184.

24  In other words, it took Google longer than the entirety of Court-ordered, six-month extension to

25  produce a single unique document from custodians added by court order. This delay naturally (and

26  likely by design) had a cascading effect, leaving Plaintiffs only three months (and only after

27  stipulating to an extension) to review thousands of documents, send follow-up questions and

28

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE

1    discovery requests, determine who to depose, schedule and take those depositions, then send

2    follow-up requests from those depositions, all while identifying and litigating discovery disputes

3    stemming from Google's refusal to produce relevant information.

4         The rules of civil procedure designed discovery as a tool to uncover truth. "The basic

5    philosophy underlying this procedure was that prior to trial every party to a civil action is entitled

6    to the disclosure of all relevant information in possession of any person, unless the information is

7    privileged." 8 Fed. Prac. & Proc. Civ. § 2001 (3d ed.). Yet Google has consistently weaponized

8    discovery to obfuscate the truth. This Court should not accept Google's invitation to reward such

9    tactics. Plaintiffs respectfully request the Court grant this modest extension.

10   **II.    FACTUAL BACKGROUND**

11        The gravamen of Google's opposition is premised on Plaintiffs' purported failure to raise

12   discovery issues sooner. But this bottleneck of issues at the end of discovery is largely traceable

13   to Google's own delay in producing documents. On May 4, 2021, the Court ordered Plaintiffs to

14   review documents from three custodians, then use their findings to recommend additional

15   custodians. Dkt. 106. Plaintiffs did so and recommended 19 additional custodians, which Google

16   opposed. On November 22, 2021, the Court found Plaintiffs had "diligently pursued discovery,

17   and that good cause exist[ed] for a six-month extension of the discovery deadlines," moving the

18   fact-discovery deadline from January to July 13, 2022. Dkt. 180. The Court likewise ordered

19   Google to produce documents for the 19 additional custodians. Dkt. 184. While Google touts the

20   fact that it produced documents during this time, in reality Google ***failed to produce a single***

21   ***unique document*** from these 19 custodians until July 28, 2022—after the six-months extension

22   granted by the Court passed. Dkt. 255-2 ¶ 6; Dkt. 180; Dkt. 208.

23        Google argues this is because the Court did not issue a final decision on search terms until

24   May 9, 2022. Opp. at 11; Dkt. 238. But Google conveniently omits the parties agreed to many

25   search terms for the additional 19 custodians as early as January 14, 2022—almost ***four months***

26   ***earlier***. *See* Mao Decl. ¶ 3. Nothing prevented Google from rolling productions based on these

27   agreed-to search terms. Instead, Google waited until months after *all* search terms were finalized

28

-2-                                    CASE NO. 3:20-CV-04688-RS

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE

1  before producing a single unique custodial document. This left Plaintiffs with only three months

2  to evaluate thousands of highly-technical documents and important communications, serve follow-

3  up document requests, identify deponents and schedule depositions based on these documents, and

4  address issues that arose during depositions. Plaintiffs foresaw this could not all be done by the

5  end of October, and in July proposed extending the discovery deadline beyond that date. Mao Decl.

6  ¶ 5. Google refused to extend discovery beyond the end of October, instead suggesting Plaintiffs

7  should do what they can with the little time they had. Mao Decl. ¶ 5. Google now seeks to unfairly

8  gain an advantage stemming from its own delay.

9  **III.    ARGUMENT**

10         Google for the second time misstates the applicable legal standard. Opp. at 5; Dkt. 177 at

11  6. The Rule 16(b) good cause standard "primarily considers the diligence of the party seeking

12  amendment," and the "court may modify the pretrial schedule if it cannot reasonably be met *despite*

13  *the diligence* of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.* 975 F.2d

14  604, 609 (9th Cir. 1992) (emphasis added). There is no dispute that the fact discovery deadline

15  "cannot reasonably be met." *Id*. More than two weeks have passed since the deadline expired and

16  numerous discovery issues remain despite Plaintiffs' diligence. This warrants a modest extension

17  of the discovery deadlines.

18         **A.    An Extension Is Warranted to Complete Discovery**

19         Google erroneously claims that open discovery "items" necessitating an extension are

20  either resolved or moot. Opp. at 3–5. This is untrue. Those seven items Google identified remain

21  in dispute and require follow-up. The same is true with additional items Google simply ignores.

22  Plaintiffs list below numerous remaining issues before addressing Plaintiffs' diligence in obtaining

23  highly relevant discovery and Google's obstruction of these efforts.

24         ///

25         ///

26         ///

27

28

-3-                                      CASE NO. 3:20-CV-04688-RS

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE

| Item | Google's Statements on Status | Actual Status |
|---|---|---|
| 1. Data relating to "Google's storage and use of WAA-off data." | "Letter Brief at Dkt. 250 (pending) (supplemental briefing at Dkt. 253)." Opp. at 4.<br><br>"Plaintiffs have long known Google's position on this specific data, and chose to wait to seek relief on this subject until seven days after discovery closed." Opp. at 4. | Plaintiffs requested WAA-off data in May 2022. Dkt. 250 at 1. Plaintiffs attempted to resolve this issue through multiple meet and confers but ultimately filed three letter briefs in pursuit of this data. Dkt. 250 at 1. On November 7, 2022, Plaintiffs requested a Special Master to oversee production of WAA-off data. Dkt. 260. If granted, discovery will continue. |
| 2. Depositions of Dan Stone and Rahul Oak | "Scheduled for Nov. 15 and Nov. 18." Opp. at 4. | These depositions were scheduled after the close of fact discovery due to the witnesses' unavailability, including Mr. Oak who traveled to India for over a month after Plaintiffs requested his deposition.<br><br>Plaintiffs anticipate requesting additional information following Mr. Oak's deposition. |
| 3. Rule 30(b)(6) Deposition of Belinda Langner | "Scheduled for mid-November" Opp. at 4. | This deposition has been scheduled for November 30, 2022, after the close of fact discovery because Google belatedly substituted Ms. Langner as a 30(b)(6) designee. Mao Decl. ¶ 12.<br><br>Plaintiffs anticipate requesting additional information following Ms. Langner's deposition. |
| 4. Plaintiffs' Ninth Set of RFPs (referred to as "Google Documents" on page 6 of the Motion) | "Resolved by the parties in compromise on Nov. 7." Opp. at 4. | While Google agreed to produce documents responsive to this set of RFPs, it still has not done so. Mao Decl. ¶ 11. Once Google produces documents, Plaintiffs will require an opportunity to analyze those documents and follow up on any issues that arise. |

-4-

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE

| Item | Google's Statements on Status | Actual Status |
|---|---|---|
| 5. Plaintiffs' request for four additional depositions | "Letter Brief at Dkt. 256 (pending)." Opp. at 4. | Plaintiffs requested these depositions and offered to meet and confer on September 28, 2022, not November 7, 2022. Mao Decl. ¶ 6. Google refused. Plaintiffs sent Google their portion of the letter brief on October 6, 2022. Mao Decl. ¶ 6. The parties filed the brief on October 28, 2022. Dkt. 256. |
| | "Plaintiffs waited to ask for their depositions until the last possible day, on Nov. 7." Opp. at 4. | If granted, Plaintiffs will need an opportunity to take these depositions and follow up with any discovery issues that arise. |
| 6. Google's Privilege Log Deficiencies (referred to as "Google Privilege Assertions" on page 7 of the Motion) | "Resolved by the parties in compromise on Nov. 7." Opp. at 5. | This item is still in dispute. Google agreed only to "re-review" the privilege log. Opp. at 5.<br><br>Plaintiffs will require an opportunity to review any de-designated documents and to file letter briefs if any disputes remain on improperly withheld documents. |
| 7. Documents and Depositions of Micha Segeritz, Suneeti Vakharia, and Emil Ochotta (referred to as "Google Revenue Impact for WAA Controls" on page 7 of the Motion) | "Letter Brief at Dkt. 261 (pending)." Opp. at 5. | Plaintiffs became aware of Mr. Segeritz and Ms.Vakharia on October 3, 2022, and promptly requested their documents on October 7, 2022. Dkt. 261 at 1–2; Mao Decl. ¶ 7. Google denied that these individuals had relevant information. Dkt. 261 at 2. On October 25, 2022, Plaintiffs gained new information suggesting that Google was mistaken. Dkt. 261 at 2. Plaintiffs sent Google its portion of a letter-brief on November 1, 2022. Dkt. 261 at 1. |
| | "[Plaintiffs] did not move to compel further productions | If the Court grants Plaintiffs' motion, Plaintiffs will need an opportunity to analyze produced |

CASE NO. 3:20-CV-04688-RS

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE

| Item | Google's Statements on Status | Actual Status |
|---|---|---|
| | until the last possible day. Google opposes the request." Opp. at 5. | documents, take depositions, and address any issues that arise. |
| 8. Documents provided to regulators | Unmentioned. | On November 7, 2022, the parties filed a letter brief in which Plaintiffs request Google to produce documents provided to regulators. Dkt. 262. If granted, Plaintiffs will need an opportunity to review these productions and address any issues that arise. |
| 9. Documents relating to Pr*** Na*** program. | Unmentioned. | On November 7, 2022, the parties filed a letter brief wherein Plaintiffs requested Google produce documents relating to a Google program called Pr*** Na***. Dkt. 264. If granted, Plaintiffs will need an opportunity to analyze these productions and address any issues that arise. |
| 10. Requests for Admission and Interrogatories | Unmentioned. | On November 7, 2022, the parties filed a letter brief in which Plaintiffs requested Google respond to ten RFAs and three Interrogatories. Dkt. 263. If granted, Plaintiffs will need an opportunity to analyze these answers and address any issues that arise. |
| 11. Interrogatory and RFA responses and supplementations. | Unmentioned. | On October 31, 2022, Google served responses to RFAs and interrogatories. Mao Decl. ¶ 8. Plaintiffs are currently evaluating this information and determining whether any issues need to be addressed. |
| 12. Requests following Steve Ganem Deposition | Unmentioned. | On October 31, 2022, Plaintiffs requested information revealed during Mr. Ganem's deposition. Mao Decl. ¶ 9. Plaintiffs requested additional information on November 7, 2022. Mao Decl. ¶ 9. Google has not yet responded to either request. *See* Mao Decl. ¶ 9. |

CASE NO. 3:20-CV-04688-RS

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE

| Item | Google's Statements on Status | Actual Status |
|---|---|---|
| 13. Request following Francis Ma Deposition | Unmentioned. | On October 31, 2022, Plaintiffs requested information revealed during Mr. Ma's deposition. Mao Decl. ¶ 9. Google has yet to respond. |

*Documents & Data: Items 1, 4, 6, 7, 8, & 9.* Google must still produce documents in response to Plaintiff's Ninth Set of RFPs, any documents it de-designates from privilege, and any documents or data the Court compels Google to produce in connection with Plaintiffs' various motions to compel. Indeed, Google continues to produce documents outside the discovery period, including a production the same day as this filing. *See* Mao Decl. ¶ 10. Plaintiffs will need additional time to review any newly produced discovery, which might reveal important information necessitating follow up. *See Kahaku v. Wallace*, 2022 WL 2333725, at *13 (E.D. Cal. June 28, 2022) (extending discovery deadline where Plaintiff may "need additional time to review any documents provided" following privilege review). Without an extension of the discovery deadline, Plaintiffs will be deprived of the opportunity to address any new issues that arise in these productions.

*Responses and Admissions: Items 10 & 11.* On November 7, 2022, Plaintiffs filed a letter brief requesting Google respond to ten RFAs and three interrogatories. Dkt. 263. If this request is granted, Plaintiffs will require time to review Google's responses and—if necessary—request follow up or raise objections. Plaintiffs are also continuing to review and consult with technical experts on the interrogatory and RFA responses Google served on October 31, 2022.

*Depositions: Items 2, 3, 5, 7, 12 & 13.* There are myriad outstanding issues pertaining to both past and upcoming depositions in this case. Two additional depositions are scheduled to occur after this Reply is filed, and four more may potentially take place. These will likely require follow-up given the technical nature of the topics to be covered. Furthermore, Google still owes Plaintiffs answers to questions posed after depositions taken in October 2022. Shortly after deposing Francis Ma and Steven Ganem, Plaintiffs emailed Google a list of follow-up questions bearing on the adequacy of Google's productions and discovery responses. Mao Decl. ¶ 9. A week later, Plaintiffs

CASE NO. 3:20-CV-04688-RS

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE

1  emailed Google again requesting this information and posing further questions. Mao Decl. ¶ 9To

2  date, Google has neither acknowledged receipt of these emails nor provided answers to these

3  questions. Mao Decl. ¶ 9. If Google is this reluctant to answer questions posed **before** fact

4  discovery ended, conducting follow up on these matters **after** the close of discovery appears

5  impossible. Such discovery gamesmanship should not be allowed. *See Hernandez v. Creative*

6  *Concepts*, 2013 WL 1737211, at *6 (D. Nev. Apr. 22, 2013) (extending discovery deadlines where

7  depositions were scheduled after the discovery deadline and "follow-up discovery may be

8  required").

9         While these discovery disputes remain open, Plaintiffs are still faced with expert disclosure

10  deadlines. Currently, Plaintiffs' opening expert disclosures are due January 20, 2023. Dkt. 246.

11  Plaintiffs are working with their experts to meet this deadline, but any additional information that

12  Google is compelled to provide, is gleaned from the outstanding depositions, or Google provides

13  through supplemental discovery responses, will likely impact those expert disclosures and the

14  opinions those experts will offer. Had Google completed its discovery obligations by October 31,

15  2022 (completing all depositions, document productions, and supplemental discovery responses)

16  then Plaintiffs' experts could have proceeded with the case schedule as ordered by the Court. But

17  Google slow-rolled productions, delayed witnesses' depositions, and still has not answered the

18  bulk of outstanding requests from Plaintiffs—mostly now requiring this Court's attention. The

19  holidays are approaching, and Google's delay has further prejudiced Plaintiffs and their experts by

20  continuing to hinder discovery efforts that impact expert work.

21         Lastly, Google will not be prejudiced by Plaintiffs' proposed extension. No trial date is

22  currently set, and Google "will be afforded sufficient time to respond to any permitted discovery."

23  *Calloway v. Scribner*, 2014 WL 1317608, at *4 (E.D. Cal. Mar. 27, 2014); *see also Woodard v.*

24  *City of Menlo Park*, 2012 WL 2119278, at *1–2 (N.D. Cal. June 11, 2012) (reopening discovery

25  and noting that "any prejudice suffered by Defendant in this regard is substantially outweighed by

26  Plaintiff's need to engage in discovery to adequately prepare for trial").

27

28

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE

1

**B.      Plaintiffs Have Diligently Pursued Discovery**

2      Plaintiffs have gone to great lengths to obtain discovery in this highly technical case and

3   have not (as Google alleges) been tardy in doing so. Google's Opposition claims Plaintiffs are late

4   in requesting (1) an extension, (2) WAA-off data, (3) additional documents, and (4) additional

5   depositions. As described below, however, Google—not Plaintiffs—is responsible for the timing

6   of Plaintiffs' requests.

7      First, Plaintiffs' extension request is not untimely. As discussed above, Google failed to

8   produce a single unique document from 19 custodians until July 2022. Plaintiffs made clear to

9   Google for months that the October 31st fact-discovery cut off was insufficient because of Google's

10  delay in producing these relevant documents. Despite the delays, Plaintiffs have tirelessly worked

11  around the clock to review documents, identify issues for follow up, prepare letter briefs, and take

12  depositions.  Plaintiffs did not "delay" by seeking to resolve this issue with Google directly before

13  raising this issue with the Court. In fact, these efforts reflect that Plaintiffs were diligent. *See In re*

14  *Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 WL 5462496, at \*10 (N.D. Cal. Oct. 23, 2014)

15  ("the Court certainly cannot conclude [Plaintiffs] were not diligently pursuing discovery when

16  they were, in fact, making an effort to resolve these issues without pursuing them before the Special

17  Master or the Court").

18     Nor are Plaintiffs late in requesting WAA-off data. Google proffers that the "most

19  egregious example" of Plaintiffs' delay is waiting to request a Special Master and the Court to

20  compel Google to produce WAA-off data "until seven days after discovery closed." Opp. at 5, 7.

21  Google conveniently omits the ***six months*** of back and forth that necessitated that briefing. On

22  May 27, 2022, Plaintiffs served discovery requests seeking more information on WAA-off data.

23  *See* Mao Decl. ¶ 4. This data is highly relevant to apportion damages and for class administration.

24  Understanding the importance of this data, Google did not respond to these requests until ***nearly***

25  ***two months*** later on July 13, 2022. *See* Mao Decl. ¶ 4. On August 31, 2022, Plaintiffs sent Google

26  a letter brief requesting this data, and on September 1, 2022, the parties met and conferred, and

27  Google mentioned it identified WAA-off bits in thousands of logs and was still "investigating"

28

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE

1    these bits. *See* Mao Decl. ¶ 4. Google waited ***over a month*** before sending back its portion on

2    October 4, 2022. *See* Mao Decl. ¶ 4. The letter brief was finally submitted to the Court on October

3    17, 2022, and Plaintiffs submitted additional briefing per Judge Tse's order on October 26, 2022.

4    *See* Dkt. 250; *see also* Dkt. 253. Plaintiffs' request for a Special Master is the third—not first—

5    brief on this issue, which was only delayed because, in typical fashion, Google spent months

6    "investigating" logs that contain WAA-off data just to identify which logs contain WAA-off bits,

7    without actually producing anything. *See* Mao Decl. ¶ 4. Production of these logs is important

8    since the logs represent real-world evidence of what Google does with WAA-off data, how it

9    collects that data, how it stores that data, and how it uses that data. The Court in *Brown v. Google*

10   *LLC*, No. 4:20-cv-03664-YGR (N.D. Cal.) and *Calhoun v. Google LLC*, No. 4:20-cv-05145-YGR

11   (N.D. Cal.) recognized the importance of precisely this type of discovery and appointed a Special

12   Master to facilitate production from similar logs.

13          Plaintiffs also diligently requested additional depositions. They did not "wait[] until the

14   last possible day, Nov. 7" to seek them. Opp. at 4. Plaintiffs initially requested the additional

15   depositions in September, well before the discovery deadline. *See* Dkt. 255-2 ¶ 9. They then sent

16   Google a letter brief on this issue on October 6, 2022. *See* Mao Decl. ¶ 6. On October 17, 2022,

17   Google sent its portion of the letter brief and, after edits from both sides, the parties filed the final

18   letter brief on October 28, 2022, before the close of fact discovery. *See* Mao Decl. ¶ 6; *see also*

19   Dkt. 256.

20          Finally, Plaintiffs persistently requested additional documents. Google again

21   mischaracterizes events to make it appear Plaintiffs waited "until the last possible day" to request

22   documents from Micha Segeritz, Suneeti Vakharia, and Emil Ochotta. Not so. On October 3, 2022,

23   these first two individuals became known to Plaintiffs for the first time during (former Google

24   employee) Greg Fair's deposition, where he identified these individuals as the Google employees

25   who worked on WAA-off revenue analyses, which is clearly relevant to damages in this case. *See*

26   Dkt. 261 at 1. Plaintiffs had pursued this precise information for months, and once finally armed

27   with these specific individuals' involvement, Plaintiffs promptly requested these witnesses'

28

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE

1   custodial documents on the following Monday (October 7, 2022). Mao Decl. ¶ 7. On October 19,

2   2022 (with Google's usual delay of nearly two weeks) Google denied this request without

3   providing any substantive reason. Dkt. 261 at 2. Seeking to avoid dispute, Plaintiffs then requested

4   Google run a ***single*** search term for documents held by these individuals and produce responsive

5   documents. Dkt. 261 at 2. On October 24, 2022, Google denied this second request, leaving

6   Plaintiffs no choice but to file a letter brief on November 7, 2022. Dkt. 261 at 2.

7           **C.      Google Has Caused Delay**

8           Unable to justify its consistent delays, Google instead claims the Rule 16(b) good cause

9   standard "does not take into account supposed delay on the part of the non-movant." Opp. at. 5.

10  While it is obvious why Google would want the Court to ignore Google's discovery tactics in this

11  case, Google is wrong on the law. "When the modification [of a Scheduling Order] is necessitated

12  by acts of the opposing party or by the opponent's failure to act, relief has also been deemed

13  appropriate." 6A Fed. Prac. & Proc. Civ. § 1522.2 (3d ed.).  Indeed, courts have repeatedly found

14  good cause to extend deadlines where, despite the moving party's diligence, the nonmoving party

15  stalls discovery—just like Google has here. *See Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 (9th

16  Cir. 2007) (finding district court abused discretion in refusing to extend discovery deadline to

17  allow movant to depose a central witness made unavailable by opposing party); *Saca v. Molyneux*,

18  2007 WL 4524329, at *2 (E.D. Cal. Dec. 18, 2007) (extending schedule by 3 months where

19  plaintiff was diligent but defendant delayed discovery and depositions had to be pushed to later

20  dates); *United States v. Dalton*, 2021 WL 9526878, at *1, 2 (C.D. Cal. Oct. 19, 2021) (extending

21  schedule by 4 months because "despite the [plaintiff's] diligent efforts, the current deadlines could

22  not be reasonably met" where defendants delayed discovery, including by "provid[ing] evasive

23  and incomplete responses to interrogatories and document requests, assert[ing] improper

24  objections, [and] ma[king] ambiguous privilege assertions"). Because of Google's habit of delay,

25  completing discovery before the October 28th deadline was—and remains—impossible. An

26  extension is warranted.

27

28

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE

## IV.    CONCLUSION

Plaintiffs respectfully request the Court grant this modest extension.

Dated: November 17, 2022                    Respectfully submitted,


                                            */s/ Mark C. Mao*
                                            Mark C. Mao (CA Bar No. 236165)
                                            mmao@bsfllp.com
                                            Beko Reblitz-Richardson (CA Bar No. 238027)
                                            brichardson@bsfllp.com
                                            Erika Nyborg-Burch (CA Bar No. 342125)
                                            enyborg-burch@bsfllp.com
                                            BOIES SCHILLER FLEXNER LLP
                                            44 Montgomery Street, 41st Floor
                                            San Francisco, CA 94104
                                            Telephone: (415) 293-6800
                                            Facsimile (415) 293-6899

                                            David Boies (admitted *pro hac vice*)
                                            dboies@bsfllp.com
                                            BOIES SCHILLER FLEXNER LLP
                                            333 Main Street
                                            Armonk, NY 10504
                                            Telephone: (914) 749-8200
                                            Facsimile: (914) 749-8300

                                            James Lee (admitted *pro hac vice*)
                                            jlee@bsfllp.com
                                            Rossana Baeza (admitted *pro hac vice*)
                                            rbaeza@bsfllp.com
                                            BOIES SCHILLER FLEXNER LLP
                                            100 SE 2nd Street, Suite 2800
                                            Miami, FL 33131
                                            Telephone: (305) 539-8400
                                            Facsimile: (305) 539-1307

                                            Alison L. Anderson (CA Bar No. 275334)
                                            alanderson@bsfllp.com
                                            BOIES SCHILLER FLEXNER LLP
                                            725 S Figueroa St., 31st Floor
                                            Los Angeles, CA 90017
                                            Telephone: (213) 629-9040
                                            Facsimile: (213) 629-9022

                                            Bill Carmody (*pro hac vice*)
                                            bcarmody@susmangodfrey.com

-12-                                            CASE NO. 3:20-CV-04688-RS

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE

1   Shawn J. Rabin (*pro hac vice*)
    srabin@susmangodfrey.com

2   Steven Shepard (*pro hac vice*)
    sshepard@susmangodfrey.com

3   Alexander P. Frawley (*pro hac vice*)
    afrawley@susmangodfrey.com

4   SUSMAN GODFREY L.L.P.
    1301 Avenue of the Americas, 32nd Floor

5   New York, NY  10019
    Telephone: (212) 336-8330

6   Facsimile: (212) 336-8340

7
    Amanda Bonn (CA Bar No. 270891)

8   abonn@susmangodfrey.com
    SUSMAN GODFREY L.L.P.

9   1900 Avenue of the Stars, Suite 1400
    Los Angeles, CA 90067

10  Telephone: (310) 789-3100
    Facsimile: (310) 789-3150

11

12  John A. Yanchunis (*pro hac vice*)
    jyanchunis@forthepeople.com

13  Ryan J. McGee (*pro hac vice*)
    rmcgee@forthepeople.com

14  MORGAN & MORGAN, P.A.
    201 N Franklin Street, 7th Floor

15  Tampa, FL 33602
    Telephone: (813) 223-5505

16  Facsimile: (813) 222-4736

17
    Michael F. Ram (CA Bar No. 238027)

18  mram@forthepeople.com
    MORGAN & MORGAN, P.A.

19  711 Van Ness Avenue, Suite 500
    San Francisco, CA 94102

20  Telephone: (415) 358-6913
    Facsimile: (415) 358-6923

21

22   *Attorneys for Plaintiffs*

23

24

25

26

27

28

-13-                    CASE NO. 3:20-CV-04688-RS

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE