November 22, 2022

**Submitted via ECF**

Magistrate Judge Alex G. Tse
San Francisco Courthouse
Courtroom A - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    Supplemental Letter re: Disputed Requests Regarding Google's Saving & Use of WAA-Off Data (Dkt. 250), Disputed Requests Regarding Regulator Documents (Dkt. 262)
*Rodriguez v. Google LLC*, Case No. 3:20-cv-04688-RS (N.D. Cal.)

Dear Magistrate Judge Tse:

    I write on behalf of Plaintiffs to apprise the Court of recent developments relevant to two of the pending joint letter-briefs.

    *First*, on November 7, 2022, the parties filed a joint-letter brief regarding Google's refusal to answer questions regarding the existence of regulatory inquiries concerning Google's Web & App Activity ("WAA") setting, as well as produce any documents from those investigations. Dkt. 262. Since then, it has been publicly reported that there have been other relevant investigations of Google also focused on the WAA setting. On November 14, 2022, the attorneys general of 40 states announced that they had reached a $391.5 million joint settlement with Google regarding Google's collection of location information from users whose WAA setting is "on" but whose "Location History" setting is "off." *See* Bobby Allyn, *Google Pays Nearly $392 Million to Settle Sweeping Location-Tracking Case*, NPR (Nov. 14, 2022), https://tinyurl.com/4krt55tp. The "Assurances of Voluntary Compliance" related to the settlement with these 40 attorneys general are publicly available. *See* https://www.nj.gov/oag/newsreleases22/2022-1114_Google-Settlement-Filed-11.11.22.pdf.

    The settlement mentions the Web & App Activity control, *see, e.g.*, §§ I(1)(e) (defining covered conduct), I(1)(s) (defining WAA), where the 40 attorneys general conclude that Google "monetizes web & app activity data to make deductions about the user's habits and interests for advertising purposes. § II, ¶ 13. The attorneys general made extensive findings of fact concerning Google's misrepresentations regarding WAA. *See* § II, ¶¶ 21–27 (generally describing the data that Google collects with WAA, Google's misrepresentations concerning WAA). The Court previously granted Plaintiffs' motion to compel documents from materially identical litigation filed by the Arizona Attorney General (*see* Dkt. 85 at 2-3), which subsequently settled for $85 million. Based on this recent development, at a minimum, Plaintiffs respectfully request that the Court order Google to similarly produce documents from these recently disclosed investigations to the extent they relate to the WAA setting.

    *Second*, also on November 14, 2022, Google filed a brief partially opposing Plaintiffs'

1

pending motion for leave to file a Fourth Amended Complaint. Dkt. 268. In its opposition brief, Google wrote that "the only amendment to Classes 1 and 2 that Google opposes is the insertion of the word 'including' in [those] class definitions." Dkt. 268 at 9. The proposed amendment to Classes 1 and 2 makes clear that this case also concerns Google's collection of WAA-off data using the Google Mobile Ads SDK, the AdMob SDK, and the AdMob+ SDK, among others. Dkt. 257-7 (Fourth Am. Compl.) ¶ 4 (adding allegations concerning these SDKs and others). In the parties' joint letter-brief concerning Google's refusal to identify logs in which WAA-off data is stored, Google represented that it had already identified "the relevant" logs, but it identified just four logs tied only to data collected via the Firebase SDK and not any of the other SDKs. Dkt. 250 at 4. It is now beyond doubt that this case concerns more than just the Firebase SDK. At a minimum, Google should be ordered to identify the logs in which Google stores WAA-off data collected via the Google Mobile Ads SDK, AdMob SDK, and AdMob+ SDK, and include a list of all field names and descriptions in those logs.

On November 17, 2022, and in an effort to avoid judicial intervention, Plaintiffs asked for Google's views regarding these two issues. Google did not respond.

Respectfully,

*/s/ Amanda Bonn*
Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

James W. Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (*pro hac vice*)
rbaeza@bsfllp.com
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

William Christopher Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alex Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
Ryan Sila (*pro hac vice*)
rsila@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

*Attorneys for Plaintiffs*