**WILLKIE FARR & GALLAGHER** LLP

One Front Street
San Francisco, CA 94111
Tel: 415 858 7400
Fax: 415 858 7599

November 23, 2022

**SENT VIA ECF**

Magistrate Judge Alex G. Tse
San Francisco Courthouse
Courtroom A - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *Anibal Rodriguez, et al., v. Google LLC*, Case No. 3:20-CV-04688
Google's Response to Plaintiffs' Supplemental Letter at Dkt. 274

Dear Judge Tse,

      I write in response to Plaintiffs' November 22, 2022 "Supplemental Letter re: Disputed Requests Regarding Google's Saving & Use of WAA-Off Data (Dkt. 250), Disputed Requests Regarding Regulator Documents (Dkt. 262)" filed at Docket 274. Plaintiffs' e-mail concerning the two items raised in their letter to the Court was served on Google three business days ago. Without waiting for a response, Plaintiffs improperly filed their letter without warning, without any effort to meet and confer, and without following the joint letter brief procedure required for the requests for relief embedded in the letter. For these reasons, the Court should disregard the letter in its entirety.

      As to Plaintiffs' first point, Plaintiffs request that the Court Order Google to "produce documents from [] recently disclosed investigations to the extent they relate to the WAA setting." Dkt. 274 at 1. Google can confirm there are no additional non-public WAA-related documents beyond those produced already in response to this Court's Order at Dkt. 85. Plaintiffs' first request for relief is moot, which they would have known had they met and conferred with Google about it.

      As to Plaintiffs' second point, again, Plaintiffs did not meet and confer or serve a draft letter brief. Had they done so, they would know that their characterization of Google's supposed position is completely inaccurate.

      Plaintiffs moved for leave to add certain allegations to their complaint. Dkt. 258. Google chose not to oppose their motion for leave as to some of those allegations. Dkt. 268. In no way does that constitute a concession to Plaintiffs' new request for a Court Order that Google "identify the logs in which Google stores WAA-off data collected via the Google Mobile Ads SDK, AdMob SDK, and AdMob+ SDK, and include a list of all field names and descriptions in those logs." Plaintiffs' request for new discovery is not identified by Plaintiffs as part of a document request. Discovery is closed. Plaintiffs' end-of-discovery motions to compel (7 of them) have all been filed.

November 23, 2022

Google still has the right to move to dismiss Plaintiffs' new allegations. And the fact that the allegations have been included does not make them true or actionable.

And, the request is completely inappropriate. Plaintiffs promised Judge Seeborg they would not need more discovery for their allegations related to Google Mobile Ads SDK, AdMob SDK, and AdMob+ SDK. *See* Mot. for Leave, Dkt. 258 at 14:20 (arguing Google cannot be prejudiced by amendment because "[b]rand new discovery is unnecessary for Classes 1 and 2"). In meet-and-confer over the motion for leave to amend, Plaintiffs' counsel Mark Mao assured Google's counsel that no new discovery would be needed on these changes to Classes 1 and 2, and that Plaintiffs could proceed to the merits on those allegations with the discovery record as is. Yet now, after securing Google's agreement to permit those (meritless) factual allegations, Plaintiffs ask this Court to ignore the parties' *two* briefs on dashboards and data logs and simply Order more logs discovery without notice, briefing, or a hearing. The Court should not let Plaintiffs benefit from this sharp practice.

Further, Plaintiffs' request is phrased cleverly to elide a distinction that matters greatly in this case. This case is not about AdMob standing alone. The three SDKs mentioned by Plaintiffs in their request for relief, Dkt. 274 at 2 (Mobile Ads SDK, AdMob SDK, and AdMob+ SDK) matter in this case only insofar as they operate using the "app measurement" infrastructure at Google. AdMob can be integrated with Firebase, and AdMob+ can leverage the Google Analytics for Firebase app measurement infrastructure. The focus still remains on that infrastructure, which has been the focus of this case since its inception. But as phrased, Plaintiffs' request could impermissibly be read to extend outside the bounds of that infrastructure to new products and infrastructures that have never before been explored in this case, and which Google has steadfastly refused to allow into the ambit of the case. Plaintiffs never secured a Court Order expanding the scope of discovery beyond the app measurement infrastructure (and indeed, Your Honor has twice rejected Plaintiffs' efforts to do so). Their new "supplemental letter" should not serve as a Trojan horse that secures what they could not otherwise secure through appropriate motion practice.

Sincerely,

Eduardo E. Santacana