**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
Erika Nyborg-Burch, CA Bar No. 342125
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com
enyborg-burch@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 995-5720
alanderson@bsfllp.com

*Attorneys for Plaintiffs*

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY individually and on behalf of all other similarly situated,<br><br>              Plaintiffs,<br>   v.<br><br>GOOGLE LLC,<br>              Defendant. | Case No.: 3:20-cv-04688-RS<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE**<br><br>**(CIVIL LOCAL RULE 16-2)**<br><br>Judge: Hon. Richard Seeborg<br>Courtroom 3 – 17th Floor<br>Date: January 26, 2023<br>Time: 1:30 p.m. |

# NOTICE OF MOTION AND
# MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 26, 2023, at 1:30 p.m., or as soon as the matter may be heard in Courtroom 3, 17th Floor, 450 Golden Gate Avenue, San Francisco, California, before the Honorable Richard Seeborg,[1] the undersigned Plaintiffs will and hereby do move the Court, pursuant to Federal Rule of Civil Procedure 16 and Northern District of California Civil Local Rules 16-2 and 7-2, for an Order modifying the current Case Management Schedule in the instant action (Dkt. 246) by extending the deadline for opening expert reports by two months, and to similarly change the remaining deadlines in the Case Management Order. This Motion is based upon this Notice and Motion, the following Memorandum of Points and Authorities, the Declaration of Mark Mao, other materials in the record, argument of counsel, and such other matters as the Court may consider.

## ISSUE PRESENTED

Whether the Court should grant Plaintiffs' two-month extension request for relief from the Case Management Order (Dkt. 246) where opening expert reports are due on January 20, 2023, and Google has not yet provided certain agreed-upon discovery?

## RELIEF REQUESTED

Plaintiffs respectfully ask the Court to enter the proposed scheduling order accompanying this Motion, which extends all remaining case deadlines by two months.

---

[1] Tomorrow, Plaintiffs will move to shorten the time for briefing and the hearing on this motion since opening expert reports are currently due on January 20, 2023.

Plaintiffs respectfully seek a two-month extension of the deadline for submitting opening expert reports, which are currently due on January 20, 2023. Dkt. 246 (Case Management Order). Plaintiffs seek this modest extension because ***Google has not yet provided significant discovery that it has agreed to provide***, and because Google has provided some discovery only in the last few days. This extension is further warranted because seven discovery disputes remain pending. Dkts. 250, 253, 260-264. In order to meet the current deadline, the experts are required to work through the holidays and draft their reports without the benefit of a complete factual record, and with little time to review and synthesize recent discovery. Neither the Court nor the parties have any special interest in the January 20 deadline. It should be moved.

Plaintiffs seek the following limited extension:

| Event | Current Deadline (Dkt. 246) | Plaintiffs' Proposed Deadline |
|---|---|---|
| Initial Expert Witness Disclosures: | January 20, 2023 | March 20, 2023 |
| Rebuttal Expert Witness Disclosures: | May 1, 2023 | June 30, 2023 |
| Close of Expert Discovery: | June 2, 2023 | July 31, 2023 |
| Motion for Class Certification: | June 9, 2023 | August 7, 2023 |
| Opposition to Class Certification: | July 14, 2023 | September 11, 2023 |
| Reply in Support of Class Certification: | August 10, 2023 | October 9, 2023 |
| Hearing on Class Certification: | August 24, 2023 at 1:30 PM | TBD |

The Court will recall that another motion for relief from the Case Management Order is already pending. On October 27, 2022, Plaintiffs moved for three additional months of fact discovery and corresponding extensions to other deadlines, including opening expert reports. Dkt. 255. If the Court grants Plaintiffs' motion for an extension of fact discovery, then the present motion will be moot. But even if the Court denies Plaintiffs' motion for an extension of fact discovery, and even if the Court is not yet prepared to resolve that motion, there is good cause to promptly extend the deadline for service of initial expert reports.

First, ***Google hasn't completed production of documents that it agreed to provide well over a month ago***. In reliance on Google's commitments, Plaintiffs chose not to move to compel production of these documents.

  a. On November 7, 2022, Google agreed to produce and identify each version of its disclosures relating to the Web & App Activity ("WAA") control at issue in this case,

1

        b. On November 7, 2022, Google agreed to produce materials responsive to Plaintiffs' Ninth Set of RFPs (served on September 9), including documentation of revenue-share percentages between Google and publishers that host Google advertisements, screenshots of relevant dashboards, lists of apps that use certain software development kits at issue here, and data regarding the number of apps that utilized the WAA settings. Mao Decl. Ex. 2. These documents are relevant to Google's liability and damages and should be made available to Plaintiffs' experts. Google has not completed this production. On December 8, 2022, Plaintiffs asked Google when it will produce those materials. Google did not respond. *Id.*

        c. The parties have long discussed a process in which Google will produce from its logs data that Plaintiffs will generate from app activity, in order to, among other things, reveal how Google stores and uses app activity data, how those processes are affected by the WAA control, and how the WAA control interacts with other privacy controls. *See* Dkt. 254-6 (Ex. 4 to October 27, 2022 Extension Motion). The parties agreed that such a process is appropriate, but sought the Court's guidance regarding the scope of that process. *See* Dkts. 250, 253, 260, 274-275. Because the Court has not yet resolved the parties' dispute regarding which data logs will be included, on December 8, 2022, Plaintiffs proposed starting the process with logs that even Google recognizes are in scope. Mao Decl. Ex. 3. Proceeding this way is less efficient but necessary given the current schedule. ***Google waited nearly two weeks to reply, then refused to respond or begin the process for at least another two weeks because it is now "effectively Jan. 2 at Google."*** *Id.* Google also suggested that Plaintiffs make do with a shortened testing period because of the expert report deadline. *Id.* This expert data production process still has not begun.

Second, Google has only recently provided other agreed-upon discovery. For example:

        a. On December 20, 2022, Google produced the results of a dashboard query that Google agreed to run on November 1, 2022. Mao Decl. ¶ 7. There is no excuse for Google's delay. The results of the query and complex and may require follow-up.

        b. On December 15, 2022, after Google's repeated refusals to produce relevant, non-privileged documents, Plaintiffs took the deposition of Belinda Langner, Google's 30(b)(6) designee on topics relating to revenues and conversion tracking, which are relevant to Plaintiffs' experts' opinions. Mao Decl. ¶ 8. Ms. Langner was unable to answer well over a dozen questions and offered to follow up with answers, but still has not done so.

Third, several discovery disputes are pending. Dkts. 250, 253, 260-264. Plaintiffs anticipate filing at least one more discovery dispute, regarding Google's refusal to produce several of Ms. Langner's documents based on patently false assertions of irrelevance and privilege. Plaintiffs sent their portion of a letter-brief to Google on December 8, 2022; Google still has not completed its portion. Mao Decl. ¶ 9. The current schedule allows precious little time for Google to produce (and

2

in some cases, locate) documents that it is compelled to produce, especially because Google employees are apparently unable to work until the new year. Once produced, Plaintiffs' experts will also need time to review, synthesize, and incorporate the documents' contents into expert reports. Even if the Court denies all of Plaintiffs' motions to compel, its decisions are likely to impact the structure or content of the expert reports.

Plaintiffs would have thought that Google would agree to this extension, even if only as a professional courtesy to accommodate the parties, attorneys, witnesses, and their families during the holidays. Google affords its own employees this courtesy (at the expense of Plaintiffs and their experts). Yet on December 21, Google tersely rejected Plaintiffs' December 15 request for a brief extension. *See* Mao Decl. Ex. 4. Google is neither burdened nor prejudiced by allowing Plaintiffs' experts additional time to complete their reports, and Google's counsel did not claim otherwise. Google has no interest in the January 20 deadline—except to the extent it prejudices Plaintiffs and burdens their experts.

Plaintiffs' proposed, modest extension is well warranted. The Court has "extensive flexibility" to modify deadlines, "whether the enlargement is sought before or after the actual termination of the allotted time." *Lujan v. Nat'l Wildlife Fed*., 497 U.S. 871, 906 n.7 (1990) (quotation marks and citation omitted). Under Rule 16 of the Federal Rules of Civil Procedure, case schedules may be modified "for good cause and with the judge's consent." *Fishon v. Premier Nutrition Corp*., 2022 WL 958378, *1 n.1 (N.D. Cal. Mar. 30, 2022) (Seeborg, J.) (quoting Fed. R. Civ. P. 16(b)(4)); *see also In re Cathode Ray Tube (CRT) Antitrust Litig*., 2014 WL 5462496, at *3 (N.D. Cal. Oct. 23, 2014) (noting that scheduling orders may be modified for good cause and extending an extension of discovery to "permit document discovery and depositions to go forward"). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.* 975 F.2d 604, 609 (9th Cir. 1992)). There can be no reasonable dispute that Plaintiffs have diligently pursued the discovery addressed above. Plaintiffs have secured commitments from Google to produce this discovery (or moved to compel it) and pestered Google for dragging its feet.

1        The parties and the Court set the January 20 deadline for opening expert reports on the understanding that there would be no fact discovery after October 31. That understanding has proven false. Google offered three of its witnesses for deposition after that date, produced documents as recently as December 20, and still has not fulfilled its obligations to produce documents that it agreed to provide nearly two months ago. Plaintiffs should not be made to bear the burden of Google's delay.

      For these reasons, Plaintiffs respectfully request that the Court enter their proposed revised Case Management Order, which extends the deadline for opening expert reports and all subsequent deadlines by two months.

Dated: December 22, 2022.        Respectfully submitted,

      By: */s/ Mark C. Mao*

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

David Boies (admitted *pro hac vice*)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200

James Lee (admitted *pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (admitted *pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Bill Carmody (*pro hac vice*)

4

bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley
afrawley@susmangodfrey.com
Ryan Sila
rsila@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Telephone: (212) 336-8330

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
Michael F. Ram (CA Bar No. 238027)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION FOR RELIEF FROM
CASE MANAGEMENT SCHEDULE

CASE NO. 3:20-CV-04688