**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>                         Plaintiff,<br><br>  vs.<br><br>GOOGLE LLC,<br><br>                        Defendant. | Case No. 3:20-CV-04688-RS<br><br>**ORDER RE: PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL (DKT. NO. 272)** |

**ORDER**

Before the Court is Plaintiffs' Administrative Motions to File Under Seal Plaintiffs' Reply ISO Plaintiffs' Motion for Leave to File the Fourth Amended Complaint (Dkt. 272).

Having considered the Administrative Motion to Seal, Google's Statement in Support of Plaintiffs' Administrative Motion to Seal, and the Declaration of Steve Ganem, the material identified in Google's Statement in Support should be sealed.

Because the underlying motion at issue is non-dispositive, the good cause standard for sealing applies to all three categories of information Google seeks to seal. *Kamakana v. Cty & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *Dunbar v. Google, Inc.*, 2012 WL 6202719, at *2 (N.D. Cal. Dec. 12, 2012). *First,* there is good cause to seal the commercially sensitive, proprietary business information contained in the Reply (Dkt. 272-1) and Exhibits 34 (Dkt. 272-2), 36 (Dkt. 272-4), and 37 (Dkt. 272-5), in order to protect Google's business interests. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978); *Palantir Techs. Inc. v. Abramowitz*, 2021 WL 1925459, at *2 (N.D. Cal. Mar. 5, 2021). *Second*, there is good cause to redact portions of the internal names in Plaintiffs' Reply and Exhibits 35 (Dkt. 272-3), 38 (Dkt. 272-6), and 39 (Dkt. 272-7), in order to protect Google's business interests. Sealing those internal names is consistent with this Court's prior orders. *See, e.g.*, Dkt. Nos. 184, 208, 223. *Third*, there is good cause to redact email addresses of Google employees, all of whom are not parties to this action, in order to protect their privacy interests. *See, e.g., E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, 2018 WL 4961606, at *2 (E.D. Cal. Oct. 12, 2018); *Ehret v. Uber Techs., Inc.*, 2015 WL 12977024, at *3 (N.D. Cal. Dec. 2, 2015). Google has narrowly tailored the information to be sealed.

Accordingly, the following information should be sealed.

| Document | Portions Sought to Be Sealed | Page Citation |
|---|---|---|
| Reply ISO of Motion for Leave to Amend (Dkt. 272-1) | "Pr***Na***" | Page 1, line 23. |
| | Number of active Google Accounts with WAA or sWAA off. | Page 1, line 11 ("Google has admitted that '[REDACT] active Google accounts in the United States . . .") |
| Exhibit 34 (Dkt. 272-2) | Number of active Google Accounts with WAA or sWAA off. | Page 5, line 19 ("From July 27, 2016 to July 27, 2020, [REDACT] active Google Accounts in the United State turned off Web & App Activity settings . . . ."); page 6, line 3 ("From July 27, 2016 to July 27, 2020, [REDACT] active Google accounts in the United States turned off the "sWAA" setting . . . ."). |
| Exhibit 35 (Dkt. 272-3) | "Pr***Na***" | GOOG-RDGZ-00203545, at subject line and second line of 8/13/2020 email (4 instances). |
| | Non-public employee email addresses. | Pages -545–46. |
| Exhibit 36 (Dkt. 272-4) | Non-public employee email addresses. | GOOG-RDGZ-00060716. |
| | Identification of top Firebase customers. | Page -729 (4 rows of customer logos) |
| Exhibit 37 (Dkt. 272-5) | Google's response to Interrogatory No. 1. | Pages 4:20-28, 16:1-15, 16:17–31:7. |
| Exhibit 38 (Dkt. 272-6) | "Na***" | Transcript at 6:23; 7:9; 11:17; and 102:17. |
| | "Do***" | Transcript at 15:21. |

| Exhibit 39 (Dkt. 272-7) | "Pr***Na***" | GOOG-RDGZ-00203679, at top line (1 instance). |
|---|---|---|
| | Non-public employee email addresses | -679–81. |

Google is ordered to file redacted versions of the above-identified materials within 14 days of this Order.

**IT IS SO ORDERED.**

Dated: <u>December 23, 2022</u>

Honorable Richard Seeborg
United States District Judge