# EXHIBIT A

| | |
|---|---|
| Mark C. Mao, CA Bar No. 236165<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>**BOIES SCHILLER FLEXNER LLP**<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>Fax: (415) 293-6899<br>mmao@bsfllp.com<br>brichardson@bsfllp.com<br><br>James Lee (admitted *pro hac vice*)<br>Rossana Baeza (admitted *pro hac vice*)<br>**BOIES SCHILLER FLEXNER LLP**<br>100 SE 2nd St., 28th Floor<br>Miami, FL 33131<br>Tel.: (305) 539-8400<br>Fax: (303) 539-1307<br>jlee@bsfllp.com<br>rbaeza@bsfllp.com<br><br>Jesse Panuccio (admitted *pro hac vice*)<br>**BOIES SCHILLER FLEXNER LLP**<br>1401 New York Ave, NW<br>Washington, DC 20005<br>Tel.: (202) 237-2727<br>Fax: (202) 237-6131<br>jpanuccio@bsfllp.com<br><br>*Attorneys for Plaintiffs* | William S. Carmody (admitted *pro hac vice*)<br>Shawn Rabin (admitted *pro hac vice*)<br>Steven M. Shepard (admitted *pro hac vice*)<br>**SUSMAN GODFREY L.L.P.**<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019-6023<br>Tel.: (212) 336-8330<br>Fax: (212) 336-8340<br>bcarmody@susmangodfrey.com<br>srabin@susmangodfrey.com<br>sshepard@susmangodfrey.com<br><br>Amanda K. Bonn, CA Bar No. 270891<br>**SUSMAN GODFREY L.L.P**<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA. 90067<br>Tel: (310) 789-3100<br>Fax: (310) 789-3150<br>abonn@susmangodfrey.com<br><br>John A. Yanchunis (admitted *pro hac vice*)<br>Ryan J. McGee (admitted *pro hac vice*)<br>**MORGAN & MORGAN**<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel.: (813) 223-5505<br>jyanchunis@forthepeople.com<br>rmcgee@forthepeople.com |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANIBAL RODRIGUEZ and JULIEANNA MUNIZ individually and on behalf of all other similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Case No. 3:20-cv-04688-RS<br><br>**PLAINTIFFS' REQUESTS FOR AMISSIONS TO DEFENDANT GOOGLE LLC, SET ONE** |

Propounding Party:     Plaintiffs Anibal Rodriguez and JulieAnna Muniz

Responding Party:      Defendant Google LLC

Set No.:               One

Pursuant to Federal Rules of Civil Procedure 26 and 36, Plaintiffs Anibal Rodriguez and JulieAnna Muniz ("Plaintiffs") hereby submit the following requests for admissions to Defendant Google LLC ("Google"). Each request is to be read in accordance with the Definitions and Instructions that follow. Responses are due within thirty (30) days of service.

## DEFINITIONS

1. The term "ALL" includes the word "ANY," and vice versa.

2. The term "CLASS PERIOD" means the class period in this case, as defined in the operative complaint.

3. The term "COMMUNICATION" is to be construed in the broadest possible sense, and includes, but is not limited to, any transmission of information in any form and of any kind, including electronic, oral, or written transmission, whether such was by chance, prearranged, formal or informal, including conversations in person, notes of conversations, letters, electronic mail, telephone conversations, facsimile transmissions, correspondence or memoranda, formal statements, press releases or newspaper articles.

4. The term "INCLUDE" or "INCLUDING" means "include, but not limited to" or "including, but not limited to."

5. The term "GOOGLE" means GOOGLE LLC and any of its directors, officers, consultants, agents, representatives, predecessors in interest, subsidiaries, assignees, licensees, employees, attorneys, and any other persons acting on GOOGLE LLC'S behalf, including contractors.

6. The term "PERSON(S)" includes without limitation any natural person, firm, association, organization, partnership, business, trust, corporation, or public entity. Any reference to a PERSON that is a business entity and is not otherwise defined INCLUDES that PERSON's predecessors, if any (INCLUDING any pre-existing PERSON that at any time became part of that

1 entity after merger or acquisition), successors, parents divisions, subsidiaries, affiliates, franchisors and franchisees, and any other PERSON acting for or on behalf of them.

7.  The term "PLAINTIFFS" means Anibal Rodriguez and JulieAnna Muniz and any other named plaintiffs who might be added to this action.

8.  The term "REGULATORS" includes all government agencies, officials, and employees that have requested documents or information from Google and/or initiated any investigation or action concerning Google's data collection practices and disclosures, including without limitation the Department of Justice, the Federal Trade Commission, the Arizona Attorney General (*State of Arizona ex rel. Mark Brnovich, Attorney General v. Google LLC*, No. CV 2020-006219 (Ariz. Superior Ct. 2020)), the Attorneys General of Texas and California, the Australian Competition & Consumer Commission, and the Commission Nationale de l'Informatique et des Libertés ("CNIL").  For purposes of this request, Documents should be read broadly to include any written responses and privilege logs submitted by Google to the Regulators.

9.  The terms "CONCERNING," "RELATE," or "RELATING TO" INCLUDE addressing, analyzing, concerning, constituting, containing, commenting on, discussing, describing, identifying, in connection with, referring to, reflecting, relating, relating to, reporting on, stating, or dealing with, in whole or in part, in addition to their customary and usual meanings, and shall be construed in the broadest sense possible.

10.  The term "YOU" or "YOUR" means or refers to DEFENDANT GOOGLE LLC, and any of his or their attorneys, agents, representatives, predecessors, successors, assigns, and any PERSONs acting or purporting to act on his or their behalf.

**GENERAL INSTRUCTIONS**

1.  For each of the following requests, respond either "Admit" or "Deny."

2.  If objection is made, the reasons therefore shall be stated.

3.  The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.

4.  A denial shall fairly meet the substance of the requested admission and when good

faith requires that a party qualify an answer or deny only pare of the matter of which an admission is requested, the party shall specify so much if it as is true and quality or deny the remainder..

5. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquire and the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.

6. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone object to the request; the responding party must set forth the reasons why the party cannot admit or deny.

7. For purposes of reading, interpreting, or construing the scope of the DEFINITIONS, INSTRUCTIONS, and REQUESTS, all of the terms shall be given their most expansive and inclusive interpretation. This INCLUDES the following:

(a) The singular form of a word shall be interpreted as plural and vice versa.

(b) "And," "or," as well as "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request any response that might otherwise be construed to be outside the scope of the Request.

(c) "All," "each" and "any" shall be construed as "all, each, and any."

(d) The masculine form of a word shall be interpreted as and shall include the feminine and vice versa.

(e) The use of a verb in any particular tense shall be construed as the use of the verb in all other tenses as necessary to bring within the scope of the Request any response that might otherwise be construed to be outside the scope of the Request.

8. Your obligations under these requests for admissions are intended to be continuing; therefore, if you obtain information or evidence that modifies any answer, you are required to submit an amended response.

# REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**

Since the start of the Class Period, turning off Web & App Activity has caused no change in Google's collection of data through Google's Firebase SDK.

**REQUEST FOR ADMISSION NO. 2:**

Since the start of the Class Period, turning off Web & App Activity has caused no change in Google's collection of data through Google's Firebase SDK for non-Google-branded apps.

**REQUEST FOR ADMISSION NO. 3:**

Since the start of the Class Period, when Web & App Activity is turned off, Google has still collected data regarding users' browsing history on apps that use Google's Firebase SDK.

**REQUEST FOR ADMISSION NO. 4:**

Since the start of the Class Period, Google has collected data regarding users' browsing history on non-Google-branded apps while those users had Web & App Activity turned off.

**REQUEST FOR ADMISSION NO. 5:**

Since the start of the Class Period, while users have Web & App Activity turned off, Google has collected the following data when users interact with apps that use Google's Firebase SDK: (i) the title of the page the users viewed in the apps, (ii) the "page_referrer" (i.e., if the user arrived at that page via another page), and (iii) the page URL.

**REQUEST FOR ADMISSION NO. 6:**

Since the start of the Class Period, Google has not disclosed to users that while users have Web & App Activity turned off Google still collects browsing history data when users interact with apps that use Google's Firebase SDK.

**REQUEST FOR ADMISSION NO. 7:**

Since the start of the Class Period, Google has created profiles for targeted advertising using data collected from users' browsing history with apps that use Google's Firebase SDK while those users have Web & App Activity turned off.

**REQUEST FOR ADMISSION NO. 8:**

Since the start of the Class Period, Google has been earning advertising revenues using browsing history data Google collects from users' interactions with apps that use Google's Firebase SDK while those users have Web & App Activity turned off.

Dated: October 26, 2020

**BOIES SCHILLER FLEXNER LLP**

By: _____
Mark C. Mao

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
Alexander Justin Konik, CA Bar No. 299291
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
brichardson@bsfllp.com
akonik@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

Jesse Panuccio (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave, NW
Washington, DC 20005
Tel.: (202) 237-2727
Fax: (202) 237-6131
jpanuccio@bsfllp.com

William S. Carmody (admitted *pro hac vice*)
Shawn Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)

**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel.: (212) 336-8330
Fax: (212) 336-8340
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA. 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
abonn@susmangodfrey.com

John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

*Attorneys for Plaintiffs*

**PROOF OF SERVICE**

I, Vicky L. Ayala, declare:

I am a citizen of the United States and employed in the City and County of San Francisco, CA.  I am over the age of 18 and not a party to the within action; my business address is 44 Montgomery St., 41st Floor, San Francisco, CA  94104.

On October 26, 2020, I served the following document(s) described as:

**PLAINTIFFS' REQUESTS FOR ADMISSIONS TO DEFENDANT GOOGLE LLC, SET ONE**

☐ **BY FACSIMILE TRANSMISSION**: As follows: The papers have been transmitted to a facsimile machine by the person on whom it is served at the facsimile machine telephone number as last given by that person on any document which he or she has filed in the cause and served on the party making the service. The copy of the notice or other paper served by facsimile transmission shall bear a notation of the date and place of transmission and the facsimile telephone number to which transmitted or be accompanied by an unsigned copy of the affidavit or certificate of transmission which shall contain the facsimile telephone number to which the notice of other paper was transmitted to the addressee(s).

☐ **BY MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, CA, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for overnight mailing. Under that practice, it would be deposited with overnight mail on that same day prepaid at San Francisco, CA in the ordinary course of business.

☒ **BY ELECTRONIC MAIL TRANSMISSION**:  By electronic mail transmission from vayala@bsfllp.com on October 26, 2020, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address(es) listed below their address(es).  The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

Case No. 3:20-cv-04688-RS

PROOF OF SERVICE

| | |
|---|---|
| David H. Kramer<br>Wilson Sonsini Goodrich & Rosati<br>Professional Corporation<br>650 Page Mill Road<br>Palo Alto, CA. 94304<br>Tel: 650-493-9300<br>Fax: 650-565-5100<br>dkramer@wsgr.com | *Attorney for Defendant Google LLC* |
| Benedict Y. Hur<br>Simona Agnolucci<br>Jayvan E. Mitchell<br>Amanda Maya<br>Willkie Farr & Gallagher LLP<br>One Front Street, 34th Floor<br>San Francisco, CA. 94111<br>Tel: 415-858-7400<br>Fax: 415-858-7577<br>bhur@willkie.com<br>sagnolucci@willkie.com<br>jmitchell@willkie.com<br>amaya@willkie.com | *Attorneys for Defendant Google LLC* |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 26, 2020, at San Francisco, CA.

_____
Vicky L. Ayala

Case No. 3:20-cv-04688-RS

PROOF OF SERVICE