# EXHIBIT C

| | |
|---|---|
| Mark C. Mao, CA Bar No. 236165 | Bill Carmody (admitted *pro hac vice*) |
| Beko Reblitz-Richardson, CA Bar No. 238027 | Shawn Rabin (admitted *pro hac vice*) |
| **BOIES SCHILLER FLEXNER LLP** | Steven M. Shepard (admitted *pro hac vice*) |
| 44 Montgomery Street, 41st Floor | **SUSMAN GODFREY L.L.P.** |
| San Francisco, CA 94104 | 1301 Avenue of the Americas, 32nd Floor |
| Tel.: (415) 293-6800 | New York, NY 10019-6023 |
| Fax: (415) 293-6899 | Tel.: (212) 336-8330 |
| mmao@bsfllp.com | Fax: (212) 336-8340 |
| brichardson@bsfllp.com | bcarmody@susmangodfrey.com |
| | srabin@susmangodfrey.com |
| Jesse Panuccio (admitted pro hac vice) | sshepard@susmangodfrey.com |
| **BOIES SCHILLER FLEXNER LLP** | |
| 1401 New York Avenue, NW | John A. Yanchunis (admitted *pro hac vice*) |
| Washington, DC 20005 | Ryan J. McGee (admitted *pro hac vice*) |
| Tel.: (202) 237-2727 | **MORGAN & MORGAN** |
| Fax: (202) 237-6131 | 201 N. Franklin Street, 7th Floor |
| jpanuccio@bsfllp.com | Tampa, FL 33602 |
| | Tel.: (813) 223-5505 |
| Amanda K. Bonn, CA Bar No. 270891 | jyanchunis@forthepeople.com |
| **SUSMAN GODFREY L.L.P** | rmcgee@forthepeople.com |
| 1900 Avenue of the Stars, Suite 1400 | |
| Los Angeles, CA 90067 | Michael F. Ram, CA Bar No. 104805 |
| Tel: (310) 789-3100 | **MORGAN & MORGAN** |
| Fax: (310) 789-3150 | 711 Van Ness Ave., Suite 500 |
| abonn@susmangodfrey.com | San Francisco, CA 94102 |
| | Telephone: (415) 358-6913 |
| | Fax: (415) 358-6923 |
| | mram@forthepeople.com |

*Attorneys for Plaintiffs;*
*Additional counsel listed in signature block*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANIBAL RODRIGUEZ, JULIEANNA MUNIZ, ELIZA CAMBAY, SAL CATALDO, EMIR GOENAGA, JULIAN SANTIAGO, HAROLD NYANJOM, KELLIE NYANJOM, and SUSAN LYNN HARVEY, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-cv-04688-RS<br><br>**PLAINTIFFS' INTERROGATORIES TO DEFENDANT GOOGLE LLC SET SEVEN** |

| | |
|---|---|
| Propounding Party: | Plaintiffs Anibal Rodriguez, Sal Cataldo, Julian Santiago, and Susan Lynn Harvey ("Plaintiffs") |
| Responding Party: | Defendant Google LLC |
| Set No.: | Seven |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiffs hereby submit the following Interrogatories to Defendant Google LLC ("Google"). Each Interrogatory is to be read in accordance with the Definitions and Instructions that follow. Responses are due within thirty (30) days of service.

## DEFINITIONS

1. "All" includes the word "any," and vice versa.

2. "Class Period" means the class period as referenced in paragraph 15 of the Third Amended Complaint.

3. "Concerning", "Associated," and "Relating to" include addressing, analyzing, concerning, constituting, containing, commenting on, discussing, describing, identifying, in connection with, referring to, reflecting, relating, relating to, reporting on, stating, or dealing with, in whole or in part, in addition to their customary and usual meanings, and shall be construed in the broadest sense possible.

4. "Describe" or "Description" means, without limitation, a request for a complete description, identification, and explanation of the facts, circumstances, analysis, opinion and other information relating to the subject matter of a specific interrogatory including the persons involved, the time period of, the location of, and the causes and consequences of the subject matter of the specific interrogatory.

5. "Google" means Google LLC and any of its directors, officers, consultants, agents, representatives, predecessors in interest, subsidiaries, assignees, licensees, employees, attorneys and any other persons acting on Google LLC'S behalf, including contractors. The term also includes all computers, servers, and other information systems under the control of Google.

6. "Include" or "Including" means "include, but not limited to" or "including, but not limited to."

7. The term "Non-Google App" means mobile applications that are not operated and owned by Google or a Google affiliate (e.g., Google Maps, YouTube).

8. The term "Google App" means mobile applications that are operated and owned by Google or a Google affiliate (e.g., Google Maps, YouTube).

9. "User" means a human being residing in the United States with at least one Google account.

10. "WAA-Off Data" means data generated by a user's use of Google Apps or Non Google Apps that employ or embed any Google service (e.g., Firebase, AdMob) while Web & App Activity (WAA) or Supplemental Web & App Activity (sWAA) was disabled (which is at times referred to as off or paused). WAA-Off Data includes any information generated by or during a user's visit to an app, including but not limited to app installation and deletion.

## GENERAL INSTRUCTIONS

1. **Time Period.** The time period for these requests is the start of the class period or January 1, 2014, whichever is earlier, through the present (and ongoing) unless stated otherwise.

2. **Responses**: When an Interrogatory asks for specific information, and the specific information requested is not known to you, such Interrogatory shall be deemed to ask you to approximate the information requested as best you can, provided that you indicate in your response that the information being provided is an approximation or is incomplete. When, after a reasonable and thorough investigation using due diligence, you are unable to answer any part of an Interrogatory because of lack of information available to you, specify in full and complete detail the type of information which you claim is not available to you and what has been done by you to locate such information. In addition, specify what knowledge or information you have concerning the unanswered portion of the Interrogatory, set forth the facts upon which such knowledge or belief is based, and identify the person or entity who is likely to have the information which you claim is not available.

3.  **Construction**: For purposes of reading, interpreting, or construing the scope of the DEFINITIONS, INSTRUCTIONS, and INTERROGATORIES, all of the terms shall be given their most expansive and inclusive interpretation. This INCLUDES the following:

    (a) The singular form of a word shall be interpreted as plural and vice versa.

    (b) "And," "or," as well as "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatory anything might otherwise be construed to be outside the scope of the Interrogatory.

    (c) "All," "each" and "any" shall be construed as "all, each, and any."

    (d) The masculine form of a word shall be interpreted as and shall include the feminine and vice versa.

    (e) The use of a verb in any particular tense shall be construed as the use of the verb in all other tenses as necessary to bring within the scope of the Interrogatory that might otherwise be construed to be outside the scope of the Interrogatory.

4.  **Objections:** Each Interrogatory shall be responded to fully, unless it is objected to in good faith. In that case, the reason(s) for the objection shall be stated in writing and with particularity. If an objection is to only a portion of the Interrogatory, state the objection as to that portion only and respond to any portion of the Interrogatory to which YOU do not object.

    (a) If YOU claim any ambiguity in interpreting the Interrogatory or any of the applicable Instructions or Definitions, such claim shall not be used as a basis for refusing to respond to the Interrogatory. In any such circumstance, YOU should set forth as part of YOUR response the language claimed to be ambiguous and the interpretation chosen or used by YOU in responding to the Interrogatory and YOU shall respond as fully as possible notwithstanding any claimed ambiguity or objection.

    (b) If YOU object to the Interrogatory on the ground that it is overly broad, YOU are instructed to provide a response as narrowed to conform to

YOUR objection and to state in YOUR response: (1) how YOU narrowed the Interrogatory; and (2) all reason(s) why YOU claim the Interrogatory is overly broad.

5. **Privilege Log:** If any information called for by these Interrogatories is withheld under a claim of privilege or is not responded to for whatever reason, you are requested at the time of responding to these Interrogatories to separately state in writing and with specificity for any such information withheld (a) the claim of privilege or other reason asserted for withholding such information; and (b) all information supporting the claim of privilege or other reason for withholding asserted as to such information, including, without limitation, the type or nature of the response for which a privilege is claimed, all in a manner sufficient to allow each response to be described to the Court in order for the Court to rule on the validity of the claim of privilege or other reason asserted for withholding your response. You are further requested to provide all requested information that is not subject to a claim of privilege or other reasons for nonresponse by excising or otherwise protecting the portion of such response for which a privilege is asserted and responding to the remainder of the interrogatory.

6. **Continuing Obligation**: These interrogatories are to be considered continuing in nature, and YOU must promptly furnish supplemental responses if any additional information is discovered or created after YOUR responses are tendered, or if any of YOUR responses are subsequently determined to be incorrect, incomplete, or misleading in any respect.

## INTERROGATORIES

**INTERROGATORY NO. 18:**

If Google's Responses to Requests for Admission No. 23 and No. 24 are anything but unqualified admissions, please explain how a User can (or at any time during the Class Period could) prevent Google from receiving and/or saving WAA-Off Data.

**INTERROGATORY NO. 19:**

If Google's Responses to Request for Admission No. 32 or No. 35 are anything but unqualified admissions, please identify any and all non-Google sources and disclosures that, in Google's view, explicitly informed or informs Users that Google saves WAA-Off Data. For

purposes of this Interrogatory, "explicitly" requires at a minimum that the source either refer by name to Web & App Activity (WAA) or supplemental Web & App Activity (sWAA) or inform Users that Google will save data relating to their app activity without regard to their Google settings. For purposes of this Interrogatory, "non-Google sources" refers to privacy policies or disclosures published by app developers, news articles, academic publications, or any other publications or documents not authored by Google.

**INTERROGATORY NO. 20:**

For the Class Period, and broken down by year, please provide information (including best estimates) regarding the total number and percentage of Non-Google Apps using Google services, including (1) Google Analytics for Firebase, (2) AdMob (including AdMob+), (3) Cloud Messaging, and (4) both Google Analytics for Firebase and AdMob. This Interrogatory is limited to Non-Google Apps that are used by Google account holders who reside in the United States.

**INTERROGATORY NO. 21:**

For the Class Period, please describe any way in which app developers could or currently can impact whether and how Google saves and uses WAA-Off Data. This response would include any option that app developers had or have to prevent Google from saving and/or using WAA-Off Data.

**INTERROGATORY NO. 22:**

Including any changes during the Class Period, please specify and describe the types of WAA-Off Data that Google saved or currently saves related to Users' interactions with Google Apps. Please describe how that data differs, if at all, from the types of WAA-Off Data related to users' interactions with Non-Google Apps and how that data differs, if at all, based on whether it was collected during a User's interaction with any of the following apps: Google Search, YouTube, Google Maps, Gmail, and Chrome (including Webviews in Chrome from Non-Google Apps).

**INTERROGATORY NO. 23:**

Including any changes during the Class Period, please describe the types of data that Google received or currently receives by way of the Google Mobile Ads SDK. Please include within your response how a User's decision to switch off WAA and/or sWAA impacted or currently impacts

Google's receipt and storage of that information.

**INTERROGATORY NO. 24:**

If Google's Response to Request for Admission No. 33 is anything but an unqualified admission, please explain how Non-Google Apps that use any of GA for Firebase, AdMob, or Cloud Messaging would cease functioning and/or become unusable to their users if Google no longer stored WAA-off Data collected by way of GA for Firebase, AdMob, and Cloud Messaging.

**INTERROGATORY NO. 25:**

If Google's Response to Request for Admission No. 38 is anything but an unqualified admission, please explain how an app developer whose Non-Google App uses Google Analytics for Firebase can (or at any time during the Class Period could) prevent Google from receiving and saving WAA-Off Data (short of discontinuing use of the Google Analytics for Firebase service). Insofar as Google's response references specific tools or features, please state the applicable time period(s) when each tool or feature has been available.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: September 30, 2022 | **SUSMAN GODFREY LLP** |
|  | By: */s/ Steven Shepard* |
|  | Steven M. Shepard (admitted *pro hac vice*)<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019-6023<br>Tel.: (212) 336-8330<br>Fax: (212) 336-8340<br>sshepard@susmangodfrey.com |
|  | Mark C. Mao, CA Bar No. 236165<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>**BOIES SCHILLER FLEXNER LLP**<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>Fax: (415) 293-6899<br>brichardson@bsfllp.com |
|  | James Lee (admitted *pro hac vice*)<br>Rossana Baeza (admitted *pro hac vice*) |

|   |   |
|---|---|
| 1 | **BOIES SCHILLER FLEXNER LLP** |
|   | 100 SE 2nd St., 28th Floor |
| 2 | Miami, FL 33131 |
|   | Tel.: (305) 539-8400 |
| 3 | Fax: (303) 539-1307 |
| 4 | jlee@bsfllp.com |
|   | rbaeza@bsfllp.com |
| 5 |   |
|   | Jesse Panuccio (admitted *pro hac vice*) |
| 6 | **BOIES SCHILLER FLEXNER LLP** |
| 7 | 1401 New York Ave, NW |
|   | Washington, DC 20005 |
| 8 | Tel.: (202) 237-2727 |
|   | Fax: (202) 237-6131 |
| 9 | jpanuccio@bsfllp.com |
| 10 |   |
|   | Amanda K. Bonn, CA Bar No. 270891 |
| 11 | **SUSMAN GODFREY L.L.P** |
|   | 1900 Avenue of the Stars, Suite 1400 |
| 12 | Los Angeles, CA. 90067 |
|   | Tel: (310) 789-3100 |
| 13 | Fax: (310) 789-3150 |
| 14 | abonn@susmangodfrey.com |
| 15 | William S. Carmody (admitted *pro hac vice*) |
|   | Shawn Rabin (admitted *pro hac vice*) |
| 16 | Alexander P. Frawley (admitted *pro hac vice*) |
|   | Ryan Sila (admitted *pro hac vice*) |
| 17 | **SUSMAN GODFREY L.L.P.** |
| 18 | 1301 Avenue of the Americas, 32nd Floor |
|   | New York, NY 10019-6023 |
| 19 | Tel.: (212) 336-8330 |
|   | Fax: (212) 336-8340 |
| 20 | bcarmody@susmangodfrey.com |
| 21 | srabin@susmangodfrey.com |
|   | afrawley@susmangodfrey.com |
| 22 | rsila@susmangodfrey.com |
| 23 | John A. Yanchunis (admitted *pro hac vice*) |
|   | Michael F. Ram CA Bar No. 104805 |
| 24 | Ryan J. McGee (admitted *pro hac vice*) |
| 25 | **MORGAN & MORGAN** |
|   | 201 N. Franklin Street, 7th Floor |
| 26 | Tampa, FL 33602 |
|   | Tel.: (813) 223-5505 |
| 27 | jyanchunis@forthepeople.com |
|   | mram@forthepeople.com |
| 28 | rmcgee@forthepeople.com |

8

PLAINTIFFS' INTERROGATORIES TO DEFENDANT GOOGLE LLC, SET SEVEN
CASE NO.: 3:20-CV-04688-RS

*Attorneys for Plaintiffs*

**PROOF OF SERVICE**

I, Ryan Sila, declare:

I am a citizen of the United States and employed in the County of New York, New York. I am over the age of 18 and not a party to the within action; my business address is 1301 Avenue of the Americas New York, NY 10019, 32 Floor.

On September 30, 2022, I served the following document described as:

**Plaintiffs' Interrogatories to Defendant Google LLC, Set Seven**

By electronic mail transmission from rsila@susmangodfrey.com on September 30, 2022, by transmitting a PDF format copy of such document to each person at the e-mail addresses listed below. The document was transmitted by electronic transmission and such transmission was reported as complete and without error:

Benedict Y. Hur
Simona Agnolucci
Eduardo E. Santacana
Willkie Farr & Gallagher LLP
One Front Street, 34th Floor
San Francisco, CA  94111

Tel: 415-858-7400
Fax: 415-858-7577
bhur@willkie.com
sagnolucci@willkie.com
esantacana@willkie.com
*Attorneys for Defendant*

Executed on September 30, 2022, at New York, New York.

*/s/ Ryan Sila*