**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
  sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
  esantacana@willkie.com
LORI C. ARAKAKI (SBN: 315119)
  larakaki@willkie.com
ARGEMIRA FLOREZ (SBN: 331153 )
  aflorez@willkie.com
HARRIS MATEEN (SBN: 335593)
  hmatten@willkie.com
One Front Street, 34th Floor
San Francisco, CA 94111
Telephone: (415) 858-7400
Facsimile:  (415) 858-7599

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>    vs.<br><br>GOOGLE LLC,<br><br>           Defendant. | Case No. 3:20-CV-04688-RS<br><br>**GOOGLE'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL INFORMATION IN PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE (DKT. NO. 278)**<br><br>**(CIVIL LOCAL RULE 79-5)**<br><br>The Honorable Richard Seeborg<br>Date:  February 2, 2023<br>Time: 1:30 p.m.<br>Place: Courtroom 3 - 17th Floor<br><br>Action Filed:     July 14, 2020<br>Trial Date:        Not Yet Set |

## I. INTRODUCTION

Pursuant to Civil Local Rule 79-5(f)(3), Defendant Google LLC submits this statement of reasons in support of Plaintiffs' Administrative Motion to File Under Seal Plaintiffs' Motion for Relief from the Case Management Schedule ("Motion for Relief") (Dkt. 278) and documents filed in connection with that motion.

Google has narrowed the material it seeks to keep under seal. Google only seeks to seal part of one word in the Declaration of Mark Mao ("Mao Declaration") (Dkt. 278-2) and similarly limited portions of Exhibits 2 (Dkt. 278-4) and 3 (Dkt. 278-5). Google seeks to make minimal redactions to keep under seal internal proprietary code names, and certain highly confidential and proprietary information related to Google's revenue shares and data storage and logging systems. Where possible, Google only seeks to redact information after the second letters in a code name or phrase, the numerical revenue shares at issue, and the names of its proprietary data logs, allowing the majority of the documents at issue to be filed publicly. These are the most restrictive redactions possible.

Because the underlying motion—a motion for relief from the case management schedule—is non-dispositive, the lower good cause standard applies. *Kamakana v. Cty & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). There is good cause to seal the information Google seeks to seal, which falls into two categories. *First*, Google seeks to seal commercially sensitive proprietary business information in Exhibits 2 and 3 to the Motion for Relief. *Second*, Google seeks to redact portions of two internal code names—an internal database in the Mao Declaration and a confidential project in Exhibit 2. None of the information Google seeks to keep under seal is necessary to the public's understanding of the underlying disputes concerning the case schedule. Plaintiffs' Motion to Seal should be granted with respect to the limited material identified in Google's accompanying proposed order.

## II. LEGAL STANDARD

The Ninth Circuit has "'carved out an exception to the presumption of access' to judicial records" for non-dispositive motions. *Kamakana*, 447 F.3d at 1179 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A request for leave to file an amended

complaint is considered a non-dispositive motion for purposes of a motion to seal. *See, e.g.*, *Dunbar v. Google, Inc.*, No. 5:12–cv–003305–LHK, 2012 WL 6202719, at *2 (N.D. Cal. Dec. 12, 2012) ("Motion for Leave to Amend is a non-dispositive motion. Therefore, the parties need only demonstrate 'good cause' in order to support their requests to seal."); *Edwards Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*, No. 19-cv-06593-HSG, 2021 WL 1312748, at *5 (N.D. Cal. Apr. 8, 2021) (same). "[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." *Kamakana*, 447 F.3d 1172, 1179 (citation and quotation marks omitted). "[A] particularized showing under the good cause standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." *Id.* at 1180 (cleaned up).

### III.     DISCUSSION

####     A.     Commercially sensitive business information (Exhibits 2 & 3).

Google seeks to seal commercially sensitive business information in Exhibits 2 and 3 to the Motion for Relief (Dkt. 278). There is good cause to seal "business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978), or any other "commercially sensitive information," *Palantir Techs. Inc. v. Abramowitz*, No. 19-cv-06879-BLF, 2021 WL 1925459, at *2 (N.D. Cal. Mar. 5, 2021). Good cause to seal is shown when a party seeks to seal materials that "contain[] confidential information about the operation of [the party's] products and [] public disclosure could harm [the party] by disclosing confidential technical information." *Digital Reg. of Texas, LLC v. Adobe Sys., Inc.*, No. C 12-1971 CW, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014).

<u>Exhibit 2 (Revenue Share Numbers)</u>. Exhibit 2 is an email exchange between counsel for the parties that contains highly confidential, proprietary, and competitively sensitive revenue share metrics. Declaration of Steve Ganem ISO Pls.' Admin. Mot. To Seal, filed concurrently ("Ganem Decl.") ¶ 5. Google requests to seal only five numbers in the discussion concerning RFP 275 at page 4 and submits that no less restrictive means for redaction are available.

Good cause exists to seal the five numbers at page 4 of Exhibit 2 because they are confidential and competitively sensitive internal metrics related to Google's advertising business. *Id.* Google does not disclose this information in its business dealings or in litigation and keeps it stored on secure servers because it is important to Google's business interests. *Id.* For example, competitors could use these numbers to determine the structure of Google's advertising business and mimic its processes to unfairly compete with its business. *Id.* Competitors could unfairly capitalize on these metrics by targeting Google's advertising products according to the volume of users who use those products. *See, e.g.*, *Dynetix Design Sols. Inc. v. Synopsys Inc.*, No. C 11–CV–05973 PSG, 2013 WL 2285210, at *1 (N.D. Cal. May 23, 2013) (sealing "information that could help competitors develop competing products."); *Bauer Bros. LLC v. Nike, Inc.*, No. 09CV500-WQH-BGS, 2012 WL 1899838, at *4 (S.D. Cal. May 24, 2012) (sealing Nike's financial data, including revenue for its products and reductions to that revenue).

Exhibit 3 (Data Log Names). Exhibit 3 is an email exchange between counsel for the parties that includes highly confidential, technical, and proprietary information concerning Google's data log storage systems. Ganem Decl. ¶¶ 7-8. Google seeks to keep the names of three identified internal data logs as well as the fields that can be used to query the log under seal. *See* Ex. 3 (Dkt. 278-5) at 3.

There is good cause to seal the portions of Exhibit 3 that contain confidential and proprietary information concerning Google's data log storage systems because public disclosure may present a competitive risk to Google's business. Exhibit 3 identifies by name and discloses details and contents of numerous internal data logs, all of which is proprietary information Google has developed over many years after devoting countless hours of corporate resources and employee and engineer time. Ganem Decl. ¶ 7. Exhibit 3 not only reveals Google's internal names and contents for certain logs, but also discloses information about their function as it pertains to GA for Firebase. *Id.* This information is proprietary and highly confidential. *Id.* If this information is disclosed, competitors could infer how the GA for Firebase product functions, and how it was developed. Exhibit 3 additionally discloses confidential decisions Google has

made concerning data logging and storage periods. *Id.* That too is information Google considers highly confidential and proprietary. *Id.*

Revealing specifics such as internal names of data logs and the fields that are or are not in the logs presents a serious risk of irreparable harm to Google. Ganem Decl. ¶ 8. This risk is especially present here because this email compiles in one place data logs and fields that are not typically compiled in a single document. If this information were disclosed, competitors could infer how Google's products function, and how they are developed. *Id.* Competitors could mimic Google's approach to data organization and storage to unfairly compete with Google's product offerings to Google's detriment. *Id.* Individuals interested in improperly accessing Google's systems could also target Google's proprietary logging sources if they knew the internal names. *Id.* This is why Google carefully maintains the confidentiality of the information contained within Exhibit 3, both within Google by restricting access to certain teams with access rights, and externally including in litigation. *Id.* ¶ 9.

Google only seeks to redact the portions of the exchange between counsel in Exhibit 3 that concern Google's data log storage system; there is no more limited sealing that could properly protect Google's confidential information. *Id.* ¶ 10.

\* \* \*

Courts routinely grant motions to seal confidential business information like that in Exhibits 2 and 3 in order to protect the litigant's business interests, and this Court should do so here. *See Nixon*, 435 U.S. at 598–99; *Palantir Techs.*, 2021 WL 1925459, at \*2. Public disclosure of the information Google seeks to keep under seal would harm Google's competitive standing it has earned through years of innovation and careful deliberation, by revealing sensitive aspects of Google's proprietary logging systems and their design to Google's competitors. That alone is a proper basis to seal such information. *See, e.g.*, Order, *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF (N.D. Cal. May 3, 2017), ECF No. 192 at 6-8 (granting Google's motion to seal certain sensitive business information). Moreover, if publicly disclosed, malicious actors may use the information contained in Exhibits 2 and 3 to compromise Google's internal systems and operations placing Google at an increased risk of cyber security threats,

which is an independent basis to seal Google's confidential information. *See, e.g.*, *In re Google Inc. Gmail Litig.*, No. 13–MD–02430–LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing material that "if made public Google contends could lead to a breach in the security" of Google's systems).

### B.    References to Internal Code Names (Exhibit 2 and Mao Declaration).

Google seeks to seal internal database and project names within Exhibit 2 to the Motion for Relief (Dkt. 278-4) and the Mao Declaration (Dkt. 278-2). Specifically, Google seeks to redact two internal names allowing the first and second letters in each to be publicly filed. In Exhibit 2 at page 2, Google seeks to redact "Na***" (Ganem Decl. ¶ 11), which the Court has previously sealed. In the Mao Declaration, Google seeks to redact "da***." *Id*. Google does not seek to redact any other related comments or material.

Here, there is good cause to seal Google's confidential, internal names which have nothing to do with the underlying merits of Plaintiffs' Motion. Google's code names are not disclosed publicly, and if they are, there will be a risk of harm to Google, including, for example, because individuals interested in improperly accessing Google's systems could target particular proprietary documents and information using Google's confidential internal names. Ganem Decl. ¶ 11.

Courts routinely seal this type of information including because it would place companies at increased risk of cyber security threats if the internal names become public. *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, No. 11–CV–01846 LHK (PSG), 2012 WL 4120541, at *2 (N.D. Cal. Sept. 18, 2012) (sealing "Apple's internal code names" for its projects); *Campbell v. Facebook Inc.*, 2016 WL 7888026, at *2 (N.D. Cal. Oct. 4, 2016) (sealing "names of internal tables" in Facebook's database); *Bohannon v. Facebook, Inc.*, No. 12-cv-01894-BLF, 2019 WL 188671, at *7 (N.D. Cal. Jan. 14, 2019) (sealing internal task names and URLs).

This Court has previously sealed the internal name in Exhibit 2 ("Na***"), and others similar to the ones Google now seeks to keep under seal. *See, e.g.*, Dkt. 223 (2/10/2022 Order Granting in Part Mot. to Seal) ("Google's internal project names may be sealed and replaced with N***, K***, and T***."); Dkt. 208 (1/20/2022 Discovery Order) (same); Dkt. 184, at ¶ 3 (12/1/2021 Discovery Order) (sealing codename in the parties' joint letter brief re custodians

5

(Dkt. 154)). Sealing the two internal names Google seeks to seal is consistent with those rulings. *See also Apple Inc.*, 2012 WL 4120541.

Google has narrowly tailored the information to be sealed to allow the first one or two letters in each internal name to be filed publicly. No other more narrow tailoring would adequately protect Google's interests. Ganem Decl. ¶ 11. Nor does the public need to know the full internal code names to understand the underlying disputes.

**IV.   CONCLUSION**

For the reasons set forth above, Google respectfully requests that the Court seal the limited information identified herein and in the accompanying [Proposed] Order.

Dated: January 6, 2023                                   Respectfully submitted,

**WILLKIE FARR & GALLAGHER LLP**

By:   */s/ Eduardo E. Santacana*
        Eduardo E. Santacana