**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
  sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
  esantacana@willkie.com
LORI C. ARAKAKI (SBN: 315119)
  larakaki@willkie.com
ARGEMIRA FLÓREZ  (SBN: 331153 )
  aflorez@willkie.com
HARRIS MATEEN (SBN: 335593)
  hmateen@willkie.com
One Front Street, 34th Floor
San Francisco, CA 94111
Telephone:  (415) 858-7400
Facsimile:  (415) 858-7599

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>     vs.<br><br>GOOGLE LLC,<br><br>           Defendant. | Case No. 3:20-CV-04688-RS<br><br>**DECLARATION OF STEVE GANEM IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL (DKT. NO. 278)**<br><br>Judge:             Hon. Richard Seeborg<br>Courtroom:     3, 17th Floor<br>Action Filed:    07/14/2020<br>Trial Date:       Not Yet Set |

I, STEVE GANEM, declare:

1. I am a Director of Product Management at Google LLC with supervisory authority concerning Google Analytics for Firebase ("GA for Firebase"). Unless otherwise stated, the facts I set forth in this declaration are based on my personal knowledge or knowledge I obtained through my review of corporate records or other investigations. If called to testify as a witness, I could and would testify competently to such facts under oath.

2. I submit this declaration in support of an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Plaintiffs. Dkt. No. 278. I have reviewed unredacted versions of the Declaration of Mark Mao filed in support of Plaintiffs' Motion for Relief from Case Management Schedule and accompanying Exhibits 2 and 3. *Id*.

3. Google seeks to seal narrowly tailored portions of only the following information, all of which I have reviewed.

| Document | Portions Sought to Be Sealed |
|---|---|
| Mao Decl. (Dkt. 278-2) | Code name "da***." |
| Exhibit 2 (Dkt. 278-4). | Project code name "Na***"; five revenue share numbers. |
| Exhibit 3 (Dkt. 278-5) | Three internal data log names. |

4. <u>Revenue Share Numbers.</u> **Exhibit 2** is a confidential email exchange between counsel for the parties concerning Plaintiffs' requests for production and Google's responses. At page 4 (RFP 275), the document discloses five confidential revenue share numbers.

5. Google considers revenue share numbers like the ones in Exhibit 2 to be highly confidential and proprietary. Competitors could use information concerning Google's revenue to unfairly target its advertising business by undercutting the amount the competitors charge for their products. Competitors could also determine how Google structures its advertising business to generate revenue relative to other parts of Google's business and could then mimic Google's

1

revenue share decisions to unfairly compete with Google's business. This information should thus be shielded from unnecessary public disclosure. Google does not disclose it publicly in business dealings or in litigation. Google carefully maintains the confidentiality of the revenue share numbers described herein by limiting access to particular individuals and teams and storing it on secure servers. Google also keeps this information confidential in litigation.

6. Google has narrowly tailored the information to be sealed to only redact the numbers in the discussion concerning RFP 275, and no more limited sealing would appropriately protect Google's confidential and proprietary information.

7. <u>Internal Data Log Names</u>. **Exhibit 3** is a confidential email exchange between counsel for the parties that discusses proprietary information concerning Google's data log storage systems. The document identifies by name three internal data logs as well as certain fields that can be used to query the log. Information concerning the data fields and naming convention Google uses for its logs is proprietary information that Google has developed over many years after devoting countless hours of corporate resources and employee and engineer time.

8. Google considers the names and data fields in its logs to be confidential and proprietary. Revealing specifics such as internal names of data logs and the fields that can be used to query the logs presents a serious risk of irreparable harm to Google. For example, an individual interested in improperly accessing Google's systems could target Google's proprietary documents and information for improper uses if he or she knew Google's internal names. This is also competitively sensitive. If information such as log data fields is disclosed, competitors could infer how Google's products function, and how they are developed. Competitors could mimic Google's approach to data collection and storage to unfairly compete with Google's product offerings to Google's detriment.

9. This information should be shielded from unnecessary public disclosure. Google does not disclose it publicly in business dealings or in litigation. Google carefully maintains the confidentiality of the proprietary information described herein by limiting access to particular

2

DECLARATION OF STEVE GANEM IN SUPPORT OF PLAINTIFFS'
ADMINISTRATIVE MOTION TO SEAL (DKT. NO. 278)
CASE NO. 3:20-CV-04688-RS

individuals and teams and storing it on secure servers. Google also keeps this information confidential in litigation.

10. Google has narrowly tailored the information to be sealed to only redact the names of the logs at Exhibit 3, page 3, paragraph 2(a), (b), and (d), and no more limited sealing would appropriately protect Google's confidential and proprietary information.

11. <u>Internal Database and Project Names</u>. The **Mao Declaration** at paragraph 7 references an internal dashboard name ("da***"), and **Exhibit 2** at page 2 references an internal project name ("Na***"). Revealing Google's internal code names would present a risk of harm to Google. Specifically, an individual interested in improperly accessing Google's systems could target particular proprietary documents and information for improper uses if he or she knew Google's confidential internal names. Thus, it is very important that internal code names not be revealed outside of Google. Google has narrowly tailored the information to be sealed to allow the first or second letter in each name to be filed publicly, and no more limited sealing would appropriately protect Google's confidential and proprietary information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed January 6, 2023, at Irvine, California.

STEVE GANEM