# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO

| | |
|---|---|
| ANIBAL RODRIGUEZ, *et al.* individually and on behalf of all other similarly situated,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　vs<br><br>GOOGLE LLC, *et al*.<br><br>　　　　　　　　　　　Defendant. | Case No.  3:20-CV-04688<br><br>**[PROPOSED] ORDER RE:  PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL INFORMATION IN PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE (DKT. NO. 278)**<br><br>Judge:　　　　Hon. Richard Seeborg<br>Courtroom:　　A, 15th Floor<br>Action Filed:　July 14, 2020<br>Trial Date:　　Not Set |

Before the Court is Plaintiffs' Administrative Motion to File Under Seal Plaintiffs' Motion for Relief from the Case Management Schedule ("Motion for Relief") (Dkt. 278-1) and documents filed in connection with that motion. Specifically, the Declaration of Mark Mao in Support of Plaintiffs' Motion for Relief from Case Management Schedule ("Mao Declaration") (Dkt. 278-2), Exhibit 2 (Dkt. 278-4), and Exhibit 3 (Dkt. 278-5).

Having considered the Administrative Motion to Seal, Google's Statement in Support of Plaintiffs' Administrative Motion to Seal, and the Declaration of Steve Ganem, the Court finds that the material identified in Google's Statement in Support should be sealed.

Because the underlying motion at issue is non-dispositive, the good cause standard for sealing applies to the two categories of information Google seeks to seal. *Kamakana v. Cty & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *Dunbar v. Google, Inc.*, No. 5:12–cv–003305–LHK, 2012 WL 6202719, at *2 (N.D. Cal. Dec. 12, 2012). *First,* there is good cause to seal the commercially sensitive, proprietary business information in Exhibits 2 and 3 to Plaintiffs' Motion for Relief in order to protect Google's business interests. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978); *Palantir Techs. Inc. v. Abramowitz*, No. 19-cv-06879-BLF, 2021 WL 1925459, at *2 (N.D. Cal. Mar. 5, 2021). *Second*, there is good cause to redact portions of the internal names in Exhibit 2 and the Mao Declaration in order to protect Google's security and business interests. Sealing those internal names is consistent with this Court's prior orders. *See, e.g.*, Dkt. Nos. 184, 208, 223. Google has narrowly tailored the information to be sealed.

Accordingly, the Court orders that the following information should be sealed.

| Document | Information to Be Sealed | Page Citation |
|---|---|---|
| Mao Declaration | "Go/da***" | Page 1, paragraph 7 |
| Exhibit 2 to Motion for Relief (Dkt. 278-4) | "Na***" | Page 2 |
| | RFP 275 revenue share numbers | Page 4 |
| Exhibit 3 to Motion for Relief (Dkt. 278-5) | Log names | Page 3 |

Google is ordered to file redacted versions of the above-identified materials within 14 days of this Order.

**IT IS SO ORDERED.**

DATED: _____      _____

                                            Honorable Richard Seeborg
                                            United States District Judge