UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANIBAL RODRIGUEZ, et al.,

    Plaintiffs,

v.

GOOGLE LLC,

    Defendant.

Case No. 20-cv-04688-RS (AGT)

**DISCOVERY ORDER**

Re: Dkt. No. 261

1. *Segeritz and Vakharia searches.* Google must conduct targeted searches of Micha Segeritz's and Suneeti Vakharia's custodial files using plaintiffs' proposed search string ((WAA\* OR "(s)WAA\*" OR sWAA\*) AND (revenue\* OR profit\*)). Google must then provide plaintiffs with hit counts for those searches and produce responsive documents.

These additional searches are warranted because Greg Fair, a former Google product manager who had a key role in developing Google's WAA feature, testified that Segeritz and Vakharia studied WAA's revenue impact for Google. *See* Dkt. 261 at 2. That revenue impact is relevant to plaintiffs' demand for unjust enrichment because plaintiffs maintain that Google unlawfully monetized mobile app data from users who had WAA turned off.

In opposing plaintiffs' targeted searches, Google insists that Segeritz and Vakhaira did *not* conduct a WAA revenue study. In declarations accompanying the parties' joint statement, Segeritz and Vakharia say the same. *See* Dkts. 261-4, -5. Plaintiffs, however, want to confirm for themselves. Their desire to do so is reasonable given Fair's testimony that Segeritz and Vakharia *did* conduct a WAA revenue study.

Google also notes that plaintiffs haven't suggested that the revenue study, assuming it exists, relates specifically to Firebase. A fair point. But unlike earlier requests made by plaintiffs (e.g., to produce "*all* WAA-off financial analyses," dkt. 247 at 4 (emphasis in original)), the current request

is narrowly tailored. Also, it's conceivable that plaintiffs could use the revenue study they seek in conjunction with other documents or testimony to estimate the relevant revenue impact from WAA. That is, to estimate the revenue Google generated from monetizing mobile app data that Google obtained through Firebase from users who had turned WAA off. Google's objections are overruled.

2. *Ochotta search.* Google must also search Emil Ochotta's custodial documents using plaintiffs' proposed search string ((WAA* OR "(s)WAA*" OR sWAA*) AND Firebase). Ochotta, a Google software engineer, authored a document that discussed WAA in connection with Firebase. That document, which Google produced, is relevant, and plaintiffs reasonably seek to conduct a targeted search of Ochotta's custodial documents to determine if Ochotta has any similar or related relevant documents. Google argues that plaintiffs' request is untimely, but plaintiffs made their request before the fact-discovery cutoff and brought the parties' dispute to the Court within seven days following the cutoff, as required. Their request isn't untimely.

* * *

Google must run the above-ordered searches and produce any responsive documents by February 3, 2023. Depending on the substance of the documents produced, plaintiffs say they may want to depose the document custodians. After Google's production, the parties shall meet and confer to discuss whether one or more brief additional depositions are warranted. If the parties can't agree, despite good faith efforts to compromise, they can return to the Court for further guidance.

**IT IS SO ORDERED.**

Dated: January 19, 2023

ALEX G. TSE
United States Magistrate Judge