**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN:  224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
  sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN:  281668)
  esantacana@willkie.com
LORI C. ARAKAKI (SBN:  315119)
  larakaki@willkie.com
ARGEMIRA FLOREZ  (SBN: 331153)
  aflorez@willkie.com
HARRIS A. MATEEN  (SBN: 331153)
  hmateen@willkie.com

Attorneys for
GOOGLE LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al., individually and on behalf of all others similarly situated,<br><br>                              Plaintiffs,<br><br>      vs.<br><br>GOOGLE LLC,<br><br>                              Defendant. | Case No. 3:20-cv-04688-RS<br><br>**DEFENDANT GOOGLE LLC'S ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT** |

1    Defendant Google LLC ("Google") hereby answers the Fourth Amended Complaint filed

2    on January 4, 2023 by Plaintiffs Anibal Rodriguez, Sal Cataldo, Julian Santiago, and Susan Lynn

3    Harvey, according to its numbered paragraphs as follows below.  Except as expressly admitted

4    herein, Google denies all allegations in the Fourth Amended Complaint.  Any admission herein is

5    limited to the express language of the response, and shall not be deemed an implied admission of

6    additional facts.[1]

7                                           **INTRODUCTION**

8        The prefatory quote to the introduction section has no bearing on the matters at issue in

9    this litigation and thus no answer is required.  To the extent an answer is required, Google denies

10   any allegation in this quote.

11       The Fourth Amended Complaint purports to quote from and characterize several

12   documents, including without context and in a misleading manner.  To the extent Google admits

13   that a document is quoted, Google only admits that the cited document contains the quoted

14   language and does not admit that a paragraph quotes a document fairly or with appropriate

15   context, nor does it admit any accompanying characterization.

16       1.    Paragraph 1 merely provides Plaintiffs' description of Plaintiffs' lawsuit and thus no

17   answer is required.  Further, Paragraph 1 concerns a claim that is no longer at issue in this case

18   because the Court dismissed Plaintiffs' interception theory on January 25, 2022 (ECF No. 209); as

19   such, no response is required.  To the extent an answer is required, Google denies the allegations

20   in Paragraph 1.

21       2.    Google admits that it works hard to protect users' information and that it has made

22   statements about making privacy and security advances in its products and giving users

23   control.  Google admits that the language quoted in the last sentence of Paragraph 2 appears in the

24

25

_____

26   [1]  Google interprets any headings and the Table of Contents to provide a roadmap to the
     allegations and not as allegations themselves. Google therefore does not provide a specific
27   response to the headers or the Table of Contents. To the extent a response is required, Google
     denies any allegations contained therein. The various headings and subheadings in the Amended
28   Complaint are reproduced herein solely for convenience.

transcript cited at 84:13-23.  Google denies the remaining allegations in Paragraph 2, including

any characterization of the quoted statement and of Mr. Miraglia's position.

3.    Google denies any allegations that it intercepts communications between users and

third-party applications.  Further, Plaintiffs' claims regarding Google's alleged interception were

dismissed on January 25, 2022 (ECF No. 209).  Google denies the remaining allegations in

Paragraph 3.

4.    Google lacks sufficient information to admit or deny the allegations concerning

Plaintiffs' understanding of their allegations in the first sentence of Paragraph 4, and on that and

on that basis denies them.  Google denies the remaining allegations in Paragraph 4.

5.    Google denies the allegations in Paragraph 5.

6.    Google admits that its disclosures explain the function of the Web & App Activity

feature and how a user can control whether app activity is saved to the user's account, including

that some browsers and devices may have more settings that affect how this activity is

saved.  Google denies the remaining allegations in Paragraph 6.

7.    Google admits that the language block-quoted in Paragraph 7 and in the last

sentence of Paragraph 7 appears in its Privacy Policy effective as of the filing of the Fourth

Amended Complaint (without the stylistic alterations and replaced language adopted in

Paragraph 7).  The first and last sentence of Paragraph 7 call for legal conclusions to which no

response is required; to the extent a response is required, Google denies the allegations.  Google

also denies the remaining allegations in Paragraph 7.

8.    Google admits that its disclosures explain how a user can control whether app

activity from their mobile device is saved to their Google Account when Web & App Activity is

on compared to when it is paused.  Google admits that these disclosures also explain that some

devices may have more settings that affect how this activity is saved.  Google admits that the

Google Analytics ("GA") for Firebase Terms of Service agreement defines Firebase as the

Firebase Software Development Kit and that this kit can be used or incorporated in an app for the

purpose of analyzing data about how users use a customer's mobile app with consent from both

the application developer and the user using that application.  Google admits that while GA for

Firebase is a tool for developers, Web & App Activity is a tool for Google users, and they are two completely different tools.  Google denies the remaining allegations in Paragraph 8.

9.    The first sentence of Paragraph 9 concerns a claim that is no longer at issue in this case because the Court dismissed Plaintiffs' interception theory on January 25, 2022; as such, no response is required.  To the extent a response is required, Google denies the allegations contained in the first sentence and the remaining allegations in Paragraph 9.

10.    Google admits that the language quoted in Paragraph 10 appears in the corresponding documents cited (without the alterations adopted in Paragraph 10).  Google denies the remaining allegations, including the characterization of what Google employees recognize and believe.

11.    Google admits that the language quoted in Paragraph 11 appears in the corresponding documents cited (without the stylistic alterations adopted in Paragraph 11), and with the exception of the quote "[a]ll participants . . . stop their activity from being saved," which appears at GOOG-RDGZ-00151992.  Google denies the remaining allegations in Paragraph 11, including the characterization of what Google employees purportedly admit.

12.    The first sentence in Paragraph 12 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.  Google denies the remaining allegations in Paragraph 12.

13.    Paragraph 13 concerns a claim that is no longer at issue in this case because the Court dismissed Plaintiffs' interception theory on January 25, 2022; as such, no response is required.  Paragraph 13 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

14.     Google admits that each year, more than 200 million people visit Privacy Checkup.  Google denies the remaining allegations in Paragraph 14.

15.    Paragraph 15 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

16.    Paragraph 16 calls for multiple legal conclusions to which no response is required; to the extent a response is required, Google denies the allegations.

17.     Google lacks sufficient information to admit or deny the allegations contained in the first sentence of Paragraph 17, and on that basis denies them.  Plaintiffs' attempt to define the purported class in the remaining sentences is a legal contention to which no response is required.  To the extent a response is required, Google denies those allegations.

## THE PARTIES

18.     Google lacks sufficient information to admit or deny the allegations in Paragraph 18, and on that basis denies them.

19.     Google lacks sufficient information to admit or deny the allegations in Paragraph 19, and on that basis denies them.

20.     Google lacks sufficient information to admit or deny the allegations in Paragraph 20, and on that basis denies them.

21.     Google lacks sufficient information to admit or deny the allegations in Paragraph 21, and on that basis denies them.

22.     Google admits the allegations in Paragraph 22.

## JURISDICTION AND VENUE

23.     Paragraph 23 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

24.     Paragraph 24 calls for a legal conclusion to which no response is required.  To the extent a response is required, Google denies the allegations in Paragraph 24, except Google admits that this is a proposed class action.

25.     Google admits that it is headquartered in the Northern District of California.  The remaining allegations of Paragraph 25 call for a legal conclusion to which no response is required.

26.     Paragraph 26 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FACTUAL ALLEGATIONS REGARDING GOOGLE

**I.   Google Has a Long History of Invading Consumers' and Misrepresenting the Scope of Google's Data Collections**

27.   Google denies the allegations in Paragraph 27.

28.   Google admits that the language quoted in the first and second sentences of Paragraph 28 appears in the article cited in footnote two.  Google admits that the language in the third sentence of Paragraph 28 and that block quoted thereafter appears in the Agreement Containing Consent Order in *In the Matter of Google Inc.*, No. 1023136 (F.T.C.), that is cited in footnote four.  Google denies the remaining allegations in Paragraph 28, including any characterization of the quoted statements.[2]

29.   Google admits that the language in the third sentence of Paragraph 29 and that block quoted thereafter appears in the article cited in footnote five.  Google denies the remaining allegations in Paragraph 29, including any characterization of the quoted statements.

30.   Google admits that it has been the target of accusations of alleged data-collection and privacy violations by federal, state, and international regulators.  Google denies the remaining allegations in Paragraph 30.

31.   Google admits that the linked article cited in footnote six states that CNIL fined Google $57 million for privacy violations.  Google otherwise denies the allegations in the first two sentences of Paragraph 31.  Google admits that the article cited in footnote seven states that "France's highest administrative court [] upheld a fine of . . . $56 million."  Google otherwise denies the allegations in the third sentence of Paragraph 31.  Google admits the article cited in footnote seven purports to quote a Google statement that Google has "invested in industry-leading tools" to help its users "understand and control how their data is used."  Google denies the remaining allegations in the fourth sentence of Paragraph 31.

---

[2] Footnote three contains a legal contention to which no response is required; to the extent a response is required, Google denies the allegations.

DEFENDANT GOOGLE'S ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT
Case No. 3:20-cv-04688-RS

32.     Google admits that the article cited in footnote eight states that Google agreed to pay $170 million to settle allegations by the FTC and the New York Attorney General.  Google denies the remaining allegations in Paragraph 32.

33.     Google admits that the Arizona Attorney General and the Australian Competition and Consumer Commission had brought proceedings against Google.  Google denies the remaining allegations in Paragraph 33.

34.     Google admits that it produced documents to the Arizona Attorney General in *State of Arizona v. Google LLC*, Case No. CV 2020-006219 (Ariz. Super. Ct).  Google denies the remaining allegations in Paragraph 34.

35.     Google admits that documents it produced to the Arizona Attorney General in *State of Arizona v. Google LLC*, Case No. CV 2020-006219 (Ariz. Super. Ct.) refer to Google's "Web & App Activity" feature by name.  Google denies the remaining allegations in Paragraph 35.

36.     Google admits that the language quoted in Paragraph 36 appears in the article cited in footnote nine.  Google otherwise denies the allegations in Paragraph 36, including any characterization of the quoted statements.

II.     **Google Uses Firebase SDK to Surreptitiously Collect User's Communications with Third-Party Apps**

37.     Google admits the allegations in Paragraph 37.

38.     Google denies that there is a defined Class Period and that Plaintiffs' claims would fall within any defined Class Period.  Google lacks sufficient information to admit or deny the allegations concerning the apps running on purported class members' mobile devices, and on that basis denies them.  Google admits that, by definition, Google does not own or directly control "third-party" developers' apps.  Google denies the remaining allegations in Paragraph 38.

39.     Google admits that Firebase SDK is a suite of software development tools intended for use by app developers.  Google otherwise denies the allegations in the first two sentences of Paragraph 39, including that there is a defined Class Period.  Google admits that as used in the phrase "Firebase SDK," SDK stands for "software development kit."  Google admits that the

DEFENDANT GOOGLE'S ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT
Case No. 3:20-cv-04688-RS

language quoted in sentences four and five of Paragraph 39 appeared in the version of the web page cited in footnote ten (https://firebase.google.com) that was live on November 11, 2020.

40.     Google admits the allegations in paragraph 40.

41.     Google admits that Firebase SDK provides support for Google Play and that Google Play is a platform through which app developers can distribute their app to users and process payments.  Google denies the remaining allegations in Paragraph 41.[3]

42.     Google denies the first and second sentences of Paragraph 42.  Google admits that the third-party apps listed in Paragraph 42 use or have used Firebase SDK as indicated in the Firebase SDK webpage cited in footnote 12.  Google denies the remaining allegations in Paragraph 42.

43.     Google denies the allegations in Paragraph 43.

44.     The first sentence of Paragraph 44 contains legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations.   Google denies the remaining allegations in Paragraph 44.

45.     Paragraph 45 concerns a claim that is no longer at issue in this case because the Court dismissed Plaintiffs' theory that Google employs hidden scripts to collect user data through its Firebase SDK suite (*see* May 21, 2021 Order on MTD FAC, ECF No. 109), and dismissed with prejudice Plaintiffs' claim that Google intercepts communications between a user and a third-party app (*see* January 25, 2022 Order on MTD TAC, ECF No. 209).  As such, no response is required.  To the extent a response is required, Google denies the allegations.

46.     Paragraph 46 concerns a claim that is no longer at issue in this case because the Court dismissed Plaintiffs' interception theory with prejudice on January 25, 2022 (ECF No. 209); as such, no response is required.  To the extent a response is required, Google denies the allegations in Paragraph 46.

---

[3] Google admits that the language quoted in footnote 11 appeared at the corresponding web pages cited; Google denies any characterization of the quoted statements.

DEFENDANT GOOGLE'S ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT
Case No. 3:20-cv-04688-RS

47.     Google admits that the Firebase SDK scripts work on Android OS and Apple's iOS, as well as certain other major operating systems.  Google denies the remaining allegations in Paragraph 47.

48.     Paragraph 48 concerns a claim that is no longer at issue in this case because the Court dismissed Plaintiffs' interception theory with prejudice on January 25, 2022 (ECF No. 209); as such, no response is required.  To the extent a response is required, Google denies the allegations in Paragraph 48.

49.     Paragraph 49 concerns a claim that is no longer at issue in this case because the Court dismissed Plaintiffs' interception theory with prejudice on January 25, 2022 (ECF No. 209); as such, no response is required.  To the extent a response is required, Google denies the allegations in Paragraph 49.  To the extent a response is required, Google admits that under certain circumstances, it can deliver ads to third-party apps.  Google denies the remaining allegations in Paragraph 49.

50.     Google admits that the language quoted in Paragraph 50 appears in the version of the webpage cited in footnote 13 that was updated June 22, 2021.  Google denies the remaining allegations in Paragraph 50.

51.     Google admits that Firebase SDK uses the term "event" to describe a variety of activities within an app.  Google admits that when a screen transition occurs and certain criteria are met, that event is called "screen_view."  Google admits that when a user opens a notification sent from the Firebase Cloud Messaging platform, that event is called "notification_open." Google admits that when a user has selected some content of a certain type in an app, the event is called "select_content."  Google admits that the support page cited at footnote 14 and available at https://support.google.com/analytics/answer/9234069?hl=en describes certain events app developers can collect automatically when using GA for Firebase.  Google denies any remaining allegations in Paragraph 51.

52.     Google admits that there are at least 26 events that can be collected through GA for Firebase automatically without requiring app developers to write additional code, provided the app

developer has written the necessary code to incorporate GA for Firebase into their app and enable its functionality. Google denies the remaining allegations in Paragraph 52.

53. Google admits that developers can create their own custom app events. Google admits that Firebase SDK permits app developers to code their apps to collect information about events besides those that are collected by default, including as described in the webpage cited in footnote 15. Google admits that, if authorized to do so by the app developer, GA for Firebase may receive and analyze data in connection with these events for analysis and reporting to the app developer. Google denies the remaining allegations in Paragraph 53.

54. Google admits the allegations in the first sentence of Paragraph 54. Google admits that an event may have several event parameters and a string name to represent what is happening inside an app on a particular device. Google admits that Paragraph 54 identifies certain event titles. Google denies the remaining allegations in Paragraph 54.

55. Google admits that there are at least five parameters that are collected by default with every event. Google admits that these parameters are identified in Paragraph 55 and at the support page cited at footnote 16, and are collected with every event the app developer has consented to collecting information about. Google denies the remaining allegations in Paragraph 55.

56. Google admits that the page_title parameter is associated with a specific page the user is viewing on his or her device. Google admits that the page_referrer parameter is associated with whether the user has arrived from a specific channel or source. Google admits that the page_location parameter is associated with the URL of the page the user is viewing on his or her device. Google denies the remaining allegations in Paragraph 56.

57. Paragraph 57 concerns a claim that is no longer at issue in this case because the Court dismissed Plaintiffs' theory that Google employs hidden scripts to collect user data through its Firebase SDK suite (*see* May 21, 2021 Order on MTD FAC, ECF No. 109), and dismissed with prejudice Plaintiffs' claim that Google intercepts communications between a user and a third-party app (*see* January 25, 2022 Order on MTD TAC, ECF No. 209). As such, no response is required. To the extent a response is required, Google denies the allegations in Paragraph 57.

- 9 -

58.     Paragraph 58 concerns a claim that is no longer at issue in this case because the Court dismissed Plaintiffs' theory that Google employs hidden scripts to collect user data through its Firebase SDK suite (*see* May 21, 2021 Order on MTD FAC, ECF No. 109), and dismissed with prejudice Plaintiffs' claim that Google intercepts communications between a user and a third-party app (*see* January 25, 2022 Order on MTD TAC, ECF No. 209).  As such, no response is required.  To the extent a response is required, Google denies the allegations in Paragraph 58.

III.   **Through Discovery and Google's Representations in this Case, Plaintiffs Begin to Understand that Google Uses Other Tracking and Advertising Code to Collect and Save App-Activity Data When WAA and/or sWAA Are Off**

59.     Google lacks sufficient information to admit or deny the allegations concerning Plaintiffs' knowledge in the first sentence of Paragraph 59, and on that basis denies them.  Google denies the remaining allegations in Paragraph 59.

60.     Google admits that AdMob is a Google product that app developers may use to monetize mobile apps with targeted, in-app advertising.  Google admits that the language quoted in the third and fourth sentences of Paragraph 60 appear in the corresponding documents cited.  Google denies the remaining allegations in Paragraph 60, including the characterization of the quotes.

61.     Google lacks sufficient information to admit or deny the allegations concerning Plaintiffs' knowledge in the first sentence of Paragraph 61, and on that and on that basis denies them.  Google admits that the language quoted in the second and third sentences of Paragraph 61 appear in the corresponding documents cited, with the exception of "AdMob-Firebase" which appears as "AdMob+ Firebase."  Google denies the remaining allegations, including the characterization of the quotes.

62.     Google admits that the language quoted in Paragraph 62 appears in the corresponding document cited.

63.     Google admits the language quoted in Paragraph 63 appears in the corresponding document and transcript cited.  Google denies the remaining allegations in Paragraph 63, including Plaintiffs' characterization of Google's actions.

64.    Google admits that the language quoted in the third sentence appears in the cited transcript.  Google admits that Ed Weng is a former Google employee, but denies that he is currently employed by Google.  Google denies the remaining allegations in Paragraph 64, including Plaintiffs' characterization of the transcript citations in the second, third, and fourth sentences.

65.    Google admits that the language quoted in Paragraph 65 appears in the corresponding document cited.  Google denies any characterization of the quoted language.

66.    Google admits that when an app developer integrates the Google Mobile Ads SDK, the developer can collect user app-interactions such as ad clicks and ad impressions.  Google admits that Ed Weng is a former Google employee, but denies that he is currently employed by Google.  Google denies the remaining allegations in Paragraph 66, including any characterization of Mr. Weng's testimony.

67.    Google denies the allegations in Paragraph 67.

68.    Paragraph 68 seeks to describe a visual representation of Webview.  Google admits that Android WebView is a pre-installed system component from Google that allows Android apps to display web content.  Google admits that Google Analytics can be used with WebView.  Google denies the remaining allegations in Paragraph 68, including whether the contents of the screenshot at Paragraph 68 are an accurate representation of the www.espn.com web page.

69.    Google denies Plaintiffs' characterization of the document cited in the first sentence of Paragraph 69.  Google admits that the language quoted in the second sentence of Paragraph 69 appears in the corresponding document cited without the alterations adopted in Paragraph 69; Google denies any characterization of the document.  Google denies Plaintiffs' characterization of the document cited in the third sentence of Paragraph 69.  Google denies the remaining allegations in Paragraph 69.

70.    Google admits that Google AdSense and Ad Manager are products that help a user sell products on a non-Google website or app.  Google otherwise denies Plaintiffs' characterization of Google's conduct and any remaining allegations in Paragraph 70, including the characterization of Google's conduct.

DEFENDANT GOOGLE'S ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT
Case No. 3:20-cv-04688-RS

71.     Paragraph 71 purports to characterize Plaintiffs' allegations and calls for a legal conclusion to which no response is required.  To the extent a response is required, Google denies the allegations in Paragraph 71.

72.     Google admits that the language quoted in Paragraph 72 appears in the corresponding document cited.  Google denies the remaining allegations in Paragraph 72, including the characterization of the quotes.

73.     Google admits that the language quoted in Paragraph 73 appears in the corresponding document cited and denies any purported characterization of the quote.

**IV.     Users Turned off the "Web & App Activity" and/or "Supplemental Web & App Activity" Feature to Prevent Google from Collecting and Saving Their Data, but Google Continued Without Disclosure or Consent to Intercept and Save Those Communications**

**A.     Google's "Web & App Activity" Feature**

74.     Google admits the allegation in Paragraph 74.

75.     Google admits that Web & App Activity can be accessed through a user's Google account, which in turn can be accessed through Google's website or through a user's mobile device.  Google denies the remaining allegations in Paragraph 75.

76.     Paragraph 76 seeks to describe visual representations of screens a user is provided and that have changed over time.  Google admits that Paragraph 76 describes one way a user can access Web & App Activity.[4]

77.     Paragraph 77 seeks to describe visual representations of screens a user is provided and that have changed over time and is therefore incomplete.  Google admits that a user can access Web & App Activity through a mobile device as described in Paragraph 77.[5]

---

[4] Google admits that the toggle for the Web & App Activity function was previously labeled "pause."  Google denies the remaining allegations in footnote 17.
[5] Google lacks sufficient information to admit or deny the allegations concerning when Plaintiffs captured the images included in Paragraph 77.  Google denies the remaining allegations in footnote 18.  Google lacks sufficient information to admit or deny the allegation in footnote 19, and on that basis denies the allegation.

DEFENDANT GOOGLE'S ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT
Case No. 3:20-cv-04688-RS

78.     Paragraph 78 seeks to describe visual representations of screens a user is provided and that have changed over time and is therefore incomplete.  Google admits the allegations in Paragraph 78 describe one such visual representation.  Google admits that the language quoted in the second to last sentence of Paragraph 78 appears in the document cited, but denies any characterization of the language.  Google also admits that a user can elect to turn Web & App Activity on or pause the feature, and when Web & App Activity is on, users can elect to turn supplemental Web & App Activity on or can pause the feature.  Google otherwise denies the allegations in Paragraph 78.

79.     Google admits that its Privacy Policy effective as of July 1, 2020 defines "Google services" to include "Google apps, sites, and devices, like Search, YouTube, and Google Home;" "Platforms like the Chrome browser and Android operating system;" and "Products that are integrated into third-party apps and sites, like ads and embedded Google Maps."  Google denies the remaining allegations in Paragraph 79.

80.     Google admits that "Web & App Activity" and supplemental Web & App Activity are account settings that can be turned on or paused across multiple devices.  Google denies the remaining allegations in Paragraph 80.

81.     Google denies the allegations in Paragraph 81.

**B.      Google's Privacy Policy and "Learn More" Disclosures Stated That the "Web & App Activity" and "Supplemental Web & App Activity" Features Stops Google from "Saving" Users' Data**

82.     Google admits that it discloses to users how Web & App Activity works and which activity and data Google stores to a user's account when the setting is enabled.  Google admits that its disclosures also stated that some browsers and devices may have more settings that affect how this activity and data is saved.  Google denies the remaining allegations in Paragraph 82.

**1.      Google's "Privacy Policy" and "Privacy and Securi[t]y Principles" Stated That Users Could "Control" What Google Collects**

83.     Google admits that the language quoted in Paragraph 83 appears in Exhibit A (without the stylistic alterations adopted in Paragraph 83).  Google denies the remaining allegations.

DEFENDANT GOOGLE'S ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT
Case No. 3:20-cv-04688-RS

84.     Google admits that the language quoted in the first sentence of Paragraph 84 appeared in the versions of Google's Privacy Policy cited in footnote 21 (without the stylistic alterations adopted in Paragraph 84).  Google denies the remaining allegations in Paragraph 84.[6]

85.     Google admits that the language quoted in Paragraph 85 appears in Exhibit A (without the stylistic alterations adopted in Paragraph 85).  Google denies the remaining allegations.

86.     Google admits that the language quoted in Paragraph 86 appears in the document cited in footnote 23.  Google denies the remaining allegations in Paragraph 86.

87.     Google admits that the language quoted in Paragraph 87 appears in Google's Privacy Policies that were effective from March 31, 2014 to October 4, 2022.  Google denies the remaining allegations in Paragraph 87, including the allegations concerning the applicable class period which call for a legal conclusion.

> **2.     Google's "Web & App Activity" and "Supplemental Web & App Activity" Features and Google's "Learn More" Disclosures with Respect to "Web & App Activity" Explained That Turning the Feature off Would Prevent Google from Saving Information Related to Third Party Apps**

88.     Paragraph 88 seeks to describe visual representations of screens a user is provided and that have changed over time and are therefore incomplete.  Google admits that a user can pause Web & App Activity by logging into their account and navigating through the "My Activity" website.

89.     Paragraph 89 seeks to describe visual representations of screens a user is provided and that have changed over time and are therefore incomplete.  Google admits that the language quoted in Paragraph 89 appeared in the August 2020 version of Google's Web & App Activity disclosures.  Google denies any remaining allegations.

90.     Paragraph 90 seeks to describe visual representations of screens a user is provided and that have changed over time and is therefore incomplete.  Google admits that users have more

---

[6] Google admits that the language quoted in footnote 22 appears in the versions of Google's Privacy Policy cited in footnote 22 (without the stylistic alterations adopted in footnote 22). Google denies the remaining allegations in footnote 22.

than one means of pausing Web & App Activity.  Google admits that the text on the screens reflects what certain users may have seen, except without the surrounding red boxes.  Google denies the remaining allegations in Paragraph 90.

91.     Google admits that Paragraph 90, Screen 1 shows text that reflects what certain users may have seen, except without the surrounding red boxes.  Google denies the remaining allegations in Paragraph 91.

92.     Google admits that Paragraph 90, Screen 2 shows text that reflects what certain users may have seen, except without the surrounding red boxes.  Google admits that Screen 2 shows the type of information that users can choose to save to their account and the related controls for enabling the saving of such information.  Google denies the remaining allegations in Paragraph 92.

93.     Google admits that Paragraph 90, Screen 3 shows text that reflects what certain users may have seen, except without the surrounding red boxes.  Google denies the remaining allegations in paragraph 93.

94.     Google denies the allegations in Paragraph 94.

95.     Google admits that it has a web page which contains the quote that there are "privacy controls like Activity Controls and Ad Settings, which allow [users] to switch the collection and use of data on or off . . . ."[7]  Google denies the remaining allegations in Paragraph 95, including any characterization of the statement and what Google purportedly admits.

96.     Google denies the allegations in Paragraph 96.

97.     Google denies the allegations in Paragraph 97.

**3.      Google Knew That Its Disclosures Led Users to Believe That Turning "Web & App Activity" off Would Prevent Google from Collecting Communications with Apps**

98.     Google admits that it produced documents to the Arizona Attorney General that were made publicly available.  Google admits that Paragraph 98 quotes from portions of

---

[7] https://safety.google/privacy/privacy-controls/.

documents Google produced in compliance with the Arizona Attorney General's

investigation.  Google denies the remaining allegations in Paragraph 98.

99.    Google denies the allegations in Paragraph 99.

100.   Google admits that the language quoted in Paragraph 100 appears in the

corresponding document cited (without the stylistic alterations adopted in Paragraph 100).  Google

denies Plaintiffs' characterization of the quoted statement.

101.   Google admits that the language quoted in Paragraph 101 appears in the

corresponding document cited (without the stylistic alterations adopted in Paragraph 101).  Google

denies Plaintiffs' characterization of the quoted statements, including because they are quoted out

of the order in which they appear in the cited document.

102.   Google admits that the language quoted in Paragraph 102 appears in the

corresponding document cited (without the stylistic alterations adopted in Paragraph 102).  Google

denies Plaintiffs' characterization of the quoted statements, including because they do not appear

in the order in which they are presented in the cited document.

103.   Google denies Plaintiffs' characterization of the email quoted in Paragraph 102

adopted in Paragraph 103.  Google admits that Dave Monsees is a product manager with

responsibility for Web & App Activity.  Google denies Plaintiffs' characterization of

Mr. Monsees' testimony in the second sentence of Paragraph 103.  The third sentence of

Paragraph 103 calls for a legal conclusion to which no response is required; to the extent a

response is required, Google denies the allegations.  Google denies the remaining allegations in

Paragraph 103.

104.   Google admits that the language quoted in Paragraph 104 appears in the

corresponding document cited (without the stylistic alterations adopted in Paragraph 104).  Google

denies Plaintiffs' characterization of the quoted statements.

**4.    Google's Passing Reference to "Your Google Account" Does Not Constitute Consent**

105.   Google admits that Paragraph 105 quotes from the document cited in footnote 25.

Google admits that it is committed to protecting its users' privacy.

106.   Google denies the allegations of Paragraph 106.

107.   Paragraph 107 contains legal conclusions to which no response is required.  To the extent that a response is required, Google admits that it filed motions to dismiss and that based upon those motions, the Court rejected many of the claims Plaintiffs have made.  Google admits that Paragraph 107 block quotes a portion of a Google disclosure.  Google denies the remaining allegations in Paragraph 107.

108.   Google admits that the language quoted in Paragraph 108 appears in the webpage cited in footnote 26.  Google denies the remaining allegations in Paragraph 108.

109.   Google denies the allegations in Paragraph 109.

110.   Google denies the allegations in Paragraph 110.

**C.     Google Obscured Its Collection of These Communications Without Consent Through Its "Pro-Privacy" Campaigns and Other Public Statements**

111.   Google denies the allegations in Paragraph 111.

112.   Google admits the first sentence of Paragraph 112.  Google admits that the language quoted in Paragraph 112 appears in the article cited in footnote 27 (without the stylistic alterations adopted in Paragraph 112).  Google denies the remaining allegations in Paragraph 112.

113.   Google admits the first sentence of Paragraph 113.  Google admits that the language quoted in Paragraph 113 appears in Guemmy Kim's blog post cited in footnote 28 (without the stylistic alterations adopted in Paragraph 113).  Google denies the remaining allegations in Paragraph 113.

114.   Google admits that the language quoted in Paragraph 114 appears in Google's then Product Manager, Greg Fair's blog post cited in footnote 29 (without the stylistic alterations adopted in Paragraph 114).  Google denies the remaining allegations in Paragraph 114.

115.   Google admits that the language quoted in Paragraph 115 appears in Google's then Product Manager, Jan Hanneman's blog post cited in footnote 30 (without the stylistic alterations adopted in Paragraph 115).  Google denies the remaining allegations in Paragraph 115.

116.   Google admits that the language quoted in Paragraph 116 appears in Google's CEO, Sundar Pichai's op-ed published in *The New York Times* on May 7, 2019 that is cited at footnotes

31 and 32 (without the stylistic alterations adopted in Paragraph 116).  Google denies the

remaining allegations in Paragraph 116.

117.    Google admits that on May 7, 2019, Google CEO Sundar Pichai gave the keynote

address at Google's 2019 I/O developer conference.  Google admits that Paragraph 117 quotes

from this address.  Google admits those statements are also contained within *The Singju Post's*

purported transcription cited at footnotes 33 and 34 (without the stylistic alterations adopted in

Paragraph 117).  Google otherwise denies the allegations in Paragraph 117, including the

characterization of Mr. Pichai's statements.

118.    Google admits that in August 2019 it announced a new initiative to enhance privacy

on the web, titled Privacy Sandbox.  Google admits that the language quoted in Paragraph 118

appears in the blog post cited at footnote 35.  Google admits that Google is a champion of privacy

and choice that scrupulously respects the privacy of its users and is transparent about the data it

collects.

119.    Google admits that it protects consumer privacy, including by requiring its partners

to obtain consent directly from consumers under certain circumstances.  Google denies the

remaining allegations in Paragraph 119.

120.    Google admits that the language quoted in Paragraph 120 appears in Google's then

Director of Product Management, Privacy, and Data Protection Office, Eric Miraglia's blog post

cited in footnote 36 (without the stylistic alterations adopted in Paragraph 120).  Google denies

the remaining allegations in Paragraph 120.

121.    Google admits that the language quoted in Paragraph 121 appears in Google's then

Vice President of Product Privacy, Rahul Roy-Chowdhury's blog post cited in footnote 37

(without the stylistic alterations adopted in Paragraph 121).  Google denies the remaining

allegations in Paragraph 121.

122.    Google admits the allegations in Paragraph 122.  Google admits that the language

quoted in Paragraph 122 appears in the article cited at footnote 38.

123.    Google admits that the language quoted in Paragraph 123 appears in Google's then

Vice President of Product Privacy, Rahul Roy-Chowdhury's blog post cited in footnote 39

(without the stylistic alterations adopted in Paragraph 123 and with the word "in" instead of "to" in the last sentence).  Google denies the remaining allegations in Paragraph 123.

124.   Google admits that the language quoted in Paragraph 124 appears in Google's then Director of Product Management, Privacy, and Data Protection Office, Eric Miraglia's blog post cited in footnote 40 (without the stylistic alterations adopted in Paragraph 124).  Google denies the remaining allegations in Paragraph 124.

125.   Google admits that the language quoted in Paragraph 125 appears in Google's CEO, Sundar Pichai's blog post cited in footnote 41 (without the stylistic alterations adopted in Paragraph 125).  Google denies the remaining allegations in Paragraph 125.

126.   Google admits that it submitted written testimony of Sundar Pichai to Congress, and that the language quoted in Paragraph 126 appears in the written testimony cited at footnote 42 (without the stylistic alterations adopted in Paragraph 126).

127.   Google admits that Google's then Global Partnership and Corporate Development President Donald Harrison gave testimony during a Senate hearing that is quoted in Paragraph 127.  Google denies the Plaintiffs' characterization of those quotations and any remaining allegations.

128.   Google admits that the statements quoted in paragraphs 112–127 were the subject of media reporting.  Google admits that Google safeguards the privacy of its users and is transparent about the data it collects.  Google otherwise denies Plaintiffs' characterization of Google's conduct and any remaining allegations in Paragraph 128, including Plaintiffs' characterization of the article cited at footnote 43.

129.   Google denies any allegations that it intercepts communication between the user and third-party apps.  Plaintiffs' claims regarding Google's alleged interception were dismissed on January 25, 2022 (ECF No. 209).  Google admits that it has always provided clear and transparent disclosures to third-party app developers.  *See* Firebase Data Processing and Security Terms (as of 9/27/2021) ("Access; Rectification; Restricted Processing; Portability. During the Term, Google will enable Customer, in a manner consistent with the functionality of the Services, to access, rectify and restrict processing of Customer Data…"); Privacy & Terms (as of 2/10/2022) ("When

- 19 -

you use our services, you're trusting us with your information. We understand this is a big responsibility and work hard to protect your information and put you in control"; "We regularly review this Privacy Policy and make sure that we process your information in ways that comply with it."). Google denies any remaining allegations in Paragraph 129.

**D.      Third-Party App Developers Did Not Consent to Google Collecting Users' Communications with Third-Party Apps When "Web & App Activity" Was Turned off**

130.   Google denies the allegations in Paragraph 130.

131.   Google admits that it represents in its Privacy Policy that "[Google] regularly review[s] this Privacy Policy and make[s] sure that [it] process[es] your information in ways that comply with it." Google admits that the image in Paragraph 131 is excerpted from the current version of Google's Analytics Help page.

132.   Google admits that the "Google privacy policy & principles" page cited at Paragraph 132, footnote 44 contains a hyperlink  to Google's Privacy Policy. Google admits that Paragraph 132 quotes from a version of its Privacy Policy. Google denies the remaining allegations in Paragraph 132, including the characterization of Google's conduct.

133.   Google admits that Paragraph 133 contains an quotes from an archived version (Aug. 12, 2020) of the Firebase Data Processing and Security Terms. Google denies the remaining allegations in Paragraph 133, including any characterization of the articles cited at footnotes 46 and 47.

134.   Paragraph 134 contains legal contentions to which no response is required; to the extent a response is required, Google denies the allegations.[8]

135.   Google denies that app developers implementing Firebase SDK did not consent. Google denies any allegations that it intercepts communications between the user and third-party apps. Further, Paragraph 135 concerns a claim that is no longer at issue in this case

---

[8] Google admits that its Firebase Data Processing and Security Terms states that "Non-European Data Protection Law means data protection or privacy laws in force outside the EEA, Switzerland, and the UK." *See* https://firebase.google.com/terms/data-processing-terms. Google otherwise denies the allegations in footnote 48.

because the Court dismissed Plaintiffs' interception theory on January 25, 2022 (ECF No. 209); as such, no response is required.  To the extent an answer is required, Google denies the remaining allegations in Paragraph 135.

136.   Google denies that its disclosures are misleading.  Google denies any remaining allegations in Paragraph 136.

## V.   Google Profits from the Communications It Intercepts Using Google Tracking and Advertising Code

137.   Google denies the Plaintiffs' characterization of Google's conduct.  Google admits that it is a technology company whose mission is to organize the world's information and make it universally accessible and useful.  Google admits that the number of unique accounts is over 1 billion and that its parent company, Alphabet Inc. has a net worth of at least $1 trillion.  Google denies the remaining allegations in Paragraph 137.

138.   Google denies the Plaintiffs' characterization of its conduct.  Google admits that it derives revenue from advertising.  Google denies the remaining allegations in Paragraph 138.

139.   Google denies the Plaintiffs' characterization of its conduct.  Google admits that it derives revenue from advertising.  Google denies the remaining allegations in Paragraph 139.

140.   Google denies the Plaintiffs' characterization of its conduct.  Google denies any allegations that it intercepts communications between users and third-party apps.  Further, Plaintiffs' claims regarding Google's alleged interception were dismissed on January 25, 2022 (ECF No. 209).  Google denies the characterization of Mr. Miraglia's testimony.  Google admits that it anonymizes user data that is received from users' interactions with third-party apps and maintains "pseudonymous" identifiers for users.  Google admits that it derives revenue from advertising.  Google denies the remaining allegations in Paragraph 140.

### A.   Google Creates and Maintains "Profiles" on Its Users Using the Data Collected from Google Tracking and Advertising Code

141.   Google admits that the language quoted in Paragraph 141 appears in the *Wired* article cited in footnote 49.  Google admits that it may collect information about users with their consent.  Google denies the remaining allegations in Paragraph 141.

142.   Google admits that if a user turns on ad personalization, Google can use that user's information to make ads more useful for that user.  Google denies the Plaintiffs' characterizations of Google's conduct and denies the remaining allegations in Paragraph 142.

143.   Google denies the existence of any "secret scripts."  Google denies that Firebase SDK scripts have ever secretly transmitted data from consumer devices.  Further, the Court dismissed Plaintiffs' theory that Google employs hidden scripts to collect user data through its Firebase SDK suite on May 21, 2021 (ECF No. 109).  Google denies the Plaintiffs' characterization of Google's conduct and the remaining allegations in Paragraph 143.

144.   Google denies the allegations in Paragraph 144 that it combines data transmitted to Google by the Firebase SDK scripts with any user data specific to a user's profile unless the app permitted it and a user has consented to it.  Google denies the remaining allegations in Paragraph 144.

145.   Google denies Plaintiffs' characterization of Google's conduct in Paragraph 145.

146.   Google denies the allegations in Paragraph 146.  Google admits that it may process information it receives from app developers by means of the Firebase SDK via GA for Firebase.  Google denies the remaining allegations in Paragraph 146.

**B.     Google Generates Targeted Advertising to Class Members Based on Data Transmitted to Google by Google Tracking and Advertising Code**

147.   Google admits that it derives revenue from displaying advertisements to the users of certain Google products and services.  Google denies the remaining allegations in Paragraph 147.

148.   Google admits that its "Ad Manager" service enables publishers to generate advertisements to third parties.  Google admits that if a user turns on ad personalization, Google will use that user's information to make ads more useful for that user.  Google denies the Plaintiffs' characterizations of Google's conduct and the remaining allegations in Paragraph 148.

149.   Google admits that its services include features that allow for in-app advertising.  Google denies the Plaintiffs' characterization of its conduct and the remaining allegations in Paragraph 149.

150.   Google denies the allegations in Paragraph 150.

1       151.   Google denies the allegations in Paragraph 151.

2   **C.   Google Refines and Develops Products Using the Data Transmitted to Google**
3   **by the Google Tracking and Advertising Code**

4       152.   Google admits that it uses data to make products more helpful for everyone.  Google

5   denies the remaining allegations in Paragraph 152.

6           **1.      Google Search**

7       153.   Google admits generally that there have been reports that a large percentage of

8   online searches carried out in the U.S. and worldwide are done using Google's web-based search

9   engine, Google Search.

10      154.   Google denies the allegations in Paragraph 154.

11          **2.      On-Device Search Features**

12      155.   Google admits that the Google Search App for Android has used local content

13  indexed via Firebase App Indexing to provide results to users.  Google admits that the on-device

14  search function may appear as described in Paragraph 155.  Google denies the remaining

15  allegations in Paragraph 155.

16      156.   Google admits the allegations in Paragraph 156.

17      157.   Google admits that the language quoted in Paragraph 157 appears in the article cited

18  at footnote 51.  Google denies any remaining allegations.

19      158.   Google admits that Google may index the content of apps to facilitate users' ability

20  to open links from Google mobile search directly through a specific app.  Google admits that the

21  language block quoted in Paragraph 158 appears in the article cited at footnote 52.  Google

22  otherwise denies the Plaintiffs' characterization of Google's conduct and the remaining

23  allegations.

24      159.   Google admits that the language block quoted in Paragraph 159 appears in the

25  article cited at footnote 53.  Google denies any remaining allegations.

26      160.   Google admits that it acquired Firebase in 2014.  Google denies that its Firebase

27  SDK scripts have ever been designed to override users' consents, including in connection with

28

**DEFENDANT GOOGLE'S ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT**
Case No. 3:20-cv-04688-RS

device and account level controls.  Google denies the remaining allegations, including the
characterization of Google's conduct.

161.   Google admits that the language quoted in Paragraph 161 appears in portions of
Google's technical documentation.  Google denies the remaining allegations in Paragraph 161.

**VI.   The Communications Intercepted by Google Using Google Tracking and Advertising Code Are Highly Valuable**

162.   Google admits that it uses data to make products more helpful for everyone.  Google
denies any remaining allegations in Paragraph 162.

163.   Google admits that the language block quoted in Paragraph 163 appears in the
*Harvard Law Review* article cited at footnote 56.  Google denies any remaining allegations in
Paragraph 163.

164.   Google admits that the language block quoted in Paragraph 144 appears in the *Wall
Street Journal* article cited at footnote 57.  Google denies any remaining allegations in
Paragraph 164.

**A.      The Transmissions Are Valuable to Class Members**

165.   Paragraph 165 calls for a legal conclusion to which no response is required; to the
extent a response is required, Google denies the allegation.

166.   Google admits that Paragraph 166 cites to and purports to describe the study cited in
footnote 58.  Google denies any remaining allegations in Paragraph 166.

**B.      The Transmissions Are Valuable to Google**

167.   Google denies any allegations that it intercepts communications.  Further, Plaintiffs'
claims regarding Google's alleged interception were dismissed on January 25, 2022 (ECF
No. 209).  The remaining portions of Paragraph 167 call for a legal conclusion to which no
response is required; to the extent a response is required, Google denies the allegations.

168.   Google denies the allegations in Paragraph 168.

169.   Google denies the allegations in Paragraph 169.

170.   Google admits that it performs panel research to help better serve its users.

171.   Google admits that it performs panel research to help better serve its users.  Google admits that panelists consent to sharing information with Google as part of the Screenwise Trends research and that they may receive gifts as part of the research.  Google denies the remaining allegations in Paragraph 171.

172.   Google admits that panelists consent to sharing information with Google as part of the Screenwise Trends research and that they may receive gifts as part of the research.  Google denies the remaining allegations.

173.   Google denies the allegations in Paragraph 173.

**C.     The Data Would Be Valuable to Other Internet Firms**

174.   Google lacks sufficient information to admit or deny the allegations in Paragraph 174 because they concern the business practices of third parties, and therefore denies them.  Google denies any remaining allegations in Paragraph 174.

175.   Google lacks sufficient information to admit or deny the allegations in Paragraph 175, and on that basis denies them.

176.   Paragraph 176 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegation.

177.   Google denies the allegations in Paragraph 177.

178.   Google denies the allegations in Paragraph 178.

**D.     There Is Value to Class Members in Keeping Their Data Private**

179.   Google lacks sufficient information to admit or deny how Plaintiffs and purported class members assign value to their data.  Google denies the remaining allegations in Paragraph 179.

180.   Google admits that each year, more than 200 million people visit Privacy Checkup.  Google generally admits that Google users check their privacy settings because they care about keeping their data private.  Google denies any remaining allegations in Paragraph 180.

181.   Google lacks sufficient information to admit or deny why users switch off the Web & App Activity or supplemental Web & App Activity feature.  Google admits that users may

choose to enable or pause Web & App Activity and/or supplemental Web & App Activity depending on their preferences. Google denies any remaining allegations in Paragraph 181.

182.   Google admits that Paragraph 182 purportedly quotes from and characterizes a study by the Pew Research Center.  Google denies any remaining allegations in Paragraph 182.

183.   Google admits that Paragraph 183 purportedly quotes from and characterizes a Harris Poll study.  Google denies any remaining allegations in Paragraph 183.

## VII.  Google Acted Without Consent to Intercept and Collect User Data to Maintain and Extend Its Monopolies

184.   Google admits that it acquired Firebase in 2014.  Google denies the remaining allegations in Paragraph 184.

### A.    Google's Web Dominance

185.   Google admits that it was founded in 1998.  Google lacks sufficient information to admit or deny the allegations concerning the percent of the U.S. population that uses Google to conduct web searches, and on that basis denies that allegation.  Google denies the remaining allegations in Paragraph 185.

186.   Google lacks sufficient information to admit or deny the allegations concerning the percent of available websites and publishers that use Google Analytics, and on that basis denies that allegations.  Google denies the allegations in Paragraph 186.

187.   Google admits that website administrators must add code to their website in order to set up Google Analytics for that website.  Google admits that this code is designed to collect and send information to Google's Analytics servers for the website's benefit in certain circumstances, including information regarding the web browser accessing a particular site, the URLs visited by that browser, and the device that browser is running on.  Google denies the remaining allegations in Paragraph 187.

188.   Google lacks sufficient information to admit or deny the allegations concerning the number of websites that use Google Analytics, and on that basis denies that allegation.  Google otherwise denies the remaining allegations in Paragraph 188.

189.   Google denies the allegations in Paragraph 189.

1

**B.      Google's Mobile Problem**

2

190.    Google denies the allegations in Paragraph 190.

3

191.    Google admits that some mobile applications allow users to access information

4

directly from publishers without using search engines.  Google denies the remaining allegations in

5

Paragraph 191.

6

192.    Google admits that the language quoted in Paragraph 192 appears in Google's Form

7

10-K for the fiscal year that ended on December 31, 2013, which was filed in February 2014

8

(without the stylistic additions).[9]  Google denies the remaining allegations, including Paragraph

9

192's characterization of Google's statements.

10

193.    Google admits that the language quoted in Paragraph 193 appears under the section

11

titled "Risk Factors" in Google's Form 10-K for the fiscal year that ended on December 31, 2013,

12

which was filed in February 2014 (without the stylistic additions).[10]  Google denies the remaining

13

allegations, including Paragraph 193's characterization of the quoted language.

14

194.    Google admits that the language quoted in Paragraph 194 appears under the section

15

titled "Risk Factors" it stated in Google's its Form 10-K filings for the fiscal years ended

16

December 31, 2014 and December 31, 2015 (without the stylistic additions).[11]  Google denies the

17

remaining allegations, including Paragraph 194's characterization of Google's statements.

18

**C.      Google's Mobile Focus with Android & Firebase**

19

195.    Google denies the allegations in Paragraph 195.

20

196.    Google admits that it acquired Android in 2005 and that it released the first version

21

of the Android operating system, Android 1.0, in September 2008.  Google denies the remaining

22

allegations in Paragraph 196.

23

24

---

25

[9] *See* https://www.sec.gov/Archives/edgar/data/1288776/000128877614000020/
goog2013123110-k.htm

26

[10] *See* https://www.sec.gov/Archives/edgar/data/1288776/000128877614000020/
goog2013123110-k.htm

27

[11] *See* https://www.sec.gov/Archives/edgar/data/1288776/000128877615000008/
goog2014123110-k.htm; https://www.sec.gov/Archives/edgar/data/1288776/

28

000165204416000012/goog10-k2015.htm

DEFENDANT GOOGLE'S ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT
Case No. 3:20-cv-04688-RS

197.   Google admits that the language quoted in Paragraph 197 appears in the report issued by the U.S. House of Representatives Subcommittee on Antitrust, Commercial and Administrative Law, entitled *Investigation of Competition In Digital Markets* cited in footnote 67.  Google otherwise denies the allegations in Paragraph 197.

198.   Google denies the allegations in Paragraph 198.

199.   Google admits that it acquired Firebase in 2014 and that before Google's acquisition, Firebase was a separate company that provided an application programing interface (API) enabling synchronization of application data across devices. Google denies the remaining allegations in Paragraph 199.

200.   Google admits that Google's CEO, Sundar Pichai, made the statement quoted in Paragraph 200 as part of his keynote speech at Google's May 2016 I/O conference.  Google admits that there were 30 programs related to the Firebase suite of products presented at the 2016 conference.  Google denies the remaining allegations in Paragraph 200, including Paragraph 200's characterization of Mr.Pichai's statement.

201.   Google admits that Jason Titus made the statements quoted in Paragraph 201 at Google's May 2016 I/O conference.  Google admits those statements are also contained within *The Singju Post's* purported transcription cited at footnote 68.  Google otherwise denies the allegations in Paragraph 201, including the characterization of Mr. Titus's statement.

202.   Google lacks sufficient information to admit or deny the allegations concerning how third-party app developers code their applications, and on that basis denies those allegations.  Google denies the remaining allegations in Paragraph 202.

203.   Google denies the allegations in Paragraph 203.

**D.    Google's Increasing Trove of Consumers' Mobile Data and Power**

204.   Google lacks sufficient information to admit or deny the allegations contained in the first sentence of Paragraph 204, and on that basis denies them.  The last sentence of Paragraph 204 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.  Google denies the remaining allegations in this paragraph.

205.   Google denies the allegations in Paragraph 205.

1    206.   Google lacks information concerning the actions of its competitors sufficient to

2    admit or deny the allegations contained in the first sentence of Paragraph 206, and on that basis

3    denies them.  Google denies the remaining allegations in this paragraph.

4    207.   Google denies the allegations in Paragraph 207.

5    **VIII.  Tolling of the Statutes of Limitations**

6    208.   Paragraph 208 calls for a legal conclusion to which no response is required; to the

7    extent a response is required, Google denies the allegations.

8    209.   Paragraph 209 calls for a legal conclusion to which no response is required; to the

9    extent a response is required, Google denies the allegations.

10    210.   Google denies the allegations in Paragraph 210.

11    211.   Paragraph 211 calls for a legal conclusion to which no response is required; to the

12    extent a response is required, Google denies the allegations.

13    212.   Google denies the allegations in the first sentence of Paragraph 212.  The second

14    sentence calls for a legal conclusion to which no response is required; to the extent a response is

15    required, Google denies the allegations.

16    213.   Paragraph 213 calls for a legal conclusion to which no response is required; to the

17    extent a response is required, Google denies the allegations.  Google additionally lacks sufficient

18    information to admit or deny the allegations concerning Plaintiffs' reliance, and on that basis

19    denies those too.

20    214.   Paragraph 214 calls for a legal conclusion to which no response is required; to the

21    extent a response is required, Google denies the allegations.  Google additionally lacks sufficient

22    information to admit or deny the allegations concerning Plaintiffs' purported discovery of the acts

23    alleged in the Fourth Amended Complaint, and on that basis denies those too.

24    215.   Paragraph 215 calls for a legal conclusion to which no response is required; to the

25    extent a response is required, Google denies the allegations.   Google additionally lacks sufficient

26    information to admit or deny the allegations concerning Plaintiffs' purported reasons for turning

27    the Web & App Activity feature off, and on that basis denies those too.

28

216.   Paragraph 216 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

**IX.   Google Collected the Data for the Purpose of Committing Further Tortious and Unlawful Acts**

217.   The allegations in Paragraph 217 call for multiple legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

218.   Google admits that the language block quoted in Paragraph 218 is contained in Cal. Civ. Code § 1798.100(b) (without the stylistic alterations).  The remaining allegations in Paragraph 218 call for multiple legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

219.   The allegations in Paragraph 219 call for multiple legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

220.   The allegations in Paragraph 220 call for multiple legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

221.   Google admits that the Agreement Containing Consent Order in *In re Google Inc.*, File No. 102 3136 (F.T.C.), contains the language quoted in Paragraph 221.[12]  Google denies the remaining allegations, including Paragraph 221's characterization of the Agreement Containing Consent Order.

222.   Google denies the allegations in Paragraph 222.

223.   Google denies the allegations in Paragraph 223.

224.   Google denies the allegations in the first sentence of Paragraph 224.  Google admits that the language quoted in the second sentence of Paragraph 224 appears in Cal. Penal Code § 502.  Google otherwise denies the allegations.

225.   Google denies the allegations in the first two sentences of Paragraph 225.  The last sentence calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

---

[12] *See* https://www.ftc.gov/sites/default/files/documents/cases/2011/03/110330google buzzagreeorder.pdf.

226.   Google denies the allegations in the first sentence of Paragraph 226.  The second sentence calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

227.   Google lacks sufficient information to admit or deny the allegations concerning users' intentions contained in Paragraph 227, and on that basis denies them.  Google denies all remaining allegations in this paragraph.

228.   Paragraph 228 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

229.   Paragraph 229 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

230.   Google denies the allegations in Paragraph 230.

## FACTUAL ALLEGATIONS REGARDING THE NAMED PLAINTIFFS

231.   Google admits that over 1.5 million apps use Firebase SDK in a given month.  Google admits that it has not publicly disclosed a list of all third-party applications that have used Google Firebase SDK.  Google admits that its Firebase SDK website cited in footnote 69 (https://firebase.google.com/) identifies that development teams for third-party applications such as The New York Times, NPR One, Halfbrick, Duolingo, Alibaba, Lyft, Venmo, The Economist, Trivago, Ctrip, Wattpad, and Gameloft, use Firebase to ship their apps.  The second and fifth sentences of Paragraph 231 call for legal conclusions to which no response is required; to the extent a response is required, Google denies the allegations.  Google denies the remaining allegations in Paragraph 231.

232.   Google lacks sufficient information to admit or deny the allegations in Paragraph 232, and on that basis denies them.

233.   Google lacks sufficient information to admit or deny the allegations in Paragraph 233, and on that basis denies them.

234.   Google lacks sufficient information to admit or deny the allegations in Paragraph 234, and on that basis denies them.

1      235.   Google lacks sufficient information to admit or deny the allegations in

2    Paragraph 235, and on that basis denies them.

3      236.   Google lacks sufficient information to admit or deny the allegations in

4    Paragraph 236, and on that basis denies them.

5      237.   Google lacks sufficient information to admit or deny the allegations in

6    Paragraph 237, and on that basis denies them.

7      238.   Google lacks sufficient information to admit or deny the allegations in

8    Paragraph 238, and on that basis denies them.

9      239.   Google lacks sufficient information to admit or deny the allegations in

10   Paragraph 239, and on that basis denies them.

11     240.   Google lacks sufficient information to admit or deny the allegations in

12   Paragraph 240, and on that basis denies them.

13     241.   Google lacks sufficient information to admit or deny the allegations in

14   Paragraph 241, and on that basis denies them.

15     242.   Google lacks sufficient information to admit or deny the allegations in

16   Paragraph 242, and on that basis denies them.

17     243.   Google lacks sufficient information to admit or deny the allegations in

18   Paragraph 243, and on that basis denies them.

19     244.   Google lacks sufficient information to admit or deny the allegations in

20   Paragraph 244, and on that basis denies them.

21     245.   Google lacks sufficient information to admit or deny the allegations in

22   Paragraph 245, and on that basis denies them.

23     246.   Google lacks sufficient information to admit or deny the allegations in

24   Paragraph 246, and on that basis denies them.

25     247.   Google lacks sufficient information to admit or deny the allegations in

26   Paragraph 247, and on that basis denies them.

27     248.   Paragraph 248 calls for a legal conclusion to which no response is required; to

28   the extent a response is required, Google denies the allegations.

1

**CLASS ACTION ALLEGATIONS**

2       249.   Paragraph 249 sets forth Plaintiffs' proposed class definitions and does not require a

3   response. To the extent a response is required, Google denies the allegations. Google reserves all

4   rights to contend that other persons must be excluded from the class in the event that the Court

5   grants certification in whole or in part.

6       250.   Paragraph 250 sets forth Plaintiffs' proposed class definitions and does not require a

7   response. To the extent a response is required, Google denies the allegations. Google reserves all

8   rights to contend that other persons must be excluded from the class in the event that the Court

9   grants certification in whole or in part.

10      251.   Paragraph 251 calls for multiple legal conclusions, to which no response is required;

11   to the extent a response is required, Google denies the allegations.

12      252.   Paragraph 252 calls for multiple legal conclusions, to which no response is required;

13   to the extent a response is required, Google denies the allegations.

14      253.   Paragraph 253 calls for multiple legal conclusions, to which no response is required;

15   to the extent a response is required, Google denies the allegations.

16      254.   Paragraph 254 calls for multiple legal conclusions, to which no response is required;

17   to the extent a response is required, Google denies the allegations.

18      255.   The first sentence of Paragraph 255 calls for a legal conclusion, to which no

19   response is required; to the extent a response is required, Google denies the allegations. Google

20   lacks sufficient information to admit or deny the allegations contained in the second and third

21   sentences of Paragraph 255, and therefore denies them.

22      256.   Paragraph 256 calls for multiple legal conclusions, to which no response is required;

23   to the extent a response is required, Google denies the allegations.

24      257.   Google admits that its Terms of Service state in relevant part that, "California law

25   will govern all disputes arising out of or relating to [Google's] [T]erms, service-specific additional

26   terms, or any related services, regardless of conflict of laws rules. These disputes will be resolved

27   exclusively in the federal or state courts of Santa Clara County, California, USA, and you and

28

DEFENDANT GOOGLE'S ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT
Case No. 3:20-cv-04688-RS

Google consent to personal jurisdiction in those courts."[13]  The remainder of Paragraph 257 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies those allegations.

258.   Paragraph 258 calls for multiple legal conclusions, to which no response is required; to the extent a response is required, Google denies the allegations.

259.   Paragraph 259 calls for a legal conclusion, to which no response is required; to the extent a response is required, Google denies the allegations and reserves all rights to oppose modification or amendment of the proposed class definitions.

**COUNTS**

**COUNT ONE: VIOLATIONS OF THE COMPREHENSIVE COMPUTER DATA ACCESS AND FRAUD ACT ("CDAFA"), CAL. PENAL CODE § 502 *ET SEQ.***

260.   Google incorporates by reference the responses to Paragraphs 1 through 259 as set forth above.

261.   Google admits that the language quoted in the first sentence of Paragraph 261 appears in Cal. Penal Code § 502.  The second sentence calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

262.   Paragraph 262 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

263.   Paragraph 263 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

264.   Paragraph 264 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

265.   Paragraph 265 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

266.   Paragraph 266 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

[13] *See* https://policies.google.com/terms.

267.   Paragraph 267 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

268.   Paragraph 268 purports to describe the relief Plaintiffs seek and requires no response. To the extent a response is required, Google denies that Plaintiffs are entitled to any relief.

269.   Paragraph 269 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

270.   Paragraph 270 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

## COUNT TWO: INVASION OF PRIVACY

271.   Google incorporates by reference the responses to Paragraphs 1 through 259 as set forth above.

272.   Paragraph 272 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

273.   Google admits that the language quoted in the second sentence of Paragraph 273 appears in Article I, section 1 of the California Constitution (without the stylistic alterations adopted in Paragraph 273). Google admits that "privacy" was added to Article I, section 1 of the California Constitution following a 1972 vote. The remaining allegations call for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegation and any remaining allegations in Paragraph 273.

274.   Google admits that "privacy" was added to Article I, section 1 of the California Constitution following a 1972 vote. Google admits that Paragraph 274 purports to quote from a ballot argument cited in footnote 70. Google lacks sufficient information to admit or deny the allegations concerning legislative intent. Google denies any remaining allegations in Paragraph 274.

275.   Google lacks sufficient information to admit or deny the allegations concerning the principal purpose of the purported constitutional right, and on that basis denies the allegations in Paragraph 275.

DEFENDANT GOOGLE'S ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT
Case No. 3:20-cv-04688-RS

1        276.   Paragraph 276 calls for a legal conclusion to which no response is required; to the
2    extent a response is required, Google denies the allegations.

3        277.   Paragraph 277 calls for a legal conclusion to which no response is required; to the
4    extent a response is required, Google denies the allegations.

5        278.   Paragraph 278 calls for a legal conclusion to which no response is required; to the
6    extent a response is required, Google denies the allegations.

7        279.   Paragraph 279 calls for a legal conclusion to which no response is required; to the
8    extent a response is required, Google denies the allegations.

9        280.   Paragraph 280 calls for a legal conclusion to which no response is required; to the
10   extent a response is required, Google denies the allegations.

11       281.   Paragraph 281 calls for a legal conclusion to which no response is required; to the
12   extent a response is required, Google denies the allegations.

13       282.   Paragraph 282 calls for a legal conclusion to which no response is required; to the
14   extent a response is required, Google denies the allegations.

15       283.   Paragraph 283 calls for a legal conclusion to which no response is required; to the
16   extent a response is required, Google denies the allegations.

17       284.   Paragraph 284 calls for a legal conclusion to which no response is required; to the
18   extent a response is required, Google denies the allegations.

19       285.   Paragraph 285 calls for a legal conclusion to which no response is required; to the
20   extent a response is required, Google denies the allegations.

21       286.   Paragraph 286 calls for a legal conclusion to which no response is required; to the
22   extent a response is required, Google denies the allegations.

23       287.   Paragraph 287 calls for a legal conclusion to which no response is required; to the
24   extent a response is required, Google denies the allegations.

25       288.   Paragraph 288 calls for a legal conclusion to which no response is required; to the
26   extent a response is required, Google denies the allegations.

27       289.   Paragraph 289 calls for a legal conclusion to which no response is required; to the
28   extent a response is required, Google denies the allegations.

290.    Paragraph 290 purports to describe the relief Plaintiffs seek and calls for a legal conclusion, and thus requires no response. To the extent a response is required, Google denies the allegations.

### COUNT THREE: INTRUSION UPON SECLUSION

291.    Google incorporates by reference the responses to Paragraphs 1 through 259 as set forth above.

292.    Paragraph 292 calls for a legal conclusion to which no response is required.

293.    Paragraph 293 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

294.    Paragraph 294 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

295.    Paragraph 295 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

296.    Paragraph 296 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

297.    Paragraph 297 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

298.    Paragraph 298 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

299.    Paragraph 299 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

300.    Paragraph 300 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

301.    Paragraph 301 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

302.    Paragraph 302 calls for a legal conclusion to which no response is required; to the extent a response is required, Google denies the allegations.

DEFENDANT GOOGLE'S ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT
Case No. 3:20-cv-04688-RS

## ANSWER TO PRAYER FOR RELIEF

Google denies that Plaintiffs are entitled to any of the requested judgment and relief.

## ANSWER TO JURY TRIAL DEMAND

Google admits that Plaintiffs purport to demand a trial by jury of all issues so triable.

## DEFENSES[14]

### FIRST DEFENSE

(Failure to State a Claim)

The Fourth Amended Complaint, and each and every claim alleged therein, fails to state facts sufficient to state a cause of action against Google on which relief may be granted.

### SECOND DEFENSE

(Statute of Limitations)

The named Plaintiffs' claims—and each and every member of the purported class's claims—are barred, in whole or in part, by one or more statutes of limitations under applicable law.

### THIRD DEFENSE

(Mootness)

The named Plaintiffs' claims—and each and every member of the purported class's claims—are barred, in whole or in part, by the doctrine of mootness.

### FOURTH DEFENSE

(Privilege/Justification/Excuse)

The named Plaintiffs, and each and every member of the purported class, are barred from recovery because Google's actions were, in whole or in part, privileged, justified and/or excused by operation of law.

---

[14] By asserting the following defenses, Google does not concede it bears the burden of proof.

DEFENDANT GOOGLE'S ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT
Case No. 3:20-cv-04688-RS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIFTH DEFENSE

(Consent)

The named Plaintiffs' claims—and each and every member of the purported class's claims—are barred, in whole or in part, because they consented to and/or ratified the conduct alleged in the Complaint.

SIXTH DEFENSE

(Necessary Incident To Rendition Of Services)

The named Plaintiffs' claims—and each and every member of the purported class's claims—are barred, in whole or in part, because Google's actions were a necessary incident to the rendition of services.

SEVENTH DEFENSE

(Unjust Enrichment)

The named Plaintiffs' claims for damages—and each and every member of the purported class's claims for damages—are barred, in whole or in part, because they would be unjustly enriched if they recovered any monetary relief.

EIGHTH DEFENSE

(No Standing)

The named Plaintiffs' claims—and each and every member of the purported class's claims—are barred, in whole or in part, because they have not suffered injury in fact because of the acts or practices complained of.

NINTH DEFENSE

(Contractual Defenses)

The named Plaintiffs' claims—and each and every member of the purported class's claims—are barred, in whole or in part, by contracts and/or agreements they entered into with Google and/or third parties.

## TENTH DEFENSE

### (Failure to Mitigate)

The named Plaintiffs' claims for damages—and each and every member of the purported class's claims for damages—are barred, in whole or in part, to the extent discovery reveals they failed to mitigate the damages they suffered.

## ELEVENTH DEFENSE

### (Adequate Remedy At Law)

The named Plaintiffs, and each and every member of the purported class, are not entitled to equitable relief because they have an adequate remedy at law and the relief they request is not the proper subject of a judicial remedy.

## TWELFTH DEFENSE

### (Punitive Damages—Unconstitutional)

Punitive or exemplary damages should not be awarded or should otherwise be limited because: (i) any recovery of punitive or exemplary damages would violate the substantive and procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, by Article 1, Section 7 of the California Constitution, by section 3294 of the California Civil Code, and by the common law; and (ii) imposition of any punitive or exemplary damages would constitute an excessive fine or penalty under the Eighth Amendment to the United States Constitution and Article 1, Section 17 of the California Constitution.

## THIRTEENTH DEFENSE

### (Waiver)

The named Plaintiffs, and each and every member of the purported class, are barred from recovery, in whole or in part, by the doctrine of waiver.

## FOURTEENTH DEFENSE

### (Estoppel)

The named Plaintiffs, and each and every member of the purported class, are barred from recovery, in whole or in part, by the doctrine of estoppel.

1

## FIFTEENTH DEFENSE

2

(Laches)

3       The named Plaintiffs, and each and every member of the purported class, are barred from

4    recovery, in whole or in part, by the doctrine of laches.

5

## SIXTEENTH DEFENSE

6

(Unclean Hands)

7       The named Plaintiffs, and each and every member of the purported class, are barred from

8    recovery, in whole or in part, by the doctrine of unclean hands.

9

## SEVENTEENTH DEFENSE

10

(Preemption)

11      The named Plaintiffs' claims—and each and every member of the purported class's claims—

12   which are each asserted under California law, are barred, in whole or in part, because they are

13   preempted in this context by applicable federal law, including but not limited to the Children's

14   Online Privacy Protection Act, 15 U.S.C. §§ 6501-6506.

15

## EIGHTEENTH DEFENSE

16

(Contractual Defenses—No Damages)

17      The named Plaintiffs' claims—and each and every member of the purported class's claims—

18   are barred, in whole or in part, because Plaintiffs' damages—including actual, punitive,

19   compensatory, exemplary, or statutory damages—are limited by the terms of contracts between

20   Google and Plaintiffs. See, e.g., Apr. 14, 2014 Terms of Service at 3 ("WHEN PERMITTED BY

21   LAW, GOOGLE, AND GOOGLE'S SUPPLIERS AND DISTRIBUTORS, WILL NOT BE

22   RESPONSIBLE FOR LOST PROFITS, REVENUES, OR DATA, FINANCIAL LOSSES OR

23   INDIRECT, SPECIAL, CONSEQUENTIAL, EXEMPLARY, OR PUNITIVE DAMAGES."); Oct.

24   25, 2017 Terms of Service at 4 ("WHEN PERMITTED BY LAW, GOOGLE, AND GOOGLE'S

25   SUPPLIERS AND DISTRIBUTORS, WILL NOT BE RESPONSIBLE FOR LOST PROFITS,

26   REVENUES, OR DATA, FINANCIAL LOSSES OR INDIRECT, SPECIAL,

27   CONSEQUENTIAL, EXEMPLARY, OR PUNITIVE DAMAGES . . . TO THE EXTENT

28   PERMITTED BY LAW, THE TOTAL LIABILITY OF GOOGLE, AND ITS SUPPLIERS AND

DISTRIBUTORS, FOR ANY CLAIMS UNDER THESE TERMS, INCLUDING FOR ANY IMPLIED WARRANTIES, IS LIMITED TO THE AMOUNT YOU PAID US TO USE THE SERVICES (OR, IF WE CHOOSE, TO SUPPLYING YOU THE SERVICES AGAIN) . . . IN ALL CASES, GOOGLE, AND ITS SUPPLIERS AND DISTRIBUTORS, WILL NOT BE LIABLE FOR ANY LOSS OR DAMAGE THAT IS NOT REASONABLY FORESEEABLE.").

## NINETEENTH DEFENSE

### (Contractual Defenses—No Liability)

The named Plaintiffs' claims—and each and every member of the purported class's claims—are barred, in whole or in part, because Google's liability for the alleged conduct at issue is precluded by the terms of contracts between Google and Plaintiffs. See, e.g., Apr. 14, 2014 Terms of Service at 3 ("WHEN PERMITTED BY LAW, GOOGLE, AND GOOGLE'S SUPPLIERS AND DISTRIBUTORS, WILL NOT BE RESPONSIBLE FOR LOST PROFITS, REVENUES, OR DATA, FINANCIAL LOSSES OR INDIRECT, SPECIAL, CONSEQUENTIAL, EXEMPLARY, OR PUNITIVE DAMAGES."); Oct. 25, 2017 Terms of Service at 4 ("WHEN PERMITTED BY LAW, GOOGLE, AND GOOGLE'S SUPPLIERS AND DISTRIBUTORS, WILL NOT BE RESPONSIBLE FOR LOST PROFITS, REVENUES, OR DATA, FINANCIAL LOSSES OR INDIRECT, SPECIAL, CONSEQUENTIAL, EXEMPLARY, OR PUNITIVE DAMAGES . . . TO THE EXTENT PERMITTED BY LAW, THE TOTAL LIABILITY OF GOOGLE, AND ITS SUPPLIERS AND DISTRIBUTORS, FOR ANY CLAIMS UNDER THESE TERMS, INCLUDING FOR ANY IMPLIED WARRANTIES, IS LIMITED TO THE AMOUNT YOU PAID US TO USE THE SERVICES (OR, IF WE CHOOSE, TO SUPPLYING YOU THE SERVICES AGAIN) . . . IN ALL CASES, GOOGLE, AND ITS SUPPLIERS AND DISTRIBUTORS, WILL NOT BE LIABLE FOR ANY LOSS OR DAMAGE THAT IS NOT REASONABLY FORESEEABLE.").

## TWENTIETH DEFENSE

### (Right to Assert Additional Defenses)

Google reserves the right to assert additional defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT GOOGLE'S ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT
Case No. 3:20-cv-04688-RS

Dated:  February 3, 2023

Respectfully submitted,

WILLKIE FARR & GALLAGHER LLP


By:   */s/ Eduardo E. Santacana*
         Eduardo E. Santacana

DEFENDANT GOOGLE'S ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT
Case No. 3:20-cv-04688-RS