| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP**<br>David Boies (admitted pro hac vice)<br>333 Main Street<br>Armonk, NY 10504<br>Tel: (914) 749-8200<br>dboies@bsfllp.com<br><br>Mark C. Mao, CA Bar No. 236165<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>mmao@bsfllp.com<br>brichardson@bsfllp.com<br><br>James Lee (admitted pro hac vice)<br>Rossana Baeza (admitted pro hac vice)<br>100 SE 2nd St., 28th Floor<br>Miami, FL 33131<br>Tel.: (305) 539-8400<br>jlee@bsfllp.com<br>rbaeza@bsfllp.com<br><br>Alison L. Anderson, CA Bar No. 275334<br>M. Logan Wright, CA Bar No. 349004<br>725 S Figueroa St., 31st Floor<br>Los Angeles, CA 90017<br>Tel.: (213) 995-5720<br>alanderson@bsfllp.com<br>mwright@bsfllp.com | **SUSMAN GODFREY L.L.P.**<br>Bill Carmody (admitted pro hac vice)<br>Shawn J. Rabin (admitted pro hac vice)<br>Steven M. Shepard (admitted pro hac vice)<br>Alexander Frawley (admitted pro hac vice)<br>Ryan Sila (admitted pro hac vice)<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY  10019<br>Tel.: (212) 336-8330<br>bcarmody@susmangodfrey.com<br>srabin@susmangodfrey.com<br>sshepard@susmangodfrey.com<br>afrawley@susmangodfrey.com<br>rsila@susmangodfrey.com<br><br>Amanda K. Bonn, CA Bar No. 270891<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel.: (310) 789-3100<br>abonn@susmangodfrey.com<br><br>**MORGAN & MORGAN**<br>John A. Yanchunis (admitted pro hac vice)<br>Ryan J. McGee (admitted pro hac vice)<br>Michael F. Ram, CA Bar No. 104805<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel.: (813) 223-5505<br>jyanchunis@forthepeople.com<br>rmcgee@forthepeople.com<br>mram@forthepeople.com |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY individually and on behalf of all other similarly situated,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>　　　　　Defendant. | Case No.:  3:20-cv-04688-RS<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Judge: Hon. Richard Seeborg<br>Courtroom 3 – 17th Floor<br>Date: October 5, 2023<br>Time: 1:30 p.m. |

Pursuant to Civil Local Rule 7-11 and 79-5 and the Stipulated Protective Order entered in this matter, Plaintiffs respectfully submit this Administrative Motion to Seal the following material submitted with Plaintiffs' motion for class certification.

| Document or Portion of Document Sought to Be Sealed | Party Claiming Confidentiality | Basis for Sealing |
|---|---|---|
| March 22, 2023 Expert Report of Plaintiffs' Expert Jonathan Hochman ("Hochman Report"): Portions highlighted in teal in paragraphs 149, 152, 182, 191, 192, 244, and 246 | Plaintiffs | Refers to Material Designated "Confidential" by Plaintiffs pursuant to the Protective Order |
| Hochman Report Appendix A (entirety) | Plaintiffs | Refers to Material Designated "Confidential" by Plaintiffs pursuant to the Protective Order |
| Hochman Report Appendix B.1 (entirety) | Plaintiffs | Refers to Material Designated "Confidential" by Plaintiffs pursuant to the Protective Order |
| Hochman Report Appendix B.2 (entirety) | Plaintiffs | Refers to Material Designated "Confidential" by Plaintiffs pursuant to the Protective Order |
| Hochman Report Appendix C | Plaintiffs | Refers to Material Designated "Confidential" by Plaintiffs pursuant to the Protective Order |
| Hochman Report Appendix D | Plaintiffs | Refers to Material Designated "Confidential" by Plaintiffs pursuant to the Protective Order |
| Hochman Report Appendix K | Plaintiffs | Refers to Material Designated "Confidential" by Plaintiffs pursuant to the Protective Order |
|  |  |  |
| Plaintiffs' Motion for Class Certification: portions highlighted in yellow throughout | Google | Refers to Material Designated "Confidential" and "Highly Confidential – Attorneys' Eyes Only" by Google pursuant to the Protective Order |
| Plaintiffs' Trial Plan in Support of Plaintiffs' Motion for Class Certification: portions highlighted in yellow | Google | Refers to Material Designated "Confidential" and "Highly Confidential – Attorneys' Eyes |

1

PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL
Case No. 3:20-cv-04688-RS

| | | |
|---|---|---|
| | | Only" by Google pursuant to the Protective Order |
| Mao Declaration in Support of Plaintiffs' Motion for Class Certification: Entirety of Exhibits 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 16, 17, 19, 20, 42, 43, 49, 50, 51, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 65, 66, 67, 68, and 69. | Google | Material Designated "Confidential" and "Highly Confidential – Attorneys' Eyes Only" by Google pursuant to the Protective Order |
| Expert Report of Plaintiffs' Expert Jonathan Hochman (entirety) | Google | Refers throughout to Material Designated "Confidential" and "Highly Confidential – Attorneys' Eyes Only" by Google pursuant to the Protective Order |
| Expert Report of Plaintiffs' Expert Bruce Schneier (entirety) | Google | Refers throughout to Material Designated "Confidential" and "Highly Confidential – Attorneys' Eyes Only" by Google pursuant to the Protective Order |
| Expert Report of Plaintiffs' Expert Michael Lasinski (entirety) | Google | Refers throughout to Material Designated "Confidential" and "Highly Confidential – Attorneys' Eyes Only" by Google pursuant to the Protective Order |
| Expert Report of Plaintiffs' Expert Cameron Azari (entirety) | Google | Refers to Material Designated "Confidential" and "Highly Confidential – Attorneys' Eyes Only" by Google pursuant to the Protective Order |

## I.   LEGAL STANDARD

### A.   Party Seeking to Seal Its Own Records

"The public has a right of access to the Court's files." Civil L.R. 79-5(a). The presumption of public access can be overcome where the sealing party "articulate[s] compelling reasons supported by specific factual findings . . . that outweigh . . . public policies favoring disclosure such as the public interest in understanding the judicial process." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (citations omitted). Courts "must conscientiously balance the competing interests of the public and the party who seeks to keep

certain judicial records secret." *Id.* (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)) (marks omitted).

### B.  Party Seeking to Seal Another Party's Records

Many of the documents listed above quote, summarize, or otherwise reflect information that Defendant, Google LLC ("Google") has designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the parties' stipulated protective order. Dkt. 70. Pursuant to Civil Local Rules 79-5(c)(1) and 79-5(f)(3), Google, as the designating party, bears the burden of establishing that all of the designated material is sealable. At present, Plaintiffs take no position as to whether the material Google designated under the protective order is sealable.

## II.  ARGUMENT

Plaintiffs seek to seal limited portions of the expert report submitted by their technical expert, Mr. Jonathan Hochman. These portions contain material that Plaintiffs are designating "Confidential" pursuant to the parties' stipulated Protective Order. Specifically, the portions sought to be sealed associate one of the named Plaintiffs with various identifiers. *E.g.*, Hochman Report ¶ 192 (discussing a named Plaintiff's phone number, zip code, and device information). In other cases, Plaintiffs seek to seal spreadsheets containing and analyzing records produced from Google's logs, which Plaintiffs expect Google will in any event seek to seal. Plaintiffs' narrowly tailored proposals "will not interfere with the public's ability to understand the judicial process." *Ojmar US, LLC v. Sec. People, Inc.*, No. 16-cv-04948-HSG, 2016 WL 6091543, at *2 (N.D. Cal. Oct. 19, 2016). Plaintiffs are not seeking to redact any of Mr. Hochman's opinions.

Furthermore, "an individual's privacy interest" is a compelling reason to seal a document. *Nursing Home Pension Fund v. Oracle Corp.*, No. C01-0100988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) (allowing redaction of home addresses and financial account information); *Pension Plan for Pension Tr. Fund for Operating Eng'rs. v. Giacalone Elec. Servs., Inc.*, No. 13-cv-02338-SI, 2015 WL 3956143, at *10 (N.D. Cal. June 29, 2015). Courts in this District have previously granted substantially similar motions to seal similar materials. *See Calhoun v. Google LLC.*, No. 4:20-cv-05146-YGR-SVK (N.D. Cal.), Dkt. 198 (sealing *Calhoun*

plaintiffs' web browsing history and information); *Brown v. Google*, No. 4:20-cv-03664-YGR (N.D. Cal.), Dkt. 804 (sealing *Brown* plaintiffs' web browsing history and information).

Additionally, public exposure of the information that Plaintiffs seek to seal could subject Plaintiffs to a risk of identity theft. *See, e.g.*, *Adkins v. Facebook, Inc.*, 424 F. Supp. 3d 686, 689 (N.D. Cal. 2019) (recognizing that identifiers enable malicious actors to access consumers' accounts); *McDonald v. CP OpCo, LLC*, 2019 WL 343470, at *9 (N.D. Cal. Jan. 28, 2019) (sealing email addresses, recognizing that the email addresses "could become a vehicle for improper purposes").

### III.   CONCLUSION

For the reasons articulated herein, Plaintiffs respectfully request that the Court grant their Administrative Motion to Seal. Plaintiffs presently take no position on Google's designated materials, and will review Google's submitted declaration in support of sealing upon filing and respond if necessary.

Dated: July 20, 2023                    Respectfully submitted,

By: */s/Mark Mao*

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

David Boies (admitted *pro hac vice*)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200

James Lee (admitted *pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (admitted *pro hac vice*)

rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Alison L. Anderson, CA Bar No. 275334
alanderson@bsfllp.com
M. Logan Wright
mwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
725 S. Figueroa Street, 31st Floor
Los Angeles, CA 90017
Telephone: (813) 482-4814

Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley
afrawley@susmangodfrey.com
Ryan Sila
rsila@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
Michael F. Ram (CA Bar No. 238027)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602

5

PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL
Case No. 3:20-cv-04688-RS

|  |  |
|---|---|
| 1 | Telephone: (813) 223-5505<br>Facsimile: (813) 222-4736 |
| 2 |  |
| 3 | *Attorneys for Plaintiffs* |
| 4 | *Attorneys for Plaintiffs* |

6

PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL
Case No. 3:20-cv-04688-RS