**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 995-5720
alanderson@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
Ryan Sila (admitted pro hac vice)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com
rsila@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Michael F. Ram, CA Bar No. 104805
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY individually and on behalf of all other similarly situated,<br><br>    Plaintiffs,<br> v.<br>GOOGLE LLC,<br>    Defendant. | Case No.: 3:20-cv-04688-RS<br><br>**PLAINTIFFS' TRIAL PLAN ISO MOTION FOR CLASS CERTIFICATION**<br><br>Judge: Hon. Richard Seeborg<br>Courtroom 3 – 17th Floor<br>Date: October 5, 2023<br>Time: 1:30 p.m. |

## I. INTRODUCTION

Plaintiffs respectfully submit this Trial Plan in support of their motion for class certification (the "Motion" or "Mot."). This Trial Plan explains how the case can be tried efficiently and consistent with Rule 23's requirements.[1]

## II. THE CLASSES AND THE CLAIMS

This case is about "privacy controls" that Google provides to all of its accountholders—the Web & App Activity and supplemental Web & App Activity switches (together, "(s)WAA"). Google uniformly assured its users that "Web & App Activity must be on" "[t]o *let Google save*" information regarding their "activity" on "[s]ites and apps that use Google services, including data that apps share with Google." Mot. at 2, 5, 11. The truth is that regardless of whether (s)WAA is "on" or "off," Google collects information about users' activity on non-Google apps by way of its Firebase and Google Mobile Ads ("GMA") Software Development Kits ("SDKs"), which are embedded ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Mot. at 24.

On behalf of (s)WAA-off Google accountholders, Plaintiffs are pursuing three claims to hold Google accountable for its improper collection and use of their app activity data: (I) invasion of Class Members' privacy in violation of the California Constitution; (II) intrusion upon Class Members' seclusion in violation of California law; and (III) violations of the California Comprehensive Computer Data Access and Fraud Act ("CDAFA"). These claims have survived Google's motions to dismiss.

Plaintiffs specifically seek to certify two nationwide classes under Federal Rules of Civil Procedure 23(b)(3) and 23(b)(2).

- Class 1: All individuals who, during the period beginning July 1, 2016 and continuing through the present (the "Class Period"), (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running the Android operating system, because of the Firebase Software Development Kit ("SDK") and/or Google Mobile Ads SDK.

---

[1] This Trial Plan is not intended to present an exhaustive list of evidence and witnesses that Plaintiffs plan to use. Plaintiffs will continue to evaluate the case as it proceeds toward trial.

1

- Class 2: All individuals who, during the Class Period (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running a non-Android operating system, because of the Firebase SDK and/or Google Mobile Ads SDK.

California law applies to all claims and for all class members, particularly because of the California choice-of-law provision in the Google Terms of Service. *See* Mot. at 7–8.

### III. SCOPE AND LENGTH OF TRIAL

All issues can be tried together in a single trial. Subject to the Court's guidance, Plaintiffs will likely present a combination of live and videotaped testimony from the four named Plaintiffs, Plaintiffs' five experts, current and former Google employees, and perhaps other witnesses. Excluding jury selection, Plaintiffs' current estimate is that trial can be completed in approximately 14 court days, with Plaintiffs and Google splitting their time equally.[2]

### IV. COMMON ISSUES AND EVIDENCE

#### A. Factual Stipulations

Google has taken the position that "[t]he facts in this case are not complicated, and the questions are straightforward." Dkt. 105 at 4. Google has likewise suggested that the case turns on two "central questions": "[1] what Google represented to users and [2] the actual technical functioning of the accused technology." Mot. at 4, 9 (citing Mot. Ex. 17). In Google's words, "the bulk of the documents relevant to this case [are] public disclosures, Google policies, and non-public engineering documents." Mot. Ex. 49 at 2. Plaintiffs agree that the case's "central questions" turn on common, classwide evidence like Google's disclosures and documents and expert testimony describing Google's technologies.

Through factual stipulations, the Parties can further simplify the presentation of the case's "central questions" to the jury. For example, the Parties can agree on the relevant set of Google disclosures for the Class Period. The Parties can also stipulate to certain aspects of how the technologies function. Both technical experts agree that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[2] This assumes cross examinations count against the examiner's time (*i.e.*, Google cross-examining a witness in Plaintiffs' case-in-chief and vice-versa) and that Google's defense is of reasonable length.

PLAINTIFFS' TRIAL PLAN ISO MOTION FOR CLASS CERTIFICATION  CASE NO. 3:20-CV-04688

███████████████████████████. *See* Mot. at 16. The experts agree on other issues, too. *See* Mot. Ex. 60 at ¶ 62 (Google's technical expert stating: "█████████████ ██████████████████████████████████████████████████████████. *On this, Mr. Hochman [Plaintiffs' expert] and I agree.*") (emphasis added); *id.* at ¶ 93 ("*I agree* [with Mr. Hochman] ██████████████████████") (emphasis added); *id.* at ¶ 214 ("*I understand and agree with Mr. Hochman* that ████████████████████████ ████████████████████████████████████████████████████████████ ██████████") (emphasis added). Factual stipulations about topics like these will streamline a trial that is already relatively straightforward.

**B.   Documentary Evidence**

Plaintiffs will rely on internal Google documents and emails as common, classwide proof to support their claims, including instances of Google employees recognizing that Google's (s)WAA disclosures are inaccurate. As just one example, Google engineer █████████ ████████████████████████████████████████████████████████████" Mot. Ex. 7 at -10 (emphasis added). Plaintiffs will also rely on nonpublic Google user studies, including one which found that "████████████████████████████████████████ █████████." Mot. Ex. 42 at -00 (emphasis added). Documents like these support Plaintiffs' theory that when a company provides a data collection on/off switch, "off" should mean "off." Plaintiffs identify similar Google admissions throughout their Motion. As trial approaches and in accordance with Rule 26 and this Court's pretrial procedures, Plaintiffs will provide Google with a discrete list of documents that they intend to rely on to prove their case with common, classwide proof.

**C.   Fact Witness Testimony**

Through a combination of live testimony and perhaps videotaped deposition testimony, Plaintiffs (and/or Google) may offer testimony from current and former Google employees, including potentially these non-exhaustive representative witnesses and topics:

- **Chris Ruemmler**: a Google engineer who ████████████████████ ████████████████. *See* Mot. at 12, 15–16, 18.

3

- **Dave Monsees**: A Google product manager and Google's 30(b)(6) witness designated to address (s)WAA-focused topics.

- **Steve Ganem**: A Google product manager focused on Google Analytics, and Google's 30(b)(6) witness designated to address topics related to Google Analytics for Firebase.

- **Belinda Langner**: A Google product manager responsible for app ad campaigns, and Google's 30(b)(6) witness designated to address topics related to Google's monetization of data.

- **Eric Miraglia**: The Founder of Google's Privacy and Data Protection Office, who testified that he is "███████████████████████████████████████ ███████████████████████████. *See* Mot. Ex. 4 at 96:21–97:6, 128:21–129:3.

Plaintiffs' four class representatives will also testify. They will describe their commonsense interpretation that "off" means "off," and that by turning and keeping (s)WAA "off," they did not consent to Google collecting, saving, and using their app activity.

**D.   Expert Testimony**

Consistent with their expert reports, which are appended to Plaintiffs' motion for class certification, Plaintiffs anticipate the following expert testimony at trial:

**Jonathan Hochman**: Mr. Hochman is the founder of Hochman Consultants, an agency that provides clients with online security, ecommerce, and advertising services. He is also a current PhD student at Yale University in the Department of Computer Science, where he serves as a Teaching Fellow and is a member of the Yale Applied Cryptography Laboratory. Relying on technical Google documentation and other common evidence, Mr. Hochman will describe the process by which Google ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Hochman Rep. §§ VII.A, B, F. Mr. Hochman will also demonstrate why Google's trove of (s)WAA-off app activity data is ████████████████████████████████████████████████████████████. *See, e.g.*, Hochman Rep. §§ VII.G, I. Mr. Hochman will also testify that, if ordered to do so by the Court, Google ███████

4

[REDACTED]. Hochman Rep. § VII.K.

**Professor Bruce Schneier**: Professor Bruce Schneier, a lecturer and fellow at the Harvard Kennedy School, is a renowned security technologist who researches, writes, and speaks about computer security and Internet security, as well as the economic, psychological, and sociological aspects of security and privacy. Professor Schneier will describe how the rise of the Internet and surveillance business models have created significant threats to online privacy, making it more important for users to have a refuge from pervasive tracking. Schneier Rep. § IV.2. Professor Schneier will also offer opinions about the value of user data and the risks created by Google's collection and storage of user data. *Id.* §§ IV.3, 4, 8. He will also address Google's disclosures related to (s)WAA, including to explain how they exemplify "dark patterns," or subversive user interface designs. *Id.* § IV.11.

**Michael Lasinski**: Plaintiffs' damages expert Michael Lasinski is a Certified Public Accountant with twenty-nine years of experience evaluating the financial aspects of intellectual property for government entities, corporations, and law firms. Mr. Lasinski has two damages models. In one model, he quantified [REDACTED]. Lasinski Rep. § 7. Using Google's own methodologies from its internal studies of [REDACTED]. *Id.* ¶ 129. In his other damages model, Mr. Lasinski quantified [REDACTED]. *Id.* ¶¶ 135, 139, 151. Conservatively using that [REDACTED]. *Id.* ¶ 161. Mr. Lasinski has also explained how any aggregate damages award can be readily apportioned. *Id.* § 9.

5

**Mark Keegan**: Mark Keegan is a survey expert who has personally conducted over 1,000 consumer surveys reaching more than 250,000 consumers. For this case, Mr. Keegan surveyed a general population of 1,039 respondents to ask questions about their use of mobile devices and whether they have one or more Google Gmail accounts. Mr. Lasinski, Plaintiffs' damages expert, relied on Mr. Keegan's findings to provide inputs for his actual damages model. Lasinski Rep. ¶ 155.

## V. NOTICE PROGRAM AND POST-JUDGMENT ADMINISTRATION

Consistent with the process followed in other class cases, Plaintiffs will present a notice program and claims administration protocol for the Court's review and approval, which would govern the pre-trial notice program as well as post-judgment submission, processing, and resolution of claims. Plaintiffs have already retained Mr. Cameron Azari, an experienced and well-regarded expert who has provided the substance for both a pre-trial notice program and post-judgment notification and administrative process. *See* Azari Rep. Mr. Azari has been involved with the administration of many other class actions in this District and nationwide, including cases with tech companies involving millions of account holders. In his report, Mr. Azari explains that notification in this case is straightforward because the classes are limited to Google account holders, meaning that Google should have at least one email address on file for every class member. Azari Rep. § IV(A). Moreover, because Google ████████████████████████████████████████████████████████████████████████████████████. *Id.* Mr. Azari also explains how Google can provide an additional form of direct notice by way of a disclosure to users the moment they log into their Google accounts. *Id.* Mr. Azari supplements his direct notice plan with other methods to increase the reach of the notice, including by way of a media plan. *Id.* § IV(C).

## VI. CONCLUSION

Plaintiffs respectfully seek the opportunity to efficiently try this case as a class action, consistent with Rule 23's requirements.

| | | |
|---|---|---|
| 1 | Dated: July 20, 2023 | Respectfully submitted, |
| 2 | | |
| 3 | | By: *Mark Mao* |
| | | Mark C. Mao (CA Bar No. 236165) |
| | | mmao@bsfllp.com |
| 4 | | Beko Reblitz-Richardson (CA Bar No. 238027) |
| | | brichardson@bsfllp.com |
| 5 | | BOIES SCHILLER FLEXNER LLP |
| | | 44 Montgomery Street, 41st Floor |
| 6 | | San Francisco, CA 94104 |
| 7 | | Telephone: (415) 293 6858 |
| | | Facsimile: (415) 999 9695 |
| 8 | | |
| | | David Boies (admitted *pro hac vice*) |
| 9 | | dboies@bsfllp.com |
| | | BOIES SCHILLER FLEXNER LLP |
| 10 | | 333 Main Street |
| | | Armonk, NY 10504 |
| 11 | | Telephone: (914) 749-8200 |
| 12 | | |
| | | James Lee (admitted *pro hac vice*) |
| 13 | | jlee@bsfllp.com |
| | | Rossana Baeza (admitted *pro hac vice*) |
| 14 | | rbaeza@bsfllp.com |
| | | BOIES SCHILLER FLEXNER LLP |
| 15 | | 100 SE 2nd Street, Suite 2800 |
| 16 | | Miami, FL 33131 |
| | | Telephone: (305) 539-8400 |
| 17 | | Facsimile: (305) 539-1307 |
| 18 | | |
| | | Alison L. Anderson, CA Bar No. 275334 |
| 19 | | alanderson@bsfllp.com |
| | | M. Logan Wright, CA Bar No. 349004 |
| 20 | | mwright@bsfllp.com |
| | | BOIES SCHILLER FLEXNER LLP |
| 21 | | 725 S. Figueroa Street, 31st Floor |
| 22 | | Los Angeles, CA 90017 |
| | | Telephone: (813) 482-4814 |
| 23 | | |
| | | Bill Carmody (*pro hac vice*) |
| 24 | | bcarmody@susmangodfrey.com |
| | | Shawn J. Rabin (*pro hac vice*) |
| 25 | | srabin@susmangodfrey.com |
| | | Steven Shepard (*pro hac vice*) |
| 26 | | sshepard@susmangodfrey.com |
| | | Alexander P. Frawley |
| 27 | | afrawley@susmangodfrey.com |
| 28 | | Ryan Sila |

7

PLAINTIFFS' TRIAL PLAN ISO MOTION FOR CLASS CERTIFICATION CASE NO. 3:20-CV-04688

rsila@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
Michael F. Ram (CA Bar No. 238027)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

*Attorneys for Plaintiffs*