**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 995-5720
alanderson@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
Ryan Sila (admitted pro hac vice)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com
rsila@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Michael F. Ram, CA Bar No. 104805
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 3:20-cv-04688-RS<br><br>**DECLARATION OF SAL CATALDO IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Judge: Hon. Richard Seeborg<br>Courtroom 3 – 17th Floor<br>Date: October 5, 2023<br>Time: 1:30 p.m. |

## DECLARATION OF SAL CATALDO

I, Sal Cataldo, declare as follows.

1. My name is Sal Cataldo. I am over eighteen years of age and am competent to testify to and have personal knowledge of the facts set forth herein.

2. I am a plaintiff in this lawsuit against Google, LLC ("Google"). Because I am very privacy minded and continually explore the options to control whether and how my data is used, I discovered Google's Web & App Activity ("WAA") and Supplemental Web & App Activity ("sWAA") privacy controls and used them to block Google from tracking me. Because Google is one of the largest tech companies on the planet, I turned WAA and sWAA off so that it could not collect, save, or use any of my Web & App Activity and supplemental Web & App Activity.

3. I recall opening my main Google account in 2005, and years before this lawsuit was filed, I had read Google's Terms of Service, Privacy Policy, and other Google disclosures so that I knew what data Google did and did not collect when WAA and sWAA were turned off. I agreed to those terms. This included the Activity Controls screen, which included the WAA and sWAA options that Google offered as ways to stop Google from collecting, saving, and using my Web & App Activity and supplemental Web & App Activity when WAA and sWAA were turned off. All of these documents and disclosures from Google reiterated that I was in control of what information would and would not be shared with Google, and that when I turned off WAA and sWAA that Google would not have any access to my Web & App Activity and supplemental Web & App Activity.

4. Although I had turned off WAA and sWAA and thought Google was not collecting, storing, or using my Web & App Activity and supplemental Web & App Activity, I learned about this lawsuit and I went back to check my WAA and sWAA settings and was surprised to learn that even though I vividly recalled turning WAA and sWAA off, those settings had been re-enabled. So I sought the advice of the attorneys in this case and decided to join the lawsuit to pursue Google for the privacy violations that it was engaging in.

CATALDO DECLARATION ISO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

5. I joined this lawsuit with the understanding that the case has been brought as a class action on behalf of two nationwide classes of individuals. The first nationwide class is:

Class 1: All individuals who, during the period beginning July 1, 2016 and continuing through the present (the "Class Period"), (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running the Android operating system, because of the Firebase Software Development Kit ("SDK") and/or Google Mobile Ads ("GMA") SDK

6. The second nationwide class is:

Class 2: All individuals who, during the period beginning July 1, 2016 and continuing through the present (the "Class Period"), (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running a non-Android operating system, because of the Firebase Software Development Kit ("SDK") and/or Google Mobile Ads ("GMA") SDK.

7. As a class representative, I understand that I have a duty to protect the interests of the classes. I will protect the best interests of the members of the classes and will work with my attorneys to obtain success on behalf of those classes.

8. I do not know of any facts that would limit my ability to adequately represent the interest of other members of the classes, or that my interests conflict in any way with the interests of the classes. I have not been promised any compensation for bringing this case and serving as a class representative.

9. I understand that I am a member of Class 1 because I turned off WAA and sWAA but Google still collected my Web & App Activity and supplemental Web & App Activity on non-Google-branded mobile apps from my Android mobile devices. Although I thought that Google would not collect, save, or use any Web & App Activity and supplemental Web & App Activity when I had turned off WAA and sWAA, I now know that Google still collects, saves, and uses my Web & App Activity and supplemental Web & App Activity without my consent.

10. I have been and continue to be willing to do what is necessary to protect the interests of the members of the classes. I have retained lawyers who have extensive experience in class action litigation. I have discussed this case with my lawyers on numerous occasions, and reviewed

pleadings before they were filed. I provided deposition testimony for this case on February 17, 2022, and have responded to numerous written discovery requests from Google. I also allowed Google to pull information from my account that is sensitive and confidential to me, like my Google subscriber information. I also helped gather information from my device (with the help of my lawyers and experts) to submit to Google to help understand how Google's tracking works.

11. I am familiar with the claims that have been asserted in the case and have remained apprised of the Court's orders and the strategy employed in this litigation. I am committed to staying up to date on any additional developments in this case by continuing to confer with my attorneys on a regular basis.

12. I am aware that there are expenses involved in representing classes, and have arranged with my attorneys that the expenses will be paid by my attorneys and that they will seek reimbursement of these expenses if a recovery is obtained.

13. I will appear at trial for this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 20th day of July, 2023, at Sayville, New York.

_____

CATALDO DECLARATION ISO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION