| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP**<br>David Boies (admitted pro hac vice)<br>333 Main Street<br>Armonk, NY 10504<br>Tel: (914) 749-8200<br>dboies@bsfllp.com<br><br>Mark C. Mao, CA Bar No. 236165<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>mmao@bsfllp.com<br>brichardson@bsfllp.com<br><br>James Lee (admitted pro hac vice)<br>Rossana Baeza (admitted pro hac vice)<br>100 SE 2nd St., 28th Floor<br>Miami, FL 33131<br>Tel.: (305) 539-8400<br>jlee@bsfllp.com<br>rbaeza@bsfllp.com<br><br>Alison L. Anderson, CA Bar No. 275334<br>M. Logan Wright, CA Bar No. 349004<br>725 S Figueroa St., 31st Floor<br>Los Angeles, CA 90017<br>Tel.: (213) 995-5720<br>alanderson@bsfllp.com<br>mwright@bsfllp.com | **SUSMAN GODFREY L.L.P.**<br>Bill Carmody (admitted pro hac vice)<br>Shawn J. Rabin (admitted pro hac vice)<br>Steven M. Shepard (admitted pro hac vice)<br>Alexander Frawley (admitted pro hac vice)<br>Ryan Sila (admitted pro hac vice)<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Tel.: (212) 336-8330<br>bcarmody@susmangodfrey.com<br>srabin@susmangodfrey.com<br>sshepard@susmangodfrey.com<br>afrawley@susmangodfrey.com<br>rsila@susmangodfrey.com<br><br>Amanda K. Bonn, CA Bar No. 270891<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel.: (310) 789-3100<br>abonn@susmangodfrey.com<br><br>**MORGAN & MORGAN**<br>John A. Yanchunis (admitted pro hac vice)<br>Ryan J. McGee (admitted pro hac vice)<br>Michael F. Ram, CA Bar No. 104805<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel.: (813) 223-5505<br>jyanchunis@forthepeople.com<br>rmcgee@forthepeople.com<br>mram@forthepeople.com |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY individually and on behalf of all other similarly situated,<br><br>　　　　Plaintiffs,<br>　v.<br><br>GOOGLE LLC,<br><br>　　　　Defendant. | Case No.: 3:20-cv-04688-RS<br><br>**DECLARATION OF SUSAN HARVEY IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Judge: Hon. Richard Seeborg<br>Courtroom 3 – 17th Floor<br>Date: October 5, 2023<br>Time: 1:30 p.m. |

**DECLARATION OF SUSAN HARVEY**

I, Susan Harvey, declare as follows.

1. My name is Susan Harvey. I am over eighteen years of age and am competent to testify to and have personal knowledge of the facts set forth herein.

2. I am a plaintiff in this lawsuit against Google, LLC ("Google"). To protect my privacy, I use Google's Web & App Activity ("WAA") and Supplemental Web & App Activity ("sWAA") privacy controls to block Google from tracking me. I was the victim of identity theft when my Google account was accessed and fraudulent charges were made with the Google Play store, so I wanted to make sure that my Web & App Activity and supplemental Web & App Activity was not being stored anywhere. Because Google is a tech behemoth and collects enormous amounts of data and it's not clear to me what Google does or doesn't do with it afterward, I turned WAA and sWAA off so that it could not collect, save, or use any of my Web & App Activity and supplemental Web & App Activity.

3. When I opened my main Google account in 2009, and years before this lawsuit was filed, I carefully read Google's Terms of Service, Privacy Policy, and other Google disclosures to understand what information was and was not collected if I chose to turn off WAA and sWAA. I agreed to those terms. This included Google's Activity Controls screen, which included the WAA and sWAA options that Google said are ways to prevent Google from collecting, saving, and using my Web & App Activity and supplemental Web & App Activity when I turned off WAA and sWAA. These documents and disclosures offered me control of what Google did or did not collect, and that when I turned off WAA and sWAA, Google would not have any access whatsoever to my Web & App Activity and supplemental Web & App Activity.

4. Although I had turned off WAA and sWAA and thought Google was not collecting, storing, or using my Web & App Activity and supplemental Web & App Activity, I remember reading about this new lawsuit and it caught my attention because of the past problems I had with my Google account and how I specifically did not want Google collecting, saving, or using my

HARVEY DECLARATION ISO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

information. So I contacted my current counsel to learn more about what was going on and I decided to join the case.

5. I joined this lawsuit with the understanding that the case has been brought as a class action on behalf of two nationwide classes of individuals. The first nationwide class is:

> Class 1: All individuals who, during the period beginning July 1, 2016 and continuing through the present (the "Class Period"), (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running the Android operating system, because of the Firebase Software Development Kit ("SDK") and/or Google Mobile Ads ("GMA") SDK

6. The second nationwide class is:

> Class 2: All individuals who, during the period beginning July 1, 2016 and continuing through the present (the "Class Period"), (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running a non-Android operating system, because of the Firebase Software Development Kit ("SDK") and/or Google Mobile Ads ("GMA") SDK.

7. As a class representative, I understand that I have a duty to protect the interests of the classes. I will protect the best interests of the members of the classes and will work with my attorneys to obtain success on behalf of those classes.

8. I do not know of any facts that would limit my ability to adequately represent the interest of other members of the classes, or that my interests conflict in any way with the interests of the classes. I have not been promised any compensation for bringing this case and serving as a class representative.

9. I understand that I am a member of Class 1 because I turned WAA and sWAA off but Google still collected my Web & App Activity and supplemental Web & App Activity on non-Google-branded mobile apps from my Android mobile devices. Although I thought that Google would not collect, save, or use any Web & App Activity and supplemental Web & App Activity when I had turned off WAA and sWAA, I now know that Google still collects, saves, and uses my Web & App Activity and supplemental Web & App Activity without my consent.

1  10. I have been and continue to be willing to do what is necessary to protect the interests of the members of the classes. I have retained lawyers who have extensive experience in class action litigation. I have discussed this case with my lawyers on numerous occasions, and reviewed pleadings before they were filed. I provided deposition testimony for this case on October 27, 2022, and have responded to numerous written discovery requests from Google. I also allowed Google to pull information from my account that is sensitive and confidential to me, like my Google subscriber information. I also helped gather information from my device (with the help of my lawyers and experts) to submit to Google to help understand how Google's tracking works.

11. I am familiar with the claims that have been asserted in the case and have remained apprised of the Court's orders and the strategy employed in this litigation. I am committed to staying up to date on any additional developments in this case by continuing to confer with my attorneys on a regular basis.

12. I am aware that there are expenses involved in representing classes, and have arranged with my attorneys that the expenses will be paid by my attorneys and that they will seek reimbursement of these expenses if a recovery is obtained.

13. I will appear at trial for this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 20th day of July, 2023, at Chowchilla, California.

*Susan Lynn Harvey*

HARVEY DECLARATION ISO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION