| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP**<br>David Boies (admitted pro hac vice)<br>333 Main Street<br>Armonk, NY 10504<br>Tel.: (914) 749-8200<br>dboies@bsfllp.com<br><br>Mark C. Mao, CA Bar No. 236165<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>mmao@bsfllp.com<br>brichardson@bsfllp.com<br><br>James Lee (admitted pro hac vice)<br>Rossana Baeza (admitted pro hac vice)<br>100 SE 2nd St., 28th Floor<br>Miami, FL 33131<br>Tel.: (305) 539-8400<br>jlee@bsfllp.com<br>rbaeza@bsfllp.com<br><br>Alison L. Anderson, CA Bar No. 275334<br>M. Logan Wright, CA Bar No. 349004<br>725 S Figueroa St., 31st Floor<br>Los Angeles, CA 90017<br>Tel.: (213) 995-5720<br>alanderson@bsfllp.com<br>mwright@bsfllp.com | **SUSMAN GODFREY L.L.P.**<br>Bill Carmody (admitted pro hac vice)<br>Shawn J. Rabin (admitted pro hac vice)<br>Steven M. Shepard (admitted pro hac vice)<br>Alexander Frawley (admitted pro hac vice)<br>Ryan Sila (admitted pro hac vice)<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Tel.: (212) 336-8330<br>bcarmody@susmangodfrey.com<br>srabin@susmangodfrey.com<br>sshepard@susmangodfrey.com<br>afrawley@susmangodfrey.com<br>rsila@susmangodfrey.com<br><br>Amanda K. Bonn, CA Bar No. 270891<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel.: (310) 789-3100<br>abonn@susmangodfrey.com<br><br>**MORGAN & MORGAN**<br>John A. Yanchunis (admitted pro hac vice)<br>Ryan J. McGee (admitted pro hac vice)<br>Michael F. Ram, CA Bar No. 104805<br>201 N Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel.: (813) 223-5505<br>jyanchunis@forthepeople.com<br>rmcgee@forthepeople.com<br>mram@forthepeople.com |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 3:20-cv-04688-RS<br><br>**DECLARATION OF ANIBAL RODRIGUEZ IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Judge: Hon. Richard Seeborg<br>Courtroom 3 – 17th Floor<br>Date: October 5, 2023<br>Time: 1:30 p.m. |

**DECLARATION OF ANIBAL RODRIGUEZ**

I, Anibal Rodriguez, declare as follows.

1. My name is Anibal Rodriguez. I am over eighteen years of age and am competent to testify to and have personal knowledge of the facts set forth herein.

2. I am a plaintiff in this lawsuit against Google, LLC ("Google"). To protect my privacy, I use Google's Web & App Activity ("WAA") and Supplemental Web & App Activity ("sWAA") privacy controls to block Google from tracking me. Because Google is a one of if not the largest companies that collects comprehensive data on people, I turned WAA and sWAA off to prevent Google from collecting information about me and using it to track me.

3. When I opened my Google account in 2014, and in the years before filing this lawsuit, I had read Google's Terms of Service, Privacy Policy, and other Google disclosures to understand what data was and was not collected when WAA and sWAA were turned off. I agreed to those terms. This included the Activity Controls page, and Google was never mentioned as someone that would still have access to my Web & App Activity and supplemental Web & App Activity when WAA and sWAA were turned off. All of these documents and disclosures from Google provided me with the option to control of what information would be shared with Google and when, and I expected that Google would not collect, save, or use my Web & App Activity and supplemental Web & App Activity when I had turned off WAA and sWAA.

4. After learning about privacy concerns stemming from Google's data collection, I sought the advice of an expert and attorneys to further investigate those patterns. Then I found out that Google's representations and disclosures about WAA and sWAA were false and that Google instead collects massive amounts of data from my phone even when WAA and sWAA are turned off. So, I filed this lawsuit to pursue Google for this conduct and to protect my privacy and the privacy of those who turned off WAA and sWAA.

5. I brought this case as a class action on behalf of two nationwide classes of individuals. The first nationwide class is:

Class 1: All individuals who, during the period beginning July 1, 2016 and continuing through the present (the "Class Period"), (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running the Android operating system, because of the Firebase Software Development Kit ("SDK") and/or Google Mobile Ads ("GMA") SDK.

6. The second nationwide class is:

Class 2: All individuals who, during the period beginning July 1, 2016 and continuing through the present (the "Class Period"), (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running a non-Android operating system, because of the Firebase Software Development Kit ("SDK") and/or Google Mobile Ads ("GMA") SDK.

7. As a class representative, I understand I have a duty to protect the interests of the classes. I will protect the best interests of the members of the classes and will work with my attorneys to obtain success on behalf of those classes.

8. I am not aware of any facts that would limit my ability to adequately represent the interests of other members of the classes, or that my interests conflict in any way with the interests of the classes. I have not been promised any compensation for bringing this case and serving as a class representative.

9. I understand that I am a member of Class 1 because I turned WAA and sWAA off but Google still collected my Web & App Activity and supplemental Web & App Activity on non-Google-branded mobile apps from my Android mobile devices. Although I thought that Google would not collect, save, or use any Web & App Activity and supplemental Web & App Activity when I had turned off WAA and sWAA, I now know that Google still collects, saves, and uses my Web & App Activity and supplemental Web & App Activity without my consent.

10. I have been and continue to be willing to do what is necessary to protect the interests of the members of the classes. I have retained lawyers who have experience in class action litigation. I have discussed this case with my lawyers on numerous occasions. I provided deposition testimony for this case on October 16, 2022. I also authorized Google to pull information from my account that is sensitive and confidential to me and helped gather information

from my device (with the help of my lawyers and experts) to submit to Google to help understand how Google's tracking works.

11. I am familiar with the claims that have been asserted in the case and have remained apprised of the strategy employed in this litigation. I am committed to staying up to date on any additional developments in this case by continuing to confer with my attorneys on a regular basis.

12. I am aware that there are expenses involved in representing classes and have arranged with my attorneys that the expenses will be paid by my attorneys and that they will seek reimbursement of these expenses if a recovery is obtained.

13. I will appear at trial for this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 20th day of July, 2023, at Miami, Florida..

*Anibal Rodriguez*

RODRIGUEZ DECLARATION ISO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION