| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP**<br>David Boies (admitted pro hac vice)<br>333 Main Street<br>Armonk, NY 10504<br>Tel.: (914) 749-8200<br>dboies@bsfllp.com<br><br>Mark C. Mao, CA Bar No. 236165<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>mmao@bsfllp.com<br>brichardson@bsfllp.com<br><br>James Lee (admitted pro hac vice)<br>Rossana Baeza (admitted pro hac vice)<br>100 SE 2nd St., 28th Floor<br>Miami, FL 33131<br>Tel.: (305) 539-8400<br>jlee@bsfllp.com<br>rbaeza@bsfllp.com<br><br>Alison L. Anderson, CA Bar No. 275334<br>M. Logan Wright, CA Bar No. 349004<br>725 S Figueroa St., 31st Floor<br>Los Angeles, CA 90017<br>Tel.: (213) 995-5720<br>alanderson@bsfllp.com<br>mwright@bsfllp.com | **SUSMAN GODFREY L.L.P.**<br>Bill Carmody (admitted pro hac vice)<br>Shawn J. Rabin (admitted pro hac vice)<br>Steven M. Shepard (admitted pro hac vice)<br>Alexander Frawley (admitted pro hac vice)<br>Ryan Sila (admitted pro hac vice)<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Tel.: (212) 336-8330<br>bcarmody@susmangodfrey.com<br>srabin@susmangodfrey.com<br>sshepard@susmangodfrey.com<br>afrawley@susmangodfrey.com<br>rsila@susmangodfrey.com<br><br>Amanda K. Bonn, CA Bar No. 270891<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel.: (310) 789-3100<br>abonn@susmangodfrey.com<br><br>**MORGAN & MORGAN**<br>John A. Yanchunis (admitted pro hac vice)<br>Ryan J. McGee (admitted pro hac vice)<br>Michael F. Ram, CA Bar No. 104805<br>201 N Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel.: (813) 223-5505<br>jyanchunis@forthepeople.com<br>rmcgee@forthepeople.com<br>mram@forthepeople.com |

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>　GOOGLE LLC,<br><br>　　　　　Defendant. | Case No.: 3:20-cv-04688-RS<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL**<br><br>The Honorable Richard Seeborg |

**[PROPOSED] ORDER**

Plaintiffs Anibal Rodriguez, Sal Cataldo, Julian Santiago, and Susan Lynn Harvey ("Plaintiffs") bring this putative class action against Google LLC ("Google"), alleging that Google collected their app activity data without permission, in violation of California law.

Currently pending before the Court is Plaintiffs' motion for certification of two classes defined, subject to certain exclusions described *infra*, as:

- Class 1: All individuals who, during the period beginning July 1, 2016 and continuing through the present (the "Class Period"), (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running the Android operating system, because of the Firebase Software Development Kit ("SDK") and/or Google Mobile Ads ("GMA") SDK.

- Class 2: All individuals who, during the period beginning July 1, 2016 and continuing through the present (the "Class Period"), (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running a non-Android operating system, because of the Firebase Software Development Kit ("SDK") and/or Google Mobile Ads ("GMA") SDK.

Plaintiffs seek to certify nationwide classes, on whose behalf they plan to assert claims for invasion of privacy, intrusion upon seclusion, and violation of the California Comprehensive Computer Data Access and Fraud Act ("CDAFA"). Plaintiffs' motion also seeks appointment of Plaintiffs as class representatives and appointment of David Boies and Mark C. Mao of Boies Schiller Flexner LLP, Bill Carmody of Susman Godfrey LLP, and John A. Yanchunis of Morgan & Morgan as co-lead class counsel.

Having carefully considered the briefing and the arguments submitted, and for the reasons set forth below, the Plaintiffs' motion is hereby **GRANTED** in full.

As a preliminary matter, all class members' claims are governed by California law. Application of California law is constitutionally permissible because Google is headquartered in California. *Forcellati v. Hylands, Inc.*, 2014 WL 1410264, at *2 (C.D. Cal. Apr. 9, 2014). Google's form contract with account holders, including every class member, dictates that California law

applies. Google has also relied on California law in this case and other cases that involve non-California residents. *See* Dkt. 139 at 20–21; *Rojas-Lozano v. Google, Inc.*, 159 F. Supp. 3d 1101, 1109–10 (N.D. Cal. 2016).

**Rule 23(a).** All of the Rule 23(a) requirements are satisfied. There are millions of members in each class, far more than can be joined. Fed. R. Civ. P. 23(a)(1). Rule 23(a)(2)'s commonality requirement is satisfied because Plaintiffs' claims implicate several issues that are "capable of classwide resolution." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). These common questions include the meaning of Google's explanation of WAA and sWAA, whether Google has permission to collect app activity data from users who turn those settings off, what data Google collects via the Firebase and GMA SDKs, and how Google uses that data for its benefit. Plaintiffs are typical of the classes they seek to represent because their "injuries arise from a common wrong"—Google's systematic collection of data, which Plaintiffs allege was without permission. *Forcellati*, 2014 WL 1410264, at *10; Fed. R. Civ. P. 23(a)(3). Plaintiffs and their counsel will adequately represent the class. Fed. R. Civ. P. 23(a)(4). Indeed, Plaintiffs and their counsel have already made substantial contributions to this litigation.

**Rule 23(b)(3).** Class certification is warranted because the "common, aggregation-enabling issues in th[is] case are more prevalent or more important than the non-common aggregation-defeating individual issues." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016). Indeed, even Google has recognized that the aforementioned common issues—such as the meaning of the WAA and sWAA settings and Google's use of the Firebase and GMA SDKs to collect and use app activity data notwithstanding those settings—are the "central questions" in this case. Mao Decl. Ex. 17.

**Privacy torts.** Plaintiffs' claims for invasion of privacy and intrusion upon seclusion turn on common issues, which may be proven with common evidence. For these claims, courts "'ask whether (1) there exists a reasonable expectation of privacy, and (2) the intrusion was highly offensive.'" Dkt. 109 (MTD Order) (quoting *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020)).

1    Plaintiffs have demonstrated that the first question—whether "a [(s)WAA-off] user would reasonably expect that [Google] would have access to" data relating to activity on non-Google apps while (s)WAA was off, *In re Facebook*, 956 F.3d at 602—may be answered with common evidence. Class members' objective expectation of privacy is reflected by the (s)WAA setting, which was turned off for all class members. Relevant evidence also includes the text of Google's uniform disclosures, expert opinion regarding dark patterns within those disclosures, public statements made by Google executives, and internal documents bearing on Google's knowledge of the inaccuracy of its disclosures. As Judge Tigar explained in *Opperman v. Path, Inc.*, individualized evidence is not required to resolve this element. 2016 WL 3844326, at *11 (N.D. Cal. Jul. 15, 2016).

The offensiveness of Google's conduct may also be determined on a classwide basis, using common evidence. The central factors in this analysis include the nature of the intrusion, the "intruder's motives and objectives" and knowledge that its practices are "a problematic privacy issue," and broader "social norms." *In re Facebook*, 956 F.3d at 606. All of these factors implicate common evidence. The nature of the intrusion is the same classwide. As explained by Plaintiffs' expert, Jonathan Hochman, the Firebase SDK and the GMA SDK function in the same manner classwide. Hochman Rep. § VII. For all class members, Google uses these SDKs to collect, save, and use essentially the same app activity data regardless of the user's WAA and sWAA settings. Hochman Rep. §§ VII.A–B, F. Plaintiffs also identified common evidence of Google's knowledge and motives. *See, e.g.*, Mao Decl. Ex. 57, Ex. 7, at -09–10, Ex. 42 at -00. Social norms are equally common to the class.

**CDAFA.** Plaintiffs' claim for violation of the CDAFA is similarly susceptible of classwide adjudication. Whether class members have suffered "damage or loss" such that they may assert this claim may be determined on a classwide basis. Cal. Penal Code § 502(e)(1). Plaintiffs identify three bases for class members' damage or loss: the stake in Google's unjust enrichment, the deprivation of market payments for their app activity data, and diminished battery life and computing resources. *In re Facebook,* 956 F.3d at 600; *In re Carrier IQ, Inc., Consumer Privacy*

*Litig.*, 78 F. Supp. 3d 1051, 1066–67 (N.D. Cal. 2015). The factual and legal sufficiency of these forms of damage or loss may be determined on a classwide basis.

Whether Google has "permission" to take and use (s)WAA-off app activity data can also be determined on a classwide basis. Cal. Penal Code § 502(c)(2). The concept of "permission" is objective in nature, and it is determined by reference to words and acts communicated by one individual to another. *See Harris v. comScore, Inc.*, 292 F.R.D. 579, 581–85 (N.D. Ill. 2013). The words and acts communicated by class members to Google are uniform and objective: Each class member's (s)WAA setting was turned off. Other evidence of Google's permission (or lack thereof) to collect app activity data substantially overlaps with the evidence relating to the expectation of privacy, and it is similarly common.

**Monetary Relief Sought.** The Court concludes that monetary relief is "'capable of measurement on a classwide basis,' in the sense that the whole class suffered damages traceable to the same injurious course of conduct." *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1120 (9th Cir. 2017) (quoting *Comcast Corp. v. Behrend*, 569 U.S. 27, 34–35 (2013)). Relying on common evidence, Plaintiffs' expert, Michael Lasinski, has advanced adequate methodologies to measure the amount by which Google was enriched by its collection of app activity data, to apportion that amount amongst class members, and to estimate actual damages suffered by the class members. Plaintiffs' requests for punitive and nominal damages may also be determined on a classwide basis.

**Superiority.** A class action is a superior method of adjudication because it will achieve "economies of time, effort, and expense" while promoting "uniformity of decisions as to persons similarly situated." *Amchem Products v. Windsor*, 521 U.S. 591, 615 (1997). The parties and their counsel have spent considerable time and effort litigating this case already. "[I]ndividual suits likely would not make economic sense for a substantial number of putative class members," particularly given "given the high costs of litigation, the need for expert opinion, and the risks involved." *Gold v. Lumber Liquidators, Inc.*, 323 F.R.D. 280, 293 (N.D. Cal. 2017).

**Rule 23(b)(2).** Class certification under Rule 23(b)(2) is also warranted. Plaintiffs "'seek uniform release from a practice applicable to all of them,'" namely, Google's collection, saving,

and use of (s)WAA-off app activity data. *Ward v. United Airlines, Inc.*, 2021 WL 534364, at *7 (N.D. Cal. Feb. 12, 2021) (quoting *Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2010)). Plaintiffs have satisfied their burden to "describe[] the general contours of [the] injunction" they seek. *Parsons v. Ryan*, 754 F.3d 657, 689 n.35 (9th Cir. 2014). Plaintiffs explain that they seek an order: "(1) precluding Google from further collecting, storing, and using consumers' (s)WAA-off app activity data; (2) requiring Google to delete already collected (s)WAA-off app activity data; (3) requiring Google to delete any products or algorithms built in whole or in part with that unlawfully collected (s)WAA-off app activity data; and (4) appointing an independent third party to verify that the injunctive relief has been (and continues to be) implemented." Plaintiffs have adequately described the relief sought.

\*   \*   \*

Plaintiffs' motion for class certification is therefore **GRANTED**. The Court hereby **ORDERS** as follows:

The motion for class certification under Rules 23(b)(2) and 23(b)(3) is **GRANTED** for both nationwide classes as defined by Plaintiffs:

- Class 1: All individuals who, during the period beginning July 1, 2016 and continuing through the present (the "Class Period"), (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running the Android operating system, because of the Firebase Software Development Kit ("SDK") and/or Google Mobile Ads ("GMA") SDK.

- Class 2: All individuals who, during the period beginning July 1, 2016 and continuing through the present (the "Class Period"), (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running a non-Android operating system, because of the Firebase Software Development Kit ("SDK") and/or Google Mobile Ads ("GMA") SDK.

These classes do not include (1) the Court (including the undersigned, Judge Tse, any other Judge or Magistrate who later presides over this action, jurors in any trial in this action, and family members of these individuals); (2) Google, its subsidiaries, parents, predecessors, successors and

assigns, including any entity in which they have a controlling interest, as well as these entities' officers, directors, employees, affiliates, and legal representatives; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel, Class counsel and Google's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

The Court also finds that the substance of the Notice Plan submitted by Plaintiffs' notice expert Cameron Azari is the best notice practicable to the members of the classes, and directs the parties to meet and confer to finalize a notice plan no later than 30 days following the date of this Order.

The Court appoints Anibal Rodriguez, Sal Cataldo, and Susan Lynn Harvey as representatives of Class 1. The Court appoints Julian Santiago as representative of Class 2.

Finally, the Court appoints David Boies and Mark C. Mao of Boies Schiller Flexner LLP, Bill Carmody of Susman Godfrey LLP, and John A. Yanchunis of Morgan & Morgan as counsel for both classes.

**IT IS SO ORDERED.**

DATED: _____    _____
                                        Honorable Richard Seeborg
                                        Chief United States District Judge