**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
  sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
  esantacana@willkie.com
NOORJAHAN RAHMAN  (SBN: 330572)
  nrahman@willkie.com
ARGEMIRA FLÓREZ (SBN:  331153)
  aflorez@willkie.com
HARRIS MATEEN (SBN: 335593)
  hmateen@willkie.com
One Front Street, 34th Floor
San Francisco, CA 94111
Telephone:   (415) 858-7400

Attorneys for Defendant
GOOGLE LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>      vs.<br><br>GOOGLE LLC, *et al*.,<br><br>                              Defendant. | Case No.  3:20-CV-04688 RS<br><br>**DEFENDANT GOOGLE LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL**<br><br>**Date:**          **October 5, 2023**<br>**Time:**          **1:30 p.m.**<br>**Judge:**        **Hon. Richard Seeborg**<br>                      **Ctrm. 3, 17th Floor, SF** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

   **PLEASE TAKE NOTICE THAT** Defendant Google LLC ("Google") hereby respectfully requests, pursuant to Federal Rule of Evidence 201 and applicable case law, that the Court consider Exhibits 1 and 4 attached as exhibits to the Declaration of Eduardo E. Santacana in Support of Google's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel ("Santacana Declaration"), filed concurrently herewith, and Appendices A, B, and C to Google's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel ("Opposition") under the doctrines of judicial notice and/or incorporation by reference, as appropriate, in support of Google's concurrently filed Opposition.

   1.    Exhibit 1 to the Santacana Declaration: "Google Analytics for Firebase" webpage, available at https://firebase.google.com/docs/analytics.

   2.    Exhibit 4 to the Santacana Declaration: "[GA4] Automatically collected events," Firebase Help webpage, available at https://support.google.com/firebase/answer/9234069?hl=en.

   3.    Appendix A to the Opposition: An appendix of publicly available Google policies, including the Privacy Policy as published on June 28, 2016, available at: https://policies.google.com/privacy/archive/20160628; How Google uses your data for ads as published on September 26, 2016, available at: https://web.archive.org/web/20160926141132/https://privacy.google.com/how-ads-work.html; Advertising – Privacy & Terms as published on June 29, 2016, available at: https://web.archive.org/web/20160629135224/https://www.google.com/policies/technologies/ads/; Key Terms – Privacy & Terms as published on June 27, 2016, available at: https://web.archive.org/web/20160627215305/https://www.google.com/policies/privacy/key-terms/; How Google uses data when you use our apps – Privacy & Terms as published July 18, 2016, available at: https://web.archive.org/web/20160718100338/http://www.google.com/policies/privacy/partners/; Advertising – Privacy & Terms as published on April 4, 2018,, available at: https://web.archive.org/web/20180404001532/https://policies.google.com/technologies/ads.

1

2          4.      Appendix B to the Opposition: Documentation of the privacy policies used by

3   Plaintiffs previously filed as Exhibits A-01–L-02 on December 17, 2020 (Dkt. 64-1–22) in

4   connection with the Declaration of Jayvan E. Mitchell in Support of Request for Judicial Notice

5   (Dkt. 64).

6          5.      Appendix C to the Opposition: Spreadsheet excerpting publicly available policies

7   from Apps that Plaintiffs disclosed having downloaded during the Class Period.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GOOGLE LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION
FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL
Case No.  3:20-CV-04688 RS

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

2

3       The documents listed above are properly subject to judicial notice, and the Court should

4   consider them when ruling on Google's concurrently filed Opposition to Plaintiffs' Motion for

Class Certification and Appointment of Class Representatives and Class Counsel.

5

## I.    LEGAL STANDARD

6       Federal Rule of Evidence 201(b) governs the taking of judicial notice, including in the

7   context of class certification briefing. *See Gabriella v. Wells Fargo Fin., Inc.*, No. C 06-4347 SI,

8   2008 WL 3200190, at *4 (N.D. Cal. Aug. 4, 2008) (granting defendants' request for judicial

9   notice in support of opposition to plaintiffs' motion for class certification).  Rule 201(b) permits

10  judicial notice of facts "not subject to reasonable dispute."  Fed. R. Evid. 201(b).  Facts are

11  considered to be not subject to reasonable dispute when they (1) are "generally known within the

12  trial court's territorial jurisdiction" or (2) can be "accurately and readily determined from sources

13  whose accuracy cannot reasonably be questioned."  *See Minor v. FedEx Off. & Print Servs., Inc.*,

14  No. 1:14-CV-01117-LHK, 2014 WL 12570168, at *3–4 (N.D. Cal. Aug. 11, 2014); *see also*

15  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018); *accord United States v.*

16  *Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

17      Courts in this district recognize that "as a general matter, websites and their contents may

18  be proper subjects for judicial notice" if the party requesting notice provides the court with a copy

19  of the specific web page.  *Caldwell v. Caldwell*, No. 05-cv-4166 PJH, 2006 WL 618511, at *4

20  (N.D. Cal. Mar. 13, 2006); *see also Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1205 (N.D.

21  Cal. 2014) (taking judicial notice of web pages); *Kinderstart.com, LLC v. Google, Inc.*, No. 06-cv-

22  2057 JF (RS), 2007 WL 831806, at *21 n.20 (N.D. Cal. Mar. 16, 2007) (taking judicial notice of

23  a web page printout).

24

25

26

27

28

## II.     THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE EXHIBITS AND APPENDICES

### A.     The exhibits and appendices are publicly available documents and excerpts from those documents not subject to reasonable dispute, and are relied upon by Plaintiffs in their Fourth Amended Complaint.

Exhibits 1 and 4 to the Santacana Declaration consist of two publicly available help and informational pages.  Appendix A to the Opposition comprises Google advertising and privacy policies.  Appendix B to the Opposition comprises various privacy and terms of use policies, including Alibaba's and Lyft's, along with the privacy policies of Alibaba, NPR One, Duolingo, Trivago, New York Times, Economist, Venmo, Wattpad, and Lyft.  Appendix C to the Opposition is a spreadsheet that contains excerpts from these policies.  The Court can take judicial notice of these documents and excerpts from these documents in Appendix C because the content is publicly available and is not subject to reasonable dispute.  *See, e.g., Caldwell*, 2006 WL 618511, at *4.

Indeed, numerous courts in this district have recognized terms of service and privacy policies as judicially noticeable.  *See Gonzales v. Uber Techs., Inc.*, 305 F. Supp. 3d 1078, 1094 (N.D. Cal. 2018), on reconsideration, No. 17-CV-02264-JSC, 2018 WL 3068248 (N.D. Cal. June 21, 2018) (taking judicial notice of Lyft's terms of service); *Opperman v. Path, Inc.*, 84 F. Supp. 3d 962, 976 (N.D. Cal. 2015) (taking judicial notice of the Software License Agreements, Privacy Policy, iOS Human Interface Guidelines, and Apple's App Store Approval Process instructions "as they are publicly available, standard documents that are capable of ready and accurate determination."); *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1070 (N.D. Cal. 2016) (taking judicial notice of several news articles from various sources); *Trudeau v. Google LLC*, No. 18-CV-00947-BLF, 2018 WL 4846796, at *4 (N.D. Cal. Oct. 3, 2018) (taking judicial notice of Google's Terms of Service); *Matera v. Google Inc.*, No. 15-CV-04062-LHK, 2016 WL 5339806, at *7 (N.D. Cal. Sept. 23, 2016) (taking judicial notice of Google's Terms of Service and privacy policy*); In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5423918, at *7 (N.D. Cal. Sept. 26, 2013) (taking judicial notice of Google's Terms of Service and privacy policies); *In re Google, Inc. Privacy Policy Litig.*, No. C 12-01382 PSG, 2012 WL 6738343, at *3–4 (N.D.

Cal. Dec. 28, 2012) (taking judicial notice of Google's "past and present Terms of Service and Privacy Policies" as matters of public record).

### B. The incorporation by reference doctrine also applies because Plaintiffs' claims depend on and incorporate the terms of the relevant agreements.

In addition, these documents are properly before the Court under the related doctrine of incorporation by reference. Plaintiffs' claims necessarily depend on the terms of the agreement between Google and the Apps that use Google Analytics for Firebase ("GA for Firebase"). *See, e.g.*, Fourth Amend. Compl. ¶¶ 130, 131. Similarly, Plaintiffs' claims, which arose while they were using the Lyft, Alibaba, Economist, New York Times, Wattpad, NPR One, Venmo, Duolingo, Trivago Apps (*e.g.*, Fourth Amend. Compl. ¶ 231, 235), depend on the argument that they never authorized Google to access the data that app developers chose to collect by incorporating GA for Firebase into their Apps. See Fourth Amend. Compl. ¶ 57 (alleging Plaintiffs did not authorize collection of data).

The Ninth Circuit has repeatedly recognized that the incorporation-by-reference doctrine applies in these circumstances. In *Knievel*, the court extended the doctrine where "the plaintiff's claim depend[ed] on the contents of a document, the defendant attache[d] the document to its motion to dismiss, and the parties [did] not dispute the authenticity of the document, even though the plaintiff [did] not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see also Khoja*, 899 F.3d at 1002–03 (holding that the district court properly incorporated web articles, market reports, and blog posts that formed the basis of the plaintiff's claims). This doctrine applies with "equal force to internet pages," *Knievel*, 393 F.3d at 1076, and exists in part to prevent "artful pleading by plaintiffs" who "select[] only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims," *Khoja*, 899 F.3d at 1002–03; see also *Knievel*, 393 F.3d at 1076 (reasoning that the doctrine applies to online materials, because "[j]ust as a reader must absorb a printed statement in the context of the media in which it appears, a computer user necessarily views web pages in the context of the links through which the user accessed those pages").

1    Given the undisputed nature of the above referenced documents, and Plaintiffs' reliance on

2    them for the claims alleged, the Court can properly consider the various terms of use and service,

3    privacy and advertising policies, help and informational pages, and excerpts from them, under

4    either Rule 201(b) or the incorporation by reference doctrine.

5    **III.    CONCLUSION**

6    For the foregoing reasons, Google respectfully requests that the Court consider Exhibits 1

7    and 4 and Appendices A, B, and C under the doctrines of judicial notice and/or incorporation by

8    reference, as appropriate, in connection with Google's concurrently filed Opposition to Plaintiffs'

9    Motion for Class Certification and Appointment of Class Representatives and Class Counsel.

11    Dated:  August 24, 2023                **WILLKIE FARR & GALLAGHER LLP**

13                                By: /s/ *Eduardo E. Santacana*

14                                Benedict Y. Hur
                                    Simona Agnolucci
15                                Eduardo E. Santacana
                                    Noorjahan Rahman
16                                Argemira Flórez
                                    Harris Mateen

17                                *Attorneys for Defendant*
18                                *Google LLC*

GOOGLE LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION
FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL
Case No.  3:20-CV-04688 RS