**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 995-5720
alanderson@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
Ryan Sila (admitted pro hac vice)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com
rsila@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Michael F. Ram, CA Bar No. 104805
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
mram@forthepeople.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,

            Plaintiffs,

    vs.

GOOGLE LLC,

            Defendant.

Case No.:  3:20-cv-04688-RS

**[PROPOSED] ORDER DENYING GOOGLE'S MOTION TO EXCLUDE OPINION OF MICHAEL J. LASINSKI**

The Honorable Richard Seeborg

**[PROPOSED] ORDER**

Before the Court is Google's motion to exclude opinions proffered by Plaintiffs' damages expert, Michael J. Lasinski. Dkts. 326, 330 ("Motion"). Having considered the parties' papers filed in support of and in opposition to Google's Motion, and all other matters properly considered by this Court, the Court **DENIES** Google's Motion.

Expert testimony is admissible if it is "both relevant and reliable." *Bautista v. Mktg. & Supply Co.*, 2018 WL 7142094, at *1 (N.D. Cal. Dec. 4, 2018) (Seeborg, C.J.) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993)). "Rule 702 permits experts to testify if their testimony is: (1) based upon sufficient facts or data, (2) the product of reliable principles and methods, and (3) the result of applying those principles and methods reliably to the facts of the case." *MediaTek Inc. v. Freescale Semiconductor, Inc.*, 2014 WL 2854890, at *1 (N.D. Cal. Jun. 20, 2014) (quoting *Daubert*, 509 U.S. at 597). The "test of reliability is 'flexible,'" and "the trial court has discretion to decide how to test an expert's reliability as well as whether the testimony is reliable." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) (quoting *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 141, 152 (1999)). "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Id.*

Applying those principles, the Court concludes that Mr. Lasinski's opinions are admissible. Mr. Lasinski based his unjust enrichment and actual damages opinions on Google's own data, methodology, and business practices, all of which provide ample evidentiary support.

Mr. Lasinski is an experienced damages expert. He holds certifications in public accounting, financial forensics, and licensing. Dkt. 314-7 ("Lasinski Rep.") ¶ 5. He is a recognized leader in the field of valuation, and in his decades-long consulting practice, he has provided valuation services to clients across a range of industries, including consumer data. *Id.* ¶¶ 3-5, Appx. A at 4-12. Mr. Lasinski is qualified to offer opinions in this case.

**1. Unjust Enrichment**

Mr. Lasinski's unjust enrichment models are admissible under Federal Rule of Evidence 702.

There is no merit to Google's assertion that disgorgement of profits is not an available remedy. As the Ninth Circuit explained in *In re Facebook, Inc. Internet Tracking Litigation*, plaintiffs asserting claims for "unauthorized use of their information for profit" have a "stake in [these] unjustly earned profits … regardless of whether [the plaintiff] planned to sell his or her data or whether the individual's data is made less valuable." 956 F.3d 589, 600-01 (9th Cir. 2020). If Plaintiffs are able to prove that Google is liable for invasion of privacy, intrusion upon seclusion, or violation of the California Comprehensive Computer Data Access and Fraud Act (CDAFA), Plaintiffs may recover disgorgement of profits. *Id.*; Restatement (Third) of Unjust Enrichment § 44, cmt. b ("Profitable interference with other protected interests, such as the claimant's right of privacy, gives rise to a claim [for unjust enrichment]").

Google's principal quarrel with Mr. Lasinski's unjust enrichment models is that, in Google's view, they do not account for every possibility in a hypothetical but-for world in which Google refrained from the allegedly wrongful conduct. Even if true, this is no basis to exclude Mr. Lasinski's opinions. Under California law, "[t]he presence or absence of but-for causation is not necessarily determinative of unjust enrichment." *Uzyel v. Kadish*, 188 Cal. App. 4th 866, 894 (2010); Restatement (Third) of Restitution § 51 cmt. f ("[A] finding that the defendant would have realized the profit in any event does not compel the conclusion that the defendant, under the circumstances, has not been unjustly enriched."). Moreover, neither Plaintiffs nor Mr. Lasinski is required to account for profits Google might have been able to earn through lawful means. To the extent it matters, Google, not Plaintiffs, would the burden to offer "evidence of costs, expenses, and other deductions to show the actual or net benefit the defendant received." *Meister v. Mensinger*, 230 Cal. App. 4th 381, 399 (2014). "[T]he residual risk of uncertainty in calculating net profit is assigned to the wrongdoer." *Id.*

Mr. Lasinski's opinions are "'tied to the facts' in the record," and they are therefore admissible. *BJB Elec. LP v. Bridgelux, Inc.*, 2023 WL 4849764, at *4 (N.D. Cal. Jul. 28, 2023) (Seeborg, C.J.). Mr. Lasinski's Scenario One model calculates Google's unjust enrichment from its use of (s)WAA-off data to track and attribute conversions. Lasinski Rep. § 7.1. As demonstrated

by Google's internal financial analysis—which was not created for the purposes of litigation—Google profits from its collection of data used for these activities. Mr. Lasinski repurposed Google's methodology and applied it to the data and revenues at issue in this case. Google argues that conversion tracking would be possible even if Google did not collect app activity data from (s)WAA-off users, but there is ample evidence in the record supporting a contrary conclusion. Plaintiffs' technical expert, Mr. Jonathan Hochman, explains why Google's data is necessary for attribution, and Google's expert, Dr. Jonathan Black agreed. Hochman Rep. ¶¶ 280-282; Black Tr. 34:3-35:10. Google's disagreement is better addressed by cross-examination than exclusion. *BJB Elec. LP*, 2023 WL 4849764, at *4

Mr. Lasinski's Scenario Two model, which calculates Google's unjust enrichment from all advertising to (s)WAA-off users, is also reliable. Google does not contest Mr. Lasinski's understanding that Google depends on (s)WAA-off data in order to serve advertisements to (s)WAA-off users. Nor can it: Mr. Lasinski's understanding is well-supported by the record, including in testimony offered by both parties' technical experts. Instead, Google argues that it can serve advertisements without collecting one particular identifier among dozens, called "device ID." Google's suggestion that Plaintiffs' claims are limited to device ID has no basis.

The Court therefore denies Google's motion to exclude Mr. Lasinski's opinions regarding Google's unjust enrichment.

### 2. Actual Damages and Restitution

Mr. Lasinski's actual damages model is similarly admissible. Mr. Lasinski's model is based on Google's own "Ipsos Screenwise Panel" program, in which Google pays participants $3 per month to track their activity on a mobile device—the vast majority of which occurs on apps. The market-based approach to valuation is a time-tested methodology, and Mr. Lasinski reliably applied that method in this case. Mr. Lasinski's model provides a "reasonable approximation" of the amount that Google would be willing to pay for the at-issue data, as well as the amount for which users would willingly relinquish their app data privacy from Google. *Acree v. Gen. Motors Acceptance Corp.*, 92 Cal. App. 4th 385, 391 (2001).

1    Indeed, a Screenwise-based model was accepted as reliable in *Brown v. Google LLC*, 2022

2    WL 17961497, at *5 (N.D. Cal. Dec. 12, 2022). Mr. Lasinski did not merely copy the model from

3    *Brown*, as Google contends. Instead, Mr. Lasinski relied on distinct payments, made to Screenwise

4    participants only if they allowed Google to track their activity on a mobile phone or tablet. Mr.

5    Lasinski has ample record support for his conclusion that the data in this case is similar to the data

6    for which Google pays Screenwise participants. Although that is enough to support the

7    admissibility of Mr. Lasinski's actual damages opinion, it is also worth noting that the data here is

8    similar to the data in *Brown*. Judge Gonzalez Rogers's conclusion in *Brown* supports the Court's

9    ultimate conclusion in this case.

10    Google argues that Mr. Lasinski's damages model is unreliable because it provides for a

11    single payment, rather than the monthly payment from the Screenwise Program. But Google has

12    taken the position that the data it collects from class members is irrelevant, and it thereby persuaded

13    the Court to permit destruction of data that would reflect the classwide number of monthly

14    payments. Having now deleted the data, Google may not weaponize its absence against Plaintiffs.

15    *See Eastman Kodak Co. v. S. Photo Mats. Co.*, 273 U.S. 359, 379 (1927) ("[A] defendant whose

16    wrongful conduct has rendered difficult the ascertainment of the precise damages suffered by the

17    plaintiff, is not entitled to complain that they cannot be measured with the same exactness and

18    precision as would otherwise be possible."); *Raffin v. Medicredit, Inc.*, 2017 WL 131745, at *6 n.5

19    (C.D. Cal. Jan. 3, 2017) (rejecting argument against class certification that was affected by the

20    "defendant's own destruction of records"). Moreover, Google lacks standing to argue that Mr.

21    Lasinski's actual damages opinion yields a figure that is too *low*.

22    There is no basis for Google's contention that Mr. Lasinski selected cherrypicked and

23    outcome-determinative actual damages inputs. As previously explained, Mr. Lasinski's conclusion

24    that the Screenwise Program provided the most reliable evidence is well-supported by the record.

25    Moreover, Mr. Lasinski selected the most conservative comparator he identified. Google's

26    argument that Mr. Lasinski should have considered "transactions" between users and app analytics

27    companies is not a basis for exclusion. Arguments about the "comparator" selected "go to the

28

weight of the testimony and its credibility, not its admissibility." *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 969, 970 (9th Cir. 2013); *see also In re Nat'l Football League's Sunday Ticket Antitrust Litig.*, 2023 WL 1813530, at *9 (C.D. Cal. Feb. 7, 2023).

Finally, Google's assertion of variance among class members does not warrant exclusion. In the ordinary course of business, Google pays Screenwise participants without regard to their mobile activity and attitudes towards privacy. Google cannot now exclude Mr. Lasinski's opinions on that basis. *See Brown*, 2022 WL 17961497, at *5-6. Google's argument is unpersuasive for an additional reason: Google deleted data that could be used to account for any variation among class members.

The Court therefore denies Google's motion to exclude Mr. Lasinski's opinions regarding Plaintiffs' actual damages and the measure of restitution.

\*       \*       \*

For these reasons, the Court concludes that Mr. Lasinski's opinions and relevant, reliable, and admissible expert opinion pursuant to Rule 702. Google's motion is **DENIED** in full.

**IT IS SO ORDERED.**

DATED: _____     _____

Honorable Richard Seeborg
Chief United States District Judge