# EXHIBIT 81

# SECOND MAO DECLARATION
# PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| PATRICK CALHOUN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-05146-LHK<br><br>**GOOGLE LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON GOOGLE'S FIRST AFFIRMATIVE DEFENSE OF CONSENT**<br><br>The Honorable Lucy H. Koh<br>Courtroom 8 – 4th Floor<br>Date: March 10, 2022<br>Time: 1:30 p.m.<br>Amended Complaint Filed: April 16, 2021<br><br>Trial Date: None Set |

Case No. 5:20-cv-05146-LHK
GOOGLE LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

## ISSUE PRESENTED

Whether the Court should grant summary judgment on Google's First Affirmative Defense of Consent and dismiss Plaintiffs' remaining claims with prejudice.

## RELIEF REQUESTED

Google respectfully requests that the Court grant summary judgement on Google's First Affirmative Defense of Consent and dismiss Plaintiffs' remaining claims with prejudice.

DATED: November 30, 2021

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Andrew H. Schapiro*
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

*Attorneys for Defendant Google LLC*

personalize ads. *Id.* ¶ 13. Each Plaintiff was shown one or more of these Account Holder Agreements and selected "I AGREE." *Id.* ¶¶ 27-31, 45-49.

### 1. Plaintiffs Agreed to Google's Privacy Policy

Discovery has established that Plaintiffs agreed to Google's Privacy Policy when they signed up for their Google Accounts. *See* Fair Decl. ¶¶ 34-35 & nn.3-4; Broome Decl. Ex. 5, at Response 1B. The Privacy Policy explains that Google collects the data when users visit websites that use Google Services. It further identifies Chrome browsing history and "activity on third-party sites and apps that use our services" as separate data sources from which Google may receive information. *See* Fair Decl. ¶¶ 51-61. For example, the Privacy Policy in effect when Plaintiffs' filed suit stated in relevant part:

> ***Our services include***: Google apps, sites, and devices, like Search, YouTube, and Google Home[;] Platforms like the Chrome browser and Android operating system[; and] ***Products that are integrated into third-party apps and sites, like ads and embedded Google Maps***….
>
> We collect information about the apps, browsers, and devices you use to access Google services…. The information we collect includes unique identifiers, browser type and setting, device type and settings, operating system…. We also collect information about the interaction of your apps, browsers, and devices with our services, including IP address, crash reports, system activity, and the date, time, and referrer URL of your request.
>
> We collect information about your activity in our services…. ***The activity information we collect may include: …. Activity on third-party sites and apps that use our services [and] Chrome browsing history you've synced with your Google Account***.
>
> We use the information we collect to customize our services for you, including providing recommendations, personalized content, and customized search results…. Depending on your settings, we may also show you personalized ads based on your interests.

Fair Decl. ¶¶ 56-58.

### 2. Plaintiffs Crespo, Henry, Wilson, and Johnson Affirmatively Consented to the Consent Bump Agreement

Google Account holders as of June 2016—including Plaintiffs Crespo, Henry, Wilson, and Johnson—were shown the Consent Bump Agreement upon logging into their accounts:

/ / /

/ / /

/ / /



Fair Decl. ¶¶ 18-31 & Ex. 3 at GOOG-CABR-04067836.[11]

The Consent Bump Agreement explained that Google introduced "[s]ome new features for your Google Account," and provided Account holders the option to turn the features on, adjust them, or leave them off. The Consent Bump Agreement explained: "1. More information will be available in your *Google Account*, making it easier for you to review and control," and "2. Google will use this information to make ads across the web more relevant for you." The Consent Bump Agreement further explained:

> When you use Google services like Search and YouTube, you generate data — things like what you've searched for and videos you've watched. You can find and control that data in My Account under the Web & App Activity setting.
>
> With this change, this setting may also include ***browsing data from Chrome and activity from sites and apps that partner with Google, including those that show ads from Google***.

*Id.* ¶¶ 19-22 & Ex. 3 at GOOG-CABR-04067836 (emphasis added). The Consent Bump Agreement plainly distinguishes between "browsing data from Chrome" (*i.e.*, the Chrome browsing history Google stores in a user's account when the user enables Sync) and "activity from sites and apps that partner with Google" (*i.e.*, the information Google receives when a user visits websites that use Google Services, at issue here), as separate sources from which Google receives information. *Id.*

The Consent Bump Agreement also explained that the data stored in users' Google Accounts would be used to personalize ads unless that setting was disabled:

> In My Account, the Ads Personalization setting currently lets Google use data in your account to tailor ads that appear in Google products.
>
> With this change, this setting will also let Google use data in your account to improve the relevance of ads on websites and apps that partner with Google.

*Id.*

---

[11] The sentence next to the Chrome icon—"You have Chrome browsing history stored in your Google Account. Learn more about how turning on this setting affects how this data is used for personalization"—was shown only to users who had Chrome browsing history stored in their accounts already because they had affirmatively enabled Sync at some earlier point. Fair Decl. ¶ 20. Discovery has confirmed that this sentence was shown to Plaintiffs Henry and Johnson, who had enabled Sync. *Id.* ¶¶ 29, 31.