# EXHIBIT 10

## PUBLIC REDACTED VERSION

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1

**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
   sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
  esantacana@willkie.com
LORI C. ARAKAKI (SBN: 315119)
  larakaki@willkie.com
ARGEMIRA FLOREZ (SBN: 331153)
  aflorez@willkie.com
HARRIS MATEEN (SBN: 335593)
  hmateen@willkie.com
One Front Street, 34th Floor
San Francisco, CA 94111
Telephone: (415) 858-7400

Attorneys for Defendant
GOOGLE LLC

2

3

4

5

6

7

8

9

10

11

12

## UNITED STATES DISTRICT COURT

13

## NORTHERN DISTRICT OF CALIFORNIA

14

## SAN FRANCISCO

15

16

17

18

19

20

21

| | |
|---|---|
| ANIBAL RODRIGUEZ AND JULIE ANNA MUNIZ, individually and on behalf of all other similarly situated,<br><br>                   Plaintiff,<br><br>   vs.<br><br>GOOGLE LLC, *et al*.,<br><br>                  Defendant. | Case No. 3:20-CV-04688<br><br>**DEFENDANT GOOGLE LLC'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET SIX**<br><br><br>Judge:      Hon. Richard Seeborg<br>Courtroom:  3, 17th Floor<br>Action Filed: July 14, 2020 |

22

23

24

PROPOUNDING PARTY:   PLAINTIFFS ANIBAL RODRIGUEZ AND JULIEANNA MUNIZ

25

RESPONDING PARTY:     DEFENDANT GOOGLE LLC

26

SET NO.:              SIX (SECOND SUPPLEMENTAL RESPONSES)

27

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("Federal Rules"), Defendant Google LLC hereby submits its second supplemental objections and responses to Plaintiffs' Sixth Set of Interrogatories, Set Six.

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

1.     Each of Google's responses is subject to, and incorporates, the following general objections. Google specifically incorporates each of these general objections into its responses to each of Plaintiffs' Interrogatories, whether or not each such general objection is expressly referred to in Google's responses to a specific Interrogatory.

2.     Google objects to the instructions, definitions, and Interrogatories to the extent that they are broader than, or attempt to impose conditions, obligations, or duties beyond those required by the Federal Rules and/or the Local Rules. Google's responses will be provided in accordance with the Federal Rules and the Local Rules.

3.     Google objects to any Interrogatory to the extent that it is overbroad, unduly burdensome, compound, and/or oppressive, or purports to impose upon Google any duty or obligation that is inconsistent with or in excess of those obligations that are imposed by the Federal Rules, the Local Rules, or any other applicable rule or Court order. In particular, Google objects to any Interrogatory to the extent that it calls for information not relevant to the claims or defenses of the parties, or not proportional to the needs of this case.

4.     Google objects to each Interrogatory to the extent it is vague, ambiguous, overly broad, or unduly burdensome as to time frame.

5.     Google objects to each Interrogatory to the extent that it purports to attribute any special or unusual meaning to any term or phrase.

6.     Google objects to each Interrogatories to the extent they seek confidential, proprietary, or trade secret information of third parties.

7.     Google's objections and responses to these Interrogatories are not intended to waive or prejudice any objections Google may assert now or in the future, including, without limitation, objections as to the relevance of the subject matter of any Interrogatory, or as to the admissibility

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

of any information or category of information at trial or in any other proceedings. Google expressly reserves any and all rights and privileges under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules, and any other applicable laws or rules, and the failure to assert such rights and privileges or the inadvertent disclosure by Google of information protected by such rights and privileges shall not constitute a waiver thereof, either with respect to these responses or with respect to any future discovery responses or objections.

8.      Google has responded to the Interrogatories as it interprets and understands them. If Plaintiffs subsequently assert an interpretation of any Interrogatory that differs from Google's understanding of that Interrogatory, Google reserves the right to supplement its objections and/or responses. Google objects to each and every one of the purported Instructions as unduly burdensome and inconsistent with the Federal Rules and Local Rules.

9.      Discovery in this matter is ongoing. Accordingly, Google reserves the right to change, amend, or supplement any or all of the matters contained in these responses as Google's investigation continues, additional facts are ascertained, analyses are made, research is completed, and additional documents are subsequently discovered, collected, and/or reviewed.

## OBJECTIONS TO DEFINITIONS

10.     Google objects to the definition of the terms "GOOGLE," "YOU," and "YOUR" as incomprehensible. Google construes GOOGLE, YOU, and YOUR to mean Google LLC. Google further objects to this definition to the extent that it purports to include forms of information not discoverable under the Federal Rules, the Local Rules, or any other applicable authority.

11.     Google objects to the definition of "ALL" as overbroad and nonsensical.

12.     Google objects to the definition of the terms "AUTHENTICATED DATA" and "UNAUTHENTICATED/PSEUDONYMOUS DATA" as vague, ambiguous, unintelligible, and/or unrelated to this case. Plaintiffs appear to have used terminology that relates to other litigation in which Plaintiffs' counsel are involved, but that has no bearing in this case.

GOOGLE LLC'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES
TO PLAINTIFFS' INTERROGATORIES, SET SIX
Case No.  3:20-CV-04688

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

13.    Google objects to the definition of "CLASS PERIOD" as vague, ambiguous, and overbroad. Plaintiffs' definition of the class period in this case is circular and legally impermissible.

14.    Google objects to the definition of "GOOGLE" as overbroad.

15.    Google objects to the definition of the terms "DESCRIBE," "DESCRIPTION," "CONCERNING," "ASSOCIATED," and "RELATING TO" as overbroad, oppressive, and circular.

16.    Google objects to the definition of the terms "FINGERPRINTING" as vague, ambiguous, and/or unrelated to this case.

17.    Google objects to the definition of the terms "INCLUDE" or "INCLUDING" as circular and vague.

18.    Google objects to the definition of "USER" as ambiguous, overbroad, unduly burdensome, and partially irrelevant, including because it purports to incorporate the vague, ambiguous, and overbroad term "service" without limitation, and also purports to include applications that use Firebase SDK writ large.

19.    Google objects to the definition of the terms "WAA OFF DATA" as ambiguous, overbroad, unduly burdensome, and partially irrelevant, including because it purports to seek "data generated by a user's use of non-GOOGLE apps that employ or embed any GOOGLE service" without limitation to the services at issue in this action.

## RESPONSES TO INTERROGATORIES

## INTERROGATORY NO. 12:

State the numbers of unique GOOGLE Accounts, for which the user disabled (i.e., "turned off") WAA or sWAA during the Class Period, associated with the following three geographical locations: the world, the United States, and California. Include, in your answer:

a)    The number of unique GOOGLE Accounts for which the user disabled (i.e., turned "off") WAA or sWAA at least once during the class period.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

b)      The number of unique GOOGLE Accounts (i) for which the user disabled (i.e., turned "off") WAA or sWAA at least once during the class period, AND (ii) the geographical and/or geolocation data, associated with the Account, indicate that the user resided in the United States during any part of the Class Period.

c)      The number of unique GOOGLE Accounts (i) for which the user disabled (i.e., turned "off") WAA or sWAA at least once during the class period, AND (ii) the geographical and/or geolocation data, associated with the Account, indicate that the user resided in California during any part of the Class Period.

**RESPONSE TO INTERROGATORY NO. 12:**

Google objects to this Interrogatory as vague and ambiguous as to several undefined terms and phrases susceptible to multiple meanings.  For purposes of this response, Google construes "Google" to mean Google LLC and "WAA" to mean the account-level setting called Web & App Activity.  Google further objects to this Interrogatory as overbroad, unduly burdensome, and abusive to the extent it seeks information "associated" with Google Accounts around "the world" and across "the United States," both of which are beyond the jurisdictional scope of this action. Google further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Google responds as follows: From July 27, 2016 to July 27, 2020, ███████████ Google Accounts in the United State turned off Web & App Activity settings for any period of any time.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:**

Subject to and without waiving the foregoing, Google responds further as follows:

████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

5

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1  ███████████████████████████████████████████

2  ██████████████████.

3       From July 27, 2016 to July 27, 2020, ████████████ Google accounts in the United

4  States turned off the "sWAA" setting for any period of any time.

5       Google will supplement Interrogatory No. 12 during expert discovery to the extent a

6  continued diligent search uncovers additional responsive information.

7  **INTERROGATORY NO. 13:**

8       Please IDENTIFY and DESCRIBE every GOOGLE dashboard, bit, field, or tracking tool

9  that currently contains or previously during the CLASS PERIOD contained any information

10  related to the WEB & APP ACTIVITY status (e.g., disabled vs. enabled, including for WAA

11  and/or sWAA) of any GOOGLE Account, including aggregated statistics. This Request includes a

12  DESCRIPTION of all information available (or previously available) from that dashboard, bit,

13  field, or tracking tool. This Interrogatory includes any dashboard, bit, field, or tracking tool that

14  includes or included information regarding revenues associated with traffic according to WEB &

15  APP ACTIVITY status.

16  **RESPONSE TO INTERROGATORY NO. 13:**

17       Google objects to this Interrogatory as vague and ambiguous as to several undefined terms

18  and phrases susceptible to multiple meanings. For purposes of this response, Google construes

19  "Google" to mean Google LLC and "WAA" to mean the account-level setting called Web & App

20  Activity. Google additionally objects to this Interrogatory as vague, ambiguous, and confusing as

21  to the use of the undefined phrase "dashboard, bit, field, or tracking tool" and "status . . . of any

22  Google Account, including aggregated statistics." Google further objects to this Interrogatory as

23  overbroad, unduly burdensome, and abusive to the extent it seeks information that is not relevant

24  to any claim or defense in this Action, including because it seeks information concerning "every

25  Google dashboard, bit, field, or tracking tool" containing "any information related to the Web &

26  App Activity status of any Google account" without limitation to data sent to Google by

27  third-party app developers after collection, if any, through GA for Firebase, Cloud Messaging, or

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

AdMob—i.e. concerning, Plaintiff's theory of wrongdoing in the Third Amended Complaint. Google further objects to this Interrogatory or overbroad and unduly burdensome to the extent that Google does not have a central source of dashboards or tracking tools. Google further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Google responds as follows: Google maintains the "My Activity Metrics" dashboard, which provides certain measurements of Google account interactions with the Web & App Activity setting; the "Web & App Activity Log," which tracks Web & App Activity on-and-off events for all Google Account IDs on an individual level; and the "User Attributes" table, which contains information about a user's Google Account settings, including their Web & App Activity setting.

**INTERROGATORY NO. 14:**

Please IDENTIFY every data source (including logs) that includes or during the CLASS PERIOD included WAA OFF DATA. For each such data source, please include a list of field names and descriptions, the retention period, and how such data sources are used.

**RESPONSE TO INTERROGATORY NO. 14:**

Google objects to this Interrogatory as vague and ambiguous as to several undefined terms and phrases susceptible to multiple meanings. For purposes of this response, Google construes "Google" to mean Google LLC and "WAA" to mean the account-level setting called Web & App Activity. Google additionally objects to this Interrogatory as vague, ambiguous, and confusing as to the use of THE undefined phrases "every data source (including logs)," and "how such data sources are used."

Google further objects to this Interrogatory as overbroad, unduly burdensome, and abusive to the extent it seeks data sources without limitation to data sent to Google by third-party app developers after collection, if any, through GA for Firebase, Cloud Messaging, or AdMob—i.e. concerning, Plaintiff's theory of wrongdoing in the Third Amended Complaint.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Google further objects to this Interrogatory as overbroad, unduly burdensome, and compound because it seeks an identification of every "data source (including logs)" without a clear definition of what Plaintiffs consider to qualify as a "data source."

Google further objects to this Interrogatory as overbroad, unduly burdensome, and abusive to the extent it seeks information regarding all uses of "WAA OFF DATA" without limitation to data sent to Google by third-party app developers after collection, if any, through GA for Firebase—i.e. concerning Plaintiff's theory of wrongdoing in the Third Amended Complaint.

Google further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing, Google responds as follows:

Google has provided exacting detail of its main logs associated with the transmission of app-interaction / measurement data to Google via Google Analytics for Firebase when a user has turned WAA to "off," *inter alia*, in response to Plaintiffs' Interrogatory No. 1. Google has also provided samples of those primary logs that store the transmitted data, and is investigating further potential data sources that may contain such data. Google states, however, that it is not practical or relevant to account for every single potential data source (including logs) that may contain such data because there are various downstream users of the pseudonymous data described in response to Plaintiffs' Interrogatory No. 1. Nevertheless, the policies in place as described in response to Interrogatory No. 1, including the policies that forbid the re-association of pseudonymous data with personal identifiers, apply to all such downstream users of the data.

**INTERROGATORY NO. 15:**

Please DESCRIBE how GOOGLE currently uses and previously during the CLASS PERIOD has used WAA OFF DATA, including by explaining the extent to which and how GOOGLE currently uses and previously during the CLASS PERIOD used WAA OFF DATA to track or measure conversions and personalize advertisements.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  **RESPONSE TO INTERROGATORY NO. 15:**

2      Google objects to this Interrogatory as vague and ambiguous with respect to the phrases

3  "track or measure conversions" and "personalize advertisements."  Google objects to this

4  Interrogatory as vague and ambiguous as to several undefined terms and phrases susceptible to

5  multiple meanings.  For purposes of this response, Google construes "Google" to mean Google

6  LLC and "WAA" to mean the account-level setting called Web & App Activity.

7      Google further objects to this Interrogatory as overbroad, unduly burdensome, and abusive

8  to the extent it seeks information regarding all uses of "WAA OFF DATA" without limitation to

9  data sent to Google by third-party app developers after collection, if any, through GA for

10  Firebase—i.e. concerning Plaintiff's theory of wrongdoing in the Third Amended Complaint.

11  Google further objects to this Interrogatory as duplicative, including because Google has already

12  responded to an interrogatory describing "what occurs when users . . .  turn off (or previously

13  paused) Web & App Activity."

14      Google further objects to this Interrogatory to the extent that it seeks information protected

15  by the attorney-client privilege and/or the attorney work product doctrine.

16      Subject to and without waiving the foregoing objections, Google responds as follows:

17  Google hereby incorporates its response and supplemental responses to Plaintiffs' Interrogatory

18  No. 1 as if set forth here, and objects to this Interrogatory to the extent it is duplicative of

19  Interrogatory No. 1. In addition to Google's responses to Interrogatory No. 1, Google responds

20  here that it uses data sent to it via Google Analytics for Firebase for each of the uses described in

21  its Privacy Policy and Google Analytics for Firebase Terms of Service, according to the settings

22  and consents provided by both end users and Firebase customers. This includes pseudonymous

23  conversion tracking and ad targeting for anonymized ad profiles.

24  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15**

25      Subject to and without waiving the foregoing, Google responds further as follows:

26  ██████████████████████████████████████████████████████████

27  ██████████████████████████████████████████████████████████

28

GOOGLE LLC'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES
TO PLAINTIFFS' INTERROGATORIES, SET SIX
Case No.  3:20-CV-04688

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1

2

3

4

5

6

7

8

9

10 **INTERROGATORY NO. 16:**

11      Please DESCRIBE all facts that support or undermine a defense or affirmative defense that

12 YOU have asserted, intend to, will, or may assert in the present litigation.

13 **RESPONSE TO INTERROGATORY NO. 16:**

14      Google objects to this Interrogatory as compound and unduly burdensome.  Google objects

15 to this Interrogatory as vague and ambiguous with respect to the phrase "support or undermine a

16 defense or affirmative defense." Google further objects to this Interrogatory because it

17 prematurely seeks expert opinion. Google further objects to this Interrogatory to the extent that it

18 seeks information protected by the attorney-client privilege and/or the attorney work product

19 doctrine.

20      Subject to and without waiving the foregoing objections, Google responds that it is willing

21 to meet and confer with Plaintiffs over an appropriate response to this Interrogatory, including

22 with respect to how to address its compound nature.

23 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 16:**

24      Subject to and without waiving the foregoing, Google responds further as follows:

25      App developers who use the GA for Firebase SDK must agree to Google Analytics Terms

26 of Service, which requires that app developers disclose the use of Google Analytics and  how it

27 collects and processes data.  *See* https://firebase.google.com/terms/analytics;

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  https://marketingplatform.google.com/about/analytics/terms/us/.  App developers who use GA for

2  Firebase SDK have been expected to comply with the Google Analytics Terms of Service and/or

3  the GA for Firebase Terms of Service, including disclosing to end users that they use Google's

4  analytics services, and that certain data is being collected by the app developer and transmitted to

5  Google to store, process, and analyze.

6  ███████████████████████████████████████████

7  ████████████████████████████████████████████████

8  ████████████████████████████████████████████████

9  ████████████████████████████████████████████████

10  ████████████████████████████████████████████████

11  ████████████████████████████████████████████████

12  ████████████████████████████████████████████████

13  ████████████████████████████████████████████████

14  ████████████████████████████████████████████████

15  ████████████████████████████████████████████████

16  ████████████████████████████████████████████████

17  ████████████████████████████████████████████████

18  ███████████████████████████

19      If the data was generated while WAA was off, the ███████████████ and

20  therefore not used for personalized advertising purposes. Users also have the option to configure

21  their device and account settings to control whether ads are personalized.  *See, e.g.*,

22  https://support.google.com/accounts/answer/2662922#stop_goog_p13n. ████████████

23  ███████████████████████████████████████████

24  ████████████████████████████████████████████████

25  ████████████████████████████████████████████████

26  ████████████████████████████████████████████████

27  ██████████████████████████████████████████████████.

28

GOOGLE LLC'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES
TO PLAINTIFFS' INTERROGATORIES, SET SIX
Case No.  3:20-CV-04688

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1    Google has learned through the course of named plaintiff depositions that each named

2  Plaintiff lacks Article III standing as well as standing to sue more generally because none has

3  suffered an injury. What follows are Google's legal contentions concerning Plaintiffs' standing.

4    First, Plaintiffs Cataldo and Santiago did not suffer any injury because they manufactured

5  their injuries in this case. Each of them first turned off their WAA control after learning of the

6  substance of their allegations in this case. They subsequently willingly engaged with the very apps

7  they alleged were working a violation of their privacy. Plaintiff Rodriguez lacks standing because

8  he only had his WAA control off for seven days during the proposed class period, and during

9  those ten days, he had his ███████ █████████████████████████████████████████████████

10 █████████████████████████████████████. Further, he confirmed in testimony that he

11 would not have changed his behavior in a but-for world because, after making his allegations in

12 this case, he did not change any of his behavior, and instead willingly submitted to the alleged

13 violations of privacy. And Plaintiff Harvey admitted during her deposition that she did not turn

14 WAA on or off for any particular reason, and that she has not changed her behavior since filing

15 this case despite the alleged violations of privacy. Finally, both Plaintiff Rodriguez and Plaintiff

16 Harvey refused to testify when given the opportunity to do so that, if the Court rules Google's

17 practices are lawful, they would change any of their behavior to avoid the alleged violations of

18 privacy.

19 **<u>INTERROGATORY NO. 17:</u>**

20    Please DESCRIBE all facts concerning the revenue and profits that GOOGLE generates or

21 receives related to the collection, storage, or use of WAA OFF DATA including for each year

22 during the CLASS PERIOD:

23        a.    The amount of those revenue and profits by year and month

24        b.    How those revenue and profits are and have been generated;

25        c.    GOOGLE's total revenue and profits related to GOOGLE Analytics;

26        d.    What percentage of the revenue and profits reported in response to subparagraph (c)

27 were generated based on WAA OFF DATA;

28

GOOGLE LLC'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES
TO PLAINTIFFS' INTERROGATORIES, SET SIX
Case No.  3:20-CV-04688

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

e.    Google's total revenue and profits related to AdMob;

f.    What percentage of the revenue and profits reported in response to subparagraph (e) were generated based on WAA OFF DATA;

g.    How said revenue and profits are and have been accounted for within or attributed to the profit and costs centers of GOOGLE, specifying any GOOGLE products, services, teams, and accounting units;

h.    The amount of said revenue and profits attributed to the profit and costs centers of GOOGLE, specifying any GOOGLE products, services, teams, and accounting units, described by year and month; and

i.    The amount of those revenues broken down by region, including for the United States and California

j.    An IDENTIFICATION of all documents relied on in responding to this Interrogatory.

## RESPONSE TO INTERROGATORY NO. 17:

Google objects to this Interrogatory as compound.  Google objects to this Interrogatory as vague and ambiguous as to several undefined terms and phrases susceptible to multiple meanings. For purposes of this response, Google construes "Google" to mean Google LLC and "WAA" to mean the account-level setting called Web & App Activity.  Google additionally objects to this Interrogatory as vague, ambiguous, and confusing as to the use of THE undefined phrases "generates or receives," "collection, storage, or use," "generated," "accounted for within," "attributed to," "profit and costs center," and "relied on."

Google further objects to this Interrogatory as overbroad, unduly burdensome, and abusive to the extent it seeks revenue and profits, without limitation to revenue attributed to data sent to Google by third-party app developers after collection, if any, through GA for Firebase, Cloud Messaging, or AdMob—i.e. concerning Plaintiff's theory of wrongdoing in the Third Amended Complaint.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1        Google further objects to this Interrogatory as overbroad and unduly burdensome to the

2   extent Google does not track its revenues or profits as connected to the collection, storage, or use

3   of "WAA OFF DATA," as defined by Plaintiffs.  Google also objects to this Interrogatory as

4   overbroad and unduly burdensome to the extent Google does not track revenues or profits for

5   Google Analytics or AdMob.

6        Google further objects to this Interrogatory to the extent that it seeks information protected

7   by the attorney-client privilege and/or the attorney work product doctrine.

8   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17:**

9        Subject to and without waiving the foregoing, Google responds further as follows:



20       Where advertising is discussed below, it is in reference to App Campaigns, which are ad

21  campaigns advertisers who have GA4F enabled in their apps will run to drive installs or re-

22  engagement with their apps. *See* https://support.google.com/google-

23  ads/topic/10011871?hl=en&ref_topic=10287124,3181080,3126923. Further, Google interprets

24  this interrogatory to exclude signed-out users.

25       ***First***, when a user has sWAA on, as well as GAP, and does not have LAT or OOOAP

26  enabled, and the developer has enabled Google Signals and linked their GA4F property to Google

27  Ads, and the user is considered neither a Unicorn (under 13) or a Dasher account (enterprise), app

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1   measurement data from GA4F █████████████████████████████████,

2   which can subsequently be used for interest-based advertising, depending on the user's privacy

3   settings at the time of ad serving (*i.e.*, if they have GAP on and have not enabled LAT or

4   OOOAP). Google understands this revenue stream to be outside the scope of this case, because it

5   depends on the user having sWAA on at the time the app measurement data was generated.

6   Google does not use app measurement data generated while a user is signed in and has sWAA off

7   (which is necessarily off when WAA is off) for personalized advertising (i.e., interest-based

8   advertising).

9       ***Second***, when a GA4F developer has linked their Analytics property to a Google Ads

10  account, that enables conversion tracking under appropriate circumstances. *See, e.g.*,

11  https://support.google.com/google-ads/answer/1722054. On Android, GA4F conversions are

12  registered using the pseudonymous identifier ADID; they could also be registered using GAIA if

13  the user has sWAA turned on as well as other privacy settings configured properly (GAP on, NAC

14  on, LAT off) and if the developer has enabled Google Signals. On iOS, GA4F registers

15  conversions using the pseudonymous identifier IDFA. If the iOS IDFA is zeroed out because the

16  user has enabled LAT or clicked "Don't Allow" on the App Tracking Transparency prompt,

17  GA4F would be unable to directly associate app-install conversions with ad impressions and

18  clicks which drove them. Regardless, no data in this scenario would be written to UUAD or used

19  for personalized advertising. App developers can also use third parties to track conversions, such

20  as AppsFlyer and Kochava. *See* https://support.google.com/google-

21  ads/answer/9260620?hl=en&ref_topic=11069497.

22  ███████████████████████████████████████████████████████

23  ███████████████████████████████████████████████████

24      In a process called attribution, Google serves as an accountant for the app

25  developer/advertiser, determining if the ad interaction and the conversion recorded by GA4F or by

26  a third party SDK were made by the same device or user so the developer/advertiser can measure

27

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  the effectiveness of the ad campaign. *See id.* (discussing how to track conversions with Firebase

2  and third-party providers such as AppsFlyer and Kochava).

3       Google tracks app campaign ad spend that is bid against different types of conversions. █

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

GOOGLE LLC'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES
TO PLAINTIFFS' INTERROGATORIES, SET SIX
Case No.  3:20-CV-04688

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

GOOGLE LLC'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES
TO PLAINTIFFS' INTERROGATORIES, SET SIX
Case No.  3:20-CV-04688

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  ████████████████████████████████████ were produced at

2  GOOG-RDGZ-00184247 (2017-2020) and GOOG-RDGZ-00185744 (2021). ████████

3  ███████████████████████████████

4  ██ ██████████

5  ██ ██████████

6  ██ ██████████

7  ██ █████████

8  ██ ██████████

9  <u>**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17:**</u>

10      Subject to and without waiving the foregoing, Google responds further as follows:

11  ████████████████████████████████████████

12  █████████████████████████████████████████

13  ███████████████████████████████████████

14  █████████████████████████████████████████

15  █████████████████████████████████████████

16  ███

17

18

19

20

21

22

23

24

25

26

27

28

GOOGLE LLC'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES
TO PLAINTIFFS' INTERROGATORIES, SET SIX
Case No.  3:20-CV-04688

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

GOOGLE LLC'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES
TO PLAINTIFFS' INTERROGATORIES, SET SIX
Case No.  3:20-CV-04688

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

GOOGLE LLC'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES
TO PLAINTIFFS' INTERROGATORIES, SET SIX
Case No.  3:20-CV-04688

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GOOGLE LLC'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES
TO PLAINTIFFS' INTERROGATORIES, SET SIX
Case No.  3:20-CV-04688

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**



Dated:  February 14, 2023                    **WILLKIE FARR & GALLAGHER LLP**

                                             By: */s/ Eduardo E. Santacana*
                                                     Eduardo E. Santacana

                                             *Attorneys for Defendant Google LLC*

GOOGLE LLC'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES
TO PLAINTIFFS' INTERROGATORIES, SET SIX
Case No.  3:20-CV-04688

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1

## PROOF OF SERVICE

2

I am employed in the City and County of San Francisco, State of California.  I am over the

3

age of eighteen years and not a party to the within action.  My business address is Willkie Farr &

4

Gallagher LLP, One Front Street, San Francisco, CA 94111.

5

On February 14, 2023, I served the following document(s) on the individuals identified

6

below:

7

**DEFENDANT GOOGLE LLC'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET SIX**

8

9

☑   by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format.  The transmission was reported as complete and without error.

10

11

12

## SERVICE LIST

13

14

15

16

17

18

19

20

Mark C. Mao
Beko Osiris Ra Reblitz-Richardson
Alexander Justin Konik
Erika Britt Nyborg-Burch
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile: (415) 999 9695
E-mail:  mmao@bsfllp.com
E-mail:  brichardson@bsfllp.com
E-mail:  akonik@bsfllp.com
E-mail:  enyborg-burch@bsfllp.com

James Lee
Rossana Baeza
**BOIES SCHILLER FLEXNER LLP**
100 SE Second Street, Suite 2800
Miami, FL  33131
Telephone:  (305) 539-8400
E-mail:  jlee@bsfllp.com
E-mail:  rbaeza@bsfllp.com

21

22

23

24

Jesse Michael Panuccio
**BOIES SCHILLER FLEXNER LLP**
1401 New York Avenue, NW
Washington, DC  20005
Telephone:  (202) 237-2727
E-mail:  jpanuccio@bsfllp.com

Amanda Bonn
**SUSMAN GODFREY LLP**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067
E-mail:  abonn@SusmanGodfrey.com

25

26

27

William Christopher Carmody
Shawn J. Rabin
Steven M. Shepard
Alexander Patrick Frawley
Ryan Sila

28

PROOF OF SERVICE RE: GOOGLE LLC'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES
TO PLAINTIFFS' INTERROGATORIES, SET SIX
Case No.  3:20-CV-04688

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**SUSMAN GODFREY LLP**
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Telephone:  (212) 336-8330
E-mail:  bcarmody@susmangodfrey.com
E-mail:  srabin@susmangodfrey.com
E-mail:  sshepard@susmangodfrey.com
E-mail:  afrawley@susmangodfrey.com
E-mail:  rsila@susmangodfrey.com

Ian B. Crosby
Jenna Golda Farleigh
**SUSMAN GODFREY LLP**
401 Union Street
Ste. 3000
Seattle, WA 98101-3000
Telephone:  206-516-3880
E-mail:  icrosby@susmangodfrey.com
E-mail:  jfarleigh@susmangodfrey.com

John A. Yanchunis
Ryan J. McGee
Jean Sutton Martin
Ra Olusegun Amen
**MORGAN & MORGAN
COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, FL  33602
Telephone:  (813) 223-5505
E-mail:  jyanchunis@forthepeople.com
E-mail:  rmcgee@forthepeople.com
E-mail:  jeanmartin@forthepeople.com
E-mail:  ramen@forthepeople.com

Michael Francis Ram
**MORGAN & MORGAN
COMPLEX LITIGATION GROUP**
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone:  (415) 358-6913
E-mail:  MRam@forthepeople.com

Executed on February 14, 2023 at San Francisco, California.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

*/s/ Marsi Allard*
Marsi Allard

PROOF OF SERVICE RE: GOOGLE LLC'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET SIX
Case No.  3:20-CV-04688