**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 995-5720
alanderson@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
Ryan Sila (admitted pro hac vice)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com
rsila@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Michael F. Ram, CA Bar No. 104805
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 3:20-cv-04688-RS<br><br>**PLAINTIFFS' RESPONSE TO GOOGLE'S STATEMENT IN SUPPORT OF MOTION TO SEAL (DKT. 339)**<br><br>Judge: Hon. Richard Seeborg<br>Courtroom 3 – 17th Floor |

Google asserts that it "has narrowed the material it seeks to keep under seal" (Dkt. 339 at 1) in connection with Plaintiffs' motion for class certification and Google's motion to exclude Mr. Lasinski's opinions and testimony, but its sealing request remains far too broad. In the briefing alone, Google seeks to redact material that would inform absent class members of their potential recovery; evidence that Google knew users expected Google not to collect, save, and use (s)WAA-off app activity data; equally high-level descriptions of the ways in which Google profits from (s)WAA-off app activity data; and high-level summaries of the information that Google collects about class members' (s)WAA-off app activity. For these reasons, Plaintiffs respectfully oppose certain potions of Google's motion to seal. The specific portions be found in Plaintiffs' motion for class certification, and Plaintiffs' opposition to Google's *Daubert* motion. Where applicable, Plaintiffs below identify the page and row of Google's proposed order for which Plaintiffs oppose sealing.[1]

The public has a "right of access to civil proceedings and associated records and documents." *Wood v. Ryan*, 759 F.3d 1076, 1081-82 (9th Cir. 2014), *vacated on other grounds*, 135 S. Ct. 21 (2014). That right is especially strong in the context of a putative class action because the information that Google seeks to maintain under seal may affect the substantive rights of the millions of Americans who are also absent class members. For at least the following types of information, Google fails to offer any reason "compelling" enough to "overcom[e] th[e] strong presumption" in favor of public access, *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006):

**Information pertaining to total monetary relief:** Google improperly seeks to redact Plaintiffs' expert's calculation of Google's unjust enrichment from its use of (s)WAA-off app activity data and the amount of the classes' actual damages. *See* Class Cert. Mot. at 19-20. Google

---

[1] This exercise is made more difficult by the fact that Google's sealing submission does not comply with the Local Rules. While Google has proposed extensive redactions to Plaintiffs' brief in support of class certification (Dkt. 341-18), Google did not include any corresponding row in either its motion to seal nor proposed order. *See* L.R. 79-5(c)(3) (party moving to seal must submit "a proposed order that is narrowly tailored to seal only the sealable material*, and which lists in table format each document or portion thereof that is sought to be sealed*" (emphasis added)).

fails to explain how it would be harmed if the public were to learn Mr. Lasinski's conclusions, as opposed to the inputs to his analysis. On the other hand, this information is important to the classes, who are entitled to learn the profits that Google earned from their data—and the recovery they might obtain from a favorable judgment.

**Information pertaining to allocation of monetary relief:** Google inexplicably seeks to redact information pertaining to Mr. Lasinski's proposed methods of allocation. *See* Class Cert. Mot. 21. With this information, absent class members could better understand the factors that will determine the size of their recovery. And if coupled with information concerning the total monetary relief available, class members may also be able to estimate their expected recovery. Google fails to explain how it would be harmed by the disclosure of Mr. Lasinski's proposals regarding allocation.

**Information pertaining to calculation of monetary relief:** Google improperly seeks to seal high-level summaries of Mr. Lasinski's methodology—including portions that form the basis of Google's motion to exclude Mr. Lasinski's opinions. *See, e.g.*, Class Cert. Mot. 20, Daubert Opp. 4 (Google proposed order, Dkt. 339-2 at 30, Row 2). These methodologies are not sensitive, and they may be important to the Court's reasoning. The parties also discussed Mr. Lasinski's methodology during the public hearing on class certification.

**Information pertaining to Google's approach to user privacy:** Google also improperly seeks to seal information reflecting that its own employees and executives have long known that users expect turning (s)WAA off to stop Google's collection of app activity data. *See, e.g.*, Class Cert. Mot. 12:18-19. Google also seeks to seal information reflecting its own dubious approach to matters of user privacy. *See, e.g.*, Class Cert. Mot. 15:15-17. And similarly, Google seeks to seal the ways in which Google conceals its conduct from its users. *See, e.g.*, Class Cert. Mot. 2:20-22, 11:14-15. This evidence may be embarrassing, but its disclosure would not jeopardize Google's "competitive standing." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

**Information pertaining to the (s)WAA-off app activity data that Google collects, saves, and uses:** Google seeks to seal high-level summaries of the app activity data that Google collects from class members. *See* Class Cert. Mot. 13. This position is especially untenable because Plaintiffs took care to describe the information Google collects at a high level, without mentioning names of bits, logs, or much of the detailed information that Google collects. Google also seeks to seal Plaintiffs' expert's conclusion that the data that Google collects contravenes even *Google's* position on the scope of permission granted. Absent class members are entitled to know what Google is collecting from them, and Google's position on sealing is inconsistent with its substantive position in this litigation.

**Information pertaining to the ways in which Google profits from (s)WAA-off app activity data:** Google also seeks to seal basic information about the ways it uses (s)WAA-off app activity data for profit. These include, but are not limited to, the two uses that informed Mr. Lasinski's opinions on unjustly earned profits. Plaintiffs and Google have both discussed these uses in open court, and Google's redactions are inconsistent from brief to brief, and even sentence to sentence. *See* Class Cert. Mot. 20; Daubert Opp:17-20, Daubert Opp. 14:20-24 (Google proposed order, Dkt. 339-2 at 30, Row 6).

Google has failed to articulate any legitimate (let alone compelling) reason to prevent the public—and millions of absent class members—from learning at least this information, if not more. Pursuant to Rule 79-5, Plaintiffs respectfully request that Google's request to seal this information be denied.

Dated: October 16, 2023                           Respectfully submitted,

By: */s/Mark Mao*

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858

3
PLAINITFFS' RESPONSE TO GOOGLE'S STATEMENT IN SUPPORT OF MOTION TO SEAL (DKT. 339)
Case No. 3:20-cv-04688-RS

Facsimile (415) 999 9695

David Boies (admitted *pro hac vice*)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200

James Lee (admitted *pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (admitted *pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Alison L. Anderson, CA Bar No. 275334
alanderson@bsfllp.com
M. Logan Wright
mwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
725 S. Figueroa Street, 31st Floor
Los Angeles, CA 90017
Telephone: (813) 482-4814

Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley
afrawley@susmangodfrey.com
Ryan Sila
rsila@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Telephone: (212) 336-8330

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067

Telephone: (310) 789-3100

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
Michael F. Ram (CA Bar No. 238027)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

*Attorneys for Plaintiffs*