# EXHIBIT 43

# MAO DECLARATION
# ISO PLAINTIFFS'
# MOTION FOR CLASS CERTIFICATION

# DOCUMENT SOUGHT TO BE SEALED

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
  sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
  esantacana@willkie.com
ARGEMIRA FLÓREZ  (SBN: 331153 )
  aflorez@willkie.com
HARRIS MATEEN (SBN: 335593)
  hmateen@willkie.com
One Front Street, 34th Floor
San Francisco, CA 94111
Telephone:  (415) 858-7400
Facsimile:  (415) 858-7599

Attorneys for Defendant
GOOGLE LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>      vs.<br><br>GOOGLE LLC,<br><br>                              Defendant. | Case No. 3:20-CV-04688-RS<br><br>**DEFENDANT GOOGLE LLC'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' INTERROGATORY NO. 14, SET SIX**<br><br>Judge:          Hon. Richard Seeborg<br>Courtroom:   3, 17th Floor<br>Action Filed:  July 14, 2020 |

PROPOUNDING PARTY:    PLAINTIFFS ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN

                                             SANTIAGO, AND SUSAN LYNN HARVEY

RESPONDING PARTY:    DEFENDANT GOOGLE LLC

SET NO.:                       SIX

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("Federal Rules"), Defendant Google LLC hereby submits its supplemental objections and responses to Plaintiffs' Interrogatory No. 14, Set Six.

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

1.    Each of Google's responses is subject to, and incorporates, the following general objections. Google specifically incorporates each of these general objections into its responses to each of Plaintiffs' Interrogatories, whether or not each such general objection is expressly referred to in Google's responses to a specific Interrogatory.

2.    Google objects to the instructions, definitions, and Interrogatories to the extent that they are broader than, or attempt to impose conditions, obligations, or duties beyond those required by the Federal Rules and/or the Local Rules. Google's responses will be provided in accordance with the Federal Rules and the Local Rules.

3.    Google objects to any Interrogatory to the extent that it is overbroad, unduly burdensome, compound, and/or oppressive, or purports to impose upon Google any duty or obligation that is inconsistent with or in excess of those obligations that are imposed by the Federal Rules, the Local Rules, or any other applicable rule or Court order. In particular, Google objects to any Interrogatory to the extent that it calls for information not relevant to the claims or defenses of the parties, or not proportional to the needs of this case.

4.    Google objects to each Interrogatory to the extent it is vague, ambiguous, overly broad, or unduly burdensome as to time frame.

5.    Google objects to each Interrogatory to the extent that it purports to attribute any special or unusual meaning to any term or phrase.

6.    Google objects to each Interrogatories to the extent they seek confidential, proprietary, or trade secret information of third parties.

7.    Google's objections and responses to these Interrogatories are not intended to waive or prejudice any objections Google may assert now or in the future, including, without limitation, objections as to the relevance of the subject matter of any Interrogatory, or as to the admissibility of any information or category of information at trial or in any other proceedings. Google

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

expressly reserves any and all rights and privileges under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules, and any other applicable laws or rules, and the failure to assert such rights and privileges or the inadvertent disclosure by Google of information protected by such rights and privileges shall not constitute a waiver thereof, either with respect to these responses or with respect to any future discovery responses or objections.

8.    Google has responded to the Interrogatories as it interprets and understands them. If Plaintiffs subsequently assert an interpretation of any Interrogatory that differs from Google's understanding of that Interrogatory, Google reserves the right to supplement its objections and/or responses. Google objects to each and every one of the purported Instructions as unduly burdensome and inconsistent with the Federal Rules and Local Rules.

9.    Discovery in this matter is ongoing. Accordingly, Google reserves the right to change, amend, or supplement any or all of the matters contained in these responses as Google's investigation continues, additional facts are ascertained, analyses are made, research is completed, and additional documents are subsequently discovered, collected, and/or reviewed.

## OBJECTIONS TO DEFINITIONS

10.    Google objects to the definition of the terms "GOOGLE," "YOU," and "YOUR" as incomprehensible. Google construes GOOGLE, YOU, and YOUR to mean Google LLC. Google further objects to this definition to the extent that it purports to include forms of information not discoverable under the Federal Rules, the Local Rules, or any other applicable authority.

11.    Google objects to the definition of "ALL" as overbroad and nonsensical.

12.    Google objects to the definition of the terms "AUTHENTICATED DATA" and "UNAUTHENTICATED/PSEUDONYMOUS DATA" as vague, ambiguous, unintelligible, and/or unrelated to this case. Plaintiffs appear to have used terminology that relates to other litigation in which Plaintiffs' counsel are involved, but that has no bearing in this case.

13.    Google objects to the definition of "CLASS PERIOD" as vague, ambiguous, and overbroad. Plaintiffs' definition of the class period in this case is circular and legally impermissible.

14.    Google objects to the definition of "GOOGLE" as overbroad.

2

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

15.    Google objects to the definition of the terms "DESCRIBE," "DESCRIPTION," "CONCERNING," "ASSOCIATED," and "RELATING TO" as overbroad, oppressive, and circular.

16.    Google objects to the definition of the terms "FINGERPRINTING" as vague, ambiguous, and/or unrelated to this case.

17.    Google objects to the definition of the terms "INCLUDE" or "INCLUDING" as circular and vague.

18.    Google objects to the definition of "USER" as ambiguous, overbroad, unduly burdensome, and partially irrelevant, including because it purports to incorporate the vague, ambiguous, and overbroad term "service" without limitation, and also purports to include applications that use Firebase SDK writ large.

19.    Google objects to the definition of the terms "WAA OFF DATA" as ambiguous, overbroad, unduly burdensome, and partially irrelevant, including because it purports to seek "data generated by a user's use of non-GOOGLE apps that employ or embed any GOOGLE service" without limitation to the services at issue in this action.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 14:**

Please IDENTIFY every data source (including logs) that includes or during the CLASS PERIOD included WAA OFF DATA. For each such data source, please include a list of field names and descriptions, the retention period, and how such data sources are used.

**RESPONSE TO INTERROGATORY NO. 14:**

Google objects to this Interrogatory as vague and ambiguous as to several undefined terms and phrases susceptible to multiple meanings. For purposes of this response, Google construes "Google" to mean Google LLC and "WAA" to mean the account-level setting called Web & App Activity. Google additionally objects to this Interrogatory as vague, ambiguous, and confusing as to the use of THE undefined phrases "every data source (including logs)," and "how such data sources are used."

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1    Google further objects to this Interrogatory as overbroad, unduly burdensome, and abusive

2    to the extent it seeks data sources without limitation to data sent to Google by third-party app

3    developers after collection, if any, through GA for Firebase, Cloud Messaging, or AdMob—*i.e.*,

4    concerning, Plaintiff's theory of wrongdoing in the Third Amended Complaint.

5    Google further objects to this Interrogatory as overbroad, unduly burdensome, and

6    compound because it seeks an identification of every "data source (including logs)" without a

7    clear definition of what Plaintiffs consider to qualify as a "data source."

8    Google further objects to this Interrogatory as overbroad, unduly burdensome, and abusive

9    to the extent it seeks information regarding all uses of "WAA OFF DATA" without limitation to

10   data sent to Google by third-party app developers after collection, if any, through GA for

11   Firebase—*i.e.*, concerning Plaintiff's theory of wrongdoing in the Third Amended Complaint.

12   Google further objects to this Interrogatory to the extent that it seeks information protected

13   by the attorney-client privilege and/or the attorney work product doctrine.

14   Subject to and without waiving the foregoing, Google responds as follows:

15   Google has provided exacting detail of its main logs associated with the transmission of

16   app-interaction / measurement data to Google via Google Analytics for Firebase when a user has

17   turned WAA to "off," inter alia, in response to Plaintiffs' Interrogatory No. 1. Google has also

18   provided samples of those primary logs that store the transmitted data, and is investigating further

19   potential data sources that may contain such data. Google states, however, that it is not practical or

20   relevant to account for every single potential data source (including logs) that may contain such

21   data because there are various downstream users of the pseudonymous data described in response

22   to Plaintiffs' Interrogatory No. 1. Nevertheless, the policies in place as described in response to

23   Interrogatory No. 1, including the policies that forbid the re-association of pseudonymous data

24   with personal identifiers, apply to all such downstream users of the data.

25   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14:**

26   Subject to and incorporating the foregoing, Google further responds in response to the

27   Court's Order at Docket Number 291 as follows:

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Using keywords known to Google pursuant to a reasonably diligent investigation into the types of log fields that may contain information about whether a particular data entry was made using data from a user who had WAA or sWAA turned off at the time the entry was generated from the Google Analytics for Firebase or AdMob SDKs, Google identified the following Sawmill logs that may contain fields indicating the WAA or sWAA status of the user:

- cafe:partnerlog
- cafe:personal-display-partnerlog
- ads:tmp-UnmatchedAdQueries
- ads:tmp-personal-UnmatchedDisplayAdQueries
- ads:adQueries
- ads:personal-DisplayAdQueries
- ads:JoniedAdViews
- ads:personal-JoinedDisplayAdViews
- ads:JoinedAdInteractions
- ads:personal-JoinedDisplayAdInteractions
- ads:tmp-JoinedAdInteractions
- ads:personal-JoinedDisplayAdInteractions
- ads:JoinedAdConversions
- ads:personal-JoinedDisplayAdConversions
- processed/ads:AdEventsQueriesContent
- processed/ads:personal-AdEventsQueriesContent

Google is not able to reasonably compile descriptions of each field in each of these logs, which number almost a quarter million. Indeed, even printing out a list of every field in each of these logs is highly burdensome. In order to comply with the Court's Order, Google queried a table that contains metadata for sampled data from each of these logs (approximately 1% of log traffic) during a recent two-week window and produced to Plaintiffs the list of all populated fields found within the logs in that sampled traffic. This necessarily means that the sampled logs may not have all fields that have ever been used in the above-listed logs, and may also contain

5

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

populated fields that are not relevant to the data flow at issue, but Google is confident that the fields that are used in the ordinary course of business are reflected in the list of log fields Google provided. The list may be found at Bates No. GOOG-RDGZ-00211106.

Dated: March 30, 2023                    **WILLKIE FARR & GALLAGHER LLP**

By: */s/ Benedict Y. Hur*
        Benedict Y. Hur
        Simona Agnolucci
        Eduardo Santacana
        Argemira Flórez
        Harris Mateen

*Attorneys for Defendant*
*Google LLC*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California.  I am over the age of eighteen years and not a party to the within action.  My business address is Willkie Farr & Gallagher LLP, One Front Street, San Francisco, CA 94111.

On March 30, 2023, I served the following document(s) on the individuals identified in the service list attached below:

**DEFENDANT GOOGLE LLC'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' INTERROGATORY NO. 14, SET SIX**

☑ by **E-MAIL VIA PDF FILE**, by transmitting on this date 1via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format.  The transmission was reported as complete and without error.

Mark C. Mao
Beko Osiris Ra Reblitz-Richardson
Alexander Justin Konik
Erika Britt Nyborg-Burch
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile: (415) 999 9695
E-mail:  mmao@bsfllp.com
E-mail:  brichardson@bsfllp.com
E-mail:  akonik@bsfllp.com
E-mail:  enyborg-burch@bsfllp.com

James Lee
Rossana Baeza
**BOIES SCHILLER FLEXNER LLP**
100 SE Second Street, Suite 2800
Miami, FL  33131
Telephone:  (305) 539-8400
E-mail:  jlee@bsfllp.com
E-mail:  rbaeza@bsfllp.com

Jesse Michael Panuccio
**BOIES SCHILLER FLEXNER LLP**
1401 New York Avenue, NW
Washington, DC  20005
Telephone:  (202) 237-2727
E-mail:  jpanuccio@bsfllp.com

William Christopher Carmody
Shawn J. Rabin
Steven M. Shepard
Alexander Patrick Frawley
Ryan Sila
**SUSMAN GODFREY LLP**
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019

Amanda Bonn
**SUSMAN GODFREY LLP**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067
E-mail:  abonn@SusmanGodfrey.com

1

Telephone:  (212) 336-8330
E-mail:  bcarmody@susmangodfrey.com
E-mail:  srabin@susmangodfrey.com
E-mail:  sshepard@susmangodfrey.com
E-mail:  afrawley@susmangodfrey.com
E-mail:  rsila@susmangodfrey.com

Ian B. Crosby
Jenna Golda Farleigh
**SUSMAN GODFREY LLP**
401 Union Street
Ste. 3000
Seattle, WA 98101-3000
Telephone:  206-516-3880
E-mail:  icrosby@susmangodfrey.com
E-mail:  jfarleigh@susmangodfrey.com

John A. Yanchunis                    Michael Francis Ram
Ryan J. McGee                        **MORGAN & MORGAN**
Jean Sutton Martin                   **COMPLEX LITIGATION GROUP**
Ra Olusegun Amen                     711 Van Ness Avenue, Suite 500
**MORGAN & MORGAN**                  San Francisco, CA 94102
**COMPLEX LITIGATION GROUP**         Telephone:  (415) 358-6913
201 N. Franklin Street, 7th Floor    E-mail:  MRam@forthepeople.com
Tampa, FL  33602
Telephone:  (813) 223-5505
E-mail:  jyanchunis@forthepeople.com
E-mail:  rmcgee@forthepeople.com
E-mail:  jeanmartin@forthepeople.com
E-mail:  ramen@forthepeople.com


    I declare under penalty of perjury under the laws of the United States that the above is true

and correct.  Executed on March 30, 2023 at San Francisco, California.

                                    _/s/  Argemira Flórez_
                                      Argemira Flórez