# EXHIBIT 51

# MAO DECLARATION
# ISO PLAINTIFFS'
# MOTION FOR CLASS CERTIFICATION

# DOCUMENT SOUGHT TO BE SEALED

**WILLKIE FARR & GALLAGHER** LLP

One Front Street
San Francisco, CA 94111
Tel: 415 858 7400
Fax: 415 858 7599

February 12, 2021

**SENT BY E-MAIL**

Beko Reblitz-Richardson
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
E-mail: brichardson@bsfllp.com

Re:   *Anibal Rodriguez, et al., v. Google LLC*, Case No. 3:20-CV-04688
       Custodians and Organizational Information

Counsel,

In accordance with our February 3, 2021 agreement regarding RFP Set Three, enclosed here is information concerning Google employees and their responsibilities, titles, and managers surrounding the relevant issues identified in RFP Nos. 12-13. We are also identifying potential custodians whose ESI could be searched for responsive documents.

**I.   Custodians**:

As you know, it is Google's belief that Plaintiffs have some more work to do to explain the basis for their request for custodial ESI, and in particular how such ESI relates to elements of the claims and defenses in this case. Some of the parties' discussions have involved issues and claims that may not be viable after the pleading stage. Google reserves the right to amend its position as to custodial ESI depending on which claims, if any, survive its Motion to Dismiss.

This identification does not waive Google's objections to producing custodial ESI. There are several reasons why this case doesn't call for any significant production of custodial ESI. First, as noted above, the complexion of this case is in flux. It could be that the case is much narrower than Plaintiffs believe it is once the pleadings have been settled. That will impact the scope of production of custodial ESI.

Second, the nature of Plaintiffs' claims, in our view, doesn't implicate custodial ESI. Plaintiffs' claims each fall into the category of claims that rely on (1) how Google's products work, and (2) what Google told users about how its products work. Indeed, the central contention in Plaintiffs' First Amended Complaint is that a reasonable consumer would have understood Google's description of the Web & App Activity feature to encompass the collection of data that third party app developers voluntarily initiate for the purpose of measuring the performance of their own apps using a Google tool called Google Analytics for Firebase, even though those same app

developers are contractually required by Google to disclose that collection of data to their end users. These allegations implicate only the two questions identified above: what does Google say publicly, and what do its products do? Neither of those questions will be answered with individual employees' email. Non-custodial sources will demonstrate how Google's products work. And non-custodial public sources will demonstrate what Google says and has said about its products.

We have asked Plaintiffs to identify the elements of each claim and defense that they believe implicate custodial ESI, and why. Plaintiffs have refused thus far to provide that explanation, calling the need for custodial ESI in this case "self-evident." But we are not aware of any rule that custodial ESI must be produced in every case. To the contrary, we are aware of plenty of cases, including ones we've litigated, where custodial ESI played a very minor role or no role at all, since the core of the claims dealt with technical functionality, not the subjective thoughts of individual employees.

Without waiving these objections and the others made in Google's responses to Plaintiffs' document requests, Google has in good faith agreed, for the purpose of compromise alone, to identify a set of custodians that it believes would cover the waterfront of the issues in this case. Though Google believes none of these custodians' ESI will be relevant and non-duplicative, it identifies these individuals because, collectively, they have responsibility for the issues identified in the First Amended Complaint:

**Steve Ganem.** Mr. Ganem is a Product Lead for the Google Analytics for Firebase product, with responsibility for metrics. His business title is Senior Product Manager. By virtue of his responsibilities, Mr. Ganem is knowledgeable regarding the functionality of Google Analytics for Firebase and the Terms of Service and Use Policies relating to Google Analytics for Firebase.

**Francis Ma.** Mr. Ma is a product executive for Firebase SDK, and his business title is Director, Product Management. Mr. Ma is knowledgeable about and has had responsibility for Firebase SDK and the integration of Google Analytics with Firebase. Mr. Ma also have knowledge by virtue of his job responsibilities concerning how developers use Firebase SDK (from Google's vantage point) and the benefits that Firebase provides to the users of apps.

**David Monsees.** Mr. Monsees is a product manager for Web & App Activity. By virtue of his responsibilities, Mr. Monsees has knowledge regarding the collection and use of data by Web & App Activity, Google's disclosures to users relating to it, and Google's Privacy Policy as it relates to it.

Google believes these three custodians will yield more than sufficient custodial ESI to answer the factual questions that the First Amended Complaint implicates. To the extent Plaintiffs believe any further custodial ESI should be produced in this case, Google asks that Plaintiffs provide a counter-proposal that explains the names or types of custodians Plaintiffs seek, the elements of claims or defenses to which each such custodian relates, and the facts of consequence in this case that a production of ESI from each custodian would make more or less likely to be true.

## II. Employees with responsibility for Google Analytics for Firebase and Firebase SDK

Below, please find two tables that outline relevant parts of the organizational structure of the Google Analytics for Firebase and Firebase SDK teams. Google provides these names and information as a compromise; it does not waive its objection to the relevance of any of these individuals and/or their custodial ESI to any fact of consequence in this case.

| Google Analytics for Firebase Team | Business Title | Role | Manager |
|---|---|---|---|
| 1. Daniel Morenus | Software Engineer | Technical Leads: Android | Eric Burley |
| 2. Lydia Kim | Product Ops & GTM | Go-To-Market: BD | Michael Kuo |
| 3. Jon Simantov | Software Engineer | Technical Leads: C++ | Rick Klein |
| 4. Andrew Baldwin | Software Engineer | Technical Leads: Console | Kanupriya Singhal |
| 5. Kalyan Reddy | Developer Programs Engineer | Dev Programs Engineer (DPE) | Rich Hyndman |
| 6. Sumit Chandel | Developer Advocate | Developer Relations: Developer Advocate (DA) | Todd Kerpelman |
| 7. Becky Chan | Program Manager | GTech | Unoose Ayoob |
| 8. Brad Townsend | Software Engineer | Technical Leads: JS | Brian Kuhn |
| 9. Annum Munir | Product Marketing Manager | Go-To-Market: Marketing | Laura Willis |
| 10. Tal Ackerman | Product Marketing Manager, Ads Marketing, Google Marketing Platform | Go-To-Market: Marketing | Christian Ashlock |
| 11. Steve Ganem | Senior Product Manager | Product Leads: Metrics | Russ Ketchum |
| 12. Kevin Lam | Product Manager | Product Leads: PM | Steve Ganem |

|  |  |  |  |
|---|---|---|---|
| 13. Eric Burley | Engineering Manager II - SWE | Technical Leads: SDK & iOS | Brian Kuhn |
| 14. Kato Richardson | Developer Programs Eng - Firebase | Developer Relations: Support (SWAT) | Timothy Jordan |
| 15. Greg Knoke | Technical Writer | Developer Relations: Tech Writer | Rich Hyndman |
| 16. Rob DiMarco | Software Engineering Manager | Product Leads: TLM; Technical Leads: Backend | Derek Phillips |
| 17. Anthony Maurice | Software Engineer | Technical Leads: Unity | Rick Klein |
| 18. Gerrit de Vries | UX Design Manager | Product Leads: UXD | Beril Maples |
| 19. Tim Thelin | Senior Staff Software Engineer | Product Leads: TLM | Nathan Moon |
| 20. Yuan Zhuge | Software Engineer | Product Leads: TLM | Jun Luo |

| Firebase SDK | Business Title | Manager |
|---|---|---|
| 1. Alisa Lemberg | User Experience Researcher | Josh Lane |
| 2. Amber Heinbockel | Senior UX Designer | Josh Lane |
| 3. David Poll | Software Engineer - Mountain View | Rohit Mungee |
| 4. Derek Phillips | Engineering Director | Niraj Nagrani |
| 5. Ben Ferrari-Church | Senior UX Researcher | Kristin Arnold |
| 6. Francis Ma | Director, Product Management | Vishal Sharma |
| 7. Grygorii Luchytsky | Manager, Software Engineer | Ganesh Ramamurthy |
| 8. Hetal Thakkar | Senior Staff Software Engineer | Francesco Nerieri |
| 9. Jerome Mourits | Engineering Manager | Derek Phillips |
| 10. Josh Lane | UX Manager | Sara Ortloff |
| 11. Kathryn Cullen | User Experience Research Manager | Josh Lane |

- 4 -

| | | |
|---|---|---|
| 12. Kristen Richards | Senior Product Manager | Francis Ma |
| 13. Michael Kuo | Firebase Product Ops & GTM Strategy | Francis Ma |
| 14. Laura Willis | Developer Marketing, Google Play | Mike Fyall |
| 15. Mike Davies | Product Manager | Francis Ma |
| 16. Osa Omokaro | Senior UX Researcher | Josh Lane |
| 17. Rich Hyndman | Manager, Firebase DevRel | Timothy Jordan |
| 18. Roman Nurik | Staff Interaction Designer | Josh Lane |
| 19. Sean McCabe | Senior Program Manager, Firebase | Katrina Reid |
| 20. Saurabh Singhal | Software Engineering Manager | Derek Phillips |
| 21. Sachin Kotwani | Senior Product Manager | Francis Ma |
| 22. Swetha Shantikumar | Product Strategy & Operations, Firebase | Francis Ma |
| 23. Tali Sason | Software Engineering Manager, Coach, Cambridge Site Lead | Derek Phillips |
| 24. Todd Hansen | Software Engineer | Tali Sason |
| 25. Balachandar Krishnamoorthy | Software Engineer | Gaurav Bhaya |

Sincerely,

Eduardo E. Santacana