# EXHIBIT 80

# SECOND MAO DECLARATION

# PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

# MATERIAL SOUGHT TO BE SEALED

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1  **WILLKIE FARR & GALLAGHER LLP**
   BENEDICT Y. HUR (SBN: 224018)
2    bhur@willkie.com
   SIMONA AGNOLUCCI (SBN: 246943)
3    sagnolucci@willkie.com
   EDUARDO E. SANTACANA (SBN: 281668)
4    esantacana@willkie.com
   LORI C. ARAKAKI (SBN: 315119)
5    larakaki@willkie.com
   ARGEMIRA FLOREZ (SBN: 331153)
6    aflorez@willkie.com
   HARRIS MATEEN (SBN: 335593)
7    hmateen@willkie.com

8  One Front Street, 34th Floor
   San Francisco, CA 94111
9  Telephone: (415) 858-7400
   Facsimile: (415) 858-7599
10
   Attorneys for Defendant
11 GOOGLE LLC

12                    **UNITED STATES DISTRICT COURT**

13                    **NORTHERN DISTRICT OF CALIFORNIA**

14                              **SAN FRANCISCO**

| | |
|---|---|
| ANIBAL RODRIGUEZ AND JULIE ANNA MUNIZ, individually and on behalf of all other similarly situated,<br><br>           Plaintiff,<br><br>   vs.<br><br>GOOGLE LLC, *et al.*,<br><br>           Defendant. | Case No. 3:20-CV-04688<br><br>**DEFENDANT GOOGLE LLC'S OBJECTIONS AND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET SEVEN**<br><br>Judge:         Hon. Richard Seeborg<br>Courtroom:  3, 17th Floor<br>Action Filed: July 14, 2020 |

PROPOUNDING PARTY:   PLAINTIFFS ANIBAL RODRIGUEZ AND JULIEANNA MUNIZ

RESPONDING PARTY:     DEFENDANT GOOGLE LLC

SET NO.:                           SEVEN (SUPPLEMENTAL RESPONSES)

1  personalization, conversions are marked as not for use for ads personalization, although they may
2  be exported to a linked ads account.

3       App developers can also delete their Google analytics account, which deletes app
4  measurement data they have sent to Google pursuant to Google's wipeout policies (i.e., within a
5  certain period of time after the app developer opts to delete their analytics account). *See* Ganem
6  Rough Tr. at 111–12.

7  **INTERROGATORY NO. 19:**

8       If Google's Responses to Request for Admission No. 32 or No. 35 are anything but
9  unqualified admissions, please identify any and all non-Google sources and disclosures that, in
10  Google's view, explicitly informed or informs Users that Google saves WAA-Off Data. For
11  purposes of this Interrogatory, "explicitly" requires at a minimum that the source either refer by name
12  to Web & App Activity (WAA) or supplemental Web & App Activity (sWAA) or inform Users that
13  Google will save data relating to their app activity without regard to their Google settings. For
14  purposes of this Interrogatory, "non-Google sources" refers to privacy policies or disclosures
15  published by app developers, news articles, academic publications, or any other publications or
16  documents not authored by Google.

17  **RESPONSE TO INTERROGATORY NO. 19:**

18       Google objects to this Interrogatory as vague and ambiguous as to several undefined terms
19  and phrases susceptible to multiple meanings. For purposes of this response, Google construes
20  "Google" to mean Google LLC; "WAA" to mean the account-level setting called Web & App
21  Activity; "User" to mean an individual who is encompassed within the applicable class defined by
22  Plaintiffs in Paragraph 231 of the Third Amended Complaint (ECF No. 131); "Data" to mean and
23  refer to the types of data sent to Google via GA for Firebase as alleged in the Third Amended
24  Complaint, and Google excludes from this definition, among other things, diagnostic-type data
25  sent to Google for the purpose of diagnosing hardware or software issues, none of which is
26  implicated by Plaintiffs' allegations. Google additionally objects to this Interrogatory as vague,
27  ambiguous, and confusing as to the incorporation of the undefined terms and phrases "inform,"
28

1  "will save," and "without regard," all of which Google will construe as consistent with their

2  ordinary usage and meaning.  Google additionally objects to the extent this interrogatory

3  incorporates the vague, ambiguous, and overbroad term "settings" without limitation, and thus

4  purports to include settings beyond Web & App Activity and the Google ads personalization

5  settings at issue here.  Google further objects to this interrogatory to the extent it incorporates

6  Request for Admission Nos. 32 and 35 and the vague and ambiguous terms therein, and is

7  therefore vague and ambiguous.

8  Google further objects to this Interrogatory as overbroad, unduly burdensome, and abusive

9  to the extent it seeks information that is not relevant to any claim or defense in this Action,

10  including because it seeks information concerning any data that Google receives or collects,

11  without limitation as to whether such data is sent to Google by third-party app developers after

12  collection, if any, through GA for Firebase, Cloud Messaging, or AdMob—i.e., concerning

13  Plaintiffs' theory of wrongdoing in the Third Amended Complaint.  Judge Tse has already ruled

14  that "'[t]his is a case about a *particular* Google practice, not *any* Google privacy practice.'"  Order

15  on RFP Nos. 1–3, ECF No. 85 at 2:3-5 (emph. in original).  Accordingly, to the extent this

16  Request seeks information concerning unspecified processes and/or practices, it is overbroad and

17  unduly burdensome.

18  Google further objects to this Interrogatory as duplicative, including because Google has

19  already responded in extensive detail to an interrogatory concerning Google's "data collection

20  with its Firebase SDK" (Interrogatory No. 1), including by describing in detail the data Google

21  receives, and the collects," "what impact if any turning off (or previously pausing) Web & App

22  Activity has" on Google's receipt of the app-interaction data," and the steps app developers can

23  take to impact Google's processing of the data sent to Google.  Google has also responded in

24  extensive detail to an interrogatory concerning the "functionality of WAA" (Interrogatory No. 4),

25  including responding that "WAA has never controlled whether Google Analytics for Firebase

26  collects and sends user activity data from third party apps to Google servers," and "[a]t no point

27  has Google represented that WAA would control whether Google Analytics for Firebase collects

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  user activity data." Google thus further objects to this Interrogatory as unduly burdensome,
2  overbroad, and disproportionate to the needs of this action, including because Google has never
3  represented that WAA would control whether app developers send data to Google and Google
4  does not collect and store any personally-identifiable app interaction data when WAA is off.

5        Google further objects to this Interrogatory to the extent that it seeks information protected
6  by the attorney-client privilege and/or the attorney work product doctrine.

7        Subject to and without waiving the foregoing objections, Google responds as follows:
8        App developers who use GA for Firebase must agree to the Google Analytics for Firebase
9  Terms of Service, which requires that app developers "disclose the use of the [GA for Firebase]
10 Service, and how it collects and processes data." See https://firebase.google.com/terms/analytics.
11 To the extent app developers who have used GA for Firebase–including those identified in
12 Google's response to Interrogatory No. 2–have complied with the GA for Firebase Terms of
13 Service, those developers have disclosed to end users (often through their online privacy policies)
14 that they use Google's analytics services, and that certain data is being collected by the app
15 developer and transmitted to Google to store, process, and analyze.

16 **INTERROGATORY NO. 20:**

17       For the Class Period, and broken down by year, please provide information (including best
18 estimates) regarding the total number and percentage of Non-Google Apps using Google services,
19 including (1) Google Analytics for Firebase, (2) AdMob (including AdMob+), (3) Cloud
20 Messaging, and (4) both Google Analytics for Firebase and AdMob. This Interrogatory is limited
21 to Non-Google Apps that are used by Google account holders who reside in the United States.

22 **RESPONSE TO INTERROGATORY NO. 20:**

23       Google objects to this Interrogatory as vague and ambiguous as to several undefined terms
24 and phrases susceptible to multiple meanings. Google further objects to this Interrogatory as
25 overbroad, unduly burdensome, and abusive to the extent it seeks information that is not relevant
26 to any claim or defense in this Action. Google further objects to this Interrogatory to the extent
27
28