1

**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 995-5720
alanderson@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
Ryan Sila (admitted pro hac vice)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com
rsila@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Michael F. Ram, CA Bar No. 104805
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
mram@forthepeople.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY individually and on behalf of all other similarly situated,

        Plaintiffs,

 v.

GOOGLE LLC,

        Defendant.

Case No.: 3:20-cv-04688-RS

**DECLARATION OF CAMERON AZARI IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Judge: Hon. Richard Seeborg
Courtroom 3 – 17th Floor
Date: October 5, 2023
Time: 1:30 p.m.

1

## **DECLARATION OF CAMERON AZARI**

2      I, Cameron Azari, declare as follows.

3      1.    Counsel for the *Rodriguez* Plaintiffs retained me to provide expert analysis and, if

4  requested, expert testimony. I have personal knowledge of the matters set forth herein and am

5  competent to testify.

6      2.    I submit this declaration in connection with Plaintiffs' Motion for Class

7  Certification.

8      3.    Attached is a true and correct copy of the Expert Report that I prepared in

9  connection with this matter, dated February 20, 2023. The opinions I provided therein are true and

10 correct to the best of my knowledge.

11

12 I declare under penalty of perjury under the laws of the United States of America that the foregoing is

13 true and correct.  Executed this 17th day of July 2023, at Beaverton, Oregon.

14

15      _____
          Cameron R. Azari, Esq.

16

17

18

19

20

21

22

23

24

25

26

27

28

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all other similarly situated,

        Plaintiffs,

  v.

GOOGLE LLC,

        Defendant.

Case No.  3:20-cv-04688-RS

**Expert Report of Cameron R. Azari, Esq.**

## **Table of Contents**

I.    Executive Summary ....................................................................................................... 1

II.   Qualifications .............................................................................................................. 2

III.  Assignment & Background ......................................................................................... 8

IV.   Notice Plan Details ..................................................................................................... 9

   A.   Direct Notice – Emails .......................................................................................... 9

   B.   Direct Notice – Notifications .............................................................................. 11

   C.   Additional Notice – Overview ............................................................................ 11

      i.    Notice Planning Methodology ......................................................................... 12

      ii.   Internet Digital Notice Campaign ................................................................... 16

      iii.  Social Media Digital Notice Campaign ........................................................... 17

      iv.   Radio Campaign .............................................................................................. 19

      v.    Streaming TV Video Campaign ...................................................................... 19

      vi.   Sponsored Search Listings ............................................................................. 19

   D.   Plain Language Notice Design ............................................................................ 20

   E.   Case Website and Toll-Free Telephone Support ................................................. 21

V.    Administrative Experience ........................................................................................ 21

   A.   Claims Processing .............................................................................................. 21

   B.   Data Privacy and Security .................................................................................. 22

   C.   Class Member Experience .................................................................................. 24

   D.   Distribution of Any Benefits .............................................................................. 25

VI.   Conclusion ............................................................................................................... 25

## I.    Executive Summary

1.      This Section includes an executive summary of my opinions in this matter.

2.      As discussed in Section III, notice in this case is straightforward, in part because Plaintiffs assert claims on behalf of individuals with Google Accounts and Google keeps records reflecting the WAA or sWAA setting associated with every active Google Account throughout the Class Period.

3.      As discussed in Section IV, the Notice Plan I recommend in this case is based on experience in connection with hundreds of class action notice plans (for cases that were certified or settled, etc.), including notice in many similar class actions in the United States District Court for the Northern District of California and other federal and state courts.

4.      As discussed in Section IV, the Notice Plan is extensive and consistent with other similar court-approved notice and administration plans in many other class action cases, and meets all applicable legal requirements for notice, including compliance with the notice provisions of Rule 23 of the Federal Rules of Civil Procedure and Due Process.

5.      As discussed in Section IV(A), given that Plaintiffs have limited their claims on behalf of individuals with Google Accounts, where I understand Google has email addresses associated with Google Accounts, individual, direct notice via email is practicable and administratively feasible.

6.      As discussed in Section IV(C), to increase the scope and reach of the Notice Plan to enhance direct notice, the media campaign components of the Notice Plan are designed to provide notice to potential Class members by using various forms of online media, including digital, social media and video, streaming radio, and streaming TV.

7.      As discussed in Section IV(E), the Notice Plan also provides for the implementation of a case website and a toll-free telephone line where potential Class members can learn more about their rights and options pursuant to the terms of the case.

## II.    Qualifications

8.    I am a Senior Vice President with Epiq Class Action & Claims Solutions, Inc. ("Epiq") and the Director of Legal Notice for Hilsoft Notifications ("Hilsoft"); a firm that specializes in designing, developing, analyzing and implementing large-scale legal notification plans.  Hilsoft is a business unit of Epiq.[1]

9.    Epiq is an industry leader in class action administration, having implemented more than a thousand successful class action notice and settlement administration matters.  Epiq has been involved with some of the most complex and significant notice programs in recent history. My team and I have experience with legal noticing in more than 550 cases, including more than 70 multidistrict litigation settlements, and have prepared notices that have appeared in 53 languages and been distributed in almost every country, territory, and dependency in the world. Courts have recognized and approved numerous notice plans developed by Epiq, and those decisions have invariably withstood appellate review.

10.    Epiq is an experienced class action notice and claims administration company that is nationally recognized.  Epiq was established in 1968 as a client services and data processing company.  Epiq has administered bankruptcies since 1985 and settlements since 1993.  Epiq has routinely developed and executed notice programs and administrations in a wide variety of class actions, mass tort litigations, Securities and Exchange Commission enforcement actions, Federal Trade Commission disgorgement actions, insurance disputes, bankruptcies, and other major litigation.[2]

---

[1] All references to Epiq within this Expert Report include Hilsoft Notifications.

[2] Epiq's class action case administration services include administering notice requirements, designing direct-mail and email notices, implementing notice fulfillment services, coordinating with the United States Postal Service ("USPS"), developing and maintaining notice websites and dedicated telephone numbers with recorded information and/or live operators, processing exclusion requests, objections, claim forms and correspondence, maintaining class member databases, adjudicating claims, managing settlement funds, and calculating claim payments and distributions.  As an experienced neutral third-party administrator working with settling parties, courts, and mass action participants, Epiq has handled hundreds of millions of notices, disseminated hundreds of millions of emails, handled millions of phone calls, processed tens of millions of claims, and distributed hundreds of billions in payments.  More information about Epiq's services is available at www.EpiqGlobal.com.

11.     Epiq has administered more than 4,500 settlements, including some of the largest and most complex cases ever settled.  Epiq handled printing for more than 729.4 million images, mailed more than 207.5 million pieces, sent more than 814.1 million emails, and distributed more $102.7 billion to recipients such as claimants, class members, creditors, etc. for class actions, mass torts, remediations, bankruptcies, and cyber incidents from 2020 through 2022 alone.  Epiq has administered class actions in cases involving, Apple, Zoom, Verizon, Sirius XM Radio, Capital One, Morgan Stanley, Takata Airbags, MasterCard and Visa, Anheuser-Busch, Walmart, State Farm, and the Deepwater Horizon oil spill, among others.  A company overview along with Epiq's executive leadership profiles are available on the Epiq website.[3]

12.     I have been responsible in whole or in part for the design and implementation of hundreds of court-approved notice and administration programs, including some of the largest and most complex notice plans in history.  I have taught numerous accredited Continuing Legal Education courses on topics such as email notice and response rates, legal notice best practices and considerations for structuring a litigation settlement.  I am the author of multiple articles on legal notice for topics in publications such as *BNA Class Action Litigation Report*, *Law360*, and *Thomson Reuters Class Action Litigation Reporter*.  I am also a frequent speaker on notice issues at conferences throughout the United States and internationally.

13.     I presented as a professional notice expert at a Federal Trade Commission Workshop, *Consumers and Class Action Notices: An FTC Workshop*.  I also co-authored an e-book, *A Practical Guide to Chapter 11 Bankruptcy Publication Notice*.

14.     My notice work comprises of a wide range of class actions that includes data breach, privacy, consumer products, false advertising, antitrust, insurance, tobacco, banking, insurance, asbestos, and bankruptcy cases.

15.     I have served as a notice expert and have been recognized and appointed by courts to design and provide notice in many large and significant cases.  Courts have recognized our

---

[3] https://www.EpiqGlobal.com/en-us/about-us/leadership and https://www.EpiqGlobal.com/en-us/about-us/meet-the-experts.

testimony as to which method of notification is appropriate for a given case, and I have provided testimony on numerous occasions on whether a certain method of notice represents the best notice practicable under the circumstances. Numerous court opinions and comments regarding my testimony, and the adequacy of our notice efforts, are included in our *curriculum vitae* included as **Attachment 1**.

16.    In addition, I have served as a legal notice expert in more than 25 cases in the United States District Court for the Northern District of California, including:

| Case | Case Details |
|------|--------------|
| *In re: Zoom Video Communications, Inc. Privacy Litigation*, 5:20-cv-02155 | $85 million settlement; 158.2 million emails and 485,000 postcard notices sent, notice delivered to approximately 91% of the identified class, and digital notice provided. |
| *Ford et al. v. [24]7.AI, Inc.* (Best Buy Data Incident), 5:18-cv-02770 | Data breach settlement that involved Best Buy; email or postcard notice delivered to approximately 99% of the 388,000 identified class members. |
| *Cochran et al. v. Accellion, Inc., et al.*, 5:21-cv-01887 | $5 million data breach settlement; 4.75 million email and 2 million postcard notices sent, and digital notice provided. |
| *Yamagata et al. v. Reckitt Benckiser LLC*, 3:17-cv-03529 | $50 million settlement for Move Free® supplements; 3.9 million email and 1.1 million postcard notices sent, notice delivered to approximately 98.5% of the identified class, with media notice that reached more than 80% of the entire class. |
| *Bally v. State Farm Insurance Company*, 3:18-cv-04954 | Class Certification notice for universal life insurance policies; 86,216 mailed notice packages sent, and notice reached approximately 87.8% of the identified class. |
| *Pennington v. Tetra Tech, Inc. et al.*, 3:18-cv-05330 | $6.3 million settlement; individual notice efforts delivered to 100% of the identified class. |
| *In re: Optical Disk Drive Products Antitrust Litigation*, MDL 2143 | $205 million settlement; 12.7 million email notices delivered to approximately 89% of the identified class, combined with a media campaign, which reached approximately 75% of all adults 25+ who own a personal computer in the United States. |
| *Coffeng, et al. v. Volkswagen Group of America, Inc.*, 17-cv-01825 | Settlement for engine water pumps; 1.9 million notice packages and 450,000 email notices sent, notice reached approximately 99% of the identified class, and digital notice provided. |

| | |
|---|---|
| *Maldonado et al. v. Apple Inc, et al.*, 3:16-cv-04067 | $95 million settlement for AppleCare; 3.7 million email notices and 78,000 postcard notices sent. |
| *Grace v. Apple, Inc.*, 17-cv-00551 | $18 million settlement for non-jailbroken Apple iPhone 4 or 4S; 3.2 million email and 609,000 postcard notices sent, and notice reached approximately 97.1% of the identified class. |
| *Richards, et al. v. Chime Financial, Inc.*, 4:19-cv-06864 | Bank service disruptions settlement; 527,000 email notices delivered to approximately 93.8% of the identified class. |
| *Bautista v. Valero Marketing and Supply Co.*, 3:15-cv-05557 | Debit card gasoline purchase settlement; print publication and digital notice provided. |
| *McKinney-Drobnis, et al. v. Massage Envy Franchising*, 3:16-cv-6450 | $10 million settlement regarding membership fees; 1.3 million email and 480,000 postcard notices sent, and notice reached approximately 96.9% of the identified class. |
| *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation* (Audi $CO_2$), MDL 2672 | $96.5 million settlement; email or mailed notice to 180,000 class members, and notice reached approximately 98% of the identified class. |
| *Bias v. Wells Fargo & Company, et al.*, 4:12-cv-00664 | $50 million settlement regarding mortgage broker price opinions; notice sent to 288,029 identified class members, and consumer magazine notice provided. |
| *Elder v. Hilton Worldwide Holdings, Inc.*, 16-cv-00278 | Hotel stay promotion settlement; 8,700 email and 1,200 postcard notices delivered to approximately 99.6% of the identified class. |
| *In re: HP Printer Firmware Update Litigation*, 5:16-cv-05820 | $1.5 million settlement regarding printer firmware; 2.1 million email and 436,000 postcard notices sent to the identified class, and digital notice provided. |
| *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Product Liability Litigation* (Bosch Settlement), MDL 2672 | $327.5 million settlement; 855,000 email and 946,000 postcard notices sent to vehicle owners, and notice reached approximately 97% of the identified class, and digital notice provided. |
| *In re: Lithium Ion Batteries Antitrust Litigation*, MDL 2420 | $113 million settlement; email notice sent to 10 million class members, notice delivered to 8.6 million identified class members, and digital notice provided. |
| *Naiman v. Total Merchant Services, Inc., et al.*, 4:17-cv-03806 | $7.5 million TCPA settlement; 51,000 postcard notices sent and notice reached approximately 83% of the identified class. |
| *Abante Rooter and Plumbing v. Pivotal Payments Inc., d/b/a/ Capital Processing Network and CPN*, 3:16-cv-05486 | $9 million TCPA settlement; 1.7 million postcard notices sent, and notice reached approximately 95.2% of the identified class. |

17.     In addition, I have served as a legal notice expert in numerous data breach and privacy cases, including:

| Data Breach & Privacy Cases | Case No. & Court |
|---|---|
| *In re: Zoom Video Communications, Inc. Privacy Litigation* | 3:20-cv-02155 (N.D. Cal.) |
| *In re: Capital One Consumer Data Security Breach Litigation* | MDL No. 2915 (E.D. Va.) |
| *In re: Morgan Stanley Data Security Litigation* | 1:20-CV-05914 (S.D.N.Y.) |
| *In re: Department of Veteran Affairs (VA) Data Theft Litigation* | MDL No. 1796 (D.D.C.) |
| *In re: Premera Blue Cross Customer Data Security Breach Litigation* | MDL No. 2633 (D. Or.) |
| *Cochran et al. v. The Kroger Co. et al.* | 5:21-cv-01887 (N.D. Cal.) |
| *Ford et al. v. [24]7.ai, Inc.* (Best Buy Data Incident) | MDL No. 2863 (N.D. Cal.) |
| *Stoll et al. v. Musculoskeletal Institute, Chartered* | 8:20-cv-01798 (M.D. Fla.) |
| *Hameed-Bolden et al. v. Forever 21 Retail, Inc. et al.* | 2:18-cv-03019 (C.D. Cal.) |
| *In re Community Health Systems, Inc. Customer Data Security Breach Litigation* | MDL No. 2595 (N.D. Ala.) |
| *Lozano v. CodeMetro Inc.* | 37-2020-00022701 (Sup. Ct. Cal. Cnty. of San Diego) |
| *Fox et al. v. Iowa Health System d.b.a. UnityPoint Health* | 18-cv-00327 (W.D. Wis.) |
| *Armon et al. v. Washington State University* | 17-2-23244-1 consolidated with 17-2-25052-0 (Sup. Ct. Wash.) |
| *Kuss v. American HomePatient, Inc. et al.* | 8:18-cv-02348 (M.D. Fla.) |
| *Nelson v. Roadrunner Transportation Systems, Inc.* | 1:18-cv-07400 (N.D. Ill.) |
| *Adlouni v. UCLA Health System Auxiliary et al.* | BC589243 (Cal. Sup. Ct., L.A. Cnty.) |
| *Parsons v. Kimpton Hotel & Restaurant Group, LLC* | 3:16-cv-05387 (N.D. Cal.) |
| *In re: Valley Anesthesiology Consultants, Inc. Data Breach Litigation* | CV2016-013446 (Ariz. Super. Ct., Maricopa Cnty.) |
| *McGann et al., v. Schnuck Markets, Inc.* | 1322-CC00800 (Mo. Cir. Ct.) |
| *Greater Chautauqua Federal Credit Union et al. v. Kmart Corp. et al.* | 1:15-cv-02228 (N.D. Ill.) |
| *In re: Heartland Payment Systems, Inc. Data Security Breach Litigation* | MDL No. 2046 (S.D. Tex.) |
| *In re: Countrywide Financial Corp. Customer Data Security Breach Litigation* | MDL No. 1998, (W.D. Ky.) |
| *Lockwood v. Certegy Check Services, Inc.* | 8:07-cv-1434-T-23TGW (M.D. Fla.) |

18.     I am an active member of the Oregon State Bar, having received my Bachelor of Science from Willamette University and my Juris Doctor from Northwestern School of Law at Lewis and Clark College.  I have served as the Director of Legal Notice for Epiq since 2008 and have overseen the detailed planning of virtually all of our court-approved notice programs during that time.  Overall, I have more than 22 years of experience in the design and implementation of legal notification and claims administration programs, having been personally involved in hundreds of successful notice programs.

19.     Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the following is a list of cases in which I have provided live testimony to a court or was deposed regarding legal notice.

| Case Name | Case Details | Date |
|-----------|-------------|------|
| *Zakinov et al v. Ripple Labs, Inc. et al.*, 4:18-cv-06753 (N.D. Cal.) | Deposition: For Class Certification as an expert for plaintiffs. | 1/20/23 |
| *Coffeng, et al. v. Volkswagen Group of America, Inc.*, 17-cv-01825 (N.D. Cal.) | Live Testimony: Hearing in support of the Settlement. | 9/23/21 |
| *In re: Broilers Antitrust Litigation* (EUCP), 16-cv-08637 (N.D. Ill.) | Deposition: For Class Certification and Settlement as an expert for defendant Perdue. | 1/20/21 |
| *Burrow, et al. v. Forjas Taurus S.A., et al.*, 1:16-cv-21606 (S.D. Fla.) | Deposition: For a proposed Settlement Notice Plan involving Rossi Revolvers. | 3/12/19 |
| *Smith v. Costa Del Mar, Inc.*, 3:18-cv-01011 (M.D. Fla.) | Depositions: For a Costa sunglasses Settlement regarding notice. | 6/19/19 11/8/18 |
| *Williams v Bluestem Brands, Inc.*, 17-cv-01971 (M.D. Fla.) | Deposition: For Class Certification in a TCPA class action. | 8/22/18 |
| *Knapper v. Cox Communications, Inc.*, 2:17-cv-00913-SPL (D. Ariz.) | Deposition: For Class Certification in a TCPA class action; expert for plaintiffs regarding the method of providing notice. | 7/10/18 |
| *Reilly v. Chipotle Mexican Grill, Inc.*, 15-cv-23425 (S.D. Fla.) | Deposition: For pre-settlement; expert for plaintiffs on the viability of notice and processing claims in a consumer class action. | 6/28/16 |
| *Crystle Wong v. Alacer Corp.* (Emergen-C), CGC-12-519221 (Sup. Ct. Cal.) | Live Testimony: Regarding the Notice Plan at the Final Approval Hearing. | 6/3/14 |
| *Scharfstein v. BP WestCoast Products, LLC*, 1112-17046 (Ore. Cir., Cnty. of Multnomah) | Live Testimony: Regarding notice expert qualifications to develop a notice plan. | 10/11/13 |

20.     The facts in this Expert Report are based on my personal knowledge, as well as information provided to me by my colleagues in the ordinary course of my business.

### III.    Assignment & Background

21.    I was retained with Epiq by counsel for the Plaintiffs in this action ("Counsel") to provide expert analysis, and if requested, expert testimony, regarding notice plans and administration, if a class or classes are certified against Google, LLC ("Google") for the alleged wrongful conduct described in Plaintiffs' Fourth Amended Complaint.[4]

22.    My assignment in this case includes assessing how to provide the best notice practicable under the circumstances, fulfilling due process requirements, and comporting with Rule 23 of the Federal Rules of Civil Procedure should a class or classes be certified.  In forming my opinions regarding providing notice in this case, I have drawn from my extensive class action experience as well as that of my team.

23.    Based on discussions with Counsel it is my understand regarding the following:

- The Class Period began on July 1, 2016.  The Class Period continues through the present.

- There are two Classes:

   **Class 1** – All individuals who during the Class Period (a) turned off "Web & App Activity" (WAA), or supplemental "Web & App Activity" (sWAA) and (b) whose mobile app activity was still transmitted to Google, from (c) a mobile device running the Android operating system (OS), because of the Firebase SDK and/or AdMob SDKs, on a non-Google branded mobile app.

   **Class 2** – All individuals who during the Class Period (a) turned off "Web & App Activity," or "supplemental Web & App Activity," and (b) whose mobile app activity was still transmitted to Google, from (c) a mobile device running a *non*-Android operating system (OS), because of the Firebase SDK and/or AdMob SDKs, on a non-Google branded mobile app.

- Excluded from the Classes are: (1) the Court (including any Judge or Magistrate presiding over this action and any members of their families); (2) Defendant, its subsidiaries, parents, predecessors, successors and assigns, including any entity in which any of them have a controlling interest and its officers, directors, employees, affiliates, legal representatives; (3) persons

---

[4] I understand from the Fourth Amended Class Action Complaint that this lawsuit concerns Google's "interception, collection, saving, and use of consumers' highly personal browsing histories on their mobile devices, whenever consumers use certain software applications ("apps") that have incorporated Google code" and that "Google did this without notice or consent, where Plaintiffs had turned off a Google feature called "Web & App Activity" ("WAA") or a sub-setting within WAA known as "supplemental Web & App Activity" ("sWAA")."  Prior to being engaged for this case, I was unaware that Google conducted these practices.

who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel, Class counsel and Defendant's counsel; (6) jurors in any trial in this case (including any members of their families); and (7) the legal representatives, successors, and assigns of any such excluded persons.

24.     Because of the nature of how the WAA and sWAA functions work, I understand from Counsel and Mr. Jonathan Hochman, founder of Hochman Consultants who I understand is retained as an expert in this case, a user can access and change their WAA and sWAA settings only while logged into their Google Account.  Therefore, it is my understanding that the Classes necessarily are limited to users with Google Accounts.

25.     Epiq is being compensated for my work in this case at a rate of $450 per hour.  Epiq is being compensated for the work of other experienced Epiq notice consultants assisting me on this case (as is my customary practice, working at my direction and with my supervision) at an hourly rate of $275.  No part of my compensation, or that of Epiq's, depends on the outcome of this case.  Epiq also has not been promised any favoritism in connection with any notice plan or administration should the Court certify the Class or Classes—whether on a contested basis or for settlement.

## IV.     Notice Plan Details

### A.     Direct Notice – Emails

26.     I anticipate that notice in this case will involve sending email notice to millions of Class members.  It is my understanding from Counsel and Mr. Hochman that in order to create a Google Account, a user must either provide an email address or sign up for a Gmail address.  I further understand from Counsel and Mr. Hochman that Google has records of the email addresses associated with each of the Google Accounts, including email addresses for Gmail or on another domain (e.g., AOL, Yahoo, Microsoft, Outlook, and Hotmail).  I have designed and

implementation notice plans that involved effectuating email notice campaigns to millions of class members.[5]

27.     I am informed by Counsel and Mr. Hochman that Google also keeps records reflecting the WAA or sWAA setting associated with every active Google Account throughout the Class Period.  Accordingly, it is my understanding that Google's records identify Google Accounts that are held by Class members and also identify the email addresses associated with each of those Google Accounts.

28.     As a result, the Notice Plan will provide for sending direct notice via email to the email addresses associated with a Google Account for which the WAA or sWAA setting was turned off at any time during the Class Period.

29.     Industry standard best practices for Email Notice efforts should be followed.  The Email Notice should be drafted in such a way that the subject line, the sender, and the body of the message overcome SPAM filters and ensure readership to the fullest extent reasonably practicable. The Email Notice should use an embedded html text format.  This format provides easy to read text without graphics, images and other elements that would increase the likelihood that the message could be blocked by Internet Service Providers (ISPs) and/or SPAM filters.  The Email Notices should be sent from an IP address known to major email providers as one not used to send bulk "SPAM" or "junk" email blasts.  Each Email Notice should be transmitted with a digital signature to the header and content of the Email Notice, which will allow ISPs to programmatically authenticate that the Email Notices are from authorized mail servers.  Each Email Notice should be transmitted with a unique message identifier.

30.     If an item is returned as undeliverable, commonly referred to as a "bounce," the reason is noted.  For any Email Notice for which a bounce code is received indicating that the

---

[5] Examples of Epiq's experience with sending email notice include: *Zoom Video Communications, Inc. Privacy Litigation*, 3:20-cv-02155 (N.D. Cal.) (more than 158.2 million email notices sent); *In re Morgan Stanley Data Security Litigation*, 1:20-cv-05914 (S.D.N.Y.) (more than 122.5 million email notices sent to more than 90 million class members); and *Zanca et al. v. Epic Games, Inc.*, 21-CVS-534 (Sup. Ct. Wake Cnty., N.C.) (more than 29 million email notices sent).

message was undeliverable, for reasons such as an inactive or disabled account, the recipient's mailbox was full, technical auto-replies, etc., at least two additional attempts should be made to deliver the Notice by email. The Email Notice should include an embedded link to the case website (described in Section IV(E) below). By clicking the link, Class members should be able to easily access information about the case.

31.    At the completion of the email campaign, the administrator should report on the rate of delivered emails. The administrator should provide a detailed, verified accounting of the success rate of the entire direct notice campaign. These results should be analyzed for completeness and any further recommendations, if needed, to ensure that as many Class members as possible are provided with an opportunity to see a notice.

32.    By sending direct email notice to identified Class members, the individual notice efforts of the Notice Plan will provide the best notice practicable. Additionally, the other forms of notice detailed below will independently satisfy the notice requirements of Rule 23 of the Federal Rules of Civil Procedure.

**B.    Direct Notice – Notifications**

33.    It is my understanding from Counsel and Mr. Hochman that Google is able to provide notice of this case to Class members who currently have WAA and/or sWAA off or who had WAA and/or sWAA off at any time during the Class Period when they log into their Google Account. This notice could include a link to the case website with additional information.

34.    In my opinion, this process would not be required to ensure fair and adequate notice to Class members (given the other forms of notice provided for in this Notice Plan) but could be useful in terms of providing a more comprehensive notice to Class members.

**C.    Additional Notice – Overview**

35.    The comprehensive Notice Plan includes a combination of individual direct notice to identified Class members with available contact information via email, and a Media Plan with digital, social media, streaming radio, and streaming TV notice. While this portion of the Notice

Plan is not necessary to meet the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and Due Process, it is intended to increase the scope of the Notice Plan beyond the direct notice methods described above. The Media Plan components of the Notice Plan *alone* (*i.e.*, without email addresses and the direct individual email notice method described in Section IV(A) above) are designed to reach the Target Audience, which is defined as adults 18+ in the United States who use Google, with an approximate 80% reach and an average frequency of 3.5. The 80% reach of the Media Plan is calculated using objective syndicated advertising data relied upon by most advertising agencies and brand advertisers. What this means in practice is that 80% of the Target Audience will see a digital advertisement concerning the case an average of 3.5 times each.

36.     The Media Plan when combined with the direct individual email notice method described above, should reach at least 90 to 95% of the Class members. This is a conservative estimate. The reach will be further enhanced by sponsored search listings (described in Section IV(C)(vi) below) as well as a case website and toll-free telephone support line (described in Section IV(E) below), which are not included in the estimated reach calculations.

37.     The Federal Judicial Center ("FJC") states in the *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* that, "the lynchpin in an objective determination of the adequacy of a proposed notice effort is whether all the notice efforts together will reach a high percentage of the Settlement Class. It is reasonable to reach between 70–95%."[6] Here, we have developed a Notice Plan that will readily achieve a reach at the highest end of this this standard.

   **i.     Notice Planning Methodology**

38.     Rule 23 of the Federal Rules of Civil Procedure directs that notice must be "the best notice that is practicable under the circumstances, including individual notice to all members who

---

[6] FED. JUDICIAL CTR, JUDGES' CLASS ACTION NOTICE AND CLAIMS PROCESS CHECKLIST AND PLAIN LANGUAGE GUIDE 3 (2010), available at FED. JUDICIAL CTR, JUDGES' CLASS ACTION NOTICE AND CLAIMS PROCESS CHECKLIST AND PLAIN LANGUAGE GUIDE 3 (2010), available at https://www.fjc.gov/content/judges-class-action-notice-and-claims-process-checklist-and-plain-language-guide-0.

can be identified through reasonable effort" and "the notice may be by one or more of the following: United States mail, electronic means, or other appropriate means."[7]  The proposed Notice Plan will satisfy these requirements.

39.    In my experience, the combined reach of the Notice Plan of at least 90 to 95% is consistent with or better than other court-approved notice plans, is the best notice practicable under the circumstances of this case and has been designed to satisfy the requirements of due process, including its "desire to actually inform" requirement.[8]

40.    The Media Plan outlined below is strategically designed to provide notice of the case to potential Class members by driving them to the case website where they can learn more about the case, including their rights and options.

41.    Data sources and tools that are commonly employed by experts in this field were used to analyze and develop the media portion of this Notice Plan.  These include MRI-Simmons data,[9] which provides statistically significant readership and product usage data, Comscore,[10] and

---

[7] FRCP 23(c)(2)(B).

[8] *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) ("But when notice is a person's due, process which is a mere gesture is not due process.  The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.  The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected . . ."); *see also In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 567 (9th Cir. 2019) ("To satisfy Rule 23(e)(1), settlement notices must 'present information about a proposed settlement neutrally, simply, and understandably.' 'Notice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'") (citations omitted); N.D. Cal. Procedural Guidance for Class Action Settlements, Preliminary Approval (3) (articulating best practices and procedures for class notice).  Although this case has not reached a settlement at this time, these resources were still be relied upon in the design of the Notice Plan for this case.

[9] MRI-Simmons is a leading source of publication readership and product usage data for the communications industry.  MRI-Simmons is the name for the joint venture of GfK Mediamark Research & Intelligence, LLC ("MRI") and Simmons Market Research.  MRI-Simmons offers comprehensive demographic, lifestyle, product usage and exposure to all forms of advertising media collected from a single sample.  As the leading U.S. supplier of multimedia audience research, the company provides information to magazines, televisions, radio, Internet, and other media, leading national advertisers, and over 450 advertising agencies—including 90 of the top 100 in the United States.  MRI-Simmons's national syndicated data is widely used by companies as the basis for the majority of the media and marketing plans that are written for advertised brands in the U.S.

[10] Comscore is a global internet information provider for planning, transacting and evaluating media across platforms.  With a data footprint that combined digital, linear TV, OTT and theatrical viewership intelligence with advanced audience insights, Comscore allows media buyers and sellers to quantify their multiscreen behavior.  A leader in measuring digital and TV audiences and advertising at scale, Comscore is the industry's emerging, third-party source for reliable and comprehensive cross-platform measurement.

Alliance for Audited Media ("AAM")[11] statements, which certify how many readers buy or obtain copies of publications. These tools, along with demographic breakdowns indicating how many people use each media vehicle, as well as computer software that take the underlying data and factor out the duplication among audiences of various media vehicles, allow us to determine the net (unduplicated) reach of a particular media schedule. We combine the results of this analysis to help determine notice plan sufficiency and effectiveness.

42.    ***Tools and data trusted by the communications industry and courts.*** Virtually all of the nation's largest advertising agency media departments utilize, scrutinize, and rely upon such independent, time-tested data and tools (including net reach and de-duplication analysis methodologies) to guide the billions of dollars of advertising placements that we see today, providing assurance that these figures are not overstated. These analyses and similar planning tools have become standard analytical tools for evaluations of notice programs and have been regularly accepted by courts. For example, most recently in the Northern District of California for *In re: Zoom Video Communications, Inc. Privacy Litigation*, 5:20-cv-02155 and *Yamagata et al. v. Reckitt Benckiser LLC*, 3:17-cv-03529.

43.    In fact, advertising and media planning firms around the world have long relied on audience data and techniques: AAM data has been relied on since 1914;[12] 90 to 100% of media directors use reach and frequency planning;[13] all the leading advertising and communications textbooks cite the need to use reach and frequency planning.[14] According to MRI-Simmons data,

---

[11] Established in 1914 as the Audit Bureau of Circulations ("ABC") and rebranded as Alliance for Audited Media ("AAM") in 2012, AAM is a non-profit cooperative formed by media, advertisers, and advertising agencies to audit the paid circulation statements of magazines and newspapers. AAM is the leading third-party auditing organization in the U.S. It is the industry's leading, neutral source for documentation on the actual distribution of newspapers, magazines, and other publications. Widely accepted throughout the industry, it certifies thousands of printed publications as well as emerging digital editions read via tablet subscriptions. Its publication audits are conducted in accordance with rules established by its Board of Directors. These rules govern not only how audits are conducted, but also how publishers report their circulation figures. AAM's Board of Directors is comprised of representatives from the publishing and advertising communities.

[12] https://auditedmedia.com/about/who-we-are.

[13] See generally Peter B. Turk, Effective Frequency Report: Its Use And Evaluation By Major Agency Media Department Executives, 28 J. ADVERTISING RES. 56 (1988); Peggy J. Kreshel et al., How Leading Advertising Agencies Perceive Effective Reach and Frequency, 14 J.ADVERTISING 32 (1985).

[14] Textbook sources that have identified the need for reach and frequency for years include: JACK S. SISSORS & JIM SURMANEK, ADVERTISING MEDIA PLANNING, 57-72 (2d ed. 1982); KENT M. LANCASTER & HELEN

ninety of the top one hundred media firms use MRI-Simmons data, according to Comscore more than 3,200 companies worldwide including Google and other mainstream, prominent brands use Comscore, and at least 25,000 media professionals in 100 different countries use media planning software.[15]

44.     To determine the Target Audience for class action notice planning purposes, most often a proxy audience that closely matches the definition of the class(es) is used.   This is commonplace since the precise definition of the class(es) is not always available as an exact match in the advertising and media planning tools.  The proxy audience is generally the closest/best match to the desired audience, here the defined Classes.  Based on the analysis of the proxy audience within the advertising and media planning tools, the Target Audience is determined.  This method of using a proxy audience is standard practice throughout the advertising industry, beyond class action noticing.[16]

45.     ***Demographics***.  In selecting media to target to the Classes, the demographics of likely Class members were analyzed.  According to MRI-Simmons syndicated media research,[17] the selected Target Audience of adults 18+ in the United States who use Google[18] have the following demographics:

- 48.1% are Men / 51.9% are Women;

- 55.0% are aged 18-49;

E. KATZ, STRATEGIC MEDIA PLANNING 120-156 (1989); DONALD W. JUGENHEIMER & PETER B. TURK, ADVERTISING MEDIA 123-126 (1980); JACK Z. SISSORS & LINCOLN BUMBA, ADVERTISING MEDIA PLANNING 93 122 (4th ed. 1993); JIM SURMANEK, INTRODUCTION TO ADVERTISING MEDIA: RESEARCH, PLANNING, AND BUYING 106-187 (1993).

[15] For example, Telmar, founded in 1968, provides strategic targeting and media planning solutions to advertisers, agencies, data suppliers and media sales houses. Over 25,000 media professionals in 100 countries use Telmar systems for media and marketing planning tools including reach and frequency planning functions.

[16] "If the total population base (or number of class members) is unknown, it is accepted advertising and communication practice to use a *proxy-media* definition, which is based on accepted media research tools and methods that will allow the notice expert to establish that number.  The percentage of the population reached by supporting media can then be established."  *See* Duke Law School, *Guidelines and Best Practices Implementing 2018 Amendments to Rule 23 Class Action Settlement Provisions*, at 56.

[17] MRI-Simmons 2022 Survey of the American Consumer®.

[18] Since the Class members consist of individuals who have a Google Account, a Target Audience of "those who use Google," was selected since it encompasses adults that use Google search as well as other Google products or services such as Gmail, maps, etc.

- 18.7% have a Household Income of $100,000-$149,999;

- 22.7% have a Household Income of $150,000 or more;

- 70.3% Own a Home;

- 16.7% are of Spanish, Hispanic, or Latino Descent;

- 53.1% are Married;

- 89.4% use any Social Networking service;

- 68.2% use *Facebook*;

- 40.3% use *Instagram*;

- 57.4% use *YouTube*;

- 87.1% use any streaming video service (such as a *Netflix*, *Disney+*, *ESPN+*, *Hulu*, etc.);

- 45.0% listen to internet-only radio or other online music/audio service; and

- 100% are online.

### ii. Internet Digital Notice Campaign

46.    Internet advertising has become a standard component in legal notice programs. The internet has proven to be an efficient and cost-effective method to target class members as part of providing notice of a class action case. According to MRI-Simmons data, 100% of adults 18+ in the United States who use Google are online and 89.4% of adults 18+ in the United States who use Google use social media.[19]

47.    The Notice Plan includes targeted digital advertising on selected advertising networks and social media sites in various sizes and formats. The Digital Notices will be targeted to several custom audiences based on the demographics of the Classes. Digital Notices will run on desktop, mobile, and tablet devices. Digital Notices will also be targeted (remarketed) to people who clicked on a Digital Notice. According to MRI-Simmons data, the Target Audience spends an average of 29.86 hours per week on the internet.[20]

---

[19] MRI-Simmons 2022 Survey of the American Consumer®.
[20] MRI-Simmons 2022 Survey of the American Consumer®.

48.    Digital Notices will be placed as targeted digital advertising on selected advertising networks such as *Yahoo!, Basis Technologies*, and possibly the *Google Display Network*.  These advertising networks represent digital properties across all major content categories.  Digital Notices may also be placed on *Gmail.com*.  Digital Notices will include targeting in both English and Spanish to selected target audiences.  All Digital Notices will be designed to encourage participation by Class members—by linking directly to the case website, allowing visitors easy access to relevant information and documents.  Consistent with best practices, the Digital Notices will use language from a proposed Long Form Notice headline, which will allow users to identify themselves as potential Class members.

### iii.    Social Media Digital Notice Campaign

49.    The Digital Notices will also be placed on the leading social media platforms in the United States: such as *Facebook*, *Instagram*, *Twitter*, *TikTok*, *Reddit*, and *YouTube*.  The social media campaign uses an interest-based approach which focuses on the interests that users exhibit while on the social media platforms, capitalizing on the Target Audience's propensity to engage in social media.  According to MRI-Simmons data, the Target Audience spends an average of 15.49 hours per week on social media.[21]

50.    *Facebook* is the leading social networking site in the United States with 179.6 million users[22] and *Instagram* has 120 million active users in the United States.[23]  The Digital Notices on *Facebook* and *Instagram* will be in both English and Spanish.

51.    *Twitter* is a popular microblogging social media website that allows posts/tweets containing images or videos and up to 280 characters.  Users can like, comment, and share/retweet posts.  Twitter has over 76.9 million users in the United States.[24]

---

[21] MRI-Simmons 2022 Survey of the American Consumer®.
[22] https://www.statista.com/statistics/268136/top-15-countries-based-on-number-of-facebook-users/.
[23] https://www.statista.com/topics/1882/instagram/#topicOverview.
[24] https://www.statista.com/statistics/242606/number-of-active-twitter-users-in-selected-countries/.

52.     *TikTok* is a short-form, video sharing app that is immensely popular among younger users.  Videos are in portrait orientation, and most are 30 seconds or less.  The app has over 113 million users in the United States.[25]

53.     *Reddit* is a widely used social forum website that contains more than one million communities known as subreddits.  These communities cover specific topics making this an ideal platform to reach individuals with focused interests.  *Reddit* has over 38 million users in the United States.[26]

54.     Video ads (30-second Videos Notices) will be displayed on *YouTube*, or as video ads on the *Basis Technologies* display ad network providing an easy and accessible way for individuals to learn about the case and be directed to the case website for additional information. *YouTube* is the largest streaming video website in the United States with over 246 million users.[27]

55.     Combined, the media strategies are designed to deliver millions of impressions, nationwide.  The Digital Notices will run for approximately eight weeks after the Notice Plan is launched.  Throughout the implementation of the Notice Plan, the effectiveness of the Digital Notice elements of the Notice Plan will be continuously monitored to ensure impression goals are met.

56.     To combat the possibility of non-human viewership of the digital advertisements and to verify effective unique placements, a third-party ad management platform, such as ClickCease, should be used to audit any Digital Notice ad placements.  This type of platform tracks all Digital Notice ad clicks to provide real-time ad monitoring, fraud traffic analysis, blocks clicks from fraudulent sources, and quarantines dangerous IP addresses.  This helps reduce wasted, fraudulent or otherwise invalid traffic (*e.g.*, ads being seen by 'bots' or non-humans, ads not being viewable).

---

[25] https://www.statista.com/statistics/1299807/number-of-monthly-unique-tiktok-users/.
[26] https://www.statista.com/statistics/1018997/number-of-reddit-users-usa/.
[27] https://www.statista.com/topics/2019/youtube/#topicOverview.

### iv.    Radio Campaign

57.    The radio campaign component of the Notice Plan includes radio spots strategically designed to bring awareness of the case to Class members.  The objective, syndicated data demonstrates that members of the Target Audience listen to radio an average of 15.5 hours per week.[28]  Internet streaming radio spots will focus on stations of general interest and will be served on Spotify and on internet and satellite radio via the Sirius XM Radio (app), which is likely to be listened to by the Target Audience.  Both Spotify and Sirius XM Radio can be played on desktop, mobile, tablet, television, and in automobiles (Sirius XM Radio in automobiles uses satellite signal, however, users can stream the internet enabled content from their phone via Bluetooth).  The radio campaign will consist of 30 second streaming radio spots that will air and are designed to drive individuals to the case website to learn more about the case.  The radio campaign is designed to deliver streaming radio spots nationwide and will run for eight weeks.

### v.    Streaming TV Video Campaign

58.    The streaming TV video campaign component of the Notice Plan utilizes Video Notice on *Hulu*, *Pluto*, *Fubo*, *Sling*, *SamsungTV* to reach members of the Target Audience via smart TVs, desktop, and mobile devices.  The objective syndicated data demonstrates that members of the Target Audience watch an average of 33 hours of TV per week.[29]  The streaming TV video campaign will consist of 30 second spots that will run and are designed to drive individuals to the case website to learn more about the case.  The streaming TV campaign is designed to deliver steaming TV spots nationwide and will run for eight weeks.

### vi.    Sponsored Search Listings

59.    To facilitate locating the case website, sponsored search listings will be acquired on the three most highly-visited internet search engines: *Google*, *Yahoo!*, and *Bing*.  When visitors to these search engines search for selected keyword combinations related to the case, the sponsored search listing advertisement created for this case will be displayed.  Generally, the sponsored

---

[28] MRI-Simmons 2022 Survey of the American Consumer®.
[29] MRI-Simmons 2022 Survey of the American Consumer®.

search listing advertisement will appear at the top of the visitor's website page prior to the search results or in the upper right-hand column of the web-browser screen. The sponsored search listings will be displayed nationwide. All sponsored search listings will link directly to the case website.

### D. Plain Language Notice Design

a) The Notices will be carefully designed in consultation with counsel for the parties, to be "noticed," reviewed, and—by presenting the information in plain language[30]—to be understood by Class members. The design of the Notices will follow the principles embodied in the FJC illustrative "model" notices, posted at www.fjc.gov. Many courts, and the FJC itself, have approved notices that administrators have written and designed in a similar fashion. For example, for the *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179 (E.D. La.), the notice documents were drafted by the administrator in collaboration with counsel for the parties for dual landmark settlement notice programs to distinct "Economic and Property Damages" and "Medical Benefits" settlement classes for BP's $7.8 billion settlement of claims related to the Deepwater Horizon oil spill. The notices were disseminated on 7,900 television spots, 5,200 radio spots, and 5,400 print insertions and reached over 95% of Gulf Coast residents. The Summary Notice (Email Notice) will contain substantial, easy-to-read summaries of key information and dates, and details about the rights and options available to the Class members. All notice documents will undergo a final edit for grammar and accuracy prior to their dissemination.

60. The Long Form Notice will provide substantial information regarding the rights and options available to the Class members. The Long Form Notice will include details regarding the right to opt-out and the deadline to do so, and the dates and locations of relevant Court proceedings. If there is a settlement, the Long Form Notice will also include details for how to object, instructions on how to submit a Claim Form, and the deadlines for these processes.

---

[30] Rule 23(c)(2) of the Federal Rules of Civil Procedure requires class action notices to be written in "plain, easily understood language."

### E.    Case Website and Toll-Free Telephone Support

61.    As part of the Notice Plan, a dedicated website for the case, with an easy to remember domain name, will be created and maintained.  The case website will contain relevant documents and information including: (i) details regarding the ability to opt-out and the deadline to do so, and the dates and locations of relevant Court proceedings; (ii) the toll-free telephone number for the case; and (iii) documents, including the Class Notice (Long Form Notice and Summary Notice) in English and Spanish, relevant Court Orders, and any other relevant Court documents.  In addition, the case website will include answers to frequently asked questions ("FAQs"), contact information for the administrator, and how to obtain other case-related information.  The case website address will be prominently displayed in all notice documents.  If there is a settlement, Class members will also be able to file a Claim on the website.

62.    A toll-free number will be established and will be available to Class members once implementation of the Notice Plan has commenced.  Callers will be able to hear an introductory message and will have the option to learn more about the case in the form of recorded answers to FAQs.  Callers will also have an option to request a Long Form Notice by mail.  The automated telephone system will be available 24 hours per day, 7 days per week.  The toll-free telephone number will be prominently displayed in all notice documents.

63.    A postal mailing address will also be provided, allowing Class members the opportunity to request additional information or ask questions.

## V.    Administrative Experience

### A.    Claims Processing

64.    In the event that claims processing is required with a Settlement, it is recommended that a streamlined online Claim Form module be made available on the case website.  The online Claim Form should be designed to be user-friendly and could be pre-populated with Class member information that is provided to the administrator.  Class members with pre-populated Claim Forms should be able to validate or update the information provided.  The online Claim Form should also

include plain language instructions. Class members should also be able to fully complete and submit an online claim where pre-populated information is not available. If supporting documentation is required, the online claim form should allow Class members to easily update documentation in support of their claim.

65. Class members should also be able to download a Claim Form to complete and submit via mail, along with any supporting documentation, if required.

66. There are administrators that are experienced in reviewing and evaluating claim forms and supporting documentation, ranging from simple to complex submissions with detailed document review to determine eligibility across various types of cases. There are administrators that are also experienced in handling and evaluating large volumes of claim form submissions. For example, for the *In re: Zoom Video Communications, Inc. Privacy Litigation,* 5:20-cv-02155 (N.D. Cal.), the notice and settlement administration were handled for the $85 million class action privacy settlement involving Zoom, the most popular videoconferencing platform. The lawsuit focused on alleged privacy and security issues with the Zoom Meetings Application ("App"). The lawsuit alleged that Zoom (i) shared certain information with third parties, (ii) should have done more to prevent unwanted meeting disruptions by third parties, and (iii) advertised its Zoom Meetings App as being encrypted "end-to-end" when Plaintiffs contend it was not at that time. As of result of an extensive Notice Program, more than 1.4 million Claim Forms were received and processed for paid subscription claims and user claims for registered or unregistered users.

**B.    Data Privacy and Security**

67. Security and data privacy are paramount to class action notice and administration. The administrator should have policies and procedures in place to secure the physical and network environments and to ensure the protection and security of class data.

68. I am familiar with the N.D. Cal. *Procedural Guidance for Class Action Settlements, Preliminary Approval, Settlement Administration* (2)(b) (articulating best practices and procedures

regarding settlement administrator's procedures for securely handling class member data, etc.), which were recently updated.[31]

69.    For this case, it is anticipated that the administrator would receive data for Class members solely for the purpose of providing notice and handling the administration.    The administrator should not use such information or information to be provided by Class members for any other purpose than the administration in this case, specifically the information should not be used, disseminated, or disclosed by or to any other person for any other purpose.

70.    The security and privacy of clients' and class members' information and data are paramount.  The administrator should have a layered and robust set of trusted security personnel, controls, and technology to protect the data for the case.  To promote a secure environment for client and class member data, industry leading firewalls and intrusion prevention systems should be in place to protect and monitor the administrator's network perimeter with regular vulnerability scans and penetration tests.  The administrator should deploy best-in-class endpoint detection, response, and anti-virus solutions on endpoints and servers.  Strong authentication mechanisms and multi-factor authentication should be required for access to the administrator's systems and the data to be protected.  In addition, the administrator should have employed the use of behavior and signature-based analytics as well as monitoring tools across their entire network, which are managed 24 hours per day, 7 days per week, by a team of experienced professionals.

71.    The administrator's data centers should be defended by multi-layered, physical access security, including formal ID and prior approval before access is granted, CCTV, alarms, biometric devices, and security guards, 24 hours per day, 7 days per week.  The administrator should manage minimum Tier 3+ data centers.  The administrator's centers should have robust environmental controls including UPS, fire detection and suppression controls, flood protection, and cooling systems.

---

[31] N.D. Cal. *Procedural Guidance for Class Action Settlements*, published November 1, 2018; modified December 5, 2018, and August 4, 2022.

72.     Beyond technology, the administrator's team should play a vital role in protecting class members' and clients' information.  The administrator should have a dedicated information security team comprised of highly trained, experienced, and qualified security professionals.  The administrator's teams should stay on top of important security issues and retain important industry standard certifications, like SANS, CISSP, and CISA.  The administrator should also partner with best-in-class security service providers.  The administrator should maintain robust policies and processes to cover all aspects of information security as part of an industry leading security and compliance program, which is regularly assessed by independent third parties.

73.     The administrator should hold industry certifications including: TISAX, Cyber Essentials, Privacy Shield, and ISO 27001.  In addition to retaining these certifications, the administrator should be aligned to HIPAA, NIST, and FISMA frameworks and follow local, national, and international privacy regulations.  To support business and staff, the administrator should have a dedicated team to facilitate and monitor compliance with privacy policies and be committed to a culture of security mindfulness.  All employees of the administrator should routinely undergo cybersecurity trainings to ensure that safeguarding information and cybersecurity vigilance is a core practice in all aspects of the work the administrator's teams complete.

### C.     Class Member Experience

74.     The administrator should provide services for assisting class members, including courteous and knowledgeable contact center agents to help callers with their requests regarding the case.  Given the size of the Classes in this case and the potential call volume by Class members, the administrator should have the capacity to handle thousands of simultaneous telephone Interactive Voice Response (IVR) calls and tens of thousands of calls with agents each day.  To ensure a high level of quality, the administrator's teams should undergo extensive training on the specifics of the case so that class members receive accurate and consistent information regarding the case and settlement.

### D.     Distribution of Any Benefits

75.     Aside from traditional check payments, the administrator should be at the forefront of offering multiple digital payment options, such as PayPal, Venmo, Amazon, and virtual pre-paid cards.

76.     Depending on the volume of eligible awards and case-specific requirements, payments may be disbursed in a single day or staggered over a few business days once the claims process and review are complete, and calculations performed.  The primary benefit of staggering the distribution, if deemed appropriate, would be to alleviate overwhelming spikes to the contact center, allowing the administrator to provide the best service and responsiveness to Class members. Once claims are assessed and awards are determined, a reasonable disbursement schedule should be determined based on the details and requirements of the administration.

## VI.     Conclusion

77.     In class action notice planning, execution, and analysis, we are guided by due process considerations under the United States Constitution, by federal and/or state statutes, court rules, case law, and the recognized notice standards under Rule 23 of the Federal Rules of Civil Procedure.  This framework directs that a notice plan be optimized to reach the class, and to provide class members with easy access to the details of how the class action may impact their rights.  All these requirements will be met in this case with the Notice Plan.

78.     The comprehensive Notice Plan includes a combination of individual direct notice to identified Class members via email, and a Media Plan with digital, social media, streaming radio, and streaming TV notice.  The Media Plan portion of the Notice Plan alone is designed to reach at least 80% of the Target Audience with an average frequency of 3.5 times each.  Combined with the individual notice efforts, the Notice Plan will reach at least 90 to 95% of the Class members.  The reach will be further enhanced by sponsored search listings and a case website, which are not included in the estimated reach calculation.  In my opinion, it is administratively feasible to carry out this Notice Plan and notify Class members of this case and any settlement.

79.     In my opinion, the Notice Plan follows the guidance for how to satisfy due process obligations that a notice expert gleans from the United States Supreme Court's seminal decisions, which are: a) to endeavor to actually inform the class,[32] and b) to demonstrate that notice is reasonably calculated to do so.[33]

80.     Based on my extensive experience of designing and implementing class action notice programs, it is my opinion that the Notice Plan will provide the best notice practicable under the circumstances of this case, conform to all aspects of Rule 23 of the Federal Rules of Civil Procedure, comport with the guidance for effective notice articulated in the Manual for Complex Litigation 4th Ed and FJC guidance, and meet the requirements of due process, including its "desire to actually inform" requirement.

81.     The Notice Plan schedule will afford enough time to provide full and proper notice to Class members before any opt-out or objection deadline.  Class members will be provided with a sufficient time to opt-out or object, and no fewer than 35 days from the notice completion date until the opt-out and objection deadline.[34]

82.     At the conclusion of the Notice Plan, a final report would be provided, verifying the effective implementation of the Notice Plan.

Respectfully,

_____            _February 20, 2023_____
Cameron R. Azari, Esq.                     Date

---

[32] "But when notice is a person's due, process which is a mere gesture is not due process.  The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it," *Mullane v. Central Hanover Trust*, 339 U.S. 306, 315 (1950).

[33] "[N]otice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) citing *Mullane* at 314.

[34] Although this case has not reached a settlement at this time, the N.D. Cal. Procedural Guidance for Class Action Settlements, Preliminary Approval (9) regarding the timeline for class members to opt-out will be followed.

Attachment 1

# HILSOFT
# NOTIFICATIONS

Hilsoft Notifications ("Hilsoft") is a leading provider of legal notice services for large-scale class action and bankruptcy matters. We specialize in providing quality, expert, notice plan development. Our notice programs satisfy due process requirements and withstand judicial scrutiny. Hilsoft is a business unit of Epiq Class Action & Claims Solutions, Inc. ("Epiq"). Hilsoft has been retained by defendants or plaintiffs for more than 550 cases, including more than 70 MDL case settlements, with notices appearing in more than 53 languages and in almost every country, territory, and dependency in the world. For more than 25 years, Hilsoft's notice plans have been approved and upheld by courts. Case examples include:

➢ Hilsoft designed and implemented an extensive notice plan for a $85 million privacy settlement involving Zoom, the most popular videoconferencing platform. Notice was sent to more than 158 million class members by email or mail and millions of reminder notices were sent to stimulate claim filings. The individual notice efforts reached 91% of the class and were enhanced by supplemental media provided with regional newspaper notice, nationally distributed digital and social media notice efforts (delivering more than 280 million impressions), sponsored search, an informational release, and a settlement website. ***In Re: Zoom Video Communications, Inc. Privacy Litigation***, 3:20-cv-02155 (N.D. Cal.).

➢ For a $50 million settlement on behalf of certain purchasers of Schiff Move Free® Advanced glucosamine supplements, nearly 4 million email notices and 1.1 million postcard notices were sent. The individual notice efforts sent by Hilsoft were delivered to 98.5% of the identified class sent notice. A media campaign with banner notices and sponsored search combined with the individual notice efforts reached at least 80% of the class. ***Yamagata et al. v. Reckitt Benckiser LLC***, 3:17-cv-03529 (N.D. Cal.).

➢ Hilsoft designed and implemented an extensive individual notice program for a $60 million settlement for Morgan Stanley Smith Barney's account holders in response to "Data Security Incidents." More than 13.8 million email or mailed notices were delivered, reaching approximately 90% of the identified potential settlement class members. The individual notice efforts were supplemented with nationwide newspaper notice and a settlement website. ***In re Morgan Stanley Data Security Litigation***, 1:20-cv-05914 (S.D.N.Y.).

➢ In response to largescale municipal water contamination in Flint, Michigan, Hilsoft's expertise was relied upon to design and implement a comprehensive notice program. Direct mail notice packages and reminder email notices were sent to identified class members with contact information. In addition, Hilsoft implemented an extensive media plan with local newspaper publications, online video and audio ads, local television and radio ads, sponsored search, an informational release, and a website. The media plan also included banner and social media notices geo-targeted to Flint, Michigan and the state of Michigan. Combined, the notice program individual notice and media efforts reached over 95% of the class. ***In re Flint Water Cases***, 5:16-cv-10444, (E.D. Mich.).

➢ Hilsoft implemented an extensive notice program for several settlements alleging improper collection and sharing of personally identifiable information (PII) of drivers on certain toll roads in California. The settlements provided benefits of more than $175 million, including penalty forgiveness. Combined, more than 13.8 million email or postcard notices were sent, reaching 93% - 95% of class members across all settlements. Individual notice was supplemented with banner notices and publication notices in select newspapers all geo-targeted within California. Sponsored search and a settlement website extended the reach of the notice program. ***In re Toll Roads Litigation***, 8:16-cv-00262 (C.D. Cal.).

➢ Hilsoft developed an extensive media-based notice program for a settlement regarding Walmart weighted goods pricing. Notice consisted of highly visible national consumer print publications and targeted digital banner notices and social media. The banner notices generated more than 522 million impressions. Sponsored search, an informational release, and a settlement website expanded the reach. The notice program reached approximately 75% of the class an average of 3.5 times each. ***Kukorinis v. Walmart, Inc.***, 1:19-cv-20592 (S.D. Fla.).

➢ Hilsoft provided notice for the $113 million lithium-ion batteries antitrust litigation settlements with individual notice via email to millions of class members, banner and social media ads, an informational release, and a settlement website. ***In re: Lithium Ion Batteries Antitrust Litigation***, 4:13-md-02420, MDL No. 2420 (N.D. Cal.).

➢ For a $26.5 million settlement, Hilsoft implemented an extensive notice program targeted to people aged 13+ in the U.S. who exchanged or purchased in-game virtual currency for use within *Fortnite* or *Rocket League*. More than 29 million email notices and 27 million reminder notices were sent to class members. In addition, a targeted media notice program was implemented with internet banner and social media notices, *Reddit* feed ads, and *YouTube* pre-roll ads, generating more than 350.4 million impressions. Combined, the notice efforts reached approximately 93.7% of the class. ***Zanca et al. v. Epic Games, Inc.***, 21-CVS-534 (Sup. Ct. Wake Cnty., N.C.).

➢ Hilsoft designed and implemented numerous monumental notice campaigns to notify current or former owners or lessees of certain BMW, Mazda, Subaru, Toyota, Honda, Nissan, Ford, and Volkswagen vehicles as part of $1.91 billion in settlements regarding Takata airbags. The Notice Plans included individual mailed notice to more than 61.8 million potential class members and notice via consumer publications, U.S. Territory newspapers, radio, internet banners, mobile banners, and other behaviorally targeted digital media. Combined, the Notice Plans reached more than 95% of adults aged 18+ in the U.S. who owned or leased a subject vehicle with a frequency of 4.0 times each. ***In re: Takata Airbag Products Liability Litigation* (OEMS – BMW, Mazda, Subaru, Toyota, Honda, Nissan, Ford, and Volkswagen)**, MDL No. 2599 (S.D. Fla.).

➢ For a landmark $6.05 billion settlement reached by Visa and MasterCard in 2012, Hilsoft implemented an intensive notice program with more than 19.8 million direct mail notices to class members together with insertions in mor than 1,500 newspapers, consumer magazines, national business publications, trade and specialty publications, and included notices in multiple languages. An extensive online notice campaign with banner notices generated more than 770 million adult impressions supported by a settlement website in eight languages, and acquisition of sponsored search listings to facilitate locating the website. For the subsequent, superseding $5.54 billion settlement reached by Visa and MasterCard in 2019, Hilsoft implemented an extensive notice program with more than 16.3 million direct mail notices to class members together with over 354 print publication insertions and banner notices, generating more than 689 million adult impressions. ***In re: Payment Card Interchange Fee and Merchant Discount Antitrust Litigation***, 1:05-md-01720, MDL No. 1720 (E.D.N.Y.).

➢ For a $250 million settlement with approximately 4.7 million class members, Hilsoft designed and implemented a notice program with individual notice via postcard or email to approximately 1.43 million class members and a robust publication program, combined reaching approximately 78.8% of all U.S. adults aged 35+ approximately 2.4 times each. ***Hale v. State Farm Mutual Automobile Insurance Company et al.***, 3:12-cv-00660 (S.D. Ill.).

➢ Hilsoft designed and implemented an extensive individual notice program with 8.6 million double-postcard notices and 1.4 million email notices. The notices informed class members of a $32 million settlement for a security incident regarding class members' personal information stored in Premera's computer network. The individual notice efforts reached 93.3% of the settlement class. A settlement website, an informational release, and a geo-targeted publication notice further enhanced the notice efforts. ***In re: Premera Blue Cross Customer Data Security Breach Litigation***, 3:15-md-2633 (D. Ore.).

➢ For a $20 million Telephone Consumer Protection Act settlement, Hilsoft created a notice program with mail or email to more than 6.9 million class members and media noticing via newspaper and internet banner ads, combined reaching approximately 90.6% of the settlement class. ***Vergara et al., v. Uber Technologies, Inc.***, 1:15-cv-06972 (N.D. Ill.).

➢ An extensive notice effort for asbestos personal injury claims and rights as to Debtors' Joint Plan of Reorganization and Disclosure Statement was designed and implemented by Hilsoft. The notice program included nationwide consumer print publications, trade and union labor publications, internet banner ads, an informational release, and a website. ***In re: Kaiser Gypsum Company, Inc. et al.***, 16-cv-31602 (Bankr. W.D. N.C.).



PORTLAND AREA OFFICE    10300 SW ALLEN BLVD    BEAVERTON, OR 97005    T 503-597-7697

➢ A comprehensive notice program within the *Volkswagen Emissions Litigation* provided individual notice to more than 946,000 vehicle owners via first class mail and to more than 855,000 vehicle owners via email. A targeted internet campaign further enhanced the notice effort. *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Product Liability Litigation (Bosch Settlement)*, MDL No. 2672 (N.D. Cal.).

➢ Hilsoft designed a notice program with extensive data acquisition and mailed notice to inform owners and lessees of specific models of Mercedes-Benz vehicles. The notice program reached approximately 96.5% of all class members. *Callaway v. Mercedes-Benz USA, LLC*, 8:14-cv-02011 (C.D. Cal.).

➢ Hilsoft provided notice for both the class certification and the settlement phases of the case. The individual notice efforts included postcard notices to more than 2.3 million class members, reaching 96% of the class. A publication notice in a national newspaper, targeted internet banner ads, and a website further extended the reach of the notice plan. *Waldrup v. Countrywide Financial Corporation et al.*, 2:13-cv-08833 (C.D. Cal.).

➢ Hilsoft designed and implemented an extensive settlement notice plan for a class period spanning more than 40 years for smokers of light cigarettes. The notice plan delivered a measured reach of approximately 87.8% of Arkansas adults 25+ with a frequency of 8.9 times and approximately 91.1% of Arkansas adults 55+ with a frequency of 10.8 times. Spanish language newspaper notice, an informational release, radio public service announcements ("PSAs"), sponsored search listings, and a case website further enhanced reach. *Miner v. Philip Morris USA, Inc.*, 60CV03-4661 (Ark. Cir. Ct.).

➢ Hilsoft oversaw a large asbestos bankruptcy bar date notice effort with individual notice, national consumer publications, hundreds of local and national newspapers, Spanish language newspapers, union labor publications, and digital media to reach the target audience. *In re: Energy Future Holdings Corp. et al.*, 14-10979 (Bankr. D. Del.).

➢ Overdraft fee class actions have been brought against nearly every major U.S. commercial bank. For related settlements from 2010-2020, Hilsoft developed programs integrating individual notice, and in some cases paid media efforts. Fifth Third Bank, National City Bank, Bank of Oklahoma, Webster Bank, Harris Bank, M& I Bank, PNC Bank, Compass Bank, Commerce Bank, Citizens Bank, Great Western Bank, TD Bank, BancorpSouth, Comerica Bank, Susquehanna Bank, Associated Bank, Capital One, M&T Bank, Iberiabank and Synovus are among the more than 20 banks that have retained Epiq (Hilsoft). *In re: Checking Account Overdraft Litigation*, MDL No. 2036 (S.D. Fla.).

➢ For one of the largest and most complex class action cases in Canadian history, Hilsoft designed and implemented groundbreaking notice to disparate, remote Indigenous people in this multi-billion-dollar settlement. *In re: Residential Schools Class Action Litigation*, 00-cv-192059 CPA (Ont. Super. Ct.).

➢ For BP's $7.8 billion settlement related to the Deepwater Horizon oil spill, possibly the most complex class action case in U.S. history, Hilsoft drafted and opined on all forms of notice. The dual notice program to "Economic and Property Damages" and "Medical Benefits" settlement classes as designed by Hilsoft reached at least 95% Gulf Coast region adults via more than 7,900 television spots, 5,200 radio spots, 5,400 print insertions in newspapers, consumer publications, and trade journals, digital media, and individual notice. Subsequently, Hilsoft designed one of the largest claim deadline notice campaigns ever implemented, resulting in a combined measurable paid print, television, radio, and internet effort, reaching in excess of 90% of adults aged 18+ in the 26 identified DMAs covering the Gulf Coast Areas an average of 5.5 times each. *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179 (E.D. La.).

➢ Extensive point of sale notice effort with 100 million notices distributed to Lowe's purchasers during a six-week period regarding a Chinese drywall settlement. *Vereen v. Lowe's Home Centers*, SU10-cv-2267B (Ga. Super. Ct.).



**LEGAL NOTICING EXPERTS**

### _Cameron Azari, Esq., Epiq Senior Vice President, Hilsoft Director of Legal Notice_

Cameron Azari, Esq. has more than 22 years of experience in the design and implementation of legal notice and claims administration programs. He is a nationally recognized expert in the creation of class action notification campaigns in compliance with Fed R. Civ. P. 23(c)(2) (d)(2) and (e) and similar state class action statutes. Cameron has been responsible for hundreds of legal notice and advertising programs. During his career, he has been involved in an array of high profile class action matters, including _In Re: Zoom Video Communications, Inc. Privacy Litigation, In re: Takata Airbag Products Liability Litigation, In re Flint Water Cases, In re: Payment Card Interchange Fee and Merchant Discount Antitrust Litigation_ (MasterCard & Visa)_, In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Product Liability Litigation_ (Bosch Settlement)_, In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, In re: Checking Account Overdraft Litigation,_ and _In re: Residential Schools Class Action Litigation._ He is an active author and speaker on a broad range of legal notice and class action topics ranging from FRCP Rule 23, email noticing, response rates, and optimizing settlement effectiveness. Cameron is an active member of the Oregon State Bar. He received his B.S. from Willamette University and his J.D. from Northwestern School of Law at Lewis and Clark College. Cameron can be reached at caza@legalnotice.com.

### _Kyle Bingham, Director – Epiq Legal Noticing_

Kyle Bingham has 15 years of experience in the advertising industry. At Hilsoft and Epiq, Kyle is responsible for overseeing the research, planning, and execution of advertising campaigns for legal notice programs including class action, bankruptcy and other legal cases. Kyle has been involved in the design and implementation of numerous legal notice campaigns, including _In re: Takata Airbag Products Liability Litigation, Zanca et al. v. Epic Games, Inc., Kukorinis v. Walmart, Inc., In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Product Liability Litigation (Bosch), In re: Payment Card Interchange Fee and Merchant Discount Antitrust Litigation (MasterCard & Visa), In re: Energy Future Holdings Corp. et al. (Asbestos Claims Bar Notice), In re: Residential Schools Class Action Litigation, Hale v. State Farm Mutual Automobile Insurance Company,_ and _In re: Checking Account Overdraft Litigation._ Prior to joining Epiq and Hilsoft, Kyle worked at Wieden+Kennedy for seven years, an industry-leading advertising agency where he planned and purchased print, digital and broadcast media, and presented strategy and media campaigns to clients for multi-million-dollar branding campaigns and regional direct response initiatives. He received his B.A. from Willamette University. Kyle can be reached at kbingham@epiqglobal.com.

### _Stephanie Fiereck, Esq., Director of Legal Noticing_

Stephanie Fiereck has more than 20 years of class action, bankruptcy, and litigation experience. She has worked on all aspects of class action settlement administration, including pre-settlement class action legal noticing work with clients and complex claims administration. Stephanie is responsible for assisting clients with drafting detailed legal noticing documents, writing declarations, as well as managing several specialized notice processes, including CAFA noticing. During her career, she has written more than 1,000 declarations while working on an array of cases including: _In Re: Zoom Video Communications, Inc. Privacy Litigation, In re: Takata Airbag Products Liability Litigation, In re Flint Water Cases, In re: Payment Card Interchange Fee and Merchant Discount Antitrust Litigation_ (MasterCard & Visa)_, In re: Energy Future Holdings Corp. et al._ (Asbestos Claims Bar Notice)_, Hale v. State Farm Mutual Automobile Insurance Company, In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010,_ and _In re: Checking Account Overdraft Litigation._ Stephanie has handled more than 375 CAFA notice mailings. Prior to joining Hilsoft, she was a Vice President at Wells Fargo Bank for five years where she led the class action services business unit. She has authored numerous articles regarding legal notice and settlement administration. Stephanie is an active member of the Oregon State Bar. She received her B.A. from St. Cloud State University and her J.D. from the University of Oregon School of Law. Stephanie can be reached at sfie@epiqglobal.com.

### _Lauran Schultz, Epiq Managing Director_

Lauran Schultz consults with Hilsoft clients on complex noticing issues. Lauran has more than 20 years of experience as a professional in the marketing and advertising field, specializing in legal notice and class action administration since 2005. High profile actions he has been involved in include working with companies such as BP, Bank of America, Fifth Third Bank, Symantec Corporation, Lowe's Home Centers, First Health, Apple, TJX, CNA and Carrier Corporation. Prior to joining Epiq in 2005, Lauran was a Senior Vice President of Marketing at National City Bank in Cleveland, Ohio. Lauran's education includes advanced study in political science at the University of Wisconsin-Madison along with a Ford Foundation fellowship from the Social Science Research Council and American Council of Learned Societies. Lauran can be reached at lschultz@hilsoft.com.



### ARTICLES AND PRESENTATIONS

➤ **Cameron Azari** Chair, "Panel Discussion: Class Actions Case Management." Global Class Actions Symposium 2021, London, UK, Nov. 16, 2021.

➤ **Cameron Azari** Speaker, "Mass Torts Made Perfect Bi-Annual Conference." Class Actions Abroad, Las Vegas, NV, Oct. 13, 2021.

➤ **Cameron Azari** Speaker, "Virtual Global Class Actions Symposium 2020, Class Actions Case Management Panel." Nov. 18, 2020.

➤ **Cameron Azari** Speaker, "Consumers and Class Action Notices: An FTC Workshop." Federal Trade Commission, Washington, DC, Oct. 29, 2019.

➤ **Cameron Azari** Speaker, "The New Outlook for Automotive Class Action Litigation: Coattails, Recalls, and Loss of Value/Diminution Cases." ACI's Automotive Product Liability Litigation Conference." American Conference Institute, Chicago, IL, July 18, 2019.

➤ **Cameron Azari** Moderator, "Prepare for the Future of Automotive Class Actions." Bloomberg Next, Webinar-CLE, Nov. 6, 2018.

➤ **Cameron Azari** Speaker, "The Battleground for Class Certification: Plaintiff and Defense Burdens, Commonality Requirements and Ascertainability." 30th National Forum on Consumer Finance Class Actions and Government Enforcement, Chicago, IL, July 17, 2018.

➤ **Cameron Azari** Speaker, "Recent Developments in Class Action Notice and Claims Administration." PLI's Class Action Litigation 2018 Conference, New York, NY, June 21, 2018.

➤ **Cameron Azari** Speaker, "One Class Action or 50? Choice of Law Considerations as Potential Impediment to Nationwide Class Action Settlements." 5th Annual Western Regional CLE Program on Class Actions and Mass Torts. Clyde & Co LLP, San Francisco, CA, June 22, 2018.

➤ **Cameron Azari** and **Stephanie Fiereck** Co-Authors, *A Practical Guide to Chapter 11 Bankruptcy Publication Notice*. E-book, published, May 2017.

➤ **Cameron Azari** Featured Speaker, "Proposed Changes to Rule 23 Notice and Scrutiny of Claim Filing Rates," DC Consumer Class Action Lawyers Luncheon, Dec. 6, 2016.

➤ **Cameron Azari** Speaker, "Recent Developments in Consumer Class Action Notice and Claims Administration." Berman DeValerio Litigation Group, San Francisco, CA, June 8, 2016.

➤ **Cameron Azari** Speaker, "2016 Cybersecurity & Privacy Summit. Moving From 'Issue Spotting' To Implementing a Mature Risk Management Model." King & Spalding, Atlanta, GA, Apr. 25, 2016.

➤ **Stephanie Fiereck** Author, "Tips for Responding to a Mega-Sized Data Breach." *Law360,* May 2016.

➤ **Cameron Azari** Speaker, "Live Cyber Incident Simulation Exercise." Advisen's Cyber Risk Insights Conference, London, UK, Feb. 10, 2015.

➤ **Cameron Azari** Speaker, "Pitfalls of Class Action Notice and Claims Administration." PLI's Class Action Litigation 2014 Conference, New York, NY, July 9, 2014.

➤ **Cameron Azari** and **Stephanie Fiereck** Co-Authors, "What You Need to Know About Frequency Capping In Online Class Action Notice Programs." *Class Action Litigation Report*, June 2014.

➤ **Cameron Azari** Speaker, "Class Settlement Update – Legal Notice and Court Expectations." PLI's 19th Annual Consumer Financial Services Institute Conference, New York, NY, Apr. 7-8, 2014.



➢ **Cameron Azari** Speaker, "Class Settlement Update – Legal Notice and Court Expectations." PLI's 19th Annual Consumer Financial Services Institute Conference, Chicago, IL, Apr. 28-29, 2014.

➢ **Stephanie Fiereck** Author, "Planning For The Next Mega-Sized Class Action Settlement." *Law360,* Feb. 2014.

➢ **Cameron Azari** Speaker, "Legal Notice in Consumer Finance Settlements - Recent Developments." ACI's Consumer Finance Class Actions and Litigation, New York, NY, Jan. 29-30, 2014.

➢ **Cameron Azari** Speaker, "Legal Notice in Building Products Cases." HarrisMartin's Construction Product Litigation Conference, Miami, FL, Oct. 25, 2013.

➢ **Cameron Azari** and **Stephanie Fiereck** Co-Authors, "Class Action Legal Noticing: Plain Language Revisited." *Law360*, Apr. 2013.

➢ **Cameron Azari** Speaker, "Legal Notice in Consumer Finance Settlements Getting your Settlement Approved." ACI's Consumer Finance Class Actions and Litigation, New York, NY, Jan. 31-Feb. 1, 2013.

➢ **Cameron Azari** Speaker, "Perspectives from Class Action Claims Administrators: Email Notices and Response Rates." CLE International's 8th Annual Class Actions Conference, Los Angeles, CA, May 17-18, 2012.

➢ **Cameron Azari** Speaker, "Class Action Litigation Trends: A Look into New Cases, Theories of Liability & Updates on the Cases to Watch." ACI's Consumer Finance Class Actions and Litigation, New York, NY, Jan. 26-27, 2012.

➢ **Lauran Schultz** Speaker, "Legal Notice Best Practices: Building a Workable Settlement Structure." CLE International's 7th Annual Class Action Conference, San Francisco, CA, May 2011.

➢ **Cameron Azari** Speaker, "Data Breaches Involving Consumer Financial Information: Litigation Exposures and Settlement Considerations." ACI's Consumer Finance Class Actions and Litigation, New York, NY, Jan. 2011.

➢ **Cameron Azari** Speaker, "Notice in Consumer Class Actions: Adequacy, Efficiency and Best Practices." CLE International's 5th Annual Class Action Conference: Prosecuting and Defending Complex Litigation, San Francisco, CA, 2009.

➢ **Lauran Schultz** Speaker, "Efficiency and Adequacy Considerations in Class Action Media Notice Programs." Chicago Bar Association, Chicago, IL, 2009.

➢ **Cameron Azari** Author, "Clearing the Five Hurdles of Email - Delivery of Class Action Legal Notices." *Thomson Reuters Class Action Litigation Reporter*, June 2008.

➢ **Cameron Azari** Speaker, "Planning for a Smooth Settlement." ACI: Class Action Defense – Complex Settlement Administration for the Class Action Litigator, Phoenix, AZ, 2007.

➢ **Cameron Azari** Speaker, "Structuring a Litigation Settlement." CLE International's 3rd Annual Conference on Class Actions, Los Angeles, CA, 2007.

➢ **Cameron Azari** Speaker, "Noticing and Response Rates in Class Action Settlements" – Class Action Bar Gathering, Vancouver, British Columbia, 2007.

➢ **Cameron Azari** Speaker, "Notice and Response Rates in Class Action Settlements" – Skadden Arps Slate Meagher & Flom, LLP, New York, NY, 2006.

➢ **Cameron Azari** Speaker, "Notice and Response Rates in Class Action Settlements" – Bridgeport Continuing Legal Education, Class Action and the UCL, San Diego, CA, 2006.

➢ **Stephanie Fiereck** Author, "Consultant Service Companies Assisting Counsel in Class-Action Suits." *New Jersey Lawyer*, Vol. 14, No. 44, Oct. 2005.



➤ **Stephanie Fiereck** Author, "Expand Your Internet Research Toolbox." The American Bar Association, *The Young Lawyer*, Vol. 9, No. 10, July/Aug. 2005.

➤ **Stephanie Fiereck** Author, "Class Action Reform: Be Prepared to Address New Notification Requirements." BNA, Inc. The Bureau of National Affairs, Inc. *Class Action Litigation Report*, Vol. 6, No. 9, May 2005.

➤ **Cameron Azari** Speaker, "Notice and Response Rates in Class Action Settlements" – Stoel Rives Litigation Group, Portland, OR / Seattle, WA / Boise, ID / Salt Lake City, UT, 2005.

➤ **Cameron Azari** Speaker, "Notice and Response Rates in Class Action Settlements" – Stroock & Stroock & Lavan Litigation Group, Los Angeles, CA, 2005.

➤ **Stephanie Fiereck** Author, "Bankruptcy Strategies Can Avert Class Action Crisis." TMA - *The Journal of Corporate* Renewal, Sept. 2004.

➤ **Cameron Azari** Author, "FRCP 23 Amendments: Twice the Notice or No Settlement." Current Developments – Issue II, Aug. 2003.

➤ **Cameron Azari** Speaker, "A Scientific Approach to Legal Notice Communication" – Weil Gotshal Litigation Group, New York, NY, 2003.


## JUDICIAL COMMENTS


**Judge Paul A. Engelmayer,** *In re Morgan Stanley Data Security Litigation* (Aug. 5, 2022) 1:20-cv-05914 (S.D.N.Y.):

> *The Court finds that the emailed and mailed notice, publication notice, website, and Class Notice plan implemented pursuant to the Settlement Agreement and Judge Analisa Torres' Preliminary Approval Order: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to appraise Settlement Class Members of the pendency of this Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of their right to exclude themselves from or object to the proposed Settlement, of their right to appear at the Fairness Hearing, of the Claims Process, and of Class Counsel's application for an award of attorneys' fees, for reimbursement of expenses associated with the Action, and any Service Award; (d) provided a full and fair opportunity to all Settlement Class Members to be heard with respect to the foregoing matters; (e) constituted due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (f) met all applicable requirements of Rule 23 of the Federal Rule of Civil Procedure, the United States Constitution, including the Due Process Clause, and any other applicable rules of law.*


**Judge Denise Page Hood,** *Bleachtech L.L.C. v. United Parcel Service Co.* (July 20, 2022) 14-cv-12719 (E.D. Mich.):

> *The Settlement Class Notice Program, consisting of, among other things, the Publication Notice, Long Form Notice, website, and toll-free telephone number, was the best notice practicable under the circumstances. The Notice Program provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice and said notice fully satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution, which include the requirement of due process.*


**Judge Robert E. Payne,** *Skochin et al. v. Genworth Life Insurance Company et al.* (June 29, 2022) 3:21-cv-00019 (E.D. Vir.):

> *The Court finds that the plan to disseminate the Class Notice and Publication Notice the Court previously approved has been implemented and satisfies the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process. The Class Notice, which the Court approved, clearly defined the Class and explained the rights and obligations of the Class Members. The Class Notice explained how to obtain benefits under the Settlement, and how to contact Class Counsel and the Settlement Administrator. The Court appointed Epiq Class Action & Claims Solutions, Inc. ("Epiq") to fulfill the Settlement Administrator duties and disseminate the Class Notice and Publication Notice. The Class Notice and Publication Notice permitted Class Members to access information and documents about the case to inform their decision about whether to opt out of or object to the Settlement.*



PORTLAND AREA OFFICE      10300 SW ALLEN BLVD      BEAVERTON, OR 97005      T 503-597-7697

**Judge Fernando M. Olguin,** *Johnson v. Moss Bros. Auto Group, Inc. et al.* (June 24, 2022) 5:19-cv-02456 (C.D. Cal.):

> *Here, after undertaking the required examination, the court approved the form of the proposed class notice. (See Dkt. 125, PAO at 18-21). As discussed above, the notice program was implemented by Epiq. (Dkt. 137-3, Azari Decl. at ¶¶ 15-23 & Exhs. 3-4 (Class Notice)). Accordingly, based on the record and its prior findings, the court finds that the class notice and the notice process fairly and adequately informed the class members of the nature of the action, the terms of the proposed settlement, the effect of the action and release of claims, the class members' right to exclude themselves from the action, and their right to object to the proposed settlement….*

**Judge Harvey E. Schlesinger,** *Beiswinger v. West Shore Home, LLC* (May 25, 2022) 3:20-cv-01286 (M.D. Fla.):

> *The Notice and the Notice Plan implemented pursuant to the Agreement (1) constitute the best practicable notice under the circumstances; (2) constitute notice that is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Litigation, their right to object to or exclude themselves from the proposed Settlement, and to appear at the Final Approval Hearing; (3) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive notice; and (4) meet all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court.*

**Judge Scott Kording,** *Jackson v. UKG Inc., f/k/a The Ultimate Software Group, Inc.* (May 20, 2022) 2020L0000031 (Cir. Ct. of McLean Cnty., Ill.):

> *The Court has determined that the Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed Settlement Class Members of all material elements of the Settlement, constituted the best notice practicable under the circumstances, and fully satisfied the requirements of 735 ILCS 5/2-803, applicable law, and the Due Process Clauses of the U.S. Constitution and Illinois Constitution.*

**Judge Denise J. Casper,** *Breda v. Cellco Partnership d/b/a Verizon Wireless* (May 2, 2022) 1:16-cv-11512 (D. Mass.):

> *The Court hereby finds Notice of Settlement was disseminated to persons in the Settlement Class in accordance with the Court's preliminary approval order, was the best notice practicable under the circumstances, and that the Notice satisfied Rule 23 and due process.*

**Judge William H. Orrick,** *Maldonado et al. v. Apple Inc. et al.* (Apr. 29, 2022) 3:16-cv-04067 (N.D. Cal.):

> *[N]otice of the Class Settlement to the Certified Class was the best notice practicable under the circumstances. The notice satisfied due process and provided adequate information to the Certified Class of all matters relating to the Class Settlement, and fully satisfied the requirements of Federal Rules of Civil Procedure 23(c)(2) and (e)(1).*

**Judge Laurel Beeler,** *In re: Zoom Video Communications, Inc. Privacy Litigation* (Apr. 21, 2022) 20-cv-02155 (N.D. Cal.):

> *Between November 19, 2021, and January 3, 2022, notice was sent to 158,203,160 class members by email (including reminder emails to those who did not submit a claim form) and 189,003 by mail. Of the emailed notices, 14,303,749 were undeliverable, and of that group, Epiq mailed notice to 296,592 class members for whom a physical address was available. Of the mailed notices, efforts were made to ensure address accuracy and currency, and as of March 10, 2022, 11,543 were undeliverable. In total, as of March 10, 2022, notice was accomplished for 144,242,901 class members, or 91% of the total. Additional notice efforts were made by newspaper … social media, sponsored search, an informational release, and a Settlement Website. Epiq and Class Counsel also complied with the court's prior request that best practices related to the security of class member data be implemented.*

> *[T]he Settlement Administrator provided notice to the class in the form the court approved previously. The notice met all legal prerequisites: it was the best notice practicable, satisfied the requirements of Rule 23(c)(2), adequately advised class members of their rights under the settlement agreement, met the requirements of due process, and complied with the court's order regarding court notice. The forms of notice fairly, plainly, accurately, and reasonably provided class members with all required information ....*



**Judge Federico A. Moreno,** *In re: Takata Airbag Products Liability Litigation* **(Volkswagen)** (Mar. 28, 2022) MDL No. 2599 (S.D. Fla.):

> [T]he Court finds that the Class Notice has been given to the Class in the manner approved by the Court in its Preliminary Approval Order … The Court finds that such Class Notice: (i) is reasonable and constitutes the best practicable notice to Class Members under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and the terms of the Settlement Agreement, their right to exclude themselves from the Class or to object to all or any part of the Settlement Agreement, their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense) and the binding effect of the orders and Final Order and Final Judgment in the Action, whether favorable or unfavorable, on all persons and entities who or which do not exclude themselves from the Class; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), FED. R. CIV. P. 23 and any other applicable law as well as complying with the Federal Judicial Center's illustrative class action notices.

**Judge James Donato,** *Pennington et al. v. Tetra Tech, Inc. et al.* (Mar. 28, 2022) 3:18-cv-05330 (N.D. Cal.):

> On the Rule 23(e)(1) notice requirement, the Court approved the parties' notice plan, which included postcard notice, email notice, and a settlement website. Dkt. No. 154. The individual notice efforts reached an impressive 100% of the identified settlement class. Dkt. No. 200-2 ¶ 23. The Court finds that notice was provided in the best practicable manner to class members who will be bound by the proposal. Fed. R. Civ. P. 23(e)(1).

**Judge Edward J. Davila,** *Cochran et al. v. The Kroger Co. et al.* (Mar. 24, 2022) 5:21-cv-01887 (N.D. Cal.):

> The Court finds that the dissemination of the Notices:
>
> (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that is appropriate, in a manner, content, and format reasonably calculated, under the circumstances, to apprise Settlement Class Members …; (d) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United (including the Due Process Clause), and all other applicable laws and rules.

**Judge Sunshine Sykes,** *In re Renovate America Finance Cases* (Mar. 4, 2022) RICJCCP4940 (Sup. Ct. of Cal., Riverside Cnty.):

> The Court finds that notice previously given to Class Members in the Action was the best notice practicable under the circumstances and satisfies the requirements of due process …The Court further finds that, because (a) adequate notice has been provided to all Class Members and (b) all Class Members have been given the opportunity to object to, and/or request exclusion from, the Settlement, the Court has jurisdiction over all Class Members.

**Judge David O. Carter,** *Fernandez v. Rushmore Loan Management Services LLC* (Feb. 14, 2022) 8:21-cv-00621 (C. D. Cal.):

> Notice was sent to potential Class Members pursuant to the Settlement Agreement and the method approved by the Court. The Class Notice adequately describes the litigation and the scope of the involved Class. Further, the Class Notice explained the amount of the Settlement Fund, the plan of allocation, that Plaintiff's counsel and Plaintiff will apply for attorneys' fees, costs, and a service award, and the Class Members' option to participate, opt out, or object to the Settlement. The Class Notice consisted of direct notice via USPS, as well as a Settlement Website where Class Members could view the Long Form Notice.

**Judge Otis D. Wright, II,** *In re Toll Roads Litigation* (Feb. 11, 2022) 8:16-cv-00262 (C. D. Cal.):

> The Class Administrator provided notice to members of the Settlement Classes in compliance with the Agreements, due process, and Rule 23. The notice: (i) fully and accurately informed class members about the lawsuit and settlements; (ii) provided sufficient information so that class members were able to decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the proposed settlements; (iii) provided procedures for class members to file written objections to the proposed settlements, to appear at the hearing, and to state objections to the proposed settlements; and (iv) provided the time, date, and place of the final fairness hearing. The Court finds that the Notice provided to the Classes pursuant to the Settlement



*Agreements and the Preliminary Approval Order and consisting of individual direct postcard and email notice, publication notice, settlement website, and CAFA notice has been successful and (i) constituted the best practicable notice under the circumstances; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, their right to object to the Settlements or exclude themselves from the Classes, and to appear at the Final Approval Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) otherwise met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court.*

**Judge Virginia M. Kendall,** *In re Turkey Antitrust Litigations* **(Commercial and Institutional Indirect Purchaser Plaintiffs' Action)** *Sandee's Bakery d/b/a Sandee's Catering Bakery & Deli et al. v. Agri Stats, Inc.* (Feb. 10, 2022) 1:19-cv-08318 (N.D. Ill.):

*The notice given to the Settlement Class, including individual notice all members of the Settlement Class who could be identified through reasonable efforts, was the most effective and practicable under the circumstances. This notice provided due and sufficient notice of proceedings and of the matters set forth therein, including the proposed Settlement, to all persons entitled to such notice, and this notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.*

**Judge Beth Labson Freeman,** *Ford et al. v. [24]7.ai, Inc.* (Jan. 28, 2022) 5:18-cv-02770 (N.D. Cal.):

*The Court finds that the manner and form of notice (the "Notice Program") set forth in the Settlement Agreement was provided to Settlement Class Members. The Court finds that the Notice Program, as implemented, was the best practicable under the circumstances. The Notice Program was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, and their rights to opt-out of the Settlement Class and object to the Settlement, Class Counsel's fee request, and the request for Service Award for Plaintiffs. The Notice and notice program constituted sufficient notice to all persons entitled to notice. The Notice and notice program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the constitutional requirement of due process.*

**Judge Terrence W. Boyle,** *Abramson et al. v. Safe Streets USA LLC et al.* (Jan. 12, 2022) 5:19-cv-00394 (E.D.N.C.):

*Notice was provided to Settlement Class Members in compliance with Section 4 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice: (a) fully and accurately informed Settlement Class Members about the Actions and Settlement Agreement; (b) provided sufficient information so that Settlement Class Members could decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the settlement; (c) provided procedures for Settlement Class Members to submit written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (d) provided the time, date, and place of the Final Approval Hearing.*

**Judge Joan B. Gottschall,** *Mercado et al. v. Verde Energy USA, Inc.* (Dec. 17, 2021) 1:18-cv-02068 (N.D. Ill.):

*In accordance with the Settlement Agreement, Epiq launched the Settlement Website and mailed out settlement notices in accordance with the preliminary approval order. (ECF No. 149). Pursuant to this Court's preliminary approval order, Epiq mailed and emailed notice to the Class on October 1, 2021. Therefore, direct notice was sent and delivered successfully to the vast majority of Class Members.*
*The Class Notice, together with all included and ancillary documents thereto, complied with all the requirements of Rule 23(c)(2)(B) and fairly, accurately, and reasonably informed members of the Class of: (a) appropriate information about the nature of this Litigation, including the class claims, issues, and defenses, and the essential terms of the Settlement Agreement; (b) the definition of the Class; (c) appropriate information about, and means for obtaining additional information regarding, the lawsuit and the Settlement Agreement; (d) appropriate information about, and means for obtaining and submitting, a claim; (e) appropriate information about the right of Class Members to appear through an attorney, as well as the time, manner, and effect of excluding themselves from the Settlement, objecting to the terms of the Settlement Agreement, or objecting to Lead and Class Counsel's request for an award of attorneys' fees and costs, and the procedures to do so; (f) appropriate information about the consequences of failing to submit a claim or failing to comply with the procedures and deadline for requesting exclusion from, or objecting to, the Settlement; and (g) the binding effect of a class judgment on Class Members under Rule 23(c)(3) of the Federal Rules of Civil Procedure.*

*The Court finds that Class Members have been provided the best notice practicable of the Settlement and that such notice fully satisfies all requirements of applicable laws and due process.*



**Judge Patricia M. Lucas,** ***Wallace v. Wells Fargo*** (Nov. 24, 2021) 17CV317775 (Sup. Ct. Cal. Cnty. of Santa Clara):

*On August 29, 2021, a dedicated website was established for the settlement at which class members can obtain detailed information about the case and review key documents, including the long form notice, postcard notice, settlement agreement, complaint, motion for preliminary approval … (Declaration of Cameron R. Azari, Esq. Regarding Implementation and Adequacy of Settlement Notice Program ["Azari Dec."] ¶19). As of October 18, 2021, there were 2,639 visitors to the website and 4,428 website pages presented. (Ibid.).*

*On August 30, 2021, a toll-free telephone number was established to allow class members to call for additional information in English or Spanish, listen to answers to frequently asked questions, and request that a long form notice be mailed to them (Azari Dec. ¶20). As of October 18, 2021, the telephone number handled 345 calls, representing 1,207 minutes of use, and the settlement administrator mailed 30 long form notices as a result of requests made via the telephone number.*

*Also, on August 30, 2021, individual postcard notices were mailed to 177,817 class members. (Azari Dec. ¶14) As of November 10, 2021, 169,404 of those class members successfully received notice. (Supplemental Declaration of Cameron R. Azari, Esq. Regarding Implementation and Adequacy of Settlement Notice Program ["Supp. Azari Dec."] ¶10.).*

**Judge John R. Tunheim,** ***In Re Pork Antitrust Litigation (Commercial and Institutional Indirect Purchaser Plaintiff Action)* (JBS USA Food Company, JBS USA Food Company Holdings)** (Nov. 18, 2021) 18-cv-01776 (D. Minn.):

*The notice given to the Settlement Class, including individual notice to all members of the Settlement Class who could be identified through reasonable effort, was the most effective and practicable under the circumstances. This notice provided due and sufficient notice of the proceedings and of the matters set forth therein, including the proposed settlement, to all persons entitled to such notice, and this notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.*

**Judge H. Russel Holland,** ***Coleman v. Alaska USA Federal Credit Union*** (Nov. 17, 2021) 3:19-cv-00229 (D. Alaska):

*The Court approved Notice Program has been fully implemented. The Court finds that the Notices given to the Settlement Class fully and accurately informed Settlement Class Members of all material elements of the proposed Settlement and constituted valid, due, and sufficient Notice to Settlement Class Members consistent with all applicable requirements. The Court further finds that the Notice Program satisfies due process.*

**Judge A. Graham Shirley,** ***Zanca et al. v. Epic Games, Inc.*** (Nov. 16, 2021) 21-CVS-534 (Sup. Ct. Wake Cnty., N.C.):

*Notice has been provided to all members of the Settlement Class pursuant to and in the manner directed by the Preliminary Approval Order. The Notice Plan was properly administered by a highly experienced third-party Settlement Administrator. Proof of the provision of that Notice has been filed with the Court and full opportunity to be heard has been offered to all Parties to the Action, the Settlement Class, and all persons in interest. The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given full compliance with each of the requirements of North Carolina Rule of Civil Procedure 23, due process, and applicable law.*

**Judge Judith E. Levy,** ***In re Flint Water Cases*** (Nov. 10, 2021) 5:16-cv-10444 (E.D. Mich.):

*(1) a "Long Form Notice packet [was] mailed to each Settlement Class member … a list of over 57,000 addresses—[and] over 90% of [the mailings] resulted in successful delivery;" (2) notices were emailed "to addresses that could be determined for Settlement Class members;" and (3) the "Notice Administrator implemented a comprehensive media notice campaign." … The media campaign coupled with the mailing was intended to reach the relevant audience in several ways and at several times so that the class members would be fully informed about the settlement and the registration and objection process.*

*The media campaign included publication in the local newspaper … local digital banners … television … and radio spots … banner notices and radio ads placed on Pandora and SoundCloud; and video ads placed on YouTube …. [T]his settlement has received widespread media attention from major news outlets nationwide.*

*Plaintiffs submitted an affidavit signed by Azari that details the implementation of the Notice plan …. The affidavit is bolstered by several documents attached to it, such as the declaration of Epiq Class Action and Claims Solutions, Inc.'s Legal Notice Manager, Stephanie J. Fiereck. Azari declared that Epiq "delivered individual notice to approximately 91.5% of the identified Settlement Class" and that the media notice brought the overall notice effort to "in excess of*



*95%." The Court finds that the notice plan was implemented in an appropriate manner.*

*In conclusion, the Court finds that the Notice Plan as implemented, and its content, satisfies due process.*

**Judge Vince Chhabria,** *Yamagata et al. v. Reckitt Benckiser LLC* (Oct. 28, 2021) 3:17-cv-03529 (N.D. Cal.):

*The Court directed that Class Notice be given to the Class Members pursuant to the notice program proposed by the Parties and approved by the Court. In accordance with the Court's Preliminary Approval Order and the Court-approved notice program, the Settlement Administrator caused the forms of Class Notice to be disseminated as ordered. The Long-form Class Notice advised Class Members of the terms of the Settlement Agreement; the Final Approval Hearing, and their right to appear at such hearing; their rights to remain in, or opt out of, the Settlement Class and to object to the Settlement Agreement; procedures for exercising such rights; and the binding effect of this Order and accompanying Final Judgment, whether favorable or unfavorable, to the Settlement Class.*

*The distribution of the Class Notice pursuant to the Class Notice Program constituted the best notice practicable under the circumstances, and fully satisfies the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, 28 U.S.C. § 1715, and any other applicable law. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 173 (1974); Rodriguez v. West Publ'g Co., 563 F.3d 948, 962 (9th Cir. 2009).*

**Judge Otis D. Wright, II,** *Silveira v. M&T Bank* (Oct. 12, 2021) 2:19-cv-06958 (C.D. Cal.):

*Notice was sent to potential class members pursuant to the Settlement Agreement and the method approved by the Court. The Class Notice consisted of direct notice via USPS first class mail, as well as a Settlement Website where Class Members could view and request to be sent the Long Form Notice. The Class Notice adequately described the litigation and the scope of the involved class. Further, the Class Notice explained the amount of the Settlement Fund, the plan of allocation, that Plaintiff's counsel and Plaintiff will apply for attorneys' fees, costs, and a service award, and the class members' option to participate, opt out, or object to the settlement.*

**Judge Timothy J. Korrigan,** *Smith v. Costa Del Mar, Inc.* (Sept. 21, 2021) 3:18-cv-01011 (M.D. Fla.):

*Following preliminary approval, the settlement administrator carried out the notice program .... The settlement administrator sent a summary notice and long-form notice to all class members, sent CAFA notice to federal and state officials … and established a website with comprehensive information about the settlement .... Email notice was sent to class members with email addresses, and postcards were sent to class members with only physical addresses .... Multiple attempts were made to contact class members in some cases, and all notices directed recipients to a website where they could access settlement information .... A paid online media plan was implemented for class members for whom the settlement administrator did not have data .... When the notice program was complete, the settlement administrator submitted a declaration stating that the notice and paid media plan reached at least seventy percent of potential class members .... [N]otices had been delivered via postcards or email to 939,400 of the 939,479 class members to whom the settlement administrator sent notice—a ninety-nine and a half percent deliverable rate....*

*Notice was disseminated in accordance with the Preliminary Approval Order .... Federal Rule of Civil Procedure 23(c)(2)(B) requires that notice be "the best notice that is practicable under the circumstances." Upon review of the notice materials … and of Azari's Declaration … regarding the notice program, the Court is satisfied with the way in which the notice program was carried out. Class notice fully complied with Rule 23(c)(2)(B) and due process, constituted the best notice practicable under the circumstances, and was sufficient notice to all persons entitled to notice of the settlement of this lawsuit.*

**Judge Jose E. Martinez,** *Kukorinis v. Walmart, Inc.* (Sept. 20, 2021) 1:19-cv-20592 (S.D. Fla.):

*[T]he Court approved the appointment of Epiq Class Action and Claims Solutions, Inc. as the Claims Administrator with the responsibility of implementing the notice requirements approved in the Court's Order of Approval .... The media plan included various forms of notice, utilizing national consumer print publications, internet banner advertising, social media, sponsored search, and a national informational release .... According to the Azari Declaration, the Court-approved Notice reached approximately seventy-five percent (75%) of the Settlement Class on an average of 3.5 times per Class Member ....*

*Pertinently, the Claims Administrator implemented digital banner notices across certain social media platforms, including Facebook and Instagram, which linked directly to the Settlement Website … the digital banner notices generated approximately 522.6 million adult impressions online .... [T]he Court finds that notice was "reasonably*



*calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."*

**Judge Steven L. Tiscione, *Fiore et al. v. Ingenious Designs, LLC*** (Sept. 10, 2021) 1:18-cv-07124 (E.D.N.Y.):

*Following the Court's Preliminary Approval of the Settlement, the Notice Plan was effectuated by the Parties and the appointed Claims Administrator, Epiq Systems.  The Notice Plan included a direct mailing to Class members who could be specifically identified, as well as nationwide notice by publication, social media and retailer displays and posters.  The Notice Plan also included the establishment of an informational website and toll-free telephone number.  The Court finds the Parties completed all settlement notice obligations imposed in the Order Preliminarily Approving Settlement.  In addition, Defendants through the Class Administrator, sent the requisite CAFA notices to 57 federal and state officials.  The class notices constitute "the best notice practicable under the circumstances," as required by Rule 23(c)(2).*

**Judge John S. Meyer, *Lozano v. CodeMetro, Inc.*** (Sept. 8, 2021) 37-2020-00022701 (Sup. Ct. Cal. Cnty. of San Diego):

*The Court finds that Notice has been given to the Settlement Class in the manner directed by the Court in the Preliminary Approval Order.  The Court finds that such Notice: (i) was reasonable and constituted the best practicable notice under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the Settlement, their right to exclude themselves from the Settlement Class or object to all or any part of the Settlement, their right to appear at the Final Fairness Hearing (either on their own or through counsel hired at their own expense), and the binding effect of final approval of the Settlement on all persons who do not exclude themselves from the Settlement Class; (iii) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), and any other applicable law.*

**Judge Mae A. D'Agostino, *Thompson et al. v. Community Bank, N.A.*** (Sept. 8, 2021) 8:19-cv-0919 (N.D.N.Y.):

*Prior to distributing Notice to the Settlement Class members, the Settlement Administrator established a website, … as well as a toll-free line that Settlement Class members could access or call for any questions or additional information about the proposed Settlement, including the Long Form Notice.  Once Settlement Class members were identified via Defendant's business records, the Notices attached to the Agreement and approved by the Court were sent to each Settlement Class member.  For Current Account Holders who have elected to receive bank communications via email, Email Notice was delivered.  To Past Defendant Account Holders, and Current Account Holders who have not elected to receive communications by email or for whom the Defendant does not have a valid email address, Postcard Notice was delivered by U.S. Mail.  The Settlement Administrator mailed 36,012 Postcard Notices and sent 16,834 Email Notices to the Settlement Class, and as a result of the Notice Program, 95% of the Settlement Class received Notice of the Settlement.*

**Judge Graham C. Mullen, *In re: Kaiser Gypsum Company, Inc. et al.*** (July 27, 2021) 16-cv-31602, (W.D.N.C.):

*[T]the Declaration of Cameron R. Azari, Esq. on Implementation of Notice Regarding the Joint Plan of Reorganization of Kaiser Gypsum Company, Inc. and Hanson Permanente Cement, Inc. … (the "Notice Declaration") was filed with the Bankruptcy Court on July 1, 2020, attesting to publication notice of the Plan.*

*[T]he Court has reviewed the Plan, the Disclosure Statement, the Disclosure Statement Order, the Voting Agent Declaration, the Affidavits of Service, the Publication Declaration, the Notice Declaration, the Memoranda of Law, the Declarations, the Truck Affidavits and all other pleadings before the Court in connection with the Confirmation of the Plan, including the objections filed to the Plan.  The Plan is hereby confirmed in its entirety ….*

**Judge Anne-Christine Massullo, *UFCW & Employers Benefit Trust v. Sutter Health et al.*** (Aug. 27, 2021) CGC 14-538451 consolidated with CGC-18-565398 (Sup. Ct. of Cal., Cnty. of San Fran.):

*The notice of the Settlement provided to the Class constitutes due, adequate and sufficient notice and the best notice practicable under the circumstances, and meets the requirements of due process, the laws of the State of California, and Rule 3.769(f) of the California Rules of Court.*

**Judge Anne-Christine Massullo, *Morris v. Provident Credit Union*** (June 23, 2021) CGC-19-581616 (Sup. Cal. Cnty. of San Fran.):

*The Notice approved by this Court was distributed to the Classes in substantial compliance with this Court's Order Certifying Classes for Settlement Purposes and Granting Preliminary Approval of Class Settlement ("Preliminary*



*Approval Order") and the Agreement. The Notice met the requirements of due process and California Rules of Court, rules 3.766 and 3.769(f). The notice to the Classes was adequate.*

**Judge Esther Salas,** *Sager et al. v. Volkswagen Group of America, Inc. et al.* (June 22, 2021) 18-cv-13556 (D.N.J.):

*The Court further finds and concludes that Class Notice was properly and timely disseminated to the Settlement Class in accordance with the Class Notice Plan set forth in the Settlement Agreement and the Preliminary Approval Order (Dkt. No. 69). The Class Notice Plan and its implementation in this case fully satisfy Rule 23, the requirements of due process and constitute the best notice practicable under the circumstances.*

**Judge Josephine L. Staton,** *In re: Hyundai and Kia Engine Litigation and Flaherty v. Hyundai Motor Company, Inc. et al.* (June 10, 2021) 8:17-cv-00838 and 18-cv-02223 (C.D. Cal.):

*The Class Notice was disseminated in accordance with the procedures required by the Court's Orders … in accordance with applicable law, and satisfied the requirements of Rule 23(e) and due process and constituted the best notice practicable for the reasons discussed in the Preliminary Approval Order and Final Approval Order.*

**Judge Harvey Schlesinger,** *In re: Disposable Contact Lens Antitrust Litigation* **(ABB Concise Optical Group, LLC)** (May 31, 2021) 3:15-md-02626 (M.D. Fla.):

*The Court finds that the dissemination of the Notice: (a) was implemented in accordance with the Preliminary Approval Order; (b) constitutes the best notice practicable under the circumstances; (c) constitutes notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class of (i) the pendency of the Action; (ii) the effect of the Settlement Agreement (including the Releases to be provided thereunder); (iii) Class Counsel's possible motion for an award of attorneys' fees and reimbursement of expenses; (iv) the right to object to any aspect of the Settlement Agreement, the Plan of Distribution, and/or Class Counsel's motion for attorneys' fees and reimbursement of expenses; (v) the right to opt out of the Settlement Class; (vi) the right to appear at the Fairness Hearing; and (vii) the fact that Plaintiffs may receive incentive awards; (d) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the Settlement Agreement; and (e) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process Clause).*

**Judge Haywood S. Gilliam, Jr.** *Richards et al. v. Chime Financial, Inc.* (May 24, 2021) 4:19-cv-06864 (N.D. Cal.):

*The Court finds that the notice and notice plan previously approved by the Court was implemented and complies with Rule 23(c)(2)(B) … The Court ordered that the third-party settlement administrator send class notice via email based on a class list Defendant provided … Epiq Class Action & Claims Solutions, Inc., the third-party settlement administrator, represents that class notice was provided as directed …. Epiq received a total of 527,505 records for potential Class Members, including their email addresses …. If the receiving email server could not deliver the message, a "bounce code" was returned to Epiq indicating that the message was undeliverable …. Epiq made two additional attempts to deliver the email notice …. As of Mach 1, 2021, a total of 495,006 email notices were delivered, and 32,499 remained undeliverable …. In light of these facts, the Court finds that the parties have sufficiently provided the best practicable notice to the Class Members.*

**Judge Henry Edward Autrey,** *Pearlstone v. Wal-Mart Stores, Inc.* (Apr. 22, 2021) 4:17-cv-02856 (C.D. Cal.):

*The Court finds that adequate notice was given to all Settlement Class Members pursuant to the terms of the Parties' Settlement Agreement and the Preliminary Approval Order. The Court has further determined that the Notice Plan fully and accurately informed Settlement Class Members of all material elements of the Settlement, constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rule 23(c)(2) and 23(e)(1), applicable law, and the Due Process Clause of the United States Constitution.*

**Judge Lucy H. Koh,** *Grace v. Apple, Inc.* (Mar. 31, 2021) 17-cv-00551 (N.D. Cal.):

*Federal Rule of Civil Procedure 23(c)(2)(B) requires that the settling parties provide class members with "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." The*



*Court finds that the Notice Plan, which was direct notice sent to 99.8% of the Settlement Class via email and U.S. Mail, has been implemented in compliance with this Court's Order (ECF No. 426) and complies with Rule 23(c)(2)(B).*

**Judge Gary A. Fenner,** *In re: Pre-Filled Propane Tank Antitrust Litigation* (Mar. 30, 2021) MDL No. 2567, 14-cv-02567 (W.D. Mo.):

*Based upon the Declaration of Cameron Azari, on behalf of Epiq, the Administrator appointed by the Court, the Court finds that the Notice Program has been properly implemented.  That Declaration shows that there have been no requests for exclusion from the Settlement, and no objections to the Settlement. Finally, the Declaration reflects that AmeriGas has given appropriate notice of this settlement to the Attorney General of the United States and the appropriate State officials under the Class Action Fairness Act, 28 U.S.C. § 1715, and no objections have been received from any of them.*

**Judge Richard Seeborg,** *Bautista v. Valero Marketing and Supply Company* (Mar. 17, 2021) 3:15-cv-05557 (N.D. Cal.):

*The Notice given to the Settlement Class in accordance with the Notice Order was the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Settlement Agreement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Fed. R. Civ. P. 23 and due process.*

**Judge James D. Peterson,** *Fox et al. v. Iowa Health System d.b.a. UnityPoint Health* (Mar. 4, 2021) 18-cv-00327 (W.D. Wis.):

*The approved Notice plan provided for direct mail notice to all class members at their last known address according to UnityPoint's records, as updated by the administrator through the U.S. Postal Service.  For postcards returned undeliverable, the administrator tried to find updated addresses for those class members.  The administrator maintained the Settlement website and made Spanish versions of the Long Form Notice and Claim Form available upon request.  The administrator also maintained a toll-free telephone line which provides class members detailed information about the settlement and allows individuals to request a claim form be mailed to them.*

*The Court finds that this Notice (i) constituted the best notice practicable under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise Settlement Class members of the Settlement, the effect of the Settlement (including the release therein), and their right to object to the terms of the settlement and appear at the Final Approval Hearing; (iii) constituted due and sufficient notice of the Settlement to all reasonably identifiable persons entitled to receive such notice; (iv) satisfied the requirements of due process, Federal Rule of Civil Procedure 23(e)(1) and the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and all applicable laws and rules.*

**Judge Larry A. Burns,** *Trujillo et al. v. Ametek, Inc. et al.* (Mar. 3, 2021) 3:15-cv-01394 (S.D. Cal.):

*The Class has received the best practicable notice under the circumstances of this case.  The Parties' selection and retention of Epiq Class Action & Claims Solutions, Inc. ("Epiq") as the Claims Administrator was reasonable and appropriate.  Based on the Declaration of Cameron Azari of Epiq, the Court finds that the Settlement Notices were published to the Class Members in the form and manner approved by the Court in its Preliminary Approval Order.  See Dkt. 181-6.  The Settlement Notices provided fair, effective, and the best practicable notice to the Class of the Settlement's terms.  The Settlement Notices informed the Class of Plaintiffs' intent to seek attorneys' fees, costs, and incentive payments, set forth the date, time, and place of the Fairness Hearing, and explained Class Members' rights to object to the Settlement or Fee Motion and to appear at the Fairness Hearing ....  The Settlement Notices fully satisfied all notice requirements under the law, including the Federal Rules of Civil Procedure, the requirements of the California Legal Remedies Act, Cal. Civ. Code § 1781, and all due process rights under the U.S. Constitution and California Constitutions.*

**Judge Sherri A. Lydon,** *Fitzhenry v. Independent Home Products, LLC* (Mar. 2, 2021) 2:19-cv-02993 (D.S.C.):

*Notice was provided to Class Members in compliance with Section VI of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure.  The notice: (i) fully and accurately informed Settlement Class Members about the lawsuit and settlement; (ii) provided sufficient information so that Settlement Class Members could decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the settlement; (iii) provided procedures for Class Members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (iv) provided the time, date, and place of the final fairness hearing.*



**Judge James V. Selna,** *Alvarez v. Sirius XM Radio Inc.* (Feb. 9, 2021) 2:18-cv-08605 (C.D. Cal.):

> *The Court finds that the dissemination of the Notices attached as Exhibits to the Settlement Agreement: (a) was implemented in accordance with the Notice Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) their right to submit a claim (where applicable) by submitting a Claim Form; (iii) their right to exclude themselves from the Settlement Class; (iv) the effect of the proposed Settlement (including the Releases to be provided thereunder); (v) Named Plaintiffs' application for the payment of Service Awards; (vi) Class Counsel's motion for an award an attorneys' fees and expenses; (vii) their right to object to any aspect of the Settlement, and/or Class Counsel's motion for attorneys' fees and expenses (including a Service Award to the Named Plaintiffs and Mr. Wright); and (viii) their right to appear at the Final Approval Hearing; (d) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States (including the Due Process Clause), and all other applicable laws and rules.*

**Judge Jon S. Tigar,** *Elder v. Hilton Worldwide Holdings, Inc.* (Feb. 4, 2021) 16-cv-00278 (N.D. Cal.):

> *"Epiq implemented the notice plan precisely as set out in the Settlement Agreement and as ordered by the Court." ECF No. 162 at 9-10. Epiq sent initial notice by email to 8,777 Class Members and by U.S. Mail to the remaining 1,244 Class members. Id. at 10. The Notice informed Class Members about all aspects of the Settlement, the date and time of the fairness hearing, and the process for objections. ECF No. 155 at 28-37. Epiq then mailed notice to the 2,696 Class Members whose emails were returned as undeliverable. Id. "Of the 10,021 Class Members identified from Defendants' records, Epiq was unable to deliver the notice to only 35 Class Members. Accordingly, the reach of the notice is 99.65%." Id. (citation omitted). Epiq also created and maintained a settlement website and a toll-free hotline that Class Members could call if they had questions about the settlement. Id.*

> *The Court finds that the parties have complied with the Court's preliminary approval order and, because the notice plan complied with Rule 23, have provided adequate notice to class members.*

**Judge Michael W. Jones,** *Wallace et al. v. Monier Lifetile LLC et al.* (Jan. 15, 2021) SCV-16410 (Sup. Ct. Cal.):

> *The Court also finds that the Class Notice and notice process were implemented in accordance with the Preliminary Approval Order, providing the best practicable notice under the circumstances.*

**Judge Kristi K. DuBose,** *Drazen v. GoDaddy.com, LLC* and *Bennett v. GoDaddy.com, LLC* (Dec. 23, 2020) 1:19-cv-00563 (S.D. Ala.):

> *The Court finds that the Notice and the claims procedures actually implemented satisfy due process, meet the requirements of Rule 23(e)(1), and the Notice constitutes the best notice practicable under the circumstances.*

**Judge Haywood S. Gilliam, Jr.,** *Izor v. Abacus Data Systems, Inc.* (Dec. 21, 2020) 19-cv-01057 (N.D. Cal.):

> *The Court finds that the notice plan previously approved by the Court was implemented and that the notice thus satisfied Rule 23(c)(2)(B). [T]he Court finds that the parties have sufficiently provided the best practicable notice to the class members.*

**Judge Christopher C. Conner,** *Al's Discount Plumbing et al. v. Viega, LLC* (Dec. 18, 2020) 19-cv-00159 (M.D. Pa.):

> *The Court finds that the notice and notice plan previously approved by the Court was implemented and complies with Fed. R. Civ. P. 23(c)(2)(B) and due process. Specifically, the Court ordered that the third-party Settlement Administrator, Epiq, send class notice via email, U.S. mail, by publication in two recognized industry magazines, Plumber and PHC News, in both their print and online digital forms, and to implement a digital media campaign. (ECF 99). Epiq represents that class notice was provided as directed. See Declaration of Cameron R. Azari, ¶¶ 12-15 (ECF 104-13).*



**Judge Naomi Reice Buchwald,** *In re: Libor-Based Financial Instruments Antitrust Litigation* (Dec. 16, 2020) MDL No. 2262, 1:11-md-02262 (S.D.N.Y.):

> Upon review of the record, the Court hereby finds that the forms and methods of notifying the members of the Settlement Classes and their terms and conditions have met the requirements of the United States Constitution (including the Due Process Clause), Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all members of the Settlement Classes of these proceedings and the matters set forth herein, including the Settlements, the Plan of Allocation and the Fairness Hearing. Therefore, the Class Notice is finally approved.

**Judge Larry A. Burns,** *Cox et al. Ametek, Inc. et al.* (Dec 15, 2020) 3:17-cv-00597 (S.D. Cal.):

> The Class has received the best practicable notice under the circumstances of this case.  The Parties' selection and retention of Epiq Class Action & Claims Solutions, Inc. ("Epiq") as the Claims Administrator was reasonable and appropriate.  Based on the Declaration of Cameron Azari of Epiq, the Court finds that the Settlement Notices were published to the Class Members in the form and manner approved by the Court in its Preliminary Approval Order.  See Dkt. 129-6.  The Settlement Notices provided fair, effective, and the best practicable notice to the Class of the Settlement's terms . The Settlement Notices informed the Class of Plaintiffs' intent to seek attorneys' fees, costs, and incentive payments, set forth the date, time, and place of the Fairness Hearing, and explained Class Members' rights to object to the Settlement or Fee Motion and to appear at the Fairness Hearing … The Settlement Notices fully satisfied all notice requirements under the law, including the Federal Rules of Civil Procedure, the requirements of the California Legal Remedies Act, Cal. Civ. Code § 1781, and all due process rights under the U.S. Constitution and California Constitutions.

**Judge Timothy J. Sullivan,** *Robinson v. Nationstar Mortgage LLC* (Dec. 11, 2020) 8:14-cv-03667 (D. Md.):

> The Class Notice provided to the Settlement Class conforms with the requirements of Fed. Rule Civ. Proc. 23, the United States Constitution, and any other applicable law, and constitutes the best notice practicable under the circumstances, by providing individual notice to all Settlement Class Members who could be identified through reasonable effort, and by providing due and adequate notice of the proceedings and of the matters set forth therein to the other Settlement Class Members. The Class Notice fully satisfied the requirements of Due Process.

**Judge Yvonne Gonzalez Rogers,** *In re: Lithium Ion Batteries Antitrust Litigation* (Dec. 10, 2020) MDL No. 2420, 4:13-md-02420 (N.D. Cal.):

> The proposed notice plan was undertaken and carried out pursuant to this Court's preliminary approval order prior to remand, and a second notice campaign thereafter.  (See Dkt. No. 2571.)  The class received direct and indirect notice through several methods – email notice, mailed notice upon request, an informative settlement website, a telephone support line, and a vigorous online campaign.  Digital banner advertisements were targeted specifically to settlement class members, including on Google and Yahoo's ad networks, as well as Facebook and Instagram, with over 396 million impressions delivered.  Sponsored search listings were employed on Google, Yahoo and Bing, resulting in 216,477 results, with 1,845 clicks through to the settlement website.  An informational release was distributed to 495 media contacts in the consumer electronics industry. The case website has continued to be maintained as a channel for communications with class members. Between February 11, 2020 and April 23, 2020, there were 207,205 unique visitors to the website.  In the same period, the toll-free telephone number available to class members received 515 calls.

**Judge Katherine A. Bacal,** *Garvin v. San Diego Unified Port District* (Nov. 20, 2020) 37-2020-00015064 (Sup. Ct. Cal.):

> Notice was provided to Class Members in compliance with the Settlement Agreement, California Code of Civil Procedure §382 and California Rules of Court 3.766 and 3.769, the California and United States Constitutions, and any other applicable law, and constitutes the best notice practicable under the circumstances, by providing notice to all individual Class Members who could be identified through reasonable effort, and by providing due and adequate notice of the proceedings and of the matters set forth therein to the other Class Members. The Notice fully satisfied the requirements of due process.

**Judge Catherine D. Perry,** *Pirozzi et al. v. Massage Envy Franchising, LLC* (Nov. 13, 2020) 4:19-cv-807 (E.D. Mo.):

> The COURT hereby finds that the CLASS NOTICE given to the CLASS: (i) fairly and accurately described the ACTION and the proposed SETTLEMENT; (ii) provided sufficient information so that the CLASS MEMBERS were able to decide



*whether to accept the benefits offered by the SETTLEMENT, exclude themselves from the SETTLEMENT, or object to the SETTLEMENT; (iii) adequately described the time and manner by which CLASS MEMBERS could submit a CLAIM under the SETTLEMENT, exclude themselves from the SETTLEMENT, or object to the SETTLEMENT and/or appear at the FINAL APPROVAL HEARING; and (iv) provided the date, time, and place of the FINAL APPROVAL HEARING. The COURT hereby finds that the CLASS NOTICE was the best notice practicable under the circumstances, constituted a reasonable manner of notice to all class members who would be bound by the SETTLEMENT, and complied fully with Federal Rule of Civil Procedure Rule 23, due process, and all other applicable laws.*

**Judge Robert E. Payne,** ***Skochin et al. v. Genworth Life Insurance Company et al.*** (Nov. 12, 2020) 3:19-cv-00049 (E.D. Vir.):

*For the reasons set forth in the Court's Memorandum Opinion addressing objections to the Settlement Agreement, … the plan to disseminate the Class Notice and Publication Notice, which the Court previously approved, has been implemented and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process.*

**Judge Jeff Carpenter,** ***Eastwood Construction LLC et al. v. City of Monroe*** (Oct. 27, 2020) 18-cvs-2692 and ***The Estate of Donald Alan Plyler Sr. et al. v. City of Monroe*** (Oct. 27, 2020) 19-cvs-1825 (Sup. Ct. N.C.):

*Therefore, the Court GRANTS the Final Approval Motion, CERTIFIES the class as defined below for settlement purposes only, APPROVES the Settlement, and GRANTS the Fee Motion ....*

*The Settlement Agreement and the Settlement Notice are found to be fair, reasonable, adequate, and in the best interests of the Settlement Class, and are hereby approved pursuant to North Carolina Rule of Civil Procedure 23. The Parties are hereby authorized and directed to comply with and to consummate the Settlement Agreement in accordance with the terms and provisions set forth in the Settlement Agreement, and the Clerk of the Court is directed to enter and docket this Order and Final Judgement in the Actions.*

**Judge M. James Lorenz,** ***Walters et al. v. Target Corp.*** (Oct. 26, 2020) 3:16-cv-1678 (S.D. Cal.):

*The Court has determined that the Class Notices given to Settlement Class members fully and accurately informed Settlement Class members of all material elements of the proposed Settlement and constituted valid, due, and sufficient notice to Settlement Class members consistent with all applicable requirements. The Court further finds that the Notice Program satisfies due process and has been fully implemented.*

**Judge Maren E. Nelson,** ***Harris et al. v. Farmers Insurance Exchange and Mid Century Insurance Company*** (Oct. 26, 2020) BC 579498 (Sup. Ct. Cal.):

*Distribution of Notice directed to the Settlement Class Members as set forth in the Settlement has been completed in conformity with the Preliminary Approval Order, including individual notice to all Settlement Class members who could be identified through reasonable effort, and the best notice practicable under the circumstances. The Notice, which reached 99.9% of all Settlement Class Members, provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed Settlement, to all persons entitled to Notice, and the Notice and its distribution fully satisfied the requirements of due process.*

**Judge Vera M. Scanlon,** ***Lashambae v. Capital One Bank, N.A.*** (Oct. 21, 2020) 1:17-cv-06406 (E.D.N.Y.):

*The Class Notice, as amended, contained all of the necessary elements, including the class definition, the identifies of the named Parties and their counsel, a summary of the terms of the proposed Settlement, information regarding the manner in which objections may be submitted, information regarding the opt-out procedures and deadlines, and the date and location of the Final Approval Hearing. Notice was successfully delivered to approximately 98.7% of the Settlement Class and only 78 individual Settlement Class Members did not receive notice by email or first class mail.*

*Having reviewed the content of the Class Notice, as amended, and the manner in which the Class Notice was disseminated, this Court finds that the Class Notice, as amended, satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law and rules. The Class Notice, as amended, provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances and provided this Court with jurisdiction over the absent Settlement Class Members. See Fed. R. Civ. P. 23(c)(2)(B).*



**Chancellor Walter L. Evans,** *K.B., by and through her natural parent, Jennifer Qassis, and Lillian Knox-Bender v. Methodist Healthcare - Memphis Hospitals* (Oct. 14, 2020) CH-13-04871-1 (30th Jud. Dist. Tenn.):

> Based upon the filings and the record as a whole, the Court finds and determines that dissemination of the Class Notice as set forth herein complies with Tenn. R. Civ. P. 23.03(3) and 23.05 and (i) constitutes the best practicable notice under the circumstances, (ii) was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of Class Settlement, their rights to object to the proposed Settlement, (iii) was reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, (iv) meets all applicable requirements of Due Process; (v) and properly provides notice of the attorney's fees that Class Counsel shall seek in this action.  As a result, the Court finds that Class Members were properly notified of their rights, received full Due Process ....

**Judge Sara L. Ellis,** *Nelson v. Roadrunner Transportation Systems, Inc.* (Sept. 15, 2020) 1:18-cv-07400 (N.D. Ill.):

> Notice of the Final Approval Hearing, the proposed motion for attorneys' fees, costs, and expenses, and the proposed Service Award payment to Plaintiff have been provided to Settlement Class Members as directed by this Court's Orders.

> The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).

**Judge George H. Wu,** *Lusnak v. Bank of America, N.A.* (Aug. 10, 2020) 14-cv-01855 (C.D. Cal.):

> The Court finds that the Notice program for disseminating notice to the Settlement Class, provided for in the Settlement Agreement and previously approved and directed by the Court, has been implemented by the Settlement Administrator and the Parties.  The Court finds that such Notice program, including the approved forms of notice: (a) constituted the best notice that is practicable under the circumstances; (b) included direct individual notice to all Settlement Class Members who could be identified through reasonable effort; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the nature of the Lawsuit, the definition of the Settlement Class certified, the class claims and issues, the opportunity to enter an appearance through an attorney if the member so desires; the opportunity, the time, and manner for requesting exclusion from the Settlement Class, and the binding effect of a class judgment; (d) constituted due, adequate and sufficient notice to all persons entitled to notice; and (e) met all applicable requirements of Federal Rule of Civil Procedure 23, due process under the U.S. Constitution, and any other applicable law.

**Judge James Lawrence King,** *Dasher v. RBC Bank (USA) predecessor in interest to PNC Bank, N.A.* (Aug. 10, 2020) 1:10-cv-22190 (S.D. Fla.) as part of *In re: Checking Account Overdraft Litigation* MDL No. 2036 (S.D. Fla.):

> The Court finds that the members of the Settlement Class were provided with the best practicable notice; the notice was "reasonably calculated, under [the] circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Shutts, 472 U.S. at 812 (quoting Mullane, 339 U.S. at 314-15).  This Settlement was widely publicized, and any member of the Settlement Class who wished to express comments or objections had ample opportunity and means to do so.

**Judge Jeffrey S. Ross,** *Lehman v. Transbay Joint Powers Authority et al.* (Aug. 7, 2020) CGC-16-553758 (Sup. Ct. Cal.):

> The Notice approved by this Court was distributed to the Settlement Class Members in compliance with this Court's Order Granting Preliminary Approval of Class Action Settlement, dated May 8, 2020.  The Notice provided to the Settlement Class Members met the requirements of due process and constituted the best notice practicable in the circumstances.  Based on evidence and other material submitted in conjunction with the final approval hearing, notice to the class was adequate.

**Judge Jean Hoefer Toal,** *Cook et al. v. South Carolina Public Service Authority et al.* (July 31, 2020) 2019-CP-23-6675 (Ct. of Com. Pleas. 13th Jud. Cir. S.C.):

> Notice was sent to more than 1.65 million Class members, published in newspapers whose collective circulation covers the entirety of the State, and supplemented with internet banner ads totaling approximately 12.3 million impressions.  The notices directed Class members to the settlement website and toll-free line for additional inquiries and further information.  After this extensive notice campaign, only 78 individuals (0.0047%)



*have opted-out, and only nine (0.00054%) have objected. The Court finds this response to be overwhelmingly favorable.*

**Judge Peter J. Messitte,** *Jackson et al. v. Viking Group, Inc. et al.* (July 28, 2020) 8:18-cv-02356 (D. Md.):

*[T]he Court finds, that the Notice Plan has been implemented in the manner approved by the Court in its Preliminary Approval Order as amended.  The Court finds that the Notice Plan: (i) constitutes the best notice practicable to the Settlement Class under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of this Lawsuit and the terms of the Settlement, their right to exclude themselves from the Settlement, or to object to any part of the Settlement, their right to appear at the Final Approval Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the Final Approval Order and the Final Judgment, whether favorable or unfavorable, on all Persons who do not exclude themselves from the Settlement Class, (iii) due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) notice that fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23, and any other applicable law.*

**Judge Michael P. Shea,** *Grayson et al. v. General Electric Company* (July 27, 2020) 3:13-cv-01799 (D. Conn.):

*Pursuant to the Preliminary Approval Order, the Settlement Notice was mailed, emailed and disseminated by the other means described in the Settlement Agreement to the Class Members.  This Court finds that this notice procedure was (i) the best practicable notice; (ii) reasonably calculated, under the circumstances, to apprise the Class Members of the pendency of the Civil Action and of their right to object to or exclude themselves from the proposed Settlement; and (iii) reasonable and constitutes due, adequate, and sufficient notice to all entities and persons entitled to receive notice.*

**Judge Gerald J. Pappert,** *Rose v. The Travelers Home and Marine Insurance Company et al.* (July 20, 2020) 19-cv-00977 (E.D. Pa.):

*The Class Notice … has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order.  Such Class Notice (i) constituted the best notice practicable to the Settlement Class under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency and nature of this Action, the definition of the Settlement Class, the terms of the Settlement Agreement, the rights of the Settlement Class to exclude themselves from the settlement and to object to any part of the settlement, the rights of the Settlement Class to appear at the Final Approval Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the Settlement Agreement on all persons who do not exclude themselves from the Settlement Class, (iii) provided due, adequate, and sufficient notice to the Settlement Class; and (iv) fully satisfied all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the due process requirements of the United States Constitution.*

**Judge Christina A. Snyder,** *Waldrup v. Countrywide Financial Corporation et al.* (July 16, 2020) 2:13-cv-08833 (C.D. Cal.):

*The Court finds that mailed and publication notice previously given to Class Members in the Action was the best notice practicable under the circumstances, and satisfies the requirements of due process and FED. R. CIV. P. 23.  The Court further finds that, because (a) adequate notice has been provided to all Class Members and (b) all Class Members have been given the opportunity to object to, and/or request exclusion from, the Settlement, it has jurisdiction over all Class Members. The Court further finds that all requirements of statute (including but not limited to 28 U.S.C. § 1715), rule, and state and federal constitutions necessary to effectuate this Settlement have been met and satisfied.*

**Judge James Donato,** *Coffeng et al. v. Volkswagen Group of America, Inc.* (June 10, 2020) 17-cv-01825 (N.D. Cal.):

*The Court finds that, as demonstrated by the Declaration and Supplemental Declaration of Cameron Azari, and counsel's submissions, Notice to the Settlement Class was timely and properly effectuated in accordance with FED. R. CIV. P. 23(e) and the approved Notice Plan set forth in the Court's Preliminary Approval Order. The Court finds that said Notice constitutes the best notice practicable under the circumstances, and satisfies all requirements of Rule 23(e) and due process.*



**Judge Michael W. Fitzgerald**, *Befharin v. Pruco Life Insurance Company et al.* (June 3, 2020) 17-cv-05290 (C.D. Cal.):

> The Court finds that the requirements of Rule 23 of the Federal Rule of Civil Procedure and other laws and rules applicable to final settlement approval of class actions have been satisfied ....

> This Court finds that the Claims Administrator caused notice to be disseminated to the Class in accordance with the plan to disseminate Notice outlined in the Settlement Agreement and the Preliminary Approval Order, and that Notice was given in an adequate and sufficient manner and complies with Due Process and Fed. R. Civ. P. 23.

**Judge Nancy J. Rosenstengel,** *First Impressions Salon, Inc. et al. v. National Milk Producers Federation et al.* (Apr. 27, 2020) 3:13-cv-00454 (S.D. Ill.):

> The Court finds that the Notice given to the Class Members was completed as approved by this Court and complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process. The settlement Notice Plan was modeled on and supplements the previous court-approved plan and, having been completed, constitutes the best notice practicable under the circumstances. In making this determination, the Court finds that the Notice provided Class members due and adequate notice of the Settlement, the Settlement Agreement, the Plan of Distribution, these proceedings, and the rights of Class members to opt-out of the Class and/or object to Final Approval of the Settlement, as well as Plaintiffs' Motion requesting attorney fees, costs, and Class Representative service awards.

**Judge Harvey Schlesinger,** *In re: Disposable Contact Lens Antitrust Litigation* (CooperVision, Inc.) (Mar. 4, 2020) 3:15-md-02626 (M.D. Fla.):

> The Court finds that the dissemination of the Notice: (a) was implemented in accordance with the Preliminary Approval Orders; (b) constitutes the best notice practicable under the circumstances; (c) constitutes notice that was reasonably calculated, under the circumstances, to apprise the Settlement Classes of (i) the pendency of the Action; (ii) the effect of the Settlement Agreements (including the Releases to the provided thereunder); (iii) Class Counsel's possible motion for an award of attorneys' fees and reimbursement of expenses; (iv) the right to object to any aspect of the Settlement Agreements, the Plan of Distribution, and/or Class Counsel's motion for attorneys' fees and reimbursement of expenses; (v) the right to opt out of the Settlement Classes; (vi) the right to appear at the Fairness Hearing; and (vii) the fact that Plaintiffs may receive incentive awards; (d) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the Settlement Agreement and (e) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process Clause).

**Judge Amos L. Mazzant,** *Stone et al. v. Porcelana Corona De Mexico, S.A. DE C.V f/k/a Sanitarios Lamosa S.A. DE C.V. a/k/a Vortens* (Mar. 3, 2020) 4:17-cv-00001 (E.D. Tex.):

> The Court has reviewed the Notice Plan and its implementation and efficacy, and finds that it constituted the best notice practicable under the circumstances and was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and their right to object to the proposed settlement in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution and Rules 23(c) and (e) of the Federal Rules of Civil Procedure.

> In addition, Class Notice clearly and concisely stated in plain, easily understood language: (i) the nature of the action; (ii) the definition of the certified Equitable Relief Settlement Class; (iii) the claims and issues of the Equitable Relief Settlement Class; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) the binding effect of a class judgment on members under Fed. R. Civ. P. 23(c)(3).

**Judge Michael H. Simon,** *In re: Premera Blue Cross Customer Data Security Breach Litigation* (Mar. 2, 2020) 3:15-md-2633 (D. Ore.):

> The Court confirms that the form and content of the Summary Notice, Long Form Notice, Publication Notice, and Claim Form, and the procedure set forth in the Settlement for providing notice of the Settlement to the Class, were in full compliance with the notice requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e), fully, fairly, accurately, and adequately advised members of the Class of their rights under the Settlement, provided the best notice practicable under the circumstances, fully satisfied the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, and afforded Class Members with adequate



*time and opportunity to file objections to the Settlement and attorney's fee motion, submit Requests for Exclusion, and submit Claim Forms to the Settlement Administrator.*

**Judge Maxine M. Chesney,** *McKinney-Drobnis et al. v. Massage Envy Franchising* (Mar. 2, 2020) 3:16-cv-06450 (N.D. Cal.):

*The COURT hereby finds that the individual direct CLASS NOTICE given to the CLASS via email or First Class U.S. Mail (i) fairly and accurately described the ACTION and the proposed SETTLEMENT; (ii) provided sufficient information so that the CLASS MEMBERS were able to decide whether to accept the benefits offered by the SETTLEMENT, exclude themselves from the SETTLEMENT, or object to the SETTLEMENT; (iii) adequately described the manner in which CLASS MEMBERS could submit a VOUCHER REQUEST under the SETTLEMENT, exclude themselves from the SETTLEMENT, or object to the SETTLEMENT and/or appear at the FINAL APPROVAL HEARING; and (iv) provided the date, time, and place of the FINAL APPROVAL HEARING. The COURT hereby finds that the CLASS NOTICE was the best notice practicable under the circumstances and complied fully with Federal Rule of Civil Procedure Rule 23, due process, and all other applicable laws.*

**Judge Harry D. Leinenweber,** *Albrecht v. Oasis Power, LLC d/b/a Oasis Energy* (Feb. 6, 2020) 1:18-cv-01061 (N.D. Ill.):

*The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.*

*The Court finds that the Class Notice and methodology set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order (i) constitute the most effective and practicable notice of the Final Approval Order, the relief available to Settlement Class Members pursuant to the Final Approval Order, and applicable time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all Settlement Class Members; and (iii) comply fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable laws.*

**Judge Robert Scola, Jr.,** *Wilson et al. v. Volkswagen Group of America, Inc. et al.* (Jan. 28, 2020) 17-cv-23033 (S.D. Fla.):

*The Court finds that the Class Notice, in the form approved by the Court, was properly disseminated to the Settlement Class pursuant to the Notice Plan and constituted the best practicable notice under the circumstances. The forms and methods of the Notice Plan approved by the Court met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution (including the Due Process Clause), and any other applicable law.*

**Judge Michael Davis,** *Garcia v. Target Corporation* (Jan. 27, 2020) 16-cv-02574 (D. Minn.):

*The Court finds that the Notice Plan set forth in Section 4 of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of the pendency of this case, certification of the Settlement Class for settlement purposes only, the terms of the Settlement Agreement, and the Final Approval Hearing, and satisfies the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.*

**Judge Bruce Howe Hendricks,** *In re: TD Bank, N.A. Debit Card Overdraft Fee Litigation* (Jan. 9, 2020) MDL No. 2613, 6:15-MN-02613 (D.S.C.):

*The Classes have been notified of the settlement pursuant to the plan approved by the Court. After having reviewed the Declaration of Cameron R. Azari (ECF No. 220-1) and the Supplemental Declaration of Cameron R. Azari (ECF No. 225-1), the Court hereby finds that notice was accomplished in accordance with the Court's directives. The Court further finds that the notice program constituted the best practicable notice to the Settlement Classes under the circumstances and fully satisfies the requirements of due process and Federal Rule 23.*



**Judge Margo K. Brodie,** *In re: Payment Card Interchange Fee and Merchant Discount Antitrust Litigation* (Dec. 13, 2019) MDL No. 1720, 05-md-01720 (E.D.N.Y.):

> The notice and exclusion procedures provided to the Rule 23(b)(3) Settlement Class, including but not limited to the methods of identifying and notifying members of the Rule 23(b)(3) Settlement Class, were fair, adequate, and sufficient, constituted the best practicable notice under the circumstances, and were reasonably calculated to apprise members of the Rule 23(b)(3) Settlement Class of the Action, the terms of the Superseding Settlement Agreement, and their objection rights, and to apprise members of the Rule 23(b)(3) Settlement Class of their exclusion rights, and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, any other applicable laws or rules of the Court, and due process.

**Judge Steven Logan,** *Knapper v. Cox Communications, Inc.* (Dec. 13, 2019) 2:17-cv-00913 (D. Ariz.):

> The Court finds that the form and method for notifying the class members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order (Doc. 120). The Court further finds that the notice satisfied due process principles and the requirements of Federal Rule of Civil Procedure 23(c), and the Plaintiff chose the best practicable notice under the circumstances. The Court further finds that the notice was clearly designed to advise the class members of their rights.

**Judge Manish Shah,** *Prather v. Wells Fargo Bank, N.A.* (Dec. 10, 2019) 1:17-cv-00481 (N.D. Ill.):

> The Court finds that the Notice Plan set forth in Section VIII of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of the pendency of this case, certification of the Settlement Class for settlement purposes only, the terms of the Settlement Agreement, and the Final Approval Hearing, and satisfies the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.

**Judge Liam O'Grady,** *Liggio v. Apple Federal Credit Union* (Dec. 6, 2019) 1:18-cv-01059 (E.D. Vir.):

> The Court finds that the manner and form of notice (the "Notice Plan") as provided for in this Court's July 2, 2019 Order granting preliminary approval of class settlement, and as set forth in the Parties' Settlement Agreement was provided to Settlement Class Members by the Settlement Administrator …. The Notice Plan was reasonably calculated to give actual notice to Settlement Class Members of the right to receive benefits from the Settlement, and to be excluded from or object to the Settlement. The Notice Plan met the requirements of Rule 23(c)(2)(B) and due process and constituted the best notice practicable under the circumstances.

**Judge Brian McDonald,** *Armon et al. v. Washington State University* (Nov. 8, 2019) 17-2-23244-1 (consolidated with 17-2-25052-0) (Sup. Ct. Wash.):

> The Court finds that the Notice Program, as set forth in the Settlement and effectuated pursuant to the Preliminary Approval Order, satisfied CR 23(c)(2), was the best Notice practicable under the circumstances, was reasonably calculated to provide-and did provide-due and sufficient Notice to the Settlement Class of the pendency of the Litigation; certification of the Settlement Class for settlement purposes only; the existence and terms of the Settlement; the identity of Class Counsel and appropriate information about Class Counsel's then-forthcoming application for attorneys' fees and incentive awards to the Class Representatives; appropriate information about how to participate in the Settlement; Settlement Class Members' right to exclude themselves; their right to object to the Settlement and to appear at the Final Approval Hearing, through counsel if they desired; and appropriate instructions as to how to obtain additional information regarding this Litigation and the Settlement. In addition, pursuant to CR 23(c)(2)(B), the Notice properly informed Settlement Class Members that any Settlement Class Member who failed to opt-out would be prohibited from bringing a lawsuit against Defendant based on or related to any of the claims asserted by Plaintiffs, and it satisfied the other requirements of the Civil Rules.

**Judge Andrew J. Guilford,** *In re: Wells Fargo Collateral Protection Insurance Litigation* (Nov. 4, 2019) 8:17-ml-02797 (C.D. Cal.):

> Epiq Class Action & Claims Solutions, Inc. ("Epiq"), the parties' settlement administrator, was able to deliver the court-approved notice materials to all class members, including 2,254,411 notice packets and 1,019,408 summary notices.



**Judge Paul L. Maloney,** *Burch v. Whirlpool Corporation* (Oct. 16, 2019) 1:17-cv-00018 (W.D. Mich.):

> [T]he Court hereby finds and concludes that members of the Settlement Class have been provided the best notice practicable of the Settlement and that such notice satisfies all requirements of federal and applicable state laws and due process.

**Judge Gene E.K. Pratter,** *Tashica Fulton-Green et al. v. Accolade, Inc.* (Sept. 24, 2019) 2:18-cv-00274 (E.D. Pa.):

> The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).

**Judge Edwin Torres,** *Burrow et al. v. Forjas Taurus S.A. et al.* (Sept. 6, 2019) 1:16-cv-21606 (S.D. Fla.):

> Because the Parties complied with the agreed-to notice provisions as preliminarily approved by this Court, and given that there are no developments or changes in the facts to alter the Court's previous conclusion, the Court finds that the notice provided in this case satisfied the requirements of due process and of Rule 23(c)(2)(B).

**Judge Amos L. Mazzant,** *Fessler v. Porcelana Corona De Mexico, S.A. DE C.V f/k/a Sanitarios Lamosa S.A. DE C.V. a/k/a Vortens* (Aug. 30, 2019) 4:19-cv-00248 (E.D. Tex.):

> The Court has reviewed the Notice Plan and its implementation and efficacy, and finds that it constituted the best notice practicable under the circumstances and was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and their right to object to the proposed settlement or opt out of the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution and Rules 23(c) and (e) of the Federal Rules of Civil Procedure.
>
> In addition, Class Notice clearly and concisely stated in plain, easily understood language: (i) the nature of the action; (ii) the definition of the certified 2011 Settlement Class; (iii) the claims and issues of the 2011 Settlement Class; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Settlement Class any member who requests exclusions; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Fed. R. Civ. P. 23(c)(3).

**Judge Karon Owen Bowdre,** *In re: Community Health Systems, Inc. Customer Data Security Breach Litigation* (Aug. 22, 2019) MDL No. 2595, 2:15-cv-00222 (N.D. Ala.):

> The court finds that the Notice Program: (1) satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process; (2) was the best practicable notice under the circumstances; (3) reasonably apprised Settlement Class members of the pendency of the Action and their right to object to the settlement or opt-out of the Settlement Class; and (4) was reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice. Approximately 90% of the 6,081,189 individuals identified as Settlement Class members received the Initial Postcard Notice of this Settlement Action.
>
> The court further finds, pursuant to Fed. R. Civ. P. 23(c)(2)(B), that the Class Notice adequately informed Settlement Class members of their rights with respect to this action.

**Judge Christina A. Snyder,** *Zaklit et al. v. Nationstar Mortgage LLC et al.* (Aug. 21, 2019) 5:15-cv-02190 (C.D. Cal.):

> The Class Notice provided to the Settlement Class conforms with the requirements of Fed. Rule Civ. Proc. 23, the California and United States Constitutions, and any other applicable law, and constitutes the best notice practicable under the circumstances, by providing individual notice to all Settlement Class Members who could be identified through reasonable effort, and by providing due and adequate notice of the proceedings and of the matters set forth therein to the other Settlement Class Members. The notice fully satisfied the requirements of Due Process. No Settlement Class Members have objected to the terms of the Settlement.

**Judge Brian M. Cogan,** *Luib v. Henkel Consumer Goods Inc.* (Aug. 19, 2019) 1:17-cv-03021 (E.D.N.Y.):

> The Court finds that the Notice Plan, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably



*calculated to provide, and did provide, due and sufficient notice to the Settlement Class regarding the existence and nature of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and the rights of Settlement Class members to exclude themselves from the Settlement Agreement, to object and appear at the Final Approval Hearing, and to receive benefits under the Settlement Agreement; and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.*

**Judge Yvonne Gonzalez Rogers,** *In re: Lithium Ion Batteries Antitrust Litigation* (Aug. 16, 2019) MDL No. 2420, 4:13-md-02420 (N.D. Cal.):

*The proposed notice plan was undertaken and carried out pursuant to this Court's preliminary approval order. [T]he notice program reached approximately 87 percent of adults who purchased portable computers, power tools, camcorders, or replacement batteries, and these class members were notified an average of 3.5 times each. As a result of Plaintiffs' notice efforts, in total, 1,025,449 class members have submitted claims. That includes 51,961 new claims, and 973,488 claims filed under the prior settlements.*

**Judge Jon Tigar,** *McKnight et al. v. Uber Technologies, Inc. et al.* (Aug. 13, 2019) 3:14-cv-05615 (N.D. Cal.):

*The settlement administrator, Epiq Systems, Inc., carried out the notice procedures as outlined in the preliminary approval. ECF No. 162 at 17-18. Notices were mailed to over 22 million class members with a success rate of over 90%. Id. at 17. Epiq also created a website, banner ads, and a toll free number. Id. at 17-18. Epiq estimates that it reached through mail and other formats 94.3% of class members. ECF No. 164 ¶ 28. In light of these actions, and the Court's prior order granting preliminary approval, the Court finds that the parties have provided adequate notice to class members.*

**Judge Gary W.B. Chang,** *Robinson v. First Hawaiian Bank* (Aug. 8, 2019) 17-1-0167-01 (Cir. Ct. of First Cir. Haw.):

*This Court determines that the Notice Program satisfies all of the due process requirements for a class action settlement.*

**Judge Karin Crump,** *Hyder et al. v. Consumers County Mutual Insurance Company* (July 30, 2019) D-1-GN-16-000596 (D. Ct. of Travis Cnty. Tex.):

*Due and adequate Notice of the pendency of this Action and of this Settlement has been provided to members of the Settlement Class, and this Court hereby finds that the Notice Plan described in the Preliminary Approval Order and completed by Defendant complied fully with the requirements of due process, the Texas Rules of Civil Procedure, and the requirements of due process under the Texas and United States Constitutions, and any other applicable laws.*

**Judge Wendy Bettlestone,** *Underwood v. Kohl's Department Stores, Inc. et al.* (July 24, 2019) 2:15-cv-00730 (E.D. Pa.):

*The Notice, the contents of which were previously approved by the Court, was disseminated in accordance with the procedures required by the Court's Preliminary Approval Order in accordance with applicable law.*

**Judge Andrew G. Ceresia, J.S.C.,** *Denier et al. v. Taconic Biosciences, Inc.* (July 15, 2019) 00255851 (Sup Ct. N.Y.):

*The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of the CPLR.*

**Judge Vince G. Chhabria,** *Parsons v. Kimpton Hotel & Restaurant Group, LLC* (July 11, 2019) 3:16-cv-05387 (N.D. Cal.):

*Pursuant to the Preliminary Approval Order, the notice documents were sent to Settlement Class Members by email or by first-class mail, and further notice was achieved via publication in People magazine, internet banner notices, and internet sponsored search listings. The Court finds that the manner and form of notice (the "Notice Program") set forth in the Settlement Agreement was provided to Settlement Class Members. The Court finds that the Notice Program, as implemented, was the best practicable under the circumstances. The Notice Program was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, and their rights to opt-out of the Settlement Class and object to the Settlement, Class Counsel's fee request, and the request for Service Award for Plaintiff. The Notice and Notice Program constituted sufficient notice to all persons entitled to notice. The Notice and Notice Program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the constitutional requirement of due process.*



**Judge Daniel J. Buckley,** *Adlouni v. UCLA Health Systems Auxiliary et al.* (June 28, 2019) BC589243 (Sup. Ct. Cal.):

> The Court finds that the notice to the Settlement Class pursuant to the Preliminary Approval Order was appropriate, adequate, and sufficient, and constituted the best notice practicable under the circumstances to all Persons within the definition of the Settlement Class to apprise interested parties of the pendency of the Action, the nature of the claims, the definition of the Settlement Class, and the opportunity to exclude themselves from the Settlement Class or present objections to the settlement. The notice fully complied with the requirements of due process and all applicable statutes and laws and with the California Rules of Court.

**Judge John C. Hayes III,** *Lightsey et al. v. South Carolina Electric & Gas Company, a Wholly Owned Subsidiary of SCANA et al.* (June 11, 2019) 2017-CP-25-335 (Ct. of Com. Pleas., S.C.):

> These multiple efforts at notification far exceed the due process requirement that the class representative provide the best practical notice. See Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 94 S.Ct. 2140 (1974); Hospitality Mgmt. Assoc., Inc. v. Shell Oil, Inc., 356 S.C. 644, 591 S.E.2d 611 (2004). Following this extensive notice campaign reaching over 1.6 million potential class member accounts, Class counsel have received just two objections to the settlement and only 24 opt outs.

**Judge Stephen K. Bushong,** *Scharfstein v. BP West Coast Products, LLC* (June 4, 2019) 1112-17046 (Ore. Cir., Cnty. of Multnomah):

> The Court finds that the Notice Plan … fully met the requirements of the Oregon Rules of Civil Procedure, due process, the United States Constitution, the Oregon Constitution, and any other applicable law.

**Judge Cynthia Bashant,** *Lloyd et al. v. Navy Federal Credit Union* (May 28, 2019) 17-cv-1280 (S.D. Cal.):

> This Court previously reviewed, and conditionally approved Plaintiffs' class notices subject to certain amendments. The Court affirms once more that notice was adequate.

**Judge Robert W. Gettleman,** *Cowen v. Lenny & Larry's Inc.* (May 2, 2019) 1:17-cv-01530 (N.D. Ill.):

> Notice to the Settlement Class and other potentially interested parties has been provided in accordance with the elements specified by the Court in the preliminary approval order. Adequate notice of the amended settlement and the final approval hearing has also been given. Such notice informed the Settlement Class members of all material elements of the proposed Settlement and of their opportunity to object or comment thereon or to exclude themselves from the Settlement; provided Settlement Class Members adequate instructions and a means to obtain additional information; was adequate notice under the circumstances; was valid, due, and sufficient notice to all Settlement Class [M]embers; and complied fully with the laws of the State of Illinois, Federal Rules of Civil Procedure, the United States Constitution, due process, and other applicable law.

**Judge Edward J. Davila,** *In re: HP Printer Firmware Update Litigation* (Apr. 25, 2019) 5:16-cv-05820 (N.D. Cal.):

> Due and adequate notice has been given of the Settlement as required by the Preliminary Approval Order. The Court finds that notice of this Settlement was given to Class Members in accordance with the Preliminary Approval Order and constituted the best notice practicable of the proceedings and matters set forth therein, including the Settlement, to all Persons entitled to such notice, and that this notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process.

**Judge Claudia Wilken,** *Naiman v. Total Merchant Services, Inc. et al.* (Apr. 16, 2019) 4:17-cv-03806 (N.D. Cal.):

> The Court also finds that the notice program satisfied the requirements of Federal Rule of Civil Procedure 23 and due process. The notice approved by the Court and disseminated by Epiq constituted the best practicable method for informing the class about the Final Settlement Agreement and relevant aspects of the litigation.

**Judge Paul Gardephe,** *37 Besen Parkway, LLC v. John Hancock Life Insurance Company (U.S.A.)* (Mar. 31, 2019) 15-cv-9924 (S.D.N.Y.):

> The Notice given to Class Members complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and provided due and adequate notice to the Class.



**Judge Alison J. Nathan,** *Pantelyat et al. v. Bank of America, N.A. et al.* (Jan. 31, 2019) 16-cv-08964 (S.D.N.Y.):

> The Class Notice provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances, and constituted due and sufficient notice of the proceedings and matters set forth therein, to all persons entitled to notice. The notice fully satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law and rules.

**Judge Kenneth M. Hoyt,** *Al's Pals Pet Card, LLC et al. v. Woodforest National Bank, N.A. et al.* (Jan. 30, 2019) 4:17-cv-3852 (S.D. Tex.):

> [T]he Court finds that the class has been notified of the Settlement pursuant to the plan approved by the Court. The Court further finds that the notice program constituted the best practicable notice to the class under the circumstances and fully satisfies the requirements of due process, including Fed. R. Civ. P. 23(e)(1) and 28 U.S.C. § 1715.

**Judge Robert M. Dow, Jr.,** *In re: Dealer Management Systems Antitrust Litigation* (Jan. 23, 2019) MDL No. 2817, 18-cv-00864 (N.D. Ill.):

> The Court finds that the Settlement Administrator fully complied with the Preliminary Approval Order and that the form and manner of providing notice to the Dealership Class of the proposed Settlement with Reynolds was the best notice practicable under the circumstances, including individual notice to all members of the Dealership Class who could be identified through the exercise of reasonable effort. The Court further finds that the notice program provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Agreement, to all parties entitled to such notice and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715(b), and constitutional due process.

**Judge Federico A. Moreno,** *In re: Takata Airbag Products Liability Litigation* **(Ford)** (Dec. 20, 2018) MDL No. 2599 (S.D. Fla.):

> The record shows and the Court finds that the Class Notice has been given to the Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Class Notice: .(i) is reasonable and constitutes the best practicable notice to Class Members under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and the terms of the Settlement Agreement, their right to exclude themselves from the Class or to object to all or any part of the Settlement Agreement, their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense) and the binding effect of the orders and Final Order and Final Judgment in the Action, whether favorable or unfavorable, on all persons and entities who or which do not exclude themselves from the Class; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), FED. R. Civ. P. 23 and any other applicable law as well as complying with the Federal Judicial Center's illustrative class action notices.

**Judge Herndon,** *Hale v. State Farm Mutual Automobile Insurance Company et al.* (Dec. 16, 2018) 3:12-cv-00660 (S.D. Ill.):

> The Class here is estimated to include approximately 4.7 million members. Approximately 1.43 million of them received individual postcard or email notice of the terms of the proposed Settlement, and the rest were notified via a robust publication program "estimated to reach 78.8% of all U.S. Adults Aged 35+ approximately 2.4 times." Doc. 966-2 ¶¶ 26, 41. The Court previously approved the notice plan (Doc. 947), and now, having carefully reviewed the declaration of the Notice Administrator (Doc. 966-2), concludes that it was fully and properly executed, and reflected "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." See Fed. R. Civ. P. 23(c)(2)(B). The Court further concludes that CAFA notice was properly effectuated to the attorneys general and insurance commissioners of all 50 states and District of Columbia.

**Judge Jesse M. Furman,** *Alaska Electrical Pension Fund et al. v. Bank of America, N.A. et al.* (Nov. 13, 2018) 14-cv-07126 (S.D.N.Y.):

> The mailing and distribution of the Notice to all members of the Settlement Class who could be identified through reasonable effort, the publication of the Summary Notice, and the other Notice efforts described in the Motion for Final Approval, as provided for in the Court's June 26, 2018 Preliminary Approval Order, satisfy the



*requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all Persons entitled to notice.*

**Judge William L. Campbell, Jr.,** *Ajose et al. v. Interline Brands, Inc.* (Oct. 23, 2018) 3:14-cv-01707 (M.D. Tenn.):

*The Court finds that the Notice Plan, as approved by the Preliminary Approval Order: (i) satisfied the requirements of Rule 23(c)(3) and due process; (ii) was reasonable and the best practicable notice under the circumstances; (iii) reasonably apprised the Settlement Class of the pendency of the action, the terms of the Agreement, their right to object to the proposed settlement or opt out of the Settlement Class, the right to appear at the Final Fairness Hearing, and the Claims Process; and (iv) was reasonable and constituted due, adequate, and sufficient notice to all those entitled to receive notice.*

**Judge Joseph C. Spero,** *Abante Rooter and Plumbing v. Pivotal Payments Inc., d/b/a/ Capital Processing Network and CPN* (Oct. 15, 2018) 3:16-cv-05486 (N.D. Cal.):

*[T]the Court finds that notice to the class of the settlement complied with Rule 23(c)(3) and (e) and due process. Rule 23(e)(1) states that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by" a proposed settlement, voluntary dismissal, or compromise. Class members are entitled to the "best notice that is practicable under the circumstances" of any proposed settlement before it is finally approved by the Court. Fed. R. Civ. P. 23(c)(2)(B) … The notice program included notice sent by first class mail to 1,750,564 class members and reached approximately 95.2% of the class.*

**Judge Marcia G. Cooke,** *Dipuglia v. US Coachways, Inc.* (*Sept. 28, 2018)* 1:17-cv-23006 (S.D. Fla.):

*The Settlement Class Notice Program was the best notice practicable under the circumstances. The Notice Program provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Agreement, to all persons entitled to such notice and said notice fully satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution, which include the requirement of due process.*

**Judge Beth Labson Freeman,** *Gergetz v. Telenav, Inc.* (Sept. 27, 2018) 5:16-cv-04261 (N.D. Cal.):

*The Court finds that the Notice and Notice Plan implemented pursuant to the Settlement Agreement, which consists of individual notice sent via first-class U.S. Mail postcard, notice provided via email, and the posting of relevant Settlement documents on the Settlement Website, has been successfully implemented and was the best notice practicable under the circumstances and: (1) constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing; (2) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (3) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause, and the Rules of this Court.*

**Judge M. James Lorenz,** *Farrell v. Bank of America, N.A.* (Aug. 31, 2018) 3:16-cv-00492 (S.D. Cal.):

*The Court therefore finds that the Class Notices given to Settlement Class members adequately informed Settlement Class members of all material elements of the proposed Settlement and constituted valid, due, and sufficient notice to Settlement Class members. The Court further finds that the Notice Program satisfies due process and has been fully implemented.*

**Judge Dean D. Pregerson,** *Falco et al. v. Nissan North America, Inc. et al.* (July 16, 2018) 2:13-cv-00686 (C.D. Cal.):

*Notice to the Settlement Class as required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, and such Notice by first-class mail was given in an adequate and sufficient manner, and constitutes the best notice practicable under the circumstances, and satisfies all requirements of Rule 23(e) and due process.*

**Judge Lynn Adelman,** *In re: Windsor Wood Clad Window Product Liability Litigation* (July 16, 2018) MDL No. 2688, 16-md-02688 (E.D. Wis.):

*The Court finds that the Notice Program was appropriately administered, and was the best practicable notice to the Class under the circumstances, satisfying the requirements of Rule 23 and due process. The Notice*



*Program, constitutes due, adequate, and sufficient notice to all persons, entities, and/or organizations entitled to receive notice; fully satisfied the requirements of the Constitution of the United States (including the Due Process Clause), Rule 23 of the Federal Rules of Civil Procedure, and any other applicable law; and is based on the Federal Judicial Center's illustrative class action notices.*

**Judge Stephen K. Bushong,** ***Surrett et al. v. Western Culinary Institute et al.*** (June 18, 2018) 0803-03530 (Ore. Cir. Cnty. of Multnomah):

*This Court finds that the distribution of the Notice of Settlement … fully met the requirements of the Oregon Rules of Civil Procedure, due process, the United States Constitution, the Oregon Constitution, and any other applicable law.*

**Judge Jesse M. Furman,** ***Alaska Electrical Pension Fund et al. v. Bank of America, N.A. et al.*** (June 1, 2018) 14-cv-07126 (S.D.N.Y.):

*The mailing of the Notice to all members of the Settlement Class who could be identified through reasonable effort, the publication of the Summary Notice, and the other Notice distribution efforts described in the Motion for Final Approval, as provided for in the Court's October 24, 2017 Order Providing for Notice to the Settlement Class and Preliminarily Approving the Plan of Distribution, satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all Persons entitled to notice.*

**Judge Brad Seligman,** ***Larson v. John Hancock Life Insurance Company (U.S.A.)*** (May 8, 2018) RG16813803 (Sup. Ct. Cal.):

*The Court finds that the Class Notice and dissemination of the Class Notice as carried out by the Settlement Administrator complied with the Court's order granting preliminary approval and all applicable requirements of law, including, but not limited to California Rules of Court, rule 3.769(f) and the Constitutional requirements of due process, and constituted the best notice practicable under the circumstances and sufficient notice to all persons entitled to notice of the Settlement.*

*[T]he dissemination of the Class Notice constituted the best notice practicable because it included mailing individual notice to all Settlement Class Members who are reasonably identifiable using the same method used to inform class members of certification of the class, following a National Change of Address search and run through the LexisNexis Deceased Database.*

**Judge Federico A. Moreno,** ***Masson v. Tallahassee Dodge Chrysler Jeep, LLC*** (May 8, 2018) 17-cv-22967 (S.D. Fla.):

*The Settlement Class Notice Program was the best notice practicable under the circumstances.  The Notice Program provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Agreement, to all persons entitled to such notice and said notice fully satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution, which include the requirement of due process.*

**Chancellor Russell T. Perkins,** ***Morton v. GreenBank*** (Apr. 18, 2018) 11-135-IV (20th Jud. Dist. Tenn.):

*The Notice Program as provided or in the Agreement and the Preliminary Amended Approval Order constituted the best notice practicable under the circumstances, including individual notice to all Settlement Class members who could be identified through reasonable effort.  The Notice Plan fully satisfied the requirements of Tennessee Rule of Civil Procedure 23.03, due process and any other applicable law.*

**Judge James V. Selna,** ***Callaway v. Mercedes-Benz USA, LLC*** (Mar. 8, 2018) 8:14-cv-02011 (C.D. Cal.):

*The Court finds that the notice given to the Class was the best notice practicable under the circumstances of this case, and that the notice complied with the requirements of Federal Rule of Civil Procedure 23 and due process.*

*The notice given by the Class Administrator constituted due and sufficient notice to the Settlement Class, and adequately informed members of the Settlement Class of their right to exclude themselves from the Settlement Class so as not to be bound by the terms of the Settlement Agreement and how to object to the Settlement.*



*The Court has considered and rejected the objection … [regarding] the adequacy of the notice plan.  The notice given provided ample information regarding the case.  Class members also had the ability to seek additional information from the settlement website, from Class Counsel or from the Class Administrator.*

**Judge Thomas M. Durkin,** *Vergara et al., v. Uber Technologies, Inc.* (Mar. 1, 2018) 1:15-cv-06972 (N.D. Ill.):

*The Court finds that the Notice Plan set forth in Section IX of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Classes of the pendency of this case, certification of the Settlement Classes for settlement purposes only, the terms of the Settlement Agreement, and the Final Approval Hearing, and satisfies the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law. Further, the Court finds that Defendant has timely satisfied the notice requirements of 28 U.S.C. Section 1715.*

**Judge Federico A. Moreno,** *In re: Takata Airbag Products Liability Litigation* **(Honda & Nissan)** (Feb. 28, 2018) MDL No. 2599 (S.D. Fla.):

*The Court finds that the Class Notice has been given to the Class in the manner approved by the Court in its Preliminary Approval Order.  The Court finds that such Class Notice: (i) is reasonable and constitutes the best practicable notice to Class Members under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and the terms of the Settlement Agreement, their right to exclude themselves from the Class or to object to all or any part of the Settlement Agreement, their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense) and the binding effect of the orders and Final Order and Final Judgment in the Action, whether favorable or unfavorable, on all persons and entities who or which do not exclude themselves from the Class; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), FED R. CIV. R. 23 and any other applicable law as well as complying with the Federal Judicial Center's illustrative class action notices.*

**Judge Susan O. Hickey,** *Larey v. Allstate Property and Casualty Insurance Company* (Feb. 9, 2018) 4:14-cv-04008 (W.D. Kan.):

*Based on the Court's review of the evidence submitted and argument of counsel, the Court finds and concludes that the Class Notice and Claim Form was mailed to potential Class Members in accordance with the provisions of the Preliminary Approval Order, and together with the Publication Notice, the automated toll-free telephone number, and the settlement website: (i) constituted, under the circumstances, the most effective and practicable notice of the pendency of the Lawsuit, this Stipulation, and the Final Approval Hearing to all Class Members who could be identified through reasonable effort; and (ii) met all requirements of the Federal Rules of Civil Procedure, the requirements of due process under the United States Constitution, and the requirements of any other applicable rules or law.*

**Judge Muriel D. Hughes,** *Glaske v. Independent Bank Corporation* (Jan. 11, 2018) 13-009983 (Cir. Ct. Mich.):

*The Court-approved Notice Plan satisfied due process requirements …   The notice, among other things, was calculated to reach Settlement Class Members because it was sent to their last known email or mail address in the Bank's files.*

**Judge Naomi Reice Buchwald,** *Orlander v. Staples, Inc.* (Dec. 13, 2017) 13-cv-00703 (S.D.N.Y.):

*The Notice of Class Action Settlement ("Notice") was given to all Class Members who could be identified with reasonable effort in accordance with the terms of the Settlement Agreement and Preliminary Approval Order. The form and method of notifying the Class of the pendency of the Action as a class action and the terms and conditions of the proposed Settlement met the requirements of Federal Rule of Civil Procedure 23 and the Constitution of the United States (including the Due Process Clause); and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.*

**Judge Lisa Godbey Wood,** *T.A.N. v. PNI Digital Media, Inc.* (Dec. 1, 2017) 2:16-cv-132 (S.D. Ga.):

*Notice to the Settlement Class Members required by Rule 23 has been provided as directed by this Court in the Preliminary Approval Order, and such notice constituted the best notice practicable, including, but not*



limited to, the forms of notice and methods of identifying and providing notice to the Settlement Class Members, and satisfied the requirements of Rule 23 and due process, and all other applicable laws.

**Judge Robin L. Rosenberg,** *Gottlieb v. Citgo Petroleum Corporation* (Nov. 29, 2017) 9:16-cv-81911 (S.D. Fla):

The Settlement Class Notice Program was the best notice practicable under the circumstances. The Notice Program provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice and said notice fully satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution, which include the requirement of due process.

**Judge Donald M. Middlebrooks,** *Mahoney v. TT of Pine Ridge, Inc.* (Nov. 20, 2017) 9:17-cv-80029 (S.D. Fla.):

Based on the Settlement Agreement, Order Granting Preliminary Approval of Class Action Settlement Agreement, and upon the Declaration of Cameron Azari, Esq. (DE 61-1), the Court finds that Class Notice provided to the Settlement Class was the best notice practicable under the circumstances, and that it satisfied the requirements of due process and Federal Rule of Civil Procedure 23(e)(1).

**Judge Gerald Austin McHugh,** *Sobiech v. U.S. Gas & Electric, Inc., i/t/d/b/a Pennsylvania Gas & Electric et al.* (Nov. 8, 2017) 2:14-cv-04464 (E.D. Pa.):

Notice has been provided to the Settlement Class of the pendency of this Action, the conditional certification of the Settlement Class for purposes of this Settlement, and the preliminary approval of the Settlement Agreement and the Settlement contemplated thereby. The Court finds that the notice provided was the best notice practicable under the circumstances to all persons entitled to such notice and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.

**Judge Federico A. Moreno,** *In re: Takata Airbag Products Liability Litigation* **(BMW, Mazda, Toyota, & Subaru)** (Nov. 1, 2017) MDL No. 2599 (S.D. Fla.):

[T]he Court finds that the Class Notice has been given to the Class in the manner approved in the Preliminary Approval Order. The Class Notice: (i) is reasonable and constitutes the best practicable notice to Class Members under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and the terms of the Settlement Agreement, their right to exclude themselves from the Class or to object to all or any part of the Settlement Agreement, their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the orders and Final Order and Final Judgment in the Action, whether favorable or unfavorable, on all persons and entities who or which do not exclude themselves from the Class; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), Federal Rule of Civil Procedure 23 and any other applicable law as well as complying with the Federal Judicial Center's illustrative class action notices.

**Judge Charles R. Breyer,** *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation* (May 17, 2017) MDL No. 2672 (N.D. Cal.):

The Court is satisfied that the Notice Program was reasonably calculated to notify Class Members of the proposed Settlement. The Notice "apprise[d] interested parties of the pendency of the action and afford[ed] them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Indeed, the Notice Administrator reports that the notice delivery rate of 97.04% "exceed[ed] the expected range and is indicative of the extensive address updating and re-mailing protocols used." (Dkt. No. 3188-2 ¶ 24.)

**Judge Rebecca Brett Nightingale,** *Ratzlaff et al. v. BOKF, NA d/b/a Bank of Oklahoma et al.* (May 15, 2017) CJ-2015-00859 (Dist. Ct. Okla.):

The Court-approved Notice Plan satisfies Oklahoma law because it is "reasonable" (12 O.S. § 2023(E)(I)) and it satisfies due process requirements because it was "reasonably calculated, under [the] circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Shutts, 472 U.S. at 812 (quoting Mullane, 339 U.S. at 314-15).



**Judge Joseph F. Bataillon,** *Klug v. Watts Regulator Company* (Apr. 13, 2017) 8:15-cv-00061 (D. Neb.):

> The court finds that the notice to the Settlement Class of the pendency of the Class Action and of this settlement, as provided by the Settlement Agreement and by the Preliminary Approval Order dated December 7, 2017, constituted the best notice practicable under the circumstances to all persons and entities within the definition of the Settlement Class, and fully complied with the requirements of Federal Rules of Civil Procedure Rule 23 and due process. Due and sufficient proof of the execution of the Notice Plan as outlined in the Preliminary Approval Order has been filed.

**Judge Yvonne Gonzalez Rogers,** *Bias v. Wells Fargo & Company et al.* (Apr. 13, 2017) 4:12-cv-00664 (N.D. Cal.):

> The form, content, and method of dissemination of Notice of Settlement given to the Settlement Class was adequate and reasonable and constituted the best notice practicable under the circumstances, including both individual notice to all Settlement Class Members who could be identified through reasonable effort and publication notice.
>
> Notice of Settlement, as given, complied with the requirements of Rule 23 of the Federal Rules of Civil Procedure, satisfied the requirements of due process, and constituted due and sufficient notice of the matters set forth herein.
>
> Notice of the Settlement was provided to the appropriate regulators pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(c)(1).

**Judge Carlos Murguia,** *Whitton v. Deffenbaugh Industries, Inc. et al.* (Dec. 14, 2016) 2:12-cv-02247 and *Gary, LLC v. Deffenbaugh Industries, Inc. et al.* 2:13-cv-02634 (D. Kan.):

> The Court determines that the Notice Plan as implemented was reasonably calculated to provide the best notice practicable under the circumstances and contained all required information for members of the proposed Settlement Class to act to protect their interests. The Court also finds that Class Members were provided an adequate period of time to receive Notice and respond accordingly.

**Judge Yvette Kane,** *In re: Shop-Vac Marketing and Sales Practices Litigation* (Dec. 9, 2016) MDL No. 2380 (M.D. Pa.):

> The Court hereby finds and concludes that members of the Settlement Class have been provided the best notice practicable of the Settlement and that such notice satisfies all requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and all other applicable laws.

**Judge Timothy D. Fox,** *Miner v. Philip Morris USA, Inc.* (Nov. 21, 2016) 60CV03-4661 (Ark. Cir. Ct.):

> The Court finds that the Settlement Notice provided to potential members of the Class constituted the best and most practicable notice under the circumstances, thereby complying fully with due process and Rule 23 of the Arkansas Rules of Civil Procedure.

**Judge Eileen Bransten,** *In re: HSBC Bank USA, N.A.,* **as part of** *In re: Checking Account Overdraft Litigation* (Oct. 13, 2016) 650562/2011 (Sup. Ct. N.Y.):

> This Court finds that the Notice Program and the Notice provided to Settlement Class members fully satisfied the requirements of constitutional due process, the N.Y. C.P.L.R., and any other applicable laws, and constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all persons entitled thereto.

**Judge Jerome B. Simandle,** *In re: Caterpillar, Inc. C13 and C15 Engine Products Liability Litigation* (Sept. 20, 2016) MDL No. 2540 (D.N.J.):

> The Court hereby finds that the Notice provided to the Settlement Class constituted the best notice practicable under the circumstances. Said Notice provided due and adequate notice of these proceedings and the matters set forth herein, including the terms of the Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Fed. R. Civ. P. 23, requirements of due process and any other applicable law.



**Judge Marcia G. Cooke,** *Chimeno-Buzzi v. Hollister Co. and Abercrombie & Fitch Co.* (Apr. 11, 2016) 14-cv-23120 (S.D. Fla.):

> Pursuant to the Court's Preliminary Approval Order, the Settlement Administrator, Epiq Systems, Inc. [Hilsoft Notifications], has complied with the approved notice process as confirmed in its Declaration filed with the Court on March 23, 2016. The Court finds that the notice process was designed to advise Class Members of their rights. The form and method for notifying Class Members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order, constituted the best notice practicable under the circumstances, and satisfied the requirements of Federal Rule of Civil Procedure 23(c)(2)(B), the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, and due process under the United States Constitution and other applicable laws.

**Judge Yvonne Gonzalez Rogers,** *In re: Lithium Ion Batteries Antitrust Litigation* (Mar. 22, 2016) MDL No. 2420, 4:13-md-02420 (N.D. Cal.):

> From what I could tell, I liked your approach and the way you did it. I get a lot of these notices that I think are all legalese and no one can really understand them. Yours was not that way.

**Judge Christopher S. Sontchi,** *In re: Energy Future Holdings Corp et al.* (July 30, 2015) 14-cv-10979 (Bankr. D. Del.):

> Notice of the Asbestos Bar Date as set forth in this Asbestos Bar Date Order and in the manner set forth herein constitutes adequate and sufficient notice of the Asbestos Bar Date and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**Judge David C. Norton,** *In re: MI Windows and Doors Inc. Products Liability Litigation* (July 22, 2015) MDL No. 2333, 2:12-mn-00001 (D.S.C.):

> The court finds that the Notice Plan, as described in the Settlement and related declarations, has been faithfully carried out and constituted the best practicable notice to Class Members under the circumstances of this Action, and was reasonable and constituted due, adequate, and sufficient notice to all Persons entitled to be provided with Notice.
>
> The court also finds that the Notice Plan was reasonably calculated, under the circumstances, to apprise Class Members of: (1) the pendency of this class action; (2) their right to exclude themselves from the Settlement Class and the proposed Settlement; (3) their right to object to any aspect of the proposed Settlement (including final certification of the Settlement Class, the fairness, reasonableness, or adequacy of the proposed Settlement, the adequacy of the Settlement Class's representation by Named Plaintiffs or Class Counsel, or the award of attorney's and representative fees); (4) their right to appear at the fairness hearing (either on their own or through counsel hired at their own expense); and (5) the binding and preclusive effect of the orders and Final Order and Judgment in this Action, whether favorable or unfavorable, on all Persons who do not request exclusion from the Settlement Class. As such, the court finds that the Notice fully satisfied the requirements of the Federal Rules of Civil Procedure, including Federal Rule of Civil Procedure 23(c)(2) and (e), the United States Constitution (including the Due Process Clause), the rules of this court, and any other applicable law, and provided sufficient notice to bind all Class Members, regardless of whether a particular Class Member received actual notice.

**Judge Robert W. Gettleman,** *Adkins et al. v. Nestlé Purina PetCare Company et al.* (June 23, 2015) 1:12-cv-02871 (N.D. Ill.):

> Notice to the Settlement Class and other potentially interested parties has been provided in accordance with the notice requirements specified by the Court in the Preliminary Approval Order. Such notice fully and accurately informed the Settlement Class members of all material elements of the proposed Settlement and of their opportunity to object or comment thereon or to exclude themselves from the Settlement; provided Settlement Class Members adequate instructions and a variety of means to obtain additional information; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Settlement Class members; and complied fully with the laws of the State of Illinois, Federal Rules of Civil Procedure, the United States Constitution, due process, and other applicable law.


HILSOFT NOTIFICATIONS       PORTLAND AREA OFFICE       10300 SW ALLEN BLVD       BEAVERTON, OR 97005       T 503-597-7697

**Judge James Lawrence King,** ***Steen v. Capital One, N.A.*** (May 22, 2015) 2:10-cv-01505 (E.D. La.) and 1:10-cv-22058 (S.D. Fla.) as part of ***In re: Checking Account Overdraft Litigation***, MDL No. 2036 (S.D. Fla.):

> *The Court finds that the Settlement Class Members were provided with the best practicable notice; the notice was reasonably calculated, under [the] circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Shutts, 472 U.S. at 812 (quoting Mullane, 339 U.S. at 314-15).   This Settlement with Capital One was widely publicized, and any Settlement Class Member who wished to express comments or objections had ample opportunity and means to do so.  Azari Decl. ¶¶ 30-39.*

**Judge Rya W. Zobel,** ***Gulbankian et al. v. MW Manufacturers, Inc.*** (Dec. 29, 2014) 1:10-cv-10392 (D. Mass.):

> *This Court finds that the Class Notice was provided to the Settlement Class consistent with the Preliminary Approval Order and that it was the best notice practicable and fully satisfied the requirements of the Federal Rules of Civil Procedure, due process, and applicable law.  The Court finds that the Notice Plan that was implemented by the Claims Administrator satisfies the requirements of FED. R. CIV. P. 23, 28 U.S.C. § 1715, and Due Process, and is the best notice practicable under the circumstances.  The Notice Plan constituted due and sufficient notice of the Settlement, the Final Approval Hearing, and the other matters referred to in the notices.  Proof of the giving of such notices has been filed with the Court via the Azari Declaration and its exhibits.*

**Judge Edward J. Davila,** ***Rose v. Bank of America Corporation et al.*** (Aug. 29, 2014) 5:11-cv-02390 & 5:12-cv-00400 (N.D. Cal.):

> *The Court finds that the notice was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of this action, all material elements of the Settlement, the opportunity for Settlement Class Members to exclude themselves from, object to, or comment on the settlement and to appear at the final approval hearing.   The notice was the best notice practicable under the circumstances, satisfying the requirements of Rule 23(c)(2)(B); provided notice in a reasonable manner to all class members, satisfying Rule 23(e)(1)(B); was adequate and sufficient notice to all Class Members; and, complied fully with the laws of the United States and of the Federal Rules of Civil Procedure, due process and any other applicable rules of court.*

**Judge James A. Robertson, II,** ***Wong et al. v. Alacer Corp.*** (June 27, 2014) CGC-12-519221 (Sup. Ct. Cal.):

> *Notice to the Settlement Class has been provided in accordance with the Preliminary Approval Order.  Based on the Declaration of Cameron Azari dated March 7, 2014, such Class Notice has been provided in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances and satisfies the requirements of California Civil Code Section 1781, California Civil Code of Civil Procedure Section 382, Rules 3.766 of the California Rules of Court, and due process.*

**Judge John Gleeson,** ***In re: Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*** (Dec. 13, 2013) MDL No. 1720, 05-md-01720 (E.D.N.Y.):

> *The Class Administrator notified class members of the terms of the proposed settlement through a mailed notice and publication campaign that included more than 20 million mailings and publication in more than 400 publications. The notice here meets the requirements of due process and notice standards … the objectors' complaints provide no reason to conclude that the purposes and requirements of a notice to a class were not met here.*

**Judge Lance M. Africk,** ***Evans et al. v. TIN, Inc. et al.*** (July 7, 2013) 2:11-cv-02067 (E.D. La.):

> *The Court finds that the dissemination of the Class Notice… as described in Notice Agent Lauran Schultz's Declaration: (a) constituted the best practicable notice to Class Members under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances…; (c) constituted notice that was reasonable, due, adequate, and sufficient; and (d) constituted notice that fully satisfied all applicable legal requirements, including Rules 23(c)(2)(B) and (e)(1) of the Federal Rules of Civil Procedure, the United States Constitution (including Due Process Clause), the Rules of this Court, and any other applicable law, as well as complied with the Federal Judicial Center's illustrative class action notices.*

**Judge Edward M. Chen,** ***Marolda v. Symantec Corporation*** (Apr. 5, 2013) 3:08-cv-05701 (N.D. Cal.):

> *Approximately 3.9 million notices were delivered by email to class members, but only a very small percentage objected or opted out … The Court … concludes that notice of settlement to the class was adequate and*



*satisfied all requirements of Federal Rule of Civil Procedure 23(e) and due process. Class members received direct notice by email, and additional notice was given by publication in numerous widely circulated publications as well as in numerous targeted publications. These were the best practicable means of informing class members of their rights and of the settlement's terms.*

**Judge Ann D. Montgomery,** *In re: Zurn Pex Plumbing Products Liability Litigation* (Feb. 27, 2013) MDL No. 1958, 08-md-01958 (D. Minn.):

*The parties retained Hilsoft Notifications ("Hilsoft"), an experienced class-notice consultant, to design and carry out the notice plan. The form and content of the notices provided to the class were direct, understandable, and consistent with the "plain language" principles advanced by the Federal Judicial Center.*

*The notice plan's multi-faceted approach to providing notice to settlement class members whose identity is not known to the settling parties constitutes "the best notice [\*26] that is practicable under the circumstances" consistent with Rule 23(c)(2)(B).*

**Magistrate Judge Stewart,** *Gessele et al. v. Jack in the Box, Inc.* (Jan. 28, 2013) 3:10-cv-00960 (D. Ore.):

*Moreover, plaintiffs have submitted [a] declaration from Cameron Azari (docket #129), a nationally recognized notice expert, who attests that fashioning an effective joint notice is not unworkable or unduly confusing. Azari also provides a detailed analysis of how he would approach fashioning an effective notice in this case.*

**Judge Carl J. Barbier,** *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 (Medical Benefits Settlement)* (Jan. 11, 2013) MDL No. 2179 (E.D. La.):

*Through August 9, 2012, 366,242 individual notices had been sent to potential [Medical Benefits] Settlement Class Members by postal mail and 56,136 individual notices had been e-mailed. Only 10,700 mailings—or 3.3%—were known to be undeliverable. (Azari Decl. ¶¶ 8, 9.) Notice was also provided through an extensive schedule of local newspaper, radio, television and Internet placements, well-read consumer magazines, a national daily business newspaper, highly-trafficked websites, and Sunday local newspapers (via newspaper supplements). Notice was also provided in non-measured trade, business and specialty publications, African-American, Vietnamese, and Spanish language publications, and Cajun radio programming. The combined measurable paid print, television, radio, and Internet effort reached an estimated 95% of adults aged 18+ in the Gulf Coast region an average of 10.3 times each, and an estimated 83% of all adults in the United States aged 18+ an average of 4 times each. (Id. ¶¶ 8, 10.) All notice documents were designed to be clear, substantive, and informative. (Id. ¶ 5.)*

*The Court received no objections to the scope or content of the [Medical Benefits] Notice Program. (Azari Supp. Decl. ¶ 12.) The Court finds that the Notice and Notice Plan as implemented satisfied the best notice practicable standard of Rule 23(c) and, in accordance with Rule 23(e)(1), provided notice in a reasonable manner to Class Members who would be bound by the Settlement, including individual notice to all Class Members who could be identified through reasonable effort. Likewise, the Notice and Notice Plan satisfied the requirements of Due Process. The Court also finds the Notice and Notice Plan satisfied the requirements of CAFA.*

**Judge Carl J. Barbier,** *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 (Economic and Property Damages Settlement)* (Dec. 21, 2012) MDL No. 2179 (E.D. La.):

*The Court finds that the Class Notice and Class Notice Plan satisfied and continue to satisfy the applicable requirements of Federal Rule of Civil Procedure 23(c)(2)(b) and 23(e), the Class Action Fairness Act (28 U.S.C. § 1711 et seq.), and the Due Process Clause of the United States Constitution (U.S. Const., amend. V), constituting the best notice that is practicable under the circumstances of this litigation. The notice program surpassed the requirements of Due Process, Rule 23, and CAFA. Based on the factual elements of the Notice Program as detailed below, the Notice Program surpassed all of the requirements of Due Process, Rule 23, and CAFA.*

*The Notice Program, as duly implemented, surpasses other notice programs that Hilsoft Notifications has designed and executed with court approval. The Notice Program included notification to known or potential Class Members via postal mail and e-mail; an extensive schedule of local newspaper, radio, television and Internet placements, well-read consumer magazines, a national daily business newspaper, and Sunday local newspapers. Notice placements also appeared in non-measured trade, business, and specialty publications, African-American, Vietnamese, and Spanish language publications, and Cajun radio programming. The Notice*



*Program met the objective of reaching the greatest possible number of class members and providing them with every reasonable opportunity to understand their legal rights. See Azari Decl. ¶¶ 8, 15, 68. The Notice Program was substantially completed on July 15, 2012, allowing class members adequate time to make decisions before the opt-out and objections deadlines.*

*The media notice effort alone reached an estimated 95% of adults in the Gulf region an average of 10.3 times each, and an estimated 83% of all adults in the United States an average of 4 times each. These figures do not include notice efforts that cannot be measured, such as advertisements in trade publications and sponsored search engine listings. The Notice Program fairly and adequately covered and notified the class without excluding any demographic group or geographic area, and it exceeded the reach percentage achieved in most other court-approved notice programs.*

**Judge Alonzo Harris,** *Opelousas General Hospital Authority, A Public Trust, D/B/A Opelousas General Health System and Arklamiss Surgery Center, L.L.C. v. FairPay Solutions, Inc.* (Aug. 17, 2012) 12-C-1599 (27th Jud. D. Ct. La.):

*Notice given to Class Members and all other interested parties pursuant to this Court's order of April 18, 2012, was reasonably calculated to apprise interested parties of the pendency of the action, the certification of the Class as Defined for settlement purposes only, the terms of the Settlement Agreement, Class Members rights to be represented by private counsel, at their own costs, and Class Members rights to appear in Court to have their objections heard, and to afford persons or entities within the Class Definition an opportunity to exclude themselves from the Class. Such notice complied with all requirements of the federal and state constitutions, including the Due Process Clause, and applicable articles of the Louisiana Code of Civil Procedure, and constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all potential members of the Class as Defined.*

**Judge James Lawrence King,** *Sachar v. Iberiabank Corporation* (Apr. 26, 2012) as part of *In re: Checking Account Overdraft* MDL No. 2036 (S.D. Fla):

*The Court finds that the Notice previously approved was fully and properly effectuated and was sufficient to satisfy the requirements of due process because it described "the substantive claims … [and] contained information reasonably necessary to [allow Settlement Class Members to] make a decision to remain a class member and be bound by the final judgment." In re: Nissan Motor Corp. Antitrust Litig., 552 F.2d 1088, 1104-05 (5th Cir. 1977). The Notice, among other things, defined the Settlement Class, described the release as well as the amount and method and manner of proposed distribution of the Settlement proceeds, and informed Settlement Class Members of their rights to opt-out or object, the procedures for doing so, and the time and place of the Final Approval Hearing. The Notice also informed Settlement Class Members that a class judgment would bind them unless they opted out, and told them where they could obtain more information, such as access to a full copy of the Agreement. Further, the Notice described in summary form the fact that Class Counsel would be seeking attorneys' fees of up to 30 percent of the Settlement. Settlement Class Members were provided with the best practicable notice "reasonably calculated, under [the] circumstances, to apprise them of the pendency of the action and afford them an opportunity to present their objections." Mullane, 339 U.S. at 314. The content of the Notice fully complied with the requirements of Rule 23.*

**Judge Bobby Peters,** *Vereen v. Lowe's Home Centers* (Apr. 13, 2012) SU10-cv-2267B (Ga. Super. Ct.):

*The Court finds that the Notice and the Notice Plan was fulfilled, in accordance with the terms of the Settlement Agreement, the Amendment, and this Court's Preliminary Approval Order and that this Notice and Notice Plan constituted the best practicable notice to Class Members under the circumstances of this action, constituted due and sufficient Notice of the proposed Settlement to all persons entitled to participate in the proposed Settlement, and was in full compliance with Ga. Code Ann § 9-11-23 and the constitutional requirements of due process. Extensive notice was provided to the class, including point of sale notification, publication notice and notice by first-class mail for certain potential Class Members.*

*The affidavit of the notice expert conclusively supports this Court's finding that the notice program was adequate, appropriate, and comported with Georgia Code Ann. § 9-11-23(b)(2), the Due Process Clause of the Constitution, and the guidance for effective notice articulate in the FJC's Manual for Complex Litigation, 4th.*



**Judge Lee Rosenthal,** *In re: Heartland Payment Systems, Inc. Customer Data Security Breach Litigation* (Mar. 2, 2012) MDL No. 2046 (S.D. Tex.):

> *The notice that has been given clearly complies with Rule 23(e)(1)'s reasonableness requirement … Hilsoft Notifications analyzed the notice plan after its implementation and conservatively estimated that notice reached 81.4 percent of the class members. (Docket Entry No. 106, ¶ 32). Both the summary notice and the detailed notice provided the information reasonably necessary for the presumptive class members to determine whether to object to the proposed settlement. See Katrina Canal Breaches, 628 F.3d at 197. Both the summary notice and the detailed notice "were written in easy-to-understand plain English." In re: Black Farmers Discrimination Litig., — F. Supp. 2d —, 2011 WL 5117058, at \*23 (D.D.C. 2011); accord AGGREGATE LITIGATION § 3.04(c).15 The notice provided "satisf[ies] the broad reasonableness standards imposed by due process" and Rule 23. Katrina Canal Breaches, 628 F.3d at 197.*

**Judge John D. Bates,** *Trombley v. National City Bank* (Dec. 1, 2011) 1:10-cv-00232 (D.D.C.) as part of *In re: Checking Account Overdraft Litigation* MDL No. 2036 (S.D. Fla.):

> *The form, content, and method of dissemination of Notice given to the Settlement Class were in full compliance with the Court's January 11, 2011 Order, the requirements of Fed. R. Civ. P. 23(e), and due process. The notice was adequate and reasonable, and constituted the best notice practicable under the circumstances. In addition, adequate notice of the proceedings and an opportunity to participate in the final fairness hearing were provided to the Settlement Class.*

**Judge Robert M. Dow, Jr.,** *Schulte v. Fifth Third Bank* (July 29, 2011) 1:09-cv-06655 (N.D. Ill.):

> *The Court has reviewed the content of all of the various notices, as well as the manner in which Notice was disseminated, and concludes that the Notice given to the Class fully complied with Federal Rule of Civil Procedure 23, as it was the best notice practicable, satisfied all constitutional due process concerns, and provided the Court with jurisdiction over the absent Class Members.*

**Judge Ellis J. Daigle,** *Williams v. Hammerman & Gainer Inc.* (June 30, 2011) 11-C-3187-B (27th Jud. D. Ct. La.):

> *Notices given to Settlement Class members and all other interested parties throughout this proceeding with respect to the certification of the Settlement Class, the proposed settlement, and all related procedures and hearings—including, without limitation, the notice to putative Settlement Class members and others more fully described in this Court's order of 30th day of March 2011 were reasonably calculated under all the circumstances and have been sufficient, as to form, content, and manner of dissemination, to apprise interested parties and members of the Settlement Class of the pendency of the action, the certification of the Settlement Class, the Settlement Agreement and its contents, Settlement Class members' right to be represented by private counsel, at their own cost, and Settlement Class members' right to appear in Court to have their objections heard, and to afford Settlement Class members an opportunity to exclude themselves from the Settlement Class. Such notices complied with all requirements of the federal and state constitutions, including the due process clause, and applicable articles of the Louisiana Code of Civil Procedures, and constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all potential members of the Settlement Class.*

**Judge Stefan R. Underhill,** *Mathena v. Webster Bank, N.A.* (Mar. 24, 2011) 3:10-cv-01448 (D. Conn.) as part of *In re: Checking Account Overdraft Litigation* MDL No. 2036 (S.D. Fla.):

> *The form, content, and method of dissemination of Notice given to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The Notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.*

**Judge Ted Stewart,** *Miller v. Basic Research, LLC* (Sept. 2, 2010) 2:07-cv-00871 (D. Utah):

> *Plaintiffs state that they have hired a firm specializing in designing and implementing large scale, unbiased, legal notification plans. Plaintiffs represent to the Court that such notice will include: 1) individual notice by electronic mail and/or first-class mail sent to all reasonably identifiable Class members; 2) nationwide paid media notice through a combination of print publications, including newspapers, consumer magazines, newspaper supplements and the Internet; 3) a neutral, Court-approved, informational press release; 4) a*



*neutral, Court-approved Internet website; and 5) a toll-free telephone number.  Similar mixed media plans have been approved by other district courts post class certification.  The Court finds this plan is sufficient to meet the notice requirement.*

**Judge Sara Loi,** *Pavlov v. Continental Casualty Co.* (Oct. 7, 2009) 5:07-cv-02580 (N.D. Ohio):

*As previously set forth in this Memorandum Opinion, the elaborate notice program contained in the Settlement Agreement provides for notice through a variety of means, including direct mail to each class member, notice to the United States Attorney General and each State, a toll free number, and a website designed to provide information about the settlement and instructions on submitting claims.  With a 99.9% effective rate, the Court finds that the notice program constituted the "best notice that is practicable under the circumstances," Fed. R. Civ. P. 23(c)(2)(B), and clearly satisfies the requirements of Rule 23(c)(2)(B).*

**Judge James Robertson,** *In re: Department of Veterans Affairs (VA) Data Theft Litigation* (Sept. 23, 2009) MDL No. 1796 (D.D.C.):

*The Notice Plan, as implemented, satisfied the requirements of due process and was the best notice practicable under the circumstances.  The Notice Plan was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the action, the terms of the Settlement, and their right to appear, object to or exclude themselves from the Settlement.  Further, the notice was reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice.*

## LEGAL NOTICE CASES

Hilsoft has served as a notice expert for planning, implementation and/or analysis in the following partial list of cases:

| | |
|---|---|
| *In re: In re: U.S. Office of Personnel Management Data Security Breach Litigation* | D.D.C., No. MDL No. 2664, 15-cv-01394 |
| *In re: fairlife Milk Products Marketing and Sales Practices Litigation* | N.D. Ill., No. MDL No. 2909, No. 1:19-cv-03924 |
| *In Re: Zoom Video Communications, Inc. Privacy Litigation* | N.D. Cal., No. 3:20-cv-02155 |
| *Browning et al. v. Anheuser-Busch, LLC* **(False Advertising)** | W.D. Mo., No. 20-cv-00889 |
| *Callen v. Daimler AG and Mercedes-Benz USA, LLC* **(Interior Trim)** | N.D. Ga., No. 1:19-cv-01411 |
| *In re: Disposable Contact Lens Antitrust Litigation* **(Alcon Laboratories, Inc. and Johnson & Johnson Vision Care, Inc.)** | M.D. Fla., No. 3:15-md-02626 |
| *Ford et al. v. [24]7.ai, Inc.* **(Data Breach - Best Buy Data Incident)** | N.D. Cal., MDL No. 2863, No. 5:18-cv-02770 |
| *In re Takata Airbag Class Action Settlement* – **Australia Settlement**<br>*Louise Haselhurst v. Toyota Motor Corporation Australia Limited*<br>*Kimley Whisson v. Subaru (Aust) Pty Limited*<br>*Akuratiya Kularathne v. Honda Australia Pty Limited*<br>*Owen Brewster v. BMW Australia Ltd*<br>*Jaydan Bond v. Nissan Motor Co (Australia) Pty Limited*<br>*Camilla Coates v. Mazda Australia Pty Limited* | Australia; NSWSC,<br>No. 2017/00340824<br>No. 2017/00353017<br>No. 2017/00378526<br>No. 2018/00009555<br>No. 2018/00009565<br>No. 2018/00042244 |
| *In Re Pork Antitrust Litigation* **(Commercial and Institutional Indirect Purchaser Actions - CIIPPs)** **(Smithfield Foods, Inc.)** | D. Minn., No. 0:18-cv-01776 |
| *Jackson v. UKG Inc., f/k/a The Ultimate Software Group, Inc.* **(Biometrics)** | Cir. Ct. of McLean Cnty., Ill., No. 2020L31 |
| *In re: Capital One Consumer Security Breach Litigation* | E.D. Vir., MDL No. 2915, No. 1:19-md-02915 |
| *Dundon et al. v. Chipotle Mexican Grill, Inc.* **(Food Ordering Fees)** | Cir. Ct. Cal. Alameda Cnty., No. RG21088118 |
| *In re Morgan Stanley Data Security Litigation* | S.D.N.Y., No. 1:20-cv-05914 |



| | |
|---|---|
| *DiFlauro v. Bank of America Corporation, et al.* | C.D. Cal., No. 2:20-cv-05692 |
| *In re: California Pizza Kitchen Data Breach Litigation* | C.D. Cal., No. 8:21-cv-01928 |
| *Breda v. Cellco Partnership d/b/a Verizon Wireless* (TCPA) | D. Mass., No. 1:16-cv-11512 |
| *Snyder et al. v. The Urology Center of Colorado, P.C.* (Data Breach) | 2nd Dist. Ct, Cnty. of Denver Col., No. 2021CV33707 |
| *Dearing v. Magellan Health Inc. et al.* (Data Breach) | Sup. Ct. Cnty of Maricopa, Ariz., No. CV2020-013648 |
| *Toretto et al. v. Donnelley Financial Solutions, Inc. et al.* | S.D.N.Y., No. 1:20-cv-02667 |
| *In Re: Takata Airbag Products Liability Litigation* (Volkswagen) | S.D. Fla., MDL No. 2599, No. 1:15-md-02599 |
| *Beiswinger v. West Shore Home, LLC* (TCPA) | M.D. Fla., No. 3:20-cv-01286 |
| *Arthur et al. v. McDonald's USA, LLC et al.; Lark et al. v. McDonald's USA, LLC et al.* (Biometrics) | Cir. Ct. St. Clair Cnty., Ill., Nos. 20-L-0891; 1-L-559 |
| *Kostka et al. v. Dickey's Barbecue Restaurants, Inc. et al.* | N.D. Tex., No. 3:20-cv-03424 |
| *Scherr v. Rodan & Fields, LLC; Gorzo et al. v. Rodan & Fields, LLC* (Lash Boost Mascara Product) | Sup. Ct. of Cal., Cnty. San Bernadino, No. CJC-18-004981; Sup. Ct. of Cal., Cnty. of San Fran., Nos. CIVDS 1723435 and CGC-18-565628 |
| *Cochran et al. v. The Kroger Co. et al.* (Data Breach) | N.D. Cal., No. 5:21-cv-01887 |
| *Fernandez v. Rushmore Loan Management Services LLC* (Mortgage Loan Fees) | C.D. Cal., No. 8:21-cv-00621 |
| *Abramson v. Safe Streets USA LLC* (TCPA) | E.D.N.C., No. 5:19-cv-00394 |
| *Stoll et al. v. Musculoskeletal Institute, Chartered* (Data Breach) | M.D. Fla., No. 8:20-cv-01798 |
| *Keith Mayo v. Affinity Plus Federal Credit Union* (Overdraft) | 4th Jud. Dist. Ct. Minn., No. 27-cv-11786 |
| *Johnson v. Moss Bros. Auto Group, Inc. et al.* (TCPA) | C.D. Cal., No. 5:19-cv-02456 |
| *Muransky et al. v. The Cheesecake Factory, Inc.* (FACTA) | Sup. Ct. Cal. Cnty. of Los Angeles, No. 19-ST-cv-43875 |
| *Haney v. Genworth Life Ins. Co.* (Long Term Care Insurance) | E.D. Vir., No. 3:22-cv-00055 |
| *Halcom v. Genworth Life Ins. Co.* (Long Term Care Insurance) | E.D. Vir., No. 3:21-cv-00019 |
| *Mercado et al. v. Verde Energy USA, Inc.* (Variable Rate Energy) | N.D. Ill., No. 1:18-cv-02068 |
| *Fallis v. Gate City Bank* (Overdraft) | East Cent. Dist. Ct. Cass Cnty. N.D., No. 09-2019-cv-04007 |
| *Sanchez et al. v. California Public Employees' Retirement System et al.* (Long Term Care Insurance) | Sup. Ct. Cal. Cnty. of Los Angeles, No. BC 517444 |
| *Hameed-Bolden et al. v. Forever 21 Retail, Inc. et al.* (Data Breach for Payment Cards) | C.D. Cal., No. 2:18-cv-03019 |
| *Wallace v. Wells Fargo* (Overdraft Fees on Uber and Lyft One-Time Transactions) | Sup. Ct. Cal. Cnty. of Santa Clara, No. 17-cv-317775 |



| | |
|---|---|
| ***In re Turkey Antitrust Litigations*** **(Commercial and Institutional Indirect Purchaser Plaintiffs' Action – CIIPPs)** ***Sandee's Bakery d/b/a Sandee's Catering Bakery & Deli et al. v. Agri Stats, Inc.*** | N.D. Ill., No. 1:20-cv-02295 |
| ***Coleman v. Alaska USA Federal Credit Union*** **(Retry Bank Fees)** | D. Alaska, No. 3:19-cv-00229 |
| ***Fiore et al. v. Ingenious Designs, L.L.C. and HSN, Inc.*** **(My Little Steamer)** | E.D.N.Y., No. 1:18-cv-07124 |
| ***In Re Pork Antitrust Litigation*** **(Commercial and Institutional Indirect Purchaser Actions - CIIPPs)** **(JBS USA Food Company, JBS USA Food Company Holdings)** | D. Minn., No. 0:18-cv-01776 |
| ***Lozano v. CodeMetro Inc.*** **(Data Breach)** | Sup. Ct. Cal. Cnty. of San Diego, No. 37-2020-00022701 |
| ***Yamagata et al. v. Reckitt Benckiser LLC*** **(Schiff Move Free® Advanced Glucosamine Supplements)** | N.D. Cal., No. 3:17-cv-03529 |
| ***Cin-Q Automobiles, Inc. et al. v. Buccaneers Limited Partnership*** **(TCPA)** | M.D. Fla., No. 8:13-cv-01592 |
| ***Thompson et al. v. Community Bank, N.A.*** **(Overdraft)** | N.D.N.Y., No. 8:19-cv-00919 |
| ***Bleachtech L.L.C. v. United Parcel Service Co.*** **(Declared Value Shipping Fees)** | E.D. Mich., No. 2:14-cv-12719 |
| ***Silveira v. M&T Bank*** **(Mortgage Fees)** | C.D. Cal., No. 2:19-cv-06958 |
| ***In re Toll Roads Litigation; Borsuk et al. v. Foothill/Eastern Transportation Corridor Agency et al.*** **(OCTA Settlement - Collection & Sharing of Personally Identifiable Information)** | C.D. Cal., No. 8:16-cv-00262 |
| ***In Re: Toll Roads Litigation*** **(3M/TCA Settlement - Collection & Sharing of Personally Identifiable Information)** | C.D. Cal., No. 8:16-cv-00262 |
| ***Pearlstone v. Wal-Mart Stores, Inc.*** **(Sales Tax)** | C.D. Cal., No. 4:17-cv-02856 |
| ***Zanca et al. v. Epic Games, Inc.*** **(Fortnite or Rocket League Video Games)** | Sup. Ct. Wake Cnty. N.C., No. 21-CVS-534 |
| ***In re: Flint Water Cases*** | E.D. Mich., No. 5:16-cv-10444 |
| ***Kukorinis v. Walmart, Inc.*** **(Weighted Goods Pricing)** | S.D. Fla., No. 1:19-cv-20592 |
| ***Grace v. Apple, Inc.*** | N.D. Cal., No. 17-cv-00551 |
| ***Alvarez v. Sirius XM Radio Inc.*** | C.D. Cal., No. 2:18-cv-08605 |
| ***In re: Pre-Filled Propane Tank Antitrust Litigation*** | W.D. Mo., No. MDL No. 2567, No. 14-cv-02567 |
| ***In re: Disposable Contact Lens Antitrust Litigation*** **(ABB Concise Optical Group, LLC)** | M.D. Fla., No. 3:15-md-02626 |
| ***Morris v. Provident Credit Union*** **(Overdraft)** | Sup. Ct. Cal. Cnty. of San Fran., No. CGC-19-581616 |
| ***Pennington v. Tetra Tech, Inc. et al.*** **(Property)** | N.D. Cal., No. 3:18-cv-05330 |
| ***Maldonado et al. v. Apple Inc. et al.*** **(Apple Care iPhone)** | N.D. Cal., No. 3:16-cv-04067 |
| ***UFCW & Employers Benefit Trust v. Sutter Health et al.*** **(Self-Funded Payors)** | Sup. Ct. of Cal., Cnty. of San Fran., No. CGC 14-538451 Consolidated with CGC-18-565398 |
| ***Fitzhenry v. Independent Home Products, LLC*** **(TCPA)** | D.S.C., No. 2:19-cv-02993 |
| ***In re: Hyundai and Kia Engine Litigation and Flaherty v. Hyundai Motor Company, Inc. et al.*** | C.D. Cal., Nos. 8:17-cv-00838 & 18-cv-02223 |



| | |
|---|---|
| *Sager et al. v. Volkswagen Group of America, Inc. et al.* | D.N.J., No. 18-cv-13556 |
| *Bautista v. Valero Marketing and Supply Company* | N.D. Cal., No. 3:15-cv-05557 |
| *Richards et al. v. Chime Financial, Inc.* | N.D. Cal., No. 4:19-cv-06864 |
| *In re: Health Insurance Innovations Securities Litigation* | M.D. Fla., 8:17-cv-02186 |
| *Fox et al. v. Iowa Health System d.b.a. UnityPoint Health* (Data Breach) | W.D. Wis., No. 18-cv-00327 |
| *Smith v. Costa Del Mar, Inc.* (Sunglasses Warranty) | M.D. Fla., No. 3:18-cv-01011 |
| *Al's Discount Plumbing et al. v. Viega, LLC* (Building Products) | M.D. Pa., No. 19-cv-00159 |
| *Rose v. The Travelers Home and Marine Insurance Company et al.* | E.D. Pa., No. 19-cv-00977 |
| *Eastwood Construction LLC et al. v. City of Monroe*<br>*The Estate of Donald Alan Plyler Sr. et al. v. City of Monroe* | Sup. Ct. N.C., Nos. 18-CVS-2692 & 19-CVS-1825 |
| *Garvin v. San Diego Unified Port District* | Sup. Ct. Cal., No. 37-2020-00015064 |
| *Consumer Financial Protection Bureau v. Siringoringo Law Firm* | C.D. Cal., No. 8:14-cv-01155 |
| *Robinson v. Nationstar Mortgage LLC* | D. Md., No. 8:14-cv-03667 |
| *Drazen v. GoDaddy.com, LLC* and *Bennett v. GoDaddy.com, LLC* (TCPA) | S.D. Ala., No. 1:19-cv-00563 |
| *In re: Libor-Based Financial Instruments Antitrust Litigation* | S.D.N.Y., MDL No. 2262, No. 1:11-md-2262 |
| *Izor v. Abacus Data Systems, Inc.* (TCPA) | N.D. Cal., No. 19-cv-01057 |
| *Cook et al. v. South Carolina Public Service Authority et al.* | Ct. of Com. Pleas. 13th Jud. Cir. S.C., No. 2019-CP-23-6675 |
| *K.B., by and through her natural parent, Jennifer Qassis, and Lillian Knox-Bender v. Methodist Healthcare - Memphis Hospitals* | 30th Jud. Dist. Tenn., No. CH-13-04871-1 |
| *In re: Roman Catholic Diocese of Harrisburg* | Bank. Ct. M.D. Pa., No. 1:20-bk-00599 |
| *Denier et al. v. Taconic Biosciences, Inc.* | Sup Ct. N.Y., No. 00255851 |
| *Robinson v. First Hawaiian Bank* (Overdraft) | Cir. Ct. of First Cir. Haw., No. 17-1-0167-01 |
| *Burch v. Whirlpool Corporation* | W.D. Mich., No. 1:17-cv-00018 |
| *Armon et al. v. Washington State University* (Data Breach) | Sup. Ct. Wash., No. 17-2-23244-1 consolidated with No. 17-2-25052-0 |
| *Wilson et al. v. Volkswagen Group of America, Inc. et al.* | S.D. Fla., No. 17-cv-23033 |
| *Prather v. Wells Fargo Bank, N.A.* (TCPA) | N.D. Ill., No. 1:17-cv-00481 |
| *In re: Wells Fargo Collateral Protection Insurance Litigation* | C.D. Cal., No. 8:17-ml-02797 |
| *Ciuffitelli et al. v. Deloitte & Touche LLP et al.* | D. Ore., No. 3:16-cv-00580 |
| *Coffeng et al. v. Volkswagen Group of America, Inc.* | N.D. Cal., No. 17-cv-01825 |
| *Audet et al. v. Garza et al.* | D. Conn., No. 3:16-cv-00940 |



| | |
|---|---|
| *In re: Disposable Contact Lens Antitrust Litigation* (CooperVision, Inc.) | M.D. Fla., No. 3:15-md-02626 |
| *Hyder et al. v. Consumers County Mutual Insurance Company* | D. Ct. of Travis Cnty. Tex., No. D-1-GN-16-000596 |
| *Fessler v. Porcelana Corona De Mexico, S.A. DE C.V f/k/a Sanitarios Lamosa S.A. DE C.V. a/k/a Vortens* | E.D. Tex., No. 4:19-cv-00248 |
| *In re: TD Bank, N.A. Debit Card Overdraft Fee Litigation* | D.S.C., MDL No. 2613, No. 6:15-MN-02613 |
| *Liggio v. Apple Federal Credit Union* | E.D. Vir., No. 1:18-cv-01059 |
| *Garcia v. Target Corporation* (TCPA) | D. Minn., No. 16-cv-02574 |
| *Albrecht v. Oasis Power, LLC d/b/a Oasis Energy* | N.D. Ill., No. 1:18-cv-01061 |
| *McKinney-Drobnis et al. v. Massage Envy Franchising* | N.D. Cal., No. 3:16-cv-06450 |
| *In re: Optical Disk Drive Products Antitrust Litigation* | N.D. Cal., MDL No. 2143, No. 3:10-md-02143 |
| *Stone et al. v. Porcelana Corona De Mexico, S.A. DE C.V f/k/a Sanitarios Lamosa S.A. DE C.V. a/k/a Vortens* | E.D. Tex., No. 4:17-cv-00001 |
| *In re: Kaiser Gypsum Company, Inc. et al.* (Asbestos) | Bankr. W.D. N.C., No. 16-31602 |
| *Kuss v. American HomePatient, Inc. et al.* (Data Breach) | M.D. Fla., No. 8:18-cv-02348 |
| *Lusnak v. Bank of America, N.A.* | C.D. Cal., No. 14-cv-01855 |
| *In re: Premera Blue Cross Customer Data Security Breach Litigation* | D. Ore., No. 3:15-md-02633 |
| *Elder v. Hilton Worldwide Holdings, Inc.* (Hotel Stay Promotion) | N.D. Cal., No. 16-cv-00278 |
| *Grayson et al. v. General Electric Company* (Microwaves) | D. Conn., No. 3:13-cv-01799 |
| *Harris et al. v. Farmers Insurance Exchange and Mid Century Insurance Company* | Sup. Ct. Cal., No. BC 579498 |
| *Lashambae v. Capital One Bank, N.A.* (Overdraft) | E.D.N.Y., No. 1:17-cv-06406 |
| *Trujillo et al. v. Ametek, Inc. et al.* (Toxic Leak) | S.D. Cal., No.3:15-cv-01394 |
| *Cox et al. v. Ametek, Inc. et al.* (Toxic Leak) | S.D. Cal., No. 3:17-cv-00597 |
| *Pirozzi et al. v. Massage Envy Franchising, LLC* | E.D. Mo., No. 4:19-cv-00807 |
| *Lehman v. Transbay Joint Powers Authority et al.* (Millennium Tower) | Sup. Ct. Cal., No. GCG-16-553758 |
| *In re: FCA US LLC Monostable Electronic Gearshift Litigation* | E.D. Mich., MDL No. 2744 & No. 16-md-02744 |
| *Dasher v. RBC Bank (USA) predecessor in interest to PNC Bank, N.A.*, as part of *In re: Checking Account Overdraft* | S.D. Fla., No. 1:10-cv-22190, as part of MDL No. 2036 |
| *Behfarin v. Pruco Life Insurance Company et al.* | C.D. Cal., No. 17-cv-05290 |
| *In re: Renovate America Finance Cases* (Tax Assessment Financing) | Sup. Ct., Cal., Cnty. of Riverside, No. RICJCCP4940 |
| *Nelson v. Roadrunner Transportation Systems, Inc.* (Data Breach) | N.D. Ill., No. 1:18-cv-07400 |



| | |
|---|---|
| *Skochin et al. v. Genworth Life Insurance Company et al.* | E.D. Vir., No. 3:19-cv-00049 |
| *Walters et al. v. Target Corp.* (Overdraft) | S.D. Cal., No. 3:16-cv-01678 |
| *Jackson et al. v. Viking Group, Inc. et al.* | D. Md., No. 8:18-cv-02356 |
| *Waldrup v. Countrywide Financial Corporation et al.* | C.D. Cal., No. 2:13-cv-08833 |
| *Burrow et al. v. Forjas Taurus S.A. et al.* | S.D. Fla., No. 1:16-cv-21606 |
| *Henrikson v. Samsung Electronics Canada Inc.* | Ontario Super. Ct., No. 2762-16cp |
| *In re: Comcast Corp. Set-Top Cable Television Box Antitrust Litigation* | E.D. Pa., No. 2:09-md-02034 |
| *Lightsey et al. v. South Carolina Electric & Gas Company, a Wholly Owned Subsidiary of SCANA et al.* | Ct. of Com. Pleas., S.C., No. 2017-CP-25-335 |
| *Rabin v. HP Canada Co. et al.* | Quebec Ct., Dist. of Montreal, No. 500-06-000813-168 |
| *Di Filippo v. The Bank of Nova Scotia et al.* (Gold Market Instrument) | Ontario Sup. Ct., No. CV-15-543005-00CP & No. CV-16-551067-00CP |
| *McIntosh v. Takata Corporation et al.; Vitoratos et al. v. Takata Corporation et al.; and Hall v. Takata Corporation et al.* | Ontario Sup Ct., No. CV-16-543833-00CP; Quebec Sup. Ct. of Justice, No. 500-06-000723-144; & Court of Queen's Bench for Saskatchewan, No. QBG. 1284 or 2015 |
| *Adlouni v. UCLA Health Systems Auxiliary et al.* | Sup. Ct. Cal., No. BC589243 |
| *Lloyd et al. v. Navy Federal Credit Union* | S.D. Cal., No. 17-cv-01280 |
| *Luib v. Henkel Consumer Goods Inc.* | E.D.N.Y., No. 1:17-cv-03021 |
| *Zaklit et al. v. Nationstar Mortgage LLC et al.* (TCPA) | C.D. Cal., No. 5:15-cv-02190 |
| *In re: HP Printer Firmware Update Litigation* | N.D. Cal., No. 5:16-cv-05820 |
| *In re: Dealer Management Systems Antitrust Litigation* | N.D. Ill., MDL No. 2817, No. 18-cv-00864 |
| *Mosser v. TD Bank, N.A. and Mazzadra et al. v. TD Bank, N.A., as part of In re: Checking Account Overdraft* | E.D. Pa., No. 2:10-cv-00731, S.D. Fla., No. 10-cv-21386 and S.D. Fla., No. 1:10-cv-21870, as part of S.D. Fla., MDL No. 2036 |
| *Naiman v. Total Merchant Services, Inc. et al.* (TCPA) | N.D. Cal., No. 4:17-cv-03806 |
| *In re: Valley Anesthesiology Consultants, Inc. Data Breach Litigation* | Sup. Ct. of Maricopa Ariz., No. CV2016-013446 |
| *Parsons v. Kimpton Hotel & Restaurant Group, LLC* (Data Breach) | N.D. Cal., No. 3:16-cv-05387 |
| *Stahl v. Bank of the West* | Sup. Ct. Cal., No. BC673397 |
| *37 Besen Parkway, LLC v. John Hancock Life Insurance Company (U.S.A.)* | S.D.N.Y., No. 15-cv-09924 |
| *Tashica Fulton-Green et al. v. Accolade, Inc.* | E.D. Pa., No. 2:18-cv-00274 |
| *In re: Community Health Systems, Inc. Customer Data Security Breach Litigation* | N.D. Ala., MDL No. 2595, No. 2:15-cv-00222 |



| | |
|---|---|
| *Al's Pals Pet Card, LLC et al. v. Woodforest National Bank, N.A. et al.* | S.D. Tex., No. 4:17-cv-03852 |
| *Cowen v. Lenny & Larry's Inc.* | N.D. Ill., No. 1:17-cv-01530 |
| *Martin v. Trott* (MI - Foreclosure) | E.D. Mich., No. 2:15-cv-12838 |
| *Knapper v. Cox Communications, Inc.* (TCPA) | D. Ariz., No. 2:17-cv-00913 |
| *Dipuglia v. US Coachways, Inc.* (TCPA) | S.D. Fla., No. 1:17-cv-23006 |
| *Abante Rooter and Plumbing v. Pivotal Payments Inc., d/b/a/ Capital Processing Network and CPN* (TCPA) | N.D. Cal., No. 3:16-cv-05486 |
| *First Impressions Salon, Inc. et al. v. National Milk Producers Federation et al.* | S.D. Ill., No. 3:13-cv-00454 |
| *Raffin v. Medicredit, Inc. et al.* | C.D. Cal., No. 15-cv-04912 |
| *Gergetz v. Telenav, Inc.* (TCPA) | N.D. Cal., No. 5:16-cv-04261 |
| *Ajose et al. v. Interline Brands Inc.* (Plumbing Fixtures) | M.D. Tenn., No. 3:14-cv-01707 |
| *Underwood v. Kohl's Department Stores, Inc. et al.* | E.D. Pa., No. 2:15-cv-00730 |
| *Surrett et al. v. Western Culinary Institute et al.* | Ore. Cir., Cnty. of Multnomah, No. 0803-03530 |
| *Vergara et al., v. Uber Technologies, Inc.* (TCPA) | N.D. Ill., No. 1:15-cv-06972 |
| *Watson v. Bank of America Corporation et al.;*<br>*Bancroft-Snell et al. v. Visa Canada Corporation et al.;*<br>*Bakopanos v. Visa Canada Corporation et al.;*<br>*Macaronies Hair Club and Laser Center Inc. operating as Fuze Salon v. BofA Canada Bank et al.;*<br>*Hello Baby Equipment Inc. v. BofA Canada Bank and others* (Visa and Mastercard Canadian Interchange Fees) | Sup. Ct. of B.C., No. VLC-S-S-112003;<br>Ontario Sup. Ct., No. CV-11-426591;<br>Sup. Ct. of Quebec, No. 500-06-00549-101;<br>Ct. of QB of Alberta, No. 1203-18531;<br>Ct. of QB of Saskatchewan, No. 133 of 2013 |
| *In re: Takata Airbag Products Liability Litigation* (OEMs – BMW, Mazda, Subaru, and Toyota) | S.D. Fla., MDL No. 2599 |
| *In re: Takata Airbag Products Liability Litigation* (OEMs – Honda and Nissan) | S.D. Fla., MDL No. 2599 |
| *In re: Takata Airbag Products Liability Litigation* (OEM – Ford) | S.D. Fla., MDL No. 2599 |
| *Poseidon Concepts Corp. et al.* (Canadian Securities Litigation) | Ct. of QB of Alberta, No. 1301-04364 |
| *Callaway v. Mercedes-Benz USA, LLC* (Seat Heaters) | C.D. Cal., No. 8:14-cv-02011 |
| *Hale v. State Farm Mutual Automobile Insurance Company et al.* | S.D. Ill., No. 3:12-cv-00660 |
| *Farrell v. Bank of America, N.A.* (Overdraft) | S.D. Cal., No. 3:16-cv-00492 |
| *In re: Windsor Wood Clad Window Products Liability Litigation* | E.D. Wis., MDL No. 2688, No. 16-md-02688 |
| *Wallace et al. v. Monier Lifetile LLC et al.* | Sup. Ct. Cal., No. SCV-16410 |
| *In re: Parking Heaters Antitrust Litigation* | E.D.N.Y., No. 15-MC-00940 |
| *Pantelyat et al. v. Bank of America, N.A. et al.* (Overdraft / Uber) | S.D.N.Y., No. 16-cv-08964 |



| | |
|---|---|
| *Falco et al. v. Nissan North America, Inc. et al.* **(Engine – CA & WA)** | C.D. Cal., No. 2:13-cv-00686 |
| *Alaska Electrical Pension Fund et al. v. Bank of America N.A. et al.* **(ISDAfix Instruments)** | S.D.N.Y., No. 14-cv-07126 |
| *Larson v. John Hancock Life Insurance Company (U.S.A.)* | Sup. Ct. Cal., No. RG16813803 |
| *Larey v. Allstate Property and Casualty Insurance Company* | W.D. Kan., No. 4:14-cv-04008 |
| *Orlander v. Staples, Inc.* | S.D.N.Y., No. 13-cv-00703 |
| *Masson v. Tallahassee Dodge Chrysler Jeep, LLC* **(TCPA)** | S.D. Fla., No. 1:17-cv-22967 |
| *Gordon et al. v. Amadeus IT Group, S.A. et al.* | S.D.N.Y., No. 1:15-cv-05457 |
| *Alexander M. Rattner v. Tribe App., Inc., and Kenneth Horsley v. Tribe App., Inc.* | S.D. Fla., Nos. 1:17-cv-21344 & 1:14-cv-02311 |
| *Sobiech v. U.S. Gas & Electric, Inc., i/t/d/b/a Pennsylvania Gas & Electric et al.* | E.D. Pa., No. 2:14-cv-04464 |
| *Mahoney v. TT of Pine Ridge, Inc.* | S.D. Fla., No. 9:17-cv-80029 |
| *Ma et al. v. Harmless Harvest Inc.* **(Coconut Water)** | E.D.N.Y., No. 2:16-cv-07102 |
| *Reilly v. Chipotle Mexican Grill, Inc.* | S.D. Fla., No. 1:15-cv-23425 |
| *The Financial Oversight and Management Board for Puerto Rico as representative of Puerto Rico Electric Power Authority ("PREPA")* **(Bankruptcy)** | D. Puerto Rico, No. 17-cv-04780 |
| *In re: Syngenta Litigation* | 4th Jud. Dist. Minn., No. 27-cv-15-3785 |
| *T.A.N. v. PNI Digital Media, Inc.* | S.D. Ga., No. 2:16-cv-00132 |
| *Lewis v. Flue-Cured Tobacco Cooperative Stabilization Corporation (n/k/a United States Tobacco Cooperative, Inc.)* | N.C. Gen. Ct. of Justice, Sup. Ct. Div., No. 05 CVS 188, No. 05 CVS 1938 |
| *McKnight et al. v. Uber Technologies, Inc. et al.* | N.D. Cal., No. 14-cv-05615 |
| *Gottlieb v. Citgo Petroleum Corporation* **(TCPA)** | S.D. Fla., No. 9:16-cv-81911 |
| *Farnham v. Caribou Coffee Company, Inc.* **(TCPA)** | W.D. Wis., No. 16-cv-00295 |
| *Jacobs et al. v. Huntington Bancshares Inc. et al.* **(FirstMerit Overdraft Fees)** | Ohio C.P., No. 11CV000090 |
| *Morton v. Greenbank* **(Overdraft Fees)** | 20th Jud. Dist. Tenn., No. 11-135-IV |
| *Ratzlaff et al. v. BOKF, NA d/b/a Bank of Oklahoma et al.* **(Overdraft Fees)** | Dist. Ct. Okla., No. CJ-2015-00859 |
| *Klug v. Watts Regulator Company* **(Product Liability)** | D. Neb., No. 8:15-cv-00061 |
| *Bias v. Wells Fargo & Company et al.* **(Broker's Price Opinions)** | N.D. Cal., No. 4:12-cv-00664 |
| *Greater Chautauqua Federal Credit Union v. Kmart Corp. et al.* **(Data Breach)** | N.D. Ill., No. 1:15-cv-02228 |
| *Hawkins v. First Tennessee Bank, N.A. et al.* **(Overdraft Fees)** | 13th Jud. Cir. Tenn., No. CT-004085-11 |



| | |
|---|---|
| *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Product Liability Litigation* **(Bosch Settlement)** | N.D. Cal., MDL No. 2672 |
| *In re: HSBC Bank USA, N.A.* | Sup. Ct. N.Y., No. 650562/11 |
| *Glaske v. Independent Bank Corporation* **(Overdraft Fees)** | Cir. Ct. Mich., No. 13-009983 |
| *MSPA Claims 1, LLC v. IDS Property Casualty Insurance Company* | 11th Jud. Cir. Fla, No. 15-27940-CA-21 |
| *In re: Lithium Ion Batteries Antitrust Litigation* | N.D. Cal., MDL No. 2420, No. 4:13-md-02420 |
| *Chimeno-Buzzi v. Hollister Co. and Abercrombie & Fitch Co.* | S.D. Fla., No. 14-cv-23120 |
| *Small v. BOKF, N.A.* | D. Colo., No. 13-cv-01125 |
| *Forgione v. Webster Bank N.A.* **(Overdraft Fees)** | Sup. Ct. Conn., No. X10-UWY-cv-12-6015956-S |
| *Swift v. BancorpSouth Bank*, **as part of** *In re: Checking Account Overdraft* | N.D. Fla., No. 1:10-cv-00090, as part of S.D. Fla, MDL No. 2036 |
| *Whitton v. Deffenbaugh Industries, Inc. et al.* *Gary, LLC v. Deffenbaugh Industries, Inc. et al.* | D. Kan., No. 2:12-cv-02247 D. Kan., No. 2:13-cv-02634 |
| *In re: Citrus Canker Litigation* | 11th Jud. Cir., Fla., No. 03-8255 CA 13 |
| *In re: Caterpillar, Inc. C13 and C15 Engine Products Liability Litigation* | D.N.J., MDL No. 2540 |
| *In re: Shop-Vac Marketing and Sales Practices Litigation* | M.D. Pa., MDL No. 2380 |
| *Opelousas General Hospital Authority, A Public Trust, D/B/A Opelousas General Health System and Arklamiss Surgery Center, L.L.C. v. FairPay Solutions, Inc.* | 27th Jud. D. Ct. La., No. 12-C-1599 |
| *Opelousas General Hospital Authority v. PPO Plus, L.L.C. et al.* | 27th Jud. D. Ct. La., No. 13-C-5380 |
| *Russell Minoru Ono v. Head Racquet Sports USA* | C.D. Cal., No. 2:13-cv-04222 |
| *Kerry T. Thibodeaux, M.D. (A Professional Medical Corporation) v. American Lifecare, Inc.* | 27th Jud. D. Ct. La., No. 13-C-3212 |
| *Gattinella v. Michael Kors (USA), Inc. et al.* | S.D.N.Y., No. 14-cv-05731 |
| *In re: Energy Future Holdings Corp. et al.* **(Asbestos Claims Bar Notice)** | Bankr. D. Del., No. 14-10979 |
| *Dorothy Williams d/b/a Dot's Restaurant v. Waste Away Group, Inc.* | Cir. Ct., Lawrence Cnty., Ala., No. 42-cv-2012- 900001.00 |
| *Kota of Sarasota, Inc. v. Waste Management Inc. of Florida* | 12th Jud. Cir. Ct., Sarasota Cnty., Fla., No. 2011-CA-008020NC |
| *Steen v. Capital One, N.A.*, **as part of** *In re: Checking Account Overdraft* | E.D. La., No. 2:10-cv-01505 and 1:10-cv-22058, as part of S.D. Fla., MDL No. 2036 |
| *Childs et al. v. Synovus Bank et al.*, **as part of** *In re: Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| *In re: MI Windows and Doors Inc. Products Liability Litigation* **(Building Products)** | D.S.C., MDL No. 2333 |
| *Given v. Manufacturers and Traders Trust Company a/k/a M&T* | S.D. Fla., MDL No. 2036 |



| | |
|---|---|
| **Bank**, as part of *In re: Checking Account Overdraft* | |
| **Scharfstein v. BP West Coast Products, LLC** | Ore. Cir., Cnty. of Multnomah, No. 1112-17046 |
| **Adkins et al. v. Nestlé Purina PetCare Company et al.** | N.D. Ill., No. 1:12-cv-02871 |
| **Smith v. City of New Orleans** | Civil D. Ct., Parish of Orleans, La., No. 2005-05453 |
| **Hawthorne v. Umpqua Bank** (Overdraft Fees) | N.D. Cal., No. 11-cv-06700 |
| **Gulbankian et al. v. MW Manufacturers, Inc.** | D. Mass., No. 1:10-cv-10392 |
| **Costello v. NBT Bank** (Overdraft Fees) | Sup. Ct. Del Cnty., N.Y., No. 2011-1037 |
| **In re American Express Anti-Steering Rules Antitrust Litigation (II) (Italian Colors Restaurant)** | E.D.N.Y., MDL No. 2221, No. 11-md-2221 |
| **Wong et al. v. Alacer Corp.** (Emergen-C) | Sup. Ct. Cal., No. CGC-12-519221 |
| **Mello et al. v. Susquehanna Bank**, as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL 2036 |
| **In re: Plasma-Derivative Protein Therapies Antitrust Litigation** | N.D. Ill., No. 09-cv-07666 |
| **Simpson v. Citizens Bank** (Overdraft Fees) | E.D. Mich., No. 2:12-cv-10267 |
| **George Raymond Williams, M.D., Orthopedic Surgery, a Professional Medical, LLC et al. v. Bestcomp, Inc. et al.** | 27th Jud. D. Ct. La., No. 09-C-5242-B |
| **Simmons v. Comerica Bank, N.A.**, as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| **McGann et al., v. Schnuck Markets, Inc.** (Data Breach) | Mo. Cir. Ct., No. 1322-CC00800 |
| **Rose v. Bank of America Corporation et al.** (TCPA) | N.D. Cal., Nos. 5:11-cv-02390 & 5:12-cv-00400 |
| **Johnson v. Community Bank, N.A. et al.** (Overdraft Fees) | M.D. Pa., No. 3:12-cv-01405 |
| **National Trucking Financial Reclamation Services, LLC et al. v. Pilot Corporation et al.** | E.D. Ark., No. 4:13-cv-00250 |
| **Price v. BP Products North America** | N.D. Ill., No. 12-cv-06799 |
| **Yarger v. ING Bank** | D. Del., No. 11-154-LPS |
| **Glube et al. v. Pella Corporation et al.** (Building Products) | Ont. Super. Ct., No. CV-11-4322294-00CP |
| **Fontaine v. Attorney General of Canada** (Mistassini Hostels Residential Schools) | Qué. Super. Ct., No. 500-06-000293-056 & No. 550-06-000021-056 |
| **Miner v. Philip Morris Companies, Inc. et al.** (Light Cigarettes) | Ark. Cir. Ct., No. 60CV03-4661 |
| **Williams v. SIF Consultants of Louisiana, Inc. et al.** | 27th Jud. D. Ct. La., No. 09-C-5244-C |
| **Opelousas General Hospital Authority v. Qmedtrix Systems, Inc.** | 27th Jud. D. Ct. La., No. 12-C-1599-C |
| **Evans et al. v. TIN, Inc. et al.** (Environmental) | E.D. La., No. 2:11-cv-02067 |
| **Casayuran v. PNC Bank**, as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL 2036 |



| | |
|---|---|
| **Anderson v. Compass Bank**, as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| **Eno v. M & I Marshall & Ilsley Bank** as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| **Blahut v. Harris, N.A.**, as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| **In re: Zurn Pex Plumbing Products Liability Litigation** | D. Minn., MDL No. 1958, No. 08-md-1958 |
| **Saltzman v. Pella Corporation** (Building Products) | N.D. Ill., No. 06-cv-04481 |
| **In re: Payment Card Interchange Fee and Merchant Discount Antitrust Litigation** (Mastercard & Visa) | E.D.N.Y., MDL No. 1720, No. 05-md-01720 |
| **RBS v. Citizens Financial Group, Inc.**, as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| **Gessele et al. v. Jack in the Box, Inc.** | D. Ore., No. 3:10-cv-00960 |
| **Vodanovich v. Boh Brothers Construction** (Hurricane Katrina Levee Breaches) | E.D. La., No. 05-cv-04191 |
| **Marolda v. Symantec Corporation** (Software Upgrades) | N.D. Cal., No. 3:08-cv-05701 |
| **In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** (Medical Benefits Settlement) | E.D. La., MDL No. 2179 |
| **In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** (Economic & Property Damages Settlement) | E.D. La., MDL No. 2179 |
| **Opelousas General Hospital Authority v. FairPay Solutions** | 27th Jud. D. Ct. La., No. 12-C-1599-C |
| **Fontaine v. Attorney General of Canada** (Stirland Lake and Cristal Lake Residential Schools) | Ont. Super. Ct., No. 00-cv-192059 CP |
| **Nelson v. Rabobank, N.A.** (Overdraft Fees) | Sup. Ct. Cal., No. RIC 1101391 |
| **Case v. Bank of Oklahoma**, as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| **Harris v. Associated Bank**, as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| **Wolfgeher v. Commerce Bank**, as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| **McKinley v. Great Western Bank**, as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| **Lawson v. BancorpSouth** (Overdraft Fees) | W.D. Ark., No. 1:12-cv-01016 |
| **LaCour v. Whitney Bank** (Overdraft Fees) | M.D. Fla., No. 8:11-cv-01896 |
| **Sachar v. Iberiabank Corporation**, as part of *In re: Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| **Williams v. S.I.F. Consultants** (CorVel Corporation) | 27th Jud. D. Ct. La., No. 09-C-5244-C |
| **Gwiazdowski v. County of Chester** (Prisoner Strip Search) | E.D. Pa., No. 2:08-cv-04463 |
| **Williams v. Hammerman & Gainer, Inc.** (SIF Consultants) | 27th Jud. D. Ct. La., No. 11-C-3187-B |



| | |
|---|---|
| *Williams v. Hammerman & Gainer, Inc.* **(Risk Management)** | 27th Jud. D. Ct. La., No. 11-C-3187-B |
| *Williams v. Hammerman & Gainer, Inc.* **(Hammerman)** | 27th Jud. D. Ct. La., No. 11-C-3187-B |
| *Gunderson v. F.A. Richard & Assocs., Inc.* **(First Health)** | 14th Jud. D. Ct. La., No. 2004-002417 |
| *Delandro v. County of Allegheny* **(Prisoner Strip Search)** | W.D. Pa., No. 2:06-cv-00927 |
| *Mathena v. Webster Bank, N.A.*, **as part of** *In re: Checking Account Overdraft* | D. Conn, No. 3:10-cv-01448, as part of S.D. Fla., MDL No. 2036 |
| *Vereen v. Lowe's Home Centers* **(Defective Drywall)** | Ga. Super. Ct., No. SU10-cv-2267B |
| *Trombley v. National City Bank*, **as part of** *In re: Checking Account Overdraft* | D.D.C., No. 1:10-cv-00232, as part of S.D. Fla., MDL No. 2036 |
| *Schulte v. Fifth Third Bank* **(Overdraft Fees)** | N.D. Ill., No. 1:09-cv-06655 |
| *Satterfield v. Simon & Schuster, Inc.* **(Text Messaging)** | N.D. Cal., No. 06-cv-02893 |
| *Coyle v. Hornell Brewing Co.* **(Arizona Iced Tea)** | D.N.J., No. 08-cv-02797 |
| *Holk v. Snapple Beverage Corporation* | D.N.J., No. 3:07-cv-03018 |
| *In re: Heartland Data Payment System Inc. Customer Data Security Breach Litigation* | S.D. Tex., MDL No. 2046 |
| *Weiner v. Snapple Beverage Corporation* | S.D.N.Y., No. 07-cv-08742 |
| *Gunderson v. F.A. Richard & Assocs., Inc.* **(Cambridge)** | 14th Jud. D. Ct. La., No. 2004-002417 |
| *Miller v. Basic Research, LLC* **(Weight-loss Supplement)** | D. Utah, No. 2:07-cv-00871 |
| *In re: Countrywide Customer Data Breach Litigation* | W.D. Ky., MDL No. 1998 |
| *Boone v. City of Philadelphia* **(Prisoner Strip Search)** | E.D. Pa., No. 05-cv-01851 |
| *Little v. Kia Motors America, Inc.* **(Braking Systems)** | N.J. Super. Ct., No. UNN-L-0800-01 |
| *Opelousas Trust Authority v. Summit Consulting* | 27th Jud. D. Ct. La., No. 07-C-3737-B |
| *Steele v. Pergo* **(Flooring Products)** | D. Ore., No. 07-cv-01493 |
| *Pavlov v. Continental Casualty Co.* **(Long Term Care Insurance)** | N.D. Ohio, No. 5:07-cv-02580 |
| *Dolen v. ABN AMRO Bank N.V.* **(Callable CD's)** | Ill. Cir. Ct., Nos. 01-L-454 & 01-L-493 |
| *In re: Department of Veterans Affairs (VA) Data Theft Litigation* | D.D.C., MDL No. 1796 |
| *In re: Katrina Canal Breaches Consolidated Litigation* | E.D. La., No. 05-cv-04182 |

Hilsoft-cv-147

