**BOIES SCHILLER FLEXNER LLP**
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile: (415) 999 9695

**SUSMAN GODFREY L.L.P.**
Bill Carmody (pro hac vice)
bcarmody@susmangodfrey.com
Shawn J. Rabin (pro hac vice)
srabin@susmangodfrey.com
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

**MORGAN & MORGAN**
John A. Yanchunis (pro hac vice)
jyanchunis@forthepeople.com
Ryan J. McGee (pro hac vice)
rmcgee@forthepeople.com
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505

Attorneys for Plaintiffs; additional counsel listed in signature blocks below

**WILLKIE FARR & GALLAGHER LLP**
Benedict Y. Hur (SBN: 224018)
bhur@willkie.com
Simona Agnolucci (SBN: 246943)
sagnolucci@willkie.com
Eduardo E. Santacana (SBN: 281668)
esantacana@willkie.com
Noor Rahman (SBN: 330572)
nrahman@willkie.com
Argemira Florez (SBN: 331153)
aflorez@willkie.com
One Front Street, 34th Floor
San Francisco, CA 94111
Telephone: (415) 858-7400
Facsimile: (415) 858-7599

Attorneys for Defendant Google LLC

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,<br><br>v.<br><br>GOOGLE LLC<br><br>    Defendant. | Case No. 3:20-cv-4688-RS<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Hon. Richard Seeborg<br>Date: February 1, 2024<br>Time: 10:00 a.m.<br>Place: Courtroom 3 – 17th Floor |

Pursuant to the Court's Order of January 3, 2024 (Dkt. No. 352), and in advance of the Case Management Conference set by the Court for Thursday, February 1, 2024, at 10:00 a.m., Plaintiffs Anibal Rodriguez, Sal Cataldo, Julian Santiago, and Susan Lynn Harvey ("Plaintiffs") and Defendant Google LLC ("Google") hereby submit this Joint Case Management Statement. This includes a report on the parties' progress since the last Joint Case Management Statement was filed on November 11, 2021 (Dkt. 164).

**1.  JURISDICTION AND SERVICE**

Google has been served and the Court has jurisdiction over this matter.

**2.  FACTS**

The parties' prior Joint Case Management Conference Statements and class certification briefing include summaries of the principal factual issues in dispute.

**3.  LEGAL ISSUES**

No new legal issues to present.

**4.  MOTIONS**

<u>Motions Decided Since the Last CMC Statement</u>:

Since the last Joint Case Management Statement was filed on November 11, 2021 (Dkt. 164), the Court has decided several discovery motions (Dkts. 184, 185, 197, 205, 208, 220, 224, 238, 240, 241, 248, 251, 281, 291, 298, 299, 302, 303, 304), and scheduling motions (Dkts. 180, 281, 282), granted Google's motion to dismiss Plaintiffs' breach of contract and CIPA § 632 claims (Dkt. 209), granted in part and denied in part Plaintiffs' motion for leave to amend the complaint (Dkt. 281), denied Google's motion to exclude the opinions of Plaintiffs' damages expert (Dkt. 352), and granted Plaintiffs' motion for class certification (Dkt. 352).

<u>Pending Motions</u>:

None.

Anticipated Motions:

**Plaintiffs' Statement**

Plaintiffs anticipate filing a motion for approval of a class notice program advising members of the certified classes of their rights and the process for opting out. In support of Plaintiffs' briefing on class certification, Plaintiffs offered a report prepared by their notice expert (Cameron Azari), which detailed a proposed notice program (Dkt. 315-1 at 7; Dkt. 315-13). Google's opposition to Plaintiffs' class certification motion did not challenge Mr. Azari's expert report or proposed notice program. Plaintiffs submit that the notice program should follow Mr. Azari's proposal, with the notice documents to be approved by the Court. The parties have been meeting and conferring regarding notice. Plaintiffs propose a deadline of February 29, 2024 to submit a notice proposal, with the additional dates and deadlines included below.

Given Google's stated intent to seek summary judgment or partial summary judgment, Plaintiffs respectfully request the ability to file a cross motion for summary judgment with their opposition to any Google motion. Plaintiffs may seek summary judgment or adjudication to narrow the scope of the disputed issues for trial, including with respect to certain affirmative defenses asserted by Google.

Plaintiffs asked Google to explain the basis for any motion for summary judgment it intends to bring, and Google has so far refused to provide that information. Plaintiffs also asked Google to provide information regarding its affirmative defenses, in part to determine which defenses Google intends to assert at trial. Some of the defenses asserted by Google, for example, appear to be inapplicable to the remaining claims. Google has not yet responded as to all of the defenses which Plaintiffs asked about. Plaintiffs prefer not to burden the Court with unnecessary motion practice, and Plaintiffs are hopeful that the parties can work together to narrow the scope of any motion practice.

**Google's Statement:**

Google will seek summary judgment or partial summary judgment.

**5.    AMENDMENT OF PLEADINGS**

No further amendments anticipated.

**6.    EVIDENCE PRESERVATION**

The parties reviewed the ESI Guidelines and have conferred regarding evidence preservation. The parties previously agreed to and the Court entered a protective order (Dkt. 70) and an ESI order (Dkt. 73).

**7.    DISCLOSURES**

Plaintiffs served their initial disclosures on October 7, 2020, and Google served its initial disclosures on October 27, 2020. Google supplemented its initial disclosures on October 24, 2022 and October 31, 2022. Plaintiffs served amended Rule 26 disclosures on October 31, 2022. On October 4, 2023, Plaintiffs served second amended Rule 26 disclosures, identifying former Google employee Blake Lemoine as someone with knowledge regarding Google's collection and use of (s)WAA-off data. As discussed below, the parties are meeting and conferring over Plaintiffs' disclosure of Mr. Lemoine.

**8.    DISCOVERY**

Fact discovery closed on October 31, 2022, and expert discovery closed on July 14, 2023.

**Plaintiffs' Statement**: Plaintiffs seek to update the discovery record in two discrete ways: (1) Plaintiffs seek to update their damages calculations to account for the additional time since Mr. Lasinski prepared his last report, consistent with Rule 26; and (2) Plaintiffs seek a limited document production for former Google employee Blake Lemoine (identified in Plaintiffs' updated disclosures, as noted above, but not previously disclosed by Google or included as a document custodian), including for purposes of any deposition Google may wish to take of Mr. Lemoine.

(1) The Court considered and rejected Google's *Daubert* challenge to the models presented by Plaintiffs' damages expert Michael Lasinski. Dkt. 352. Mr. Lasinski's analysis was included in a report dated February 20, 2023, for the period ending December 31, 2022. Dkt. 314-7 (Lasinski Report). Google has continued to collect, store, and use (s)WAA-off data since the end of 2022, and Plaintiffs intend to update those damages calculations consistent with FRCP 26. Google does

not object to updating Mr. Lasinski's damages calculations. Google has also agreed to update a discrete set of financial and technical documents for use in Mr. Lasinski's anticipated supplemental report or declaration. Google may, in turn, serve a supplemental responsive report addressing Mr. Lasinski's anticipated supplement, to which Plaintiffs have no objection.

(2) Mr. Lemoine is a former Google senior engineer who worked on Google's artificial intelligence products and services. Mr. Lemoine first contacted Plaintiffs' counsel in the fall of 2023 (because of recent news articles about Google's allegedly unlawful collection practices) and indicated that he has personal knowledge about how Google's artificial intelligence uses (s)WAA-off data. Google has sometimes argued in briefing that (s)WAA-off data is "anonymized" or perhaps "pseudonymous" (Google has never quite gotten its story straight). *See, e.g.*, Dkt. 329 (Class Cert. Opp.) at 1, 3. That is false.[1] Plaintiffs' technical expert, Jonathan Hochman, has opined that (s)WAA-off data is not anonymous, is identifying, and that Google in fact uses (s)WAA-off data to track class members from one activity to the next (for Google's own financial gain, as part of its ads business). Mr. Lemoine will explain how the problem at Google runs much deeper.

Mr. Lemoine worked on Google's artificial intelligence, and he will testify that Google's artificial intelligence systems—about which Google provided precious little discovery—in fact *do* "cross-pollinate[]" (s)WAA-off data with information Google insists is kept separate. Class Cert. Opp. at 3. And because Google's artificial intelligence sits atop a wide range of Google services, the leakage spreads throughout Google's ecosystem. Mr. Lemoine's testimony will highlight how Google's collection, saving, and use of (s)WAA-off data violates Google's Privacy Policy and other disclosures, conflicting with reasonable expectations and undermining user privacy. Mr. Lemoine will also testify that while at Google he conducted research on privacy and user trust concerns stemming from, among other things, Google's use of (s)WAA-off data in various Google products, including certain machine learning algorithms. After sharing the results of this research and raising these concerns with Google leadership, he faced disciplinary action: Mr. Lemoine was taken off projects relating to artificial intelligence, was directed to cease research on these topics and to limit

---

[1] Plaintiffs' claims would succeed even without evidence that Google's data is identifying.

and/or destroy documentation he created on these topics, and was ultimately terminated by Google. This is bombshell new whistleblower evidence.

Mr. Lemoine offered similar evidence in *Brown*, concerning the falsity of Google's defenses. Although Judge Gonzalez Rogers was initially hesitant to allow new discovery less than three months before trial (which Google points out below), her reaction dramatically changed when plaintiffs' counsel explained Mr. Lemoine's anticipated testimony (which Google conveniently fails to point out below). As Judge Gonzalez Rogers explained, Mr. Lemoine is "a potential whistleblower who … in many ways, guts much of what [Google] say[s] if he's credible." Dkt. 1080 at 83, *Brown v. Google*, No. 4:20-cv-03664-YGR (N.D. Cal.). Even with trial at that point just months away in the *Brown* case, Judge Gonzalez Rogers ordered Google to produce Mr. Lemoine's documents and take his deposition. Less than two weeks after Mr. Lemoine testified at his deposition in *Brown*, Google agreed to settle the case.

In this case, there is ample time for this limited additional discovery. Trial will not begin until after the class notice program, which will take several months. There is plenty of time for Google to produce a targeted set of Mr. Lemoine's documents (similar to what Google did in *Brown*, prior to his deposition in *Brown*), and Plaintiffs have already provided a list of recommended search terms to Google's counsel to identify these documents. Although Google has already run these search terms, it has so far refused to provide the hit counts to Plaintiffs.

Google's suggestion below that any relevant documents have already been produced is incorrect. Mr. Lemoine was never a custodian in this case. His documents were never collected and produced, and what Google produced before only came from the files of other custodians. Further, Mr. Lemoine's testimony concerns Google's downstream use of (s)WAA-off data, a topic about which Google otherwise resisted providing relevant discovery. *See* Class Cert. Ex. 43 (interrogatory response stating that "there are various downstream users of the pseudonymous data" but refusing to identify them). It is not enough for Google to broadly admit that it uses (s)WAA-off data for various purposes. The jury is entitled to know how Google uses (s)WAA-off data, including in

ways that violate users' privacy and are contrary to the assertions made by Google in this litigation. The Court may also find Mr. Lemoine's evidence useful in crafting any injunctive relief.

Given the case schedule, and Google's opportunity to take Mr. Lemoine's deposition, Google will not be prejudiced by reopening discovery for this limited purpose. Besides, any delay is due to Google's failure to disclose Mr. Lemoine (who was still employed at Google during the class period and at the outset of the case) and provide this relevant discovery earlier regarding how Google artificial intelligence programs leverages (s)WAA off data in violation of Google's privacy disclosures. This discovery can be completed quickly and efficiently, without in any way disrupting the case schedule or preparations for trial.

**Google's Statement**: Despite their admission that Mr. Lemoine is a former Google employee who did not work on any of the products at issue in this case, Plaintiffs request to update the discovery record to invite testimony on "research" that Mr. Lemoine conducted while at Google to explain "the problem at Google" because there is "plenty of time." Plaintiffs' request as to Mr. Lemoine is unfounded and untimely, and any motion they file on this subject should be denied. Fact discovery in this case closed on October 31, 2022. By then, Plaintiffs had received ample documents where Mr. Lemoine appeared. None of these documents led Plaintiffs to ask for more documents concerning him, request him as a custodian, consider him a person with relevant knowledge, seek him out as an expert, or amend their initial disclosures to include him. That is because there has never been a reasonable basis to believe that he is a person with relevant knowledge. As Plaintiffs themselves admit, Mr. Lemoine was a Google senior engineer who worked on Google's *artificial intelligence products and services*. This case is not about artificial intelligence products and services. And Mr. Lemoine cannot make it so simply by retaining Plaintiffs' counsel as his own, as he has puzzlingly done here. (Google is not suing Mr. Lemoine, has not subpoenaed him, or made any demands that would require him to seek counsel in the context of this case). Google is meeting and conferring with Plaintiffs' counsel, who are also serving as Mr. Lemoine's counsel, about the propriety of such an arrangement.

Furthermore, Plaintiffs misrepresent Judge Gonzalez Rogers' decisions with regards to what was appropriate in terms of timing and scope for additional discovery in *Brown*; in fact, the Court had not yet ruled on this issue when the *Brown* case settled. *See Brown v. Google*, No. 4:20-cv-03664-YGR, ECF No. 1078, at 5 (Dec. 5, 2023) ("As stated on the record, the Court needs additional information to resolve the dispute, including a potential evidentiary hearing to determine the relevancy and probative value of Lemoine's testimony. Though plaintiffs have stated that Lemoine's testimony is relevant, the Court is concerned with the distraction which may result from his anticipated cross-examination."). Regardless, Plaintiffs cannot explain how Mr. Lemoine's testimony is relevant or would be different from the information they already have access to pertaining to the claims in *this* case. At this point, Plaintiffs have received over 27,000 documents from 24 agreed-upon custodians, including the product manager for (s)WAA. They have also already taken 30(b)(6) depositions from Google employees who discussed how Google uses (s)WAA-off data. If Plaintiffs file a motion to reopen discovery for Mr. Lemoine, that motion should be denied.

Google is meeting and conferring with Plaintiffs to understand what information Plaintiffs seek in order to update Mr. Lasinski's damages calculations and determine a process for that update.

**9.  CLASS CERTIFICATION**

The Court issued its class certification ruling on January 3, 2024 (Dkt. 352), certifying two nationwide classes under Rule 23(b)(2) and Rule 23(b)(3).

The parties have reviewed the Procedural Guidance for Class Action Settlements.

**10.  RELATED CASES**

None.

**11.  RELIEF**

The operative complaint (Dkt. 289) includes Plaintiffs' requested relief, which includes without limitation the damages outlined by Plaintiffs' expert Michael Lasinski and also the injunctive relief detailed by the Court in its certification ruling.

**12. SETTLEMENT AND ADR**

No settlement discussions have taken place. Pursuant to ADR Local Rule 3-5 and Civil Local Rule 16-8, on September 23, 2020, the parties met and conferred regarding the available dispute resolution options. The parties have filed their ADR Certifications. Dkt. 40, 41, 42.

**13. OTHER REFERENCES**

None.

**14. NARROWING OF ISSUES**

The parties will discuss whether issues can be narrowed in ways that can expedite the presentation of evidence at trial.

**15. SCHEDULING**

**Plaintiffs' Statement**: Plaintiffs respectfully request that the Court schedule trial for later this year. Google has chosen to continue its collection, saving, and use of (s)WAA-off data throughout the course of this litigation. Plaintiffs are committed to obtaining a decision on the merits as soon as possible to address Google's ongoing conduct. Plaintiffs believe the parties can efficiently navigate class notice and any summary judgment briefing in parallel with the efforts needed to prepare this case for trial. Plaintiffs propose the schedule below:

| Date | Event |
| --- | --- |
| February 1, 2024 | CMC Conference |
| February 29, 2024 | Notice Proposal Due to Court |
| 30 Days following Court approval of Notice Plan | Notice Period Commences |
| 45 days following commencement of Notice Plan | Notice Period Concludes |
| 60 days following conclusion of Notice Plan | Deadline for Class Members to Opt-Out |
| 30 Days following Deadline for Class Members to Opt-Out | Plaintiffs report opt-out information to the Court |

| | |
|---|---|
| March 28, 2024 | Google's Deadline to File Any Motion for Summary Judgment, and Parties' Deadline to File any *Daubert* Motions |
| April 25, 2024 | Parties' Deadline to File Oppositions to any *Daubert* Motions |
| May 2, 2024 | Plaintiffs' Deadline to File Opposition to Google's Motion for Summary Judgment, and Any Cross-Motion for Summary Judgment |
| May 16, 2024 | Parties' Deadline to File Replies In Support of *Daubert* Motions |
| May 30, 2024 | Google's Deadline to File Reply ISO Motion for Summary Judgment / Opposition to Plaintiffs' Cross-Motion |
| June 19, 2024 | Plaintiffs' Deadline to File Reply ISO Cross-Motion |
| At the Court's convenience[2] | Hearing on Summary Judgment and any *Daubert* Motions |
| October 23, 2024 | Pretrial Conference |
| December 2, 2024 | Jury Trial |

The Parties agree that briefing on summary judgment should begin during the notice process. "[I]t is not true that a defendant is unable to file for summary judgement prior to issuing class notice. All that must take place for a decision granting summary judgment to be binding on the class is that notice be sent before judgment is ultimately granted. There is no prohibition against filing the motion and requesting that the judge wait to decide the motion until class notice is issued."

---

[2] Plaintiffs defer to the Court on the best timing for the hearing on summary judgment motions and any *Daubert* motions. The Parties agree that any decision on summary judgment should follow the deadline for class members to opt out.

*Yeoman v. Ikea U.S.A. W., Inc.*, 2014 WL 1128252, at *6 (S.D. Cal. Mar. 20, 2014); *see also Magadia v. Wal-Mart Assocs., Inc.*, 319 F. Supp. 3d 1180, 1186 (N.D. Cal. 2018) ("The notices set an opt-out deadline of May 10, 2018, 45 days from the date of mailing. It is now after May 10, 2018, which means that the deadline for class members to opt out has passed. Consequently, because the class has already been certified, and class members have already been notified and decided whether or not to participate in this action, the Court's summary judgment order binds both Wal-Mart and the class—there is no longer any danger of one-way intervention."). Plaintiffs' proposed schedule accounts for these rules by ensuring that any decision on summary judgment follows after the conclusion of the opt-out period.

After meeting and conferring with Google's counsel, Plaintiffs understand that Google's lead trial counsel (identified by Google's counsel Benedict Hur and Simona Agnolucci) have a trial scheduled for December 2, 2024, which is the day Plaintiffs propose above for trial in this matter. Plaintiffs defer to the Court on whether to set this case for trial in December, with the possibility that the other case will proceed to trial in December, or setting this case for trial in January or February of 2025, as proposed by Google.

**Google's Statement**:   Google respectfully requests that the Court schedule trial for February 10, 2025. Google's lead counsel has a trial date in another matter currently set for December 2, 2024. Google proposes the schedule below:

| Date | Event |
|---|---|
| February 1, 2024 | CMC Conference |
| February 29, 2024 | Notice Proposal Due to Court |
| 30 Days following Court approval of Notice Plan | Notice Period Commences |
| 45 days following commencement of Notice Plan | Notice Period Concludes |
| 60 days following conclusion of Notice Plan | Deadline for Class Members to Opt-Out |

11
JOINT CASE MANAGEMENT STATEMENT                                   CASE NO. 3:20-cv-4688-RS

| | |
|---|---|
| 30 Days following Deadline for Class Members to Opt-Out | Plaintiffs report opt-out information to the Court |
| March 28, 2024 | Google's Deadline to File Any Motion for Summary Judgment |
| April 25, 2024 | Plaintiffs' Deadline to File Opposition to Summary Judgment and any Cross-Motion for Summary Judgment |
| May 23, 2024 | Google's Deadline to File Reply iso Summary Judgment and Opposition to Any Cross-Motion for Summary Judgment |
| June 10, 2024 | Plaintiffs' Deadline to File Reply iso Any Cross-Motion for Summary Judgment |
| July 11, 2024 | Hearing on Summary Judgment Motions |
| November 14, 2024 | Last Day to Hear Any *Daubert* Motions |
| January 22, 2025 | Pretrial Conference |
| February 10, 2025 | Jury Trial |

Google respectfully requests that this Court issue any decision on summary judgment after the conclusion of the opt-out period and has proposed a schedule consistent with that request. Google proposes a more compressed schedule for summary judgment motions for two reasons: first, Google's schedule provides the Court ample time to decide summary judgment without forcing the parties into unnecessary trial preparation; and second, Google's proposal would provide the Court with four briefs total rather than two separate sets of three briefs on cross-summary judgment motions that fail to join issue. The parties should negotiate page limits so that Google files its motion, Plaintiffs oppose and cross-move, Google replies and opposes the cross-motion, and finally, Plaintiffs reply.

12
JOINT CASE MANAGEMENT STATEMENT                              CASE NO. 3:20-cv-4688-RS

**16.   TRIAL**

**Plaintiffs' Statement**: Plaintiffs seek to try their certified Rule 23(b)(3) damages claims to a jury, with the Court deciding the scope of injunctive relief for the Rule 23(b)(2) classes. As stated in Plaintiffs' proposed trial plan, submitted with their class certification motion, Plaintiffs estimate that trial can be completed in approximately 14 court days, with Plaintiffs and Google splitting the time equally.

**Google's Statement**: Google denies all allegations in Plaintiffs' Fourth Amended Complaint ("FAC") (Dkt. 289) and denies that Plaintiffs are entitled to any of the requested judgment and relief. Google maintains the defenses asserted in its Answer to Plaintiffs' FAC (Dkt. 305) and will advance them at trial. Google believes 10 court days is sufficient for trial of this matter. Google does not oppose Plaintiffs' proposal with regards to the splitting of time between the parties.

**17.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties filed these disclosures. Dkt. 18, 32.

**18.   PROFESSIONAL CONDUCT**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

DATED: January 25, 2024          BOIES SCHILLER FLEXNER LLP

By: */s/ Mark Mao*
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

James W. Lee (pro hac vice)
jlee@bsfllp.com
Rossana Baeza (pro hac vice)
rbaeza@bsfllp.com
100 SE 2nd Street, Suite 2800

Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

M. Logan Wright, CA Bar No. 349004
mwright@bsfllp.com
725 S. Figueroa Street, 31st Floor
Los Angeles, CA 90017
Telephone: (813) 482-4814

SUSMAN GODFREY L.L.P.
Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

Bill Carmody (pro hac vice)
bcarmody@susmangodfrey.com
Shawn J. Rabin (pro hac vice)
srabin@susmangodfrey.com
Steven Shepard (pro hac vice)
sshepard@susmangodfrey.com
Alexander P. Frawley
afrawley@susmangodfrey.com
Ryan Sila
rsila@susmangodfrey.com
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Telephone: (212) 336-8330

MORGAN & MORGAN
John A. Yanchunis (pro hac vice)
jyanchunis@forthepeople.com
Ryan J. McGee (pro hac vice)
rmcgee@forthepeople.com
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505

Michael F. Ram (CA Bar No. 238027)
mram@forthepeople.com
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913

*Attorneys for Plaintiffs*

14

JOINT CASE MANAGEMENT STATEMENT                                   CASE NO. 3:20-cv-4688-RS

| | | |
|---|---|---|
| DATED: January 25, 2024 | | WILLKIE FARR & GALLAGHER, LLP |

By: */s/ Eduardo E. Santacana*
    Benedict Y. Hur (SBN: 224018)
    bhur@willkie.com
    Simona Agnolucci (SBN: 246943)
    sagnolucci@willkie.com
    Eduardo E. Santacana (SBN: 281668)
    esantacana@willkie.com
    Noor Rahman (SBN: 330572)
    nrahman@willkie.com
    Argemira Florez (SBN: 331153)
    aflorez@willkie.com
    One Front Street, 34th Floor
    San Francisco, CA  94111
    Telephone:  (415) 858-7400
    Facsimile:  (415) 858-7599

*Attorneys for Defendant Google LLC*

**FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5.1, I attest that all signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized this filing.

DATED: January 25, 2024

/s/ *Mark Mao*
Mark Mao