# EXHIBIT 15

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

ANIBAL RODRIGUEZ, *et al*., individually
and on behalf of all other similarly situated,

               Plaintiffs,

    v.

GOOGLE LLC,

               Defendant.

Case No.  3:20-cv-04688

**PLAINTIFF SAL CATALDO'S OBJECTIONS AND RESPONSES
TO DEFENDANT'S FOURTH SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Sal Cataldo ("Cataldo") hereby objects and responds to Defendant's, Google LLC ("Google"), Fourth Set of Interrogatories (Nos. 8 & 9). These objections and responses are made solely for the purpose of and in relation to this action. In addition, the objections and responses set forth in this document are based on Plaintiff Cataldo's knowledge, investigations, and analysis to date. As discovery proceeds, Plaintiff Cataldo may become aware of additional facts or evidence and his analysis of the case may change. Plaintiff Cataldo reserves all rights to supplement and amend these objections and responses accordingly.

**INTERROGATORY NO. 8:**

Identify ALL mobile applications from those listed in Appendix 1 that YOU USED or downloaded during the CLASS PERIOD and the time period which YOU USED the mobile application.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff objects to this interrogatory as unduly burdensome, not proportional to the needs of this litigation, and attempting to extend the scope of this Request to information in the possession, custody, or control of individuals, agencies, or entities other than Plaintiff insofar as it requests "the time period which [Plaintiff] USED the mobile application[s]" listed in Appendix 1,

as that information is likely in the possession, custody, or control of Google and other third parties. Plaintiff also objects to this interrogatory as having four discrete subjects, and therefore counts as four, instead of one, interrogatories. Discovery is ongoing and Plaintiff reserves all rights to supplement and amend these objections and responses accordingly.

Subject to and notwithstanding these objections, Plaintiff responds that, from the Appendix 1 that Google provided, Plaintiff has conducted a reasonable investigation, including reviewing information retained by Google, and reasonably believes that he has used or downloaded the following Android applications that Google has represented have had Google Analytics for Firebase enabled during the class period since at least:

Accuweather (June 2, 2011)
Acrobat Reader (December 1, 2010)
Aqua Mail (April 20, 2014)
Bixby Vision (continuing to investigate)
Call of Duty (January 23, 2021)
CBS (continuing to investigate)
CBS Sport (March 19, 2017)
Dairy Queen (continuing to investigate)
Dillon's (continuing to investigate)
Discord (January 18, 2020)
DoorDash (November 3, 2017)
ESPN (April 13, 2019)
Facebook (November 30, 2010)
FuboTV (May 16, 2020)
Google (November 10, 2011)
HBOMax (October 29, 2013; predecessor to HBOMax)
Headspace (October 5, 2018)
Instagram (July 28, 2013)
Instagram Repost (October 1, 2018)
Jaybird (August 9, 2019)
LinkedIn (December 20, 2014)
MyFitnessPal (December 6, 2010)
Nest (April 9, 2016)
Netflix (August 4, 2011)
Noom (July 27, 2018)
NPR News (October 26, 2020)
NPR One (October 26, 2020)
OpenTable (December 21, 2013)
Outlook (April 21, 2016)
PayPal (June 6, 2013)
Pocket (December 28, 2012)

Pocket Casts (November 20, 2017)
Pokerrr2 (March 28, 2020)
Premier League (September 12, 2020)
Relay for Reddit (April 11, 2016)
Robinhood (January 25, 2017)
Samsung Internet (November 1, 2017)
Samsung Member (June 21, 2017)
Samsung Notes (June 21, 2017)
Slack (August 1, 2017)
Solitaire (August 3, 2021)
Spotify (June 16, 2012)
Starbucks (March 6, 2013)
Talon (June 4, 2016)
Target (January 26, 2015)
Tesla (February 18, 2020)
The Athletic (February 3, 2018)
The Economist (October 26, 2020)
The New York Times (October 26, 2020)
TheScore (November 30, 2010)
Tiny Scanner (August 14, 2019)
T-Mobile (April 13, 2020)
Turbo (continuing to investigate)
Twitter (continuing to investigate)
Uber (August 1, 2014)
Uber Eats (December 29, 2017)
Venmo (October 26, 2015)
WalletHub (December 11, 2018)
Waze (December 28, 2012)
WhatsApp (July 31, 2014)
WHOOP (November 5, 2019)
Zelle (November 23, 2021)
Zillow (February 22, 2016)
Zoom (August 9, 2018)

Plaintiff further responds that, from the Appendix 1 that Google provided, Plaintiff has conducted a reasonable investigation, including reviewing information retained by Google, and reasonably believes that he has used or downloaded the following Android applications that Google has represented have not had Google Analytics for Firebase enabled during the class period since at least:

Amazon Shopping (November 25, 2015)
Among Us (September 26, 2020)
Audible (May 27, 2013)
Chrome (June 26, 2012)
Clock (June 19, 2015)

Digital Wellbeing (January 1, 2020)
Docs (January 29, 2015)
Drive (July 18, 2011)
IMDB (November 30, 2010)
Kindle (December 3, 2010)
Lawnchair (March 7, 2019)
Layout (January 24, 2016)
Pandora (November 30, 2010)
Samsung Gallery (June 23, 2017)
Samsung Pay (August 27, 2017)
Samsung Voice Input (June 16, 2017)
Smart Switch (November 12, 2016)
Smokeball (October 13, 2017)
Square Point of Sale (October 9, 2018)
Textra (May 19, 2017)
Time Zone Updater (continuing to investigate)
Verizon Voicemail (September 25, 2016)
Whole Foods (April 25, 2016)
Wikipedia (February 2, 2014)
Yahoo Fantasy (November 30, 2010)

**INTERROGATORY NO. 9:**

Identify ALL mobile applications from those listed in Appendix 1, and any others that YOU have reason to believe have had Google Analytics for Firebase enabled, that YOU have USED since filing the FIRST AMENDED COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff objects to this interrogatory as unduly burdensome, not proportional to the needs of this litigation, and attempting to extend the scope of this Request to information in the possession, custody, or control of individuals, agencies, or entities other than Plaintiff insofar as it requests "applications from those listed in Appendix 1, and any others that YOU have reason to believe have had Google Analytics for Firebase enabled," as that information is likely in the possession, custody, or control of Google and other third parties. Plaintiff also objects to this interrogatory as having two discrete subjects, and therefore counts as two, instead of one, interrogatories. Plaintiff also objects that discovery has not closed, the deadline for Plaintiff to disclose any expert reports is months away, and Plaintiff does not yet know the full extent of Google's misconduct in collecting, gathering, analyzing, and monetizing Plaintiff's Web & App Activity through Google Analytics for Firebase, including all of the applications that enabled

Google Analytics for Firebase. Discovery is ongoing and Plaintiff reserves all rights to supplement and amend these objections and responses accordingly.

Subject to and notwithstanding these objections, Plaintiff responds that he has generally used the applications listed in response to Interrogatory No. 8 above since filing the First Amended Complaint. Plaintiff continues to investigate the applications that use or may use Google Analytics for Firebase and will supplement this Response as discovery proceeds.

## **VERIFICATION**

Under penalties of perjury, I declare that I have read the foregoing Plaintiff Sal Cataldo's Objections and Responses to Defendant's Fourth Set of Interrogatories, and that the Answers are true and correct to the best of my knowledge and belief.

By: _____

Printed Name: _____

Title: _____

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me this ____ day of _____, 2022, by _____, who has produced as identification _____, bearing number _____, expiring _____ and who did (did not) take an oath.

_____
NOTARY PUBLIC SIGNATURE

1    Dated: <u>August 17, 2022</u>                    **MORGAN & MORGAN**

2                                          */s/ John A. Yanchunis*

3                                          John A. Yanchunis (*pro hac vice*)
                                           Ryan J. McGee (*pro hac vice*)
4                                          **MORGAN & MORGAN**
                                           201 N. Franklin Street, 7th Floor
5                                          Tampa, FL 33602
                                           Tel.: (813) 223-5505
6                                          Fax: (813) 222-4736
                                           jyanchunis@forthepeople.com
7                                          rmcgee@forthepeople.com

8                                          Mark C. Mao, CA Bar No. 236165
                                           Beko Richardson, CA Bar No. 238027
9                                          **BOIES SCHILLER FLEXNER LLP**
                                           44 Montgomery St., 41st Floor
10                                         San Francisco, CA 94104
                                           Tel.: (415) 293-6800
11                                         Fax: (415) 293-6899
                                           mmao@bsfllp.com
12                                         brichardson@bsfllp.com

13                                         James Lee (admitted *pro hac vice*)
                                           Rossana Baeza (admitted *pro hac vice*)
14                                         **BOIES SCHILLER FLEXNER LLP**
                                           100 SE 2nd St., 28th Floor
15                                         Miami, FL 33131
                                           Tel.: (305) 539-8400
16                                         Fax: (303) 539-1307
                                           jlee@bsfllp.com
17                                         rbaeza@bsfllp.com

18                                         William S. Carmody
                                           Shawn Rabin
19                                         Steven M. Shepard
                                           **SUSMAN GODFREY L.L.P.**
20                                         1301 Avenue of the Americas, 32nd Floor
                                           New York, New York 10019-6023
21                                         Telephone: (212) 336-8330
                                           Facsimile: (212) 336-8340
22

23                                         Amanda K. Bonn (270891)
                                           **SUSMAN GODFREY L.L.P.**
24                                         1900 Avenue of the Stars, Suite 1400
                                           Los Angeles, California 90067
25                                         Telephone: (310) 789-3100
                                           Facsimile: (310) 789-3150
26

27                                         *Attorneys for Plaintiffs*

28

1

**PROOF OF SERVICE**

2    I, Ryan J. McGee declare:

3    I am a citizen of the United States and employed in the County of Hillsborough, Florida. I

4    am over the age of 18 and not a party to the within action; my business address is 201 N. Franklin

5    St., 7th Floor, Tampa, FL 33602.

6    On August 17, 2022, I served the following document described as:

7    **Plaintiff Sal Cataldo's Objections and Responses to Defendant's Fourth Set of**

8    **Interrogatories.**

9    By electronic mail transmission from rmcgee@forthepeople.com on August 17, 2022, by

10   transmitting a PDF format copy of such document to each person at the e-mail addresses listed

11   below. The document was transmitted by electronic transmission and such transmission was

12   reported as complete and without error:

13   Benedict Y. Hur
     Simona Agnolucci
14   Eduardo E. Santacana
15   Willkie Farr & Gallagher LLP
     One Front Street, 34th Floor
16   San Francisco, CA  94111

17   Tel: 415-858-7400
     Fax: 415-858-7577
18   bhur@willkie.com
19   sagnolucci@willkie.com
     esantacana@willkie.com
20   *Attorneys for Defendant*

21   Executed on August 17, 2022 at Tampa, Florida.

22

23                   */s/ Ryan J. McGee*

24

25

26

27

28

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

ANIBAL RODRIGUEZ, *et al.*, individually and on behalf of all other similarly situated,

        Plaintiffs,

   v.

GOOGLE LLC,

        Defendant.

Case No.  3:20-cv-04688

## PLAINTIFF SUSAN LYNN HARVEY'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FOURTH SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Susan Lynn Harvey ("Harvey") hereby objects and responds to Defendant's, Google LLC ("Google"), Fourth Set of Interrogatories (Nos. 7 & 8). These objections and responses are made solely for the purpose of and in relation to this action. In addition, the objections and responses set forth in this document are based on Plaintiff Harvey's knowledge, investigations, and analysis to date. As discovery proceeds, Plaintiff Harvey may become aware of additional facts or evidence and her analysis of the case may change. Plaintiff Harvey reserves all rights to supplement and amend these objections and responses accordingly.

**INTERROGATORY NO. 7:**

Identify ALL mobile applications from those listed in Appendix 1 that YOU USED or downloaded during the CLASS PERIOD and the time period which YOU USED the mobile application.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff objects to this interrogatory as unduly burdensome, not proportional to the needs of this litigation, and attempting to extend the scope of this Request to information in the possession, custody, or control of individuals, agencies, or entities other than Plaintiff insofar as it requests "the time period which [Plaintiff] USED the mobile application[s]" listed in Appendix 1,

as that information is likely in the possession, custody, or control of Google and other third parties. Plaintiff also objects to this interrogatory as having four discrete subjects, and therefore counts as four, instead of one, interrogatories. Discovery is ongoing and Plaintiff reserves all rights to supplement and amend these objections and responses accordingly.

Subject to and notwithstanding these objections, Plaintiff responds that, from the Appendix 1 that Google provided, Plaintiff has conducted a reasonable investigation, including reviewing information retained by Google, and reasonably believes that she has used or downloaded the following Android applications that Google has represented have had Google Analytics for Firebase enabled during the class period since at least:

Amazon Prime Video (May 9, 2021)
Avast Cleanup (September 19, 2019)
Avast Antivirus – Scan & Remove Virus (October 23, 2018)
Bixby Vision (continuing to investigate)
California Lottery (May 25, 2020)
Candy Crush Saga (October 24, 2020)
CBS (November 5, 2021)
Cleaner (August 13, 2018)
Current (February 20, 2017)
DoorDash (August 5, 2020)
Dropbox (March 29, 2015)
Duo (January 4, 2018)
Etsy (December 3, 2021)
Facebook (February 5, 2011)
Facebook Messenger (January 30, 2013)
File Viewer for Android (October 27, 2018)
Gangstar (October 26, 2020)
Gold Fish (October 17, 2014)
Google (September 19, 2013)
GrubHub (April 7, 2021)
Hulu (May 10, 2022)
Instagram (January 28, 2013)
Jackpot Party (October 1, 2013)
Jetpack (January 28, 2013)
Macy's (December 6, 2020)
McDonald's (December 16, 2020)
Mixerbox (continuing to investigate)
Netflix (June 11, 2013)
News Break (November 17, 2018)
OfferUp (May 12, 2021)
PayPal (July 27, 2022)

PicCollage (October 26, 2020)
Pinterest (March 17, 2014)
Samsung Internet (March 22, 2016)
Samsung Member (June 14, 2022)
Samsung Notes (December 16, 2019)
Samsung Print Service Plugin (August 13, 2019)
SmartNews (June 14, 2020)
Spotify (March 4, 2022)
The New York Times (October 26, 2020)
TikTok (September 16, 2020)
Twitter (July 29, 2020)
Uber Eats (April 7, 2021)
Walgreens (December 16, 2021)
Wattpad (October 26, 2020)
Wish (September 4, 2018)
Xfinity (November 5, 2021)
Xfinity My Account (November 5, 2021)
Yahoo Mail (January 28, 2013)
Zoom (July 29, 2020)

Plaintiff further responds that, from the Appendix 1 that Google provided, Plaintiff has conducted a reasonable investigation, including reviewing information retained by Google, and reasonably believes that she has used or downloaded the following Android applications that Google has represented have not had Google Analytics for Firebase enabled during the class period since at least:

Audible (July 15, 2021)
Chrome (February 17, 2014)
Disney Plus (August 14, 2022)
Docs (August 31, 2021)
Drive (June 20, 2014)
EECU (September 23, 2020)
Galaxy Themes (continuing to investigate)
Hangouts (June 11, 2013)
Ibotta (November 6, 2020)
Kindle (April 11, 2014)
myAT&T (June 15, 2020)
ProtonMail (March 16, 2018)
Samsung Gallery (November 30, 2018)
Samsung Pay (August 24, 2018)
Snapchat (September 7, 2019)
Voice Recorder (January 25, 2019)

**INTERROGATORY NO. 8:**

Identify ALL mobile applications from those listed in Appendix 1, and any others that YOU have reason to believe have had Google Analytics for Firebase enabled, that YOU have USED since filing the FIRST AMENDED COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff objects to this interrogatory as unduly burdensome, not proportional to the needs of this litigation, and attempting to extend the scope of this Request to information in the possession, custody, or control of individuals, agencies, or entities other than Plaintiff insofar as it requests "applications from those listed in Appendix 1, and any others that YOU have reason to believe have had Google Analytics for Firebase enabled," as that information is likely in the possession, custody, or control of Google and other third parties. Plaintiff also objects to this interrogatory as having two discrete subjects, and therefore counts as two, instead of one, interrogatories. Plaintiff also objects that discovery has not closed, the deadline for Plaintiff to disclose any expert reports is months away, and Plaintiff does not yet know the full extent of Google's misconduct in collecting, gathering, analyzing, and monetizing Plaintiff's Web & App Activity through Google Analytics for Firebase, including all of the applications that enabled Google Analytics for Firebase. Discovery is ongoing and Plaintiff reserves all rights to supplement and amend these objections and responses accordingly.

Subject to and notwithstanding these objections, Plaintiff responds that she has generally used the applications listed in response to Interrogatory No. 7 above since filing the First Amended Complaint. Plaintiff continues to investigate the applications that use or may use Google Analytics for Firebase and will supplement this Response as discovery proceeds.

## **<u>VERIFICATION</u>**

Under penalties of perjury, I declare that I have read the foregoing Plaintiff Susan Lynn Harvey's Objections and Responses to Defendant's Fourth Set of Interrogatories, and that the Answers are true and correct to the best of my knowledge and belief.

By: _____

Printed Name: _____

Title: _____

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me this ____ day of _____, 2022, by _____, who has produced as identification _____, bearing number _____, expiring _____ and who did (did not) take an oath.


_____
NOTARY PUBLIC SIGNATURE

Dated: <u>August 17, 2022</u>

**MORGAN & MORGAN**

*/s/ John A. Yanchunis*

John A. Yanchunis (*pro hac vice*)
Ryan J. McGee (*pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
Fax: (813) 222-4736
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Mark C. Mao, CA Bar No. 236165
Beko Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

William S. Carmody
Shawn Rabin
Steven M. Shepard
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019-6023
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Amanda K. Bonn (270891)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

*Attorneys for Plaintiffs*

## PROOF OF SERVICE

I, Ryan J. McGee declare:

I am a citizen of the United States and employed in the County of Hillsborough, Florida. I am over the age of 18 and not a party to the within action; my business address is 201 N. Franklin St., 7th Floor, Tampa, FL 33602.

On August 17, 2022, I served the following document described as:

**Plaintiff Susan Lynn Harvey's Objections and Responses to Defendant's Fourth Set of Interrogatories**

By electronic mail transmission from rmcgee@forthepeople.com on August 17, 2022, by transmitting a PDF format copy of such document to each person at the e-mail addresses listed below. The document was transmitted by electronic transmission and such transmission was reported as complete and without error:

Benedict Y. Hur
Simona Agnolucci
Eduardo E. Santacana
Willkie Farr & Gallagher LLP
One Front Street, 34th Floor
San Francisco, CA  94111

Tel: 415-858-7400
Fax: 415-858-7577
bhur@willkie.com
sagnolucci@willkie.com
esantacana@willkie.com
*Attorneys for Defendant*

Executed on August 17, 2022 at Tampa, Florida.

*/s/ Ryan J. McGee*

1
2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

3
4

ANIBAL RODRIGUEZ, *et al*., individually
and on behalf of all other similarly situated,

Case No.  3:20-cv-04688

5

Plaintiffs,

6

v.

7

GOOGLE LLC,

8

Defendant.

9

10
11

**PLAINTIFF ANIBAL RODRIGUEZ'S OBJECTIONS AND RESPONSES**
**TO DEFENDANT'S FOURTH SET OF INTERROGATORIES**

12          Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Anibal Rodriguez

13    ("Rodriguez") hereby objects and responds to Defendant's, Google LLC ("Google"), Fourth Set

14    of Interrogatories (Nos. 7 & 8). These objections and responses are made solely for the purpose of

15    and in relation to this action. In addition, the objections and responses set forth in this document

16    are based on Plaintiff Rodriguez's knowledge, investigations, and analysis to date. As discovery

17    proceeds, Plaintiff Rodriguez may become aware of additional facts or evidence and his analysis

18    of the case may change. Plaintiff Rodriguez reserves all rights to supplement and amend these

19    objections and responses accordingly.

20    **INTERROGATORY NO. 7:**

21          Identify ALL mobile applications from those listed in Appendix 1 that YOU USED or

22    downloaded during the CLASS PERIOD and the time period which YOU USED the mobile

23    application.

24    **RESPONSE TO INTERROGATORY NO. 7:**

25          Plaintiff objects to this interrogatory as unduly burdensome, not proportional to the needs

26    of this litigation, and attempting to extend the scope of this Request to information in the

27    possession, custody, or control of individuals, agencies, or entities other than Plaintiff insofar as it

28    requests "the time period which [Plaintiff] USED the mobile application[s]" listed in Appendix 1,

as that information is likely in the possession, custody, or control of Google and other third parties. Plaintiff also objects to this interrogatory as having four discrete subjects, and therefore counts as four, instead of one, interrogatories. Discovery is ongoing and Plaintiff reserves all rights to supplement and amend these objections and responses accordingly.

Subject to and notwithstanding these objections, Plaintiff responds that, from the Appendix 1 that Google provided, Plaintiff has conducted a reasonable investigation, including reviewing information retained by Google, and reasonably believes that he has used or downloaded the following Android applications that Google has represented have had Google Analytics for Firebase enabled during the class period since at least:

Acorns (March 8, 2018)
Alarm Clock for Me (November 6, 2018)
Alibaba (March 1, 2020)
AliExpress (September 8, 2018)
Amazon Prime Video (March 5, 2020)
American Airlines (June 6, 2021)
Applebee's (June 30, 2018)
Avast Antivirus (January 19, 2019)
Baseball Superstars 2020 (continuing to investigate)
BBC America (continuing to investigate)
Best Buy (November 24, 2018)
BluHop (continuing to investigate)
Call of Duty (January 5, 2018)
Canva (April 6, 2019)
Chili's (June 30, 2018)
ClassDojo (September 25, 2015)
Clawee (continuing to investigate)
Craigslist (February 7, 2020)
Current (October 2, 2020)
Dairy Queen (June 21, 2019)
Discord (continuing to investigate)
Domino's (December 1, 2018)
DoorDash (March 29, 2019)
Dosh (January 3, 2020)
Dropbox (December 5, 2014)
Duolingo (continuing to investigate)
eBay (January 6, 2019)
Facebook (December 25, 2015)
Fair (November 22, 2018)
Fulldive VR (December 29, 2018)
GIPHY (April 10, 2017)

1
2    Glassdoor (April 18, 2016)
     GoMLS Miami (February 14, 2016)
3    GoodRx (May 13, 2020)
     Groupon (continuing to investigate)
4    GrubHub (May 5, 2020)
     Indeed Job Search (April 19, 2016)
5    Instacart (May 2, 2020)
     Instagram (February 28, 2014)
6    Jimmy John's (January 8, 2020)
     LinkedIn (April 19, 2016)
7    Little Caesars (October 9, 2018)
     Lyft (February 21, 2018)
8    McDonald's (October 20, 2018)
     Microsoft Authenticator (June 21, 2018)
9    MX Player (March 5, 2014)
     myCigna (September 13, 2014)
10   Netflix (May 13, 2015)
     Nextdoor (January 12, 2021)
11   Ninja's Creed (continuing to investigate)
     Noom (February 21, 2021)
12   OfferUp (September 6, 2016)
     Outlook (February 16, 2021)
13   ParkMobile (July 26, 2020)
     PayPal (January 8, 2019)
14   Pollo Tropical (January 26, 2019)
     Postmates (September 7, 2016)
15   Publix (July 24, 2019)
     Publix Instacart (continuing to investigate)
16   RaceTrac (February 26, 2020)
     RAR (September 20, 2014)
17   Realtor.com (May 18, 2014)
     Reddit (continuing to investigate)
18   Repost (for Instagram) (January 11, 2017)
     Robinhood (February 10, 2018)
19   Samsung Member (December 19, 2017)
     Samsung Notes (continuing to investigate)
20   Samsung Print Service Plugin (December 5, 2014)
     Sezzle (July 30, 2020)
21   Shazam (November 12, 2017)
     Skillshare (January 26, 2019)
22   Slack (July 29, 2020)
     Sleep Cycle (January 10, 2020)
23   Slingshot Stunt Driver (September 28, 2020)
     Sonos S1 (August 8, 2019)
24   SOPlayer (continuing to investigate)
     SoundCloud (November 25, 2015)
25   Stack Colors (July 9, 2020)
     Stash (March 19, 2018)
26
27
28

Steam (June 7, 2018)
Sweatcoin (March 14, 2019)
Target (November 23, 2018)
The Grand Mafia (continuing to investigate)
Tiles Hop (December 26, 2018)
Trip.com (continuing to investigate)
Trivago (continuing to investigate)
Truebill (continuing to investigate)
Turbo (September 24, 2018)
Uber (November 29, 2017)
Uber Eats (July 27, 2018)
Udemy (January 7, 2019)
USPS Mobile (March 9, 2017)
Walmart (March 2, 2018)
WhatsApp (December 21, 2017)
Wish (October 2, 2016)
WordPress (July 25, 2020)
Xfinity (continuing to investigate)
Xfinity Mobile (April 3, 2018)
Xfinity My Account (May 9, 2017)
Yelp (July 4, 2018)
Your Phone Companion (continuing to investigate)
Zelle (March 7, 2020)
Zillow (June 4, 2014)
ZipRecruiter (July 16, 2020)
Zoho Mail (August 3, 2015)
Zoom (continuing to investigate)

Plaintiff further responds that, from the Appendix 1 that Google provided, Plaintiff has conducted a reasonable investigation, including reviewing information retained by Google, and reasonably believes that he has used or downloaded the following Android applications that Google has represented have not had Google Analytics for Firebase enabled during the class period since at least:

Amazon Shopping (December 24, 2017)
Barcode Scanner (July 30, 2016)
Burger King (September 1, 2017)
Chrome (February 28, 2014)
Docs (September 1, 2016)
Drive (February 28, 2014)
DroidCam (October 5, 2020)
ES File Explorer (continuing to investigate)
Fire TV (January 15, 2017)
Hangouts (March 4, 2014)
Ibotta (January 15, 2019)

Instant Save (continuing to investigate)
Kindle (August 11, 2014)
Layout (August 4, 2018)
Letgo (August 14, 2017)
Microsoft Word (March 16, 2018)
Pandora (July 17, 2014)
Pi Music Player (April 28, 2017)
Retro Bowl (July 19, 2020)
Samsung Pay (December 19, 2017)
Samsung Voice Input (March 24, 2017)
Smart Switch (December 19, 2017)
Square Point of Sale (continuing to investigate)
Stickman Parkour Platform (January 25, 2018)
Time Zone Updater (continuing to investigate)
VeSyncFit (August 16, 2020)
Voice Recorder (continuing to investigate)

**INTERROGATORY NO. 8:**

Identify ALL mobile applications from those listed in Appendix 1, and any others that YOU have reason to believe have had Google Analytics for Firebase enabled, that YOU have USED since filing the FIRST AMENDED COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff objects to this interrogatory as unduly burdensome, not proportional to the needs of this litigation, and attempting to extend the scope of this Request to information in the possession, custody, or control of individuals, agencies, or entities other than Plaintiff insofar as it requests "applications from those listed in Appendix 1, and any others that YOU have reason to believe have had Google Analytics for Firebase enabled," as that information is likely in the possession, custody, or control of Google and other third parties. Plaintiff also objects to this interrogatory as having two discrete subjects, and therefore counts as two, instead of one, interrogatories. Plaintiff also objects that discovery has not closed, the deadline for Plaintiff to disclose any expert reports is months away, and Plaintiff does not yet know the full extent of Google's misconduct in collecting, gathering, analyzing, and monetizing Plaintiff's Web & App Activity through Google Analytics for Firebase, including all of the applications that enabled Google Analytics for Firebase. Discovery is ongoing and Plaintiff reserves all rights to supplement and amend these objections and responses accordingly.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

        Subject to and notwithstanding these objections, Plaintiff responds that he has generally used the applications listed in response to Interrogatory No. 7 above since filing the First Amended Complaint. Plaintiff continues to investigate the applications that use or may use Google Analytics for Firebase and will supplement this Response as discovery proceeds.

## **<u>VERIFICATION</u>**

Under penalties of perjury, I declare that I have read the foregoing Plaintiff Anibal Rodriguez's Objections and Responses to Defendant's Fourth Set of Interrogatories, and that the Answers are true and correct to the best of my knowledge and belief.

By: _____

Printed Name: _____

Title: _____

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____, 2022, by _____, who has produced as identification _____, bearing number _____, expiring _____ and who did (did not) take an oath.


_____
NOTARY PUBLIC SIGNATURE

Dated: <u>August 17, 2022</u>

**MORGAN & MORGAN**

*/s/ John A. Yanchunis*

John A. Yanchunis (*pro hac vice*)
Ryan J. McGee (*pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
Fax: (813) 222-4736
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Mark C. Mao, CA Bar No. 236165
Beko Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
Fax: (303) 539-1307
jlee@bsfllp.com
rbaeza@bsfllp.com

William S. Carmody
Shawn Rabin
Steven M. Shepard
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019-6023
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Amanda K. Bonn (270891)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

*Attorneys for Plaintiffs*

**PROOF OF SERVICE**

I, Ryan J. McGee declare:

I am a citizen of the United States and employed in the County of Hillsborough, Florida. I am over the age of 18 and not a party to the within action; my business address is 201 N. Franklin St., 7th Floor, Tampa, FL 33602.

On August 17, 2022, I served the following document described as:

**Plaintiff Anibal Rodriguez's Objections and Responses to Defendant's Fourth Set of Interrogatories**

By electronic mail transmission from rmcgee@forthepeople.com on August 17, 2022, by transmitting a PDF format copy of such document to each person at the e-mail addresses listed below. The document was transmitted by electronic transmission and such transmission was reported as complete and without error:

Benedict Y. Hur
Simona Agnolucci
Eduardo E. Santacana
Willkie Farr & Gallagher LLP
One Front Street, 34th Floor
San Francisco, CA  94111

Tel: 415-858-7400
Fax: 415-858-7577
bhur@willkie.com
sagnolucci@willkie.com
esantacana@willkie.com
*Attorneys for Defendant*

Executed on August 17, 2022 at Tampa, Florida.

*/s/ Ryan J. McGee*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

ANIBAL RODRIGUEZ, *et al*., individually
and on behalf of all other similarly situated,

                Plaintiffs,

   v.

GOOGLE LLC,

                Defendant.

Case No.  3:20-cv-04688

**PLAINTIFF JULIAN SANTIAGO'S OBJECTIONS AND RESPONSES**
**TO DEFENDANT'S FOURTH SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Julian Santiago ("Santiago") hereby objects and responds to Defendant's, Google LLC ("Google"), Fourth Set of Interrogatories (Nos. 8 & 9). These objections and responses are made solely for the purpose of and in relation to this action. In addition, the objections and responses set forth in this document are based on Plaintiff Santiago's knowledge, investigations, and analysis to date. As discovery proceeds, Plaintiff Santiago may become aware of additional facts or evidence and his analysis of the case may change. Plaintiff Santiago reserves all rights to supplement and amend these objections and responses accordingly.

**INTERROGATORY NO. 8:**

Identify ALL mobile applications from those listed in Appendix 1 that YOU USED or downloaded during the CLASS PERIOD and the time period which YOU USED the mobile application.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff objects to this interrogatory as unduly burdensome, not proportional to the needs of this litigation, and attempting to extend the scope of this Request to information in the possession, custody, or control of individuals, agencies, or entities other than Plaintiff insofar as it requests "the time period which [Plaintiff] USED the mobile application[s]" listed in Appendix 1,

as that information is likely in the possession, custody, or control of Google and other third parties, for example Apple. Plaintiff also objects to this interrogatory as having four discrete subjects, and therefore counts as four, instead of one, interrogatories. Discovery is ongoing and Plaintiff reserves all rights to supplement and amend these objections and responses accordingly.

Subject to and notwithstanding these objections, Plaintiff responds that, from the Appendix 1 that Google provided, Plaintiff has conducted a reasonable investigation, including reviewing information retained by the Apple App Store, and reasonably believes that he has used or downloaded the following iOS applications that Google has represented have had Google Analytics for Firebase enabled during the class period since at least:

Acorns (December 27, 2019)
AllTrails (April 7, 2019)
Calm (March 6, 2018)
Cash App (November 2, 2017)
Discord (March 22, 2020)
Duo (April 15, 2021)
Duolingo (June 11, 2016)
E*Trade (January 4, 2019)
eBay (January 23, 2019)
ESPN Fantasy (September 27, 2015)
Facebook (January 17, 2011)
Fundrise (April 11, 2019)
Gametime (April 16, 2018)
Glassdoor (January 25, 2018)
Groupon (September 11, 2015)
MapMyRide (April 28, 2020)
Marcus (January 20, 2020)
Nextdoor (March 7, 2020)
NFL (October 27, 2014)
NPR One (October 27, 2019)
Oak (March 16, 2020)
OpenTable (February 6, 2020)
PayByPhone (April 30, 2017)
PayPal (December 23, 2019)
Pinterest (May 13, 2016)
Pomodoro (April 23, 2021)
Publix (June 11, 2019)
Robinhood (March 8, 2017)
SeatGeek (December 26, 2019)
Shazam (June 14, 2014)
SoundCloud (January 14, 2015)

Spotify (July 1, 2014)
StubHub (January 7, 2018)
Target (November 15, 2019)
The Economist (October 23, 2017)
The Weather Channel (August 23, 2019)
Ticketmaster (May 9, 2019)
Twitter (October 17, 2010)
Venmo (August 10, 2015)
Vivino (February 6, 2019)
Zillow (May 20, 2017)
ZipRecruiter (August 24, 2017)

Plaintiff further responds that, from the Appendix 1 that Google provided, Plaintiff has conducted a reasonable investigation, including reviewing information retained by the Apple App Store, and reasonably believes that he has used or downloaded the following iOS applications that Google has represented have not had Google Analytics for Firebase enabled during the class period since at least:

Amazon Prime Video (March 29, 2019)
Amazon Shopping (January 4, 2015)
American Airlines (September 23, 2019)
Apple Music (Approximately 2010)
Apple Podcasts (November 21, 2014)
Audible (October 30, 2017)
Bleacher Report (May 26, 2018)
Chick-Fil-A (January 11, 2019)
ESPN (September 18, 2021)
Etsy (November 17, 2021)
Fly Delta (October 28, 2021)
Google Docs (July 14, 2020)
LinkedIn (October 24, 2017)
Lyft (August 10, 2016)
Macy's (January 4, 2016)
Netflix (September 23, 2013)
Nike Run Club (January 13, 2020)
Starbucks (April 30, 2019)
Stocks (Approximately 2010)
Uber (March 27, 2015)
WhatsApp (August 13, 2016)
Xfinity My Account (July 9, 2019)
Yelp (November 10, 2015)
Zoom (April 9, 2018)

**INTERROGATORY NO. 9:**

Identify ALL mobile applications from those listed in Appendix 1, and any others that YOU have reason to believe have had Google Analytics for Firebase enabled, that YOU have USED since filing the FIRST AMENDED COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff objects to this interrogatory as unduly burdensome, not proportional to the needs of this litigation, and attempting to extend the scope of this Request to information in the possession, custody, or control of individuals, agencies, or entities other than Plaintiff insofar as it requests "applications from those listed in Appendix 1, and any others that YOU have reason to believe have had Google Analytics for Firebase enabled," as that information is likely in the possession, custody, or control of Google and other third parties. Plaintiff also objects to this interrogatory as having two discrete subjects, and therefore counts as two, instead of one, interrogatories. Plaintiff also objects that discovery has not closed, the deadline for Plaintiff to disclose any expert reports is months away, and Plaintiff does not yet know the full extent of Google's misconduct in collecting, gathering, analyzing, and monetizing Plaintiff's Web & App Activity through Google Analytics for Firebase, including all of the applications that enabled Google Analytics for Firebase. Discovery is ongoing and Plaintiff reserves all rights to supplement and amend these objections and responses accordingly.

Subject to and notwithstanding these objections, Plaintiff responds that he has generally used the applications listed in response to Interrogatory No. 8 above since filing the First Amended Complaint. Plaintiff continues to investigate the applications that use or may use Google Analytics for Firebase and will supplement this Response as discovery proceeds.

## **<u>VERIFICATION</u>**

Under penalties of perjury, I declare that I have read the foregoing Plaintiff Julian Santiago's Objections and Responses to Defendant's Fourth Set of Interrogatories, and that the Answers are true and correct to the best of my knowledge and belief.

By: _____

Printed Name: _____

Title: _____

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____, 2022, by _____, who has produced as identification _____, bearing number _____, expiring _____ and who did (did not) take an oath.


_____
NOTARY PUBLIC SIGNATURE

1    Dated: August 17, 2022

**MORGAN & MORGAN**

2
*/s/ John A. Yanchunis*

3
John A. Yanchunis (*pro hac vice*)
Ryan J. McGee (*pro hac vice*)
4    **MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
5    Tampa, FL 33602
Tel.: (813) 223-5505
6    Fax: (813) 222-4736
jyanchunis@forthepeople.com
7    rmcgee@forthepeople.com

8    Mark C. Mao, CA Bar No. 236165
Beko Richardson, CA Bar No. 238027
9    **BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
10   San Francisco, CA 94104
Tel.: (415) 293-6800
11   Fax: (415) 293-6899
mmao@bsfllp.com
12   brichardson@bsfllp.com

13   James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
14   **BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor
15   Miami, FL 33131
Tel.: (305) 539-8400
16   Fax: (303) 539-1307
jlee@bsfllp.com
17   rbaeza@bsfllp.com

18   William S. Carmody
Shawn Rabin
19   Steven M. Shepard
**SUSMAN GODFREY L.L.P.**
20   1301 Avenue of the Americas, 32nd Floor
New York, New York 10019-6023
21   Telephone: (212) 336-8330
Facsimile: (212) 336-8340
22

23   Amanda K. Bonn (270891)
**SUSMAN GODFREY L.L.P.**
24   1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
25   Telephone: (310) 789-3100
Facsimile: (310) 789-3150
26

27   *Attorneys for Plaintiffs*

28

1

**PROOF OF SERVICE**

2

I, Ryan J. McGee declare:

3

I am a citizen of the United States and employed in the County of Hillsborough, Florida. I

4

am over the age of 18 and not a party to the within action; my business address is 201 N. Franklin

5

St., 7th Floor, Tampa, FL 33602.

6

On August 17, 2022, I served the following document described as:

7

**Plaintiff Julian Santiago's Objections and Responses to Defendant's Fourth Set of**

8

**Interrogatories**

9

By electronic mail transmission from rmcgee@forthepeople.com on August 17, 2022, by

10

transmitting a PDF format copy of such document to each person at the e-mail addresses listed

11

below. The document was transmitted by electronic transmission and such transmission was

12

reported as complete and without error:

13

Benedict Y. Hur

14

Simona Agnolucci
Eduardo E. Santacana

15

Willkie Farr & Gallagher LLP
One Front Street, 34th Floor

16

San Francisco, CA  94111

17

Tel: 415-858-7400

18

Fax: 415-858-7577
bhur@willkie.com

19

sagnolucci@willkie.com
esantacana@willkie.com

20

*Attorneys for Defendant*

21

Executed on August 17, 2022 at Tampa, Florida.

22

23

*/s/ Ryan J. McGee*

24

25

26

27

28