| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP**<br>David Boies (admitted pro hac vice)<br>333 Main Street<br>Armonk, NY 10504<br>Tel.: (914) 749-8200<br>dboies@bsfllp.com<br><br>Mark C. Mao, CA Bar No. 236165<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>mmao@bsfllp.com<br>brichardson@bsfllp.com<br><br>James Lee (admitted pro hac vice)<br>Rossana Baeza (admitted pro hac vice)<br>100 SE 2nd St., 28th Floor<br>Miami, FL 33131<br>Tel.: (305) 539-8400<br>jlee@bsfllp.com<br>rbaeza@bsfllp.com<br><br>Alison L. Anderson, CA Bar No. 275334<br>M. Logan Wright, CA Bar No. 349004<br>725 S. Figueroa St., 31st Floor<br>Los Angeles, CA 90017<br>Tel.: (213) 995-5720<br>alanderson@bsfllp.com<br>mwright@bsfllp.com | **SUSMAN GODFREY L.L.P.**<br>Bill Carmody (admitted pro hac vice)<br>Shawn J. Rabin (admitted pro hac vice)<br>Steven M. Shepard (admitted pro hac vice)<br>Alexander Frawley (admitted pro hac vice)<br>Ryan Sila (admitted pro hac vice)<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Tel.: (212) 336-8330<br>bcarmody@susmangodfrey.com<br>srabin@susmangodfrey.com<br>sshepard@susmangodfrey.com<br>afrawley@susmangodfrey.com<br>rsila@susmangodfrey.com<br><br>Amanda K. Bonn, CA Bar No. 270891<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel.: (310) 789-3100<br>abonn@susmangodfrey.com<br><br>**MORGAN & MORGAN**<br>John A. Yanchunis (admitted pro hac vice)<br>Ryan J. McGee (admitted pro hac vice)<br>Michael F. Ram, CA Bar No. 104805<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel.: (813) 223-5505<br>jyanchunis@forthepeople.com<br>rmcgee@forthepeople.com<br>mram@forthepeople.com |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br>   vs.<br><br>GOOGLE LLC,<br>    Defendant. | Case No.:  3:20-cv-04688-RS<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO DIRECT NOTICE TO MEMBERS OF THE CERTIFIED CLASSES**<br><br>The Honorable Richard Seeborg<br>Courtroom 3 – 17th Floor<br>Date: April 11, 2024<br>Time: 1:30 p.m. |

TO THE COURT, TO ALL PARTIES, AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on April 11, 2024, at 1:30 p.m., or as soon as thereafter as may be heard, in Courtroom 3 of the above-entitled Court, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, California 94102, Plaintiffs will and hereby do move this Honorable Court, pursuant to Federal Rule of Civil Procedure 23, for an order:

1. Approving the form and methods of the proposed Class Notice Plan, as detailed in this submission and the supporting declaration by the representative of the administrator for the Class Notice Plan (Cameron Azari);

2. Appointing Cameron R. Azari and Hilsoft Notifications as the Class Notice Administrator;

3. Finding that Class Members who do not seek exclusion within the period specified in the Class Notice Plan are deemed members of the respective Class or Classes to which they belong;

4. Defining the Class Period as July 1, 2016 to the day the notice program begins; and

5. Issuing such other orders as may be necessary to effectuate notice of the Court's certification order (Dkt. 352).

This motion is based upon this Notice, the Memorandum of Points and Authorities filed in support thereof, the declaration filed herewith as well as the exhibits thereto, the pleadings and records on file in this action, including Plaintiffs' Motion for Class Certification (Dkt. 315) and the Declaration of Cameron R. Azari filed therewith (Dkt. 315-13), and such additional argument and evidence as may be presented at the hearing on this motion.

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. DETAILS OF THE CLASS NOTICE PLAN PROPOSAL ...................................................2

    A. Direct Notice via Email ...........................................................................................3

    B. Supplemental Notice via Publication ......................................................................3

        1. Digital Online Display Ads .........................................................................3

        2. Video & Audio Ads .....................................................................................4

    C. Dedicated Case Website with Important Documents ..............................................4

III. ARGUMENT ..........................................................................................................................5

    A. The Class Notice Plan Meets the Requirements of Rule 23 and Due Process. ........5

    B. Plaintiffs Prepared the Class Notice Plan in Coordination with Google's Counsel and Employees, Giving Google an Extended Opportunity to Review and Propose Input and Edits. ....................................................................8

    C. The Class Notice Plan Includes the Same Schedule Previously Considered and Approved by the Court. .....................................................................................8

    D. Plaintiffs Seek an Order That Any Class Member Who Does Not Opt Out Before the Deadline Specified in the Class Notice Is Deemed to Be a Member of the Respective Class or Classes to Which they Belong. .....................9

IV. CONCLUSION .......................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Briseno v. ConAgra Foods, Inc.*,
    844 F.3d 1121 (9th Cir. 2017) .................................................................................................5

*Carlough v. Amchem Prods., Inc.*,
    158 F.R.D. 314 (E.D. Pa. 1993) ...............................................................................................5

*Eisen v. Carlisle & Jacquilin*,
    417 U.S. 156 (1974) .................................................................................................................5

*Flanagan v. Allstate Ins. Co.*,
    2007 WL 3085903 (N.D. Ill. Oct. 18, 2007) ............................................................................8

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ..................................................................................................9

*Harris v. Pan American World Airways, Inc.*,
    74 F.R.D. 24 (N.D. Cal. 1977) .................................................................................................8

*Hilsley v. Ocean Spray Cranberries, Inc.*,
    2019 WL 718807 (S.D. Cal. Feb. 5, 2019) ...............................................................................6

*In re Wal-Mart Stores, Inc. Wage and Hour Litig.*,
    2008 WL 1990806 (N.D. Cal. May 5, 2008) .......................................................................2, 8

*Johns v. Bayer Corp.*,
    2013 WL 435201 (S.D. Cal. Feb. 1, 2013) ............................................................................6, 7

*Low v. Trump University, LLC*,
    881 F.3d 1111 (9th Cir. 2018) ..................................................................................................9

*Mirfasihi v. Fleet Mortg. Corp.*,
    356 F.3d 781 (7th Cir. 2004) ....................................................................................................6

*Mullane v. Cent. Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950) .................................................................................................................5

*Muniz v. RXO Last Mile, Inc.*,
    2023 WL 3868391 (D. Mass. June 7, 2023) ............................................................................1

*Officers for Justice v. Civil Service Comm'n*,
    688 F.2d 615 (9th Cir. 1982) ....................................................................................................9

*Silber v. Mabon*,
    18 F.3d 1449 (9th Cir. 1994) ....................................................................................................5

**Rules**

Fed. R. Civ. P. 23(b)(2) ............................................................................................................... 1

Fed. R. Civ. P. 23(b)(3) ............................................................................................................ 1, 9

Fed. R. Civ. P. 23 ............................................................................................................. 5, 6, 7, 9

Fed. R. Civ. P. 23(c)(2)(B) ....................................................................................................... 5, 9

**Other Authorities**

Manual for Complex Litigation, Fourth, § 21.321 (2004) ............................................................. 9

# I. INTRODUCTION

On January 3, 2024, the Court granted Plaintiffs' motion for class certification, certifying two classes under Rule 23(b)(3) and Rule 23(b)(2), each to pursue three claims against Google. Dkt. 352. These two certified classes include individuals who had the Google privacy controls referred to as Web & App Activity ("WAA") and supplemental Web & App Activity ("sWAA") (collectively "(s)WAA") turned off during the class period.

Pursuant to the Court's orders (Dkt. 367, 369), Plaintiffs now respectfully seek the Court's approval of their proposed class notice program (the "Class Notice Plan"). Plaintiffs developed the Class Notice Plan in consultation with Google's counsel. Early in the parties' discussions, Google indicated that it preferred not to file a joint motion. Plaintiffs therefore file this motion separately, but only after having worked with Google's counsel to obtain input for this filing, including Google's review and approval of the materials to be sent as part of this Class Notice Plan. [1]

The Class Notice Plan provides for broad notice to Class Members. The Class Notice Plan includes direct email notice to hundreds of millions of individuals for whom (s)WAA was turned off during the Class Period. *See* Supp. Decl. of Cameron R. Azari ("Azari Supp. Decl.") ¶¶ 32–34 & Ex. 2. It also involves broad publication notice, including advertisements on online advertising networks that appear on a wide range of websites, as well as on platforms commonly used by Class Members. *Id.* ¶¶ 35–47, 52 & Ex. 3. If warranted, notice may also include further advertising on streaming television and radio. *Id.* ¶¶ 48-51. It also provides for other resources that will be made available, including a case website and an informational helpline. *Id.* ¶ 21.

The Class Notice Plan constitutes the best notice practicable under the circumstances and meets all applicable requirements. The Class Notice Plan aligns with the expert opinion Mr. Azari offered in connection with class certification (Dkt. 361-56), and Plaintiffs anticipate that the Notice

---

[1] While Google agrees to the notice plan and notice materials, it now raises disputes with the class definition itself and seeks to limit the potential class members that may receive notice. Google's arguments could and should have been made in its opposition to class certification and are not properly raised at this stage. *See Muniz v. RXO Last Mile, Inc.*, 2023 WL 3868391, at *3 (D. Mass. June 7, 2023) (rejecting new interpretation of the class definition at notice stage where the party "had an opportunity to object to the language in its opposition to the motion for class certification and during the later dispute over the precise language of the class definition").

Plan will reach well in excess of 80% of the Classes, easily exceeding the notice guidance published by the Federal Judicial Center. Azari Supp. Decl. ¶ 58.[2]

The parties are separately submitting a joint dispute letter regarding two issues that arose during their discussions regarding notice. Those issues pertain to the mechanics of direct notice by email and the scope of the certified classes. The parties are hopeful to reach an agreement on the first issue and will submit their positions on the second dispute. These disputes notwithstanding, the contents of what will be delivered and made available to Class Members has been agreed to by the parties. Subject to the resolution of these disputed issues, notice can proceed.[3]

## II.  DETAILS OF THE CLASS NOTICE PLAN PROPOSAL

The Class Notice Plan was designed with Epiq Class Action & Claims Solutions, Inc. ("Epiq") through its business unit Hilsoft Notifications ("Hilsoft") (together, the "Class Notice Administrator"), in consultation with Google's counsel. The Class Notice Plan includes:

1. Direct notice via email to hundreds of millions of email accounts associated with users who had (s)WAA turned off or "paused" at any time during the Class Period, defined as the period beginning July 1, 2016 and ending on the date the notice program begins;[4]
2. Supplemental notice via publication, including digital and social media ads, sponsored search listings, and possibly supplemented further with streaming radio and video notice;
3. Creation of a public website including key dates and important documents and information relating to this litigation;
4. A chatbot to answer frequently asked questions from potential Class Members and provide additional information about this litigation; and
5. A toll-free telephone number through which potential Class Members can obtain additional information about this litigation.

---

[2] FED. JUDICIAL CTR, JUDGES' CLASS ACTION NOTICE AND CLAIMS PROCESS CHECKLIST AND PLAIN LANGUAGE GUIDE 3 (2010), available at https://www.fjc.gov/content/301350/illustrative-forms-class-action-notices-notice-checklist-and-plain-language-guide (stating that reach of greater than 70% is typically considered reasonable).

[3] If the Court grants Google's request for further briefing on the class definition issue, the notice plan will not be able to go into effect with the timeline set by the Court. *See* Dkt. 369 (order setting schedule for notice-related disputes); Dkt. 367 (order setting case schedule through trial). Also, further edits to the notice materials may be required.

[4] *See, e.g.*, *In re Wal-Mart Stores, Inc. Wage and Hour Litig.*, 2008 WL 1990806, at *6 (N.D. Cal. May 5, 2008) (approving notice plan with class period defined "through and including the date of class notice.").

### A. Direct Notice via Email

First, the Class Notice Plan involves emailing an agreed-upon short-form notice to potential Class Members. Potential Class Members are to be identified through Google's records concerning Google Accounts for which (s)WAA was turned off (or "paused") during the Class Period. Azari Supp. Decl. ¶¶ 30–34. Plaintiffs seek to have the Class Notice Administrator send those emails, in coordination with Google to reduce the risk that notice is undeliverable or blocked by a SPAM filter, particularly for Gmail addresses. *Id.* ¶¶ 32–33. Subject to the Court's response to the separate filing regarding the dispute concerning the scope of the class, Plaintiffs estimate that hundreds of millions of emails will be sent in this process. The content of the proposed email notice is attached as Exhibit 2 to Mr. Azari's declaration and has been agreed upon by the parties. *See id.* Ex. 2.

### B. Supplemental Notice via Publication

Second, the Class Notice Plan will include supplemental publication notice. *Id.* ¶¶ 36–53. This notice will be achieved through a multipronged program involving digital and social media ads, sponsored search listings, and possibly streaming radio and video notice. *Id.* The content of the proposed publication notice documents is included in Exhibits 3 and 4 to Mr. Azari's declaration and has been agreed upon by the parties. In total, this form of supplemental notice is designed to result in approximately 240 million impressions, meaning that it will be displayed to users approximately 240 million times. *Id.* ¶¶ 45, 50.

#### 1. Digital Online Display Ads

The Class Notice Plan will utilize advanced algorithms from prominent online search and social media companies, such as Basis Ad Network, Yahoo Audience, Facebook, Instagram, Reddit, X (formerly Twitter), Google Display Network, and Gmail.com Ads to reach Class Members with online advertisements that will be delivered via ads on websites and apps that Class Members may visit. *Id.* ¶¶ 37-47, 52. The ads will appear on many websites and apps, resulting in approximately 170,500,000 impressions in the United States. *Id.* ¶ 46. The content of this notice is included in Exhibit 3 to Mr. Azari's declaration and has been agreed upon by the parties. Individuals who click those advertisements will be re-directed to the case website, which will

provide those individuals with additional information, including the long form and short form notices. *Id.* ¶ 38.

### 2. Video & Audio Ads

Depending on the performance and reach of the email notice and digital notice campaigns, the Class Notice Administrator may also operate a further supplemental notice program involving streaming radio and video advertisements on popular social media and traditional networks such as TikTok, YouTube, SiriusXM, Hulu, Pluto, Fubo, Sling, and Samsung TV. *Id.* ¶¶ 49–50. These advertisements are projected to result in approximately 70 million additional impressions in the United States. *Id.* ¶ 50. The script for this type of notice is included in Exhibit 4 to Mr. Azari's declaration and has been agreed upon by the parties.

### C. Dedicated Case Website with Important Documents

Finally, the Class Notice Plan will include a website dedicated to this litigation. This website will provide public access to:

1. The long-form notice (in English and Spanish), which has been agreed upon by the parties, the English version of which is attached as Exhibit 5 to Mr. Azari's declaration;
2. Information regarding how to opt out and the deadline to do so;
3. The dates and locations of relevant Court proceedings;
4. Relevant Court orders and other filings, including the operative complaint; the class certification order; the scheduling order concerning summary judgment, trial, and other important matters; and additional important documents that may be filed later;
5. Contact information for the administrator;
6. Contact information for Class Counsel;
7. Answers to frequently asked questions;
8. The toll-free number for the case, which will also provide answers to frequently asked questions; and
9. Instructions for how to obtain other case-related information.

*Id.* ¶ 52.

The agreed-upon long form notice, included in Exhibit 5 to Mr. Azari's declaration, provides clear and concise information regarding the relevant aspects of the litigation. The content of the frequently asked questions and answers, which will be available at the toll-free number, has

also been agreed-upon by the parties and is included in Exhibit 6. The website will also include chatbot functionality, which will allow Class Members to easily obtain additional information by submitting questions and receiving approved responses based on the content in the notices and the frequently asked questions. *Id.* ¶ 53.

## III.    ARGUMENT

### A.    The Class Notice Plan Meets the Requirements of Rule 23 and Due Process.

To satisfy the requirements of Rule 23 and due process, "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1128–29 (9th Cir. 2017). Due process requires "that notice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Eisen v. Carlisle & Jacquilin*, 417 U.S. 156, 174 (1974). Under Rule 23(c)(2)(B), "[t]he notice may be by one or more of the following: United States mail, electronic means, or other appropriate means."

Notice plans are not expected to reach every single class member. *See Silber v. Mabon*, 18 F.3d 1449, 1453 (9th Cir. 1994). For example, courts recognize there might be roadblocks to providing notice directly to certain class members. *Briseno*, 844 F.3d at 1129. Publication notice, as a supplement to direct notice, is sufficient to satisfy the requirements of Rule 23 and Due Process. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317–18 (1950); *Carlough v. Amchem Prods., Inc.*, 158 F.R.D. 314, 325 (E.D. Pa. 1993); *see also Briseno*, 844 F.3d at 1129 ("Courts have routinely held that notice by publication in a periodical, on a website, or even at an appropriate physical location is sufficient to satisfy due process."). It is generally understood that if the notice program reaches 70% of the class members, whether through direct or publication notice, Rule 23 and the constitutional requirements of due process are satisfied.[5]

---

[5] FED. JUDICIAL CTR, JUDGES' CLASS ACTION NOTICE AND CLAIMS PROCESS CHECKLIST AND PLAIN LANGUAGE GUIDE 3 (2010), available at https://www.fjc.gov/content/301350/illustrative-forms-class-action-notices-notice-checklist-and-plain-language-guide.

Here, it is possible to provide direct notice because Google maintains records of users' historical (s)WAA settings, and Google can provide email addresses associated with users whose (s)WAA settings were turned off or "paused" during the Class Period. Azari Supp. Decl. ¶ 31. To sign up for a Google account, each user must provide an email address with which the Google account will be associated. *Id.* ¶ 30. Every Class Member has at least one account with Google, and Google therefore would have received at least one email address for every Class Member.

This direct notice will go out to hundreds of millions of email accounts. *Id.* ¶¶ 32-35. These are email addresses associated with users that had WAA and/or sWAA turned off (or paused) during the Class Period, for the United States. Azari Supp. Decl. ¶ 31. While the parties initially discussed Google sending these emails, they have now agreed that the Notice Administrator will be the one to send those emails. Plaintiffs seek to do that in coordination with Google to limit blockage by spam filters.

While the Class Notice Plan would satisfy Rule 23 and due process based solely on this direct notice, the program goes further, supplementing direct notice with publication notice, including digital and social media advertisements, sponsored search listing, and possibly streaming radio and video notice. The Class Notice Plan, which is estimated to reach well in excess of 80% of the Class, exceeds the Federal Judicial Center's standard for reasonable notice (more than 70% reach), and it constitutes the best notice practicable under the circumstances. *Id.* ¶ 22; *see Mirfasihi v. Fleet Mortg. Corp.*, 356 F.3d 781, 786 (7th Cir. 2004) (holding that publication of notice through various channels constitutes sufficient notice under Rule 23); *Hilsley v. Ocean Spray Cranberries, Inc.*, 2019 WL 718807, at *3 (S.D. Cal. Feb. 5, 2019) (approving notice plan involving only publication notice); *Johns v. Bayer Corp.*, 2013 WL 435201, at *2 (S.D. Cal. Feb. 1, 2013).

The Class Notice Plan will be administered by the Class Notice Administrator. Mr. Azari, the Director of Legal Notice for Hilsoft, submitted an expert report in support of Plaintiffs' motion for class certification concerning the feasibility and effectiveness of this type of notice program. Dkt. 315-13. In briefing on Plaintiffs' motion for class certification, Google did not challenge Mr. Azari's credentials or his expressed opinions. The Class Notice Plan will in substance follow Mr. Azari's proposals in support of class certification, including: (1) direct notice via email; and (2)

publication notice, including digital and social media advertisements, sponsored search listing, and possibly streaming radio and video notice.

As agreed to by the parties (Dkt. 363 at 9, 11) and adopted by the Court (Dkt. 367), the Class Notice Plan will include a 45-day notice period where direct and publication notice will be effectuated, followed by a 60-day opt-out period for Class Members from the conclusion of the notice period. This gives people time to review and evaluate the notice materials.

The Class Notice Administrator will also create a dedicated informational website that it will maintain during the pendency of the litigation, and all forms of notice (long-form notice, email notice, banner ads, and social media ads) will include links to that website. The website will include:

1. The long-form notice (in English and Spanish), agreed upon by the parties, the English version of which is attached as Exhibit 5 to Mr. Azari's declaration;
2. Information regarding how to opt out and the deadline to do so;
3. The dates and locations of relevant Court proceedings;
4. Relevant Court orders and other filings, including the operative complaint; the class certification order; the scheduling order concerning summary judgment, trial, and other important matters; and additional important documents that may be filed later;
5. Contact information for the administrator;
6. Contact information for Class Counsel;
7. Answers to frequently asked questions;
8. The toll-free number for the case, which will also provide answers to frequently asked questions; and
9. Instructions for how to obtain other case-related information.

Azari Supp. Decl. ¶ 52. Additionally, the website will employ a support chatbot that can provide information about this litigation to Class Members. *Id.* ¶ 53.

The proposed long- and short-form notices are based on and consistent with the Federal Judicial Center's notices and satisfy the requirements of Rule 23 and due process. *See* Fed. R. Civ. P. 23 Advisory Committee Notes (2003 Amendment) ("The Federal Judicial Center has created illustrative clear-notice forms that provide a helpful starting point for actions similar to those described in the forms."); *Bayer Corp.*, 2013 WL 435201, at *2 (finding that "the form and information contained within the notice is based on and consistent with the Federal Judicial

Center's notices, and satisfy the requirements of Rule 23 and due process"); *In re Wal-Mart Stores, Inc.*, 2008 WL 1990806, at *7 ("The inclusion of plaintiffs' concise yet informative statement concerning Class Counsel's experience is consistent with Rule 23's notice requirements. Indeed, Plaintiffs' proposed language on Class Counsel's experience is identical to the language employed in the Federal Judicial Center's 'Illustrative' Form of Class Action Notice for Employment Discrimination cases."); *Flanagan v. Allstate Ins. Co.*, 2007 WL 3085903, at *1 (N.D. Ill. Oct. 18, 2007) ("We begin by adopting, generally, defendant's template, since it is taken directly from the Federal Justice Center's archive of sample Notice forms.").

### B. Plaintiffs Prepared the Class Notice Plan in Coordination with Google's Counsel and Employees, Giving Google an Extended Opportunity to Review and Propose Input and Edits.

Consistent with common practice, Plaintiffs prepared the Class Notice Plan in close consultation with Google. *See Harris v. Pan American World Airways, Inc.*, 74 F.R.D. 24, 52 (N.D. Cal. 1977). The parties exchanged numerous drafts of each of the notice documents submitted for approval, and they met and conferred frequently concerning the Class Notice Plan. The notice documents are the product of productive collaboration between the parties, and they fairly present the litigation to potential Class Members. Although the parties presently have remaining disputes, regarding the mechanics of direct notice and the scope of the certified classes, the parties agree on the elements of the Class Notice Plan presented in this motion.

### C. The Class Notice Plan Includes the Same Schedule Previously Considered and Approved by the Court.

The schedule included with this Class Notice Plan is consistent with the schedule already approved by the Court. *See* Dkt. 367. On January 25, 2024, the parties filed their Joint Case Management Statement, which included a proposed notice schedule. Dkt. 363. The Court approved that schedule. Dkt. 367 at 1. Consistent with the Court's prior order, the notice period would commence 30 days following approval of the Class Notice Plan. Dkt. 367 at 1. That would allow the Class Notice Administrator time to prepare to launch the Class Notice Plan. After launch, the Class Notice Plan would continue for 45 days, during which time the Class Notice Administrator would supervise and collaborate with Google concerning direct email notice, send supplemental

publication notice, and roll out the website, chatbot, and toll-free telephone number. Dkt. 367 at 1. After the notice period ends, Class Members would have 60 days to opt out, which is substantially greater than the 35-day minimum opt-out period recommended by the Class Notice Administrator. Azari Supp. Decl. ¶ 63. After the opt-out period ends, the Class Notice Administrator will provide a final report verifying effective implementation of the Class Notice Plan. *Id.* ¶ 64. Plaintiffs will report the opt-out information to the Court 30 days after the opt-out deadline. Dkt. 367 at 1. The class website and toll-free telephone number will remain live until this litigation is resolved.

### D. Plaintiffs Seek an Order That Any Class Member Who Does Not Opt Out Before the Deadline Specified in the Class Notice Is Deemed to Be a Member of the Respective Class or Classes to Which they Belong.

Where the class is certified under Rule 23(b)(3), class members must be given a reasonable opportunity to request exclusion from the class. *See* Fed. R. Civ. P. 23(c)(2)(B); Manual for Complex Litigation, Fourth, § 21.321 (2004); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1024 (9th Cir. 1998). Class members who fail to "opt out" within the period specified in the notice are deemed members of the class. Though they may object, they generally will not be permitted to "opt out" later if they do not like a proposed settlement or other developments in the case. *Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615, 634-35 (9th Cir. 1982); *Low v. Trump University, LLC*, 881 F.3d 1111 (9th Cir. 2018). Class members must choose whether to remain in the class during the opt-out period. *See Officers for Justice*, 688 F.2d at 634–35 (rejecting argument that "due process requires that members of a Rule 23(b)(3) class be given a second chance to opt out"). Plaintiffs therefore seek an order from this Court directing notice to members of this certified class action and setting an opt-out date based on the date the notice issues.

### IV. CONCLUSION

Plaintiffs respectfully request that the Court enter the proposed order, approving the proposed Class Notice Plan, appointing Cameron R. Azari and Hilsoft as the Class Notice Administrator, finding that Class Members who do not seek exclusion within the period specified in the notice are deemed members of the respective Classes to which they belong.

Dated: March 7, 2024                                Respectfully submitted,

By: */s/ Mark C. Mao*

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

David Boies (admitted *pro hac vice*)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200

James Lee (admitted *pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (admitted *pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Alison L. Anderson, CA Bar No. 275334
alanderson@bsfllp.com
M. Logan Wright, CA Bar No. 349004
mwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
725 S. Figueroa Street, 31st Floor
Los Angeles, CA 90017
Telephone: (813) 482-4814

Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley
afrawley@susmangodfrey.com
Ryan Sila
rsila@susmangodfrey.com

10

PLAINTIFFS' MOTION TO DIRECT NOTICE TO MEMBERS OF THE CERTIFIED CLASSES
CASE NO. 3:20-CV-04688-RS

SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
Michael F. Ram (CA Bar No. 238027)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

*Attorneys for Plaintiffs*