# Exhibit 4

<u>UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA</u>

# If you have previously turned off or "paused" either the Google "Web & App Activity" control or the "Supplemental Web & App Activity" sub-setting, you could be included in an ongoing class action lawsuit.

Para una notificacion en Español, visitar www.XXXXXXXX.com.

*A federal Court authorized this Notice. This is not a solicitation from a lawyer.*

Four Google account holders ("Plaintiffs") filed a class action lawsuit alleging that Google LLC ("Google") unlawfully accessed their devices and data, including app activity data on their mobile devices, even though they turned off or "paused" Google activity controls called Web & App Activity ("WAA") and/or a sub-setting concerning "Chrome history and activity from sites, apps, and devices that use Google services," sometimes called supplemental Web & App Activity ("sWAA"). Plaintiffs allege Google unlawfully accessed their mobile devices to collect, save, and use the data concerning their activity on non-Google apps that have incorporated certain Google software code into the apps. Plaintiffs seek money damages and changes to Google's practices.

Google denies Plaintiffs' legal claims and does not admit to any wrongdoing. The Court has not decided who is right.

The Court decided the legal claims brought by Plaintiffs can proceed as a nationwide class action. You may be a Class Member if you have or had WAA and/or sWAA turned off or "paused" at any time between June 1, 2016 and [NOTICE DATE TK]. More specifically, the Court certified the following classes:

**Class 1**: All individuals who, during the period beginning July 1, 2016 and continuing through [NOTICE DATE TK], (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running the Android operating system, because of the Firebase Software Development Kit ("SDK") and/or Google Mobile Ads SDK.

**Class 2**: All individuals who, during the period beginning July 1, 2016 and continuing through [NOTICE DATE TK], (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running a non-Android operating system, because of the Firebase SDK and/or Google Mobile Ads SDK.

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| DO NOTHING | **Stay in this lawsuit and await the outcome. Lose certain rights.**<br>This option means you will remain a Class Member and keep the possibility of getting money or benefits that may be available in the future from a trial or settlement. If you choose this option, you will be bound by any judgments in this lawsuit and you will lose any rights to sue Google separately regarding the legal claims in this lawsuit. |
| ASK TO BE EXCLUDED | **Get no money or benefits from the lawsuit. Keep certain rights.**<br>If you ask to be excluded from this lawsuit and money or benefits are later awarded, you will not receive any. However, you will keep your right to sue Google at your own expense regarding the legal claims in this lawsuit. The deadline to ask to be excluded is **Month DD, 20YY**. |

There is no money available now, and no guarantee there will be in the future. However, your legal rights may be affected, and **you have a choice to make now**.

Questions? Visit www.xxxxxxxxxx.com or call toll-free at 1-xxx-xxx-xxxx

If you believe you may be a Class Member, **please read this Notice carefully**. The Notice explains the criteria for being considered a Class Member and provides important information about the lawsuit and key dates. You can also go to www.xxxxxxxxxx.com for updates.

# BASIC INFORMATION

### 1. What is the lawsuit about?

Plaintiffs in this lawsuit sued Google alleging that when someone turned off or "paused" Google's Web & App Activity setting and/or supplemental Web & App Activity setting, Google lacked permission to collect, save, and use the data concerning their activity on non-Google apps that have incorporated certain Google software code into the apps (such as Uber, Venmo, TikTok, Instagram, Facebook, WhatsApp, etc.). Plaintiffs allege that regardless of whether Class Members paused or turned off these settings, Google collected app activity data using certain code embedded within many non-Google apps. This embedded code includes the Firebase Software Development Kit and the Google Mobile Ads Software Development Kit, which are written and distributed by Google and placed on apps by third party developers who own the apps. Plaintiffs allege Google used this code to unlawfully access their devices and collect, save, and use data from their activity on non-Google apps for Google's own benefit.

Google denies Plaintiffs' legal claims. The Court has not decided who is right.

### 2. Why was this Notice issued?

A federal court authorized this Notice because you have a right to know about your legal rights. This Notice only advises you of the existence of this lawsuit, your rights and options, and the deadlines to exercise them, if you are a Class Member.

Chief Judge Richard Seeborg of the United States District Court for the Northern District of California is overseeing this lawsuit, known as *Rodriguez et al. v. Google LLC*, Case No. 20-cv-4688-RS (N.D. Cal.), and has determined that legal claims against Google for invasion of privacy, intrusion upon seclusion, and violation of the California Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502, can proceed as a class action. Judge Seeborg "certified" two nationwide Classes: Class 1 and Class 2 (together the "Classes") and you may be a Class Member.

### 3. What is a class action and who is involved?

In a class action lawsuit, one or more people called "Class Representatives"—in this lawsuit four Class Representatives—sue on behalf of other people who have similar legal claims. All of these people are "Class Members" and together form a "Class" or "Classes." One court resolves the lawsuit for all class members, except for those who exclude themselves. The Class Representatives who sued—and all the Class Members like them—are called Plaintiffs. The entity they sued (in this lawsuit, Google) is called the defendant.

### 4. Are there any money or benefits available now?

No money or benefits are available now. The Court has not decided whether Google did anything wrong, and Plaintiffs and Google have not settled the lawsuit. There is no guarantee money or benefits will be obtained in the future. You will be notified if money or benefits become available.

# WHO IS A CLASS MEMBER

### 5. Am I part of this class action lawsuit?

You are a Class Member if you meet the definition of a Class 1 Class Member and/or a Class 2 Class Member as defined by the Court:

<u>Class 1</u>: All individuals who, during the period beginning July 1, 2016 and continuing through [NOTICE DATE TK], (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running the Android operating system, because of the Firebase Software Development Kit ("SDK") and/or Google Mobile Ads SDK.

<u>Class 2</u>: All individuals who, during the period beginning July 1, 2016 and continuing through [NOTICE DATE TK] (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running a non-Android operating system, because of the Firebase SDK and/or Google Mobile Ads SDK.

**6.    How do I know if I turned off Web & App Activity or supplemental Web & App Activity between July 1, 2016 and [NOTICE DATE TK]?**

Based on Google's records, individual Notice is being sent directly to persons that had at least once between July 1, 2016 and [NOTICE DATE TK], turned off or "paused" Google's Web & App Activity setting and/or supplemental Web & App Activity setting.

**7.    Are there exceptions to the persons or entities included as Class Members?**

Yes. Certain individuals and entities are excluded from the Classes. These include:

- The Court (including Chief Judge Richard Seeborg, Magistrate Judge Alex G. Tse, jurors in any trial, and their family members);
- Google, its subsidiaries, parents, predecessors, successors and assigns, including any entity in which they have a controlling interest, as well as these entities' officers, directors, employees, affiliates, and legal representatives;
- People whose legal claims in this matter have already been finally adjudicated on the merits or otherwise released, meaning decided by a court or settled;
- Plaintiffs' counsel, Class Counsel, and Google's counsel;
- All persons and entities who submit a timely and valid request to opt out of the lawsuit (Question 11 provides more information on how to do this); and
- The legal representatives, successors, and assigns of any of the above excluded individuals and entities.

**8.    If I am still not sure if I am a Class Member, who should I contact?**

If you're still not sure whether you are a Class Member, please visit the website, www.xxxxxxxxxx.com, call the Notice Administrator toll-free at 1-xxx-xxx-xxxx, or write to: Rodriguez v. Google, P.O. Box xxxx, Portland, OR 97xxx-xxxx.

<h2 style="text-align:center"><u>YOUR RIGHTS AND OPTIONS</u></h2>

You have to decide now whether to remain a Class Member or ask to be excluded.

**9.    What happens if I do nothing at all?**

If you do nothing, you will remain a Class Member. If Plaintiffs obtain money or benefits from this lawsuit—as a result of a trial or a settlement—you may receive a payment or benefits in the future. If you do nothing now, regardless of whether Plaintiffs win or lose, you will be legally bound by all Court orders and judgments regarding the legal claims in this lawsuit. You will lose the right to bring or maintain a separate lawsuit against Google for the legal claims alleged in this lawsuit.

| 10. | What happens if I ask to be excluded? |

If you exclude yourself (or "opt out") from the Class or Classes, you will not receive any money or benefits as a result of a trial or settlement. If you exclude yourself, you will not be legally bound by the Court's orders and judgments in this lawsuit and you may pursue your own lawsuit against Google for legal claims in this lawsuit. You may hire your own lawyer at your expense if you decide to pursue your own lawsuit. If you exclude yourself so you can start or continue your own lawsuit against Google, you should talk to your own lawyer soon, because your legal claims may be subject to filing deadlines.

| 11. | How do I ask to be excluded? |

To exclude yourself, you must send a written request by mail stating that you want to be excluded from *Rodriguez v. Google LLC*. You must include your name, address, telephone number, email address, and your signature. You must mail your exclusion request **postmarked** by **Month DD, 20YY**, to:

Rodriguez v. Google Exclusions
P.O. Box xxxx
Portland, OR 97xxx-xxxx

You cannot exclude yourself on the phone or by email. To exclude yourself, you must do so individually and separately; no consolidated, group, or mass requests for exclusion will be accepted.

If you timely ask to be excluded, you will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Google in the future regarding the legal claims in this lawsuit.

If you do not exclude yourself, by **Month DD, 2024**, you will remain a Class Member and be bound by the orders of the Court in this lawsuit.

## THE LAWYERS REPRESENTING YOU

| 12. | Do I have a lawyer in this lawsuit? |

Yes. The Court has appointed the following lawyers as Class Counsel to represent Class Members. If you have questions, you can reach Class Counsel by sending an email to: ClassCounsel@domain.com

| | | |
|---|---|---|
| Mark C. Mao<br>Beko Reblitz-Richardson<br>BOIES SCHILLER FLEXNER LLP<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104 | John A. Yanchunis<br>Ryan J. McGee<br>MORGAN & MORGAN<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602 | Bill Carmody<br>SUSMAN GODFREY LLP<br>1301 Avenue of the Americas<br>32nd Floor<br>New York, NY 10019 |
| James Lee<br>BOIES SCHILLER FLEXNER LLP<br>100 SE 2nd St., 28th Floor<br>Miami, FL 33131 | | Amanda Bonn<br>SUSMAN GODFREY LLP<br>1900 Ave. of the Stars, Suite 1400<br>Los Angeles, California 90067 |

| 13. | How will the lawyers be paid? |

If there is a judgment against Google or a settlement in the future, Class Counsel will ask the Court to approve and award attorneys' fees and expenses. The amount of these attorneys' fees and expenses will ultimately be determined by the Court. You will not have to personally pay the attorneys' fees and expenses. If the Court grants Class Counsel's request, the attorneys' fees and expenses will either be deducted from any money obtained for the Class Members or paid separately by Google.

| 14. | Are the Class Representatives paid? |
|---|---|

Class Counsel may ask for service awards for the Class Representatives if there is a judgment or settlement in the future. The service awards would be in addition to Class Representatives' rights as a Class Member to receive a portion of the money or benefit resulting from any such judgment or settlement. The amount of these awards, if any, will ultimately be determined by the Court.

| 15. | Should I get my own lawyer? |
|---|---|

You have the right to hire and appear through your own lawyer, but you do not have to do so. Class Counsel is working on behalf of all Class Members as a whole. If you hire your own lawyer, you will have to pay for your lawyer on your own.

| 16. | What if I already have my own lawyer? |
|---|---|

If you have already hired your own lawyer, you should contact your lawyer directly with any questions as to whether this Notice applies to you and how to proceed.

## GETTING MORE INFORMATION

| 17. | Where do I get more information? |
|---|---|

This Notice summarizes the Court's recent decision to certify the lawsuit as a class action. Key dates and important documents related to the lawsuit can be found online at www.xxxxxxxxxx.com. For additional assistance, please contact the Notice Administrator by calling, toll free, 1-xxx-xxx-xxxx, or writing to: Rodriguez v. Google, P.O. Box xxxx, Portland, OR 97xxx-xxxx. If you want to communicate with Class Counsel, you may contact them directly. Contact information for Class Counsel is provided in Question 12. You may also hire your own lawyer at your own expense.

You may also obtain information regarding the lawsuit on the Court docket in this lawsuit, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, [insert appropriate Court location here], between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS LAWSUIT. **ALL QUESTIONS SHOULD BE DIRECTED TO THE NOTICE ADMINISTRATOR OR CLASS COUNSEL.**