**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
  sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
  esantacana@willkie.com
ARGEMIRA FLÓREZ (SBN: 331153)
  aflorez@willkie.com
HARRIS MATEEN (SBN: 335593)
  hmateen@willkie.com
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: (415) 858-7400

Attorneys for Defendant
GOOGLE LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, *et al*. individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>GOOGLE LLC, *et al*.,<br><br>　　　　　　　　　Defendant. | Case No. 3:20-CV-04688 RS<br><br>**DEFENDANT GOOGLE LLC'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 377)**<br><br>**(CIVIL LOCAL RULE 79-5)**<br><br>Judge:　　　Hon. Richard Seeborg<br>Courtroom:　3, 17th Floor<br>Action Filed:　July 14, 2020<br>Trial Date:　　February 10, 2025 |

## I. INTRODUCTION

Pursuant to Civil Local Rule 79-5(f)(3), Defendant Google LLC submits this statement of reasons in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. 377) and documents filed in connection with that motion.

Google has significantly narrowed the material it seeks to keep under seal. Google only seeks to file under seal certain narrowly tailored portions of select exhibits accompanying the Declaration of Mark Mao ("Mao Decl.") filed in support of Plaintiffs' Response to Google LLC's Motion for Clarification of Class Definition (Dkt. 378-1). Specifically, Google only seeks to seal non-public employee usernames in email addresses; portions of internal code names; and number figures representing account metrics. These are the most restrictive redactions possible to appropriately protect the confidential and proprietary information contained in those documents.

Because the underlying motion—a motion for clarification of class definition—is non-dispositive, the lower good cause standard applies. *Kamakana v. Cty & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). There is good cause to seal the information Google seeks to seal, which falls into three categories. *First*, Google seeks to seal its third-party employees' personal company email addresses, contained in Exhibit 6 to the Mao Decl. (Dkt. 378-7), to protect their privacy. *Second*, Google seeks to seal portions of internal code and metrics pertaining to Google's internal system, referenced on one page of Exhibit 7 to the Mao Decl. (Dkt. 378-8). *Third*, Google seeks to seal commercially sensitive proprietary business information in the form of metrics listed in Exhibits 7 and 8 to the Mao Decl. (Dkts. 378-8, 378-9).

## II. LEGAL STANDARD

The Ninth Circuit has "'carved out an exception to the presumption of access' to judicial records" for non-dispositive motions. *Kamakana v. Cty & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* "[A] particularized showing under the good cause standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached

to non-dispositive motions." *Id.* at 1180 (cleaned up).

### III.  DISCUSSION

#### A.  Non-Public Employee Email Usernames (Exhibit 6)

Google seeks to redact the non-public employee email addresses contained in Exhibit 6 to the Mao Decl. (Dkt. 378-7). Google has narrowly tailored its request and proposes to redact only the personal identifier (i.e., the username) before the domain name in the email address. Declaration of David Monsees in Support of Plaintiffs' Administrative Motion to Seal ("Monsees Decl.") ¶ 5. For example, when an email is sent from "First Name Last Name <uniqueaddress@google.com>," Google only proposes to seal the "uniqueaddress" part of the email.

A showing that "privacy concerns" would be implicated by the disclosure of personal information such as the email address of an individual employed by defendant is sufficient to establish good cause to seal. *E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, 2018 WL 4961606, at *2 (E.D. Cal. Oct. 12, 2018). This court has previously held "there is good cause to redact email addresses of Google employees, all of whom are not parties to this action, in order to protect their privacy interests." ECF No. 284, at 1:18-19 (citing *E. & J. Gallo Winery*, 2018 WL 4961606, at *2 and *Ehret v. Uber Techs., Inc.*, 2015 WL 12977024, at *3 (N.D. Cal. Dec. 2, 2015).

Here, there is the same good cause to seal Google's employee's email addresses because those employees' privacy would be placed at risk if their confidential email addresses were to be filed publicly. Google does not publish employee email addresses and disclosure could lead to potential harassment of Google employees by individuals choosing to contact them through their revealed email addresses, instead of through Google's formal channels. *Id.* Courts routinely seal employee email addresses, even under the higher "compelling reasons" standard. *See, e.g., E. & J. Gallo, 2018 WL 4961606*, at *2 (sealing employee email addresses under compelling reason standard for dispositive motion to dismiss); *Hill v. Builder Servs. Grp., Inc.*, 2021 WL 4026315, at *5 n.6 (W.D. Wash. Sept. 3, 2021) ("find[ing] that the interest in keeping [employees' personal e-mail addresses] private constitutes good cause to seal").

Where, as here, the email address at issue is a non-party's, courts find that the "non-party's privacy interests . . . can be appropriately balanced with the public's right to access by redacting personal identifying information." *Ehret*, 2015 WL 12977024, at *3 (N.D. Cal. Dec. 2, 2015). "While the [Google] employees are employed by a party in this case and have a lower privacy interest" than a neutral third party, the employees' "specific e-mail addresses are not relevant to the merits of the motion." *Id.* The email addresses should be redacted. *See id.*

Google has narrowly tailored the information to be sealed to allow all other surrounding information to be filed publicly, including Google's domain name indicating that the email is from an employee. *See* Monsees Decl. ¶ 5. No other more narrow tailoring would protect Google's employees' privacy interests. Nor does the public need to know employees' private email addresses (or even their names) to understand the underlying disputes.

**B.  References to Internal Code Names (Exhibit 7)**

Google seeks to seal internal code names and metrics referenced in Exhibit 7 to the Mao Decl. (Dkt. 378-8), which is an excerpt from Plaintiff's eighth set of Requests for Production to Google. In that document, Google seeks to redact a dashboard code name related to WAA that tracks internal metrics, and the name of one of Google's internal functions that records WAA settings in internal logs. Google does not seek to redact any other material.

Here, there is good cause to seal Google's confidential, internal codes and names which have nothing to do with the underlying merits of Plaintiffs' Motion. Google's code names are not disclosed publicly, and if they are, there will be a risk of harm to Google, including, for example, because individuals interested in improperly accessing Google's systems could access internal functions through code, and target particular proprietary documents and information using Google's confidential internal names. Monsees Decl. ¶ 6.

Courts routinely seal this type of information including because it would place companies at increased risk of cyber security threats if the internal names become public. *See, e.g., Apple, Inc. v. Samsung Elecs. Co.*, 2012 WL 4120541, at *2 (N.D. Cal. Sept. 18, 2012) (sealing "Apple's internal code names" for its projects); *Campbell v. Facebook Inc.*, 2016 WL 7888026, at *2 (N.D. Cal. Oct. 4, 2016) (sealing "names of internal tables" in Facebook's database); *Bohannon v.*

GOOGLE LLC'S STATEMENT ISO PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL
Case No.  3:20-CV-04688 RS
3

*Facebook, Inc.*, 2019 WL 188671, at *7 (N.D. Cal. Jan. 14, 2019) (sealing internal task names and URLs); *see also, e.g., In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013). As such, public disclosure of the sensitive information in Exhibit 7 could allow malicious actors to comprise Google's internal systems and place Google at an increased risk of cybersecurity risk—an independent basis to seal the confidential information. *Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing material that "if made public Google contends could lead to a breach in the security" of Google's systems).

This Court has previously sealed internal names similar to the ones Google now seeks to keep under seal. *See, e.g.*, Dkt. 223 (2/10/2022 Order Granting in Part Mot. to Seal) ("Google's internal project names may be sealed and replaced with N***, K***, and T***."); Dkt. 208 (1/20/2022 Discovery Order) (same); Dkt. 184, at ¶ 3 (12/1/2021 Discovery Order) (sealing codename in the parties' joint letter brief re custodians (Dkt. 154)). Sealing the internal name Google seeks to seal is consistent with those rulings. *See also Apple Inc. v. Samsung Electronics Co. Ltd.*, 2012 WL 4120541, at *2 (N.D. Cal. Sept. 18, 2022).

Google has narrowly tailored the information to be sealed to allow the first letter in each internal name to be filed publicly. No other more narrow tailoring would adequately protect Google's interests. Monsees Decl. ¶ 6. Nor does the public need to know the full internal project names to understand the underlying disputes.

### C. Commercially Sensitive Business Information (Exhibits 7 and 8)

Google seeks to seal commercially sensitive business information contained in Exhibits 7 and 8 to the Mao Decl. (Dkts. 378-8, 378-9). There is good cause to seal "business information that might harm a litigant's competitive standing, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978), or any other commercially sensitive information," *Palantir Techs. Inc. v. Abramowitz*, 2021 WL 1925459, at *2 (N.D. Cal. Mar. 5, 2021). Good cause to seal is shown when a party seeks to seal materials that "contain[] confidential information about the operation of [the party's] products and [] public disclosure could harm [the party] by disclosing confidential technical information." *Digital Reg. of Texas, LLC v. Adobe Sys., Inc.*, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014).

GOOGLE LLC'S STATEMENT ISO PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL
Case No. 3:20-CV-04688 RS
4

Exhibit 7 contains one internal metric reflecting internal data about Google user behavior. Monsees Decl. ¶ 9. Exhibit 8 similarly contains metrics, in the form of numerical figures and aggregate data, regarding Google accounts in the United States that turned off Gaia Ads Personalization, WAA, and sWAA settings within a certain timeframe. Monsees Decl. ¶ 7. There is good cause to seal the information reflecting internal Google metrics contained in Exhibits 7 and 8 because public disclosure of such confidential and proprietary information concerning Google's data and processing may present a competitive risk to Google's business. Competitors could utilize the metric information to identify user trends and interpret or understand user behavior in connection with certain settings that would allow those competitors to unfairly compete with Google's business. Monsees Decl. ¶ 7. This Court has already sealed similar non-public figures in other documents in this action. Monsees Decl. ¶ 8. *See also* ECF No. 284, at 3:7 (ordering the "Number of active Google Accounts with WAA or sWAA off" to be sealed). Google has narrowly tailored the information to be sealed to only select number values, and there is no more limited sealing that could properly protect Google's confidential information. Monsees Decl. ¶ 10.

Courts routinely grant motions to seal confidential business information like that in Exhibits 7 and 8 in order to protect the litigant's business interests, and this Court should do so here. *See Nixon*, 435 U.S. at 598–99; *Palantir Techs.*, 2021 WL 1925459, at *2. Public disclosure of the information Google seeks to keep under seal would harm Google's competitive standing it has earned through years of innovation and careful deliberation, by revealing sensitive aspects of Google's proprietary metrics and data to Google's competitors. That alone is a proper basis to seal such information. *See, e.g., Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, Dkt. No. 192, at 6–8 (N.D. Cal. May 3, 2017) (granting Google's motion to seal certain sensitive business information).

### IV. CONCLUSION

For the reasons set forth above, Google respectfully requests that the Court seal the limited information identified herein and in the accompanying [Proposed] Order.

Dated: March 29, 2024

Respectfully submitted,

WILLKIE FARR & GALLAGHER LLP

By: */s/ Eduardo E. Santacana*
    Benedict Y. Hur
    Simona Agnolucci
    Eduardo E. Santacana
    Argemira Flórez
    Harris A. Mateen

*Attorneys for Defendant Google LLC*