**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
  sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
  esantacana@willkie.com
ARGEMIRA FLÓREZ (SBN: 331153)
  aflorez@willkie.com
HARRIS MATEEN (SBN: 335593)
  hmateen@willkie.com
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: (415) 858-7400

Attorneys for Defendant
GOOGLE LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>GOOGLE LLC, *et al.*,<br><br>    Defendant. | Case No. 3:20-CV-04688 RS<br><br>**DECLARATION OF DAVID MONSEES IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL [DKT. 377]**<br><br>Judge:         Hon. Richard Seeborg<br>Courtroom: 3, 17th Floor<br>Action Filed: July 14, 2020 |

I, DAVID MONSEES, respectfully submit this declaration in regard to the above captioned matter. I make this declaration based on my personal knowledge of the facts stated herein.

1. I am employed at Google LLC ("Google") as a Senior Product Manager with supervisory authority concerning Web & App Activity ("WAA"). I joined Google in 2009 and have been a Product Manager since December 2009. Unless otherwise stated, the facts I set forth in this declaration are based on my personal knowledge or knowledge I obtained through my review of corporate records or other investigations. If called to testify as a witness, I could and would testify competently to such facts under oath.

2. I submit this declaration in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. 377). I have reviewed unredacted versions of the Declaration of Mark Mao filed in support of Plaintiffs' Response to Google LLC's Motion for Clarification of Class Definition (Dkt. 378-1) and accompanying exhibits 6, 7, and 8.

3. In my role at Google, I have overseen the WAA product area and am familiar with the information that Google maintains about user behavior in connection with the WAA setting and its sub-setting, Supplemental Web and App Activity (s)WAA.

4. Google seeks to seal narrowly tailored portions of only the following information:

| Document | Portions Sought to Be Sealed |
|---|---|
| Exhibit 6 (378-7) | Email usernames (LDAPs) on pages -500 to -501 |
| Exhibit 7 (378-8) | Internal dashboard name: G*** <br> Internal metric <br> Internal code function <br> All on page 10 |
| Exhibit 8 (378-9) | Internal metrics on pages 1, 3, and 4 |

5. <u>PII.</u> **Exhibit 6** is an internal email thread. Google seeks to redact the non-public employee email addresses contained throughout the thread. Google has narrowly tailored its redactions such that only the personal identifier (i.e., the username) before the domain name is redacted. This information should be redacted because those employees' privacy would be placed

at risk if their confidential email addresses were to be filed publicly. These employees are also not parties to this case and revealing their personally identifying information may expose them to harassment.

6. <u>Internal Dashboard Name.</u>  **Exhibit 7** is an excerpt from Plaintiffs' Requests for Production of Documents to Defendant Google, LLC, Set Eight. It contains Plaintiffs' request for information about Google's infrastructure for tracking information related to the WAA status of any Google account, including aggregate statistics. On the first line of its request, Plaintiffs listed the confidential name of a proprietary dashboard code name that tracks internal metrics. On the last line of the sixth bullet point in the request, Plaintiffs list the name of one of Google's internal functions for recording the WAA setting state in internal logs. This is proprietary information concerning Google's infrastructure that Google does not share in its regular course of business.

Furthermore, revealing Google's internal code names and code would present a risk of harm to Google. Specifically, an individual interested in improperly accessing Google's systems could target particular proprietary documents and information for improper uses if he or she knew Google's confidential internal names and could access its internal functions through code. Thus, it is very important that internal code names and code not be revealed outside of Google. Google has narrowly tailored the information to be sealed to allow the first letter of the code name to be filed publicly, and no more limited sealing would appropriately protect Google's confidential and proprietary information.

7. <u>Internal Metrics.</u>  **Exhibit 8** is a PDF version of a document that Google designated as Highly Confidential - Attorneys' Eyes Only pursuant to the parties' protective order before producing it to the Plaintiffs. It contains competitively sensitive and highly confidential metrics regarding US Consumer and Enterprise Google accounts in the United States. These metrics provide specific numerical figures and aggregate data reflecting the number of active accounts that had turned off the Gaia Ads Personalization, WAA, and sWAA settings during July 27, 2016 and July 27, 2020. Google does not disclose this type of information in its ordinary course of business dealings. This information would not advance the public's understanding of this case and should thus be shielded from unnecessary public disclosure. Competitors could use the information in

Exhibit 8 to discern trends in user behavior and better understand users' preferences and behavior in connection with certain settings to unfairly compete with Google's business.

8. It is my understanding that this Court has already sealed Google's non-public figures like these in other documents. In fact, it previously sealed a figure that appears in this document when it appeared in one of Plaintiffs' expert reports (Dkt. 364-23). It should seal the metrics in Exhibit 8 for the same reasons.

9. Exhibit 7 also contains one internal metric regarding WAA queries that reflect Google's internal data about user behavior. This information is competitively sensitive for the aforementioned reasons. Google's redactions are narrowly tailored to seal only the metric at the beginning of a sentence.

10. Google proposes partially sealing portions of the aforementioned exhibits because those discrete portions are confidential, competitively sensitive, and disclosure of the information could cause Google irreparable harm. There is no less restrictive redaction to appropriately protect the sensitive data.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed March 29, 2024, at San Francisco, California.

_____
DAVID MONSEES