1  **WILLKIE FARR & GALLAGHER LLP**
   BENEDICT Y. HUR (SBN: 224018)
2     bhur@willkie.com
   SIMONA AGNOLUCCI (SBN: 246943)
3     sagnolucci@willkie.com
   EDUARDO E. SANTACANA (SBN: 281668)
4     esantacana@willkie.com
   ARGEMIRA FLÓREZ (SBN: 331153)
5     aflorez@willkie.com
   HARRIS MATEEN (SBN: 335593)
6     hmateen@willkie.com
   333 Bush Street, 34th Floor
7  San Francisco, CA 94104
   Telephone: (415) 858-7400
8
9  Attorneys for Defendant
10 GOOGLE LLC

11

12                **UNITED STATES DISTRICT COURT**

13                **NORTHERN DISTRICT OF CALIFORNIA**

14

15 | ANIBAL RODRIGUEZ, *et al*. individually and on behalf of all others similarly situated, | Case No. 3:20-CV-04688 RS |
|---|---|
16 | Plaintiff, | **DEFENDANT GOOGLE LLC'S [PROPOSED] ORDER RE: PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 377)** |
17 | vs. | |
18 | GOOGLE LLC, *et al*., | |
19 | Defendant. | |
20 |  | Judge: Hon. Richard Seeborg |
21 |  | Courtroom: 3, 17th Floor<br>Action Filed: July 14, 2020<br>Trial Date: February 10, 2025 |

22

23

24

25

26

27

28

[PROP] ORDER RE GOOGLE LLC'S STATEMENT ISO PLAINTIFFS' ADMIN. MOTION TO SEAL
Case No. 3:20-CV-04688 RS

**[PROPOSED] ORDER**

Before the Court is Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. 377) and documents filed in connection with that motion.

Having considered the Administrative Motion, Google's Statement in Support of Plaintiffs' Administrative Motion, and the Declarations of David Monsees, the Court finds that the material identified in Google's Statement in Support should be sealed.

Because the underlying motions at issue are non-dispositive, the good cause standard for sealing applies to all three categories of information Google seeks to seal. *Kamakana v. Cty & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). *First*, there is good cause to redact email addresses of Google employees, all of whom are not parties to this action, in order to protect their privacy interests. *See, e.g., E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, 2018 WL 4961606, at *2 (E.D. Cal. Oct. 12, 2018); *Ehret v. Uber Techs., Inc.*, 2015 WL 12977024, at *3 (N.D. Cal. Dec. 2, 2015). *Second*, there is good cause to redact portions of the internal codes and names in Exhibit 7 to the Mao Decl. (Dkt. 378-8), in order to protect Google's business interests. *Third*, there is good cause to seal the commercially sensitive, proprietary business information in Exhibits 7 & 8 to the Mao Decl. (Dkts. 378-8, 378-9), in order to protect Google's business interests. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978); *Palantir Techs. Inc. v. Abramowitz*, 2021 WL 1925459, at *2 (N.D. Cal. Mar. 5, 2021). Google has narrowly tailored the information to be sealed.

Accordingly, the Court orders that the following information should be sealed.

| Document | Information to be Sealed | Page Citation |
|---|---|---|
| Exhibit 6 (378-7) | Email usernames (LDAPs) | Bates Stamped Pages Ending -500, -501 |
| Exhibit 7 (378-8) | <u>Internal dashboard name</u>: G*** <br> Internal metric <br> Internal code function | Page 10 |
| Exhibit 8 (378-9) | Internal metrics | Pages 1, 3, 4 |

Google is ordered to file redacted versions of the above-identified materials within 14 days of this Order.

**IT IS SO ORDERED.**

DATED: _____

                                                                Honorable Richard Seeborg
United States District Judge