1  **WILLKIE FARR & GALLAGHER LLP**
   BENEDICT Y. HUR (SBN: 224018)
2     bhur@willkie.com
   SIMONA AGNOLUCCI (SBN: 246943)
3     sagnolucci@willkie.com
   EDUARDO E. SANTACANA (SBN: 281668)
4     esantacana@willkie.com
   ARGEMIRA FLÓREZ (SBN: 331153)
5     aflorez@willkie.com
   HARRIS MATEEN (SBN: 335593)
6     hmateen@willkie.com
   333 Bush Street, 34th Floor
7  San Francisco, CA 94104
   Telephone: (415) 858-7400
8
9  Attorneys for Defendant
   GOOGLE LLC
10

11

12                    **UNITED STATES DISTRICT COURT**

13                    **NORTHERN DISTRICT OF CALIFORNIA**

14

| | |
|---|---|
| ANIBAL RODRIGUEZ, *et al.* individually and on behalf of all others similarly situated,<br><br>                 Plaintiff,<br><br>  vs.<br><br>GOOGLE LLC, *et al*.,<br><br>                 Defendant. | Case No. 3:20-CV-04688 RS<br><br>**[PROPOSED] ORDER GRANTING GOOGLE LLC'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:     July 25, 2024<br>Time:    1:30 p.m.<br>Ctrm:    3, 17th Floor<br>Judge:   Hon. Richard Seeborg<br><br>Action Filed: July 14, 2020<br>Trial date:   February 10, 2025 |

**[PROPOSED] ORDER**

Having considered Google's Notice of Motion and Motion for Summary Judgment, supporting declaration, exhibits, and all other submissions and arguments, and based on the following undisputed facts, the Court GRANTS Google's Motion for Summary Judgment:

1. At all relevant times, Google represented that the WAA button controlled whether certain data would be "saved to your Google Account."

2. At all relevant times, the phrase "saved to your Google Account" limited the ambit of the WAA button to permissions relating to saving data in a manner that was associated with personal information.

3. At all relevant times, Google represented through its Privacy Policy and Privacy Portal that the phrase "saved to your Google Account" meant "associated with your personal information," not "saved" in any form, for any purpose, even if made pseudonymous.

4. At all relevant times, Google's Privacy Policy defined "personal information" to mean information "which personally identifies you, such as your name, email address or billing information, or other data which can be reasonably linked to such information by Google, such as information we associate with your Google account," or a substantially similar definition.

5. Google did not save the WAA-off or (s)WAA-off data at issue in this case generated by class members to that class member's Google Account.

6. Google did not associate the WAA-off or (s)WAA-off data at issue in this case generated by class members with the class members' personal information.

7. Google maintained the WAA-off or (s)WAA-off data at issue in this case generated by class members in pseudonymous or anonymous form in a manner that disabled Google employees from personally identifying the user that generated the data.

8. Google never used the WAA-off or (s)WAA-off data at issue in this case generated by class members to personalize advertising to class members or build marketing profiles.

Accordingly, summary judgment is GRANTED in favor of Google, and this action is dismissed with prejudice.

/ /

**IT IS SO ORDERED.**

DATED:

_____
The Honorable Richard Seeborg
Chief United States District Judge