# EXHIBIT 5

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1              UNITED STATES DISTRICT COURT
 2             NORTHERN DISTRICT OF CALIFORNIA
 3
 4    ANIBAL RODRIGUEZ, JULIEANNA          )
      MUNIZ, ELIZA CAMBAY, SAL             ) Case No.:
 5    CATALDO, EMIR GOENAGA, JULIAN        ) 3:20-cv-04688
      SANTIAGO, HAROLD NYANJOM, KELLIE     )
 6    NYANJOM, and SUSAN LYNN HARVEY,      )
      individually and on behalf of all    )
 7    others similarly situated,           )
                                           )
 8                  Plaintiffs,            )
           vs.                             )
 9                                         )
      GOOGLE LLC,                          )
10                                         )
                    Defendant.             )
11    ------------------------------------)
12
13
14      ***HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY***
15             REMOTE PROCEEDINGS OF THE
16         VIDEOTAPED DEPOSITION OF GREG FAIR
17              MONDAY, OCTOBER 3, 2022
18
19
20
21
22
23    REPORTED BY NANCY J. MARTIN
24    CSR. NO. 9504, RMR, RPR
25    PAGES 1-256
```

Page 1

```
 1    around at Google?
 2         A.   I don't recall the specifics.  This kind of
 3    conversation would be actually pretty common.  Product
 4    teams and engineering teams probably have a number of
 5    versions of an engineered thing.  "We cannot go that
 6    fast," and a product manager saying, "We'd like to go
 7    faster."  So that's not a surprising consideration.
 8         Q.   And what did you find impossible to parse in
 9    English in this document?
10         A.   So the reference that I made here, and I
11    think that I used the phrase "almost impossible to
12    parse."  Okay.  I'm reading it now.  I don't know if I
13    feel the same way, but it's very specific to an
14    approach that our teams decided to take in regards to
15    the consent flows around account creation for kid
16    accounts.
17              And because of the nature of children and how
18    they engage with these flows, for better or for worse
19    the decision was made to include language everywhere
20    in the consent flows where it referenced the user, the
21    account holder, and update that language to say
22    something to the effect of, you know, "your child" as
23    opposed to "you"; right?  Which led -- independent of
24    this particular concern expressed here, led to some
25    challenging infrastructure changes because if you
```

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

1  remember our conversation earlier about the consent
2  record, you can imagine having a whole different set
3  of consents and consent language with totally separate
4  record could be challenging to build.
5        So frustrated engineers as well. So this is
6  built on top of that kind of backdrop, and then some
7  recommended changes to the language that when the
8  addition of language around you, your child,
9  et cetera, gets included, gets a little tricky while
10 the base language may be more descriptive and more
11 helpful. When you add all this language around
12 children, the sense, it appears, as Jens was saying in
13 this E-mail, was that it's hard for him to parse the
14 language.
15       And in this E-mail I appear to be agreeing
16 that the knock-on effects on the child language did
17 seem to warrant some attention, but truly specific to
18 the way we ended up building child consent effectively
19 and what the implications of those changes were.
20    Q.  Okay. And are you familiar with I guess it's
21 a term p13n.?
22    A.  Yes.
23    Q.  What does that mean at Google?
24    A.  It's -- this is actually a pretty common
25 rhetorical approach to writing. Any time there's a

Page 173

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1                    C E R T I F I C A T E
 2         I do hereby certify that the aforesaid testimony
 3     was taken before me, pursuant to notice, at the time
 4     and place indicated; that said deponent was by me duly
 5     sworn to tell the truth, the whole truth, and nothing
 6     but the truth; that the testimony of said deponent was
 7     correctly recorded in machine shorthand by me and
 8     thereafter transcribed under my supervision with
 9     computer-aided transcription; that the deposition is a
10     true and correct record of the testimony given by the
11     witness; and that I am neither of counsel nor kin to
12     any party in said action, nor interested in the
13     outcome thereof.
14
15                    [signature]
                      Nancy J. Martin, RMR, CSR
16
17     Dated:  October 5, 2022
18
19
20
21     (The foregoing certification of this transcript does
22     not apply to any reproduction of the same by any
23     means, unless under the direct control and/or
24     supervision of the certifying shorthand reporter.)
25
```

Veritext Legal Solutions
866 299-5127