# EXHIBIT 2

Public Redacted Version

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1  **WILLKIE FARR & GALLAGHER LLP**
   BENEDICT Y. HUR (SBN: 224018)
2    bhur@willkie.com
   SIMONA AGNOLUCCI (SBN: 246943)
3    sagnolucci@willkie.com
   EDUARDO E. SANTACANA (SBN: 281668)
4    esantacana@willkie.com
   LORI C. ARAKAKI (SBN: 315119)
5    larakaki@willkie.com
   ARGEMIRA FLOREZ (SBN: 331153)
6    aflorez@willkie.com
   HARRIS MATEEN (SBN: 335593)
7    hmateen@willkie.com
   One Front Street, 34th Floor
8  San Francisco, CA  94111
   Telephone:  (415) 858-7400
9
   Attorneys for Defendant
10 GOOGLE LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO

| | |
|---|---|
| ANIBAL RODRIGUEZ AND JULIE ANNA MUNIZ, individually and on behalf of all other similarly situated,<br><br>                    Plaintiff,<br><br>    vs.<br><br>GOOGLE LLC, *et al.*,<br><br>                    Defendant. | Case No.  3:20-CV-04688<br><br>**DEFENDANT GOOGLE LLC'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET SIX**<br><br>Judge:         Hon. Richard Seeborg<br>Courtroom:  3, 17th Floor<br>Action Filed: July 14, 2020 |

PROPOUNDING PARTY:   PLAINTIFFS ANIBAL RODRIGUEZ AND JULIEANNA MUNIZ

RESPONDING PARTY:    DEFENDANT GOOGLE LLC

SET NO.:             SIX (SECOND SUPPLEMENTAL RESPONSES)

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1    Google further objects to this Interrogatory as overbroad, unduly burdensome, and

2    compound because it seeks an identification of every "data source (including logs)" without a

3    clear definition of what Plaintiffs consider to qualify as a "data source."

4    Google further objects to this Interrogatory as overbroad, unduly burdensome, and abusive

5    to the extent it seeks information regarding all uses of "WAA OFF DATA" without limitation to

6    data sent to Google by third-party app developers after collection, if any, through GA for

7    Firebase—i.e. concerning Plaintiff's theory of wrongdoing in the Third Amended Complaint.

8    Google further objects to this Interrogatory to the extent that it seeks information protected

9    by the attorney-client privilege and/or the attorney work product doctrine.

10   Subject to and without waiving the foregoing, Google responds as follows:

11   Google has provided exacting detail of its main logs associated with the transmission of

12   app-interaction / measurement data to Google via Google Analytics for Firebase when a user has

13   turned WAA to "off," *inter alia*, in response to Plaintiffs' Interrogatory No. 1. Google has also

14   provided samples of those primary logs that store the transmitted data, and is investigating further

15   potential data sources that may contain such data. Google states, however, that it is not practical or

16   relevant to account for every single potential data source (including logs) that may contain such

17   data because there are various downstream users of the pseudonymous data described in response

18   to Plaintiffs' Interrogatory No. 1. Nevertheless, the policies in place as described in response to

19   Interrogatory No. 1, including the policies that forbid the re-association of pseudonymous data

20   with personal identifiers, apply to all such downstream users of the data.

21   **INTERROGATORY NO. 15:**

22   Please DESCRIBE how GOOGLE currently uses and previously during the CLASS

23   PERIOD has used WAA OFF DATA, including by explaining the extent to which and how

24   GOOGLE currently uses and previously during the CLASS PERIOD used WAA OFF DATA to

25   track or measure conversions and personalize advertisements.

26

27

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**RESPONSE TO INTERROGATORY NO. 15:**

Google objects to this Interrogatory as vague and ambiguous with respect to the phrases "track or measure conversions" and "personalize advertisements." Google objects to this Interrogatory as vague and ambiguous as to several undefined terms and phrases susceptible to multiple meanings. For purposes of this response, Google construes "Google" to mean Google LLC and "WAA" to mean the account-level setting called Web & App Activity.

Google further objects to this Interrogatory as overbroad, unduly burdensome, and abusive to the extent it seeks information regarding all uses of "WAA OFF DATA" without limitation to data sent to Google by third-party app developers after collection, if any, through GA for Firebase—i.e. concerning Plaintiff's theory of wrongdoing in the Third Amended Complaint. Google further objects to this Interrogatory as duplicative, including because Google has already responded to an interrogatory describing "what occurs when users . . . turn off (or previously paused) Web & App Activity."

Google further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Google responds as follows: Google hereby incorporates its response and supplemental responses to Plaintiffs' Interrogatory No. 1 as if set forth here, and objects to this Interrogatory to the extent it is duplicative of Interrogatory No. 1. In addition to Google's responses to Interrogatory No. 1, Google responds here that it uses data sent to it via Google Analytics for Firebase for each of the uses described in its Privacy Policy and Google Analytics for Firebase Terms of Service, according to the settings and consents provided by both end users and Firebase customers. This includes pseudonymous conversion tracking and ad targeting for anonymized ad profiles.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15**

Subject to and without waiving the foregoing, Google responds further as follows:

DeviceID-keyed advertising interactions with an advertiser, such as views and clicks of that advertiser's ads, are joined to conversions recorded in that advertiser's app using Firebase (or

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

other third party conversion tracking products or services). In this way, Google serves as an accountant, helping advertisers understand when the same device that interacted with their ad subsequently converted (e.g., opened their app, or made an in-app purchase, depending on how the advertiser has defined a conversion for the ad campaign).

When a user is signed in and has sWAA off, app activity data sent to Google via GA4F while sWAA is off cannot be used for personalization. If a user is signed out on a device and also happens to have one or more Google accounts that have sWAA turned off at the time of app activity in a GA4F-enabled app on that device, that app activity data could become part of an anonymized ad profile for ads personalization.

**INTERROGATORY NO. 16:**

Please DESCRIBE all facts that support or undermine a defense or affirmative defense that YOU have asserted, intend to, will, or may assert in the present litigation.

**RESPONSE TO INTERROGATORY NO. 16:**

Google objects to this Interrogatory as compound and unduly burdensome. Google objects to this Interrogatory as vague and ambiguous with respect to the phrase "support or undermine a defense or affirmative defense." Google further objects to this Interrogatory because it prematurely seeks expert opinion. Google further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Google responds that it is willing to meet and confer with Plaintiffs over an appropriate response to this Interrogatory, including with respect to how to address its compound nature.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 16:**

Subject to and without waiving the foregoing, Google responds further as follows:

App developers who use the GA for Firebase SDK must agree to Google Analytics Terms of Service, which requires that app developers disclose the use of Google Analytics and how it collects and processes data. See https://firebase.google.com/terms/analytics;

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

| ACi sWAA Opt-out (SampledAdEventsQueries) – Clicks (US Only) | | | |
|---|---|---|---|
| Date | sWAA Opt-out Rate on Google Search Advertising Stack | sWAA Opt-out Rate on Google Display Advertising Stack | sWAA Opt-out Rate on YouTube Advertising Stack |
| 2020-11-01 | null | null | null |
| 2020-12-01 | null | null | null |
| 2021-01-01 | null | null | null |
| 2021-02-01 | null | null | null |
| 2021-05-01 | null | null | null |
| 2021-09-01 | null | null | null |
| 2021-10-01 | null | null | null |
| 2022-03-01 | null | ■ | null |
| 2022-04-01 | null | ■ | null |
| 2022-05-01 | null | ■ | null |

Dated: February 14, 2023                    **WILLKIE FARR & GALLAGHER LLP**

By: */s/ Eduardo E. Santacana*
        Eduardo E. Santacana

*Attorneys for Defendant Google LLC*