| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP**<br>David Boies (admitted pro hac vice)<br>333 Main Street<br>Armonk, NY 10504<br>Tel.: (914) 749-8200<br>dboies@bsfllp.com<br><br>Mark C. Mao, CA Bar No. 236165<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>mmao@bsfllp.com<br>brichardson@bsfllp.com<br><br>James Lee (admitted pro hac vice)<br>Rossana Baeza (admitted pro hac vice)<br>100 SE 2nd St., 28th Floor<br>Miami, FL 33131<br>Tel.: (305) 539-8400<br>jlee@bsfllp.com<br>rbaeza@bsfllp.com<br><br>Alison L. Anderson, CA Bar No. 275334<br>M. Logan Wright, CA Bar No. 349004<br>2029 Century Park East, Suite 1520<br>Los Angeles, CA 90067<br>Tel.: (213) 995-5720<br>alanderson@bsfllp.com<br>mwright@bsfllp.com | **SUSMAN GODFREY L.L.P.**<br>Bill Carmody (admitted pro hac vice)<br>Shawn J. Rabin (admitted pro hac vice)<br>Steven M. Shepard (admitted pro hac vice)<br>Alexander Frawley (admitted pro hac vice)<br>Ryan Sila (admitted pro hac vice)<br>One Manhattan West, 50th Floor<br>New York, NY 10001<br>Tel.: (212) 336-8330<br>bcarmody@susmangodfrey.com<br>srabin@susmangodfrey.com<br>sshepard@susmangodfrey.com<br>afrawley@susmangodfrey.com<br>rsila@susmangodfrey.com<br><br>Amanda K. Bonn, CA Bar No. 270891<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel.: (310) 789-3100<br>abonn@susmangodfrey.com<br><br>**MORGAN & MORGAN**<br>John A. Yanchunis (admitted pro hac vice)<br>Ryan J. McGee (admitted pro hac vice)<br>Michael F. Ram, CA Bar No. 104805<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel.: (813) 223-5505<br>jyanchunis@forthepeople.com<br>rmcgee@forthepeople.com<br>mram@forthepeople.com |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br>vs.<br><br>GOOGLE LLC,<br>        Defendant. | Case No.: 3:20-cv-04688-RS<br><br>**PLAINTIFFS' RENEWED AND AMENDED MOTION TO DIRECT NOTICE TO MEMBERS OF THE CERTIFIED CLASSES**<br><br>The Honorable Richard Seeborg<br>Courtroom 3 – 17th Floor<br>Date: June 6, 2024<br>Time: 1:30 p.m. |

TO THE COURT, TO ALL PARTIES, AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 6, 2024, at 1:30 p.m., or as soon as thereafter may be heard, in Courtroom 3 of the above-entitled Court, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, California 94102, Plaintiffs will and hereby do move this Honorable Court, pursuant to Federal Rule of Civil Procedure 23, for an order:

1. Approving the methods of the Revised Class Notice Plan, as detailed in this submission, the supporting declaration by the representative of the administrator for the Class Notice Plan (Cameron Azari), and Motion to Direct Notice and supporting declaration filed on March 7, 2024 (Dkt. 370);

2. Approving the form of notice, as detailed in this submission and the supporting declaration of Mr. Azari;

3. Appointing Cameron R. Azari and Hilsoft Notifications as the Class Notice Administrator;

4. Finding that Class Members who do not seek exclusion within the period specified in the Revised Class Notice Plan are deemed members of the respective Class or Classes to which they belong;

5. Defining the Class Period as July 1, 2016 to the day the notice program begins (30 days after the Court's order approving this Class Notice Plan); and

6. Issuing such other orders as may be necessary to effectuate notice of the Court's certification orders (Dkt. 352, 384).

This motion is based upon this Notice, the Memorandum of Points and Authorities filed in support thereof, the declaration filed herewith as well as the exhibits thereto, the pleadings and records on file in this action, including Plaintiffs' March 7, 2024 Motion to Direct Notice (Dkt. 370), the Declaration of Cameron R. Azari filed therewith (Dkt. 370-2), Plaintiffs' Motion for Class Certification (Dkt. 315), the Declaration of Cameron R. Azari filed therewith (Dkt. 315-3), Plaintiffs' Response to Google's Motion for Clarification of Class Definition (Dkt. 378), and such additional argument and evidence as may be presented at the hearing on this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Based on the Court's April 5, 2024 Order Granting in Part Google's Motion to "Clarify" the Class Definition (Dkt. 384), and in consultation with Google and the proposed Class Notice Administrator, Plaintiffs hereby renew their March 7, 2024 Motion to Direct Notice (Dkt. 370) as modified below with this revised plan (the "Revised Class Notice Plan").

The Revised Class Notice Plan includes updated forms of notice that account for the Court's April 5, 2024 Order, which modified the Rule 23(b)(3) class definitions for Plaintiffs' invasion of privacy and intrusion upon seclusion claims. Updated versions of the long-form notice, email notice, and other notice materials are included as **Exhibits 1-3** to the supporting April 26, 2024 declaration of Cameron R. Azari. The updates account for the Court's change to the class definitions. Plaintiffs and Google have agreed to these updated forms of notice, and they are supported by the Class Notice Administrator.[1]

As detailed in the April 26, 2024 declaration of Cameron R. Azari, Plaintiffs propose the following methods of notice, which are consistent with those described in the March 7, 2024 Motion to Direct Notice:

- Direct notice via email to hundreds of millions of email accounts associated with users who had (s)WAA turned off or "paused" at any time during the Class Period, defined as the period beginning July 1, 2016 and ending on the date the notice program begins (i.e., 30 days after approval of the Class Notice Plan);

- Supplemental notice via publication, including digital and social media ads, sponsored search listings, and possibly supplemented further with streaming radio and video notice;

- Creation of a public website including key dates, important documents, frequently asked questions and answers, and providing additional information about this litigation;

- A chatbot to answer frequently asked questions from potential Class members and provide additional information about this litigation; and

- A toll-free telephone number through which potential Class Members can obtain additional information about this litigation.

Based on meet and confer discussions with Google, Plaintiffs believe there are only two remaining disputes between the parties, both of which concern the direct notice by email portion

---

[1] As stated *infra*, Google has not yet taken a position on the content of email notice to parents of supervised accountholders.

of the notice plan. This week, Google belatedly raised the issues underlying these disputes, including by raising one of those issues today, despite weeks ago committing to today's deadline to file a revised notice plan. While Plaintiffs will continue to meet and confer with Google regarding these issues, Plaintiffs believe these two issues are sufficiently discrete and crystalized for the Court's consideration and guidance.

*First*, on April 22, 2024, Google for the first time informed Plaintiffs that it objects to the dissemination of direct email notice to certain enterprise accountholders. *See* Mao Decl. Ex. 1. For some unspecified number of what Google refers to as "Google Workspace for Education suite enterprise accounts," Google has now taken the position that direct notice must be disseminated "through the administrator and … not … directly to the end user." Mao Decl. Ex. 1. Plaintiffs understand these accounts to include accounts set up by educational institutions (including universities) for employees and students.

Plaintiffs respectfully submit that these accounts should receive direct email notice. Despite additional meet and confer discussions, Google has been unable to provide any basis for this last-minute carve out for direct email notice. The accountholders whom Google seeks to carve out from direct notice would necessarily include not only minors but also adults such as teachers, professors, and college students. *Id.* Plaintiffs asked Google to explain its position, and Google response has been that this is Google's "general practice" when communicating with these accountholders. Google is "still working to understand any technical and/or other limitations that may exist" for these types of accountholders. *Id.* Google never raised this issue when requesting the Court to "clarify" the class definitions (Dkt. 375), and Google has not otherwise provided information supporting its position in terms of excluding these accountholders from the direct notice. Mindful of today's deadline, which the parties committed to in their April 12 joint statement (Dkt. 392), Plaintiffs respectfully raise this issue for the Court. Google's "general practice" is an insufficient justification for not sending direct email notice to class members with Google Workspace for Education Suite accounts. Barring some technical or legal barrier to sending direct email notice to these accountholders (which Google has been unable to identify), the best notice practicable under the circumstances includes direct notice to class members for whom Google has

1  records of an email address. These class members are equally entitled to direct email notice.
2  Relatedly, Google should provide the complete list of email addresses for these individuals (and
3  not just supervisors), which will also be used to respond to inquiries.

4        Plaintiffs remain open to working with Google to reach a resolution on this dispute prior
5  to the conclusion of briefing on this motion. For example, if Google informs Plaintiffs of a
6  technical or legal barrier that would prevent direct email notice to these accountholders, Plaintiffs
7  will consider that information. But Plaintiffs are filing this renewed motion today to meet the
8  deadline to which they committed in the parties' April 12 filing. Dkt. 392.

9        *Second*, on April 26, 2024—the day of the deadline—Google suggested that for "Unicorn"
10 accounts (supervised accounts created by parents for their children under the age of 13), notice
11 should be sent to both the child and their parent. Plaintiffs agree. Plaintiffs' proposed email notice
12 to the parents of these accountholders is included in the exhibits to the Azari declaration. Google
13 has not yet taken a position on the appropriate form of email notice for parents of supervised
14 accountholders. As with the first dispute, Plaintiffs remain open to working with Google to reach
15 resolution on this issue prior to the conclusion of briefing on this motion. For example, Plaintiffs
16 are willing to consider reasonable edits to the email notice for these accounts. Plaintiffs are filing
17 their proposal today in order to meet the agreed-upon deadline.

18       The law is clear that as many people as practicable should receive direct notice of this
19 litigation, and Plaintiffs respectfully request that the Court approve the Revised Class Notice Plan
20 as currently proposed. For the same reasons stated in the March 7, 2024 Motion to Direct Notice,
21 and in the absence of a reasoned explanation from Google as to why a different method or form of
22 notice is required, the Revised Class Notice Plan constitutes the best notice practicable under the
23 circumstances and satisfies the requirements of Rule 23 and due process.

24 Dated: April 26, 2024                              Respectfully submitted,

25                                                   By: */s/ Mark. C. Mao*

26                                                   Mark C. Mao (CA Bar No. 236165)
                                                  mmao@bsfllp.com
27                                                  Beko Reblitz-Richardson (CA Bar No. 238027)
28                                                  brichardson@bsfllp.com

BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

David Boies (admitted *pro hac vice*)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200

James Lee (admitted *pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (admitted *pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Alison L. Anderson, CA Bar No. 275334
alanderson@bsfllp.com
M. Logan Wright, CA Bar No. 349004
mwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Telephone: (813) 482-4814

Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley
afrawley@susmangodfrey.com
Ryan Sila
rsila@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com

|   |   |
|---|---|
| 1 | SUSMAN GODFREY L.L.P. |
|   | 1900 Avenue of the Stars, Suite 1400 |
| 2 | Los Angeles, CA 90067 |
|   | Telephone: (310) 789-3100 |

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
Michael F. Ram (CA Bar No. 238027)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

*Attorneys for Plaintiffs*