1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**NORTHERN DISTRICT OF CALIFORNIA**

10

ANIBAL RODRIGUEZ, et al.,

11

        Plaintiffs,

   v.

12

GOOGLE LLC,

13

        Defendant.

14

Case No.:  20-cv-04688-RS

**SUPPLEMENTAL DECLARATION OF CAMERON R. AZARI, ESQ. REGARDING PROPOSED CLASS NOTICE PLAN AND NOTICES**

15

    I, Cameron R. Azari, Esq., declare as follows:

16

    1.     My name is Cameron R. Azari, Esq.  I have personal knowledge of the matters set

17

forth herein, and I believe them to be true and correct.

18

    2.     I previously executed my *Declaration of Cameron R. Azari, Esq. Regarding Proposed*

19

*Class Notice Plan and Notices* ("Notice Plan Declaration") executed on March 7, 2024.

20

    3.     I have reviewed the Court's April 5, 2024, *Order Granting In Part Motion To*

21

*"Clarify" Class Definition.*  Class Counsel has asked me to advise the Court if any aspect of the

22

Court's Order requires changes to the previously approved Notice Plan, and additionally, what

23

changes were made to the Notices to reflect the changes to the Class definition.

24

    4.     I understand that the classes certified under 23(b)(3) for the invasion of privacy and

25

intrusion upon seclusion claims were modified to as follows:

26
27
28

Class 1: All "non-Enterprise" and "non-Unicorn" individuals who, during the period beginning July 1, 2016 and continuing through the present (the "Class Period"), (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted

to Google, from (c) a mobile device running the Android operating system, because of the Firebase Software Development Kit ("SDK") and/or Google Mobile Ads SDK.

Class 2: All "non-Enterprise" and "non-Unicorn" individuals who, during the Class Period (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running a non-Android operating system, because of the Firebase SDK and/or Google Mobile Ads SDK.

5.    Additionally, for the CDAFA claim, I understand that the 23(b)(3) classes as certified in the Court's original class certification order remain the same (i.e., the CDAFA classes under 23(b)(3) include Dasher and Unicorn users).  Likewise, the 23(b)(2) classes follow the class definition as set forth in the original class certification order and include Dasher and Unicorn users.

6.    The Notice Plan as described in my prior Notice Plan Declaration remains the same. Regardless of the changes to the Class Definitions, it is my understanding that Google still keeps records reflecting the WAA or sWAA setting associated with every active Google Account throughout the Class Period.  Google will provide email contact information reflecting the Classes defined by the Court.  The Notice Plan continues to provide for sending an Email Notice to the email addresses associated with Google Accounts for which the WAA or sWAA setting was turned off at any time during the Class Period, including both children's and parents' email addresses for supervised accounts.  The planned Email Notice protocols described in my Notice Plan Declaration also remain the same.

7.    Both the Long Form and Email Notices include the specific Class Definitions and content describing who is in the Classes.  Both have been edited to reflect the changes ordered by the Court.  Included as **Exhibit 1** are clean versions of each notice reflecting the edits needed to accommodate the Court's changes to the Class Definitions.

8.    Since the target audience for planned media notice continues to be adults 18+ in the United States who use Google, the Media Plan is unchanged.  The Notice Plan continues to include various forms of notice including a digital/internet notice program (digital notice and social media), and internet sponsored search listings.  Further, because the Digital Notices use a variation of the Long Form Notice headline, limited edits are necessary to the Digital Notice to conform with the

SUPPLEMENTAL DECLARATION OF CAMERON R. AZARI, ESQ., REGARDING
PROPOSED CLASS NOTICE PLAN AND NOTICES

Court's recent Order. Included as **Exhibit 2** are clean versions of each type of Digital Notice reflecting the edits needed to accommodate the Court's changes to the Class Definitions.

9.  The Interactive Voice Response ("IVR") Script includes the specific Class Definitions and content describing who is in the Classes. The IVR Script has been edited to reflect the changes ordered by the Court. Included as **Exhibit 3** is a clean version of the IVR Script reflecting the edits needed to accommodate the Court's changes to the Class Definitions.

## CONCLUSION

10. In my opinion, the Notice Plan continues to be the best notice practicable and will satisfy all elements of Federal Rules of Civil Procedure Rule 23. The comprehensive Notice Plan includes individual direct notice via email, which is anticipated to reach a high percentage of the Class Members. The reach of the individual notice efforts will be enhanced by a Media Plan that includes, digital and social media, sponsored search listings, a case website, and may be supplemented with streaming radio and streaming video notice. Overall, we expect the Notice Plan to reach well in excess of 80% of the Classes.

11. In class action notice planning, execution, and analysis, we are guided by due process considerations under the United States Constitution, and by case law pertaining to the recognized notice standards under Federal Rules of Civil Procedure Rule 23. This framework directs that the notice plan be optimized to reach the class, and to provide class members with easy access to the details of how the class action may impact their rights. All of these requirements will be met in this case.

12. The Federal Judicial Center's ("FJC's) *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide*, which is relied upon for federal cases, states that, "the lynchpin in an objective determination of the adequacy of a proposed notice effort is whether all the notice efforts together will reach a high percentage of the class. It is reasonable to reach between 70–95%."[1] Here, we have developed a Notice Plan that will readily achieve a reach well within that standard.

---

[1] FED. JUDICIAL CTR, JUDGES' CLASS ACTION NOTICE AND CLAIMS PROCESS CHECKLIST AND PLAIN LANGUAGE GUIDE 3 (2010), available at https://www.fjc.gov/content/judges-class-action-notice-and-claims-process-checklist-and-plain-language-guide-0.

3

SUPPLEMENTAL DECLARATION OF CAMERON R. AZARI, ESQ., REGARDING
PROPOSED CLASS NOTICE PLAN AND NOTICES

13. The Notice Plan follows the guidance for how to satisfy due process obligations that a notice expert gleans from the United States Supreme Court's seminal decisions, which are: a) to endeavor to actually inform the class, and b) to demonstrate that notice is reasonably calculated to do so.

    a) "But when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it," *Mullane v. Central Hanover Trust*, 339 U.S. 306, 315 (1950).

    b) "[N]otice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) citing *Mullane* at 314.

14. Based on my extensive experience of designing and implementing class action notice programs, it is my opinion that the Notice Plan will provide the best notice practicable under the circumstances of this case, conform to all aspects of Federal Rules of Civil Procedure Rule 23, comport with the guidance for effective notice articulated in the Manual for Complex Litigation 4th Ed. and FJC guidance, and meet the requirements of due process, including its "desire to actually inform" requirement.

15. The Notice Plan schedule will afford enough time to provide full and proper notice to Class Members before any opt-out deadline. Class Members will be provided with more than sufficient time to opt-out, with 60 days from the notice completion date until the opt-out deadline.[2]

16. At the conclusion of the Notice Plan, I will provide a final report verifying the effective implementation of the Notice Plan.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 26, 2024.

_____
Cameron R. Azari, Esq.

[2] Although this case has not reached a settlement at this time, the N.D. Cal. Procedural Guidance for Class Action Settlements, Preliminary Approval (9) regarding the timeline for class members to opt-out will be followed.

4

SUPPLEMENTAL DECLARATION OF CAMERON R. AZARI, ESQ., REGARDING
PROPOSED CLASS NOTICE PLAN AND NOTICES

# Exhibit 1

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If you have previously had either the Google "Web & App Activity" control or the "Supplemental Web & App Activity" sub-setting turned off or "paused," you could be included in an ongoing class action lawsuit.

Para una notificacion en Español, visitar www.XXXXXXXX.com.

*A federal Court authorized this Notice. This is not a solicitation from a lawyer.*

Four Google account holders ("Plaintiffs") filed a class action lawsuit alleging that Google LLC ("Google") unlawfully accessed their devices and data, including app activity data on their mobile devices, even though the Google activity controls called Web & App Activity ("WAA") and/or a sub-setting concerning "Chrome history and activity from sites, apps, and devices that use Google services," sometimes called supplemental Web & App Activity ("sWAA") were turned off or "paused." Plaintiffs allege Google unlawfully accessed their mobile devices to collect, save, and use the data concerning their activity on non-Google apps that have incorporated certain Google software code into the apps. Plaintiffs have three legal claims: 1) invasion of privacy; 2) intrusion upon seclusion (similar to invasion of privacy); and 3) violation of the Comprehensive Computer Data Access and Fraud Act ("CDAFA"). For all three legal claims Plaintiffs seek money damages and changes to Google's practices.

Google denies Plaintiffs' legal claims and does not admit to any wrongdoing. The Court has not decided who is right.

The Court decided the legal claims brought by Plaintiffs can proceed as a nationwide class action. You may be a Class Member if you have or had WAA and/or sWAA turned off or "paused" at any time between July 1, 2016 and [NOTICE DATE TK].

**Comprehensive Computer Data Access and Fraud Act ("CDAFA")**

For the alleged violation of the CDAFA, the Court certified the following classes:

**Class 1**: All individuals who, during the period beginning July 1, 2016 and continuing through [NOTICE DATE TK], (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running the Android operating system, because of the Firebase Software Development Kit ("SDK") and/or Google Mobile Ads SDK.

**Class 2**: All individuals who, during the period beginning July 1, 2016 and continuing through [NOTICE DATE TK], (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running a non-Android operating system, because of the Firebase SDK and/or Google Mobile Ads SDK.

**Invasion of Privacy and Intrusion Upon Seclusion**

For the alleged invasion of privacy and intrusion upon seclusion legal claims, the Court certified the same Class 1 and Class 2 but <u>excluded</u> individuals who only have an "Enterprise" account or "supervised Google Account for users under age 13" (also known as a "Unicorn" account). An "Enterprise" account is an account managed by an administrator that is designed for use by end users within an organization, such as businesses, non-profits, and schools. A "supervised Google Account for users under age 13" is an account created for a minor when they are under the age of 13, which is created and supervised by a parent using Google Family Link.

**Class 1:** All "non-Enterprise" and "non-Unicorn" individuals who, during the period beginning July 1, 2016 and continuing [NOTICE DATE TK], (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to

Google, from (c) a mobile device running the Android operating system, because of the Firebase Software Development Kit ("SDK") and/or Google Mobile Ads SDK.

**Class 2:** All "non-Enterprise" and "non-Unicorn" individuals who, during the period beginning July 1, 2016 and continuing through [NOTICE DATE TK], (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running a non-Android operating system, because of the Firebase SDK and/or Google Mobile Ads SDK.

Individuals who signed up for an account type other than an Enterprise account or supervised Google Account for users under age 13 could be included for all three legal claims. These individuals could be Class Members for both the invasion of privacy and intrusion upon seclusion classes and the CDAFA classes.

It is possible for you to be a Class Member of one or more of these certified classes.

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| DO NOTHING | **Stay in this lawsuit and await the outcome. Lose certain rights.** This option means you will remain a Class Member and keep the possibility of getting money or benefits that may be available in the future from a trial or settlement. If you choose this option, you will be bound by any judgments in this lawsuit and you will lose any rights to sue Google separately regarding the legal claims in this lawsuit. |
| ASK TO BE EXCLUDED | **Get no money or benefits from the lawsuit. Keep certain rights.** If you ask to be excluded from this lawsuit and money or benefits are later awarded, you will not receive any. However, you will keep your right to sue Google at your own expense regarding the legal claims in this lawsuit. The deadline to ask to be excluded is **Month DD, 20YY**. |

There is no money available now, and no guarantee there will be in the future. However, your legal rights may be affected, and **you have a choice to make now**.

If you believe you may be a Class Member, **please read this Notice carefully**. The Notice explains the criteria for being considered a Class Member and provides important information about the lawsuit and key dates. You can also go to www.xxxxxxxxxxx.com for updates.

# BASIC INFORMATION

| 1. | What is the lawsuit about? |
|---|---|

Plaintiffs in this lawsuit sued Google alleging that when someone turned off or "paused" Google's Web & App Activity setting and/or supplemental Web & App Activity setting, Google lacked permission to collect, save, and use the data concerning their activity on non-Google apps that have incorporated certain Google software code into the apps (such as Uber, Venmo, TikTok, Instagram, Facebook, WhatsApp, etc.). Plaintiffs allege that regardless of whether Class Members had these settings paused or turned off, Google collected app activity data using certain code embedded within many non-Google apps. This embedded code includes the Firebase Software Development Kit and the Google Mobile Ads Software Development Kit, which are written and distributed by Google and placed on apps by third party developers who own the apps. Plaintiffs allege Google used this code to unlawfully access their devices and collect, save, and use data from their activity on non-Google apps for Google's own benefit.

Google denies Plaintiffs' legal claims. The Court has not decided who is right.

| 2. | Why was this Notice issued? |
|---|---|

A federal court authorized this Notice because you have a right to know about your legal rights. This Notice only advises you of the existence of this lawsuit, your rights and options, and the deadlines to exercise them, if you are a Class Member.

Chief Judge Richard Seeborg of the United States District Court for the Northern District of California is overseeing this lawsuit, known as *Rodriguez et al. v. Google LLC*, Case No. 20-cv-4688-RS (N.D. Cal.), and has determined that legal claims against Google for invasion of privacy, intrusion upon seclusion, and violation of the California Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502, can proceed as a class action. Judge Seeborg "certified" nationwide Classes and you may be a Class Member.

| 3. | What is a class action and who is involved? |
|---|---|

In a class action lawsuit, one or more people called "Class Representatives"—in this lawsuit four Class Representatives—sue on behalf of other people who have similar legal claims. All of these people are "Class Members" and together form a "Class" or "Classes." One court resolves the lawsuit for all class members, except for those who exclude themselves. The Class Representatives who sued—and all the Class Members like them—are called Plaintiffs. The entity they sued (in this lawsuit, Google) is called the defendant.

| 4. | Are there any money or benefits available now? |
|---|---|

No money or benefits are available now. The Court has not decided whether Google did anything wrong, and Plaintiffs and Google have not settled the lawsuit. There is no guarantee money or benefits will be obtained in the future. You will be notified if money or benefits become available.

# WHO IS A CLASS MEMBER

| 5. | Am I part of this class action lawsuit? |
|---|---|

You are a Class Member if you meet one or more of the definitions below, as certified by the Court:

**Comprehensive Computer Data Access and Fraud Act ("CDAFA")**

For the alleged violation of the CDAFA, the Court certified the following classes:

Class 1: All individuals who, during the period beginning July 1, 2016 and continuing through [NOTICE DATE TK], (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running the Android operating system, because of the Firebase Software Development Kit ("SDK") and/or Google Mobile Ads SDK.

Class 2: All individuals who, during the period beginning July 1, 2016 and continuing through [NOTICE DATE TK] (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running a non-Android operating system, because of the Firebase SDK and/or Google Mobile Ads SDK.

**Invasion of Privacy and Intrusion Upon Seclusion**

For the alleged invasion of privacy and intrusion upon seclusion legal claims, the Court certified the same Class 1 and Class 2 but excluded individuals who only have an "Enterprise" account or "supervised Google Account for users under age 13" (also known as a "Unicorn" account). An "Enterprise" account is an account managed by an administrator that is designed for use by end users within an organization, such as businesses, non-profits, and schools. A "supervised Google Account for users under age 13" is an account created for a minor when they are under the age of 13, which is created and supervised by a parent using Google Family Link.

**Class 1:** All "non-Enterprise" and "non-Unicorn" individuals who, during the period beginning July 1, 2016 and continuing [NOTICE DATE TK], (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running the Android operating system, because of the Firebase Software Development Kit ("SDK") and/or Google Mobile Ads SDK.

**Class 2:** All "non-Enterprise" and "non-Unicorn" individuals who, during the period beginning July 1, 2016 and continuing through [NOTICE DATE TK], (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running a non-Android operating system, because of the Firebase SDK and/or Google Mobile Ads SDK.

Individuals who signed up for an account type other than an Enterprise or supervised Google Account for users under age 13 could be included for all three legal claims. These individuals could be Class Members for <u>both</u> the invasion of privacy and intrusion upon seclusion classes and the CDAFA classes.

If you are a child for whom a supervised Google Account for users under age 13 was created, please discuss this Notice with your parent or guardian to help you decide whether you may be a Class Member. If you are a parent or guardian supervising a Google Account for users under age 13, and if Google's records indicate your child may be a Class Member, you will receive a separate Notice. Please review that Notice with your child to help them decide whether they may be a Class Member.

It is possible for you to be a Class Member of one or more of these certified classes.

| **6.    Are Enterprise and supervised Google Accounts for users under age 13 included in the Classes for the legal claims for invasion of privacy and intrusion upon seclusion?** |
|---|

No. Although these accounts may have been eligible to be included in the Classes certified for these legal claims, the Court later granted Google's request to exclude Enterprise accounts and supervised Google Accounts for users under age 13 from the invasion of privacy and intrusion upon seclusion Classes. Enterprise and supervised Google Accounts for users under age 13 are still included in the Classes certified for violations of the CDAFA.

The Court has not decided whether individuals with Enterprise accounts or supervised Google Accounts for users under age 13 have valid legal claims for alleged violations for invasion of privacy and intrusion upon seclusion. However, it has determined that those individuals cannot be a part of the existing Classes for the legal claims for alleged violations of invasion of privacy and intrusion upon seclusion. You may hire your own lawyer at your expense if you decide to pursue your own lawsuit.

| **7.    How do I know if my Web & App Activity and/or supplemental Web & App Activity settings were turned off between July 1, 2016 and [NOTICE DATE TK]?** |
|---|

Based on Google's records, individual Notice is being sent directly to available email addresses for individuals whose Google Web & App Activity and/or supplemental Web & App Activity settings were turned off or "paused" at least once between July 1, 2016 and [NOTICE DATE TK].

| **8.    Are there exceptions to the persons or entities included as Class Members?** |
|---|

Yes. Certain individuals and entities are excluded from the Classes. These include:

- The Court (including Chief Judge Richard Seeborg, Magistrate Judge Alex G. Tse, jurors in any trial, and their family members);

- Google, its subsidiaries, parents, predecessors, successors and assigns, including any entity in which they have a controlling interest, as well as these entities' officers, directors, employees, affiliates, and legal representatives;

- People whose legal claims in this matter have already been finally adjudicated on the merits or otherwise released, meaning decided by a court or settled;

- Plaintiffs' counsel, Class Counsel, and Google's counsel;

- All persons and entities who submit a timely and valid request to opt out of the lawsuit (Question 11 provides more information on how to do this); and

- The legal representatives, successors, and assigns of any of the above excluded individuals and entities.

| | |
|---|---|
| **9.** | **If I am still not sure if I am a Class Member, who should I contact?** |

If you're still not sure whether you are a Class Member, please visit the website, www.xxxxxxxxxx.com, call the Notice Administrator toll-free at 1-xxx-xxx-xxxx, or write to: Rodriguez v. Google, P.O. Box xxxx, Portland, OR 97xxx-xxxx.

# <u>YOUR RIGHTS AND OPTIONS</u>

You have to decide now whether to remain a Class Member or ask to be excluded.

| | |
|---|---|
| **10.** | **What happens if I do nothing at all?** |

If you do nothing, you will remain a Class Member. If Plaintiffs obtain money or benefits from this lawsuit—as a result of a trial or a settlement—you may receive a payment or benefits in the future. If you do nothing now, regardless of whether Plaintiffs win or lose, you will be legally bound by all Court orders and judgments regarding the legal claims in this lawsuit. You will lose the right to bring or maintain a separate lawsuit against Google for the legal claims alleged in this lawsuit.

| | |
|---|---|
| **11.** | **What happens if I ask to be excluded?** |

If you exclude yourself (or "opt out") from the Class or Classes, you will not receive any money or benefits as a result of a trial or settlement. If you exclude yourself, you will not be legally bound by the Court's orders and judgments in this lawsuit and you may pursue your own lawsuit against Google for legal claims in this lawsuit. You may hire your own lawyer at your expense if you decide to pursue your own lawsuit. If you exclude yourself so you can start or continue your own lawsuit against Google, you should talk to your own lawyer soon, because your legal claims may be subject to filing deadlines.

| | |
|---|---|
| **12.** | **How do I ask to be excluded?** |

To exclude yourself, you must send a written request by mail stating that you want to be excluded from *Rodriguez v. Google LLC*. You must include your name, address, telephone number, email address, and your signature. You must mail your exclusion request **postmarked** by **Month DD, 20YY**, to:

Rodriguez v. Google Exclusions

P.O. Box xxxx

Portland, OR 97xxx-xxxx

You cannot exclude yourself on the phone or by email. To exclude yourself, you must do so individually and separately; no consolidated, group, or mass requests for exclusion will be accepted.

If you timely ask to be excluded, you will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Google in the future regarding the legal claims in this lawsuit.

If you do not exclude yourself, by **Month DD, 2024**, you will remain a Class Member and be bound by the orders of the Court in this lawsuit.

## THE LAWYERS REPRESENTING YOU

**13.     Do I have a lawyer in this lawsuit?**

Yes. The Court has appointed the following lawyers as Class Counsel to represent Class Members. If you have questions, you can reach Class Counsel by sending an email to: ClassCounsel@domain.com

Mark C. Mao
Beko Reblitz-Richardson
BOIES SCHILLER FLEXNER LLP
44 Montgomery St., 41st Floor
San Francisco, CA 94104

John A. Yanchunis
Ryan J. McGee
MORGAN & MORGAN
201 N. Franklin Street, 7th Floor
Tampa, FL 33602

Bill Carmody
SUSMAN GODFREY LLP
One Manhattan West
50th Floor
New York, NY 10001

James Lee
BOIES SCHILLER FLEXNER LLP
100 SE 2nd St., 28th Floor
Miami, FL 33131

Amanda Bonn
SUSMAN GODFREY LLP
1900 Ave. of the Stars, Suite 1400
Los Angeles, California 90067

**14.     How will the lawyers be paid?**

If there is a judgment against Google or a settlement in the future, Class Counsel will ask the Court to approve and award attorneys' fees and expenses. The amount of these attorneys' fees and expenses will ultimately be determined by the Court. You will not have to personally pay the attorneys' fees and expenses. If the Court grants Class Counsel's request, the attorneys' fees and expenses will either be deducted from any money obtained for the Class Members or paid separately by Google.

**15.     Are the Class Representatives paid?**

Class Counsel may ask for service awards for the Class Representatives if there is a judgment or settlement in the future. The service awards would be in addition to Class Representatives' rights as a Class Member to receive a portion of the money or benefit resulting from any such judgment or settlement. The amount of these awards, if any, will ultimately be determined by the Court.

**16.     Should I get my own lawyer?**

You have the right to hire and appear through your own lawyer, but you do not have to do so. Class Counsel is working on behalf of all Class Members as a whole. If you hire your own lawyer, you will have to pay for your lawyer on your own.

**17.     What if I already have my own lawyer?**

If you have already hired your own lawyer, you should contact your lawyer directly with any questions as to whether this Notice applies to you and how to proceed.

## GETTING MORE INFORMATION

**18.     Where do I get more information?**

This Notice summarizes the Court's recent decision to certify the lawsuit as a class action. Key dates and important documents related to the lawsuit can be found online at www.xxxxxxxxxx.com. For additional

assistance, please contact the Notice Administrator by calling, toll free, 1-xxx-xxx-xxxx, or writing to: Rodriguez v. Google, P.O. Box xxxx, Portland, OR 97xxx-xxxx. If you want to communicate with Class Counsel, you may contact them directly. Contact information for Class Counsel is provided in Question 13. You may also hire your own lawyer at your own expense.

You may also obtain information regarding the lawsuit on the Court docket in this lawsuit, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS LAWSUIT. **ALL QUESTIONS SHOULD BE DIRECTED TO THE NOTICE ADMINISTRATOR OR CLASS COUNSEL.**

FROM: EMAIL ADDRESS

TO: EMAIL ADDRESS

RE: COURT ORDER NOTICE OF CLASS ACTION

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If you have previously had either the Google "Web & App Activity" control or the "Supplemental Web & App Activity" sub-setting turned off or "paused," you could be included in an ongoing class action lawsuit.

Para una notificacion en Español, visitar www.XXXXXXXX.com.

*A federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**What is the lawsuit about?** Four Google account holders ("Plaintiffs") filed a class action lawsuit alleging that Google LLC ("Google") unlawfully accessed their devices and data, including app activity data on their mobile devices, even though the Google activity controls called Web & App Activity ("WAA") and/or a sub-setting concerning "Chrome history and activity from sites, apps, and devices that use Google services," sometimes called supplemental Web & App Activity ("sWAA") were turned off or "paused." Plaintiffs allege Google unlawfully accessed their mobile devices to collect, save, and use the data concerning their activity on non-Google apps that have incorporated certain Google software code into the apps. Plaintiffs have three legal claims: 1) invasion of privacy; 2) intrusion upon seclusion (similar to invasion of privacy); and 3) violation of the Comprehensive Computer Data Access and Fraud Act ("CDAFA"). For all three legal claims Plaintiffs seek money damages and changes to Google's practices.

Google denies Plaintiffs' legal claims and does not admit any wrongdoing. The Court has not decided who is right.

**You are receiving this Notice because Google's records indicate that you may be a Class Member.**

The Court decided the legal claims brought by Plaintiffs can proceed as a nationwide class action. You may be included as a Class Member if you have or had WAA and/or sWAA turned off or "paused" at any time between July 1, 2016 and [NOTICE DATE TK]. This Notice only advises you of the existence of this lawsuit, your rights and options, and the deadlines to exercise them, if you are a Class Member. More specifically, the Court certified the following classes.

**Comprehensive Computer Data Access and Fraud Act ("CDAFA")**

For the alleged violation of the CDAFA, the Court certified the following classes:

**Class 1**: All individuals who, during the period beginning July 1, 2016 and continuing through [NOTICE DATE TK], (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running the Android operating system, because of the Firebase Software Development Kit ("SDK") and/or Google Mobile Ads SDK.

**Class 2**: All individuals who, during the period beginning July 1, 2016 and continuing through [NOTICE DATE TK], (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running a non-Android operating system, because of the Firebase SDK and/or Google Mobile Ads SDK.

**Invasion of Privacy and Intrusion upon Seclusion**

For the alleged invasion of privacy and intrusion upon seclusion legal claims, the Court certified the same Class 1 and Class 2 but <u>excluded</u> individuals who only have an "Enterprise" account or "supervised Google Account for users under age 13" (also known as a "Unicorn" account). An "Enterprise" account is an account managed by an administrator that is designed for use by end users within an organization, such as businesses, non-profits, and schools. A "supervised Google Account for users under age 13" is an account created for a minor when they are under the age of 13, which is created and supervised by a parent using Google Family Link.

**<u>Class 1:</u>** All "non-Enterprise" and "non-Unicorn" individuals who, during the period beginning July 1, 2016 and continuing [==NOTICE DATE TK==], (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running the Android operating system, because of the Firebase Software Development Kit ("SDK") and/or Google Mobile Ads SDK.

**<u>Class 2:</u>** All "non-Enterprise" and "non-Unicorn" individuals who, during the period beginning July 1, 2016 and continuing through [==NOTICE DATE TK==], (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running a non-Android operating system, because of the Firebase SDK and/or Google Mobile Ads SDK.

If you are a child for whom a supervised Google Account for users under age 13 was created, please discuss this Notice with your parent or guardian to help you decide whether you may be a Class Member. If you are a parent or guardian supervising a Google Account for users under age 13, and if Google's records indicate your child may be a Class Member, you will receive a separate Notice. Please review that Notice with your child to help them decide whether they may be a Class Member.

**Is there any money or benefits available now?** No money or benefits are available now. The Court has not decided whether Google did anything wrong, and Plaintiffs and Google have not settled the lawsuit. There is no guarantee money or benefits will be obtained in the future. You will be notified if money or benefits become available.

**What happens if I do nothing at all?** If you do nothing, you will remain a Class Member. If Plaintiffs obtain money or benefits from this lawsuit—as a result of a trial or a settlement—you may receive a payment or benefits in the future. If you do nothing now, regardless of whether Plaintiffs win or lose, you will be legally bound by all Court orders and judgments regarding the legal claims in this lawsuit. You will lose the right to bring or maintain a separate lawsuit against Google for the legal claims alleged in this lawsuit.

**How do I exclude myself?** To exclude yourself, you must send a written request by mail stating that you want to be excluded from *Rodriguez v. Google LLC*. You must include your name, address, telephone number, email address, and your signature. You must mail your exclusion request **postmarked** by **Month DD, 20YY**, to: Rodriguez v. Google Exclusions, P.O. Box xxxx, Portland, OR 97xxx-xxxx.

You cannot exclude yourself on the phone or by email. To exclude yourself, you must do so individually and separately; no consolidated, group, or mass requests for exclusion will be accepted. If you timely ask to be excluded, you will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Google in the future regarding the legal claims in this lawsuit. If you do not exclude yourself, by **Month DD, 2024**, you will remain a Class Member and be bound by the orders of the Court in this lawsuit.

**Do I have a lawyer in this case?** Yes. The Court has appointed the following lawyers as Class Counsel to represent Class Members. If you have questions, you can reach Class Counsel by sending an email to: ==ClassCounsel@domain.com==. You may also hire your own lawyer at your own expense who may appear on your behalf.

| | | |
|---|---|---|
| Mark C. Mao | John A. Yanchunis | Bill Carmody |
| Beko Reblitz-Richardson | Ryan J. McGee | |

BOIES SCHILLER FLEXNER LLP
44 Montgomery St., 41st Floor
San Francisco, CA 94104

James Lee
BOIES SCHILLER FLEXNER LLP
100 SE 2nd St., 28th Floor
Miami, FL 33131

MORGAN & MORGAN
201 N. Franklin Street, 7th Floor
Tampa, FL 33602

SUSMAN GODFREY LLP
One Manhattan West
50th Floor
New York, NY 10001

Amanda Bonn
SUSMAN GODFREY LLP
1900 Ave. of the Stars, Suite 1400
Los Angeles, California 90067

**How do I get more information?** This Notice is a summary. Learn more about the lawsuit at www.xxxxxxxxxx.com or call 1-xxx-xxx-xxxx.

You may also obtain information regarding the lawsuit on the Court docket in this lawsuit, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS LAWSUIT. **ALL QUESTIONS SHOULD BE DIRECTED TO THE NOTICE ADMINISTRATOR OR CLASS COUNSEL.**

FROM: EMAIL ADDRESS

TO: EMAIL ADDRESS

RE: COURT ORDER NOTICE OF CLASS ACTION

<u>UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA</u>

# If your child has previously had either the Google "Web & App Activity" control or the "Supplemental Web & App Activity" sub-setting turned off or "paused," your child could be included in an ongoing class action lawsuit.

Para una notificacion en Español, visitar www.XXXXXXXX.com.

*A federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**What is the lawsuit about?** Four Google account holders ("Plaintiffs") filed a class action lawsuit alleging that Google LLC ("Google") unlawfully accessed their devices and data, including app activity data on their mobile devices, even though the Google activity controls called Web & App Activity ("WAA") and/or a sub-setting concerning "Chrome history and activity from sites, apps, and devices that use Google services," sometimes called supplemental Web & App Activity ("sWAA") were turned off or "paused." Plaintiffs allege Google unlawfully accessed their mobile devices to collect, save, and use the data concerning their activity on non-Google apps that have incorporated certain Google software code into the apps. Plaintiffs have three legal claims: 1) invasion of privacy; 2) intrusion upon seclusion (similar to invasion of privacy); and 3) violation of the Comprehensive Computer Data Access and Fraud Act ("CDAFA"). For all three legal claims Plaintiffs seek money damages and changes to Google's practices.

Google denies Plaintiffs' legal claims and does not admit any wrongdoing. The Court has not decided who is right.

**You are receiving this Notice because Google's records indicate that you or your child may be a Class Member.**

The Court decided the legal claims brought by Plaintiffs can proceed as a nationwide class action. You may be included as a Class Member if you have or had WAA and/or sWAA turned off or "paused" at any time between July 1, 2016 and [NOTICE DATE TK]. This Notice only advises you of the existence of this lawsuit, your rights and options, and the deadlines to exercise them, if you are a Class Member. More specifically, the Court certified the following classes.

**Comprehensive Computer Data Access and Fraud Act ("CDAFA")**

For the alleged violation of the CDAFA, the Court certified the following classes:

**Class 1**: All individuals who, during the period beginning July 1, 2016 and continuing through [NOTICE DATE TK], (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running the Android operating system, because of the Firebase Software Development Kit ("SDK") and/or Google Mobile Ads SDK.

**Class 2**: All individuals who, during the period beginning July 1, 2016 and continuing through [NOTICE DATE TK], (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running a non-Android operating system, because of the Firebase SDK and/or Google Mobile Ads SDK.

**Invasion of Privacy and Intrusion upon Seclusion**

For the alleged invasion of privacy and intrusion upon seclusion legal claims, the Court certified the same Class 1 and Class 2 but excluded individuals who only have an "Enterprise" account or "supervised Google Account for users under age 13" (also known as a "Unicorn" account). An "Enterprise" account is an account managed by an administrator that is designed for use by end users within an organization, such as businesses, non-profits, and schools. A "supervised Google Account for users under age 13" is an account created for a minor when they are under the age of 13, which is created and supervised by a parent using Google Family Link.

**Class 1:** All "non-Enterprise" and "non-Unicorn" individuals who, during the period beginning July 1, 2016 and continuing [NOTICE DATE TK], (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running the Android operating system, because of the Firebase Software Development Kit ("SDK") and/or Google Mobile Ads SDK.

**Class 2:** All "non-Enterprise" and "non-Unicorn" individuals who, during the period beginning July 1, 2016 and continuing through [NOTICE DATE TK], (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running a non-Android operating system, because of the Firebase SDK and/or Google Mobile Ads SDK.

If you are a child for whom a supervised Google Account for users under age 13 was created, please discuss this Notice with your parent or guardian to help you decide whether you may be a Class Member. If you are a parent or guardian supervising a Google Account for users under age 13, your child might be in the class. Please review this Notice with your child to help them decide whether they may be a Class Member.

**Is there any money or benefits available now?** No money or benefits are available now. The Court has not decided whether Google did anything wrong, and Plaintiffs and Google have not settled the lawsuit. There is no guarantee money or benefits will be obtained in the future. You will be notified if money or benefits become available.

**What happens if I do nothing at all?** If you do nothing, you will remain a Class Member. If Plaintiffs obtain money or benefits from this lawsuit—as a result of a trial or a settlement—you may receive a payment or benefits in the future. If you do nothing now, regardless of whether Plaintiffs win or lose, you will be legally bound by all Court orders and judgments regarding the legal claims in this lawsuit. You will lose the right to bring or maintain a separate lawsuit against Google for the legal claims alleged in this lawsuit.

**How do I exclude myself?** To exclude yourself, you must send a written request by mail stating that you want to be excluded from *Rodriguez v. Google LLC*. You must include your name, address, telephone number, email address, and your signature. You must mail your exclusion request **postmarked** by **Month DD, 20YY**, to: Rodriguez v. Google Exclusions, P.O. Box xxxx, Portland, OR 97xxx-xxxx.

You cannot exclude yourself on the phone or by email. To exclude yourself, you must do so individually and separately; no consolidated, group, or mass requests for exclusion will be accepted. If you timely ask to be excluded, you will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Google in the future regarding the legal claims in this lawsuit. If you do not exclude yourself, by **Month DD, 2024**, you will remain a Class Member and be bound by the orders of the Court in this lawsuit.

**Do I have a lawyer in this case?** Yes. The Court has appointed the following lawyers as Class Counsel to represent Class Members. If you have questions, you can reach Class Counsel by sending an email to: ClassCounsel@domain.com. You may also hire your own lawyer at your own expense who may appear on your behalf.

| | | |
|---|---|---|
| Mark C. Mao | John A. Yanchunis | Bill Carmody |
| Beko Reblitz-Richardson | Ryan J. McGee | SUSMAN GODFREY LLP |
| BOIES SCHILLER FLEXNER LLP | MORGAN & MORGAN | One Manhattan West, 50th Floor |

44 Montgomery St., 41st Floor          201 N. Franklin Street, 7th Floor      New York, NY 10001
San Francisco, CA 94104                Tampa, FL 33602
                                                                             Amanda Bonn
James Lee                                                                    SUSMAN GODFREY LLP
BOIES SCHILLER FLEXNER LLP                                                   1900 Ave. of the Stars, Suite 1400
100 SE 2nd St., 28th Floor                                                   Los Angeles, California 90067
Miami, FL 33131

**How do I get more information?** This Notice is a summary. Learn more about the lawsuit at www.xxxxxxxxxx.com or call 1-xxx-xxx-xxxx.

You may also obtain information regarding the lawsuit on the Court docket in this lawsuit, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS LAWSUIT. **ALL QUESTIONS SHOULD BE DIRECTED TO THE NOTICE ADMINISTRATOR OR CLASS COUNSEL.**

Exhibit 2

# *Google Class Action Lawsuit*
# Banner Advertisement

**Display Banner (300x250) #1**

Frame 1 (on screen for 5 seconds):



Frame 2 (on screen for 5 seconds):



Frame 3 (on screen for 5 seconds):



**Facebook Newsfeed Ad #1**
(Static)



**Facebook Right Hand Column Ad #1**
(Static)



**Instagram Newsfeed Ad #1**
(Static)



**Gmail.com Promotional Ad #1**
(Pre-Click)



(On-Click)



**Reddit Feed Ad #1**
(Static)



**X (Twitter) Feed Ad #1**
(Static)



**Display Banner (300x250) #2**

Frame 1 (on screen for 5 seconds):



Frame 2 (on screen for 5 seconds):



Frame 3 (on screen for 5 seconds):



**Facebook Newsfeed Ad #2**
(Static)



**Facebook Right Hand Column Ad #2**
(Static)



**Instagram Newsfeed Ad #2**
(Static)



**Gmail.com Promotional Ad #2**
(Pre-Click)



(On-Click)



**Reddit Feed Ad #2**
(Static)



**X (Twitter) Feed Ad #2**
(Static)



*Google*
30-Second Video & Audio Script


*30-Second Video & Audio Script*


Attention – this is a Court Ordered Legal Notice.  If you have previously had either the Google "Web & App Activity" control or the "Supplemental Web & App Activity" sub-setting turned off or "paused," you could be included in an ongoing class action lawsuit. To find out more information about your rights and whether you are a Class Member, go to websiteURL-dot-com or call 1-XXX-XXX-XXXX. That's websiteURL-dot-com or 1-XXX-XXX-XXXX.

Exhibit 3

**Case Name:** *Rodriguez et al v Google LLC*
**Toll Free:** <mark>1-xxx-xxx-xxxx</mark>
**Billing Code:** TBD
**Launch Date:** TBD

## Greeting Message

Thank you for calling the *Rodriguez et al. v. Google LLC* Lawsuit administration line.  Para escuchar en Español, presione nueve. [Translates to: "To listen in Spanish, press 9."]

The lawsuit alleges that Google LLC unlawfully accessed account holder devices and data, including app activity data on their mobile devices, even though they turned off or "paused" Google activity controls called "Web & App Activity" or the supplemental Web & App Activity sub-setting. Google denies any wrongdoing and the lawsuit is ongoing.

For more information, you can listen to recorded answers to frequently asked questions and visit the website at <mark>www.xxxxxxxxxxxxx.com</mark>.

## Main Menu

To hear more information in the form of frequently asked questions and answers, please **press 1**. To replay this message, press the pound key.

## Press 1 Message from Main Menu (FAQs) – (Maximum of 9 FAQs)

Please listen carefully to the following categories. You may make your selection at any time; press the star key to return to the main menu, or simply hang up to disconnect.

To hear more information about this Lawsuit, please **press 1**.

For information about who can participate in this Lawsuit, please **press 2**.

To learn about what benefits are available in the Lawsuit, please **press 3**.

To hear more information about how to know if you turned off Web & App Activity, please **press 4**.

To find out your Rights and Options, please **press 5**.

To find out how you can be excluded from this Lawsuit, please **press 6**.

To hear who represents the Class, please **press 7**.

To replay this message, press the pound key.



**FAQ 1 (More Information About This Lawsuit)**

Plaintiffs in this lawsuit sued Google alleging that when someone turned off or "paused" Google's Web & App Activity setting and/or supplemental Web & App Activity setting, Google lacked permission to collect, save, and use the data concerning their activity on non-Google apps that have incorporated certain Google software code into the apps (such as Uber, Venmo, TikTok, Instagram, Facebook, WhatsApp, etc.).

Plaintiffs allege that regardless of whether Class Members had these settings paused or turned off, Google collected app activity data using certain code embedded within many non-Google apps. This embedded code includes the Firebase Software Development Kit and the Google Mobile Ads Software Development Kit, which are written and distributed by Google and placed on apps by third party developers who own the apps.

Plaintiffs allege Google used this code to unlawfully access their devices and collect, save, and use data from their activity on non-Google apps for Google's own benefit.

Google denies Plaintiffs' legal claims and does not admit to any wrongdoing. The Court has not decided who is right.

Subroutine


**FAQ 2 (Who Can Participate?)**

You are a Class Member if you meet one or more of the class definitions as defined by the Court:

For the alleged violation of the Comprehensive Computer Data Access and Fraud Act, or CDAFA, Class 1 consists of all individuals who, during the period beginning July 1, 2016 and continuing through [NOTICE DATE TK], had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and whose activity on a non-Google-branded mobile app was still transmitted to Google, from a mobile device running the Android operating system, because of the Firebase Software Development Kit ("SDK") and/or Google Mobile Ads SDK.

Class 2 consists of all individuals who, during the period beginning July 1, 2016 and continuing through [NOTICE DATE TK], had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and whose activity on a non-Google-branded mobile app was still transmitted to Google, from a mobile device running a non-Android operating system, because of the Firebase SDK and/or Google Mobile Ads SDK.

For the alleged invasion of privacy and intrusion upon seclusion legal claims, the Court certified the same Class 1 and Class 2 but excluded individuals who only have an Enterprise account or a supervised Google Account for users under age 13.  An Enterprise account is an account managed by an administrator that is designed for use by end users within an organization, such as businesses, non-profits, and schools.  A supervised Google Account for users under age 13 is an account created for a minor when they are under the age of 13, created and supervised by a parent using Google Family Link.

For additional information about the various subclasses, or if you're still not sure whether you are a Class Member, please visit the website, www.xxxxxxxxxx.com or write to: Rodriguez v. Google, P.O. Box xxxx, Portland, OR 97xxx-xxxx.

Subroutine


**FAQ 3 (Benefits available)**

No money or benefits are available now. The Court has not decided whether Google did anything

epiq

wrong, and Plaintiffs and Google have not settled the lawsuit. There is no guarantee money or benefits will be obtained in the future. You will be notified if money or benefits become available.

Subroutine

**FAQ 4 How do I know if I turned off Web & App Activity?**

Based on Google's records, individual Notice is being sent directly to persons whose Google Web & App Activity and/or supplemental Web & App Activity settings were turned off or paused at least once between July 1, 2016 and [NOTICE DATE TK].

Subroutine

**FAQ 5 (What are my rights and options?)**

Class Members in the lawsuit have two options.  First, they may do nothing and stay in this lawsuit and await the outcome. If you do nothing, you will remain a Class Member and keep the possibility of getting money or benefits that may be available in the future from a trial or settlement. If you choose this option, you will be bound by any judgments in this lawsuit and you will lose any rights to sue Google separately regarding the legal claims in this lawsuit.

Class Members may also ask to be excluded from this lawsuit and get no money or benefits from the lawsuit. If you ask to be excluded from this lawsuit and money or benefits are later awarded, you will not receive any. However, you will keep your right to sue Google at your own expense regarding the legal claims in this lawsuit. The deadline to ask to be excluded is **Month DD, 20YY**.

Subroutine

**FAQ 6 (What Do I Do To Be Excluded from the Lawsuit?)**

To exclude yourself, you must send a written request by mail stating that you want to be excluded from *Rodriguez v. Google LLC*. You must include your name, address, telephone number, and your signature. You must mail your exclusion request **postmarked** by **Month DD, 20YY**, to:

Rodriguez v. Google Exclusions
P.O. Box xxxx
Portland, OR 97xxx-xxxx

You cannot exclude yourself on the phone or by email. To exclude yourself, you must do so individually and separately; no consolidated, group, or mass requests for exclusion will be accepted.

If you ask to be excluded from this lawsuit and money or benefits are later awarded, you will not receive any. However, you will keep your right to sue Google at your own expense regarding the legal claims in this lawsuit.

Subroutine

**FAQ 7 (Do I Have a Lawyer in This Case?)**
The Court appointed Mark C. Mao, Beko Reblitz-Richardson, and James Lee of Boies Schiller Flexner LLP, John A. Yanchunis and Ryan J. McGee of Morgan & Morgan, and Bill Carmody and Amanda Bonn of Susman Godfrey LLP as "Class Counsel" to represent all Class Members. You will not be charged by these lawyers for their work on the lawsuit. If you have questions, you can reach Class Counsel by sending an email to: <mark>ClassCounsel@domain.com</mark>

You have the right to hire and appear through your own lawyer, but you do not have to do so. Class Counsel is working on behalf of all Class Members as a whole. If you hire your own lawyer, you will have to pay for your lawyer on your own.

**Press 9 Message from Greeting**:

[Play Greeting Translation in Spanish. Then provide Main Menu in Spanish, followed by FAQ options in Spanish.]

Subroutine

**Subroutine Message**
To return to the main menu, please press the star key.
To hear these menu options again, please press the pound key.
Or simply hang up to disconnect.