**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Tel.: (213) 995-5720
alanderson@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
Ryan Sila (admitted pro hac vice)
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com
rsila@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Michael F. Ram, CA Bar No. 104805
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br>    Defendant. | Case No.: 3:20-cv-04688-RS<br><br>**PLAINTIFFS' PARTIAL OPPOSITION TO GOOGLE'S MOTION TO SEAL (DKT. 408)**<br><br>The Honorable Richard Seeborg<br>Courtroom 3 – 17th Floor<br>Action Filed: July 14, 2020<br>Trial Date: February 10, 2025 |

1    On June 28, 2024, Google requested to seal portions of the parties' summary judgment
2    briefing. Dkt. 408. Pursuant to Local Rule 79-5(f)(4), Plaintiffs now respond to Google's request.
3    Plaintiffs oppose just one part of Google's request: the request to seal a sentence in Exhibit
4    34 to Plaintiffs' summary judgment opposition. *See* Dkt. 397-9 (unredacted copy of Exhibit 34).
5    Exhibit 34 is a document that Google produced (with Bates label GOOG-RDGZ-00033245) in
6    which Google employees discuss issues related to app activity data and WAA-off data.
7    According to its sealing motion, Google seeks to "redact a single line [of Exhibit 34] that
8    contains sensitive information related to government requests, along with employee email
9    addresses." Dkt. 408 at 5. Plaintiffs do not oppose Google's request to redact employee email
10   addresses. Plaintiffs oppose only Google's request to redact that "single line" regarding
11   "government requests." *Id.*
12   This line that Google seeks to redact—and therefore make unavailable to the public,
13   including class members—is highly relevant to the claims and defenses in this case, including
14   because it undermines Google's argument that (s)WAA-off data is "logged with random number
15   identifiers that cannot be joined with any person." Dkt. 383 at 19 (Google's MSJ). The line
16   illustrates how (s)WAA-off data is highly identifying, especially because Google's supposed
17   "pseudonymous" data is still collected and logged using numerous Google-issued identifiers,
18   wholly managed and controlled by Google. *See* Dkt. 397-1 at 1, 6, 15-16. Notably, Google does
19   not seek to redact another portion of Exhibit 34 which explains how Google can "link app events
20   collected by GA4F [Google Analytics for Firebase] to GAIA ID [the "Google Account" identifier]
21   ***even if end users turn off WAA***." Dkt. 397-9 (emphasis added). That statement alone creates
22   triable issues of fact about the nature of the at-issue data, and in Plaintiffs' view, the statement
23   refutes Google's argument that (s)WAA-off data is not associated with "personal information," a
24   term Google defines to include information that "can be reasonably linked" to "your Google
25   account." Dkt. 383 at 16-17, 21. The statement is also relevant to why there is a triable issue of
26   fact as to whether a reasonable user would expect her "Google Account" to contain all data
27   associated with Google identifiers. *See* Dkt. 397-1 at 1, 6, 15-16.
28   The line that Google seeks to redact then goes a step further than the unsealed admission

1  by discussing what would happen in the context of a "government request." Dkt. 408 at 5.
2  Reflecting on this topic, a Google employee admits (in the unredacted portion of Exhibit 34) that
3  (s)WAA-off data "break[s] user expectations." Dkt. 397-9. Plaintiffs cannot say more without
4  revealing the substance of the material that Google seeks to keep under seal.

5      "A party seeking to seal a document filed with the court must (1) comply with [the relevant
6  rules]; and (2) rebut 'a strong presumption in favor of access' that applies to all documents other
7  than grand jury transcripts or pre-indictment warrant materials." *Thomas v. MagnaChip*
8  *Semiconductor Corp.*, 2017 WL 4750628, at *4 (N.D. Cal. Oct. 20, 2017) (citing *Kamakana v.*
9  *City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). In the class action context,
10 Google must meet the "compelling reasons" standard. *See In re Google Inc. Gmail Litig.*, 2014
11 WL 10537440, at *4 (N.D. Cal. Aug. 6, 2016).

12     Google identifies no legitimate basis to seal the sentence in Exhibit 34, certainly no
13 compelling reason. Contrary to Google's assertion, this evidence would "assist the public in
14 understanding this lawsuit," Dkt. 408 at 5, including because it is relevant to the parties' factual
15 dispute over whether (s)WAA-off data is identifying. There is no reason for Google to unseal one
16 admission in Exhibit 34 but redact the other admission. Moreover, in a certified class action—with
17 a pending motion for summary judgment—Google should not be allowed to withhold from class
18 members and the public evidence that refutes its characterization of the at-issue data, particularly
19 when Google's principal argument is that class members consented to the at-issue practices.

20     Aside from Exhibit 34, Plaintiffs take no position on Google's request to seal.

21

22 Dated: July 2, 2024                    Respectfully submitted,

23                                                   By: */s/ Mark Mao*

24                                                   Mark C. Mao (CA Bar No. 236165)
25                                                   mmao@bsfllp.com
                                                  Beko Reblitz-Richardson (CA Bar No. 238027)
26                                                   brichardson@bsfllp.com
                                                  BOIES SCHILLER FLEXNER LLP
27                                                   44 Montgomery Street, 41st Floor
                                                  San Francisco, CA 94104
28                                                   Telephone: (415) 293 6858

PLAINTIFFS' PARTIAL OPPOSITION TO GOOGLE'S MOTION TO SEAL
CASE NO. 3:20-CV-04688-RS

```
                                    Facsimile (415) 999 9695

                                    David Boies (admitted pro hac vice)
                                    dboies@bsfllp.com
                                    BOIES SCHILLER FLEXNER LLP
                                    333 Main Street
                                    Armonk, NY 10504
                                    Telephone: (914) 749-8200

                                    James Lee (admitted pro hac vice)
                                    jlee@bsfllp.com
                                    Rossana Baeza (admitted pro hac vice)
                                    rbaeza@bsfllp.com
                                    BOIES SCHILLER FLEXNER LLP
                                    100 SE 2nd Street, Suite 2800
                                    Miami, FL 33131
                                    Telephone: (305) 539-8400
                                    Facsimile: (305) 539-1307

                                    Alison L. Anderson, CA Bar No. 275334
                                    alanderson@bsfllp.com
                                    M. Logan Wright, CA Bar No. 349004
                                    mwright@bsfllp.com
                                    BOIES SCHILLER FLEXNER LLP
                                    2029 Century Park East, Suite 1520
                                    Los Angeles, CA 90067
                                    Telephone: (813) 482-4814

                                    Bill Carmody (pro hac vice)
                                    bcarmody@susmangodfrey.com
                                    Shawn J. Rabin (pro hac vice)
                                    srabin@susmangodfrey.com
                                    Steven Shepard (pro hac vice)
                                    sshepard@susmangodfrey.com
                                    Alexander P. Frawley
                                    afrawley@susmangodfrey.com
                                    Ryan Sila
                                    rsila@susmangodfrey.com
                                    SUSMAN GODFREY L.L.P.
                                    One Manhattan West, 50th Floor
                                    New York, NY 10001
                                    Telephone: (212) 336-8330

                                    Amanda Bonn (CA Bar No. 270891)
                                    abonn@susmangodfrey.com
                                    SUSMAN GODFREY L.L.P.
                                    1900 Avenue of the Stars, Suite 1400
                                    Los Angeles, CA 90067
                                    Telephone: (310) 789-3100
```

3

PLAINTIFFS' PARTIAL OPPOSITION TO GOOGLE'S MOTION TO SEAL
CASE NO. 3:20-CV-04688-RS

|    |    |
|----|----|
| 1  | John A. Yanchunis (*pro hac vice*) |
| 2  | jyanchunis@forthepeople.com |
|    | Ryan J. McGee (*pro hac vice*) |
| 3  | rmcgee@forthepeople.com |
|    | Michael F. Ram (CA Bar No. 238027) |
| 4  | mram@forthepeople.com |
| 5  | MORGAN & MORGAN, P.A. |
|    | 201 N Franklin Street, 7th Floor |
| 6  | Tampa, FL 33602 |
|    | Telephone: (813) 223-5505 |
| 7  | Facsimile: (813) 222-4736 |
| 8  | *Attorneys for Plaintiffs* |