**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
  sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
  esantacana@willkie.com
ARGEMIRA FLÓREZ  (SBN: 331153)
  aflorez@willkie.com
HARRIS MATEEN (SBN: 335593)
  hmateen@willkie.com
RODOLFO E. RIVERA ACQUINO (SBN: 348512)
  rriveraquino@willkie.com
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone:  (415) 858-7400

Attorneys for Defendant
GOOGLE LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**GOOGLE LLC'S RESPONSE TO PLAINTIFFS' PARTIAL OPPOSITION TO GOOGLE'S MOTION TO SEAL (DKT. 410)**<br><br>Judge: Hon. Richard Seeborg<br>Courtroom: 3, 17th Floor<br>Action Filed: July 14, 2020<br>Trial Date: February 10, 2025 |

Google initially sought to seal a single line from Exhibit 34 to Plaintiffs' summary judgment opposition. *See* Dkt. 408 at 5. This request aimed to prevent misinterpretation of Google's practices regarding government requests. *Id.* However, Plaintiffs exploited this sealing request not to challenge its validity but as a Trojan Horse to smuggle an unrelated summary judgment argument. Dkt. 410. Google now withdraws its request to seal this line, so Plaintiffs' partial opposition is moot. Nevertheless, Google must address both Plaintiffs' misuse of the sealing process and their mischaracterization of the document in question.

### A.  *Plaintiffs Have Abused the Sealing Process to File an Improper Surreply*

Plaintiffs' opposition to Google's motion to seal extends far beyond addressing the propriety of sealing. Instead, it attempts to relitigate Google's summary judgment motion by drawing unsupported inferences from a single line in an exhibit. This tactic violates both the letter and spirit of the local rules governing motion practice and sealing procedures. *See* Civ. L. R. 7-3.

The Local Rules prohibit submitting additional memoranda, papers, or letters after a summary judgment reply without prior court approval, except for objections to new reply evidence or statements of recent decisions. *Id.* 7-3(d). Plaintiffs have neither objected to new evidence nor offered a statement of recent decisions. Instead, they have misused their opposition to Google's motion to seal as a vehicle to argue that a specific line undermines Google's claim about the pseudonymous nature of (s)WAA-off data.

This is improper: parties may not use ancillary filings to circumvent page limits or filing deadlines for dispositive motions. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) (finding no abuse of discretion for declining to consider efforts to "circumvent the court's local rules"). *See also id.* ("[T]he process of evaluating a summary judgment motion would be flouted if requests for more time, discovery, or the introduction of supplemental affidavits had to be considered even if requested well after the deadline set for the introduction of all information needed to make a ruling has passed.") (quoting *Ashton-Tate Corp. v. Ross*, 916 F.2d 516, 520 (9th Cir. 1990)).

Plaintiffs' attempt to use their sealing opposition to introduce new arguments about the relevance and implications of (s)WAA-off data is precisely the kind of procedural gamesmanship that courts have condemned.

### B. The Disputed Language Does Not Support Plaintiffs' Claims

Although Google no longer seeks to seal the line in question, it must address Plaintiffs' unfounded mischaracterization of this line as evidence supporting their claims.

The line in question is from Exhibit 34 to Plaintiffs' MSJ opposition—an internal email that Plaintiffs have long alleged shows misconduct. It does not. As explained in Google's summary judgment reply, the language is from "a comment hypothesizing on the downsides of a technical proposal that Google never adopted, in part because of those downsides." See Reply, Dkt. 406, at 7:16-20 (quoting Santacana Declaration, Ex. G (Ganem Tr.) at 260-61).

No evidence—no deposition testimony, documents, or declarations—supports anything other than Google's explanation of this exhibit. So Plaintiffs now resort to interpreting the emanations and penumbras of a sealing motion. But there is no substance to their claim. As confirmed by the sworn declaration of David Monsees supporting Google's sealing motion, the language involves "**speculative risks**" that could be "misinterpreted." Dkt. 409 ¶ 7. This is not new evidence sufficient to justify Plaintiffs' ad hoc surreply.

### C. Google's Initial Sealing Request Was Made in Good Faith

Google initially sought to seal a single line from Exhibit 34 to prevent potential misinterpretation of its practices regarding government subpoenas. This request was not, as Plaintiffs suggest, an attempt to conceal evidence supporting their claims. Rather, it reflected Google's aim to avoid speculation about hypothetical scenarios that were never implemented.

There are legitimate grounds for such sealing. Under Rule 79-5(c)(1), Google has valid interests in protecting information about how it handles government requests and investigations. *See Uber Techs., Inc. v. Doe*, No. 2015 WL 1926291, at *4 (N.D. Cal. Apr. 27, 2015) (sealing specific technical information where disclosure could undermine an investigation and where such narrow sealing would not "diminish the public's ability to 'keep a watchful eye on the workings

of' the court") (quoting *Kamakana*, 447 F.3d 1172, 1178–80)(9th Cir. 2006); *Dish Network, LLC, Sonicview USA, Inc.*, 2009 WL 2224596 (July 23, 2009) (sealing records to protect confidential information where disclosure could compromise ongoing investigative methods and strategies). The language at issue refers to government requests without reflecting actual policies. Its speculative nature risks harm if misinterpreted. The Ninth Circuit has held that sealing is appropriate "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, [or] circulate libelous statements." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). The risk of promoting public scandal or circulating potentially libelous statements about Google's practices justifies the initial sealing request.

\* \* \*

For the foregoing reasons, Google respectfully requests that the Court (1) recognize that Google no longer seeks to seal the line in question and deny Plaintiffs' opposition as moot; and (2) strike Plaintiffs' sealing opposition for improperly attempting to reargue summary judgment issues.

Dated: July 8, 2024

**WILLKIE FARR & GALLAGHER LLP**

By: */s/Benedict Y. Hur*
    Benedict Y. Hur
    Simona Agnolucci
    Eduardo Santacana
    Noorjahan Rahman
    Argemira Flórez
    Harris Mateen

*Attorneys for Defendant Google LLC*