WILLKIE FARR & GALLAGHER LLP

333 Bush St., 34th Floor
San Francisco, CA 94104
Tel: 415 858 7400
Fax: 415 858 7599

July 22, 2024

**VIA EMAIL**

Chief District Judge Richard Seeborg
San Francisco Courthouse
Courtroom 3 — 17th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

**Re:**   *Rodriguez, et al. v. Google LLC*, **3:20-CV-04688-RS**

To the Honorable Chief Judge Seeborg and Clerk of the Court:

I write to bring to the Court's attention a violation of the Court's formatting rules in Google's Motion for Summary Judgment filed April 4, 2024, in the above-captioned matter. While reviewing the motion in preparation for the upcoming hearing on Google's Motion, the undersigned noticed that the brief's footnotes were formatted in 11-point font size instead of the required 12-point font size. I sincerely apologize to the Court and to Plaintiffs for the error.

To rectify this issue and comply with the Court's page limit restrictions, Google re-files the brief herewith, with the changes necessary to comply with the 12-point font rule and to stay within the Court's 25-page limit. All footnotes have been updated to 12-point font, and some non-substantive cuts have been made because changing the footnotes to 12-point font caused the brief to be overlong by five lines.

Attached to this letter, please find: (1) Google's re-filed brief with the corrected footnote font size; and (2) a redline version highlighting the changes made. The table below summarizes the changes made in the redline version:

| Page | Original | Revised |
|---|---|---|
| Table of Contents | Original headings described below. | Revised headings described below. |
| Throughout | Footnotes in 11-point font. | Footnotes in 12-point font. |
| 2 (fn. 2) | Declaration of Anibal Rodriguez | Decl. of Anibal Rodriguez |
| 2-3 (fn. 3) | *See McClung v. AddShopper, Inc.*, No. 23-cv-01996-VC, 2024 WL 189006, at *2 (N.D. Cal. Jan. 17, 2024) ("The Court continues to be skeptical of the plaintiffs' theory that California's statutory standing requirement for these claims can be satisfied simply by alleging that the defendant was unjustly enriched by | *See McClung v. AddShopper, Inc.*, No. 23-cv-01996-VC, 2024 WL 189006, at *2 (N.D. Cal. Jan. 17, 2024) (citing *TransUnion*, 594 U.S. at 426–30) |

July 22 2024
Page 2

| | | |
|---|---|---|
| | the misappropriation of personal information . . ." and "[T]he Article III analysis in that section of *Facebook Internet Tracking* has been superseded by *TransUnion*, making it even more of a stretch to rely on that section as an implicit statement about statutory standing under California law.") (citing *TransUnion*, 594 U.S. at 426–30) | |
| 7 | A. Plaintiffs concede that Google does not personalize advertising with (s)WAA-off data; the certified theory of liability challenges basic, pseudonymous record-keeping. | A. Plaintiffs concede Google does not personalize ads with (s)WAA-off data; the certified theory of liability challenges basic, pseudonymous record-keeping. |
| 15 | E. Google has erected technical barriers to the joining of (s)WAA-off data with GAIA-keyed data. | E. Google has restricted the joining of (s)WAA-off data with GAIA-keyed data. |
| 25 | D. Plaintiffs' analysis of the CDAFA claim's "without permission" requirement focuses on the wrong permission-giver. | D. Plaintiffs' CDAFA analysis focuses on the wrong permission-giver. |

I sincerely apologize for this oversight and any inconvenience it may have caused the Court. Google is prepared to answer any questions the Court may have regarding this matter.

Sincerely,

Eduardo E. Santacana

Attachments:   As noted