**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
  sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
  esantacana@willkie.com
ARGEMIRA FLÓREZ (SBN: 331153)
  aflorez@willkie.com
HARRIS A. MATEEN (SBN: 335593)
  hmateen@willkie.com
RODOLFO E. RIVERA AQUINO (SBN: 348512)
  rriveraaquino@willkie.com
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: (415) 858-7400

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>  vs.<br><br>GOOGLE LLC,<br><br>                Defendant. | Case No. 3:20-CV-04688-RS<br><br>**JOINT STIPULATION AND ORDER TO APPROVE REVISED NOTICE TO WORKSPACE ADMINISTRATORS**<br><br>Judge:      Hon. Richard Seeborg<br>Courtroom:  3, 17th Floor |

1  Pursuant to Civil Local Rules 6-2 and 7-12, Plaintiffs Anibal Rodriguez, et al.
2  ("Plaintiffs") and Defendant Google LLC ("Google"), collectively referred to as the "Parties,"
3  hereby enter into this joint stipulation.
4  WHEREAS, on January 3, 2024, the Court granted Plaintiffs' Motion for Class
5  Certification (Dkt. 352);
6  WHEREAS, on May 31, 2024, the Court granted Plaintiffs' modified proposal for the
7  notice program and also approved Google's additional and revised notices (Dkt. 405);
8  WHEREAS, one of the approved items was a notice to Workspace administrators to
9  apprise them of the fact that their end users would be receiving class notice (Dkt. 401-2);
10  WHEREAS, subsequent to the Court's approval, Google identified the need for revisions
11  to the notice to Workspace administrators;
12  WHEREAS, Google proposed revisions to the notice, and Plaintiffs have agreed to such
13  revisions;
14  WHEREAS, the Parties have reached agreement on the revised notice to Workspace
15  administrators attached hereto as Exhibit A; and
16  WHEREAS, a redline reflecting the proposed changes to the notice to Workspace
17  administrators is attached hereto as Exhibit B;
18  NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the
19  Parties, that the revised notice to Workspace administrators, attached hereto as Exhibit A, shall
20  replace the previously approved notice (Dkt. 401-2). The proposed revisions are consistent with
21  the Court's May 31 Order and are designed to provide clear and accurate information to
22  Workspace administrators.
23  Good cause exists for this modification to ensure that the most up-to-date and accurate
24  information is provided to Workspace administrators as part of the notice program, in compliance
25  with the Court's May 31 Order and Rule 23 of the Federal Rules of Civil Procedure.
26
27
28

1  IT IS SO STIPULATED.

3  DATED: August 27, 2024

By: /s/ Benedict Y. Hur
Benedict Y. Hur

DATED: August 27, 2024

By: /s/ Marc C. Mao
Mark C. Mao

**ORDER**

Having considered the Parties' Joint Stipulation to Approve Revised Notice to Workspace Administrators, and good cause appearing, the Court hereby ORDERS that the revised notice to Workspace administrators, attached to the Parties' stipulation as Exhibit A, is APPROVED and shall replace the previously approved notice (Dkt. 401-2).

IT IS SO ORDERED.

Dated: August 27, 2024

_____
HON. RICHARD SEEBORG

# EXHIBIT A

Workspace Administrator,

You are receiving this email because a federal court recently ordered that notice be sent to all Enterprise Dasher account holders (i.e., End Users) who may be class members in a class action filed against Google in July 2020 titled, *Rodriguez et al., v. Google LLC* pending in the United States District Court for the Northern District of California, Case No. 3:20-cv-04688-RS.

Details of when notice will be distributed to End Users are being finalized but, for now, we know that they will be sent to your End Users by email and wanted to keep you apprised and ask that you consider and satisfy any obligations that you may have under the Google Workspace Terms of Service, including those outlined in Sections 3 and 7 as a result of this notice. Please find attached a list of email addresses of all the Workspace End Users in your organization who will be sent a class notification email. We are sending this notice consistent with our obligations under these Terms, the Court's orders regarding class notice, and standard class notification practices. More detail about the case, email notices, and proposed next steps are provided for you below.

Case overview

- Four Google account holders ("Plaintiffs") filed a class action lawsuit against Google LLC ("Google") alleging that Google unlawfully accessed their devices and data from non-Google mobile apps, even though Web & App Activity ("WAA") and/or supplemental Web & App Activity ("sWAA") were turned off or "paused."

- Plaintiffs allege Google unlawfully accessed their mobile devices to collect, save, and use data concerning their activity on non-Google apps that have incorporated certain Google software code into the apps while WAA and/or sWAA were turned off or "paused."

- Plaintiffs assert three legal claims against Google: 1) invasion of privacy; 2) intrusion upon seclusion (similar to invasion of privacy); and 3) violation of the Comprehensive Computer Data Access and Fraud Act ("CDAFA"). For all three legal claims Plaintiffs seek money damages and changes to Google's practices.

- Activity data generated by end users using Google Workspace apps or services is not at issue in this case, but Workspace end users are class members if they fit the class definitions, including, e.g., because they used non-Google apps while signed into their Workspace accounts.

Google denies Plaintiffs' legal claims and does not admit to any wrongdoing. The Court has not decided who is right.

Who is in the class?

- The Court certified four classes to assert claims for damages, defined as:

    **Comprehensive Computer Data Access and Fraud Act ("CDAFA")**

    For the alleged violation of the CDAFA, the Court certified the following classes:

**Class 1:** All individuals who, during the period beginning July 1, 2016 and continuing through [NOTICE DATE TK], (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running the Android operating system, because of the Firebase Software Development Kit ("SDK") and/or Google Mobile Ads SDK.

**Class 2:** All individuals who, during the period beginning July 1, 2016 and continuing through [NOTICE DATE TK], (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running a non-Android operating system, because of the Firebase SDK and/or Google Mobile Ads SDK.

**Invasion of Privacy and Intrusion Upon Seclusion**

For the alleged invasion of privacy and intrusion upon seclusion legal claims, the Court certified the same Class 1 and Class 2 but <u>excluded</u> individuals who only have an "Enterprise" account or "supervised Google Account for users under age 13" (also known as a "Unicorn" account). An "Enterprise" account is an account managed by an administrator that is designed for use by end users within an organization, such as businesses, non-profits, and schools. A "supervised Google Account for users under age 13" is an account created for a minor when they are under the age of 13, which is created and supervised by a parent using Google Family Link.

**Class 1:** All "non-Enterprise" and "non-Unicorn" individuals who, during the period beginning July 1, 2016 and continuing [NOTICE DATE TK], (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running the Android operating system, because of the Firebase Software Development Kit ("SDK") and/or Google Mobile Ads SDK.

**Class 2:** All "non-Enterprise" and "non-Unicorn" individuals who, during the period beginning July 1, 2016 and continuing through [NOTICE DATE TK], (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running a non-Android operating system, because of the Firebase SDK and/or Google Mobile Ads SDK.

- Enterprise and supervised Google Accounts for users under age 13 are not included in the Classes for the legal claims for damages for invasion of privacy and intrusion upon seclusion. Although these accounts may have been eligible to be included in the Classes certified for these legal claims, the Court granted Google's request to exclude Enterprise accounts and supervised Google Accounts for users under age 13 from the invasion of privacy and intrusion upon seclusion

- Classes. Enterprise and supervised Google Accounts for users under age 13 are still included in the Classes certified for violations of the CDAFA.

- Enterprise and supervised Google Accounts for users under age 13 are within all Classes that have been certified to seek changes to Google's practices.

- All users under 18 who fit the above class definitions were ordered to be part of their respective classes and ordered by the Court to receive class notice, as described below.

Email notices

- The Court has ordered that notice be sent to Enterprise accounts that had their WAA and/or sWAA setting turned off from July 1, 2016 to [NOTICE DATE TK] to inform them of their "change in status"—i.e., that they are no longer members of the class for all claims but may still be eligible for damages recovery for one claim, and injunctive relief for all claims.

- On or around [NOTICE DATE TK], Google will provide the court-appointed Class Notice Administrator (Epiq) with the names and email addresses of End Users if Google's records indicate that they may be Class Members. The Class Notice Administrator, will be sending notice by email starting [NOTICE DATE TK] to all End User Accounts that had their WAA and/or sWAA setting turned off from July 1, 2016 to [NOTICE DATE TK] regardless of who turned off the setting (either, End User or Administrator) using information provided by Google and designated by Google as Highly Confidential - Attorneys' Eyes Only under the court approved Protective Order in this case.

- Epiq will be allowed to share limited information, including information pertaining to individual Class Members, with Plaintiffs' lawyers ("Class Counsel") but only subject to appropriate steps to maintain the security of that data (such as remote access to Class Counsel without transferring the table). Class Counsel may seek access to this information, for example, in the event they receive inquiries from potential Class Members. The information will remain stored and secured by Epiq, and Class Counsel will not print or transfer copies of the list or portions of it (electronic or otherwise), outside of Epiq.

Next steps

- Please consider and satisfy any obligations that you may have under the Google Workspace Terms of Service in light of this notice—i.e., please prepare to receive and/or distribute notice as you would for any other legal notice and/or update.

- The Email Notice sent to Class Members will provide a contact number and additional resources for you and your End Users to request and receive additional information about whether any of your End Users qualify as Class Members.

Additional information

If you have any questions or need additional information, please visit www.xxxxxxxxx.com.

# EXHIBIT B

Workspace Administrator,

You are receiving this email because a federal court recently ordered that notice be sent to all Enterprise Dasher account holders (i.e., End Users) who may be class members in a class action filed against Google in July 2020 titled, *Rodriguez et al., v. Google LLC* pending in the United States District Court for the Northern District of California, Case No. 3:20-cv-04688-RS.

~~We are still finalizing the details~~Details of when notice will be distributed to End Users are being finalized but, for now, we know that they will be sent to your End Users by email and wanted to keep you apprised and ask that you consider and satisfy any obligations that you may have under the Google Workspace Terms of Service, including those outlined in Sections 3 and 7 as a result of this notice. Please find attached a list of email addresses of all the Workspace End Users in your organization who will be sent a class notification email. We are sending this notice consistent with our obligations under these Terms~~.~~, the Court's orders regarding class notice, and standard class notification practices. More detail about the case, email notices, and proposed next steps are provided for you below.

Case overview

- Four Google account holders ("Plaintiffs") filed a class action lawsuit against Google LLC ("Google") alleging that Google unlawfully accessed their devices and data from non-Google mobile apps, even though Web & App Activity ("WAA") and/or supplemental Web & App Activity ("sWAA") were turned off or "paused."

- Plaintiffs allege Google unlawfully accessed their mobile devices to collect, save, and use data concerning their activity on non-Google apps that have incorporated certain Google software code into the apps while WAA and/or sWAA were turned off or "paused."

- Plaintiffs assert three legal claims against Google: 1) invasion of privacy; 2) intrusion upon seclusion (similar to invasion of privacy); and 3) violation of the Comprehensive Computer Data Access and Fraud Act ("CDAFA"). For all three legal claims Plaintiffs seek money damages and changes to Google's practices.

- Activity data generated by end users using Google Workspace apps or services is not at issue in this case, but Workspace end users are class members if they fit the class definitions, including, e.g., because they used non-Google apps while signed into their Workspace accounts.

Google denies Plaintiffs' legal claims and does not admit to any wrongdoing. The Court has not decided who is right.

Who is in the class?

- The Court certified four classes to assert claims for damages, defined as:

**Comprehensive Computer Data Access and Fraud Act ("CDAFA")**

For the alleged violation of the CDAFA, the Court certified the following classes:

<u>Class 1:</u> All individuals who, during the period beginning July 1, 2016 and continuing through [NOTICE DATE TK], (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running the Android operating system, because of the Firebase Software Development Kit ("SDK") and/or Google Mobile Ads SDK.

<u>Class 2:</u> All individuals who, during the period beginning July 1, 2016 and continuing through [NOTICE DATE TK], (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running a ~~nonAndroid~~non-Android operating system, because of the Firebase SDK and/or Google Mobile Ads SDK.

**Invasion of Privacy and Intrusion Upon Seclusion**

For the alleged invasion of privacy and intrusion upon seclusion legal claims, the Court certified the same Class 1 and Class 2 but <u>excluded</u> individuals who only have an "Enterprise" account or "supervised Google Account for users under age 13" (also known as a "Unicorn" account). An "Enterprise" account is an account managed by an administrator that is designed for use by end users within an organization, such as businesses, non-profits, and schools. A "supervised Google Account for users under age 13" is an account created for a minor when they are under the age of 13, which is created and supervised by a parent using Google Family Link.

<u>Class 1:</u> All "non-Enterprise" and "non-Unicorn" individuals who, during the period beginning July 1, 2016 and continuing [NOTICE DATE TK], (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running the Android operating system, because of the Firebase Software Development Kit ("SDK") and/or Google Mobile Ads SDK.

> **Class 2:** All "non-Enterprise" and "non-Unicorn" individuals who, during the period beginning July 1, 2016 and continuing through [NOTICE DATE TK], (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running a non-Android operating system, because of the Firebase SDK and/or Google Mobile Ads SDK.

- Enterprise and supervised Google Accounts for users under age 13 are not included in the Classes for the legal claims for damages for invasion of privacy and intrusion upon seclusion. Although these accounts may have been eligible to be included in the Classes certified for these legal claims, the Court granted Google's request to exclude Enterprise accounts and supervised Google Accounts for users under age 13 from the invasion of privacy and intrusion upon seclusion Classes. Enterprise and supervised Google
  - Accounts for users under age 13 are still included in the Classes certified for violations of the CDAFA.

  - Enterprise and supervised Google Accounts for users under age 13 are within all Classes that have been certified to seek changes to Google's practices.

  - All users under 18 who fit the above class definitions were ordered to be part of their respective classes and ordered by the Court to receive class notice, as described below.

Email notices

- The Court has ordered that notice be sent to Enterprise accounts that had their WAA and/or sWAA setting turned off from July 1, 2016 to [NOTICE DATE TK] to inform them of their "change in status"—i.e., that they are no longer members of the class for all claims but may still be eligible for damages recovery for one claim, and injunctive relief for all claims.

- On or around [NOTICE DATE TK], Google will provide the court-appointed Class Notice Administrator (Epiq) with the names and email addresses of End Users if
  - Google's records indicate that they may be Class Members. The Class Notice Administrator, will be sending notice by email starting [~~30 days from when the Court approves the parties' proposed notice plan~~NOTICE DATE TK] to all End User Accounts that had their WAA and/or sWAA setting turned off from July 1, 2016 to [NOTICE DATE TK] regardless of who turned off the setting (either, End User or Administrator) using information provided by Google and designated by Google as Highly Confidential - Attorneys' Eyes Only under the court approved Protective Order in this case.

- Epiq will be allowed to share limited information, including information pertaining to individual Class Members, with Plaintiffs' lawyers ("Class Counsel") but only subject to appropriate steps to maintain the security of that data (such as remote access to Class Counsel without transferring the table). Class Counsel may seek access to this information, for example, in the event they receive inquiries from potential Class Members. The information will remain stored and secured by Epiq, and Class Counsel will not print or transfer copies of the list or portions of it (electronic or otherwise), outside of Epiq.

Next steps

- Please consider and satisfy any obligations that you may have under the Google Workspace Terms of Service in light of this notice—i.e., please prepare to receive and/or distribute notice as you would for any other legal notice and/or update.

- The Email Notice sent to Class Members will provide a contact number and additional resources for you and your End Users to request and receive additional information about whether any of your End Users qualify as Class Members.

Additional information

If you have any questions or need additional information, please visit www.xxxxxxxxxx.com ~~or call toll-free at 1-xxx-xxx-xxxx.~~ .