# Exhibit 4

**WILLKIE FARR & GALLAGHER LLP**
Benedict Y. Hur (SBN: 224018)
Simona Agnolucci (SBN: 246943)
Eduardo Santacana (SBN: 281668)
Amanda Maya (SBN: 324092)
One Front Street, 34th Floor
San Francisco, CA 94111
Telephone:  (415) 858-7400
Facsimile:  (415) 858-7599
bhur@willkie.com
sagnolucci@willkie.com
esantacana@willkie.com
amaya@willkie.com

Attorneys for
GOOGLE LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO

| | |
|---|---|
| ANIBAL RODRIGUEZ AND JULIEANNA MUNIZ, individually and on behalf of all other similarly situate<br><br>Plaintiff<br><br>vs<br><br>GOOGLE LLC, *et al.*<br><br>Defendant. | Case No.  3:20-CV-04688<br><br>**DEFENDANT GOOGLE LLC'S RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE**<br><br>Judge:  Hon. Richard Seeborg<br>Courtroom:  3, 17th Floor<br>Action Filed:  July 14, 2020<br>Trial Date:  Not Set |

PROPOUNDING PARTY:    PLAINTIFFS ANIBAL RODRIGUEZ AND JULIEANNA MUNIZ

RESPONDING PARTY:    DEFENDANT GOOGLE LLC

SET NO.:    THREE

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Federal Rules") and the

Civil Local Rules of the United States District Court for the Central District of California ("Local

Rules"), Defendant Google LLC ("Defendant" or "Google") hereby submits these objections and

responses to Plaintiffs Anibal Rodriguez, JulieAnna Muniz, Eliza Cambay, Sal Cataldo, Emir

Goenaga, Julian Santiago, Harold Nyanjom, Kellie Nyanjom, and Susan Lynn Harvey ("Plaintiffs")

Third Set of Request for Production of Documents (each a "Request" and collectively the "Requests"), served on Defendant on December 22, 2020.

**PRELIMINARY STATEMENT GENERAL OBJECTIONS**

1.      Each of Google's responses is subject to, and incorporates, the following general statement and objections. Google specifically incorporates each of these general objections into its responses to each of Plaintiffs' Requests, whether or not each such general objection is expressly referred to in Google's responses to a specific request.

2.      An agreement to produce responsive documents or things in the responses below means only that Google will produce relevant and responsive non-privileged documents or things within its possession, custody or control that it identifies after a reasonable search and diligent inquiry, and is not a representation that any such documents or things exist.

3.      Google objects to the instructions, definitions, and Requests to the extent that they are broader than, or attempt to impose conditions, obligations, or duties beyond those required by the Federal Rules and/or the Local Rules. Google's responses will be provided in accordance with the Federal Rules and the Local Rules.  Google further objects that these requests are overly burdensome given the procedural posture of this case.  Google's Motion to Dismiss is set to be heard on March 4, 2020, yet Plaintiffs seek even more discovery than they could otherwise obtain if the pleadings were settled.

4.      Google objects to any Request to the extent that it seeks information, documents or things protected from discovery by: (a) the attorney-client privilege; (b) the attorney work-product doctrine; (c) the common-interest and joint-defense doctrines; and/or (d) any other applicable privilege, doctrine, immunity or protection from disclosure afforded by state or federal law. The inadvertent production by Google of information protected from disclosure by any privilege or doctrine shall not constitute a waiver by Google of such protections.

5.      Google objects to any Request to the extent that it is overbroad, unduly burdensome, compound, and/or oppressive, or purports to impose upon Google any duty or obligation that is inconsistent with or in excess of those obligations that are imposed by the Federal Rules, the Local Rules, or any other applicable rule or Court order. In particular, Google objects to any Request to

the extent that it calls for information not relevant to the claims or defenses of the parties, or proportional to the needs of this case.

6.    Google objects to each Request to the extent it is vague, ambiguous, overly broad, or unduly burdensome as to timeframe.

7.    Google objects to the instructions, definitions, and Requests to the extent they seek or purport to require the identification of "any," "all," "each," or "every" document, communication, person, entity, or other thing regarding or relating to a particular subject matter, as unduly burdensome, overbroad, and not proportional to the needs of the Action.

8.    Google objects to any request to the extent that it seeks the premature disclosure of expert opinions or analysis. Google will disclose its experts' opinions and analyses in accordance with the Federal Rules, Local Rules, and the scheduling order that the Court will set forth.

9.    Google objects to any Request to the extent that it purports to attribute any special or unusual meaning to any term or phrase.

10.    Google objects to any instruction or Request to the extent that it would impose a duty on Google to undertake a search for, or an evaluation of, information, documents, or things for which Plaintiff is equally able to search for and evaluate, including documents that are publicly available, in the possession of third parties, and/or are already in the possession of Plaintiff.

11.    Subject to the objections stated in these responses, and to the extent that Google has agreed to produce responsive documents or things, Google will produce such documents or things, to the extent they exist and are identified after a reasonable and diligent search, at a date and location to be agreed upon by counsel and in accordance with the scheduling order in this Action.

12.    Google objects to any instruction or Request as unduly burdensome and oppressive to the extent that it seeks documents or things which Google does not track and prepare in the regular course of business. An agreement by Google to produce a document or things for purposes of this Action does not waive this objection.

13.    Google objects to the Requests to the extent they seek confidential, proprietary, or trade secret information of third parties.

14.    Google's objections and responses to these Requests are not intended to waive or prejudice any objections Google may assert now or in the future, including, without limitation, objections as to the relevance of the subject matter of any Request, or as to the admissibility of any information or category of information at trial or in any other proceedings. Google expressly reserves any and all rights and privileges under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules, and any other applicable laws or rules, and the failure to assert such rights and privileges or the inadvertent disclosure by Google of information protected by such rights and privileges shall not constitute a waiver thereof, either with respect to these responses or with respect to any future discovery responses or objections.

15.    Google objects to these Requests to the extent that they require Google to search, review, and produce emails or other electronic documents outside the scope of the Federal Rules or any other relevant rules or Court orders.

16.    Google objects to Plaintiff's "Definitions" and to any Request to the extent they purport to give meaning or legal significance to a document, fact, or purported fact whose meaning or significance is subject to dispute between the parties. Google's responses to each of Plaintiff's Requests shall not constitute an admission or concession to any of the definitions, terms, and phrases used therein. By responding to any Request, Google does not concede the relevance or admissibility of any of the information provided.

17.    By responding to any Request, Google does not assume the burden of persuasion or burden of production as to any issue therein.

18.    Google has responded to the Requests as it interprets and understands them. If Plaintiffs subsequently asserts an interpretation of any Request that differs from Google's understanding of that Request, Google reserves the right to supplement its objections and/or responses.

19.    Discovery in this matter is ongoing. Accordingly, Google reserves the right to change, amend, or supplement any or all of the matters contained and/or documents produced pursuant to these responses as Google's investigation continues, additional facts are ascertained, analyses are

made, research is completed, and additional documents are subsequently discovered, collected, and/or reviewed.

**OBJECTIONS TO DEFINITIONS**

20.     Google objects to the definitions of "COMMUNICATION," "DOCUMENT," "DOCUMENTS," and "IDENTIFY" to the extent that they purport to include forms of information not discoverable under the Federal Rules, Local Rules, or any other applicable authority. Google further objects to the definitions to the extent they define a category of documents in an overbroad manner and/or requests a production of documents which would be unduly burdensome or disproportionate to the needs of the litigation.

21.     Google objects to the definition of "GOOGLE" as vague and ambiguous. Google construes GOOGLE to mean Google LLC. Google further objects to this definition to the extent that it purports to include forms of information not discoverable under the Federal Rules, the Local Rules, or any other applicable authority. Google also objects to the definition to the extent that it defines a category of documents in an overbroad manner and/or requests a production of documents which would be unduly burdensome or disproportionate to the needs of this Action. Google further objects to the extent it seeks information or refers to documents controlled by individuals who are not parties to this litigation and/or which are not within Google's control.

22.     Google objects to the definition of "YOU" and "YOUR" as vague and ambiguous. Google construes "YOU" and "YOUR" to mean Google LLC. Google further objects to this definition to the extent that it purports to include forms of information not discoverable under the Federal Rules, the Local Rules, or any other applicable authority. Google also objects to the definition to the extent that it defines a category of documents in an overbroad manner and/or requests a production of documents which would be unduly burdensome or disproportionate to the needs of this Action. Google further objects to the extent it seeks information or refers to documents controlled by individuals who are not parties to this litigation and/or which are not within Google's control.

DEFENDANT GOOGLE LLC'S RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE
Case No.  3:20-CV-04688

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 31:**

Documents concerning Google's decision to not make data Google collected while users have Web & App Activity turned off viewable to users through their Google account.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Google incorporates its general responses and objections as set forth above. Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined terms "Google's decision" and "data Google collected;" (iii) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action; (iv) it is unduly burdensome, overboard, and disproportionate to the needs of the Action to the extent that it is unbounded in time and/or seeks documents from a time period unrelated to the operative factual allegations; (v) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; and (vi) it seeks documents that are not in Google's possession, custody, or control.

Subject to and without waiving the foregoing objections, Google invites Plaintiffs to meet and confer concerning whether and to what extent there is an appropriate scope of production that is a subset of this Request.

**REQUEST FOR PRODUCTION NO. 32:**

Google's logs relating to the data it collects directly and indirectly from, about, or on consumers, including while users have Web & App Activity turned off.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Google incorporates its general responses and objections as set forth above. Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to

Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined terms "Google logs" and "it collects directly and indirectly from, about, or on consumers;" (iii) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action; (iv) it is unduly burdensome, overboard, and disproportionate to the needs of the Action to the extent that it is unbounded in time and/or seeks documents from a time period unrelated to the operative factual allegations; (v) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; and (vi) it is duplicative of at least Request Nos. 5-6, 8, 10, 19, and 22. Google has already produced public disclosures during the relevant time period identifying the types of activity Google saves to a user's account when Web & App Activity is turned off versus turned off.

**REQUEST FOR PRODUCTION NO. 33:**

Documents sufficient to show how Google scripts cause apps using Google's Firebase SDK to send information to Google's servers, including when users have Web & App Activity turned off.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Google incorporates its general responses and objections as set forth above. Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined term "Google scripts cause apps;" (iii) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action; and (iv) it is unduly burdensome, overboard, and disproportionate to the needs of the Action to the extent that it is unbounded in time and/or seeks documents from a time period unrelated to the operative factual allegations.

Subject to and without waiving the foregoing objections, Google responds that it will produce documents sufficient to show how app developers can use Google scripts as part of Google Analytics for Firebase to send information to Google's servers.

**REQUEST FOR PRODUCTION NO. 34:**

Google's source code for the Google scripts that cause apps using Google's Firebase SDK to send information to Google's servers, including when users have Web & App Activity turned off.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Google incorporates its general responses and objections as set forth above.  Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined terms "Google scripts that cause apps," "send information to Google's servers," and "Google's Firebase SDK;" (iii) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action; (iv) it is unduly burdensome, overboard, and disproportionate to the needs of the Action to the extent that it is unbounded in time and/or seeks documents from a time period unrelated to the operative factual allegations; (v) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; (vi) it calls for the disclosure of trade secrets or highly confidential and proprietary business information, the disclosure of which threatens to harm Google. Additionally, the production of source code may require a modification of the protective order.

Subject to and without waiving the foregoing objections, Google invites Plaintiffs to meet and confer concerning whether and to what extent there is an appropriate scope of production that is a subset of this Request.

**REQUEST FOR PRODUCTION NO. 35:**

Documents relating to how Google's technologies and services work with the consumer data that Google collects, including data Google collects while consumers have Web & App Activity turned off.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Google incorporates its general responses and objections as set forth above. Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined term "Google's technologies and services work with the consumer data that Google collects;" (iii) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action; (iv) it is unduly burdensome, overboard, and disproportionate to the needs of the Action to the extent that it is unbounded in time and/or seeks documents from a time period unrelated to the operative factual allegations; (v) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; and (vi) it seeks documents that are not in Google's possession, custody, or control.

Subject to and without waiving the foregoing objections, Google invites Plaintiffs to meet and confer concerning whether and to what extent there is an appropriate scope of production that is a subset of this Request.

**REQUEST FOR PRODUCTION NO. 36:**

Documents relating to how Google tracks individual consumers, including their app activity, devices, and locations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Google incorporates its general responses and objections as set forth above. Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to

Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined term "Google tracks individual consumers;" (iii) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action; (iv) it is unduly burdensome, overboard, and disproportionate to the needs of the Action to the extent that it is unbounded in time and/or seeks documents from a time period unrelated to the operative factual allegations; (v) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; and (vi) it seeks documents that are not in Google's possession, custody, or control.

Subject to and without waiving the foregoing objections, Google invites Plaintiffs to meet and confer concerning whether and to what extent there is an appropriate scope of production that is a subset of this Request.

**REQUEST FOR PRODUCTION NO. 37:**

Documents sufficient to identify all apps that during the Class Period have used Google's Firebase SDK, including the dates during which each app used Google's Firebase SDK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Google incorporates its general responses and objections as set forth above.  Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined term "Google's Firebase SDK;" (iii) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; (iv) it seeks documents that are not in Google's possession, custody, or control; and (v) it contains several subparts which constitute a separate Request.

Subject to and without waiving the foregoing objections, Google responds that it has already provided Plaintiffs with information in response to an interrogatory concerning which of

Plaintiffs' alleged apps have used Google Analytics for Firebase. Google invites Plaintiffs to meet and confer concerning whether and to what extent there is an appropriate scope of production that is a subset of this Request.

**REQUEST FOR PRODUCTION NO. 38:**

Documents sufficient to identify all apps from which Google during the Class Period collected data while users had Web & App Activity turned off and the time periods during which Google collected that data from each such app.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Google incorporates its general responses and objections as set forth above. Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined term "Google collected that data;" (iii) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; (iv) it seeks documents that are not in Google's possession, custody, or control; (v) it contains several subparts which constitute a separate Request; and (vi) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claims or defenses in this Action.

Subject to and without waiving the foregoing objections, Google invites Plaintiffs to meet and confer concerning whether and to what extent there is an appropriate scope of production that is a subset of this Request.

**REQUEST FOR PRODUCTION NO. 39:**

Documents concerning the use of Firebase SDK by app developers, including Google's efforts to increase use of Firebase SDK as alleged in paragraph 42 of the First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Google incorporates its general responses and objections as set forth above. Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and

abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to

Dismiss should be propounded judiciously. Google has already provided responses to 41 different

Requests and begun producing responsive documents to the first two sets of Requests for Production

of Documents; (ii) it is vague and ambiguous as to the undefined terms "Concerning the use of

Firebase SDK" and "Google's efforts to increase use of Firebase SDK"; (iii) it seeks documents

protected by the attorney-client privilege and/or the attorney work-product doctrine; (iv) it seeks

documents that are not in Google's possession, custody, or control; (v) it is unduly burdensome,

overbroad, and disproportionate to the needs of the Action to the extent that it is unbounded in time

and/or seeks documents from a time period unrelated to the operative factual allegations; and (vi) it is

overbroad and unduly burdensome and seeks documents that are not relevant to any claims or defenses

in this Action.

Subject to and without waiving the foregoing objections, Google invites Plaintiffs to meet

and confer concerning whether and to what extent there is an appropriate scope of production that

is a subset of this Request.

**REQUEST FOR PRODUCTION NO. 40:**

Google's source code embedded into the code of apps that use Firebase SDK or Google

Analytics for Firebase.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Google incorporates its general responses and objections as set forth above.  Google

further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and

abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to

Dismiss should be propounded judiciously. Google has already provided responses to 41 different

Requests and begun producing responsive documents to the first two sets of Requests for Production

of Documents; (ii) it is vague and ambiguous as to the undefined term "embedded into the code of

apps that use Firebase SDK or Google Analytics for Firebase;" (iii) it is overbroad and unduly

burdensome and seeks documents that are not relevant to any claim or defense in this Action; (iv) it is

unduly burdensome, overboard, and disproportionate to the needs of the Action to the extent that it is

unbounded in time and/or seeks documents from a time period unrelated to the operative factual

allegations; (v) it seeks documents protected by the attorney-client privilege and/or the attorney work-

product doctrine; (vi) it calls for the disclosure of trade secrets or highly confidential and proprietary

business information, the disclosure of which threatens to harm Google.  Additionally, the production

of source code may warrant modifications to the protective order; and (vii) is duplicative of at least

Request No. 34.

Subject to and without waiving the foregoing objections, Google invites Plaintiffs to meet

and confer concerning whether and to what extent there is an appropriate scope of production that

is a subset of this Request.

## REQUEST FOR PRODUCTION NO. 41:

Documents sufficient to show all types and the amount of data collected with Firebase SDK or

Google Analytics for Firebase, including in connection with users' activity while Web & App Activity

is turned off.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

Google incorporates its general responses and objections as set forth above.  Google

further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and

abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to

Dismiss should be propounded judiciously. Google has already provided responses to 41 different

Requests and begun producing responsive documents to the first two sets of Requests for Production

of Documents; (ii) it is vague and ambiguous as to the undefined term "all types and the amount of

data collected with Firebase SDK or Google Analytics for Firebase;" (iii) it is overbroad and unduly

burdensome and seeks documents that are not relevant to any claim or defense in this Action; (iv) it is

unduly burdensome, overboard, and disproportionate to the needs of the Action to the extent that it is

unbounded in time and/or seeks documents from a time period unrelated to the operative factual

allegations; (v) it seeks documents protected by the attorney-client privilege and/or the attorney work-

product doctrine; and (vi) it seeks documents that are not in Google's possession, custody, or control.

Subject to and without waiving the foregoing objections, Google responds that it will produce documents sufficient to show the types of data sent to Google by Google Analytics for Firebase. Google invites Plaintiffs to meet and confer concerning whether and to what extent there is an appropriate scope of production that is a subset of this Request.

**REQUEST FOR PRODUCTION NO. 44:**

Google's source code for Google Analytics for Firebase and Google's various ad properties that run on Google's servers, to assess how Google collects and uses data from users' activity while Web & App Activity is turned off.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Google incorporates its general responses and objections as set forth above.  Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined terms "Google Analytics for Firebase," "various ad properties that run on Google's servers," and "assess how Google collects and uses data;  (iii) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action; (iv) it is unduly burdensome, overboard, and disproportionate to the needs of the Action to the extent that it is unbounded in time and/or seeks documents from a time period unrelated to the operative factual allegations; (v) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; (vi) it is duplicative of at least Request Nos. 34 and 40; and (vii) it calls for the disclosure of trade secrets or highly confidential and proprietary business information, the disclosure of which threatens to harm Google. Additionally, the production of source code will warrant modifications to the protective order.

Subject to and without waiving the foregoing objections, Google invites Plaintiffs to meet and confer concerning whether and to what extent there is an appropriate scope of production that is a subset of this Request.

1

2

3 **REQUEST FOR PRODUCTION NO. 45:**

4     Google's schemas or definition files sufficient to define the data structures used to communicate

5 between client-side scripts and their backends, to assess how Google collects and uses data in connection

6 with users' activity while Web & App Activity is turned off.

7 **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

8     Google incorporates its general responses and objections as set forth above.  Google

9 further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and

10 abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to

11 Dismiss should be propounded judiciously. Google has already provided responses to 41 different

12 Requests and begun producing responsive documents to the first two sets of Requests for Production

13 of Documents; (ii) it is vague and ambiguous as to the undefined terms "Google schemas or definition

14 files," "data structures used to communicate between client-side scripts and their backends," and

15 "assess how Google collects and uses data;"  (iii) it is overbroad and unduly burdensome and seeks

16 documents that are not relevant to any claim or defense in this Action; (iv) it is unduly burdensome,

17 overboard, and disproportionate to the needs of the Action to the extent that it is unbounded in time

18 and/or seeks documents from a time period unrelated to the operative factual allegations; (v) it seeks

19 documents protected by the attorney-client privilege and/or the attorney work-product doctrine; and

20 (vi) it calls for the disclosure of trade secrets or highly confidential and proprietary business

21 information, the disclosure of which threatens to harm Google. Additionally, production of source

22 code will warrant modifications to the protective order.

23     Subject to and without waiving the foregoing objections, Google responds that it will

24 produce documents sufficient to show the types of data sent to Google by Google Analytics for

25 Firebase. Google invites Plaintiffs to meet and confer concerning whether and to what extent there

26 is an appropriate scope of production that is a subset of this Request.

27

28

**REQUEST FOR PRODUCTION NO. 46:**

Documents sufficient to identify all types of profiles created by Google during the Class Period, including profiles containing any data collected in connection with users' activity while Web & App Activity is turned off.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Google incorporates its general responses and objections as set forth above.  Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined term "all types of profiles created by Google;" (iii) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action; (iv) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; and (v) it seeks documents that are not in Google's possession, custody, or control.

Subject to and without waiving the foregoing objections, Google invites Plaintiffs to meet and confer concerning whether and to what extent there is an appropriate scope of production that is a subset of this Request.

**REQUEST FOR PRODUCTION NO. 47:**

Documents sufficient to identify all ways in which Google used profiles during the Class Period, including profiles containing any data collected in connection with users' activity while Web & App Activity is turned off.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Google incorporates its general responses and objections as set forth above.  Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and

abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to

Dismiss should be propounded judiciously. Google has already provided responses to 41 different

Requests and begun producing responsive documents to the first two sets of Requests for Production

of Documents; (ii) it is vague and ambiguous as to the undefined term "all ways in which Google used

profiles;" (iii) it is overbroad and unduly burdensome and seeks documents that are not relevant to any

claim or defense in this Action; (iv) it seeks documents protected by the attorney-client privilege

and/or the attorney work-product doctrine; and (v) it seeks documents that are not in Google's

possession, custody, or control.

Subject to and without waiving the foregoing objections, Google invites Plaintiffs to meet

and confer concerning whether and to what extent there is an appropriate scope of production that

is a subset of this Request.

**REQUEST FOR PRODUCTION NO. 48:**

Documents relating to Google's linking of collected website and app activity to a particular

profile during the Class Period, including instructions, manuals, protocols, or policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Google incorporates its general responses and objections as set forth above.  Google

further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and

abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to

Dismiss should be propounded judiciously. Google has already provided responses to 41 different

Requests and begun producing responsive documents to the first two sets of Requests for Production

of Documents; (ii) it is vague and ambiguous as to the undefined term "Google's linking of collected

website and app activity to a particular profile"; (iii) it is overbroad and unduly burdensome and seeks

documents that are not relevant to any claim or defense in this Action; and (iv) it seeks documents

protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving the foregoing objections, Google invites Plaintiffs to meet

and confer concerning whether and to what extent there is an appropriate scope of production that

is a subset of this Request.

1

2

3     **REQUEST FOR PRODUCTION NO. 49:**

4          Google's compliance and audit documents relating to its efforts or failures to comply with the

5     Google-2011 FTC Consent Decree.

6     **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

7          Google incorporates its general responses and objections as set forth above.  Google

8     further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and

9     abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to

10    Dismiss should be propounded judiciously. Google has already provided responses to 41 different

11    Requests and begun producing responsive documents to the first two sets of Requests for Production

12    of Documents; (ii) it is vague and ambiguous as to the undefined term "Google – 2011 FTC Consent

13    Decree;" (iii) it is overbroad and unduly burdensome and seeks documents that are not relevant to any

14    claim or defense in this Action; and (iv) it seeks documents protected by the attorney-client privilege

15    and/or the attorney work-product doctrine.

16    **REQUEST FOR PRODUCTION NO. 50:**

17         Documents relating to how Google attempted to comply or complied with the California

18    Consumer Privacy Act (CCPA), Europe's General Data Privacy Regulation (GDPR), and any other

19    similar legislation.

20    **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

21         Google incorporates its general responses and objections as set forth above.  Google

22    further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and

23    abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to

24    Dismiss should be propounded judiciously. Google has already provided responses to 41 different

25    Requests and begun producing responsive documents to the first two sets of Requests for Production

26    of Documents; (ii) it is vague and ambiguous as to the undefined term "and any other similar

27    legislation;"  (iii) it is overbroad and unduly burdensome and seeks documents that are not relevant to

28

DEFENDANT GOOGLE LLC'S RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF
DOCUMENTS, SET THREE
Case No.  3:20-CV-04688

any claim or defense in this Action; (iv) it is unduly burdensome, overboard, and disproportionate to the needs of the Action to the extent that it is unbounded in time and/or seeks documents from a time period unrelated to the operative factual allegations; (v) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; and (vi) it seeks documents that are not in Google's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 51:**

Documents relating to how Google lobbied for or against bills and proposed laws in the United States similar to or based on the California Consumer Privacy Act or the California Privacy Rights Act.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Google incorporates its general responses and objections as set forth above. Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined term "proposed laws in the United States similar to or based on;" (iii) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action; (iv) it is unduly burdensome, overboard, and disproportionate to the needs of the Action to the extent that it is unbounded in time and/or seeks documents from a time period unrelated to the operative factual allegations; (v) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; and (vi) it seeks documents that are not in Google's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 52:**

Source code for Web & App Activity, including documents sufficient to identify changes to that source code since Google first added Web & App Activity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Google incorporates its general responses and objections as set forth above. Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and

abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined term "identify changes to that source code;" (iii) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action; (iv) it is unduly burdensome, overboard, and disproportionate to the needs of the Action to the extent that it is unbounded in time and/or seeks documents from a time period unrelated to the operative factual allegations; (v) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; (vi) it is duplicative of at least Request Nos. 34, 40, and 44;  and (vii) it calls for the disclosure of trade secrets or highly confidential and proprietary business information, the disclosure of which threatens to harm Google.  Additionally, production of source code will warrant modifications to the protective order.

Subject to and without waiving the foregoing objections, Google invites Plaintiffs to meet and confer concerning whether and to what extent there is an appropriate scope of production that is a subset of this Request.

**REQUEST FOR PRODUCTION NO. 53:**

Source code for the Firebase SDK, including documents sufficient to identify changes to that source code since Google first made the Firebase SDK available.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Google incorporates its general responses and objections as set forth above.  Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined terms "identify changes to that source code" and "Firebase SDK;"  (iii) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action; (iv) it is unduly burdensome, overboard,

1   and disproportionate to the needs of the Action to the extent that it is unbounded in time and/or seeks

2   documents from a time period unrelated to the operative factual allegations; (v) it seeks documents

3   protected by the attorney-client privilege and/or the attorney work-product doctrine; (vi) it is

4   duplicative of at least Request Nos. 34, 40, 44, and 52;  and (vii) it calls for the disclosure of trade

5   secrets or highly confidential and proprietary business information, the disclosure of which threatens

6   to harm Google. Additionally, production of source code will warrant modifications to the protective

7   order.

8          Subject to and without waiving the foregoing objections, Google invites Plaintiffs to meet

9   and confer concerning whether and to what extent there is an appropriate scope of production that

10  is a subset of this Request.

11  **REQUEST FOR PRODUCTION NO. 54:**

12          Documents going back to January 1, 2009 concerning any efforts by any third parties (including

13  app developers and competitors such as Apple) to limit Google's tracking or data collection in any way,

14  including the actual, potential, or anticipated impact on Google.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

16          Google incorporates its general responses and objections as set forth above.  Google

17  further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and

18  abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to

19  Dismiss should be propounded judiciously. Google has already provided responses to 41 different

20  Requests and begun producing responsive documents to the first two sets of Requests for Production

21  of Documents; (ii) it is vague and ambiguous as to the undefined terms "any efforts by third parties,"

22  and "limit Google's tracking or data collection;" (iii) it is overbroad and unduly burdensome and seeks

23  documents that are not relevant to any claim or defense in this Action; (iv) it seeks documents

24  protected by the attorney-client privilege and/or the attorney work-product doctrine; and (v) it calls for

25  documents that are not in Google's possession, custody, or control.

26  **REQUEST FOR PRODUCTION NO. 55:**

27

28

Documents concerning all changes made by Google since January 1, 2009 to its data collection practices while users have Web & App Activity turned off.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Google incorporates its general responses and objections as set forth above.  Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined term "all changes made by Google since January 1, 2009 to its data collection practices;" (iii) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action; (iv) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; and (v) it calls for documents that are not in Google's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 58:**

Documents sufficient to show all Google revenues and profits from Google's collection of data while users have Web & App Activity turned off, during the Class Period, broken down by month.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Google incorporates its general responses and objections as set forth above.  Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined term "Google's collection of data"; (iii) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action; (iv) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; and (v) it calls for documents that are not in Google's possession, custody, or control.

DEFENDANT GOOGLE LLC'S RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE
Case No.  3:20-CV-04688

1    **REQUEST FOR PRODUCTION NO. 59:**

2        Google's sales documents relating to its profits from Google Analytics or Google Ad Manager

3    (and legacy products that were eventually merged into Google Analytics or Google Ad Manager) that

4    relate to how Google profited as alleged in the First Amended Complaint.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

6        Google incorporates its general responses and objections as set forth above.  Google

7    further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and

8    abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to

9    Dismiss should be propounded judiciously. Google has already provided responses to 41 different

10   Requests and begun producing responsive documents to the first two sets of Requests for Production

11   of Documents; (ii) it is vague and ambiguous as to the undefined term "Google's sales documents

12   relating to its profits;" (iii) it is overbroad and unduly burdensome and seeks documents that are not

13   relevant to any claim or defense in this Action; (iv) it is unduly burdensome, overboard, and

14   disproportionate to the needs of the Action to the extent that it is unbounded in time and/or seeks

15   documents from a time period unrelated to the operative factual allegations; (v) it seeks documents

16   protected by the attorney-client privilege and/or the attorney work-product doctrine; and (vi) it calls

17   for the production of documents that are not in Google's possession, custody, or control.

18   **REQUEST FOR PRODUCTION NO. 60:**

19       Google's documents showing how Google improved its Google products and services

20   (including but not limited to Search, Google Analytics, and Google Ad Manager) based on data Google

21   obtained and currently obtains while users have Web & App Activity turned off.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

23       Google incorporates its general responses and objections as set forth above.  Google

24   further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and

25   abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to

26   Dismiss should be propounded judiciously. Google has already provided responses to 41 different

27   Requests and begun producing responsive documents to the first two sets of Requests for Production

28

DEFENDANT GOOGLE LLC'S RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF
DOCUMENTS, SET THREE
Case No.  3:20-CV-04688

of Documents; (ii) it is vague and ambiguous as to the undefined terms "how Google improved its Google products and services" and "data Google obtained and currently obtains";  (iii) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action; (iv) it is unduly burdensome, overboard, and disproportionate to the needs of the Action to the extent that it is unbounded in time and/or seeks documents from a time period unrelated to the operative factual allegations; and (v) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving the foregoing objections, Google invites Plaintiffs to meet and confer concerning whether and to what extent there is an appropriate scope of production that is a subset of this Request.

## REQUEST FOR PRODUCTION NO. 61:

Documents concerning all ways in which Google has benefited from the conduct alleged in this lawsuit, including without limitation advertising revenues, impact on Google's market power, and improvement or development of additional Google services or products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 61:

Google incorporates its general responses and objections as set forth above.  Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined terms "all ways in which Google has benefited from the conduct," "without limitation advertising revenues," and "impact on Google's market power, and improvement or development of additional Google services or products;"  (iii) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action; (iv) it is unduly burdensome, overboard, and disproportionate to the needs of the Action to the extent that it is unbounded in time and/or seeks documents from a time period unrelated to the operative factual allegations; (v) it seeks documents protected by the attorney-client privilege and/or

DEFENDANT GOOGLE LLC'S RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE
Case No.  3:20-CV-04688

the attorney work-product doctrine; and (vi) it seeks the production of documents that are not in Google's possession, custody, or control.

Subject to and without waiving the foregoing objections, Google invites Plaintiffs to meet and confer concerning whether and to what extent there is an appropriate scope of production that is a subset of this Request.

**REQUEST FOR PRODUCTION NO. 63:**

Documents concerning the Google 10-K representations quoted in paragraphs 166 through 168 of the First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Google incorporates its general responses and objections as set forth above. Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined term "Google 10-K representations;" (iii) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action; (iv) it is unduly burdensome, overboard, and disproportionate to the needs of the Action to the extent that it is unbounded in time and/or seeks documents from a time period unrelated to the operative factual allegations; (v) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; and (vi) it seeks the production of documents that are not in Google's possession, custody, or control.

Subject to and without waiving the foregoing objections, Google invites Plaintiffs to meet and confer concerning whether and to what extent there is an appropriate scope of production that is a subset of this Request.

**REQUEST FOR PRODUCTION NO. 64:**

Documents concerning the Android contractual terms and proceedings that led to the publication of the report referenced in paragraph 171 of the First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Google incorporates its general responses and objections as set forth above.  Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined term "Android contractual terms and proceedings;"  (iii) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action; (iv) it is unduly burdensome, overboard, and disproportionate to the needs of the Action to the extent that it is unbounded in time and/or seeks documents from a time period unrelated to the operative factual allegations; (v) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; and (vi) it seeks the production of documents that are not in Google's possession, custody, or control.

Subject to and without waiving the foregoing objections, Google invites Plaintiffs to meet and confer concerning whether and to what extent there is an appropriate scope of production that is a subset of this Request.

**REQUEST FOR PRODUCTION NO. 65:**

Documents concerning "on-device search," as referenced in paragraph 129 of the First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Google incorporates its general responses and objections as set forth above.  Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined term "on-device search";  (iii) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claim or defense

in this Action; (iv) it is unduly burdensome, overboard, and disproportionate to the needs of the Action to the extent that it is unbounded in time and/or seeks documents from a time period unrelated to the operative factual allegations; (v) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; and (vi) it seeks the production of documents that are not in Google's possession, custody, or control.

Subject to and without waiving the foregoing objections, Google invites Plaintiffs to meet and confer concerning whether and to what extent there is an appropriate scope of production that is a subset of this Request.

**REQUEST FOR PRODUCTION NO. 69:**

Documents sufficient to identify, by month during the Class Period, the number of users for which Google collected data while users had Web & App Activity turned off.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Google incorporates its general responses and objections as set forth above.  Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined term "Google collected data";  (iii) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action; (iv) it is unduly burdensome, overboard, and disproportionate to the needs of the Action to the extent that it is unbounded in time and/or seeks documents from a time period unrelated to the operative factual allegations; (v) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; (vi) it seeks the production of documents that are not in Google's possession, custody, or control; (vii) it is duplicative of at least Request Nos. 32 and 67; and (viii) this Request is premature because a class has not been certified in this Action.

Subject to and without waiving the foregoing objections, Google invites Plaintiffs to meet and confer concerning whether and to what extent there is an appropriate scope of production that is a subset of this Request.

**REQUEST FOR PRODUCTION NO. 70:**

Documents sufficient to identify the number of times, by month during the Class Period, Google collected data while users had Web & App Activity turned off.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Google incorporates its general responses and objections as set forth above. Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined term "Google collected data"; (iii) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action; (iv) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; (v) it seeks the production of documents that are not in Google's possession, custody, or control; and (vi) it is duplicative of at least Request Nos. 32, 67, and 69.

Subject to and without waiving the foregoing objections, Google invites Plaintiffs to meet and confer concerning whether and to what extent there is an appropriate scope of production that is a subset of this Request.

**REQUEST FOR PRODUCTION NO. 71:**

For each Google service and/or product that incorporates or utilizes the class members' data (e.g., Google AdWords, Google AdSense, Google Analytics):

    a.    Documents sufficient to determine each such service and/or product.

    b.    Documents sufficient to determine how Google prices all such products and/or services.

    c.    Documents sufficient to determine how Google generates revenues, cost savings, and/or profit from such products and/or services.

d.      Documents sufficient to understand how Google uses the class members' data to increase the prices, revenues, and/or profits associated with each such product and/or service (e.g., premium pricing for targeted versus non-targeted advertising).

e.      Documents sufficient to determine the incremental prices, revenues, market share, and/or profits generated by such products and/or services as a result of the class members' data.

f.      Documents sufficient to determine the drivers of customer demand for such products and/or services, their success in the marketplace, and their perceived advantages versus any competitive products and/or services.

g.      Documents concerning the types of customers (by industry, region, etc.) for such products and/or services and the value they place on the class members' data.

h.      Planning documents (e.g., business plans, technical architecture documents, marketing plans, sales plans, capital expenditure plans) related to such products and/or services.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 71:

Google incorporates its general responses and objections as set forth above.  Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined terms "[f]or each Google service and/or product that incorporates or utilizes the class members' data" and "how Google uses the class members' data to increase the prices, revenue, and/or profits;" (iii) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action; (iv) it is unduly burdensome, overboard, and disproportionate to the needs of the Action to the extent that it is unbounded in time and/or seeks documents from a time period unrelated to the operative factual allegations; (v) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; (vi) it seeks the production of documents that are not in Google's possession, custody, or control; (vii) it contains several subparts which constitute a separate Request; (viii) this

1   Request is premature because a class has not been certified in this Action; and (iv) it calls for the

2   disclosure of trade secrets or highly confidential and proprietary business information, the disclosure

3   of which threatens to harm Google.

4       Subject to and without waiving the foregoing objections, Google invites Plaintiffs to meet

5   and confer concerning whether and to what extent there is an appropriate scope of production that

6   is a subset of this Request.

7   **REQUEST FOR PRODUCTION NO. 72:**

8       Documents pertaining to the value of user data during the Class Period, including:

9       a.     Any Google estimates of the value of its user data either generally or to any products

10             and/or services.

11      b.     Any third party estimates of the value of Google's or any other entities' user data either

12             generally or to any products and/or service.

13      c.     Any estimate of the relationship, if any, between the value of incremental data on a given

14             user and the amount of data already collected on that user (i.e., the diminishing marginal

15             return on data), either generally or to any products and/or services.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

17      Google incorporates its general responses and objections as set forth above.  Google

18  further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and

19  abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to

20  Dismiss should be propounded judiciously. Google has already provided responses to 41 different

21  Requests and begun producing responsive documents to the first two sets of Requests for Production

22  of Documents; (ii) it is vague and ambiguous as to the undefined terms "value of user data," "between

23  the value of incremental data on a given user and the amount of data already collected on that user,"

24  and "estimate of the relationship;"  (iii) it is overbroad and unduly burdensome and seeks documents

25  that are not relevant to any claim or defense in this Action; (iv) it seeks documents protected by the

26  attorney-client privilege and/or the attorney work-product doctrine; (v) it seeks the production of

27  documents that are not in Google's possession, custody, or control; (vi) it contains several subparts

28

which constitute a separate Request; and (vii) it calls for the disclosure of trade secrets or highly

confidential and proprietary business information, the disclosure of which threatens to harm Google.

Subject to and without waiving the foregoing objections, Google invites Plaintiffs to meet

and confer concerning whether and to what extent there is an appropriate scope of production that

is a subset of this Request.

**REQUEST FOR PRODUCTION NO. 73:**

Documents pertaining to Google's purchase or sale of user data from any third party, including

documents sufficient to determine the types of data transacted, the price paid/received for the data,

and/or any other relevant terms of the transaction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Google incorporates its general responses and objections as set forth above.  Google

further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and

abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to

Dismiss should be propounded judiciously. Google has already provided responses to 41 different

Requests and begun producing responsive documents to the first two sets of Requests for Production

of Documents; (ii) it is vague and ambiguous as to the undefined term "Google's purchase or sale of

user data from any third party;"  (iii) it is overbroad and unduly burdensome and seeks documents that

are not relevant to any claim or defense in this Action; (iv) it seeks documents protected by the

attorney-client privilege and/or the attorney work-product doctrine; (v) it seeks the production of

documents that are not in Google's possession, custody, or control; and (vi) it is unduly burdensome,

overboard, and disproportionate to the needs of the Action to the extent that it is unbounded in time

and/or seeks documents from a time period unrelated to the operative factual allegations.

Subject to and without waiving the foregoing objections, Google invites Plaintiffs to meet

and confer concerning whether and to what extent there is an appropriate scope of production that

is a subset of this Request.

**REQUEST FOR PRODUCTION NO. 74:**

Documents pertaining to Google's purchases or sales of entities (e.g., companies, divisions, business groups) in which user data constituted a material portion of the assets transacted, including documents sufficient to determine the portion of the price paid/received attributable to the user data and all relevant terms of the transaction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Google incorporates its general responses and objections as set forth above. Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined terms "Google's purchase or sale of entities" and "user data constituted a material portion of the assets transacted;" (iii) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action; (iv) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; (v) it seeks the production of documents that are not in Google's possession, custody, or control; and (vi) it is unduly burdensome, overboard, and disproportionate to the needs of the Action to the extent that it is unbounded in time and/or seeks documents from a time period unrelated to the operative factual allegations.

Subject to and without waiving the foregoing objections, Google invites Plaintiffs to meet and confer concerning whether and to what extent there is an appropriate scope of production that is a subset of this Request.

**REQUEST FOR PRODUCTION NO. 75:**

Periodic financial statements adequate to determine the following for each of the Google product and/or service that incorporates or utilizes the class members' data:

a.     Revenue;

b.     Cost of Goods Sold;

c.     Operating Expenses;

d.    Variable Expenses;

e.    Fixed Expenses; and

f.    Profit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Google incorporates its general responses and objections as set forth above.  Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined term "periodic financial statements adequate to determine;" (iii) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action; (iv) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; (v) it seeks the production of documents that are not in Google's possession, custody, or control; (vi) it contains several subparts which constitute a separate Request; (vii) it calls for the disclosure of trade secrets or highly confidential and proprietary business information, the disclosure of which threatens to harm Google; and (viii) this Request is premature because a class has not been certified in this Action.

Subject to and without waiving the foregoing objections, Google invites Plaintiffs to meet and confer concerning whether and to what extent there is an appropriate scope of production that is a subset of this Request.

**REQUEST FOR PRODUCTION NO. 76:**

All planning documents (e.g., business plans, technical architecture documents, marketing plans, sales plans, capital expenditure plans) related to Google's collection and/or use of class member data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Google incorporates its general responses and objections as set forth above.  Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to

Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined terms "all planning documents," "Google's collection and/or use of class member data," and "technical architecture documents;" (iii) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action; (iv) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; (v) it calls for the disclosure of trade secrets or highly confidential and proprietary business information, the disclosure of which threatens to harm Google; (vi) it is unduly burdensome, overboard, and disproportionate to the needs of the Action to the extent that it is unbounded in time and/or seeks documents from a time period unrelated to the operative factual allegations; and (vii) this Request is premature because a class has not been certified in this Action.

Subject to and without waiving the foregoing objections, Google invites Plaintiffs to meet and confer concerning whether and to what extent there is an appropriate scope of production that is a subset of this Request.

**REQUEST FOR PRODUCTION NO. 77:**

Documents, studies, reports, and articles that describe or pertain to the market for user data, including class member data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Google incorporates its general responses and objections as set forth above. Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined term "that describe or pertain to the market for user data;" (iii) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action; (iv) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; (v) it is unduly burdensome, overboard, and

disproportionate to the needs of the Action to the extent that it is unbounded in time and/or seeks documents from a time period unrelated to the operative factual allegations; and (vi) it seeks the production of documents that are not in Google's possession, custody, or control.

Subject to and without waiving the foregoing objections, Google invites Plaintiffs to meet and confer concerning whether and to what extent there is an appropriate scope of production that is a subset of this Request.

**REQUEST FOR PRODUCTION NO. 78:**

Documents sufficient to understand how Google determines compensation for tracking user's data related to but not limited to how Google determines compensation for participants in the "Google Screenwise Trends" program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Google incorporates its general responses and objections as set forth above. Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined terms "Google determine compensation for tracking user's data" and "Google Screenwise Trends program;" (iii) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action; (iv) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; (v) it is unduly burdensome, overboard, and disproportionate to the needs of the Action to the extent that it is unbounded in time and/or seeks documents from a time period unrelated to the operative factual allegations; and (vi) it seeks the production of documents that are not in Google's possession, custody, or control.

Subject to and without waiving the foregoing objections, Google invites Plaintiffs to meet and confer concerning whether and to what extent there is an appropriate scope of production that is a subset of this Request.

DEFENDANT GOOGLE LLC'S RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE
Case No. 3:20-CV-04688

**REQUEST FOR PRODUCTION NO. 79:**

Documents concerning any valuation of user data, including data Google collected while users had Web & App Activity turned off.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Google incorporates its general responses and objections as set forth above. Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined term "valuation of user data"; (iii) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action; (iv) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; (v) it is unduly burdensome, overboard, and disproportionate to the needs of the Action to the extent that it is unbounded in time and/or seeks documents from a time period unrelated to the operative factual allegations; (vi) it seeks the production of documents that are not in Google's possession, custody, or control; and (vii) it is duplicative of at least Request No. 72.

Subject to and without waiving the foregoing objections, Google invites Plaintiffs to meet and confer concerning whether and to what extent there is an appropriate scope of production that is a subset of this Request.

**REQUEST FOR PRODUCTION NO. 80:**

Documents concerning the prices charged by Google during the Class Period in connection with its advertising services, including higher prices Google charged using the data Google collected while users had Web & App Activity turned off.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Google incorporates its general responses and objections as set forth above. Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to

Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined terms "data Google collected" and "including higher prices Google charged using the data Google collected;" (iii) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action; (iv) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; and (v) it seeks the production of documents that are not in Google's possession, custody, or control.

Subject to and without waiving the foregoing objections, Google invites Plaintiffs to meet and confer concerning whether and to what extent there is an appropriate scope of production that is a subset of this Request.

## REQUEST FOR PRODUCTION NO. 82:

Documents concerning Google's market power in search since January 1, 2005, including any impact on that market power based on Google's collection of data while users had Web & App Activity turned off.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 82:

Google incorporates its general responses and objections as set forth above. Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined terms "[d]ocuments concerning Google's market power," "collection of data," and "impact on that market power;" (iii) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action; (iv) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; and (v) it seeks the production of documents that are not in Google's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 83:**

Documents concerning Google's power in the market(s) for internet browsers since January 1, 2005, including any impact on that market power based on Google's collection of data while users had Web & App Activity turned off.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Google incorporates its general responses and objections as set forth above. Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined terms "[d]ocuments concerning Google's market power for internet browsers," "power in the market(s)," and "collection of data;" (iii) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action; (iv) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; and (v) it seeks the production of documents that are not in Google's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 84:**

Documents concerning Google's power in the market(s) for advertising services since January 1, 2005, including any impact on that market power based on Google's collection of data while users had Web & App Activity turned off.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Google incorporates its general responses and objections as set forth above. Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined terms "[d]ocuments concerning

Google's market power for advertising services," "power in the market(s)," and "collection of data;" (iii) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action; (iv) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; and (v) it seeks the production of documents that are not in Google's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 85:**

Documents concerning Google competitors or competing proposals that permit consumers to monetize their data, including Brave, Loginhood, Killi, BIGtoken, Andrew Yang's Data Dividend Project, and Nielsen Company.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Google incorporates its general responses and objections as set forth above.  Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined terms "Brave," "Loginhood," "Killi," "BIGtoken," "Andrew Yang's Data Dividend Project," and "Nielson Company;" (iii) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action; (iv) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; and (v) it seeks the production of documents that are not in Google's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 86:**

Documents sufficient to show all data Google used to target advertisements to Plaintiffs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Google incorporates its general responses and objections as set forth above.  Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to

Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined term "all data Google used to target advertisements to Plaintiffs;" (iii) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action; (iv) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; (v) it is unduly burdensome, overboard, and disproportionate to the needs of the Action to the extent that it is unbounded in time and/or seeks documents from a time period unrelated to the operative factual allegations; and (vi) it seeks the production of documents that are not in Google's possession, custody, or control.

Subject to and without waiving the foregoing objections, Google invites Plaintiffs to meet and confer concerning whether and to what extent there is an appropriate scope of production that is a subset of this Request and in accordance with the Stored Communications Act.

**REQUEST FOR PRODUCTION NO. 88:**

Documents sufficient to show all Google revenues tied to advertising to class members while they had Web & App Activity turned off.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Google incorporates its general responses and objections as set forth above. Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined term "all Google revenues tied to advertising;" (iii) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action; (iv) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; (v) it is unduly burdensome, overboard, and disproportionate to the needs of the Action to the extent that it is unbounded in time and/or seeks documents from a time period unrelated to the operative factual allegations; (vi) it seeks the

production of documents that are not in Google's possession, custody, and control; and (vii) this Request is premature because a class has not been certified in this Action.

Subject to and without waiving the foregoing objections, Google invites Plaintiffs to meet and confer concerning whether and to what extent there is an appropriate scope of production that is a subset of this Request.

**REQUEST FOR PRODUCTION NO. 89:**

Documents concerning any auto-delete functionality or controls concerning user data, including how such functionality impacts data Google collected while users had Web & App Activity turned off.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Google incorporates its general responses and objections as set forth above. Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined term "any auto-delete functionality or controls concerning user data;" (iii) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action; (iv) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; (v) it is unduly burdensome, overboard, and disproportionate to the needs of the Action to the extent that it is unbounded in time and/or seeks documents from a time period unrelated to the operative factual allegations; and (vi) it seeks the production of documents that are not in Google's possession, custody, and control.

Subject to and without waiving the foregoing objections, Google invites Plaintiffs to meet and confer concerning whether and to what extent there is an appropriate scope of production that is a subset of this Request.

**REQUEST FOR PRODUCTION NO. 90:**

Copies of all documents linked to or in any internal Google wikis and sites produced by Google.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

DEFENDANT GOOGLE LLC'S RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF
DOCUMENTS, SET THREE
Case No.  3:20-CV-04688

1  Google incorporates its general responses and objections as set forth above.  Google

2  further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and

3  abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to

4  Dismiss should be propounded judiciously. Google has already provided responses to 41 different

5  Requests and begun producing responsive documents to the first two sets of Requests for Production

6  of Documents; (ii) it is vague and ambiguous as to the undefined term "Google wikis and sites

7  produced by Google;" (iii) it is overbroad and unduly burdensome and seeks documents that are not

8  relevant to any claim or defense in this Action; (iv) it is unduly burdensome, overboard, and

9  disproportionate to the needs of the Action to the extent that it is unbounded in time and/or seeks

10  documents from a time period unrelated to the operative factual allegations; (v) it seeks the production

11  of documents that are not in Google's possession, custody, and control; and (vi) it seeks documents

12  protected by the attorney-client privilege and/or the attorney work-product doctrine.

13  **REQUEST FOR PRODUCTION NO. 91:**

14  Documents sufficient to identify all code-words or codenames used in connection with any of

15  the alleged issues, including Web & App Activity and Firebase.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

17  Google incorporates its general responses and objections as set forth above.  Google

18  further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and

19  abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to

20  Dismiss should be propounded judiciously. Google has already provided responses to 41 different

21  Requests and begun producing responsive documents to the first two sets of Requests for Production

22  of Documents; (ii) it is vague and ambiguous as to the undefined term "identify all code-words or

23  codenames used in connection with any of the alleged issues" and "Firebase;"  (iii) it is overbroad and

24  unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action;

25  (iv) it seeks documents protected by the attorney-client privilege and/or the attorney work-product

26  doctrine; (v) it is unduly burdensome, overboard, and disproportionate to the needs of the Action to the

27  extent that it is unbounded in time and/or seeks documents from a time period unrelated to the

28

operative factual allegations; (vi) it seeks the production of documents that are not in Google's

possession, custody, or control; (vii) it contains several subparts which constitute a separate Request;

and (viii) it calls for the disclosure of trade secrets or highly confidential and proprietary business

information, the disclosure of which threatens to harm Google.

Subject to and without waiving the foregoing objections, Google invites Plaintiffs to meet

and confer concerning whether and to what extent there is an appropriate scope of production that

is a subset of this Request.

**REQUEST FOR PRODUCTION NO. 93:**

Documents concerning any defense Google asserts in this action, including documents

supporting or contradicting any defense.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Google incorporates its general responses and objections as set forth above.  Google

further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and

abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to

Dismiss should be propounded judiciously. Google has already provided responses to 41 different

Requests and begun producing responsive documents to the first two sets of Requests for Production

of Documents; (ii) it seeks documents protected by the attorney-client privilege and/or the attorney

work-product doctrine; (iii) it seeks the production of documents that are not in Google's possession,

custody, or control; and (iv) it is duplicative of at least Request No. 17.

Subject to and without waiving the foregoing objections, Google responds that it will

produce any documents upon which it intends to rely to support its defenses.

**REQUEST FOR PRODUCTION NO. 94:**

Documents discussing, analyzing, or evaluating any of the privacy rights asserted in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Google incorporates its general responses and objections as set forth above.  Google

further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and

abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to

Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined term "privacy rights;" (iii) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; (iv) it is unduly burdensome, overboard, and disproportionate to the needs of the Action to the extent that it is unbounded in time and/or seeks documents from a time period unrelated to the operative factual allegations; (v) it seeks the production of documents that are not in Google's possession, custody, or control; and (vi) it is duplicative of at least Request No. 17.

Subject to and without waiving the foregoing objections, Google invites Plaintiffs to meet and confer concerning whether and to what extent there is an appropriate scope of production that is a subset of this Request.

**REQUEST FOR PRODUCTION NO. 95:**

Documents concerning any aggregation of data collected in connection with users' activity while they had Web & App Activity turned off.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Google incorporates its general responses and objections as set forth above.  Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined terms "any aggregation of data collected" and "user's activity;" (iii) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; (iv) it is unduly burdensome, overboard, and disproportionate to the needs of the Action to the extent that it is unbounded in time and/or seeks documents from a time period unrelated to the operative factual allegations; (v) it seeks the production of documents that are not in Google's possession, custody, or control;  (vi) it is overbroad and unduly

burdensome and seeks documents that are not relevant to any claim or defense in this Action; and (vii) this Request is premature because a class has not been certified in this Action.

Subject to and without waiving the foregoing objections, Google invites Plaintiffs to meet and confer concerning whether and to what extent there is an appropriate scope of production that is a subset of this Request.

## REQUEST FOR PRODUCTION NO. 96:

Documents sufficient to show the location of Google servers involved in the alleged conduct, including servers located in California that received data in connection with users' activity while they had Web & App Activity turned off.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 96:

Google incorporates its general responses and objections as set forth above.  Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined terms "show the location of Google servers involved in the alleged conduct" and "received data;"  (iii) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; (iv) it is unduly burdensome, overboard, and disproportionate to the needs of the Action to the extent that it is unbounded in time and/or seeks documents from a time period unrelated to the operative factual allegations; and (v) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action.

Subject to and without waiving the foregoing objections, Google invites Plaintiffs to meet and confer concerning whether and to what extent there is an appropriate scope of production that is a subset of this Request.

1

**REQUEST FOR PRODUCTION NO. 97:**

2

3       Documents sufficient to show the location of Google use of data in connection with users'

4  activity while they had Web & App Activity turned off, including by Google employees located in

   California.

5

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

6       Google incorporates its general responses and objections as set forth above.  Google

7  further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and

8  abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to

9  Dismiss should be propounded judiciously. Google has already provided responses to 41 different

10 Requests and begun producing responsive documents to the first two sets of Requests for Production

11 of Documents; (ii) it is vague and ambiguous as to the undefined term "Google use of data;"  (iii) it

12 seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine;

13 (iv) it is unduly burdensome, overboard, and disproportionate to the needs of the Action to the extent

14 that it is unbounded in time and/or seeks documents from a time period unrelated to the operative

15 factual allegations; (v) it is overbroad and unduly burdensome and seeks documents that are not

16 relevant to any claim or defense in this Action; (vi) it seeks documents that are not in Google's

17 possession, custody, or control; and (vii) this Request is premature because a class has not been

18 certified in this Action.

19      Subject to and without waiving the foregoing objections, Google invites Plaintiffs to meet

20 and confer concerning whether and to what extent there is an appropriate scope of production that

21 is a subset of this Request.

22

**REQUEST FOR PRODUCTION NO. 98:**

23      Documents concerning the articles cited in the First Amended Complaint, such as the November

24 1, 2018 article by Lily Hay Newman titled *The Privacy Battle to Save Google from Itself.*

25

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

26      Google incorporates its general responses and objections as set forth above.  Google

27 further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and

28

1    abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to

2    Dismiss should be propounded judiciously. Google has already provided responses to 41 different

3    Requests and begun producing responsive documents to the first two sets of Requests for Production

4    of Documents; (ii) it is vague and ambiguous as to the undefined term "concerning the articles cited in

5    the First Amended Complaint;" (iii) it seeks documents protected by the attorney-client privilege

6    and/or the attorney work-product doctrine; (iv) it is unduly burdensome, overboard, and

7    disproportionate to the needs of the Action to the extent that it is unbounded in time and/or seeks

8    documents from a time period unrelated to the operative factual allegations; (v) it is overbroad and

9    unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action;

10    and (vi) it seeks documents that are not in Google's possession, custody, or control.

11    **REQUEST FOR PRODUCTION NO. 99:**

12        Documents sufficient to show the architecture pertaining to Google's sign-in, including how that

13    impacts Google's data collection in connection with users' activity while they had Web & App Activity

14    turned off.

15    **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

16        Google incorporates its general responses and objections as set forth above.  Google

17    further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and

18    abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to

19    Dismiss should be propounded judiciously. Google has already provided responses to 41 different

20    Requests and begun producing responsive documents to the first two sets of Requests for Production

21    of Documents; (ii) it is vague and ambiguous as to the undefined terms "architecture pertaining to

22    Google's sign in" and "impacts Google's data collection in connection with user's activity";  (iii) it

23    seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine;

24    (iv) it is unduly burdensome, overboard, and disproportionate to the needs of the Action to the extent

25    that it is unbounded in time and/or seeks documents from a time period unrelated to the operative

26    factual allegations; (v) it is overbroad and unduly burdensome and seeks documents that are not

27

28

relevant to any claim or defense in this Action; and (vi) it seeks documents that are not in Google's

possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 100:**

Documents sufficient to identify all instances where Google shared any data collected in

connection with any users' activity while they had Web & App Activity turned off, such as in response

to any law enforcement or other request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Google incorporates its general responses and objections as set forth above. Google

further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and

abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to

Dismiss should be propounded judiciously. Google has already provided responses to 41 different

Requests and begun producing responsive documents to the first two sets of Requests for Production

of Documents; (ii) it is vague and ambiguous as to the undefined term "shared any data collected;"

(iii) it seeks documents protected by the attorney-client privilege and/or the attorney work-product

doctrine; (iv) it is unduly burdensome, overboard, and disproportionate to the needs of the Action to

the extent that it is unbounded in time and/or seeks documents from a time period unrelated to the

operative factual allegations; (v) it is overbroad and unduly burdensome and seeks documents that are

not relevant to any claim or defense in this Action; and (vi) it seeks documents that are not in Google's

possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 101:**

To the extent Google's response to any request for admissions served by Plaintiffs in this action

is anything other than an unqualified admission, documents concerning that matter at issue with each

such request for admission.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

Google incorporates its general responses and objections as set forth above. Google

further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and

abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to

Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it contains several subparts which constitute a separate Request;  (iii) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; (iv) it is unduly burdensome, overboard, and disproportionate to the needs of the Action to the extent that it is unbounded in time and/or seeks documents from a time period unrelated to the operative factual allegations; (v) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action; and (vi) it seeks documents that are not in Google's possession, custody, or control. Google further objects that this request is impermissibly compound.

**REQUEST FOR PRODUCTION NO. 102:**

Documents sufficient to show users visits to and use of Google's "Privacy Checkup" website and Google's privacy settings, on a periodic basis (e.g., monthly).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

Google incorporates its general responses and objections as set forth above.  Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined term "Google's Privacy Checkup Website;"  (iii) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; (iv) it is unduly burdensome, overboard, and disproportionate to the needs of the Action to the extent that it is unbounded in time and/or seeks documents from a time period unrelated to the operative factual allegations; (v) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action; (vi) it seeks documents that are not in Google's possession, custody, or control; and (vii) this Request is premature because a class has not been certified in this Action.

**REQUEST FOR PRODUCTION NO. 103:**

Documents concerning the creation, meaning of, and any changes to Google's "Privacy and Security Principles."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

Google incorporates its general responses and objections as set forth above.  Google further objects to this Request on the grounds that: (i) it is unduly burdensome, premature, and abusive given Judge Seeborg's admonition that discovery prior to adjudication of the Motion to Dismiss should be propounded judiciously. Google has already provided responses to 41 different Requests and begun producing responsive documents to the first two sets of Requests for Production of Documents; (ii) it is vague and ambiguous as to the undefined term "Google's Privacy and Security Principles;"  (iii) it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine; (iv) it is unduly burdensome, overboard, and disproportionate to the needs of the Action to the extent that it is unbounded in time and/or seeks documents from a time period unrelated to the operative factual allegations; (v) it is overbroad and unduly burdensome and seeks documents that are not relevant to any claim or defense in this Action; and (vi) it seeks documents that are not in Google's possession, custody, or control.

Subject to and without waiving the foregoing objections, Google invites Plaintiffs to meet and confer concerning whether and to what extent there is an appropriate scope of production that is a subset of this Request.

Dated:  March 17, 2021

WILLKIE FARR & GALLAGHER LLP


By:  */s/ Eduardo E. Santacana*
　　　Benedict Y. Hur
　　　Simona Agnolucci
　　　Eduardo E. Santacana
　　　Amanda Maya

　　　*Attorneys for Defendant Google LLC*