# Exhibit D

| | |
|---|---|
| **From:** | Arakaki, Lori |
| **To:** | "Jenna Farleigh"; Santacana, Eduardo E.; WAAGOOGLETEAM@LISTS.SUSMANGODFREY.COM; FIREBASE-WFGE |
| **Subject:** | RE: Rodriguez v. Google \| Random Sample of GA4F Data |
| **Date:** | Friday, April 15, 2022 9:47:11 AM |

Jenna,

Providing a relevant, random sample of GA for Firebase logs would be technologically infeasible. The logs that store data received through GA for Firebase are, by design, pseudonymous to Google in that they are free of personally identifiable information. Google does not log and store personal identifiers within the logs, including Google Accounts and ID Administration (GAIA) IDs.

We have already provided thousands of entries of Plaintiffs' data from Baseview logs. To the extent Plaintiffs seek to understand what GA for Firebase entries are stored, your clients have that information. A random sample will not provide any further information on the types of entries Google has logged. You also say below that Plaintiffs seek to understand how Google monetizes the GA for Firebase data at issue. We thus far have not heard any specifics as to why you think the logs contain data that bear on Plaintiffs' ability to calculate non-restitutionary disgorgement, even if Plaintiffs were entitled to such relief, which we dispute. You have the Baseview logs for your clients, so you should know there is nothing in the tables that would assist Plaintiffs in calculating non-restitutionary disgorgement. It should also be easy for Plaintiffs to identify entries within those logs that you believe are relevant to revenue calculation. If you identify those entries, we will further evaluate Plaintiffs' relevance argument, but we do not expect our position to change since there is no monetization information in the tables.

**Lori Arakaki**
**Willkie Farr & Gallagher LLP**
One Front Street | San Francisco, CA 94111
Direct: +1 415 858 7422 | Fax: +1 415 858 7599
larakaki@willkie.com | vCard | www.willkie.com bio

**From:** Jenna Farleigh <JFarleigh@susmangodfrey.com>
**Sent:** Thursday, February 10, 2022 5:39 PM
**To:** Santacana, Eduardo E. <ESantacana@willkie.com>; WAAGOOGLETEAM@LISTS.SUSMANGODFREY.COM; FIREBASE-WFGE <FIREBASE-WFGE@willkie.com>
**Subject:** RE: Rodriguez v. Google | Random Sample of GA4F Data

**\*\*\* EXTERNAL EMAIL \*\*\***

Eduardo,

We are not requesting any and all data at issue. We are requesting a random sample. We have explained why the sample is relevant despite Google's representation that the table does not

contain monetization information. Google has still not provided any explanation of the alleged burden. We will be taking this issue to the Court and will send you a joint letter brief shortly. If Google intends to raise any objection other than relevance, such as burden, we would appreciate it if Google would provide the requested evidence of that burden in advance as requested.

Best,

Jenna

_____

**Jenna G. Farleigh | Susman Godfrey L.L.P.**
1201 Third Avenue | Suite 3800 | Seattle, WA 98101
Phone: (206) 505-3826
HOUSTON   •   LOS ANGELES   •   SEATTLE   •   NEW YORK

jfarleigh@susmangodfrey.com  |  www.susmangodfrey.com

*This message may be protected by the attorney client privilege or the work product doctrine.*

**From:** Santacana, Eduardo E. <ESantacana@willkie.com>
**Sent:** Wednesday, February 9, 2022 11:05 AM
**To:** Jenna Farleigh <JFarleigh@susmangodfrey.com>; WAAGOOGLETEAM@LISTS.SUSMANGODFREY.COM; FIREBASE-WFGE <FIREBASE-WFGE@willkie.com>
**Subject:** RE: Rodriguez v. Google | Random Sample of GA4F Data

EXTERNAL Email

Jenna,

Setting aside Plaintiffs' potential entitlement to non-restitutionary disgorgement in this case, which we strenuously dispute, the data you are seeking is unrelated to that form of damages. I understand that you are searching for "any and all places where the information is collected, stored, and propagated," but Judge Tse already held that Plaintiffs aren't entitled to "any and all" data at issue. Plaintiffs have in their possession a massive date set pertaining to four deviceIDs. That should be sufficient for Plaintiffs to understand how the GA collection data is processed and stored. The data you are requesting has nothing in it that would bear on Plaintiffs' ability to calculate non-restitutionary disgorgement. There is no monetization information in that table.

Thanks,
Eduardo


**Eduardo E. Santacana**
**Willkie Farr & Gallagher LLP**
One Front Street | San Francisco, CA 94111
Direct: +1 415 858 7421 | Fax: +1 415 858 7599
esantacana@willkie.com  |  vCard  |  www.willkie.com bio

**From:** Jenna Farleigh <JFarleigh@susmangodfrey.com>
**Sent:** Monday, February 7, 2022 2:30 PM
**To:** Santacana, Eduardo E. <ESantacana@willkie.com>; WAAGOOGLETEAM@LISTS.SUSMANGODFREY.COM; FIREBASE-WFGE <FIREBASE-WFGE@willkie.com>
**Subject:** RE: Rodriguez v. Google | Random Sample of GA4F Data

**\*\*\* EXTERNAL EMAIL \*\*\***

Eduardo,

Irrespective of the claims that have been dismissed in this action, Plaintiffs still have an active CDAFA claim under Cal. Penal Code § 502(c)(2). The Ninth Circuit has held in the *Davis* case that nonrestitutionary disgorgement is available under such a claim. *See Davis v. Facebook*, 956 F.3d 589, 599-600 (9th Cir. 2020) (noting that "California law recognizes a right to disgorgement of profits resulting from unjust enrichment, even where an individual has not suffered a corresponding loss," and therefore concluding that "Plaintiffs sufficiently alleged a state law interest whose violation constitutes an injury sufficient to establish standing to bring their claims for CDAFA violations"). Plaintiffs also believe that the common law and constitutional claims may also entitle Plaintiffs to this same type of relief. Accordingly, the law clearly supports our disagreement with Google's characterization of our available damages.

Regarding your assertion that the data source we are discussing does not contain monetization information, it doesn't really matter. The data is being used for ads downstream, per your own recital. The data would still be relevant since we have asked for and continue to seek any and all places where the information is collected, stored, and propagated. All of the data in these locations will need to be reviewable by our class, including for potential deletion. In addition to issues of monetization, all of the information sought is relevant to the injunctive relief that our class seeks.

Please specify and explain the burden to which you refer.

Best,

Jenna

___

**Jenna G. Farleigh | Susman Godfrey L.L.P.**
1201 Third Avenue | Suite 3800 | Seattle, WA 98101
Phone: (206) 505-3826
**HOUSTON • LOS ANGELES • SEATTLE • NEW YORK**

jfarleigh@susmangodfrey.com | www.susmangodfrey.com

*This message may be protected by the attorney client privilege or the work product doctrine.*

**From:** Santacana, Eduardo E. <ESantacana@willkie.com>
**Sent:** Thursday, February 3, 2022 4:22 PM
**To:** Jenna Farleigh <JFarleigh@susmangodfrey.com>; WAAGOOGLETEAM@LISTS.SUSMANGODFREY.COM; FIREBASE-WFGE <FIREBASE-WFGE@willkie.com>
**Subject:** RE: Rodriguez v. Google | Random Sample of GA4F Data

EXTERNAL Email

Jenna,

Judge Tse's Order was issued when you still had a "breach of contract/quasi-contract (unjust enrichment)" claim. That claim has now been dismissed with prejudice. Further, in your brief, you asked him for ESI to quantify "interceptions," but the wiretap act claims have now been dismissed with prejudice, too.

Given this, do you have any legal authority to support your claim that unjust enrichment damages remain at issue in this case? As we see it, the only potential damages Plaintiffs can now recover are (1) actual damage to their devices and (2) mental anguish for invasion of privacy. Neither of those categories of damages implicate a random sample of GA4F data.

I also note that, in any case, the data source we are discussing—the same one from which we provided data for Plaintiffs' deviceIDs—doesn't contain monetization information, anyway. If you disagree, please identify which aspect of the data we already produced leads you to believe that a random sample will help you quantify damages, and how.

I'd be happy to discuss burden more later, but for now, relevance appears to be a gating issue.

Thanks,
Eduardo


**Eduardo E. Santacana**
**Willkie Farr & Gallagher LLP**
One Front Street | San Francisco, CA 94111
Direct: +1 415 858 7421 | Fax: +1 415 858 7599
esantacana@willkie.com | vCard | www.willkie.com bio

---

**From:** Jenna Farleigh <JFarleigh@susmangodfrey.com>
**Sent:** Thursday, February 3, 2022 2:13 PM
**To:** Santacana, Eduardo E. <ESantacana@willkie.com>; WAAGOOGLETEAM@LISTS.SUSMANGODFREY.COM; FIREBASE-WFGE <FIREBASE-WFGE@willkie.com>
**Subject:** RE: Rodriguez v. Google | Random Sample of GA4F Data

**\*\*\* EXTERNAL EMAIL \*\*\***

Eduardo,

Regarding Plaintiffs' request for a random sample of GA4F user data, you have not articulated

any of Google's "practical, logistical, and legal concerns." We cannot collectively begin to address those issues before they are clearly articulated. Also, Google has repeatedly claimed an unspecified "burden" associated with many of Plaintiffs' requests and appears to do so here as well. To the degree Google is claiming a lack of proportionality, it has an obligation to provide facts evidencing the burden. Google has not done so. To allow us to better understand what the purported burden is, please let us know the following: (1) how many engineering teams it will take to get the sample data; (2) how much processing power will be required; (3) the CPU time that will be involved to pull the requested historical data; and (4) any other issues Google thinks would be relevant to the provision of the requested sample data.

In response to your new question regarding relevance, Plaintiffs do not believe Judge Seeborg's most recent order in any way affects or limits our sample request since even the current operative complaint that Google is answering still contains a request for unjust enrichment damages. To value that, Plaintiffs need and are entitled to understand how Google monetizes the data at issue, including not just for GA4 but also for AdMob. Judge Tse previously supported a sampling approach and Plaintiffs need a random sample of data to assess the best path forward. Please provide an update by the end of the week.

Best,

Jenna

_____

**Jenna G. Farleigh | Susman Godfrey L.L.P.**
1201 Third Avenue | Suite 3800 | Seattle, WA 98101
Phone: (206) 505-3826
HOUSTON  •  LOS ANGELES  •  SEATTLE  •  NEW YORK

jfarleigh@susmangodfrey.com | www.susmangodfrey.com

*This message may be protected by the attorney client privilege or the work product doctrine.*

**From:** Santacana, Eduardo E. <ESantacana@willkie.com>
**Sent:** Wednesday, February 2, 2022 8:36 PM
**To:** Jenna Farleigh <JFarleigh@susmangodfrey.com>;
WAAGOOGLETEAM@LISTS.SUSMANGODFREY.COM; FIREBASE-WFGE <FIREBASE-WFGE@willkie.com>
**Subject:** Rodriguez v. Google | Random Sample of GA4F Data

EXTERNAL Email
Counsel,

We have considered your request for a random sample of GA4F user data, and we have a number of practical, logistical, and legal concerns. As a gating issue, in light of Judge Seeborg's most decent Order dismissing the last remaining wiretap claim, can you please explain:

> (1) what, if any, relevance a random sample of user data would have that is not cumulative of the over 80,000 pieces of data we recently produced pertaining to

four deviceIDs provided by Plaintiffs; and

(2) given the significant burden involved in acquiring such data, why the remaining scope and size of this case is not easily outweighed by the disproportionally high burden involved in producing such data?

Thanks,
Eduardo

**Eduardo E. Santacana**
**Willkie Farr & Gallagher LLP**
One Front Street | San Francisco, CA 94111
Direct: +1 415 858 7421 | Fax: +1 415 858 7599
esantacana@willkie.com | vCard | www.willkie.com bio

**Important Notice:**  This email message is intended to be received only by persons entitled to receive the confidential information it may contain.  Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged.  Please do not read, copy, forward or store this message unless you are an intended recipient of it.  If you have received this message in error, please forward it back.  Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

**Important Notice:**  This email message is intended to be received only by persons entitled to receive the confidential information it may contain.  Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged.  Please do not read, copy, forward or store this message unless you are an intended recipient of it.  If you have received this message in error, please forward it back.  Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

**Important Notice:**  This email message is intended to be received only by persons entitled to receive the confidential information it may contain.  Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged.  Please do not read, copy, forward or store this message unless you are an intended recipient of it.  If you have received this message in error, please forward it back.  Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.