```
 1                UNITED STATES DISTRICT COURT
 2              NORTHERN DISTRICT OF CALIFORNIA
 3     Before The Honorable Richard Seeborg, District Judge
 4
 5  RODRIGUEZ, et al.,         )
                               )
 6          Plaintiffs,        )
                               )
 7  vs.                        )  No. C 20-04688-RS
                               )
 8  GOOGLE LLC, et al.,        )
                               )
 9          Defendants.        )
    _____)
10
11                                   San Francisco, California
                                     Thursday, October 10, 2024
12
13     TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC
            SOUND RECORDING 10:04 - 10:14 = 10 MINUTES
14
    APPEARANCES:
15
    For Plaintiffs:
16                              Boies Schiller Flexner LLP
                                333 Main Street
17                              Armonk, New York 10504
                                (914) 749-8201
18                         BY:  DAVID BOIES, ESQ.
                           BY:  ALEXANDER BOIES, ESQ.
19
                                Boies Schiller Flexner LLP
20                              Forty-Four Montgomery Street
                                Forty-First Floor
21                              San Francisco, California
                                  94104
22                              (415) 293-6800
                           BY:  MARK C. MAO, ESQ.
23                         BY:  BEKO OSIRIS RA
                                REBLITZ-RICHARDSON, ESQ.
24
               (APPEARANCES CONTINUED ON NEXT PAGE)
25
```

```
                                                                    2
 1  APPEARANCES:  (Cont'd.)

 2  For Plaintiffs:
                              Susman Godfrey LLP
 3                            One Manhattan West
                              Fiftieth Floor
 4                            New York, New York 10001
                              (212) 336-8330
 5                       BY:  RYAN SILA, ESQ.

 6
                              Morgan and Morgan, P.A.
 7                            201 North Franklin Street
                              Seventh Floor
 8                            Tampa, Florida 33602
                              (813) 275-5272
 9                       BY:  JOHN A. YANCHUNIS, ESQ.

10  For Defendants:
                              Willkie Farr & Gallagher LLP
11                            333 Bush Street
                              San Francisco, California
12                              94104
                              (415) 858-7421
13                       BY:  EDUARDO E. SANTACANA, ESQ.
                         BY:  ARGEMIRA FLOREZ, ESQ.
14                       BY:  HARRIS MATEEN, ESQ.

15  Transcribed by:          Echo Reporting, Inc.
                              Contracted Court Reporter/
16                            Transcriber
                              echoreporting@yahoo.com
17

18

19

20

21

22

23

24

25
```

```
                                                                 3
 1  Thursday, October 10, 2024                            10:04 a.m.
 2                    P-R-O-C-E-E-D-I-N-G-S
 3                           --oOo--
 4          THE COURT:  Awaiting word from you that the order
 5  on the motion practice we heard is -- you're at least ready
 6  to receive it, and my understanding, that's January -- at
 7  the moment, January 6th.
 8          MR. D. BOIES:  January 6th, your Honor.  That's
 9  correct.
10          THE COURT:  Okay.  So, once we pass January 6th,
11  it's on me, and you're ready for it if I'm ready to -- I'll
12  tell you, promptly after January 6th, I'm certainly prepared
13  to issue the order.  So is it going to be -- do I need to
14  even await word from you, or should I just -- after January
15  6th, I can issue an order?
16          MR. D. BOIES:  I think after January 6th you can
17  issue the order, because that's the date that has already
18  been ordered as the cutoff date.
19          THE COURT:  Okay.  Very good.
20      Let me ask you about the schedule and where we go.  You
21  know, the current order is February, and that, I think we
22  talked about, was not realistic.  I have a big MDL case that
23  is currently scheduled for trial in May, and whether or not
24  it goes, you know, is anybody's guess.  So I would want this
25  to be after that.
```

4

1    Have you -- my law clerk has a suggestion for me,
2 consistent with my schedule in June.  I actually have some
3 problems around that June time.  Can I throw it back to the
4 parties to give me some suggestions, perhaps starting with
5 August and thereafter, for you to meet and confer and tell
6 me dates that would work for the parties, and then I can see
7 if I can accommodate you?
8        MR. D. BOIES:  Let us do that, your Honor.  We
9 will meet and confer, and try to come up with some
10 alternative dates.
11        THE COURT:  Okay.
12        MR. D. BOIES:  May I inquire, if your MDL case
13 does not go to trial, would May be available?
14        THE COURT:  I'd have to look at how much else is
15 set there.  I happen to know that one is set for May 12th,
16 and that's a -- that one had to be moved.  So, if it's going
17 to go, it may well go then.  Candidly, I'd have to look and
18 see if I have -- I often double-set cases, as you're not
19 surprised to learn.
20        MR. D. BOIES:  Right.
21        THE COURT:  But why don't -- you can go -- if upon
22 your meeting and conferring you think May is something you
23 want to have in the hopper, go ahead and include that in the
24 alternatives that you have.
25        MR. D. BOIES:  Okay.

1          THE COURT:  I know I have to be away for certain
2 chunks of time in May, so that's why I'm also hesitating,
3 but don't -- you know, go ahead and, if everybody could
4 otherwise do it then, put that as one of your alternatives.
5          MR. D. BOIES:  Okay.  But we will meet and confer
6 and come up with some dates, probably starting in August or
7 thereafter.
8          THE COURT:  Okay.  So you made a run at ADR,
9 apparently, in August, and that obviously didn't bear fruit.
10 Are we at the -- for the moment, the end of the line on
11 that, or are there going to be further efforts?
12         MR. D. BOIES:  I think there will be further
13 efforts, your Honor.
14         THE COURT:  Anything I can do to facilitate that
15 or -- you have a private mediator, I assume?
16         MR. D. BOIES:  We have a private mediator, a
17 former federal judge, Layn Phillips.
18         THE COURT:  He's, yes, well known.
19         MR. D. BOIES:  And, as your Honor may know, he is
20 persistent --
21         THE COURT:  Yes.
22         MR. D. BOIES:  -- and so I think that, while the
23 parties, you know, did not reach agreement, I don't think we
24 have abandoned the prospect of possibly resolving it.
25         THE COURT:  Okay.  And, Mr. Santacana, is going

1 the private route -- that's the way you're going, and Judge
2 Phillips is obviously excellent.
3          MR. SANTACANA:  Yes, your Honor.  We, you know,
4 really appreciated Judge Phillips' work, and are open to
5 going back to him, certainly, although I think maybe a
6 little more pessimistic about the likelihood of success than
7 Mr. Boies, but are always open to go back.  We don't have
8 anything scheduled right now.
9      We do have one -- you asked how you could help.  I
10 mean, I think, from the CMC statement, it's clear there's a
11 number of disputes that cropped up in the wake of the
12 failure of mediation, and one of them is somewhat urgent for
13 Google, which is the question of whether Plaintiffs should
14 be permitted to call the CEO, Sundar Pichai, to trial.
15      They disclosed him on their initial disclosure, right
16 after the mediation failed for the first time, and because
17 of his schedule, and because of how he travels and things,
18 having some certainty for him, if there's any chance that he
19 would actually be subpoenaed to trial, would be helpful.  So
20 that's one issue that -- it may be the only issue that we
21 discussed in the CMC statement that we'd like resolved in
22 the immediate future.
23      The other issue that I think certainly would help with
24 private ADR is a resolution on the question of whether
25 Plaintiffs should be permitted to expand their damages

theories, which they also did after the mediation failed, and on that, we are open to whichever vehicle you would recommend, but our view is that a motion to strike the expanded theories from the initial disclosures that were served is the proper vehicle, and we can file that at any time that that makes sense for your Honor, including soon, and just notice it for a regularly noticed motion.

THE COURT: Well, on that second issue, that's fine. If you think a motion to strike is warranted in the ordinary course, go ahead and file it, and I'll deal with it.

With respect to the other issue, I mean, that -- I would be loathe to be ruling on what witnesses could or could not testify. You know, I would ordinarily do that in the context of the pre-trial conference and the motions in limine, because I pretty much need to have a good sense of how the trial is going to be shaking out before I start making calls on what witnesses are going to be testifying. So I know you may want that, but I think that's a bit premature, as far as I'm concerned.

Now, you may want to take -- you know, the next step is you need this order from me after the January 6th, so you take that and you absorb that. You make your move ahead, maybe this additional motion to strike, and maybe things become clearer at that point.

1    But I think I'm not encouraging a motion about the
2 CEO's testimony at this stage of the trial -- the case --
3 just because, you know, I don't have a clear sense.  I know
4 a bit about it now because of the motion practice, but I
5 don't have a clear sense of how the trial is going to shake
6 out.  So I'm not sure this is a good time to have that
7 discussion.
8         MR. SANTACANA:  And, your Honor, given that it
9 sounds like we're looking at a trial next fall, I think,
10 really all I mean is that we'd like to be able to have that
11 decision sooner than a pre-trial conference would normally
12 be held, so that he's not, you know, scheduled to be abroad
13 or something during the trial, if your Honor were to hold
14 that he has to appear.
15         THE COURT:  Okay.  Well, that is a part -- yes.
16 That's part of your -- that's what will go in the hopper, I
17 presume, in your meeting and conferring about trial dates.
18         MR. D. BOIES:  Right.
19         THE COURT:  Yes.  Okay.
20         MR. SANTACANA:  Great.  I think those were the
21 only issues on my list that I wanted to make sure we talked
22 about.  I think the rest is not ripe, but we'll see what Mr.
23 Boies thinks.
24         MR. D. BOIES:  Yes, I agree.  The rest is not
25 ripe.  We're continuing to meet and confer --

```
 1            THE COURT:  Good.
 2            MR. D. BOIES:  -- and we'll try to narrow things
 3 as much as we can.
 4            THE COURT:  Good.  Okay.  Well, you'll get the
 5 order from me, and then, in the meantime, I'll be getting --
 6 when do you think you can get me some proposed alternatives?
 7 The more alternatives you give me, the better, obviously.
 8            MR. D. BOIES:  Sure.
 9            THE COURT:  When do you think you can do that?
10            MR. D. BOIES:  I think we ought to be able to do
11 that in a week, your Honor.
12            THE COURT:  Okay.  I think that's right.  Okay.
13 I'll be looking for that from you, and I don't think I need
14 to have a further session with you.  I'll just adjust the
15 schedule, take a look at mine, and then I'll send you a
16 minute order or something else that sets the adjusted trial
17 date.  We'll just do it that way.
18            MR. D. BOIES:  Thank you, your Honor.
19            THE COURT:  And then I'll see you, probably,
20 maybe, on further motion practice or whatever, but I don't
21 think I need a, you know, further CMC.  We'll just go from
22 there.  So you may also want to look at -- I don't have them
23 in front of me, but any other dates that are set.  I think
24 we've got -- well, cutoff dates, are they -- have they all
25 come and gone?
```

```
                                                              10
 1          MR. D. BOIES:  I think they've come and gone, your
 2  Honor.
 3          THE COURT:  Yes.  So the only thing is the
 4  pre-trial conference, which, just for your information, I
 5  usually like to set at least 10 days -- well, two weeks to
 6  10 days before the trial.  In a case like this, I would want
 7  to have some time, so maybe, you know, two weeks before
 8  trial for a pre-trial conference.  Sometimes we have to have
 9  a second one.  So we'll do that.  Okay.  Good.
10          MR. D. BOIES:  Good.
11          THE COURT:  Very good.  Thank you.
12          ALL:  Thank you, your Honor.
13      (Proceedings adjourned at 10:14 a.m.)
14
15
16
17
18
19
20
21
22
23
24
25
```

```
                                                                    11
 1                    CERTIFICATE OF TRANSCRIBER
 2
 3        I certify that the foregoing is a true and correct
 4   transcript, to the best of my ability, of the above pages of
 5   the official electronic sound recording provided to me by
 6   the U.S. District Court, Northern District of California, of
 7   the proceedings taken on the date and time previously stated
 8   in the above matter.
 9        I further certify that I am neither counsel for,
10   related to, nor employed by any of the parties to the action
11   in which this hearing was taken; and, further, that I am not
12   financially nor otherwise interested in the outcome of the
13   action.
```



```
16              Echo Reporting, Inc., Transcriber
17                   Thursday, October 10, 2024
```