Matthew L. Myers
44 Indian Mountain Road
Lakeville, CT 06039
Email: matthew@infrastructureupgrade.com
Phone: (860)-435-0509

September 28, 2024



*Rodriguez v. Google LLC*
P.O. Box 2749
Portland, OR 97208-2749

Chief Judge Richard Seeborg c/o Class Action Clerk
United States District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102-3489

Re: Objections to the Potential and Proposed Google Class Action Settlement - *Rodriguez v. Google LLC*;

Dear Chief Justice Richard Seeborg c/o Class Action Clerk and *Rodriguez v. Google LLC* Legal Team,

a. The name and case number of this lawsuit *(Rodriguez v. Google LLC)*;

b. The basis for believing you are a Settlement Class Member;

Emailed legal notification dated September 25, 2024 (requiring user login to Google Workspace/Admin via their Google.com platform) providing legal notice of potential inclusion in the ongoing class action settlement and including, but not limited to, Class 2, as outlined in your legal prospectus.

c. Your full name and mailing address, and email address or telephone number;

Matthew L. Myers, 44 Indian Mountain Road, Lakeville, CT 06039, matthew@infrastructureupgrade.com, (860)-435-0509.

d. A clear and concise statement of all reasons for your objection;

I

I am hereby objecting to the potential and proposed settlement (re: *Rodriguez v. Google LLC*) for not providing and/or meeting the minimum threshold for due process of the participants, including myself, by neglecting to provide a copy of how my proprietary information may have been used to inform potential competitors of my software code that Infrastructure Upgrade, Inc. paid for and developed; hosting; and the other business obligations of running an S-Corporation (i.e. if this information was unlawfully transmitted to potential competitors via its Firebase Software Development SDK and/or Google Mobile Ads SDK).

## I also challenge the potential settlement reimbursement terms, which are likely to be fiscally insufficient based on an analysis of similar Class Action Settlements.

1. I am requesting a copy of the "how my email communications, unique and proprietary software and code that Infrastructure Upgrade, Inc. created, financially underwrote and commissioned" that Google has purportedly and allegedly transmitted to 3rd parties via its SDK's without my direct permission and consent as a paid customer.

   If a company can't safely store it's business code based on a contractual relationship with a 3rd party business partner (i.e. Google, LLC that requires an annual subscription), without setting up its own data center with server banks, massive electricity costs, et. al. then this is an extremely anti-competitive measure in violation of multiple U.S. laws, including the Sherman Act as codified in 15 U.S.C. §§ 1-38; and the Clayton Antitrust Act of 1914, codified at 15 U.S.C. 12-27.

   To allegedly secretly transmit corporate data that gives a start-up its competitive edge directly violates multiple prongs of the aforementioned U.S. Code.

   Infrastructure Upgrade, Inc. has relied on Google.com workspace for its email hosting and storage as a paid customer, under the assumption that its information is protected from crawling and/or electronic submission to 3rd parties.

   If Google, LLC is allegedly transmitting software code that our company has spent thousands of dollars developing and hosting (via IBM, SoftLayer, NephoScale, GoDaddy, et. al.), any settlement arranged by the Court would be insufficient to cover the losses incurred from these anticompetitive measure(s) in purported direct violation of the: (1) Comprehensive Computer Data Access and Fraud Act ("CDAFA"), CACI No. 1812. Comprehensive Computer Data and Access Fraud Act

- Essential Factual Elements (Pen. Code, § 502); and (II) the Sherman Act as codified in 15 U.S.C. §§ 1-38; and the Clayton Antitrust Act of 1914, codified at 15 U.S.C. 12-27

Any settlement in the amount of a potential $25 gift card (a typical Class Action settlement) **will be insufficient based** on the costs and losses incurred below for any potential intellectual property theft.

For example: Cost of hosting Infrastructure Upgrade, Inc.'s Apple apps via IBM Cloud/SoftLayer and NephoScale:

1. IBM Cloud/SoftLayer - $154.38 per month x 12 months;
2. NephoScale - $64.80 x 12 months;
3. GoDaddy SSL - $299.99 x 1 year; and
4. GoDaddy Hosting - $95.94 x 6 months.

Accordingly, if my code has been transmitted to potential competitors, a $25 gift card will not recoup losses incurred from the vendors included above.

Failure to provide me with a chance to review and correct any inaccuracies, deficiencies and any and all electronic data transmission including Infrastructure Upgrade, Inc.'s confidential code, software, data via Firebase Software Development SDK and/or Google Mobile Ads SDK is a denial of my right to due process in accordance with U.S. law.

2. Additionally, I am soliciting information on how Google used any federally protected medical records of myself and/or my father (for whom I am aiding with his care, through its "SDK transmittals") in alleged violation of *38 U.S. Code § 7332 - Confidentiality of certain medical records.*

Any compilation of shielded medical files and reporting (in line with *38 U.S. Code § 7332 - Confidentiality of certain medical records*) as a part of these "SDK transfers" is in direct violation of federal law and was done without my and/or my father's consent, permission and/or authorization from 2018 on.

3. Finally, I am seeking clarification on how my employment information "via SDK routing" may have impacted **any and all employment applications** through USAjobs.gov, governmentjobs.com and/or any private employer in accordance with

3

*42 U.S. Code § 12112 – Discrimination* and/or *42 U.S. Code § 2000e-2 - Unlawful employment practices.*

I would like a complete list of all potential competitors and/or employers that my "information and Infrastructure Upgrade, Inc.'s proprietary software and code" was sent to, including but not limited to, any and all government agencies, private employers and how such information was used in order to have an opportunity to correct and dispute any inaccuracies.

4. A statement identifying your counsel, if you are represented by counsel;

Eric Milliken, Attorney and Managing Partner, Sutter Law, 61G Avenida De Orinda, Orinda, CA 94563

Thank you.

Very respectfully,

—Matthew L. Myers

4



U.S. POSTAGE
FCM LG ENV
LAKEVILLE, CT
SEP 30, 2024

$10.45
R2305K133250

94102

Retail

RDC 99

7022 0410 0002 6492 8083

Chief Judge Richard Seeborg c/o Class
Action Clerk
United States District Court for the Northern
District of California
450 Golden Gate Avenue
San Francisco, CA 94102-3489

Matthew L. Myers
P.O. Box 289
Lakeville, CT 06039

