| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP**<br>David Boies (admitted pro hac vice)<br>333 Main Street<br>Armonk, NY 10504<br>Telephone: (914) 749-8200<br>dboies@bsfllp.com<br><br>Mark C. Mao, CA Bar No. 236165<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Telephone: (415) 293-6800<br>mmao@bsfllp.com<br>brichardson@bsfllp.com<br><br>**SUSMAN GODFREY L.L.P.**<br>Bill Carmody (pro hac vice)<br>bcarmody@susmangodfrey.com<br>Shawn J. Rabin (pro hac vice)<br>srabin@susmangodfrey.com<br>One Manhattan West, 50th Floor<br>New York, NY 10001<br>Telephone: (212) 336-8330<br><br>**MORGAN & MORGAN**<br>John A. Yanchunis (pro hac vice)<br>jyanchunis@forthepeople.com<br>Ryan J. McGee (pro hac vice)<br>rmcgee@forthepeople.com<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Telephone: (813) 223-5505<br><br>Attorneys for Plaintiffs; additional counsel listed in signature blocks below | **WILLKIE FARR & GALLAGHER LLP**<br>Benedict Y. Hur, CA Bar No. 224018<br>bhur@willkie.com<br>Simona Agnolucci, CA Bar No. 246943<br>sagnolucci@willkie.com<br>Eduardo E. Santacana, CA Bar No. 281668<br>esantacana@willkie.com<br>Argemira Florez, CA Bar No. 331153<br>aflorez@willkie.com<br>One Front Street, 34th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 858-7400<br>Facsimile: (415) 858-7599<br><br>Attorneys for Defendant Google LLC |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>   Defendant. | Case No.: 3:20-cv-04688-RS<br><br>**JOINT PRETRIAL SCHEDULING SUBMISSION**<br><br>Judge: Hon. Richard Seeborg |

Pursuant to the Court's October 25, 2024 order (Dkt. 438), Plaintiffs Anibal Rodriguez, Sal Cataldo, Julian Santiago, and Susan Lynn Harvey ("Plaintiffs") and Defendant Google LLC ("Google") (collectively the "Parties") jointly submit this filing regarding the briefing schedule for the remaining pretrial motions.

The table below includes briefing deadlines and other deadlines agreed to by the Parties based on the Court's Guidelines for Final Pretrial Conference in Civil Jury Cases. After this table, the Parties include a short statement regarding two unresolved issues, where the Parties have also identified their different positions in the table below.

| Event | Date | Parties' Positions (If Different) |
|---|---|---|
| Google files its damages-related motion | December 19, 2024 | |
| Plaintiffs file their opposition to Google's damages-related motion | January 16, 2024 | |
| Google files its reply in support of its damages-related motion | January 30, 2024 | |
| Parties file any *Daubert* motions | April 3, 2025 | **Plaintiffs:** Does not include Google's motion to exclude Sundar Pichai<br>**Google:** Includes Google's motion to exclude Sundar Pichai |
| Parties file oppositions to any *Daubert* motions | April 24, 2025 | |
| Parties file replies in support of any *Daubert* motions | May 1, 2025 | |
| Parties file proposed juror questionnaires | May 23, 2025 | |
| If any dispute, Parties file responses to proposed juror questionnaires | June 2, 2025 | |
| If any dispute, Parties file replies to proposed juror questionnaires | June 6, 2025 | |

| | | |
|---|---|---|
| Court ordered juror questionnaires sent to potential jury pool | June 20, 2025 | |
| Parties exchange final set of exhibits, summaries, charts, and diagrams to be used at trial (other than those solely for impeachment or rebuttal) | June 6, 2025 | **Plaintiffs:** Includes demonstratives<br>**Google:** Does not include demonstratives |
| Parties exchange objections to exhibits, summaries, charts, and diagrams to be used at trial | June 20, 2025 | **Plaintiffs:** Includes demonstratives<br>**Google:** Does not include demonstratives |
| Parties file Joint Pretrial Statement and Proposed Order | June 24, 2025 | |
| Parties file motions *in limine* | June 24, 2025 | **Plaintiffs:** Includes Google's motion to exclude Sundar Pichai<br>**Google:** Does not include Google's motion to exclude Sundar Pichai |
| Parties file any oppositions to motions *in limine* | July 3, 2025 | |
| Parties lodge final set of exhibits, summaries, charts, and diagrams to be used at trial (and any outstanding objections) | July 11, 2025 | **Plaintiffs:** Includes demonstratives<br>**Google:** Does not include demonstratives |
| Parties file proposed jury instructions and verdict forms | July 14, 2025 | |
| Deadline for potential jurors to return juror questionnaire | July 18, 2025 | |
| **Final Pretrial Conference** | July 23, 2025 | |
| Parties exchange deposition and discovery designations | July 24, 2025 | |
| Deadline to request daily transcripts and/or Realtime reporting (optional) | August 4, 2025 | |
| Parties exchange any objections to deposition and discovery designations (and counter designations) | August 7, 2025 | |

| Final set of exhibits due to the Court (3 sets of pre-marked exhibits in 3-ring binders delivered to Courtroom Deputy) | August 13, 2025 | |
|---|---|---|
| Parties file final deposition and discovery designations with any counter designations | August 14, 2025 | |
| **Trial Commences** | August 18, 2025 | |

While the Parties attempted to resolve all scheduling matters, two issues remain: (1) the briefing schedule for Google's motion regarding whether Sundar Pichai may be called by Plaintiffs to testify at trial; and (2) what deadlines should govern exchanging and submitting demonstratives to be used at trial and any objections.

**Plaintiffs' Separate Statement**

*Pichai Motion.* The Court indicated during the last case management conference that Google should file any motion seeking to prevent Plaintiffs from calling Sundar Pichai as a witness at trial with the motions *in limine*. When Google's counsel presented this issue regarding Mr. Pichai, the Court stated: "I would ordinarily do that in the context of the pre-trial conference and the motions in limine, because I pretty much need to have a good sense of how the trial is going to be shaking out before I start making calls on what witnesses are going to be testifying. So I know you may want that, but I think that's a bit premature, as far as I'm concerned." Oct. 10, 2024 Hearing Tr. at 7:14–20. Plaintiffs agree. Separating this trial-focused evidentiary motion from the other motions *in limine* is unnecessary, especially considering that the Pretrial Conference is scheduled nearly a month before trial, leaving Google ample time to plan accordingly. *See* Dkt. 438. Google's heated accusation (below) that this is somehow tied to mediation is false. Mr. Pichai's false testimony to Congress regarding the WAA controls featured prominently in this case long before that mediation, including in Plaintiffs' complaint, in expert reports, during depositions, and in briefing both class certification and summary judgment. *See* Dkt. 427 at 3. Regardless, Plaintiffs defer to the Court on when it wishes to have this discrete trial-related issue briefed by the Parties.

1     ***Demonstratives.*** Plaintiffs propose that the deadlines for exchanging demonstratives, objecting to demonstratives, and lodging final copies of demonstratives should be the same as the other similar materials—including "summaries", "charts", and "diagrams"—to be used at trial. *See* Guidelines for Final Pretrial Conference in Civil Jury Cases Before Chief District Judge Richard Seeborg, at 3. Based on Plaintiffs' proposed schedule, the Parties would lodge all material to be used at trial (including demonstratives) one month before trial, with the Parties working together to resolve any objections to the proposed demonstratives in advance. Plaintiffs believe this would be useful for both the Parties and the Court, and Plaintiffs hope this will help narrow the scope of any disputes and avoid burdening the Court unnecessarily during trial. Plaintiffs of course defer to the Court on the appropriate deadlines for demonstratives.

    **Google's Separate Statement**

    ***Pichai Motion.*** Google and Plaintiffs disagree on the timing for Google's motion to exclude Sundar Pichai, Google's CEO, from testifying at trial. Google proposes aligning the deadline with *Daubert* motions on April 3, 2025, while Plaintiffs propose filing it with motions in limine on June 30, 2025, to be resolved at the pretrial conference on July 23, 2025.

    Mr. Pichai's position as CEO makes his situation distinct. His professional responsibilities are significant and typically scheduled well in advance, making last-minute changes especially disruptive. Further, Mr. Pichai has not been a custodian or deponent in this case, meaning his preparation would have to start from scratch. Under Plaintiffs' proposed timeline, if the motion is denied, there would be less than a month to schedule him for trial.

    Additionally, Google's counsel are scheduled to participate in two other trials in Summer 2025, creating further logistical challenges. Resolving this issue in April 2025—after summary judgment has been decided—would minimize unnecessary uncertainty and avoid the need for disruptive preemptive holds on Mr. Pichai's schedule, which would be required under Plaintiffs' approach.

    Finally, Plaintiffs provide no rationale for refusing to advance the decision on Mr. Pichai's potential need to attend trial. But it is clear that Plaintiffs' last-minute addition of Mr. Pichai's name to their initial disclosures, years after fact discovery closed but only days after a mediation

1  failed, is designed to exert settlement pressure, not to secure a just determination in this case.
2  Given that Plaintiffs cannot identify a reason why they cannot explain their position in the Spring
3  rather than Summer about Mr. Pichai, Google respectfully requests that any motion to exclude
4  Mr. Pichai's trial testimony be addressed alongside *Daubert* motions, far enough in advance to
5  address the unique difficulties involved in setting his schedule. And, should the Court rule Mr.
6  Pichai must attend trial, an earlier decision on this will help resolve any potential conflicts with
7  scheduled events during the time period of the trial, including if necessary, any appeal to the
8  Court to make adjustments to the trial schedule. A later decision may cause avoidable conflict
9  and chaos.

10  ***Demonstratives.*** The parties also disagree on the treatment of demonstratives for trial.
11  Plaintiffs propose that the deadline for demonstratives align with the deadline for charts and
12  diagrams to be used at trial. Google, however, does not agree that demonstratives need to be
13  addressed so far in advance. Demonstratives are not part of Judge Seeborg's standing order. And
14  an exchange of demonstratives several weeks before motions in limine are decided borders on
15  useless. Nor are demonstratives the same as "summaries, charts, and diagrams," which are
16  evidence affected by applicable Rules of Evidence, unlike demonstratives. While Google is open
17  to later discussions to establish a mutually workable schedule for demonstratives closer to trial,
18  it does not believe their inclusion in the current briefing schedule is necessary or appropriate, and
19  Plaintiffs have not identified any justification for deviating from the usual course. Google
20  therefore also respectfully requests the Court's guidance on this issue.

DATED: December 12, 2024    BOIES SCHILLER FLEXNER LLP

By: *Mark C. Mao*
    David Boies (admitted pro hac vice)
    333 Main Street
    Armonk, NY 10504
    Telephone: (914) 749-8200
    dboies@bsfllp.com

    Mark C. Mao (CA Bar No. 236165)

5

```
                    mmao@bsfllp.com
                    Beko Reblitz-Richardson (CA Bar No. 238027)
                    brichardson@bsfllp.com
                    44 Montgomery Street, 41st Floor
                    San Francisco, CA 94104
                    Telephone: (415) 293-6858

                    James W. Lee (pro hac vice)
                    jlee@bsfllp.com
                    Rossana Baeza (pro hac vice)
                    rbaeza@bsfllp.com
                    100 SE 2nd Street, Suite 2800
                    Miami, FL 33130
                    Telephone: (305) 539-8400
                    Facsimile: (305) 539-1304

                    Alison Anderson (CA Bar No. 275334)
                    aanderson@bsfllp.com
                    M. Logan Wright (CA Bar No. 349004)
                    mwright@bsfllp.com
                    2029 Century Park East
                    Suite 1520
                    Los Angeles, CA 90067
                    Telephone: (213) 995-5720

             SUSMAN GODFREY L.L.P.
                    Amanda Bonn (CA Bar No. 270891)
                    abonn@susmangodfrey.com
                    1900 Avenue of the Stars, Suite 1400
                    Los Angeles, CA 90067
                    Telephone: (310) 789-3100

                    Bill Carmody (pro hac vice)
                    bcarmody@susmangodfrey.com
                    Shawn J. Rabin (pro hac vice)
                    srabin@susmangodfrey.com
                    Steven Shepard (pro hac vice)
                    sshepard@susmangodfrey.com
                    Alexander P. Frawley (pro hac vice)
                    afrawley@susmangodfrey.com
                    Ryan Sila (pro hac vice)
                    rsila@susmangodfrey.com
                    One Manhattan West, 50th Floor
                    New York, NY 10001
                    Telephone: (212) 336-8330

             MORGAN & MORGAN
                    John A. Yanchunis (pro hac vice)
                    jyanchunis@forthepeople.com
```

6

JOINT PRETRIAL SCHEDULING SUBMISSION               CASE NO. 3:20-cv-4688-RS

        Ryan J. McGee (pro hac vice)
        rmcgee@forthepeople.com
        201 N. Franklin Street, 7th Floor
        Tampa, FL 33602
        Telephone: (813) 223-5505

        Michael F. Ram (CA Bar No. 238027)
        mram@forthepeople.com
        711 Van Ness Avenue, Suite 500
        San Francisco, CA 94102
        Telephone: (415) 358-6913

        *Attorneys for Plaintiffs*

WILLKIE FARR & GALLAGHER, LLP

By: */s/ Benedict Y. Hur*
    Benedict Y. Hur (CA Bar No. 224018)
    bhur@willkie.com
    Simona Agnolucci (CA Bar No. 246943)
    sagnolucci@willkie.com
    Eduardo E. Santacana (CA Bar No. 281668)
    esantacana@willkie.com
    Argemira Florez (CA Bar No. 331153)
    aflorez@willkie.com
    One Front Street, 34th Floor
    San Francisco, CA  94111
    Telephone: (415) 858-7400
    Facsimile: (415) 858-7599

    *Attorneys for Defendant Google LLC*