1  **WILLKIE FARR & GALLAGHER LLP**
   BENEDICT Y. HUR (SBN: 224018)
2    bhur@willkie.com
   SIMONA AGNOLUCCI (SBN: 246943)
3    sagnolucci@willkie.com
   EDUARDO E. SANTACANA (SBN: 281668)
4    esantacana@willkie.com
   ARGEMIRA FLÓREZ (SBN: 331153)
5    aflorez@willkie.com
   HARRIS MATEEN (SBN: 335593)
6    hmateen@willkie.com
   RODOLFO E. RIVERA AQUINO (SBN: 348512)
7    rriveraquino@willkie.com
   333 Bush Street, 34th Floor
8  San Francisco, CA 94104
   Telephone: (415) 858-7400

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, *et al*. individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>GOOGLE LLC, *et al*.,<br><br>　　　　　　　Defendant. | Case No.  3:20-CV-04688 RS<br><br>**GOOGLE LLC'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFFS' UNTIMELY DAMAGES OPINION**<br><br>*[Filed concurrently with Santacana Declaration and [Proposed] Order]*<br><br>Date:　　　February 13, 2025<br>Time:　　　1:30 p.m.<br>Ctrm:　　　3 - 17th Floor<br>Judge:　　Hon. Richard Seeborg<br><br>Action filed:　July 14, 2020<br>Trial Date:　　August 18, 2025 |

**PLEASE TAKE NOTICE** that on February 13, 2025, at 1:30 p.m. the undersigned will appear before the Honorable Richard Seeborg of the United States District Court for the Northern District of California to move the Court, under Federal Rules of Civil Procedure 26, and 37 for an order to: strike Plaintiffs' new damages opinion disclosed in their third "amended" Rule 26 disclosures ("New Opinion"), bar this New Opinion from being incorporated into Michael Lasinski's forthcoming supplemental report, and exclude Plaintiffs' untimely disclosed New Opinion from trial.

This Motion is based upon this Notice of Motion and Motion to Strike Plaintiffs' Untimely Damages Opinion, the incorporated Memorandum of Points and Authorities, the Declaration of Eduardo E. Santacana filed concurrently herewith, and the exhibit attached thereto, along with other materials in the record, argument of counsel, and such other matters as the Court may consider.

## ISSUES PRESENTED

Whether Plaintiffs' New Opinion should be stricken, barred from being incorporated into Michael Lasinski's forthcoming supplemental report, and excluded from trial pursuant to Rules 26 and 37.

Dated: December 19, 2024                Respectfully submitted,

                                         WILLKIE FARR & GALLAGHER LLP

                                         By:   */s/ Eduardo E. Santacana*

                                              Benedict Y. Hur
                                              Simona Agnolucci
                                              Eduardo E. Santacana
                                              Argemira Flórez
                                              Harris Mateen
                                              Rodolfo E. Rivera Aquino

                                              *Attorneys for Defendant*
                                              *GOOGLE LLC*

**TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................................................. 1

II.  FACTUAL BACKGROUND ........................................................................................... 2

    A.   Mr. Lasinski's Opinions ........................................................................................ 2

    B.   Google's August 2024 Productions ...................................................................... 3

    C.   Plaintiffs' Third Amended Rule 26 Disclosures .................................................. 4

III. LEGAL STANDARD ....................................................................................................... 4

IV.  ARGUMENT ..................................................................................................................... 5

    A.   Plaintiffs' disclosure of a new damages theory violates Rule 26 ......................... 5

    B.   Plaintiffs' New Opinion should be stricken because its disclosure was not
         substantially justified or harmless. ........................................................................ 8

V.   CONCLUSION ............................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Andrews v. Plains All Am. Pipeline, L.P*,
  No. CV154113PSGJEMX, 2019 WL 6647928 (C.D. Cal. Nov. 22, 2019)..............................7

*Asia Vital Components Co. v. Asetek Danmark A/S*,
  377 F. Supp. 3d 990 (N.D. Cal. 2019) .................................................................................5

*Bastidas v. Good Samaritan Hosp. LP*,
  No. 3:13-CV-04388-SI, 2017 WL 1345604 (N.D. Cal. Apr. 12, 2017)..................................10

*Eisen v. Day*,
  No. 21-CV-05349-VKD, 2024 WL 1244482 (N.D. Cal. Mar. 21, 2024).......................5, 8, 11

*Encompass Ins. Co. v. Berger*,
  No. CV128294MWFPJWX, 2014 WL 12597120 (C.D. Cal. Aug. 12, 2014) ........................6

*Hoffman v. Constr. Protective Servs., Inc.*,
  541 F.3d 1175 (9th Cir. 2008), as amended (Sept. 16, 2008)......................................................8

*Keener v. United States,* 181 F.R.D. 639, 640 (D. Mont. 1998)......................................................5

*Kennis v. Metro. W. Asset Mgmt., LLC*
  No. CV 15-8162-GW(FFMX), 2018 WL 9440483 (C.D. Cal. Nov. 29, 2018) ..................7, 11

*Luke v. Fam. Care & Urgent Med. Clinics*,
  323 Fed. App'x. 496 (9th Cir. 2009) ...............................................................................5, 8

*Mass Probiotics, Inc. v. Aseptic Tech., LLC*
  No. SACV161394DOCGJSX, 2017 WL 10621233 (C.D. Cal. Dec. 21, 2017)..............8, 9, 11

*Nat'l Prods. Inc. v. Innovative Intelligent Prods. LLC*,
  No. 2:20-CV-00428-DGE, 2024 WL 3582365 (W.D. Wash. July 30, 2024) .........................6

*Netfuel, Inc. v. Cisco Sys. Inc.*,
  No. 5:18-CV-02352-EJD, 2020 WL 4381768 (N.D. Cal. July 31, 2020) .........................6, 11

*Power Integrations, Inc. v. ON Semiconductor Corp.*,
  396 F. Supp. 3d 851 (N.D. Cal. 2019) .................................................................................8

*Turner v. Thyssenkrupp Materials NA, Inc.*,
  No. 818CV00822CJCKESX, 2020 WL 7123312 (C.D. Cal. Nov. 5, 2020), order
  clarified, No. 818CV00822CJCKESX, 2020 WL 7863859 (C.D. Cal. Nov. 12,
  2020) ..................................................................................................................................5

*Wendt v. Host Int'l, Inc.*,
   125 F.3d 806 (9th Cir. 1997) ..................................................................................................12

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
   259 F.3d 1101 (9th Cir. 2001) ..............................................................................................5, 8

**Other Authorities**

Fed. R. Civ. P. 26 ................................................................................................................. *passim*

Fed. R. Civ. P. 26(a).........................................................................................................4, 5, 8, 10

Fed. R. Civ. P. 26(a)(1)(A)(iii) ........................................................................................................4

Fed. R. Civ. P. 26(a)(2)(D) .............................................................................................................6

Fed. R. Civ. P. 26(e).........................................................................................................1, 4, 6, 8

Fed. R. Civ. P. 26(e)(1)....................................................................................................................1

Fed. R. Civ. P. 26(e)(1)(A) ..........................................................................................................4, 5

Fed. R. Civ. P. 37(a)(1)..................................................................................................................14

Fed. R. Civ. P. 37(c)(1)............................................................................................................1, 5, 8

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Four hundred and thirty days after the close of expert discovery in this case, but just 31 days after the parties were unable to settle the case at mediation, Plaintiffs served Google with a third "amended" Rule 26 disclosure that disclosed a new, four-and-a-half-page damages opinion that increased Plaintiffs' actual damages calculations by approximately 3,200%—from millions to billions (the "New Opinion"). The belated introduction of this New Opinion is a blatant attempt to circumvent the letter and spirit of Rule 26(e) and under prevailing law should be stricken. The New Opinion is untimely—it was served 686 days after the close of fact discovery, 430 days after the close of expert discovery, and just months before trial. Furthermore, the New Opinion goes far beyond the permissible scope of what the Federal Rules of Civil Procedure contemplate when they require a party supplementing or correcting disclosures to do so "in a *timely* manner if the party learns that in *some material respect* the disclosure . . . is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1) (emphasis added).

Plaintiffs' "New Opinion" puts forward an entirely new method for calculating damages without justification for changing their previously disclosed expert damages opinions, nor for the late disclosure. The Court should strike Plaintiffs' untimely disclosed New Opinion and bar them from incorporating this Opinion into any supplemental expert damages report they anticipate serving because they have failed to carry their burden to show that such delay was substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1).

In their "amended" disclosure, Plaintiffs imply that some aspect of the New Opinion is premised on data Google produced after the close of expert discovery. *See* ECF No. 427 at 4; Declaration of Eduardo E. Santacana ISO Google's Motion to Strike Plaintiffs' Untimely Damages Opinion ("Santacana Decl.") Ex. 1 at 16. If Plaintiffs rely on Google's 2024 data productions for their late disclosure, the Court should not countenance any suggestion these productions justify a change in Plaintiffs' damages methodology. Google's 2024 data productions could not logically have triggered Plaintiffs' New Opinion. Google's supplemental productions were of agreed-upon data containing revenue and statistical data covering additional time periods within the class

period—i.e., the same, or comparable, categories of numbers, just from a more recent time period. Plaintiffs' New Opinion does not even cite to any of the recently produced financial data; their new theory relies on data they possessed before Google's 2024 productions.

Plaintiffs' New Opinion would, if not stricken, result in prejudice to Google, who has been preparing to try this case based on the damages theories the parties have litigated extensively and used as a guide during settlement preparation and discussions to date. Rule 26 requires supplementation in limited circumstances, it does not grant parties free rein to change their damages theories after the close of expert discovery. The Court should strike Plaintiffs' New Opinion as untimely and improper under Rule 26.

## II.     FACTUAL BACKGROUND

Fact and expert discovery in this case closed on October 31, 2022 and on July 14, 2023, respectively. Plaintiffs' damages expert, Michael J. Lasinski, served his report on February 20, 2023. Google's rebuttal damages expert, Christopher R. Knittel, served his rebuttal report on May 31, 2023. Google deposed Mr. Lasinski on June 29, 2023 and Plaintiffs deposed Mr. Knittel on July 11, 2023.

### A.  Mr. Lasinski's Opinions

Mr. Lasinski's expert report offers two damages models that he alleges measure the monetary relief that would be appropriate if Google were to be found liable in this matter. *See* ECF No. 364-23. Mr. Lasinski's "actual damages" model awards $3 per class-member device. ECF No. 364-23 at ¶¶130–31. He borrows this $3 figure from a consumer research program conducted for Google, the Ipsos Screenwise Panel ("Screenwise"). *Id.* The program pays participants $3 ***per month*** for using a Screenwise meter app on a single mobile device that may potentially collect and record all interactions with that device. *Id.* at ¶138. Mr. Lasinski opines that "[w]hile the Screenwise compensation structure applies this $3 payment per device ***per month***, it is [his] opinion that actual damages through December 2022 can be conservatively measured by applying this $3 payment on a ***one-time basis*** to the number of Class Member Devices, where a single Class Member Device represents a mobile device (smartphone or tablet) used with WAA/sWAA off at least once during the Class Period through December 2022." *Id.* at ¶131 (emphasis added). To reach his

2

proposed "actual damages" figure of approximately $486 million, Mr. Lasinski multiplied the approximately 162.0 million Class Member Devices (representing a class size of 90.9 million members) by $3. *Id.* at ¶161.

To reach these figures, Mr. Lasinski used data Google produced regarding the number of U.S. accounts that were "ever active" during the relevant time period and the portion of those accounts for which (s)WAA was turned off at any time. *See generally Id.* at ¶152–161. He paired this data with publicly available data regarding the U.S. population and estimated a total of approximately 90.9 million class members. *Id.* at ¶154.

Mr. Lasinski also estimated the number of (s)WAA-off user months—i.e., months in which an individual used a smartphone or tablet with (s)WAA off in the U.S. Next, to derive the number of Class Member Devices, he looked to Plaintiffs' survey expert's results and estimated 1 device per class member aged 10-17 and 1.86 mobile devices per adult class members. *Id.* at ¶¶159, 170.

When asked about his decision to put forward a $3 per device ***one-time*** damages award, rather than ***per month*** as was done in the Screenwise program, Mr. Lasinski repeated the unequivocal statement in his expert report that the correct approach here would be to apply a one-time fee: "Q: You are setting a conservative floor of $3 one time, not $3 every month, right? A. That is how the calculation works. That is correct." *See* ECF No. 364-17 at 70:13–17. "Q. Why was it more appropriate to do a one-time calculation? . . . [A]: Again, even if I -- even if I had sWAA-off months, that wouldn't necessarily tell me whether or not . . . they hit a third-party site . . . with a Google tracker on it. And so in this case, to be, as I've said in the past, appropriate and conservative, I did it -- I calculated a one-time payment per device." *Id.* at 61:17–18, 23–5; 62:1–5.

### B. Google's August 2024 Productions

Prior to the Parties' August mediation, Google produced supplemental financial data and statistics which covered additional time periods within the class period, per the Parties' agreement. Specifically, this data consisted of revenue data for App Promo and AdMob and statistics regarding the monthly number of active U.S. Google Accounts where (s)WAA was turned off at any time and which were ever active, and results from Google's queries showing the percentage of (s)WAA-off traffic within a Google data log. *See* Santacana Decl. at ¶3. After the

mediation, Google produced one additional related document with statistical data regarding the monthly number of active U.S. Google Accounts, including with WAA and sWAA enabled. *Id.* at ¶4.

None of the data sets supplemented by Google in 2024 were incorporated in any way into the New Opinion's new calculations of damages.

### C. Plaintiffs' Third Amended Rule 26 Disclosures

Plaintiffs have amended their disclosures twice since the close of discovery. Plaintiffs served their third "amended" disclosures on September 16, 2024 and added a four-and-a-half-page damages opinion that had not been previously disclosed. *See* Santacana Decl., Ex. 1 (Disclosures Redline) at 12–16. The New Opinion offers a new formula where the actual damages awarded are the result of multiplying (i) a reasonable dollar value for the right to collect data during one "device month"; by (ii) the total number of "device months" in which Google was able to collect (s)WAA-off app activity data from class members. *Id.* at 12. Using this formula, Plaintiffs calculate the total number of user-months as approximately 3.02 billion and multiply this figure by the average number of devices (1.86 per adult and 1.0 per minor) to yield a maximum number of device-months at approximately 5.3 billion. *Id.* at 13–14. In this actual damages formula, if the jury determines that the $3 figure is reasonable, the actual damages would amount to $15,973,851,845 through 2022. *Id.* at 14. Before this New Opinion, as discussed, Plaintiffs' disclosed damages opinion did not multiply $3 by device months, and the total damages amount was calculated at approximately $486 million.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires parties to exchange a computation of each category of damages claimed as part of their initial disclosures. Fed. R. Civ. P. 26(a)(1)(A)(iii). A party who has made a disclosure under Rule 26(a) must supplement or correct its disclosure or response in a timely manner "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). But "Rule 26(e) creates a 'duty to supplement,' not a right .

. . Rather, '[s]upplementation under the Rules means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *See Luke v. Fam. Care & Urgent Med. Clinics*, 323 Fed. App'x. 496, 500 (9th Cir. 2009) (affirming lower court's holding to exclude as untimely expert theory submitted by plaintiffs in response to defendants' MSJ) (citing *Keener v. United States,* 181 F.R.D. 639, 640 (D. Mont. 1998)).

"A party aggrieved by an untimely amendment may move to strike the offending material. The 'standards governing amendment are those contained in Rules 26(e) and 37(c), enforceable upon motion by the opposing party.'" *See Turner v. Thyssenkrupp Materials NA, Inc.*, No. 818CV00822CJCKESX, 2020 WL 7123312, at *3 (C.D. Cal. Nov. 5, 2020), order clarified, No. 818CV00822CJCKESX, 2020 WL 7863859 (C.D. Cal. Nov. 12, 2020). *See also*, *Asia Vital Components Co. v. Asetek Danmark A/S*, 377 F. Supp. 3d 990, 1005–6 (N.D. Cal. 2019) (striking portions of expert declaration disclosing new theories at summary judgment). Rule 37(c)(1), states that a party who fails to provide information as required by Rule 26(a) or (e) "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Ultimately, a court is given "wide latitude" to issue sanctions under Rule 37(c)(1) and the burden is on the party facing sanctions to prove justification or harmlessness of the belated disclosure. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (stating that the Ninth Circuit gives "particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)"); *see also Eisen v. Day*, No. 21-CV-05349-VKD, 2024 WL 1244482, at *1 (N.D. Cal. Mar. 21, 2024) ("The party facing sanctions under Rule 37(c)(1) bears the burden of proving that their discovery violations were justified or harmless.").

IV.   ARGUMENT

**A. Plaintiffs' disclosure of a new damages theory violates Rule 26.**

Rule 26 directs parties required to supplement their disclosures to do so "in a timely manner" and with "special promptness as the trial date approaches." Fed. R. Civ. P. 26(e)(1)(A) advisory committee's note to 1993 amendment. Expert disclosures must be disclosed at the times and in the

sequence that the court orders. *See* Fed. R. Civ. P. 26(a)(2)(D). A party's delay in supplementing is improper where, as here, it waits months past the close of fact discovery to disclose new damages theories. *See, e.g., Netfuel, Inc. v. Cisco Sys. Inc.*, No. 5:18-CV-02352-EJD, 2020 WL 4381768, at *6 (N.D. Cal. July 31, 2020) (granting defendant's motion to strike plaintiff's supplemental damages contentions produced over seven months after the close of discovery).

Indeed, Rule 26(e) limits the scope of supplementation to circumstances that don't apply here: "Supplements under Rule 26(e) are only proper if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . A supplement of an incomplete report is proper if the supplemental information was not previously available to the offering party." *See Encompass Ins. Co. v. Berger*, No. CV128294MWFPJWX, 2014 WL 12597120, at *3 (C.D. Cal. Aug. 12, 2014). The Rule "does not . . . provide a party free rein to continue developing expert testimony beyond the deadline set in the Scheduling Order." *Id*. *See also Nat'l Prods. Inc. v. Innovative Intelligent Prods. LLC,* No. 2:20-CV-00428-DGE, 2024 WL 3582365, at *3 (W.D. Wash. July 30, 2024) (finding timing of defendants' damages disclosures unreasonable because they could have been disclosed "well in advance").

Yet that is exactly what Plaintiffs have done here. Over a year after the close of discovery, Plaintiffs abandon their previously disclosed methodology for calculating damages of multiplying the $3 figure (which Plaintiffs deemed to be a fair value of the at-issue data on the open market), by the number of Class Member Devices, Plaintiffs' New Opinion offers new, alternative categories and multipliers to reach a greater range of actual damages figures. Plaintiffs now repurpose the number of Class Member Devices as "device months," and claim there are at least as many device months as there are Devices. They also claim that a jury could calculate "device months" by multiplying "user months" by the "average number of devices per person." They calculate the total number of user-months as approximately 3.02 billion. They multiply this figure by the average number of devices (1.86 per adult and 1.0 per minor) to yield a maximum number of device-months at approximately 5.3 billion. If the jury finds the $3.00 per device-month figure reasonable, then actual damages would max out at a striking $15.9 billion. To put it more clearly, compare:

| Mr. Lasinski's February 2023 Report Opinion | Third "Amended" Rule 26 Disclosures Opinion |
|---|---|
| | Total |
| Class Member Devices | 162,015,424 |
| Selected Payment per Class Member Device | $3.00 |
| Actual Damages | $486,046,273 |
| See ECF No. 364-23 at ¶161 | "actual damages . . . may be computed using the following formula:<br>(i) a reasonable dollar value for the right to collect data during one 'device month'; multiplied by (ii) the total number of 'device months'";<br>The jury may also determine the total number of device months by multiplying:<br>• (x) the number of "user months" [3,023,800,204] by<br>• (y) the average number of devices per person" [1.86 per adult and 1.00 per minor]<br>• yields 5,324,617,315 device months through 2022. This is the maximum number of device months.<br><br>If the jury determines that $3.00 per device month is reasonable, then actual damages under the above formula would be $15,973,851,945 through 2022.<br><br>See Ex. 1 at 12–14 |

Plaintiffs' New Opinion must be stricken because it is not a proper supplement under Rule 26. *See Kennis v. Metro. W. Asset Mgmt., LLC*, No. CV 15-8162-GW(FFMX), 2018 WL 9440483, at *5 (C.D. Cal. Nov. 29, 2018) (striking expert's supplemental report as an improper supplement under Rule 26 because it belatedly applied methodology to previously available data he had originally chosen to exclude). Plaintiffs are not correcting inaccuracies, like arithmetic errors. *See, e.g., Andrews v. Plains All Am. Pipeline, L.P*, No. CV154113PSGJEMX, 2019 WL 6647928, at *4 (C.D. Cal. Nov. 22, 2019) (finding amended expert reports "properly supplemental in that they correct an arithmetic error that was discovered, rather than strengthen or deepen opinions."). Nor do Plaintiffs contend that their prior expert damages disclosures were incomplete. Nor could they, as to do so would require admitting that their expert's initial report failed to comply with Rule 26's requirements to disclose the models and calculations considered and relied upon in forming his opinions.

Whenever courts are confronted with a situation like this, where a litigant attempts to smuggle new opinions into supplemented reports or disclosures, courts hold that such supplementation exceeds the bounds of supplementation envisioned by Rule 26. *See Mass Probiotics, Inc. v. Aseptic Tech.*, *LLC*, No. SACV161394DOCGJSX, 2017 WL 10621233, at *4 (C.D. Cal. Dec. 21, 2017) (granting motion to strike supplemental damages disclosure where Plaintiffs claimed new categories of damages); *See Eisen v. Day*, 2024 WL 1244482, at *3 (barring defendant from presenting evidence in support of affirmative damages claim because "neither the category nor any computation of it" was timely disclosed to plaintiff); *see also Luke v. Fam. Care & Urgent Med. Clinics*, 323 Fed. App'x. at 500 (affirming exclusion of untimely expert materials that did not "correct an inaccuracy in the Plaintiffs' original disclosures, nor did it fill in a gap based on information previously unavailable to the Plaintiffs."; "Rule 26(e) [does not] create a loophole through which a party who submits partial expert witness disclosures, or who wishes to revise her disclosures in light of her opponent's challenges to the analysis and conclusions therein, can add to them to her advantage after the court's deadline for doing so has passed."); *see also Power Integrations, Inc. v. ON Semiconductor Corp.,* 396 F. Supp. 3d 851, 884 (N.D. Cal. 2019) ("If the theory is new, prejudice is 'inherent in the assertion of a new theory after discovery has closed.'").

### B. Plaintiffs' New Opinion should be stricken because its disclosure was not substantially justified or harmless.

"Rule 37(c)(1) "gives teeth' to Rule 26's disclosure requirements by "forbidding the use at trial of any information required to be disclosed that was not properly disclosed." *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101 at 1106; *Hoffman v. Constr. Protective Servs., Inc.,* 541 F.3d 1175, 1179 (9th Cir. 2008), as amended (Sept. 16, 2008) (same). It provides that "a party who fails to provide information as required by Rule 26(a) or (e) 'is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'" *Mass Probiotics, Inc. v. Aseptic Tech., LLC*, No., 2017 WL 10621233, at *3. In determining whether a late disclosure was substantially justified or harmless, courts consider factors such as: "'(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing

the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing part's explanation for its failure to disclose the evidence.'" *Id.* (citations omitted). Plaintiffs' belated disclosures are not substantially justified or harmless. Google takes each factor in turn below.

**First, the surprise to Google is significant.** Plaintiffs' New Opinion was served hundreds of days after the close of fact and expert discovery and now expands Google's potential damages exposure by over 32x the prior damages opinion. While the sheer size of the increase is alone shocking, Google also had no reason to expect a new opinion at this stage. For example, at no point before serving their third "amended" Rule 26 disclosures did Plaintiffs seek leave from Google or the Court to change their disclosed expert opinions.

Most glaringly, Google agreed to make supplemental damages-related productions of data the Parties agreed to exchange in January 2024, so that Plaintiffs could "serve ***updated calculations*** from Mr. Lasinski." ECF No. 427-6 at 2 (emphasis added). While the Parties did not establish the exact date for the supplement, they agreed on the type of damages supplement Plaintiffs would produce: Mr. Lasinski would "update his calculations to reflect the additional time period at issue" meanwhile "***[h]is methodologies will remain the same***." *Id.* (emphasis added). Given these representations, Google could not have expected that Plaintiffs would proffer a new opinion for calculating damages and seek to incorporate it into a supplemental expert report, as they do here. *See* ECF No. 427 at 4. And, indeed, Plaintiffs have now made clear during an oral meet and confer call that they intend to go back on this agreement, disclosing to Google recently that Mr. Lasinski's supplemental expert report will not just update calculations, but rely on this newly disclosed methodology to put forward an entirely new expert damages opinion and calculation. *See* Santacana Decl. ¶6.

Yet, in his expert report, Mr. Lasinski explicitly limited his actual damages calculations to exclude the multiplier that Plaintiffs' New Opinion seeks to add now. In other words, Mr. Lasinski previously opined that actual damages could be measured by applying the $3 payment on a one-time basis ***instead*** of per device per month. He testified to expressly exclude such a methodology. *See* ECF No. 364-23. at 70:13–17 ("Q: You are setting a conservative floor of $3 one time, not $3

9

every month, right? A. That is how the calculation works. That is correct."). Now, Plaintiffs seek to do just that.

Perhaps Plaintiffs say that they sought to bolster Mr. Lasinski's opinion after Google pointed out in a *Daubert* motion that his methodology "doesn't pass the smell test" because the $3 payment figure was a number "plucked for a specific outcome, not for its accuracy." ECF No. 332 at 12–13. To be sure, multiplying by "user-months" doesn't fix the many problems with Mr. Lasinski's damages opinion. But regardless, the point is that discovery is over; Plaintiffs cannot repair the problems in their case *ad infinitum* when they are pointed out by Google. At some point (to wit, the discovery cutoff), certainty is required so the parties can move to trial. *See, e.g., Bastidas v. Good Samaritan Hosp. LP*, No. 3:13-CV-04388-SI, 2017 WL 1345604, at *7 (N.D. Cal. Apr. 12, 2017) (granting defendants' motion to exclude plaintiffs' belated damages calculations notwithstanding plaintiffs' exposure to them because "figures alone do not explain the assumptions required for plaintiff's calculations . . . Plaintiff turned over the 'evidentiary materials,' but failed to turn over each computation until the last minute.").

**Second, Google's surprise cannot be cured without disrupting trial.** Google has established its defenses, conducted discovery accordingly, and moved for summary judgment based on the Parties' disclosures and experts' theories to date. To cure Google's surprise from this newly disclosed opinion would, at a minimum, require re-opening discovery over two years after its closing, and months away from trial. Google would have to investigate Plaintiffs' new theory and prepare Google's damages expert to respond, which would be time consuming, burdensome and costly for all parties involved. And then Google would have to depose Mr. Lasinski based on his new damages theory. Given the current schedule, there is no realistic opportunity for the Parties to engage in additional discovery needed to address Plaintiffs' expanded damages theory without interfering with the trial date. Nor is it just to reopen discovery without justification based solely on Plaintiffs' apparent desire to exert additional settlement pressure on Google with an artificially inflated damages figure in the immediate wake of an unsuccessful mediation.

"The Ninth Circuit has made clear that late disclosure of information required by Rule 26(a) is not harmless where it requires discovery to be reopened and a new schedule to be created." *See*

*Mass Probiotics, Inc. v. Aseptic Tech., LLC*, 2017 WL 10621233, at *5. Accepting Plaintiffs' New Opinion at this late stage would unnecessarily protract this case and grant Plaintiffs dangerous latitude to continue expanding their damages computations without justification. *See Eisen v. Day*, 2024 WL 1244482, at *3 (finding plaintiff's untimely disclosures prejudicial even though the delay was not done in bad faith).

As this Court previously held in its Order denying Plaintiffs' leave to amend its Complaint to add a third class, Google's "litigation strategy has been crafted with the understanding that the case concerned [claims based on the same factual theory]" and enlarging the case at this late stage would invoke "precisely the kind of surprise that would unfairly prejudice litigants." *See* ECF No. 281 at 7. History has repeated itself, and once again, Plaintiffs offer no satisfactory explanation for why their belated "amendment" is justified. After several extensions, "the deadline for the close of fact discovery has come and gone . . . This is not a case in its early stages, where a minor expansion of discovery or extension to the schedule cannot be said to cause prejudice. In light of Plaintiffs' behavior . . . any suggestion by Plaintiffs of the minimal impact of any resulting additional discovery is simply not credible." *Id.* at 281. Google respectfully requests that the Court strike Plaintiffs' New Opinion for the same reasons.

**Third, Plaintiffs' New Opinion is not necessary to support their actual damages opinion.** Plaintiffs' own disclosures admit that there are alternatives for the jury to reach the actual damages figure without the addition of the New Opinion proposed in their third "amended" Rule 26 disclosures. Ex. 1 at 14–15.

**Fourth, Plaintiffs cannot justify their failure to timely disclose the New Opinion.** Plaintiffs contend that their new damages opinion is appropriate because it is based in part on data Google produced in August. As explained above, Google's productions merely expanded the date ranges for comparable categories of data, it did not produce new data that would trigger a new Opinion. "[T]he fact that Plaintiff identified their theory of damages . . . does not give Plaintiff *carte blanche* authority to add copious new facts and discrete theories months after fact discovery closed." *Netfuel, Inc. v. Cisco Sys. Inc.*, 2020 WL 4381768, at *4; *see also Kennis v. Metro. W. Asset Mgmt., LLC*, 2018 WL 9440483, at *6.

These factors overlap with the five factors articulated by the Ninth Circuit in *Wendt v. Host Int'l, Inc.,* 125 F.3d 806, 814 (9th Cir. 1997) in considering the propriety of excluding belatedly disclosed damages evidence from trial, and counsel in favor of excluding evidence of the New Opinion at trial for the aforementioned reasons.

### V. CONCLUSION

Plaintiffs' disclosure of a new damages opinion was not substantially justified or harmless. Sanctions are in order. Google respectfully requests that the Court strike Plaintiffs' New Opinion, bar it from being incorporated into Mr. Lasinski's forthcoming supplemental report, and exclude Plaintiffs' untimely disclosed expert damages theory from trial.

Dated: December 19, 2024

Respectfully submitted,

WILLKIE FARR & GALLAGHER LLP

By:  /s/ *Eduardo E. Santacana*

Benedict Y. Hur
Simona Agnolucci
Eduardo E. Santacana
Argemira Flórez
Harris Mateen
Rodolfo E. Rivera Aquino

*Attorneys for Defendant*
GOOGLE LLC

**GOOD FAITH CONSULTATION CERTIFICATION**

Pursuant to Federal Rule of Civil Procedure 37(a)(1), undersigned counsel hereby certifies that the parties have conferred in attempts to resolve their disagreements regarding the scope and appropriateness of Plaintiffs' new damages opinion. The parties were unable to resolve their disagreements, necessitating the filing of Google's Motion to Strike Plaintiffs' Untimely Damages Opinion.

By:  /s/ Eduardo E. Santacana

Benedict Y. Hur
Simona Agnolucci
Eduardo E. Santacana
Argemira Flórez
Harris Mateen
Rodolfo E. Rivera Aquino

*Attorneys for Defendant*
*GOOGLE LLC*