# EXHIBIT 1

# MAO DECLARATION OPPOSITION TO MOTION TO STRIKE

```
BOIES SCHILLER FLEXNER LLP
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile: (415) 999 9695

SUSMAN GODFREY L.L.P.
William Christopher Carmody (pro hac vice)
bcarmody@susmangodfrey.com
Shawn J. Rabin (pro hac vice)
srabin@susmangodfrey.com
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

MORGAN & MORGAN
John A. Yanchunis (pro hac vice)
jyanchunis@forthepeople.com
Ryan J. McGee (pro hac vice)
rmcgee@forthepeople.com
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
```

*Attorneys for Plaintiffs*

**UNITED STATE DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIBAL RODRIGUEZ and JULIEANNA MUNIZ, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC and ALPHABET INC.,<br><br>Defendants. | Case No.: 3:20-cv-4688-RS<br><br>**PLAINTIFFS' INITIAL DISCLOSURES**<br><br>The Honorable Richard Seeborg |

Plaintiffs make the following initial disclosures per Federal Rule of Civil Procedure 26(a)(1).

## I.   NAMES AND ADDRESSES OF INDIVIDUALS LIKELY TO POSSESS DISCOVERABLE INFORMATION

The following individuals and/or entities may possess discoverable information that Plaintiffs may use to support their claims. Documents and information identifying additional witnesses are in the possession and control of Defendants Google LLC ("Google"), Alphabet Inc. ("Alphabet"), and non-parties to this litigation. Plaintiffs reserve the right to supplement or amend these lists as discovery proceeds.

### A.   Plaintiffs

Plaintiff Anibal Rodriguez has knowledge about his use of mobile apps integrating Google's Firebase SDK (software developer kit) and his effort to turn off Google's "Web & App Activity" tracking. Because no protective order has been agreed to, and Mr. Rodriguez values his personally identifiable information, he may be contacted through counsel, but will provide his contact information upon the entry of a protective order.

Plaintiff JulieAnna Muniz has knowledge about her use of mobile apps integrating Google's Firebase SDK (software developer kit) and her effort to turn off Google's "Web & App Activity" tracking. Because no protective order has been agreed to, and Ms. Muniz values her personally identifiable information, she may be contacted through counsel, but will provide her contact information upon the entry of a protective order.

### B.   Current or Former Employees of Google and Non-Parties

Current or former Google employees with knowledge of its privacy disclosures, Firebase SDK, use of data intercepted/collected by Google when users have turned off "Web & App Activity" tracking, financial information and revenues attributable to the use of any user data by Google, and any knowledge of the following categories of documents:

- Google's disclosures and policies relating to the data it collects directly and indirectly on consumers, particularly with regard to data collected on consumers who have turned off "Web & App Activity" tracking.

- Google's logs relating to the data it collects directly and indirectly on consumers, particularly with regard to data collected on consumers who have turned off "Web & App Activity" tracking.
- Google's internal documents relating to consumers' control over how their data is collected, used, shared, and disposed.
- Google's internal documents relating to transparency about how consumers' data is collected, used, shared, and disposed.
- Google's written representations to and agreements with websites, web publishers, web applications, and mobile app publishers that use Google services, including but not limited to what data Google collects and how Google complies with laws and regulations regarding the collection of data.
- Google's technical documents relating to how its technologies and services work with consumer data that it collects directly and indirectly, particularly with regard to data collected while consumers have turned off "Web & App Activity" tracking.
- Google's documents concerning its acquisition of Firebase and technical documents relating to Firebase SDK.
- Google's technical documents relating to how to track individual consumers, their devices, and their locations.
- Google's responses and document productions to regulators, including without limitation the U.S. Federal Trade Commission (FTC) and Department of Justice (DoJ), the Arizona Attorney General, the California Attorney General, European data protection authorities, and the Australian Competition & Consumer Commission (ACCC), relating to Google's disclosures and data collection practices between at least 2011 and the present.
- Google's assurances, at any time, to not merge first- and third-party data and services.
- Google's compliance and audit documents relating to its efforts and/or failures to comply with the Google-FTC Consent Decree of 2011, relating to Google's Buzz Social Network.
- Google's external and internal documents relating to how Google attempted to comply and/or complied with the California Consumer Privacy Act (CCPA), Europe's General Data Privacy Regulation (GDPR), and similar legislation.
- Google's external and internal documents relating to how Google lobbied for or against bills and proposed laws in the United States similar to or based on the California Consumer Privacy Act (CCPA).
- Google's external and internal documents relating to any new privacy features Google has released or is releasing with regard to opting out of web and app activity tracking, and Google Analytics.
- Google's sales documents relating to its profits from Google Analytics (and legacy products that was eventually merged into Google Analytics) that may relate to how Google profited from the allegations at issue in the Complaint.
- Google's sales documents relating to its profits from Google Ad Manager (and legacy products that was eventually merged into Google Ad Manager) that may relate to how Google profited from the allegations at issue in the Complaint.

2

PLAINTIFFS' INITIAL DISCLOSURES

- Google's documents showing how Google improved its Google products and services (including but not limited to Search, Google Analytics, and Google Ad Manager) based on data Google obtained relating to the allegations at issue in the Complaint.
- All ways in which Google has benefited from the unlawful conduct alleged in this lawsuit, including without limitation advertising revenues.

Non-parties who make use of data intercepted/collected by Google, including when users have turned off "Web & App Activity" tracking.

## II. DESCRIPTION OF ALL RELEVANT DOCUMENTS IN PLAINTIFFS' POSSESSION

Plaintiffs are not yet able to identify additional documents they may use to support their claims because most of the relevant documents and information regarding this action are in the possession, custody, and control of Google or non-parties. However, Plaintiffs may possess documents relating to their use of mobile apps, advertisements displayed to them, and documents relating to their request for damages. In addition, Plaintiffs may use certain publicly available documents, such as Google's representations and press releases, marketing materials, and industry reports.

## III. DAMAGES

Plaintiffs seek statutory damages, compensatory damages, punitive damages, restitution, and disgorgement, pre-judgment interest, post-judgment interest, reasonable attorneys' fees, expert witness fees and other costs, and any other further relief as the Court deems just and proper, including equitable and/or injunctive relief as permitted by law. Because any computation of damages and other relief in this case depends on documents and evidence to be produced by Google, as well as expert analysis, computing damages at this stage is premature. Therefore, Plaintiffs have not yet computed the relief claimed in this action, Plaintiffs will supplement as appropriate in the course of discovery.

## IV. INSURANCE AGREEMENT

Not applicable to Plaintiffs.

| | | |
|---|---|---|
| 1 | Dated: October 7, 2020 | By: ___Amanda Bonn___ |

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
Alexander Justin Konik (CA Bar No. 299291)
akonik@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

James W. Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (*pro hac vice*)
rbaeza@bsfllp.com
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
Tel.: (202) 237-2727
Fax: (202) 237-6131
jpanuccio@bsfllp.com

William Christopher Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

*Attorney for Plaintiffs*

5

PLAINTIFFS' INITIAL DISCLOSURES


**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 7, 2020 a true and correct copy of this document was properly served via electronic mail upon the following:

*Attorneys for Defendants*

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
David H. Kramer, SBN 168452
dkramer@wsgr.com
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

ORRICK HERRINGTON SUTCLIFFE LLP
Amanda Cristina Maya
amaya@willkie.com
1000 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 614-7468

WILLKIE FARR & GALLAGHER LLP
Benedict Y. Hur
bhur@willkie.com
Jayvan E Mitchell
jmitchell@willkie.com
Simona Alessandra Agnolucci
sagnolucci@willkie.com
One Front Street, 34th Floor
San Francisco, CA 94111
Telephone: 415-858-7401
Fax: 415-858-7599

                                                  */s/Amy Gregory*
                                                   Amy Gregory