# EXHIBIT 5

# MAO DECLARATION OPPOSITION TO MOTION TO STRIKE

| | |
|---|---|
| Mark C. Mao, CA Bar No. 236165<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>**BOIES SCHILLER FLEXNER LLP**<br>44 Montgomery Street, 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>Fax: (415) 293-6899<br>mmao@bsfllp.com<br>brichardson@bsfllp.com | William S. Carmody (admitted *pro hac vice*)<br>Shawn Rabin (admitted *pro hac vice*)<br>Steven M. Shepard (admitted *pro hac vice*)<br>**SUSMAN GODFREY L.L.P.**<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019-6023<br>Tel.: (212) 336-8330<br>Fax: (212) 336-8340<br>bcarmody@susmangodfrey.com<br>srabin@susmangodfrey.com<br>sshepard@susmangodfrey.com |
| James Lee (admitted *pro hac vice*)<br>Rossana Baeza (admitted *pro hac vice*)<br>**BOIES SCHILLER FLEXNER LLP**<br>100 SE 2nd Street, 28th Floor<br>Miami, FL 33131<br>Tel.: (305) 539-8400<br>Fax: (303) 539-1307<br>jlee@bsfllp.com<br>rbaeza@bsfllp.com | Amanda K. Bonn, CA Bar No. 270891<br>**SUSMAN GODFREY L.L.P**<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel: (310) 789-3100<br>Fax: (310) 789-3150<br>abonn@susmangodfrey.com |
| Jesse Panuccio (admitted *pro hac vice*)<br>**BOIES SCHILLER FLEXNER LLP**<br>1401 New York Avenue, NW<br>Washington, DC 20005<br>Tel.: (202) 237-2727<br>Fax: (202) 237-6131<br>jpanuccio@bsfllp.com | John A. Yanchunis (admitted *pro hac vice*)<br>Ryan J. McGee (admitted *pro hac vice*)<br>**MORGAN & MORGAN**<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel.: (813) 223-5505<br>jyanchunis@forthepeople.com<br>rmcgee@forthepeople.com |

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANIBAL RODRIGUEZ, JULIEANNA MUNIZ, ELIZA CAMBAY, SAL CATALDO, EMIR GOENAGA, JULIAN SANTIAGO, HAROLD NYANJOM, KELLIE NYANJOM and SUSAN LYNN HARVEY individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-cv-04688-RS<br><br>**PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GOOGLE LLC, SET FIVE** |

| | |
|---|---|
| Propounding Party: | Plaintiffs Anibal Rodriguez, JulieAnna Muniz, Eliza Cambay, Sal Cataldo, Emir Goenaga, Julian Santiago, Harold Nyanjom, Kellie Nyanjom, and Susan Lynn Harvey |
| Responding Party: | Defendant Google LLC |
| Set No.: | Five |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs Anibal Rodriguez, JulieAnna Muniz, Eliza Cambay, Sal Cataldo, Emir Goenaga, Julian Santiago, Harold Nyanjom, Kellie Nyanjom, and Susan Lynn Harvey ("Plaintiffs") hereby submit the following requests for production to Defendant Google LLC ("Google"). Each request is to be read in accordance with the Definitions and Instructions that follow. Responses are due within thirty (30) days of service.

**DEFINITIONS**

1. The term "ALL" includes the word "ANY," and vice versa.

2. "APP-INTERACTION DATA" means data relating to a USER's interaction with an APP on the USER's device, including but not limited to a USER's viewing of content, sharing of content, creation or deletion of content, and/or any other "events" or "actions" or "parameters" as those terms are used and defined by FIREBASE SDK.

3. The term "CLASS PERIOD" means the class period as referenced in paragraph 11 of the First Amended Complaint.

4. The terms "CONCERNING," "RELATE," or "RELATING TO" INCLUDE addressing, analyzing, concerning, constituting, containing, commenting on, discussing, describing, identifying, in connection with, referring to, reflecting, relating, relating to, reporting on, stating, or dealing with, in whole or in part, in addition to their customary and usual meanings, and shall be construed in the broadest sense possible.

5. The term "DOCUMENT" and "DOCUMENTS" shall be synonymous in meaning and equal to the broadest meaning provided by Rule 34 of the Federal Rules of Civil Procedure INCLUDING, without limitation, original and any non-identical copy of every kind of written, printed, typed, recorded, or graphic matter, however produced or reproduced, including all correspondence, letters, telegrams, telexes, messages, memoranda, instructions, emails,

handwritten or recorded notes, and all records, schedules, reports, surveys, calculations, transcripts, notes, time cards, personal expense reports, appointment books, calendars, plans, purchase orders, contracts, subcontracts, charts, COMMUNICATIONS, database, data compilation, diary, draft, drawing, electronically stored information, emails, fax, floppy disk, graph, hard drive, image, index, instant message, letter, log, magnetic tape, memorandum, note, optical disk, photograph, report, sound recording, spreadsheet, storage device, text message, version, voicemail or writing.  This term shall apply to any DOCUMENT, whether in hard copy or electronic form, on any computers or other system. Any copy of a DOCUMENT that differs in any respect.

6. The term "FIREBASE SDK" means GOOGLE'S Firebase SDK development platform and all code, scripts, and other development and reporting tools made available to APP DEVELOPERS on that platform.  The term includes all code and scripts, contained within any APP, that were provided by or originated from GOOGLE'S Firebase SDK development platform

7. The term "REGULATORS" includes all government agencies, officials, and employees that have requested documents or information from Google and/or initiated any investigation or action concerning Google's data collection practices and disclosures, including without limitation the Department of Justice, the Federal Trade Commission, the Arizona Attorney General (*State of Arizona ex rel. Mark Brnovich, Attorney General v. Google LLC*, No. CV 2020-006219 (Ariz. Superior Ct. 2020)), the Attorneys General of Texas and California, the Australian Competition & Consumer Commission, and the Commission Nationale de l'Informatique et des Libertés ("CNIL").  For purposes of this request, Documents should be read broadly to include any written responses and privilege logs submitted by Google to the Regulators.

8. The term "INCLUDE" or "INCLUDING" means "include, but not limited to" or "including, but not limited to."

9. The term "GOOGLE" means GOOGLE LLC and any of its directors, officers, consultants, agents, representatives, predecessors in interest, subsidiaries, assignees, licensees, employees, attorneys and any other persons acting on GOOGLE LLC'S behalf, including

contractors. The term also includes all computers, servers, and other information systems under the control of GOOGLE.

10. The term "USER" means persons residing in the United States who use any of YOUR services, including any APP that uses FIREBASE SDK. The term "USER" includes (but is not limited to) anyone that can be identified by his or her electronic device(s).

11. The term "YOU" or "YOUR" means or refers to DEFENDANT GOOGLE LLC, and any of its attorneys, agents, representatives, predecessors, successors, assigns, and any persons acting or purporting to act on its behalf.

## GENERAL INSTRUCTIONS

1. **Time Period**: The time period for these requests is the start of the class period or January 1, 2014, whichever is earlier, through the present (and ongoing) unless stated otherwise.

2. **Responses**: Respond to each request for production by producing the requested DOCUMENTS in their entirety, notwithstanding the fact that portions thereof may contain information not requested, along with every family document (such as any appendices, attachments, cover letters, exhibits, and schedules), that is in YOUR possession, custody, or control. If there are no DOCUMENTS in YOUR possession, custody, or control that are responsive to a particular request for production, provide a written response stating so.

3. **Construction**: For purposes of reading, interpreting, or construing the scope of the DEFINITIONS, INSTRUCTIONS, and REQUESTS, all of the terms shall be given their most expansive and inclusive interpretation. This INCLUDES the following:

   (a) The singular form of a word shall be interpreted as plural and vice versa.
   (b) "And," "or," as well as "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request any document that might otherwise be construed to be outside the scope of the Request.
   (c) "All," "each" and "any" shall be construed as "all, each, and any."
   (d) The masculine form of a word shall be interpreted as and shall include the feminine and vice versa.

(e) The use of a verb in any particular tense shall be construed as the use of the verb in all other tenses as necessary to bring within the scope of the Request any document that might otherwise be construed to be outside the scope of the Request.

4. **Objections**: Each Request shall be responded to fully, unless it is objected to in good faith. In that case, the reason(s) for the objection shall be stated in writing and with particularity. If an objection is to only a portion of the Request, state the objection as to that portion only and respond to any portion of the Request to which YOU do not object.

(a) If YOU claim any ambiguity in interpreting the Request or any of the applicable Instructions or Definitions, such claim shall not be used as a basis for refusing to respond to the Request. In any such circumstance, YOU should set forth as part of YOUR response the language claimed to be ambiguous and the interpretation chosen or used by YOU in responding to the Request and YOU shall respond as fully as possible notwithstanding any claimed ambiguity or objection.

(b) If YOU object to the Request on the ground that it is overly broad, YOU are instructed to produce DOCUMENTS in response as narrowed to conform to YOU objection and to state in YOUR response: (1) how YOU narrowed the Request; and (2) all reason(s) why YOU claim the Request is overly broad.

(c) The fact that a document has been or could be produced by any other PERSON does not relieve YOU of the obligation to produce such DOCUMENT, even if the DOCUMENT in YOUR possession, custody, or control is identical in all respects to the document produced or held by any other PERSON.

5. **Production**: Produce each responsive DOCUMENT and all family documents in accordance with the terms of any agreement between the parties regarding the production of DOCUMENTS.

(a) If any DOCUMENTS are withheld based on an objection to any Request, all DOCUMENTS covered by that Request but not subject to the objection should be produced.

(b) DOCUMENTS not otherwise responsive to any of the Requests herein should be produced if such DOCUMENTS are attached to a DOCUMENT or thing called for by these Requests.

(c) Unless otherwise specified, the DOCUMENTS requested include the responsive DOCUMENTS in YOUR actual or constructive possession, control or custody, as well as the responsive DOCUMENTS in the actual or constructive possession, control or custody of YOUR employees, agents, representatives, managers, or any other person acting or purporting to act on its behalf, and, unless privileged and such privilege has not been waived, its attorneys.

(d) Unless otherwise specified, the DOCUMENTS requested include all responsive DOCUMENTS in YOUR possession, custody or control that exist in electronic format (whether on internal or external hard drives; on desktop, laptop, notebook, tablet, or personal digital assistant computers; servers; CDs; DVDs; USB drives; or any other electronic medium).

(e) DOCUMENTS shall be produced either (a) as they are kept in the usual course of business (in which case they shall be produced in such fashion as to identify the department, branch, or office in whose possession it was located and, where applicable, the natural person in whose possession it was found or the server or central file in which it was found, and the address of each DOCUMENT's custodian(s)), or (b) organized and labeled to correspond to the specific Request enumerated in these Requests, with such specific Request identified.

(f) In producing DOCUMENTS, YOU are requested to produce a legible copy of each DOCUMENT requested together with all non-identical copies and

drafts of that DOCUMENT. YOU shall retain all of the original DOCUMENTS for inspection or copying throughout the pendency of this case, any appeal(s), and any related proceedings.

(g) Any alteration of a responsive DOCUMENT, INCLUDING any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a DOCUMENT is a responsive DOCUMENT in its own right and must be produced.

(h) DOCUMENTS should be produced in full, without abbreviation or expurgation, regardless of whether YOU consider the entire DOCUMENT to be relevant or responsive.

(i) In instances where two or more exact duplicates of any DOCUMENT exist, the most legible copy shall be produced.

6. **Privilege Log**: To the extent YOU object to or claim a privilege with respect to any Request in whole or in part, provide the following information for each DOCUMENT and each portion of any DOCUMENT withheld: (a) its Bates Number; (b) its type (e.g., email, memorandum, spreadsheet, text message); (c) any author(s) or sender(s); (d) any recipients; (e) any persons cc'd or bcc'd; (f) its date; (g) whether it was redacted or withheld; (h) the applicable privilege(s) or protection(s); and (i) a brief description of why the privilege(s) or protection(s) justify the redaction or withholding. For all persons identified as author(s), sender(s), recipient(s), or copyees or blind copyees, identify for each person, her affiliation(s), title(s), and whether she is an attorney.

7. **Lost Materials**: If any responsive DOCUMENT was, but no longer is, in YOUR possession, custody, or control, then provide a log that lists for each such DOCUMENT (a) its type (e.g., email, memorandum, spreadsheet, text message); (b) any author(s) or sender(s); (c) any recipients; (d) any persons cc'd; (e) its date; and (f) its subject matter.

8. **Continuing Obligation**: These Requests are to be considered continuing in nature, and YOU must promptly furnish supplemental responses if any additional DOCUMENTS

or information is discovered or created after YOUR responses are tendered, or if any of YOUR responses are subsequently determined to be incorrect, incomplete, or misleading in any respect.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 109:**

Contact information and activity data collected by Google during the Class Period for a sample of 5,000 individuals with Google accounts based in the United States.

**REQUEST FOR PRODUCTION NO. 110:**

Documents concerning any Google basis to oppose class certification in this action.

**REQUEST FOR PRODUCTION NO. 111:**

Documents concerning whether Plaintiffs are adequate or typical class representatives in this action, including without limitation documents you may use to challenge their appointment as class representatives in this action.

**REQUEST FOR PRODUCTION NO. 112:**

Documents sufficient to identify all devices from which Google collected users' activity data during the Class Period while Web & App Activity was turned off.

**REQUEST FOR PRODUCTION NO. 113:**

Documents concerning the ways Google has profited or otherwise benefited through its collection of activity data during the Class Period while Web & App Activity was turned off.

**REQUEST FOR PRODUCTION NO. 114:**

Documents relating to your allegations and defenses in this action.

**REQUEST FOR PRODUCTION NO. 115:**

Documents sufficient to show how Google stores activity information collected while users have Web & App Activity turned off in the "Sawmill" database.

**REQUEST FOR PRODUCTION NO. 116:**

Documents concerning Google's association of activity data collected while users have Web & App Activity turned off with any identifiers, such as Zwieback or any other identifier.

**REQUEST FOR PRODUCTION NO. 117:**

For the Class Period, documents sufficient to identify all activity data Google collects both

1  while Web & App Activity is turned on and off for each of the following: (i) Google Analytics
2  for Firebase; (ii) Firebase Cloud Messaging; (iii) AdMob; (iv) Google Mobile Services; and (v)
3  App Indexing.

4                                   Respectfully submitted,

5  Dated: June 14, 2021      **BOIES SCHILLER FLEXNER LLP**

7                                   By: */s/ Beko Reblitz-Richardson*

8  Beko Reblitz-Richardson, CA Bar No. 238027
9  44 Montgomery St., 41st Floor
   San Francisco, CA 94104
10 Tel.: (415) 293-6800
   Fax: (415) 293-6899
11 brichardson@bsfllp.com

12 Mark C. Mao, CA Bar No. 236165
   **BOIES SCHILLER FLEXNER LLP**
13 44 Montgomery St., 41st Floor
14 San Francisco, CA 94104
   Tel.: (415) 293-6800
15 Fax: (415) 293-6899
   mmao@bsfllp.com
16
17 James Lee (admitted *pro hac vice*)
   Rossana Baeza (admitted *pro hac vice*)
18 **BOIES SCHILLER FLEXNER LLP**
   100 SE 2nd St., 28th Floor
19 Miami, FL 33131
   Tel.: (305) 539-8400
20 Fax: (303) 539-1307
21 jlee@bsfllp.com
   rbaeza@bsfllp.com
22
   Jesse Panuccio (admitted *pro hac vice*)
23 **BOIES SCHILLER FLEXNER LLP**
24 1401 New York Ave, NW
   Washington, DC 20005
25 Tel.: (202) 237-2727
   Fax: (202) 237-6131
26 jpanuccio@bsfllp.com

27 Amanda K. Bonn, CA Bar No. 270891
   **SUSMAN GODFREY L.L.P**
28 1900 Avenue of the Stars, Suite 1400

PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
GOOGLE LLC, SET FIVE, CASE NO.: 3:20-CV-04688-RS

|   |   |
|---|---|
| 1 | Los Angeles, CA. 90067 |
| 2 | Tel: (310) 789-3100 |
|   | Fax: (310) 789-3150 |
| 3 | abonn@susmangodfrey.com |
| 4 | Steven M. Shepard (admitted *pro hac vice*) |
|   | William S. Carmody (admitted *pro hac vice*) |
| 5 | Shawn Rabin (admitted *pro hac vice*) |
|   | Alexander P. Frawley (admitted *pro hac vice*) |
| 6 | **SUSMAN GODFREY L.L.P.** |
| 7 | 1301 Avenue of the Americas, 32nd Floor |
|   | New York, NY 10019-6023 |
| 8 | Tel.: (212) 336-8330 |
|   | Fax: (212) 336-8340 |
| 9 | sshepard@susmangodfrey.com |
|   | bcarmody@susmangodfrey.com |
| 10 | srabin@susmangodfrey.com |
| 11 | afrawley@susmangodfrey.com |
| 12 | John A. Yanchunis (admitted *pro hac vice*) |
|   | Michael F. Ram CA Bar No. 104805 |
| 13 | Ryan J. McGee (admitted *pro hac vice*) |
| 14 | **MORGAN & MORGAN** |
|   | 201 N. Franklin Street, 7th Floor |
| 15 | Tampa, FL 33602 |
|   | Tel.: (813) 223-5505 |
| 16 | jyanchunis@forthepeople.com |
|   | mram@forthepeople.com |
| 17 | rmcgee@forthepeople.com |
| 18 | *Attorneys for Plaintiffs* |

# PROOF OF SERVICE

I, Vicky L. Ayala, declare:

I am a citizen of the United States and employed in the City and County of San Francisco, CA. I am over the age of 18 and not a party to the within action; my business address is 44 Montgomery St., 41st Floor, San Francisco, CA 94104.

On June 14, 2021, I served the following document(s) described as:

**PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO GOOGLE LLC, SET FIVE**

☐ **BY FACSIMILE TRANSMISSION**: As follows: The papers have been transmitted to a facsimile machine by the person on whom it is served at the facsimile machine telephone number as last given by that person on any document which he or she has filed in the cause and served on the party making the service. The copy of the notice or other paper served by facsimile transmission shall bear a notation of the date and place of transmission and the facsimile telephone number to which transmitted or be accompanied by an unsigned copy of the affidavit or certificate of transmission which shall contain the facsimile telephone number to which the notice of other paper was transmitted to the addressee(s).

☐ **BY MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, CA, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for overnight mailing. Under that practice, it would be deposited with overnight mail on that same day prepaid at San Francisco, CA in the ordinary course of business.

☒ **BY ELECTRONIC MAIL TRANSMISSION**: By electronic mail transmission from vayala@bsfllp.com on June 14, 2021, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address(es) listed below their address(es). The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

Case No. 3:20-cv-04688-RS

PROOF OF SERVICE

| | |
|---|---|
| Benedict Y. Hur<br>Simona Agnolucci<br>Eduardo E. Santacana<br>Lori Arakaki<br>Argemira Florez<br>Willkie Farr & Gallagher LLP<br>One Front Street, 34th Floor<br>San Francisco, CA. 94111<br>Tel: 415-858-7400<br>Fax: 415-858-7577<br>bhur@willkie.com<br>sagnolucci@willkie.com<br>esantacana@willkie.com<br>larakaki@willkie.com<br>aflorez@willkie.com | *Attorneys for Defendant Google LLC* |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 14, 2021, at San Francisco, CA.

_____
Vicky L. Ayala

Case No. 3:20-cv-04688-RS

PROOF OF SERVICE