# EXHIBIT 6

# MAO DECLARATION OPPOSITION TO MOTION TO STRIKE

**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
  sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
  esantacana@willkie.com
LORI C. ARAKAKI (SBN: 315119)
  larakaki@willkie.com
ARGEMIRA FLOREZ (SBN: 331153)
  aflorez@willkie.com

Attorneys for
GOOGLE LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| ANIBAL RODRIGUEZ, JULIEANNA MUNIZ, ELIZA CAMBAY, SAL CALTADO, EMIR GOENAGA, JULIAN SANTIAGO, HAROLD NYANJOM, KELLIE NYANJOM, and SUSAN LYNN HARVEY individually and on behalf of all other similarly situated,<br><br>Plaintiffs<br><br>vs<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688 RS<br><br>**DEFENDANT GOOGLE LLC'S RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS, SET FIVE**<br><br>Judge:         Hon. Richard Seeborg<br>Courtroom:   3, 17th Floor<br>Action Filed: July 14, 2020<br>Trial Date:    Not Set |

PROPOUNDING PARTY:   PLAINTIFFS Anibal Rodriguez, JulieAnna Muniz, Eliza Cambay, Sal Cataldo, Emir Goenaga, Julian Santiago, Harold Nyanjom, Kellie Nyanjom, and Susan Lynn Harvey

RESPONDING PARTY:    DEFENDANT Google LLC

SET NO.:                        FIVE

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Civil Local Rules of the United States District Court for the Northern District of California, Defendant Google LLC hereby objects and responds to Plaintiffs Anibal Rodriguez, JulieAnna Muniz, Eliza Cambay, Sal Cataldo, Emir Goenaga, Julian Santiago, Harold Nyanjom, Kellie Nyanjom, and Susan Lynn Harvey ("Plaintiffs") Fifth Set of Requests for Production of Documents (each a "Request" and collectively the "Requests").

## GENERAL STATEMENT AND GENERAL OBJECTIONS

1.  Each of Google's responses is subject to, and incorporates, the following general statement and objections. Google specifically incorporates each of these general objections into its responses to each of Plaintiffs' Requests, whether or not each such general objection is expressly referred to in Google's responses to a specific request.

2.  Google's agreement to produce responsive documents or things means only that Google will produce relevant and responsive non-privileged documents or things within its possession, custody, or control that it identifies after a reasonable search and diligent inquiry, and is not a representation that any such documents or things exist.

3.  Google objects to the instructions, definitions, and Requests to the extent that they are broader than, or attempt to impose conditions, obligations, or duties beyond those required by the Federal Rules and/or the Local Rules. Google's responses will be provided in accordance with the Federal Rules and the Local Rules. Google further objects that these Requests are overly burdensome given the procedural posture of this case. Google's Motion to Dismiss is pending before the Court yet Plaintiffs seek even more discovery than they could otherwise obtain if the pleadings were settled.

4.  Google objects to any Request to the extent that it seeks information, documents, or things protected from discovery by: (a) the attorney-client privilege; (b) the attorney work-product doctrine; (c) the common-interest and joint-defense doctrines; and/or (d) any other applicable privilege, doctrine, immunity or protection from disclosure afforded by state or federal law. The inadvertent production by Google of information protected from disclosure by any privilege or doctrine shall not constitute a waiver by Google of such protections.

5.      Google objects to any Request to the extent that it is overbroad, unduly burdensome, compound, and/or oppressive, or purports to impose upon Google any duty or obligation that is inconsistent with or in excess of those obligations that are imposed by the Federal Rules, the Local Rules, or any other applicable rule or Court order.  In particular, Google objects to any Request to the extent that it calls for information not relevant to the claims or defenses of the parties, or proportional to the needs of this case.

6.      Google objects to each Request to the extent it is vague, ambiguous, overly broad, or unduly burdensome as to timeframe.

7.      Google objects to the instructions, definitions, and Requests to the extent they seek or purport to require the identification of "any," "all," "each," or "every" document, communication, person, entity, or other thing regarding or relating to a particular subject matter, as unduly burdensome, overbroad, and not proportional to the needs of the Action.

8.      Google objects to any request to the extent that it seeks the premature disclosure of expert opinions or analysis.  Google will disclose its experts' opinions and analyses in accordance with the Federal Rules, Local Rules, and the scheduling order that the Court will set forth.

9.      Google objects to any Request to the extent that it purports to attribute any special or unusual meaning to any term or phrase.

10.     Google objects to any instruction or Request to the extent that it would impose a duty on Google to undertake a search for, or an evaluation of, information, documents, or things for which Plaintiffs are equally able to search for and evaluate, including documents that are publicly available, in the possession of third parties, and/or are already in the possession of Plaintiffs.

11.     Subject to the objections stated in these responses, and to the extent that Google has agreed to produce responsive documents or things, Google will produce such documents or things, to the extent they exist and are identified after a reasonable and diligent search, at a date and location to be agreed upon by counsel and in accordance with the scheduling order in this Action.

12.     Google objects to any instruction or Request as unduly burdensome and oppressive to the extent that it seeks documents or things which Google does not track and prepare in the regular

course of business. An agreement by Google to produce a document or things for purposes of this Action does not waive this objection.

13. Google objects to the Requests to the extent they seek confidential, proprietary, or trade secret information of third parties.

14. Google's objections and responses to these Requests are not intended to waive or prejudice any objections Google may assert now or in the future, including, without limitation, objections as to the relevance of the subject matter of any Request, or as to the admissibility of any information or category of information at trial or in any other proceedings. Google expressly reserves any and all rights and privileges under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules, and any other applicable laws or rules, and the failure to assert such rights and privileges or the inadvertent disclosure by Google of information protected by such rights and privileges shall not constitute a waiver thereof, either with respect to these responses or with respect to any future discovery responses or objections.

15. Google objects to Plaintiffs' "Definitions" and to any Request to the extent they purport to give meaning or legal significance to a document, fact, or purported fact whose meaning or significance is subject to dispute between the parties. Google's responses to each of Plaintiffs' Requests shall not constitute an admission or concession to any of the definitions, terms, and phrases used therein. By responding to any Request, Google does not concede the relevance or admissibility of any of the information provided.

16. By responding to any Request, Google does not assume the burden of persuasion or burden of production as to any issue therein.

17. Google has responded to the Requests as it interprets and understands them. If Plaintiffs subsequently asserts an interpretation of any Request that differs from Google's understanding of that Request, Google reserves the right to supplement its objections and/or responses.

18. Discovery in this matter is ongoing. Accordingly, Google reserves the right to change, amend, or supplement any or all of the matters contained and/or documents produced pursuant to these responses as Google's investigation continues, additional facts are ascertained, analyses are

made, research is completed, and additional documents are subsequently discovered, collected, and/or reviewed.

**OBJECTIONS TO DEFINITIONS**

19. Google objects to the definition of "APP" as confusing. Plaintiffs refer to Apps as though they have agency, when they should refer to the app developers who program those apps. Google will try to make its answers clear as to whether it refers to an app developer or to software designed by the app developer.

20. Google objects to the definition of "APP-INTERACTION DATA" as vague, ambiguous, overbroad, unduly burdensome, and partially irrelevant. Google construes "App-Interaction Data" to mean the types of data sent to Google via Google Analytics for Firebase as alleged in the First Amended Complaint. Google excludes from this definition, among other things, diagnostic-type data sent to Google for the purpose of diagnosing hardware or software issues, none of which is implicated by Plaintiffs' allegations.

21. Google objects to the definition of "CLASS PERIOD" as vague, ambiguous, and overbroad. Plaintiffs' definition of the class period in this case is circular and legally impermissible.

22. Google objects to the definition of "CONCERNING," "RELATE," or "RELATING TO" as overbroad, compound, and unduly burdensome.

23. Google objects to the definitions of "COMMUNICATION," "DOCUMENT," "DOCUMENTS," and "IDENTIFY" to the extent that they purport to include forms of information not discoverable under the Federal Rules, Local Rules, or any other applicable authority. Google further objects to the definitions to the extent they define a category of documents in an overbroad manner and/or requests a production of documents which would be unduly burdensome or disproportionate to the needs of the litigation.

24. Google objects to the definition of "FIREBASE SDK" to the extent that it is overbroad and/or seeks information that would be unduly burdensome or disproportionate to the needs of this Action. Google also objects to the definition as overly broad and unduly burdensome because it

purports to include "all code and scripts, contained within any APP" that were "provided by or originated from" GOOGLE'S Firebase SDK development platform.

25. Google objects to the definition of "INCLUDE" or "INCLUDING" as overbroad, compound, and unduly burdensome.

26. Google objects to the definition of "REGULATORS" to the extent that it purports to include information not discoverable under the Federal Rules, the Local Rules, or any other applicable authority. Google also objects to the definition to the extent that it is overbroad and/or seeks information that would be unduly burdensome or disproportionate to the needs of this Action. Google also objects to the definition as overly broad and unduly burdensome because it purports to include "without limitation" "all government agencies, officials, and employees that have requested documents or information from Google and/or initiated any investigation or action concerning Google's data collection practices and disclosures," "any written responses" and "privilege logs submitted by Google to the Regulators."

**RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 109:**

Contact information and activity data collected by Google during the Class Period for a sample of 5,000 individuals with Google accounts based in the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

Google incorporates its general responses and objections as set forth above. Google objects to this Request as vague and ambiguous. Google objects that the term "Class Period" is vague and ambiguous because it fails to provide a concrete range of time. Google further objects to this Request as unduly burdensome and overbroad, specifically with regard to its arbitrary request for data for "a sample of 5,000 individuals" and because it might have to request data from third parties who are not parties to this litigation. Google further objects to this Request as vague and ambiguous with respect to "contact information," "activity data," and "data collected by Google." Google further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Google further objects that this request is

1  duplicative of other requests.  Google objects that this request is premature to the extent it seeks
2  contact information for members of a purported class.

3  Subject to and without waiving the foregoing objections, Google responds as follows: This
4  Request appears to be a subset of other requests Plaintiffs have propounded.  Google interprets this
5  Request as abandoning those prior requests and instead seeking a more limited set of app-interaction
6  data sent to Google via Google Analytics for Firebase.  Google has offered to produce to Plaintiffs
7  certain app-interaction data sent to Google via Google Analytics for Firebase from Plaintiffs'
8  devices, provided Plaintiffs cooperate in providing needed information from those devices in order
9  to find such data, since Google does not have another way to identify to whom the data belongs.  To
10 the extent Plaintiffs believe they need more such data pertaining to absent proposed class members,
11 Google is willing to meet and confer over the appropriate scope of such a request, if there is one.

12 **REQUEST FOR PRODUCTION NO. 110:**

13 Documents concerning any Google basis to oppose class certification in this action.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

15 Google incorporates its general responses and objections as set forth above.  Google objects
16 to this Request as vague and ambiguous, specifically the request for "any Google basis."  Google's
17 investigation is ongoing, and it continues to weigh all the considerations that go into this analysis.
18 Google objects to this Request as unduly burdensome and overbroad.  Google further objects to this
19 Request to the extent that it seeks information protected by the attorney-client privilege and/or the
20 attorney work product doctrine.

21 Subject to and without waiving the foregoing objections, Google responds as follows:
22 Google will produce any document on which Google intends to rely in connection with Plaintiffs'
23 motion for class certification, unless such document relates to expert discovery, in which case it will
24 be produced during expert discovery.  To the extent Plaintiffs' request seeks documents beyond this
25 scope, it is vague, ambiguous, and impossible to delineate in a reasonable manner.

26 **REQUEST FOR PRODUCTION NO. 111:**

27
28

1  Documents concerning whether Plaintiffs are adequate or typical class representatives in this
2  action, including without limitation documents you may use to challenge their appointment as class
3  representatives in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

Google incorporates its general responses and objections as set forth above. Google objects to this Request as vague and ambiguous. Google's investigation is ongoing, and it continues to weigh all the considerations that go into this analysis. Google objects to this Request as unduly burdensome and overbroad. Google objects that this request seeks documents already in Plaintiffs' possession, custody or control. Google further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce any document on which Google intends to rely in connection with Plaintiffs' motion for class certification, unless such document relates to expert discovery, in which case it will be produced during expert discovery. To the extent Plaintiffs' request seeks documents beyond this scope, it is vague, ambiguous, and impossible to delineate in a reasonable manner.

**REQUEST FOR PRODUCTION NO. 112:**

Documents sufficient to identify all devices from which Google collected users' activity data during the Class Period while Web & App Activity was turned off.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Google incorporates its general responses and objections as set forth above. Google objects to this Request as vague and ambiguous. Google further objects to this Request as unduly burdensome and overbroad, specifically as to the request for "all devices." Google further objects that this Request seeks irrelevant documents. Google further objects that this Request seeks documents far beyond the scope of this action. Google further objects that this Request seeks documents that Google is not permitted to produce to third parties.

Google objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

1  Subject to and without waiving the foregoing objections, Google responds as follows:
2  Google is willing to meet and confer over the appropriate scope of this Request, if there is one.

3  **REQUEST FOR PRODUCTION NO. 113:**

4  Documents concerning the ways Google has profited or otherwise benefited through its
5  collection of activity data during the Class Period while Web & App Activity was turned off.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

7  Google incorporates its general responses and objections as set forth above. Google objects
8  to this Request as vague and ambiguous. Google objects to this Request as unduly burdensome and
9  overbroad, as it seeks documents that are not relevant to any claim or defense in this Action,
10 including because it seeks documents concerning "the ways" Google has profited "or otherwise
11 benefited" through its collection of activity data. Google further objects to this Request to the extent
12 it seeks irrelevant documents.

13 Google objects to this Request as compound. Google further objects to this Request to the
14 extent that it seeks information protected by the attorney-client privilege and/or the attorney work
15 product doctrine.

16 Subject to and without waiving the foregoing objections, Google responds as follows:
17 Following a reasonable search, Google will produce non-privileged documents, if any, reflecting
18 how it has profited from the collection by Google Analytics for Firebase of any personally
19 identifiable "activity data" from users who have paused the Web & App Activity setting.

20 **REQUEST FOR PRODUCTION NO. 114:**

21 Documents relating to your allegations and defenses in this action.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

23 Google incorporates its general responses and objections as set forth above. Google objects
24 to this Request as vague and ambiguous. Google objects to this Request as premature. Discovery
25 in this matter is ongoing and Google is preparing to make a thirteenth document production
26 providing documents relating to the matters at issue in this litigation. Google further objects to this
27 Request to the extent that it seeks information protected by the attorney-client privilege and/or the
28 attorney work product doctrine.

1   Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce any document on which it intends to rely in connection with its defenses. Google is not aware of having made any allegations in this action.

**REQUEST FOR PRODUCTION NO. 115:**

Documents sufficient to show how Google stores activity information collected while users have Web & App Activity turned off in the "Sawmill" database.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

Google incorporates its general responses and objections as set forth above. Google objects to this Request as vague, ambiguous, and overbroad. Google further objects to this Request as irrelevant. Google further objects to this Request to the extent it relates to information stored by Google unrelated to Plaintiffs' allegations. Google further objects to "activity information" as vague and ambiguous.

Google further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Google responds as follows: Following a reasonable search, Google will produce documents sufficient to identify the types of app-interaction data identified by the Second Amended Complaint that are sent to Google via Google Analytics for Firebase, as well as how they are stored by Google in the Google logs that receive such data, *i.e.*, Google's "collection endpoint."

**REQUEST FOR PRODUCTION NO. 116:**

Documents concerning Google's association of activity data collected while users have Web & App Activity turned off with any identifiers, such as Zwieback or any other identifier.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

Google incorporates its general responses and objections as set forth above. Google objects to this Request as vague and ambiguous. Google further objects to this Request to the extent its scope reaches beyond the types of information alleged to be unlawfully collected in the First Amended Complaint.

1  Google objects to this Request as unduly burdensome and overbroad. Google further objects
2  to this Request to the extent that it seeks information protected by the attorney-client privilege and/or
3  the attorney work product doctrine.

4  Subject to and without waiving the foregoing objections, Google responds as follows:
5  Following a reasonable search, Google will produce documents sufficient to identify the types of
6  app-interaction data identified by the Second Amended Complaint that are sent to Google via
7  Google Analytics for Firebase, as well as how they are stored by Google in the Google logs that
8  receive such data, *i.e.*, Google's "collection endpoint."

9  **REQUEST FOR PRODUCTION NO. 117:**

10  For the Class Period, documents sufficient to identify all activity data Google collects both
11  while Web & App Activity is turned on and off for each of the following: (i) Google Analytics for
12  Firebase; (ii) Firebase Cloud Messaging; (iii) AdMob; (iv) Google Mobile Services; and (v) App
13  Indexing.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

15  Google incorporates its general responses and objections as set forth above. Google objects
16  to this Request as vague, ambiguous, and irrelevant, since Firebase Cloud Messaging and AdMob,
17  and without specifying a specific service, Google Mobile Services, are outside the scope of this
18  litigation. Google will not produce documents that are not related to the allegations in the Second
19  Amended Complaint in connection with Google Analytics for Firebase. Google's other products
20  accused in the Second Amended Complaint are not at issue, as they are the subject of Google's
21  Motion to Dismiss the Second Amended Complaint. Google further objects to this Request as
22  unduly burdensome, depending on the scope Plaintiffs believe it encompasses.

23  Google further objects to this Request to the extent that it seeks information protected by the
24  attorney-client privilege and/or the attorney work product doctrine.

25  Subject to and without waiving the foregoing objections, Google responds as follows: With
26  respect to Google Analytics for Firebase, Google will produce documents sufficient to identify the
27  types of app-interaction data identified by the Second Amended Complaint that are sent to Google

28

via Google Analytics for Firebase, as well as how they are stored by Google in the Google logs that receive such data, *i.e.*, Google's "collection endpoint."

Dated: July 21, 2021                                                   WILLKIE FARR & GALLAGHER LLP


                                                                       By: */s/ Benedict Y. Hur*
                                                                             Benedict Y. Hur

                                                                       *Attorneys for Defendant Google LLC*

**PROOF OF SERVICE**

I am employed in the City and County of San Francisco, State of California. I am over the age of eighteen years and not a party to the within action. My business address is Willkie Farr & Gallagher LLP, One Front Street, San Francisco, CA 94111.

On July 21, 2021, I served the following document(s) on the individuals identified below:

- **DEFENDANT GOOGLE LLC'S RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS, SET FIVE**

☑ by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

| | |
|---|---|
| Mark C. Mao<br>Beko Richardson<br>BOIES SCHILLER FLEXNER LLP<br>44 Montgomery Street, 41st Floor<br>San Francisco, CA 94104<br>Telephone: (415) 293 6858<br>Facsimile: (415) 999 9695<br>E-mail: mmao@bsfllp.com<br>E-mail: brichardson@bsfllp.com | *Attorneys for Plaintiffs* |
| James Lee<br>BOIES SCHILLER FLEXNER LLP<br>100 SE Second Street, Suite 2800<br>Miami, FL 33131<br>Telephone: (305) 539-8400<br>E-mail: jlee@bsfllp.com | |
| Jesse Panuccio<br>BOIES SCHILLER FLEXNER LLP<br>1401 New York Avenue, NW<br>Washington, DC 20005<br>Telephone: (202) 237-2727<br>E-mail: jpanuccio@bsfllp.com | |
| William Christopher Carmody<br>Shawn J. Rabin<br>Steven M. Shepard<br>Amy Gregory<br>Alex Frawley<br>SUSMAN GODFREY L.L.P.<br>1301 Avenue of the Americas, 32nd Floor | *Attorneys for Plaintiffs* |

1  New York, NY  10019
   Telephone:  (212) 336-8330
2  E-mail:  bcarmody@susmangodfrey.com
   E-mail:  srabin@susmangodfrey.com
3  E-mail:  sshepard@susmangodfrey.com
   E-mail:  agregory@susmangodfrey.com
4  E-mail:  afrawley@susmangodfrey.com

5
   Amanda Bonn
6  SUSMAN GODFREY L.L.P.
   1900 Avenue of the Stars, Suite 1400
7  Los Angeles, CA  90067
   E-mail:  abonn@SusmanGodfrey.com
8

9  Steve Seigel
   SUSMAN GODFREY L.L.P.
10 1201 3rd Avenue
   Seattle, WA  98101
11 Telephone:  (206) 516-3880
   E-mail:  sseigel@susmangodfrey.com
12

13 John A. Yanchunis
   Ryan J. McGee
14 Jean Martin
   MORGAN & MORGAN
15 201 N. Franklin Street, 7th Floor
   Tampa, FL  33602
16 Telephone:  (813) 223-5505
   E-mail:  jyanchunis@forthepeople.com
17 E-mail:  rmcgee@forthepeople.com
   E-mail:  jeanmartin@forthepeople.com
18

19     Executed on July 21, 2021 at San Francisco, California.

20     I declare under penalty of perjury under the laws of the United States that the above is true

21 and correct.

22
                                               */s/ Celeste Peifer*
23                                              Celeste Peifer

24

25

26

27

28

---

14
PROOF OF SERVICE RE: DEFENDANT GOOGLE'S RESPONSES TO PLAINTIFFS' REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE
Case No.  3:20-CV-04688