1  **WILLKIE FARR & GALLAGHER LLP**
   BENEDICT Y. HUR (SBN: 224018)
2    bhur@willkie.com
   SIMONA AGNOLUCCI (SBN: 246943)
3    sagnolucci@willkie.com
   EDUARDO E. SANTACANA (SBN: 281668)
4    esantacana@willkie.com
   ARGEMIRA FLÓREZ (SBN: 331153)
5    aflorez@willkie.com
   HARRIS MATEEN (SBN: 335593)
6    hmateen@willkie.com
   333 Bush Street, 34th Floor
7  San Francisco, CA 94104
   Telephone: (415) 858-7400
8
9  *Attorneys for Defendant*
   *GOOGLE LLC*
10

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIBAL RODRIGUEZ, *et al.* individually and on behalf of all others similarly situated,<br><br>                            Plaintiff,<br><br>    vs.<br><br>GOOGLE LLC, *et al.*,<br>                            Defendant. | Case No. 3:20-CV-04688 RS<br><br>**GOOGLE LLC'S NOTICE OF MOTION AND MOTION EXCLUDE SUNDAR PICHAI FROM TESTIFYING AT TRIAL**<br><br>*[Filed concurrently with Santacana Declaration and [Proposed] Order]*<br><br>Date:  May 9, 2025<br>Time:  2:00 p.m.<br>Ctrm:  A - 15th Floor<br>Judge: Magistrate Judge Alex G. Tse<br><br>Action filed: July 14, 2020<br>Trial Date:   August 18, 2025 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Please take notice that, on May 9, 2025, at 2:00 p.m., or as soon thereafter as the matter may be heard before the Honorable Alex Tse of the United States District Court for the Northern District of California at the San Francisco Courthouse, Courtroom A, 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Google LLC ("Google") will, and hereby does, move this Court, pursuant to Federal Rules of Evidence 402 and 403 for an order to exclude Sundar Pichai from testifying at trial.

This Motion is based on this Notice of Motion and Motion to Exclude Sundar Pichai from Testifying at Trial, the incorporated Memorandum of Points and Authorities, and the Declaration of Eduardo E. Santacana ("Santacana Decl.") filed concurrently herewith, along with other materials in the record, argument of counsel, and such other matters as the Court may consider.

**ISSUES TO BE DECIDED**

1. Whether Alphabet's CEO, Sundar Pichai, should be excluded from having to testify at the trial of this action because any probative value of his testimony is substantially outweighed by a danger of unfair prejudice, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

2. If not, whether Mr. Pichai should be excluded from having to testify at the trial of this action because he is an apex witness who lacks unique, first-hand knowledge of the case and requiring his trial testimony constitutes harassment and an undue burden to Google.

Dated: April 3, 2025

Respectfully submitted,

WILLKIE FARR & GALLAGHER LLP

By: /s/ Simona Agnolucci

Benedict Y. Hur
Simona Agnolucci
Eduardo E. Santacana
Argemira Flórez
Harris Mateen

*Attorneys for Defendant*
*GOOGLE LLC*

**TABLE OF CONTENTS**

I.  INTRODUCTION ..................................................................................................................1

II. BACKGROUND ..................................................................................................................1

    A.    Plaintiffs' allegations relate to some of the functionality of one of Google's many products. ...........................................................................................................................1

    B.    Plaintiffs Did Not Obtain Discovery From Mr. Pichai. ..............................................2

    C.    Not until two years after the close of discovery did Plaintiffs amend their Rule 26 disclosures to add Mr. Pichai. ....................................................................................2

    D.    The Court grants Google's request that its motion to exclude Mr. Pichai's trial testimony be addressed before any motions in limine. ...............................................4

III. LEGAL STANDARD ...........................................................................................................4

    A.    The Court has discretion under Rules 402 and 403 ......................................................4

    B.    The Court also has discretion under the Apex Doctrine .............................................5

IV. ARGUMENT .........................................................................................................................5

    A.    Any value of Mr. Pichai's testimony is substantially outweighed by the dangers of unfair prejudice, undue delay, wasting time, needlessly presenting cumulative evidence, and misleading the jury. .................................................................................5

    B.    Mr. Pichai's testimony should be precluded under the apex doctrine because it constitutes harassment and an undue burden to Google. ............................................7

V.  CONCLUSION ......................................................................................................................9

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION**

Google moves to preclude trial testimony from Sundar Pichai, CEO of Google and its parent company, Alphabet, Inc. Mr. Pichai has no tie to this case. Plaintiffs never deposed Mr. Pichai and abandoned their request for his custodial files. Yet as the trial date approaches, despite being unable to articulate what relevant and unique knowledge he has, they suddenly have decided to call him as a trial witness in a transparent attempt to obtain settlement leverage.

The Court should bar Mr. Pichai's trial testimony and grant Google's motion for two reasons. *First*, under Rule 403, Plaintiffs cannot show Mr. Pichai's testimony could have any relevance to the specific issues in this case. Any probative value from his testimony would be substantially outweighed by unfair prejudice, wasting time, and needlessly preventing cumulative evidence. *Second*, Mr. Pichai's testimony is barred by the apex doctrine, which courts apply to preclude high-ranking executives who lack unique, first-hand knowledge from testifying at trial.

II. **BACKGROUND**

   A.  **Plaintiffs' allegations relate to some of the functionality of one of Google's many products.**

This matter is unrelated to Mr. Pichai. Plaintiffs' claims relate to the use by third-party app developers of Google Analytics for Firebase ("GA for Firebase"). GA for Firebase is a Google product used by the apps at issue to learn more about their users' interaction with the apps. App developers incorporated Google's analytics tool into their app, causing some data about their users' interactions with their apps to be sent to Google to be analyzed for the app developers. The apps disclosed to users that they had authorized GA for Firebase to receive data about user activity on the app.

Plaintiffs allege that Google's authorized collection of data that users knowingly provided to apps violate Google's representations made to users with regard to a separate Google account-level setting called Web & App Activity ("WAA"). While GA for Firebase is a tool for developers, WAA is a tool for Google users. When WAA is "on," it allows Google to save a user's online searches and activity in the user's Google account to help Google provide faster, more relevant

1

searches and other forms of personalized experiences across Google services. Plaintiffs allege that when WAA is "off," GA for Firebase collects Plaintiffs' personalized information contrary to Google's WAA-related disclosures.

GA for Firebase is one of the hundreds of products Google offers, and represents a small portion of Google's business. In other words, this case is about the inner workings of a sub-product of Firebase SDK, a single product made by Google, which is itself one of several entities CEO Sundar Pichai oversees. Google employs over 180,000 people across all of its subsidiaries.

**B.      Plaintiffs Did Not Obtain Discovery From Mr. Pichai.**

The history of discovery in this matter underscores no connection to Mr. Pichai. Based on Plaintiffs' allegations and the questions of fact remaining in this case, the parties initially agreed that Google would search three custodians' files. ECF No. 105 at 3. On May 4, 2021, Plaintiffs requested an order from the Court compelling Google to search the ESI of ten additional custodians, including Mr. Pichai. *Id.* at 1, 3–4. The Court denied Plaintiffs' request for Google to search any of the additional custodians' ESI. ECF No. 106. The Court ordered that Plaintiffs "evaluate Google's production of custodial ESI from those [three] custodians, and then meet and confer with Google regarding any further custodians Plaintiffs believe are justified in this case." *Id*. at 2.

Following Google's initial production, on November 1, 2021, Plaintiffs sought to compel custodial documents from nine of the ten individuals on their original list, "***all but Sundar Pichai***." ECF No. 155 at 1 (emphasis added). Plaintiffs also sought to compel the production of ten additional custodians, for a total of nineteen new custodians. *Id.* The Court granted Plaintiffs' request, and ordered Google to designate the nineteen employees in question as ESI custodians. ECF No. 184.

After reviewing the ESI produced by Google, Plaintiffs never again asked Google to produce Mr. Pichai's ESI, and never moved the Court for an order compelling such production. Santacana Decl. ¶ 3. Fact discovery closed on October 31, 2022.

**C.      Not until two years after the close of discovery did Plaintiffs amend their Rule 26 disclosures to add Mr. Pichai.**

On October 31, 2022, Plaintiffs amended their Rule 26 disclosures to list thirteen current and former Google employees likely to possess discoverable information. Santacana Decl. Ex. A,

Plaintiffs' Amended Rule 26 Disclosures. All of those individuals were deposed. Santacana Decl. ¶ 4. On October 4, 2023, almost a year after the close of fact discovery, Plaintiffs "amended" their disclosures a second time to add former Google employee Blake Lemoine as a witness. Santacana Decl. Ex. B, Plaintiffs' Second Amended Rule 26 Disclosures. Plaintiffs demanded that Google produce Lemoine's documents and then let Plaintiffs depose Lemoine. Google rejected this request, and Plaintiffs never brought it up again.[1] Santacana Decl. ¶ 7.

Not until September 16, 2024, almost two years after fact discovery closed and almost four years after filing their First Amended Complaint, did Plaintiffs amend their Rule 26 disclosures for the third time to add Google's CEO Sundar Pichai. Santacana Decl. Ex. C, Plaintiffs' Third Amended Rule 26 Disclosures ("Third Am. Rule 26 Disc."). Mr. Pichai is the only Google employee Plaintiffs intend to call at trial that Plaintiffs have not even attempted to depose in this case.

The only description Plaintiffs give for their sudden interest in Mr. Pichai is in Plaintiffs' third amended Rule 26 disclosures which refer to public statements Mr. Pichai has made about privacy in general, none of which refer specifically to the products at issue here:

> Mr. Pichai is currently the Chief Executive Officer of Alphabet Inc. and its subsidiary Google LLC. As reflected in Plaintiffs' Fourth Amended Complaint (Dkt. 289), Mr. Pichai has made various statements that support Plaintiffs' claims and undermine Google's defenses. Further, as highlighted in Plaintiffs' motion for class certification and also in opposition to Google's motion for summary judgment, Mr. Pichai gave false testimony to Congress regarding Google's data collection practices at issue in this case. Mr. Pichai testified that Google's data collection is "a choice users make," that "we make it clear," and that users "can clearly see what information we have—we actually show it back to them. We give clear toggles, by category, where they can decide whether that information is collected [or] stored." *See, e.g.*, Schneier Rep. ¶¶ 253–55. In 2019, Mr. Pichai also published an op-ed in the New York Times titled "Privacy Should Not Be a Luxury Good," in which Mr. Pichai represented that "you get to decide how your information is used" by Google and that "we give you clear, meaningful choices around your data." Mr. Pichai has repeated these and similar false statements in other public comments. **Testimony from Mr. Pichai—regarding, for example, his statements to Congress and the public, Google's data collection practices, and his knowledge of those practices—is relevant to Plaintiffs' claims and Google's defenses**, including without limitation the issues of permission and consent, reasonable

---

[1] In February 2024, Plaintiffs served a draft letter brief on Google asking the Court for "an order (1) granting leave for Plaintiffs to exceed the current deposition limit to take Mr. Lemoine's deposition, and (2) requiring Google to review and produce documents from the custodial files of another individual with key knowledge—former Google employee Blake Lemoine." They subsequently dropped the issue entirely. No letter brief on this was ever filed.

3
GOOGLE LLC'S NOTICE OF MOTION AND MOTION EXCLUDE SUNDAR PICHAI
Case No. 3:20-CV-04688 RS

> expectation of privacy, offensiveness of Google's intrusion, fraudulent concealment, and punitive damages.

Santacana Decl., Ex. C, Third Am. Rule 26 Disc. at 7–8 (emphasis added). This eleventh-hour addition of Google's highest-ranking executive, a witness who was not a custodian, was never deposed, and has no relevance to the issues in this case, goes far beyond the permissible scope of Rule 26(e)(1).

Plaintiffs' First Amended Complaint, filed on November 11, 2020, refers to the representations Mr. Pichai made in public regarding privacy at Google that Plaintiffs cite in their third amended Rule 26 disclosures. ECF No. 60. Plaintiffs now claim—after four and a half years––that those public statements make him a relevant witness. Yet Plaintiffs never sought to depose Mr. Pichai. Santacana Decl. ¶ 4. Instead, Plaintiffs deposed fourteen current and former Google employees and Google's four corporate representatives, most of whom they plan to call as witnesses at trial. *Id.; see also* Ex. C, Third Am. Rule 26 Disc.

### D. The Court grants Google's request that its motion to exclude Mr. Pichai's trial testimony be addressed before any motions in limine.

In light of Mr. Pichai's position as CEO, Google requested that its motion to exclude Mr. Pichai's trial testimony be decided far enough in advance of trial to address the unique difficulties involved in calling Mr. Pichai as a trial witness. ECF No. 441 at 4–5. Google explained that Mr. Pichai's professional responsibilities are significant and typically scheduled well in advance, making last-minute changes to his schedule especially disruptive. *Id.* Google further explained that it would need ample time to prepare Mr. Pichai to testify, as he has not been a custodian or deponent in this case. *Id.* Judge Seeborg granted Google's request and ordered Google to file the motion on or before April 3, 2025. ECF No. 446 at 2.

## III. LEGAL STANDARD

### A. The Court has discretion under Rules 402 and 403

The district court has broad discretion to determine the relevance and admissibility of any given piece of evidence. *McEuin v. Crown Equip. Corp.,* 328 F.3d 1028, 1035 (9th Cir. 2003). "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Courts may exclude relevant evidence if

its probative value is substantially outweighed by a danger of "unfair prejudice, … misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence" Fed. R. Evid. 403.

### B. The Court also has discretion under the Apex Doctrine

The district court also has discretion to limit apex testimony from high-level executives, which creates "a tremendous potential for abuse or harassment." *Apple Inc. v. Samsung Elecs. Co., Ltd*, 282 F.R.D. 259, 263 (N.D. Cal. 2012); *Celerity, Inc. v. Ultra Clean Holding, Inc.*, 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007) (apex discovery improper where "a high-level decision maker [is] removed from the daily subjects of the litigation [and] has no unique personal knowledge of the facts at issue" (internal quotation marks omitted)). "[T]he closer that a proposed witness is to the apex of some particular peak in the corporate mountain range … the more appropriate the protections of the apex doctrine become." *Apple Inc.*, 282 F.R.D. at 263. "In determining whether to allow an apex deposition, courts consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Id*. The apex doctrine has been applied to preclude trial testimony.

## IV. ARGUMENT

The Court should grant Google's motion to exclude Mr. Pichai's trial testimony for two independent reasons. *First,* Mr. Pichai's testimony is irrelevant because he has no personal knowledge of the facts involved in Plaintiffs' case. Any probative value of Mr. Pichai's testimony is substantially outweighed by the dangers of unfair prejudice, confusing and misleading the jury, needlessly presenting cumulative evidence, and wasting the jury's time. *Second,* Mr. Pichai's testimony is barred by the apex doctrine.

### A. Any value of Mr. Pichai's testimony is substantially outweighed by the dangers of unfair prejudice, undue delay, wasting time, needlessly presenting cumulative evidence, and misleading the jury.

Plaintiffs claim that Mr. Pichai is "a *key* fact witness in this case" because of representations Mr. Pichai made in public that Plaintiffs include in their complaint. ECF No. 427 at 3 (emphasis added); Santacana Decl., Ex. C, Third Am. Rule 26 Disc. at 7–8. These are all high-level statements

about Google's general privacy practices; none of them address the specific issues in this case. ECF No. 289 (Fourth Amended Complaint) ¶¶ 105 (describing Mr. Pichai's public statements that "[t]o make privacy real, we give you clear, meaningful choices around your data"), 116–17 ("privacy cannot be a luxury good offered only to people who can afford to buy premium products and services"), 122 (same), 125–26 ("your activity data will be automatically and continuously deleted after 18 months, rather than kept until you choose to delete it" and "Google is committed to keeping your information safe, treating it responsibly, and putting you in control of what you choose to share"), 200 ("Firebase is the most comprehensive developer offering we have done to date.").

Mr. Pichai's testimony is irrelevant. That Mr. Pichai has represented publicly that Google has privacy controls, and that those controls give users control over their data, does not make his testimony relevant to every case against Google related to privacy. *See Reddy v. Nuance Commc'ns, Inc.*, No. 5:11-CV-05632-PSG, 2015 WL 4648008, at *4 (N.D. Cal. Aug. 5, 2015) (plaintiff's theory that CEO had the authority to undo the illegal activities complained of but chose not to do so, and therefore ratified those actions, would require trial testimony by any corporate executive in any case). Plaintiffs have never identified a connection between Mr. Pichai and the functioning of GA for Firebase (let alone while WAA is turned off), and Google is aware of none. Instead, Plaintiffs now claim that "[t]estimoy from Mr. Pichai [] regarding, for example, his statements to Congress and the public, Google's data collection practices, and his knowledge of those practices [] is relevant" to this case. Santacana Decl., Ex. C, Third Am. Rule 26 Disc. at 8. Plaintiffs point to no concrete connection between Mr. Pichai and this specific case because they cannot. His generic public statements do not even mention the specific issues presented here and cannot be probative of them.

But even if Plaintiffs could establish relevance, the Court should prevent Mr. Pichai's trial testimony because any marginal relevance will be substantially outweighed by the clear dangers of unfair prejudice, confusing and misleading the jury, needlessly presenting cumulative evidence, and wasting the jury's time. Fed. R. Evid. 403. Having the CEO of a Fortune 10 company testify about his public, high-level statements poses an obvious risk of prejudice and of confusing or misleading the jury about the nature and elements of Plaintiffs' claim. This case is about the connection or lack

thereof between WAA and GA for Firebase, a sub-product of Firebase SDK, which is itself just a single product made by Google, one of several entities Mr. Pichai oversees. A jury could mistakenly ascribe undue significance to Mr. Pichai's public statements before Congress and be confused about their applicability to this case. Or the jury could improperly and incorrectly conclude that the CEO of Alphabet's presence at trial inherently indicates the significance and credibility of Plaintiffs' allegations, and the culpability of Google's conduct.

Moreover, even if Mr. Pichai had relevant knowledge, his testimony would at best be cumulative and a waste of the Court and the jury's time. Fed. R. Evid. 403 (recognizing both waste of time and cumulative evidence as reasons for excluding relevant evidence). "Evidence is cumulative when it adds very little to the probative force of the other evidence … [and] its contribution to the … truth would be outweighed by its contribution to the length of the trial." *Ahmed v. State of Washington*, 203 F.3d 830 (9th Cir. 1999) (cleaned up). Plaintiffs deposed fourteen current and former Google employees, thirteen of whom remain on their Rule 26 disclosures. Those witnesses include the employees most knowledgeable about the facts at issue, such as David Monsees, Product Manager for WAA, Steve Ganem, Product Manager for GA for Firebase, Francis Ma, a product executive for Firebase SDK, and Greg Fair, who was involved in the development of WAA. The witnesses also include Eric Miraglia and Rahul Roy-Chowdhury, who were Google employees responsible for decisions about Google's privacy issues and controls during the relevant time frame at issue in this case. Plaintiffs have not identified any information they hope to elicit from Mr. Pichai that could not be provided by the thirteen witnesses Plaintiffs have deposed and intend to call at trial.

**B.    Mr. Pichai's testimony should be precluded under the apex doctrine because it constitutes harassment and an undue burden to Google.**

The apex doctrine is intended to limit the potential for abuse or harassment from compelling the testimony of high-level executives. It is designed to address exactly this case and further warrants precluding Mr. Pichai's trial testimony. *Apple Inc.*, 282 F.R.D. 259, 263; *Celerity, Inc.*,

2007 WL 205067, at *3. The apex doctrine has been applied to preclude testimony at trial.[2] *See e.g. Reddy*, 2015 WL 4648008, at *4 & n.38 (granting motion to preclude CEO as a trial witness, noting the witness's lack of apparent knowledge regarding the case as well as absence of any effort to depose the witness); *Yphantides v. Cnty. of San Diego*, No. 21CV1575-GPC(BLM), 2023 WL 7555301, at *4 (S.D. Cal. Nov. 14, 2023) (granting motion to preclude trial testimony from former high-ranking official because witness did not have "unique first-hand, non repetitive knowledge"); *Pinn, Inc. v. Apple Inc.*, No. SA 19-CV-01805-DOC-JDE, 2021 WL 4775969, at *3–4 (C.D. Cal. Sept. 10, 2021) (the apex doctrine presumes that compelling the witness to testify would be burdensome and "can also be applied to protect a senior executive from being compelled to appear at trial"); *Benson v. City of Lincoln*, No. 13-1758 (NLH/AMD), 2023 WL 5627091, at *5-6 (D. Neb. Aug. 31, 2023) ("[t]he Court is persuaded that the 'apex doctrine' is applicable to trial testimony for the same reasons it is applicable to deposition testimony. Excluding or preventing the testimony of a high-ranking … executive in either context is warranted unless the presumed burden of testifying is outweighed by the … executive's unique or special knowledge.").

Plaintiffs have offered no evidence suggesting Mr. Pichai has *any* knowledge—let alone "unique knowledge"—of the facts or products involved in Plaintiffs' case, which is why Plaintiffs never moved the Court to order his testimony or production of his documents. Fact discovery ended over two years ago. Plaintiffs have now deposed the key individuals directly responsible for the products and topics relevant to this case. They have received over 36,000 documents in discovery. Yet Plaintiffs have not identified any information that Mr. Pichai possesses relevant to this case. Plaintiffs' insistence that Mr. Pichai has relevant knowledge is belied by Plaintiffs' lack of any effort during discovery to seek production of Mr. Pichai's ESI or to depose Mr. Pichai, and by Plaintiffs' failure to include Mr. Pichai in their initial disclosures until almost *two years after the close of fact discovery*. Plaintiffs seek Mr. Pichai's testimony because he is the highest level executive at Google,

---

[2] The procedural posture of this case further supports the reasoning of the District Courts who applied the apex doctrine to trial testimony. Google could have—and would have—argued the apex doctrine in a motion responding to Plaintiffs noticing Mr. Pichai for deposition. Since Plaintiffs failed to pursue the deposition during discovery, Google would be effectively punished for Plaintiffs' apparent disinterest in Mr. Pichai's testimony if it was prevented from raising the apex doctrine argument at this time.

not because he has any special knowledge or involvement in the matters in dispute. Calling Mr. Pichai as a witness would only serve to harass him and Google, and disrupt Mr. Pichai's activities as CEO. It is a plain attempt to achieve a perceived tactical advantage, including perceived settlement leverage as the trial date looms ahead.

Nor have Plaintiffs even attempted to explain why the many witnesses they have deposed and included on their Rule 26 disclosures cannot speak exhaustively to the factual issues in this case. *See supra,* Section IV.A. By contrast, the burden on Mr. Pichai and Google would be substantial. He is the highest-ranking executive at Google, and the burden of preparing for and attending trial would divert him from other critical responsibilities. Mr. Pichai has never been a custodian or deponent in this case, meaning his preparation would have to start from scratch. The Court should therefore apply the apex doctrine to bar Mr. Pichai's testimony. *See, e.g.*, *Pinn*, 2021 WL 4775969 (granting Apple's motion where plaintiff failed to show Senior Vice President had "unique first-hand knowledge" and failed to seek his deposition); *Benson*, 2023 WL 5637091, at *7 (apex doctrine warranted barring the testimony of the Mayor at trial where plaintiff sought his testimony "primarily—if not entirely—because she is the highest level executive of the City, not because she has any special knowledge of or involvement in the matters in dispute.").

### V. CONCLUSION

Google respectfully requests that the Court grant this motion and order that Mr. Pichai be excluded from testifying at trial.

| | | |
|---|---|---|
| 1 | Dated: April 3, 2025 | Respectfully submitted, |
| 2 | | **WILLKIE FARR & GALLAGHER LLP** |
| 3 | | By: /s/ *Simona Agnolucci* |
| 4 | | Benedict Y. Hur |
| 5 | | Simona Agnolucci |
| | | Eduardo E. Santacana |
| 6 | | Argemira Flórez |
| | | Harris Mateen |
| 7 | | |
| 8 | | *Attorneys for Defendant* |
| | | *GOOGLE LLC* |