**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Tel.: (213) 995-5720
alanderson@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
Ryan Sila (admitted pro hac vice)
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com
rsila@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Michael F. Ram, CA Bar No. 104805
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 3:20-cv-04688-RS<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO EXCLUDE CERTAIN OPINIONS AND TESTIMONY OF GOOGLE'S EXPERTS DONNA HOFFMAN, JOHN BLACK, AND CHRISTOPHER KNITTEL**<br><br>The Honorable Richard Seeborg |

1

**[PROPOSED] ORDER**

Before the Court is Plaintiffs' Motion to Exclude Certain Opinions and Testimony of Google's Experts Donna Hoffman, John Black, and Christopher Knittel. Having considered the parties' papers in support of and in opposition to Plaintiffs' Motion, and all other matters properly considered by this Court, the Court **GRANTS** Plaintiffs' Motion.

Accordingly, Dr. Hoffman will not be permitted to offer expert testimony regarding Google's, app developers', users', or any other person's motive, intent, or state of mind, which exceeds the bounds of expert testimony. *See, e.g.*, Hoffman Rep. ¶¶ 26, 32, 63, 116, 132, 153 tbl. 8, 167; Hoffman Supp. Rep. ¶¶ 10, 20, 44. Dr. Hoffman also will not be permitted to testify about the concept of a "representative user" or that the jury should not "generalize" evidence across the class, which encroaches upon the Court's role in instructing the jury. *See, e.g.*, Hoffman Rep. ¶¶ 43, 122 tbl. 4, 139 tbl. 6. And because Dr. Hoffman lacks technical expertise or knowledge about how Google treats (s)WAA-off app activity data, she will not be permitted to testify that Google's disclosures and public representations are accurate. *See* Hoffman Rep. ¶¶ 72, 108, 139 tbl. 6, 173; Hoffman Supp. Rep. ¶¶ 33–35, 47 n.123.

The Court will also preclude Dr. Black from offering testimony that Google's policies and terms define the phrase "Google Account," which contradicts this Court's prior orders and therefore violates law of the case. *See, e.g.*, Black Rep. ¶ 112. Dr. Black also may not testify that Google does not "intercept" (s)WAA-off data, which is both irrelevant and beyond the scope of the report he purports to rebut. *See, e.g.*, Black Rep. ¶¶ 50–54.

Dr. Knittel's testimony will also be limited at trial. He may not testify that unjust enrichment should be adjusted to account for profits that Google might have earned had it adequately disclosed its allegedly unlawful data collection. Knittel Rep. ¶¶ 70–78. These opinions do not address the profits Google actually made from its unlawful conduct and concern and irrelevant but-for world; they are also unreliable because they are speculative. Similarly, Knittel may not testify that Google might have recouped some of the profits even without relying on

2

(s)WAA-off data to serve and monetize advertisements, as Knittel admits he has no basis for this opinion. Knittel Rep. ¶¶ 79–85.

**IT IS SO ORDERED.**

DATED: _____   _____

                                                Honorable Richard Seeborg
                                                Chief United States District Judge