**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
  sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
  esantacana@willkie.com
ARGEMIRA FLOREZ (SBN: 331153)
  aflorez@willkie.com
One Front Street, 34th Floor
San Francisco, CA 94111
Telephone: (415) 858-7400
Facsimile: (415) 858-7599

Attorneys for Defendant
GOOGLE LLC

**BOIES SCHILLER FLEXNER LLP**
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Tel: (415) 293-6858
Fax: (415) 999-9695

**SUSMAN GODFREY L.L.P.**
William Christopher Carmody (pro hac vice)
bcarmody@susmangodfrey.com
Shawn J. Rabin (pro hac vice)
srabin@susmangodfrey.com
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330

**MORGAN & MORGAN**
John A. Yanchunis (pro hac vice)
jyanchunis@forthepeople.com
Ryan J. McGee (pro hac vice)
rmcgee@forthepeople.com
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>GOOGLE LLC,<br><br>　　　　　　　Defendant. | Case No. 3:20-CV-04688-RS<br><br>**JOINT STIPULATION ON GOOGLE'S SUPPLEMENTAL FINANCIAL PRODUCTIONS**<br><br>Judge: Hon. Richard Seeborg<br>Courtroom: 3, 17th Floor |

Pursuant to Civil Local Rules 6-2 and 7-12, Plaintiffs Anibal Rodriguez, et al. ("Plaintiffs") and Defendant Google LLC ("Google"), collectively referred to as the "Parties," hereby enter into this joint stipulation.

WHEREAS, Plaintiffs' expert witness Michael J. Lasinski offers opinions on Google's unjust enrichment from Google's collection, saving, and use of (s)WAA-off app activity data;

WHEREAS, Google's rebuttal expert witness Christopher R. Knittel offers opinions in response to Mr. Lasinski, including with respect to Google's enrichment from its collection, saving, and use of (s)WAA-off app activity data;

WHEREAS, the Parties and their experts rely on financial reports produced by Google in calculating and otherwise opining on Google's enrichment from (s)WAA-off app activity data;

WHEREAS, because the discovery period in this case ended before the class period ended, the financial reports produced by Google during the discovery period did not include information regarding Google's revenues and costs for a later portion of the class period;

WHEREAS, after the end of the discovery period in this case, Google changed its accounting systems, including certain relevant reporting structures and reporting systems;

WHEREAS, after the class period ended, Google produced to Plaintiffs certain financial reports regarding Google's revenues and costs through the end of the class period;

WHEREAS, as a result of the changes to Google's accounting systems, the metrics included in these financial reports differ from the metrics included in the financial reports produced by Google during the discovery period;

WHEREAS, the Parties wish to at trial avoid any dispute or confusion by the jury regarding the contents of these Google financial reports and to ensure that the Parties' experts are both working from the same understanding regarding the content of these reports; and

WHEREAS, the Parties agree that the below stipulated facts may be included in the Joint Pretrial Statement.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, that:

With respect to Google's revenues and profits from **App Promo** ads:

1. The spreadsheet produced by Google and numbered GOOG-RDGZ-00185743 is authentic and admissible into evidence at trial;

2. In the spreadsheet numbered GOOG-RDGZ-00185743, the "AppPromoQuarterlyRevenue" in Column E of the "Data" tab is from App Promo ads served to users in the United States;

3. The spreadsheet produced by Google and numbered GOOG-RDGZ-02111189 is authentic and admissible into evidence at trial;

4. In the spreadsheet numbered GOOG-RDGZ-02111189, the "AppPromoQuarterlyRevenue" in Column E of the "Output" tab is Google's "served" revenue from App Promo ads served to users in the United States;

5. In the spreadsheet numbered GOOG-RDGZ-02111189, the "gross_revenue_floating_usd" in Column G of the "Follow Up Output" tab is Google's total "served" revenue from App Promo ads served to users around the world;

6. In the spreadsheet numbered GOOG-RDGZ-02111189, the "tac_floating_usd" in Column H of the "Follow Up Output" tab is Google's total traffic acquisition costs ("TACs") pertaining to App Promo ads served to users around the world;

7. The spreadsheet produced by Google and numbered GOOG-RDGZ-02111196 is authentic and admissible into evidence at trial;

8. In 2022, Google updated its profit-and-loss ("P&L") reporting structure to a new format for its App Promo and AdMob products;

9. Google's updated P&L reporting structure, used through 2024, does not track or maintain Google's "booked" revenue specific to App Promo ads;

10. For the period after Google updated its P&L reporting structure, Google's "billed" revenue from App Promo ads is the best available proxy, or substitute, for Google's "booked" revenue from App Promo ads;

11. In the spreadsheet numbered GOOG-RDGZ-02111196, the "SUM of billed_usd_glfx" in Column F is Google's "billed" revenue from App Promo ads served to users in the United States;

12. In the spreadsheet numbered GOOG-RDGZ-02111196, Google's "billed" revenue is calculated by deducting from "served" revenue certain transactions the customer is not billed for such as overdelivery, spam credits, etc., as well as including certain fees (for example, regulatory fees);

13. For purposes of this litigation, Google states that as it relates to Google's revenues from App Promo ads, the ratio of "served" to "billed" revenue during 2023 was not materially different from the ratio of Google's "served" to "billed" revenue during 2022;

14. Google's 2022–2024 accounting structure does not track, report, or otherwise maintain country-specific records of Google's traffic acquisition costs for App Promo ads;

15. For purposes of this litigation, Google states that Google's traffic acquisition costs as a percentage of Google's corresponding App Promo revenues did not materially change after 2021 and through the end of the class period, which is September 23, 2024;

16. As of October 1, 2023, the share of global App Promo ad revenue attributable to conversion types bid against Google Analytics for Firebase was 66%; and

17. As of October 1, 2024, the share of global App Promo ad revenue attributable to conversion types bid against Google Analytics for Firebase was 70.5%.

With respect to Google's revenues and profits from **AdMob**:

18. The spreadsheet produced by Google and numbered GOOG-RDGZ-02111197 is authentic and admissible into evidence at trial;

19. In the spreadsheet numbered GOOG-RDGZ-02111197, the "Hardcoded Sellside P&L | non-M" tab includes Google's total served and booked revenues from AdMob ads served to users around the world;

20. In the spreadsheet numbered GOOG-RDGZ-02111197, the figures in the "Hardcoded Sellside P&L | non-M" tab were generated by Google, from the same accounting systems, and using the same methods, that Google used to generate the figures in the spreadsheets numbered GOOG-RDGZ-00187665 and GOOG-RDGZ-00187666 to recreate the pre-2022 reporting structure to the best of its ability. It does not represent how Google currently reports these figures in the ordinary course of business;

21. After Google updated its P&L reporting structure in 2022, it stopped maintaining non-MECE views, meaning traffic acquisition costs associated with AdMob ads in the years 2022, 2023, or 2024, are MECE, unlike the non-MECE figures in previous years, which are included in the spreadsheets numbered GOOG-RDGZ-00187665 and GOOG-RDGZ-00187666;

22. Google's traffic acquisition costs as a percentage of Google's corresponding AdMob revenues remained relatively stable between 2021 and 2023.

IT IS SO STIPULATED.

DATED: April 18, 2025               By:  /s/ Mark C. Mao
                                         Mark C. Mao

                                    *Attorneys for Plaintiff*

DATED: April 18, 2025               WILLKIE FARR & GALLAGHER, LLP

                                    By: /s/ Benedict Y. Hur
                                        Benedict Y. Hur

                                    *Attorneys for Google*

JOINT STIPULATION RE: GOOGLE'S SUPPLEMENTAL FINANCIAL PRODUCTIONS
No. 3:20-CV-04688-RS

**FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5.1, I attest that all signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized this filing.

DATED: April 18 2025                BOIES SCHILLER FLEXNER LLP


                                    /s/ *Mark C. Mao*
                                    Mark C. Mao