| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP**<br>David Boies (admitted pro hac vice)<br>333 Main Street<br>Armonk, NY 10504<br>Tel.: (914) 749-8200<br>dboies@bsfllp.com<br><br>Mark C. Mao, CA Bar No. 236165<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>mmao@bsfllp.com<br>brichardson@bsfllp.com<br><br>James Lee (admitted pro hac vice)<br>Rossana Baeza (admitted pro hac vice)<br>100 SE 2nd St., 28th Floor<br>Miami, FL 33131<br>Tel.: (305) 539-8400<br>jlee@bsfllp.com<br>rbaeza@bsfllp.com<br><br>Alison L. Anderson, CA Bar No. 275334<br>M. Logan Wright, CA Bar No. 349004<br>2029 Century Park East, Suite 1520<br>Los Angeles, CA 90067<br>Tel.: (213) 995-5720<br>alanderson@bsfllp.com<br>mwright@bsfllp.com | **SUSMAN GODFREY L.L.P.**<br>Bill Carmody (admitted pro hac vice)<br>Shawn J. Rabin (admitted pro hac vice)<br>Steven M. Shepard (admitted pro hac vice)<br>Alexander Frawley (admitted pro hac vice)<br>Ryan Sila (admitted pro hac vice)<br>One Manhattan West, 50th Floor<br>New York, NY 10001<br>Tel.: (212) 336-8330<br>bcarmody@susmangodfrey.com<br>srabin@susmangodfrey.com<br>sshepard@susmangodfrey.com<br>afrawley@susmangodfrey.com<br>rsila@susmangodfrey.com<br><br>Amanda K. Bonn, CA Bar No. 270891<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel.: (310) 789-3100<br>abonn@susmangodfrey.com<br><br>**MORGAN & MORGAN**<br>John A. Yanchunis (admitted pro hac vice)<br>Ryan J. McGee (admitted pro hac vice)<br>Michael F. Ram, CA Bar No. 104805<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel.: (813) 223-5505<br>jyanchunis@forthepeople.com<br>rmcgee@forthepeople.com<br>mram@forthepeople.com |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>      Defendant. | Case No.: 3:20-cv-04688-RS<br><br>**[PROPOSED] ORDER DENYING GOOGLE'S MOTION TO EXCLUDE PLAINTIFFS' EXPERT PROFESSOR BRUCE SCHNEIER (DKT. 474)**<br><br>The Honorable Richard Seeborg |

**[PROPOSED] ORDER**

Before the Court is Google's Motion to Exclude Plaintiffs' Expert, Professor Bruce Schneier (Dkt. 474). Having considered the parties' papers in support of and in opposition to Google's Motion, and all other matters properly considered by this Court, the Court **DENIES** Google's Motion.

Professor Schneier is a computer scientist and Lecturer in Public Policy at the Harvard Kennedy School of Government, where he teaches on cybersecurity technology, law, and policy. Dkt. 474-2 at App. 2 (Schneier CV). He prepared two expert reports for Plaintiffs, including an initial report, served on February 20, 2023, Dkt. 474-2 ("Schneier Rep."), as well as a supplemental report, served on January 6, 2025, which merely updated his opinions to cover the remainder of the class period, *see* Dkt. 474-4 ("Schneier Supp."). In these reports, Prof. Schneier describes how the rise of the Internet and surveillance business models have created significant threats to online privacy. Schneier Rep. § IV.2. He addresses the value of user data and the risks created by Google's collection and storage of user data. *Id.* §§ 3, 4, 8. And he explains how Google's disclosures related to (s)WAA exemplify "dark patterns," or subversive user interface designs. Id. § IV.11.

Google seeks to exclude almost the entirety of Prof. Schneier's initial report, as well as the entirety of his supplemental report. The motion raises four arguments, all of which fail.

*First*, Google seeks to exclude his opinions relating to principles of data privacy as "irrelevant" and "unfairly prejudicial." Mot. 6. Judge Gonzalez Rogers rejected these exact arguments against Prof. Schneier in *Brown v. Google*, 2022 WL 17961497, at *9–10 & n.6 (N.D. Cal. Dec. 12, 2022). Here, as in *Brown*, Prof. Schneier may provide "background and context information" relevant to the jury's inquiries into objectively reasonable privacy expectations and the offensiveness of Google's conduct, among other things. *Id.*; *see also, e.g.*, *In re Google RTB Consumer Privacy Litig.*, 2024 WL 2242690, at *4 (N.D. Cal. Apr. 4, 2024) (in another data privacy case, denying Google's motion to exclude expert testimony on the "history of privacy

1  norms" and an opinion that "privacy—including freedom from unwanted surveillance—is a
2  fundamental right and important societal norm").

3  *Second*, Google claims that Prof. Schneier impermissibly opines on "Google's intent."
4  Mot. 10. But Prof. Schneier has no such opinions, as he confirmed at deposition. *See* Dkt. 474-3
5  at 71:1-3 (confirming he will not "opine in this case on the intent or state of mind or motivation of
6  Google"). His opinions concern Google's business incentives, not its state of mind. *E.g.*, Schneier
7  Rep. ¶ 111 (describing how "the largest online companies are highly *incentivized* to capitalize on
8  their users' data to generate billions in revenue" (emphasis added)). Such "opinions about …
9  incentives are proper." *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 2024 WL 4023562, at *16
10  (N.D. Cal. Aug. 26, 2024) (Seeborg, C.J.).

11  *Third*, Google moves to exclude Prof. Schneier's "consumer expectations opinions." Mot.
12  18. But Prof. Schneier does not opine on that topic either. *See* Dkt. 474-3 at 68:17-11 (answering
13  "I am not" in response to Google's counsel asking whether he is "providing any opinion about
14  consumer expectations relating to Web & App Activity?"). Prof. Schneier instead opines on
15  *industry practice* with respect to privacy settings. *See* Schneier Rep. ¶ 28 (noting it is common
16  practice is to *assume* that users will understand privacy settings to include their broadest possible
17  meaning).

18  *Fourth*, Google moves to exclude Prof. Schneier's opinions about "dark patterns," which
19  are design features that subtly nudge users towards disclosing more data. Prof Schneier opines that
20  Google's (s)WAA disclosures "exemplify" dark patterns, meaning the disclosures include features
21  known in the literature to be manipulative. *See* Schneier Rep. § 11. Google's principal argument
22  is that any expert testimony on dark patterns is invariably based on "unsound" methodology. Mot.
23  15. Yet Google cites no decision excluding dark patterns testimony. Moreover, Google's Motion
24  ignores a decision that permitted dark patterns testimony in another data privacy case against
25  Google. *See State of Az. v. Google LLC*, CV 2020-006219 (Sup. Ct. Az. Maricopa Cty. Sept. 8,
26  2022) (denying motion to exclude dark patterns expert). As that court reasoned, "the study and
27  existence of dark patterns is well recognized in the literature," and "Google's own engineers use
28

3

the concept of dark patterns as an analytical tool." *Id.* at 3. Even *Google's expert* in this case, Dr. Donna Hoffman, claimed to perform a dark patterns analysis. Dkt. 470-5 at 302:1-7. Prof. Schneier is highly qualified to opine on dark patterns, having taught them at Harvard and written a book discussing them. Schneier Rep. ¶ 14. As in the *Arizona* case, dark patterns testimony is also "directly relevant," particularly in support of Plaintiffs' allegation that "Google creates the false impression that users can control whether Google tracks their [app activity] when, in fact, it turns out there is nothing users can to do prevent Google from tracking them." *See State of Az. v. Google LLC*, CV 2020-006219 (Sup. Ct. Az. Maricopa Cty. Sept. 8, 2022), at 4. Prof. Schneier's dark patterns opinions are relevant to at least the permission element of the CDAFA claim, as well as the reasonable expectation of privacy element for the privacy tort claims.

**IT IS SO ORDERED.**

DATED: _____    _____

Honorable Richard Seeborg
Chief United States District Judge