**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN: 224018)
　bhur@willkie.com
SIMONA AGNOLUCCI (SBN: 246943)
　sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN: 281668)
　esantacana@willkie.com
ARGEMIRA FLÓREZ (SBN: 331153)
　aflorez@willkie.com
HARRIS MATEEN (SBN: 335593)
　hmateen@willkie.com
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: (415) 858-7400

Attorneys for Defendant
GOOGLE LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIBAL RODRIGUEZ, *et al.* individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>GOOGLE LLC, *et al.*,<br><br>　　　　　　　Defendant. | Case No. 3:20-CV-04688 RS<br><br>**[PROPOSED] ORDER DENYING PLAINTIFFS' MOTION TO EXCLUDE CERTAIN OPINIONS AND TESTIMONY OF GOOGLE'S EXPERTS DONNA HOFFMAN, JOHN BLACK AND CHRISTOPHER KNITTEL [DKT 473]**<br><br>Date:　　　　　May 15, 2025<br>Time:　　　　　1:30 p.m.<br>Courtroom:　　3, 17th Floor<br>Judge:　　　　Hon. Richard Seeborg<br><br>Action Filed:　July 14, 2020<br>Trial Date:　　August 18, 2025 |

**[PROPOSED] ORDER**

Before the Court is Google LLC's Response to Plaintiffs' Motion to Exclude Certain Opinions and Testimony of Google's Experts Donna Hoffman, John Black, and Christopher Knittel [Dkt 473] ("Response") and documents filed in connection with that motion.

Having considered Google LLC's Response, the Declaration of Eduardo E. Santacana filed concurrently therewith, and the exhibits attached thereto, along with other materials in the record, argument of counsel, and such other matters as the Court may consider, the Court **DENIES** Plaintiffs' Motion to Exclude Certain Opinions and Testimony of Google's Experts Donna Hoffman, John Black, and Christopher Knittel [Dkt 473].

Accordingly, IT IS HEREBY ORDERED THAT:

Dr. Hoffman will be permitted to opine as to facts in the record pertaining to Google's user interface design consistent with the opinions in her Initial Report, dated May 31, 2023, and her Reply Report, dated March 24, 2025. Her testimony shall be limited to rebutting paragraphs 209–221, 296–310, and 268–278 of Plaintiffs' expert Bruce Schneier's Report submitted February 20, 2023 ("2023 Report"). Because the remaining opinions of Mr. Schneier in his 2023 Report and the entirety of his Supplemental Expert Report, submitted January 6, 2025, are impermissible and excluded in their entirety, Dr. Hoffman's rebuttal opinions as to those sections is moot. As such, Dr. Hoffman may not offer rebuttals to Mr. Schneier's impermissible testimony on motive, intent, or state of mind, but may testify within the bounds of appropriate expert testimony by opining only as to facts in the record.

Dr. Black will be permitted to opine that Google's policies and terms define the phrase "Google Account," and opine on Plaintiffs' "interception" theory consistent with the opinions in his May 31, 2023 report.

Dr. Knittel will be permitted to testify about the "but-for-world" as part of his unjust enrichment analysis consistent with the opinions in his May 31, 2023 report. Specifically, the following rebuttal opinions are not impermissible: that unjust enrichment should take into account that (1) users might have reacted minimally to more complete disclosure of Google's (s)WAA-off data practices, leading to similar revenue outcomes, and that (2) Google could have generated some

revenue from sWAA-off users through alternative methods not requiring the challenged GA4F data use.

**IT IS SO ORDERED.**

DATED: _____        _____
                                                                    Honorable Richard Seeborg
                                                                    United States District Judge