UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANIBAL RODRIGUEZ, et al.,

    Plaintiffs,

v.

GOOGLE LLC,

    Defendant.

Case No. 20-cv-04688-RS   (AGT)

**ORDER GRANTING MOTION TO EXCLUDE**

Re: Dkt. No. 471

Defendant Google LLC (Google) moves to exclude its chief executive officer, Sundar Pichai (Pichai), from testifying at trial. Dkt. 471. Plaintiffs oppose. Dkts. 479. This motion was referred to the undersigned. Dkt. 446 at 2.[1]

Google moves first to exclude based on Federal Rules of Evidence 402 and 403, and second based on the apex doctrine. Dkt. 471.

Federal Rule of Civil Procedure (Rule) 26(b) permits a court to limit discovery when it "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Rule 26(c) allows a court, finding good cause, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* 26(c)(1).

The apex doctrine is an outgrowth of Rule 26 which "seeks to limit the potential for

---

[1] Citations to page numbers in this order correspond to the Electronic Case Filing numbers at the top of each page.

the discovery rules to serve as a tool for harassment." *Apple Inc. v. Samsung Elecs. Co., Ltd*, 282 F.R.D. 259, 263 (N.D. Cal. 2012). When a party seeks the deposition or testimony of a high-level executive, and the apex doctrine is invoked, courts consider "(1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Id.* (internal citation and quotations omitted). *See also Yphantides v. Cnty. of San Diego*, No. 21-CV-1575, 2023 WL 7555301, at *4 (S.D. Cal. Nov. 14, 2023) (noting that "the apex doctrine has been applied to preclude testimony at trial," and compiling cases).

Here, Plaintiffs want Pichai's testimony — for the first time — at trial. It's undisputed that Plaintiffs elected not to depose Pichai or, at minimum, even seek his files during active discovery. *See* dkt. 471 (motion) at 5–6; dkt. 479 (opposition) at 22. Fact discovery is now closed. *See* dkts. 246 & 281.

Belatedly, Plaintiffs contend their justification for live testimony is somehow more critical now, even though Plaintiffs passed on less intrusive means of obtaining testimony from Pichai. *See* dkt. 479 at 22–24. Seen another way, Plaintiffs' decision to pass on discovery could be viewed as a concession that Pichai lacked relevant testimony. And at the time Plaintiffs made the decision to do without Pichai's testimony, there was no trial on the horizon, only summary judgment.

Plaintiffs have failed to demonstrate that Pichai possesses "unique first-hand, non-repetitive knowledge," *Apple,* 282 F.R.D. at 263, of the facts at issue here. The Court is not persuaded by the general reasons given, nor by the hundreds of pages Plaintiffs dump on the Court's doorstep after discovery has closed. *See* dkts. 478–79. Instead, Pichai appears "removed from the daily subjects of the litigation," *Affinity Labs of Texas v. Apple, Inc.*, No. C

09-4436, 2011 WL 1753982, at *15 (N.D. Cal. May 9, 2011) (internal citation and quotations omitted), such that his trial testimony would be improper. There were no surprises unearthed after discovery that warrant live trial testimony.

In light of the above, the undersigned grants the motion to exclude Pichai's testimony.[2] The hearing previously set for May 9, 2025, is vacated.

This order dispenses with dkt. 471.

**IT IS SO ORDERED.**

Dated: May 6, 2025

Alex G. Tse
United States Magistrate Judge

---

[2] Having concluded that the apex doctrine shields Pichai, the Court need not review under Federal Rules of Evidence 402 and 403.