BOIES SCHILLER FLEXNER LLP
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Tel.: (213) 995-5720
alanderson@bsfllp.com
mwright@bsfllp.com

SUSMAN GODFREY L.L.P.
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
Ryan Sila (admitted pro hac vice)
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com
rsila@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

MORGAN & MORGAN
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Michael F. Ram, CA Bar No. 104805
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
mram@forthepeople.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br>Defendant. | Case No.: 3:20-cv-04688-RS<br><br>PLAINTIFFS' ~~APPEAL~~MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER ~~GRANTING~~OF MAGISTRATE JUDGE RE: GOOGLE'S MOTION TO EXCLUDE SUNDAR PICHAI (DKT. 498)<br><br>Civ. Local Rule 72-2<br><br>The Honorable Richard Seeborg<br>Courtroom 3 – 17th Floor |

PLAINTIFFS' APPEAL FROM ORDER GRANTING GOOGLE'S MOTION TO EXCLUDE PICHAI
CASE NO. 3:20-CV-04688-RS

Trial Date: August 18, 2025

PLAINTIFFS' APPEAL FROM ORDER GRANTING GOOGLE'S MOTION TO EXCLUDE PICHAI
CASE NO. 3:20-CV-04688-RS

I. **INTRODUCTION**

Plaintiffs respectfully appeal from Magistrate Judge Tse's order granting Google's motion to excuse Sundar Pichai from trial. Dkt. 498 (the "Order"). Plaintiffs seek to have Mr. Pichai testify at trial because he is a percipient witness who was intimately involved with the Google settings and products at the core of this class action, where billions of dollars at stake.

Mr. Pichai has been personally involved with the Google settings and products at issue in this lawsuit since *before* he became CEO. In 2014, Mr. Pichai was in charge of product and engineering for "Web History," which eventually became WAA. Dkt. 479-5. Mr. Pichai (still not CEO) ███████████████████████████████████████████████ ███████████████████████████████████████████████. Dkts. 479-9, 479-10. His personal involvement continued with Firebase over the next few years, including pushing for Firebase ███████████████████████████████████████████████ Dkts. 479-12, 479-13.

After news broke in 2018 that WAA caused Google to collect location history even from users who denied permission to collect that information, Mr. Pichai personally handled damage control. Dkt. 479 at 6. Throughout the latter half of 2018, he personally held multiple meetings to save WAA. Dkt. 479 at 6. And Mr. Pichai—as CEO—appeared before Congress with the same false promise about (s)WAA:

> Q. Do you think average users read the terms of service and the updates that are very frequently sent to us?
>
> A. Beyond the terms of service … they can clearly see what information we have. … [A]nd *we give clear toggles, by category, where they can decide whether that information is collected, stored.* …
>
> Q. So if you get an app that gathers information on a specific thing, *that's not also coming to Google*, as well as, to the—the developer of the app?
>
> A. In a general sense, *no*.

Dkt. 479-24 at 22:19–25:2, 174:4–8. Afterwards, Mr. Pichai personally directed and supervised purported improvements to the (s)WAA setting. Critically, he ███████████████████ ████████████. Dkt. 479-28. And in some of these "████████████," Mr. Pichai explicitly ███████████████████████████████████████████████████████████" Dkts. 479-35,

1

PLAINTIFFS' APPEAL FROM ORDER GRANTING GOOGLE'S MOTION TO EXCLUDE PICHAI
CASE NO. 3:20-CV-04688-RS

Case 3:20-cv-04688-RS    Document 505-1    Filed 05/22/25    Page 4 of 9



1  479-36 (Pichai ~~instructed teams to~~ ▮▮▮▮ directing ▮▮▮▮
2  ▮▮▮▮").
3      Google disputes intent, and Mr. Pichai's testimony is important for this jury to assess the
4  exact nature of Google's motives for its behavior and actions at issue in this case. Google should
5  want this as well. Other Google employees testified they ▮▮▮▮
6  ▮▮▮▮. *See, e.g.*, Dkts. 479-6 at 61:2–66:10, 479-8 at 40:2–41:16. Others admitted
7  they ▮▮▮▮. *See, e.g.*, Dkts. 479-
8  26 at 73:20–23, 479-43 at 210:18–213:4. One Google privacy employee ▮▮▮▮
9  ▮▮▮▮
10 ▮▮▮▮ Dkt. 479-27. That he knew ▮▮▮▮
11 ▮▮▮▮
12 ▮▮▮▮ Dkt. 479-44 at 97:17–99:9.
13      Mr. Pichai's central role with the Google conduct at issue in this lawsuit will be featured
14 at trial. Google's only witness capable of testifying about Mr. Pichai's state of mind is Mr. Pichai.
15 Without his testimony, the jury will be left to infer the obvious from his testimony before Congress
16 and his absence from trial. While this may be Google's choice, Plaintiffs would suggest that the
17 Court would find it more helpful to have Mr. Pichai present as well. Thus, the Order should be
18 reversed, so that the issues may be aired fully at trial.
19      Google should not be allowed to refuse to call Mr. Pichai (should the Court affirm the
20 Order) and then benefit from his absence. Google cannot have it both ways. Plaintiffs' evidence
21 that would otherwise be admissible through Mr. Pichai should be admitted at trial. Google should
22 be prohibited from commenting on Mr. Pichai's involvement with the Google settings or products
23 at issue in this case or his intent or meaning in making his public statements.
24 II.  **LEGAL STANDARD**
25      The Order may be set aside or modified if it is "clearly erroneous" or "contrary to law."
26 Fed. R. Civ. P. 72(a). An order is "clearly erroneous" if the Court is left with the "definite and firm
27 conviction that a mistake has been made. *Kelley v. AW Distrib., Inc.*, 2021 WL 5414322, at *1
28 (N.D. Cal. Sept. 3, 2021). "A decision is contrary to law if the magistrate judge fails to apply or

2

PLAINTIFFS' APPEAL FROM ORDER GRANTING GOOGLE'S MOTION TO EXCLUDE PICHAI
CASE NO. 3:20-CV-04688-RS

misapplies relevant case law … or rules of procedure," *id.*, or "fails to consider an element of the applicable standard," *Forouhar v. Asa*, 2011 WL 4080862, at *1 (N.D. Cal. Sept. 13, 2011).

### III. ARGUMENT

#### A. The Order Is Contrary to Law Because It Excuses Executives from Trial Unless They Have Been Burdened with a Deposition.

The Order is contrary to law and clearly erroneous because it treats Plaintiffs' strategic choice not to depose Mr. Pichai as dispositive. The Order somehow "view[s] [this] as a concession that Pichai lacked relevant testimony." Order at 2.[1] It is no such thing. And the Order's implicit instruction that a party interested in an executive's testimony must both call them at trial *and* take their deposition would turn the rationale for the apex doctrine on its head.

"[T]here is no bar to calling as a witness someone who was not deposed during discovery." *Leatherbury v. City of Phila.*, 1998 WL 47355, at *5 (E.D. Pa. Feb. 4, 1998); *see Alfred E. Mann Found. for Sci. Res. v. Cochlear Corp.*, 2014 WL 12586105, at *16–17 (C.D. Cal. Jan. 3, 2014) (allowing witnesses who were discussed at depositions but who were not themselves deposed). That is no less true for purported "apex" witnesses. *U.S. Bank Nat'l Ass'n v. PHL Variable Life Ins. Co.*, 112 F. Supp. 3d 122, 149–50 (S.D.N.Y. 2015) (denying motion to exclude "apex" witness from trial even though witness had not been deposed). The decision whether to take a trial witness's deposition is "within the tactical and strategic province of the attorney." *Kearse v. Sec'y, Fla. Dep't of Corrs.*, 2022 WL 3661526, at *21–22 (11th Cir. Aug. 25, 2022); *Lane v. Wal-Mart, Inc.*, 172 F.3d 879 (Table) at *5 (10th Cir. 1999). Attorneys often choose not to take a particular deposition not because they are irrelevant, but to avoid revealing their trial strategy. *Kearse*, 2022 WL 3661526, at *22 ("[T]here may be things you don't want the other side to know about.").

The Order's rationale is also inconsistent with the very purpose of the "apex doctrine," if it exists. Courts that recognize the doctrine explain that it protects busy senior executives "from the constant distraction of testifying in lawsuits." *Opperman v. Path, Inc.*, 2015 WL 5852962, at *1 (N.D. Cal. Oct. 8, 2015). The lesson to be learned from the Order is that parties with a legitimate

---

[1] The Order also incorrectly states that Plaintiffs did not seek Mr. Pichai's documents. Order at 2; Dkt. 105 at 1. After this request was denied, Plaintiffs were able to use documents from other custodians to piece together Mr. Pichai's role. *See* Dkt. 479 at 3–11.

interest in an executive's trial testimony should also seek to take up their time with a deposition. Otherwise, efforts to minimize the burden on the executive may be misunderstood as indifference. The Order improperly incentivizes counsel to take up *more* of the executives' time, not less.

### B. The Order Is Contrary to Law and Clearly Erroneous Because It Both Uses an Incorrect Legal Standard and Misapplies It to the Evidence.

The Order is contrary to law and clearly erroneous not only because it does not use the correct legal standard, but also because it misreads the evidence. The Order does not recognize that Google "carries a heavy burden to show why [testimony] should be denied," and it certainly does not hold Google to that burden. *Google Inc. v. Am. Blind & Wallpaper Factory, Inc.*, 2006 WL 2578277, at *3 n.3 (N.D. Cal. Sept. 6, 2006) (Seeborg, C.J.). It also does not recognize that any burden on Plaintiffs to demonstrate Mr. Pichai's knowledge "is not a high bar." *Wonderland Nurserygoods Co. v. Baby Trend, Inc.*, 2022 WL 1601402, *2 (C.D. Cal. Jan. 7, 2022).

As this Court has explained, a party may examine the opposing party's executives if the executive "may have at least *some* relevant personal knowledge." *First Nat. Mortg.*, 2007 WL 4170548, at *2. The record here far surpasses that standard, showing that Mr. Pichai *definitely* has *abundant* personal knowledge about matters at the core of this litigation: He developed, launched, and supervised the creation of (s)WAA, the rollout of Firebase, and the content of Google's public representations. *See* Dkt. 479 at 3–11; *In re Apple iPhone Antitrust Litig.*, 2021 WL 485709, at *4 (N.D. Cal. Jan. 26, 2021) (denying apex motion because the case "concern[ed] important aspects of [he defendant's] business model that are plainly the result of [executive's] decisions").

The Order also improperly demands proof of unique knowledge unavailable through other means. Order at 2. The fact "that other witnesses may be able to testify as to what occurred … does not mean that a high-level corporate officer's testimony would be 'repetitive.' Indeed, it is not uncommon for different witnesses to an event to have differing recollections of what occurred." *First Nat. Mortg.*, 2007 WL 4170548, at *2; *In re Uber Techs., Inc. Pass. Sex. Assault Litig.*, 2025 WL 896412, at *2 (N.D. Cal. Mar. 24, 2025) (discouraging "overemphasis on *unique* knowledge" because it is "inconsistent with otherwise common approaches to discovery and trial advocacy").

Regardless, the Order overlooks that Mr. Pichai's knowledge *is* unique: Other witnesses ████████████████████████████████████████████████████, and are incompetent to testify about Mr. Pichai's state of mind. *See* Dkt. 479 at 9–11. Google should also want Mr. Pichai present, to explain his ████████████████████ ████████████████████████ Dkt. 479 at 8.

### C. The Order Is Contrary to Law and Clearly Erroneous Because It Does Not Weigh the Purported Burden Against Other Important Interests

Finally, the Order is contrary to law and in error because it does not address countervailing considerations that "outweigh[]" any burden on Google and Mr. Pichai. *In re Uber*, 2025 WL 896412, at *4. The Order does not evaluate an element important to the "proportional[ity]" analysis—the stakes of the litigation. *City of Huntington v. AmerisourceBergen Drug Corp.*, 2020 WL 3520314, at *3 (S.D. W.Va. June 29, 2020). The apex doctrine is designed for "slip and fall case[s]" where the executive has no relevant knowledge. *In re Uber*, 2025 WL 896412, at *2. The protections afforded to executives are weakest in cases like this: "aggregated litigation" concerning "important aspects of the [defendant's] business model" or "hundreds of millions of dollars." *Id.* at *2; *City of Huntington*, 2020 WL 3520314, at *3–4. The Order also does not address Google's choice to select Mr. Pichai as its spokesperson on these issues. ~~These~~His "answers to Congress demonstrate core competence, personal involvement, and direct knowledge of the factual issues." ~~*City of Huntington*~~ *Id.* 2020 WL 3520314, at *3. His ~~choice to appear~~appearance before Congress also shows ~~that~~ his schedule can accommodate an appearance to testify—on a similar subject, but ~~this time close~~closer to home in the Bay Area.

### D. Google Should Not Be Permitted to Benefit from Mr. Pichai's Absence at Trial

There is no doubt ~~that~~ Google seeks to preclude Mr. Pichai from ~~testifying~~trial to ~~avoid benefits to the~~ benefit Plaintiffs while planning to simultaneously use ~~Mr. Pichai's~~his absence to Google's benefit at trial. ~~Google~~It should not be permitted to do so. If the Order is affirmed, all evidence that could have been admitted through Mr. Pichai (~~including but not limited to~~e.g., emails, documents,~~and~~ prior statements) should be admissible by Plaintiffs, even without Mr. Pichai testifying. Google should also be prohibited from ~~arguing~~offering arguments or ~~admitting~~

5

evidence ~~of, anything~~ related to Mr. Pichai's state of mind, intent, and other matters where Google refused to have him testify. Plaintiffs should also be permitted to comment on Mr. Pichai's choice not to testify (which it is).

## CONCLUSION

For these reasons, the Court should vacate the Order excluding Mr. Pichai from trial.

Date: May 20, 2025
Corrected on: May 22, 2025

By: /s/ Mark C. Mao

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

David Boies (admitted *pro hac vice*)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200

James Lee (admitted *pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (admitted *pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Alison L. Anderson, CA Bar No. 275334
alanderson@bsfllp.com
M. Logan Wright, CA Bar No. 349004
mwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Telephone: (813) 482-4814

| | |
|---|---|
| 1 | Bill Carmody (*pro hac vice*) |
| 2 | bcarmody@susmangodfrey.com |
|   | Shawn J. Rabin (*pro hac vice*) |
| 3 | srabin@susmangodfrey.com |
|   | Steven Shepard (*pro hac vice*) |
| 4 | sshepard@susmangodfrey.com |
|   | Alexander P. Frawley |
| 5 | afrawley@susmangodfrey.com |
| 6 | Ryan Sila |
|   | rsila@susmangodfrey.com |
| 7 | SUSMAN GODFREY L.L.P. |
|   | One Manhattan West, 50th Floor |
| 8 | New York, NY 10001 |
| 9 | Telephone: (212) 336-8330 |
| 10 | Amanda Bonn (CA Bar No. 270891) |
|    | abonn@susmangodfrey.com |
| 11 | SUSMAN GODFREY L.L.P. |
|    | 1900 Avenue of the Stars, Suite 1400 |
| 12 | Los Angeles, CA 90067 |
| 13 | Telephone: (310) 789-3100 |
| 14 | John A. Yanchunis (*pro hac vice*) |
|    | jyanchunis@forthepeople.com |
| 15 | Ryan J. McGee (*pro hac vice*) |
| 16 | rmcgee@forthepeople.com |
|    | Michael F. Ram (CA Bar No. 238027) |
| 17 | mram@forthepeople.com |
|    | MORGAN & MORGAN, P.A. |
| 18 | 201 N Franklin Street, 7th Floor |
|    | Tampa, FL 33602 |
| 19 | Telephone: (813) 223-5505 |
| 20 | Facsimile: (813) 222-4736 |
| 21 | *Attorneys for Plaintiffs* |

7

PLAINTIFFS' APPEAL FROM ORDER GRANTING GOOGLE'S MOTION TO EXCLUDE PICHAI
CASE NO. 3:20-CV-04688-RS