COOLEY LLP
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

Attorneys for Defendant
Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**DEFENDANT GOOGLE LLC'S MOTION IN LIMINE NO. 1 TO EXCLUDE TESTIMONY OF BLAKE LEMOINE**<br><br>Date:     July 30, 2025<br>Time:    09:30 A.M.<br>Court:   Courtroom 3, 17th Floor, SF<br>Judge:   Hon. Richard Seeborg<br><br>Date Action Filed: July 14, 2025<br>Trial Date: August 18, 2025 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on July 30, 2025, at 9:30 A.M., before the Honorable Richard Seeborg of the United States District Court for the Northern District of California in Courtroom 3 of the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Google LLC ("Google") will move the Court to preclude Plaintiffs from introducing at trial any testimony from, or any reference to, former Google employee Blake Lemoine.

This Motion is based on this Notice of Motion, accompanying Memorandum of Points and Authorities, the Omnibus Declaration of Eduardo E. Santacana in Support of Google LLC's Motions in Limine Nos. 1-12 and exhibits attached thereto, and all other evidence in the record.

## ISSUE PRESENTED

Plaintiffs failed to disclose former Google employee Blake Lemoine as a witness until nearly a year after fact discovery closed. They now seek to introduce his testimony from a separate, unrelated lawsuit concerning different products and technologies.

The issue is whether the Court should exclude this testimony when it is untimely, irrelevant, inadmissible hearsay, and threatens to create a prejudicial sideshow about the witness's credibility and bizarre public claims.

Dated: June 24, 2025                          COOLEY LLP

                                              By: */s/ Eduardo E. Santacana*
                                                  Benedict Y. Hur
                                                  Simona Agnolucci
                                                  Eduardo Santacana
                                                  Argemira Flórez
                                                  Harris Mateen
                                                  Isabella McKinley Corbo

                                                  *Attorneys for Defendant*
                                                  *Google LLC*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEF. MIL NO. 1 TO EXCLUDE TESTIMONY OF
BLAKE LEMOINE
3:20-CV-04688-RS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Google respectfully moves to exclude all testimony from and any reference to its former engineer Blake Lemoine. Plaintiffs purportedly seek to use testimony from Mr. Lemoine "regarding Google's collection and use of data when (s)WAA is turned off," but this effort is procedurally improper and relies on a witness whose credibility is fundamentally compromised.

Mr. Lemoine is a disgruntled former engineer who never worked on the products or technologies at issue. Plaintiffs hope to trade on his public notoriety, born of his headline-grabbing claim that a Google AI chatbot is sentient. Because they failed to obtain his testimony during discovery, they now ask the Court to accept statements manufactured in another lawsuit, *Brown v. Google*.

Plaintiffs' effort shows a continuing disregard for the rules and for diligence. The chronology makes that clear:

- **June to July 2022:** After a series of erratic acts—including trying to hire a lawyer for a chatbot he believed was sentient—Google places Mr. Lemoine on leave.[1] He promptly goes public, blogging "May be Fired Soon for Doing AI Ethics Work," leaks confidential information to The Washington Post, and embarks on a media tour.[2] Google terminates him in late July for violating employment and data-security policies.[3]

- **October 2022:** Fact discovery closes in this case.[4]

- **August 2023:** Plaintiffs' counsel retains Mr. Lemoine as a client after he contacts them about the unrelated *Brown* case.[5]

---

[1] *See* Declaration of Eduardo E. Santacana in Support of Google LLC's Motions in Limine Nos. 1-12 ("Santacana Decl."), Ex. S ("Lemoine Dep.") at 70:22–71:1, 117:2–7.
[2] Lemoine Dep. at 148:11; *see also* Blake Lemoine, *May be Fired Soon for Doing AI Ethics Work*, Medium (June 11, 2022), https://cajundiscordian.medium.com/may-be-fired-soon-for-doing-ai-ethics-work-802d8c474e66; Nitasha Tiku, *The Google engineer who thinks the company's AI has come to life*, Wash. Post (June 11, 2022), https://www.washingtonpost.com/technology/2022/06/11/google-ai-lamda-blake-lemoine/; Rachel Metz, *Google fires engineer who claimed its AI chatbot is sentient*, CNN (July 23, 2022, 1:32 AM), https://www.cnbc.com/2022/07/23/google-fires-software-engineer-who-claimed-its-ai-chatbot-is-sentient.html; Blake Lemoine, *'I Worked on Google's AI. My Fears Are Coming True,'* Newsweek (Feb. 27, 2023), https://www.newsweek.com/google-ai-blake-lemoine-bing-chatbot-sentient-1783340.
[3] *See* Lemoine Dep. at 159:6–11.
[4] Santacana Decl. ¶ 55.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEF. MIL NO. 1 TO EXCLUDE TESTIMONY OF
BLAKE LEMOINE
3:20-CV-04688-RS

- **October 2023:** Plaintiffs untimely disclose Mr. Lemoine as a witness in this case.[6]

- **December 2023:** Mr. Lemoine is deposed in *Brown*.[7] On redirect, Plaintiffs' counsel elicits testimony from Mr. Lemoine regarding "WAA-off data," despite the term having no relevance to *Brown*.[8]

- **January 2024:** Plaintiffs in this case request to reopen discovery for Mr. Lemoine's documents.[9] Google refuses.[10]

- **February 2024:** Plaintiffs serve a joint letter brief to compel the deposition, but abandon the effort and never seek his deposition.[11]

- **October 2024:** Google notifies Plaintiffs of its intent to move to exclude Mr. Lemoine's testimony at trial.[12]

- **June 2025:** Plaintiffs included Mr. Lemoine's deposition testimony from the *Brown* case in their proposed witness list.[13]

Plaintiffs failed to secure Mr. Lemoine's testimony through proper channels in this case. They cannot now ambush Google at trial. Their attempt to introduce irrelevant, prejudicial testimony—which their own counsel manufactured on redirect in an unrelated lawsuit—is an inappropriate end-run around the rules of discovery.

Exclusion is thus warranted for four independent, dispositive reasons. ***First***, Plaintiffs' initial disclosure of Mr. Lemoine came nearly a year after the close of fact discovery, mandating exclusion under Federal Rule of Civil Procedure 37(c)(1). Their subsequent, abandoned offer to produce Mr. Lemoine for a deposition—which Google rightly refused and Plaintiffs themselves abandoned—does not cure the prejudice of their untimely disclosure. A party cannot ignore discovery deadlines for a year, make a single improper and abandoned attempt to cure and then, due to its own lack of diligence, seek to read testimony they manufactured in another lawsuit into trial here. ***Second***, his testimony is irrelevant under Federal Rule of Evidence 402, as it concerns different products, technologies, and users than those at issue here. ***Third***, the Brown deposition testimony is

---

[5] Lemoine Dep. at 20:11–20; 22:19–23:20.
[6] Santacana Decl. ¶ 56.
[7] Santacana Decl. ¶ 62.
[8] Santacana Decl. ¶¶ 65–66; Lemoine Dep. at 205:25–207:10.
[9] Santacana Decl. ¶ 58.
[10] Santacana Decl. ¶ 59.
[11] Santacana Decl. ¶ 60.
[12] Santacana Decl. ¶ 61.
[13] Santacana Decl. ¶ 68.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEF. MIL NO. 1 TO EXCLUDE TESTIMONY OF
BLAKE LEMOINE
3:20-CV-04688-RS

inadmissible hearsay because Google lacked the requisite "similar motive" to develop his testimony on issues unique to this case. **Finally**, any conceivable probative value is dwarfed by the certainty of unfair prejudice. Admitting this testimony would require a distracting mini-trial into Mr. Lemoine's compromised motives, his termination for leaking confidential information, and his history of bizarre behavior. The Court should exclude this sideshow in its entirety.

## II.  ARGUMENT

### A. The Court Must Exclude Mr. Lemoine's Testimony Under Rule 37(c)(1) Because Plaintiffs' Untimely Disclosure Was Neither Substantially Justified Nor Harmless.

Mr. Lemoine's testimony must be excluded as an "automatic" sanction for Plaintiffs' failure to disclose him as a witness until nearly one year after the close of fact discovery. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (citing Fed. R. Civ. P. 37 advisory committee's notes (1993)). Plaintiffs' failure was unjustified and harmful, and their belated offer to produce him for a deposition does not excuse their procedural failures.

A party who "fails to provide information or identify a witness as required by Rule 26(a) or (e)" is barred from using that witness at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The burden rests squarely on the disclosing party—here, Plaintiffs—to prove justification or harmlessness. *Yeti by Molly*, 259 F.3d at 1107 (9th Cir. 2001). Relevant factors include "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010). Because excluding a single, peripheral witness is not a case-dispositive sanction, the Court need not find "willfulness or bad faith." *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008).

Exclusion here is warranted because Plaintiffs cannot justify their yearlong delay.

**First**, the failure to timely disclose was egregious. This case has been pending for five years. Fact discovery spanned more than a year, required four extensions, and involved producing tens of thousands of documents and dozens of depositions. Although fact discovery closed on October 31,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEF. MIL NO. 1 TO EXCLUDE TESTIMONY OF
BLAKE LEMOINE
3:20-CV-04688-RS

2022, Plaintiffs did not identify Mr. Lemoine until nearly a year later in their Second Amended Rule 26 Disclosures on October 4, 2023. Omnibus Declaration of Eduardo E. Santacana in Support of Google LLC's Motions in Limine Nos. 1-12 ("Santacana Decl.") ¶¶ 55–56; *see also* ECF No. 427-3. Their excuse—that Mr. Lemoine only contacted them in the fall of 2023—reveals their own lack of diligence. Courts impose sanctions when a party fails to "reasonably anticipate[]" its need for a witness. *See Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). Google produced 89 documents mentioning Mr. Lemoine as early as March 2021, but Plaintiffs chose not to pursue him. Santacana Decl. ¶ 57. This is the exact conduct Judge Tse found unacceptable when he excluded testimony from Sundar Pichai, noting that a party's "decision to pass on discovery could be viewed as a concession that [the witness] lacked relevant testimony." *See* Order, ECF No. 498 at 2.

Plaintiffs' lack of diligence continued even after their late disclosure. After Google refused their request to depose Mr. Lemoine in early 2024, Plaintiffs drafted their part of a joint letter to compel the discovery. They then abandoned the effort entirely, never filing anything with the Court. Plaintiffs cannot now claim prejudice from their own inaction.

**Second**, Plaintiffs cannot cure the prejudice from their untimely disclosure by blaming Google for refusing a last-minute deposition, as they did in the most recent Joint Case Management Statement. ECF No. 437 at 3. Their post-disclosure conduct confirms their lack of diligence. After disclosing Mr. Lemoine in October 2023, nearly a year after discovery closed, Plaintiffs took no meaningful action for months. Then, in January 2024, they bizarrely requested that Google produce Mr. Lemoine (their own client) for a deposition. When Google understandably refused, Plaintiffs threatened to compel the deposition. They served their portion of a joint letter brief in February 2024 but then abandoned the effort, never filing the letter with the Court.

Plaintiffs' subsequent offer to produce Mr. Lemoine was not made in good faith. Instead, it was a bizarre attempt to have their own counsel depose their own client to create a self-serving record long after discovery had closed. *Id.* An offer to cure prejudice does not excuse the initial failure. Nor was Google obligated to disrupt its trial preparations to fix Plaintiffs' long-standing lack of diligence.

Cooley LLP
Attorneys at Law
San Francisco

6

Def. MIL No. 1 to Exclude Testimony of
Blake Lemoine
3:20-CV-04688-RS

Forcing a party to reopen discovery at that late stage is precisely the kind of "harm Rule 37(c)(1) is designed to prevent." *Ollier*, 768 F.3d at 863.

The prejudice here is not just the inability to depose one witness. It is the cascading effect: Google would need to identify and depose new rebuttal witnesses, re-examine expert reports, and re-craft its trial strategy—all based on information injected into the case years after discovery ended. A single, out-of-time deposition cannot cure this widespread prejudice. The time to depose Mr. Lemoine was before November 2022, not at any time after.

**Third**, the untimely disclosure was not harmless. Allowing Plaintiffs to inject Mr. Lemoine into this case now would require Google to defend against ambush testimony developed in a different lawsuit, where Google's counsel in this matter was not present. Late disclosure "throws a wrench into the machinery of trial." *Ollier*, 768 F.3d at 862–63. Offering Mr. Lemoine at this stage would distract from both parties' efforts to present the underlying issues in this case in order to accommodate, address, and rebut the testimony of an unrelated and distracting character injected into the trial. This could inevitably "disrupt[] the court's and the parties' schedules," a harm Rule 37(c)(1) is designed to prevent. *Id.* at 863.

**Finally**, Plaintiffs' claim that Google waived this objection by not objecting to an exhibit at summary judgment is meritless. Citing an excerpt from a deposition transcript as one of 77 exhibits is fundamentally different from calling a live witness for trial. Google has repeatedly objected to Mr. Lemoine's relevance and untimely disclosure in Joint Case Management Statements both before and after summary judgment briefing. Joint Case Management Statement (Jan. 25, 2024), ECF No. 363 at 7; ECF No. 427 at 5–6. A failure to object to a single citation does not waive a Rule 37(c)(1) objection to live trial testimony.

Because Plaintiffs' failure to timely disclose Mr. Lemoine was unjustified and prejudicial, the automatic exclusionary sanction of Rule 37(c)(1) must be applied.

### B. Mr. Lemoine's Testimony Is Independently Inadmissible Under FRE 402 Because it is Irrelevant.

Independent of the untimely disclosure, Mr. Lemoine's testimony must be excluded because it is irrelevant to the factual and legal issues in this litigation and would be an end-run around this

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEF. MIL NO. 1 TO EXCLUDE TESTIMONY OF
BLAKE LEMOINE
3:20-CV-04688-RS

Court's prior orders limiting the scope of the case. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Evidence is relevant only if "it has any tendency to make a fact more or less probable than it would be without the evidence" and that "fact is of consequence in determining the action." Fed. R. Evid. 401.

Mr. Lemoine's testimony is completely disconnected from the narrow issues defined in this litigation. This case is about whether Google's disclosures regarding its "supplemental Web & App Activity" ("sWAA") setting were ambiguous concerning the collection of data via the Google Analytics for Firebase SDK from third-party apps used by *signed-in* users. ECF No. 445 at 7; ECF No. 352 at 2. The Court has repeatedly enforced this narrow scope, rejecting Plaintiffs' attempts to expand the case. *See, e.g.*, ECF No. 291 at 1 (quashing interrogatory as overbroad because "(s)WAA-off data is relevant to the extent Google received it through Firebase or AdMob"); ECF No. 304 at 1 (quashing RFA as overbroad because it was not limited to the "handful of Google services [] at issue").

Mr. Lemoine's testimony falls far outside these boundaries. It originates from a deposition compelled in *Brown v. Google*, a case about unauthenticated, signed-out users browsing in Chrome's Incognito Mode. The user states (signed-in vs. signed-out), platform (web vs. app), technologies (Firebase SDK vs. general web browsing), and disclosures at issue are completely different. Plaintiffs offer no evidence that Mr. Lemoine has anything to say about the use of sWAA-off data acquired through GA4F for any purpose. His deposition testimony in *Brown* confirms his lack of relevant knowledge:

- He confirmed his work focused on a "premortem" business strategy document analyzing potential failures related to Google's Android Search app, a Google first-party app not at issue here, and specifically for signed-out users. (Lemoine Dep. at 54:17–20).

- His deposition transcript contains no mention of the Google Analytics for Firebase SDK, sWAA, or the use of sWAA-off data for conversion measurement. Santacana Decl. ¶ 65.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEF. MIL NO. 1 TO EXCLUDE TESTIMONY OF
BLAKE LEMOINE
3:20-CV-04688-RS

His testimony about Incognito Mode cannot illuminate what a reasonable signed-in user would understand about their app-data settings in relation to the sWAA control. Admitting it would be an end-run around the Court's prior orders limiting the case to its proper scope.

Because his testimony has no bearing on the material facts of this action, it is irrelevant under Rule 401 and must be excluded under Rule 402.

### C. Mr. Lemoine's Prior Testimony Is Inadmissible Hearsay Not Subject to the Former-Testimony Exception.

Mr. Lemoine's deposition testimony from *Brown* is inadmissible hearsay that fails to qualify for the former-testimony exception under Rule 804(b)(1). The factual and legal issues in *Brown* are so different from this case that Google lacked the requisite "similar motive" to develop his testimony on the subjects relevant here, a weakness Plaintiffs' counsel deliberately exploited on redirect examination.

Hearsay—an out-of-court statement offered to prove the truth of the matter asserted—is inadmissible unless an exception applies. FRE 801, 802. The former-testimony exception allows admission of sworn testimony from a prior proceeding if the declarant is unavailable and the party against whom the testimony is now offered "had [] an opportunity and **similar motive** to develop it by direct, cross-, or redirect examination." FRE 804(b)(1)(B) (emphasis added).

The "similar motive" is an "inherently factual inquiry" that depends on "the similarity of the underlying issues and on the context of the . . . questioning." *United States v. Salerno*, 505 U.S. 317, 326 (1992) (Blackmun, J., concurring); *accord United States v. Duenas*, 691 F.3d 1070, 1087 (9th Cir. 2012). While the motive need only be "similar," not "identical," *Murray v. Toyota Motor Distribs., Inc.*, 664 F.2d 1377, 1379 (9th Cir. 1982), the party must have had the same "fundamental objective" in both proceedings. *Duenas*, 691 F.3d at 1089. If the core issues in the two lawsuits are different, it is unfair to bind a party to a prior cross-examination that did not cover the topics central to the present case. *See Hub v. Sun Valley Co.*, 682 F.2d 776, 778 (9th Cir. 1982) (excluding prior deposition where the prior lawsuit "did not cover the issue" central to the second lawsuit).

Here, Google's "fundamental objective" in the *Brown* case was substantially dissimilar from its objective in this case. In *Brown*, Google's motive was to defend against claims related to

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DEF. MIL NO. 1 TO EXCLUDE TESTIMONY OF
BLAKE LEMOINE
3:20-CV-04688-RS

signed-out browsing in Incognito Mode. Accordingly, its counsel's examination of Mr. Lemoine focused on his credibility and his knowledge of Incognito. Google's counsel in *Brown* (who is different from counsel here) had no reason or strategic incentive to question Mr. Lemoine about the technical specifics of the Firebase SDK, the sWAA setting, or the expectations of a reasonable signed-in app user—the core issues here.

The transcript reveals that Plaintiffs' counsel (who represents the plaintiffs in both *Brown* and this case) took full advantage of this dissimilarity. On redirect examination, counsel shifted focus from the issues in *Brown* to elicit testimony tailored to this case. After several hours of testimony about Incognito Mode, one of Mr. Lemoine's attorneys, Mr. Lee, engaged him in the following exchange:

* * *

**Q.** Welcome back, Mr. Lemoine. Just us a couple more questions. Okay?

**A.** Okay.

**Q.** Mr. Lemoine, do you remember a Google account privacy control called "Web and App Activity"?

**A.** Yes, I do. In fact, the non-personalized logs I was talking about earlier for the Google Search app primarily are associated with people who have turned "Web and App Activity" settings off.

**Q.** And when people have turned the "Web and App Activity" setting off, is the data that's collected when it's off considered logged-out or signed-out data?

**A.** So a lot of times today, both legal teams have been using words which are not technical synonyms as if they are technical synonyms. "Unauthenticated," "logged out," "non-personalized" and "anonymized" all mean different technical things. So I just want to clarify. Which specific variety of those are you asking about?

**Q.** Let me ask it a little more pointedly, then. Your premortem study refers to a problem or a concern regarding logged-in data leaking into logged-out data or vice versa. Do you recall that?

**A.** I mean, primarily it's the other way that we care about more, but yes. Either way is possible.

**Q.** Right. So did your premortem study that expressed concern about that type of leakage also apply to WAA-off data.

**A.** Yes.

**Q.** And does WAA-off data get used by Google's AI?

**A.** Yes.

**Q.** Okay. Back to the topic at hand, and then I think we're at the home stretch.

* * *

Lemoine Dep. at 206:7–207:12). This exchange is a textbook example of why the former testimony exception should not apply. Plaintiffs' counsel ambushed Google by injecting a term ("Web and App Activity") and acronym ("WAA-off data") from *Rodriguez* into the *Brown* deposition on redirect, knowing that it was wholly irrelevant to *Brown* and that Google's counsel therefore had

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

DEF. MIL NO. 1 TO EXCLUDE TESTIMONY OF
BLAKE LEMOINE
3:20-CV-04688-RS

no motive to prepare for or rebut it. Indeed, Plaintiffs' counsel brazenly admitted the testimony's irrelevance immediately after eliciting it by stating, "Okay. **Back to the topic at hand** . . . ." Just as the defendant in *Duenas* had no motive to cross-examine an officer on the substance of a confession during a hearing about its voluntariness, 691 F.3d at 1087, Google had no motive in *Brown* to develop testimony on issues wholly unrelated to that case.

Because Google lacked a similar motive to develop Mr. Lemoine's testimony on the issues relevant here, his prior deposition testimony is inadmissible hearsay under Rule 802 and does not satisfy the exception in Rule 804(b)(1).

### D. Mr. Lemoine's Prior Testimony Is Inadmissible Under Rule 403 Because Its Minimal Probative Value Is Substantially Outweighed by the Danger of Unfair Prejudice, Confusing the Issues, and Wasting Time.

Finally, even if Mr. Lemoine's testimony had a shred of relevance, the Court must exclude it under Federal Rule of Evidence 403. Its nonexistent probative value is substantially outweighed by the profound danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time. Rule 403 permits a court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, [or] wasting time . . . ." Exclusion is proper when there is a "genuine risk that the emotions of the jury will be excited to irrational behavior." *United States v. Curtin*, 489 F.3d 935, 963–64 (9th Cir. 2007) (en banc). This is especially true when admitting the evidence would require a "mini-trial" on a collateral matter, like a witness's credibility or unusual personal history. *See Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 689–90 (9th Cir. 2001).

Here, the testimony's probative value is zero, while the risk of prejudice and confusion is immense. First, as explained above, Mr. Lemoine's testimony is irrelevant. It concerns different products, technologies, and user states from those at issue in this case. The only arguably relevant part—a brief exchange about "WAA-off data" on redirect—was improperly elicited in a separate lawsuit where Google had no similar motive to cross-examine him on the topic. Santacana Decl. ¶¶ 62–66. The testimony therefore lacks any proper foundation, because nothing in the deposition reveals his actual knowledge about the sWAA disclosure or the collection of user data on third-

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

DEF. MIL NO. 1 TO EXCLUDE TESTIMONY OF
BLAKE LEMOINE
3:20-CV-04688-RS

party apps using Google Analytics for Firebase. *Id.* ¶¶ 65–66. Tellingly, despite Google producing tens of thousands of documents from relevant search terms and hundreds of hours of deposition testimony from key figures, Mr. Lemoine appears in less than a hundred largely redundant documents, none of them substantive or relevant. *Id.* ¶ 57. The obvious explanation is that Plaintiffs have exaggerated his relevance by including him on their witness list when he has no real connection to the disclosures or data at issue.

Second, the danger of prejudice and confusion is not hypothetical; it is a reality. Plaintiffs' gamesmanship in proffering Mr. Lemoine's testimony is in and of itself prejudicial. They seek to present testimony that their counsel elicited from their own client on redirect in a different case, where Google's counsel for this matter was not present. *Id.* ¶ 62–66., Plaintiffs' counsel has already demonstrated the confusion this tactic creates by misrepresenting the record to this Court. *Id.* ¶ 67. At the summary judgment hearing, counsel falsely claimed: "We took a deposition of a former Google software engineer, Blake Lemoine, and he testified about how they used WAA-off data for their AI." *See id.*, Ex. T (Hr'g Tr.) at 50:16–18. This was false. Plaintiffs never took Mr. Lemoine's deposition in this action. Allowing Plaintiffs to present this testimony would endorse this misrepresentation and guarantee jury confusion about the testimony's origin and context.

Finally, Mr. Lemoine's public statements and deposition testimony are so bizarre that establishing his credibility would require a distracting and prejudicial mini-trial:

- Prior to his termination from Google, Mr. Lemoine admitted to a pattern of erratic behavior. This included using psychedelic drugs during work hours and sending manifesto-style emails to senior executives. Lemoine Dep. at 124:12–15; 78:6–10. In one such email, he asked Google's CEO and its President of Global Affairs for all of the company's "backup code" to share with a friend at the University of Louisiana, citing concerns about the burning of the Library of Alexandria. *Id.* at 78:6–10, 78:20–24. Ultimately, Google terminated him for sharing confidential information. *Id.* at 117:8–12, 149:20–21, 188:10–19.

- He believes that Google's internal AI chatbot is a sentient "child" with a "soul," for which Mr. Lemoine obtained a lawyer to protect the chatbot's "God given rights." *Id.* at 70:22–71:5, 112:21-23, 117:6–7, 217:2.

- He told his managers he was in a "mental health emergency" caused by LaMDA and admitted he was "severely sleep-deprived (11 hours over 4 days)" when engaging with the AI. *Id.* at 90:17–21, 91:4–7.

Cooley LLP
Attorneys at Law
San Francisco

12

Def. MIL No. 1 to Exclude Testimony of
Blake Lemoine
3:20-cv-04688-RS

- He testified that he practices "magick" (with a "k") and that part of his strategy was to "slowly and gently increase the degree to which Google's executives believe that magick . . . might be real." *Id.* at 129:10–16.

- He similarly mused on a concept called the "Witches' Pyramid," and mentioned having met a Russian witch who was one of "Baba YaGa's daughters." *Id.* at 129:20, 146:16–20.

Forcing a jury to assess the reliability of the testimony of a witness who believes he is protecting a sentient AI's soul from Google would invite chaos. This is precisely the type of collateral, inflammatory, and confusing evidence that Rule 403 directs courts to exclude. Because Mr. Lemoine's testimony has no probative value and threatens to derail the trial with a prejudicial and confusing circus, it must be excluded under Rule 403.

### III. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant this motion and issue an order precluding Plaintiffs from calling Blake 7ybh Lemoine as a witness, using his deposition testimony, or making any reference to him or his allegations at trial.

Dated: June 24, 2025                                        COOLEY LLP

By: */s/ Eduardo E. Santacana*
    Benedict Y. Hur
    Simona Agnolucci
    Eduardo Santacana
    Argemira Flórez
    Harris Mateen
    Isabella McKinley Corbo

*Attorneys for Defendant
Google LLC*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

DEF. MIL NO. 1 TO EXCLUDE TESTIMONY OF
BLAKE LEMOINE
3:20-CV-04688-RS

COOLEY LLP
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

Attorneys for Defendant
Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT GOOGLE LLC'S MOTION IN LIMINE NO. 1 TO EXCLUDE TESTIMONY OF BLAKE LEMOINE**<br><br>Date: July 30, 2025<br>Time: 09:30 A.M.<br>Court: Courtroom 3, 17th Floor, SF<br>Judge: Hon. Richard Seeborg<br><br>Date Action Filed: July 14, 2025<br>Trial Date: August 18, 2025 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER GRANTING DEF. MIL
NO. 1 TO EXCLUDE TESTIMONY OF BLAKE
LEMOINE; 3:20-CV-04688-RS

**[PROPOSED] ORDER**

Before the Court is Defendant Google LLC's ("Google") Motion in Limine No. 1 to preclude Plaintiffs from calling Blake Lemoine as a witness, using his deposition testimony, or making any reference to him or his allegations at trial.

Having considered the Notice of Motion and Motion in Limine, the incorporated Memorandum of Points and Authorities, the Omnibus Declaration of Eduardo E. Santacana in Support of Google LLC's Motions in Limine Nos. 1-12 filed concurrently therewith, and the exhibits attached thereto, along with other materials in the record, argument of counsel, and such other matters as the Court may consider, the Court GRANTS Google's Motion.

Accordingly, IT IS HEREBY ORDERED THAT:

Blake Lemoine's testimony as a witness, his deposition testimony, and any other reference to him or his allegations will be excluded from trial in the above-captioned matter.

**IT IS SO ORDERED.**

DATED: _____

_____
Honorable Richard Seeborg
United States District Judge

320717443