1   COOLEY LLP
    BENEDICT Y. HUR (224018)
2   (bhur@cooley.com)
    SIMONA AGNOLUCCI (246943)
3   (sagnolucci@cooley.com)
    EDUARDO E. SANTACANA (281668)
4   (esantacana@cooley.com)
    ARGEMIRA FLÓREZ (331153)
5   (aflorez@cooley.com)
    HARRIS MATEEN (335593)
6   (hmateen@cooley.com)
    ISABELLA MCKINLEY CORBO (346226)
7   (icorbo@cooley.com)
    3 Embarcadero Center, 20th Floor
8   San Francisco, California  94111-4004
    Telephone:    +1 415 693 2000
9   Facsimile:    +1 415 693 2222

10  Attorneys for Defendant
    Google LLC

11

12                  UNITED STATES DISTRICT COURT

13                 NORTHERN DISTRICT OF CALIFORNIA

14

15  ANIBAL RODRIGUEZ, et al. individually and       Case No. 3:20-CV-04688-RS
    on behalf of all others similarly situated,
16                                                   **DEFENDANT GOOGLE LLC'S MOTION IN
            Plaintiff,                               LIMINE NO. 2 TO EXCLUDE PLAINTIFFS'
17                                                   INTRODUCTION OF EVIDENCE AND
        v.                                           ARGUMENTS REGARDING DISGORGEMENT**
18
    GOOGLE LLC,                                      Date:      July 30, 2025
19                                                   Time:      09:30 A.M.
            Defendant.                               Court:     Courtroom 3, 17th Floor, SF
20                                                   Judge:     Hon. Richard Seeborg

21                                                   Date Action Filed: July 14, 2025
                                                     Trial Date: August 18, 2025
22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF. MIL NO. 2 TO EXCLUDE PLAINTIFFS'
INTRODUCTION OF EVIDENCE AND
ARGUMENTS REGARDING DISGORGEMENT
3:20-CV-04688-RS

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on July 30, 2025, at 09:30 A.M., before the Honorable Richard Seeborg of the United States District Court for the Northern District of California in Courtroom 3 of the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Google LLC ("Google") will move the Court to preclude Plaintiffs from introducing any evidence and arguments regarding disgorgement before the jury.

This Motion is based on this Notice of Motion, accompanying Memorandum of Points and Authorities, the Omnibus Declaration of Eduardo E. Santacana in Support of Google LLC's Motions in Limine Nos. 1-12 ("Santacana Decl.") and exhibits attached thereto, and all other evidence in the record.

<u>**ISSUE PRESENTED**</u>

Whether testimony and arguments relating to disgorgement should be excluded from the jury pursuant to Rules 401, 402, and/or 403 of the Federal Rules of Evidence.

Dated: June 24, 2025                         COOLEY LLP

By:  */s/ Eduardo E. Santacana*
Benedict Y. Hur
Simona Agnolucci
Eduardo Santacana
Argemira Flórez
Harris Mateen
Isabella McKinley Corbo

Attorneys for Defendant
Google LLC

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Defendant Google LLC respectfully moves in limine to preclude Plaintiffs from introducing any evidence and argument regarding disgorgement before the jury. Actions for disgorgement are equitable in nature and must be tried to the Court. Thus, any evidence or argument regarding disgorgement is irrelevant to any matter to be determined by the jury, and the introduction of this information is unduly prejudicial to Google. Fed. R. Evid. 401, 402, 403.

## II.    ARGUMENT

"Profit disgorgement is an equitable remedy that is within the sound discretion of the trial court and, therefore, outside the province of the jury." *GSI Tech., Inc. v. United Memories, Inc.*, 721 F. App'x 591, 594 (9th Cir. 2017) (affirming district court's post-trial order vacating jury's award of profits in breach of contract and trade secret misappropriation case); *see also Harbor Breeze Corp. v. Newport Landing Sportfishing, Inc.*, 28 F.4th 35, 40 (9th Cir. 2022) (setting aside jury verdict regarding disgorgement and remanding for retrial to the court); *SEC v. Rind*, 991 F.2d 1486, 1493 (9th Cir. 1993) (disgorgement of profits an equitable issue to which no right to jury attaches); *Segovia v. Bach*, No. A114208, 2008 WL 3970661, at *12 (Cal. Ct. App. Aug. 27, 2008) (affirming trial court's separate consideration of equitable remedies because, "by praying for 'disgorgement,' 'restoration' of moneys acquired by improper means, and injunctive relief, plaintiffs were asking the court to use its equitable powers to prevent [defendants] being unjustly enriched, itself a concept of equity"); *JL Beverage Co. v. Jim Beam Brands Co.*, 815 F. App'x 110, 112 (9th Cir. 2020) (affirming district court's decision to strike jury demand for disgorgement under the Lanham Act).

Plaintiffs are likely to argue that disgorgement of profits is not *always* equitable in nature. The statement is true so far as it goes, but the disgorgement Plaintiffs seek is equitable in this case. Most simply, the statute supplying the basis for Plaintiffs' disgorgement demand itself allows it

only as equitable relief. *See* Cal. Penal Code § 502(e)(1) ("CDAFA"). CDAFA permits three types of relief: "compensatory damages and injunctive relief *or other equitable relief*." *Id.* (emphasis added). Because state law governs the remedies available for state-law claims, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1065 (9th Cir. 2003), the California legislature's choice to commend disgorgement to the courts' equity jurisdiction is dispositive. And in fact, if the requested disgorgement were not equitable, CDAFA would not permit its recovery. *See Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 218 (2002) (where statute permitted "equitable relief," restitutionary relief that was legal in nature was unavailable). Either their remedy is legal and unavailable under CDAFA, or it is equitable and must be tried to the Court. Plaintiffs cannot have it both ways.

Plaintiffs may seek to avoid CDAFA's plain text by resorting to the availability under California law of "disgorgement of profits resulting from unjust enrichment," as recognized by the Ninth Circuit in *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589, 600 (9th Cir. 2020). But this would not aid Plaintiffs. It is beyond dispute that this freestanding claim for unjust enrichment is itself equitable in nature. *In re Ford Tailgate Litig.*, No. 11-cv-2953-RS, 2014 WL 3899545, at *3 (N.D. Cal. Aug. 8, 2014); *City of Oakland v. Oakland Raiders*, 83 Cal. App. 5th 458, 478 (2022) (characterizing unjust enrichment as an equitable doctrine). Similarly unavailing is Plaintiffs' citation to *Jogani v. Superior Court* in the pretrial conference statement. 165 Cal. App. 4th 901 (2008). *Jogani* held that an action for quantum meruit was legal in nature, derived from the common law writ of assumpsit that was available in courts at law. *Id.* at 905–06. It stands for the unremarkable proposition that quintessentially legal actions—like the misappropriation of trade secrets that Plaintiffs also cite—come with a jury trial. Illustrating why the case is inapplicable, the court explicitly rejected that the quantum meruit claim sought a disgorgement of profits. *Id.* at 910

Cooley LLP
Attorneys at Law
San Francisco

4

**Def. MIL No. 2 to Exclude Plaintiffs'
Introduction of Evidence and
Arguments Regarding Disgorgement
3:20-CV-04688-RS**

("Jogani's prayer for relief does not seek a disgorgement of profits, and his quantum meruit claim seeks only what every quantum meruit claim seeks: the reasonable value of services rendered.").

Federal law, though inapplicable to this question of state-law relief, yields the same result. Restitutionary relief (including disgorgement) is legal if plaintiffs cannot assert title or right to possession of property in the defendant's possession but could show just grounds for a monetary recovery from the defendant. *See Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 215 (2002). Restitutionary relief is equitable, by contrast, if plaintiffs make "a claim to specific property (or its proceeds) held by the defendant . . . ." *Id*. Plaintiffs' argument that a claim for disgorgement is legal as long as they seek a "money judgment" proves too much. Profits are monetary by definition, so *all* claims for disgorgement seek a money judgment. The question is whether Plaintiffs seek "some" money or particular money.

Plaintiffs' claims for disgorgement are of the latter variety. Plaintiffs assert that Google possesses property that belongs to them—their personal data—and they seek the proceeds flowing from that property. Indeed, California law requires Plaintiffs to establish an ownership interest in the allegedly misappropriated data in order to make out a claim under CDAFA. *See Garrabrants v. Erhart*, 98 Cal. App. 5th 486, 508–09 (2023) (reversing jury verdict finding CDAFA liability where the jury was not asked whether the plaintiff owned the data at issue). Plaintiffs seek to meet this mandate by attempting to trace the precise flow of Google Analytics events from a mobile device to Google, to the record-making of specific ads shown to specific users, in order to disgorge profits made with each ad. With their request for disgorgement, "Plaintiffs here are not seeking '*some* funds,' [citation] but rather *the* funds" Google allegedly acquired on the basis of the data in which they must prove an ownership interest. *See Sivolella v. AXA Equitable Funds Mgmt., LLC*, No. 11-4194 (PGS), 2013 WL 4096239, at *5 (D.N.J. July 3, 2013) (finding request to disgorge excessive management fees was equitable in nature).

Cooley LLP
Attorneys at Law
San Francisco

5

Def. MIL No. 2 to Exclude Plaintiffs'
Introduction of Evidence and
Arguments Regarding Disgorgement
3:20-CV-04688-RS

With no basis to characterize their disgorgement request as legal under either state or federal law, Plaintiffs may seek the Court's discretion to seek an advisory jury under Rule 39(c)(1). It should not do so. The introduction of evidence concerning Google's profits—untethered from any measure of damages to Plaintiffs—risks undue prejudice. *GSI Technology* is instructive. 721 F. App'x 591. That case involved a claim for breach of contract and trade secret misappropriation. *Id.* at 591. In addition to general contract damages, the jury awarded $421,000 in "special damages," which reflected amounts the defendant received from sales of the infringing product. *Id.* The Ninth Circuit held that "the award cannot be upheld because this would constitute disgorged profits" which, as an equitable remedy was "outside the province of the jury." *Id.* at 594.[1] The court further found that the unjust enrichment measure was "distinguishable from [plaintiff's] own lost profits," and thus was an inadequate basis for the jury's damages award. *Id.*

As *GSI Technology* thus illustrates, introducing evidence of the defendant's alleged profits not only burdens the jury with information irrelevant to any matter properly before them, it also risks misleading them. As in *GSI Technology*, the jury may be tempted to award "damages" on an improper basis, or in excess of what any evidence of actual damages might permit. Accordingly, submitting disgorgement to the jury—even on an advisory basis—could taint the jury's consideration of remedies that are actually before them.

This risk is particularly high here, because there is a gross mismatch between Plaintiffs' damages figure (approximately $500 million) and their disgorgement figures (ranging from $1.5 billion to $2.5 billion). Plaintiffs should not be permitted to artificially "anchor" the jury by presenting a figure they have no right to ask the jury for in the first place, and then tell them they

---

[1] Plaintiffs seek to distinguish *GSI Technology* on the basis that it applied Colorado law. This is a distinction without a difference, however, because California law similarly holds that "disgorgement of profits is an equitable remedy." *Eminence Healthcare, Inc. v. Centuri Health Ventures, LLC*, 74 Cal. App. 5th 869, 881 (2022). Plaintiffs' argument merely underscores the salience of state law, which here makes only equitable relief available.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

**DEF. MIL NO. 2 TO EXCLUDE PLAINTIFFS'
INTRODUCTION OF EVIDENCE AND
ARGUMENTS REGARDING DISGORGEMENT
3:20-CV-04688-RS**

can award the "more reasonable" lower actual damages figure. If Plaintiffs want to recover disgorgement in this case (after presumably failing to recover adequate actual damages), they should present that argument to the Court in due course. And there is no rush to do so. The relevant record evidence has already been produced, and the matter can be resolved either on the papers or with a relatively light evidentiary hearing after trial. And, given that it is primarily an accounting problem with dueling financial experts, there is no reason to think the jury is specially placed to advise the Court, anyway. As with all equitable remedies, the Court is best positioned to evaluate it if it becomes necessary.

## III.    CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court preclude Plaintiffs from introducing any evidence and argument regarding disgorgement before the jury.


Dated: June 24, 2025                    COOLEY LLP


By: */s/ Eduardo E. Santacana*
    Benedict Y. Hur
    Simona Agnolucci
    Eduardo Santacana
    Argemira Flórez
    Harris Mateen
    Isabella McKinley Corbo


Attorneys for Defendant
Google LLC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEF. MIL NO. 2 TO EXCLUDE PLAINTIFFS'
INTRODUCTION OF EVIDENCE AND
ARGUMENTS REGARDING DISGORGEMENT
3:20-CV-04688-RS

COOLEY LLP
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
ARGEMIRA FLOREZ (331153)
(aflorez@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California  94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

Attorneys for Defendant
Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT GOOGLE LLC'S MOTION IN LIMINE NO. 2 TO EXCLUDE PLAINTIFFS' INTRODUCTION OF EVIDENCE AND ARGUMENTS REGARDING DISGORGEMENT**<br><br>Date:        July 30, 2025<br>Time:       09:30 A.M.<br>Court:      Courtroom 3, 17th Floor, SF<br>Judge:     Hon. Richard Seeborg<br><br>Date Action Filed: July 14, 2025<br>Trial Date: August 18, 2025 |

1

## [PROPOSED] ORDER

2  Before the Court is Defendant Google LLC's ("Google") Motion in Limine No. 2 to

3  preclude Plaintiffs' introduction of evidence and arguments relating to disgorgement before the

4  jury.

5  Having considered the Notice of Motion and Motion in Limine, the incorporated

6  Memorandum of Points and Authorities, the Omnibus Declaration of Eduardo E. Santacana in

7  Support of Google LLC's Motions in Limine Nos. 1-12 filed concurrently therewith, and the

8  exhibits attached thereto, along with other materials in the record, argument of counsel, and such

9  other matters as the Court may consider, the Court GRANTS Google's Motion.

10  Accordingly, IT IS HEREBY ORDERED THAT:

11  Evidence and arguments relating to disgorgement will be excluded before the jury in the

12  above-captioned matter.

13

14  **IT IS SO ORDERED.**

15

16

17  DATED: _____          _____

18                                   Honorable Richard Seeborg
                                     United States District Judge

19

20

21

22

23

24

25

26

27

28

Cooley LLP
Attorneys at Law
San Francisco

2

[Proposed] Order Granting Def. MIL
No. 2 to Exclude Plaintiffs'
Introduction of Evidence and
Arguments Regarding Disgorgement
3:20-CV-04688-RS