COOLEY LLP
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California  94111-4004
Telephone:   +1 415 693 2000
Facsimile:   +1 415 693 2222

Attorneys for Defendant
Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**DEFENDANT GOOGLE LLC'S MOTION IN LIMINE NO. 3 TO EXCLUDE REFERENCE TO AND EVIDENCE OF DATA LEAKS AND OTHER LITIGATION**<br><br>Date:     July 30, 2025<br>Time:    09:30 A.M.<br>Court:   Courtroom 3, 17th Floor, SF<br>Judge:   Hon. Richard Seeborg<br><br>Date Action Filed: July 14, 2025<br>Trial Date: August 18, 2025 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF. MIL NO 3 TO EXCLUDE REFERENCE TO
AND EVIDENCE OF DATA LEAKS AND OTHER
LITIGATION 3:20-CV-04688-RS

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on July 30, 2025, at 09:30 A.M., before the Honorable Richard Seeborg of the United States District Court for the Northern District of California in Courtroom 3 of the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Google LLC ("Google") will move the Court to exclude reference to and/or introduction of evidence relating to (1) leaks or misuse of unrelated data and (2) other litigation and regulatory or governmental investigations involving Google's privacy practices.

This Motion is based on this Notice of Motion, accompanying Memorandum of Points and Authorities, the Omnibus Declaration of Eduardo E. Santacana in Support of Google LLC's Motions in Limine Nos. 1-12 ("Santacana Decl.") and exhibits attached thereto, and all other evidence in the record.

## ISSUE PRESENTED

Whether reference to and/or introduction of evidence relating to (1) leaks or misuse of unrelated data and (2) other litigation and regulatory or governmental investigations involving Google's privacy practices should be excluded pursuant to Rules 401, 402, 403, and 404 of the Federal Rules of Evidence.

Dated: June 24, 2025                    COOLEY LLP

                                        By: /s/ Eduardo E. Santacana
                                            Benedict Y. Hur
                                            Simona Agnolucci
                                            Eduardo Santacana
                                            Argemira Flórez
                                            Harris Mateen
                                            Isabella McKinley Corbo

                                        Attorneys for Defendant
                                        Google LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Google respectfully moves to exclude reference to and/or introduction of evidence relating to (1) leaks or misuse of unrelated data and (2) other litigation and regulatory or governmental investigations generally involving Google's privacy practices ("Other Matters").[1]

Plaintiffs have disclosed their intention to prove certain elements of their claims by focusing the jury on irrelevant or unfounded hypothetical harms and irrelevant past alleged wrongdoing by Google. This trial should be about the technology, data, and conduct at issue in *this* case, and the Court should prevent Plaintiffs causing prejudice to Google by trying (or re-trying) *other* cases and issues.

Any mention of data leaks or misuse—many of which are hypothetical—should be excluded under Federal Rules of Evidence 401 and 402 because they are wholly irrelevant to this case, which does not include allegations that any of Plaintiffs' data (let alone sensitive data) has been leaked or otherwise publicized. Fed. R. Evid. 401(a) ("Evidence is relevant if [] it has any tendency to make a fact more or less probable than it would be without the evidence"); Fed. R. Evid. 402 ("Irrelevant evidence is not admissible"). Even if there were any marginal relevance, that relevance would be substantially outweighed by the risk of unfair prejudice, jury confusion, and wasted time under Rule 403. Fed. R. Evid. 403. And any such mention of leaks or misuse involving Google itself should also be barred under Rule 404. *See* Fed. R. Evid. 404(b) ("Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.").

---

[1] These matters include, but are not limited to, *Calhoun et al. v. Google LLC*, 4:20-cv-05146-YGR (N.D. Cal.); *Brown et al. v. Google LLC*, 4:20-cv-03664-YGR (N.D. Cal.); *Luna et. al. v. Google LLC*, Case No. 24CV434093, Superior Court Santa Clara County (2024); *In Re Google RTB Consumer Privacy Litigation*, No. 4:21-cv-02155-YGR (N.D. Cal.); *Taylor et al. v. Google LLC*, 5:20-cv-07956-VKD (N.D. Cal.); *District of Columbia v. Google LLC*, No. 2022 CA 000330 B (D.C. Superior Court); *State of Indiana v. Google LLC*, No. 49D01-2201-PL-002399 (Marion County Superior Court); *State of Arizona v. Google LLC*, CV 12 2020-006219 (Superior Court Arizona. Maricopa Cty.); *State of Texas v. Google LLC*, Case No.: CV58999, District Court Midland County, Texas (2022); *State of Texas v. Google LLC*, No. 22-01-88230-D (District Court of Victoria County, 377th Judicial District); *State of Washington v. Google LLC*, No. 22-2-01103-3-SEA (King County Superior Court); and *Australian Competition and Consumer Commission (ACCC) v. Google LLC*, (No 2) FCA 1476, Federal Court of Australia (2019).

The same is true of reference to Other Matters. Allowing Plaintiffs to refer to and/or introduce evidence regarding Other Matters, none of which are relevant to Plaintiffs' claims, would risk confusing and misleading the jury on the issues here. Additionally, reference to Other Matters could only be offered as evidence of Google's character or reputation, in violation of Rule 404. The Court should grant Google's motion.

## II.  ARGUMENT

### A.  The court should bar reference to leaks or misuse of unrelated data.

Allowing Plaintiffs to introduce "examples" about leaks or misuse of data unrelated to the matters at issue—none of which reflect any actual harm alleged by Plaintiffs—would be improper for two primary reasons: (1) such "examples" are not relevant and (2) they would unduly prejudice Google. *See* Fed. R. Evid. 401; Fed. R. Evid. 402; Fed. R. Evid. 403.

***These "examples" and references are not relevant.*** Plaintiffs made it clear, both via the 2023 and 2025 expert reports of Bruce Schneier and during the May 15, 2025 hearing on the Parties' *Daubert* motions (*Daubert* hearing), that they intend to reference "examples" of inflammatory and sensitive topics completely irrelevant to this litigation, including abortion, domestic violence, data breaches, and identity theft. Plaintiffs do not allege that any such harms have befallen them as a result of Google's alleged conduct. Most of these references are hypothetical musings regarding the potential risks of data sharing writ large. To the extent that any such references concern actual data leaks involving Google, those leaks are not at issue in this case. And they amount to nothing more than improper character evidence under Federal Rule of Evidence 404. Because such evidence does not have "any tendency to make" any of Plaintiffs' claims "more or less probable," it is irrelevant and should be excluded. Fed. R. Evid. 401; *see also* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible").

Yet, as detailed in Google's Motion to Exclude Mr. Schneier's testimony (ECF No. 474), both Mr. Schneier's 2023 and 2025 Reports include irrelevant, inflammatory, and prejudicial references to these sensitive topics. *See, e.g.*, ECF No. 474-2 (2023 Report) (¶ 66, referencing "[m]ajor data leaks."; ¶ 67, referencing the Ashley Madison data breach; ¶¶ 105–107, referencing *Roe v. Wade* and leaks of data from menstrual tracking applications); *see also, e.g.*, ECF No. 474-

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEF. MIL NO 3 TO EXCLUDE REFERENCE TO
AND EVIDENCE OF DATA LEAKS AND OTHER
LITIGATION 3:20-CV-04688-RS

4 (2025 Report) (¶ 6, referencing the criminalization of abortion in certain states following the overturning of *Roe v. Wade*; ¶¶ 7–8, referencing government surveillance; ¶¶ 15–18, referencing Google's practices related to location data from sensitive places including abortion clinics). And during the *Daubert* hearing, the Court suggested that evidence about politically and emotionally charged topics such as "*Roe v. Wade*" and "stalking" were inappropriate for trial. Omnibus Declaration of Eduardo E. Santacana in Support of Google LLC's Motions in Limine Nos. 1-12 ("Santacana Decl."), Ex. L (May 15, 2025 Tr., 18:12–13).

Despite this warning, Plaintiffs could not commit to refraining from introducing such evidence and testimony. Rather, when pressed, counsel stated that "[t]he most we [would] get into [such evidence] is an example. The abortion thing is an example . . . health data apps can provide information [from] which you can glean whether a person has had an abortion." *Id.*, 18:14–17. But this misses the point entirely: Because these "examples" are irrelevant and have no basis in actual harm, using them *at all* is unduly inflammatory and prejudicial to Google, and violates Rules 401, 402, and 403. *See* Fed. R. Evid. 403; *see also* Fed. R. Evid. 401 & 402; *United States v. Handy*, 2023 WL 5348660, at *3 (D.D.C. Aug. 21, 2023) (excluding abortion-related evidence where "the merits or morals of abortion [were] irrelevant").

**These "examples" and references are unduly prejudicial.** Unfairly prejudicial evidence is evidence having "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (citation omitted). Indeed, few topics are as emotionally charged as reproductive autonomy, especially following the overturning of *Roe v. Wade*, 410 U.S. 113 (1973), through *Dobbs v. Jackson Women's Health Organization*, 597 U.S. 215 (2020), and the resulting changes to the accessibility and legality of abortion. Reference to domestic violence, stalking, and hacks of sensitive data—including those that have the potential to cause financial ruin—likewise carries the extreme risk of inciting fear and prejudice in the jury. This testimony would do nothing more than inflame jurors' emotions, distract from the facts before them, and invite speculation about a parade of horribles far removed from the context of this case. This is precisely the type of emotional ploy that could "lure

the factfinder into declaring guilt on a ground different from proof specific to the offense" alleged. *Old Chief*, 519 U.S. at 180. The Court should exclude any such references from trial.

### B. The Court should bar reference to Other Matters.

Plaintiffs have made clear during meet and confer discussions that they intend to refer to privacy-related litigation and/or settlements involving Google as evidence of Google's pattern and practice when it comes to user privacy. Santacana Decl. ¶ 6. And Plaintiffs' proposed exhibit list includes several references to prior privacy-related litigations involving Google. *See* Santacana Decl., Ex. U (PX-364, press release regarding settlement in *State of Arizona v. Google LLC*, CV 12 2020-006219 (Super. Ct. Ariz. Maricopa Cnty.)); *id.*, Ex. V (PX-365, press release regarding settlement in *State of Texas v. Google LLC*, Case No.: CV58999, Dist. Ct. Midland Cnty., Texas (2022) and *State of Texas v. Google LLC,* No. 22-01-88230-D (Dist. Ct. of Victoria Cnty., 377th Judicial District)); *see also, e.g., id.*, ¶ 45 (PX-354–PX-363, from docket in *Brown et al. v. Google LLC*, 4:20-cv-03664-YGR (N.D. Cal.)). Evidence pertaining to Other Matters should be excluded because (1) Other Matters are not relevant and such evidence would not be helpful to the jury, (2) it constitutes improper character evidence, and (3) it would unduly prejudice Google.

***Evidence of and from Other Matters is not relevant and would not be helpful to the jury***. Lawsuits and investigations are not relevant to this action merely because they involve Google's privacy practices. No Other Matter included the same sets of facts or parties, and many of them involved entirely different laws from different jurisdictions. For example, the plaintiffs in *Brown v. Google* alleged violations regarding Google Chrome's Incognito Mode, and the *Brown v. Google* plaintiffs alleged violations relating to Chrome's Sync feature. Neither of those products are at issue in this case. The plaintiffs in *Arizona v. Google*, *D.C. v. Google*, *Indiana v. Google*, *Texas v. Google*, and *Washington v. Google* all alleged various state law claims relating to Google's location tracking disclosures, which are also not at issue here. Any evidence, testimony, or argument regarding Other Matters should be excluded as not relevant under Rules 401 and 402.

Even if these Other Matters bear some marginal relevance to the issues in this action, allowing Plaintiffs to make such reference, or introduce such evidence, would risk misleading and confusing a jury because these cases and investigations either apply U.S. law (from other states) to

an incomparable set of facts—e.g., *Arizona v. Google* and *Texas v. Google*—or consider Google's practices under foreign laws—e.g., *ACCC v. Google*—and thus would not be helpful to a jury in California considering whether Google Analytics for Firebase's alleged use of supplemental Web & App Activity (sWAA)-off data violated U.S. law. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . confusing the issues [or] misleading the jury"). Further, none resulted in actual findings of liability. The Supreme Court has made clear that "[i]n the Rule 404(b) context, similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." *Huddleston v. United States*, 485 U.S. 681, 689 (1988). A mere allegation does not rise to this standard.

   ***Reference to Other Matters would violate Rule 404(b)***. "Rule 404(b) prevents using evidence of similar suits brought against Defendant in order to prove that Defendant is guilty of similar conduct in this instance." *Snyder v. Bank of Am., N.A.*, 2020 WL 6462400, at *10 (N.D. Cal. Nov. 3, 2020) (internal quotations and citation omitted). Yet this is the only reason for which Plaintiffs want to introduce evidence of Other Matters—to improperly lead the jury to draw inferences that Google must be liable in this case. None of the Other Matters concerned the Google products at issue in this litigation, nor did they result in final verdicts. They remain nothing more than allegations. And the fact that various privacy-related allegations have been made against Google, without more, cannot support any of Plaintiffs' arguments or theories about Google's "motive, opportunity, intent" or any other enumerated exception to Rule 404. *See* Fed. R. Evid. 404(b)(2) (evidence of prior acts may be admissible only to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."); *see also Huddleston*, 485 U.S. at 689 ("This is not to say, however, that the [Plaintiffs'] may parade past the jury a litany of potentially prejudicial similar acts that have been established or connected to the defendant only by unsubstantiated innuendo."). Yet Plaintiffs represented during meet and confer efforts with Google that they intend to introduce this evidence as propensity evidence, to argue that Google *must* have committed wrongdoing here simply because others have accused it of wrongdoing in the past—precisely what Rule 403 was written to prevent. *Branch v. Umphenour*,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEF. MIL NO 3 TO EXCLUDE REFERENCE TO
AND EVIDENCE OF DATA LEAKS AND OTHER
LITIGATION 3:20-CV-04688-RS

2023 WL 3077838, at *2 (E.D. Cal. Apr. 25, 2023) ("[E]vidence of a prior incident cannot be used to show a propensity to cause harm to Plaintiff. Such evidence is impermissible character evidence, and is not admissible to show that any Defendant acted improperly").

***Reference to Other Matters would be unduly prejudicial to Google.*** Even if evidence meets the test for inclusion "under Rule 404(b), the court must then decide whether the probative value is substantially outweighed by the prejudicial impact under Rule 403." *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002). Here, it is. The probative value of Other Matters is close to none, particularly where (as here) those suits were settled and voluntarily dismissed without any finding of liability. Allowing such evidence would require the parties to engage in a series of mini-trials within the confines of the Court's 20-hour per side limit, which would be a highly inefficient and improper use of the jury's and the Court's time. *See, e.g.*, *Grace v. Apple, Inc.*, 2020 WL 227404, at *3 (N.D. Cal. Jan. 15, 2020) (granting motion in limine to exclude evidence of other lawsuits due to risk of "time-consuming tangents about the merits of those trials" (citation omitted)).

Evidence of previous litigation is "substantially more prejudicial than probative because of the high risk the jury will treat the evidence as propensity evidence," especially where, as here, such evidence bears "low probative value . . . as to [Google's] motives or intent" in the case at hand. *Copart, Inc. v. Sparta Consulting, Inc.*, 2018 WL 1871414, at *7–8 (E.D. Cal. Apr. 19, 2018) (granting motion in limine to exclude evidence of other lawsuits).

Finally, putting aside the fact that the Other Matters did not result in final judgments, even if they do broadly concern Google's user privacy practices, they are subject to different laws and standards that are not probative of the narrow issues in this case. But to a jury weighing the facts of the instant matter, hearing descriptions of similar data collection processes or popular product names may cause confusion as to what factual disputes actually need to be resolved to prove harm to Plaintiffs and class members. Evidence about Other Matters should be barred from trial.

### III.  CONCLUSION

For the foregoing reasons, the Court should exclude any evidence or argument about (1) reference to leaks or misuse of unrelated data and (2) other litigation and regulatory or governmental investigations involving Google's privacy practices.

Dated: June 24, 2025

COOLEY LLP

By: */s/ Eduardo E. Santacana*
    Benedict Y. Hur
    Simona Agnolucci
    Eduardo Santacana
    Argemira Flórez
    Harris Mateen
    Isabella McKinley Corbo

Attorneys for Defendant
Google LLC

COOLEY LLP
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

Attorneys for Defendant
Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT GOOGLE LLC'S MOTION IN LIMINE NO. 3 TO EXCLUDE REFERENCE TO AND EVIDENCE OF DATA LEAKS AND OTHER LITIGATION**<br><br>Date: July 30, 2025<br>Time: 09:30 A.M.<br>Court: Courtroom 3, 17th Floor, SF<br>Judge: Hon. Richard Seeborg<br><br>Date Action Filed: July 14, 2025<br>Trial Date: August 18, 2025 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER GRANTING DEF. MIL NO
3 TO EXCLUDE REFERENCE TO AND EVIDENCE
OF DATA LEAKS AND OTHER LITIGATION
3:20-CV-04688-RS

# [PROPOSED] ORDER

Before the Court is Defendant Google LLC's ("Google") Motion in Limine No. 3 to exclude reference to and/or introduction of evidence relating to (1) leaks or misuse of unrelated data and (2) other litigation and regulatory or governmental investigations involving Google's privacy practices.

Having considered the Notice of Motion and Motion in Limine, the incorporated Memorandum of Points and Authorities, the Omnibus Declaration of Eduardo E. Santacana in Support of Google LLC's Motions in Limine Nos. 1-12 filed concurrently therewith, and the exhibits attached thereto, along with other materials in the record, argument of counsel, and such other matters as the Court may consider, the Court GRANTS Google's Motion.

Accordingly, IT IS HEREBY ORDERED THAT:

Reference to and/or introduction of evidence relating to (1) leaks of unrelated data and (2) other litigation and regulatory or governmental investigations involving Google's privacy practices will be excluded from trial in the above-captioned matter.

**IT IS SO ORDERED.**

DATED: _____         _____
                                Honorable Richard Seeborg
                                United States District Judge

320604825