COOLEY LLP
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

Attorneys for Defendant
Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**DEFENDANT GOOGLE LLC'S MOTION IN LIMINE NO. 4 TO EXCLUDE PLAINTIFFS' USE OF NON-U.S. CONSUMER STUDIES AND SURVEYS**<br><br>Date: July 30, 2025<br>Time: 09:30 A.M.<br>Court: Courtroom 3, 17th Floor, SF<br>Judge: Hon. Richard Seeborg<br><br>Date Action Filed: July 14, 2025<br>Trial Date: August 18, 2025 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on July 30, 2025, at 9:30 A.M., before the Honorable Richard Seeborg of the United States District Court for the Northern District of California in Courtroom 3 of the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Google LLC ("Google") will move the Court to exclude testimony and argument relating to research, studies, or surveys conducted on non-U.S. consumers regarding their understanding of Google's Web & App Activity ("WAA") and supplemental Web & App Activity ("sWAA") settings (collectively "(s)WAA") and the related disclosures.

This Motion is based on this Notice of Motion, accompanying Memorandum of Points and Authorities, Omnibus Declaration of Eduardo E. Santacana in Support of Google LLC's Motions in Limine Nos. 1-12 ("Santacana Decl.") and exhibits attached thereto, and all other evidence in the record.

## ISSUE PRESENTED

Whether research, studies, or surveys conducted on non-U.S. consumers regarding their understanding of Google's (s)WAA settings and the related disclosures should be excluded from trial pursuant to Rules 401, 402, and/or 403 of the Federal Rules of Evidence.

Dated: June 24, 2025                                COOLEY LLP

                                                    By: /s/ Eduardo E. Santacana
                                                        Benedict Y. Hur
                                                        Simona Agnolucci
                                                        Eduardo Santacana
                                                        Argemira Flórez
                                                        Harris Mateen
                                                        Isabella McKinley Corbo

                                                        *Attorneys for Defendant Google LLC*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Google respectfully moves in limine to preclude Plaintiffs' introduction and discussion at trial of any studies or surveys conducted on non-U.S. consumers regarding their understanding of certain of Google's privacy controls and the related disclosures. Plaintiffs represent a class of individuals in the U.S. whose third-party app activity data was allegedly transmitted to Google after they disabled the WAA or sWAA settings. Plaintiffs should be prohibited from introducing or discussing non-U.S. consumer studies, including for the purpose of arguing that non-U.S. users' expressed understandings of the (s)WAA buttons capture or represent U.S. consumers' interpretations of the buttons. Specifically, research studies on foreign consumers should be excluded because (1) they are not relevant, (2) they are inadmissible as part of Plaintiffs' expert Bruce Schneier's February 2023 report, and (3) their probative value is substantially outweighed by the danger of confusing the issues for the jury and causing undue prejudice to Google. Fed. R. Evid. 402, 403, 702, 703.

## II. ARGUMENT

Research studies conducted on non-U.S. consumers are not relevant to the remaining allegations in this case and would not assist the jury in resolving the fact issues in dispute—*i.e.*, whether Google's collection and use of (s)WAA-off app activity data was consistent with its representations. The sentiments and expectations of non-U.S. consumers do not have "any tendency to make . . . more or less probable" the claim that *U.S. class members* expected the (s)WAA settings to function as Plaintiffs allege. Fed. R. Evid. 401. Thus, research on the privacy expectations of non-U.S. consumers who do not belong to nor have been shown by Plaintiffs to represent the viewpoints of the plaintiff class is not relevant and should be excluded. Fed. R. Evid. 402. In the context of expert surveys, courts have held that "[a] survey of the wrong 'universe' will be of little probative value in litigation," with "universe" meaning "that segment of the population whose perceptions and state of mind are relevant to the issues in the case." *Citizens Fin. Grp., Inc. v. Citizens Nat'l Bank of Evans City*, 383 F.3d 110, 118–119 (3d Cir. 2004) (citation omitted); *see also Solofill, LLC v. Rivera*, No. CV 17-02956 SJO (AJWx), 2018 WL 3357497, at *4 (C.D. Cal.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEF. MIL NO. 4 TO EXCLUDE PLAINTIFFS'
USE OF NON-U.S. CONSUMER STUDIES AND
SURVEYS; 3:20-CV-04688-RS

May 16, 2018) (excluding pilot study conducted on a small, non-representative, and geographically isolated sample where the results could not be projected to the broader U.S. population); *1-800 Contacts, Inc. v. Lens.com, Inc.*, No. 2:07-cv-591 CW, 2010 WL 5186393, at *7 (D. Utah Dec. 15, 2010) (concluding the survey universe was unreliable where only 20% of the total survey respondents belonged to the relevant customer base). Here, the non-U.S. studies (and related materials) Plaintiffs attempt to introduce as trial exhibits (including but not limited to many conducted on European users, *see* Omnibus Declaration of Eduardo E. Santacana in Support of Google LLC's Motions in Limine Nos. 1-12 ("Santacana Decl."), Exs. N, O, P, Q) concern both consumers who were not from the geographic population of interest (*i.e.*, the U.S.) and who were specifically selected for their high privacy consciousness, thus making them doubly non-representative of the U.S. population. *See* ECF No. 473-2 (Expert Report of Donna L. Hoffman, dated May 31, 2023) at 91–92, Table 13 (explaining that Google's foreign studies, which Plaintiffs attempted to introduce through the Schneier Report, contained fatal flaws as used in this case: "[a]s Mr. Schneier himself points out, the [Pinecone] study consisted 'entirely of German citizens with a specific interest in privacy.' It is therefore not indicative of the average U.S. user[]"; "Mr. Schneier does not consider that the source [to Google Researcher Arne De Booij's June 2020 research proposal] refers to 'N3 Research request,' which . . . is related to the Narnia 3 project[,] . . . [which] was primarily 'related to account creation in Europe.' Mr. Schneier has not shown how or why the results of a study focused in Europe would be applicable to the U.S."). For this reason, Plaintiffs should be precluded from presenting or discussing non-U.S. studies—proposals, hypotheses, and findings alike—for lack of relevance. Fed. R. Evid. 402.

*Second*, because this Court has already excluded Mr. Schneier's opinions on consumer expectations, including those paragraphs in his February 20, 2023 report that cite several of the non-U.S. consumer surveys produced by Google, Mr. Schneier is prohibited from testifying about these surveys as "facts or data" that he reasonably relied on in forming his expert opinion. Fed. R. Evid. 703; ECF No. 474-2 (Expert Report of Bruce Schneier, dated Feb. 20, 2023); ECF No. 511 (Order on Parties' Daubert Motions) at 7, 12 (excluding ¶ 398 of the Schneier Report as inadmissible expert opinion). Consequently, these studies must be independently admissible for

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEF. MIL NO. 4 TO EXCLUDE PLAINTIFFS'
USE OF NON-U.S. CONSUMER STUDIES AND
SURVEYS; 3:20-CV-04688-RS

Plaintiffs to rely on their conclusions at trial. They are not. As shown above, they are irrelevant, and irrelevant evidence is not admissible. Fed. R. Evid. 402.

*Third*, even if this Court finds that non-U.S. consumer sentiments are somehow relevant, the studies should be excluded because their admission will mislead the jury and cause undue prejudice to Google. Fed. R. Evid. 403 (relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues . . ."). Specifically, the jury may improperly extrapolate the conclusions of non-U.S. studies to the U.S. context, thus resulting in confusion on who composes the plaintiff class and what geographic market is at issue, all without adding much probative value. In a jury trial, a court confronted with "problematic survey evidence" has "a responsibility to the jurors not to waste their time or to make their task unduly difficult by admitting evidence that is likely to be complex and time consuming when it offers essentially nothing of real probative value." *Citizens Fin. Grp., Inc. v. Citizens Nat'l Bank of Evans City*, No. Civ. A. 01-1524, 2003 WL 24010950, at *5 (W.D. Pa. Apr. 23, 2003) (cleaned up); *see also Icon Enters. Int'l, Inc. v. Am. Prods. Co.*, No. CV 04-1240 SVW (PLAx), 2004 WL 5644805, at *28 (C.D. Cal. Oct. 7, 2004) (finding that "because [the survey definitions] are flawed, the results of the survey are not only less reliable, but admitting the survey would raise questions that should not properly be before the jury"); *Lanphere Enters., Inc. v. Jiffy Lube Int'l, Inc.*, 138 F. App'x 20, 23 (9th Cir. 2005) (affirming conclusion that expert's survey was "irrelevant, that any minimal relevance it might have was substantially outweighed by the danger of confusing the issues and misleading the jury, and that the report was inadmissible because there was too great an analytical gap between its conclusions and the underlying data"). Here, where the evidence only serves to complicate the jury's own factual determinations of the (s)WAA buttons' expected functionalities and the meaning of the disclosures related to the buttons, the survey evidence should be excluded.

Further, although bearing the semblance of expert studies typically admissible under Rule 702, the studies produced by Google are not admissible as expert opinion because they cannot be shown to be reliable. Generally, to be admissible, a survey must be "conducted in accordance with generally accepted survey principles." *Elliot v. Google Inc.*, 45 F. Supp. 3d 1156, 1167 (D. Ariz.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEF. MIL NO. 4 TO EXCLUDE PLAINTIFFS'
USE OF NON-U.S. CONSUMER STUDIES AND
SURVEYS; 3:20-CV-04688-RS

2014) (excluding surveys designed and executed by plaintiffs' counsel and in support of which plaintiffs provided no explanation of the methods of statistical analysis and no evidence regarding the reliability of the results), *aff'd sub nom. Elliott v. Google, Inc.*, 860 F.3d 1151 (9th Cir. 2017). Here, Plaintiffs have no ability to explain the methodology or "survey principles" Google used in conducting its non-U.S. consumer studies, as even Google's own senior researcher Arne De Booij, who oversaw the research on non-U.S. consumers, could not recall nor explain the methodology choice or design of the "Pinecone" or "N3" studies Plaintiffs questioned him about in deposition (and which Plaintiffs now seek to admit). Santacana Decl., Ex. R (Deposition of Arne De Booij at 81:22–87:12, 98:1–104:5) (discussing lack of recollection of the specific Pinecone study's details, which was conducted by an outside research firm, as well as lack of recollection of the N3 project's details and the specific research proposal), Exs. N, O. And some of the "research" that Plaintiffs hope to admit involved only hypotheses by individual researchers, not findings. *See* Santacana Decl., Exs. N, R (Deposition of Arne De Booij at 100:21–101:17). It would thus be highly prejudicial for the jury to see these studies and mistakenly accord them the weight of expert evidence when Plaintiffs can offer no proof of their reliability. Google would be greatly prejudiced were the Court to permit the jury to shortcut their factfinding process by relying on irrelevant and unreliable surveys that would not pass muster as expert opinion.

### III. CONCLUSION

For the foregoing reasons, the Court should exclude testimony and argument relating to research, studies, or surveys conducted on non-U.S. consumers regarding their understanding of Google's WAA and sWAA settings and the related disclosures.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEF. MIL NO. 4 TO EXCLUDE PLAINTIFFS'
USE OF NON-U.S. CONSUMER STUDIES AND
SURVEYS; 3:20-CV-04688-RS

Dated: June 24, 2025

COOLEY LLP

By: */s/ Eduardo E. Santacana*
    Benedict Y. Hur
    Simona Agnolucci
    Eduardo Santacana
    Argemira Flórez
    Harris Mateen
    Isabella McKinley Corbo

Attorneys for Defendant
Google LLC

COOLEY LLP
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:   +1 415 693 2000
Facsimile:   +1 415 693 2222

Attorneys for Defendant
Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT GOOGLE LLC'S MOTION IN LIMINE NO. 4 TO EXCLUDE PLAINTIFFS' USE OF NON-U.S. CONSUMER STUDIES AND SURVEYS**<br><br>Date:    July 30, 2025<br>Time:   09:30 A.M.<br>Court:  Courtroom 3, 17th Floor, SF<br>Judge: Hon. Richard Seeborg<br><br>Date Action Filed: July 14, 2025<br>Trial Date: August 18, 2025 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER GRANTING DEF. MIL
NO. 4 TO EXCLUDE PLAINTIFFS' USE OF NON-
U.S. CONSUMER STUDIES AND SURVEYS
3:20-CV-04688-RS

## [PROPOSED] ORDER

Before the Court is Defendant Google LLC's ("Google") Motion in Limine No. 4 to exclude Plaintiffs' use of non-U.S. consumer studies and surveys.

Having considered the Notice of Motion and Motion in Limine, the incorporated Memorandum of Points and Authorities, the Omnibus Declaration of Eduardo E. Santacana filed concurrently therewith, and the exhibits attached thereto, along with other materials in the record, argument of counsel, and such other matters as the Court may consider, the Court GRANTS Google's Motion.

Accordingly, IT IS HEREBY ORDERED THAT:

Testimony and argument relating to research, studies, or surveys conducted on non-U.S. consumers regarding their understanding of Google's WAA and sWAA settings and the related disclosures will be excluded from trial in the above-captioned matter.

**IT IS SO ORDERED.**

DATED: _____         _____
                                Honorable Richard Seeborg
                                United States District Judge

320604827

Cooley LLP
Attorneys at Law
San Francisco

2

[Proposed] Order Granting Def. MIL No. 4 to Exclude Plaintiffs' Use of Non-U.S. Consumer Studies and Surveys
3:20-CV-04688-RS