COOLEY LLP
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California  94111-4004
Telephone:   +1 415 693 2000
Facsimile:    +1 415 693 2222

Attorneys for Defendant
Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**DEFENDANT GOOGLE LLC'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENTS REGARDING PRODUCTS OUTSIDE THE SCOPE OF PLAINTIFFS' ALLEGATIONS**<br><br>Date: July 30, 2025<br>Time: 09:30 A.M.<br>Court: Courtroom 3, 17th Floor, SF<br>Judge: Hon. Richard Seeborg<br><br>Date Action Filed: July 14, 2025<br>Trial Date: August 18, 2025 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF. MIL NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENTS REGARDING PRODUCTS OUTSIDE THE SCOPE OF PLAINTIFFS' ALLEGATIONS 3:20-CV-04688-RS

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on July 30, 2025, at 09:30 A.M., before the Honorable Richard Seeborg of the United States District Court for the Northern District of California in Courtroom 3 of the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Google LLC ("Google") will move the Court to exclude testimony and argument relating to discussions by Sundar Pichai, Google's CEO, and other Google employees regarding products and settings outside the scope of Plaintiffs' allegations.

This Motion is based on this Notice of Motion, accompanying Memorandum of Points and Authorities, Omnibus Declaration of Eduardo E. Santacana in Support of Google LLC's Motions in Limine Nos. 1-12 and exhibits attached thereto, and all other evidence in the record.

## ISSUE PRESENTED

Whether documents containing discussions by Sundar Pichai and other Google employees regarding products and settings outside the scope of Plaintiffs' allegations should be excluded pursuant to Rules 402 and/or 403 of the Federal Rules of Evidence.

Dated: June 24, 2025

COOLEY LLP

By: /s/ *Eduardo E. Santacana*
Benedict Y. Hur
Simona Agnolucci
Eduardo Santacana
Argemira Flórez
Harris Mateen
Isabella McKinley Corbo

Attorneys for Defendant
Google LLC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEF. MIL NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENTS REGARDING PRODUCTS OUTSIDE THE SCOPE OF PLAINTIFFS' ALLEGATIONS 3:20-CV-04688-RS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On May 6, 2025, this Court granted Google's motion to exclude Sundar Pichai from testifying at trial because the Court found Mr. Pichai was "removed from the daily subjects of this litigation." ECF No. 498 ("Order") at 2. In making this finding, the Court considered and rejected the "hundreds of pages Plaintiffs dump on the Court's doorstep" as irrelevant to the subject matter of this case—whether and how the sWAA toggle controls Google Analytics for Firebase. *See id.* Yet Plaintiffs' exhibit list contains the very same documents Plaintiffs "dump[ed] on the Court" in connection with the Pichai briefing. *See* ECF No. 479.[1] Not stopping there, Plaintiffs' proposed Exhibit List contains even *more* documents regarding the same irrelevant products and settings. These exhibits, and their motion for relief from the Order, ECF No. 507,[2] suggest Plaintiffs intend to complicate trial by introducing irrelevant and prejudicial evidence of:

- Statements made by Google's CEO Sundar Pichai about privacy in general (not the products at issue in this case);
- The connection between WAA and location settings (which is not at issue in this case);
- The default data retention period when WAA is on (this case is about data collection when sWAA is off); and
- Other settings unrelated to the collection of data by GA for Firebase.

These proposed exhibits suggest Plaintiffs will attempt to introduce wide-ranging evidence on irrelevant and unrelated discussions of Google products and settings not at issue in this case. If not excluded, such evidence will unfairly prejudice the jury against Google (by, for example, suggesting that Google's CEO made statements regarding the toggle at issue here, which he did not) and necessitate a series of mini-trials refuting the relationship of this evidence to Plaintiffs' claims. Google therefore seeks an order excluding documents and argument relating to (1) statements by Mr. Pichai regarding Google's general privacy practices (including the Video

---

[1] Plaintiffs' proposed exhibit list contains all but three of the documents attached to their opposition to Google's Motion to exclude Mr. Pichai from testifying at trial.
[2] Plaintiffs' Motion for Relief from the Order is currently pending. Google filed its response to Plaintiffs' Motion on June 12, 2025. ECF No. 514.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEF. MIL NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENTS REGARDING PRODUCTS OUTSIDE THE SCOPE OF PLAINTIFFS' ALLEGATIONS 3:20-CV-04688-RS

Recorded Proceedings of "Google CEO Testifies on Data Collection" and the transcript of same), (2) the collection of data on the web, (3) a Google location setting called "Location History," (4) settings that control the storing of data when WAA is on, and (5) other products completely unrelated to GA for Firebase.[3]

## II. ARGUMENT

### A. The documents Plaintiffs attached to their opposition to Google's Motion to Exclude Sundar Pichai from testifying at trial are irrelevant

As the Court knows all too well, Plaintiffs' case is about the alleged collection by GA for Firebase of Plaintiffs' personalized information when sWAA is "off." But Plaintiffs' proposed exhibits show that they plan to mislead the jury by submitting documents in evidence that do not relate to sWAA or GA for Firebase at all:

- Exhibits 6, 28, 132, 134,[4] 217, 249, and 250[5] contain mostly public statements by Mr. Pichai about Google's general privacy practices. Omnibus Declaration of Eduardo E. Santacana in Support of Google LLC's Motions in Limine Nos. 1-12 ("Santacana Decl.") ¶¶ 19, 33, 40; *id.* Exs. C–F; *see also* ECF Nos. 479-27, 479-34, 479-40. Plaintiffs have not identified any connection between these statements and the functioning of GA for Firebase (let alone while sWAA is turned off). Mr. Pichai's Congressional testimony is about Google's general privacy practices and Google's storing of location-related data in WAA. *See* ECF No. 487 at 5–6. The only testimony that even refers to apps is about preloaded apps on an Android phone, not GA for Firebase. Santacana Decl. Ex. D at 173:1–174:3.

- Exhibit 153 relates to the collection of data on the *web*, not data collected on apps. Santacana Decl. ¶ 21. *See* ECF No. 487 at 2; ECF No. 479-3.

- Plaintiffs have not even attempted to explain what the project discussed in Exhibit 152 is or how it relates to this case. *See* Santacana Decl. ¶20; ECF No. 479-2. Indeed, Plaintiffs did not ask any of the fourteen Google witnesses they deposed a single question about the project discussed in this Exhibit. *See* ECF No. 487 at 3.

- Exhibits 195, 198 to 202, 204, 207,[6] 208, 210, 215, 221, 226, 233, and 236 relate to a Google location setting called "Location History" that has nothing to do with GA

---

[3] Google reserves all other objections to these proposed exhibits.
[4] Exhibit 134 was not attached to Plaintiffs' opposition to Google's Motion to exclude Mr. Pichai from trial. It contains public statements about competition in general by Mr. Pichai before the House Committee on the Judiciary, Subcommittee on Antitrust, Commercial, and Administrative Law.
[5] Exhibit 250 was not attached to Plaintiffs' opposition to Google's Motion to exclude Mr. Pichai from trial. It is a continuation of Exhibit 249, which was attached to Plaintiffs' opposition.
[6] Exhibit 207 was not attached to Plaintiffs' opposition to Google's Motion to exclude Mr. Pichai from trial. It relates to the "Location History" setting.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEF. MIL NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENTS REGARDING PRODUCTS OUTSIDE THE SCOPE OF PLAINTIFFS' ALLEGATIONS 3:20-CV-04688-RS

- for Firebase or this case. Santacana Decl. ¶¶ 23–32, 34–37; *id.* Ex. B; *see also* ECF Nos. 479-14, 479-15, 479-16, 479-17, 479-18, 479-19, 479-20, 479-21, 479-22, 479-23, 479-35, 479-36, 479-37, 479-38. All but one of these documents (Ex. 208) come from cloned productions from cases about the logging of location in WAA. *See* ECF No. 487 at 4.

- Exhibits 133, 154, 243, 244, 273, and 277 discuss settings that control the storing of data *when WAA is on.* Santacana Decl. ¶¶ 22, 38–39, 43–44, 78. *See* ECF No. 487 at 3, 4–5; ECF Nos. 479-4, 479-28, 479-29, 479-30, 479-39.

- Exhibits 263 and 269 present changes to *other* products completely unrelated to GA for Firebase: Voice & Audio Activity, Device Information, and YouTube. Santacana Decl. ¶¶ 41–42. *See* ECF No. 487 at 5; ECF Nos. 479-32, 479-33.

This case is not about WAA generally, which controls the collection of data across a number of Google products such as Maps, Search, and Play.[7] *See* ECF No. 291 (holding that "WAA-off data is relevant [only] to the extent Google received it through Firebase or AdMob."); ECF No. 281 at 6 (holding Plaintiffs' claims concern the receipt of data through Firebase, not Search). Nor is it about general privacy across all Google products and services. It is about very specific product functionality, and the Court has found that none of the proposed exhibits Plaintiffs attached to their Pichai brief have anything to do with that functionality. *See* Order at 2. Those documents, and other documents in which Mr. Pichai and other employees discuss products and settings outside the scope of Plaintiffs' allegations, should be excluded because they are irrelevant. Fed. R. Evid. 402.

**B.    Any marginal value is substantially outweighed by the dangers of unfair prejudice, undue delay, wasting time, and misleading the jury**

But even if Plaintiffs could establish relevance, the Court should exclude evidence and argument related to these proposed exhibits because any marginal relevance will be substantially outweighed by the clear dangers of unfair prejudice, confusing and misleading the jury, needlessly presenting cumulative evidence, and wasting the jury's time. Fed. R. Evid. 403. If Plaintiffs are permitted to introduce irrelevant and inflammatory quotes from these documents, Google would in turn need to spend trial time explaining why each document does not relate to the allegations at issue in this case. Courts regularly exclude evidence regarding products that are not at issue because

---

[7] https://myactivity.google.com/activitycontrols/webandapp

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEF. MIL NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENTS REGARDING PRODUCTS OUTSIDE THE SCOPE OF PLAINTIFFS' ALLEGATIONS 3:20-CV-04688-RS

of the risk that such evidence will mislead the jury. *See, e.g.*, *Pom Wonderful LLC v. Tropicana Prods., Inc.*, No. CV 09-00566 DSF (CTx), 2010 WL 11519185, at *5 (C.D. Cal. Nov. 1, 2010) (evidence regarding Tropicana products not at issue in litigation excluded as irrelevant and likely to unduly confuse the jury); *Apple iPod iTunes Antitrust Litig.*, No. 05-CV-0037 YGR, 2014 WL 12719192, at *3 (N.D. Cal. Nov. 18, 2014) (granting motion in limine to exclude certain evidence "as to non-relevant [Apple] products"); *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03-1431 SBA, 2006 WL 1627065, at *2 (N.D. Cal. June 13, 2006) (granting motion in limine to exclude evidence and argument regarding product not at issue in litigation as likely to "consume a significant amount of time at trial and . . . undoubtedly further confuse the jurors.").

Moreover, Mr. Pichai's Congressional testimony about Google's general privacy practices and Google's storing of location-related data in WAA should be excluded because it poses an obvious and heightened risk of prejudice. Santacana Decl. Ex. D. *See In re Tylenol (Acetaminophen) Mktg., Sales Pracs. & Prods. Liab. Litig.*, 181 F. Supp. 3d 278, 299 (E.D. Pa. 2016) (granting motion in limine to exclude Congressional testimony related to manufacturing issues where claim related to product design issues because "any probative value this evidence might have would be substantially outweighed by the risk of unfair prejudice or confusion by the jury."). The subject of Mr. Pichai's Congressional testimony was also the subject of a 2018 Associated Press story that spawned years of litigation across the country, including a class action that has since settled and settlements with forty-nine states and the District of Columbia. *See In re Google Location Hist. Litig.*, No. 5:18-CV-05062-EJD, 2024 WL 1975462, at *1 (N.D. Cal. May 3, 2024). A jury could mistakenly ascribe undue significance to Mr. Pichai's public statements before Congress and be confused about their applicability to this case.

### III. CONCLUSION

For the foregoing reasons, the Court should exclude any evidence or argument relating to (1) statements by Mr. Pichai regarding Google's general privacy practices (including the Video Recorded Proceedings of "Google CEO Testifies on Data Collection" and the transcript of same), (2) the collection of data on the web, (3) a Google location setting called "Location History," (4)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEF. MIL NO. 5 TO EXCLUDE EVIDENCE AND
ARGUMENTS REGARDING PRODUCTS
OUTSIDE THE SCOPE OF PLAINTIFFS'
ALLEGATIONS 3:20-CV-04688-RS

settings that control the storing of data when WAA is on, and (5) other products completely unrelated to GA for Firebase.

Dated: June 24, 2025                                        COOLEY LLP

By: */s/ Eduardo E. Santacana*
Benedict Y. Hur
Simona Agnolucci
Eduardo Santacana
Argemira Flórez
Harris Mateen
Isabella McKinley Corbo

Attorneys for Defendant
Google LLC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEF. MIL NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENTS REGARDING PRODUCTS OUTSIDE THE SCOPE OF PLAINTIFFS' ALLEGATIONS 3:20-CV-04688-RS

1  COOLEY LLP
   BENEDICT Y. HUR (224018)
2  (bhur@cooley.com)
   SIMONA AGNOLUCCI (246943)
3  (sagnolucci@cooley.com)
   EDUARDO E. SANTACANA (281668)
4  (esantacana@cooley.com)
   ARGEMIRA FLÓREZ (331153)
5  (aflorez@cooley.com)
   HARRIS MATEEN (335593)
6  (hmateen@cooley.com)
   ISABELLA MCKINLEY CORBO (346226)
7  (icorbo@cooley.com)
   3 Embarcadero Center, 20th Floor
8  San Francisco, California  94111-4004
   Telephone:    +1 415 693 2000
9  Facsimile:    +1 415 693 2222

10 Attorneys for Defendant
   Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT GOOGLE LLC'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENTS REGARDING PRODUCTS OUTSIDE THE SCOPE OF PLAINTIFFS' ALLEGATIONS**<br><br>Date:     July 30, 2025<br>Time:     09:30 A.M.<br>Court:    Courtroom 3, 17th Floor, SF<br>Judge:    Hon. Richard Seeborg<br><br>Date Action Filed: July 14, 2025<br>Trial Date: August 18, 2025 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER GRANTING DEF. MIL NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENTS REGARDING PRODUCTS OUTSIDE THE SCOPE OF PLAINTIFFS' ALLEGATIONS; 3:20-CV-04688-RS

## [PROPOSED] ORDER

Before the Court is Defendant Google LLC's ("Google") Motion in Limine No. 5 to exclude documents containing discussions by Sundar Pichai and other Google employees regarding products and settings outside the scope of Plaintiffs' allegations.

Having considered the Notice of Motion and Motion in Limine, the incorporated Memorandum of Points and Authorities, the Omnibus Declaration of Eduardo E. Santacana filed concurrently therewith, and the exhibits attached thereto, along with other materials in the record, argument of counsel, and such other matters as the Court may consider, the Court GRANTS Google's Motion.

Accordingly, IT IS HEREBY ORDERED THAT:

Evidence or argument relating to (1) statements by Mr. Pichai regarding Google's general privacy practices (including the Video Recorded Proceedings of "Google CEO Testifies on Data Collection" and the transcript of same), (2) the collection of data on the web, (3) a Google location setting called "Location History," (4) settings that control the storing of data when WAA is on, and (5) other products completely unrelated to GA for Firebase will be excluded from trial in the above-captioned matter.

**IT IS SO ORDERED.**

DATED: _____          _____
                                Honorable Richard Seeborg
                                United States District Judge

Cooley LLP
Attorneys At Law
San Francisco

2

[Proposed] Order Granting Def. MIL No. 5 to Exclude Evidence and Arguments Regarding Products Outside the Scope of Plaintiffs' Allegations; 3:20-CV-04688-RS