COOLEY LLP
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California  94111-4004
Telephone:   +1 415 693 2000
Facsimile:   +1 415 693 2222

Attorneys for Defendant
Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**DEFENDANT GOOGLE LLC'S MOTION IN LIMINE NO. 6 TO EXCLUDE TESTIMONY OF KENT WALKER AND CHRIS PALMER**<br><br>Date:      July 30, 2025<br>Time:     09:30 A.M.<br>Court:    Courtroom 3, 17th Floor, SF<br>Judge:    Hon. Richard Seeborg<br><br>Date Action Filed: July 14, 2025<br>Trial Date: August 18, 2025 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF. MIL NO. 6 TO EXCLUDE TESTIMONY OF
KENT WALKER AND CHRIS PALMER
3:20-CV-04688-RS

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on July 30, 2025, at 9:30 A.M., before the Honorable Richard Seeborg of the United States District Court for the Northern District of California in Courtroom 3 of the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Google LLC ("Google") will move the Court to preclude plaintiffs from calling Chris Palmer and Kent Walker to provide improper impeachment testimony.

This Motion is based on this Notice of Motion, accompanying Memorandum of Points and Authorities, the Omnibus Declaration of Eduardo E. Santacana in Support of Google LLC's Motions in Limine Nos. 1-12 ("Santacana Decl.") and exhibits attached thereto, and all other evidence in the record.

## ISSUE PRESENTED

Whether, pursuant to Rule 26 of the Federal Rules of Civil Procedure and Rules 402 and 403 of the Federal Rules of Evidence, Plaintiffs should be precluded from calling Chris Palmer and Kent Walker to provide improper impeachment testimony.

Dated: June 24, 2025                                COOLEY LLP

                                                    By: */s/ Eduardo E. Santacana*
                                                        Benedict Y. Hur
                                                        Simona Agnolucci
                                                        Eduardo Santacana
                                                        Argemira Flórez
                                                        Harris Mateen
                                                        Isabella McKinley Corbo

                                                        *Attorneys for Defendant
                                                        Google LLC*

Cooley LLP
Attorneys at Law
San Francisco

2

Def. MIL No. 6 to Exclude Testimony of
Kent Walker and Chris Palmer
3:20-CV-04688-RS

## I. INTRODUCTION

Google respectfully moves in limine to preclude plaintiffs from calling Chris Palmer and Kent Walker to provide improper impeachment testimony.

## II. ARGUMENT

Though not disclosed among their trial witnesses, Plaintiffs have indicated that they may call Chris Palmer and Kent Walker as impeachment witnesses. Omnibus Declaration of Eduardo E. Santacana in Support of Google LLC's Motions in Limine Nos. 1-12 ("Santacana Decl.") ¶¶ 7–8. Neither individual possesses knowledge relevant to the issues in this litigation, rendering them improper as impeachment witnesses.

Rule 26(a)(3)(A) requires parties to include in their pretrial disclosures the name, address, and telephone number of any witness that party will or may call at trial, unless "solely for impeachment." Fed. R. Civ. P. 26(a)(3)(A)(i). "Impeachment as contemplated by the Rule 26(a) exception refers to attacks on the credibility of a witness and not to rebuttal evidence, which tends to prove any element of a party's claims." *Valiavicharska v. Tinney*, No. CV 10-4847 JSC, 2012 WL 13435139 (N.D. Cal. Jan. 31, 2012) (cleaned up) (excluding witness whose testimony was relevant to the substance of the case); *see also Comm. for Immigrant Rights v. Cnty. of Sonoma*, No. C 08-4220 PJH, 2009 WL 1833988, at *3 (N.D. Cal. June 23, 2009) ("impeachment" is not equivalent to "rebuttal," and refers to attacks on the credibility of the conduct).

"Evidence is 'solely for impeachment' when it 'has value solely for the purposes of impeaching a witness.'" *Clear-View Techs., Inc. v. Rasnick*, No. 13-cv-02744-BLF, 2015 WL 3509384, at *7 (N.D. Cal. June 3, 2015) (quoting *Robert Kubicek Architects & Assoc., Inc. v. Bosley*, No. CV11-2112 PHX DGC, 2013 WL 998222, at *2 (D. Ariz. Mar. 13, 2013)). "If evidence instead has independent relevancy to the merits of the case, the evidence is not solely for impeachment and must be disclosed to opposing counsel pursuant to Rule 26." *Id.* (cleaned up); *see also Wilson v. AM Gen. Corp.*, 167 F.3d 1114, 1122 (7th Cir. 1999) (finding that when a witness will offer testimony related to a "primary line of defense" in the suit, the witness is not offered solely for impeachment purposes).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEF. MIL NO. 6 TO EXCLUDE TESTIMONY OF
KENT WALKER AND CHRIS PALMER
3:20-CV-04688-RS

Chris Palmer is a software engineer who worked on Google Chrome during the relevant time period. Santacana Decl., ¶ 7. This case, by contrast, focuses exclusively on the use of Google Analytics for apps—the Chrome web browser is simply irrelevant. Mr. Palmer was not a document custodian in this case, nor was he deposed. *Id*. Kent Walker, in turn, is Google's Chief Legal Officer. *Id*., ¶ 8. He has nothing to do with the issues in this case, and was similarly neither a document custodian or deponent. *Id*.. He may not have worked with any of the disclosed trial witnesses and likely does not even know them. It is impossible to imagine how these individuals would have any information bearing on the credibility of any trial witness. *See Valiacharska*, 2012 WL 13435139, at *2.

While Mr. Palmer and Mr. Walker possess no information relevant to the issues in this litigation, they are—not coincidentally—featured heavily in other recent, unrelated cases against Google. Mr. Palmer was a key figure in a separate litigation prosecuted by Plaintiffs' counsel, *Brown v. Google LLC*, 5:20-cv-03664-SVK (N.D. Cal.), which centered on Incognito browsing in Google Chrome. There, Plaintiffs' counsel questioned him about emails concerning user confusion over Incognito Mode and its "Spy Guy" logo.  Mr. Walker was a witness in the *Epic v. Google* antitrust litigation, No. 3:21-md-02981-JD (N.D. Cal.), where he was questioned about Google's retention policies concerning the Google Chat application, culminating in sanctions against Google for failure to preserve chat messages relevant to that case. So far as Google can tell, Plaintiffs seek to call these individuals not to offer testimony bearing on the credibility of any trial witness, but to insinuate wrongdoing and put before the jury irrelevant and prejudicial material that would be independently excludable in this litigation under Rules of Evidence 402 and 403 given its absence of relevance and highly prejudicial nature.

"Impeachment is improper when employed as a guise to present substantive evidence to the jury that would be otherwise inadmissible." *Diaz v. Pima Cnty.*, 34 F. App'x 309, 311 (9th Cir. 2002) (quoting *United States v. Gilbert*, 57 F.3d 709, 711 (9th Cir. 1995) (per curiam)). But that is precisely what Plaintiffs seek to do. If the testimony of Mr. Walker or Mr. Palmer had any relevance at all (and it does not), it would bear on issues other than the credibility of trial witnesses that they have no relationship with. Accordingly, the evidence is by definition not "solely for purposes of

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEF. MIL NO. 6 TO EXCLUDE TESTIMONY OF
KENT WALKER AND CHRIS PALMER
3:20-CV-04688-RS

impeachment" and should have been timely disclosed. *See Clear-View Techs.*, 2015 WL 3509384, at *6 (precluding undisclosed witnesses from testifying as "impeachment witnesses" where their testimony had broader relevance to the case).

Plaintiffs should not be permitted to ambush Google in their rebuttal case with new substantive issues of tenuous relevance to the case, but with a high probability of prejudice. Plaintiffs should be precluded altogether from calling Mr. Palmer and Mr. Walker as trial witnesses.

### III.   CONCLUSION

Google respectfully requests that the Court preclude plaintiffs from calling Chris Palmer and Kent Walker to provide impeachment-only testimony.

Dated: June 24, 2025                                     COOLEY LLP

By: */s/ Eduardo E. Santacana*
  Benedict Y. Hur
  Simona Agnolucci
  Eduardo Santacana
  Argemira Flórez
  Harris Mateen
  Isabella McKinley Corbo

  *Attorneys for Defendant*
  *Google LLC*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEF. MIL NO. 6 TO EXCLUDE TESTIMONY OF
KENT WALKER AND CHRIS PALMER
3:20-CV-04688-RS

COOLEY LLP
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

Attorneys for Defendant
Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT GOOGLE LLC'S MOTION IN LIMINE NO. 6 TO EXCLUDE TESTIMONY OF KENT WALKER AND CHRIS PALMER**<br><br>Date: July 30, 2025<br>Time: 09:30 A.M.<br>Court: Courtroom 3, 17th Floor, SF<br>Judge: Hon. Richard Seeborg<br><br>Date Action Filed: July 14, 2025<br>Trial Date: August 18, 2025 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER GRANTING DEF. MIL
NO. 6 TO EXCLUDE TESTIMONY OF KENT
WALKER AND CHRIS PALMER; 3:20-CV-
04688-RS

**[PROPOSED] ORDER**

Before the Court is Defendant Google LLC's ("Google") Motion in Limine No. 6 to preclude plaintiffs from calling Chris Palmer and Kent Walker to provide improper impeachment testimony.

Having considered the Notice of Motion and Motion in Limine, the incorporated Memorandum of Points and Authorities, the Omnibus Declaration of Eduardo E. Santacana filed concurrently therewith, and the exhibits attached thereto, along with other materials in the record, argument of counsel, and such other matters as the Court may consider, the Court GRANTS Google's Motion.

Accordingly, IT IS HEREBY ORDERED THAT:

Plaintiffs are barred from calling Chris Palmer and Kent Walker to provide improper impeachment testimony at trial in the above-captioned matter.

**IT IS SO ORDERED.**

DATED: _____                    _____
                                          Honorable Richard Seeborg
                                          United States District Judge