COOLEY LLP
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California  94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

Attorneys for Defendant
Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**DEFENDANT GOOGLE LLC'S MOTION IN LIMINE NO. 7 TO EXCLUDE EVIDENCE AND ARGUMENTS RELATING TO INCOGNITO MODE**<br><br>Date:  July 30, 2025<br>Time:  09:30 A.M.<br>Court:  Courtroom 3, 17th Floor, SF<br>Judge:  Hon. Richard Seeborg<br><br>Date Action Filed: July 14, 2025<br>Trial Date: August 18, 2025 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF. MIL NO. 7 TO EXCLUDE EVIDENCE AND
ARGUMENTS RELATING TO INCOGNITO
MODE
3:20-CV-04688-RS

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on July 30, 2025, at 9:30 A.M., before the Honorable Richard Seeborg of the United States District Court for the Northern District of California in Courtroom 3 of the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Google LLC ("Google") will move the Court to exclude testimony and argument relating to the Google Chrome browser's Incognito mode.

This Motion is based on this Notice of Motion, accompanying Memorandum of Points and Authorities, the Omnibus Declaration of Eduardo E. Santacana in Support of Google LLC's Motions in Limine Nos. 1-12 ("Santacana Decl.") and exhibits attached thereto, and all other evidence in the record.

## ISSUE PRESENTED

Whether testimony and argument relating to the Google Chrome browser's Incognito mode should be excluded pursuant to Rules 401, 402, 403 of the Federal Rules of Evidence.

Dated: June 24, 2025                                COOLEY LLP

By: */s/ Eduardo E. Santacana*
    Benedict Y. Hur
    Simona Agnolucci
    Eduardo Santacana
    Argemira Flórez
    Harris Mateen
    Isabella McKinley Corbo

*Attorneys for Defendant Google LLC*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Here we go again. Google regretfully asks the Court to once more preclude Plaintiffs' counsel from re-litigating the *Brown v. Google* Incognito case in this courtroom.

Plaintiffs have indicated, via exhibits in their proposed exhibit list and in meet and confer correspondence, that they intend to reference the Google Chrome browser's Incognito Mode ("Incognito" or "Incognito Mode") during trial. Omnibus Declaration of Eduardo E. Santacana in Support of Google LLC's Motions in Limine Nos. 1-12 ("Santacana Decl.") Ex. J; *id*., ¶¶ 7, 45. However, Plaintiffs identify no connection between Incognito Mode and the functioning of Google Analytics for Firebase ("GA for Firebase"). That is because there is none. Evidence is only admissible if it is relevant. *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). Any mention of Incognito Mode should be excluded under Federal Rules of Evidence 401 and 402 because it is wholly irrelevant to this case, which is about GA for Firebase's alleged use of supplemental Web & App Activity (sWAA)-off data. Fed. R. Evid. 401; Fed. R. Evid. 402. Even if there were any marginal relevance, that relevance would be substantially outweighed by the risk of unfair prejudice, jury confusion, and wasted time under Rule 403. Fed. R. Evid. 403. The Court should bar mention of Incognito.

## II. ARGUMENT

***Incognito Mode is not at issue in this case.*** This litigation is about GA for Firebase's alleged use of sWAA-off data. Full stop. Incognito mode is not referenced in Plaintiffs' operative Fourth Amended Class Action Complaint ("4AC") (ECF No. 289), is unrelated to the conduct underlying Plaintiffs' claims, and was not the focus of fact or expert discovery. *See also* ECF No. 291 (holding that "WAA-off data is relevant [only] to the extent Google received it through Firebase or AdMob."); ECF No. 281 at 6 (holding Plaintiffs' claims concern the "receipt of data *through* Firebase or products integrated with Firebase). Incognito is not alleged to have played a role in the conduct Plaintiffs challenge, nor is it linked to the harm they allege. Courts routinely exclude evidence of unrelated products or services where, as here, there is no meaningful

connection to the dispute. *ABC Distrib., Inc. v. Living Essentials, LLC*, No. 15-CV-02064 NC, 2017 WL 11672905, at *1 (N.D. Cal. Oct. 19, 2017) (granting motion in limine to exclude "evidence and argument about [a separate litigation] (concerning a different product [])"); *Apple iPod iTunes Antitrust Litig.*, No. 05-CV-0037 YGR, 2014 WL 12719192, at *3 (N.D. Cal. Nov. 18, 2014) (granting motion in limine to exclude certain evidence "as to non-relevant [Apple] products").

Plaintiffs' proposed exhibit list shows that they plan to mislead the jury by introducing evidence about an irrelevant product. Indeed, highlighting Incognito Mode's utter irrelevance to the instant matter, the vast majority of the Incognito-related exhibits that Plaintiffs wish to introduce at trial are in fact lifted *directly* from the docket in *Brown v. Google*, 4:20-CV-3664 (N.D. Cal.), an entirely separate litigation brought by the same Plaintiffs' lawyers[1]:

- PX-354: Sept. 23, 2014 Email from C. Palmer to chrome-security re: I promise this is my last rant about Incognito :) (Dkt. 928-34, Brown v. Google, 4:20-CV-3664 (N.D. Cal.));
- PX-355: Dec. 12, 2014 email from W. Holfelder to Palmer re: Incognito. :( (Dkt. 928-68, Brown v. Google, 4:20-CV-3664 (N.D. Cal.));
- PX-356: Feb. 11, 2015 email from C. Palmer to A. Porter Felt re: Inncognito-fest [sic] 2015 (Dkt. 928-61, Brown v. Google, 4:20-CV-3664 (N.D. Cal.));
- PX-357: Jun. 21, 2016 email from C. Palmer to S. Borsay re: Google "Incognito" Precision (Dkt. 928-51, Brown v. Google, 4:20-CV-3664 (N.D. Cal.));
- PX-358: Jul. 11, 2018 Chat Transcript (Dkt. 928-52, Brown v. Google, 4:20-CV-3664 (N.D. Cal.));
- PX-359: Presentation titled The Incognito Problem (Dkt. 928-83, Brown v. Google, 4:20-CV-3664 (N.D. Cal.));
- PX-360: Sept. 24, 2018 email from C. Palmer to R. Halavati re: The Incognito Problem - Invitation to edit (Dkt. 928-47, Brown v. Google, 4:20-CV-3664 (N.D. Cal.));
- PX-361: Nov. 6, 2018 email from C. Palmer to M. Paddon re: EFF: Google Chrome's Users Take a Back Seat to Its Bottom Line (Dkt. 928-50, Brown v. Google, 4:20-CV-3664 (N.D. Cal.));
- PX-362: Jan. 29, 2021 email from L. Twohill to S. Pichai (Dkt. 928-76, Brown v. Google, 4:20-CV-3664 (N.D. Cal.));
- PX-363: May 19, 2016 email from C. Palmer to A. Porter Felt (Dkt. 928-60, Brown v. Google, 4:20-CV-3664 (N.D. Cal.)).

Santacana Decl. ¶ 45. The sole Incognito-related exhibit that actually bears a *Rodriguez* Bates-stamp contains no mention of GA for Firebase, sWAA, or even WAA. Santacana Decl. Ex. J. (PX-31: GOOG-RDGZ-00150939 (Email from G. Hogben to D. Kleidmermacher, S. Adhya, et al. on November 29, 2018 Re: incognito)).

---

[1] Evidence and argument concerning other litigation and investigations, including *Brown v. Google*, involving Google should also be excluded from trial, as argued in Google's concurrently filed Motion in Limine regarding this topic.

Additionally, in recent meet and confer communications, Plaintiffs represented that they intend to subpoena Chris Palmer, a former Google employee who has no knowledge of GA for Firebase or the claims at issue in this litigation, as a potential impeachment or rebuttal witness. Santacana Decl., ¶ 7. Mr. Palmer was neither a deponent nor a document custodian in the instant matter, but, suspiciously, he *was* a key witness in *Brown v. Google*. As Google's concurrently filed Motion in Limine regarding the impropriety of any such subpoena to Mr. Palmer makes clear, the only conceivable reason for Mr. Palmer to testify would be to discuss Google's privacy practices with respect to Incognito Mode. Because Incognito Mode is not remotely at issue in this case, Mr. Palmer is not an appropriate witness, and Incognito Mode is not an appropriate topic of evidence.

The only relationship *Brown* has to this litigation is that it is another class action lawsuit against Google, concerning issues vaguely relating to "privacy" and "data collection", brought by the same attorneys who employed many of the same industry experts. That is no reason to run that tired record on loop. There is no reason to turn this trial into the trial Plaintiffs failed to get before Judge Gonzalez Rogers.

***Allowing Plaintiffs to introduce evidence and argument about Incognito would unnecessarily prolong trial, confuse the jury, and prejudice Google*** by misleading jurors into believing that this entirely separate product is at issue in this case, despite its irrelevance to the claims at hand. If Plaintiffs are allowed to present such evidence, Google would be required to spend trial time refuting the relationship of this evidence to Plaintiffs' claim, which would in turn waste time by necessitating a series of unnecessary collateral disputes. Each side, after all, only has twenty hours. While a plaintiff can raise questions, issues, and allegations in the dozens in a short period of time, it is not reasonable to force a defendant to answer the plainly irrelevant ones on limited time.

Incognito was not addressed in discovery, is not the focus of any of either party's expert reports, and would require Google to prepare entirely new lines of defense in the eleventh hour. Courts regularly exclude evidence regarding products that are not at issue because of the risk that such evidence will mislead the jury. *See, e.g.*, *Pom Wonderful LLC v. Tropicana Prods., Inc.*, No.

CV 09-00566 DSF (CTx), 2010 WL 11519185, at *5 (C.D. Cal. Nov. 1, 2010) (evidence regarding Tropicana products not at issue in litigation excluded as irrelevant and likely to unduly confuse the jury); *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03-1431 SBA, 2006 WL 1627065, at *2 (N.D. Cal. June 13, 2006) (granting motion in limine to exclude evidence and argument regarding product not at issue in litigation as likely to "consume a significant amount of time at trial and would undoubtedly further confuse the jurors"). Any marginal relevance that mention of Incognito may have to broader issues of "privacy at Google" is substantially outweighed by the risk of unfair prejudice to Google (by, for example, suggesting that any statements about Incognito mode apply to GA for Firebase, a different product line). Inviting speculation about a product that is not at issue would additionally run the risk of implying a broader pattern of misconduct where none exists, and where none is alleged, thus creating an improper inference in the jury's mind. Excluding evidence of this type is precisely the purpose of Rule 403. *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000) (Rule 403's "major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.").

### III.  CONCLUSION

For the foregoing reasons, the Court should exclude any evidence or argument regarding Incognito Mode.

Dated: June 24, 2025                              COOLEY LLP

By: */s/ Eduardo E. Santacana*
   Benedict Y. Hur
   Simona Agnolucci
   Eduardo Santacana
   Argemira Flórez
   Harris Mateen
   Isabella McKinley Corbo

*Attorneys for Defendant*
*Google LLC*

COOLEY LLP
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California  94111-4004
Telephone:    +1 415 693 2000
Facsimile:     +1 415 693 2222

Attorneys for Defendant
Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT GOOGLE LLC'S MOTION IN LIMINE NO. 7 TO EXCLUDE EVIDENCE AND ARGUMENTS RELATING TO INCOGNITO MODE**<br><br>Date:       July 30, 2025<br>Time:      09:30 A.M.<br>Court:     Courtroom 3, 17th Floor, SF<br>Judge:    Hon. Richard Seeborg<br><br>Date Action Filed: July 14, 2025<br>Trial Date: August 18, 2025 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER GRANTING DEF. MIL
NO. 7 TO EXCLUDE EVIDENCE AND
ARGUMENTS RELATING TO INCOGNITO
MODE
3:20-CV-04688-RS

**[PROPOSED] ORDER**

Before the Court is Defendant Google LLC's ("Google") Motion in Limine No. 7 to exclude Plaintiffs' introduction of evidence and arguments relating to Incognito mode.

Having considered the Notice of Motion and Motion in Limine, the incorporated Memorandum of Points and Authorities, the Omnibus Declaration of Eduardo E. Santacana in Support of Google LLC's Motions in Limine Nos. 1-12 filed concurrently therewith, and the exhibits attached thereto, along with other materials in the record, argument of counsel, and such other matters as the Court may consider, the Court GRANTS Google's Motion.

Accordingly, IT IS HEREBY ORDERED THAT:

Testimony and arguments relating to Incognito mode will be excluded from trial in the above-captioned matter.

**IT IS SO ORDERED.**

DATED: _____  _____
Honorable Richard Seeborg
United States District Judge

320606980

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

[PROPOSED] ORDER GRANTING DEF. MIL
NO. 7 TO EXCLUDE EVIDENCE AND
ARGUMENTS RELATING TO INCOGNITO
MODE
3:20-CV-04688-RS