COOLEY LLP
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:  +1 415 693 2000
Facsimile:  +1 415 693 2222

Attorneys for Defendant
Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**DEFENDANT GOOGLE LLC'S MOTION IN LIMINE NO. 8 TO EXCLUDE MEET AND CONFER COMMUNICATIONS**<br><br>Date:      July 30, 2025<br>Time:     09:30 A.M.<br>Court:    Courtroom 3, 17th Floor, SF<br>Judge:   Hon. Richard Seeborg<br><br>Date Action Filed: July 14, 2025<br>Trial Date: August 18, 2025 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF. MIL NO. 8 TO EXCLUDE MEET AND
CONFER COMMUNICATIONS
3:20-CV-04688-RS

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on July 30, 2025, at 09:30 A.M., before the Honorable Richard Seeborg of the United States District Court for the Northern District of California in Courtroom 3 of the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Google LLC ("Google") will move the Court to exclude testimony and argument relating to discovery meet-and-confer communications sent by Google's counsel to Plaintiffs' counsel.

This Motion is based on this Notice of Motion, accompanying Memorandum of Points and Authorities, Omnibus Declaration of Eduardo E. Santacana in Support of Google LLC's Motions in Limine Nos. 1-12, and exhibits attached thereto, and all other evidence in the record.

## ISSUE PRESENTED

Whether discovery meet-and-confer communications between the parties' counsel should be excluded pursuant to Rules 402 and/or 403 of the Federal Rules of Evidence.

Dated: June 24, 2025

COOLEY LLP

By: */s/ Eduardo E. Santacana*
Benedict Y. Hur
Simona Agnolucci
Eduardo Santacana
Argemira Flórez
Harris Mateen
Isabella McKinley Corbo

Attorneys for Defendant
Google LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Google moves to exclude discovery meet-and-confer communications between the parties' counsel. Attorney communications exchanged during the discovery meet-and-confer process are not evidence, and courts regularly preclude parties from presenting such communications to the jury. The lawyers who wrote the communications are not witnesses to anything but the discovery process, and discovery communications are irrelevant to any of the actual facts at issue. And given that there is no legitimate reason to show these utterly irrelevant discovery letters and email to the jury, their only possible use is to confuse and mislead the jury. Google therefore respectfully requests that this Court exclude Plaintiffs from presenting proposed exhibits 432 to 434 as evidence at trial.

## II. ARGUMENT

Plaintiffs' Exhibit List contains three communications sent by Google's counsel to Plaintiffs' counsel as part of the discovery meet-and-confer process. Omnibus Declaration of Eduardo E. Santacana in Support of Google LLC's Motions in Limine Nos. 1-12 ("Santacana Decl.") Exs. G–I. These meet-and-confer letters and email describing discovery productions are not relevant to any fact at issue. *See* Fed. R. Evid. 401; *Van v. Language Line Servs., Inc.*, No. 14-cv-03791-LHK, 2016 WL 3566980, at *4 (N.D. Cal. June 30, 2016) (excluding evidence relating to discovery as "irrelevant to Plaintiff's claims at trial") (citing Fed. R. Evid. 401–02); *Mformation Techs., Inc. v. Rsch. in Motion Ltd.*, No. C 08-04990 JW, 2012 WL 2339762, at *2 (N.D. Cal. June 7, 2012) (excluding "all evidence of prior pretrial discovery disputes" as irrelevant); *Barnett v. Gamboa*, No. 1:05-cv-01022-BAM PC, 2013 WL 174077, at *2 (E.D. Cal. Jan. 16, 2013) (precluding discussion of "discovery issues," which are not "properly before the Court" at trial); *Kinsel v. BMW of N. Am. LLC*, No. CV-20-08296-PCT-DJH, 2023 WL 11899597, at *7 (D. Ariz. June 21, 2023) (evidence of discovery disputes "is irrelevant and do[es] not bear on the merits of Plaintiff's claims.").

The exhibits show that during the meet-and-confer process, Google's attorneys responded to some questions Plaintiffs had about certain documents Google produced. That has no bearing on

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEF. MIL NO 8 TO EXCLUDE MEET AND
CONFER COMMUNICATIONS
3:20-CV-04688-RS

any fact at issue. Introducing these communications, which include arguments raised by Google's counsel, would draw the jury into discovery disputes, which have no business being discussed at trial. *See* Santacana Decl. Ex. G (presenting an argument regarding the relevance of certain document requests, responding to counsel's questions about certain documents, and describing documents that Google will produce), H (objecting to Plaintiffs' additional discovery requests more than two years after the close of discovery and stating that Google will move to strike untimely new opinions, which the Court ultimately granted), I (writing "to address several unfounded accusations [Plaintiffs' counsel] made against Google, and to answer questions … pertaining to documents Google produced."). These communications—two of which are labelled "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"—contain an attorney's informal hearsay description of certain documents Google produced.

Even if Plaintiffs could establish the relevance of these discovery disputes, the Court should exclude these communications because any marginal relevance will be substantially outweighed by the clear dangers of misleading and confusing the jury. Fed. R. Evid. 403; *Van*, 2016 WL 3566980, at *4 ("[E]vidence regarding discovery disputes [and] discovery negotiations . . . must be excluded under Federal Rule of Evidence 403."); *United States v. Gray*, No. 2:07 CR 166, 2010 WL 1258169, at *3 (N.D. Ind. Mar. 26, 2010) ("[R]eferences to discovery in the presence of the jury should be prohibited because they may mislead the jury"); *Thompson v. Glenmede Tr. Co.*, No. Civ. A. 92-5233, 1996 WL 529693, at *1–2 (E.D. Pa. Sept. 17, 1996) (granting motion in limine to preclude any "evidence pertaining to the discovery process" because "[r]ather than focus on the issues in the case, the jury may instead be misled by the irrelevant side issues of the discovery process."). Moreover, if Plaintiffs are permitted to introduce these communications as evidence, Google will have to present additional documents from the discovery process in which the parties' counsel negotiate and discuss the scope of discovery in order to place the documents in their proper context. Such a trial within a trial would waste the Court and jury's time and confuse the issues to be decided at trial. A "trial is not the appropriate forum in which to air [discovery dispute] grievances." *Wyatt Tech. Corp. v. Malvern Instruments, Inc.*, No. CV 07-8298 ABC (MANx), 2010 WL 11505684, at *16 (C.D. Cal. Jan. 25, 2010); *Thompson*, 1996 WL 529693, at *2 (court "will not permit either

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEF. MIL NO 8 TO EXCLUDE MEET AND
CONFER COMMUNICATIONS
3:20-CV-04688-RS

party to refer to the discovery process in the presence of the jury at trial" because "the jury may . . . be misled by the irrelevant side issues of the discovery process").

### III. CONCLUSION

For the foregoing reasons, the Court should exclude meet and confer communications sent by Google's counsel.

Dated: June 24, 2025                                              COOLEY LLP


By: */s/ Eduardo E. Santacana*
Benedict Y. Hur
Simona Agnolucci
Eduardo Santacana
Argemira Flórez
Harris Mateen
Isabella McKinley Corbo

Attorneys for Defendant
Google LLC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEF. MIL NO 8 TO EXCLUDE MEET AND
CONFER COMMUNICATIONS
3:20-CV-04688-RS

COOLEY LLP
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California  94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

Attorneys for Defendant
Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT GOOGLE LLC'S MOTION IN LIMINE NO. 8 TO EXCLUDE MEET AND CONFER COMMUNICATIONS**<br><br>Date:     July 30, 2025<br>Time:    09:30 A.M.<br>Court:   Courtroom 3, 17th Floor, SF<br>Judge:   Hon. Richard Seeborg<br><br>Date Action Filed: July 14, 2025<br>Trial Date: August 18, 2025 |

ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER GRANTING DEF. MIL NO. 8 TO EXCLUDE MEET AND CONFER COMMUNICATIONS; 3:20-CV-04688-RS

**[PROPOSED] ORDER**

Before the Court is Defendant Google LLC's ("Google") Motion in Limine No. 8 to exclude the Parties' meet-and-confer letters.

Having considered the Notice of Motion and Motion in Limine, the incorporated Memorandum of Points and Authorities, the Omnibus Declaration of Eduardo E. Santacana filed concurrently therewith, and the exhibits attached thereto, along with other materials in the record, argument of counsel, and such other matters as the Court may consider, the Court GRANTS Google's Motion.

Accordingly, IT IS HEREBY ORDERED THAT:

The Parties' discovery meet-and-confer letters will be excluded from trial in the above-captioned matter.

**IT IS SO ORDERED.**

DATED: _____    _____
                                Honorable Richard Seeborg
                                United States District Judge

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

[PROPOSED] ORDER GRANTING DEF. MIL
NO. 8 TO EXCLUDE MEET AND CONFER
COMMUNICATIONS; 3:20-CV-04688-RS