COOLEY LLP
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:   +1 415 693 2000
Facsimile:   +1 415 693 2222

Attorneys for Defendant
Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**DEFENDANT GOOGLE LLC'S MOTION IN LIMINE NO. 9 TO EXCLUDE EVIDENCE AND ARGUMENTS RELATING TO PLAINTIFFS' EMOTIONAL DISTRESS**<br><br>Date:   July 30, 2025<br>Time:   09:30 A.M.<br>Court:  Courtroom 3, 17th Floor, SF<br>Judge:  Hon. Richard Seeborg<br><br>Date Action Filed: July 14, 2025<br>Trial Date: August 18, 2025 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF. MIL NO. 9 TO EXCLUDE EVIDENCE AND
ARGUMENTS RELATING TO PLAINTIFFS'
EMOTIONAL DISTRESS
3:20-CV-04688-RS

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on July 30, 2025, at 09:30 A.M., before the Honorable Richard Seeborg of the United States District Court for the Northern District of California in Courtroom 3 of the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Google LLC ("Google") will move the Court to exclude testimony and argument relating to Plaintiffs' alleged emotional distress damages.

This Motion is based on this Notice of Motion, accompanying Memorandum of Points and Authorities, the Omnibus Declaration of Eduardo E. Santacana in Support of Google LLC's Motions in Limine Nos. 1-12 ("Santacana Decl.") filed concurrently therewith, and exhibits attached thereto, and all other evidence in the record.

## ISSUE PRESENTED

Whether any evidence and argument regarding Plaintiffs' alleged emotional distress harm should be excluded pursuant to Rule 403 of the Federal Rules of Evidence.

Dated: June 24, 2025               COOLEY LLP

                                   By: */s/ Eduardo E. Santacana*
                                        Benedict Y. Hur
                                        Simona Agnolucci
                                        Eduardo Santacana
                                        Argemira Flórez
                                        Harris Mateen
                                        Isabella McKinley Corbo

                                   Attorneys for Defendant
                                   Google LLC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEF. MIL NO. 9 TO EXCLUDE EVIDENCE AND ARGUMENTS RELATING TO PLAINTIFFS' EMOTIONAL DISTRESS
3:20-CV-04688-RS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant Google LLC respectfully moves in limine to preclude Plaintiffs from introducing any evidence and argument regarding Plaintiffs' alleged emotional distress damages for three reasons. **First**, Plaintiffs previously confirmed that they are not pursuing a class-wide emotional distress damages model. Since then, no party has proffered a class-wide damages expert or any other evidence to quantify emotional distress harm for the class, and the deadline for doing so has passed. To introduce any such evidence at this stage of the case—711 days since the close of expert discovery and 55 days from trial—would be prejudicial to Google and would confuse the issues and mislead the jury once trial begins. Fed. R. Evid. 403. **Second**, this Court did not certify any model that measures class-wide emotional distress harm. Allowing individualized testimony or argument concerning emotional distress at the class trial would risk jury confusion and undue prejudice by inviting the jury to render a verdict based on individualized issues. Such testimony should be excluded per Federal Rule of Evidence 403. **Third**, hearing testimony and argument on the issue of emotional distress would waste time. *Id.* One of the primary purposes of class certification is to achieve judicial economy by focusing the factfinder on common issues, and Plaintiffs' presentation of individualized evidence of emotional harm would directly undermine that goal and may lead to decertification, which would delay adjudication of the merits of this case even further.

### II. ARGUMENT

**Plaintiffs chose not to proffer a class-wide emotional distress model and their deadline to do so has passed.** In an effort to secure class certification of a damages class by the Court's 2023 deadline, Plaintiffs submitted damages models to calculate disgorgement and economic damages. To date, Plaintiffs have submitted three damages expert reports in this matter. None offer a methodology or model for pursuing class-wide emotional distress damages. *See, e.g.,* ECF No. 364-23 (Expert Report of Michael J. Lasinski). In fact, in their Reply in Support of their Motion to Certify a Class, Plaintiffs renounced the need for a methodology to calculate emotional distress

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEF. MIL NO. 9 TO EXCLUDE EVIDENCE AND
ARGUMENTS RELATING TO PLAINTIFFS'
EMOTIONAL DISTRESS
3:20-CV-04688-RS

damages in this case, stating: "Google faults Plaintiffs for . . . failing to offer a *fifth* method of calculating monetary relief, based on emotional distress. The law does not require plaintiffs to offer methodologies for every theoretical measure of relief." ECF No. 333 (Plaintiffs' Class Cert. Reply) at 9–10 (citation omitted). However, a party's liability theory must match their damages model in order to establish that damages are capable of measurement on a class-wide basis. *See* ECF No. 352 (Class Cert. Order) at 13 (citing *Comcast Corp. v. Behrend*, 569 U.S. 27, 34, 35 (2013) for the proposition that "A showing of predominance may fail if 'questions of individual damage calculations will inevitably overwhelm questions common to the class.' Damage calculations need not be exact, but 'at the class-certification stage (as at trial), any model supporting a 'plaintiff's damages case must be consistent with its liability case.'" (citation omitted)); *see also Philips v. Ford Motor Co.*, No. 14-CV-02989-LHK, 2016 WL 7428810, at *23 (N.D. Cal. Dec. 22, 2016) (denying motion to certify a class where the court would be forced to conduct individual inquiries and finding that "Plaintiffs' damages model is inconsistent with their theory of liability and thus Plaintiffs 'cannot possibly establish that damages are susceptible of measurement across the entire class for purposes of Rule 23(b)(3)'" (citation omitted)), *aff'd*, 726 F. App'x 608 (9th Cir. 2018). Plaintiffs in this case have not proffered any damages model to support their emotional distress damages claims, meaning that evidence and argument regarding Plaintiffs' alleged emotional distress offered at this stage would require the Court to perform individualized inquiries. Any such inquiries would be inappropriate and prejudicial to Google, which would be forced to prepare lines of questioning and argument based on these individualized issues at this late stage and on a limited record, and/or move to decertify the class on the eve of or after a class trial.

Importantly, even with the exclusion of this prejudicial evidence, Plaintiffs would be permitted to present testimony required to meet their burden of proof under the law. Specifically, that they had a "reasonable expectation of privacy" and that Google's conduct was "highly offensive." ECF No. 352 (Class Cert Order) at 8 (providing elements of intrusion upon seclusion and invasion of privacy). In attempts to meet their burden, Plaintiffs may testify as to the circumstances surrounding the alleged intrusion and the context that led them to an expectation of

what Google would do with their data without going into individualized inquiries about their alleged harm or distress. Plaintiffs' testimony need not veer into improper, individualized expressions of alleged harm or distress.

**This Court has not certified any model that measures class-wide emotional distress harm, and doing so now would prejudice Google.** In its Order Denying Google's Motion for Summary Judgment, this Court observed that while emotional distress could potentially support a claim for nominal damages on an individual basis, Plaintiffs had offered no class-wide model for such harm. ECF No. 445 at 17. In fact, during the Summary Judgment hearing, Plaintiffs' counsel conceded that there was no such model and that Plaintiffs could not seek emotional distress damages on a class-wide basis, stating: "I think the emotional distress, other than nominal damages, which I think we would be entitled to get, I don't think we could do that on a class-wide basis." Omnibus Declaration of Eduardo E. Santacana in Support of Google LLC's Motions in Limine Nos. 1-12 ("Santacana Decl."), Ex. M (July 25, 2024 Mot. for Summary Judgment Hr'g Tr.) at 46:1–4. The deadline for discovery in this case has long passed. It is now too late for Plaintiffs to introduce a class-wide model, and to permit them to offer individualized testimony or argument concerning emotional distress at the class trial would confuse the jury, who, as Plaintiffs have pointed out in prior briefing, would likely be receiving jury instructions that ask them to "assume that the evidence at this trial *applies to all class members*." ECF No. 473 (Plaintiffs' Motion to Exclude in Part Google's Experts Hoffman, Black, and Knittel) at 13 (stating that "[t]he jury instructions should include information about class actions, such as CACI 115, which provides: 'You may assume that the evidence at this trial *applies to all class members*.'" (emphasis in original)).

Furthermore, to allow Plaintiffs to introduce evidence which the jurors would have to entertain on an individualized basis would unduly prejudice Google, which has litigated this case as a class action for years and tailored its defense strategy to accommodate this Court's view that Plaintiffs could demonstrate class-wide harm. With trial scheduled to occur in just 55 days, Google has exchanged proposed trial stipulations and evidence with Plaintiffs with plans to defend this

case as a class action. Enlarging the case at this late stage would invoke "precisely the kind of surprise that would unfairly prejudice litigants." *See* ECF No. 281 (Order Denying Plaintiffs' Leave to Amend their Complaint to Add a Third Class) at 7.

Finally, Plaintiffs have not, and could not if they tried, meet their burden under Federal Rule of Civil Procedure 37(c)(1) to show that a belatedly disclosed expert opinion would be "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."). Discovery closed over 700 days ago, the parties are less than two months away from trial, and Plaintiffs have disclaimed on at least two occasions the need for a class-wide damages model for emotional harm. *See* ECF No. 333 (Plaintiffs' Class Cert. Reply) at 16 and Santacana Decl., Ex. M (July 25, 2024 Mot. for Summary Judgment Hr'g Tr.) at 46:1–4. Allowing Plaintiffs to offer testimony and argument regarding Plaintiffs' emotional distress harms, which are inherently individualized, or any belated damages model trying to measure that distress at this stage, would be unjustified and harmful to Google.

**Examining evidence of individual harm in a class trial would waste time.** Finally, introducing individualized evidence regarding Plaintiffs' emotional distress would waste time because it would require Google to focus its questioning and argument on individualized issues rather than the common issues that predominate the class. This would result in numerous mini-trials as Google refutes each individual Plaintiff's allegations of harm. One of the primary purposes of a class action is to "accomplish judicial economy by avoiding multiple suits," and this directly undermines that goal. *See Cole v. CRST, Inc.*, 317 F.R.D. 141, 143 (C.D. Cal. 2016) (decertifying class where no common policy was found and individualized inquiries were required to find liability); *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1200 (9th Cir. 2008) (affirming district court's decertification where it found issues of damages proof would be highly individualized).

### III. CONCLUSION

For the foregoing reasons, the Court should exclude any evidence or argument regarding Plaintiffs' alleged emotional distress harm.

Dated: June 24, 2025

COOLEY LLP

By: /s/ *Eduardo E. Santacana*
Benedict Y. Hur
Simona Agnolucci
Eduardo Santacana
Argemira Flórez
Harris Mateen
Isabella McKinley Corbo

Attorneys for Defendant
Google LLC

COOLEY LLP
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

Attorneys for Defendant
Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT GOOGLE LLC'S MOTION IN LIMINE NO. 9 TO EXCLUDE EVIDENCE AND ARGUMENTS RELATING TO PLAINTIFFS' EMOTIONAL DISTRESS**<br><br>Date: July 30, 2025<br>Time: 09:30 A.M.<br>Court: Courtroom 3, 17th Floor, SF<br>Judge: Hon. Richard Seeborg<br><br>Date Action Filed: July 14, 2025<br>Trial Date: August 18, 2025 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# [PROPOSED] ORDER

Before the Court is Defendant Google LLC's ("Google") Motion in Limine No. 9 to exclude evidence and arguments relating to Plaintiffs' emotional distress damages.

Having considered the Notice of Motion and Motion in Limine, the incorporated Memorandum of Points and Authorities, the Omnibus Declaration of Eduardo E. Santacana in Support of Google LLC's Motions in Limine Nos. 1-12 filed concurrently therewith, and the exhibits attached thereto, along with other materials in the record, argument of counsel, and such other matters as the Court may consider, the Court GRANTS Google's Motion.

Accordingly, IT IS HEREBY ORDERED THAT:

Testimony and argument relating to Plaintiffs' alleged emotional distress damages will be excluded from trial in the above-captioned matter.

**IT IS SO ORDERED.**

DATED: _____          _____
                                  Honorable Richard Seeborg
                                  United States District Judge

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

[PROPOSED] ORDER GRANTING DEF. MIL NO. 9 TO EXCLUDE EVIDENCE AND ARGUMENTS RELATING TO PLAINTIFFS' EMOTIONAL DISTRESS; 3:20-CV-04688-RS