COOLEY LLP
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:  +1 415 693 2000
Facsimile:  +1 415 693 2222

Attorneys for Defendant
Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**DEFENDANT GOOGLE LLC'S MOTION IN LIMINE NO. 10 TO EXCLUDE EVIDENCE AND ARGUMENTS RELATING TO THIRD-PARTY APP COMPLIANCE WITH GOOGLE'S GA4F TERMS OF SERVICE**<br><br>Date:  July 30, 2025<br>Time:  09:30 A.M.<br>Court:  Courtroom 3, 17th Floor, SF<br>Judge:  Hon. Richard Seeborg<br><br>Date Action Filed: July 14, 2025<br>Trial Date: August 18, 2025 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF. MIL NO. 10 TO EXCLUDE EVIDENCE AND ARGUMENTS RELATING TO THIRD-PARTY APP COMPLIANCE WITH GOOGLE'S GA4F TERMS OF SERVICE
3:20-CV-04688-RS

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on July 30, 2025, at 09:30 A.M., before the Honorable Richard Seeborg of the United States District Court for the Northern District of California in Courtroom 3 of the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Google LLC ("Google") will move the Court to exclude testimony and argument relating to individualized inquiries into the compliance or lack thereof of third-party applications with Google's disclosures.

This Motion is based on this Notice of Motion, accompanying Memorandum of Points and Authorities, the Omnibus Declaration of Eduardo E. Santacana in Support of Google LLC's Motions in Limine Nos. 1-12 ("Santacana Decl.") filed concurrently therewith, and exhibits attached thereto, and all other evidence in the record.

## ISSUE PRESENTED

Whether individualized inquiries into the compliance or lack thereof of third-party applications with Google's disclosures should be excluded pursuant to Federal Rule of Evidence 403.

Dated: June 24. 2025

COOLEY LLP

By: */s/ Eduardo E. Santacana*
Benedict Y. Hur
Simona Agnolucci
Eduardo Santacana
Argemira Flórez
Harris Mateen
Isabella McKinley Corbo

Attorneys for Defendant
Google LLC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEF. MIL NO. 10 TO EXCLUDE EVIDENCE AND ARGUMENTS RELATING TO THIRD-PARTY APP COMPLIANCE WITH GOOGLE'S GA4F TERMS OF SERVICE
3:20-CV-04688-RS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Google LLC respectfully moves in limine to preclude Plaintiffs from introducing any evidence and argument regarding the compliance or lack thereof of third-party applications with Google's disclosures. Introduction of such evidence would waste time, risk jury confusion, and unduly prejudice Google by inviting the jury to consider individualized issues rendered moot after the Court issued its Order Granting Class Certification. This is precisely the type of information that Federal Rule of Evidence 403 was designed to exclude.

On January 3, 2024, this Court held that "'sWAA disclosures and Google's Privacy Policy' are the only relevant materials for analysis, and are 'the same for all class members.'" ECF No. 352 (Class Cert Order) at 15 (quoting Plaintiffs' Class Cert. Reply at 10). The Court was clear that this case is not about the variety in disclosures made by third parties; rather it "concerns *Google's* disclosures about the sWAA button[.]" ECF No. 352 (Class Cert. Order) at 17 (emphasis in original). Plaintiffs should not be permitted to confuse the jury by introducing argument and testimony regarding individualized inquiries into the adequacy of third-party disclosures to users, which are not at issue in this case. For the foregoing reasons, the Court should exclude individualized inquiries into the compliance or lack thereof of third-party applications pursuant to Rule 403.

## II. BACKGROUND

Google requires app developers who use its Google Analytics for Firebase Software Development Kit ("SDK") to disclose that they analyze their users' activities and may use Google to store and process that information. *See, e.g.*, ECF No. 383-2 (MSJ App'x. A-2, Sample of Historic GA4F Terms of Service) at 40. Specifically, apps must disclose and obtain consent from their end users in order to use the SDK. Google communicates this requirement to app developers through its Google Analytics Terms of Service, which throughout the relevant time period (July 1, 2016 through September 23, 2024) has also been referred to as the Google Analytics for Firebase Terms of Service. In their briefing on class certification, Plaintiffs confirmed that they were not

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEF. MIL NO. 10 TO EXCLUDE EVIDENCE AND ARGUMENTS RELATING TO THIRD-PARTY APP COMPLIANCE WITH GOOGLE'S GA4F TERMS OF SERVICE
3:20-CV-04688-RS

pursuing individualized inquiries into the compliance or lack thereof of third-party applications with Google's disclosures. ECF No. 333 (Pltfs' Reply ISO Motion for Class Cert.) at 10. Then, in its Order granting class certification, this Court held that, to the extent they exist, any inquiries concerning Google's disclosure requirements for third-party apps do not overwhelm predominating questions as to Google's privacy disclosures. ECF No. 352 (Class Cert. Order) at 17–18 ("To the extent Google had a policy that required third party apps to disclose *Google's* policies to users, that evidence may be applied across the class. Google is correct that a factfinder may have to analyze an app's specific disclosures to evaluate consent but that individual inquiry, if applicable, does not overwhelm predominating questions as to Google's privacy disclosures."). Yet, in recent meet and confer correspondence, Plaintiffs have indicated that they intend to deviate from their representations and the Court's ruling and refuse to stipulate that there should not be inquiries into whether any third-party application failed to comply with the Google Analytics Terms of Service or any other Google disclosure at trial. Omnibus Declaration of Eduardo E. Santacana in Support of Google LLC's Motions in Limine Nos. 1-12 ¶¶ 3–6. But allowing Plaintiffs to introduce that evidence would be inconsistent with this Court's Class Certification Order and would waste time, risk jury confusion, and unduly prejudice Google.

### III.   ARGUMENT

#### A.   Evidence and argument regarding the compliance of third-party applications would result in individualized inquiries

Plaintiffs listed over 400 unique apps in their Complaint. Each of those apps had its own disclosure of Google Analytics, and there were various ways of wording it. To allow Plaintiffs to proceed with litigating the adequacy of each of these apps' disclosures would waste time and confuse the jury as to which disclosures they need to consider to assess the remaining fact disputes on issues like consent. At issue are Google's disclosures around sWAA and users' expectations about Google's collection of their app activity in light of those disclosures. *See generally* ECF No. 445 (Order Denying MSJ). And while Google may use the existence of third-party app disclosures to establish that the disclosures are another touchpoint for considering the breadth of

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEF. MIL NO. 10 TO EXCLUDE EVIDENCE AND
ARGUMENTS RELATING TO THIRD-PARTY
APP COMPLIANCE WITH GOOGLE'S GA4F
TERMS OF SERVICE
3:20-CV-04688-RS

Google's disclosures, the adequacy of each third-party disclosure itself is beyond the scope of this case. Permitting Plaintiffs to dispute the adequacy of each and every third-party disclosure would become a sideshow and result in several mini-trials as the parties would presumably have to go through several lines of questioning and argument to assess the adequacy of each of those disclosures. This fruitless exercise would detract from discussion of the merits of the case.

To the extent the Parties agree that discussion of third-party apps at trial is permissible, it should be for the limited purpose of argument and testimony that: (1) to use Google Analytics for Firebase, app developers must comply with Google's terms of service—i.e., apps must disclose and obtain consent from their end users in order to use the SDK; and (2) Plaintiffs presumably accepted those terms. While Plaintiffs may argue the opposite, they should not be allowed to dispute the adequacy of those disclosures because doing so is not required to resolve the outstanding fact disputes in this case.

**B.  Admissions of evidence and argument regarding the compliance or lack thereof of third-party applications would result in individualized inquiries that would unduly prejudice Google**

No party has proffered a class-wide expert or other evidence to demonstrate compliance or lack thereof with any disclosures that may have been provided by third-party applications to class members concerning Google's Terms of Service or any other Google disclosure, and the deadline for doing so has passed. Plaintiffs have not, and could not if they tried, meet their burden under Federal Rule of Civil Procedure 37(c)(1) to show that a belatedly disclosed expert opinion would be "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."). The close of expert discovery was July 14, 2023, 711 days ago; the parties are less than two months away from trial, and enlarging the case at this late stage would invoke "precisely the kind of surprise that would unfairly prejudice litigants." *See* ECF No. 281 (Order Denying Plaintiffs' Leave to Amend their Complaint to Add a Third Class) at 7. To permit this evidence now would unduly prejudice Google who has litigated this case as a

Cooley LLP
Attorneys at Law
San Francisco

5

Def. MIL No. 10 to Exclude Evidence and Arguments Relating to Third-Party App Compliance with Google's GA4F Terms of Service
3:20-CV-04688-RS

class action for 538 days and tailored its defense strategy to defend against fact disputes over its own disclosures to users.

Furthermore, to allow such evidence would risk confusing the jury who, if asked to evaluate the adequacy of each of the third-party app disclosures Plaintiffs used throughout the relevant time period would be required to consider individualized issues. Specifically, whether some class members saw third-party app disclosures that did not adequately comply with Google's requirements that they disclose their use of Google Analytics for Firebase, while others saw compliant disclosures. This would confuse the jury, who, as Plaintiffs have pointed out in prior briefing, would likely be receiving jury instructions that ask them to "assume that the evidence at this trial *applies to all class members*." ECF No. 473 (Plaintiffs' Motion to Exclude in Part Google's Experts Hoffman, Black, and Knittel) at 13 (stating that "The jury instructions should include information about class actions, such as CACI 115, which provides: 'You may assume that the evidence at this trial *applies to all class members*.'"). Furthermore, introduction of this evidence might lead to class decertification which would further delay resolution of the issues on the merits. *See, e.g.*, Order re Mot. for Class Cert. at 32, *Brown et al. v. Google LLC*, No. 4:20-cv-03664-YGR (N.D. Cal. Dec. 12, 2022), ECF No. 803 (denying class certification of 23(b)(3) class where individualized assessment into class members' experience would undoubtedly drive the litigation).

## IV.    CONCLUSION

For the foregoing reasons, Google respectfully requests that at the upcoming class trial, no party shall be permitted to introduce, or elicit through witness testimony, any evidence, documents, or argument for the purpose of showing that any third party application failed to comply with Google's Terms of Service or any other Google disclosure.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEF. MIL NO. 10 TO EXCLUDE EVIDENCE AND
ARGUMENTS RELATING TO THIRD-PARTY
APP COMPLIANCE WITH GOOGLE'S GA4F
TERMS OF SERVICE
3:20-CV-04688-RS

Dated: June 24, 2025

COOLEY LLP

By: */s/ Eduardo E. Santacana*
Benedict Y. Hur
Simona Agnolucci
Eduardo Santacana
Argemira Flórez
Harris Mateen
Isabella McKinley Corbo

Attorneys for Defendant
Google LLC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEF. MIL NO. 10 TO EXCLUDE EVIDENCE AND
ARGUMENTS RELATING TO THIRD-PARTY
APP COMPLIANCE WITH GOOGLE'S GA4F
TERMS OF SERVICE
3:20-CV-04688-RS

COOLEY LLP
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California  94111-4004
Telephone:  +1 415 693 2000
Facsimile:  +1 415 693 2222

Attorneys for Defendant
Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT GOOGLE LLC'S MOTION IN LIMINE NO. 10 TO EXCLUDE EVIDENCE AND ARGUMENTS RELATING TO THIRD-PARTY APP COMPLIANCE WITH GOOGLE'S GA4F TERMS OF SERVICE**<br><br>Date:     July 30, 2025<br>Time:    09:30 A.M.<br>Court:   Courtroom 3, 17th Floor, SF<br>Judge:  Hon. Richard Seeborg<br><br>Date Action Filed: July 14, 2025<br>Trial Date: August 18, 2025 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER GRANTING DEF. MIL NO. 10
TO EXCLUDE EVIDENCE AND ARGUMENTS
RELATING TO THIRD-PARTY APP COMPLIANCE
WITH GOOGLE'S GA4F TERMS OF SERVICE
3:20-CV-04688-RS

**[PROPOSED] ORDER**

Before the Court is Defendant Google LLC's ("Google") Motion in Limine No. 10 to exclude testimony and argument relating to individualized inquiries into the compliance or lack thereof of third-party applications with Google's disclosures.

Having considered the Notice of Motion and Motion in Limine, the incorporated Memorandum of Points and Authorities, the Omnibus Declaration of Eduardo E. Santacana filed concurrently therewith, and the exhibits attached thereto, along with other materials in the record, argument of counsel, and such other matters as the Court may consider, the Court GRANTS Google's Motion.

Accordingly, IT IS HEREBY ORDERED THAT:

Testimony and argument relating to individualized inquiries into the compliance or lack thereof of third-party applications with Google's disclosures will be excluded from trial in the above-captioned matter.

**IT IS SO ORDERED.**

DATED: _____          _____
                                                                  Honorable Richard Seeborg
                                                                  United States District Judge

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

[PROPOSED] ORDER GRANTING DEF. MIL NO. 10 TO EXCLUDE EVIDENCE AND ARGUMENTS RELATING TO THIRD-PARTY APP COMPLIANCE WITH GOOGLE'S GA4F TERMS OF SERVICE
3:20-CV-04688-RS