COOLEY LLP
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

Attorneys for Defendant
Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**DEFENDANT GOOGLE LLC'S MOTION IN LIMINE NO. 11 TO EXCLUDE EVIDENCE AND ARGUMENTS RELATING TO SENSITIVE APPS AND DATA**<br><br>Date: July 30, 2025<br>Time: 09:30 A.M.<br>Court: Courtroom 3, 17th Floor, SF<br>Judge: Hon. Richard Seeborg<br><br>Date Action Filed: July 14, 2025<br>Trial Date: August 18, 2025 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF. MIL NO. 11 TO EXCLUDE EVIDENCE
AND ARGUMENTS RELATING TO SENSITIVE
APPS AND DATA
3:20-CV-04688-RS

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on July 30, 2025, at 09:30 A.M., before the Honorable Richard Seeborg of the United States District Court for the Northern District of California in Courtroom 3 of the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Google LLC ("Google") will move the Court to exclude testimony and argument relating to third-party apps that are not listed in Plaintiffs' Fourth Amended Complaint ("FAC"), and from referencing sensitive apps that are not representative of the third-party apps used by all class members.

This Motion is based on this Notice of Motion, accompanying Memorandum of Points and Authorities, the Omnibus Declaration of Eduardo E. Santacana in Support of Google LLC's Motions in Limine Nos. 1-12 ("Santacana Decl.") filed concurrently therewith and exhibits attached thereto, and all other evidence in the record.

### ISSUES PRESENTED

1. Whether testimony and argument regarding third-party apps that are not listed in Plaintiffs' FAC should be excluded pursuant to Rules 402 and/or 403 of the Federal Rules of Evidence.

2. Whether Plaintiffs should be prohibited from referencing sensitive apps that are not representative of the third-party apps used by all class members, and the nature of data collected by those apps, pursuant to Rules 402 and/or 403 of the Federal Rules of Evidence and Rule 23(b)(3) of the Federal Rules of Civil Procedure.

Dated: June 24, 2025                                COOLEY LLP

By: */s/ Eduardo E. Santacana*
Benedict Y. Hur
Simona Agnolucci
Eduardo Santacana
Argemira Flórez
Harris Mateen
Isabella McKinley Corbo

*Attorneys for Defendant Google LLC*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The nature of data collected by third-party apps and how class members interacted with those apps is an individualized, fact-specific inquiry. Yet at the class trial, Plaintiffs refuse to agree not to place undue emphasis on any specific third-party app or the nature of data collected by these apps, or to limit their evidence and argument to the apps listed in their Fourth Amended Complaint ("FAC"). Omnibus Declaration of Eduardo E. Santacana in Support of Google LLC's Motions in Limine Nos. 1-12 ("Santacana Decl.") ¶¶ 3, 5–6, 9–10. In light of this refusal, and of Plaintiffs' expert Bruce Schneier's opinion on wholly irrelevant topics such as the state of abortion rights in America, Google anticipates that Plaintiffs may seek to focus on sensitive third-party apps, such as health apps, though there is no evidence that GA for Firebase collected sensitive information. Reference to sensitive data that could theoretically be collected, without any evidence that such data was collected in this case, is irrelevant and presents a significant risk of unfair prejudice to Google. This is doubly prejudicial because the jury cannot rest its verdict on individualized issues, such as the nature of data that only certain apps might have sent.

Google requests that the Court prohibit Plaintiffs from introducing evidence or argument regarding third-party apps that are not listed in Plaintiffs' FAC, and from referencing sensitive apps (such as healthcare, health insurance, and finance apps) that are not representative of the third-party apps used by all class members. Evidence of specific third-party apps that incorporate the Google SDKs at issue in this litigation should be limited to those listed in the FAC and admissible solely as illustrative examples of Plaintiffs' claims and not in such a manner as to become a central feature of Plaintiffs' case.

## II. ARGUMENT

### A. Reference to sensitive apps and data is irrelevant and highly prejudicial based on the class certified.

Testimony and other evidence of sensitive apps and data should be excluded because it is irrelevant to this case. In its Order Certifying Classes, this Court ruled that the pertinent inquiry concerns "whether the members, who shared common conduct, had an objective, reasonable

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEF. MIL NO. 11 TO EXCLUDE EVIDENCE
AND ARGUMENTS RELATING TO SENSITIVE
APPS AND DATA
3:20-CV-04688-RS

expectation of privacy based on Google's representation about the sWAA button," not "the nature of data collected." ECF No. 352 at 10. Testimony on the subject would therefore fail to have "any tendency to make a fact more or less probable." Fed R. Evid. 401.

Furthermore, allowing individualized testimony or argument concerning specific third-party apps or types of data collected by these apps at the class trial would risk jury confusion and undue prejudice by inviting the jury to consider individualized issues and risk a verdict based on apps that many class members did not use and data that Google did not collect from any class members. Fed. R. Evid. 403; *Barnes v. Dist. of Columbia*, 924 F. Supp. 2d 74, 101 (D.D.C. 2013) (excluding unduly inflammatory, distracting, and prejudicial evidence of strip searches because not all class members were strip searched, and because many people outside the class were also strip searched, rendering the relevance of such evidence weak); *see also* ECF No. 473 (Plaintiffs' Motion to Exclude in Part Google's Experts Hoffman, Black, and Knittel) at 13 (stating that "[t]he jury instructions should include information about class actions, such as CACI 115, which provides: 'You may assume that the evidence at this trial *applies to all class members*.'"). Introduction of this evidence risks class decertification by undermining the predominance of common issues required under Fed. R. Civ. P. 23(b)(3). *See, e.g.*, *Marlo v. United Parcel Serv., Inc.*, 639 F.3d 942 (9th Cir. 2011) (affirming decertification of class because plaintiff relied on evidence that was "neither reliable nor representative of the class"); *Brown et al. v. Google LLC*, No. 4:20-cv-03664-YGR, 2022 WL 17961497, at *5 (N.D. Cal. Dec. 12, 2022) (denying class certification of 23(b)(3) class where individualized assessment into class members' experience would undoubtedly drive the litigation).

Plaintiffs chose to strip away various potential avenues of attack in order to get a damages class certified. One of those avenues was to claim that particular apps sent particular data that is particularly sensitive. See ECF No. 333 (Plaintiffs' Reply ISO Motion for Class Cert.) at 6, 7 (representing that whether "the data is [] sensitive" is a "common issue[], subject to class-wide proof" and that "Plaintiffs will use common evidence to prove the data is sensitive."). The Court, taking them at their word, certified the class in part on that condition. ECF No. 352 at 10

Cooley LLP
Attorneys at Law
San Francisco

4

Def. MIL No. 11 to Exclude Evidence
and Arguments Relating to Sensitive
Apps and Data
3:20-CV-04688-RS

("[W]hether the amount or nature of data collected is a fact-specific inquiry does not by itself defeat predominance, because the relevant question is whether the members, who shared common conduct, had an objective, reasonable expectation of privacy based on Google's representation about the sWAA button to all members under these claims. This is a question capable of resolution class-wide."). Plaintiffs should not now be permitted to renege.

Google's request here is reasonable and narrow. Of course Plaintiffs must make reference to *some* apps and give *some* examples to make their case and for the jury to understand the nature of the dispute. What Google seeks is an order preventing Plaintiffs from exploiting that reasonableness by discussing apps they never even used, or placing undue emphasis on certain apps because they wish to inflame the jury. If Plaintiffs spend the whole trial using apps like the New York Times app and the Nike app as examples, so be it. If they make a healthcare app a central feature of their case, they will have deviated from the logic of the Court's certification Order, and from basic fairness.

**B.     Any evidence of sensitive data is speculative and unfairly prejudicial.**

Since the beginning of this case, Plaintiffs have made inflammatory and baseless claims that GA for Firebase collected class members' sensitive data. *See* FAC ¶¶ 13, 227; ECF No. 341-20 at 7 ("Plaintiffs' experts will explain how Google's so-called 'record-keeping' of (s)WAA-off app activity reveals political leanings, sexual orientation, reproductive decisions, spiritual beliefs, medical information, and more."). But after 2 years of discovery, the production of 36,000 documents, and depositions of fourteen current and former Google employees, there is *no evidence* that this is the case. Should Plaintiffs' experts or counsel be permitted to refer to certain types of apps categorically or to sensitive data related to those specific categories of apps, the jury would be invited to speculate that GA for Firebase collected sensitive data without any factual basis to conclude as much, misleading and inflaming the jury, and risking unfair prejudice to Google. *See* Fed. R. Evid. 403; *Mendoza v. Cates*, No. 22-cv-04094-AMO (PR), 2024 WL 5213097, at *7 (N.D. Cal. Dec. 23, 2024) ("It is improper to . . . present . . . inflammatory rhetoric that diverts the jury's attention . . . or invites an irrational, purely subjective response." (internal quotations and citation

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEF. MIL NO. 11 TO EXCLUDE EVIDENCE
AND ARGUMENTS RELATING TO SENSITIVE
APPS AND DATA
3:20-CV-04688-RS

omitted)); *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992) (abuse of discretion to admit evidence "of very slight (if any) probative value . . . if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury"). For example, it is clear from Plaintiffs' expert Bruce Schneier, who discusses such irrelevant topics as the criminalization of abortion in certain states following the overturning of *Roe v. Wade* and Google's practices related to location data from sensitive places including abortion clinics, that reference by Plaintiffs to sensitive apps constitutes an attempt to emotionally manipulate the jury by implying a heightened risk of harm from the data collected. ECF No. 474-4, ¶¶ 6, 15–18. But not only has such harm not occurred, there is no evidence in this case that *any* sensitive data was collected.

While this testimony serves no valid purpose in the case, it would inflame jurors' emotions, distract from the facts before them, and invite speculation about a parade of horribles far removed from the context of this case. This is precisely the type of emotional ploy that could "lure the factfinder into declaring guilt on a ground different from proof specific to the offense" alleged. *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

Any such references would also mislead and confuse the jury that such data collection actually occurred, despite no such evidence. If permitted, a mini-trial would ensue, pitting Plaintiffs' speculation and rhetoric against the lack of evidence of any such collection of data, unnecessarily prolonging trial. *See Palantir Techs. Inc. v. Abramowitz*, 639 F. Supp. 3d 981, 987 (N.D. Cal. 2022) (excluding evidence with "little to no relevance" because it required "extensive explanation" and would "waste time").

### III. CONCLUSION

For the foregoing reasons, Google requests that the Court prohibit Plaintiffs from introducing evidence or argument regarding third-party apps not listed in the FAC, and from referencing sensitive apps that are not representative of the third-party apps used by all class members, or the nature of data collected by those apps.

| | |
|---|---|
| Dated: June 24, 2025 | COOLEY LLP |
| | By: */s/ Eduardo E. Santacana*<br>Benedict Y. Hur<br>Simona Agnolucci<br>Eduardo Santacana<br>Argemira Flórez<br>Harris Mateen<br>Isabella McKinley Corbo<br><br>*Attorneys for Defendant*<br>*Google LLC* |

COOLEY LLP
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:  +1 415 693 2000
Facsimile:  +1 415 693 2222

Attorneys for Defendant
Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT GOOGLE LLC'S MOTION IN LIMINE NO. 11 TO EXCLUDE EVIDENCE AND ARGUMENTS RELATING TO SENSITIVE APPS AND DATA**<br><br>Date:   July 30, 2025<br>Time:   09:30 A.M.<br>Court:  Courtroom 3, 17th Floor, SF<br>Judge:  Hon. Richard Seeborg<br><br>Date Action Filed: July 14, 2025<br>Trial Date: August 18, 2025 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**[PROPOSED] ORDER GRANTING DEF. MIL NO. 11 TO EXCLUDE EVIDENCE AND ARGUMENTS RELATING TO SENSITIVE APPS AND DATA**
**3:20-CV-04688-RS**

**[PROPOSED] ORDER**

Before the Court is Defendant Google LLC's ("Google") Motion in Limine No. 11 to exclude testimony and arguments regarding sensitive apps and data.

Having considered the Notice of Motion and Motion in Limine, the incorporated Memorandum of Points and Authorities, the Omnibus Declaration of Eduardo E. Santacana in Support of Google LLC's Motions in Limine Nos. 1-12 filed concurrently therewith, and the exhibits attached thereto, along with other materials in the record, argument of counsel, and such other matters as the Court may consider, the Court GRANTS Google's Motion.

Accordingly, IT IS HEREBY ORDERED THAT:

At the class trial in the above-captioned matter, no party shall reference sensitive apps that are not representative of the third-party apps used by all class members, or the nature of data collected by these apps. Evidence of specific, non-sensitive third-party apps that incorporate the Google SDKs at issue in this litigation, or of the nature of data collected by these apps, is admissible solely to the extent these apps are listed in the Fourth Amended Complaint and solely as illustrative examples of Plaintiffs' claims. In particular, such evidence and argument may not be used in such a manner as to become a central feature of Plaintiffs' case.

**IT IS SO ORDERED.**

DATED: _____      _____
                                   Honorable Richard Seeborg
                                   United States District Judge

320606989

Cooley LLP
Attorneys at Law
San Francisco

2

[Proposed] Order Granting Def. MIL
No. 11 to Exclude Evidence and
Arguments Relating to Sensitive Apps
and Data
3:20-CV-04688-RS