COOLEY LLP
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

Attorneys for Defendant
Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**OMNIBUS DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF GOOGLE LLC'S MOTIONS IN LIMINE NOS. 1–12**<br><br>Date: July 30, 2025<br>Time: 09:30 A.M.<br>Court: Courtroom 3, 17th Floor, SF<br>Judge: Hon. Richard Seeborg<br><br>Date Action Filed: July 14, 2025<br>Trial Date: August 18, 2025 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OMNIBUS DECL OF E. SANTACANA ISO DEF.
MOTIONS IN LIMINE NOS. 1-12
3:20-CV-04688-RS

I, Eduardo E. Santacana, declare that:

1. I am an attorney licensed to practice law in the State of California and a partner with the law firm of Cooley LLP, located at 3 Embarcadero Center, 20th Floor, San Francisco, California 94111, counsel for Defendant Google LLC ("Google") in the above-captioned action. I have personal knowledge of each fact stated in this declaration, to which I could and would competently testify if called as a witness.

2. I submit this declaration in support of Google's Motions in Limine Nos. 1–12.

3. On May 26, 2025, Google's counsel emailed Plaintiffs' counsel with proposed stipulations. The proposals contemplated that at trial, the Parties would not discuss or reference:

   A. Google's total revenue for the years 2016 through 2024;

   B. Assertions that Plaintiffs suffered emotional harm or distress as a result of Google's alleged behavior;

   C. Assertions that third party apps did not comply with Google's Terms of Service to disclose their use of Google Analytics for Firebase throughout the class period; and

   D. Any particular app, given that differentiation of apps could lead to decertification.

4. Google's counsel also proposed that the Parties bifurcate the trial and offered counter-proposals to stipulation proposals that Plaintiffs' counsel had offered earlier, including one proposal contemplating that: "The Parties agree that at trial there should be no reference to and/or introduction of evidence of Google's alleged past wrongs, including but not limited to allegations made and the outcome of litigation against Google. Including, but not limited to, the following cases:

- *Calhoun v. Google LLC*, Case No.: 20-CV-05146-LHK, United States District Court, N.D. California (2021);
- *Brown v. Google, LLC*, Case No.: 4:20-cv-3664-YGR, United States District Court, N.D. California (2021);

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 2 -

OMNIBUS DECL OF E. SANTACANA ISO DEF.
MOTIONS IN LIMINE NOS. 1-12
3:20-CV-04688-RS

- Other cases alleging wrongdoing from Google relating to Incognito mode (*e.g.*, *Luna, et. al. v. Google LLC*, Case No.: 24CV434093, Superior Court Santa Clara County (2024));
- *State of Arizona, ex rel. Mark Brnovich, Attorney General v. Google, LLC*, Case No.: CV2020-006219, Superior Court of Arizona – Maricopa County (2020);
- *State of Texas v. Google LLC*, Case No.: CV58999, District Court Midland County, Texas (2022);
- *State of Texas v. Google, Victoria County Sup. Ct.*, Case No.: 22-01-88230-D, District Court of Victoria County, Texas (2022); and
- *Australian Competition and Consumer Commission v Google LLC*, (No 2) FCA 1476, Federal Court of Australia (2019).

As a result, the Parties agree that at trial there should be no discussion of Plaintiffs' counsel's work and representation of Plaintiffs in other privacy litigation against Google. This stipulation does not limit a party's ability to cross-examine or impeach an expert witness relating to a prior opinion, even if that prior opinion was rendered in a case involving Google as a party." A true and correct copy of that correspondence is attached hereto as **Exhibit A** at 9–10.

5. On June 3, 2025, Plaintiffs' counsel represented via email that they would not agree to Google's proposal. Google's counsel proposed a meet and confer, and the Parties agreed to meet and confer the following day. A true and correct copy of that correspondence is attached hereto as Exhibit A at 4–7.

6. Counsel for the Parties met and conferred by telephone on June 4, 2025 regarding the proposed stipulations they had exchanged regarding what information should be excluded at trial. *See supra* ¶¶ 3–5, Ex. A at 3–6. The Parties did not come to agreement on the majority of the stipulations discussed during the call and concluded that they would bring the outstanding disputes before the Court. Plaintiffs' counsel represented that they plan to introduce reference to other privacy-related litigation involving privacy at Google as evidence of Google's pattern and practice when it comes to user privacy, and Google's total revenue. During this conversation,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 3 -

OMNIBUS DECL OF E. SANTACANA ISO DEF.
MOTIONS IN LIMINE NOS. 1-12
3:20-CV-04688-RS

1  Plaintiffs' counsel indicated that they would consider a stipulation whereby the Parties would
2  agree not to discuss or reference any particular app.

3      7.    On June 10, 2025, counsel for the Parties met and conferred by telephone.
4  Plaintiffs represented that they intend to subpoena Chris Palmer, a former Google employee, as a
5  potential impeachment or rebuttal witness. Chris Palmer is a software engineer who worked on
6  Google's Chrome browser. Mr. Palmer was neither a document custodian nor deponent in this
7  case.

8      8.    Plaintiffs also represented that they intend to subpoena Kent Walker, Google's
9  Chief Legal Officer and President of Global Affairs, as a potential impeachment or rebuttal
10 witness. Mr. Walker was neither a document custodian nor deponent in this case.

11     9.    On June 12, 2025, Google's counsel emailed a proposed stipulation to Plaintiffs'
12 counsel. The proposal contemplated that "[a]t the class trial, no party shall place undue emphasis
13 on any specific third-party app or the nature of data collected by these apps. Evidence of specific
14 third-party apps that incorporate the Google SDKs at issue in this litigation, or of the nature of
15 data collected by these apps, is admissible solely to the extent these apps are listed in Paragraph 2
16 below and solely as illustrative examples of Plaintiffs' claims. In particular, such evidence and
17 argument may not be used in such a manner as to become a central feature of Plaintiffs' case."
18 Paragraph 2 in turn listed the specific third party apps that could be referenced. A true and correct
19 copy of Google's counsel's email dated June 12, 2025 is attached hereto as Exhibit A at 1–2.

20     10.   The same day, Plaintiffs' counsel represented that Plaintiffs did not agree to
21 Google's proposed stipulation. A true and correct copy of Plaintiffs' counsel's email dated June
22 12, 2025 is attached hereto as Exhibit A at 1.

23     11.   Attached hereto as **Exhibit B** is a true and correct copy of Plaintiffs' proposed
24 exhibit 207, a document produced with the beginning Bates stamp GOOG-RDGZ-00014927.

25     12.   Attached hereto as **Exhibit C** is a true and correct copy of Plaintiffs' proposed
26 exhibit 250, a document produced with the beginning Bates stamp GOOG-RDGZ-00014578.

27     13.   Attached hereto as **Exhibit D** is a true and correct copy of Plaintiffs' proposed
28 exhibit 28.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO
- 4 -
OMNIBUS DECL OF E. SANTACANA ISO DEF.
MOTIONS IN LIMINE NOS. 1-12
3:20-CV-04688-RS

14. Attached hereto as **Exhibit E** is a true and correct copy of Plaintiffs' proposed exhibit 132.

15. Attached hereto as **Exhibit F** is a true and correct copy of Plaintiffs' proposed exhibit 134.

16. Attached hereto as **Exhibit G** is a true and correct copy of Plaintiffs' proposed exhibit 432.

17. Attached hereto as **Exhibit H** is a true and correct copy of Plaintiffs' proposed exhibit 433. The letter is marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

18. Attached hereto as **Exhibit I** is a true and correct copy of Plaintiffs' proposed exhibit 434. The letter is marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

19. Plaintiffs' proposed exhibit 6, a document produced with the beginning Bates stamp GOOG-RDGZ-00188868, was filed by Plaintiffs in connection with their opposition to Google's Motion to exclude Sundar Pichai from testifying at trial as ECF No. 479-34.

20. Plaintiffs' proposed exhibit 152, a document produced with the beginning Bates stamp GOOG-RDGZ-0085183, was filed by Plaintiffs in connection with their opposition to Google's Motion to exclude Sundar Pichai from testifying at trial as ECF No. 479-2.

21. Plaintiffs' proposed exhibit 153, a document produced with the beginning Bates stamp GOOG-RDGZ-0035752, was filed by Plaintiffs in connection with their opposition to Google's Motion to exclude Sundar Pichai from testifying at trial as ECF No. 479-3.

22. Plaintiffs' proposed exhibit 154, a document produced with the beginning Bates stamp GOOG-RDGZ-00164255, was filed by Plaintiffs in connection with their opposition to Google's Motion to exclude Sundar Pichai from testifying at trial as ECF No. 479-4.

23. Plaintiffs' proposed exhibit 195, a document produced with the beginning Bates stamp GOOG-RDGZ-00020740, was filed by Plaintiffs in connection with their opposition to Google's Motion to exclude Sundar Pichai from testifying at trial as ECF No. 479-15.

24. Plaintiffs' proposed exhibit 198, a document produced with the beginning Bates stamp GOOG-RDGZ-00152785, was filed by Plaintiffs in connection with their opposition to Google's Motion to exclude Sundar Pichai from testifying at trial as ECF No. 479-14.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 5 -

OMNIBUS DECL OF E. SANTACANA ISO DEF.
MOTIONS IN LIMINE NOS. 1-12
3:20-CV-04688-RS

25. Plaintiffs' proposed exhibit 199, a document produced with the beginning Bates stamp GOOG-RDGZ-00131086, was filed by Plaintiffs in connection with their opposition to Google's Motion to exclude Sundar Pichai from testifying at trial as ECF No. 479-17.

26. Plaintiffs' proposed exhibit 200, a document produced with the beginning Bates stamp GOOG-RDGZ-00160904, was filed by Plaintiffs in connection with their opposition to Google's Motion to exclude Sundar Pichai from testifying at trial as ECF No. 479-18.

27. Plaintiffs' proposed exhibit 201, a document produced with the beginning Bates stamp GOOG-RDGZ-00145362, was filed by Plaintiffs in connection with their opposition to Google's Motion to exclude Sundar Pichai from testifying at trial as ECF No. 479-19.

28. Plaintiffs' proposed exhibit 202, a document produced with the beginning Bates stamp GOOG-RDGZ-00127151, was filed by Plaintiffs in connection with their opposition to Google's Motion to exclude Sundar Pichai from testifying at trial as ECF No. 479-21.

29. Plaintiffs' proposed exhibit 204, a document produced with the beginning Bates stamp GOOG-RDGZ-00116916, was filed by Plaintiffs in connection with their opposition to Google's Motion to exclude Sundar Pichai from testifying at trial as ECF No. 479-16.

30. Plaintiffs' proposed exhibit 208, a document produced with the beginning Bates stamp GOOG-RDGZ-00038594, was filed by Plaintiffs in connection with their opposition to Google's Motion to exclude Sundar Pichai from testifying at trial as ECF No. 479-22.

31. Plaintiffs' proposed exhibit 210, a document produced with the beginning Bates stamp GOOG-RDGZ-00171250, was filed by Plaintiffs in connection with their opposition to Google's Motion to exclude Sundar Pichai from testifying at trial as ECF No. 479-23.

32. Plaintiffs' proposed exhibit 215, a document produced with the beginning Bates stamp GOOG-RDGZ-00130078, was filed by Plaintiffs in connection with their opposition to Google's Motion to exclude Sundar Pichai from testifying at trial as ECF No. 479-20.

33. Plaintiffs' proposed exhibit 217, a document produced with the beginning Bates stamp GOOG-RDGZ-00087672, was filed by Plaintiffs in connection with their opposition to Google's Motion to exclude Sundar Pichai from testifying at trial as ECF No. 479-27.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 6 -

OMNIBUS DECL OF E. SANTACANA ISO DEF.
MOTIONS IN LIMINE NOS. 1-12
3:20-CV-04688-RS

34. Plaintiffs' proposed exhibit 221, a document produced with the beginning Bates stamp GOOG-RDGZ-00153597, was filed by Plaintiffs in connection with their opposition to Google's Motion to exclude Sundar Pichai from testifying at trial as ECF No. 479-37.

35. Plaintiffs' proposed exhibit 226, a document produced with the beginning Bates stamp GOOG-RDGZ-00203483, was filed by Plaintiffs in connection with their opposition to Google's Motion to exclude Sundar Pichai from testifying at trial as ECF No. 479-35.

36. Plaintiffs' proposed exhibit 233, a document produced with the beginning Bates stamp GOOG-RDGZ-00039515, was filed by Plaintiffs in connection with their opposition to Google's Motion to exclude Sundar Pichai from testifying at trial as ECF No. 479-36.

37. Plaintiffs' proposed exhibit 236, a document produced with the beginning Bates stamp GOOG-RDGZ-00039515, was filed by Plaintiffs in connection with their opposition to Google's Motion to exclude Sundar Pichai from testifying at trial as ECF No. 479-38.

38. Plaintiffs' proposed exhibit 243, a document produced with the beginning Bates stamp GOOG-RDGZ-00177701, was filed by Plaintiffs in connection with their opposition to Google's Motion to exclude Sundar Pichai from testifying at trial as ECF No. 479-28.

39. Plaintiffs' proposed exhibit 244, a document produced with the beginning Bates stamp GOOG-RDGZ-00186761, was filed by Plaintiffs in connection with their opposition to Google's Motion to exclude Sundar Pichai from testifying at trial as ECF No. 479-39.

40. Plaintiffs' proposed exhibit 249, a document produced with the beginning Bates stamp GOOG-RDGZ-00014597, was filed by Plaintiffs in connection with their opposition to Google's Motion to exclude Sundar Pichai from testifying at trial as ECF No. 479-40.

41. Plaintiffs' proposed exhibit 263, a document produced with the beginning Bates stamp GOOG-RDGZ-00127803, was filed by Plaintiffs in connection with their opposition to Google's Motion to exclude Sundar Pichai from testifying at trial as ECF No. 479-32.

42. Plaintiffs' proposed exhibit 269, a document produced with the beginning Bates stamp GOOG-RDGZ-00127840, was filed by Plaintiffs in connection with their opposition to Google's Motion to exclude Sundar Pichai from testifying at trial as ECF No. 479-33.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 7 -

OMNIBUS DECL OF E. SANTACANA ISO DEF.
MOTIONS IN LIMINE NOS. 1-12
3:20-CV-04688-RS

43. Plaintiffs' proposed exhibit 273, a document produced with the beginning Bates stamp GOOG-RDGZ-00046121, was filed by Plaintiffs in connection with their opposition to Google's Motion to exclude Sundar Pichai from testifying at trial as ECF No. 479-30.

44. Plaintiffs' proposed exhibit 277, a document produced with the beginning Bates stamp GOOG-RDGZ-00061531, was filed by Plaintiffs in connection with their opposition to Google's Motion to exclude Sundar Pichai from testifying at trial as ECF No. 479-29.

45. The following docket entries from *Brown v. Google*, 4:20-CV-3664 (N.D. Cal.) are included as proposed exhibits on Plaintiffs' exhibit list:

- PX-354: Sept. 23, 2014 Email from C. Palmer to chrome-security re: I promise this is my last rant about Incognito :) (Dkt. 928-34, Brown v. Google, 4:20-CV-3664 (N.D. Cal.));
- PX-355: Dec. 12, 2014 email from W. Holfelder to Palmer re: Incognito. :( (Dkt. 928-68, Brown v. Google, 4:20-CV-3664 (N.D. Cal.));
- PX-356: Feb. 11, 2015 email from C. Palmer to A. Porter Felt re: Inncognito-fest [sic] 2015 (Dkt. 928-61, Brown v. Google, 4:20-CV-3664 (N.D. Cal.));
- PX-357: Jun. 21, 2016 email from C. Palmer to S. Borsay re: Google "Incognito" Precision (Dkt. 928-51, Brown v. Google, 4:20-CV-3664 (N.D. Cal.));
- PX-358: Jul. 11, 2018 Chat Transcript (Dkt. 928-52, Brown v. Google, 4:20-CV-3664 (N.D. Cal.));
- PX-359: Presentation titled The Incognito Problem (Dkt. 928-83, Brown v. Google, 4:20-CV-3664 (N.D. Cal.));
- PX-360: Sept. 24, 2018 email from C. Palmer to R. Halavati re: The Incognito Problem - Invitation to edit (Dkt. 928-47, Brown v. Google, 4:20-CV-3664 (N.D. Cal.));
- PX-361: Nov. 6, 2018 email from C. Palmer to M. Paddon re: EFF: Google Chrome's Users Take a Back Seat to Its Bottom Line (Dkt. 928-50, Brown v. Google, 4:20-CV-3664 (N.D. Cal.));

- PX-362: Jan. 29, 2021 email from L. Twohill to S. Pichai (Dkt. 928-76, Brown v. Google, 4:20-CV-3664 (N.D. Cal.));

- PX-363: May 19, 2016 email from C. Palmer to A. Porter Felt (Dkt. 928-60, Brown v. Google, 4:20-CV-3664 (N.D. Cal.)).

46. Attached hereto as **Exhibit J** is a true and correct copy of Plaintiffs' proposed exhibit 31, a document produced with the beginning Bates stamp GOOG-RDGZ-00150939.

47. Attached hereto as **Exhibit K** is a true and correct copy of Plaintiffs' proposed exhibit 429, described as Google Form 10-K for the fiscal year ended December 31, 2024.

48. Attached hereto as **Exhibit L** is a true and correct copy of the transcript from the Court's May 15, 2025 hearing on the parties' *Daubert* motions.

49. Attached hereto as **Exhibit M** is a true and correct copy of the transcript from the July 25, 2024 hearing on the Motion for Summary Judgment briefing.

50. Attached hereto as **Exhibit N** is a true and correct copy of Plaintiffs' proposed exhibit 9, a document produced with the beginning Bates stamp GOOG-RDGZ-00043294.R, was previously filed under seal in its entirety. *See* ECF No. 353 at 6.

51. Attached hereto as **Exhibit O** is a true and correct copy of Plaintiffs' proposed exhibit 14, a document produced with the beginning Bates stamp GOOG-RDGZ-00020692, was previously filed partly under seal with the redacted version available as ECF No. 450-9.

52. Attached hereto as **Exhibit P** is a true and correct copy of Plaintiffs' proposed exhibit 186, produced with the beginning Bates stamp GOOG-RDGZ-00018350. This document is marked "CONFIDENTIAL."

53. Attached hereto as **Exhibit Q** is a true and correct copy of Plaintiffs' proposed exhibit 283, produced with the beginning Bates stamp GOOG-RDGZ-00090067. This document is marked "CONFIDENTIAL."

54. Attached hereto as **Exhibit R** is a true and correct copy of excerpts to the Deposition of Arne de Booij, dated February 7, 2023.

55. After multiple extensions stipulated to by the Parties and ordered by the Court, fact discovery in this case closed on October 31, 2022.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 9 -

OMNIBUS DECL OF E. SANTACANA ISO DEF.
MOTIONS IN LIMINE NOS. 1-12
3:20-CV-04688-RS

56. On October 4, 2023, nearly one year after the close of fact discovery, Plaintiffs served their Second Amended Rule 26(a) Initial Disclosures. *See* ECF No. 427-3. This was the first time Plaintiffs identified former Google employee Blake Lemoine as a potential witness in this action.

57. Prior to this disclosure, Google had produced 89 documents during discovery that included a reference to the name "Lemoine." A significant portion of these documents are from email chains where Mr. Lemoine was a recipient (i.e., in the "To" or "CC" fields) rather than the sender. These documents were produced to Plaintiffs on multiple occasions throughout the discovery period, with productions occurring as early as March 23, 2021, and on April 1, 2021, August 30, 2021, April 28, 2022, May 27, 2022, and July 27, 2022. Despite possessing these documents long before the close of discovery, Plaintiffs did not identify Mr. Lemoine as a witness or seek his testimony.

58. On January 9, 2024, Plaintiffs' counsel emailed Google's counsel requesting a production of Mr. Lemoine's documents.

59. During a subsequent meet and confer to discuss that request, I learned for the first time that Plaintiffs' counsel was also representing Mr. Lemoine. This fact had not been revealed when Plaintiffs identified Mr. Lemoine in their October 2023 disclosures. Google subsequently declined and formally objected to Plaintiffs' untimely request to reopen discovery in the Parties' Joint Case Management Statement filed on January 25, 2024. *See* ECF No. 363 at 7.

60. On February 9, 2024, Plaintiffs' counsel served its portion of a draft joint letter brief seeking to compel a deposition of Mr. Lemoine. Plaintiffs did not pursue Google's portion of the letter brief, nor did they raise any issues regarding the brief with the Court. Plaintiffs abandoned the effort and never filed the letter brief.

61. In the October 3, 2024 Joint Case Management Statement, Google again made clear its objection and stated its intent to move to exclude Mr. Lemoine as a trial witness. *See* ECF No. 427 at 5.

62. The deposition of Mr. Lemoine was taken on December 14, 2023, in a separate case, *Brown v. Google*. Google is represented by a different law firm, Quinn Emanuel Urquhart &

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 10 -

OMNIBUS DECL OF E. SANTACANA ISO DEF.
MOTIONS IN LIMINE NOS. 1-12
3:20-CV-04688-RS

Sullivan, LLP, in the *Brown* matter. I was not present for that deposition, nor was any other counsel from this *Rodriguez* case present on behalf of Google. The *Brown* case concerns different legal claims, products, and technologies than those at issue here, specifically relating to unauthenticated, signed-out users browsing in Chrome's Incognito Mode.

63. Neither I nor any other counsel for Google in this *Rodriguez* action were made aware by Plaintiffs' counsel that Mr. Lemoine's deposition was taking place in *Brown* in December 2023. Furthermore, we were not aware that Plaintiffs' counsel, who represents the plaintiffs in both actions, intended to ask Mr. Lemoine questions relevant to the distinct issues in this case. We only received a copy of the transcript of Mr. Lemoine's deposition from counsel for Google in *Brown* after Plaintiffs subsequently sought his discovery in this case.

64. Attached hereto as **Exhibit S** are true and correct copies of excerpts from the transcript of the deposition of Blake Lemoine, taken on December 14, 2023, in *Brown v. Google*.

65. As reflected in Exhibit S, Mr. Lemoine's testimony in *Brown* focused on a "premortem" business strategy document related to Google's Android Search app and signed-out users. His testimony contains no mention of the Google Analytics for Firebase SDK or the supplemental Web & App Activity ("sWAA") setting.

66. During redirect examination in the *Brown* deposition, Plaintiffs' counsel questioned Mr. Lemoine about "WAA-off data," a common term in this case.

67. At the hearing on Google's Motion for Summary Judgment in this case, held on April 10, 2025, Plaintiffs' counsel misrepresented the record, stating to the Court: "We took a deposition of a former Google software engineer, Blake Lemoine, and he testified about how they used WAA-off data for their AI." Attached hereto as **Exhibit T** is a true and correct copy of an excerpt from the transcript of that hearing. (Hr'g Tr. 50:16–18). As noted above, Plaintiffs never took Mr. Lemoine's deposition in this action.

68. On June 6, 2025, Plaintiffs' counsel served a draft witness list on Google. The list identifies former Google engineer Blake Lemoine, describes the format of his proposed testimony as "Depo/May Call," and describes the substance of his proposed testimony as follows:

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 11 -

OMNIBUS DECL OF E. SANTACANA ISO DEF.
MOTIONS IN LIMINE NOS. 1-12
3:20-CV-04688-RS

"Mr. Lemoine is a former Google employee who resides outside the Bay Area who was deposed in the *Brown* matter, and whose deposition testimony in that *Brown* action has been referenced and relied upon in this action, including summary judgment without objection from Google. Plaintiffs may present portions of Mr. Lemoine's deposition testimony at trial, including with respect to his admissions regarding Google's collection and use of data when (s)WAA is turned off."

69. Attached hereto as **Exhibit U** is a true and correct copy of Plaintiffs' proposed exhibit 364, a press release entitled "Attorney General Mark Brnovich Achieves Historic $85 Million Settlement with Google."

70. Attached hereto as **Exhibit V** is a true and correct copy of Plaintiffs' proposed exhibit 365, a press release entitled "Attorney General Ken Paxton Secures Historic $1.375 Billion Settlement with Google Related to Texans' Data Privacy Rights."

71. Plaintiffs' proposed exhibit 133 was filed by Plaintiffs in connection with their opposition to Google's Motion to exclude Sundar Pichai from testifying at trial as ECF No. 479-41.

Dated: June 24, 2025                                  COOLEY LLP

By: */s/ Eduardo E. Santacana*
      Eduardo Santacana

Attorney for Defendant
Google LLC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 12 -

OMNIBUS DECL OF E. SANTACANA ISO DEF.
MOTIONS IN LIMINE NOS. 1-12
3:20-CV-04688-RS