COOLEY LLP
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:   +1 415 693 2000
Facsimile:   +1 415 693 2222

Attorneys for Defendant
Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**GOOGLE LLC'S MOTION TO FILE UNDER SEAL EXHIBITS B, C, H, I, J, P, Q, & R TO THE OMNIBUS DECLARATION OF EDUARDO SANTACANA (CIV. L.R. 79-5)**<br><br>**(CIVIL LOCAL RULE 79-5)**<br><br>Court:   Courtroom 3, 17th Floor, SF<br>Judge:   Hon. Richard Seeborg<br><br>Date Action Filed: July 14, 2025<br>Trial Date: August 18, 2025 |

## I.  INTRODUCTION

Pursuant to Civil Local Rule 79-5, Defendant Google LLC ("Google") respectfully files this administrative motion for an order permitting the limited sealing and redaction of Exhibits B, C, H, I, J, P, Q, and R to the Omnibus Declaration of Eduardo E. Santacana ("Omnibus Decl."), filed in support of Google's Motions in Limine Nos. 1-12. Google also seeks, pursuant to Civil Local Rule 79-5(b), to maintain under seal certain previously sealed information included as exhibits to the Omnibus Declaration.

This narrowly tailored request is necessary to protect three specific categories of confidential information routinely shielded by courts: (1) private employee information and internal project names risks; (2) commercially sensitive business, technical, and financial data; and (3) proprietary internal consumer research. As detailed in the accompanying declaration of Eduardo Santacana, public disclosure of this material would cause competitive injury, create security risks, and infringe on employee privacy.

As these evidentiary motions address the admissibility of evidence at the class trial of this action, its contents are considered to be "more than tangentially related to the merits of [the] case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016). Therefore, the Ninth Circuit's "compelling reasons" standard governs these sealing requests. *Id.* at 1101. This standard requires a showing of specific reasons for sealing that outweigh the public's interest in access. *Id.*; *Kamakana v. Cty. & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

Google's requests are narrowly tailored, seeking redaction wherever feasible and requesting to seal entire documents only where sensitive information is pervasive and inextricably intertwined with non-sensitive content, thus making redaction impracticable. Santacana Decl. ¶¶ 4, 6, 8, 13-15. Of the 22 exhibits Google attached to the Omnibus Declaration, Google seeks full sealing for only 2 exhibits where confidential information is pervasive and seeks partial sealing for only 6 of them requesting only minimal, discrete redactions to previously adjudicated private employee information, to internal project names, and to proprietary research methodologies and insights. Furthermore, while the compelling reasons standard applies to these filings, the specific public interest in accessing certain discrete portions of information is diminished where, as detailed below

and in the Santacana Declaration, the material sought to be sealed concerns products or time periods far removed from the core issues remaining in this litigation. This context further supports the conclusion that Google's compelling interests outweigh the public interest for the specific, limited information identified.

Accordingly, Google respectfully requests that the Court grant its limited sealing requests as detailed herein and in the accompanying [Proposed] Order.

## II.   LEGAL STANDARD

Courts recognize a general right to inspect and copy public records, including judicial records. *Kamakana*, 447 F.3d at 1178 (quoting *Nixon*, 435 U.S. at 597). This right, however, is not absolute. *Id*. To overcome the presumption of access for documents "more than tangentially related to the merits of a case," the party seeking sealing must demonstrate "compelling reasons" supported by specific factual findings that outweigh the public's interest in disclosure. *Ctr. for Auto Safety*, 809 F.3d at 1097-99. Courts generally apply the "compelling reasons" standard to motions related to the admissibility of evidence at trial. *See id.* at 1099; *see also, e.g., Skillz Platform Inc. v. AviaGames Inc.*, 2023 WL 8817418, at *1 (N.D. Cal. Dec. 20, 2023); *VLSI*, 2023 WL 6812546, at *1; *Palantir Technologies Inc. v. Abramowitz*, 2022 WL 2674200, at *2 (N.D.Cal., 2022).

"Compelling reasons" typically exist when sealing is necessary to protect trade secrets or prevent the use of "sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598; see also *Psystar*, 658 F.3d at 1161-62 (protecting confidential business plans and technical information); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008). This includes sensitive financial data, marketing strategies, product development plans, internal analyses, and technical operational details. *See, e.g., Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1228 (Fed. Cir. 2013) (internal market research); *Adtrader, Inc. v. Google LLC*, 2020 WL 6391210, at *1 (N.D. Cal. Mar. 24, 2020) (marketing strategies, product plans); *Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7911651, at *2 (N.D. Cal. Apr. 6, 2016) (technical information). Compelling reasons may also exist to protect against security vulnerabilities or safeguard legitimate privacy interests, such as non-public employee information or confidential personnel records. *See, e.g., In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (security

risks); *E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, 2018 WL 4961606, at *2 (E.D. Cal. Oct. 12, 2018) (employee privacy). Generalized claims of harm or embarrassment are insufficient. *See Kamakana*, 447 F.3d at 1178-79.

The sealing request must also be "narrowly tailored" to seal only the specific information requiring protection. Civ. L.R. 79-5(c)(3); *Press-Enter. Co. v. Superior Court*, 464 U.S. 501, 510 (1984). Parties must use the least restrictive means, such as redaction, whenever possible. Civ. L.R. 79-5(c)(3).

### III.  DISCUSSION

Google's sealing requests are narrowly tailored. Of the 22 documents attached as exhibits to the Omnibus Declaration in Support of the Motions in Limine, Google seeks to seal only a small subset. For Exhibits B, C, and J, Google requests sealing solely for employee email addresses—a type of redaction this Court has previously approved. For Exhibit R, Google seeks to redact only a single code name, which appears just two times in a 14-page excerpt of a deposition transcript. Exhibits P and Q relate to user studies into various Google interface designs. Google has chosen not to seal most of the language describing these studies, including references to WAA. It seeks to seal only a limited number of pages that disclose detailed research methodologies that competitors could misuse. Google only seeks to seal two documents—Exhibits H and I—entirely. These are discovery meet-and-confer letters from Google's counsel to Plaintiffs' counsel, that contain sensitive internal metrics and were labeled "Highly Confidential – Attorneys' Eyes Only."

#### A. Non-Public Employee Usernames (Exs. B, C, J, P, Q)

Google seeks limited redactions to protect the unique username portion of internal email addresses belonging to non-party Google employees. These addresses appear in Exhibits B, C, J, P, and Q to the Omnibus Declaration. The proposed redactions would retain the employee's name and the "@google.com" domain, removing only the personal identifier preceding the "@" (e.g., redacting only the username in *First Name Last Name <[username]@google.com>*). These redactions are justified by compelling privacy interests. Public disclosure of internal, non-public email addresses could expose current and former employees—many of whom are non-parties—to harassment, phishing, spam, or other unwanted contact. Courts have recognized the legitimacy of

such concerns. See *E. & J. Gallo Winery*, 2018 WL 4961606, at *2 (granting redactions to protect employee privacy); *Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 3993147, at *8, 10 (N.D. Cal. June 30, 2015) (permitting sealing of employee names and roles).

Google does not publish its internal email formats or addresses and has a strong interest in keeping this information confidential. *See* Santacana Decl. ¶ 5; ECF No. 497-1 ¶ 24. This Court has previously approved similar, narrowly tailored redactions. *See, e.g.*, ECF No. 284; ECF No. 353. Redacting only the username is the least restrictive means of protecting employee privacy.

### B. Internal Project Name (Ex. R)

Google seeks to seal a single internal project name in Exhibit R, a 14-page excerpt from the deposition of former Google employee Arne De Booij. The name—which Mr. De Booij testified was a "code name" for a specific user design proposal—appears only twice, both on page 100 of the transcript. Google does not seek to seal any other portion of the transcript, including the description of the design proposal itself.

There are compelling reasons to seal this internal code name. It has no bearing on the merits of Google's Motions in Limine or Plaintiffs' claims. Google does not publicly disclose its internal project names, and revealing them poses security risks. *See* Santacana Decl. ¶ 7. If such names became public, individuals could misuse them to target proprietary documents or internal systems.

Courts routinely grant sealing in similar circumstances, recognizing the security and confidentiality concerns associated with internal names. *See, e.g., Apple Inc. v. Samsung Elecs. Co.*, 2012 WL 4120541, at *2 (N.D. Cal. Sept. 18, 2012) (sealing Apple's internal project code names); *Campbell v. Facebook Inc.*, 2016 WL 7888026, at *2 (N.D. Cal. Oct. 4, 2016) (sealing internal database table names); *Bohannon v. Facebook, Inc.*, 2019 WL 188671, at *7 (N.D. Cal. Jan. 14, 2019) (sealing internal task names and URLs); *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing information that could compromise Google's system security if disclosed).

This Court has previously sealed similar internal names at Google's request. *See, e.g.*, Dkts. 184, 186, 208, 283, 284. Sealing the internal name in Exhibit R is consistent with those rulings and protects Google's legitimate confidentiality and security interests.

### C. Commercially Sensitive Proprietary Business and Technical Information (H & I)

Compelling reasons exist to seal "sources of business information that might harm a litigant's competitive standing." *In re Electronic Arts*, 298 F. App'x at 569 (quoting *Nixon*, 435 U.S. at 598); *Psystar*, 658 F.3d at 1162 (preventing competitors from gaining "unfair insight"). Exhibits H and I, which are discovery meet-and-confer letters, are replete with such information. Public disclosure would provide competitors an unearned roadmap into Google's proprietary data analytics, internal financial systems, and product performance, undermining Google's competitive position and potentially creating security vulnerabilities. Because this sensitive information is pervasive and inextricably intertwined with the surrounding legal correspondence, redaction is not feasible, and sealing the entire exhibits is necessary. Santacana Decl ¶ 9.

Exhibit H is a discovery meet-and-confer letter sent by Google's counsel to Plaintiffs' counsel containing internal metrics on account data on sWAA/WAA settings. *Id.* ¶ 10. That discussion contains information designated "Highly Confidential – Attorneys' Eyes Only" by Google under the stipulated Protective Order. *Id.* ¶ 9. To explain these metrics, the letter reveals both competitively sensitive business data and non-public technical details. On the business side, it discloses confidential, up-to-date figures on the percentage of app campaign ad revenue attributable to specific conversion sources, an internal indicator similar to those courts have recognized as sealable. *See, e.g., Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1228 (Fed. Cir. 2013) (protecting internal performance metrics). On the technical side, the letter explains how internal data retention policies affect historical data availability and identifies the specific internal database from which data was pulled, revealing the capabilities and limitations of Google's proprietary systems. *See Adtrader, Inc. v. Google LLC*, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020) (sealing information revealing capabilities of Google's systems). Publicly revealing these details about Google's internal data infrastructure and query logic would provide a roadmap for bad actors,

creating the exact security risks courts seek to prevent. *See In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing information that could compromise system security).

Exhibit I is a discovery meet-and-confer letter sent by Google's counsel to Plaintiffs' counsel related to internal revenue calculations. That communication contains confidential internal metrics and provides details about concrete financial data related to ad revenues, information sensitive to both Google and its customers. The information was designated "Highly Confidential – Attorneys' Eyes Only" by Google under the stipulated Protective Order. Santacana Decl. ¶ 9. The letter explains the precise differences between internal financial metrics like "served" and "billed" revenue, lists the specific cost categories (*e.g.*, spam incentives, credits, taxes) that are deducted, and clarifies how revenue is attributed based on "User Country" versus "Advertiser Billing Country." Santacana Decl. ¶ 11. Public disclosure would provide competitors an unearned playbook into Google's financial operations and product-level cost structures, allowing them to reverse-engineer Google's profitability and business strategies—a classic form of competitive harm that warrants sealing. *See Apple*, 727 F.3d at 1228; *Algarin v. Maybelline, LLC*, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014) (sealing sales data and product plans to prevent competitors from replicating practices without investment).

### D.  Competitively Sensitive Internal Consumer Studies (P & Q)

Courts routinely find compelling reasons to seal internal market research and forward-looking product strategy, as public disclosure would give competitors an unfair windfall by revealing a company's confidential plans and weaknesses. *See Adtrader, Inc. v. Google LLC*, 2020 WL 6391210, at *1 (N.D. Cal. Mar. 24, 2020). Public disclosure of such materials allows rivals to reap the benefits of a company's research and development investment without bearing the cost, letting them replicate successes, avoid pitfalls that the company discovered through its own trial and error, and anticipate future business strategy. *Algarin*, 2014 WL 690410, at *3.

Google seeks narrowly tailored redactions to Exhibits P & Q to protect sensitive information regarding internal market research and consumer studies and does not seek to seal these documents in their entirety. Google has left unredacted high-level summaries, the ultimate insights gleaned

from the studies, and discussions relevant to WAA. The redactions are targeted only at the underlying proprietary research methodologies and granular insights that are not public and the disclosure of which would cause direct competitive harm. Santacana Decl. ¶¶ 12-15.

Exhibit P (GOOG-RDGZ-00018350) is an internal presentation detailing Google user research studies designed to test user reactions to various interface designs. Google seeks to redact only the specific, detailed overviews of the study's design, Google's research roadmap, and granular data into individual user reactions. Public disclosure of these materials would provide competitors with a playbook to replicate Google's research, gaining invaluable, unearned insights into user behavior that Google spent significant time and resources to develop. It would effectively allow competitors to piggyback on Google's R&D to refine their own competing products. Santacana Decl. ¶ 14.

Exhibit Q (GOOG-RDGZ-000900067) outlines the strategy, approach, and forward-looking roadmap for an internal research project. The proposed redactions are strictly limited to portions that reveal specific, non-public research findings and, crucially, Google's internal analysis and strategic plans for future product development based on that research. Disclosing this would not only reveal the results of Google's proprietary research but also its confidential product roadmap, allowing competitors to anticipate and counteract Google's strategic moves, thereby undermining Google's competitive position in the market. Santacana Decl. ¶ 15.

The public interest in these granular research mechanics and forward-looking strategic details is minimal, especially when weighed against the significant and specific competitive harm Google would suffer from their disclosure. The requested redactions are therefore justified by compelling reasons and narrowly tailored to protect Google's legitimate business interests.

**IV.   CONCLUSION**

For the reasons set forth above and in the accompanying Santacana Declaration, Google respectfully requests that the Court grant its narrowly tailored requests and seal the limited information identified herein and in the accompanying [Proposed] Order.

1  Dated: June 24, 2025                                COOLEY LLP

3                                                      By: */s/ Eduardo E. Santacana*
4                                                          Benedict Y. Hur
                                                           Simona Agnolucci
5                                                          Eduardo Santacana
                                                           Argemira Flórez
6                                                          Harris Mateen
                                                           Isabella McKinley Corbo

                                                        *Attorneys for Defendant*
                                                        *Google LLC*