COOLEY LLP
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California  94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

Attorneys for Defendant
Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF GOOGLE LLC'S MOTION TO SEAL EXHIBITS B, C, H , I, J, P, Q, & R TO THE OMNIBUS DECLARATION OF EDUARDO SANTACANA (CIV. L.R. 79-5)**<br><br>Date:          July 30, 2025<br>Time:         09:30 A.M.<br>Courtroom: 3, 17th Floor<br>Judge:       Hon. Richard Seeborg<br><br>Date Action Filed: July 14, 2020<br>Trial Date: August 18, 2025 |

I, EDUARDO E. SANTACANA, declare:

1. I am a licensed attorney in California and a partner at Cooley LLP, located at 3 Embarcadero Center, San Francisco, California 94111. I am counsel of record for Defendant Google LLC ("Google") in this action. Unless otherwise stated, the facts I set forth in this declaration are based on my personal knowledge or knowledge I obtained through my review of corporate records or other investigation. If called to testify as a witness, I could and would testify competently to such facts under oath..

2. I submit this declaration in support of Google's Motion to Seal Exhibits B, C, H, I, J, P, Q, & R to the Omnibus Declaration of Eduardo Santacana, filed concurrently. I have reviewed unredacted versions of these exhibits and the Civil Local Rules that govern sealing requests. I submit this declaration under Civil Local Rule 79-5(e). Following guidance on the Northern District of California's website, this declaration contains no confidential information and does not need to be filed under seal. *See* http://www.cand.uscourts.gov/ecf/underseal..

3. As counsel of record for Google in several matters pending in the Northern District of California, I have become familiar with the types of business, technical, and financial information that Google considers confidential and proprietary. Through my work on this case, including preparing prior motions to seal, I am aware as to why this information is competitively sensitive. The categories of information Google seeks to seal here are similar to those the Court has previously found sealable in this action.

4. Google's sealing requests are narrowly tailored to protect specific categories of confidential information from public disclosure, which would cause competitive or other harm. For each document, Google has sought the least restrictive means of protection, redacting specific portions where possible and seeking to seal entire documents only where confidential information is pervasive and inextricably intertwined with non-sensitive content, making redaction impracticable.

**Non-Public Employee Usernames and Email Addresses (Exhibits B, C, J, P, and Q)**

5.  Exhibits B, C, J, P, and Q contain the non-public usernames and/or email addresses of current or former Google employees, none of whom are not parties to this litigation. Google does not publicly disclose its internal email address formats or employee usernames. Public disclosure of this information would expose these individuals to a risk of unwanted contact, spam, phishing attacks, and harassment, infringing on their privacy interests.

6.  The requested redactions are narrowly tailored to remove only the unique username portion of the email addresses, leaving the employees' names and the "@google.com" domain visible. This Court has previously found compelling reasons to seal this exact type of information in this case. *See, e.g.*, ECF No. 284 at 1 (redacting "email addresses of Google employees … in order to protect their privacy interests."); *see also, generally,* ECF No. 353 (sealing "Employee PII").

**Internal Project Code Name (Exhibit R)**

7.  Exhibit R, an excerpt of a deposition transcript, contains a single internal project code name. Based on my review of Google's documents and information provided by the company, I understand that Google uses such code names to refer to confidential, non-public projects and product development initiatives. Google maintains these names as confidential to protect its proprietary information and for security purposes. Public disclosure of such names could allow third parties to misuse them to search for or target sensitive internal systems and documents, creating security vulnerabilities.

8.  Google's request is narrowly tailored to seal only the code name itself, which appears twice on a single page of the transcript. The surrounding testimony describing the project is not sought to be sealed. This Court has previously approved the sealing of similar internal project names in this litigation. *See, e.g.*, ECF No. 186 (sealing "Google's internal project name"); ECF No. 283 (sealing "internal names" as "consistent with this Court's prior orders."); ECF No. 284 at 1 (sealing "internal names").

**Competitively Sensitive Proprietary Business and Technical Information (Exhibits H and I)**

9.  Exhibits H and I are discovery meet-and-confer letters that I sent to Plaintiffs' counsel. Google designated both letters "Highly Confidential – Attorneys' Eyes Only" under the stipulated Protective Order in this case. They contain competitively sensitive information that is deeply embedded in the legal analysis, making redaction impractical. This Court has previously granted motions to seal similar sensitive internal and technical information. *See, e.g.*, ECF No. 445 at 20 (sealing "private documents regarding the technical details of Google's internal systems, references to internal code names, and non-public email addresses."); *see also* ECF No. 284 at 1 (sealing "commercially sensitive, proprietary business information").

10. Exhibit H addresses Google's internal metrics related to the Web & App Activity ("WAA") setting. To explain discovery issues, the letter discloses non-public, confidential information, including sensitive financial data; and, specific internal metrics on ad revenue tied to certain conversion sources; and details about Google's data retention policies, as well as the capabilities and limitations of its proprietary data systems and logs. Releasing this information would harm Google's competitive position by exposing key performance data and increasing security risks by revealing elements of Google's internal data infrastructure.

11. Exhibit I discusses Google's internal revenue models and financial systems. It includes detailed explanations of internal financial metrics such as "served" revenue and "billed" revenue; non-public cost categories deducted from gross revenue; and proprietary methods used to allocate revenue by geographic region. Disclosing this information would give competitors insight into Google's accounting practices, product-level profitability, and strategic financial decisions—causing serious competitive harm.

**Competitively Sensitive Proprietary Business and Technical Information (Exhibits P and Q)**

12. Exhibits P and Q are internal Google presentations that detail user research and product strategy. Google treats both the methodologies underlying user research efforts as confidential. Public disclosure would give competitors free access to Google's insights, allowing

them to replicate its successes, avoid its discovered pitfalls, and anticipate its product strategies—without incurring the same research and development costs. This Court has previously granted motions to seal similar proprietary, non-public user research. *See, e.g.*, ECF No. 284 at 1 (sealing "commercially sensitive, proprietary business information"); *see also* ECF No. 445 at 20 (sealing "internal research methodologies and forward-looking strategies and deliberations.").

13. The proposed redactions are narrowly tailored. Google does not seek to seal the entirety of these documents. Google only seeks to seal the specific, non-public details that would cause competitive harm if disclosed.

14. Exhibit P provides a forward-looking overview of an internal research effort focused on the design of various user-facing interfaces. The redactions are narrowly tailored to protect proprietary content, including Google's research methodologies, detailed study designs, and granular user response data. Disclosure would give competitors an unfair advantage by revealing how Google conducts and applies its user experience research.

15. Exhibit Q outlines the strategy, approach, and forward-looking roadmap for a research project. The redactions are narrowly focused on the specific, non-public research findings and, critically, Google's internal analysis and confidential strategic plans for future product development based on that research. Disclosing this would reveal Google's confidential product roadmap, undermining its competitive position.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed June 24, 2025, at San Francisco, California.

*/s/ Eduardo Santacana*
Eduardo Santacana