1  COOLEY LLP
   BENEDICT Y. HUR (224018)
2  (bhur@cooley.com)
   SIMONA AGNOLUCCI (246943)
3  (sagnolucci@cooley.com)
   EDUARDO E. SANTACANA (281668)
4  (esantacana@cooley.com)
   ARGEMIRA FLÓREZ (331153)
5  (aflorez@cooley.com)
   HARRIS MATEEN (335593)
6  (hmateen@cooley.com)
   ISABELLA MCKINLEY CORBO (346226)
7  (icorbo@cooley.com)
   3 Embarcadero Center, 20th Floor
8  San Francisco, California  94111-4004
   Telephone:    +1 415 693 2000
9  Facsimile:    +1 415 693 2222

10 Attorneys for Defendant
   Google LLC

11

12                    UNITED STATES DISTRICT COURT

13                    NORTHERN DISTRICT OF CALIFORNIA

14

15 ANIBAL RODRIGUEZ, et al. individually and          Case No. 3:20-CV-04688-RS
   on behalf of all others similarly situated,
16                                                     **DEFENDANT GOOGLE LLC'S MOTION TO
                      Plaintiff,                       BIFURCATE TRIAL RE: PUNITIVE
17                                                     DAMAGES**

          v.
18                                                     Date:      July 30, 2025
   GOOGLE LLC,                                         Time:      09:30 A.M.
19                                                     Court:     Courtroom 3, 17th Floor, SF
                      Defendant.                       Judge:     Hon. Richard Seeborg
20
                                                       Date Action Filed: July 14, 2025
21                                                     Trial Date: August 18, 2025

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

                                                       DEF. MTN TO BIFURCATE TRIAL
                                                       RE PUNITIVE DAMAGES
                                                       3:20-CV-04688-RS

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on July 30, 2025, at 09:30 A.M., before the Honorable Richard Seeborg of the United States District Court for the Northern District of California in Courtroom 3 , San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Google LLC ("Google") will move the Court to bifurcate trial into two phases such that discussion of Google's liability for and the amount of compensatory damages is addressed in the first phase, and any potential discussion of liability for and the amount of punitive damages is heard at the second stage of trial.

This Motion is based on this Notice of Motion, accompanying Memorandum of Points and Authorities, and all other evidence in the record.

## ISSUE PRESENTED

Whether trial should be bifurcated pursuant to Federal Rule of Civil Procedure 42(b).

Dated: June 24, 2025                         COOLEY LLP


By: */s/ Eduardo E. Santacana*
Benedict Y. Hur
Simona Agnolucci
Eduardo Santacana
Argemira Flórez
Harris Mateen
Isabella McKinley Corbo


Attorneys for Defendant
Google LLC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEF. MTN TO BIFURCATE TRIAL
RE PUNITIVE DAMAGES
3:20-CV-04688-RS

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.    **INTRODUCTION**

To avoid prejudice to Google and to promote judicial economy, Google respectfully requests that this Court grant its motion to bifurcate damages into two phases such that discussion of Google's liability for and the amount of compensatory damages is addressed in the first phase, and any potential discussion of liability for and the amount of punitive damages is heard at the second stage of trial.[1]  Meaning, that evidence regarding Google's potential liability for punitive damages should be presented in the second phase of trial along with any evidence related to the amount of punitive damages Google may be liable for only if the jury first finds Google liable in the first phase of trial.  This bifurcation would avoid undue prejudice to Google, reduce the risk of jury confusion, and aid in accomplishing an expeditious and economic trial.

II.    **ARGUMENT**

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues . . . ."  Fed. R. Civ. P. 42(b). "The determination of whether to bifurcate a trial is a matter within the Court's discretion.  Factors to be considered when determining whether to bifurcate a trial include: avoiding prejudice, separability of the issues, convenience, judicial economy, and reducing risk of confusion.  Defendants, as the moving parties, bear the burden of demonstrating that bifurcation is warranted." *Vieste, LLC v. Hill Redwood Dev*., No. C 09-04024 JSW, 2011 WL 13153235, at *1 (N.D. Cal. Nov. 30, 2011) (citations omitted) (granting motion to bifurcate the issue of punitive damages from liability and compensatory damages).  Google can meet its burden.

**Bifurcation would reduce the risk of jury confusion**.  The evidence required to prove alleged liability in this case is independent from the evidence relevant to proving damages.  Liability issues will primarily relate to issues concerning Google's disclosures, users' expectations after reading those disclosures, as well as the technical underpinnings of how (s)WAA-off data

---

[1] Google has filed a Motion in Limine to preclude Plaintiffs from introducing any evidence and argument regarding disgorgement before the jury, but were the Court to deny that Motion, Google would request that unjust enrichment be assessed in the second phase of trial along with punitive damages.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEF. MTN TO BIFURCATE TRIAL
RE PUNITIVE DAMAGES
3:20-CV-04688-RS

1    collection and processing works.  Damages issues will relate primarily to whether and to what

2    extent the Screenwise ipsos panel payments are comparable to this case.  None of this overlaps with

3    the evidence required to prove liability for the amount of punitive damages.

4           Because there is no substantial overlap between the evidence required to prove liability and

5    damages there are no efficiencies gained by trying both the liability and punitive damages phases

6    together.   Furthermore, to introduce evidence of Google's finances when the jury should be

7    considering issues of liability could confuse the jury as to what evidence they should be weighing

8    for their liability determinations.  "[B]ifurcation will not only improve efficiencies in the litigation

9    process, but it will also help prevent juror confusion at trial by allowing the jury to decide issues

10   that are as narrowly tailored as possible." *Gable v. Land Rover N. Am., Inc.*, No. SACV 07-0376

11   AG (RNBx), 2011 WL 3563097, at *7 (C.D. Cal. July 25, 2011) (granting motion to bifurcate trial

12   into a liability phase and a damages phase); *see also Barker v. Yassine*, No. 2:11-CV-00246-AC,

13   2016 WL 4264149, at *3 (E.D. Cal. Aug. 15, 2016) ("[B]ifurcation would avoid potential confusion

14   of the jurors and prejudice to defendant that might result from the presentation of evidence about

15   defendant's personal finances and net worth while the jury is determining defendant's liability and

16   plaintiff's non-punitive damages.").

17          **Bifurcation would avoid prejudice to Google and Plaintiffs would not be prejudiced if**

18   **the action is bifurcated**.  Exposing the jury to Google's revenue figures when they are deliberating

19   over liability issues might bias the jury against Google.  For example, "references to [Google's]

20   size, public company status, market capitalization, corporate transactions, or revenue, or to the

21   parties' respective financing of litigation or ability to pay any damage award . . . would constitute

22   an improper attempt to garner juror sympathy based on a 'David v. Goliath' argument unrelated to

23   the merits of the action." *Nanometrics, Inc. v. Optical Sols., Inc.*, No. 18-CV-00417-BLF, 2023

24   WL 7169549, at *3 (N.D. Cal. Oct. 30, 2023) (granting motion to exclude evidence of the parties'

25   size disparity).  Plaintiffs have indicated that they plan to introduce Google's parent company,

26   Alphabet, Inc.'s 2024 10-K into evidence, presumably to support their damages arguments.  Google

27   has submitted its objections to the introduction of that evidence, which is overbroad because it is

28   not limited to U.S. revenue or revenue figures from the products at issue and would mislead the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEF. MTN TO BIFURCATE TRIAL
RE PUNITIVE DAMAGES
3:20-CV-04688-RS

1    jury as to the amount of Google's profits, if any, that should be disgorged.  However, to the extent

2    this Court permits the jury to see this evidence it should be done in the context of damages, not

3    liability, to avoid prejudice to Google.  With the exception of Alphabet, Inc.'s 2024 10-K, Google

4    does not intend to object to Plaintiffs' admission of relevant evidence of Google's financial

5    condition, which Plaintiffs would be allowed to use in the second phase of trial.  Plaintiffs have put

6    forth no argument as to how this delay would prejudice them.  That is because there is none.

7         Furthermore, a jury instruction would not cure the potential prejudice to Google.  "[W]hile

8    there is a 'strong presumption that jurors follow instructions,' a limiting instruction may not

9    sufficiently mitigate the prejudicial impact of evidence in all cases."  *In re Est. of Diaz v. City of*

10   *Anaheim*, 840 F.3d 592, 606 (9th Cir. 2016) (finding that district court abused its discretion in

11   failing to bifurcate liability issues from compensatory damages issues where "the jury heard

12   considerable and inflammatory evidence that had nothing to do" with the issues at hand); *see also*

13   *Honda Motor Co. v. Oberg*, 512 U.S. 415, 432 (1994) ("Jury instructions typically leave the jury

14   with wide discretion in choosing amounts, and the presentation of evidence of a defendant's net

15   worth creates the potential that juries will use their verdicts to express biases against big

16   businesses.").

17        **Bifurcation would promote judicial economy because it would permit the Court to**

18   **defer potentially unnecessary proceedings pending resolution of threshold issues**.

19   Specifically, if the jury does not find liability, the Court would not need to entertain argument and

20   consider evidence as to unjust enrichment or punitive damages.  *See, e.g.*, *Nash-Perry v. City of*

21   *Bakersfield*, No. 1:18-cv-1512 JLT BAK (SAB), 2022 WL 3357516, at *2 (E.D. Cal. Aug. 15,

22   2022) ("Bifurcation would expedite and economize trial by precluding the presentation of the

23   financial status of the defendants unless and until it is necessary.").

24   **III.    CONCLUSION**

25        For the foregoing reasons, the Court should bifurcate trial such that damages are split into

26   two phases: The first phase would include discussion of Google's liability for and the amount of

27   compensatory damages.  The second phase would include any potential discussion of liability for

28   and the amount of punitive damages.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEF. MTN TO BIFURCATE TRIAL
RE PUNITIVE DAMAGES
3:20-CV-04688-RS

1   Dated:  June 24, 2025                    COOLEY LLP

2

3                                        By: */s/ Eduardo E. Santacana*
                                             Benedict Y. Hur
4                                            Simona Agnolucci
                                             Eduardo Santacana
5                                            Argemira Flórez
                                             Harris Mateen
6                                            Isabella McKinley Corbo

7
                                         Attorneys for Defendant
8                                        Google LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEF. MTN TO BIFURCATE TRIAL
RE PUNITIVE DAMAGES
3:20-CV-04688-RS

1    COOLEY LLP
     BENEDICT Y. HUR (224018)
2    (bhur@cooley.com)
     SIMONA AGNOLUCCI (246943)
3    (sagnolucci@cooley.com)
     EDUARDO E. SANTACANA (281668)
4    (esantacana@cooley.com)
     ARGEMIRA FLÓREZ (331153)
5    (aflorez@cooley.com)
     HARRIS MATEEN (335593)
6    (hmateen@cooley.com)
     ISABELLA MCKINLEY CORBO (346226)
7    (icorbo@cooley.com)
     3 Embarcadero Center, 20th Floor
8    San Francisco, California 94111-4004
     Telephone:   +1 415 693 2000
9    Facsimile:    +1 415 693 2222

10    Attorneys for Defendant
     Google LLC

11

12                     UNITED STATES DISTRICT COURT

13               NORTHERN DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| 15   ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated, | Case No. 3:20-CV-04688-RS |
| 16 | **[PROPOSED] ORDER GRANTING DEFENDANT GOOGLE LLC'S MOTION TO BIFURCATE TRIAL RE: PUNITIVE DAMAGES** |
| 17              Plaintiff, | |
| 18       v. | |
| 19   GOOGLE LLC, | |
| 20            Defendant. | Date:        July 30, 2025<br>Time:       09:30 A.M. |
| 21 | Court:     Courtroom 3, 17th Floor, SF<br>Judge:     Hon. Richard Seeborg |
| 22 | Date Action Filed: July 14, 2025<br>Trial Date: August 18, 2025 |
| 23 | |

24

25

26

27

28

**[PROPOSED] ORDER**

Before the Court is Defendant Google LLC's ("Google") Motion to Bifurcate Trial Re: Punitive damages to bifurcate trial into two phases such that discussion of Google's liability for and the amount of compensatory damages is addressed in the first phase, and any potential discussion of liability for and the amount of punitive damages is heard at the second stage of trial.

Having considered the Notice of Motion and the incorporated Memorandum of Points and Authorities, along with other materials in the record, argument of counsel, and such other matters as the Court may consider, the Court GRANTS Google's Motion.

Accordingly, IT IS HEREBY ORDERED THAT:

Trial be bifurcated such that damages are split into two phases: The first phase would include discussion of Google's liability for and the amount of compensatory damages. The second phase would include any potential discussion of liability for and the amount of punitive damages.

**IT IS SO ORDERED.**

DATED: _____                _____
                                        Honorable Richard Seeborg
                                        United States District Judge

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

[PROPOSED] ORDER GRANTING DEF. MTN TO
BIFURCATE TRIAL RE PUNITIVE DAMAGES;
3:20-CV-04688-RS