UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ANIBAL RODRIGUEZ, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>GOOGLE LLC,<br><br>   Defendant. | Case No. 20-cv-04688-RS<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF RE: GOOGLE'S MOTION TO EXCLUDE SUNDAR PICHAI** |

Plaintiffs appeal an order by the magistrate judge assigned to this case, which granted Defendant's motion to exclude its CEO Sundar Pichai from the upcoming trial. According to Plaintiffs, Pichai "is a percipient witness who was intimately involved with the Google settings and products at the core of this class action," and he therefore should testify. Dkt. No. 507 at 2.

A district court may set aside or modify a magistrate judge's order if it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). An order is "clearly erroneous" if the Court has the "definite and firm conviction that a mistake has been made." *Kelley v. AW Distrib., Inc.*, No. 20-cv-6942-JSW, 2021 WL 5414322, at *1 (N.D. Cal. Sept. 3, 2021) (internal citation omitted). "A decision is contrary to law if the magistrate judge fails to apply or misapplies relevant case law . . . or rules of procedure," *id.*, or "fails to consider an element of the applicable standard," *Forouhar v. Asa*, No. 10-cv-3623-SBA, 2011 WL 4080862, at *1 (N.D. Cal. Sept. 13, 2011). Critically, "the district judge may not simply substitute his or her judgment for that of the magistrate judge." *Finjan, Inc. v. Cisco Sys. Inc.*, 17-cv-72-BLF, 2019 WL 4674338, at *1 (N.D. Cal. July 17, 2019) (internal citation omitted).

Federal Rule 26(b) governs the underlying legal question here. That rule permits a court to limit discovery when it "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Rule 26(c) also allows a court, upon a finding of good cause, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." From these components of Rule 26 has emerged the judicially-invented apex doctrine, which "seeks to limit the potential for the discovery rules to serve as a tool for harassment." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012). Where a party seeks the testimony of a high-level executive, and the apex doctrine is invoked, courts consider "(1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." [1] *Id.* (internal citation and quotations omitted). Although often raised in the context of a deposition, "the apex doctrine has been applied to preclude testimony at trial" as well. *Yphantides v. Cnty. Of San Diego*, No. 21-cv-1575-GPC, 2023 WL 7555301, at *4 (S.D. Cal. Nov. 14, 2023) (collecting cases).

In this instance, Defendant moved to exclude Pichai from trial after Plaintiffs amended their Rule 26 disclosures (for the third time, and two years after fact discovery closed) to add Pichai as a trial witness—the only one Plaintiffs intend to call that they never attempted to depose. Dkt. No. 471 at 6. This was, apparently, the first indication that Plaintiffs wanted Pichai to testify. Defendant argued that any probative value from his testimony would be substantially outweighed by unfair prejudice and, in the alternative, that his testimony is barred by the apex doctrine. The

---

[1] As another magistrate judge in this district recently observed, "apex doctrine" is a term that the Supreme Court has never used and which the Ninth Circuit has only used once—in a footnote, to explain that a certain decision "was *not* based on that doctrine." *See In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, No. 23-md-03084-CRB (LJC), 2025 WL 896412, at *1 (N.D. Cal. Mar. 24, 2025) (discussing *In re U.S. Dep't of Educ.*, 25 F.4th 692, 700 n.1 (9th Cir. 2022). As a result, the doctrine is not subject to "hard and fast rules for when" a CEO such as Pichai may be excluded from trial. A more appropriate framework, especially in the case of a large, multi-national corporation like Google, is a sliding scale—"the closer that a proposed witness is to the apex of some particular peak in the corporate mountain range, and the less directly relevant that person is to the evidence proffered in support of his [testimony], the more appropriate the protections of the apex doctrine become." *Apple Inc.*, 282 F.R.D. at 263.

1  magistrate judge agreed as to the apex doctrine and so excluded Pichai from trial in an order that
2  Plaintiffs now challenge.

3  Plaintiffs' motion for relief is denied. As the magistrate judge correctly highlighted, Plaintiffs have not shown Pichai possesses "unique first-hand, non-repetitive knowledge" of the facts at issue in this case such that his testimony at trial is warranted. That he once led Google's projects on "Web History"—which later became WAA—does not indicate he would speak knowledgeably about Google's (s)WAA toggle and its interaction with Google Analytics for Firebase (the crux of the remaining dispute). Nor does the fact that he supported Firebase's expansion. His Congressional testimony is likewise insufficient support for a finding that his knowledge would be unique and non-repetitive; to the contrary, that testimony was not about sWAA-off data collection but rather about Google's data collection in general. Another document Plaintiffs cite for the notion that Pichai directed changes to (s)WAA data does not support the premise: the word (s)WAA does not appear in the document at all. *See* Dkt. No. 479-36 at 3–4. Ultimately, Plaintiffs' motion for relief suggests that his testimony is important for the jury to assess Google's motives for its at-issue behavior, but the robust record in this case promises to provide more than enough information for the jury to consider those motives. Because Pichai is at the absolute apex of Google, and considering that he is not particularly relevant to the evidence proffered in support of his testimony, the protections of Rule 26 and the apex doctrine are especially important here.

Moreover, Plaintiffs plainly did not exhaust other, less intrusive methods of discovering what Pichai might know—they did not depose him or even fully pursue his files during active discovery. *See* Dkt. No. 471 at 5–6; Dkt. No. 479 at 22. In seeking relief, Plaintiffs contend that the magistrate judge's order "improperly incentivizes counsel to take up *more* of the executives' time, not less," in contradiction with the point of the apex doctrine. Dkt. No. 507 at 3–4. This argument is unpersuasive. The order in question merely highlighted that, if Pichai were likely to provide useful testimony, Plaintiffs seemingly would have showed more gumption in discovering it. To be sure, and as Defendant concedes, Plaintiffs *did* initially seek Pichai's custodial files

(along with those of nine other people), but that bid was denied without prejudice. *See* Dkt. No. 106 at 2, 105 at 1, 3–4. Yet, when Plaintiffs later sought to compel production of those files, they only targeted the nine other people—i.e. "all but Sundar Pichai." Dkt. No. 155 at 1; *see also* Dkt. No. 471 at 2. Plaintiffs then waited until after the close of fact discovery to suggest that Pichai needed to testify at trial. This fact pattern underscores the extent to which Plaintiffs failed to exhaust other, less intrusive discovery methods.

Stepping back from the intricacies of the apex doctrine, the standard of review on a motion for relief from the magistrate judge's order is "extremely deferential." *Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-05640-YGR, 2024 WL 5318836, at *1 (N.D. Cal. Dec. 31, 2024) (citations omitted). Even if Plaintiffs had made a stronger showing as to Pichai's unique knowledge or their own efforts to unearth it, the fact remains that the at-issue order does not exhibit any clear error. Nor is it contrary to law. Substituting the district court's judgment for that of the magistrate judge is not only contrary to the standard of review but substantively unwarranted here.

Thus, for the reasons explained *supra*, the motion is denied. To the extent Plaintiffs ask that "all evidence that could have been admitted through Mr. Pichai . . . be admissible by Plaintiffs, even without Mr. Pichai testifying," Dkt. No. 507 at 6, their request is improper in the instant motion for relief. Motions *in limine* are the appropriate avenue for such matters and will be entertained in due course.[2]

**IT IS SO ORDERED**.

---

[2] In connection with the motion to exclude Pichai, Plaintiffs filed administrative motions to consider whether Defendant's materials (cited in support of Plaintiffs' arguments) should be sealed. *See* Dkt. Nos. 478, 503, 506. Defendant responded with explanations for why sealing was proper. *See* Dkt. No. 497. Defendant's explanations satisfy the compelling reasons standard that applies to these requests, *see Ctr. For Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099, 1101 (9th Cir. 2016), particularly in light of the relatively low interest of the public in accessing materials, such as these, that do not pertain to the merits of the litigation but rather involve whether a given witness should testify. The sealing motions are narrowly tailored such that public understanding of this case is not unnecessarily limited. Accordingly, the motions to seal are granted.

Dated: June 25, 2025

_____
RICHARD SEEBORG
Chief United States District Judge