**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Tel.: (213) 995-5720
alanderson@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
Ryan Sila (admitted pro hac vice)
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com
rsila@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Michael F. Ram, CA Bar No. 104805
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br> vs.<br><br> GOOGLE LLC,<br>                Defendant. | Case No.: 3:20-cv-04688-RS<br><br>**PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION TO BIFURCATE TRIAL RE: PUNITIVE DAMAGES**<br><br>The Honorable Richard Seeborg<br>Courtroom 3 – 17th Floor<br>Date: July 30, 2025<br>Time: 9:30 a.m. |

## I. INTRODUCTION

There is no reason to depart from the "normal procedure" in the Ninth Circuit, which is to "try compensatory and punitive damages claims together." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004). In this case, the evidence relating to punitive damages overlaps with and is not separable from the evidence relating to liability issues, including Google's intent, the reasonableness of an expectation of privacy, the offensiveness of Google's conduct, the harm suffered by the classes, and the damages they are owed. Google's claims of prejudice do not withstand scrutiny. Google's motion focuses on evidence relating to Google's finances and unjust enrichment, but both are relevant to at least offensiveness. In any event, Google's wealth is not a mystery to anyone and is already generally known to the venire. Google also provides no reason its concerns cannot be cured with a limiting instruction. Judicial economy weighs against bifurcation. Google's motion should be denied.

## II. ARGUMENT

The Court should deny Google's motion, which seeks to complicate this trial by breaking it into two. As the Ninth Circuit has explained, "the normal procedure is to try compensatory and punitive damage claims together with appropriate instructions to make clear to the jury the difference in the clear and convincing evidence required for the award of punitive damages." *Hangarter*, 373 F.3d at 1021. While the decision to bifurcate is discretionary, "[t]he presumption is that all claims will be resolved in a single trial, barring exceptional situations where there are special and persuasive reasons for bifurcating." *Robinson v. Delgado*, 2010 WL 1838866, at *4 (N.D. Cal. May 3, 2010); *Doherty v. State Farm Gen. Ins. Co.*, 2021 WL 6104170, at *4 (C.D. Cal. Jul. 12, 2021) ("In the Ninth Circuit, bifurcation is the exception rather than the rule of normal trial procedure." (cleaned up, quoting *Jones v. Nat'l R.R. Passenger Corp.*, 2018 WL 6606247, at *4 (N.D. Cal. Dec. 17, 2018))). In deciding whether to bifurcate, courts consider the "separability of the issues, simplification of discovery, conservation of resources, and prejudice to the parties." *CornerStone Staffing Sols., Inc. v. James*, 2013 WL 12306441, at *1 (N.D. Cal. Oct. 21, 2013) (Seeborg, C.J.). Google bears the "burden to prove that [bifurcation] is warranted," and it falls far short. *Id.*

**Separability of the issues.** The evidence relevant to punitive damages in this case is inextricably intertwined with other liability and damages issues, which is common. *Hangarter*, 373 F.3d at 1021 ("[T]he evidence usually overlaps substantially …."). Google's contrary argument depends on its remarkably slanted articulation of the claims and issues in dispute—a transparent effort to impermissibly restrict the record before trial. *See* Dkt. 533 at 3–4 (arguing that the issues are only "users' expectations" from the disclosures and "the technical underpinnings" of Google's technologies). Inquiries into the objective reasonableness of an expectation of privacy, the offensiveness of Google's conduct, the harm that Google caused, and Google's state of mind each implicate much of the same evidence that the jury will consider when deliberating on punitive damages. For that reason, Google's motion should be denied. *See, e.g.*, *Wooten v. BNSF Ry. Co.*, 819 F. App'x 483, 485 (9th Cir. 2020) (affirming denial of motion to bifurcate because the issues the defendant proposed to separate "involved overlapping evidence"); *Suenos LLC v. Goldman*, 633 F. App'x 874, 878 (9th Cir. 2015) (same); *Dibbern v. City of Bakersfield*, 2024 WL 3904956, at *3 (E.D. Cal. Aug. 22, 2024) (denying motion to bifurcate because "there inevitably will be an overlap of substantial amounts of evidence that would be introduced during both phases of a bifurcated trial"); *Aerojet Rocketdyne, Inc. v. Global Aerospace, Inc.*, 2018 WL 4027024, at *1 (E.D. Cal. Aug. 23, 2018) (denying bifurcation because "courts are reluctant to bifurcate proceedings where there is an 'overlap of factual issues'").

Most obviously, the severity of the invasion of privacy and Google's consciousness of wrongdoing support not only liability findings like intent, harm, offensiveness, and lack of permission, but also substantial punitive damages. *See*, *e.g.*, *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 606 (9th Cir. 2020) (privacy tort claims implicate "the degree and setting of the intrusion, the intruder's motives and objectives," and its employees' "recogni[tion] [of] these practices as a problematic privacy issue"); *BMW of N. Am. v. Gore*, 517 U.S. 559, 576 (1996) (appropriate punitive damages award depends in part on "the severity of the offense"); *Chamberlin v. Hartog, Baer & Hand, APC*, 2022 WL 1502587, at *7 (N.D. Cal. May 12, 2022) ("[P]unitive damages may be assessed when the conduct constitutes conscious disregard of the rights or safety of others."); *see also Brillhart v. Sharp*, 2008 WL 11501565, at *2 (M.D. Pa. Nov. 17, 2008)

(denying bifurcation because the "claims and ... defenses will require the jury to determine [the defendant's] state of mind—the very question at issue in deciding whether to award punitive damages"). That alone is enough to defeat Google's motion.

But there is more. The financial implications of Google's unlawful conduct are likewise important evidence of Google's liability, the proper measure of damages, *and* punitive damages. The amount of the plaintiffs' damages, the profits the defendant made from its misconduct, and the defendant's broader financial condition are all considerations in a punitive damages determination. *See, e.g.*, *Cummings Med. Corp. v. Occupational Med. Corp.*, 10 Cal. App. 4th 1291, 1299 (1992) ("In relating [the punitive damages] inquiry to the defendant's wealth, courts and commentators have often looked to the profitability of the defendant's misconduct."). Evidence that Google profited from its misappropriation of data is also evidence of injury under California law. *Facebook Tracking*, 956 F.3d at 600–01 ("Plaintiffs sufficiently alleged a state law interest whose violation constitutes an injury sufficient to establish standing to bring their claims for CDAFA violations and California common law" claims because they alleged that the defendant "profited from [plaintiffs'] valuable data"); Dkt. 352 at 12 (proof that class members' data "carried financial value and that the defendant profited from this valuable data" can establish damage or loss for CDAFA claim); Dkt. 445 at 17–18 (same).

Google's unjust enrichment and Plaintiffs' compensatory damages will both help the jury weigh "the likelihood of serious harm" "the degree [of Google's] intrusion," Google's "motives and objectives," and the inconsistency of Google's conduct with "social norms," all of which are relevant to offensiveness. *Facebook Tracking*, 956 F.3d at 606; *Brown v. Google LLC*, Case No. 4:20-CV-3664 (N.D. Cal.), Dkt. 1088 at 4–5 (allowing testimony on classwide unjust enrichment even though the classes were not certified to seek damages). For example, the jury may be offended by the fact that Google made *so much* money trading on class members' privacy. And the jury may find it especially offensive that Google was willing to abandon its privacy commitments for profit amounting to such a miniscule portion of Google's overall profits and revenues.[1] When the

---

[1] These points are explored further in Plaintiffs' briefs opposing Google's motions *in limine* seeking to exclude evidence of unjust enrichment and Google's total revenues.

defendant's financial condition may be relevant to liability, courts have found bifurcation especially unwarranted. *See Hangarter*, 373 F.3d at 1021 (affirming denial of bifurcation in part because "Defendant's profits, financial condition, and financial statements helped establish Defendants' alleged business strategies, incentives, and practices, all of which were relevant to [the plaintiff's] claim"); *San Bernardino Cnty. v. Ins. Co. of Pa.*, 2023 WL 2629888, at *1 (C.D. Cal. Feb. 6, 2023) (if "evidence of Defendant's finances" is relevant to the plaintiff's "case-in-chief … then the issues are not 'so easily separable'" that they can be bifurcated).

**Prejudice.** Google will suffer no prejudice from proceeding in the usual manner, with no bifurcation. The crux of Google's argument is that evidence of Google's profits from the challenged conduct could somehow offend the jury and influence the liability verdict based on some sort of anti-business animus. This trial is taking place in San Francisco, and it is highly unlikely that the jury venire is not already aware of the fact that Google is a big business that makes significant profits. Moreover, bifurcating trial to guard against prejudice could make sense only if the evidence is *unfairly* prejudicial with respect to liability. *See* Adv. Comm. Notes to Fed. R. Evid. 403 ("unfair prejudice" means "an *undue* tendency to suggest decision on an *improper basis*"). In this case, there is nothing improper or unfairly prejudicial about the jury considering the offensiveness of Google's conduct; indeed, the jury will be *instructed* to do so. *See* CACI 1800; *Facebook Tracking*, 956 F.3d at 606 ("Actionable invasions of privacy must be 'highly offensive' to a reasonable person"); *see also Foley v. City of Lowell*, 948 F.2d 10, 15 (1st Cir. 1991) (where "egregiousness is a hallmark of probative value," it is appropriate to admit evidence of "outrageous[]" events).

Google's motion is premised on the same empty claims of prejudice that defendants assert as a matter of course. In *Banga v. Kanios*, this Court rejected the defendant's very similar motion to bifurcate, recognizing that such "boilerplate" assertions of prejudice do not merit deviation from the normal practice. *Banga v. Kanios*, 2021 WL 4133754, at *3 (N.D. Cal. Sept. 10, 2021) (Seeborg, C.J.) (denying motion to bifurcate, Dkt. 393); *see also Banga v. Kanios*, No. 16-CV-4270-RS (N.D. Cal.), Dkt. 393 at 2 (defendant's motion to bifurcate, arguing, like Google, that evidence of financial condition "could inflame the biases of the jury" and "delaying a trial on the

amount of punitive damages until the requisite culpable conduct is proven would save time and promote judicial economy"). This argument is even less persuasive here given Google's notoriety. Regardless of what evidence is introduced at trial, jurors will be aware of the magnitude of Google's business and its wealth. Google is one of the most profitable companies in the world, and it is headquartered in the jurors' backyard. Excluding evidence of Google's total revenues or net worth will have no effect on whether jurors view this case as a battle of "David v. Goliath." Dkt. 533 at 4; *compare Nanometrics, Inc. v. Optical Sols., Inc.*, 2023 WL 7169549, at *3 (N.D. Cal. Oct. 30, 2023) (excluding evidence of little-known parties' financial condition).

The Court can more effectively address any alleged prejudice from the inclusion of evidence of Google's financial condition by issuing a limiting instruction. Although Google expresses doubt about the jury's willingness to comply, Dkt. 533 at 5, "[w]e have a strong presumption that jurors follow instructions," *Miller v. City of L.A.*, 661 F.3d 1024, 1030 (9th Cir. 2011). The Ninth Circuit has explained that "appropriate instructions" are part of the "normal procedure" when a trial involves punitive damages. *Hangarter*, 373 F.3d at 1021. Following that guidance, district courts in this Circuit have given little weight to defendants' standard distrust of jurors' ability to follow the law as instructed. *Wooten*, 819 F. App'x at 485 (affirming denial of bifurcation in part because "any potential for prejudice was reduced or eliminated by limiting instructions"); *Frost v. BNSF Ry. Co.*, 218 F. Supp. 3d 1122, 1130–31 (D. Mont. 2016) (affirming denial of bifurcation because "prejudice can be avoided by the use of a limiting instruction."); *Snyder v. Bank of Am., N.A.*, 2020 WL 6462400, at *13 (N.D. Cal. Nov. 3, 2020) ("[T]he Court may issue a jury instruction to preclude the jury from considering Defendant's net worth in determining liability or damages other than punitive damages. This will eliminate any prejudice to Defendant."); *Dibbern v. City of Bakersfield*, 2024 WL 3904956, at *3 (E.D. Cal. Aug. 22, 2024) (denying motion to bifurcate in part because the movant "failed to explain why any potential

prejudice could not be addressed through appropriate limiting instruction"). Google's skepticism of juries is not supported by the cases it cites.[2]

On the other hand, bifurcating trial would risk at least equal prejudice to Plaintiffs. A similarly cynical view of juries would raise concern that "instruct[ing] [the jury] that a finding for plaintiffs in the first phase of trial will require another phase on punitive damages … may encourage[] [the jury] to render a liability verdict in favor of defendant to avoid further jury service." *Hiramanek v. Clark*, 2016 WL 8729933, at *1 (N.D. Cal. July 8, 2016) (denying bifurcation without endorsing that concern). More to the point, while reserving evidence of Google's financial condition until a second phase would not materially change the way jurors view Google, it would compromise Plaintiffs' ability to perfect the trial record with evidence relevant to liability. *See supra* at 2–4. Moreover, evidence relevant to both liability and punitive damages, may become stale in jurors' minds by the time they finish deliberating on liability and listening to further proceedings specific to punitive damages. With only 20 hours to present evidence, bifurcation would also prejudice Plaintiffs' in terms of proceeding with a streamlined trial.

**Conservation of resources.** It is widely recognized that bifurcation tends to make trial more complex and time-consuming, not less. *See, e.g.*, *Hopkins v. Bonvicino*, 2011 WL 995961, at *2 (N.D. Cal. Mar. 21, 2011) ("[C]onvenience and judicial economy do not weigh in favor of bifurcation."); *Hiramanek*, 2016 WL 8729933, at *1 ("[B]ifurcating the issues of compensatory and punitive damages would not serve the interests of judicial economy."). For that reason, courts

---

[2] In *Honda Motor Co. v. Oberg*, the Supreme Court considered the constitutionality of an Oregon law that largely prohibited judges from reviewing punitive damages awards. 512 U.S. 415 (1994). The Supreme Court noted that juries take the defendant's financial condition into consideration when deciding *punitive damages*, as they are instructed. *Id.* at 432. The Court did not suggest that juries *refuse to follow limiting instructions* regarding the use of such evidence for *liability* or another improper purpose. *See id.* In *Estate of Diaz v. City of Anaheim*, the Ninth Circuit acknowledged the "strong presumption that jurors follow instructions" but found that it had been overcome in that unusual § 1983 case. 840 F.3d 592, 603 (9th Cir. 2016). The record included evidence of the deceased plaintiff's gang membership and drug use. According to the defendant, this undermined the plaintiff's mother's love for him—and therefore damages. Whatever probative value this evidence had for damages, it was irrelevant to the liability of the officer who shot him— he was unaware of any of that. *Id.* at 597–604. Still, if the court credited the defendant's argument that the victim's gang affiliation and drug use could influence the victim's *mother's* sympathies, it should have reasoned that his background could affect jurors' biases as well.

often deny bifurcation motions even when they are unopposed. *See, e.g.*, *Nichols v. City of San Jose*, 2017 WL 1806599, at *1 (N.D. Cal. May 5, 2017) (denying unopposed motion to bifurcate because bifurcation was unnecessary and "time consuming"); *Monica v. Williams*, 2017 WL 548980, at *3 (N.D. Cal. Jan. 30, 2017) (denying motion to bifurcate even though plaintiff opposed only to the extent the defendant argued plaintiff had the burden to prove net worth).

That is the case here. Bifurcating this trial into two phases would add unnecessary complexity and take more time. It would likely generate even more disputes over what evidence is appropriate for the liability phase, the punitive damages phase, or both. *See Frost*, 218 F. Supp. 3d at 1131 (denying bifurcation because it "would call for a potentially time-consuming dissection of exactly what evidence might indicate [the defendant] acted badly enough to trigger punitive damages"). It may require witnesses to testify during both phases, even if the Court were to agree that the issues are separable. Google has not identified any witnesses whose testimony is relevant only to punitive damages, and Plaintiffs are not aware of any. Not to mention the complexity and time that is necessarily involved with an additional round of proceedings—from reconvening and instructing the jury to a second round of deliberations.

Google identifies no reason that this case departs from the norm. Its only argument is that if the jury does not find Google liable, then a proceeding on punitive damages would be unnecessary. Dkt. 533 at 5. But if the possibility of a defense verdict were sufficient, then all trials would be bifurcated. *See Banga*, 2021 WL 4133754, at *3 (denying bifurcation and describing this argument as "boilerplate"); *Wiggins v. Penske Logistics LLC*, 2022 WL 1161628, at *2 (C.D. Cal. Mar. 17, 2022) ("While it is true that a decision in Defendants' favor on the issue of liability might obviate the need for the presentation of any evidence on damages, this is true in every negligence case, and does not provide a sufficient justification to make an exception to the usual rule that the whole claim should be tried at once."); *Frost*, 218 F. Supp. 3d at 1130–31 (holding that this argument "do[es] not outweigh the potential time and cost involved in running two consecutive trials"); *Reddy v. Nuance Commc'ns, Inc.*, 2015 WL 4648008, at *3 (N.D. Cal. Aug. 5, 2015) (denying motion to bifurcate and denying defendant's motion to exclude evidence of its net worth "unless the jury return[ed] a verdict for [the plaintiff]").

Moreover, Google doesn't argue that the initial phase of trial would be materially shorter in a bifurcated trial. *See Wiggins*, 2022 WL 1161628, at *2 (denying motion to bifurcate liability and damages even though two out of three trial days would be spent on damages, reasoning that this "ratio[] [is] not so far out of proportion as to warrant bifurcation"). And it is hard to imagine how that could be true, especially given the degree to which the evidence relevant to the jury's separate determinations overlaps. Bifurcation could only add to the demands on the Court and jury.

**Bifurcation as to the amount of punitive damages.** If the Court nonetheless orders bifurcation—and for the reasons explained, it should not—bifurcation should be limited to the jury's determination of the *amount* of punitive damages. That is, the jury should decide whether Plaintiffs are entitled to punitive damages in the first phase of the trial and then determine only the amount of punitive damages in the second. When other courts have found that the circumstances warrant bifurcation, this is the approach they often take. *See, e.g.*, *BladeRoom Grp. Ltd. v. Facebook, Inc.*, 2018 WL 1569703, at *5 (N.D. Cal. Mar. 30, 2018); *Kanellakopoulos v. Unimerica Life Ins. Co.*, 2018 WL 984826, at *6 (N.D. Cal. Feb. 20, 2018); *Blockchain Innovation, LLC v. Franklin Res., Inc.*, 2025 WL 1002798, at *16 (N.D. Cal. Apr. 3, 2025); *Lopez v. San Saba Vineyards, Inc.*, 2023 WL 4410507, at *3 (N.D. Cal. July 7, 2023) (granting unopposed motion).

### III.   CONCLUSION

For these reasons, the Court should deny Google's motion to bifurcate. Alternatively, bifurcation should only be with respect to the amount of punitive damages.

Dated: July 8, 2025                                  Respectfully submitted,

By: */s/ Mark C. Mao*

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858

Facsimile (415) 999 9695

David Boies (admitted *pro hac vice*)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200

James Lee (admitted *pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (admitted *pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Alison L. Anderson, CA Bar No. 275334
alanderson@bsfllp.com
M. Logan Wright, CA Bar No. 349004
mwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Telephone: (813) 482-4814

Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley
afrawley@susmangodfrey.com
Ryan Sila
rsila@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

9

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
Michael F. Ram (CA Bar No. 238027)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

*Attorneys for Plaintiffs*

PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION TO BIFURCATE TRIAL RE: PUNITIVE DAMAGES
CASE NO. 3:20-CV-04688-RS