**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Tel.: (213) 995-5720
alanderson@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
Ryan Sila (admitted pro hac vice)
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com
rsila@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Michael F. Ram, CA Bar No. 104805
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
mram@forthepeople.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>GOOGLE LLC,<br>        Defendant. | Case No.: 3:20-cv-04688-RS<br><br>**PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION *IN LIMINE* 10 (Dkt. 528)**<br><br>The Honorable Richard Seeborg<br>Courtroom 3 – 17th Floor<br>Date: July 30, 2025<br>Time: 9:30 a.m. |

## I.    INTRODUCTION

This motion is one where the parties are largely in agreement, and most of Google's motion can and should be denied as moot. Plaintiffs agree with Google (and the Court) that the focus at trial should be on Google's disclosures, not disclosures by third-parties. Plaintiffs do not seek to "litigat[e] the adequacy" of "each and every" app privacy policy on an "individualized" basis. Mot. at 4-5. Plaintiffs did not even include any app-specific privacy policies on their exhibit list, so there is nothing for the Court to exclude. Everyone agrees the outcome of this trial will turn on "*Google's* disclosures about the sWAA button.*" Mot. at 3 (emphasis in original). However, Google's motion should be denied in two minor respects where its request for relief goes too far and would give Google an unfair advantage.

## II.    ARGUMENT

### A.    Much of Google's Motion Should Be Denied as Moot.

The concern underlying Google's motion is unfounded. Google complains that Plaintiffs seek to "litigat[e] the adequacy" of "each and every" disclosure "provided by third-party applications to class members." Mot. at 4-5. Put concretely, Google worries that Plaintiffs will compare the New York Times privacy policy with the Bank of America privacy policy (and so on and so on) thus inviting "individualized inquiries" into any differences among various apps' privacy policies. Mot. at 3.

Plaintiffs will not do that. Plaintiffs did not even include any app-specific privacy policies on their exhibit list, and do not understand how Google came to believe that Plaintiffs would pursue this strategy. Indeed, during the meet and confers on trial exhibits, Google's counsel admitted that there are no app-specific privacy policies that refer to the Google privacy controls at issue. Plaintiffs are similarly perplexed by Google's extended discussion of the expert report deadlines, and Google's argument that it is too late for Plaintiffs to serve a new expert report that examines differences among various app privacy policies. *See* Mot. at 5. Plaintiffs never suggested they would serve such a report, and no such report is forthcoming.

Plaintiffs will focus their trial presentation on *Google's* disclosures to users. And the parties agree that "this case is not about the variety of disclosures made by third parties; rather, it 'concerns

1

*Google's* disclosures about the sWAA button.'" Mot. at 3 (quoting Dkt. 352 (class certification order) at 17 (emphasis in class certification order)); *see also* Mot. at 4 ("[a]t issue are Google's disclosures around sWAA"). No party should compare one app's privacy policy with another app's privacy policy and make arguments about the differences, material or otherwise, especially because the parties agree that there are no app-specific privacy policies that relate to Google's privacy controls. Google's motion should be denied as moot.

> **B.    Limited Portions of Google's Motion Should Be Denied on the Merits.**

Google's motion should be denied on the merits in two limited respects.

*First*, after arguing the parties should focus on Google's disclosures, Google goes on to focus on third-party disclosures, asserting that Plaintiffs "should not be allowed *to dispute the adequacy of those disclosures.*" Mot. at 5 (emphasis added). While not entirely clear, Google apparently wants to tell the jury that every third-party disclosure is somehow "adequate," with Plaintiffs unable to respond.

Google's request goes too far, and it would give Google an unfair advantage while also misleading the jury. Google has argued that users consented to the challenged conduct insofar as users agreed to app-specific privacy policies[1]—an argument this Court rejected at the pleadings stage.[2] If the Court were to permit Google to raise these arguments based on third-party disclosures at trial, Plaintiffs should be allowed to respond, and Plaintiffs can readily do so without litigating the adequacy of every app's privacy policy on any "individualized" basis. Mot. at 3.

If this becomes an issue at trial, in addition to relying on Google's disclosures to users, Plaintiffs will point out that Google during the class period never required third-party apps to "explicitly notify" users about the "particular conduct" at issue—Google's collection and use of

---

[1] *See, e.g.*, Dkt. 62 (Google's MTD) at 8-9 (Google arguing that users consented because "Google required [] app developers—as a condition of using GA for Firebase—to obtain consent from their users," and that "the app developers obtained the required consent"); Mot. at 3 ("apps must disclose and obtain consent from their end users in order to use the SDK").

[2] *See* Dkt. 109 (MTD Order) at 7-8 (noting that "Plaintiffs do not deny [] reading and agreeing to a develop-generated disclosure," but crediting Plaintiffs' allegation that they "interpreted the WAA feature as superseding those app-specific disclosures," and rejecting Google's argument that Plaintiffs consented to the challenged conduct).

(s)WAA-off data. *Calhoun v. Google, LLC*, 113 F.4th 1141, 1147 (9th Cir. 2024); *see also* Dkt. 445 (MSJ Order) at 14-15 ("consent is only effective if directed to the particular conduct, or to substantially the same conduct"). Plaintiffs will also highlight how Google has *never* identified any third-party disclosure that mentions "(s)WAA," much less discloses that Google fails to honor the privacy control Google presented to Plaintiffs and class members. "To the extent Google had a policy that required third party apps to disclose Google's policies to users, that evidence may be applied across the class." Dkt. 352 (class certification order) at 17-18. Plaintiffs will argue that *Google's* policy was at all times deficient, because Google never required *any* third-party apps to disclose the "specific practice" challenged in this case—that Google will collect, save, and use app activity data regardless of whether (s)WAA is turned "on" or "off." *Campbell v. Facebook Inc.*, 77 F. Supp. 3d 836, 848 (N.D. Cal. 2014). There is nothing individualized about those facts, as evidenced by the fact that no third-party apps even talk about Google privacy controls.

*Second*, Google claims that to "to the extent" third-party apps are mentioned at trial, any discussion should be "limited" to arguing that app developers "must comply" with the Google Analytics Terms of Service. Mot. at 5. This argument implies that Google aggressively monitors and enforces app developers' compliance with Google's terms. There is no evidence to support that assertion either, as Google concedes. *See* Mot. at 5 (admitting that Google did not "proffer[] a class-wide expert report or other evidence to demonstrate compliance"). If Google nevertheless makes this argument, Plaintiffs should of course be allowed to respond and point out that Google does not uniformly enforce the policy, to provide relevant context for the jury. However, the better path is for Google to simply explain its policy without implying that every app complies with the policy.

## III.    CONCLUSION

For these reasons, the Court should deny Google's motion *in limine* 10.

Dated: July 10, 2025                    Respectfully submitted,

By: */s/ Mark Mao*

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com

3

Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

David Boies (admitted *pro hac vice*)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200

James Lee (admitted *pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (admitted *pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Alison L. Anderson, CA Bar No. 275334
alanderson@bsfllp.com
M. Logan Wright, CA Bar No. 349004
mwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Telephone: (813) 482-4814

Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley
afrawley@susmangodfrey.com
Ryan Sila
rsila@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330

4

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
Michael F. Ram (CA Bar No. 238027)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

*Attorneys for Plaintiffs*

5