**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Tel.: (213) 995-5720
alanderson@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
Ryan Sila (admitted pro hac vice)
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com
rsila@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Michael F. Ram, CA Bar No. 104805
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
mram@forthepeople.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>    vs.<br><br>GOOGLE LLC,<br>            Defendant. | Case No.: 3:20-cv-04688-RS<br><br>**PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION *IN LIMINE* 3 (DKT. 521)**<br><br>The Honorable Richard Seeborg<br>Courtroom 3 – 17th Floor<br>Date: July 30, 2025<br>Time: 9:30 a.m. |

1

## I.    INTRODUCTION

2      The first half of Google's motion seeks a do-over of Google's *Daubert* motion. Google

3 wants to exclude "any mention of data leaks or misuse" (Mot. at 3), but the only evidence Google

4 mentions is Professor Bruce Schneier's anticipated testimony (Mot. at 4-5), which Google already

5 tried and failed to exclude. This Court ruled that Professor Schneier may opine on the "negative

6 consequences of the misuse of one's data." Dkt. 511 at  5. ***Google does not even mention this***

7 ***decision***, much less offer any reason to reconsider it. Consistent with that decision, all points made

8 by Google in this motion can and should be addressed by cross examining Professor Schneier.

9      The second half of Google's motion exaggerates the parties' dispute. Plaintiffs are not

10 using 11 other lawsuits as "propensity evidence" to argue that "Google must have committed

11 wrongdoing here simply because others have accused it of wrongdoing in the past." Mot. at 7; *see*

12 *also* Mot. at 3 n.1 (citing 11 different lawsuits and suggesting Plaintiffs plan to address all of these

13 at trial). For purposes of this motion, the parties have a dispute about just *two* exhibits (PX 364

14 and 365). These exhibits reference similar privacy actions, including the *State of Arizona v. Google*

15 lawsuit, which also concerned Google's "on" / "off" privacy controls. *See* Case No. 2020-006219

16 (Superior Court Arizona, Maricopa Cty.); *see also* Dkt. 85 at 2 (order compelling Google to

17 produce documents from the *Arizona* case in this lawsuit because "WAA is at issue in both cases").

18 These two exhibits should be admitted under Federal Rule of Evidence 404(b)(2), particularly as

19 relevant to Google's intent and knowledge. *See Jackson v. Fed. Express*, 2011 WL 13268074, at

20 *2 (C.D. Cal. June 13, 2011) ("Generally speaking, evidence of other lawsuits against a defendant

21 is admissible where relevant and offered for a proper purpose under Rule 404(b)."). Google will

22 argue at trial that it never intended to violate anyone's privacy. *E.g.*, Dkt. 474 at 12. Plaintiffs

23 reasonably seek to use these two exhibits to rebut Google's argument, including to prove that

24 Google was made aware in 2018 that users did not understand how Google's "on" / "off" privacy

25 controls function, and yet Google did nothing to fix the problem.

26

27

28

1
2

## II.    ARGUMENT

### A.    Misuse of Data Evidence Should Not Be Excluded.

This motion *in limine* purports to address evidence about "leaks or misuse of data" (Mot. at 4), but the only specific evidence Google identifies is portions of expert reports by Plaintiffs' privacy expert, Professor Bruce Schneier—the same testimony which Google already tried and failed to exclude. *Compare* Mot. at 4 (seeking to exclude testimony on "inflammatory" topics from Professor Schneier's reports such as "major data leaks," "Google's practices related to location data from sensitive places including abortion clinics," and "government surveillance"), *with* Dkt. 474 (Google's Schneier *Daubert* motion) at 8-9 (same). Google essentially copy-pasted from its failed *Daubert* motion into its motion *in limine*.

The overlap matters because this Court already denied this part of Google's *Daubert* motion. In this Court's words, Professor Schneier may opine on the "***negative consequences of the misuse of one's data***." Dkt. 511 (*Daubert* Order) at 2, 5 (emphasis added). This Court elaborated:

> Schneier's largely general opinions about data and privacy "provide background and context information about what privacy is, the importance of privacy, the different types of data, pervasive data collection and tracking of users as a function of the Internet, and the impact and negative consequences of the misuse of one's data." *Brown v. Google, LLC*, No. 20-cv-3664-YGR, 2022 WL 17961497, at *10 (N.D. Cal. Dec. 12, 2022).

*Id.* at 5. **Google does not even mention this Court's opinion**, much less try to distinguish it, presumably because Google agrees there is no way to distinguish the ruling.

Google does cite portions of the *Daubert* hearing transcript (Mot. at 5), but Google omits the portion where this Court rejected Google's arguments. Here is that portion:

> [T]he parade of horribles you identify are really -- I think it's somewhat self-policing because, on cross-examination -- if they really wanted to go into suggesting that this conduct is akin to domestic violence stalking, it's – you're going to have an opportunity to really go after that witness in cross and say, "Come on. Does that..." I mean -- so I think it's a bit self-policing, ***and I don't think that it's going to mislead the jury because it's plainly just background and context***, and they -- they will know enough to know whether or not they think it's relevant background or context or it's really pushing the envelope somewhat. ***So I don't think it's as dangerous***.

May 15, 2025 Hearing Tr. at 5:7-23 (emphases added) (Dkt. 531-12).

28

2

1      The Court's reasoning follows Ninth Circuit law. A teaching expert's "availab[ility] for

2  cross-examination[] defeat[s] in large part any concerns of prejudice" arising from background

3  testimony. *Scott v. Ross*, 140 F.3d 1275, 1286 (9th Cir. 1998). And if Google is right that Professor

4  Schneier's testimony does not squarely pertain to the facts of this case, then his testimony will

5  cause little prejudice, if any. *See Bowoto v. Chevron Corp.*, 2006 WL 2604592, at *3 (N.D. Cal.

6  Aug. 23, 2006) at *3 (expert opinions "not based on the facts of this case" are "unlikely to prejudice

7  defendants"). In any event, as counsel for Plaintiffs clarified during the *Daubert* hearing, Plaintiffs

8  will not present a "terrible parade of horribles to inflame the jury," including because doing so

9  "hurts the credibility of our expert." May 15, 2025 Hearing Tr. at 18:1-4 (Dkt. 531-12).

10     At the same time, the risks associated with Google collecting and saving this (s)WAA-off

11 data are real, and these risks should not be hidden from the jury. Discovery has proven that Google

12 collects (s)WAA-off data about users' interactions with all kinds of apps, including medical apps,

13 financial and banking apps, news apps, gaming apps, shopping apps, job search apps, social media

14 apps, and female reproductive health apps. Schneier Supp'l Rep. (Dkt. 474-4) ¶¶ 12-13; Schneier

15 Rep. (Dkt. 314-6) ¶¶ 106-09; Mao Ex. 3 (Interrogatory response where Google provided a non-

16 exhaustive list of apps that contain the Firebase SDK). The data that Google collects is also highly

17 identifying, for reasons that will be explained by both Professor Schneier as well as Plaintiffs'

18 technical expert,  Dr. Jonathan Hochman. *See, e.g.*, Hochman Rep. (Dkt. 314-5) ¶¶ 90-91, 311

19 (describing how Google saves the data alongside identifiers that "uniquely identify a user's device

20 and all associated non-Google app data"); Schneier Rep. ¶¶ 148-59 ("ostensibly anonymized data

21 can be de-anonymized with surprisingly little information"). As one Google engineer aptly

22 observed, Google has "the ability to link app events collected by GA4F to GAIA ID even if end

23 users turn off WAA," including for purposes of responding to a "subpoena." Mao Ex. 4.

24     These risks are relevant. For example, the highly offensiveness element of the privacy tort

25 claims "requires a holistic consideration of factors such as the likelihood of serious harm to the

26 victim, the degree and setting of the intrusion, the intruder's motives and objectives, and whether

27 countervailing interests or social norms render the intrusion inoffensive." *In re Facebook, Inc.*

28 *Internet Tracking Litig.*, 956 F.3d 589, 606 (9th Cir. 2020). Past data breaches directly bear on the

jury's "policy determination" about the offensiveness of collecting identifying app activity data that could be leaked in the future. *Hernandez v. Hillsides*, 211 P.3d 1063, 1073 (Cal. 2009). For these reasons, Judge Gonzalez Rogers rejected Google's identical arguments in *Brown v. Google*, holding that Professor Schneier's background opinions about "the impact and negative consequences of the misuse of one's data" are relevant to whether Google's conduct was highly offensive. 2022 WL 17961497, at *10 (N.D. Cal. Dec. 12, 2022).

At a minimum, the Court should reserve judgment on these issues until trial. If Google believes that Plaintiffs cross the line with a "parade of horribles", Google can raise an objection and the Court can rule on the objection and provide guidance. That path is preferable to excluding this "broad[] categor[y] of evidence" in advance; "the court is almost always better situated to rule on evidentiary issues in their factual context during trial." *Altair Instruments, Inc. v. Telebrands Corp.*, 2021 WL 5238787, at *1 (C.D. Cal. Feb. 18, 2021) (denying motion *in limine*).

Google's cases are far afield. *United States v. Handy* was a criminal case that addressed the admissibility of a "propaganda" video, "the entire point of [which] [was] to engender sympathies in favor of the pro-life movement in the United States and against this particular doctor and clinic [which were the victims of the alleged crime]." 2023 WL 5348660, at *3 (D.D.C. Aug. 21, 2023). Plaintiffs' evidence here does not implicate the "merits or morals of abortion." *Id.* Plaintiffs are simply providing examples of the types of data Google collects and some risks associated with Google saving this data. *Old Chief v. United States* is another criminal decision, which addressed prior conviction evidence that could "lure a juror into a sequence of bad character reasoning." 519 U.S. 172, 180 (1997). Any concern about "bad character reasoning" does not make sense here, and Google tellingly does not even raise that concern.

**B.    Google's "Other Matters" Argument Is Overblown and Should Be Rejected.**

The second portion of Google's motion greatly exaggerates the parties' dispute. Google accuses Plaintiffs of preparing for "a series of mini-trials" about other "prior privacy-related litigations involving Google," and the Motion references 11 different proceedings where Google has been accused of privacy violations, thus implying that Plaintiffs plan to reference all 11 of these proceedings. Mot. at 3 n.1, 5-6. Google's concern is baseless. When stripped of its rhetoric,

the Motion addresses just 12 exhibits from Plaintiffs' exhibit list. *See* Mot. at 6 (seeking to exclude PX 354-65), and there is no basis for any exclusion.

Contrary to Google's representation, ten of the twelve exhibits do not actually reference "other litigation and regulatory or governmental investigations." Mot. at 1. (PX 354-63). These ten exhibits are internal Google emails and presentations, just like dozens of other internal Google emails and presentations that Plaintiffs will seek to admit at trial. Google's actual gripe is not that these documents reference another litigation, but rather that they were produced in another litigation—*Brown v. Google*, 4:20-CV-3664 (N.D. Cal.). These documents are available on the public docket, and Plaintiffs timely disclosed them on their exhibit list. Google identifies no authority holding that parties cannot admit documents produced in another case, and Plaintiffs are not aware of any such authority either.

In any event, this Court need not even consider these ten documents for this motion. Google has filed a separate motion *in limine* (Dkt. 525, motion #7) to exclude these ten documents, presumably because Google recognizes these documents do not belong in this motion, which addresses evidence of "other litigation"—e.g., documents that would make the jury aware of another lawsuit. Plaintiffs' concurrently filed opposition to Google's Motion *In Limine* #7 addresses these ten documents.

The remainder of *this* motion boils down to just two documents on Plaintiffs' exhibit list: PX 364 and 365, each of which are relevant. These exhibits relate to other lawsuits that in part involved (s)WAA. PX 364 is a press release discussing the *State of Arizona v. Google LLC* lawsuit, which concerned Google's improper collection and use of location data. *See* Case No. 2020-006219 (Superior Court Arizona, Maricopa Cty.). The document refers to "Web & App Activity" and describes how Google used (s)WAA to collect location data from users who turned "off" "Location History." As explained in the exhibit, this lawsuit followed a 2018 Associated Press investigation which found that Google was collecting location data from users who had opted out of such data collection. PX 365 is a press release about the *State of Texas v. Google LLC* lawsuit, which in part addressed the same issue as the *Arizona* case (Google's improper collection of

location data). Case No. 22-01-88230-D (District Court of Victoria County, 377th Judicial District).

Early on in discovery, Magistrate Judge Tse granted in part Plaintiffs' motion to compel documents produced in this *Arizona* case, acknowledging the overlap in the lawsuits, particularly because "WAA is at issue in both cases." Dkt. 85 at 2. The Texas lawsuit likewise in part involved (s)WAA and Google's location data collection. Google does not even address Magistrate Judge Tse's decision, let alone grapple with the substantial overlap between these cases.

Plaintiffs are not planning to use these documents "as propensity evidence, to argue that Google must have committed wrongdoing here simply because others have accused it of wrongdoing in the past." Mot. at 7. Google's reliance on *Branch v. Umphenour* is accordingly misplaced. 2023 WL 3077838, at *1 (E.D. Cal. Apr. 25, 2023). *Snyder v. Bank of America* is even further afield, particularly because that motion was granted as "unopposed," which means the court never considered whether an exception within Rule 404(b)(2) applied. 2020 WL 6462400, at *10 (N.D. Cal. Nov. 3, 2020).

Here, Plaintiffs would seek to admit PX 364 and 365 under Rule 404(b)(2). *See id.* ("This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."). "Generally speaking, evidence of other lawsuits against a defendant is admissible where relevant and offered for a proper purpose under Rule 404(b)." *Jackson v. Fed. Express*, 2011 WL 13268074, at *2 (C.D. Cal. June 13, 2011).

These exhibits are relevant to assessing Google's intent. As explained in a case which Google cites, "[e]xtrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind." *Huddleston v. United States*, 485 U.S. 681, 685 (1988). While Plaintiffs dispute Google's interpretation of the elements of Plaintiffs' claims, Google plans to argue to the jury that "intent and deception are dispositive to each claim" and that that Plaintiffs lose the case if Google did not intentionally violate user privacy.

6

1    *E.g.*, Dkt. 474 (Google's *Daubert* motion) at 12.[1] To rebut Google's argument, Plaintiffs

2    reasonably seek to inform the jury this is not the first time Google has been accused of violating

3    users' privacy, including with respect to Google's "on" / "off" privacy controls and including

4    specifically with respect to (s)WAA. It is highly relevant that Google failed to address these

5    problems despite becoming aware of them in 2018, at latest.

6        For the same reasons, these two exhibits are relevant to proving Google's knowledge

7    regarding user expectations. "[T]he prior act need not be similar to the charged act as long as the

8    prior act was one which would tend to make the existence of the defendant's knowledge more

9    probable than it would be without the evidence." *United States v. Lozano*, 623 F.3d 1055, 1059

10   (9th Cir. 2010). That test is easily met here. PX 364 and 365 both concern at least in part privacy

11   violations with respect to (s)WAA, the same privacy control at issue in this case. *See United States

12   v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002) (another case cited by Google, where "prior acts

13   were admitted to show [] knowledge").

14       Exclusion is also unwarranted because these documents may also be relevant for

15   impeachment. Rule 404(b) "does not proscribe the use of other act evidence as an impeachment

16   tool during cross-examination." *United States v. Gay*, 967 F.2d 322, 328 (9th Cir. 1992). For

17   example, if Google employees testify that the company takes privacy seriously and promptly

18   responds to concerns, Plaintiffs may use this evidence to cross-examine those witnesses to impeach

19   their credibility. *See Yates v. Sweet Potato Enters., Inc.*, 2013 WL 4067783, at *3 (N.D. Cal. Aug.

20   1, 2013) (permitting evidence of "prior lawsuits" as "probative of [] credibility").

21       Finally, these documents are relevant to punitive damages. The CACI pattern instruction

22   for punitive damages asks the jury to consider whether the defendant's conduct "involved a pattern

23   or practice," which applies to Google's repeated failure to fix its broken privacy controls. CACI

24   3940.

25

26

---

27   [1] Plaintiffs disagree with Google's interpretation of the law; for example, there is no "intent"
     element for the CDAFA claim. Cal. Penal Code § 502(c)(2). Plaintiffs agree, however, that intent

28   is relevant to assessing punitive damages.

Google's remaining cases are easily distinguished. In *Grace v. Apple, Inc.*, the court excluded evidence about a patent litigation that involved "four district court trials and three appeals," reasoning that to admit the evidence would lead to a "side trial on patent infringement and validity proceedings." 2020 WL 227404, at *3 (N.D. Cal. Jan. 15, 2020). Here, there is no concern about complex procedural history from another lawsuit. In *Copart, Inc. v. Sparta Consulting, Inc.*, the court "fail[ed] to see how [the evidence] could be admitted for a purpose unrelated to propensity." 2018 WL 1871414, at *8 (E.D. Cal. Apr. 19, 2018). By contrast, as explained above, the evidence here is relevant to establishing Google's intent and knowledge, and it may also be relevant for impeachment.

## III.    CONCLUSION

For these reasons, the Court should deny Google's motion *in limine* 3

Dated: July 10, 2025                          Respectfully submitted,


                                              By: */s/ Mark Mao*

                                              Mark C. Mao (CA Bar No. 236165)
                                              mmao@bsfllp.com
                                              Beko Reblitz-Richardson (CA Bar No. 238027)
                                              brichardson@bsfllp.com
                                              BOIES SCHILLER FLEXNER LLP
                                              44 Montgomery Street, 41st Floor
                                              San Francisco, CA 94104
                                              Telephone: (415) 293 6858
                                              Facsimile (415) 999 9695

                                              David Boies (admitted *pro hac vice*)
                                              dboies@bsfllp.com
                                              BOIES SCHILLER FLEXNER LLP
                                              333 Main Street
                                              Armonk, NY 10504
                                              Telephone: (914) 749-8200

                                              James Lee (admitted *pro hac vice*)
                                              jlee@bsfllp.com
                                              Rossana Baeza (admitted *pro hac vice*)
                                              rbaeza@bsfllp.com
                                              BOIES SCHILLER FLEXNER LLP
                                              100 SE 2nd Street, Suite 2800

Miami, FL 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Alison L. Anderson, CA Bar No. 275334
alanderson@bsfllp.com
M. Logan Wright, CA Bar No. 349004
mwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Telephone: (813) 482-4814

Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley
afrawley@susmangodfrey.com
Ryan Sila
rsila@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
Michael F. Ram (CA Bar No. 238027)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

*Attorneys for Plaintiffs*

9