| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP**<br>David Boies (admitted pro hac vice)<br>333 Main Street<br>Armonk, NY 10504<br>Tel.: (914) 749-8200<br>dboies@bsfllp.com<br><br>Mark C. Mao, CA Bar No. 236165<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>mmao@bsfllp.com<br>brichardson@bsfllp.com<br><br>James Lee (admitted pro hac vice)<br>Rossana Baeza (admitted pro hac vice)<br>100 SE 2nd St., 28th Floor<br>Miami, FL 33131<br>Tel.: (305) 539-8400<br>jlee@bsfllp.com<br>rbaeza@bsfllp.com<br><br>Alison L. Anderson, CA Bar No. 275334<br>M. Logan Wright, CA Bar No. 349004<br>2029 Century Park East, Suite 1520<br>Los Angeles, CA 90067<br>Tel.: (213) 995-5720<br>alanderson@bsfllp.com<br>mwright@bsfllp.com<br><br>*Counsel for Plaintiffs; additional counsel listed in signature blocks below* | **SUSMAN GODFREY L.L.P.**<br>Bill Carmody (admitted pro hac vice)<br>Shawn J. Rabin (admitted pro hac vice)<br>Steven M. Shepard (admitted pro hac vice)<br>Alexander P. Frawley (admitted pro hac vice)<br>Ryan Sila (admitted pro hac vice)<br>One Manhattan West, 50th Floor<br>New York, NY 10001<br>Tel.: (212) 336-8330<br>bcarmody@susmangodfrey.com<br>srabin@susmangodfrey.com<br>sshepard@susmangodfrey.com<br>afrawley@susmangodfrey.com<br>rsila@susmangodfrey.com<br><br>Amanda K. Bonn, CA Bar No. 270891<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel.: (310) 789-3100<br>abonn@susmangodfrey.com<br><br>**MORGAN & MORGAN**<br>John A. Yanchunis (admitted pro hac vice)<br>Ryan J. McGee (admitted pro hac vice)<br>Michael F. Ram, CA Bar No. 104805<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel.: (813) 223-5505<br>jyanchunis@forthepeople.com<br>rmcgee@forthepeople.com<br>mram@forthepeople.com |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br>        v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 3:20-cv-04688-RS<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT GOOGLE LLC'S MOTION IN LIMINE NO. 8 TO EXCLUDE MEET AND CONFER COMMUNICATIONS**<br><br>The Honorable Richard Seeborg<br>Courtroom 3 – 17th Floor |

I.      INTRODUCTION

This motion is narrow and hopefully will be mooted by the time the parties appear at the pretrial conference. While Google broadly references discovery meet-and-confer communications, there are currently just three documents at issue with this motion: PX 432 (Dkt. 531-7), 433 (Dkt. 531-8), and 434 (Dkt. 531-9). These three exhibits are communications from Google's counsel that include relevant factual representations regarding data produced by Google which were then cited and relied on by Plaintiffs' damages expert, Michael Lasinski, in his expert reports. The parties have already discussed the possibility of including those factual representations as stipulated facts for trial. If that happens, that will moot this motion. Plaintiffs are hopeful that the parties can work this out before the pretrial conference. Plaintiffs submit this opposition because if the parties are unable to reach agreement, there is no basis for any exclusion. As explained below, these documents are admissible under FRE 801(d)(2), relevant to the issues to be presented at trial, and in no way subject to any exclusion under Rule 403.

II.     ARGUMENT

While Plaintiffs hope that this dispute is moot by the time of the pretrial conference, with the parties agreeing to include relevant factual representations from these three exhibits as stipulated facts for trial, Google's arguments are in any case misplaced and unfounded. There is no basis for any exclusion as to the three exhibits identified by Google with this motion: PX 432, 433, and 434 (Dkt. 531-7, 531-8, and 531-9). These three documents are admissible, relevant, and not subject to exclusion under Rule 403.

Google's position is especially meritless given that two of these exhibits, PX 433 and 434 (Dkt. 531-8 and 531-9), were part of an agreed-upon process after the close of fact discovery to provide factual information that would avoid the need for further discovery on these issues. Fact discovery ended before the end of the class period, and the parties worked together last year and earlier this year to make sure that the experts would have the data and information needed to update their damages calculations through the end of the class period. Google provided the factual information included in PX 433 and 434 (Dkt. 531-8 and 531-9) as part of that process, to avoid any disputes regarding the information contained in these additional productions for purposes of

calculating damages. These correspondence are relevant because they provide inputs and context for the damages calculations.

Under Federal Rule of Evidence 801(d)(2), "a statement made by an attorney is generally admissible against the client" as "an admission offered by a party." *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998); *see also Baskin-Robbins Franchising LLC v. Mihranian*, 2010 WL 11515248, at *4 (C.D. Cal. Jan. 5, 2010) ("Under Fed. R. Evid. § 801(d)(2)(C), the out of court statement of a party opponent or its authorized agent offered against that party is admissible non-hearsay. Statement of an attorney made on behalf of the party within the scope of the representation falls within this rule."); *In re Applin*, 108 B.R. 253, 259 (Bankr. E.D. Cal. 1989) ("A statement by one's attorney is frequently an admission by a party-opponent under Federal Rule of Evidence 801(d)(2).").

The Ninth Circuit is far from alone in this view. *See United States v. Gordon*, 754 F. App'x 171, 177 (4th Cir. 2018) ("[F]actual admissions made by Gordon through his bankruptcy lawyer ... are admissible non-hearsay because they were made by Gordon's attorney, acting as his agent, during and within the scope of the principal-agent relationship."); *Hanson v. Waller*, 888 F.2d 806, 814 (11th Cir. 1989) (factual statements in a letter from the plaintiff's attorney to the defendant's attorney admissible as admissions by a party opponent under Rule 801(d)(2)(C)); *Williams v. Union Carbide Co.*, 790 F.2d 552, 555–56 (6th Cir. 1986) ("It is the general rule that statements made by an attorney concerning a matter within his employment may be admissible against the party retaining the attorney."); *United States v. McKeon,* 738 F.2d 26, 30 (2d Cir. 1984) ("[S]tatements made by an attorney concerning a matter within his employment may be admissible against the party retaining the attorney."); *United States v. Ojala,* 544 F.2d 940, 946 (8th Cir. 1976) (testimony as to statements made by the defendant's attorney to IRS agents during investigation was not inadmissible as hearsay where within scope of attorney's authority and with client's clear authorization); *United States v. O'Connor*, 433 F.2d 752, 755 (1st Cir. 1970) (statements made by defendant's attorney to IRS officials "were properly received in evidence against the defendant").

Here, the three exhibits are admissible under Rule 801(d)(2). They are all correspondence from Google's counsel making factual representations on behalf of Google as Google's litigation

1  counsel. As such, they are admissible. *See GemCap Lending, LLC v. Quarles & Brady, LLP*, 269 F.
2  Supp. 3d 1007, 1025 (C.D. Cal. 2017), aff'd sub nom. *GemCap Lending I, LLC v. Quarles & Brady,*
3  *LLP*, 787 F. App'x 369 (9th Cir. 2019) (letter from lender's counsel to borrower's attorney fell
4  within hearsay exemption for opposing party statements, and, thus, was admissible non-hearsay
5  under FRE 801(d)(2)); *Baskin-Robbins*, 2010 WL 11515248 at *4 (C.D. Cal.) ("[I]t is undisputed
6  that Defendants' former attorney wrote the letter to Plaintiff in his capacity as Defendants' agent
7  and representative" and "[t]herefore, the hearsay objection to the letter is without merit"); *Interstate*
8  *Fire & Cas. Ins. Co. v. First Specialty Ins. Co.*, 482 F. Supp. 3d 1060, 1080 (E.D. Cal. 2020) (finding
9  that e-mail from counsel for insured subcontractor referencing dates that insured contractor worked
10 was admission by party-opponent, and therefore admissible non-hearsay pursuant to FRE
11 801(d)(2)).

12      The decisions cited by Google are inapposite.  In those cases, the disputes focused on
13 *procedural* discovery issues—i.e. the improper production of or improper refusal to produce
14 documents—not *factual* representations made by the opposing party's counsel. *See Van v. Language*
15 *Line Servs., Inc.*, 2016 WL 3566980, at *4 (N.D. Cal. June 30, 2016) ("Plaintiff argues that certain
16 discovery actions of Defendants and Defendants' counsel reflect an abuse of the judicial process
17 and that Plaintiff plans to report Defendants' counsel to the California state bar.  However, the
18 disputes identified by Plaintiff do not bear on the merits of Plaintiff's claims for unpaid overtime
19 compensation, meal and rest period violations, and inaccurate wage statements. Thus, the disputes
20 are not relevant."); *Mformation Techs., Inc. v. Rsch. in Motion Ltd.*, 2012 WL 2339762, at *2 (N.D.
21 Cal. June 7, 2012) (excluding "all evidence of prior pretrial discovery disputes, such as Defendants'
22 Motion for Sanctions, as well as evidence pertaining to Plaintiff's late production of any source
23 code" because "[e]vidence of the parties' discovery disputes are not relevant to the questions of
24 patent validity or infringement, and thus should not be presented to the jury."); *Barnett v. Gamboa*,
25 2013 WL 174077, at *2 (E.D. Cal. Jan. 16, 2013) ("Evidence of discovery disputes between the
26 parties or reference to whether Defendants' production complied with the rules governing discovery
27 are not relevant to the question of excessive force."); *Kinsel v. BMW of N. Am. LLC*, 2023 WL
28 11899597, at *7 (D. Ariz. June 21, 2023) ("The Court will bar any evidence of discovery disputes

because such evidence is irrelevant and do not bear on the merits of Plaintiff's claims for strict products liability, negligence, or breach of warranties.").

PX 432, 433, and 434 (Dkt. 531-7, 531-8, and 531-9) are "not evidence of a discovery dispute" but are "actual evidence" regarding specific factual representations that are relevant for purposes of calculating damages. *Mformation Techs.*, 2012 WL 2339762 at *2 (N.D. Cal.); *see also Kinsel,* 2023 WL 11899597 at *7 (D. Ariz.) ("The Court will bar any evidence of discovery disputes because such evidence is irrelevant….[h]owever, the Court will not bar the physical documents that were untimely disclosed by [Defendant] to the extent they are relevant to Plaintiff's claims. Such documents "are not evidence of a discovery dispute, but are actual evidence produced by [Defendant] during discovery...."). Exclusion would violate the principle that "a party is generally bound by its admissions during discovery" and "a defendant's own statements or admissions regarding its profits [can] be a sufficient basis for an award" of damages. *See Syntex Healthcare Prods. Co. v. McCreless Enters.*, 2023 WL 4503528, at *11 (C.D. Cal. June 2, 2023) (internal citations omitted).

Excluding these documents would also prejudice Plaintiffs. Plaintiffs reasonably seek to offer these factual assertions as accurate information for purposes of calculating damages, and Google should not be permitted to attack those calculations by excluding these exhibits. *Mformation Techs.,* 2012 WL 1142537 at *3 (N.D. Cal.) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993)) ("The plaintiff generally bears the burden of proving damages…[t]o properly carry this burden, a plaintiff's expert must 'sufficiently [tie his testimony on damages] to the facts of the case.'").

Google also provides no explanation as to why admitting documents with Google's factual representations would confuse the jury or otherwise prejudice Google at trial. Google's counsel represented these factual assertions were true, and truthful information should not be misleading or confusing for the jury. On this point, Google quotes three decisions—two of which are outside the Ninth Circuit—for the basic proposition that evidence pertaining to the discovery process "may" mislead the jury. Dkt. 526 at 4. However, Google makes no attempt to explain how in the context of this case these three exhibits would be misleading, and a court "cannot find that otherwise

admissible evidence is more prejudicial than probative on speculation." *Barrett v. Negrete*, 2010 WL 2106235, at *8 (S.D. Cal. May 25, 2010).

### III. CONCLUSION

Given the clear admissibility of the exhibits, the prejudice that would result to Plaintiffs if they were to be excluded, and the lack of harm posed to Google by their admission, the Court should deny Google's motion.

Dated: July 10, 2025

Respectfully submitted,

By: /s/ *Mark C. Mao*

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile (415) 293-6899

David Boies (*pro hac vice*)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

James Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (*pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Alison L. Anderson (CA Bar No. 275334)
alanderson@bsfllp.com
M. Logan Wright (CA Bar No. 349004)
mwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
725 S. Figueroa St., 31st Floor
Los Angeles, CA 90017
Telephone: (213) 629-9040

| | |
|---|---|
| 1 | Facsimile: (213) 629-9022 |
| 2 | Bill Carmody (*pro hac vice*) |
| | bcarmody@susmangodfrey.com |
| 3 | Shawn J. Rabin (*pro hac vice*) |
| | srabin@susmangodfrey.com |
| 4 | Steven Shepard (*pro hac vice*) |
| | sshepard@susmangodfrey.com |
| 5 | Alexander P. Frawley (*pro hac vice*) |
| | afrawley@susmangodfrey.com |
| 6 | SUSMAN GODFREY L.L.P. |
| | 1301 Avenue of the Americas, 32nd Floor |
| 7 | New York, NY 10019 |
| | Telephone: (212) 336-8330 |
| 8 | Facsimile: (212) 336-8340 |
| 9 | Amanda Bonn (CA Bar No. 270891) |
| | abonn@susmangodfrey.com |
| 10 | SUSMAN GODFREY L.L.P. |
| | 1900 Avenue of the Stars, Suite 1400 |
| 11 | Los Angeles, CA 90067 |
| | Telephone: (310) 789-3100 |
| 12 | Facsimile: (310) 789-3150 |
| 13 | John A. Yanchunis (*pro hac vice*) |
| | jyanchunis@forthepeople.com |
| 14 | Ryan J. McGee (*pro hac vice*) |
| | rmcgee@forthepeople.com |
| 15 | MORGAN & MORGAN, P.A. |
| | 201 N Franklin Street, 7th Floor |
| 16 | Tampa, FL 33602 |
| | Telephone: (813) 223-5505 |
| 17 | Facsimile: (813) 222-4736 |
| 18 | Michael F. Ram (CA Bar No. 238027) |
| | mram@forthepeople.com |
| 19 | MORGAN & MORGAN, P.A. |
| | 711 Van Ness Avenue, Suite 500 |
| 20 | San Francisco, CA 94102 |
| | Telephone: (415) 358-6913 |
| 21 | Facsimile: (415) 358-6923 |
| 22 | *Attorneys for Plaintiffs* |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |