**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Tel.: (213) 995-5720
alanderson@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
Ryan Sila (admitted pro hac vice)
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com
rsila@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Michael F. Ram, CA Bar No. 104805
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br>  vs.<br><br> GOOGLE LLC,<br>    Defendant. | Case No.: 3:20-cv-04688-RS<br><br>**PLAINTIFFS' OPPOSITION TO GOOGLE'S MIL NO. 4 RE: NON-U.S. CONSUMER STUDIES AND SURVEYS**<br><br>The Honorable Richard Seeborg<br>Courtroom 3 – 17th Floor<br>Date: July 30, 2025<br>Time: 9:30 a.m. |

## I. INTRODUCTION

Google's motion focuses on four documents (PX-9, PX-14, PX-186, and PX-283) regarding Google's research into user sentiments regarding privacy and their expectations regarding the Web & App Activity ("(s)WAA") privacy controls. These documents include damning evidence and admissions. From one user study early in the class period, for example, Google concluded that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Santacana Ex. O (PX-14) at -706. Later on, another researcher ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Santacana Ex. N (PX-9). These studies also showed that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

Google's motion to exclude this evidence completely misses the mark; Google's motion is an improper effort to bury bad evidence, not exclude inadmissible evidence. While Google cites Rule 702, it does not apply: these documents are not expert witness testimony. They are *Google's* studies (and admissions), conducted in the ordinary course of its business and turned over to satisfy ordinary discovery requests. Rule 403 also does not authorize exclusion because Google cannot identify prejudice substantially greater than these exhibits' significant probative value. While some, not all, of the surveyed users ▇▇▇▇▇▇▇▇▇▇▇▇, Google itself relied on these surveys to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ In any event, Google's criticisms go to the weight of this evidence, not its admissibility. There is no basis under Rule 403 or otherwise to exclude four identified exhibits or any other evidence or argument concerning Google's research regarding its users around the world. To the contrary, Google's veiled attempt to bury bad evidence shows how relevant it is.

## II. LEGAL STANDARD

"To exclude evidence on a motion in limine, the evidence must be inadmissible on all potential grounds." *Thunder Studios, Inc. v. Kazal*, 2018 WL 11346849, at *1 (C.D. Cal. Nov. 13,

1

2018) (citation omitted). "Unless a party can meet this 'high standard,' evidentiary rulings should be deferred until trial because 'a court is almost always better situated during the actual trial to assess the value and utility of the evidence.'" *L.D. v. EzyRoller, LLC*, 2024 WL 5416670, at *1 (C.D. Cal. Nov. 25, 2024) (citation omitted). Moreover, Rule 403 "is an extraordinary remedy to be used sparingly." *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995). Rule 403 authorizes exclusion when "the danger of prejudice [does] not merely outweigh the probative value of the evidence, but *substantially* outweigh[s] it." *Id.* (emphasis in original).

## III. ARGUMENT

The Court should deny Google's motion. Google cites four exhibits (PX-9, PX-14, PX-186, and PX-283), each of which is highly relevant to the issues in dispute. These issues include users' privacy expectations, Google's failure to obtain permission or consent, Google's culpable state of mind (e.g., how long Google knew that users were misled), and the offensiveness of Google's conduct. Although some documents concern ▇▇▇, that does not justify exclusion. They form part of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. If these studies were excluded, the jury would be left with an incomplete picture of Google's ▇▇▇▇▇▇▇▇▇. At trial, Google may seek to elicit testimony ▇▇▇▇▇▇▇▇▇. But Google's arguments provide no basis to exclude this highly relevant evidence.

**Relevance.** The four exhibits at issue (PX-9, 14, 186, 283) grew out of an internal Google program codenamed ▇▇▇ which had a "mission ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Santacana Ex. Q (PX-283) at -069. Although Google launched its ▇▇▇ program in part due to the General Data Protection Regulation (GDPR) in Europe, Google also ▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *Id.* Google employees involved with ▇▇▇ recognized that ▇▇▇

2

1
2          *Id.* at -071. Google naturally focused on
3                                                          . *See* Mao Ex. 5 (Miraglia Tr.) at 201:23–
4    202:6 (
5                                                  *see also* Mao Ex. 6 (PX-33) (U.S.-based
6    Google engineer writing:
7
8          In connection with        Google
9                                         Mao Ex. 7 (Fair Tr.) at 162:16–163:6
10
11                                        ; Mao Ex. 8 (Heft-Luthy Tr.) at 99:7–11
12
13                                        . *See* Mao Ex. 9 (de Booij Tr.) at 80:25–82:4 9.
14
15                                        . *See, e.g.*, Mao Ex. 7 (Fair Tr.) at 162:21–
16   163:6 (                                                                    ).
17         As reflected in the four exhibits identified in Google's motion, this evidence is highly
18   relevant:
19         **PX-14 is**
20
21
22
23
24
25
26
27
28

3

Case 3:20-cv-04688-RS   Document 544   Filed 07/10/25   Page 5 of 13

1  **PX-186** is
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18  **PX-283** is
19
20
21
22
23
24
25
26
27
28

PLAINTIFFS' OPPOSITION TO GOOGLE'S MIL NO. 4 RE: NON-U.S. CONSUMER STUDIES & SURVEYS
CASE NO. 3:20-CV-04688-RS

1  **PX-9** is ▮

2-12 ▮

13 ▮ Plaintiffs filed this lawsuit less than a month later, and either the study was
14 not completed or Google did not produce the results.

15  This is damning evidence. That Google's research repeatedly showed that ▮
16-18 ▮

19 Based on this and other evidence, the jury may conclude that Google's conduct was not only
20 intentional but especially offensive, given what its own research showed about user expectations.
21 The jury may also rely on this evidence to find that Plaintiffs' expectation of privacy was
22 reasonable and that Google did not obtain their consent or permission. The jury may be offended
23 by the fact that, by its own admission, ▮
24 ▮. The jury may also be offended by ▮
25 ▮
26 ▮

27  **Prejudice.** Google cannot possibly meet the high burden necessary to exclude these
28 documents under Rule 403. Google's complaints regarding the survey population—in studies

5

Google itself commissioned—are not grounds for exclusion. There is nothing prejudicial about presenting evidence of Google's internal admissions based on user research relating to privacy, consent, and (s)WAA.

Google's arguments regarding surveys designed and presented by testifying experts have no application here. Even if they did, it is well established that arguments regarding the "[t]echnical unreliability" of an expert survey "go[] to [its] weight … not its admissibility." *Prudential Ins. Co. v. Gibraltar Fin. Corp.*, 694 F.2d 1150, 1156 (9th Cir. 1982). That includes arguments regarding the survey population. *See, e.g.*, *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1143 & n.8 (9th Cir. 1997) (affirming admission of expert survey even though it "was only conducted in Southern California").[1] "Unlike novel scientific theories, a jury should be able to determine whether asserted technical deficiencies undermine a survey's probative value." *Id.* at 1143.

And those are the heightened standards applicable to *expert* surveys, which are not at issue here. This motion concerns documentation regarding surveys conducted in the ordinary course of Google's business. Such documents "need not meet the evidentiary standards of expert testimony" in Rule 702. *Int'l Marine, L.L.C. v. Delta Towing, L.L.C.*, 2011 WL 890680, at *3 (E.D. La. Mar. 11, 2011); *see also Chase Fed. Sav. & Loan Ass'n v. Chase Manhattan Fin. Servs., Inc.*, 681 F. Supp. 771, 780 (S.D. Fla. 1987) (allowing ordinary-course survey into evidence even though "it might well [have been] excludable" had it "been conducted for the purpose of litigation," for example because of a "failure to show that the survey universe was properly defined").

---

[1] *See also, e.g.*, *In re Pepperdine Univ. Tuition & Fees COVID-19 Refund Litig.*, 2023 WL 6373845, at *7 (C.D. Cal. Sept. 26, 2023) (C.D. Cal. Sept. 26, 203) (denying motion to exclude expert survey that did not "survey[] actual Pepperdine students" because "[c]oncerns about how representative a survey population is do not preclude the survey's admission"); *Cadena v. Am. Honda Motor Co.*, 2024 WL 4005097, at *6 (C.D. Cal. July 2, 2024) (denying motion to exclude expert survey despite an allegedly "improper survey population" because that "purported flaw[] go[es] only to the weight of the evidence and not its admissibility"); *Gunaratna v. Dennis Gross Cosmetology LLC*, 2023 WL 2628620, at *19 (C.D. Cal. Mar. 15, 2023) (denying motion to exclude expert survey because the "alleged flaws in [the] survey design (i.e., improper survey population [and other issues]) … go only to the weight of the evidence and not the admissibility"); *Express, LLC v. Forever 21, Inc.*, 2010 WL 3489308, at *8 n.10 (C.D. Cal. Sept. 2, 2010) ("Courts … have generally been reluctant to exclude survey evidence on the basis of purported methodological errors, especially alleged errors in the selection of sample demographics.").

It makes sense to hold testimony of retained experts to a higher standard. Such witnesses speak with the authority of an "expert," and if they are unscrupulous, there is a risk of influence from the litigation. These concerns do not apply to ordinary-course documents, and so the special reliability and fit requirements of Rule 702 do not apply either. *See Nestle Co. v. Chester's Mkt., Inc.*, 571 F. Supp. 763, 776 (D. Conn. 1983) ("[T]he same standard should not apply when admitting survey evidence developed before litigation as is applied to surveys developed for the purposes of litigation. The former are inherently more trustworthy, especially when the results are against the developer's interest, as is the case here."), *vacated on other grounds*, 609 F. Supp. 588 (D. Conn. 1985). Google exclusively cites cases applying the *Daubert* framework, which is irrelevant here.[2]

The surveys and related documents at issue in this motion amply exceed comparatively lenient standards under Rule 403. Google's two criticisms of its own surveys overlook important facts about those studies. And to the extent Google's criticisms are valid, jurors can assign these documents lesser weight. *See Southland Sod Farms*, 108 F.3d at 1143 ("[A] jury should be able to determine whether asserted technical deficiencies undermine a survey's probative value."). There is no basis under Rule 403 to exclude this evidence from trial.

*First*, Google's objection that these documents relate only to other geographies does not hold water. ███████████████████████████████████████████. *See, e.g.*, Santacana Ex. Q (PX-283) at -086 ███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████. *BoDeans Cone Co., L.L.C. v. Norse Dairy Sys., L.L.C.*, 678 F. Supp. 2d 883, 904 (N.D. Iowa 2009) ("[I]t is difficult

---

[2] *Citizens Fin. Grp. v. Citizens Nat'l Bank*, 383 F.3d 110, 118–19 (3d Cir. 2004) (expert survey); *Solofill, LLC v. Rivera*, 2018 WL 3357497, at *4 (C.D. Cal. May 16, 2018) (same); *1-800 Contacts, Inc. v. Lens.com, Inc.*, 2010 WL 5186393, at *4 (D. Utah Dec. 15, 2010) (same); *Citizens Fin. Grp. v. Citizens Nat'l Bank*, 2003 WL 24010950, at *5 (W.D. Pa. Apr. 23, 2003) (same); *Icon Enters. Int'l, Inc. v. Am. Prods. Co.*, 2004 WL 5644805, at *28 (C.D. Cal. Oct. 7, 2004) (same); *Lamphere Enters., Inc. v. Jiffy Lube Int'l Inc.*, 138 F. App'x 20, 23 (9th Cir. 2005) (same); *Elliot v. Google Inc.*, 45 F. Supp. 3d 1156, 1167 (D. Ariz. 2014) (same).

for the court to take seriously 'trustworthiness' challenges to a survey made by the very party that commissioned and use the survey in the first instance, albeit not for purposes of the present litigation."). ■■■.

See Mao Ex. 9 (de Booij Tr.) at 110:24–111:22 (testifying that ■■■ ■■■ ■■■ ■■■. See, e.g., Mao Ex. 16 (PX-326) at -980–81; see id. at 031 (■■■ ■■■. In fact, ■■■ ■■■ See Mao Ex. 17 at -311 ("■■■."); Mao Ex. 16 (PX-326) at -031 (showing that ■■■). It is no surprise that Google would ■■■ ■■■ See, e.g., Mao Ex. 15 at -577–78, 583–84, 586; Mao Ex. 18 (PX-2) at -000 ("■■■").

The notion that studies of Google users who happen to live in other countries would have zero probative value with respect to users in the United States strains credulity. *See Thunder Studios*, 2018 WL 11346849, at \*2 ("The evidence relating to Defendants' actions in, or relating to, Australia, is relevant. … While these actions are not close in geographic relation, it is difficult to ignore the connection between [the common course of conduct]."). The Court already rejected this argument in ordering the deposition of Mr. de Booij over Google's objection that he was a "European" user experience researcher. *See* Dkt. 299 (order granting Mr. de Booij's deposition); Dkt. 266 at 5 (objecting to his deposition in part on that basis).

*Second*, Google's contention that these studies relate to a limited set of privacy-conscious users is both factually questionable and irrelevant. Google relies on its disclosure expert, Dr. Hoffman, to establish this fact. Mot. 4. Dr. Hoffman, in turn, relies on the deposition testimony of Mr. de Booij. *See* Dkt. 473-2 (Hoffman Rep.) at 91–92, tbl. 13. But immediately after Mr. de Booij

suggested that his hypothesis concerned *privacy-conscious* users' expectations of (s)WAA, he clarified that this "was an assumption," based on "no facts." Mao Ex. 9 (de Booij Tr.) at 102:3–103:13. Regardless, Google's contention is not a valid criticism. This case concerns privacy-conscious users: every class member chose to turn off the (s)WAA privacy control.

Google's remaining arguments are meritless. The Court's *Daubert* Order does not prohibit Prof. Schneier from testifying about these documents. *See* Dkt. 511 at 5–7. Prof. Schneier relies on this evidence to support his opinion that "Google employees repeatedly identified problems with Google's disclosures regarding WAA/sWAA, but Google ignored them," which the Court did not exclude. *See* Dkt. 474-4 (Schneier Rep.) at § 11.7, ¶ 398; Dkt. 511 at 5–7. Although Prof. Schneier may not be a consumer expectations expert, Dkt. 511 at 5–7, he may nonetheless rely on survey results to support his other opinions. One "does not need to be a survey expert" to "rel[y] on surveys produced by … Defendant." *Boston Sci. Corp. v. Cook Med. LLC*, 2023 WL 1476573, at *12 (S.D. Ind. Feb. 2, 2023). The Order's reference to Paragraph 398, which cites some of the evidence at issue in this motion, appears to be a scrivener's error: the opinion the Court excluded begins with Paragraph 399. *See* Dkt. 511 at 6 (excluding the opinion that "Google Uses Dark Patterns to Manipulate User Behavior to Its Own Benefit, *see* Schneier Rep. ¶ 398–99"); Dkt. 474-4 (Schneier Rep.) at Dkt. 474-4 (Schneier Rep.) at § 11.8 ("Google Uses Dark Patterns to Manipulate User Behavior to Its Own Benefit," spanning ¶¶ 399-400).

Google's argument that Plaintiffs cannot establish the studies' methodology is false. Two of the exhibits themselves identify the studies' methodology. *See* Santacana Ex. P (PX-186), at -356–359 (providing information about "[p]articipants," "[r]esearch topics," and "[s]tudy setup"); Santacana Ex. O (PX-14) at -697 (identifying study's "Goals & Method," including "[t]opics," "[p]articipants," and "[p]rocedure"). It would not make sense to expect the other two exhibits to reflect a "methodology" because they concern Google's internal strategy, not survey results. *See* Santacana Ex. N (PX-9) at -299.R (Google's user researcher expected that ███████ ███████ Santacana Ex. Q (PX-283) at -069, -071 (describing "[t]he mission of the ███████" and Google's

awareness that ███████████████████████████████
████████████████████

Google fails to satisfy its burden under Rule 403. Google's research into users' expectations of the (s)WAA privacy controls is exceptionally powerful evidence. The mere fact that some of this research occurred outside of the United States does not render it prejudicial—and certainly not substantially more prejudicial than probative. Google itself relied on this research to understand its users worldwide, including in the United States. Google's made-for-litigation criticisms of its own research are not grounds for exclusion. Courts in the Ninth Circuit recognize that the jury can understand methodological criticisms of surveys and weigh their results accordingly. Google's motion should be denied.

## IV.   CONCLUSION

For these reasons, the Court should deny Google's fourth motion *in limine*, which seeks to exclude PX-9, PX-14, PX-186, and PX-283. The Court should not countenance Google's attempt to bury bad evidence, which shows just how long Google knew its users were misled.

Dated: July 10, 2025                     Respectfully submitted,

By: */s/ Mark C. Mao*

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

David Boies (admitted *pro hac vice*)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200

James Lee (admitted *pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (admitted *pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Alison L. Anderson, CA Bar No. 275334
alanderson@bsfllp.com
M. Logan Wright, CA Bar No. 349004
mwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Telephone: (813) 482-4814

Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley
afrawley@susmangodfrey.com
Ryan Sila
rsila@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
Michael F. Ram (CA Bar No. 238027)
mram@forthepeople.com
MORGAN & MORGAN, P.A.

1
2   201 N Franklin Street, 7th Floor
    Tampa, FL 33602
3   Telephone: (813) 223-5505
    Facsimile: (813) 222-4736
4
    *Attorneys for Plaintiffs*
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFFS' OPPOSITION TO GOOGLE'S MIL NO. 4 RE: NON-U.S. CONSUMER STUDIES & SURVEYS
CASE NO. 3:20-CV-04688-RS