| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP** | **SUSMAN GODFREY L.L.P.** |
| David Boies (admitted *pro hac vice*) | Bill Carmody (admitted *pro hac vice*) |
| 333 Main Street | Shawn J. Rabin (admitted *pro hac vice*) |
| Armonk, NY 10504 | Steven M. Shepard (admitted *pro hac vice*) |
| Tel: (914) 749-8200 | Alexander Frawley (admitted *pro hac vice*) |
| dboies@bsfllp.com | 1301 Avenue of the Americas, 32nd Floor |
| | New York, NY 10019 |
| Mark C. Mao, CA Bar No. 236165 | Tel.: (212) 336-8330 |
| Beko Reblitz-Richardson, CA Bar No. 238027 | bcarmody@susmangodfrey.com |
| 44 Montgomery St., 41st Floor | srabin@susmangodfrey.com |
| San Francisco, CA 94104 | sshepard@susmangodfrey.com |
| Tel.: (415) 293-6800 | afrawley@susmangodfrey.com |
| mmao@bsfllp.com | |
| brichardson@bsfllp.com | Amanda K. Bonn, CA Bar No. 270891 |
| | 1900 Avenue of the Stars, Suite 1400 |
| James Lee (admitted *pro hac vice*) | Los Angeles, CA 90067 |
| Rossana Baeza (admitted *pro hac vice*) | Tel.: (310) 789-3100 |
| 100 SE 2nd St., 28th Floor | abonn@susmangodfrey.com |
| Miami, FL 33131 | |
| Tel.: (305) 539-8400 | **MORGAN & MORGAN** |
| jlee@bsfllp.com | John A. Yanchunis (admitted *pro hac vice*) |
| rbaeza@bsfllp.com | Ryan J. McGee (admitted *pro hac vice*) |
| | 201 N. Franklin Street, 7th Floor |
| Alison L. Anderson, CA Bar No. 275334 | Tampa, FL 33602 |
| M. Logan Wright, CA Bar No. 349004 | Tel.: (813) 223-5505 |
| 725 S. Figueroa St., 31st Floor | jyanchunis@forthepeople.com |
| Los Angeles, CA 90017 | rmcgee@forthepeople.com |
| Tel.: (213) 629-9040 | |
| alanderson@bsfllp.com | Michael F. Ram, CA Bar No. 104805 |
| | 711 Van Ness Ave, Suite 500 |
| *Attorneys for Plaintiffs* | San Francisco, CA 94102 |
| | Tel: (415) 358-6913 |
| | mram@forthepeople.com |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 3:20-cv-4688-RS<br><br>**PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION *IN LIMINE* 2 (Dkt. 520)**<br><br>Judge: Hon. Richard Seeborg<br>Date: July 30, 2025<br>Time: 9:30 a.m. |

## I. INTRODUCTION

Google's second motion *in limine* is a thinly veiled attempt to hide evidence from the jury that is clearly relevant for the jury to determine Google's liability and also calculate the amount of damages. *See* Dkt. 520 (the "Motion"). Google seeks to exclude "any evidence and argument regarding disgorgement" based on its assertion that Google's profits and Plaintiffs' request to obtain an award of damages based on those profits (a measure of unjust enrichment) is somehow "irrelevant to any matter to be determined by the jury." *Id*. at 3.

Google's Motion should be denied for three reasons.

***First***, evidence and argument regarding Google's unjust enrichment based on Google's profits from the at-issue conduct (including as calculated by Plaintiffs' damages expert Michael Lasinski) is relevant to proving liability. The Ninth Circuit and courts in this circuit have found that this evidence is probative both in terms of whether Google's conduct was highly offensive (an element of the privacy tort claims) and also whether Google caused Plaintiffs to suffer damage or loss in violation of CDAFA. The jury will be determining these and other liability issues, and they should have access to the full record of relevant evidence, including Google's unjust enrichment. Labeling that evidence and argument "disgorgement" does not warrant exclusion.

***Second***, this evidence and argument is relevant because the jury can and should decide the amount of unjust enrichment to be awarded to Plaintiffs. Google tellingly does not cite a single case holding that unjust enrichment (or disgorgement) arising from CDAFA violations, invasion of privacy, or intrusion upon seclusion are issues for the Court, not a jury. *See id*. at 3–7. In situations such as these, courts routinely err on the safe side and send the issues to the jury. Doing so is well within the Court's discretion, and doing so here would not cause Google to suffer any unfair prejudice. Given the overlap with the liability issues, it makes sense for the jury to determine the proper amount of any unjust enrichment to be awarded in this case.

***Third***, there are no Rule 403 issues with any of this evidence. The jury is entitled to know how much money Google made from its unlawful conduct, and there is nothing prejudicial to Google or confusing in terms of allowing the jury to hear this relevant evidence.

## II. LEGAL STANDARD

"Relevant evidence is admissible" unless an exception applies. Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401; *see also Gardner v. Fed. Express Corp.*, 98 Fed. R. Evid. Serv. 866, 2015 WL 5821428, at *2 (N.D. Cal. Oct. 6, 2015) ("Rule 402 creates a general presumption that relevant evidence is admissible unless otherwise prohibited"). "Rule 403 allows the court to 'exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.'" *Gardner*, 2015 WL 5821428, at *2 (quoting Fed. R. Evid. 403).

"In suits at common law, where the value of controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII. "The right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate." Fed. R. Civ. P. 38(a). "[A] party may demand a jury trial" "[o]n any issue triable of right by a jury." Fed. R. Civ. P. 38(b). "In an action not triable of right by a jury, the court, on motion or on its own … may try any issue with an advisory jury." Fed. R. Civ. P. 39(c).

## III. ARGUMENT

### A. Evidence And Argument Regarding Google's Unjust Enrichment And Profits Are Relevant For The Jury's Liability Determinations.

Google's Motion should be denied because evidence and argument regarding Google's unjust enrichment and profits from the challenged conduct is relevant and important for purposes of the liability issues to be decided by the jury for all three of Plaintiffs' claims. Regardless of how the Court rules on the issue of who should calculate unjust enrichment, discussed below, this relevance alone requires the denial of Google's Motion.

Starting with CDAFA, the Ninth Circuit in *In re Facebook, Inc. Internet Tracking Litigation* ("*Facebook Tracking*") made clear that "California law recognizes a right to disgorgement of profits resulting from unjust enrichment" and that unjustly "profit[ing] from [plaintiffs'] valuable data" may

constitute "damage or loss" under the CDAFA. 956 F.3d 589, 599–601 (9th Cir. 2020). District courts have followed the Ninth Circuit's lead and recognized that a right to profits unjustly earned from misappropriated data constitute "damage or loss" for purposes of the CDAFA. *See, e.g.*, *Brown v. Google LLC*, 685 F. Supp. 3d 909, 940 (N.D. Cal. 2023) (damage or loss requirement based on plaintiffs' "stake in the value of their misappropriated data"); *see also Esparza v. Kohl's, Inc.*, 723 F. Supp. 3d 934, 945 (S.D. Cal. 2023) (same).

At class certification and summary judgment, this Court recognized the ability to prove damages or loss based on this type of evidence. *See* Dkt. 352 (Order Granting Class Certification) at 12 (proof that class members' data "carried financial value and that the defendant profited from this valuable data" can establish damage or loss for CDAFA claim); *see also* Dkt. 445 (Order Denying Summary Judgment) at 17–18 (same). As stated in the summary judgment ruling, "Plaintiffs have a stake in the value of their data" and "a reasonable juror could find that Plaintiffs suffered damage or loss because Google profited from the misappropriation of their data." Dkt. 445 at 18.

Evidence regarding how Google profited from the data misappropriation (e.g., Google's unjust enrichment to be measured by the disgorgement of profits) is also highly relevant to the merits of Plaintiffs' two privacy tort claims. Mr. Lasinski's calculation of Google's unjust enrichment and the evidence supporting that calculation will help the jury weigh "the likelihood of serious harm," "the degree and setting of [Google's] intrusion," Google's "motives and objectives," and how Google's conduct is inconsistent with "social norms"—all of which are probative of whether Google's conduct was "highly offensive." *Facebook Tracking*, 956 F.3d 589 at 606; *see also* CACI 1800. As permitted under the CDAFA, California law also allows for recovery of disgorgement of profits stemming from privacy torts. *See* Cal. Civ. Code § 1708.8(d) (statutory privacy claims allow for "disgorgement to the plaintiff of any proceeds"); *see also* Restatement (Third) of Restitution and Unjust Enrichment § 44 (2005), cmt. b ("[p]rofitable interference with other protected interests, such as the claimant's right of privacy, gives rise to a claim [for unjust enrichment]")).

Denying Google's Motion is also consistent with what happened in *Brown*. There, Google also moved *in limine* to exclude evidence and argument on unjust enrichment and disgorgement of

profits. *Brown v. Google*, 20-cv-3664, Dkt. 1027 (N.D. Cal.). Judge Gonzalez Rogers rejected Google's motion, ruling correctly that this evidence is "relevant to plaintiffs' claims and is not merely about damages." *Brown v. Google*, 20-cv-3664, Dkt. 1088, at 4–5 (N.D. Cal.). Evidence regarding how Google was unjustly enriched through profits Google obtained through its data misappropriation is relevant to the merits of every single claim that will come before the jury, and the jury should not be deprived of this important evidence in deciding these claims.

> **B.    Evidence And Argument Regarding Google's Unjust Enrichment And Profits Should Be Allowed So The Jury Can Calculate Those Damages.**

In addition, the Court should deny Google's Motion because the amount of unjust enrichment to be awarded should be presented to and decided by the jury. This is consistent with the Restatement: "If restitution to the claimant is accomplished exclusively by a judgment for money, without resort to any of the ancillary remedial devices traditionally available in equity but not at law, the remedy is presumptively legal." Restatement (Third) of Restitution and Unjust Enrichment § 4 cmt. d (2011). Here, Plaintiffs seek an award of unjust enrichment that would be accomplished exclusively by a judgment for money.

Granted, determining whether an issue is legal (for the jury) or equitable (for the court) "continues to be one of the most perplexing questions of trial administration." 9 Fed. Prac. & Proc. Civ. § 2302 (4th ed.) It is an issue-by-issue analysis, and "issues are not inherently legal or equitable. They are like chameleons which take their color from surrounding circumstances." *Id*. (quotations omitted); *see also Ross v. Bernhard*, 396 U.S. 531, 538 (1970) ("[t]he Seventh Amendment question depends on the nature of the issue to be tried"). Courts employ a two-part test to determine whether an issue is legal or equitable: "First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature. The second inquiry is the

more important in our analysis." *Woodell v. Int'l Broth. of Elec. Works, Local 71*, 502 U.S. 93, 97 (1991).[1]

Beginning with the first prong, there is unsurprisingly little (if any) authority for these claims. Google does not present a single case discussing (much less affirming) their interpretation that CDAFA classifies disgorgement as an equitable remedy, or that this interpretation would be dispositive on whether a Seventh Amendment right to a jury trial attaches to this issue.[2] *See* Mot. at 3–4. None of the decisions cited by Google analyze disgorgement arising from the claims at issue here. *See S.E.C. v. Rind*, 991 F.2d 1486, 1493 (9th Cir. 1993) (securities fraud); *GSI Tech., Inc. v. United Memories, Inc.*, 721 F. App'x 591, 594 (9th Cir. 2017) (breach of contract under Colorado law); *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1075–76 (9th Cir. 2015) (Lanham Act); *JL Beverage Co. v. Jim Beam Brands Co.*, 815 F. App'x 110, 112 (9th Cir. 2020) (same); *Harbor Breeze Corp. v. Newport Landing Sportfishing, Inc.*, 28 F.4th 35, 39 (9th Cir. 2022) (same, and no dispute whether disgorgement of profits arising from Lanham Act violations was an equitable issue); *Segovia v. Bach*, 2008 WL 3970661, at *12 (Cal. Ct. App. Aug. 27, 2008) (UCL).

It is important to note, however, that a jury trial right is recognized for at least one similar California claim. California has a statute that authorizes a plaintiff to sue a defendant who has "knowingly used" the plaintiff's "name, voice, signature, photograph, or likeness." Cal. Civ. Code § 3344(a). This statute expressly authorizes disgorgement of the defendant's profits. *Id*. (defendant

---

[1] Google argues that federal law is "inapplicable" to whether Plaintiffs' have a Seventh Amendment right to a jury trial on disgorgement of profits arising from their California state-law claims. Mot. at 5 (federal law is "inapplicable to this question of state-law relief"). This is incorrect: "the right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions." *Simler v. Conner*, 372 U.S. 221, 222 (1963); *see also In re Orange Cnty.*, 784 F.3d 520, 528 (9th Cir. 2015) ("[f]ederal courts (including ours) have applied *Erie* to hold that the right to a jury trial is a federal procedural issue controlled by federal law"); *see also* 9 Fed. Prac. & Proc. Civ. § 2303 (4th ed.) ("[i]t now also is clear that federal law determines whether there is a jury trial right in a case involving state law that has been brought in federal court").

[2] We have seen at least one instance in which the Ninth Circuit rejected the argument that statutory language controls and reversed a trial court for not sending damages to the jury. *See In re Tsay JBR LLC*, 136 F.4th 1176, 1180 n.2 ("the language of the state statute does not control here. Because the *Erie* doctrine requires us to apply federal procedural law, and because the right to a jury trial is procedural, federal law controls.").

5

1  "shall be liable to the injured party" not only for "actual damages suffered" but also for "any profits from the unauthorized use that are attributable to the use"). That disgorgement remedy is routinely awarded by juries, as evidenced by the fact that California has a model jury instruction on just this point. *See* CACI No. 1821 (instructing jury to determine the gross revenue that defendant "received from the use," subtract defendant's "expenses," and award the difference).

The second prong provides more clarity. "Legal remedies are distinct from equitable remedies in that they are intended to punish culpable individuals, as opposed to those intended simply to extract compensation or restore the status quo." *S.E.C. v. Jensen*, 853 F.3d 1100, 1106 (9th Cir. 2016) (quotations omitted). Generally speaking, issues in claims for monetary damages are legal in nature and historically conferred a right to a jury trial. *See S.E.C. v. Jarkesy*, 603 U.S. 109, 123 ("money damages are the prototypical common law remedy"); *but see* Restatement (Third) of Restitution and Unjust Enrichment § 4 (2011) ("[l]iabilities and remedies within the law of restitution and unjust enrichment may have originated in law, in equity, or in a combination of the two"). In *Great-West Life & Annuity Ins. Co. v. Knudson*, the Supreme Court examined the origins of restitution in the courts of both law and equity, noted that "whether it is legal or equitable depends on the basis for the plaintiff's claim and the nature of the underlying remedies sought" and concluded that "for restitution to lie in equity, the action must generally seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." 534 U.S. 204, 212–14 (2002) (quotations omitted).

There is good reason to find that the calculation of Google's unjust enrichment for purposes of disgorgement is a legal issue for the jury. The disgorgement available for Plaintiffs' claims under California law is intended to "deter[] [(i.e., punish)] improper conduct," indicating that it is intended to be legal in nature. *Meister v. Mensinger*, 230 Cal. App. 4th 381, 398–99 (2019). Furthermore, notwithstanding Google's arguments to the contrary, Plaintiffs are not seeking specific funds held by Google—any money that totals the amount of unjust profits Google made from the class members' (s)WAA-off data will do. *See* Mot. at 5. Plaintiffs are also not seeking any of the "ancillary remedial devices traditionally available in equity" with regard to disgorgement of the profits Google made

1  from Plaintiffs' (s)WAA-off data, further indicating that this is a legal issue for the jury to consider. Restatement (Third) of Restitution and Unjust Enrichment § 4 cmt. d (2011); *see also Erdmark Auto, Inc. v. Zurich Am. Ins. Co.*, 2019 WL 1002952, at *5 (D. Idaho Mar. 1, 2019) (denying motion *in limine* to exclude evidence regarding disgorgement and unjust enrichment from the jury because "any judgment … for disgorgement will solely be for money; there is no need to resort to constructive trusts or other legal figments").

Permitting the jury to decide this issue is also consistent with the "strong federal policy favoring jury trial of fact issues," where "federal courts should err on the side of jury trials when in doubt." 9 Fed. Prac. & Proc. Civ. § 2302.1 (4th ed.); *Synopsys, Inc. v. Real Intent, Inc.*, 2024 WL 4557334, at *3 (N.D. Cal. Oct. 22, 2024). This is the approach Judge Davila took in *Synopsys*, referring the issue of unjust enrichment to the jury "even if Synopsys did not have a formal right to jury trial on that issue." 2024 WL 4557334, at *3. Judge Chen did the same in *Onnyx Pharmaceuticals, Inc. v. Bayer Corp.*, denying the defendant's motion for a bench trial on equitable claims. 2011 WLL 4527402, at *3 (N.D. Cal. Sept. 21, 2011) ("[a]s plaintiff has at least a colorable right to trial by jury, the court will allow the case to proceed to jury trial" (quotations omitted)). Furthermore, even if the Court finds that these issues are equitable, there is no dispute that they overlap with legal issues that the jury will consider (i.e., the merits of Plaintiffs' claims) which alone warrants sending them to the jury. *See Jensen*, 835 F.3d at 1106 (where "a legal claim is joined with an equitable claim, the right to jury trial on the legal claim, including all issues common to both claims, remains intact"); *see also Iguacu, Inc. v. Cabrera*, 2012 WL 12920184, at *1 (N.D. Cal. Apr. 2, 2012) (Seeborg, J.) (when equitable and non-equitable issues overlap, they should be submitted to the jury).

At a minimum, the Court should permit the jury to consider evidence on disgorgement for the merits of Plaintiffs' claims and direct the jury to consider the remedy of disgorgement in an advisory capacity. *See* Fed. R. Civ. P. 39(c); *see also* 9 Fed. Prac. & Proc. Civ. § 2335 (4th ed.) ("it is completely within the trial judge's discretion under Rule 39(c) whether or not to use an advisory jury, and the district court's exercise of discretion is virtually unreviewable"). Google does not have any

right to a bench trial on this issue. *See Parker v. North Carolina*, 397 U.S. 790, 805 n.8 (1970) ("there is no constitutional right to a bench trial") (Brennan, J., concurring in part); *Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 20 (1963) ("[n]either [the Seventh] Amendment nor any other provision of the Constitution forbids [jury trials]" when there is no right to a jury trial); *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510 (1959) (while the Constitution confers a jury trial right, there is "no similar requirement [that] protects trials by the court"); *Anhing Corp. v. Viet Phu, Inc.*, 671 Fed. App'x 956, 958–59 (9th Cir. Nov. 4, 2016) (affirming denial of request for a bench trial on disgorgement of profits and noting absence of any "authority that [appellee] had a right to a bench trial"). Rule 39 empowers courts to empanel advisory juries to consider issues, even those that do not confer a constitutional right to jury trial. *See Synopsys, Inc.*, 2024 WL 4557334, at *3.

Courts routinely refer these issues to an advisory jury to mitigate the appellate risk of infringing a party's constitutional rights. *See, e.g.*, *Cisco Sys. Inc. v. Arista Networks, Inc.*, 2016 WL 11752975, at *7, n.2 (N.D. Cal. Nov. 16, 2016) (referring "the disgorgement of profits claim to the jury and treat the disgorgement verdict as advisory, if not conclusive"); *see also Oracle Am., Inc. v. Google Inc.*, 10-cv-03561, Dkt. 1789 (N.D. Cal. May 3, 2016) ("[t]he disgorgement issue will remain with the jury for decision and post-verdict, the Court will … at the very least treat the disgorgement issue as advisory, if not conclusive"); *see also Fahmy v. Jay-Z*, 07-cv-05715, Dkt. 677 (C.D. Cal. Oct. 9, 2015) (deciding to "have the issue of plaintiff's recover of profits presented to the jury" and to "treat the jury's verdict on this issue as advisory").[3] Google relies on *GSI Technology* to imply—without directly stating—that it would be reversible error to refer disgorgement of profits to the jury because it is "an equitable remedy [that] was 'outside the province of the jury.'" Mot. at 6 (quoting 721 F. App'x 591 at 594). This is incorrect. There, the issue of whether a jury trial may be had on disgorgement was not before the court—the Ninth Circuit merely affirmed the trial court's remitter and did not analyze its decision to send that issue to the jury. *See id*.[4]

---

[3] Indeed, by deciding to send the issue to the jury for an "advisory, if not conclusive" verdict these courts recognized the Court's option to rule on whether disgorgement should be decided by a jury or the Court at a later point in the trial, while simultaneously protecting the appellate record.

[4] The court also noted that *GSI Technology* is not precedential. *See* 721 F. App'x at 593 n.**.

8

### C. There Is No Rule 403 Basis For Any Exclusion.

Finally, there is no risk that evidence or argument on the profits Google made from (s)WAA-off data will impose any unfair prejudice on Google, much less any which would substantially outweigh its clear probative value. The crux of Google's argument is that the jury might take issue with Google's tremendous profits, collected by causing similarly tremendous harm—but that is not "unfair prejudice" under Rule 403. *See* Adv. Comm. Notes to Fed. R. Evid. 403 ("unfair prejudice" means "undue tendency to suggest decision on an improper basis"). In this case, there is nothing improper about considering the offensiveness of Google's conduct; indeed, the jury will be instructed to do so. *See* CACI 1800; *Foley v. City of Lowell, Mass.*, 948 F.2d 10, 15 (1st Cir. 1991) (where "egregiousness is a hallmark probative value," it is appropriate to admit evidence of "outrageous[]" events).

There is also no risk that providing evidence to the jury regarding Google's unjust enrichment "risks misleading them" into awarding artificially high damages. Mot. at 6. The unjust enrichment damages Mr. Lasinski calculates are dwarfed by the potential actual damages the Court held that the jury may elect to award in this case, and the Court has already addressed Google's concerns about "anchor[ing]]" the jury with their actual damages figure. Dkt. 462 at 1; *see also* Dkt. 453-11 (Lasinski Supplemental Report). In *Brown*, Judge Gonzalez Rogers rejected Google's prejudice arguments and permitted the jury to hear evidence and argument on disgorgement even though class-wide damages were not at issue. *Brown*, Dkt. 1088, at 4–5. There was no risk that Google would suffer a substantial risk of undue prejudice in *Brown*, and there is certainly no risk that it will here.

### IV. CONCLUSION

Plaintiffs respectfully ask that the Court deny Google's second Motion *in Limine*.

Dated: July 10, 2025                         Respectfully submitted,

By: *Mark C. Mao*
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)

9

brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile (415) 293-6899

David Boies (*pro hac vice*)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

James Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (*pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Alison L. Anderson (CA Bar No. 275334)
alanderson@bsfllp.com
M. Logan Wright (CA Bar No. 349004)
mwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
725 S. Figueroa St., 31st Floor
Los Angeles, CA 90017
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

10

Facsimile: (212) 336-8340

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram (CA Bar No. 238027)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

*Attorneys for Plaintiffs*