COOLEY LLP
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California  94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

Attorneys for Defendant
Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**DEFENDANT GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' OMNIBUS MOTIONS IN LIMINE**<br><br>Date:        July 30, 2025<br>Time:        09:30 A.M.<br>Courtroom:  3, 17th Floor, SF<br>Judge:       Hon. Richard Seeborg<br><br>Date Action Filed:  July 14, 2025<br>Trial Date:          August 18, 2025 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**DEFENDANT GOOGLE LLC'S OPPOSITION TO
PLAINTIFFS' OMNIBUS MOTIONS IN LIMINE
3:20-CV-04688-RS**

TABLE OF CONTENTS

PAGE

I.    INTRODUCTION .................................................................................................... 1

II.    ARGUMENT .......................................................................................................... 1

    A.    MIL No. 1: Counsel's Compensation ........................................................ 1

    B.    MIL No. 2: Lawyer-Driven Litigation ...................................................... 2

    C.    MIL No. 3: Size, Profitability, and Work of Counsel ............................... 4

    D.    MIL No. 4: Plaintiffs Who Voluntarily Dismissed Their Claims .............. 5

    E.    MIL No. 5: Plaintiffs' Complaint & Procedural History .......................... 8

    F.    MIL No. 6: Characterizations of the CDAFA, Including as an "Anti-Hacking Statute" .................................................................................. 13

    G.    MIL No. 7: Permission Based on Google's Agreements with App Developers ............................................................................................... 15

    H.    MIL No. 8: Plaintiffs' Continued Use of Apps Containing Google SDKs ............ 17

III.    CONCLUSION ..................................................................................................... 20

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

DEFENDANT GOOGLE LLC'S OPPOSITION TO
PLAINTIFFS' OMNIBUS MOTIONS IN LIMINE
3:20-CV-04688-RS

1

TABLE OF AUTHORITIES

2

PAGE(S)

3

**Cases**

4

*Allstate Ins. Co. v. Nassiri*,
    2013 WL 2394116 (D. Nev. May 30, 2013) ............................................................. 3

5

6

*Berry v. Wisconsin Cent. Ltd.*,
    2022 WL 3576203 (W.D. Wis. Aug. 19, 2022) .................................................... 14

7

*Boyer v. City of Simi Valley*,
    2024 WL 993316 (C.D. Cal. Feb. 13, 2024) ........................................................ 12

8

9

*Bryant v. OptumRX Pharmacy, Inc.*,
    2017 WL 5714721 (C.D. Cal. May 10, 2017) ..................................................... 12

10

11

*Campbell v. Consol. Rail Corp.*,
    2009 WL 36889 (N.D.N.Y. Jan. 6, 2009) ........................................................... 14

12

*Cherkin v. PowerSchool Holdings, Inc.*,
    2025 WL 844378 (N.D. Cal. Mar. 17, 2025) ...................................................... 18

13

14

*Copart, Inc. v. Sparta Consulting, Inc.*,
    277 F. Supp. 3d 1127 (E.D. Cal. 2017) ............................................................... 13

15

16

*Corcoran v. CVS Pharmacy, Inc.*,
    2021 WL 633809 (N.D. Cal. Feb. 18, 2021) ........................................................ 4

17

*Curry v. Revolution Labs., LLC*,
    2023 WL 5509337 (N.D. Ill. Aug. 25, 2023) ...................................................... 12

18

19

*Dial Corp. v. News Corp.*,
    2016 WL 690868 (S.D.N.Y. Feb. 17, 2016) ......................................................... 3

20

21

*Dysthe v. Basic Rsch., L.L.C.*,
    273 F.R.D. 625 (C.D. Cal. 2011) ......................................................................... 6

22

*In re Facebook, Inc. Internet Tracking Litig.*,
    956 F.3d 589 (9th Cir. 2020) .............................................................................. 18

23

24

*Francis v. Franklin*,
    471 U.S. 307 (1985) ........................................................................................... 14

25

26

*Frasco v. Flo Health, Inc.*,
    2025 WL 1433825 (N.D. Cal. May 19, 2025) .................................................... 18

27

*Hassebrock v. Air & Liquid Sys. Corp.*,
    2016 WL 4496917 (W.D. Wash. Apr. 11, 2016) ............................................. 9, 11

28

**TABLE OF AUTHORITIES**
(continued)

PAGE(S)

*Heeger v. Facebook, Inc.*,
    2019 WL 7282477 (N.D. Cal. Dec. 27, 2019) ........................................................ 18

*Heiting v. Taro Pharms. United States, Inc.*,
    709 F. Supp. 3d 1007 (C.D. Cal. 2023) ................................................................. 13

*Hernandez v. Hillsides, Inc.*,
    47 Cal. 4th 272 (2009) ...................................................................................... 5, 18

*Herrera v. Eli Lilly & Co.*,
    2015 WL 12911753 (C.D. Cal. Aug. 3, 2015) ........................................................ 3

*Huey v. Honeywell, Inc.*,
    82 F.3d 327 (9th Cir. 1996) ............................................................................... 9, 11

*Irving v. Dish Network LLC*,
    2013 WL 12317058 (N.D. Ga. July 22, 2013) ........................................................ 4

*Langer v. Kiser*,
    495 F. Supp. 3d 904 (S.D. Cal. 2020) ................................................................... 15

*Lerner v. Glickfeld*,
    187 Cal. App. 2d 514 (1960) ............................................................................... 10

*Lewis v. Ethicon (In re Ethicon, Inc., Pelvic Repair Sys. Prod. Liab. Litig.)*,
    2014 WL 505234 (S.D. W. Va. Feb. 5, 2014) ........................................................ 3

*Loos v. BNSF R. Co.*,
    2015 WL 5039342 (D. Minn. Aug. 26, 2015) ........................................................ 14

*Montera v. Premier Nutrition Corp.*,
    2022 WL 1465044 (N.D. Cal. May 9, 2022) ........................................................... 2

*Oyarzo v. Tuolumne Fire Dist.*,
    2013 WL 5718882 (E.D. Cal. Oct. 18, 2013) ........................................................ 12

*Palantir Tech., Inc. v. Abramowitz*,
    639 F. Supp. 3d 981 (N.D. Cal. 2022) .................................................................... 3

*Phoenix Techs. Ltd. v. VMware, Inc.*,
    2017 WL 2001981 (N.D. Cal. May 11, 2017) ........................................................ 12

*Pierce v. Cnty. of Orange*,
    526 F.3d 1190 (9th Cir. 2008) ................................................................................ 7

*PlanetID, LLC v. Digify, Inc.*,
    2021 WL 567371 (N.D. Cal. Jan. 12, 2021) ........................................................... 9

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

**DEFENDANT GOOGLE LLC'S OPPOSITION TO
PLAINTIFFS' OMNIBUS MOTIONS IN LIMINE
3:20-CV-04688-RS**

**TABLE OF AUTHORITIES**
**(continued)**

PAGE(S)

*Ramos v. Alvarez,*
  2021 WL 3488501 (E.D. Cal. Aug. 9, 2021), *aff'd,* 2024 WL 3811630 (9th Cir.
  Aug. 14, 2024) ........................................................................................................................... 6

*Ries v. Arizona Beverages USA LLC,*
  287 F.R.D. 523 (N.D. Cal. 2012) ............................................................................................. 19

*Schuh v. Oil Well Supply Co.,*
  50 Cal. App. 588 (1920) ...................................................................................................... 10, 11

*Shulman v. Grp. W Prods., Inc.,*
  18 Cal. 4th 200 (1998), *as modified on denial of reh'g* (July 29, 1998) ................................. 20

*Snyder v. Consol. Rail Corp.,*
  1995 WL 573583 (N.D. Ill. Sept. 26, 1995) ............................................................................ 14

*Spin Master, Ltd. v. Zobmondo Ent., LLC,*
  2012 WL 8134012 (C.D. Cal. Apr. 27, 2012) .......................................................................... 12

*State Farm Mut. Auto. Ins. Co. v. Porter,*
  186 F.2d 834 (9th Cir. 1950) .................................................................................................... 10

*Stegall v. Berryhill,*
  2018 WL 2332460 (N.D. Ill. May 23, 2018) ............................................................................ 12

*Stollings v. Ryobi Techs., Inc.,*
  725 F.3d 753 (7th Cir. 2013) ...................................................................................................... 4

*Tallman v. Freedman Anselmo Lindberg,*
  2013 WL 2631754 (C.D. Ill. June 12, 2013) ............................................................................. 4

*U.S. v. Winkle,*
  477 F.3d 407 (6th Cir. 2007) ..................................................................................................... 11

*United States v. GAF Corp.,*
  928 F.2d 1253 (2d Cir. 1991) ...................................................................................................... 9

*United States v. Magee,*
  645 F. Supp. 3d 1028 (D. Nev. 2022) ....................................................................................... 14

*Weeks v. Angelone,*
  528 U.S. 225 (2000) .................................................................................................................. 14

*Weidenhamer v. Expedia, Inc.,*
  2015 WL 1292978 (W.D. Wash. Mar. 23, 2015) ..................................................................... 19

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv

**DEFENDANT GOOGLE LLC'S OPPOSITION TO**
**PLAINTIFFS' OMNIBUS MOTIONS IN LIMINE**
**3:20-CV-04688-RS**

**TABLE OF AUTHORITIES**
**(continued)**

PAGE(S)

*World Tech Toys, Inc. v. CVS Pharmacy, Inc.*,
  2024 WL 5706160 (C.D. Cal. Nov. 22, 2024) ................................................................. 9, 11

*In re Yahoo Mail Litig.*,
  308 F.R.D. 577 (N.D. Cal. 2015) ........................................................................................ 19

*In re Zoom Video Commc'ns. Privacy Litig.*,
  525 F. Supp. 3d 1017 (N.D. Cal. 2021) ............................................................................. 13

**Other Authorities**

Fed. R. Civ. P.
  9(b) ...................................................................................................................................... 10
  23 ....................................................................................................................................... 4, 7

Fed. R. Evid.
  401 ................................................................................................................................... 5, 20
  402 ................................................................................................................................. 11, 20
  403 ........................................................................................................................... 11, 12, 20
  801 ........................................................................................................................................ 7
  801(d)(2)(A) ......................................................................................................................... 7
  804(a) .................................................................................................................................... 6
  804(a)(5) ............................................................................................................................ 5, 7
  804(a)(5)(A) .......................................................................................................................... 7
  804(b)(1) ............................................................................................................................... 6
  804(b)(1) ............................................................................................................................... 7

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

v

**DEFENDANT GOOGLE LLC'S OPPOSITION TO**
**PLAINTIFFS' OMNIBUS MOTIONS IN LIMINE**
**3:20-CV-04688-RS**

## I.    INTRODUCTION

Plaintiffs' Motions in Limine ("Pl. MILs" or "MIL") are overbroad and seek to exclude admissible evidence of (1) the class representatives, the circumstances of their involvement in the case, and the circumstances leading to the initiation of this litigation (MIL Nos. 2–3); (2) the deposition testimony of Mr. Cataldo, a named plaintiff and class representative appointed by this Court who subsequently announced his intention to voluntarily dismiss his claims hours before the parties filed their pretrial statement (MIL No. 4); (3) Plaintiffs' prior *factual* allegations in this case (MIL No. 5); (4) Google's agreement with app developers requiring them to disclose to their users that they were using Google Analytics (MIL No. 7); and (5) Plaintiffs' continued use of third-party apps that contain Google Analytics for Firebase (MIL No. 8). Such evidence is directly relevant to the issues in this matter and to Plaintiffs' credibility as witnesses. Plaintiffs also seek to limit Google's ability to call the CDAFA what it is—an anti-hacking statute, as universally found by courts in the Ninth Circuit (MIL No. 6). None of this evidence and argument risks unfairly prejudicing the jury or confusing the issues.

Google does not oppose Plaintiffs' Motion in Limine No. 1. Google also stipulates not to (1) use the term "lawyer-driven," (2) discuss the size, profitability, or experience of Plaintiffs' counsel or their firms, (3) make arguments about *why* former plaintiffs dropped their claims or offer evidence pertaining to former plaintiffs who dismissed their claims before being deposed, and (4) mention prior asserted legal claims against Google.

Google therefore respectfully requests that the Court deny Plaintiffs' Motions in Limine Numbers 2 to 8.

## II.    ARGUMENT

### A.    MIL No. 1: Counsel's Compensation

Google does not oppose Plaintiffs' Motion in Limine No. 1 and agrees not to discuss Plaintiffs' counsel's compensation, including the manner or amount of such compensation or that any such compensation may come from a percentage of the recovery in this case.[1]

---

[1] Google's counsel advised Plaintiffs' counsel that Google would consider a proposed stipulation to this effect when the parties first met and conferred via e-mail regarding the parties' motions in limine. ECF No. 531-1, Ex. A at 9.

Cooley LLP
Attorneys at Law
San Francisco

1

Defendant Google LLC's Opposition to
Plaintiffs' Omnibus Motions in Limine
3:20-CV-04688-RS

**B.    MIL No. 2: Lawyer-Driven Litigation**

Plaintiffs seek to bar argument that this matter is lawyer-driven. Google does not intend to and agrees not to refer to the litigation as "lawyer-driven." But Plaintiffs' Motion in Limine No. 2 does not just seek that relief; it is overbroad and reaches legitimate evidence and argument relevant to Google's defenses. The motion should be denied. To the extent Plaintiffs object at trial to a particular statement or line of examination, the Court can take up such objections as they arise.

As part of Google's defense, Google intends to introduce in evidence of relevant facts concerning the class representatives, the circumstances of their involvement in the case, and their beliefs (or lack thereof) in the merits of their claims. This Court has previously permitted inquiry into these subjects. *Montera v. Premier Nutrition Corp.*, 2022 WL 1465044, at *1 (N.D. Cal. May 9, 2022) (Seeborg, C.J.) (where defendant stipulated "to not put in evidence or argument . . . that this case is lawyer-driven litigation," defendant was not prohibited from questioning plaintiff regarding "how she became involved in this case and whether she had been dissatisfied with the Joint Juice product before learning of the case in an attorney advertisement," a line of questioning that plaintiff did not oppose).

Similarly, Google should be allowed to examine each class representative about how and why he or she became involved in this case. This line of cross-examination will show that the three remaining class representatives' participation in this lawsuit did not result from any belief that Google wronged them. Several other named plaintiffs have voluntarily withdrawn since the case was filed. Each of the remaining representatives were solicited by counsel: two Plaintiffs joined the lawsuit following non-privileged conversations with employees of Plaintiffs' counsel's law firm,[2] and the third joined after seeing an advertisement for the case.[3]

---

[2] Declaration of Eduardo E. Santacana in Support of Google's Opposition to Plaintiffs' Omnibus Motions in Limine ("Santacana Decl."), Ex. E (Rodriguez's Resp. to Interrog. No. 6 (July 13, 2022)) ("Rodriguez is an acquaintance with Arturo Garcia, an IT specialist at the Miami office of Boies Schiller Flexner LLP, who mentioned that Boies Schiller Flexner LLP was working on a case regarding Google"); Santacana Decl., Ex. B (Santiago Dep. Tr.) at 11:24–12:2, 12:8, 12:14–15 ████████████████████████████████████████████████ Santacana Decl., Ex. C (Harvey Dep. Tr.) at 104:13–15 ("This is the only time I contacted Boies Schiller. I saw an article that said that they had a case.").

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

**DEFENDANT GOOGLE LLC'S OPPOSITION TO
PLAINTIFFS' OMNIBUS MOTIONS IN LIMINE
3:20-CV-04688-RS**

The circumstances of a plaintiff's involvement in a class action are "probative of her credibility regarding her injuries." *Herrera v. Eli Lilly & Co.*, 2015 WL 12911753, at *4 (C.D. Cal. Aug. 3, 2015) (denying motion in limine to exclude evidence relating to Plaintiffs' decision to file the case because "[s]uch evidence is potentially relevant to Plaintiffs' credibility"); *Lewis v. Ethicon (In re Ethicon, Inc., Pelvic Repair Sys. Prod. Liab. Litig.*), 2014 WL 505234, at *3 (S.D. W. Va. Feb. 5, 2014) (denying motion in limine to exclude fact that plaintiff saw a television commercial regarding the litigation before filing suit). The authorities cited by Plaintiffs in support of their motion support this position. *Palantir Tech., Inc. v. Abramowitz*, 639 F. Supp. 3d 981, 988 (N.D. Cal. 2022) (excluding evidence of prior litigation for the purpose of showing non-class representative's motive in bringing the action, but admitting the same evidence for the purpose of showing that plaintiff delayed in protecting his rights and to show potential witness bias); *Allstate Ins. Co. v. Nassiri*, 2013 WL 2394116, at *5 (D. Nev. May 30, 2013) (excluding evidence of non-class representative plaintiffs' motive for bringing lawsuit but allowing evidence concerning when the investigation began and what information plaintiffs had when they decided to bring the lawsuit); *Dial Corp. v. News Corp.*, 2016 WL 690868, at *2 (S.D.N.Y. Feb. 17, 2016) (denying motion in limine to exclude communications concerning how named plaintiffs became involved in the lawsuit).

These authorities also support allowing the jury to hear that the class representatives did not investigate their claims and have no view on whether or not their claims are meritorious.[4]

Google has no intention of making derogatory comments about Plaintiffs' counsel or arguing that Plaintiffs' counsel's financial motivation for bringing this lawsuit undermines the

---

[4] Santacana Decl., Ex. D (Rodriguez Dep. Tr.) at 26:10–27:4 ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Santacana Decl., Ex. C (Harvey Dep. Tr.) at 104:13–18 ("This is the only time I contacted Boies Schiller. I saw an article that said that they had a case. I looked up their name, and I called them. I never knew the button didn't work up until we started having discussion."); Santacana Decl., Ex. B (Santiago Dep. Tr.) at 16:25–17:2 ██████████████████ 84:2–23.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT GOOGLE LLC'S OPPOSITION TO
PLAINTIFFS' OMNIBUS MOTIONS IN LIMINE
3:20-CV-04688-RS

merits of Plaintiffs' claims. But that is not the same as arguing that Plaintiffs themselves had impure, or just weak, motives for joining this case, and cannot credibly argue that they suffered actual harm. That distinguishes this case from the remaining authorities cited in Plaintiffs' motion. *See Stollings v. Ryobi Techs., Inc.*, 725 F.3d 753, 761 (7th Cir. 2013) (excluding unsupported argument that non-class representative's counsel brought the suit as part of a joint venture); *Irving v. Dish Network LLC*, 2013 WL 12317058, at *3 (N.D. Ga. July 22, 2013) (excluding evidence of other lawsuits filed by plaintiffs); *Tallman v. Freedman Anselmo Lindberg*, 2013 WL 2631754, at *3 (C.D. Ill. June 12, 2013) (excluding evidence and argument regarding non-class representative plaintiff's counsel's experience, comments about "greedy lawyers," and other *derogatory comments* about plaintiff's or his counsel's motivation for bringing the case). Nor does Google intend to argue generally that class action lawsuits are driven by lawyers. *See Corcoran v. CVS Pharmacy, Inc.*, 2021 WL 633809, at *2 (N.D. Cal. Feb. 18, 2021) (excluding evidence or argument that the litigation is "lawyer-driven" because "[c]lass actions are frequently driven by lawyers" and Rule 23 exists in part to address conduct where the value of recovery to an individual would not justify the cost of suit).

The Court should therefore deny Plaintiffs' motion insofar as it would prevent Google from eliciting evidence about or making argument concerning the circumstances surrounding the class representatives retaining counsel and becoming involved in this lawsuit. Google does not oppose the motion insofar as it prohibits Google from using the term "lawyer-driven."

### C.    MIL No. 3: Size, Profitability, and Work of Counsel

Google does not oppose Plaintiffs' Motion in Limine No. 3 insofar as it prohibits Google from discussing the size, profitability, or experience of Plaintiffs' counsel or their firms. However, Plaintiffs' requested relief is overbroad insofar as it seeks to prohibit Google from discussing the circumstances leading to the initiation of this litigation. Such evidence and argument is inextricably tied to Plaintiffs' testimony about how they learned about the alleged harm and became involved in this case. *See, supra*, Opposition to MIL No. 2.

Additionally, if Google is prohibited from discussing Plaintiffs' counsel's work and representation of plaintiffs in other privacy litigation against Google, Plaintiffs should equally be

1    prohibited from discussing such litigation. Plaintiffs concede that such evidence is irrelevant. ECF

2    No. 518 (Pl. MILs) at 5 ("Whether the parties . . . have other litigation against Google, etc. is not

3    relevant to the merits of this case; they do not have any tendency to prove the merits of Plaintiffs'

4    claims or Google's defenses under Rule 401.").[5] This statement applies with equal force to evidence

5    relating to other litigation and regulatory or governmental investigations generally involving

6    Google's privacy practices. *See* ECF No. 521 (Google's MIL No. 3).

### D.    MIL No. 4: Plaintiffs Who Voluntarily Dismissed Their Claims

8         Plaintiffs seek to bar Google from offering evidence and argument pertaining to former

9    Plaintiffs who voluntarily dismissed their claims. Like their other motions, Motion in Limine No. 4

10   has a reasonable core and an overreach that should be rejected.

11        Google does not oppose Plaintiffs' motion insofar as it seeks to preclude Google from

12   making arguments about *why* former Plaintiffs dropped their claims. Nor does Google seek to offer

13   evidence pertaining to *any* former Plaintiffs who dismissed their claims before being deposed.

14        But Google did depose Sal Cataldo, a named plaintiff and class representative appointed by

15   this Court who subsequently announced his intention to voluntarily dismiss his claims hours before

16   the parties' pretrial statement was due to the Court on June 24, 2025. Santacana Decl. at ¶ 8.

17   Mr. Cataldo's deposition testimony is highly probative and admissible under Federal Rule of

18   Evidence 804(a)(5) because he is an out-of-town witness unavailable to appear for trial.

19        ***First***, Mr. Cataldo's testimony, whether as an appointed class representative or a now-

20   absent class member, is highly relevant to Google's defenses. Plaintiffs must show that they had a

21   reasonable expectation of privacy in the data at issue and that Google's intrusion was so serious as

22   to constitute an egregious breach of social norms. *See Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272,

23   287 (2009) (stating the elements for the common law tort of intrusion). As part of its defense,

24   Google will demonstrate that Plaintiffs did not have a reasonable expectation of privacy in the at-

25   issue data because its disclosures as to (s)WAA were unambiguous and it properly disclosed its

26

---

[5] Google proposed stipulating that neither party should discuss Plaintiffs' counsel's work and representation of plaintiffs in other privacy litigation against Google on May 26, 2025. ECF No. 531-1, Ex. A at 9–10. Plaintiffs rejected Google's proposed stipulation. *Id*. at 6–7.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

**DEFENDANT GOOGLE LLC'S OPPOSITION TO
PLAINTIFFS' OMNIBUS MOTIONS IN LIMINE
3:20-CV-04688-RS**

1    recordkeeping practices. This will include refuting Plaintiffs' mischaracterizations as to the scope

2    of the (s)WAA settings, including that it should function as an ad blocker.

3        At deposition, Mr. Cataldo spoke on these highly relevant issues. He described himself as

4    a "privacy-minded" individual and offered testimony as to his understanding of what actions by

5    Google he considered highly offensive. *See, e.g.*, Santacana Decl., Ex. A (Cataldo Dep. Tr.) at 83,

6    159–164, 210. Specifically, he testified that, contrary to Plaintiffs' arguments in Court, he

7    understood that (s)WAA is not an ad blocker, and that while he could control ads personalization,

8    he understood that he could not use (s)WAA or the ads personalization button to prevent Google

9    from serving ads at all. *See* ECF No. 364-6 (Cataldo Dep. Tr.) at 152:18–153:18. Google would be

10   prejudiced if it could not introduce this and similar testimony to the jury on this point to counter

11   any arguments by Plaintiffs that imply that the (s)WAA control should have functioned as an ad

12   blocker. *See, e.g.*, ECF No. 364-23 (Expert Report of Michael J. Lasinski; offering a disgorgement

13   scenario where (s)WAA is treated as an ad blocker).

14       Where, as here, a former plaintiff has testimony relevant to the claims remaining in a case,

15   courts permit that testimony. *See Ramos v. Alvarez*, 2021 WL 3488501, at *5 (E.D. Cal. Aug. 9,

16   2021), *aff'd*, 2024 WL 3811630 (9th Cir. Aug. 14, 2024) (finding that it was neither erroneous nor

17   prejudicial for lower court to permit former plaintiffs to offer testimony relevant to the claims

18   remaining in the case); *see also Dysthe v. Basic Rsch., L.L.C.*, 273 F.R.D. 625, 629 (C.D. Cal. 2011)

19   (granting defendants' motion to compel deposition of named plaintiff who sought to voluntarily

20   dismiss the claims with prejudice because his claims regarding his experiences with the products

21   "have formed one of the bases of Plaintiffs' action from the outset of this litigation" and even if his

22   dismissal was granted, "his testimony as a percipient witness would nevertheless remain relevant").

23   All of the cases Plaintiffs cite to argue the contrary are factually distinguishable and the majority

24   are not from courts within this Circuit, making them persuasive authority at best.

25       ***Second***, Mr. Cataldo's testimony is admissible under Federal Rule of Evidence 804(a) and

26   804(b)(1). Plaintiffs do not dispute that Mr. Cataldo's deposition was lawfully noticed or taken,

27   that Plaintiffs' counsel had the opportunity to redirect Mr. Cataldo's testimony during the

28   deposition, or that it is being offered here against plaintiffs with whom he shares interests.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFENDANT GOOGLE LLC'S OPPOSITION TO
PLAINTIFFS' OMNIBUS MOTIONS IN LIMINE
3:20-CV-04688-RS

1    Therefore, Mr. Cataldo's prior deposition testimony may be permitted under Federal Rule of

2    Evidence 804(a)(5)(A) and is not excluded by the rule against hearsay.

3        In particular, Mr. Cataldo is an unavailable witness because Google has tried by process

4    and other reasonable means to procure his attendance at trial but has been unable to receive

5    assurance that he would be available to attend. *See* Fed. R. Evid. 804(a)(5) ("A declarant is

6    considered to be unavailable as a witness if the declarant . . . is absent from the trial or hearing and

7    the statement's proponent has not been able, by process or other reasonable means, to procure . . .

8    the declarant's attendance, in the case of a hearsay exception under Rule 804(b)(1)[.]" On July 7,

9    July 8, July 9, and again on July 10, 2025, Google exchanged correspondence and calls with

10   Plaintiffs' counsel to request assurances that Mr. Cataldo would be available to attend trial to no

11   avail. *See* Santacana Decl. at ¶ 9, Ex. F. Plaintiffs' counsel also ignored a subpoena on behalf of

12   Mr. Cataldo, who, upon information and belief, lives out of state, in New York, rendering him

13   outside of this Court's jurisdiction. *See id.*

14       Furthermore, Plaintiffs appear to concede that there may be instances where a court may

15   find that an absent class member—which Mr. Cataldo would be if he voluntarily dismissed his

16   claims without prejudice before trial—is a party opponent for purposes of admitting testimony as

17   admissions of a party-opponent under Rule 801(d)(2)(A) at trial. Specifically, Plaintiffs cite *Pierce*

18   *v. Cnty. of Orange* for the proposition that an absent class member may be treated as a party for

19   purposes of presenting their testimony at trial if there is "some mechanism to ensure that he or she

20   will represent the interests of the class." 526 F.3d 1190, 1202 (9th Cir. 2008). In *Pierce*, the court

21   found that defendants met their burden to offer absent class members' testimony. It considered that

22   most of the statements defendants sought to introduce were from absent class members whom

23   plaintiffs had disclosed on their witness list. The court also found that the requirements of Rule 801

24   and FRCP 23 were met because defendant's introduction of this evidence was conditioned on "the

25   [defendant's] ability to obtain absent class member statements on notice to plaintiffs' counsel,

26   disclosure of the nature of the suit, and plaintiffs' counsel's presence when the statements were

27   taken." *Id.* The factors the *Pierce* court found persuasive are all present here where Plaintiffs

28   noticed Mr. Cataldo for deposition when he was a party representative, lawfully deposed him, and

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

**DEFENDANT GOOGLE LLC'S OPPOSITION TO
PLAINTIFFS' OMNIBUS MOTIONS IN LIMINE
3:20-CV-04688-RS**

1    recently disclosed Mr. Cataldo on their trial witness list. ECF No. 534-3.

2         *Third*, introducing Mr. Cataldo's deposition would not prejudice Plaintiffs. Pl. MILs at 7–8.

3    Google only seeks to introduce the deposition testimony of Mr. Cataldo at trial. It does not intend

4    to call attention to other former Plaintiffs or speculate over the impetus for the voluntary dismissal

5    of their claims against Google. In fact, Google is willing to exclude from its exhibit list the exhibits

6    that Plaintiffs identified (*i.e.*, G114–16, G118–19, G123–25, G127–28, G132–35, G137, G153–54)

7    even though they include one document pertaining to Mr. Cataldo and another pertaining to

8    Ms. Harvey, who is still a named plaintiff in this case.

9         Plaintiffs argue that Mr. Cataldo's deposition could confuse the jury, leading them to

10   speculate about why he hasn't come to trial. But none of Mr. Cataldo's testimony concerns his

11   dismissal. And to the extent Google designates specific answers that Plaintiffs believe are

12   prejudicial, they can attack those answers with a scalpel, rather than this hatchet of a motion in

13   limine. Google does not anticipate any such issues will arise, though. What is prejudicial is that

14   Plaintiffs dismissed Mr. Cataldo from the case just before trial, knowing he had some of the most

15   damaging named Plaintiff testimony in the case. Google has a right to present it, to demonstrate

16   that Plaintiffs' claims are a tempest in a teapot that never hurt anyone. Plaintiffs can counter that

17   impression on the merits, not through an evidentiary motion.

18        Indeed, Plaintiffs can propose counter-designations of Mr. Cataldo's testimony. The Court

19   can also instruct the jury not to give any weight to Mr. Cataldo's absence from trial. Google does

20   not object to any of that. But the motion Plaintiffs did file goes far beyond reasonable interventions

21   to prevent jury confusion from highly probative evidence that should be admitted.

22        **E.    MIL No. 5: Plaintiffs' Complaint & Procedural History**

23        Plaintiffs move to exclude from trial any reference to their four prior, superseded

24   complaints. These pleadings contained allegations, including claims for illegal wiretapping, that

25   have since been abandoned or dismissed with prejudice. The effect of granting Plaintiffs' motion

26   would be to prevent the jury from considering how their theory of the case has evolved significantly

27   over the course of this litigation. This result is contrary to settled law. As one court put it, "[a] party

28   . . . cannot advance one version of the facts in its pleadings, conclude that its interests would be

8

better served by a different version, and amend its pleadings to incorporate that version, safe in the belief that the trier of fact will never learn of the change in stories." *United States v. GAF Corp.*, 928 F.2d 1253, 1259 (2d Cir. 1991). Because Plaintiffs' request would prevent the jury from seeing the full picture, their motion should be denied.

The evidence of Plaintiffs' prior allegations is admissible and essential. It is useful for impeaching the named Plaintiffs, who testified to having little personal knowledge of their own claims. It is also necessary context for the jury to evaluate Plaintiffs' current theory of liability and alleged harm, which differs substantially from the claims that initiated this case. The high probative value of this evidence overwhelmingly outweighs any minimal risk of prejudice.

***First***, superseded pleadings are admissible as evidentiary admissions and for impeachment under a deep and consistent body of federal and state law. The Ninth Circuit has held that "[w]hen a pleading is amended or withdrawn, the superseded portion ceases to be a conclusive judicial admission; but it still remains as a statement once seriously made by an authorized agent, and as such it is competent evidence of the facts stated, though controvertible, like any other extrajudicial admission made by a party or his agent." *Huey v. Honeywell, Inc.*, 82 F.3d 327, 333 (9th Cir. 1996) (internal citation omitted). Any argument that Plaintiffs or their counsel "made the admission without adequate information, that goes to its weight, not to its admissibility." *Id.*

District courts within this Circuit routinely deny motions similar to the one Plaintiffs bring here. Recently, a court in the Central District rejected a plaintiff's attempt to exclude prior complaints containing a purported "scrivener's error," holding that where "amendments are related to the accuracy and completeness of prior allegations," the prior statements have significant probative value. *World Tech Toys, Inc. v. CVS Pharmacy, Inc.*, 2024 WL 5706160, at *3 (C.D. Cal. Nov. 22, 2024). In this District, Judge Tigar noted that although a plaintiff had "deleted [] allegations from the FAC, they remain 'competent evidence of the facts stated.'" *PlanetID, LLC v. Digify, Inc.*, 2021 WL 567371, at *5 n.2 (N.D. Cal. Jan. 12, 2021) (internal quotations omitted). And where a defendant sought to use prior pleadings "as both non-binding evidentiary admissions and as impeachment," a court has found the evidence admissible, explaining that any counter-arguments or explanations simply go to the weight of the evidence and can be made to the jury.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DEFENDANT GOOGLE LLC'S OPPOSITION TO
PLAINTIFFS' OMNIBUS MOTIONS IN LIMINE
3:20-CV-04688-RS

1   *Hassebrock v. Air & Liquid Sys. Corp.*, 2016 WL 4496917, at *6 (W.D. Wash. Apr. 11, 2016).

2          California courts are in full accord. *See State Farm Mut. Auto. Ins. Co. v. Porter*, 186 F.2d

3   834, 839–40 (9th Cir. 1950) (applying state law). It is well-established that "where a party has

4   testified in an action, a superseded pleading may be used for purposes of impeachment." *Lerner v.*

5   *Glickfeld*, 187 Cal. App. 2d 514, 527 (1960); *see also Schuh v. Oil Well Supply Co.*, 50 Cal. App.

6   588, 590 (1920) ("[W]here a party is a witness, pleadings that have been superseded . . . are

7   available as admissions, and for use on cross-examination for purposes of impeachment."").

8   Plaintiffs' invitation for this Court to ignore this overwhelming weight of authority should be

9   rejected.

10          ***Second***, the procedural history of this case makes Plaintiffs' prior pleadings highly

11   probative on the central trial issues of credibility, liability, and harm. This case began with claims

12   that Google was engaged in a massive scheme of illegal data collection, wherein "secret scripts"

13   hidden in its code trawled for data on Google's behalf. ECF No. 109 (Order on Motion to Dismiss

14   FAC) at 6. Plaintiffs alleged violations of the Federal Wiretap Act and CIPA, but after the Court

15   dismissed their "secret scripts" theory under Rule 9(b) and later dismissed their CIPA § 631

16   wiretapping and breach of contract claims with prejudice, Plaintiffs were forced to abandon them.

17   *Id.* at 11–12; ECF No. 209 (Order on Motion to Dismiss TAC) at 1–2. What remains is a far more

18   modest claim that Google's privacy disclosures were technically misleading about basic,

19   pseudonymous record-keeping.

20          This evolution is important evidence for the jury. As Google detailed in its opposition to

21   MIL No. 2, the named Plaintiffs' deposition testimony revealed a profound lack of personal

22   knowledge and a complete reliance on their attorneys to formulate their claims.[6] Google must be

23   permitted to cross-examine them on the foundation of their beliefs, which were originally moored

24   _____

25   [6] For example, when asked for the basis of his claims, Plaintiff Julian Santiago testified that ███████

26   ██████████████████ Santacana Decl., Ex. B (Santiago Dep. Tr.) at 133:18–134:1. Plaintiff
     Aníbal Rodriguez testified that ██████████████

27   ██████████████ Santacana Decl., Ex. D (Rodriguez Dep. Tr.) at 27:9–28:10.
     Plaintiff Susan Harvey testified that her attorneys "never gave it to me" regarding her own

28   complaint and that her understanding came "[a]fter speaking with my attorney." Santacana Decl.,
     Ex. C (Harvey Dep. Tr.) at 27:6–9, 84:5–9.

to now-defunct allegations rather than the more benign conduct that remains at issue. This is classic, permissible impeachment. *See World Tech Toys*, 2024 WL 5706160, at *2 ("[P]rior versions of the operative complaint are admissible evidence (not conclusions), similar to other extrajudicial admissions made by a party or its agent.").

Furthermore, this evidence provides necessary context for the jury to evaluate Plaintiffs' claims. To prevail, Plaintiffs must prove Google's conduct was "'highly offensive' to a reasonable person." ECF No. 445 (Order Denying MSJ) at 10. A jury cannot fairly assess that element in a vacuum. This Court has already noted its own "reservations" that Plaintiffs can prove the current conduct is "highly offensive," observing that "routine commercial behavior" is not, and has limited any class-wide emotional harm to nominal damages. *Id.* at 11, 13, 17. The jury is entitled to see the gulf between what Plaintiffs initially alleged and what they must now try to prove to properly assess both liability and damages.

**Third**, the probative value of this evidence is not outweighed by any unfair prejudice under Rule 403. There is no danger of confusing the issues. Google does not seek to suggest Plaintiffs "must prove their earlier allegations." Pl. MILs at 9. Rather, the purpose is to impeach them by showing that their earlier pleadings contain factual assertions inconsistent with their current theory, a practice explicitly sanctioned by both federal and state courts. *See, e.g.*, *Huey*, 82 F.3d at 333 (admitting prior statements as "competent evidence of the facts stated"); *Schuh*, 50 Cal. App. at 590 ("[T]he rule is established in this state that where a party is a witness, pleadings that have been superseded by amended pleadings are available as admissions, and for use on cross-examination for purposes of impeachment[.]"). Any minimal risk of confusion can be easily cured by a standard limiting instruction clarifying for the jury the proper, limited use of the evidence. *See Hassebrock*, 2016 WL 4496917, at *6 (noting that any potentially offsetting evidence "can be explained to the jury" and does not warrant exclusion). The prejudice Plaintiffs fear is not unfair prejudice; it is simply the "legitimate probative force of the evidence" revealing an inconsistency in their case. *See U.S. v. Winkle*, 477 F.3d 407, 417 (6th Cir. 2007).

**Finally**, Plaintiffs' cited authorities are inapposite. Plaintiffs first argue that procedural history is routinely excluded as irrelevant under Rule 402, but the cases they cite are easily

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

DEFENDANT GOOGLE LLC'S OPPOSITION TO
PLAINTIFFS' OMNIBUS MOTIONS IN LIMINE
3:20-CV-04688-RS

distinguished. None involved the admission of prior substantive allegations for the well-established purpose of impeachment. In *Boyer v. City of Simi Valley*, the court excluded the procedural history only after counsel agreed it was irrelevant and failed to identify any specific reason for its admission. 2024 WL 993316, at *3 (C.D. Cal. Feb. 13, 2024). In *Phoenix Techs. Ltd. v. VMware, Inc.*, the court excluded a complaint because the defendant sought to use it to prove "motive," which was not an element of any claim, and found its relevance was "low." 2017 WL 2001981, at *5 (N.D. Cal. May 11, 2017). In *Bryant v. OptumRX Pharmacy, Inc.*, the plaintiff sought to introduce the case's procedural history to prove the defendant engaged in "frivolous trickery acts," which Google does not intend to attempt to prove here. 2017 WL 5714721, at *4 (C.D. Cal. May 10, 2017). And in *Oyarzo v. Tuolumne Fire Dist.*, the court merely prohibited the parties from mentioning that summary judgment had been granted on certain claims, which says nothing about the admissibility of the underlying substantive allegations for impeachment. 2013 WL 5718882, at *9 (E.D. Cal. Oct. 18, 2013).

Plaintiffs' reliance on Rule 403 is similarly unavailing. The cases cited do not grapple with the probative value at issue here, where prior allegations directly contradict a party's trial theory and are essential for assessing witness credibility. In *Spin Master, Ltd. v. Zobmondo Ent., LLC*, a factually complex case involving a reversed summary judgment order, the court's primary concern was the prejudice of introducing a court's own (later-reversed) judicial findings, not a party's own prior statements. 2012 WL 8134012, at *14–15 (C.D. Cal. Apr. 27, 2012). The out-of-circuit cases are no more helpful. In *Curry v. Revolution Labs., LLC*, the court feared confusing the jury about the legal implications of a prior dismissal, not the factual impeachment value of the prior allegations. 2023 WL 5509337, at *15 (N.D. Ill. Aug. 25, 2023). And in *Stegall v. Berryhill*, the court, while excluding the procedural history, actually admitted the underlying substance of the dismissed claims because the plaintiff's credibility was central to the case—a holding that supports Google's position. 2018 WL 2332460, at *4 (N.D. Ill. May 23, 2018). Plaintiffs' authorities do not support their motion.

To the extent the Court has any concerns in this area, Google stipulates not to mention prior asserted *legal claims* against Google, as this could conceivably confuse the jury about the claims

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

DEFENDANT GOOGLE LLC'S OPPOSITION TO
PLAINTIFFS' OMNIBUS MOTIONS IN LIMINE
3:20-CV-04688-RS

1   that remain in the case. This does not impact, however, Google's right to impeach Plaintiffs with

2   prior *factual allegations* they made about Google's conduct.

3   **F.   MIL No. 6: Characterizations of the CDAFA, Including as an "Anti-Hacking
        Statute"**

5   Plaintiffs seek to bar Google from presenting any argument on the legislative history, intent,

6   or purpose of the CDAFA, including calling the law an "anti-hacking" statute. Google does not

7   seek to instruct the jury on the meaning of the CDAFA, nor on the elements Plaintiffs must prove,

8   as providing those instructions is within the exclusive province of the Court. *See, e.g.*, 9th Circuit

9   Model Jury Instruction § 1.2 (2025). However, the law makes clear that Google is permitted to call

10  a statute what it is, particularly when Plaintiffs can point to no instance where this Court has

11  disagreed with or disparaged Google's characterization of the CDAFA as an anti-hacking statute.

12  Plaintiffs' request is thus overbroad and seeks to improperly limit Google's ability to persuade the

13  jury to find that the CDAFA does not apply to the facts of this case.

14  ***First***, in arguing that "the CDAFA is not *just* an 'anti-hacking' statute," Plaintiffs concede

15  that a central purpose of the law *is* to deter and punish hacking. Pl. MILs at 10. Courts in the Ninth

16  Circuit have universally so found. *See In re Zoom Video Commc'ns. Privacy Litig.*, 525 F. Supp.

17  3d 1017, 1043 (N.D. Cal. 2021) ("CDAFA is an anti-hacking statute intended to protect

18  Californians' 'computers, computer systems, and data.'"); *Heiting v. Taro Pharms. United States,*

19  *Inc.*, 709 F. Supp. 3d 1007, 1020 (C.D. Cal. 2023) ("The CDAFA was originally enacted to combat

20  'computer crime' and hacking."); *Copart, Inc. v. Sparta Consulting, Inc.*, 277 F. Supp. 3d 1127,

21  1161 (E.D. Cal. 2017) ("The CDAFA is 'an anti-hacking statute intended to prohibit the

22  unauthorized use of any computer system for improper or illegitimate purpose.' [Citation] The act

23  enumerates fourteen hacking-related crimes that trigger civil liability where a violation causes a

24  person 'damage or loss.'"). This Court has never departed from nor rejected this conventional

25  understanding of the CDAFA, notwithstanding Plaintiffs' inapposite citation to this Court's Order

26  on Google's Motion to Dismiss the FAC, ECF No. 109, which included only a statement on what

27  the elements of the CDAFA are. Plaintiffs' fear that "the jury may expect Plaintiffs to satisfy an

28  element that does not exist"—based merely on Google's (accurate) reference to the CDAFA as an

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

DEFENDANT GOOGLE LLC'S OPPOSITION TO
PLAINTIFFS' OMNIBUS MOTIONS IN LIMINE
3:20-CV-04688-RS

"anti-hacking" statute—is overblown, as this Court will carefully instruct the jury on the required elements it must find and the jury will follow those instructions. Pl. MILs at 10; *Francis v. Franklin*, 471 U.S. 307, 324 (1985) (jurors are presumed to "attend closely [to] the particular language of the trial court's instructions" and follow them); *Weeks v. Angelone*, 528 U.S. 225, 234 (2000) ("A jury is presumed to follow its instructions.").

**Second**, contrary to Plaintiffs' assertion, any mention of the CDAFA's purpose by Google is unlikely to mislead the jury on what the law means. And calling the CDAFA what it is would not constitute such an effort. At a minimum, this Court cannot at this stage determine that Google's framing of the CDAFA is "inadmissible 'on all potential grounds.'" *United States v. Magee*, 645 F. Supp. 3d 1028, 1033 (D. Nev. 2022). To support their overbroad argument that discussion of any legislative intent for any purpose is improper, Plaintiffs cite a series of cases specific to workers' compensation claims brought by railroad workers under the Federal Employers' Liability Act (FELA) and related laws, and do not proffer any showing that the holding of these cases has been extended to other contexts. The FELA context is unique, and an area in which the admissibility of evidence on congressional intent is frequently litigated, because plaintiffs' motivation in arguing about legislative purpose in these cases is often to mislead the jury on the plaintiff's burden of proof or to improperly stir the jurors' sympathies. *See, e.g.*, *Snyder v. Consol. Rail Corp.*, 1995 WL 573583, at *5 (N.D. Ill. Sept. 26, 1995) (motion in limine limited to argument that "the Congressional intent of FELA is to allow plaintiffs to recover easily"); *Berry v. Wisconsin Cent. Ltd.*, 2022 WL 3576203, at *3 (W.D. Wis. Aug. 19, 2022) (motion in limine limited to argument that the plaintiff has "no remedy under traditional workers' compensation law"). That is not what Google would seek to do here. Further, even within the FELA universe, courts have held that argument on the law's purpose can be admissible where relevant and not misleading. *See Campbell v. Consol. Rail Corp.*, 2009 WL 36889, at *4 (N.D.N.Y. Jan. 6, 2009) ("the Court . . . agrees with Plaintiff's counsel that mentioning the FELA statute, and briefly explaining who it applies to [including that it was specifically designed for railroad workers], is relevant and not unfairly prejudicial, confusing or misleading"); *Loos v. BNSF R. Co.*, 2015 WL 5039342, at *5 (D. Minn. Aug. 26, 2015) ("There is no reason why [the plaintiff] may not reference Congressional intent to

the extent that it is relevant to his FELA claim."). Similarly, Google should at a minimum be permitted to use language that accurately describes the CDAFA to the jury.

Here, Google's accurate characterization of the CDAFA as targeting "hacking" is consistent with its argument that Google's challenged conduct was innocuous record-keeping and behavior falling outside the scope of the CDAFA. This is not a prejudicial characterization that muddies the elements Plaintiffs must prove but a framing that is consistent with and necessary to Google's defense.[7] Accordingly, Google's limited use of the phrase "anti-hacking" or other similarly truthful shorthands for the CDAFA, universally accepted by Ninth Circuit courts to be an accurate statement of what the law does, is not categorically prejudicial and should not be excluded without more context. *See Langer v. Kiser*, 495 F. Supp. 3d 904, 909 (S.D. Cal. 2020) ("If evidence is not clearly inadmissible, evidentiary rulings should be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context.").

### G.    MIL No. 7: Permission Based on Google's Agreements with App Developers

Plaintiffs' Motion in Limine No. 7 seeks to exclude relevant evidence by raising the spectre of an argument Google will never make. At summary judgment, one argument Google made was that the relevant permission for CDAFA could be the permission given by app developers to Google to analyze their app data for them. ECF No. 383 (Google's MSJ) at 25. The Court rejected that argument, ECF No. 445 (Order Denying MSJ) at 16, and Google will not argue it at trial. There is no reason to be concerned that Google will press a rejected defensive theory.

But Plaintiffs' Motion in Limine No. 7 is not a motion to preclude Google from making that now-rejected argument at trial (a motion that Google would have stipulated to had it been made). Instead, Plaintiffs seek to exclude a category of evidence related to a different argument: that one factor in the consent analysis in this case is that both Google and app developers informed Google

---

[7] For example, Google argues that no improper taking, and no harm, were suffered by the class, and those are elements of the CDAFA claim. For another example, in assessing the appropriateness or amount of punitive damages, the jury must determine whether Google's conduct (if found to be unlawful) requires deterrence and what amount is necessary to prevent future violations of the CDAFA by Google. Knowing the purpose of the CDAFA would be relevant to this assessment, as the jury could find, with the understanding that the CDAFA targets hacking and hacking-like behavior, that any violation by Google resulted from oversight rather than malice.

1    account-holders that (1) Google Analytics exists, (2) Google's business partners use it, and (3) it

2    can collect non-personal information about a user's app activity. Google made those disclosures in

3    its privacy policy. ECF No. 383-2 (Google Privacy Policies).[8] And it required app developers using

4    Google Analytics for Firebase to disclose to their users that they were using Google Analytics too.

5    ECF No. 383-2 (GA4F ToS).

6         Against this backdrop, Google will argue at trial that it is not a reasonable interpretation of

7    the (s)WAA control that the control was meant to or that it should override the other, independent

8    disclosures made by Google and the apps themselves. Furthermore, as Google more recently

9    clarified in its motions in limine and meet and confer efforts with Plaintiffs' counsel, Google seeks

10   to limit the discussion of third-party apps and app developers, not expand it. The jury should be

11   instructed to assume, as the Court did in certifying the class at bar, that app developers did disclose

12   the use of Google Analytics for Firebase to their users for purposes of this class action.[9] Google

13   understands that Plaintiffs believe that wasn't enough; that both Google and the app developers

14   should also have disclosed that data would be collected regardless of a user's (s)WAA setting.

15   That's fine. No exclusion of evidence or argument is required here; that battle should be fought in

16   front of the jury.

17        Plaintiffs' motion seems also to request that Google be precluded from introducing evidence

18   or argument that Google obtained app activity data from the app developers with the developers'

19   permission. There is no basis for such an exclusion. Earlier in this case, Plaintiffs claimed that

20   Google embedded "secret scripts" into GA4F to deceive app developers about the data Google was

21

22   _____

     [8] *See* Declaration of Anibal Rodriguez in Support of Class Certification, ECF No. 315-7 (Appx.
23   A-5), at ¶ 3 ("When I opened my Google account in 2014, and in the years before filing this lawsuit,
     I had read Google's Terms of Service, Privacy Policy, and other Google disclosures to understand
24   what data was and was not collected when WAA and sWAA were turned off. I agreed to those
     terms."); Decl. of Sal Cataldo, ECF No. 315-5 (Appx. A-3), at ¶ 3 (same); Decl. of Julian Santiago,
25   ECF No. 315-8 (Appx. A-6), at ¶ 3 (same); Decl. of Susan Harvey, ECF No. 315-6 (Appx. A-4), at
     ¶ 3 (same).
26   [9] In certifying this class, this Court ruled that the parties can assume app developers secured consent
     from all class members for their apps to use Google Analytics. *See* ECF No. 352 (Class Cert. Order)
27   at 17–18 ("To the extent Google had a policy that required third party apps to disclose *Google's*
     policies to users, that evidence may be applied across the class. Google is correct that a factfinder
28   may have to analyze an app's specific disclosures to evaluate consent but that individual inquiry, if
     applicable, does not overwhelm predominating questions as to Google's privacy disclosures.").

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

DEFENDANT GOOGLE LLC'S OPPOSITION TO
PLAINTIFFS' OMNIBUS MOTIONS IN LIMINE
3:20-CV-04688-RS

1    obtaining. That theory, now debunked, should make no appearance at trial.

2        And besides, it is a foundational fact that app developers consent to the sending of analytics

3    data to Google; that is how the technology works, and Google is entitled to make that clear to the

4    jury. As this Court noted, "Google created software development kits, including Firebase and

5    Google Mobile Ads ('GMA') . . . [that] are incorporated into apps by third-party app developers

6    and allow Google to collect user data, including data regarding required fixes or updates . . .

7    Functionally, GA4F works by automatically sending to Google a user's ad interactions and certain

8    identifiers regardless of a user's (s)WAA settings, and Google will, in turn, provide analysis of that

9    data back to the app developer." ECF No. 445 (Order Denying MSJ) at 2. Plaintiffs do not identify

10   any reason why this basic, relevant fact would prejudice them.

11       Plaintiffs also make a vague, blanket request that "these third-party agreements should also

12   not be allowed." Pl. MILs at 11. But Plaintiffs don't identify which third-party agreements they

13   seek to exclude, they merely complain that Google has not produced or identified disclosures

14   stating what Plaintiffs wish they would have said. Plaintiffs' contention that "evidence and

15   argument based on these third-party agreements" would introduce jury confusion or create a mini-

16   trial is confusing. The fact that Google requires app developers to disclose their use of GA4F and

17   that third parties grant Google permission to process users' data is at the crux of the GA4F and

18   GMA SDK's functionality and Google's provision of the products and services underlying

19   Plaintiffs' dispute. And Google's policies reflecting that fact should be admissible (*see, e.g.*,

20   Google's Trial Exhibits G29–G35). The Court should not give any weight to Plaintiffs' argument.

21       In all, Plaintiffs' Motion in Limine No. 7 aims to exclude relevant, sometimes foundational

22   evidence based on a fear that will not be realized. The evidence should come in. Plaintiffs are free

23   to argue to the jury it should not carry the weight Google places on it.

24   **H.    MIL No. 8: Plaintiffs' Continued Use of Apps Containing Google SDKs**

25       Plaintiffs seek to bar Google from introducing evidence and argument that Plaintiffs

26   continued to use applications on their mobile devices that contain the at-issue Google SDKs,

27   including Google Analytics for Firebase and the Google Mobile Ads SDK. But their motion reflects

28   a fundamental misunderstanding of the reasons for which Google would seek to introduce this

Cooley LLP
Attorneys at Law
San Francisco

17

Defendant Google LLC's Opposition to
Plaintiffs' Omnibus Motions in Limine
3:20-CV-04688-RS

evidence. Google is not trying to put Plaintiffs in a "gotcha" position that would jeopardize their standing, nor planning to reference their continued use of these applications to argue that Plaintiffs consented (which, in any event, the Court has cautioned against, *see* ECF No. 352 (Class Cert. Order) at 13). Instead, Google seeks to furnish the jury with facts directly relevant to the claims at issue and to their assessment of any appropriate relief.

  ***First***, Plaintiffs' continued use of these apps is relevant to the jury's assessment of Plaintiffs' alleged harm and the degree of seriousness of Google's alleged intrusion. All four Plaintiffs admitted in their depositions that they made no meaningful changes in their behavior after learning of the alleged privacy violations. *See, e.g.*, ECF No. 329 (Opp. to Class Cert.) at 17–18 (collecting examples of Plaintiffs' deposition testimony to this effect). Even if continued use does not automatically constitute consent, it remains highly probative of the credibility of Plaintiffs' claimed harm and the extent of it that they allegedly suffered. For example, Plaintiffs' claims for intrusion upon seclusion and invasion of privacy under the California Constitution both require the fact-finder to "consider (1) the nature of any intrusion upon reasonable expectations of privacy, and (2) the offensiveness or seriousness of the intrusion, including any justification and other relevant interests." *Cherkin v. PowerSchool Holdings, Inc.*, 2025 WL 844378, at *2 (N.D. Cal. Mar. 17, 2025). This is a "context-specific . . . inquiry." *Heeger v. Facebook, Inc.*, 2019 WL 7282477, at *3 (N.D. Cal. Dec. 27, 2019); *see also Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 289 (2009) ("There are degrees and nuances to societal recognition of our expectations of privacy"). "The salient question" in determining the offensiveness or seriousness of any intrusion is whether the intrusion "was 'highly offensive to a reasonable person, and sufficiently serious and unwarranted so as to constitute an egregious breach of the social norms.'" *Frasco v. Flo Health, Inc.*, 2025 WL 1433825, at *13 (N.D. Cal. May 19, 2025) (quoting *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020)). Whether Plaintiffs continued to use the applications that they contend violated their privacy is a crucial piece of context for the jury to evaluate in determining the "offensiveness or seriousness" of Google's alleged conduct. *Cherkin*, 2025 WL 844378, at *2. The jury is entitled to weigh whether an individual truly offended would continue using these products with no meaningful changes in their behavior. This evidence will assist the jury to draw

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18

DEFENDANT GOOGLE LLC'S OPPOSITION TO
PLAINTIFFS' OMNIBUS MOTIONS IN LIMINE
3:20-CV-04688-RS

1    conclusions regarding the magnitude of the alleged violation, and should not be excluded.

2        In support of their argument, Plaintiffs cite three cases in which courts considered whether

3    a plaintiff's continued use of a product after learning of an alleged privacy violation (or other

4    alleged deception) precluded their ability to allege future injury as required to establish standing

5    for injunctive relief. *See In re Yahoo Mail Litig.*, 308 F.R.D. 577, 587 (N.D. Cal. 2015);

6    *Weidenhamer v. Expedia, Inc.*, 2015 WL 1292978, at *5 (W.D. Wash. Mar. 23, 2015); *Ries v.*

7    *Arizona Beverages USA LLC*, 287 F.R.D. 523, 533 (N.D. Cal. 2012). These cases are inapposite

8    and irrelevant. Contrary to Plaintiffs' assertions, Google is not attempting to argue that Plaintiffs'

9    continued use of these apps deprives them of Article III standing. *Id.* Google's point is simply that

10   a jury should be able to consider all relevant evidence in order to properly evaluate the degree of

11   claimed harm for purposes of determining liability and granting any relief.

12       ***Second***, the ubiquity of the at-issue Google SDKs does not "extinguish[]" the relevance of

13   Plaintiffs' continued usage of this technology. Pl. MILs at 13. Plaintiffs argue that applications

14   running Google SDKs are so pervasive that they have no practical choice but to continue using the

15   affected applications—but they provide no evidence that they even tried. This argument ignores

16   that there are many alternative apps that do not use Google Analytics and privacy tools on the

17   market, and nothing prevents users from limiting their app usage or taking other measures such as

18   switching to Apple's iOS.[10] Users choose to use Google products and services, and Plaintiffs are

19   no different. Indeed, Plaintiff Santiago testified that he willingly continued to engage with the very

20   apps he alleges violated his privacy simply because he liked them, even when alternatives *were*

21   available, a highly probative admission that in the cost-benefit of convenience and privacy, he chose

22   convenience. *See, e.g.*, ECF No. 324-23 (Santiago Dep. Tr.) at 180:1–11. This fact—and the similar

23   testimony offered by the other three Plaintiffs—is probative of the core issues in this case.

24       Indeed, Plaintiffs miss the point of this argument entirely: maybe a truly offended user

25   would stop using only *some* apps but not others, making fine judgments about how much privacy

26

27   _____

     [10] Plaintiffs claim that far fewer of the "top one thousand apps on iOS" employ "the at-issue Google
     SDKs" than on the Android operating system, which, by Plaintiffs' logic, would render iOS a better

28   choice for an individual seeking to avoid these SDKs. Pl. MILs at 13.

Cooley LLP
Attorneys at Law
San Francisco                                  19

**Defendant Google LLC's Opposition to
Plaintiffs' Omnibus Motions in Limine
3:20-cv-04688-RS**

to give up where they believe they are being surveilled. But these Plaintiffs made *no* changes in their behavior: no choice to change which app they use for this sensitive purpose or that, no decrease in usage, no checking privacy policies to see if GA4F is in use, nothing. If a reasonable person were subjected to a highly offensive intrusion of their privacy every single day as they used their phones, that reasonable person would be expected to do something, anything, to avoid the intrusion. These Plaintiffs never even tried.

*Third*, evidence about Plaintiffs' behavior is admissible under Rules 401, 402, and 403. Plaintiffs claim that the probative value of this evidence is outweighed by the "dangers of unfair prejudice, confusing the issues, and misleading the jury, where Plaintiffs would be penalized for behavior consistent with maintaining their standing." ECF No. 518 (Pl. MILs) at 15. As previously explained, this is not a standing issue. And evidence about Plaintiffs' continued use of certain applications is neither inflammatory nor cumulative of other evidence in the case. To the contrary, it is directly relevant and would in fact assist the jury by providing critical context of Plaintiffs' real-world behavior as the jurors evaluate the claims at issue. *See, e.g.*, *Shulman v. Grp. W Prods., Inc.*, 18 Cal. 4th 200, 237 (1998), *as modified on denial of reh'g* (July 29, 1998) ("each [invasion of privacy] case must be taken on its facts"). The probative value far outweighs any risk of prejudice, and barring this evidence would unfairly prevent Google from properly challenging Plaintiffs' narrative that they were misled, harmed, and had no meaningful choices.

## III.    CONCLUSION

For the foregoing reasons, Google respectfully requests the Court deny Plaintiffs' Motions in Limine Numbers 2 to 8 as overbroad and reaching legitimate evidence and argument relevant to Google's defenses.

1    Dated:   July 10, 2025                    COOLEY LLP

2

3                                             By:  */s/ Eduardo E. Santacana*
                                                  Benedict Y. Hur
4                                                 Simona Agnolucci
                                                  Eduardo Santacana
5                                                 Argemira Flórez
                                                  Harris Mateen
6                                                 Isabella McKinley Corbo

7                                             Attorneys for Defendant
                                              Google LLC
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28