| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP**<br>David Boies (admitted *pro hac vice*)<br>333 Main Street<br>Armonk, NY 10504<br>Tel.: (914) 749-8200<br>dboies@bsfllp.com<br><br>Mark C. Mao, CA Bar No. 236165<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>mmao@bsfllp.com<br>brichardson@bsfllp.com<br><br>James Lee (admitted *pro hac vice*)<br>Rossana Baeza (admitted *pro hac vice*)<br>100 SE 2nd St., 28th Floor<br>Miami, FL 33131<br>Tel.: (305) 539-8400<br>jlee@bsfllp.com<br>rbaeza@bsfllp.com<br><br>Alison L. Anderson, CA Bar No. 275334<br>M. Logan Wright, CA Bar No. 349004<br>725 S. Figueroa St., 31st Floor<br>Los Angeles, CA 90017<br>Tel.: (213) 629-9040<br>alanderson@bsfllp.com<br><br>*Attorneys for Plaintiffs* | **SUSMAN GODFREY L.L.P.**<br>Bill Carmody (admitted *pro hac vice*)<br>Shawn J. Rabin (admitted *pro hac vice*)<br>Steven M. Shepard (admitted *pro hac vice*)<br>Alexander Frawley (admitted *pro hac vice*)<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Tel.: (212) 336-8330<br>bcarmody@susmangodfrey.com<br>srabin@susmangodfrey.com<br>sshepard@susmangodfrey.com<br>afrawley@susmangodfrey.com<br><br>Amanda K. Bonn, CA Bar No. 270891<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel.: (310) 789-3100<br>abonn@susmangodfrey.com<br><br>**MORGAN & MORGAN**<br>John A. Yanchunis (admitted *pro hac vice*)<br>Ryan J. McGee (admitted *pro hac vice*)<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel.: (813) 223-5505<br>jyanchunis@forthepeople.com<br>rmcgee@forthepeople.com<br><br>Michael F. Ram, CA Bar No. 104805<br>711 Van Ness Ave, Suite 500<br>San Francisco, CA 94102<br>Tel.: (415) 358-6913<br>mram@forthepeople.com |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all other similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No.: 3:20-cv-4688-RS<br><br>**PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION *IN LIMINE* NUMBER 9 TO EXCLUDE EVIDENCE AND TESTIMONY RE: EMOTIONAL DISTRESS**<br><br>Judge: Hon. Richard Seeborg<br>Date: July 30, 2025<br>Time: 9:30 a.m. |

## I. INTRODUCTION

With this Motion, Google does not identify specific testimony from any deposition that it seeks to exclude at trial, or any portion of any expert report or document. Google instead seeks to broadly exclude unspecified "testimony and argument relating to Plaintiffs' alleged emotional distress damages." Mot. at 2. This does not make sense. As Google knows, Plaintiffs are not presenting a damages model based on emotional distress. Plaintiffs' damages models are based on the money Google made (unjust enrichment based on Google's profits) and the money Google never paid (compensatory damages based on Screenwise). Nominal damages also do not require the type of modeling disputed by Google.

In this respect, Google's Motion is misplaced. Of course, to the extent Google's goal with this Motion is to more broadly prevent the class representatives from testifying about the harm caused by Google's conduct, or to otherwise prevent Plaintiffs from eliciting testimony and presenting argument regarding the harm caused by Google's conduct, or offensiveness, that is also improper. Plaintiffs will present testimony and other evidence regarding how Google's conduct harmed Plaintiffs and class members in various ways, including by intruding on their privacy, taking their data without permission or consent, and using that data for Google's benefit without any compensation to Plaintiffs and class members. Plaintiffs do not see any of that testimony or evidence as "emotional distress damages" or evidence that would in any way stray beyond the prior orders of this Court and what is allowable in a class action.

Regardless, all of this is something that can readily be addressed at trial. Google's Motion should be denied as unnecessary in terms of any damages model based on emotional distress (there is none) and otherwise improper.

## II. ARGUMENT

*First*, Google's Motion should be denied because it does not address anything that is actually in dispute or at issue for trial. Plaintiffs are rightfully suspicious because Google cites no specific evidence that it seeks to exclude. Instead, it seeks to broadly exclude "testimony and argument relating to Plaintiffs' alleged emotional distress damages." Mot. at 2. Plaintiffs are not presenting a

1

damages model based on emotional distress, so this makes no sense. Plaintiffs will of course seek nominal damages for all of their claims, where this Court confirmed in its certification decision that nominal damages may be awarded on a classwide basis. Dkt. 445 at 13. But that is not a basis to limit any evidence or argument at trial.

**Second**, to the extent Google seeks to constrain the evidence and argument regarding the harm caused by Google's conduct, that is also a basis to deny this Motion. Harm is of course relevant. For example, the "highly offensive" inquiry for the invasion of privacy claims considers "the likelihood of serious harm to the victim" and "the degree and setting of the intrusion." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 606 (9th Cir. 2020). The jury should be able to consider testimony regarding the harm caused by Google when weighing the offensiveness of Google's conduct. Google can address that testimony through cross examination.

**Third,** Google's Rule 403 arguments also do not provide any support for its Motion. Plaintiffs will not be introducing a new damages model, so there is no prejudice in that respect. Google will not need to shift any defense strategy, and the jurors will not be misled or confused regarding the calculation of damages. Nominal damages do not require any such calculations. Testimony regarding the harm caused by Google's conduct is highly relevant and cannot possibly be excluded under Rule 403.

**Fourth**, there are no class certification problems. Plaintiffs will appear and testify in their capacity as class representatives, as appointed by the Court to serve in that role. The focus at trial will be on common proof addressing common questions, including common proof regarding how Google presented (s)WAA as a privacy control that would stop Google from saving app activity, but Google then proceeded to collect, save, and use that (s)WAA-off app activity for its own enrichment without ever paying users. Plaintiffs intend to proceed in a manner that is fully consistent with Rule 23's requirements and the prior submissions at the class certification and summary judgment stages, none of which improperly raised any individualized issues. In *Vasquez v. Leprino Foods Company*, the court considered and rejected a similar argument. 2023 WL 2167245, at *3 (E.D. Cal. Feb. 22, 2023). There, the defendants argued that the witness testimony would be overly individualized such that

"jurors will not be able to extrapolate these class member witnesses' claims to the entire class." *Id*. The court found that unpersuasive, writing that the "argument ultimately goes to the weight of the witnesses' testimonies, not their admissibility." *Id*. The potential "numerous mini-trials" Google references are just the routine practice of attacking testimony through cross examination and contrary evidence at trial. Google is free to do so.

### III.   CONCLUSION

Plaintiffs respectfully ask that the Court deny Google's Motion *in Limine* No. 9.

Dated: July 10, 2025                                Respectfully submitted,

By: /s/ *Mark C. Mao*
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile (415) 293-6899

David Boies (*pro hac vice*)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

James Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (*pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Alison L. Anderson (CA Bar No. 275334)
alanderson@bsfllp.com
M. Logan Wright (CA Bar No. 349004)
mwright@bsfllp.com

BOIES SCHILLER FLEXNER LLP
725 S. Figueroa St., 31st Floor
Los Angeles, CA 90017
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram (CA Bar No. 238027)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

*Attorneys for Plaintiffs*