| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP**<br>David Boies (admitted pro hac vice)<br>333 Main Street<br>Armonk, NY 10504<br>Tel.: (914) 749-8200<br>dboies@bsfllp.com<br><br>Mark C. Mao, CA Bar No. 236165<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>mmao@bsfllp.com<br>brichardson@bsfllp.com<br><br>James Lee (admitted pro hac vice)<br>Rossana Baeza (admitted pro hac vice)<br>100 SE 2nd St., 28th Floor<br>Miami, FL 33131<br>Tel.: (305) 539-8400<br>jlee@bsfllp.com<br>rbaeza@bsfllp.com<br><br>Alison L. Anderson, CA Bar No. 275334<br>M. Logan Wright, CA Bar No. 349004<br>2029 Century Park East, Suite 1520<br>Los Angeles, CA 90067<br>Tel.: (213) 995-5720<br>alanderson@bsfllp.com<br>mwright@bsfllp.com | **SUSMAN GODFREY L.L.P.**<br>Bill Carmody (admitted pro hac vice)<br>Shawn J. Rabin (admitted pro hac vice)<br>Steven M. Shepard (admitted pro hac vice)<br>Alexander Frawley (admitted pro hac vice)<br>Ryan Sila (admitted pro hac vice)<br>One Manhattan West, 50th Floor<br>New York, NY 10001<br>Tel.: (212) 336-8330<br>bcarmody@susmangodfrey.com<br>srabin@susmangodfrey.com<br>sshepard@susmangodfrey.com<br>afrawley@susmangodfrey.com<br>rsila@susmangodfrey.com<br><br>Amanda K. Bonn, CA Bar No. 270891<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel.: (310) 789-3100<br>abonn@susmangodfrey.com<br><br>**MORGAN & MORGAN**<br>John A. Yanchunis (admitted pro hac vice)<br>Ryan J. McGee (admitted pro hac vice)<br>Michael F. Ram, CA Bar No. 104805<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel.: (813) 223-5505<br>jyanchunis@forthepeople.com<br>rmcgee@forthepeople.com<br>mram@forthepeople.com |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 3:20-cv-04688-RS<br><br>**PLAINTIFFS' OPPOSITION TO GOOGLE LLC'S MOTION *IN LIMINE* 6 TO EXCLUDE TESTIMONY OF KENT WALKER AND CHRIS PALMER**<br><br>The Honorable Richard Seeborg<br>Courtroom 3 – 17th Floor<br>Date: July 30, 2025<br>Time: 9:30 a.m. |

## I. INTRODUCTION

Plaintiffs have every right to call Google employees Kent Walker and Chris Palmer for impeachment or to otherwise respond to Google's arguments and evidence at trial, because Plaintiffs may use them to contravene Google's contention that it somehow has a culture that encourages reporting and addressing privacy violations and concerns. Google does not, and both witnesses are in possession of personal knowledge that may be used to controvert such assertions. Plaintiffs currently do not intend to use Messrs. Walker and Palmer for any other purpose than for impeachment or to otherwise respond to Google's arguments and evidence.

## II. ARGUMENT

To be clear, it is Google who claims that it has a culture that encourages whistleblowing to improve consumer privacy and user experience; it is not Plaintiffs who accused otherwise. For example, Google's expert Dr. Donna Hoffman argued in her expert report that Google has a customer-centric approach that is committed to addressing users' privacy concerns and improving the user experience. *See, e.g.*, Dkt. 473-2 ¶ 19 (opining that Google has a user-centric approach to privacy), ¶ 77 (stating there is a "culture of constant improvement and evolution"), ¶ 163 (summarizing that "feedback from Google employees clearly shows that Google develops products with a goal of improving user experience"). Where Google opened this door, Plaintiffs have every right to respond and impeach—such is the nature of the adversarial process.

Plaintiffs are granted wide latitude in their use of a defendants' employees for impeachment—Rule 26 does not even require such disclosure. *Intel Corp. v. VIA Technologies, Inc.*, 204 F.R.D. 450, 451 (N.D. Cal. Dec. 12, 2001). Here, both Messrs. Walker and Palmer are in possession of material information that Plaintiffs may use to impeach and respond to Google's narratives. For example, Mr. Walker has been associated with Google's controversial decision to not retain Google Chat histories and its "Communicate With Care" program, that trained Google employees to avoid written communications on sensitive topics. *See, e.g.*, *United States v. Google LLC*, No. 1:20-cv-3010-APM (D. D.C. May 30, 2025), Dkt. 1005 (submission in antitrust litigation detailing Mr. Walker's 2008 "company-wide memo" directing that chat history at Google would be turned off by default because "Google continues to be in the midst of several significant legal

1  and regulatory matters," will "keep facing these kinds of challenges," and employees should
2  therefore "write carefully and thoughtfully" "about hot topics," because "anything [they] write can
3  become subject to review in legal discovery" and "inevitably creates problems in litigation"); *see*
4  *also United States v. Google LLC*, No. 23-cv-108 (E.D. Va. Aug. 27, 2024), Dkt. 1279 (Judge
5  Brinkema characterizing the same memo from Kent Walker as an "incredible smoking gun" about
6  Google's attempts "to hide relevant information going back to 2008").  Surely Plaintiffs have every
7  right to use this to impeach and respond to any attempts by Google to assert at trial that it has a
8  culture encouraging employees to speak up and voice privacy concerns.

9  Similarly, Mr. Palmer raised privacy concerns and objections at Google as an employee
10  regarding similar privacy controls for Google's Incognito mode, and he was also shut down.  His
11  testimony should be usable at trial as impeachment evidence or to otherwise respond to Google's
12  arguments or evidence to the contrary, just like Mr. Walker's testimony.  Google does not get to
13  talk about its general culture committed to addressing users' privacy concerns without Plaintiffs
14  being able to use specific examples where employee objections were not honored and respected,
15  like with Mr. Palmer.

16  If Google does not make the argument set forth by Dr. Hoffman—and does not otherwise
17  try to make a similar argument through some other mechanism—Plaintiffs are agreeable to not
18  using Messrs. Walker or Palmer. Still, Plaintiffs need to be ready to call these witnesses at trial,
19  because it was Google who opened the door to this issue through its own expert opinion.

20  **III.   CONCLUSION**

21  For the foregoing reasons, the Court should deny Google's Motion *in Limine* 6 and permit
22  Plaintiffs to call Kent Walker and Chris Palmer if and when Google's conduct at trial opens the
23  door to impeachment or for Plaintiffs to otherwise repsond.  In the alternative, the Court should
24  reserve ruling and revisit Google's Motion *in Limine* 6 at the appropriate time during trial.

25  Dated: July 10, 2025                         Respectfully submitted,

26                                                        By: */s/  Mark C. Mao*

27                                                        Mark C. Mao (CA Bar No. 236165)
                                                          mmao@bsfllp.com
28                                                        Beko Reblitz-Richardson (CA Bar No. 238027)

brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

David Boies (admitted *pro hac vice*)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200

James Lee (admitted *pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (admitted *pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Alison L. Anderson, CA Bar No. 275334
alanderson@bsfllp.com
M. Logan Wright, CA Bar No. 349004
mwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Telephone: (813) 482-4814

Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley
afrawley@susmangodfrey.com
Ryan Sila
rsila@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330

Amanda Bonn (CA Bar No. 270891)

PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION *IN LIMINE* 6
CASE NO. 3:20-CV-04688-RS

abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
Michael F. Ram (CA Bar No. 238027)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

*Attorneys for Plaintiffs*