**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Tel.: (213) 995-5720
alanderson@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
Ryan Sila (admitted pro hac vice)
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com
rsila@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Michael F. Ram, CA Bar No. 104805
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br>Defendant. | Case No.: 3:20-cv-04688-RS<br><br>**PLAINTIFFS' OPPOSITION TO GOOGLE LLC'S MOTION *IN LIMINE* 7 TO EXCLUDE EVIDENCE AND ARGUMENTS RELATING TO INCOGNITO MODE**<br><br>The Honorable Richard Seeborg<br>Courtroom 3 – 17th Floor<br>Date: July 30, 2025<br>Time: 9:30 a.m. |

**I.     INTRODUCTION**

With this motion *in limine*, Google seeks to exclude ten publicly-filed Incognito-related documents (PX-354 to PX-363) and one document produced by Google in this case (PX-31).

Plaintiffs do not wish to relitigate *Brown*, and Plaintiffs instead seek to introduce a limited set of Google-produced internal documents showing that Google's conduct in this case was not a mistake and that Google intended to deceive, with these documents going to motive, intent, and absence of mistake. *See* F.R.E. 404(b)(2); *Sanderlin v. City of San Jose*, No. 5:20-CV-04824-BLF, 2025 WL 1180730, at *4 (N.D. Cal. Apr. 23, 2025) ("acts may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.") (internal quotations and citations omitted).

These documents are especially relevant to the extent Google attempts to present character evidence or argument at trial to suggest, for example, that Google's privacy culture is user-centric, that Google respects and values users' privacy. In doing so, Google will then open the door for Plaintiffs to show examples that prove otherwise. Google should not be allowed to have its cake and eat it too. Google cannot simultaneously push the narrative at trial that Google has a culture that values and promotes users' privacy while simultaneously barring Plaintiffs from offering evidence that directly contradicts and otherwise responds to that evidence or argument.

Thus, Google's Motion should be denied. At minimum, the Court should defer ruling on this Motion until if or when these issues manifest at trial.[1]

---

[1] Google filed a separate motion *in limine* (Dkt. 524, Motion *in Limine* 6) to exclude Google's former employee Chris Palmer from testifying at trial. Plaintiffs' concurrently filed opposition to Google's Motion *in Limine* 6 explains that Mr. Palmer is a custodian for the Incognito-related documents and has personal knowledge about the contents of those documents. To the extent Google opens the door, Mr. Palmer's testimony about those documents would also be relevant.

## II. ARGUMENT

### A. Documents Showing that Google Failed To Address Known User Misconceptions Regarding Incognito to Instead Maintain Google's Profits Speak to Google's Intent, Motive, and Absence of Mistake.

Plaintiffs seek to admit a limited set of documents that evidence specific acts by Google to help prove Google's intent, absence of mistake, plan, and motive. While character evidence is inadmissible when offered to "prove that on a particular occasion the person acted in accordance with the character or trait" (Fed. R. Evid. 404(a)(1)), evidence of '[c]rimes, [w]rongs, or [a]cts' may be 'admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.'" *Sanderlin v. City of San Jose*, No. 5:20-CV-04824-BLF, 2025 WL 1180730, at *4 (N.D. Cal. Apr. 23, 2025).

These handful of documents demonstrate that Google employees recognized that another one of Google's purported "privacy" controls was deficient and that Google chose to do nothing, valuing profit over user privacy. For example, PX-354 is an email from September 23, 2014, where Google employee Chris Palmer admitted that "people don't and indeed cannot understand Incognito's guarantee(s) and non-guarantee(s). Even [Google's then CEO] Eric Schmidt, and even when accuracy is of paramount importance. Normal people have no chance." Omnibus Declaration of Mark C. Mao ("Mao Decl."), Exhibit 23. In PX-355, Mr. Palmer later that year continued with his criticisms, stating it was "long past time to re-brand Incognito" and that Google was "doubling down" with its deception. Mao Decl., Exhibit 24. In PX-356, Mr. Palmer in 2015 called Incognito "radioactive" and "a lie." Mao Decl., Exhibit 25. The other exhibits (PX-357 to PX-363) further confirm that Google still recognized the privacy problems with Incognito—even after being sued—but chose to do nothing to address them. Mao Decl., Exhibits 26–32.

### B. PX-31 is Relevant And Admissible For Other Reasons As Well.

Google's attempt to exclude PX-31 should fail for additional reasons. Google produced PX-31 *in this case*, and it is not just evidence of specific bad acts. PX-31 can readily be used in Plaintiffs' case-in-chief as relevant to show Google's motive for engaging in the at-issue conduct. PX-31 shows Google employees in 2018 recognized that based on Google's studies of its own users (which necessarily includes class members in this case) their users "don't have a good sense

of identity management" and are not aware of "what is happening in their current state in terms of data collection." Dkt. 531-10, at 1–2. Google employees also discussed whether Google is "willing to trade data/revenue for user trust and brand reputation." Dkt. 531-10, at 2. The substance of this document is clearly relevant to show Google's motive for engaging in the conduct at issue in this case. That is, that Google prioritizes profits over users' understanding.

### C. The Incognito-Related Documents Become Especially Relevant if Google Attempts to Offer Evidence or Argument of its "Good Character."

As an initial matter, "[c]haracter evidence is [ ] not admissible in a civil rights case," *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993), when offered to "prove that on a particular occasion the person acted in accordance with the character or trait," Fed. R. Evid. 404(a)(1)." *Sanderlin v. City of San Jose*, No. 5:20-CV-04824-BLF, 2025 WL 1180730, at *4 (N.D. Cal. Apr. 23, 2025). Consistent with that limitation, Google should not be allowed to offer argument or evidence—by way of jury addresses or witness testimony—that Google had a culture that valued users' privacy, cared about its users, was user centric, or something similar. If Google is somehow permitted to do so, then that would make it all the more important for Plaintiffs to be allowed to introduce the Incognito-related documents at trial as impeachment or to otherwise respond to Google's evidence.

### D. There Is No Danger Of Unfair Prejudice.

Under a Rule 403 balancing, Google's chief complaint is that if this evidence is introduced it would "mislead[] jurors into believing that this entirely separate product is at issue in this case." Mot. at 5. Plaintiffs do not expect any such confusion, and this will be clear at trial. At a minimum, these are issues that can be addressed at trial. *Jackson v. County of San Bernardino*, 194 F. Supp. 3d 1004, 1013–14 (C.D. Cal. 2016) (deferring ruling on motion *in limine* based on party's representation that evidence "may become relevant and/or admissible for impeachment or rebuttal"); *see also Gary v. Clark*, 654 F. Supp. 3d 1062, 1068 (E.D. Cal. 2023) (reserving ability of parties to introduce otherwise evidence ruled inadmissible under Rule 403 for purposes of impeachment if "opponent opens the door to allow for its admissibility"); *Harner v. USAA Gen. Indem. Co.*, 590 F. Supp. 3d 1217, 1234 (S.D. Cal. 2022) (holding that evidence of other bad acts

1  could become relevant if the opposing party "opens the door to the introduction of such
2  impeachment evidence").

3  Google's cases are inapposite as they are rulings where parties did not seek to introduce
4  evidence of specific acts under F.R.E. 404(b)(2). Nor did they seek to introduce evidence to
5  impeach, counter, or otherwise respond to character evidence. In *Pom Wonderful LLC v.*
6  *Tropicana Prods., Inc.*, the plaintiff alleged that juices were mislabeled and deceptively marketed.
7  2010 WL 11519185, at *5 (C.D. Cal. Nov. 1, 2010). In considering whether the plaintiff could
8  include other evidence about products that were launched after the products at issue in that
9  litigation were discontinued, the court found that such evidence "is not relevant" because it "does
10 not make any fact at issue more or less likely." *Id.* That is not the case here where the Incognito-
11 related documents are relevant to motive, intent, absence of mistake, etc.

12 *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.* is a patent infringement case where
13 one of the parties sought to exclude evidence or argument about an irrelevant machine that was
14 neither "an accused product" nor "prior art." 2006 WL 1627065, at *2 (N.D. Cal. June 12, 2006).
15 The court walked through a detailed assessment of the parties' arguments about why the machine
16 may or may not be relevant, and ultimately concluded that Rule 403 favored exclusion of the
17 irrelevant machine weighed against the "extremely limited probative value" that machine may
18 have on liability and damages. *Id.* Again, that is not the case here, where Plaintiffs should be
19 allowed to proffer these relevant documents, especially if this is to directly respond to Google's
20 narrative that it respects user's privacy.

21 **III.    CONCLUSION**

22 For these reasons, the Court should deny Google's Motion *in Limine* 7 and permit
23 introduction of the Incognito-related documents and also PX-31 (which was produced in this case
24 and is very clearly relevant). This is especially true if Google is permitted include evidence about
25 its character or culture. In the alternative, the Court should reserve ruling and revisit Google's
26 Motion *in Limine* 7 for if and when these issues arise at trial.

27 Dated: July 10, 2025                                  Respectfully submitted,

28                                                       By: */s/ Mark C. Mao*

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

David Boies (admitted *pro hac vice*)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200

James Lee (admitted *pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (admitted *pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Alison L. Anderson, CA Bar No. 275334
alanderson@bsfllp.com
M. Logan Wright, CA Bar No. 349004
mwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Telephone: (813) 482-4814

Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley
afrawley@susmangodfrey.com
Ryan Sila
rsila@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor

5

PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION *IN LIMINE* 7
CASE NO. 3:20-CV-04688-RS

New York, NY 10001
Telephone: (212) 336-8330

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
Michael F. Ram (CA Bar No. 238027)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

*Attorneys for Plaintiffs*