| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP**<br>David Boies (admitted pro hac vice)<br>333 Main Street<br>Armonk, NY 10504<br>Tel.: (914) 749-8200<br>dboies@bsfllp.com<br><br>Mark C. Mao, CA Bar No. 236165<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>mmao@bsfllp.com<br>brichardson@bsfllp.com<br><br>James Lee (admitted pro hac vice)<br>Rossana Baeza (admitted pro hac vice)<br>100 SE 2nd St., 28th Floor<br>Miami, FL 33131<br>Tel.: (305) 539-8400<br>jlee@bsfllp.com<br>rbaeza@bsfllp.com<br><br>Alison L. Anderson, CA Bar No. 275334<br>M. Logan Wright, CA Bar No. 349004<br>2029 Century Park East, Suite 1520<br>Los Angeles, CA 90067<br>Tel.: (213) 995-5720<br>alanderson@bsfllp.com<br>mwright@bsfllp.com | **SUSMAN GODFREY L.L.P.**<br>Bill Carmody (admitted pro hac vice)<br>Shawn J. Rabin (admitted pro hac vice)<br>Steven M. Shepard (admitted pro hac vice)<br>Alexander Frawley (admitted pro hac vice)<br>Ryan Sila (admitted pro hac vice)<br>One Manhattan West, 50th Floor<br>New York, NY 10001<br>Tel.: (212) 336-8330<br>bcarmody@susmangodfrey.com<br>srabin@susmangodfrey.com<br>sshepard@susmangodfrey.com<br>afrawley@susmangodfrey.com<br>rsila@susmangodfrey.com<br><br>Amanda K. Bonn, CA Bar No. 270891<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel.: (310) 789-3100<br>abonn@susmangodfrey.com<br><br>**MORGAN & MORGAN**<br>John A. Yanchunis (admitted pro hac vice)<br>Ryan J. McGee (admitted pro hac vice)<br>Michael F. Ram, CA Bar No. 104805<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel.: (813) 223-5505<br>jyanchunis@forthepeople.com<br>rmcgee@forthepeople.com<br>mram@forthepeople.com |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br>vs.<br><br>GOOGLE LLC,<br>        Defendant. | Case No.: 3:20-cv-04688-RS<br><br>**PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION IN LIMINE NO. 12 TO EXCLUDE EVIDENCE AND ARGUMENTS RELATING TO ALPHABET INC.'S AND GOOGLE'S TOTAL REVENUE**<br><br>The Honorable Richard Seeborg<br>Courtroom 3 – 17th Floor<br>Date: July 30, 2025<br>Time: 9:30 a.m. |

## I. INTRODUCTION

Alphabet and Google's total revenue is relevant to a number of contextual issues at trial, necessary for the education and deliberation of the jury. Plaintiffs have no intention of trying this case with a focus on Alphabet's revenues, either past or present – but those numbers are important to understand the various tasks placed in the hands of the jury.

Plaintiffs intend to present evidence and argument focusing on Google's revenues during the class period (in the past) as a necessary starting point for the jury to understand how the damages Plaintiffs seek are reasonable in relation to the total revenue that Alphabet regularly generates.

Additionally, as Google recognizes, Google's current financial condition is also relevant to the calculation of punitive damages. Therefore, unless this Court grants Google's pending bifurcation motion, it should at least allow this information to come in for the purposes of determining punitive damages.

Finally, while Plaintiffs disagree with the notion that allowing this evidence would prejudice Google in any way, Plaintiffs are amenable to working with Google on limiting instructions to address Google's concerns. Given the size of the classes at issue, the damages at issue were always going to be large as an absolute matter. But Plaintiffs would suffer prejudice if they were unable to present the jury with the perspective afforded by evidence of Google's size and revenues.

## II. ARGUMENT

### A. Google's Revenues Are Relevant to Liability and Damages

Evidence is relevant if it has any tendency to make a fact of consequence more or less probable than it would be without the evidence. Fed. R. Evid. 401.

Here, Google's total revenues are relevant in at least three ways. *First*, Google itself has opened the door regarding the reasonableness of Plaintiffs' damages request. *Second*, Google's profits may be relevant to Google's motives and the offensiveness of Google's conduct. *Third*, Google's revenues are relevant to determining punitive damages. *Finally*, including Google's revenues does not result in any ***unfair*** prejudice.

### 1. Google Opened the Door On The Reasonableness of Plaintiffs' Damages Request

First, evidence of Google's revenues will assist the jury by providing it with the perspective necessary to properly adjudicate Plaintiffs' requests for damages. As the Court is well aware, since class certification and *Daubert*, Google has repeatedly complained that the billions of dollars requested on behalf of the Class Members is somehow necessarily unreasonable. That is nonsense, given the fact that over a hundred million Class Members are at issue, and Google makes hundreds of billions a year.

Still, Google's complaints seemingly indicate that the parties agree on at least one point: that Plaintiffs' claims for actual damages, and for disgorgement, are both large enough, as an absolute matter, to create an undue risk that the jury will be skeptical of Plaintiffs' damages models. Given this risk, it is reasonable to provide the jury with the perspective necessary to fairly evaluate Plaintiffs' claims, namely, evidence of Google's annual revenues during the class period.

It will likewise assist the jury with understanding the nature of the damages Plaintiffs are requesting. For example, Google has argued that Mr. Lasinski's disgorgement calculations are seeking "full restitution," Dkt. 330 at 10-14, in a manner that might mislead the jury into thinking that Plaintiffs are asking for all of the profits that Google generated over the course of the class period. Of course, Plaintiffs are not, but given that Plaintiffs are seeking billions in disgorgement, there is a risk that this will not be immediately apparent to the jury, and Plaintiffs expect Google will do all it can to stoke that confusion. By allowing the jury to consider Google's total revenues, the Court can eliminate that risk without unduly prejudicing Google in any way.

### 2. Google's Revenues May Be Relevant to Motive and the Offensiveness of the Conduct

Evidence of the defendant's financial condition should not be excluded as prejudicial when the information is relevant to liability. *See Hangarter v. Paul Revere Life Ins. Co.*, 236 F. Supp.2d 1069, 1095 (N.D. Cal. 2002) (explaining that evidence was relevant to plaintiff's claim where "Defendants' profits, financial condition and financial statements helped establish Defendants' business strategies, incentives and practices") *affirmed in part, reversed in part by Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004) ("Defendants' profits,

financial condition, and financial statements helped establish Defendants' alleged business strategies, incentives, and practices").

Here, Google's revenues are relevant because it sheds light on Google's motives and the offensiveness of the conduct. Google spent nearly a decade promoting a privacy control that deceived users about the data Google would be collecting and monetizing without its users' consent. And Google did so even though, internally, Google employees repeatedly raised concerns about the misleading nature of the representations Google was making with the (s)WAA privacy control. That alone should be highly offensive, but Plaintiffs are entitled to argue that the offensiveness is amplified by the fact that Google betrayed its users' trust for what amounts to, over the course of eight years, less than 1% of the revenue it generated last year alone. Everyone knows that companies are out to make a profit, and everyone would understand why a company would want to increase its profits by billion of dollars. But without the knowledge that Google brought in 347 billion dollars in revenue during the last year alone, a jury would be unable to appreciate the extent to which Google was willing to deceive its users for additional gains.

### 3. Google's Revenues are Relevant to Punitive Damages

Finally, even if the Court were to decide not to admit evidence of Google's revenues for any of the reasons identified above, that the evidence should still be admissible because it is relevant to punitive damages. Google seemingly acknowledges as much, and rather than dispute this notion, it argues that trial should be bifurcated to avoid any prejudice that may be caused by evidence of its wealth. Plaintiffs have responded to Google's request for bifurcation in a separate opposition. *See* Dkt. 540. As we explained there, "the normal procedure is to try compensatory and punitive damage claims together with appropriate instructions to make clear to the jury the difference in the clear and convincing evidence required for the award of punitive damages[,]" *Hangarter*, 373 F.3d at 1021, and Google has failed to meet its burden of proving that bifurcation is warranted here.

### B.   Google Has Not Identified Any Meaningful Risk of Prejudice

Finally, with respect to unfair prejudice, Google contends that introducing evidence of Alphabet's and Google's revenues would unfairly create the impression in jurors' minds that this

case is "David versus Goliath." But that impression is not contingent on evidence quantifying Google's revenues. This is simply reality. Google's wealth is a well-known fact, particularly in this venire, and there is no reason to believe that providing the jury with particular numbers on that front will have any effect on Google's perception in that regard. *See Kehm v. Proctor & Gamble Mfg. Co.*, 724 F.2d 613, 623 (8th Cir. 1983) (addressing similar wealth disparity argument on appeal, and stating that because Defendant was a "well-known national company[,]" it was "highly probable that the members of the jury were already aware of the disparities in wealth between the parties[.]").

Google's prejudice arguments should be rejected because Google's claims of unfair prejudice are premised on unrealistic assumptions about the venire, and any risk of prejudice here can be addressed by a limiting instruction. *See Miller v. City of L.A.*, 661 F.3d 1024, 1030 (9th Cir. 2011) ("We have a strong presumption that jurors follow instructions"); *Snyder v. Bank of Am. N.A.*, 2020 WL 646200, at *13 (N.D. Cal. Nov. 3, 2020) ("[T]he Court may issue a jury instruction to preclude the jury from considering Defendant's net worth in determining liability or damages other than punitive damages.").

### III.   CONCLUSION

Google's motion should be denied, and the jury should be permitted to consider Alphabet's and Google's total revenues.

Dated: July 10, 2025

Respectfully submitted,

By: */s/ Mark C. Mao*

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

David Boies (admitted *pro hac vice*)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP

| | |
|---|---|
| 1 | 333 Main Street |
| | Armonk, NY 10504 |
| 2 | Telephone: (914) 749-8200 |
| 3 | |
| | James Lee (admitted *pro hac vice*) |
| 4 | jlee@bsfllp.com |
| | Rossana Baeza (admitted *pro hac vice*) |
| 5 | rbaeza@bsfllp.com |
| | BOIES SCHILLER FLEXNER LLP |
| 6 | 100 SE 2nd Street, Suite 2800 |
| | Miami, FL 33131 |
| 7 | Telephone: (305) 539-8400 |
| | Facsimile: (305) 539-1307 |
| 8 | |
| 9 | Alison L. Anderson, CA Bar No. 275334 |
| | alanderson@bsfllp.com |
| 10 | M. Logan Wright, CA Bar No. 349004 |
| | mwright@bsfllp.com |
| 11 | BOIES SCHILLER FLEXNER LLP |
| 12 | 2029 Century Park East, Suite 1520 |
| | Los Angeles, CA 90067 |
| 13 | Telephone: (813) 482-4814 |
| 14 | Bill Carmody (*pro hac vice*) |
| | bcarmody@susmangodfrey.com |
| 15 | Shawn J. Rabin (*pro hac vice*) |
| | srabin@susmangodfrey.com |
| 16 | Steven Shepard (*pro hac vice*) |
| 17 | sshepard@susmangodfrey.com |
| | Alexander P. Frawley |
| 18 | afrawley@susmangodfrey.com |
| | Ryan Sila |
| 19 | rsila@susmangodfrey.com |
| | SUSMAN GODFREY L.L.P. |
| 20 | One Manhattan West, 50th Floor |
| 21 | New York, NY 10001 |
| | Telephone: (212) 336-8330 |
| 22 | |
| | Amanda Bonn (CA Bar No. 270891) |
| 23 | abonn@susmangodfrey.com |
| | SUSMAN GODFREY L.L.P. |
| 24 | 1900 Avenue of the Stars, Suite 1400 |
| 25 | Los Angeles, CA 90067 |
| | Telephone: (310) 789-3100 |
| 26 | |
| | John A. Yanchunis (*pro hac vice*) |
| 27 | jyanchunis@forthepeople.com |
| | Ryan J. McGee (*pro hac vice*) |
| 28 | rmcgee@forthepeople.com |

5

PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION IN LIMINE NO. 12
CASE NO. 3:20-CV-04688-RS

| | |
|---|---|
| 1 | Michael F. Ram (CA Bar No. 238027) |
| 2 | mram@forthepeople.com<br>MORGAN & MORGAN, P.A. |
| 3 | 201 N Franklin Street, 7th Floor<br>Tampa, FL 33602 |
| 4 | Telephone: (813) 223-5505<br>Facsimile: (813) 222-4736 |
| 5 | |
| 6 | *Attorneys for Plaintiffs* |