| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP**<br>David Boies (admitted pro hac vice)<br>333 Main Street<br>Armonk, NY 10504<br>Tel.: (914) 749-8200<br>dboies@bsfllp.com<br><br>Mark C. Mao, CA Bar No. 236165<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>mmao@bsfllp.com<br>brichardson@bsfllp.com<br><br>James Lee (admitted pro hac vice)<br>Rossana Baeza (admitted pro hac vice)<br>100 SE 2nd St., 28th Floor<br>Miami, FL 33131<br>Tel.: (305) 539-8400<br>jlee@bsfllp.com<br>rbaeza@bsfllp.com<br><br>Alison L. Anderson, CA Bar No. 275334<br>M. Logan Wright, CA Bar No. 349004<br>2029 Century Park East, Suite 1520<br>Los Angeles, CA 90067<br>Tel.: (213) 995-5720<br>alanderson@bsfllp.com<br>mwright@bsfllp.com | **SUSMAN GODFREY L.L.P.**<br>Bill Carmody (admitted pro hac vice)<br>Shawn J. Rabin (admitted pro hac vice)<br>Steven M. Shepard (admitted pro hac vice)<br>Alexander Frawley (admitted pro hac vice)<br>Ryan Sila (admitted pro hac vice)<br>One Manhattan West, 50th Floor<br>New York, NY 10001<br>Tel.: (212) 336-8330<br>bcarmody@susmangodfrey.com<br>srabin@susmangodfrey.com<br>sshepard@susmangodfrey.com<br>afrawley@susmangodfrey.com<br>rsila@susmangodfrey.com<br><br>Amanda K. Bonn, CA Bar No. 270891<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel.: (310) 789-3100<br>abonn@susmangodfrey.com<br><br>**MORGAN & MORGAN**<br>John A. Yanchunis (admitted pro hac vice)<br>Ryan J. McGee (admitted pro hac vice)<br>Michael F. Ram, CA Bar No. 104805<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel.: (813) 223-5505<br>jyanchunis@forthepeople.com<br>rmcgee@forthepeople.com<br>mram@forthepeople.com |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 3:20-cv-04688-RS<br><br>**[PROPOSED] ORDER DENYING GOOGLE'S MOTIONS *IN LIMINE* NOS. 1-12**<br><br>The Honorable Richard Seeborg |

1

1      **[PROPOSED] ORDER**

2      Before the Court are Google's Motions *in Limine* Nos. 1-12 (Dkts. 519-530). For the
3 reasons that follow, the Court DENIES Google's Motions.

4      **Defendant's Motion *in Limine* No. 1 (Dkt. 519) is DENIED**. The deposition testimony
5 of Google's former senior engineer Mr. Blake Lemoine may be introduced into evidence and
6 considered by the jury. Plaintiffs promptly disclosed Mr. Lemoine after he contacted Plaintiffs'
7 counsel, and his testimony is relevant to how Google uses the at-issue data.

8      **Defendant's Motion *in Limine* No. 2 (Dkt. 520) is DENIED**. Evidence and argument
9 pertaining to disgorgement of profits and unjust enrichment are relevant to the merits of each of
10 Plaintiffs' claims and may be properly considered by the jury. *See In re Facebook, Inc. Internet*
11 *Tracking Litig.*, 956 F.3d 589, 599–601, 606 (9th Cir. 2020).

12     **Defendant's Motion *in Limine* No. 3 (Dkt. 521) is DENIED**. The first half of Google's
13 motion, which seeks to exclude evidence about "data leaks or misuse," rehashes the same
14 arguments this Court already rejected in the *Daubert* ruling. *See* Dkt. 511 at 5 (Professor Schneier
15 may opine on the "negative consequences of the misuse of one's data"). The second half of
16 Google's motion addresses just two trial exhibits (PX 364 and 365), which are at a minimum
17 admissible under Rule 404(b)(2) to prove Google's knowledge and intent and are also relevant to
18 punitive damages.

19     **Defendant's Motion *in Limine* No. 4 (Dkt. 522) is DENIED**. Google's studies of users'
20 privacy sentiments and expectations with respect to (s)WAA are highly probative of many of the
21 issues in dispute. The fact that some of these studies did not occur in the United States does not
22 render them substantially more prejudicial than probative. Indeed, Plaintiffs identified evidence
23 that Google relied on these studies in creating its own global strategy, including in the United
24 States. These documents may not be excluded under Rule 403 or any other Rule.

25     **Defendant's Motion *in Limine* No. 5 (Dkt. 523) is DENIED**. Google employees'
26 statements regarding the state of user privacy at Google, Sundar Pichai's many public promises of
27 control over what Google collects, Google's internal reaction to allegations concerning Web &

28

App Activity, and the history of the Web & App Activity privacy controls are all relevant to core issues in this case. That includes the jury's inquiries into the reasonableness of Plaintiffs' expectation of privacy; consent and permission; Google's state of mind; and the offensiveness of Google's conduct. Google does not identify unfair prejudice that substantially outweighs the probative value of this evidence.

**Defendant's Motion *in Limine* No. 6 (Dkt. 524) is DENIED**. Plaintiffs are permitted to call Messrs. Kent Walker and Chris Palmer as impeachment witnesses or to otherwise respond to any evidence or argument that Google valued user privacy.

**Defendant's Motion *in Limine* No. 7 (Dkt. 525) is DENIED**. Plaintiffs are permitted to introduce specific act evidence, including Incognito-related documents as they go to Google's motive, intent, and absence of mistake in regards to the claims at issue in this case.

**Defendant's Motion *in Limine* No. 8 (Dkt. 526) is DENIED**. This motion addresses three exhibits that reflect meet-and-confer communications from Google's counsel to Plaintiffs and contain factual representations relevant to data that Google provided. These documents are therefore admissible under FRE 801(d)(2). In any event, as Plaintiffs note, the factual material within these exhibits should become factual stipulations.

**Defendant's Motion *in Limine* No. 9 (Dkt. 527) is DENIED**. Google seeks to exclude evidence about "alleged emotional distress damages." But Plaintiffs are not presenting a damages model based on emotional distress. To the extent Google is seeking to exclude evidence about harm, the motion is denied. Evidence of harm is at least relevant to Plaintiffs' invasion of privacy claims, and the jury should be able to consider testimony regarding the harm caused by Google when weighing the offensiveness of Google's conduct. Google is free to address that testimony or evidence through cross examination.

**Defendant's Motion *in Limine* No. 10 (Dkt. 528) is DENIED**. This motion is mostly moot. Plaintiffs have explained they will not seek to "litigat[e] the adequacy" of "each and every" app privacy policy on a policy-by-policy basis, so there is no evidence or argument for the Court

to exclude. Insofar as Google also seeks to limit the arguments that can be made about the Google Analytics Terms of Service (Mot. at 5), that request is DENIED.

**Defendant's Motion *in Limine* No. 11 (Dkt. 529) is DENIED**. Google claims that Plaintiffs lack "any factual basis" to argue that Google collected "sensitive" data from (s)WAA-off users. Mot. at 5. Among other flaws, this argument is procedurally improper. "A motion in limine is not a proper vehicle for a party to ask the Court to weigh the sufficiency of the evidence to support a particular claim or defense, because that is the function of a motion for summary judgment." *Int'l Metaphysical Ministry, Inc. v. Wisdom of Heart Church*, 2022 WL 19691043, at *5 (N.D. Cal. Dec. 19, 2022).

**Defendant's Motion *in Limine* No. 12 (Dkt. 530) is DENIED**. Evidence and argument pertaining to Google's revenues is relevant to the merits of each of Plaintiffs' claims and may be properly considered by the jury.

**IT IS SO ORDERED.**

DATED: _____    _____

                                                Honorable Richard Seeborg
                                                Chief United States District Judge