**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted *pro hac vice*)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
mmao@bsfllp.com
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted *pro hac vice*)
bcarmody@susmangodfrey.com
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted *pro hac vice*)
jyanchunis@forthepeople.com
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505

*Counsel for Plaintiffs; additional counsel
listed in signature blocks below*

**COOLEY LLP**
BENEDICT Y. HUR (SBN: 224018)
bhur@cooley.com
SIMONA AGNOLUCCI (SBN: 246943)
sagnolucci@cooley.com
EDUARDO E. SANTACANA (SBN: 281668)
esantacana@cooley.com
ARGEMIRA FLOREZ (SBN: 331153)
aflorez@cooley.com
HARRIS MATEEN (SBN 335593)
hmateen@cooley.com
ISABELLA MCKINLEY CORBO (SBN
346226)
icorbo@cooley.com
3 Embarcadero Ctr., 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000

*Counsel for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,

        Plaintiffs,

        v.

GOOGLE LLC,

        Defendant.

Case No. 3:20-cv-04688-RS

**JOINT PROPOSED VERDICT FORM**

Judge: Hon. Richard Seeborg
Trial Date: August 18, 2025
Courtroom: 3, 17th Floor

1    Pursuant to the Court's Order, Plaintiffs and Defendant Google LLC submit the

2    following proposed verdict forms and statements in support thereof.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Cooley LLP

**Plaintiffs' Proposed Verdict Form**

## I.    VIOLATION OF THE CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT ("CDAFA"), CALIFORNIA PENAL CODE § 502

**Have Plaintiffs proved Google is liable for violating the California Computer Data Access and Fraud Act ("CDAFA")?**

Class 1 (Android): _____ YES    _____ NO

Class 2 (Non-Android): _____ YES    _____ NO

## II.    INVASION OF PRIVACY

**Have Plaintiffs proved Google is liable for invasion of privacy?**

Class 1 (Android): _____ YES    _____ NO

Class 2 (Non-Android): _____ YES    _____ NO

## III.    INTRUSION UPON SECLUSION

**Have Plaintiffs proved Google is liable for intrusion upon seclusion?**

Class 1 (Android): _____ YES    _____ NO

Class 2 (Non-Android): _____ YES    _____ NO

## IV.    DAMAGES

**For each class, enter the total amount of damages that Google is liable for. You may only award damages to classes for which you answered "Yes" to at least one of Questions 1–3 above.**

Class 1 (Android):  $_____

Class 2 (Non-Android): $_____

**For each class, enter the total amount of punitive damages Google is liable for, if any. You may only award punitive damages to classes for which you answered "Yes" to at least one of Questions 1–3 above.**

Class 1 (Android):  $_____

Class 2 (Non-Android): $_____

**GOOGLE'S PROPOSED VERDICT FORM**

Cooley LLP

*Please proceed to the end of this verdict form, sign and date it, and provide it to court personnel.*

Sign and date your verdict.

Signed: _____

Presiding Juror

Dated: _____

**GOOGLE'S PROPOSED VERDICT FORM**

Cooley LLP

**<u>Plaintiffs' Proposed Verdict Form</u>**

Having considered verdict forms used in other actions that proceeded for trial before Your Honor, Plaintiffs propose using the same approach this Court approved with the verdict form in the *Montera v. Premier Nutrition Corp.* class action. *See* Dkt. 268 (June 7, 2022), No. 3:16-CV-6980-RS (N.D. Cal.). As in *Montera*, Plaintiffs propose a verdict form that includes: (a) the jury's verdict on Google's liability for each claim; and (b) the jury's verdict on damages. As in *Montera*, Plaintiffs' proposed form asks for the jury's verdict with respect to each class.

The parties agree there is no uniform way for preparing verdict forms—at times, courts use verdict forms that require the jury to answer the question of liability for each claim as this Court did in *Montera*, while at other times courts use verdict forms that require the jury to answer each element of every claim as well as each defense. Which approach to employ in a given case is guided by what the court believes will simplify the issues for the jury, decrease the risk of confusion, or eliminate the possibility of inconsistent verdicts.

Here, the *Montera* approach makes sense. First, as in *Montera*, Plaintiffs' proposed verdict form includes all of the questions the jury must answer. Second, Plaintiffs' proposed verdict form avoids the unnecessary complexity and risk of confusion that may arise using subsidiary questions regarding each element and affirmative defense. There is no merit to Google's assertion that Plaintiffs' proposal would allow the jury "to find liability without deciding whether each and every element of their claims is met." The jury will have copies of the Court's instructions available during deliberations. That means they can easily understand the elements and affirmative defenses for these claims without repeating answers to them. Google's assertion that Plaintiffs' proposal would leave the jury "unguided" in its deliberations is also demonstrably false. The purpose of jury instructions is to guide the jury's deliberations. There is no need to complicate the jury's deliberations and determinations by duplicating these elements and defenses on the verdict form— likely in shorthand—when the jury will have *all* of the relevant information in the instructions.

Google's proposal ignores *Montera* and is unnecessarily complicated. Google proposes a verdict form that asks the jury about each element and affirmative defense—even though the jury's

Cooley LLP

verdict on a single liability question would incorporate their answers to those subsidiary questions. As a result, Google's proposal asks the jury to answer 36 different questions and includes nearly 350 words of instructions, even setting aside individual questions. Duplicating instructions on the verdict form does more than waste ink. If the verdict form includes the elements and defenses, the jury may primarily rely on the verdict form instead of the jury instructions in their deliberations. While both the jury instructions and verdict form would identify the elements and affirmative defenses, only the jury instructions explain them. Moreover, the verdict form would necessarily refer to elements and defenses by shorthand. Although borne of convenience, any inconsistency with the language used in the jury instructions may confuse or even mislead the jury.

On the other side of the ledger, there is little to gain from the "more detailed" verdict form that Google proposes. This approach is most commonly used when there are multiple defendants and a multitude of claims and affirmative defenses. In this case, Plaintiffs assert just three claims, against one defendant, who asserts just two affirmative defenses. Given the relatively straightforward questions that the jury will be asked to decide, further instructions on the verdict form is unlikely to assist the jury.

Google's proposed verdict form is also erroneous because it repeats many of the same errors included in its proposed instructions, including but by no means limited to its foreclosure of damages for Plaintiffs' claim for invasion of privacy as well as disgorgement. Because the Parties address these issues with respect to their competing proposed jury instructions, Plaintiffs do not duplicate these disputes and arguments here. Should the Court wish to adopt Google's verdict form, Plaintiffs respectfully request an opportunity to propose alternative text that is both neutral and consistent with the final jury instructions.

**Google's Proposed Verdict Form**

**Claim 1:  Computer Data Access and Fraud Act ("CDAFA"), Cal. Penal Code § 502**

| | Class 1 (Android) | Class 2 (Non-Android) |
|---|---|---|
| 1.  Did Google knowingly access the Plaintiffs' mobile devices or data? | Yes / No | Yes / No |
| 2.  Was Google's access, if any, without the Plaintiffs' permission? | Yes / No | Yes / No |
| 3.  Did the Plaintiffs suffer damage or loss because of Google's conduct? | Yes / No | Yes / No |
| 4.  Was Google's conduct a substantial factor in causing damage or loss to the Plaintiffs? | Yes / No | Yes / No |
| For each class, only if you circled "Yes" for all of questions 1–4,  place a checkmark under that class. | _____ | _____ |

For each class under which you placed a checkmark, you can answer the damages questions for that class.

**Source: CACI 1812 (Comprehensive Computer Data and Access Fraud Act - Essential Factual Elements (Pen. Code, § 502)) (no model verdict form).**

Cooley LLP

**Claim 2: Invasion of Privacy**

|  | Class 1 (Android) | Class 2 (Non-Android) |
|---|---|---|
| 5. Did the Plaintiffs have an objectively reasonable expectation of privacy in the data at issue? | Yes / No | Yes / No |
| 6. Did Google intrude into the Plaintiffs privacy? | Yes / No | Yes / No |
|  | Yes / No | Yes / No |
| 7. Was Google's intrusion, if any, so serious in nature, scope, and actual or potential impact as to constitute an egregious breach of social norms that is highly offensive? | Yes / No | Yes / No |
| 8. Were the Plaintiffs harmed? | Yes / No | Yes / No |
| **Affirmative Defense: Consent** |  |  |
| 9. Did Plaintiffs consent, by words or conduct, to Google's conduct? | _____ | _____ |

For each class, only if you circled "Yes" for all of questions 5–8, and "No" to Question 9, place a checkmark under that class.

**Source: *Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 287 (2009) (no model verdict form)**

**Claim 3:  Intrusion Upon Seclusion**

|  | Class 1 (Android) | Class 2 (Non-Android) |
|---|---|---|
| 10. Did the Plaintiffs have a reasonable expectation of privacy in the data at issue? | Yes / No | Yes / No |
| 11. Did Google intentionally intrude in the Plaintiffs' privacy? | Yes / No | Yes / No |
| 12. Would Google's intrusion be highly offensive to a reasonable person? | Yes / No | Yes / No |
| 13. Were the Plaintiffs harmed? | Yes / No | Yes / No |
| 14. Was Google's conduct a substantial factor in causing harm to the Plaintiffs? | Yes / No | Yes / No |

**Affirmative Defense: Consent**

| | Class 1 (Android) | Class 2 (Non-Android) |
|---|---|---|
| 15. Did Plaintiffs consent, by words or conduct, to Google's conduct? | _____ | _____ |

For each class, only if you circled "Yes" for all of questions 10–14, and "No" to Question 15, place a checkmark under that class.

For each class under which you placed a checkmark, you can answer the damages questions for that class.

1
2
3      **Source: CACI No. VF-1800 (Intrusion Into Private Affairs)**
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Damages**

If you found Google liable for any of the claims for either Class 1 or Class 2, you may award some form of damages to that class.

For example, if you placed a checkmark for Class 1 at the bottom of either Claim 1 or Claim 3, then that means you may award damages to Class 1. If you placed a checkmark for Class 2 at the bottom of either Claim 1 or Claim 3, then that means you may award damages to Class 2.

**Affirmative Defense: Statute of Limitations**

Before you award damages, you must take into account that for each class to which you choose to award damages, you must determine if the statute of limitations applies by answering this question:

> Would a reasonable and diligent investigation have disclosed before July 14, 2018 that Google's conduct contributed to the Plaintiffs' claimed harm?

> Class 1: Yes / No          Class 2: Yes / No

For any class to for which you circled "yes" above, you must exclude from your damages award damages incurred before July 14, 2018.[1]

**Source: CACI 454 (Affirmative Defense – Statute of Limitations); CACI VF-410 (Statute of Limitations – Delayed Discovery).**

---

[1] Should the Court adopt Google's proposed verdict form, Google is willing to merge its arguments regarding the statute of limitations on different claims for simplicity, by only asserting July 14, 2018 as a single limitation date and would revise its proposed jury instructions accordingly. Google otherwise reserves its right to assert all statute of limitations periods that apply to Plaintiffs' claims.

**Compensatory Damages**

Enter the amount below if you find that Google is liable to the Plaintiffs under Claim 1 (CDAFA) or Claim 3 (Intrusion Upon Seclusion) for either or both Class 1 or 2.

Class 1: Android Class_____          Class 2: Non-Android Class_____

**Nominal Damages**

If you do not award compensatory damages for a claim, you may award nominal damages.  There is no lower limit to nominal damages, though they may not exceed $1. The estimated class sizes are 54,923,146 individuals for Class 1, the Android Class, and 59,565,930 individuals for Class 2, the Non-Android Class.  Please indicate any nominal damages below:

Class 1: Android Class_____          Class 2: Non-Android Class_____

   **Source: CACI No. VF-3920 (Damages on Multiple Legal Theories).**

*Please proceed to the end of this verdict form, sign and date it, and provide it to court personnel.*

CASE NO. 3:20-cv-04688-RS
**JOINT PROPOSED VERDICT FORM**

Sign and date your verdict.

Signed: _____

Presiding Juror

Dated: _____

**Google's Statement in Support of Proposed Verdict Form**

This is a billion-dollar case; asking the jury to show its work is eminently reasonable, and important for purposes of review. It is also the standard practice in this situation. And it ensures that if Plaintiffs are awarded a massive money verdict, it is for the right reasons, and not because they presented the jury with a single line that obscured the many elements Plaintiffs have to prove to obtain such a victory.

The Court should adopt Google's proposed verdict form, which is taken from the Judicial Council of California's CACI model wherever possible, and which succinctly and accurately reflects the elements of Plaintiffs' CDAFA, Invasion of Privacy, and Intrusion Upon Seclusion claims, and of Google's affirmative defenses to those claims. Plaintiffs' form does not follow any model instruction, and as a result, is incomplete, confusing, and would impede review.

***First,*** Plaintiffs' form is incomplete, as it improperly permits the jury to find liability without deciding whether each and every element of their claims is met. Google's verdict form, by contrast, asks the jury to assess each element separately, which ensures that jurors understand Plaintiffs must prove *every* element of each claim. For example, for Claim 3 of Google's proposed form, which concerns liability for Plaintiffs' Intrusion Upon Seclusion claim, Google's asks whether (1) Plaintiffs had a "reasonable expectation of privacy in the data at issue," (2) whether "Google intentionally intrude[d] in the Plaintiffs' privacy," and (3) if that "intrusion [would] be highly offensive to a reasonable person" before moving on to questions about harm. In other words, if the jury believes that any single factor is not met, any further inquiry as to this claim is moot. This accords with the law, as well as with the CACI model verdict form. *See* CACI No. VF-1800 (Intrusion Into Private Affairs). The same is true of Google's proposed verdict form for Claims 1 and 3 for CDAFA and Invasion of Privacy liability, respectively. Google's verdict form would require jurors to evaluate each individual element of these claims, in accordance with both the law and the available CACI model jury instructions. *See* CACI 1812 (Comprehensive Computer Data and Access Fraud Act - Essential Factual Elements (Pen. Code, § 502)); *see also Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 287 (2009) (articulating the essential elements for an Invasion of Privacy claim). Plaintiffs' proposal fails to ask the jury about even one of the

1  separate elements that are required to find liability, thus rendering their form incomplete and

2  inaccurate.

3      **Second,** Plaintiffs' verdict form will confuse the jury, which will have heard detailed jury

4  instructions and evidence as to each of the elements of Plaintiffs' three claims, but will then

5  ultimately be faced with a single, binary question that fails to list each of the required elements

6  and ask about them with respect to each. Plaintiffs' vague form will leave the jury to wade

7  through jury instructions and attempt to match those instructions to Plaintiffs' single, broad, and

8  unguided question—or worse, risks that they will not do so and will therefore not undertake to

9  examine each element, as the law and model instructions require. Google's form, on the other

10 hand, breaks down the elements in a clear and succinct manner that guides the jury through the

11 required analysis in a way that comports with the model jury instructions and the law.

12     **Third,** Plaintiffs' verdict form is additionally incomplete and confusing the jury because

13 its framework provides no logical place for the jury to consider Google's affirmative defenses.

14 Google's verdict form ensures that the jury will know to consider the elements of the affirmative

15 defenses that Google asserts before moving onto damages. And Plaintiffs' reasoning misses the

16 point. Jury instructions and the verdict form serve complementary purposes, not duplicative ones.

17 The purpose of jury instructions is to guide the jury's deliberations, yes, but the purpose of the

18 verdict form is to ensure that they apply the law accurately. While instructions provide the legal

19 framework, the verdict form operationalizes that framework into a structured decision-making

20 process for the jury. An effective verdict form, such as Google's, ensures that the jury has clearly

21 and accurately applied each required element to the facts before rendering a verdict.

22     **Fourth,** by lumping together all the distinct issues and elements of their three claims,

23 Plaintiffs' verdict form will obscure the jury's findings in ways that are likely to impede appellate

24 review. It is well-established that detailed verdict forms "ease the process of appellate review"

25 and "encourage juries to focus their deliberations on the elements of the offense." *United States*

26 *v. Southerland*, 209 F. App'x 656, 658 (9th Cir. 2006) (cleaned up; citation omitted). If this case

27 is ultimately reviewed, "the already difficult task of reviewing a case of this magnitude [will be]

28 eased" if the court "kn[ows] precisely what the jury's findings [are] on several specific factual

CASE NO. 3:20-cv-04688-RS
**JOINT PROPOSED VERDICT FORM**

1    issues." *Pac. W. Cable Co. v. City of Sacramento*, 672 F. Supp. 1322, 1326-27 (E.D. Cal. 1987)

2    (in "large and complex cases … the better practice [is] to require special verdicts").

3    **Finally,** Google's proposed Section V (Damages) assiduously tracks the CACI model,

4    VF-3920 (Damages on Multiple Legal Theories), to properly instruct the jury regarding the types

5    of damages that are available for Plaintiffs' claims. Google agrees that compensatory and nominal

6    damages are available for Plaintiffs' CDAFA and Intrusion Upon Seclusion claims, but it is

7    Google's position that no money damages are available for Plaintiffs' Invasion of Privacy claim.

8    *See Blanco v. Cnty. of Kings*, 142 F. Supp. 3d 986, 1001 (E.D. Cal. 2015) ("the Court finds that

9    the California Constitutional right to privacy contained in article I, section I does not give rise to

10   a cause of action for money damages"); *Doe v. Regents of Univ. of California*, 672 F. Supp. 3d

11   813, 820 (N.D. Cal. 2023) (plaintiffs "can seek to enjoin [defendants] but cannot seek damages"

12   under "Article 1, Section 1 of the California Constitution"). It is Plaintiffs' burden to show that

13   damages are recoverable for their claims, and they are unable to cite a single case definitively

14   holding so with respect to Invasion of Privacy. *Faria v. M/V Louise V*, 945 F.2d 1142, 1143 (9th

15   Cir. 1991) (it is "one of the most basic propositions of law [] that the plaintiff bears the burden

16   of proving his case, including the amount of damages"). This issue has been briefed more

17   extensively in the parties' concurrently filed proposed jury instructions. Additionally, the parties

18   have a live dispute regarding the propriety of presenting the question of punitive damages to the

19   jury at this phase of trial. It is Google's position that trial should be bifurcated into two phases

20   such that discussion of Google's liability for and the amount of compensatory damages is

21   addressed in the first phase, and any potential discussion of liability for and the amount of

22   punitive damages is heard at the second stage of trial. *See* Dkt. 533 (Google's Motion to Bifurcate

23   Trial). For this reason, Google's proposed verdict form does not include mention of punitive

24   damages. Should Google's motion be unsuccessful, Google reserves the right to present its

25   proposal for how punitive damages should appear on the verdict form.

26   The Court should therefore reject Plaintiffs' proposed verdict form, and enter Google's.

27   *See Floyd v. Laws*, 929 F.2d 1390, 1396 (9th Cir. 1991) ("[T]he [trial] court has complete

28   discretion over whether to have the jury return a special verdict or a general verdict."). Doing so

1  would comport with legal precedent and the CACI model instructions in addition to helping the

2  jury perform their duty.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 3:20-cv-04688-RS

**JOINT PROPOSED VERDICT FORM**

1

2

**SIGNATURE BLOCKS**

3

Dated:    July 14, 2025                                  Dated:    July 14, 2025

4

**BOIES SCHILLER FLEXNER LLP**          **COOLEY LLP**

5

By:    _/s/ Mark C. Mao_                       By:    _/s/ Eduardo E. Santacana_

6

David Boies (admitted pro hac vice)        BENEDICT Y. HUR (SBN: 224018)

7

333 Main Street                            bhur@cooley.com
Armonk, NY 10504                           SIMONA AGNOLUCCI (SBN: 246943)
Tel.: (914) 749-8200                       sagnolucci@cooley.com

8

dboies@bsfllp.com                          EDUARDO E. SANTACANA (SBN: 281668)

9

Mark C. Mao, CA Bar No. 236165             esantacana@cooley.com
Beko Reblitz-Richardson, CA Bar No.        ARGEMIRA FLOREZ (SBN: 331153)

10

238027                                     aflorez@cooley.com
44 Montgomery St., 41st Floor              HARRIS MATEEN (SBN 335593)

11

San Francisco, CA 94104                    hmateen@cooley.com

12

Tel.: (415) 293-6800                       ISABELLA MCKINLEY CORBO (SBN 346226)
mmao@bsfllp.com                            icorbo@cooley.com

13

brichardson@bsfllp.com                     3 Embarcadero Ctr., 20th Floor
                                           San Francisco, CA 94111

14

James Lee (admitted pro hac vice)          Telephone: (415) 693-2000
Rossana Baeza (admitted pro hac vice)

15

100 SE 2nd St., 28th Floor
Miami, FL 33131

16

Tel.: (305) 539-8400                       *Counsel for Defendant Google*

17

jlee@bsfllp.com                            *LLC*
rbaeza@bsfllp.com

18

Alison L. Anderson, CA Bar No. 275334

19

Samantha Parrish, CA Bar No. 318681
M. Logan Wright, CA Bar No. 349004

20

2029 Century Park East, Suite 1520
Los Angeles, CA 90067

21

Tel.: (213) 995-5720

22

alanderson@bsfllp.com
sparrish@bsfllp.com

23

mwright@bsfllp.com

24

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)

25

Shawn J. Rabin (admitted pro hac vice)

26

Steven M. Shepard (admitted pro hac vice)
Alexander P. Frawley (admitted pro hac

27

vice)
Ryan Sila (admitted pro hac vice)

28

One Manhattan West, 50th Floor

New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com
rsila@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Michael F. Ram, CA Bar No. 104805
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
mram@forthepeople.com


*Counsel for Plaintiffs; additional counsel
listed in signature blocks below*

CASE NO. 3:20-cv-04688-RS
**JOINT PROPOSED VERDICT FORM**

1

## ATTESTATION

2      I, Mark Mao, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to

3   the filing of this document has been obtained from each signatory hereto.

4

5

6      DATED:  July 14, 2025                    By:   */s/ Mark C. Mao*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28