# Exhibit A

1

**TABLE OF CONTENTS**

2

**TABLE OF CONTENTS**.............................................................................................................. i

3

**I.    PRELIMINARY INSTRUCTIONS (Read at the beginning of trial)** ........................ 1

(JOINT) JURY INSTRUCTION NO. 1................................................................................ 1

4

(DISPUTED) JURY INSTRUCTION NO. 2 ...................................................................... 2

5

(JOINT) JURY INSTRUCTION NO. 3................................................................................ 3

(JOINT) JURY INSTRUCTION NO. 4................................................................................ 5

6

(JOINT) JURY INSTRUCTION NO. 5................................................................................ 6

7

(JOINT) JURY INSTRUCTION NO. 7................................................................................ 8

8

(JOINT) JURY INSTRUCTION NO. 8................................................................................ 9

(JOINT) JURY INSTRUCTION NO. 9.............................................................................. 10

9

(JOINT) JURY INSTRUCTION NO. 10 ........................................................................... 11

10

(JOINT) JURY INSTRUCTION NO. 11 ........................................................................... 13

(JOINT) JURY INSTRUCTION NO. 12 ........................................................................... 15

11

(JOINT) JURY INSTRUCTION NO. 13 ........................................................................... 16

12

(JOINT) JURY INSTRUCTION NO. 14 ........................................................................... 17

(JOINT) JURY INSTRUCTION NO. 15 ........................................................................... 18

13

(JOINT) JURY INSTRUCTION NO. 16 ........................................................................... 19

14

(DISPUTED) JURY INSTRUCTION NO. 17 .................................................................. 20

**II.    INSTRUCTIONS DURING TRIAL (Read During Trial)**........................................ 21

15

(JOINT) JURY INSTRUCTION NO. 18 ........................................................................... 21

16

(JOINT) JURY INSTRUCTION NO. 19 ........................................................................... 22

(DISPUTED) JURY INSTRUCTION NO. 20 .................................................................. 23

17

(JOINT) JURY INSTRUCTION NO. 21 ........................................................................... 24

18

(JOINT) JURY INSTRUCTION NO. 22 ........................................................................... 25

(JOINT) JURY INSTRUCTION NO. 23 ........................................................................... 26

19

(JOINT) JURY INSTRUCTION NO. 24 ........................................................................... 27

20

(JOINT) JURY INSTRUCTION NO. 25 ........................................................................... 28

(JOINT) JURY INSTRUCTION NO. 26 ........................................................................... 29

21

**III.    FINAL INSTRUCTIONS (Read at the End of Trial)** ............................................... 30

22

(JOINT) JURY INSTRUCTION NO. 27 ........................................................................... 30

23

(JOINT) JURY INSTRUCTION NO. 28 ........................................................................... 31

(JOINT) JURY INSTRUCTION NO. 29 ........................................................................... 32

24

(JOINT) JURY INSTRUCTION NO. 30 ........................................................................... 33

25

(JOINT) JURY INSTRUCTION NO. 31 ........................................................................... 34

(DISPUTED) JURY INSTRUCTION NO. 32 .................................................................. 35

26

(DISPUTED) JURY INSTRUCTION NO. 33 .................................................................. 36

27

(DISPUTED) JURY INSTRUCTION NO. 34 .................................................................. 37

28

(DISPUTED) JURY INSTRUCTION NO. 35 ............................................................... 38
(DISPUTED) JURY INSTRUCTION NO. 36 ............................................................... 39
(DISPUTED) JURY INSTRUCTION NO. 37 ............................................................... 40
(JOINT) JURY INSTRUCTION NO. 38 ..................................................................... 41
(JOINT) JURY INSTRUCTION NO. 39 ..................................................................... 42
(DISPUTED) JURY INSTRUCTION NO. 40 ............................................................... 43
(DISPUTED) JURY INSTRUCTION NO. 41 ............................................................... 45
(DISPUTED) JURY INSTRUCTION NO. 42 ............................................................... 46
(DISPUTED) JURY INSTRUCTION NO. 43 ............................................................... 47
(DISPUTED) JURY INSTRUCTION NO. 44 ............................................................... 48
(DISPUTED) JURY INSTRUCTION NO. 45 ............................................................... 49
(DISPUTED) JURY INSTRUCTION NO. 46 ............................................................... 51
(DISPUTED) JURY INSTRUCTION NO. 47 ............................................................... 53
(JOINT) JURY INSTRUCTION NO. 48 ..................................................................... 54
(JOINT) JURY INSTRUCTION NO. 49 ..................................................................... 55
(JOINT) JURY INSTRUCTION NO. 50 ..................................................................... 57
(JOINT) JURY INSTRUCTION NO. 51 ..................................................................... 58
(JOINT) JURY INSTRUCTION NO. 52 ..................................................................... 59

I.    **PRELIMINARY INSTRUCTIONS (READ AT THE BEGINNING OF TRIAL)**

**(JOINT) JURY INSTRUCTION NO. 1**

Duty of Jury

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law. It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so. At the end of the trial, I will give you final instructions. It is the final instructions that will govern your duties. Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

[Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit, Number 1.3 (2017)]

**EXHIBIT A TO PROPOSED JOINT JURY INSTRUCTIONS**

1    **(DISPUTED) JURY INSTRUCTION NO. 2**

2    <u>Claims and Defenses</u>

3    To help you follow the evidence, I will give you a brief summary of the positions of the

4    parties:

5    <u>This is a class action, in which three people called Plaintiffs are asserting claims against</u>

6    <u>Google on behalf of groups of other people, which are called "classes."  Plaintiffs claim that Google</u>

7    <u>violated the law by collecting, saving, and/or using information about their activities on mobile apps.</u>

8    <u>These claims concern Google's conduct between July 1, 2016 and September 23, 2024.</u>

9    ~~The p~~Plaintiff<u>s</u> assert~~s~~ <u>three claims against Google</u>~~that~~ ~~[*plaintiff's claims*]~~. <u>First, Plaintiffs</u>

10   <u>claim that Google's conduct violated the California Comprehensive Computer Data Access and</u>

11   <u>Fraud Act, which is abbreviated "CDAFA."  Second, Plaintiffs claim that Google is liable for</u>

12   <u>invasion of privacy.  And third, Plaintiffs claim that Google is liable for intrusion upon seclusion.</u>

13   ~~The defendant~~ <u>Google</u> denies ~~those~~<u>Plaintiffs'</u> claims ~~[~~and also <u>asserts certain affirmative</u>

14   <u>defenses that, if you find to be applicable, would make Google not liable in whole or in part. These</u>

15   <u>affirmative defenses include Google's assertions that Plaintiffs consented to Google's conduct at</u>

16   <u>issue, and that some portion of each of Plaintiffs' three claims are barred by the applicable statutes</u>

17   <u>of limitations.</u> ~~contends that [*defendant's counterclaims and/or affirmative defenses*]]. [The~~

18   ~~defendant has the burden of proof on these [*counterclaims and/or affirmative defenses*.]]~~

19   ~~[The plaintiff denies [*defendant's counterclaims and/or affirmative defenses*].]~~

20   ~~The p~~Plaintiff<u>s</u> ha~~ve~~<u>s</u> the burden ~~of~~<u>to</u> prov~~ing the requirements of~~ the~~ir~~<u>se</u> claims<u>, and</u>

21   <u>Google has the burden to prove the requirements of its affirmative defenses.  I will explain the</u>

22   <u>requirements of these claims and defenses.</u>~~.~~

23

24   [Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit,

25   Number 1.5 (2017)]

26

27

28

**EXHIBIT A TO PROPOSED JOINT JURY INSTRUCTIONS**

1

**(JOINT) JURY INSTRUCTION NO. 3**

2

"Class Action" Defined

3       This case is a class action.  A class action is a lawsuit that has been brought by one or more

4    plaintiffs on behalf of a larger group of people who have similar legal claims.  All of these people

5    together are called a "class." [*Name of plaintiff*] The three Plaintiffs—Anibal Rodriguez, Julian

6    Santiago, and Susan Lynn Harvey—brings this action as the class representatives.

7       In a class action, the claims of many individuals can be resolved at the same time instead of

8    requiring each member to sue separately. Because of the large number of claims that are at issue in

9    this case, not everyone in the class will testify. You may assume that the evidence at this [stage of

10   the] trial applies to all class members [except as I specifically tell you otherwise]. All members of

11   the classes will be bound by the result of this trial.

12       There are two classes in this case., the class(es) consist(s) of the following:

13    [*Describe each class, e.g., Original Homebuyers: All current homeowners in the Happy*

14   *Valley subdivision in Pleasantville, California, who purchased homes that were constructed and*

15   *marketed by [name of defendant]. ("Class of Original Purchasers") Subsequent Homebuyers: All*

16   *current homeowners in the Happy Valley subdivisions in Pleasantville, California, who purchased*

17   *homes that were constructed and marketed by [name of defendant] from another homeowner.*

18   *("Class of Later Purchasers")*].

19       The first class is called "Class 1" or the "Android Class." It consists of all individuals who,

20   at any time July 1, 2016 through September 23, 2024, (a) had their "Web & App Activity" and/or

21   "supplemental Web & App Activity" setting turned off; and (b) while using a smartphone or tablet

22   running the Android operating system; (c) used a non-Google-branded app that included the

23   Firebase Software Development Kit and/or Google Mobile Ads Software Development Kit, causing

24   information about the individual's app activity to be transmitted to Google.

25       The second class is called "Class 2" or the "non-Android Class."  It is the same as Class 1,

26   except that it includes individuals who used a smartphone or tablet that were not running the Android

27   operating system, such as Apple iPhones and iPads.

28

**EXHIBIT A TO PROPOSED JOINT JURY INSTRUCTIONS**

1        For purposes of the Plaintiffs' first claim, for violation of the California Comprehensive

2    Computer Data Access and Fraud Act, the classes include all types of Google accounts, including

3    not only ordinary consumer accounts, but also accounts for organizations like businesses and

4    schools, called "enterprise" accounts, and accounts for children under the age of 13, which are called

5    "supervised" accounts.  For purposes of Plaintiffs' second and third claims, for invasion of privacy

6    and intrusion upon seclusion, the classes include neither enterprise accounts for businesses and

7    schools nor supervised accounts for children.

8

9    [Authority: Judicial Council of California Civil Jury Instructions (CACI) No. 115]

**(JOINT) JURY INSTRUCTION NO. 4**

<u>Burden of Proof– Preponderance of the Evidence</u>

When a party has the burden of proving any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

[Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit, Number 1.6 (2017)]

**EXHIBIT A TO PROPOSED JOINT JURY INSTRUCTIONS**

**(JOINT) JURY INSTRUCTION NO. 5**

<u>What is Evidence</u>

The evidence you are to consider in deciding what the facts are consists of:

       (1)    the sworn testimony of any witness;

       (2)    the exhibits that are admitted into evidence;

       (3)    any facts to which the lawyers have agreed; and

       (4)    any facts that I [may instruct] [have instructed] you to accept as proved.


[Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit, Number 1.9 (2017)]

**EXHIBIT A TO PROPOSED JOINT JURY INSTRUCTIONS**

## (JOINT) JURY INSTRUCTION NO. 6

### What Is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they ~~[may say]~~ [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that was excluded or stricken, or that you ~~[are]~~ [have been] instructed to disregard, is not evidence and must not be considered. In addition, some evidence ~~[may be]~~ [was] received only for a limited purpose; when I ~~[instruct]~~ [have instructed] you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)     Anything you may ~~[see or hear]~~ [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

[Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit, Number 1.10 (2017)]

**EXHIBIT A TO PROPOSED JOINT JURY INSTRUCTIONS**

**(JOINT) JURY INSTRUCTION NO. 7**

<u>Evidence for Limited Purpose</u>

Some evidence may be admitted only for a limited purpose. When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [*describe purpose*] and not for any other purpose.]

[Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit, Number 1.11 (2017)]

**EXHIBIT A TO PROPOSED JOINT JURY INSTRUCTIONS**

**(JOINT) JURY INSTRUCTION NO. 8**

<u>Direct and Circumstantial Evidence</u>

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

[Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit, Number 1.12 (2017)]

**EXHIBIT A TO PROPOSED JOINT JURY INSTRUCTIONS**

**(JOINT) JURY INSTRUCTION NO. 9**

<u>Ruling on Objection</u>

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

[Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit, Number 1.13 (2017)]

**EXHIBIT A TO PROPOSED JOINT JURY INSTRUCTIONS**

**(JOINT) JURY INSTRUCTION NO. 10**

<u>Credibility of Witnesses</u>

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

(1)  the opportunity and ability of the witness to see or hear or know the things testified to;

(2)  the witness's memory;

(3)  the witness's manner while testifying;

(4)  the witness's interest in the outcome of the case, if any;

(5)  the witness's bias or prejudice, if any;

(6)  whether other evidence contradicted the witness's testimony;

(7)  the reasonableness of the witness's testimony in light of all the evidence; and

(8)  any other factors that bear on believability.

Sometimes a witness may have said something that is not consistent with something else he or she said. Sometimes different witnesses gave different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

1  [Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit,

2  Number 1.14 (2017)]

**EXHIBIT A TO PROPOSED JOINT JURY INSTRUCTIONS**

**(JOINT) JURY INSTRUCTION NO. 11**

<u>Conduct of the Jury</u>

I will now say a few words about your conduct as jurors.

First, keep an open mind, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it ~~[,although I have no information that there will be news reports about this case];~~ do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court took an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside

**EXHIBIT A TO PROPOSED JOINT JURY INSTRUCTIONS**

the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[,] and a mistrial could result that would require the entire trial process to start over[.].  If any juror is exposed to any outside information, please notify the court immediately, by sending a note through the clerk or /bailiff signed by any one or more of you.

[Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit, Number 1.15 (2017)]

**EXHIBIT A TO PROPOSED JOINT JURY INSTRUCTIONS**

1

**(JOINT) JURY INSTRUCTION NO. 12**

2

<u>Publicity During Trial</u>

3

      If there is any news media account or commentary about the case or anything to do with it,

4

you must ignore it.  You must not read, watch, or listen to any news media account or commentary

5

about the case or anything to do with it.  The case must be decided by you solely and exclusively on

6

the evidence that will be received in the case and on my instructions as to the law that applies.  If

7

any juror is exposed to any outside information, please notify me immediately.

8

9

10

[Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit,

11

Number 1.16 (2017)]

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A TO PROPOSED JOINT JURY INSTRUCTIONS**

**(JOINT) JURY INSTRUCTION NO. 13**

<u>No Transcript Available to Jury</u>

I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.

[Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit, Number 1.17 (2017)]

**EXHIBIT A TO PROPOSED JOINT JURY INSTRUCTIONS**

1          **(JOINT) JURY INSTRUCTION NO. 14**

2          <u>Taking Notes</u>

3          If you wish, you may take notes to help you remember the evidence.  If you do take notes,

4 please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking

5 distract you.  When you leave, your notes should be left in the [courtroom] [jury room] [envelope

6 in the jury room].  No one will read your notes.

7          Whether or not you take notes, you should rely on your own memory of the evidence.  Notes

8 are only to assist your memory.  You should not be overly influenced by your notes or those of other

9 jurors.

10

11

12 [Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit,

13 Number 1.18 (2017)]

**EXHIBIT A TO PROPOSED JOINT JURY INSTRUCTIONS**

1                                     **(JOINT) JURY INSTRUCTION NO. 15**

2                                            <u>Outline of Trial</u>

3       Trials proceed in the following way: First, each side may make an opening statement.  An

4 opening statement is not evidence.  It is simply an outline to help you understand what that party

5 expects the evidence will show.  A party is not required to make an opening statement.

6       The plaintiffs will then present evidence, and counsel for the defendant may cross-examine.

7 Then the defendant may present evidence, and counsel for the plaintiffs may cross-examine.

8       After the evidence has been presented, I will instruct you on the law that applies to the case

9 and the attorneys will make closing arguments.

10       After that, you will go to the jury room to deliberate on your verdict.

11

12

13 [Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit,

14 Number 1.21 (2017)]

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A TO PROPOSED JOINT JURY INSTRUCTIONS**

1

**(JOINT) JURY INSTRUCTION NO. 16**

2

<u>Bench Conferences and Recesses</u>

3   From time to time during the trial, it ~~[may become]~~ ~~[became]~~ necessary for me to talk with

4   the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury

5   ~~[is]~~ ~~[was]~~ present in the courtroom, or by calling a recess. Please understand that while you ~~[are]~~

6   ~~[were]~~ waiting, we ~~[are]~~ ~~[were]~~ working. The purpose of these conferences is not to keep relevant

7   information from you, but to decide how certain evidence is to be treated under the rules of evidence

8   and to avoid confusion and error.

9   Of course, we ~~[will do]~~ ~~[have done]~~ what we ~~[can]~~ ~~[could]~~ to keep the number and length of

10  these conferences to a minimum. I ~~[may]~~ ~~[did]~~ not always grant an attorney's request for a

11  conference. Do not consider my granting or denying a request for a conference as any indication of

12  my opinion of the case or of what your verdict should be.

13

14

15  [Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit,

16  Number 1.20 (2017)]

17

18

19

20

21

22

23

24

25

26

27

28

**(DISPUTED) JURY INSTRUCTION NO. 17**

<u>Questions to Witnesses by Jurors</u>

~~*Option 1*~~

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. ~~[*Specific reasons for not allowing jurors to ask questions may be explained.*]~~ If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

~~*Option 2*~~

~~When attorneys have finished their examination of a witness, you may ask questions of the witness. [*Describe procedure to be used.*] If the rules of evidence do not permit a particular question, I will advise you. After your questions, if any, the attorneys may ask additional questions.~~

[Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit, Number 1.19 (2017)]

## II.    INSTRUCTIONS DURING TRIAL (READ DURING TRIAL)

### (JOINT) JURY INSTRUCTION NO. 18

Cautionary Instructions

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case.  This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in any way, about this case.  And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here.  So you must not learn any additional information about the case from sources outside the courtroom.  To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

[ALTERNATIVE 1 (in open court): If you think that you might have done so, please let me know now by raising your hand. [*Wait for a show of hands*].  I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break.  Thank you for your careful adherence to my instructions.]

[ALTERNATIVE 2 (during voir dire with each juror, individually): Have you learned about or shared any information about this case outside of this courtroom? . . . Thank you for your careful adherence to my instructions.]

[Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit, Number 2.0 (2017)]

**EXHIBIT A TO PROPOSED JOINT JURY INSTRUCTIONS**

1

**(JOINT) JURY INSTRUCTION NO. 19**

2

<u>Stipulations of Fact</u>

3

The parties have agreed to certain facts ~~[to. I may read some to you during the course of the~~

4

~~trial, counsel may read some to you during the course of the trial, or others may~~ be placed in evidence

5

as ~~Exhibit    ] [that will be read to you].~~an exhibit. You must ~~therefore~~ treat these facts as having

6

been proved.

7

8

[Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit,

9

Number 2.2 (2017)]

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## (DISPUTED) JURY INSTRUCTION NO. 20

<u>Assumed Facts</u>

No Plaintiff Proposal

**EXHIBIT A TO PROPOSED JOINT JURY INSTRUCTIONS**

1    **(JOINT) JURY INSTRUCTION NO. 21**

2    <u>Deposition in Lieu of Live Testimony</u>

3    A deposition is the sworn testimony of a witness taken before trial.  The witness is placed

4    under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers

5    are recorded.  ~~[When a person is unavailable to testify at trial, the deposition of that person may be~~

6    ~~used at the trial.]~~

7    ~~The deposition of [*name of witness*] was taken on [*date*].~~  Insofar as possible, you should

8    consider deposition testimony, presented to you in court in lieu of live testimony, in the same way

9    as if the witness had been present to testify.

10    ~~[Do not place any significance on the behavior or tone of voice of any person reading the~~

11    ~~questions or answers.]~~

12

13    [Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit,

14    Number 2.4 (2017)]

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A TO PROPOSED JOINT JURY INSTRUCTIONS**

**(JOINT) JURY INSTRUCTION NO. 22**

<u>Transcript of Recording</u>

You ~~[are about to [hear] [watch]] [~~have ~~heard] [~~watched~~]]~~ a recording that has been received in evidence. ~~[Please listen to it very carefully.]~~ Each of you ~~[has been] [~~was~~]~~ given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript.  If you ~~[hear] [~~heard~~]~~ something different from what ~~[appears] [~~appeared~~]~~ in the transcript, what you heard is controlling. ~~[After] [~~Now that~~]~~ the recording has been played, the transcript will be taken from you.

[Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit, Number 2.5 (2017)]

**(JOINT) JURY INSTRUCTION NO. 23**

<u>Use of Interrogatories</u>

Evidence ~~[will now be]~~ [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

[Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit, Number 2.11 (2017)]

**(JOINT) JURY INSTRUCTION NO. 24**

<u>Use of Requests for Admission</u>

Evidence [will now be] [was] presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

[Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit, Number 2.12 (2017)]

**(JOINT) JURY INSTRUCTION NO. 25**

<u>Expert Opinion Testimony</u>

You [have heard] [are about to hear] testimony from [*name*] who [testified] [will testify] about [*his*] [/*her*] opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

[Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit, Number 2.13 (2017)]

**EXHIBIT A TO PROPOSED JOINT JURY INSTRUCTIONS**

**(JOINT) JURY INSTRUCTION NO. 26**

<u>Charts and Summaries Not Received in Evidence</u>

Certain charts and summaries not admitted into evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

[Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit, Number 2.14 (2017)]

**EXHIBIT A TO PROPOSED JOINT JURY INSTRUCTIONS**

## III.    FINAL INSTRUCTIONS (READ AT THE END OF TRIAL)

### (JOINT) JURY INSTRUCTION NO. 27

#### Duty of Jury

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law that applies to this case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.] or [A copy of these instructions will be sent to the jury room for you to consult during your deliberations.]

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

[Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit, Number 1.4 (2017)]

1

**(JOINT) JURY INSTRUCTION NO. 28**

2

<u>Claims</u>

3    I will now explain the substantive law applicable to the claims brought in this action.  On

4    behalf of the classes, Plaintiffs assert three claims against Google:

5    1.    Violation of the Comprehensive Computer Data Access and Fraud Act ("CDAFA");

6    2.    Invasion of privacy; and

7    3.    Intrusion upon seclusion.

8
      [NOTE: Not based on any model instruction]

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**(JOINT) JURY INSTRUCTION NO. 29**

**FIRST CLAIM: VIOLATION OF THE CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT ("CDAFA"), CAL. PENAL CODE § 502**

~~[*Name of plaintiff*]~~Plaintiffs claim~~s~~ that ~~[*name of defendant*] has~~Google violated the Comprehensive Computer Data and Access Fraud Act~~.~~, sometimes referred to as "CDAFA."  To establish this claim, ~~[*name of plaintiff*]~~Plaintiffs must prove all of the following:

1. ~~That [*name of plaintiff*]~~Plaintiffs are ~~is the [~~owner~~s~~ /or lessee~~s]~~ of mobile devices or data; ~~the [*specify computer, computer system, computer network, computer program, and/or data*]~~;

2. ~~That [*name of defendant*]~~Google knowingly accessed Plaintiffs' mobile devices or data; ~~[*specify one or more prohibited acts from Pen. Code, § 502(c), e.g., accessed [name of plaintiff]'s data on a computer, computer system, or computer network*]~~;

~~[~~3. ~~That [*name of defendant*]~~'s~~Google took, copied, or made use of data from those Plaintiffs' mobile devices without Plaintiffs' permission; ~~[*specify conduct from Pen. Code, § 502(c), e.g., use of the computer services] was without [name of plaintiff]'s permission;*~~]

~~[~~4.~~]~~ ~~That [*name of plaintiff*]~~ Plaintiffs suffered damage or loss~~was harmed~~; and

~~[~~5.~~]~~ ~~That [*name of defendant*]~~Google's conduct was a substantial factor in causing ~~[*name of plaintiff*]'s harm~~ Plaintiffs' damage or loss.

Some of the terms used in these elements have specific meanings. I will now explain them to you.

[Authority: Judicial Council of California Civil Jury Instructions (CACI) No. 1812]

**EXHIBIT A TO PROPOSED JOINT JURY INSTRUCTIONS**

**(JOINT) JURY INSTRUCTION NO. 30**

<u>Mobile Devices</u>

Mobile devices include cell phones and tablets.

[NOTE: Not based on any model instruction]

**EXHIBIT A TO PROPOSED JOINT JURY INSTRUCTIONS**

**(JOINT) JURY INSTRUCTION NO. 31**

<u>Access</u>

The term "access" means to gain entry to, instruct, cause input to, cause output from, cause data processing with, or communicate with the logical, arithmetical, or memory function resources of a <u>mobile device,</u> computer, computer system, or computer network. A person can access a <u>mobile device,</u> computer, computer system, or computer network in different ways.  For example, access can be accomplished by sitting down at a computer and using the mouse and keyboard, or by using a wireless network or some other method or tool to gain remote entry.

[Authority: Judicial Council of California Civil Jury Instructions (CACI) No. 1813]

**EXHIBIT A TO PROPOSED JOINT JURY INSTRUCTIONS**

1      **(DISPUTED) JURY INSTRUCTION NO. 32**

2                            <u>Damage or Loss</u>

3          For the fourth element, you must consider whether Plaintiffs had "damage or loss." The

4  following are the specific items of damages or loss claimed by [*name of plaintiff*] Plaintiffs:

5          1. [Humiliation, embarrassment, and mental distress, including any physical symptoms;]

6          2. [Harm to [*name of plaintiff*]'s reputation;] [and]

7          3. [*Insert other item(s) of claimed harm*].

8              1.   The value of data taken from Plaintiffs;

9              2.   Google's profits from data taken from Plaintiffs;

10             3.   Loss of the right to control Plaintiffs' data;

11             4.   Loss of privacy over Plaintiffs' data;

12             5.   Depletion of Plaintiffs' mobile devices' battery life and/or bandwidth; and

13             6.   Injury to Plaintiffs' peace of mind.

14         If you determine that Plaintiffs have proven any of these forms of damage or loss, you must

15  find that Plaintiffs have satisfied the fourth element of this claim.

16

17

18  [Authority: Judicial Council of California Civil Jury Instructions (CACI) No. 1821]

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A TO PROPOSED JOINT JURY INSTRUCTIONS**

**(DISPUTED) JURY INSTRUCTION NO. 33**

<u>Substantial Factor</u>

For the fifth element, a substantial factor in causing ~~harm~~<u>damage or loss</u> is a factor that a reasonable person would consider to have contributed to the ~~harm~~<u>damage or loss</u>.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the ~~harm~~<u>damage or loss</u>.

~~[Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.]~~

[Authority: Judicial Council of California Civil Jury Instructions (CACI) No. 430 (2025 edition)]

**EXHIBIT A TO PROPOSED JOINT JURY INSTRUCTIONS**

**(DISPUTED) JURY INSTRUCTION NO. 34**

**SECOND CLAIM: INVASION OF PRIVACY**

<u>Introduction</u>

[Name of plaintiff] claims that [name of defendant] violated [his/her/nonbinary pronoun] right to Plaintiffs' second claim is a claim for invasion privacy. To establish this claim, [name of plaintiff]Plaintiffs must prove all of the following elements:

1.  1. That [name of plaintiff]Plaintiffs had a reasonable expectation of privacy in [specify place or other circumstance];;

2.  Google's invasion would be highly offensive to a reasonable person;

3.  That [name of plaintiff] was Plaintiffs sustained injury, damage, loss, or harmed; and

4.  That [name of defendant]'sGoogle's conduct was a substantial factor in causing [name of plaintiff]'s Plaintiffs' injury, damage, loss, or harm.

Some of these terms have specific meanings that I have already explained.  I explained that the term "substantial factor" has the meaning described in Instruction 26.  The terms "reasonable expectation of privacy" and "highly offensive" are new terms that I will now define for you.

[Authority: Judicial Council of California Civil Jury Instructions (CACI) No. 1800 (2025 edition)]

**EXHIBIT A TO PROPOSED JOINT JURY INSTRUCTIONS**

**(DISPUTED) JURY INSTRUCTION NO. 35**

<u>Reasonable Expectation of Privacy</u>

For the first element, in deciding whether ~~[name of plaintiff]~~<u>Plaintiffs</u> had a reasonable expectation of privacy ~~in [specify place or other circumstance]~~ you should consider, among other factors, the following:

    a.  The identity of ~~[name of~~<u>the</u> defendant~~];~~<u>, Google;</u>

    b.  The extent to which other persons had access to <u>the data at issue</u>~~[specify place or other circumstance] and could see or hear [name of plaintiff]~~; and

    c.  The means by which the intrusion occurred.


[Authority: Judicial Council of California Civil Jury Instructions (CACI) No. 1800 (2025 edition)]

**EXHIBIT A TO PROPOSED JOINT JURY INSTRUCTIONS**

1

**(DISPUTED) JURY INSTRUCTION NO. 36**

2

<u>Highly Offensive</u>

3        In deciding whether an intrusion is highly offensive to a reasonable person, you should

4  consider, among other factors, the following:

5        a.      The extent of the intrusion;

6        b.      [*Name of defendant*]Google's motives and goals; and

7        c.      The setting in which the intrusion occurred.

8

9

10  [Authority: Judicial Council of California Civil Jury Instructions (CACI) No. 1800 (2025 edition)]

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A TO PROPOSED JOINT JURY INSTRUCTIONS**

1    **(DISPUTED) JURY INSTRUCTION NO. 37**

2    **THIRD CLAIM: INTRUSION UPON SECLUSION**

3    <u>Introduction</u>

4    ~~The plaintiff [also] seeks to recover damages based upon a~~ <u>Plaintiffs' third</u> claim ~~of~~

5    ~~invasion of privacy by~~ <u>is an</u> intrusion <u>upon seclusion claim.</u> ~~into private affairs.The essential~~ <u>To</u>

6    <u>establish this claim, Plaintiffs must prove all of the following</u> elements ~~of this claim are~~:

7        1.    ~~The defendant~~<u>That Plaintiffs had a reasonable expectation of privacy that Google</u>

8            <u>would not save their app activity data when they had (s)WAA turned off;</u>

9        2.    <u>That Google</u> intentionally intruded~~, physically or otherwise,~~ upon the ~~solitude or~~

10            ~~seclusion, private affairs or concerns of the plaintiff~~<u>Plaintiffs' reasonable expectation</u>

11            <u>of privacy by obtaining the data at issue</u>;

12        3.    ~~The~~<u>That Google's</u> intrusion ~~substantially violated plaintiff's reasonable expectation~~

13            ~~of privacy, and of a kind that~~ would be highly offensive to ~~an ordinarily~~ <u>a</u> reasonable

14            person; ~~and~~

15        4.    ~~The intrusion caused plaintiff to sustain~~<u>That Plaintiffs sustained</u> injury, damage, loss<u>,</u>

16            or harm~~.~~<u>; and</u>

17        <u>5.    That Google's conduct was a substantial factor in causing Plaintiffs' injury, damage,</u>

18            <u>loss, or harm.</u>

19    <u>Some of these terms have specific meanings, which I have already defined for you. I</u>

20    <u>explained that the term "reasonable expectation of privacy" has the meaning described in Instruction</u>

21    <u>36. I explained that the term "substantial factor" has the meaning described in Instruction 33. The</u>

22    <u>term "highly offensive" has the meaning described to you in Instruction 39.</u>

23

24

25    [Authority: Book of Approved Jury Instructions ("BAJI") 7.20]

26

27

28

CASE NO. 3:20-cv-04688-RS

**EXHIBIT A TO PROPOSED JOINT JURY INSTRUCTIONS**

**(JOINT) JURY INSTRUCTION NO. 38**

<u>Highly Offensive</u>

For the third element, in deciding whether an intrusion is highly offensive to a reasonable person, you should consider, among other factors, the following:

(a). The extent of the intrusion;

(b). [*Name of defendant*]Google's motives and goals; and

(c). The setting in which the intrusion occurred.


[Authority: Judicial Council of California Civil Jury Instructions (CACI) No. 1800 (2025 edition)]

**EXHIBIT A TO PROPOSED JOINT JURY INSTRUCTIONS**

**(JOINT) JURY INSTRUCTION NO. 39**

<u>Affirmative Defenses – Introduction</u>

Google asserts certain affirmative defenses. Google has the burden to prove these defenses by a preponderance of the evidence. Plaintiffs deny these defenses.

[NOTE: Not based on any model instruction]

**EXHIBIT A TO PROPOSED JOINT JURY INSTRUCTIONS**

1   **(DISPUTED) JURY INSTRUCTION NO. 40**

2   <u>Affirmative Defenses – Statute of Limitations</u>

3   *CACI No. 454*

4   For each claim, Google asserts a statute of limitations defense. ~~[*Name of defendant*]~~ Google

5   contends that ~~[*name of plaintiff*]'s lawsuit was not filed within~~ Plaintiffs' damages, if any, should

6   be limited to the time ~~set by law.~~periods after certain dates, which I will describe in a moment.  To

7   succeed on this defense with respect to the portions of Plaintiffs' claims that Google contends were

8   not filed within the time set by law, ~~[*name of defendant*]~~Google must prove that ~~[*name of~~

9   ~~plaintiff*]'s~~Plaintiffs' claimed harm occurred before ~~[*insert date from applicable statute of*~~

10   ~~*limitation*].~~the following dates for each claim.

11      ● Claim 1 – CDAFA: July 14, 2017

12      ● Claim 2 – Invasion of Privacy: July 14, 2018

13      ● Claim 3 – Intrusion Upon Seclusion: [July 14, 2018]

14   *CACI No. 454*

15   If ~~[*name of defendant*]~~Google proves that ~~[*name~~a portion of ~~*plaintiff*]'s~~the Plaintiffs'

16   claimed damages, loss, or harm occurred before ~~[*insert date from applicable statute of limitations*],~~

17   ~~[*name of plaintiff*]'s lawsuit was~~the above dates for each claim, Plaintiffs may still ~~filed on time if~~

18   ~~[*name of plaintiff*] proves~~recover damages relating to that earlier damages, loss, and harm if

19   Plaintiffs prove that before that date~~.~~:

20      ● ~~[[*name of plaintiff*]~~Plaintiffs did not discover, and did not know ~~of~~the facts that would

21   have caused a reasonable person to suspect, that ~~[he/she/nonbinary pronoun/it]~~they had suffered

22   harm that was caused by someone's wrongful conduct~~.];~~ [or]

23      ● ~~[[*name of plaintiff*]~~Plaintiffs did not discover, and a reasonable and diligent

24   investigation would not have disclosed, that ~~[*specify factual basis for cause of action*]~~the conduct at

25   issue contributed to ~~[*name of plaintiff*]'s~~Plaintiffs' harm.]

26      Google's statute of limitations defense only applies with respect to any monetary relief for

27   damages, loss, or harm that occurred before those dates.  For all damages, loss, or harm that occurred

28

-43-    CASE NO. 3:20-cv-04688-RS

after those dates, Google has no statute of limitations defense, and you may not limit any monetary relief for those periods based on this affirmative defense.

[Authority: Judicial Council of California Civil Jury Instructions (CACI) Nos. 454 & 455 (2025 edition)]

**(DISPUTED) JURY INSTRUCTION NO. 41**

Statute of Limitations Tolling – Fraudulent Concealment

Applies to All Claims

Even if you find that some of Plaintiffs' damages occurred prior to the dates I just described, you must reject Google's statute of limitations defense if you find that Google fraudulently concealed the existence of Plaintiffs' claims. The Plaintiffs bears the burden of pleading and proving fraudulent concealment. To plead fraudulent concealment, the plaintiff must allege that: by a preponderance of the evidence. There are three requirements:

      1.   the defendant Google took affirmative acts to mislead the Plaintiffs;

      2.   the Plaintiffs did not have actual or constructive knowledge of the facts giving rise to its their claims; and

      3.   the Plaintiffs acted diligently in trying to uncover the facts giving rise to its their claims.

[Authority: *In re Animation Workers Antitrust Litig.*, 123 F. Supp. 3d 1175, 1194 (N.D. Cal. 2015)]

**EXHIBIT A TO PROPOSED JOINT JURY INSTRUCTIONS**

**(DISPUTED) JURY INSTRUCTION NO. 42**

<u>Affirmative Defense – Consent</u>

<u>Applies to Claim 2 (Invasion of Privacy) and Claim 3 (Intrusion Upon Seclusion)</u>

~~[*Name of defendant*]~~ Google is not responsible for ~~[*name of plaintiff*]'s~~Plaintiffs' harm, if any, if ~~[he/she/nonbinary pronoun]~~Google proves that ~~[*name of plaintiff*]~~Plaintiffs consented, by words or conduct, to the specific conduct at issue~~[*name of defendant*]'s communication of the statement(s) to others. In deciding whether [*name of plaintiff*] consented to the communication, you should consider the circumstances surrounding the words or conduct.~~ Any consent must be knowing, actual, and voluntary. For consent to be knowing, Google must prove that Plaintiffs were explicitly notified of the specific practice being challenged, which is Google's collection, saving, and use of Plaintiffs' (s)WAA-off app activity. For consent to be actual, Google must prove that it did not exceed the scope of any consent Google did obtain. For consent to be voluntary, Google must prove that Plaintiffs had a practical and effective opportunity to decline consent.

Consent should be evaluated from the perspective of a reasonable user reading Google's disclosures. Any ambiguities in Google's disclosures should be construed against Google, as the party that drafted the disclosure.

[Authority: Judicial Council of California Civil Jury Instructions (CACI) No. 1721 (2025 edition)]

1

**(DISPUTED) JURY INSTRUCTION NO. 43**

2

Interpreting Ambiguities in Agreements, Policies, and Disclosures Agreements

3

~~In determining the meaning of the words of the contract, you must first consider all of the~~

4

~~other instructions that I have given you. If, after considering these instructions, you still cannot agree~~

5

~~on the meaning of the words, then you should interpret the contract~~ Ambiguities in any written

6

agreement, policy, or disclosure should be construed against [the party that wrote the agreement,

7

policy, or disclosure ~~drafted the disputed words/the party that caused the uncertainty]~~.

8

9

10

[Authority: Judicial Council of California Civil Jury Instructions (CACI) Nos. 320 (2025 edition);

11

Cal. Civil Code § 1654]

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-47-                                                          CASE NO. 3:20-cv-04688-RS
**EXHIBIT A TO PROPOSED JOINT JURY INSTRUCTIONS**

**(DISPUTED) JURY INSTRUCTION NO. 44**

Damages Introduction

*CACI No. 3900 (Relevant Excerpt)*

If you decide that [*name of plaintiff*]Plaintiffs has~~ve~~ proved~~n~~ [~~his/her/nonbinary pronoun~~]their claim~~s~~ against [*name of defendant*]Google, you also must decide how much money will reasonably and fairly compensate [*name of plaintiff*]the Plaintiffs for ~~the harm~~ any injury you find Google caused. This compensation is called "damages."

*9th Circuit Model Civil Jury Instruction 5.1 (Relevant Excerpt)*

~~It is the duty of the Court to instruct you about the measure of damages.~~ By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

[Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit, Number 5.1 (2017); Judicial Council of California Civil Jury Instructions (CACI) Nos. 3900 (2025 edition)]

**(DISPUTED) JURY INSTRUCTION NO. 45**

<u>Damages</u>

[*Name of plaintiff*]Plaintiffs must prove the amount of [his/her/nonbinary pronoun] damages by a preponderance of the evidence.  [*Name of plaintiff*]Plaintiffs does not have to prove the exact amount of damages that will provide reasonable compensation for the harm.  However, you must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by Plaintiffs[*name of plaintiff*]:

1. [Humiliation, embarrassment, and mental distress, including any physical symptoms;]

2. [Harm to [*name of plaintiff*]'s reputation;] [and]

3. [*Insert other item(s) of claimed harm*].

   1.   The value of the data taken from Plaintiffs;

   2.   Google's profits from data taken from Plaintiffs;

   3.   Loss of Plaintiffs' right to control their data;

   4.   Loss of privacy over Plaintiffs' data;

   5.   Depletion of Plaintiffs' mobile devices' battery life and/or bandwidth; and

   6.   Injury to Plaintiff's peace of mind.

In addition, [*name of plaintiff*]Plaintiffs may recover any profits that [*name of defendant*]Google received from the use of [*name of plaintiff*]'s [name/voice/signature/photograph/likeness] [data that have not already been taken into account with regard to the above damages].

To establish the amount of these profits you must:

   1.   Determine the gross, or total, revenue that [*name of defendant*]Google received from the use;

   2.   Determine the expenses that [*name of defendant*]Google had in obtaining the gross revenue; and

   3.   Deduct [*name of defendant*]'sGoogle's expenses from the gross revenue.

[*Name of plaintiff*]Plaintiffs must prove the amount of gross revenue, and [*name of defendant*]Google must prove the amount of expenses.

1

2

3    [Authority: Judicial Council of California Civil Jury Instructions (CACI) No. 1821 (2025 edition)]

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**(DISPUTED) JURY INSTRUCTION NO. 46**

Punitive Damages

If you decide that [*name* of *defendant*]'s conduct caused [*name of plaintiff*] harmGoogle is liable with respect to any one of Plaintiffs' claims, you must decide whether that Google's conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmedcaused the plaintiffharm, damage, and/or loss and to discourage similar conduct in the future. You are not required to award any punitive damages.  At this time, you must decide whether Plaintiffs have proved by clear and convincing evidence that Google engaged in that conduct with malice, oppression, or fraud. The amount of punitive damages, if any, will be decided later.

You may award punitive damages only if [*name of plaintiff*] Plaintiffs have proveds by clear and convincing evidence that [*name of defendant*]Google engaged in that conduct with malice, oppression, or fraud.

"Malice" means that [*name of defendant*]Google acted with intent to cause injury or that [*name of defendant*]Google's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another.  A person or entity acts with knowing disregard when the person isthey are aware of the probable dangerous consequences of the person's conduct and deliberately fails to avoid those consequences.

"Oppression" means that [*name of defendant*]Google's conduct was despicable and subjected [*name of plaintiff*]class members to cruel and unjust hardship in knowing disregard of [his/her/nonbinary pronoun]their rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that [*name of defendant*]Google intentionally misrepresented or concealed a material fact and did so in intending to harm class members[*name of plaintiff*].

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

**EXHIBIT A TO PROPOSED JOINT JURY INSTRUCTIONS**

(a)    How reprehensible was ~~[name of defendant]~~Google's conduct?  In deciding how reprehensible ~~[name of defendant]~~Google's conduct was, you may consider, among other factors:

~~1.~~(i)    Whether the conduct caused physical harm;

~~2.~~(ii)    Whether ~~[name of defendant]~~Google disregarded the health or safety of others;

~~3.~~(iii)    Whether ~~[name of plaintiff] was~~class members were financially weak or vulnerable and ~~[name of defendant]~~Google knew ~~[name of plaintiff] was~~they were financially weak or vulnerable and took advantage of them~~[him/her/nonbinary pronoun/it]~~;

~~4.~~(iv)    Whether ~~[name of defendant]~~Google's conduct involved a pattern or practice; and

~~5.~~(v)    Whether ~~[name of defendant]~~Google acted with trickery or deceit.

(b)    Is there a reasonable relationship between the amount of punitive damages and ~~[name of plaintiff]'s~~class members' harm ~~[, damage, or loss,~~ or between the amount of punitive damages and potential harm, damage, or loss to ~~[name of plaintiff]~~class members that ~~[name of defendant]~~Google knew was likely to occur because of ~~[his/her/nonbinary pronoun/its]~~their conduct~~]~~?

(c)    In view of ~~[name of defendant]~~Google's financial condition, what amount is necessary to punish ~~[him/her/nonbinary pronoun/it]~~Google and discourage future wrongful conduct?  You may not increase the punitive award above an amount that is otherwise appropriate merely because ~~[name of defendant]~~Google has substantial financial resources. ~~[~~Any award you impose may not exceed ~~[name of defendant]~~Google's ability to pay.~~].~~

~~[Punitive damages may not be used to punish [name of defendant] for the impact of [his/her/nonbinary pronoun/its] alleged misconduct on persons other than [name of plaintiff].]~~

[Authority: Judicial Council of California Civil Jury Instructions (CACI) No. 3940 (2025 edition)]

**EXHIBIT A TO PROPOSED JOINT JURY INSTRUCTIONS**

1

**(DISPUTED) JURY INSTRUCTION NO. 47**

2

<u>Nominal Damages</u>

3

4    The law that applies to this case authorizes an award of nominal damages.  If you find for

5    the plaintiff but you find that the plaintiff has failed to prove damages as defined in these

6    instructions, you must award nominal damages <u>for each injury</u>.  Nominal damages ~~may not exceed~~

7    ~~one dollar~~ <u>are awarded per class member</u>. <u>This means that the total amount of nominal damages will</u>

8    <u>equal the amount of nominal damages you award multiplied by the amount of people per class. The</u>

9    <u>estimated class sizes are 54,923,146 for Class 1, the Android Class, and 59,565,930 for Class 2, the</u>

10   <u>Non-Android Class.</u>

11

12

13   [Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit,

14   Number 5.6 (2017)]

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A TO PROPOSED JOINT JURY INSTRUCTIONS**

**(JOINT) JURY INSTRUCTION NO. 48**

<u>Duty to Deliberate</u>

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

[Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit, Number 3.1 (2017)]

**EXHIBIT A TO PROPOSED JOINT JURY INSTRUCTIONS**

**(JOINT) JURY INSTRUCTION NO. 49**

<u>Consideration of Evidence – Conduct of the Jury</u>

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations~~.~~:

Do not communicate with anyone in any way, and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website, or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it~~[, although I have no information that there will be news reports about this case]~~; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may

be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

[Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit, Number 3.2 (2017)]

**(JOINT) JURY INSTRUCTION NO. 50**

<u>Burden of Proof – Preponderance of the Evidence</u>

When a party has the burden of proving any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

[Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit, Number 1.6 (2017)]

**(JOINT) JURY INSTRUCTION NO. 51**

Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy[marshal] [bailiff], signed by ~~your presiding juror or by~~ any one or more ~~members~~ of ~~you~~the jury. No member of the jury should ever attempt to communicate with me except by a signed writing;. I will not communicate with any member of the jury on anything concerning the case ~~only~~except in writing, or here in open court.  If you send out a question, I will consult with the ~~parties~~lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including ~~me~~the court—how the jury stands, ~~numerically~~whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

[Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit, Number 3.3 (2017)]

1  **(JOINT) JURY INSTRUCTION NO. 52**

2  <u>Return of Verdict</u>

3  A verdict form has been prepared for you. ~~[Explain verdict form as needed.]~~ After you have

4  reached unanimous agreement on a verdict, your ~~[presiding juror]~~ ~~[foreperson]~~ should complete the

5  verdict form according to your deliberations, sign and date it, and advise the ~~[clerk]~~

6  ~~[bailiff]~~<u>Courtroom Deputy</u> that you are ready to return to the courtroom.

7

8

9  [Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit,

10  Number 3.5 (2017)]

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A TO PROPOSED JOINT JURY INSTRUCTIONS**