# EXHIBIT B

## I.      PRELIMINARY INSTRUCTIONS (Read at the beginning of trial)

### (DISPUTED) JURY INSTRUCTION NO. 2

<u>Claims and Defenses</u>
*Google's Proposal*

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This is a class action, in which three people called Plaintiffs are asserting claims against Google on behalf of groups of other people, which are called "classes." Plaintiffs claim that Google violated the law by collecting, saving, and/or using information about their activities on mobile apps without their permission or consent. These claims concern Google's conduct between July 1, 2016 and September 23, 2024.

Plaintiffs assert three claims against Google. First, Plaintiffs claim that Google's conduct violated the California Comprehensive Computer Data Access and Fraud Act, which is abbreviated "CDAFA." Second, Plaintiffs claim that Google is liable for invasion of privacy. And third, Plaintiffs claim that Google is liable for intrusion upon seclusion.

Google denies Plaintiffs' claims and also asserts certain affirmative defenses that, if you find to be applicable, would make Google not liable in whole or in part. These affirmative defenses include Google's assertions that Plaintiffs consented to Google's conduct at issue, and that some portion of each of Plaintiffs' three claims are barred by the applicable statutes of limitations.

Plaintiffs have the burden to prove the requirements of their claims, and Google has the burden to prove the requirements of its affirmative defenses. I will explain the requirements of these claims and defenses.

<u>Claims and Defenses</u>
*Google's Proposal v. Ninth Circuit Model 1.5*

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This is a class action, in which three people called Plaintiffs are asserting claims against Google on behalf of groups of other people, which are called "classes." Plaintiffs claim that Google violated the law by collecting, saving, and/or using information about their activities on mobile apps without their permission or consent. These claims concern Google's conduct between July 1, 2016 and September 23, 2024.

~~The p~~Plaintiffs assert~~s~~ three claims against Google. First, Plaintiffs claim that Google's conduct violated the California Comprehensive Computer Data Access and Fraud Act, which is abbreviated "CDAFA." Second, Plaintiffs claim that Google is liable for invasion of privacy. And third, Plaintiffs claim that Google is liable for intrusion upon seclusion ~~that [*plaintiff's claims*]. The plaintiff has the burden of proving these claims.~~

~~The defendant~~ Google denies Plaintiffs'~~those~~ claims [~~and also contends~~ asserts ~~that [*defendant's counterclaims and/or affirmative defenses*]]~~ certain affirmative defenses that, if you find to be applicable, would make Google not liable in whole or in part. These affirmative defenses include Google's assertions that Plaintiffs consented to Google's conduct at issue, and that some portion ~~or all~~ of each of Plaintiffs' three claims are barred by the applicable statutes of limitations.

Plaintiffs have the burden to prove the requirements of their claims, and Google [~~The defendant~~ has the burden ~~of~~ to prov~~e~~~~of on these [*counterclaims and/or affirmative defenses*.]]~~ the burden to prove the requirements of its affirmative defenses. I will explain the requirements of these claims and defenses.

~~The plaintiff denies [*defendant's counterclaims and/or affirmative defenses*].]~~

**(DISPUTED) JURY INSTRUCTION NO. 17**

<u>Questions to Witnesses by Jurors</u>
*Google's Proposal*

When the attorneys have finished examining a witness, you may propose a question to the witness to help clarify the testimony. A question may not be used to express any opinion about the testimony or argue with a witness. If you propose a question, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question using the form that has been put into your binders. Do not sign the question.

There are some proposed questions that I will not permit, or will rephrase from the wording submitted. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence. After your questions, if any, the attorneys may ask additional questions.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

CASE NO. 3:20-cv-04688-RS
**PROPOSED JOINT JURY INSTRUCTIONS**

<u>Questions to Witnesses by Jurors</u>
*Google's Proposal v. Ninth Circuit Model 1.19*

~~*Option 1*~~

~~Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. *[Specific reasons for not allowing jurors to ask questions may be explained.]* If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.~~

~~*Option 2*~~

When attorneys have finished ~~their~~ examin<u>ing</u>~~ation of~~ a witness, you may ~~ask~~ <u>propose a</u> question~~s of~~<u>to</u> the witness <u>to help clarify the testimony</u>. [~~*Describe procedure to be used.*~~] <u>A question may not be used to express any opinion about the testimony or argue with a witness. If you propose a question, remember that your role is that of a neutral fact finder, not an advocate.</u>

<u>Before I excuse each witness, I will offer you the opportunity to write out a question using the form that has been put into your binders. Do not sign the question.</u>

~~If the rules of evidence do not~~ <u>There are some proposed questions that I will not </u>permit~~, a particular question, I will advise you~~ <u>or will rephrase from the wording submitted</u>. <u>This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence. </u>After your questions, if any, the attorneys may ask additional questions.

<u>By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.</u>

## II.    INSTRUCTIONS DURING TRIAL (READ DURING TRIAL)

## (DISPUTED) JURY INSTRUCTION NO. 20

<u>Assumed Facts</u>
*Google's Proposal*

For purposes of this case, you should assume that the following facts are true:

- All mobile applications running Google Analytics followed the procedure outlined in the Google Analytics Terms of Service. This procedure requires all such applications to disclose the use of Google Analytics and how it collects and processes data, and requires such applications to inform users about any collection and obtain their consent.

**[No Model Instruction]**

### III.    FINAL INSTRUCTIONS (READ AT THE END OF TRIAL)

### (DISPUTED) JURY INSTRUCTION NO. 32

<u>Damage or Loss</u>
*Google's Proposal*

For the fourth element, you must consider whether the Plaintiffs had "damage" or "loss." You may find that "damage or loss" occurred if Google's conduct caused harm to the Plaintiffs' mobile devices or data. "Damage or loss" can also include:

1. Impairment to the integrity or availability of data from a computer, computer system, or computer network; or

2. Any expenditure reasonably and necessarily incurred to verify that a computer system, computer network, computer program, or data was or was not altered, damaged, or deleted by the access.

Loss of the right to control one's data, the loss of privacy over that data, or depletion of resources such as battery life or bandwidth as a direct result of Google's conduct, may support an award of nominal damages, but these alone do not constitute "damage or loss" under CDAFA sufficient to support more than an award of nominal damages.

**[No Model Instruction]**

**(DISPUTED) JURY INSTRUCTION NO. 33**

<u>Substantial Factor</u>
*Google's Proposal*

For the fifth element, a substantial factor in causing damage or loss is a factor that a reasonable person would consider to have contributed to the damage or loss. It must be more than a remote or trivial factor. It does not have to be the only cause of the damage or loss.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

<u>Substantial Factor</u>
*Google's Proposal v. CACI 430*

For the fifth element, A a substantial factor in causing harm damage or loss is a factor that a reasonable person would consider to have contributed to the harm damage or loss. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm damage or loss.

[Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.]

**(DISPUTED) JURY INSTRUCTION NO. 34**

**SECOND CLAIM: INVASION OF PRIVACY**

<u>Introduction</u>
*Google's Proposal*

Plaintiffs' second claim is a claim for invasion of privacy under the California Constitution. To establish this claim, Plaintiffs must prove all of the following elements:

1.   Plaintiffs had an objectively reasonable expectation of privacy;

2.   If Google obtained the data at issue, that conduct was so serious in nature, scope, and actual or potential impact as to constitute an egregious breach of the social norms that is highly offensive;

3.   Plaintiffs sustained harm; and

4.   Google's conduct was a substantial factor in causing Plaintiffs' harm.

Some of these terms have specific meanings that I have already explained.  I explained that the term "substantial factor" has the meaning described in Instruction 33.  The terms "objectively reasonable expectation of privacy" and "egregious breach of social norms" are new terms that I will now define for you.

**[No Model Instruction]**

**(DISPUTED) JURY INSTRUCTION NO. 35**

<u>Objectively Reasonable Expectation of Privacy</u>
*Google's Proposal*

For the second element, in deciding whether Plaintiffs had an objectively reasonable expectation of privacy in the data at issue, you should consider, among other factors, the following:

a.   The customs, practices, and physical settings surrounding Google's conduct;

b.   The extent to which other persons had access to the data at issue;

c.   Whether each Plaintiff was provided an opportunity to be notified in advance and consent to Google obtaining the data at issue;

d.   Whether the data at issue was individually identifiable to particular Plaintiffs; and

e.   The means by which the intrusion, if any, occurred.


<u>Objectively Reasonable Expectation of Privacy</u>
*Google's Proposal v. CACI 1800*

For the second element, Iin deciding whether [*name of plaintiff*]Plaintiffs had an objectively reasonable expectation of privacy in  [*specify place or other circumstance*]the data at issue, you should consider, among other factors, the following:

a.   The customs, practices, and physical settings surrounding Google's conductThe identity of [*name of defendant*];

b.   The extent to which other persons had access to  the data at issue[*specify place or other circumstance*] and could see or hear [*name of plaintiff*]; and

c.   Whether each Plaintiff was provided an opportunity to be notified in advance and consent to Google obtaining the data at issue;

b.d.Whether the data at issue was individually identifiable to particular Plaintiffs; and

c.e. The means by which the intrusion, if any, occurred.

**(DISPUTED) JURY INSTRUCTION NO. 36**

Egregious Breach of Social Norms
*Google's Proposal*

In deciding whether Google's conduct is an egregious breach of social norms that is highly offensive, you should consider, among other factors, the following:

    a.    The extent and gravity of the intrusion, if any, for each Plaintiff;

    b.    Google's motives and goals;

    c.    The setting in which the intrusion occurred;

    d.    Whether Google linked any data to a person's identity. Obtaining data that is not linked to a person's identity may not be an egregious breach of social norms; and

    d.    Whether Google obtaining any data at issue is routine commercial behavior. Routine commercial behavior may not be an egregious breach of social norms.

Egregious Breach of Social Norms
*Google's Proposal v. CACI 1800*

In deciding whether ~~an intrusion~~Google's conduct is ~~highly offensive to a reasonable person~~ an egregious breach of social norms that is highly offensive, you should consider, among other factors, the following:

    a.    The extent and gravity of the intrusion, if any, for each Plaintiff;

    b.    [*Name of defendant*]Google's motives and goals; ~~and~~

    ~~b.~~c.    The setting in which the intrusion occurred;

    ~~c.~~d.    Whether Google linked any data to a person's identity. Obtaining data that is not linked to a person's identity may not be an egregious breach of social norms; and

    ~~d.~~e.    Whether Google obtaining any data at issue is routine commercial behavior. Routine commercial behavior may not be an egregious breach of social norms.

# (DISPUTED) JURY INSTRUCTION NO. 37

## THIRD CLAIM: INTRUSION UPON SECLUSION

### Introduction
*Google's Proposal*

Plaintiffs' third claim is an intrusion upon seclusion claim.  To establish this claim, Plaintiffs must prove all of the following elements:

1.   That Plaintiffs had a reasonable expectation of privacy that Google would not obtain the data at issue;

2.   That Google intentionally intruded upon the Plaintiffs' reasonable expectation of privacy by obtaining the data at issue;

3.   That Google's intrusion would be highly offensive to a reasonable person;

4.   That Plaintiffs were harmed; and

5.   That Google's conduct was a substantial factor in causing Plaintiffs' harm.

Some of these terms have specific meanings, which I have already defined for you. I explained that the term "reasonable expectation of privacy" has the meaning described in Instruction 35.  I explained that the term "substantial factor" has the meaning described in Instruction 33. The term "highly offensive" is a new term that I will now define for you.

# THIRD CLAIM: INTRUSION UPON SECLUSION

<u>Introduction</u>
*Google's Proposal v. CACI 1800*

[~~*Name of plaintiff*~~]Plaintiffs' third claim~~s~~ ~~that [name of defendant] violated~~ ~~[his/her/nonbinary pronoun] right to privacy~~is an intrusion upon seclusion claim. To establish this claim, [~~*name of plaintiff*~~]Plaintiffs must prove all of the following:

1. That [~~*name of plaintiff*~~]Plaintiffs had a reasonable expectation of privacy ~~in [specify place or other circumstance]~~that Google would not obtain the data at issue~~;~~

2. That [~~*name of defendant*~~] Google intentionally intruded in ~~[specify place or other circumstance]~~upon the Plaintiffs' reasonable expectation of privacy by obtaining the data at issue;

3. That [~~*name of defendant*~~]Google's intrusion would be highly offensive to a reasonable person;

4. That [~~*name of plaintiff*~~] Plaintiffs were~~as~~ harmed; and

5. That [~~*name of defendant*~~]Google's conduct was a substantial factor in causing [~~*name of plaintiff*~~]Plaintiff~~'~~s harm.

Some of these terms have specific meanings, which I have already defined for you. I explained that the term "reasonable expectation of privacy" has the meaning described in Instruction 35. I explained that the term "substantial factor" has the meaning described in Instruction 33. The term "highly offensive" is a new term that I will now define for you.

CASE NO. 3:20-cv-04688-RS
**PROPOSED JOINT JURY INSTRUCTIONS**

**(DISPUTED) JURY INSTRUCTION NO. 40**

<u>Affirmative Defenses – Statute of Limitations</u>

<u>Applies to all Claims</u>

*Google's Proposal*

For each claim, Google asserts a statute of limitations defense. Google contends that portions of the Plaintiffs' claims were not filed within the time set by law. To succeed on this defense, Google must prove that at least some of each of the Plaintiffs' claimed damages, loss or harm occurred before the following dates for each claim.

- Claim 1 – CDAFA: July 14, 2017

- Claim 2 – Invasion of Privacy: July 14, 2018

- Claim 3 – Intrusion Upon Seclusion: July 14, 2018

If Google proves that a portion of the Plaintiffs' claimed damages, loss, or harm occurred before the above dates for each claim, the Plaintiffs' lawsuit was still filed on time if the Plaintiffs prove that before that date:

- Plaintiffs did not discover, and did not know the facts that would have caused a reasonable person to suspect, that they had suffered harm that was caused by someone's wrongful conduct; or

- Plaintiffs did not discover, and a reasonable and diligent investigation would not have disclosed, that the conduct at issue contributed to Plaintiffs' harm.

Affirmative Defenses – Statute of Limitations

Applies to all Claims

*Google's Proposal v. CACI 454 and CACI 455*

**[CACI 454]**

For each claim, Google asserts a statute of limitations defense. [~~*Name of defendant*~~]Google contends that [~~*name of plaintiff*~~]'s lawsuit portions of the Plaintiffs' claims w~~er~~eas not filed within the time set by law. To succeed on this defense, [~~*name of defendant*~~]Google must prove that [~~*name of plaintiff*~~]at least some of each of the ~~p~~Plaintiff~~'~~s' claimed damages, loss or harm occurred before [~~*insert date from applicable statute of limitation*~~].the following dates for each claim:

- Claim 1 – CDAFA: July 14, 2017
- Claim 2 – Invasion of Privacy: July 14, 2018
- Claim 3 – Intrusion Upon Seclusion: July 14, 2018

**[CACI 455]**

If [~~*name of defendant*~~]Google proves that [~~*name of plaintiff*~~]'sa portion of the Plaintiffs' claimed damages, loss, or harm occurred before [~~*insert date from applicable statute of limitations*~~]the above dates for each claim, [~~*name of plaintiff*~~]'sthe Plaintiffs' lawsuit was still filed on time if [~~*name of plaintiff*~~]the Plaintiffs prove~~s~~ that before that date,

- [[~~*name of plaintiff*~~]Plaintiffs did not discover, and did not know ~~of~~ the facts that would have caused a reasonable person to suspect, that [~~*he/she/nonbinary pronoun/it*~~] they had suffered harm that was caused by someone's wrongful conduct~~;~~ [or]

- [[~~*name of plaintiff*~~]Plaintiffs did not discover, and a reasonable and diligent investigation would not have disclosed, that [~~*specify factual basis for cause of action*~~]the conduct at issue contributed to [~~*name of plaintiff*~~]'sPlaintiffs harm.

**(DISPUTED) JURY INSTRUCTION NO. 41**

<u>Statute of Limitations Tolling – Fraudulent Concealment</u>

<u>Applies to All Claims</u>

*Google's Proposal*

Even if you find that some of Plaintiffs' damages occurred prior to the dates I just described, you must reject Google's statute of limitations defense if you find that Google fraudulently concealed the existence of Plaintiffs' claims. Plaintiffs bear the burden of proving fraudulent concealment by a preponderance of the evidence. Plaintiffs must show that, before the corresponding dates listed in the instruction above:

1.  Google took affirmative acts to prevent Plaintiffs from discovering that they had suffered harm that was caused by Google's conduct;

2.  As a result of Google's affirmative acts, Plaintiffs did not discover, and a reasonable and diligent investigation would not have disclosed, that they had suffered harm that was caused by Google's conduct; and

3.  Plaintiffs acted diligently in trying to uncover the facts giving rise to their claims.

<u>Statute of Limitations Tolling – Fraudulent Concealment</u>

<u>Applies to All Claims</u>

*Google's Proposal v. CACI 455*

Even if you find that some of Plaintiffs' damages occurred prior to the dates I just described, you must reject Google's statute of limitations defense if you find that Google fraudulently concealed the existence of Plaintiffs' claims. Plaintiffs bear the burden of proving fraudulent concealment by a preponderance of the evidence.

~~If [name of defendant] proves that [name of plaintiff]'s claimed harm occurred before [insert date from applicable statute of limitations], [name of plaintiff]'s lawsuit was still filed on time if [name of plaintiff] proves~~ Plaintiffs must show that~~,~~ before th~~e~~at corresponding date~~s~~ listed in the instruction above:

1. Google took affirmative acts to prevent ~~[[name of plaintiff]~~ Plaintiffs from ~~did not~~ discover~~ing, and did not know of facts that would have caused a reasonable person to suspect, that [he/she/nonbinary pronoun/it]~~ that they had suffered harm that was caused by ~~someone's~~ Google's wrongful conduct.~~] [or]~~;

2. As a result of Google's affirmative acts, ~~[[name of plaintiff]~~ Plaintiffs did not discover, and a reasonable and diligent investigation would not have disclosed, that ~~[specify factual basis for cause of action] contributed to [name of plaintiff]'s harm.]~~they had suffered harm that was caused by Google's conduct; and

~~1.~~3.Plaintiffs acted diligently in trying to uncover the facts giving rise to their claims.

CASE NO. 3:20-cv-04688-RS
**PROPOSED JOINT JURY INSTRUCTIONS**

**(DISPUTED) JURY INSTRUCTION NO. 42**

Affirmative Defense – Consent

Applies to Claim 2 (Invasion of Privacy) and Claim 3 (Intrusion Upon Seclusion)

*Google's Proposal*

Google is not responsible for the plaintiffs' harm, if any, if Google proves that the plaintiffs consented, by words or conduct, to the conduct at issue.   Consent can be express or implied, but any consent must be actual.  Consent should be evaluated from the perspective of a reasonable user.

Affirmative Defense – Consent

Applies to Claim 2 (Invasion of Privacy) and Claim 3 (Intrusion Upon Seclusion)

*Google's Proposal v. CACI 1721*

**[CACI 1721]**

[*Name of defendant*]Google is not responsible for [*name of plaintiff*]'s the plaintiffs' harm, if any, if [*he/she/nonbinary pronoun*] Google proves that [*name of plaintiff*] the plaintiffs consented, by words or conduct, to [*name of defendant*]'s communication of the statement(s) to others the conduct at issue. Consent can be express or implied, but any consent must be actual. Consent should be evaluated from the perspective of a reasonable user. In deciding whether [*name of plaintiff*] consented to the communication, you should consider the circumstances surrounding the words or conduct.

**(DISPUTED) JURY INSTRUCTION NO. 44**

Damages Introduction
*Google's Proposal*

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered. If you find for Plaintiffs on one or more of their claims against Google, you also must determine the Plaintiffs' damages. Damages means the amount of money that will reasonably and fairly compensate the class members for any injury you find Google caused. The Plaintiffs have the burden of proving damages by a preponderance of the evidence.

Damages Introduction
*Google's Proposal v. Ninth Circuit Model 5.1*

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for ~~the~~ pPlaintiffs ~~[on~~ ~~the plaintiff's~~ *~~[specify type of claim]~~* one or more of their claims~~]~~ against Google, you also must determine the pPlaintiff's' damages. ~~The plaintiff has the burden of proving damages by a preponderance of the evidence.~~ Damages means the amount of money that will reasonably and fairly compensate the class members ~~plaintiff~~ for any injury you find ~~was~~ Google caused ~~by the defendant~~. The pPlaintiffs haves the burden of proving damages by a preponderance of the evidence.

~~You should consider the following:~~

~~[Insert types of damages. See Instruction 5.2 (Measures of Types of Damages)]~~

~~It is for you to determine what damages, if any, have been proved.~~

~~Your award must be based upon evidence and not upon speculation, guesswork or conjecture.~~

## (DISPUTED) JURY INSTRUCTION NO. 45

<u>Damages</u>
*Google's Proposal*

Plaintiffs have the burden of proving the amount of damages by a preponderance of the evidence.  Plaintiffs do not have to prove the exact amount of damages that will provide reasonable compensation for the harm.  It is for you to determine what damages, if any, have been proven. Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

The specific item of damages Plaintiffs claim is the economic value of the data at issue.

In addition, Plaintiffs seek a measure of recovery that may allow them to recover any profits that Google received from the use of the data at issue that have not already been taken into account with regard to the above damages.

To recover under this theory, Plaintiffs must prove each of the following:

1.  By obtaining the data at issue, Google received a benefit that it otherwise would not have achieved;

2.  That the benefit was obtained at Plaintiffs' expense; and

3.  That it would be unjust for Google to retain that benefit without compensating Plaintiffs.

To establish the amount of these profits you must:

4.  Determine the gross, or total, revenue that Google received from the use;

5.  Determine the expenses that Google had in obtaining the gross revenue; and

6.  Deduct Google's expenses from the gross revenue.

In calculating the amount of any unjust enrichment, do not take into account any amount that you included in determining any amount of damages for Plaintiffs' actual loss.

Plaintiffs must prove the amount of gross revenue, and Google must prove the amount of expenses.

<u>Damages</u>
*Google's Proposal v. Ninth Circuit Model 5.1 and CACI 4410*

**[Ninth Circuit Model 5.1]**

~~It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.~~

~~If you find for the plaintiff [on the plaintiff's [*specify type of claim*] claim], you must determine the plaintiff's damages.  The p~~Plaintiffs ha~~ve~~s the burden of proving damages by a preponderance of the evidence. <u>Plaintiffs do not have to prove the exact amount of damages that will provide reasonable compensation for the harm.  It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.</u>

~~Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.  You should consider the following:~~

~~[*Insert types of damages.  See Instruction 5.2 (Measures of Types of Damages)*]~~

<u>The specific item of damages Plaintiffs claim is the economic value of the data at issue.</u>

~~It is for you to determine what damages, if any, have been proved.~~

~~Your award must be based upon evidence and not upon speculation, guesswork or conjecture.~~

**[CACI 4410]**

<u>In addition, Plaintiffs seek a measure of recovery that may allow them to recover any profits that Google received from the use of the data at issue that have not already been taken into account with regard to the above damages.</u>

<u>To recover under this theory, Plaintiffs must prove each of the following:</u>

<u>1.</u> ~~[*Name of defendant*] was~~ unjustly enriched if ~~[*his/her/nonbinary pronoun/its*] misappropriation of [*name of plaintiff*]'s trade secret[s] caused [*name of defendant*] to~~ <u>By obtaining the data at issue, Google</u> received a benefit that ~~[*he/she/nonbinary pronoun/it*]~~ <u>it</u> otherwise would not have achieved.

2. That the benefit was obtained at Plaintiffs' expense; and

1.3. That it would be unjust for Google to retain that benefit without compensating Plaintiffs.

To decide establish the amount of any unjust enrichment these profits you must:,

4. first dDetermine the gross, or total, revenue that Google received from the use; value of [*name of defendant*]'s benefit that would not have been achieved except for [*his/her/nonbinary pronoun/its*] misappropriation.

5. Then subtract from that amount [*name of defendant*]'s Determine the reasonable expenses[, including the value of the [*specify categories of expenses in evidence, such as labor, materials, rents, interest on invested capital*]] that Google had in obtaining the gross revenue; and

2.6. Deduct Google's expenses from the gross revenue.

[In calculating the amount of any unjust enrichment, do not take into account any amount that you included in determining any amount of damages for [*name of plaintiff*]Plaintiff's actual loss.]

Plaintiffs must prove the amount of gross revenue, and Google must prove the amount of expenses.

## (DISPUTED) JURY INSTRUCTION NO. 46

<u>Punitive Damages</u>
*Google's Proposal*

Punitive damages are available only under the following claims: CDAFA and Intrusion Upon Seclusion. If you decide that Google is liable with respect to any one of Plaintiffs' claims, you must also decide whether Google's conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that caused the harm, damage, and/or loss and to discourage similar conduct in the future. You are not required to award any punitive damages.  At this time, you must decide whether Plaintiffs have proved by clear and convincing evidence that Google engaged in that conduct with malice, oppression, or fraud. The amount of punitive damages, if any, will be decided later.

You may award punitive damages only if Plaintiffs have proved by clear and convincing evidence that Google engaged in that conduct with malice, oppression, or fraud.

"Malice" means that Google acted with intent to cause injury or that Google's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another.  A person or entity acts with knowing disregard when they are aware of the probable dangerous consequences of the person's conduct and deliberately fail to avoid those consequences.

"Oppression" means that Google's conduct was despicable and subjected class members to cruel and unjust hardship in knowing disregard of their rights.

"Fraud" means that Google intentionally misrepresented or concealed a material fact and did so in intending to harm class members.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

CASE NO. 3:20-cv-04688-RS
**PROPOSED JOINT JURY INSTRUCTIONS**

(a)     How reprehensible was Google's conduct?  In deciding how reprehensible Google's conduct was, you may consider, among other factors:

        (i)     Whether the conduct caused physical harm;

        (ii)     Whether Google disregarded the health or safety of others;

        (iii)     Whether class members were financially weak or vulnerable and Google knew they were financially weak or vulnerable and took advantage of them;

        (iv)     Whether Google's conduct involved a pattern or practice; and

        (v)     Whether Google acted with trickery or deceit.

(b)     Is there a reasonable relationship between the amount of punitive damages and class members' harm, damage, or loss, or between the amount of punitive damages and potential harm, damage, or loss to class members that Google knew was likely to occur because of their conduct?

(c)     In view of Google's financial condition, what amount is necessary to punish Google and discourage future wrongful conduct?  You may not increase the punitive award above an amount that is otherwise appropriate merely because Google has substantial financial resources.  Any award you impose may not exceed Google's ability to pay.

Punitive damages may not be used to punish Google for the impact of its alleged misconduct on persons other than class members.

Punitive Damages
*Google's Proposal v. CACI 3940 and Ninth Circuit Model 5.5*

**[CACI 3940]**

Punitive damages are available only under the following claims: CDAFA and Intrusion Upon Seclusion. If you decide that [~~*name of defendant*~~]~~'s~~ Google is liable with respect to any one of Plaintiffs' claims~~conduct caused [~~*name of plaintiff*~~] harm~~, you must also decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that ~~harmed the plaintiff~~ caused the harm, damage, and/or loss and to discourage similar conduct in the future. You are not required to award any punitive damages.

At this time, you must decide whether Plaintiffs have proved by clear and convincing evidence that Google engaged in that conduct with malice, oppression, or fraud. The amount of punitive damages, if any, will be decided later.

You may award punitive damages only if [~~*name of plaintiff*~~] Plaintiffs have prove~~d~~s by clear and convincing evidence that [~~*name of defendant*~~] Google engaged in that conduct with malice, oppression, or fraud.

"Malice" means that [~~*name of defendant*~~] Google acted with intent to cause injury or that [~~*name of defendant*~~]Google's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person or entity acts with knowing disregard when they are ~~person is~~ aware of the probable dangerous consequences of the person's conduct and deliberately fails to avoid those consequences.

"Oppression" means that [~~*name of defendant*~~]Google's conduct was despicable and subjected [~~*name of plaintiff*~~] class members to cruel and unjust hardship in knowing disregard of [~~*his/ her/nonbinary pronoun*~~] their rights.

~~"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.~~

"Fraud" means that [~~*name of defendant*~~] Google intentionally misrepresented or concealed a material fact and did so intending to harm class members[~~*name of plaintiff*~~].

-24-

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. **[Ninth Circuit Model 5.5]** If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. **[CACI 3940]** If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

(a) How reprehensible was ~~[name of defendant]~~Google's conduct? In deciding how reprehensible ~~[name of defendant]~~Google's conduct was, you may consider, among other factors:

1. Whether the conduct caused physical harm;

2. Whether ~~[name of defendant]~~ =Google disregarded the health or safety of others;

3. Whether ~~[name of plaintiff]~~ class members wer~~e~~as financially weak or vulnerable and ~~[name of defendant]~~ Google knew ~~[name of plaintiff] was~~they were financially weak or vulnerable and took advantage of the, ~~[him/her/nonbinary pronoun/it]~~;

4. Whether ~~[name of defendant]~~Google's conduct involved a pattern or practice; and

5. Whether ~~[name of defendant]~~ Google acted with trickery or deceit.

(b) Is there a reasonable relationship between the amount of punitive damages and ~~[name of plaintiff]~~class member~~'~~s' harm ~~[~~or between the amount of punitive damages and potential harm, damage, or loss to ~~[name of plaintiff]~~class members that ~~[name of defendant]~~ Google knew was likely to occur because of their ~~[his/her/ nonbinary pronoun/its]~~ conduct~~]~~?

(c) In view of ~~[name of defendant]~~Google's financial condition, what amount is necessary to punish ~~[him/her/nonbinary pronoun/it]~~ Google and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because ~~[name of defendant]~~Google has substantial financial

-25-

resources. [Any award you impose may not exceed [*name of defendant*]Google's ability to pay.]

[Punitive damages may not be used to punish [*name of defendant*] Google for the impact of [*his/her/nonbinary pronoun/its*] its alleged misconduct on persons other than class members[*name of plaintiff*].]

-26-

**(DISPUTED) JURY INSTRUCTION NO. 47**

<u>Nominal Damages</u>
*Google's Proposal*

If you decide that Google is liable under Plaintiffs' CDAFA and/or Intrusion Upon Seclusion claim, but also that Plaintiffs were not harmed by Google's intrusion, you may still award Plaintiffs nominal damages. There is no lower limit to nominal damages, though they may not exceed $1. The estimated class sizes are 54,923,146 individuals for Class 1, the Android Class, and 59,565,930 individuals for Class 2, the Non-Android Class.

Nominal damages are not available for Plaintiffs' claim for Invasion of Privacy under the California Constitution.

<u>Nominal Damages</u>
*Google's Proposal v. Ninth Circuit Model 5.6*

~~The law that applies to this case authorizes an award of nominal damages.~~  If you ~~find~~ <u>decide</u> that Google is liable under ~~for the p~~<u>P</u>laintiff~~s~~<u>s'</u> <u>CDAFA and/or Intrusion Upon Seclusion claim,</u> but <u>also</u> ~~you find~~ that ~~the p~~<u>P</u>laintiff<u>s were not harmed by Google's intrusion</u> ~~has failed to prove damages as defined in these instructions,~~ you ~~must~~ <u>may still</u> award <u>Plaintiffs</u> nominal damages. <u>There is no lower limit to nominal damages, though</u>~~Nominal damages~~ <u>they</u> may not exceed ~~one dollar~~<u>$1. The estimated class sizes are 54,923,146 individuals for Class 1, the Android Class, and 59,565,930 individuals for Class 2, the Non-Android Class.</u>

<u>Nominal damages are not available for Plaintiffs' claim for Invasion of Privacy under the California Constitution.</u>