COOLEY LLP
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

Attorneys for Defendant
Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF MOTION TO BIFURCATE TRIAL RE: PUNITIVE DAMAGES**<br><br>Date:        July 30, 2025<br>Time:        09:30 A.M.<br>Courtroom:   3, 17th Floor, SF<br>Judge:        Hon. Richard Seeborg<br><br>Date Action Filed:   July 14, 2025<br>Trial Date:        August 18, 2025 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**DEFENDANT GOOGLE LLC'S REPLY ISO
MOTION TO BIFURCATE TRIAL RE: PUNITIVE
DAMAGES; 3:20-CV-04688-RS**

**TABLE OF CONTENTS**

I.      INTRODUCTION .................................................................................................. 1

II.     ARGUMENT ........................................................................................................ 2

        A.    Bifurcation is appropriate because litigating liability and punitive damages
              would involve presentation of distinct evidence. .................................................. 2

              1.    The distinct evidentiary burdens in each phase dictate separate
                    evidence. ........................................................................................................... 2

              2.    Evidence required in the damages phase is irrelevant to that
                    required in the liability phase and would risk prejudice to Google. ........... 5

        B.    Bifurcation would conserve the Parties' and the Court's resources. ..................... 7

        C.    Failure to bifurcate the case would prejudice Google............................................ 8

              1.    Plaintiffs misstate Google's argument as to prejudice............................... 8

              2.    A jury instruction would be insufficient. ................................................. 10

              3.    Bifurcation would not prejudice Plaintiffs................................................ 11

        D.    Bifurcation as to the amount of punitive damages. .............................................. 11

III.    CONCLUSION ................................................................................................... 11

Cooley LLP
Attorneys at Law
San Francisco

i

Defendant Google LLC's Reply ISO
Motion to Bifurcate Trial Re: Punitive
Damages; 3:20-CV-04688-RS

# TABLE OF AUTHORITIES

**Cases**

*Banga v. Kanios*,
No. 16-CV-4270, 2021 WL 4133754 (N.D. Cal. Sept. 10, 2021) (Seeborg, C.J.) ........................................................................................................ 9

*Banga v. Kanios*,
No. 16-CV-4270 (N.D. Cal. May 7, 2021), ECF No. 393 .................... 9, 10

*Bartel v. Chicago Title Ins. Co.*,
111 Cal. App. 5th 655, 333 Cal. Rptr. 3d 38 (2025).............................. 4

*Chamberlin v. Hartog, Baer & Hand, APC*,
No. 19-cv-08243, 2022 WL 1502587 (N.D. Cal. May 12, 2022)............ 3

*CornerStone Staffing Sols., Inc. v. James*,
No. C 12-1527, 2013 WL 12306441 (N.D. Cal. Oct. 21, 2013) (Seeborg, C.J.)............... 6, 7

*Doe v. Rose*,
No. CV-15-07503, 2016 WL 9150617 (C.D. Cal. July 27, 2016) ........... 5

*Doherty v. State Farm Gen. Ins. Co.*,
No. 2:19-cv-01963, 2021 WL 6104170 (C.D. Cal. Jul. 12, 2021).......... 6

*In re EPD Inv. Co.*,
No. CV 18-8317, 2019 WL 4233575 (C.D. Cal. June 4, 2019)............... 1

*Gable v. Land Rover N. Am., Inc.*,
No. SACV 07-0376, 2011 WL 3563097 (C.D. Cal. July 25, 2011) ......... 7

*Hernandez v. Hillsides, Inc.*,
47 Cal. 4th 272 (2009) ....................................................................... 3

*Orange Cnty. Coastkeeper v. R.J. Noble Co.*,
No. 8:21-cv-01233, 2022 WL 3013156 (C.D. Cal. June 30, 2022) ...... 5, 7

*Robinson v. Delgado*,
No. CV 02-1538, 2010 WL 1838866 (N.D. Cal. May 3, 2010) .............. 6

*Snyder v. Bank of Am., N.A.*,
No. 15-cv-04228-KAW 2020 WL 6462400 (N.D. Cal. Nov. 3, 2020) ..... 10

*United States v. Hamilton*,
No. 10-cv-231, 2013 WL 819243 (D. Wyo. Mar. 5, 2013) ................. 6, 8

*Unwired Planet, LLC v. Google Inc.*,
No. 3:12-cv-00504, 2014 WL 7012499 (D. Nev. Dec. 12, 2014) ......... 4, 7

Cooley LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

DEFENDANT GOOGLE LLC'S REPLY ISO
MOTION TO BIFURCATE TRIAL RE: PUNITIVE
DAMAGES; 3:20-CV-04688-RS

1

2

*White v. Ultramar, Inc.*,
    21 Cal. 4th 563 (1999) .................................................................................................... 4

3

*Wooten v. BNSF Ry. Co.*,
    819 F. App'x 483 (9th Cir. 2020) .............................................................................. 10

4

5

**Statutes**

Cal. Civ. Code § 3294 ............................................................................................................ 4

6

Cal. Penal Code § 502(c)(2), (e)(1) ......................................................................................... 3

7

8

**Other Authorities**

9

Fed. R. Evid. 401 ................................................................................................................... 6

10

Fed. R. Evid. 402 ................................................................................................................... 6

11

Fed. R. Evid. 403 ........................................................................................................... 6, 9, 11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT GOOGLE LLC'S REPLY ISO
MOTION TO BIFURCATE TRIAL RE: PUNITIVE
DAMAGES; 3:20-CV-04688-RS

## I.     INTRODUCTION

Plaintiffs' own articulation of the issues in dispute and purpose behind the introduction of evidence of Google's finances and damages supports bifurcation and undermines Plaintiffs' claims that a bifurcated trial is not warranted here.

In weighing bifurcation, courts weigh "prejudice, separability of the issues, convenience, judicial economy, and reducing risk of confusion," and several of those factors are weighed "in the alternative"; the presence of only *one* is "sufficient to sustain an order for a separate trial." *See In re EPD Inv. Co.*, No. CV 18-8317, 2019 WL 4233575, at *1 (C.D. Cal. June 4, 2019) ("The considerations of convenience, avoidance of prejudice, and what will be conducive to expedition and economy are all in the alternative.") (citations omitted) (emphasis added). Bifurcating the trial into a liability phase and a punitive damages phase[1] is warranted here where *a number* of these factors are present. Plaintiffs' arguments to the contrary all fail.

*First*, Plaintiffs claim that there is "inextricable" overlap between the evidence relating to punitive damages and liability issues and that the evidence is thus not separable. But Plaintiffs provide no concrete examples of this overlap. The potentially overlapping inquiries they allude to are based on a misleading reading of the law. And whereas a liability phase would introduce evidence of Google's technical conduct and Plaintiffs' understanding of Google's permissions structure, a punitive/non-compensatory damages phase would require introduction of evidence of alleged unlawful gain from that technical conduct. That would include evidence of Google's financial condition and competing expert testimony on disgorgement damages models and how to interpret Google's revenue across the class period.

*Second*, Plaintiffs claim that evidence relating to Google's finances and alleged unjust enrichment are relevant to proving liability. But that is putting the cart before the horse. Plaintiffs cannot rely on the availability of damages to prove Google's alleged liability. Bifurcation is necessary to keep Plaintiffs from injecting improper damages evidence into their presentation on

---

[1] Google has filed a Motion in Limine to preclude Plaintiffs from introducing any evidence and argument regarding disgorgement before the jury (ECF No. 520), but were the Court to deny that Motion, Google would request that unjust enrichment be assessed in the second phase of trial along with punitive damages.

Cooley LLP
Attorneys at Law
San Francisco

1

**Defendant Google LLC's Reply ISO
Motion to Bifurcate Trial Re: Punitive
Damages; 3:20-CV-04688-RS**

liability, as they apparently plan to do. Indeed, as evidenced by the Parties' recent pretrial submission filings, the information Plaintiffs seek to introduce to show Google's financial condition and its alleged unlawful gain is voluminous, overbroad, and misleading as to Google's total revenue. *See, e.g.*, ECF No. 530 (Google's motion to exclude introduction of Alphabet's 2024 10-K, which reflects revenues based on a collection of businesses, products, and services other than those at issue in this case). This evidence is irrelevant to the jury's understanding of Google's alleged liability and would not improve the jury's comprehension of liability issues.

    *Third*, Plaintiffs all but concede that evidence of Google's financial condition is not required to prove liability given "Google's notoriety" and the fact that even without Plaintiffs' introduction of financials or articulation of its requests for relief "jurors will be aware of the magnitude of Google's business and its wealth." Opp. at 5. This counsels in favor of being more careful, not less, with how and when the Parties introduce evidence to jurors who, as Plaintiffs point out, likely already come with their own biases against Google.

    Google respectfully requests that this Court grant its motion to bifurcate trial into two phases: The first phase would include discussion of Google's liability for and the amount of compensatory damages. The second phase would include any potential discussion of liability for and the amount of punitive damages and/or non-compensatory damages.

## II.     ARGUMENT

### A.     Bifurcation is appropriate because litigating liability and punitive damages would involve presentation of distinct evidence.

#### 1.     The distinct evidentiary burdens in each phase dictate separate evidence.

Plaintiffs contend that Google's motion should be denied because evidence relating to punitive damages is "inextricably intertwined with other liability and damages issues[.]" Opp. at 2. And while Plaintiffs offer broad generalities of what inquiries would overlap in both liability and punitive damages, Plaintiffs barely explain what evidence would support those inquiries. Where they do offer specifics, the alleged overlap in evidence reveals a misunderstanding of the law.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANT GOOGLE LLC'S REPLY ISO
MOTION TO BIFURCATE TRIAL RE: PUNITIVE
DAMAGES; 3:20-CV-04688-RS

Plaintiffs allege that "the severity of the invasion of privacy and Google's consciousness of wrongdoing support not only liability findings like intent, harm, offensiveness, and lack of permission, but also substantial punitive damages." Opp. at 2. Plaintiffs imply that the burden of proof and evidentiary showings required to prove liability for the invasion of privacy claims and CDAFA would also serve to advance a finding of punitive damages.

But, the evidentiary burdens required for each are distinct. Indeed:

- To prove their invasion of privacy claims, Plaintiffs must prove by a preponderance of the evidence that they had a legally protected privacy interest in their (s)WAA-off data, an objectively reasonable expectation of privacy in that data, that Google intruded into their privacy in a way that was an egregious breach of social norms, and that Plaintiffs were harmed as a result. *See Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 287 (2009) (citing elements).

- Elements of proof under the common law tort of invasion of privacy, which Plaintiffs also allege in this case, follow closely but are distinct and require Plaintiffs to show that Google intentionally intruded on Plaintiffs' privacy. *Id.*

- To prove liability under CDAFA, Plaintiffs will have to prove that Google knowingly accessed Plaintiffs' data from a computer and took it without permission and that Plaintiffs suffered damage or loss by reason of a violation. Cal. Penal Code § 502(c)(2), (e)(1); ECF No. 445 (MSJ Order) at 13.

Even if the jury finds that each of these elements are satisfied, compensatory damages recovery can be assessed without reference to Google's total revenue or financial condition because Plaintiffs' damages model is based on the Screenwise program and offers Plaintiffs a single $3 payment per class member device. ECF No. 534 (Joint Pretrial Statement) at 1.

By contrast, a punitive damages analysis requires jurors to establish "by clear and convincing evidence that the defendant is guilty of (1) fraud, (2) oppression, or (3) malice," none of which are elements of the underlying claims. *Chamberlin v. Hartog, Baer & Hand, APC*, No.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT GOOGLE LLC'S REPLY ISO
MOTION TO BIFURCATE TRIAL RE: PUNITIVE
DAMAGES; 3:20-CV-04688-RS

19-cv-08243, 2022 WL 1502587, at *7 (N.D. Cal. May 12, 2022) (stating elements); Cal. Civ. Code § 3294(a).

Plaintiffs argue that because intent and offensiveness are elements of their claims, the evidence required for punitive damages is no different. That is an exception they could drive a truck through, and one that the Court should not bless, as it could result in a ruling that any claim with an intent requirement is not suitable for bifurcation.

Indeed, evidence that goes to intent or knowledge in Plaintiffs' underlying invasion of privacy and CDAFA claims is distinct from that required to prove the state of mind required for punitive damages. For example, for the underlying invasion of privacy claims, evidence need not show that Google intended to cause the *specific* injury or harm. In contrast, to prove punitive damages under Cal. Civ. Code § 3294 the evidence will have to show much more, because the statute requires evidence of "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct[,]" with despicable conduct defined as "conduct that is so vile, base, contemptible, miserable, wretched or loathsome that it would be looked down upon and despised by ordinary decent people." *Bartel v. Chicago Title Ins. Co.*, 111 Cal. App. 5th 655, 333 Cal. Rptr. 3d 38, 80 (2025), *reh'g denied* (May 30, 2025), *review filed* (July 1, 2025).[2] Plaintiffs' poorly conceived attempt to equate the two inquiries thus falls apart easily upon closer scrutiny.

Finally, even if the Court were to agree with Plaintiffs that there is some overlapping evidence that could appear in both the liability and punitive phase, in "light of this case's complexity . . . this possibility of overlap does not outweigh the judicial resources that would be conserved if the damages and willfulness inquiries are narrowed through a separate liability trial." *Unwired Planet, LLC v. Google Inc.*, No. 3:12-cv-00504, 2014 WL 7012499, at *2 (D. Nev. Dec. 12, 2014) (bifurcating liability and damages notwithstanding the possibility of overlap of evidence of defendant's knowledge in both phases where there were complex technologies at issue); *see also White v. Ultramar, Inc.*, 21 Cal. 4th 563, 575 (1999) (rejecting appellate court's decision which "effectively allow[ed] punitive damage liability without proof of anything more than simple tort

---

[2] *See also* Cal. Civ. Code § 3294(c) for definitions of "oppression" and "fraud," which are arguably no less severe than "malice."

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANT GOOGLE LLC'S REPLY ISO
MOTION TO BIFURCATE TRIAL RE: PUNITIVE
DAMAGES; 3:20-CV-04688-RS

liability" and affirming that "something more than mere commission of a tort is always required for punitive damage liability").

When deciding whether to award punitive damages, a jury must also consider evidence of the defendant's financial condition to determine whether the amount of damages is sufficient to fulfill its purpose—*i.e.*, to punish a defendant and to deter similar acts in the future. *See* Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit, No. 5.5. Jurors would not be required to consider this in the liability phase.

2. <u>Evidence required in the damages phase is irrelevant to that required in the liability phase and would risk prejudice to Google.</u>

Bifurcation is appropriate where, as here, the financial evidence needed to prove non-compensatory damages and the testimony on how to properly use this evidence could be complex and irrelevant to liability and compensatory damages. "Bifurcating trial between determinations of Defendants' liability and any appropriate remedies may simplify the issues in this case for the jury and avoid potential prejudice by cabining evidence to the 'remedy phase' that could be irrelevant to and prejudicial in the 'liability phase.'" *Orange Cnty. Coastkeeper v. R.J. Noble Co.*, No. 8:21-cv-01233, 2022 WL 3013156, at *4 (C.D. Cal. June 30, 2022) (bifurcating liability and remedies phases); *Doe v. Rose*, No. CV-15-07503, 2016 WL 9150617, at *1 (C.D. Cal. July 27, 2016) (finding that "evidence of Defendants' income, assets, and net-wroth [sic] could improperly influence the jury's determination of liability and compensatory damages. Separating the trial into two phases would avoid such prejudice to Defendants without significantly delaying the proceedings.").

To the extent Plaintiffs claim that Google's finances are relevant to the discussion of offensiveness in the liability phase, Google disagrees and points Plaintiffs to their own admission that "Google's wealth is not a mystery to anyone" and "it is highly unlikely that the jury venire is not already aware of the fact that Google is a big business that makes significant profits." Opp. at 1, 4. Plaintiffs do not need to introduce specific monetary figures, and certainly not overbroad figures unrelated to Google's alleged unlawful gains like those Plaintiffs seek to introduce through Alphabet Inc.'s 2024 10-K, in order to prove liability.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFENDANT GOOGLE LLC'S REPLY ISO
MOTION TO BIFURCATE TRIAL RE: PUNITIVE
DAMAGES; 3:20-CV-04688-RS

1

2          Plaintiffs claim that liability and compensatory damages issues are intertwined with the

3   issues to be assessed in a punitive damages phase because the "financial implications" of Google's

4   allegedly unlawful conduct and "Google's unjust enrichment and Plaintiffs' compensatory

5   damages" will help the jury weigh the evidence needed to find liability.  Opp. at 3.  But Plaintiffs

6   cannot rely on the availability of damages to prove Google's alleged liability.  *See, e.g.*, *United

7   States v. Hamilton*, No. 10-cv-231, 2013 WL 819243, at *2 (D. Wyo. Mar. 5, 2013) (finding that

8   "the potential penalties for a Clean Water Act violation are irrelevant to a jury's determination of

9   whether such a violation occurred, and the Government's case for liability could be prejudiced if

10  the jury heard evidence related to penalties."); *see also CornerStone Staffing Sols., Inc. v. James*,

11  No. C 12-1527, 2013 WL 12306441, at *2 (N.D. Cal. Oct. 21, 2013) (Seeborg, C.J.) (declining

12  bifurcation where party "essentially requests damages be assessed prior to determining liability").

13          Plaintiffs claim that evidence that Google profited from its alleged misappropriation of data

14  is evidence of injury under California law.  But as further explained in its Motion in Limine No. 2

15  to Exclude Plaintiffs' Introduction of Evidence and Arguments Regarding Disgorgement, evidence

16  or argument regarding disgorgement is irrelevant to any matter to be determined by the jury, and

17  the introduction of this information is unduly prejudicial to Google.  *See* Fed. R. Evid. 401, 402,

18  403.  If this Court ultimately finds that evidence or argument of disgorgement should go before a

19  jury, bifurcation would still be appropriate due to the separability of the liability and damages

20  issues.  *See CornerStone Staffing Sols.*, 2013 WL 12306441, at *2 (explaining that when a case

21  involves both legal and equitable claims, a critical inquiry in determining the sequence of trial is

22  whether there is overlap in any legal or factual issues arising from the claims the party seeks to

23  bifurcate and those that will be presented to a jury).

24          Many of the cases Plaintiffs cite rejected bifurcation for reasons distinct from those relevant

25  here and are not persuasive.  *See, e.g.*, *Robinson v. Delgado*, No. CV 02-1538, 2010 WL 1838866,

26  at *4 (N.D. Cal. May 3, 2010) (denying bifurcation where court had "[s]pecifically ordered parties

27  not to bifurcate liability and punitive damages"); *Doherty v. State Farm Gen. Ins. Co.,* No. 2:19-

28  cv-01963*, 2021 WL 6104170, at *4 (C.D. Cal. Jul. 12, 2021) (rejecting a renewed request for

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

**DEFENDANT GOOGLE LLC'S REPLY ISO
MOTION TO BIFURCATE TRIAL RE: PUNITIVE
DAMAGES; 3:20-CV-04688-RS**

bifurcation where defendant was using motion in limine to ask the court to rule on the sufficiency of evidence before its introduction); *CornerStone Staffing Sols.*, 2013 WL 12306441, at *1 (N.D. Cal. Oct. 21, 2013) (Seeborg, C.J.) (denying bifurcation where party "essentially requests damages be assessed prior to determining liability").

### B.    Bifurcation would conserve the Parties' and the Court's resources.

Plaintiffs claim that bifurcating the trial into two phases would add unnecessary complexity and take more time.  Opp. at 7.  But the opposite is true.  Bifurcating the liability phase from the punitive damages phase would promote judicial economy and make the trial less complex by narrowly tailoring the issues and permitting the resolution of dispositive preliminary issues, such as liability, that would obviate the need for a second phase for non-compensatory damages. "[B]ifurcation will not only improve efficiencies in the litigation process, but it will also help prevent juror confusion at trial by allowing the jury to decide issues that are as narrowly tailored as possible."  *Gable v. Land Rover N. Am., Inc.*, No. SACV 07-0376, 2011 WL 3563097, at *7 (C.D. Cal. July 25, 2011) (granting motion to bifurcate trial into a liability phase and a damages phase).

Additionally, "[g]iven the complex technologies at issue, separating liability from damages . . . will also promote juror comprehension. . . . Bifurcation will allow a jury to focus exclusively on liability, and potentially dispose of asserted claims at the [liability] stage.  Separately resolving liability will, in turn, ease juror confusion in determining damages . . . for the surviving claims." *See Unwired Planet, LLC*, 2014 WL 7012499, at *2; *see also Orange Cnty. Coastkeeper*, 2022 WL 3013156, at *4 (finding that "addressing the appropriateness of remedies after a finding of liability is likely to be economical").

It is also not true that bifurcating the trial would require witnesses to testify in both phases and extend the time needed to present evidence.  Opp. at 7.  As explained above, if the trial were bifurcated as Google suggests, Plaintiffs could advance their case on liability and Google could advance its defenses with minimal overlap in evidence with what would be needed in the punitive damages phase.  For example, given the evidence already in the record and the parties' proposed

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFENDANT GOOGLE LLC'S REPLY ISO
MOTION TO BIFURCATE TRIAL RE: PUNITIVE
DAMAGES; 3:20-CV-04688-RS

exhibit and witness lists, the liability and compensatory damages phase would likely proceed as follows:

Witnesses: Plaintiffs, Google witnesses to speak on the GA4F product and WAA, Google's technical expert, consumer behavior expert, and one damages rebuttal expert (Ghose).

Other evidence: Through these witnesses, the Parties would introduce evidence like source code they used to test GA4F, exhibits pertaining to product functionality, and other key documents like Google's disclosures.

Because compensatory damages would relate primarily to whether and to what extent the Screenwise Ipsos Panel payments are comparable to this case, overlap on the question of Google's profits is unlikely. Plaintiffs may choose to offer their damages expert to speak on the actual damages portion of his opinion while reserving any discussion of disgorgement to the second phase of trial, which he would have to do regardless of whether Google requested bifurcation because disgorgement awards are not for the jury.

At the punitive damages phase, the parties can prove their claims and defenses with each of their designated damages experts—only one of whom would be a repeat player in the liability and damages phase.

Furthermore, because the Court should be the one deciding disgorgement, "[b]ifurcation is more convenient because it will let the jury go home early, and it will prevent the jury from getting distracted or confused by evidence that's relevant solely to the remedy issue." *See Hamilton*, 2013 WL 819243, at *2.

Finally, bifurcating trial at this stage is reasonable because the Parties are still shaping their trial strategy through finalizing their pretrial submissions and incorporating guidance from this Court's motion in limine rulings.

**C.    Failure to bifurcate the case would prejudice Google.**

1.    Plaintiffs misstate Google's argument as to prejudice.

Plaintiffs claim that the "crux of Google's argument is that evidence of Google's profits from the challenged conduct" would "offend the jury[.]" Opp. at 4. That is not true. Google's motion to bifurcate damages explains that "Plaintiffs have indicated that they plan to introduce

Cooley LLP
Attorneys at Law
San Francisco

8

Defendant Google LLC's Reply ISO
Motion to Bifurcate Trial Re: Punitive
Damages; 3:20-cv-04688-RS

Google's parent company, Alphabet, Inc.'s 2024 10-K into evidence," and that Google has objected to the introduction of that evidence, "which is overbroad because it is not limited to U.S. revenue or revenue figures from the products at issue and would mislead the jury as to the amount of Google's profits, if any, that should be disgorged."  ECF No. 533 (Motion to Bifurcate Trial Re: Punitive Damages) at 4–5.  It is this evidence that will cause Google unfair prejudice if shown to the jury while they are assessing liability and compensatory damages.  Fed. R. Evid. 403. That is because presenting large revenue figures to a jury that capture revenue from products wholly unrelated to this case and the allegedly unlawful conduct at issue, while they are deliberating over liability, might cause jurors to make decisions based on a distorted view of Google's wealth rather than facts related to alleged liability, like the limited scope of Google's use of the at-issue data.

Plaintiffs' contention that Google would not be prejudiced by introduction of this information during the liability phase because the venire is likely aware that "Google is a big business that makes significant profits" fails to persuade.  As Google explained in its Motion to Exclude Evidence and Arguments Relating to Alphabet Inc.'s and Google's Total Revenue, "Google does not seek to exclude the obvious. Google is a prominent technology company whose products are ubiquitous. Plaintiffs' reference to these generalities is not at issue in this Motion. Google's request is discrete. What Google seeks to exclude is argument and evidence at trial about products and revenues that are unrelated to the underlying claims, such as those provided in Plaintiffs' proposed exhibit, PX-429, Alphabet Inc.'s 10-K 2024."  ECF No. 530 (MIL to Exclude Evidence and Argument Relating to Alphabet Inc.'s and Google's Total Revenue) at 11.  What it seeks to bifurcate here is evidence of Google's financial condition that would be appropriate for a punitive damages analysis. *Id.* at 5, 8–9 (describing the relevant data to be used in punitive damages phase).

Google's request to bifurcate trial is distinguishable from cases in this district, like *Banga v. Kanios*, where defendants offered only "boilerplate" arguments to support their request.  No. 16-CV-4270, 2021 WL 4133754, at *3 (N.D. Cal. Sept. 10, 2021) (Seeborg, C.J.).  In *Banga*, Defendants argued that Plaintiffs' presentation of evidence on "Defendant's financial condition

1    either explicitly or inadvertently, could inflame biases of the jury and/or cause them to make a

2    decision for the wrong reasons." *Banga v. Kanios*, No. 16-CV-4270 (N.D. Cal. May 7, 2021), ECF

3    No. 393 at 2.  Unlike here, the *Banga* defendants did not specify what evidence would be prejudicial

4    or why.  In its motion to bifurcate, and as reiterated here, Google has explained what is prejudicial

5    about the type of financial information Defendants intend to introduce at trial.  *See, supra* Section

6    II. C; ECF No. 530 at 11.

7         The other source of prejudice comes from Plaintiffs' apparent intention to make this case

8    about everything except the merits.  In opposing motions in limine, Plaintiffs argue to the Court

9    that, because they seek punitive damages, they should be able to introduce evidence related to

10   several unrelated lawsuits against Google, settlements Google has entered into, internal discussions

11   among Google employees relating to user privacy writ large that are otherwise wholly irrelevant to

12   this case, and much more.  *See, e.g.,* ECF No. 542 (Plaintiffs' Opp. to Google's MIL 3) at 5, 7

13   (arguing that "PX 364 and 365 . . . relate to other lawsuits . . . PX 364 is a press release discussing

14   the *State of Arizona v. Google LLC* lawsuit . . . PX 365 is a press release about the *State of Texas*

15   *v. Google LLC* lawsuit, which in part addressed the same issue as the Arizona case" and "are

16   relevant to punitive damages").  One way to help ensure that the Court is not bombarded with

17   disputes over the precise lines it should draw on such evidence apparently intended to go to the

18   question of malice is to bifurcate the issue.  And of course, Plaintiffs attempting to prove malice

19   with unrelated evidence from other incidents and issues is plainly prejudicial to Google.

20         2.  <u>A jury instruction would be insufficient.</u>

21         Plaintiffs argue that a jury instruction can more effectively resolve Google's concerns about

22   prejudice than a bifurcated trial would.  But the cases they cite in support are distinguishable or fail

23   to grapple with the issues Google presents here.  *See, e.g.*, *Wooten v. BNSF Ry. Co.*, 819 F. App'x

24   483, 485 (9th Cir. 2020) (affirming district court's denial of bifurcation where party sought to

25   bifurcate the adjudication of claims and not merely liability and damages); *Snyder v. Bank of Am.,*

26   *N.A.*, No. 15-cv-04228-KAW 2020 WL 6462400, at *13 (N.D. Cal. Nov. 3, 2020) (denying

27   bifurcation where there was no showing "that Plaintiff even has evidence of Defendant's net worth,

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

DEFENDANT GOOGLE LLC'S REPLY ISO
MOTION TO BIFURCATE TRIAL RE: PUNITIVE
DAMAGES; 3:20-CV-04688-RS

1  or will introduce anything other than general statements that Defendant is a large banking

2  institution.").

3      Most importantly, even if a jury were to comply with a jury instruction to delay their

4  consideration of Google's financial condition until the punitive damages phase, that would still not

5  cure how misleading the figures Plaintiffs seek to admit are.  "In reaching a decision whether to

6  exclude on grounds of unfair prejudice, consideration should be given to the probable effectiveness

7  or lack of effectiveness of a limiting instruction."  Fed. R. Evid. 403's Advisory Committee Note.

8          3.  Bifurcation would not prejudice Plaintiffs.

9      Plaintiffs' concerns about prejudice come from a misunderstanding of Google's request to

10  bifurcate the trial.  First, Plaintiffs' worry that relevant evidence might become stale in jurors'

11  minds or that Plaintiffs might not be able to perfect the trial record with evidence relevant to liability

12  is mitigated by the fact that Google's proposal is for the second phase of trial to take place

13  immediately after the first.  Second, Plaintiffs' concern that jurors would find for Google to avoid

14  staying for a punitive damages phase of trial is outweighed by the need to avoid prejudice and

15  present evidence in a way that improves juror comprehension.  Plaintiffs' argument would apply to

16  every request to bifurcate.  By their logic, the mechanism of bifurcation should not exist at all.

17      **D.  Bifurcation as to the amount of punitive damages.**

18      Were the Court not to grant Google's motion to bifurcate discussion of liability and non-

19  compensatory damages, Google requests that the Court bifurcate as to the amount of punitive

20  damages.  On this, Plaintiffs and Google agree.

21  **III.  CONCLUSION**

22      For the foregoing reasons, the Court should bifurcate trial such that damages are split into

23  two phases: The first phase would include discussion of Google's liability for and the amount of

24  compensatory damages.  The second phase would include any potential discussion of liability for

25  and the amount of punitive damages and/or disgorgement.

26

27

28

Cooley LLP
Attorneys at Law
San Francisco

11

Defendant Google LLC's Reply ISO
Motion to Bifurcate Trial Re: Punitive
Damages; 3:20-CV-04688-RS

Dated:   July 15, 2025

COOLEY LLP


By: */s/ Benedict Y. Hur*

Benedict Y. Hur
Simona Agnolucci
Eduardo Santacana
Argemira Flórez
Harris Mateen
Isabella McKinley Corbo

Attorneys for Defendant
Google LLC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT GOOGLE LLC'S REPLY ISO
MOTION TO BIFURCATE TRIAL RE: PUNITIVE
DAMAGES; 3:20-CV-04688-RS