1  COOLEY LLP
   BENEDICT Y. HUR (224018)
2  (bhur@cooley.com)
   SIMONA AGNOLUCCI (246943)
3  (sagnolucci@cooley.com)
   EDUARDO E. SANTACANA (281668)
4  (esantacana@cooley.com)
   ARGEMIRA FLOREZ (331153)
5  (aflorez@cooley.com)
   HARRIS MATEEN (335593)
6  (hmateen@cooley.com)
   ISABELLA MCKINLEY CORBO (346226)
7  (icorbo@cooley.com)
   3 Embarcadero Center, 20th Floor
8  San Francisco, California  94111-4004
   Telephone:    +1 415 693 2000
9  Facsimile:    +1 415 693 2222

10 Attorneys for Defendant
   Google LLC

11

12                 UNITED STATES DISTRICT COURT

13               NORTHERN DISTRICT OF CALIFORNIA

14

15 ANIBAL RODRIGUEZ, et al. individually and     Case No. 3:20-CV-04688-RS
   on behalf of all others similarly situated,
16                                                **GOOGLE LLC'S STATEMENT IN SUPPORT
                                                  OF PLAINTIFFS' ADMINISTRATIVE
17         Plaintiff,                             MOTION TO CONSIDER WHETHER
                                                  ANOTHER PARTY'S MATERIAL SHOULD BE
18         v.                                     SEALED**

19 GOOGLE LLC,                                    Date:        July 30, 2025
                                                  Time:        9:30 a.m.
20         Defendant.                             Courtroom:   3, 17th Fl.
                                                  Judge:       Hon. Richard Seeborg
21
                                                  Trial Date:   August 18, 2025
22                                                Action Filed:  July 14, 2020

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE LLC'S STATEMENT ISO ADMIN
MOTION TO CONSIDER WHETHER ANOTHER
PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:20-CV-04688-RS

## I. INTRODUCTION

Pursuant to Civil Local Rule 79-5(e), Defendant Google LLC ("Google") submits this statement in support of sealing portions of Plaintiffs' Opposition to Google's Motions in Limine Nos. 1–12 ("Opposition"), including certain accompanying exhibits. Because these motions concern the admissibility of trial evidence, they are "more than tangentially related to the merits of [the] case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016). The Ninth Circuit's "compelling reasons" standard thus applies. *Id.* at 1101. Under that standard, Google must present specific, compelling reasons for sealing that outweigh the public's right of access. *Id.; Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

Google's requests are narrowly tailored to cover only categories of information that courts routinely seal: (1) confidential internal project codenames; (2) competitively sensitive research data and internal metrics; (3) non-public technical details concerning internal systems; and (4) non-public employee information (such as employee identifiers). As detailed below and in the accompanying Declaration of Eduardo E. Santacana ("Santacana Decl."), public disclosure of this information would cause significant competitive harm, create security vulnerabilities, or invade legitimate privacy interests. By contrast, the public's interest in these specific details is minimal—especially since Plaintiffs' arguments either do not depend on this information or reference it only tangentially.

Google therefore respectfully asks the Court to grant the requested sealing relief.

## II. LEGAL STANDARD

Courts recognize a general common-law right of public access to judicial records. *Kamakana*, 447 F.3d at 1178. But this right is not absolute. For records that are more than tangentially related to the merits of a case, the party seeking to seal them must demonstrate "compelling reasons" for sealing that outweigh the public interest in disclosure, supported by specific factual findings. *Ctr. for Auto Safety*, 809 F.3d at 1097–99.

Compelling reasons include the need to protect trade secrets or other "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Courts have found that this encompasses confidential internal analyses,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE LLC'S STATEMENT ISO ADMIN
MOTION TO CONSIDER WHETHER ANOTHER
PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:20-CV-04688-RS

product development plans, user research, and technical operational details. *See, e.g., Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1228 (Fed. Cir. 2013). Likewise, compelling reasons may justify sealing records to safeguard privacy interests—such as personal information of third-party employees. *See, e.g., E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, 2018 WL 4961606, at *2 (E.D. Cal. Oct. 12, 2018). In all instances, any request to seal must be "narrowly tailored" to cover only the information that warrants protection. Civ. L.R. 79-5(c)(3).

## III.    DISCUSSION

### A.    Confidential Internal Project Names and Codenames

Courts have recognized that internal project names and codenames merit sealing to prevent disclosure of confidential operational details and to avoid security risks. *See Apple Inc. v. Samsung Elecs. Co.*, 2012 WL 4120541, at *2 (N.D. Cal. Sept. 18, 2012) (sealing "internal code names"); *Bohannon v. Facebook, Inc.*, 2019 WL 188671, at *7 (N.D. Cal. Jan. 14, 2019) (sealing internal task names). Publicly revealing such codenames can expose the focus of non-public projects (causing competitive harm) and even help malicious actors target Google's systems. Publicly revealing such codenames can expose the focus of non-public projects (causing competitive harm) and even help malicious actors target Google's systems. Google narrowly tailors its request by redacting only the codenames themselves while leaving all surrounding context visible. Indeed, this Court has previously permitted such limited redactions in this case. *See* Order, ECF 284.

Google seeks to seal or redact the specific references to internal project names in the following Oppositions and exhibits (Santacana Decl. ¶ 5):

**Opposition to MIL No. 4 (page 4)**: Contains a sentence describing an internal project codename and a confidential workstream. Google proposes to redact that sentence in its entirety. On pages 7–8 of the Opposition, Google also seeks to redact references to "Lo" and "Syl***," which are codenames for internal research projects.

**Opposition to MIL No. 5 (pages 3–5):** Contains references to the internal project codename "Pr***Na***." Google seeks to redact this codename. It is a confidential project name not known outside Google, and the Court has previously sealed this same name in prior filings

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE LLC'S STATEMENT ISO ADMIN
MOTION TO CONSIDER WHETHER ANOTHER
PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:20-CV-04688-RS

1    **Exhibit 9**: Page 112 includes the codename "Lo\*\*\*" (the same internal codename

2    referenced in the Opposition).

3    **Exhibit 14:** Page 1 includes the codename "Ech\*\*\*," which the Court has previously

4    ordered sealed.

5    **Exhibit 16:** Multiple pages (bates nos. -974, -980, -981, -983, -031) contain internal

6    codenames such as "Tr\*\*\*," "PrNa," "No\*\*\*," "Sy\*\*\*," "Lo\*\*\*," "PC10," and "Bra\*\*\*."

7    **Exhibit 17:** Pages 311–312 contain several internal Google codenames ("Lo\*\*\*,"

8    "Sy\*\*\*") as well as a non-public vendor name.

9    **Exhibit 20:** A deposition transcript (Ex. 20) at lines 121:9, 121:12, 121:18, and 122:5

10   contains the codename "Pr\*\*\*Na\*\*\*" The Court has already sealed this codename in an earlier

11   proceeding (see ECF 284).

12   These proposed redactions are minimal, obscuring only the codenames themselves and

13   preserving all surrounding text so that Plaintiffs' arguments and context remain available to the

14   public. Sealing this information will protect Google's competitive and security interests without

15   hindering the public's understanding of the case—particularly since Plaintiffs do not rely on the

16   actual project names in making their arguments. Santacana Decl. ¶¶ 6–7.

17   **B.    Competitively Sensitive Research Data and Internal Metrics**

18   A company's sensitive research data, internal metrics, and strategic plans fall squarely

19   within the type of information that merits sealing to protect competitive standing. If such

20   information were made public, competitors could exploit it to their advantage "and circumvent the

21   time and resources necessary in developing their own practices and strategies." *Algarin v.*

22   *Maybelline, LLC*, 2014 WL 690410, at \*3 (S.D. Cal. Feb. 21, 2014); see also *Apple Inc. v. Samsung*

23   *Elecs. Co.*, 727 F.3d 1214, 1228 (Fed. Cir. 2013) (recognizing sealing of sensitive sales and cost

24   data to prevent competitive harm). In other words, disclosure of internal research and analytical

25   data would permit competitors to replicate Google's business practices without making similar

26   investments.

27   In this case, the Opposition and its exhibits include Google's confidential market research,

28   user studies, and performance metrics. Each of the following items contains proprietary data or

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE LLC'S STATEMENT ISO ADMIN
MOTION TO CONSIDER WHETHER ANOTHER
PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:20-CV-04688-RS

1    analysis that Google closely guards:

2        **Opposition to MIL No. 4:** Page 7 of the Opposition references the specific number of

3    participants in a confidential Google user study. Google seeks to redact only one sentence

4    containing that exact number of participants to protect the confidentiality of its research scope.

5        **Exhibit 15:** Exhibit 15 is an internal Google slide deck detailing a user research program.

6    It contains sensitive information throughout, including internal project codenames, Google

7    employee identities, the number of studies and participants, research questions, detailed results and

8    findings, and even quotes and photographs of non-party study participants. Because this proprietary

9    information permeates the entire document, Google seeks to seal Exhibit 15 in full. Notably,

10   Plaintiffs cite Exhibit 15 only in a passing string cite and do not quote or discuss any of these

11   specific details. The competitive harm from releasing Google's internal research "playbook" far

12   outweighs any public interest in this exhibit.

13       **Exhibit 16:** Exhibit 16 is a related internal slide deck summarizing Google's user research

14   efforts. Portions of this document were previously sealed by the Court. Google now seeks to redact

15   the newly-filed portions that reveal the scope and scale of Google's research programs, internal

16   project timelines, and specific research insights. Disclosing these parts of Exhibit 16 would give

17   competitors an inside look at Google's R&D strategies. Plaintiffs reference this exhibit only as one

18   example among many (in a "see, e.g." citation) and do not quote its sensitive content. The targeted

19   redactions thus will protect Google's competitive interests without impeding the substance of

20   Plaintiffs' arguments.

21       **Exhibit 19:** Exhibit 19 is a confidential internal memorandum (marked "Confidential -

22   Need to Know") providing a comprehensive overview of a forward-looking privacy initiative at

23   Google. It includes Google's strategic plans derived from user research and regulatory analysis.

24   The entire document is highly sensitive. Google seeks to seal Exhibit 19 in its entirety. Plaintiffs

25   quote only a single, high-level sentence from this document in their Opposition (and Google is not

26   seeking to seal that general sentence). Revealing the remainder of this internal strategy paper would

27   cause significant competitive harm, and given Plaintiffs' purely tangential use of it, the public

28   would gain little to no useful information from its disclosure.

Cooley LLP
Attorneys at Law
San Francisco

5

GOOGLE LLC'S STATEMENT ISO ADMIN
MOTION TO CONSIDER WHETHER ANOTHER
PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:20-CV-04688-RS

1

2     Each of these documents reflects the kind of competitively sensitive insight that the courts

3     in *Apple* and *Algarin* recognized as appropriate for sealing. Google has narrowly tailored its

4     requests in this category. Where possible, Google proposes redacting only the specific confidential

5     data points (for example, the participant number on page 7 of the Opposition, or selected pages

6     from Exhibit 16). Where the sensitive information cannot be segregated from the document as a

7     whole (e.g., Exhibits 15 and 19), Google seeks to seal the entire document.

8     In all instances, the public's interest in Google's confidential research details is minimal,

9     especially since Plaintiffs do not rely on those specific details to support their claims. Accordingly,

10    compelling reasons exist to protect this information (Santacana Decl. ¶ 9), and Google's request is

11    limited to only what is necessary to prevent competitive harm.

12    **C.    Non-Public Technical Details Concerning Internal Systems**

13    Courts routinely seal confidential technical information about a company's internal

14    systems, recognizing that disclosure can harm competitive standing and create security risks. *See*

15    *Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7911651, at *2 (N.D. Cal. Apr. 6, 2016) (finding that the

16    "technical operation" of a company's products met the compelling standard for sealing); *In re*

17    *Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing descriptions

18    of proprietary email-system functions). The materials in this category contain precisely such

19    sensitive technical details. Santacana Decl. ¶ 11.

20    • **Exhibit 6:** Exhibit 6 is an internal Google email thread. One paragraph of this email

21    discusses a specific technical interaction between Google's Web & App Activity (WAA) system

22    and Gmail, including references to internal data stores and access protocols. Google seeks to redact

23    that single paragraph. The information at issue is highly technical and proprietary, and it is not

24    relevant to the claims in this case. Its public disclosure would risk exposing Google's systems to

25    security threats while yielding no benefit to the public understanding of the issues before the Court.

26    • **Exhibit 11:** Exhibit 11 is an excerpt (four pages) from the deposition of Google employee

27    David Monsees. In this excerpt, the witness describes sensitive engineering details about how

28    Google logs and manages user-control settings at the device and account level. Plaintiffs quoted

6

1  only a few general, non-sensitive lines from this testimony in their Opposition, and Google does

2  not seek to seal those lines. However, the full context on these pages reveals Google's internal data-

3  logging architecture and technical implementation. Redacting isolated portions would be

4  impractical and likely ineffective, as the technical information is interwoven throughout. Google

5  therefore requests to seal Exhibit 11 in its entirety as the narrowest means to protect the confidential

6  design details.

7       These technical specifics are exactly the type of information that, if revealed, could be

8  misused by competitors or malicious actors. *Finjan*, 2016 WL 7911651, at *2. Google's request is

9  confined to the discrete technical material that needs protection and does not extend to any aspects

10  of the filings that are pertinent to the public's understanding of the case. Thus, compelling reasons

11  support sealing the limited technical information identified in Exhibit 6 and Exhibit 11. Santacana

12  Decl. ¶¶ 12-13.

13       **D.     Non-Public Employee Information**

14       Finally, Google seeks to protect the personal contact information of its employees who are

15  not parties to this case. In particular, Google proposes to redact the unique username portion of

16  each such employee's internal email address (while leaving the employee's name and the

17  "@google.com" domain visible). This minimal redaction prevents the public disclosure of full

18  email addresses, thereby shielding those individuals from potential harassment, phishing, or spam.

19  Implementing this privacy measure still allows the employees to be identified by name in the record

20  and does not obscure any substantive information. Courts routinely approve such limited redactions

21  to safeguard non-parties' privacy. *See, e.g., E. & J. Gallo Winery*, 2018 WL 4961606, at *2

22  (recognizing that privacy interests can warrant sealing of personal identifying information). Google

23  seeks this relief for the documents containing internal email addresses, specifically Exhibits 6, 10,

24  12, 13, 14, 15, 16, and 17. Santacana Decl. ¶ 14. Redacting the username portions of these email

25  addresses is narrowly tailored to protect legitimate privacy interests without impairing the public's

26  ability to understand the context of the evidence. Santacana Decl. ¶ 15.

27  **IV.   CONCLUSION**

28       For the foregoing reasons, Google respectfully requests that the Court grant the sealing and

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

GOOGLE LLC'S STATEMENT ISO ADMIN
MOTION TO CONSIDER WHETHER ANOTHER
PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:20-CV-04688-RS

1   redaction requests set forth above (as detailed in this statement, the Santacana Declaration, and in

2   the accompanying proposed order). Each request is supported by compelling reasons and is

3   narrowly tailored to protect only the information that must remain confidential.

4   Dated: June 17, 2025                         COOLEY LLP

5

6                                               By:  /s/ Eduardo E. Santacana

7                                                    Eduardo E. Santacana
                                                     Benedict Y. Hur
8                                                    Simona Agnolucci
                                                     Argemira Flórez
9                                                    Harris Mateen
                                                     Isabella McKinley Corbo
10
                                                Attorneys for Defendant
11                                              Google LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Cooley LLP
Attorneys at Law
San Francisco

8

Google LLC's Statement ISO Admin
Motion to Consider Whether Another
Party's Material Should be Sealed
Case No. 3:20-CV-04688-RS