1  COOLEY LLP
   BENEDICT Y. HUR (224018)
2  (bhur@cooley.com)
   SIMONA AGNOLUCCI (246943)
3  (sagnolucci@cooley.com)
   EDUARDO E. SANTACANA (281668)
4  (esantacana@cooley.com)
   ARGEMIRA FLÓREZ (331153)
5  (aflorez@cooley.com)
   HARRIS MATEEN (335593)
6  (hmateen@cooley.com)
   ISABELLA MCKINLEY CORBO (346226)
7  (icorbo@cooley.com)
   3 Embarcadero Center, 20th Floor
8  San Francisco, California  94111-4004
   Telephone:    +1 415 693 2000
9  Facsimile:    +1 415 693 2222

10  Attorneys for Defendant
    Google LLC

11

12                     UNITED STATES DISTRICT COURT

13                     NORTHERN DISTRICT OF CALIFORNIA

14

15  ANIBAL RODRIGUEZ, et al. individually and       Case No. 3:20-CV-04688-RS
    on behalf of all others similarly situated,
16                                                   **OMNIBUS DECLARATION OF EDUARDO E.
                   Plaintiff,                        SANTACANA IN SUPPORT OF GOOGLE
17                                                   LLC'S STATEMENT IN SUPPORT OF
         v.                                          PLAINTIFFS' ADMINISTRATIVE MOTION TO
18                                                   CONSIDER WHETHER ANOTHER PARTY'S
    GOOGLE LLC,                                      MATERIALS SHOULD BE CONSIDERED**
19
                   Defendant.                        Date:        July 30, 2025
20                                                   Time:        09:30 A.M.
                                                     Courtroom:   3, 17th Floor, SF
21                                                   Judge:       Hon. Richard Seeborg

22                                                   Date Action Filed:   July 14, 2025
                                                     Trial Date:          August 18, 2025
23

24

25

26

27
                                                     **OMNIBUS DECL. OF EDUARDO E. SANTACANA
28                                                   ISO GOOGLE'S STATEMENT ISO
                                                     PLAINTIFFS' ADMIN MOTION TO CONSIDER
COOLEY LLP                                           WHETHER ANOTHER PARTY'S MATERIALS
ATTORNEYS AT LAW                                     SHOULD BE CONSIDERED
SAN FRANCISCO                                        CASE NO. 3:20-CV-04688-RS**

I, Eduardo E. Santacana, declare that:

1.    I am a licensed attorney in California and a partner at Cooley LLP, located at 3 Embarcadero Center, San Francisco, California 94111. I am counsel of record for Defendant Google LLC ("Google") in this action. Unless otherwise stated, the facts I set forth in this declaration are based on my personal knowledge, knowledge I obtained through my review of corporate records, discussions with Google personnel familiar with the relevant information, or other investigation conducted in my role as counsel. If called to testify as a witness, I could and would testify competently to such facts under oath

2.    I submit this declaration in support of Google LLC's Statement In Support Of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Statement"), filed concurrently herewith. I have reviewed unredacted versions of the Oppositions to Google's Motions in Limine Nos. 4 & 5, and the accompanying exhibits referenced in the Statement, as well as the Civil Local Rules that govern sealing requests. I submit this declaration under Civil Local Rule 79-5(e). Following guidance on the Northern District of California's website, this declaration contains no confidential information and does not need to be filed under seal. See http://www.cand.uscourts.gov/ecf/underseal

3.    As counsel of record for Google in several matters pending in the Northern District of California, I have become familiar with the types of business, technical, and financial information that Google considers confidential and proprietary. Through my work on this case, including preparing prior motions to seal, I am aware of why this information is competitively sensitive. The categories of information Google seeks to seal here are similar to those the Court has previously found sealable in this action

4.    Google's sealing requests are narrowly tailored to protect specific categories of confidential information from public disclosure, which would cause competitive or other harm. For each document, Google has sought the least restrictive means of protection, redacting specific portions where possible and seeking to seal entire documents only where confidential information

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OMNIBUS DECL. OF EDUARDO E. SANTACANA
ISO GOOGLE'S STATEMENT ISO
PLAINTIFFS' ADMIN MOTION TO CONSIDER
WHETHER ANOTHER PARTY'S MATERIALS
SHOULD BE CONSIDERED
CASE NO. 3:20-CV-04688-RS

1    is pervasive and inextricably intertwined with non-sensitive content, making redaction

2    impracticable.

3    **Confidential Internal Project Names and Codenames (Opposition to MIL Nos. 4 and 5;**

4    **Exhibits 9, 14, 16, 17, and 20).**

5        5.        Based on my review of the relevant documents and information provided by

6    Google personnel, I understand that the Opposition and certain exhibits contain references to

7    Google's internal project names and codenames. These include, for example: (i) a sentence on

8    page 4 of the Opposition to MIL No. 4 describing an internal project codename and confidential

9    workstream; (ii) references on pages 7–8 of the Opposition to MIL No. 4 to codenames such as

10   "Lo***" and "Syl***"; (iii) references on pages 3–5 of the Opposition to MIL No. 5 to the

11   codename "PrNa"; (iv) the codename "Lo***" on page 112 of Exhibit 9; (v) the codename

12   "Ech***" on page 1 of Exhibit 14; (vi) multiple codenames such as "Tr***," "PrNa," "No***,"

13   "Sy***," "Lo***," "PC10," and "Bra***" on various pages of Exhibit 16 (bates nos. -974, -980,

14   -981, -983, -031); (vii) several internal codenames and a non-public vendor name on pages 311–

15   312 of Exhibit 17; and (viii) the codename "PrNa" at lines 121:9, 121:12, 121:18, and 122:5 of

16   Exhibit 20.

17       6.        Google uses such code names to refer to confidential, non-public projects and

18   product development initiatives. Google maintains these names as confidential to protect its

19   proprietary information and for security purposes. Public disclosure of such names could allow

20   third parties, including competitors or malicious actors, to misuse them to search for or target

21   sensitive internal systems and documents, creating security vulnerabilities and competitive harm

22   by revealing the focus and scope of Google's non-public projects.

23       7.        Google's requests are narrowly tailored to redact only the codenames themselves

24   (or, where necessary, minimal surrounding text inextricably linked to them), leaving all

25   surrounding testimony and context visible. This Court has previously approved the sealing of

26   similar internal project names in this litigation. *See, e.g.*, ECF No. 186 (sealing "Google's internal

27   project name"); ECF No. 283 (sealing "internal names" as "consistent with this Court's prior

28

Cooley LLP
Attorneys at Law
San Francisco

OMNIBUS DECL. OF EDUARDO E. SANTACANA
ISO GOOGLE'S STATEMENT ISO
PLAINTIFFS' ADMIN MOTION TO CONSIDER
WHETHER ANOTHER PARTY'S MATERIALS
SHOULD BE CONSIDERED
CASE NO. 3:20-CV-04688-RS

1    orders"); ECF No. 284 at 1 (sealing "internal names"); ECF No. 340 (sealing portions of Exhibit

2    16 in its entirety.

3    **Competitively Sensitive Research Data and Internal Metrics (Opposition to MIL No. 4;**

4    **Exhibits 15, 16, and 19)**

5         8.     Based on my review of the relevant documents and information provided by

6    Google personnel, I understand that the Opposition and certain exhibits contain Google's non-

7    public research data, analytics, and internal performance metrics. For example: (i) page 7 of the

8    Opposition to MIL No. 4 references the specific number of participants in a confidential Google

9    user study; (ii) Exhibit 15 is an internal slide deck detailing a user research program, including

10   internal project codenames, Google employee email addresses, the number of studies and

11   participants, research questions, detailed results and findings, quotes and photographs of non-

12   party study participants, and other proprietary research methodologies; (iii) Exhibit 16 is a related

13   internal slide deck summarizing Google's user research efforts, including the scope and scale of

14   research programs, internal project timelines, and specific research insights; and (iv) Exhibit 19 is

15   a confidential internal memorandum (marked "Confidential - Need to Know") providing a

16   comprehensive overview of a forward-looking privacy initiative, including strategic plans derived

17   from user research and regulatory analysis.

18        9.     There are compelling reasons to seal this category of information. Detailed internal

19   data and research results of this kind are routinely treated as trade secrets or confidential

20   commercial information in litigation because their disclosure would cause competitive harm.

21   Competitors could exploit this information to replicate Google's research methodologies, user

22   studies, and strategic insights without investing similar resources, thereby undermining Google's

23   competitive standing. Additionally, disclosure could reveal sensitive user behavior patterns and

24   internal performance metrics that derive independent economic value from not being generally

25   known. Google closely guards this information within the company, marking it as Highly

26   Confidential–Attorneys' Eyes Only ("AEO") during discovery, and limits access to employees on

27   a need-to-know basis.

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 4 -

OMNIBUS DECL. OF EDUARDO E. SANTACANA
ISO GOOGLE'S STATEMENT ISO
PLAINTIFFS' ADMIN MOTION TO CONSIDER
WHETHER ANOTHER PARTY'S MATERIALS
SHOULD BE CONSIDERED
CASE NO. 3:20-CV-04688-RS

10.    Google's requests are narrowly tailored. Where possible, Google seeks to redact only specific confidential data points (e.g., the participant number on page 7 of the Opposition and selected portions of Exhibit 16). Where sensitive information permeates the entire document (e.g., Exhibits 15 and 19), sealing the document in full is necessary as the narrowest means of protection. This Court has previously sealed similar information. See, e.g., ECF No. 340 (sealing portions of Exhibit 16).

**Non-Public Technical Details Concerning Internal Systems (Exhibits 6 and 11)**

11.    Based on my review of the relevant documents and information provided by Google personnel, I understand that Exhibits 6 and 11 contain highly confidential technical details about Google's internal systems and infrastructure. Specifically: (i) Exhibit 6 is an internal email thread, with one paragraph discussing a specific technical interaction between Google's Web & App Activity (WAA) system and Gmail, including references to internal data stores and access protocols; and (ii) Exhibit 11 is a four-page excerpt from the deposition of Google employee David Monsees, describing sensitive engineering details about how Google logs and manages user-control settings at the device and account level, including internal data-logging architecture and technical implementation.

12.    There are compelling reasons to seal this information. Public disclosure of these technical specifics could harm Google's competitive standing by allowing competitors to gain insights into proprietary system designs and operational details without independent development. Additionally, it could create security risks by exposing vulnerabilities in Google's infrastructure to malicious actors. This type of information is routinely sealed in litigation to prevent such harms.

13.    The proposed redactions are narrowly tailored. For Exhibit 6, Google seeks to redact only the single sensitive paragraph. For Exhibit 11, where the technical information is interwoven throughout, sealing the exhibit in its entirety is the narrowest effective means of protection. Google does not seek to seal any general, non-sensitive lines quoted in the Opposition motions.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OMNIBUS DECL. OF EDUARDO E. SANTACANA
ISO GOOGLE'S STATEMENT ISO
PLAINTIFFS' ADMIN MOTION TO CONSIDER
WHETHER ANOTHER PARTY'S MATERIALS
SHOULD BE CONSIDERED
CASE NO. 3:20-CV-04688-RS

**Non-Public Employee Information (Exhibits 6, 10, 12, 13, 14, 15, 16, and 17)**

14.     The exhibits identified above contain the non-public usernames and/or email addresses of current or former Google employees, none of whom are parties to this litigation. Google does not publicly disclose its internal email address formats or employee usernames. Public disclosure of this information would expose these individuals to a risk of unwanted contact, spam, phishing attacks, and harassment, infringing on their privacy interests.

15.     The requested redactions are narrowly tailored to remove only the unique username portion of the email addresses, leaving the employees' names and the "@google.com" domain visible. This Court has previously found compelling reasons to seal this exact type of information in this case. See, e.g., ECF No. 284 at 1 (redacting "email addresses of Google employees … in order to protect their privacy interests"); see also, generally, ECF No. 353 (sealing "Employee PII").

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 17, 2025                          COOLEY LLP


By: /s/ Eduardo E. Santacana
    Eduardo E. Santacana

Attorney for Defendant
Google LLC

OMNIBUS DECL. OF EDUARDO E. SANTACANA
ISO GOOGLE'S STATEMENT ISO
PLAINTIFFS' ADMIN MOTION TO CONSIDER
WHETHER ANOTHER PARTY'S MATERIALS
SHOULD BE CONSIDERED
CASE NO. 3:20-CV-04688-RS

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO