COOLEY LLP
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
ISABELLA CORBO (346226)
(icorbo@cooley.com)
NAIARA TOKER (346145)
(ntoker@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111-4004
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**DEFENDANT GOOGLE LLC'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA OF KENT WALKER**<br><br>Time:          9:30 a.m.<br>Pretrial Conf: July 30, 2025<br>Dept:          3, 17th Floor<br>Judge:         Hon. Richard Seeborg<br><br>Action Filed:  July 14, 2020<br>Trial Date:    August 18, 2025 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MOTION TO QUASH
SUBPOENA OF KENT WALKER
3:20-CV-04688-RS

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on August 26, 2025, at 9:30 A.M., before the Honorable Richard Seeborg of the United States District Court for the Northern District of California in Courtroom 3 of the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Google LLC ("Google") will move the Court under Rule 45 of the Federal Rules of Civil Procedure and the apex doctrine to quash the trial subpoena served by Plaintiffs on July 8, 2025 seeking the trial testimony of Kent Walker, Google's Chief Legal Officer.

This Motion is based on this Notice of Motion, accompanying Memorandum of Points and Authorities, the Declaration of Eduardo E. Santacana in Support of the Motion to Quash ("Santacana Decl.") and exhibits attached thereto, and all other evidence in the record.

**ISSUE PRESENTED**

Whether, pursuant to Rule 45 of the Federal Rules of Civil Procedure, the trial subpoena issued to Kent Walker should be quashed because he is an apex witness who lacks unique, first-hand knowledge of the case and requiring his trial testimony constitutes harassment and an undue burden to Google.

Dated: July 22, 2025                                Respectfully submitted,

                                                    COOLEY LLP


                                                    By: */s/ Eduardo E. Santacana*
                                                        Benedict Y. Hur
                                                        Simona Agnolucci
                                                        Eduardo E. Santacana
                                                        Argemira Flórez
                                                        Harris Mateen
                                                        Isabella McKinley Corbo
                                                        Naiara Toker

                                                    *Attorneys for Defendant*
                                                    *Google LLC*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MOTION TO QUASH
SUBPOENA OF KENT WALKER
3:20-CV-04688-RS

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Google moves to quash the trial subpoena issued to Kent Walker, Chief Legal Officer and President of Global Affairs of Google and its parent company, Alphabet, Inc. Having failed to obtain the testimony of Google's CEO Mr. Pichai, Plaintiffs now apparently pivot to Google's CLO, Mr. Walker. But as was the case with Mr. Pichai, Mr. Walker has no tie to this case, Plaintiffs never deposed him, and Plaintiffs never sought his custodial files. Plaintiffs also seem to seek Mr. Walker's testimony solely because he is a high-ranking executive at Google who wrote a memorandum in 2008 that was recently discussed in two unrelated cases against Google. *See* ECF No. 553 at 1–2. Unlike with Mr. Pichai, however, Plaintiffs have not even amended their Rule 26 disclosures (for what would be the fourth time) to add Mr. Walker, or included Mr. Walker on their witness list. The Court should quash the trial subpoena issued to Mr. Walker because he is an apex witness who lacks unique, first-hand knowledge of the case and requiring his trial testimony constitutes harassment and an undue burden to Google.

## II. BACKGROUND

Despite not seeking Mr. Walker's custodial files, not seeking to depose him, not disclosing him in their Rule 26 disclosures, and not disclosing him among their trial witnesses, on June 10, 2025, Plaintiffs indicated that they intended to subpoena Kent Walker, Google's Chief Legal Officer and President of Global Affairs, as a potential "impeachment or rebuttal witness" at trial. ECF No. 531 ¶ 8; ECF Nos. 471-2, 471-3, 471-4; Santacana Decl. ¶ 3. But Plaintiffs could not articulate what relation Mr. Walker has to any of the witnesses or issues in this case. Google therefore moved in limine to preclude Plaintiffs from calling Mr. Walker at trial to provide improper impeachment testimony on the basis that Mr. Walker is a rebuttal witness that was not properly disclosed until two years and eight months after the close of discovery, and just over two months before trial. ECF No. 524.

On July 8, 2025, Plaintiffs served a trial subpoena on Mr. Walker. Santacana Decl. ¶ 4, Ex. A. Plaintiffs' opposition to Google's motion in limine reveals that Google's concern—that Plaintiffs do not intend to call Mr. Walker as a proper impeachment witness—is well founded. ECF

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

MOTION TO QUASH
SUBPOENA OF KENT WALKER
3:20-CV-04688-RS

No. 553. In their opposition, Plaintiffs finally articulate what alleged relevant knowledge they believe Mr. Walker to have. According to Plaintiffs, Mr. Walker will "contravene Google's contention that it somehow has a culture that encourages reporting and addressing privacy violations." *Id.* at 1. Plaintiffs reveal that they intend to question Mr. Walker about a memorandum on Google's retention policies concerning the Google Chat application—an irrelevant document that was mentioned in two other unrelated cases against Google, was not produced in this case, and is not on Plaintiffs' proposed exhibit list. *Id.* at 1–2 (listing a 2008 memorandum authored by Mr. Walker that was discussed in *United States v. Google LLC*, No. 1:20-cv-3010-APM (D. D.C. May 30, 2025) and *United States v. Google LLC*, No. 23-cv-108 (E.D. Va. Aug. 27, 2024), two antitrust lawsuits filed against Google). There are no allegations in this case related to Google's retention policies. And it is impossible to imagine how Mr. Walker would have any information bearing on the credibility of any trial witness—let alone any unique, first-hand knowledge. Plaintiffs' attempt to call such a high-ranking Google executive who was not a custodian and was not deposed is an improper attempt to sneak in irrelevant "rebuttal" evidence that was never disclosed, from a witness who has no knowledge about or relevance to the issues in this case. Calling Mr. Walker as a witness would only serve to harass him and Google.

Even if Mr. Walker had any information—let alone unique information—relevant to this case, which he does not, Plaintiffs' eleventh-hour addition of Mr. Walker as an "impeachment" witness goes far beyond the permissible scope of impeachment testimony. The argument Plaintiffs contend Mr. Walker will *respond to* was disclosed to Plaintiffs with Google's expert reports on May 31, 2023, and is in no way a surprise, besides. *See* ECF No. 553 at 1 (citing expert report of Dr. Hoffman dated May 31, 2023, ECF No. 473-2). There is no reason Plaintiffs could not have disclosed Mr. Walker as a witness during discovery.

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 45, courts "*must* quash or modify a subpoena that … subjects a person to undue burden." Fed. R. Civ. P. 45(3)(A)(iv) (emphasis added). One example of undue burden is requiring testimony from high-level executives who do not possess any unique, first-hand knowledge, which creates "a tremendous potential for abuse or harassment." *Apple Inc.*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

MOTION TO QUASH
SUBPOENA OF KENT WALKER
3:20-CV-04688-RS

*v. Samsung Elecs. Co., Ltd*, 282 F.R.D. 259, 263 (N.D. Cal. 2012); *Celerity, Inc. v. Ultra Clean Holding, Inc*., 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007) (apex discovery improper where "a high-level decision maker [is] removed from the daily subjects of the litigation [and] has no unique personal knowledge of the facts at issue" (internal quotation marks omitted)). "Where a party seeks the testimony of a high-level executive, and the apex doctrine is invoked, courts consider '(1) whether the deponent has unique first-hand, non- repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods.'" ECF No. 537 (citing *Apple Inc*., 282 F.R.D. at 263). This Court has applied the apex doctrine to preclude trial testimony. *Id.; see also Yphantides v. Cnty. Of San Diego,* No. 21-cv-1575-GPC, 2023 WL 7555301, at *4 (S.D. Cal. Nov. 14, 2023) (collecting cases).

### IV.  ARGUMENT

**A.  The subpoena must be quashed to prevent the harassment of an apex witness.**

Mr. Walker is an apex witness. He is the Chief Legal Officer and President of Global Affairs of Google and its parent company, Alphabet, Inc., reporting directly to Alphabet's CEO Sundar Pichai. The apex doctrine is intended to limit the potential for abuse or harassment from compelling the testimony of such high-level executives. *See, e.g., Pinn, Inc. v. Apple Inc.*, No. SA 19-CV-01805-DOC-JDE, 2021 WL 4775969, at *3–4 (C.D. Cal. Sept. 10, 2021) (applying apex doctrine to exclude Apple Senior Vice President who reports directly to the CEO from testifying at trial); *Ellena v. Standard Ins. Co*., 2013 WL 4520200, at *1-2 (N.D. Cal. Aug. 23, 2013) (vice president who reports directly to the CEO with responsibility for aspects of overall business qualifies as an apex employee); *Groupion, LLC v. Groupon, Inc*., No., 2012 WL 359699, at *3 (N.D. Cal. Feb. 2, 2012) (senior vice presidents were indisputably apex executives); *Goines v. Lee Mem'l Health Sys*., No. 2:17-CV-656-FTM-29CM, 2018 WL 3831169, at *4–5 (M.D. Fla. Aug. 13, 2018) (applying apex doctrine to preclude deposition of Chief Legal Officer, finding the witness's "high-ranking position being a legal one further supports protecting her from deposition."); *Dart Indus. v. Acor*, No. 6:06-CV-1864-JA-DAB, 2008 WL 1995105, at *1 (M.D. Fla. May 7, 2008) (finding Chief Legal Officer and Executive Vice-President having some knowledge of underlying facts of the case was not enough to override the protections of the apex doctrine).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

MOTION TO QUASH
SUBPOENA OF KENT WALKER
3:20-CV-04688-RS

### B. Mr. Walker has no unique, first-hand knowledge.

Plaintiffs have not shown Mr. Walker possesses *any* knowledge—let alone "unique knowledge"—of the facts involved in this case such that his testimony at trial is warranted. As with Mr. Pichai, Mr. Walker's lack of knowledge is underscored by Plaintiffs' actions: they never sought his custodial files or deposition testimony, did not include him in their Rule 26 disclosures, and did not even include him in their witness list.

Though Plaintiffs claim they intend to call Mr. Walker as an impeachment witness, their opposition to Google's motion in limine underscores that their real purpose is to rebut Google's expert Donna Hoffman and to "respond to Google's narratives." ECF No. 553 at 1; *see also id.* at 2 ("If Google does not make the argument set forth by Dr. Hoffman … Plaintiffs are agreeable to not using [Mr.] Walker. … [I]t was Google who opened the door to this issue through its own expert opinion.").

Plaintiffs do not identify a single witness that they plan to impeach with Mr. Walker's testimony. Instead, they refer throughout their motion to Google. *See e.g.* ECF No. 553 at 1–2 ("it is Google who claims that it has a culture that encourages whistleblowing;" "Where Google opened this door, Plaintiffs have every right to respond and impeach;" Mr. Walker is "in possession of material information that Plaintiffs may use to impeach and respond to Google's narratives;" "If Google does not make the argument set forth by Dr. Hoffman … Plaintiffs are agreeable to not using [Mr.] Walker."). Plaintiffs fundamentally misunderstand the concept of impeachment, which refers to the process of attacking the credibility of a *witness*. Fed. R. Evid. 607 ("Any party, including the party that called the witness, may attack the *witness's* credibility") (emphasis added). Google, of course, is not a witness. This is perhaps why Plaintiffs carefully qualified every assertion that they will use Mr. Walker to "impeach" Google with the term "and respond." ECF No. 553 ("Plaintiffs [] do not intend to use [] [Mr.] Walker … for any other purpose than for impeachment *or to otherwise respond to Google's arguments and evidence;*" "Plaintiffs have every right to *respond* and impeach;" Mr. Walker is "in possession of material information that Plaintiffs may use to impeach *and respond* to Google's narratives;" "Plaintiffs have every right to use this to impeach *and respond* to any attempts by Google to assert at trial that it has a culture encouraging

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

MOTION TO QUASH
SUBPOENA OF KENT WALKER
3:20-CV-04688-RS

employees to speak up and voice privacy concerns.") (emphasis added).

Contrary to Plaintiffs' contention, where, as here, Plaintiffs intend to present a witness to respond to the merits of a party's case, Rule 26 requires disclosure even if the witness is an employee of the defendant. *See e.g. Valiavicharska v. Tinney*, No. CV 10-4847 JSC, 2012 WL 13435139 (N.D. Cal. Jan. 31, 2012) (cleaned up) ("Impeachment as contemplated by the Rule 26(a) exception refers to attacks on the credibility of a witness and not to rebuttal evidence, which tends to prove any element of a party's claims."); *Clear-View Techs., Inc. v. Rasnick*, No. 13-cv-02744-BLF, 2015 WL 3509384, at *7 (N.D. Cal. June 3, 2015) (cleaned up) ("If evidence instead has independent relevancy to the merits of the case, the evidence is not solely for impeachment and must be disclosed to opposing counsel pursuant to Rule 26."); *cf.* ECF No. 553 at 1 (citing *Intel Corp. v. VIA Technologies, Inc.*, 204 F.R.D. 450, 451 (N.D. Cal. Dec. 12, 2001) (defendant disclosed a former employee of plaintiff before the end of the discovery period, but was not required to disclose a *declaration* from the former employee usable for impeachment.)). Google disclosed Dr. Hoffman's report over two years ago, but Plaintiffs never disclosed Mr. Walker. ECF No. 473-2. As evidenced by their opposition to Google's motion in limine, they did not disclose him because he has no relevant testimony. Google's retention policies regarding Google Chat are completely unrelated to the statements by Dr. Hoffman that Plaintiffs expect to "respond" to with Mr. Walker. *See* ECF No. 552 at 1 (citing ECF No. 473-2 ¶ 19 (opining that Google has a user-centric approach to privacy), ¶ 77 (stating there is a "culture of constant improvement and evolution"), ¶ 163 (summarizing that "feedback from Google employees clearly shows that Google develops products with a goal of improving user experience")). These statements are plainly unrelated to Mr. Walker's proposed testimony, making him an improper rebuttal witness even if he had been timely disclosed.

Had they disclosed Mr. Walker timely, the Court would not have to adjudicate this issue on the eve of trial. Mr. Walker is wholly disconnected to this case and yet suddenly the subject of a subpoena for harassing and improper reasons.

///

///

///

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

MOTION TO QUASH
SUBPOENA OF KENT WALKER
3:20-CV-04688-RS

### C. Plaintiffs failed to exhaust less intrusive methods of discovering what Mr. Walker might know.

Even if Plaintiffs' purpose in calling Mr. Walker was true impeachment or proper, timely disclosed rebuttal (it is not), Plaintiffs have not even attempted to explain why the many witnesses they have deposed and included in their Rule 26 disclosures cannot "respond to any attempts by Google to assert at trial that it has a culture encouraging employees to speak up and voice privacy concerns." ECF No. 553 at 2. As this Court found in the context of Plaintiffs' motion for relief from the order excluding Mr. Pichai from testifying at trial, "the robust record in this case promises to provide more than enough information for the jury to consider [Google's] motives [for its at-issue behavior]." ECF No. 537 at 3.

And as was the case with Mr. Pichai, "Plaintiffs plainly did not exhaust other, less intrusive methods of discovering what [Mr. Walker] might know—they did not depose him or even [] pursue his files during active discovery." *Id.* Instead, with this trial subpoena, Plaintiffs attempt to do what this Court barred them from doing with Mr. Pichai: impose a substantial burden on Mr. Walker and Google. Mr. Walker is a high-ranking executive at Google, reporting directly to the CEO. The burden of preparing for and attending trial would divert him from critical responsibilities. The Court should therefore apply the apex doctrine to quash Mr. Walker's trial subpoena. *See, e.g., Reddy v. Nuance Commc'ns, Inc.*, No. 5:11-CV-05632-PSG, 2015 WL 4648008, at *4 & n.38 (N.D. Cal. Aug. 5, 2015) (granting motion to preclude high-ranking executive as a trial witness, noting the witness's lack of apparent knowledge regarding the case as well as absence of any effort to depose the witness); *Pinn*, 2021 WL 4775969, at *4 (granting Apple's motion where plaintiff failed to show Senior Vice President had "unique first-hand knowledge" and failed to seek his deposition); *Benson v. City of Lincoln*, No. 13-1758 (NLH/AMD), 2023 WL 5627091, at *5–7 ("Excluding or preventing the testimony of a high-ranking ... executive … is warranted unless the presumed burden of testifying is outweighed by the ... executive's unique or special knowledge.").

///

///

///

Cooley LLP
Attorneys at Law
San Francisco

6

MOTION TO QUASH
SUBPOENA OF KENT WALKER
3:20-CV-04688-RS

## V. CONCLUSION

Google respectfully requests that the Court grant this motion and quash the trial subpoena issued to Kent Walker.

Dated: July 22, 2025

Respectfully submitted,

COOLEY LLP

By: */s/ Eduardo E. Santacana*
  Benedict Y. Hur
  Simona Agnolucci
  Eduardo E. Santacana
  Argemira Flórez
  Harris Mateen
  Naiara Toker
  Isabella McKinley Corbo

*Attorneys for Defendant Google LLC*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

MOTION TO QUASH
SUBPOENA OF KENT WALKER
3:20-CV-04688-RS