| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP** | **SUSMAN GODFREY L.L.P.** |
| David Boies (admitted pro hac vice) | Bill Carmody (admitted pro hac vice) |
| 333 Main Street | Shawn J. Rabin (admitted pro hac vice) |
| Armonk, NY 10504 | Steven M. Shepard (admitted pro hac vice) |
| Tel.: (914) 749-8200 | Alexander Frawley (admitted pro hac vice) |
| dboies@bsfllp.com | Ryan Sila (admitted pro hac vice) |
| | One Manhattan West, 50th Floor |
| Mark C. Mao, CA Bar No. 236165 | New York, NY 10001 |
| Beko Reblitz-Richardson, CA Bar No. 238027 | Tel.: (212) 336-8330 |
| 44 Montgomery St., 41st Floor | bcarmody@susmangodfrey.com |
| San Francisco, CA 94104 | srabin@susmangodfrey.com |
| Tel.: (415) 293-6800 | sshepard@susmangodfrey.com |
| mmao@bsfllp.com | afrawley@susmangodfrey.com |
| brichardson@bsfllp.com | rsila@susmangodfrey.com |
| James Lee (admitted pro hac vice) | Amanda K. Bonn, CA Bar No. 270891 |
| Rossana Baeza (admitted pro hac vice) | 1900 Avenue of the Stars, Suite 1400 |
| 100 SE 2nd St., 28th Floor | Los Angeles, CA 90067 |
| Miami, FL 33131 | Tel.: (310) 789-3100 |
| Tel.: (305) 539-8400 | abonn@susmangodfrey.com |
| jlee@bsfllp.com | **MORGAN & MORGAN** |
| rbaeza@bsfllp.com | John A. Yanchunis (admitted pro hac vice) |
| Alison L. Anderson, CA Bar No. 275334 | Ryan J. McGee (admitted pro hac vice) |
| M. Logan Wright, CA Bar No. 349004 | Michael F. Ram, CA Bar No. 104805 |
| 2029 Century Park East, Suite 1520 | 201 N. Franklin Street, 7th Floor |
| Los Angeles, CA 90067 | Tampa, FL 33602 |
| Tel.: (213) 995-5720 | Tel.: (813) 223-5505 |
| alanderson@bsfllp.com | jyanchunis@forthepeople.com |
| mwright@bsfllp.com | rmcgee@forthepeople.com |
| | mram@forthepeople.com |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated, | Case No.: 3:20-cv-04688-RS |
| | **PLAINTIFF SAL CATALDO'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE** |
| Plaintiffs, | |
| vs. | The Honorable Richard Seeborg |
| | Courtroom 3 – 17th Floor |
| GOOGLE LLC, | Date: |
| | Time: |
| Defendant. | |

## I. INTRODUCTION

One of the four class representatives appointed by the Court—plaintiff Sal Cataldo—respectfully requests dismissal of his claims without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure. Under Rule 41, because Google answered and moved for summary judgment, the Court or Google must approve this request. Google refused, and Mr. Cataldo therefore now seeks relief from the Court. There is no prejudice to Google or basis for Google to oppose this motion, and the Court should therefore grant this motion and dismiss Mr. Cataldo's claims without prejudice. The other class representatives will be prepared to represent the certified classes at trial starting on August 18, 2025, and granting this motion is permissible and proper.

## II. LEGAL STANDARD

After an answer is filed, a party may only dismiss his or her claims by Court order pursuant to Federal Rule of Civil Procedure 41(a)(2). "A dismissal under Rule 41(a)(2) normally is without prejudice, as explicitly stated in that rule." *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001). The reasons for a party's election to seek voluntary dismissal are privileged, and the possible explanations are many, so their withdrawal from the litigation has no probative value. *See Bolton v. Tesoro Petroleum Corp.*, 871 F.2d 1266, 1277 (5th Cir. 1989) ("Voluntary dismissal of a suit can occur for a variety of reasons. The relevance of the [dismissed claims] was, thus, marginal.").

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith*, 263 F.3d at 976. Legal prejudice means prejudice to "some legal interest, some legal claim, [or] some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). "[I]n determining what will amount to legal prejudice, courts have examined whether a dismissal without prejudice would result in the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense." *Id.* (collecting cases). Furthermore, "the fact that the defendant has already begun trial preparations does not constitute prejudice." *In re Lowenschuss*, 67 F.3d 1394, 1400–01 (9th Cir. 1995).

## III. ARGUMENT

This motion should be granted because Google cannot establish any prejudice. This class action is set to be tried to a jury starting on August 18, 2025, with three other plaintiffs appointed as class representatives. There is no need for a fourth class representative, particularly given the time constraints provided to try the case. By granting this motion, Mr. Cataldo's claims will be adjudicated just like any other absent class member who did not elect to opt out of the certified classes. Google will not face another lawsuit from Mr. Cataldo covering these claims and issues, and Google's preparations for trial would have occurred regardless.

Under these circumstances, the motion should be granted. *See, e.g.*, *Kurin, Inc. v. Magnolia Med. Tech., Inc.*, 2021 WL 5823707, *2 (9th Cir. Dec. 8, 2021) (granting voluntary dismissal without prejudice over non-moving party's argument that excessive expenses were incurred); *see also Robinson v. St. Francis Hosp.*, 2025 WL 371814, *2 (W.D. Wash. Feb. 3, 2025) (granting voluntary dismissal without prejudice during pendency of summary judgment motion); *Herbalife Int'l of Am., Inc. v. Kamel*, 2024 WL 5416968, **2–3 (C.D. Cal. Apr. 11, 2024) (granting voluntary dismissal without prejudice following years of litigation and motions practice). Indeed, denying the motion would effectively force Mr. Cataldo to remain in the action and sit for trial against his wishes, which would be a strange and unjustified outcome.

## IV. CONCLUSION

For these reasons, Plaintiff Sal Cataldo respectfully requests that the Court dismiss his claims without prejudice.

Dated: July 30, 2025

Respectfully submitted,

By: */s/ Mark C. Mao*

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

David Boies (admitted *pro hac vice*)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200

James Lee (admitted *pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (admitted *pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Alison L. Anderson, CA Bar No. 275334
alanderson@bsfllp.com
M. Logan Wright, CA Bar No. 349004
mwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Telephone: (813) 482-4814

Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley
afrawley@susmangodfrey.com
Ryan Sila
rsila@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

John A. Yanchunis (*pro hac vice*)

jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
Michael F. Ram (CA Bar No. 238027)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

*Attorneys for Plaintiffs*