COOLEY LLP
MICHAEL A. ATTANASIO (151529)
(mattanasio@cooley.com)
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
NAIARA TOKER (346145)
(ntoker@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
THILINI CHANDRASEKERA (333672)
(tchandrasekera@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
CHELSEA HU (357212)
(chu@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111-4004
Telephone:    (415) 693-2000
Facsimile:     (415) 693-2222

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**GOOGLE'S OPPOSITION TO PLAINTIFF SAL CATALDO'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**<br><br>Judge:    Hon. Richard Seeborg<br><br>Date Action Filed: July 14, 2020<br>Trial Date: August 18, 2025 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S OPP. TO PLF. SAL CATALDO'S
MOTION FOR VOLUNTARY DISMISSAL
3:20-CV-04688-RS

## I. INTRODUCTION

Appointed Class Representative Sal Cataldo's Rule 41(a)(2) motion to dismiss his complaint, and withdraw as a class representative, should be denied.

Mr. Cataldo swore he would prosecute this action. In reliance on that promise, this Court appointed him a class representative. He sat for deposition. He provided written discovery responses. Yet now, on the very eve of trial, he moves to be dismissed. On those facts, one would expect a seriously compelling factual explanation for Mr. Cataldo's change of heart. But there is *no explanation* in the motion. Indeed, Mr. Cataldo's counsel assert they need not provide one. In fact, Mr. Cataldo does not cite—and counsel was unable to find—a single case where an appointed class representative was permitted to voluntarily dismiss his or her complaint and withdraw as a class representative after class certification had been granted and the case was on the eve of trial.

The lack of explanation—coupled with the timing of the motion—leaves only one inference: that Mr. Cataldo's counsel concluded that having Mr. Cataldo continue as a class representative—and appear at trial—would benefit Google's defense. But that is exactly the type of "plain legal prejudice" that precludes granting a Rule 41(a)(2) motion. *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). Moreover, the last-minute attempt to drop Mr. Cataldo precludes this Court from fully evaluating—and from absent class members being informed of and deciding—whether there was still adequate representation. *See* Fed. R. Civ. Proc. 23(d)(1)(B)(iii). The motion to dismiss should be denied.

If, however, this Court were to grant the motion, the Court should do so conditioned upon denial of Plaintiff's MIL No. 4 as to Mr. Cataldo and other suitable conditions.

## II. BACKGROUND

Plaintiff Sal Cataldo joined this action as a named plaintiff and putative class representative on November 11, 2020. ECF No. 60 (First Amended Complaint). Google took written discovery of Mr. Cataldo. And Mr. Cataldo was deposed on February 17, 2022. ECF No. 548-2 (Deposition Transcript Excerpt of Sal Cataldo).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

GOOGLE'S OPP. TO PLF. SAL CATALDO'S
MOTION FOR VOLUNTARY DISMISSAL
3:20-CV-04688-RS

On July 20, 2023, Plaintiffs moved for class certification. ECF No. 315 (Class Certification Motion). In their motion, they underscored that "[a]s Plaintiffs state in their declarations, and as proven by their commitment to this case to date, Plaintiffs will 'prosecute the action vigorously on behalf of the class.'" *Id.* at 9. Mr. Cataldo submitted a declaration in support of certification averring, "I will appear at trial for this case" and "[a]s a class representative, I understand that I have a duty to protect the interests of the classes. I will protect the best interests of the members of the classes and will work with my attorneys to obtain success on behalf of those classes." ECF No. 315-5 at 3. Over Google's opposition, the Court granted certification. ECF No. 352 (Class Certification Order). In evaluating adequacy under Rule 23(a)(4), the Court ruled "Plaintiffs and their counsel state in their declaration that they are committed to the prosecution of this matter on behalf of the proposed classes. Thus, this requirement is satisfied." *Id.* at 7. Notice to the class was given commencing on September 23, 2024. *See* ECF No. 465 (Azari Decl. Re: Implementation and Adequacy of Class Notice Plan and Notices).

Shortly before the Parties' joint pre-trial statement was due on June 24, 2025, Plaintiffs' counsel indicated that Mr. Cataldo would seek to voluntarily dismiss his claims without prejudice and withdraw as a Class Representative. Google agreed to meet and confer to further discuss the scope of the request. *See* Declaration of Argemira Flórez ISO Google's Opposition to Plaintiff Sal Cataldo's Motion for Voluntary Dismissal ¶ 3.

Plaintiffs later filed a Motion in Limine seeking to preclude evidence and argument pertaining to Mr. Cataldo as an anticipated future "former" plaintiff. *See* ECF No. 518 (Plaintiffs' MIL No. 4). On July 30, 2025, Plaintiff Cataldo filed the instant Motion to Dismiss. ECF No. 576.

### III.   LEGAL STANDARD

"The purpose of [Rule 41(a)(2)] is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.,* 889 F.2d 919, 921 (9th Cir. 1989) (citations omitted). "When confronted with a motion for voluntary dismissal pursuant to Rule 41(a)(2), the Court must determine: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Fraley v. Facebook, Inc.*,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S OPP. TO PLF. SAL CATALDO'S
MOTION FOR VOLUNTARY DISMISSAL
3:20-CV-04688-RS

No. 11–CV–01726–LHK, 2012 WL 893152, at *2 (N.D. Cal. Mar. 13, 2012) (citing *Williams v. Peralta Community College Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005)); *see also Opperman v. Path, Inc.*, No. 13-cv-00453-JST, 2015 WL 9311888, at *2 (N.D. Cal. Dec. 22, 2015); *Anderson v. SeaWorld Parks & Ent., Inc.*, No. 15-cv-02172-JSW, 2020 WL 1042625, at *1 (N.D. Cal. Mar. 4, 2020); *Markels v. AARP*, No. 22-cv-05499 (YGR), 2024 WL 5700871, at *1 (N.D. Cal. July 31, 2024).

## IV.  ARGUMENT

### A.  The Court Should Deny Dismissal Because It Plainly Prejudices Google

Dismissal should be granted "unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "[L]egal prejudice is just that—prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist.*, 100 F.3d at 97. Here, Google will suffer plain legal prejudice.

<u>First</u>, Google will be unable to fully present its defense at trial. Mr. Cataldo seeks to be reverted to an "absent class member"—ECF No. 576 at 2—and Plaintiffs seek to prevent Google from calling Mr. Cataldo or introducing his testimony. *See* ECF No. 518. But Mr. Cataldo's testimony is highly relevant to many issues in the case, including the reasonableness of an expectation of privacy and the severity and offensiveness of the alleged intrusion. Mr. Cataldo has unique testimony pertinent to Google's defenses. For example, Mr. Cataldo's sworn testimony supports Google's defense that the (s)WAA disclosures were clear about the scope of the control. Moreover, Mr. Cataldo understood that (s)WAA was not an ad blocker—an understanding that directly contradicts an assumption underlying Plaintiffs' disgorgement theory. *See* ECF No. 548 at 5–6.

This testimony exists because Mr. Cataldo volunteered to serve as a Class Representative, provided discovery as a Class Representative, and was appointed by this Court to be a Class Representative. Google's defense in this matter would be prejudiced if Plaintiffs are permitted—at the last possible moment—to shuffle Mr. Cataldo off-stage. This harm meets the definition of "legal prejudice." *Westlands Water Dist.*, 100 F.3d at 97 ("In this circuit, we have stated that a

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S OPP. TO PLF. SAL CATALDO'S
MOTION FOR VOLUNTARY DISMISSAL
3:20-CV-04688-RS

district court properly identified legal prejudice when the dismissal of a party would have rendered the remaining parties unable to [ ] adequately defend themselves").

Finally, while the potential to use Mr. Cataldo's deposition testimony as an absent class member is a substitute, it is an inadequate one. For obvious reasons, the testimony of a Class Representative that supports Google's defense is materially different than that same testimony coming from an absent class member.

<u>Second</u>, granting the Motion prejudices Google's right that all non-opt out class members will be bound by the trial verdict. Here, this Court certified a class with a finding that Plaintiffs—collectively—were adequate representatives under Rule 23(a)(4). *See* ECF No. 352 at 7 ("Further, *Plaintiffs* and their counsel state in their declaration that they are committed to the prosecution of this matter on behalf of the proposed classes. Thus, this requirement is satisfied.") (emphasis added.). This Court did not find that Rule 23(a)(4) was satisfied if only three of the four class representatives were present. Indeed, unlike his fellow Class Representatives, Mr. Cataldo is a licensed attorney. Similarly, the notice sent to class members—and the resulting opt-outs—were all predicated on four Class Representatives proceeding to trial. *See* ECF No. 465 at 1, 3 ("In a class action lawsuit, one or more people called 'Class Representatives'—in this lawsuit four Class Representatives—sue on behalf of other people who have similar legal claims."). The unexplained, voluntary dismissal of the attorney Class Representative on the eve of trial raises the issue of whether the extant notice is sufficient from a due process perspective to bind class members. This is especially the case because "a critical problem raising due-process concerns in actions under subdivision (b)(3) is not simply notice of the institution of the action, but whether the absent members actually are adequately represented." *See* 7AA Fed. Prac. & Proc. Civ. § 1786 (3d ed.). While Mr. Cataldo's motion blithely suggests that the other three class representatives can just proceed to trial, he does not even raise the question of how his proposed dismissal impacts the absent class members or whether such class members should even be informed.[1] It is not hard to imagine that—win or lose—putative class members may surface and claim that they would have

---

[1] This omission suggests a troubling lack of concern by Mr. Cataldo and class counsel in the interest of absent class members. Similarly, it is notable that none of the other three Class Representatives joined the motion, much less provided evidentiary support.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S OPP. TO PLF. SAL CATALDO'S
MOTION FOR VOLUNTARY DISMISSAL
3:20-CV-04688-RS

opted out had they been apprised, that they were otherwise not adequately represented, and that they are not bound by the trial verdict. That legal risk falls on Google. And that prejudice compels denial.

Third, all the factors courts typically employ to evaluate prejudice confirm prejudice here. Courts typically consider the following factors in evaluating prejudice: (1) whether the defendant has expended efforts or made preparations that would be undermined by granting withdrawal, (2) the plaintiff's delay in prosecuting the action or bringing the motion, (3) the adequacy of the plaintiff's explanation as to why withdrawal is necessary, and (4) the stage of the litigation at the time the request is made. *See, e.g., In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 304 (D.D.C.2000); *In re ConAgra Foods, Inc.*, No. CV 11-05379 MMM (AGRx), 2014 WL 12577428, at *3 (C.D. Cal. May 2, 2014); *Roberts v. Electrolux Home Prods., Inc.*, No. SACV 12–1644 CAS (VBKx), 2013 WL 4239050, *2 (C.D. Cal. Aug. 14, 2013); *Doe v. Arizona Hosp. and Healthcare Ass'n*, No. CV 07-1292-PHX-SRB, 2009 WL 1423378, at *13 (D. Ariz. 2009); *see generally* 8 Moore's Federal Practice - Civil § 41.40[6]. All of these factors point to prejudice:

- Google's Efforts: Google has made substantial efforts and preparations based on Mr. Cataldo's class representative status. It has taken written discovery of Mr. Cataldo, deposed him, and moved for summary judgment. It has conducted its trial preparations fully anticipating Mr. Cataldo's role.

- Delay: Mr. Cataldo obviously delayed in seeking dismissal. The potential for Mr. Cataldo's dismissal was not even raised until June 24, mere hours before the Parties were to file their pretrial conference statement. There is no explanation in the motion as to why Mr. Cataldo waited so long to even seek dismissal. *See In re Vitamins Antitrust Litig.*, 198 F.R.D. at 304 (finding the fact that "plaintiffs waited until the last moment" to file their motion for voluntary dismissal "suspect and somewhat indicative of bad faith.")

- Explanation: Mr. Cataldo offers *no explanation* for his withdrawal; indeed, he did not even submit any declaration in support of his motion. *Compare, e.g., Electrolux*, 2013 WL 4239050, *2 ("the declarations submitted by Horton and Roberts demonstrate that

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S OPP. TO PLF. SAL CATALDO'S
MOTION FOR VOLUNTARY DISMISSAL
3:20-CV-04688-RS

their request to withdraw is made in good faith, and also evince compelling reasons to allow withdrawal."). This is no oversight—his counsel claims that Mr. Cataldo need not provide any explanation for requested dismissal. ECF No. 576 at 2.[2] Not only is that position generally wrong, but the need for explanation is heightened here. To achieve class certification, Mr. Cataldo swore that he was committed to the prosecution of the matter and this Court accepted his sworn statement. *See* ECF No. 315-5 at 3; ECF No. 352 at 7. Mr. Cataldo's about-face demands explanation; that none was given strongly suggests that this eve-of-trial motion is designed to prejudice Google's defense.

- <u>Stage of Proceedings</u>.  Short of a mid-trial request, this case is about as advanced as possible.  Discovery has been completed; classes have been certified and class representatives appointed; summary judgment resolved and trial commences in ten days.  While courts generally permit *putative* class representatives to withdraw from *putative* class actions (often with conditions), undersigned counsel was not able to locate a single case where an *appointed* class representative was permitted to voluntarily dismiss his or her complaint and withdraw *post-certification* and just on the eve of trial. *See In re Vitamins Antitrust Litig.,* 198 F.R.D. at 305 ("Most denials of voluntary dismissals are justified by the fact that defendants had already filed motions for summary judgment or that the parties were on the eve of trial."); *Doe v. Arizona Hosp. and Healthcare Ass'n*, 2009 WL 1423378, at *13 ("the class has not yet been certified, Defendants in this case will not suffer the sort of prejudice that might stem from a later-stage withdrawal of a class representative."); *Covington v. Syngenta Corp.*, 225 F. Supp. 3d 384, 391 (D.S.C. 2016) (denying motion for voluntary dismissal when Plaintiff moved "less than two weeks before discovery was due to be completed, and only four months before the case is subject to being called for trial.").

---

[2] Plaintiffs cite *Bolton v. Tesoro Petroleum Corp.*, 871 F.2d 1266, 1277 (5th Cir. 1989), but this case presented review of the trial court's evidentiary ruling – the exclusion of evidence of voluntary dismissal. *Bolton* has no bearing on the Rule 41 prejudice inquiry.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

GOOGLE'S OPP. TO PLF. SAL CATALDO'S
MOTION FOR VOLUNTARY DISMISSAL
3:20-CV-04688-RS

### B. If the Court were to Grant the Motion, It Should Do So with Conditions

The Court has the power to condition the grant of dismissal. *See* Fed. R. Civ. Proc. 41(a)(2). Such conditions serve the purpose of eliminating or ameliorating the prejudice and unfair effect of the dismissal upon the defendant. *Stevedoring Serv. of Am.,* 889 F.2d at 921 ("[t]he purpose of the rule is to permit a plaintiff to dismiss an action without prejudice *so long as* the defendant will not be prejudiced") (emphasis added). Here, if this Court grants the Motion, it should impose conditions so as to minimize the prejudice to Google.

In particular, the Court should deny Plaintiffs' MIL No. 4 as to Mr. Cataldo and allow Google to present his testimony as a former Class Representative who voluntarily withdrew his claim. *See* ECF No. 548 at 6–8. Although this condition would not fully ameliorate the prejudice to Google, as explained above, it certainly is better than Plaintiffs' suggestion of precluding any use of Mr. Cataldo's testimony. Indeed, the fact that courts routinely condition dismissal of *putative* class representatives on completion of noticed discovery[3] amply confirms that *appointed* class representatives should not be able to use Rule 41(a)(2) to avoid at trial the import of their discovery responses. And Plaintiffs' further concern—of jury confusion as to who Mr. Cataldo is—does not change the calculus. "The primary purpose of Rule 41(a)(2) is to protect the interests of the defendant…" 8 Moore's Federal Practice – Civil § 41.40[5][a]. Any risk of juror confusion was created by—and should be borne exclusively by—Plaintiffs, who unjustifiably delayed the unexplained request. The jury can be told that Mr. Cataldo was an appointed Class Representative who sought—and was given—leave to withdraw in the month before trial.

### V. CONCLUSION

For the foregoing reasons, the Court should deny Mr. Cataldo's motion. Alternatively, the Court should impose conditions on such dismissal so as to ameliorate the prejudice to Google.

---

[3] *See, e.g., Fraley v. Facebook Inc.,* No. C 11-1726 LHK PSG, 2012 WL 555071, at *1 (N.D. Cal. Feb. 21, 2012); *Opperman*, 2015 WL 9311888, at *3 ("the Court finds that it would be unfair to allow [withdrawing plaintiff] to 'walk away from' her discovery obligation when she may have 'information pertinent to the case she initiated and that defendants must continue to defend.'" (quoting *Alliance For Global Justice v. District of Columbia*, Civ. No. 01-0811, 2005 WL 469593, at *3 (D.D.C. Feb. 7, 2005)); *Dysthe v. Basic Rsch., L.L.C.*, 273 F.R.D. 625, 629 (C.D. Cal. 2011).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

GOOGLE'S OPP. TO PLF. SAL CATALDO'S
MOTION FOR VOLUNTARY DISMISSAL
3:20-CV-04688-RS

| | |
|---|---|
| Dated: August 8, 2025 | Respectfully submitted, |
| | COOLEY LLP |
| | By: /s/ *Benedict Y. Hur* |
| | Michael A. Attanasio |
| | Benedict Y. Hur |
| | Simona Agnolucci |
| | Eduardo E. Santacana |
| | Argemira Flórez |
| | Harris Mateen |
| | Isabella McKinley Corbo |
| | Naiara Toker |
| | Thilini Chandrasekera |
| | Chelsea Hu |
| | |
| | *Attorneys for Defendant Google LLC* |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

GOOGLE'S OPP. TO PLF. SAL CATALDO'S
MOTION FOR VOLUNTARY DISMISSAL
3:20-CV-04688-RS