COOLEY LLP
MICHAEL A. ATTANASIO (151529)
(mattanasio@cooley.com)
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
NAIARA TOKER (346145)
(ntoker@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
THILINI CHANDRASEKERA (333672)
(tchandrasekera@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
CHELSEA HU (357212)
(chu@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111-4004
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**GOOGLE LLC'S MOTION IN LIMINE RE PLAINTIFFS' IMPROPER DEMONSTRATIVES AND ARGUMENT ON ACTUAL DAMAGES**<br><br>Dept:    3, 17th Fl.<br>Judge:   Hon. Richard Seeborg<br><br>Date Action Filed: July 14, 2020<br>Trial Date: August 18, 2025 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S MIL RE DEMONSTRATIVES &
ARGUMENT ON ACTUAL DAMAGES
3:20-CV-04688-RS

     Pursuant to the Court's instruction at the pretrial conference held in this matter on July 30, 2025, Defendant Google LLC ("Google") hereby submits this motion *in limine* to preclude Plaintiffs from using demonstratives or arguing to the jury in closing argument that the actual damages calculation of Plaintiffs' damages expert, Michael Lasinski, should be multiplied by some number of months. Google brings this motion following the parties' exchange of draft demonstratives because Plaintiffs' demonstratives indicate that they plan to introduce argument contravening the spirit of the Court's order striking Mr. Lasinski's untimely calculation that the amount of actual damages is his initial actual damages calculation multiplied by the number of months in the class period. *See* Dkt. No. 462 ("Order Striking Damages Multiplier" or "Order").

## I. INTRODUCTION

     Throughout every disclosure period and for the pendency of expert discovery in this action, Plaintiffs have informed Google and this Court that their methodology of calculating actual damages consisted of a model that multiplies the number of class member devices by $3. Plaintiffs' damages expert, Mr. Lasinski, bases this model on a consumer research study commissioned by Google (the "Screenwise Panel") that paid participants $3 per month per device for permitting data collection for research purposes. Google has repeatedly tested the obvious discrepancy between Plaintiffs' methodology of a single multiplication by $3 and the Screenwise Panel's monthly $3 payment. At every juncture, Plaintiffs and Mr. Lasinski responded that the appropriate—if conservative—model for calculating class members' actual damages for the entire class period is a one-time $3 multiplier of the number of class member devices. The Court recognized Plaintiffs' adherence to a single methodology for actual damages when it struck Mr. Lasinski's supplemental opinion containing "illustrative calculations" of actual damages should the jury multiply his opinion by varying numbers of months. *See* Order Striking Damages Multiplier at 3, 7.

     Plaintiffs' demonstratives now indicate that they plan to have Mr. Lasinski testify that their actual damages calculation applies only to a "single month" of damages within the 98-month class period. Plaintiffs' counsel further indicated at the pretrial conference held on July 30, 2025, that Plaintiffs plan to urge the jury during closing argument to multiply Mr. Lasinski's actual damages model by an unspecified number of months. Such testimony and argument would contravene not

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

GOOGLE'S MIL RE DEMONSTRATIVES &
ARGUMENT ON ACTUAL DAMAGES
3:20-CV-04688-RS

only the Court's Order Striking Damages Multiplier but also the purpose of Rule 26 disclosures, expert discovery, and the doctrine that counsel—although possessing latitude to discuss the case and their views on it during closing argument—may only advance "plausible argument[s] in light of the record" and may not make "inferences *unsupported* by the evidence." *Draper v. Rosario*, 836 F.3d 1072, 1083–84 (9th Cir. 2016) (citations omitted, emphasis in original).

**II.   BACKGROUND**

On February 20, 2023, Mr. Lasinski served an expert report offering his opinion that actual damages could be calculated by reference to the Screenwise Panel's $3 payments to study participants. Mr. Lasinski opined that "**[w]hile** the Screenwise compensation structure applies this $3 payment per device per month, it is my opinion that actual damages through December 2022 can be conservatively measured by applying this $3 payment on a **one-time basis** to the number of Class Member Devices . . . used with WAA/sWAA off at least once during the class period." Order Striking Damages Multiplier at 2 (quoting Dkt. No. 314-7 ("Initial Lasinski Rep."), ¶ 161) (emphasis added).

Mr. Lasinki also estimated the number of months during which users had turned off sWAA, but expressly chose not to incorporate that estimate into his actual damages calculation. *See id.* (citing Initial Lasinski Rep. ¶¶ 171–72). When questioned at deposition by Google's counsel about his model's use of a one-time $3 multiplier despite the Screenwise Panel's monthly payment structure, Mr. Lasinski defended his model as a more appropriate measure of actual damages over the class period than a multi-month multiplier. *See id.* (citing Dkt. No. 455-2); *see also generally* Decl. of E. Santacana ("Santacana Decl.") at Ex. A.

On September 16, 2024, more than a year after the close of expert discovery, Plaintiffs served amended disclosures explaining that actual damages could be calculated by using a multi-month $3 multiplier of class member devices, rather than a one-time multiplier. *See* Order Striking Damages Multiplier at 3 (citing Dkt. No. 453-10). On January 3, 2025, Mr. Lasinski served a supplemental expert report presenting "illustrative calculations" of actual damages figures should the jury apply a multi-month multiplier to his damages opinion. *See id.* (citing Dkt. No. 454-5 ("Suppl. Lasinski Rep.") ¶¶ 17–18).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S MIL RE DEMONSTRATIVES &
ARGUMENT ON ACTUAL DAMAGES
3:20-CV-04688-RS

Google moved to strike the Supplemental Lasinski Report's discussion of a multi-month multiplier of actual damages pursuant to Federal Rules of Civil Procedure 26 and 37. *See* Dkt. No. 442. On February 21, 2025, the Court granted Google's motion to strike, holding that "no new information or data appear[ed] to justify the filing of this supplemental opinion" and that it was "clear enough that Plaintiffs willfully refrained from calculating damages on a monthly basis until well past the close of expert discovery." Order Striking Damages Multiplier at 4, 6.

On July 24, 2025, the parties exchanged draft demonstratives. *See* Santacana Decl. ¶ 3. Mr. Lasinski's demonstratives indicated that he would testify that his actual damages calculation was based on a "single month" of damages, rather than for the whole class period. *See, e.g.*, Santacana Decl. at Ex. B. At the pretrial conference held on July 30, 2025, Plaintiffs' counsel characterized Mr. Lasinski's actual damages opinion as a "monthly figure" that had been limited because Mr. Lasinski had "only had information . . . that it was at least one" month. Dkt No. 584 ("Pretrial Conf. Tr.") at 55:9–12. Plaintiffs' counsel further stated that if he "had in the record evidence that it was more than one month," he could "guarantee" that he would ask the jury to multiply Mr. Lasinski's actual damages model of $523 million "times the number of months." *Id.* at 45:12–23, 55:13–14.

Following additional discussion, the Court invited Google to give it "something in writing that explains the constraints and what you think you're entitled to." *Id.* at 56:9–11. This motion *in limine* follows.

### III.   LEGAL STANDARDS

#### A.   Federal Rule of Civil Procedure Rule 26(a).

Parties must exchange a computation of each category of damages claimed in their initial disclosures. Fed. R. Civ. P. 26(a)(1)(A)(iii). A party must supplement or correct a Rule 26(a) disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). "Rule 26(e) creates a 'duty to supplement,' not a right . . . . Rather, '[s]upplementation under the Rules means correcting inaccuracies, or filling the interstices of an incomplete report

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S MIL RE DEMONSTRATIVES &
ARGUMENT ON ACTUAL DAMAGES
3:20-CV-04688-RS

based on information that was not available at the time of the initial disclosure." *See Luke v. Fam. Care & Urgent Med. Clinics*, 323 Fed. App'x 496, 500 (9th Cir. 2009) (citing *Keener v. United States,* 181 F.R.D. 639, 640 (D. Mont. 1998)) (affirming district court's holding to exclude as untimely expert theory submitted by plaintiffs in response to defendants' MSJ).

### B. Federal Rule of Civil Procedure Rule 37.

A party who fails to provide information as required by Rule 26(a) or (e) "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Pursuant to that rule, a party "aggrieved by an untimely supplementation may move to strike" the tardy report or for other sanctions. *Turner v. Thyssenkrupp Materials NA, Inc.*, No. 818-cv-00822-CJC-KESx, 2020 WL 7123312, at *3 (C.D. Cal. Nov. 5, 2020), *order clarified*, 2020 WL 7863859 (C.D. Cal. Nov. 12, 2020); *see also, e.g.*, *Asia Vital Components Co. v. Asetek Danmark A/S*, 377 F. Supp. 3d 990, 1005–06 (N.D. Cal. 2019) (striking portions of expert declaration disclosing new theories at summary judgment).

### C. Limitations on Closing Argument.

Although "attorneys are given 'wide latitude' in closing argument," *see, e.g.*, *Carrillo v. Matteson*, No. 22-cv-07776-JSC, 2023 WL 6629803, at *3 (N.D. Cal. Oct. 10, 2023) (citation omitted), it is "improper" for counsel to invite the jury to make "inferences *unsupported* by the evidence." *Draper*, 836 F.3d at 1083–84 (citations omitted, emphasis in original). A court may properly preclude counsel from advancing arguments in a closing presentation that would functionally rely on a damages opinion that was not timely disclosed. *See Apple, Inc. v. Samsung Elecs Co., Ltd.*, No. 11–CV–01846–LHK, 2013 WL 6073326, at *1, 6 (N.D. Cal. Nov. 17, 2013).

## IV. ARGUMENT

In its Order striking Mr. Lasinski's "illustrative calculations" of how his actual damages opinion could be multiplied by the number of months in the class period, this Court found that Google was prejudiced by the late disclosure and that "it is clear enough that Plaintiffs willfully refrained from calculating damages on a monthly basis until well past the close of expert discovery." *See* Order Striking Damages Multiplier at 6. The Court assuaged Plaintiffs, however,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S MIL RE DEMONSTRATIVES &
ARGUMENT ON ACTUAL DAMAGES
3:20-CV-04688-RS

that "jurors may rely on Lasinski's initial report to reach their own conclusions as to whether actual damages exceed his initial, conservative floor." *Id.* at 7. It reasoned that jurors could "reject his one-time payment theory" and so "might rely on other evidence in the case to estimate the number of months in which damages occurred and then multiply the estimated months number by $3 per user or per device." *Id.* Maybe so.[1] But this general permission to urge a jury to draw reasonable inferences was not free license for Plaintiffs to admit specific forbidden damages calculations through an attorney rather than an expert.

Even in its most permissive sentence, the Court noted in its introduction that "Plaintiffs will not be foreclosed from urging the jury to draw inferences based on other evidence admitted at trial so as to award damages in excess of their expert's conservative floor." *Id.* at 1. The Court never permitted Plaintiffs to create new, specific calculations and present them for the very first time during closing argument, leaving Google in the dark about Plaintiffs' damages computation until moments before its counsel stands to make Google's closing argument at trial. Such sandbagging would contravene the entire purpose of the modern federal rules of civil procedure, work total surprise to Google about the damages at issue in the case, violate Rule 26, which requires a computation of damages during discovery, and circumvent the Court's Order by presenting to the jury the very "illustrative calculations" the Court found prejudicial and untimely disclosed.

### A.   Plaintiffs Cannot Improperly Ask the Jury to Use a New Damages Model.

There is no dispute that a jury may award damages (or submit an advisory verdict on damages) outside of any party's damages models or calculations. However, our adversarial system requires that the parties timely disclose to each other the damages models they intend to put forth to the jury, and then rely on those models or the plausible inferences therefrom in making arguments to the jury. *See, e.g., Luke*, 323 Fed. App'x at 500 ("Rule 26(e) [does not] create a loophole through which a party . . . who wishes to revise her disclosures in light of her opponent's challenges to the analysis and conclusions therein, can add to them to her advantage after the court's deadline for doing so has passed."); *Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*,

---

[1] Google maintains that any such verdict would not be supported by the evidence in the case and must be overturned.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S MIL RE DEMONSTRATIVES &
ARGUMENT ON ACTUAL DAMAGES
3:20-CV-04688-RS

725 F.3d 1377, 1381 (Fed. Cir. 2013) ("The purpose of the expert disclosure rule is to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses.") (internal quotation marks, citation omitted).

The actual damages model that Plaintiffs have timely disclosed to Google, and that the Court has held they are bound to offer through their damages expert, is that actual damages are appropriately measured as the **number of class member devices** *multiplied by* **a one-time payment of $3**. Neither Plaintiffs nor Mr. Lasinski have ever pointed to any basis for using the $3 figure other than Mr. Lasinski's opinion that the Screenwise Panel is an appropriate comparator for the value of the data and paid $3 per month for the data collected for the study. Mr. Lasinski concedes that the data collected by the Screenwise Panel was significantly more invasive than any data at issue in this case, thereby justifying his deviation from the per-month structure of Screenwise. *See* Santacana Decl. at Ex. A ("Lasinski Dep. Tr.") at 252:22–253:13, 260:18–261:5.

In other words, the only evidence in the case about the value of the data at issue is Mr. Lasinski's opinion that it is worth $3 per device, *not* that it is worth $3 per device per month. That the Screenwise Panel exists as an imperfect comparator does not entitle counsel to deviate from the disclosed expert opinion and craft a new one based on evidence in the case that is not, itself, evidence of the value of the data *at issue*.

Indeed, at the time Mr. Lasinski offered this model in his expert report, as well as when he defended the model in deposition as more appropriate than using a multi-month multiplier, he had available to him the number of months during which class members had turned off sWAA data collection. *See* Order Striking Damages Multiplier at 2 (citing Initial Lasinski Rep. ¶¶ 171–72); Lasinski Dep. Tr. at 61:7–16.

Thus, Plaintiffs' stated plan to argue in a closing presentation that the jury should consider Mr. Lasinski's actual damages calculation to encompass only a "single month" of data collection is the equivalent of arguing a new damages model, in which actual damages are in fact more appropriately measured as the **number of class member devices** *multiplied by* **a payment of $3** *multiplied by* **a given number of months**.

It appears to be Plaintiffs' argument that Mr. Lasinski had placed Google on notice of the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

GOOGLE'S MIL RE DEMONSTRATIVES &
ARGUMENT ON ACTUAL DAMAGES
3:20-CV-04688-RS

potential for this damages model by explaining that the source for the $3 payment came from a study that paid participants $3 per month. *See* Pretrial Conf. Tr. at 55:9–10. But the reason for the difference between the monthly payment structure of the study and Mr. Lasinski's one-time payment model is the very question about modelling that Google repeatedly put to Mr. Lasinski during his deposition, and to which Mr. Lasinski consistently responded that a one-time multiplication of number of class member devices by $3 was more appropriate. *See generally* Santacana Decl. at Ex. A. Plaintiffs cannot now "suggest[] that the [monthly payment] opinion was disclosed because it flows naturally from what was in [Mr. Lasinski's] report," *Apple*, 2013 WL 6073326, at *1; and indeed, the Court has already held as much.

Because Plaintiffs are precluded from offering evidence of a damages model that uses a per-month multiplier, any argument to the jury that the jury should multiply Mr. Lasinski's actual damages figure by a number of months would constitute an invitation to the jury to make "inferences *unsupported* by the evidence." *Draper*, 836 F.3d at 1083–84.

Google's narrow dispute concerns the potential to confuse the jury by suggesting to them that Mr. Lasinski's model for actual damages is in fact the per-month multiplication system of **number of class member devices** *multiplied by* **a payment of $3** *multiplied by* **a given number of months**, and that Mr. Lasinski simply inserted a "single month" as the final variable so that the jury can now insert a different number of months. Mr. Lasinski *expressly disavowed* such a model at deposition, despite having had access to numbers of sWAA-off months at the time he served his initial report (and in fact evaluating those numbers in the apportionment context of that report). *See* Order Striking Damages Multiplier at 2; *see also* Santacana Decl. ¶ 2; Lasinski Dep. Tr. 61:7–62:5; *id.* at 260:18–261:5. Federal Rules of Civil Procedure 26 and 37, as well as this Court's Order Striking Damages Multiplier, preclude Plaintiffs from now introducing such a model into evidence, and Plaintiffs therefore cannot argue that the jury employ this model (whether or not Plaintiffs term it a model when speaking to the jury) in evaluating damages. *See Draper*, 836 F.3d at 1083–84.

### B.  Plaintiffs Cannot Surprise Google With an Unknown Damages Number.

In its Order, the Court found that "Plaintiffs willfully refrained from calculating damages on a monthly basis until well past the close of expert discovery." Order Striking Damages

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

GOOGLE'S MIL RE DEMONSTRATIVES &
ARGUMENT ON ACTUAL DAMAGES
3:20-CV-04688-RS

Multiplier at 6. Now, not only do Plaintiffs seek to introduce a new damages model to the jury during closing argument, but they seek to do so without informing Google of the inputs to that model and a final calculation. Plaintiffs' counsel informed the Court and Google at the pretrial conference that he would ask the jury to multiply Mr. Lasinski's actual damages opinion by an as-yet-unspecified number of months. *See* Pretrial Conf. Tr. at 55:19–20 ("Maybe it's five months. I'm not going to ask for a hundred months."). This is an untenable level of uncertainty—for which Plaintiffs have offered no explanation—that would moot the entire point of expert disclosures and discovery if allowed to proceed, particularly as no relevant information has come into play since Mr. Lasinski served his initial expert report in February 2023. As the Court noted in its recent order granting in part and denying in part certain of the parties' motion *in limine*, it appears that Plaintiffs may plan to request damages that are "far more than the actual damages figure" that Mr. Lasinski provided—even though Mr. Lasinski himself testified that the true actual damages figure could not be "a lot higher" than his one-time multiplication model would provide.[2] *See* Dkt. No. 587, at 12; Lasinski Dep. Tr. at 55:15–56:9 ("**Q.** Was your task to calculate the floor, or was your task to calculate the actual damages to the actual class members? **A.** My task was to calculate the actual damages to the actual class members. . . . **Q.** All right. Is there a potential that it's a lot higher? . . . **A.** Not that I'm aware of, no.").

This Court has already found that the introduction of revised damages numbers in Mr. Lasinski's "illustrative calculations" based on a new per-month multiplication model would prejudice Google enough to justify exclusion of those illustrative calculations. *See* Order Striking Damages Multiplier at 5–7. The prejudice from an unknown illustrative suggestion by Plaintiffs' counsel at closing argument would be significantly higher, and even more inappropriate given that Google would apparently learn of Plaintiffs' damages calculation for the very first time during

---

[2] Google also notes that multiple courts have recently vacated improperly high jury verdicts based on plaintiffs' reliance on inadmissible or unreliable expert damages testimony. *See, e.g.*, *In re: NFL "Sunday Ticket" Antitrust Litig.*, 2024 WL 3628118, at *9–11 (C.D. Cal. Aug. 1, 2024) (vacating $4.7 billion damages award where jury's "inputs to its calculations" were not "supported by the evidence"); *Title Source, Inc. v. HouseCanary, Inc.*, 612 S.W.3d 517, 536 (Tex. Ct. App. 2020) (reversing and remanding for new trial—or recovery on a single claim—where record was unclear as to whether jury based verdict of over $5 billion on improperly submitted and invalid theory).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

GOOGLE'S MIL RE DEMONSTRATIVES &
ARGUMENT ON ACTUAL DAMAGES
3:20-CV-04688-RS

Plaintiffs' closing argument. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("Rule 37(c)(1) "gives teeth' to Rule 26's disclosure requirements by "forbidding the use at trial of any information required to be disclosed that was not properly disclosed."); *Hoffman v. Constr. Protective Servs., Inc.,* 541 F.3d 1175, 1179 (9th Cir. 2008), *as amended* (Sept. 16, 2008) (same). To allow Plaintiffs' counsel to illustrate what Mr. Lasinski is forbidden from illustrating circumvents the prejudice the Court's Order sought to avoid. By contrast, preventing Plaintiffs' counsel from advancing a specific, undisclosed multiplier and leaving it to the jury to draw its inferences, is more consistent with the spirit and letter of the Court's Order and with a basic sense of fairness. Google's counsel should not learn for the very first time the amount Plaintiffs seek right before standing to deliver a closing argument at trial when Rule 26 requires the computation of damages to be disclosed during discovery.

## V.    CONCLUSION

For the foregoing reasons, the Court should preclude Plaintiffs from inviting the jury to employ a damages model that multiplies the number of class member devices by both a $3 payment and then some number of months, because Plaintiffs are required to make arguments supported by evidence and the only evidence of damages models must be Mr. Lasinski's models, not new calculations made through an attorney or other witness.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

GOOGLE'S MIL RE DEMONSTRATIVES &
ARGUMENT ON ACTUAL DAMAGES
3:20-CV-04688-RS

| | |
|---|---|
| Dated: August 8, 2025 | Respectfully submitted, |
| | COOLEY LLP |
| | By: */s/ Eduardo E. Santacana* |
| |     Michael A. Attanasio |
| |     Benedict Y. Hur |
| |     Simona Agnolucci |
| |     Eduardo E. Santacana |
| |     Argemira Flórez |
| |     Harris Mateen |
| |     Isabella McKinley Corbo |
| |     Naiara Toker |
| |     Thilini Chandrasekera |
| |     Chelsea Hu |
| | *Attorneys for Defendant Google LLC* |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

GOOGLE'S MIL RE DEMONSTRATIVES &
ARGUMENT ON ACTUAL DAMAGES
3:20-CV-04688-RS