**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted *pro hac vice*)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
mmao@bsfllp.com
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted *pro hac vice*)
bcarmody@susmangodfrey.com
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted *pro hac vice*)
jyanchunis@forthepeople.com
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505

*Counsel for Plaintiffs; additional counsel
listed in signature blocks below*

**COOLEY LLP**
BENEDICT Y. HUR (SBN: 224018)
bhur@cooley.com
SIMONA AGNOLUCCI (SBN: 246943)
sagnolucci@cooley.com
EDUARDO E. SANTACANA (SBN: 281668)
esantacana@cooley.com
ARGEMIRA FLOREZ (SBN: 331153)
aflorez@cooley.com
HARRIS MATEEN (SBN 335593)
hmateen@cooley.com
ISABELLA MCKINLEY CORBO (SBN 346226)
icorbo@cooley.com
3 Embarcadero Ctr., 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000

*Counsel for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br>　　　　v.<br><br>GOOGLE LLC,<br><br>　　　　Defendant. | Case No. 3:20-cv-04688-RS<br><br>**JOINT PROPOSED VERDICT FORM**<br><br>Judge: Hon. Richard Seeborg<br>Trial Date: August 19, 2025<br>Courtroom: 3, 17th Floor |

1          Pursuant to the Court's Order, Plaintiffs and Defendant Google LLC submit the following

2   proposed verdict forms and statements in support thereof.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Plaintiffs' Proposed Verdict Form**

I.   **VIOLATION OF THE CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT ("CDAFA"), CALIFORNIA PENAL CODE § 502**

**Have Plaintiffs proved Google is liable for violating the California Computer Data Access and Fraud Act ("CDAFA")?**

Class 1 (Android):         _____ YES    _____ NO

Class 2 (Non-Android):     _____ YES    _____ NO

II.  **INVASION OF PRIVACY**

**Have Plaintiffs proved Google is liable for invasion of privacy?**

Class 1 (Android):         _____ YES    _____ NO

Class 2 (Non-Android):     _____ YES    _____ NO

III. **INTRUSION UPON SECLUSION**

**Have Plaintiffs proved Google is liable for intrusion upon seclusion?**

Class 1 (Android):         _____ YES    _____ NO

Class 2 (Non-Android):     _____ YES    _____ NO

*Please proceed to Section IV if you answered "Yes" to at least one of Questions I-III above.*

IV.  **DAMAGES**

**You may only award damages to classes for which you answered "Yes" to at least one of Questions I-III above.**

**For each class, enter the total amount of <u>unjust enrichment</u>:**

Class 1 (Android):         $_____

Class 2 (Non-Android):     $_____

**For each class, enter the total amount of <u>compensatory damages</u>:**

Class 1 (Android):         $_____

Class 2 (Non-Android):     $_____

**JOINT PROPOSED VERDICT FORM**

**For each class, enter the total amount of <u>nominal damages</u>:**

Class 1 (Android):          $_____

Class 2 (Non-Android):      $_____

**Have Plaintiffs proved Google is liable for <u>punitive damages</u>?**

Class 1 (Android):          _____ YES    _____ NO

Class 2 (Non-Android):      _____ YES    _____ NO

*Please proceed to the end of this verdict form, sign and date it, and provide it to court personnel.*

Sign and date your verdict.

Signed: _____

Presiding Juror

Dated: _____

CASE NO. 3:20-cv-04688-RS

**JOINT PROPOSED VERDICT FORM**

**<u>Plaintiffs' Statement in Support of Proposed Verdict Form</u>**

Having considered verdict forms used in other actions that proceeded for trial before Your Honor, Plaintiffs propose using the same approach this Court approved with the verdict form in the *Montera v. Premier Nutrition Corp.* class action. *See* Dkt. 268 (June 7, 2022), No. 3:16-CV-6980-RS (N.D. Cal.). As in *Montera*, Plaintiffs propose a verdict form that includes: (a) the jury's verdict on Google's liability for each claim; and (b) the jury's verdict on damages. As in *Montera*, Plaintiffs' proposed form asks for the jury's verdict with respect to each class.

The parties agree there is no uniform way for preparing verdict forms—at times, courts use verdict forms that require the jury to answer the question of liability for each claim as this Court did in *Montera*, while at other times courts use verdict forms that require the jury to answer each element of every claim as well as each defense. Which approach to employ in a given case is guided by what the court believes will simplify the issues for the jury, decrease the risk of confusion, or eliminate the possibility of inconsistent verdicts.

Here, the *Montera* approach makes sense. First, as in *Montera*, Plaintiffs' proposed verdict form includes all of the questions the jury must answer. Second, Plaintiffs' proposed verdict form avoids the unnecessary complexity and risk of confusion that may arise using subsidiary questions regarding each element and affirmative defense. There is no merit to Google's assertion that Plaintiffs' proposal would allow the jury "to find liability without deciding whether each and every element of their claims is met." The jury will have copies of the Court's instructions available during deliberations. That means they can easily understand the elements and affirmative defenses for these claims without repeating answers to them. Google's assertion that Plaintiffs' proposal would leave the jury "unguided" in its deliberations is also demonstrably false. The purpose of jury instructions is to guide the jury's deliberations. There is no need to complicate the jury's deliberations and determinations by duplicating these elements and defenses on the verdict form—likely in shorthand—when the jury will have *all* of the relevant information in the instructions.

Google's proposal ignores *Montera* and is unnecessarily complicated. Google proposes a verdict form that asks the jury about each element and affirmative defense—even though the jury's

1    verdict on a single liability question would incorporate their answers to those subsidiary questions.

2    As a result, Google's proposal asks the jury to answer 36 different questions and includes nearly

3    350 words of instructions, even setting aside individual questions. Duplicating instructions on the

4    verdict form does more than waste ink. If the verdict form includes the elements and defenses, the

5    jury may primarily rely on the verdict form instead of the jury instructions in their deliberations.

6    While both the jury instructions and verdict form would identify the elements and affirmative

7    defenses, only the jury instructions explain them. Moreover, the verdict form would necessarily refer

8    to elements and defenses by shorthand. Although borne of convenience, any inconsistency with the

9    language used in the jury instructions may confuse or even mislead the jury.

10    On the other side of the ledger, there is little to gain from the "more detailed" verdict form

11    that Google proposes. This approach is most commonly used when there are multiple defendants

12    and a multitude of claims and affirmative defenses. In this case, Plaintiffs assert just three claims,

13    against one defendant, who asserts just two affirmative defenses. Given the relatively

14    straightforward questions that the jury will be asked to decide, further instructions on the verdict

15    form is unlikely to assist the jury.

16    Google's proposed verdict form is also erroneous because it repeats many of the same errors

17    included in its proposed instructions, including but by no means limited to its foreclosure of damages

18    for Plaintiffs' claim for invasion of privacy as well as disgorgement. Because the Parties address

19    these issues with respect to their competing proposed jury instructions, Plaintiffs do not duplicate

20    these disputes and arguments here. Should the Court wish to adopt Google's verdict form, Plaintiffs

21    respectfully request an opportunity to propose alternative text that is both neutral and consistent

22    with the final jury instructions.

23    Should the Court go with the general format of Google's verdict form, Plaintiffs would like

24    to be heard regarding the chosen language and specifics of their form.  For example, Google should

25    not be including elements that are not in dispute as elements for the jury's consideration (i.e.,

26    whether or not Plaintiffs' owned their mobile devices).  Further, Plaintiffs do not agree to combining

27

28

**JOINT PROPOSED VERDICT FORM**

1    the statute of limitations date for the three claims because doing so to 2018 eliminates a year of

2    Plaintiffs CDAFA claims where the statute of limitation 2017.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT PROPOSED VERDICT FORM**

**Google's Proposed Verdict Form**

**Claim 1:  Computer Data Access and Fraud Act ("CDAFA"), Cal. Penal Code § 502**

|  | Class 1 (Android) | Class 2 (Non-Android) |
|---|---|---|
| 1.  Are Plaintiffs owners or lessees of mobile devices or data? | Yes / No | Yes / No |
| 2.  Did Google knowingly access the Plaintiffs' mobile devices or data? | Yes / No | Yes / No |
| 3.  Was Google's access, if any, without the Plaintiffs' permission? | Yes / No | Yes / No |
| 4.  Did the Plaintiffs suffer damage or loss because of Google's conduct? | Yes / No | Yes / No |
| 5.  Was Google's conduct a substantial factor in causing damage or loss to the Plaintiffs? | Yes / No | Yes / No |
| For each class, only if you circled "Yes" for all of questions 1–5,  place a checkmark under that class | _____ | _____ |

For each class under which you placed a checkmark, you can answer the damages questions for that class.

*Please proceed to Claim 2: Invasion of Privacy.*

> **Source: CACI 1812 (Comprehensive Computer Data and Access Fraud Act - Essential Factual Elements (Pen. Code, § 502)) (no model verdict form).**

-7-

1

2

3 **Claim 2:  Invasion of Privacy**

4

5

| | Class 1 (Android) | Class 2 (Non-Android) |
|---|---|---|
| 6.  Did the Plaintiffs have an objectively reasonable expectation of privacy in the data at issue? | Yes / No | Yes / No |
| 7.  Did Google intrude into the Plaintiffs privacy? | Yes / No | Yes / No |
| 8.  Was Google's intrusion, if any, so serious in nature, scope, and actual or potential impact as to constitute an egregious breach of social norms that is highly offensive? | Yes / No | Yes / No |
| 9.  Were the Plaintiffs harmed? | Yes / No | Yes / No |

**Affirmative Defense: Consent**

| | | |
|---|---|---|
| 10. Did Plaintiffs consent, by words or conduct, to Google's conduct? | Yes / No | Yes / No |

*Please proceed to Claim 3: Intrusion Upon Seclusion*

**Source: *Hernandez v. Hillsides, Inc.,* 47 Cal. 4th 272, 287 (2009) (no model verdict form)**

**JOINT PROPOSED VERDICT FORM**

**Claim 3:  Intrusion Upon Seclusion**

| | Class 1 (Android) | Class 2 (Non-Android) |
|---|---|---|
| 11. Did the Plaintiffs have a reasonable expectation of privacy in the data at issue? | Yes / No | Yes / No |
| 12. Did Google intentionally intrude in the Plaintiffs' privacy? | Yes / No | Yes / No |
| 13. Would Google's intrusion be highly offensive to a reasonable person? | Yes / No | Yes / No |
| 14. Were the Plaintiffs harmed? | Yes / No | Yes / No |
| 15. Was Google's conduct a substantial factor in causing harm to the Plaintiffs? | Yes / No | Yes / No |

**Affirmative Defense: Consent**

| | Class 1 (Android) | Class 2 (Non-Android) |
|---|---|---|
| 16. Did Plaintiffs consent, by words or conduct, to Google's conduct? | Yes / No | Yes / No |

For each class, only if you circled "Yes" for all of questions 10–15, and "No" to Question 16, place a checkmark under that class.

_____    _____

For each class under which you placed a checkmark, you can answer the damages questions for that class.

**Source: CACI No. VF-1800 (Intrusion Into Private Affairs)**

CASE NO. 3:20-cv-04688-RS

**JOINT PROPOSED VERDICT FORM**

**Damages**

If you placed a checkmark for Class 1 at the bottom of the column for either Claim 1 (CDAFA) or Claim 3 (Intrusion Upon Seclusion), that means you found Google liable, and you may award damages to Class 1.

If you placed a checkmark for Class 2 at the bottom of the column for either Claim 1 (CDAFA) or Claim 3 (Intrusion Upon Seclusion), that means you found Google liable and you may award damages to Class 2.

There are no monetary damages available for Claim 2 (Invasion of Privacy).

**Affirmative Defense: Statute of Limitations**

Before you award damages, you must take into account that for each class to which you choose to award damages, you must determine if the statute of limitations applies by answering this question:

> Would a reasonable and diligent investigation have disclosed before July 14, 2017 that Google's conduct contributed to the Plaintiffs' claimed harm?

> Class 1: Yes / No          Class 2: Yes / No

For any class for which you circled "yes" above, you must exclude from your damages award damages incurred before July 14, 2017.

**Source: CACI 454 (Affirmative Defense – Statute of Limitations); CACI VF-410 (Statute of Limitations – Delayed Discovery).**

CASE NO. 3:20-cv-04688-RS

**JOINT PROPOSED VERDICT FORM**

**Actual Damages**

Enter the amount below if you find that Google is liable to the Plaintiffs under Claim 1 (CDAFA) or Claim 3 (Intrusion Upon Seclusion) for either or both Class 1 or 2.

Class 1: Android Class_____          Class 2: Non-Android Class_____

**Unjust Enrichment Damages**

What is the total amount of profits, if any, that Google unjustly obtained as a result of the conduct for which you found it liable?

Class 1: Android Class_____          Class 2: Non-Android Class_____

**Nominal Damages**

If you decide not to award compensatory damages even though you found Google was liable, you may award nominal damages. If you found that Google was not liable, you may not award nominal damages. There is no lower limit to nominal damages, though they may not exceed $1. The estimated class sizes are 54,923,146 individuals for Class 1, the Android Class, and 59,565,930 individuals for Class 2, the Non-Android Class.  Please indicate any nominal damages below:

Class 1: Android Class_____          Class 2: Non-Android Class_____

**Punitive Damages**

Did Google engage in the conduct for which you found it liable with malice, oppression, or fraud?

Class 1: Android Class     Yes   /   No     Class 2: Non-Android Class     Yes   /   No

**Source: CACI No. VF-3920 (Damages on Multiple Legal Theories).**

1    *Please proceed to the end of this verdict form, sign and date it, and provide it to court personnel.*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 3:20-cv-04688-RS

**JOINT PROPOSED VERDICT FORM**

Sign and date your verdict.

Signed: _____

Presiding Juror

Dated: _____

1    **Google's Statement in Support of Proposed Verdict Form**

2         This is a billion-dollar case; asking the jury to show its work is eminently reasonable, and

3    important for purposes of review. It is also the standard practice in this situation. And it ensures

4    that if Plaintiffs are awarded a massive money verdict, it is for the right reasons, and not because

5    they presented the jury with a single line that obscured the many elements Plaintiffs have to prove

6    to obtain such a victory.

7         The Court should adopt Google's proposed verdict form, which is taken from the Judicial

8    Council of California's CACI model wherever possible, and which succinctly and accurately

9    reflects the elements of Plaintiffs' CDAFA, Invasion of Privacy, and Intrusion Upon Seclusion

10   claims, and of Google's affirmative defenses to those claims. Plaintiffs' form does not follow any

11   model instruction, and as a result, is incomplete, confusing, and would impede review.

12        ***First,*** Plaintiffs' form is incomplete, as it improperly permits the jury to find liability

13   without deciding whether each and every element of their claims is met. Google's verdict form, by

14   contrast, asks the jury to assess each element separately, which ensures that jurors understand

15   Plaintiffs must prove *every* element of each claim. For example, for Claim 3 of Google's proposed

16   form, which concerns liability for Plaintiffs' Intrusion Upon Seclusion claim, Google's asks

17   whether (1) Plaintiffs had a "reasonable expectation of privacy in the data at issue," (2) whether

18   "Google intentionally intrude[d] in the Plaintiffs' privacy," and (3) if that "intrusion [would] be

19   highly offensive to a reasonable person" before moving on to questions about harm. In other words,

20   if the jury believes that any single factor is not met, any further inquiry as to this claim is moot.

21   This accords with the law, as well as with the CACI model verdict form. *See* CACI No. VF-1800

22   (Intrusion Into Private Affairs). The same is true of Google's proposed verdict form for Claims 1

23   and 3 for CDAFA and Invasion of Privacy liability, respectively. Google's verdict form would

24   require jurors to evaluate each individual element of these claims, in accordance with both the law

25   and the available CACI model jury instructions. *See* CACI 1812 (Comprehensive Computer Data

26   and Access Fraud Act - Essential Factual Elements (Pen. Code, § 502)); *see also Hernandez v.*

27   *Hillsides, Inc.*, 47 Cal. 4th 272, 287 (2009) (articulating the essential elements for an Invasion of

28   Privacy claim). Plaintiffs' proposal fails to ask the jury about even one of the separate elements

**JOINT PROPOSED VERDICT FORM**

1  that are required to find liability, thus rendering their form incomplete and inaccurate.

2      ***Second,*** Plaintiffs' verdict form will confuse the jury, which will have heard detailed jury

3  instructions and evidence as to each of the elements of Plaintiffs' three claims, but will then

4  ultimately be faced with a single, binary question that fails to list each of the required elements

5  and ask about them with respect to each. Plaintiffs' vague form will leave the jury to wade through

6  jury instructions and attempt to match those instructions to Plaintiffs' single, broad, and unguided

7  question—or worse, risks that they will not do so and will therefore not undertake to examine each

8  element, as the law and model instructions require. Google's form, on the other hand, breaks down

9  the elements in a clear and succinct manner that guides the jury through the required analysis in a

10  way that comports with the model jury instructions and the law.

11      ***Third,*** Plaintiffs' verdict form is additionally incomplete and confusing the jury because

12  its framework provides no logical place for the jury to consider Google's affirmative defenses.

13  Google's verdict form ensures that the jury will know to consider the elements of the affirmative

14  defenses that Google asserts before moving onto damages.

15      ***Fourth,*** by lumping together all the distinct issues and elements of their three claims,

16  Plaintiffs' verdict form will obscure the jury's findings in ways that are likely to impede appellate

17  review. It is well-established that detailed verdict forms "ease the process of appellate review" and

18  "encourage juries to focus their deliberations on the elements of the offense." *United States v.*

19  *Southerland*, 209 F. App'x 656, 658 (9th Cir. 2006) (cleaned up; citation omitted). If this case is

20  ultimately reviewed, "the already difficult task of reviewing a case of this magnitude [will be]

21  eased" if the court "kn[ows] precisely what the jury's findings [are] on several specific factual

22  issues." *Pac. W. Cable Co. v. City of Sacramento*, 672 F. Supp. 1322, 1326-27 (E.D. Cal. 1987)

23  (in "large and complex cases … the better practice [is] to require special verdicts").

24      ***Finally,*** Google's proposed Section V (Damages) assiduously tracks the CACI model, VF-

25  3920 (Damages on Multiple Legal Theories), to properly instruct the jury regarding the types of

26  damages that are available for Plaintiffs' claims. Google agrees that compensatory and nominal

27  damages are available for Plaintiffs' CDAFA and Intrusion Upon Seclusion claims, but it is

28  Google's position that no money damages are available for Plaintiffs' Invasion of Privacy claim.

1   *See Blanco v. Cnty. of Kings*, 142 F. Supp. 3d 986, 1001 (E.D. Cal. 2015) ("the Court finds that

2   the California Constitutional right to privacy contained in article I, section I does not give rise to a

3   cause of action for money damages"); *Doe v. Regents of Univ. of California*, 672 F. Supp. 3d 813,

4   820 (N.D. Cal. 2023) (plaintiffs "can seek to enjoin [defendants] but cannot seek damages" under

5   "Article 1, Section 1 of the California Constitution"). It is Plaintiffs' burden to show that damages

6   are recoverable for their claims, and they are unable to cite a single case definitively holding so

7   with respect to Invasion of Privacy. *Faria v. M/V Louise V*, 945 F.2d 1142, 1143 (9th Cir. 1991)

8   (it is "one of the most basic propositions of law [] that the plaintiff bears the burden of proving his

9   case, including the amount of damages"). This issue has been briefed more extensively in the

10  parties' concurrently filed proposed jury instructions. Plaintiffs' proposed form would ask the jury

11  simply, "Have Plaintiffs proved Google is liable for punitive damages," without explaining the

12  standard under which the jury should make this determination. Google's proposal would correctly

13  ask the jury to determine whether Google engaged in the conduct at issue with malice, oppression,

14  or fraud. If the jury answers yes, then Plaintiffs have satisfied their burden on the issue of punitive

15  damages and the trial may proceed to a second stage. *See* Dkt. 587 at 2 (Order granting Google's

16  request to bifurcate the trial "with respect to the amount of punitive damages, if any, to be

17  awarded."). Additionally, the disgorgement question should not be the first damages question, as

18  Plaintiffs would propose, in light of the fact that the jury's award is only advisory in nature. *Id*.

19      The Court should therefore reject Plaintiffs' proposed verdict form, and enter Google's.

20  *See Floyd v. Laws*, 929 F.2d 1390, 1396 (9th Cir. 1991) ("[T]he [trial] court has complete

21  discretion over whether to have the jury return a special verdict or a general verdict."). Doing so

22  would comport with legal precedent and the CACI model instructions in addition to helping the

23  jury perform their duty.

24

25

26

27

28

| | |
|---|---|
| | **SIGNATURE BLOCKS** |

| | |
|---|---|
| Dated:    August 11, 2025 | Dated:    August 11, 2025 |
| **BOIES SCHILLER FLEXNER LLP** | **COOLEY LLP** |
| By:    /s/ Mark Mao | By:    /s/ Benedict Y. Hur |
| David Boies (admitted pro hac vice)<br>333 Main Street<br>Armonk, NY 10504<br>Tel.: (914) 749-8200<br>dboies@bsfllp.com | BENEDICT Y. HUR (SBN:  224018)<br>bhur@cooley.com<br>SIMONA AGNOLUCCI (SBN:  246943)<br>sagnolucci@cooley.com<br>EDUARDO E. SANTACANA (SBN:  281668)<br>esantacana@cooley.com |
| Mark C. Mao, CA Bar No. 236165<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>mmao@bsfllp.com<br>brichardson@bsfllp.com | ARGEMIRA FLOREZ (SBN: 331153)<br>aflorez@cooley.com<br>HARRIS MATEEN (SBN 335593)<br>hmateen@cooley.com<br>ISABELLA MCKINLEY CORBO (SBN 346226)<br>icorbo@cooley.com<br>3 Embarcadero Ctr., 20th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 693-2000 |
| James Lee (admitted pro hac vice)<br>Rossana Baeza (admitted pro hac vice)<br>100 SE 2nd St., 28th Floor<br>Miami, FL 33131<br>Tel.: (305) 539-8400<br>jlee@bsfllp.com<br>rbaeza@bsfllp.com | *Counsel for Defendant Google LLC* |
| Alison L. Anderson, CA Bar No. 275334<br>Samantha Parrish, CA Bar No. 318681<br>M. Logan Wright, CA Bar No. 349004<br>2029 Century Park East, Suite 1520<br>Los Angeles, CA 90067<br>Tel.: (213) 995-5720<br>alanderson@bsfllp.com<br>sparrish@bsfllp.com<br>mwright@bsfllp.com | |
| **SUSMAN GODFREY L.L.P.**<br>Bill Carmody (admitted pro hac vice)<br>Shawn J. Rabin (admitted pro hac vice)<br>Steven M. Shepard (admitted pro hac vice)<br>Alexander P. Frawley (admitted pro hac vice)<br>Ryan Sila (admitted pro hac vice)<br>One Manhattan West, 50th Floor | |

-9-

New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com
rsila@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Michael F. Ram, CA Bar No. 104805
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
mram@forthepeople.com

*Counsel for Plaintiffs; additional counsel
listed in signature blocks below*

**JOINT PROPOSED VERDICT FORM**

1

**ATTESTATION**

2          I, Mark Mao, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the

3  filing of this document has been obtained from each signatory hereto.

4

5

   DATED:  August 11, 2025                          By:  */s/ Mark Mao*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 3:20-cv-04688-RS
**JOINT PROPOSED VERDICT FORM**