UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al., <br>     Plaintiffs, <br> v. <br> GOOGLE LLC, <br>     Defendant. | Case No. 20-cv-04688-RS <br><br> **ORDER GRANTING VOLUNTARY DISMISSAL AND DENYING PLAINTIFFS' MOTION IN LIMINE NO. 4** |

In June 2025, Plaintiffs moved *in limine* to preclude Google from introducing evidence or argument about former plaintiffs who voluntarily dismissed their claims. *See* Dkt. No. 518 at 6. The motion highlighted that one class representative plaintiff, Sal Cataldo, had agreed to dismiss his claims (after having previously sat for a deposition) but had not yet done so. Over a month later—and less than three weeks before trial—Cataldo moved to dismiss his claims without prejudice. *See* Dkt. No. 576. Google opposes his dismissal, as it has opposed the exclusion of Cataldo's deposition transcript. For the reasons explained below, Cataldo's motion to dismiss his claims is granted, and Plaintiffs' related motion to exclude his deposition transcript is denied.

## I.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 41(a), once an answer is filed, a plaintiff may dismiss claims only by Court order or stipulation between all parties who have appeared. *See* Rule 41(a)(1) (concerning Plaintiffs who seek to dismiss claims without a court order); Rule 41(a)(2) (providing for dismissal by court order). "A dismissal under Rule 41(a)(2) normally is without prejudice, as explicitly stated in that rule." *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001).

1  Such dismissal should be granted "unless a defendant can show that it will suffer some plain legal
2  prejudice as a result." *Id.* at 975.  "Plain legal prejudice" means "prejudice to some legal interest,
3  some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97
4  (9th Cir. 1996).

## II. DISCUSSION

Google tries valiantly to show that it will suffer plain legal prejudice if Cataldo is permitted to withdraw.  It first argues that, because Cataldo's testimony is key to arguments on the reasonableness of the asserted privacy expectations and the offensiveness of the alleged intrusion, his departure will undermine Google's defense at trial.  As noted *infra*, however, allowing Cataldo to dismiss his claims voluntarily does not necessarily foreclose the prospect of his testimony. Google states that, even if Cataldo's deposition testimony is admitted, it is "obvious" why "testimony of a Class Representative that supports Google's defense is materially different than that same testimony coming from an absent class member." Opp. Br., Dkt. No. 588 at 5.  That live testimony may be better for Google, however, does not mean dismissing Cataldo leaves Google "unable to [] adequately defend [it]sel[f]". *See Westlands Water Dist.*, 100 F.3d at 96.

Google next raises the prospect that Cataldo's dismissal risks unravelling the class.  True, the class certification order noted that Cataldo was an adequate representative under Rule 23(a)(4), even highlighting that he and his counsel declared being "committed to the prosecution of this matter on behalf of the proposed classes." *See* Dkt. No. 352 at 7.  Nevertheless, dismissing his claims will not endanger the class's ability to be bound by the verdict: the requested dismissal is without prejudice and will not resolve any claims on the merits in any binding manner.

Google next invites the court to consider factors that other courts have used when evaluating whether a voluntary dismissal generates prejudice to the defendant. *See, e.g.*, *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 304 (D.D.C. 2000); *see also Doe v. Arizona Hosp. and Healthcare Ass'n*, No. 07-cv-1292-PHX-SRB, 2009 WL 1423378, at *13 (D. Ariz. 2009).  These factors—such as Defendant's expense and preparations that might be undermined by withdrawal, Plaintiffs' delay in bringing the motion, the adequacy of any explanation for withdrawal, and the

stage of litigation at the time of the request—all suggest that Cataldo's departure is certainly unfortunate for Google. None, however, amount to the sort of legal prejudice that could warrant forcing a plaintiff to prosecute a case he wants to drop. *See, e.g.*, *Kurin, Inc. v. Magnolia Med. Tech., Inc.*, 2021 WL 5823707, at *2 (9th Cir. 2021) (affirming voluntarily dismissal over argument that excessive expenses were incurred); *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982) (affirming voluntary dismissal notwithstanding the fact that defendant had begun trial preparations); *Westlands Water Dist.*, 100 F.3d at 97 (listing "the loss of a federal forum, the right to a jury trial, or a statute-of-limitations defense" as examples of what might amount to legal prejudice).

Ultimately, authority for allowing Cataldo to withdraw as a named Plaintiff and class representative is persuasive. *See Ormond v. Anthem., Inc.*, No. 1:05-cv-1908-TWP-TAB, 2012 WL 1596321, at *2 (S.D. Ind. 2012). In that case, a plaintiff named Daniel Cescato was deemed representative of a subclass of putative class members for the purposes of an ERISA preemption defense. After the court rejected the preemption defense as meritless, plaintiffs moved to decertify the subclass and, in the process, dismiss Cescato from the case. Defendants opposed, arguing that "they intend to call Mr. Cescato as a witness at trial because his deposition testimony was inconsistent with arguments made by Plaintiffs." *Id.* Plaintiffs countered by arguing that there were other class representatives still in the case and highlighting the extent to which Cescato wanted to leave. Recognizing that the dispute "boils down to whether a party is truly prejudiced by the requested action," the *Ormond* court found "no certain prejudice to allowing Mr. Cescato to withdraw as a named Plaintiff and class representative." *Id.* at *3. His motion to withdraw was therefore granted. "[N]o plaintiff should be forced to remain a plaintiff involuntarily unless a compelling reason exists." *Id.* The same result is warranted here.

That said, Plaintiff's motion *in limine* is denied with respect to Cataldo's deposition. *See id.* (allowing that a voluntarily dismissed plaintiff's "testimony can come in through his deposition."). As Google explains, Cataldo's testimony is relevant because he remains a class member who experienced the at-issue conduct and who previously averred that it violated his

privacy; in this respect, his testimony on material elements of the case is far more probative than that of just any person on the street. Indeed, other courts have recognized the relevance of formerly-named plaintiffs' depositions and have even ordered them into existence. *See, e.g.*, *Dysthe v. Basic Research, L.L.C.*, 273 F.R.D. 625, 629 (C.D. Cal. 2011) (granting motion to compel deposition of named Plaintiff who moved for dismissal, in part, because his testimony "would nevertheless remain relevant" even after his dismissal). In the same way that "it would be unfair to allow [a plaintiff] to walk away from her discovery obligations when she may have information pertinent to the case she initiated and that defendants must continue to defend," *see Opperman v. Path, Inc.*, No. 13-cv-453-JST, 2015 WL 9311888, at *3 (N.D. Cal. 2015) (internal quotation marks and citation omitted), it would be unfair to allow Cataldo to bury the evidence of his own engagement with discovery obligations when his deposition is plainly pertinent to the case that he helped initiate and which Google must continue to defend.

Plaintiffs contend that, even if Cataldo's deposition is relevant, it is inadmissible hearsay. Google, however, represents that it tried to guarantee Cataldo's appearance at trial—both via email requests to Plaintiffs' counsel and through a subpoena—to no avail. If Cataldo is an unavailable witness, then his sworn testimony is admissible pursuant to Federal Rule of Evidence 804(a)(5)(A). Moreover, even if he were available for trial, Cataldo remains a party opponent for the purposes of admitting testimony as admissions under rule 801(d)(2)(A). *See, e.g.*, *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1202 n.9 (9th Cir. 2008). In *Pierce*, the Ninth Circuit affirmed a trial court decision to admit testimony from absent class members as admissions of a party-opponent. The Ninth Circuit highlighted that the defendants obtained the at-issue statements only after giving notice to plaintiffs' counsel, who was present when the statements were made, and who disclosed the declarants on Plaintiffs' witness list. What mattered most was that there was "some mechanism to ensure that [the absent class members] will represent the interests of the class." *Id.* Here, all elements of the *Pierce* analysis are satisfied. Cataldo—listed on Plaintiffs' witness list just a few weeks ago—sat for a noticed deposition, with counsel present, after having been deemed an adequate, typical representative of the class.

Thus, Cataldo's availability for trial aside, his deposition is not inadmissible hearsay and may be admitted as evidence. Although Plaintiffs complain that prejudice could result if testimony by an absent class member is introduced, any such risk does not substantially outweigh the evidence's probative value. Instructions can mitigate the specter of jury speculation, and counter-designations of his deposition may also be warranted in due course.

**IT IS SO ORDERED**.

Dated: August 12, 2025

_____
RICHARD SEEBORG
Chief United States District Judge