BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
NAIARA TOKER (346145)
(ntoker@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
THILINI CHANDRASEKERA (333672)
(tchandrasekera@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
CHELSEA HU (357212)
(chu@cooley.com)
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:   (415) 693-2000
Facsimile:    (415) 693-2222

MICHAEL A. ATTANASIO (151529)
(mattanasio@cooley.com)
**COOLEY LLP**
10265 Science Center Drive
San Diego, CA 92121-1117
Telephone:   (858) 550-6000
Facsimile:    (858) 550-6420

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**GOOGLE LLC'S MOTION IN LIMINE NO. 14 TO EXCLUDE UNTIMELY AND IRRELEVANT TESTIMONY REGARDING RECENT DATA BREACHES**<br><br>Judge:   Hon. Richard Seeborg<br>Court:    Courtroom 3, 17th Floor, SF<br><br>Date Action Filed: July 14, 2025<br>Trial Date: August 18, 2025 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S MIL NO. 14 TO EXCLUDE
UNTIMELY AND IRRELEVANT TESTIMONY
REGARDING RECENT DATA BREACHES
3:20-CV-04688-RS

## I. Introduction

With only ten days until trial, Plaintiffs disclosed for the first time on Friday, August 8, that their "dark patterns" and technical experts, Professors Schneier and Dr. Hochman respectively, intend to testify about a specific data breach Google experienced in June 2025. This late disclosure is based entirely on a Forbes article published last week. This testimony must be excluded.

Experts cannot offer opinions at trial that were not disclosed in their expert reports. Fed. R. Civ. P. 26(a)(2)(B). Both fact and expert discovery concluded years ago. Allowing Plaintiffs' experts to update their testimony based on current events—long after they were deposed and long after Google's experts finalized their rebuttal reports—would severely prejudice Google. Google cannot depose these experts on their new opinions, nor can Google's experts respond. The sanction for this violation is automatic exclusion unless Plaintiffs prove the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). They can prove neither.

Furthermore, the incident, a ransomware attack on a Salesforce database containing business contact information, is irrelevant. It occurred after the class period and involves entirely different products, data and conduct than the Google Account disclosures and analytics practices at issue here. Introducing inflammatory headlines about Google being "hacked" would confuse the issues and unfairly prejudice the jury, as the "visceral impact" of such testimony "far exceeds [its] probative value." *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992).

This Court previously permitted Professor Schneier to offer general background testimony on data privacy trends. *See* Dkt. 511 at 5; Dkt. 587 at 12. But those rulings addressed opinions *disclosed in his report* and allowed testimony on *general context*. They do not permit Plaintiffs to bypass Rule 26 and introduce specific, undisclosed, and irrelevant incidents merely because they happened recently. Moreover, Dr. Hochman's report completely omitted any discussion of data privacy issues or breaches. His proposed testimony is entirely outside the scope of his disclosed expertise and cannot be justified under any theory.

Google therefore moves to exclude all testimony, evidence, and argument concerning the June 2025 data breach.

## II. Background

Fact discovery closed in 2022. Expert reports were exchanged and expert depositions were completed in 2023. The class period ended in 2024. The Court has ruled on *Daubert* motions (Dkt. 511, June 2, 2025) and over a dozen motions in limine (Dkt. 587, Aug. 6, 2025). Trial begins in a week.

On Friday, August 8, 2025, Plaintiffs' counsel emailed Google stating: "We write to inform you that Professors Schneier and Hochman intend to testify at trial about recent data breaches Google has experienced, including the breach mentioned in this article published recently." *See* Declaration of Harris Mateen, ¶¶ 2, 3. The linked article discusses a June 2025 incident involving a threat actor known as "ShinyHunters." *Id.* ¶¶ 2,4 (attaching Davey Winder, *Google Confirms It Has Been Hacked — What User Data Has Been Stolen?*, Forbes (Aug. 9, 2025)). The article states the hackers compromised a Salesforce instance "used to store contact information and related notes for small and medium businesses." *Id.* It confirms the stolen data consisted of "basic and largely publicly available business information, such as business names and contact details." *Id.* Although it is difficult to tell from the article what data was stolen, the incident at issue does not appear to involve individual user data. Nor does the article make any mention of Google Analytics, Web & App Activity, or anything else tying the hacker attack to this case.

## III. Argument

### A. The Testimony Must Be Excluded Because It Was Not Timely Disclosed.

The proposed testimony violates the requirement that expert opinions must be disclosed during discovery. Federal Rule of Civil Procedure 26(a)(2)(B)(i) requires expert reports to contain "a complete statement of all opinions the witness will express and the basis and reasons for them." This includes disclosure of each explicit opinion in order to avoid disclosure of merely a "sneak preview of a moving target." *See Mariscal v. Graco, Inc.*, 52 F. Supp. 3d 973, 980-83 (N.D. Cal. 2014); *see also Jarose v. Cnty of Humboldt*, No. 18-cv-07383-RS, 2023 WL 2333880, at *8-9 (N.D.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S MIL NO. 14 TO EXCLUDE
UNTIMELY AND IRRELEVANT TESTIMONY
REGARDING RECENT DATA BREACHES
3:20-CV-04688-RS

Cal. Mar. 1, 2023) (excluding specific materials that were untimely included in a supplemental expert disclosure).

"Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). This rule is a "'self-executing,' 'automatic' sanction" designed to ensure compliance with discovery requirements. *Id.* (quoting Fed. R. Civ. P. 37 advisory committee's note (1993)); *see also Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008). Exclusion is appropriate unless the failure to disclose was substantially justified or harmless. *Yeti*, 259 F.3d at 1106. The burden is on the party facing sanctions—here, Plaintiffs—to prove harmlessness. *Id.* at 1107; *see also Merchant v. Corizon Health*, 993 F.3d 733, 741. Furthermore, this District has explicitly recognized that "[t]estimony on post-Class Period developments [] runs the risk of creating jury confusion and making the trial difficult to manage." *Homyk v. ChemoCentryx, Inc.*, 2025 WL 1547625, at *5 (N.D. Cal. May 30, 2025).

Plaintiffs' disclosure, made ten days before trial and **years** after the close of expert discovery, is clearly untimely. Plaintiffs offer no justification for this delay, nor can they show it is harmless. The failure to disclose is highly prejudicial. The purpose of Rule 26(a)(2) is to provide opposing parties adequate time to prepare for cross- examination and to decide whether to present rebuttal testimony. Because discovery is closed, Google is unable to depose Professors Schneier and Hochman about their opinions regarding the June 2025 breach or the basis for those opinions (apparently just the Forbes article).[1] Nor can Google's experts prepare a response.

The Ninth Circuit routinely upholds exclusion when disclosure occurs shortly before trial, recognizing that the opponent is "greatly hampered" in its ability to respond. *Yeti*, 259 F.3d at 1107 (upholding exclusion of expert report disclosed 28 days before trial). Plaintiffs' disclosure, just ten days before trial, mandates exclusion under Rules 26 and 37.

---

[1] The prejudice is especially acute regarding Dr. Hochman, whose report never addressed data security or privacy trends at all. Google had no reason to anticipate his testimony on this subject, depose him on it, or prepare a rebuttal expert.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S MIL NO. 14 TO EXCLUDE
UNTIMELY AND IRRELEVANT TESTIMONY
REGARDING RECENT DATA BREACHES
3:20-CV-04688-RS

**B.     The Testimony Is Irrelevant and Unfairly Prejudicial**

Even if the testimony had been timely disclosed, it should be excluded under Federal Rules of Evidence 401, 402, and 403.

### 1.     The June 2025 Breach Is Irrelevant to Plaintiffs' Claims

Evidence is relevant only if it has a tendency to make a fact of consequence in determining the action more or less probable. Fed. R. Evid. 401. This case is about whether Google's disclosures regarding the Web App and Activity ("WAA") and supplemental Web App and Activity ("(s)WAA") settings misled users about collection of data from third-party apps. The jury must decide questions relating to Google's alleged collection of *that data*, including whether Plaintiffs had a reasonable expectation of privacy based on those disclosures and whether Google's conduct was highly offensive. *See* Dkt. 587 at 7.

The June 2025 incident has no bearing on these questions. It differs from the conduct at issue in three critical ways.

First, the incident occurred in June 2025, well after the class period ended in 2024. Events occurring after the class period are generally irrelevant to the defendant's liability during the class period. *See, e.g.*, *Wanca v. Super Micro Computer, Inc.*, 2018 WL 3145649, at *4 (N.D. Cal. June 27, 2018) (excluding evidence of post-class period conduct as irrelevant); *see also City of Sunrise Firefighters' Pension Fund v. Oracle Corp.*, 2019 WL 6877195, at *16 (N.D. Cal. Dec. 17, 2019) (finding that "Plaintiff may not use" evidence from outside the class period to prove facts within the class period).

Second, the incident involved different data and systems. The Forbes article confirms the breach involved a Salesforce database containing "basic and largely publicly available business information," not the consumer app activity data at issue here (and likely not consumer information *at all*).

Third, the incident involved a criminal ransomware attack by a third party. This case involves Google's own data collection practices. The security of Google's corporate databases

5

GOOGLE'S MIL NO. 14 TO EXCLUDE
UNTIMELY AND IRRELEVANT TESTIMONY
REGARDING RECENT DATA BREACHES
3:20-CV-04688-RS

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

against *external* hackers is entirely unrelated to the adequacy of its consumer privacy disclosures. The evidence is therefore inadmissible. Fed. R. Evid. 402.

### 2. The Testimony Is Unfairly Prejudicial and Would Confuse the Jury

The testimony must also be excluded because any minimal probative value is substantially outweighed by the danger of unfair prejudice and confusing the issues. Fed. R. Evid. 403.

Introducing evidence that "Google has been hacked" would severely prejudice Google by inviting the jury to punish Google for unrelated conduct. Evidence that arouses irrational fears or prejudices often has a "visceral impact that far exceeds [its] probative value." *Hitt*, 981 F.2d at 424. In *Hitt*, the Ninth Circuit reversed a conviction because the government introduced a photograph showing the defendant's single rifle alongside a dozen other weapons belonging to his roommate. *Id.* The court found the photo highly prejudicial because the jury would wrongly infer the defendant owned the whole arsenal and conclude he was the "sort of person" who would commit the charged offense. *Id.*

The same danger exists here. The June 2025 breach is irrelevant to the (s)WAA settings, but introducing it invites the jury to draw improper inferences that Google deserves punishment regardless of the facts of this case. *See id.*

Furthermore, allowing this testimony would confuse the issues and waste time. . It could invite a mini-trial on the circumstances of the June 2025 breach, the nature of the "ShinyHunters" threat group, and the intricacies of Salesforce security—none of which are relevant to the (s)WAA settings. Plaintiffs should not be permitted to conduct a "news of the day" segment every time Google appears in the headlines. The jury must remain focused on the evidence relevant to the claims actually being tried.

### C. Excluding This Testimony Is Consistent with the Court's Prior Orders

Finally, excluding the breach evidence would not contradict any of the Court's prior rulings. Google is not seeking reconsideration of the Court's prior Daubert and MIL rulings. Rather, Google seeks enforcement of Rules 26, 37, and 403 in a manner consistent with those rulings.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

GOOGLE'S MIL NO. 14 TO EXCLUDE
UNTIMELY AND IRRELEVANT TESTIMONY
REGARDING RECENT DATA BREACHES
3:20-CV-04688-RS

In its *Daubert* order, the Court denied Google's motion to exclude certain general opinions by Professor Schneier, and permitted him to provide "background and context information about what privacy is, the importance of privacy, . . . and the impact and negative consequences of the misuse of one's data." Dkt. 511 at 5; *see also* Dkt. 587 at 12 (reiterating this ruling). The proposed testimony about the June 2025 breach is fundamentally different from the testimony permitted by those orders.

The prior orders addressed the *admissibility* of opinions *already disclosed in expert reports* under the *Daubert* standard (Rule 702). They did not authorize experts to bypass Rule 26 and offer real-time commentary on current events that were never disclosed, analyzed, or subject to deposition. The Court's ruling that Schneier's *disclosed* background opinions were admissible under *Daubert* does not mean that *undisclosed* opinions are admissible under Rule 37(c)(1).

Moreover, testimony about a specific, recent, and unrelated data breach is not general "background and context." General testimony about the importance of privacy is one thing; introducing a specific incident involving a ransomware attack on unrelated business data crosses the line into irrelevant and prejudicial propensity evidence. It does not help the jury understand the (s)WAA settings or the technology at issue. Instead, it invites the jury to conclude that because Google was recently hacked, it must have also violated Plaintiffs' privacy expectations regarding app data.

The Court has already excluded evidence of other specific incidents that were irrelevant to the (s)WAA settings. For example, the Court excluded evidence concerning Google's Location History data collection (Dkt. 587 at 14) and press releases about lawsuits filed by Arizona and Texas regarding Location History (Dkt. 587 at 12). The Court found that because those suits "necessarily concerned a different privacy control, they are not particularly probative and only scarcely relevant." *Id.* at 12. The same logic applies here. The June 2025 Salesforce breach concerns different systems and different conduct, and it is equally irrelevant and prejudicial.

As for Dr. Hochman, the issue is even simpler. Dr. Hochman's report contains zero opinions on data-privacy trends, specific breaches, or the importance of privacy generally. He was not

GOOGLE'S MIL NO. 14 TO EXCLUDE
UNTIMELY AND IRRELEVANT TESTIMONY
REGARDING RECENT DATA BREACHES
3:20-CV-04688-RS

offered, nor permitted by the Court, to provide background context on these issues. Dkts. 511, 587. His attempt to testify about the June 2025 incident is a blatant violation of Rule 26. Because he disclosed no analysis and was never examined on these topics, any such testimony is barred by Rule 37(c)(1) and must be excluded under Rules 401–403.

**IV.     Conclusion**

For the foregoing reasons, Google respectfully requests that the Court exclude all testimony, evidence, and argument regarding the June 2025 data breach.

Dated: August 12, 2025                     COOLEY LLP

By: /s/ Simona Agnolucci
Michael Attanasio
Benedict Hur
Simona Agnolucci
Eduardo Santacana
Argemira Florez
Harris Mateen
Naiara Toker
Isabella McKinley Corbo
Chelsea Hu

*Attorneys for Defendant*
*Google LLC*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

GOOGLE'S MIL NO. 14 TO EXCLUDE
UNTIMELY AND IRRELEVANT TESTIMONY
REGARDING RECENT DATA BREACHES
3:20-CV-04688-RS