**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted *pro hac vice*)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao (CA Bar No. 236165)
Beko Reblitz-Richardson (CA Bar No. 238027)
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel: (305) 539-8400
jlee@bsfllp.com

Alison L. Anderson (CA Bar No. 275334)
Samantha Parrish (CA Bar No. 318681)
M. Logan Wright (CA Bar No. 349004)
725 S. Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel: (213) 629-9040
alanderson@bsfllp.com
sparrish@bsfllp.com
mwright@bsfllp.com

*Attorneys for Plaintiffs*

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted *pro hac vice*)
Shawn J. Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander Frawley (admitted *pro hac vice*)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 3:20-cv-4688-RS<br><br>**PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION *IN LIMINE* 13 (DKT. 589)**<br><br>Judge: Hon. Richard Seeborg<br>Trial Date: August 18, 2025 |

Presented as a motion *in limine* (Dkt. 589, the "Motion"), Google seeks to relitigate an issue this Court correctly decided nearly six months ago. Google's expressed concerns about Plaintiffs seeking larger damages for the first time during closing leaving Google "in the dark" until then (Mot. at 5) are resolved by noting that the damages sought by Plaintiffs will be clear in Plaintiffs' opening and throughout the trial. Indeed, it has been clear for a long time.

The Court ruled nearly six months ago that "Plaintiffs will not be foreclosed from urging the jury to draw inferences based on other evidence admitted at trial so as to award damages in excess of their expert's conservative floor." Dkt. 462 at 1. This was supported by Google's own arguments in opposing the production of additional data and seeking to strike a portion of Mr. Lasinski's supplemental expert report. *See* Dkt. 427 at 13:21–23 (Google acknowledging that "Plaintiffs can ask the jury to draw certain inferences using the information Google did produce") & Dkt. 442 at 11:17–20 (Google arguing that "Plaintiffs' new opinion is not necessary to support their actual damages opinion" because "there are alternatives for the jury to reach the actual damages figure").

The Court limited Mr. Lasinski's testimony but appropriately left to the jury the ultimate determination regarding the amount of damages, where jurors could "endorse his opinion about a monthly measure being appropriate and reject his one-time payment theory" and "rely on other evidence in the case to estimate the number of months in which damages occurred and then multiply the estimated months number by $3 per user or per device." Dkt. 462 at 7.

Google's Motion presents nothing new that would now justify reversing course and limiting Plaintiffs to Mr. Lasinski's conservative floor. As the Court knows, reconsideration is an "extraordinary remedy" reserved for "highly unusual circumstances." *California v. Connex TCT LLC*, 2024 WL 4584026, at *1 (N.D. Cal. Oct. 24, 2024) (Seeborg, C.J.). The only "new" material Google cites are certain demonstratives recently exchanged by the parties. These demonstratives comply with the Court's order. Mr. Lasinski will not present any illustrative calculations for going above his conservative baseline—a point Google concedes. *See* Mot. at 1 (acknowledging that Mr. Lasinski's demonstratives seek damages for "a single month"). In any event, the parties have not yet met and conferred about any demonstratives. To the extent disputes arise, the parties will address

them in due course along with the other expert demonstratives.

There also is no basis for Google to claim "surprise." Mot. at 5. As the Court wrote in February, "Google understood that actual damages in this case might be measured monthly," and it is a "stretch to find Google surprised by the notion that Plaintiffs believe actual damages in this case could be computed on a monthly basis." Dkt. 462 at 5. Google has had *since February* to recover from whatever "surprise" it claimed to have felt, and to prepare for a trial in which Plaintiffs ask the jury to compute damages "on a monthly basis." *Id.*

Google's cases are either inapplicable or distinguishable. Five of the seven cases Google relies on for this point excluded (or affirmed exclusion of) expert reports or expert testimony, not attorney argument or demonstratives. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105–08 (9th Cir. 2001); *Luke v. Family Care and Urgent Med. Clinics*, 323 F. App'x 496, 498–99 (9th Cir. Mar. 30, 2009); *Asia Vital Components Co., Ltd. v. Asetek Danmark A/S*, 377 F. Supp. 3d 990, 1104–05 (N.D. Cal. 2019); *Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*, 725 F.3d 1377, 1381–83 (Fed. Cir. 2013); *Keener v. U.S.*, 181 F.R.D. 639, 641–42 (D. Mont. 1988). Because the Court already excluded these portions of Mr. Lasinski's supplemental report and restricted his testimony, these cases do not apply here.

The other two cases Google cites are also distinguishable. In both, counsel raised entirely new damages theories. *See Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 2023 WL 6073326, at *1–2 (N.D. Cal. Nov. 17, 2013) (precluding closing argument on novel theory that users would not have purchased Samsung phones but for the allegedly infringing features in those phones); *see also Turner v. Thyssenkrupp Materials NA, Inc.*, 2020 WL 7123312, at *1 (precluding proceeding to trial on new theory that unpaid commissions resulted from a stock split). Here, Plaintiffs are not presenting a new damages theory. The $3 monthly payment has always been in this case, as this Court found *six months ago*, *see* Dkt. 462 at 5 ("Google understood that actual damages in this case might be measured monthly"), and as this Court reaffirmed just days ago at the pretrial conference, *see* Mao Decl. Ex. A (Pretrial Conf. Tr.) at 54:24 ("It's not new facts. It's just an argument.").

Google agrees that the jury may draw reasonable inferences based on the evidence and are

not constrained by expert calculations in awarding damages. Mot. at 5 ("[t]here is no dispute that a jury may award damages … outside of any party's damages models or calculations"); *accord Atlas Flooring, LLC v. Porcelainte S.A.*, 425 F. App'x 629, 633 (9th Cir. Apr. 4, 2011) (affirming jury verdict exceeding expert damages calculation because "the record contained other evidence providing a reasonable basis" for the award). "Reasonable jurors need not accept the views of one side's expert or the other's, but may make their own reasonable judgment on the evidence, accepting part, all, or none of any witness's testimony." *In re Exxon Valdez*, 270 F.3d 1215, 1248 (9th Cir. 2001) (affirming jury's damages verdict that did not track any expert's damages calculations).

Plaintiffs' case-in-chief will include evidence from which the jury can reasonably draw the inferences necessary to support a damages number based on multiple months. That evidence will include, for example, Google-produced spreadsheets with information regarding the number of accounts where users had (s)WAA turned off in different months, testimony of the named Plaintiffs, testimony by Plaintiffs' technical and survey experts, and other documents produced by Google. Google has cited no authority in the Federal Rules or caselaw for its extraordinary demand that this Court bar Plaintiffs from presenting their damages case to the jury.

Finally, the Court would also be within its discretion to deny Google's Motion as untimely. The Court issued its prior ruling on February 21, 2025. *See* Dkt. 462. Motions *in limine* were due June 24, 2025, and Google could have raised these issues back in June. In addition, Google without explanation ignored the Court's deadline for this Motion. The Court ordered Google to file this Motion by August 5, 2025. *See* Mao Decl. Ex. A at 121:7–122:15. Without notice to Plaintiffs or the Court, Google ignored that deadline. Google instead filed this Motion on August 8, forcing Plaintiffs to brief this issue during the final week before trial. That untimely filing without good cause also supports denial of this Motion. *See United States v. Wolf*, 691 F. App'x 438, 439 (9th Cir. May 24, 2017) ("[t]he district court did not abuse its discretion in dismissing [defendant's] motion *in limine* as untimely. [Defendant] does not demonstrate good cause to justify his untimely filing."); *Zaragoza v. Cnty. of Riverside*, 2024 WL 663235, at *7 (C.D. Cal. Jan. 18, 2024) (denying motions *in limine* filed the day after the due date as untimely).

1    Plaintiffs respectfully ask that the Court deny Google's Motion.

3    Dated: August 14, 2025                Respectfully submitted,

By:  *Mark C. Mao*
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile (415) 293-6899

David Boies (*pro hac vice*)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

James Lee (*pro hac vice*)
jlee@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Alison L. Anderson (CA Bar No. 275334)
alanderson@bsfllp.com
Samantha Parrish (CA Bar No. 318681)
sparrish@bsfllp.com
M. Logan Wright (CA Bar No. 349004)
mwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
725 S. Figueroa St., 31st Floor
Los Angeles, CA 90017
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com

4

| | |
|---|---|
| 1 | Shawn J. Rabin (*pro hac vice*) |
| 2 | srabin@susmangodfrey.com |
|   | Steven Shepard (*pro hac vice*) |
| 3 | sshepard@susmangodfrey.com |
|   | Alexander P. Frawley (*pro hac vice*) |
| 4 | afrawley@susmangodfrey.com |
|   | SUSMAN GODFREY L.L.P. |
| 5 | 1301 Avenue of the Americas, 32nd Floor |
|   | New York, NY 10019 |
| 6 | Telephone: (212) 336-8330 |
|   | Facsimile: (212) 336-8340 |
| 7 | |
|   | Amanda Bonn (CA Bar No. 270891) |
| 8 | abonn@susmangodfrey.com |
|   | SUSMAN GODFREY L.L.P. |
| 9 | 1900 Avenue of the Stars, Suite 1400 |
| 10 | Los Angeles, CA 90067 |
|    | Telephone: (310) 789-3100 |
| 11 | Facsimile: (310) 789-3150 |
| 12 | |
|    | John A. Yanchunis (*pro hac vice*) |
| 13 | jyanchunis@forthepeople.com |
|    | Ryan J. McGee (*pro hac vice*) |
| 14 | rmcgee@forthepeople.com |
|    | MORGAN & MORGAN, P.A. |
| 15 | 201 N Franklin Street, 7th Floor |
|    | Tampa, FL 33602 |
| 16 | Telephone: (813) 223-5505 |
|    | Facsimile: (813) 222-4736 |
| 17 | |
| 18 | Michael F. Ram (CA Bar No. 238027) |
|    | mram@forthepeople.com |
| 19 | MORGAN & MORGAN, P.A. |
|    | 711 Van Ness Avenue, Suite 500 |
| 20 | San Francisco, CA 94102 |
| 21 | Telephone: (415) 358-6913 |
|    | Facsimile: (415) 358-6923 |
| 22 | |
|    | *Attorneys for Plaintiffs* |

5