**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted *pro hac vice*)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao (CA Bar No. 236165)
Beko Reblitz-Richardson (CA Bar No. 238027)
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com

Alison L. Anderson (CA Bar No. 275334)
Samantha Parrish (CA Bar No. 318681)
M. Logan Wright (CA Bar No. 349004)
725 S. Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 629-9040
alanderson@bsfllp.com
sparrish@bsfllp.com
mwright@bsfllp.com

*Attorneys for Plaintiffs*

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted *pro hac vice*)
Shawn J. Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander Frawley (admitted *pro hac vice*)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all other similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No.: 3:20-cv-4688-RS<br><br>**PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION *IN LIMINE* 14 (DKT. 600)**<br><br>Judge: Hon. Richard Seeborg<br>Trial Date: August 18, 2025 |

Google filed this seven-page motion *in limine* no. 14 (the "Motion") in response to a one-sentence email from Plaintiffs' counsel, without responding to the email or meeting and conferring with Plaintiffs.  Google's Motion concerns a Google data breach that occurred in June 2025, which Google confirmed on August 5, 2025, and was reported by Forbes on August 7, 2025.  Google with its Motion seeks to "exclude all testimony, evidence, and argument concerning the June 2025 data breach."  Mot. at 2.

On August 8, 2025, Plaintiffs informed Google by email that two of Plaintiffs' experts (privacy expert Prof. Schneier and technical expert Dr. Hochman) "intend to testify about recent data breaches Google has experienced, including the breach mentioned in this article published recently."  Mot. at 3; Mateen Decl. Ex. A.  The underlined portion was a hyperlink to the Forbes article, published on August 7, 2025, and updated on August 9, 2025.  The updated article states in the first sentence that the "Google Threat Intelligence Group has officially confirmed that user data has been stolen following a successful hack attempt impacting one of its databases."  Mao Decl. Ex. A (updated version of Matten Decl. Ex. B).  Google issued this confirmation two days earlier on August 5, 2025.[1]

Plaintiffs' experts should be permitted to reference this June 2025 Google data breach during trial because it provides further support for their existing opinions.  For example, Prof. Schneier's first report (from February 2023) includes a section detailing Google's long history of data breaches. *See* Dkt. 361-57 (Schneier Report) ¶¶ 222–30.  Plaintiffs' recent disclosure is both "substantially justified" and appropriate because this is information Prof. Schneier could not have disclosed earlier, given that the breach occurred in June 2025 and Google only confirmed that it occurred last week. Fed. R. Civ. P. 37(c)(1).  Regardless, since Google apparently investigated the breach for months before admitting to it publicly, Google is solely to blame for any delay in disclosure.

---

[1] *See* Google Blog, *The Cost of a Call: Voice from Phishing to Data Extortion*, available at https://cloud.google.com/blog/topics/threat-intelligence/voice-phishing-data-extortion (last accessed Aug. 13, 2025).

1

1    Moreover, Google's Motion goes beyond expert testimony and by its terms seeks to preclude

2    any use of these recently discovered facts in questioning Plaintiffs' fact witnesses or cross-

3    examining Google's fact and expert witnesses.  Google provides no basis for such a preclusion.

4    Google's argument that breaches by "external hackers is entirely unrelated to the adequacy

5    of its consumer privacy disclosures" (Mot. at 6, emphasis in original) misses the point.  The harm to

6    Google users from Google's collecting and saving their data without consent is clearly related to the

7    risk that, as a result of a data breach, other parties may obtain access to that information.  The fact

8    that the data breach occurred after the class period is irrelevant since Google still stores that data.

9    Plaintiffs' disclosure is also "harmless."  Fed. R. Civ. P. 37(c)(1).  No one is offering any

10   new opinions.  Plaintiffs' experts will only use the June 2025 breach as further support, in addition

11   to other data breaches, for prior opinions that Google saving this (s)WAA-off data harms people by

12   putting them at risk, including from future data breaches.  *See* Dkt. 361-57 (Schneier Report) ¶¶

13   222–30; *see also* Dkt. 511, at 5 (denying Google's motion to exclude portions of the Schneier report

14   that discuss data breaches).

15   Dr. Hochman should also be permitted to reference the June 2025 data breach at trial.  During

16   his deposition, it was Google's counsel that repeatedly questioned him about "privacy risk."  Mao

17   Decl. Ex. B (Hochman Dep. Tr.) at 102:5, 103:6.  Dr. Hochman explained that Google creates risk

18   by simply taking data without permission: "It doesn't matter how careful you are.  There are

19   breaches. There are leaks.  There is insider threat.  All kinds of problems.  And the person who asks

20   for privacy and expected privacy didn't bargain for that."  *Id*. at 103:25–104:5.  Google already

21   previewed that it intends to argue that it has not harmed anyone and employs numerous "safeguards"

22   to protect users' privacy.  If so, Dr. Hochman should be able to present his opinions (as reflected in

23   deposition testimony elicited by Google's counsel) using examples that Google belatedly disclosed.

24   Google's argument that the experts' "delay" in "disclosing" the recent breach "years after

25   the close of expert discovery" (Mot. at 4, emphasis in original) warrants exclusion is hard to

26   understand.  How could the experts have disclosed this breach before it happened?  They disclosed

27   that such a breach was a risk, and this recent breach is merely confirmation of that prior conclusion.

28

2

1    Google's focus on how this latest breach occurred after the end of the class period (Mot. at

2    5) provides no basis for exclusion.  Again, Google has been investigating this event for months, and

3    it has not said a word to Plaintiffs or the Court.  Further, the relevant point is that Google saving this

4    (s)WAA-off data harmed Plaintiffs and class members by putting them at risk of future data sharing

5    and leaks, including data breaches.  And Google continues to refuse to identify all logs containing

6    (s)WAA-off data, so Plaintiffs cannot even assess the full scope of that harm.  Data breaches by their

7    nature are also difficult to detect.  Prof. Schneier and Dr. Hochman should be allowed to testify about

8    how this latest Google data breach confirms the harm to Plaintiffs and class members.

9    Google's focus on how this breach "involved different data and systems" (Mot. at 5) also

10   provides no basis for exclusion.  The Forbes article specifically notes that "user data" was stolen

11   (Mao Decl. Ex. A), and the relevant point is that Google regularly faces data breaches.  Google's

12   public disclosures regarding this event do not indicate that it has completed its investigation, or that

13   there is no (s)WAA-off data at issue.  Even if the data breach did not include (s)WAA-off data, it is

14   still relevant.  Google is, of course, free to raise their counterarguments in a cross-examination.

15   Google's concern that it would be prejudicial for Plaintiffs or their experts to say "Google

16   has been hacked" without restraint (Mot. at 6) is easily addressed.  Plaintiffs did not add the Forbes

17   article to their exhibit list, and they are not planning to present it to the jury.  Plaintiffs just seek to

18   have Prof. Schneier and Dr. Hochman be able to explain how this latest data breach supports their

19   opinions.  Google's own deposition examinations of both experts not only demonstrate that Google

20   itself opened the door on this issue, but that Plaintiffs should be able to use any evidence available

21   to them (including those belatedly produced by Google) to rebuff Google's cross-examination on

22   issues covered in the experts' reports and depositions.

23   For these reasons, Plaintiffs respectfully request that the Court deny the Motion.

24

25   Dated: August 14, 2025                    Respectfully submitted,

26

27                                             By:  *Mark C. Mao*
                                               Mark C. Mao (CA Bar No. 236165)

28                                                  3

1   mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
2   brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
3   44 Montgomery Street, 41st Floor
San Francisco, CA 94104
4   Telephone: (415) 293-6800
Facsimile (415) 293-6899
5

6   David Boies (*pro hac vice*)
dboies@bsfllp.com
7   BOIES SCHILLER FLEXNER LLP
333 Main Street
8   Armonk, NY 10504
Telephone: (914) 749-8200
9   Facsimile: (914) 749-8300

10
James Lee (*pro hac vice*)
11  jlee@bsfllp.com
BOIES SCHILLER FLEXNER LLP
12  100 SE 2nd Street, Suite 2800
Miami, FL 33131
13  Telephone: (305) 539-8400
Facsimile: (305) 539-1307
14

15  Alison L. Anderson (CA Bar No. 275334)
alanderson@bsfllp.com
16  Samantha Parrish (CA Bar No. 318681)
sparrish@bsfllp.com
17  M. Logan Wright (CA Bar No. 349004)
mwright@bsfllp.com
18  BOIES SCHILLER FLEXNER LLP
725 S. Figueroa St., 31st Floor
19  Los Angeles, CA 90017
Telephone: (213) 629-9040
20  Facsimile: (213) 629-9022

21
Bill Carmody (*pro hac vice*)
22  bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
23  srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
24  sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
25  afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
26  1301 Avenue of the Americas, 32nd Floor

27

28                                    4

New York, NY 10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram (CA Bar No. 238027)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

*Attorneys for Plaintiffs*

5