**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Tel.: (213) 995-5720
alanderson@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
Ryan Sila (admitted pro hac vice)
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com
rsila@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Michael F. Ram, CA Bar No. 104805
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIBAL RODRIGUEZ, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br>　v.<br>GOOGLE LLC,<br>　　　　　　Defendant. | Case No.: 3:20-cv-04688-RS<br><br>**PLAINTIFFS' MOTION TO QUASH SUBPOENA TO SUSAN HARVEY**<br><br>Judge: Hon. Richard Seeborg<br>Date:<br>Time:<br>Location: |

Plaintiffs respectfully submit this motion seeking to quash a subpoena served by Google on Susan Harvey. As set forth below, with this subpoena, Google seeks to impose an undue and unnecessary burden on Ms. Harvey's mental and physical health.

As set forth in the Declaration of Susan Harvey (attached as Ex. A), and the Declaration of James Lee (attached as Ex. B), Ms. Harvey suffered three strokes in the two months immediately after her October 27, 2022 deposition in this case. One of Ms. Harvey's doctors believed that the stress of the deposition contributed to the strokes, each of which caused Ms. Harvey to suffer temporary paralysis. Since her first (and subsequent) strokes, Ms. Harvey has remained in her doctors' care and been monitored and treated to reduce the likelihood of further strokes and restore her health.

Ms. Harvey has over many years taken seriously her obligations as a class representative, and she has over the last few weeks made every possible effort to prepare herself to testify at trial – even at possible risk to her health. Ms. Harvey believes in this case, in the merits of her claims, and in the serious harm caused by Google. Out of fear that her doctors would restrict her from testifying, Ms. Harvey did not seek their clearance to travel to San Francisco and testify at trial.

Last week, Ms. Harvey arrived in San Francisco to participate in trial preparation sessions with Plaintiffs' counsel. On August 15, 2025, while engaged in one of these sessions, Ms. Harvey hyperventilated, had trouble breathing, cried from anxiety, and could not continue the session. During that session, on August 15, 2025, she revealed to counsel for the first time the strokes she suffered following her deposition. Plaintiffs' counsel was unaware of those strokes before August 15, 2025. When Ms. Harvey and counsel met again on August 16, 2025, she was again unable to continue with her preparation, with increased anxiety and diminished recall and speech.

On August 16, 2025, in light of her level of anxiety and stroke history, Mr. Lee and other Plaintiffs' counsel met with her to make sure she would be capable of testifying at trial. She agreed she was not comfortable and could not testify at trial. Because she was too anxious to fly or drive a rented car back to her home in Fresno, counsel hired a car to drive her back home.

1  Counsel for Plaintiffs immediately informed Google's counsel of the facts above and that Ms. Harvey would not be called to testify at trial. Counsel for Plaintiffs requested agreement to use Ms. Harvey's videotaped deposition. Counsel for Google initially responded very professionally, thanking Plaintiffs' counsel for the prompt notification and saying they would take the proposal under advisement. However, within hours and without any further discussion, Google sent someone to her home, to serve her a subpoena in person, at 9:00 P.M. at night, commanding she return to San Francisco to testify at trial on August 19, 2025, (a date Google was well-aware was not a day Ms. Harvey would testify). Unsurprisingly, being served with the subpoena caused Ms. Harvey additional anxiety and stress.

On timely motion, an issuing court must quash or modify a subpoena that subjects a person to "undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). An evaluation of undue burden "requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party . . . ." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005). The inquiry depends on the facts of the case, and the movant bears the burden of persuasion. *Green v. Baca*, 226 F.R.D. 624, 653 (C.D. Cal. 2005).

Quashing the subpoena is clearly warranted in light of Ms. Harvey's health and the risk that the anxiety and stress associated with testifying at trial could cause another stroke or otherwise negatively impact her. Plaintiffs do not discount that her testimony as a class representative is relevant, but precisely because this is a class case, her testimony is redundant to the testimony of the other two class representatives. Moreover, her video deposition is available, and any value of her live testimony cannot outweigh the risk to her health and wellbeing. In similar circumstances, courts have found "undue burden" sufficient to quash subpoenas to testify. *See, e.g.*, *Reger v. All Things Gel, LLC*, 2024 WL 4635530, at *2 (S.D. Fla. Sept. 6, 2024) (ruling three days before trial was scheduled to begin that witness "has shown 'undue burden' based on his medical inability to attend the trial"); *Electrolux N. Am., Inc. v. Performance Metals, Inc.*, 2021 WL 601056, at *1 (S.D. Ind. Feb. 12, 2021) (finding undue burden sufficient to squash subpoena for pregnant witness who argued testifying would cause her great anxiety because "the

need to protect Ms. Mahoney and her unborn child from potential harm outweighs Plaintiff's discovery needs in this case").

Google will not suffer prejudice from Ms. Harvey being unable to testify at trial. There is "no requirement that all class representatives testify at a trial—particularly in a case like this one, in which the conduct of the defendant, rather than what happened to the plaintiffs, is the crux of the matter." *In re Namenda Direct Purchaser Antitrust Litig.*, 2019 WL 6242128, at *2 (S.D.N.Y. Aug. 2, 2019). Class representatives Anibal Rodriguez and Julian Santiago will still be testifying at trial. Ms. Harvey's cumulative testimony is not required "in a trial at which the parties are going to be strictly time-limited in their presentations, [as] it would consume time more profitably spent on matters that relate to the merits—which class representation does not." *Id.* Moreover, Plaintiffs have agreed that Ms. Harvey's videotaped deposition testimony can be played at trial, testimony she provided **before** she suffered from health, memory, and speech issues resulting from her strokes, which will give the jury the opportunity to judge her testimony, credibility, and demeanor.

While testimony by witnesses in open court is preferred, Rule 32 permits the use of deposition testimony at trial of a witness—even a party—in lieu of personal appearance "if the court finds . . . that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment." Fed. R. Civ. P. 32(a)(4)(C); *Richmond v. Brooks*, 227 F.2d 490, 492-93. Numerous courts have permitted testimony to be presented via deposition transcript or video recording where a party or witness has a medical condition that precludes their attendance and live testimony at trial. *See Lacy v. McArdle*, 2023 WL 4581759, at *15 (W.D. Wis. July 18, 2023) (granting motion to introduce defendant's deposition at trial in lieu of live testimony where he suffered a stroke the year before and suffered other physical and cognitive disabilities as a result).[1] As one court recognized, "[u]ndoubtedly, Defendants may . . . face hardship in their

---

[1] *See also Hoffmannn Bros. Heating & Air Conditioning, Inc. v. Hoffmann Air Conditioning & Heating, LLC*, 2022 WL 1786530, at *2 n.2 (E.D. Mo. June 1, 2022) (rejecting defendants' contention that witness's declarations of age and infirmity were not specific enough to find him

3
Plaintiffs' Motion to Quash Susan Harvey Subpoena
3:20-cv-04688-RS

inability to elicit live testimony at trial. But Plaintiff assumes an equal 'tactical burden [] by . . . proceeding to trial in her absence,' a burden expressly contemplated by … Rule [32] itself." *Glass v. Metro. Washington Airport Auth.*, 2024 WL 1558712, at *3 (E.D. Va. Apr. 10, 2024).

Plaintiffs respectfully request that the Court enter an order quashing the subpoena to Susan Harvey.

Dated: August 17, 2025             By */s/ Mark C. Mao*
                                    Mark C. Mao (CA Bar No. 236165)
                                    mmao@bsfllp.com

                                    Beko Reblitz-Richardson (CA Bar No. 238027)
                                    brichardson@bsfllp.com
                                    BOIES SCHILLER FLEXNER LLP
                                    44 Montgomery Street, 41st Floor
                                    San Francisco, CA 94104
                                    Telephone: (415) 293 6858
                                    Facsimile (415) 999 9695

                                    David Boies (*pro hac vice*)
                                    dboies@bsfllp.com
                                    BOIES SCHILLER FLEXNER LLP
                                    333 Main Street
                                    Armonk, NY 10504
                                    Telephone: (914) 749-8200

                                    James W. Lee (*pro hac vice*)
                                    jlee@bsfllp.com
                                    Rossana Baeza (*pro hac vice*)
                                    rbaeza@bsfllp.com
                                    BOIES SCHILLER FLEXNER LLP

---

"unavailable" and noting, "[a]lthough the witnesses will not appear live at trial, Defendants remain able to make arguments about their credibility to the jury and have had a full opportunity to develop such arguments during their depositions."); *Est. of Barnwell v. Grigsby*, 801 F. App'x 354, 372 (6th Cir. 2020) (affirming court's finding that plaintiff was unavailable within the meaning of Rule 32(a)(4)(C) when she lost her voice the night before trial);v *Sheetz v. Wal-Mart Stores, Inc.*, 2018 WL 8344383, at *1-2 (M.D. Pa. Mar. 28, 2018) (allowing use of plaintiff's deposition transcripts in lieu of live testimony where he doctor submitted a declaration stating "she would 'not be able to [withstand] court proceeding[s] due to mental instability and difficulties [coping] with stress'"); *Elsevier, Inc. v. Comprehensive Microfilm & Scanning Servs., Inc.*, 2013 WL 5797639, at *3 (M.D. Pa. Oct. 28, 2013) ("[C]ross-examination is by its nature a stressful experience, whether done inside or outside the courtroom. Considering [witness's severe coronary artery disease and congestive heart failure], the Court finds the danger that such stress might cause to be too pronounced…. No deposition under these circumstances is worth risking a man's life . . . .").

100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

Alison Anderson (CA Bar No. 275334)
aanderson@bsfllp.com
M. Logan Wright, CA Bar No. 349004
mwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Telephone: (213) 995-5720
Facsimile: (213) 629-9022

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

Bill Christopher Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
Ryan Sila (*pro hac vice*)
rsila@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram, CA Bar No. 104805

5
Plaintiffs' Motion to Quash Susan Harvey Subpoena
3:20-cv-04688-RS

| | |
|---|---|
| 1 | mram@forthepeople.com |
| 2 | MORGAN & MORGAN |
|   | 711 Van Ness Ave, Suite 500 |
| 3 | San Francisco, CA 94102 |
|   | Telephone: (415) 358-6913 |
| 4 | *Attorneys for Plaintiffs* |