# EXHIBIT B

| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP**<br>David Boies (admitted pro hac vice)<br>333 Main Street<br>Armonk, NY 10504<br>Tel.: (914) 749-8200<br>dboies@bsfllp.com<br><br>Mark C. Mao, CA Bar No. 236165<br>Beko Reblitz-Richardson, CA Bar No. 238027<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>mmao@bsfllp.com<br>brichardson@bsfllp.com<br><br>James Lee (admitted pro hac vice)<br>Rossana Baeza (admitted pro hac vice)<br>100 SE 2nd St., 28th Floor<br>Miami, FL 33131<br>Tel.: (305) 539-8400<br>jlee@bsfllp.com<br>rbaeza@bsfllp.com<br><br>Alison L. Anderson, CA Bar No. 275334<br>M. Logan Wright, CA Bar No. 349004<br>2029 Century Park East, Suite 1520<br>Los Angeles, CA 90067<br>Tel.: (213) 995-5720<br>alanderson@bsfllp.com<br>mwright@bsfllp.com | **SUSMAN GODFREY L.L.P.**<br>Bill Carmody (admitted pro hac vice)<br>Shawn J. Rabin (admitted pro hac vice)<br>Steven M. Shepard (admitted pro hac vice)<br>Alexander Frawley (admitted pro hac vice)<br>Ryan Sila (admitted pro hac vice)<br>One Manhattan West, 50th Floor<br>New York, NY 10001<br>Tel.: (212) 336-8330<br>bcarmody@susmangodfrey.com<br>srabin@susmangodfrey.com<br>sshepard@susmangodfrey.com<br>afrawley@susmangodfrey.com<br>rsila@susmangodfrey.com<br><br>Amanda K. Bonn, CA Bar No. 270891<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel.: (310) 789-3100<br>abonn@susmangodfrey.com<br><br>**MORGAN & MORGAN**<br>John A. Yanchunis (admitted pro hac vice)<br>Ryan J. McGee (admitted pro hac vice)<br>Michael F. Ram, CA Bar No. 104805<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel.: (813) 223-5505<br>jyanchunis@forthepeople.com<br>rmcgee@forthepeople.com<br>mram@forthepeople.com |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIBAL RODRIGUEZ, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,<br><br>             Plaintiffs,<br>  v.<br><br>GOOGLE LLC,<br>             Defendant. | Case No.: 3:20-cv-04688-RS<br><br>**DECLARATION OF JAMES LEE**<br><br>Judge: Hon. Richard Seeborg<br>Date:<br>Time:<br>Location: |

DECLARATION OF JAMES LEE
3:20-cv-04688-RS

## I. DECLARATION OF JAMES LEE

I, James Lee, declare as follows.

1. I am a partner with the law firm Boies Schiller Flexner LLP ("BSF"), counsel for Plaintiffs in this matter. I am an attorney at law duly licensed to practice before all courts of the State of Florida and admitted pro hac vice for this case. Dkt. 9. I have personal knowledge of the matters set forth herein and am competent to testify.

2. I submit this Declaration in support of Plaintiffs' Motion to Quash.

3. One of the Plaintiffs in this case, Ms. Susan Harvey, was deposed on October 27, 2022. I defended her deposition and was physically present in the room with her while Google's attorneys deposed her remotely via Zoom.

4. Throughout her deposition, Ms. Harvey exhibited signs of anxiety and distress, such that either she (or I, on her behalf) requested frequent breaks to reduce her anxiety and allow her to continue with the deposition.

5. This week (on or around Friday, August 15, 2025), when Ms. Harvey arrived in San Francisco to settle in for the upcoming trial, Ms. Harvey informed me that approximately six days after her deposition (in October 2022) she suffered a stroke, which caused paralysis to the left half of her body, and she was rushed to the hospital via ambulance. Approximately two days later (while she was still hospitalized) Ms. Harvey suffered a second stroke that caused further paralysis to the left half of her body.

6. Ms. Harvey further informed me that after her second stroke, her doctor told her that the stress from the deposition contributed to those strokes.

7. Ms. Harvey further informed me that around Christmas of 2022 (two months after her deposition), she suffered a third stroke. This third stroke caused paralysis to her entire body.

8. Ms. Harvey further informed me that she was taking multiple medications for anxiety and ongoing medical conditions.

9. I, as well as additional members of the Plaintiffs' trial team who had interacted with Ms. Harvey, had concerns regarding her ability to testify, but decided to begin meeting with Ms. Harvey to evaluate whether her health conditions would affect her ability to testify at trial.

10. During preparation sessions on Friday, August 15, 2025, Ms. Harvey hyperventilated, had trouble breathing, cried from anxiety, required frequent breaks, and ultimately could not continue.

11. During preparation sessions on Saturday, August 16, 2025, Ms. Harvey exhibited similar signs of distress, required frequent breaks, and ultimately could not continue.

12. Given her level of stress during these preparation sessions, as well as her history of multiple strokes and her experiences during her deposition, members of the Plaintiffs' trial team met with Ms. Harvey later that afternoon on Saturday, August 16, 2025, to make sure she was comfortable and capable of testifying at trial. Ms. Harvey agreed she was not comfortable and could not testify at trial.

13. Plaintiffs' trial team convened and agreed that it was not in Ms. Harvey's best interests to continue with any efforts to testify in this case due to her health conditions.

14. During this afternoon meeting, Ms. Harvey was still exhibiting signs of distress and said she would like to go home but did not feel comfortable flying home. A car was hired to drive Ms. Harvey back to her home that night.

15. I immediately informed counsel for Google explaining the circumstances and facts stated above, that Ms. Harvey would not be called to testify, and offered that the parties could play portions of Ms. Harvey's videotaped deposition testimony at trial (which Google had already designated through pretrial exchanges and filings, Dkt. 606).

16. Within a few hours of my conversation with Google's counsel informing them that Ms. Harvey's health conditions would prevent her from appearing at trial, Google sent a process server to Ms. Harvey's personal residence at approximately 9:00 P.M. and served her with a trial subpoena commanding her to return to San Francisco on August 19, 2025 for trial. This experience caused Ms. Harvey additional anxiety and distress.

17. Ms. Harvey informed me that the process server did not simply provide her with the trial subpoena. Instead, the process server engaged in conversation with Ms. Harvey, including telling her that Google would give her $300 to come to Court and testify for them. The process server also told Ms. Harvey that Google would help her setup remote video capabilities so that she could testify remotely (and keep the $300).

18. After the process server left, Ms. Harvey immediately called me and was obviously anxious and distressed regarding what had just happened with the process server. She reiterated that she cannot testify in this case because of her health conditions and cannot travel back to San Francisco.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 17th day of August, 2025, at San Francisco, California.

*/s/ James Lee*
James Lee

3
DECLARATION OF JAMES LEE
3:20-cv-04688-RS