**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted *pro hac vice*)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao (CA Bar No. 236165)
Beko Reblitz-Richardson (CA Bar No. 238027)
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel: (305) 539-8400
jlee@bsfllp.com

Alison L. Anderson (CA Bar No. 275334)
Samantha Parrish (CA Bar No. 318681)
M. Logan Wright (CA Bar No. 349004)
725 S. Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel: (213) 629-9040
alanderson@bsfllp.com
sparrish@bsfllp.com
mwright@bsfllp.com

*Attorneys for Plaintiffs*

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted *pro hac vice*)
Shawn J. Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander Frawley (admitted *pro hac vice*)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all other similarly situated,

        Plaintiffs,

        v.

GOOGLE LLC,

        Defendant.

Case No.: 3:20-cv-4688-RS

**PLAINTIFFS' MOTION *IN LIMINE* NUMBER 9 TO EXCLUDE ANY REFERENCE TO THE UNTIMELY DISCLOSED "PRIVACY AND TERMS" DOCUMENT**

Judge: Hon. Richard Seeborg
Trial Date: August 18, 2025

## I.    Introduction

Earlier today at 10am Pacific time, Google disclosed opening demonstratives that prominently display and quote a "Privacy and Terms" document that is **not** on Google's exhibit list; was **not** produced by Google during discovery; and was **not** identified by Google in response to an interrogatory asking Google to identify all "PUBLIC DISCLOSURES" that had anything to do with app activity data.

Plaintiffs promptly objected to Google showing this document to the jury during opening. The parties met and conferred at 2pm. Three hours later, at 5pm, Google sent Plaintiffs a new version of the opening demonstratives. The new version now displays excerpts of a *different* version of the "Privacy and Terms" document, which excerpts Google has unearthed from within a 273-page *Australian* court filing from 2020, and which contain different wording from Google's earlier draft of the opening demonstrative.

After showing the jury the 2020 Australian court filing during its opening presentation, Google next intends to show the jury a *July 2025* version of the "Privacy and Terms" document in a so-called "demonstrative" video. Google intends to play that video for the jury during its examination of the first scheduled witness, David Monsees. That so-called "demonstrative" is highly improper for even more reasons: the July 2025 version of the "Privacy and Terms" document was never produced by Google in any format during discovery.

Differences between these two versions of the "Privacy and Terms" document further underscore just how improper this last-minute gamesmanship is. The July 2025 video (and the earlier, now-withdrawn versions of the opening slides) contain *different language* in the parts of the document on which Google wants the jury to focus. Google is attempting to cobble together an evidentiary showing without having timely alerted Plaintiffs to this "public disclosure" and without having produced a full and authoritative set of the various versions of this document that Google has used over the years.

Google's last-minute change to its opening slides resolves precisely none of the problems with allowing the "Privacy and Terms" document to play any role whatsoever in this trial. The bottom line is that Google failed to identify *any* version of this document in response to Plaintiffs'

1

interrogatory that demanded precisely this information. Plaintiffs conducted discovery, and have prepared their case for trial, based on Google's interrogatory response. The prejudice to Plaintiffs, if Google were now permitted at the very last minute to rely on the "Privacy and Terms" document, would be enormous. Google has not offered any justification (let alone the "substantial justification" required by Rule 37(c)) for its failure to identify this document earlier as a relevant "PUBLIC DISCLOSURE."

The only appropriate remedy for Google's untimely disclosure of the "Privacy and Terms" document is for this Court to prohibit Google: (1) from making any mention or display of the document during opening; (2) from introducing the document into evidence, including through the so-called video "demonstrative"; and (3) from eliciting any testimony about this document.

## II.    The "Privacy and Terms" Document

The "Privacy and Terms" document is a webpage or mobile screen that purports to be displayed to a user when the user creates a *new* Google Account for the first time. The so-called demonstrative "video" that Google intends to play during Monsees' testimony shows a user's mobile phone screen during the process of creating a new Google Account (at least as of July 2025, which is when the video was created). After the user inputs some basic information—name, date of birth, desired email address, and so forth—the user's phone screen then displays the "Privacy and Terms" document. It is a long document. The "demonstrative" video scrolls through it all. The beginning of the document is shown in Exhibit 1 to this motion (a screenshot of the video at 1:05):

1
2
3
4
5
6
7
8
9
10
11



12  Ex. 1, at 1. The "Privacy and Terms" document contains several passages describing how Google

13  "processes" the user's data and "associates" it with the user's "Google Account." *Id.* The document

14  also states that Google will "process" the user's data "when you use apps . . . that use Google

15  services like ads [and] Analytics." *Id.* at 2. That is (some of) the app-activity data that is at the very

16  heart of this case.

17          Google's proposed opening slides display two excerpts from a 273-page "Annexure to

18  Statement of Agreed Facts" filed with the Federal Court of Australia in 2020, in a case brought

19  against Google by the Australian Competition and Consumer Commission. The full version of the

20  Australian court filing is G-921, and is attached to this motion as Exhibit 2. This Australian filing

21  purports to contain two (Australian?) versions of the "Privacy and Terms" policy—one dating

22  from "1 January 2017 to 29 April 2018" and the other from "30 April 2018 to 29 October 2019."

23  Ex. 2, at -769 ("Index"). The right-hand margins of nearly every one of the 273 pages are full of

24  out-of-court assertions purporting to explain additional changes to the text that occurred at various

25  times. In some places, the document asserts that it is displaying a "recreation" of the "Privacy and

26  Terms" document. *E.g.*, *id.* at 60. The document's "author," according to its metadata, is an

27  Australian law firm. Frawley Decl. ¶ 2. From the first page to the last, Exhibit G-591 is chock-full

28

3

1    of out-of-court assertions by Google's Australian lawyers about what text supposedly appeared

2    where and when in the "Privacy and Terms" document and other user-facing Google disclosures.

3          Google's opening demonstratives contain snippets from pages 57 and 59 of the Australian

4    court filing. *Id.* at 57, 59. Google's first slide referencing this document is:



17   Ex. 3 at 1.

18         The next slide in Google's demonstratives is another excerpt, this one taken from page 59

19   of the Australian court filing:

4

1
2
3
4
5
6
7
8
9
10
11
12

### Users Decide What Activity is Saved in Google Account

**Privacy and Terms**

apps that partner with Google;
- Improve security by protecting against fraud and abuse; and
- Conduct analytics and measurement to understand how our services are used. We also have partners that measure how our services are used. Learn more about these specific advertising and measurement partners.

**Combining data**
We also combine this data among our services and across your devices for these purposes. For example, depending on your account settings, we show you ads based on information about your interests, which we can derive from your use of Search and YouTube; and we use data from trillions of search queries to build spell-correction models that we use across all of our services.

**You're in control**
Depending on your account settings, some of this data may be associated with your Google Account and we treat this data as personal information. You can control how we collect and use this data now by clicking 'More Options' below. You can always adjust your controls later or withdraw your consent for the future by visiting My Account (myaccount.google.com).


Google Account

**You're in control**
Depending on your account settings, some of this data may be associated with your Google Account and we treat this data as personal information. You can control how we collect and use this data now by clicking 'More Options' below. You can always adjust your controls later or withdraw your consent for the future by visiting My Account (myaccount.google.com).

13  The language on that slide is *different from* Google's first version of the proposed opening
14 demonstrative, and also *different from* the July 2025 version that Google intends to show the jury
15 in the so-called "demonstrative" video.  The July 2025 version and the 2020 Australian version
16 are set forth below:

17 **July 2025 Video:**                          **2020 Australian Court Filing:**

18
19
20
21

You're in control

Depending on your account settings, some of this data may be associated with your Google Account. Google treats this data as personal information.

Web & App Activity is turned on when you create your account, but you can change this and other settings by selecting "More options" below. You can always change your settings later by visiting account.google.com.

You're in control
Depending on your account settings, some of this data may be associated with your Google Account and we treat this data as personal information. You can control how we collect and use this data now by clicking 'More Options' below. You can always adjust your controls later or withdraw your consent for the future by visiting My Account (myaccount.google.com).

22
23 Ex. 1 at 3; Ex. 2 at -826

24 Google has not even attempted to explain the difference.

25
26
27
28

### III.    Google Did Not Disclose the "Privacy and Terms" Document In Response to Plaintiffs' Interrogatory Number 8

More than four years ago, Plaintiffs served Interrogatory Number 8, which asked Google to "identify":

> one copy of each version of each and every PUBLIC DISCLOSURE that YOU made to USERS. If a PUBLIC DISCLOSURE existed in different versions, IDENTIFY each version separately. For each PUBLIC DISCLOSURE YOU IDENTIFY, state the following information:
>
> > (1) the date range during which the PUBLIC DISCLOSURE was shown by YOU to USERS;
> >
> > (2) a brief description of the way in which the PUBLIC DISCLOSURE was displayed to USERS, sufficient to indicate the specific manner in which the PUBLIC DISCLOSURE was displayed.

Ex. 4, at 7.   The capitalized term "PUBLIC DISCLOSURE" was defined by Plaintiffs' interrogatory as "any text that was both (1) shown to a USER at any time and in any fashion, including but not limited to a privacy policy or terms of service; and (2) concerns the collection, use, or retention of APP-INTERACTION DATA by any person or entity (e.g., the APP or GOOGLE)."   The term "USER" was defined to include "persons residing in the United States who use any of YOUR services." Ex. 4, at 4.

Google responded to this interrogatory by listing, across 16 pages, many versions of various disclosures such as the Privacy Policy; the "How Google Uses Information from Sites or Apps that Use Our Services" webpage, Google's "help pages concerning the Firebase SDK," and others with which this Court is now familiar because the parties have been quoting and discussing them for years. Ex. 5, at 34-49 (Google's third supplemental response to interrogatory 8). *The "Privacy and Terms" document was not disclosed in response to interrogatory number 8.* Nor did Google rely on this document in its motions to dismiss, class certification opposition, or summary judgment motion.

The "Privacy and Terms" document should have been disclosed in response to interrogatory number 8. Google obviously believes that the document is a 'PUBLIC DISCLOSURE,' that is, a text purportedly shown to United States users concerning the "collection, use, or retention of APP-INTERACTION DATA." Ex. 4, at 3 (defining "PUBLIC

---

DISCLOSURE"). And Google clearly intends to make prominent use of this document during trial, as demonstrated by its inclusion in Google's opening demonstratives.

On today's meet and confer, Google offered no explanation whatsoever for its failure to identify the "Privacy and Terms" document in response to interrogatory 8.

## IV.    This Court Should Bar Google from Entering the "Privacy and Terms" Document Into Evidence or Eliciting Any Testimony About It

Rule 37(c)(1) is an "automatic sanction" that "prohibits the use of improperly disclosed evidence." *Merchant v. Corizon Health, Inc.,* 993 F.3d 733, 740 (9th Cir. 2021). The rule provides: "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1).

Rule 26(e) in turn requires that any party "who has responded to an interrogatory . . . must supplement or correct its disclosure or response" in a timely manner "if the party learns that in some material respect the disclosure or response is incomplete or incorrect and if the additional or corrective information has not otherwise been made known." Fed. R. Civ. Proc. 26(e)(l)(A).

"Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information" that was not properly disclosed. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Google bears the burden to prove substantial justification or harmlessness. *Id.* at 1107. Google can prove neither.

Google has no justification for failing to timely supplement Interrogatory No. 8 to identify the Privacy & Terms document. Google served *three* supplemental responses to this interrogatory, including most recently on April 28, 2023. Google identified many other disclosures in its responses and has no excuse for omitting this one, particularly since this one is apparently so critical to Google's defense that it plans to feature it within its opening statement.

Nor can Google prove harmlessness. The prejudice to Plaintiffs from Google disclosing a new "PUBLIC DISCLOSURE" for the first time literally on the eve of trial would be cataclysmic. Plaintiffs are prepared for trial. But their preparation has not focused on this document.

7

"The theory of disclosure under the Federal Rules of Civil Procedure is to encourage parties to try cases on the merits, not by surprise, and not by ambush." *Rodriguez v. Akima Infrastructure Servs., LLC*, 2019 WL 5212968, at *4 (N.D. Cal. Oct. 16, 2019). "Disclosing the potential use of a document—and the possibility that it may support a claim or defense—allows other parties to meaningfully conduct discovery regarding those materials and what their authors would say on relevant issues, which in turn informs the party's judgment about which witnesses it may want to call at trial, either to controvert testimony or to put it in context." *Id.* By failing to disclose the Privacy & Terms document, Google has deprived Plaintiffs of the opportunity to pursue discovery into this document and plan for trial. *See id.*

One consequence of Google's failure to identify the "Privacy and Terms" document has become apparent just in the last few hours—the lack of an authoritative set of the various versions of this document shown over time. For every "PUBLIC DISCLOSURE" that Google did identify, in response to interrogatory 8, Google agreed to provide (at Plaintiffs' insistence) separate productions of each version of the document in use in the United States and the date on which it first came into use. Nothing of the sort exists for the "Privacy and Terms" document—instead, Google asks to be permitted to introduce its Australian lawyers' say-so about what the document said during just two time periods. Furthermore, if this document had been timely identified during discovery as a relevant "PUBLIC DISCLOSURE," then Plaintiffs would have demanded earlier versions of it from *before* the class period began. After all, this is a document shown to the user just once, during the process of creating a new Google account. Some class members created their accounts *before* the class period began and thus may have seen an earlier version of this document—or something else entirely. Google's untimely disclosure deprived Plaintiffs of an opportunity to take discovery into that and any other issues regarding this document.

The proper sanction for Google's egregiously untimely disclosure of the "Privacy and Terms" document is for this Court to enter an order that: (1) forbids Google from even showing the document to the jury (whether during opening statements, or in the supposed "demonstrative" video, or in any other way); and (2) forbids Google from eliciting any testimony about the

8

document's contents. *See Rodriguez*, 2019 WL 5212968, at *4 (entering similar order because of party's failure to timely produce information during discovery).

### V.    Google's Exhibits G-574 and G-921 Are Inadmissible Hearsay

Even if the Court does not exclude the "Privacy & Terms" document from trial altogether under Rule 37(c), the Court should still bar Google from using its proposed demonstrative slides for another, independent reason: The Australian court filing is inadmissible hearsay as to which no exception applies. Because the document will not come into evidence at trial, Google should not be allowed to show excerpts of it to the jury during Google's opening statement.

To be sure, the text of the actual "Privacy & Terms" document is not hearsay—for the same reason that a contract is not hearsay. The actual "Privacy & Terms" would not be offered to prove the truth of anything.

But the 2020 Australian court filing *is* hearsay. This document is an out-of-court statement that is being offered to prove: (1) what text appeared on the "Privacy and Terms" computer screen or mobile app; (2) at what point in the process of creating an account that text appeared; and (3) the dates during which the text appeared. The margins of the document contain numerous out-of-court assertions, apparently by Google's lawyers, purporting to attest to what parts of these public disclosures were shown to users and when. In some places the document states that it is displaying "recreation[s]" of what the document said. *E.g.*, Ex. 2, at -827. To prove what the "Privacy and Terms" computer screen or mobile screen actually stated to United States users, and when, Google may not now rely on five-year-old, out-of-court assertions by its Australian lawyers.

### VI.    Conclusion

If Google wanted to use the "Privacy and Terms" document to support its defenses, then Google was required to identify the document in response to Interrogatory 8. Google's failure to do so caused Plaintiffs not to seek discovery on the document. With less than a day before trial begins, the prejudice to Plaintiffs from permitting the document into evidence would be catastrophic. Exclusion of the document entirely, as well as any testimony relating to it, is the "automatic sanction" that Rule 37(c)(1) requires. *Corizon Health,* 993 F.3d at 740.

Dated: August 17, 2025                          Respectfully submitted,


                                                By:  */s/ Mark Mao*
                                                Mark C. Mao (CA Bar No. 236165)
                                                mmao@bsfllp.com
                                                Beko Reblitz-Richardson (CA Bar No. 238027)
                                                brichardson@bsfllp.com
                                                BOIES SCHILLER FLEXNER LLP
                                                44 Montgomery Street, 41st Floor
                                                San Francisco, CA 94104
                                                Telephone: (415) 293-6800
                                                Facsimile (415) 293-6899

                                                David Boies (*pro hac vice*)
                                                dboies@bsfllp.com
                                                BOIES SCHILLER FLEXNER LLP
                                                333 Main Street
                                                Armonk, NY 10504
                                                Telephone: (914) 749-8200
                                                Facsimile: (914) 749-8300

                                                James Lee (*pro hac vice*)
                                                jlee@bsfllp.com
                                                BOIES SCHILLER FLEXNER LLP
                                                100 SE 2nd Street, Suite 2800
                                                Miami, FL 33131
                                                Telephone: (305) 539-8400
                                                Facsimile: (305) 539-1307

                                                Alison L. Anderson (CA Bar No. 275334)
                                                alanderson@bsfllp.com
                                                Samantha Parrish (CA Bar No. 318681)
                                                sparrish@bsfllp.com
                                                M. Logan Wright (CA Bar No. 349004)
                                                mwright@bsfllp.com
                                                BOIES SCHILLER FLEXNER LLP
                                                725 S. Figueroa St., 31st Floor
                                                Los Angeles, CA 90017
                                                Telephone: (213) 629-9040
                                                Facsimile: (213) 629-9022

                                                Bill Carmody (*pro hac vice*)
                                                bcarmody@susmangodfrey.com
                                                Shawn J. Rabin (*pro hac vice*)
                                                srabin@susmangodfrey.com
                                                Steven Shepard (*pro hac vice*)
                                                sshepard@susmangodfrey.com

                                                     10

Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram (CA Bar No. 238027)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

*Attorneys for Plaintiffs*