# Exhibit #4

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
brichardson@bsfllp.com

Jesse Panuccio (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
1401 New York Avenue, NW
Washington, DC 20005
Tel.: (202) 237-2727
Fax: (202) 237-6131
jpanuccio@bsfllp.com

Amanda K. Bonn, CA Bar No. 270891
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
abonn@susmangodfrey.com

William S. Carmody (admitted *pro hac vice*)
Shawn Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel.: (212) 336-8330
Fax: (212) 336-8340
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com

John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
**MORGAN & MORGAN**
711 Van Ness Ave., Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Fax: (415) 358-6923
mram@forthepeople.com

*Attorneys for Plaintiffs;*
*Additional counsel listed in signature block*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| ANIBAL RODRIGUEZ, JULIEANNA MUNIZ, ELIZA CAMBAY, SAL CATALDO, EMIR GOENAGA, JULIAN SANTIAGO, HAROLD NYANJOM, KELLIE NYANJOM, and SUSAN LYNN HARVEY, individually and on behalf of all other similarly situated,<br><br>       Plaintiffs,<br><br>  v.<br><br>GOOGLE LLC,<br><br>       Defendant. | Case No. 3:20-cv-04688-RS<br><br>**PLAINTIFFS' INTERROGATORIES TO DEFENDANT GOOGLE LLC SET THREE** |

| | |
|---|---|
| Propounding Party: | Plaintiffs Anibal Rodriguez, Julieanna Muniz, Eliza Cambay, Sal Cataldo, Emir Goenaga, Julian Santiago, Harold Nyanjom, Kellie Nyanjom, and Susan Lynn Harvey |
| Responding Party: | Defendant Google LLC |
| Set No.: | Three |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiffs Anibal Rodriguez, Julieanna Muniz, Eliza Cambay, Sal Cataldo, Emir Goenaga, Julian Santiago, Harold Nyanjom, Kellie Nyanjom, and Susan Lynn Harvey hereby submit the following Interrogatories to Defendant Google LLC ("Google"). Each Interrogatory is to be read in accordance with the Definitions and Instructions that follow. Responses are due within thirty (30) days of service.

### DEFINITIONS

1.     The term "ALL" includes the word "ANY," and vice versa.

2.     The term "APP" refers to any software intended to be run on a mobile device, including a phone, tablet, or personal digital assistant ("PDA"). The term also includes the APP DEVELOPERS of each APP.

3.     The term "APP DEVELOPER" means any developer, owner, operator or administrator of an APP.

4.     The term "GOOGLE APP DEVELOPER DISCLOSURE" means any text that was both (1) shown by YOU to an APP DEVELOPER at any time and in any fashion (including but not limited to during the APP DEVELOPER'S contracting with YOU to use FIREBASE SDK); and (2) concerns (i) GOOGLE's collection, use, or retention of APP-INTERACTION DATA or (ii) GOOGLE's disclosures to USERS about GOOGLE'S collection, use, or retention of APP-INTERACTION DATA.

5.     "APP-INTERACTION DATA" means data relating to a USER'S interaction with an APP on the USER's device, including but not limited to a USER's viewing of content, sharing of content, creation or deletion of content, and/or any other "events" or "actions" or "parameters" as those terms are used and defined by FIREBASE SDK.

6.      The term "CLASS PERIOD" means the class period as referenced in paragraph 11 of the First Amended Complaint.

7.      The terms "CONCERNING" or "RELATING TO" include addressing, analyzing, concerning, constituting, containing, commenting on, discussing, describing, identifying, in connection with, referring to, reflecting, relating, relating to, reporting on, stating, or dealing with, in whole or in part, in addition to their customary and usual meanings, and shall be construed in the broadest sense possible.

8.      The term "DEVICE SETTINGS" means controls or settings provided by YOU to a USER that purport to affect how and where a USER's data is collected, used, saved, or stored.  This term is not limited to controls or settings provided on the device itself; it also includes controls or settings provided through a website (e.g., GOOGLE's My Account and My Activity pages).  The term includes the Web & App Activity feature described in the Plaintiffs' Complaint.

9.      The term "GOOGLE" means GOOGLE LLC and any of its directors, officers, consultants, agents, representatives, predecessors in interest, subsidiaries, assignees, licensees, employees, attorneys and any other persons acting on GOOGLE LLC'S behalf, including contractors.  The term also includes all computers, servers, and other information systems under the control of GOOGLE.

10.     The term "FIREBASE SDK" means GOOGLE'S Firebase SDK development platform and all code, scripts, and other development and reporting tools made available to APP DEVELOPERS on that platform.  The term includes all code and scripts, contained within any APP, that were provided by or originated from GOOGLE'S Firebase SDK development platform

11.     The term "INCLUDE" or "INCLUDING" means "include, but not limited to" or "including, but not limited to."

12.     The term "PUBLIC DISCLOSURE" means any text that was both (1) shown to a USER at any time and in any fashion, including but not limited to a privacy policy or terms of service; and (2) concerns the collection, use, or retention of APP-INTERACTION DATA by any person or entity (e.g., the APP or GOOGLE).

PLAINTIFFS' INTERROGATORIES TO DEFENDANT GOOGLE LLC, SET THREE
CASE NO.: 3:20-CV-04688-RS

13.     The term "USER" means persons residing in the United States who use any of YOUR services, including any APP that uses FIREBASE SDK.  The term "USER" includes (but is not limited to) anyone that can be identified by his or her electronic device(s).

14.     The term "YOU" or "YOUR" means or refers to Defendant GOOGLE LLC, and any of its attorneys, agents, representatives, predecessors, successors, assigns, and any persons acting or purporting to act on its behalf.

## GENERAL INSTRUCTIONS

1.     **Time Period.**  The time period for these requests is the start of the class period or January 1, 2014, whichever is earlier, through the present (and ongoing) unless stated otherwise.

2.     **Responses**:  When an Interrogatory asks for specific information, and the specific information requested is not known to you, such Interrogatory shall be deemed to ask you to approximate the information requested as best you can, provided that you indicate in your response that the information being provided is an approximation or is incomplete.  When, after a reasonable and thorough investigation using due diligence, you are unable to answer any part of an Interrogatory because of lack of information available to you, specify in full and complete detail the type of information which you claim is not available to you and what has been done by you to locate such information. In addition, specify what knowledge or information you have concerning the unanswered portion of the Interrogatory, set forth the facts upon which such knowledge or belief is based, and identify the person or entity who is likely to have the information which you claim is not available.

3.     **Construction**:  For purposes of reading, interpreting, or construing the scope of the DEFINITIONS, INSTRUCTIONS, and INTERROGATORIES, all of the terms shall be given their most expansive and inclusive interpretation. This INCLUDES the following:

(a)     The singular form of a word shall be interpreted as plural and vice versa.

(b)     "And," "or," as well as "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatory anything might otherwise be construed to be outside the scope of the Interrogatory.

4

(c)     "All," "each" and "any" shall be construed as "all, each, and any."

(d)     The masculine form of a word shall be interpreted as and shall include the feminine and vice versa.

(e)     The use of a verb in any particular tense shall be construed as the use of the verb in all other tenses as necessary to bring within the scope of the Interrogatory that might otherwise be construed to be outside the scope of the Interrogatory.

4.      **Objections:**  Each Interrogatory shall be responded to fully, unless it is objected to in good faith. In that case, the reason(s) for the objection shall be stated in writing and with particularity. If an objection is to only a portion of the Interrogatory, state the objection as to that portion only and respond to any portion of the Interrogatory to which YOU do not object.

(a)     If YOU claim any ambiguity in interpreting the Interrogatory or any of the applicable Instructions or Definitions, such claim shall not be used as a basis for refusing to respond to the Interrogatory. In any such circumstance, YOU should set forth as part of YOUR response the language claimed to be ambiguous and the interpretation chosen or used by YOU in responding to the Interrogatory and YOU shall respond as fully as possible notwithstanding any claimed ambiguity or objection.

(b)     If YOU object to the Interrogatory on the ground that it is overly broad, YOU are instructed to provide a response as narrowed to conform to YOUR objection and to state in YOUR response: (1) how YOU narrowed the Interrogatory; and (2) all reason(s) why YOU claim the Interrogatory is overly broad.

5.      **Privilege Log:**  If any information called for by these Interrogatories is withheld under a claim of privilege or is not responded to for whatever reason, you are requested at the time of responding to these Interrogatories to separately state in writing and with specificity for any such information withheld (a) the claim of privilege or other reason asserted for withholding such information; and (b) all information supporting the claim of privilege or other reason for

5

withholding asserted as to such information, including, without limitation, the type or nature of the response for which a privilege is claimed, all in a manner sufficient to allow each response to be described to the Court in order for the Court to rule on the validity of the claim of privilege or other reason asserted for withholding your response. You are further requested to provide all requested information that is not subject to a claim of privilege or other reasons for nonresponse by excising or otherwise protecting the portion of such response for which a privilege is asserted and responding to the remainder of the interrogatory.

6.    **Continuing Obligation**: These interrogatories are to be considered continuing in nature, and YOU must promptly furnish supplemental responses if any additional information is discovered or created after YOUR responses are tendered, or if any of YOUR responses are subsequently determined to be incorrect, incomplete, or misleading in any respect.

<u>**INTERROGATORIES**</u>

<u>**INTERROGATORY NO. 6:**</u>

Please IDENTIFY one copy of each version of each and every PUBLIC DISCLOSURE in which an APP that uses FIREBASE SDK informs USERS that APP-INTERACTION DATA will be collected (by the APP or by GOOGLE) notwithstanding the USERS' DEVICE SETTINGS. If a PUBLIC DISCLOSURE existed in different versions, IDENTIFY each version separately. For each PUBLIC DISCLOSURE YOU IDENTIFY, state the following information:

(1) the date range during which the PUBIC DISCLOSURE was shown to USERS;

(2) a brief description of the way in which the PUBLIC DISCLOSURE was displayed to USERS, sufficient to indicate the specific manner in which the PUBLIC DISCLOSURE was displayed;

(3) the specific portion(s) of the PUBLIC DISCLOSURE YOU contend is responsive to this Interrogatory.

For the purpose of this Interrogatory, the term "IDENTIFY" shall mean to state the beginning BATES number of the document.

<u>**INTERROGATORY NO. 7:**</u>

Please IDENTIFY one copy of each version of each and every GOOGLE APP

6

DEVELOPER DISCLOSURE that informs APP DEVELOPERS that FIREBASE SDK transmits APP-INTERACTION DATA to GOOGLE notwithstanding USERS' DEVICE SETTINGS.  If a GOOGLE APP DEVELOPER DISCLOSURE existed in different versions, IDENTIFY each version separately.  For each GOOGLE APP DEVELOPER DISCLOSURE YOU IDENTIFY, state the following information:

(1) the date range during which the GOOGLE APP DEVELOPER DISCLOSURE was shown by YOU to APP DEVELOPERS;

(2) a brief description of the way in which the GOOGLE APP DEVELOPER DISCLOSURE was displayed to APP DEVELOPERS, sufficient to indicate the specific manner in which the GOOGLE APP DEVELOPER DISCLOSURE was displayed;

(3) the specific portion(s) of the GOOGLE APP DEVELOPER DISCLOSURE YOU contend is responsive to this Interrogatory.

For the purpose of this Interrogatory, the term "IDENTIFY" shall mean to state the beginning BATES number of the document.  It is not necessary to identify separately every signed copy of a form contract; rather, please IDENTIFY one unsigned copy of the form contract.

**INTERROGATORY NO. 8:**

Please IDENTIFY one copy of each version of each and every PUBLIC DISCLOSURE that YOU made to USERS.  If a PUBLIC DISCLOSURE existed in different versions, IDENTIFY each version separately.  For each PUBLIC DISCLOSURE YOU IDENTIFY, state the following information:

(1) the date range during which the PUBLIC DISCLOSURE was shown by YOU to USERS;

(2) a brief description of the way in which the PUBLIC DISCLOSURE was displayed to USERS, sufficient to indicate the specific manner in which the PUBLIC DISCLOSURE was displayed.

For the purpose of this Interrogatory, the term "IDENTIFY" shall mean to state the beginning BATES number of the document.

PLAINTIFFS' INTERROGATORIES TO DEFENDANT GOOGLE LLC, SET THREE
CASE NO.: 3:20-CV-04688-RS

1

Respectfully submitted,

2    Dated:  March 17, 2021

**SUSMAN GODFREY LLP**

3

By: */s/ Steven M. Shepard*

4

5

Steven M. Shepard (admitted *pro hac vice*)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023

6

Tel.: (212) 336-8330
Fax: (212) 336-8340

7

sshepard@susmangodfrey.com

8

9

Mark C. Mao, CA Bar No. 236165
Beko Richardson, CA Bar No. 238027

**BOIES SCHILLER FLEXNER LLP**

10

44 Montgomery St., 41st Floor
San Francisco, CA 94104

11

Tel.: (415) 293-6800

12

Fax: (415) 293-6899
mmao@bsfllp.com

13

brichardson@bsfllp.com

14

James Lee (admitted *pro hac vice*)

15

Rossana Baeza (admitted *pro hac vice*)

**BOIES SCHILLER FLEXNER LLP**

16

100 SE 2nd St., 28th Floor
Miami, FL 33131

17

Tel.: (305) 539-8400
Fax: (303) 539-1307

18

jlee@bsfllp.com

19

rbaeza@bsfllp.com

20

Jesse Panuccio (admitted *pro hac vice*)

**BOIES SCHILLER FLEXNER LLP**

21

1401 New York Ave, NW
Washington, DC 20005

22

Tel.: (202) 237-2727
Fax: (202) 237-6131

23

jpanuccio@bsfllp.com

24

25

Amanda K. Bonn, CA Bar No. 270891

**SUSMAN GODFREY L.L.P**

26

1900 Avenue of the Stars, Suite 1400
Los Angeles, CA. 90067

27

Tel: (310) 789-3100
Fax: (310) 789-3150

28

abonn@susmangodfrey.com

8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

William S. Carmody (admitted *pro hac vice*)
Shawn Rabin (admitted *pro hac vice*)
Alexander P. Frawley (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel.: (212) 336-8330
Fax: (212) 336-8340
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
afrawley@susmangodfrey.com

John A. Yanchunis (admitted *pro hac vice*)
Michael F. Ram CA Bar No. 104805
Ryan J. McGee (admitted *pro hac vice*)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
mram@forthepeople.com
rmcgee@forthepeople.com

*Attorneys for Plaintiffs*

9

1

## **PROOF OF SERVICE**

2

I, Alexander P. Frawley, declare:

3

I am a citizen of the United States and employed in the County of New York, New York.  I

4

am over the age of 18 and not a party to the within action; my business address 1301 Avenue of the

5

Americas, 32nd Floor New York, NY 10019-6023.

6

On March 17, 2021, I served the following document described as:

7

**Plaintiffs' Interrogatories to Defendant Google LLC, Set Three**

8

By electronic mail transmission from afrawley@susmangodfrey.com on March 17, 2021, by

9

transmitting a PDF format copy of such document to each such person at the e-mail addresses listed

10

below. The document was transmitted by electronic transmission and such transmission was reported

11

as complete and without error:

12

13
Benedict Y. Hur
Simona Agnolucci

14
Eduardo E. Santacana
Amanda Maya

15
Willkie Farr & Gallagher LLP
One Front Street, 34th Floor

16
San Francisco, CA. 94111
Tel: 415-858-7400

17
Fax: 415-858-7577

18
bhur@willkie.com
sagnolucci@willkie.com

19
esantacana@willkie.com
amaya@willkie.com

20

21
*Attorneys for Defendant*

22

23

Executed on March 17, 2021, at New York, New York.

24

*/s/ Alexander Frawley*

25

26

27

28

1