COOLEY LLP
MICHAEL A. ATTANASIO (151529)
(mattanasio@cooley.com)
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
NAIARA TOKER (346145)
(ntoker@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
THILINI CHANDRASEKERA (333672)
(tchandrasekera@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
CHELSEA HU (357212)
(chu@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111-4004
Telephone:     (415) 693-2000
Facsimile:     (415) 693-2222

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**GOOGLE LLC'S OBJECTIONS TO PLAINTIFFS' OPENING DEMONSTRATIVES REGARDING DAMAGES; GOOGLE'S RELATED MOTION IN LIMINE NO. 15 TO EXCLUDE EVIDENCE OF UNTIMELY ALTERNATIVE UNJUST ENRICHMENT CALCULATIONS**<br><br>Dept:     3, 17th Fl.<br>Judge:    Hon. Richard Seeborg<br><br>Date Action Filed: July 14, 2020<br>Trial Date: August 18, 2025 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S OBJS. TO PLS.' DAMAGES
DEMONSTRATIVES; MIL RE UNJUST ENRICH.
3:20-CV-04688-RS

Defendant Google LLC ("Google") hereby submits these objections to Plaintiffs' proposed opening demonstratives regarding calculations for actual damages and unjust enrichment. Plaintiffs' demonstratives for actual damages illustrate the danger of Plaintiffs' reliance on new and unsupported damages models that Google raised in its Motion *in Limine* (No. 13) Regarding Improper Demonstratives and Argument Re Actual Damages, filed on August 8, 2025. *See* Dkt. No. 589.

Further, Plaintiffs now appear to plan to present inflated figures to the jury for their unjust enrichment calculation based on untimely "alternative calculations" proffered by Plaintiffs' damages expert, Michael Lasinski. Google respectfully requests that the Court exclude the new figures for both actual damages and unjust enrichment, and instruct Plaintiffs that they may not present to the jury any demonstratives, statements, or evidence regarding these figures.

## I. BACKGROUND

### A. Mr. Lasinski's Damages Opinions

On February 20, 2023, Mr. Lasinski served an initial expert report on the appropriate damages in this case under two models: (1) Plaintiffs' actual damages and (2) Google's unjust enrichment. *See* Dkt. No. 364-23 ("Initial Lasinski Rep."). The Initial Lasinski Report provided damages calculations for each model for the period from July 1, 2016 through December 31, 2022. *See id.* ¶ 10. On January 3, 2025, Mr. Lasinski served a supplemental expert report updating his calculations to include the full class period of July 1, 2016 through September 23, 2024, and also proffering a new model for actual damages, which the Court struck as improper on February 21, 2025. *See* Dkt. No. 462 ("Order Striking Damages Multiplier"); *see also* Dkt. No. 454-4 ("Stricken Suppl. Lasinski Rep."). On April 25, 2025, Mr. Lasinski served a second supplemental expert report omitting his new model for actual damages. *See* Decl. of T. Chandrasekera ("Chandrasekera Decl.") at Ex. A ("Suppl. Lasinski Rep.").

The background of Mr. Lasinski's actual damages opinion is addressed by Google's Motion in Limine (No. 13) Regarding Improper Demonstratives and Argument Re Actual Damages, filed on August 8, 2025. *See* Dkt. No. 589.

With respect to unjust enrichment, Mr. Lasinski originally opined that Google's relevant

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

GOOGLE'S OBJS. TO PLS.' DAMAGES
DEMONSTRATIVES; MIL RE UNJUST ENRICH.
3:20-CV-04688-RS

operating costs were the traffic acquisition costs ("TAC") in its profit-and-loss ("P&L") statements, which were "not labeled as being specific to the U.S. (as opposed to global)," but which Mr. Lasinski assumed was a U.S.-specific financial statement. Initial Lasinski Rep. ¶ 83 n.150 (citing GOOG-RDGZ-00184247 (PX0419, G0588) and GOOG-RDGZ-00185744 (PX0420, G0591)).

Although Mr. Lasinski followed this same process in his second supplemental report, leading to his opinion that unjust enrichment for the class period ranges from $1.498 billion to $1.726 billion, he also added a brand new calculation in a footnote, claiming he had newly performed "alternative calculations" for unjust enrichment. Suppl. Lasinski Rep. ¶ 7 & Fig. 1; *see id.* at ¶ 7 n.9. Per this single footnote, Mr. Lasinski explained that he assumed that lower, global TACs percentages would apply to the United States. *See id.* ¶ 7 n.9. He refers readers to "alternative calculations" in schedule SS1.1-II which includes a range of unjust enrichment figures between $2.127 billion and $2.431 billion. *See id.* at SS1.1-II. No such opinion for calculating operating costs had been disclosed by Mr. Lasinski previously, and no such damages figures had been disclosed in any form by Plaintiffs before.

### B. Pretrial Conference Discussion and Meet and Confer Efforts.

The Court held a pretrial conference on July 30, 2025. Toward the end of the pretrial conference, the Court instructed the parties to "promptly" file by Tuesday, August 5, 2025 any motions related to experts' supplemental reports if meet and confer efforts failed to resolve outstanding issues. *See* Chandrasekera Decl. at Ex. D ("Pretrial Conf. Tr.") at 121:7–17.[1]

Between August 1, 2025, and August 16, 2025, the parties engaged in extensive and detailed back-and-forth over Mr. Lasinski's new opinion in his second supplemental report and Plaintiffs' argument that Dr. Knittel had disclosed impermissible opinions in a supplemental report, too. Unfortunately, while it looked as though the parties had reached a grand bargain, the parties' negotiations ultimately fell apart, and Plaintiffs refuse to withdraw Mr. Lasinski's newly disclosed footnote damages calculation. *See* Chandrasekera Decl. at Ex. E ("Meet and Confer Emails").

---

[1] Plaintiffs suggest that Google's August 8, 2025 motion in limine to exclude argument regarding the actual damages multiplier was untimely. *See* Opp'n to MIL Re Damages Multiplier 3. As evident from the transcript, the August 5 deadline applied to the discussion of *Daubert*-esque motions about supplemental expert opinions, and the issue of attorney argument was subsequent and independent. *See* Pretrial Conf. Tr. at 120:7–122:10.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S OBJS. TO PLS.' DAMAGES
DEMONSTRATIVES; MIL RE UNJUST ENRICH.
3:20-CV-04688-RS

### C. Plaintiffs' Opening Demonstratives.

On August 17, 2025, the parties exchanged demonstratives for their opening presentations. *See* Chandrasekera Decl. ¶ 5. Plaintiffs' demonstratives show that they intend to display several per-month multipliers of Mr. Lasinski's actual damages calculation reaching up to almost $30 billion. They also show that Plaintiffs intend to state that Google's unjust enrichment profits to be disgorged are "more than $2.28 Billion," which corresponds to Mr. Lasinski's new footnoted damages opinion; no other unjust enrichment calculation is presented. *See id.* at Ex. F ("Plaintiffs' Demonstratives").

## II. ARGUMENT

### A. Plaintiffs May Not Ask the Jury to Draw Inferences as to Actual Damages that are Unsupported by Evidence.

The Court has stricken the only evidentiary source—Mr. Lasinski's opinion—supporting a per-month multiplier of actual damages. *See* Order Striking Damages Multiplier. But Plaintiffs' demonstratives show that they plan to argue that the jury use the impermissible model of calculating sWAA-off device months (re-written as "months of sWAA-off per device").

**<u>Impermissible</u>**

COMPENSATORY DAMAGES BASED ON 56 MONTHS OF SWAA-OFF PER DEVICE

| VALUE OF DATA PER MONTH | × | NUMBER OF DEVICES | × | MONTHS | = | COMPENSATORY DAMAGES |
| --- | --- | --- | --- | --- | --- | --- |
| $3 | × | 174.52 MILLION | × | 56 | = | $29.32 BILLION |

Plaintiffs' Demonstratives at 3 (highlight added).

Google does not dispute that the class period is 98 months long, or that the jury will hear evidence as to the length of the class period. But Plaintiffs may not use one damages model throughout this litigation—as reinforced by Court order—and then urge the jury to use exactly that

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S OBJS. TO PLS.' DAMAGES
DEMONSTRATIVES; MIL RE UNJUST ENRICH.
3:20-CV-04688-RS

stricken model.

### B. Plaintiffs May Not Introduce Evidence of or Argument Regarding Mr. Lasinski's "Alternative Calculations" for Unjust Enrichment.

Although the Court has ruled that the jury will at most issue an advisory verdict on unjust enrichment, Plaintiffs should not be permitted to anchor the jury on a much higher, untimely "alternative calculation" made by Mr. Lasinski based on a new method for determining the TAC to subtract from revenue first disclosed years after expert discovery in a footnote. Indeed, if parties disclosed a new argument in a reply brief, in a footnote, the Court would safely ignore it; so should Mr. Lasinski's footnote damages disclosure be.

Yet Plaintiffs' opening demonstratives show that the only figure they plan to ask the jury for is based on the late disclosed footnote. *See* Plaintiffs' Demonstratives at 6 (highlight added).

This is not Mr. Lasinski's first attempt to balloon his initial damages figures. The Court already excluded Mr. Lasinski's "illustrative calculations" of upwardly-adjusted actual damages. *See* Order Striking Damages Multiplier at 3, 7. It should also exclude Mr. Lasinski's "alternative calculations" of upwardly-adjusted unjust enrichment figures, and related attorney argument and demonstratives. *See Turner v. Thyssenkrupp Materials NA, Inc.*, No. 818-cv-00822-CJC-KESx, 2020 WL 7123312, at *3 (C.D. Cal. Nov. 5, 2020), *order clarified*, 2020 WL 7863859 (C.D. Cal. Nov. 12, 2020) (stating a party "aggrieved by an untimely supplementation may move to strike" the tardy report or for other sanctions); *see also, e.g.*, *Asia Vital Components Co. v. Asetek Danmark A/S*, 377 F. Supp. 3d 990, 1005–06 (N.D. Cal. 2019) (striking portions of expert declaration disclosing new theories).

Google recognizes that it files this motion to exclude Mr. Lasinski's "alternative calculations" on the eve of trial. *See* Meet and Confer Emails at 1. Google would have filed a motion in limine by August 5, 2025, pursuant to the Court's order, except for the fact that it believed it had agreed to a compromise proposed by Plaintiffs that "Lasinski will not testify that damages/unjust enrichment should be the figures identified in SS1.1-II" by August 4, 2025. *See* Chandrasekera Decl. ¶ 4; Meet and Confer Emails at 5. Not until the night before this filing—*i.e.*, the night of August 16, 2025—did Plaintiffs surprise Google with the statement that the parties

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S OBJS. TO PLS.' DAMAGES
DEMONSTRATIVES; MIL RE UNJUST ENRICH.
3:20-CV-04688-RS

"ha[d] not reached an agreement" (contravening the basic principle of offer-and-acceptance). *See* Meet and Confer Emails at 1. Google has accordingly attempted to file this argument with all due haste.

### III. CONCLUSION

For the reasons stated above, Google respectfully requests that, prior to Plaintiffs' opening presentation, the Court Order that Plaintiffs may not urge the jury to use a new per-month damages model; may not introduce evidence of the unjust enrichment figures from Mr. Lasinski's "alternative calculations" using a new and untested method for calculating operating costs; and may not present demonstratives or argument on these damages issues.

Dated: August 17, 2025

Respectfully submitted,

COOLEY LLP

By: */s/ Eduardo E. Santacana*
Michael A. Attanasio
Benedict Y. Hur
Simona Agnolucci
Eduardo E. Santacana
Argemira Flórez
Naiara Toker
Harris Mateen
Thilini Chandrasekera
Isabella McKinley Corbo
Chelsea Hu

*Attorneys for Defendant Google LLC*