# EXHIBIT C

**Windsor, Candy**

| | |
|---|---|
| **From:** | Ryan Sila <RSila@susmangodfrey.com> |
| **Sent:** | Saturday, August 16, 2025 9:49 PM |
| **To:** | Chandrasekera, Thilini; z/Firebase-Cooley |
| **Cc:** | WAA Google Team |
| **Subject:** | RE: Rodriguez: Improper Knittel Opinions |

**CAUTION: This Message Is From an External Sender**

This message came from outside your organization.

Thilini -

We have not reached an agreement and your statement below that we have is incorrect.

1. Mr. Lasinski's supplement and the schedules that you discuss below were proper supplementations based on updated spreadsheets Google produced after Mr. Lasinski's earlier reports. His report disclosed that those schedules were alternative calculations. They are proper supplements.

2. Professor Knittel's opinion, by contrast, was an improper supplement. Belinda Langer's deposition occurred during discovery, and if Professor Knittel had an issue with Mr. Lasinski's original reliance on certain P&L's as being U.S.-specific based on Ms. Langer's testimony, he should have raised the issue in his opening report.

3. When we raised Professor Knittel's improper supplementation, Google attempted to use Professor Knittel's opinion as leverage to get Mr. Lasinski to constrain his proper supplemental opinion from what was discussed in his report. We attempted to negotiate various permutations of an agreement, but did not come to one that is acceptable.

4. We intend to deal with Professor Knittel's opinions at trial. If you want to file a motion regarding Mr. Lasinski's entirely appropriate supplement, we intend to oppose it.

I think we have exhausted our discussions on the matter. But if you want to call, you are always welcome to.

Thanks,
Ryan

---

**From:** Chandrasekera, Thilini <tchandrasekera@cooley.com>
**Sent:** Saturday, August 16, 2025 1:53 PM
**To:** Ryan Sila <RSila@susmangodfrey.com>; z/Firebase-Cooley <zFirebase-Cooley@cooley.com>
**Cc:** WAA Google Team <waagoogleteam@simplelists.susmangodfrey.com>
**Subject:** RE: Rodriguez: Improper Knittel Opinions

EXTERNAL Email
Ryan, given that we have had a deal since August 4, it is unclear to us what the problem is.  It is not reasonable for Plaintiffs to renege on that deal four days before trial begins.  If we had been unable to reach an agreement directly after the pretrial conference, we would have filed a MIL earlier so that the Court is not burdened with one on the very eve of trial.  Your email suggests that Plaintiffs may have strategically drawn out this process after seeing our initial suggestions so as to prevent a timely MIL.  We hope this isn't the case and that there is a simple path to get back to our agreement.

1

As you know, we agreed that (1) Knittel will not criticize Lasinski's disgorgement opinions for treating App Promo revenues as U.S.-specific, when, according to Knittel, they are purportedly global; (2) Knittel will not criticize Lasinski's disgorgement opinions for treating Google's 2020 and 2021 U.S. App Promo revenues as billed, when, according to Knittel, they are purportedly served revenues; and (3) Lasinski will not testify that damages/unjust enrichment should be the figures identified in SS1.1-II.  We are not trying to expand the scope of the restriction on Lasinski, so the approach is not prejudicial to Plaintiffs.  We are trying to confirm our understanding that if Lasinski is testifying that unjust enrichment damages should be between ~$1.5B (for Scenario 1) and ~$1.7B (for Scenario 2), then he will not say that, for example, Class 1 numbers alone for Scenario 2 should be ~1.57B (this was the example previously provided from Lasinski's alternative schedules leading to the figured identified in SS1.1-II).

We think a quick call on this might be helpful.  Do you have time for a quick meet and confer this evening?

Best,
Thilini

Thilini Chandrasekera
Cooley LLP
San Francisco
+1 415 693 2125 office
+1 415 328 6471 mobile

**From:** Ryan Sila <RSila@susmangodfrey.com>
**Sent:** Thursday, August 14, 2025 11:17 AM
**To:** Chandrasekera, Thilini <tchandrasekera@cooley.com>; z/Firebase-Cooley <zFirebase-Cooley@cooley.com>
**Cc:** WAA Google Team <waagoogleteam@simplelists.susmangodfrey.com>
**Subject:** RE: Rodriguez: Improper Knittel Opinions

Counsel,

Plaintiffs are not willing to agree to this approach, which we think is prejudicial to Plaintiffs.  Mr. Lasinski should be permitted to present his opinions at trial, all of which are proper.  The schedules Google is referring to relate to new evidence produced by Google after Mr. Lasinski's initial report.  At the same time, we don't want to unnecessarily burden the Court with briefing.  As a result, if Google does not file any motion with respect to Mr. Lasinski, Plaintiffs are willing to not file any motion with respect to Dr. Knittel.  We trust this resolves this dispute, and the parties can address these issues through cross examination at trial.

Thanks,
Ryan

**From:** Chandrasekera, Thilini <tchandrasekera@cooley.com>
**Sent:** Thursday, August 14, 2025 10:36 AM
**To:** Ryan Sila <RSila@susmangodfrey.com>; z/Firebase-Cooley <zFirebase-Cooley@cooley.com>
**Cc:** WAA Google Team <waagoogleteam@simplelists.susmangodfrey.com>
**Subject:** RE: Rodriguez: Improper Knittel Opinions

EXTERNAL Email
Hi Ryan, following up on the Knittel/Lasinski stipulation.  Does the language below work for your team?

Best,
Thilini

Thilini Chandrasekera
Cooley LLP
San Francisco
+1 415 693 2125 office
+1 415 328 6471 mobile

**From:** Chandrasekera, Thilini <tchandrasekera@cooley.com>
**Sent:** Sunday, August 10, 2025 6:00 PM
**To:** Ryan Sila <RSila@susmangodfrey.com>; z/Firebase-Cooley <zFirebase-Cooley@cooley.com>
**Cc:** WAA Google Team <waagoogleteam@simplelists.susmangodfrey.com>
**Subject:** RE: Rodriguez: Improper Knittel Opinions

Thanks, Ryan.  To avoid getting bogged down here, let us know if this works:

Mr. Lasinski **is precluded from presenting any damages or unjust enrichment** ~~will not testify that damages or unjust enrichment should be the~~ figures identified in Schedule SS1.1-II from his supplemental report**, including any figures from SS1.2-II through SS7.1-II on which the SS1.1-II figures rely**.

Because Lasinski arrives at the figures in SS1.1-II based on the figures in the subsequent alternative schedules, we want to confirm that Lasinski won't testify about those underlying alternative figures either (which would defeat the point of the stip about the SS1.1-II figures).  For example, Lasinski will not testify that his alternative number for Class 1, Scenario 2, from July 1, 2016 - September 23, 2024 for All Account Types (Including Dasher and Unicorn Accounts) = $1,577,209,516.  (SS1.2B-II, Line 1.)

More than happy to get on a call to make sure we're on the same page.

Best,
Thilini

Thilini Chandrasekera
Cooley LLP
San Francisco
+1 415 693 2125 office
+1 415 328 6471 mobile

**From:** Ryan Sila <RSila@susmangodfrey.com>
**Sent:** Saturday, August 9, 2025 9:19 AM
**To:** Chandrasekera, Thilini <tchandrasekera@cooley.com>; z/Firebase-Cooley <zFirebase-Cooley@cooley.com>
**Cc:** WAA Google Team <waagoogleteam@simplelists.susmangodfrey.com>
**Subject:** RE: Rodriguez: Improper Knittel Opinions

Thilini – This is the first time you have raised SS1.2-II through SS7.1-II, after the court-ordered deadline, so let's set those aside. As it pertains to SS1.1-II, I'm not sure I follow what you mean by "geographically conservative." As the schedule illustrates, Google's documents reflect that its TACs as a percentage of revenue were substantially lower in years post-dating Lasinski's initial report. Lasinski's methodology as to those later years is conservative because he continues using the higher TAC percentage from earlier years. Can you please explain how that relates to the question of whether the revenues for  years predating Lasinski's/Knittel's initial reports are global or U.S.-specific?

We are willing to entertain reasonable compromises here. But you are asking us to foreclose proper testimony about Lasinski's supplemental report (about new time periods) based on your agreement for foreclose an opinion that was improperly added to Knittel's supplemental report (because it is about time periods before his initial report). We don't understand the reasoning.

Best,
Ryan

**From:** Chandrasekera, Thilini <tchandrasekera@cooley.com>
**Sent:** Thursday, August 7, 2025 10:13 PM
**To:** Ryan Sila <RSila@susmangodfrey.com>; z/Firebase-Cooley <zFirebase-Cooley@cooley.com>

**Cc:** WAA Google Team <waagoogleteam@simplelists.susmangodfrey.com>
**Subject:** RE: Rodriguez: Improper Knittel Opinions

EXTERNAL Email
Hi Ryan – we're intending to exclude testimony about the $2B+ unjust enrichment numbers in SS1.1-II, as well as all the subsequent "alternative" schedules (i.e., SS1.2-II through SS7.1-II).  These alternative numbers are based on Lasinski's calculations of global traffic acquisition costs and, as you know, we are agreeing that Knittel will not criticize Lasinski for using global (versus U.S.) numbers for app promo revenue.  It would therefore be inappropriate for Lasinski to say that his unjust enrichment calculation is based on geographically conservative traffic acquisition costs.  Our understanding of points 1 and 3 of the agreement is to exclude Knittel's and Lasinski's discussions and critiques of the use of U.S. versus global numbers for app promo revenue.


Best,
Thilini


Thilini Chandrasekera
Cooley LLP
San Francisco
+1 415 693 2125 office
+1 415 328 6471 mobile

---

**From:** Ryan Sila <RSila@susmangodfrey.com>
**Sent:** Thursday, August 7, 2025 1:23 PM
**To:** Chandrasekera, Thilini <tchandrasekera@cooley.com>; z/Firebase-Cooley <zFirebase-Cooley@cooley.com>
**Cc:** WAA Google Team <waagoogleteam@simplelists.susmangodfrey.com>
**Subject:** RE: Rodriguez: Improper Knittel Opinions

Counsel —

Would you please explain what you are intending to exclude with your edits to item (3) below? For example, does Google intend to foreclose Lasinski from testifying that he was conservative in his interpretation of the underlying financial documents – a fact illustrated by this schedule?

Thanks,
Ryan

---

**From:** Chandrasekera, Thilini <tchandrasekera@cooley.com>
**Sent:** Tuesday, August 5, 2025 10:33 PM
**To:** Ryan Sila <RSila@susmangodfrey.com>; z/Firebase-Cooley <zFirebase-Cooley@cooley.com>
**Cc:** WAA Google Team <waagoogleteam@simplelists.susmangodfrey.com>
**Subject:** RE: Rodriguez: Improper Knittel Opinions

EXTERNAL Email
Thanks Ryan.  We have the following edits, as reflected in the attached redlines.

- Stipulation:
  - "NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, that at trial and in any other proceedings **in this action**:"
  - (3) Mr. Lasinski **is precluded from presenting, relying upon, or offering any testimony concerning** ~~will not testify that damages or unjust enrichment should be~~ the figures identified in Schedule SS1.1-II from his supplemental report.
- Proposed order:
  - Update caption in proposed order from WFG to Cooley information.

- o "Pursuant to stipulation of the Parties, the Court hereby **ORDERS** that at trial and any other proceedings **in this action**:"
- o (3) Mr. Lasinski **is precluded from presenting, relying upon, or offering any testimony concerning** ~~will not testify that damages or unjust enrichment should be~~ the figures identified in Schedule SS1.1-II from his supplemental report.

Best,
Thilini

Thilini Chandrasekera
Cooley LLP
San Francisco
+1 415 693 2125 office
+1 415 328 6471 mobile

---

**From:** Ryan Sila <RSila@susmangodfrey.com>
**Sent:** Tuesday, August 5, 2025 12:02 PM
**To:** Chandrasekera, Thilini <tchandrasekera@cooley.com>; z/Firebase-Cooley <zFirebase-Cooley@cooley.com>
**Cc:** WAA Google Team <waagoogleteam@simplelists.susmangodfrey.com>
**Subject:** RE: Rodriguez: Improper Knittel Opinions

Thank you, Thilini. I've attached a draft stipulation and proposed order. Let us know if we have your permission to sign and file, or if you have proposed edits.

---

**From:** Chandrasekera, Thilini <tchandrasekera@cooley.com>
**Sent:** Monday, August 4, 2025 4:32 PM
**To:** Ryan Sila <RSila@susmangodfrey.com>; z/Firebase-Cooley <zFirebase-Cooley@cooley.com>
**Cc:** WAA Google Team <waagoogleteam@simplelists.susmangodfrey.com>
**Subject:** RE: Rodriguez: Improper Knittel Opinions

==EXTERNAL Email==
Thanks, Ryan.  We agree to your proposed compromise, which I have copied below:

- Knittel will not criticize Lasinski's disgorgement opinions for treating App Promo revenues as U.S.-specific, when, according to Knittel, they are purportedly global.

- Knittel will not criticize Lasinski's disgorgement opinions for treating Google's 2020 and 2021 U.S. App Promo revenues as billed, when, according to Knittel, they are purportedly served revenues.

- Lasinski will not testify that damages/unjust enrichment should be the figures identified in SS1.1-II.

Best,
Thilini

Thilini Chandrasekera
Cooley LLP
San Francisco
+1 415 693 2125 office
+1 415 328 6471 mobile

---

**From:** Ryan Sila <RSila@susmangodfrey.com>
**Sent:** Friday, August 1, 2025 7:31 PM
**To:** Chandrasekera, Thilini <tchandrasekera@cooley.com>; z/Firebase-Cooley <zFirebase-Cooley@cooley.com>
**Cc:** WAA Google Team <waagoogleteam@simplelists.susmangodfrey.com>
**Subject:** RE: Rodriguez: Improper Knittel Opinions

Counsel,

Thank you for taking the time earlier today to meet and confer.

In terms of the issues we raised regarding Knittel, we understand from the meet and confer that Google's position is that the opinions expressed in ¶¶ 37–43 of Knittel's supplemental report are permissible for trial because they are in your view within the scope of what was discussed during Knittel's deposition.

While we disagree with Google's characterization of Knittel's deposition testimony, we nonetheless believe that it would be beneficial for the parties to try to resolve this dispute without burdening the Court with additional briefing.  As a compromise, we are amenable to the following agreement:

- Knittel will not criticize Lasinski's disgorgement opinions for treating App Promo revenues as U.S.-specific, when, according to Knittel, they are purportedly global.

- Knittel will not criticize Lasinski's disgorgement opinions for treating Google's 2020 and 2021 U.S. App Promo revenues as billed, when, according to Knittel, they are purportedly served revenues.

- Lasinski will not testify that damages/unjust enrichment should be the figures identified in SS1.1-II.

We looked back at Lasinski's reports, and we are not sure what you were referring to in footnote 7 of Lasinski's second supplemental report. That footnote describes apportionment methods of Lasinski's unjust enrichment calculations, not higher unjust enrichment numbers.  Based on the discussion, it seems like your focus was SS1.1-II, which we've addressed above.

If apportionment is what you were referring to, we think any motion by Google directed at that portion would be baseless. It is not new. Lasinski's initial report discussed apportionment. These calculations were also included in Lasinski's January 2025 supplement, which Google's counsel agreed did not include any new material (other than the actual damages calculations at issue in Google's earlier motion to strike). If Google later changed its mind, the time to file that motion would have been the April 3, 2025 *Daubert* deadline. We agreed to a later deadline only with respect to new material in later supplemental reports.  This was not new, so any motion now would be untimely and improper.

Please let us know as soon as possible whether the above agreement is acceptable.

Thanks,
Ryan

---

**From:** Ryan Sila
**Sent:** Friday, August 1, 2025 10:55 AM
**To:** Chandrasekera, Thilini <tchandrasekera@cooley.com>; z/Firebase-Cooley <zFirebase-Cooley@cooley.com>
**Cc:** WAA Google Team <waagoogleteam@simplelists.susmangodfrey.com>
**Subject:** RE: Rodriguez: Improper Knittel Opinions

Thank you. Let's meet at 12:00 PT. I'll send an invite.

---

**From:** Chandrasekera, Thilini <tchandrasekera@cooley.com>
**Sent:** Friday, August 1, 2025 12:25 AM
**To:** Ryan Sila <RSila@susmangodfrey.com>; z/Firebase-Cooley <zFirebase-Cooley@cooley.com>
**Cc:** WAA Google Team <waagoogleteam@simplelists.susmangodfrey.com>
**Subject:** RE: Rodriguez: Improper Knittel Opinions

EXTERNAL Email

Ryan, we can do 12 or 12:30pm PT tomorrow.  If either time works for you, can you please send an invite?

Best,
Thilini

Thilini Chandrasekera
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
+1 415 693 2125
tchandrasekera@cooley.com
Pronunciation: **Thih**-lih-nee **Chun**-druh-**say**-kuh-**ruh**
Pronouns: she/her

www.cooley.com

Cooley is committed to social justice.

---

**From:** Ryan Sila <RSila@susmangodfrey.com>
**Sent:** Thursday, July 31, 2025 5:01 PM
**To:** z/Firebase-Cooley <zFirebase-Cooley@cooley.com>
**Cc:** WAA Google Team <waagoogleteam@simplelists.susmangodfrey.com>
**Subject:** RE: Rodriguez: Improper Knittel Opinions

Counsel —

Following up on this. Given the short timeframe before any motions are due, we should meet and confer promptly. What is your availability tomorrow?

Thanks,
Ryan

---

**From:** Ryan Sila
**Sent:** Tuesday, July 29, 2025 7:20 PM
**To:** z/Firebase-Cooley <zfirebase-cooley@cooley.com>
**Cc:** WAA Google Team <waagoogleteam@simplelists.susmangodfrey.com>
**Subject:** Rodriguez: Improper Knittel Opinions

Counsel —

Paragraphs 37 through 43 of Dr. Knittel's June 19, 2025 supplemental report includes two criticisms of Mr. Lasinski's disgorgement methodology that are beyond the scope of what the parties agreed to with the supplements and also violate Rules 26 and 37.  In its demonstrative disclosures, Google did not appear to include anything related to those two improper opinions.  Does Google intend to have Mr. Knittel present anything based on or relating to those paragraphs?  At the final pretrial conference, we plan to ask the Court for guidance about how to address this issue.

Best,
Ryan

**Ryan Sila | Susman Godfrey LLP**
One Manhattan West, 50th Floor | New York, New York 10001
212-336-8341 (office) | 314-853-1355 (cell)
rsila@susmangodfrey.com | www.susmangodfrey.com

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.