UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANIBAL RODRIGUEZ, et al.,

    Plaintiffs,

v.

GOOGLE LLC,

    Defendant.

Case No. 20-cv-04688-RS

**ORDER GRANTING IN PART, DENYING IN PART MOTIONS** *IN LIMINE*

## I. INTRODUCTION

Google has filed two recent motions *in limine*. The first is denied, and the second is granted, for the reasons explained below.

**1. Motion *in limine* No. 13**

Google asks the court to preclude Plaintiffs from using demonstratives or arguing to the jury in closing argument that the actual damages calculation of Plaintiffs' damages expert, Michael Lasinski, should be multiplied by some number of months. This is familiar terrain, given the prior order striking his belated supplemental report that promoted such multiplication. *See Rodriguez v. Google LLC*, No. 20-cv-04688-RS, 2025 WL 579193, at *4 (N.D. Cal. Feb. 21, 2025). Plaintiffs now appear primed to highlight in their closing demonstratives that Lasinski's figures of at least $266 million for Class 1 (Android members) and $256 million for Class 2 (Non-Android members) are based on "[a] single month of data collection per device." *See* Dkt. No. 589-3 at 5; *see also id.* at 6 ("Conservative baseline . . . assuming that for each device, Google collected data during just 1 month out of 98 months in the class period").

In support, Google cites a district court decision to preclude certain closing argument as a sanction for the party's failure to disclose a theory that was not in an expert's report but which nevertheless appeared in the expert's testimony. *See Apple, Inc. v. Samsung Elecs. Co.*, No. 11-cv-01846-LHK, 2013 WL 6073326, at *6 (N.D. Cal. Nov. 17, 2013). This case may become apt if trial testimony veers off course, but at the moment, there appears no comparable cause for sanction. The other relevant support for Google's motion rests on the fundamental premise that the Plaintiff's disclosures did not disclose any support for a particular theory. *See Turner v. Thyssenkrupp Materials NA, Inc.*, No. 818-cv-00822-CJCKESX, 2020 WL 7123312, at *4 (C.D. Cal. Nov. 5, 2020), *order clarified*, No. 818-cv-00822CJCKESX, 2020 WL 7863859 (C.D. Cal. Nov. 12, 2020). Here, by contrast, Lasinski expressly stated in his initial report that "it is my opinion that the baseline payment to Screenwise Panel participants of $3 *per month* . . . represents a conservative indicator of *the monthly payment* necessary for an individual to knowingly surrender the choice to keep their app activity private[.]" *Rodriguez*, 2025 WL 579193 at *1 (emphasis added). He then suggested conservatively measuring that figure by applying the $3 payment on a "one-time basis" to the number of class member devices. *Id.* Plaintiffs' demonstratives effectively highlight these portions of Lasinski's opinions, which were timely disclosed and of which Google has long known.

In short, the motion is denied. The challenged annotations highlight an essential component, be it a feature or a bug, in Lasinski's "conservative" opinion. No doubt Defendant will strive to highlight any reasons why Lasinski may have wanted to be conservative in estimating the measure, as well as any reasons to doubt implications in closings that Plaintiffs' own expert's decision to be conservative ought to be disregarded for some higher multiple. And Plaintiffs cannot directly contend that they have any evidence to suggest the actual damages figure should be multiplied—as noted in the prior order, "jurors may rely on Lasinski's initial report to reach their own conclusions," but Lasinski may not suggest that "actual damages could range up to" any figure higher than that which his conservative opinion supports. *Id.*, at *4. At the same time, consistent with past rulings, Plaintiffs' counsel may argue that the one-month calculation should be extrapolated, and defense counsel remains free to insist such expansion is unsound.

**2. Motion *in limine* No. 14**

Google also moves in limine to exclude all testimony, evidence, and argument concerning a recent data breach it has reportedly experienced as of June 2025.  Plaintiffs oppose the motion, asking that their experts be permitted to reference an event that is not in their reports or depositions and which does not appear to have occurred during the class period.

The motion is granted.  The June 2025 incident is not likely to be probative of any consequential fact in this case, which concerns whether Google invaded the privacy of users who triggered certain data privacy measures related to Google's relationships with third party apps.  The recent hacking by outside actors is not clearly related to any of the data at issue, and the fact that Defendant was recently hacked does not, standing alone, provide such insight into the material questions of this case (i.e., what did the users consent to, how reasonable is the asserted expectation of privacy, was the invasion highly offensive, etc.) that it warrants discussion.

**IT IS SO ORDERED**.

Dated: August 18, 2025

RICHARD SEEBORG
Chief United States District Judge