UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANIBAL RODRIGUEZ, et al.,

    Plaintiffs,

v.

GOOGLE LLC,

    Defendant.

Case No. 20-cv-04688-RS

**ORDER GRANTING IN PART, DENYING IN PART MOTIONS TO SEAL**

## I. INTRODUCTION

Various motions to seal remain pending on the docket and are adjudged as follows.

## II. LEGAL STANDARD

There is a strong presumption in favor of allowing public access when deciding whether materials should be sealed. *See Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011). This presumption stems from the citizenry's "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). It also serves the purpose of "promoting the public's understanding of the judicial process and of significant public events." *Valley Broad. Co. v. U.S. Dist. Court—D. Nev.*, 798 F2d 1289, 1294 (9th Cir. 1986).

In this court, to overcome the strong presumption in favor of public access, a request to seal must be, *inter alia*, narrowly tailored. Civ. L.R. 79-5(c)(3). More generally, in the courts of the Ninth Circuit, a party seeking to seal court records must satisfy one of two standards. Where the material is "unrelated to the merits of a case," the party seeking to seal "need only satisfy the

less exacting 'good cause' standard." *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). If the material *is* related to the merits, however, a higher burden applies, and sealing is only proper if the court finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."). Where a litigant presents compelling reasons to seal material, supported by articulated facts, the court must then balance the interests of the public and the party seeking sealing. *Ctr. for Auto Safety*, 809 F.3d at 1096–97. This balancing test involves such factors as the public's interest in understanding the functioning of the judicial process and the volume of material sought to be sealed. *See Zakinov v. Ripple Labs, Inc.*, No. 18-cv-6753-PJH, 2023 WL 5280193, at *1 (N.D. Cal. Aug. 15, 2023).

### III. DISCUSSION

#### A. Dkt No. 454

In this motion, Plaintiffs seek to seal personal information in their Rule 26(a)(1) disclosures. The motion is granted. *See Nursing Home Pension Fund v. Oracle Corp.*, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) ("an individual's privacy interest" is a compelling reason to seal a document). Public understanding of the case will not be impeded because Plaintiffs' addresses and phone numbers are irrelevant to any material questions.

#### B. Dkt No. 469

Here, Plaintiffs ask to seal personal information about would-be class members who sought exclusion from the certified classes. As explained above, the motion is granted.

#### C. Dkt. No. 497

Pursuant to the court's April 23, 2025 Order, Google submitted a statement explaining its requests to seal various portions of the briefing and exhibits filed in connection with the parties' *Daubert* motions and the motions about whether Google's CEO would testify at trial.

Because some of this evidence appears likely to be used at trial, the motion to seal is

preliminarily denied without prejudice. To the extent either party successfully introduces any of the cited documents into evidence, such evidence would not warrant sealing given that it will have been deemed relevant and more probative than prejudicial. Any of these documents that do not come into evidence, however, would seem to be less than necessary to any public understanding of the case. For now, the materials remain under seal; within two weeks of any final jury verdict, parties are instructed to file any of the documents that were entered into evidence on the public docket; any documents that did not amount to evidence may remain sealed thereafter.[1]

### D. Dkt. No. 532

Google also moves to seal various portions of exhibits it filed in connection with its motions *in limine*. Aside from the personally identifying email addresses, nothing in the attached exhibits warrants addressing at this juncture. As stated above, the materials may remain sealed pending their introduction into evidence. Anything that becomes evidence must be filed on the public docket within two weeks of any final jury verdict, and anything that does not become evidence may remain sealed as filed.

### E. Dkt. No. 546

Google next asks the court to consider whether certain material Plaintiffs designated as confidential must be sealed. Plaintiffs having not responded, no compelling reasons appears to seal these materials. Nor do any of the identified sections appear worthy of sealing. They shall be filed on the public docket.

### F. Dkt. No. 562

In another sealing motion, Google aims to seal materials Plaintiffs included in opposition to motions *in limine* that Google filed. The individual email addresses and code names in these materials may remain sealed and/or redacted, but any of the other material which Google seeks to seal will not be kept sealed if it is evidence in the trial. Any such exhibits that become evidence must be filed on the public docket within two weeks of any final jury verdict.

---

[1] This ruling addresses pending motions at Dkt. Nos. 470, 485.

**IT IS SO ORDERED**.

Dated: August 18, 2025

_____
RICHARD SEEBORG
Chief United States District Judge