# EXHIBIT A

| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP**<br>David Boies (admitted *pro hac vice*)<br>333 Main Street<br>Armonk, NY 10504<br>Tel.: (914) 749-8200<br>dboies@bsfllp.com<br><br>Mark C. Mao, CA Bar No. 236165<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>Tel.: (415) 293-6800<br>mmao@bsfllp.com<br><br>**SUSMAN GODFREY L.L.P.**<br>Bill Carmody (admitted *pro hac vice*)<br>One Manhattan West, 50th Floor<br>New York, NY 10001<br>Tel.: (212) 336-8330<br>bcarmody@susmangodfrey.com<br><br>**MORGAN & MORGAN**<br>John A. Yanchunis (admitted *pro hac vice*)<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Tel.: (813) 223-5505<br>jyanchunis@forthepeople.com<br><br>*Counsel for Plaintiffs; additional counsel listed in signature blocks below* | **COOLEY LLP**<br>BENEDICT Y. HUR (SBN: 224018)<br>bhur@cooley.com<br>SIMONA AGNOLUCCI (SBN: 246943)<br>sagnolucci@cooley.com<br>EDUARDO E. SANTACANA (SBN: 281668)<br>esantacana@cooley.com<br>ARGEMIRA FLOREZ (SBN: 331153)<br>aflorez@cooley.com<br>HARRIS MATEEN (SBN 335593)<br>hmateen@cooley.com<br>ISABELLA MCKINLEY CORBO (SBN 346226)<br>icorbo@cooley.com<br>3 Embarcadero Ctr., 20th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 693-2000<br><br>*Counsel for Defendant Google LLC* |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 3:20-cv-04688-RS<br><br>**JOINT REPORT RE DEPOSITION DESIGNATIONS, COUNTER-DESIGNATIONS AND OBJECTIONS FOR TRIAL DATE AUGUST 19, 2025**<br><br>Judge: Hon. Richard Seeborg<br>Trial Date: August 18, 2025<br>Courtroom: 3, 17th Floor |

1  Pursuant to the Parties' process stipulation (Dkt. 608), the Parties submit their joint list of
2  deposition designations, objections and counter-designations anticipated to be offered at trial on **Tuesday,**
3  **August 19, 2025**. The Parties have filed the relevant excerpts of deposition testimony under seal at Dkt.

I.  **At Issue Deposition Designations**

**Eric Miraglia; 10/25/2022**

| Pg:Line–Pg:Line | Google's Objection(s) | Google's Counter(s) | Plaintiffs' Objection(s) to Counter(s) |
|---|---|---|---|
| 101:15 - 101:15 | FRE 401/402 (Relevance); FRE 403 (Confusion, Waste of Time, Needlessly Cumulative, etc.) | N/A | N/A |

| **Plaintiffs' Position** | | **Google's Position** | |
|---|---|---|---|
| At the time that Jen Mueller authored this email (titled "Effect of flipping sWAA") (PX-004), she was working as an engineer at Google on privacy matters. At his deposition, Mr. Miraglia testified that the statement was attributed to either David Monsees or David Warren, both of whom hold senior titles at Google and worked on WAA. Mr. Warren also worked with Sam Heft-Luthy on Google's privacy controls, including WAA. It is thus an admission by a party opponent, admissible under FRE 801(d)(2)(A). | | This designated question introduces an exhibit (now designated PX-004) that constitutes inadmissible hearsay. The testimony itself is not hearsay, but because the underlying document and testimony should be excluded, this designation should also be excluded. | |

| Pg:Line–Pg:Line | Google's Objection(s) | Google's Counter(s) | Plaintiffs' Objection(s) to Counter(s) |
|---|---|---|---|
| 101:23 - 101:25 | FRE 401/402 (Relevance); FRE 403 (Confusion, Waste of Time, Needlessly Cumulative, etc.) | N/A | N/A |

| **Plaintiffs' Position** | | **Google's Position** | |
|---|---|---|---|
| At the time that Jen Mueller authored this email (titled "Effect of flipping sWAA") (PX-004), she was working as an engineer at Google on privacy matters. At his deposition, Mr. Miraglia testified that the statement was attributed to either David | | This designated question introduces an exhibit (now designated PX-004) that constitutes inadmissible hearsay. The testimony itself is not hearsay, but because the underlying document and testimony should be excluded, this designation should also be excluded. | |

| | |
|---|---|
| Monsees or David Warren, both of whom hold senior titles at Google and worked on WAA. Mr. Warren also worked with Sam Heft-Luthy on Google's privacy controls, including WAA. It is thus an admission by a party opponent, admissible under FRE 801(d)(2)(A). | |

| Pg:Line–Pg:Line | Google's Objection(s) | Google's Counter(s) | Plaintiffs' Objection(s) to Counter(s) |
|---|---|---|---|
| 117:8 - 117:25 | FRE 802 (Hearsay); FRE 401/402 (Relevance); FRE 403 (Prejudice, Confusion, Waste of Time, etc.); FRE 106 (Incomplete) | 117:7, 118:1-7, 118:9-10 | 401; 403 (improper 106 designation) |
| **Plaintiffs' Position** | | **Google's Position** | |
| At the time that Jen Mueller authored this email (titled "Effect of flipping sWAA") (PX-004), she was working as an engineer at Google on privacy matters. At his deposition, Mr. Miraglia testified that the statement was attributed to either David Monsees or David Warren, both of whom hold senior titles at Google and worked on WAA. Mr. Warren also worked with Sam Heft-Luthy on Google's privacy controls, including WAA. It is thus an admission by a party opponent, admissible under FRE 801(d)(2)(A). Additionally, Google's counter-designations go beyond the scope of the quoted material. | | Plaintiffs' designation should be excluded as inadmissible hearsay under Fed. R. Evid. 802, but if Google's objections are overruled, the counter-designated testimony should be included for completeness under Fed. R. Evid. 106. The testimony reads into the record a portion of PX-004, and specifically a quotation by someone other than Mr. Miraglia of yet another person's comment in a separate document. This is hearsay within hearsay and there is no applicable exception. The top-level email hearsay, sent by an engineer named Jens Mueller, is neither a party admission nor a business record. The second-level document hearsay was written by an unknown person (as shown in the counter-designated testimony) in an unknown document. | |

| Pg:Line–Pg:Line | Google's Objection(s) | Google's Counter(s) | Plaintiffs' Objection(s) to Counter(s) |
|---|---|---|---|
| 118:24 - 119:1 | FRE 802 (Hearsay); FRE 602 (Foundation/personal knowledge); FRE 403 (Prejudice, Confusion, Waste of Time, etc.); FRE 106 (Incomplete) | 118:1-3 | 401; 403 (improper 106 designation) |

| Plaintiffs' Position | Google's Position |
|---|---|
| At the time that Jen Mueller authored this email (titled "Effect of flipping sWAA") (PX-004), she was working as an engineer at Google on privacy matters. At his deposition, Mr. Miraglia testified that the statement was attributed to either David Monsees or David Warren, both of whom hold senior titles at Google and worked on WAA. Mr. Warren also worked with Sam Heft-Luthy on Google's privacy controls, including WAA. It is thus an admission by a party opponent, admissible under FRE 801(d)(2)(A). Additionally, Google's counter-designation will cause jury confusion because Mr. Miraglia testified that the statement could refer to either David Monsees or David Warren. | Same as above: Plaintiffs' designation should be excluded as inadmissible hearsay under Fed. R. Evid. 802, but if Google's objections are overruled, the counter-designated testimony should be included for completeness under Fed. R. Evid. 106. The testimony reads into the record a portion of PX-004, and specifically a quotation by someone other than Mr. Miraglia of yet another person's comment in a separate document. This is hearsay within hearsay and there is no applicable exception. The top-level email hearsay, sent by an engineer named Jens Mueller, is neither a party admission nor a business record. The second-level document hearsay was written by an unknown person (as shown in the counter-designated testimony) in an unknown document. |

| Pg:Line–Pg:Line | Google's Objection(s) | Google's Counter(s) | Plaintiffs' Objection(s) to Counter(s) |
|---|---|---|---|
| 119:3 - 119:3 | FRE 802 (Hearsay); FRE 602 (Foundation/personal knowledge); FRE 403 (Prejudice, Confusion, Waste of Time, etc.); FRE 106 (Incomplete) | 118:1-3 | 401; 403 (improper 106 designation) |

| Plaintiffs' Position | Google's Position |
|---|---|
| At the time that Jen Mueller authored this email (titled "Effect of flipping sWAA") (PX-004), she was working as an engineer at Google on privacy matters. At his deposition, Mr. Miraglia testified that the statement was attributed to either David Monsees or David Warren, both of whom hold senior titles at Google and worked on | Same as above: Plaintiffs' designation should be excluded as inadmissible hearsay under Fed. R. Evid. 802, but if Google's objections are overruled, the counter-designated testimony should be included for completeness under Fed. R. Evid. 106. The testimony reads into the record a portion of PX-004, and specifically a quotation by someone other than Mr. Miraglia |

| | |
|---|---|
| WAA. Mr. Warren also worked with Sam Heft-Luthy on Google's privacy controls, including WAA. It is thus an admission by a party opponent, admissible under FRE 801(d)(2)(A). Additionally, Google's counter-designation will cause jury confusion because Mr. Miraglia testified that the statement could refer to either David Monsees or David Warren. | of yet another person's comment in a separate document. This is hearsay within hearsay and there is no applicable exception. The top-level email hearsay, sent by an engineer named Jens Mueller, is neither a party admission nor a business record. The second-level document hearsay was written by an unknown person (as shown in the counter-designated testimony) in an unknown document. |

| Pg:Line–Pg:Line | Google's Objection(s) | Google's Counter(s) | Plaintiffs' Objection(s) to Counter(s) |
|---|---|---|---|
| 119:5 - 119:10 | FRE 802 (Hearsay); FRE 602 (Foundation/personal knowledge); FRE 403 (Prejudice, Confusion, Waste of Time, etc.); FRE 106 (Incomplete) | 118:1-3; 119:18-22; 119:24-120:16; 120:18-24 | 401; 403 (improper 106 designation) |
| **Plaintiffs' Position** | | **Google's Position** | |
| At the time that Jen Mueller authored this email (titled "Effect of flipping sWAA") (PX-004), she was working as an engineer at Google on privacy matters. At his deposition, Mr. Miraglia testified that the statement was attributed to either David Monsees or David Warren, both of whom hold senior titles at Google and worked on WAA. Mr. Warren also worked with Sam Heft-Luthy on Google's privacy controls, including WAA. It is thus an admission by a party opponent, admissible under FRE 801(d)(2)(A). Additionally, Google's counter-designation will cause jury confusion because Mr. Miraglia testified that the statement could refer to either David Monsees or David Warren. Further, Google's counter-designations exceed the scope of the quoted document. | | This is a direct continuation of the hearsay-based conversation discussed in the designations above (Mr. Miraglia quotes language from the admissible double-hearsay email) and should be excluded for the same reasons. Plaintiffs' designation should be excluded as inadmissible hearsay under Fed. R. Evid. 802, but if Google's objections are overruled, the counter-designated testimony should be included for completeness under Fed. R. Evid. 106, as it is a direct continuation of the same conversation. | |

| Pg:Line–Pg:Line | Google's Objection(s) | Google's Counter(s) | Plaintiffs' Objection(s) to Counter(s) |
|---|---|---|---|
| 120:13 - 120:16 | FRE 802 (Hearsay); FRE 602 (Foundation/personal knowledge); FRE 403 (Prejudice, Confusion, Waste of Time, etc.); FRE 106 (Incomplete) | 118:1-3; 119:18-22; 119:24-120:12 | 401; 403 (improper 106 designation) |

| Plaintiffs' Position | Google's Position |
|---|---|
| At the time that Jen Mueller authored this email (titled "Effect of flipping sWAA") (PX-004), she was working as an engineer at Google on privacy matters. At his deposition, Mr. Miraglia testified that the statement was attributed to either David Monsees or David Warren, both of whom hold senior titles at Google and worked on WAA. Mr. Warren also worked with Sam Heft-Luthy on Google's privacy controls, including WAA. It is thus an admission by a party opponent, admissible under FRE 801(d)(2)(A). Additionally, Google's counter-designation will cause jury confusion because Mr. Miraglia testified that the statement could refer to either David Monsees or David Warren. Further, Google's counter-designations exceed the scope of the quoted document. | This question elicits the answer below, and is a direct continuation of the hearsay-based conversation discussed in the designations above (Mr. Miraglia describes "the language that we're looking at" from the double-hearsay email) and should be excluded for the same reasons. Plaintiffs' designation should be excluded as inadmissible hearsay under Fed. R. Evid. 802, but if Google's objections are overruled, the counter-designated testimony should be included for completeness under Fed. R. Evid. 106, as it is a direct continuation of the same conversation. |

| Pg:Line–Pg:Line | Google's Objection(s) | Google's Counter(s) | Plaintiffs' Objection(s) to Counter(s) |
|---|---|---|---|
| 120:18 - 120:24 | FRE 802 (Hearsay); FRE 602 (Foundation/personal knowledge); FRE 403 (Prejudice, Confusion, Waste of Time, etc.); FRE 106 (Incomplete) | 118:1-3; 119:18-22; 119:24-120:12 | 401; 403 (improper 106 designation) |

| Plaintiffs' Position | Google's Position |
|---|---|
| At the time that Jen Mueller authored this email (titled "Effect of flipping sWAA") (PX-004), she was working as an engineer at Google on privacy matters. At his deposition, Mr. Miraglia testified that the statement was attributed to either David | This is a direct continuation of the hearsay-based conversation discussed in the designations above (Mr. Miraglia describes "the language that we're looking at" from the double-hearsay email) and should be excluded for the same reasons. Plaintiffs' designation |

| | |
|---|---|
| Monsees or David Warren, both of whom hold senior titles at Google and worked on WAA. Mr. Warren also worked with Sam Heft-Luthy on Google's privacy controls, including WAA. It is thus an admission by a party opponent, admissible under FRE 801(d)(2)(A). Additionally, Google's counter-designation will cause jury confusion because Mr. Miraglia testified that the statement could refer to either David Monsees or David Warren. Further, Google's counter-designations exceed the scope of the quoted document. | should be excluded as inadmissible hearsay under Fed. R. Evid. 802, but if Google's objections are overruled, the counter-designated testimony should be included for completeness under Fed. R. Evid. 106, as it is a direct continuation of the same conversation. |

| Pg:Line–Pg:Line | Google's Objection(s) | Google's Counter(s) | Plaintiffs' Objection(s) to Counter(s) |
|---|---|---|---|
| 125:13 - 125:15 | FRE 401/402 (Relevance); FRE 403 (Confusion, Waste of Time, Needlessly Cumulative, etc.) | N/A | N/A |
| **Plaintiffs' Position** | | **Google's Position** | |
| At the time that Mr. Kleidermacher authored this email, he was an "engineering VP" with Google, and discussed "Eric's sentiment." During his deposition, Eric Miraglia (the founder and head of the Privacy and Data Protection Office at Google) confirmed that this email referred to a statement he made. It is thus an admission by a party opponent, admissible under FRE 801(d)(2)(A). | | This designated question introduces an exhibit (now designated PX-031) that constitutes inadmissible hearsay.  The testimony itself is not hearsay, but because the underlying document and testimony should be excluded, this designation should also be excluded. | |

| Pg:Line–Pg:Line | Google's Objection(s) | Google's Counter(s) | Plaintiffs' Objection(s) to Counter(s) |
|---|---|---|---|
| 126:9 - 127:1 | FRE 802 (Hearsay); FRE 602 (Speculation, Lack of Foundation/Personal Knowledge) | 129:5-6, 129:8-13, 129:15-16, 129:19-22 | 401, 403, Improper 106 |
| **Plaintiffs' Position** | | **Google's Position** | |
| At the time that Mr. Kleidermacher authored this email, he was an "engineering VP" with Google, and discussed "Eric's sentiment." During his deposition, Eric Miraglia (the | | Plaintiffs' designation should be excluded as inadmissible hearsay under Fed. R. Evid. 802, but if Google's objections are overruled, the counter-designated testimony should be | |

7

JOINT REPORT RE DEPOSITION DESIGNATIONS, COUNTER-DESIGNATIONS AND OBJECTIONS
FOR TRIAL DATE AUGUST 19, 2025
CASE NO. 3:20-cv-04688-RS

| | |
|---|---|
| founder and head of the Privacy and Data Protection Office at Google) confirmed that this email referred to a statement he made. It is thus an admission by a party opponent, admissible under FRE 801(d)(2)(A).<br><br>Google's counter-designations were untimely and only provided one hour before this filing. They should thus be stricken. Additionally, the counter-designations are beyond the scope of the testimony that Plaintiffs affirmatively designated. | included for completeness under Fed. R. Evid. 106. The testimony reads into the record a portion of PX-031, and specifically a statement by someone other than Mr. Miraglia purporting to discuss "Eric's sentiment." This is hearsay within hearsay and there is no applicable exception. The top-level email hearsay, sent by an engineer named Dave Kleidermacher, is neither a party admission nor a business record. The second-level hearsay about "Eric's sentiment" is disputed by Mr. Miraglia (in the counter-designated testimony from later in the conversation) as not being his language or an assertion. |

| Pg:Line–Pg:Line | Google's Objection(s) | Google's Counter(s) | Plaintiffs' Objection(s) to Counter(s) |
|---|---|---|---|
| 128:21 - 128:24 | FRE 602 (Speculation, Lack of Foundation/Personal Knowledge); FRE 401/402 (Relevance); FRE 403 (Prejudice, Confusion, Waste of Time, Vague, etc.); FRE 802 (Hearsay) | 129:5-6, 129:8-13, 129:15-16, 129:19-22 | N/A |
| **Plaintiffs' Position** | | **Google's Position** | |
| This is deposition testimony from Eric Miraglia, founder and head of the Privacy and Data Protection Office at Google. Mr. Miraglia was asked a direct question about Google's Privacy Controls, and Plaintiffs' designation requires no further context. | | This question is a direct continuation of the hearsay-based conversation discussed in the designations above and should be excluded for the same reasons, but if Google's objections are overruled, the counter-designated testimony should be included for completeness under Fed. R. Evid. 106, as it is a direct continuation of the same conversation. | |

| Pg:Line–Pg:Line | Google's Objection(s) | Google's Counter(s) | Plaintiffs' Objection(s) to Counter(s) |
|---|---|---|---|
| 129:2 - 129:3 | FRE 602 (Speculation, Lack of Foundation/Personal Knowledge); FRE 401/402 (Relevance); FRE 403 (Prejudice, Confusion, | 129:5-6, 129:8-13, 129:15-16, 129:19-22 | 401; 403 (improper 106 designation) |

| | |
|---|---|
| Waste of Time, etc.); FRE 106 (Incomplete) | |

| Plaintiffs' Position | Google's Position |
|---|---|
| This is deposition testimony from Eric Miraglia, founder and head of the Privacy and Data Protection Office at Google. Mr. Miraglia was asked a direct question about Google's privacy controls, and Plaintiffs' designation requires no further context. | This answer is a direct continuation of the hearsay-based conversation discussed in the designations above and should be excluded for the same reasons, but if Google's objections are overruled, the counter-designated testimony should be included for completeness under Fed. R. Evid. 106, as it is a direct continuation of the same conversation. |

**Sundar Pichai; 12/11/2018**

| Pg:Line–Pg:Line | Google's Objection(s) | Google's Counter(s) | Plaintiffs' Objection(s) to Counter(s) |
|---|---|---|---|
| 18:7-18:10 | FRE 401/402 (Relevance); FRE 403 (Confusion, Waste of Time, etc.) | N/A | N/A |

| Plaintiffs' Position | Google's Position |
|---|---|
| Google's only justification for admitting this obvious hearsay is Federal Rule of Evidence 106. But that rule applies only to statements "that in fairness ought to be considered at the same time." The purpose of Rule 106 is prevent one party from creating a misleading impression through a selective quotation. The Advisory Committee note from 2023 makes clear that this rule continues to apply "only" to the "narrow circumstances in which a party has created a misimpression about the statement, and the adverse party proffers a statement that in fact corrects the misimpression. The mere fact that a statement is probative and contradicts a statement offered by the opponent is not enough to justify completion under Rule 106." In short: Google bears the burden to show that Plaintiffs' designations would "create[] a misleading distortion." United States v. Martinez-Camargo, 765 F. App'x 205, 209 (9th Cir. 2019). | |

| | |
|---|---|
| Plaintiffs have designated three questions and Mr. Pichai's complete answers to them. Google has not pointed and cannot point to any "misimpression" or "misleading distortion" that Plaintiffs' designations would "create." Id. The rules of hearsay do not allow Google to play for the jury its own CEO's out-of-court statements simply because Google wants the jury to hear them. That is not an appropriate use of Rule 106.. | |

| Pg:Line–Pg:Line | Google's Objection(s) | Google's Counter(s) | Plaintiffs' Objection(s) to Counter(s) |
|---|---|---|---|
| 22:22 – 25:2; 150:19–22 | FRE 401/402 (Relevance); FRE 403 (Confusion, Waste of Time, etc.); FRE 106 (Incomplete) | 18:24-19:19; 98:24-99:13; 150: 17-19 | 401; 403 (improper 106 designation) |

| Plaintiffs' Position | Google's Position |
|---|---|
| Google's only justification for admitting this obvious hearsay is Federal Rule of Evidence 106. But that rule applies only to statements "that in fairness ought to be considered at the same time." The purpose of Rule 106 is prevent one party from creating a misleading impression through a selective quotation. The Advisory Committee note from 2023 makes clear that this rule continues to apply "only" to the "narrow circumstances in which a party has created a misimpression about the statement, and the adverse party proffers a statement that in fact corrects the misimpression. The mere fact that a statement is probative and contradicts a statement offered by the opponent is not enough to justify completion under Rule 106."  In short: Google bears the burden to show that Plaintiffs' designations would "create[] a misleading distortion." United States v. Martinez-Camargo, 765 F. App'x 205, 209 (9th Cir. 2019).<br><br>Plaintiffs have designated three questions and Mr. Pichai's complete answers to them. Google has not pointed and cannot point to any "misimpression" or "misleading | Google understands the Court has already ruled on these objections. ECF No. 587 at 14. Google maintains its objections for the record.<br><br>If this clip is played, Google's counter-designations must "in fairness [] be considered at the same time" under the rule of completeness. Fed. R. Evid. 106. Plaintiffs' designations of Mr. Pichai's Congressional testimony about Google's general privacy practices require Mr. Pichai's completing remarks before Congress regarding the same topic.<br><br>Plaintiffs seek to introduce statements by Mr. Pichai that are not about the products at issue in this litigation, but instead about privacy in general. They take these statements out of context to give the false impression that Mr. Pichai's statements relate to Web & App Activity. Mr. Pichai's opening remarks to Congress provide minimal background on the witness Plaintiffs are calling, and his response to a question from Representative Doug Collins about data collection contextualizes the subject matter of Mr. Pichai's designated statements and shows that Mr. Pichai was not discussing |

| | |
|---|---|
| distortion" that Plaintiffs' designations would "create." Id. The rules of hearsay do not allow Google to play for the jury its own CEO's out-of-court statements simply because Google wants the jury to hear them. That is not an appropriate use of Rule 106. | Web & App Activity. These counter-designations fall squarely within the rule of completeness. |