# EXHIBIT B

**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted *pro hac vice*)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted *pro hac vice*)
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted *pro hac vice*)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com

*Counsel for Plaintiffs; additional counsel listed in signature blocks below*

**COOLEY LLP**
BENEDICT Y. HUR (SBN: 224018)
bhur@cooley.com
SIMONA AGNOLUCCI (SBN: 246943)
sagnolucci@cooley.com
EDUARDO E. SANTACANA (SBN: 281668)
esantacana@cooley.com
ARGEMIRA FLOREZ (SBN: 331153)
aflorez@cooley.com
HARRIS MATEEN (SBN 335593)
hmateen@cooley.com
ISABELLA MCKINLEY CORBO (SBN 346226)
icorbo@cooley.com
3 Embarcadero Ctr., 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000

*Counsel for Defendant Google LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,<br><br>　　　Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>　　　Defendant. | Case No. 3:20-cv-04688-RS<br><br>**JOINT REPORT RE EXHIBIT AND DEMONSTRATIVE OBJECTIONS FOR TRIAL DATE AUGUST 19, 2025**<br><br>Judge: Hon. Richard Seeborg<br>Trial Date: August 18, 2025<br>Courtroom: 3, 17th Floor |

Pursuant to the Parties' process stipulation (Dkt. 608, ¶6), the Parties submit their joint report on objections to exhibits and demonstratives that are anticipated to be moved into evidence at trial (with witnesses whom the moving party controls or employed) on Tuesday, August 19.

**Witness: David Monsees**

| Exhibit | Plaintiffs' Objection(s) |
|---|---|
| G544, G545, G546, G548, G550, G699, G736, G751, G752, G764, G925, G933, G977 | Foundation, lack of personal knowledge |
| **Google's Position** | **Plaintiffs' Position** |
| Withdrawn in favor of another witness. | N/A |

| Exhibit | Plaintiffs' Objection(s) |
|---|---|
| G576, G578, G581 | Foundation, lack of personal knowledge |
| **Google's Position** | **Plaintiffs' Position** |
| Plaintiffs' position is unsupported. Google will lay the proper foundation for these documents through David Monsees pursuant to Fed. R. Evid. 602. | These exhibits are policies concerning the Screenwise study at issue in Plaintiffs' damages model, for which Google paid users $3 per month, per device to collect their data. Plaintiffs do not believe Mr. Monsees has any personal knowledge about the Screenwise study; about these policies; or about the dates they were in use. |

| Exhibit | Plaintiffs' Objection(s) |
|---|---|
| G607 | 802; foundation |
| **Google's Position** | **Plaintiffs' Position** |
| This document was produced to Plaintiffs during discovery. Mr. Monsees will lay the proper foundation for this exhibit and explain the context to establish that it is a business record per Fed. R. Evid. 803(6). | This document contains prior language shown to users on the "Activity controls" page. The document was made for litigation and is not kept in the ordinary course of business. It is therefore hearsay without an exception as to Google. |

| Exhibit | Plaintiffs' Objection(s) |
|---|---|
| G921 | 802; foundation; not identified in response to Interrogatory 8 (Rule 37(c)(1)); lack of personal knowledge; lack of authentication (Rule 901(a)) |
| **Google's Position** | **Plaintiffs' Position** |
| This document was produced to Plaintiffs as part of discovery. Mr. Monsees will lay the proper foundation for this exhibit and explain the context to establish that it is a business record per Fed. R. Evid. 803(6). | This document was mentioned in Plaintiffs' MIL #9 regarding Google's opening slides. Dkt. 612. It is a compilation and "recreation" of some of Google's previous user-facing disclosures, which an Australian law firm (listed as the "author" in the metadata) apparently prepared for an Australian court filing. The document is therefore hearsay without an exception as to Google because Google is offering the document to prove its contents— i.e., that the compilation and recreations are true and accurate and were shown to actual U.S. users on the dates shown. Google's opening slides highlighted the "Privacy and Terms" document that is contained in this compilation. But the "Privacy and Terms" document was also omitted from Google's response to interrogatory #8, which required Google to identify the "public disclosures" it will rely on. *See* Dkt. 612 (Plaintiff's MIL #9). Finally, Plaintiffs do not believe Mr. Monsees has personal knowledge of this Australia court filing and/or the preparation of it. |

| Exhibit | Plaintiffs' Objection(s) |
|---|---|
| G728; G920 | 802; 403; Not timely produced; Not Identified in Response to Interrogatory 8 (Rule 37(c)(1)); lack of foundation (901(a)) |
| **Google's Position** | **Plaintiff's Position** |
| Withdrawn in favor of another witness. | N/A |
| G779 | Not timely produced; Not Identified in Response to Interrogatory 8 (Rule 37(c)(1)); 901(a) |
| **Google's Position** | **Plaintiffs' Position** |
| Google agrees to remove this exhibit from its exhibit list as long as Plaintiffs permit Google to admit PX0084 (Google Activity Controls Page, dated September 6, 2022) into evidence through Mr. Monsees without objection. | G779 is a version of the "Activity Controls" page as it existed on June 10, 2025—long *after* the class period closed. There is no foundation for the proposition that it was shown during the class period itself and if so, when. That question is hard to answer now because Google did not produce this document in discovery and did not identify it in response to Interrogatory 8, and therefore it should be excluded pursuant to Rule 37(c)(1). *See* Dkt. 612 (Plaintiff's MIL #9). |

| Exhibit | Plaintiffs' Objection(s) |
|---|---|
| G551, G552, G553, G713, G714 | 401; 403 |
| **Google's Position** | **Plaintiffs' Position** |
| Google will agree to Plaintiffs' proposed redactions as long as Plaintiffs agree to preadmit this exhibit. | These exhibits are different versions of the Google Terms of Service. Plaintiffs only object to these documents in part. The "warranty" and limitation-on-liability provisions should be redacted because Google has not asserted those defenses. Failure to redact these provisions risks confusing the jury and causing unfair prejudice to Plaintiffs.<br><br>Plaintiffs provided proposed redactions to Google on August 17. Plaintiffs have no objection to the redacted versions. |

| Exhibit | Plaintiffs' Objection(s) |
|---|---|
| G980 | 802; 403; Not timely produced; Not Identified in Response to Interrogatory 8 (Rule 37(c)(1)); lack of foundation (901(a)) |
| **Google's Position** | **Plaintiffs' Position** |
| See comment to G936 below. | This document is a version of the Google website titled "How Google uses data when you use our partners' sites or apps." Plaintiffs have agreed to admit the *later* versions of this same document that were shown during the class period. But *this* version was never produced during discovery or identified in response to Interrogatory 8, and therefore should be excluded under Rule 37(c)(1). Moreover, the document appears to be a printout from the "Wayback Machine" with a banner on the first page purporting to indicate that this webpage was archived in January 2016. That statement from the Wayback Machine is hearsay and insufficient to authenticate the document. *Novak v. Tucows, Inc.*, No. 06CV1909(JFB)(ARL), 2007 WL 922306, at *5 (E.D.N.Y. Mar. 26, 2007), *aff'd*, 330 F. App'x 204 (2d Cir. 2009). |

| Exhibit | Plaintiffs' Objection(s) |
|---|---|
| G734 | 401; 403, 802; incomplete; lack of personal knowledge |
| **Google's Position** | **Plaintiffs' Position** |
| Withdrawn in favor of another witness. | N/A |

| Exhibit | Plaintiffs' Objection(s) |
|---|---|
| G990 | 401, 403, 802, Not timely produced; Not Identified in Response to Interrogatory 8 (Rule 37(c)(1)) |
| **Google's Position** | **Plaintiffs' Position** |
| Withdrawn. | N/A |

| Exhibit | Plaintiffs' Objection(s) |
|---|---|
| G931 | Does not comply with Rule 1006, Not timely produced or disclosed, 401, 403 |
| **Google's Position** | **Plaintiffs' Position** |
| Plaintiffs cannot satisfy the showing of prejudice required to exclude documents under Federal Rule of Evidence 403. For example, Plaintiffs have added to the exhibit list at least one exhibit with setting screens from outside of the class period. In doing so, they appear to concede that any potential jury confusion caused by including screens from outside of the time period would be mitigated by a jury instruction and/or would resolve itself through laying an appropriate foundation for the document and how it should be used. Google agrees. | This document does not purport to summarize voluminous evidence. It contains copies of just four documents. To those documents, Google has added large colored boxes and numbers, which purport to show how a user might navigate from one document to another. That is not a "summary" for purposes of Rule 1006. Moreover, each individual document was pulled from after the class period. For pages 2, 3, and 4, Google produced the cited bates-stamped documents in June 2025, and the metadata reveals these documents are the "current" versions of these pages. The class period ended in September 2024. The language in page 1 also appears to post-date the class period. Google did not cite any produced version of the document with identical language. These post-class period disclosures are irrelevant and unfairly prejudicial to Plaintiffs.<br><br>Google also failed to include pages 2 and 3 in its interrogatory response listing the disclosures it will rely on. And Google also did not include, in that response, the *June 2025* versions of pages 1 or 4. These documents should be excluded under Rule 37(c)(1). *See* Dkt. 612 (Plaintiff's MIL #9). |

| Exhibit | Plaintiffs' Objection(s) |
|---|---|
| G933 | Does not comply with Rule 1006, 403 |
| **Google's Position** | **Plaintiffs' Position** |
| This exhibit is a proper summary and Plaintiffs concede that they would not be prejudiced by the admission of its contents. Plaintiffs' objection is as to form and not substance and has no basis. There is no dispute. | This document does not summarize evidence. It is instead a compilation of complete copies of the Google Terms of Service in effect during the class period. Plaintiffs have agreed to individually admit these documents, subject to Plaintiffs' proposed redactions of the "warranty" and limitation-of-liability provisions. *See supra* (G551, G552, G553, G713, G714). There is no need for a duplicative exhibit.<br><br>Plaintiffs have provided Google with a redacted version making the same redactions. Plaintiffs have no Rule 403 objection to that redacted version. |

| Exhibit | Plaintiffs' Objection(s) |
|---|---|
| G934 | Does not comply with Rule 1006, Not Identified in Response to Interrogatory 8 (Rule 37(c)(1)) |
| **Google's Position** | **Plaintiffs' Position** |
| This exhibit is a proper summary and Plaintiffs concede that they would not be prejudiced by the admission of its contents. Plaintiffs' objection is as to form and not substance and has no basis. There is no dispute. | This *881-page* document does not summarize evidence. It is instead a compilation of (1) complete copies of the Google Privacy Policy and (2) archived versions of a "Key terms" page that was separated from the "Privacy Policy" on a different webpage<br><br>As to (1), Plaintiffs have agreed to individually admit every version of the Privacy Policy in effect during the class period. This duplicative document is not needed and is not a proper summary.<br><br>As to (2), the "Key terms" documents, Plaintiffs object because Google did not produce these documents in discovery and did not identify them in response to Interrogatory 8. Therefore these documents should be excluded from evidence under Rule 37(c)(1). *See* Dkt. 612 (Plaintiff's MIL #9). |

| Exhibit | Plaintiffs' Objection(s) |
|---|---|
| G936 | Does not comply with Rule 1006, 401, 403 |
| **Google's Position** | **Plaintiffs' Position** |
| This exhibit is a proper summary and Plaintiffs concede that they would not be prejudiced by the admission of its contents. Plaintiffs' objection is as to form and not substance and has no basis. Google does not object to removing the version dated January 13, 2016. There is no dispute. | This document does not summarize evidence. It is instead a compilation of complete copies of certain webpages. Plaintiffs have agreed to individually admit these webpages, except Plaintiffs object to one version (dated January 13, 2016) because it predates the class period. There is no need for this duplicative, non-summary exhibit. |

| Demonstrative | Plaintiffs' Objection(s) |
|---|---|
| Monsees Video "Demonstrative" | 401, 403, 802, Not Identified in Response to Interrogatory 8 (Rule 37(c)(1)) |
| **Google's Position** | **Plaintiffs' Position** |
| The Monsees Video Demonstrative is an illustrative aid that is permissible pursuant to Federal Rule of Evidence 107. "The court may allow a party to present an illustrative aid to help the trier of fact understand the evidence or argument if the aid's utility in assisting comprehension is not substantially outweigh by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time." Fed. R. Evid. 107.<br><br>Plaintiffs cannot prove prejudice. The video was timely disclosed and the Google Account Setup Flow screens shown in the video are consistent with flows produced to Plaintiffs during discovery. Google proffers that Mr. Monsees' testimony will make abundantly clear that the language in the Video does not represent the entire class period. The class period language will also be admitted separately. Further, counsel will not linger on the language. The purpose of the video is to illustrate the physical act of creating a Google Account akin to a live demonstration in court. | This video shows a user's mobile phone during the process of creating a new Google account. It was discussed in Plaintiffs' Motion in Limine Number 9. Dkt. 612 (Plaintiff's MIL #9). *First*, it was created in July 2025, which means the disclosures being displayed are from outside the class period. *See* 6:36 timestamp (showing the account was created on July 15, 2025). *Second*, the video depicts many documents that were never produced in discovery nor identified in Google's interrogatory 8 response, *see* Dkt. 612 (Plaintiff's MIL #9), including for the following timestamps: 1:05 ("Privacy and Terms" page); 5:21 ("Who are Google's Partners?" page); 5:33 ("More options" to "Privacy and Terms" page); 5:37 (version of WAA button); 5:39 (popup discussing WAA); 5:53 (popup discussing Ads Personalization); 6:25 ("Data and privacy" page). For the disclosures that Google did identify during discovery (the Privacy Policy and the Terms of Service), the video shows the current versions of these documents, which fall outside the class period. *Third,* it is not appropriate to use a video "demonstrative" to put before a jury documents that are not in evidence and are not even on Google's exhibit list. |

| | | |
|---|---|---|
| 1 | Dated: August 18, 2025 | Dated: August 18, 2025 |
| 2 | **BOIES SCHILLER FLEXNER LLP** | **COOLEY LLP** |
| 3 | By:  /s/ Mark C. Mao | By:  /s/ Benedict Y. Hur |
| 4 | David Boies (admitted *pro hac vice*) | BENEDICT Y. HUR (SBN: 224018) |
|   | 333 Main Street | bhur@cooley.com |
| 5 | Armonk, NY 10504 | SIMONA AGNOLUCCI (SBN: 246943) |
| 6 | Tel.: (914) 749-8200 | sagnolucci@cooley.com |
|   | dboies@bsfllp.com | EDUARDO E. SANTACANA (SBN: 281668) |
| 7 |  | esantacana@cooley.com |
|   | Mark C. Mao, CA Bar No. 236165 | ARGEMIRA FLOREZ (SBN: 331153) |
| 8 | Beko Reblitz-Richardson, CA Bar No. 238027 | aflorez@cooley.com |
|   | 44 Montgomery St., 41st Floor | HARRIS MATEEN (SBN 335593) |
| 9 | San Francisco, CA 94104 | hmateen@cooley.com |
|   | Tel.: (415) 293-6800 | ISABELLA MCKINLEY CORBO (SBN 346226) |
| 10 | mmao@bsfllp.com | icorbo@cooley.com |
| 11 | brichardson@bsfllp.com | 3 Embarcadero Ctr., 20th Floor |
|   |  | San Francisco, CA 94111 |
| 12 | James Lee (admitted *pro hac vice*) | Telephone: (415) 693-2000 |
|   | Rossana Baeza (admitted *pro hac vice*) |  |
| 13 | 100 SE 2nd St., 28th Floor | *Counsel for Defendant Google* |
|   | Miami, FL 33131 | *LLC* |
| 14 | Tel.: (305) 539-8400 |  |
|   | jlee@bsfllp.com |  |
| 15 | rbaeza@bsfllp.com |  |
| 16 | Alison L. Anderson, CA Bar No. 275334 |  |
|   | Samantha Parrish, CA Bar No. 318681 |  |
| 17 | M. Logan Wright, CA Bar No. 349004 |  |
|   | 2029 Century Park East, Suite 1520 |  |
| 18 | Los Angeles, CA 90067 |  |
|   | Tel.: (213) 995-5720 |  |
| 19 | alanderson@bsfllp.com |  |
| 20 | sparrish@bsfllp.com |  |
|   | mwright@bsfllp.com |  |
| 21 |  |  |
| 22 | **SUSMAN GODFREY L.L.P.** |  |
|   | Bill Carmody (admitted *pro hac vice*) |  |
| 23 | Shawn J. Rabin (admitted *pro hac vice*) |  |
|   | Steven M. Shepard (admitted *pro hac vice*) |  |
| 24 | Alexander P. Frawley (admitted *pro hac vice*) |  |
|   | Ryan Sila (admitted *pro hac vice*) |  |
| 25 | One Manhattan West, 50th Floor |  |
| 26 | New York, NY 10001 |  |
|   | Tel.: (212) 336-8330 |  |
| 27 | bcarmody@susmangodfrey.com |  |
|   | srabin@susmangodfrey.com |  |
| 28 | sshepard@susmangodfrey.com |  |

1  afrawley@susmangodfrey.com
2  rsila@susmangodfrey.com

3  Amanda K. Bonn, CA Bar No. 270891
   1900 Avenue of the Stars, Suite 1400
4  Los Angeles, CA 90067
   Tel.: (310) 789-3100
5  abonn@susmangodfrey.com

6  **MORGAN & MORGAN**
   John A. Yanchunis (admitted *pro hac vice*)
7  Ryan J. McGee (admitted *pro hac vice*)
   Michael F. Ram, CA Bar No. 104805
8  201 N. Franklin Street, 7th Floor
   Tampa, FL 33602
9  Tel.: (813) 223-5505
   jyanchunis@forthepeople.com
10 rmcgee@forthepeople.com
   mram@forthepeople.com
11
12 *Counsel for Plaintiffs*

**ATTESTATION**

I, Mark C. Mao, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED: August 18, 2025                      By: /s/ Mark C. Mao