# EXHIBIT A

1    ** C O N F I D E N T I A L **

2    ** ATTORNEYS' EYES ONLY **

3    UNITED STATES DISTRICT COURT

4    NORTHERN DISTRICT OF CALIFORNIA

5    SAN FRANCISCO DIVISION

6    Case No. 3:20-CV-04688-RS

7    ----------------------------------x

     ANIBAL RODRIGUEZ, et al. individually

8    and on behalf of all others similarly

     situated,

9

                Plaintiff,

10

11

        - against -

12

13

     GOOGLE LLC,

14

                Defendant.

15    ----------------------------------x

                    June 26, 2023

16                  10:05 a.m.

17

18        Videotaped Deposition of JONATHAN

19    HOCHMAN, taken by Defendant, pursuant to

20    Notice, held at the offices of Willkie Farr

21    & Gallagher LLP, 787 Seventh Avenue, New

22    York, New York, before Todd DeSimone, a

23    Registered Professional Reporter and Notary

24    Public of the State of New York.

25

                                        Page 1

CONFIDENTIAL - ATTORNEYS' EYES ONLY

1    this report?

2        A.        Not yet.

3        Q.        Okay.  I want to ask you some

4    questions about the limits of your opinions

5    in the case, if I can.

6                  So are you offering any opinion

7    in this case as to what consumers believed

8    or expected?

9        A.        I don't think so.  That doesn't

10   sound like something I've opined about.

11   Maybe as we go through the report we will

12   find something I've said, but that doesn't

13   seem to be one of the main things I was

14   opining about, no.

15       Q.        Are you an expert in consumer

16   expectations?

17       A.        Well, I have expertise in

18   internet marketing, internet security, so I

19   know something about consumers and consumer

20   behavior online, and, well, I will give you

21   an example, if you have a setting in a

22   piece of software, I might sometimes

23   comment, you know, most people will use

24   software with the default settings, all

25   right, because that's kind of a well-known

Page 17

CONFIDENTIAL - ATTORNEYS' EYES ONLY

1  and saving the WAA-off and sWAA-off data at
2  issue in this case."
3        A.     Yes.
4        Q.     Setting aside whether Google
5  has presented a control in my account for
6  that, to the extent users review a privacy
7  policy from a developer that discloses the
8  use of Google Analytics, isn't one way for
9  them to avoid the collection to not use the
10  app?
11        A.     I think that that is a very
12  heavy lift for the user to understand,
13  using Google Analytics -- we are using
14  Google Analytics for Firebase and the user
15  would now need to understand that that SDK
16  is ignoring their WAA-off and sWAA-off
17  settings.  The simplest explanation there
18  is for the user to just imagine, that's
19  okay, you can use that because I have set
20  WAA and sWAA-off, and I'm not being
21  tracked.
22        Q.     So in your view a user who
23  reviewed a privacy policy that disclosed
24  the use of Google Analytics for Firebase
25  would conclude that the sWAA button

                              Page 171

CONFIDENTIAL - ATTORNEYS' EYES ONLY

1    overrides that?

2                MR. MAO:    Objection, vague.

3         But go ahead.

4         A.    So, one, I'm not here I don't

5    think to testify about user perceptions.    I

6    mean, I mentioned it in passing a few

7    places.    We have covered this.

8         Q.    I didn't think so, but you did

9    just kind of say something about it, so I

10   just want to understand.

11        A.    Yeah, so, no, what this is

12   saying is from a technical perspective

13   there is no button there that will stop

14   that data collection.

15        Q.    Okay.    That's the extent of the

16   opinion?

17        A.    That's the extent of the

18   opinion.

19        Q.    Okay.    Let's talk about --

20        A.    I've just lost my connection,

21   which is going to hinder people on Zoom

22   from watching.

23                MR. SANTACANA:    Let's go off

24        for a second.

25                THE VIDEOGRAPHER:    The time is

                                    Page 172

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1    have already told you that not sending the
 2    data at all may be what the user is
 3    expecting.
 4              If that's what they are
 5    expecting, they are also, you know, the
 6    users can have different concerns.  Some
 7    users -- well, let me -- let me walk it
 8    back.
 9              I don't know what the users are
10    thinking.  I haven't studied or surveyed
11    that, okay?  I really shouldn't even
12    speculate about it.  The user -- if the
13    user's expectation is nothing is to be sent
14    and nothing is to be saved, then obviously
15    sending doesn't really work, okay?  But if
16    somehow someone finds a different way, you
17    know, is it better to save only for a short
18    time versus saving for a longer time versus
19    saving permanently?  You know, the longer
20    you save the data, potentially the greater
21    the risk.  But I don't think that's
22    determinative in this case at all.
23         Q.    Did you say I don't think
24    that's determinative?
25         A.    Determinative.  Because I don't
```

Page 198

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1              CERTIFICATION

 2

 3      I,   TODD DeSIMONE, a Notary Public for

 4   and within the State of New York, do hereby

 5   certify:

 6      That the witness whose testimony as

 7   herein set forth, was duly sworn by me; and

 8   that the within transcript is a true record

 9   of the testimony given by said witness.

10      I further certify that I am not related

11   to any of the parties to this action by

12   blood or marriage, and that I am in no way

13   interested in the outcome of this matter.

14      IN WITNESS WHEREOF, I have hereunto set

15   my hand this 26th day of June, 2023.

16

17

18         TODD DESIMONE

19

20              *      *      *

21

22

23

24

25
```

Page 391