COOLEY LLP
MICHAEL A. ATTANASIO (151529)
(mattanasio@cooley.com)
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
NAIARA TOKER (346145)
(ntoker@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
THILINI CHANDRASEKERA (333672)
(tchandrasekera@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
CHELSEA HU (357212)
(chu@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111-4004
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**DEFENDANT GOOGLE LLC'S MOTION IN LIMINE NO. 17 TO EXCLUDE REFERENCE TO INJUNCTIVE RELIEF**<br><br>Dept:    3, 17th Fl.<br>Judge:   Hon. Richard Seeborg<br><br>Date Action Filed: July 14, 2020<br>Trial Date: August 18, 2025 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S MIL NO. 17 TO EXCLUDE
REFERENCE TO INJUNCTIVE relief
3:20-CV-04688-RS

## I. Introduction

Plaintiffs sought to preclude evidence "that they made no meaningful changes in their behavior after learning of the alleged privacy violations." ECF No. 587 at 7. The Court properly rejected that request because Plaintiffs' continued use is relevant to many issues, including Plaintiffs' "credibility" and the "degree of offensiveness." *Id*. At the pre-trial conference, Plaintiffs counsel suggested that a purported reason for their continued behavior was to preserve their claim for injunctive relief, a proposition that this Court found skeptical. Toker Decl. Ex. A (Pre Trial Conf. Tr.) at 90:12-17 ("I think I ruled that I wouldn't agree with that position . . . That if you stop using it, you don't lose your standing to seek injunctive relief."). Moreover, Plaintiffs' counsel have allowed their clients to testify that they were "told" by lawyers to keep their behavior the same, but then have aggressively claimed privilege to prevent any inquiry into what plaintiffs were told. In other words, they want to use privilege as both a sword and a shield.

Google respectfully requests that this Court preclude Plaintiffs from testifying that they refrained from changing their behavior based on Article III standing (or on any other advice of counsel). Such testimony would confuse and mislead the jury, and Plaintiffs' likely invocation of the attorney-client privilege to bar Google's ability to develop the basis of this testimony would be severely prejudicial.

## II. Background

Despite alleging that Google's collection of pseudonymous data through apps that contain the at-issue Google SDKs caused Plaintiffs harm and was a highly offensive violation of their privacy, every named Plaintiff continued to use these apps after joining this lawsuit. *See* Toker Decl. Ex. D (Harvey Dep. Tr.) at 244-253; Toker Decl. Ex. C (Santiago Dep. Tr.) at 119:7-21, 162:11-20, 176:15-178:12, 179:14-180:11; Toker Decl. Ex. B (Rodriguez Dep. Tr.) at 83:16-84:1, 311:8-313:9, 327:2-15, 329:11-330:6. At each of their depositions in 2022, Plaintiffs were asked, sometimes several times, why they did not change any of their behavior after becoming aware of Google's allegedly offensive conduct. Not one of them mentioned that continued use of apps containing GA for Firebase was necessary to preserve their Article III standing or to obtain

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

GOOGLE'S MIL NO. 17 TO EXCLUDE
REFERENCE TO INJUNCTIVE RELIEF
3:20-CV-04688-RS

injunctive relief for the class.[1] Instead, every named Plaintiff testified that they had to keep their behavior the same so that their attorneys could investigate Google's alleged conduct,[2] in addition to offering other reasons like using their "phone that [they] absolutely love" and to "track[] my bike rides." Toker Decl. Ex. D (Harvey Dep. Tr.) at 251:17-252:3; Toker Decl. Ex. C (Santiago Dep. Tr.) at 179:14-180:11.

When pressed on their explanation, counsel for Plaintiffs asserted privilege and gave instructions not to answer. *See* Toker Decl. Ex. B (Rodriguez Deposition) at 84:21-85:5 (" If you can answer that, go ahead. But don't reveal any discussions. You can -- you can – you can state that you had discussions with counsel. But I don't want you to get into any of the contents."); Toker Decl. Ex. C (Santiago Dep. Tr.) at 294:2-9 ("[Y]ou're directly asking for privileged information. … I direct you not to answer that question.").

But at the July 30, 2025 Pretrial Conference, counsel for Plaintiffs suggested that Plaintiffs would testify their continued behavior was to preserve "Article III standing and the requirement of the plaintiffs to continue using apps in order to ask Your Honor for an order requiring Google to change its practices," and that "[Plaintiffs were] told that if [they] stopped using it, then we couldn't get the injunctive relief to stop them from doing it." Toker Decl. Ex. A (Pre Trial Conf. Tr.) at 85:14-17, 87:4-5.

---

[1] *See, e.g.,* Toker Decl. Ex. D (Harvey Dep. Tr.) at 251:17-252:3 ("Why wouldn't I use my phone that I absolutely love?"); Toker Decl. Ex. C (Santiago Dep. Tr.) at 179:14-180:11 ("It's a great app for tracking my bike rides," and no other apps did "as good a job."). Plaintiff Rodriguez never withdrew consent for third-party apps because "it doesn't matter." Toker Decl. Ex. B (Rodriguez Dep. Tr.) at 349:5-10. *See also* Toker Decl. Ex. B (Rodriguez Dep. Tr.) at 82:24-86:23, 87:25-90:7, 92:22-94:1, 312:24-313:9, 351:6-354:4; Toker Decl. Ex. C (Santiago Dep. Tr.) at 274:25-275:8, 292:14-294:9, 295:17-296:6; Toker Decl. Ex. D (Harvey Dep. Tr.) at 248:13-19.

[2] Toker Decl. Ex. B (Rodriguez Dep. Tr.) at 83:16-21 ("And, again, we're – we're – we're in this here. And as – as far as what we're investigating, I needed to keep what I had."); Toker Decl. Ex. C (Santiago Dep. Tr.) at 275:2-5 ("Well, one of the reasons is because I'm part of this ongoing lawsuit. And in order for us to figure out what apps Google is using to track and what is being tracked, I need to remain consistent with that behavior."); Toker Decl. Ex. D (Harvey Dep. Tr.) at 248:15-19 ("I'm trying to find out what's going on. It's being investigated right now. They're checking everything out. So if I stopped using those things, then nothing would be found out, would it?").

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S MIL NO. 17 TO EXCLUDE
REFERENCE TO INJUNCTIVE RELIEF
3:20-CV-04688-RS

Mr. Santiago, the first Named Plaintiff to take the stand today, repeatedly testified that he needed to continue his behavior "for legal reasons, to get Google to change its practices." Toker Decl. Ex. E (Rough Trial Tr. Aug. 20) at 154:6-10. Mr. Santiago came right up to the line, but just barely didn't cross it.

**III.    Argument**

Both Plaintiffs' counsel and Plaintiffs should be prohibited from arguing or testifying, respectively, that the reason Plaintiffs made no meaningful changes in their behavior after learning of the alleged privacy violations was to have standing to obtain injunctive relief.

Rule 403 bars Plaintiffs' belated anticipated testimony for why they made no meaningful changes in their behavior. The testimony is unfairly prejudicial and risks confusing the jury for the following reasons.

*First*, it risks both confusing and misleading the jury. The jury will not be tasked with deciding injunctive relief. Injection of the prospect of injunctive relief mid-trial, especially when framed in terms of Plaintiffs' claimed effort to maintain access to such relief, is confusing and could well mislead the jury to conclude that damages should be assessed as a proxy for injunctive relief. This risk is magnified by the fact that the jury instructions and verdict form will be completely silent on injunctive relief, thus prompting the jury to be confused, speculate on why it is not being asked to evaluate injunctive relief, and use a damages award to fill the gap.

*Second,* this testimony would severely prejudice Google because to the extent they had more to share about their motives for refusing to change their behavior, Plaintiffs invoked the attorney-client privilege to avoid providing the testimony. Seeking to now use that (asserted) privileged communication is contrary to basic privilege doctrine. It would improperly permit Plaintiffs to use privilege as a sword and a shield. *See Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) (the attorney client privilege "may not be used both as a sword and a shield"). Of course, the solution to determining the weight of Plaintiffs' explanation for their continued use of applications containing GA for Firebase is "[s]tandard cross-examination." ECF No. 587 at 7. But absent extensive, immediate, and unfettered curative discovery, Google would not be able to engage in cross-examination of what counsel told Plaintiffs, when they were told, by whom, what

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S MIL NO. 17 TO EXCLUDE
REFERENCE TO INJUNCTIVE RELIEF
3:20-CV-04688-RS

investigation into alternative steps was taken (e.g., why not just maintain one app), and what pushback Plaintiffs gave to their counsel. The belatedly proffered explanation is an open-invitation to cause undue delay and to waste time. Plaintiffs did not testify at deposition that maintaining injunctive relief was an explanation for their continued app usage. And they certainly did not testify about what they were "told" by counsel would be the consequence if they stopped using the apps.[3] Indeed, inquiry into that matter was precluded by counsel's privilege objection and instruction not to answer. Moreover, permitting such testimony now raises numerous additional issues including:the scope of the waiver because a subject matter waiver, for instance, entitles Google to "discovery of 'all documents and communications arising out of the same transaction,'" *id.* (quoting *Navajo Nation v. Peabody Holding Co., Inc.*, 255 F.R.D. 37, 47 (D.D.C. 2009)); and (3) how to ensure complete, expedited discovery from Plaintiffs and Plaintiffs' counsel within the scope of the subject-matter waiver mid-trial.[4] And depending on the results of *that* discovery, there may be even more issues to resolve. *See, e.g.,* Cal. R. Prof. Conduct 3.7 ("Lawyer as Witness"). Granting Google's motion avoids this entire morass.

## IV. Conclusion

For the foregoing reasons, Google respectfully requests that the Court grant its motion.

---

[3] Plaintiffs' counsel claimed at the pretrial conference that Plaintiffs raised the injunctive relief explanation in their depositions because they said "I want to make sure everything's investigated." Toker Decl. Ex. A (Pre Trial Conf. Tr.) at 91:17-18. Yet wanting to seek an "investigation" and attempting to preserve a legal right are far from synonymous. Moreover, when Plaintiffs were asked follow-up questions during their depositions, Plaintiffs' counsel objected on privilege grounds. *See, e.g.,* Toker Decl. Ex. B (Rodriguez Dep. Tr.) at 84:24-85:5; Toker Decl. Ex. C (Santiago Dep. Tr.) at 293:25-294:3.

[4] Should the Court be inclined to permit such testimony, at the very least the Court should require a prior evidentiary proffer of any such testimony, outside the presence of the jury, so that the Court can determine the scope of Plaintiffs' belated subject-matter waiver of privilege and work-product and the Court can compel immediate, remedial discovery.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S MIL NO. 17 TO EXCLUDE
REFERENCE TO INJUNCTIVE RELIEF
3:20-CV-04688-RS

Dated: August 20, 2025

Respectfully submitted,

COOLEY LLP

By:   */s/ Eduardo E. Santacana*
Michael A. Attanasio
Benedict Y. Hur
Simona Agnolucci
Eduardo E. Santacana
Argemira Flórez
Harris Mateen
Isabella McKinley Corbo
Naiara Toker
Thilini Chandrasekera
Chelsea Hu

*Attorneys for Defendant Google LLC*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S MIL NO. 17 TO EXCLUDE
REFERENCE TO INJUNCTIVE RELIEF
3:20-CV-04688-RS