# EXHIBIT A

```
                                                      PAGES 1 - 126

                    UNITED STATES DISTRICT COURT

                  NORTHERN DISTRICT OF CALIFORNIA

    Before The Honorable Richard Seeborg, Judge

    ANIBAL RODRIGUEZ, et al.,           )
                                        )
              Plaintiffs,               )
                                        )
    vs.                                 ) No. 3:20-cv-04688-RS
                                        )
    GOOGLE LLC, et al.,                 )
                                        )
              Defendants.               )
    _____)


                                  San Francisco, California

                                  Wednesday, July 30, 2025

                          TRANSCRIPT OF PROCEEDINGS
```

**APPEARANCES:**

For Plaintiffs:
        Boies Schiller and Flexner
        333 Main Street
        Armonk, NY 10504
  **BY:   DAVID BOIES, ATTORNEY AT LAW**
       **ALEXANDER BOIES, ATTORNEY AT LAW**

        Boies Schiller Flexner LLP
        44 Montgomery Street, 41st Floor
        San Francisco, CA 94104
  **BY:   MARK C. MAO, ATTORNEY AT LAW**
       **BEKO RICHARDSON, ATTORNEY AT LAW**

        Boies Schiller Flexner LLP
        2029 Century Park East, Suite 1520
        Los Angeles, CA 90067
  **BY:   ALISON L. ANDERSON, ATTORNEY AT LAW**

(Appearances continued on the following page)

**REPORTED BY:  April Wood Brott, CSR No. 13782, Official United States Reporter**

1    You know, I'm going to give you an order, and I'm going to
2    think about a lot of these, but this one, I do think that they
3    should be entitled to show that Plaintiffs continued to use it.
4    I mean, it goes to, you know -- it goes to several things.  But
5    you're the moving party.  Go ahead.
6         **MR. A. BOIES:**  Sure.  Well, I obviously understand the
7    arguments.  We've read the briefs and can understand why
8    Google's arguing they're irrelevant.  The problem is largely on
9    the prejudice side, which is, as Google knows, full well
10   Plaintiffs had to keep using apps after filing a lawsuit.
11        **THE COURT:**  Well, and you can make that point.
12        **MR. A. BOIES:**  In general yes, but it's difficult with
13   a jury trial because the context that's being omitted, the
14   context that's left out is something about Article III standing
15   and the requirement of the plaintiffs to continue using apps in
16   order to ask Your Honor for an order requiring Google to change
17   its practices, something that the jury is not going to decide.
18        And so we could try to elicit that testimony through a
19   fact witness.  It would be challenging.  We could try to get
20   the jury to understand.  I mean, it's challenging for
21   third-year law students, issues of Article III standing, so
22   that would be hard too.  And I certainly understand the
23   inclination to let Google, you know, make its defense, and we
24   can argue about it.
25        But it puts us at a disadvantage because the context

1          And for example, do we really want the jury to hear from
2     the plaintiff "Well, I had to keep using it because I don't
3     have any choice because Google is a monopoly"?  And in
4     addition, I was told that if I stopped using it, then we
5     couldn't get the injunctive relief to stop them from doing it
6     because part of what this case is about is trying to get a
7     finding from the jury that there's liability, and then the
8     judge can order them to stop it.
9          **THE COURT:**  Yeah.
10         **MR. BOIES:**  This is -- for very little probative
11    value, this takes us into areas that I think are going to be
12    very complicated.
13         **THE COURT:**  Okay.
14         **MS. CORBO:**  Good afternoon.  Isabella Corbo on behalf
15    of Google.
16         First, I would say that this is not a standing issue to
17    Google.  We do think that this has probative value.  This
18    information is relevant to the degree of harm that these
19    plaintiffs suffered and how offended they were by Google's
20    conduct.
21         In their depositions, these plaintiffs testified that they
22    continued using these applications and continued using their
23    phones in the exact same manner even when there were
24    alternatives available, and we should be permitted to ask them
25    these questions on cross-examination, and then counsel can

1    so Google made this argument before at class certification.
2    They pointed to the exact same testimony that they're relying
3    on now. And if you look at the class certification order,
4    pages 12 and 13, Your Honor said, "Look. This is not a fair
5    argument because to embrace this argument creates a catch-22."
6         Either they continue using their mobile apps, as our
7    plaintiffs did, and they get hit with these arguments about
8    "Well, that destroys your claims. It must not be offensive.
9    It must not be damaging. Your claims, you know, just don't
10   survive"; or they stop using apps, and Google says, "Well, you
11   don't have standing to pursue injunctive relief."
12         **THE COURT:** Right. I think I ruled that I wouldn't
13   agree with that position.
14         **MR. A. BOIES:** Which -- sorry. Which position, Your
15   Honor?
16         **THE COURT:** That if you stop using it, you don't lose
17   your standing to seek injunctive relief.
18         **MR. A. BOIES:** That may be so, but, you know, we're
19   operating in a world of uncertainty with -- you know, I don't
20   think we have a ruling from Your Honor on that issue in this
21   case.
22         **THE COURT:** True.
23         **MR. A. BOIES:** And so, you know, the actions that our
24   Plaintiffs took throughout the litigation aren't necessarily
25   bound by any of your orders.

1           **THE COURT:**  I hear what you're saying.
2           **MR. A. BOIES:**  And so for Google to say they're not
3   disputing that our plaintiffs have standing to pursue
4   injunctive relief, correct, because our plaintiffs continued
5   using mobile apps to maintain that standing.
6           So I don't even understand the -- they're punishing
7   Plaintiffs with the other side of the catch-22 that because
8   Plaintiffs continued using their mobile apps, they are not
9   disputing injunctive relief.  But they're punishing them on the
10  merits of their claims, which is not fair because it excludes
11  the whole predicament that the plaintiffs are in.
12          **THE COURT:**  Okay.
13          **MR. A. BOIES:**  And just to point just briefly about
14  the testimony from our plaintiffs about the reasons that they
15  continued, I mean, each one of our plaintiffs testified they
16  continued using apps as they had before because of this
17  litigation.  They said, you know, "I want to make sure
18  everything's investigated."
19          They said, "I needed to keep what I had so my behaviors
20  are still the same.  In order for this to continue, I want to
21  make sure you know that I still have the same behaviors."
22          They said and they admitted that they're continuing to use
23  apps consistently in order to find out what Google is doing
24  wrong in order to keep this case going.  So it's not true this
25  never came up before, and the plaintiffs were deposed before

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: Saturday, August 2, 2025

_____

April Wood Brott, CSR No. 13782