COOLEY LLP
MICHAEL A. ATTANASIO (151529)
(mattanasio@cooley.com)
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
NAIARA TOKER (346145)
(ntoker@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
THILINI CHANDRASEKERA (333672)
(tchandrasekera@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
CHELSEA HU (357212)
(chu@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111-4004
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**DEFENDANT GOOGLE LLC'S MOTION IN LIMINE NO. 18 TO EXCLUDE PLAINTIFFS' EXHIBIT 6**<br><br>Dept:     3, 17th Fl.<br>Judge:   Hon. Richard Seeborg<br><br>Date Action Filed: July 14, 2020<br>Trial Date: August 18, 2025 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S MIL NO. 18 TO EXCLUDE
PLAINTIFFS' EXHIBIT 6
3:20-CV-04688-RS

Defendant Google LLC ("Google") hereby moves in limine to exclude Plaintiffs' Exhibit 6, which it expects Plaintiffs to offer for the truth of the matters asserted through the testimony of former Google employee Sam Heft-Luthy. Exhibit 6 is a 75-page document about an internal Google survey in which the respondents were asked to ruminate on internal and external perceptions about Google and privacy. The exhibit should be excluded for several reasons: (a) it contains hearsay from two levels of out-of-court declarants; (b) it is minimally probative because the out-of-court declarants are not discussing the privacy settings at issue in this case but rather broad perceptions of Google's approach to privacy; and (c) its admission would be unfairly prejudicial to Google because it contains many non-specific but inflammatory statements about those perceptions.

This is a classic example of a bell that cannot be unrung: once the jury hears these statements, the damage is done. Neither further examination nor an instruction could undo the prejudice that will be caused by these vague, sweeping statements once they have been introduced. The document should be excluded.

## I.   BACKGROUND

Exhibit 6 is a compilation of a series of brainstorming interviews that Google's Privacy and Data Protection Office did to inform the Privacy Native project, which was a research effort to understand what users perceived to be the state of privacy at Google. We understand Mr. Heft-Luthy would testify that the interviewees were asked to provide their understanding of the most provocative, negative user sentiments about "privacy" at Google in a broad sense. These interviews were not focused on WAA, sWAA, or Google Analytics for Firebase data.

## II.   ARGUMENT

We begin with Rule 801(d)(2)D), which provides that a statement is not hearsay if it "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." But in this case the out-of-court statements come in three parts. First, unnamed out-of-court declarants have made statements or expressed opinions supposedly reflecting perceptions about the state of privacy at Google. Second, the interviewees, Google employees at the time, were asked to report on those general perceptions. Third, the interviewers summarized those reports in the document that is before the Court as Exhibit 6.

Cooley LLP
Attorneys at Law
San Francisco

1

Google's MIL No. 18 To Exclude
Plaintiffs' Exhibit 6
3:20-CV-04688-RS

Neither the first nor the second layer of statements – out-of-court expressions from internal and external constituencies as perceived and reported by the interviewees – satisfy Rule 801(d)(2)(D). There are no indicia of reliability regarding the first level of out-of-court statements insofar as they reflect wide-ranging statements by unknown individuals about the state of privacy at Google. Nor do we know whether the interviewees accurately reported the perceptions held by the internal and external communities. And critically, Google will not be able to cross-examine either the largely unknown first group of declarants (those with the perceptions) nor the second group of declarants (those reporting the perceptions). The statements in Exhibit 6 do not satisfy Rule 801(d)(2)(D) and thus are hearsay.

We turn next to the business records exception in Rule 803(6). Exhibit 6 does not satisfy the business records exception because Plaintiffs cannot lay the necessary foundation. "Double hearsay in the context of a business record exists when the record is prepared by an employee with information supplied by another person." *United States v. Ary*, 518 F.3d 775, 787 (10th Cir. 2008) (quotation omitted). Every person in the process must be acting in the regular course of business and have personal knowledge of the matters reported. *Id.* (citing *2 McCormick on Evidence* § 290 (Kenneth S. Broun, ed., 6th ed.2006)). Where there is insufficient information to determine who provided the information contained in a document, whether they were acting in the ordinary course of business, and whether they had the requisite knowledge to provide that information, the document is inadmissible. *See e.g. D.R. by Rodriguez v. Santos Bakery, Inc.,* 675 F. Supp. 3d 355, 360 (S.D.N.Y. 2023) (excluding statements in medical record because "there is no indication as to who made these statements or how reliable those sources are. And there is no ability to cross-examine the source," rendering the statements inadmissible hearsay and substantially more prejudicial than probative."); *United States v. Browne,* 602 F. Supp. 3d 687, 695 (D.N.J. 2022) (excluding record containing "a mix of different documents and information filled in by different persons" because it is impossible for the maker of the maker of the record to "attest to the accuracy of the underlying information."); *United States v. DeLeon,* 316 F. Supp. 3d 1303, 1307 (D.N.M. 2018) (excluding report by law enforcement officials that relied on information from confidential sources).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S MIL NO. 18 TO EXCLUDE
PLAINTIFFS' EXHIBIT 6
3:20-CV-04688-RS

Here, Plaintiffs cannot lay the foundation that the individuals interviewed had the requisite personal knowledge, nor lay the foundation regarding the role and responsibilities of many of these unknown witnesses, let alone whether the comments each individual made in this document are within the scope of that witness's responsibilities. The statements at issue are secondhand reports of what Google users writ large supposedly think about the general area of "privacy" at Google. Plaintiffs would present these amorphous comments about generalized impressions these declarants have without any opportunity for cross-examination of either the interviewees or the amorphous set of users they purport to describe. The hearsay is two-fold: the interviewee's statements are hearsay, and those statements in turn report the views of unknown, out-of-court declarants—a generalized "community" of Google users. Admission of such material would contravene the hearsay rule and deprive Google of its right to test the accuracy, reliability, and foundation of the assertions.

Even if admissible, a report derived from multiple levels of hearsay may be excluded under Rule 403. *See e.g. Mister v. Ne. Illinois Commuter R.R. Corp.*, 571 F.3d 696, 699 (7th Cir. 2009) (affirming exclusion of report because multiple levels of hearsay and a lack of precise factual statements rendered the report unreliable). By design, the interviews sought to elicit provocative commentary about Google's privacy practices. The team conducting these interviews asked employees to identify what they thought were the worst things users believed about Google's privacy policies. Unsurprisingly, the resulting material is slanted, one-sided, and disconnected from the facts of this case.

Permitting the jury to hear these views would only inflame passions against Google, encouraging the jury to decide based on generalized perceptions of the company rather than evidence tied to the claims and defenses at issue. And the risk of juror confusion is substantial. It bears emphasis that these interviews were not about the WAA and sWAA settings, nor about how Google treats Google Analytics for Firebase data from third-party apps. Instead, employees were asked to speculate about the broader universe of user attitudes toward privacy. Because those employees will not be cross-examined, they cannot "explain the[] context] of these statements to the jury. *Salemo v. United States*, 187 F. Supp. 3d 402, 410 (S.D.N.Y. 2016), *report and recommendation adopted*, 2017 WL 979054 (S.D.N.Y. Mar. 10, 2017) (finding emails not

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S MIL NO. 18 TO EXCLUDE
PLAINTIFFS' EXHIBIT 6
3:20-CV-04688-RS

admissible without explanatory witness testimony). If admitted, the jury would be left to sort through unfocused statements about topics not before them, blurring the line between what is actually at issue and unrelated perceptions about Google's conduct writ large. The prejudice here is incurable. If the jury is permitted to hear these generalized criticisms, they cannot simply "unhear" them, and the resulting bias would follow them into the deliberation room at Google's expense.

### III.    CONCLUSION

For these reasons, the Court should exclude exhibit PX 6.

Dated: August 24, 2025                                    Respectfully submitted,

                                                          COOLEY LLP


                                                          By:   /s/ Eduardo E. Santacana
                                                                Michael A. Attanasio
                                                                Benedict Y. Hur
                                                                Simona Agnolucci
                                                                Eduardo E. Santacana
                                                                Argemira Flórez
                                                                Harris Mateen
                                                                Isabella McKinley Corbo
                                                                Naiara Toker
                                                                Thilini Chandrasekera
                                                                Chelsea Hu

                                                          *Attorneys for Defendant*
                                                          *Google LLC*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S MIL NO. 18 TO EXCLUDE
PLAINTIFFS' EXHIBIT 6
3:20-CV-04688-RS