**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted *pro hac vice*)
Alexander Boies (admitted *pro hac vice*)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
Samantha Parris, CA Bar No. 318681
M. Logan Wright, CA Bar No. 349004
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Tel.: (213) 995-5720
alanderson@bsfllp.com
sparrish@bsfllp.com
mwright@bsfllp.com

*Counsel for Plaintiffs*

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted *pro hac vice*)
Shawn J. Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander P. Frawley (admitted *pro hac vice*)
Ryan Sila (admitted *pro hac vice*)
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com
rsila@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
Michael F. Ram, CA Bar No. 104805
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-cv-04688-RS<br><br>**PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION *IN LIMINE* 18**<br><br>Judge: Hon. Richard Seeborg<br>Trial Date: August 18, 2025<br>Courtroom: 3, 17th Floor |

Plaintiffs respectfully request that the Court deny Google's motion *in limine* 18 (Dkt. 634).

This is the third time Google seeks to prevent Plaintiffs from using PX-6.

The first time was Google's motion *in limine* 5 (Dkt. 523), where, after full briefing, the Court denied Google's motion to exclude PX-6 (Dkt. 587 at 14:15).

The second time was when Google objected to prior to Plaintiffs' opening, where the Court rejected Google's objection (Trial Tr. 193:1-20):

> MR. ATTANASIO: Plaintiffs' Exhibit 6 is a document internal to Google that reflects a number of conversations within Google, somewhat informal, in which Google personnel, all of whom in terms of these slides are not witnesses –
>
> THE COURT: Why isn't this an admission?
>
> MR. ATTANASIO: Because the people talking generally -- not about WAA and sWAA -- but generally about privacy are not authorized speakers within Google for purposes of being an admission at that time. But I understand if the Court –
>
> THE COURT: This is the -- this is the Google vice president of product management?
>
> MR. ATTANASIO: Speaking to another person, which then goes into a third document.
>
> THE COURT: For your guidance in going forward, I do view that as an admission.

The Court's prior rulings were correct, and it would be highly prejudicial to now exclude PX-6.

Mr. Heft-Luthy (who is scheduled to testify sometime Monday) was a member of the team that prepared PX-6 (PX-6 at 2). From August 2016 through January 2022, Mr. Heft-Luthy was Product Manager in Google's Privacy and Data Protection Office, or PDPO. Heft-Luthy Depo. Tr. at 12:3-8, 12:25-13:6. The PDPO was the "central privacy team at Google responsible for coordinating various cross-company privacy initiatives." *Id.* at 13:12-14:1. Mr. Heft-Luthy was a Product Manager whose LinkedIn profile describes how during his time at Google he "[c]oordinated development of privacy products across the company, ensuring that Google products work in a way that users can understand and control." PX-471 at 1.

1    One of the projects for which Mr. Heft-Luthy was the product manager was the "PrivacyNative" project. Heft-Luthy Depo. Tr. at 113:16-21. PX-6 is one of a series of documents (including PX-18 and PX-309) that report on that project. Google's PrivacyNative project was intended "to identify key privacy challenges that Google would face in the coming years and opportunities to address them." *Id.* at 113:10-15. PX-6 reports on views expressed by Google executives.

Mr. Heft Luthy testified at his deposition that PX-6 (Deposition Ex. 354) includes "notes from conversations that the PrivacyNative team had with stakeholders across Google." Heft-Luthy Depo. Tr. at 120:21-121:10. He explained that these "conversations were meant to gather information about Google's privacy, the space that Google operates in with respect to privacy, and inform the next steps of the program." *Id.* at 121:11-17. He also testified that the notes were used by the PrivacyNative team "to inform future activity." *Id.* at 122:5-12. Along with the other documents (e.g., PX-18, PX-309), that testimony provides a foundation for the admission of PX-6.

Google asserts: "The hearsay is two fold." Mot. at 3:8-10. This is wrong. The first level (the reporting of what people said) is itself an admission -- it is "a statement made by made by the party's agent … on a matter within the scope of that relationship." Moreover, Mr. Heft-Luthy participated in the preparation of PX-6 is available to be cross-examined. (It is also a business record.)

The second level (the statements by the Google executives who were interviews) are clearly admissions. Contrary to Google's assertion, they are not unnamed (Mot. at 1:24); they are Google agents speaking within the scope of their relationship "to gather information … inform the next steps … to inform future activity" (Heft-Luthy Depo. Tr. at 121:11-122:12).

The quotes from PX-6 in Plaintiffs' opening were statements by three Google executives recorded in PX-6.

- <u>Rahul Roy-Chowdhury</u>: Mr. Roy-Chowdhury at that time was a Google Vice President of Product Management. *See* PX-6 at 62 ("rahulrc@ Stakeholder interview 2020-0805" and identifying Mr. Heft-Luthy as part of the "PN team" for that interview). According to PX-6, Mr. Roy-Chowdhury stated: "We have gaps in how our system works and what we promise to people" and "We are not taking our responsibility as a steward of user data seriously." PX-6 at 63.

- Micah Laaker:  Mr. Laaker at that time was a Google Director, UX in the Office of the CEO.  *See* PX-6 at 57 ("micahlaaker@ Stakeholder interview 2020-08-05").  According to PX-6, Mr. Laaker stated:  "I don't have the faintest idea of what Google has on me" and "If I can't see it I don't know what I should be worried about."  PX-6 at 59.

- Othar Hansson:  Mr. Hansson was at that time a Principal Engineer, Google Core Team.  *See* PX-6 at 47 ("othar@ interview 2020-08-11").  Mr. Hannson described his role as "running the product team" which included the "PMs in PDPO."  PX-6 at 47.  According to PX-6, Mr. Hansson stated:  "At Google we still seem to believe in that fantasy that users agreed to this."  PX-6 at 49.

All people interviewed were speaking as Google agents. PX-6 at 1.  The notes include statements regarding their roles at Google, including their privacy-related responsibilities; their statements were used to "inform future activity" (Heft-Luthy Depo. Tr. at 122:5-12).

Google's suggestion that these interviews involved privacy concerns that were somehow *broader* than WAA does not make any portion of PX-6 inadmissible.  First, WAA was a key focus of the PrivacyNative project.  *See, e.g.*, PX-18 at 1-2 (WAA "vague and hard-to-parse for non-engineers / lawyers"); PX-39 at 2 ("WAA is so broad" that "people can't get their heads around what it collects / uses"); PX-309 (with WAA, Google is "out-of-step with user expectations").[1]  Second, there can be no dispute that Google's overall approach to privacy include, and is relevant to, the specific WAA/sWAA issues.  As the Court held in denying Google's MIL #5, evening concerning Google's "general privacy practices … is relevant and not sufficiently prejudicial to exclude under Rule 403.  *See* PX 6 …."  Dkt. 587 at 14:13-15.  Third, Plaintiffs seek to prove not only that Google intentionally invaded their privacy but also the offensiveness of Google's conduct and an entitlement to punitive damages.  Admissions

---

[1] If the Court wishes, Plaintiffs can provide additional examples further demonstrating this link between PrivacyNative and WAA, with Google employees admitting to problems with WAA.  *E.g.*, GOOG-RDGZ-00203637 (PrivacyNative document describing "WAA" as a "switch" that is "basically impossible to explain"); GOOG-RDGZ-00203603 (PrivacyNative document noting possibility of "breaking apart WAA"); GOOG-RDGZ-00203643 (PrivacyNative document describing Google's "monolithic consent approach" being the "root cause" of Google's "systemic privacy challenges").

regarding Google's knowledge of its broken data collection and consent systems (which Google never fixed) are highly relevant in proving these claims.

Dated: August 24, 2025

Respectfully Submitted,

By: */s/ Mark C. Mao*
**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted *pro hac vice*)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
Samantha Parrish, CA Bar No. 318681
M. Logan Wright, CA Bar No. 349004
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Tel.: (213) 995-5720
alanderson@bsfllp.com
sparrish@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted *pro hac vice*)
Shawn J. Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander P. Frawley (admitted *pro hac vice*)
Ryan Sila (admitted *pro hac vice*)
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com

srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com
rsila@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
Michael F. Ram, CA Bar No. 104805
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
mram@forthepeople.com

*Counsel for Plaintiffs*