COOLEY LLP
MICHAEL A. ATTANASIO (151529)
(mattanasio@cooley.com)
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
NAIARA TOKER (346145)
(ntoker@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
THILINI CHANDRASEKERA (333672)
(tchandrasekera@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
CHELSEA HU (357212)
(chu@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111-4004
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**DEFENDANT GOOGLE LLC'S MOTION TO HOLD PLAINTIFFS TO THEIR DISCLOSURES AND REST THEIR CASE WITHOUT CALLING MR. RUEMMLER**<br><br>Dept:     3, 17th Fl.<br>Judge:   Hon. Richard Seeborg<br><br>Date Action Filed: July 14, 2020<br>Trial Date: August 18, 2025 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S MTN TO HOLD PLFS TO THEIR DISCLOSURES
& REST CASE WITHOUT CALLING RUEMMLER
3:20-CV-04688-RS

Plaintiffs have now engaged in gamesmanship with four witnesses whom they planned to call in their case in chief. Defendant Google LLC ("Google") respectfully asks the Court for an Order remedying Plaintiffs' latest gambit by forcing Plaintiffs to honor their stipulated witness list disclosure and refusing to permit Plaintiffs to call late-disclosed witness Chris Ruemmler.

First, less than three weeks before the commencement of this trial, Plaintiffs without explanation dropped Sal Cataldo as one of the class representatives, thereby relieving him of testifying at trial. ECF No. 597.

Next, two days before the commencement of this trial, after meeting with and preparing her for trial testimony, Plaintiffs apparently decided Ms. Harvey should not testify and sent her home; to date, no adequate evidence has been provided for her abrupt departure, which smells like a tactical choice, not one of medical necessity. Trial Tr. at 344:13-23.

Third, Plaintiffs named third party Sam Heft-Luthy, a former Google employee in their disclosures for the Wednesday, August 20 trial day. In the following days, Plaintiffs changed their witness order three times, in violation of the Parties' stipulated process for witness disclosures, ECF No. 608, forcing this third party to wait on tenterhooks to testify for days on end. Finally, after sending an email confirming Mr. Heft-Luthy would not testify, causing Google to release him to his job, Plaintiffs then claimed a scrivener's error was to blame for that release, and that actually they still planned to call him.

Then, Plaintiffs serially confirmed over three days beginning on Friday that Plaintiffs would rest their case on Tuesday, August 26 *without calling Mr. Ruemmler*, thereby releasing him from testifying in their case in chief. Plaintiffs were required to disclose their witness order in good faith at 5 P.M. three days in advance of testimony (an advance disclosure protocol that was proposed by Plaintiffs). By Saturday evening, it was clear beyond peradventure that Mr. Ruemmler would not be called in Plaintiffs' case; they confirmed repeatedly they would rest on the witnesses they had by then disclosed.

But Sunday evening, Plaintiffs reversed course, seeking to disclose him late under the Parties' stipulated procedure for witness disclosures, and slotting him in for testimony on Tuesday,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

GOOGLE'S MTN TO HOLD PLFS TO THEIR DISCLOSURES
& REST CASE WITHOUT CALLING MR. RUEMMLER
3:20-CV-04688-RS

August 26. By the time of Plaintiffs' reversal, two days after Plaintiffs had confirmed Mr. Ruemmler would not testify, Mr. Ruemmler had already left on a much-needed summer vacation to see his daughter on the east coast.

In the wake of Plaintiffs' reversal on whether they would call Mr. Ruemmler, they provided shifting explanations for their conduct, none of which are credible. It is apparent that Plaintiffs either recklessly chose not to disclose Mr. Ruemmler when they should have, or worse, affirmatively chose to omit him from their disclosures for tactical reasons; either way, this late reversal prejudices Google, as described more fully below. This Court should order that Plaintiffs honor their witness disclosures and rest their case without calling Mr. Ruemmler.

## I.  BACKGROUND

Google respectfully and with apologies summarizes here the *detailed* timeline of events because their progression matters greatly to this motion.

### A. Plaintiffs repeatedly fail to abide by the Parties' stipulated witness disclosure procedure, inconveniencing a third party and causing Google prejudice.

According to the Parties' process stipulation, the Parties must disclose the witnesses they intend to call three days in advance at 5 P.M. ECF No. 608. That schedule was proposed by Plaintiffs, and accepted by Google. Declaration of Eduardo Santacana ISO Google's Motion to Hold Plaintiffs to Their Disclosures and Rest Their Case Without Calling Mr. Ruemmler ("Santacana Decl.") at ¶ 2.

### Friday

Pursuant to that agreement, on Friday, August 22 at 5:03 P.M., counsel for Plaintiffs emailed Google's counsel disclosing Anibal Rodriguez, Michael Lasinski, Mark Keegan, Eric Miraglia, J.K. Kearns, and Sam Heft-Luthy as the witnesses they intended to call on Monday, August 25. Santacana Decl., Ex. A.

At 5:36 P.M., counsel for Google responded to inquire whether Plaintiffs realistically expected to call Mr. Heft-Luthy on Monday, since Plaintiffs had listed Mr. Heft-Luthy for the third consecutive time in their disclosure, with various orderings of witnesses changing day by day, and Mr. Heft-Luthy's court date had become a moving target. *Id.*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S MTN TO HOLD PLFS TO THEIR DISCLOSURES
& REST CASE WITHOUT CALLING MR. RUEMMLER
3:20-CV-04688-RS

At 6:01 P.M., counsel for Plaintiffs responded that "**this is our current good-faith witness order**." *Id.* Counsel for Google responded to confirm whether Plaintiffs would call any more witnesses than they had just disclosed, or if they would rest their case on Tuesday. *Id.*

Thereafter, at 6:52 P.M., Mr. Santacana and Plaintiffs' counsel Alison Anderson spoke on the phone. Santacana Decl. at ¶ 6. Mr. Santacana inquired whether Plaintiffs planned to rest their case on Tuesday after Mr. Heft-Luthy, and Ms. Anderson confirmed "in good faith" that **Mr. Heft-Luthy would be Plaintiffs' final witness**. *Id.*

Google was surprised by this revelation, as Mr. Ruemmler's emails had formerly been a key part of Plaintiffs' case and had featured in Plaintiffs' opening statement. At 7:48 P.M., Mr. Santacana emailed Plaintiffs' counsel to memorialize their phone conversation and asked opposing counsel to confirm in writing that Plaintiffs would rest their case after Mr. Heft-Luthy, and that Plaintiffs would have no more witnesses to disclose. Santacana Decl., Ex. A. Counsel for Google explained that it needed to know that so it could know when to start its case in chief and make its first witness disclosures as required by the process stipulation. *Id.*

At 9:07 P.M. that same day, counsel for Plaintiffs emailed back, representing that "we are unlikely to call Bruce Schneier and Chris Ruemmler. While many things can happen in trial and we reserve our rights to make changes, **that is our current good faith plan**." *Id.*

### Saturday

Plaintiffs' representation that they would rest their case on Tuesday triggered the start of Google's witness disclosures, so Google began preparing its case. Santacana Decl. at ¶ 8. On Saturday, August 23 at 5 P.M., the deadline for witness disclosures by both sides for the Tuesday, August 26 trial day arrived. At 5:08 P.M., Google disclosed its first witnesses. Santacana Decl., Ex. B. Plaintiffs did not disclose any witnesses for Tuesday. Santacana Decl. at ¶ 8. This served as final confirmation that Plaintiffs had disclosed their full witness list, as they would have needed to disclose by Saturday at 5 P.M. in order to call any further witnesses on Tuesday, August 26. Having disclosed no further witnesses, Plaintiffs were, under the terms of the process stipulation, out of witnesses.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S MTN TO HOLD PLFS TO THEIR DISCLOSURES
& REST CASE WITHOUT CALLING MR. RUEMMLER
3:20-CV-04688-RS

But, to be absolutely sure that Plaintiffs would have no further witnesses, and having received no 5:00 P.M. email from Plaintiffs' counsel, Google's counsel Argemira Florez texted Plaintiffs' counsel Samantha Parrish. Declaration of Argemira Florez ISO Google's Motion to Hold Plaintiffs to Their Disclosures and Rest Their Case Without Calling Mr. Ruemmler ("Florez Decl.") at ¶ 2. These two counsel have texted throughout the trial and pretrial stages in order to facilitate the constant and needed flow of information between trial teams that facilitates a seamless presentation to the Court and jury each day. *Id.* at ¶ 3.

At 5:18 P.M., Ms. Florez asked "when will Plaintiffs send their disclosures?" *Id.* at ¶ 2. After clarifying what Ms. Florez was referring to, Ms. Parrish wrote back: "We indicated in our disclosure yesterday we would be passing the case to you guys on Tuesday so **we don't have any further disclosures**." *Id.*

Based on Plaintiffs' repeated representations, the lack of additional disclosures, and the fact that Google had begun making its own disclosures for its case in chief, counsel for Google informed Mr. Ruemmler that Plaintiffs would not be calling him to testify, first with a preview of that Saturday morning (based on the Friday conversations), and then with a confirmation of it Saturday night (after the final confirmation). Declaration of Simona Agnolucci ISO Google's Motion to Hold Plaintiffs to Their Disclosures and Rest Their Case Without Calling Mr. Ruemmler ("Agnolucci Decl.") at ¶ 2.

Mr. Ruemmler had already devoted significant time to prepare for his testimony and had intended to leave on summer vacation as soon as he was able. He flew out in the late morning on Sunday and is currently in New York City visiting his daughter. *Id.*

### Sunday

On Sunday, August 24 at 5:01 P.M., Google's counsel made its second witness disclosures, for the Wednesday August 27 trial day. Santacana Decl., Ex. C. Plaintiffs emailed at 5:08 P.M. and again at 5:24 P.M. to inquire about Google's witness order and asking to "[p]lease also confirm whether you intend to call Hoffman even if Plaintiffs do not call Schneier," giving the full

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S MTN TO HOLD PLFS TO THEIR DISCLOSURES
& REST CASE WITHOUT CALLING MR. RUEMMLER
3:20-CV-04688-RS

impression that Google would be calling witnesses on both Tuesday and Wednesday. *Id.* At 6:08 P.M., counsel for Google confirmed its intended witness order. Santacana Decl., Ex. D.

At no time did Plaintiffs indicate, while mining Google for information on its own witness order, that they had the intention of disclosing Mr. Ruemmler as a witness.

**Five minutes later**, at 6:13 P.M., over 25 hours past the disclosure deadline for the Tuesday trial day when Plaintiffs were slated to rest, and over an hour past the disclosure deadline for the Wednesday trial day, Plaintiffs' counsel unexpectedly wrote to counsel for Google, stating "We are updating our current good faith witness order and notice of additional witness to: Rodriguez, Lasinski, Keegan, Kearns/Miraglia, Ruemmler." *Id.* After a day of silence and multiple assurances via meet and confer, email, and text; and after they repeatedly asked about *Google's* witnesses and their order, Plaintiffs had apparently changed their witness order over a day late, dropping Mr. Heft-Luthy and replacing him with Mr. Ruemmler.

  **B.**  **Plaintiffs provide shifting, non-credible explanations for their failures to abide by the witness disclosure procedure.**

At 7:36 P.M. on Sunday evening, counsel for Google Eduardo Santacana and Simona Agnolucci spoke with counsel for Plaintiffs Alison Anderson and Beko Richardson. Santacana Decl. at ¶¶ 13-14; Agnolucci Decl. at ¶¶ 3-4. Google asked why Plaintiffs had failed to disclose Mr. Ruemmler in a timely fashion pursuant to the Parties' stipulation, and explained that, relying on multiple representations from Plaintiffs, counsel for Google released Mr. Ruemmler and that he was now on vacation in New York. *Id.*

Plaintiffs' counsel represented that they had realized there were some exhibits that they wanted to get into evidence, and asked counsel for Google if Google would potentially be willing to stipulate to the admissibility of PX 1 and PX 7 in exchange for Plaintiffs (once again) dropping Mr. Ruemmler from their witness list. (PX 1 and PX 7 are two of the top ten exhibits in Plaintiffs' case, which they apparently forgot to admit). *Id.* Ms. Anderson represented that she would discuss such a deal with Plaintiffs' trial team but could make no commitments. *Id.* Counsel for Google again pointed out that multiple emails, a phone call, and a text message all confirmed that Plaintiffs were done disclosing witnesses and would rest following Mr. Heft-Luthy's testimony. *Id.* Plaintiffs'

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S MTN TO HOLD PLFS TO THEIR DISCLOSURES
& REST CASE WITHOUT CALLING MR. RUEMMLER
3:20-CV-04688-RS

1  counsel criticized Google for relying on a text message. *Id.* The parties agreed that Plaintiffs would
2  call back with a proposal.

3      At 8:59 P.M., in light of Plaintiffs' repeated failures to make accurate witness disclosures,
4  Mr. Santacana emailed Ms. Anderson informing her that based on their prior email from nearly
5  three hours earlier confirming that Plaintiffs were dropping Mr. Heft-Luthy from their witness list,
6  Google had released Mr. Heft-Luthy so he could go back to his life and job, and that he would not
7  appear for testimony on Monday. Santacana Decl., Ex. E. Ms. Anderson responded twenty minutes
8  later, saying that Plaintiffs' earlier email had been a mistake, and that Plaintiffs still intended to call
9  Mr. Heft-Luthy. *Id.* By then, Google had told Mr. Heft-Luthy he would not be called to testify, and
10 he had made plans to work on Monday. *Id.*

11     At 9:18 P.M., Ms. Anderson called Mr. Santacana. Santacana Decl. at ¶ 16; Agnolucci Decl.
12 at ¶ 5. Two people from each side participated on this call, too. *Id.* Plaintiffs reiterated that it had
13 been a mistake to release Mr. Heft-Luthy. *Id.* Mr. Santacana reiterated that Google had relied on
14 Plaintiffs' email representation and that Mr. Heft-Luthy would not be available to testify on
15 Monday, but that Google would ask him if he could be available on Tuesday; like Charlie Brown
16 missing Lucy's football, Mr. Heft-Luthy had become frustrated with his ever-shifting testimony
17 schedule for a case about an employer he last worked at five years ago. *Id.*

18     Plaintiffs then said that Mr. Ruemmler was still under subpoena, but that Plaintiffs would
19 agree for him to testify out of order (i.e., during Google's case-in-chief). *Id.* Google informed
20 Plaintiffs that Mr. Ruemmler was on vacation through the end of trial, and reiterated that this was
21 only so because Google had taken Plaintiffs' representations in good faith, and their word. *Id.*

22     Plaintiffs then represented that they had removed and then re-added Mr. Ruemmler to their
23 witness list because they had been under the impression that Google planned to call Mr. Ruemmler
24 based on Google's opening statement. *Id.* That explanation would not normally suffice to justify
25 removing a witness from a witness list anyway. But it is also inexplicable: supposedly, after seeing
26 Google's first two days of witness disclosures, Plaintiffs inferred that Google would *never* call Mr.
27 Ruemmler, even though two more disclosures remained. *Id.* Google told Plaintiffs that this
28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

GOOGLE'S MTN TO HOLD PLFS TO THEIR DISCLOSURES
& REST CASE WITHOUT CALLING MR. RUEMMLER
3:20-CV-04688-RS

explanation was not logical due to the fact that Google had not yet disclosed all of its witnesses. Google also asked how this squared with the Parties' previous call, during which Plaintiffs had represented that they had changed their witness list because they wanted to admit two exhibits, which they listed by name (PX 1 and PX 7). *Id.* Plaintiffs denied that they had ever mentioned the possibility of compromising by admitting exhibits in exchange for dropping Mr. Ruemmler. *Id.* Needless to say, the call ended on a sour note.

Finally, at 9:46 P.M., Ms. Anderson and five other counsel for Plaintiffs called Mr. Santacana again. Santacana Decl., at ¶ 17; Agnolucci Decl. at ¶ 6. Ms. Agnolucci joined Mr. Santacana for the Google side. *Id.* Plaintiffs now offered that they would agree to drop Mr. Ruemmler in exchange for Google agreeing to admit four exhibits (PX 1 and PX 7, as indicated in the first call of the evening, as well as PX 223 and 228). *Id.* Plaintiffs represented that they needed these exhibits for their closing argument (the exhibits were also referenced in Plaintiffs' opening slides). *Id.* Plaintiffs suggested that, alternatively, Mr. Ruemmler could testify via Zoom to authenticate the exhibits. *Id.* Plaintiffs denied having denied that they had previously brought up the option of trading exhibit admissibility for foregoing testimony. *Id.*

Exhausted by Plaintiffs' shifting, incredible explanations, Google informed Plaintiffs that the Parties were at an impasse and that Google would be filing this motion.

## II.   ARGUMENT

From its experience dealing with dispositive briefing in this case, the Court well knows that Plaintiffs, going into this trial, intended to build their case on a scaffolding made of Mr. Ruemmler's colorful emails. The Court can imagine Google's surprise, then, that Plaintiffs had decided not to call him.

Whatever the reason for Plaintiffs' decision to pull Mr. Ruemmler from their lineup, the fact is that the late re-addition of Mr. Ruemmler to their witness order smacks of improper gamesmanship and is not harmless nor substantially justified. Plaintiffs indicated their intention to call Mr. Ruemmler for months, listing him on their witness list, listing him as the sponsoring witness of several of Plaintiffs' "hot documents" on their exhibit list (which they have explained are the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

GOOGLE'S MTN TO HOLD PLFS TO THEIR DISCLOSURES
& REST CASE WITHOUT CALLING MR. RUEMMLER
3:20-CV-04688-RS

first fifty in their exhibit order), and referring to many of those documents in their opening statement and demonstratives.

Their failure to timely disclose him in their final list for the Monday or Tuesday, August 25 and 26, trial days cannot have been an oversight; no party accidentally fails to disclose their star witness. The above timeline demonstrates two things: (1) Plaintiffs had a reason to pull Mr. Ruemmler from their lineup that they refuse to share; and (2) Plaintiffs had a reason to add him back on in an untimely manner that they refuse to share, choosing instead to provide two incredible explanations. Those two explanations are almost as absurd as Plaintiffs' course of conduct. It is simply not credible to believe that Plaintiffs forgot to admit their <u>Exhibit Number 1</u> and <u>Exhibit Number 7</u> after building an entire case around them and featuring them in opening. Nor is it credible to claim that Plaintiffs decided not to list Mr. Ruemmler as a witness in trust that Google would call him, only to become scared Google wouldn't call him, without asking whether Google would call him or seeing Google's full witness order. A plaintiff relies on the defendant to introduce the evidence they need to prove their case at their own peril.

Absent a showing of substantial justification and harmlessness, the remedy for Plaintiffs' choice to exclude Mr. Ruemmler from their trial disclosures is to hold them to their disclosures and exclude Mr. Ruemmler from testifying. *See Burns v. Home Depot USA, Inc.*, 2010 WL 11404592, at *2 (C.D. Cal. July 19, 2010) (citing Fed. R. Civ. P. 37(c)(1)) (excluding witness from testifying where "[l]ess than two weeks before the final Pretrial Conference … Plaintiff disclosed a non-exclusive list of over a dozen possible medical witnesses, … filed his final witness list which contained none of those medical witnesses [and] [t]hen—less than one week before trial—Plaintiff stated an intention to call one of his medical witness as a percipient witness only after the Court refused to allow Plaintiff to call that witnesses as an expert witness").

While "many things can happen in trial," as counsel for Plaintiffs pointed out in their email purporting to "reserve [their] right to make changes" to their witness disclosures, **nothing happened in the 48 non-business hours** between Friday, when Plaintiffs confirmed they did not intend to call Mr. Ruemmler, and Sunday, when Plaintiffs suddenly and inexplicably changed their

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

GOOGLE'S MTN TO HOLD PLFS TO THEIR DISCLOSURES
& REST CASE WITHOUT CALLING MR. RUEMMLER
3:20-CV-04688-RS

tune. No new evidence was admitted; no testimony taken. A change of heart is not considered substantially justified in any context under the Rules of Civil Procedure and it should not be here.

Two things did happen over the weekend on the Google side, though. First, Plaintiffs' confirmation of their decision to rest their case on Tuesday triggered Google's witness and exhibit disclosures for the first two days of its defense. Plaintiffs thereby obtained a strategic advantage in preparing the rest of their case in chief they would not otherwise have had. Second, Google lost the opportunity to prepare Mr. Ruemmler to testify over the weekend. And, of course, Mr. Ruemmler is now in New York through the rest of the trial, visiting his daughter—an unavailability caused by Plaintiffs' failure to abide by the parties' stipulation. Neither of these occurrences can be undone, and both constitute substantial prejudice to Google.

Even in the light most favorable to Plaintiffs, their conduct was reckless. If Plaintiffs were unsure about whether they intended to call Mr. Ruemmler, they should have disclosed him in a timely manner (as they clearly knew to do with Mr. Heft-Luthy), reserving their right not to call him, and thereby not forcing Google to disclose its defense strategy over the weekend or release Mr. Ruemmler from the case. Instead, they took a risk and pulled him from their case only to have a change of heart two valuable days later.

With this knowledge, and having already had a hand in two witnesses being mysteriously excused from providing trial testimony, Plaintiffs should not be allowed to benefit from their own failure to adequately disclose pursuant to the process stipulation. This was the very risk Google feared when Plaintiffs indicated they were planning to pass the case on Tuesday, and it is the reason Google repeatedly clarified and confirmed that Plaintiffs indeed intended to rest their case after calling their last-disclosed witness, Mr. Heft-Luthy. As for Plaintiffs' repeated declarations of "good faith" in their communications, that is not enough. They must actually engage in good-faith conduct. "To the extent that this evidentiary ruling prevents Plaintiff[s] from fully developing [their] case, **any prejudice suffered by Plaintiff[s] is of Plaintiffs' own making**." *Burns,* 2010 WL 11404592, at *2 (emphasis added). The only appropriate remedy is to hold Plaintiffs to their representations not to call Mr. Ruemmler to the stand.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

GOOGLE'S MTN TO HOLD PLFS TO THEIR DISCLOSURES
& REST CASE WITHOUT CALLING MR. RUEMMLER
3:20-CV-04688-RS

## III. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court hold Plaintiffs to their disclosures and order Plaintiffs to rest their case after Mr. Heft-Luthy's testimony without calling Mr. Ruemmler.

Dated: August 24, 2025              Respectfully submitted,

                                    COOLEY LLP

                                    By:  /s/ Eduardo E. Santacana
                                         Michael A. Attanasio
                                         Benedict Y. Hur
                                         Simona Agnolucci
                                         Eduardo E. Santacana
                                         Argemira Flórez
                                         Harris Mateen
                                         Isabella McKinley Corbo
                                         Naiara Toker
                                         Thilini Chandrasekera
                                         Chelsea Hu

                                    *Attorneys for Defendant*
                                    *Google LLC*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

GOOGLE'S MTN TO HOLD PLFS TO THEIR DISCLOSURES
& REST CASE WITHOUT CALLING MR. RUEMMLER
3:20-CV-04688-RS