COOLEY LLP
MICHAEL A. ATTANASIO (151529)
(mattanasio@cooley.com)
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
NAIARA TOKER (346145)
(ntoker@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
THILINI CHANDRASEKERA (333672)
(tchandrasekera@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
CHELSEA HU (357212)
(chu@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111-4004
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF GOOGLE LLC'S MOTION TO HOLD PLAINTIFFS TO THEIR DISCLOSURES AND REST THEIR CASE WITHOUT CALLING MR. RUEMMLER**<br><br>Dept:    3, 17th Fl.<br>Judge:   Hon. Richard Seeborg<br><br>Date Action Filed: July 14, 2020<br>Trial Date: August 18, 2025 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SANTACANA DECL. ISO GOOGLE'S MTN. TO
HOLD PLFS. TO THEIR DISCLOSURES
3:20-CV-04688-RS

I, Eduardo E. Santacana, hereby declare as follows:

1. I am a partner with the law firm Cooley LLP and am counsel for Defendant Google LLC in the above captioned action. I am duly licensed to practice law in the state of California and am admitted to practice before this Court. The matters set forth herein are of my own personal knowledge, and if called as a witness to testify, I could and would testify to these matters. I submit this declaration in support of Google's Motion to Hold Plaintiffs to Their Disclosures and Rest Their Case Without Calling Mr. Ruemmler, filed concurrently herewith.

2. Ahead of trial, the parties agreed to and filed a stipulation governing trial procedure, including the schedule for witness disclosures and submission of joint reports regarding exhibit disputes. That stipulation requires the parties to disclose the witnesses they intend to call three days in advance at 5 P.M. ECF No. 608. That schedule was proposed by Plaintiffs, and accepted by Google.

3. Pursuant to the Parties' process stipulation entered by the Court, on Friday, August 22 at 5:03 P.M., counsel for Plaintiffs emailed Google's counsel disclosing Anibal Rodriguez, Michael Lasinski, Mark Keegan, Eric Miraglia, J.K. Kearns, and Sam Heft-Luthy as the witnesses they intend to call on Monday, August 25. A true and correct copy of that email is attached hereto as **Exhibit A.**

4. At 5:36 P.M. on Friday, August 22, counsel for Google responded to inquire whether Plaintiffs realistically expected to call Mr. Heft-Luthy on Monday, since Plaintiffs had listed Mr. Heft-Luthy for the third consecutive time in their disclosure, and Mr. Heft-Luthy's court date had become a moving target. Mr. Heft-Luthy is not a current Google employee and the repeated changes to his expected testimony date were causing significant disruption and placing an undue burden on his schedule. Counsel for Google stressed that these changes were particularly problematic given that Mr. Heft-Luthy is a non-party witness with full-time job responsibilities at a different company. A true and correct copy of that email is attached hereto as **Exhibit A.**

5. At 6:01 P.M. that same day, counsel for Plaintiffs responded that "this is our current good-faith witness order." At 6:07 P.M., counsel for Google emailed Plaintiffs' counsel to confirm

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

SANTACANA DECL. ISO GOOGLE'S MTN. TO
HOLD PLFS. TO THEIR DISCLOSURES
3:20-CV-04688-RS

whether Plaintiffs would call any more witnesses than they had just disclosed, or if they would rest their case on Tuesday. A true and correct copy of that email is attached hereto as **Exhibit A.**

6. Thereafter, at 6:52 P.M., I spoke on the phone with Alison Anderson, counsel for Plaintiffs, about Mr. Heft-Luthy's schedule and availability to testify late on Monday. I inquired whether Plaintiffs planned to rest their case on Tuesday after Mr. Heft-Luthy's testimony, and Ms. Anderson confirmed that Mr. Heft-Luthy would be Plaintiffs' final witness. Google, relying on these repeated assurances, began preparing the witnesses that Plaintiffs intended to call as well as its own witnesses.

7. At 7:48 P.M., I emailed Plaintiffs' counsel to memorialize my phone conversation with Ms. Anderson and asked opposing counsel to confirm in writing that Plaintiffs will rest their case after Mr. Heft-Luthy, and that Plaintiffs have no more witnesses to disclose. I explained that if that is the case, Google will prepare to start its case on Tuesday and make its first witness disclosure on Saturday, August 23 as required by the process stipulation. At 9:07 P.M. on Friday, counsel for Plaintiffs emailed back, representing that "we are unlikely to call Bruce Schneier and Chris Ruemmler. While many things can happen in trial and we reserve our rights to make changes, that is our current good faith plan." A true and correct copy of that email is attached hereto as **Exhibit A.**

8. Thereafter, based on Plaintiffs' representations, Google began preparing its case. On Saturday, August 23 at 5:08 P.M., Google disclosed its first witnesses for Tuesday, August 26, pursuant to the Parties' process stipulation. Plaintiffs did not disclose any witnesses for Tuesday at that time. A true and correct copy of that email is attached hereto as **Exhibit B.**

9. Having received no email communication from Plaintiffs' counsel, I understand that Google's counsel Argemira Florez texted Plaintiffs' counsel Samantha Parrish at 5:18 P.M. on Saturday, asking "when will Plaintiffs send their disclosures?" After clarifying what Ms. Florez was referring to, Ms. Parrish wrote back: "We indicated in our disclosure yesterday we would be passing the case to you guys on Tuesday so we don't have any further disclosures." *See* Declaration of Argemira Florez ("Florez Decl.") filed concurrently herewith.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

SANTACANA DECL. ISO GOOGLE'S MTN. TO
HOLD PLFS. TO THEIR DISCLOSURES
3:20-CV-04688-RS

10. On Sunday, August 24 at 5:01 P.M., Google's counsel made its second witness disclosures, for Wednesday, August 27. Plaintiffs' counsel emailed at 5:08 P.M. and again at 5:24 P.M. to inquire about Google's witness order and to ask "[p]lease also confirm whether you intend to call Hoffman even if Plaintiffs do not call Schneier," giving the full impression that Google would be calling witnesses on both Tuesday and Wednesday. A true and correct copy of that email is attached hereto as **Exhibit C.**

11. At 6:08 P.M. on Sunday, counsel for Google confirmed its intended witness order. A true and correct copy of that email is attached hereto as **Exhibit D.**

12. **Five minutes later**, at 6:13 P.M., over 25 hours past the disclosure deadline for Tuesday and over an hour past the disclosure deadline for Wednesday, Plaintiffs' counsel unexpectedly wrote to counsel for Google, stating "We are updating our current good faith witness order and notice of additional witness to: Rodriguez, Lasinski, Keegan, Kearns/Miraglia, Ruemmler." Plaintiffs have, after a day of silence and multiple assurances via meet and confers, email, and text, changed their witness order well over a day late, dropping Mr. Heft-Luthy and replacing him with Mr. Ruemmler. A true and correct copy of that email is attached hereto as **Exhibit D.**

13. At 7:36 P.M. on Sunday, I and my law partner Simona Agnolucci, also counsel for Google, spoke with counsel for Plaintiffs Alison Anderson and Beko Richardson. We asked why Plaintiffs had failed to disclose Mr. Ruemmler in a timely fashion pursuant to the Parties' stipulation, and explained that, relying on multiple representations from Plaintiffs, counsel for Google had released Mr. Ruemmler and that he was now on vacation in New York.

14. During that 7:36 P.M. call, Plaintiffs' counsel represented that they had realized there were some exhibits that they wanted to get into evidence, and asked me and Ms. Agnolucci if Google would potentially be willing to stipulate to the admissibility of PX 1 and PX 7 in exchange for Plaintiffs (once again) dropping Mr. Ruemmler from their witness list. Plaintiffs had previously represented that PX 1 and PX 7 are two of the top ten exhibits in their case. Ms. Anderson represented that she would discuss such a deal with Plaintiffs' trial team. Ms. Agnolucci and I again pointed out that multiple emails, a phone call, and a text message all confirmed that Plaintiffs were

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

SANTACANA DECL. ISO GOOGLE'S MTN. TO
HOLD PLFS. TO THEIR DISCLOSURES
3:20-CV-04688-RS

done disclosing witnesses and would rest following Mr. Heft-Luthy's testimony. Plaintiffs' counsel criticized Google for relying on a text message.

15. Following this discussion, at 8:59 P.M., I emailed Ms. Anderson informing her that based on Plaintiffs' prior email from nearly three hours earlier confirming that Plaintiffs were dropping Mr. Heft-Luthy from their witness list, Google had released Mr. Heft-Luthy so he could go back to his life and job, and that he would not appear for testimony on Monday. Ms. Anderson responded at 9:18 P.M., saying that Plaintiffs' 6:13 P.M. email had been a mistake, and that Plaintiffs still intended to call Mr. Heft-Luthy. A true and correct copy of that email is attached hereto as **Exhibit E.**

16. At 9:18 P.M., Ms. Anderson called me. Ms. Agnolucci and I again spoke with Ms. Anderson and Mr. Richardson. Plaintiffs reiterated that it had been a mistake to release Mr. Heft-Luthy. I reiterated that Google had relied on Plaintiffs' email representation and that Mr. Heft-Luthy would not be available to testify on Monday. Plaintiffs then said that Mr. Ruemmler was still under subpoena, but that Plaintiffs would agree for him to testify out of order (*i.e.*, during Google's case in chief). Ms. Agnolucci and I informed Plaintiffs that Mr. Ruemmler was on vacation through the end of trial, and reiterated that this was only so because Google had taken Plaintiffs' representations in good faith, and their word. Plaintiffs then represented that they had removed and then re-added Mr. Ruemmler to their witness list because they had been under the impression that Google planned to call Mr. Ruemmler based on Google's opening statement. Inexplicably, after seeing Google's first two days of witness disclosures, Plaintiffs apparently inferred that Google would not call Mr. Ruemmler at all (even though there were still at least two more days of evidentiary disclosures to make that Plaintiffs had not yet seen) and therefore concluded they needed to call him. Google told Plaintiffs that this explanation was nonsensical due to the fact that Google had not yet disclosed all of its witnesses, and because on the Parties' previous call, Plaintiffs had represented that they had changed their witness list because they wanted to admit certain exhibits. Plaintiffs then denied that they had ever mentioned the possibility of admitting exhibits in exchange for dropping Mr. Ruemmler. Plaintiffs' counsel then hung up the phone while counsel for Google were still speaking.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

SANTACANA DECL. ISO GOOGLE'S MTN. TO
HOLD PLFS. TO THEIR DISCLOSURES
3:20-CV-04688-RS

17. Finally, at 9:46 P.M., Ms. Anderson and five other counsel for Plaintiffs called me again. Ms. Agnolucci once again joined for the Google side. Plaintiffs now represented that they would agree to drop Mr. Ruemmler in exchange for Google agreeing to admit four exhibits (PX 1 and PX 7, as indicated in the first call of the evening, as well as PX 223 and 228). Plaintiffs represented that they needed these exhibits for their closing argument (the exhibits were also referenced in Plaintiffs' opening slides). Plaintiffs suggested that, alternatively, Mr. Ruemmler could testify via Zoom. Plaintiffs denied having denied that they had previously brought up the option of trading exhibit admissibility for foregoing testimony.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the forgoing is true and correct.

Executed on August 24, 2025, at San Francisco, California.

                                             */s/ Eduardo E. Santacana*
                                             Eduardo E. Santacana

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

SANTACANA DECL. ISO GOOGLE'S MTN. TO
HOLD PLFS. TO THEIR DISCLOSURES
3:20-CV-04688-RS