COOLEY LLP
MICHAEL A. ATTANASIO (151529)
(mattanasio@cooley.com)
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
NAIARA TOKER (346145)
(ntoker@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
THILINI CHANDRASEKERA (333672)
(tchandrasekera@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
CHELSEA HU (357212)
(chu@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111-4004
Telephone:     (415) 693-2000
Facsimile:     (415) 693-2222

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**DECLARATION OF SIMONA AGNOLUCCI IN SUPPORT OF GOOGLE LLC'S MOTION TO HOLD PLAINTIFFS TO THEIR DISCLOSURES AND REST THEIR CASE WITHOUT CALLING MR. RUEMMLER**<br><br>Dept:     3, 17th Fl.<br>Judge:    Hon. Richard Seeborg<br><br>Date Action Filed: July 14, 2020<br>Trial Date: August 18, 2025 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

AGNOLUCCI DECL. ISO GOOGLE'S MTN. TO
HOLD PLFS. TO THEIR DISCLOSURES
3:20-CV-04688-RS

I, Simona Agnolucci, hereby declare as follows:

1. I am a partner with the law firm Cooley LLP and am counsel for Defendant Google LLC in the above captioned action. I am duly licensed to practice law in the state of California and am admitted to practice before this Court. The matters set forth herein are of my own personal knowledge, and if called as a witness to testify, I could and would testify to these matters. I submit this declaration in support of Google's Motion to Hold Plaintiffs to Their Disclosures and Rest Their Case Without Calling Mr. Ruemmler, filed concurrently herewith.

2. Based on Plaintiffs' Friday night representation that they would rest without calling Mr. Ruemmler, I informed him on Saturday morning that it appeared Plaintiffs might not call him, and that once they confirmed they would not call him, he would be free to leave for vacation. After Plaintiffs made a final confirmation Saturday evening that they did not intend to call Mr. Ruemmler, I spoke with Mr. Ruemmler again. I told him that Plaintiffs had confirmed they were resting their case and not calling other witnesses and that he was free to leave. Mr. Ruemmler informed me that he left for New York late Sunday morning and arrived in New York around 6 P.M. Pacific Time on Sunday.

3. At 7:36 P.M. on Sunday, August 24, I and my law partner Eduardo Santacana, also counsel for Google, spoke with counsel for Plaintiffs Alison Anderson and Beko Richardson. We asked why Plaintiffs had failed to disclose Mr. Ruemmler in a timely fashion pursuant to the Parties' stipulation, and explained that, relying on multiple representations from Plaintiffs, counsel for Google had released Mr. Ruemmler and that he was now on vacation in New York.

4. During that 7:36 P.M. call, Plaintiffs' counsel represented that they had realized there were some exhibits that they wanted to get into evidence, and asked me and Mr. Santacana if Google would potentially be willing to stipulate to the admissibility of PX 1 and PX 7 in exchange for Plaintiffs (once again) dropping Mr. Ruemmler from their witness list. Plaintiffs had previously represented that PX 1 and PX 7 are two of the top ten exhibits in their case. Ms. Anderson represented that she would discuss such a deal with Plaintiffs' trial team. Mr. Santacana and I again pointed out that multiple emails, a phone call, and a text message all confirmed that Plaintiffs were done disclosing witnesses and would rest following Mr. Heft-Luthy's testimony. Plaintiffs' counsel

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

AGNOLUCCI DECL. ISO GOOGLE'S MTN. TO
HOLD PLFS. TO THEIR DISCLOSURES
3:20-CV-04688-RS

criticized Google for relying on a text message.

5. At 9:18 P.M., Ms. Anderson called Mr. Santacana again. He and I again spoke with Ms. Anderson and Mr. Richardson. Plaintiffs reiterated that it had been a mistake to release Mr. Heft-Luthy. Mr. Santacana reiterated that Google had relied on Plaintiffs' email representation and that Mr. Heft-Luthy would not be available to testify on Monday. Plaintiffs then said that Mr. Ruemmler was still under subpoena, but that Plaintiffs would agree for him to testify out of order (*i.e.*, during Google's case in chief). Mr. Santacana and I informed Plaintiffs that Mr. Ruemmler was on vacation through the end of trial, and reiterated that this was only so because Google had taken Plaintiffs' representations in good faith, and their word. Plaintiffs then represented that they had removed and then re-added Mr. Ruemmler to their witness list because they had been under the impression that Google planned to call Mr. Ruemmler based on Google's opening statement. Inexplicably, after seeing Google's first two days of witness disclosures, Plaintiffs apparently inferred that Google would not call Mr. Ruemmler at all (even though there were still at least two more days of evidentiary disclosures to make that Plaintiffs had not yet seen) and therefore concluded they needed to call him. Google told Plaintiffs that this explanation was nonsensical due to the fact that Google had not yet disclosed all of its witnesses, and because on the Parties' previous call, Plaintiffs had represented that they had changed their witness list because they wanted to admit certain exhibits. Plaintiffs then denied that they had ever mentioned the possibility of admitting exhibits in exchange for dropping Mr. Ruemmler.

6. Finally, at 9:46 P.M. on Sunday, Ms. Anderson and five other counsel for Plaintiffs called Mr. Santacana again. I once again joined for Google's side. Plaintiffs now represented that they would agree to drop Mr. Ruemmler in exchange for Google agreeing to admit four exhibits (PX 1 and PX 7, as indicated on the first call of the evening, as well as PX 223 and 228). Plaintiffs represented that they needed these exhibits for their closing argument (the exhibits were also referenced in Plaintiffs' opening slides). Plaintiffs suggested that, alternatively, Mr. Ruemmler could testify via Zoom. Plaintiffs denied having denied that they had previously brought up the option of trading exhibit admissibility for foregoing testimony.

1   I declare under penalty of perjury under the laws of the State of California and the United
2   States of America that the forgoing is true and correct.
3   Executed on August 24, 2025, at San Francisco, California.

                                  */s/ Simona Agnolucci*
                                  Simona Agnolucci

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

AGNOLUCCI DECL. ISO GOOGLE'S MTN. TO
HOLD PLFS. TO THEIR DISCLOSURES
3:20-CV-04688-RS