**COOLEY LLP**
MICHAEL A. ATTANASIO (151529)
(mattanasio@cooley.com)
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
NAIARA TOKER (346145)
(ntoker@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
THILINI CHANDRASEKERA (333672)
(tchandrasekera@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
CHELSEA HU (357212)
(chu@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:   (415) 693-2000
Facsimile:   (415) 693-2222

*Counsel for Defendant Google LLC*

**BOIES SCHILLER FLEXNER LLP**
David Boies (*admitted pro hac vice*)
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao (SBN: 236165)
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
mmao@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (*admitted pro hac vice*)
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330
bcarmody@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (*admitted pro hac vice*)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
jyanchunis@forthepeople.com

*Counsel for Plaintiffs; additional counsel listed in signature blocks below*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**JOINT REPORT RE EVIDENTIARY DISPUTES FOR TRIAL DATE AUGUST 26, 2025**<br><br>Dept:   3, 17th Fl.<br>Judge:   Hon. Richard Seeborg<br><br>Date Action Filed: July 14, 2020<br>Trial Date: August 18, 2025 |

Pursuant to the Parties' process stipulation (Dkt. 608 ¶6), the Parties submit their joint report on objections to exhibits, demonstratives, deposition designations, objections and counter-designations that are anticipated to be moved into evidence at trial (with witnesses whom the moving party controls or employed) on **Tuesday, August 26, 2025**.

I.   **At Issue Exhibit/Demonstrative**

**Witness Exhibits: Steve Ganem**

| Exhibit | Plaintiffs' Objection(s) |
|---|---|
| G0696 | |
| **Google's Position** | **Plaintiffs' Position** |
| Exhibit G0696 is the public website for Google Analytics for Firebase. As the Director of Product Management who runs this product and helped create it, Mr. Ganem provided input into the website's creation and has direct knowledge of its contents. The website is relevant as it describes the product at issue and has been referenced during the litigation. | This document was not produced in discovery and is irrelevant as it is outside of the class period. The fact that a document has been "referenced in litigation" does not make it admissible where it has not been disclosed. And, in any event, what has been referenced in litigation is not this version that is outside of the class period. |

| Exhibit | Plaintiffs' Objection(s) |
|---|---|
| G0699 | |
| **Google's Position** | **Plaintiff's Position** |
| Exhibit G0699 is the Google Analytics for Firebase Privacy Policy effective starting in 2023 (it is also included in the G0933 compilation). Although this specific copy was produced in 2025, it accurately reflects the policy that existed during the latter part of the class period. It is relevant because this is the version that experts reviewed and relied upon in their testimony. It is necessary for the jury to have access to the relevant policies covering the entire class period. | Once again, this document was not produced in discovery. If it is "necessary for the jury" then Google should have produced it in discovery. Further, experts having relied on a document does not support (a) the document being admitted into evidence or (b) a fact witness testifying about the document when it was not produced in this case. Parties are not permitted to use fact witnesses to rebut experts if they were not disclosed as such. All witnesses who will provide testimony under Federal Rule of Evidence 702, 703, or 705, whether retained or non-retained, must be disclosed and provide written reports in compliance with Federal Rule of Civil Procedure 26(a)(2)(B). The mere fact that an expert relied on a document does not make it admissible for the jury and especially with a fact witness when that document was not disclosed in discovery. |

323454943 v1

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

JOINT BRIEF
3:20-CV-04688-RS

| Exhibit | Plaintiffs' Objection(s) |
|---|---|
| G0888 | |
| **Google's Position** | **Plaintiff's Position** |
| Exhibit G0888 is a video demonstrating the functionality of Google Analytics for Firebase. Mr. Ganem created this video using a publicly available test account on the Google Analytics website. It helps the jury understand how the product at issue works. Because Mr. Ganem created the video and has direct knowledge of the features shown, he can lay the necessary foundation.. | Plaintiffs do not object to the use of this video as a demonstrative. However, it should not be admitted into evidence. This video was created outside of the class period and for the purposes of litigation by Mr. Ganem. |

| Exhibit | Plaintiffs' Objection(s) |
|---|---|
| G0890 | |
| **Google's Position** | **Plaintiff's Position** |
| Exhibit G0890 is a true copy, sourced from the Wayback Machine, of the public Google Analytics Help page titled "[GA4] Automatically Collected Events." It accurately shows the webpage as it appeared in May 2023, during the class period. This page describes events collected by the product at issue (Google Analytics for Firebase) and is central to understanding its functionality. Furthermore, experts for both parties relied on this specific version; for example, Dr. Hochman cited this page over five times in his report. Mr. Ganem, who oversees the creation of these Help Center pages, has direct knowledge of the content and can lay the foundation. | Once again, this document was not produced in discovery. If it is "central to understanding" the functionality of GA4F then Google should have produced it in discovery. Further, experts having relied on a document does not support (a) the document being admitted into evidence or (b) a fact witness testifying about the document when it was not produced in this case. Parties are not permitted to use fact witnesses to rebut experts if they were not disclosed as such. All witnesses who will provide testimony under Federal Rule of Evidence 702, 703, or 705, whether retained or non-retained, must be disclosed and provide written reports in compliance with Federal Rule of Civil Procedure 26(a)(2)(B). The mere fact that an expert relied on a document does not make it admissible for the jury and especially with a fact witness when that document was not disclosed in discovery. |

323454943 v1

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

JOINT BRIEF
3:20-CV-04688-RS

| Exhibit | Plaintiffs' Objection(s) |
|---|---|
| G0896 | |
| **Google's Position** | **Plaintiff's Position** |
| Exhibit G0896 is a page from the public Google Analytics Help Center, showing its content during the class period. Mr. Ganem is responsible for managing the Help Center content and has direct knowledge of the information published on this page. He can therefore lay the necessary foundation for this exhibit. | Once again, this document was not produced in discovery and Google should not be allowed to admit it as evidence for the jury. |

| Exhibit | Plaintiffs' Objection(s) |
|---|---|
| G0933 | |
| **Google's Position** | **Plaintiff's Position** |
| Exhibit G0933 compiles Google Analytics' Terms of Service throughout the class period. These terms are central to the case because they dictated how Google Analytics customers could—and could not—collect user data. While Google produced these policies during discovery, those versions suffered from processing errors and very small font, making them difficult to read. G0933 presents the public-facing versions of those exact same documents in a format that is both true to the original and accessible to the jury.<br><br>This compilation allows the jury to efficiently compare the disclosures over time. The underlying exhibits are G0751 (2016-05-18), G0545 (2017-05-17), G0550 (2018-10-01), G0548 (2019-04-17), and G0699 (2023-05-15). Google agrees to remove the June 17, 2019, and March 31, 2021, versions from this compilation, as they are not on the exhibit list | While Plaintiffs do not object to G751, G545, G550, G548, and G699, Plaintiffs object to this compilation as it is not merely a reproduction of previously disclosed materials. Two of the policies are entirely new and were never produced in discovery, including the 2019-06-17 and 2021-03-31 policies. Further, certain policies included appear to be from 2025, outside of the class period. Plaintiffs also object that these are combined as a compilation. They are separate exhibits on Google's exhibit list and should be added as such and as the versions that were actually produced in discovery (i.e., G751, G545, G550, G548, and G699). |

323454943 v1

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

JOINT BRIEF
3:20-CV-04688-RS

| Exhibit | Plaintiffs' Objection(s) |
|---|---|
| G0940 | |
| **Google's Position** | **Plaintiff's Position** |
| Exhibit G0940 is a summary chart admissible under Federal Rule of Evidence 1006, which permits using a summary to prove the content of voluminous writings that cannot be conveniently examined in court. The underlying materials here are various produced versions of Google Analytics' Terms of Service issued between 2016 and 2023. Asking the jury to locate and compare specific paragraphs regarding personally identifiable information (PII) within each lengthy agreement would be inefficient and confusing.<br><br>This chart distills that essential information accurately and fairly. It isolates the relevant policy provision from each document and presents the verbatim language chronologically, with clear sourcing and dates. This allows the jury to efficiently review how Google's contractual requirements regarding PII and data collection disclosures have changed (or remained consistent) over the class period. | This 1006 Summary is inadmissible because the underlying documents are not admissible as they were not produced in discovery and some appear to be outside of the class period (containing a 2025 date). *See* Plaintiffs' response to G0933. |

## II.    AT ISSUE EXHIBIT/DEMONSTRATIVE

| Demonstrative | Plaintiffs' Objection(s) |
|---|---|
| Demonstrative sWAA-on versus sWAA-off | |
| **Google's Position** | **Plaintiff's Position** |
| Google's disclosure of a demonstrative visualizing "sWAA-on" versus "sWAA-off" data was created in good faith in direct response to Plaintiffs' case-in-chief. Google recognized the need to clarify how this data is treated only after hearing Plaintiffs' presentation. As the defendant, Google must have a fair opportunity to adapt its defense responsively. | These were disclosed on August 23rd, long after the June 25th disclosure deadline where parties exchanged demonstratives. |

323454943 v1

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

JOINT BRIEF
3:20-CV-04688-RS

### III. LIMITING INSTRUCTIONS

| **Plaintiffs' Proposal:** | |
|---|---|
| **Google's Position** | **Plaintiff's Position** |
| Plaintiffs' proposed limiting instruction is unnecessary, inaccurate, and misleading.<br><br>*First*, the instruction is unnecessary because it seeks to preempt a violation of the Court's order excluding evidence about app developers in the chain of consent (Dkt. 587). This concern is unfounded. Google will not elicit testimony from Mr. Ganem on the chain of consent. Google will adhere to the Court's ruling, which expressly permits "evidence that [Google] required app developers to reveal their use of Google Analytics in attempting to rebut the argument that it acted in a highly offensive manner." Dkt. 587, at 6. If Plaintiffs believe testimony violates the order, they may object contemporaneously on the basis of the order as the parties have done throughout this trial as needed.<br><br>*Second*, the instruction is misleading because it improperly weighs the elements of the Plaintiffs' claim. It suggests that the objective reasonableness of Plaintiffs' expectations regarding the WAA/sWAA settings is more significant than whether Google's alleged conduct was an egregious breach of social norms. Both are essential elements of the claim and carry equal weight; the instruction should not emphasize one over the other. | Plaintiffs propose a limiting instruction to be read before or during Mr. Ganem's testimony. Based on the exhibit disclosures by Google for Mr. Ganem, he is likely going to be testifying about Google's Terms of Service and other aspects of its relationship with GA4F App Developer customers. The Court has already ruled that this testimony is only relevant to proving Google's conduct was "highly offensive" and does not go to the determination of whether Google obtained permission or consent from the Plaintiffs. *See* MIL Order, Pl. MIL No. 7, ECF 587 at 6-7. The testimony is becoming cumulative and Plaintiffs will suffer prejudice that the jury may not understand what this evidence is relevant to. A limiting instruction is proper to ensure it is clear that this evidence is admitted for a limited purpose. Plaintiffs' proposed instruction tracks the Court's MIL Order, *see* ECF 587 at 6-7, is as follows:<br><br>[Proposed]App Developers Instruction:<br><br>You have heard and will hear evidence related to Google's terms of service and other interactions with App Developers. Such evidence is not relevant to whether Plaintiffs consented to Google's collection of sWAA-off data. The consent question in this case revolves around the relationship between Google and the Plaintiffs, not between the Apps and the Plaintiffs nor between Google and the Apps.<br><br>The question is whether Google's disclosures to Plaintiffs were unclear such that it was objectively reasonable for Plaintiffs to expect that turning WAA or sWAA off would stop Google from collecting data from their use of third-party apps. That, of course, is for you (the jury) to decide.<br><br>Evidence regarding App Developers is only relevant to whether or not Google acted in a highly offensive manner, which is also for you (the jury) to decide. |

323454943 v1

Dated: August 25, 2025

| COOLEY LLP | BOIES SCHILLER FLEXNER LLP |
|---|---|
| By: */s/ Eduardo E. Santacana* <br>     Eduardo E. Santacana | By: */s/ Mark C. Mao* <br>     Mark C. Mao |

MICHAEL A. ATTANASIO (151529)
(mattanasio@cooley.com)
BENEDICT Y. HUR (224018)
bhur@cooley.com
SIMONA AGNOLUCCI (246943)
sagnolucci@cooley.com
EDUARDO E. SANTACANA (281668)
esantacana@cooley.com
ARGEMIRA FLÓREZ (331153)
aflorez@cooley.com
NAIARA TOKER (346145)
ntoker@cooley.com
HARRIS MATEEN (335593)
hmateen@cooley.com
THILINI CHANDRASEKERA (333672)
(tchandrasekera@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
CHELSEA HU (357212)
(chu@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111-4004
Telephone:    (415) 693-2000
Facsimile:     (415) 693-2222

*Counsel for Defendant Google LLC*

David Boies (*admitted pro hac vice*)
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao (SBN: 236165)
Beko Reblitz-Richardson (SBN: 238027)
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (*admitted pro hac vice*)
Rossana Baeza (*admitted pro hac vice*)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Telephone: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson (SBN: 275334)
M. Logan Wright (SBN: 349004)
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Telephone: (213) 995-5720
alanderson@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (*admitted pro hac vice*)
Shawn J. Rabin (*admitted pro hac vice*)
Steven M. Shepard (*admitted pro hac vice*)
Alexander P. Frawley (*admitted pro hac vice*)
Ryan Sila (*admitted pro hac vice*)
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330
bcarmody@susmangodfrey.com

srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com
rsila@susmangodfrey.com

Amanda K. Bonn (SBN: 270891)
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (*admitted pro hac vice*)
Ryan J. McGee (*admitted pro hac vice*)
Michael F. Ram (SBN: 104805)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
mram@forthepeople.com

*Counsel for Plaintiffs*

### ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: August 25, 2025

By: */s/ Eduardo E. Santacana*
EDUARDO E. SANTACANA

323454943