COOLEY LLP
MICHAEL A. ATTANASIO (151529)
(mattanasio@cooley.com)
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
NAIARA TOKER (346145)
(ntoker@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
THILINI CHANDRASEKERA (333672)
(tchandrasekera@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
CHELSEA HU (357212)
(chu@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**DEFENDANT GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 10 TO PRECLUDE GOOGLE FROM CALLING REBUTTAL EXPERT DONNA L. HOFFMAN**<br><br>Dept: 3, 17th Fl.<br>Judge: Hon. Richard Seeborg<br><br>Date Action Filed: July 14, 2020<br>Trial Date: August 18, 2025 |

## I. INTRODUCTION

Google opposes Plaintiffs' motion to exclude the testimony of Donna L. Hoffman. **Dr. Hoffman intends only to opine on a tailored subset of her expert opinions**, all of which directly rebut evidence Plaintiffs have *already* proffered through documents and non-expert testimony. Plaintiffs' unwillingness to commit to witnesses by the Court's twenty-four-hour deadline necessitated the filing of their Motion. By late afternoon yesterday, Plaintiffs were still unwilling to disclose whether they planned to call their digital privacy expert Bruce Schneier, writing via email only that they are "unlikely to call Bruce Schneier." Declaration of Chelsea Hu ("Hu Decl.") at ¶ 4, despite the fact that they know they will be out of witnesses and resting their case today. At the eleventh hour, they finally committed to pulling their expert, notifying Google via a Motion in Limine to exclude Google's responsive expert Donna Hoffman. The case law is clear that Dr. Hoffman, who has heard Plaintiffs' case, can rebut the same theories that she rebutted in her expert report regardless of whether Plaintiffs withdraw Bruce Schneier. The Court should not countenance Plaintiffs' improper attempt to block an expert whose testimony is critical to rebut the issues surrounding user experience and design that they chose to present, albeit through the back door. Dr. Hoffman should be allowed to testify.

## II. ARGUMENT

No federal rule bars Dr. Hoffman from taking the stand. Plaintiffs' cited authority all address situations where *the plaintiff* attempted to back door rebuttal experts in their case in chief,[1] or otherwise concern late disclosures under Rule 26 far ahead of trial.[2] Neither scenario applies to the present case, where Google seeks only to call an expert that it timely disclosed to rebut Plaintiffs' actual and not hypothetical case. Plaintiffs cannot (and do not) claim prejudice.

Federal Rule of Civil Procedure 26(a)(2)(D) defines rebuttal evidence as that intended to "contradict or rebut evidence on the *same subject matter* identified by another party." Its plain text contemplates rebuttal in terms of theories or arguments, not witnesses. *See Olivero v. Trek Bicycle*

---

[1] *See, e.g.*, *Ellis v. Corizon, Inc.*, 2018 WL 6268199, at *2 (D. Idaho Nov. 30, 2018) (preventing plaintiff from "improperly [ ] trying to back door untimely expert disclosures through rebuttal expert disclosures or expert disclosures against a co-defendant").

[2] *See, e.g.*, *Int'l Bus. Machs. Corp. v. Fasco Indus., Inc.*, 1995 WL 115421, at *3 (N.D. Cal. Mar. 15, 1995) (concerning timeliness of expert disclosures under Rule 26 during pretrial phase of case).

*Corp.*, 2018 WL 3459424, at *2 (D. Colo. July 18, 2018) ("**There is no rule that, at trial, a rebuttal expert may testify only in response to an affirmative expert's trial testimony.** Indeed, with some frequency the Court sees one party presenting its theory *without* expert testimony and the opposing party challenging that theory *with* expert testimony."). To hold otherwise would invite prejudice, allowing the party bearing the burden of proof to strategically withdraw their expert at the last minute to avoid a direct challenge, all the while *still* advancing the underlying theory that their affirmative expert supported. Such an interpretation of Rule 26 would unfairly tie Google's hands.

*Olivero v. Trek Bicycle Corp.* stands on all fours. There, the court made a careful distinction between abandonment of a theory or "portion of [the plaintiff's] case" and abandonment of only "a particular witness who might have supported their theory of the case, which remains the same." *Id.* at *1. Where there is "still a theory to rebut, even if an affirmative expert will not testify in support of that theory," rebuttal testimony should be permitted. *Id.*; *see also Shay v. Cnty. of Los Angeles*, 2019 WL 5420262, at *6 (C.D. Cal. Oct. 21, 2019) (following *Olivero* and permitting testimony by the defendant's rebuttal expert where the plaintiff's underlying evidence and theory remained material); *Shoraka v. Bank of Am., N.A.*, 2024 WL 3468756, at *2 (C.D. Cal. Jan. 18, 2024) (same). The *Olivero* court further held that "[w]hether the expert is properly considered a 'rebuttal expert' for purposes of judging timeliness of disclosure under Rule 26(a)(2)(D) has nothing necessarily to do with whether the admissibility of that expert's opinions at trial turns on some other expert testifying first." *Id.* at *2. Here, Google timely disclosed Dr. Hoffman's opinions under Rule 26 and Plaintiffs have had more than ample time to conduct discovery and prepare for her testimony. They cannot raise credible arguments of undue surprise. Rather, Google would be prejudiced from this unfair and last-minute limitation conjured by Plaintiffs.

Dr. Hoffman's opinions remain relevant and responsive to several of Plaintiffs' theories, even in the absence of Dr. Schneier taking the stand. She intends to testify only to the following:

1. **The privacy paradox, and users' choice to use Google.** She will testify that users engage in individual privacy trade-offs. She will respond to Plaintiffs' argument that class members

had no choice but to accept Google's data collection via third party apps.[3]

2. **Progressive disclosures and UI design.** She will respond to Plaintiffs' argument that Google's notice and consent procedures are confusing, specifically that Google could and should have disclosed more in its policies.[4]

3. **Contention that WAA and sWAA are fake buttons from a UI design perspective.[5]** Dr. Hoffman will opine on the design of the WAA/sWAA buttons and their surrounding disclosures with respect to UI design.

Plaintiffs have submitted these theories via **documents and witnesses other than Dr. Schneier.** In all fairness, Dr. Hoffman should be permitted to testify in direct rebuttal to Plaintiffs' evidence on subject matter that she long ago disclosed in her expert reports as part of her expert opinions.

## III. CONCLUSION

For these reasons, the Court should permit Google to call Dr. Hoffman to the stand.

---

[3] *See, e.g.,* Hu Decl., Ex. B (Rough Tr., August 25, at 66–69) (Mr. Rodriguez's testimony on use of Android phones and third-party apps); Hu Decl., Ex. A (Trial Tr. at 522–525) (Mr. Santiago's use of third-party apps); *id.* at 696–698 (Dr. Hochman testified about his use of Google products).

[4] *See, e.g.,* Hu Decl., Ex. A (Trial Tr. at 761–768) (Mr. Rodriguez navigated Google's progressive disclosures on both Google's website and Android interface (going from "Privacy Policy," to "Go to Activity Controls," to "Learn More")); *id.* at 324–338 (Mr. Monsees's testimony on PX 2); Hu Decl., Ex. B (Rough Tr., August 25, at 30–31) (Mr. Rodriguez testified that Google is the biggest technology company in the world and that it should be the industry leader on offering clear controls). PX 62, 84, 104, 67, 116.

[5] *See, e.g.,* Hu Decl., Ex. A (Trial Tr. at 496–497), Ex. B (Rough Tr., August 25, at 71–72) (Both Mr. Santiago and Mr. Rodriguez called the WAA/sWAA buttons fake).

Dated: August 26, 2025

Respectfully submitted,

COOLEY LLP

By: */s/ Simona Agnolucci*
Michael A. Attanasio
Benedict Y. Hur
Simona Agnolucci
Eduardo E. Santacana
Argemira Flórez
Harris Mateen
Isabella McKinley Corbo
Naiara Toker
Thilini Chandrasekera
Chelsea Hu

*Attorneys for Defendant Google LLC*