**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted *pro hac vice*)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
mmao@bsfllp.com
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted *pro hac vice*)
bcarmody@susmangodfrey.com
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted *pro hac vice*)
jyanchunis@forthepeople.com
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505

*Counsel for Plaintiffs; additional counsel
listed in signature blocks below*

**COOLEY LLP**
MICHAEL A. ATTANASIO (151529)
mattanasio@cooley.com
BENEDICT Y. HUR (224018)
bhur@cooley.com
SIMONA AGNOLUCCI (246943)
sagnolucci@cooley.com
JONATHAN PATCHEN (237346)
jpatchen@cooley.com
EDUARDO E. SANTACANA (281668)
esantacana@cooley.com
ARGEMIRA FLOREZ (331153)
aflorez@cooley.com
THILINI CHANDRASEKERA (333672)
tchandrasekera@cooley.com
HARRIS MATEEN (335593)
hmateen@cooley.com
NAIARA TOKER (346145)
ntoker@cooley.com
ISABELLA MCKINLEY CORBO (346226)
icorbo@cooley.com
CHELSEA HU (357212)
chu@cooley.com
MICHAEL MORIZONO (359395)
mmorizono@cooley.com
3 Embarcadero Ctr., 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000

*Counsel for Defendant Google LLC*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

ANIBAL RODRIGUEZ, et al. individually
and on behalf of all others similarly situated,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No. 3:20-cv-04688-RS

**PROPOSED ADDITIONAL POSITIONS
ON JURY INSTRUCTIONS**

Judge: Hon. Richard Seeborg
Trial Date: August 19, 2025
Courtroom: 3, 17th Floor

## **INTRODUCTION**

Below are the parties submitted proposed changes and additions to the Joint Filing of the Proposed Jury instructions filed before trial.   These proposed changes and additions include:

- **NEW** Class-Wide Evidence Instruction. **DISPUTED**.

- **NEW** Ownership Instruction. **DISPUTED**.

- **NEW** Without Permission Instruction.  **DISPUTED**.

- **DELETE** from Dkt. 595 Jury Instruction 41 (Affirmative Defense - Statute of Limitations) and corresponding Instruction 42 (Statute of Limitations – Fraudulent Concealment). **UNOPPOSED**.

- **EDITS** to Google's proposed language on Jury Instruction 48 (Nominal Damages).  The instruction remains **DISPUTED**.

- **EDITS** to Plaintiff's proposed language on Jury Instruction 49 (Punitive Damages).  The instruction remains **DISPUTED**.

- **NEW** Clear and Convincing Evidence Instruction.  **DISPUTED**.

For disputed instructions, the Parties used the following color-coding: **black** signifies agreed upon text, blue signifies Plaintiffs' proposal, and red signifies Google's proposal. Where the instruction is not new but there are proposed changes to a parties' proposed language or position, that has been highlighted in yellow.  The Parties have included brief explanations and authorities to support their respective positions.

**(DISPUTED) NEW JURY INSTRUCTION**

[“Class Action” Defined]/[Class-Wide Burden of Proof]

This case is a class action.  A class action is a lawsuit that has been brought by one or more plaintiffs on behalf of a larger group of people who [are alleging] have similar legal claims. All of these people together are called a "class." The three plaintiffs—Anibal Rodriguez, Julian Santiago, and Susan Lynn Harvey—bring this action as class representatives.

In a class action, [the class representatives contend that] the claims of many individuals can be resolved at the same time [instead of requiring each member to sue separately] [based on common evidence and testimony that is not unique to each class member].  Because of the large number of members in the two classes in this case, not everyone in the class will testify.  You [may assume that the evidence at this trial applies to all class members] [must determine if the evidence presented in this trial applies to the class as a whole and proves the class representatives' claim on behalf of every class member].  [All members of the class will be bound by the result of this trial.]

[When I used the term "Plaintiffs" in the remainder of these instructions, you are to understand that I mean the class as a whole and not the individual plaintiffs.]

There are two classes in this case.

The first class is called "Class 1" or the "Android Class." It consists of all individuals who, during the period beginning July 1, 2016 and continuing through September 23, 2024, (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running the Android operating system, because of the Firebase Software Development Kit ("SDK") and/or Google Mobile Ads SDK.

The second class is called "Class 2" or the "non-Android Class." [It consists of all individuals who, during the period beginning July 1, 2016 and continuing through September 23, 2024, (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running a non-Android operating system, because of the Firebase

SDK and/or Google Mobile Ads SDK] [It is the same as Class 1, except that it includes individuals who used a smartphone or tablet that were not running the Android operating system, such as Apple iPhones and iPads].

[For purposes of the Plaintiffs' first claim, for violation of the California Comprehensive Computer Data Access and Fraud Act, the classes include all types of Google accounts, including not only ordinary consumer accounts, but also accounts for organizations like businesses and schools, called "enterprise" accounts, and accounts for children under the age of 13, which are called "supervised" accounts. For purposes of Plaintiffs' second and third claims, for invasion of privacy and intrusion upon seclusion, the classes include neither enterprise accounts for businesses and schools nor supervised accounts for children.]

[Authority: CACI 115]

**Plaintiff's Position**

- Plaintiffs' proposal exactly tracks the CACI instruction for paragraphs one and two. Google states that the authority for its proposed instruction is CACI 115, but it fails to indicate that it has modified the second paragraph of that instruction. The language suggested by Plaintiffs is verbatim from CACI 115 without modification. That language informs the jury that it "may assume that the evidence at this trial applies to all class members." Google's modified instruction ("You must determine if the evidence presented in this trial applies to the class as a whole and proves the class representatives' claim on behalf of every class member") is contrary to the law.

- Meanwhile, Google's proposal invites error by attempting to shift the determination of class certification from the Court to the jury. "The issue of certification under Rule 23 is an issue appropriately reserved for the Court's review." *Vasquez v. Leprino Foods Co.*, 2023 WL 2167245, at *19–20 (E.D. Cal. Feb. 22, 2023); *see also Gomez v. Tyson Foods, Inc.*, 2013 WL 991494 (D. Neb. Mar. 13, 2013) ("The court finds that [defendant] should not be allowed to raise issues regarding Rule 23 certification [to the jury] that have been

determined as a matter of law [by the court].").  If Google believes that the proof adduced at trial has failed to satisfy the requirements of Rule 23, the proper recourse is for Google to file a motion to decertify the class, not to have the Court give a confusing and misleading instruction to the jury.  *See Wakefield v. ViSalus, Inc.*, 2019 WL 3945243, at *1 (D. Or. Aug. 21, 2019) (Rule 23 "provides district courts with broad discretion to determine whether a class should be certified and to revisit that certification as appropriate throughout the legal proceedings before the court. . . . This gives the district court flexibility to address problems with a certified class as they arise up to and even after a jury trial.") (internal quotation marks and citations omitted), *aff'd*, 51 F.4th 1109 (9th Cir. 2022).

- In *Siqueiros v. Gen. Motors LLC*, 2023 WL 7272508, at *16 (N.D. Cal. Nov. 2, 2023), Judge Chen found it was appropriate to instruct the jury, "[i]f you find it appropriate, you may apply the evidence at this trial to all class members."  There, in disputing whether the jury instructions should frame the jury's findings as pertaining to "Plaintiff and *the* other class members" (Plaintiff's preference) or "Plaintiff and *all* other class members" (Defendant's preference), Judge Chen rejected the defendant's position, finding, "[n]one of GM's authorities support the proposition that jury instructions must be phrased expressly to encompass 'all' members of the certified class and Plaintiffs convincingly argue that GM's instruction ignores the role that common proof will play in the class trial."  *Siqueiros v. Gen. Motors LLC*, No. 16-CV-07244-EMC, ECF 509 at 53 (N.D. Cal. Sept. 14, 2022). He further reasoned, "The claims of each class will rise and fall with the claims of the class representatives.  It is unnecessary and confusing to ask the jury to make findings with respect to 'all' or 'each' class member."  *Id.*

- The same rationale applies here and Google give no justification—or even an explanation— for why the language of CACI 115 should be modified in the way Google proposes.

- Further, the class definitions that Plaintiffs propose track the class definitions that the parties stipulated to as "Undisputed Facts" in the Pretrial Statement. *See* Dkt. 534 at 8.

**<u>Google's Position</u>**

While CACI 115 serves as a helpful starting point for this instruction, this case is not a California state court case. It is a federal class action governed by Rule 23 and applicable precedent. Plaintiffs' reliance on CACI 115 does not take this into account and is therefore misguided. To prevail in a federal class action, the plaintiffs must prove the elements of their claims as to the class as a whole. The class action device may not be used to change the standard of proof that a defendant would not face in an individual action. "[T]he Rules Enabling Act [28 U.S.C. § 2072(b)] forbids interpreting Rule 23 to 'abridge, enlarge or modify any substantive right.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 367 (2011). "[I]f the case proceeds past the certification stage, the plaintiff class must carry the burden of proving every element of its claims to prevail on the merits." *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1131 (9th Cir. 2017); *Dukes*, 564 U.S. at 351 n.6.

Google's proposed instruction tracks this fundamental tenet of the class action device. It is necessary to ensure that Google is not prejudiced by the jury applying a lower standard of proof for Plaintiffs' class claims, as the absence of this instruction risks the jury improperly applying individualized proof presented by Plaintiffs to the whole class. This would be contrary to firmly established Supreme Court and Ninth Circuit precedent. Google's instruction is also correct because it accurately reflects the class definitions as outlined in the Joint Pretrial Statement. Dkt. 534 at 7-8.

Plaintiffs' instruction is erroneous for at least two other reasons.

***First,*** Google objects to the language: "You may assume that the evidence at this trial applies to all class members." Again, this language is from the *state court* model jury instruction. There is

no Ninth Circuit model. The language could be understood as instructing the jury to assume that all of the evidence at trial "applies to all class members." Or that the jury is permitted to so assume. That is wrong. Plaintiffs have the burden of *demonstrating* that their evidence, on each element of each claim, is common to all class members. Rule 23 is not a substantive rule providing that the evidence presented by Plaintiffs "applies to all class members." Rather, it is simply "a claims-aggregating device" and it cannot "affect the substance of the claims or plaintiffs' burden of proof." *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 663 (9th Cir. 2022) (en banc). Plaintiffs retain the burden to introduce at trial evidence sufficient to prove all elements of their claims as to each class member. Anything less modifies—eliminates—the burden of proof of absent class members vis-à-vis Google in violation of the Rules Enabling Act. *See Tyson Foods, Inc. V. Bouaphakeo*, 577 U.S. 442, 455 (2016). All class members' claims must be proved; it cannot be assumed away. This was clearly explained in *Tyson*, where the Supreme Court explained that once plaintiff's statistical evidence survived *Daubert* and was admitted, it was up to the jury to determine whether that evidence was persuasive and whether it was "probative of the time *actually worked by each employee.*"

**Second,** Plaintiffs point to this court's class certification order. That is irrelevant. Class certification focuses "on the method or methods by which plaintiffs propose to use the [class-wide] evidence to prove' the common question in one stroke," and "a district court is limited to resolving whether the evidence establishes that a common question is *capable* of class-wide resolution, *not whether the evidence in fact establishes that plaintiffs would win at trial." Lytle v. Nutramax Lab'ys, Inc.*, 114 F.4th 1011, 1028 (9th Cir. 2024) (quoting *Olean*, 31 F.4th 651 at 666-67. Whether Plaintiffs have actually proven their claims on a class wide basis is what this trial is about. "[I]f the case proceeds past the certification stage, the plaintiff *class* must carry the burden of proving every element of its claims to prevail on the merits. Defendants can oppose the class *representatives'*

showing *at every stage*." *Briseno*, 844 F.3d 1121 at 1131 (emphasis added; internal citations and quotations omitted); *Dukes*, 564 U.S. 338 at n.6—explaining that even when Plaintiffs have identified an acceptable method of common proof sufficient for class certification, that is "an issue they will surely have to prove *again* at trial in order to make out their case on the merits."); *Olean*, 31 F.4th at 667-68 (whether plaintiffs' evidence relating to the common questions is unpersuasive and unlikely to succeed in carrying the plaintiffs' burden of proof is not decided on class cert, but at summary judgment or trial) (citing *Tyson*, 577 U.S. at 459-60).

DATE SUBMITTED: August 27, 2025

DATE REVISED: _____

**(DISPUTED) NEW JURY INSTRUCTION**

<u>Ownership</u>

**Google's Proposal:**

To establish that Plaintiffs are owners of data under CDAFA, ownership has a particular meaning under the law.

Ownership is not proved by showing that the data concerned, pertained to, or were about, Plaintiffs, or that Plaintiffs had some interest, such as a privacy interest, in the data. Relevant consideration for determining ownership includes who possessed the data, who had the right to use the data, who had the right convey the data, and who had the power to control the data. Plaintiffs have the burden to prove they own the data that had been collected by the non-Google branded app.

**Plaintiffs' Proposal:**

None.

**Google's Position:**

Plaintiffs' Fourth Amended Complaint unambiguously pleads that "Google violated Cal. Penal Code § 502(c)(2) by knowingly accessing and without permission taking, copying, saving, analyzing, and using Plaintiffs' and Class members' **data**." Dkt. 289 at 69 ¶ 262 (emphasis added). Plaintiffs must therefore prove that they are the owners of the at-issue data, not the electronic devices that third-party apps are downloaded on, regardless of any stipulation between the parties on Plaintiffs' ownership of mobile devices. *See Garrabrants v. Erhart*, 98 Cal.App.5th 486, 507 (2023) (interpreting "ownership" under a Section 502(c)(2) claim to apply only to owners of the underlying data). Plaintiffs' suggestion that they need only prove ownership of a mobile device in order to have standing to pursue a claim for the alleged value of their lost data is wholly inconsistent with Penal Code § 502(c)(2) and 502(e). Indeed, if Plaintiffs had wanted to bring a claim based on loss or damage based on unpermitted access to their mobile devices, that is a claim under Penal Code §

502(c)(7) ("Knowingly and without permission accesses or causes to be accessed any computer, computer system, or computer network.")

CDAFA does not explicitly define "ownership." *See* Cal. Penal Code § 502. However, it is defined in case law as "the right of one or more persons to possess and use a thing to the exclusion of others." *Garrabrants*, 98 Cal.App.5th at 508. It is clear that a mere "interest," even a "privacy interest," is not enough for a plaintiff to establish ownership over data. *See id*. at 509. It is also not enough that particular data merely pertains to the plaintiff. *See id*. at 508; *Stuart v. County of Riverside*, 2024 WL 3455263, at *19 (C.D. Cal. Apr. 22, 2024). Rather, the interest must be one of ownership specifically. *See id*. at 508; *see also Stuart*, 2024 WL 3455263, at *19 ("Here, in contrast, although the data pertains to Plaintiffs, there is no evidence that Plaintiffs 'own' (much less 'lease') that data. The State of California manages the CWS/CMS system, and an internal division with DPSS determines access permissions for DPSS employees.").

A plaintiff may establish ownership by use of concrete evidence, such as "customer terms of service" which establish a continued ownership interest in the property. *See Garrabrants*, 98 Cal.App.5th at 510.  It may also be established by showing that the plaintiff "created" the at-issue property. *See In re Capital One Fin. Corp.*, No. 1:25-cv-023 (AJT/WBP), 2025 WL 1570973, at *14 (E.D. Va. June 2, 2025). However, it must be affirmatively created. *See id*. Where personal data is merely "collected or generated by a third-party, and stored by a third-party, the plaintiff . . . cannot necessarily claim an ownership interest in that data under the CDAFA." *See id*.

The absence of this instruction may mislead the jury into concluding that any data that is merely "about" Plaintiffs is "owned" by them. However, such a conclusion has been explicitly rejected by multiple courts. Google would therefore be prejudiced by the exclusion of this instruction.

**Plaintiffs' Position:**

- Plaintiffs dispute the need for any instruction on the ownership element, particularly because Google has stipulated that Plaintiffs meet this element.

- In the Joint Pretrial Statement, filed on July 24, 2025, the parties agreed on various "Undisputed Facts," including that "Plaintiffs owned their mobile devices throughout the relevant time period." Dkt. 534 at 8.

- As explained above, for this element, Plaintiffs need only prove they "are owners or lessees of mobile devices *or* data." *See* Agreed Instruction 30 (emphasis added); *see also* CACI 1812. Because Google has already stipulated that Plaintiffs "owned their mobile devices," this element is not in dispute. At best, this instruction is unnecessary. At worst, this instruction will derail the jury into debating whether Plaintiffs meet an element that is not actually disputed.

- If the Court is inclined to give an instruction on the "ownership" element, the jury should also be instructed that Plaintiffs can satisfy this element in two ways—by proving ownership of (1) their mobile devices, *or* (2) their data. That instruction would at least minimize the risk of the jury being led astray into assuming that Plaintiffs must prove ownership over data.


DATE SUBMITTED: August 27, 2025

DATE REVISED: _____

CASE NO. 3:20-cv-04688-RS
**PROPOSED JOINT JURY INSTRUCTIONS**

1    **(DISPUTED) NEW JURY INSTRUCTION**

2    <u>Without Permission</u>

3    **Google's Proposal:**

4    For the third element, Plaintiffs must prove that Google acted "without permission."

5    Plaintiffs have the burden to prove that Google knowingly acted without permission. Whether

6    Google acted knowingly is a subjective standard, meaning that you must decide whether Google

7    knew that it did not have permission.

8    **Plaintiffs' Proposal:**

9    None.

10

11    **Google's Position:**

12    Google's proposed instruction clarifies the appropriate standards for establishing "without

13    permission," consistent with case law interpreting this element. First, unlike the role of consent in

14    other contexts, "without permission" is an affirmative element that Plaintiffs must prove. *See People*

15    *v. Tillotson*, 157 Cal.App.4th 517, 538 (2007); *Mendez v. Piper*, 2017 WL 1350770, at *14 (Cal. Ct.

16    App. Apr. 12, 2017); *Snap! Mobile, Inc. v. Croghan*, 2019 WL 884177, at *11 (N.D. Cal. Feb. 22,

17    2019); CACI 1812 ("Lack of permission is a required element for violations of subdivisions (c)(1)-

18    (7)"). This instruction correctly clarifies that Plaintiffs bear the burden of proof.

19

20    Whether a defendant acted "without permission" is subjective. The statute itself requires a

21    finding that a defendant "*knowingly* . . . acted without permission." *See* Cal. Penal Code § 502(c)(2)

22    (emphasis added); *see Flores-Figueroa v. U.S.*, 556 U.S. 646, 656-57 (2009) (applying mens rea to

23    all elements in statute). Courts have similarly interpreted it this way. In *Facebook, Inc. v. Power*

24    *Ventures, Inc.*, the Ninth Circuit held that the defendant did not have permission to access the

25    plaintiff's devices because "[t]he record show[ed] unequivocally that [the defendant] ***knew*** that it

26    no longer had authorization to access [the plaintiff]'s computers, but continued to do so anyway."

27    844 F.3d 1058, 1067 (9th Cir. 2016) (emphasis added); *see also* Dkt. 445 (Summary Judgment

28

Order) at 15 ("When evaluating whether a party revoked permission in the context of CDAFA or CFAA, courts focus on the perspective of the defendant at the time they used the data." (quoting *Power Ventures*, 844 F.3d at 1069)). Google acknowledges that the Court applied a "knew or *should have known*" standard on Google at summary judgment.  *See* Dkt. 445 at 15 (emphasis added); *see also* Dkt. 587 at 6.  This was incorrect. "Knowingly," in Penal Code provisions like section 502(c)(1), requires proof of the defendant's "subjective awareness" or "subjective appreciation" of the required fact whereas "should have known"—"criminal negligence"—is an objective standard.  *People v. Sifuentes*, 83 Cal. App. 5th 217, 230 (2022); *In re A.L.*, 38 Cal. App. 5th 15, 22 (2019).  Knowingly "is a higher criminal standard than criminal negligence."  *Sifuentes*, 83 Cal. App. at 230. This subjective mens rea requirement cannot be satisfied by showing what Plaintiffs "should have known." This would be inconsistent with Ninth Circuit precedent. *See Power Ventures*, 844 F.3d at 1069 ("Power intentionally accessed Facebook's computers **knowing** that it was not authorized to do so, making Power liable.") (emphasis added).

Without this clarification the jury could erroneously apply an objective standard, or believe that the burden is on Google to show that users consented. This would be in error, and failing to protect against this potential misunderstanding would severely prejudice Google.


**<u>Plaintiffs' Position:</u>**

- Plaintiffs dispute the need for any instruction on this element.

- Google's proposal misstates the law. Plaintiffs are not required to prove that Google *knew* it lacked permission. That interpretation cannot be reconciled with CACI 1812, which lays out the elements of the claim. The "knowingly" requirement applies to element 2—access. *See* CACI 1812, Element 2 (requiring a plaintiff to prove the defendant "knowingly" "accessed data on a computer, computer system, or computer network"). Element 3 addresses "without

**PROPOSED JOINT JURY INSTRUCTIONS**

permission", and the word "knowingly" is absent from Element 3. *Id.* Google's proposal conflicts with the plain language of CACI 1812 by adding "knowingly" to Element 3.

- Google's proposal also conflicts with this Court's summary judgment order. Addressing this element, this Court reasoned "it is genuinely disputed whether Google knew *or should have known* that class members revoked permission to use (s)WAA-off data." Dkt. 445 at 14 (emphasis added). At a minimum, if the Court is inclined to instruct the jury on this element, the instruction must include the "should have known" portion of the Court's reasoning.

DATE SUBMITTED: August 27, 2025

DATE REVISED: _____

**(DISPUTED) JURY INSTRUCTION (No. 48)**

<u>Nominal Damages</u>

**Plaintiffs' Proposal:**

The law that applies to this case authorizes an award of nominal damages.  If you find for the class members but you find that the class members have failed to prove damages as defined in these instructions, you must award nominal damages for each injury. Nominal damages are awarded per class member. This means that the total amount of nominal damages will equal the amount of nominal damages you award multiplied by the amount of people per class. The estimated class sizes are 54,923,146 members for Class 1, the Android Class, and 59,565,930 members for Class 2, the Non-Android Class.

**Google's Proposal:**

If you decide that Google is liable under Plaintiffs' CDAFA and/or Intrusion Upon Seclusion claim, but also that Plaintiffs have not proven damages, you may still award Plaintiffs nominal damages, even if you do not award any other damages. If you found that Google was not liable, you may not award nominal damages. There is no lower limit to nominal damages, though they may not exceed $1. The estimated total class size is 97,992,376.  The estimated class sizes by sub-class are 54,923,146 individuals for Class 1, the Android Class, and 59,565,930 individuals for Class 2, the Non-Android Class.

Nominal damages are not available for Plaintiffs' claim for Invasion of Privacy under the California Constitution.

[Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit, Number 5.6 (2017)]

**Plaintiffs' Statement:**

- The first two sentences of Plaintiffs' proposal track the Ninth Circuit's Model Jury Instruction 5.6, and there is no basis to depart from the substance of that instruction.  The

-14-

following two sentences of Plaintiffs' proposal clarify to the jury that nominal damages are available on a per-class-member basis. *See Cummings v. Connell*, 402 F.3d 936 (9th Cir. 2005) (affirming nominal damages award to each class member). While Google suggests there is no "recent" decision on a per-class-member award, Google provides no case law to supports this logic or that would contradict *Cummings*.

- Plaintiffs' proposal appropriately instructs the jury that nominal damages are awarded per class member, rather than as a single nominal sum to class as a whole. In *Cummings*, the Ninth Circuit reversed a judgment in which the district court awarded $1 per named plaintiff, even though the class included 37,000 people. The Ninth Circuit held that "when nominal damages are awarded in a civil rights class action, every member of the class whose constitutional rights were violated is entitled to nominal damages." 402 F.3d 936, 944 (9th Cir. 2005). Although the Ninth Circuit referred to "civil rights actions," its reasoning is unrelated to the nature of the claims asserted. Indeed, the Ninth Circuit explained that "damages for violations of constitutional rights are determined according to principles derived from the common law of torts." *Id.* at 942. The Ninth Circuit also drew on foundational principles of class litigation: "It is axiomatic that Rule 23 cannot 'abridge, enlarge or modify any substantive right' of any party to the litigation. … Consequently, the mere fact that a case is proceeding as a class action does not allow the district court to vindicate the rights of the individually named plaintiffs differently as compared to the absent class plaintiffs." *Id.* In other words, because class members could have each been awarded nominal damages had they filed independent lawsuits, they must also be entitled to individual nominal damages awards here.

- The parties also diverge on the issue of the permissible range or limitation of nominal damages. While the Ninth Circuit's Model Jury Instruction 5.6 includes the statement that "Nominal damages may not exceed one dollar," Plaintiffs respectfully request that the Court not include that limitation. Courts across the country have permitted juries to award nominal damages exceeding $1. *See, e.g.*, *Dowd v. City of Los Angeles*, 28 F. Supp. 3d 1019, 1033 (jury award of $10 in nominal damages for § 1983 violations); *see also SIS, LLC v.*

*Stoneridge Software, Inc.*, 2023 WL 164067 (11th Cir. Jan. 12, 2023) (affirming nominal damages award of $85,000 in breach of contract case); *Western Insulation, LP v. Moore*, 316 Fed.Appx. 291, 294 (4th Cir. 2009) (affirming nominal damages award of $100 in breach of contract case). Google cannot claim any prejudice here, where the Court may (but need not) evaluate the amount of nominal damages awards through post-verdict motions practice.

- The CDAFA expressly provides for compensatory relief. Cal. Penal Code § 502(e)(1). That includes nominal damages. Cal. Civ. Code § 3360 (nominal damages section of statutory title on compensatory relief).[1] Google has identified no authority suggesting that nominal damages are somehow excluded from the CDAFA's ambit.

- Nominal damages are also available for invasion of privacy and intrusion upon seclusion. *Uzuegbunam*, 141 S. Ct. at 799. Again, nominal damages are a type of recoverable damages. Cal. Civ. Code § 3360 (title on compensatory relief).[2] Google has identified no authority suggesting that nominal damages are somehow excluded from the CDAFA's ambit.

- Nominal damages are also available for invasion of privacy and intrusion upon seclusion. Google agrees that compensatory damages are available for intrusion upon seclusion. *See* Disputed Instruction No. 9-2, 9-5. Nominal damages are also available for invasion of privacy. *Uzuegbunam*, 141 S. Ct. at 799. Again, nominal damages are a type of recoverable damages. Cal. Civ. Code § 3360.

---

[1] For well over 100 years, California courts have rejected any assertion that Cal. Civ. Code § 3360 is specific to contract claims. *See, e.g.*, *Empire Gravel min. Co. v. Bonanza Gravel Min. Co.*, 67 Cal. 406 (1885) ("For every trespass upon real property the law presumes nominal damages."); *Crane v. Heine*, 35 Cal. App. 466, 467 (1917) (nominal damages available for impersonation).

[2] For well over 100 years, California courts have rejected Google's assertion below that Cal. Civ. Code § 3360 is specific to contract claims. *See, e.g.*, *Empire Gravel min. Co. v. Bonanza Gravel Min. Co.*, 67 Cal. 406 (1885) ("For every trespass upon real property the law presumes nominal damages."); *Crane v. Heine*, 35 Cal. App. 466, 467 (1917) (nominal damages available for impersonation). There is no support for Google's position.

- Google's argument that monetary relief is not available for an invasion of privacy claim has been addressed in the briefing for Instructions 45 and 46 above, which describe how monetary relief under invasion of privacy is analyzed differently for government entities (Google's line of cases) rather than private entities (Plaintiffs' line of cases).

- [Authority: Ninth Circuit Model Jury Instruction 5.6]

**Google's Statement:**

The Parties' dispute here boils down to two main issues: (1) which claims nominal damages are available for and when they must be awarded; and (2) the amount of nominal damages that may be awarded and to whom.

***First***, Google's proposal correctly states that nominal damages—a type of "money damages"—are not available for Plaintiffs' Invasion of Privacy claim. *See Blanco v. Cnty. of Kings*, 142 F. Supp. 3d 986, 1001 (E.D. Cal. 2015) ("the Court finds that the California Constitutional right to privacy contained in article I, section I does not give rise to a cause of action for money damages"); *Doe v. Regents of Univ. of California*, 672 F. Supp. 3d 813, 820 (N.D. Cal. 2023) (plaintiffs "can seek to enjoin [defendants] but cannot seek damages" under "Article 1, Section 1 of the California Constitution"). Plaintiffs cite no authority to the contrary. While Plaintiffs rely on *Uzuegbunam v. Preczewski*, 592 U.S. 279, 289 (2021), to argue that nominal damages are available for both their Invasion of Privacy and Intrusion Upon Seclusion claims, Google does not dispute that nominal damages may be awarded for the latter. However, nominal damages remain unavailable for Invasion of Privacy for the reasons previously stated in Google's arguments on Instructions 34 and 46. Google has been unable to find a single case authorizing an award of nominal damages for an Invasion of Privacy claim under the California Constitution. Moreover, the Ninth Circuit has made clear that *Uzuegbunam* "did [not] hold that nominal damages are now available as an inherent remedy for all legal injuries." *Perry v. Gottlieb*, No. 21-55513, 2022 WL 779627, at *1 (9th Cir. Mar. 14, 2022).

1    Further, Plaintiffs' proposal would erroneously instruct the jury that it "must" award nominal

2    damages" if it finds liability but also finds that Plaintiffs failed to prove actual damages. This is

3    inaccurate. *See Mfg. Automation & Software Sys., Inc. v. Hughes*, 833 F. App'x 147, 148 (9th Cir.

4    2021) (holding district court permissibly deemed defendant prevailing party on CDAFA claim

5    where jury found for plaintiff on liability but awarded no damages of any sort, including nominal

6    damages); *Monster Energy C. v. Integrated Supply Network, LLC*, 821 F. App'x 730, 734 (9th Cir.

7    2020) (holding district court erred in awarding $1 in nominal damages for California common law

8    tort of unfair competition where jury found defendant was liable but awarded no damages. including

9    nominal damages, for tortious act).

10    **Second**, Google's proposal correctly instructs the jury that nominal damages may be no

11    greater than, but can be less than, $1. *See Audio Fid., Inc. v. High Fid. Recordings, Inc.*, 283 F.2d

12    551, 558 (9th Cir. 1960) ("the award of at least nominal damages, such as one dollar or one cent.");

13    *Vallavista Corp. v. Vera Bradley Designs, Inc.*, No. C 10-00120 JW, 2011 WL 7462065, at *3 (N.D.

14    Cal. Apr. 20, 2011) ("an 'award of nominal damages, such as one dollar or one cent,' may be

15    appropriate in cases where a plaintiff fails to prove actual damages."); *Bayer v. Neiman Marcus*

16    *Grp., Inc.*, 861 F.3d 853, 872 (9th Cir. 2017) ("nominal damages [] are … by nature minimal in

17    amount"). Plaintiffs cite no case suggesting that a nominal damage award over $1 is permissible in

18    the Ninth Circuit, and the explicit limitation in the Ninth Circuit's Model Jury Instruction 5.6 would

19    suggest that such an award is improper. *See* Ninth Circuit Manual of Model Civil Jury Instructions

20    No. 5.6 (Nominal Damages) ("Nominal damages may not exceed one dollar.").

21    In addition, Plaintiffs do not provide a sufficient basis to instruct the jury that nominal

22    damages are to be awarded per class member.  In the sole decision they cite for this proposition,

23    *Cummings v. Connell*, the Ninth Circuit expressly states in the first sentence that it "holds today that

24    when nominal damages are awarded in a *civil rights class action*, every member of the class whose

25    constitutional rights were violated is entitled to nominal damages." 402 F.3d 936, 940 (9th Cir.

26    2005) (emphasis added).  This reasoning accords with the settled principle that, where a plaintiff

27    proves a violation of their rights under the federal constitution in a claim brought under § 1983—as

28    was the case in *Cummings*—"nominal damages must be awarded … as a matter of law," as a

"symbolic vindication." *Schneider v. Cnty. of San Diego*, 285 F.3d 784, 794 (9th Cir. 2002) (cleaned up, citation omitted) (collecting cases). The same logic does not apply to commercial class action claims. Although courts have followed the per-member model in other civil rights cases, Plaintiffs do not identify a commercial class action suit where a court has permitted nominal damages per class member in the 20 years since *Cummings* was issued, and counsel for Google are unable to find one.

Regardless, it is also appropriate to instruct the jury that awards of nominal damages have no lower limit, though cannot exceed $1, given the size of the class in this case. Nominal damages are not intended to generate large money judgments. One cent per class member adds to approximately $1 million in nominal damages. A dollar per class member adds to approximately $100 million, an obviously unreasonable sum for "nominal" damages.

Finally, as discussed with respect to several other instructions herein, the jury should not be instructed that they must "find for class members." They must find for *Plaintiffs*, who are standing in as representatives of the class. *See, e.g.*, Fed. R. Civ. P. 23(a)(3) ("the  claims or defenses of the representative parties [must be] typical of the claims or defenses of the class"). To suggest otherwise would be to defeat the purpose of the class mechanism.

Google's highlighted additions clarify that (1) nominal damages are available if the jury finds liability but also that the Plaintiffs have not proven damages (which Google believes is a clearer formulation than its previous instruction, which stated that nominal damages were available if the jury finds liability but not harm); and (2) the size of the total class in addition to the size of the two sub-classes, due to the fact that some members of the sub-classes are double-counted in the class as a whole.


DATE SUBMITTED: August 27, 2025

DATE REVISED: _____

**(DISPUTED) JURY INSTRUCTION (NO. 49)**

<u>Punitive Damages</u>

[Punitive damages are available only under the following claims: CDAFA and Intrusion Upon Seclusion.] If you decide that Google is liable with respect to [the class members'] [Plaintiffs'] claims, you must decide whether Google's conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that caused the harm, damage, and/or loss and to discourage similar conduct in the future. The amount of punitive damages, if any, will be decided later.

At this time, you must decide whether Plaintiffs have proved by clear and convincing evidence that Google engaged in the conduct at issue with [malice, oppression, or] fraud. [The amount of punitive damages, if any, will be decided later.

"Malice" means that Google acted with intent to cause injury or that Google's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person or entity acts with knowing disregard when they are aware of the probable dangerous consequences of the person's conduct and deliberately fail to avoid those consequences.

"Oppression" means that Google's conduct was despicable and subjected Plaintiffs to cruel and unjust hardship in knowing disregard of their rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.]

"Fraud" means that Google intentionally misrepresented or concealed a material fact and did so in intending to harm [the class members'] [Plaintiffs']. "Fraud" includes disclosing some facts but intentionally failing to disclose other facts, making the disclosure deceptive.

[The amount of punitive damages, if any, will be decided later.]

[Authority: Judicial Council of California Civil Jury Instructions (CACI) No. 3941 (2025 edition)]

**Note:** The addition in red and highlighted was inadvertently left off in the previously filed version of the jury instructions due to a filing error. The position statements have not changed.

CASE NO. 3:20-cv-04688-RS
**PROPOSED JOINT JURY INSTRUCTIONS**

**Plaintiffs' Statement:**

- Plaintiffs' proposed instruction mostly tracks the pattern instruction on punitive damages. *See* CACI 3941. Plaintiffs are omitting "malice," "oppression," and "despicable conduct" from the instruction because Plaintiffs are not seeking punitive damages on those grounds. Plaintiffs have also used the language from CACI 1901 to clarify that concealment, omissions, or half-truths include a scenario where

- California law provides that "[i]n an action for the breach of an obligation not arising from contract … the plaintiff, in addition to actual damages, may recover damages for the sake of example and by way of punishing the defendant." Cal. Civ. Code § 3924(a). In other words, punitive damages are generally available except in contract cases. Accordingly, courts have recognized that punitive damages may be an available remedy for invasions of privacy. *See, e.g.*, *Jackson v. First Nat'l Bank of Omaha*, 2022 WL 423440, at *9 (C.D. Cal. Jan. 18 2022) ("California courts and district courts in the Ninth Circuit have recognized punitive damages may be appropriate for common law invasion of privacy claims."); *Hieu Pham v. Bast*, 2018 WL 4003387, at *2 n.3, *9–10 (N.D. Cal. Aug. 22, 2018) (denying motion to strike punitive damages based in part on claim for invasion of privacy); *Spinks v. Equity Res. Briarwood Apartments*, 171 Cal. App. 4th 1004, 1055 (2009) ("[P]unitive damages may be available for the tort[] of … invasion of privacy."). In *Porten v. University of San Francisco*, the California Court of Appeal suggested that money damages are available for invasion of privacy claims. 64 Cal. App. 3d 825, 832–33 (1976) (reversing dismissal of invasion of privacy claim for money damages). In a more recent case, a federal district court agreed that a claim for money damages may lie under the California Constitution and rejected defendants' arguments based on a contrary assertion. *Stuart v. County of Riverside*, 2024 WL 3086634, at *5 (C.D. Cal. June 14, 2024).[3]   Arguing otherwise, Google relies on an

---

[3] The Court should reject Google's creative interpretations of *Porten*. Google's argument conflicts with the view of the California Supreme Court, which characterized that case as "suggest[ing] that money damages are available in an action based upon a violation of that clause" of the California Constitution. *Katzberg v. Regents Univ. of Cal.*, 29 Cal. 4th 300, 313, 316 nn. 13, 16 (2002).

inapplicable line of cases regarding the availability of monetary relief for certain claims *when asserted against a government actor*. *See Hart v. TWC Prod. & Tech. LLC*, 526 F. Supp. 3d 592, 602 (N.D. Cal. 2021) (distinguishing such cases). The analysis is plainly different when the defendant is a private entity. This is apparent from *Clausing v. San Francisco Unified Sch. Dist.*, which is the **sole authority** upon which Google's cases rely. 221 Cal. App. 3d 1224 (1998). The California Court of Appeal held that damages were not available in that case because the plaintiff's theory depended on a non-existent alleged "*mandatory duty* on public entities to protect a citizen's right to privacy." *Id.* at 1238. Moreover, the California Supreme Court has cast significant doubt on the validity of the *Clausing* line of cases, all but instructing other courts to disregard them. *See Katzberg v. Regents Univ. of Cal.*, 29 Cal. 4th 300, 313, 316 nn. 13, 16 (2002) (criticizing *Clausing* for "overlook[ing]" *Porten*, in which "the court suggested that money damages are available in an action based upon a violation of that same clause"); *Hernandez v. Hillsides*, 47 Cal. 4th 272, 285 (stating after *Clausing* that "it is an open question whether the state constitutional privacy provision … can also provide direct and sole support for a damages claim."); *see also Hart*, 526 F. Supp. 3d at 602. The bottom line is that Google has identified no case holding that damages are unavailable in actions against private parties, or in actions not based upon a non-existent duty to rescue the plaintiffs' rights.

- Plaintiffs disagree with Google's addition of "There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages." This language is not included in the CACI instruction for the first phase in a bifurcated trial (CACI 3941). Instead, this language is pulled from CACI 3942 which is the instruction used below for the second phase of a bifurcated trial. This language from CACI 3942 is relevant to the determination of the *amount* of punitive damages, which is not relevant here. Google should not be able to pick random sentences from additional jury instructions in order to emphasize issues that may appear more favorable to the defense, especially when that language is not relevant to this phase of the trial.

1    **Google's Statement:**

2       The Parties' instruction accurately reflects the Court's ruling on Google's Motion to

3    Bifurcate, which granted Google's request "with respect to the amount of punitive damages, if any,

4    to be awarded." Dkt. 587 at 2. This instruction advises the jury of its role to determine in the first

5    phase whether Plaintiffs are entitled to punitive damages, but not to set any amount.

6       The parties diverge in three material respects.

7       **First,** Google opposes Plaintiffs' revisions to CACI 3941. Google's proposal assiduously

8    tracks CACI 3941, consistent with Google's position that CACI 3941 should be offered in its

9    entirety and should include the definitions of "malice" and "oppression" in addition to "fraud," as

10   Plaintiffs initially proposed. *See* Dkt. 560 at 102. Google would additionally add the definition of

11   "despicable conduct," so as to follow the CACI model verbatim. It is misleading to remove language

12   from the model instruction that is intended to convey the severity of conduct necessary to prove

13   punitive damages.  Moreover, Plaintiffs attempt to add a sentence describing "fraud" that is not

14   contained in CACI 3941 and is also incomplete and misleading.  While Plaintiffs purport to rely on

15   CACI 1901 to suggest that concealment can constitute fraud, they cherry-pick and offer only one of

16   the six enumerated factors CACI 1901 states are required to prove concealment.  Further, they do

17   not cite any authority to suggest that CACI 1901 has any relation to the statutorily defined term

18   "fraud" in the punitive damages statute, which defines fraud to include an intent to harm the plaintiff.

19   *See* Cal. Civ. Code § 3294 (emphasis added). Plaintiffs' additions are unnecessary and duplicative,

20   and should be rejected.

21      **Second,** Google's proposal is proper, as it clarifies that punitive damages are only available

22   for Plaintiffs' claims under CDAFA and Intrusion Upon Seclusion, but not Invasion of Privacy

23   under the California Constitution. *See Blanco v. Cnty. of Kings*, 142 F. Supp. 3d 986, 1001 (E.D.

24   Cal. 2015) ("the Court finds that the California Constitutional right to privacy contained in article I,

25   section I does not give rise to a cause of action for money damages"); *Doe v. Regents of Univ. of

26   California*, 672 F. Supp. 3d 813, 820 (N.D. Cal. 2023) (plaintiffs "can seek to enjoin [defendants]

27   but cannot seek damages" under "Article 1, Section 1 of the California Constitution"). Plaintiffs do

28   not cite any authorities suggesting otherwise. Two of the three cases that Plaintiffs cite do not even

contain a claim for invasion of privacy under the California Constitution. *See Jackson v. First Nat'l Bank of Omaha*, 2022 WL 423440, at *9 (C.D. Cal. Jan. 18 2022) (no invasion of privacy claim under the California Constitution); *Spinks v. Equity Res. Briarwood Apartments*, 171 Cal. App. 4th 1004, 1055 (2009) (same). And the third does not explicitly recognize that any money damages are available for this claim. The complaint in question in *Hieu Pham* contained twenty-six causes of action, and the order Plaintiffs cite does not come close to suggesting that punitive damages are available for the constitutional privacy claim. *See Hieu Pham v. Bast,* 2018 WL 4003387, at *2 n.3, *9–10 (N.D. Cal. Aug. 22, 2018); *see also Hieu Pham v. Bast*, No. 3:17-cv-04194-WHO, Dkt. 26 (June 18, 2018) (Third Amended Complaint containing twenty-six causes of action).

Monetary damages are unavailable for the constitutional privacy claim. It is Plaintiffs' burden to show that damages are recoverable for their claims, and they are unable to cite a single case holding so with respect to this claim. *Faria v. M/V Louise V*, 945 F.2d 1142, 1143 (9th Cir. 1991) (it is "one of the most basic propositions of law [] that the plaintiff bears the burden of proving his case, including the amount of damages").

*Porten* does not hold that money damages are available for an action under Article I, section 1. *Porten v. Univ. of San Francisco*, 64 Cal. App. 3d 825, 832 (Ct. App. 1976) (deciding demurrer on other grounds). And Google can find no case that has awarded any type of monetary damages for an invasion of privacy under the California Constitution, whether against a government actor or a private entity. *See, e.g.*, *Hart v. TWC Prod. & Tech. LLC*, 526 F. Supp. 3d 592, 602 (N.D. Cal. 2021) (tabling the question). Plaintiffs overstate the limitations of *Clausing* in characterizing *Blanco* and *Doe* as its progeny. *Hart* does not actually hold that *Clausing*'s rule barring monetary recovery for a constitutional privacy violation is confined to actions against government actors. 526 F. Supp. 3d at 602. And *Clausing* is far from being abandoned; the Eastern District of California affirmed *Clausing* in 2015, finding *Porten* unpersuasive as contrary authority. *See Blanco*, 142 F. Supp. 3d 986 at 1001 (*Porten* did not contain "any analysis of the viability of the prayer for relief but only briefly discussed how the facts in the respective complaints could amount to a prima facie violation of article I, section I.").

1      *Katzberg*, which Plaintiffs cite, also does not hold that monetary damages are unavailable

2   only when a claim is asserted against a government actor. *Katzberg v. Regents Univ. of Cal.*, 29 Cal.

3   4th 300 (2002). Indeed, *Katzberg* walked through no less than six cases in which California courts

4   declined to award damages for a constitutional violation. *Id.* at 314-17. And even were this Court to

5   follow the framework set out in *Katzberg*, as Plaintiffs seem to suggest but fall short of arguing,

6   damages would not be available here.  This framework asks courts to first consider whether the

7   "language and history" of the constitutional provision at issue expresses an intent to authorize or

8   withhold a damages remedy. *Id.* at 317. One court in this District, looking at the intent of Article I,

9   section 1, held that it does not provide for a damages action. *Bates v. Arata*, 2008 WL 820578, at

10  *4 (N.D. Cal. Mar. 26, 2008) ("This [privacy] provision does not establish the means by which these

11  inalienable rights may be enjoyed, defended, or otherwise given the force of law."). Google has

12  further found no legislative intent to create an avenue for recovering damages via Article I, section

13  1. The inquiry should stop here. However, were the Court to proceed to the second step, which

14  undertakes a *Bivens*-like "constitutional tort" analysis, it should also find that implying a right to

15  damages here is unwarranted. The *Katzberg* court in rejecting monetary recovery for a constitutional

16  privacy claim found highly persuasive the fact that the plaintiffs had adequate remedies under tort

17  law (there, defamation). *Katzberg*, 29 Cal. 4th at 326-327. Here, with intrusion upon seclusion

18  mirroring this constitutional claim—as Google briefs more fully in its argument regarding

19  Instruction No. 34—there is no reason for this Court to imply a right to recover damages. It would

20  be duplicative and an unnecessary extension of judicial power.

21      **Third**, as explained in the Damages and Nominal Damages instructions, above, it is

22  inappropriate to instruct the jury that it must decide Google's liability with respect to "the class

23  members' claims." The correct inquiry is whether Google is liable to the Plaintiffs. *See, e.g.*, Fed.

24  R. Civ. P. 23(a)(3) ("the  claims or defenses of the representative parties [must be]  typical of the

25  claims or defenses of the class"). To suggest otherwise would be to defeat the purpose of the class

26  mechanism. Again, Plaintiffs cannot redirect their burden to show harm to absent class members

27  who will not appear at trial; if they cannot prove harm themselves, then their claims must necessarily

28  fail.

DATE SUBMITTED: August 27, 2025

DATE REVISED: _____

**(DISPUTED) NEW JURY INSTRUCTION**

<u>Clear and Convincing Evidence</u>

**Google's Proposal:**

To establish eligibility for punitive damages, Plaintiffs must prove by clear and convincing evidence that Google engaged in the conduct at issue with malice, oppression, or fraud. When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

[Authority: Manual of Model Civil Jury Instructions for The District Courts of the Ninth Circuit, Number 1.7 (2017)]

**Plaintiffs' Proposal:**

None.

**Google's Position:**

This instruction follows the Ninth Circuit's model instructions to make clear that in order to obtain punitive damages, Plaintiffs must prove by "clear and convincing evidence" that Google is "guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a). This is the standard set out by California law, and the jury should be instructed as such. Google believes that including this instruction as written will not cause jury confusion, but defers to the Court's preference regarding whether to fold this in with the instruction on eligibility for punitive damages.

**Plaintiffs' Position:**

**PROPOSED JOINT JURY INSTRUCTIONS**

- This instruction is not appropriate as it will likely confuse the jury as to which claims or defenses require "clear and convincing" evidence, especially given that none of the claims or defenses require Plaintiffs to prove the "clear and convincing" standard.

- If the Court deems this instruction is necessary, it should be included within the instruction on punitive damages, instead of a stand-alone instruction.

Dated:    August 28, 2025

**BOIES SCHILLER FLEXNER LLP**

By:    /s/ Mark C. Mao

David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No.
238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
Samantha Parrish, CA Bar No. 318681
M. Logan Wright, CA Bar No. 349004
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Tel.: (213) 995-5720
alanderson@bsfllp.com
sparrish@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander P. Frawley (admitted pro hac
vice)
Ryan Sila (admitted pro hac vice)
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com

Dated:    August 28, 2025

**COOLEY LLP**

By:    /s/ Eduardo E. Santacana

MICHAEL A. ATTANASIO (151529)
mattanasio@cooley.com
BENEDICT Y. HUR (224018)
bhur@cooley.com
JONATHAN PATCHEN (237346)
jpatchen@cooley.com
SIMONA AGNOLUCCI (246943)
sagnolucci@cooley.com
EDUARDO E. SANTACANA (281668)
esantacana@cooley.com
ARGEMIRA FLOREZ (331153)
aflorez@cooley.com
THILINI CHANDRASEKERA (333672)
tchandrasekera@cooley.com
HARRIS MATEEN (335593)
hmateen@cooley.com
NAIARA TOKER (346145)
ntoker@cooley.com
ISABELLA MCKINLEY CORBO (346226)
icorbo@cooley.com
CHELSEA HU (357212)
chu@cooley.com
MICHAEL MORIZONO (359395)
mmorizono@cooley.com

3 Embarcadero Ctr., 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000

*Counsel for Defendant Google LLC*

CASE NO. 3:20-cv-04688-RS
**PROPOSED JOINT JURY INSTRUCTIONS**

srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com
rsila@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Michael F. Ram, CA Bar No. 104805
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
mram@forthepeople.com

*Counsel for Plaintiffs; additional counsel
listed in signature blocks below*

### ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: August 28, 2025

By: */s/ Eduardo E. Santacana*
EDUARDO E. SANTACANA