COOLEY LLP
MICHAEL A. ATTANASIO (151529)
(mattanasio@cooley.com)
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
JONATHAN PATCHEN (237346)
(jpatchen@cooley.com)
ARGEMIRA FLOREZ (331153)
(aflorez@cooley.com)
NAIARA TOKER (346145)
(ntoker@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
THILINI CHANDRASEKERA (333672)
(tchandrasekera@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
CHELSEA HU (357212)
(chu@cooley.com)
MICHAEL MORIZONO (359395)
(mmorizono@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111-4004
Telephone:     (415) 693-2000
Facsimile:     (415) 693-2222

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**DEFENDANT GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' PROPOSED REBUTTAL WITNESSES**<br><br>Dept:     3, 17th Fl.<br>Judge:   Hon. Richard Seeborg<br><br>Date Action Filed: July 14, 2020<br>Trial Date: August 18, 2025 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S OPPOSITION TO PLAINTIFFS'
PROPOSED REBUTTAL WITNESSES
3:20-CV-04688-RS

## I. INTRODUCTION

Defendant Google LLC ("Google") opposes Plaintiffs' motion to put on two rebuttal witnesses based on the testimony of two Google fact witnesses and one expert, each of whom already testified and was subject to extensive cross examination. Google regretfully writes a longer brief than the "tight, little" brief promised to the Court in the courtroom today; its plans changed after seeing Plaintiffs' brief leveling at least 13 reasons why they should be allowed to put on a rebuttal case.

Plaintiffs seek to call rebuttal experts that they already called in their case in chief because they have sat on their opportunity to make their full case, a tactic this Court earlier acknowledged as highly uncommon and which prejudices Google. It also threatens to thrust the trial, which is on the verge of closing and until now has been tidy and straightforward, into an endless loop of experts delivering previously undisclosed opinions, or even worse, rehashing the ones the jury has already heard about. While Plaintiffs' tactic of having "two rebuttal witnesses," apparently no matter their actual identities, may be effective jury theater, it is not permissible.

None of the testimony offered by Google's witnesses on which Plaintiffs now rely to call rebuttal witnesses included "new, unforeseen facts brought out in [Google's] case." *Faigin v. Kelly*, 184 F.3d 67, 85 (1st Cir. 1999). Plaintiffs do not even attempt to make such an argument in their brief. Indeed, each point on which they rely that supposedly caught Plaintiffs and their experts off guard was extensively discovered, litigated, and fought about among experts long before trial began.

Plaintiffs' clear objective is to have the last word in this trial—an improper use of rebuttal testimony that would not even pan out for them. There is a reason plaintiffs' experts are rarely if ever appropriate rebuttal witnesses. Because of the structure of Rule 26 expert disclosures, a rebuttal expert can only offer (1) a new opinion, which would entitle the defense to respond in sur-rebuttal, or (2) a previously disclosed opinion, which is cumulative and should have been presented in the first instance. The Court should countenance neither.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

GOOGLE'S OPPOSITION TO PLAINTIFFS'
PROPOSED REBUTTAL WITNESSES
3:20-CV-04688-RS

## II. ARGUMENT

It is highly unusual for affirmative witnesses to be called again in rebuttal. As the Court correctly acknowledged, rebuttal testimony tends to be narrow and should not be allowed merely to present cumulative evidence or bolster the party's case-in-chief. Indeed, "[t]he principal objective of rebuttal is to permit a litigant to counter new, unforeseen facts brought out in the other side's case." *Faigin v. Kelly*, 184 F.3d 67, 85 (1st Cir. 1999). Presenting cumulative evidence that would only bolster the proponent's case in chief is improper. *See Evans v. Multnomah Cnty.*, 492 F. App'x 756, 760 (9th Cir. 2012) (affirming district court's decision to preclude the plaintiff from calling an affirmative witness on rebuttal because his rebuttal testimony would have been cumulative). **Otherwise, the case may go on forever.**

These principles apply with additional force in the expert witness context. "It is well-settled that a party is 'limited to using its rebuttal experts for just that – rebuttal – and may not call upon them to testify in its case-in-chief.'" Dkt. 638 at 1 (citing *Palm Capital, LLC v. Travelers Prop. Cas. Co. of Am.*, 2017 WL 5665010, at *2 (C.D. Cal. Apr. 3, 2017); *Panchenko v. Comenity Cap. Bank*, 2025 WL 2372597, at *3 (N.D. Cal. Aug. 13, 2025)). None of Plaintiffs' authorities on this point are remotely applicable to this case.

The structure of Rule 26 and this Court's scheduling orders required Plaintiffs to disclose their expert opinions, and Google to disclose their rebuttal opinions. Then the experts were deposed. The Court ruled on *Daubert* motions (with the benefit of briefing and deliberation time) and various motions to strike late-disclosed opinions. At trial, the Court also kept experts to their disclosed opinions.

As such, there are only two possibilities as to what Plaintiffs seek to offer through Mr. Lasinski or Dr. Hochman: (1) opinions they failed to put in during their case in chief, or (2) new opinions. Neither are appropriate.

### A. It is not appropriate for Plaintiffs to hold back expert opinions for rebuttal.

Plaintiffs' brief on its face does not identify any opinion previously disclosed by Mr. Lasinski or Dr. Hochman that they now wish to present in rebuttal, so this option may be moot. But regardless, there is no reason why Mr. Lasinski and Dr. Hochman could not have delivered their

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S OPPOSITION TO PLAINTIFFS'
PROPOSED REBUTTAL WITNESSES
3:20-CV-04688-RS

opinions in full to the jury during Plaintiffs' case in chief. Whatever opinions they left on the table at trial (and there were some, to be sure) were left behind for tactical reasons. Nobody forced them to hold back, nor is tactically holding back only to complain later that there are more disclosed opinions to provide appropriate.

In *Cates v. Sears, Roebuck & Co., Inc.*, the Fifth Circuit affirmed the district court's exclusion of the plaintiff's expert witness in rebuttal, after the expert had already testified in the plaintiff's case in chief. 928 F.2d 679, 685 (5th Cir. 1991). Although the expert's proffered rebuttal was "more detailed and comprehensive" than the earlier testimony, the Fifth Circuit still affirmed its exclusion since rebuttal "is not to be used as a continuation of the case-in-chief." *Id.*; *see also Bowman v. Gen. Motors Corp.*, 427 F. Supp. 234, 241 (E.D. Pa. 1977) (limiting scope of rebuttal expert's testimony to the scope of the defendant's expert's testimony, explaining that "to the extent that the evidence proffered was not specifically responsive to GM's case-in-chief, it was not properly offered as rebuttal, but <u>should have been presented in plaintiff's case-in-chief</u>. Moreover, to the extent that the evidence proffered would simply rehash plaintiff's basic theory about the defectiveness of the design, it was excludable as <u>unnecessary cumulation</u>") (emphasis added).

Here, too, Mr. Lasinski and Dr. Hochman may not simply rehash existing opinions, whether delivered at trial through testimony, previously disclosed in their reports, or brought out during their depositions. Whatever opinions those experts had when trial began, it was Plaintiffs' obligation to choose which to put in during their case, and leave the rest for posterity.

The danger of permitting a rehash is that it prejudices the defense. Plaintiffs' case has been presented and closed, and then the defense is entitled to respond. If Plaintiffs are permitted to, in effect, reopen their case, then the defense is either deprived of fully responding to Plaintiffs' case, or it must be afforded an opportunity to respond in sur-rebuttal. The former route prejudices the defense, and the latter threatens to unwind the trial.

### B. Plaintiffs may not present new opinions to respond to facts they already knew or arguments that were foreseeable.

Though it doesn't outright admit it, Plaintiffs' brief seems to be directed at the second option: that they seek to present new opinions, never disclosed, never rebutted through the defense's Rule 26 disclosure process, never subjected to deposition, and never tested by *Daubert*. And

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S OPPOSITION TO PLAINTIFFS'
PROPOSED REBUTTAL WITNESSES
3:20-CV-04688-RS

apparently those expert opinions were conceived of in the wake of three Google witnesses' testimony, all of whom testified in the last two days. None of the bases for disclosing new opinions (which Plaintiffs term as an effort to "rebut") have merit.

**Prof. Hoffman**. First, and most obviously frivolous, is Plaintiffs' desire to re-call a damages expert and a technical expert, neither of whom was disclosed on or certified as experts on marketing or user experience to rebut Prof. Hoffman's testimony about progressive disclosure and the WAA text. This portion of Plaintiffs' brief complains that Professor Hoffman testified, as they put it, outside her report, but they never objected during trial to her testimony as undisclosed. The Court, having sustained various such objections at trial already, could have handled this supposed transgression live. Nothing in the rules or caselaw (and nothing cited by Plaintiffs) supports the idea that a plaintiff can choose not to object to a defense expert delivering new opinions on the stand only to then request to rebut them with newly formed rebuttal ones.

Nor is either proffered expert qualified to opine on Prof. Hoffman's testimony. Neither Mr. Lasinski (a damages expert) nor Dr. Hochman (a computer science expert) have expertise anywhere near the area Prof. Hoffman testified about. The expert Prof. Hoffman original rebutted, Bruce Schneier, was pulled from Plaintiffs' witness list (another tactical choice they should not now be heard to regret). That Lasinski and Hochman are "the only witnesses available to Plaintiffs" for their rebuttal case, as they put it, Not., ECF. 654 at 9:4, does not mean they can testify about anything and everything that happened in the case. And their lack of qualification to do so is evident from Plaintiffs' brief, which does not even bother to explain which of their experts would rebut Prof. Hoffman, or on what topic; instead, it merely lists the testimony they object to and moves on. Needless to say, Google will object to any effort to certify Lasinski and Hochman as experts on subjects never before disclosed, and would likely have to move under *Daubert*, depending on their rebuttal testimony, to exclude parts or all of it as unreliable, since it is hard to imagine any reliable, brand new opinion on disclosures from two experts never disclosed on disclosure design formulated in two days.

Regardless, Plaintiffs' complaint about Prof. Hoffman's outside-scope testimony is flat-out wrong. At trial, Prof. Hoffman offered two already-disclosed opinions. First, she opined that users have different privacy preferences. *See* Hoffman Report, May 31, 2023, at ¶¶ 20, 38, 42-44, 50, 52,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S OPPOSITION TO PLAINTIFFS'
PROPOSED REBUTTAL WITNESSES
3:20-CV-04688-RS

53, 57, 68, 69, 81, 101, 167, 168. Second, she opined that Google uses a recognized principle called "progressive disclosure" to manage those different preferences. *See id.* at 21, 52-60, 64-65, 67-77, 101, 113, 125-128, 133-135, 170. Google properly limited the scope of her testimony according to this Court's ruling on Plaintiffs' Motion in Limine No. 10. Nothing in her testimony was unforeseeable to Plaintiffs. *See Faigin*, 184 F.3d at 85. The only supposed admission Professor Hoffman made on the stand was that she opined *only* on Google's disclosure *design* and the reasonable interpretations drawn from those disclosures; she did not purport to (and in fact did not) offer a technical opinion that she was not qualified to provide.[1] Plaintiffs cite testimony in their motion that explains just that: **Professor Hoffman disclaimed having any opinion on whether Google actually did what it said it did.**[2]

Simply put, "[w]hen a party knows that a contested matter is in the case, yet fails to address it in a timely fashion, he scarcely can be heard to complain that the trial court refused to give him a second nibble at the cherry." *See Faigin*, 184 F.3d at 85. Since Prof. Hoffman's testimony was within the scope of her report, any rebuttal testimony by Plaintiffs' experts would either repeat their prior testimony or present new opinions. The former is impermissible based on firmly established precedent barring cumulative rebuttal evidence. *See Cates*, 928 F.2d at 685 (precluding "continuation" of the case in chief, even where rebuttal testimony would be "more detailed and comprehensive" than prior testimony). And if the latter, not only would those opinions likely be

---

[1] *See, e.g.*, Trial Tr., Vol. 7 (Hoffman Direct), at 1400:8-17 ("Q. Is it yes or no, ma'am? Is it true that at the time of your deposition, based on your review of Google's privacy policy, you did not know whether Google ever saved data somewhere else outside of what they called a Google Account? A. So my answer was that I didn't know technically, because I believe in the clip you played, I knew that data was saved; it just wasn't saved to the account. I believe that I understood the question to be technically what happens to it. I'm not a technical expert and that was my response.").

[2] Plaintiffs cite a piece of Prof. Hoffman's testimony on Direct, which only supports the idea that Prof. Hoffman was testifying about **what Google said, not what it did**. Trial 1381:10-24 ("And, actually, I think it's important to note that Google – **Google's design** is offering two links here. So one is basically saying, 'Well, if you don't like this, go back to your account, account.google.com, and then you can toggle whatever you want to toggle and learn more about that.' **But it also tells you:** We're going to keep continue collecting data even if you turn this off. And if you want to know why that's happening, then you need to go to privacy -- privacy and terms, which is linked at policies.google.com. And as I said, some people will click it; some people will not click it.") (emphasis added).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S OPPOSITION TO PLAINTIFFS'
PROPOSED REBUTTAL WITNESSES
3:20-CV-04688-RS

time-barred by Rule 26(a)(2), but they would necessarily be offering new opinions, in which case Google would be entitled to call sur-rebuttal witnesses in response.

Next, Plaintiffs complain that **two Google fact witnesses** testified in a way that surprised them. And? Plaintiffs had an opportunity to cross examine them, and they did so extensively. That is the appropriate method of testing the truth, not calling endless rebuttals to reiterate prior opinions or create new ones.

**Belinda Langner**. Google's head of app campaigns testified about app campaign profits, losses, conversion measurement, and profits from sWAA-off data. In other words, the exact subjects on which she was designated as a Rule 30(b)(6) witness, which she deals with every day, and about which Plaintiffs deposed her.[3] That Plaintiffs did not arrive at the common-sense conclusion that Ms. Langner would speak to how Google Ads makes money and what it makes, the sole basis for Plaintiffs' unjust enrichment theory, is baffling.

Plaintiffs' Langner-related complaints are five-fold. *First*, they complain she testified about Google's app campaign revenue. She was designated on that topic as a Rule 30(b)(6) witness and cross-examined about it extensively; there is no basis to rebut that further. *Second*, they complain that she pointed out that Mr. Lasinski's conversion tracking slide was inaccurate. This is the slide the honor of which Plaintiffs wish to defend through two expert rebuttal witnesses:



---

[3] Ms. Langner was designated on: "GOOGLE's use of the USER DATA referred to in Topics 1-7 for purposes of tracking conversions, including cross-device conversions"; "GOOGLE's use of the USER DATA referred to in Topics 1-7 for purposes of providing targeted advertisements to USERS"; "GOOGLE's use of the USER DATA referred to in Topics 1-7 to derive revenues"; and other similar topics.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

GOOGLE'S OPPOSITION TO PLAINTIFFS'
PROPOSED REBUTTAL WITNESSES
3:20-CV-04688-RS

*Third*, Plaintiffs complain that Ms. Langner testified about global and U.S. revenue, an issue this Court has already gotten enough paper on (and about which Mr. Lasinski already testified, making any rebuttal cumulative). *Fourth*, they complain that Ms. Langner explained an interrogatory response she verified and which they therefore could have asked her or any other witness about throughout discovery. *Fifth*, they complain again that Ms. Langner explained how conversion tracking works. Dr. Hochman explains conversion tracking for several pages in his original expert report, and Mr. Lasinski makes it the centerpiece of his disgorgement opinion. Plaintiffs well understood that conversion tracking and how it works would matter at this trial (and besides, she was designated under Rule 30(b)(6) on this subject, too).

**Steve Ganem**. Finally, Plaintiffs complain about Mr. Ganem's testimony in five ways. *First*, they complain that Mr. Ganem accepted Dr. Hochman's 30-story building analogy (a new opinion first revealed at trial, by the way) and then dismantled it by explaining what Dr. Hochman already knew: that the data in Google Analytics is not organized in one undifferentiated mass. In fact, Dr. Hochman's original opinion extensively covered how the data are organized and he reviewed those 30 stories of data himself. That Mr. Ganem pointed out the flaw in his analogy does not require rebuttal. *Second*, they complain that Mr. Ganem testified that Google doesn't want app developers to send PII and that Google doesn't leverage unauthorized PII in Google Analytics to make money. Dr. Hochman admitted the very same facts in his deposition, and then again at trial under cross-examination, so no surprise can be claimed there. *See* Hochman Dep. at 161:12-162:3 ("Q. [...] Setting aside device identifiers and other similar unique identifiers, is there any other personally identifiable information that is sent with the Google Analytics for Firebase automatically collected events? A. [...] I'm not asserting that and I don't want to sort of overcharge Google in this case."); Trial Tr., Vol. 4, at 702:11-15 ("Q. [...] You've seen no evidence that Google does anything to use PII, like an email address, that makes its way to Google Analytics in violation of its terms? A. I haven't seen anything to suggest that Google's using that PII."). *Third,* Plaintiffs complain Mr. Ganem testified that Google "does not maintain profiles of user data organized by device or user." ECF 654 at 6:10-12. Dr. Hochman admitted that on cross, too. *See* Trial Tr., Vol. 4, at 709:19-21 ("Q. [...] Google does not use sWAA-off data to personalize advertising; fair? A. That's my understanding."). *Fourth*, they complain that Mr. Ganem testified that Google doesn't intermingle

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

GOOGLE'S OPPOSITION TO PLAINTIFFS'
PROPOSED REBUTTAL WITNESSES
3:20-CV-04688-RS

data. That issue is raised by Dr. Hochman's expert report and responded to by Dr. Black in his. There is no surprise there, either. **Fifth**, they complain that Mr. Ganem talked about how his product, Google Analytics, hasn't suffered a data breach. Dr. Hochman admitted that on cross, too. *Id.* at 711:22-24 ("Q. You are not here to testify that there was a data breach of the data in question in this case; right? A. Correct.").

And, to reiterate, all of this was subjected to cross-examination.

### III.   CONCLUSION

Plaintiffs present a weak legal argument in a blatant attempt to get the last word in this trial. This is an improper use of rebuttal testimony. For these reasons, the Court should exclude Plaintiffs' proposed rebuttal witnesses.

Dated:  August 28, 2025

Respectfully submitted,

COOLEY LLP

By: /s/ *Eduardo Santacana*
Michael A. Attanasio
Benedict Y. Hur
Simona Agnolucci
Eduardo E. Santacana
Jonathan Patchen
Argemira Flórez
Harris Mateen
Isabella McKinley Corbo
Naiara Toker
Thilini Chandrasekera
Chelsea Hu
Michael Morizono

*Attorneys for Defendant*
*Google LLC*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

GOOGLE'S OPPOSITION TO PLAINTIFFS'
PROPOSED REBUTTAL WITNESSES
3:20-CV-04688-RS