COOLEY LLP
MICHAEL A. ATTANASIO (151529)
(mattanasio@cooley.com)
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
JONATHAN PATCHEN (237346)
(jpatchen@cooley.com)
ARGEMIRA FLOREZ (331153)
(aflorez@cooley.com)
NAIARA TOKER (346145)
(ntoker@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
THILINI CHANDRASEKERA (333672)
(tchandrasekera@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
CHELSEA HU (357212)
(chu@cooley.com)
MICHAEL MORIZONO (359395)
(mmorizono@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111-4004
Telephone:     (415) 693-2000
Facsimile:      (415) 693-2222

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**GOOGLE LLC'S OBJECTIONS TO THE FINAL JURY INSTRUCTIONS**<br><br>Dept:    3, 17th Fl.<br>Judge:   Hon. Richard Seeborg<br><br>Date Action Filed: July 14, 2020<br>Trial Date: August 18, 2025 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE LLC'S OBJECTIONS TO THE
FINAL JURY INSTRUCTIONS
3:20-CV-04688-RS

## I. INTRODUCTION

Defendant Google LLC ("Google") hereby objects, pursuant to Federal Rule of Civil Procedure 51(b)(2) and 51(c) and the Court's direction at the August 29, 2025 charging conference, *see* Trial Tr. Aug. 29 at 1826:15-1827:1, to the Court's jury instructions sent to the Parties on September 1, 2025.

## II. OBJECTIONS

### A. Jury Instruction No. 12: Class Actions

#### 1. The Jury Should Be Instructed That The Evidence Must Be Applicable Across The Class

Google objects to the language in Instruction No. 12 that the jurors "may apply the evidence at this trial to all class members." Rather, as Google has proposed, this language should be replaced with the following: "You must determine if the evidence presented in this trial applies to the class as a whole and proves the class representative's claims on behalf of every class member." Dkt. 650 at 3.

Google's requested language is a more accurate statement of the law and avoids confusion. To prevail in a federal class action, the plaintiffs must prove the elements of their claims as to the class as a whole. A class action may not be used to change the standard of proof that a defendant would not face in an individual action. "[T]he Rules Enabling Act [28 U.S.C. § 2072(b)] forbids interpreting Rule 23 to 'abridge, enlarge or modify any substantive right.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 367 (2011). "[I]f the case proceeds past the certification stage, the plaintiff class must carry the burden of proving every element of its claims to prevail on the merits." *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1131 (9th Cir. 2017); *Dukes*, 564 U.S. at 351 n.6. Google's proposed instruction tracks this fundamental tenet of the class action device. It is necessary to ensure that Google is not prejudiced by the jury applying a lower standard of proof for Plaintiffs' class claims, as the absence of this instruction risks the jury improperly applying individualized proof presented by Plaintiffs to the whole class. This would be contrary to firmly established Supreme Court and Ninth Circuit precedent.

The Court's jury instruction could be understood as instructing the jury to assume that all of the evidence at trial applies to all class members. Or that the jury is permitted to so assume.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

GOOGLE LLC'S OBJECTIONS TO THE
FINAL JURY INSTRUCTIONS
3:20-CV-04688-RS

Either is incorrect. Plaintiffs have the burden of demonstrating that their evidence, on each element of each claim, is common to all class members. Rule 23 is not a substantive rule providing that the evidence presented by Plaintiffs "applies to all class members." Rather, it is simply "a claims-aggregating device" and it cannot "affect the substance of the claims or plaintiffs' burden of proof." *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 663 (9th Cir. 2022) (en banc). Plaintiffs retain the burden to introduce at trial evidence sufficient to prove all elements of their claims as to each class member. Anything less modifies—eliminates—the burden of proof of absent class members vis-à-vis Google in violation of the Rules Enabling Act. *See Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 455 (2016). All class members' claims must be proved; it cannot be assumed away. This was clearly explained in *Tyson*, where the Supreme Court explained that once plaintiff's statistical evidence survived *Daubert* and was admitted, it was up to the jury to determine whether that evidence was persuasive and whether it was "probative of the time actually worked by each employee."

### B. Jury Instruction No. 14: The Elements Of A CDAFA Violation Should Not Include Reference To "Mobile Devices"

Google objects to the language in Instruction 14 because it includes reference to "mobile devices" in the first (ownership) and second (access) elements of the CDAFA claim. This is a misstatement of the law. As Google proposed at the conference, the first and second elements of CDAFA in Instruction 14 should only refer to "data." Trial Tr. Aug. 29 at 1795:18-1796:8.

Plaintiffs' Fourth Amended Complaint unambiguously pleads that "Google violated Cal. Penal Code § 502(c)(2) by knowingly accessing and without permission taking, copying, saving, analyzing, and using Plaintiffs' and Class members' data." Dkt. 289 at 69 ¶262. Plaintiffs must therefore prove that they are the owners of the at-issue data, and that Google accessed the data, not that they are owners of the electronic devices that third-party apps are downloaded on and that Google accessed those devices. "A plain reading of [Section 502(c)(2)] demonstrates that its focus is on unauthorized taking or use of information." *United States v. Christensen*, 828 F.3d 763, 789 (9th Cir. 2015). Section 502(e) gives standing only to "the owner or lessee of *the* … data." Plaintiffs' ownership of mobile devices is irrelevant to ownership (under 502(e)) or access (under 502(c)(2)). *Christian v. Betak,* No. 24-CV-01867-TSH, 2025 WL 786056, at *6 (N.D. Cal. Mar.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE LLC'S OBJECTIONS TO THE
FINAL JURY INSTRUCTIONS
3:20-CV-04688-RS

11, 2025), is directly on point. In *Betak*, the plaintiff brought a claim under Section 502(c)(5), which prohibits disruption or denial of computer services. Plaintiff claimed he had standing under Section 502(e) because he was the owner of data stored on the computer service that was disrupted. The court rejected this argument, explaining "[a]s Plaintiff's CDAFA claim concerns disruption or denial of computer services, rather than data, his alleged ownership of files stored on the [cloud server] does not give him standing to bring" the Section 502(c)(5) claim. *Id*. The inverse is equally true: Plaintiffs' claim that the class owned mobile devices "do[es] not give Plaintiff[s] standing to bring a claim under a section of the CDAFA that does not concern damage to [mobile devices.]" *Id*. Had Plaintiffs had wanted to bring a claim based on loss or damage based on unpermitted access to their mobile devices, that is a claim under Penal Code section 502(c)(7) ("Knowingly and without permission accesses or causes to be accessed any computer, computer system, or computer network."). But the only pleaded claim is Section 502(c)(2).[1]

### C. Google Objects To Not Including An Instruction Regarding "Owner" For CDAFA

Google proposed an instruction regarding the term owner in CDAFA. *See* Dkt. 650 at 9-11. The Court's final instructions do not include such an instruction. Google objects to the exclusion.

CDAFA does not explicitly define "ownership." *See* Cal. Penal Code § 502. The California Court of Appeal has explained that "the concept of 'ownership' has particular meaning in the law." *Garrabrants*, 98 Cal. App. 5th at 508. When a term has a "particular meaning in the law," a jury instruction defining the term should be given. "Ownership is a question of fact to be determined by a jury under appropriate instructions of law." *Id*. (quoting *Kaley v. Catalina Yachts*, 187 Cal. App. 3d 1187, 1198 (1986)). Here, however, the Court is not giving any "instructions of law" as to the meaning of ownership. And *Garrabrants* explains the prejudice in so doing: that jurors may

---

[1] Google's objections both at the August 29, 2025 charging conference and herein preserve its objections, even if it had jointly proposed a similar instruction pre-trial. *See U.S. v. Nolasco*, 926 F.2d 869, 873 (9th Cir. 1991); *U.S. v. Silva*, 554 F.3d 13, 21 (1st Cir. 2009). This is especially the case as to instructions that misstate the law. *See Hunter v. County of Sacramento*, 652 F.3d 1225, 1235 & n.11 (9th Cir. 2011).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE LLC'S OBJECTIONS TO THE
FINAL JURY INSTRUCTIONS
3:20-CV-04688-RS

confuse an "interest," or even a "privacy interest," with ownership. *Garrabrants*, 98 Cal. App. 5th at 508-510. Google is therefore prejudiced by the exclusion of this instruction.

### D. Jury Instruction No. 14: The "Knowingly" Mens Rea Should Be Applied To The Third ("Without Permission") Element Of CDAFA

Google objects to the articulation of the third element of a CDAFA violation as included in Instruction No. 14. Trial Tr. Aug. 29 at 1804:17-1805:5. The Instruction does not include reference to the "knowingly" mens rea as applied to the "without permission" requirement. This is a misstatement of the law and therefore prejudices Google. *See infra* n.1.

The California Court of Appeal has held that the *mens rea* of Penal Code § 502(c)(2)—knowingly—does not apply to just the "access" sub-element, but applies to all of the sub-elements. *See People v. Hawkins*, 98 Cal. App. 4th 1428, 1438-39 (2002) (expressly rejecting the argument that the "knowingly" mens rea only applied to the term "accesses."). Penal Code section 502(c)(2) requires that the defendant knew it lacked permission to access and to take, copy or make use of the data. Ninth Circuit precedent operationalizes this rule. In *Facebook, Inc. v. Power Ventures, Inc.*, the Ninth Circuit held that under CDAFA, "[b]ecause Power had implied authorization to access Facebook's computers, it did not, at first, violate the statute. But when Facebook sent the cease and desist letter, Power, as it conceded, *knew* that it no longer had permission to access Facebook's computers at all. Powers, therefore, knowingly accessed and without permission took, copied, and made use of Facebook's data." 844 F.3d 1058, 1069 (9th Cir. 2016) (emphasis added).

"Knowingly," in Penal Code provisions like Section 502(c)(1), requires proof of the defendant's "subjective awareness" or "subjective appreciation" of the required fact. *People v. Sifuentes*, 83 Cal. App. 5th 217, 230 (2022); *In re A.L.*, 38 Cal. App. 5th 15, 22 (2019). Unless the term "knowingly" included in the third elements of CDAFA, the jury could conclude that either (1) Plaintiffs' intent or understanding is relevant or controlling or (2) Google is held to an objective ("should have known") standard. Either would be incorrect and prejudicial to Google. *Sifuentes*, 83 Cal. App. 5th at 230.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE LLC'S OBJECTIONS TO THE
FINAL JURY INSTRUCTIONS
3:20-CV-04688-RS

### E. Google Objects To Not Including An Instruction Regarding "Without Permission" For CDAFA

Google proposed an instruction regarding the term without permission for CDAFA. *See* Dkt. 650 at 12-14. The Court's final instructions do not include such an instruction. Google objects to the exclusion. For the reasons set forth above, and especially if the Court decides not to include "knowingly" as part of Element 3 in Instruction 14, the Court should give Google's proposed instruction regarding "without permission." The absence of such an instruction risks juror confusion and the jury evaluating any alleged lack of permission from the wrong perspective or at a lower standard (objective) standard.

### F. Jury Instruction No. 24: Nominal Damages And Class Size Overlap

Google objects to the exclusion of the total number of class members in Instruction No. 24 and the exclusion of a clarifying sentence. Trial Tr. Aug. 29 at 1824:22-1825:7. As written, the Court's instruction includes the estimated sizes of both Class 1 (54,923,146) and Class 2 (59,565,930). Combined, this totals to 114,489,076. However, this number does not reflect the fact that there is overlap among the two classes. Taking overlap into account, the total estimated number of unique class members is 97,992,376. The difference between the suggested total and actual total of class members is 16,496,700. Thus, the exclusion of the actual total risks the jury awarding an extra $16,496,700 in nominal damages to Plaintiffs than they would lawfully be entitled to. This is clear prejudice to Google.

### III. CONCLUSION

Google respectfully objects to the jury instructions as indicated.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE LLC'S OBJECTIONS TO THE
FINAL JURY INSTRUCTIONS
3:20-CV-04688-RS

| | |
|---|---|
| Dated: September 1, 2025 | Respectfully submitted,<br><br>COOLEY LLP<br><br>By: */s/ Jonathan Patchen*<br>    Michael A. Attanasio<br>    Benedict Y. Hur<br>    Simona Agnolucci<br>    Eduardo E. Santacana<br>    Jonathan Patchen<br>    Argemira Flórez<br>    Naiara Toker<br>    Harris Mateen<br>    Thilini Chandrasekera<br>    Isabella McKinley Corbo<br>    Chelsea Hu<br>    Michael B. Morizono<br><br>*Attorneys for Defendant*<br>*Google LLC* |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

GOOGLE LLC'S OBJECTIONS TO THE
FINAL JURY INSTRUCTIONS
3:20-CV-04688-RS