**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted *pro hac vice*)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao (CA Bar No. 236165)
Beko Reblitz-Richardson (CA Bar No. 238027)
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com

Alison L. Anderson (CA Bar No. 275334)
Samantha Parrish (CA Bar No. 318681)
M. Logan Wright (CA Bar No. 349004)
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Tel.: (213) 629-9040
alanderson@bsfllp.com
sparrish@bsfllp.com
mwright@bsfllp.com

*Attorneys for Plaintiffs*

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted *pro hac vice*)
Shawn J. Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander Frawley (admitted *pro hac vice*)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Michael F. Ram, CA Bar No. 104805
711 Van Ness Ave, Suite 500
San Francisco, CA 94102
Tel: (415) 358-6913
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 3:20-cv-4688-RS<br><br>**PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION *IN LIMINE* 19 (DKT. 657)**<br><br>Judge: Hon. Richard Seeborg<br>Trial Date: August 18, 2025 |

Plaintiffs respectfully request that the Court deny Google's MIL #19 (Dkt. 657, the "Motion"). In closing, Plaintiffs have no intention to go beyond the bounds of what is appropriate and supported by the evidence. *See United States v. Sayetsitty*, 107 F.3d 1405, 1409 (9th Cir. 1997) (attorneys are given "wide latitude . . . in closing argument"); *Stankewitz v. Woodford*, 365 F.3d 706, 721 n.9 (9th Cir. 2004) ("Counsel has wide latitude to craft a closing argument" (citations and quotation marks omitted)). Ignoring Google's rhetoric, for the three categories identified by Google, there is evidence in the record where the parties can fairly and appropriately present their closing arguments.

**First**, in Plaintiffs' initial argument to the extent data breaches come up at all, it will be to illustrate the risks Google imposed on users by collecting and saving their sWAA-off data without their permission. Google put this topic at issue by first mentioning data breaches in its opening statement (Trial Tr. 252:17–21), then through cross of Mr. Santiago (Trial Tr. 546:6–9 ("Q. We're not here in this case about a data leak or a data breach; correct? You understand this case has nothing to do with that; yes? A. Google's had data leaks")). Further, on direct examination, Google elicited testimony from its corporate representative Steve Ganem suggesting that "[t]here's not data breaches associated with Google." Trial Tr. 1145:4–12. Google does not dispute these risks, and they are supported by evidence in the record. *See* Trial Tr. 711:11–16 (Hochman Cross: Q. "And you say that in your mind, there is a privacy risk that data, like the toxic data that we saw that is sent to Google, could be hacked or leaked; right? That's a privacy risk?" A. "Yes. There's always some risk. There's no system that's perfectly secure."). Google employee Bryan Horling stated that the "main privacy challenge that user[s] face today" is that their data "could be leaked and [he] can't control it." PX-6 p. 31. Regardless of whether there has been a breach, this evidence is relevant to, for example, whether Google's conduct was highly offensive. Plaintiffs should be permitted to reference this and other similar evidence in closing. If Google voices the issue in its argument, Plaintiffs will, of course, respond based on the evidence in the record.

**Second**, the evidence confirms that Google can reidentify users based on their sWAA-off data and produce this data in response to a government subpoena. *See, e.g.*, G0929 p. 1 ("Sawmill

1

1  data is sensitive and potentially reidentifiable even after the scrubbing described here."); *see also*
2  PX-11 p. 1 (describing "joinability risks" of linking (s)WAA-off data to users and "[h]aving to
3  retrieve" this data in response to "Subpoena"); PX-6 p. 13, 66, 67 (Google employee concerns about
4  "Government surveillance").[1]  Google's representative Ganem agreed "that users, if they knew that
5  you had this de-identified information that could be reidentified, that they would be concerned that
6  you might do that in response to a subpoena." Tr. 1243:19–1244:1 (Ganem, responding "I imagine
7  so"). Those concerns could include "a woman in a state that prohibits abortions," where the person
8  "wouldn't want [her] information subject to a possible subpoena." Tr. 1244:2–8 (Ganem,
9  answering "I can imagine so" after Court overruled objection). These concerns are real, supported
10 by evidence in the record, all of which came in without objection or after an objection was
11 overruled. Plaintiffs may ask the jury to consider the evidence to determine whether Google's
12 conduct was highly offensive, and whether Plaintiffs suffered loss or damage as a result of the
13 taking of their data.

14   ***Third***, there is relevant AI-related evidence in the record that may be fairly discussed in
15 closing. The evidence at trial included, for example, the admission by Google's representative
16 Ganem that Google uses sWAA-off data "to inform machine learning models." Trial Tr. 1195:18–
17 1196:1. A Google Firebase presentation confirms that one part of the "value for Google ads" with
18 "Firebase Analytics" was "In-app data to inform UAC machine learning models" (PX-163 p. 30).
19 Mr. Ganem testified that "UAC" stands for "universal app campaigns" and confirmed that the data
20 Google gets for "UAC machine learning models is important to Google." Trial Tr. 1197:14–25.
21 Google's counsel suggested that he would ask Mr. Ganem to testify that the data "has never been
22 provided to the AI Department at Google" (Trial Tr. 720:10–13), but Google's counsel never asked
23 Mr. Ganem that question. Google's technical expert Dr. Black himself described Google's use of
24 this data as "like ChatGPT," a popular and widely known AI tool. Trial Tr. 1731:13–19. While he
25 testified that Dr. Hochman did not identify evidence that Google built conversion models with

---

[1] When questioned by Google's counsel, Mr. Ganem testified that the proposal in PX-11 was not adopted. Trial Tr. 1247:12–14. However, PX-11 on its face states that this proposal was "really expanding the ability, not creating it." PX-11 p. 1.

1  sWAA-off data (Trial Tr. 1731:20–23), Dr. Black admitted that Google does model conversions
2  with a "ChatGPT kind of AI technology" that is "based on sWAA-on data" that can "tell you if you
3  get a batch of sWAA-off data, roughly what percentage of those are conversions based on an ad
4  campaign even though you don't know for sure."  Trial Tr. 1731:13–19.  When asked whether
5  Google can "use machine learning to reidentify de-identified data," Dr. Black responded
6  "Potentially."  Trial Tr. 1749:22–1750:7.

7  Dr. Hochman also testified regarding how Google "uses the data to train AI" where
8  Google's advertising system "heavily utilizes machine learning in order to be able to do predictions
9  about which ads a person is going to respond to" and with "automated bidding that's driven by
10  machine learning" where "all this data feeds into that AI use."  Trial Tr. 632:6–12.  When asked
11  whether Google uses the data for AI, Dr. Hochman explained how "Google has, for many years,
12  had machine learning as part of its systems" and "the AI in, especially machine learning, needs data
13  to make predictions."  Trial Tr. 636:16–637:3.  That is consistent with PX-163.  This AI training is
14  for Google's benefit, because "it's their AI."  Trial Tr. 637:9–16 (Hochman).  While Dr. Hochman
15  confirmed that he was not talking about Gemini, he also testified to how there's "a lot of machine
16  learning in Google's systems" and "Google has deployed AI in a bunch of different ways."  Trial
17  Tr. 719:2–23.

18  Plaintiffs respectfully ask that the Court deny Google's MIL #19.

19  Dated: September 1, 2025                         Respectfully submitted,

By:  /s/ Mark C. Mao
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile (415) 293-6899

David Boies (*pro hac vice*)
dboies@bsfllp.com

3

BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

James Lee (*pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (*pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Alison L. Anderson (CA Bar No. 275334)
alanderson@bsfllp.com
Samantha Parrish (CA Bar No. 318681)
sparrish@bsfllp.com
M. Logan Wright (CA Bar No. 349004)
mwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067

4

Telephone: (310) 789-3100
Facsimile: (310) 789-3150

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Michael F. Ram (CA Bar No. 238027)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

*Attorneys for Plaintiffs*