# TRIAL TRANSCRIPT AUGUST 28, 2025

```
                                        Volume 8

                                        Pages 1417 - 1614

                 UNITED STATES DISTRICT COURT

               NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Richard Seeborg, Judge

ANIBAL RODRIGUEZ, et al.,      )
individually and on behalf of  )
all others similarly situated, )
                               )
          Plaintiffs,          )
                               )
  VS.                          ) NO. 3:20-CV-04688 RS
                               )
GOOGLE LLC,                    )
                               )
          Defendant.           )
_____)

                                San Francisco, California
                                Thursday, August 28, 2025
```

**TRANSCRIPT OF JURY TRIAL PROCEEDINGS**

**APPEARANCES**:

For Plaintiffs:
        BOIES SCHILLER FLEXNER LLP
        333 Main Street
        Armonk, New York 10504
  **BY: DAVID BOIES, ATTORNEY AT LAW**
      **ALEXANDER BOIES, ATTORNEY AT LAW**
      **M. LOGAN WRIGHT, ATTORNEY AT LAW**

        BOIES SCHILLER FLEXNER LLP
        2029 Century Park East, Suite 1520n
        Los Angeles, California 90067
  **BY: ALISON L. ANDERSON, ATTORNEY AT LAW**
      **SAMANTHA D. PARRISH, ATTORNEY AT LAW**

REPORTED BY:  Ana Dub, RDR, RMR, CRR, CCRR, CRG, CCG
              CSR No. 7445, Official United States Reporter

1  communication app similar to Microsoft Office.  It has
2  first-party apps like Gmail and Google Calendar and
3  Google Drive.
4  **Q.**   And when you talk about first-party apps like Gmail,
5  Google Calendar, and Drive, is that different than third-party
6  apps?
7  **A.**   Yeah.  First-party apps are apps that Google produces and
8  maintains and controls and provides to the users; and
9  third-party apps are things like, you know, Uber or Netflix,
10  things like that.
11 **Q.**   Did you spend any time working specifically on third-party
12  apps when you were at Google?
13 **A.**   No, never.  I've worked only on Workspace.
14 **Q.**   And in the context of the email that we were discussing
15  today, was that about your work on first-party or third-party
16  apps?
17 **A.**   First-party apps.
18 **Q.**   When a user is signed in to their Google Account and using
19  a first-party app, what is your understanding of what happens
20  when WAA is on?
21 **A.**   If they're signed in and they're using a first-party app,
22  WAA is on, it records what activity that WAA records.  When
23  they're on, it stores it to their account.
24 **Q.**   And what's your understanding of what happens when WAA is
25  off?

1  **A.**   When WAA is off, then the data is de-identified and stored
2  in a not identifiable manner, so it's no longer associated with
3  the user.
4  **Q.**   And part of your role at Google was to work on privacy;
5  right?
6  **A.**   Correct.
7  **Q.**   Do you have privacy concerns about de-identified data when
8  WAA is off?
9  **A.**   No, because it's not associated to any user.  It's not the
10 same.  Identified data, yes, I have major concerns about how
11 you handle identified data, but de-identified data is not tied
12 to any user.
13 **Q.**   When we were talking about the email that counsel had up
14 on the screen and asked you about for an hour and a half, was
15 your concern about identified data or de-identified data?
16 **A.**   Identifiable data.
17 **Q.**   Counsel highlighted the email and showed you lots of
18 different places where you said, "This is really bad.  I'm
19 concerned.  I'm worried."
20     What were you talking about?  Can you explain that context
21 to the jury in your own words?
22 **A.**   Yeah.  I explained it during the other testimony, but I'll
23 reexplain it again.
24     So the proposed change for this WAA-off logging change was
25 to store the data in an identifiable form when WAA was off,

1   some -- Mr. Carmody, were you moving in some items?
2           **MR. CARMODY:** Yes.
3           **THE COURT:** Okay.
4           **MR. CARMODY:** What I wanted to do, Your Honor, is --
5   should I say it in front of the Court?
6           **THE COURT:** Yes.
7           **MR. CARMODY:** We are going to rest, subject to
8   admitting the exhibits we talked about.
9           **THE COURT:** All right. And so the record was clear, I
10  did -- I said they were admitted; correct?
11          **MR. HUR:** Your Honor, we had agreed that we would talk
12  to the other side and make sure we're aligned on which of them,
13  but we understand that they're not resting until they're in.
14          **THE COURT:** I see. You're still working on the list.
15          **MR. HUR:** Yes, Your Honor.
16          **THE COURT:** Okay. Fine.
17      Do you want to go to the side?
18          **MR. HUR:** Yes, Your Honor.
19          **THE COURT:** And we will need you, Ana.
20      (The following proceedings were heard at the sidebar:)
21          **MR. PATCHEN:** Jonathan Patchen, Cooley, on behalf of
22  Google.
23      Good morning, Your Honor.
24      Google moves pursuant to Rule 50(a) for JMOL on all of the
25  plaintiffs' claims, CDAFA, intrusion upon seclusion, and

```
 1  invasion of privacy, as well as on each element discussed
 2  below, including damages.  We intend to file a memorandum of
 3  points and authorities in support to further explain.
 4      At the beginning, the plaintiffs have a burden in this
 5  class action to prove their claims across the entire class.
 6  There is no assumption or preference or presumption based on
 7  class certification.
 8          THE COURT:  Actually, you are going to file a
 9  further --
10          MR. PATCHEN:  Yes.
11          THE COURT:  -- submission, so you've made the record.
12          MR. PATCHEN:  Okay.
13          THE COURT:  I don't -- and I'm going to deny the
14  motion, but that doesn't preclude you from submitting further
15  materials; and then it can be renewed, of course, once the jury
16  has done its work, if that is applicable.  Okay?
17          MR. PATCHEN:  Very good.  We will file by -- is there
18  a time that you want it by?
19          THE COURT:  Well, it has to be --
20          MR. PATCHEN:  Before the jury -- we'll file it by
21  Friday, end of the day Friday.
22          THE COURT:  I mean, it's up to you.
23          MR. PATCHEN:  Okay.
24          MR. DAVID BOIES:  We don't care, Your Honor.
25          THE COURT:  I know you don't care, and I know you
```