| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP** | **SUSMAN GODFREY L.L.P.** |
| David Boies (admitted *pro hac vice*) | Bill Carmody (admitted *pro hac vice*) |
| 333 Main Street | Shawn J. Rabin (admitted *pro hac vice*) |
| Armonk, NY 10504 | Steven M. Shepard (admitted *pro hac vice*) |
| Tel.: (914) 749-8200 | Alexander P. Frawley (admitted *pro hac vice*) |
| dboies@bsfllp.com | Ryan Sila (admitted *pro hac vice*) |
| | One Manhattan West, 50th Floor |
| Mark C. Mao, CA Bar No. 236165 | New York, NY 10001 |
| Beko Reblitz-Richardson, CA Bar No. 238027 | Tel.: (212) 336-8330 |
| 44 Montgomery St., 41st Floor | bcarmody@susmangodfrey.com |
| San Francisco, CA 94104 | srabin@susmangodfrey.com |
| Tel.: (415) 293-6800 | sshepard@susmangodfrey.com |
| mmao@bsfllp.com | afrawley@susmangodfrey.com |
| brichardson@bsfllp.com | rsila@susmangodfrey.com |
| James Lee (admitted *pro hac vice*) | Amanda K. Bonn, CA Bar No. 270891 |
| 100 SE 2nd St., 28th Floor | 1900 Avenue of the Stars, Suite 1400 |
| Miami, FL 33131 | Los Angeles, CA 90067 |
| Tel.: (305) 539-8400 | Tel.: (310) 789-3100 |
| jlee@bsfllp.com | abonn@susmangodfrey.com |
| Alison L. Anderson, CA Bar No. 275334 | **MORGAN & MORGAN** |
| Samantha Parrish, CA Bar No. 318681 | John A. Yanchunis (admitted *pro hac vice*) |
| M. Logan Wright, CA Bar No. 349004 | Ryan J. McGee (admitted *pro hac vice*) |
| 2029 Century Park East, Suite 1520 | Michael F. Ram, CA Bar No. 104805 |
| Los Angeles, CA 90067 | 201 N. Franklin Street, 7th Floor |
| Tel.: (213) 995-5720 | Tampa, FL 33602 |
| alanderson@bsfllp.com | Tel.: (813) 223-5505 |
| sparrish@bsfllp.com | jyanchunis@forthepeople.com |
| mwright@bsfllp.com | rmcgee@forthepeople.com |
| | mram@forthepeople.com |

*Counsel for Plaintiffs; additional counsel listed in signature blocks below*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated, | Case No. 3:20-cv-04688-RS |
| Plaintiffs, | **NOTICE OF PLAINTIFFS' REQUEST FOR RECONSIDERATION OF THIRD-PARTY APP DEVELOPERS JURY INSTRUCTION** |
| v. | |
| GOOGLE LLC, | |
| Defendant. | The Honorable Richard Seeborg<br>Courtroom 3 – 17th Floor |

1    Plaintiffs ask the Court, upon hearing Google's closing, to reconsider giving the Plaintiffs'
2    previously proposed "Third-Party App Developers Instruction, if Google (1) argues that Google's
3    Firebase Terms of Service with Third-Party App Developers (at GO-933) is a basis for the jury to
4    conclude that Plaintiffs gave permission or consent for Google to collect, save, and copy their third-
5    party app activity data; or (2) overemphasizes those terms.

6    As the Court noted in its MIL Order:

7    Defendant may introduce evidence that it required app developers to reveal their use of Google Analytics in attempting to rebut the argument that it acted in a highly offensive manner but not as part of the chain of consent. It has conceded that no third-party app disclosure to users discussed WAA or (s)WAA, so such disclosures necessarily do not speak to whether Plaintiffs consented to WAA-off or (s)WAA-off collection by agreeing to them. Relatedly, Plaintiffs may not argue that Google failed to obtain the necessary consent by pointing to the dearth of evidence about third-party app compliance with Google's policies. The consent question in this case revolves around the relationship between Google and Plaintiffs, not the apps and Plaintiffs nor Google and the apps. Were Google's disclosures to Plaintiffs unclear such that it was objectively reasonable for Plaintiffs to expect that turning WAA or (s)WAA off would stop Google from collecting their data through third-party apps that used Google Analytics and/or GA4F? The jury will decide.

15   *See* Dkt. 587 at 6–7.  Plaintiffs fully complied with the Court's order.

16   The Court also emphasized this point throughout trial:

17   MR. DAVID BOIES: The witness just testified that the reason for putting paragraph 7 -- or Section 7 into the agreement with app developers was to ensure that the users understood what was being collected. That is exactly what the Court has said they are not permitted to do. This is not about consent.

20   THE COURT: Well, it's going to be clear in the jury instructions that consent vis-à-vis the third-party apps is not a defense.  So to the extent that you think that suggestion has been made, it will be clear that that's not the defense in this case, and that's what we discussed at great length.  What is your reason for going into this? Because you agree that I've said quite clearly --

     MR. SANTACANA: Yes.

     THE COURT: -- that's out.

26   *See, e.g.*, Trial Tr. 1150:22–1151:11.

27   Given that the Court did not include the Plaintiffs' proposed Third-Party App Developers
28   Instruction in the final jury instruction, the Plaintiffs seek to ensure that Google does not attempt to

confuse the jury by arguing in closing that those terms support a finding that Google obtained permission or consent to collect, save, and copy Plaintiffs' sWAA-off data. The same is true if Google over emphasizes these agreements during closing.

Plaintiffs provided a draft proposed Third-Party App Developers Instruction that uses language that tracks this Court's order and instructs the jury on what Google' Firebase Terms of Service with Third Party App Developers is not relevant to (permission or consent) *as well as* what they are relevant to (highly offensive). *See* Ex. A.

## CONCLUSION

For the reasons above, upon hearing Google's closing, the Court should reconsider giving the Plaintiffs' proposed "Third Party Apps" instruction if Google (1) argues that Google's Terms of Service with Third Party Apps is a basis for the jury to conclude that Plaintiffs gave permission or consent for Google to collect, save, and copy their third-party app activity data; or (2) overemphasizes Google's Terms of Service with Third Party Apps Developers.

DATED: <u>September 2, 2025</u>

**BOIES SCHILLER FLEXNER LLP**

*/s/Mark C. Mao*

Mark C. Mao, CA Bar No. 236165
mmao@bsfllp.com
Beko Reblitz-Richardson, CA Bar No. 238027
brichardson@bsfllp.com
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800

David Boies (*pro hac vice*)
dboies@bsfllp.com
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200

James Lee (*pro hac vice*)
jlee@bsfllp.com
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400

Alison L. Anderson, CA Bar No. 275334
alanderson@bsfllp.com
Samantha Parrish, CA Bar No. 318681
sparrish@bsfllp.com
M. Logan Wright, CA Bar No. 349004
mwright@bsfllp.com
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Tel.: (213) 995-5720

Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven M. Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
Ryan Sila (*pro hac vice*)
rsila@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330

Amanda K. Bonn, CA Bar No. 270891
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
Michael F. Ram, CA Bar No. 104805
mram@forthepeople.com
MORGAN & MORGAN, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505

*Attorneys for Plaintiffs*