*Rodriguez et al.*

*v.*

*Google, LLC*


**Case No. 20-md-4688**


**Jury Instructions**


**September 2, 2025**

## JURY INSTRUCTION NO. 1

Members of the jury: Now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. Each of you will receive a copy of these instructions, which will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not.  Do not allow personal likes or dislikes, opinions, prejudices, sympathy, or bias, to influence you.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you. If any juror is exposed to any outside information, please notify the court immediately.

## JURY INSTRUCTION NO. 2

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all the evidence, regardless of which party presented it.

## JURY INSTRUCTION NO. 3

The evidence you are to consider in deciding what the facts are consists of:

1.      The sworn testimony of any witness;

2.      The exhibits that are admitted into evidence;

3.      Any facts to which the lawyers have agreed;

4.      Any facts that I have instructed you to accept as provided.

# JURY INSTRUCTION NO. 4

In reaching your verdict you may consider only the testimony and exhibits received in evidence at trial. The following things are not evidence, and you may not consider them in deciding what the facts are:

1.    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.    Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may have been received only for a limited purpose; if I instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

4.    Anything you may have seen or heard when the court was not in session is not evidence.

You are to decide the case solely on the evidence received at trial.

## JURY INSTRUCTION NO. 5

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## JURY INSTRUCTION NO. 6

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Certain other charts and summaries have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should again, therefore, give them only such weight as you think the underlying evidence deserves.

## JURY INSTRUCTION NO. 7

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, tablet, projector, printer and/or accessory equipment will be available to you in the jury room.

## JURY INSTRUCTION NO. 8

Evidence was presented to you in the form of answers from one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

## JURY INSTRUCTION NO. 9

Evidence was presented to you in the form of stipulations to the truth of certain facts. These stipulations were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

# JURY INSTRUCTION NO. 10

You have heard testimony from Jonathan Hochman, Michael Lasinski, Donna Hoffman, Christopher Knittel, and John Black, all of whom testified about their opinions and the reasons for those opinions. This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

# JURY INSTRUCTION NO. 11

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party. Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of their authority.

# JURY INSTRUCTION NO. 12

This case is a class action lawsuit. A class action is a lawsuit that has been brought by one or more class representatives on behalf of a larger group of people who have similar legal claims. All of these people together are called a "class" or "Plaintiffs." The class representatives who bring this action are Julian Santiago, Anibal Rodriguez, and Susan Harvey.

In a class action, the claims of many individuals can be resolved at the same time instead of requiring each class member to sue separately. You may apply the evidence at this trial to all class members. All members of the class will be bound by the results of this trial. The fact that this case is proceeding as a class action does not mean any decision has been made about what your verdict should be.

In this case, there are two classes. Class 1 is the "Android Class" and consists of all individuals who, during the period beginning July 1, 2016 and continuing through September 23, 2024, (a) had their "Web & App Activity" and/or "Supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running the Android operating system, because of the Firebase Software Development Kit ("SDK") and/or Google Mobile Ads SDK.

Class 2 is the "Non-Android Class" and consists of all individuals who, during the period beginning July 1, 2016 and continuing through September 23, 2024, (a) had their "Web & App Activity" and/or "Supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running a non-Android operating system, because of the Firebase Software Development Kit ("SDK") and/or Google Mobile Ads SDK.

## JURY INSTRUCTION NO. 13

I will now explain the substantive law applicable to the claims brought in this action. On behalf of the classes, Plaintiffs assert three claims against Google:

1.    Plaintiffs' first claim is violation of the Comprehensive Computer Data Access and Fraud Act ("CDAFA");

2.    Plaintiffs' second claim is invasion of privacy; and

3.    Plaintiffs' third claim is intrusion upon seclusion.


For purposes of the Plaintiffs' first claim, for violation of the California Comprehensive Computer Data Access and Fraud Act, the classes include all types of Google accounts, including not only ordinary consumer accounts, but also accounts for organizations like businesses and schools, called "enterprise" accounts, and accounts for children under the age of 13, which are called "supervised" accounts.

For purposes of Plaintiffs' second and third claims, for invasion of privacy and intrusion upon seclusion, the classes include neither enterprise accounts for businesses and schools nor supervised accounts for children.

## JURY INSTRUCTION NO. 14

Plaintiffs' first claim is that Google violated the Comprehensive Computer Data and Access Fraud Act, sometimes referred to as "CDAFA". To establish this claim, Plaintiffs must prove all of the following:

1.    Plaintiffs are owners or lessees of mobile devices or data;

2.    Google knowingly accessed Plaintiffs' mobile devices or data;

3.    Google took, copied, or made use of data from those Plaintiffs' mobile devices without Plaintiffs' permission;

4.    Plaintiffs suffered damage or loss; and

5.    Google's conduct was a substantial factor in causing Plaintiffs' damage or loss.

Some of the terms used in these elements have specific meanings. I will now explain them to you.

# JURY INSTRUCTION NO. 15

With respect to the first, second, and third elements of Plaintiffs' CDAFA claim, the term "mobile devices" includes cell phones and tablets.

## JURY INSTRUCTION NO. 16

With respect to the second element of Plaintiffs' CDAFA claim, the term "access" means to gain entry to, instruct, cause input to, cause output from, cause data processing with, or communicate with the logical, arithmetical, or memory function resources of a mobile device, computer, computer system, or computer network.

A person can access a mobile device, computer, computer system, or computer network in different ways. For example, access can be accomplished by sitting down at a computer and using the mouse and keyboard, or by using a wireless network or some other method or tool to gain remote entry.

## JURY INSTRUCTION NO. 17

With respect to the fifth element of Plaintiffs' CDAFA claim, the phrase "substantial factor in causing damage or loss" means a factor that a reasonable person would consider to have contributed to the damage or loss. It must be more than a remote or trivial factor to be a substantial factor. A substantial factor does not have to be the only cause of the damage or loss.

## JURY INSTRUCTION NO. 18

Plaintiffs' second claim is a claim for invasion of privacy.  To establish this claim, Plaintiffs must prove all of the following elements:

1.    That Plaintiffs had an objectively reasonable expectation of privacy;

2.    That Google's conduct was highly offensive—that is, a shocking or outrageous breach of social norms regarding online data;

3.    That Plaintiffs sustained injury, damage, loss, or harm; and

4.    That Google's conduct was a substantial factor in causing Plaintiffs' injury, damage, loss, or harm.

Some of the terms used in these elements have specific meanings. The term "Substantial factor" has the meaning described in Instruction No. 17.  The term "objectively reasonable expectation of privacy" is a term that I will now explain to you.

# JURY INSTRUCTION NO. 19

For the first element, in deciding whether Plaintiffs had an objectively reasonable expectation of privacy, you should consider, among other factors, the following:

1. The customs, practices, and physical or digital settings surrounding Google's conduct;

2. The extent to which other persons had access to the data at issue; and

3. The means by which the intrusion, if any, occurred.

# JURY INSTRUCTION NO. 20

Plaintiffs' third claim is a claim for intrusion upon seclusion. To establish this claim, Plaintiffs must prove all of the following elements:

1.  That Plaintiffs had an objectively reasonable expectation of privacy that Google would not collect, save, or use the data at issue;

2.  That Google intentionally intruded upon the Plaintiffs' objectively reasonable expectation of privacy by its conduct;

3.  That Google's conduct was highly offensive—that is, a shocking or outrageous breach of social norms regarding online data;

4.  That Plaintiffs sustained injury, damage, loss, or harm; and

5.  That Google's conduct was a substantial factor in causing Plaintiffs' injury, damage, loss, or harm.

Some of these terms have specific meanings, which I have already defined for you. I explained that the term "objectively reasonable expectation of privacy" has the meaning described in Instruction 19. The term "substantial factor" has the meaning described in Instruction 17.

# JURY INSTRUCTION NO. 21

Google asserts an affirmative defense of consent. It has the burden of proving its affirmative defense by a preponderance of the evidence. Plaintiffs deny this defense.

Google's affirmative defense of consent applies only to the invasion of privacy and intrusion upon seclusion claims. Under this defense, Google is not responsible for Plaintiffs' injury, damage, loss, or harm, if any, if Google proves that:

1. Plaintiffs were explicitly notified of Google's particular at-issue conduct; and
2. Plaintiffs voluntarily consented to Google's particular at-issue conduct, or to substantially the same conduct, by words or conduct.

Consent should be evaluated from the perspective of an objectively reasonable user reading Google's disclosures.

## JURY INSTRUCTION NO. 22

It is now the duty of the Court to instruct you about the measure of damages.

If you decide that Plaintiffs have proven any of their claims against Google, you also must decide how much money—known as "damages"—will reasonably and fairly compensate the Plaintiffs for any injury you find Google caused. By instructing you on damages, I do not mean to suggest for which party your verdict should be rendered.

Plaintiffs must prove the amount of damages by a preponderance of the evidence. At the same time, Plaintiffs do not have to prove the *exact* amount of damages that will provide reasonable compensation for the harm. It is for you to determine what damages, if any, have been proven. Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

## JURY INSTRUCTION NO. 23

First, Plaintiffs claim compensatory or "actual" damages based on the economic value of allowing access to the data at issue.

In calculating any actual damages, you should consider the evidence and any reasonable inferences you may draw from the evidence. Any actual damages amount should be calculated separately from calculation of any other categories of damages.

You may award actual damages only if you find Plaintiffs have proved all of the elements of their first claim (violation of CDAFA) or their third claim (intrusion upon seclusion).

## JURY INSTRUCTION NO. 24

Plaintiffs also seek a distinct category of damages referred to as unjust enrichment or disgorgement.  This relief may allow them to recover any profits that Google earned from collecting, saving, and/or using the at-issue data.  To recover under this theory, Plaintiffs must prove, by a preponderance of the evidence, each of the following:

1.    Google received a benefit that it otherwise would not have achieved but for the at-issue data; and

2.    That it would be unjust for Google to retain that benefit without compensating Plaintiffs.

If you find disgorgement is appropriate, you must calculate the amount.  To do so:

1.    Determine Google's total revenue earned by collecting, saving, and/or using the at-issue data;

2.    Determine Google's expenses in obtaining that gross revenue;

3.    Deduct Google's expenses from the total revenue.

It is Google's burden to prove the amount of expenses and Plaintiffs' burden to prove the amount of gross revenue.

You may award disgorgement only if you find Plaintiffs have proved all of the elements of their first claim (violation of CDAFA), second claim (invasion of privacy), and/or third claim (intrusion upon seclusion).

## JURY INSTRUCTION NO. 25

If you find that Plaintiffs proved any of their three claims, but you find that Plaintiffs have failed to prove actual damages, you may award nominal damages to compensate for any injury, damage, loss, or harm that you determine Plaintiffs to have suffered.  These may include battery degradation, loss of the right to control one's data, or emotional distress.

Nominal damages may not exceed $1 per class member.  This means that the total amount of nominal damages will equal the amount of nominal damages you award multiplied by the amount of people per class.  The estimated class sizes by sub-class are 54,923,146 members for Class 1, the Android Class, and 59,565,930 members for Class 2, the Non-Android Class.

You may award nominal damages only if you find Plaintiffs have proved all of the elements of their first claim (violation of CDAFA), second claim (invasion of privacy), and/or third claim (intrusion upon seclusion).

# JURY INSTRUCTION NO. 26

Another category of damages that Plaintiffs seek are punitive damages.  If you decide that Google is liable with respect to Plaintiffs' first claim (under CDAFA) or their third claim (intrusion upon seclusion), you must also decide whether Google's conduct justifies an award of punitive damages.

The purposes of punitive damages are to punish a wrongdoer for the conduct that caused the injury, damage, loss, or harm, and to discourage similar conduct in the future.  The amount of punitive damages, if any, will be decided later.

To determine whether Google's conduct justifies punitive damages, you must decide whether Plaintiffs have proved by clear and convincing evidence that Google engaged in the conduct at issue with malice, oppression, or fraud.

This standard contains several terms that I will now define for you.

"Clear and convincing evidence" means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

"Malice" means that Google acted with intent to cause injury or that Google's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another.  A person or entity acts with knowing disregard when they are aware of the probable consequences of their conduct and deliberately fails to avoid those consequences.

"Oppression" means that Google's conduct was despicable and subjected Plaintiffs to cruel and unjust hardship in knowing disregard of their rights.

"Fraud" means that Google intentionally misrepresented or concealed a material fact and did so in intending to harm Plaintiffs.  Fraud includes disclosing some facts but intentionally failing to disclose other facts, making the disclosure deceptive.

## JURY INSTRUCTION NO. 27

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# JURY INSTRUCTION NO. 28

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way, and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website, or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will

have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you do so.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

## JURY INSTRUCTION NO. 29

If it becomes necessary during your deliberations to communicate with me, you may send a note through our courtroom Deputy, Ms. Hom, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me or my staff—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

## JURY INSTRUCTION NO. 30

A verdict form has been prepared for you. Please read the instructions on the verdict form carefully. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise Ms. Hom that you are ready to return to the courtroom.