```
                                           Volume 11

                                           Pages 1983 - 1996

                  UNITED STATES DISTRICT COURT

                NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Richard Seeborg, Judge

ANIBAL RODRIGUEZ, et al.,       )
individually and on behalf of   )
all others similarly situated,  )
                                )
          Plaintiffs,           )
                                )
  VS.                           )   NO. 3:20-CV-04688 RS
                                )
GOOGLE LLC,                     )
                                )
          Defendant.            )
_____)

                                  San Francisco, California
                                  Wednesday, September 3, 2025

           TRANSCRIPT OF JURY TRIAL PROCEEDINGS
```

**APPEARANCES**:

For Plaintiffs:
                    BOIES SCHILLER FLEXNER LLP
                    333 Main Street
                    Armonk, New York 10504
              **BY: DAVID BOIES, ATTORNEY AT LAW
                    ALEXANDER BOIES, ATTORNEY AT LAW
                    M. LOGAN WRIGHT, ATTORNEY AT LAW**

                    BOIES SCHILLER FLEXNER LLP
                    2029 Century Park East, Suite 1520n
                    Los Angeles, California 90067
              **BY: ALISON L. ANDERSON, ATTORNEY AT LAW
                    SAMANTHA D. PARRISH, ATTORNEY AT LAW**


REPORTED BY:  Lee-Anne Shortridge, RMR, CRR, CSR 9595
              Ana Dub, RDR, CRR, CCRR, CRG, CCG, CSR 7445
              Official United States Reporters

```
 1   APPEARANCES:  (CONTINUED)

 2   For Plaintiffs:
                              BOIES SCHILLER FLEXNER LLP
 3                            100 Southeast Second Street, Suite 2800
                              Miami, Florida 33131
 4                       BY:  JAMES W. LEE, ATTORNEY AT LAW

 5                            BOIES SCHILLER FLEXNER LLP
                              44 Montgomery Street, 41st Floor
 6                            San Francisco, California 94104
                         BY:  MARK C. MAO, ATTORNEY AT LAW
 7
                              SUSMAN GODFREY LLP
 8                            One Manhattan West, 50th Floor
                              New York, New York 10001
 9                       BY:  WILLIAM C. CARMODY, ATTORNEY AT LAW
                              RYAN SILA, ATTORNEY AT LAW
10
                              SUSMAN GODFREY LLP
11                            1900 Avenue of the Stars, Suite 1400
                              Los Angeles, California 90067
12                       BY:  AMANDA BONN, ATTORNEY AT LAW

13                            MORGAN & MORGAN COMPLEX LITIGATION GROUP
                              201 North Franklin Street, Seventh Floor
14                            Tampa, Florida 33602
                         BY:  RYAN McGEE, ATTORNEY AT LAW
15
     For Defendant:
16                            COOLEY LLP
                              Three Embarcadero Center, 20th Floor
17                            San Francisco, California 94111-4004
                         BY:  BENEDICT Y. HUR, ATTORNEY AT LAW
18                            EDUARDO E. SANTACANA, ATTORNEY AT LAW
                              SIMONA A. AGNOLUCCI, ATTORNEY AT LAW
19                            ISABELLA M.M. CORBO, ATTORNEY AT LAW
                              MICHAEL B. MORIZONO, ATTORNEY AT LAW
20                            ARGEMIRA FLOREZ, ATTORNEY AT LAW
                              THILINI CHANDRASEKERA, ATTORNEY AT LAW
21
                              COOLEY LLP
22                            4401 Eastgate Mall
                              San Diego, California 92121
23                       BY:  MICHAEL A. ATTANASIO, ATTORNEY AT LAW

24   Also Present:            Steve Ganem, Google
                              Julian Santiago
25
```

```
 1                         I N D E X

 2

 3   Wednesday, September 3, 2025 - Volume 11

 4

 5

 6                                                    PAGE  VOL.

 7   Jury Question                                    1986  11
     Verdict                                          1992  11
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1  Wednesday - September 3, 2025                           9:42 a.m.
 2                       P R O C E E D I N G S
 3                            ---o0o---
 4      (Proceedings were heard out of the presence of the jury.)
 5          THE COURT:  Good morning.
 6          MR. HUR:  Good morning, Your Honor.
 7          THE COURT:  As you know, we've gotten two substantive
 8  notes.
 9      Let me start with number 4.  The jury would like to see
10  the court's definition of "affirmative defense of consent."
11      I would think we would just refer them to instruction 21.
12          MR. BOIES:  Agree, Your Honor.
13          MR. HUR:  We agree, Your Honor.
14          THE COURT:  Okay.  I do think, Karen, there is some,
15  some form where I respond to notes.  You might check.
16      Okay.  The second one, number 5, is for jury instruction
17  number 14, item 4, the jury would like some clarification as to
18  the definition of "damage" or "loss."  Can this be provided?
19      And I would tend to say no.
20      But, Mr. Boies, what's your advice?
21          MR. BOIES:  I would refer them to instructions 23, 24,
22  and 25 in which you do provide some additional description of
23  that.
24          MR. HUR:  Your Honor, the --
25          THE COURT:  Mr. Hur.
```

1     **MR. HUR:** Ben Hur for Google.
2        Those are instructions for damages, and we believe this is
3  a liability question.
4     **THE COURT:** Okay.
5     **MR. HUR:** I will say that CACI, the CACI form
6  instruction uses the term "harmed," so I think it's also -- it
7  could be helpful, since harm is also included in the elements
8  for the other two claims, to just use the CACI language with no
9  modification. CACI says, was the plaintiff harmed?
10    **THE COURT:** Well, I agree with Mr. Hur that the, the
11 later instructions are damages instructions and this is an
12 element of the -- an element of the claim that they have to
13 show. So I think that's not a -- that's a bit of a mismatch.
14       I'm inclined to want to just say, you know, damage or
15 loss, use -- you know, use your judgment. Use your -- base it
16 on the evidence, or some sort of non-response, effectively.
17       How about just no further -- no further information or --
18 their question is, can this be provided? And they've phrased
19 it in a nice way that has the opening of saying, "no further
20 instruction," or something about --
21    **MR. BOIES:** No further instruction is available.
22    **THE COURT:** No further instruction is available. What
23 about that?
24    **MR. HUR:** Your Honor, I --
25    **THE COURT:** I don't want to introduce now the concept

```
 1  of harm.  I didn't use that, so I don't want to say, how
 2  about -- think about harm.  I don't want to do that now.
 3       So I want some -- my inclination is, effectively, a
 4  non-response response.  So --
 5           MR. HUR:  Your Honor, we would continue to suggest
 6  harm.
 7       Alternatively, the court could read the definition of
 8  (e)(1) from the statute that describes what damage or loss is.
 9  But --
10           THE COURT:  What is that?
11           MR. HUR:  The definition of (e)(1) says, "in addition
12  to any other civil remedy available, the owner or lessee of the
13  computer, computer system, computer network, computer program,
14  or data who suffers damage or loss by reason of a violation of
15  this provision of subdivision (c) may bring a civil action
16  against the violator for compensatory damages and injunctive
17  relief or other equitable relief," and then it lists
18  compensatory damages shall include any expenditure
19  reasonable --
20           THE COURT:  Well, that gets, as you -- I don't think
21  that's helpful.
22           THE CLERK:  (Handing.)
23           THE COURT:  Thank you.
24       Okay.  What I'm going to do is number 4, I'm going to
25  say -- this is the 2nd of September?  No, 3rd?  What is today's
```

```
 1  date?
 2          MR. HUR:  The 3rd.
 3          THE CLERK:  The 3rd.
 4          THE COURT:  Thank you.
 5      It is 9:50, and I'll just say, "please refer to
 6  instruction number" -- and that one is 21; right?
 7          MR. HUR:  Correct, Your Honor.
 8          THE COURT:  -- "21."
 9      Okay.  Karen, can you show that to the parties so they can
10  see it (handing).
11          THE CLERK:  Um-hum.
12          THE COURT:  And then the next one, note number 5,
13  9-3-25, 9:50.
14      Okay.  Take a look at that one.
15      Karen, pass that down (handing).
16                  (Pause in proceedings.)
17          MR. BOIES:  Okay.
18          MR. HUR:  Thank you, Your Honor.
19          MR. BOIES:  Thank you, Your Honor.
20          THE COURT:  Okay.  Thank you.
21      Stay tuned.
22          THE CLERK:  Court stands in recess.
23      (A recess was taken at 9:49 a.m. pending the jury's
24  deliberations.)
25  \\\
```

1    (Proceedings resumed at 3:00 p.m.)
2    (Proceedings were heard out of the presence of the jury.)
3         **THE COURT:** Okay. I've been told the jury has reached
4  a verdict.
5      My practice is, once we have the verdict, I will publish
6  it after I review it to make sure it's in good form. I'll ask
7  Ms. Hom to poll the jury.
8      Then once we're done with that, I thank them, obviously.
9  Then I give them the option, if they want, to talk with the
10 lawyers. I go back and say thank you back there and then say,
11 "Those of you who wish to talk to the lawyers, come back into
12 the courtroom. Those of you who don't want to, you're free to
13 go and you can go."
14     I'm assuming one or more of you would like to talk to any
15 of them that want to talk; right?
16        **MR. DAVID BOIES:** Yes.
17        **THE COURT:** There'll be someone here, in other words,
18 if I --
19        **MR. DAVID BOIES:** There will be people here.
20        **THE COURT:** Okay. So I will advise them of that.
21    Any reason why we can't bring them out? No?
22        **MR. DAVID BOIES:** No.
23        **MR. HUR:** No, Your Honor.
24    (Proceedings were heard in the presence of the jury.)
25        **THE COURT:** The jury is present.

1   We've been advised the jury has reached a verdict.

2   Our foreperson, if you have the verdict, if you could hand

3   it to Ms. Hom or Mr. Vogt.

4                   (Document handed up to the Court.)

5                   (Pause in proceedings.)

6   **THE COURT:** I think there is one question that needs

7   to be answered.  There's no answer on it.  So if I can send the

8   jury back to make sure that all of the questions are answered.

9   **JUROR NUMBER 8:** Sorry, Your Honor.  In Question 5?

10  **THE COURT:** Yes.  Just -- wait just one moment.

11                  (Pause in proceedings.)

12  **THE COURT:** In light of the answer to Question 3,

13  I think you also need to answer Question 6.

14  **JUROR NUMBER 8:** Okay.

15  **THE COURT:** I believe you do need to do that.

16  **JUROR NUMBER 8:** Okay.

17  **THE COURT:** So I will hand this back.

18    (Proceedings were heard out of the presence of the jury.)

19  **THE COURT:** And we'll return when we're told they're

20  ready.

21  **THE COURTROOM DEPUTY:** Okay.  We're in brief recess.

22                  (Recess taken at 3:06 p.m.)

23              (Proceedings resumed at 3:09 p.m.)

24    (Proceedings were heard out of the presence of the jury.)

25  **THE COURTROOM DEPUTY:** Please remain as you are and

court will come to order.

**THE COURT:** For all the work I did on the jury form, I realized, when I was reading it, I made a mistake in terms of thinking they had made a mistake.

So we will get the original verdict form back. I just asked them to give it back to us. So...

**THE LAW CLERK:** Are we ready?

**THE COURT:** I don't know if they're ready.

(Proceedings were heard in the presence of the jury.)

**THE COURT:** The jury is present.

Sorry for the confusion, which was of my making. I simply didn't read through it correctly when I saw it.

So if you can re-hand it to me, I will publish the verdict form.

**THE COURTROOM DEPUTY:** So, ladies and gentlemen of the jury, listen to your verdict as it will stand recorded.

## VERDICT

**THE COURT:** Question 1, Jury Verdict Form: Did Plaintiffs prove by a preponderance of the evidence all the elements of their first claim, violation of CDAFA?

Answer: No.

Question 2: Did Plaintiffs prove by a preponderance of the evidence all of the elements of their second claim, invasion of privacy?

Answer: Yes.

Question 2A: Did defendant prove by a preponderance of the evidence all of the elements of its affirmative defense of consent?

Answer: No.

Question 3: Did plaintiffs prove by a preponderance of the evidence all of the elements of their third claim, intrusion upon seclusion?

Answer: Yes.

Question 3A: Did defendant prove by a preponderance of the evidence all the elements of its affirmative defense of consent?

Answer: No.

Question 4: Have plaintiffs proved by a preponderance of the evidence that they are entitled to disgorgement, also known as unjust enrichment, damages?

Answer: No.

Question 5: Have plaintiffs proved by a preponderance of the evidence that they are entitled to compensatory, also known as actual, damages?

Answer: Yes.

Class 1: Android Class, $247,154,157.

Class 2: Non-Android Class, $178,497,790.

Question 6: Should plaintiffs receive any nominal damages of no more than $1 per person?

Answer: No.

1  Have plaintiffs proved by clear and convincing evidence
2  that Google engaged in the conduct at issue with malice,
3  oppression, or fraud?
4      Answer:  No.
5      Dated September 3rd, 2025; signed by the foreperson.
6      Ms. Hom?
7          **THE COURTROOM DEPUTY:**  Juror Number 1, Mr. Hall, is
8  this your true and correct verdict?
9          **JUROR NUMBER 1:**  Yes.
10         **THE COURTROOM DEPUTY:**  Juror Number 2, Mr. Rajendra,
11  is this your true and correct verdict?
12         **JUROR NUMBER 2:**  Yes.
13         **THE COURTROOM DEPUTY:**  Mr. Crawford, is this your true
14  and correct verdict?
15         **JUROR NUMBER 3:**  Yes.
16         **THE COURTROOM DEPUTY:**  Juror Number 4, Mr. Tuyen, is
17  this your true and correct verdict?
18         **JUROR NUMBER 4:**  Yes.
19         **THE COURTROOM DEPUTY:**  Mr. Parker, is this your true
20  and correct verdict?
21         **JUROR NUMBER 5:**  Yes.
22         **THE COURTROOM DEPUTY:**  Ms. Shayesteh, is this your
23  true and correct verdict?
24         **JUROR NUMBER 6:**  Yes.
25         **THE COURTROOM DEPUTY:**  Mr. Radford, is this your true

 1  and correct verdict?
 2          **JUROR NUMBER 7:** Yes.
 3          **THE COURTROOM DEPUTY:** And, Mr. Bowman, is this your
 4  true and correct verdict?
 5          **JUROR NUMBER 8:** Yes, it is.
 6          **THE COURTROOM DEPUTY:** Thank you.
 7     Judge, it's unanimous.
 8          **THE COURT:** Members of the jury, thank you so much for
 9  your hard work. You've been extraordinarily attentive. It's
10  been a long, interesting trial, very well presented, and you
11  have fully done your duty. You should be very proud of your
12  jury service. It is what makes our country a special place,
13  and we couldn't do what we do without the assistance of jurors
14  like you.
15     Now that the case has been concluded, some of you may have
16  questions about the confidentiality of the proceedings. Many
17  times jurors ask if they are now at liberty to discuss the case
18  with anyone. Now that the case is over, you are, of course,
19  free to discuss it with any person you choose. By the same
20  token, however, I would advise you that you are under no
21  obligation whatsoever to discuss this case with any person.
22     If you do decide to discuss the case with anyone, I would
23  suggest you treat it with a degree of solemnity in that
24  whatever you do decide to say, you would be willing to say in
25  the presence of the other jurors or under oath here in open

```
 1  court in the presence of all the parties.
 2       Also, always bear in mind, if you do decide to discuss the
 3  case, that the other jurors fully and freely stated their
 4  opinions with the understanding that they were being expressed
 5  in confidence.  Please respect the privacy of the views of the
 6  other jurors.
 7       Now, what I do say to the lawyers is that I will tell all
 8  of you, once we retire, that if any of you want to come and
 9  talk to the lawyers, they are to stay in the courtroom, and you
10  can come back through.
11       They all would love to talk to you, but it's totally up to
12  you.  You can either decide you're all done and leave the
13  building, or you can come back into the courtroom and talk with
14  the lawyers, who are very anxious to know how they did and what
15  forms of presentation were persuasive, that kind of thing.
16  That's what they would be wanting to talk to you about.
17       So for counsel, any reason why the jury cannot be
18  discharged at this time?
19            **MR. DAVID BOIES:**  Not from us, Your Honor.
20            **MR. HUR:**  No, Your Honor.  Thank you.
21            **THE COURT:**  Very well.
22       So, members of the jury, you are now discharged.
23                (The jury was dismissed from duty.)
24                (Proceedings adjourned at 3:15 p.m.)
25                          ---o0o---
```

**CERTIFICATE OF REPORTER**

We certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: Thursday, September 4, 2025

_____

Lee-Anne Shortridge, RMR, CRR

CSR No. 9595, Official United States Reporter

_____

Ana Dub, RDR, RMR, CRR, CCRR, CRG, CCG

CSR No. 7445, Official United States Reporter