# Exhibit #6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

ANIBAL RODRIGUEZ, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No.: 3:20-cv-04688-RS

**[PROPOSED] PERMANENT INJUNCTION**

This permanent injunction is entered in the class action case *Rodriguez v. Google LLC*, Case No. 20-cv-04688-RS, based on the jury verdict against Google regarding the invasion of privacy and intrusion upon seclusion and concerning Google's conduct when users had "Web & App Activity" ("WAA") and/or "Supplemental Web & App Activity" ("sWAA") turned off.

1.       This injunction applies to Google LLC and each of its parent, affiliated, and subsidiary entities, officers, agents, employees, and any person in active concert or participation with them, who receive actual notice of this order by personal service or otherwise (together, Google).

2.       Unless otherwise stated, the effective date of the injunction is four weeks after entry of this order by the Court.

3.       The geographic scope of the injunction is the United States of America.

4.       The relief described below excludes what Google refers to as Dasher and Unicorn accounts.

5.      If a user has WAA and/or sWAA off, Google may not collect or save app activity data involving activity on third-party apps that use the Google Analytics for Firebase SDK and/or Google Mobile Ads SDK.

6.      Within ninety (90) days, Google must delete all app activity data that it collected during the class period when users had WAA and/or sWAA off involving activity on third-party apps that at that time used the Google Analytics for Firebase SDK and/or Google Mobile Ads.

7.      Within ninety (90) days, Google must destroy all algorithms, models, products, and services it built or modified, in whole or in part, with the data described in paragraph 6.

8.      Within thirty (30) days, the parties will recommend to the Court a third-party to assist with implementing the relief provided for in this order.  After appointment by the Court, the third-party will review disputes or issues relating to the technology and processes required by the preceding provisions. If the assessor cannot assist the parties with resolving a dispute or issue, a party may ask the Court for a resolution. The assessor may not extend any deadline set in this order, but he or she may recommend that the Court accept or deny a request to extend.

9.      Google shall pay all fees and costs associated with work performed by the third-party, including any additional fees incurred by Plaintiffs' counsel.  If there is any dispute regarding the amount of any fees or costs, Google may raise the dispute with the Court.

10.      The Court will retain jurisdiction over the injunction for all purposes. Google or Plaintiffs may request a modification of the injunction for good cause.

**IT IS SO ORDERED.**

Dated: _____, 2025                           _____
                                                 RICHARD SEEBORG
                                                 Chief United States District Judge

2