**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
Alexander Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com
aboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Tel.: (213) 995-5720
alanderson@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
Ryan Sila (admitted pro hac vice)
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com
rsila@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Michael F. Ram, CA Bar No. 104805
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIBAL RODRIGUEZ, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 3:20-cv-04688-RS<br><br>**DECLARATION OF ALEXANDER FRAWLEY IN SUPPORT OF PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION AND DISGORGEMENT OF PROFITS**<br><br>The Honorable Richard Seeborg<br>Courtroom 3 – 17th Floor |

1

DECLARATION OF ALEXANDER FRAWLEY
CASE NO. 3:20-CV-04688-RS

**DECLARATION OF ALEXANDER FRAWLEY**

I, Alexander Frawley, declare as follows:

1. I am an attorney at law duly licensed to practice before all courts of the State of New York and admitted *pro hac vice* in this case. Dkt. 81.

2. I submit this declaration in support of Plaintiffs' Motion for Permanent Injunction and Disgorgement of Profits.

3. During discovery, Plaintiffs served requests for production of documents ("RFPs") asking Google to produce documents and information relevant to Plaintiffs' damages models.

4. Some of these RFPs were included in Plaintiffs' Eighth Set of RFPs, served on May 27, 2022. For example, Plaintiffs' RFP No. 257 sought documents sufficient to show the "revenue and profits that Google receives related to the collection, storage, and use of WAA off data," including "revenue and profits for conversion tracking or modeling." *See* Ex. 16 to the Declaration of Mark Mao, concurrently filed herewith, at pages 19-20. Plaintiffs' RFP No. 260 sought documents sufficient to show "the revenue and profits that Google receives from providing Google services on non-Google apps (e.g., Firebase [and] AdMob"). *Id.* at 23. For each of these RFPs, Plaintiffs requested information "specific to" the United States. *Id.* at 20, 23.

5. Google responded to RFPs 257 and 260 on July 13, 2022. Mao Ex. 16. Initially, Google did not agree to produce any documents in response to these requests; instead, Google merely offered to meet and confer. *Id.* at 20, 24.

6. Over the ensuing months, Plaintiffs met and conferred with Google about RFPs 257 and 260, as well as other damages-related RFPs. I participated in most of these meet-and-confers.

7. On August 9, 2022, as a result of this meet-and-confer process, Google produced two documents to Plaintiffs described by Google as profit and loss statements ("P&Ls"), labeled GOOG-RDGZ-00182571 and GOOG-RDGZ-00182572 (the "August 9 P&Ls"). These August 9 P&Ls contained, among other information, "booked revenue" figures and "TAC" figures for Google's App Promo business, for the years 2017 through 2021. The document ending in bates number -572 covered the years 2017 through 2020, while the document ending in bates number -571 covered the year 2021.

8. On August 11, 2022, I sent Google's counsel an email with questions regarding these productions. On August 16, 2022, Google's counsel responded to my email. A copy of this email exchange is attached as Exhibit 17 to the Mao Declaration.

9. Among other questions, my August 11 email asked Google whether the figures in the August 9 P&Ls were United States figures or global figures. *See id.* ("Are these figures global figures or USA-only figures?"). Google's counsel replied: "These are USA-only figures."

10. The August 9 P&Ls also contained information about alleged expense items. In the same August 11 email to Google's counsel, I requested that Google "produce the accounting details sufficient to identify and quantify, by year, all expense line items and amounts that roll up into the expense categories and dollar amounts [in the August 9 P&Ls]." Mao Decl. Ex. 17. In response, Google agreed to "produce the sub-categories that roll up into the revenue and expense categories and dollar amounts." *Id.*

11. On August 30, 2022, and September 1, 2022, Google produced updated versions of the August 9 P&Ls, with identical "booked revenue" and "TAC" figures but a more granular breakdown of certain expense categories. These two updated versions of the August 9 P&Ls were admitted into evidence at trial as PX-419 and G591, respectively. Below, I explain why I refer to PX-419 and G591 as "updated versions of the August 9 P&Ls."

12. <u>PX-419</u>: On August 30, 2022, Google produced a P&L for App Promo, labeled GOOG-RDGZ-0018427. This P&L was admitted into evidence at trial as PX-419. Like the August 9 P&L discussed above, PX-419 also included "booked revenue" figures and "TAC" figures for Google's App Promo business, for the years 2017 through 2020. The "booked revenue" and "TAC" figures in PX-419 (in Rows 27 and 28 of the spreadsheet) are identical to the "booked revenue" and "TAC" figures in the August 9 P&L labeled GOOG-RDGZ-00182572 (in Rows 5 and 6 of that spreadsheet). The only difference between PX-419 and the August 9 P&L is that the former contains a more granular breakdown of the expense category "Total OpEx"; however, the top-level figure for "Total OpEx" is identical in both documents.

13. <u>G591</u>: On September 1, 2022, Google produced another P&L for App Promo, labeled GOOG-RDGZ-00185744. This P&L was admitted into evidence at trial as G591. Like

3

the August 9 P&L discussed above, G591 also included "booked revenue" figures and "TAC" figures for Google's App Promo business, for the year 2021. The "booked revenue" and "TAC" figures in G591 (in Rows 27 and 28 of the spreadsheet) are identical to the "booked revenue" and "TAC" figures in the August 9 P&L labeled GOOG-RDGZ-00182571 (in Rows 5 and 6 of that spreadsheet). The only difference between G591 and the August 9 P&L is that the former contains a more granular breakdown of the expense category "Total OpEx"; however, the top-level figure for "Total OpEx" is identical in both documents.

14. To sum things up: (1) Google produced two P&Ls on August 9; (2) I sent an email with questions about these P&Ls on August 11, and requested additional information about sub-categories of expenses; (3) Google's counsel in response represented that the revenue figures in the August 9 P&Ls were USA figures and confirmed that Google would produce additional information about the sub-categories of expenses; and (4) on August 30 and September 1, Google produced updated versions of the August 9 P&Ls with identical "booked revenue" and "TAC" figures but a more granular breakdown of certain expense categories. These latter two P&Ls, produced on August 30 and September 1, are PX-419 and G591, respectively.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 22nd day of October, at New York, New York.

*/s/ Alexander Frawley*