**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
Alexander Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com
aboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Tel.: (213) 995-5720
alanderson@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
Ryan Sila (admitted pro hac vice)
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com
rsila@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Michael F. Ram, CA Bar No. 104805
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
mram@forthepeople.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

ANIBAL RODRIGUEZ, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,

        Plaintiffs,

vs.

GOOGLE LLC,

        Defendant.

Case No.: 3:20-cv-04688-RS

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION AND DISGORGEMENT OF PROFITS**

Judge: Hon. Richard Seeborg
Trial Date: August 18, 2025

1

**[PROPOSED] ORDER**

This is a privacy class action about Google's allegedly unlawful collection, storage, and use of app activity involving third-party apps from Plaintiffs and class members whose Supplemental Web & App-Activity ("sWAA") toggle was turned off.  After certifying this case for class treatment under Rules 23(b)(2) and 23(b)(3), this Court held a jury trial in August and September 2025.  The jury found Google liable on Plaintiffs' and class members' invasion of privacy and intrusion upon seclusion claims.  Dkt. 670 at 1.  The jury awarded $247,154,157 to Class 1 (the Android Class) and $178,497,790 to Class 2 (the Non-Android Class) for a total of over $425 million in monetary damages.  *Id.* at 2.

Plaintiffs now move for a permanent injunction and disgorgement of Google's net profits attributable to its wrongful conduct during the class period.  The motion is GRANTED.

**I.    Permanent Injunction**

Plaintiffs ask the Court to (1) enjoin Google from in the future collecting and saving sWAA-off data; (2) require Google to delete the sWAA-off data it has already collected; (3) require Google to destroy the algorithms, models, and services created or modified using sWAA-off data; and (4) appoint an independent third-party to monitor and ensure Google's compliance with the injunction.  The requested permanent injunction is GRANTED.

A plaintiff seeking a permanent injunction "must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

All four *eBay* factors support the entry of the permanent injunction.  Plaintiffs and class members have suffered irreparable harms including, but not limited to, violations of their constitutional and privacy rights. *Index Newspapers LLC v. United States Marshals Serv.*, 977 F.3d 817, 837 (9th Cir. 2020); *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1045

2

1   (9th Cir. 2012).  The deprivation of Plaintiffs' and class members' constitutional right to privacy

2   cannot be remedied by monetary damages because Google agreed, and this Court already held,

3   that Plaintiffs may only seek injunctive relief on that claim for themselves and class members.

4   Dkt. 666 at 25.  The jury's award of monetary damages on Plaintiffs' and class members' intrusion

5   upon seclusion claim does not adequately remedy Plaintiffs' and class members' injury because

6   the loss of privacy is difficult to quantify.  *United States v. Miami Univ.*, 294 F.3d 797, 819 (6th

7   Cir. 2002).  Moreover, the fact that Google's collection and use of sWAA-off data is ongoing

8   further demonstrates that monetary damages are inadequate.  *Facebook, Inc. v. Power Ventures,*

9   *Inc.*, 252 F. Supp. 3d 765, 783 (N.D. Cal. 2017), *aff'd*, 749 F. App'x 557 (9th Cir. 2019).

10  Requiring Google to comply with the law is no undue hardship.  *Goorin Bros. v. GoldStarHat*

11  *LLC*, 2025 WL 2458868, at *6 (N.D. Cal. Aug. 26, 2025).  Indeed, public policy strongly favors

12  preventing Google from further perpetuating its unconstitutional and unlawful activity.

13  *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012).

14          The requested injunctive relief is appropriately tailored.  Enjoining Google from

15  collecting and saving sWAA-off data in the future is necessary because Google will otherwise

16  continue to engage in the same unlawful conduct.  Data deletion is also necessary to mitigate the

17  ongoing risks created by Google storing this data and to prevent Google from making further use

18  of previously collected sWAA-off data in other unconsented ways.  Similarly, remediation of

19  products that Google used sWAA-off data to create or modify is necessary to prevent Google

20  from continuing to profit from previously collected sWAA-off data.  Finally, the appointment of

21  a third-party monitor at Google's expense is appropriate to ensure Google's compliance with this

22  Court's injunctive order, and Google shall cover all costs, including any attorneys' fees and costs,

23  incurred for enforcing compliance with the injunctive relief.

24          Accordingly, this Court grants Plaintiffs' requested permanent injunction, attached as

25  Appendix 1.

26

27

28

## II.    Disgorgement of Profits

Plaintiffs also seek disgorgement of the net profits Google earned from its unlawful conduct during the class period on behalf of themselves and class members.  Plaintiffs calculate those net profits to be $2.36 billion.  The requested disgorgement is GRANTED.

This Court will independently assess Plaintiffs' request for the equitable remedy of disgorgement.  The jury's finding that Plaintiffs "are not entitled to disgorgement," Dkt. 670 (Question 4), is merely advisory and does not bind this Court.  This Court instead "make[s] its own independent assessment of" Plaintiffs' request for unjust enrichment.  *Hansen v. Safeway, Inc.*, 2010 WL 2593611, at *3 (N.D. Cal. June 22, 2010).  In making that assessment, this Court is "bound by all *factual* determinations made by the jury in deciding the [legal] claims."  *Miller v. Fairchild Indus.*, 885 F.2d 498, 507 (9th Cir. 1989) (emphasis added).

California law requires an award of disgorgement where a defendant is unjustly enriched from consciously violating privacy rights.  *See In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 600 (9th Cir. 2020); Restatement (Third) on Restitution and Unjust Enrichment § 44(1).  The jury's verdict establishes that disgorgement is required here. The jury found that Google "*intentionally* intruded upon the Plaintiffs' objectively reasonable expectation of privacy," and that Google's "conduct was highly offensive—that is, a shocking or outrageous breach of social norms regarding online data."  Dkt. 666 (Instruction No. 20) (emphasis added). Those factual findings are binding on this Court.  *See Teutscher v. Woodson*, 835 F.3d 936, 944 (9th Cir. 2016).

When, as here, a "conscious wrongdoer" is "enriched by misconduct," "the unjust enrichment . . . is the net profit attributable to the underlying wrong."  *SEC v. Sripetch*, --- F.4th ---, 2025 WL 2525848, at *1 (9th Cir. Sept. 3, 2025).  Plaintiffs' burden is to "present evidence of the total or gross amount of [Google's] benefit, or a reasonable approximation thereof."  *Meister v. Mensinger*, 230 Cal. App. 4th 381, 399 (2014).  Plaintiffs have met their burden.

The reasonable approximation of Google's net profits attributable to the underlying wrong is $2.36 billion.  This Court credits Mr. Lasinski's calculation, supported by the record evidence, that Google's gross revenues from sWAA-off data were at least $4.14 billion during the class

period: $2.82 billion from Class 1 and $1.32 billion from Class 2.  This Court also agrees with Plaintiffs that the most reasonable estimate of Google's incremental costs for App Promo is 25% of Google's US-based App Promo revenues for 2017-2021 and 23%-25% for 2022-2024.  This results in net profits of $1,463,670,754 from Class 1 and $896,913,182 from Class 2.  Google shall disgorge those profits to Plaintiffs and class members.

**IT IS SO ORDERED.**

Dated: _____, 2025

_____
RICHARD SEEBORG
United States Chief District Judge