| | |
|---|---|
| **COOLEY LLP**<br>BENEDICT Y. HUR (224018)<br>  bhur@cooley.com<br>SIMONA AGNOLUCCI (246943)<br>  sagnolucci@cooley.com<br>EDUARDO E. SANTACANA (281668)<br>  esantacana@cooley.com<br>JONATHAN PATCHEN (237346)<br>  jpatchen@cooley.com<br>ARGEMIRA FLOREZ (331153)<br>  aflorez@cooley.com<br>NAIARA TOKER (346145)<br>  ntoker@cooley.com<br>HARRIS MATEEN (335593)<br>  hmateen@cooley.com<br>THILINI CHANDRASEKERA (333672)<br>  tchandrasekera@cooley.com<br>ISABELLA MCKINELY CORBO (346226)<br>  icorbo@cooley.com<br>CHELSEA HU (357212)<br>  chu@cooley.com<br>MICHAEL B. MORIZONO (359395)<br>  mmorizono@cooley.com<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA 94111-40004<br>Telephone: (415) 693-2000<br>Facsimile: (415) 693-2222<br><br>Attorneys for Defendant<br>GOOGLE LLC | **BOIES SCHILLER FLEXNER LLP**<br>Mark C. Mao (CA Bar No. 236165)<br>mmao@bsfllp.com<br>Beko Reblitz-Richardson (CA Bar No. 238027)<br>brichardson@bsfllp.com<br>44 Montgomery Street, 41st Floor<br>San Francisco, CA 94104<br>Tel: (415) 293-6858<br>Fax: (415) 999-9695<br><br>**SUSMAN GODFREY L.L.P.**<br>William Christopher Carmody (pro hac vice)<br>bcarmody@susmangodfrey.com<br>Shawn J. Rabin (pro hac vice)<br>srabin@susmangodfrey.com<br>One Manhattan West, 50th Floor<br>New York, NY 10001<br>Telephone: (212) 336-8330<br><br>**MORGAN & MORGAN**<br>John A. Yanchunis (pro hac vice)<br>jyanchunis@forthepeople.com<br>Ryan J. McGee (pro hac vice)<br>rmcgee@forthepeople.com<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>Telephone: (813) 223-5505<br><br>*Attorneys for Plaintiffs* |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>                              Plaintiffs,<br><br>    vs.<br><br>GOOGLE LLC,<br><br>                              Defendant. | Case No. 3:20-CV-04688-RS<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER FOR OMNIBUS MOTION TO SEAL PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION AND DISGORGEMENT OF PROFITS BRIEFING**<br><br>Judge: Hon. Richard Seeborg<br>Courtroom: 3, 17th Floor |

Pursuant to Civil Local Rules 6-2 and 7-12, Plaintiffs Anibal Rodriguez, et al. ("Plaintiffs") and Defendant Google LLC ("Google"), collectively referred to as the "Parties," hereby enter into this joint stipulation.

WHEREAS, on October 2, 2025, the Court entered an Order setting a post-trial briefing schedule (Dkt. 694) as follows:

|  | Opening | Opposition | Reply |
|---|---|---|---|
| Disgorgement and Injunctive Relief | October 22, 2025 | November 19, 2025 | December 4, 2025 |
| Class Decertification | October 22, 2025 | November 19, 2025 | December 4, 2025 |
| Motions for Fees, Costs, & Service Awards | 14 days after judgment | 35 days after motion | 14 days after opposition |
| Post-Judgment Motions (Rules 50(b), 52(b), 59) | 28 days after judgment | 28 days after motions | 14 days after opposition |

WHEREAS, on October 22, 2025, Plaintiffs filed their Motion for Permanent Injunction and Disgorgement of Profits (Dkt. 700) and an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. 699);

WHEREAS, pursuant to Civil Local Rule 79-5, Google would be required to file a statement in support of maintaining under seal material that Google designated as Confidential or Highly Confidential – Attorneys' Eyes Only ("Confidential Material") that Plaintiffs filed with their Motion for Permanent Injunction and Disgorgement of Profits (Dkt. 700) no later than October 29, 2025;

WHEREAS, pursuant to the Court's Order setting a post-trial briefing schedule (Dkt. 694), Google's deadline to file its Opposition to Plaintiffs' Motion for Permanent Injunction and Disgorgement of Profits is November 19, 2025 and Plaintiffs' deadline to file their Reply is December 4, 2025;

WHEREAS, on October 27, 2025, the Parties agreed that Google could extend its time to respond to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. 699) to December 11, 2025, one week after Plaintiffs' existing deadline to file their Reply in support of their Motion for Permanent Injunction and Disgorgement of Profits (Dkt. 700);

1  WHEREAS, Google represents that its Opposition brief is likely to rely on some of the same Confidential Material attached to Plaintiffs' Motion for Permanent Injunction and Disgorgement of Profits (Dkt. 700) and the Parties agree that efficiencies would be gained by presenting evidentiary support for sealing all materials as part of one motion. The Parties hereby propose that the Court allow the Parties to file one omnibus motion to seal the material filed with Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. 699) and any forthcoming materials to be filed in connection with the Motion for Permanent Injunction and Disgorgement of Profits briefing;

WHEREAS, in light of the forthcoming omnibus motion, Google would file public versions of briefing and exhibits in connection with its Opposition to Plaintiffs' Motion for Permanent Injunction and Disgorgement of Profits filed on October 22, 2025. The Parties would also submit sealed, unredacted materials to the Court and opposing counsel by email at the time of the filing. On December 11, 2025, the Parties would file an omnibus motion to seal materials filed in connection with Plaintiffs' Motion for Permanent Injunction and Disgorgement of Profits (Dkt. 700) Google's Opposition, and Plaintiffs' Reply in the form contemplated by Civil Local Rule 79-5(e);

WHEREAS, a party seeking to seal material may choose to file a less-redacted or public version of that document prior to December 11, 2025;

WHEREAS, the omnibus motion would follow the procedures outlined in Civil Local Rules 79-5(b)-(f) and on December 11, 2025 the Parties would file an administrative motion to seal, evidentiary support, and a proposed order, accompanied by redacted versions of all materials they seek to seal (to the extent not previously filed), and under seal versions of the same, highlighting the portions for which sealing is sought. Any response would be due by December 15, 2025, consistent with Local Rule 79-5(f)(4);

WHEREAS, this omnibus motion would obviate the need for Google to respond to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. 699) on October 29, 2025 per Civil Local Rule 79-5;

WHEREAS, this request for an omnibus motion to seal is made to streamline this Court's review of the materials attached to Plaintiffs' Motion for Permanent Injunction and Disgorgement of Profits (Dkt. 700) and that will likely be referenced in the forthcoming filings in connection with Opposition and Reply briefing, and to allow for additional time for the Parties to secure the appropriate declarants and evidentiary support to seal all of these materials;

WHEREAS, the Parties reserve their rights to dispute whether any Confidential Materials should be sealed and will provide those arguments, if any, by the proposed December 15, 2025 response deadline;

WHEREAS, the granting of the Parties' request for an omnibus motion to seal would not affect the post-trial briefing schedule (Dkt. 694);

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties to this action, and pursuant to Civil Local Rules 6-2 and 7-12, that the Parties shall file an omnibus motion to seal all materials filed under seal by December 11, 2025 and any response by December 15, 2025.

A Proposed Order is submitted concurrently herewith.

IT IS SO STIPULATED.

DATED: October 27, 2025

By: */s/ Ryan McGee*
Ryan McGee

*Attorneys for Plaintiffs*

DATED: October 27, 2025

COOLEY LLP

By: */s/ Benedict Y. Hur*
Benedict Y. Hur

*Attorneys for Google*

**FILER'S ATTESTATON**

Pursuant to Civil Local Rule 5.1, I attest that all signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized this filing.

DATED: October 27, 2025　　　　　　　　　　COOLEY LLP

　　　　　　　　　　　　　　　　　　　　　By: */s/ Benedict Y. Hur*
　　　　　　　　　　　　　　　　　　　　　　　　Benedict Y. Hur