| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP** | **SUSMAN GODFREY L.L.P.** |
| David Boies (admitted pro hac vice) | Bill Carmody (admitted pro hac vice) |
| Alexander Boies (admitted pro hac vice) | Shawn J. Rabin (admitted pro hac vice) |
| 333 Main Street | Steven M. Shepard (admitted pro hac vice) |
| Armonk, NY 10504 | Alexander Frawley (admitted pro hac vice) |
| Tel.: (914) 749-8200 | Ryan Sila (admitted pro hac vice) |
| dboies@bsfllp.com | One Manhattan West, 50th Floor |
| aboies@bsfllp.com | New York, NY 10001 |
| | Tel.: (212) 336-8330 |
| Mark C. Mao, CA Bar No. 236165 | bcarmody@susmangodfrey.com |
| Beko Reblitz-Richardson, CA Bar No. 238027 | srabin@susmangodfrey.com |
| 44 Montgomery St., 41st Floor | sshepard@susmangodfrey.com |
| San Francisco, CA 94104 | afrawley@susmangodfrey.com |
| Tel.: (415) 293-6800 | rsila@susmangodfrey.com |
| mmao@bsfllp.com | |
| brichardson@bsfllp.com | Amanda K. Bonn, CA Bar No. 270891 |
| | 1900 Avenue of the Stars, Suite 1400 |
| James Lee (admitted pro hac vice) | Los Angeles, CA 90067 |
| Rossana Baeza (admitted pro hac vice) | Tel.: (310) 789-3100 |
| 100 SE 2nd St., 28th Floor | abonn@susmangodfrey.com |
| Miami, FL 33131 | |
| Tel.: (305) 539-8400 | **MORGAN & MORGAN** |
| jlee@bsfllp.com | John A. Yanchunis (admitted pro hac vice) |
| rbaeza@bsfllp.com | Ryan J. McGee (admitted pro hac vice) |
| | Michael F. Ram, CA Bar No. 104805 |
| Alison L. Anderson, CA Bar No. 275334 | 201 N. Franklin Street, 7th Floor |
| M. Logan Wright, CA Bar No. 349004 | Tampa, FL 33602 |
| 2029 Century Park East, Suite 1520 | Tel.: (813) 223-5505 |
| Los Angeles, CA 90067 | jyanchunis@forthepeople.com |
| Tel.: (213) 995-5720 | rmcgee@forthepeople.com |
| alanderson@bsfllp.com | mram@forthepeople.com |
| mwright@bsfllp.com | |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIBAL RODRIGUEZ, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No.: 3:20-cv-04688-RS <br><br> **[PROPOSED] ORDER DENYING GOOGLE'S MOTION TO DECERTIFY OR MODIFY THE CLASS (DKT. 698)** <br><br> Judge: Hon. Richard Seeborg <br> Trial Date: August 18, 2025 |

**[PROPOSED] ORDER**

This Court previously granted Plaintiffs' motion to certify classes under Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3). Dkt. 352. This Court held a jury trial in August and September 2025. The jury found Google liable for invasion of privacy and intrusion upon seclusion on a class-wide basis. Dkt. 670 at 1.

Google now moves to decertify or modify the classes. Dkt. 698. The motion is DENIED.

## I. The Rule 23(b)(3) Classes

Rule 23(b)(3) asks whether "common" questions, "*capable* of class-wide resolution," "predominate" over individual inquiries. *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 667–68 (9th Cir. 2022) (en banc) (emphasis added). Disputes over the "persuasiveness" of classwide evidence are "for the jury," not for the district court in deciding certification. *Id.* at 678. Thus, when considering a decertification motion after a jury returns a verdict, the court must defer to the jury's factual findings unless the court concludes that "no reasonable juror" could have made them. *Tyson Foods v. Bouaphakeo*, 577 U.S. 442, 459 (2016).

The Rule 23(b)(3) classes remain properly certified because common issues predominated at trial. The two privacy claims entail similar elements, asking whether "(1) there exists a reasonable expectation of privacy, and (2) the intrusion was highly offensive." Dkt. 352 at 8 (quoting *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589, 601 (9th Cir. 2020)). Both elements are capable of classwide resolution because they are objective inquiries that involve common issues. *See id.* at 8, 10.

Those common issues included, for example, Google's common representations to its users about what happens when (s)WAA is off, and whether those users had an objectively reasonable expectation of privacy based on those representations.

At trial, parties presented classwide proof that enabled the jury to answer those common questions and return a verdict on each element of Plaintiffs' privacy claims. For example, the parties presented the jury with Google's uniform disclosures that applied to all class members throughout the class period. Plaintiffs also presented internal Google documents and fact and

expert testimony demonstrating that Plaintiffs' privacy expectations were objectively reasonable and that Google's conduct was highly offensive.

Based on the common evidence adduced at trial, the jury found Google liable for violating the privacy rights of all class members. A reasonable juror could well have made the factual findings supporting that verdict. The verdict establishes that the common evidence presented at trial was indeed "capable" of proving each element of the privacy torts. *Olean*, 31 F.4th at 684.

Google's decertification motion does not grapple with the jury's factual findings based on the common evidence at trial. Instead, the motion mostly raises arguments about individualized issues that this Court already rejected prior to trial. Those arguments fare no better after trial, especially given the substantial common evidence adduced at trial and the class-wide jury verdict. The Court also disagrees with Google's assertion that Plaintiffs changed their theory at trial. The so-called "puzzle piece" theory Google discusses (Mot. at 5) is consistent with Plaintiffs' pre-trial position that (s)WAA-off data qualifies as "personal information" because the data "can reasonably be linked" to a user's Google Account. Dkt. 397-1 (Plaintiffs' Opp'n to Google's MSJ) at 3–4, 15, 17; *see also* Dkt. 445 (MSJ Order) at 8 (crediting Plaintiffs' "personal information" argument).

Thus, the Rule 23(b)(3) classes continue to be properly certified.

## II.   The Rule 23(b)(2) Classes

The Rule 23(b)(2) classes also remain properly certified. Google's sole argument for decertifying these classes is that there were no common issues at trial under Rule 23(a)(2). As explained above, that is incorrect.

Google has not argued that the classes do not satisfy Rule 23(b)(2), but in any event, those requirements remain satisfied. Rule 23(b)(2) "ordinarily will be satisfied when plaintiffs have described the general contours of an injunction that would provide relief to the whole class." *Parsons v. Ryan*, 754 F.3d 657, 689 n.35 (9th Cir. 2014). This Court already held that Plaintiffs "convincingly identified the 'general contours' of the class-wide injunctive relief they seek." Dkt. 352 at 19. Based on the common proof presented at trial and the jury's verdict, Plaintiffs now seek

the same relief they identified at class certification. Dkt. 700 (Plaintiffs' motion for permanent injunction).

The Rule 23(b)(2) classes therefore continue to be properly certified.

Google's motion to decertify or modify the classes is **DENIED.**

**IT IS SO ORDERED.**

Dated: _____, 2025

_____
RICHARD SEEBORG
Chief United States District Judge