COOLEY LLP
MICHAEL A. ATTANASIO (151529)
(mattanasio@cooley.com)
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
JONATHAN PATCHEN (237346)
(jpatchen@cooley.com)
ARGEMIRA FLOREZ (331153)
(aflorez@cooley.com)
NAIARA TOKER (346145)
(ntoker@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
THILINI CHANDRASEKERA (333672)
(tchandrasekera@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
CHELSEA HU (357212)
(chu@cooley.com)
MICHAEL B. MORIZONO (359395)
(mmorizono@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111-4004
Telephone:     (415) 693-2000
Facsimile:      (415) 693-2222

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**GOOGLE LLC'S UNOPPOSED STATEMENT IN SUPPORT OF OMNIBUS MOTION TO SEAL PORTIONS OF INJUNCTIVE RELIEF AND DISGORGEMENT OF PROFITS BRIEFING (DKTS. 700, 707)**<br><br>**(CIVIL LOCAL RULE 79-5)**<br><br>Dept:    3, 17th Fl.<br>Judge:  Hon. Richard Seeborg<br><br>Date Action Filed: July 14, 2020<br>Trial Date: August 18, 2025 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S STATEMENT ISO OMNIBUS
MOTION TO SEAL
3:20-CV-04688-RS

## I. INTRODUCTION

Pursuant to Civil Local Rule 79-5 and the Court's October 28, 2025 Order for an Omnibus Motion to Seal (Dkt. 702), Defendant Google LLC ("Google") respectfully submits this statement, unopposed by Plaintiffs, setting forth the compelling reasons supporting its request to seal only *one* internal, confidential project name in one exhibit (Exhibit 18) filed by Plaintiffs in support of their Motion for Permanent Injunction and Disgorgement of Profits, and their Reply in support thereto (Dkts. 700, 707), and maintain under seal information in three documents that this Court has previously sealed at Dkt. 353 at 8, 23; Dkt. 445 at 20; Dkt. 537 at 4 n.2.

Google's request is narrowly tailored, seeking only to maintain under seal portions of documents that the Court has already determined to be confidential and/or competitively sensitive and which were not disclosed at trial, and to redact a single word in a 43-page internal document that the Court has not previously considered.

Because the four documents at issue were filed in support of post-trial motions to address the question of appropriate relief to the plaintiff class, the Ninth Circuit's "compelling reasons" standard governs this sealing motion. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). This standard requires a showing of specific reasons for sealing that outweigh the public's interest in access. *Id.*; *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The specific public interest in accessing certain discrete portions of information is diminished where, as here, the new material sought to be sealed (in Exhibit 18) concerns a project far removed from the core issues remaining in this litigation. In other words, the public's access to the new information sought to be sealed is not necessary to its understanding of the Parties' remaining arguments. Google's compelling interests in sealing an internal, confidential project name outweigh the public's interest for the specific, limited information identified.

Accordingly, Google respectfully requests that the Court grant its limited sealing request as detailed herein and in the accompanying [Proposed] Order.

## II. LEGAL STANDARD

As with pretrial motions, courts apply the "compelling reasons" standard to post-trial motions. *See Fed. Trade Comm'n v. Microsoft Corp.*, No. 23-cv-02880-JSC, 2023 WL 5186252,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S STATEMENT ISO OMNIBUS
MOTION TO SEAL
3:20-CV-04688-RS

at *1 (N.D. Cal. Aug. 11, 2023) (citing *Kamakana* and *Ctr. for Auto Safety* for the legal standard in considering sealing requests of trial findings and conclusions filed in connection with post-trial motions); *Plexxikon Inc. v. Novartis Pharms. Corp.*, 2022 WL 1131725, at *1 (N.D. Cal. Mar. 31, 2022) (applying the "compelling reasons" standard to requests to seal trial disputes and post-trial motions); *Pacira Pharms., Inc. v. Rsch. Dev. Found.*, 2024 WL 5109382, at *1 (D. Nev. Dec. 12, 2024) (applying the "compelling reasons" standard to requests to seal post-trial briefs and related findings of fact).

Courts find compelling reasons sufficiently outweigh the public's interest in disclosure where, as here, records disclosing business information "might harm a litigant's competitive standing" or "become a vehicle for improper purposes." *In re Electronic Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

**III.   DISCUSSION**

Google's sealing request is narrowly tailored. Of the nineteen supporting documents that Plaintiffs provisionally filed under seal (*see* Dkts. 699, 706), Google seeks to seal only *one new term* in one exhibit (Exhibit 18), which Plaintiffs attached to their opening brief.

**A.   Internal Project Code Name (Exhibit 18)**

Google seeks to seal a single internal project code name in Exhibit 18 to the First Mao Declaration, an internal training presentation from 2019 entitled "Google Ads & Analytics." The code name appears only once in the 43-page document and relates to a China-based Google Ads project. *See* Declaration of Kevin Lam in Support of Google's Statement in Support of Omnibus Motion to Seal ("Lam Decl.") ¶ 4. It has no relevance to any product or individual involved in this litigation. *Id.* Google does not seek to seal any other portion of Exhibit 18.

There are compelling reasons to seal this internal code name, which has no bearing on the merits of Plaintiffs' motion or reply, or Google's opposition thereto. Google does not publicly disclose its internal project code names, and revealing them poses security risks. *Id.* ¶¶ 4–5. If such names became public, competitors could learn confidential information about Google's project cycles or trajectories, and individuals could misuse them to target proprietary documents or internal systems in hacking attempts. *Id.* Given the highly competitive nature of the ads ecosystem in which

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S STATEMENT ISO OMNIBUS
MOTION TO SEAL
3:20-CV-04688-RS

Google operates, these threats are more than hypothetical. *Id.*

Courts routinely grant sealing in similar circumstances, recognizing the security and confidentiality concerns associated with internal names. *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, 2012 WL 4120541 at *2 (N.D. Cal. Sep. 18, 2012) (sealing Apple's internal project code names); *Campbell v. Facebook Inc.*, 2016 WL 7888026, at *2 (N.D. Cal. Oct. 4, 2016) (sealing internal database table names); *Bohannon v. Facebook, Inc.*, 2019 WL 188671, at *7 (N.D. Cal. Jan. 14, 2019) (sealing internal task names and URLs); *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sep. 25, 2013) (sealing information that could compromise Google's system security if disclosed).

This Court has previously sealed similar internal names at Google's request. *See, e.g.*, Dkts. 184, 186, 208, 283, 284, 384, 445, 537, 615. Sealing the internal project code name in Exhibit 18 is consistent with those rulings and protects Google's legitimate and compelling confidentiality and security interests.

**B. Previously Sealed Information (Exhibits 21, 24, and Second Hochman Declaration)**

Google seeks to maintain under seal Exhibits 21 and 24 to the Second Mao Declaration, both of which have already been ruled on by this Court. *See* Dkt. 445 at 20; Dkt. 537 at 4 n.2. Google further seeks to maintain under seal those portions of the Second Declaration of Jonathan Hochman which repeat information that this Court has previously sealed in Dr. Hochman's Expert Report. *See* Dkt. 353 at 23.

This Court sealed portions of Exhibit 21, Google's Fourth Supplemental Responses and Objections to Plaintiffs' Interrogatories (Set 1), in connection with Google's motion for class certification. *See* Dkt. 353 at 8; Dkt. 364-1. The Court again ruled on it in connection with Google's motions for summary judgment and to exclude Sundar Pichai, maintaining the same sealing. *See* Dkt. 445 at 20; Dkt. 479-25; Dkt. 497 at 1 n.1; Dkt. 537 at 4 n.2. The Court should therefore maintain the sealing from Dkt. 364-1.

This Court also sealed Exhibit 24 in its entirety, an internal Google report, in connection with Google's motion for summary judgment. *See* Dkt. 398-50; Dkt. 445 at 20. Subsequently,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S STATEMENT ISO OMNIBUS
MOTION TO SEAL
3:20-CV-04688-RS

narrow portions of the document at GOOG-RDGZ-00188473 and GOOG-RDGZ-00188475 were publicly disclosed in subsequent filings and at trial. *See* Dkt. 364-18 at 60 n.207; Trial Tr. at 885:21–25. The Court should therefore maintain the sealing from Dkt. 398-50, save for the discrete portions subsequently made public.

Finally, the Second Declaration of Jonathan Hochman, filed in support of and concurrently with Plaintiffs' Reply, recites propriety terms from documents that the Court has consistently sealed. Specifically, paragraph 5(c) contains internal log and bit names that Google maintains as confidential and which present security risks if disclosed, as the Court has previously determined. *See* Dkt. 353 at 23 (granting requests to seal ¶¶ 53, 70–72 of Appendix G to Jonathan Hochman's Expert Report); Dkt. 361-60 (public redacted version); *see also* Dkt. 445 at 20 (granting Google's request to seal in entirety GOOG-RDGZ-00030007 containing the same information, as detailed in Google's statement at Dkt. 408 at 7). The Court should maintain this sealing decision.

## IV. CONCLUSION

For the reasons set forth above and in the accompanying Declaration of Kevin Lam, Google respectfully requests that the Court grant its narrowly tailored request and seal the limited information identified herein and in the accompanying [Proposed] Order.

Dated: December 11, 2025

Respectfully submitted,

COOLEY LLP

By: /s/ *Benedict Y. Hur*
Michael A. Attanasio
Benedict Y. Hur
Simona Agnolucci
Eduardo E. Santacana
Jonathan Patchen
Argemira Flórez
Naiara Toker
Harris Mateen
Thilini Chandrasekera
Isabella McKinley Corbo
Chelsea Hu
Michael B. Morizono

*Attorneys for Defendant Google LLC*