**BOIES SCHILLER FLEXNER LLP**
David Boies (pro hac vice)
dboies@bsfllp.com
Alexander Boies (pro hac vice)
aboies@bsfllp.com
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Tel: (415) 293-6858
Fax: (415) 999-9695

**SUSMAN GODFREY L.L.P.**
William Christopher Carmody (pro hac vice)
bcarmody@susmangodfrey.com
Shawn J. Rabin (pro hac vice)
srabin@susmangodfrey.com
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330

**MORGAN & MORGAN**
John A. Yanchunis (pro hac vice)
jyanchunis@forthepeople.com
Ryan J. McGee (pro hac vice)
rmcgee@forthepeople.com
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505

Attorneys for Plaintiffs

**COOLEY LLP**
MICHAEL A. ATTANASIO (151529)
  mattanasio@cooley.com
BENEDICT Y. HUR (224018)
  bhur@cooley.com
SIMONA AGNOLUCCI (246943)
  sagnolucci@cooley.com
EDUARDO E. SANTACANA (281668)
  esantacana@cooley.com
JONATHAN PATCHEN (237346)
  jpatchen@cooley.com
ARGEMIRA FLOREZ (331153)
  aflorez@cooley.com
NAIARA TOKER (346145)
  ntoker@cooley.com
HARRIS MATEEN (335593)
  hmateen@cooley.com
THILINI CHANDRASEKERA (333672)
  tchandrasekera@cooley.com
ISABELLA MCKINELY CORBO (346226)
  icorbo@cooley.com
CHELSEA HU (357212)
  chu@cooley.com
MICHAEL B. MORIZONO (359395)
  mmorizono@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-40004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Defendant, GOOGLE LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>    vs.<br><br>GOOGLE LLC,<br><br>                    Defendant. | Case No. 3:20-CV-04688-RS<br><br>**JOINT STIPULATION RE: ENTRY OF JUDGMENT AND BRIEFING SCHEDULE**<br><br>Judge:  Hon. Richard Seeborg<br>Courtroom: 3, 17th Floor |

Pursuant to Civil Local Rules 6-2 and 7-12, Plaintiffs Anibal Rodriguez, Julian Santiago, and Susan Harvey ("Plaintiffs") and Defendant Google LLC ("Google"), collectively referred to as the "Parties," hereby enter into this joint stipulation.

WHEREAS, on September 3, 2025, after a jury trial, the jury returned a verdict finding Google liable for invasion of privacy and intrusion upon seclusion and not liable for violating the California Comprehensive Computer Data Access and Fraud Act (Dkt. 670);

WHEREAS, the jury also awarded $425,651,947 in damages, of which $247,154,157 is owed to Class 1 (the Android Class) and $178,497,790 is owed to Class 2 (the Non-Android Class) (Dkt. 670);

WHEREAS, after trial, Google moved to decertify the classes, and Plaintiffs asked the Court to order equitable relief;

WHEREAS, on January 21, 2026, the Court ordered the Parties to meet and confer regarding a schedule for the next round of post-trial motion practice after resolution of the decertification and equitable relief motions;

WHEREAS, on January 30, 2026, the Court denied Google's motion to decertify the class and also declined to grant equitable relief;

WHEREAS, the remaining motions—including any motions for a new trial or judgment as a matter of law, motions to amend the Court's findings of fact and conclusions of law, and motions for attorneys' fees, costs, expenses, and service awards—are properly filed after judgment is entered;

WHEREAS, pursuant to Rule 58(d) of the Federal Rules of Civil Procedure, the Parties jointly request that judgment be set out in a separate document;

WHEREAS, Google stipulates to the request that the Court enter final judgment pursuant to Rule 58(b)(1) and does so solely to facilitate the entry of judgment and does not stipulate to the content of Plaintiffs' proposed form of judgment;

WHEREAS, nothing in Google so stipulating shall be taken or construed as a waiver or limitation of any legal right, remedy, or defense or as an admission or concession by Google of any violation of law or of wrongdoing;

WHEREAS, nothing in Plaintiffs so stipulating shall be taken or construed as a waiver or limitation of any legal right, remedy, or defense or as an admission or concession by Plaintiffs of any kind;

WHEREAS, the Parties expressly preserve their right to appeal any judgment entered by the Court, and do not admit or concede liability (or lack thereof) as to any cause of action, the amount of monetary damages, or other form of relief, *see, e.g., U.A. Local 342 Apprenticeship & Training Tr. v. Babcock & Wilcox Const. Co., Inc.*, 396 F.3d 1056, 1058 (9th Cir. 2005) (holding that stipulation did not waive right to appeal where it was clear that the party intended to preserve the right); *U.S. v. Safeco Ins. Co. of Am.*, 65 F. App'x 637, 638-39 (9th Cir. 2003) (no waiver of right to appeal by consenting to entry of judgment where party only consented to the form of judgment); *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 680 n.2 (9th Cir. 2009) (no waiver of right to appeal by stipulating to entry of judgment where it was "readily apparent" that the plaintiffs did not consent to the merits of the judgment against them);

WHEREAS, Plaintiffs ask the Court to award pre-judgment interest running from the date the verdict was rendered (September 3, 2025) as provided by Section 3287(a) of the California Civil Code;

WHEREAS, Plaintiffs also ask the Court to award post-judgment interest running from the date judgment is entered, as provided by 28 U.S.C. § 1961(a);

WHEREAS, Google does not stipulate to the amount of damages awarded by the jury's verdict or the amount to be included in the final judgment, but does not oppose Plaintiffs' requests for pre- and post-judgment interest nor how Plaintiffs' propose to calculate prejudgment interest;

WHEREAS, Plaintiffs state that California law applies a 7% prejudgment interest rate, *see Int'l Currency Techs. V. ICT, Inc.*, 112 Cal. App. 5th 639, 644 (2025) ("Absent a statute governing the claim at issue and providing otherwise, the prejudgment interest rate is 7 percent."); *Hartford Cas. Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 2021 WL 12314909, at *5 (N.D. Cal. Apr. 21, 2021) (Seeborg, C.J.) (granting prejudgment interest under Section 3287(a) "at an interest rate of 7% per annum");

WHEREAS, Plaintiffs state that applying California's prejudgment interest rate to the amount of the verdict, the interest beginning September 3, 2025 (the date of the verdict) equals $81,631.88 per day, including $47,399.43 per day for Class 1 (the Android class) and $34,232.45 per day for Class 2 (the non-Android class);

WHEREAS, Plaintiffs have accordingly attached a proposed form of judgment reflecting the amount of the resulting judgment and providing for appropriate interest;

WHEREAS, proposing this form of judgment does not constitute a waiver of any argument, objection, or right to appeal, except with respect to the methodology of calculating  interest;

WHEREAS, the Parties have agreed on a proposed briefing schedule;

WHEREAS, Rule 23(h)(1) of the Federal Rules of Civil Procedure requires Class Counsel to direct notice to class members of a motion for fees, costs, expenses, and service awards;

WHEREAS, Plaintiffs estimate that it will take eight weeks to complete class notice;

WHEREAS, the briefing schedule on a motion for fees, costs, expenses, and service awards should include sufficient time for class members to review Class Counsel's motion for fees, costs, expenses, and service awards and file any objections;

WHEREAS, although this case does not involve a class settlement, Plaintiffs believe the Northern District of California's Procedural Guidance for Class Action Settlements may be instructive with respect to the appropriate amount of time to make objections;

WHEREAS, the Northern District of California's Procedural Guidance for Class Action Settlements recommends that class members be given 35 days to file objections to a class settlement, including a request for attorneys' fees, costs, expenses, and service awards; WHEREAS, in light of the likely appeals from the judgment, the Parties believe it is most efficient for the parties and this Court to adjudicate the appropriate notice and administration process after appeals are exhausted such that the judgment will not be disturbed and the sum to be distributed will be more definite given the accrual of pre- and post-judgment interest; and

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties that the remaining briefing shall proceed on the following schedule:

1. Plaintiffs shall file their proposed notice plan no later than 21 days after the entry of judgment;

2. Plaintiffs shall file any motion for attorneys' fees, costs, expenses, and service awards no later than 28 days after the entry of judgment; Plaintiffs shall complete notice within 8 weeks after filing their motion for attorneys' fees, costs, expenses, and service awards or after the Court approves a notice plan, whichever is later in time; any objections shall be filed no later than 13 weeks after Plaintiffs file their motion for attorneys' fees, costs, expenses, and service awards or after the Court approves a notice plan, whichever is later in time (*i.e.*, objections are due 5 weeks after the completion of notice); and Plaintiffs shall file any reply no later than 21 days after the deadline for any objections;

3. Any motion for a new trial or judgment as a matter of law or to amend the Court's findings of fact and conclusions of law or to stay enforcement of the judgment shall be filed no later than 28 days after the entry of judgment; any opposition shall be filed no later than 28 days after the motion was filed; and any reply shall be filed no later than 14 days thereafter;

4. Plaintiffs shall not enforce the judgment until any motion to stay enforcement of the judgment is resolved;

5. Briefing relating to a claims administration process shall be stayed pending resolution of any appeals from the judgment.

A Proposed Scheduling Order and Plaintiffs' Proposed Judgment are submitted concurrently herewith.

IT IS SO STIPULATED.

DATED: February 27, 2026                     By: _/s/ Mark C. Mao_
                                                  Mark C. Mao

                                             *Attorneys for Plaintiffs*

DATED: February 27, 2026                    COOLEY LLP

By: /s/ Jonathan Patchen
Jonathan Patchen

Attorneys for Google

## **FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5.1, I attest that all signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized this filing.

DATED: February 27, 2026          BOIES SCHILLER FLEXNER LLP


                                  /s/ *Mark C. Mao*
                                  Mark C. Mao