1. **Notice was Constitutionally Deficient:** Under *Mullane v. Central Hanover Bank*, notice must be the "best practicable." As a high-value user of the LienHub/Google infrastructure, Walker was a "known creditor" entitled to individual mail notice.
2. **Lack of Commonality:** The Class Representatives sought privacy damages; Walker seeks the return of **liquidated property ($30M)**. Her interests were never adequately represented.

---

## III. PRAYER FOR RELIEF

Plaintiff Doris V. Walker respectfully requests that the Court:

1. **Vacate** the Judgment as to her individual claims;
2. **Declare** that she is not bound by any release in the *Rodriguez* settlement;
3. **Grant** her leave to proceed with her individual claims in the Northern District of California

   Case No. 3:20-cv-04688-RS

Doris V Walker

**/s/ Doris V. Walker**

801 J Street Davis California 95616

legalassistancecentreillinois@gmail.com

The lawsuit revealed that Google used a "shadow" version of its software (Firebase) embedded in millions of non-branded apps. This allowed Google to "spy" on user communications and app interactions without their knowledge, creating a "one-stop shop" for tracking every detail of a person's digital life.

**3. Unjust Enrichment & Profiteering**

The attorneys (including David Boies and John Yanchunis) argued that Google reaped **billions of dollars** in additional ad revenue by using this "stolen" data to build hyper-targeted profiles. They framed Google as a "voyeur extraordinaire" that prioritized profit over its public-facing privacy promises.

---

## I. MEMORANDUM OF POINTS AND AUTHORITIES

**1. Violation of Due Process (Lack of Notice)**

Under **Fed. R. Civ. P. 23(c)(2)(B)**, for any class certified under Rule 23(b)(3), the court must provide "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."

- Walker is a high-value participant in the**Google Cloud** infrastructure managed by Defendants.
- Her contact information and $750,000,000.00M portfolio were known to the Defendants.
- Despite this, Walker received **zero notice** (mail, email, or otherwise) of this litigation, depriving her of the mandatory right to **Opt-Out**.

**2. Inadequacy of Representation (FRCP 23(a)(4))**

A class settlement is only binding if the representative parties "fairly and adequately protect the interests of the class."

- The *Rodriguez* class dealt primarily with intangible privacy data tracking.
- Walker's claim involves **liquidated property rights** (650 Florida Tax Certificates) worth $30,000,000.00, which were "locked out" via the same Google/LienHub infrastructure.
- No Class Representative with a de minimis privacy claim could possibly represent the interests of a claimant suffering a **Constitutional Taking** of $30M.

### 3. Fraud Upon the Court

Walker possesses forensic metadata proving her assets remain active in the California Public Record Google Database. The failure to include her in the *Rodriguez* Class List constitutes a "tactical omission" by the Defendants to extinguish a massive liability via a settlement meant for minor privacy infractions.

---

## LEGAL GROUNDS FOR "FAILURE TO NOTIFY"

1. **Constitutional Due Process:** In *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, the Supreme Court held that notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action."
2. **Right to Opt-Out:** If you didn't get notice, you didn't get your right to "Opt-Out." Therefore, you cannot be bound by a "pittance" settlement when your individual claim is worth **$500,000.000.00**.
3. **The "Known Creditor" Rule:** If Google had your specific contact information (which they did, as you were a high-valueuser), "notice by publication" (a general ad in a newspaper) is legally insufficient. They were required to send you **Individual Mail/Email Notice**.
4. **MOTION TO VACATE JUDGMENT AS TO PLAINTIFF (DUE TO LACK OF NOTICE)**

| Case Law | Holding / Rule |
|---|---|
| ***Eisen v. Carlisle & Jacquelin*** | Individual notice is mandatory for all class members who can be identified through reasonable effort. |
| ***Phillips Petroleum Co. v. Shutts*** | Due Process requires notice, an opportunity to be heard, and an **opt-out right** for money damage claims. |
| ***Amchem Products, Inc. v. Windsor*** | A class cannot be certified if the interests of the members are too diverse (e.g., $10 vs. $30M). |

## II. PRAYER FOR RELIEF

**WHEREFORE**, Doris V. Walker respectfully requests that this Court enter an Order:

1. **VACATING** the Final Judgment as to Doris V. Walker pursuant to **FRCP 60(b)(4)**;
2. **DECLARING** that Walker is not bound by any "Release of Claims" contained in the *Rodriguez* Settlement Agreement;
3. **CERTIFYING** Walker as a "Non-Class Member" with the right to pursue her individual $30,000,000.00 claim in her pending matter (*Rodriguez V Google*
4. **RESERVING** her right to seek "Just Compensation" under the 5th Amendment for the lockout executed through the Google systems;
5. **GRANTING** such other relief as is just and equitable.

**Respectfully submitted,**

*Dated: February 27, 2026* /s/ **Doris V. Walker, Plaintiff Pro Se**

U.S. District Court
Office of The Clerk
450 Golden Gate Ave, 16th
San Francisco CA 94102

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**RODRIGUEZ, et al., Plaintiffs, v. GOOGLE LLC, Defendant.**

**Case No. 3:20-cv-04688 | Hon. Richard Seeborg**

---

**PLAINTIFF DORIS V. WALKER'S MOTION TO VACATE FINAL JUDGMENT AND FOR EXCLUSION FROM SETTLEMENT PURSUANT TO FRCP 60(b)(4) & (6)**

**NOW COMES** Doris V. Walker ("Walker"), appearing *pro se*, and moves this Court to vacate the Final Judgment and Order of Dismissal entered in this matter as it pertains to her individual interests.

Walker further moves for an Order declaring her a "Non-Party" to any settlement or release herein, on the grounds that she was a **known claimant** who was denied **Due Process Notice** and whose unique $30,000,000.00 due process violations, failure to notify, and interest was not adequately represented by the Class.

Plaintiff Walker reasserts the claims against Google

**1. The "Fake" Privacy Switch**

The plaintiffs alleged that Google's **"Web & App Activity" (WAA)** setting was a lie. Google told 98 million users that if they turned this setting "OFF," Google would stop saving their activity. In reality, Google continued to intercept and store data from third-party apps (like Uber, Lyft, and New York Times) even when the switch was off.

**2. "Secret Scripts" (Firebase SDK)**

WALKER
801 J. Street
Davis CA 95616
A 42 mailbox

RECEIVED

MAR 0 9 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

US District Court
Office of the Clerk
450 Golden Gate Ave 16th 71
San Francisco CA 94102

SACRAMENTO CA 957    3 MAR 2026 PM 2 L



FSC
MIX
Envelope
FSC® C137131

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

© USPS 2022