**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 995-5720
alanderson@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
Ryan Sila (admitted pro hac vice)
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com
rsila@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Michael F. Ram, CA Bar No. 104805
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

ANIBAL RODRIGUEZ, JULIAN SANTIAGO, and SUSAN LYNN HARVEY individually and on behalf of all others similarly situated,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No.: 3:20-cv-04688-RS

**DECLARATION OF JAMES LEE IN SUPPORT OF PLAINTIFFS' BILL OF COSTS**

Judge: Hon. Richard Seeborg
Courtroom 3 – 17th Floor
.

**DECLARATION OF JAMES LEE**

I, James Lee, declare as follows:

1. I am a partner with the law firm of Boies Schiller Flexner LLP ("BSF"), with an office located at 100 SE 2nd Street Suite 2800, Miami, Florida 33131. Boies Schiller is counsel for Plaintiffs in the above-captioned actions. I am an attorney at law duly licensed to practice before all courts of the State of Florida and admitted *pro hac vice* for this case. Dkt. 9. Except as otherwise stated, I have personal knowledge of the matters set forth herein, and I would testify competently thereto if called upon to do so.

2. On March 2, 2026, the Court entered judgment in favor of Plaintiffs in the above-captioned action and against the defendant, Google LLC. Dkt. 725.

3. Pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), Civil Local Rules 54-1through 54-3, and relevant caselaw, I respectfully submit this declaration in support of the Bill of Costs incurred by Plaintiffs in the above-captioned action.

4. Plaintiffs file this Bill of Costs in the amount of **$176,624.04.** Pursuant to Civil Local Rule 54-3, this amount represents Plaintiffs' taxable costs for the filing fee; fees for service of process; fees for a copy of the summary judgment and trial transcripts; fees for deposition transcripts, videos, and exhibits; costs of reproduction and exemplification of formal discovery, trial exhibits, and trial demonstratives and visual aids; and witness fees. The costs included in Plaintiffs' Bill of Costs are correctly stated and were necessarily incurred in this action, and the services for which fees have been charged were actually and necessarily performed. 28 U.S.C. § 1920; Civ. L.R. 54-3. The costs are summarized in the attached Index of Costs (**Exhibit 1**). The costs are supported by invoices attached in **Exhibits 2–7** and other documentation attached in **Exhibits 8–10**.

5. **Filing Fees**. "Fees of the clerk and marshal" are taxable pursuant to 28 U.S.C. § 1920(1) and Civil Local Rule 54-3(a)(1). Plaintiffs seek court filing fees in the amount of **$400.00**, which was the cost of filing the complaint in this action. A true and correct copy of the documentation of this filing fee is attached hereto as **Exhibit 2.**

6. **Service of Process Fees.** "Fees for service of process by someone other than the marshal … are allowable to the extent reasonably required and actually incurred." Civ. L.R. 54-3(a)(2). Plaintiffs seek service of process fees in the amount of **$134.90** for service of process on Google LLC. A true and correct copy of the invoice for the cost of service of process is attached hereto as **Exhibit 3**.

7. **Deposition Costs.** Plaintiffs seek costs incurred in connection with 27 depositions taken in this case, totaling **$95,501.20.** As described below, these costs fall into three categories recoverable under 28 U.S.C. § 1920, Local Rule 54-3, and relevant caselaw: (a) the cost of one original copy of the transcript of each deposition; (b) the cost of videotaping each deposition, including technicians' fees and fees for a copy of the video; and (c) the cost of reproduction of deposition exhibits. The Index of Costs (**Exhibit 1**) lists and describes each of these itemized costs. The corresponding invoices, which are highlighted to demonstrate the line items that Plaintiffs seek to recover, are included in **Exhibit 4** to this declaration.

a. *Deposition Transcripts.* "The cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case is allowable." Civ. L.R. 54-3(c)(1). The invoices attached to this declaration in **Exhibit 4A** contain costs for the original transcripts. They also include logistics and processing charges, which are necessarily incurred in connection with a deposition and are therefore taxable. *See Linex Techs., Inc. v. Hewlett-Packard Co.*, 2014 WL 5494906, at *4 (N.D. Cal. Oct. 30, 2014) ("find[ing] that processing fees appear to be inextricable from the cost of producing the original or a copy of a deposition, and therefore … allow[ing] those costs"). The costs Plaintiffs seek to recover are highlighted on the invoices. These taxable costs total **$45,895.95.**

b. *Deposition Videos.* "The court [also] allows the cost of videotaping (including technician fees and the video)." *eBay Inc. v. Kelora Sys., LLC*, 2013 WL 1402736, at *11 (N.D. Cal. Apr. 5, 2013); *see also MEMC Elec. Materials v. Mitsubishi Materials*, 2004 WL 5361246, at *3 (N.D. Cal. Oct. 22, 2004) ("[A] sensible reading of the rule covers the cost of videotaping *and* the cost incurred by the court reporter associated with obtaining a stenographic

transcription of a deposition, as well as the cost of one copy of the videotape and of the written transcript."). These costs are "[t]he cost of videotaping, including video technicians fees, as well as the cost of a copy of the video tape." *Hynix Semiconductor Inc. v. Rambus Inc.*, 697 F. Supp. 2d 1139, 1150 (N.D. Cal. 2010). The invoices are attached to this Declaration in **Exhibit 4B**. They include two types of technician fees. One category includes "Video – Initial Services," which is a base fee to set up a video deposition. *Shields v. Fed. Internationale De Natation*, 2023 WL 8360169, at *5 (N.D. Cal. Nov. 17, 2023) (holding such charges are taxable). The other category includes technician fees for additional and extended hours of the deposition. The invoices also include charges for a copy of the video itself, in the form of a charge for electronic access to the video. *See MEMC Elec. Materials*, 2004 WL 5361246, at *3 (holding that "the cost of one copy of the videotape" is taxable); *Profectus Tech. LLC v. Google LLC*, 2022 WL 3362282, at *3 (W.D. Tex. Aug. 15, 2022) (granting Google's request to recover "electronic access" costs because they are "the costs for obtaining the video deposition"). The Index of Costs (**Exhibit 1**) lists and describes the costs sought in each invoice. The invoices, which are included in **Exhibit 4B**, contain highlights showing the specific line items that Plaintiffs seek to recover. In total, these taxable costs total **$43,063.00.**

c. *Deposition Exhibits.* "The cost of reproducing exhibits to depositions is allowable if the cost of the deposition is allowable." Civ. L.R. 54-3(c)(3); *see also Shields* 2023 WL 8360169, at *7 (holding that exhibit costs are taxable, including in remote depositions). The deposition invoices attached to this declaration in **Exhibit 4A** also include charges for exhibits. The costs Plaintiffs seek to recover are highlighted on the invoices. These taxable costs total **$6,542.25.**

8. **Trial and Summary Judgment Transcripts.** "The cost of transcripts necessarily obtained for an appeal is allowable." Civ. L.R. 54-3(b)(1). Accordingly, "courts in the Northern District generally allow for recovery of costs for one copy of the trial transcript. In addition to one copy of the trial transcript, various courts in the Northern District tax the costs for … summary judgment hearings." *Apple Inc. v. Samsung Elecs. Co.*, 2014 WL 4745933, at *7 (N.D. Cal. Sept.

19, 2014) (citations omitted). The Index of Costs (**Exhibit 1**) lists and describes the costs sought in each invoice in this category. Plaintiffs seek to recover one copy of the summary judgment hearing transcript and one copy of the trial transcript. The invoices, which are included in **Exhibit 5**, contain highlights showing the specific line items that Plaintiffs seek to recover. These taxable costs total **$6,165.74.**

9. **Reproduction and Exemplification.** "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" are taxable costs. 28 U.S.C. § 1920(4). As described below, the costs Plaintiffs seek to recover fall into three categories: (a) costs incurred in connection with the production of electronic documents in a designated format; (b) costs incurred preparing paper and electronic copies of trial exhibits as required by court order; and (c) costs incurred preparing demonstratives for trial. The Index of Costs (**Exhibit 1**) lists and describes the costs sought in each invoice in these categories. The invoices, which are included in **Exhibit 6**, contain highlights showing the specific line items that Plaintiffs seek to recover. These taxable costs total **$73,833.20**.

a. *Electronic Discovery.* "The cost of reproducing disclosure or formal discovery documents when used for any purpose in the case is allowable." Civ. L.R. 54-3(d)(2). This includes the costs of imaging devices and electronic repositories so that their data is preserved and can be produced in the litigation. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 927–28 (9th Cir. 2015); N.D. Cal. Form 133 (Bill of Costs) at Instructions (listing costs relating to "[d]ata archive," "[l]oad file creation," and similar tasks as taxable). In this case, Plaintiffs undertook those tasks both to satisfy generally applicable preservation obligations and to enable production of documents in accordance with the Parties' stipulated Order Regarding Discovery of Electronically Stored Information (Dkt. 73), which is attached as **Exhibit 8**. The Index of Costs (**Exhibit 1**) lists and describes the costs sought in connection with imaging Plaintiffs' devices and email repositories. The associated invoices, which are highlighted to demonstrate the costs Plaintiffs seek to recover, are included in **Exhibit 6A.** These taxable costs total **$7,300**.

b. *Trial Exhibits.* "The cost of reproducing trial exhibits is allowable to the extent that a Judge requires copies to be provided." Civ. L.R. 54-3(d)(4). Chief Judge Seeborg's Guidelines for Final Pretrial Conference in Civil Jury Cases (attached as **Exhibit 9**) require parties to "exchange copies of all exhibits, summaries, charts, and diagrams to be used at trial other than solely for impeachment or rebuttal" before trial. Ex 9 at § D(1)(a). The Guidelines also require parties to "deliver one (1) set of all pre-marked exhibits contained in three ring binders to the judge's courtroom deputy." *Id.* at § D(1)(c). During the final pretrial conference, a transcript of which is on the docket at Dkt. 584 and attached as **Exhibit 10**, Chief Judge Seeborg also instructed the Parties that exhibits would be submitted to the jury in electronic form. *See* Ex. 10 (Dkt. 584) at 18–19. Plaintiffs seek to recover the costs of preparing two hard copies and one electronic copy of their exhibits, as provided in the Court's instructions. The Index of Costs (**Exhibit 1**) lists and describes these costs. The associated invoices, which are highlighted to demonstrate the costs Plaintiffs seek to recover, are included in **Exhibit 6B**. These taxable costs total **$10,045.70**.

c. *Trial Demonstratives.* "The cost of preparing charts, diagrams, videotapes, and other visual aids to be used as exhibits is allowable if such exhibits are reasonably necessary to assist the jury or the Court in understanding the issues at trial." Civ. L.R. 54-3(d)(5). This includes the costs to create "graphics and demonstratives" that were "created in anticipation of use at trial." *Apple Inc.*, 2014 WL 4745933, at *10; *see also Shum v. Intel Corp.*, 682 F. Supp. 2d 992, 999–1001 (N.D. Cal. 2009). The Index of Costs (**Exhibit 1**) lists and describes costs Plaintiffs incurred in connection with the creation of demonstratives intended for use at trial to assist the jury and the Court in understanding the issues and the evidence. The associated invoices, which are highlighted to demonstrate the costs Plaintiffs seek to recover, are included in **Exhibit 6C**. These taxable costs total **$56,487.50**.

10. **Witness Expenses**. "Per diem, subsistence, and mileage payments for witnesses are allowable to the extent reasonably necessary and provided for by 28 U.S.C. § 1821." Civ. L.R. 54-3(e). These costs include attendance fees, at a rate of "$40 per day for each day's attendance." 28 U.S.C. § 1821(b). These costs also include daily lodging and meals and incidental expenses,

which are reimbursable at the rates established by the United States General Services Administration for federal employees. 28 U.S.C. § 1821(d)(1)–(3). Plaintiffs seek to recover witness fees for each day on which one of their experts testified in a deposition or at trial. Plaintiffs also seek to recover lodging and subsistence per diems for their expert Michael Lasinski's travel to San Francisco for his deposition. The Index of Costs (**Exhibit 1**) lists and describes these costs. Invoices supporting these costs are included and highlighted for ease of review in **Exhibit 7**. These taxable costs total **$589.00**.

11. I respectfully submit that the above costs are allowable by law, correctly stated, and were necessarily incurred. Accordingly, I respectfully request the Clerk to order that costs in the amount of **$176,624.04** be taxed against Google LLC in favor of Plaintiffs.

12. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 16th day of March 2026, at Miami, Florida.

BOIES SCHILLER FLEXNER LLP

Dated: March 16, 2026

By: *<u>/s/ James Lee</u>*
James Lee