# Exhibit #9

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

**GUIDELINES FOR FINAL PRETRIAL CONFERENCE**
**IN CIVIL JURY CASES BEFORE CHIEF DISTRICT JUDGE RICHARD SEEBORG**

**A. Meeting and Disclosure Prior to Pretrial Conference:**

At least 21 days before the final Pretrial Conference, lead counsel who will try the case shall meet and confer with respect to:

1. Settlement of the case;
2. Preparation of the Joint Pretrial Statement; and
3. Preparation and exchange of pretrial materials to be served and lodged pursuant to Rule 26(a)(3) F.R. Civ. P.; and
4. Clarifying and narrowing the contested issues for trial in order to achieve a just, speedy and efficient determination of the case.

**B. Joint Pretrial Statement and Order:**

At least ten (10) days before the Pretrial Conference, unless otherwise ordered, the parties shall file and serve a Joint Pretrial Statement and Proposed Order containing the following information:

1. <u>Substance of the Action</u>. A brief description of the parties, the substance of claims and defenses that remain to be decided, and the operative pleadings that raise the issues;
2. <u>Relief Prayed</u>. A detailed statement of all relief claimed, particularly itemizing all elements of damages claimed;
3. <u>Undisputed Facts</u>. A plain and concise statement of all relevant facts to which the parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits. The parties shall exercise good faith in stipulating to facts that are not reasonably disputable;

United States District Court
For the Northern District of California

4. Disputed Factual Issues. A plain and concise list of the issues of fact that are contested and remain to be litigated at trial;

5. Agreed Statement. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts;

6. Stipulations. A statement of proposed stipulations or agreements that will expedite the presentation of evidence;

7. Witnesses to be Called. A list of all witnesses likely to be called at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given. No party shall be permitted to call any witness in its case in chief who is not disclosed in its pretrial statement without leave of court for good cause;

8. Exhibits, Schedules and Summaries. A list of all documents and other items to be offered as exhibits at the trial, other than solely for impeachment or rebuttal, with a brief statement following each, describing its substance or purpose and the identity of the sponsoring witness;

9. Disputed Legal Issues. Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statutes and decisions;

10. Pending Motions or Matters. A statement of any motions or matters that must be resolved prior to trial;

11. Bifurcation, Separate Trial of Issues. A statement of whether bifurcation or a separate trial of specific issues is feasible and desired;

12. Estimate of Trial Time. An estimate of the number of hours or days needed for the trial; and,

13. Miscellaneous. Any other matters that will facilitate the just, speedy and efficient determination of the action.

**C. Binding Effect of the Joint Pretrial Statement and Order:**

The Joint Pretrial Statement and Order described above shall recite, directly above the signature lines of each party, the following:

*The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this order shall supplement the pleadings and govern the course of trial of this cause, unless modified to prevent manifest injustice.*

**D. Preparation For Trial:**

1. Exhibits:

a) At least (10) days before the final Pretrial Conference, the parties shall exchange copies of all exhibits, summaries, charts, and diagrams to be used at trial other than solely for impeachment or rebuttal.

b) Each exhibit shall be pre-marked for identification. Counsel shall meet and confer and reach agreement upon a method for marking exhibits (for example, Plaintiff shall use numbers and Defendant shall use letters, or Plaintiff shall use numbers 100-199 and Defendant shall use numbers 200-299, etc.).

c) Unless otherwise ordered, at least five (5) days prior to the commencement of trial the parties shall deliver one (1) set of all pre-marked exhibits contained in three ring binders to the judge's courtroom deputy.

d) No party shall be permitted to offer any exhibit at trial that is not disclosed in its pretrial statement without leave of court for good cause, unless it is offered solely for impeachment or rebuttal.

United States District Court
For the Northern District of California

2. Motions in Limine:

Unless otherwise ordered, the parties shall file and serve any motions in limine at least ten (10) days before the final Pretrial Conference, and any oppositions thereto at least three (3) days before the final Pretrial Conference. Ordinarily, these motions will be deemed submitted without oral argument.

3. Deposition and Discovery Designations:

Unless otherwise ordered, at least five (5) days before the commencement of trial, the parties shall file and serve any excerpts of deposition testimony or other discovery to be offered at trial, other than solely for impeachment or rebuttal. (A copy of the designated deposition testimony with page and line references, or the interrogatory response or admission shall be provided). Any objections to the use of designated excerpts and any counter-designations of deposition testimony shall be filed and served prior to the commencement of trial.

4. Jury Materials:

a) Unless otherwise ordered, at least five (5) days prior to the pretrial conference, the parties shall file and serve:

(1) Jury Voir Dire Questions;

(2) Proposed Jury Instructions; and

(3) Proposed Jury Verdict Forms.

b) Ordinarily, the court will give the standard preliminary jury instructions contained in the Model Jury Instructions of the Ninth Circuit prior to opening statements and will give the standard closing instructions in the Model Jury Instructions of the Ninth Circuit before closing arguments.

c) As to substantive case specific instructions, the parties shall meet and confer and submit jointly an agreed set of instructions, using the Model Jury Instructions of the Ninth Circuit where appropriate. In the event the parties are unable to agree to the language of a particular instruction, the objecting party shall submit a written objection or an alternative proposed instruction placed in sequence immediately following the disputed instruction. The joint set of jury instructions shall be submitted in hard copy as well as in word processing format via email to RSpo@cand.uscourts.gov.

5. Trial Briefs:

Trial briefs are optional, but any party wishing to file a trial brief must do so not less than five (5) days prior to the commencement of trial.

6. Transcripts:

Should a daily transcript and/or realtime reporting be desired, the parties shall make arrangements with the Court Reporter Supervisor at (415) 522-2079 at least 14 calendar days prior to the trial date.

DATED: August 20, 2025

RICHARD SEEBORG
Chief United States District Judge