**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Tel.: (213) 995-5720
alanderson@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
Ryan Sila (admitted pro hac vice)
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com
rsila@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Michael F. Ram, CA Bar No. 104805
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
mram@forthepeople.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br> vs.<br><br> GOOGLE LLC,<br>            Defendant. | Case No.: 3:20-cv-04688-RS<br><br>**PLAINTIFFS' MOTION TO DIRECT NOTICE TO MEMBERS OF THE CERTIFIED CLASSES**<br><br>The Honorable Richard Seeborg<br>Courtroom 3 – 17th Floor<br>Date: April 30, 2026 |

**PLEASE TAKE NOTICE** that, on Thursday, April 30, 2026 at 1:30 p.m., or as soon thereafter as may be heard, in Courtroom 3 of the above-entitled Court, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, California 94102, Plaintiffs will and hereby do move this Honorable Court, pursuant to Federal Rule of Civil Procedure 23, for an order approving the form and methods of the proposed Fee Notice Plan, as detailed in this submission and the supporting declaration by Cameron R. Azari of Epiq Class Action and Claims Solutions, Inc. (formerly Hilsoft Notifications), the Court-appointed Class Notice Administrator. *See* Dkt. 405.

1

**INTRODUCTION**

Named Plaintiffs and undersigned Class Counsel respectfully move the Court for an order approving their proposed plan to notify class members of their forthcoming motion for attorneys' fees, expenses,[1] and service awards, to be paid out of the common fund that has been created by Named Plaintiffs' and Class Counsel's efforts in this litigation on behalf of the classes.

Federal Rule of Civil Procedure 23(h)(1) requires that notice of this forthcoming motion be "directed to class members in a reasonable manner." The proposed notice plan, set forth in this Motion, satisfies that standard. Named Plaintiffs and Class Counsel modeled this proposal after the Court-approved process by which class members were previously notified of class certification and their right to opt out. The Court held that notice plan was reasonable and "the best notice that is practicable under the circumstances." Dkt. 405 at 1 (quoting Fed. R. Civ. P. 23(c)(2)(B)). The same conclusion is warranted here.

Notice will begin promptly after the plan is approved by the Court and the motion for fees, expenses, and service awards (the "fee motion") is filed with the Court. Those two events also trigger the deadlines for objections and the reply in further support of the fee motion. *See* Dkt. 726.

To finalize the briefing schedule, Named Plaintiffs and Class Counsel respectfully ask the Court to grant this Motion, and approve the notice plan, as soon as may be practicable.

**BACKGROUND**

Trial in this action concluded on September 3, 2025, when the jury rendered a verdict in the Plaintiff classes' favor on two claims and awarded more than $425 million in damages. Dkt. 670. On March 2, 2026, the Court entered final judgment. Dkt. 725.

Class Counsel will soon file a motion asking this Court to award, out of the common fund, an award to them for attorneys' fees and expenses; this motion will also ask the Court for service awards for the Named Plaintiffs. *See* Dkt. 726. As contemplated by the Federal Rules of Civil

---

[1] Plaintiffs have already filed a bill of costs. By referring to "expenses," Plaintiffs mean all recoverable expenses and costs of litigation that are appropriately reimbursed from the common fund and are not separately reimbursed by Google as taxable costs.

Procedure, Class Counsel will notify class members of that motion, so that class members may, if they wish, object to the motion.

The instant motion seeks this Court's approval of Class Counsel's plan to notify class members of the forthcoming motion. Class Counsel's proposed notice plan was designed by the Class Notice Administrator (Epiq Class Action & Claims Solutions, Inc.) in consultation with Class Counsel. The proposed notice plan closely resembles the notice plan that this Court previously approved for notifying class members of the Court's order certifying the classes. *See* Azari Decl. ¶ 5; *see also* Dkt. 370 (motion to approve notice plan); Dkt. 395 (amended motion); Dkt. 405 (approval order approving notice plan); Dkt. 465 (Azari declaration confirming successful implementation of the notice to class members). Like that prior class-certification notice, the proposed notice plan will include the following components:

1. Direct email notice to email addresses associated with users who had (s)WAA turned off or "paused" during the class period;

2. Supplemental notice via publication, such as digital and social media ads;

3. Publication of the notice, fee motion, objection deadline, and other relevant information to the public case website;

4. A chatbot to answer frequently asked questions and provide additional information; and

5. A toll-free telephone number that will provide additional information.

*See* Azari Decl. ¶ 6; *see also* Dkt. 395 at 2. The Class Notice Administrator estimates that this process will cost approximately between $725,000 and $755,000. Azari Decl. ¶ 21. This is consistent with the cost incurred to notify class members of the Court's order certifying the classes. *Id.*

The forms of notice are attached as exhibits to the Azari declaration. *See* Azari Decl. Exs. 1-4. As reflected in those exhibits, the direct email notice (which will be posted on the website), website notice, and chatbot will inform class members of the amount of the judgment; the amounts that Class Counsel seeks for fees and expenses, and the amounts that Named Plaintiffs seek as service awards; and the deadline for objections. *See* Azari Decl. Exs. 1–3. Although that information cannot be fairly and effectively summarized in an internet advertisement or in a brief

3

automated phone message, the advertisements and telephone number will direct visitors to the case website. Azari Decl. ¶ 16; Azari Decl. Ex. 2. The pertinent information—including the fee motion and supporting documentation—will be posted on the website. *See* Azari Decl. ¶ 18; Azari Decl. Ex. 3.

The notice program will begin promptly after this Court rules on the instant Motion and after the motion for fees, expenses, and service awards is on file. Azari Decl. ¶ 20. The Class Notice Administrator estimates that the notice program will be concluded in approximately eight weeks. *Id.* The case schedule requires class members to file objections within 13 weeks of the later of (a) approval of the class notice plan; or (b) the filing of the motion for fees, expenses, and service awards. Dkt. 726. This means that class members will have at least five weeks to review the motion and object, should they decide that is warranted.

## LEGAL STANDARD

Federal Rule of Civil Procedure 23(h)(1) requires notice of class counsel's motion for attorneys' fees and nontaxable costs to be "directed to class members in a reasonable manner." This is a different standard from those applicable to notice of class certification and settlements. *Compare* Fed. R. Civ. P. 23(c)(2)(B) (requiring courts to "direct to class members the best notice [of class certification] that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort"); Fed. R. Civ. P. 23 advisory committee's note (2003) ("Individual notice is appropriate, for example, if class members are required to take action—such as filing claims—to participate in the judgment, or if the court orders a settlement opt-out opportunity.").

The analysis of a notice program under Rule 23(h)(1) is guided by a few principles. *First*, the requirements for the method and manner of fee notice may be less exacting than for notice of class certification or settlement but must always satisfy due process. *See* Fed. R. Civ. P. 23 advisory committee's note (2003) ("In adjudicated class actions, the court may calibrate the notice to avoid undue expense."); *Zhang v. U.S.C.I.S.*, — F.R.D. —, 2025 WL 2760451, at *8 (D.D.C. Sept. 29, 2025) ("Courts … seem to agree that notice is required [under Rule 23(h)(1)], but not individual notice."). *Second*, notice should apprise class members of the amount of fees, expenses,

and service awards sought by class counsel, as well as the deadline to file objections. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954 (9th Cir. 2015) (affirming approval of fee notice informing class members of the amount of fees sought and the objection deadline). *Third*, notice must allow enough time to give "objecting class members a full and fair opportunity to contest class counsel's fee motion" before the objection deadline passes. *In re Mercury Interactive Corp. Secs. Litig.*, 618 F.3d 988, 993–95 (9th Cir. 2010).

### ARGUMENT

The proposed notice plan amply satisfies the requirements of Rule 23(h)(1) and due process. Plaintiffs respectfully ask the Court to issue an approval order when practicable, which will set the briefing schedule and allow the notice process to begin.

The proposed manner and method of notice is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the [fee motion] and afford them the opportunity to present their objections." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174 (1974). The Class Notice Administrator will send individualized notice to hundreds of millions of emails associated with accounts that had (s)WAA turned off during the class period, and will supplement with publication notice to reach class members whose email addresses may be unknown, inactive, or inaccessible. Azari Decl. ¶ 6. The pertinent information will also be made available on the public case website, through a chatbot capable of answering frequently asked questions, and at a toll-free telephone number. Azari Decl. ¶ 18. After class certification, the Court held that a materially identical notice process "complie[d] with Rule 23 and due process." Dkt. 405. There is no reason to reach a different conclusion here.[2]

The proposed forms of notice also include—or, for the internet advertisements, link to—the information class members need to evaluate the fee motion and object, should they choose to

---

[2] To the contrary, the proposed notice program goes above and beyond the comparatively less demanding standards for fee notice. In this context, many courts have held that publication notice is sufficient: individualized notice is not required. *See, e.g.*, *Zhang*, 2025 WL 2760451, at *8; *In re MetLife Demutualization Litig.*, 689 F. Supp. 2d 297, 351 (E.D.N.Y. 2010); *Cobell v. Norton*, 407 F. Supp. 2d 140, 147 (D.D.C. 2005) (approving fee notice via publication to hundreds of thousands of class members). Class Counsel nonetheless proposes individualized notice to make certain that class members have a meaningful opportunity to scrutinize the fee motion.

do so. *See Halley v. Honeywell Int'l, Inc.*, 861 F.3d 481, 500 (3d Cir. 2017) ("[N]otice to the class should contain sufficient information to enable class members to make informed decisions on whether they should take steps to object to the … fees motion." (citation omitted)). The Ninth Circuit has explained that fee notice is sufficient when it informs class members of the amount of the common fund; the amount or percentage sought in fees, expenses, and service awards sought to be paid from the fund; and the deadline to file an objection. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d at 954 (holding notice sufficient because it "informed [class members] that class counsel would be seeking fees in the amount of 25% of the total settlement fund of $27,250,000" and "gave class members a clear deadline … for filing an objection"); *see also Perkins v. Singh*, 2021 WL 5085119, at (D. Or. Nov. 2, 2021) (holding that notice was adequate because it "advised the Members of [counsel's] intent to seek attorney fees in the amount of one-third of the Fund and $2,000 in accrued costs and reasonably anticipated administration expenses, and of Plaintiffs' intent to request $2,500 as a service payment"). The proposed forms of notice include each of the required elements: They inform class members of the amount of the common fund; the amount sought in attorneys' fees, expenses, and service awards; and the date by which class members must file objections, if any. *See* Azari Decl. Exs. 1–3. The notices also direct class members to the case website, where the Class Notice Administrator will post the fee motion and supporting documentation for class members' review. *See id.*

Finally, the notice plan and case schedule afford class members sufficient time to formulate and lodge any objections. The case schedule requires objections to be filed no later than 13 weeks after the later of (a) approval of the notice plan or (b) the filing of the fees motion. Dkt. 726. The notice plan will begin promptly after the notice plan is approved and the fees motion is filed, and the Class Notice Administrator estimates that it will take approximately eight weeks. Azari Decl. ¶ 20. That means that class members will have approximately five weeks or more to review the fee motion and file any objections. This schedule is consistent with the Northern District of California's Procedural Guidance for Class Action Settlements, which may be instructive even if not directly applicable. *See* N.D. Cal. Procedural Guidance for Class Action Settlements: Preliminary Approval § 9 ("The parties should ensure that class members have at least thirty-five

days to opt out or object to the settlement and the motion for attorney's fees and costs."). Other courts have approved schedules giving class members substantially less time to contest the fee motion. *See, e.g.*, *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d at 954 (approving schedule setting "the deadline for filing a fee motion fifteen days before the deadline for filing an objection"); *Perkins v. Singh*, 2021 WL 5085119, at *2 (approving schedule because fee motion was filed "more than two weeks before the written objection deadline and nearly a month before the Hearing").

## CONCLUSION

For these reasons, Class Counsel and the Named Plaintiffs respectfully ask the Court to approve the fee notice plan as proposed in this motion and the attached declaration.

Dated: March 23, 2026

Respectfully submitted,

By: */s/  Mark C. Mao*

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

David Boies (admitted *pro hac vice*)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200

James Lee (admitted *pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (admitted *pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Telephone: (305) 539-8400

7

Facsimile: (305) 539-1307

Alison L. Anderson, CA Bar No. 275334
alanderson@bsfllp.com
M. Logan Wright, CA Bar No. 349004
mwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Telephone: (813) 482-4814

Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley
afrawley@susmangodfrey.com
Ryan Sila
rsila@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
Michael F. Ram (CA Bar No. 104805)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

*Attorneys for Plaintiffs*

8