**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Tel.: (213) 995-5720
alanderson@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
Ryan Sila (admitted pro hac vice)
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com
rsila@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Michael F. Ram, CA Bar No. 104805
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
mram@forthepeople.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

ANIBAL RODRIGUEZ, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,

      Plaintiffs,

vs.

GOOGLE LLC,

      Defendant.

Case No.: 3:20-cv-04688-RS

**PLAINTIFFS' BRIEF IN OPPOSITION TO DORIS WALKER'S MOTION TO VACATE JUDGMENT**

The Honorable Richard Seeborg
Courtroom 3 – 17th Floor

## **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................1

BACKGROUND ...................................................................................................................1

LEGAL STANDARD ............................................................................................................3

ARGUMENT ........................................................................................................................3

     I.     The judgment does not apply to Ms. Walker's claim. .............................................3

     II.    The class notice satisfied due process and Rule 23. ...............................................6

     III.   The classes are properly certified. ..........................................................................7

CONCLUSION ......................................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Akootchook v. United States*,
   271 F.3d 1160 (9th Cir. 2001) ...................................................................................................5

*Baumann v. Chase Inv. Servs. Corp.*,
   747 F.3d 1117 (9th Cir. 2014) ...................................................................................................5

*Briseno v. ConAgra Foods, Inc.*,
   844 F.3d 1121 (9th Cir. 2017) ...................................................................................................7

*Cooper v. Fed. Res. Bank of Richmond*,
   467 U.S. 867 (1984) .............................................................................................................4, 5

*Eisen v. Carlisle & Jacquelin*,
   417 U.S. 156 (1974) ...................................................................................................................6

*Latshaw v. Trainer Wortham & Co.*,
   452 F.3d 1097 (9th Cir. 2006) ...................................................................................................3

*Mullane v. Central Hanover Bank & Tr. Co.*,
   339 U.S. 306 (1950) ...................................................................................................................6

*Silber v. Mabon*,
   957 F.2d 697 (9th Cir. 1992) .....................................................................................................3

*Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*,
   322 F.3d 1064 (9th Cir. 2003) ...................................................................................................3

*United States v. Berke*,
   170 F.3d 882 (9th Cir. 1999) .....................................................................................................3

*Wit v. United Behavior Health*,
   2017 WL 930776 (N.D. Cal. Mar. 9, 2017) ...............................................................................5

**Rules**

Fed. R. Civ. P. 23 ...............................................................................................................3, 6, 7

Fed. R. Civ. P. 60 ....................................................................................................................2, 3

ii

## INTRODUCTION

Plaintiffs respectfully oppose the motion to vacate the judgment filed by Doris V. Walker. Dkt. 727. Ms. Walker contends that the judgment in this action is void as to her, or should be vacated in the interests of justice, for three reasons. *First*, Ms. Walker contends that she was not afforded due process because she did not receive actual notice of this action and her right to opt out. *Second*, Ms. Walker contends that Plaintiffs were not adequate representatives because she holds a valuable takings claim. *Third*, Ms. Walker contends that Google committed a fraud on the court by purposefully omitting her information from the list it provided to the Class Notice Administrator, identifying individuals with (s)WAA off during the relevant period.[1]

The Court should not vacate the judgment as to Ms. Walker or more broadly. As an initial matter, it does not appear that the judgment applies to Ms. Walker or her takings claim. Ms. Walker has not established that she is a class member, and her claim does not appear to arise from the same set of facts as those asserted in this case. In addition, a class judgment does not bar individual claims that could not have been pursued by the class. There is also no merit to Ms. Walker's assertions that the notice in this case was deficient and that Plaintiffs are inadequate representatives of the class. The Court has previously concluded otherwise, based on a well-developed record. Ms. Walker's bare assertions should not change the Court's conclusions.

## BACKGROUND

In January 2024, the Court certified two classes. As originally certified, the classes comprised:

> All individuals who, during the period beginning July 1, 2016 and continuing through the present (the "Class Period"), (a) had their "Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device … because of the Firebase Software Development Kit ("SDK") and/or Google Mobile Ads SDK.

---

[1] Plaintiffs take no position on Ms. Walker's assertion that Google committed a fraud upon the court. If Google did as Ms. Walker alleged, Plaintiffs neither knew nor had reason to know.

1

Dkt. 352 at 24. Because the Court previously dismissed some of Plaintiffs' claims, these classes were authorized to assert only three remaining claims: intrusion upon seclusion, invasion of privacy, and violation of the California Comprehensive Computer Data Access and Fraud Act.

After class certification, Plaintiffs undertook an extensive notice program to inform class members of the class certification and their right to opt out. *See* Dkt. 465 (Azari Decl.). Plaintiffs sought and obtained the Court's approval of a notice program that involved sending hundreds of millions of emails to known email addresses associated with accounts that had (s)WAA turned off during the relevant period, publishing notice in advertisements across a wide range of internet properties, and more. *See* Dkts. 370, 395. The notice informed class members who do not wish to be part of these classes that they must submit an "exclusion request postmarked by February 20, 2025." *See* Mao Ex. 1 at 5 (Long Form Notice). The notice also informed class members that "[i]f you do not exclude yourself, by February 20, 2025, you will remain a Class Member and be bound by the orders of the Court in this lawsuit." *Id.*

This matter was tried before a jury in August and September 2025. On September 3, 2025, the jury returned a verdict in Plaintiffs' favor. Dkt. 670. The jury awarded $247,154,157 to Class 1 (class members who use mobile devices with the Android operating system) and $178,497,790 to Class 2 (class members who use mobile operating systems other than Android). On March 2, 2026, the Court entered final judgment in that amount plus pre- and post-judgment interest. Dkt. 725.

On March 9, 2026, the Clerk of Court docketed a Motion to Vacate Final Judgment and for Exclusion from Settlement Pursuant to FRCP 60(b)(4) and (6) filed by Doris V. Walker, appearing *pro se*. Dkt. 727. Ms. Walker moves for an order declaring her a "non-party" to any settlement or release because she was not provided with due process and her interests were not adequately represented by the class. *Id.* Ms. Walker contends that she did not receive due process because she was a "known claimant" and she did not receive actual notice of this action. *Id.* at 1. She contends that she was not adequately represented because her "claim involves liquidated property rights (650 Florida Tax Certificates) worth $30,000,000.00, which were 'locked out' via the … Google/LienHub infrastructure," which amounted to a "Constitutional Taking." Dkt. 727 at 3.

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 60(b)(4), "the court may relieve a party … from a final judgment" if "the judgment is void." Fed. R. Civ. P. 60(b)(4). "A final judgment is 'void' for purposes of Rule 60(b)(4) only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law." *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999). "It is generally acknowledged that the touchstones of due process in the class context are notice and adequacy of representation." *Silber v. Mabon*, 957 F.2d 697, 700 n.3 (9th Cir. 1992) (quoting 2 Newberg on Class Actions § 11.61 at 494 (2d ed. 1985)). "Thus, if notice procedures are deficient as a matter of due process, relief is available under Rule 60(b)(4). *Id.* The Court may also relieve a party from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Such relief is justified only in "extraordinary circumstances." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006).

**ARGUMENT**

The Court should not grant the relief requested by Ms. Walker for three reasons. *First*, Ms. Walker has not established that her claim is subject to the judgment she asks the Court to vacate. *Second*, the notice process satisfied the Federal Rules and due process, notwithstanding Ms. Walker's assertion that she did not receive actual notice. *Third*, as this Court has twice held, the certified classes in this case satisfy Rule 23 of the Federal Rules of Civil Procedure.[2]

**I.    The judgment does not apply to Ms. Walker's claim.**

The Court need not grant Ms. Walker's motion for relief from the judgment in this matter because it is not clear that the judgment binds her in the first place. In general, a final judgment bars claims asserted by the same parties, based on the same set of facts. *See Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1077–78 (9th Cir.

---

[2] Plaintiffs take no position on Ms. Walker's assertion that Google committed a "Fraud Upon the Court" by "fail[ing] to include her in the *Rodriguez* Class List." Dkt. 727 at 3. If Google "tactical[ly] omi[tted]" Ms. Walker or any other class member from the list of emails provided to the Class Notice Administrator, Plaintiffs neither knew nor should have known of that conduct based on the available evidence.

3

2003) (res judicata applies if there is "privity between parties" and the claims are "based on the same nucleus of facts"). And a class judgment on common claims does not bar absent class members from later asserting individual claims relating to the same transaction and occurrence. *See Cooper v. Fed. Res. Bank of Richmond*, 467 U.S. 867, 880 (1984) (holding that a prior judgment against a class of plaintiffs asserting that the defendant had a pattern and practice of discrimination did not bar class members from asserting in a later lawsuit that they specifically had been the subject of discrimination). Ms. Walker's submission establishes neither that she is a class member in this case nor that the claim she seeks to preserve arises from the same set of facts. Even if her claim does relate to the same transaction and occurrence, it is a distinct and individual claim and therefore is not foreclosed by the class judgment.

At this time, Plaintiffs cannot determine that Ms. Walker is a member of the classes certified in this case. In her submission, Ms. Walker does not assert that she is a class member. *See* Dkt. 727. Ms. Walker also does not assert that she had the (s)WAA setting turned off during the class period, nor that she satisfies the other components of the class definitions. *See id.* To determine whether there are independent records of Ms. Walker's class membership, Plaintiffs asked the Class Notice Administrator to review the list of (s)WAA-off email accounts that Google provided to the Class Notice Administrator after class certification. *See* Dkt. 373; Donaldson Decl. ¶¶ 2–4.[3] The list of (s)WAA-off email addresses does not include the email address listed in Ms. Walker's motion. *See* Dkt. 727 at 1; Donaldson Decl. ¶¶ 2–4.

In addition, Ms. Walker's claims are not based on the set of facts resolved in this case. In fact, the motion emphasizes the difference between her claim and those asserted by the class. *See* Dkt. 727 at 3. Ms. Walker states that she "suffer[ed] a Constitutional Taking," not an invasion of privacy. *Id.* Plaintiffs understand from Ms. Walker's motion that the alleged taking did not arise from Google's collection, saving, and use of app activity data from (s)WAA-off users. Ms. Walker refers to "liquidated property rights (650 Florida Tax Certificates) worth $30,000,000.00, which

---

[3] At the time this list was provided, Google represented that it included all email addresses associated with Google accounts that both (a) were active at any time after May 1, 2020; and (b) had (s)WAA turned off at any time after July 1, 2016. *See* Mao Ex. 2.

4

were 'locked out' via the … Google/LienHub infrastructure." *Id.* Plaintiffs understand Ms. Walker to allege that she owned $30 million of Florida tax certificates, a type of lien, which she either purchased or managed through an online platform called LienHub. *See* Mao Ex. 3 (LienHub Help Page) ("A tax certificate is a first lien against real estate … LienHub.com is a web portal built to handle sales and management of tax certificates."). Plaintiffs also understand Ms. Walker to allege that Google "locked [her] out" of the "Google/LienHub infrastructure," which caused her to lose access to her liens, which are "liquidated property rights." Dkt. 727 at 3. This is entirely unrelated to Google's use of the Firebase and Google Mobile Ads Software Development Kits to collect, save, and use (s)WAA-off app activity data.

Finally, even if Ms. Walker's claim were related to this action, a class judgment does not resolve distinct and individual claims such as the one Ms. Walker describes in her motion. That conclusion follows directly from the Supreme Court's decision in *Cooper v. Federal Reserve Bank of Richmond*, 467 U.S. 867 (1984). In that case, the Fourth Circuit had held that a class judgment that an employer did not have a pattern and practice of racial discrimination barred individual employees from later asserting that *they in particular* had been denied promotions on the basis of race. *Id.* at 873, 880. Although the individual plaintiffs sought to hold the defendant liable for the same injury (denial of promotion) based on the same wrong (discrimination), the Supreme Court reversed the Fourth Circuit and held that the class "judgment [was] not … dispositive of the[ir] individual claims." *Id.* at 880. The Ninth Circuit has similarly held that a class judgment does not bar individuals from later asserting claims that would not have been amenable to class treatment. *See Akootchook v. United States*, 271 F.3d 1160, 1164–65 (9th Cir. 2001) (holding that plaintiffs' claims were not barred by res judicata in part because "relief for this claim would not be appropriate for the class as a whole" and plaintiffs "could not have brought their personal use claims during the class action"); *see also Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1123 (9th Cir. 2014) ("Class action judgments are also preclusive as to all claims the class could have brought."); *Wit v. United Behavior Health*, 2017 WL 930776, at *5 (N.D. Cal. Mar. 9, 2017) ("[U]nder the doctrine of res judicata adjudication of claims that are common to the class does not preclude subsequent litigation of individual claims that were not pursued by the class."). Ms.

5

Walker's claims, which concern the alleged disposition of her particular Florida tax certificates, do not belong to the class. That is another reason they are not precluded by the judgment.

**II.       The class notice satisfied due process and Rule 23.**

There is no merit to Ms. Walker's assertion that she was deprived of due process because she "received zero notice (mail, email, or otherwise) of this litigation." Dkt. 727 at 2. Due process requires "that notice [be] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). The Advisory Committee "incorporat[ed] [these] due process standards" in Rule 23. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174 (1974); *see* Fed. R. Civ. P. 23(c)(2)(B) ("[T]he court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.").

The Court correctly determined that the notice program satisfied due process and Rule 23. *See* Dkt. 405 at 1 ("The Revised Class Notice Plan … complies with Rule 23 and due process."). The Class Notice Administrator sent individual notice to class members whom it could identify with reasonable effort. *See* Dkt. 465 (Azari Decl.) at ¶¶ 18–25. In particular, the Class Notice Administrator sent emails to more than 340 million email addresses that, according to Google, were associated with accounts that had (s)WAA turned off during the class period. *Id.* The Class Notice Administrator also conducted a "digital/internet notice program" comprising ads on websites, apps, social media, and "sponsored search listings." *Id.* at ¶¶ 26–37. These advertisements and search results were displayed more than 178 million times. *See id.* at ¶¶ 34, 37. The Class Notice Administrator also operated a website with information about this litigation, as well as a telephone number and postal mailing address for class members to obtain further information. *Id.* at ¶¶ 38–40. These exhaustive efforts to reach class members are more than what is required. *See generally* Dkts. 370, 395.

The Court's approval of the notice program is not undermined by Ms. Walker's assertion that, despite Plaintiffs' best efforts, she did not receive actual notice of her right to opt out. "[N]either Rule 23 nor the Due Process Clause requires actual notice to each individual class

6

member." *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1129 (9th Cir. 2017). The law is satisfied if plaintiffs "direct to class members the best notice that is practicable under the circumstances," whether or not a particular class member actually receives notice. Fed. R. Civ. P. 23(c)(2)(B). Perfection in a notice program is impossible. *See Briseno*, 844 F.3d at 1129. For that reason, "[t]he lynchpin in an objective determination of the adequacy of a … notice effort is whether all the notice efforts together will reach a *high percentage* of the class. It is reasonable to reach between 70–95%." Fed. Jud. Ctr., Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide 3 (2010) (emphasis added), available at https://www.fjc.gov/content/301350/illustrative-forms-class-action-notices-notice-checklist-and-plain-language-guide. In this case, the Class Notice Administrator estimates that notice "reached well in excess of 85% of the most expansive definition of the Class." Dkt. 465 at ¶ 45. That is more than enough.

Plaintiffs would regret if Ms. Walker were in fact a class member and did not receive notice. But that unfortunate fact would not mean that the judgment is void for lack of due process.

### III.     The classes are properly certified.

Finally, the Court should reject Ms. Walker's assertion the judgment is void because there was a lack of commonality and because she was not adequately represented. *See* Dkt. 727 at 1. This Court has twice held that the classes in this case satisfy all of the requirements of Rules 23(b)(2) and (b)(3), which include commonality and adequacy of representation. *See* Dkts. 352, 721. That remains true. Ms. Walker's vague assertions of a purportedly high-value, seemingly unrelated takings claim do not warrant reconsidering, let alone unraveling, class certification.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that Ms. Walker's motion to vacate the judgment should be denied.

Dated: March 23, 2026

Respectfully submitted,

By: */s/  Mark C. Mao*

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)

7

brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6858
Facsimile: (415) 999-9695

David Boies (admitted *pro hac vice*)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200

James Lee (admitted *pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (admitted *pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Alison L. Anderson, CA Bar No. 275334
alanderson@bsfllp.com
M. Logan Wright, CA Bar No. 349004
mwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Telephone: (813) 482-4814

Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
Ryan Sila (*pro hac vice*)
rsila@susmangodfrey.com
Xiaoming Wang (*pro hac vice*)
twang@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330

8

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
Michael F. Ram (CA Bar No. 104805)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

*Attorneys for Plaintiffs*

9