COOLEY LLP
MICHAEL A. ATTANASIO (151529)
(mattanasio@cooley.com)
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
JONATHAN PATCHEN (237346)
(jpatchen@cooley.com)
ARGEMIRA FLOREZ (331153)
(aflorez@cooley.com)
NAIARA TOKER (346145)
(ntoker@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
THILINI CHANDRASEKERA (333672)
(tchandrasekera@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
CHELSEA HU (357212)
(chu@cooley.com)
MICHAEL MORIZONO (359395)
(mmorizono@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111-4004
Telephone:     (415) 693-2000
Facsimile:     (415) 693-2222

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>                  Plaintiffs,<br><br>          v.<br><br>GOOGLE LLC,<br><br>                  Defendant. | Case No. 3:20-CV-04688-RS<br><br>**DEFENDANT GOOGLE LLC'S OBJECTIONS TO PLAINTIFFS' BILL OF COSTS**<br><br>Dept:       3, 17th Fl.<br>Judge:     Hon. Richard Seeborg<br><br>Date Action Filed: July 14, 2020<br>Trial Date: August 18, 2025 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## I.    INTRODUCTION

Plaintiffs' Bill of Costs (Dkt. No. 728) should be rejected in full because they are not entitled to any costs in light of the mixed judgment issued by the Court and Plaintiffs' failure to achieve most of the success they sought at trial.  Instead, each party should bear its own costs.  Further, even if Plaintiffs may be entitled to some modicum of costs, their Bill of Costs is overstated by at least $17,304.30, and should at a minimum be reduced by that amount.  Accordingly, Google hereby objects to Plaintiffs' Bill of Costs pursuant to Civil Local Rule 54-2.  Counsel met and conferred about the issues described herein on March 26, 2026, and were unable to reach a resolution.

## II.    LEGAL STANDARD

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  Still, district courts retain discretion to deny costs, or to apportion or reduce them.  *See Ass'n of Mexican-Am. Educators v. Cal.*, 231 F.3d 572, 591–92 (9th Cir. 2000); *Ancora Techs., Inc. v. Apple, Inc.*, No. 11-CV-06357 YGR, 2013 WL 4532927, at *1 (N.D. Cal. Aug. 26, 2013) ("District courts have 'wide discretion' in determining whether and to what extent prevailing parties may be awarded costs pursuant to Rule 54(d)." (citation omitted)).  Valid discretionary reasons to deny or reduce costs include where each party has prevailed in part – i.e., a "mixed" result.  *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996), as amended (9th Cir. 1997) ("In the event of a mixed judgment, however, it is within the discretion of a district court to require each party to bear its own costs.").  Similarly, the court can deny or reduce costs where the relief awarded is substantially less than what was sought.  *See Cardinal v. Lupo,* No. 18-CV-00272-JCS, 2020 WL 3101025, at *10 (N.D. Cal. June 11, 2020)[1]; *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994) (noting that the

---

[1] As Judge Spero explained, although the Ninth Circuit in *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1023 (9th Cir. 2003), applied this rule only to contract cases, the Ninth Circuit's *en banc* decision in *Association of Mexican-American Educators* implicitly endorsed broader application of this rule.  *Cardinal,* 2020 WL 3101025, at *9.  In any event, the type of damages proffered by Plaintiffs' here–based on the "value of the data"—rests comfortably within the framework described in *Champion Produce. See, e.g.*, *In re Nat'l Consumer Mortg., LLC*, 2014 WL 1873960, at *4 & n.2 (D. Nev. May 8, 2014) (employing discretion to limit recovery of costs in fraudulent transfer tort action based on *Champion Produce* reasoning).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANT GOOGLE LLC'S OBJECTIONS TO
PLAINTIFFS' BILL OF COSTS
3:20-CV-04688-RS

prevailing party's limited recovery is a "good reason" to deny costs).

### III.   THE CLERK SHOULD NOT TAX COSTS AND INSTEAD HAVE EACH PARTY BEAR ITS OWN COSTS

Plaintiffs took three claims to trial: a Comprehensive Computer Data Access Fraud Act ("CDAFA") claim and two privacy claims with substantively identical elements.[2]  Plaintiffs sought over $31.15 billion in actual damages (Sept. 2, 2025 Trial Tr. 1896:2), punitive damages (*id.* at 1906:15–20), disgorgement of $2.36 billion, and a permanent injunction.  Dkt. No. 700 at 1.

At trial, Google prevailed on the CDAFA claim, but was found liable on the twin-privacy claims.  The jury awarded approximately $425.7 million in actual damages, awarded no nominal or punitive damages, and recommended no disgorgement.  Dkt. No. 670.  Chief Judge Seeborg then denied Plaintiffs' request for disgorgement and a permanent injunction.  Dkt. No. 721.  The Final Judgment followed on March 2, 2026.  Dkt. No. 725.

On these facts, Google objects to any award of costs to Plaintiffs; rather, the Court should exercise its discretion and decline to award costs to Plaintiffs. Courts routinely decide as much.  *See, e.g., Klune v. Palo Verde Health Care Dist.*, 761 F. App'x 751, 755–56 (9th Cir. 2019) (affirming denial of costs to plaintiffs because "[o]ut of all the claims originally filed by Klune, he prevailed only on one" and, thus, the case involved a "mixed judgment"); *Postx Corp. v. Secure Data In Motion, Inc.*, No. C 02-04483 SI, 2006 WL 2067080, at *1–2 (N.D. Cal. July 24, 2006) (denying plaintiff's bill of costs because plaintiff obtained a "mixed judgment").

Here, Google has prevailed on effectively half the claims tried to the jury.  What's more, the compensatory damages award of approximately $425.7 million on Plaintiffs' privacy claims was only a fraction–1.4%, to be precise–of the $31.15 billion Plaintiffs requested from the jury. Sept. 2, 2025 Trial Tr. 1896:2.  In addition, the Court rejected Plaintiffs' request for an additional $2.36 billion in disgorgement as well as a permanent injunction.  Courts faced with even more plaintiff-friendly mixed judgments have denied costs; the same should follow here.  *See, e.g., Makreas v. First Nat'l Bank of N. Cal.*, No. 11-cv-02234-JST, 2014 WL 2582027, at *9 (N.D. Cal. June 9, 2014) ("Makreas prevailed on only two of the ten claims he asserted against Defendants

---

[2]  As the Court has acknowledged, the privacy claims "consist[ed] of substantially similar elements."  Dkt. No. 445 at 9:17–18

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANT GOOGLE LLC'S OBJECTIONS TO
PLAINTIFFS' BILL OF COSTS
3:20-CV-04688-RS

and recovered only $5,500 even though he originally sought damages in excess of $1 million. In light of this mixed judgment, the court will require each of the parties to bear its own costs."); *Cardinal*, 2020 WL 3101025, at *8 (reasoning that no party prevailed and thus declining to award costs where plaintiff's recovery was under one-sixth of the amount sought); *Champion Produce*, 342 F.3d at 1023 (affirming district court denial of costs where plaintiff sought $330,000 in damages but was awarded $103,513.75); *Howell Petroleum Corp. v. Samson Res. Co.*, 903 F.2d 778, 783 (10th Cir. 1990) (holding a district court "was within its discretion to refuse to award costs to a party which was only partially successful," where that party recovered only $86,836.55 of the $727,184.73 it had sought; cited favorably in *Ass'n of Mexican-Am. Educators*, 231 F.3d at 592 & n.15); *Hiller v. United States*, No. C 05-01620 SBA, 2008 WL 449846, at *5 (N.D. Cal. Feb. 15, 2008) (denying costs where the prevailing party's recovery was "nominal, partial, [and] substantially less than sought"); *PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, No. CV 05-08891 MMM (FMOx), 2015 WL 11251950, at *5 (C.D. Cal. July 14, 2015) ("Courts are in accord that the fact that a party was only partially successful in the underlying litigation is a sufficient reason to exercise discretion to refuse to award costs or to reduce the amount of costs sought." (collecting cases)), *vacated on other grounds by* 884 F.3d 812 (9th Cir. 2018); *Demers v. Cal.*, 49 F. App'x 704, at *1 (9th Cir. 2002) (affirming district court's reduction of costs because "it is within the discretion of the district court to deny costs to both parties when the plaintiff's success is partial or limited."); *Postx Corp.*, 2006 WL 2067080, at *2 & n.1 (finding there was "no question" that plaintiff obtained a mixed judgment due to prevailing on one of four claims, and noting that even if costs could have been granted, plaintiff's bill was "out of proportion" with its "limited success"); *Sharp Structural, Inc. v. Franklin Mfg., Inc.*, No. CV 03-344-TUC-RCC, 2006 WL 8441183, at *2 (D. Ariz. Aug. 16, 2006) (considering the "wide discrepancy between the amount sought and amount recovered" as one of the factors sufficient to overcome the presumption of awarding costs and denying Plaintiffs' bill of costs even though they prevailed).

Google acknowledges that, devoid of context, a $425 million jury verdict is substantial. But the context matters. And that context includes a 98 million member class (meaning an approximate $4.30 recovery per class member) and an ultimate monetary verdict of less than 1.4% of what was

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANT GOOGLE LLC'S OBJECTIONS TO
PLAINTIFFS' BILL OF COSTS
3:20-CV-04688-RS

requested in damages and disgorgement. In other words, Plaintiffs sought at least approximately $341.96 per class member, but were awarded only $4.30 per class member. In the end, having each side bear their own costs is the equitable result.

## IV.   PLAINTIFF CANNOT RECOVER $17,304.30 IN NONTAXABLE COSTS.

Even if Plaintiffs may be viewed as a party entitled to some costs, their Bill of Costs includes non-taxable costs. *See* Dkt. Nos. 728 (Bill of Costs), 728-2 (Index of Costs).

While Google objects to the Clerk awarding Plaintiffs any costs, a number of items in Plaintiff's Bill of Costs are objectionable because they are nontaxable. Civil Local Rule 54-1(a) requires a bill of costs to be supported by an affidavit, stating, among other things, that the costs are allowable by law. The term "costs" as used in Rule 54(d) is limited to the costs enumerated in 28 U.S.C. § 1920. *Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d 955, 957 (9th Cir. 2013). Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. "Civil Local Rule 54–3 provides additional 'standards for interpreting the costs allowed under section 1920.'" *Cooper v. United Air Lines, Inc.*, No. 13-CV-02870, 2015 WL 3548572, at *1 (N.D. Cal. June 5, 2015) (citation omitted). The U.S. Supreme Court has emphasized the modest nature of the costs set forth in section 1920, explaining that taxable costs "are limited to relatively minor, incidental expenses" and are only a "fraction of the nontaxable

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANT GOOGLE LLC'S OBJECTIONS TO
PLAINTIFFS' BILL OF COSTS
3:20-CV-04688-RS

expenses borne by litigants." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012). Multiple of Plaintiffs' claimed costs are nontaxable.

### A.    "Logistics and Processing" Costs are Not Taxable.

Plaintiffs seek to recover certain deposition-related costs that are not taxable.  28 U.S.C. § 1920(2) allows for taxation of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]" 28 U.S.C. § 1920(2). However, Civil Local Rules 54-3(c)(1) and 54-3(c)(3) limit recovery to the "cost of an original and one copy of any deposition (including videotaped depositions)" and the "cost of reproducing exhibits to depositions . . . if the cost of the deposition is allowable."

Plaintiffs seek costs of not only the transcript and exhibits for each deposition, but also a "logistics and processing" or "production and processing" cost of between $50 and $55 per deposition that the court reporter invoices reflect as separate line items that are not specifically explained, and that presumably apply to logistics, production, and processing required not only for the transcript and exhibits but also for a bevy of other nontaxable costs shown on the invoices, such as rough draft, Realtime services, court reporter attendance, Exhibit Share software, and/or hosting and delivery of encrypted files.  *See* Dkt. No. 728-1 ("Lee Decl.") ¶ 7(a); Ex. 4A (Dkt. No. 728-5), at, *e.g.*, 2, 3, 5.  Plaintiffs argue that these costs are necessarily incurred in connection with a deposition and are therefore taxable, but, they have not met their burden of establishing that the entirety of the cost (or any specific amount of it) is necessarily incurred in connection with the taxable portion of deposition, *i.e.*, producing the "original and one copy of [a] deposition" or "reproducing exhibits to [the] deposition[.]"  Civil L.R. 54-3(c)(1), (3).  Plaintiffs cite to *Linex Technologies, Inc. v. Hewlett-Packard Co.* in support of this request, but that decision only supports Google's position, as the Court there permitted processing fees that "appear[ed] to be inextricable *from the cost of producing the original or a copy of a deposition*[.]"  No. 13-cv-00159-CW (MEJ), 2014 WL 5494906, at *4 (N.D. Cal. Oct. 30, 2014) (emphasis added).  Plaintiffs have not provided the Court or Google with information showing which part of the "Logistics and Processing" or "Production and Processing" line items on the court reporter invoices are connected to the taxable costs.  Accordingly, the Clerk should deduct all "Logistics and Processing" and "Production and

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFENDANT GOOGLE LLC'S OBJECTIONS TO
PLAINTIFFS' BILL OF COSTS
3:20-CV-04688-RS

Processing" costs and reduce Plaintiffs' bill of costs by $1,290.[3]

**B.** **Certain Reproduction and Exemplification Costs are Not Taxable.**

Plaintiffs seek to recover certain reproduction and exemplification costs that are not taxable. Although 28 U.S.C. § 1920(4) and Civil Local Rule 54-3(d)(2) allow for the recovery of costs relating to reproduction of "disclosure or formal discovery documents," it is well-established that "[f]ees for exemplification and copying are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production." *Kwan Software Eng'g, Inc. v. Foray Techs., LLC*, 2014 WL 1860298, at *4 (N.D. Cal. May 8, 2014) (alteration in original) (internal quotation marks and citations omitted). Specifically, "[w]ith respect to e-discovery, courts in this district have found that fees for .TIFF and OCR conversion, Bates stamping, load file and other physical media generation are recoverable as copying fees under section 1920(4)." *Id*. (internal quotation marks and citations omitted). However, "the Ninth Circuit and the courts of this district have long held that costs compensable under section 1920 are only permitted for preparation and duplication of documents, not the efforts incurred in assembling, collecting, or processing those documents." *Id*. (citations omitted). Further, in this District, only costs incurred specifically to produce documents to the opposing party are recoverable. *See id.* at *5 (rejecting all e-discovery costs associated with unproduced documents); *Phoenix Techs. Ltd. v. VMWare, Inc.*, No. 15-cv-01414-HSG, 2018 WL 4700347, at *5 (N.D. Cal. Sept. 30, 2018) ("A narrow construction of the statute requires concluding that costs should be awarded based on what Defendant produced, not on what Defendant uploaded to its e-discovery platform."). Plaintiffs seek multiple categories of costs beyond what is permitted in this district.

*First*, Plaintiffs seek $7,300 in costs incurred in connection with imaging Plaintiffs' devices and email repositories. *See* Lee Decl. ¶ 9(a); Ex. 6A (Dkt. No. 728-8). It is impossible to tell from Plaintiffs' invoices whether these imaging costs actually relate to Plaintiffs' document production. Plaintiffs may be entitled to the percentage of the imaging costs related to the documents they

---

[3] Google notes that Plaintiffs have not, in fact, highlighted the line items in the invoices that they seek to recover. Although it appears that Plaintiffs' bill of costs omits the costs for all other line items besides the ones discussed in the Lee Declaration, Google objects that Plaintiffs have not sufficiently indicated exactly which costs they seek so as to permit efficient analysis of the costs.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFENDANT GOOGLE LLC'S OBJECTIONS TO
PLAINTIFFS' BILL OF COSTS
3:20-CV-04688-RS

actually produced, but because they have not provided this information, the $7,300 in imaging costs should be rejected. *See Kwan Software Eng'g*, 2014 WL 1860298, at *4–5; *Phoenix Techs.*, 2018 WL 4700347, at *5.

*Second*, Plaintiffs purport to seek the costs of "preparing two hard copies and one electronic copy of their exhibits" in the sum of $10,045.70. *See* Lee Decl. ¶ 9(b); Ex. 6B (Dkt. No. 728-9). Civil Local Rule 54-3(d)(4) permits the cost of "reproducing trial exhibits is allowable to the extent that a Judge requires copies to be provided," and Google does not dispute that the Court required the parties to exchange copies of all trial exhibits before trial and to provide one set of exhibits and an electronic copy to the Court. However, the submitted invoices appear to reflect that Plaintiffs seek four sets of certain documents (two sets of black-and-white documents and two sets of color), as well as costs for supplies, including binders and tabs. Accordingly, Plaintiffs' bill of costs should be reduced by the amount of the color copies ($7,281) and the binder supplies ($1,433.30).

## V.    CONCLUSION

Plaintiffs should not be awarded any costs because, in light of the mixed judgment following the trial in this matter, the parties should bear their own costs. If Plaintiffs are entitled to any costs, the costs should be reduced by a total of $17,304.30.

Dated: March 30, 2026

Respectfully submitted,

COOLEY LLP


By:  */s/ Ben Hur*
Michael A. Attanasio
Benedict Y. Hur
Simona Agnolucci
Eduardo E. Santacana
Jonathan Patchen
Argemira Flórez
Harris Mateen
Isabella McKinley Corbo
Naiara Toker
Thilini Chandrasekera
Chelsea Hu
Michael Morizono

*Attorneys for Defendant*
*Google LLC*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFENDANT GOOGLE LLC'S OBJECTIONS TO
PLAINTIFFS' BILL OF COSTS
3:20-CV-04688-RS