**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted *pro hac vice*)
Alexander Boies (admitted *pro hac vice*)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
Samantha Parrish, CA Bar No. 318681
M. Logan Wright, CA Bar No. 349004
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Tel.: (213) 995-5720
alanderson@bsfllp.com
sparrish@bsfllp.com
mwright@bsfllp.com

*Counsel for Plaintiffs*

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted *pro hac vice*)
Shawn J. Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander P. Frawley (admitted *pro hac vice*)
Ryan Sila (admitted *pro hac vice*)
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com
rsila@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
Michael F. Ram, CA Bar No. 104805
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
mram@forthepeople.com

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

ANIBAL RODRIGUEZ, SAL CATALDO, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

GOOGLE LLC,

    Defendant.

Case No. 3:20-cv-04688-RS

**DECLARATION OF JAMES LEE ISO PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**

Judge: Hon. Richard Seeborg
Trial Date: August 18, 2025
Courtroom: 3, 17th Floor

**<u>DECLARATION OF JAMES LEE</u>**

I, James Lee, declare as follows.

1.    I am a partner with the law firm of Boies Schiller Flexner LLP ("BSF"), counsel for Plaintiffs in this matter. I am an attorney at law duly licensed to practice before all courts of the State of Florida and admitted *pro hac vice* for this case. I have personal knowledge of the matters set forth herein and am competent to testify.

2.    I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards (the "Motion").

3.    The three law firms representing Plaintiffs—BSF, Susman Godfrey, and Morgan & Morgan (collectively, "Counsel")—were appointed by this Court to serve as Co-Lead Class Counsel in this matter. We have collectively led the Classes' efforts in this case over the last six years from case inception to verdict.

4.    This declaration focuses on facts that bear on the Motion, including among other things providing backgrounds on the expertise of BSF and BSF attorneys on this case, summarizing our work litigating this case from its inception to its resolution, and our continued work on behalf of the Classes.

### I.    BSF Expertise

5.    BSF has extensive experience in handling complex class actions, including complex class actions against Google. For years, BSF has successfully litigated cutting edge, high-stakes class actions on both the plaintiff-side and defense-side, giving BSF the experience and knowledge necessary to provide the proposed classes the best representation possible. BSF has used its experience on both sides of significant class action cases to predict opposing counsel's litigation strategy, uncover leverage points, anticipate key issues, and accurately assess risk and manage costs. In the last decade, BSF has collected billions of dollars in settlements on behalf of plaintiffs. But unlike many firms, BSF also has extensive experience in trying complex cases, including class actions, to verdict. Notable settlements and victories in complex cases include:

- *Brown v. Google*: BSF served as co-lead counsel in a class action on behalf of nationwide classes of individuals who used Incognito and other private browsing

modes. This case proceeded through discovery, class certification, summary judgment, and to the eve of trial. BSF and co-lead counsel secured a settlement that provided for historic injunctive relief for those millions of class members, including deletion or remediation of billions of user data entries kept by Google, disclosure changes regarding Incognito mode and other private browsing modes, and changes to how Google collects private browsing information going forward.

- *In re Google Digital Advertising Antitrust Litigation*: BSF is lead counsel for classes of online publishers who allege that Google monopolized the digital advertising technology stack and engaged in anticompetitive conduct that suppressed publishers' revenues and distorted the online advertising marketplace.

- BSF filed a class action against Alphabet, Google, and YouTube (collectively "Google") on behalf of online publishers—creators and deliverers of online news, information, and services—who use tools purchased from Google to sell display ad space on their web pages. These publishers allege that Google engages in anticompetitive conduct related to those digital advertising tools in violation of section 2 of the Sherman Act, among other claims.

- *Attridge v. Google*: BSF serves as co-lead counsel in a class action on behalf of nationwide classes of individuals who allege Google unlawfully stifled competition among general search engines and unjustly enriched itself with the alleged conduct, including Google use of exclusive search default agreements preventing rival general search engines from gaining traction. BSF recently defeated Google's motion to dismiss.

- *In re Blue Cross Blue Shield Antitrust Litigation*: BSF served as co-lead counsel in a class action on behalf of insureds against Blue Cross Blue Shield involving violations of the Sherman Act. The case was one of the most hotly contested cases in the last decade, involving over 30 separate defendants, more than 50 separate law firms, and over 1,000 lawyers. In 2020, Blue Cross Blue Shield agreed to settle the case for $2.7 billion, as well as injunctive relief that will impact the health insurance market across

CASE NO. 3:20-cv-04688-RS
DECLARATION OF JAMES LEE ISO PLAINTIFFS' MOTION
FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

the country. The settlement was approved by the Northern District of Alabama and affirmed by the Eleventh Circuit.

- *Jane Doe 1 v. JPMorgan Chase & Co. and Deutsche Bank AG et al.*: Successfully obtained a combined $365 million settlement from two major financial institutions in a class action on behalf of Epstein victims.

- *In re Takata Airbag Products Liability Litigation*: BSF served as co-lead counsel in this MDL class action involving a uniform defect in airbag inflators found in cars made by the world's largest automakers. The Takata Airbag MDL has resulted in over $1.5 billion in settlements to date, including specific, non-monetary protections and relief for consumers who have had their automobiles recalled as a result of the uniform defect.

- *National Prescription Opiate MDL*: BSF served as lead counsel for Cherokee Nation in claims against McKesson, AmerisourceBergen, Walgreens, and other prescription drug distributors litigated in state, federal, and tribal trial courts in Oklahoma, as well the Oklahoma Supreme Court and the U.S. Court of Appeals for the Tenth Circuit, resulting in settlements of more than $130 million.

- *Elliott v. PubMatic*: BSF represented PubMatic, one of the internet's largest display advertising platforms, in the first EU GDPR case filed in the United States.  The class action sought over $6 billion.  BSF helped PubMatic prevail on a motion to dismiss, and the case dismissed with prejudice.

- *Hoffman v. American Express*: BSF represented American Express at trial and on appeal in a certified nationwide class action where the plaintiffs sought to recover more than $500 million. American Express brought in BSF after the class was certified, and BSF secured and defended on appeal a judgment in favor of American Express on all claims.

- *Satchell v. Golden State Warriors*: Mark Mao of BSF obtained dismissal with prejudice on motions to dismiss brought by an alleged class of millions of users seeking billions of dollars in statutory damages, in a data misuse class action involving sound-based beacon technology for one of basketball's favorite teams.

CASE NO. 3:20-cv-04688-RS
DECLARATION OF JAMES LEE ISO PLAINTIFFS' MOTION
FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

- *Benton v. Clarity*: Mark Mao of BSF obtained dismissal in a data misuse class action involving short-term loans data, after successful motion practice, where plaintiffs sought billions of dollars in damages for millions of users, on the basis of the Fair Credit and Reporting Act.

- *Pavone v. LexisNexis*: Mark Mao of BSF defeated class certification in a precedential data misuse class action involving driver and vehicle data, which could have negatively affected the ability to use millions of public records nationwide.

6.      Through its creative, aggressive, and efficient approach to litigation, combined with its proven track record of success, BSF has earned a world-class reputation in the class action arena. The firm "is known as the go-to law firm for high stakes, high profile litigation" (*The Washington Post*), and has been described as a firm of "casual brilliance" (*The National Journal*), a "Galaxy of Bright Lights" (*The American Lawyer*), and "the most powerful litigation turbine in America" (*Law Dragon*). Some of the most sophisticated companies, which have their choice of virtually any law firm in the country, regularly choose BSF's litigation expertise for their most important matters. These clients include and have included, for example, Carnival Corporation, NASCAR, Oracle Corporation, Federal Express, Altria, NextEra Energy, the New York Yankees, and Sony Corporation of America.

## II.      BSF Team Members

7.      The following are BSF Partners, Counsel, and Associates who billed work on this matter, along with their personal biographies and descriptions of work completed on this case:

8.      **David Boies**: Mr. Boies founded BSF in 1997. He has been selected as one of the 100 Most Influential People in the World by Time Magazine (2010). He has been named Global International Litigator of the Year by *Who's Who Legal* an unprecedented seven times. He has been named the Litigator of the Year by *The American Lawyer*; the Lawyer of the Year by *The National Law Journal* (twice); the Antitrust Lawyer of the Year by the New York Bar Association; named in the *Forbes* list of "America's Top 200 Lawyers" in 2024; Best Lawyers in America from 1987–2021; *Law Dragon* 500 Leading Lawyers; and an Eminent Practitioner by Chambers USA. He was named one of the Top 50 Big Law Innovators of the Last 50 Years by *The American Lawyer* in 2013.

9.    Mr. Boies is the recipient of Honorary Doctor of Laws from the University of Redlands (2000), New York Law School (2007), University of New Hampshire School of Law (2013), and New York University (2013) and an Honorary Doctor of Letters from the Chicago Theological Seminary (2011). His awards include the Award of Merit from Yale Law School, the ABA Medal from the American Bar Association, the Vanderbilt Medal from New York University Law School, the Pinnacle Award from the International Dyslexia Association, the William Brennan Award from the University of Virginia, the Role Model Award from Equality Forum, the Lead by Example Award from the National Association of Women Lawyers, the Torch of Learning Award from the American Friends of Hebrew University, the Eisendrath Bearer of Light Award from the Union for Reform Judaism, and a Lifetime Achievement Award from the Mississippi Center for Justice.

10.    Mr. Boies served as Chief Counsel and Staff Director of the United States Senate Antitrust Subcommittee in 1978 and Chief Counsel and Staff Director of the United States Senate Judiciary Committee in 1979. In 1991–93, he was counsel to the Federal Deposit Insurance Corporation, recovering $1.2 billion from companies who sold junk bonds to failed savings and loan associations. In 1998–2000, he served as Special Trial Counsel for the United States Department of Justice in its antitrust suit against Microsoft. *U.S. v. Microsoft Corp.*, 98-cv-1232 (TPJ) (D.D.C.). Mr. Boies also served as the lead counsel for former Vice-President Al Gore in connection with litigation relating to the 2000 election Florida vote count. *Bush v. Gore*, 531 U.S. 98 (2000). As co-lead counsel for the plaintiffs in *Perry v. Brown*, he won the first judgment establishing the right to marry for gay and lesbian citizens under the U.S. Constitution. 671 F.3d 1052, 1096 (9th Cir. 2012).

11.    Mr. Boies attended the University of Redlands (1960–62) and received a B.S. from Northwestern University (1964), an LL.B., magna cum laude from Yale University (1966), and an LL.M. from New York University (1967). He is a member of Phi Beta Kappa, a Fellow of the American College of Trial Lawyers and the International Academy of Trial Lawyers; and a Trustee of the National Constitution Center, Cold Spring Harbor Laboratory, New York University Law School Foundation and St. Luke's- Roosevelt Hospital Center. He is the author of numerous publications including Courting Justice (2004), Redeeming the Dream (with Ted Olson), and Public Control of Business (with Paul

DECLARATION OF JAMES LEE ISO PLAINTIFFS' MOTION
FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

Verkuil), published by Little Brown in 1977. He has taught courses at New York University Law School and Cardozo Law School.

12.    Mr. Boies was Plaintiffs' counsel in the *In re Blue Cross Blue Shield Antitrust Litigation*, 13-cv-20000 (N.D. Ala.). There, he and others argued that the Blue Cross Blue Shield business structure violated antitrust laws and stifled competition, resulting in the largest monetary settlement ever in an antitrust class action without a government investigation—$2.67 billion—and significant injunctive relief to improve competition in the health care market. This settlement was recently upheld by the Eleventh Circuit. *In re Blue Cross Blue Shield Antitrust Litig.*, 85 F.4th 1070, 1102 (11th Cir. 2023). Mr. Boies also represented victims of Jeffrey Epstein's sex trafficking beginning in 2014. He sued, and recovered compensation from, Epstein and several of Epstein's collaborators prior to Epstein's arrest. Mr. Boies successfully obtained a combined $365 million settlement from two major financial institutions in a class action on behalf of Epstein victims. *Jane Doe 1 v. JPMorgan Chase & Co.*, No. 1:22-cv-10019 (S.D.N.Y.); *Jane Doe 1 v. Deutsche Bank AG et al.*, No. 1:22-cv-10018 (S.D.N.Y.).

13.    For this case, Mr. Boies was lead counsel.  At trial, he served as the first chair, handling opening statement, closing argument, and several key witness examinations at trial.  Pretrial, Mr. Boies also argued in opposition to Google's motion for summary judgment as well as several key pretrial motions.

14.    **Mark C. Mao**: Mr. Mao, a Partner at BSF's San Francisco office and Practice Group Leader of BSF's IP Litigation Practice Group, is one of the country's leading experts in privacy and technology. He has resolved more than 400 cases in litigation. The consumer class actions he litigates often include evolving privacy and regulatory issues, such as in the areas of data breach and misuse, product liability, wiretap acts, the Fair Credit Reporting Act, and unfair and deceptive acts and practices litigation. Mr. Mao was certified by the International Association of Privacy Professionals and was one of its first Fellows of Information Privacy. He has completed over a hundred various privacy compliance and transactional projects. In addition to having litigated important privacy cases such as *Satchell v. Golden State Warriors*, *Benton v. Clarity*, and *Pavone v. LexisNexis*, Mr. Mao's experience also includes the following representative matters:

CASE NO. 3:20-cv-04688-RS

DECLARATION OF JAMES LEE ISO PLAINTIFFS' MOTION
FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

- Various Daniel's Law Litigation in New Jersey: Mr. Mao is one of the co-leads for plaintiffs in various Daniel's Law litigation in New Jersey, involving covered persons consisting of police and judicial officers, their families, and assignees.  More than 140 cases were filed, and the plaintiffs have prevailed against nearly all of the motions to dismiss.

- *Brown v. Google*: Favorably resolved a data privacy action involving more than 100 million class members against Google, including securing deletion or remediation of billions of user data entries kept by Google, disclosure changes regarding Incognito mode and other private browsing modes, and changes to how Google collects private browsing information going forward.

- *Elliott v. PubMatic*: BSF represented PubMatic, one of the internet's largest display advertising platforms, in the first EU GDPR case filed in the United States in CD Cal, seeking over $6 billion.  BSF helped PubMatic prevail on a motion to dismiss, and the case dismissed with prejudice.

- *Lozano v. CodeMetro*: Favorably resolved data breach class action claim in Southern California against a medical services software provider against hundreds of thousands of consumers.

- *Winstead v. ComplyRight:* Favorably resolved data breach class action claim in N.D. Ill. between publishing company and hundreds of thousands of consumers.

- *Nguyen et al. v. Caboki*: Obtained dismissal and costs against class action claims alleging illegal recording by customer support of retailer seeking tens of millions of dollars in statutory damages.

- *CFPB v. The Source For Public Data*: Obtained a district court and then an appellate court win in case against the Consumer Financial Protection Bureau alleging that a data sourcing company may be a consumer reporting agency.

- *BaronsMedia.com v. Exponential Interactive, Inc. and related cases*: Obtained favorable resolution against over a dozen business claimants, who alleged that they were substantially overcharged for years of targeted advertising services, involving hundreds of millions of transactions.

CASE NO. 3:20-cv-04688-RS
DECLARATION OF JAMES LEE ISO PLAINTIFFS' MOTION
FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

- *Koenig v. Lime Crime Inc.*: Obtained a favorable resolution in a data breach class action involving malicious code injection in one of the web's most popular social influencer websites.

- *Koles v. Yapstone, Inc. (In re Yapstone Data Breach Litig.)*: Obtained a favorable resolution in a data breach class action involving the alleged vulnerability of a popular payment application and relating to the records of hundreds of thousands of consumers.

- *Piper v. Brian Kemp*: Obtained dismissal, without filing motions to dismiss, in one of the Southern United States' largest data breaches allegedly involving over six million vote records.

15.    Mr. Mao graduated from the University of California, Berkeley School of Law, and is currently the alumni president for the home chapter of the law school.

16.    For this case, Mr. Mao designed the case theories, led all pre-suit investigation efforts, and continued to direct case strategy throughout the litigation. He also either drafted or co-drafted all iterations of the complaint and all substantive motions, including oppositions to motions to dismiss, Plaintiffs' motion for class certification and pertinent reply, *Daubert* motions, and Plaintiffs' opposition to Google's motion for summary judgment. Mr. Mao also took the deposition of Google expert Dr. John R. Black and attended and provided strategic advice for the depositions of Google employees Eric Miraglia, J.K. Kearns, Rahul Oak, Sam Heft-Luthy, and Xinyu Ye.. He also worked closely with all technical experts in this case and served as the technical lead for all Plaintiffs' counsel. Mr. Mao also served as trial counsel, handling the examination of Dr. Hochman and assisting with the other examinations.

17.    **James Lee**: Mr. Lee, a Partner in BSF's Miami office, is the head of the Miami Office and the Practice Group Leader of BSF's Class Actions Practice Group.  He serves as trial counsel in high-stakes litigation across several practice areas. He has served as lead counsel and trial counsel on behalf of plaintiffs and defendants in numerous complex matters ranging from class actions, product liability, securities, and commercial litigation. He has been tapped to serve as trial counsel by high profile clients such as Philip Morris USA, United Health, Delta Airlines, Healthy Equity, FedEx Ground, Copart, and World Fuel Services. He has tried numerous high-stakes cases to verdict and has served as lead trial counsel in numerous cases across federal courts, state courts, arbitration hearings and FINRA proceedings. He also has significant experience representing plaintiff classes in large-scale class actions, such as serving as co-lead counsel for BSF in its representation of the plaintiff classes in *Brown v. Google*, and *In re*

*Takata Airbag Products Liability Litigation*.  In total, he has recovered over $2 billion on behalf of his clients.  On the defense side, he has secured multiple defense verdicts as lead trial counsel on behalf of his clients. Mr. Lee graduated from Stanford Law School.

18.     For this case, Mr. Lee was fundamental in the pre-suit investigation, formulating the initial theory of the case, drafting the initial complaint, serving as BSF's primary contact for all of the named Plaintiffs, and leading the preparation and defense of all of the named Plaintiffs' depositions. Mr. Lee continued to actively craft litigation strategy and oversee day-to-day operations of the case, including leading Plaintiffs' defensive discovery efforts. He also helped to develop the damages theories in the case. Mr. Lee drafted or co-drafted several substantive motions in this case, including oppositions to Google's motions to dismiss, Plaintiffs' motion for class certification and reply, oppositions to Google's *Daubert* motions, and the opposition to Google's motion for summary judgment. Mr. Lee defended the majority of the named Plaintiffs' depositions as well as the depositions of Plaintiffs' damages expert Michael Lasinski.  He handled oral argument for BSF on numerous pretrial motions. At trial, Mr. Lee served as trial counsel, assisting with jury selection and handling the examinations (and related motions) of all testifying Plaintiffs.  He also assisted with many other projects at trial, including being the principal author of the opening statement and closing argument.

19.     **Beko Reblitz-Richardson**: Mr. Reblitz-Richardson, a Partner in BSF's San Francisco office and a Practice Group Leader of BSF's Cybersecurity and Data Privacy Practice Group, is an experienced trial lawyer who has successfully litigated matters for plaintiffs and defendants in privacy matters and class action cases. Since joining BSF in 2005, he has obtained favorable trial and pre-trial outcomes in a number of significant class actions. To name a few, in *Hoffman v. American Express*, he represented American Express at trial, secured a judgment in favor of American Express on all claims, and then successfully defended that judgment on appeal. In *Mikaelyan v. Howard*, he obtained a dismissal of a class action lawsuit. Mr. Reblitz-Richardson also represented Oracle at trial in a number of actions, including one where the firm obtained a $1.3 billion jury verdict against SAP and one where the firm obtained an award of over $100 million against Rimini Street. Mr. Reblitz-Richardson was also a part of the team that successfully represented Starr International at trial with AIG, securing a judgment for Starr International. Mr. Reblitz-Richardson also represented the plaintiffs at trial and on appeal in their

challenge to California's Proposition 8, litigation that restored the right of same-sex couples to marry in California. His other clients have included Sony, Tyco, Broadcom, HSBC, and others. Mr. Reblitz-Richardson graduated from the University of California, Berkeley School of Law.

20.     For this case, Mr. Reblitz-Richardson supervised the day-to-day work of the BSF team. Mr. Reblitz-Richardson took an active role in key parts of the case, including leading aspects of Plaintiffs' offensive discovery, expert witness development, drafting or co-drafting major briefs and preparing other lead attorneys for significant hearings. Mr. Reblitz-Richardson drafted or co-drafted the majority of the motions to compel, discovery requests to Google, and emails to Google counsel. He also handled a significant number of the meet and confers with Google. Mr. Reblitz-Richardson prepared for and took the deposition of Francis Ma, individually and also as Google's designated corporate representative. Mr. Reblitz-Richardson also provided input on the strategies for other depositions and drafted or co-drafted Plaintiffs' oppositions to Google's motions to dismiss, motion for class certification, and motion for summary judgment. Mr. Reblitz-Richardson was actively involved in trial preparation and at trial, including with pretrial motions, trial examinations, opening statement and closing argument, and briefing during trial.

21.     **Alexander Boies:** Mr. Boies is a Partner at BSF's Armonk office and is an experienced litigator who handles disputes across diverse practice areas, including class actions, sports and gaming related disputes, and labor and employment. Mr. Boies represented insureds in the *In re: Blue Cross Blue Shield Antitrust Litigation*, including by working to secure settlement approval which was affirmed by the Eleventh Circuit. Mr. Boies graduated with his J.D. from New York University School of Law.

22.     For this case, Mr. Boies was fundamental in developing arguments and strategies for some of the most important hearings, including summary judgment, *Daubert* and pretrial motions. He also served as technical advisor to lead counsel throughout the case, advising on the development of expert testimony and the development of case themes. At trial, Mr. Boies played a significant role in providing technical and strategic advice for the trial attorneys.  He also played a significant role in jury selection, the preparation of briefs, cross examinations, opening statement, and closing argument as well as the management of trial logistics.

DECLARATION OF JAMES LEE ISO PLAINTIFFS' MOTION
FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

23.    **Alison Anderson**: Ms. Anderson, a Partner in BSF's Los Angeles office, is a seasoned trial lawyer with significant experience litigating criminal fraud and complex civil trials, including taking ten cases to federal jury verdict.  At BSF, Ms. Anderson represents clients in high stakes civil litigation on both the plaintiff and defense side on matters relating to class actions, securities fraud, antitrust, and intellectual property.  Ms. Anderson also represents survivors of sexual assault against powerful organizations, including Danny Masterson's victims against the Church of Scientology and Olympic athletes against their former head coach, team, and the Olympic Committee.

24.    Ms. Anderson joined BSF in the fall of 2021 after working in the Fraud Section of the Criminal Division of the U.S. Department of Justice for nearly a decade, first as a trial attorney in the Securities and Financial Fraud Unit and later as an Assistant Deputy Chief in the Fraud Section's Corporate Enforcement Unit. Ms. Anderson's trial experience included co-leading the team in the high-profile *United States v. Connolly* matter, which has influenced the way corporate clients approach cooperation with government investigations and the way defense counsel are litigating these issues on behalf of individual clients. She also conducted high-profile investigations of Fortune 500 companies like Deutsche Bank and Volkswagen, securing resolutions that levied significant fines and established compliance monitorships. As an Assistant Deputy Chief, Alison oversaw the agency's recent criminal corporate resolutions with The Boeing Company, JPMorgan Chase & Co., Bank of Nova Scotia, United Airlines, Inc., and others.

25.    Ms. Anderson clerked for the Honorable Johnnie Rawlinson of the United States Court of Appeals for Ninth Circuit, and the Honorable Eduardo Robreno of the United States District Court for the Eastern District of Pennsylvania.  She graduated from Rutgers School of Law – Camden, San Diego State University with a Masters in Public Administration, and Cal Poly San Luis Obispo with a B.S. in Civil Engineering.

26.    For this case, Ms. Anderson was instrumental in preparing for trial and managing the trial. Pretrial, she handled important pretrial hearings, including pretrial motions, jury instructions and verdict form.  At trial, she was the lead lawyer with respect to managing the trial team, work flows, staffing and trial logistics.

DECLARATION OF JAMES LEE ISO PLAINTIFFS' MOTION
FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

27.     **Joshua Stein**: Mr. Stein, a Partner at BSF's San Francisco office, is an experienced litigator who has held key roles as both in-house and outside counsel for some of the most significant litigation matters of the past decade. Before rejoining BSF as a Partner, Mr. Stein served as the Director of Litigation and Operations at Clipboard Health, where he was responsible for class action litigation, investigations, and crisis management. Prior to that he served as in-house counsel at Twitter, where he defended the company in a number of noteworthy content-related cases, including spearheading the work in Twitter's successful cert. petition to the U.S. Supreme Court in *Taamneh v. Twitter*. 598 U.S. 471 (2023). Mr. Stein clerked for the Honorable Ferdinand Fernandez of the United States Court of Appeals for the Ninth Circuit, earned his J.D. from Yale Law School, and his Ph.D. in United States history from the University of California, Los Angeles.

28.     For this case, Mr. Stein primarily focused on preparing letter briefs and motions related to discovery, drafting the opposition to summary judgment, and preparing materials for trial.

**29.     Jesse Panuccio:** Mr. Panuccio, a former third ranking official at the U.S. Department of Justice, is a Partner at BSF's Washington D.C. and Fort Lauderdale offices.  Mr. Panuccio's practice focuses on enforcement actions, regulatory matters, high stakes litigation and appeals.  He is the co-leader of the Firm's Appellate Practice Group.

30.     For this case, Mr. Panuccio assisted with drafting the complaint, developing early case strategy, and advising on potential legal and regulatory issues.

31.     **John Lyons:** Mr. Lyons, a Partner at BSF's New York office, focuses his practice on class actions, antitrust, and appeals.  He serves as trial and appellate counsel for Philip Morris USA and Philip Morris International.  He is one of the lead lawyers who developed the case theories and drafted the complaint in *Attridge v. Google*, which is currently pending.

32.     For this case, Mr. Lyons primarily assisted with drafting the opposition to Google's Motion for Summary Judgement and trial preparation, including analysis of case theories and expert testimony.

33.     **Logan Wright**: Mr. Wright is a senior Associate at BSF's D.C. office where he represents both plaintiffs and defendants in litigation in federal and state courts, as well as in arbitration under major arbitral rules. He served as one of the lead associates in *Brown v. Google*.  Before joining the firm, Mr. Wright practiced complex commercial litigation at another international law firm and served as General

-13-

Counsel & Legislative Assistant for a member of the U.S. House of Representatives. Mr. Wright clerked for the Honorable Thomas Barber of the United States District Court for the Middle District of Florida and graduated with honors from Columbia Law School.

34.     For this case, Mr. Wright prepared portions of major briefs filed by Plaintiffs, including Plaintiffs' motion for class certification, Plaintiffs' opposition to Google's motion for summary judgment, and various other pre-trial filings. Mr. Wright also prepared supporting material for key hearings, prepared for and second chaired multiple depositions, and was the principle BSF associate in charge of managing the mock jury exercises. Mr. Wright also played a pivotal role on the trial team, including in preparing witness examinations and closing argument.

35.     **Samantha Parrish**: Ms. Parrish is a senior Associate at BSF's Los Angeles office, where she focuses on class actions, data privacy, commercial matters, and employment. She currently serves as one of the lead lawyers in mass arbitration and multidistrict litigation proceedings involving a significant data breach related to a prominent fintech company.  Ms. Parrish graduated from Pepperdine University School of Law.

36.     For this case, Ms. Parrish assisted with preparing the case for trial and served as one of the senior Associates on the trial team. Pretrial, she assisted in important pretrial hearings, including pretrial motions, jury instructions and verdict form.  At trial, she was the lead associate responsible for managing demonstratives and exhibits, trial team workflows, staffing and trial logistics.

37.     **Rossana Baeza**: Ms. Baeza, a senior Associate at BSF's Miami office, focuses on complex and appellate litigation.  She served as one of the lead associates in *Brown v. Google*. She has also been involved in multidistrict litigation proceedings, such as the Takata Airbag MDL class action and the National Prescription Opiate MDL. She represented the Cherokee Nation in the MDL's tribal bellwether case, which secured a $75 million settlement against the opioid distributors. Ms. Baeza has extensive experience in motion practice and briefing, including helping win dismissals of claims, helping successfully oppose dispositive motions, and successfully obtaining a reversal in an appeal before the U.S. Court of Appeals for the Tenth Circuit. Ms. Baeza graduated from Washington and Lee University School of Law.

CASE NO. 3:20-cv-04688-RS
DECLARATION OF JAMES LEE ISO PLAINTIFFS' MOTION
FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

38.     For this case, Ms. Baeza helped draft the complaint, draft the oppositions to motions to dismiss, handled document discovery, prepared discovery motions, handled meet and confers, and took a deposition of a Google witness.

39.     **Victoria Scordato**: Ms. Scordato is an Associate at BSF's D.C. office where she focuses on multijurisdictional civil and criminal disputes and appeals. Before law school, she served as press secretary and digital director to a United States Senator and also worked in the White House under President Barack Obama as an advance associate, coordinating with the press.  She graduated from the University of California, Berkley School of Law.

40.     For this case, Ms. Scordato was a key member of the trial team. Her primary roles were to assist with examination outlines, prepare trial briefs, conduct research, and prepare closing argument demonstratives. After trial, Ms. Scordato assisted with post-trial briefing.

41.     **Julia Bront**: Ms. Bront is an Associate at BSF's San Francisco office where she focuses on data privacy, cybersecurity, and class actions cases.  Ms. Bront clerked for the Honorable Barry Ted Moskowitz of the United States District Court for the Southern District of California, and she graduated from University of California, Berkeley School of Law.

42.     For this case, Ms. Bront was part of the trial team where her primary role was assisting with the preparation of experts, conducting legal research, and preparing work product for the trial lawyers.  After trial, Ms. Bront participated in post-trial briefing.

43.     **Dillon Yang**: Mr. Yang was an Associate at BSF's San Francisco office where he focused on privacy and class action cases.  He is currently clerking for a judge on the U.S. Court of Appeals for the Fourth Circuit.  He graduated from Notre Dame Law School.

44.     For this case, Mr. Yang primarily assisted with drafting *Daubert* motions, motions in limine, and jury instructions.

45.     **Nicholas Santos**: Mr. Santos was an Associate at BSF's San Francisco office, whose practice focused on copyright, trademark, privacy, and complex commercial class actions in the technology sector. Prior to joining BSF, Mr. Santos worked as an Associate in the San Francisco office of another major law firm. Mr. Santos graduated from Duke University School of Law, where he was a member of the *Duke Law Journal*.

46.     For this case, Mr. Santos primarily assisted with class certification briefing, summary judgement briefing, and preparation for trial.

47.     **Andrew Rambo**: Mr. Rambo was an Associate at BSF's San Francisco office, whose practice focused on healthcare, arbitrations, and employment. He graduated from the University of California, Davis School of Law.

48.     For this case, Mr. Rambo primarily assisted with reviewing key documents and preparing an order of proof and other work product for trial.

49.     **Lauren LaVare**: Ms. LaVare was an Associate at BSF's San Francisco office, representing plaintiffs and defendants in complex trial and appellate litigation, focusing on data privacy and security, class actions, and antitrust. Ms. LaVare advised clients in business and consumer litigation involving privacy class actions, regulatory matters, and antitrust issues, including data misuse, wiretap acts, and consumer data reporting.  Ms. LaVare graduated *magna cum laude* and *order of the coif* from American University.

50.     For this case, Ms. LaVare primarily assisted with the development of the damages theories in the case.

51.     **Alexander Gruel**: Mr. Gruel is a BSF Staff Attorney who reviewed documents Google produced in discovery in preparation for depositions and to inform Plaintiffs' litigation strategy. He also assisted in other projects, including reviewing documents in preparation for the depositions of Ed Weng and Arne de Booij and assisting with the preparation of expert reports.

52.     **James Sliter**: Mr. Sliter is a BSF Staff Attorney who reviewed documents Google produced in discovery in preparation for depositions and to inform Plaintiffs' litigation strategy. He also assisted in other projects, including reviewing documents in preparation for the depositions of Steve Ganem and assisting with the preparation of expert reports.

53.     **Anna Christian**: Ms. Christian is a BSF Staff Attorney who reviewed documents Google produced in discovery in preparation for depositions and to inform Plaintiffs' litigation strategy. She also assisted in other projects, including compiling documents for the deposition of Steve Ganen and assisting with the preparation of expert reports.

54. **Erik Palm**: Mr. Palm is a former BSF Staff Attorney who reviewed documents Google produced in discovery in preparation for depositions and to inform Plaintiffs' litigation strategy.

55. **Paralegals**: Mr. Louis Salazar provided paralegal support for BSF's attorneys at various stages of this case.

56. **Administrative Staff**: Mr. Christopher Arborn is an administrative professional based in BSF's Armonk Office. Mr. Arborn assists David Boies in compiling materials for review, including preparing hearing binders, legal materials, and documents for execution. Mr. Arborn also assisted with logistics at key hearings and at trial.

### III.    BSF Attorneys' Fees

57. BSF routinely represents both plaintiffs and defendants in large class actions. When representing Plaintiffs on a contingent fee basis, BSF routinely seeks a substantial return on its investment in time and costs commensurate with the risks and opportunity costs, including working for paying clients on an hourly basis. BSF typically receives 33.3% to 40% of the gross sum recovered in its non-class contingency cases, with increases above that percentage in certain circumstances. BSF took this case expecting to, if successful, receive a risk enhancement. BSF litigated this case entirely on a contingent fee basis.

58. **Table 1** below contains a summary of the time spent by BSF attorneys, paralegals, and professional support staff on this case, the 2026 billing rates for each individual, and the firm's lodestar calculation using 2026 billing rates or equivalent 2026 billing rates for those who left the firm prior to 2026. All attorneys and staff, including myself, keep contemporaneous and reliable time records. BSF's hours and lodestar are summarized by timekeeper in the following **Table 1:**

**Table 1: Boies Schiller Flexner LLP Lodestar by Timekeeper**

| Timekeeper | Year of Admission | Sum of Work Hours | Rate | Lodestar Based on Hours & Rate |
|---|---|---|---|---|
| **BSF Attorneys' Fees** | | | | |
| **Partner** | | | | |
| Anderson, Alison | 2011 | 1,565.40 | $ 1,440 | $ 2,254,176 |
| Boies, Alexander | 2016 | 1,868.90 | $ 1,330 | $ 2,485,637 |
| Boies, David | 1967 | 1,427.70 | $ 2,730 | $ 3,897,621 |
| Lee, James | 2006 | 1,634.40 | $ 1,480 | $ 2,418,912 |
| Lyons, John | | 61.00 | $ 1,590 | $ 96,990 |
| Mao, Mark | 2005 | 2,720.20 | $ 1,480 | $ 4,025,896 |

| | | | | |
|---|---|---|---|---|
| Panuccio, Jessee | | 75.80 | $ 1,650 | $ 125,070 |
| Reblitz-Richardson, Beko | 2005 | 2,585.60 | $ 1,510 | $ 3,904,256 |
| Stein, Joshua | 2014 | 234.60 | $ 1,330 | $ 312,018 |
| **Associate** | | | | |
| Baeza, Rossana | 2018 | 538.20 | $ 1,120 | $ 602,784 |
| Bront, Julia | | 78.60 | $ 970 | $ 76,242 |
| LaVare, Lauren | 2021 | 172.40 | $ 790 | $ 136,196 |
| Parrish, Samantha | | 525.90 | $ 1,120 | $ 589,008 |
| Rambo, Andrew | | 312.50 | $ 890 | $ 278,125 |
| Santos, Nicholas | 2021 | 610.60 | $ 920 | $ 561,752 |
| Scordato, Victoria | | 627.10 | $ 970 | $ 608,287 |
| Wright, Logan | 2018 | 2,182.70 | $ 1,080 | $ 2,357,316 |
| Yang, Dillon | | 210.00 | $ 800 | $ 168,000 |
| **Staff Attorney** | | | | |
| Christian, Anna | 2007 | 661.20 | $ 570 | $ 376,884 |
| Gruel, Alexander | 2010 | 913.80 | $ 570 | $ 520,866 |
| Palm, Erik | 2018 | 116.00 | $ 400 | $ 46,400 |
| Sliter, James | 2005 | 874.50 | $ 570 | $ 498,465 |
| **Paralegal** | | | | |
| Salazar, Louis | | 600.70 | $ 500 | $ 300,350 |
| **Administrative Staff** | | | | |
| Arborn, Christopher | | 351.40 | $ 460 | $ 161,644 |
| | | | | |
| **Grand Total** | | **20,949.20** | | **$ 26,802,895** |

59.    **Table 1** reflects each timekeeper's contemporaneous records of the hours they worked. All counsel and paralegals keep contemporaneous time records, which are stored in a centralized firm system. BSF personnel used that system to prepare this table

60.    The hours reflected above are reasonable given the complexity, novelty, and length of the litigation and the significant volume of discovery required. This case was also taken to a completed trial and jury verdict, which is rare for a class action case of this size, complexity and novelty.  With no guarantee of recovering any of its fees or costs, BSF made every effort to staff and litigate this case as efficiently as possible.

61.    The hourly rates reflected above are the firm's standard 2026 hourly rates for those attorneys who remain at the firm as of this filing. For those formerly with BSF, the fees reflect their rate at the time of their departure. BSF's fee-paying clients pay these rates for hourly work.

62.    The hourly rates reflected above are also commensurate with comparable law firm rates. The $2,730 hourly rate for David Boies is reasonable in light of his experience and stature as one of

America's most preeminent litigators and the complex nature of this litigation. Mr. Boies focused on overseeing overall case strategy, preparing for and conducting oral arguments on the most important motions and serving as the first chair trial lawyer at trial.

63. To illustrate the work performed by BSF's attorneys and paralegals in this matter, my firm has prepared **Table 2** below, which summarizes the total hours and lodestar (i.e., the sum of each timekeeper's hours multiplied by that timekeeper's hourly rate) for each phase of the case. In reality, the phases of the case necessarily overlapped (*e.g.*, fact discovery proceeded while motions to dismiss were briefed). For ease of review, however, the phases of the case were simplified into successive periods bounded by the beginning or end of months during which the corresponding activities began or ended.

**Table 2: Boies Schiller Flexner LLP Lodestar by Litigation Phase**

| Litigation Phase | Hours | Lodestar |
|---|---|---|
| Preparation of Complaint (through July 2020) | 161.80 | $235,546.00 |
| Motion to Dismiss (Aug. 2020 – May 2021) | 1,054.90 | $1,497,656.00 |
| Fact Discovery (June 2021 – Oct. 2022) | 3,461.60 | $2,996,949.00 |
| Expert Discovery (Nov. 2022 – July 2023) | 1,077.90 | $1,226,045.00 |
| Class Certification (Aug. 2023 – Oct. 2023) | 429.70 | $633,576.00 |
| Notice & Summary Judgment (Nov. 2023 – July 2024) | 2,940.80 | $4,082,520.00 |
| Trial Preparation (Aug. 2024 – July 2025) | 6,377.50 | $8,568,966.00 |
| Trial (Aug. 2025 – Sep. 2025) | 4,375.10 | $5,909,422.00 |
| Post-Trial Proceedings (Oct. 2025 – Feb. 2026) | 1,069.90 | $1,652,215.00 |
| **Total** | **20,949.20** | **$26,802,895.00** |

64. Throughout this litigation, BSF served as lead counsel and played a central role in every phase of the case identified in **Table 2**, above. BSF led or co-led the drafting of all operative complaints and dispositive briefing, directed fact and expert discovery, examined and cross-examined key witnesses at trial, and helped shape overall case and trial strategy in coordination with co-counsel. BSF has continued to lead post-trial efforts, including remedies briefing, class notice, fee and cost proceedings, and preparation for post-judgment motions and any appeals.

### IV.    BSF's Costs

65. As shown in the schedule below, BSF advanced a total of $649,901.56 in un-reimbursed costs, without any guarantee of recoupment. These costs were reasonably necessary to litigate this case,

DECLARATION OF JAMES LEE ISO PLAINTIFFS' MOTION
FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

and they are of the type BSF routinely incurs in litigation and are typically paid by BSF's fee-paying clients.

| BSF Costs | |
|---|---|
| **Cost Description** | **Sum of Amount** |
| **Conference Costs** | **$  22,529.73** |
| Conference Expense - Meals - Local | $  22,529.73 |
| **Court Costs** | **$  3,287.38** |
| Filing Fees | $  1,337.00 |
| Court Reporters | $  259.90 |
| Process Servers | $  269.80 |
| Court Costs - Transcript Costs | $  1,420.68 |
| **Document Reproduction - Outside Services** | **$  17,994.27** |
| **Library Costs** | **$  393.73** |
| Publications | $  237.73 |
| Supplements | $  156.00 |
| **Local Transportation** | **$  6,487.88** |
| Car Services | $  6,315.88 |
| Parking | $  172.00 |
| **Meals** | **$  18,629.20** |
| Working Meals (travel) | $  8,585.61 |
| Working Meals (local) | $  10,043.59 |
| **Messenger and Couriers** | **$  4,561.14** |
| Messenger Services | $  696.80 |
| Overnight Couriers | $  3,864.34 |
| **Professional Expenses – Professional Fees** | **$  663.00** |
| **Research Charges** | **$  169,085.27** |
| Computer Research - Lexis | $  4,499.57 |
| Computer Research - Other | $  3,144.90 |
| Computer Research - Westlaw | $  161,440.80 |
| **Supplies Costs** | **$  4,425.87** |
| Paper | $  364.28 |
| Special Supplies | $  818.80 |
| Office Supplies | $  1,639.09 |
| Pantry Supplies | $  1,603.70 |
| **Telephone - Conference Call Charges** | **$  68.85** |

CASE NO. 3:20-cv-04688-RS
DECLARATION OF JAMES LEE ISO PLAINTIFFS' MOTION
FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

| Travel Costs | | $ | 401,775.24 |
|---|---|---|---|
| Airfare | | $ | 41,103.54 |
| Bus/Train | | $ | 716.00 |
| Car Rental | | $ | 567.40 |
| Car Services | | $ | 10,512.61 |
| Conference Meals | | $ | 17,579.67 |
| Lodging Costs | | $ | 329,049.58 |
| Mileage and Tolls | | $ | 113.89 |
| Parking | | $ | 2,116.55 |
| WiFi/Internet | | $ | 16.00 |
| **Grand Total** | | **$649,901.56** | |

66.    BSF has maintained reliable, individual records substantiating these costs, and this schedule was prepared from those records.

### V.    Common Litigation Fund

67.    To cover much of the joint costs necessary in pursuing this litigation, the three lead counsel firms pooled resources into a common litigation fund. The schedule below provides topline summaries of the costs paid through this common fund. I personally managed this fund on behalf of all three firms throughout this litigation, and I attest that these figures are accurate.

| Plaintiffs' Common Litigation Fund Costs | | |
|---|---|---|
| **Experts and Consultants** | | **Amount** |
| 233 Analytics, LLC | | $    444,566.14 |
| Analysis & Research Inc. | | $    106,899.36 |
| Ankura Consulting Group, LLC | | $    1,768,762.02 |
| Avia Global Consulting Corporation | | $    949,996.67 |
| Concur IP Consulting | | $    727,350.00 |
| Counterpane Systems LLC | | $    405,734.82 |
| Full Nelson Investigations / Dave Nelson | | $    12,300.00 |
| HKA Global | | $    428,110.65 |
| JE Hochman & Associates LLC | | $    553,112.36 |
| Kathleen Seidel | | $    66,244.88 |
| Keegan & Donato Consulting, LLC | | $    145,563.59 |
| Prescient | | $    7,138.69 |
| Samuel Issacharoff | | $    3,080.00 |
| | **Total** | **$    5,618,859.18** |

CASE NO. 3:20-cv-04688-RS
DECLARATION OF JAMES LEE ISO PLAINTIFFS' MOTION
FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

| **Document Platform System** | | | |
|---|---|---|---|
| International Litigation Services, LLC | **Total** | $ | **45,999.05** |
| **Jury Consultant & Mock Jury Exercises** | | | |
| Dubin Research & Consulting | | $ | 1,693,163.13 |
| Sophie Wong | | $ | 62,972.76 |
| | **Total** | $ | **1,756,135.89** |
| **Mediation** | | | |
| Phillips ADR | **Total** | $ | **114,704.00** |
| **Court Reporters & Transcription Services** | | | |
| Ana Maria Dub | | $ | 32,790.86 |
| Fresno Deposition Reporters | | $ | 1,252.50 |
| Lexitas | | $ | 10,128.00 |
| Rhonda L. Alquilina | | $ | 579.60 |
| Veritext, LLC | | $ | 209,478.40 |
| | **Total** | $ | **254,229.36** |
| **Class Action Notice Administration** | | | |
| Epiq Class Action & Claims Solutions, Inc. | | $ | **1,864,215.35**[1] |
| **Printing & Office Services** | | | |
| Digital One Legal Solutions | | $ | 38,285.21 |
| Empire Discovery LLC | | $ | 2,330.89 |
| First Legal Network | | $ | 651.00 |
| One Hour Delivery Service | | $ | 1,116.05 |
| Sitelogistix | | $ | 4,578.74 |
| SmartSource | | $ | 37,233.58 |
| W9 Microsolutions Inc. | | $ | 7,906.13 |
| | **Total** | $ | **92,101.60** |
| **Other Vendors & Miscellaneous Costs** | | | |
| 4Discovery, LLC | | $ | 90,754.09 |
| Bay Area Systems | | $ | 4,500.00 |
| Crowe LLP | | $ | 5,733.00 |
| Docusystems USA | | $ | 19,488.34 |
| Legal Media, Inc. | | $ | 260,591.24 |
| | **Total** | $ | **381,066.67** |
| | | | |
| | **TOTAL** | $ | **10,127,311.10** |

---

[1] This includes $800,000 in estimated costs associated with the fee notice and running notice-related costs.

CASE NO. 3:20-cv-04688-RS

DECLARATION OF JAMES LEE ISO PLAINTIFFS' MOTION
FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

68. Each category of costs and topline entry is further described below. All of these costs are normally paid by fee-paying clients.

### a. Experts

69. **233 Analytics, LLC** is the entity Class Counsel contracted with to retain Mr. Christopher Thompson, an expert who consulted on the technical aspects of this case. Mr. Thompson assisted with interpreting Google's technical discovery responses and documents. Mr. Thompson was responsible for overseeing and architecting the testing and data capture process used at trial. Mr. Thompson also supported Mr. Jonathan Hochman, Plaintiffs' testifying technical expert, by assisting with Mr. Hochman's preparation of his expert report and appendices (Dkts. 361-58 through 361-61), including authoring custom software to process and extract data from Google's productions and the Plaintiffs' preserved data. Mr. Thompson served as a technical consultant at trial. The costs charged by 233 Analytics, LLC include fees paid for the services of Mr. Thompson's team, who assisted Mr. Thompson with his work.

70. **Analysis & Research, Inc.** is the corporate entity Class Counsel contracted with to retain Mr. Jay Bhatia, a technical expert who analyzed how Google's tracking beacons operate and tested how these beacons function. Mr. Bhatia also supported Mr. Jonathan Hochman, Plaintiffs' testifying technical expert, by assisting with Mr. Hochman's preparation of his expert report. Dkts. 361-58 through 361-61. These costs charged by Analysis & Research Inc. include fees paid for the services of Mr. Bhatia's team, who assisted Mr. Bhatia with all of his work.

71. **Ankura Consulting Group, LLC** is the corporate entity Class Counsel contracted with to retain Mr. Michael Lasinski, Plaintiffs' damages expert in this case. Mr. Lasinski, with assistance from others at Ankura, prepared an expert report quantifying the number of class members, explaining how Googles uses and monetizes Web & App Activity data, and offering various methodologies for calculating damages, among other opinions. Dkt. 364-23. Mr. Lasinski also sat for a deposition on the opinions proffered in this report and testified at trial. His report and testimony were supported by his team at Ankura. Prior to trial, Mr. Lasinski left Ankura and joined another corporate entity, HKA Global, which is described further below.

72. **Avia Global Consulting Corporation** is the entity Class Counsel contracted with to retain Dr. Lillian Dai, a non-testifying expert hired to consult on the technical aspects of this case. Dr. Dai was

fundamental to understanding the mechanics of how Google collects, stores, and uses Web & App Activity data, and how that data may be used to identify individuals. Dr. Dai oversaw the work done by the Concur IP engineers, whom Class Counsel hired to review Google's trove of technical document productions. Dr. Dai supported Mr. Jonathan Hochman, Plaintiffs' testifying technical expert, by providing significant assistance for his expert report. Dkts. 361-58 through 361-61. Dr. Dai also provided support for Mr. Lasinski's report. Dkt. 364-23. Further, Dr. Dai assisted with depositions of Google's experts and employees and served as a technical consultant at trial.

73.    **Concur IP Consulting** was retained to provide engineers to review and analyze some of Google's highly technical document productions. Overseen by Dr. Lillian Dai, their work was instrumental for selecting and preparing for depositions of Google employees, identifying materials that Plaintiffs' testifying experts could rely on for their reports, and developing the litigation strategy in this case.

74.    **Counterpane Systems LLC** is the entity Class Counsel contracted with to retain Professor Bruce Schneier, an international security technologist and Plaintiffs' privacy expert in this case. Professor Schneier prepared two expert reports addressing, among other issues, how privacy has historical roots in political liberty, commercial fairness, and economic competition, how Google's disclosures were deceptive, and how its conduct in this case puts users' privacy at risk. Dkts. 361-57 (Schneier Report); 473-8 (Schneier Suppl. Report). . Professor Schneier sat for deposition and was prepared to testify at trial on behalf of the Rule 23(b)(2) classes and the Named Plaintiffs. These costs include fees paid for the services of Professor Schneier's research and writing assistant, Kathleen Seidel.

75.    **Full Nelson Investigation ("FNI")** is the entity Class Counsel contracted with to retain Mr. Dave Nelson, who formerly worked on cybercrime investigations at the Federal Bureau of Investigation ("FBI"). Mr. Nelson provided investigative research into current and former Google employees as potential witnesses for trial, assisted with the preparation of Plaintiffs' testimony for trial, and potential impeachment of witnesses on Google's witness list.

76.    **JE Hochman & Associates LLC** is the entity Class Counsel contracted with to retain Mr. Jonathan Hochman, Plaintiffs' testifying technical expert in this case. Mr. Hochman and his team prepared his expert report and appendices, which addressed the technical aspects of how Google collects, stores,

and uses Web & App Activity data and how that data can be used to identify individuals, including through substantial analyses of the data that Google produced. Dkts. 361-58 through 361-61. Mr. Hochman sat for deposition and testified at trial. These costs charged by JE Hochman & Associates LLC include fees charged for the services of Mr. Hochman's research and writing team.

77.    **HKA Global** is the corporate entity Class Counsel contracted with to retain Mr. Michael Lasinski, Plaintiffs' damages expert in this case, after he left Ankura Consulting Group. While at HKA Global, Mr. Lasinski prepared a supplemental expert report quantifying the number of class members to support the jury in calculating damages, among other opinions. Mr. Lasinski also sat for his second deposition on the opinions proffered in this report and testified at trial.

78.    **Keegan & Donato Consulting, LLC** is the entity Class Counsel contracted with to retain Mr. Mark Keegan, Plaintiffs' survey expert in this case. He and his team developed and conducted a survey in support of Michael Lasinksi's expert report.  Mr. Keegan was prepared to testify at trial but his testimony was not required.

79.    **Epiq Class Action and Claims Solutions, Inc. ("Epiq")** is the entity Class Counsel contracted with to retain Mr. Cameron Azari, Plaintiffs' notice expert in this case.  He and his team devised a notice plan to comply with Due Process and demonstrate how, if the Court certified the classes, class members could be notified about the case and their rights.  Mr. Azari sat for deposition on the opinions proffered in his report.  Because of the nature of his opinions, Mr. Azar's testimony was not required at trial.

80.    **Professor Samuel Issacharoff** is the Bonnie and Richard Reiss Professor of Constitutional Law at New York University School of Law, who was retained by Class Counsel to provide consulting services on a wide range of class action-related issues, including class notice, issue certification, and jury trial.

### b.    Document Platform System

81.    **International Litigation Services** ("ILS") was retained to provide the document review and document production platform used by Class Counsel throughout this litigation. ILS hosted the massive amount of documents and data that Google produced in this case, and when necessary, provided technical support to Class Counsel related to hosting these documents.  Class Counsel relied on their

experience with document production platforms in other cases, as well as bids from other potential vendors, to ultimately retain ILS's services at competitive rates.

### c. Class Action Notice Administration

82.     **Epiq Class Action and Claims Solutions, Inc. ("Epiq")**, in addition to being the entity that Class Counsel contracted with to retain Mr. Azari (as described above), was also retained to provide notice to members of the classes that this litigation had been certified under Rules 23(b)(2) and 23(b)(3), information about the litigation, and their rights to proceed as class members or seek exclusion.  Epiq will likewise provide fee notice to the members of the classes regarding the Motion for Attorneys' Fees, Costs, and Service Awards, as well as manage all notice-related tasks and projects.  Class Counsel relied on Epiq's experience with notice administrators in other cases, as well as bids from other potential administrators, to ultimately retain Epiq's services at competitive rates.  Mr. Azari's service in this case as an expert did not affect Class Counsel's decision to retain Epiq.

### d. Jury Consultant and Mock Jury Exercises

83.     **Dubin Research & Consulting** is the jury consulting firm Class Counsel hired to stage and manage two mock jury exercises, which Class Counsel conducted in preparation for trial in 2025. Dubin Research & Consulting also analyzed and interpreted mock jury responses to key arguments Class Counsel tested during the jury exercises and employed at trial.  Finally, Dubin Research & Consulting assisted with the selection of the jury at trial.

84.     **Sophie Wong** is an independent consultant, specializing in marketing and public communications, who assisted Class Counsel with analyzing and interpretating the results of the mock jury exercises to further develop key arguments and themes that Class Counsel employed at trial.

### e. Mediation

85.     **Phillips ADR** was contracted with for purposes of working with former District Court Judge Layn Phillips, as mediator. The parties participated in formal mediation as well as informal mediation discussions numerous times at various stages of litigation.

### f. Court Reporters and Transcription Services

86.     **Ana Maria Dub** was paid to provide transcription services for court proceedings.

87. **Fresno Deposition Reporters** was paid to provide transcription services for the deposition of Plaintiff Susan Harvey.

88. **Lexitas** was retained to provide transcription services for mock jury exercises in preparation for trial.

89. **Rhonda Alquilina** was paid to provide transcription services for court proceedings, including the hearing on Google's motion for summary judgment.

90. **Veritext, LLC** was retained to provide logistical, technical support services, and transcription and videographer services for depositions throughout this litigation.

### g.  Printing and Office Services

91. **Digital One Legal Solutions** was retained to provide logistical support and prepare materials for hearings.

92. **Empire Discovery LLC** was retained to print and prepare binders used for this litigation.

93. **First Legal** was retained to print, prepare, and deliver binders and courtesy copies of filings to the Court.

94. **One Hour Delivery Service** was retained to deliver binders and materials to the Court.

95. **Sitelogistix** was retained to provide logistical and printing services for major hearings and mock jury exercises.

96. **SmartSource** was retained to provide printing and delivery services at trial.

97. **W9 Microsolutions** was retained to provide printing services.

### h.  Other Vendors and Miscellaneous Costs

98. **4Discovery, LLC (and subsequently Crowe LLP)** was retained to conduct forensic imaging of data produced during the course of discovery, including data from the class representatives' personal devices, and securely maintaining that data throughout litigation.

99. **Bay Area Systems** and **Docusystems USA** were retained to provide information technology and printing support at trial.

100. **Legal Media, Inc.** was retained to provide graphics services and prepare presentations throughout the litigation, including for hearings such as class certification, summary judgement, and trial.

DECLARATION OF JAMES LEE ISO PLAINTIFFS' MOTION
FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

Dated: March 30, 2026

By */s/ James W. Lee*

James W. Lee (*pro hac vice*)
jlee@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

*Attorney for Plaintiffs*

-28-    CASE NO. 3:20-cv-04688-RS

DECLARATION OF JAMES LEE ISO PLAINTIFFS' MOTION
FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS