**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 995-5720
alanderson@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
Ryan Sila (admitted pro hac vice)
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com
rsila@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Michael F. Ram, CA Bar No. 104805
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
mram@forthepeople.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, JULIAN SANTIAGO, and SUSAN LYNN HARVEY individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.:  3:20-cv-04688-RS<br><br>**DECLARATION OF ALEXANDER FRAWLEY IN SUPPORT OF PLAINTIFFS' MOTION FOR FEES, COSTS, AND SERVICE AWARDS**<br><br>Judge: Hon. Richard Seeborg<br>Courtroom 3 – 17th Floor<br>. |

DECLARATION OF ALEXANDER FRAWLEY ISO PLAINTIFFS' MOTION FOR FEES AND COSTS

**<u>DECLARATION OF ALEXANDER FRAWLEY</u>**

I, Alexander Frawley, declare as follows.

1. I am an associate with the law firm of Susman Godfrey L.L.P., with an office located at One Manhattan West, 50th Floor, New York, NY 10001. Susman Godfrey is counsel for Plaintiffs and the certified classes in the above-captioned action. I am an attorney at law duly licensed to practice before all courts of the State of New York and admitted *pro hac vice* for this case. Dkt. 81. Except as otherwise stated, I have personal knowledge of the matters set forth herein, and I would and would testify competently thereto if called upon to do so.

2. I have closely worked with Plaintiffs' expert Bruce Schneier and his assistant Kathleen Seidel, as well as with Legal Media Inc., which is a legal graphics company that Plaintiffs retained for this case. Each were very helpful and provided significant value. In this declaration, I will briefly address their costs and contributions.

## I.    Bruce Schneier and Kathleen Seidel

3. I understand that Bruce Schneier is a Lecturer in Public Policy at the Harvard Kennedy School of Government, where he teaches on cybersecurity technology, law, and policy. I also understand that he is a fellow at the Berkman Klein Center for Internet and Society at Harvard, and that he has testified about Internet security and privacy to the United States Senate, the United States House of Representatives, and the United Kingdom's House of Lords. I also understand that Professor Schneier is a *New York Times* best-selling author of fourteen books and of hundreds of articles on digital security, privacy, cryptography, and related topics, including many academic titles and over one hundred scholarly publications.

4. Plaintiffs retained Bruce Schneier to develop and provide opinions relating to the alleged conduct, including Google's (s)WAA disclosures as well as the value of privacy and user data.

5. Professor Schneier prepared two expert reports, including an initial report, served on February 20, 2023, and a supplemental report, served on January 6, 2025. I worked with Professor Schneier on these reports, including by reviewing drafts and discussing these reports

with him and other members of the Plaintiffs' counsel team. Professor Schneier also sat for a full-day remote deposition in this case, on July 11, 2023, which was taken by counsel for Google. I attended this deposition by Zoom. I also attended remote prep sessions with Professor Schneier to help him prepare for deposition. Professor Schneier also prepared to testify at trial and was present in San Francisco and ready to testify, though we ultimately did not call him to testify.

6.      I also worked closely with Kathleen Seidel, whom we retained to assist Professor Schneier in preparing his reports. Ms. Seidel assisted Professor Schneier by conducting research, reviewing documents, and by editing and cite checking drafts of his reports. She also assisted with his deposition and trial prep, and we consulted her in responding to the *Daubert* motion that Google filed against Professor Schneier. Ms. Seidel did excellent work, and her work also defrayed our costs because she billed her time at a lower rate relative to Professor Schneier.

7.      I understand that Professor Schneier billed his time through an entity Counterpane Systems LLC and that Ms. Seidel billed her time separately and that each provided separate invoices. I understand their invoices were paid through a joint litigation fund administered by our co-counsel firm, Boies Schiller Flexner.

8.      The costs associated with their work totaled $471,979.70, including $405,734.82 for Professor Schneier and $66,244.88 for Ms. Seidel. These costs include 1,013.5 hours of work, including 484.5 hours for Professor Schneier and 529 hours for Ms. Seidel.

9.      Professor Schneier's work during each phase of the litigation is summarized in the following table:

**Table 1: Bruce Schneier Hours and Fees & Expenses**

| Litigation Phase | Hours | Fees & Expenses |
|---|---|---|
| Preparation of Complaint (through July 2020) | 0 | $0 |
| Motions to Dismiss (Aug. 2020 – May 2021) | 0 | $0 |
| Fact Discovery (June 2021 – Oct. 2022) | 0 | $0 |
| Expert Discovery (Nov. 1, 2022 – July 2023) | 147.5 | $121,687.50 |
| Class Certification (Aug. 2023 – Oct. 2023) | 0 | $0 |
| Notice & Summary Judgment (Nov. 2023 – July 2024) | 34.5 | $27,562.50 |
| Trial Preparation (Aug. 2024 – July 2025) | 158.5 | $132,326.67 |
| Trial (Aug. 2025 – Sep. 2025) | 144 | $124,158.15 |
| Post-Trial Proceedings (Oct. 2025 – Jan. 2026) | 0 | $0 |

| Litigation Phase | Hours | Fees & Expenses |
|---|---|---|
| **Total** | **484.55** | $405,734.82 |

10.     Ms. Seidel's work during each phase of the litigation is summarized in the following table:

**Table 2: Kathleen Seidel Hours and Fees & Expenses**

| Litigation Phase | Hours | Fees & Expenses |
|---|---|---|
| Preparation of Complaint (through July 2020) | 0 | $0 |
| Motions to Dismiss (Aug. 2020 – May 2021) | 0 | $0 |
| Fact Discovery (June 2021 – Oct. 2022) | 0 | $0 |
| Expert Discovery (Nov. 1, 2022 – July 2023) | 326 | $40,869.88 |
| Class Certification (Aug. 2023 – Oct. 2023) | 0 | $0 |
| Notice & Summary Judgment (Nov. 2023 – July 2024) | 30 | $3,750 |
| Trial Preparation (Aug. 2024 – July 2025) | 162 | $20,250 |
| Trial (Aug. 2025 – Sep. 2025) | 11 | $1,375 |
| Post-Trial Proceedings (Oct. 2025 – Jan. 2026) | 0 | $0 |
| **Total** | **529** | $66,244.88 |

11.     Below I summarize their work during the various phases of the case.

12.     **Expert Discovery**. Professor Schneier and Ms. Seidel performed a substantial amount of work during this phase to prepare and finalize Professor Schneier's initial expert report.

13.     Professor Schneier and Ms. Seidel researched public materials and reviewed Google documents and deposition testimony to develop Professor Schneier's opinions. We held regular calls with Professor Schneier and Ms. Seidel to discuss their progress.

14.     Professor Schneier's final report totaled 109 pages and included teaching opinions about data and privacy as well as opinions focused on Google's conduct. Dkt. 314-6. Specifically, he described how the internet's business model is largely based on surveillance. *Id.* ¶¶ 45–69. He detailed how our actions online, including on mobile apps, generate unique, sensitive, and valuable data that companies and governments have strong incentives to collect and exploit. *Id.* ¶¶ 70–127. He opined that that once collected, data is at risk of leakage, breach, misuse, de-anonymization, and government subpoena. *Id.* ¶¶ 66–69. He also explained that there is a fundamental conflict between Google's business model, which is based on user data, and its purported desire to offer users privacy, *id.* ¶¶ 178–215, and why the data Google collects isn't anonymous, *id.* ¶¶ 216– 48. He also explained how these dynamics apply to Google's (s)WAA toggles and (s)WAA-off app

activity data. *Id.* ¶¶ 305–310. Finally, he described how Google's public representations about the (s)WAA toggles bear the hallmarks of "dark patterns." *Id.* ¶¶ 311–388.

15. During the expert discovery period, Professor Schneier also spent significant time preparing for his deposition, and Ms. Seidel spent many hours helping him to prepare. In addition, both Professor Schneier and Ms. Seidel spent significant time reviewing the report served by Google's rebuttal expert Dr. Donna Hoffman, who responded to Professor Schneier's report. Relatedly, I deposed Dr. Hoffman, and I consulted with Professor Schneier and Ms. Seidel in preparing for that deposition.

16. **Notice & Summary Judgment.** Professor Schneier and Ms. Seidel billed limited time during this portion of the case. Their work consisted of conducting research for and drafting a supplemental expert report—work that continued into the next phase of the case and culminated in the supplemental report from Professor Schneier that Plaintiffs served in January 2025.

17. **Trial Preparation**. Professor Schneier and Ms. Seidel completed substantial work in preparation for trial. This work included researching, drafting, and finalizing a supplemental expert report, served January 6, 2025, which explained how the opinions in Professor Schneier's initial report applied to conduct and events from the portion of the Class Period that post-dated his initial report (i.e., the period between February 20, 2023, and September 23, 2024). Dkt. 474-3. Professor Schneier and Ms. Seidel also reviewed a supplemental rebuttal report offered by Google's expert Dr. Hoffman.

18. During this phase, Google moved to exclude almost the entirety of each of Professor Schneier's reports under Federal Rule of Evidence 702. Professor Schneier and Ms. Seidel helped analyze Google's briefs and provided input on Plaintiffs' opposition brief and oral argument strategy. The Court ultimately denied Google's motion in substantial part.

19. Professor Schneier and Ms. Seidel also spent many hours preparing for Professor Schneier's anticipated trial testimony. I met with Professor Schneier by Zoom and in person for trial prep sessions. Ms. Seidel attended these sessions by Zoom.

20.    **Trial**. Professor Schneier travelled to San Francisco to continue his trial preparation work in person with the counsel team and to attend trial. That work included regular meetings with counsel. Ms. Seidel participated in these sessions by Zoom. Professor Schneier also attended trial each day from August 19 through August 21 and was prepared to testify but we ultimately elected not to call him.

## II.    Legal Media, Inc.

21.    Legal Media, Inc. ("Legal Media"), specializes in litigation graphics work, and we retained them to provide graphics assistance at different stages of this case. My firm, Susman Godrey, does not have an in-house graphics team, so we hire Legal Media or similar companies for graphics work. I understand that fee-paying Susman Godfrey clients pay for Legal Media's services, as they do for other vendors we hire. I understand that Boies Schiller and Morgan and Morgan are similarly situated in that neither firm has an in-house graphics team and that Boies Schiller's fee-paying clients likewise pay for Legal Media's services.[1]

22.    Legal Media made significant contributions at various stages of the case, particularly by designing demonstrative aids that helped us present our case to the Court and the jury.

23.    Costs associated with their work totaled $260,591.24, which includes 861.5 hours of work. Legal Media's work during each phase of the litigation is summarized in the following table:

**Table 3: Legal Media, Inc. Hours and Fees & Expenses**

| Litigation Phase | Hours | Fees & Expenses |
|---|---|---|
| Preparation of Complaint (through July 2020) | 0 | $0 |
| Motions to Dismiss (Aug. 2020 – May 2021) | 1.5 | $375 |
| Fact Discovery (June 2021 – Oct. 2022) | 0 | $0 |
| Expert Discovery (Nov. 1, 2022 – July 2023) | 0 | $0 |
| Class Certification (Aug. 2023 – Oct. 2023) | 13.5 | $3,600 |
| Notice & Summary Judgment (Nov. 2023 – July 2024) | 125.25 | $35,140.73 |
| Trial Preparation (Aug. 2024 – July 2025) | 173 | $46,315.29 |

---

[1] I understand that Morgan and Morgan does not have fee-paying clients.

DECLARATION OF ALEXANDER FRAWLEY ISO PLAINTIFFS' MOTION FOR FEES & COSTS

5

| Litigation Phase | Hours | Fees & Expenses |
|---|---|---|
| Trial (Aug. 2025 – Sep. 2025) | 474.75 | $154,698.37 |
| Post-Trial Proceedings (Oct. 2025 – Jan. 2026) | 73.5 | $20,461.85 |
| **Total** | **861.5** | **$260,591.24** |

24.     **Motion to Dismiss**: Legal Media assisted with preparing demonstrative slides for the hearing on Google's motion to dismiss, held on March 4, 2021.

25.     **Class Certification**: Legal Media assisted with preparing demonstrative slides for the hearing on Plaintiffs' motion for class certification, held on October 5, 2023.

26.     **Notice & Summary Judgment**: Legal Media assisted with preparing demonstrative slides for the hearing on Google's motion for summary judgment, held on July 25, 2024. A Legal Media employee also attended the hearing to assist with displaying these demonstratives in the courtroom. During this phase Legal Media also began working on demonstratives for Plaintiffs' mock jury exercises.

27.     **Trial Preparation.**  Legal Media assisted with preparing slides and demonstratives for Plaintiffs' mock jury exercises. During this phase Legal Media also helped prepare demonstratives for trial, including for expert examinations. And Legal Media assisted with preparing slides for the February 13, 2025 oral argument on Google's motion to strike portions of Plaintiffs' amended Rule 26 disclosures, Dkt. 442, and a Legal Media employee also attended this hearing to assist with displaying these demonstratives in the courtroom.

28.     **Trial.** Legal Media devoted substantial time to this case during trial. One member of the Legal Media was physically present in San Francisco for the duration of the trial to serve as Plaintiffs' "hot seat" operator in the courtroom and assist with displaying slides, demonstratives, and videos to the Court and the jury. For most of the trial (but not the entire trial), a second member of the Legal Media team was also physically present in San Francisco with the counsel team. This second member of the Legal Media team assisted with preparing for upcoming trial exams while the "hot seat" operator was in Court each day. Given the number of witnesses, it was crucial to have two Legal Media team members on site to help prepare for each day of trial.

29.     **Post-trial Proceedings:** Legal Media assisted with preparing demonstrative slides for the hearing on the parties' post-trial motions, held on January 21, 2026. These motions included

Plaintiffs' motion for permanent injunction and disgorgement as well as Google's motion to decertify the classes. A Legal Media employee also attended the hearing to assist with displaying these demonstratives in the courtroom.

30. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 30th day of March 2026, at New York, NY.

SUSMAN GODFREY L.L.P.

Dated: March 30, 2026          By: */s/  Alexander Frawley*
                                   Alexander Frawley