**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
725 S Figueroa St., 31st Floor
Los Angeles, CA 90017
Tel.: (213) 995-5720
alanderson@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
Ryan Sila (admitted pro hac vice)
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com
rsila@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Michael F. Ram, CA Bar No. 104805
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
mram@forthepeople.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, JULIAN SANTIAGO, and SUSAN LYNN HARVEY individually and on behalf of all other similarly situated,<br><br>        Plaintiffs,<br><br> v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Case No.: 3:20-cv-04688-RS<br><br>**DECLARATION OF ANIBAL RODRIGUEZ IN SUPPORT OF PLAINTIFFS' MOTION FOR FEES, COSTS, AND SERVICE AWARDS**<br><br>Judge: Hon. Richard Seeborg<br>Courtroom 3 – 17th Floor |

**<u>DECLARATION OF ANIBAL RODRIGUEZ</u>**

Pursuant to 28 U.S.C. § 1746, I, Anibal Rodriguez, hereby declare as follows:

1.      My name is Anibal Rodriguez. I am over eighteen years of age and am competent to testify to and have personal knowledge of the facts set forth herein.

2.      I am one of the class representatives appointed in the Court's class certification order in this lawsuit against Google, LLC. ("Google").

3.      I provided a declaration in support of Plaintiffs' motion for class certification (Dkt. 315-7), and I am now providing this declaration in support of the judgment achieved in this case.

4.      I understand that the Court certified nationwide classes for monetary relief under Rule 23(b)(3) and injunctive relief under Rule 23(b)(2), and that after some post-certification briefing to clarify the scope of those classes, the Court ultimately certified the following classes for monetary relief under Rule 23(b)(3) for the invasion of privacy and intrusion upon seclusion claims:

> Class 1: All "non-Enterprise" and "non-Unicorn" individuals who, during the period beginning July 1, 2016 and continuing through the present (the "Class Period"), (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running the Android operating system, because of the Firebase Software Development Kit ("SDK") and/or Google Mobile Ads SDK.

> Class 2: All "non-Enterprise" and "non-Unicorn" individuals who, during the Class Period (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running a non-Android operating system, because of the Firebase SDK and/or Google Mobile Ads SDK.

5.      I also understand that the following classes were certified under Rule 23(b)(3) for the CDAFA claim, as well as under Rule 23(b)(2) for all claims:

> Class 1 is the "Android Class" and consists of all individuals who, during the period beginning July 1, 2016 and continuing through September 23, 2024, (a) had their "Web & App Activity" and/or "Supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running the Android operating system, because of the Firebase Software Development Kit ("SDK") and/or Google Mobile Ads SDK.

> Class 2 is the "Non-Android Class" and consists of all individuals who, during the period beginning July 1, 2016 and continuing through September 23, 2024, (a) had their "Web & App Activity" and/or "Supplemental Web & App Activity" setting turned off and (b)

---

whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running a non-Android operating system, because of the Firebase Software Development Kit ("SDK") and/or Google Mobile Ads SDK.

6.      As a named plaintiff and class representative in this action, I understand that I have a duty to protect the interests of the classes, and I have at all times acted consistent with that duty and for the benefit of the classes.

7.      I am not aware of anything that has in any way limited my ability to adequately represent the interests of the classes and members of the classes or any interests that conflict in any way with the interests of the classes and members of the classes. I have not been promised any compensation for bringing this case or serving as a class representative.

8.      I understand that I am a member of Class 1 for all claims because I turned WAA and sWAA off but Google still collected my (s)WAA-off Data on non-Google-branded mobile apps from my Android mobile devices. Although I thought that Google would not collect, save, or use any (s)WAA-off Data when I had turned off WAA and sWAA, I now know that Google still collects, saves, and uses my (s)WAA-off Data without my consent.

9.      I have been and continue to be willing to do what is necessary to protect the interests of the members of the classes. I have retained lawyers who have experience in class action litigation. I have discussed this case with my lawyers on numerous occasions, and reviewed pleadings before they were filed.

10.     I have responded to numerous written discovery requests from Google, including 8 interrogatories, 42 requests for production, and 41 requests for admission which, cumulatively in this case, required many days of my attention and work to fulfill.  This included working with my lawyers to identify potential sources, searching for and gathering potentially responsive documents, and reviewing and providing input on the responses to Google's discovery requests.

11.     My personal devices were also imaged so that account information, settings, and other data could be retrieved. I also allowed Google to pull information from my account that is sensitive and confidential to me, like my Google subscriber information. I also helped gather

information from my device (with the help of my lawyers and experts) to submit to Google to help understand how Google's collection, storage, and use of sWAA-off Data works.

12. I provided a full day of deposition testimony for this case on October 16, 2022. In preparation for that deposition, I met many times with my lawyers in the weeks and days leading up to the deposition, which was time I ordinarily would have spent on other professional and personal matters.

13. My participation in this case was difficult, including because the discovery efforts described above exposed parts of my life that I would have liked to keep private. However, I accepted that tradeoff for the privilege of representing these classes and seeking relief that holds Google accountable, and I am honored to have helped secure the relief provided by the judgement achieved after trial in this case.

14. I am familiar with the claims that have been asserted in the case and have remained apprised of the strategy employed in this litigation. I have remained committed to staying up to date on additional developments in this case by continuing to confer with my attorneys on a regular basis, including motions practice that occurred after the Court certified the classes. This included periodically meeting with my attorneys to discuss strategy for summary judgment and trial, as well as the mediation sessions that occurred in this case after the Court denied Google's motion for summary judgment. My attorneys discussed with me the strategies, progress, and results of these motions and mediation sessions.

15. In August 2025, I traveled from Hartford, Connecticut to San Francisco, California to prepare for and attend trial. This was a difficult burden on my family and me. First and foremost, I was away and not able to carry out my usual duties in my personal life. Additionally, in the weeks leading up to the trial I found new employment. However, my new employment required intense training, which I would have had to perform during the scheduled trial days. This potential new employer worked with me and pushed my start date back so that I could attend a different training cycle, but I was not able to earn income during the interim because I was focused on my duties and obligations as a class representative, which included working with my lawyers

to prepare for trial.  Unfortunately, because of the time I devoted to this important trial, I ultimately was not able to begin that employment.  That preparation included many meetings before and during trial to ensure that the classes were represented as well as possible.

16.    I am aware that there are attorneys' fees and costs involved in representing classes, and I have arranged with my attorneys that they will seek recovery of those attorneys' fees and costs from the common fund established as a result of the judgment.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 30, 2026.

/s/ Anibal Rodriguez
ANIBAL RODRIGUEZ