**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
Alexander Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com
aboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Tel.: (213) 995-5720
alanderson@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
Ryan Sila (admitted pro hac vice)
Xiaoming Wang (admitted pro hac vice)
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com
rsila@susmangodfrey.com
twang@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Michael F. Ram, CA Bar No. 104805
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
mram@forthepeople.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 3:20-cv-04688-RS<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**<br><br>Judge: Hon. Richard Seeborg<br>Hearing Date: August 13, 2026, at 1:30 p.m.<br>Courtroom 3 – 17th Floor |

1

**[PROPOSED] ORDER**

In this privacy action, two classes of Google users sued Google for collecting their app activity data in contravention of Google's privacy disclosures. A jury found Google liable for invasion of privacy under the California Constitution and intrusion upon seclusion under California law, and it awarded the classes $425,651,947 in compensatory damages. This Court has entered final judgment, awarding the classes that amount plus pre-judgment and post-judgment interest. Dkt. 725. At the time of final judgment, the award was $440,345,685.40, and that amount is accruing post-judgment interest.

Plaintiffs now move for an award of attorneys' fees, costs, and service awards. The attorneys' fees request is for one-third of the common fund generated for the classes. Plaintiffs also request $12,422,374.42 in reimbursement for their costs as well as service awards for the three Class Representatives.  For the reasons explained below, the motion is **GRANTED.**

## I.    Attorneys' Fees

California law applies to this request because Plaintiffs prevailed on their intrusion upon seclusion and invasion of privacy claims, which are state law claims. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). Under California law, "attorneys' fees in class action cases may be calculated in one of two ways: [1] the percentage method (a percentage of the common fund or settlement value) or [2] the lodestar-multiplier method." *Hernandez v. Burrtec Waste & Recycling Servs., LLC*, 2023 WL 5725581, at *6 (C.D. Cal. Aug. 21, 2023) (citing *Laffitte v. Robert Half Int'l Inc.,* 1 Cal. 5th 480, 489 (2016)). This Court will follow "most courts" and use the "superior" percentage method, *Laffitte*, 1 Cal. 5th at 494, which ensures that "Class Counsel's interests are aligned with the Class," *In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3960068, at *5 (N.D. Cal. Aug. 17, 2018).

Class Counsel's request for one-third of the common fund is granted. A one-third award is "typical" in "California state court." *Oliveira v. Language Line Servs., Inc.*, 767 F. Supp. 3d 984, 1001 (N.D. Cal. 2025). In fact, "California courts routinely award attorneys' fees of one-third of the common fund." *Beaver v. Tarsadia Hotels*, 2017 WL 4310707, at *9 (S.D. Cal. Sept. 28, 2017)

(citing *Laffitte*, 1 Cal. 5th at 506, *Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 66 n.11 (2008)). At a minimum, Class Counsel is entitled to a "typical" attorneys' fees award under California law, particularly given the substantial risk and expense that Counsel assumed in litigating this complex case for over five years and trying the case to verdict.

While no lodestar crosscheck is necessary, *Consumer Privacy Cases*, 175 Cal. App. 4th 545, 557 (2009), that analysis further supports the reasonableness of Class Counsel's request. Counsel's current lodestar is $56,768,654, which means the requested award of $146,781,895.13 (as of final judgment)[1] represents a 2.59 multiplier on the lodestar. That 2.59 multiplier falls comfortably within the "reasonable lodestar multiplier" range of "1.0 all the way up to 4.0." *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 2025 WL 3006647, at *4 (N.D. Cal. Oct/ 27, 2025).

The $56,768,654 million lodestar is based on reasonable hours worked and reasonable hourly rates. Class Counsel's 49,670 total hours are lower than figures approved in other complex cases that settled before trial. *E.g.*, *In re Facebook, Inc. Consumer Privacy User Profile Litigation*, 2023 WL 8445812, at *1-2 (N.D. Cal. Oct. 10, 2023) (149,928 hours); *In re Twitter Inc. Securities Litigation*, 2022 WL 17248115, at *1 (N.D. Cal. Nov. 21, 2022) (73,550 hours); *In re Xyrem*, 2025 WL 3006647, at *4 (57,523.9 hours). And Class Counsel's hourly rates are on par with or lower than rates that have been approved by other courts. *See* Shepard Decl. Ex. 1. The limited exceptions for certain senior lawyers are justified based on those lawyers' experience and reputations. *See Becerra v. Radioshack Corp.*, 2014 WL 1266622, at *1 (N.D. Cal. Mar. 26, 2014) (evaluating reasonableness of rates "in light of the Class Counsel's skill, experience, and expertise").

## II.   Costs

Class Counsel is entitled to have their unreimbursed costs paid by the common fund. "[A]ttorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters." *Katz-Lacabe v. Oracle Am., Inc.*, 2024 WL 4804974, at *5 (N.D. Cal. Nov. 15, 2024). "There is no doubt that an attorney who has created a common fund for the benefit of the class is entitled to reimbursement of reasonable litigation expenses from that fund."

---

[1] The fee award is $146,781,895.13 as of final judgment (*i.e.*, one-third of $440,345,685.40). The fee award will continue to grow with the accrual of post-judgment interest.

*Beaver v. Tarsadia Hotels*, 2017 WL 4310707, at *14 (S.D. Cal. Sept. 28, 2017) (applying California law).

Class Counsel's request for $12,422,374.42 in unreimbursed costs is granted. As explained in the declarations of James Lee, Steven Shepard, and John Yanchunis, these costs relate to trial, experts, jury consultants, discovery, document hosting services, attorney travel, and other customary litigation expenses. The two Class Counsel firms that have fee-paying clients (Boies Schiller Flexner and Susman Godfrey) have submitted declarations stating that the costs incurred in this case are typically paid by their fee-paying clients. Shepard Decl. ¶ 66; Lee Decl. ¶ 65. Class Counsel's costs are also reasonable when compared with cost awards in other complex cases that settled *before* trial. *See, e.g.*, *In re Credit Default Swaps Antitrust Litig.*, 2016 WL 2731524, at *18 (S.D.N.Y. Apr. 26, 2016) (awarding "over $10 million in expenses incurred" for a case which settled during discovery and prior to any class certification briefing); *In re Fed. Nat'l Mortg. Ass'n Sec., Derivative, & "ERISA" Litig.*, 4 F. Supp. 3d 94, 114 (D.D.C. 2013) (awarding over $15 million in costs for a case that settled just after the court issued its summary judgment decision). Class Counsel has explained that $800,000 of the $12,422,374.42 in costs address anticipated future costs, including for the requisite class notice for the instant fees motion. Lee Decl. at 21-22 & n.1; McGee Decl. ¶ 23. If actual costs incurred are lower than $800,000, Class Counsel shall remit the difference back to the common fund, to be paid to class members

Class Counsel has already submitted a Bill of Costs seeking $176,624.04 in costs recoverable from Google. Dkt. 728. Any costs recovered through this Bill of Costs shall be deducted from the costs awarded here.

**III.    Service Awards**

"Incentive awards are fairly typical in class action cases." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). They serve the dual purposes of "compensat[ing] class representatives for work done on behalf of the class" and "mak[ing] up for financial or reputational risk undertaken in bringing the action." *Id.* Here, Plaintiffs seek $50,000 service awards for the two Class Representatives who testified at trial (Anibal Rodriguez and Julian Santiago) and a

$35,000 service award for Susan Harvey, who was prepared to testify but ultimately could not do so for medical reasons—for a total of $135,000.

These requested awards are fair and reasonable. Courts in this Circuit have awarded $50,000 service awards in cases that likewise imposed demanding burdens on class representatives. *See, e.g., del Toro Lopez v. Uber*, 2018 WL 5982506, at *3 (N.D. Cal. Nov. 14, 2018) (awarding $50,000 service award for an individual class representative where plaintiffs "were substantially involved throughout the litigation"); *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 300 (N.D. Cal. 1995) (awarding $50,000 for testifying class representative). As another reference point, this Court recently issued $40,000 service awards to class representatives "that were preparing to testify at trial" but did not testify because the case ended up settling. *In re Xyrem*, 2025 WL 3006647. Plaintiffs here request a lower service award for the Class Representative who traveled and prepared for trial but ultimately did not testify at trial (Susan Harvey, $35,000), and a slightly higher service award for the two Class Representatives who did testify and lost employment income as a result of their participation at trial (Santiago and Rodriguez, $50,000). These awards are reasonable given the Class Representatives' substantial contributions to a successful outcome.

***

In summary:

- Class Counsel is awarded attorneys' fees in the amount of one-third of the common fund, which was $440,345,685.40 at the time of final judgment and is accruing post-judgment interest. This fee award will continue to grow with the accrual of post-judgment interest.

- Class Counsel is awarded $12,422,374.42 for reimbursement of their costs, to be paid from the common fund. Any costs reimbursed by Google as a result of Plaintiffs' pending Bill of Costs (Dkt. 728) shall be deducted from this award.

- Named Plaintiffs Anibal Rodriguez and Julian Santiago are each awarded $50,000 service awards, and Named Plaintiff Susan Harvey is awarded a $35,000 service

award (for a total of $135,000 in service awards). These service awards shall be paid from the common fund.

**IT IS SO ORDERED.**

Dated: _____, 2026

_____
RICHARD SEEBORG
United States District Judge