**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
Alexander Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com
aboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Tel.: (213) 995-5720
alanderson@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
Ryan Sila (admitted pro hac vice)
Xiaoming Wang (admitted pro hac vice)
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com
rsila@susmangodfrey.com
twang@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Michael F. Ram, CA Bar No. 104805
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
mram@forthepeople.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 3:20-cv-04688-RS<br><br>**[PROPOSED] ORDER DENYING GOOGLE'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW (DKT. 736)**<br><br>Judge: Hon. Richard Seeborg |

1

**[PROPOSED] ORDER**

In this privacy action, two classes of Google users sued Google for collecting their app activity data in contravention of Google's privacy disclosures. A jury found Google liable for invasion of privacy under the California Constitution and intrusion upon seclusion under California law, and it awarded the classes $425,651,947 in compensatory damages. This Court has entered final judgment, awarding the classes that amount plus pre-judgment and post-judgment interest. Dkt. 725.

Google now moves for judgment as a matter of law under Rule 50(b). Dkt. 736. For the reasons explained below, the motion is **DENIED** in its entirety.

## I.    Legal Standard

A post-verdict motion for judgment as a matter of law may be granted only if "the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Josephs v. Pac. Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006). The court "may not substitute its view for that of the jury." *Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1227 (9th Cir. 2001). The court must "weigh the evidence and view all inferences in the light most favorable to the nonmoving party" and "accept the jury's credibility findings consistent with the verdict." *Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1283 (9th Cir. 2001). The court must also "review the record as a whole" and "disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000). These "demanding" standards require Google to "vault a very high hurdle." *Settlegoode v. Portland Pub. Schs.*, 371 F.3d 503, 512–13 (9th Cir. 2004).

## II.    CUTSA Preemption

Google claims that Plaintiffs' damages award is preempted by California's Uniform Trade Secrets Act ("CUTSA"). Mot. at 4. The Court rejects this argument because Google forfeited this affirmative defense twice-over, first by failing to plead the defense in its Answer (Dkt. 305) and second by failing to include the defense in the Pretrial Order (Dkt. 534).

"Preemption is an affirmative defense." *Cohen v. ConAgra Brands, Inc.*, 16 F.4th 1283,

1289 (9th Cir. 2021), and affirmative defenses, including preemption, are forfeited if not timely asserted, *see Popejoy v. Hannon*, 37 Cal. 2d 159, 173–74 (1951). Yet Google did not raise this defense in its Answer.

Google's failure to include the defense in the Pretrial Order independently warrants forfeiture. "[P]arties have a duty to advance any and all theories in the pretrial order." *El-Hakem v. BJY Inc.*, 415 F.3d 1068, 1077 (9th Cir. 2005). To preserve a CUTSA defense, Google needed to "put forward [its] position in the pretrial statement in a manner sufficient to put [Plaintiffs] on notice and allow the trial court to consider its merits." *United States v. Burlington N. & Santa Fe Ry. Co.*, 520 F.3d 918, 934 n.16 (9th Cir. 2008). "[I]ssues not preserved in the pretrial order have been eliminated from the action." *S. Cal. Retail Clerks Union & Food Emps. Joint Pension Tr. Fund v. Bjorklund*, 728 F.2d 1262, 1264 (9th Cir. 1984).

Plaintiffs have been prejudiced by Google's failure to timely raise this defense. Because Google failed to mention CUTSA in the pretrial order, Plaintiffs had no opportunity to build a trial record and the jury was not asked to make findings regarding whether (s)WAA-off data constitutes a trade secret. For that reason, Google cannot now be heard to raise the issue under Rule 50, since Rule 50 only provides for any relief "[i]f a party has been fully heard on an issue during a jury trial." Fed. R. Civ. P. 50(a)(1). Here, *no party* was "heard" on CUTSA during the trial, given Google's failure to timely raise the defense.

In any event, even if Google did not forfeit this defense, CUTSA would not preempt Plaintiffs' privacy claims. CUTSA cannot preempt the constitutional privacy claim because the "California Constitution trumps any conflicting provision of" a California statute. *In re Marriage of Steiner & Hosseini*, 117 Cal. App. 4th 519, 527 (2004). And Plaintiffs' common-law claim (intrusion upon seclusion) is saved from preemption by CUTSA's savings clause, which provides that CUTSA "does not affect . . . other civil remedies that are *not* based upon misappropriation of a trade secret." Cal. Civ. Code § 3426.7(b). Here, because the trial record establishes that Plaintiffs' privacy-tort claim implicates "facts distinct from [] facts that support [a] [trade-secret] misappropriation claim," *Angelica Textile Servs., Inc. v. Park*, 220 Cal. App. 4th 495, 506, (2013),

CUTSA preemption does not apply.

### III.    Legally Protected Privacy Interest

Google next claims that Plaintiffs lack a legally protected privacy interest in their (s)WAA-off app activity data. Mot. at 8. This argument at most applies to Plaintiffs' constitutional claim because, for the common law intrusion claim, there is no requirement that Plaintiffs prove a legally protected privacy interest. *See Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 286–87 (2009) (listing elements of both claims).

However, the Court again finds forfeiture because Google likewise failed to raise this issue in the Pretrial Order, Dkt. 534. *See Bjorklund*, 728 F.2d at 1264.

In any event, the jury could have easily found for Plaintiffs on this issue (had the jury been instructed on it). Google argues that Plaintiffs have no legally protected interest in "non-personal" and "pseudonymous" data. Mot. at 9. But "information need not be personally identifying to be private." Dkt. 445 (MSJ Order) at 10; *see also In re Google Referrer Header Privacy Litig.*, 465 F. Supp. 3d 999, 1009–10 (N.D. Cal. 2020) (same). Moreover, the jury could have rejected Google's characterization of the at-issue data based on the evidence, including expert testimony describing how (s)WAA-off data is tied to unique device identifiers. *E.g.* Trial Tr. (Hochman) at 596:17–597:13; Trial Tr. (Ganem) at 1277:19–1278:21. In fact, data tied to "unique identifiers" qualifies as "personal information" under Google's own Privacy Policy. *See* Trial Tr. PX-72 at 16 (defining "personal information" to include "unique identifiers tied to the [] device you're using").

### IV.    Reasonable Expectation of Privacy

It was not unreasonable for the jury to find that Plaintiffs had a reasonable expectation of privacy in their (s)WAA-off data. *See* Mot. at 10 (Google claiming that Plaintiffs failed to prove this element). The jury heard evidence that: (1) all Plaintiffs were shown similar disclosures by Google promising them that Google would not collect or save their (s)WAA-off data; (2) all Plaintiffs chose to have (s)WAA "off"; and (3) Google's user study indicated that "all participants" in that study expected that Google would not save (s)WAA-off data (PX-2). Taken together, these three categories of evidence were more than sufficient for a reasonable jury to find, as this jury

did, that all "Plaintiffs had" an expectation of privacy.

The reasonableness of the jury's finding—that Google's disclosures created an expectation of privacy in their (s)WAA-off data—is confirmed by statements from Google's own engineers. Chris Ruemmler wrote that Google's statements on the WAA Help Page (PX-116) "don't accurately describe what happens when WAA is off", creating a "real problem" that had to be addressed. PX-3. Mr. Ruemmler likewise wrote that the "Activity controls" page (PX-84) would cause "the user [to] ha[ve] a false sense of security that their data is not being stored at Google." PX-3 at 1. Even Mr. Ruemmler "didn't realize Google actually stored all of [his] activity even if those controls were off." *Id.* The jury could conclude that ordinary users did not realize this, either.

### V.    Highly Offensive Conduct

It was not unreasonable for the jury to find that Google's conduct was highly offensive. *See* Mot. at 17 (Google claiming that Plaintiffs failed to prove this element). The determination of whether conduct is "highly offensive" is uniquely within the purview of the jury, which represents a cross-section of the community. *See, e.g.*, *M.H. v. Cnty. Of Alameda*, 2015 WL 894758, at *14 (N.D. Cal. Jan. 2, 2015); *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1080 (N.D. Cal. 2016). The evidence was more than sufficient for a reasonable juror to find Google's conduct highly offensive, including documents suggesting that Google intentionally misled users. *E.g.*, PX-42 at 1 (Google's "gameable" "goal" was "giving users a *sense* of the system as working to their benefit" but "without actually improving any of the underlying condition"); Trial Tr. (Heft-Luthy) at 1066:11–14 (agreeing "Google was trying to convince its users that they had control over the data that Google collected and used").

### VI.    Intentional Conduct

It was not unreasonable for the jury to find that Google acted with the requisite intent. *See* Mot. at 22 (Google claiming that any intrusion was unintentional).[1]

Google's argument misconstrues the law. Plaintiffs were not required to prove that Google

---

[1] This argument at most applies to the common law intrusion claim, not the constitutional claim. *See Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020) (listing elements of each claim); Dkt. 666 at Instruction Nos. 18, 20.

had the "intent to invade privacy." Mot. at 23. "Intent is not . . . limited to consequences which are desired." *Marich v. MGM/UA Telecomms, Inc.*, 113 Cal. App. 4th 415, 422 (2003) (ellipsis in original). Google's conduct was "intentional" because Google "purposefully" collected Plaintiffs' (s)WAA-off data; "there [was] nothing inadvertent or momentary" about that data collection. *Rojas v. HSBC Card Services Inc.*, 20 Cal. App. 5th 427, 436 (2018).[2]

While not required, the evidence also supports a finding that Google had the "intent to invade privacy." Mot. at 23. At summary judgment, this Court explained how a jury could find that "Google's internal statements reflect a conscious decision to keep the WAA disclosures vague," thereby "satisfying the intent element of the tort claim." Dkt. 445 at 12. The jury considered evidence demonstrating that Google's sWAA disclosures are "intentionally vague" (PX-4 at 2) and "very deceptive" (PX-3 at 1). Based on such evidence, a reasonable juror could easily find that Google "intentionally misrepresent[ed]" its data-collection practices—a finding that would establish an actionable intrusion on seclusion. *Taus v. Loftus*, 40 Cal. 4th 683, 740 (2007)

### VII.    Google's Consent Defense

It was not unreasonable for the jury to reject Google's affirmative defense of consent. *See* Mot. at 24 (Google arguing that class members' consent precludes liability). Consent is an affirmative defense that Google had the burden to prove. Dkt. 666 at Instruction No. 21. Specifically, Google had to prove it "explicitly notified" Plaintiffs of the "particular" data collection and use. *Id.* The jury reasonably rejected this defense based on the evidence, including Google's disclosures as well as admissions by Google employees that support Plaintiffs' interpretation of the disclosures. *E.g.*, PX-6 at 49 ("At Google we still seem to believe in that fantasy that users agreed to this.").

Accordingly, Google's Rule 50(b) motion is **DENIED** in its entirety.

---

[2] *Rojas* addressed the meaning of an "intentional" act under California Penal Code § 632(a), which courts have construed as synonymous with an "intentional" act for the common law intrusion claim. *E.g.*, *Marich*, 113 Cal. App. 4th at 421; *see also* Cal. Penal Code § 632(a) (proscribing the "intentional[]" recording of a confidential communication).

**IT IS SO ORDERED.**

Dated: _____, 2026

_____
RICHARD SEEBORG
United States District Judge