**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted *pro hac vice*)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted *pro hac vice*)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
Samantha Parris, CA Bar No. 318681
M. Logan Wright, CA Bar No. 349004
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Tel.: (213) 995-5720
alanderson@bsfllp.com
sparrish@bsfllp.com
mwright@bsfllp.com

*Counsel for Plaintiffs*

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted *pro hac vice*)
Shawn J. Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander P. Frawley (admitted *pro hac vice*)
Ryan Sila (admitted *pro hac vice*)
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com
rsila@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
Michael F. Ram, CA Bar No. 104805
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
mram@forthepeople.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>　　　　Defendant. | Case No. 3:20-cv-04688-RS<br><br>**PLAINTIFFS' OPPOSITION TO GOOGLE LLC'S REQUEST FOR JUDICIAL NOTICE (DKT. 737)**<br><br>Judge: Hon. Richard Seeborg<br>Courtroom: 3, 17th Floor<br><br>Action Filed:　July 14, 2020<br>Trial Date: August 18, 2025 |

CASE NO. 3:20-cv-04688-RS

## I.    INTRODUCTION

Lacking a basis in the trial record for its motion for judgment as a matter of law, Google turns to an unlikely and impermissible source of purported support: reference materials about statistics. The Court should deny Google's last-ditch request for judicial notice for two reasons.

*First*, the materials at issue are irrelevant and unnecessary to the remaining proceedings. Google's renewed motion for judgment as a matter of law is limited to the trial record and specifically the arguments made in Google's initial motion for judgment under Rule 50(a), and Google did not introduce these reference materials to the trial record or raise them to the Court's attention. If Google intended to rely on these materials, it should have introduced them at trial, where they would have been subjected to scrutiny. Regardless of whether Google's omission reflects neglect or a strategic decision, the result is the same: they should not be considered in connection with Google's renewed motion for judgment.

*Second*, the reference materials do not otherwise satisfy the requirements for judicial notice. Rule 201 of the Federal Rules of Evidence allows courts to judicially notice facts, not authorities. Google has not clearly identified the particular facts it asks the Court to notice. Instead, it asks the Court to take judicial notice of certain "materials," including "[r]elevant parts" of two textbooks. Dkt. 737 at 1. The Court is neither required nor permitted to search through the many pages of materials Google submitted, identify potentially relevant sentences, and apply them without the help of expert testimony. Google's *arguments* about how it would apply some principles in those reference materials to support its motion are no substitute, either. The statistics principles described in these materials are far too complex to be reliably applied by lawyers, without the help of expert testimony. The principles described in these materials are also disputed. In fact, Google's own witness, David Monsees, offered contradictory testimony at trial.

The Court should not entertain Google's request to revisit the trial record. Its request for judicial notice should be denied.

## II.    BACKGROUND

On September 1, 2025, Google filed a motion for judgment as a matter of law under Rule 50(a).  Dkt. No. 661 ("JMOL"). On March 30, 2026, Google filed a renewed motion for judgment

as a matter of law.  Dkt. No. 736 ("Renewed JMOL"). In support of its renewed motion, Google filed a request for judicial notice of purportedly "[r]elevant parts" of two statistics textbooks: the Federal Judicial Center's *Reference Manual on Scientific Evidence* (Exhibit 1 to Google's Request); and a college-level textbook called Introduction to Applied Statistics, specifically a chapter titled *Inferences for Population Proportions* by someone named Wanhua Su (Exhibit 2 to Google's Request). Dkt. No 737 (Request) at 1. Google did not introduce either of these documents at trial, did not include them on its exhibit list, and did not rely upon them in its initial motion for judgment as a matter of law under Rule 50(a).

## III.    LEGAL STANDARD

A request for judicial notice should be granted only if the facts at issue are "relevant or necessary to the determination of the case." *Carson v. Bank of Am. NA*, 611 F. App'x 379, 380 n.1 (9th Cir. 2015) (denying request for judicial notice on this basis); *Wi2Wi, Inc. v. Twin City Fire Ins. Co.*, 2020 WL 4913489, at *1 n.1 (N.D. Cal. May 5, 2020) (same). In appropriate circumstances, courts may take judicial notice of so-called "adjudicative facts" that are "not subject to reasonable dispute" because they are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a), (b). "Just because [a] document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). The Court "must also consider—and identify—which fact or facts it is noticing" from the underlying document. *Id.*

## IV.    ARGUMENT

### A.    The Materials Are Not Relevant or Necessary to the Resolution of the Pending Motions Because They Were Not Included in the Trial Record or Google's Initial Motion for Judgment as a Matter of Law.

The Court should deny Google's invitation to judicially notice and consider cherry-picked excerpts of two statistics textbooks in deciding Google's renewed motion for judgment as a matter of law because they "are not relevant or necessary to the determination" of Google's renewed motion for judgment as a matter of law. *Carson*, 611 F. App'x at 380 n.1. The "question" raised by a motion for judgment as a matter of law under Rule 50 is: "Was there sufficient evidence *in the trial record*

to support the jury's verdict?" *Dupree v. Younger*, 598 U.S. 729, 735 (2023) (emphasis in original). "[A] proper post-verdict Rule 50(b) motion is [also] limited to the grounds asserted in the pre-deliberation Rule 50(a) motion." *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009). The materials at issue in Google's request are not relevant to Google's motion because they were included neither in the trial record nor in Google's pre-deliberation Rule 50(a) motion.

After any trial, the losing party may regret its choices about the discovery it conducted, the experts it retained, and the trial record it developed. But when the trial is over, it is over. The losing party may not challenge the reasonableness of the jury's trial verdict based on evidence that it did not include in the trial record. *See, e.g.*, *Nat'l Prods., Inc. v. Gamber-Johnson LLC*, 734 F. Supp. 2d 1160, 1167 (W.D. Wash. 2010) ("Consideration of evidence outside the record is improper under Fed. R. Civ. P. 50(b) because such motions challenge the sufficiency of the evidence based on the record 'as it existed when the trial was closed.'"). Accordingly, courts regularly deny post-trial requests for judicial notice of facts purportedly relevant to the jury's verdict on liability. *See, e.g.*, *Dux Capital Mgmt. Corp. v. Chen*, 2004 WL 2472247, at *1 n.1 (N.D. Cal. June 30, 2004) (denying post-trial request for judicial notice because "[t]he trial is over; ergo the record is closed"); *United States v. Neill*, 964 F. Supp. 438, 444–46 (D.D.C. 1997) (same); *cf. Kirola v. City & County of San Francisco*, 2024 WL 3908102, at *1 (N.D. Cal. Aug. 19, 2024) (denying request for judicial notice of facts "outside of the trial record" in deciding equitable relief).[1]

Google's plea for a do-over is not a basis to consider evidence outside of the trial record. As several courts have explained, the purpose of judicial notice "is not to provide an escape hatch for

---

[1] *See also Caudill Seed & Warehouse Co. v. Jarrow Formulas, Inc.*, 2021 WL 863203, at *3–5 (W.D. Ky. Mar. 8, 2021) ("The Court will not now expand the record post-trial by granting the motion to take judicial notice of outside evidence [ten scientific publications] to bolster the contention that this was a 'close case'"); *Jones v. Prudential Sec., Inc.*, 534 F. Supp. 3d 839, 841–43 (E.D. Mich. 2021) (denying post-trial request for judicial notice of the effective minimum wage in part because considering evidence not presented at trial and subject to examination "would unfairly prejudice" the non-moving party); *Am. Special Risk Ins. Co. v. City of Centerline*, 2002 WL 1480821, at *10–11 (E.D. Mich. June 24, 2002) (denying request for judicial notice because the court "d[id] not believe that it is appropriate to consider 'facts' presented for the first time three months after completion of the trial").

**PLAINTIFFS' OPPOSITION TO GOOGLE, LLC'S REQUEST FOR JUDICIAL NOTICE**

counsel's errors or to offer a strategic mechanism for a defendant to re-open the record after the jury begins to deliberate." *Neill*, 964 F. Supp. at 445. Allowing losing parties to introduce new evidence after trial would do violence to the role of trial as a final adjudication of the claims. It would also prejudice winning parties by depriving them of an opportunity to "probe the information" and its "significance" to the claims. *Jones*, 534 F. Supp. 3d at 843 (denying request for judicial notice because it would "prejudice [the non-movant] by rewarding [the movant] for its slothful behavior").

And to the extent Google did address the contents of this survey, it made the *opposite* argument—that it *is* reliable but proves *no* class members had a subjective expectation of privacy. This issue is not preserved.

**B.**      **Judicial Notice Is Also Improper Because the Evidence and Google's Briefing Do Not Meet the Requirements of Fed. R. Evid. 201(b).**

Even setting aside the fact that Google's request for judicial notice is an improper attempt to expand the trial record, Google has not satisfied Rule 201(b)'s requirements for judicial notice. In particular, Google fails to "identify [] which fact or facts" in the reference materials attached to its brief are the subject of its request for notice. *Khoja*, 899 F.3d at 999. Moreover, the discernible principles and their application to this case are very much contested, including by Google's own witnesses.

Google's request for judicial notice must be denied because it does not identify any particular "facts" at all. In Google's own words, it requests judicial notice of "[r]elevant parts" of two reference "materials" attached to its request for notice: the Federal Judicial Center's *Reference on Scientific Evidence* and an excerpt from a textbook titled *Inferences for Population Proportions*. Dkt. 737 at 1. These materials span more than 175 pages. *See* Dkts. 737-1, 737-2. The statements in these materials range from simple ("Statistical models are widely used in the social sciences and in litigation") to extremely complex ("[I]n the Bayesian approach, probabilities represent subjective degrees of belief about hypotheses or causes rather than objective facts about observations."). Dkt. 737-1 at 258, 268. Google's only guidance to aid the Court in identifying the facts at issue is its suggestion that they are "basic theories and statistical norms related to confidence intervals, margins of error, representative sampling, and sample sizes." Dkt. 737 at 2.

This type of broad and categorical request is insufficient under Rule 201(b), and similar requests are routinely denied. *See Victorino v. FCA US LLC*, 2018 WL 2551192, at *6 (S.D. Cal. June 4, 2018) (denying request for judicial notice of the *Reference Manual on Scientific Evidence* because the movant "never identif[ied] what 'facts' from the articles they want the court to take judicial notice"); *see also Rodriguez v. County of Santa Cruz*, 2023 WL 4687197, at *3 (N.D. Cal. July 20, 2023) (denying request for judicial notice of body-worn camera footage in part because movant "d[id] not identify any particular facts as the subject of their request" and merely argued that the video is accurate as a whole); *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146–47 (N.D. Cal. 2020) (warning counsel that "[t]his catch-all approach to requesting judicial notice … is not consistent with the law's requirements" and taking notice only of the contents of certain documents, not "the truth of that content"); *Richardson v. Kinsale Ins. Co.*, 2019 WL 2300376, at *1 (N.D. Cal. May 30, 2019) (denying request for judicial notice as to "the truth of the matters stated in" an attached document because the movant "d[id] not identify which specific facts contained therein are not subject to reasonable dispute"); *Holley v. Tripp*, 2024 WL 3966444, at *3 (D. Idaho Aug. 27, 2024) (explaining the court "cannot determine whether judicial notice is appropriate" where defendant "does not identify which specific facts should be judicially noticed"). "[J]udges are not like pigs, hunting for truffles buried in briefs." *Threshold Enters.*, 445 F. Supp. 3d at 147 (citation omitted).[2]

Moreover, the "facts" addressed in Google's renewed motion for judgment as a matter of law—and their application to this case—are a matter of dispute. "Because the effect of judicial notice is to deprive a party of an opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b)." *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1151 (9th Cir. 2005) (citation omitted).

---

[2] Plaintiffs Response to Google's Renewed Motion for Judgment as a Matter of Law addresses Google's assertions as to the probative value of these reference materials Google seeks to have judicially noticed. See Dkt. 747 at 14-15.

**PLAINTIFFS' OPPOSITION TO GOOGLE, LLC'S REQUEST FOR JUDICIAL NOTICE**

Here, there is no doubt that the "facts" at issue are disputed. The *Reference Manual on Scientific Evidence* itself admits that "[t]here is no easy answer" to the question of "[h]ow big should the sample be?" Dkt. 737-1 at 246. So it is hard to take Google at its word when it offers one: "385 participants." Renewed JMOL at 13 n.7 (citing the other textbook as to which it requests judicial notice); *see also* Dkt. 737-1 at 245 (explaining that, contrary to Google's assertion, studies are not constructed to achieve the same confidence level). For example, at trial, Google's own witness, David Monsees, disagreed with Google's new assertion that the user study in PX-2 was somehow unreliable. Mr. Monsees testified that this user study involved "a fair cross-section of people" of different ages and genders, and with different levels of knowledge about technology. Trial Tr. (Aug. 19, 2025) at 326:15–23. Mr. Monsees expected that this study "follow[ed] whatever best practices Google has" for user studies and that "before this lawsuit, nobody ever suggested that this study or its results were somehow inappropriate." *Id.* at 327:4–16.

The materials that Google submits in this request describe countless topics that are neither "basic" nor "generally known." For example, the concept of a "confidence level" is central to Google's argument in favor of judgment as a matter of law. *See* Renewed JMOL at 13 n.7. But the *Reference Manual on Scientific Evidence* explains that courts often "misinterpret[]" what that concept means. Dkt. 737-1 at 247 n.91 (collecting cases). And in support of its argument about the appropriate sample size, Google attempts to assert that and rely on the application of a complex equation:

$$n = 0.5(1 - 0.5)\left(\frac{z_{\alpha/2}}{E}\right)^z = 0.25\left(\frac{z_{\alpha/2}}{E}\right)^z$$

Dkt. 737-2 at 300–01 (cited in Renewed JMOL at 13 n.7). That is not susceptible to judicial notice. These are advanced topics that cannot be reliably applied by lawyers. They are matters for expert testimony, not attorney argument.

## V.   CONCLUSION

For these reasons, Plaintiffs respectfully ask the Court to deny Google's Request for Judicial Notice.

Dated:  April 27, 2026

**PLAINTIFFS' OPPOSITION TO GOOGLE, LLC'S REQUEST FOR JUDICIAL NOTICE**

Respectfully submitted,

**BOIES SCHILLER FLEXNER LLP**

By:     */s/Mark C. Mao*

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

David Boies (admitted *pro hac vice*)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com

James Lee (admitted *pro hac vice*)
Rossana Baeza (admitted *pro hac vice*)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
Samantha Parrish, CA Bar No. 318681
M. Logan Wright, CA Bar No. 349004
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Tel.: (213) 995-5720
alanderson@bsfllp.com
sparrish@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted *pro hac vice*)
Shawn J. Rabin (admitted *pro hac vice*)
Steven M. Shepard (admitted *pro hac vice*)
Alexander P. Frawley (admitted *pro hac vice*)
Ryan Sila (admitted *pro hac vice*)
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com

**PLAINTIFFS' OPPOSITION TO GOOGLE, LLC'S REQUEST FOR JUDICIAL NOTICE**

sshepard@susmangodfrey.com
afrawley@susmangodfrey.com
rsila@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted *pro hac vice*)
Ryan J. McGee (admitted *pro hac vice*)
Michael F. Ram, CA Bar No. 104805
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
mram@forthepeople.com

*Counsel for Plaintiffs*

**PLAINTIFFS' OPPOSITION TO GOOGLE, LLC'S REQUEST FOR JUDICIAL NOTICE**