**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Tel.: (213) 995-5720
alanderson@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
Ryan Sila (admitted pro hac vice)
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com
rsila@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Michael F. Ram, CA Bar No. 104805
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
mram@forthepeople.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br> vs.<br><br> GOOGLE LLC,<br>          Defendant. | Case No.: 3:20-cv-04688-RS<br><br>**PLAINTIFFS' BRIEF IN OPPOSITION TO DORIS WALKER'S MOTION TO INTERVENE**<br><br>The Honorable Richard Seeborg<br>Courtroom 3 – 17th Floor |

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................................1

BACKGROUND ....................................................................................................................2

LEGAL STANDARD ...........................................................................................................3

ARGUMENT .........................................................................................................................4

      I.     There Is No Basis For Mandatory Intervention ........................................................4

          A.     Ms. Walker's Motion Is Untimely ................................................................4

          B.     Any Protectable Interest That Could Be Affected by This Litigation Is Adequately Represented ................................................6

      II.    The Court Should Deny Permissive Intervention ....................................................7

      III.   Ms. Walker Is Not a Required Party Under Rule 19 ...............................................8

      IV.   Plaintiffs Do Not Oppose Including Ms. Walker In Future Notices .......................9

CONCLUSION .....................................................................................................................10

**INTRODUCTION**

Plaintiffs respectfully oppose the Motion to Intervene as a Matter of Right [FRCP 24(a)] or, in the Alternative, Permissive Intervention [FRCP 24(b)], filed by Doris V. Walker. Dkt. 745 (the "Motion to Intervene" or "Mot."). Ms. Walker contends that she did not receive the "best notice practicable" and seeks to intervene to "protect individual interests in the final judgment and any post-trial remedies." Mot. at 1. Ms. Walker previously raised nearly, if not entirely, identical concerns in her Motion to Vacate Final Judgment and for Exclusion from Settlement (Dkt. 727; the "Motion to Vacate"). As Plaintiffs explained in their opposition to the Motion to Vacate, the Court-approved notice program satisfied all requirements of due process and Rule 23. Dkt. 730 at 6–7.

Although Ms. Walker previously sought to exclude herself from the judgment that Class Counsel achieved at trial in this certified class action (Motion to Vacate at 6), it now appears that Ms. Walker has reversed course and wishes to participate in "post-trial remedies" to "ensure [her] specific damages and 'failure to notify' claims are addressed." Mot. at 1–2.

The Court should deny Ms. Walker's Motion to Intervene for two reasons.

*First*, intervention would not advance any protectable interest Ms. Walker may have in this litigation. If she is a class member, she is entitled to participate in the class judgment. And if she is not a class member, or if she holds claims that were not asserted in this litigation, the class judgment does not compromise her claims.

*Second*, Ms. Walker fails to satisfy the remaining requirements for either mandatory or permissive intervention under Rule 24. Her Motion is untimely because she waited more than four months after learning about this litigation to file it. And Class Counsel has adequately—indeed, successfully—represented any interest Ms. Walker may have in this litigation. The Court can and should deny the Motion to Intervene on that basis alone.

Ms. Walker is also not a required party. Rule 19 is "subject to Rule 23," which applies here. Any genuine interest in this case has been represented by Class Counsel.

1

## BACKGROUND

In January 2024, the Court certified two classes. As originally certified, the classes comprised:

> All individuals who, during the period beginning July 1, 2016 and continuing through the present (the "Class Period"), (a) had their "Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device … because of the Firebase Software Development Kit ("SDK") and/or Google Mobile Ads SDK.

Dkt. 352 at 24. These classes were authorized to assert only three claims: intrusion upon seclusion, invasion of privacy, and violation of the California Comprehensive Computer Data Access and Fraud Act.

After class certification, Plaintiffs undertook an extensive notice program to inform class members of the class certification and their right to opt out. *See* Dkt. 465 (Azari Decl.) (the "Notice Program"). Plaintiffs sought and obtained the Court's approval of a notice program that involved sending hundreds of millions of emails to known email addresses associated with accounts that had (s)WAA turned off, publishing notice in advertisements across a wide range of internet properties, and more. *See* Dkts. 370, 395, 405. The notice informed class members who do not wish to be part of these classes that they must submit an "exclusion request postmarked by February 20, 2025." *See* Dkt. 370-3 at 5 (proposed Long Form Notice); https://tinyurl.com/yyuh7tez (long-form notice as disseminated, with dates included). The notice also informed class members that "[i]f you do not exclude yourself, by February 20, 2025, you will remain a Class Member and be bound by the orders of the Court in this lawsuit." *Id.*

This matter was tried before a jury in August and September 2025. On September 3, 2025, the jury returned a verdict in Plaintiffs' favor. Dkt. 670. The jury awarded $247,154,157 to Class 1 (class members who use mobile devices with the Android operating system) and $178,497,790 to Class 2 (class members who use mobile operating systems other than Android). On March 2, 2026, the Court entered final judgment in that amount plus pre- and post-judgment interest. Dkt. 725.

On March 9, 2026, the Clerk of Court docketed a Motion to Vacate filed by Ms. Walker, appearing *pro se*. Dkt. 727. Ms. Walker moved for an order declaring her a "non-party" to any

settlement or release because she was not provided with due process and her interests were not adequately represented by the class. *Id.* Ms. Walker contended that she did not receive due process because she was a "known claimant" and did not receive actual notice of this action. *Id.* at 1. She contended that she was not adequately represented because her "claim involves liquidated property rights (650 Florida Tax Certificates) worth $30,000,000.00, which were 'locked out' via the … Google/LienHub infrastructure," which amounted to a "Constitutional Taking." Dkt. 727 at 3.

On March 23, 2026, Plaintiffs responded to Ms. Walker's Motion to Vacate. Dkt. 730. Plaintiffs explained that Ms. Walker may not be a class member, and that her claim involving "liquidated property rights (650 Florida Tax Certificates) worth $30,000,000.00" was unrelated to this class action and judgment. Dkt. 730 at 4–5. Ms. Walker did not file a reply.

On April 23, 2026, the Clerk of Court docketed this Motion to Intervene from Ms. Walker, again appearing *pro se.* Ms. Walker's Motion does not address the issues raised in Plaintiffs' response to Ms. Walker's Motion to Vacate. Instead, Ms. Walker now seeks to intervene "to protect individual interests in the final judgment and any post-trial remedies." Mot. at 1.

## LEGAL STANDARD

Rule 24 permits intervention both permissively and as of right. *See* Fed. R. Civ. P. 24. An applicant may intervene as of right if she "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). An applicant must demonstrate four requirements are satisfied to intervene as of right: "(1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (internal quotations omitted).

Applicants may also intervene with the Court's permission if they have a "claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

3

"A court has discretion to grant permissive intervention when (1) the intervenor's case 'shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims.'" *Allen v. Hyland's Inc.*, 2012 WL 12887827, at *3 (C.D. Cal. Aug. 28, 2012) (quoting *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998)). "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Donnelly*, 159 F.3d at 412. "In exercising its discretion, the district court must consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties." *Id*.

## ARGUMENT

### I.    There Is No Basis For Mandatory Intervention

None of the requirements for mandatory intervention are satisfied here. Ms. Walker's Motion to Intervene is untimely. It is also unnecessary, because the only interest Ms. Walker may have in this litigation has been adequately represented and vindicated at trial.

#### A.    Ms. Walker's Motion Is Untimely

"Timeliness is 'the threshold requirement' for intervention as of right" under Rule 24(a)(2). *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (citing *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990)). If a motion to intervene was not timely, the court "need not reach any of the remaining elements of Rule 24." *Id.* (citing *United States v. Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996)). In deciding whether a motion to intervene is timely, courts consider "three factors: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Brown v. Google LLC*, 172 F.4th 1128, 1133 (9th Cir. 2026) (quoting *Kalbers v. U.S. Dep't of Just.*, 22 F.4th 816, 822 (9th Cir. 2021)). These factors are assessed "by reference to the 'crucial date' when 'proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties.'" *Id.* "The timeliness requirement seeks to 'prevent a tardy intervenor from derailing a lawsuit within sight of the terminal.'" *Id.*

The first two factors weigh heavily against intervention. Ms. Walker moved to intervene during an extremely advanced stage of the litigation. Indeed, final judgment had been entered, and

4

proceedings in the district court are nearly finished. Intervention at this late stage prejudices the parties because it could unsettle years of work, postpone anticipated appeals, and ultimately delay the distribution of the judgment to class members. *See United States v. Washington*, 86 F.3d 1499, 1504 (9th Cir. 1996) (intervention is prejudicial if it "would complicate the issues and prolong the litigation"). Courts have denied motions to intervene filed at much earlier stages, even pretrial. *See*, *e.g.*, *League of United Latin Am. Citizens*, 131 F.3d at 1303 (affirming denial of intervention motion filed after "a lot of water" had passed under the "litigation bridge").[1]

The third factor also weighs against intervention because of Ms. Walker's delay in filing this motion. Ms. Walker herself states that she "became aware of this litigation on January 2, 2026." Mot. at 16, ¶ 5. That was two months before final judgment was entered. *See* Dkt. 725. At a minimum, Ms. Walker waited more than two months after learning about this case before moving to vacate, and she waited more than three-and-a-half months before moving to intervene. *See* Mot. (filed April 23, 2026); Dkt. 727 (filed March 9, 2026). Courts commonly deny intervention where there has been similar delay. *See, e.g.*, *NAACP v. New York*, 413 U.S. 345, 367 (1973) (affirming denial of intervention because "appellants failed to protect their interest in a timely fashion" because, despite the "critical stage" of the proceedings, they waited a month to move to intervene); *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 862 (9th Cir. 2016) (explaining that a "delay of 71 or 79 days might, under different circumstances, weigh against timeliness" but holding that intervenors had adequately justified their delay); *Fahmy v. Jay-Z*, 261 F.R.D. 180, 187 (C.D. Cal. 2009) (intervention motion was untimely where the movant "had notice of the action for a substantial amount of time before moving to intervene" but failed to explain "why he delayed in seeking intervention"); *Banco Popular de Puerto Rico v. Greenblatt*, 964 F.2d 1227, 1231 (1st Cir. 1992) (affirming denial of intervention as untimely because of the proposed intervenors' "failure to act for over three months, though armed with full knowledge"). And given the extensive

---

[1] *See also Cal. Dep't of Toxic Substances Control v. World Cleaners, Inc.*, 2017 WL 4769439, at *1 (C.D. Cal. 2017) (denying intervention motion filed "after discovery had closed" because a "potential intervenor is not allowed to sit on its rights for the entire litigation to see how things turn out and then move at the late stages of the case for a 'do-over'"); *Ohio Cas. Ins. Co. v. Chugach Support Servs., Inc.*, 2011 WL 3924820 (W.D. Wash. Sep. 6, 2011) (denying intervention motion that was filed after discovery period ended and substantial litigation had occurred).

PLAINTIFFS' OPPOSITION TO DORIS WALKER'S MOTION TO INTERVENE
CASE NO. 3:20-CV-04688-RS

notice program and widespread news coverage of this case,[2] there is good reason to believe that Ms. Walker knew or should have known of this case much earlier. *See* Dkt. 465 (Azari Decl.) at ¶¶ 34, 37 (publication notice was shown on popular websites more than 178 million times).

**B.    Any Protectable Interest That Could Be Affected by This Litigation Is Adequately Represented**

Ms. Walker's motion to intervene should also be denied because any relevant interest has been adequately protected. Ms. Walker has not clearly or consistently articulated what, exactly, her asserted interest in this litigation is. But any such interest either is unaffected by the judgment or has been adequately represented in this litigation.

In her Motion to Vacate, Ms. Walker appeared to contend that she had been locked out of a lien certificate management platform, which caused her to lose access to her valuable lien certificates. *See* Dkt. 727 at 3; Dkt. 730 at 4–5 (explaining Plaintiffs' understanding of Ms. Walker's claims). As Plaintiffs explained in their response to Ms. Walker's motion, that claim is unrelated to this class action. Dkt. 730 at 4–5. Accordingly, the judgment in this case does not impair or impede Ms. Walker's interest in that claim. *See* Dkt. 730 at 5 (citing *Cooper v. Federal Reserve Bank of Richmond*, 467 U.S. 867, 873, 880 (1984); *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1123 (9th Cir. 2014); *Wit v. United Behavioral Health*, 2017 WL 930776, at *5 (N.D. Cal. Mar. 9, 2017)). In fact, Google did not oppose or otherwise respond to Ms. Walker's motion, tacitly admitting that she is free to pursue those claims in separate litigation.

In the present Motion to Intervene, Ms. Walker references "specific damages" related to her "privacy [that] was violated through the unauthorized collection of app activity data." Mot. at 2. It is unclear what these "specific damages" are, but they may be the same type that Plaintiffs successfully asserted on behalf of the certified classes. If Ms. Walker is a class member—and it is

---

[2] *See, e.g.*, CNBC, *Google Must Face Mobile Phone Privacy Class Action, Possible Trial* (Jan. 8, 2025)   https://www.cnbc.com/2025/01/08/google-must-face-mobile-phone-privacy-class-action-possible-trial.html; Bloomberg Law, *Google Users Ask Jury for $29 Billion Verdict in Privacy Trial* (Aug. 19, 2025) https://news.bloomberglaw.com/litigation/google-users-ask-jury-for-29-billion-verdict-in-privacy-trial; Reuters, *Google Must Pay $425 Million in Class Action Over Privacy, Jury Rules* (Sep. 3, 2025) https://www.reuters.com/sustainability/boards-policy-regulation/google-must-pay-425-million-class-action-over-privacy-jury-rules-2025-09-03/; BBC, *Google Told to Pay $425m in Privacy Lawsuit* (Sep. 4, 2025) https://www.bbc.com/news/articles/c3dr91z0g4zo.

6

not clear that she is[3]—then her rights have been adequately and successfully protected in this case. Plaintiffs litigated this case vigorously on behalf of the classes and achieved a very strong result. *See generally* Dkt. 739 (detailing Class Counsel's work and achievements). If Ms. Walker is not a class member, or if she asserts claims that were not asserted in this case, then the judgment in this case does not impede her ability to separately litigate her claims. Ms. Walker also vaguely refers to a potential claim against Google for a "failure to notify" her of a security breach. Mot. at 2 (citing Cal. Civ. Code § 1798.82). Whether or not Ms. Walker is a class member, that claim is not affected by this litigation because it was not asserted here.

## II.    The Court Should Deny Permissive Intervention

The Court should likewise deny Ms. Walker's request for permissive intervention.

First, Ms. Walker's Motion to Intervene is not timely, as explained above. *See Allen v. Hyland's Inc.*, 2012 WL 12887827, at *3 (C.D. Cal. Aug. 28, 2012) (requiring that such motions be timely even for permissive intervention).

Second, we have explained that intervention would serve no purpose: Ms. Walker is either a class member with claims resolved in this case, in which case she can partake in the judgment as she requests, or she is not, in which case her claims are not affected by the judgment.

Third, Ms. Walker has not identified a common question of law or fact shared with the claims in this litigation. As the party seeking intervention, it is incumbent on Ms. Walker to prove this element, but her bare-bones Motion to Intervene makes no such attempt.

Fourth, it is not clear the Court would have jurisdiction over Ms. Walker's claims. She does not assert any federal claims, and she appears to be a California resident. Mot. at 2 (listing California address). Because Google's headquarters are in California, it is not clear that there is diversity among the potential litigants. Without more information about her claim, Ms. Walker has

---

[3] Ms. Walker now asserts that she "owned both Android and Apple mobile devices during the class period" and "turned off the 'Web & App Activity' (WAA) setting." Mot. at 1. However, it is not clear whether Ms. Walker had that setting off and used mobile devices during the class period, which ended on September 23, 2024. The Class Notice Administrator previously confirmed that the email address included in Ms. Walker's Motion to Vacate and Motion to Intervene was not included in the list of (s)WAA-off email accounts that Google provided after class certification. *See* Dkt. 373; Dkt. 730-1 at ¶¶ 2–4.[3]

7

not proved that "the court has an independent basis for jurisdiction over [her] claims." *Allen*, 2012 WL 12887827, at \*3.

Finally, permissive intervention would cause undue delay and prejudice to the existing parties. This case is nearly ready for appeal, and if Ms. Walker were permitted to intervene, the parties and absent class members will undoubtedly suffer prejudice if earlier stages of this litigation were revisited, or if appeal is delayed.

### III.    Ms. Walker Is Not a Required Party Under Rule 19

The Court should also reject Ms. Walker's assertion that she must be joined as a "required party" under Rule 19. Mot. at 13–14. Rule 19 articulates "relatively rigid requirements" to prove that a person is a "required party." *Ghosh v. Bank of Am., N.A.*, 2022 WL 2902019, at \*2 (N.D. Cal. July 22, 2022). Ms. Walker contends that she is a required party because disposing of this action may "as a practical matter impair or impede [her] ability to protect [her] interest" in the subject of the action. Mot. at 12. Ms. Walker alternatively contends that if she is not joined, Google would be subjected to a "substantial risk of multiple or inconsistent obligations" regarding its data collection practices. *Id.* at 13. Neither contention has merit.

First, Ms. Walker has not identified an interest that would be impaired or impeded if she were not joined. As we have explained, any interest Ms. Walker has in this litigation has been adequately represented. Although Ms. Walker has not been joined as a party, she has been represented, and Rule 19 is expressly made subject to Rule 23. Fed. R. Civ. P. 19(d); *see Shimkus v. Gersten Cos.*, 816 F.2d 1318, 1322 (9th Cir. 1987) (applying Rule 19(d)'s "exception for class actions" and explaining that in this context, "[t]he joinder that [the court] consider[s] is one of classes, rather than individuals"). Any claims other than those asserted by the classes are not impaired or impeded by the judgment.

Ms. Walker contends that because she did not receive notice, the certified class did not adequately represent her interests, and she is therefore a required party under Rule 19. But as we have previously explained, the mere fact that Ms. Walker claims not to have received actual notice does not mean she was deprived of due process or was inadequately represented. Due process requires that "notice [be] reasonably calculated, under all the circumstances, to apprise interested

8

parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). The Court correctly determined that the notice program—which involved sending more than 340 million emails and displaying publication notice more than 178 million times—satisfied due process and the Federal Rules. *See* Dkt. 405 at 1 ("The Revised Class Notice Plan … complies with Rule 23 and due process."); Dkt. 465 (Azari Decl.) at ¶¶ 18–37. The mere fact that these exhaustive notice efforts may not have reached a particular class member does not warrant a different conclusion. "[N]either Rule 23 nor the Due Process Clause requires actual notice to each individual class member." *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1129 (9th Cir. 2017). The law is satisfied if plaintiffs "direct to class members the best notice that is practicable under the circumstances," whether or not a particular class member actually receives notice. Fed. R. Civ. P. 23(c)(2)(B). And throughout this case, Plaintiffs have vigorously litigated on behalf of all class members.

Second, there is no "substantial risk" that an existing party could be subject to "incurring double, multiple, or otherwise inconsistent obligations" absent Ms. Walker's joinder. Fed. R. Civ. P. 19(a)(1)(B)(ii). As an initial matter, Ms. Walker does not have standing to make this argument. The risk of inconsistent obligations is borne by the defendant, and Google has not raised any such concern. Because "[a]fter trial … the defendant has failed to assert this interest, it is quite proper to consider it foreclosed." *Provident Tradesmens Bank & Tr. v. Patterson*, 390 U.S. 102, 110 (1968). Moreover, intervention would not allow consolidation of claims into one proceeding. This case has already been tried, and judgment has been entered. If Ms. Walker seeks to pursue non-class claims on an individual basis, she would have to litigate them start-to-finish no matter what. And regardless of whether Ms. Walker is permitted to intervene, any claims encompassed by this class action have been resolved in her favor.

## IV.    Plaintiffs Do Not Oppose Including Ms. Walker In Future Notices

Finally, Ms. Walker requests that she be included "in all future distributions and notices." Mot. at 2. Plaintiffs do not oppose Ms. Walker's request to be included in any further "notices" about this case (Mot. at 2), and will endeavor to send email notice to the emails she has provided.

9

However, this should not be construed as a determination one way or another about whether Ms. Walker is in fact a class member or is eligible to recover from the class judgment.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully submit that Ms. Walker's motion to intervene should be denied.

Dated: May 7, 2026                          Respectfully submitted,

                                            By: */s/  Mark C. Mao*

                                            Mark C. Mao (CA Bar No. 236165)
                                            mmao@bsfllp.com
                                            Beko Reblitz-Richardson (CA Bar No. 238027)
                                            brichardson@bsfllp.com
                                            BOIES SCHILLER FLEXNER LLP
                                            44 Montgomery Street, 41st Floor
                                            San Francisco, CA 94104
                                            Telephone: (415) 293-6858
                                            Facsimile: (415) 999-9695

                                            David Boies (admitted *pro hac vice*)
                                            dboies@bsfllp.com
                                            BOIES SCHILLER FLEXNER LLP
                                            333 Main Street
                                            Armonk, NY 10504
                                            Telephone: (914) 749-8200

                                            James Lee (admitted *pro hac vice*)
                                            jlee@bsfllp.com
                                            Rossana Baeza (admitted *pro hac vice*)
                                            rbaeza@bsfllp.com
                                            BOIES SCHILLER FLEXNER LLP
                                            100 SE 2nd Street, Suite 2800
                                            Miami, FL 33131
                                            Telephone: (305) 539-8400
                                            Facsimile: (305) 539-1307

                                            Alison L. Anderson, CA Bar No. 275334
                                            alanderson@bsfllp.com
                                            M. Logan Wright, CA Bar No. 349004
                                            mwright@bsfllp.com
                                            BOIES SCHILLER FLEXNER LLP
                                            2029 Century Park East, Suite 1520
                                            Los Angeles, CA 90067
                                            Telephone: (213) 482-4814

10

Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven M. Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
Ryan Sila (*pro hac vice*)
rsila@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
Michael F. Ram (CA Bar No. 104805)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

*Attorneys for Plaintiffs*

11