# EXHIBIT 2

# TRIAL TRANSCRIPT
# AUGUST 28, 2025

**Volume 8**

**Pages 1417 - 1614**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Richard Seeborg, Judge

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al.,<br>individually and on behalf of<br>all others similarly situated,<br><br>       Plaintiffs,<br><br>  VS.<br><br>GOOGLE LLC,<br><br>       Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **NO. 3:20-CV-04688 RS**<br>)<br>)<br>)<br>)<br>)<br>) |

San Francisco, California
Thursday, August 28, 2025

**TRANSCRIPT OF JURY TRIAL PROCEEDINGS**

**APPEARANCES**:

For Plaintiffs:

           BOIES SCHILLER FLEXNER LLP
           333 Main Street
           Armonk, New York 10504
      BY:  **DAVID BOIES, ATTORNEY AT LAW**
           **ALEXANDER BOIES, ATTORNEY AT LAW**
           **M. LOGAN WRIGHT, ATTORNEY AT LAW**

           BOIES SCHILLER FLEXNER LLP
           2029 Century Park East, Suite 1520n
           Los Angeles, California 90067
      BY:  **ALISON L. ANDERSON, ATTORNEY AT LAW**
           **SAMANTHA D. PARRISH, ATTORNEY AT LAW**

REPORTED BY:  Ana Dub, RDR, RMR, CRR, CCRR, CRG, CCG
           CSR No. 7445, Official United States Reporter

**APPEARANCES**:  (CONTINUED)

For Plaintiffs:

    BOIES SCHILLER FLEXNER LLP
    100 Southeast Second Street, Suite 2800
    Miami, Florida 33131
    BY:  **JAMES W. LEE, ATTORNEY AT LAW**

    BOIES SCHILLER FLEXNER LLP
    44 Montgomery Street, 41st Floor
    San Francisco, California 94104
    BY:  **MARK C. MAO, ATTORNEY AT LAW**
    **BEKO O.R. REBLITZ-RICHARDSON**

    SUSMAN GODFREY LLP
    One Manhattan West, 50th Floor
    New York, New York 10001
    BY:  **WILLIAM C. CARMODY, ATTORNEY AT LAW**
    **RYAN SILA, ATTORNEY AT LAW**
    **ALEXANDER P. FRAWLEY, ATTORNEY AT LAW**

    SUSMAN GODFREY LLP
    1900 Avenue of the Stars, Suite 1400
    Los Angeles, California 90067
    BY:  **AMANDA BONN, ATTORNEY AT LAW**

    MORGAN & MORGAN COMPLEX LITIGATION GROUP
    201 North Franklin Street, Seventh Floor
    Tampa, Florida 33602
    BY:  **RYAN McGEE, ATTORNEY AT LAW**

For Defendant:

    COOLEY LLP
    Three Embarcadero Center, 20th Floor
    San Francisco, California 94111-4004
    BY:  **BENEDICT Y. HUR, ATTORNEY AT LAW**
    **EDUARDO E. SANTACANA, ATTORNEY AT LAW**
    **SIMONA A. AGNOLUCCI, ATTORNEY AT LAW**
    **JONATHAN PATCHEN, ATTORNEY AT LAW**
    **NAIARA TOKER, ATTORNEY AT LAW**
    **THILINI L. CHANDRASEKERA**
    **ATTORNEY AT LAW**

    COOLEY LLP
    4401 Eastgate Mall
    San Diego, California 92121
    BY:  **MICHAEL A. ATTANASIO, ATTORNEY AT LAW**

Also Present:    **Steve Ganem, Google**
    **Julian Santiago**

know.

Q.   I'm not criticizing your English.  I'm just asking you: Did you purposely choose not to refer to the GAIA logging project earlier on in your email?

A.   I have no idea.

Q.   Okay.  And then what you write is [as read]:

"Google needs to be really clear about what user content we are logging and what we don't store/keep/log."

Do you see that?

A.   Yes.

Q.   And then you say [as read]:

"I am" -- "The WAA and other controls imply we don't log the data, but we obviously do."

Now, when you're referring to "we," "but obviously we do," you're referring to the state of affairs as of July 25th of 2019; fair?

A.   I think this is still in reference to the WAA-off change.

Q.   I understand.  But remember my question?

A.   This -- you're taking it out of context.

Q.   Oh, no.  Let's go back.  I'm just looking at your words when you say --

A.   Okay.

Q.   -- "but obviously we do," and what preceded that is the "WAA and other controls imply that we don't log the data, but

obviously we do."

You're referring to obviously what Google was doing as of July 25th of 2019; fair?

A.   With the proposed change.

Q.   Well, there was no --

A.   I feel like you're trying to put words in my mouth here, like -- I know what I wrote here.

Q.   Okay.  I'm just trying to -- maybe if you disagree, you can disagree.

A.   I disagree.

Q.   But if you agree, you can agree.

My question is:  When you wrote, "The WAA and other controls imply we don't log the data, but obviously we do," your meaning -- you meant we log the user's data; correct?

A.   Yes.  But it depends whether it was tied to the account or not tied to the account.

Q.   You logged the user's WAA-off data; correct?

A.   You log -- yes, Google logs user's WAA-off data, yes.

Q.   And, excuse me.  Google logged a user's WAA-off data as of July 25th of 2019; correct?

A.   At that point, it was logged de-identified, yes.

Q.   And at two thousand- -- excuse me.  At July 25th of 2019, this GAIA logging project hadn't happened; fair?

A.   It was proposed.  That's what we're discussing here.

Q.   It hadn't happened; fair?

**RUEMMLER - DIRECT / CARMODY**

**A.**   It had not happened yet.  It was proposed, yes.

**Q.**   Okay.  Now, you go on to say [as read]:

"We need to change the description to indicate even with the control off, Google retains this data and uses it for X purposes."

And you say [as read]:

"We" --

You're meaning Google; correct?

**A.**   Yes.

**Q.**   [As read]:

-- "need to change the description."

You're referring to the description in Plaintiffs' Exhibit 84, the link that you pasted here; correct?

**A.**   Correct.

**Q.**   Okay.

[As read]:

"And to indicate even when the WAA control is off, Google retains this data."

You're referring to Google retaining a user's data and what they use it for; correct?

**A.**   If it was retained tied to their identity, yes, it would be a problem.

**Q.**   Well, we know that the WAA-off data was never, ever tied, you told us, to a user's identity.  Well, let me back up.

You understand that WAA-off data is connected to a

**THE COURTROOM DEPUTY:**  Now, we're in recess.

(Proceedings adjourned at 1:38 p.m.)

---o0o---


## CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.


DATE:  Friday, August 29, 2025


*Ana Dub*

_____

Ana Dub, RDR, RMR, CRR, CCRR, CRG, CCG

CSR No. 7445, Official United States Reporter