UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**F I L E D**

ANIBAL RODRIGUEZ, et al.,
Plaintiffs,

JUN 0 1 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

v.

GOOGLE LLC,
Defendant.

Case No. 3:20-CV-04688-RS

CLASS MEMBER OBJECTION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

Objector respectfully submits this objection to Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards (Dkt. 739).

## I. INTRODUCTION

Class Counsel request an extraordinary award of $146,781,895.13 in attorneys' fees—equal to one-third of the common fund—plus more than $12.4 million in costs and incentive awards totaling $135,000. While counsel achieved a substantial verdict, the requested award is excessive, insufficiently justified, and disproportionate to the standards typically applied in federal class actions.

The Court should reduce the requested fee award because: (1) the Ninth Circuit benchmark remains 25% absent exceptional justification; (2) the requested multiplier is inflated by inefficient staffing and duplicative work; (3) many claimed litigation costs have not been adequately documented; and (4) the requested service awards are excessive and risk creating a conflict between the class representatives and absent class members.

## II. THE REQUESTED ONE-THIRD FEE AWARD IS EXCESSIVE

Although Plaintiffs argue that California law supports a one-third award, federal courts in the Ninth Circuit continue to apply a 25% benchmark in common-fund cases. See Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1047 (9th Cir. 2002). Upward departures require "special circumstances," and the burden rests on Class Counsel to demonstrate why such a substantial increase is warranted.

Here, the requested fee exceeds $146 million. Even a benchmark award of 25% would compensate counsel with approximately $110 million—already an extraordinary recovery by any measure.

Class Counsel rely heavily on the size and complexity of the litigation, but those factors are already reflected in the lodestar and should not automatically justify a massive upward departure. Large recoveries do not necessarily warrant higher percentages because the economies of scale in mega-fund cases often justify lower percentage awards.

Courts routinely reduce percentage awards in cases involving very large common funds to avoid windfalls. A reduction here would still provide Class Counsel with one of the largest fee recoveries in class action history.

## III. THE LODESTAR CROSS-CHECK DOES NOT SUPPORT THE REQUESTED AWARD

Class Counsel claim the requested award reflects a 2.59 multiplier on a purported lodestar exceeding $56 million. However, the motion does not provide sufficient detail to permit meaningful scrutiny of the billing records, staffing practices, or billing judgment exercised.

The Court should carefully examine:

• Whether multiple firms performed duplicative work;
• Whether staffing levels were excessive during discovery and trial preparation;
• Whether partner-heavy staffing unnecessarily inflated the lodestar; and
• Whether all hours claimed were reasonably necessary.

The motion itself demonstrates extraordinary levels of attorney activity, including thousands of hours spent on briefing, discovery disputes, and trial preparation. But quantity alone does not establish reasonableness. The Court should not assume that every billed hour was necessary or efficiently expended.

Moreover, because this was a common-fund case with the prospect of a substantial fee recovery from inception, counsel were already incentivized to litigate aggressively. The requested multiplier therefore overcompensates counsel for risks that were partially mitigated by the scale and profile of the case.

## IV. THE REQUESTED COSTS REQUIRE CLOSER SCRUTINY

Plaintiffs seek reimbursement of $12,422,374.42 in litigation costs. Such an extraordinary request requires rigorous documentation and careful judicial review.

The motion references broad categories of expenses, including expert costs, discovery management, trial preparation, and notice administration, but does not sufficiently itemize all expenditures or explain why each cost was reasonably necessary.

The Court should require detailed substantiation before approving reimbursement from the common fund. Any vague, administrative, duplicative, or overhead-related expenses should be excluded.

## V. THE REQUESTED SERVICE AWARDS ARE EXCESSIVE

Plaintiffs request service awards of $50,000 each for Rodriguez and Santiago and $35,000 for Harvey. These requested payments substantially exceed the amounts typically approved in the Ninth Circuit.

While representative plaintiffs should be compensated for legitimate efforts undertaken on behalf of the class, excessive awards create the appearance that named plaintiffs received preferential treatment in exchange for supporting counsel's litigation strategy and fee request.

Courts routinely approve far smaller awards, often in the range of $5,000 to $15,000. The requested awards here are disproportionate and unsupported by detailed evidence demonstrating truly extraordinary burdens.

## VI. CONCLUSION

Objector respectfully requests that the Court:

1. Reduce the attorneys' fee award to no more than the Ninth Circuit benchmark of 25% of the common fund;
2. Conduct a rigorous lodestar review and reduce any excessive or duplicative billing;
3. Require detailed substantiation of all claimed litigation costs and reduce unsupported expenses; and
4. Reduce the requested service awards to amounts consistent with ordinary Ninth Circuit practice.

Dated: May 27, 2026

Respectfully submitted,

Objector:    Larry Douglas Boney

1360 N Laurel Ave, Apt 12

West Hollywood, CA 90046

1-323-229-5095

dougboney@gmail.com