

**FILED**

JUN 0 3 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ANIBAL RODRIGUEZ, et al.,** | **Case No.: 3:20-cv-04688-RS** |
| *Plaintiffs,* | **CLASS MEMBER'S FORMAL OBJECTION TO CLASS COUNSEL'S FEE APPLICATION** |
| vs. | Judge: Hon. Richard Seeborg |
| **GOOGLE LLC,** | Hearing Date: August 13, 2026, at 1:30 p.m. |
| | Courtroom: 3 - 17th Floor |
| *Defendant.* | |

## I. OBJECTOR INFORMATION

Pursuant to the Court's directives, the Objector hereby provides the following mandatory contact information:

- **Full Name:** John Tae Kim
- **Mailing Address:** 2525 Wilshire Boulevard, #607, Los Angeles, CA 90057
- **Telephone Number:** 310-986-3446
- **Email Address:** jt@theneonwhite.com

The Objector is a member of the settlement/judgment class in *Rodriguez v. Google*, Case No. 3:20-cv-04688-RS, and formally objects to Class Counsel's Motion for an Award of Attorneys' Fees, Costs, and Service Awards.

## II. REASONS FOR OBJECTION AND LEGAL SUPPORT

The Objector requests that the Court reject Class Counsel's request for a one-third (33.33%) cut of the common fund—amounting to an astronomical **$146,781,895.13**—and instead cap the fees at the Ninth Circuit's standard 25% benchmark, or strictly limit recovery to Counsel's actual lodestar time of $56,768,654. The grounds for this objection are as follows:

### 1. The Requested Fee Unfairly Deprives the Actual Victims of Compensation

A common fund is established to remedy the injuries suffered by the class members, not to provide an excessive windfall to attorneys. By taking $146.7 million off the top of the judgment,

Class Counsel is severely diminishing the actual recovery meant for individual victims like the Objector. The scale of this reduction directly conflicts with the foundational purpose of class action remedies.

## 2. The Requested Fee Defies the Ninth Circuit's Established 25% Benchmark

Under long-standing federal equity principles and Ninth Circuit precedent, **25% is the established "benchmark"** for attorneys' fees awarded from a common fund (*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047).

Class Counsel argues that California law should allow them to bypass this rule to take 33.33%. However, this case was litigated in a federal forum, and an upward departure to a "megafund" is highly disfavored when it results in a massive payout at the expense of the class. The Court should enforce the traditional 25% cap to preserve the integrity of the recovery for the victims.

## 3. Class Counsel's Actual Dedicated Time ($56.7 Million Lodestar) Fully Compensates Their Risk

According to Class Counsel's own motion, the actual time they dedicated to this case over five years calculates to a lodestar of **$56,768,654**.

- Paying the attorneys their actual billed lodestar would fully compensate them for every single hour of work they claim to have performed.
- Allowing a 2.59 multiplier—which creates a massive $90 million bonus on top of their hourly rates—is excessive and punitive to the class members who bore the actual privacy violations.

If the Court does not enforce the 25% benchmark, it should alternatively limit the fee award to the $56.7 million lodestar. This ensures the lawyers are paid fairly for their labor without shortchanging the victims.

---

## III. LEGAL REPRESENTATION

- **Hired Lawyers:** The Objector has **not** hired any lawyers to represent them for this objection. No current or former lawyers will be paid for any reason regarding this objection.

---

## IV. SIGNATURE OF OBJECTOR

Dated: May 28, 2026

Respectfully submitted,

---

**John Tae Kim,** *Objector and Class Member*

LOS ANGELES CA 900
1 JUN 2026 PM 11 L

John Long cuy
2525 Wilshire Blvd., #607
Los Angeles, CA 90057

Clerk of the Court
U.S. District Court
Northern District of California
Philip Burton Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102

RECEIVED

JUN 03 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA