CHRISTOPHER TODD SANDERS
110 Wenonah Way
Durham, NC 27713
Telephone: 240-424-0751
Email: ctsanders@gmail.com
Class Member, Pro Se

**FILED**

**JUN 0 8 2026**

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

# CLERK OF COURT

| | |
|---|---|
| **STATE OF CALIFORNIA** | ) UNITED STATES DISTRICT COURT |
| **COUNTY OF SAN FRANCISCO** | ) NORTHERN DISTRICT OF CALIFORNIA |
| | ) CASE NO: 3:20-CV-4688-RS |
| | ) |
| **RODRIGUEZ, et al,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) **CLASS MEMBER OBJECTION TO CLASS** |
| **v.** | ) **COUNSEL'S APPLICATION FOR ATTORNEY** |
| | ) **FEES, COSTS, AND SERVICE AWARED** |
| | ) |
| **GOOGLE LLC,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

# CLASS MEMBER CHRISTOPHER TODD SANDERS' OBJECTION TO CLASS COUNSEL'S APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

I, Christopher Todd Sanders, submit this Objection to Class Counsel's Fee Application requesting attorneys' fees equal to 33% of the judgment, which currently stands at over $440 million with accrued interest. I am a Class Member in this action, having received notice that Google's records indicate my "Web & App Activity" and/or "supplemental Web & App Activity" settings were turned off or paused during the relevant time-frame while my data was still tracked.

As an affected individual, I object to the requested fee percentage and specific omissions in the scope of data damage recovery. I respectfully request that this Court reduce Class Counsel's fee to a lower percentage on a sliding-scale basis and scrutinize the unaddressed impacts of Google's data collection (between 20 - 25%).

## I.   THE REQUESTED 33% FEE EXCEEDS THE NINTH CIRCUIT BENCHMARK AND FAILS TO ACCOUNT FOR THE "MEGAFUND" SLIDING SCALE

1.   Class Counsel is requesting 33% of the massive judgment fund. In the Ninth Circuit, the established starting point or "benchmark" for a fee award under the percentage-of-the-recovery method is 25% of the common fund (In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 942 (9th Cir. 2011)). Class Counsel's request represents an unjustified upward departure from this benchmark.

2.   Furthermore, because this case features an exceptionally large recovery—a jury verdict and interest totaling $440,345,685.40—it qualifies under the "megafund" doctrine. Federal courts consistently recognize that where a judgment or settlement is exceptionally large, the attorney's fee percentage should be adjusted downward on a sliding scale rather than remaining fixed. The rationale is clear: the massive size of the fund is driven by the sheer scale of the wrong done to the American people by Google, not strictly by an exponential increase in the attorneys' labor.

3.   While the Ninth Circuit does not mandate a rigid sliding scale in every megafund case, it explicitly recognizes the size of the settlement fund as a primary

circumstance to prevent a windfall to high-priced attorneys at the expense of class members (In re Optical Disk Drive Prods. Antitrust Litig., 959 F.3d 922, 933 (9th Cir. 2020); Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1047 (9th Cir. 2002)).

4. When compensation is on a megafund scale, courts routinely scale fees back to **20–25%** or utilize a sliding scale where the percentage decreases as the recovery tiers climb. Class Counsel's request for **33% is excessive and disproportionate**. The reward should be commensurate with the work performed on a sliding scale, leaving more of the recovery to the individual citizens whose privacy rights were systematically violated.

## II.   THE CASE FAILS TO ACCOUNT FOR UNLAWFUL MOBILE DATA CONSUMPTION RATE CHARGES

5. The lawsuit established that Google unlawfully collected, saved, and utilized app activity data from smartphones and tablets even when users explicitly turned off their activity controls. However, the current damages model and fee application fail to account for a critical financial injury inflicted directly on the consumer: unvetted data consumption rates.

6. When an individual's device transmits data back to Google without their consent—particularly during periods when they believe tracking is disabled or when they are actively trying to limit device activity—the consumer's cellular data plan is consumed by those background transmissions. For millions of Americans, this unauthorized data extraction directly affects their data plan limits, triggers overage charges, or degrades network performance.

7. This unauthorized consumption of cellular data rates represents an active, physical appropriation of user-paid resources that has not been properly accounted for or measured in the current resolution. The Court should consider this dynamic when evaluating the completeness of the relief achieved relative to the high fees sought by Class Counsel.

## III.   NO RECOGNITION OF SEPARATE LEGAL COUNSEL

Pursuant to the requirements of the Class Notice, I hereby state that I have not retained or hired any separate legal counsel to represent me for this objection. No current or former lawyers will be paid regarding this objection. I am appearing pro se solely as an affected Class Member.

## CONCLUSION

For the reasons stated above, I respectfully request that this Court reject the 33% fee application, apply a downward sliding-scale adjustment closer to a 20% to 25% range to align with standard megafund jurisprudence, and require Class Counsel to address the uncompensated cellular data costs imposed on class members by Google's backend tracking.


**Respectfully submitted this   4   day of   June   ,2026.**


Signature:

Name:   Christopher Todd Sanders

Title:   Class Member

Address:   110 Wenonah Way, Durham, NC 27713

Phone:   240-424-0751

Email:   ctsanders@gmail.com

Court Designation:   Pro se