**FILED**

JUN 08 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

MichAEL DARNELL JONES (PRO SE)
900 NoTTingham DRiVE
CEdAR HiLL, TEXAS
                    75104-1827

CASE No. 3:20-CV-4688-RS

### CLERK OF THE COURT

FILE MoTions WRitten objections with the CouRT.

I objections state that, I MichAEL DARNELL JONES (PRO SE) to the FEE ApplicAtion iN RodRiguez V. GoogLE, CASE No. 3:20-CV-4688-RS I include the Following inFoRMAtion.

(1.) MichAEL DARNELL JONES
(2.) My REASONS FOR youR OBJECTIONS:
  (A.) UNLAwFuLLy ACCESSEd theiR dEViCES ANd dAtA, including APP ACtivity dAtA oN theiR MobiLE dEViCES, EVEN though the GoogLE Activity CoNtRoLs CALLEd Web + App Activity ("WAA") ANd/oR A Sub-SETting CONCERNiNg " ChRomE histoRy ANd Activity FRom SitES, APPS, ANd dEViCES thAt usE GoogLE SERViCES," SomEtimES CALLEd SupplEMENTAL, Web + App Activity ("sWAA") WERE TuRNEd OFF OR "PAusEd."

x _Michael Darnell Jones_ (PRO SE)
900 NoTTingham DRiVE
CEdAR HiLL, TEXAS 75104-1827
(213) 447-4207
EMAiL: michAEL 88599 Att.NEt

Starred   Contacts   More

← Back      ↩ ↪ ✉ ☆ □ 🗑 ⊗ •••      ↑ ↓ ✕

Inbox
Sent
Drafts
Trash
Spam
Folders
• • •

# Court-Ordered Notice of Class Action  ▢ Inbox

**Google Web App Activity Lawsuit**
To: me · Sat, May 30 at 8:15 AM ⌄

Ad removed.
Show details

<u>UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA</u>

## Notice to Class Members who had Google "Web & App Activity" control or the "Supplemental Web & App Activity" sub-setting turned off or "paused" of Class Counsel's Fee Application

Para una notificacion en Español, visitar <u>www.GoogleWebAppActivityLawsuit.com</u>.

*A federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**What is this notice about?** On September 3, 2025, after a federal trial, the jury concluded that Google unlawfully collected information from certain users of smartphones and tablets who claimed they asked Google not to track their activity on mobile apps. The jury awarded a verdict of over $425 million in damages to two certified Classes. The Court entered a judgment, which requires Google to pay the Classes the amount of the jury's verdict plus interest. As of March 2, 2026, the verdict plus interest totals $440,345,685.40. Interest continues to accrue on that amount. However, Google has asked the Court to vacate the judgment, meaning disregard the jury verdict. Google may also appeal the judgment. There is no money available now, but Court rules require Class Counsel to make a formal request for their fees (their "Fee Application"), should compensation be awarded. This notice is to inform Class Members of the Fee Application and their opportunity to object to it.

**What was the lawsuit about?** Three Google account holders ("Plaintiffs") filed a class action lawsuit alleging that Google LLC ("Google") unlawfully accessed their devices and data, including app activity data on their mobile devices, even though the Google activity controls called Web & App Activity ("WAA") and/or a sub-setting concerning "Chrome history and activity from sites, apps, and devices that use Google services," sometimes called supplemental Web & App Activity ("sWAA") were turned off or "paused." Plaintiffs alleged Google unlawfully accessed their mobile devices to collect, save, and use the data concerning their activity on non-Google apps that have incorporated certain Google software code into the apps. Plaintiffs have three legal claims: 1) invasion of privacy; 2) intrusion upon seclusion (similar to invasion of privacy); and 3) violation of the Comprehensive Computer Data Access and Fraud Act ("CDAFA"). The jury ruled that Google is liable for invasion of privacy and intrusion upon seclusion, but not for violation of the CDAFA.

**You are receiving this Notice because Google's records indicate that you may be a Class Member.** You were previously sent notice of the Court's certification of the Classes in this lawsuit in the fall of 2024. This Notice advises you of the jury verdict and judgment that were reached in the lawsuit, Class Counsel's Fee Application, your rights and options at this time, and the deadline to exercise them.

**Who is a Class Member?** The Court certified two classes to assert claims for invasion of privacy and intrusion upon seclusion. These classes include the following individuals:

<u>Class 1 (the Android Class):</u> All "non-Enterprise" and "non-Unicorn" individuals who, during the period beginning July 1, 2016 and continuing through September 23, 2024, (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running the Android operating system, because of the Firebase Software Development Kit ("SDK") and/or the Google Mobile Ads SDK.

<u>Class 2 (the Non-Android Class):</u> All "non-Enterprise" and "non-Unicorn" individuals who, during the period beginning July 1, 2016 and continuing through September 23, 2024, (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running a non-Android operating system, because of the Firebase SDK and/or Google Mobile Ads SDK.

"Enterprise individuals" refers to individuals who <u>only</u> have an "Enterprise" Google Account. An "Enterprise" Google Account is an account managed by an administrator that is designed for end users within an organization, such as businesses, non-profits, and schools. Individuals who have an "Enterprise" Google Account are not part of the certified Classes that claimed invasion of privacy and intrusion upon seclusion unless they also have another Google Account.

"Unicorn individuals" refers to individuals who <u>only</u> have a "Unicorn" Google Account, which is

also known as a "supervised Google Account for users under age 13." A "supervised Google account for users under age 13" is an account created for a minor when they are under the age of 13, and which is created and supervised by a parent using Google Family Link. Individuals who have a "Unicorn" Google Account are not part of the certified Classes that claimed invasion of privacy and intrusion upon seclusion unless they also have another Google Account.

**What was the verdict?** The jury found Google liable to Class Members who use Android devices ("Class 1") and to Class Members who use non-Android devices ("Class 2") for invasion of privacy and intrusion upon seclusion. The jury awarded a total of $425,651,947, of which $247,154,157 is due to Class 1 (Android users) and $178,497,790 is due to Class 2 (non-Android users). These amounts will continue accruing interest as required by law. The jury found Google not liable for violation of the CDAFA. For more information about the verdict, you can visit the Case Website and read the jury's verdict and related motions filed by both Google and the Plaintiffs.

**Does the verdict mean money is available now?** No money will be distributed at this time. While the jury did award a verdict, Google has asked the Court to vacate the judgment, meaning disregard the jury verdict. Google also may appeal. Class Counsel will continue to pursue the lawsuit against Google. If money or benefits become available at a later date, you will be notified and given instructions on how to make a claim.

**What is a Fee Application?** In a class action lawsuit like this, the Court decides the amount that Class Counsel will be paid for their work. When a jury awards compensation with a verdict in a class action, the Court requires that Class Counsel make a formal application for the fees Class Counsel believes it should be paid for their work in the lawsuit. Class Counsel must also request reimbursement for any costs and expenses incurred in bringing the lawsuit (such as the cost of expert witnesses and for providing notice to the Classes) and for service awards to the individual plaintiffs who represented class members and took part in the lawsuit. Individual Class Members are given an opportunity to review Class Counsel's fee application and object to any part of it. The Court considers Class Counsel's application and any objections, and the Court decides how much Class Counsel will be paid, how much they will be reimbursed, and what service awards will be granted to the class representatives.

**What does the Fee Application Say?** Class Counsel is requesting (1) attorneys' fees equal to 33% of the judgment, including both the jury's verdict award and interest, which continues to accrue until Google's challenges to the judgment are resolved; (2) $12,422,374.42 to reimburse costs and expenses incurred by Class Counsel; and (3) a total of $135,000.00 for service awards for the three class representatives. Class Counsel's Fee Application states their justification for each of these requests. The Court must approve the Fee Application and may award less than these amounts. You can review the Fee Application at the Case Website, www.GoogleWebAppActivityLawsuit.com by clicking here. These amounts will be paid from the compensation ultimately awarded in this case, if any. These amounts will not be paid until after the Court rules on Google's request to disregard the jury verdict and, if Google also chooses to appeal, after the Court rules on that appeal. You do not have to pay for Class Counsel or any of their fees and costs.

**Who are Class Counsel?** The Court has appointed the following lawyers as Class Counsel to represent Class Members.

| | | |
|---|---|---|
| Mark C. Mao<br>Beko Reblitz-Richardson<br>BOIES SCHILLER FLEXNER LLP<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104 | John A. Yanchunis<br>Ryan J. McGee<br>MORGAN & MORGAN<br>201 N. Franklin Street,<br>7th Floor<br>Tampa, FL 33602 | Bill Carmody<br>SUSMAN GODFREY LLP<br>One Manhattan West<br>50th Floor<br>New York, NY 10001 |
| James Lee<br>BOIES SCHILLER FLEXNER LLP<br>100 SE 2nd St., 28th Floor<br>Miami, FL 33131 | | Amanda Bonn<br>SUSMAN GODFREY LLP<br>1900 Ave. of the Stars,<br>Suite 1400<br>Los Angeles, CA 90067 |

**How do I object to the Fee Application?** To object, you must file a written objection with the Court. Your objection must state that you object to the Fee Application in *Rodriguez v. Google*, Case No. 3:20-CV-4688-RS and must include the following information:

1. Your full name, mailing address, telephone number, and email address;
2. The reasons for your objection, and any legal support for your objection from you or your lawyer;
3. The name of all lawyers hired to represent you for the objection (if any). This includes any former or current lawyers who may be paid for any reason regarding your objection; and
4. Your signature as the objector. A lawyer's signature is not adequate.

You must file your written objection with the Court so it is *received by* **July 30, 2026**. You must also send your objection to Class Counsel and the Notice Administrator, via US Mail or shipped by private courier (such as Federal Express) so it is *received by* **July 30, 2026**, to the following addresses:

An official website of the United States government  Here's how you know

United States District Court

**Northern District of California**

Menu

Select language ⌄            |            Find a location

Home  |  About the Court

# Clerk's Office

# Mark B. Busby, Clerk of Court

Office of the Clerk
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102-3489

## About the Clerk of Court

The Clerk of the Federal District Court is appointed by the Court's Judges and serves as the Chief Executive Officer of the Court, managing all of its non-judicial functions, such as:

- Alternative Dispute Resolution (ADR)
- Case Processing
- Court Records Management
- Criminal Justice Act (CJA)
- Emergency Response | Continuity of Operations (ER|COOP)
- Financial Management and Accounting
- Information Technology
- Jury Administration
- Local Rules Implementation
- Personnel Administration
- Procurement & Facilities
- Strategic Planning

CASE NO. 3:20-CV-4688-RS

RESPECTFULLY Submitted,

Michael Darnell Jones    (PRO SE)

BY: MICHAEL DARNELL JONES    (PRO SE)

900 NOTTINGHAM DRIVE

CEDAR HILL, TEXAS    75104-1827

(213) 447-4207 (CELL-PHONE)

MICHAEL8859@ATT.NET

E-MAIL ADDRESS

06/04/2026

(DATE)