# UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

**FILED**

JUN 0 9 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**RODRIGUEZ**
**v.**
**GOOGLE LLC**

Case No. 3:20-CV-04688-RS

**OBJECTOR KRISTEN CURRY'S OBJECTION TO FEE APPLICATION**

I, Kristen Curry, respectfully submit this objection to the Fee Application filed in the above-captioned matter. I received notice of the Fee Application because Google's records indicate that I may be a member of one or more of the certified Classes. In addition, on April 17, 2026, I successfully submitted an Interest Registration Form and received confirmation of that submission. As a class member whose interests may be affected by any award of attorneys' fees, expenses, or service awards, I respectfully submit this objection for the Court's consideration. I am a participating class member and objector with a direct interest in the outcome of these proceedings, including the Court's determination regarding attorneys' fees, litigation expenses, and service awards.

**Objector Information**
Name: Kristen Curry
Mailing Address:
P.O. Box 344
Visalia, California 93279
Telephone Number: (646) 844-2494
Email Address: UnseenXS@yahoo.com

**Objector's Participation and Interest**

On April 17, 2026, at approximately 5:27:27 A.M., I successfully submitted an Interest Registration Form in connection with this litigation and received confirmation of my submission. Submitted Interest Registration ID: **GCCNG000386796**
The registration was submitted under my name and contact information listed above. Because I timely submitted my Interest Registration and received confirmation that it was accepted, I have a direct interest in the Court's determination of any award of attorneys' fees,

litigation expenses, and service awards that may affect the interests of participating class members.

**Basis for Objection**

I object to the Fee Application because the Court has an independent duty to ensure that any award of attorneys' fees, litigation expenses, and service awards is fair, reasonable, and adequately supported by the record.

I further object because the requested award appears substantial and should be subjected to heightened scrutiny to ensure that the interests of class members are fully protected and that any compensation awarded to counsel is proportionate to the benefit obtained for the class.

**Legal Support and Argument**

Federal courts have consistently held that attorney fee requests are subject to careful judicial scrutiny to ensure that the amounts awarded are fair and reasonable. In Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 551–52 (2010), the Supreme Court explained that fee awards must be based on an objective assessment of reasonableness and supported by the record.

Likewise, the Ninth Circuit has emphasized that courts reviewing fee requests in class actions must act as guardians of the interests of absent class members and carefully evaluate whether the requested compensation is justified. See Staton v. Boeing Co., 327 F.3d 938, 963–64 (9th Cir. 2003) (noting the district court's fiduciary duty to protect class members when assessing attorney fee awards).

**I.      Objection to the Requested Attorneys' Fees**

Courts within the Ninth Circuit routinely use a twenty-five percent fee award as a starting point for evaluating attorney compensation in common-fund settlements. See Six (6) Mexican Workers v. Arizona Citrus Growers, 904 F.2d 1301, 1311 (9th Cir. 1990) (recognizing 25% as a benchmark for common-fund fee awards).

Class Counsel requests an award equal to thirty-three percent (33%) of the judgment, together with accrued interest. Where a fee request exceeds the customary benchmark, courts must provide a reasoned explanation demonstrating that the departure is justified by the circumstances of the case. See Powers v. Eichen, 229 F.3d 1249, 1256–57 (9th Cir. 2000) (holding that departures from the benchmark must be supported by findings that account for the particular facts of the case).

Without a substantial evidentiary showing establishing that an upward departure is warranted, the requested fee should be reduced to an amount more consistent with the customary benchmark and the interests of the class members whose recovery will be diminished by the award.

## II.    Objection to the Requested Litigation Expenses

Class Counsel also seeks reimbursement of litigation costs and expenses. A party requesting such reimbursement bears the burden of demonstrating that the claimed expenses were reasonably incurred and are supported by adequate documentation. See Trustees of the Construction Industry & Laborers Health & Welfare Trust v. Redland Insurance Co., 460 F.3d 1253, 1257–58 (9th Cir. 2006) (recognizing that fee and cost applicants must provide sufficient evidence to permit meaningful judicial review of their requests).

Because reimbursement of litigation expenses reduces the recovery available to class members, the Court should independently examine the requested costs to determine whether they were necessary to the prosecution of the action and are adequately supported by the record. Any expenses that are excessive, duplicative, clerical or administrative in nature, inadequately documented, or otherwise unsupported should be denied or reduced accordingly.

## III.    Objection to the Requested Service Awards

I also object to the requested service awards.

The Ninth Circuit has cautioned that incentive awards may create a conflict of interest between named plaintiffs and absent class members and therefore must be subjected to careful judicial scrutiny. See Radcliffe v. Experian Information Solutions, Inc., 715 F.3d 1157, 1164–65 (9th Cir. 2013) (holding that incentive arrangements may undermine the adequacy of class representatives where they create interests divergent from those of the class).

Because service awards are paid from funds that would otherwise be available to participating class members, the Court should require competent evidence demonstrating that the requested awards are justified by the representatives' actual efforts, burdens incurred, risks assumed, and contributions to the prosecution of the action. Any award should remain modest and proportionate to the recovery obtained for the class and should not confer preferential treatment upon the representative plaintiffs.

To the extent the record fails to establish that the requested service awards are necessary and reasonable, the Court should reduce or deny them.

## IV.    Protection of Participating Class Members

As a participating class member who successfully submitted an Interest Registration Form, I respectfully request that the Court exercise its fiduciary duty to protect the interests of all class members.

The Court should ensure that any award of attorneys' fees, litigation expenses, and service awards is fair, reasonable, proportionate, and supported by adequate evidence.

## Attorneys Representing Objector

No attorneys have been retained by me in connection with this objection, and no current or former attorneys may seek compensation relating to this objection.

## Request for Relief

For the foregoing reasons, I respectfully request that the Court:
1. Deny the Fee Application as presently submitted; or
2. In the alternative, reduce the requested attorneys' fees, litigation expenses, and service awards to amounts the Court determines are fair, reasonable, and supported by the evidence; and
3. Grant such other and further relief as the Court deems just and proper.

## Declaration

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.
Dated: 06/06/2026
Respectfully submitted,

Kristen Curry
P.O. Box 344
Visalia, California 93279
Telephone: 646-844-2494
Email: unseenxs@yahoo.com