ORIGINAL FOR FILING WITH THE COURT

**FILED**

JUN 12 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## RODRIGUEZ et al. v. GOOGLE LLC

### Case No. 3:20-CV-4688-RS

## CLASS MEMBER VIKRANT SALAR'S OBJECTION TO CLASS COUNSEL'S FEE APPLICATION

**Objector:** Vikrant Salar

**Mailing Address:** _____

**Telephone:** _____

Vikrant Salar
11549 SW Collina Ln.
Wilsonville OR- 97070
Ph. 408-601-7755
Email- vikrant.salar@gmail.com

**Email:** vikrant.salar@gmail.com

I, Vikrant Salar, submit this written objection as a potential Class Member who received the Court-Ordered Notice of Class Action concerning Class Counsel's Fee Application in Rodriguez v. Google, Case No. 3:20-CV-4688-RS.

### 1. Statement of Objection

I object to Class Counsel's request for attorneys' fees equal to 33% of the judgment, including the jury verdict award and interest that continues to accrue. I do not object to Class Counsel being compensated for successful work, but I object to a one-third fee on a judgment stated to exceed $440 million plus continuing interest, because that percentage would materially reduce the recovery available to ordinary class members.

### 2. Reasons and Legal Support

The fee request should be reduced or strictly tested. In common fund cases in the Ninth Circuit, courts have discretion to use a percentage-of-recovery method or a lodestar method, and the Ninth Circuit has recognized 25% of the fund as a typical benchmark for percentage fees. See Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1047 (9th Cir. 2002).

Here, the requested 33% fee would be applied to an unusually large judgment and to post-verdict interest, making the attorney-fee amount very large while individual class-member recoveries may be small. The Court should therefore conduct a strict lodestar cross-check, require detailed support for any multiplier, and consider reducing the fee percentage to 25% or lower.

The Court should also consider whether post-verdict interest should be included in the fee base. Interest is part of the monetary recovery that otherwise could benefit the Classes. If Class Counsel seeks a percentage of interest in addition to the jury verdict, the Court should require a specific justification and should not treat interest as an automatic expansion of the fee award.

### 3. Requested Relief

I respectfully ask the Court to:

a. deny the 33% attorney-fee request as excessive;

b. reduce any percentage fee to 25% or lower, or another amount the Court finds reasonable after a lodestar cross-check;

c. scrutinize the requested $12,422,374.42 in expenses and require adequate support;

d. separately review the requested class-representative service awards; and

e. preserve as much of the recovery as possible for ordinary class members.

## 4. Counsel for Objector

I have not hired any lawyer to represent me for this objection. If that changes, I will update the Court as required.

## 5. Signature

I declare under penalty of perjury under the laws of the United States that the information in this objection is true and correct to the best of my knowledge.

Dated: _____June, 8th_____, 2026

Signature: _____

Vikrant Salar

## CERTIFICATE OF MAILING / SERVICE

I certify that on __June 8th__, 2026, I mailed a true and correct copy of this Class Member Objection to Class Counsel's Fee Application by U.S. Mail to the following addresses:

**Court**
Clerk of the Court
United States District Court
Northern District of California
Phillip Burton Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102

**Class Counsel**
Mark C. Mao
Beko Reblitz-Richardson
BOIES SCHILLER FLEXNER LLP
44 Montgomery St., 41st Floor
San Francisco, CA 94104

**Notice Administrator**
Rodriguez v. Google Notice Administrator
PO Box 2749
Portland, OR 97208-2749

Dated: __June 8th__, 2026

Signature: __V. Salar__

Vikrant Salar