JUNE 9, 2026

FILED

JUN 1 5 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

United States District Court

Northern District of California

Rodriguez v. Google LLC

Case No. 3:20-cv-04688-RS

OBJECTION TO CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS

To the Honorable Richard Seeborg:

My name is Rory Sweeney, and I am a member of the class in Rodriguez v. Google LLC. I respectfully submit this objection to portions of Class Counsel's motion for attorneys' fees, expenses, and service awards.

I do not object to compensating Class Counsel for successfully litigating this case through trial and obtaining a substantial verdict. Class Counsel assumed significant risk and devoted substantial time and resources to the litigation. However, the Court has an independent obligation to ensure that any fee award is fair and reasonable to the class. I respectfully submit that the requested award warrants closer scrutiny.

I. THE REQUESTED ONE-THIRD FEE AWARD IS NOT AUTOMATICALLY REASONABLE

Class Counsel argues that a one-third fee award is "typical" in California common-fund cases and therefore should be awarded here. While such awards may be common, the fact that a particular percentage is frequently awarded does not establish that it is reasonable in every case.

The Court's duty is to determine what fee is reasonable under the specific circumstances of this litigation. A one-third award approaching $147 million is extraordinary in absolute terms and should be evaluated based on the actual work performed, the lodestar, and the benefit conferred upon the class rather than on a generalized assertion that one-third awards are common.

Moreover, a reduction from 33% to 25% would still result in attorneys' fees exceeding $106 million when calculated solely on the jury's verdict of $425,651,947. Such an award would provide exceptionally generous compensation to counsel while preserving approximately $35 million more of the recovery for class members than the requested one-third award. The existence of such a substantial alternative demonstrates why the requested one-third fee should not be presumed reasonable merely because similar percentages have been awarded in other cases.

## II. THE REQUESTED AWARD REPRESENTS APPROXIMATELY $2,955 PER HOUR

Class Counsel reports a lodestar of $56,768,654 based on 49,670 hours of work. Counsel further requests attorneys' fees of $146,781,895.13 as of final judgment.

When divided by the reported hours, the requested fee award equates to approximately $2,955 per hour across all time worked on the case. Although contingency litigation justifies compensation above standard hourly rates, the Court should consider whether compensation approaching $3,000 per hour is necessary to adequately reward counsel for their efforts and risk. A reduced percentage award could still provide exceptionally generous compensation while preserving a greater share of the recovery for class members.

## III. THE REQUESTED 2.59 MULTIPLIER MAY RESULT IN OVERCOMPENSATION

Class Counsel argues that the requested award represents a 2.59 multiplier on its lodestar and therefore falls within ranges approved in other cases. However, the Court should consider that Class Counsel's lodestar already reflects current-market billing rates for highly experienced attorneys. The requested award would increase that already substantial lodestar by approximately 159%.

The purpose of a multiplier is to compensate for risk and exceptional performance, not to create a windfall. While multipliers are sometimes appropriate, the Court should independently assess whether a 2.59 multiplier is necessary in this case, particularly where the underlying lodestar already exceeds $56 million. The fact that courts have approved multipliers in other cases does not establish that a multiplier of this magnitude is justified here.

## IV. INCLUDING POST-JUDGMENT INTEREST IN THE FEE CALCULATION RISKS A WINDFALL

I am particularly concerned by Class Counsel's request for one-third not only of the jury verdict but also of post-judgment interest, including interest that continues to accrue while post-trial proceedings and appeals remain pending. Unlike the jury verdict itself, accruing interest does not necessarily correspond to additional attorney work. Yet the requested fee grows automatically as interest accumulates. As a result, attorney compensation may increase substantially due solely to the passage of time, even if counsel's hours and lodestar remain largely unchanged. This creates the risk of a windfall that is disconnected from the actual legal work performed.

At a minimum, the Court should carefully evaluate whether post-judgment interest should be included in the fee base and whether doing so would result in compensation beyond what is reasonably necessary to reward counsel and encourage future class-action representation.

## V. THE JUDGMENT REMAINS SUBJECT TO ONGOING CHALLENGES

The notice provided to class members states that post-judgment interest continues to accrue while Google's challenges to the judgment are being resolved. This highlights an additional concern: the amount on which Class Counsel seeks to calculate its fee is not yet fixed and may change depending on the outcome of post-trial

motions or appellate proceedings. Nevertheless, Class Counsel seeks a percentage of interest that has not yet accrued and may never ultimately be recovered.

Awarding attorneys' fees based on a continually increasing and presently uncertain amount risks compensating counsel for funds that have not yet been collected and may be altered by future judicial rulings. At minimum, the Court should consider whether it is premature to award a percentage of future accruing interest before the judgment becomes final and all challenges have been resolved. Any fee award tied to interest should be based on amounts actually recovered rather than speculative future accruals.

VI. THE COMPARISON TO OTHER LARGE CASES DOES NOT ESTABLISH REASONABLENESS

Class Counsel notes that attorneys in certain other complex cases reported more hours than were reported here. However, the fact that other cases involved more attorney hours does not demonstrate that the requested fee in this case is reasonable. The cited cases merely show that other complex litigation required substantial work. They do not establish that a one-third award, a 2.59 multiplier, or compensation approaching $3,000 per hour is warranted here.

The Court should evaluate this fee request on its own merits and not assume reasonableness based solely on comparisons to unrelated cases.

VII. COSTS AND SERVICE AWARDS SHOULD BE CAREFULLY REVIEWED

Class Counsel also seeks reimbursement of $12,422,374.42 in expenses and $135,000 in service awards for the three class representatives. I respectfully request that the Court carefully review the supporting documentation for these requests and ensure that all expenses were necessary, reasonable, and directly related to the litigation. Likewise, any service awards should be supported by evidence demonstrating the time, effort, and burdens undertaken by the class representatives.

CONCLUSION

For the foregoing reasons, I respectfully request that the Court deny the fee request as presently formulated and instead award such attorneys' fees, expenses, and service awards as the Court independently determines are fair and reasonable under the circumstances.

In doing so, I respectfully request that the Court:

1. Carefully evaluate whether a one-third fee award is justified in this case;
2. Carefully evaluate whether a 2.59 multiplier is necessary and reasonable;
3. Exclude post-judgment interest from the fee calculation or defer any interest-based fee award until the judgment becomes final and all challenges are resolved;
4. Review and reduce any unsupported expenses; and
5. Review and reduce any unsupported service awards.

The Court may conclude that a fee award lower than the requested one-third percentage would more appropriately balance the interests of Class Counsel and the class. For example, a fee award equal to 25% of the jury verdict would still exceed $106 million and would continue to provide substantial compensation for the risks undertaken and the result achieved. Moreover, even if the Court elects to include accrued post-judgment interest in the fee base, a one-fourth award would still exceed $111 million based on Class Counsel's own calculations. These figures demonstrate that a meaningful reduction from the requested one-third award would continue to reward counsel generously while preserving a substantially greater portion of the recovery for the class.

Respectfully submitted,

Rory Sweeney

1421 N. Howard St.
Philadelphia, PA 19122

Rory.d.sweeney@gmail.com

717-679-1638

Date: 6/9/2026

Clerk of the Court
United States District Court
Northern District of California
Philip Burton Federal Bldg.
450 Golden Gate Ave. San Francisco, CA