IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

FRANCISCO RODRIGUEZ, ET AL.,

*Plaintiffs,*

v.

GOOGLE LLC,

*Defendant.*

Case No.: 3:20-cv-04688-RS

) **CLASS MEMBER'S
OBJECTION TO CLASS
COUNSEL'S FEE APPLICATION**

## CLASS MEMBER'S OBJECTION TO CLASS COUNSEL'S FEE APPLICATION

I am a Class Member in this lawsuit. I received the formal class notice because Google's historical records indicate that my individual privacy was compromised by Google's unauthorized collection of my mobile device application data during a period when my "Web & App Activity" and/or "supplemental Web & App Activity" settings were explicitly turned off or paused.

I write to formally submit this written objection to Class Counsel's Fee Application, which requests attorneys' fees equal to 33% of the total judgment (inclusive of the jury's verdict award and accrued interest), alongside a request for $12,422,374.42 in reimbursed litigation costs and expenses. I respectfully request that this Honorable Court exercise its equitable discretion to reduce these requested allocations based on the following grounds:

1. **The Requested Percentage Disproportionately Exceeds the Ninth Circuit Benchmark:** Within the Ninth Circuit, the established baseline benchmark for attorneys' fees in class action litigation is 25%. Class Counsel's current request of 33% represents an extraordinary upward departure. Given that the jury returned an exceptionally large verdict exceeding $425 million, an inflated 33% allocation creates an unjustified financial windfall for counsel at the direct expense of the individual Class Members who sustained the underlying privacy harms.

Page 1

2. **The "Megafund Rule" Warranting a Downward Adjustment Should Apply:** In complex class actions culminating in a massive financial recovery (frequently classified as "megafunds"), courts routinely reduce the standard fee percentage. This common-law principle prevents windfalls because the sheer scale of the common fund ensures that counsel is extraordinarily wellwarded even at a reduced rate. Adhering to or descending below the standard 25% benchmark would fully reward counsel for their litigation risks and diligence while preserving tens of millions of additional dollars for the actual affected consumers.

3. **Need for Strict Scrutiny and Independent Audit of Expenses:** Class Counsel has requested an additional reimbursement of $12,422,374.42 for litigation costs and expenses. On behalf of the class, I respectfully request that the Court perform a detailed, independent line-item audit of these expenses to ensure that all outlays were strictly necessary, verifiable, reasonable, and completely insulated from artificial inflation.

For the foregoing reasons, I respectfully request that the Court reject the 33% fee petition, restrict Counsel's fees to the standard 25% benchmark (or a lower sliding scale), and rigorously scrutinize the requested expense reimbursements to maximize the financial integrity of the recovery intended for the Class.

**Objector Full Name:** Cordell Willis

**Mailing Address:** 6862 Halyard Road, Bloomfield Hills, MI 48301

**Telephone Number:** 248-667-8107

**Email Address:** ccwillishome@gmail.com

**Legal Representation:** I have not retained independent legal counsel to represent me for the purposes of this objection.

Dated: June 3, 2026

**Cordell Willis**, Objector