

FILED

JUN 18 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

**Kylia J. Dantzler-Morgan**
1108 Bates St SE Apt 1
Grand Rapids, MI 49506
kdantzlermorgan@yahoo.com

Clerk of the Court
United States District Court
Northern District of California
Phillip Burton Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102

**Re:** Objection to Class Counsel's Fee Application — *Rodriguez v. Google LLC*, Case No.
3:20-CV-4688-RS

June 2, 2026

To the Honorable Court:

I am a Class Member in the above-captioned matter. I submit this objection to Class Counsel's Fee
Application pursuant to the Court's notice and the deadline of July 30, 2026. I am not represented by
counsel for purposes of this objection. This objection is directed to: (1) the requested attorneys' fee
percentage, (2) the requested cost reimbursements, and (3) the appropriate source from which attorneys'
fees should be paid.

## I. The 33% Fee Request Is Excessive for a Common Fund of This Size

Class Counsel seeks attorneys' fees equal to 33% of the judgment, which as of March 2, 2026 totals
$440,345,685.40, placing the requested fee at approximately $145 million or more. This percentage is
unreasonably high given the size of the recovery.

Courts applying the percentage-of-the-fund method in large common fund cases routinely recognize that
the percentage should decrease as the fund size increases. The Ninth Circuit has endorsed this "sliding
scale" approach, and district courts within this circuit regularly award fees well below 33% in cases
involving recoveries of this magnitude. See, e.g., *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d
935, 942 (9th Cir. 2011) (noting the 25% "benchmark" and that courts should adjust based on
case-specific factors); *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617, 2018 WL 3960068, at *8
(N.D. Cal. Aug. 17, 2018) (awarding lower fee percentage in light of fund size). A 25% benchmark, or a
percentage below that, would be more consistent with prevailing standards for recoveries in the hundreds
of millions of dollars.

A reduction from 33% to 25% on the current judgment amount would result in Class Members retaining
tens of millions of additional dollars in compensation they are owed. The Court is respectfully requested
to apply meaningful scrutiny to this request rather than treating it as a formality.

## II. The $12.4 Million in Costs Requires Greater Itemization and Scrutiny

Class Counsel seeks reimbursement of $12,422,374.42 in costs and expenses. While litigation of this
scale does incur genuine costs, the Court should require sufficiently detailed itemization to confirm that
these expenses are reasonable, non-duplicative, and actually incurred in furtherance of Class Members'

interests. Reimbursable litigation costs should not include overhead that is typically absorbed by a firm as part of doing business, nor amounts that appear inflated relative to the actual work performed.

I respectfully request that the Court closely review the cost documentation submitted in support of this request and disallow any amounts that are not sufficiently substantiated.

## III. Attorneys' Fees Should Be Paid by Google, Not Deducted from the Class Recovery

The Fee Application proposes that attorneys' fees, costs, and service awards be paid from the compensation ultimately awarded to Class Members. This approach directly reduces the recovery available to the individuals this lawsuit was brought to compensate, and it is not the only option available to the Court.

Courts have the authority to order the defendant to pay attorneys' fees separately, either in full or as a component of the judgment, rather than drawing from the class fund. This is particularly appropriate where, as here, the jury found Google liable for intentional privacy violations affecting millions of people over a period of years. Requiring Google to bear the cost of the fees it necessitated through its own conduct would more fully compensate Class Members and would be consistent with the compensatory and deterrent purposes underlying the claims on which the jury found liability.

I respectfully urge the Court to consider ordering fee payment directly by Google rather than reducing the class recovery.

## IV. Google's Financial Position Further Supports This Approach

Any hardship argument on Google's behalf should be considered in light of the company's actual financial position. Alphabet Inc., Google's parent company, reported $350 billion in revenue for fiscal year 2024, with net income of $100.1 billion and operating cash flow of $125.3 billion. The company repurchased nearly $70 billion in its own stock in 2024 alone.

This is not a defendant with constrained resources. Google is fully capable of bearing the cost of attorneys' fees without any reduction to the class recovery. Allowing Class Counsel's fees to be paid from the fund, rather than by Google directly, insulates the company from the full financial consequences of conduct a jury has already found to be unlawful, while diminishing the compensation owed to the people most harmed by that conduct.

For the foregoing reasons, I respectfully request that the Court: (1) reduce the attorneys' fee award to no more than 25% of the common fund; (2) closely scrutinize and reduce any inadequately documented cost reimbursements; and (3) order that attorneys' fees be paid by Google rather than deducted from the class recovery.

Respectfully submitted,

**Kylia Dantzler-Morgan**
Class Member
Grand Rapids, Michigan
kdantzlermorgan@yahoo.com