**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JUN 2 2 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Rodriguez v. Google LLC
Case No. 3:20-CV-4688-RS

## DECLARATION OF ERIC MELIN IN SUPPORT OF LIMITED OBJECTION TO CLASS COUNSEL FEE APPLICATION, REQUEST FOR REVIEW OF UNIQUE CLASS MEMBER INTERESTS, REQUEST FOR ACCESS TO CASE MATERIALS, AND RESERVATION OF RIGHTS

I, Eric Melin, declare under penalty of perjury under the laws of the United States as follows:

1. I am an adult resident of New Hampshire and believe I am a member of one or more of the certified classes in the above-captioned matter.

2. I submit this declaration in support of my Limited Objection concerning the requested Class Counsel Fee Application and in support of my request that the Court recognize and consider my potentially unique interests as a class member.

3. I do not object to the jury verdict, the prosecution of this litigation, or the possibility that Class Counsel may ultimately be entitled to substantial compensation for their work.

4. My concern is that I may possess interests, expertise, evidence, observations, and potential claims that differ materially from those of a typical class member and that these interests have not yet been reviewed by any Court-appointed Class Counsel.

5. To date, my only communication regarding this litigation has been a generic class notice. No lead Class Counsel has contacted me individually to discuss my circumstances, potential claims, technical expertise, or whether my interests are adequately represented within the existing class structure.

PROFESSIONAL BACKGROUND

6. I am the Founder and Chief Executive Officer of PositionClick Corporation, a consulting firm focused on Google technologies, internet infrastructure, digital marketing systems, analytics platforms, cloud technologies, systems administration, data governance, and privacy-related consulting services.

7. Since approximately 1997, I have worked professionally in information technology consulting, internet infrastructure, search technologies, enterprise software systems, digital advertising systems, analytics platforms, and related technology fields.

8. Google-related consulting has been a primary area of my professional work for many years.

9. Throughout my career I have advised businesses, entrepreneurs, investors, institutions, and corporate clients regarding Google's products, advertising systems, analytics technologies, cloud infrastructure, privacy controls, account management systems, and related technologies.

10. I have completed more than forty (40) consulting engagements involving Google-related technologies, including advisory services concerning privacy, analytics, advertising technologies, tracking systems, internet infrastructure, and data governance matters.

11. My work has included analysis of user tracking technologies, analytics systems, digital advertising platforms, data collection practices, privacy settings, account structures, data transmission mechanisms, and internet-based technology systems.

12. I have earned multiple certifications within Google's own technology and advertising ecosystems and have maintained substantial familiarity with Google's products, policies, technologies, and business practices over many years.

13. I have advised organizations regarding issues involving data privacy, analytics systems, advertising technologies, tracking systems, governance concerns, and technology compliance matters associated with Google's platforms and services.

14. I have operated websites, servers, email systems, internet infrastructure, analytics systems, advertising campaigns, and technology platforms involving substantial interaction with Google's products and services.

15. My professional work has included forensic-level review of technology systems, data flows, user activity records, tracking technologies, analytics systems, privacy-related technologies, and internet infrastructure.

PUBLICATIONS, MEDIA COVERAGE, AND SPEAKING EXPERIENCE

16. My work and professional activities have received media coverage and recognition from various business and technology publications, including The Wall Street Journal, the Boston Business Journal, and Mass High Tech.

17. Among the subjects addressed in public commentary and media coverage were concerns relating to online advertising integrity, click fraud, advertising accountability, and methods businesses may use to protect advertising budgets from fraudulent or invalid advertising activity.

18. One such article examined methods to help businesses reduce losses resulting from click fraud associated with Google advertising campaigns and discussed concerns relating to advertising quality, transparency, and accountability.

19. I have participated in educational presentations, public speaking engagements, and discussions concerning internet technologies, search technologies, digital advertising systems, privacy issues, analytics systems, and related legal and regulatory considerations.

20. My speaking experience has included presentations and discussions conducted in academic settings, including presentations delivered at a law school regarding internet technologies, digital advertising systems, privacy concerns, and related issues.

UNIQUE INTERESTS IN THIS LITIGATION

21. I am both a long-term Google user and a consultant whose clients utilize Google's products and services.

22. As a result, I have evaluated Google's systems both as an end user and as a professional advisor to organizations that depend upon those systems.

23. I believe this dual perspective may distinguish my interests from those of many ordinary class members.

24. During periods relevant to the allegations in this case, I used Google products and services in both personal and professional capacities.

25. I have also traveled internationally and utilized internet-connected devices, Google accounts, applications, and related services across multiple jurisdictions and countries.

26. Based upon my professional experience, I believe I may possess information, observations, technical expertise, and evidence relevant to issues involving data collection, user tracking, privacy controls, analytics systems, data transmission, digital advertising technologies, and related matters.

27. I further believe I may possess information concerning Google-related tracking, data transmission, privacy controls, analytics systems, or related activities that may not have been fully addressed during the proceedings that resulted in the September 3, 2025 verdict.

28. Because I have not been provided access to the underlying discovery record, expert reports, deposition testimony, exhibits, technical analyses, or other evidentiary materials developed during this litigation, I cannot presently determine whether information known to me has already been considered by the parties or by the Court.

29. For that reason, I respectfully seek an opportunity to confer with lead Class Counsel regarding my circumstances, expertise, observations, and potentially unique interests before the Court approves the requested attorneys' fee award.

30. I further seek access, to the extent permitted by law and Court procedures, to relevant discovery materials, expert reports, exhibits, transcripts, evidentiary submissions, and related materials relied upon during these proceedings.

31. If permitted by the Court and consistent with applicable rules, I would be willing to provide information, technical observations, consultation, or expert analysis that may assist the administration of justice in this matter.

32. I respectfully request guidance regarding whether a class member possessing specialized technical expertise may provide information, evidence, consultation, or expert assistance while preserving all rights as a member of the certified classes.

33. Nothing contained in this declaration shall be construed as a waiver of any rights, claims, remedies, objections, legal positions, or future actions available to me under applicable law.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___Jun 11___, 2026.

Eric Melin
17 Fern Rd
North Hampton, NH 03862
ericmelin@gmail.com
+1 617-504-6545