SHIYANG HUANG
2813 SW ROTHER RD.
TOPEKA, KS 66614
(314) 669-1858
defectivesettlement@gmail.com

**FILED**

**JUN 23 2026**

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>GOOGLE, LLC<br><br>        Defendants | Case No.: 3:20-cv-04688-RS<br><br>CLASS ACTION<br><br>RESPONSE IN OPPOSITION TO CLASS COUNSEL'S MOTION FOR ATTORNEY'S FEE [739] AS PREMATURE |

1

## A.   INTRODUCTION

Class member Huang submits this response to Class Counsel's motion for an award of $146,781,895.13 in attorneys' fees, or one-third of a judgment that has not been *finalized,* remains subject to Rule 50 and Rule 59 motions, or further appeals.

Huang is not advocating for any specific percentage today, and Huang recognizes that trying a class action to verdict *might* merit a fee above the 25% circuit benchmark.

***Huang argues this motion remains premature***: the "success achieved" or the most critical factor under both Ninth Circuit precedent and *Hensley v. Eckerhart,* 461 U.S. 424, 436 (1983) *is still far from final,* because the ultimate recovery is ***unknown*** and it may be reshaped by a variety of future proceedings before class members have a sum certain as to the "results achieved." The Court *should not decide* until the Class can comment, but may let Plaintiffs collect a "quick pay" interim lodestar award from Defendant before a sum certain is finalized, refundable after any vacatur of the judgment.

As a pure procedural matter, this filing shall add Huang to the party list, so that he can request electronic docketing and noticing for simplicity of the parties.

*Relatedly, this Court should inquire how the **"direct"** notice—one **Google** did not oppose, Dkt. 742—landed as Huang's **Gmail spam** folder and likely so for many absentees. See Exhibit, infra,* where notice administrator entirely signaled deference to class counsel.

## B.   HUANG IS A CLASS MEMBER WITH A DEMONSTRATED RECORD OF PROTECTING CLASS MEMBERS' RECOVERIES

Huang is a class member who received notice. *See* Dkt. 384 at 2 (class definition).

This Court is familiar with Huang's prior advocacy. In *In re Optical Disk Drive Products Antitrust Litigation,* MDL No. 2143 (N.D. Cal.), this Court credited Huang's

2

objection in reducing fee awards by over $18 million, granted Huang a $500 Objector

Award funded by class counsel, despite opposition; an attorney—who merely joined

Huang's *pro se* analysis but did not litigate the issue at all in this court—lost all issues on

appeal except prevailed on Huang's argument below for $4 million more savings. *In re*

*Optical Disk Drive Prods. Antitrust Litig.*, 2022 WL 1955672 (9th Cir. Jun. 6, 2022).

Huang is presently litigating as objector-appellant in *Corrente v. Charles Schwab*

*Corp.*, No. 25-40774 (5th Cir.), where his appeal is joined by Iowa's Attorney General.

**C.    THE COURT IS A *FIDUCIARY* FOR THE CLASS AT THE FEE-SETTING STAGE**

"Because the relationship between class counsel and class members turns

adversarial at the fee-setting stage, district courts assume a fiduciary role that requires

close scrutiny of class counsel's requests for fees and expenses from the common fund."

*In re Optical Disk Drive Prods. Antitrust Litig.*, 959 F.3d 922, 930 (9th Cir. 2020); *accord*

*Rodriguez v. Disner*, 688 F.3d 645, 655 (9th Cir. 2012) (court has "a special duty to

protect the interests of the class" when awarding fees from a common fund). That duty

applies with full force here, where there is no settling defendant negotiating fees at arm's

length and no class member has the skill, incentive or capacity to audit a $56.7 million

lodestar by 15-minute increments. The absence of adversarial testing is precisely why a

fiduciary, jealous regard for class' money (after a *sum certain* appears) is required.

**D.    THIS MOTION IS PREMATURE: *"RESULT ACHIEVED"* REMAINS UNKNOWN**

**1.    The most critical Rule 23(h) factor, "results achieved," remains contingent**

The first and most important factor in assessing a percentage award is "the results

achieved." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002); *see also In re*

*Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) ("Foremost among [lodestar adjustments factors,] however, is the benefit obtained for the class.").

Just as one-third of $0 is $0, requesting one-third of *unknown* is also *unknown*.

Today, the class has a *not-yet-final judgment*, and *$0* from Google to pay Class Counsel. Google's Rule 50 and Rule 59 motions remain to be litigated; Class counsel knows Google has $440 million reasons to resist the judgment (Mot. at 1, 10) and Class Counsel concedes that "[i]t may be years before this case is finally resolved" (Mot. at 1).

The "benefit obtained for the class" is still *an unknown quantity*. It may be $440 million plus more interest. It may be $0 if Google prevails, or any intervening law make Plaintiffs' claims worthless, *cf. Drazen v. Pinto*, 106 F.4th 1302, 1320 (11th Cir. 2024), or the sum certain may be anywhere in-between. Whether a "results achieved" merits paying each Plaintiff 70-100 times of Huang's *Optical Disk* efforts is also *unknown*.

But if this Court were to grant counsel's fee request *before* a settlement enters the picture, Class Counsel would cause this Court to commit a *per se* error, because "Rule 23(e)(2) … requires courts to scrutinize attorneys' fee arrangements" and "[u]nder the newly revised Rule 23(e)(2), courts should apply the *Bluetooth* factors even for post-class certification settlements." *Briseno v. Henderson*, 998 F.3d 1014, 1022 (9th Cir. 2021).

**2.    Counsel's own motion confirms the premature "unknown recovery" problem**

This case offer no *ex ante* "fee grids" as available in *Optical Disk* to pay counsel by objective formulations. Thus the notice is merely formality without knowing the "result achieved," but Rule 23(h) requires it for class members to evaluate the reasonableness of fees. *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993–94 (9th Cir. 2010). *As-*

4

*is, Huang has no basis to suggest what fee is reasonable, as the result is unknown,* and arguing 33% over X dollars is as irresponsible as arguing X%, Y% or Z%. Class Counsel asks for "one-third of the total amount ... *following exhaustion of appeals.*" Mot. at 1 n.1 (emphasis added). That request acknowledges that the fund's size is presently *unknown, but counsel asks the Court to commit today to a percentage for dollar amounts that cannot be known until the litigation concludes.* The circumstances bearing on the *Vizcaino* factors will look materially different until a sum certain appears. This Court also would unlikely grant exactly the *same* percentage irrespective of how this case proceeds.

**3.    This Court should deny Class Counsel's motion without prejudice as premature, or otherwise grant an interim "quick pay" fee award at lodestar to adequately balance the interests of the Class and Class Counsel**

This Court should not decide until class members know the "results achieved."

1.  **Deny the motion without prejudice** so that Class Counsel can re-file the motion after *the amount actually available to the class is determined.*

2.  **Allow Class counsel to receive the equivalent of a "quick pay" at full lodestar from Defendant.** Common in class-action settlements, *see In re: Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg., Sales Pracs. & Prod. Liab. Litig.,* 952 F.3d 471, 478 n.5 (4th Cir. 2020), Class Counsel could petition an interim fee before the orders are final, returnable if the judgment is vacated.

*Either approach preserves the alignment of incentives that the percentage method exists to create:* class counsel gets rewarded in proportion to the "results achieved," not in proportion to hypothetical or pending results for the class before a sum certain exists.

**E.    THE LODESTAR CROSS-CHECK CONFIRMS THE NEED TO DETERMINE THE "RESULTS ACHIEVED"**

As a general principle, the Ninth Circuit cautioned a high lodestar figure may let multipliers appear reasonable. "Counsel may have frittered away hours on pointless motions or unnecessary discovery, padding the lodestar." *Briseno,* 998 F.3d at 1026. And "the asymmetrical nature of discovery in class actions . . . can lead to excessive billing." *Chambers v. Whirlpool Corp.*, 980 F.3d 645, 665 (9th Cir. 2020). But it matter less on whether attorneys billed 25,000 hours or 50,000 hours, or 100,000 hours. It matters more on what is the "results achieved" under *Bluetooth* and *Vizcaino* to justify an award.

If the judgment stands as-is, $146.8 million fee against 49,670 hours yields a blended *effective* rate of about $3,000 *per hour*, across every timekeeper, across the partners and assistants. For the senior partners with hourly rates exceeding $2,000 per hour, the 2.59 multiplier yields a pay rate of ***$6,000 per hour***. No class member (Huang included) has the incentive, capability, or commitment to audit a $56.7 million lodestar in fifteen-minute increments to determine whether each task billed at partner rates should be done by junior staffers, or whether the hours done at each stage reflect the optimal performance-to-cost ratio throughout. *In re Optical Disk Drive*, 959 F.3d at 930.

That question is, again, *premature,* until it is compared to the "Result Achieved."

Counsel's sample multiplier "range" shows most fees are tied to percentages, and multipliers are inversely proportional to the lodestar. The starting point is undisputed: $0 in result achieved requires $0 in fee awarded. Then the question is whether *this* percentage, *this* multiplier, on *this* lodestar, against *this* case's (still-contingent) result, is reasonable "under all the circumstances." *Vizcaino*, 290 F.3d at 1048.

6

**F.    CONCLUSION**

Class members must have another opportunity to consider the motion—*knowing a final "results achieved"—to evaluate the fee request vis-à-vis the result for the class.*

The motion should be denied without prejudice as premature, or stayed until class member can respond to the "result achieved." In the alternative, this Court could consider granting an interim "quick pay" at lodestar, refundable upon any future vacatur.

What the Court should not do is fix an one-third attorney's fee today—one that grows with interest—against *a future class recovery dollar figure, which does not yet exist.*

Date:  June 17, 2026                    Respectfully Submitted,

/s/ SHIYANG HUANG
   SHIYANG HUANG
   2813 SW ROTHER RD.
   TOPEKA, KS 66614
   *(314) 669-1858*
   *Defectivesettlement@gmail.com*

*Member of the Certified Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2026, I filed the foregoing notice via this Court's CM/ECF system, from which participants in the case will be served..

/s/ SHIYANG HUANG

7

**Exhibit A. Class Action Notice that Class Member Huang received**

Court-Ordered Notice of Class Action  ⅀  Spam ×

 **rodri...@e.epiqnotice.com**
to me ▾

Thu, Jun 4, 4:21 AM (

Why is this message in spam? This message is similar to messages that were identified as spam in the past.

Report not spam

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

**Notice to Class Members who had Google "Web & App Activity" control or the "Supplemental Web & App Activity" sub-setting turned off or "paused" of Class Counsel's Fee Application**

Para una notificacion en Español, visitar www.GoogleWebAppActivityLawsuit.com.

*A federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**What is this notice about?** On September 3, 2025, after a federal trial, the jury concluded that Google unlawfully collected information from certain users of smartphones and tablets who claimed they asked Google not to track their activity on mobile apps. The jury awarded a verdict of over $425 million in damages to two certified Classes. The Court entered a judgment which

8

 Gmail

## Rodriguez v. Google LLC Case No. 20-cv-4688-RS (N.D. Cal.)

**ClassCounsel_GoogleWebAppActivityLawsuit** <ClassCounsel@googlewebappactivitylawsuit.com>

Tue, Jun 16, 2026 at 4:40 PM

To: john doe <defectivesettlement@gmail.com>

Dear Shiyang Huang,

Thank you for your email. Unfortunately, as the third-party administrator, we have no control over the final deliverability of the email notices. Your concerns have been addressed with the attorneys who represent the class.

Regards,

Rodriguez v. Google Notice Administrator

**From:** john doe <defectivesettlement@gmail.com>
**Sent:** Tuesday, June 16, 2026 2:34 PM
**To:** ClassCounsel_GoogleWebAppActivityLawsuit <ClassCounsel@GoogleWebAppActivityLawsuit.com>
**Cc:** mmao@bsfllp.com; brichardson@bsfllp.com
**Subject:** Re: Rodriguez v. Google LLC Case No. 20-cv-4688-RS (N.D. Cal.)

CAUTION: This email originated from outside of Epiq. Do not click links or open attachments unless you recognize the sender and know the content is safe. Report phishing by using the "Phish Alert Report" button above.

Can you tell me why the email landed in spam

On Tue, Jun 16, 2026 at 12:17 PM ClassCounsel_GoogleWebAppActivityLawsuit <ClassCounsel@googlewebappactivitylawsuit.com> wrote:

Dear Shiyang Huang,

Thank you for your email. Your information (email address: defectivesettlement@gmail.com) was included in data provided by Google as a potential Class Member; as such, you are identified as a potentially affected party. As the neutral, third-party Notice Administrator, we have not been provided with further information.

On September 3, 2025, after a federal trial, the jury concluded that Google unlawfully collected information from certain users of smartphones and tablets who claimed they asked Google not to track their activity on mobile apps. The jury awarded a verdict of over $425 million in damages to two certified Classes.

The Court entered a judgment, which requires Google to pay the Classes the amount of the jury's verdict plus interest. As of March 2, 2026, the verdict plus interest totals $440,345,685.40. Interest continues to accrue on that amount. However, Google has asked the Court to vacate the judgment, meaning disregard the jury verdict. Google may also appeal the judgment.

There is no money available now, but Court rules require Class Counsel to make a formal request for their fees (their "Fee Application"), should compensation be awarded. The notice is to inform Class Members of the Fee Application and their opportunity to object to it.

Class Counsel will continue to pursue the lawsuit against Google. If money or benefits become available at a later date, potential Class Members will be notified and given instructions on how to make a claim.

For more information regarding the litigation as well as future updates, you may visit the litigation website at https://www. googlewebappactivitylawsuit.com/.

Regards,

Rodriguez v. Google Notice Administrator

---

**From:** john doe <defectivesettlement@gmail.com>
**Sent:** Thursday, June 11, 2026 2:31 PM
**To:** Mark C. Mao <mmao@BSFLLP.com>; Beko Richardson <brichardson@BSFLLP.com>
**Subject:** Rodriguez v. Google LLC Case No. 20-cv-4688-RS (N.D. Cal.)

**CAUTION: External email. Please do not respond to or click on links/attachments unless you recognize the sender.**

---

Counsel,

I'm Shiyang Huang a class member in this case. I saw a notice and a fee, and congratulations on winning a judgment, not even a settlement.

Now I have a question: on this fee motion, which has a deadline to object in July,  www.googlewebappactivitylawsuit. com/Content/Documents/Motion%20for%20Attorneys'%20Fees,%20Costs,%20and%20Service%20Awards.pdf

Can you tell me what the settlement fund size is, of which class counsel is seeking 1/3 fee against? I cannot find a precise dollar figure for the fee request and I'm trying to understand what does the fee motion mean?

Thanks,

Shiyang Huang