June 20, 2026

FILED

JUN 25 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

Clerk of the Court
United States District Court
Northern District of California
Phillip Burton Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102

Mark C. Mao
Beko Reblitz-Richardson
BOIES SCHILLER FLEXNER LLP
44 Montgomery St., 41st Floor
San Francisco, CA 94104

Notice Administrator
PO Box 2749
Portland, OR 97208-2749

Re: Objection to the Fee Application in Rodriguez v. Google, Case No. 3:20-CV-4688-RS

My name is Douglas Johnston and I am a Class member of the Google Web App Activity Lawsuit. I would like to voice my concern over the amounts that the Class Counsel is seeking for their "fees" and for the "Service Awards".

I believe that the fee requested may be excessive relative to the class recovery.

The attorneys are seeking approximately $12.4 million, which is one-third of the settlement fund. While 33⅓% is not unheard of in class actions, I believe that a lower percentage would be more appropriate due to:
1.) the settlement fund being very large.
2.) the legal issues not being unusually complex.

My objection argues that the fee should be tied to the actual benefit received by the class, not merely the size of the settlement fund.

Additionally, and with regard to the "Service Awards", the requested $135,000 in service awards for three representatives appears to be $45,000 each if divided equally.

That is substantially higher than the service awards commonly seen in many class actions.
- What specific efforts did the representatives perform?
- How many hours did they devote?
- Why is such a large award justified?

The court should carefully examine whether the request is reasonable compared with the work performed and the benefit ultimately received by the class.

1. One-third of the recovery may exceed what is necessary

Although a 33⅓% contingency fee is common in some class actions, courts in the Ninth Circuit often award lower percentages in very large "megafund" cases because the size of the recovery itself generates a substantial fee. A fee closer to 20–25% would still richly compensate counsel while preserving tens of millions of dollars for class members.

2. Interest should not automatically increase the fee

The attorneys are requesting 33% not only of the jury verdict but also of the accumulating interest. The interest is largely a function of the judgment and the passage of time, not additional legal work, and therefore should not automatically increase counsel's percentage recovery.

3. The expense request deserves scrutiny

$12.4 million is a very large expense reimbursement. While a lengthy, hard-fought privacy case can generate substantial expert-witness, discovery, and trial costs, I would like to ask the court to require detailed documentation and to disallow any expenses that are not reasonably necessary.

4. The service awards appear unusually large

The proposed $135,000 total service award appears to be $45,000 per representative if divided equally. I would like the court to require evidence of:

- Time spent by each representative,
- Risks they assumed,
- Depositions attended,
- Documents reviewed, and
- Why an award several times larger than those commonly granted in class actions is justified.

5. The class should receive the maximum possible share

In this case, the jury found Google liable for invasion of privacy and intrusion upon seclusion and awarded more than $425 million in damages. I would like to argue that the primary purpose of the judgment is to compensate the affected class, and any fee award should be no greater than necessary to fairly compensate counsel.

Thank you.

Douglas Johnston
2280 Hyperion Lane
Reno, NV 89521
775-750-3684
golfindoug@att.net

Douglas Johnston
2280 Hyperion Lane
Reno, NV 89521



RECEIVED

JUN 25 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Clerk of the Court
United States District Court
Northern District of California
Phillip Burton Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102

94102-348999