Ryan Morrison
7526 162nd Place
Tinley Park, IL, 60477
Morryan530@gmail.com
630-923-4290

June 21st, 2026

Clerk of the Court
United States District Court
Northern District of California
Phillip Burton Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102

Re: Objection to Class Counsel Fee Application
Case Name: Rodriguez v. Google
Case No.: 3:20-CV-4688-RS

To the Honorable Court:

I am a member of the certified class in the above-referenced matter and respectfully submit this objection to Class Counsel's Fee Application pursuant to Federal Rule of Civil Procedure 23(h).

While I recognize and appreciate the efforts of Class Counsel in obtaining a favorable jury verdict against Google in the amount of $425,651,947, I object to the requested attorneys' fees of 33% of the judgment, plus accrued interest, for the following reasons:

First, the requested fee appears excessive when measured against the actual benefit conferred upon the class at this time. No funds have yet been distributed to class members, and the judgment remains subject to post-trial motions and potential appeal. Courts have consistently held that fee awards should reflect actual realized benefit, not speculative recovery. Awarding fees based on amounts not yet secured could be premature and may unfairly diminish the ultimate recovery of class members.

Second, the requested percentage exceeds what may be considered reasonable under the "percentage-of-the-fund" method. In many large common fund class actions, courts often award fees in the range of 20% to 25%, particularly where the fund exceeds hundreds of millions of dollars. Given the substantial size of the verdict here, a downward adjustment would better reflect economies of scale and preserve more compensation for class members.

Third, the inclusion of continuously accruing interest as part of the fee base is inequitable. Interest is intended to compensate class members for the time-value loss caused by delayed payment, not to increase attorney compensation. Including post-judgment interest in calculating fees may result in an unjustified windfall to counsel.

Fourth, the requested litigation costs of $12,422,374.42 should be closely scrutinized for necessity and reasonableness. I respectfully request that the Court require detailed itemization and proof that each expense was directly necessary to advancing the claims.

Fifth, while service awards for the named plaintiffs may be appropriate, the total requested amount of $135,000 should be reviewed to ensure it reflects reasonable compensation for time and effort rather than disproportionate preferential treatment over absent class members.

For these reasons, I respectfully request that the Court:

Reduce the attorneys' fee award to a reasonable percentage consistent with prevailing standards, such as 20-25% of any actual recovery;
Exclude post-judgment interest from the fee calculation;
Conduct a detailed review of the claimed litigation expenses; and
Ensure any award preserves the maximum possible recovery for class members.
I appreciate the Court's consideration of this objection and respectfully request that it be included in the record.

Respectfully submitted,

Ryan Morrison

Case 3:20-cv-04688-RS    Document 848    Filed 06/25/26    Page 5 of 6

Ryan Morrison
7526 162nd Place
Tinley Park, IL 60477

S SUBURBAN IL  604

22 JUN 2026  PM 4  L

Freedom 250
USA FOREVER

Clerk of the Court
United States District Court
Northern District of California
Phillip Burton Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102

RECEIVED

JUN 25 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

94102-999299

