UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ANIBAL RODRIGUEZ, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,
Plaintiffs,

v.

GOOGLE LLC,
Defendant.

Case No. 3:20-cv-04688-RS



**FILED**

**JUN 25 2026**

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

OBJECTION TO CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

I, Ian Daniel Hay, submit this objection as a Class Member who received notice of Class Counsel's fee application in Rodriguez v. Google LLC.

My contact information is:

Name: Ian Daniel Hay
Mailing Address: 804 W. Luke Ave, Phoenix AZ 85013
Telephone: (602) 935-6280
Email: nai.d42@gmail.com

I have not hired any lawyer to represent me in connection with this objection. No lawyer is being paid, or may be paid, for making this objection on my behalf.

I object to Class Counsel's request for attorneys' fees equal to 33% of the judgment, plus $12,422,374.42 in costs and expenses and $135,000 in service awards.

I do not object to Google being held accountable. If the jury's verdict stands, Google should be required to pay meaningful compensation for the privacy violations found by the jury. My objection is not meant to help Google avoid responsibility. My objection is that the requested fee award is excessive and would make this litigation appear to be driven more by lawyer compensation than by the benefit to the people whose privacy rights were violated.

Class actions are supposed to exist for the benefit of class members. They are not supposed to become a mechanism for a small group of law firms to capture a massive share of a recovery while individual class members receive relatively modest compensation. Here, the requested fee would be more than $145 million before adding over $12 million in requested expenses. That is an extraordinary amount of money.

The Court should substantially reduce the requested attorneys' fees.

First, the requested 33% fee is excessive for a recovery of this size. The Ninth Circuit has recognized that 25% is the benchmark in common fund cases, with 20% to 30% as the usual range. Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1047–48 (9th Cir. 2002). The Court is not required to apply any

percentage mechanically, but it must consider all circumstances, including the size of the fund. Id. at 1048–50. A one-third fee on a judgment of this size risks producing a windfall.

Second, I object to the extent Class Counsel asks the Court to evaluate this fee request by reference to private contingency-fee practices of large plaintiffs' firms. That comparison is inappropriate here.

This is not an ordinary private attorney-client relationship. Absent class members did not interview these firms, negotiate a fee agreement, agree to a one-third contingency fee, or retain control over litigation strategy. They are bound by a representative structure overseen by the Court. That makes judicial scrutiny especially important.

One of the firms seeking fees here is Morgan & Morgan, which publicly markets itself as a litigation-forward contingency-fee firm. Morgan & Morgan states on its own website that it "never accept[s] a last-best offer" when it believes a case is worth more and that, if an insurer or at-fault party refuses the settlement the firm believes is deserved, "we will see them in court." The firm also promotes examples in which it rejected settlement offers and later obtained larger verdicts. That may be appropriate in some private cases, where an individual client has chosen the firm and controls whether to settle. But it is not a reason to impose a 33% fee on absent class members who never personally retained the firm or bargained for that fee.

The Court should not allow large plaintiffs' firms to bootstrap their private contingency-fee business model into a class-action fee award of this size. Class actions exist to compensate class members and deter unlawful conduct, not to guarantee private-market contingency rates for law firms. The larger the recovery, the more carefully the Court should guard against a windfall.

The concern is especially serious because Class Counsel seeks a fee calculated from a judgment and accruing interest even though ordinary class members have not received any money and may not receive money until after post-trial motions and appeals. A fee request of 33%, plus more than $12 million in expenses, risks creating the appearance that the lawyers' recovery is the central feature of the litigation.

Third, the Court should be especially careful because the fee request includes interest that continues to accrue while class members still have not received anything. Class members have not yet been paid, Google is still challenging the judgment, and distribution remains uncertain. It would be unfair to calculate a large attorneys' fee on an expanding number while the actual practical benefit to class members remains delayed and uncertain.

Fourth, the Court should conduct a searching lodestar cross-check and should not rely on generalized statements about risk, complexity, or prestige. The Ninth Circuit has encouraged courts to use a second method as a cross-check to guard against unreasonable results. In re Bluetooth Headset Products Liability Litigation, 654 F.3d 935, 944–45 (9th Cir. 2011). That review should examine the reasonableness of the hours, hourly rates, staffing, duplication, billing judgment, and whether the requested multiplier is justified. The Court should require enough detail to determine whether the claimed lodestar reflects efficient work or excessive staffing.

Fifth, the Court should scrutinize the requested $12,422,374.42 in costs and expenses. Expenses should not be rubber-stamped merely because this was complex litigation. The Court should require itemized

support and should exclude overhead, duplicative charges, unreasonable travel or vendor costs, and any costs that should be borne by the firms as part of doing business.

Sixth, the requested service awards should also be reduced unless the Court finds specific evidence justifying them. The proposed awards of $50,000, $50,000, and $35,000 are many times larger than what ordinary class members are likely to receive. Service awards may be appropriate in some cases, but they should not create the impression that the named plaintiffs and lawyers are being rewarded far more generously than the absent class members.

I respectfully ask the Court to deny the fee application as submitted. At minimum, I ask the Court to:

1. reduce the attorneys' fee percentage substantially below 33%;

2. consider using the Ninth Circuit's 25% benchmark as a ceiling unless Class Counsel provides specific, compelling justification for a higher award;

3. exclude or reduce any fee calculated on accrued interest unless and until that amount is actually recovered for the Class;

4. conduct a detailed lodestar cross-check using sufficient billing detail;

5. require itemized proof of all requested expenses and reduce unsupported or unreasonable costs; and

6. reduce the requested service awards unless the record justifies awards so far above the likely recovery of ordinary class members.

Again, I support accountability for Google. But accountability for Google should not mean an excessive windfall for Class Counsel. The class-action device should protect the public and compensate injured people, not function primarily as a vehicle for blockbuster fees to law firms.

Dated: June 22nd, 2026

Respectfully submitted,

Ian Daniel Hay

CERTIFICATE OF SERVICE

I certify that on June 22nd, 2026, I mailed or shipped a copy of this objection to the following addresses:

Clerk of the Court
United States District Court
Northern District of California
Phillip Burton Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102

Mark C. Mao
Beko Reblitz-Richardson
BOIES SCHILLER FLEXNER LLP
44 Montgomery St., 41st Floor
San Francisco, CA 94104

Rodriguez v. Google Notice Administrator
PO Box 2749
Portland, OR 97208-2749