Robert Smith

825 Benson Park Circle SE

Rio Rancho, NM 87124

(505) 440-4415

robert.s.@gmail.com

*Pro Se* Objector



**FILED**

**JUN 25 2026**

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

**UNITED STATES DISTRICT COURT  NORTHERN DISTRICT OF CALIFORNIA  SAN FRANCISCO DIVISION**

| | |
|---|---|
| **NAPOLEON RODRIGUEZ, et al.,** Plaintiffs,  v.  **GOOGLE LLC,** Defendant. | Case No. **3:20-CV-04688-RS   OBJECTION OF ROBERT SMITH TO CLASS COUNSEL'S FEE APPLICATION   Judge:** Hon. Richard Seeborg **Hearing Date:** [To Be Set by Court] |

## I. INTRODUCTION

Robert Smith ("Objector") is a member of the Settlement Class in the above-captioned action. Objector received notice of the proposed class action settlement and submits this objection pursuant to the Court's Preliminary Approval Order. Objector objects to the fee application submitted by Class Counsel on the grounds that the requested attorneys' fees are unreasonable and excessive relative to the actual benefit conferred upon the Class.

The settlement class is composed of Google account holders and users whose data was allegedly collected without consent, even when they had turned off "Web & App Activity" tracking. While Objector does not object to the settlement itself, the attorneys' fees requested by Class Counsel — amounting to a substantial percentage of the total settlement fund — are disproportionate to the results achieved and the effort expended, and do not comfortably pass muster under controlling Ninth Circuit precedent.

## II. OBJECTION TO ATTORNEYS' FEES

Robert Smith

825 Benson Park Circle SE

Rio Rancho, NM 87124

(505) 440-4115

robert.s@gmail.com

Pro Se Objector

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO DIVISION

RODRIGUEZ, et al., Plaintiffs, v. GOOGLE LLC, Defendant.

Case No. 3:20-CV-04688-RS OBJECTION OF ROBERT SMITH TO CLASS COUNSEL'S FEE APPLICATION Judge: Hon. Richard Seeborg Hearing Date: [To Be Set by Court]

## I. INTRODUCTION

Robert Smith ("Objector") is a member of the Settlement Class in the above-captioned action. Objector received notice of the proposed class action settlement and submits this objection pursuant to the Court's Preliminary Approval Order. Objector objects to the fee application submitted by Class Counsel on the grounds that the requested attorneys' fees are unreasonable and excessive relative to the actual benefit conferred upon the Class.

The settlement class is comprised of Google account [illegible] data was allegedly collected without consent, even when they had turned off "Web & App Activity" tracking. While Objector does not object to the settlement itself, the attorneys' fees requested by Class Counsel — amounting to a substantial percentage of the total settlement fund — are disproportionate to the results achieved and the effort expended, and do not comfortably pass muster under controlling Ninth Circuit precedent.

## II. OBJECTION TO ATTORNEYS' FEES

## A. The Requested Fee Is Excessive Under the Percentage-of-Fund Method

Courts in the Ninth Circuit apply the "percentage-of-the-fund" method as the primary approach to calculating fees in common fund cases. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). The benchmark in this Circuit is 25% of the common fund, and any departure upward from that benchmark must be justified with specific findings. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011).

Class Counsel seeks a fee that appears to exceed the 25% benchmark without adequate justification. The Court should scrutinize whether this premium is warranted given: (1) the relatively short duration of litigation before settlement; (2) the limited novelty of the legal theories at issue; and (3) the uncertain value of injunctive relief components that may not be fully enforceable.

## B. The Lodestar Cross-Check Reveals an Excessive Multiplier

Even if the percentage method is satisfied facially, courts are encouraged to conduct a lodestar cross-check to ensure the fee is reasonable. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 (9th Cir. 2002). A lodestar multiplier above 4.0 is rarely justified and should be viewed with skepticism. *See In re HPL Techs., Inc. Sec. Litig.*, 366 F. Supp. 2d 912, 921 (N.D. Cal. 2005).

Objector requests that the Court require Class Counsel to provide a detailed, itemized lodestar calculation — including hours worked by each timekeeper, their billing rates, and documentation of costs — so the Court can independently verify that any requested multiplier is appropriate.

## C. The Claimed Results Do Not Justify a Premium Fee

**A. The Requested Fee Is Excessive Under the Percentage-of-Fund Method**

Courts in the Ninth Circuit apply the "percentage-of-the-fund" method as the primary approach to calculating fees in common fund cases. See Hanlon v. Chrysler Corp., 150 F.3d 1011, 1029 (9th Cir. 1998). The benchmark in this Circuit is 25% of the common fund, and any departure upward from that benchmark must be justified with specific findings. See In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 942 (9th Cir. 2011).

Class Counsel seeks a fee that appears to exceed the 25% benchmark without adequate justification. The Court should scrutinize whether this premium is warranted given: (1) the relatively short duration of litigation before settlement; (2) the limited novelty of the legal theories at issue; and (3) the uncertain value of injunctive relief components that may not be fully enforceable.

**B. The Lodestar Cross-Check Reveals an Excessive Multiplier**

Even if the percentage method is satisfied facially, courts are encouraged to conduct a lodestar cross-check to ensure the fee is reasonable. See Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1050 (9th Cir. 2002). A lodestar multiplier above 4.0 is rarely justified and should be viewed with skepticism. See In re HPL Techs., Inc. Sec. Litig., 366 F. Supp. 2d 912, 921 (N.D. Cal. 2005).

Objector requests that the Court require Class Counsel to provide a detailed, itemized lodestar calculation — including hours worked by each timekeeper, their billing rates, and documentation of costs — so the Court can independently verify that any requested multiplier is appropriate.

**C. The Claimed Results Do Not Justify a Premium Fee**

The Ninth Circuit has instructed courts to assess "the results achieved" as a central factor in evaluating fee requests. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (listing factors). The settlement provides a monetary fund plus certain prospective injunctive relief. However, the injunctive relief components — while nominally valuable — are difficult to enforce and may not produce lasting or quantifiable benefit to Class Members. Courts should be cautious about inflating fees based on speculative injunctive value. *See Staton v. Boeing Co.*, 327 F.3d 938, 974 (9th Cir. 2003).

## III. COSTS AND SERVICE AWARDS

### A. Litigation Costs

Objector respectfully requests that the Court scrutinize the claimed litigation costs and expenses with the same rigor applied to the fee request. Costs should be limited to those that are reasonable, necessarily incurred, and adequately documented. Vague or block-billed cost entries should be disallowed.

### B. Class Representative Service Awards

While service awards are a recognized feature of class action practice, awards that are disproportionate to the time and effort of the class representatives — or that are structured to "pay off" named plaintiffs in exchange for their endorsement of the settlement — are disfavored. *See Radcliffe v. Experian Info. Solutions*, 715 F.3d 1157, 1165 (9th Cir. 2013). The Court should carefully examine whether the service awards here are proportionate and do not create a conflict of interest between the named plaintiffs and the Class.

## IV. CONCLUSION

For the foregoing reasons, Objector Robert Smith respectfully requests that the Court:

1. Reduce the attorneys' fees award to no more than 25% of the common fund, or such lesser amount as the Court finds reasonable after conducting a thorough lodestar cross-check;

2. Require Class Counsel to submit a complete, itemized lodestar documentation for the Court's review;

3. Scrutinize and appropriately reduce any claimed costs or expenses that are not reasonably documented; and

4. Review and, if necessary, reduce the class representative service awards to amounts proportionate to the representatives' actual contributions.

Objector respectfully reserves the right to appear at the fairness hearing and present oral argument if the Court permits.

Respectfully submitted,

Date: 06/15/2026

Robert Smith

825 Benson Park Circle SE

Rio Rancho, NM 87124

(505)440-4415

robert.s.@gmail.com

*Pro Se* Objector

---

**CERTIFICATE OF SERVICE**

For the foregoing reasons, Objector Robert Smith respectfully requests that the Court:

1. Reduce the attorneys' fees award to no more than 25% of the common fund, or such lesser amount as the Court finds reasonable after conducting a thorough lodestar cross-check.

2. Require Class Counsel to submit a complete, itemized lodestar documentation for the Court's review;

3. Scrutinize and appropriately reduce any claimed costs or expenses that are not reasonably documented; and

4. Review and, if necessary, reduce the class representative service awards to amounts proportionate to the representatives' actual contributions.

Objector respectfully reserves the right to appear at the fairness hearing and present oral argument if the Court permits.

Respectfully submitted,

Date: 06/15/2026

Robert Smith

825 Benson Park Circle SE

Rio Rancho, NM 87124

(505)440-1415

robert.s.@gmail.com

Pro Se Objector

CERTIFICATE OF SERVICE

I, Robert Smith, hereby certify that on  , 2026, I served a true and correct copy of the foregoing Objection to Class Counsel's Fee Application upon all counsel of record via the Court's CM/ECF electronic filing system, or by first-class U.S. Mail, postage prepaid, to the addresses listed on the Court's docket.

Additionally, pursuant to the Court's notice requirements, I have mailed a copy of this Objection to:

Clerk of the Court

United States District Court

Northern District of California

Phillip Burton Federal Building

450 Golden Gate Avenue

San Francisco, CA 94102


Mark C. Mao

Beko Reblitz-Richardson

BOIES SCHILLER FLEXNER LLP

44 Montgomery St., 41st Floor

San Francisco, CA 94104


Notice Administrator

PO Box 2749

Portland, OR 97208-2749

**San Francisco, CA 94104**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 06/15/2026

Robert Smith

*Pro Se* Objector

- 1 -

Robert Smith
825 Benison Park St
Rio Rancho, NM 87124

ALBUQUERQUE NM 870

22 JUN 2026 PM 3 L

RECEIVED

JUN 25 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Clerk of the Court
USDC Norther District of California
Phillip Burton Bldg
450 Golden Gate Avenue
San Francisco, CA 94102

94102-348999