Paul Bartley

20525 Cypresswood Dr

# 10307

Cypress, Tx 77433

210-710-7448

Paulbartley1@gmail.com



FILED

JUN 25 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Rodriguez et al.,
     Plaintiffs,

v.                                        CIVIL ACTION NO. 3:20-CV-4688-RS

Google LLC et al.,
     Defendants.

### OBJECTION TO CLASS COUNSEL'S FEE APPLICATION

I, Paul Bartley, submit this objection as a Class Member to Class Counsel's Fee Application in Rodriguez v. Google LLC, Case No. 3:20-cv-04688-RS.

I do not object to Class Counsel being fairly compensated for their work. This objection is submitted to protect the interests of the Class as a whole and to ensure that the recovery obtained for Class Members is not disproportionately consumed by attorneys' fees, expenses, and service awards.

According to the notice, the verdict plus interest totaled $440,345,685.40 as of March 2, 2026, with interest continuing to accrue. Class Counsel seeks attorneys' fees equal to 33% of the judgment, including both the jury verdict and continuing interest, plus $12,422,374.42 in costs and expenses, and $135,000.00 in total service awards.

A one-third fee request on a judgment of this size is extraordinary. It would remove a very substantial portion of the recovery before Class Members receive anything. The Classes are composed of individuals whose privacy interests were violated. Class Counsel are not the victims in this case. While counsel should be compensated for their work, the fee award should not become so large that it materially dilutes the recovery available to compensate the people whose rights were actually harmed.

Every dollar awarded in fees, expenses, or service awards is a dollar that may reduce the amount ultimately available to Class Members, including Class Members such as myself. For that reason, the Court should not presume that 33% is reasonable merely because Class Counsel requested it. The requested percentage must be justified by evidence and measured against the actual work performed, the actual risk undertaken, the results achieved, and the net benefit preserved for the Class.

Class Counsel's fee award should compensate earned legal work. It should not create a windfall. A fee request of this magnitude risks unjustly enriching attorneys at the expense of the victims unless it is carefully supported, scrutinized, and limited to an amount the Court finds reasonable. Counsel should be required to demonstrate why this amount was earned and why it is fair to the Class.

I respectfully object to the requested fee unless Class Counsel provides detailed evidentiary support, including the hours worked, hourly rates, lodestar calculation, expenses incurred, litigation risk, results achieved, and any multiplier being requested. The Court should conduct a lodestar cross-check to determine whether the requested percentage produces an unreasonable multiplier or an excessive fee in relation to the work performed.

This is especially important because the judgment is very large. In large common-

fund cases, a percentage that may appear ordinary in a smaller case can become excessive when applied to a massive recovery. A percentage-based fee should not mechanically increase simply because the judgment is large. The Court should consider whether a lower percentage would more fairly balance reasonable compensation for counsel with protection of the Classes' net recovery.

The Court should also consider the timing and practical effect of the requested fee. No money is currently available to Class Members because Google has challenged the judgment and may appeal. Yet Class Counsel seeks approval now of a percentage that would substantially reduce any eventual recovery. If the judgment is preserved and money later becomes available, absent Class Members should not discover that a disproportionate portion of the recovery has already been allocated away from them without rigorous review.

I also object to the requested $12,422,374.42 in costs and expenses unless those amounts are itemized, documented, and shown to be reasonable and necessary. Class Members should not be required to absorb large expense reimbursements without meaningful evidentiary support.

I further object to the requested $135,000.00 in total service awards unless the record demonstrates that those awards are reasonable, proportionate, and justified by specific evidence of extraordinary time, effort, burden, or risk undertaken by the class representatives. While class representatives may properly receive reasonable recognition for serving the Class, their awards should not be so disproportionate that they dwarf the likely recovery of ordinary Class Members. If ordinary Class Members may receive relatively modest payments, potentially far less than the requested service awards, the Court should require a clear evidentiary showing that such awards are justified. The class representatives' privacy injuries appear to arise from the same alleged conduct affecting absent Class Members, and they should not receive substantially greater compensation unless the record shows they performed substantially greater service or assumed substantially greater risk.

For these reasons, I respectfully request that the Court:

1. Sustain this objection;

2. Require Class Counsel to provide detailed evidentiary support for all requested fees, expenses, and service awards;

3. Conduct a lodestar cross-check, including review of hours worked, hourly rates, total lodestar, and any multiplier;

4. Consider reducing the requested attorneys' fee from 33% to a lower percentage, such as 20% to 25%, unless Class Counsel proves that a higher percentage is justified;

5. Scrutinize the requested $12,422,374.42 in costs and expenses;

6. Scrutinize the requested $135,000.00 in total service awards; and

7. Award only those fees, expenses, and service awards that the Court finds reasonable, supported by evidence, and fair to the Class.

I have not hired any lawyer to represent me regarding this objection. No lawyer has represented me, assisted me, or is entitled to payment in connection with this objection.

Respectfully submitted,

Paul Bartley

16635 Spring Cypress Rd.

# 480

Cypress, TX 77429

210-710-7448

Paulbartley1@pm.me

Class Member

CERTIFICATE OF SERVICE

I certify that on May 26, 2026, I mailed a true and correct copy of this *Objection to Class Counsel's Fee* Application by U.S. Mail, postage prepaid, to the following:

Class Counsel
Mark C. Mao
Beko Reblitz-Richardson
BOIES SCHILLER FLEXNER LLP
44 Montgomery St., 41st Floor
San Francisco, CA 94104

Notice Administrator
PO Box 2749
Portland, OR 97208-2749

I further certify that on the same date, I mailed the original Objection to the Clerk of Court at:

Clerk of the Court
United States District Court
Northern District of California
Phillip Burton Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102

Paul Bartley