**Clerk of the Court**
**United States District Court**
**Northern District of California**
**Phillip Burton Federal Building**
**450 Golden Gate Avenue**
**San Francisco, CA 94102**

**F I L E D**

JUN 2 9 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA


**Rodriguez v. Google LLC**
Case No. 20-cv-04688-RS

**OBJECTION TO CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**

**Objector:** Norma Maria Stanislow


**To the Honorable Richard Seeborg:**

I am a member of the certified class in this action and respectfully object to Class Counsel's Motion for Attorneys' Fees, Costs, and Service Awards.

I recognize and appreciate the significant effort, skill, and resources expended by Class Counsel in litigating this matter through trial and obtaining a favorable result for the class. However, the requested fee award is excessive and would unnecessarily reduce the recovery available to class members.

### I. The Requested Fee Exceeds the Ninth Circuit's Benchmark

The Ninth Circuit has repeatedly recognized 25% of a common fund as the benchmark for a reasonable attorneys' fee award. While courts may depart from that benchmark in exceptional circumstances, any increase must be supported by specific findings demonstrating that a higher percentage is justified.

Class Counsel seeks an award equal to approximately 33% of the judgment and accrued interest. This request substantially exceeds the Ninth Circuit benchmark and would result in an extraordinarily large fee award measured in the hundreds of millions of dollars.

Although this case involved substantial litigation and risk, those factors do not automatically justify a fee significantly above the benchmark. The Court should carefully scrutinize whether the requested enhancement is necessary to fairly compensate counsel or whether it would instead constitute a windfall.

## II. The Magnitude of the Fee Supports a Downward Adjustment

As the size of a recovery increases, many courts have recognized that a lower percentage may be appropriate because economies of scale reduce the need for a large percentage award.

Here, the recovery is exceptionally large. Applying a 33% percentage to such a substantial judgment would generate a fee far exceeding what is necessary to adequately compensate counsel for their work and risk.

Even a fee calculated at the Ninth Circuit benchmark of 25% would result in an exceptionally significant award while preserving tens of millions of additional dollars for class members.

## III. Interest Should Not Be Included in the Fee Calculation

Class Counsel also seeks a percentage of accrued interest.

Interest is intended to compensate class members for the delay between the injury and the eventual recovery. It exists to make class members whole and should not serve as a mechanism for increasing attorneys' fees.

Awarding counsel a percentage of accrued interest reduces compensation that would otherwise flow directly to class members and creates an unwarranted expansion of the fee request.

## IV. The Court Must Protect the Interests of Absent Class Members

Unlike ordinary litigation, absent class members have little ability to negotiate attorneys' fees or monitor litigation expenses. Consequently, the Court serves as a fiduciary for the class and must independently assess whether the requested fees are fair, reasonable, and proportional.

Where millions of class members stand to benefit from a reduction in fees, the Court should err on the side of preserving compensation for those whose privacy rights were affected.

## V. Requested Relief

For the foregoing reasons, I respectfully request that the Court:

1. Deny the motion to the extent it seeks fees above a reasonable percentage of the recovery;

2. Apply the Ninth Circuit's 25% benchmark or another percentage the Court finds appropriate;

3. Exclude accrued interest from any percentage-based fee calculation;

4. Carefully review the requested litigation expenses for necessity and reasonableness; and

5. Grant any further relief the Court deems just and proper.


Respectfully submitted,



**Norma Stanislow**
418 N. Jefferson St.
Junction City, KS 66441
stanislow777@gmail.com
norma@copelandins.com
785-226-4295


June 22, 2026


CC
Mark C. Mao
Beko Reblitz-Richardson
BOIES SCHILLER FLEXNER LLP
44 Montgomery St., 41st Floor
San Francisco, CA 94104


CC
Notice Administrator
PO Box 2749
Portland, OR 97208-2749

Norma Stanislow
418 N. Jefferson St
Junction City, KS 66441



KANSAS CITY  640

24 JUN 2026  PM 2  L

RECEIVED

JUN 29 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Clerk of the Court
United States District Court
Northern District of California
Phillip Burton Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102

94102-343210

