F I L E D

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JUN 2 9 2026

Rodriguez v. Google LLC
Case No. 3:20-CV-4688-RS

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## OBJECTION TO CLASS COUNSEL'S FEE APPLICATION

To the Court:

I am a member of the certified class (Class 2) in this action and respectfully submit this objection to Class Counsel's fee application.

At the outset, I want to acknowledge the substantial work performed by Class Counsel in this matter. Class Counsel should be fairly compensated for that work and for the substantial risk they took in pursuing this case on a contingency basis.

My objection is not to compensation generally, or to reimbursement of reasonable litigation expenses. Rather, my objection is limited to Class Counsel's request for attorneys' fees equal to 33% of the judgment, including accrued post-judgment interest.

I respectfully submit that a fee award in the range of 25% to 28% of the jury verdict, excluding accrued post-judgment interest, would better balance fair compensation for Class Counsel with Ninth Circuit fee principles. For the reasons below, the requested fee appears excessive.

**1. The requested 33% fee is significantly above the Ninth Circuit benchmark and deserves careful scrutiny.**

In common-fund cases, the Ninth Circuit has established a 25% benchmark for attorneys' fee awards. See *In re Washington Public Power Supply System Securities Litigation*, 19 F.3d 1291, 1297 (9th Cir. 1994). The Ninth Circuit further held that the benchmark should be adjusted, or replaced by a lodestar calculation, when special circumstances indicate that the percentage recovery would be either too small or too large. Id. at 1298.

The Ninth Circuit reaffirmed this framework in *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002), where it approved a fee award of approximately 28% only after detailed findings regarding exceptional results, substantial litigation risk, and the duration and complexity of the case.

Similarly, in *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935, 942–45 (9th Cir. 2011), the Ninth Circuit reiterated that courts typically use 25% of the fund as the benchmark and emphasized the importance of careful judicial review and lodestar cross-checks to avoid unreasonably large fee awards.

Here, Class Counsel seeks fees equal to 33% of the judgment, including accrued post-judgment interest, resulting in a fee request of approximately $145.3 million. While this case may justify

cc:
Mark C. Mao, Beko Reblitz-Richardson, Boies Schiller Flexner LLP, 44 Montgomery St., 41st Floor, San Francisco, CA 94104
Notice Administrator, PO Box 2749, Portland, OR 97208-2749

an increase above the benchmark because of its complexity and trial result, the requested fee is significantly above both the Ninth Circuit benchmark and the 28% fee approved in *Vizcaino*.

Any increase above the benchmark should be modest and supported by clear findings showing that the requested fee is justified and not excessive.

**2. Including accrued post-judgment interest in the fee base raises additional concerns.**

I am particularly concerned by the request to calculate the percentage fee not only on the jury verdict, but also on accrued post-judgment interest.

Post-judgment interest accrues over time, including during post-trial motions and appeals. Unlike the verdict itself, this interest is driven in significant part by the passage of time rather than by additional legal work or value created by counsel.

I am not aware of any Ninth Circuit authority clearly establishing that post-judgment interest should presumptively be included in the fee base for a percentage-based fee award in a common-fund case arising from a jury verdict.

For that reason, including post-judgment interest in the fee base should require specific justification and should not be presumed.

**Conclusion**

I respectfully request that the Court:

1.  Carefully review the requested 33% fee award relative to the standards set forth in *WPPSS*, *Vizcaino*, and *Bluetooth*;
2.  Reduce the requested fee to an amount in the range of 25% to 28% of the jury verdict; and
3.  Exclude accrued post-judgment interest from the fee base absent specific legal justification.

This objection is submitted solely for the Court's consideration on the written record. I do not seek to participate further in proceedings relating to this objection and respectfully request that any response be made through filings with the Court rather than through direct contact with me, unless further participation is specifically requested by the Court.

I am not being represented by a lawyer. There are no former or current lawyers who may be paid for any reason regarding this objection.

Respectfully submitted,

cc:
Mark C. Mao, Beko Reblitz-Richardson, Boies Schiller Flexner LLP, 44 Montgomery St., 41st Floor, San Francisco, CA 94104
Notice Administrator, PO Box 2749, Portland, OR 97208-2749

OAKLAND CA 945

24 JUN 2026  PM 6  L

Case No:
3:20-CV-4688-RS

Clerk of the Court
United States District Court
Northern District of California
Phillip Burton Federal Building
450 Golden Gate Ave.
San Francisco, CA 94102

**RECEIVED**

JUN 29 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

94102-348999