## OBJECTION TO CLASS COUNSEL'S FEE APPLICATION

F I L E D

JUN 2 9 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**Case:** *Rodriguez v. Google*, Case No. 3:20-CV-4688-RS

**To the Honorable Court:**

I am a Class Member in the above-captioned matter. I formally object to Class Counsel's request for 33% of the judgment, which equates to approximately $145.3 million of the $440.3 million total. This request constitutes an unjustifiable windfall that defies the economic realities of legal labor and violates established Ninth Circuit precedent regarding megafund recoveries.

The requested fee should be capped at no more than $60 million. This cap equates to 13.6% of the current fund, a percentage that aligns with empirical legal data for megafund distributions and provides exceptional compensation without perverting the purpose of the class action system.

My objection is grounded in three specific legal precedents.

### 1. The "Megafund" Doctrine and Economies of Scale

Federal courts recognize that scaling attorney fees linearly via a fixed percentage on massive verdicts creates an absurd economic result. The Ninth Circuit explicitly noted in *In re Optical Disk Drive Products Antitrust Litigation*, 959 F.3d 922, 933 (9th Cir. 2020), that "it isn't 10 times as hard to try a $100 million case as it is a $10 million case."

The labor required to litigate this case against Google did not mathematically scale to justify a $145.3 million payout. In class actions with recoveries exceeding $100 million, empirical analyses demonstrate that courts traditionally account for economies of scale by awarding fees in the lower range of 11% to 19%. Class Counsel's demand for an aggressive upward departure to 33% on a $440.3 million megafund ignores this fundamental economic reality. A $60 million fee appropriately rewards counsel while adhering to the 13.6% megafund benchmark.

### 2. The Prohibition of Windfall Profits

The Ninth Circuit's standard benchmark for common fund recoveries is 25%. However, the appellate court has strictly warned that when dealing with massive funds, even the 25% baseline can result in an unjust enrichment of attorneys. In *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935, 942 (9th Cir. 2011), the court mandated that "where awarding 25% of a 'megafund' would yield windfall profits for class counsel in light of the hours spent on the case, courts should adjust the benchmark percentage or employ the lodestar method instead."

By requesting 33%, Class Counsel is directly defying the Ninth Circuit's directive to adjust the benchmark downward. The Court must apply a rigorous Lodestar cross-

check. If the $145.3 million fee results in a bloated multiplier of Counsel's actual billable hours, the fee must be drastically reduced to prevent windfall profits.

### 3. Disproportionality Between Counsel and Class Enrichment

The purpose of class action litigation is to compensate the injured class members, not to function as a wealth transfer mechanism for attorneys. The Ninth Circuit recently struck down exorbitant fee requests that prioritize attorney enrichment over class benefit. In *Lowery v. Rhapsody International, Inc.*, 69 F.4th 994 (9th Cir. 2023), the court ruled that an award grossly disproportionate to the actual class benefit is unreasonable under Rule 23. The court stated, "It matters little that the plaintiffs' counsel may have poured their blood, sweat, and tears into a case if they end up merely spinning wheels on behalf of the class. What matters most is the result for the class members."

Extracting $145.3 million from the fund ensures that the attorneys are compensated at a magnitude that class members will never see. A $60 million cap remains a highly lucrative reward for the litigation risk while preserving the remaining $380 million strictly for the class members whose privacy rights were actually violated.

I respectfully request that the Court reject the 33% application, apply the megafund sliding scale, and limit attorney compensation to no more than $60 million.

Graham Patterson

10308 N. 427 Rd.
Hulbert, OK 74441
grahamhollandpatterson@gmail.com
918-525-2767

I do not have a lawyer representing me for this objection.

Robert Patterson
10308 North 427 Road
Hulbert, Oklahoma 74441



TULSA OK 740

23 JUN 2026 PM 3 L

RECEIVED

JUN 29 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Clerk of the Court
United States District Court
Northern District of California
Phillip Burton Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102