**Cameron Morse**
1700 H Street Northeast
Washington, D.C. 20002
804-916-9899
Morsecc9@gmail.com

June 24, 2026

**FILED**

JUN 29 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**Clerk of the Court**
United States District Court
Northern District of California

Re: Objection to Fee Application — *Rodriguez v. Google LLC*, Case No. 3:20-CV-4688-RS

Dear Honorable Court,

I, Cameron Morse, am a Class Member in the above-captioned class action lawsuit as an Android device user (Class 1). I submit this written objection to the Fee Application filed by Class Counsel, pursuant to the Court's notice requiring objections to be received by July 30, 2026. I am submitting this objection pro se (without an attorney).

## I. BASIS FOR OBJECTION

Class Counsel is requesting attorneys' fees equal to 33% of the total judgment, including accruing interest, plus $12,422,374.42 in costs and expenses, and $135,000.00 in service awards for class representatives. I respectfully object to the requested fee percentage as excessive and disproportionate for the following reasons:

### 1. The 33% Fee Request Is Excessive Given the Size of the Judgment

Courts across the Ninth Circuit have consistently held that as the size of a common fund increases, the percentage awarded to counsel should decrease. A 33% fee on a $440+ million judgment represents an extraordinary dollar amount. Courts routinely award fee percentages in the range of 20–25% in cases involving large common funds of this magnitude, recognizing that a lower percentage still fairly compensates counsel while preserving more of the recovery for the class members who suffered the actual harm.

### 2. No Money Is Currently Available to Class Members

As noted in the class notice, no money will be distributed at this time. Google has moved to vacate the jury verdict and may appeal the judgment. Class Members, including myself, have received no monetary benefit whatsoever from this litigation to date. It is premature and inequitable to lock in a 33% fee award before any recovery has actually been distributed to the class. Attorneys' fees should be proportionate to the actual, realized benefit conferred upon class members, not a speculative future recovery.

### 3. The Fee Request Does Not Adequately Account for the Risk of a Reduced or Reversed Judgment

Google is actively challenging the jury's verdict through post-trial motions and potential appeal. If the judgment is reduced or reversed, the total fund available to class members would shrink significantly, yet the 33% fee structure would remain anchored to the full original verdict. The Court should award a fee percentage that accounts for this uncertainty and protects the class from a disproportionate fee in the event of a diminished recovery.

### 4. The Lodestar Cross-Check Should Be Applied

I respectfully request that the Court apply a lodestar cross-check to verify that the requested fee award is reasonable relative to the actual time and effort expended by Class Counsel. Without such a cross-check, a 33% award on a verdict of this size risks generating a windfall that is not commensurate with the work performed, regardless of the quality of that work.

## II. RELIEF REQUESTED

I respectfully request that the Court reduce the attorneys' fee award to a percentage it deems reasonable and proportionate given the size of the common fund, the stage of the litigation, the absence of any distribution to date, and the ongoing risk of reversal on appeal. I do not object to Class Counsel being compensated fairly for their work, but I do object to a fee structure that may not adequately serve the interests of the class members on whose behalf this lawsuit was brought.

## III. REQUIRED INFORMATION

1. Full Name: Cameron Morse
2. Mailing Address: 1700 H Street Northeast
   Washington, D.C. 20002
3. Telephone Number: 804-916-9899
4. Email Address: morsecc9@gmail.com
5. Lawyers hired to represent me for this objection: None. I am proceeding pro se.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Respectfully submitted,

Cameron Morse
Pro Se Objector
Date: June 24, 2026