**FILED**

JUN 29 2026

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

ANIBAL RODRIGUEZ, et al., Plaintiffs,

v.

GOOGLE LLC, Defendant.

**Case No. 3:20-CV-4688-RS**

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



## CLASS MEMBER OBJECTION TO CLASS COUNSEL'S FEE APPLICATION

### I. INTRODUCTION

I, Ryan Bergerson, submit this objection to Class Counsel's motion requesting attorneys' fees equal to 33% of the total judgment and accrued interest. As a verified member of the certified class, I request that this Court reject the 33% percentage-of-the-fund request and instead apply a strict lodestar calculation to determine reasonable compensation.

### II. CLASS MEMBER STATUS

I am a member of the certified class. I have maintained a U.S. Google account during the class period of July 1, 2016, through September 23, 2024, and had my "Web & App Activity" settings paused or disabled while Google continued to log my device data.

### III. ARGUMENT: THE COURT SHOULD APPLY THE LODESTAR METHOD

Class Counsel is seeking an award of 33%, which significantly exceeds the standard 25% benchmark routinely applied within the Ninth Circuit. Given the massive size of the jury's $425+ million verdict, a baseline percentage award results in a disproportionate windfall to counsel that reduces the direct recovery available to millions of individual class members.

A lodestar calculation (multiplying hours reasonably worked by a reasonable hourly rate) is the most equitable method to ensure counsel is compensated fairly for actual trial work without over-penalizing the class fund.

#### A. Class Counsel's 2.59x Multiplier is Unreasonable in a Mega-Fund Case

Class Counsel claims a lodestar cross-check multiplier of 2.59x. In a "mega-fund" case exceeding $100 million, an upward multiplier applied to already top-tier elite hourly rates results in an unconscionable, disproportionate windfall. Ninth Circuit precedent establishes that as the size of a class fund increases, the percentage awarded should scale downward to prevent counsel from capturing a disproportionate share of the recovery at the expense of individual consumers.

An inflated 2.59x multiplier effectively penalizes the class by slashing millions from the recovery pool. The Court should exercise its independent fiduciary duty to the class, reject the 2.59x multiplier, use a strict lodestar cross-check to scale back the award, and realign the fees with a reasonable, unmultiplied standard rate.

### IV. CONCLUSION & INTENT TO APPEAR

For the reasons stated above, I respectfully request that the Court evaluate the Fee Application under the lodestar methodology and deny the requested 33% payout.

- I **do not** intend to appear at the hearing.

Dated: June 07, 2026

**Objector Information:**
Name: Ryan Bergerson
Address: 873 Cardigan Circle, Anchorage Alaska 99503
Telephone: +49 15738077715
EMAIL: RYAN.BERGERSON@GMAIL.COM

BERGERSON
Vulpinsstr. 70
81739 München
DE

**PRIORITY**
PRIORITAIRE / LUFTPOST

**RECEIVED**

JUN 29 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Clerk of the Court
United States District Court
Northern District of California
Phillip Burton Building
450 Golden Gate Ave.
San Francisco, CA   94102
USA



Recommandé
RT 46 710 050 5DE



Deutsche Post
FI 10.06.26   4.95
F1 011C C587
00 51FE E8D6

94102◌3499 C004