FILED

JUN 30 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ et al.<br><br>        Plaintiff(s),<br>   v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Case No. 3:20-cv-04688-RS<br><br>**ABSENT CLASS MEMBER MICHAEL MAYES'S RULE 60(b)(1) MOTION**<br><br>**August 6, 2026, at 1:30 p.m.** |

ABSENT CLASS MEMBER MICHAEL MAYES'S RULE 60(b)(1) MOTION

## TABLE OF AUTHORITIES

**Cases**

*Bateman v. U.S. Postal Serv.*, 231 F.3d 1220 (9th Cir. 2000) ........................................................ 6

*In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Lit.*,
    895 F.3d 597 (9th Cir. 2018) ................................................................ 6, 7, 10, 11

*Kemp v. United States*, 596 U.S. 528 (2022) ............................................................................. 6

*Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*,
    507 U.S. 380 (1993) ................................................................................. 6, 8, 10, 11

*Ridgeway v. Wal-Mart Stores, Inc.*, No. 08-cv-05221-SI, 2016 WL 4529430,
    at *3–4 (N.D. Cal. Aug. 30, 2016).  ......................................................................... 7, 11

*Silber v. Mabon*, 18 F.3d 1449 (9th Cir. 1994) .................................................................. 6, 7, 10

**Rules**

Fed. R. Civ. P. 6(b)(1)(B) ........................................................ 1, 3, 5, 6, 7, 8, 9, 10, 11, 12

Fed. R. Civ. P. 23 ................................................................................................. 6, 7, 11

Fed. R. Civ. P. 60(b)(1) ................................................................... 1, 2, 3, 5, 6, 7, 8, 11, 12

Fed. R. Civ. P. 60(c)(1) ......................................................................................................... 5

**TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ......................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 2

I. INTRODUCTION ................................................................................................. 2

II. RELEVANT FACTS ............................................................................................ 3

III. LEGAL STANDARD .......................................................................................... 5

IV. ARGUMENT ........................................................................................................ 7

    A. Rule 60(b)(1) is the Proper Vehicle for Relief ....................................... 7

    B. Surprise, Inadvertence, and Excusable Neglect

    Each Support Rule 60(b)(1) Relief .......................................................... 8

    C. Excusable Neglect Supports the Requested Late Exclusion Relief ................. 9

    D. The *Pioneer*, *Silber*, and *Volkswagen* Factors Favor Relief ............................ 10

    E. *Ridgeway* Supports Discretionary Late-Opt-Out Relief in This District ......... 11

    F. The Court Should Allow Mayes to Submit a Late Request for Exclusion ...... 12

V. CONCLUSION ...................................................................................................... 12

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on August 6, 2026, at 1:30 p.m., or as soon thereafter as the matter may be heard, before the Honorable Richard Seeborg, United States District Judge, in Courtroom 12, 19th Floor, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, Absent Class Member Michael L. Mayes will and hereby does move for individualized relief under Fed. R. Civ. P. 60(b)(1).

Mayes seeks individualized relief under Rule 60(b)(1) from the judgment and related proceedings to the extent they bind him to the certified Classes and foreclose his ability to request exclusion. Mayes is filing a separate Rule 6(b)(1)(B) motion contemporaneously with this motion. To the extent relief from the judgment or related proceedings is required before the expired opt-out deadline may be enlarged, Mayes requests that the Court consider the motions together and grant Rule 60(b)(1) relief sufficient to permit enlargement of the opt-out deadline and submission of his request for exclusion.

Relief is warranted under Rule 60(b)(1) because Mayes was surprised when he became aware of this case on June 20, 2026, after the verdict and judgment had already been entered; because any failure to act on the fall 2024 certification notice referenced in the June 20 notice was inadvertent; and because any neglect in missing the opt-out deadline was excusable under the circumstances.

Mayes is contemporaneously filing a related motion under Fed. R. Civ. P. 6(b)(1)(B) to extend the expired opt-out deadline based on excusable neglect. The requested relief is narrow and individualized. Mayes does not seek to disturb the jury's verdict, vacate the judgment as to any other class member, alter Google's pending post-judgment motion, or change any class-wide ruling. He seeks only relief allowing him to submit a late request for exclusion from the certified Classes.

PAGE | 1   ABSENT CLASS MEMBER MICHAEL MAYES'S RULE 60(b)(1) MOTION

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Mayes became aware of *Rodriguez v. Google LLC* on June 20, 2026, when he received and reviewed an email notice regarding Class Counsel's fee application. Mayes Decl. ¶¶ 3–5, Ex. 1. Before then, he was not aware that this case existed, that a class action had been certified, that an opt-out deadline had been established, that a jury verdict had been entered, or that a judgment had been entered that could affect his individual rights. Mayes Decl. ¶¶ 3–5.

The June 20 notice states that Mayes was previously sent notice of class certification "in the fall of 2024." Mayes Decl. ¶ 6, Ex. 1. Mayes does not recall receiving, seeing, or reviewing any such notice. Mayes Decl. ¶ 6. His Gmail account is not his primary email account; his primary email account is Yahoo. Mayes Decl. ¶ 7. He did not intentionally ignore any class-certification notice, did not knowingly choose to remain in the Classes, and did not make a conscious decision to forego his right to opt out. Mayes Decl. ¶¶ 8–9.

Those facts support each cognizable ground raised under Rule 60(b)(1). Mayes was surprised when he became aware, after verdict and judgment, that this case existed and that an expired opt-out deadline may bind him. Mayes Decl. ¶¶ 3–6, 18. If the fall 2024 certification notice never reached his inbox, that failure was outside his control. If the notice reached his Gmail account but was overlooked, deleted, or not recognized for what it was, then any failure to act was inadvertent and, under the circumstances, excusable neglect. Mayes Decl. ¶¶ 6–10, 16.

This is not a strategic post-verdict change of position. Mayes understands what an opt-out notice is and has exercised that right when he was aware of an opt-out right in time to act. Mayes Decl. ¶¶ 11–16, Exs. 2, 4. In the *Evolve Bank & Trust Customer Data Security Breach Litigation*, he submitted a written opt-out notice, and a later court-filed settlement-administration record identified "M MAYES" as a timely and valid opt-out. Mayes Decl. ¶¶ 12–15, Exs. 2, 4. Had Mayes

PAGE | 2  ABSENT CLASS MEMBER MICHAEL MAYES'S RULE 60(b)(1) MOTION

been aware of the certification and opt-out deadline in this case in time to act, he would have opted out in the same manner. Mayes Decl. ¶¶ 16, 32.

After becoming aware of the case on June 20, 2026, Mayes acted promptly. He began investigating the case, reviewing notice materials, locating relevant filings and authorities, preparing exhibits, and preparing the motions and objections necessary to protect his rights. Mayes Decl. ¶ 19. He also attempted to register for electronic filing access in this District, but his registration was rejected because he is not a named party. Mayes Decl. ¶¶ 20–21, Ex. 5. The ECF Help Desk then advised that he could file his motion in paper with the Court. Mayes Decl. ¶ 22, Ex. 3. Without CM/ECF access and automatic electronic service, Mayes had to identify counsel, determine service contacts, and address paper-filing and service issues that would not exist for a registered e-filer. Mayes Decl. ¶¶ 23–25. He also emailed Class Counsel and Google's counsel to ask whether they would stipulate to the requested Rule 6(b)(1)(B) relief, oppose it, or take no position. Mayes Decl. ¶ 26.

Under these circumstances, Rule 60(b)(1) relief is warranted based on surprise, inadvertence, and excusable neglect, and the related Rule 6(b)(1)(B) standard is satisfied because any failure to meet the expired opt-out deadline resulted from excusable neglect.

**II. RELEVANT FACTS**

Mayes is an absent class member who became aware of this case on June 20, 2026, when he received and reviewed the fee-application notice. Mayes Decl. ¶¶ 3–5, Ex. 1. The notice he received concerned Class Counsel's fee application and stated that a jury verdict and judgment had already been entered. Mayes Decl. ¶¶ 4–5, Ex. 1. The notice also stated that he was previously sent notice of class certification "in the fall of 2024," but Mayes does not recall receiving, seeing, or reviewing any such notice. Mayes Decl. ¶ 6.

PAGE | 3   ABSENT CLASS MEMBER MICHAEL MAYES'S RULE 60(b)(1) MOTION

Mayes's Gmail account is not his primary email account. Mayes Decl. ¶ 7. He maintains Gmail largely because of Google-related services, including YouTube and related account functions. *Id.* He receives a large volume of emails on a regular basis. Mayes Decl. ¶ 8. If a class-certification notice was sent to his Gmail account in 2024, he did not intentionally ignore it and did not knowingly choose to remain in the Classes. *Id.*

Mayes did not make a conscious decision to forego his right to opt out. Mayes Decl. ¶ 9. To the contrary, had he been aware of the certification and opt-out deadline in time to act, he would have opted out immediately. Mayes Decl. ¶¶ 9, 16, 32. He generally does not favor class actions as a means of resolving his individual claims and prefers to preserve control over his own legal rights and remedies. Mayes Decl. ¶ 10.

Mayes's conduct in another data-breach class action confirms that point. In the *Evolve Bank & Trust Customer Data Security Breach Litigation*, Mayes submitted a written request for exclusion. Mayes Decl. ¶ 12, Ex. 2. In that notice, he expressly stated that he understood he would not receive settlement or verdict proceeds, would not be bound by the judgment, and would remain free to pursue any individual claims he chose to bring. Mayes Decl. ¶ 13, Ex. 2. A court-filed settlement-administration record later identified "M MAYES" as a timely and valid opt-out. Mayes Decl. ¶ 14, Ex. 4.

After becoming aware of this case on June 20, 2026, Mayes promptly began working to protect his rights. Mayes Decl. ¶ 19. On June 23, 2026, he attempted to register for electronic filing access in the Northern District of California so that he could file and serve his materials through CM/ECF. Mayes Decl. ¶ 20. That registration was promptly rejected because he is not a named party. Mayes Decl. ¶ 21, Ex. 5. After Mayes asked about the rejection, the ECF Help Desk responded that he could file his motion in paper with the Court. Mayes Decl. ¶ 22, Ex. 3.

PAGE | 4  ABSENT CLASS MEMBER MICHAEL MAYES'S RULE 60(b)(1) MOTION

That created practical obstacles that would not exist for a registered e-filer using automatic electronic service. Mayes Decl. ¶¶ 23–25. Without CM/ECF access, Mayes could not file electronically or rely on automatic electronic service on counsel of record. Mayes Decl. ¶ 23. He therefore had to identify applicable counsel of record, determine how to serve multiple counsel and any required notice-administration contacts, and address service by other means. Mayes Decl. ¶ 25. On June 23, 2026, he emailed Class Counsel and Google's counsel to ask whether they would stipulate to his requested Rule 6(b)(1)(B) relief, oppose it, or take no position. Mayes Decl. ¶ 26.

Mayes has not delayed for tactical reasons. Mayes Decl. ¶ 28. Any time required after June 20, 2026, resulted from the need to investigate the case, prepare filings and exhibits, determine the applicable filing and service procedures, attempt to obtain electronic filing access, address the rejection of that access, determine how to file and serve materials without CM/ECF access, and confer with counsel regarding the requested Rule 6(b)(1)(B) relief. Mayes Decl. ¶¶ 27–29.

Mayes seeks only individualized relief. He does not ask the Court to disturb the verdict, vacate the judgment as to other class members, alter Google's pending post-judgment motion, or otherwise change anyone else's rights. Mayes Decl. ¶ 30. To the best of his knowledge, no distribution has been made to class members, and the June 20, 2026, notice states that no money is currently available because Google has asked the Court to vacate the judgment and may pursue an appeal. Mayes Decl. ¶ 31, Ex. 1.

## III. LEGAL STANDARD

Rule 60(b)(1) permits a court to relieve a party or its legal representative from a final judgment, order, or proceeding based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). A Rule 60(b)(1) motion must be brought within a reasonable time and no more than one year after entry of the judgment or order. Fed. R. Civ. P. 60(c)(1). The Supreme

PAGE | 5  ABSENT CLASS MEMBER MICHAEL MAYES'S RULE 60(b)(1) MOTION

Court has recognized that Rule 60(b)(1) expressly covers relief based on mistake, inadvertence, surprise, and excusable neglect. *Kemp v. United States*, 596 U.S. 528, 533 (2022).

Rule 6(b)(1)(B) permits a court, for good cause, to extend a deadline after it expires when the moving party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). In determining excusable neglect, courts consider the danger of prejudice, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The Ninth Circuit applies *Pioneer's* equitable standard in the Rule 60(b)(1) context. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–25 (9th Cir. 2000).

In the class-action opt-out context, the Ninth Circuit recognizes that district courts may grant relief from missed exclusion deadlines under Rule 6(b), Rule 60(b)(1), and Rule 23. *Silber v. Mabon*, 18 F.3d 1449, 1455 (9th Cir. 1994). Relevant considerations include the degree of compliance with the best practicable notice procedures, when the absent class member actually received notice, why notice was not timely received, what caused the delay and whose responsibility it was, how quickly the absent class member acted after receiving notice, how many class members seek to opt out late, and whether allowing a belated opt-out would affect the settlement or finality. *Id.*

*Volkswagen* confirms the same framework. The Ninth Circuit recognized that a district court may extend the time to opt out in cases of excusable neglect under Rules 6(b), 60(b)(1), and *Silber. In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 895 F.3d 597, 618 (9th Cir. 2018). *Volkswagen* affirmed denial of a late opt-out where the absent class member had actual and timely notice of the proper opt-out procedure and was "squarely responsible" for failing to comply. *Id.* at 618–19. That is not this case. Mayes was not aware of the case or the opt-

PAGE | 6  ABSENT CLASS MEMBER MICHAEL MAYES'S RULE 60(b)(1) MOTION

out deadline in time to act, did not knowingly remain in the Classes, and acted promptly after becoming aware of the case on June 20, 2026. Mayes Decl. ¶¶ 3–9, 16, 19–29.

**IV. ARGUMENT**

### A. Rule 60(b)(1) is the Proper Vehicle for Relief

This motion is properly brought under Rule 60(b)(1). Mayes seeks relief based on surprise, inadvertence, and/or excusable neglect. Fed. R. Civ. P. 60(b)(1). He does not ask the Court to declare the judgment void, invalidate the notice program, disturb the verdict, or reopen the judgment for the entire class. He asks only for individualized relief from the binding effect of the judgment and related opt-out deadline as applied to him.

That relief fits the Ninth Circuit's late-opt-out framework. *Silber* recognizes that courts may grant relief from missed opt-out deadlines under Rule 6(b), Rule 60(b)(1), and Rule 23. 18 F.3d at 1455. *Volkswagen* likewise recognizes that district courts may extend the time to opt out in cases of excusable neglect under those authorities. 895 F.3d at 618. *Ridgeway* applied that same approach in this District, construing absent class members' requests as late opt-out requests under Rules 6(b), 60(b)(1), and 23, and granting relief where the equitable factors favored it. *Ridgeway v. Wal-Mart Stores, Inc.*, No. 08-CV-05221-SI, 2016 WL 4529430, at *3–4 (N.D. Cal. Aug. 30, 2016), *aff'd sub nom. Ridgeway v. Walmart Inc*, 946 F.3d 1066 (9th Cir. 2020).

Mayes therefore does not need to show that the entire class notice program was constitutionally defective. He seeks discretionary, individualized relief under Rule 60(b)(1) and Rule 6(b)(1)(B), based on the facts showing that he became aware of this case after judgment, acted promptly thereafter, and would have opted out had he been aware of the certification and opt-out deadline in time to act. Mayes Decl. ¶¶ 3–19, 27–32.

PAGE | 7 ABSENT CLASS MEMBER MICHAEL MAYES'S RULE 60(b)(1) MOTION

**B. Surprise, Inadvertence, and Excusable Neglect Each Support Rule 60(b)(1) Relief**

Rule 60(b)(1) expressly authorizes relief for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Mayes relies on surprise, inadvertence, and excusable neglect. Those grounds are not mutually exclusive here; they describe different aspects of the same factual sequence.

Mayes was surprised because, on June 20, 2026, he became aware for the first time that this case existed, that a class action had been certified, that an opt-out deadline had been established, that a verdict had been entered, and that a judgment may affect his individual rights. Mayes Decl. ¶¶ 3–6, 18, Ex. 1. That surprise was genuine. Mayes had not knowingly remained in the Classes and had not made a conscious decision to forego his right to opt out. Mayes Decl. ¶¶ 8–10, 16.

Mayes also relies on inadvertence. The June 20 notice states that a certification notice was sent in the fall of 2024, but Mayes does not recall receiving, seeing, or reviewing any such notice. Mayes Decl. ¶ 6, Ex. 1. If that notice reached his Gmail account, any failure to recognize, preserve, or act on it was inadvertent. Mayes's Gmail account is not his primary email account, he receives a large volume of email, and he did not intentionally ignore any certification notice. Mayes Decl. ¶¶ 7–9.

Finally, the same facts establish excusable neglect. *Pioneer* explains that excusable neglect is not limited to circumstances beyond the movant's control. It may include late filings caused by "inadvertence, mistake, or carelessness," and Rule 6(b)'s excusable-neglect standard is a "somewhat elastic concept." 507 U.S. at 388, 391–92. Thus, if the fall 2024 notice never reached Mayes's inbox, the failure to act was outside his control. If it reached his Gmail account but was overlooked, deleted, or not recognized, the omission was inadvertent and excusable under the circumstances.

PAGE | 8   ABSENT CLASS MEMBER MICHAEL MAYES'S RULE 60(b)(1) MOTION

This is not a case of a class member becoming aware of an opt-out deadline, waiting for the verdict, and then attempting to escape an unfavorable result. Mayes became aware of the case only after judgment, and his conduct in the Evolve litigation confirms that he opts out when he is aware of an opt-out right in time to act. Mayes Decl. ¶¶ 11–16, Exs. 2, 4.

**C. Excusable Neglect Supports the Requested Late Exclusion Relief**

Because Mayes seeks permission to submit a late request for exclusion, the expired opt-out deadline is also addressed under Rule 6(b)(1)(B). That rule permits the Court, for good cause, to extend time after a deadline expires when the failure to act resulted from excusable neglect. Fed. R. Civ. P. 6(b)(1)(B).

The failure to meet the opt-out deadline resulted from excusable neglect. The June 20 notice states that a certification notice was sent in the fall of 2024, but Mayes does not recall receiving, seeing, or reviewing it. Mayes Decl. ¶ 6, Ex. 1. Mayes did not intentionally ignore the notice, did not knowingly choose to remain in the Classes, and did not make a conscious decision to forego exclusion. Mayes Decl. ¶¶ 8–10. He would have opted out had he been aware of the certification and opt-out deadline in time to act. Mayes Decl. ¶¶ 16, 32.

The post-June 20 record also supports excusable neglect. Once Mayes became aware of the case, he promptly investigated the matter, reviewed notice materials, located relevant filings and authorities, prepared exhibits, and prepared the motions and objections necessary to protect his rights. Mayes Decl. ¶ 19. He attempted to obtain CM/ECF access, was rejected because he is not a named party, received direction that he could file in paper, and then had to address paper-filing and service issues that would not exist for a registered e-filer using automatic electronic service. Mayes Decl. ¶¶ 20–25, Exs. 3, 5. He also sought counsel's position on stipulating to the Rule 6(b)(1)(B) relief. Mayes Decl. ¶ 26.

PAGE | 9  ABSENT CLASS MEMBER MICHAEL MAYES'S RULE 60(b)(1) MOTION

Any delay after June 20, 2026, therefore resulted from the practical steps necessary for an absent class member to proceed properly after becoming aware of the case, not from tactical delay, bad faith, or a knowing waiver of rights. Mayes Decl. ¶¶ 27–29.

**D. The *Pioneer*, *Silber*, and *Volkswagen* Factors Favor Relief**

The equitable factors favor granting relief.

First, the danger of prejudice is minimal. Mayes seeks only individualized relief. Mayes Decl. ¶ 30. He does not ask the Court to disturb the verdict, vacate the judgment as to other class members, alter Google's pending post-judgment motion, or change anyone else's rights. Mayes Decl. ¶ 30. To the best of his knowledge, no distribution has been made to class members, and the June 20, 2026, notice states that no money is currently available because Google has asked the Court to vacate the judgment and may pursue an appeal. Mayes Decl. ¶ 31, Ex. 1.

Second, the length of delay is justified by the circumstances. Mayes became aware of the case on June 20, 2026. Mayes Decl. ¶¶ 3–5. He then promptly began investigating the case and preparing filings. Mayes Decl. ¶ 19. He also attempted to obtain electronic filing access, was rejected because he is not a named party, obtained guidance from the ECF Help Desk that he could file in paper, and had to address paper filing and service issues that would not exist for a registered CM/ECF filer. Mayes Decl. ¶¶ 20–25, Exs. 3, 5. He also initiated conferral with counsel regarding Rule 6(b)(1)(B) relief. Mayes Decl. ¶ 26. The post-notice delay is therefore attributable to the practical steps necessary for an absent class member to proceed properly, not to inaction.

Third, the reason for the missed opt-out deadline favors relief. Mayes was not aware of the case or the opt-out deadline in time to act. Mayes Decl. ¶¶ 3–9. He did not knowingly remain in the Classes. Mayes Decl. ¶¶ 8–10. He did not make a strategic choice to wait for the verdict and then opt out. Mayes Decl. ¶¶ 16–18, 28. The record instead shows that he would have opted out

PAGE | 10  ABSENT CLASS MEMBER MICHAEL MAYES'S RULE 60(b)(1) MOTION

had he been aware of the certification and opt-out deadline in time to act, and that he has done exactly that in another data-breach class action. Mayes Decl. ¶¶ 11–16, 32, Exs. 2, 4.

Fourth, Mayes has acted in good faith. He is not seeking relief because he dislikes the size of the verdict or the result reached by the jury. Mayes Decl. ¶ 17. He seeks relief because he became aware of the case after the verdict and judgment had already been entered. Mayes Decl. ¶ 18. He has continued to act as promptly as he can under the circumstances. Mayes Decl. ¶ 29.

*Volkswagen* does not bar relief. There, the Ninth Circuit affirmed denial of a late opt-out where the absent class member had actual and timely notice of the settlement and opt-out procedure but failed to comply. 895 F.3d at 618–19. The Ninth Circuit emphasized that the district court could reasonably focus on the class member's actual and timely notice and her responsibility for the failure. *Id.* Mayes's circumstances are materially different. He was not aware of the case or the opt-out deadline in time to act, did not knowingly choose to remain in the Classes, and acted promptly after becoming aware of the case on June 20, 2026. Mayes Decl. ¶¶ 3–10, 16, 19–29, 32.

**E. *Ridgeway* Supports Discretionary Late-Opt-Out Relief in This District**

*Ridgeway* is persuasive because it applied Rules 6(b), 60(b)(1), and 23 to late opt-out requests in this District. WL 4529430, at *3–4. The court recognized that it retained discretion to allow late opt-outs and granted relief where the Pioneer factors favored it. *Id.* at 7:9–8:2.

Mayes's request is similarly limited. He seeks only to be excluded from the Classes; he does not seek to undo the verdict, alter the judgment for anyone else, or change the rights of other class members. Mayes Decl. ¶¶ 30–32. There is no distribution currently available to class members, and Google is already seeking post-judgment relief. Mayes Decl. ¶ 31, Ex. 1. The requested relief therefore does not disrupt an ongoing distribution, does not change any class-wide ruling, and does not prejudice other class members' ability to receive whatever relief may ultimately become available.

PAGE | 11   ABSENT CLASS MEMBER MICHAEL MAYES'S RULE 60(b)(1) MOTION

**F. The Court Should Allow Mayes to Submit a Late Request for Exclusion**

Rule 60(b)(1) and Rule 6(b)(1)(B) should be applied together here. Rule 60(b)(1) permits relief from the judgment or related proceedings to the extent they bind Mayes even though he was not aware of the certification and opt-out deadline in time to request exclusion. Rule 6(b)(1)(B) permits the Court to extend the expired exclusion deadline based on excusable neglect.

Good cause exists for the requested extension. Mayes would have opted out had he been aware of the certification and opt-out deadline in time to act. Mayes Decl. ¶¶ 9, 16, 32. His lack of awareness was not a tactical choice. Mayes Decl. ¶¶ 8–10, 17–18, 28. After becoming aware of the case on June 20, 2026, he acted promptly and diligently despite the added obstacles caused by his inability to use CM/ECF as a non-party absent class member. Mayes Decl. ¶¶ 19–29. The requested relief is narrow, individualized, and will not disturb the verdict or judgment as to anyone else. Mayes Decl. ¶¶ 30–32.

The Court should therefore grant Rule 60(b)(1) relief and permit Mayes to submit a late request for exclusion from the certified Classes under Rule 6(b)(1)(B).

**V. CONCLUSION**

For the foregoing reasons, Mayes respectfully requests that the Court grant relief under Rule 60(b)(1), extend the expired opt-out deadline under Rule 6(b)(1)(B), and permit him to submit a late request for exclusion from the certified Classes. Mayes further requests any other individualized relief the Court deems just and proper to ensure that he is not bound by a judgment in a case he became aware of only after the verdict and judgment had already been entered.

PAGE | 12  ABSENT CLASS MEMBER MICHAEL MAYES'S RULE 60(b)(1) MOTION

Dated this 24th day of June 2026.

Michael L. Mayes
620 W. Fairhaven St., #9
Roseburg, OR 97471
michaelmayesjr@yahoo.com
(541) 821-1138