LISA MELITTZZA MCBRIDE
251 NE 38TH STREET, APT. A-302
OAKLAND PARK, FL 33334

FILED

JUN 3 0 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

June 23, 2026

TO:        **Clerk of the Court**
United States District Court
Northern District of California
Phillip Burton Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102

**Class Counsel's**
Mark C. Mao
Beko Reblitz-Richardson
BOIES SCHILLER FLEXNER LLP
44 Montgomery St., 41st Floor
San Francisco, CA 94104

**Notice Administrator**
P.O. Box 2749
Portland, OR 97208-2749

FROM:    Lisa Melittzza McBride

SUBJECT:    Objection to the Fee Application in
*United States District Court for the Northern District of California,*
*Rodriguez v. Google LLC, Case No. 3:20-cv-04688-RS.*

Objection to Class Counsel's Fee Application

I submit this objection to the Fee Application in *Rodriguez v. Google LLC*. I am a United States Google account holder whose "Web & App Activity" setting was turned off between July 1, 2016, and September 23, 2024, and I have not opted out of the settlement class.

I object because Class Counsel's requested attorneys' fees and costs are excessive and risk substantially reducing the amount available to class members. The Court should closely scrutinize these requests to ensure that any award is reasonable, proportionate, and tied to the actual benefit conferred on the class.

Objection to the Fee Application in *United States District Court for the Northern District of California, Rodriguez v. Google LLC, Case No. 3:20-cv-04688-RS.*
Page 2 of 3

## I. The Requested Percentage Fee Is Excessive

Class Counsel seeks a fee award equal to approximately 33.3% of the settlement fund. At a fund value of $440 million, that request would result in a minimum attorneys' fee award of approximately $146 million, before considering any continued accrual of interest or additional costs. That amount is disproportionate to the class recovery and would materially reduce the funds available to class members.

The Court should apply a lower percentage that is presumptively reasonable for attorneys' fees in a common-fund settlement. Courts have emphasized that fee awards must remain proportional to the actual benefit received by class members. *See, e.g.,* Lowery v. Rhapsody International, Inc., No. 22-15162; Maree v. *Deutsche Lufthansa AG.*

The Court should reject the 33.3% request because the resulting fee—approximately $146 million—is excessive in absolute terms and inconsistent with the principle that fee awards should be reasonable in relation to the class benefit.

## II. The Percentage Should Be Reduced in a Mega-Fund Settlement

Federal courts in California have recognized that, in very large common-fund cases, the percentage awarded to class counsel should generally be scaled downward to avoid a windfall. *See, e.g., In re Bluetooth Headset Products Liability Litigation,* No. 09-56683. Because this settlement fund is exceptionally large, a reduced percentage—rather than an upward departure—is necessary to protect the class from an disproportionate fee award.

## III. The Requested Lodestar Multiplier Should Be Reduced

Class Counsel argues that the complexity of the case and the skill of counsel justify a 2.59 lodestar multiplier. However, under *Ketchum v. Moses,* 24 Cal. 4th 1122 (2001), a court should not double-count factors already reflected in counsel's hourly rates.

Here, the litigation's complexity and counsel's skill are already reflected in the high hourly rates that comprise the lodestar. Applying an additional 2.59 multiplier would therefore create an excessive premium beyond reasonable compensation.

## IV. Additional Cost Requests Require Scrutiny

Class Counsel has also submitted a Bill of Costs seeking $176,624.04 directly from Google LLC. If Google LLC does not pay that amount in full, the unpaid balance may further reduce the class recovery.

Class Counsel also seeks reimbursement of unreimbursed costs from the common fund. Any such request should be carefully reviewed to prevent duplicative recovery and to ensure that costs are not shifted unfairly to class members.

Objection to the Fee Application in *United States District Court for the Northern District of California, Rodriguez v. Google LLC, Case No. 3:20-cv-04688-RS.*
Page 3 of 3

## V. Requested Relief

For these reasons, I respectfully request that the Court:

- reject Class Counsel's request for 33.3% of the settlement fund;
- reduce the fee percentage to a reasonable amount, such as 15%, or another percentage the Court finds appropriate;
- deny or substantially reduce the requested 2.59 lodestar multiplier, including reducing it to 1.0 if warranted;
- carefully scrutinize all cost requests to prevent any duplicative or disproportionate recovery; and
- ensure that any fee and cost award remains proportional to the actual benefit received by class members.

A heightened level of scrutiny is appropriate here to ensure that Class Counsel does not receive a disproportionate benefit at the expense of the settlement class. *See, e.g., Roes, 1–2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1048–49.

The United States District Court for the Northern District of California has the authority to award reasonable attorneys' fees in an amount lower than that requested by Class Counsel and to ensure that any award remains proportionate to the actual value conferred upon the settlement class.

Thank you for your consideration in this matter.

_____          ___6/23/26_____
Lisa Melittzza McBride, Objector                    Date Signed

Lisa M. M'Bride
251 NE 38th Street, A-302
Oakland Park, FL. 33334

Clerk of the Court
U.S. District Court N. District of California
Phillip Burton Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102

CERTIFIED MAIL®

9589 0710 5270 4380 4479 95

United States Postal Service

RDC 99

Retail

94102

U.S. POSTAGE
FCM LETTER
OAKLAND PARK
JUN 24, 2026

$6.08

S2324M50619

RECEIVED
JUN 30 2026
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

MIAMI FL 330
24 JUN 2026 PM 6

