

FILED

JUN 30 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RODRIGUEZ, et al.,

Plaintiffs,

GOOGLE LLC,

Defendant.

Case No. 3:20-cv-04688-RS

CLASS MEMBER OBJECTION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

I, [FULL NAME], am a member of the certified class in this action and respectfully submit this objection to Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards.

My contact information is as follows:

Name: Mohammad R Emami, MD

Address: 1377 Mallet Hill, Ellisville, MO 63021

Telephone: 314-378-9571

Email: mremami01@gmail.com

INTRODUCTION

I do not object to Class Counsel receiving substantial compensation for their efforts in this litigation. Class Counsel devoted significant time and resources to this case over more than five years, advanced substantial expenses on a contingent basis, and secured a favorable jury verdict on behalf of the class.

My objection is limited to the amount and structure of the requested fee award. Specifically, Class Counsel seek attorneys' fees equal to one-third of the judgment and accrued post-judgment interest. As of final judgment, this request totaled approximately $146.8 million and will continue to increase as post-judgment interest accrues.

While Class Counsel are entitled to meaningful compensation, I respectfully submit that the requested award exceeds what is reasonably necessary to compensate counsel and would unnecessarily reduce the recovery available to class members.

I. THE REQUESTED FEE IS EXTRAORDINARILY LARGE

1

Class Counsel seek approximately $146.8 million in attorneys' fees based on one-third of the $440.3 million judgment, together with one-third of future post-judgment interest.

This is an extraordinarily large fee request.

Even if the Court were to award fees at the Ninth Circuit's traditional 25% benchmark, Class Counsel would still receive compensation exceeding $110 million.

Even a 30% award would exceed $132 million.

Accordingly, the question before the Court is not whether Class Counsel should receive substantial compensation. They unquestionably should. Rather, the question is whether a one-third award is necessary to reasonably compensate counsel while protecting the interests of absent class members.

## II.  THIS IS A MEGA-FUND CASE REQUIRING HEIGHTENED SCRUTINY

This case involves a common fund exceeding $440 million before additional post-judgment interest. By any reasonable measure, this is a mega-fund case.

The Ninth Circuit has recognized that courts should carefully scrutinize fee requests in exceptionally large common-fund cases. In In re Washington Public Power Supply System Securities Litigation, the Court observed that "the percentage of an award generally decreases as the amount of the fund increases." 19 F.3d 1291, 1297 (9th Cir. 1994).

The rationale is straightforward. As the size of a recovery increases, percentage-based fee awards can produce extraordinarily large compensation that may exceed what is necessary to reward counsel and encourage future litigation.

Although the Ninth Circuit later declined to adopt a rigid sliding-scale rule in Vizcaino v. Microsoft Corp., 290 F.3d 1043 (9th Cir. 2002), it reaffirmed that courts must consider the size of the fund and all relevant circumstances when determining a reasonable fee.

Vizcaino emphasized that district courts serve as fiduciaries for absent class members and must independently evaluate whether a requested fee is reasonable under the circumstances. The Court's fiduciary responsibility is particularly important here because every additional percentage point awarded to counsel translates into millions of dollars that will not be distributed to class members.

The extraordinary size of this fund therefore supports careful scrutiny and moderation in the percentage awarded.

## III.  THE NINTH CIRCUIT'S 25% BENCHMARK REMAINS AN IMPORTANT GUIDEPOST

The Ninth Circuit has repeatedly recognized 25% as the benchmark fee award in common-fund cases.

Although courts may depart upward or downward from that benchmark based upon the circumstances of a particular case, the benchmark remains an important starting point for evaluating reasonableness.

In Vizcaino, the Ninth Circuit approved a fee award above the benchmark but emphasized that district courts must carefully justify departures and evaluate all relevant circumstances.

Importantly, the common fund in Vizcaino was approximately $97 million. The recovery here exceeds $440 million before additional interest.

The requested fee therefore exceeds approximately $146.8 million even before future interest is included.

Given the extraordinary size of the recovery, the Court should carefully consider whether an upward departure from the benchmark is truly necessary.

Even application of the benchmark would provide Class Counsel with compensation exceeding $110 million.

The benchmark thus fully serves its purpose of rewarding counsel while protecting absent class members from excessive fee awards.

## IV. THE LODESTAR CROSS-CHECK DOES NOT JUSTIFY A ONE-THIRD AWARD

Class Counsel report a lodestar of approximately $56.8 million and contend that the requested fee represents a 2.59 multiplier.

While a 2.59 multiplier may fall within a range approved in certain cases, it does not establish that a one-third award is necessary.

To the contrary, the lodestar cross-check demonstrates that Class Counsel would receive extraordinary compensation even if the Court awarded a lower percentage of the common fund.

For example, a fee award based upon the Ninth Circuit benchmark would still produce a fee exceeding $110 million and would still generate a substantial multiplier over counsel's lodestar.

The lodestar cross-check therefore supports the conclusion that counsel can be fully and fairly compensated without awarding one-third of the common fund.

## V. THE REQUEST FOR ONE-THIRD OF FUTURE POST-JUDGMENT INTEREST SHOULD BE DENIED

I separately object to the request that attorneys' fees include one-third of all future post-judgment interest accrued through the conclusion of appeals.

Post-judgment interest accrues primarily by operation of law and the passage of time. Unlike the jury verdict itself, such interest is not generated principally through attorney effort.

Awarding one-third of future interest would automatically transfer to counsel a significant portion of value that accrues while post-trial motions and appeals remain pending.

At a minimum, the Court should require separate justification for awarding fees based upon future post-judgment interest rather than automatically applying the requested percentage.

## VI. FUTURE APPELLATE WORK DOES NOT JUSTIFY AN INCREASED AWARD TODAY

Class Counsel argue that the current multiplier is conservative because future appellate work may be required.

However, future appellate proceedings remain uncertain. The amount of work that may be required, the issues that may arise, and the ultimate outcome cannot presently be known.

Potential future work should not justify increasing the fee award today.

## VII. COSTS AND SERVICE AWARDS SHOULD BE CLOSELY REVIEWED

I respectfully request that the Court carefully review the request for reimbursement of $12,422,374.42 in litigation expenses and require sufficient documentation demonstrating that each expense was reasonably incurred and necessary.

I also request that the Court independently evaluate the proposed service awards totaling $135,000 to ensure that they are reasonable, proportional, and consistent with awards approved in comparable class actions.

## CONCLUSION

I respectfully request that the Court deny the request for attorneys' fees equal to one-third of the judgment and accrued post-judgment interest.

Instead, I respectfully request that the Court award fees at the Ninth Circuit benchmark of 25%, or such lower percentage than one-third as the Court determines is fair and reasonable under the circumstances.

I further request that the Court deny or substantially limit the request to award attorneys' fees based upon future post-judgment interest.

Such relief would fairly compensate Class Counsel for their substantial efforts while preserving a greater portion of the recovery for the benefit of the class members whom this action was brought to protect.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: June 23, 2026

Respectfully submitted,

Mohammad R Emami, MD

**mremami01@gmail.com**

| | |
|---|---|
| **From:** | Google Web App Activity Lawsuit <rodriguezvgoogle@e.epiqnotice.com> |
| **Sent:** | Friday, June 19, 2026 4:51 AM |
| **To:** | mremami01@gmail.com |
| **Subject:** | Court-Ordered Notice of Class Action |

<u>UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA</u>

# Notice to Class Members who had Google "Web & App Activity" control or the "Supplemental Web & App Activity" sub-setting turned off or "paused" of Class Counsel's Fee Application

Para una notificacion en Español, visitar www.GoogleWebAppActivityLawsuit.com.

*A federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**What is this notice about?** On September 3, 2025, after a federal trial, the jury concluded that Google unlawfully collected information from certain users of smartphones and tablets who claimed they asked Google not to track their activity on mobile apps. The jury awarded a verdict of over $425 million in damages to two certified Classes. The Court entered a judgment, which requires Google to pay the Classes the amount of the jury's verdict plus interest. As of March 2, 2026, the verdict plus interest totals $440,345,685.40. Interest continues to accrue on that amount. However, Google has asked the Court to vacate the judgment, meaning disregard the jury verdict. Google may also appeal the judgment. There is no money available now, but Court rules require Class Counsel to make a formal request for their fees (their "Fee Application"), should compensation be awarded. This notice is to inform Class Members of the Fee Application and their opportunity to object to it.

**What was the lawsuit about?** Three Google account holders ("Plaintiffs") filed a class action lawsuit alleging that Google LLC ("Google") unlawfully accessed their devices and data, including app activity data on their mobile devices, even though the Google activity controls called Web & App Activity ("WAA") and/or a sub-setting concerning "Chrome history and activity from sites, apps, and devices that use Google services," sometimes called supplemental Web & App Activity ("sWAA") were turned off or "paused." Plaintiffs alleged Google unlawfully accessed their mobile devices to collect, save, and use the data concerning their activity on non-Google apps that have incorporated certain Google software code into the apps. Plaintiffs have three legal claims: 1) invasion of privacy; 2) intrusion upon seclusion (similar to invasion of privacy); and 3) violation of the Comprehensive Computer Data Access and Fraud Act ("CDAFA"). The jury ruled that Google is liable for invasion of privacy and intrusion upon seclusion, but not for violation of the CDAFA.

**You are receiving this Notice because Google's records indicate that you may be a Class Member.** You were previously sent notice of the Court's certification of the Classes in this lawsuit in the fall of 2024. This Notice advises you of the jury verdict and judgment that were reached in the lawsuit, Class Counsel's Fee Application, your rights and options at this time, and the deadline to exercise them.

1

**Who is a Class Member?** The Court certified two classes to assert claims for invasion of privacy and intrusion upon seclusion. These classes include the following individuals:

Class 1 (the Android Class): All "non-Enterprise" and "non-Unicorn" individuals who, during the period beginning July 1, 2016 and continuing through September 23, 2024, (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running the Android operating system, because of the Firebase Software Development Kit ("SDK") and/or the Google Mobile Ads SDK.

Class 2 (the Non-Android Class): All "non-Enterprise" and "non-Unicorn" individuals who, during the period beginning July 1, 2016 and continuing through September 23, 2024, (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running a non-Android operating system, because of the Firebase SDK and/or Google Mobile Ads SDK.

"Enterprise individuals" refers to individuals who only have an "Enterprise" Google Account. An "Enterprise" Google Account is an account managed by an administrator that is designed for end users within an organization, such as businesses, non-profits, and schools. Individuals who have an "Enterprise" Google Account are not part of the certified Classes that claimed invasion of privacy and intrusion upon seclusion unless they also have another Google Account.

"Unicorn individuals" refers to individuals who only have a "Unicorn" Google Account, which is also known as a "supervised Google Account for users under age 13." A "supervised Google account for users under age 13" is an account created for a minor when they are under the age of 13, and which is created and supervised by a parent using Google Family Link. Individuals who have a "Unicorn" Google Account are not part of the certified Classes that claimed invasion of privacy and intrusion upon seclusion unless they also have another Google Account.

**What was the verdict?** The jury found Google liable to Class Members who use Android devices ("Class 1") and to Class Members who use non-Android devices ("Class 2") for invasion of privacy and intrusion upon seclusion. The jury awarded a total of $425,651,947, of which $247,154,157 is due to Class 1 (Android users) and $178,497,790 is due to Class 2 (non-Android users). These amounts will continue accruing interest as required by law. The jury found Google not liable for violation of the CDAFA. For more information about the verdict, you can visit the Case Website and read the jury's verdict and related motions filed by both Google and the Plaintiffs.

**Does the verdict mean money is available now?** No money will be distributed at this time. While the jury did award a verdict, Google has asked the Court to vacate the judgment, meaning disregard the jury verdict. Google also may appeal. Class Counsel will continue to pursue the lawsuit against Google. If money or benefits become available at a later date, you will be notified and given instructions on how to make a claim.

**What is a Fee Application?** In a class action lawsuit like this, the Court decides the amount that Class Counsel will be paid for their work. When a jury awards compensation with a verdict in a class action, the Court requires that Class Counsel make a formal application for the fees Class Counsel believes it should be paid for their work in the lawsuit. Class Counsel must also request reimbursement for any costs and expenses incurred in bringing the lawsuit (such as the cost of expert witnesses and for providing notice to the Classes) and for service awards to the individual plaintiffs who represented class members and took part in the lawsuit. Individual Class Members are given an opportunity to review Class Counsel's fee application and object to any part of it.

2

The Court considers Class Counsel's application and any objections, and the Court decides how much Class Counsel will be paid, how much they will be reimbursed, and what service awards will be granted to the class representatives.

**What does the Fee Application Say?** Class Counsel is requesting (1) attorneys' fees equal to 33% of the judgment, including both the jury's verdict award and interest, which continues to accrue until Google's challenges to the judgment are resolved; (2) $12,422,374.42 to reimburse costs and expenses incurred by Class Counsel; and (3) a total of $135,000.00 for service awards for the three class representatives. Class Counsel's Fee Application states their justification for each of these requests. The Court must approve the Fee Application and may award less than these amounts. You can review the Fee Application at the Case Website, www.GoogleWebAppActivityLawsuit.com by clicking here. These amounts will be paid from the compensation ultimately awarded in this case, if any. These amounts will not be paid until after the Court rules on Google's request to disregard the jury verdict and, if Google also chooses to appeal, after the Court rules on that appeal. You do not have to pay for Class Counsel or any of their fees and costs.

**Who are Class Counsel?** The Court has appointed the following lawyers as Class Counsel to represent Class Members.

Mark C. Mao
Beko Reblitz-Richardson
BOIES SCHILLER FLEXNER LLP
44 Montgomery St., 41st Floor
San Francisco, CA 94104

James Lee
BOIES SCHILLER FLEXNER LLP
100 SE 2nd St., 28th Floor
Miami, FL 33131

John A. Yanchunis
Ryan J. McGee
MORGAN & MORGAN
201 N. Franklin Street,
7th Floor
Tampa, FL 33602

Bill Carmody
SUSMAN GODFREY LLP
One Manhattan West
50th Floor
New York, NY 10001

Amanda Bonn
SUSMAN GODFREY LLP
1900 Ave. of the Stars,
Suite 1400
Los Angeles, CA 90067

**How do I object to the Fee Application?** To object, you must file a written objection with the Court. Your objection must state that you object to the Fee Application in *Rodriguez v. Google*, Case No. 3:20-CV-4688-RS and must include the following information:

1. Your full name, mailing address, telephone number, and email address;
2. The reasons for your objection, and any legal support for your objection from you or your lawyer;
3. The name of all lawyers hired to represent you for the objection (if any). This includes any former or current lawyers who may be paid for any reason regarding your objection; and
4. Your signature as the objector. A lawyer's signature is not adequate.

You must file your written objection with the Court so it is *received by* **July 30, 2026.** You must also send your objection to Class Counsel and the Notice Administrator, via US Mail or shipped by private courier (such as Federal Express) so it is *received by* **July 30, 2026,** to the following addresses:

3



| Court | Clerk of the Court<br>United States District Court<br>Northern District of California<br>Phillip Burton Federal Building<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 |
| --- | --- |
| Class Counsel | Mark C. Mao<br>Beko Reblitz-Richardson<br>BOIES SCHILLER FLEXNER LLP<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104 |
| Notice Administrator | Notice Administrator<br>PO Box 2749<br>Portland, OR 97208-2749 |

**How do I get more information?** Learn more about the lawsuit at www.GoogleWebAppActivityLawsuit.com or call 1-855-822-8821.

You may also obtain information regarding the lawsuit on the Court docket in this lawsuit, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS LAWSUIT. ALL QUESTIONS SHOULD BE DIRECTED TO THE NOTICE ADMINISTRATOR OR CLASS COUNSEL.

---

If mremami01@gmail.com should not be subscribed or if you need to change your subscription information for Rodriguez v Google LLC, please use this preferences page.

AM656 v.02

4

Retail

RDC 99

‖‖‖‖‖‖‖‖‖‖
94102

UNITED STATES
POSTAL SERVICE®

U.S. POSTAGE PAID
FCM LETTER
BALLWIN, MO 63011
JUN 23, 2026

**$10.77**

S2324N502364-82

SAINT LOUIS MO 630
24 JUN 2026 AM 9 L

9589 0710 5270 3760 6465 22

Clerk of the Court
United States District Court
Northern District of California
Phillip Burton Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102

RECEIVED

JUN 3 0 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

94102-348999

Mohammad R. Emami, MD
1377 Mallet Hill
Ellisville, MO 63021

-cv-04688-RS    Document 898    Filed 06/30/26    Pag



CERTIFIED MAIL®

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE