Onsel Badur
7777 W Peakview Dr.
Littleton, CO 80123
(309) 292-1494
onselbadur@gmail.com
June 21, 2026



FILED

JUN 25 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

Clerk of the Court
United States District Court
Northern District of California
Phillip Burton Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102

Re: Objection to Class Counsel's Fee Application
Case Name: Rodriguez v. Google LLC
Case No.: 3:20-CV-4688-RS

Dear Clerk of the Court,

I am a Class Member in the above-referenced action and submit this objection to Class Counsel's Fee Application pursuant to the notice I received. My contact information is listed above. I am not represented by counsel.

I object to the Fee Application on the following grounds:

## 1. THE REQUESTED FEE OF 33% EXCEEDS THE NINTH CIRCUIT BENCHMARK

Class Counsel requests attorneys' fees equal to 33% of the judgment. The Ninth Circuit has established 25% of a common fund as the benchmark for attorneys' fee awards in class actions. See In re Bluetooth Headset Products Liab. Litig., 654 F.3d 935, 942 (9th Cir. 2011). While courts may depart from this benchmark, any departure must be justified by specific circumstances. Class Counsel bears the burden of demonstrating that an upward departure to 33% is warranted here. I respectfully submit that the Court should apply the 25% benchmark absent a compelling and well-documented justification.

## 2. THE "MEGA-FUND" DOCTRINE SUPPORTS A FURTHER REDUCTION

The judgment in this case — exceeding $440 million — places it squarely within the category of "mega-fund" cases. Courts, including those in the Ninth Circuit, have recognized that percentage-based fee awards should be reduced as the size of the fund increases, because a standard percentage would yield a windfall disproportionate to the work performed. See, e.g., In re Activision Sec. Litig., 723 F. Supp. 1373 (N.D. Cal. 1989). Applying 33% to a fund of this size would result in attorneys' fees of approximately $145 million, which I respectfully submit is excessive and not commensurate with the benefit delivered to individual Class Members, particularly given

that no money has yet been distributed and the outcome of Google's ongoing challenges to the verdict remains uncertain.

I respectfully request that the Court apply a reduced percentage consistent with the mega-fund doctrine — potentially in the range of 20–25% or lower — rather than the 33% requested.

## 3. REQUEST FOR ITEMIZED ACCOUNTING OF COSTS AND EXPENSES

Class Counsel also requests reimbursement of $12,422,374.42 in costs and expenses. I respectfully request that the Court require Class Counsel to provide a full itemized accounting of these costs and expenses before approving this amount. Without a detailed breakdown, neither the Court nor Class Members can meaningfully evaluate whether these expenses were reasonable and necessary to the litigation.

## CONCLUSION

For the reasons stated above, I respectfully request that the Court: (1) reduce the attorneys' fee award to no more than 25% of the fund, and consider a further reduction consistent with the mega-fund doctrine; and (2) require an itemized accounting of all claimed costs and expenses before approving reimbursement.

I reserve the right to supplement this objection and to appear at any hearing scheduled by the Court.


Respectfully submitted,

Onsel Badur
June 21, 2026

Onsel Bador
7777 W Peakview Dr
Littleton CO 80123

Clerk of the Court

United States District Court

Northern District of California

Philip Burton Federal Building

450 Golden Gate Avenue

San Francisco CA 94102

RECEIVED

JUN 25 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

PASQUEFLOWER

FOREVER USA