# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

ANIBAL RODRIGUEZ, et al.,

              Plaintiffs,

v.

GOOGLE LLC,

              Defendant.

Case No. 3:20-cv-04688-RS

**CLASS MEMBER OBJECTION TO MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**

Judge: Hon. Richard Seeborg

**FILED**

JUL 02 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

Objector: Brianna Durham
Address: 120 East Mallard Drive #209 Boise, ID 83706
Telephone: (208) 713-5848
Email: nokbri@gmail.com

**TO THE HONORABLE RICHARD SEEBORG:**

I am a member of the certified Class in this action, and I submit this objection without counsel.

## I. THE REQUESTED 33% FEE IS EXCESSIVE FOR THE SIZE OF THE FUND

Class Counsel seeks one-third of a common fund exceeding $440 million, resulting in a fee of approximately $146 million. While 33% is permissible under existing precedent, it is not necessarily reasonable in this case.

At this scale, a flat percentage risks producing a fee that exceeds what is necessary to fairly compensate counsel. The Court's task is to ensure that the award remains proportional, not simply consistent with percentages approved in other cases.

Even modest reductions materially affect the outcome. A reduction from 33% would return tens of millions of dollars to the Class. The relevant question is whether the additional amount implied by a one-third award is justified in light of the work performed and the result achieved.

## II. "TYPICAL" DOES NOT MEAN APPROPRIATE

Class Counsel asserts that one-third is "typical," but that generalization is not determinative. Fee awards depend on context. The fact that one-third may be common in some cases does not establish that it is appropriate here—particularly in a case involving a fund of this magnitude.

The Court must assess reasonableness based on the specific facts of this case, not rely on generalized averages.

### III. THE LODESTAR CROSS-CHECK DOES NOT RESOLVE PROPORTIONALITY CONCERNS

Class Counsel argues that the requested fee implies a 2.59 multiplier on a $56.8 million lodestar and falls within an accepted range.

But the multiplier does not determine the fee—it is used to justify a percentage selected in advance. At this scale, a multiplier that may be considered reasonable in smaller cases can produce an excessive result. A fee of this magnitude warrants careful scrutiny beyond confirming the multiplier falls within a broad range.

### IV. THE AWARD SHOULD REFLECT FINAL RECOVERY

Because post-trial motions and appeals may affect the judgment, the ultimate recovery for the class remains uncertain.

Any percentage-based fee should be based on the amount actually recovered by the Class or structured to account for the possibility that the judgment is reduced or modified.

### V. CONCLUSION

Class Counsel achieved a substantial result and is entitled to a significant fee. The issue is whether the requested one-third award exceeds what is reasonably necessary to compensate counsel.

A reduced percentage would still provide substantial compensation while preserving a meaningful portion of the recovery for the Class and maintaining proportionality.

Dated: _____June 28_____, 2026

Respectfully submitted,

Brianna Durham

Class Member, Objector, Pro Se

*I have no lawyer representing me in connection with this objection.*

USA

FOREVER

Freedom
250

BOISE ID RPDC 837

29 JUN 2026 · PM 1 L

RECEIVED

JUL 0 2 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Bri Durham
120 E Mallard Dr #209
Boise, ID 83706

Clerk of the Court
United States District Court
Northern District of California
Phillip Burton Federal Building
450 Golden Gate Ave
San Francisco, CA 94102

94102-201446

