FILED

JUL 06 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

Emily Herzog
4746 Bush Mountain Drive SW
Tumwater WA 98512
mollywhiteherzog@gmail.com
360-561-4546

June 29, 2026

**VIA FIRST-CLASS MAIL (OR E-FILING)**
Clerk of the Court
United States District Court for the Northern District of California
Phillip Burton Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102

**Re: Objection to Class Counsel's Fee Application**
**Case Name:** *In re Rodriguez v. Google* **Case Number:** [Case Number 3:20-CV-4688-RS]

To the Honorable Judge of the United States District Court:

I am writing as a Class Member in the above-captioned matter to formally object to Class Counsel's Fee Application. Google's records indicate that I am a member of the certified class, as I previously received notice of class certification and this subsequent fee notice at this address.

While I commend Class Counsel on securing a favorable jury verdict, I object to the requested attorneys' fees of 33% of the $440,345,685.40 judgment (plus accruing interest) and the additional requested $12,422,374.42 to reimburse costs and expenses. This request is excessive, departs from Ninth Circuit benchmarks for "megafund" recoveries, and creates an unfair disproportion when compared to the proposed service awards for the class representatives.

I request that the Court reduce the fee award based on the following grounds:

**1. The 33% Fee Request Unjustifiably Exceeds the Ninth Circuit's 25% Benchmark**

In the Ninth Circuit, the established benchmark for attorneys' fees in common fund cases is 25%. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). Class Counsel's request for 33% represents a significant upward departure. There are no extraordinary circumstances here that justify taking an extra 8% (approximately $35 million more) directly out of the pockets of the Class Members, especially when the fund was generated via a jury verdict rather than an early, risky compromise.

## 2. The "Megafund Rule" Dictates a Downward Departure, Not an Upward One

The judgment in this case totals over $440 million. Under well-established Ninth Circuit legal principles, when a class recovery results in a "megafund" (typically over $100 million), courts apply the "megafund rule." This rule suggests that the fee percentage should be scaled *downward*—often to 10% to 20%—because the sheer size of the recovery is often a function of the class size rather than a proportional increase in counsel's hours worked. Allowing a 33% fee on a $440 million fund would yield an unjustified windfall for the five named counsel at the direct expense of the individuals whose privacy was invaded.

## 3. The Fee Request is Grossly Disproportionate to the Class Representatives' Service Awards

Class Counsel has proposed a total of $135,000.00 in service awards to be split among the three individual Plaintiffs ($45,000 each) who actively participated in a federal trial. In stark contrast, Class Counsel is asking for roughly $145,000,000.00 in fees.

While the class representatives are being awarded a modest amount for years of active litigation and trial participation, Class Counsel is seeking a sum that is **over 1,000 times larger** than the combined service awards of the people they represented. This massive disparity underscores that the 33% request is out of alignment with the actual equitable distribution of the fund.

## Conclusion

For these reasons, I respectfully request that the Court reject the 33% fee application. Instead, the Court should apply the megafund rule to scale the fees down below the 25% benchmark, ensuring that the millions of Class Members receive the maximum possible benefit from the jury's verdict.

Thank you for your time and consideration of this objection.

Respectfully submitted,

Emily Campbell Herzog, pro se

cc:

Mark C. Mao
Beko Reblitz-Richardson
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st fl
San Francisco CA 94104

Notice Administrator
PO Box 2749
Portland OR 97208-2749