FILED

JUL 06 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

Laure Freland-Gobaille (née Laure Freland)
150 Appleton street apt # 3D
Boston, MA, 02116
857-243-7459
laure.freland.gobaille@gmail.com
July 1st, 2026
VIA US MAIL / PRIVATE COURIER
Clerk of the Court,
United States District Court, Northern District of California
Phillip Burton Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102
RE: Objection to Class Counsel's Fee Application
Case Name: Rodriguez v. Google LLC
Case No.: 3:20-CV-4688-RS

To the Honorable Judge of the United States District Court:

I am a Class Member in the above-captioned matter. My Google account records indicate that I am a member of the certified class whose privacy was compromised by Google's unauthorized tracking and data collection despite having "Web & App Activity" controls turned off or paused.

I am writing to formally object to Class Counsel's Fee Application requesting attorneys' fees equal to 33% of the total judgment, as well as the requested $12,422,374.42 in costs and expenses. I request that the Court deny or heavily reduce the requested fees based on the following grounds:

**1. Inadequate Compensation Relative to the Misconduct** Class Counsel points to a $425 million verdict as a "historic" success. In reality, given that the stolen data of 98 million class members directly feeds and maintains a multi-billion-dollar corporate empire, this recovery is a drop in the ocean. Without the unauthorized exploitation of user data, these tech platforms could not sustain their valuation. By failing to secure true disgorgement of the massive wealth generated from our data, the current judgment yields roughly $4 per victim. Class Counsel did not achieve a result sufficient to justify a premium fee benchmark. A failure to secure meaningful compensation for lifelong victims of unauthorized data tracking cannot be rewarded as a massive success.

**2. Disproportionate and Inequitable Attorney Windfall** While a verdict of over $425 million was achieved, the proposed 33% allocation will redirect upwards of $145 million to a small group of individual attorneys. The remaining $280 million will effectively vanish once distributed across millions of class members who suffered lifelong privacy violations, leaving them with pennies. It is fundamentally inequitable for a small group of attorneys to secure generational wealth, massive professional prestige, and free corporate advertisement from this litigation while the actual victims remain effectively uncompensated for a permanent intrusion upon their seclusion. If the baseline compensation for the class is negligible, the attorneys' slice of that pot should be reduced proportionally to reflect that reality.

**3. Over-Inflation of Fees and Reliance on Leveraged Labor** A 33% benchmark is excessive for a fund of this magnitude, particularly given how modern litigation is executed. Class Counsel operates with significant leverage, utilizing a vast network of junior associates, paralegals, human assistants, and advanced AI or technological document review workflows to handle the bulk of routine discovery and administrative filings. Awarding premium "rockstar" partner-level percentages for a massive chunk of labor that was highly leveraged, automated, or executed by a subordinate shadow team is unjust. Compensating routine or outsourced labor at premium rates further shrinks the recovery pot meant for the injured class. Class Counsel should not receive a windfall that vastly outpaces the actual market cost of the labor performed.

**4. No Outside Counsel Retention** I have not hired or retained any separate legal counsel to represent me for this objection, nor will any current or former lawyers be paid regarding this objection. I am appearing *pro se* as an individual Class Member to voice these concerns directly to the Court.

For these reasons, I urge the Court to reject the 33% request and apply a much lower, more reasonable percentage to the fee award, ensuring that the maximum possible recovery is reserved for the individuals whose privacy rights were actually violated.

Respectfully submitted,

LAURE FRECAND – GOBAICLE

Laure Freland-Gobaille (née Laure Freland)

LAURE FRELAND - GOBAILLE
150 APPLETON STREET apt #3D
BOSTON, MA 02116

RECEIVED

JUL 06 2026

CLERK OF THE COURT,
U.S DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

RE: RODRIGUEZ V. GOOGLE, CASE No. 3:20-CV-4688-RS

PHILLIP BURTON FEDERAL BUILDING

450 GOLDEN GATE AVENUE

SAN FRANCISCO, CA 94102

