

FILED

JUL 06 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

Christopher W. Capps

1119 N Oneil St. Ext.

Clayton, NC 27520

919-413-1427

V8chpr@gmail.com

06/28/26

VIA U.S. MAIL

Clerk of the Court

United States District Court

Northern District of California

Phillip Burton Federal Building

450 Golden Gate Avenue

San Francisco, CA 94102

**Re: Objection to Class Counsel's Fee Application — Rodriguez v. Google LLC, Case No. 3:20-CV-4688-RS (N.D. Cal.)**

To the Honorable Court:

I am a member of Class 1 (the Android Class) certified in the above-captioned action. I write to respectfully object to Class Counsel's Fee Application, specifically the request for attorneys' fees equal to 33% of the judgment, including both the jury's verdict award and accruing interest.

**1. The Requested 33% Fee Exceeds the Ninth Circuit's Benchmark and Is Disproportionate for an Award of This Size.**

The Ninth Circuit has adopted a presumptive benchmark of 25% of the common fund for attorneys' fees in percentage-of-recovery cases. A request for 33% — nearly a third more than that benchmark — requires extraordinary justification that I do not believe is present here.

This case involves an unusually large recovery: the jury's verdict plus interest is reported at over $440 million, and interest continues to accrue. Courts in this Circuit have recognized that as the size of a common fund grows, the percentage awarded to counsel should generally decline, not increase, because the marginal effort required to litigate a larger recovery does not scale linearly with the size of that recovery. A flat 33% fee on a fund this size produces a windfall that is untethered from the actual work performed, and is precisely the kind of award the declining-percentage principle is meant to guard against.

**2. A Lodestar Cross-Check Should Be Required.**

Given the size of the requested fee, I respectfully request that the Court require Class Counsel to submit a full lodestar cross-check — reasonable hours billed multiplied by reasonable rates — and that the Court closely scrutinize any resulting multiplier. If the percentage-of-recovery request, when cross-checked against the lodestar, produces a multiplier that significantly exceeds multiples routinely approved in this Circuit, that is a strong indication the requested fee is excessive.

**3. The Fee Should Be Calculated on the Amount Actually Recovered, Not a Contingent or Hypothetical Figure.**

I further note that no funds have yet been distributed to the Class, that Google has asked the Court to vacate the judgment, and that Google may appeal. The reasonableness of any fee award should ultimately be assessed against the benefit actually realized by the Class — not the verdict amount as it stands today, before any reduction on post-trial motions or appeal.

For these reasons, I respectfully request that the Court deny the Fee Application to the extent it seeks 33% of the judgment, apply the 25% benchmark (or lower, depending on the lodestar

cross-check), and require Class Counsel to substantiate their request with detailed time and billing records.

I have not retained any attorney in connection with this objection.

Respectfully submitted,

Christopher W. Capps, Class Member

cc: Class Counsel (Mark C. Mao, Beko Reblitz-Richardson, Boies Schiller Flexner LLP, 44 Montgomery St., 41st Floor, San Francisco, CA 94104); Notice Administrator (PO Box 2749, Portland, OR 97208-2749)

Capps
1119 N Oneil St Ext
Clayton, NC 27520

GREENSBORO NC   270
PIEDMONT TRIAD AREA
1 JUL 2026    PM 5  L

Freedom 250

FOREVER/USA

U. S. DISTRICT Court
Northern District of California RECEIVED
Philip Burton Federal Building
450 Golden Gate Ave.              JUL 06 2026
San Francisco, CA  94102

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

94102-348999