FILED

JUL 09 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

6 Julio 2026

United States District Court for the Northern
district of California San Francisco Division

Anibal Rodriguez, et al ; Plaintiffs
V,
Google LLC, defendant
Case No. 3:20-CV-4688-RS

Objection to Class Counsel's fee application
based on the Megafund rule

I, Miriam Mangual Castro, am a class member
in the above-captioned lawsuit, as my
privacy rights were violated by google's unauthorized
data collection despite having turned off or paused
my web app activity settings.
I am submitting this formal objection to class
Counsel's fee application requesting an award of 33%
of the judgment, as well as the request litigation
expenses.
My Contact information is as follows:
Miriam Mangual Castro
HC-1 Box 8270
Gurabo, P.R 00778
787-685-1917
email - nanapamei224@gmail.com
Basic for Objection

1- Application of the Megafound Rule:
Under well-established ninth circuit jurisprudence, the
standard benchmark for attorneys' fee in class action is

25% however in Megafound cases like this one where the total recovery reaches hundreds of millions of dollars (425 Million Jury veredict) count routinely scale back the percentage well below the 25% benchmark, rather than inflating in to 33%.

2 - Prevention of an unjustified wiredfall: When a recovery fund is exceptionally larges, the size of the fund itself is often a result of the masive scale of the defendant's conduct and the size of the class, rather than a proportional increase in the hours billed by Counsel granting 33% creates an exorbitant windfall for the low firms involved, directly reducing the money available to compensate the millions of users whose privacy was compromised by google.

3 - Adequate Compensation at a lower Rate: A reduction to the standard 25% benchmark (or lower), would still yield over $ 106. Millions in fee. this Amount provide more than ample compensation for class rather than a proportional increase in the hour billed by counsel. granting 330% creates an exorbitant windfall for the low firms involved. directly reducing the money available to compensate the millions of users who privacy was compromised by google.

4. Exorbitant litigation Expanses: Furthermore, the requested 12,422,314,42 in litigation expenses is excesive and heavily dilutes the net recovery for class members. the court should rigorously scrotinize these costs to ensure that class fund's are not being depleted by Administrative inefficiencies or over - lawyering.  →

→ Counsel Statement. I have not hired or retained any current or former attorneys to represent me regarding this objection, and no attorneys will be paid in connection with this filing, I am proceding prose (representing my self) for these reason, I respectfully request that the Court apply the Megafound rule, reject the 33% fee request, and reduce the award to ensure class members are not unfairly penalized.

6 July 2026

Respectfully Submitted
Miriam Mangual Castro
M. Mangual C.

Miriam Mangual Castro
HC 1 Box 8270
Gurabo, P.R. 00778

SAN JUAN PR  009
6 JUL 2026   PM 1  L

Cleark of the Court
United States District Court,
Northern District of California
Phillip Burton Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102  USA

RECEIVED

JUL 09 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

94102-348999

RECEIVED

JUL 09 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA