RECEIVED

JUL 13 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Jason F. Arnold IV, JD, MPH
15 Magaw Place, Apt. 5G
New York, NY 10033
941-301-7422
arnoldjf4@gmail.com

July 5, 2026

VIA U.S. MAIL

Clerk of the Court
United States District Court
Northern District of California
Phillip Burton Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102

Re: Class Member Objection to Plaintiffs' Motion for Attorneys' Fees, Costs, and Service
Awards
*Rodriguez v. Google LLC*, Case No. 3:20-cv-04688-RS

Dear Clerk of the Court:

I am a member of the certified classes in this case. I write to object to Class Counsel's motion for
an award of attorneys' fees, costs, and service awards, filed March 30, 2026 (Dkt. 739). I
understand the Court will hold a hearing on this motion on August 13, 2026.

## 1. My identifying information

Name: Jason F. Arnold IV
Address: 15 Magaw Place, Apt. 5G, New York, NY 10033
Phone: 941-301-7422
Email: arnoldjf4@gmail.com

## 2. Lawyers hired for this objection

None. I am not represented by counsel for purposes of this objection and am submitting it on my
own behalf.

## 3. My objection and the reasons for it

Class Counsel achieved a substantial result for the classes, and I do not dispute that a significant
fee is warranted. But three parts of the fee request deserve a closer look before the Court
approves them.

1

**First,** to the extent Class Counsel seeks a percentage of a judgment that continues to accrue post-judgment interest, the fee base can increase even though no additional work has been performed on that interest component. Class Counsel's motion states that the resulting fee "will continue to grow with the accrual of post-judgment interest" for as long as Google's post-trial motions and any appeal remain pending. (Mot. at 1, 9.) Post-judgment interest exists to compensate the classes for delay in payment, not to reflect additional legal work. I ask the Court to fix the dollar value of the fee as of a set date, such as the date of final judgment, $440,345,685.40, rather than let the fee continue to climb with interest that accrues for reasons unrelated to Class Counsel's ongoing effort.

**Second,** the rate comparison Class Counsel offers is not a fair market comparison. To support its hourly rates, Class Counsel relies on Exhibit 1 to the Declaration of Steven Shepard, a chart titled "Peer Firm Rates Approved By Courts." The exhibit's rate comparators are, on their face, drawn entirely from Chapter 11 bankruptcy fee approvals, including cases such as *In re Endo Int'l plc*, *In re Rite Aid Corp.*, and *In re Cano Health, Inc.* Those rates were billed hourly to debtors' estates and paid regardless of outcome, in corporate restructuring work. That is a different market than contingent-fee plaintiffs' work in a consumer privacy class action, and it should not be used to validate the reasonableness of Class Counsel's rates. I ask the Court to weigh this rate exhibit accordingly and, if it relies on a lodestar cross-check at all, to ask Class Counsel for a rate comparison drawn from contingent-fee, plaintiff-side class litigation.

**Third,** part of the requested cost award is not yet an actual cost. Class Counsel's $12,422,374.42 cost figure includes $800,000 for notice costs that have not yet been incurred, to give class members notice of this very fee motion. Class Counsel has represented that it will return any unused portion of that $800,000 to the common fund. That is a reasonable idea, but as described in the motion, the true-up would happen after the fee and cost award are final, without any further opportunity for class members to review the actual figure or object to it. I ask the Court to require Class Counsel to file a public accounting of the actual notice costs incurred, and to true up the fund, before the cost award becomes final rather than after.

**Fourth,** even if California's percentage framework supplies the general method, the Court still must decide whether one-third is reasonable here. The common-fund doctrine has older federal roots, and the size of the fund remains a relevant circumstance in setting a fee; for that reason, I ask the Court to weigh the size of this recovery, the case-specific facts, and the source and quality of the rate evidence rather than treating "California typically awards a third" as the end of the inquiry.

None of this is a challenge to Class Counsel's result or to the years of work behind it. My request is narrower: that the fee be measured against money the classes have actually recovered rather than interest that may accrue for years during an appeal, that the rate comparison used to support the lodestar cross-check reflect the actual market for this kind of case, that the cost award be trued up publicly before it is treated as final, and that the Court weigh the size of this recovery as part of its reasonableness review.

2

For the reasons above, I respectfully ask the Court to:

- reduce or fix the fee award so it does not increase with post-judgment interest,
- reject or discount the bankruptcy-based rate comparators in the lodestar cross-check,
- require a public accounting and true-up before any award of unincurred notice costs, and
- independently assess the reasonableness of any percentage award considering the size of the fund and the case-specific facts.

## 4. Legal support

A lodestar cross-check exists to "ensure that the fee awarded is reasonable." *Consumer Privacy Cases*, 175 Cal. App. 4th 545, 557 (2009). That check is only as reliable as the rate comparators used to perform it, which is why the source of Class Counsel's rate exhibit matters.

The notice sent to class members in this case confirms that "the Court must approve the Fee Application and may award less than these amounts." I am not asking the Court to reject the requested percentage outright, and I recognize that the Ninth Circuit has declined to require a lower percentage simply because a common fund is large. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047–48 (9th Cir. 2002). My request is different: that the base to which the percentage applies, and the rate evidence used to cross-check it, actually reflect this case rather than unrelated bankruptcy billing or interest that has not yet been collected.

On reasonableness given the size of the fund, the Ninth Circuit has held that fund size "is one relevant circumstance to which courts must refer" in setting a fee, because economies of scale can create a windfall unrelated to counsel's work. *In re Optical Disk Drive Prods. Antitrust Litig.*, 959 F.3d 922, 933 (9th Cir. 2020) (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 122 (2d Cir. 2005)); accord *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 943 (9th Cir. 2011), a case Class Counsel's own motion also cites elsewhere.

I respectfully ask the Court to consider these points in ruling on the pending motion. My concern is that the Court should ensure any fee, cost, or service-award request is reasonable so that more of any eventual recovery remains available for the class members.

Sincerely,

Jason F. Arnold

cc (via U.S. Mail):
Mark C. Mao / Beko Reblitz-Richardson, Boies Schiller Flexner LLP, 44 Montgomery St., 41st Floor, San Francisco, CA 94104 (Class Counsel)
Notice Administrator, P.O. Box 2749, Portland, OR 97208-2749

3

Jason Arnold
15 Magaw Pl 5G
NY, NY 10033

NEW YORK NY 100

8 JUL 2026   PM 7   L

Freedom
250
FREEDOM
FOREVER/U

**RECEIVED**

JUL 1 3 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Clerk of the Court
U.S. District Court
Northern Dist of CA
Phillip Burton Fed. Building
450 Golden Gate Ave
San Francisco, CA 94102

94102-342818