RECEIVED

JUL 1 3 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT RODRIGUEZ, et al.,
Plaintiffs,
v.
GOOGLE LLC,
Defendant.

Case No. 3:20-CV-4688-RS

CLASS MEMBER'S OBJECTION TO CLASS COUNSEL'S FEE APPLICATION

I. OBJECTOR INFORMATION
Pursuant to the Court's Notice of Class Counsel's Fee Application, Class Member Shereen Chang
hereby submits this objection.
• Mailing Address: 6040 Angora Terrace, Philadelphia, PA 19143
• Telephone Number: (818) 381-9148
• Email Address: profshereenchang@gmail.com
• Counsel: I am not represented by an attorney in making this objection. I am acting *pro se*.

II. STANDING

I am a Class Member in the above-captioned matter. I received the Court-authorized Notice directed to
individuals who had Google's "Web & App Activity" (WAA) control or the "Supplemental Web & App
Activity" (sWAA) sub-setting turned off or paused between July 1, 2016, and September 23, 2024, and
whose activity on non-Google mobile apps was transmitted to Google. I have not opted out of the
Class.

III. OBJECTION TO ATTORNEYS' FEES

I object to Class Counsel's request for attorneys' fees equal to 33% of the total judgment and accrued
interest (approximately $145,314,076.18 based on the March 2, 2026 valuation of $440,345,685.40).
Under Ninth Circuit law, the requested award exceeds the benchmark for common fund cases, is not
adequately justified by the present record, and is inconsistent with the considerations that ordinarily
warrant downward adjustments in megafund cases.

1. The Requested Fee Exceeds the Ninth Circuit Benchmark

The Ninth Circuit has established a 25% benchmark for attorneys' fees in common fund cases. *Hanlon
v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). Although courts may depart from that
benchmark, any departure must be supported by case-specific circumstances demonstrating that the
requested percentage is reasonable. The burden rests with Class Counsel to justify an upward departure.

Here, Class Counsel seeks approximately 33% of the common fund. On the present record, the
application does not demonstrate why an award substantially exceeding the Ninth Circuit benchmark is
warranted.

2. The Size of the Common Fund Weighs Against an Upward Departure

The common fund exceeds $440 million, placing this case within the category of large "megafund" cases. In such cases, courts have recognized that percentage awards should generally decline as the size of the recovery increases because attorney effort does not ordinarily scale proportionally with the size of the fund. See *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).

Accordingly, the size of the fund weighs against an upward departure from the benchmark. Rather, the megafund status of the case supports a fee below the 25% benchmark.

3. The Lodestar Cross-Check Does Not Support the Requested Enhancement

Class Counsel reports a lodestar of approximately $56 million. The requested fee of approximately $145 million would produce a multiplier of approximately 2.6.

The Court should consider whether that enhancement is reasonable in light of the hourly rates already reflected in the lodestar. As reflected in the Declaration of Steven Shepard, one senior partner billing at $4,000 per hour generated approximately $2,490,000 in lodestar fees. Applying the requested multiplier would increase compensation attributable to that attorney to approximately $6,474,000. While illustrative rather than dispositive, this example demonstrates the magnitude of the requested enhancement and underscores the need to determine whether such an increase is necessary to achieve reasonable compensation rather than an unwarranted windfall.

4. The Overall Compensation Requested Is Substantial

In addition to the requested fee award, Class Counsel seeks reimbursement of $12,422,374.42 in litigation expenses. Although reasonable litigation costs are recoverable, reimbursement of those expenses separately from the fee award is relevant to the Court's overall assessment of the reasonableness of counsel's compensation. If both requests are granted, more than 36% of the common fund will be allocated to attorneys' fees and litigation expenses rather than to the class.

IV. CONCLUSION
For the foregoing reasons, the Court should decline to award the requested 33% fee and instead award a percentage consistent with Ninth Circuit precedent governing common fund and megafund cases.

Dated: June 30, 2026

Respectfully submitted,

*Shereen Chang*
_____
Shereen Chang

Shereen Chang
6040 Angora Ter
Philadelphia, PA 19143



**RECEIVED**

JUL 13 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Clerk of the Court
United States District Court
Northern District of California
Phillip Burton Federal Building
450 Golden Gate Ave,
San Francisco, CA 94102

9410208489 C017

