**DIANE H. WATSON**
14005 Cinnabar Place
Huntersville, NC 28078-5351
greytlife23@gmail.com
704.806.1290

**RECEIVED**

JUL 1 3 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

July 8, 2026

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Clerk of the Court
United States District Court
Northern District of California
Phillip Burton Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Notice Administrator
P.O. Box 2749
Portland, OR 97208-2749

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Mark C. Mao
Beko Reblitz-Richardson
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104

Re:     *Rodriguez v. Google LLC* Class Action Lawsuit
Case No. 20-cv-4688-RS (N.D. Cal.)

Dear Madam or Sir:

Enclosed please find a copy of the *May 25, 2026* "Court-Ordered Notice of Class Action" email I received.

Also enclosed, please find a copy of my **November 5, 2024** exclusion from the *Rodriguez v. Google LLC* Class Action Lawsuit correspondence postmarked/addressed to "Rodriguez v. Google Exclusions," in compliance with exclusion instructions provided in the *October 17, 2024* "Court-Ordered Notice of Class Action" email I received (copy enclosed), more specifically:

**How do I exclude myself?** To exclude yourself, you must send a written request by mail stating that you want to be excluded from *Rodriguez v. Google LLC.* You must mail your exclusion request **postmarked by January 6, 2025**, Rodriguez v. Google Exclusions, P.O. Box 2749, Portland, OR 97208-2749.

Again, pursuant to my **November 5, 2024** exclusion correspondence postmarked/addressed to Rodriguez v. Google Exclusions, please remove the following from the *Rodriguez v. Google LLC* Class Action Lawsuit, effective *November 5, 2024*, the date of my exclusion correspondence, or shortly thereafter:

Diane H. Watson
14005 Cinnabar Place
Huntersville, NC 28078-5351

704.806.1290
greytlife23@gmail.com

Thank you.

Very truly yours,

Diane H. Watson

Diane H. Watson

DHW/mtf

Enclosures

 Gmail

D. H. Watson <greytlife23@gmail.com>

## Court-Ordered Notice of Class Action

1 message

Google Web App Activity Lawsuit <rodriguezvgoogle@e.epiqnotice.com>      Mon, May 25, 2026 at 12:29 PM
To: greytlife23@gmail.com

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# Notice to Class Members who had Google "Web & App Activity" control or the "Supplemental Web & App Activity" sub-setting turned off or "paused" of Class Counsel's Fee Application

Para una notificacion en Español, visitar www.GoogleWebAppActivityLawsuit.com.

*A federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**What is this notice about?** On September 3, 2025, after a federal trial, the jury concluded that Google unlawfully collected information from certain users of smartphones and tablets who claimed they asked Google not to track their activity on mobile apps. The jury awarded a verdict of over $425 million in damages to two certified Classes. The Court entered a judgment, which requires Google to pay the Classes the amount of the jury's verdict plus interest. As of March 2, 2026, the verdict plus interest totals $440,345,685.40. Interest continues to accrue on that amount. However, Google has asked the Court to vacate the judgment, meaning disregard the jury verdict. Google may also appeal the judgment. There is no money available now, but Court rules require Class Counsel to make a formal request for their fees (their "Fee Application"), should compensation be awarded. This notice is to inform Class Members of the Fee Application and their opportunity to object to it.

**What was the lawsuit about?** Three Google account holders ("Plaintiffs") filed a class action lawsuit alleging that Google LLC ("Google") unlawfully accessed their devices and data, including app activity data on their mobile devices, even though the Google activity controls called Web & App Activity ("WAA") and/or a sub-setting concerning "Chrome history and activity from sites, apps, and devices that use Google services," sometimes called supplemental Web & App Activity ("sWAA") were turned off or "paused." Plaintiffs alleged Google unlawfully accessed their mobile devices to collect, save, and use the data concerning their activity on non-Google apps that have incorporated certain Google software code into the apps. Plaintiffs have three legal claims: 1) invasion of privacy; 2) intrusion upon seclusion (similar to invasion of privacy); and 3) violation of the Comprehensive Computer Data Access and Fraud Act ("CDAFA"). The jury ruled that Google is liable for invasion of privacy and intrusion upon seclusion, but not for violation of the CDAFA.

**You are receiving this Notice because Google's records indicate that you may be a Class Member.** You were previously sent notice of the Court's certification of the Classes in this lawsuit in the fall of 2024. This Notice advises you of the jury verdict and judgment that were reached in the lawsuit, Class Counsel's Fee Application, your rights and options at this time, and the deadline to exercise them.

**Who is a Class Member?** The Court certified two classes to assert claims for invasion of privacy and intrusion upon seclusion. These classes include the following individuals:

<u>Class 1 (the Android Class):</u> All "non-Enterprise" and "non-Unicorn" individuals who, during the period beginning July 1, 2016 and continuing through September 23, 2024, (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running the Android operating system, because of the Firebase Software Development Kit ("SDK") and/or the Google Mobile Ads SDK.

<u>Class 2 (the Non-Android Class):</u> All "non-Enterprise" and "non-Unicorn" individuals who, during the period beginning July 1, 2016 and continuing through September 23, 2024, (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running a non-Android operating system, because of the Firebase SDK and/or Google Mobile Ads SDK.

"Enterprise individuals" refers to individuals who <u>only</u> have an "Enterprise" Google Account. An "Enterprise" Google Account is an account managed by an administrator that is designed for end users within an organization, such as businesses, non-profits, and schools. Individuals who have an "Enterprise" Google Account are not part of the certified Classes that claimed invasion of privacy and intrusion upon seclusion unless they also have another Google Account.

"Unicorn individuals" refers to individuals who <u>only</u> have a "Unicorn" Google Account, which is also known as a "supervised Google Account for users under age 13." A "supervised Google account for users under age 13" is an account created for a minor when they are under the age of 13, and which is created and supervised by a parent using Google Family Link. Individuals who have a "Unicorn" Google Account are not part of the certified Classes that claimed invasion of privacy and intrusion upon seclusion unless they also have another Google Account.

**What was the verdict?** The jury found Google liable to Class Members who use Android devices ("Class 1") and to Class Members who use non-Android devices ("Class 2") for invasion of privacy and intrusion upon seclusion. The jury awarded a total of $425,651,947, of which $247,154,157 is due to Class 1 (Android users) and $178,497,790 is due to Class 2 (non-Android users). These amounts will continue accruing interest as required by law. The jury found Google not liable for violation of the CDAFA. For more information about the verdict, you can visit the Case Website and read the jury's verdict and related motions filed by both Google and the Plaintiffs.

**Does the verdict mean money is available now?** No money will be distributed at this time. While the jury did award a verdict, Google has asked the Court to vacate the judgment, meaning disregard the jury verdict. Google also may appeal. Class Counsel will continue to pursue the lawsuit against Google. If money or benefits become available at a later date, you will be notified and given instructions on how to make a claim.

**What is a Fee Application?** In a class action lawsuit like this, the Court decides the amount that Class Counsel will be paid for their work. When a jury awards compensation with a verdict in a class action, the Court requires that Class Counsel make a formal application for the fees Class Counsel believes it should be paid for their work in the lawsuit. Class Counsel must also request reimbursement for any costs and expenses incurred in bringing the lawsuit (such as the cost of expert witnesses and for providing notice to the Classes) and for service awards to the individual plaintiffs who represented class members and took part in the lawsuit. Individual Class Members are given an opportunity to review Class Counsel's fee application and object to any part of it. The Court considers Class Counsel's application and any objections, and the Court decides how much Class Counsel will be paid, how much they will be reimbursed, and what service awards will be granted to the class representatives.

**What does the Fee Application Say?** Class Counsel is requesting (1) attorneys' fees equal to 33% of the judgment, including both the jury's verdict award and interest, which continues to accrue until Google's challenges to the judgment are resolved; (2) $12,422,374.42 to reimburse

costs and expenses incurred by Class Counsel; and (3) a total of $135,000.00 for service awards for the three class representatives. Class Counsel's Fee Application states their justification for each of these requests. The Court must approve the Fee Application and may award less than these amounts. You can review the Fee Application at the Case Website, www.GoogleWebAppActivityLawsuit.com by clicking here. These amounts will be paid from the compensation ultimately awarded in this case, if any. These amounts will not be paid until after the Court rules on Google's request to disregard the jury verdict and, if Google also chooses to appeal, after the Court rules on that appeal. You do not have to pay for Class Counsel or any of their fees and costs.

**Who are Class Counsel?** The Court has appointed the following lawyers as Class Counsel to represent Class Members.

| | | |
|---|---|---|
| Mark C. Mao | John A. Yanchunis | Bill Carmody |
| Beko Reblitz-Richardson | Ryan J. McGee | SUSMAN GODFREY LLP |
| BOIES SCHILLER FLEXNER LLP | MORGAN & MORGAN | One Manhattan West |
| 44 Montgomery St., 41st Floor | 201 N. Franklin Street, 7th Floor | 50th Floor |
| San Francisco, CA 94104 | Tampa, FL 33602 | New York, NY 10001 |
| James Lee | | Amanda Bonn |
| BOIES SCHILLER FLEXNER LLP | | SUSMAN GODFREY LLP |
| 100 SE 2nd St., 28th Floor | | 1900 Ave. of the Stars, Suite 1400 |
| Miami, FL 33131 | | Los Angeles, CA 90067 |

**How do I object to the Fee Application?** To object, you must file a written objection with the Court. Your objection must state that you object to the Fee Application in *Rodriguez v. Google*, Case No. 3:20-CV-4688-RS and must include the following information:

1. Your full name, mailing address, telephone number, and email address;
2. The reasons for your objection, and any legal support for your objection from you or your lawyer;
3. The name of all lawyers hired to represent you for the objection (if any). This includes any former or current lawyers who may be paid for any reason regarding your objection; and
4. Your signature as the objector. A lawyer's signature is not adequate.

You must file your written objection with the Court so it is *received by* **July 30, 2026**. You must also send your objection to Class Counsel and the Notice Administrator, via US Mail or shipped by private courier (such as Federal Express) so it is *received by* **July 30, 2026**, to the following addresses:

| Court | |
|---|---|
| | Clerk of the Court |
| | United States District Court |
| | Northern District of California |
| | Phillip Burton Federal Building |
| | 450 Golden Gate Avenue |
| | San Francisco, CA 94102 |

| Class Counsel | | Mark C. Mao<br>Beko Reblitz-Richardson<br>BOIES SCHILLER FLEXNER LLP<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104 |
| --- | --- | --- |
| Notice Administrator | | Notice Administrator<br>PO Box 2749<br>Portland, OR 97208-2749 |

**How do I get more information?** Learn more about the lawsuit at www. GoogleWebAppActivityLawsuit.com or call 1-855-822-8821.

You may also obtain information regarding the lawsuit on the Court docket in this lawsuit, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS LAWSUIT. ALL QUESTIONS SHOULD BE DIRECTED TO THE NOTICE ADMINISTRATOR OR CLASS COUNSEL.

---

If greytlife23@gmail.com should not be subscribed or if you need to change your subscription information for Rodriguez v Google LLC, please use this preferences page.

AM656 v.02

**DIANE H. WATSON**
14005 Cinnabar Place
Huntersville, NC  28078-5351
greytlife23@gmail.com
704.806.1290

November 5, 2024

Rodriguez v. Google Exclusions
P.O. Box 2749
Portland, OR 97208-2749

Re:    Rodriguez v. Google LLC Class Action Lawsuit
       Case No. 20-cv-4688-RS (N.D. Cal.)

Dear Madam or Sir:

Enclosed please find a copy of the "Court-Ordered Notice of Class Action" email received dated October 17, 2024.

I did not request to be included as a Class Member in the above-referenced Class-Action Lawsuit, and resent having to waste my time and expense requesting that I be excluded from the same.

Please exclude the following from the Rodriquez v. Google LLC Class Action Lawsuit, and confirm that I have been removed as a Class Member by return mail:

Diane H. Watson
14005 Cinnabar Place
Huntersville, NC. 28078-5351

704.806.1290
greytlife23@gmail.com

Thank you.

Very truly yours,

Diane H. Watson
Diane H. Watson

DHW/mtf

Enclosure

 Gmail

D. H. Watson <greytlife23@gmail.com>

## Court-Ordered Notice of Class Action
1 message

**Google Web App Activity Lawsuit** <noreply@rodriguezvgoogle.epiqnotice.com>    Thu, Oct 17, 2024 at 1:09 PM
Reply-To: noreply@rodriguezvgoogle.epiqnotice.com
To: greytlife23@gmail.com

<u>UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA</u>

## If you have previously had either the Google "Web & App Activity" control or the "Supplemental Web & App Activity" sub-setting turned off or "paused," you could be included in an ongoing class action lawsuit.

For more information about the lawsuit, read below or visit www.GoogleWebAppActivityLawsuit.com.

Para una notificacion en Español, visitar www.GoogleWebAppActivityLawsuit.com.

*A federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**What is the lawsuit about?** Four Google account holders ("Plaintiffs") filed a class action lawsuit alleging that Google LLC ("Google") unlawfully accessed their devices and data, including app activity data on their mobile devices, even though the Google activity controls called Web & App Activity ("WAA") and/or a sub-setting concerning "Chrome history and activity from sites, apps, and devices that use Google services," sometimes called supplemental Web & App Activity ("sWAA") were turned off or "paused." Plaintiffs allege Google unlawfully accessed their mobile devices to collect, save, and use the data concerning their activity on non-Google apps that have incorporated certain Google software code into the apps. Plaintiffs have three legal claims: (1) invasion of privacy; (2) intrusion upon seclusion (similar to invasion of privacy); and (3) violation of the Comprehensive Computer Data Access and Fraud Act ("CDAFA"). For all three legal claims, Plaintiffs seek money damages and changes to Google's practices.

Google denies Plaintiffs' legal claims and does not admit any wrongdoing. The Court has not decided who is right.

**You are receiving this Notice because Google's records indicate that you may be a Class Member.**

The Court decided the legal claims brought by Plaintiffs can proceed as a nationwide class action. You may be included as a Class Member if you have or had WAA and/or sWAA turned off or "paused" at any time between July 1, 2016, and September 23, 2024. This Notice only advises you of the existence of this lawsuit, your rights and options, and the deadlines to exercise them, if you are a Class Member. More specifically, the Court certified the following classes.

**Comprehensive Computer Data Access and Fraud Act ("CDAFA")**

For the alleged violation of the CDAFA, the Court certified the following classes:

**Class 1:** All individuals who, during the period beginning July 1, 2016, and continuing through September 23, 2024, (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running the Android operating system, because of the Firebase Software Development Kit ("SDK") and/or Google Mobile Ads SDK.

**Class 2:** All individuals who, during the period beginning July 1, 2016, and continuing through September 23, 2024, (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running a non-Android operating system, because of the Firebase SDK and/or Google Mobile Ads SDK.

**Invasion of Privacy and Intrusion upon Seclusion**

For the alleged invasion of privacy and intrusion upon seclusion legal claims, the Court certified the same Class 1 and Class 2 but excluded individuals who only have an "Enterprise" account or "supervised Google Account for users under age 13" (also known as a "Unicorn" account). An "Enterprise" account is an account managed by an administrator that is designed for use by end users within an organization, such as businesses, non-profits, and schools. A "supervised Google Account for users under age 13" is an account created for a minor when they are under the age of 13, which is created and supervised by a parent using Google Family Link.

**Class 1:** All "non-Enterprise" and "non-Unicorn" individuals who, during the period beginning July 1, 2016, and continuing through September 23, 2024, (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running the Android operating system, because of the Firebase Software Development Kit ("SDK") and/or Google Mobile Ads SDK.

**Class 2:** All "non-Enterprise" and "non-Unicorn" individuals who, during the period beginning July 1, 2016 and continuing through September 23, 2024, (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running a non-Android operating system, because of the Firebase SDK and/or Google Mobile Ads SDK.

If you are a child for whom a supervised Google Account for users under age 13 was created, please discuss this Notice with your parent or guardian to help you decide whether you may be a Class Member. If you are a parent or guardian supervising a Google Account for users under age 13, and if Google's records indicate your child may be a Class Member, you will receive a separate Notice. Please review that Notice with your child to help them decide whether they may be a Class Member.

**Is there any money or benefits available now?** No money or benefits are available now. The Court has not decided whether Google did anything wrong, and Plaintiffs and Google have not settled the lawsuit. There is no guarantee money or benefits will be obtained in the future. You will be notified if money or benefits become available.

**What happens if I do nothing at all?** If you do nothing, you will remain a Class Member. If Plaintiffs obtain money or benefits from this lawsuit—as a result of a trial or a settlement—you may receive a payment or benefits in the future. If you do nothing now, regardless of whether Plaintiffs win or lose, you will be legally bound by all Court orders and judgments regarding the legal claims in this lawsuit. You will lose the right to bring or maintain a separate lawsuit against Google for the legal claims alleged in this lawsuit.

**How do I exclude myself?** To exclude yourself, you must send a written request by mail stating that you want to be excluded from *Rodriguez v. Google LLC*. You must include your name, address, telephone number, email address, and your signature. You must mail your exclusion request **postmarked** by **January 6, 2025**, to: Rodriguez v. Google Exclusions, P.O. Box 2749, Portland, OR 97208-2749.

You cannot exclude yourself on the phone or by email. To exclude yourself, you must do so individually and separately; no consolidated, group, or mass requests for exclusion will be accepted. If you timely ask to be excluded, you will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Google in the future regarding the legal claims in this lawsuit. If you do not exclude yourself, by **January 6, 2025**, you will remain a Class Member and be bound by the orders of the Court in this lawsuit.

**Do I have a lawyer in this case?** Yes. The Court has appointed the following lawyers as Class Counsel to represent Class Members. You may also hire your own lawyer at your own expense who may appear on your behalf.

| | | |
|---|---|---|
| Mark C. Mao | John A. Yanchunis | Bill Carmody |
| Beko Reblitz-Richardson | Ryan J. McGee | SUSMAN GODFREY LLP |
| BOIES SCHILLER FLEXNER LLP | MORGAN & MORGAN | One Manhattan West |
| 44 Montgomery St., 41st Floor | 201 N. Franklin St., 7th Floor | 50th Floor |
| San Francisco, CA 94104 | Tampa, FL 33602 | New York, NY 10001 |

| | |
|---|---|
| James Lee | Amanda Bonn |
| BOIES SCHILLER FLEXNER LLP | SUSMAN GODFREY LLP |
| 100 SE 2nd St., 28th Floor | 1900 Ave. of the Stars, Suite 1400 |
| Miami, FL 33131 | Los Angeles, California 90067 |

**How do I get more information?** This Notice is a summary. Learn more about the lawsuit at www. GoogleWebAppActivityLawsuit.com or call 1-855-822-8821.

You may also obtain information regarding the lawsuit on the Court docket in this lawsuit, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS LAWSUIT. **ALL QUESTIONS SHOULD BE DIRECTED TO THE NOTICE ADMINISTRATOR OR CLASS COUNSEL.**

AK573 v.02

Unsubscribe



Diane H. Watson
14005 Cinnabar Place
Huntersville, NC 28078-5351

CERTIFIED MAIL

RETURN RECEIPT REQUESTED

9589 0710 5270 2417 0754 56

**CERTIFIED MAIL
RETURN RECEIPT REQUESTED**

Clerk of the Court
United States District Court
Northern District of California
Phillip Burton Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT

**RECEIVED**

JUL **1 3** 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA