FILED

JUL 16 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**In re Google Web & App Activity Litigation**

3:20-cv-4688 RS

**OBJECTION TO CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**

To the Honorable Court:

I am a member of the certified class in this matter and respectfully submit this objection to portions of Class Counsel's Fee Application.

I appreciate the substantial work performed by Class Counsel in successfully prosecuting this complex privacy litigation through trial and obtaining a favorable jury verdict. Their efforts required significant skill, resources, and years of litigation. However, the Court has an independent fiduciary obligation to protect absent class members and ensure that any award of attorneys' fees, litigation expenses, and service awards is reasonable under Rule 23(h) of the Federal Rules of Civil Procedure and applicable Ninth Circuit precedent.

For the reasons stated below, I respectfully request that the Court reduce or defer portions of the requested award.

# I. The Requested One-Third Contingency Fee Is Excessive

Class Counsel seeks an award equal to **33% of the judgment, including all accrued post-judgment interest.**

Although contingency fee agreements frequently provide for one-third of a recovery, the Ninth Circuit has repeatedly recognized that the benchmark fee in common-fund cases is **25%**, with departures requiring specific justification.

A fee award representing approximately one-third of a judgment exceeding **$440 million** would exceed **$145 million**, an extraordinarily large award.

Because this litigation has already produced a substantial monetary recovery, economies of scale become significant. Once recoveries reach hundreds of millions of dollars, courts frequently reduce the percentage awarded to avoid creating an unreasonable windfall while still fully compensating counsel for exceptional representation.

The Court should therefore require Class Counsel to demonstrate with detailed evidence why a fee substantially exceeding the Ninth Circuit benchmark is necessary.

# II. Fees Should Not Be Calculated on Post-Judgment Interest

Class Counsel requests that their contingency percentage include not only the jury verdict but also all post-judgment interest accruing during Google's post-trial motions and any appeal.

This request is problematic because:

- Post-judgment interest primarily compensates the class for the time value of delayed payment.
- Much of the delay results from the appellate process rather than additional legal work proportional to the amount of interest accrued.
- Awarding one-third of continuously accruing interest allows attorney compensation to increase automatically merely because payment is delayed.

The Court should instead calculate any percentage fee using only the principal recovery or otherwise carefully evaluate whether inclusion of post-judgment interest is equitable.

# III. The Requested Expenses Require Careful Scrutiny

Class Counsel seeks reimbursement of **$12,422,374.42** in litigation expenses.

While complex class actions necessarily involve significant costs, absent class members have no practical ability to review these expenditures unless sufficient documentation is provided.

Accordingly, the Court should ensure that:

- every expense was reasonably necessary;
- no overhead expenses ordinarily included within attorney billing rates are duplicated;
- expert witness expenses were reasonably incurred;
- administrative expenses are fully documented;
- any travel, lodging, meals, consulting fees, technology expenses, or vendor charges are reasonable and necessary.

Only expenses adequately documented and reasonably incurred should be reimbursed from the common fund.

# IV. Service Awards Should Be Carefully Evaluated

Class Counsel requests total service awards of **$135,000** for three class representatives.

While representative plaintiffs deserve compensation for their time, effort, and risks undertaken, service awards should not become disproportionately large compared to the recovery received by ordinary class members.

The Court should evaluate:

- the actual time devoted by each representative;

- any reputational or financial risks assumed;
- any burdens imposed during discovery and trial;
- whether the requested awards create any appearance of conflict between the interests of the representatives and absent class members.

Any award should reasonably reflect actual service rendered.

# V. Fee Awards Should Consider the Outcome Achieved

The jury rejected Plaintiffs' claim under the Comprehensive Computer Data Access and Fraud Act (CDAFA), finding Google not liable on that cause of action.

Although Plaintiffs prevailed on the invasion of privacy and intrusion upon seclusion claims, the mixed outcome should be considered when determining whether the requested fee represents reasonable compensation for the overall litigation.

# VI. The Court Should Conduct a Lodestar Cross-Check

Given the extraordinary size of the requested fee, the Court should perform a detailed lodestar cross-check.

Specifically, the Court should examine:

- total attorney hours;
- billing rates;
- staffing efficiency;
- duplication of work;
- appropriate multiplier.

A lodestar cross-check helps ensure that the requested percentage does not produce an excessive multiplier inconsistent with reasonable compensation.

# VII. The Court Should Consider Deferring Final Fee Approval

Google has filed post-trial motions seeking to vacate the judgment and may appeal.

If the judgment is modified, reversed, or reduced, the appropriate attorneys' fee may also change.

Accordingly, the Court should consider postponing final approval of any percentage fee until the litigation becomes final and the ultimate recovery available to the class is known.

# Conclusion

I respectfully request that the Court:

1. Deny the request for attorneys' fees equal to 33% of the judgment and accrued interest.
2. Consider reducing the fee toward the Ninth Circuit's benchmark percentage or another amount the Court finds reasonable.
3. Exclude post-judgment interest from any percentage fee calculation.
4. Carefully scrutinize the requested litigation expenses of $12,422,374.42 and allow reimbursement only for adequately documented, necessary costs.
5. Carefully evaluate the requested service awards to ensure they reasonably compensate the class representatives without creating inequity among class members.
6. Perform a thorough lodestar cross-check before approving any fee award.
7. Consider deferring final approval of attorneys' fees until all post-trial motions and appeals are resolved and the final recovery is known.

I respectfully submit this objection so that the maximum possible recovery is preserved for all class members while ensuring that Class Counsel receives fair—but not excessive—compensation for their work.

Respectfully submitted,

_Kay Noo_      RAY NORRIS

Name

1228 Queen Anne Ct Glendora CA 91740

Address

legal4raynorris@hotmail.com

Email

909 767 7975

Telephone

Date: 7/13/26

RAY NORRIS
1228 Queen Anne Ct.
Glendora CA 91740

SANTA ANA CA  926

13 JUL 2026   PM 4  L

RECEIVED

JUL 16 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Clerk of the Court
United States District Court
Northern District of California
Phillip Burton Federal Building
450 Golden State Ave
San Francisco, CA  94102

94102-343206