I object to the Fee Application in Rodriguez v. Google, Case No. 3:20-CV-4688-RS.

1. Kyle Murphy
5593 Millwood Drive
Broadview Heights, Ohio 44147
440-669-1430
murphy.p.kyle@gmail.com

## 2. Objection to Requested Attorneys' Fees

I object to Class Counsel's request for attorneys' fees equal to one-third of the common fund because the requested award is excessive and would result in an unreasonable windfall. While Class Counsel achieved a substantial verdict, the Court must independently determine whether the requested fee is reasonable and proportional to the benefit obtained for the class.

Class Counsel's lodestar is approximately $40.3 million, and the requested one-third fee would create a multiplier of approximately 2.59. Although courts may award multipliers in common-fund cases, such enhancements are discretionary and must be supported by the circumstances of the case. A multiplier should not automatically be awarded where the lodestar already reflects substantial compensation at high hourly rates, including partner rates exceeding $2,000 per hour.

The Ninth Circuit requires courts to consider whether a fee award is reasonable by examining factors such as the results achieved, the complexity and risk of the litigation, the quality of representation, and awards in comparable cases. See *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048–50 (9th Cir. 2002). These factors do not eliminate the Court's obligation to prevent a fee award that is disproportionate to the actual work performed or that reduces the recovery available to class members.

Here, Class Counsel has already received credit through the lodestar calculation for more than 32,000 hours of work at claimed market rates. The requested additional enhancement would significantly increase compensation beyond those already substantial hourly values. The Court should carefully scrutinize whether a 2.59 multiplier is justified, particularly given the size of the recovery and the potential impact on absent class members.

I respectfully request that the Court reduce the requested fee percentage or multiplier to ensure that Class Counsel receives a reasonable award while preserving as much of the recovery as possible for the class members who were harmed.

## Legal support cited in the objection:

- *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002) — requires courts to evaluate fee awards based on reasonableness factors, including risk, results, and quality of work.
- *Laffitte v. Robert Half International Inc.*, 1 Cal. 5th 480 (2016) — recognizes percentage-of-recovery awards but requires reasonableness review.
- Fed. R. Civ. P. 23(h) — authorizes attorney fee awards in class actions only when the award is reasonable.

3. No lawyers have been hired to represent me at this time.
4. Signature below

FILED

JUL 16 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

K Murphy
5593 Millwood Dr
Broadview Heights OH 44147

CLEVELAND OH 440

13 JUL 2026   PM 1  L

Clerk of the Court
United States District Court
Northern District of California
Philip Burton Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102

USA
FOREVER

**RECEIVED**

JUL 16 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

94102-348999