**Abdul Nasir Khan-Sahibzada**
7902 Stone River Drive
Frisco, TX 75034
580-768-1650
nesaz.khan1@gmail.com

July `\|` , 2026

**FILED**

JUL 1 6 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



Clerk of the Court
United States District Court, Northern District of California
Phillip Burton Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102

**Re: Objection to Class Counsel's Fee Application — Rodriguez v. Google LLC, Case No. 3:20-CV-4688-RS**

Dear Clerk of the Court:

I am a Class Member in the above-captioned action. I used a non-Android (Apple iOS) device during the class period of July 1, 2016 through September 23, 2024, with my Web & App Activity setting turned off, and I therefore fall within Class 2 (the Non-Android Class). I submit this written objection to Class Counsel's Fee Application and respectfully ask the Court to reduce the requested attorneys' fees.

I object to Class Counsel's request for attorneys' fees equal to 33% of the judgment. While I do not dispute that Class Counsel achieved a significant result and is entitled to fair compensation, a flat 33% of a recovery exceeding $440 million is excessive and not consistent with how courts in the Ninth Circuit treat "megafund" recoveries.

The grounds for my objection are as follows:

1.  A flat percentage is inappropriate for a recovery of this size. Courts in this Circuit recognize that the percentage-of-recovery method should decline as the size of the fund increases, because attorney effort does not scale proportionally with the dollar amount recovered. A 33% rate that may be reasonable on a multi-million-dollar fund produces a windfall when applied to a fund of more than $440 million. Applied here, the request yields a fee approaching or exceeding $145 million, and that figure continues to grow as interest accrues — through no additional work by counsel.

2.  The 25% benchmark and a declining scale should govern. The Ninth Circuit's established benchmark for common-fund fee awards is 25%, with downward departures expected for unusually large funds. A fee in the range of 15–20% of this fund would still produce compensation in the tens of millions of dollars and would more fairly reflect the relationship between counsel's effort and the recovery.

3.  The fee should be cross-checked against counsel's actual lodestar. I respectfully request that the Court require Class Counsel to submit, and that the Court

scrutinize, a lodestar cross-check based on hours actually worked and reasonable hourly rates. If the requested 33% fee produces a multiplier substantially above the range courts typically approve, that confirms the percentage is excessive and should be reduced.

4. Interest should not inflate the fee. Class Counsel seeks 33% of the verdict plus post-judgment interest, which accrues automatically by operation of law and requires no additional legal work. Calculating the fee on the accruing interest compounds the windfall. Any fee should be based on the merits recovery counsel obtained, not on statutory interest.

For these reasons, I respectfully ask the Court to deny the Fee Application as submitted and to award attorneys' fees at a reduced percentage appropriate to a megafund recovery, supported by a lodestar cross-check.

I do not intend to appear at any hearing, but I reserve the right to do so.

Respectfully submitted,

Abdul Nasir Khan-Sahibzada (Class Member, Class 2)
7902 Stone River Drive, Frisco, TX 75034
580-768-1650 | nesaz.khan1@gmail.com

7902 Stone river As
Frisco, Tx 75034.

NORTH TEXAS TX P&DC
DALLAS TX 750
13 JUL 2026 PM 4 L

FOREVER / USA

United States District Court, Northern District California,
Phillip Burton Federal building,
450 Golden Gate Avenue,
San Francisco, CA. 94102.

RECEIVED

JUL 16 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

94102-999299