**Stephen Zappitello**

**38357 AL-22**
**Verbena, AL 36091**

**404-259-7645**

**olletippaz@gmail.com**

F I L E D

JUL 1 7 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**DATE:** July 13, 2026

**VIA U.S. MAIL**

**TO:** Clerk of the Court

United States District Court

Northern District of California

Phillip Burton Federal Building

450 Golden Gate Avenue

San Francisco, CA 94102

**CC (Notice Copies Sent To):** Class Counsel: Mark C. Mao, Boies Schiller Flexner LLP, 44 Montgomery St., 41st Floor, San Francisco, CA 94104

Notice Administrator: PO Box 2749, Portland, OR 97208-2749

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

**In re:** *Rodriguez v. Google LLC*, Case No. 3:20-CV-4688-RS

**Title:** FORMAL OBJECTION TO CLASS COUNSEL'S APPLICATION FOR ATTORNEYS' FEES AND NAMED PLAINTIFF SERVICE AWARDS

Dear Judge Seeborg and Clerk of the Court:

My name is Stephen Zappitello, and I am a Class Member in the above-referenced lawsuit. I am writing to formally object to two aspects of Class Counsel's Fee Application: (1) the request for attorneys' fees equal to 33% of the judgment (approximately $145.3 million based on the current

Stephen Zappalillo

95357 ...
Verboost, AL 1...

404-...

...@mail.com

DATE ...

VIA U.S. MAIL

TO: Clerk of the Court

United States District Court

Northern District of California

Philip Burton Federal Building

450 Golden Gate Avenue

San Francisco, CA 94102

CC (Notice Copies Sent To): Class Counsel Mark C. Mao, Boies Schiller Flexner LLP, 44 Montgomery St, 41st Floor, San Francisco, CA 94104

Named Plaintiffs c/o PO Box 2744, Portland, OR 97208-2744

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re: Pradhan v. Google LLC, Case No. 3:20-CV-04688-RS

Title: FORMAL OBJECTION TO CLASS COUNSEL'S APPLICATION FOR ATTORNEYS' FEES AND NAMED PLAINTIFFS' SERVICE AWARDS

Dear Judge Seeborg and Clerk of the Court:

My name is Stephen Zappalillo, and I am a Class Member in the above-referenced lawsuit. I am writing to formally object to two aspects of Class Counsel's Fee Application (1) the request for attorneys' fees equal to 25% of the Judgment (approximately $146.3 million based on the current ...

$440.3 million total), and (2) the request for $45,000 service awards for each of the three named plaintiffs ($135,000 total).

While Class Counsel and the named plaintiffs performed admirably in achieving a jury verdict against Google, a 33% fee percentage applied to a mega-fund of this size results in an unearned and excessive windfall. Granting such extraordinary sums would effectively revictimize the class: first by Google's unlawful invasion of privacy, and second by the very attorneys appointed to protect our interests, who are now seeking to divert an excessive portion of the recovery away from the victims.

I respectfully ask the Court to apply the established "Mega-Fund Rule" to cap Class Counsel's attorney fees at **10% to 15%** of the judgment pool, and to cap the named plaintiff service awards at **$10,000 each**, for the following four reasons:

## 1. Separate Expense Reimbursement Leaves Percentage Fees as Pure Profit

Class Counsel has submitted a separate line-item request for $12,422,374.42 to reimburse their out-of-pocket litigation expenses, expert witnesses, and investigations. Because the actual cash cost of taking Google to trial is being refunded dollar-for-dollar independently of the fee percentage, any percentage awarded by this Court represents unencumbered firm revenue. Class Counsel does not need to dilute their percentage fee to pay off their trial investments.

## 2. A 10% to 15% Cap Still Generates Multi-Generational Wealth

Over the approximately 6-year active span of this litigation, a fee cap of 15% (~$66 million) yields an average payout of **nearly $3.67 million per year** for each of the three appointed lead law firms. Even a strict 10% cap (~$44 million) provides roughly **$2.45 million per year** per firm. In the legal industry, an annual revenue stream of two to three and a half million dollars on a single matter represents multi-generational wealth and more than sufficient compensation for the risk and hours logged by counsel. Awarding $145.3 million (a rate of over $8 million per year per firm) crosses the line from fair compensation into an unjustifiable windfall.

## 3. Fiduciary Duty to the Victims of the Crime

The $440.3 million verdict was awarded by a jury to compensate mobile device users for the unauthorized tracking and intrusion into their private app activity. Every dollar awarded above a reasonable fee cap is a dollar taken directly from the victims of that intrusion. Reducing the attorney fee from 33% down to 10% preserves an astounding **$101 million** in the common fund to be distributed to the class members who actually suffered the privacy violations (while a 15% cap preserves roughly $79 million).

## 4. Named Plaintiff Service Awards Should Be Capped at the $10,000 Legal Benchmark

$240.0 million total), and (2) the request for $35,000 service awards to each of the three named plaintiffs ($105,000 total).

While Class Counsel and the named plaintiffs performed admirably in achieving a jury verdict against Google, a 25% fee percentage applied to a mega-fund of this size results in an unearned and excessive windfall. Granting such extraordinary sums would effectively revictimize the class: first by Google's unlawful invasion of privacy, and second by the very attorneys appointed to protect our interests, who are now seeking to divert an excessive portion of the recovery away from the victims.

I respectfully ask the Court to apply the established "Mega-Fund Rule" to reduce Class Counsel's attorney fees to 10% to 15% of the total common fund [illegible] awards at [illegible] each, for the following four reasons:

1. Separate Expense Reimbursement Leaves Percentage Fees as Pure Profit

Class Counsel has submitted a separate line-item request for $12,422,371.52 to reimburse their out-of-pocket litigation expenses, expert witnesses, and investigations. Because the actual cash cost of the litigation is being refunded dollar-for-dollar independently of the fee percentage, any percentage awarded by the Court represents unencumbered firm revenue. Class Counsel does not need to dilute their percentage fee to pay off their initial investment.

2. A 10% to 15% Cap Still Generates Multi-Generational Wealth

Over the approximately six-year active span of this litigation, a fee cap of 15% (~$[illegible] million) yields an average payout of nearly $3.5 million per year for each of the three appointed lead law firms. Even a strict 10% cap (~$[illegible] million) provides roughly $2.3 million per year per firm. In the total amount, an annual revenue stream of two to three and a half million dollars [illegible] per firm) crosses the line from fair compensation into an unjustifiable windfall.

3. Fiduciary Duty to the Victims of the Crime

The $425.7 million verdict was awarded by a jury to compensate class members for the unauthorized tracking and intrusion into their private economic activity. Every dollar awarded above a reasonable fee cap is a dollar taken directly from the victims of that intrusion. Reducing the attorney fee from 33% down to 10% preserves an astounding $101 million in the common fund to be distributed to the class members who actually suffered the privacy violations (while a 15% cap preserves roughly $79 million).

4. Named Plaintiff Service Awards Should Be Capped at the $[illegible],000 Legal Benchmark

While the three named representatives deserve compensation for their time and involvement in the trial, a $45,000 award per person ($135,000 total) far exceeds the standard federal class action benchmark of $2,500 to $10,000. An executive-level payout of $45,000 creates an extreme disparity between the representatives and the everyday class members who suffered the exact same privacy invasion, and who will likely receive only modest checks. Capping these awards at the high end of the legal norm—**$10,000 per representative** ($30,000 total)—provides generous compensation for their service while ensuring fairness and equity across the class.

## Mandatory Disclosures

- I am filing this objection on my own behalf as a Class Member.
- I have not hired or retained any former or current lawyers to represent me regarding this objection, and no lawyer will be paid for this submission.

## Conclusion and Prayer for Relief

For these reasons, I respectfully request that the Court exercise its fiduciary duty to protect the class by rejecting the requested amounts, capping Class Counsel's attorneys' fees at a maximum of **10% to 15%** of the total judgment, and capping the named plaintiffs' service awards at **$10,000 each**.

Respectfully submitted,

**Stephen Zappitello**

Class Member / Objector

While the three named representatives deserve compensation for their time and involvement in the trial, a $45,000 award per person ($135,000 total) far exceeds the standard federal class action benchmark of $2,500 to $10,000. An executive-level payout of $45,000 creates an extreme disparity between the representatives and the everyday class members who suffered the exact same privacy invasion, and who will likely receive only modest checks. Capping these awards at the high end of the legal norm—$10,000 per representative ($30,000 total)—provides generous compensation for their service while maintaining fairness and equity across the class.

Identity / Disclosures

[illegible]

- I have not hired or retained any former or current lawyers to represent me regarding this objection, and no lawyer will be paid for this submission.

Conclusion and Prayer for Relief

For these reasons, I respectfully request that the Court exercise its fiduciary duty to protect the class by [illegible] capping Class Counsel's attorneys' fees at a maximum of [illegible] of the total judgment, and capping the named plaintiffs' service awards at $10,000 each.

Respectfully submitted,

Stephen Zaporelli

Class Member / Objector