Miranda Campbell
3047 Hebard Dr
Las Vegas, NV 89121
702-801-1704
Mirandalee475@gmail.com

Objector, Pro Se

FILED

JUL 2 1 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

ANIBAL RODRIGUEZ, et al.,        ) Case No. 3:20-CV-4688-RS
                                 )
        Plaintiffs,              ) CLASS MEMBER MIRANDA CAMPBELL'S
                                 ) OBJECTION TO CLASS COUNSEL'S
v.                               ) APPLICATION FOR ATTORNEYS' FEES
                                 ) AND EXPENSES
GOOGLE LLC, et al.,              )
                                 ) Hearing Date: August 27, 2026
        Defendants.              ) Time: 1:30 PM
_____  ) Judge: Hon. Richard Seeborg

I, Miranda Campbell, state as follows:

1. I am a Class Member in Rodriguez v. Google LLC, Case No. 3:20-CV-4688-RS. My contact information is listed above.

2. This document serves as formal notice that I object to and reject Class Counsel's application for an award of attorney fees equal to 33% of the gross judgment, per the class notice dated June 18, 2026. Following a thorough review of the legal notice provided, I find the requested amount to be unreasonable.

3. I object to the application based on the following grounds:

   a. Departure from the 25% Benchmark: In the Ninth Circuit, the established baseline benchmark for attorneys' fees in common fund class actions is 25% (Six (6) Mexican Workers v. Arizona Citrus Growers, 904 F.2d 1301). Class Counsel's request for 33% represents an extreme upward departure. The application fails to demonstrate the extraordinary circumstances or unique hardships required to legally justify reducing the class pool by a third.

b. Disproportionate "Mega-Fund" Windfall Dictates a Reduction, Not an Increase: The jury verdict in this case exceeds $425 million, with millions more accumulating in interest. Under well-settled Ninth Circuit jurisprudence, courts must apply a sliding scale or "mega-fund" cap to exceptionally large awards. When a common fund is this massive, the percentage awarded should scale down below the 25% benchmark (often to 15%–20%), because the sheer size of the fund creates an unearned windfall relative to the actual hours billed. A 33% cut of a $425+ million fund creates a disproportionate $140+ million fee that excessively penalizes the class members who were already affected by Google's carelessness.

c. Hourly Lodestar Cross-Check Reveals Excessive Rates: Class Counsel's reported lodestar includes partner billing rates reaching as high as $2,400 per hour. When cross-checked against a 33% percentage-of-fund request, the resulting "multiplier" is unreasonably high.

d. Low Actual Benefit to Class Members (Class Benefit vs. Attorney Payout): Google is actively seeking to vacate the judgment and has vowed to appeal. Because actual distribution to class members remains blocked, highly uncertain, and subject to low historical claim rates, it is inequitable for Class Counsel to lock in an inflated 33% rate on the gross judgment before a single dollar reaches a class member's hands.

4. For these reasons, I request that the Court deny Class Counsel's request for 33%, apply a strict mega-fund deduction, and restrict the total fee award to no more than the Ninth Circuit's 25% standard benchmark.


Dated: July 1, 2026              Respectfully submitted,


Miranda Campbell, Objector Pro Se
Class Member and Lawful Citizen

**RECEIVED**

JUL **21** 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA