CHANHO ROH
PMB 532 Box 10003 Garapan
Saipan, MP 96950 USA
Telephone No. 670.838.5849
chanho.roh@gmail.com

*Class Member*

**FILED**

JUL 2 7 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ANIBAL RODRIGUEZ,

          Plaintiff,

          v.

GOOGLE LLC,

          Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 3:20-cv-04688-RS

CLASS MEMBER'S OBJECTION TO
CLASS COUNSEL'S FEE APPLICATION

**To the Honorable Court:**

I, CHANHO ROH, am a member of the certified class in *Rodriguez v. Google LLC*, Case No. 3:20-cv-04688-RS. I respectfully submit this objection to Class Counsel's application for attorneys' fees in this case.

I do not object to the jury's verdict or to Class Counsel receiving fair compensation for their substantial work in successfully litigating this action. Rather, I object to Class Counsel's request for attorneys' fees equal to 33% of the judgment, including all accrued post-judgment interest, because the present application does not provide the Court with a sufficient evidentiary basis to conclude that the requested award is reasonable. In particular, I respectfully request that the Court closely examine (1) whether a one-third percentage award is justified in light of the size of the recovery, (2) whether including post-judgment interest in the fee base is equitable, and (3) whether a lodestar cross-check confirms that the requested fee does not result in an unreasonable windfall.

## REASONS FOR OBJECTION

### I.      Rule 23(h) Requires an Independent Determination

### That the Requested Fee Is Reasonable

Federal Rule of Civil Procedure 23 requires the Court to independently determine whether a requested attorney's fee is reasonable. *See* Fed. R. Civ. P. 23(h) ("In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement."). As the Advisory Committee Notes to Rule 23 explain, "[e]xamination of the attorney-fee provisions may also be valuable in assessing the fairness of the proposed settlement," and "[u]ltimately, any award of attorney's fees must be evaluated under Rule 23(h)." Although Rule 23 imposes no rigid percentage cap, it likewise creates no presumption that a requested percentage is reasonable.

The Court's independent review is particularly important because absent class members have no meaningful opportunity to negotiate or protect their own interests regarding attorneys' fees. The Ninth Circuit has therefore recognized that district courts serve as fiduciaries for absent class members. *See Allen v. Bedolla*, 787 F.3d 1218, 1223 (9th Cir. 2015). Likewise, in *Scott v. Blackstone Consulting, Inc.*, the court emphasized that fee requests under Rule 23 warrant careful scrutiny because they directly affect the recovery ultimately available to the class. 2024 U.S. Dist. LEXIS 13025, at *13–15 (S.D. Cal. Jan. 24, 2024).

Here, Class Counsel seeks attorneys' fees equal to 33% of a judgment exceeding $440 million, including accrued post-judgment interest, in addition to reimbursement of more than $12.4 million in litigation expenses. While Class Counsel may ultimately establish that such an award is justified, the burden rests with counsel—not absent class members—to demonstrate that the requested fee is reasonable under Rule 23(h). The requested percentage should not be presumed reasonable simply because it reflects a contingency-fee agreement.

- 2 -

## II.    The Request to Include Post-Judgment Interest in the Fee Base Warrants Separate Scrutiny

I am particularly concerned that Class Counsel seeks one-third of the post-judgment interest, in addition to one-third of the jury's verdict.

Post-judgment interest serves a distinct purpose. As the U.S. Supreme Court has explained, its purpose is "to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damages and the payment by the defendant." *Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827 835–36 (1990). In other words, post-judgment interest preserves the value of the judgment while payment is delayed through post-trial proceedings and any appeal. Because post-judgment interest is intended to compensate class members for the delay in receiving the compensation awarded by the jury, the Court should carefully examine whether it is equitable for one-third of that compensation to be diverted to attorneys' fees. At a minimum, the inclusion of post-judgment interest in the fee base substantially increases the requested fee award and warrants separate justification under Rule 23(h).

## III.    A Lodestar Cross-Check Is Necessary to Ensure the Requested Fee Does Not Produce a Windfall

I further request that the Court require Class Counsel to perform, and the Court independently review, a lodestar cross-check of the requested fee.

The Ninth Circuit routinely permits district courts to calculate a percentage-of-the-fund award and then cross-check that figure against the lodestar—the reasonable hours expended multiplied by a reasonable hourly rate—to guard against a windfall to counsel. *See Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001).

Although arising in different procedural contexts, both the lodestar methodology and Rule 23(h) reflect the same underlying principle: attorney-fee awards must rest upon an adequate

evidentiary basis. Courts cannot determine reasonableness without sufficient information concerning the work performed and the value of that work. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978–79 (9th Cir. 2008) (vacating a fee award where the district court failed to identify the relevant legal community or explain the prevailing hourly rate for attorneys of comparable skill, experience, and reputation).

Accordingly, if the requested fee, when compared to the hours reasonably expended, results in an effective hourly rate several multiples higher than prevailing rates for attorneys of comparable experience in complex class litigation, that disparity may indicate that the requested percentage exceeds what is reasonably necessary to compensate Class Counsel and therefore results in a windfall at the expense of absent class members. I respectfully request that the Court require Class Counsel to disclose the total hours expended, the hourly rates claimed for each timekeeper, the resulting lodestar, and any multiplier so that the Court and absent class members may meaningfully evaluate whether the requested fee is reasonable under Rule 23(h).

Because Rule 23(h) places the burden on Class Counsel to establish the reasonableness of the requested fee, the current record should be supplemented with this information before the Court determines the appropriate award.

**REQUESTED RELIEF**

For these reasons, I respectfully request that the Court:

1. Require Class Counsel to submit sufficient evidence demonstrating why a fee equal to 33% of the judgment, including accrued post-judgment interest, is reasonable under Rule 23(h);

2. Conduct or require a meaningful lodestar cross-check, including disclosure of the hours worked, hourly rates, lodestar calculation, and resulting multiplier;

- 4 -

3. Determine whether including post-judgment interest in the fee base is equitable given that such interest compensates class members for the delay in receiving their recovery; and

4. Award only those attorneys' fees and costs that the Court independently determines are reasonable under Rule 23(h).

I appreciate the significant effort Class Counsel devoted to achieving a favorable jury verdict. Nevertheless, Rule 23(h) entrusts the Court—not the parties—with the responsibility of ensuring that any attorneys' fee awarded is fair to the absent class members whose recovery will be reduced by that award. I therefore respectfully request that the Court carefully scrutinize the fee application and approve only the amount affirmatively shown to be reasonable.

If, after conducting the review required by Rule 23(h), the Court concludes that Class Counsel has not demonstrated that a fee equal to 33% of the judgment, including post-judgment interest, is reasonable, I respectfully request that the Court reduce the requested fee to the amount the evidence supports.

### Lawyers Hired to Represent Me for This Objection

I have not retained any attorney, whether current or former, to represent me with respect to this objection, and no attorney will receive compensation in connection with this objection.

Respectfully submitted 13th day of July 2026.

Chanho Roh
*Class Member*

- 5 -

## CERTIFICATE OF SERVICE

I, CHANHO ROH, certify that on July 13th, 2026, I served a true and correct copy of this Objection by depositing it in the United States Mail, postage prepaid, addressed as follows:

**Court**
Clerk of the Court
United States District Court
Northern District of California
Phillip Burton Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102

**Class Counsel**
Mark C. Mao
Beko Reblitz-Richardson
BOIES SCHILLER FLEXNER LLP
44 Montgomery St., 41st Floor
San Francisco, CA 94104

**Notice Administrator**
Rodriguez v. Google Notice Administrator
PO Box 2749
Portland, OR 97208-2749

Respectfully submitted 13th day of July 2026.

Chanho Roh
*Class Member*

CERTIFIED MAIL



Chanho Roh
PMB 532 Box 10003 Garapan
Saipan, MP 96950  USA

Class Member for  Case No. 3:20-cv-04688-RS

**RECEIVED**

JUL 27 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Clerk of the Court
U.S. District Court
Northern District of California
Philip Burton Federal Building
450 Golden Gate Ave.
San Francisco, CA 94102

