**Pavlo Kushnirenko**
1 Heather Way
Yeovil BA22 8DZ
United Kingdom
Telephone: +44 7479 999116
Email: pavlo.kushnirenko@gmail.com
*Pro Se Class Member and Objector*

**F I L E D**

JUL 2 7 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,<br><br>                              *Plaintiffs,*<br><br>                    v.<br><br>GOOGLE LLC,<br><br>                              *Defendant.* | **Case No. 3:20-cv-04688-RS**<br><br>**LIMITED OBJECTION OF CLASS MEMBER PAVLO KUSHNIRENKO TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS (ECF NO. 739)**<br><br>Hearing: August 27, 2026 at 1:30 p.m. PT<br>Courtroom 12, 19th Floor<br>Hon. Richard Seeborg |

## LIMITED OBJECTION

Class Member Pavlo Kushnirenko, appearing pro se, respectfully submits this limited objection under Federal Rule of Civil Procedure 23(h)(2). This objection is directed only to the requested attorneys' fee of one-third of the judgment and accruing interest. It does not challenge the jury's verdict, the judgment, Class Counsel's continued defense of the judgment, the reasonable reimbursement of documented litigation expenses, or the requested service awards.

### I. OBJECTOR INFORMATION AND STANDING

My full name, mailing address, telephone number, and email address appear in the upper-left corner of the first page of this filing. I received the Court-authorized Fee Application Notice at my Google-account email address. Based on that notice and Google's records, I believe I am a member of one or both certified Classes. This objection applies to the Classes as a whole because the requested fee would be paid from compensation otherwise available to the Classes.

Lawyers hired to represent me regarding this objection: None. I am proceeding pro se. As of the date of this filing, no former or current lawyer represents me regarding this objection, and I have not entered into any agreement under which a lawyer may be paid for preparing, presenting, withdrawing, or resolving this objection.

## II. CLASS COUNSEL DESERVE SUBSTANTIAL COMPENSATION

I recognize and commend Class Counsel for achieving an exceptional result after nearly six years of technically complex, risky, and heavily contested litigation. Counsel defeated substantial dispositive challenges, obtained class certification, prepared the case for trial, tried it to a jury, secured a verdict of $425,651,947, and continue to defend the judgment. A substantial fee and a meaningful risk premium are justified. My objection is therefore narrow and respectful: the question is not whether counsel should be well compensated, but whether one-third of a fund of this magnitude, including automatically accruing post-judgment interest, is more than reasonably necessary.

## III. THE REQUESTED ONE-THIRD FEE SHOULD BE REDUCED TO 25%

**A. Rule 23(h) requires an independently reasonable fee.**

Rule 23(h) permits only "reasonable attorney's fees and nontaxable costs," authorizes a class member to object, and requires the Court to find the relevant facts and state its legal conclusions. Fed. R. Civ. P. 23(h). In common-fund cases, a district court may use either the percentage method or the lodestar method, but it must exercise independent judgment rather than treat any percentage as automatic. See Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1047–50 (9th Cir. 2002); In re Bluetooth Headset Products Liability Litigation, 654 F.3d 935, 942–43 (9th Cir. 2011).

California law likewise permits a percentage-of-fund award but does not mandate one-third in every case. Laffitte v. Robert Half International Inc., 1 Cal. 5th 480, 503–06 (2016), confirms that the trial court retains discretion and may use a lodestar cross-check to test reasonableness. Thus, even accepting Class Counsel's position that California law supplies the governing framework, the Court must select a fee that is reasonable on this record.

**B. A 25% award would remain exceptionally generous and would fully reward counsel's risk and success.**

At the March 2, 2026 judgment amount of $440,345,685.40, one-third equals $146,781,895.13. A 25% award equals $110,086,421.35. The difference is $36,695,473.78 before additional post-judgment interest. That difference is material to the Classes and should not be transferred from the common fund without a record-specific showing that the extra amount is necessary to produce a reasonable fee.

Class Counsel report a present lodestar of $56,768,654 for 49,670 hours. A 25% award on the March 2 judgment would produce an approximate 1.94 multiplier. That is a substantial premium over counsel's already-current market rates and meaningfully rewards contingency risk, delay, complexity, and the excellent trial result. By contrast, the requested one-third produces an approximate 2.59 multiplier and will continue to increase as interest accrues. The excellent result supports a premium, but the size of the result also creates economies of scale. A 25% fee would not undercompensate counsel; it would provide more than $110 million in fees, plus approved expenses, while preserving an additional $36.7 million for the Classes.

The Ninth Circuit commonly uses 25% as a benchmark from which a court may depart based on the circumstances. Vizcaino, 290 F.3d at 1047–50. The Ninth Circuit has declined to impose a mandatory sliding scale in "megafund" cases, but it has not made fund size irrelevant. Rather, the Court should consider the scale of the recovery and explain why the selected percentage is reasonable. In re Optical Disk Drive Products Antitrust Litigation, 959 F.3d 922, 933–35 (9th Cir. 2020). Here, the combination of a 25% fee and an approximate 1.94 lodestar multiplier adequately accounts for all favorable factors without creating a disproportionate award.

**C. Post-judgment interest should not automatically generate an additional one-third fee.**

Class Counsel request one-third not only of the judgment entered on March 2, 2026, but also of post-judgment interest that will accrue until the judgment is satisfied. Interest protects the value of the Classes' judgment during delay. Awarding one-third of every additional dollar of interest

would increase counsel's fee automatically with the passage of time, even though the fee application does not tie that increase to actual additional hours or expenses.

The fairer approach is to calculate the percentage fee on the judgment as entered, exclude post-judgment interest from the percentage base, or reserve the issue of any additional fee until appellate and enforcement work has actually been performed and documented. This would compensate real future work without granting an open-ended percentage of a growing interest component.

**D. The Court should perform a careful lodestar cross-check and address future work on an actual-record basis.**

Because the requested fee is approximately $146.8 million as of judgment and continues to grow, a robust lodestar cross-check would assist the Court in fulfilling its Rule 23(h) duty. The Court should review the contemporaneous records underlying the aggregate tables, assess duplication and staffing efficiency, confirm the reasonableness of rates and hours, and state the resulting multiplier. This request is not a criticism of counsel's professionalism; it is a proportional safeguard for an unusually large fee application.

Class Counsel explain that anticipated Rule 50, Rule 59, appellate, notice, and administration work is not included in the present lodestar. That future work should not require an automatic one-third award today. The Court can reserve jurisdiction and permit a supplemental application based on work actually performed, while maintaining an aggregate percentage cap that protects the Classes.

### IV. NO OBJECTION TO REASONABLE COSTS OR SERVICE AWARDS

I do not object to reimbursement of reasonable, documented litigation expenses in the requested amount of $12,422,374.42, provided that the award is reduced by any amounts separately recovered through a bill of costs or from another source and that the Court confirms the expenses were reasonably incurred for the benefit of the Classes. I also do not object to the requested service awards of $50,000 each to Anibal Rodriguez and Julian Santiago and $35,000 to Susan Harvey, subject to the Court's ordinary review.

## V. REQUESTED RELIEF

For these reasons, I respectfully request that the Court: (1) reduce the attorneys' fee from one-third to 25% of the judgment amount as of March 2, 2026, or to another lower amount the Court finds reasonable; (2) exclude post-judgment interest from the percentage base, or reserve any additional fee associated with future appellate or enforcement work until that work is performed and documented; (3) conduct and explain a meaningful lodestar cross-check; (4) approve reasonable costs only net of any separate recovery; and (5) grant any further relief the Court finds fair to Class Counsel and the Classes.

## DECLARATION AND SIGNATURE

I have reviewed this objection and adopt it as my own. I declare under penalty of perjury under the laws of the United States of America that the factual statements concerning my identity, receipt of notice, belief that I am a Class Member, and lack of separately retained counsel are true and correct. This declaration is executed outside the United States pursuant to 28 U.S.C. § 1746.

Executed on: 18th of July 2026 at Yeovil, United Kingdom.

Signature: _____

**Pavlo Kushnirenko**

Pro Se Class Member and Objector

## CERTIFICATE OF SERVICE

I, Pavlo Kushnirenko, certify that on the date stated below, from Yeovil, United Kingdom, I caused true and correct copies of the foregoing Limited Objection of Class Member Pavlo Kushnirenko to Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards to be sent as follows:

| FILING / SERVICE | RECIPIENT, METHOD, AND TRACKING |
|---|---|
| **Original filed with the Court** | Clerk of the Court<br>United States District Court<br>Northern District of California<br>Phillip Burton Federal Building<br>450 Golden Gate Avenue<br>San Francisco, CA 94102<br>United States<br>**Method:** Royal Mail International Tracked<br>**Tracking number:** RF 4265 6537 1GB |
| **Service copy to Class Counsel** | Mark C. Mao<br>Beko Reblitz-Richardson<br>BOIES SCHILLER FLEXNER LLP<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104<br>United States<br>**Method:** Royal Mail International Tracked<br>**Tracking number:** RF 4265 6551 3GB |
| **Service copy to Notice Administrator** | Rodriguez v. Google Notice Administrator<br>PO Box 2749<br>Portland, OR 97208-2749<br>United States<br>**Method:** Royal Mail International Tracked<br>**Tracking number:** RF 4265 6552 7GB |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on 18th of July 2026 at Yeovil, United Kingdom.

Signature: _____

**Pavlo Kushnirenko**

To : Clerk of t

United States

Norhern Distric

Philip Burton

450 Golden

San

CA 9

U S A



**Please do not bend**

re
cas
fe

*he* Court

*Dist rict court*

*of California*

*Federal Building*

*Gate Avenue*

*Francisco*

*4102*

*4*

**RECEIVED**

JUL 27 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ITS : Intl Tracked & Signed
£11.75          00.083kg
94102           450 GO
BR: 441549      18/07/26
3-469750        VAT u5
PRN: 0216-BCCD-0372-AF58

· SINGLE USE ONLY ·
S

*Rodrigues v Google LLC*

*eN: 3:20 - cv - 04688 - RS*

From: Paulo R

1 Heather

Yeovil

Somerset

U K

shnivenko

Way

BA 2 2 8 DZ