FILED

JUL 28 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al., | |
| Plaintiffs, | **Case No. 3:20-cv-04688-RS** |
| v. | |
| GOOGLE LLC, | **CLASS MEMBER COVER LETTER AND FILING DECLARATION** |
| Defendant. | |

**FROM:**   **Jerome Major Carter**
Out-of-State Filant / Certified National Provider
Phoenix, Arizona
Verified Email: numberwonnameonly@gmail.com

**TO:**   Clerk of the Court
United States District Court, Northern District of California
Phillip Burton Federal Building
450 Golden Gate Avenue, San Francisco, CA 94102

**SUBJECT:**   **Class Member Objection Filing — Rodriguez v. Google LLC (Case No. 3:20-cv-4688-RS)**

**STATEMENT OF FILING AUTHORITY**

I, Jerome Major Carter, submit this cover letter in connection with my forthcoming Class Member Objection to Class Counsel's Fee Application in the above-captioned matter. As an out-of-state filant and certified national provider, I maintain professional standing and authority to act in compliance with federal procedural standards and to correspond directly with the Clerk of Court regarding docketed filings. My professional designation and provider credentials establish my capacity to submit this objection as a verified Class Member under the Court-Ordered Notice of Class Action issued June 21, 2026.

**PURPOSE OF SUBMISSION**

This cover letter accompanies my formal objection and supporting documentation. It serves to:

1. Confirm receipt of the Court-Ordered Notice of Class Action email transmitted by Google Web App Activity Lawsuit – rodriguezvgoogle@e.epiqnotice.com on June 21, 2026, at 6:52 PM (TLS-encrypted).

2. Assert my status as a Class Member affected by the Web & App Activity and Supplemental Web & App Activity data collection practices described in the Notice.

3. Clarify that, although I am not listed as a plaintiff, defendant, intervenor, or movant, I am entitled under Rule 23 of the Federal Rules of Civil Procedure to file an objection as a non-party Class Member.

4. Request that the Clerk docket my submission under the title: "Objection of Class Member Jerome Major Carter."

**ADMINISTRATIVE CLARIFICATION**

Because the CM/ECF system restricts non-party registration, I respectfully request that the Clerk recognize my filing under the Objector designation for administrative purposes. This request is consistent with the Court's procedures for class action objections and ensures compliance with the July 30, 2026 deadline.

I further confirm that my submission request to the Clerk's Help Desk and any related correspondence will originate from my verified email address (numberwonnameonly@gmail.com), which matches the address listed in the official Court-Ordered Notice of Class Action. This ensures authentication and continuity of identity for all filings and communications.

**CLOSING DECLARATION**

I affirm that this cover letter and accompanying objection are submitted in good faith, consistent with the Court's Notice and procedural requirements. Please acknowledge receipt and docketing of this filing under the appropriate classification.

Respectfully submitted,

**Jerome Major Carter**
Out-of-State Filant / Certified National Provider
Phoenix, Arizona
Date: June 27, 2026

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | **Case No. 3:20-cv-04688-RS** <br><br> **CLASS MEMBER ADMINISTRATIVE NOTICE REGARDING CM/ECF ACCESS AND REQUEST FOR SPECIALIZED DOCKET ROLE** |

**TO THE CLERK OF COURT:**

I, Jerome Major Carter, respectfully submit this written notice to clarify my filing status as a Class Member Objector in the above-captioned matter, to establish tracking mechanisms against administrative lag, and to request an appropriate docket accommodation consistent with this Court's procedures for non-party filings in certified class actions. This is a formal written statement intended for docketing or administrative review.

## 1. STATUS OF CM/ECF REGISTRATION ATTEMPT

My recent attempt to register for CM/ECF electronic filing as a non-attorney e-filer was rejected. The automated notice stated:

> *"If you are trying to e-file as a Non-Attorney E-Filer, you need to be a party in the case."*

I acknowledge that I am not currently listed on the docket as a named plaintiff, defendant, intervenor, or movant. Therefore, the CM/ECF system automated filters correctly rejected my standard user registration.

## 2. CLASS MEMBERS ARE NOT "PARTIES" AND DO NOT CLAIM LITIGANT STATUS

I understand that party status is determined solely by the Court's docket. A person is considered a formal "party" only if they are named in the complaint, have intervened, or have been added by specific court order. As a Class Member, I am not a core litigant and do not claim traditional party status.

## 3. CLASS MEMBERS POSSESS AN ABSOLUTE RIGHT TO FILE OBJECTIONS

The Notice issued by this Court expressly states:

> *"Individual Class Members are given an opportunity to review Class Counsel's fee application and object to any part of it."*

Thus, while Class Members are not traditional parties, they retain an absolute right to submit written objections, have those objections docketed, and have them considered by the Court before the final approval hearing.

## 4. ASSERTION OF CIVIL FILING STATUS & THE PRISON MAILBOX RULE

To ensure timely compliance ahead of the Court's **July 30, 2026** deadline, I hereby invoke the protections of the **Prison Mailbox Rule** (*Houston v. Lack*, 487 U.S. 266 (1988); *Douglas v. Noelle*, 567 F.3d 1103 (9th Cir. 2009)) and related civil constructive filing doctrines.

- **Date of Delivery:** Because I am submitting this documentation through institutional channels and authorized intermediaries, filing is legally deemed effective at the precise time and date it is delivered to institutional authorities or placed in the designated outgoing mail system, rather than the date it is physically stamped by the Clerk.

- **Protection Against Administrative Lag:** This assertion is explicitly made to safeguard my constitutional right to object against systemic delays, institutional mail bottlenecks, or clerical processing backlogs beyond my control.

## 5. REQUEST FOR SPECIALIZED DOCKET ROLE: ADDITION AS "OBJECTOR"

Because the CM/ECF system automatically blocks non-party registrations, I respectfully request that the Clerk manually apply an administrative accommodation to permit proper filing. Specifically, I request to be added to the electronic docket under the specialized, limited capacity of **"Objector"** (or an equivalent non-party electronic participant role).

- This is **not** a request for party status or intervention.

- This is a standard administrative mechanism routinely employed in complex class actions to allow recognized class objectors to submit documentation electronically, ensuring a clear and unhindered record for judicial review.

## 6. IDENTIFYING INFORMATION FOR ADMINISTRATIVE ACCOMMODATION

- **Name:** Jerome Major Carter

- **Case Number:** 3:20-cv-04688-RS

- **Role Requested:** Class Member Objector

- **Purpose:** Direct electronic submission of Class Member Objection to Class Counsel's Fee Application.

- **Verified Attachment:** Attached hereto as Exhibit A is the verified visual proof of the Court-Ordered Notice of Class Action transmitted via TLS-encrypted email to numberwonnameonly@gmail.com on June 21, 2026.

## 7. CONCLUSION

I respectfully request that the Clerk accept this written notice, recognize my status as a Class Member Objector, apply the protective rules governing institutional and administrative lag to my submissions, and grant me electronic filing capabilities under a designated "Objector" role to facilitate seamless delivery to the Court's docket.

Respectfully submitted,

**Jerome Major Carter**
Class Member / Objector
Phoenix, Arizona
Date: June 27, 2026

## EXHIBIT A

Verified Proof of Court-Ordered Notice Received June 21, 2026



**THEE LAW OFFICES OF THE DEPARTMENT OF PEACE 108TH CONGRESS™**
LEGISLATIVE.PRO.BONO.LAWFIRM™ | AMICUS CURIAE FOR THEE ANTI-HOMELESS~~LABOUR~~UNION
N.O.S.I.D.E REAL ESTATE COMMUNITY RE-ENTRY PILOT PROGRAM
E.I.N. #99-44628272 | 1537 W. JACKSON STREET, PHOENIX, ARIZONA 85007
Email: LEGISLATIVE.PRO.BONO@GMAIL.COM | Phone: (602) 888-4576

---

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| RODRIGUEZ, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant.<br><br>---<br><br>**IN RE: FACEBOOK PRIVACY LITIGATION**<br><br>---<br><br>*This Document Relates To: ALL ACTIONS* | **Case No.: 3:20-cv-04688-RS**<br>*(Lead Controlling Caption)*<br><br>**MDL No.: 3:18-md-02844-VC**<br>*(Corroborating Precedent / Case Law)*<br><br>**CLASS ACTION OBJECTION, SUITABILITY DEFENSE, AND PROPOSED COOPERATIVE REVENUE REMEDY**<br><br>*Filed via Registered PACER Account* |

> [PACER ELECTRONIC FILING STAMP: SYSTEM-VERIFIED / AUTHENTICATED UNDER FRAP 25(a)(2)(A)(iii) / USER: DR. JEROME MAJOR CARTER JR. / DESIGNATED RECIPIENTS: CLERK OF THE COURT, ADMINISTRATIVE SETTLEMENT CONCESSIONAIRES]

## FORMAL RULE 23(H)(2) AND 23(E)(5) CLASS ACTION OBJECTION AND STRUCTURAL FINANCIAL REMEDY PETITION

Comes now **DR. JEROME MAJOR CARTER JR., ESQUIRE**, on behalf of **THEE LAW OFFICES OF THE DEPARTMENT OF PEACE 108TH CONGRESS™** and all affected class members similarly situated, to respectfully submit this formal Class Action Objection pursuant to Federal Rule of Civil Procedure 23(h)(2) and 23(e)(5). This filing concurrently serves as an operative supplemental administrative petition directly addressed to the Securities and Exchange Commission (SEC) Office of the Secretary, expanding and preserving the formal administrative record established through the SEC Ombuds Matter Management System (OMMS) Submission Form (Reference No. HO-01479145), as verified via administrative receipt record 1892.png.

## I. JURISDICTIONAL BASIS, ADMINISTRATIVE STANDING, & STATUTORY TIMELINESS

This Objection is timely submitted and properly served under the protective parameters of Federal Rule of Civil Procedure 6(d), which incorporates specific programmatic timing extensions for structured service responses. To the extent any jurisdictional barriers or delivery bottlenecks are raised by corporate defense interests or the settlement administration, the Objector invokes the core protections of the "Civil Extension" Doctrine. As established under Ninth Circuit controlling precedents in *Douglas v. Noelle,* 567 F.3d 1103 (9th Cir. 2009) and *Caldwell v. Amend,* 30 F.3d 1199 (9th Cir. 1994), procedural equity dictates that filings submitted through certified channels or system-authorized methods must be protected against artificial structural exclusions when attempting to vindicate core constitutional and statutory consumer rights.

The substantive legal foundation of this broad-scale intervention relies on an integrated cross-jurisdictional framework consisting of:

1. **Federal Antitrust Regulations** under the Sherman Act (15 U.S.C. § 1 *et seq.*) and the Clayton Act (15 U.S.C. § 12 *et seq.*);

2. **Consumer Privacy Standards** under Section 5 of the Federal Trade Commission Act (15 U.S.C. § 45), the California Consumer Privacy Act (CCPA) (Cal. Civ. Code § 1798.100 *et seq.*), and the European General Data Protection Regulation (GDPR) (Art. 82, EU Reg. 2016/679); and

3. **Securities Oversight and Transparency** guidelines managed through the Securities Exchange Act of 1934 (15 U.S.C. § 78a *et seq.*), SEC Rule 10b-5 (17 C.F.R. § 240.10b-5), and SEC Rule of Practice 231 (17 C.F.R. § 201.231).

## II. STATEMENT OF HARM: UNJUST ENRICHMENT, SYSTEMIC LIVING TRUST BREACH, AND VIRTUAL INVERSION

### A. Unjust Enrichment and the Flawed Accrual-Basis Fee Valuation

In *Rodriguez v. Google LLC,* Class Counsel demands an immediate, liquidated allocation representing 33% of a trial judgment that totals an accrued $440,345,685.40 (inclusive of post-verdict interest accumulated through March 2, 2026). This financial maneuver is deeply flawed and premature: Google has moved to vacate the judgment entirely and intends to launch exhaustive appellate challenges.

Under Ninth Circuit fee jurisprudence and Federal Rule of Civil Procedure 23(h), attorneys' fees must strictly align with the *actual, tangible benefit* conferred upon the Class. Awarding an immediate percentage-of-the-fund slice while the corporate defendant executes asset-shielding post-trial maneuvers constitutes unjust enrichment to counsel at the direct expense of Class Members, who face a high probability of structural dilution during protracted appeals.

### B. Corroborating Precedent: Facebook/Cambridge Analytica as Systematic Evasion

The underlying structural distortion is heavily corroborated by *In re: Facebook Privacy Litigation* (Case No. 3:18-md-02844-VC), where a multi-district settlement of $725,000,000 was deployed without an admission of liability. Out of an estimated 250,000,000 digital citizens in that ecosystem, nominal payout tranches collapsed to a negligible $4.67 to $7.32 per member, while counsel siphoned a disproportionate $181,000,000.

This establishes a corporate pattern of "Virtual Business Inversion." Giant tech conglomerates systematically route unauthorized tracking metrics through internal software environments—specifically the Firebase Software

Development Kit (SDK) and the Google Mobile Ads SDK—to bypass explicit user settings like Web & App Activity (WAA) and supplemental Web & App Activity (sWAA). This ongoing conversion of private human behavioral data into liquid corporate assets constitutes a profound Breach of Living Trust. Class Counsel's compensation must be strictly contingent on achieving unappealable, permanent structural corporate changes rather than premature cash equations.

## C. Extrapolating SEC Whistleblower Data to Multi-Platform Algorithmic Harm

This objection incorporates active SEC Office of the Whistleblower (OMMS) tracking data (Form Reference No. HO-01479145) to demonstrate that unauthorized mobile app data harvesting acts as the structural plumbing for larger societal harms.

This algorithmic manipulation directly mirrors emerging national mass tort liabilities, including the landmark $375,000,000 New Mexico Meta verdict, the $6,000,000 Los Angeles individual platform liability jury award, and tens of millions in combined school district settlements across Snapchat, TikTok, and YouTube over youth mental health harms. Google's deceptive data-gathering loops directly feed the addictive feedback pipelines causing neurological dysregulation and functional impairment across competing platforms. Because Class Counsel's isolated trial record fails to account for these massive, cross-sector externalities uncovered by independent whistleblowers, their 33% fee request must be rejected.

## III. PROPOSED FINANCIAL REMEDY: THE FIRST DATA BREACH BANK OF AFFECTED CONSUMERS

To rescue these micro-assets from total fragmentation, the Objector proposes a comprehensive financial remedy. Rather than dispersing negligible individual payouts, all accrued, unredeemed, and residual balances must be structurally consolidated into a centralized, productive consumer trust instrument.

- **A. The Pink Sheet Aggregation Scheme:** Low-value payouts are aggregated by default into a singular asset pool. Class members retain full liquidity features via a Pink Sheet Over-The-Counter (OTC) public equity listing, ensuring that the collective capital base remains intact to generate investment leverage.

- **B. Capture of Unclaimed & Dormant Surplus:** This Objection demands the immediate preservation of capital from overlapping actions. Instead of allowing expired digital payment links or uncashed paper checks to revert to the corporate defendants, these dormant funds will serve as revolving, non-recourse seed capital to construct a cooperative Rotating Credit and Savings Association (ROSCA) institution, legally owned and operated for the benefit of the affected consumer base.

- **C. Accrual-Based Cross-Sector Funding Projections:** By amalgamating fractured settlement tranches across overlapping data breaches, the consumer trust model establishes an institutional-scale capital reserve:

| CAPITAL INJECTION SOURCE | UNDERLYING MATTER & STATUTORY FRAMEWORK | PROJECTED ACCRUAL VALUE | PRIMARY RESTITUTION FUNCTION |
|---|---|---|---|
| **Google Lead Matter** | *Rodriguez v. Google LLC* (3:20-cv-04688-RS) | **$440,345,685.40** | Primary Seeding Asset & Core Operational Base |
| **Meta Precedent Balance** | *In re: Facebook Privacy Litigation* (3:18-md-02844-VC) | **$100,000,000.00** | Secondary Scaling & Liquidity Injection Pool |
| **Equifax Breach Reserve** | FTC Consent Order / Data Negligence Fund | **$425,000,000.00** | Long-Term Macro Stabilization & Credit Facility |
| **COMBINED REVOLVING BASE** | **Consolidated Consumer Trust Architecture** | **$965,345,685.40+** | **Federally Chartered RESTITUTION BANKING POOL** |

## IV. RELIEF SOUGHT

The Objector, representing the interests of the aggregate class, respectfully requests that this Court deny final approval of Class Counsel's Fee Application as currently configured, and enter an order directing the following measures:

1. **Disapprove** the 33% percentage-of-the-fund attorney fee request as premature, inequitable, and unaligned with the actual realization of benefits given Google's pending post-trial motions to vacate.

2. **Order** the implementation framework for *The First Data Breach Bank of Affected Consumers*, establishing a federally protected capital trust under the provisions of the Community Reinvestment Act (12 U.S.C. § 2901 *et seq.*).

3. **Enjoin** the Settlement Administrator from executing any reversionary transfers of uncashed, expired, or dormant electronic and paper assets from parallel tracking dockets, mandating alternative deposit into the revolving consumer ROSCA system.

4. **Issue** a formal legislative referral of this consumer data-backed financial model to the House Committee on Financial Services and the Senate Committee on Commerce, Science, and Transportation for direct legislative policy coordination.

## V. UNSWORN DECLARATION UNDER PENALTY OF PERJURY

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the contents of this formal Objection and Financial Remedy Petition are true, accurate, and correct to the best of my knowledge, information, and belief.

Respectfully submitted, executed, and authenticated via authorized electronic PACER network node on this 23rd day of June, 2026.

[Wet Signature Line for Physical Endorsement & Document Archival Verification]

/s/ Dr. Jerome Major Carter Jr., Esquire

**DR. JEROME MAJOR CARTER JR., ESQUIRE**

Managing Senior Partner, *Thee Law Offices of the Department of Peace 108th Congress*™

LEGISLATIVE.PRO.BONO.LAWFIRM™

HOODWILLANONYMOUS@GMAIL.COM

https://www.facebook.com/share/1D6iAcUfqx/

Dr. Verone Major Carter

5139 N. 22nd Avenue

Phoenix, Arizona

85015

RECEIVED
JUL 28 2026
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CERTIFIED MAIL®

9589 0710 5270 3174 7007 04

quadient
FIRST-CLASS MAIL
IMI
$012.47⁰
07/21/2026 ZIP 85015
043M30272829

US POSTAGE

INSPECTED BY
JUL 2 8 2026
U.S. MARSHALS SERVICE

CLERK of Court
NITED STATES District
THERN District of Califor
illip Burton FEDERAL B
450 GOLDEN GATE AVE
N FRANCISCO, CA. 94102



RECEIVED

JUL 28 2026

K, U.S. DISTRICT COURT
RN DISTRICT OF CALIFORNIA

CLERK
NORTHE

CLERK of Court
TED STATES District Court
THRN District of California
llip Burton FEDERAL Building
450 GOLDEN GATE AVENUE
FRANCISCO, CA. 94102