**FILED**

**JUL 29 2026**

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**ANIBAL RODRIGUEZ, et al,**
**Plaintiff(s)**

CASE NO. 3:20-CV-04688-RS

vs.

**GOOGLE, LLC**
**Defendant.**

_____/

## OBJECTOR'S OBJECTION TO CLASS COUNSEL'S APPLICATION FOR ATTORNEY'S FEES AND REQUEST FOR COURT REVIEW OF UNDISCLOSED CONTRIBUTIONS

I, JACQUELINE SIMPSON, respectfully submit this objection to Class Counsel's application for attorneys' fees and costs in the above-captioned matter.

I object because I have evidence that I provided substantial factual information, technical analysis, and legal research concerning Google's data and privacy practices to counsel associated with this litigation, before I was aware that this action existed or that the attorneys I contacted were counsel of record in it. I respectfully request that the Court consider this information before awarding attorneys' fees.

### I. Background

I am an attorney with an information technology background, holding an Associate's degree in Computer Information Systems Analysis (1996) and approximately thirty years of technical experience in the field.

I started my YouTube channel, later known as Libra Love Jones Tarot, in September 2019, during the COVID-19 pandemic, as a way to connect with and assist others. I did not start the channel to research or report on YouTube's practices. Approximately two years later, I began noticing issues with the platform that led me to document what I believed to be data leaks. I documented much of this research contemporaneously on my YouTube community page. Representative examples are attached as **Exhibit E.**

My channels, including Libra Love Jones Tarot, have been faceless channels since their inception. My intent from the outset was to remain anonymous, and I did not publicly connect my legal identity to the channel or to my research and documentation. Given the gravity of what I believed I had discovered, I was also concerned for my personal privacy and safety. I raise this because it explains why the connection between my documented concerns and this litigation was not publicly apparent, and why I could not readily verify independently whether my information had been used elsewhere.

The channel, LLJT, is monetized. After I largely stopped posting tarot readings, I continued to post occasionally to keep the channel active, because I was concerned that if it were deleted or became inactive, the documentation I had compiled on it would be lost.

I did not have the financial resources or the full range of legal and technical resources necessary to pursue an action of this scope on my own. That limitation is why I sought assistance from established counsel rather than attempting to litigate these concerns independently.

## II. Procedural Background

Public court records reflect that related Google privacy litigation, including Brown v. Google, addressed significant issues regarding the availability of monetary relief. Public filings further reflect that attorneys from Morgan & Morgan and Boies Schiller Flexner LLP participated in both Brown and in this action. I include this procedural history because it provides context for the timing of my communications with counsel, described below. I do not ask the Court to draw any particular inference from this history beyond considering it alongside the evidence submitted with this objection.

## III. Timeline of My Communications

In approximately July 2023, I contacted Morgan & Morgan ("M&M") through Instagram, and continued communicating with the firm through approximately mid-2025 while seeking legal representation regarding the concerns described above. During that period, I submitted multiple intake forms through M&M's website, communicated through Instagram Direct Messages, and ultimately spoke with an intake representative by telephone on September 3, 2025. I do not currently possess copies of all intake materials, but I believe those records remain in M&M's

possession. My Instagram communications are attached as **Exhibit B**, and my telephone record is attached as **Exhibit C**.

I found it difficult to have these concerns taken seriously. I raised them within the online spiritual and tarot creator community in which my channel operated, and I sought professional legal assistance, because I believed the issue required resources and expertise beyond what I could provide alone. I was seeking representation because I believed I had developed significant factual information, technical analysis, and legal research regarding Google's conduct and required experienced counsel willing to evaluate my claims. During my September 3, 2025 telephone consultation, the intake representative asked what I believed my case was worth. I responded that it was difficult to determine, but given everything I had experienced I could not accept less than $10 million. When the representative began expressing an opinion concerning the value of my case, I explained that I specifically wished to speak with an attorney experienced in information technology because I believed the issues required specialized technical understanding. To my knowledge, I never received written notice declining representation. I have also retained a log of email communications from M&M (**Exhibit K**) and text messages received from M&M (**Exhibit L**).

On December 12, 2024, after receiving notice regarding Google's Web & App Activity Litigation, I immediately emailed attorney James Lee of Boies Schiller Flexner LLP with the subject line **"Whistleblower! I Need Help!"** A true and correct copy of that email is attached as **Exhibit D**. At the time, I contacted Mr. Lee because I believed his technical background would allow him to better understand the complexity of my concerns and because his office was located closer to me than other attorneys identified in the notice. I did not know that Mr. Lee or Boies Schiller Flexner LLP were counsel of record in Rodriguez v. Google LLC, nor did I know that Morgan & Morgan also served as class counsel in this litigation. I was seeking representation for my own potential claims, not attempting to contribute to an existing class action. I never received any response to this email.

On May 23, 2026, approximately two months before this filing, I received the Class Action Notice regarding the fee application (**Exhibit N**) and began conducting research. I discovered that Morgan & Morgan and Boies Schiller Flexner LLP were both counsel of record in this litigation. During that same research, I also discovered the connection between this litigation and

Brown v. Google, described in Section II above. After learning of these connections, I became concerned that information and analysis I had developed over several years, and provided while seeking legal assistance, may have been used in connection with this litigation without my knowledge, authorization, or compensation.

## IV. Preservation of Evidence

Rather than discard my documentation, I intentionally preserved it. Maintaining contemporaneous posts on my YouTube Community Page created a chronological digital record of my research and observations over several years. I also retained emails, screenshots, communications, electronic devices, and other materials where available. My purpose in preserving these materials was to document events as they occurred while continuing to seek legal assistance and to preserve evidence supporting my own potential claims. Representative Community Page posts are attached collectively as **Exhibit E.**

In addition to my own documentation, I reported my concerns regarding gangstalking, harassment and a possible data breach or unauthorized disclosure of information directly to YouTube and separately to the Federal Bureau of Investigation (copy to YouTube). Records reflecting those reports are attached as **Exhibit I.** I raise this to show that I treated this matter with seriousness contemporaneously, through formal channels, and not only through my own research and public posts.

## V. Context of My Research

My YouTube channel, Libra Love Jones Tarot, operates within the online tarot and spiritual creator community. I include this context solely to explain the setting in which my documentation arose, and why concerns I raised within that community were not widely taken seriously at the time. industry materials reflecting that this is a substantial online creator sector utilizing platforms such as YouTube, Instagram, Facebook and TikTok. **Exhibit M.** I do not ask the Court to evaluate the content of my channel generally; I offer this information only to explain the origin and contemporaneous nature of the exhibits submitted with this objection. I respectfully note for the Court that some of the language and tone reflected in Exhibit E is more direct than in my earlier posts. Prior to feeling attacked and disregarded, I did not use offensive language in posts and was simply creating content; the shift reflects my response to that

experience of defending myself, not a representation of who I am as a person or the general character of my channel. My videos represent my personality and creative talent.

## VI. Evidence Supporting This Objection

I have evidence supporting the timeline above, including:

1. Instagram communications with Morgan & Morgan from approximately July 2023 (Exhibit B);

2. A telephone record documenting a call with Morgan & Morgan (Exhibit C);

3. My December 2024 email to James Lee of Boies Schiller Flexner LLP (Exhibit D);

4. Public YouTube community posts dating from approximately 2021 documenting my research (Exhibit E);

5. Emails I sent to Morgan & Morgan and Mr. Lee after discovering their connection to this litigation, raising my concerns directly with them (Exhibit G);

6. Records reflecting my contemporaneous report of a suspected data breach or leak to YouTube and to the Federal Bureau of Investigation (Exhibit I);

7. A log of incoming email communications from M&M dating from July 2025 to the present (Exhibit K);

8. Two text messages I received from M&M in May 2026 (Exhibit L).

I respectfully request that the Court consider these materials because they bear on whether the requested attorneys' fees accurately reflect the work performed by counsel, and whether all contributors to the development of this litigation have been properly accounted for.

## VII. Concerns Regarding Use of My Information

I understand that attorneys may lawfully investigate claims and receive information from potential witnesses, class members, and members of the public. My concern is narrower: I contacted these firms seeking representation for my own claims, and I provided information without knowing that (1) litigation concerning these issues already existed; (2) the attorneys I

OBJECTOR'S OBJECTION TO CLASS COUNSEL'S APPLICATION FOR ATTORNEY'S FEES AND REQUEST FOR COURT REVIEW OF UNDISCLOSED CONTRIBUTIONS

5 of 8

contacted represented the class in that litigation; (3) my information could be used to advance an existing case; or (4) I would not be recognized or compensated for any material contribution. I therefore did not knowingly provide my research, technical analysis, legal research, or work product for use in an existing class action.

## VIII. Subsequent Events

After discovering that Morgan & Morgan and Boies Schiller Flexner LLP were both counsel of record in this litigation, I emailed Morgan & Morgan on May 29, 2026 raising my concerns (**Exhibit G**). On June 5, 2026, I also telephoned Mr. Lee's office and explained my concerns to his assistant after learning he was unavailable. A record of that call is attached as **Exhibit J**.

Prior to the discovery, I would notice advertisements from Morgan & Morgan appearing within the tarot/spirituality community while I used the platform and after some time found it suspicious because I had never really noticed personal injury advertisements in this niche/community in prior years. However, after I contacted M&M and Mr. Lee about my concerns, I observed a noticeable increase in advertisements from Morgan & Morgan appearing while I used YouTube (**Exhibit H**) so much so I found it disturbing. I cannot independently establish the source, targeting criteria, or intent behind those advertisements without formal discovery, and I do not ask the Court to find that they were directed at me. I include this observation only because I believe records concerning ad placement and targeting are held by third parties or the parties to this action and may be obtainable through discovery if the Court deems it appropriate.

During this same period, I have also experienced significant harm, including harassment and stalking, damage to my reputation, humiliation, disclosure of sensitive personal data belonging to me and to members of my family, compromise of medical records that I believe were exposed online, and interference with my U.S. mail beginning in 2023. I do not know with certainty who is responsible for each of these events, but I have experienced them. I found it difficult to have these concerns taken seriously when seeking help, and I investigated and reported said incidents to the relevant institutions, agencies, federal and local law enforcement.

## IX. Requested Relief

I respectfully request that the Court:

1. Consider this objection before ruling on Class Counsel's application for attorneys' fees;

2. Consider the accompanying declaration and exhibits submitted in support of this objection;

3. Require further explanation or inquiry regarding whether information I provided contributed to counsel's litigation efforts; and

4. Decline to approve the requested fee award until the Court has evaluated whether all material contributors to this litigation have been properly identified.

I am not asking the Court to resolve every issue raised in this objection at this stage. I am asking that the Court not approve a substantial fee award without considering evidence of a potential undisclosed contribution to the development of this litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 25th day of July, 2026.

Jacqueline Simpson
4781 N. Congress Avenue, #2341
Boynton Beach,Florida 33426
Telephone: 561-899-8184
Email: themacsimfirm@gmail.com