FILED
Aug 18 2026
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANIBAL RODRIGUEZ et al.

Plaintiff(s),

v.

GOOGLE LLC,

Defendant.

Case No. 3:20-cv-04688-RS

**ABSENT CLASS MEMBER MICHAEL MAYES'S DECLARATION ISO HIS CORRECTD AND SUPERSEDING REQUEST TO APPEAR REMOTELY**

I, Michael L. Mayes, declare as follows:

1. I am an absent class member and the movant on the pending Rule 60(b)(1) and Rule 6(b)(1)(B) motions discussed below. I have personal knowledge of the matters stated in this declaration and could testify competently to them.
2. In June 2026, I submitted a Rule 60(b)(1) motion and a related Rule 6(b)(1)(B) motion seeking individualized relief. The filings were entered on the docket under ECF No. 880 and its attachments.
3. My Rule 60(b)(1) motion seeks individualized relief from the Final Judgment, ECF No. 725, and related proceedings to the extent they bind me to the certified Classes and foreclose my ability to request exclusion.
4. My Rule 6(b)(1)(B) motion seeks enlargement of the expired opt-out deadline as to me only and permission to submit my late request for exclusion. I submitted that motion with the Rule 60(b)(1) motion and requested that the Court consider the motions together.

5. The docket entry for ECF No. 880 describes my filing as "MOTION 60(b)(1)(B) re 739 MOTION for Attorney Fees Costs, and Service Awards." ECF No. 739 is Class Counsel's request for attorney fees, costs, and service awards.

6. I did not file my Rule 60(b)(1) or Rule 6(b)(1)(B) motions as objections to ECF No. 739. Neither motion asks the Court to deny, reduce, or otherwise rule on Class Counsel's request for attorney fees, costs, or service awards. My motions concern the effect of the Final Judgment on me and my request for permission to opt out after expiration of the Court-established deadline.

7. My Rule 60(b)(1) motion expressly identified August 6, 2026, at 1:30 p.m., as the requested hearing date. It also asked the Court to consider my Rule 6(b)(1)(B) motion together with it. Although the docket entry established response and reply deadlines, I did not see the August 6 hearing date reflected on the docket. August 6 has now passed.

8. I previously mailed a Request to Appear Remotely that mistakenly identified August 13, 2026, as the hearing date. That was my error. The factual circumstances supporting remote appearance stated in that request were specific to August 13 and are no longer applicable. I submit this corrected request to supersede the prior request in its entirety.

9. The previously mailed request was delivered to the Court on August 1, 2026, at approximately 11:50 a.m. It had not appeared on the docket when I communicated with the Courtroom Deputy concerning the matter.

10. Because the August 6 date stated in my Rule 60(b)(1) motion passed without a hearing being reflected on the docket, I presently do not know whether the Court intends to decide my motions on the papers, consider them in connection with

proceedings presently scheduled for August 27, 2026, or set the motions for oral argument on another date.

11. I reside in Roseburg, Oregon.

12. Driving from Roseburg, Oregon, to San Francisco, California, takes approximately seven hours each way under ordinary conditions.

13. Appearing personally in San Francisco would require me to take time away from work, incur the cost of fuel for the round trip, and likely incur the additional expense of overnight lodging. Those expenses and burdens could be avoided if I am permitted to appear remotely.

14. I can participate fully by Zoom from a quiet location with a reliable internet connection, camera, and microphone, and I will comply with all instructions governing remote participation.

15. Google did not file a response to either of my pending motions. Because Google filed no response, there was no Google opposition for me to address in a reply.

16. Plaintiffs filed a response stating, among other things, that the time to opt out had expired. Plaintiffs otherwise left the requested relief to the Court's discretion. Their response did not substantively address my request under Rule 60(b)(1) for individualized relief from the judgment.

17. I am willing for the Court to decide both motions entirely on the existing written submissions without oral argument.

18. I am not requesting a continuance or otherwise asking the Court to delay any scheduled proceeding.

19. If the Court determines that oral argument on my motions would assist it, I request permission to participate in that argument remotely by Zoom. If the Court intends to

hold oral argument on a date other than August 27, I request that the Court identify or set that date so that I can appear remotely at the time designated by the Court.

20. On June 23, 2026, before filing my Rule 6(b)(1)(B) motion, I contacted Class Counsel and Google's counsel by email and asked whether they would stipulate to the requested relief, oppose it, or take no position. I received only an automatic response from one attorney and no substantive response from counsel before filing.

21. On July 29, 2026, I again contacted counsel concerning my request to appear remotely and asked whether they would stipulate to, or otherwise not oppose, remote participation. I did not receive a substantive response before mailing that request.

22. My efforts to obtain counsel's position through conferral concerning these matters have not resulted in a stipulation. I therefore have been unable to obtain a stipulated request for remote appearance.

23. This request concerns only my participation, if oral argument is held, on my Rule 60(b)(1) and Rule 6(b)(1)(B) motions. I am not seeking permission through this request to present an objection to Class Counsel's attorney-fee application.

24. I therefore respectfully request that the Court either decide my pending motions on the papers or, if it determines that oral argument should be held, permit me to participate remotely by Zoom on the date the Court designates.

---

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 17th day of August 2026.

*s/ Michael L. Mayes*
Michael L. Mayes
620 W. Fairhaven St., #9
Roseburg, OR 97471
michaelmayesjr@yahoo.com
(541) 821-1138

## CERTIFICATE OF SERVICE

I certify that on August 18th, 2026, from Roseburg, Oregon, I served true and correct copies of the following documents by U.S. certified mail on the counsel identified below at their respective mailing addresses: Absent Class Member Michael L. Mayes's Corrected and Superseding Request to Appear Remotely; Absent Class Member Michael L. Mayes's Declaration ISO His Corrected and Superseding Request to Appear Remotely; and [Proposed] Order Granting Absent Class Member Michael L. Mayes's Corrected and Superseding Request to Appear Remotely.

David Boies
Alexander Boies
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
dboies@bsfllp.com
aboies@bsfllp.com

*Attorneys for Plaintiffs/Class Counsel*

David H. Kramer
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304-1050
dkramer@wsgr.com

*Attorneys for Google LLC*

Michael A. Attanasio
Benedict Y. Hur
Simona Sagnolucci
Eduardo E. Santacana
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
mattanasio@cooley.com
bhur@cooley.com
sagnolucci@cooley.com
esantacana@cooley.com

*Attorneys for Google LLC*

Dated this 18th day of August 2026.

s/ Michael L. Mayes
Michael L. Mayes