# Exhibit 6

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIBAL RODRIGUEZ, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-cv-04688-RS<br><br>Hon. Richard Seeborg<br><br>Hearing: August 13, 2026, 1:30 p.m., Courtroom 3 |

**OBJECTION OF CLASS MEMBER KATHERINE ELKINS TO CLASS COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS (DKT. 739)**

**I. Identification of Objecting Class Member**

I, [redacted] am a member of the certified Classes in the above-captioned action. I submit this Objection to Class Counsel's Motion for an Award of Attorneys' Fees, Costs, and Service Awards (Dkt. 739) pursuant to the procedures set forth in the Court-Ordered Notice of Class Action dated May 27, 2026.

My contact information is as follows:

[redacted]

I have not retained counsel for purposes of this Objection. No attorney has been hired or compensated, in any form or for any reason, in connection with the preparation or filing of this Objection. I appear pro se.

I file this Objection in writing only and do not request to appear at the fairness hearing.

**II. Summary of Objections**

I object to five components of Class Counsel's Fee Application. First, the requested 33% attorneys' fee is not supported by the California authority Class Counsel relies upon at the scale presented here. The cited cases involve common funds and settlements far smaller than this $440 million-plus judgment, and neither California law nor Ninth Circuit law treats a one-third percentage as presumptively reasonable in a megafund case.

Second, the lodestar cross-check should not be accepted at face value. Class Counsel's disclosed lodestar of $56,768,654 and 49,670 hours imply a blended hourly rate of approximately $1,143.

The requested fee of $146,781,895.13 divided by those hours yields effective compensation of approximately $2,955 per attorney-hour. That result warrants close scrutiny under the proportionality principles articulated by the Ninth Circuit in Lowery v. Rhapsody International, Inc., 75 F.4th 985 (9th Cir. 2023).

Third, the fee should be measured against the actual relief obtained for the class: a damages judgment, no punitive damages, no disgorgement, and no injunction. The class is enormous, reportedly approximately 98 million users and 174 million devices, making the realistically anticipated per-user or per-device recovery only a few dollars after fees, costs, and service awards.

Fourth, the requested fee should not automatically compound with post-judgment interest. Post-judgment interest compensates the class for delay in receiving the judgment; applying the same percentage to interest accruing during post-trial and appellate proceedings should require separate equitable analysis.

Fifth, the cost reimbursement request includes approximately $800,000 in anticipated, not-yet-incurred costs. Reimbursement should ordinarily follow proof of costs actually incurred, not precede it.

### III. Class Counsel's California Authorities Do Not Support a 33% Fee at Megafund Scale

Class Counsel argues that California law governs the fee analysis because the prevailing claims, intrusion upon seclusion and invasion of privacy, arise under California law, and that California courts routinely approve attorneys' fees of one-third of the common fund. Proposed Order at 2 (citing Laffitte v. Robert Half International Inc., 1 Cal. 5th 480 (2016); Beaver v. Tarsadia Hotels, 2017 WL 4310707 (S.D. Cal. Sept. 28, 2017); Chavez v. Netflix, Inc., 162 Cal. App. 4th 43 (2008); Oliveira v. Language Line Services, Inc., 767 F. Supp. 3d 984 (N.D. Cal. 2025)). The argument fails on its own terms.

Laffitte involved a $19 million wage-and-hour settlement, approximately one twenty-third the size of the present judgment plus interest. 1 Cal. 5th at 485. The California Supreme Court affirmed a one-third award in that context. It did not adopt a one-third benchmark for all California common-fund cases, and it did not address, much less endorse, a one-third award on a $440 million-plus judgment.

The same is true of Class Counsel's other cited authorities. Chavez did not approve a one-third fee on a cash judgment remotely comparable to this one. Beaver and Oliveira are district-court settlement-fee cases, not binding California Supreme Court authority and not megafund verdict cases. None supports the proposition that a one-third fee is reasonable at this scale.

California law does not contain a blanket rule that one-third is always reasonable. To the contrary, Laffitte emphasized that the trial court must scrutinize the requested percentage for reasonableness, considering the size of the fund, the risks and complexity of the litigation, the skill shown by counsel, the contingent nature of the fee, and awards in similar cases. Id. at 504-06. Lealao v. Beneficial California, Inc., 82 Cal. App. 4th 19 (2000), the foundational California Court of Appeal decision on the percentage method, framed the inquiry as an approximation of what the market would pay for comparable litigation services rendered pursuant to a fee agreement. At megafund scale, a sophisticated market negotiation would not ordinarily yield one-third of the recovery.

The Ninth Circuit's opinion in In re Optical Disk Drive Products Antitrust Litigation, 959 F.3d 922 (9th Cir. 2020), a case decided on appeal from this Court, confirms that megafund size matters and that smaller-case benchmarks are of limited assistance in very large common-fund cases. Optical Disk Drive does not impose a mandatory sliding scale, but it does emphasize the district court's fiduciary duty to scrutinize fee requests and recognizes that percentages tend to decline as fund size increases. Id. at 932-34.

The same megafund logic applies whether the controlling fee framework is federal or state. A one-third fee on $19 million produces approximately $6.3 million; a one-third fee on $440,345,685.40 produces approximately $146.8 million. The work required to obtain a megafund recovery is not mechanically proportional to the size of the fund. Applying the smaller-case one-third percentage at megafund scale therefore risks producing the result that California law's reasonableness mandate is designed to prevent.

## IV. The Disclosed Lodestar, Multiplier, and Effective Hourly Rate Warrant Close Scrutiny Under Lowery

Class Counsel has disclosed the following: a lodestar of $56,768,654, total hours of 49,670, and a requested fee of $146,781,895.13, representing a 2.59 multiplier. Proposed Order at 3. The implied blended hourly rate is approximately $1,143 per hour. The requested fee divided by the disclosed hours yields effective compensation of approximately $2,955 per attorney-hour.

The Ninth Circuit in Lowery v. Rhapsody International, Inc., 75 F.4th 985 (9th Cir. 2023), held that a Rule 23 fee award must be reasonably proportional to the benefit actually received, or realistically anticipated to be received, by the class, not to a hypothetical maximum recovery. Id. at 994. The Eighth Circuit recently reached a similar conclusion in In re T-Mobile Customer Data Security Breach Litigation, 111 F.4th 849 (8th Cir. 2024), reversing a 22.5% fee award from a $350 million data-breach settlement where the implied multiplier and effective hourly rate were unreasonable. T-Mobile is not controlling, but it is persuasive authority confirming that courts should scrutinize large fee requests that generate very high effective hourly compensation.

Here, the requested multiplier is lower than the multiplier rejected in T-Mobile, but it is applied to an already premium blended rate of approximately $1,143 per hour. The resulting effective rate of approximately $2,955 per attorney-hour warrants careful review, particularly where the class recovery per user or device is likely to be only a few dollars.

Under Lowery, the Court must look to the actual or realistically anticipated benefit to the class. The certified privacy and intrusion Classes include non-Enterprise, non-Unicorn Google users with mobile devices over an eight-year period. Public reporting describes the class as approximately 98 million users and 174 million devices. Even assuming full collection of the judgment, the net recovery to the class after deduction of the requested fees, costs, and service awards would be approximately $281 million before administration and distribution expenses. Distributed across a class of this size, the per-user or per-device recovery is modest. The Court should examine the disproportion between that per-member benefit and Class Counsel's effective hourly compensation.

In addition, to the extent Class Counsel's lodestar is used as a cross-check supporting a multiplier, the Court should require enough information to evaluate whether the claimed hours and rates reflect work reasonably performed by attorneys at the rates claimed. This includes sufficient disclosure regarding staffing, contract-attorney work, document-review methods,

technology-assisted review, and other efficiency tools that may bear on whether the lodestar and multiplier are reasonable. This request is not an accusation of improper conduct; it is a request for the information necessary to make the lodestar cross-check meaningful.

### V. The Reasonableness Inquiry Should Reflect the Actual Relief Obtained

Class Counsel argues that an elevated percentage is justified by the substantial risk and expense assumed in litigating this complex case for over five years and trying the case to verdict. Proposed Order at 3. Risk and effort are relevant, but the reasonableness inquiry under Laffitte and Vizcaino also asks whether the result obtained justifies the requested fee. See Laffitte, 1 Cal. 5th at 504-06; Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1048-49 (9th Cir. 2002).

The result obtained is meaningful. A jury awarded damages on the privacy and intrusion claims after trial, and the Court entered judgment. But the fee should still be measured against the actual relief obtained for the class: a damages judgment, no punitive damages, no disgorgement, and no injunction. The Court denied additional equitable relief, and the judgment remains subject to Google's post-trial motions and possible appeal.

A 33% megafund award should not be justified by treating the result as if it captured every form of relief sought or every possible consequence of the alleged conduct. Where the percentage method functions as an approximation of what an informed market would pay ex ante for legal services that produced a particular result, see Lealao, 82 Cal. App. 4th 19, the scope of the actual result matters. The damages judgment is substantial in the aggregate, but the per-member benefit is modest and the relief does not include punitive, disgorgement, or injunctive components. That supports a downward adjustment from the requested one-third fee.

### VI. Any Fee on Post-Judgment Interest Should Receive Separate Equitable Analysis

The Proposed Order provides that the fee award will continue to grow with the accrual of post-judgment interest. Proposed Order at 3 n.1. The practical effect is that Class Counsel would receive 33% of all post-judgment interest accruing between the date of judgment and the date of payment, a period that may extend through post-trial motions and appeal.

Post-judgment interest exists to compensate the prevailing party for the time value of money during the period of delayed payment. In a class case, that interest belongs to the class as compensation for delay in receiving the judgment. Class Counsel may of course perform additional work in defending the judgment post-trial and on appeal, but that work can be evaluated separately if and when additional fees are sought. Automatically applying the same 33% percentage to interest that accrues solely because payment is delayed risks transferring part of the class's delay compensation to counsel without separate analysis.

I respectfully request that any percentage fee be calculated on the principal judgment amount as of final judgment, or, at minimum, that the Court separately analyze whether the same percentage should apply to post-judgment interest accruing during post-trial and appellate delay.

### VII. The $800,000 in Anticipated, Not-Yet-Incurred Costs Should Be Excluded or Subject to a Specific Accounting Requirement

Class Counsel's $12,422,374.42 cost request includes approximately $800,000 in costs that have not yet been incurred but that Class Counsel anticipates incurring in the future, including costs

associated with notice of the Fee Application. Proposed Order at 4 (citing Lee Decl. at 21-22 & n.1). The Proposed Order provides for a clawback if actual future costs are lower.

The customary structure of cost reimbursement is the reverse: counsel submits proof of costs actually incurred, and the court reimburses those costs from the common fund. Awarding prospective costs first and providing for a clawback later places the burden of correction on the class rather than on counsel.

I respectfully request that the Court either (a) defer the $800,000 portion of the cost award pending submission of proof of actual costs incurred, or (b) condition that portion of the award on a specific, time-bound accounting requirement enforceable by the Notice Administrator and subject to Court review.

### VIII. Conclusion and Requested Relief

For the foregoing reasons, I respectfully request that the Court:

1. Reduce the attorneys' fee award below 33%, consistent with the megafund nature of the recovery and the principles articulated in Laffitte, Lealao, Optical Disk Drive, and Lowery;
2. Calculate any percentage fee on the principal judgment amount, or separately analyze whether the same percentage should apply to post-judgment interest accruing during post-trial and appellate delay;
3. Require sufficient disclosure regarding staffing, contract-attorney work, document-review methods, technology-assisted review, and other efficiency tools to make the lodestar cross-check meaningful before approving any multiplier;
4. Exclude the approximately $800,000 in anticipated, not-yet-incurred costs from the cost award, or condition that portion of the award on a specific accounting requirement; and
5. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: ________________, 2026

______________________________

[redacted]

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, I caused a true and correct copy of the foregoing Objection to be served upon Class Counsel and the Notice Administrator at the addresses set forth in the Court-Ordered Notice of Class Action, via United States Mail, postage prepaid:

Mark C. Mao / Beko Reblitz-Richardson
Boies Schiller Flexner LLP

44 Montgomery St., 41st Floor
San Francisco, CA 94104

Rodriguez v. Google Notice Administrator
PO Box 2749
Portland, OR 97208-2749

[redacted]

[redacted]

Retail

UNITED STATES POSTAL SERVICE®

RDC 99

97208

[redacted]

RECEIVED
JUN 02 2026
LEGAL SERVICES

NOTICE ADMINISTRATOR
P.O. BOX 2749
PORTLAND, OR ~~[illegible]~~
97208 - 2749

[redacted]