# Exhibit 10

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

[redacted]

*v.* **GOOGLE LLC, Defendant. Case No.** 3:20-CV-4688-RS

## OBJECTION TO CLASS COUNSEL'S FEE AND EXPENSE APPLICATION

I am a Class Member in the above-captioned matter (*Rodriguez v. Google LLC*), as indicated by the notice sent to my email address. I am submitting this written objection *pro se* (representing myself) to contest specific elements of Class Counsel's Fee Application. I have not hired any lawyers to represent me for this objection.

I object to the Fee Application on the following grounds:

### 1. Incorrect Order of Operations for the Fee Calculation

Class Counsel requests attorneys' fees equal to 33% of the gross judgment before deducting litigation expenses. This significantly reduces the net recovery intended for the actual Class Members who suffered the invasion of privacy.

The equitable and standard "net fund" approach should apply here: all court-approved litigation costs and expenses ($12,422,374.42) must be subtracted from the total judgment *first*. Only after those expenses are taken out should Class Counsel's 33% fee be calculated from the remaining balance. Class Counsel should not receive a baseline premium on the millions of dollars spent conducting the litigation itself.

### 2. Lack of Transparency and Cost-Control Oversight Regarding Expert Witnesses

Class Counsel has requested a substantial sum of $12,422,374.42 for expense reimbursement, a massive portion of which historically goes toward expert witness fees in technical tracking cases. The current application fails to provide the Class with adequate documentation regarding the following critical points:

- **Authorization:** Who authorized the specific selection and hiring of each expert, and what internal oversight mechanisms were used to monitor their billable hours?
- **Efficacy and Utility:** How effective were these specific experts in contributing directly to the trial's successful jury verdict on the privacy claims, as opposed to overlapping or redundant work?
- **Cost-Efficiency:** What specific effort, competitive bidding, or market benchmarking was put into finding the best price for each expert?

The Class is entitled to proof that Class Counsel exercised strict fiduciary responsibility and actively minimized expenses rather than simply passing uncompetitive vendor rates directly onto the settlement fund.

## CONCLUSION

For the reasons stated above, I respectfully request that the Court:

1. Deduct all approved litigation expenses from the judgment *prior* to calculating Class Counsel's 33% fee; and
2. Require Class Counsel to submit a detailed, itemized breakdown proving the authorization, necessity, and cost-minimization efforts applied to all expert witness expenses before any reimbursement is granted.

Dated: May 30, 2026

Respectfully submitted,

[redacted]

[redacted]

[redacted]

Notice Administrator

PO Box 2749

Portland, OR 97208-2749

[redacted]