# Exhibit 13

Rodriguez v. Google LLC, Case No. 3:20-cv-04688-RS (N.D. Cal.)
Hon. Richard Seeborg

# OBJECTION TO CLASS COUNSEL'S FEE APPLICATION

## I. Objector Information

I, [redacted] submit this objection to Class Counsel's Fee Application in *Rodriguez v. Google LLC*, Case No. 3:20-cv-04688-RS.

My contact information is:

- **Name:** [redacted]
- **Address:** [redacted]
- **Telephone:** [redacted]
- **Email:** [redacted]

I am a member of the certified Classes. As the Notice states:

> "You are receiving this Notice because Google's records indicate that you may be a Class Member."

I am not represented by counsel for purposes of this objection.

## II. Scope of Objection

I object to:

1. Class Counsel's request for 33% of the judgment, including interest;
2. Class Counsel's request for $12,422,374.42 in costs and expenses; and
3. Any service awards to the extent they rely on the same reasoning used to justify the fee request.

The Notice states:

> "Class Counsel is requesting (1) attorneys' fees equal to 33% of the judgment... (2) $12,422,374.42 to reimburse costs and expenses... and (3) a total of $135,000.00 for service awards..."

As of March 2, 2026, the judgment totals $440,345,685.40, and interest continues to accrue.

A 33% fee would exceed $145 million, before adding more than $12 million in expenses.
This is not reasonable under Ninth Circuit precedent.

## III. Ninth Circuit Legal Standard

The Ninth Circuit uses the percentage-of-the-fund method with a 25% benchmark.
See *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).

Courts must:

- Start from the 25% benchmark;
- Adjust upward or downward based on specific factors;
- Conduct a lodestar cross-check to avoid windfalls;
- Act as a fiduciary for absent class members.
  See *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1302 (9th Cir. 1994).

The Ninth Circuit repeatedly warns that large ("mega-fund") recoveries require downward adjustments. See:

- *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011)
- *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934 (9th Cir. 2015)
- *In re Optical Disk Drive Prods. Antitrust Litig.*, 959 F.3d 922 (9th Cir. 2020)
- *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301 (9th Cir. 1990)

## IV. Why This Case Does *Not* Justify a 33% Fee

### A. This case lacks the extraordinary procedural history that justified higher percentages in *Vizcaino*

In *Vizcaino*, the Ninth Circuit upheld a 28% fee only after emphasizing:

- Plaintiffs lost twice in district court;
- The case was revived twice on appeal;
- Litigation lasted over a decade;
- Counsel faced extraordinary risk of total loss.

None of that is true here.

This case:

- Was filed in 2020;
- Was certified in 2024;
- Went to trial in 2025;
- Reached a verdict in 2025;
- Has not been dismissed, decertified, or reversed;
- Has not involved multiple appeals;
- Has not lasted a decade;
- Has not involved novel legal theories comparable to *Vizcaino*.

The Ninth Circuit has never approved a 33% fee in a case with a procedural history this ordinary.

### B. The class cutoff date confirms the litigation was not unusually long or risky.

The Notice states:

> "The Classes include individuals from July 1, 2016, through September 23, 2024."

This confirms:

- The alleged conduct spans eight years,
- But the litigation itself spans only four years,
- And could not possibly involve the decade-long procedural odyssey seen in *Vizcaino*.

This weighs strongly against any upward adjustment.

**C. The risk profile here was ordinary, not extraordinary**

The Ninth Circuit considers risk of non-payment a key factor.
But here:

- The defendant is Google, one of the most solvent companies in the world;
- The claims (invasion of privacy and intrusion upon seclusion) are well-established torts;
- The jury found liability on two of three claims;
- The case did not involve novel antitrust or securities theories;
- There was no realistic risk of zero recovery.

This is not the kind of case where a high percentage is justified.

**D. The Ninth Circuit requires downward adjustments in mega-fund cases**

This is a mega-fund case: $440 million, plus accruing interest.

The Ninth Circuit has repeatedly held that:

> "As the size of the fund increases, the percentage awarded should decrease." See *Six Mexican Workers*, 904 F.2d at 1311.

Typical mega-fund awards are 15–20%, not 33%.

**E. The disparity between class recovery and counsel's recovery is extreme**

Given the enormous class size, individual class members will likely receive only a few dollars.

Meanwhile, Class Counsel seeks:

- $145+ million in fees,
- $12.4 million in expenses,
- $135,000 in service awards.

The Ninth Circuit warns against situations where:

> "Class counsel are paid disproportionately high fees while the class receives only coupons or non-cash relief." See *Bluetooth*, 654 F.3d at 947.

While this case involves cash, the functional disparity is the same.

## V. Lodestar Cross-Check

The Court should require:

1. Detailed time records;
2. Reasonable hourly rates;
3. A lodestar calculation;
4. A multiplier analysis.

In *Vizcaino*, the Ninth Circuit noted that multipliers of 1.0 to 4.0 are typical. A 33% fee here would almost certainly produce a far higher multiplier, which Ninth Circuit precedent disfavors.

## VI. Costs and Expenses

Class Counsel seeks $12,422,374.42 in expenses.

The Court should require:

- Itemized documentation;
- Exclusion of overhead;
- Elimination of duplicative charges across firms.

Given the size of the fee request, strict scrutiny is warranted.

## VII. Service Awards

I do not oppose reasonable service awards. However, the Court should ensure they are:

- Modest,
- Justified, and
- Not tied to any improper incentive arrangements.

See *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 959–60 (9th Cir. 2009).

## VIII. Requested Relief

For the reasons above, I respectfully request that the Court:

1. *Deny* the request for 33% of the judgment;
2. Apply the 25% benchmark and adjust downward in light of the mega-fund nature of the case;
3. Conduct a lodestar cross-check;
4. Scrutinize the $12,422,374.42 in expenses;
5. Ensure service awards are modest and justified.

Respectfully submitted

[redacted]

May 21, 2026

[redacted]

[redacted]

Notice Administrator
PO Box 2749
Portland, OR 97208-2749

[redacted]