# Exhibit 16

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

ANIBAL RODRIGUEZ, et al.,
Plaintiffs,

v.

GOOGLE LLC,
Defendant.

Case No. 3:20-cv-04688-RS
Hon. Richard Seeborg, Chief Judge

# CLASS MEMBER OBJECTION TO CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

## I. INTRODUCTION AND CLASS MEMBER STATUS

[redacted] a Class Member in the above-captioned action, respectfully submits this Objection to Class Counsel's Motion for Attorneys' Fees, Costs, and Service Awards. This Objection is timely submitted in accordance with the Court's notice to Class Members, which establishes July 30, 2026 as the deadline to object.

Objector [redacted] is a Class Member who, during the period of July 1, 2016 through September 23, 2024, had her Web & App Activity and/or supplemental Web & App Activity setting turned off or paused, and whose activity on non-Google-branded mobile apps was nonetheless transmitted to Google through the Firebase SDK and/or Google Mobile Ads SDK. As such, Objector falls within the certified Class 1 and/or Class 2 definitions for violations of the California Comprehensive Computer Data Access and Fraud Act (CDAFA), invasion of privacy, and intrusion upon seclusion.

## II. OBJECTION TO PREMATURE FEE AWARD

Class Counsel seeks an award of approximately $147 million in attorneys' fees — roughly one-third of the $440 million verdict — at a time when no money has been paid to any Class Member and no money is available. The Court should not award fees until the case reaches actual finality for the following reasons:

1. **Google's motion to vacate the verdict remains pending.** Google has asked this Court to disregard the jury's $425 million verdict. If that motion is granted, there would be no recovery, no common fund, and no basis to award fees. Awarding fees now, before that motion is resolved, is premature and potentially wasteful of Class Members' anticipated recovery.

2. **No class member has received any benefit.** The touchstone of a fee award in a common fund case is the benefit actually conferred upon the class. At present, Class Members have received nothing — no money, no injunctive relief, no claim form, and no timeline for distribution. Awarding fees before Class Members receive any tangible benefit inverts the proper relationship between Class Counsel's compensation and the class's recovery.

3. **Google may appeal.** The case website confirms that Google may also appeal the judgment. Years of appellate proceedings could follow. Locking in a $147 million fee award during this uncertainty is not in Class Members' interests.

## III. OBJECTION TO THE AMOUNT OF THE REQUESTED FEE

Even if a fee award were appropriate at this stage, the requested amount is excessive under the circumstances.

4. **The fee percentage should not be fixed against the full verdict before any reduction.** Google's pending motion to vacate and any potential appeal create serious downside risk to the total recovery. If Class Counsel's fee is set now as a percentage of the current verdict amount, and the verdict is subsequently reduced or reversed, Class Members will have borne disproportionate risk.

5. **Approximately $147 million in fees from a class of roughly 98 million accounts means attorneys are paid more per account than each individual class member is likely to recover.** This disproportion warrants heightened scrutiny. The Court should require Class Counsel to demonstrate that the fee is reasonable in light of the actual per-class-member benefit, not just the gross verdict.

6. **Service awards to named plaintiffs should also be deferred.** For the same reasons that a fee award is premature, any service awards to the named class representatives should await the resolution of Google's motion and any appeal.

## IV. REQUESTED RELIEF

For the foregoing reasons, Objector [redacted]espectfully requests that the Court:

(a) Deny Class Counsel's Motion for Attorneys' Fees, Costs, and Service Awards without prejudice, and defer any fee award until Google's motion to vacate the jury verdict is resolved and any appeal is exhausted or waived;

(b) If the Court is inclined to award fees at this stage, reduce the percentage to one that better reflects the contingency that Class Members have not yet received any benefit; and

(c) Require Class Counsel to provide a supplemental submission at the time of any actual distribution showing the per-class-member benefit actually achieved, against which the reasonableness of any fee can be measured.

---

Respectfully submitted,

[redacted]

[redacted]

Class Member / Objector

[redacted]

Date: June 6, 2026

**CERTIFICATE OF SERVICE**

I, [redacted] certify that on June 6, 2026, I served a true and correct copy of this Objection by U.S. Mail or private courier, postmarked or delivered so as to be received by July 30, 2026, to the following:

**The Court (original):**

Clerk of the Court
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102
Re: Case No. 3:20-cv-04688-RS

[redacted]

[redacted]

Mark C. Mao / Beko Reblitz-Richardson
Boies Schiller Flexner LLP
44 Montgomery St. 41st Floor
San Francisco, CA 94104

94104-481541