# Exhibit 23

**From:** [redacted]
**Sent:** Thursday, July 2, 2026 10:13 PM
**To:** Mark C. Mao
**Subject:** I object to the Fee Application in Rodriguez v. Google, Case No. 3:20-CV-4688-RS
**Attachments:** Screenshot_20260703-001237.jpg; Screenshot_20260703-001240.jpg; Screenshot_20260703-001244.jpg; Screenshot_20260703-001248.jpg; Screenshot_20260703-001251.jpg; Screenshot_20260703-001254.jpg; Screenshot_20260703-001257.jpg; Screenshot_20260703-001300.jpg; Screenshot_20260703-001306.jpg; Screenshot_20260703-001309.jpg; Screenshot_20260703-001318.jpg; IMG_20260702_221626_325.jpg

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

[redacted]

[redacted]

My phone numbers are [redacted]
Date of birth [redacted]
[redacted] is my email

Web & App Activity" control or the "Supplemental Web & App Activity" sub-setting turned off or "paused," you could be included in an ongoing class action lawsuit.

Mark C. Mao
Beko Reblitz-Richardson
BOIES SCHILLER FLEXNER LLP
You | 10:39 PM
James Lee
BOIES SCHILLER FLEXNER LLP
John A. Yanchunis
Ryan J. McGee
MORGAN & MORGAN
Bill Carmody
SUSMAN GODFREY LLP
You | 10:40 PM
Amanda Bonn
SUSMAN GODFREY LLP
The Court has appointed the following lawyers as my Class Counsel


CAMON 40 Pro
23mm f/1.8 1/260s ISO50

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

# Notice to Class Members who had Google "Web & App Activity" control or the "Supplemental Web & App Activity" sub-setting turned off or "paused" of Class Counsel's Fee Application

Para una notificacion en Español, visitar www.GoogleWebAppActivityLawsuit.com.

*A federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**What is this notice about?** On September 3, 2025, after a federal trial, the jury concluded that Google unlawfully collected information from certain users of smartphones and tablets who claimed they asked Google not to track their activity on mobile apps. The jury awarded a verdict of over $425 million in damages to two certified Classes. The Court entered a judgment, which requires Google to pay the Classes the amount of the jury's verdict plus interest. As of March 2, 2026, the verdict plus interest totals $440,345,685.40. Interest continues to accrue on that amount. However, Google has asked the Court to vacate the judgment, meaning disregard the jury verdict. Google may also appeal the judgment. There is no money available now, but Court rules require Class Counsel to make a formal request for their fees (their "Fee Application"), should compensation be awarded. This notice is to inform Class Members of the Fee Application and their opportunity to object to it.

**What was the lawsuit about?** Three Google

inform Class Members of the Fee Application and their opportunity to object to it.

**What was the lawsuit about?** Three Google account holders ("Plaintiffs") filed a class action lawsuit alleging that Google LLC ("Google") unlawfully accessed their devices and data, including app activity data on their mobile devices, even though the Google activity controls called Web & App Activity ("WAA") and/or a sub-setting concerning "Chrome history and activity from sites, apps, and devices that use Google services," sometimes called supplemental Web & App Activity ("sWAA") were turned off or "paused." Plaintiffs alleged Google unlawfully accessed their mobile devices to collect, save, and use the data concerning their activity on non-Google apps that have incorporated certain Google software code into the apps. Plaintiffs have three legal claims: 1) invasion of privacy; 2) intrusion upon seclusion (similar to invasion of privacy); and 3) violation of the Comprehensive Computer Data Access and Fraud Act ("CDAFA"). The jury ruled that Google is liable for invasion of privacy and intrusion upon seclusion, but not for violation of the CDAFA.

**You are receiving this Notice because Google's records indicate that you may be a Class Member.** You were previously sent notice of the Court's certification of the Classes in this lawsuit in the fall of 2024. This Notice advises you of the jury verdict and judgment that were reached in the lawsuit, Class Counsel's Fee Application, your rights and options at this time, and the deadline to exercise them.

**Who is a Class Member?** The Court certified two classes to assert claims for invasion of privacy and intrusion upon seclusion. These classes include the following individuals:

99+

options at this time, and the deadline to exercise them.

**Who is a Class Member?** The Court certified two classes to assert claims for invasion of privacy and intrusion upon seclusion. These classes include the following individuals:

> Class 1 (the Android Class): All "non-Enterprise" and "non-Unicorn" individuals who, during the period beginning July 1, 2016 and continuing through September 23, 2024, (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running the Android operating system, because of the Firebase Software Development Kit ("SDK") and/or the Google Mobile Ads SDK.

> Class 2 (the Non-Android Class): All "non-Enterprise" and "non-Unicorn" individuals who, during the period beginning July 1, 2016 and continuing through September 23, 2024, (a) had their "Web & App Activity" and/or "supplemental Web & App Activity" setting turned off and (b) whose activity on a non-Google-branded mobile app was still transmitted to Google, from (c) a mobile device running a non-Android operating system, because of the Firebase SDK and/or Google Mobile Ads SDK.

"Enterprise individuals" refers to individuals who only have an "Enterprise" Google Account. An "Enterprise" Google Account is an account managed by an administrator that is designed for end users within an organization, such as businesses, non-profits, and schools. Individuals who have an "Enterprise" Google Account are not

99+

mobile device running a non-Android operating system, because of the Firebase SDK and/or Google Mobile Ads SDK.

"Enterprise individuals" refers to individuals who only have an "Enterprise" Google Account. An "Enterprise" Google Account is an account managed by an administrator that is designed for end users within an organization, such as businesses, non-profits, and schools. Individuals who have an "Enterprise" Google Account are not part of the certified Classes that claimed invasion of privacy and intrusion upon seclusion unless they also have another Google Account.

"Unicorn individuals" refers to individuals who only have a "Unicorn" Google Account, which is also known as a "supervised Google Account for users under age 13." A "supervised Google account for users under age 13" is an account created for a minor when they are under the age of 13, and which is created and supervised by a parent using Google Family Link. Individuals who have a "Unicorn" Google Account are not part of the certified Classes that claimed invasion of privacy and intrusion upon seclusion unless they also have another Google Account.

**What was the verdict?** The jury found Google liable to Class Members who use Android devices ("Class 1") and to Class Members who use non-Android devices ("Class 2") for invasion of privacy and intrusion upon seclusion. The jury awarded a total of $425,651,947, of which $247,154,157 is due to Class 1 (Android users) and $178,497,790 is due to Class 2 (non-Android users). These amounts will continue accruing interest as required by law. The jury found Google not liable for violation of the CDAFA. For more information about the verdict, you can visit the Case Website and read

99+

certified Classes that claimed invasion of privacy and intrusion upon seclusion unless they also have another Google Account.

**What was the verdict?** The jury found Google liable to Class Members who use Android devices ("Class 1") and to Class Members who use non-Android devices ("Class 2") for invasion of privacy and intrusion upon seclusion. The jury awarded a total of $425,651,947, of which $247,154,157 is due to Class 1 (Android users) and $178,497,790 is due to Class 2 (non-Android users). These amounts will continue accruing interest as required by law. The jury found Google not liable for violation of the CDAFA. For more information about the verdict, you can visit the Case Website and read the jury's verdict and related motions filed by both Google and the Plaintiffs.

**Does the verdict mean money is available now?** No money will be distributed at this time. While the jury did award a verdict, Google has asked the Court to vacate the judgment, meaning disregard the jury verdict. Google also may appeal. Class Counsel will continue to pursue the lawsuit against Google. If money or benefits become available at a later date, you will be notified and given instructions on how to make a claim.

**What is a Fee Application?** In a class action lawsuit like this, the Court decides the amount that Class Counsel will be paid for their work. When a jury awards compensation with a verdict in a class action, the Court requires that Class Counsel make a formal application for the fees Class Counsel believes it should be paid for their work in the lawsuit. Class Counsel must also request reimbursement for any costs and expenses incurred in bringing the lawsuit (such as the cost of expert witnesses and for providing notice to the Classes) and for service awards to the individual

99+

Google and the Plaintiffs.

**Does the verdict mean money is available now?** No money will be distributed at this time. While the jury did award a verdict, Google has asked the Court to vacate the judgment, meaning disregard the jury verdict. Google also may appeal. Class Counsel will continue to pursue the lawsuit against Google. If money or benefits become available at a later date, you will be notified and given instructions on how to make a claim.

**What is a Fee Application?** In a class action lawsuit like this, the Court decides the amount that Class Counsel will be paid for their work. When a jury awards compensation with a verdict in a class action, the Court requires that Class Counsel make a formal application for the fees Class Counsel believes it should be paid for their work in the lawsuit. Class Counsel must also request reimbursement for any costs and expenses incurred in bringing the lawsuit (such as the cost of expert witnesses and for providing notice to the Classes) and for service awards to the individual plaintiffs who represented class members and took part in the lawsuit. Individual Class Members are given an opportunity to review Class Counsel's fee application and object to any part of it. The Court considers Class Counsel's application and any objections, and the Court decides how much Class Counsel will be paid, how much they will be reimbursed, and what service awards will be granted to the class representatives.

**What does the Fee Application Say?** Class Counsel is requesting (1) attorneys' fees equal to 33% of the judgment, including both the jury's verdict award and interest, which continues to accrue until Google's challenges to the judgment are resolved; (2) $12,422,374.42 to reimburse costs and

reimbursed, and what service awards will be granted to the class representatives.

**What does the Fee Application Say?** Class Counsel is requesting (1) attorneys' fees equal to 33% of the judgment, including both the jury's verdict award and interest, which continues to accrue until Google's challenges to the judgment are resolved; (2) $12,422,374.42 to reimburse costs and expenses incurred by Class Counsel; and (3) a total of $135,000.00 for service awards for the three class representatives. Class Counsel's Fee Application states their justification for each of these requests. The Court must approve the Fee Application and may award less than these amounts. You can review the Fee Application at the Case Website, www.GoogleWebAppActivityLawsuit.com by clicking here. These amounts will be paid from the compensation ultimately awarded in this case, if any. These amounts will not be paid until after the Court rules on Google's request to disregard the jury verdict and, if Google also chooses to appeal, after the Court rules on that appeal. You do not have to pay for Class Counsel or any of their fees and costs.

**Who are Class Counsel?** The Court has appointed the following lawyers as Class Counsel to represent Class Members.

Mark C. Mao
Beko Reblitz-Richardson
BOIES SCHILLER FLEXNER LLP
44 Montgomery St., 41st Floor
San Francisco, CA 94104

James Lee
BOIES SCHILLER FLEXNER LLP
100 SE 2nd St., 28th Floor
Miami, FL 33131

Mark C. Mao
Beko Reblitz-Richardson
BOIES SCHILLER FLEXNER LLP
44 Montgomery St., 41st Floor
San Francisco, CA 94104

James Lee
BOIES SCHILLER FLEXNER LLP
100 SE 2nd St., 28th Floor
Miami, FL 33131

John A. Yanchunis
Ryan J. McGee
MORGAN & MORGAN
201 N. Franklin Street,
7th Floor
Tampa, FL 33602

Bill Carmody
SUSMAN GODFREY LLP
One Manhattan West
50th Floor
New York, NY 10001

Amanda Bonn
SUSMAN GODFREY LLP
1900 Ave. of the Stars,
Suite 1400
Los Angeles, CA 90067

**How do I object to the Fee Application?** To object, you must file a written objection with the Court. Your objection must state that you object to the Fee Application in *Rodriguez v. Google*, Case No. 3:20-CV-4688-RS and must include the following information:

you for the objection (if any). This includes any former or current lawyers who may be paid for any reason regarding your objection; and

4. Your signature as the objector. A lawyer's signature is not adequate.

You must file your written objection with the Court so it is *received by* **July 30, 2026**. You must also send your objection to Class Counsel and the Notice Administrator, via US Mail or shipped by private courier (such as Federal Express) so it is *received by* **July 30, 2026**, to the following addresses:

| Court |
| --- |
| Clerk of the Court<br>United States District Court<br>Northern District of California<br>Phillip Burton Federal Building<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 |
| **Class Counsel** |
| Mark C. Mao<br>Beko Reblitz-Richardson<br>BOIES SCHILLER FLEXNER LLP<br>44 Montgomery St., 41st Floor<br>San Francisco, CA 94104 |
| **Notice Administrator** |
| Notice Administrator<br>PO Box 2749<br>Portland, OR 97208-2749 |

Clerk of the Court
United States District Court
Northern District of California
Phillip Burton Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102

**Class Counsel**

Mark C. Mao
Beko Reblitz-Richardson
BOIES SCHILLER FLEXNER LLP
44 Montgomery St., 41st Floor
San Francisco, CA 94104

**Notice Administrator**

Notice Administrator
PO Box 2749
Portland, OR 97208-2749

**How do I get more information?** Learn more about the lawsuit at www.GoogleWebAppActivityLawsuit.com or call 1-855-822-8821.

You may also obtain information regarding the lawsuit on the Court docket in this lawsuit, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE

Notice Administrator
PO Box 2749
Portland, OR 97208-2749

**How do I get more information?** Learn more about the lawsuit at www.GoogleWebAppActivityLawsuit.com or call 1-855-822-8821.

You may also obtain information regarding the lawsuit on the Court docket in this lawsuit, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS LAWSUIT. ALL QUESTIONS SHOULD BE DIRECTED TO THE NOTICE ADMINISTRATOR OR CLASS COUNSEL.

---

If [redacted] should not be subscribed or if you need to change your subscription information for Rodriguez v Google LLC, please use this preferences page.

AM656 v.02