United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANIBAL RODRIGUEZ, et al.,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No. 20-cv-04688-RS

**ORDER AWARDING ATTORNEY'S FEES AND CLASS REPRESENTATIVE SERVICE AWARDS**

After years of litigation, this privacy class action has culminated in a $425 million jury verdict. Plaintiffs' counsel now moves for one third of that common fund in attorney's fees. The request, which totaled $146,781,895.13 as of final judgment (accounting for post-judgment interest), is granted.

This request is, without question, extraordinary, but it is warranted by the extraordinary nature of the case as well as by the exemplary performance of counsel. Plaintiffs' counsel undertook a great deal of risk in bringing this case on contingency, and they ably navigated the many hazards between filing the complaint and obtaining a favorable judgment. They survived motions to dismiss and for summary judgment, litigated copious discovery disputes, and prevailed on a hotly contested class certification motion before trying the claims to a jury. This was no small feat. Cases of this complexity and magnitude almost never make it to a jury, and counsel's willingness to bear the risk of a total loss to maximize the recovery to the class places this in a special category.

The reasonableness of the fee request is confirmed by a lodestar crosscheck. Plaintiffs'

counsel have, to this point, devoted 49,670 hours to this litigation, and there is surely more to come on appeal. Applying their stated hourly rates yields a lodestar of $56,768,654 and a fee request multiple of 2.59. The lodestar calculation implies a blended hourly rate of $1,143, a figure warranted by the skill, experience, and reputation of the lawyers in this case. The multiple of 2.59 is also justified by the complexity of the case, the risk assumed by counsel, and the result.

Nor is there much concern that the lodestar has been inflated by a bloated legal team. Because this case was litigated on contingency, counsel had every incentive to work efficiently. Incurring extra expenses would not have increased their recovery, as the fee award is determined principally by the size of the recovery to the class. If the verdict had been for Google, Plaintiffs' counsel's loss would have been larger had they overstaffed the case. The substantial legal muscle involved here is a reflection of the complexity and gravity of the case, not of over-lawyering.

To be sure, there is some intuitive discomfort with a fee award this large. The lawyers are being handsomely rewarded for their success, even as each of the 98 million class members will walk away with less than $5. That is, however, a consequence of the policy choice to use the class action device to remedy widespread torts. No individual class member had an incentive to bring a claim, and counsel was only incentivized to pursue the case through the prospect of a large fee award. In our system, there is simply no other way to ensure that a defendant that commits a small tort against a large number of people is held accountable.

The request for service awards of $50,000 for the two testifying class representatives and $35,000 for the non-testifying class representative is also granted. These are large service awards, but they are commensurate with the burden of serving as a class representative in a case of this size and duration. All three class representatives sat for lengthy depositions, and the testimony of the two who were called as witnesses was instrumental in securing a favorable verdict. The total sum of the service awards, $135,000, is an inconsequential fraction of the common fund. It represents 0.03% of the common fund as of the judgment before the award of attorney's fees and 0.046% of the same after accounting for the fee award.

United States District Court
Northern District of California

**IT IS SO ORDERED**.

Dated: August 28, 2026

RICHARD SEEBORG
United States District Judge