COOLEY LLP
MICHAEL A. ATTANASIO (151529)
(mattanasio@cooley.com)
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
JONATHAN PATCHEN (237346)
(jpatchen@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
NAIARA TOKER (346145)
(ntoker@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
THILINI CHANDRASEKERA (333672)
(tchandrasekera@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
CHELSEA HU (357212)
(chu@cooley.com)
MICHAEL MORIZONO (359395)
(mmorizono@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No. 3:20-CV-04688-RS

**GOOGLE LLC'S NOTICE OF MOTION AND MOTION TO REVIEW AND STRIKE PLAINTIFFS' BILL OF COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date: November 5, 2026
Time: 1:30 p.m.
Dept: 12, 19th Fl.
Judge: Hon. Richard Seeborg

Date Action Filed: July 14, 2020
Trial Date: August 18, 2025

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE THAT, on November 5, 2026, at 1:30 p.m., or as soon thereafter as the matter may be heard, before the Honorable Richard Seeborg at the United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Avenue, 19th Floor, Courtroom 12, San Francisco, California, 94102, Defendant Google LLC ("Google") will and hereby does move this Court pursuant to Federal Rule of Civil Procedure 54(d)(1) to review Plaintiffs' bill of costs, as taxed by the Clerk, and strike all costs. The Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the pleadings and other papers filed, any oral argument, the evidence and testimony presented at trial, and any other such matters that the Court may consider.

## STATEMENT OF RELIEF SOUGHT

Google requests that the Court review Plaintiffs' Bill of Costs, as taxed by the Clerk, and issue an order striking all costs on the basis that Plaintiffs were not a prevailing party, given the mixed jury verdict and the Court's denial of Plaintiffs' request for disgorgement and injunctive relief.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Over the past six years, Plaintiffs have sought to hold Google liable for seven claims, and eventually asked a jury for $31.15 billion dollars and further punitive damages, and then asked the Court for disgorgement of $2.36 billion and a permanent injunction.

In the end, Plaintiffs took three claims to trial: a Comprehensive Computer Data Access Fraud Act ("CDAFA") claim and two privacy claims with substantively identical elements. Google prevailed on the former, and Plaintiffs on the two privacy claims, for which the jury awarded compensatory damages of approximately $425.7 million in actual damages (about $3 per class member after the attorneys' fees and costs award), and no punitive damages. Plaintiffs lost their requests for both disgorgement and an injunction.

Despite this mixed record, Plaintiffs sought $176,624.04 in costs from Google on March

16, 2026. *See* Dkt. No. 728. Google timely objected to Plaintiffs' bill of costs on March 30, 2026, on the basis that the parties should bear their own costs, and that about $17,000 of Plaintiffs' claimed costs were nontaxable. *See* Dkt. No. 735. On September 3, 2026, the Clerk issued a revised bill of $152,654.00. *See* Dkt. No. 1011. Pursuant to Federal Rule of Civil Procedure 54(d)(1), Google now seeks review of the taxed costs and an order striking all costs.

## II. LEGAL STANDARD

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Still, district courts retain discretion to deny costs, or to apportion or reduce them. *See Ass'n of Mexican-Am. Educators v. Cal.*, 231 F.3d 572, 591–92 (9th Cir. 2000); *Ancora Techs., Inc. v. Apple, Inc.*, No. 11-CV-06357 YGR, 2013 WL 4532927, at *1 (N.D. Cal. Aug. 26, 2013) ("District courts have 'wide discretion' in determining whether and to what extent prevailing parties may be awarded costs pursuant to Rule 54(d)." (citation omitted)). Valid discretionary reasons to deny or reduce costs include where each party has prevailed in part – i.e., a "mixed" result. *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996), *as amended* (9th Cir. 1997) ("In the event of a mixed judgment, however, it is within the discretion of a district court to require each party to bear its own costs.") (citing with approval *Testa v. Village of Mundelein*, 89 F.3d 443 (7th Cir. 1996)).

## III. EACH PARTY SHOULD BEAR ITS OWN COSTS BECAUSE THERE WAS NO PREVAILING PARTY.

The Court should exercise its discretion and reject Plaintiffs' bill of costs in full, rather than in part as taxed by the Clerk, because Plaintiffs are not entitled to any costs in light of the mixed judgment issued by the Court and Plaintiffs' failure to achieve most of the success they sought at trial. Instead, each party should bear its own costs.

### A. Google Defeated Five of Plaintiffs' Seven Claims.

The result of this case was a mixed judgment because Plaintiffs eventually succeeded on only two claims out of the seven that they filed across various amended complaints. Further, the two claims were essentially one in light of the similarity of the elements (as the Court itself has noted, *see* Dkt. No. 445 at 9:17–18), so Google not only defeated four claims before trial but won

effectively half of the claims tried to a jury. Courts routinely decline to award costs in similar circumstances. For example, in *Klune v. Palo Verde Health Care District*, the Ninth Circuit described a case as having a "mixed judgment" where "[o]ut of all the claims originally filed by [Plaintiff], he prevailed only on one," and affirmed the district court's denial of costs. 761 F. App'x 751, 755–56 (9th Cir. 2019) (citing *Amarel*, 102 F.3d at 1523). Likewise in *Postx Corp. v. Secure Data In Motion, Inc.*, the court declined to award costs to plaintiffs where the defendants won summary judgment on three of four claims, but lost the fourth at trial. No. C 02-04483 SI, 2006 WL 2067080, at *1–2 (N.D. Cal. July 24, 2006) ("There is no question that PostX obtained a 'mixed judgment' because PostX prevailed on only one of four claims in these related cases.").

**B. Plaintiffs' Award Was a Small Fraction of What They Sought.**

Independently, this case ended in a mixed judgment because Plaintiffs achieved an award that was a fraction of what they sought. *See, e.g.*, *Cardinal v. Lupo,* No. 18-CV-00272-JCS, 2020 WL 3101025, at *10 (N.D. Cal. June 11, 2020). Google acknowledges that a $425 million jury verdict is substantial–and yet it reflects the jury's rejection of the $31.15 billion that Plaintiffs sought and their justification for seeking it. *See* Sept. 2, 2025 Trial Tr. Vol. 10 ("Trial Tr."), at 1896:11–17 ("Now, these are very large numbers, but they're large for three or four reasons: one, the many billions of dollars of Google's business using plaintiffs' data; two, the 98 million people who turned sWAA off but still had their data from their use of third-party apps collected by Google and the large number of devices they had; three, how much data Google collected; and four, how long this went on."). Thus, in light of the context here—where Plaintiffs sought not only $31.15 billion in actual damages, but also further punitive damages, and $2.36 billion in disgorgement (as well as an injunction)—the ratio of recovery obtained compared to what was sought is very low and demonstrates that Plaintiffs did not come close to fully prevailing.

As Judge Spero explained in *Cardinal*, the Ninth Circuit's *en banc* decision in *Association of Mexican-American Educators* implicitly endorsed a ratio-esque rule, including by citing approvingly to a Tenth Circuit case in which the Court of Appeals "held that a district court 'was within its discretion to refuse to award costs to a party which was only partially successful,' where that party recovered only $86,836.55 of the $727,184.73 it had sought." *Cardinal*, 2020 WL

3101025, at *9 (citing *Ass'n of Mexican-Am. Educators*, 231 F.3d at 592 & n.15; *Howell Petroleum Corp. v. Samson Resources Co.*, 903 F.2d 778, 783 (10th Cir. 1990)); *see also Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994) (noting courts have found that the prevailing party's limited recovery is a "good reason" to deny costs) (citation omitted).

Here, the compensatory damages award of approximately $425.7 million on Plaintiffs' privacy claims was only 1.4% of the $31.15 billion Plaintiffs requested from the jury. *See* Trial Tr. 1896:2. In other words, Plaintiffs sought at least approximately $341.96 per class member, but were awarded only $4.30 per class member (before fees and costs). In addition, the Court rejected Plaintiffs' request for an additional $2.36 billion in disgorgement as well as a permanent injunction.

Courts faced with even more plaintiff-friendly mixed judgments have denied costs; the same should follow here. *See, e.g., Makreas v. First Nat'l Bank of N. Cal.*, No. 11-cv-02234-JST, 2014 WL 2582027, at *9 (N.D. Cal. June 9, 2014) ("Makreas prevailed on only two of the ten claims he asserted against Defendants and recovered only $5,500 even though he originally sought damages in excess of $1 million. In light of this mixed judgment, the court will require each of the parties to bear its own costs.") (citation omitted); *Cardinal*, 2020 WL 3101025, at *8 (reasoning that no party prevailed and thus declining to award costs where plaintiff's recovery was under one-sixth of the amount sought); *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1023 (9th Cir. 2023) (affirming district court denial of costs where plaintiff sought $330,000 in damages but was awarded $103,513.75); *Hiller v. United States*, No. C 05-01620 SBA, 2008 WL 449846, at *5 (N.D. Cal. Feb. 15, 2008) (denying costs where the prevailing party's recovery was "nominal, partial, [and] substantially less than sought"); *PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, No. CV 05-08891 MMM (FMOx), 2015 WL 11251950, at *5 (C.D. Cal. July 14, 2015) ("Courts are in accord that the fact that a party was only partially successful in the underlying litigation is a sufficient reason to exercise discretion to refuse to award costs or to reduce the amount of costs sought." (collecting cases)), *vacated on other grounds by* 884 F.3d 812 (9th Cir. 2018); *Demers v. California*, 49 F. App'x 704, 704 (9th Cir. 2002) (affirming district court's reduction of costs because "it is within the discretion of the district court to deny costs to both parties when the plaintiff's success is partial or limited."); *Postx Corp.*, 2006 WL 2067080, at *2 & n.1 (finding

there was "no question" that plaintiff obtained a mixed judgment due to prevailing on one of four claims, and noting that even if costs could have been granted, plaintiff's bill was "out of proportion" with its "limited success"); *Sharp Structural, Inc. v. Franklin Mfg., Inc.*, No. CV 03-344-TUC-RCC, 2006 WL 8441183, at *2 (D. Ariz. Aug. 16, 2006) (considering the "wide discrepancy between the amount sought and amount recovered" as one of the factors sufficient to overcome the presumption of awarding costs and denying Plaintiffs' bill of costs even though they prevailed).

## IV. CONCLUSION

Given the history of this case, there is no prevailing party: Google defeated four claims before trial, and prevailed on the CDAFA claim at trial; Plaintiffs succeeded on two claims (with nearly identical elements) but received 1.4% of their desired damages. Because the judgment was mixed, the equitable result is for each side to bear its own costs, and the Court should accordingly reject Plaintiffs' bill of costs.

Dated: September 10, 2026

Respectfully submitted,

COOLEY LLP

By: */s/ Benedict Y. Hur*
Michael A. Attanasio
Benedict Y. Hur
Simona Agnolucci
Eduardo E. Santacana
Jonathan Patchen
Argemira Flórez
Naiara Toker
Harris Mateen
Thilini Chandrasekera
Isabella McKinley Corbo
Chelsea Hu
Michael Morizono

*Attorneys for Defendant Google LLC*