**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Tel.: (213) 995-5720
alanderson@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
Ryan Sila (admitted pro hac vice)
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com
rsila@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Michael F. Ram, CA Bar No. 104805
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

ANIBAL RODRIGUEZ, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

GOOGLE LLC,

Defendant.

Case No.: 3:20-cv-04688-RS

**PLAINTIFFS' MOTION TO CLARIFY THE COURT'S AUGUST 28, 2026 ORDER AWARDING ATTORNEY'S FEES AND CLASS REPRESENTATIVE SERVICE AWARDS (DKT. 1010) AND ENTER AMENDED FINAL JUDGMENT**

The Honorable Richard Seeborg
Courtroom 12 – 19th Floor

Plaintiffs respectfully seek clarification regarding whether the Court, in its Order Awarding Attorney's Fees and Class Representative Service Awards (Dkt. 1010, the "Order"), intended to deny Class Counsel's request for the reimbursement of litigation costs and expenses or instead to defer that determination for a subsequent order. Plaintiffs also request that the Court enter the proposed Amended Final Judgment, submitted together herewith, which will resolve all of these matters and establish the timing of payments.

In addition to seeking attorneys' fees and service awards, both of which were addressed by the Court's Order, Class Counsel also sought reimbursement of $12,422,374.42 in litigation costs and expenses from the common fund. Dkt. 739.

Class Counsel's motion contained the detail, regarding these $12 million in litigation costs and expenses, that this Court requires in its procedural guidance for class actions. Dkt. 739. In Class Counsel's reply brief, Class Counsel responded to class members' objections to those litigation costs and expenses, which primarily focused on a determination of their reasonableness. Dkt. 1006 at 11–12. As stated in both the initial motion and the reply, any litigation costs and expenses taxed against Google pursuant to Plaintiffs' Bill of Costs (Dkt. 728) will be deducted from the reimbursement that Class Counsel receives from the common fund. Dkt. 739 at 2, n. 2; Dkt. 1006 at 13. The Court's Order did not address Class Counsel's request for reimbursement of litigation costs and expenses.

Although Google has no standing in the resolution of whether Class Counsel are entitled to reimbursement of litigation costs and expenses from the common fund, Class Counsel nevertheless raised this issue with Google on September 3, 2026, to hopefully bring the matter to conclusion. Google in response took the position that the Court had "implicitly denied" Class Counsel's request for reimbursement (for all of the more than $12 million in litigation costs and expenses) and that Class Counsel needed to both seek "reconsideration" and also "alert the class to the request."

Plaintiffs disagree with Google's position and respectfully seek clarification. *See, e.g.*, *Bordallo v. Reyes*, 763 F.2d 1098, 1101–02 (9th Cir. 1985) (clarification standard); *Bautista v. Santacruz*, 813 F. Supp. 3d 1084, 1093 & n.1 (C.D. Cal. 2025) (clarification where there were no

substantive corrections sought under Fed. R. Civ. P. 60). A motion to clarify is appropriate where a party reasonably seeks to determine whether the Court has ruled on an issue and, if so, on what basis. *Big Bear Lodging Ass'n v. Snow Summit, Inc.*, 182 F.3d 1096, 1105–06 (9th Cir. 1999); *see also Hasbrouck v. Texaco, Inc.*, 879 F.2d 632, 636 (9th Cir. 1989) (describing the district court's clarification order in response to plaintiffs' motion to clarify what specific costs had been awarded and the applicable interest rate).

The clarification here may simply be that the Court wished to delay its ruling on the reimbursement of litigation costs and expenses until after a determination regarding Plaintiffs' Bill of Costs. On September 3, 2026, after the Order, the Court taxed costs against Google in the amount of $152,654. Dkt. 1011. On September 10, 2026, Google challenged those taxed costs pursuant to Federal Rule of Civil Procedure 54. Dkt. 1012. Plaintiffs anticipate filing their response to Google's challenge before the September 24 deadline, so as to move this case to finality as soon as practicable.

Google's pending Rule 54 motion does not eliminate the need for clarification. Google's Rule 54 motion only concerns the amount that Class Counsel will recover from Google pursuant to Rule 54 (with $152,654 in dispute). Google's motion does not affect Class Counsel's request for reimbursement of the remainder of the substantial litigation costs and expenses incurred by Class Counsel ($12,422,374.42 in total).

Plaintiffs therefore respectfully request that the Court clarify its Order, Dkt. 1010, to state that Class Counsel are entitled to reimbursement, from the common fund, of the $12,422,374.42 of litigation costs and expenses requested in Plaintiffs' motion, Dkt. 739, less only whatever costs Google pays to Class Counsel pursuant to Rule 54.

Plaintiffs also respectfully request that the Court enter the proposed Amended Final Judgment submitted together herewith. All parties would be well served by the Court's entry of an Amended Final Judgment that sets forth the Court's resolution of all of these matters. An Amended Final Judgment will clarify matters for the Ninth Circuit in the event of an appeal. Plaintiffs submit herewith a proposed Amended Final Judgment (leaving blank the amounts to be awarded to Class Counsel, from the common fund, to reimburse their litigation expenses, and the

amount that Google will be required to pay under Rule 54). The proposed Amended Final Judgment also makes clear that attorneys' fees, expenses, and service awards are to be paid within 45 days of this judgment or, if there is an appeal, to be paid within 45 days of the conclusion of any appeal.

Dated: September 17, 2026

Respectfully submitted,

By: /s/ *Steven Shepard*

Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330

David Boies (admitted *pro hac vice*)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6858
Facsimile: (415) 999-9695

James Lee (admitted *pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (admitted *pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Alison L. Anderson, CA Bar No. 275334
alanderson@bsfllp.com
M. Logan Wright, CA Bar No. 349004

mwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Telephone: (813) 482-4814

Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
Ryan Sila (*pro hac vice*)
rsila@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
Michael F. Ram (CA Bar No. 104805)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

*Attorneys for Plaintiffs*