**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Tel.: (213) 995-5720
alanderson@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
Ryan Sila (admitted pro hac vice)
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com
rsila@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Michael F. Ram, CA Bar No. 104805
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

ANIBAL RODRIGUEZ, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

GOOGLE LLC,

Defendant.

Case No.: 3:20-cv-04688-RS

**PLAINTIFFS' RESPONSE IN OPPOSITION TO GOOGLE'S MOTION TO REVIEW AND STRIKE COSTS**

The Honorable Richard Seeborg
Courtroom 12 – 19th Floor

## INTRODUCTION

Plaintiffs disagree with Google's assertion that "there was no prevailing party" in this case (Mot. at 2) and respectfully request that the Court deny Google's motion. Plaintiffs prevailed by obtaining a substantial judgment—the largest jury award against Google in history—and by causing Google to revise its disclosures. The Clerk reviewed the bill of costs submitted by Plaintiffs (Dkt. 728) and issued an order taxing costs against Google in the amount of $152,654 (Dkt. 1011). That determination was correct, and none of Google's arguments provide any basis to set aside or reduce those taxable costs.

## BACKGROUND

After the Court entered final judgment holding Google liable to the class for more than $425 million, Plaintiffs filed their bill of costs. Dkt. 728. Plaintiffs filed that bill of costs in part to reduce the amount of costs paid out from the judgment and to maximize the amount of money that will be paid to class members. Plaintiffs' total costs were $12,422,374.42. Dkt. 739 at 23. In their motion for fees, costs, and service awards, Plaintiffs explained that they were seeking reimbursement of those costs *minus* any amount taxed against Google. *Id.*; *see also id.* at 2 n. 2; Dkt. 1006 at 13. The Clerk considered Plaintiffs' bill of costs and the taxed costs against Google in the amount of $152,654. Dkt. 1011. Google then elected to challenge those costs—or, more specifically, any taxation of costs whatsoever. Dkt. 1012 ("Mot.").

## ARGUMENT

**Plaintiffs are the Prevailing Parties.** Plaintiffs prevailed in ways that directly and substantially benefit class members, obtaining a $425.7 million judgment and causing Google to amend its disclosures. A party need not prevail on all claims to be found the prevailing party. *K-2 Ski Co. v. Head Ski Co.*, 506 F.2d 471, 477 (9th Cir. 1974) ("In general, a party in whose favor judgment is rendered by the district court is the prevailing party."). Instead, a party "'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992); *K-2 Ski Co.*, 506 F.2d at 477 ("Although a party may not sustain his entire claim, if judgment is rendered for him he is the prevailing party.").

Under that case law, Plaintiffs are the prevailing parties. As Google admits, the relief Plaintiffs obtained is substantial. Mot. at 3 ("Google acknowledges that a $425 million jury verdict is substantial"); *see also* Dkt. 721 (Google's amended disclosure "now tells Google's users what they need to know"). The Court's prior motion to dismiss rulings and the jury findings with respect to the CDAFA do not mean that Plaintiffs somehow did not prevail. *See, e.g.*, *K-2 Ski Co.*, 506 F.2d at 477 (holding that "K-2 was the prevailing party" even though it "prevailed on only two of its 12 alleged trade secrets"); *Ridgeway v. Wal-Mart Stores Inc.*, 269 F. Supp. 3d 975, 1001 (N.D. Cal. 2017) (plaintiffs were the prevailing party and entitled to tax costs because "they received a large jury verdict in their favor" even though they "did not carry all of their claims through to trial").

**The "Mixed Results" Do Not Justify Denying Costs.** Plaintiffs do not dispute that Rule 54(d)(1) gives this Court discretion to reduce or deny taxing costs where the judgment is mixed. As reflected in the decisions cited by Google, any decision to reduce or tax costs where there is a "mixed result" is well within the discretion of the Court and will not be disturbed on appeal. Mot. at 2.[1] Even in a "mixed result" case, the Court is well within its discretion to tax costs for the claims for which the party prevailed particularly where, like here, that recovery is substantial. *Ridgeway*, 269 F. Supp. 3d at 1001 (taxing costs because "[a]lthough plaintiffs did not carry all their claims through to trial, they received a large jury verdict in their favor"). Plaintiffs ask that the Court exercise its discretion by confirming the Clerk's order taxing these costs. Viewed as a whole, the results for Plaintiffs were excellent. Taxing these costs is appropriate, and it maximizes the payments to class members.

**Google's "Limited Success" Comparison is Inapt.** Rule 54 does not impose a percentage-of-the-demand test for prevailing-party status or create a rule that a substantial verdict

[1] *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996) ("In the event of a mixed judgment, . . . it is within the discretion of a district court to require each party to bear its own costs"); *Klune v. Palo Verde Health Care District*, 761 Fed. App'x 751, 756 (9th Cir. 2019) (similar); *Postx Corp. v. Secure Data in Motion, Inc.*, 2006 WL 2067080, at *2 (N.D. Cal. July 24, 2006) (exercising discretion not to tax costs to the prevailing plaintiff at because the successful claim was added "after nearly two years of hard-fought litigation," and thus "not a focus of this case for a significant period of time").

becomes non-prevailing merely because the plaintiff did not receive every requested remedy. To the contrary, a plaintiff need not prevail on every claim and receive all relief to recover taxed costs. *Ridgeway*, 269 F. Supp. 3d at 1001. Courts have sometimes "award[ed] costs to each party with respect to the claims on which they prevailed, then net[ted] those sums to arrive at the final figure" that will be taxed. *Williams v. Gaye*, 895 F.3d 1106, 1133 (9th Cir. 2018) (marks omitted). But Google did not seek to tax costs, forfeiting any claim for apportionment here. It is also not the case that Plaintiffs' recovery was "nominal" or "nominally higher" than any offer of judgment, as in other cases Google cites. *Makreas v. First Nat'l Bank of N. Cal.*, 2014 WL 2582027, at *9 (N.D. Cal. June 9, 2014) (nominal recovery on a minority of claims); *Hiller v. United States*, 2008 WL 449846, at *5 (N.D. Cal. Feb. 15, 2008) (same); *Sharp Structural, Inc. v. Franklin Mfg., Inc.*, 2006 WL 8441183, at *2 (D. Ariz. Aug. 16, 2006) (denying costs where judgment was "nominally higher than Defendant's Offer of Judgment"). Just the opposite: Plaintiffs believe the jury verdict in this case is the largest ever awarded against Google. The remainder of Google's cited cases involve circumstances where the trial court either could not determine a prevailing party or exercised its discretion to deny taxing costs. Mot. at 4 (collecting cases). They do not warrant the relief Google seeks here.

**CONCLUSION**

Plaintiffs' respectfully request that the Court deny Google's motion and confirm the order taxing costs in the amount of $152,654.

Dated: September 21, 2026

Respectfully submitted,

By: /s/ Steven Shepard

Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330

David Boies (admitted *pro hac vice*)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504

Telephone: (914) 749-8200

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6858
Facsimile: (415) 999-9695

James Lee (admitted *pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (admitted *pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Alison L. Anderson, CA Bar No. 275334
alanderson@bsfllp.com
M. Logan Wright, CA Bar No. 349004
mwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Telephone: (813) 482-4814

Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
Ryan Sila (*pro hac vice*)
rsila@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.

1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
Michael F. Ram (CA Bar No. 104805)
mram@forthepeople.com
MORGAN & MORGAN, P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

*Attorneys for Plaintiffs*