COOLEY LLP
MICHAEL A. ATTANASIO (151529)
(mattanasio@cooley.com)
BENEDICT Y. HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO E. SANTACANA (281668)
(esantacana@cooley.com)
JONATHAN PATCHEN (237346)
(jpatchen@cooley.com)
ARGEMIRA FLÓREZ (331153)
(aflorez@cooley.com)
NAIARA TOKER (346145)
(ntoker@cooley.com)
HARRIS MATEEN (335593)
(hmateen@cooley.com)
THILINI CHANDRASEKERA (333672)
(tchandrasekera@cooley.com)
ISABELLA MCKINLEY CORBO (346226)
(icorbo@cooley.com)
CHELSEA HU (357212)
(chu@cooley.com)
MICHAEL MORIZONO (359395)
(mmorizono@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANIBAL RODRIGUEZ, et al. individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:20-CV-04688-RS<br><br>**REPLY IN SUPPORT OF GOOGLE LLC'S MOTION TO REVIEW AND STRIKE COSTS**<br><br>Dept: 3, 17th Fl.<br>Judge: Hon. Richard Seeborg<br><br>Date Action Filed: July 14, 2020<br>Trial Date: August 18, 2025 |

## I. INTRODUCTION

Plaintiffs' opposition to Google's Motion to Review and Strike Costs *confirms* the core point of Google's motion: this was a mixed judgment. Plaintiffs ask the Court to ignore that mixed result by focusing exclusively on the number attached to their partial win. But Plaintiffs' effort to recast a verdict—representing a scant 1.4% of what they told the jury they were owed—as "the largest jury award against Google in history," is not dispositive. Nor can the Court overlook that Plaintiffs do not dispute that Google defeated five of their seven claims and their requests for disgorgement and injunctive relief. Prevailing-party status does not turn on superlatives, and the cases Plaintiffs cite do not hold otherwise: each involved either an undisputed, non-fractional recovery or an express judicial apportionment of costs, not the wholesale, unapportioned award Plaintiffs seek here. Google's motion, and the substantial body of Ninth Circuit and Northern District of California authority Google has cited in its briefing on this Motion, make clear that where (as here) a plaintiff obtains only a sliver of the relief it sought and loses its most consequential remedies, the equitable result is for each side to bear its own costs.

## II. ARGUMENT

There is no factual disagreement between the parties: between pre-trial and trial proceedings, Google defeated five of Plaintiffs' seven claims; Plaintiffs received a judgment of about $425.7 million in compensatory damages on the remaining two claims (with nearly identical elements); the Court denied Plaintiffs' requests for $2.36 billion in disgorgement and for a permanent injunction. Plaintiffs' opposition does not and cannot dispute any of this history. Nor can Plaintiffs dispute that they have not acted as if they prevailed in full: they have unsuccessfully sought JMOL and a new trial, and have separately appealed the judgment. Dkt. Nos. 738 (JMOL and new trial motion), 1021. Plaintiffs instead argue that a large verdict is, by itself, enough to make Plaintiffs the prevailing party entitled to costs as a matter of course. That argument fails for several reasons.

### A. Plaintiffs Are Not Prevailing Parties Entitled to a Presumption of Costs, and the Cases They Cite Do Not Hold Otherwise.

Plaintiffs' argument that they are the "prevailing parties" here rests almost entirely on the proposition that a judgment in a plaintiff's favor, no matter how small relative to the case as pleaded and tried, makes that plaintiff "the prevailing party" entitled to costs as of course. Opp. at 1–2 (citing *K-2 Ski Co. v. Head Ski Co.*, 506 F.2d 471, 477 (9th Cir. 1974); *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992); *Ridgeway v. Wal-Mart Stores Inc.*, 269 F. Supp. 3d 975, 1001 (N.D. Cal. 2017)). But Rule 54(d)(1) does not work that way, and none of the four cases in Plaintiffs' opposition supports treating a fractional, mixed-judgment recovery as if it were a clean win.

#### 1. *K-2 Ski* Does Not Support an Automatic Costs Award in a Fractional-Recovery Case.

The Court should reject Plaintiffs' invitation to read *K-2 Ski*'s two-line prevailing-party statement—that a party need not "sustain his entire claim" to prevail and that "in general," a party in whose favor judgment is rendered by the district court is the prevailing party, *id.* at 477—as, instead, a statement of law that a party need only sustain a single claim to prevail. Doing so would strip district courts of the discretion Rule 54(d)(1) and *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996), *as amended* (9th Cir. 1997), expressly preserve for mixed judgments like this one, and which Plaintiffs do not contest. *See* Opp. at 2 & n.1.

Further, *K-2 Ski* in many ways involved the opposite situation to the one before the Court here. There, a plaintiff brought a case for infringement of 12 alleged trade secrets. Although the plaintiff in the end proved only that two of the 12 were infringed trade secrets, it still obtained the core relief it requested: disabling the defendant from building a competing product by obtaining first a preliminary injunction, and then a permanent injunction.[1] 506 F.2d at 473–75. Further, the only cost item at issue was whether K-2 was entitled to an order taxing the special master's fees as costs. *Id.* at 476. This is a far cry from the case at hand, in which Plaintiffs received no injunction, and further sought over $31 billion in damages and received a small fraction of it.

[1] The Ninth Circuit instructed the trial court to consider whether the length of the preliminary injunction had sufficiently deprived the defendant of the benefits of the trade secret, such that the permanent injunction was unnecessary. *K-2 Ski*, 506 F.2d at 474–75.

Here, Plaintiffs brought a bevy of theories and succeeded on just one (as the two claims on which they obtained a verdict had essentially the same elements). They largely failed to obtain the core relief they requested: they did *not* obtain the injunctive relief they sought, did *not* obtain the disgorgement they requested, they did *not* obtain punitive damages; and they recovered compensatory damages equal to only 1.4% of what they told the jury Google owed them. And Plaintiffs seek not just a specific set of costs tailored to the theory on which they won, but rather a broad spectrum of costs for a case in which they received a fraction of what they wanted.

This approach is contrary not only to *K-2* but also to another case that Plaintiffs cite in making a strange suggestion that because Google did not seek to tax costs—consistent with its position that the parties should bear their own costs—the Court should not consider the limited scope of what Plaintiffs prevailed on. *See* Opp. at 3 ("Courts have sometimes 'award[ed] costs to each party with respect to the claims on which they prevailed, then net[ted] those sums to arrive at the final figure' that will be taxed.") (quoting *Williams v. Gaye*, 895 F.3d 1106, 1133 (9th Cir. 2018)). But *Williams* was expressly endorsing a Federal Circuit rule that a district court may reduce the prevailing party's cost award "to reflect the extent of [its] victory"—in that case, which involved counterclaims, by netting out costs. *Id.* at 1133 (quoting *Shum v. Intel Corp.*, 629 F.3d 1360, 1364, 1370 (Fed. Cir. 2010)).

**2. *Farrar* Confirms, Rather than Refutes, Google's Position.**

Plaintiffs quote *Farrar v. Hobby* for the proposition that a party "prevails" when relief "materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Opp. at 2 (quoting 506 U.S. at 111–12). But *Farrar* denied the relief the plaintiff sought: the Supreme Court held that a plaintiff who was awarded nominal damages of one dollar—after seeking $17 million—was only a "prevailing party" in a technical sense insufficient to support any fee award at all, because "the awards of nominal damages . . . do not require an expenditure of substantial time." 506 U.S. at 115.

*Farrar* accordingly supports exactly the point Google makes: even where a plaintiff wins a favorable judgment, courts can and should consider whether the size of that judgment—relative to what was sought—reflects a material, substantive victory, or a partial one that does not justify

shifting the entire weight of the litigation's expense onto the party on the other side of the judgment. Just as "the awarding of nominal damages also highlights the plaintiff's failure to prove actual, compensable injury," 506 U.S. at 115, here, the size of the verdict relative to what Plaintiffs sought to prove to the jury indicates that Plaintiffs' costs should not be transferred to Google under *Farrar*.

#### 3. *Ridgeway* Involved a Full Recovery on the Claims Tried—Not a 1.4% Fraction of the Relief Sought.

*Ridgeway v. Wal-Mart Stores Inc.*—which is the only district court exemplar to which Plaintiffs point the Court—is no more help to Plaintiffs. There, the plaintiffs sued on a single minimum-wage theory, went to trial on eleven specific tasks under that theory, and the jury found in their favor on four of those eleven tasks—awarding the class the full damages calculated by its own expert witness for each of the tasks on which it prevailed, for a combined recovery, with restitution, of $60.8 million. 269 F. Supp. 3d at 981–82. The court's observation that the plaintiffs need not have "carr[ied] all of their claims through to trial" to recover costs, *id.* at 1001, addressed a single wage-and-hour claim litigated to a full and favorable damages verdict on the theory actually tried—and where the plaintiffs recovered "just above 75 percent of what they sought from the jury" and where each class member "on average will recover $70,000.00 each." 269 F. Supp. 3d at 997. That is a far cry from a case, like here, where the plaintiffs asked a jury for $31.15 billion and the Court for an injunction and disgorgement order worth billions more, but recovered less than 1.5% of that combined demand, and delivered a gross result of $4.30 per class member.

Further, *Ridgeway* certainly does not purport to displace the mixed-judgment discretion preserved by *Amarel* and *Association of Mexican-American Educators*, 231 F.3d 572, 591–92 (9th Cir. 2000), and nothing in *Ridgeway* suggests that a court abuses its discretion by declining to award costs where (unlike in *Ridgeway*) the plaintiffs' recovery is a small fraction of a far larger demand across claims for fundamentally different relief.

### B. A Verdict of $4.30 Per Class Member—With Disgorgement and an Injunction Denied—Is Not "Substantial" Relief for Prevailing-Party Purposes.

Plaintiffs repeatedly describe their verdict as "substantial" but never engage with the underlying numbers—i.e., that they told the jury they were entitled to $31.15 billion in actual damages, plus punitive damages on top of that, and separately asked the Court for $2.36 billion in

disgorgement and a permanent injunction. On a per-class-member basis, Plaintiffs sought approximately $341.96 per class member and recovered approximately $4.30 per class member before fees and costs, an amount that shrinks to approximately $3 per class member once the Court's fee award is subtracted. Calling this "the largest jury award against Google in history," Opp. at 1; *see also* Opp. at 3, does not change what it represents relative to the case Plaintiffs actually brought and tried: a fraction of the compensatory relief sought, with none of the punitive damages, disgorgement, or injunctive relief that Plaintiffs told the jury and the Court were necessary. Google does not dispute that $425.7 million is a large number in the abstract; the point, which Plaintiffs do not answer, is that prevailing-party and costs analysis calls for a relative analysis of what a plaintiff sought versus what it achieved, not whether the raw dollar figure is impressive when detached from the demand and the remedies denied.

## III. CONCLUSION

For the reasons above and in Google's motion, there is no prevailing party in this case for purposes of Rule 54(d)(1): Google defeated five of Plaintiffs' seven claims, Plaintiffs recovered only 1.4% of the $31.15 billion in damages they sought, and Plaintiffs obtained neither punitive damages, disgorgement nor injunctive relief. None of the authority in Plaintiffs' opposition—*K-2 Ski*, *Farrar*, *Ridgeway*, or *Williams*—requires or even supports a contrary result. The Court should grant Google's motion, and, in reviewing Plaintiffs' bill of costs under Rule 54, strike it in full and order that each side bear its own costs.

Dated: October 1, 2026

Respectfully submitted,

COOLEY LLP

By: */s/ Benedict Y. Hur*
Michael A. Attanasio
Benedict Y. Hur
Simona Agnolucci
Eduardo E. Santacana
Jonathan Patchen
Argemira Flórez
Harris Mateen
Isabella McKinley Corbo
Naiara Toker
Thilini Chandrasekera
Chelsea Hu
Michael Morizono

*Attorneys for Defendant Google LLC*