United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANIBAL RODRIGUEZ, et al.,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No. 20-cv-04688-RS

**ORDER DENYING DEFENDANT'S MOTION TO REVIEW AND STRIKE PLAINTIFF'S BILL OF COSTS**

## I. INTRODUCTION

In July 2020, Plaintiffs filed their initial complaint against Defendant Google, alleging various federal and state privacy violations deriving from Google's collection of user data. Six years later, a jury found Google liable on two of Plaintiffs' claims, and final judgment was entered awarding the class $425 million. Plaintiffs filed their bill of costs, and after adjustments, a total of $152,654.00 was taxed against Google. Now, Google moves to strike that bill of costs, arguing it achieved a mixed result by knocking out some of Plaintiffs' claims and limiting their recovery to a mere 1.4 percent of their desired damages. Plaintiffs counter that they are nevertheless entitled to costs because they succeeded in achieving the largest jury verdict ever awarded against Google and in forcing the company to change its disclosures to better inform users. Plaintiffs have the better of this argument, so Google's motion is denied.

## II. LEGAL STANDARD

In general, a prevailing party is presumptively entitled to litigation costs unless the losing

party shows why a court should exercise its discretion to rule otherwise. F.R. Civ. P. 54(d)(1); *Draper v. Rosario*, 836 F.3d 1072, 1088 (9th Cir. 2016). Under Ninth Circuit law, "a district court must 'specify reasons' for its refusal to award costs." *Association of Mexican-American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). Put differently, the court must explain why the case is "not 'ordinary,' and why, in the circumstances, it would be inappropriate or inequitable to award costs." *Id.* at 593.

**III. DISCUSSION**

Google argues that a discretionary denial of costs is appropriate here because Plaintiffs were only partially successful, resulting in what it asserts is a "mixed judgment." Specifically, Google points to the facts that Plaintiffs only succeeded on two of their seven claims and ultimately received only a small fraction of the damages they sought. However, the cases on which Google relies are largely inapposite here, and the facts do not warrant its desired outcome.

On the first point—the number or ratio of successful claims—Google points to a pair of cases, but neither is apt here. In *Klune v. Palo Verde Health Care District*, the Ninth Circuit, reviewing for abuse of discretion, affirmed the district court's denial of costs to a plaintiff who succeeded on a breach of contract claim but failed on the gravamen of his complaint, which focused on claims under § 1983. 761 F. App'x. 751, 755-56 (9th Cir. 2019). Likewise, in *Postx Corp v. Secure Data in Motion, Inc.*, the district court denied costs to a plaintiff who succeeded on a claim that was "not even added until . . . after nearly two years of hard-fought litigation," and as such was "not even a focus of this case for a significant period of time." No. C 02-04483, 2026 WL 2067080, at *2 (N.D. Cal. 2006). Here, by contrast, Plaintiffs' successful privacy claims were the core of the litigation, from the first complaint through final judgment. There is no requirement that a plaintiff win a particular number or proportion of their claims to be considered a prevailing party. Indeed, the Ninth Circuit has said just the opposite. *K-2 Ski Co. v. Head Ski Co., Inc.*, 506 F.2d 471, 477 (9th Cir. 1977) ("Although a plaintiff may not sustain his entire claim, if judgment is rendered for him he is the prevailing party.") (citation omitted). This ground is therefore not sufficient to sustain Google's objection to awarding costs.

On the second point, Google argues similarly that Plaintiffs should not be entitled to costs because they won only a small fraction of the remedies they sought. Google relies on several cases in which plaintiffs recovered only nominal damages and were denied costs. *See e.g., Makreas v. First Nat'l Bank of N. Cal.*, No. 11-cv-02234, 2014 WL 2582027, at *9 (N.D. Cal. June 9, 2014) (ordering each party to bear its own costs where plaintiff recovered only $5,500 despite seeking over $1 million in damages). However, Google acknowledges the "substantial" size of the verdict here; it makes little difference that individual recoveries are small when that award is divided among the many class members affected by the conduct for which Google was found liable. Although Google is correct that a district court *may* consider the partial nature of a party's victory in deciding whether to grant or deny costs, it fails to establish that such an outcome is appropriate here. The substantial jury verdict in Plaintiffs' favor puts this case well within the realm of "ordinary" cases in which the party that received judgment in its favor is the prevailing party and is entitled to costs. *See Assoc. of Mexican-American Educators*, 231 F.3d at 593. Moreover, there is sound reason to think that a significant disparity between the amount sought and the ultimate verdict is less salient where the underlying action sounds in tort or other areas of law where damages are often difficult to calculate precisely. *Cf. Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1023 (9th Cir. 2003) (approving consideration of such disparities only in contract actions, "in which damages are often more readily calculable than, for example, in tort actions"). Such uncertainties about the calculation of damages are only multiplied in class actions.

Google points to no other reasons why it would be inappropriate or inequitable to award costs to Plaintiffs, and it thus cannot rebut the presumption flowing from Rule 54(d)(1).

## IV. CONCLUSION

For the foregoing reasons, Google's motion to strike Plaintiffs' bill of costs is **DENIED.**

**IT IS SO ORDERED**.

Dated: October 2, 2026



RICHARD SEEBORG
United States District Judge