**BOIES SCHILLER FLEXNER LLP**
David Boies (admitted pro hac vice)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com

Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com
brichardson@bsfllp.com

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)
100 SE 2nd St., 28th Floor
Miami, FL 33131
Tel.: (305) 539-8400
jlee@bsfllp.com
rbaeza@bsfllp.com

Alison L. Anderson, CA Bar No. 275334
M. Logan Wright, CA Bar No. 349004
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Tel.: (213) 995-5720
alanderson@bsfllp.com
mwright@bsfllp.com

**SUSMAN GODFREY L.L.P.**
Bill Carmody (admitted pro hac vice)
Shawn J. Rabin (admitted pro hac vice)
Steven M. Shepard (admitted pro hac vice)
Alexander Frawley (admitted pro hac vice)
Ryan Sila (admitted pro hac vice)
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com
rsila@susmangodfrey.com

Amanda K. Bonn, CA Bar No. 270891
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100
abonn@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Michael F. Ram, CA Bar No. 104805
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
mram@forthepeople.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

ANIBAL RODRIGUEZ, JULIAN SANTIAGO, and SUSAN LYNN HARVEY, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

GOOGLE LLC,

Defendant.

Case No.: 3:20-cv-04688-RS

**PLAINTIFFS' BRIEF IN RESPONSE TO ARESENIO WASHINGTON'S MOTION FOR LATE EXCLUSION (OPT-OUT) FROM THE CLASS ACTION**

The Honorable Richard Seeborg
Courtroom 12 – 19th Floor

## INTRODUCTION

Arsenio Washington's request to opt out from the certified classes (Dkt. 969, the "Motion" or "Mot.") is untimely and should be denied. The deadline to opt out was February 20, 2025, following completion of the court-approved notice program. Dkt. 440. While Mr. Washington's circumstances are unfortunate (Mot. at 28), he was admittedly on notice of this litigation as early as May 2026 (Mot. at 5), making his request for exclusion approximately fifteen months late and therefore still untimely.

The Court previously issued a well-reasoned denial of other untimely requests for exclusion. Dkt. 1002 (denying Dkts. 880, 976). The Court recently issued another order tied to a request for reconsideration. Dkt. 1042 at 3–5 (applying the factors from *Silber v. Mabon*, discussed *infra*). In those two orders, the Court ruled and confirmed that there was no basis for any requests for exclusion after the February 20, 2025 deadline. *See* Dkt. 1002 at 1; Dkt. 1042 at 2.

Plaintiffs respectfully request that the Court reach the same result here with respect to Mr. Washington. The Ninth Circuit's controlling standard for evaluating late opt-out requests was established in *Silber v. Mabon*, 18 F.3d 1449, 1455 (9th Cir. 1994). Consistent with the Court's prior rulings, the relevant *Silber* factors favor the denial of Mr. Washington's motion.

## ARGUMENT

None of Mr. Washington's arguments establish any basis to excuse him from the deadlines or exclude him from the certified classes, and his motion should be denied for many of the same reasons the Court denied the requests by Messrs. Mayes (Dkt. 880) and Johnson (Dkt. 976).

**The notice program complied with the best practicable notice procedures.**[1] The first *Silber* factor favors denial of the Motion. The Court has already ruled that the notice program complied with the best practicable notice procedures. *See*, *e.g.*, Dkt. 1002.

[1] Mr. Washington argues that the notice administrator is a fiduciary appointed by the Court and "under contract with Class Counsel and paid by [Google] to execute the plan honestly." Mot. at 5. Class Counsel—not Google—advanced nearly $2 million in costs associated with not only the first notice plan following class certification, but also a second notice plan for their requested fees, costs, and service awards. Dkt. 739-3 at ¶ 82. Class Counsel and the Court oversaw the implementation of the notice program, and there is nothing in the record to suggest that plan was not executed "honestly." Indeed, Mr. Washington acknowledged that the notice administrator "act[ed] in good faith" in executing the notice program. Mot. at 6.

The Court-appointed notice administrator filed four declarations in this case supporting the proposed notice plan and work done to notice the class in compliance with Due Process. Dkts. 370-1 (plan to notify class members of class certification); 395-3 (amended plan to notify class members of class certification); 465 (confirming successful completion of notification of class certification); and 468 (updated administration of exclusion requests). Further, the notice administrator did exactly what Mr. Washington demands (Mot. at 4–5): the notice administrator made not one, but at least two additional attempts to re-notice any email account that resulted in a "bounce" back. Dkt. 465 at ¶ 24. The notice program complied with Rule 23(c)(2)(B) and constitutional Due Process. Dkt. 1002.

Mr. Washington asserts that "Google compromised the integrity of the court's notice plan by supplying a database of accounts they knew were experiencing structural deactivation errors" and that Google committed "[f]raud on the Court" by "providing a corrupted or inactive database" (Mot. at 4), but these assertions appear to be premised solely on his assertion that he did not receive notice for some (but not all) accounts. That does not establish the existence of any misconduct. The fact that a class member did not receive notice at one or more email addresses is not evidence of misconduct or a valid reason to now find that the notice program was deficient. As the Court previously ruled, that "individuals [like Mr. Washington] did not receive actual notice does not mean the process used was not 'the best notice that [was] practicable under the circumstances.'" Dkt. 1002 at 1.

**Any delay in receiving the notice was caused by unique circumstances.** The second and third *Silber* factors also support denial of the Motion. While those circumstances are unfortunate, Mr. Washington's Motion makes it clear that circumstances unique to his personal life and situation resulted in him not reviewing the notice until May 2026. Mot. at 5. Mr. Washington admitted that prior notices were attempted to be delivered to email addresses that he either deactivated or were inactive. Mot. at 5. Mr. Washington also explains how he did not have access to email because of business troubles, incarceration, and unstable residency. Mot. at 5–7. The notice program, however, was not strictly delivered via email. The notice program also included: (1) targeted digital advertising; (2) social media campaigns; (3) sponsored search listings; and (4)

a case website. Dkt. 465 at ¶¶ 26–39. These resulted in more than 178 million impressions that further augmented the direct notice program. *Id.* at ¶ 35. While Class Counsel regret that Mr. Washington endured these difficult life experiences, any delay in Mr. Washington receiving notice is not attributable to any purported deficiency with the notice program.

**Mr. Washington waited more than two months to submit his opt-out request.** The fourth *Silber* factor also supports denial of the Motion. Mr. Washington admits he became aware of this case in May 2026. Mot. at 5. His Motion was not filed until late July (dated July 22; filed July 28, 2026). *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 895 F.3d 597 (9th Cir. 2018) is instructive. There, a class member received notice on August 7, 2016, and the opt-out deadline was September 16, 2016. *Id.* at 617–18. On September 30, 2016, the class member discovered that she had not submitted an opt-out, and the class member then waited until October 17, 2016—one month after the opt-out deadline—to submit her belated opt out request. *Id.* The district court denied the belated opt-out request, and the Ninth Circuit affirmed that denial on appeal. Mr. Washington's two-month delay (which is already more than a year after the exclusion deadline) is not excusable neglect under these circumstances. *Compare Facciola v. Greenburg Traurig LLP*, 2012 WL 12827046 (D. Az. Aug. 31, 2012) (granting opt-out request submitted eight days after the exclusion deadline).

**The number of individuals seeking exclusion from the classes is neutral.** The fifth *Silber* factor—the number of individuals seeking opt out—is arguably neutral, but Class Counsel do acknowledge that the Court previously found it favors the class member seeking late exclusion. Dkt. 1042 at 6. In *Silber*, the Ninth Circuit discussed this factor in the context of a settlement and whether the number of individuals requesting opt-out would trigger any "blow out" provision that would unwind the settlement. 18 F.3d at 1455. Here, there is no settlement, and thus the number of individuals seeking exclusion is arguably neutral.

**Exclusion would not affect the judgment.** For the sixth *Silber* factor—how granting the opt-out would affect the judgment—based on the allegations Mr. Washington includes in his motion, it appears that the judgment in this case would not be disturbed whether or not Mr.

Washington's request is granted. However, this issue is best left to any argument Google might advance in opposition to Mr. Washington's requested relief.

In general, a final judgment bars claims asserted by the same parties, based on the same set of facts. *See Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1077–78 (9th Cir. 2003) (res judicata applies to a final judgment on the merits if there is "privity between parties" and the claims are "based on the same nucleus of facts"). And a class judgment on common claims does not necessarily bar absent class members from later asserting individual claims relating to the same transaction and occurrence. *See Cooper v. Fed. Res. Bank of Richmond*, 467 U.S. 867, 880 (1984) (holding that a prior judgment against a class of plaintiffs asserting that the defendant had a pattern and practice of discrimination did not bar class members from asserting in a later lawsuit that they specifically had been the subject of discrimination).

At this time, Class Counsel cannot fully determine the extent to which any of Mr. Washington's claims are based on the set of facts resolved in this case. Mr. Washington has represented that his claims "involve distinct, severe, and independent causes of action—including corporate espionage, intentional interception of proprietary personal and business correspondence, and civil rights violations under color of law." Mot. at 7. Mr. Washington states that these causes of action "vastly exceed the technical data-tracking parameters of the certified class" and his "extraordinary, unique damages . . . dwarf the rest of the class." Mot. at 7. Mr. Washington appears to describe some of these causes of action and damages later in his submission, including denials of SNAP and medical benefits, disability appeals, and impacts to his businesses. Mot. at 19–31.

These do not appear related to Google practice of collecting, saving, and using sWAA-off app activity data, but even if they are, the judgment may not resolve this distinct and individual claims. *Cooper*, 467 U.S. at 873, 880; *see also Wit v. United Behavior Health*, 2017 WL 930776, at *5 (N.D. Cal. Mar. 9, 2017) ("[U]nder the doctrine of res judicata adjudication of claims that are common to a class does not preclude subsequent litigation of individual claims that were not pursued by the class.").

**Good faith.** Finally, this Court has considered "[w]hether the movant acted in good faith." Dkt. 1042 at 7 (citing *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223–24 (9th Cir. 2000)).

Like with Mr. Mayes (Dkt. 880), Plaintiffs have no reason to doubt that Mr. Washington has acted in good faith, but that alone is insufficient and the remaining factors support denial of his Motion. *See* Dkt. 1042 at 7 (finding that "good faith alone is not sufficient grounds to grant the relief [that movant] seeks") (citing *A.B. v. Regents of Univ. of Cal.*, 2021 WL 5194639, at *3 (C.D. Cal. Oct. 3, 2021) ("While each Movant may have acted in good faith, their good faith alone does not make their neglect excusable.")).

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully submit that Mr. Washington's motion for late exclusion should be denied.

Dated: November 12, 2026

Respectfully submitted,

By: <u>*/s/ John A. Yanchunis*</u>

John A. Yanchunis (*pro hac vice*)
jyanchunis@forthepeople.com
Ryan J. McGee (*pro hac vice*)
rmcgee@forthepeople.com
Michael F. Ram (CA Bar No. 104805)
mram@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4736

Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Beko Reblitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6858
Facsimile: (415) 999-9695

David Boies (admitted *pro hac vice*)
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200

James Lee (admitted *pro hac vice*)
jlee@bsfllp.com
Rossana Baeza (admitted *pro hac vice*)
rbaeza@bsfllp.com
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Alison L. Anderson, CA Bar No. 275334
alanderson@bsfllp.com
M. Logan Wright, CA Bar No. 349004
mwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Telephone: (813) 482-4814

Bill Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com
Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
Ryan Sila (*pro hac vice*)
rsila@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330

Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100

*Attorneys for Plaintiffs*